ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS



FILED
JAN 9 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br><br> ——————————— <br><br> THIS DOCUMENT RELATES TO: ALL ACTIONS | MDL No. 1715 <br><br> (Centralized before the Honorable Marvin E. Aspen)  05 C 7097 |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPOINT INTERIM CLASS COUNSEL FOR MDL PLAINTIFFS PURSUANT TO FED. R. CIV. P. 23(g)

Plaintiffs Cheryl Williams, Duval Naughton, Isabelle M. Murphy, David R. Murphy, Lynn Gay, David M. Wakefield, Janet Wakefield, Adolph Peter Kurt Burggraff, and Latonya Williams (hereinafter, "Original MDL Petitioners")[1], on behalf of themselves and all others similarly situated, respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Appoint Interim Class Counsel Pursuant to Fed.R.Civ.P. 23(g).

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, "the Court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(2)(A). To effect the speedy and efficient administration of this action, Plaintiff respectfully requests the appointment of Lieff, Cabraser,

---

[1] These Plaintiffs constitute the Plaintiffs from five of the six actions originally subject to the MDL Petition filed by Petitioners Cheryl Williams and Duval Naughton, as follows: Williams v. Ameriquest Mortgage Company, Case No. 05-CV-6189 (S.D.N.Y.); Burggraff v. Ameriquest Capital Corporation, Case No. 2:04-cv-09715-MMM-Mc (C.D. Cal.); Murphy v. Ameriquest Mortgage Company, Case No. 1:04-cv-12651-RWZ (D. Mass.); and Williams v. Ameriquest Mortgage Company, Case No. 8:05-cv-01036-EAK-EAJ (M.D. Fla.). Plaintiffs in the action Knox v. Ameriquest Mortgage Company, Case No. 3:05-cv-00240-SC (N.D. Cal.) are considering whether they will join in this Motion.

Heimann & Bernstein, LLP; Roddy, Grant & Ryan, and James, Hoyer, Newcomer & Smiljanich, P.A. ("Proposed Interim Class Counsel") as interim class counsel. The Proposed Interim Class Counsel include three nationally recognized law firms specializing in class actions.

Proposed Interim Class Counsel will fairly and adequately represent the class. Proposed Interim Class Counsel have extensive experience representing plaintiffs in consumer fraud class actions, including those involving mortgage loan servicing, and have significant knowledge of the applicable law. The resources Proposed Interim Class Counsel will commit to representing the class and the efforts they have already expended in identifying and investigating potential claims in this action are substantial. Accordingly, appointment of Proposed Interim Class Counsel as interim class counsel is appropriate. *See* Fed.R.Civ.P. 23(g)(1)(C) (listing factors).

## II. ARGUMENT

Pursuant to Rule 23(g), "the court may designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(2)(A). Rule 23(g) has only been in effect since December 1, 2003. Courts interpreting Rule 23(g) to date have relied primarily the Advisory Committee notes related thereto, and found that "the primary responsibility of class counsel, resulting from appointment as such, is to represent the best interests of the class." *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 2004 WL 187332 at *38 (M.D. Tenn. 2004); *see also In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 2003 WL 23014386 (M.D.N.C. 2003). *See also* Fed.R.Civ.P. 23(g)(1)(B) ("An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.").

In appointing class counsel under Rule 23(g), the court:

(i) must consider:

- the work counsel has done in identifying or investigating potential claims in the action,

497011.1 - 2 -

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO APPOINT INTERIM CLASS COUNSEL FOR MDL PLAINTIFFS PURSUANT TO FED. R. CIV. P. 23(G)

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel will commit to representing the class;

(ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . .

Fed.R.Civ.P. 23(g)(1)(B). Because Proposed Interim Class Counsel satisfy all of the requirements of Rule 23(g), the motion should be granted.

### A. Proposed Interim Class Counsel Will Fairly and Adequately Represent the Interests of the Class.

As courts evaluating the adequacy of representation requirement at the class certification stage have repeatedly held, a class is fairly and adequately represented where counsel are qualified, experienced, and generally able to conduct the litigation on its behalf. *See, e.g., In re Agent Orange Product Liab. Litig.*, 996 F.2d 1425, 1435 (2d. Cir. 1993); *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy requirement where they are able to prosecute the action vigorously). Where, as here, proposed class counsel "include some of the most experienced lawyers in the United States in the prosecution of . . . class actions" and demonstrate that they are "ready, willing and able to commit the resources necessary to litigate the case vigorously," the adequacy requirement is satisfied. *In re NASDAQ*, 169 F.R.D. at 515.

With almost 70 attorneys, over 150 staff, and a track record spanning three decades, the Lieff, Cabraser firm is one of the oldest, largest, most experienced, and most successful law firms in the country specializing in the prosecution of consumer class actions, and has served as court-appointed lead or co-lead counsel in innumerable such cases.[2] *See generally* Declaration

---

[2] The class action cases in which Lieff Cabraser has served as court-appointed lead or co-lead counsel are too numerous to list here, and include, for example, the following consumer fraud cases: *In re Providian Credit Card Terms Litig.*, MDL No. 1301 (E.D. Pa.), and *Providian*

of Kelly M. Dermody filed herewith ("Dermody Decl."), Exhibit A (firm résumé). Similarly, the James Hoyer firm has a long and distinguished record of success litigating consumer class actions and serving as court-appointed lead or co-lead counsel. *See* Declaration of Terry Smiljanich ("Smiljanich Decl."), Exhibit A (firm résumé). In addition, the law firm of Roddy, Klein & Ryan specializes in the representation of consumers in individual and class actions against predatory lenders, finance companies, debt collectors and others. *See* Declaration of Gary Klein ("Klein Decl."), Exhibit A (firm résumé).[3]

Proposed Interim Class Counsel are ready, willing and able to commit the resources necessary to litigate this case vigorously. The Proposed Interim Class Counsel firms have already committed the time and efforts of 13 attorneys to the legal research, factual investigation, and prosecution of these underlying cases, and will continue to do so, keeping in mind appropriate staffing levels for each project. Accordingly, Proposed Interim Class Counsel easily satisfy the adequacy requirement of Rule 23(g).

### B. Proposed Interim Class Counsel Are Experienced In Handling Consumer Fraud Class Actions, Knowledgeable About the Applicable Law, and Prepared to Commit Considerable Resources to Representing the Class.

Proposed Interim Class Counsel, as stated above, have litigated numerous class actions

---

*Credit Card Cases*, No. JCCP 4085 (San Francisco Superior Ct.); *In re Tri-State Crematory Litigation*, MDL No. 1467 (N.D. Ga.); *Kline v. The Progressive Corporation*, Circuit No.: 02-L-6 (Johnson County Circuit Ct., Ill.); *Citigroup Loan Cases*, JCCP No. 4197 (San Francisco Superior Ct.); *In re Synthroid Marketing Litigation*, MDL No. 1182 (N.D. Ill.); *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, MDL No. 1604 (N.D. Ill.); *Curry v. Fairbanks Capital Corporation*, No. 03-10895-DPW (D. Mass.); *Reverse Mortgage Cases*, JCCP No. 4061 (San Mateo County Superior Ct., Cal.); *Fischl v. Direct Merchants Credit Card Bank, N.A.*, No. CT 00-007129 (Hennepin County District Ct., Minn.); *In re American Family Enterprises*, MDL No. 1235 (D. N.J.). *See* Dermody Decl., Exh. A.

[3] The Roddy, Klein firm has obtained several hundred million dollars in restitution and debt forgiveness for consumers by successfully asserting claims under state and federal consumer protection laws on their behalf, including: *Curry v. Fairbanks Capital Corporation*, 03-10875-DPW (D. Mass.) ($55,000,000 settlement of nationwide class action based on predatory loan servicing practices); *In re Household Lending Litigation*, Case No. C 02-1240 CW (N.D. Cal.) ($165,000,000 settlement of nationwide class action based on predatory lending practices); *Mendez v. Island Finance Corporation*, 03-1075-JAF (D. P.R.) (approved settlement of class action alleging violations of the Truth in Lending Act); *Coleman v. GMAC*, Civ. No. 3-98-0211 (M.D. Tenn.) (class action settlement in favor of nationwide class of minority consumer car buyers for violations of Equal Credit Opportunity Act). *See* Klein Decl., Exh. A.

497011.1 - 4 -

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO APPOINT INTERIM CLASS COUNSEL FOR MDL PLAINTIFFS PURSUANT TO FED. R. CIV. P. 23(G)

involving consumer fraud and unlawful mortgage loan practices, and will draw on its considerable experience and resources to zealously represent the proposed class in this litigation. As their firm résumés make clear, Proposed Interim Class Counsel have the experience necessary to successfully lead this consumer fraud class action. Proposed Interim Class Counsel attorneys have already expended considerable time and effort conducting legal and factual research, evaluating potential claims and defenses, drafting pleadings, and prosecuting the underlying cases. Proposed Interim Class Counsel are committed to devoting the resources necessary to litigate the case to a successful resolution. Accordingly, the requirements of Rule 23(g)(1)(B) are satisfied.

### III. CONCLUSION

For the foregoing reasons, Original MDL Petitioners respectfully request that the Court appoint Proposed Interim Class Counsel as interim class counsel, pursuant to Fed.R.Civ.P. 23(g)(2)(A).

Respectfully submitted,

Dated: January 6, 2006

_Kelly M. Dermody / by CB_
Kelly M. Dermody

Gary Klein
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA  021111-2810
Telephone: (617) 357-5500
Facsimile: (617) 357-5030

Kelly M. Dermody (CA Bar No. 171716)
Caryn Becker (CA Bar No. 196947)
LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Terry Smiljanich
JAMES, HOYER, NEWCOMBER
 & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Proposed Co-Lead Counsel*