## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## DEFENDANTS' STATUS CONFERENCE STATEMENT

Defendants Ameriquest Mortgage Company ("Ameriquest"), Ameriquest Capital Corporation and Argent Mortgage Company, LLC (collectively, "Defendants") submit this statement to provide a procedural and substantive background to the Court in advance of the February 7, 2006 status conference.

## I.  SUMMARY OF PROCEEDINGS

The present status conference appears to have been precipitated by a Motion for Provisional Class Certification and Motion for Preliminary Injunction (together, "Motions") filed by certain plaintiffs in three of the five cases (collectively, "Plaintiffs") that thus far have been transferred to this Court.  These Motions highlight the fact that this Multidistrict Litigation ("MDL") proceeding is in its infancy and that any substantive action should be stayed until the scope of this MDL proceeding is determined and preliminary case management issues have been resolved.

As the Court certainly is aware, on December 13, 2005, the MDL Panel ("Panel") issued an order transferring five separate class actions against one or more Defendants to this Court pursuant to 28 U.S.C. Section 1407 for coordinated or consolidated pretrial proceedings ("MDL

Transfer Order").[1]  The MDL Transfer Order is attached hereto as Exhibit 1 for ease of reference.  Shortly thereafter, the Panel identified seven other related class actions against Ameriquest and other defendants as potential "tag-along" or related actions under consideration for transfer.[2]  A copy of a facsimile received by Defendants' counsel from the Clerk of the Panel on February 1, 2006, setting forth a list of cases under consideration for inclusion in this proceeding is attached hereto as Exhibit 2.  In addition, pursuant to its obligations under the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendants have advised the Panel of an additional 54 potential "tag-along" cases which may ultimately be included in this proceeding as well.  A copy of Defendants' counsel's correspondence, excluding exhibits, identifying these potential "tag-along" cases is attached hereto as Exhibit 3.  As indicated in Exhibit 3, Defendants still are in the process of identifying additional potential "tag-along" cases and believe that a few more cases may be identified.  Plaintiffs also have designated at least one potential "tag along" case.

The Panel has not ruled, or even issued Conditional Transfer Orders, in connection with any of the potential "tag-along" cases identified by the Panel or by the parties.  Accordingly, the number and identity of the cases and issues that ultimately will be transferred to this Court is wholly uncertain at this time.

Furthermore, the Panel did not rule as to whether those actions identified in the MDL Transfer Order – let alone those under consideration for transfer – are to be consolidated or coordinated for pretrial purposes.  Rather, the MDL Transfer Order expressly provides that actions are transferred to this Court for "coordinated or consolidated pretrial proceedings," as to be determined by this Court.  [*See* Ex. 1.]  Understandably, given the unsettled scope of the MDL proceeding, the Court has not yet ruled in this regard, or otherwise resolved any case management issues.

---

[1] The five actions are: *Cheryl Williams, et al. v. Ameriquest Mortgage Company,* Southern District of New York, Case No. 1:05-6189; *La Tonya Williams, et al. v. Ameriquest Mortgage Company, et al.,* Middle District of Florida, Case No. 8:05-1036; *Isabelle M. Murphy, et al. v. Ameriquest Mortgage Company*, District of Massachusetts, Case No. 1:04-12651; *Nona Knox, et al. v. Ameriquest Mortgage Company, et al.,* Northern District of California, Case No. 3:05-240; *Adolph Peter Kurt Burggraff v. Ameriquest Capital Corp.,* Central District of California, Case No. 2:04-9715.

[2] One of the cases identified, *Jackson, et al. v. Ameriquest Mortgage Co., et al., Northern District of Illinois,* Case No. 1-05-5614, was the subject of a Motion for Relatedness that was denied by this Court. The matter was subsequently dismissed on January 20, 2006, without leave to amend.

Moreover, much of this MDL proceeding has been, or will be, resolved by the recent settlement between Ameriquest and the State Attorneys General of each of the 49 states in which Ameriquest has done business over the last six years ("AG Settlement"). The AG Settlement, which was publicly announced on January 23, 2006, resolves all claims by borrowers in the 49 states regarding the lending practices of Ameriquest and its related entities, including claims relating to the failure to provide the requisite disclosures to borrowers and the closing of loans. A copy of the official press release is attached hereto as Exhibit 4. Pursuant to the AG Settlement, $295,000,000 in restitution will be provided to borrowers who opt to participate in the settlement.[3] Each such borrower will sign a broad release of liability in exchange for a share of the restitution.

It is clear that counsel for Plaintiffs in at least some of the transferred actions are hoping to reduce participation in the AG Settlement. In fact, Defendants' counsel is informed that the firms of Lieff Cabraser Heimann & Bernstein, LLP and Roddy Klein & Ryan issued their own press release in which they expressed concern that the AG Settlement "will not resolve all claims of consumers alleged in various private actions against Ameriquest, including at least twelve (12) pending class actions." [*See* http://www.lieffcabraser.com/press_releases/ameriquest_01.htm.] This statement, however, is patently wrong. The AG Settlement will result in a release of Ameriquest for most, if not all of the claims at issue before this Court. [*See* Ex. 5 (attaching a copy of the relevant pages of the AG Settlement Agreement).]

Based on the foregoing, Defendants respectfully request that no substantive action be taken in this matter until the Panel rules on whether the potential "tag-along" cases should be included in this MDL proceeding, thereby allowing the Court to determine the scope of the claims at issue. To this end, Defendants request a continued status conference to an appropriate future date convenient to this Court's calendar.

## II.  PENDING MOTIONS

### A.  The Motions

By their Motion for Class Certification, Plaintiffs seek conditional certification of two classes of borrowers of Ameriquest who allegedly received (1) a Notice of Right to Cancel ("NORTC") in which the date of expiration of the right to cancel was left blank, or (2) an

---

[3] Pursuant to the AG Settlement, the total settlement amount is $325,000,000.

incorrect form of NORTC because their loan paid off a prior loan with Ameriquest. One of the classes purports to include all borrowers nationwide who entered into non-purchase money residential mortgage loans with Ameriquest on or after July 1, 2002 ("Class"); the other purports to be comprised of borrowers who entered into non-purchase money residential mortgage loans with Ameriquest in Massachusetts on or after November 3, 2000 ("Subclass").

Both the Class and Subclass are based on the contention that provision of an incomplete NORTC and/or a NORTC in the wrong form violates the Truth in Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA"), and entitles each borrower to an "extended" right to rescind their loan.[4] By their Motion for Preliminary Injunction, Plaintiffs seek a mandatory preliminary injunction pursuant to which a notice is sent to all class members advising them that they have, or that they might have,[5] a right to cancel their loan and a corresponding 30-day stay of any pending foreclosure sales.

To the extent that the Court sets a briefing schedule as to the Motions, Ameriquest respectfully requests 60 days to file its oppositions. Upon a brief review of the Motions, however, Ameriquest is compelled to highlight the following patent deficiencies therein:

(1)     The Motions are premature and presumptuous. The Motions were filed less than three weeks after this multidistrict litigation was established and before the Panel had a chance to rule on the "tag along" cases. Further, this Court has not yet determined the status of the cases upon transfer (*i.e.*, whether they should be consolidated or coordinated). Nevertheless, Plaintiffs and their counsel have determined, without the Court's input or order, that the transferred actions are consolidated (hence, the filing of singular Motions covering all cases), Plaintiffs' counsel should be "lead counsel" and the Court should rule on discrete class certification and injunctive relief issues before any other issue. These decisions are decisions to be made by this Court after all matters and parties are before it and not by some of the Plaintiffs and their counsel.[6]

---

[4] The Subclass also seeks relief only under TILA, and supposedly is meant to account for Massachusetts law that extends the right to rescind to four years. Massachusetts' residents, however, may not sue for rescission under TILA, but rather can only seek such relief under Massachusetts law. *See* 48 Fed. Reg. 14882, 14890 (1983) (exempting credit transactions subject to several state laws, including Massachusetts, from TILA's rescission provisions).

[5] Plaintiffs' motion is entirely unclear as to the language they are requesting be set forth in the notice.

[6] Plaintiffs offer no justifiable reason for this Court to rush to judgment on weighty issues of class certification and mandatory injunctive relief. While Plaintiffs contend in their Motion for Class Certification that "time is of the essence for class members to exercise their rights," no Plaintiff ever

(2)     The Motions improperly seek an advisory opinion of this Court. None of Plaintiffs' Complaints in the underlying cases seeks certification of the classes they seek to certify in the Motion.[7] Therefore, any ruling by the Court on the Motion would inform the parties of its thoughts as to hypothetical claims and a non-existent controversy, a result that the Constitution plainly forbids. U.S. Const., Art. 3, §2, cl. 1; *Chathas v. Local 134 Int'l Broth. of Elect. Workers,* 233 F.3d 508, 512 (7th Cir. 2000).

(3)     The relief requested by Plaintiffs is unavailable as a matter of law. This Court and other federal courts consistently have held that TILA does not permit class actions seeking rescission, whether declaratory or not. *See, e.g., James v. Home Const. Co. of Mobile, Inc.,* 621 F.2d 727, 730-31 (5th Cir. 1980); *Gibbons v. Interbank Funding Group,* 208 F.R.D. 278, 285-86 (N.D. Cal. 2002); *Jefferson v. Security Pac. Fin. Servs., Inc.,* 161 F.R.D. 63, 69 (N.D. Ill. 1995); *Nelson v. United Credit Plan, Inc.,* 77 F.R.D. 54, 58 (E.D. La. 1978); *Murry v. America's Mortg. Banc, Inc.,* No. 03 C 5811, 03 C 6186, 2005 WL 1323364, at *10-11 (N.D. Ill. May 5, 2005).

(4)     Class certification is inappropriate because resolution of Plaintiffs' claims on a class basis will require the Court to analyze in detail each class member's transaction with Ameriquest. Among other things, the Court will have to determine whether each class member even has standing to pursue a rescission claim against Ameriquest, as TILA requires a borrower to demand rescission from the lender and allow the lender twenty days to respond to the demand prior to filing suit. 15 U.S.C. §§ 1635(a) & (b); *see Jefferson v. Security Pac. Fin. Servs.,* 162 F.R.D. 123, 126 (N.D. Ill. 1995) ("[T]he notice and waiting period prescribed by Section 1635(b) must be satisfied before this Court can conclude that a class member has standing."). Similarly, the Court must reach the merits of each borrower's claim in order to determine whether the borrower is within Plaintiffs' putative classes because mere receipt of an incomplete NORTC and/or one in an incorrect form does not amount to a TILA violation. At best, it creates a case-by-case dispute of facts regarding whether, *inter alia,* each borrower: (a) was entitled to receive notice of his or her rescission rights; (b) also received a completed NORTC and/or one in the

---

sought certification of a TILA rescission class prior to transfer. Plaintiffs certainly have had sufficient time to do so. *Murphy,* for example, was filed in **December 2004**.

[7] Plaintiffs cannot amend their Complaints through the Motions. *See Auston v. Schubnell,* 116 F.3d 251, 255 (7th Cir. 1997) (holding that a complaint cannot be amended by a later-filed brief).

correct form;[8] and/or (c) otherwise received clear and conspicuous disclosure of his or her rescission rights. *See, e.g.*, *Rodash v. AIB Mortg. Co.*, 16 F.3d 1142, 1146 (11th Cir. 1994) ("determination of clear and conspicuous notice of rescission rights under TILA is intensely fact-based"); *accord Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997) (holding that judging a lender's compliance with the rescission notice provision is not mechanical and involves scrutinizing the totality of the circumstances); *see also Gibbons*, 208 F.R.D. at 287 (refusing to certify class based on purported provision of H-9 form instead of H-8 form; "The relevant inquiry is not the number on the form received by each borrower – it is whether the language in the form adequately informs the recipient of his/her rights."). These and other individual inquiries required to resolve Plaintiffs' claims on a class basis would render this action completely unmanageable.

(5)    Plaintiffs seek a disfavored ***mandatory*** injunction that will disrupt – not maintain – the status quo. *Lacassagne v. Chapuis*, 144 U.S. 119, 124 (1892); *see also, Illinois Bell Tel. Co. v. Worldcom Techs., Inc.*, 157 F.3d 500, 503 (7th Cir. 1998). An injunction cannot be used to redress a wrong that has allegedly already been committed. *Id.* Here, the parties' rights are already established – either each purported class member has a right to rescind his or her loan, or he or she does not have that right. Whether or not that right exists depends on whether or not Ameriquest ***previously*** gave a proper notice of right to rescind. While the propriety of notice will have to be tried individually as to each purported class member, nothing in the notice required by Plaintiffs will affect whether that right exists. Thus, Plaintiffs are not trying to maintain the status quo, but rather are trying to redress alleged past wrongs by sending an unspecified notice that is likely to confuse borrowers as to what their rights actually are.

(6)    Plaintiffs do not, and cannot, meet their burden of establishing a reasonable likelihood of success on the merits of the underlying claim because, *inter alia*, they: (a) fail to offer a shred of admissible evidence to support the merits of their claim, but rather submit declarations of counsel that consist of nothing more than inadmissible hearsay; and (b) even if they prevail on the merits, they cannot obtain the relief they seek since TILA does not afford the

---

[8] In the short time since receipt of the Motions, Ameriquest has determined that nearly all of the borrowers identified by Plaintiffs in their supporting papers who supposedly did not receive a properly completed NORTC actually received a fully compliant NORTC and acknowledged this fact in writing. Ameriquest provided these documents to Daniel Blinn, one of the attorneys who has submitted a declaration in support of the Motions.

remedy Plaintiffs are seeking. *See Boucher v. School Bd. of Greenfield*, 134 F.3d. 821, 823 (7th Cir. 1998) ("A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion"); *Barbecue Marx, Inc. v. 551 Ogden, Inc.*, 235 F.3d 1041, 1044 (7th Cir. 2000) ("A preliminary injunction is a very serious remedy, never to be indulged in except in a case clearly demanding it.") (citation and internal quotation marks omitted).

(7) Plaintiffs cannot establish that there is no adequate remedy at law because TILA itself offers a multitude of remedies for its violation. *See* 15 U.S.C. §§ 1635 & 1640. No irreparable harm will result in the absence of the injunction Plaintiffs seek because both TILA and each borrower's state laws provide an abundance of due process before a foreclosure sale can be held. *See id.; see also, Cal. Code Civ. Pro.* §§ 2924c & 2924f, *et seq.* (requiring at least 110-days notice of a foreclosure sale in California); *Minn. Stat.* §§ 580.03 & 580.23 (requiring at least six weeks of published notice and four weeks of notice following service in a manner that would satisfy service of a summons and complaint before a foreclosure sale can be held in Minnesota, *and* six months to redeem the loan post-sale). Finally, both the balance of hardships and public policy considerations weigh heavily in Ameriquest's favor since, among other things, the relief Plaintiffs seek will only serve to confuse borrowers as to what relief they may be entitled.

As noted above, the foregoing is only a short summary of the defects in the Motions that are apparent to Ameriquest upon a cursory review of the pleadings. The foregoing is not intended, nor should it be construed, to be a formal opposition to the Motion or a complete statement of Ameriquest's defenses to the Motions. As stated above, to the extent that the Court intends to consider the Motions, Ameriquest respectfully requests an additional 60 days to file formal oppositions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### B.    Other Motions

It appears from PACER that two motions are pending in the *Murphy* action: (1) a motion by Plaintiffs for leave to amend their complaint; and (2) a Motion by Plaintiffs to compel discovery. For the reasons set forth above, these matters also should be held in abeyance until the Panel rules on whether the potential "tag-along" cases should be included in this MDL proceeding and the Court determines whether or not to coordinate discovery among all pending cases.


DATED: February 1, 2006                    Respectfully submitted,

                                           BUCHALTER NEMER
                                           A Professional Corporation


                                           By: /s/ Bernard E. LeSage_____

                                           *Attorneys for Defendants Ameriquest Mortgage*
                                           *Company, Ameriquest Capital Corporation and*
                                           *Argent Mortgage Company*

                                           Bernard E. LeSage (California Bar No. 61870)
                                           BUCHALTER NEMER
                                           A Professional Corporation
                                           1000 Wilshire Boulevard, Suite 1500
                                           Los Angeles, CA  90017-2457
                                           Telephone: (213) 891-0700
                                           Facsimile: (213) 896-0400

**EXHIBIT 1**

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

December 13, 2005

TO INVOLVED COUNSEL

Re: MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

(See Attached Schedule A of Order)

Dear Counsel:

I am enclosing a copy of a Panel transfer order filed today in the above-captioned matter.

The Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425 (2001), and specifically, Rules 1.1, 7.4 and 7.5, refer to "tag-along" actions. Please familiarize yourself with these Rules for your future reference. With regard to Rule 7.5, you need only provide this office with a copy of the complaint which you feel qualifies as a "tag-along" action and informally request that our "tag-along" procedures be utilized to transfer the action to the transferee district. If you have any questions regarding procedures used by the Panel, please telephone this office.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
Deputy Clerk

Enclosure

JPML Form 35

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 13 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1715*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of one action each in the Central District of California, Northern District of California, Middle District of Florida, District of Massachusetts and Southern District of New York as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the Southern District of New York action for coordinated or consolidated pretrial proceedings of these actions in the Central District of California. No plaintiff opposes the motion. Plaintiff in the Central District of California action initially opposed, but now supports, the motion for transfer to that district, along with plaintiffs in a potential tag-along action pending there.[2] Plaintiffs in the Northern District of California action support the motion; if the Panel does not order centralization in the Central District of California, these plaintiffs support transfer to any centrally located district with the resources to handle this litigation. Defendants Ameriquest Mortgage Co., Ameriquest Capital Corp. and Argent Mortgage Co. (collectively Ameriquest) oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage

---

[1]  Four additional actions are pending two apiece in the Central District of California and Northern District of Illinois, and one related action each is in the Middle District of Florida and District of Minnesota. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2]  Plaintiffs in one Northern District of Illinois related action initially opposed the motion as well, but withdrew their response because moving plaintiffs submitted a pleading expressly stating that they do not seek transfer of that action.

- 2 -

transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Ameriquest opposes the motion, in part, because plaintiffs seek redress under different legal theories and purport to represent varying putative classes. We find these contentions unpersuasive. Transfer under Section 1407 does not require a complete identity, or even majority, of common factual issues as a prerequisite to transfer and has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that allows discovery with respect to any individual issues to proceed concurrently with discovery on common issues. *See, e.g., In re Insurance Brokerage Antitrust Litigation*, 360 F.Supp. 2d 1371 (J.P.M.L. 2005). Indeed, the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and/or motion tracks, to manage this litigation efficiently and to ensure that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions.

As suggested by the moving plaintiffs, the Panel initially considered transferring this litigation to the Central District of California; however, the judge assigned to the constituent action pending in that district expressed reluctance in light of her current caseload. The Panel has thus determined that the Northern District of Illinois is an appropriate transferee district for this litigation. Two actions involving the lending practices of Ameriquest are pending in this district. Also, this geographically central district will be a convenient location for a litigation already nationwide in scope.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Marvin E. Aspen for coordinated or consolidated pretrial proceedings in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

**SCHEDULE A**

MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

Central District of California

*Adolph Peter Kurt Burggraff v. Ameriquest Capital Corp., et al.*, C.A. No. 2:04-9715

Northern District of California

*Nona Knox, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 3:05-240

Middle District of Florida

*Latonya Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 8:05-1036

District of Massachusetts

*Isabelle M. Murphy, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:04-12651

Southern District of New York

*Cheryl Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:05-6189

**EXHIBIT 2**

FAX TRANSMITTAL SHEET



## *JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255
Washington, DC 20002-8004

Website: http://www.jpml.uscourts.gov

Telephone: (202) 502-2800     FAX Nº:   (202) 502-2888

| | |
|---|---|
| **Date:** | February 1, 2006     **Time:** |
| **To:** | Brandon Block |
| **From:** | Mecca S. Carter, Deputy Clerk |
| **Re:** | MDL # 1715 |
| **Notes:** | I was unable to determine whether you were charged initially. Therefore, as a courtesy you will not be charged for this Case Listing Report. If you have any questions, please feel free to give me a call. |

Number of pages transmitted (including this page) 4

Original document is being ___ *mailed* __x__ *retained in our file.*

Please call the Panel office regarding any difficulties involved in this transmission.

Thank You.

# Judicial Panel on Multidistrict Litigation - Case Listing Report

Docket: 1715 - In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation
Status: Transferred on 12/13/2005
Transferee District: ILN          Judge: Aspen, Marvin E.

Report is Ordered by District and Case #
Printed on 02/01/2006
Page 1

| Civil Action | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| **ALABAMA SOUTHERN** | | | | | | | | | |
| 1-05-78 | Mitchell, et al. v. Ameriquest Mortgage Co., et al. | DuBose | | Awaiting Info | 01/31/2006 | | | | |
| **CALIFORNIA CENTRAL** | | | | | | | | | |
| 2-04-9715 | Burggraff v. Ameriquest Capital Corp., et al. | Morrow | | Motion | 07/13/2005 | | | | |
| 2-05-1426 | Quarterman v. Ameriquest Capital Corp., et al. | Morrow | | Related Case | 08/15/2005 | | | | |
| 2-05-4982 | Morrison, et al. v. Ameriquest Mortgage Co., et al. | Otero | | Awaiting Info | 01/30/2006 | | | | |
| 8-05-285 | Brown, et al. v. Ameriquest Capital Corp., et al. | Stotler | | Related Case | 07/25/2005 | | | | |
| 8-05-907 | Van Gorp, et al. v. Ameriquest Mortgage Co., et al. | Carney | | Awaiting Info | 12/30/2005 | | | | |
| 8-05-1117 | Julitrat v. Ameriquest Mortgage Co. | Carter | | Awaiting Info | 01/30/2006 | | | | |
| **CALIFORNIA NORTHERN** | | | | | | | | | |
| 3-05-240 | Knox, et al. v. Ameriquest Mortgage Co., et al. | Conti | | Motion | 07/13/2005 | 2005-7100 | Transfer | 12/13/2005 | |
| 5-05-2905 | Medina v. Argent Mortgage Co., et al. | Seeborg | | Awaiting Info | 01/31/2006 | | | | |
| **CONNECTICUT** | | | | | | | | | |
| 3-05-452 | Bailey, et al. v. Ameriquest Mortgage Co. | Droney | | Awaiting Info | 01/26/2006 | | | | |
| 3-05-1296 | Sievers, et al. v. Ameriquest Mortgage Co., et al. | Chatigny | | Awaiting Info | 01/31/2006 | | | | |
| 3-05-1653 | Surin v. Alpha Mortgage Lending, LLC, et al. | Chatigny | | Awaiting Info | 01/31/2006 | | | | |
| **FLORIDA MIDDLE** | | | | | | | | | |
| 3-04-1296 | Barber, et al. v. Ameriquest Capital Corp., et al. | Corrigan | | Related Case | 08/02/2005 | | | | |
| 8-05-1036 | Williams, et al. v. Ameriquest Mortgage Co. | Kovachevich | | Motion | 07/13/2005 | 2005-7098 | Transfer | 12/13/2005 | |
| 8-05-1849 | Ungar v. Ameriquest Mortgage Co. | Whitemore | | Awaiting Info | 01/31/2006 | | | | |
| **FLORIDA SOUTHERN** | | | | | | | | | |
| 1-05-21103 | Almaguer v. Argent Mortgage Co., LLC, et al. | Jordan | | Awaiting Info | 01/25/2006 | | | | |
| **GEORGIA MIDDLE** | | | | | | | | | |
| 1-05-107 | Campbell v. Johnnie Ross, et al. | Sands | | Awaiting Info | 01/31/2006 | | | | |
| **ILLINOIS NORTHERN** | | | | | | | | | |
| 1-04-7627 | Furgeson v. Ameriquest Mortgage Co., et al. | Manning | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-389 | Hubbard v. Ameriquest Mortgage Co., et al. | Filip | | XYZ Case | 01/30/2006 | | NTN | 01/30/2006 | |
| 1-05-432 | Jones v. Ameriquest Mortgage Co. | Coar | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-648 | Smith, et al. v. Ameriquest Mortgage Co., et al. | Andersen | | XYZ Case | 01/27/2006 | | NTN | 01/27/2006 | |
| 1-05-1007 | Washington, et al. v. Ameriquest Mortgage Co., et al. | Coar | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-1009 | Jimenez, et al. v. Ameriquest Mortgage Co., et al. | Moran | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-1077 | Key v. Ameriquest Mortgage Co. | Andersen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-1078 | Treadwell, et al. v. Ameriquest Mortgage Co. | Gettleman | | XYZ Case | 01/27/2006 | | NTN | 01/27/2006 | |
| 1-05-1080 | Talley, et al. v. Ameriquest Mortgage Co., et al. | Darrah | | XYZ Case | 01/27/2006 | | NTN | 01/27/2006 | |
| 1-05-1218 | Murray, et al. v. Ameriquest Mortgage Co. | Andersen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-1402 | Wantepsy, et al. v. Ameriquest Mortgage Co., et al. | Nordberg | | XYZ Case | 01/27/2006 | | NTN | 01/27/2006 | |
| 1-05-5976 | Mills v. Ameriquest Mortgage Co., et al. | Leinenweber | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |

*(Docket 1,715 Case Listing Cont'd)*

| Civil Action | Short Caption | Judge | CTO | Initiation | -Date | Transferee Civil # | Disposition | -Date | Termination -Date |
|---|---|---|---|---|---|---|---|---|---|
| 1-05-4162 | Salazar, et al. v. Ameriquest Mortgage Co. | Guzman | | XYZ Case | 01/27/2006 | | NTN | | |
| 1-05-4644 | Luechtec, et al. v. Ameriquest Mortgage Co., et al. | Nordberg | | XYZ Case | 01/26/2006 | | NTN | | |
| 1-05-4696 | Zarate v. Ameriquest Mortgage Co., et al. | Conlon | | XYZ Case | 01/30/2006 | | NTN | | |
| 1-05-4709 | Lemmons v. Ameriquest Mortgage Co., et al. | St. Eve | | XYZ Case | 01/26/2006 | | NTN | | |
| 1-05-4723 | Brown v. Ameriquest Mortgage Co., et al. | Coar | | XYZ Case | 01/26/2006 | | NTN | | |
| 1-05-5024 | Payne v. Ameriquest Mortgage Co., et al. | Lindberg | | XYZ Case | 01/26/2006 | | NTN | | |
| 1-05-5033 | Doolittle, et al. v. Ameriquest Mortgage Co., et al. | Bucklo | | XYZ Case | 01/26/2006 | | NTN | | |
| 1-05-5035 | Primtak, et al. v. Ameriquest Mortgage Co., et al. | Guzman | | XYZ Case | 01/27/2006 | | NTN | | |
| 1-05-5111 | Brown, et al. v. Ameriquest Mortgage Co., et al. | Kennelly | | XYZ Case | 01/26/2006 | | NTN | | |
| 1-05-5911 | Holzmeister v. Ameriquest Mortgage Co., et al. | Norgle | | XYZ Case | 01/26/2006 | | NTN | | |
| 1-05-6172 | Percy v. Ameriquest Mortgage Co., et al. | Moran | | XYZ Case | 01/26/2006 | | NTN | | |
| 1-05-6317 | Polydoros, et al. v. Town & Country Credit Corp., et al. | Zagel | | XYZ Case | 01/27/2006 | | NTN | | |
| 1-05-6808 | Buckner v. Ameriquest Mortgage Co., et al. | Gottschall | | XYZ Case | 01/26/2006 | | NTN | | |
| **INDIANA NORTHERN** | | | | | | | | | |
| 2-05-411 | Milowski, et al. v. Ameriquest Mortgage Co., et al. | Simon | | Awaiting Info | 01/31/2006 | | | | |
| **INDIANA SOUTHERN** | | | | | | | | | |
| 1-05-1618 | Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al. | Hamilton | | Awaiting Info | 01/31/2006 | | | | |
| **LOUISIANA EASTERN** | | | | | | | | | |
| 2-05-3067 | Powell, et al. v. Ameriquest Mortgage Co. | Lemmon | | Awaiting Info | 01/31/2006 | | | | |
| **MASSACHUSETTS** | | | | | | | | | |
| 1-04-12651 | Murphy, et al. v. Ameriquest Mortgage Co. | Zobel | | Motion | 07/13/2005 | 2005-7101 | Transfer | 12/13/2005 | |
| **MINNESOTA** | | | | | | | | | |
| 0-05-589 | Doherty, et al. v. Town & Country Credit Corp. | Tunheim | | Awaiting Info | 07/26/2006 | | | | |
| 0-05-1214 | Ricci, et al. v. Ameriquest Mortgage Co. | Tunheim | | Related Case | 08/02/2005 | | | | |
| **NEW YORK EASTERN** | | | | | | | | | |
| 2-05-5987 | Madrazo v. Ameriquest Mortgage Co. | Korman | | Awaiting Info | 01/31/2006 | | | | |
| **NEW YORK SOUTHERN** | | | | | | | | | |
| 1-05-6189 | Williams, et al. v. Ameriquest Mortgage Co. | Swain | | Motion | 07/13/2005 | 2005-7102 | | 12/13/2005 | |
| **OHIO NORTHERN** | | | | | | | | | |
| 1-05-1126 | Saunders, et al. v. Ameriquest Mortgage Co., et al. | Boyko | | Awaiting Info | 01/31/2006 | | | | |
| **PENNSYLVANIA EASTERN** | | | | | | | | | |
| 2-05-1096 | Reuter, et al. v. WM Specialty Mortgages, LLC, et al. | Fullam | | Awaiting Info | 01/02/2006 | | | | |
| 2-05-4427 | D'Anthregy, et al. v. Ameriquest Mortgage Co. | Rufe | | Awaiting Info | 01/25/2006 | | | | |
| 2-05-6112 | Godwin v. Argent Mortgage Co., LLC, et al. | DuBois | | Awaiting Info | 01/30/2006 | | | | |
| **PENNSYLVANIA WESTERN** | | | | | | | | | |
| 2-05-391 | Kabacz v. Ameriquest Mortgage Co. | Standish | | Awaiting Info | 01/30/2006 | | | | |
| **RHODE ISLAND** | | | | | | | | | |
| 1-05-153 | Melendez v. Ameriquest Mortgage Co. | Smith | | Awaiting Info | 01/26/2006 | | | | |
| 1-05-527 | Pena v. Ameriquest Mortgage Co. | Smith | | Awaiting Info | 01/26/2006 | | | | |
| 1-05-528 | Dasrau v. Ameriquest Mortgage Co. | Torres | | Awaiting Info | 01/26/2006 | | | | |
| 1-05-529 | Eyre v. Ameriquest Mortgage Co. | Lisi | | Awaiting Info | 01/26/2006 | | | | |
| 1-05-530 | Parisi v. Ameriquest Mortgage Co. | Torres | | Awaiting Info | 01/26/2006 | | | | |

*(Docket 1,715 Case Listing Cont'd)*

| Civil Action | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination | - Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 1-05-531 | Frost v. Ameriquest Mortgage Co. | Smith | | Awaiting Info | 01/26/2006 | | | | | |
| 1-05-532 | Silvia v. Ameriquest Mortgage Co. | Lisi | | Awaiting Info | 01/26/2006 | | | | | |
| 1-05-533 | Creamer v. Ameriquest Mortgage Co. | Lisi | | Awaiting Info | 01/26/2006 | | | | | |
| 1-05-538 | Leclerc v. Ameriquest Mortgage Co. | Smith | | Awaiting Info | 01/30/2006 | | | | | |
| **TENNESSEE MIDDLE** | | | | | | | | | | |
| 3-05-793 | Reese v. Ameriquest Mortgage Co., et al. | Echols | | Awaiting Info | 01/31/2006 | | | | | |

**REPORT SUMMARY and FILTERS**

Docket: 1715 - Ameriquest Mortgage Co. Mortgage Lending Practices For Open Cases

There are 65 Cases on this Report.

| 25 XYZ Actions | 5 Transferred Actions |
|---|---|
| 0 Suspense Actions | 0 Terminated Actions |

**EXHIBIT 3**



BuchalterNemer
A Professional Law Corporation

1000 WILSHIRE BOULEVARD, SUITE 1500, LOS ANGELES, CALIFORNIA 90017-2457
TELEPHONE (213) 891-0700 / FAX (213) 896-0400

File Number: L7526.0683
Direct Dial Number: (213) 891-5230
Direct Facsimile Number: (213) 630-5715
E-Mail Address: *blesage@buchalter.com*

January 23, 2006

**VIA FEDERAL EXPRESS**

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-255, North Lobby
Washington, D.C. 20002-8004

> **Re:** ***In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation***
> **MDL Docket No. 1715**

Dear Clerk of the Panel:

On or about December 13, 2005, the Judicial Panel on Multidistrict Litigation (the "Panel") issued a Transfer Order, pursuant to which it granted the motion to transfer pursuant to 28 U.S.C. § 1407 (the "Motion") filed by plaintiffs in *Cheryl Williams and Duvall Naughton v. Ameriquest Mortgage Company*, Case No. 05-CV-6189 (S.D. N.Y.) ("*Williams*"). The Panel therefore ordered each identified action in the Motion transferred to the United States District Court for the Northern District of Illinois, The Honorable Marvin E. Aspen presiding (the "Transferee Court"), for pretrial proceedings.

Defendants Ameriquest Mortgage Company ("Ameriquest Mortgage"), Ameriquest Capital Corporation ("Ameriquest Capital") and Argent Mortgage Company ("Argent") (collectively, "Defendants") opposed the Motion, and by this letter, reconfirm that they do not waive, but rather expressly preserve (for all purposes, including any appeals), all arguments raised in opposition to the Motion and all objections to the Transfer Order. These arguments and objections include, without limitation, those based on Federal and State Constitutional grounds, including but not limited to Due Process and Equal Protection under the law.

Nevertheless, pursuant to Rules 1.1, 7.4 and 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "Rules") Defendants are compelled to identify the following actions as potential "Tag Along" actions as such actions are defined by the Rules.

BuchalterNemer

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
January 23, 2006
Page 2

Also pursuant to the Rules, copies of the potential "Tag Along" complaints are enclosed
herewith in folders labeled with the corresponding numbers for your convenience.

1.  *Miguel Almaguer, v. Argent Mortgage Co., et al.,* United States District Court for
    the Southern District of Florida Miami Division, Case No. 05-CV-21103
    (*"Almaguer"*)

2.  *Michele D'Ambrogi, et al., v. Ameriquest Mortgage Co.,* United States District
    Court for the Eastern District of Pennsylvania, Case No. 97CV04427
    (*"Ambrogi"*)

3.  *Wray Bailey, et al. v. Ameriquest Mortgage Co.,* United States District Court for
    the District of Connecticut, Case No. 305CV452 CFD ("*Bailey*").

4.  *Kenneth Brown, et al. v. Ameriquest Mortgage Co., et al.,* United States District
    Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-
    05111 (*"Brown"*).

5.  *Dorothy Brown, v. Ameriquest Mortgage Co., et al.,* United States District Court
    for the Northern District of Illinois Eastern Division, Case No. 05-CV-04723
    (*"Brown"*)

6.  *Jacqueline Buckner v. Ameriquest Mortgage Co., et al.,* United States District
    Court for the Northern District of Illinois Eastern Division, Case No. 05C-V-6808
    (*"Buckner"*)

7.  *Joseph F. Creamer, III, v. Ameriquest Mortgage Co.,* United States District Court
    for the District of Rhode Island, Case No. 05-CV-00533 ML DLM (*"Creamer"*)

8.  *Richard Daneau v. Ameriquest Mortgage Co.,* United States District Court for the
    District of Rhode Island, Case No. 05-CV-528 T (*"Daneau"*)

9.  *Thomas B. Doherty, et al., v. Town & Country Credit Corp.,* United States District
    Court for the Fourth Judicial District of the State of Minnesota, Case No. 05-CV-
    00589 JRT-JJG (*"Doherty"*)

10. *Edward Doolittle, et al., v. Ameriquest Mortgage Co., et al.,* United States District
    Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-
    05033 (*"Doolittle"*)

11. *Maria S. Eyre v. Ameriquest Mortgage Co.,* United States District Court for the
    District of Rhode Island, Case No. 05-CV-0529 ML-DLM (*"Eyre"*)

BuchalterNemer
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
January 23, 2006
Page 3

12.    *Karleen M. Frost v. Ameriquest Mortgage Co.,* United States District Court for
       the District of Rhode Island, Case No. 05-CV-00532 S-DLM *("Frost")*

13.    *Marie Furgeson, et al., v. Ameriquest Mortgage Co., et al.,* United States District
       Court for the Northern District of Illinois Eastern Division, Case No. 04-CV-
       07627 *("Furgeson")*

14.    *Jeanette Stokes Godwin, v. Argent Mortgage Co., et al.,* United States District
       Court for the Eastern District of Pennsylvania, Case No. 05-CV-6112 *("Godwin")*

15.    *Michael Holzmeister, v. Ameriquest Mortgage Co., et al.,* United States District
       Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-
       05911 *("Holzmeister")*

16.    *Thomas Hubbard, v. Ameriquest Mortgage Co., et al.,* United States District
       Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-
       00389 *("Hubbard")*

17.    *Nelson Jimenez, et al., v. Ameriquest Mortgage Co., et al.,* United States District
       Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-
       01009 *("Jimenez")*

18.    *Shirley Jones, v. Ameriquest Mortgage Co., et al.,* United States District Court for
       the Northern District of Illinois Eastern Division, Case No. 05-CV-00432
       *("Jones")*

19.    *Deborah Juillerat, v. Ameriquest Mortgage Co., et al.,* United States District
       Court for the Central District of California Case No. SACV05-1117 DOC (RNBx)
       (*"Juillerat"*)

20.    *Karen M. Kahrer, v. Ameriquest Mortgage Co.,* United States District Court for
       the Western District of Pennsylvania, Case No. 05-CV0391 *("Kahrer")*

21.    *Earl E. Key, v. Ameriquest Mortgage Co., et al.,* United States District Court for
       the Northern District of Illinois Eastern Division, Case No. 05-CV-1077 *("Key")*

22.    *Renee O. LeClerc, v. Ameriquest Mortgage Co.,* United States District Court for
       the District of Rhode Island, Case No. 05CV-00538 S-LDA *("LeClerc")*

23.    *James Lemmons, v. Ameriquest Mortgage Co., et al.,* United States District Court
       for the Northern District of Illinois Eastern Division, Case No. 05-CV-04709
       *("Lemmons")*

BuchalterNemer

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
January 23, 2006
Page 4

24. *Roger R. Luedtke, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-04644 *("Luedtke")*

25. *Richard A. Madrazo, v. Ameriquest Mortgage Co.,* United States District Court for the Eastern District of New York, Case No. 05-CV-03987 BRK-MLO *("Madrazo")*

26. *Juan Medina, et al. v. Argent Mortgage Company, et al.,* United States District Court for the Northern District of California Case San Jose Division, Case No., 05-02905 RS ("*Medina*")

27. *Lillian Melendez,, v. Ameriquest Mortgage Co.,* United States District Court for the District of Rhode Island, Case No. 05 CV-153 S-LDA *("Melendez")*

28. *Joseph A. Mikowski, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Indiana Hammond Division, Case No. 05-CV-00411 PPS-PRC ("*Mikowski*")

29. *Delois Mills v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-03976 *("Mills")*

30. *Valerie Lund Mitchell, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Southern District of Alabama Southern Division, Case No. 05-CV-00078 KD-B ("*Mitchell")*

31. *Maria Morrison, et al. v. Ameriquest Mortgage Co., et al.,* United States District Court for the Central District of California Case No. CV05-4982 SJO (FMOx) ("*Morrison*").

32. *Charles F. Parisi v. Ameriquest Mortgage Co.,* United States District Court for the District of Rhode Island, Case No. 05-CV-00530 T-LDA *("Parisi")*

33. *James Payne v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-05024 *("Payne")*

34. *Eddy G. Pena v. Ameriquest Mortgage Co.,* United States District Court for the District of Rhode Island, Case No. 05-CV-00527 S *("Pena")*

BuchalterNemer
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
January 23, 2006
Page 5

35. *Judy Perry v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-06172 *("Perry")*

36. *William Pintsak, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-05035 *("Pintsak")*

37. *Spyros J. Polydoros, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-06517 *("Polydoros")*

38. *John Darious Powell, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Eastern District of Louisiana, Case No. 05-CV-03067 MVL-JCW *("Powell")*

39. *Rickie Ann Reese v. Ameriquest Mortgage Co., et al.,* United States District Court for the Middle District of Tennessee, Case No. 3-05 CV-0793 *("Reese")*

40. *Scott T. Reuter, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Eastern District of Pennsylvania, Case No. 05-CV-1096 *("Reuter")*

41. *Johnnie Ross,, et al., v. Ameriquest Mortgage Co., et al.,* In the Superior Court of Dougherty County State of Georgia, Case No. 05-CV-1466-3 *("Ross")*

42. *Katrina D. Purdy-Roth, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Southern District of Indiana Indianapolis Division, Case No. 05-CV-01618 DFH-VSS *("Roth")*

43. *Sergio A. Salazar, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-04162 *("Salazar")*

44. *Pegi Saunders, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Ohio, Case No. 05-CV-01126 CAB *("Saunders")*

45. *Jerome L. Sievers, et al., v. Ameriquest Mortgage Co.,* et al., United States District Court District of Connecticut, Case No. 05-CV-01296 RNC ("Sievers")

46. *Richard J. Silvia v. Ameriquest Mortgage Co.,* United States District Court for the District of Rhode Island, Case No. 05 CV-0532 ML *("Silvia")*

BuchalterNemer
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
January 23, 2006
Page 6

47. *Eric Smith, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-00648 *("Smith")*

48. *Wetzer Surin, v. Argent Mortgage Co., et al.,* United States District Court District of Connecticut (New Haven), Case No. 05-CV-001653 RNC ("*Surin*")

49. *Terry Talley, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-01080 *("Talley")*

50. *Gilbert Treadwell, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-01078 *("Treadwell")*

51. *Steven H. Ungar v. Ameriquest Mortgage Co.,* United States District Court for the Middle District of Florida Tampa Division, Case No. 05 CV-01849 JDW-TBM *("Ungar")*

52. *Rochelle Washington, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-01007 *("Washington")*

53. *Brett Wertepny, et al., v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-01402 *("Wertepny")*

54. *Ramona Zarate, v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Illinois Eastern Division, Case No. 05-CV-04696 *("Zarate")*

Finally, Defendants are still in the process of identifying additional potential "Tag Along" actions and will supplement this letter shortly. As always, please feel free to contact me with any questions.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By *Bernie LeSage*

Bernard E. LeSage

Enclosures

**EXHIBIT 4**

# State Attorneys General
# State Financial Regulators

**News release – for release 10 a.m. Pacific time, Monday, January 23, 2006**
**(See end of release for contact persons.)**

# Ameriquest Will Pay $325 Million and Reform its Lending Practices to Resolve States' Investigations

(**Los Angeles**) – State Attorneys General and financial regulators announced today that Ameriquest Mortgage Company, the nation's largest sub-prime lender, has agreed to pay $295 million to consumers and make sweeping reforms of practices that states alleged amounted to predatory lending. Ameriquest also will pay a total of $30 million to the 49 states and D.C. that are participating in the settlement agreement for costs of the investigation and consumer education and enforcement.

The states alleged that Ameriquest engaged in unfair and deceptive practices that harmed consumers. State officials called the settlement a landmark agreement that will change Ameriquest's practices, and will set standards the states expect other mortgage lenders to follow.

The $325 million payment ranks as the second-largest state or federal consumer protection settlement in history, after the $484 million predatory lending agreement reached in 2002 between most states and Household Finance Corporation.

The states alleged that Ameriquest employees deceived consumers as part of high-pressure tactics to sell mortgage refinances. They said high-pressure sales tactics were used to reach desired sales levels and high monthly individual sales quotas.

Attorney Generals, financial regulators and California district attorneys initiated their investigation after receiving hundreds of complaints from Ameriquest customers across the country. The ensuing investigation uncovered consumer protection problems in areas governed by the settlement. The alleged improper practices included: inadequate disclosure of prepayment

penalties, discount points and other loan terms; unsolicited refinancing offers that did not adequately disclose prepayment penalties; improperly influencing and accepting inflated appraisals; and encouraging borrowers to give inaccurate income or employment information to obtain loans.

State officials said they were confident Ameriquest would fully comply with their laws and regulations in the future, noting that Ameriquest already has instituted many changes, and that the States and a monitor will be watching company practices carefully.

In the agreement, Ameriquest denies all the allegations raised by the states, but the company agreed to be bound by a battery of new standards to prevent what the states alleged were unfair and deceptive practices. The reforms include: changing how appraisals are handled; providing full disclosure regarding interest rates, discount points, prepayment penalties, and other loan or refinancing terms; and not paying sales personnel incentives to include prepayment penalties or any other fees or charges in the mortgages.

The settlement with the states includes ACC Capital Holding Corporation (the holding company), and its subsidiaries Ameriquest Mortgage Company, Town & Country Credit Corporation, and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans. The company is based in Orange, California, near Los Angeles.

Forty-nine states are parties to the settlement, with both Attorneys General and financial regulators joining the settlement. (Ameriquest was not licensed in Virginia and did no business there, so Virginia is not party to the agreement.)

Astronomical growth over the last few years has made Ameriquest the nation's largest sub-prime mortgage lender.

Ameriquest primarily makes refinancing loans to existing homeowners who are hoping to consolidate credit card and other debt into their new home mortgage and come out ahead with overall monthly savings. Borrowers who don't have the best credit ratings may turn to sub-prime loans, which often have higher interest rates and other costs.

The state officials noted that questionable practices in the sub-prime industry can be very harmful to ordinary consumers, who often have little or no economic cushion and already may be holding down two or three jobs.

### Remarks of State Attorneys General and Financial Regulators:

California Attorney General Bill Lockyer hosted a news conference in Los Angeles Monday to announce the landmark agreement. He was joined by Iowa Attorney General Tom Miller, leader of the group of states that investigated and negotiated with Ameriquest, and by Washington Atty. Gen. Rob McKenna; Barbara Kent, Director of Consumer Affairs and Financial Products for the NY State Dept. of Banking; Louisiana Atty. Gen. Charles Foti; Arizona Atty. Gen. Terry Goddard; Wisconsin Atty. Gen. Peg Lautenschlager; Alan Weinger, Acting Deputy Commissioner for

Enforcement of the California Dept. of Corporations; and Charles Cross, Director of Consumer Service of the Washington Dept. of Financial Institutions.

Iowa Attorney General Tom Miller said: "We uncovered serious problems at Ameriquest that unfairly and substantially affected their borrowers. However, now we have reached an agreement that will return hundreds of millions of dollars to consumers, and – even more important – it will reform the company's practices. Indeed, I believe this agreement will fundamentally change the company. I am grateful that Ameriquest has reached this agreement with us. This agreement also will set standards we expect others to follow in the mortgage lending industry."

California Attorney General Bill Lockyer said: "Our economic system cannot function properly unless businesses treat consumers fairly and honestly. Unfortunately, our investigation found that Ameriquest's prior lending practices too often violated those principles and harmed families. This settlement provides a good measure of justice by compensating victims of these previous practices and helping to ensure there are no victims in the future. I'm pleased Ameriquest has entered this agreement."

Washington Attorney General Rob McKenna said: "Ameriquest can be commended for coming to the table to negotiate a pact that should transform the company into a model for other lenders. Ameriquest's prominence among mortgage providers makes this a particularly important case for establishing tough, new standards for the home financing industry. Financial companies and consumer advocates should seize the opportunity to educate home buyers about ethical lending practices."

New York State Banking Superintendent Diana L. Taylor said: "This agreement is the culmination of a tremendous joint effort involving state regulators and attorneys general from 49 states. It's a great example of what we can accomplish working together and it sends a strong message to the industry -- consumer protection is a primary concern and we, as regulators, are very serious about being effective and judicious watchdogs over the mortgage lending sector. On behalf of the State of New York, I want to thank the negotiating team, in particular Barbara Kent from my department and the New York State Attorney General, for an excellent job in cementing this agreement."

### Terms of the Settlement and Injunctive Relief:

About half the 49-page agreement with the states spells out "injunctive relief" -- wide-ranging reforms of the company's lending practices to resolve the concerns of the states.

Under the agreement, Ameriquest is required to:

- Provide the same interest rates and discount points for similarly-situated consumers.

- Not pay sales personnel incentives to include prepayment penalties or any other fees or charges in the mortgages.

- Provide full disclosure regarding interest rates, discount points, prepayment penalties, and other loan or refinancing terms.

- Overhaul its appraisal practices by removing branch offices and sales personnel from the appraiser selection process, instituting an automated system to select appraisers from panels created in each state, limiting the company's ability to get second opinions on appraisals, and prohibiting Ameriquest employees from influencing appraisals.

- Not encourage prospective borrowers to misstate income sources or income levels.

- Provide accurate, good faith estimates.

- Limit prepayment penalty periods on variable rate mortgages.

- Not engage in refinancing solicitations during the first 24 months of a loan, unless the borrower is considering refinancing.

- Use independent loan closers.

- Adopt policies to protect whistle-blowers and facilitate reporting of improper conduct.

Ameriquest already has implemented several of the requirements. For example, Ameriquest began providing the same interest rates and discount points for similarly-situated consumers before the States' investigation began.

The agreement also provides for appointment of an independent monitor to oversee Ameriquest's compliance with the settlement terms. The monitor will have broad authority to examine Ameriquest's lending operations, including access to documents and personnel. The monitor will submit periodic compliance reports to the Attorneys General during the next five years. Ameriquest will pay the monitor's costs.

### Payments by Ameriquest:

The company will pay $325 million – $295 million for consumer restitution, and $30 million to settling states to cover their costs and fund consumer education and consumer protection enforcement programs. Consumers do not need to take any action at this point to pursue recoveries – they will be contacted later by states or the settlement administrator in the months ahead as specific recovery terms and plans are determined.

Of the $295 million in restitution, $175 million will be distributed in a nationwide claims process to eligible Ameriquest customers who obtained mortgages from January 1, 1999, through April 1, 2003, with payments based on a formula set by the settling states.

Another $120 million in restitution will be allocated to the settling states based on the percentage of total Ameriquest loans (measured in dollars) held by consumers in each state. The funds will be used to compensate Ameriquest customers who obtained mortgages between January 1, 1999, and December 31, 2005. Each settling state will determine which customers in its jurisdiction are eligible to receive payments from this restitution fund.

### The States' Investigation:

Iowa Attorney General Tom Miller led the group of states. The group of states that negotiated the agreement are: the attorney general offices of Iowa, California, Washington, New York, and Illinois, and the New York State Dept. of Banking. The executive committee of states leading the matter included those states and also Minnesota AG, Arizona AG, Washington Dept. of Financial Institutions, Texas AG, Massachusetts AG, New Mexico AG, Nebraska Banking, Connecticut AG, New Hampshire Banking, and the Florida Office of Financial Regulation. The Minnesota Attorney General's Office played a strong early role in the matter, and Minnesota Asst. A.G. Prentiss Cox led the group initially. Since June 2005, Iowa Assistant A.G. Patrick Madigan has led the group of assistant attorneys general and financial regulators who investigated and negotiated with Ameriquest.

Miller said Ameriquest was forthcoming in providing documents and other information during the investigation and that the states and Ameriquest worked extraordinarily long hours to reach the agreement.

The settlement was signed by officials of 49 states and the District of Columbia, and a group of six California District Attorneys. (Virginia is not a party because Ameriquest did no business there.) Attorneys General for 49 states and DC signed the agreement, as did financial regulators for 45 states and DC. (A few financial regulators did not participate because they do not have jurisdiction, or no such regulator exists.)

- 30 -

Contact persons:

California Attorney General's Office: Tom Dresslar, 916-324-5500
Iowa Attorney General's Office: Bob Brammer, 515-281-6699
Washington Attorney General's Office: Kristin Alexander, 206-464-6432
New York State Dept. of Banking: Barbara Kent, 212-709-3503.

**EXHIBIT 5**

remedy against the Settling States for any violation of this fifteen (15) day prior notice requirement is limited to seeking return of the documents from the private party.

Nothing in this Settlement Agreement limits the right of a Settling State to conduct investigations or examinations independent of the work of the Monitor.

I.     **Retention of Documents.**  The Ameriquest Parties shall generate, retain and make readily available to any Settling State for inspection, upon reasonable notice and without the necessity of a subpoena or other legal process, all material records and documents reasonably necessary to document compliance with this Settlement Agreement.  The Ameriquest Parties shall maintain these records and documents for a minimum of five (5) years after the Monitor's final Report.

## VII. RELEASES

A.     **Release from Borrowers.**  Each Borrower who receives a payment from the Settlement Fund shall first execute the following release (which shall be provided to Borrowers in both English and Spanish):

"'We' and 'our' mean the Borrowers under the Loan account number(s) listed above.  If there is only one Borrower, these terms refer to that single Borrower.  The 'Ameriquest Parties' are Ameriquest Mortgage Company, Town and Country Credit Corporation, Ameriquest Mortgage Services, Inc., formerly known as Bedford Home Loans, ACC Capital Holdings Corporation and their respective (i) predecessors, past, present and future direct and indirect parents, owners, subsidiaries, affiliated and other related persons or entities of any kind (be they corporations, partnerships, trusts, individuals), including the successors and assigns of any of the foregoing, and (ii) all past, present and future owners, employees, officers, agents, directors, insurers, and any other representatives of all the foregoing, including, for natural persons, both in their official and individual capacities.

By our signatures(s) below we acknowledge that we have read the following release and are bound by its terms.  In consideration for the restitution payment we are to receive, we release the Ameriquest Parties from all civil claims, causes of action, any other right to obtain any type

39

of monetary damages (including punitive damages), expenses, attorneys' and other fees, rescission, restitution or any other remedies of whatever kind at law or in equity, in contract, in tort (including, but not limited to, personal injury and emotional distress), arising under any source whatsoever, including any statute, regulation, rule, or common law, whether in a civil, administrative, arbitral or other judicial or non-judicial proceeding, whether known or unknown, and whether or not alleged, threatened or asserted by us or by any other person or entity on our behalf, including any currently pending or future purported or certified class action in which I am now or may hereafter become a class member, that arise from or are related to the following lending practices engaged in by the Ameriquest Parties, during the period from January 1, 1999 through December 31, 2005, in connection with the Loan account numbers listed above:

All representations, misrepresentations, disclosures or any other acts, events, facts, transactions, occurrences, omissions or conduct, whether oral, written or otherwise, by the Ameriquest Parties, arising out of, in connection with or relating to any of the following:

1. Loan types and terms, including discount points, interest rates, origination-related fees, monthly payment amounts, terms of adjustable rate and fixed rate mortgages and prepayment penalties.

2. Written disclosures, including the Good Faith Estimate, other documents required to be provided to a Potential Borrower by any law or otherwise provided by an Ameriquest Party.

3. The Borrower benefits of obtaining a loan from an Ameriquest Party or from a repeat refinancing with an Ameriquest Party.

4. Coordination with debt collectors.

5. The timely completion of the underwriting functions and funding of a loan.

6. Closing of a loan.

7. Appraisals.

8. Stated income loans.

9.    Disclosures to non-English speaking Borrowers and Potential Borrowers.

Notwithstanding this release, we may affirmatively or defensively assert any claim or defense that we have with respect to my loan with an Ameriquest Party in response to a judicial or threatened non-judicial foreclosure, including those related to the lending practices listed in this release."

In those States with statutory or common law provisions requiring specific language to effectively waive known or unknown claims, the language of the release from the Borrower set forth above shall be modified to include the specific language required by the statutory or common law provisions.

B.    **Release from the State.**   The relief to be provided by ACCCH and the Ameriquest Parties resolves all civil and administrative investigations and proceedings, if any, including those that are pending or closed, that have been or could have been brought by the Settling States against the Ameriquest Parties, as defined in the "Release from Borrowers" set forth above, based upon the Lending Practices with respect to the Covered Transactions. This release is effective so long as restitution and other payments required under the terms of this Settlement Agreement are timely made. However, this release by the Settling States does not include a waiver or release of any civil or administrative claims, regulatory matters, or causes of action relating to any practices, acts or omissions by any Ameriquest Party that are not based upon the Lending Practices with respect to the Covered Transactions.

## VIII. MISCELLANEOUS

A.    **State Authority.**  The relief provided in this Settlement Agreement, including all payments by ACCCH or by the Ameriquest Parties, to the Settlement Fund or any accounts established by this Settlement Agreement, is in response to and in compliance with each Settling State's authority to regulate ACCCH and the Ameriquest Parties and each of the Settling States' police powers.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Illinois that, on February 1, 2006, she caused to be served on the person(s) listed below in the manner shown:

DEFENDANTS' STATUS CONFERENCE STATEMENT

SEE ATTACHED SERVICE LIST

☐ United States Mail, First Class
☒ Via Federal Express
☐ By Messenger
☐ By Facsimile

Dated at Los Angeles, California, this 1st day of February, 2006.

/s/ Elizabeth Villalobos
Elizabeth Villalobos

BN 771938v1

**MDL SERVICE LIST**
**IN RE:  AMERIQUEST MORTGAGE PRACTICES LITIGATION**

|  |  |
|---|---|
|  | Shirley Hochhausen<br>Community Legal Services in East Palo Alto<br>2117-B University Avenue<br>East Palo Alto, CA 94303<br>Telephone: 650-326-6440<br>Facsimile: 650-326-9722 |
| *Attorneys for Plaintiff Adolph Peter Kurt Burggraff* | Douglas Bowdoin<br>255 South Orange Avenue, Suite 300<br>Orlando, FL 32801<br>Telephone: 407-422-0025 |
|  | Jonathan Andrews Boynton<br>Sarah Brite Evans<br>Post Kirby Noonan & Sweat<br>American Plaza<br>600 West Broadway, Suite 1100<br>San Diego, CA 92101-3302<br>Telephone: 619-231-8666 |
|  | Terry Smiljanich<br>Kathleen Clark Knight<br>James Hoyer Newcoomer & Smiljanich<br>1 Urban Centre<br>4830 West Kennedy Boulevard, Suite 550<br>Tampa, FL 33609<br>Telephone: 813-286-4100 |
| *Attorneys for Plaintiffs* | Gary Klein<br>Elizabeth Ryan<br>Shennan Kavanagh<br>Roddy Klein & Ryan<br>727 Atlantic Avenue, 2nd Floor<br>Boston, MA 02111<br>Telephone: (617) 357-5500 ext. 15<br>Facsimile: (617) 357-5030 |
|  | O. Randolph Bragg<br>Horowitz, Horowitz & Associates<br>25 E. Washington Street, Suite 900<br>Chicago, Illinois 60602 |

**MDL SERVICE LIST**
**IN RE: AMERIQUEST MORTGAGE PRACTICES LITIGATION**

*Attorneys for Defendants Ameriquest*
*Mortgage Company*

Daniel A. Casey
Jonathan B. Morton
Jeffrey T. Kucera
Kirkpatrick & Lockhart Nicholson
   Graham LLP
Miami Center – 20th FL
201 South Biscayne Boulevard
Miami, FL 33131-3300
Telephone: 305-539-3300
Facsimile 305-358-7095

R. Bruce Allensworth
Brian Mark Forbes
Ryan M. Tosi
Kirkpatrick & Lockhart Nicholson Graham
LLP
75 State Street, 6th Floor
Boston, MA 021110