**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br><br>(Centralized before the Honorable Marvin E. Aspen) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
STATUS CONFERENCE STATEMENT**

This is a case involving allegations of a far-reaching and long-standing scheme of predatory home mortgage lending affecting hundreds of thousands of American homeowners. Plaintiffs have moved for provisional certification of a class of borrowers who may retain the right to rescind their loans pursuant to the Truth in Lending Act, 15 U.S.C. § 1635. They have also moved for a preliminary injunction seeking to require notice to the provisional class of the existence of the ongoing right to rescind and to provide a limited stay of foreclosures until the end of the notice period. [Docket Nos. 10 and 12].

Ameriquest's recently filed "Status Conference Statement" ("Ameriquest's SCS") is little more than a brief to this Court seeking delay. Among other things, Ameriquest asks this court to wait for tag-along issues recently filed with the Judicial Panel for Multidistrict Litigation to be fully resolved by the Panel before proceeding on pending

motions.  Remarkably, Ameriquest also requests 60 days to reply to motions that were served a month ago.

In light of the limited nature of the relief Plaintiffs have requested, and its urgency, it would be inappropriate for the Court to proceed on the pending motions at the glacial pace Ameriquest proposes. Ameriquest is also wrong on the law.  Plaintiffs present the following counterstatement of the status of this matter:

## I.  PENDING MOTIONS

Since transfer, Plaintiffs have filed the following motions with the Court:

1)  Motion to Appoint Interim Counsel for Plaintiffs Pursuant to Fed. R. Civ. P. 23(g) [Docket No. 4];

2)  Motion for Provisional Certification of Rescission Class for the Purposes of Preliminary Injunction [Docket No. 10]; and

3)  Motion for Preliminary Injunction on Behalf of Rescission Class [Docket No. 12].

The law firm, Edelman, Combs, Latturner & Goodwin, LLC, which does not have a Plaintiff in the pending proceedings, has filed a pleading styled Motion to Require Notice and an Objection to Motion to Appoint Interim Counsel [Docket No 25].

Pending at the time of transfer were two motions in *Murphy et al. v. Ameriquest Mortgage Co*., C.A. No. 1:04-12651-RWZ (D. Mass 2004) (N.D. Ill. No. 05-07101):

1)  Motion for Leave to File Second Amended Complaint (filed July 1, 2005; no opposition); and

2)  Motion by Plaintiffs to Compel Discovery (fully briefed).

## II. PLAINTIFFS' PENDING MOTIONS SHOULD BE RESOLVED EXPEDITIOUSLY BECAUSE DELAY WILL SERIOUSLY PREJUDICE THE INTERESTS OF THE PUTATIVE CLASS.

Plaintiffs respectfully request that the Court promptly schedule hearings on their motions because delay will seriously prejudice putative class members who retain the right to rescind.

### A.  The Truth In Lending Right To Cancel At Issue May Expire By Operation Of Law Three Years From The Date Of A Class Member's Transaction With Ameriquest.

Plaintiffs anticipate that Ameriquest will ultimately argue that the ongoing right of consumers to rescind their loans expires by operation of law at the end of three years from the date of their transaction pursuant to 15 U.S.C. § 1635(f).  Although Plaintiffs reserve their right to argue that the extended right to rescind is tolled by the filing of the various class action cases that have raised this issue, they acknowledge that there is a Supreme Court opinion that holds that the extended right to rescind has a three-year statutory time limit that is not typically subject to tolling. *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998).   This means that putative class members whose transactions occurred in 2003 may lose the extended right to rescind in 2006.  With each day that passes, the rescission rights of certain class members potentially expire.

Additionally, events other than the passage of time, including transfer of the homeowner's principal residence, may terminate the right to rescind.  15 U.S.C. § 1635(f).  Thus, a putative class member who loses a home to foreclosure or who sells under the pressure of a mortgage delinquency without notice of their ongoing right to rescind, may irrevocably lose the valuable rights associated with statutory rescission.

3

**B.   It is Urgent that Class Members Facing Foreclosure Receive Notice Of Their Right To Cancel.**

Because rescission voids the mortgage pursuant to 15 U.S.C. § 1635(b), it is a powerful defense to foreclosure.  Indeed, Congress passed special statutory protections for the right to rescind whenever a foreclosure is pending.  15 U.S.C. § 1635(i).

Plaintiffs have submitted evidence that there are substantial numbers of putative class members who are delinquent on their loans and facing foreclosure. *See* Declarations of Shennan Kavanagh at ¶¶4, 14-17, 20-21, 24-27, 30-31, [Docket No. 19] Daniel Blinn at ¶4, [Docket No. 16] and Terry Smiljanich at ¶5, [Docket No. 18].  Individuals facing foreclosure urgently need notice of their rights because, despite 15 U.S.C. § 1635(i), a completed foreclosure cuts off the right to rescind. *Bestrom v. Bankers Trust Co. (In re Bestrom)*, 114 F.3d 741 (8th Cir. 1997) (foreclosure terminates the right to rescind).

**III. THE ATTORNEY GENERAL SETTLEMENT IS NOT A REASON TO DELAY.**

Ameriquest and a consortium of state Attorneys General recently announced a settlement that provides $295 million in partial restitution to 725,000 Ameriquest customers. *See* Exhibit A to Supplemental Declaration of Gena E. Wilsek, ("Attorney General Settlement Agreement" at § III. B.) [Docket No. 26].  The settlement is an "opt-in" settlement.  Id. at § 7.  Thus, each Ameriquest customer will be required to decide whether to accept a payment in exchange for a release of claims.  Put simply, individuals who do not accept a settlement payment will retain their right to proceed here or in other forums.  As such, the settlement does not resolve "all claims by borrowers in the 49 states" as Ameriquest represents.  Ameriquest's SCS at p. 3.  Rather it resolves only the

4

claims of the state entities and the claims of those borrowers who choose to accept a payment and provide a release.

Though the proposed distribution formula is not yet available, simple mathematics indicates that Ameriquest customers will be offered an average payment of $407.[1]  Under the settlement agreement, the Attorneys General are gathering data necessary to establish distribution formulae.  *See* Attorney General Settlement Agreement at V.  Estimates of the earliest date on which notice and claims forms will be mailed range up to one year from the date of settlement.  Wiltsek Supp. Decl. at ¶ 3.  The Settlement will not even become effective until March 16, 2006.  *Id.*

The Attorney General settlement plainly cannot resolve the cases before this Court.  Many of the named Plaintiffs have already expressed an intention to decline monetary relief available from the Attorneys General and to proceed with their cases. These individuals are entitled to their day in court.  Furthermore, it is inconceivable that all 725,000 eligible homeowners will accept settlement benefits and release their claims. If even 20%[2] of Ameriquest customers decline a settlement payment, they would form a group of 145,000 people eligible for relief in class litigation.  This is far more than would

---

[1] $295 million divided by 725,000 yields $407.  This amount is obviously far less than the value of a remedy which cancels the obligation to pay finance charges.  15 U.S.C. § 1635(b).  In addition, the Attorney General settlement has no special provisions for relief to delinquent borrowers who are facing foreclosure.  Proposed injunctive relief, while broad, is applicable prospectively only.

[2] A recent $525 million predatory lending settlement between the state Attorneys General and Household International resulted in restitution of $484 million to affected homeowners. The average proposed restitution payment to more than 594,000 households was $815.00. Nevertheless, approximately 20% of those individuals declined to accept a settlement payment from their state Attorney General to release their claims.  The separately filed private class actions then settled for additional benefits to the class valued at more than $150 million.  *See* Supplemental Declaration of Shennan Kavanagh at ¶3 and 7-9, Exhibits A and B, [Docket No. 27].

be necessary to satisfy the numerosity requirement of Fed. R. Civ. P. 23(a)(1). *Swanson v. American Consumer Indus.,* 415 F.2d 1326, 1333 n.9 (7th Cir.1969) (40 class members sufficient to satisfy numerosity).

Ameriquest apparently believes that its customers can appropriately be asked to decide whether to release their legal rights in a vacuum of information about the scope and value of those legal claims. Plaintiffs, for their part, believe that Ameriquest customers should have the fullest information possible about their legal rights in order to make an informed choice among their options.[3] Early notice of the potential extended rescission right, as requested in Plaintiffs' motion for preliminary injunction, would provide essential information about the trade-off Ameriquest's customers are being asked to make.

## IV. THE PENDENCY OF TAG-ALONG MATTERS IS NOT A REASON TO DELAY.

Without providing supporting case law, Ameriquest asks this court for an unspecified delay while the Judicial Panel on Multi-District Litigation adjudicates tag-along matters.[4] Ameriquest's SCS at p. 1-2. This is not an appropriate reason for delay because the cases before the Panel have not yet been transferred and may never be transferred. Indeed, by rule, the tag-along cases are still pending in and subject to the active jurisdiction of the Courts where the cases originated. MDL Rule 1.5. Moreover,

---

[3] Consistent with this belief, Plaintiffs counsel issued a press release (cited by Ameriquest at p. 3 of its Status Conference Statement) not to discourage Ameriquest customers from participating in the Attorney General settlement, but rather to disseminate accurate information about consumers' alternative legal remedies and the existence of pending private class actions. Plaintiffs counsel did so, in part, to counter Ameriquest's inaccurate and misleading assertion that "all claims by borrowers in 49 states" are resolved.

[4] As of the date of this filing, no conditional transfer orders have been entered.

Ameriquest does not suggest, because it cannot, that the interim relief Plaintiffs have requested would conflict in any way with any of the cases pending at the Panel. Indeed it is inconceivable that Plaintiffs in the tag-along cases (or the putative classes they may represent) would object to or be prejudiced by receiving notice of the extended right to rescind.[5]

Additionally, if this Court were to wait for all of the tag-along cases to be evaluated in the Panel, the potential delay would be virtually unlimited because new cases are being filed against Ameriquest in various jurisdictions almost daily. It is likely that there always be a tag-along pending.[6]

It is also irrelevant that this Court has not yet ruled on whether the cases are to be consolidated or coordinated. If the Court concludes that consolidation is unwarranted, Plaintiffs can easily file their motions in each of the three cases that raise Truth in Lending rescission claims. Meanwhile, there is less duplication of paper by proceeding in the lead case on a common issue. Because the TILA classes defined in the various cases overlap, named Plaintiffs on this issue in one case are putative class members in the others.

---

[5] The objection of the Edelman firm is to Plaintiffs' Motion for Interim Appointment of Counsel rather than to Plaintiffs' other pending motions. The Edelman Objection should be summarily rejected, as that firm represents no plaintiffs' in the cases pending before this Court and thus has no standing.

[6] Indeed, Ameriquest already appears to be manipulating the tag-along process. The MDL transfer order was entered on December 13, 2005, yet Ameriquest did not notice any tag-alongs until January 23, 2006, in apparent anticipation of this hearing. MDL Rule 7.5(e) requires Ameriquest to "promptly" notify the panel of tag-alongs.

## V.  AMERIQUEST IS WRONG ON THE SUBSTANTIVE LAW AT ISSUE IN PLAINTIFFS' MOTIONS.

### A.  *Ameriquest Mischaracterizes the Relief the Plaintiffs Request as a Demand for Rescission on Behalf of a Class.*

As set forth more fully in Plaintiffs' Memorandum in Support of Motion for Provisional Class Certification at pp. 3-4 and 8-10 [Docket No. 14], Plaintiffs are not seeking to certify a class for rescission, but rather for a declaratory judgment that the transactions at issue are rescindable.  While Ameriquest is correct that Courts have disfavored certification in the former circumstance, many Courts have held that certification is appropriate for a declaratory judgment when the extended right to cancel remains available.  Indeed, two Courts in this jurisdiction have so held.  *Hickey v. Great Western Mortgage Corporation,* 158 F.R.D. 603 (N.D.Ill. 1994) (Conlon , J.) (certifying nationwide class of borrowers seeking declaration that class members have a continuing right to rescind based on alleged misdisclosure of finance charge); *Latham v. Residential Loan Ctrs. of America, Inc.,* No. 03 C 7094, 2004 WL 1093315 *3 (N.D. Ill. May 6, 2004) (Plunkett, J.) (class claim under TILA seeking a declaration of the right to rescind can be maintained, denying motion to dismiss class claim).  *See also Rodrigues v. Members Mortgage Co., Inc.,* 226 F.R.D. 147, 153 (D. Mass. 2005) (certifying class of borrowers who either received notice of right to cancel that described rescission rights for a refinancing transaction when they should have received a general notice, or who signed post dated confirmations at closing stating that they elected not to rescind); *McIntosh v. Irwin Union Bank & Trust, Co.,* 215 F.R.D. 26, 32-33 (D. Mass.2003) (holding class action appropriate for TILA rescission claim, especially when "the plaintiffs seek only

8

declaratory relief"); *Williams v. Empire Funding Corp.,* 183 F.R.D. 428, 435-36 (E.D. Pa. 1998) (granting motion for class certification).

### B. Nothing in the Rules Requires Plaintiffs to Seek Certification of Exactly the Class Claims Framed in their Complaint.

Ameriquest suggests that the class motions are improper because the motions are on behalf of a putative class on a subset of claims that differs from those contained in the pending complaints. Ameriquest's SCS at p. 5. However, Rule 23 does not require that the class certified conform to the Complaint. Indeed, pursuant to Fed. R. Civ. P. 23(c)(1)(B), it is the order certifying the class that controls "the class, the class claims, issues or defenses" and not the pleadings. *See, e.g., Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir.1993) ("A court is not bound by the class definition proposed in the complaint); *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 659 (N.D.Ill.1989) (same).[7]

To the extent, if any, that Ameriquest is asserting that it did not have fair notice from the pleadings in pending cases that these rescission claims are at issue, such assertion is disingenuous. Three of the Complaints before this Court contain class claims for the TILA relief being requested in the Plaintiffs' motion for preliminary injunction. *Murphy et al. v. Ameriquest Mortgage Co*., C.A. No. 1:04-12651-RWZ (D. Mass 2004) (on behalf of a Massachusetts class); *Williams et al. v. Ameriquest Mortgage Co*., C.A. No. 8:05-01036-EAK-EAJ (M.D. Fla. 2005) (Florida class); and *Williams et al. v. Ameriquest Mortgage Co*., C.A. No. 05 cv 6189 (S.D.N.Y. 2005) (nationwide class). Plaintiffs in those cases had not sought class certification solely because of discovery delays engineered by Ameriquest. Among other things, Ameriquest uniformly objected

---

[7] Plaintiffs seeking certification will, of course, amend their complaints if so required by the Court.

9

to any discovery on issues relevant to class certification and failed to produce witnesses

for depositions. [8]

### C.  Plaintiffs May Proceed by Affidavit on a Motion for Preliminary Injunction Absent a Legitimate Factual Dispute.

Plaintiffs have submitted Declarations of Counsel in support of the pending

motions. Declarations of Daniel Blinn, Terry Smiljanich and Shennan Kavanagh [Docket

Nos. 16, 18, and 19].  By these declarations, Plaintiffs have proffered documents from

197 loan files maintained by Ameriquest customers.  Ameriquest argues incorrectly that

the Court cannot order a preliminary injunctive relief based on these affidavits.

Ameriquest's SCS at p. 6.

"Affidavits … are fully admissible in summary proceedings, including

preliminary injunction proceedings." *Ty, Inc. v. GMA Accessories*, 132 F.3d 1167, 1171

(7th Cir.1997) (citations omitted). "An evidentiary hearing [on a motion for preliminary

injunction] is required if the nonmoving party raises genuine issues of material fact in

response to a motion for a preliminary injunction...  However, the party seeking the

evidentiary hearing must demonstrate that it has 'and intends to introduce evidence that if

believed will so weaken the moving party's case as to affect the judge's decision on

whether to issue the injunction.'" *Promatek Indus., LTD v. Equitrac Corp.,* 300 F.3d 808,

814 (7th Cir. 2002) *citing Ty, Inc. v. GMA Accessories, Inc*., 132 F.3d 1167, 1171 (7th

Cir. 1997)).

In an attempt to manufacture a factual dispute where none exists, Ameriquest

asserts that is has in its possession completed copies of Notices of Right Cancel in some

---

[8] These issues are pending in Plaintiffs' discovery motion in the *Murphy* case.

cases that differ from those proffered by the Plaintiffs to the Court. Ameriquest's SCS at p. 5. If Ameriquest's assertion is true, these documents are legally irrelevant. Because the Truth in Lending Act is a disclosure statute, it is the documents delivered to the consumer that are required to be accurate, not the documents in Ameriquest's files. 15 U.S.C. § 1635(a) (requiring "delivery" of the appropriate form); 12 C.F.R. § 226.23(b)(1) (delivered documents must contain, *inter alia*, the date the rescission period expires). *See also* 12 C.F.R. § 226.17(a) (disclosures must be made "in a form that the consumer may keep.") Indeed, it is shocking that Ameriquest or its agents would alter documents after their delivery and that Ameriquest would now seek to present such altered documents to the Court.

### D. *Plaintiffs Are Seeking to Maintain the Status Quo.*

Ameriquest argues, rather cryptically, that the relief requested by the Plaintiffs would constitute a "disfavored mandatory injunction." Ameriquest's SCS at p. 6. To the contrary, the injunction the Plaintiffs request is intended to maintain the *status quo*. Ameriquest apparently asks this court to ignore that absent the requested injunctive relief, putative class members' rights may expire by operation of law and/or they may lose their homes.

## VI. PROPOSED SCHEDULE

Plaintiffs respectfully request that the Court enter the following schedule:

• Deadline for Opposition to all pending motions:  **February 21, 2006**

• Deadline for Reply to Opposition on pending motions:  **February 28, 2006**

11

- Hearing date on pending motions:  **March 9, 2006**

- Deadline for filing Consolidated Complaint, if any (see below): **March 7, 2006**

- Deadline for serving a Motion for Class Certification on class issues not covered by pending motions:  **August 28, 2006**

- Deadline for serving an Opposition to Motion for Class Certification: **September 25, 2006**[9]

- Deadline for Reply to Motion for Class Certification: **October 16, 2006**

- Hearing on Motion for Class Certification:  **Late October, 2006**

Plaintiffs do not believe that it is practical for the Court to schedule any pretrial or trial dates until such time as it determines whether to grant or deny Plaintiffs' motion for class certification as to all claims.

Plaintiffs respectfully request guidance from the Court on whether Plaintiffs must file a consolidated complaint.  Although Plaintiffs believe it may serve the interests of case management and efficiency to proceed with one operative pleading, Plaintiffs do not believe such a filing is necessary in light of the fact that the pleadings are at issue in all of the transferred cases.[10] If the Court prefers that Plaintiffs file a Consolidated Complaint, Plaintiffs respectfully request an order prohibiting Defendant from filing any challenge to such Complaint except to the extent that such Complaint contains allegations that are materially different from allegations in the complaints pending in the transferor courts.

---

[9] This date is contingent on the prompt production of documents and scheduling of necessary depositions.  Plaintiffs reserve the right to request additional time should unexpected delays occur.

[10] Each complaint has been answered and/or has withstood a Motion to Dismiss in whole or in part.

Respectfully submitted,

Kelly M. Dermody
Caryn Becker
LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Terry Smiljanich
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

Dated: February 6, 2006

/s/ Gary Klein
Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA   021111-2810
Telephone:  (617) 357-5500
Facsimile:  (617) 357-5030

<u>CERTIFICATE OF SERVICE</u>

I, Gary Klein, hereby certify that on this 6th day of February, 2006, true and correct copies of the documents listed below were filed electronically. Notice of these filings will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access these filings through the Court's system. I further certify that true and correct  copies were additionally sent via first class mail, postage prepaid, to all counsel listed on the attached MDL service list.

1. Plaintiffs' Response To Defendant's Status Conference Statement;
2. Supplemental Declaration of Gena E. Wiltsek; and
3. Supplemental Declaration of Shennan Kavanagh.

Dated: February 6, 2006                           /s/ Gary Klein
                                                               Gary Klein