**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**PLAINTIFFS' MEMORANDUM CONCERNING POTENTIAL FORECLOSURES WHILE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION IS PENDING**

**Introduction**

By Motions dated January 10, 2006, Plaintiffs moved for provisional certification of a class of borrowers who may retain the right to rescind their loans pursuant to the Truth in Lending Act, 15 U.S.C. § 1635, and for a preliminary injunction requiring that notice be sent to the provisional class of the existence of the ongoing right to rescind, together with a limited stay of foreclosures until the end of the notice period. Docket Nos. 10 and 12. At the Status Conference held on February 7, 2006, it became apparent that there is likely to be some delay before the Court can resolve these Motions, and Plaintiffs expressed concern that borrowers may lose their rights in the period before the Motions will be decided. Upon the Court's suggestion, the parties negotiated a Standstill

1

Agreement that was read into the hearing record.[1] Although the Standstill Agreement addressed those borrowers who may lose their right to cancel because of the passage of time, the parties could not reach agreement as to those borrowers who may lose their right to cancel because of foreclosure. Plaintiffs submit this memorandum seeking relief for those borrowers who will face foreclosure before the Court decides Plaintiffs' Motions for Class Certification and Preliminary Injunction.

Plaintiffs, consistent with their position at the Status Conference, request that the Court order that Ameriquest provide notice of the potential extended right to rescind to its customers facing foreclosure from the date of the Court's order until the Court decides Plaintiffs' substantive motions seeking relief for the putative class. The proposed notice would simply inform homeowners that they may have the right to use a rescission claim under federal law to avert an impending foreclosure –a right which few of the affected homeowners currently know that they possess. The proposed notice language appears below at p. 6.

## I. *Plaintiffs' Entitlement to the Relief Requested Herein*

Plaintiffs ultimately seek a declaratory judgment that borrowers who received defective notice of their right to cancel from Ameriquest retain their right to cancel. They have moved for preliminary injunctive relief to maintain the *status quo* until their claims for declaratory relief can be fully adjudicated. Plaintiffs are entitled to the notice requested herein because they meet all of the requirements for preliminary injunctive

---

[1] That agreement has been memorialized by a document filed on February 14, 2006: the Stipulation for Standstill. As the Court requested, that document also contains a briefing schedule for the instant issue.

2

relief. For the reasons stated in the Preliminary Injunction Motion and its supporting papers, putative class members are entitled to notice of the legal claims at issue sufficient to prevent inadvertent termination of an important right. Given notice, exercise of the extended right to cancel may prevent loss of putative class members' homes.

In a nutshell, Plaintiffs' position is that a very serious harm will befall Ameriquest customers who lose their home to foreclosure despite valid cancellation rights during the period between now and when the Court decides the Plaintiffs' pending motions. Loss of a home is perhaps the single most significant and irreparable harm that a family can suffer short of serious bodily injury. *See, e.g*, Michael Moss and Andrew Jacobs, "Blue Skies and Green Yards, All Lost in Red Ink," *New York Times*, April 11, 2004; and Andrew Jacobs, "Trying to Hang On in the Poconos, From Before Dawn to Way Past Dusk," *New York Times*, April 12, 2004.

Plaintiffs are entitled to the relief requested here for the same reasons that they are entitled to preliminary injunctive relief. The bases for Plaintiffs' separately filed Motion for Preliminary Injunction are straightforward and well founded and will not be repeated here at length. Plaintiffs are virtually certain to succeed on the merits of their claims for a declaration concerning the viability of rescission, because the claims at issue have been specifically identified by Congress and the Federal Reserve Board as bases for the extended right to rescind. 15 U.S.C. § 1635(h); 12 C.F.R. § 226.23(b). *See* Memorandum in Support of Motion for Preliminary Injunctive Relief ("Plaintiffs' PI Memo") at pp. 8 to 13. Putative class members are also plainly facing irreparable injury if they lose their homes. *Id*. at p. 13. The other prerequisites to injunctive relief are also easily met. *Id*. at pp. 14 to 15.

## II. *Putative Class Members Facing Foreclosure Urgently Need Notice Of Their Right To Cancel.*

Because rescission voids the mortgage pursuant to 15 U.S.C. § 1635(b), it is a powerful defense to foreclosure. Indeed, Congress passed special statutory protections for the right to rescind whenever a foreclosure is pending. 15 U.S.C. § 1635(i). Predatory loan terms significantly increase the risk of foreclosure. *See* R. Quercia, M. Stegman, "The Impact of Predatory Loan Terms on Subprime Foreclosures" Center for Community Capitalism at the University of North Carolina (January 25, 2005). (www.kenan-flagler.unc.edu/assets/documents/foreclosurerelease.pdf) (increase in foreclosure rates associated with loans containing prepayment penalties, for example, is 20%).

Plaintiffs have submitted evidence that there are substantial numbers of putative class members who are delinquent on their loans and facing foreclosure. *See* Declarations of Shennan Kavanagh at ¶¶4, 14-17, 20-21, 24-27, 30-31, [Docket No. 19]; Daniel Blinn at ¶4, [Docket No. 16] and Terry Smiljanich at ¶5 [Docket No. 18].

Individuals facing foreclosure urgently need notice of their rights because, despite 15 U.S.C. § 1635(i), a completed foreclosure cuts off the right to rescind. 15 U.S.C. § 1635(f); *Bestrom v. Bankers Trust Co. (In re Bestrom)*, 114 F.3d 741 (8th Cir. 1997) (foreclosure terminates the right to rescind). Borrowers facing foreclosure typically have limited funds and are unlikely to have a lawyer to assist them with foreclosure defense. Indeed, borrowers in most states don't have even the limited protections of Illinois' judicial foreclosure practice or its preforeclosure notice procedures. *See generally* National Consumer Law Center, Foreclosures, Appendix C (1995) (describing state

foreclosure laws).[2] Nothing could be more disruptive to the *status quo* than loss of a home despite the existence of legal rights designed to protect it.

### III. *Plaintiffs Seek Only Very Limited Relief from the Court Until Resolution of their Pending Motions.*

For all the reasons stated in Plaintiffs' Motion for Preliminary Injunction, Plaintiffs who retain the right to cancel are seeking and are entitled to a declaratory judgment that they retain the right to cancel their mortgages. Congress provided rights at issue in 15 U.S.C. § 1635(h) and the Federal Reserve Board has implemented the Congressional directive in 12 C.F.R. § 226.23(b).

The instant issue is only how to protect the *status quo*, to the extent possible, while the Court evaluates the Plaintiffs' motions. The easiest way to protect the *status quo* would be to stay Ameriquest from foreclosing on putative class members in the intervening period. For the reasons stated in the Preliminary Injunction Motion, Plaintiffs are entitled to a limited stay. Indeed, the Court could effectuate such a stay by acting expeditiously on the Plaintiffs Motion for Preliminary Injunction. *See Lopez v. Delta Funding Corp.*, No. CV 98-7204 CPS, 1998 WL 1537755 (E.D. N.Y., Dec. 23, 1998) (Sifton C.J.) (granting a similar injunction).

In the interim, however, as stated during the Status Conference, Plaintiffs are willing to accept more limited relief. Plaintiffs request only that Ameriquest be ordered to provide notice to customers facing foreclosure whose loans originated within three

---

[2] The majority of states have non-judicial foreclosure. Only Illinois and a handful of other states mandate notice to defaulting homeowners to inform that they have a right to obtain counsel and/or to enter a defense.

years of February 7, 2006,[3] and that such notice be provided at least thirty (30) days before the earliest date on which Ameriquest intends to complete the foreclosure sale.[4]

Plaintiffs request that the Court order language for the notice as follows:

> Certain individuals have challenged Ameriquest's practices under the Truth in Lending Act. They allege that Ameriquest has not provided proper Notice of Right to Cancel to its borrowers. Borrowers who did not receive a proper Notice of the Right to Cancel have up to three years to cancel their transaction. That right will terminate if there is a completed foreclosure sale.
>
> You have been identified as someone who may have the right to cancel your transaction with Ameriquest. Because your choice to cancel may provide a defense to foreclosure, you may wish to review your transaction with an attorney to determine if you have an enforceable right to cancel. This Notice is being given to you pursuant to an order of the Court in *In re Ameriquest Mortgage Services Litigation*, M.D.L. No. 1715, Lead Case No. 05-cv-07097 (N.D. Ill.)

Plaintiffs believe that this notice[5] will provide borrowers facing foreclosure with sufficient information about their claims to obtain the necessary assistance and to evaluate whether they can cancel their mortgages and obtain relief under 15 U.S.C. §1635(i). Those who choose to do so will have an opportunity to temporarily halt foreclosure proceedings and then obtain their legal rights as members of the putative class.

---

[3] Plaintiffs request notice for a four-year period in Massachusetts pursuant to G.L. c. 140D, § 10(f).
[4] Ameriquest should be ordered to send immediate notice to borrowers for whom a foreclosure sale is scheduled earlier than thirty (30) days from the date of the Court's order, provided that notice should, in no event be later than ten (10) days prior to the sale date.
[5] Plaintiffs are willing to negotiate alternative language to the extent Ameriquest raises valid concerns about the substance of the proposed Notice.

**CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that the Court mandate notice, on a temporary basis, to protect putative class members who are at risk of being irreparably injured by a preventable foreclosure.

                                        Respectfully submitted,

| | |
|---|---|
| Kelly M. Dermody<br>Caryn Becker<br>LIEFF, CABRASER, HEIMANN<br>  & BERNSTEIN, LLP<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA  94111-3339<br>Telephone:  (415) 956-1000<br>Facsimile:  (415) 956-1008<br><br>Terry Smiljanich<br>JAMES, HOYER, NEWCOMBER<br>  & SMILJANICH, P.A.<br>One Urban Center, Suite 550<br>4830 West Kennedy Boulevard<br>Tampa, FL  33609<br>Telephone: (813) 286-4100<br>Facsimile: (813) 286-4174 | /s/ Gary Klein<br>Gary Klein<br>Elizabeth Ryan<br>Shennan Kavanagh<br>RODDY KLEIN & RYAN<br>727 Atlantic Avenue<br>Boston, MA   021111-2810<br>Telephone:  (617) 357-5500, x. 15<br>Facsimile:  (617) 357-5030 |

Dated: February 14, 2006

**CERTIFICATE OF SERVICE**

      I, Gary Klein, hereby certify that on this 14th day of February, 2006, a true and correct copy of the foregoing document was filed electronically. Notice of these filings will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access these filings through the Court's system. I further certify that true and correct copies were additionally sent via first class mail, postage prepaid, to all counsel listed on the attached MDL service list.

Dated: February 14, 2006                        /s/ Gary Klein
                                                            Gary Klein