# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | [Oppositions to Motions for Class Certification and Preliminary Injunction; Brief Re: Mailing of Notice of Possible Rescission Rights; Declarations of Bernard E. LeSage, Michael Gibson and Vicky Camacho; Request for Judicial Notice; and Evidentiary Objections filed concurrently herewith] |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S EVIDENTIARY OBJECTIONS TO DECLARATION OF GENA E. WILTSEK

### INTRODUCTION

Defendant Ameriquest Mortgage Company ("Ameriquest"), hereby submits the following evidentiary objections to the Declaration of Gena E. Wiltsek filed in support of Plaintiffs' Motion for Provisional Certification of "Rescission" Class. Ameriquest reserves the right to assert additional objections at the hearing on Plaintiffs' Motion for Provisional Certification.

As detailed below, declarant Gena E. Wiltsek does not have personal knowledge of any of the facts set forth in her declaration, because she is not a percipient witness to any of the information detailed in the newspaper articles attached as exhibits, nor is she the author of those articles. Rather, Ms. Wiltsek's declaration is based solely upon her review of the articles. Therefore, she cannot competently testify as to any facts contained in the documents.

Moreover, Ms. Wiltsek's references to newspaper articles regarding Ameriquest are not relevant because she has not made any correlation between the articles and Plaintiffs' allegations

1

in the instant matter. Plaintiffs' production of the newspaper articles is simply an attempt to initiate a smear campaign against Ameriquest.

Based on the foregoing, Ms. Wiltsek's declaration is entirely inadmissible and the Court should not consider it in support of Plaintiffs' moving papers.

## OBJECTIONS TO DECLARATION OF GENA E. WILTSEK

**Paragraph 5: "Ameriquest is currently the subject of a multi-state investigation regarding its predatory practices."**

Ameriquest objects to the foregoing sentence on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how Ameriquest's involvement in a multi-state investigation has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602. Further, Ameriquest objects to the statement on the grounds that it states a legal conclusion and is therefore impermissible opinion testimony. Fed.R.Evid. 701.

**Paragraph 5: "According to recent press reports, the company has set aside $325,000,000 to settle regulatory claims with various state Attorneys General."**

Ameriquest objects to the foregoing sentence on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how Ameriquest's setting aside of $325,000,000 to settle regulatory claims with various Attorneys General has any tendency to make the existence of any fact that is

of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801.

**Paragraph 5: "On July 29, 2005, the Los Angeles Times printed an article discussing the investigation and Ameriquest's set-aside of settlement funds titled 'Ameriquest Prepares to Settle States' Probe.'"**

Ameriquest objects to the foregoing statement on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the investigation and Ameriquest's set-aside funds have any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 5:** **"Attached hereto as Exhibit A is a true and correct copy of this article."**

Ameriquest objects to the exhibit on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The exhibit is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 7:** **"On February 4, 2005, the Los Angeles Times printed an article regarding Ameriquest's predatory practices titled 'Workers Say Lender Ran Boiler Rooms.'"**

Ameriquest objects to the foregoing statement on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also

objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 7: "Attached hereto as Exhibit B is a true and correct copy of this article."**

Ameriquest objects to the exhibit on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The exhibit is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 8:** **"On March 15, 2005, the Los Angeles Times printed an article regarding Ameriquest's predatory practices titled 'States Follow Long Long Trail of Complaints Against Lender.'"**

Ameriquest objects to the foregoing statement on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 8:** **"Attached hereto as Exhibit C is a true and correct copy of this article."**

Ameriquest objects to the exhibit on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The exhibit is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing

sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 9:** **"On March 28, 2005, the Los Angeles Times printed an article regarding Ameriquest's predatory practices titled 'Doubt is Cast on Loan Papers.'"**

Ameriquest objects to the foregoing statement on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 9:** **"Attached hereto as Exhibit D is a true and correct copy of this article."**

Ameriquest objects to the exhibit on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The a exhibit is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 10:** **"On August 3, 2005, the Boston Globe printed two articles regarding Ameriquest's predatory practices."**

Ameriquest objects to the foregoing statement on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of

foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 10:** **"The first article is titled 'Customers Accuse Ameriquest of Excessive Fees, Altered Terms.' A true and correct copy of this article is attached hereto as Exhibit E."**

Ameriquest objects to the foregoing statement and exhibit on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 10: "The second article is titled 'Dark Side of Subprime Loans.' A true and correct copy of this article is attached hereto as Exhibit F."**

Ameriquest objects to the foregoing statement and exhibit on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 11: "On November 8, 2005, the Los Angeles Times printed an article regarding Ameriquest's predatory practices titled 'Lender Deal May Bring Big Reforms.'"**

Ameriquest objects to the foregoing statement on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of

foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 11: "Attached hereto as Exhibit G is a true and correct copy of this article."**

Ameriquest objects to the exhibit on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The exhibit is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 12:** **"On December 14, 2005, the Los Angeles Times printed an article regarding Ameriquest's predatory practices titled 'Ameriquest May Refund $295 Million.'"**

Ameriquest objects to the foregoing statement on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Paragraph 12:** **"Attached hereto as Exhibit H. is a true and correct copy of this article."**

Ameriquest objects to the exhibit on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The exhibit is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how this article has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing

sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to this sentence and all of the information contained herein because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

DATED:  February 14, 2006

BUCHALTER NEMER
A Professional Corporation


By: /s/  Bernard E. LeSage
           BERNARD L. LeSAGE
*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation and Argent Mortgage Company*