IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | [Oppositions to Motions for Class Certification and Preliminary Injunction; Brief Re: Mailing of Notice of Possible Rescission Rights; Declarations of Bernard E. LeSage, Michael Gibson and Vicky Camacho; Request for Judicial Notice; and Evidentiary Objections filed concurrently herewith] |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S EVIDENTIARY OBJECTIONS TO DECLARATION OF DANIEL S. BLINN

### INTRODUCTION

Defendant Ameriquest Mortgage Company ("Ameriquest"), hereby submits the following evidentiary objections to the Declaration of Daniel S. Blinn in support of Plaintiffs' Motion for Provisional Certification of "Rescission" Class. Ameriquest reserves the right to assert additional objections at the hearing on Plaintiffs' Motion for Provisional Certification.

As detailed below, declarant Daniel S. Blinn does not have first-hand knowledge of any of the events detailed in his declaration. Also, Mr. Blinn does not have personal knowledge to authenticate any of the documents set forth in his declaration. Rather, Mr. Blinn's declaration is based solely upon his limited review of selected documents purportedly in his clients' possession. Mr. Blinn has failed to advise the Court of the closing agent's or lender's files. As set forth in the attached Declaration of Michael Gibson the lender files contain both a fully Truth in Lending Act ("TILA") compliant Notice of Right to Cancel ("NORTC) as well as a signed acknowledgement of each such borrower that they in fact received the fully TILA compliant

NORTC.

Consequently, the only personal knowledge that Mr. Blinn can claim is having reviewed a limited number of available documents without any personal knowledge of what was said or done at the loan closing, and thus cannot authenticate the documents. Based on the foregoing, Mr. Blinn's declaration lacks personal knowledge and is entirely inadmissible opinion testimony and the Court should not consider it in support of Plaintiffs' moving papers.

## OBJECTIONS TO DECLARATION OF DANIEL S. BLINN

**Paragraph 4:** "Many of the borrowers who contacted this office are facing financial hardship due to the size of their mortgage payments and are therefore at risk of foreclosure."

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incompetent and inadmissible. Fed.R.Evid. 602. The declarant does not even purport to have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992). Further, Ameriquest objects to the statement on the grounds that it states an inadmissible legal conclusion based upon an incomplete review of available documents and is therefore impermissible opinion testimony. Fed.R.Evid. 701; *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) (testimony on ultimate issues of law by a lawyer is inadmissible because it is detrimental to the trial process).

**Paragraph 8:** "We found substantial non-compliance as set forth more completely below."

Ameriquest objects to the statement on the grounds that it states an inadmissible legal conclusion based upon an incomplete review of available documents and is therefore impermissible opinion testimony. Fed.R.Evid. 701; *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) (testimony on ultimate issues of law by a lawyer is inadmissible because it is detrimental to the trial process).

**Paragraph 10:** "Exhibit A to this Declaration is a list of Ameriquest borrowers who received incomplete Notices of Right to Cancel."

Ameriquest objects to the exhibit on the grounds that the declarant lacks personal knowledge. Fed.R.Evid. 602. The declarant does not even purport to have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

Further, Ameriquest objects to the statement on the grounds that it states an inadmissible legal conclusion based upon an incomplete review of available documents and is therefore impermissible opinion testimony. Fed.R.Evid. 701; *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) (testimony on ultimate issues of law by a lawyer is inadmissible because it is detrimental to the trial process).

**Paragraph 11:** "**Exhibit B to this Declaration is a true and correct copy of the Notice of Right to Cancel provided to each of the borrowers indicated in Exhibit A.**"

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 13:** "**Exhibit C to this Declaration is a list of Ameriquest borrowers who were provided with Form H-8, instead of Form H-9, by Ameriquest in a refinance transaction.**

Ameriquest objects to the exhibit on the grounds that the declarant lacks personal knowledge. Fed.R.Evid. 602. The declarant does not even purport to have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992). Further, Ameriquest objects to the statement on the grounds that it states an inadmissible legal conclusion based upon an incomplete review of available documents and is therefore impermissible opinion testimony. Fed.R.Evid. 701; *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) (testimony on ultimate issues of law by a lawyer is inadmissible because it is detrimental to the trial process).

**Paragraph 14:** "**Exhibit D to this Declaration is a true and correct copy of the Notice of Right to Cancel provided to each of the borrowers indicated in Exhibit C.**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is

what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

DATED: February 14, 2006                    BUCHALTER NEMER
                                            A Professional Corporation


                                            By: /s/ Bernard E. LeSage
                                                BERNARD E. LeSAGE
                                                *Attorneys for Defendants Ameriquest Mortgage*
                                                *Company, Ameriquest Capital Corporation and*
                                                *Argent Mortgage Company*