## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | [Oppositions to Motions for Class Certification and Preliminary Injunction; Brief Re: Mailing of Notice of Possible Rescission Rights; Declarations of Bernard E. LeSage, Michael Gibson and Vicky Camacho; Request for Judicial Notice; and Evidentiary Objections filed concurrently herewith] |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S EVIDENTIARY OBJECTIONS TO DECLARATION OF SHENNAN KAVANAGH

### INTRODUCTION

Defendant Ameriquest Mortgage Company ("Ameriquest"), hereby submits the following evidentiary objections to the Declaration of Shennan Kavanagh filed in support of Plaintiffs' Motion for Provisional Certification of "Rescission" Class. Ameriquest reserves the right to assert additional objections at the hearing on Plaintiffs' Motion for Provisional Certification.

As detailed below, declarant Shennan Kavanagh does not have first-hand knowledge of any of the events detailed in her declaration. Also, Ms. Kavanagh does not have personal knowledge to authenticate any of the documents set forth in her declaration. Rather, Ms. Kavanagh's declaration is based solely upon her review of the documents. Consequently, the only personal knowledge that Ms. Kavanagh can claim is having reviewed the documents; indeed, she lacks personal knowledge, and thus cannot authenticate the documents. Based on the foregoing, Ms. Kavanagh's declaration is entirely inadmissible and the Court should not consider

1

it in support of Plaintiffs' moving papers.

## OBJECTIONS TO DECLARATION OF SHENNAN KAVANAGH

**Paragraph 4: "Many of the borrowers who contacted this office are facing financial hardship due to the size of their mortgage payments and are therefore at risk of foreclosure."**

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incompetent and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992). Further, Ameriquest objects to the statement on the grounds that it states a legal conclusion and is therefore impermissible opinion testimony. Fed.R.Evid. 701; *SEC v. Singer*, 853 F.2d 805, 809 (10th Cir. 1988) (testimony on ultimate issues of law by a lawyer is inadmissible because it is detrimental to the trial process).

**Paragraph 8: "We found substantial non-compliance as set forth more completely below."**

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incompetent and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992). Further, Ameriquest objects to the statement on the grounds that it states a legal conclusion and is therefore impermissible opinion testimony. Fed.R.Evid. 701; *SEC v. Singer*, 853 F.2d 805, 809 (10th Cir. 1988) (testimony on ultimate issues of law by a lawyer is inadmissible because it is detrimental to the trial process).

**Paragraph 10: "Exhibit A to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrowers David M. and Janet Wakefield."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal

knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 12:** **"Exhibit B to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrower Harriet Holder."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 14:** **"On February 11, 2005, Ms. Holder sent a rescission notice to Ameriquest."**

Ameriquest objects to the foregoing sentence on the grounds that it lacks personal knowledge. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 15:** **"In March 2005, Ms. Holder continued to receive foreclosure-related correspondence from Ameriquest despite her rescission of the transaction."**

Ameriquest objects to the foregoing sentence on the grounds that it lacks personal knowledge. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 16:** **"On March 8, 2005, Ms. Holder sent a second letter to Ameriquest regarding her February 11, 2005 rescission notice."**

Ameriquest objects to the foregoing sentence on the grounds that it lacks personal knowledge. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 18:** **"Exhibit C to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrowers Frank L. and Martha A. White."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the

declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 20: "On March 3, 2005, the Whites sent a rescission notice to Ameriquest."**

Ameriquest objects to the foregoing sentence on the grounds that it lacks personal knowledge. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 22: "Exhibit D to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrowers Daisybel and William Tolbert."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 24: "On March 30, 2005, the Tolberts sent a rescission notice to Ameriquest."**

Ameriquest objects to the foregoing sentence on the grounds that it lacks personal knowledge. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 26: "The Tolberts sent a second rescission notice to Ameriquest on November 30, 2005."**

Ameriquest objects to the foregoing sentence on the grounds that it lacks personal knowledge. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 28**: "Exhibit E to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrower Christopher C. Bourassa."

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 30**: "Mr. Bourassa sent a rescission notice to Ameriquest on November 30, 2005."

Ameriquest objects to the foregoing sentence on the grounds that it lacks personal knowledge. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 32**: "Exhibit F to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrower Latonya Williams."

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 34**: "Exhibit G to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrower James W. Devlin."

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the

declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 35:** **"Exhibit H to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrowers Marisol and David Collazo."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 36:** **"Exhibit I to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrower Victor L. Correia."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 37:** **"Exhibit J to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrower Patricia J. Masson."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the

burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 38**: **"Exhibit K to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrower Duval H. Naughton."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 40**: **"Exhibit L to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrower Maria Robinson."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 41**: **"Exhibit M to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrower Lawrence T. Olsen."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is

what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 42: "Exhibit N to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to RKR by Ameriquest borrower Terry Baumgartner."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 45: "Exhibit O to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to RKR by borrower Lynn Gay."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 45: "Exhibit O was provided in a refinance transaction on September 2, 2003."**

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 47: "Exhibit P to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to RKR by borrowers David M. and Janet Wakefield."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 47: "Exhibit P was provided in a refinance transaction on April 2, 2004."**

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 48: "Exhibit Q to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to RKR by borrower Harriet Holder."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 48: "Exhibit Q was provided in a refinance transaction on May 12, 2004."**

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*,

786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 49**: "Exhibit R to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to RKR by borrower Frank L. and Martha A. White."

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 49**: "Exhibit R was provided in a refinance transaction on December 17, 2003."

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 50**: "Exhibit S to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to RKR by borrower Christopher C. Bourassa."

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 50**: "Exhibit S was provided in a refinance transaction on October 15, 2004."

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The

declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 51: "Exhibit T to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to RKR by borrower James W. Devlin."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 51: "Exhibit T was provided in a refinance transaction on February 17, 2004."**

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 52: "Exhibit U to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to RKR by borrower Marisol and David Collazo."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 52: "Exhibit U was provided in a refinance transaction on October 23, 2004."**

Ameriquest objects to this statement on the grounds that it lacks any showing of

foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 53**: **"Exhibit V to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to RKR by borrowers Joseph and Diane Marie Cataldo."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 53**: **"Exhibit V was provided in a refinance transaction on December 19, 2003."**

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 54**: **"Exhibit W to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to RKR by borrower Katherine F. D. Sandford."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 54**: **"Exhibit W was provided in a refinance transaction on May 24, 2003."**

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

DATED: February 14, 2006              BUCHALTER NEMER
A Professional Corporation


By: /s/ Bernard E. LeSage
             BERNARD E. LeSAGE
             *Attorneys for Defendants Ameriquest Mortgage
             Company, Ameriquest Capital Corporation and
             Argent Mortgage Company*