IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | [Oppositions to Motions for Class Certification and Preliminary Injunction; Brief Re: Mailing of Notice of Possible Rescission Rights; Declarations of Bernard E. LeSage, Michael Gibson and Vicky Camacho; Request for Judicial Notice; and Evidentiary Objections filed concurrently herewith] |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S EVIDENTIARY OBJECTIONS TO DECLARATION OF TERRY A. SMILJANICH

### INTRODUCTION

Defendant Ameriquest Mortgage Company ("Ameriquest"), hereby submits the following evidentiary objections to the Declaration of Terry A. Smiljanich filed in support of Plaintiffs' Motion for Provisional Certification of "Rescission" Class. Ameriquest reserves the right to assert additional objections at the hearing on Plaintiffs' Motion for Provisional Certification.

As detailed below, declarant Terry A. Smiljanich does not have first-hand knowledge of any of the events detailed in her declaration. Also, Ms. Smiljanich does not have personal knowledge to authenticate any of the documents set forth in her declaration. Rather, Ms. Smiljanich's declaration is based solely upon her review of the documents. Consequently, the only personal knowledge that Ms. Smiljanich can claim is having reviewed the documents; indeed, she lacks personal knowledge, and thus cannot authenticate the documents. Based on the

foregoing, Ms. Smiljanich's declaration is entirely inadmissible and the Court should not consider it in support of plaintiffs' moving papers.

## OBJECTIONS TO DECLARATION OF TERRY A. SMILJANICH

**Paragraph 5: "Many of the borrowers who contacted this office are facing financial hardship due to the size of their mortgage payments and are therefore at risk of foreclosure."**

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incompetent and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992). Further, Ameriquest objects to the statement on the grounds that it states a legal conclusion and is therefore impermissible opinion testimony. Fed.R.Evid. 701; *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) (testimony on ultimate issues of law by a lawyer is inadmissible because it is detrimental to the trial process).

**Paragraph 9: "We found substantial non-compliance as set forth more completely below."**

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incompetent and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992). Further, Ameriquest objects to the statement on the grounds that it states a legal conclusion and is therefore impermissible opinion testimony. Fed.R.Evid. 701; *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) (testimony on ultimate issues of law by a lawyer is inadmissible because it is detrimental to the trial process).

**Paragraph 11: "Exhibit A to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to my office by Ameriquest borrower Sharon Ann. Burton."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992);

2

*Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 12:** "**Exhibit B to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to my office by Ameriquest borrower Guadalupe Hernandez.**"

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 13:** "**Exhibit C to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to my office by Ameriquest borrower Develin D. Lyons.**"

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 14:** "**Exhibit D to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to my office by Ameriquest borrower Amanda J. Lokker.**"

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal

knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 15: "Exhibit E to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to my office by Ameriquest borrower Asa Mandate."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 16: "Exhibit F to this Declaration is a true and correct copy of an incomplete Notice of Right to Cancel provided to my office by Ameriquest borrower Darin W. Smith."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 19: "Exhibit G to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to my office by borrower Deanna L. Critelli."**

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 19:** "**Exhibit G was provided in a refinance transaction on January 21, 2004.**"

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 20:** "**Exhibit H to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to my office by borrower Kim L. Turner.**"

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 20:** "**Exhibit H was provided in a refinance transaction on June 12, 2004.**"

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 21:** "**Exhibit I to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to my office by borrower Andrea V. Thomas.**"

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992);

5

*Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 21:** "Exhibit I was provided in a refinance transaction on October 21, 2004."

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 23:** "In addition to the above victims, additional documents of other persons revealed that they had neither an expiration date as required by law nor the proper 'refinance' form."

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incompetent and inadmissible. Fed.R.Evid. 602. Further, Ameriquest objects to the statement on the grounds that it states a legal conclusion and is therefore impermissible opinion testimony. Fed.R.Evid. 701.

**Paragraph 24:** "Exhibit J to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to my office by borrower Wendy G. Allender."

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 24:** "Exhibit J was provided in a refinance transaction on September 13, 2004."

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 25:** "**Exhibit K to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to my office by Patrick Martin, personal representative of the estate of borrower William Martin (deceased).**"

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 25:** "**Exhibit K was provided in a refinance transaction on June 4, 2004.**"

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 26:** "**Exhibit L to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to my office by borrower Glenn D. Reed.**"

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 26:** "**Exhibit L was provided in a refinance transaction on February 25, 2005.**"

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The

declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

**Paragraph 27:** "**Exhibit M to this Declaration is a true and correct copy of a Form H-8 used by Ameriquest in a refinance transaction provided to my office by borrower Rochelle M. Dygert.**"

Ameriquest objects to the exhibit on the grounds that it lacks foundation. The declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

**Paragraph 27:** "**Exhibit M was provided in a refinance transaction on April 22, 2004.**"

Ameriquest objects to this statement on the grounds that it lacks any showing of foundation in personal knowledge and is incomplete and inadmissible. Fed.R.Evid. 602. The declarant does not have first-hand knowledge of directly perceiving the event. *SEC v. Singer*, 786 F.Supp 1158, 1167 (S.D. N.Y. 1992).

DATED: February 14, 2006

BUCHALTER NEMER
A Professional Corporation

By: ⎯⎯⎯/s/ Bernard E. LeSage⎯⎯⎯
BERNARD E. LeSAGE
*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation and Argent Mortgage Company*