IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | [Oppositions to Motions for Class Certification and Preliminary Injunction; Brief Re: Mailing of Notice of Possible Rescission Rights; Declarations of Bernard E. LeSage, Michael Gibson and Vicky Camacho; Request for Judicial Notice; and Evidentiary Objections filed concurrently herewith] |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S EVIDENTIARY OBJECTIONS TO THE SUPPLEMENTAL DECLARATION OF GENA E. WILTSEK**

**INTRODUCTION**

Defendant Ameriquest Mortgage Company ("Ameriquest"), hereby submits the following evidentiary objections to the Supplemental Declaration of Gena E. Wiltsek filed in support of Plaintiffs' Motion for Provisional Certification of "Rescission" Class. Ameriquest reserves the right to assert additional objections at the hearing on Plaintiffs' Motion for Provisional Certification.

As detailed below, declarant Gena E. Wiltsek's references to the Attorneys General settlement is not relevant because she has not made any correlation between the settlement and Plaintiffs' allegations in the instant matter. Further, Ms. Wiltsek's declaration does not contain sufficient evidence to sustain a finding of personal knowledge to authenticate the documents contained therein. Therefore, she cannot competently testify as to any facts contained in the documents.

Based on the foregoing, Ms. Wiltsek's declaration is entirely inadmissible and the Court

should not consider it in support of Plaintiffs' moving papers.

## OBJECTIONS TO SUPPLEMENTAL DECLARATION OF GENA E. WILTSEK

**Paragraph 2:** "On January 23, 2006, Attorneys General representing 49 states announced that Ameriquest will pay $325 million to settle regulatory complaints related to predatory lending. The settlement provides for injunctive relief, as well as payment of partial restitution to certain borrowers. The settlement reached is an opt-in settlement; no Ameriquest borrower will release claims unless he or she makes an affirmative choice to accept the payments distributed pursuant to the Attorneys General settlement. Attached hereto as Exhibit A is a true and correct copy of the Settlement Agreement release by the Attorneys General."

Ameriquest objects to the foregoing paragraph on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the Attorneys General settlement has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602. Further, Ameriquest objects to the statement on the grounds that it states a legal conclusion and is therefore impermissible opinion testimony. Fed.R.Evid. 701; *See Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) (testimony on ultimate issues of law by a lawyer is inadmissible because it is detrimental to the trial process). In addition, the declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be. Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by

2

others is inadmissible).

**Paragraph 3:** "According to the terms of the Settlement Agreement, the settlement is effective March 16, 2006. The Attorneys General have announced that borrowers potentially eligible for restitution will be notified within the next year as specific recovery terms and plans are determined. The joint press release and fact sheet disseminated by Washington State Attorney General and Department of Financial Institutions estimates that it is likely to be nine to twelve months before consumers receive notice of eligibility. Attached hereto as Exhibit B is a true and correct copy of this press release and fact sheet."

Ameriquest objects to the foregoing paragraph on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the Attorneys General settlement and the press release have any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing paragraph on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602. Further, Ameriquest objects to the statement on the grounds that it states a legal conclusion and is therefore impermissible opinion testimony. Fed.R.Evid. 701; *See Specht v. Jensen,* 853 F.2d 805, 809 (10th Cir. 1988) (testimony on ultimate issues of law by a lawyer is inadmissible because it is detrimental to the trial process). In addition, the declaration does not contain sufficient evidence to sustain a finding of personal knowledge on the part of the declarant to authenticate the document. Fed.R.Evid. 901. The party offering the evidence has the burden of presenting sufficient evidence of authenticity to sustain a finding that the evidence is what it is purported to be.

/ / /
/ / /
/ / /
/ / /
/ / /

3

Fed.R.Evid. 901(a); *U.S. v. Almonte*, 956 F.2d 27, 30 (2nd Cir. 1992); *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible).

DATED: February 14, 2006

BUCHALTER NEMER
A Professional Corporation

By: /s/ Bernard E. LeSage
BERNARD E. LeSAGE
*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation and Argent Mortgage Company*