# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | [Oppositions to Motions for Class Certification and Preliminary Injunction; Brief Re: Mailing of Notice of Possible Rescission Rights; Declarations of Bernard E. LeSage, Michael Gibson and Vicky Camacho; Request for Judicial Notice; and Evidentiary Objections filed concurrently herewith] |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S EVIDENTIARY OBJECTIONS TO THE SUPPLEMENTAL DECLARATION OF SHENNAN KAVANAGH

### INTRODUCTION

Defendant Ameriquest Mortgage Company ("Ameriquest"), hereby submits the following evidentiary objections to the Supplemental Declaration of Shennan Kavanagh filed in support of Plaintiffs' Motion for Provisional Certification of "Rescission" Class. Ameriquest reserves the right to assert additional objections at the hearing on Plaintiffs' Motion for Provisional Certification.

As detailed below, declarant Shennan Kavanagh's references to *In Re: Household Lending Litigation* and the Attorneys General settlement with Household International are not relevant because she has not made any correlation between them and the claims in the instant matter. Ms. Kavanagh has failed to state how *In Re: Household Lending Litigation* and the Attorneys General settlement have any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ms. Wiltsek's declaration

is entirely inadmissible and the Court should not consider it in support of Plaintiffs' moving papers.

## OBJECTIONS TO SUPPLEMENTAL DECLARATION OF SHENNAN KAVANAGH

**Paragraph 2:** "**Roddy Klein & Ryan served as co-lead counsel in a private class action lawsuit against Household International for predatory lending practices,** *In Re: Household Lending Litigation*, **Case No. 02-1240, in the United Stated District Court Northern District of California, which was settled and approved by the court on April 20, 2004.**"

Ameriquest objects to the foregoing sentence on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the lawsuit against Household International has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable.

**Paragraph 3:** "**Months before the resolution of the private class action lawsuit, 50 states' Attorneys General reached a $525 million predatory lending settlement with Household International.**"

Ameriquest objects to the foregoing sentence on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the Attorneys General settlement has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is

incompetent and inadmissible. Fed.R.Evid. 602.

**Paragraph 4: "In support of final approval of the private class action settlement, Roddy Klein & Ryan, along with co-counsel, submitted declarations attesting to the substantial benefits homeowners would receive under the private class action settlement, in addition, to the benefits provided under the states' Attorneys General settlement."**

Ameriquest objects to the foregoing sentence on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the declarations have any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the information contained in the declarations because it is inadmissible hearsay without an exception. Fed.R.Evid. 801.

**Paragraph 5: "Attached hereto as Exhibit A is a true and correct copy of the Declaration of Dr. Michael A. Stegman Concerning Value of Settlement to Class Members, which is on record in the United States District Court Northern District of California's electronic case management system in *In Re: Household Lending Litigation*, Case No. 02-1240. [Docket No. 173]."**

Ameriquest objects to the foregoing sentence on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser,* 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the declaration has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the information contained in the declaration because it is inadmissible hearsay without an exception. Fed.R.Evid. 801.

**Paragraph 6:** "Attached hereto is Exhibit B is a true and correct copy of the Declaration of Julie Redell of Poorman-Douglas Corp. Concerning Date Relevant to Settlement, which is on record in the United States District Court Northern District of California's electronic case management system in *In Re: Household Lending Litigation*, Case No. 02-1240. [Docket No. 179]."

Ameriquest objects to the foregoing sentence on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the declaration has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the information contained in the declaration because it is inadmissible hearsay without an exception. Fed.R.Evid. 801.

**Paragraph 7:** "The $525 million predatory lending settlement between the state Attorneys General and Household International resulted in restitution of $484 million to affected homeowners. The average proposed restitution payment to more than 594,000 households was $815.00."

Ameriquest objects to the foregoing sentence on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the above statement has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602.

**Paragraph 8:** "**Approximately 20% of those individuals declined to accept a settlement payment from their state Attorney General to release their claims.** *See*, **Stegman Declaration, ¶10, and Redell Declaration, ¶9.**"

Ameriquest objects to the foregoing sentence on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the above statement has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602. Ameriquest also objects to the information contained in the declarations because it is inadmissible hearsay without an exception. Fed.R.Evid. 801.

**Paragraph 9:** "**The separately filed private class actions settled for additional benefits to the class valued at more than $150 million.** *See*, **Stegman Declaration, ¶74.**"

Ameriquest objects to the foregoing sentence on the grounds that it is irrelevant. Fed.R.Evid. 401. The definition of relevance in Rule 401 imposes two requirements: the evidence must be probative of a proposition and that proposition must be one that is of consequence to the determination of the action. *U.S. v. Glasser*, 773 F.2d 1553, 1559 n. 4. (11th Cir. 1985). The above statement is irrelevant because it is not of consequence to the determination of this action as there is no correlation to the claims in the instant matter. The declarant has failed to state how the above statement has any tendency to make the existence of any fact that is of consequence to the determination of this matter more or less probable. Ameriquest also objects to the foregoing sentence on the grounds that the declarant lacks any showing of foundation in personal knowledge concerning the subject matter and is incompetent

///
///
///

and inadmissible. Fed.R.Evid. 602. Ameriquest also objects to the information contained in the declaration because it is inadmissible hearsay without an exception. Fed.R.Evid. 801.

DATED: February 14, 2006

BUCHALTER NEMER
A Professional Corporation

By: /s/ Bernard E. LeSage
      BERNARD E. LESAGE
*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation and Argent Mortgage Company*