**Exhibit 1**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 3 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1715*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of one action each in the Central District of California, Northern District of California, Middle District of Florida, District of Massachusetts and Southern District of New York as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the Southern District of New York action for coordinated or consolidated pretrial proceedings of these actions in the Central District of California. No plaintiff opposes the motion. Plaintiff in the Central District of California action initially opposed, but now supports, the motion for transfer to that district, along with plaintiffs in a potential tag-along action pending there.[2] Plaintiffs in the Northern District of California action support the motion; if the Panel does not order centralization in the Central District of California, these plaintiffs support transfer to any centrally located district with the resources to handle this litigation. Defendants Ameriquest Mortgage Co., Ameriquest Capital Corp. and Argent Mortgage Co. (collectively Ameriquest) oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage

---

[1] Four additional actions are pending two apiece in the Central District of California and Northern District of Illinois, and one related action each is in the Middle District of Florida and District of Minnesota. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Plaintiffs in one Northern District of Illinois related action initially opposed the motion as well, but withdrew their response because moving plaintiffs submitted a pleading expressly stating that they do not seek transfer of that action.

**OFFICIAL FILE COPY**

IMAGED DEC 1 3 2005

- 2 -

transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Ameriquest opposes the motion, in part, because plaintiffs seek redress under different legal theories and purport to represent varying putative classes. We find these contentions unpersuasive. Transfer under Section 1407 does not require a complete identity, or even majority, of common factual issues as a prerequisite to transfer and has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that allows discovery with respect to any individual issues to proceed concurrently with discovery on common issues. *See, e.g., In re Insurance Brokerage Antitrust Litigation*, 360 F.Supp. 2d 1371 (J.P.M.L. 2005). Indeed, the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and/or motion tracks, to manage this litigation efficiently and to ensure that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions.

As suggested by the moving plaintiffs, the Panel initially considered transferring this litigation to the Central District of California; however, the judge assigned to the constituent action pending in that district expressed reluctance in light of her current caseload. The Panel has thus determined that the Northern District of Illinois is an appropriate transferee district for this litigation. Two actions involving the lending practices of Ameriquest are pending in this district. Also, this geographically central district will be a convenient location for a litigation already nationwide in scope.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Marvin E. Aspen for coordinated or consolidated pretrial proceedings in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation</u>

<u>Central District of California</u>

*Adolph Peter Kurt Burggraff v. Ameriquest Capital Corp., et al.*, C.A. No. 2:04-9715

<u>Northern District of California</u>

*Nona Knox, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 3:05-240

<u>Middle District of Florida</u>

*Latonya Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 8:05-1036

<u>District of Massachusetts</u>

*Isabelle M. Murphy, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:04-12651

<u>Southern District of New York</u>

*Cheryl Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:05-6189

**Exhibit 2**

Ala.Code 1975 § 35-10-2
c

CODE OF ALABAMA
TITLE 35. PROPERTY.
CHAPTER 10. MORTGAGES.
ARTICLE 1. POWERS CONTAINED IN MORTGAGES.
> > § 35-10-2. Sale under power where instrument silent as to place or terms of sale.

If a deed of trust or mortgage, with power of sale, is silent as to the place or terms of sale, or as to the character or mode of notice, a sale may be made at the courthouse door of the county wherein the land is situated, after condition broken, for cash to the highest bidder, after 30 days' notice of the time, place and terms of sale by publishing such notice once a week for four consecutive weeks in a newspaper published in the county wherein said lands or property in said mortgage or deed of trust are situated.

Current through End of 2005 First Special Session.

Copr © 2005 by State of Alabama. All rights reserved.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





.

**Exhibit 3**

AK ST S 34.20.070                                                                                    **Page    1**
 AS 34.20.070
**C**

ALASKA STATUTES
Title 34. Property.
Chapter 20. Mortgages and Trust Deeds.
Article 2. Deeds of Trust.
> > Sec. 34.20.070 Sale by trustee.

(a) If a deed of trust is executed conveying real property located in the state to a trustee as security for the payment of an indebtedness and the deed provides that in case of default or noncompliance with the terms of the trust, the trustee may sell the property for condition broken, the trustee, in addition to the right of foreclosure and sale, may execute the trust by sale of the property, upon the conditions and in the manner set forth in the deed of trust, without first securing a decree of foreclosure and order of sale from the court, if the trustee has complied with the notice requirements of (b) of this section. If the deed of trust is foreclosed judicially or the note secured by the deed of trust is sued on and a judgment is obtained by the beneficiary, the beneficiary may not exercise the nonjudicial remedies described in this section.

(b) Not less than 30 days after the default and not less than three months before the sale the trustee shall record in the office of the recorder of the recording district in which the trust property is located a notice of default setting out (1) the name of the trustor, (2) the book and page where the trust deed is recorded or the serial number assigned to the trust deed by the recorder, (3) a description of the trust property, including the property's street address if there is a street address for the property, (4) a statement that a breach of the obligation for which the deed of trust is security has occurred, (5) the nature of the breach, (6) the sum owing on the obligation, (7) the election by the trustee to sell the property to satisfy the obligation, and (8) the date, time, and place of the sale. An inaccuracy in the street address may not be used to set aside a sale if the legal description is correct. At any time before the sale, if the default has arisen by failure to make payments required by the trust deed, the default may be cured by payment of the sum in default other than the principal that would not then be due if no default had occurred, plus attorney fees or court costs actually incurred by the trustee due to the default. If, under the same trust deed, notice of default under this subsection has been recorded two or more times previously and the default has been cured under this subsection, the trustee may elect to refuse payment and continue the sale.

(c) Within 10 days after recording the notice of default, the trustee shall mail a copy of the notice by certified mail to the last known address of each of the following persons or their legal representatives: (1) the grantor in the trust deed; (2) the successor in interest to the grantor whose interest appears of record or of whose interest the trustee or the beneficiary has actual notice, or who is in possession of the property; (3) any other person in possession of or occupying the property; (4) any person having a lien or interest subsequent to the interest of the trustee in the trust deed, where the lien or interest appears of record or where the trustee or the beneficiary has actual notice of the lien or interest. The notice may be delivered personally instead of by mail.

(d) If the State of Alaska is a subsequent party, the trustee, in addition to the notice of default, shall give the state a supplemental notice of any state lien existing as of the date of filing the notice of default. This notice must set out, with such particularity as reasonably available information will permit, the nature of the state's lien, including the name and address, if known, of the person whose liability created the lien, the amount shown on the lien document, the department of the state government involved, the recording district, and the book and page on which the lien was recorded or the serial number assigned to the lien by the recorder.

Current through all 2005 Legislation, Annotations current through Opinions
Decided as of june 24, 2005.

Copyright 2005, Alaska Statutes, 2005 by The State of Alaska and Matthew Bender

& Company, Inc. a member of the LexisNexis Group.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





AK ST S 34.20.070

All Rights Reserved.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 4**

A.R.S. § 33-807
c

ARIZONA REVISED STATUTES ANNOTATED
TITLE 33. PROPERTY
CHAPTER 6.1. DEEDS OF TRUST
ARTICLE 1. GENERAL PROVISIONS
> > § 33-807. Sale of trust property;  power of trustee;  foreclosure of trust deed

A. By virtue of his position, a power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold, in the manner provided in this chapter, after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security, or a breach or default of the trust deed. At the option of the beneficiary, a trust deed may be foreclosed in the manner provided by law for the foreclosure of mortgages on real property in which event chapter 6 of this title   [FN1] governs the proceedings.   The beneficiary or trustee shall constitute the proper and complete party plaintiff in any action to foreclose a deed of trust.  The power of sale may be exercised by the trustee without express provision therefor in the trust deed.

B. The trustee or beneficiary may file and maintain an action to foreclose a deed of trust at any time before the trust property has been sold under the power of sale.  A sale of trust property under the power of sale shall not be held after an action to foreclose the deed of trust has been filed unless the foreclosure action has been dismissed.

C. The trustee or beneficiary may file an action for the appointment of a receiver according to §§ 12-1241 and 33-702.  The right to appointment of a receiver shall be independent of and may precede the exercise of any other right or remedy.

D. The power of sale of trust property conferred upon the trustee shall not be exercised before the ninety-first day after the date of the recording of the notice of the sale.  The sale shall not be set for a Saturday or legal holiday. The trustee may schedule more than one sale for the same date, time and place.

E. The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust.  Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter.  If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

[FN1]  Section 33-701 et seq.

Current through legislation effective January 30, 2006.

© 2005 Thomson/West

END OF DOCUMENT




A.R.S. § 33-809
**c**

ARIZONA REVISED STATUTES ANNOTATED
TITLE 33. PROPERTY
CHAPTER 6.1. DEEDS OF TRUST
ARTICLE 1. GENERAL PROVISIONS
\> \>§ 33-809. Request for copies of notice of sale;  mailing by trustee;  disclosure of information regarding trustee sale

A. A person desiring a copy of a notice of sale under a trust deed, at any time subsequent to the recording of the trust deed and prior to the recording of a notice of sale pursuant thereto, shall record in the office of the county recorder in any county in which part of the trust property is situated a duly acknowledged request for a copy of any such notice of sale.  The request shall set forth the name and address of the person or persons requesting a copy of such notice and shall identify the trust deed by setting forth the county, docket or book and page of the recording data thereof and by stating the names of the original parties to such deed, the date the deed was recorded and the legal description of the entire trust property and shall be in substantially the following form:

<pre>
                      Request for Notice
      Request is hereby made that a copy of any notice of sale under the
trust deed recorded in docket or book _____ at page _____,
records of _____ county, Arizona, _____, _____,
                  (legal description of trust property)
      Executed by _____ as trustor, in which _____ is named
as beneficiary and _____ as trustee, be mailed to _____
at _____.
      Dated this _____ day of _____, _____

                        _____
                                  Signature
(Acknowledgement)
</pre>

B. Not later than thirty days after recording the notice of sale, the trustee shall mail by certified or registered mail, with postage prepaid, a copy of the notice of sale that reflects the recording date together with any notice required to be given by subsection C of this section, addressed as follows:

1. To each person whose name and address are set forth in a request for notice, which has been recorded prior to the recording of the notice of sale, directed to the address designated in such request.

2. To each person who, at the time of recording of the notice of sale, appears on the records of the county recorder in the county in which any part of the trust property is situated to have an interest in any of the trust property. The copy of the notice sent pursuant to this paragraph shall be addressed to the person whose interest appears of record at the address set forth in the document.  If no address for the person is set forth in the document, the copy of the notice may be addressed in care of the person to whom the recorded document evidencing such interest was directed to be mailed at the time of its recording or to any other address of the person known or ascertained by the trustee.  If the interest that appears on the records of the county recorder is a deed of trust, a copy of the notice only needs to be mailed to the beneficiary under the deed of trust.  If any person having an interest of record or the trustor, or any person who has recorded a request for notice, desires to change the address to which notice shall be mailed, the change shall be accomplished by a request as provided under this section.

C. The trustee, within five business days after the recordation of a notice of sale, shall mail by certified or registered mail, with postage prepaid, a copy of the notice of sale to each of the persons who were parties to the trust deed

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




except the trustee.  The copy of the notice mailed to the parties need not show the recording date of the notice.  The notice sent pursuant to this subsection shall be addressed to the mailing address specified in the trust deed.  In addition, notice to each party shall contain a statement that a breach or nonperformance of the trust deed or the contract or contracts secured by the trust deed, or both, has occurred, and setting forth the nature of such breach or nonperformance and of the beneficiary's election to sell or cause to be sold the trust property under the trust deed and the additional notice shall be signed by the beneficiary or the beneficiary's agent.  A copy of the additional notice shall also be sent with the notice provided for in subsection B, paragraph 2 of this section to all persons whose interest in the trust property is subordinate in priority to that of the deed of trust along with a written statement that the interest may be subject to being terminated by the trustee's sale.  The written statement may be contained in the statement of breach or nonperformance.

D. No request for a copy of a notice recorded pursuant to this section, nor any statement or allegation in any request, nor any record of request, shall affect the title to the trust property or be deemed notice to any person that a person requesting a copy of notice of sale has or claims any interest in, or claim upon, the trust property.

E. At any time that the trust deed is subject to reinstatement pursuant to § 33-813, but not sooner than thirty days after recordation of the notice of trustee's sale, the trustee shall upon receipt of a written request, provide, if actually known to the trustee, the following information relating to the trustee's sale and the trust property:

1. The unpaid principal balance of the note or other obligation which is secured by the deed of trust.

2. The name and address of record of the owner of the trust property as of the date of recordation of the notice of trustee's sale.

3. A list of the liens and encumbrances upon the trust property as of the date of recordation of the notice of trustee's sale, excluding those matters set forth in § 33-438, subsection A.

If the trustee elects to charge a fee for providing the information requested, the fee shall not exceed five per cent of the amount the trustee may charge pursuant to § 33-813, subsection B, paragraph 4, except that the trustee shall not charge a fee that is more than one hundred dollars or be required to accept a fee that is less than thirty dollars but may accept a lesser fee at the trustee's discretion.  The trustee, or any other person furnishing information pursuant to this subsection to the trustee, shall not be subject to liability for any error or omission in providing the information requested, except for the wilful and intentional failure to provide information in the trustee's actual possession.

F. Beginning at 9:00 a.m. And continuing until 5:00 p.m. Mountain standard time on the last business day preceding the day of sale and beginning at 9:00 a.m. Mountain standard time and continuing until the time of sale on the day of the sale, the trustee shall make available the actual bid or a good faith estimate of the credit bid the beneficiary is entitled to make at the sale.  If the actual bid or good faith estimate is not available during the prescribed time period, the trustee shall postpone the sale until the trustee is able to comply with this subsection.

G. In providing information pursuant to subsections E and F of this section, the trustee, without obligation or liability for the accuracy or completeness of the information, may respond to oral requests, respond orally or in writing or provide additional information not required by such subsections.  With respect to property that is the subject of a trustee's sale, the beneficiary of such deed of trust or the holder of any prior lien may, but shall not be required to, provide information concerning such deed of trust or any prior lien that is not required by subsection E or F of this section and may charge a reasonable fee for providing the information.  The providing of such information by any beneficiary or holder of a prior lien shall be without obligation or liability for the accuracy or completeness of the information.

Current through legislation effective January 30, 2006.

© 2005 Thomson/West

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 5**

A.C.A. § 18-50-103

**c**

*WEST'S* ARKANSAS CODE ANNOTATED
TITLE 18. PROPERTY
SUBTITLE 4. MORTGAGES AND LIENS (CHAPTERS 39 TO 59)
CHAPTER 50. STATUTORY FORECLOSURES
> > § 18-50-103. Conditions to exercise of power

A trustee or mortgagee may not sell the trust property unless:

(1) The deed of trust or mortgage is filed for record with the recorder of the county in which the trust property is situated;

(2) There is a default by the mortgagor, grantor, or other person owing an obligation, the performance of which obligation is secured by the mortgage or deed of trust or by their successors in interest with respect to any provision in the mortgage or deed of trust that authorizes sale in the event of default of the provision;

(3) The mortgagee, trustee, or beneficiary has filed for record with the recorder of the county in which the trust property is situated a duly acknowledged notice of default and intention to sell containing the information required by § 18-50-104;

(4) No action has been instituted to recover the debt or any part of it secured by the mortgage or deed of trust or, if such action has been instituted, the action has been dismissed;  and

(5) A period of at least sixty (60) days has elapsed since the recording of the notice of default and intention to sell.

Current through 2005 Regular Session of the 85th General Assembly and
November 8, 2005 General Election, including changes made by the Arkansas
Code Revision Commission as a result of the 2005 Regular Session.

Copyright © 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




A.C.A. § 18-50-104
c

*WEST'S* ARKANSAS CODE ANNOTATED
TITLE 18. PROPERTY
SUBTITLE 4. MORTGAGES AND LIENS (CHAPTERS 39 TO 59)
CHAPTER 50. STATUTORY FORECLOSURES
>>§ 18-50-104. Contents of notice--Persons to receive notice

(a) The mortgagee's or trustee's notice of default and intention to sell shall set forth:

(1) The names of the parties to the mortgage or deed of trust;

(2) A legal description of the trust property and, if applicable, the street address of the property;

(3) The book and page numbers where the mortgage or deed of trust is recorded or the recorder's document number;

(4) The default for which foreclosure is made;

(5) The mortgagee's or trustee's intention to sell the trust property to satisfy the obligation, including in conspicuous type a warning as follows: "YOU MAY LOSE YOUR PROPERTY IF YOU DO NOT TAKE IMMEDIATE ACTION"; and

(6) The time, date, and place of sale.

(b) The mortgagee's or trustee's notice of default and intention to sell shall be mailed within thirty (30) days of the recording of the notice by certified mail, postage prepaid and by first class mail, postage prepaid, to the address last known to the mortgagee or the trustee or beneficiary of the following persons:

(1) The mortgagor or grantor of the deed of trust;

(2) Any successor in interest to the mortgagor or grantor whose interest appears of record or whose interest the mortgagee or the trustee or beneficiary has actual notice;

(3) Any person having a lien or interest subsequent to the interest of the mortgagee or trustee when that lien or interest appears of record or when the mortgagee, the trustee, or the beneficiary has actual notice of the lien or interest; and

(4) Any person requesting notice, as provided in § 18-50-113.

(c) The disability, incapacity, or death of any person to whom notice must be given under this section shall not delay or impair in any way the mortgagee's or trustee's right to proceed with a sale, provided that the notice has been given in the manner required by this section to the guardian or conservator or to the administrator or executor, as the case may be.

Current through 2005 Regular Session of the 85th General Assembly and
November 8, 2005 General Election, including changes made by the Arkansas
Code Revision Commission as a result of the 2005 Regular Session.

Copyright © 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 6**

**Page 1**

West's Ann.Cal.Civ.Code § 2924
c

Effective: January 01, 2001

WEST'S ANNOTATED CALIFORNIA CODES
CIVIL CODE
DIVISION 3. OBLIGATIONS
PART 4. OBLIGATIONS ARISING FROM PARTICULAR TRANSACTIONS
TITLE 14. LIEN
CHAPTER 2. MORTGAGE
ARTICLE 1. MORTGAGES IN GENERAL
>>§ 2924. Transfer as security deemed mortgage or pledge; power of sale; restrictions on exercise; notice of default and election to sell; recordation; waiting period; notice of sale; evidence of compliance

Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by actual change of possession, in which case it is to be deemed a pledge. Where, by a mortgage created after July 27, 1917, of any estate in real property, other than an estate at will or for years, less than two, or in any transfer in trust made after July 27, 1917, of a like estate to secure the performance of an obligation, a power of sale is conferred upon the mortgagee, trustee, or any other person, to be exercised after a breach of the obligation for which that mortgage or transfer is a security, the power shall not be exercised except where the mortgage or transfer is made pursuant to an order, judgment, or decree of a court of record, or to secure the payment of bonds or other evidences of indebtedness authorized or permitted to be issued by the Commissioner of Corporations, or is made by a public utility subject to the provisions of the Public Utilities Act, until (a) the trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default, identifying the mortgage or deed of trust by stating the name or names of the trustor or trustors and giving the book and page, or instrument number, if applicable, where the same is recorded or a description of the mortgaged or trust property and containing a statement that a breach of the obligation for which the mortgage or transfer in trust is security has occurred, and setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default, and where the default is curable pursuant to Section 2924c, containing the statement specified in paragraph (1) of subdivision (b) of Section 2924c; (b) not less than three months shall thereafter elapse; and (c) after the lapse of the three months the mortgagee, trustee or other person authorized to take the sale shall give notice of sale, stating the time and place thereof, in the manner and for a time not less than that set forth in Section 2924f. In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage. In performing the acts required by this article, a trustee shall not be subject to Title 1.6c (commencing with Section 1788) of Part 4. A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice. The mailing, publication, and delivery of notices as required herein, and the performance of the procedures set forth in this article, shall constitute privileged communications within Section 47. There is a rebuttable presumption that the beneficiary actually knew of all unpaid loan payments on the obligation owed to the beneficiary and secured by the deed of trust or mortgage subject to the notice of default. However, the failure to include an actually known default shall not invalidate the notice of sale and the beneficiary shall not be precluded from asserting a claim to this omitted default or defaults in a separate notice of default.

Current through Ch. 6 of 2006 Reg.Sess. urgency legislation

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





© 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 7**

C.R.S.A. § 38-38-102.5

**c**

*WEST'S* COLORADO REVISED STATUTES ANNOTATED
TITLE 38. PROPERTY--REAL AND PERSONAL
REAL PROPERTY
MORTGAGES AND TRUST DEEDS
ARTICLE 38. FORECLOSURE SALES
PART 1. FORECLOSURE SALE
> >§ 38-38-102.5. Notice prior to residential foreclosure

(1) For the purposes of this section, unless the context otherwise requires:

(a) "Consumer loan" means a consumer loan as defined in section 5-1- 301(15)(a) and (15)(b), C.R.S., and shall not exclude a loan primarily secured by an interest in land as defined in section 5-1-301(26), C.R.S.

(b) "Dwelling" shall have the same meaning as defined in section 5-1- 301(18), C.R.S.

(c) "Residence" shall have the same meaning as defined in section 5-1- 201(6), C.R.S.

(2) With respect to any consumer loan secured by a deed of trust or mortgage, recorded after January 1, 2002, which encumbers a dwelling, after a default consisting solely of a failure to make any required payment, the owner of the evidence of indebtedness shall, not more than forty-five days after initial default and at least twenty days prior to the recording of a notice of election and demand, or the initiation of a suit for foreclosure, provide written notice of such default and the opportunity to cure, to all persons liable on the debt at the address of the residence of each such person. The failure to provide the notice and opportunity to cure specified herein shall not affect the validity of the deed of trust or mortgage, the ability of the owner of the indebtedness to foreclose pursuant to the deed of trust or mortgage, the foreclosure proceeding, or any proceeding conducted in connection therewith.

(3) The notice to be given pursuant to this section shall contain the name, address, and telephone number of the owner of the indebtedness to which payment is to be made, a brief identification of the credit transaction, the right to cure the default, and the amount of payment and date by which payment must be received to cure the default.

Current through the end of the 2005 First Regular Session of the 65th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 8**

C.G.S.A. § 49-31d
**c**

CONNECTICUT  GENERAL STATUTES  ANNOTATED
TITLE 49. MORTGAGES AND LIENS
CHAPTER 846. MORTGAGES
> > § 49-31d. Definitions

For the purposes of sections 49-31d to 49-31i, inclusive:

(1) "Unemployed person" means a person who is unemployed for purposes of chapter 567. [FN1]

(2) "Homeowner" means a person who has an ownership interest in residential real property secured by a mortgage which is the subject of a foreclosure action, and who has owned and occupied such property as his principal residence for a continuous period of not less than two years immediately preceding the commencement of such foreclosure action.

(3) "Restructured mortgage debt" means the adjustment by a court of a mortgage debt to give protection from a foreclosure action.

(4) "Protection from foreclosure" means a court-ordered restructuring of a mortgage debt designed to eliminate an arrearage in payments on such debt and to provide a period not to exceed six months during which foreclosure is stayed.

(5) "Lender" means any person who makes or holds mortgage loans in the ordinary course of business and who is the holder of any first mortgage on residential real estate which is the subject of a foreclosure action.

(6) "Underemployed person" means a person whose earned income during the twelve-month period immediately preceding the commencement of the foreclosure action is (A) less than fifty thousand dollars and (B) less than seventy-five per cent of his average annual earned income during the two years immediately preceding such twelve-month period.

[FN1]  C.G.S.A. § 31-222 et seq.

Current through the 2006 Supplement to the Connecticut General Statutes.

Copyright © 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




C.G.S.A. § 49-31e
c

CONNECTICUT  GENERAL STATUTES  ANNOTATED
TITLE 49. MORTGAGES AND LIENS
CHAPTER 846. MORTGAGES
> >§ 49-31e. Notice to homeowner of protections from foreclosure

(a) In an action by a lender for the foreclosure of a mortgage of residential real property, such lender shall give notice to the homeowner of the availability of the provisions of sections 49-31d to 49-31i, inclusive, at the time the action is commenced.

(b) A homeowner who is given notice of the availability of the provisions of  sections 49-31d to 49-31i, inclusive, must make application for protection from foreclosure within twenty-five days of the return day.

(c) No judgment foreclosing the title to real property by strict foreclosure or by a decree of sale shall be entered unless the court is satisfied from pleadings or affidavits on file with the court that notice has been given to the homeowner against whom the foreclosure action is commenced of the availability of the provisions of sections 49-31d to 49-31i, inclusive.

(d) If a homeowner against whom the foreclosure action is commenced was not given notice of the availability of the provisions of sections 49-31d to 49-31i, inclusive, at the time the action was commenced, and such homeowner was eligible to apply for protection from foreclosure at such time, the court, upon its own motion or upon the written motion of such homeowner, may issue an order staying the foreclosure action for fifteen days during which period the homeowner may apply to the court for protection from foreclosure by submitting an application together with a financial affidavit as required by subsection (a) of section 49-31f.

Current through the 2006 Supplement to the Connecticut General Statutes.

Copyright © 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




C.G.S.A. § 49-31f
**c**

CONNECTICUT GENERAL STATUTES ANNOTATED
TITLE 49. MORTGAGES AND LIENS
CHAPTER 846. MORTGAGES
>>§ 49-31f. Application for protection from foreclosure action. Qualifications. Court determination of eligibility. Stay of foreclosure action

(a) Subject to the provisions of subsection (b), a homeowner who is underemployed or unemployed against whom a foreclosure action is brought may make application, together with a financial affidavit, to the court having jurisdiction over the foreclosure action for protection from foreclosure if: (1) The mortgage being foreclosed encumbers the residential real property, which property has served as his principal residence, for a period of not less than two years, (2) such homeowner has not had a foreclosure action commenced against him in the preceding seven-year period and (3) such homeowner has not received an emergency mortgage assistance loan and has not applied for emergency mortgage assistance for two years before the application under the provisions of sections 8-265cc to 8-265ii, inclusive.

(b) If the residential real property which is the subject of a foreclosure action is owned by more than one person, (1) no homeowner shall be deemed an unemployed person or an underemployed person, for the purposes of sections 49-31d to 49-31i, inclusive, unless the aggregate earned income of all the homeowners of the residential real property which is the subject of such foreclosure action during the twelve-month period immediately preceding the commencement of the foreclosure action is less than fifty thousand dollars and less than seventy-five per cent of the average aggregate annual earned income during the two years immediately preceding such twelve-month period for all such homeowners and (2) all homeowners of said property other than the homeowner making application in accordance with subsection (a) shall file a financial affidavit in connection with such application.

(c) The court shall determine the eligibility of such homeowner for protection from foreclosure pursuant to the provisions of sections 49-31d to 49-31i, inclusive.

(d) In determining the eligibility of a homeowner for protection from foreclosure under the provisions of sections 49-31d to 49-31i, inclusive, the court may consider any relevant facts and shall consider:

(1) The likelihood that the homeowner will be able to make timely payments on the restructured mortgage commencing at the end of the restructuring period.

(2) The presence of any substantial prejudice to the lender or any subordinate lienor or encumbrancer which would result from a restructuring of the mortgage debt.

(e) If the court determines the equity the homeowner has in the property and hears testimony from an appraiser produced by the lender in connection with such determination, (1) the reasonable cost of the appraisal and the appraiser's appearance as a witness shall be part of the court costs to be added to the principal balance pursuant to subdivision (4) of subsection (a) of section 49-31i if a restructuring order is granted and (2) the reasonable cost of said appraiser's appearance as a witness shall be part of the taxable costs of the action, in addition to the taxable costs for such appraisal and the appraiser's appearance as a witness at a subsequent hearing for a judgment of foreclosure if such order is not granted.

(f) If the court approves the application for protection from foreclosure and restructures the mortgage debt, the foreclosure action shall be stayed for the restructuring period. If, for a period of three months following the end of the restructuring period, there are no further proceedings to continue the foreclosure proceedings based upon a default on the mortgage as restructured, the foreclosure action shall be dismissed. The restructured mortgage debt shall have the same priority as if it had been advanced at the time the mortgage was delivered.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





(g) No homeowner who files a defense to any action for foreclosure shall be eligible to make application for protection from such foreclosure pursuant to the provisions of this section.

Current through the 2006 Supplement to the Connecticut General Statutes.

Copyright © 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





C.G.S.A. § 49-31g
**C**

CONNECTICUT  GENERAL STATUTES  ANNOTATED
TITLE 49. MORTGAGES AND LIENS
CHAPTER 846. MORTGAGES
> > § 49-31g. Restructuring of mortgage debt by court

(a) If it determines that a homeowner who is an underemployed person is eligible for protection from foreclosure pursuant to subsections (a) and (c) of section 49-31f, the court in its discretion may order the restructuring of the mortgage debt of such homeowner so as to eliminate any arrearage in payments on the mortgage debt and may allow a restructuring period not to exceed six months.

(b) If it determines that a homeowner who is an unemployed person is eligible for protection from foreclosure pursuant to subsection (a) of section 49- 31f, the court shall order the restructuring of the mortgage debt to eliminate any arrearage in payments on the mortgage debt and shall order a restructuring period not to exceed six months.

Current through the 2006 Supplement to the Connecticut General Statutes.

Copyright © 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





C.G.S.A. § 49-31h
c

CONNECTICUT  GENERAL STATUTES  ANNOTATED
TITLE 49. MORTGAGES AND LIENS
CHAPTER 846. MORTGAGES
>>§ 49-31h. Partial payment by homeowner mandated by court as condition for granting of restructuring order

 (a) As a condition to the granting of a restructuring order, the court may order the homeowner to pay to the lender during the restructuring period an amount not to exceed twenty-five per cent of his net income per month as a means of demonstrating the homeowner's good faith effort to reduce his mortgage indebtedness.

(b) For purposes of this section, "net income" shall include any unemployment benefit received by the homeowner in accordance with chapter 567. [FN1]

[FN1]  C.G.S.A. § 31-222 et seq.

Current through the 2006 Supplement to the Connecticut General Statutes.

Copyright © 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





C.G.S.A. § 49-31i

c

CONNECTICUT GENERAL STATUTES ANNOTATED
TITLE 49. MORTGAGES AND LIENS
CHAPTER 846. MORTGAGES
> > § 49-31i. Determination of restructured mortgage debt. Limitations on amount of mortgage debt following restructuring. Computation of new mortgage debt

(a) In determining the restructured mortgage debt, the court shall add the following to the existing principal balance of the mortgage debt: (1) All interest then due the lender and any interest that will be earned to the end of any restructuring period, including interest on any payments advanced by the lender during the restructuring period, such interest to be computed at the rate provided in the mortgage note, (2) real property taxes, (3) premiums for Federal Housing Administration, Veterans' Administration and private mortgage insurance, and (4) court costs, legal fees and any other sums the court determines to be due under the terms of the mortgage indebtedness by the court. The court shall then apply the composite interest rate as provided in subsection (c) of this section to such total restructured debt over the remaining term of the loan.

(b) The amount of the mortgage debt at the end of any period of restructuring shall in no event exceed either the amount of the original mortgage debt or ninety per cent of the fair market value of the property as determined by an accredited real estate appraiser at the time of restructuring, whichever is greater. The provisions for restructuring the mortgage debt and staying the foreclosure shall apply only if the debt as restructured would not exceed such amount. Any sums added to the existing mortgage debt as a result of a restructuring order shall accrue interest at prevailing market rates after the conclusion of the restructuring period, which rate shall be either fixed or variable depending upon the underlying mortgage note.

(c) At the conclusion of the restructuring period, the new mortgage debt shall be computed based upon a composite rate of interest. The composite rate of interest shall be a weighted average of the original mortgage interest rate as to the principal balance and the prevailing interest rate as to all sums added to the principal balance to establish the total restructured mortgage debt, except that in the case of a flexible rate, variable rate or similar adjustable rate mortgage note, the provisions of the underlying mortgage note for the redetermination of the interest rate on the mortgage shall continue to apply and remain in full force and effect during the remainder of the term of the mortgage.

Current through the 2006 Supplement to the Connecticut General Statutes.

Copyright © 2006 Thomson/West

END OF DOCUMENT





**Exhibit 9**



DE ST TI 25 § 2101                                                   Page 1
**25 Del.C. § 2101**

**C**

DELAWARE CODE ANNOTATED
TITLE 25. PROPERTY
PART II. MORTGAGES AND OTHER LIENS
CHAPTER 21. MORTGAGES ON REAL ESTATE
   **§ 2101  Form of mortgage; effect.**

(a) The following shall be a sufficient form of mortgage for the purpose of creating a lien on real estate within this State:

WHEREAS, A. D. of ................, hereinafter called party of the first part, in and by his certain obligation duly executed, bearing even date herewith, stands bound unto C. D. of ............... in the sum of ............... Dollars, payable ............... together with interest thereon, at the rate of ............... per centum per annum, payable ................, from the date thereof, together with costs and counsel fees, under the terms and conditions therein expressed.

NOW THIS MORTGAGE WITNESSETH, that the said party of the first part for and in consideration of the aforesaid debt of ............... Dollars, and for the better securing the payment of the same, with interest, as aforesaid and costs and counsel fees, doth hereby grant and convey unto the said party of the second part,

   ALL

   DESCRIPTION OF PREMISES

   RECITAL

And it is hereby expressly provided and agreed that if any action, suit, matter or proceeding be brought for the enforcement of this mortgage or the accompanying bond, and if the plaintiff or lien holder in said action, suit or proceeding shall recover judgment in any sum, such plaintiff or lien holder shall also recover as reasonable counsel fees ............... per centum of the amount decreed for principal and interest, which said counsel fees shall be entered, allowed and paid as a part of the decree or judgment in said action, suit or proceeding.

Provided Always, Nevertheless, that if the said party of the first part, his Heirs, Executors, Administrators or Assigns, shall and do well and truly pay, or cause to be paid, unto the said party of the second part, his Executors, Administrators or Assigns, the aforesaid debt of ............... dollars on the day and time hereinbefore mentioned and appointed for the payment thereof with interest, then and from henceforth, as well this present Indenture, and the estate hereby granted, as the said recited Obligation, shall cease, determine and become void and of no effect, anything hereinbefore contained to the contrary thereof, in anywise notwithstanding.

In Witness Whereof, the said party of the first part has hereunto set his hand and seal this ............... day of ............................... A.D. ........................

Sealed and delivered in

the presence of

....................                           .................. (Seal)

(b) A mortgage in the above form duly executed, acknowledged and recorded shall operate and be effective as a valid mortgage lien upon the entire interest of the mortgagors in the premises therein described, and proceedings thereon may be taken as now provided by law, for the foreclosure of mortgages.

©  2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(c) Nothing herein contained shall invalidate a mortgage not made in the above form,
but a mortgage made in the form heretofore in common use within this State shall be
valid and effectual.

(33 Del. Laws, c. 209; Code 1935, §  3688; 25 Del. C. 1953, §  2101.)

<General Materials (GM) - References, Annotations, or Tables>


NOTES, REFERENCES, AND ANNOTATIONS


**Subsection (a) of this section contemplates that mortgage be sealed.** Monroe Park v.
Metropolitan Life Ins. Co.,  457 A.2d 734 (Del. 1983).

**But a recorded unsealed document can be a mortgage.** -- A recorded unsealed document
can be a "mortgage" and can take priority over a subsequently recorded sealed
mortgage executed in favor of a third party. Handler Constr., Inc. v. Corestates
Bank,  633 A.2d 356 (Del. 1993).

**Recommended format suggestive rather than mandatory.** -- A plain and common sense
interpretation of this section indicates that the format is suggestive rather than
mandatory, except for the necessary technical components of a mortgage such as the
amount of debt, description of premises, acknowledgement, seal, etc. Wilmington
Savs. Fund Soc'y  v. 1025 Assocs., 106 Bankr. 805 (Bankr. D. Del. 1989).

**Acknowledgment not a formal mortgage element.** -- Failure of a partnership's general
partners to sign a mortgage modification in front of a notary public (although the
notary acknowledged the signatures outside of the presence of the general partners)
did not void the instrument, which was regular on its face; regardless, this section
did not equate an acknowledgment with a formal mortgage element. Borders v. Townsend
Assocs.,  -- A.2d -- (Del. Super. Ct. Apr. 17, 2002).

**25 Del.C. §  2101, DE ST TI 25 §  2101**


Current through the First Regular Session of the 143rd General Assembly
75 Del. Laws, Ch. 222 (2005)

Delaware Code Annotated.  Copyright © 2005 by the State of Delaware.


All rights reserved.

END OF DOCUMENT


© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Exhibit 10**

DC ST § 42-815
**c**

Formerly cited as DC ST 1981 § 45-715

DISTRICT OF COLUMBIA OFFICIAL CODE 2001 EDITION
DIVISION VII. PROPERTY.
TITLE 42. REAL PROPERTY.
SUBTITLE I. GENERAL.
CHAPTER 8. MORTGAGES AND DEEDS OF TRUST.
> > § 42-815. Application to court to fix terms and determine notice of sale;  notice under power of sale provision.

 (a) If the length of notice and terms of sale are not prescribed by the mortgage or deed of trust, or be not left therein to the judgment or discretion of the mortgagee or trustee, any person interested in such sale may apply to the court, before such sale is advertised, to fix the terms of sale and determine what notice of sale shall be given.

(b) No foreclosure sale under a power of sale provision contained in any deed of trust, mortgage or other security instrument, may take place unless the holder of the note secured by such deed of trust, mortgage, or security instrument, or its agent, gives written notice, by certified mail return receipt requested, of said sale to the owner of the real property encumbered by said deed of trust, mortgage or security instrument at his last known address, with a copy of said notice being sent to the Mayor of the District of Columbia, or his designated agent, at least 30 days in advance of the date of said sale. Said notice shall be in such format and contain such information as the Council of the District of Columbia shall by regulation prescribe.  The 30-day period shall commence to run on the date of receipt of such notice by the Mayor.  The Mayor or his agent shall give written acknowledgment to the holder of said note, or its agent, on the day that he receives such notice, that such notice has been received, indicating therein the date of receipt of such notice.  The notice required by this subsection in regard to said mortgages and deeds of trust shall be in addition to the notice described by subsection (a) of this section.

Current through December 9, 2005

Copyright © 2005 By The District of Columbia. All Rights Reserved.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 11**

West's F.S.A. § 702.035
▷

WEST'S FLORIDA STATUTES ANNOTATED
TITLE XL. REAL AND PERSONAL PROPERTY (CHAPTERS 689-724)
CHAPTER 702. FORECLOSURE OF MORTGAGES, AGREEMENTS FOR DEEDS, AND STATUTORY
LIENS
> >702.035. Legal notice concerning foreclosure proceedings

Whenever a legal advertisement, publication, or notice relating to a foreclosure proceeding is required to be
placed in a newspaper, it is the responsibility of the petitioner or petitioner's attorney to place such advertisement,
publication, or notice.  The advertisement, publication, or notice shall be placed directly by the attorney for the
petitioner, by the petitioner if acting pro se, or by the clerk of the court.

Current through Chapter 362 (End) of the 2005 Special 'B' Session of the
Nineteenth Legislature

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 12**

Ga. Code Ann., § 44-14-162.2

**C**

*WEST'S* CODE OF GEORGIA ANNOTATED
TITLE 44. PROPERTY
CHAPTER 14. MORTGAGES, CONVEYANCES TO SECURE DEBT, AND LIENS
ARTICLE 7. FORECLOSURE
PART 1. IN GENERAL
> >§ 44-14-162.2. Notice of foreclosure sale

(a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 15 days before the date of the proposed foreclosure. Such notice shall be in writing and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm.

(b) The notice required by subsection (a) of this Code section shall be given by mailing or delivering to the debtor a copy of the published legal advertisement or a copy of the notice of sale submitted to the publisher.

Current through end of the 2005 Special Session

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 13**

Citation                Found Document          Rank(R) 1 of 2          Database
HI ST S 667-5                                                          HI-ST-ANN
 HRS s 667-5
<KeyCite Yellow Flag>

TEXT
HAWAII REVISED STATUTES ANNOTATED
DIVISION 4. COURTS AND JUDICIAL PROCEEDINGS
TITLE 36. CIVIL REMEDIES AND DEFENSES AND SPECIAL PROCEEDINGS.
CHAPTER 667. MORTGAGE FORECLOSURES.
PART I. FORECLOSURE BY ACTION OR FORECLOSURE BY POWER OF SALE.
>>s 667-5  Foreclosure under power of sale; notice; affidavit after sale.
When a power of sale is contained in a mortgage, the mortgagee, or the
mortgagee's successor in interest, or any person authorized by the power to act
in the premises, may, upon a breach of the condition, give notice of the
mortgagee's, successor's, or person's intention to foreclose the mortgage and of
the sale of the mortgaged property, by publication of the notice once in each of
three successive weeks (three publications), the last publication to be not less
than fourteen days before the day of sale, in a newspaper having a general
circulation in the county in which the mortgaged property lies; and also give
such notices and do all such acts as are authorized or required by the power
contained in the mortgage. Copies of the notice shall be filed with the state
director of taxation and shall be posted on the premises not less than twenty-
one days before the day of sale.
Any sale, of which notice has been given as aforesaid, may be postponed from
time to time by public announcement made by the mortgagee or by some person
acting on the mortgagee's behalf. The mortgagee shall, within thirty days after
selling the property in pursuance of the power, file a copy of the notice of
sale and the mortgagee's affidavit, setting forth the mortgagee's acts in the
premises fully and particularly, in the bureau of conveyances.
The affidavit and copy of the notice shall be recorded and indexed by the
registrar, in the manner provided in chapter 501 or 502, as the case may be.
This section is inapplicable if the mortgagee is foreclosing as to personal
property only.
NOTES, REFERENCES, AND ANNOTATIONS
Current through 2004 Regular Session
Copyright 2004 Matthew Bender & Company, Inc. a member of the LexisNexis
Group. All rights reserved.
END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




Citation                 Found Document        Rank(R) 1 of 1              Database
HI ST S 667-22                                                             HI-ST-ANN
 HRS s 667-22
**<KeyCite Yellow Flag>**

TEXT
HAWAII REVISED STATUTES ANNOTATED
DIVISION 4. COURTS AND JUDICIAL PROCEEDINGS
TITLE 36. CIVIL REMEDIES AND DEFENSES AND SPECIAL PROCEEDINGS.
CHAPTER 667. MORTGAGE FORECLOSURES.
PART II. ALTERNATE POWER OF SALE FORECLOSURE PROCESS.
>>s 667-22  Notice of default; contents; distribution.
(a) When the mortgagor or the borrower has breached the mortgage agreement, and
when the foreclosing mortgagee intends to conduct a power of sale foreclosure
under this part, the foreclosing mortgagee shall prepare a written notice of
default addressed to the mortgagor, the borrower, and any guarantor. The notice
of default shall state:
(1) The name and address of the current mortgagee;
(2) The name and last known address of the mortgagor, the borrower, and any
guarantor;
(3) The address or a description of the location of the mortgaged property, and
the tax map key number of the mortgaged property;
(4) The description of the default, and if the default is a monetary default, an
itemization of the delinquent amount shall be given;
(5) The action that must be taken to cure the default, including the amount to
cure the default, together with the estimated amount of the foreclosing
mortgagee's attorney's fees and costs, and all other fees and costs estimated to
be incurred by the foreclosing mortgagee related to the default by the deadline
date;
(6) The date by which the default must be cured, which deadline date shall be at
least sixty days after the date of the notice of default;
(7) That if the default is not cured by the deadline date stated in the notice
of default, the entire unpaid balance of the moneys owed to the mortgagee under
the mortgage agreement will be due, that the mortgagee intends to conduct a
power of sale foreclosure to sell the mortgaged property at a public sale
without any court action and without going to court, and that the mortgagee or
any other person may acquire the mortgaged property at the public sale; and
(8) The name, address in the State, and the telephone number in the State of the
person representing the foreclosing mortgagee.
(b) The notice of default shall also contain wording substantially similar to
the following in all capital letters:
"IF THE DEFAULT ON THE LOAN CONTINUES AFTER THE DEADLINE DATE IN THIS NOTICE,
THE MORTGAGED PROPERTY MAY BE FORECLOSED AND SOLD WITHOUT ANY COURT ACTION AND
WITHOUT GOING TO COURT.
YOU MAY HAVE CERTAIN LEGAL RIGHTS OR DEFENSES. FOR ADVICE, YOU SHOULD CONSULT
WITH AN ATTORNEY LICENSED IN THIS STATE.
AFTER THE DEADLINE DATE IN THIS NOTICE, TWO PUBLIC SHOWINGS (OPEN HOUSES) OF THE
PROPERTY BY THE LENDER WILL BE HELD, BUT ONLY IF ALL MORTGAGORS (OWNERS) OF THE
PROPERTY SO AGREE. TO SHOW THAT ALL OWNERS AGREE TO ALLOW TWO OPEN HOUSES BY THE
LENDER, ALL OWNERS MUST SIGN A LETTER SHOWING THEY AGREE. ALL OWNERS MUST SEND
THE SIGNED LETTER TO THIS OFFICE AT THE ADDRESS GIVEN IN THIS NOTICE.
THIS OFFICE MUST ACTUALLY RECEIVE THE SIGNED LETTER BY THE DEADLINE DATE IN THIS
NOTICE. THE SIGNED LETTER MUST BE SENT TO THIS OFFICE BY CERTIFIED MAIL,

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




HI ST S 667-22
TEXT

REGISTERED MAIL, OR EXPRESS MAIL, POSTAGE PREPAID AND RETURN RECEIPT REQUESTED.
IF THE SIGNED LETTER IS NOT RECEIVED BY THIS OFFICE BY THE DEADLINE DATE, THE
PROPERTY WILL THEN BE SOLD WITHOUT ANY OPEN HOUSES BEING HELD.
EVEN IF THIS OFFICE RECEIVES THE SIGNED LETTER TO ALLOW THE LENDER TO HOLD TWO
OPEN HOUSES OF THE PROPERTY, IF ALL OWNERS LATER DO NOT COOPERATE TO ALLOW THE
OPEN HOUSES, THE PROPERTY WILL BE SOLD WITHOUT ANY OPEN HOUSES BEING HELD.
ALL FUTURE NOTICES AND CORRESPONDENCE WILL BE MAILED TO YOU AT THE ADDRESS AT
WHICH YOU RECEIVED THIS NOTICE UNLESS YOU SEND WRITTEN INSTRUCTIONS TO THIS
OFFICE INFORMING THIS OFFICE OF A DIFFERENT ADDRESS. THE WRITTEN INSTRUCTIONS
MUST BE SENT TO THIS OFFICE BY CERTIFIED MAIL, REGISTERED MAIL, OR EXPRESS MAIL,
POSTAGE PREPAID AND RETURN RECEIPT REQUESTED."
(c) The foreclosing mortgagee shall have the notice of default served on:
(1) The mortgagor and the borrower;
(2) Any prior or junior creditors having a recorded lien on the mortgaged
property before the recordation of the notice of default under section 667- 23;
(3) The state director of taxation;
(4) The director of finance of the county where the mortgaged property is
located; and
(5) Any other person entitled to receive notice under section 667-5.5.
CREDIT
Current through 2004 Regular Session
Copyright 2004 Matthew Bender & Company, Inc. a member of the LexisNexis
Group. All rights reserved.
END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 14**

ID ST S 45-1505                                                    **Page    1**
 I.C. § 45-1505
**c**


IDAHO CODE
TITLE 45. LIENS, MORTGAGES AND PLEDGES
CHAPTER 15. TRUST DEEDS
> >45-1505  Foreclosure of trust deed, when.

The trustee may foreclose a trust deed by advertisement and sale under this act if:

(1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in mortgage records in the counties in which the property described in the deed is situated; and

(2) There is a default by the grantor or other person owing an obligation the performance of which is secured by the trust deed or by their successors in interest with respect to any provision in the deed which authorizes sale in the event of default of such provision; and

(3) The trustee or beneficiary shall have (a) filed for record in the office of the recorder in each county wherein the trust property, or some part or parcel, is situated, a notice of default identifying the deed of trust by stating the name or names of the trustor or trustors and giving the book and page where the same is recorded, or a description of the trust property, and containing a statement that a breach of the obligation for which the transfer in trust is security has occurred, and setting forth the nature of such breach and his election to sell or cause to be sold such property to satisfy such obligation; and (b) mailed a copy of such notice by registered or certified mail, return receipt requested, to any person requesting such notice of record as provided in section 45-1511, Idaho Code. Service by mail in accordance with this subsection (3) shall be deemed effective at the time of mailing.

(4) No action, suit or proceeding has been instituted to recover the debt then remaining secured by the trust deed, or any part thereof, or if such action or proceeding has been instituted, the action or proceeding has been dismissed.

The statutes and Constitution are current through the 2005 Legislative Session.
The annotations are current through March 25, 2004.

Copyright: 2005 State of Idaho.  All rights reserved.


END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 15**

735 ILCS 5/15-1101
c

Formerly cited as IL ST CH 110 ¶ 15-1101

*WEST'S* SMITH-HURD ILLINOIS COMPILED STATUTES ANNOTATED
CHAPTER 735. CIVIL PROCEDURE
ACT 5. CODE OF CIVIL PROCEDURE
ARTICLE XV. MORTGAGE FORECLOSURE
PART 11. GENERAL PROVISIONS
>>5/15-1101. Title

§ 15-1101. Title.  This Article shall be known, and may be cited, as the Illinois Mortgage Foreclosure Law.

Current through P.A. 94-726 of the 2005 Reg. Sess.

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 16**

IN ST 32-30-10-1                                                   **Page    1**
 IC 32-30-10-1
**C**

 Formerly cited as IN ST 32-15-6-6.5

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
>>32-30-10-1 "Auctioneer" defined

Sec. 1. As used in this chapter, "auctioneer" means an auctioneer licensed under IC 25-6.1.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





IN ST 32-30-10-2                                                                          **Page    1**
IC 32-30-10-2

Formerly cited as IN ST 32-15-6-6.5

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
> >32-30-10-2 "Economically feasible" defined

Sec. 2. For purposes of section 9 of this chapter, the sale of a property through the services of an auctioneer is "economically feasible" if the court determines that:

(1) a reasonable probability exists that, with the use of the services of an auctioneer, a valid and enforceable bid will be made at a foreclosure for a sale price equal to or greater than the amount of the judgment and the costs and expenses necessary to its satisfaction, including the costs of the auctioneer; and

(2) the reasonable probability would not exist without the use of an auctioneer.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





IN ST 32-30-10-3                                                                     **Page    1**
IC 32-30-10-3
c

Formerly cited as IN ST 32-15-6-1

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
> >32-30-10-3 Default;  foreclosure of equity of redemption;  concurrent jurisdiction

Sec. 3. (a) If a mortgagor defaults in the performance of any condition contained in a mortgage, the mortgagee or the mortgagee's assigns may proceed in the circuit court of the county where the real estate is located to foreclose the equity of redemption contained in the mortgage.

(b) If the real estate is located in more than one (1) county, the circuit court of any county in which the real estate is located has jurisdiction for an action for the foreclosure of the equity of redemption contained in the mortgage.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





IN ST 32-30-10-4                                                            **Page   1**
 IC 32-30-10-4
**C**

 Formerly cited as IN ST 32-15-6-2

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
 > >32-30-10-4 Remedy of mortgagee confined to mortgaged property

Sec. 4. If there is not an express agreement in the mortgage or a separate instrument for the payment of the sum secured by the mortgage, the remedy of the mortgagee is confined to the property mortgaged.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




IN ST 32-30-10-5                                                                    **Page    1**
IC 32-30-10-5
▷

Formerly cited as IN ST 32-15-6-3

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
> >32-30-10-5 Personal judgment; order of sale; payment of mortgage debt before sale

Sec. 5. In rendering judgment of foreclosure, the courts shall:

(1) give personal judgment against any party to the suit liable upon any agreement for the payment of any sum of money secured by the mortgage; and

(2) order the mortgaged premises, or as much of the mortgaged premises as may be necessary to satisfy the mortgage and court costs, to be sold first before the sale of other property of the defendant.

The judgment is satisfied by the payment of the mortgage debt, with interest and costs, at any time before sale.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





IN ST 32-30-10-6                                                     **Page  1**
 IC 32-30-10-6
**c**

 Formerly cited as IN ST 32-15-6-4

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
> >32-30-10-6 Satisfaction of mortgage;  entering on record

Sec. 6. Upon:

(1) the foreclosure of a recorded mortgage in a court of any county having jurisdiction in Indiana;  and

(2) the payment and satisfaction of the judgment as may be rendered in the foreclosure proceeding;

the prevailing party shall immediately after satisfaction of the judgment record the satisfaction of the mortgage on the records of the recorder's office of the county where the property is located.  The record in foreclosure and satisfaction must show that the whole debt, secured by the mortgage, has been paid.  The recorder must be paid a fee of not more than the amount specified in IC 36-2-7-10(b)(1) and IC 36-2-7-10(b)(2) in each case of foreclosure requiring satisfaction.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




IN ST 32-30-10-7                                                                 **Page    1**
 IC 32-30-10-7
**c**

 Formerly cited as IN ST 32-15-6-5

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
 > >32-30-10-7 Unsatisfied debt after mortgage sale;  levy on remaining property

Sec. 7. If there is an express written agreement for the payment of the sum of money that is secured by a mortgage or a separate instrument, the court shall direct in the order of sale that the balance due on the mortgage and costs that may remain unsatisfied after the sale of the mortgaged premises be levied on any property of the mortgage-debtor.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




c

Formerly cited as IN ST 32-15-6-6

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
> >32-30-10-8 Sheriff's sale

 Sec. 8. (a) The copy of the court's order of sale and judgment shall be issued and certified by the clerk under the seal of the court to the sheriff.

(b) After receiving the order under subsection (a), the sheriff shall proceed to sell the mortgaged premises, or as much of the mortgaged premises as is necessary to satisfy the judgment, interest, and costs.  If any part of the judgment, interest, and costs remain unsatisfied after the sale of the mortgaged premises, the sheriff shall proceed to sell the remaining property of the defendant.  If the mortgaged property is located in more than one (1) county, a common description of the property, the sale of the property, and the location of the sale must be advertised in each county where the property is located.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




IN ST 32-30-10-9                                                    **Page**    1
IC 32-30-10-9
**c**

Formerly cited as IN ST 32-15-6-6.5

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
>>32-30-10-9 Manner of sale; auctions; advertising; fee

Sec. 9. (a) A sheriff shall sell property on foreclosure in a manner that is reasonably likely to bring the highest net proceeds from the sale after deducting the expenses of the offer and sale.

(b) Upon prior petition of the debtor or a creditor involved in the foreclosure proceedings, the court in its order of foreclosure shall order the property sold by the sheriff through the services of the auctioneer requested by the petitioner and approved by the court if:

(1) the court determines that a sale is economically feasible; or

(2) all the creditors in the proceedings agree to both that method of sale and the compensation to be paid the auctioneer.

(c) The sheriff shall engage the auctioneer not later than fourteen (14) calendar days after the date of the order entered by the court under subsection (b). The auctioneer shall schedule the auction and conduct the auctioneer's activities as appropriate to bring the highest bid for the property on foreclosure. The advertising conducted by the auctioneer is in addition to any other notice required by law.

(d) The auctioneer's fee must be a reasonable amount stated in the court's order. However, if the sale by use of an auctioneer has not been agreed to by the creditors in the proceedings and the sale price is less than the amount of the judgment and the costs and expenses necessary to the satisfaction of the judgment, the auctioneer is entitled only to the auctioneer's advertising expenses plus one hundred dollars ($100). The amount due to the auctioneer on account of the auctioneer's expenses and fee, if any, must be paid as a cost of the sale from the proceeds before the payment of any other payment.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




IN ST 32-30-10-10                                                 **Page 1**
 IC 32-30-10-10
**c**

 Formerly cited as IN ST 32-15-6-7

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
> >32-30-10-10 Mutually exclusive actions

Sec. 10. A plaintiff may not:

(1) proceed to foreclose the mortgagee's mortgage while the plaintiff is prosecuting any other action for the same debt or matter that is secured by the mortgage or while the plaintiff is seeking to obtain execution of any judgment in any other action;  or

(2) prosecute any other action for the same matter while the plaintiff is foreclosing the mortgagee's mortgage or prosecuting a judgment of foreclosure.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




IN ST 32-30-10-11          **Page   1**
IC 32-30-10-11
**c**

Formerly cited as IN ST 32-15-6-8

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
> >32-30-10-11 Redemption by payment of principal and interest

Sec. 11. (a) If:

(1) a complaint is filed for the foreclosure of a mortgage;

(2) any interest or installment of the principal is due, but no other installments are due; and

(3) the defendant pays the court the principal and interest due, with costs, at any time before final judgment;

the complaint must be dismissed.

(b) If the defendant pays the court the principal and interest due after the final judgment, the proceedings on the final judgment must be stayed. However, the stay may be removed upon a subsequent default in the payment of any installment of the principal or interest after the payment is due.

(c) In the final judgment, the court shall direct at what time and upon what default any subsequent execution shall issue.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




IN ST 32-30-10-12                                                      **Page    1**
IC 32-30-10-12
**c**

 Formerly cited as IN ST 32-15-6-9

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
> >32-30-10-12 Sale of land in parcels when possible;  sale of whole mortgaged premises

 Sec. 12. (a) In cases under this chapter, the court shall ascertain whether the property can be sold in parcels.  If the property can be sold in parcels without injury to the interest of the parties, the court shall direct that only as much of the premises be sold as will be sufficient to pay the amount due on the mortgage, with costs, and the judgment shall remain and be enforced upon any subsequent default, unless the amount due is paid before execution of the judgment is completed.

(b) If the mortgaged premises cannot be sold in parcels, the court shall order the whole mortgaged premises to be sold.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




IN ST 32-30-10-13                                                                    **Page    1**
 IC 32-30-10-13
**c**

 Formerly cited as IN ST 32-15-6-11

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
 > >32-30-10-13 Plaintiff's endorsement on execution

Sec. 13. If an execution is issued on a judgment recovered for a debt secured by mortgage of real property, the
plaintiff shall endorse on the execution a brief description of the mortgaged premises.  However, the equity of
redemption may not be sold on the execution of judgment.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





IN ST 32-30-10-14                                                                    **Page 1**
IC 32-30-10-14
**c**

Formerly cited as IN ST 32-15-6-12

*WEST'S* ANNOTATED INDIANA CODE
TITLE 32. PROPERTY
ARTICLE 30. CAUSES OF ACTION CONCERNING REAL PROPERTY
CHAPTER 10. MORTGAGE FORECLOSURE ACTIONS
> > 32-30-10-14 Disposition of proceeds

Sec. 14. The proceeds of a sale described in IC 32-29-7 or section 8 or 12(b) of this chapter must be applied in the following order:

(1) Expenses of the offer and sale, including expenses incurred under IC 32- 29-7-4 or section 9 of this chapter (or IC 34-1-53-6.5 or IC 32-15-6- 6. 5 before their repeal).

(2) The amount of any property taxes on the property sold:

(A) that are due and owing;  and

(B) for which the due date has passed as of the date of the sheriff's sale.

The sheriff shall transfer the amounts collected under this subdivision to the county treasurer not more than ten (10) days after the date of the sheriff's sale.

(3) Any amount of redemption where a certificate of sale is outstanding.

(4) The payment of the principal due, interest, and costs not described in subdivision (1).

(5) The residue secured by the mortgage and not due.

(6) If the residue referred to in subdivision (5) does not bear interest, a deduction must be made by discounting the legal interest.

In all cases in which the proceeds of sale exceed the amounts described in subdivisions (1) through (6), the surplus must be paid to the clerk of the court to be transferred, as the court directs, to the mortgage debtor, mortgage debtor's heirs, or other persons assigned by the mortgage debtor.

Current through the 2005 First Regular Session of the 114th General Assembly

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 17**

I.C.A. § 655A.3

c

IOWA CODE ANNOTATED
TITLE XV. JUDICIAL BRANCH AND JUDICIAL PROCEDURES
SUBTITLE 5. SPECIAL ACTIONS
CHAPTER 655A. NONJUDICIAL FORECLOSURE OF NONAGRICULTURAL MORTGAGES
>>655A.3. Notice

1. The nonjudicial foreclosure is initiated by the mortgagee by serving on the mortgagor a written notice which shall:

a. Reasonably identify by a document reference number the mortgage and accurately describe the real estate covered.

b. Specify the terms of the mortgage with which the mortgagor has not complied. The terms shall not include any obligation arising from acceleration of the indebtedness secured by the mortgage.

c. State that, unless within thirty days after the completed service of the notice the mortgagor performs the terms in default or files with the recorder of the county where the mortgaged property is located a rejection of the notice pursuant to section 655A.6 and serves a copy of the rejection upon the mortgagee, the mortgage will be foreclosed.

The notice shall contain the following in capital letters of the same type or print size as the rest of the notice:

WITHIN THIRTY DAYS AFTER YOUR RECEIPT OF THIS NOTICE, YOU MUST EITHER CURE THE DEFAULTS DESCRIBED IN THIS NOTICE OR FILE WITH THE RECORDER OF THE COUNTY WHERE THE MORTGAGED PROPERTY IS LOCATED A REJECTION OF THIS NOTICE AND SERVE A COPY OF YOUR REJECTION ON THE MORTGAGEE IN THE MANNER PROVIDED BY THE RULES OF CIVIL PROCEDURE FOR SERVICE OF ORIGINAL NOTICES. IF YOU WISH TO REJECT THIS NOTICE, YOU SHOULD CONSULT AN ATTORNEY AS TO THE PROPER MANNER TO MAKE THE REJECTION.

IF YOU DO NOT TAKE EITHER OF THE ACTIONS DESCRIBED ABOVE WITHIN THE THIRTY-DAY PERIOD, THE FORECLOSURE WILL BE COMPLETE AND YOU WILL LOSE TITLE TO THE MORTGAGED PROPERTY. AFTER THE FORECLOSURE IS COMPLETE THE DEBT SECURED BY THE MORTGAGED PROPERTY WILL BE EXTINGUISHED.

2. The mortgagee shall also serve a copy of the notice required in subsection 1 on the person in possession of the real estate, if different than the mortgagor, and on all junior lienholders of record.

3. As used in this chapter, "mortgagee" and "mortgagor" include a successor in interest.

Current through Acts of 2005 1st Reg.Sess.

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 18**

M.G.L.A. 244 § 14
c

MASSACHUSETTS GENERAL LAWS ANNOTATED
PART III. COURTS, JUDICIAL OFFICERS AND PROCEEDINGS IN CIVIL CASES (CH. 211- 262)
TITLE III. REMEDIES RELATING TO REAL PROPERTY (CH. 237-245)
CHAPTER 244. FORECLOSURE AND REDEMPTION OF MORTGAGES
FORECLOSURE BY SALE
> > § 14. Foreclosure under power of sale; procedure; notice; form

The mortgagee or person having his estate in the land mortgaged, or a person authorized by the power of sale, or the attorney duly authorized by a writing under seal, or the legal guardian or conservator of such mortgagee or person acting in the name of such mortgagee or person, may, upon breach of condition and without action, do all the acts authorized or required by the power; but no sale under such power shall be effectual to foreclose a mortgage, unless, previous to such sale, notice thereof has been published once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of sale, in a newspaper, if any, published in the town where the land lies or in a newspaper with general circulation in the town where the land lies and notice thereof has been sent by registered mail to the owner or owners of record of the equity of redemption as of thirty days prior to the date of sale, said notice to be mailed at least fourteen days prior to the date of sale to said owner or owners to the address set forth in section sixty-one of chapter one hundred and eighty-five, if the land is then registered or, in the case of unregistered land, to the last address of the owner or owners of the equity of redemption appearing on the records of the holder of the mortgage, if any, or if none, to the address of the owner or owners as given on his deed or on the petition for probate by which he acquired title, if any, or if in either case no address appears, then to the address to which the tax collector last sent the tax bill for the mortgaged premises to be sold, or if no tax bill has been sent for the last preceding three years, then to the address of any of the parcels of property in the name of said owner of record which are to be sold under the power of sale and unless a copy of said notice of sale has been sent by registered mail to all persons of record as of thirty days prior to the date of sale holding an interest in the property junior to the mortgage being foreclosed, said notice to be mailed at least fourteen days prior to the date of sale to each such person at the address of such person set forth in any document evidencing the interest or to the last address of such person known to the mortgagee. Any person of record as of thirty days prior to the date of sale holding an interest in the property junior to the mortgage being foreclosed may waive at any time, whether prior or subsequent to the date of sale, the right to receive notice by mail to such person under this section and such waiver shall be deemed to constitute compliance with such notice requirement for all purposes. If no newspaper is published in such town, or if there is no newspaper with general circulation in the town where the land lies, notice may be published in a newspaper published in the county where the land lies, and this provision shall be implied in every power of sale mortgage in which it is not expressly set forth. A newspaper which by its title page purports to be printed or published in such town, city or county, and having a circulation therein, shall be sufficient for the purpose.

The following form of foreclosure notice may be used and may be altered as circumstances require; but nothing herein shall be construed to prevent the use of other forms.

(Form.)
MORTGAGEE'S SALE OF REAL ESTATE.

By virtue and in execution of the Power of Sale contained in a certain mortgage given by .......... to .......... dated .......... and recorded with .................................................................................. ................................................................... Deeds, Book .........., page .........., of which mortgage the undersigned is the present holder, ..........

(If by assignment, or in any fiduciary capacity, give reference.)

   ...............................................................

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




for breach of the conditions of said mortgage and for the purpose of foreclosing the same will be sold at Public Auction at .......... o'clock, .... M. on the .......... day of .......... A.D. (insert year), .......... (*place*) .......... all and singular the premises described in said mortgage,

(In case of partial releases, state exceptions.)

To wit:  "(Description as in the mortgage, including all references to title, restrictions, encumbrances, etc., as made in the mortgage.)"

Terms of sale:  (State here the amount, if any, to be paid in cash by the purchaser at the time and place of the sale, and the time or times for payment of the balance or the whole as the case may be.)

Other terms to be announced at the sale.

                        (Signed) ...............

                        ...................

                        Present holder of said mortgage.

A notice of sale in the above form, published in accordance with the power in the mortgage and with this chapter, together with such other or further notice, if any, as is required by the mortgage, shall be a sufficient notice of the sale;  and the premises shall be deemed to have been sold, and the deed thereunder shall convey the premises, subject to and with the benefit of all restrictions, easements, improvements, outstanding tax titles, municipal or other public taxes, assessments, liens or claims in the nature of liens, and existing encumbrances of record created prior to the mortgage, whether or not reference to such restrictions, easements, improvements, liens or encumbrances is made in the deed;  but no purchaser at the sale shall be bound to complete the purchase if there are encumbrances, other than those named in the mortgage and included in the notice of sale, which are not stated at the sale and included in the auctioneer's contract with the purchaser.

        "COMMONWEALTH OF MASSACHUSETTS

                _____COURT
_____, SS.            In Equity


Current through the 2005 1st Annual Sess. and through Ch. 10 of the 2006 2nd Annual Sess.

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 19**

M.C.L.A. 600.3208
c

MICHIGAN COMPILED LAWS ANNOTATED
CHAPTER 600. REVISED JUDICATURE ACT OF 1961
REVISED JUDICATURE ACT OF 1961
CHAPTER 32. FORECLOSURE OF MORTGAGES BY ADVERTISEMENT
> >600.3208. Notice of foreclosure; publication, posting

Sec. 3208. Notice that the mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated. If no newspaper is published in the county, the notice shall be published in a newspaper published in an adjacent county. In every case within 15 days after the first publication of the notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in the notice.

Current through P.A. 2005, No. 1-340 (End)

Copr. © 2006 Thomson/West.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



