**Exhibit 20**

MN ST S 580.03                                                                    **Page   1**
 M.S.A. § 580.03
**c**


MINNESOTA STATUTES ANNOTATED
COMPENSATORY AND COLLECTION REMEDIES (CH. 570-583)
CHAPTER 580. MORTGAGES;  FORECLOSURE BY ADVERTISEMENT
> >580.03. Notice of sale;  service on occupant

< Text of section effective until December 31, 2009. >

Six weeks' published notice shall be given that such mortgage will be foreclosed by sale of the mortgaged premises or some part thereof, and at least four weeks before the appointed time of sale a copy of such notice shall be served in like manner as a summons in a civil action in the district court upon the person in possession of the mortgaged premises, if the same are actually occupied.  If there be a building on such premises used by a church or religious corporation, for its usual meetings, service upon any officer or trustee of such corporation shall be a sufficient service upon it.  The notice required by section 580.041 must be served simultaneously with the notice of foreclosure required by this section.

< For text of section effective December 31, 2009, see § 580.03, post. >

Current with laws of the 2005 First Special Session

Copr. © 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




MN ST S 580.041                                                    **Page    1**
 M.S.A. § 580.041
▷

MINNESOTA STATUTES ANNOTATED
COMPENSATORY AND COLLECTION REMEDIES (CH. 570-583)
CHAPTER 580. MORTGAGES; FORECLOSURE BY ADVERTISEMENT
 > >580.041. Foreclosure advice notice

 Subdivision 1. Renumbered subd. 1b in St.2005 Supp.

Subd. 1a. Applicability.  This section applies to foreclosure of mortgages under this chapter on property consisting of one to four family dwelling units, one of which the owner occupies as the owner's principal place of residency on the date of service of the notice of sale on the owner.

Subd. 1b. Form and delivery of notice.  The notice required by this section must be in 14-point boldface type and must be printed on colored paper that is other than the color of the notice of foreclosure and that does not obscure or overshadow the content of the notice.  The title of the notice must be in 20- point boldface type.  The notice must be on its own page.  The notice required by this section must be delivered with the notice of foreclosure required by sections 580.03 and 580.04.  The notice required by this section also must be delivered with each subsequent written communication regarding the foreclosure mailed to the mortgagor by the foreclosing party up to the day of redemption.  A foreclosing mortgagee will be deemed to have complied with this section if it sends the notice required by this section at least once every 60 days during the period of the foreclosure process.  The notice required by this section must not be published.

Subd. 2. Content of notice.  The notice required by this section must appear substantially as follows:

"Help For Homeowners in Foreclosure

Minnesota law requires that we send you this notice about the foreclosure process.  Please read it carefully.

Mortgage foreclosure is a complex process.  Some people may approach you about  'saving' your home.  You should be careful about any such promises.

The state encourages you to become informed about your options in foreclosure before entering into any agreements with anyone in connection with the foreclosure of your home.  There are government agencies and nonprofit organizations that you may contact for helpful information about the foreclosure process.  For the name and telephone number of an organization near you please call the Minnesota Housing Finance Agency (MHFA) at (insert telephone number).  The state does not guarantee the advice of these agencies.

Do not delay dealing with the foreclosure because your options may become more limited as time passes."

Subd. 3. Affidavit.  Any person may establish compliance with or inapplicability of this section by recording, with the county recorder or registrar of titles, an affidavit by a person having knowledge of the facts, stating that the notice required by this section has been delivered in compliance with this section or that this section is not applicable because the property described in the notice of foreclosure did not consist of one to four family dwelling units, one of which was occupied by the owner as the owner's principal place of residency.  The affidavit and a certified copy of a recorded affidavit shall be prima facie evidence of the facts stated in the affidavit.  The affidavit may be recorded regarding any foreclosure sale, including foreclosure sales which occurred prior to August 1, 2005, and may be recorded separately or as part of the record of a foreclosure.

Subd. 4. Validation of foreclosure sales.  No mortgage foreclosure sale under this chapter shall be invalid because of failure to comply with this section unless an action to invalidate the sale is commenced and a notice of lis pendens is filed with the county recorder or registrar of titles within one year after the last day of the redemption

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




MN ST S 580.041 **Page 2**

period of the mortgagor, the mortgagor's personal representatives, or assigns. This subdivision shall not affect any action or proceeding pending on August 1, 2005, or which is commenced before February 1, 2006, in any court of this state, provided a notice of lis pendens of the action is filed with the county recorder or registrar of titles before February 1, 2006.

EXPIRATION

< Laws 2004, c. 263, § 26, provides in part that this section expires December 31, 2009. >

Current with laws of the 2005 First Special Session

Copr. © 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 21**

MS ST S 89-1-55                                                                      **Page    1**
 Miss. Code Ann. § 89-1-55
**c**

*WEST'S* ANNOTATED MISSISSIPPI CODE
TITLE 89. REAL AND PERSONAL PROPERTY
CHAPTER 1. LAND AND CONVEYANCES
IN GENERAL
> >§ 89-1-55. Land sold under mortgage

All lands comprising a single tract, and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust, shall be sold in the manner provided by section one hundred eleven of the constitution for the sale of lands in pursuance of a decree of court, or under execution. All lands sold at public outcry under deeds of trust or other contracts shall be sold in the county in which the land is located, or in the county of the residence of the grantor, or one of the grantors in the trust deed, provided that where the land is situated in two or more counties, the parties may contract for a sale of the whole in any of the counties in which any part of the land lies.  Sale of said lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or, if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time, and such notice and advertisement shall disclose the name of the original mortgagor or mortgagors in said deed of trust or other contract.  No sale of lands under a deed of trust or mortgage, shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary.  An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten-year statute of adverse possession.

Current through End of 2005 Fifth Extraordinary Session

Copr © 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 22**

V.A.M.S. 443.325
c

*VERNON'S* ANNOTATED MISSOURI STATUTES
TITLE XXIX. OWNERSHIP AND CONVEYANCE OF PROPERTY
CHAPTER 443. MORTGAGES, DEEDS OF TRUST AND MORTGAGE BROKERS
GENERAL PROVISIONS
> >443.325. Individual notice of foreclosure sale--form of request for-- recorder's duty--foreclosing party to give notice--release of security instrument, effect of--notice deemed given, when

1. Any person desiring notice of sale under any deed of trust or mortgage with power of sale upon real property may, at any time subsequent to recordation of such deed of trust or mortgage, cause to be filed for record in the office of the recorder of each county in which any part or parcel of the real property is situated a duly acknowledged request for such notice of sale. This request shall specify the name and address of the person to whom the notice is to be mailed and shall identify the deed of trust or mortgage by stating the names of the parties thereto and the legal description of the land described therein and the book and page where the same is recorded or the recorder's number and shall be in substantially the following form:

"In accordance with RSMo, 443.325, request is hereby made that notice of sale under the deed of trust (or mortgage) recorded the ____ day of ____, 20__, (as recorder's number ____ or in Book ____, Page ____) of the records of ____ County, Missouri, the legal description of the property being ____ in ____ County, Missouri, executed by ____ as Grantor (or Mortgagor) in which ____ is named as beneficiary (or Mortgagee) and ____ as Trustee, be mailed to ____ (Name) at ____, (Address) ____, (City) ____ (State).

(Signature)

—————————————

—————————————

(Acknowledgment)"

A separate request shall be filed for each person desiring notice of sale.

2. Upon the filing for record of such request, the recorder shall index the request in a separate index so that the name of the mortgagor or grantor shall be indexed as the grantor, and the name of the requesting party shall be indexed as the grantee.

3. In the event of foreclosure under a power of sale, the foreclosing mortgagee or trustee shall, not less than twenty days prior to the scheduled date of the sale, cause to be deposited in the United States mail an envelope certified or registered, and with postage prepaid, enclosing a notice containing the information required in the published notice of sale referred to in section 443.320, addressed

(1) To each person whose name and address is set forth in any such request recorded at least forty days prior to the scheduled date of sale; and

(2) To the person shown by the records in the office of the recorder of deeds to be the owner of the property as of forty days prior to the scheduled date of foreclosure sale at the foreclosing mortgagee's last known address for said record owner; and

(3) To the mortgagor or grantor named in the deed of trust or mortgage at the foreclosing mortgagee's last known address for said mortgagor or grantor.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





(4) Actual receipt by the addressee of the envelope referred to above shall not be necessary to establish compliance with the notice requirements of subsection 3 hereof. Recording of receipt issued by the United States Post Office for certified or registered mail to evidence that said envelope has been delivered by the sender to the United States Post Office shall constitute proof of compliance with notice requirements of subsection 3 hereof.

4. The foreclosing mortgagee [FN1] or trustee of a deed of trust or mortgage filed subsequent to a deed of trust or mortgage for which a request has been recorded in accordance with subsection 1 hereof shall give notice to each person named in each such request so long as the prior deed of trust or mortgage identified in such notice has not been released of record.

5. The release of a deed of trust or mortgage shall cancel of record all requests for notice which pertain to the deed of trust or mortgage identified in such request.

[FN1] Word "mortgages" appears in original rolls.

Current through the End of the 2005 First Extraordinary Session of the
93rd General Assembly.

© 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




V.A.M.S. 443.320
c

*VERNON'S* ANNOTATED MISSOURI STATUTES
TITLE XXIX. OWNERSHIP AND CONVEYANCE OF PROPERTY
CHAPTER 443. MORTGAGES, DEEDS OF TRUST AND MORTGAGE BROKERS
GENERAL PROVISIONS
> >443.320. Notice, contents--how published

The notice required by section 443.310 shall set forth the date and book and page of the record of such mortgages or deeds of trust, the grantors, the time, terms and place of sale, and a description of the property to be sold, and shall be given by advertisement, inserted for at least twenty times, and continued to the day of the sale, in some daily newspaper, in counties having cities of fifty thousand inhabitants or more, and in all other counties such notice shall be given by advertisement in some weekly newspaper published in such county for four successive issues, the last insertion to be not more than one week prior to the day of sale, or in some daily, triweekly or semiweekly paper published in such county at least once a week for four successive weeks. Such notice shall appear on the same day of each week, the last insertion to be not more than one week prior to the day of sale, and if there be no newspaper published in such county or city, such notice shall be published in the nearest newspaper thereto in this state. Nothing in this section shall be construed to authorize the giving of any shorter notice than that required by such mortgage or deed of trust. Where the property to be sold lies wholly or in part within the corporate limits of any city having or that may hereafter have a population of fifty thousand inhabitants or more, then the notice provided for in this section shall be published in a daily newspaper in such city and where the property to be sold lies wholly or in part within the corporate limits of a city extending into two or more counties, then the notice provided for in this section shall be published in some newspaper published in the county in which the property lies, in the manner provided in this section for publication in such county, even though such property may lie in a city having a population of fifty thousand inhabitants or more. Where the property to be sold is located in more than one county, the notices required in this section shall be published in each county in which a part of the property is located. Other provisions of this section to the contrary notwithstanding, in any county of the first class not having a charter form of government and containing a portion of a city with a population over three hundred fifty thousand and in any county of the second class containing a portion of a city with a population over three hundred fifty thousand, the notice requirements of section 443.310 and this section may be met by advertisement in some weekly newspaper published in such counties for four successive issues, the last insertion to be not more than one week prior to the date of the sale.

Current through the End of the 2005 First Extraordinary Session of the
93rd General Assembly.

© 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





V.A.M.S. 443.310

c

*VERNON'S* ANNOTATED MISSOURI STATUTES
TITLE XXIX. OWNERSHIP AND CONVEYANCE OF PROPERTY
CHAPTER 443. MORTGAGES, DEEDS OF TRUST AND MORTGAGE BROKERS
GENERAL PROVISIONS
> >443.310. Sales, where made--number of days' notice

All sales of real estate under a power of sale contained in any mortgage or deed of trust executed after August 28, 1989, shall be made in the county where the land to be sold is situated, and not less than twenty days' notice of such sale shall be given, whether so provided in such mortgage or deed of trust or not.  Where the property to be sold is located in more than one county, the property may be sold in any county where a part of the property is located.

Current through the End of the 2005 First Extraordinary Session of the
93rd General Assembly.

© 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 23**

MONTANA CODE ANNOTATED
TITLE 71. MORTGAGES, PLEDGES, AND LIENS
CHAPTER 1. MORTGAGES
PART 3. SMALL TRACT FINANCING
> >71-1-315. Notice -- sale -- payment

A trust deed may be foreclosed by advertisement and sale in the manner hereinafter provided:

(1) The trustee shall give notice of the sale in the following manner:

(a) At least 120 days before the date fixed for the trustee's sale, a copy of the recorded notice of sale shall be mailed by registered or certified mail to:

(i) the grantor, at the grantor's address as set forth in the trust indenture or (in the event no address of the grantor is set forth in the trust indenture) at the grantor's last known address;

(ii) each person designated in the trust indenture to receive notice of sale whose address is set forth therein, at such address;

(iii) each person who has filed for record a request for a copy of notice of sale within the time and in the manner hereinafter provided, at the address of such person as set forth in such request;

(iv) any successor in interest to the grantor whose interest and address appear of record at the filing date and time of the notice of sale, at such address;

(v) any person having a lien or interest subsequent to the interest of the trustee and whose lien or interest and address appear of record at the filing date and time of the notice of sale, at such address.

(b) At least 20 days before the date fixed for the trustee's sale, a copy of the recorded notice of sale shall be posted in some conspicuous place on the property to be sold. Upon request of the trustee, the notice of sale shall be posted by a sheriff or constable of the county wherein the property to be sold is located.

(c) A copy of the notice of sale shall be published in a newspaper of general circulation published in any county in which the property or some part thereof is situated, at least once each week for 3 successive weeks. If there is no such newspaper, then copies of the notice of sale shall be posted in at least three public places in each county in which the property or some part thereof is situated. The posting or the last publication shall be made at least 20 days before the date fixed for the trustee's sale.

(2) On or before the date of sale, there shall be recorded in the office of the clerk and recorder of each county where the property or some part thereof is situated, affidavits of mailing, posting, and publication showing compliance with the requirements of this section.

(3) On the date and at the time and place designated in the notice of sale, the trustee or his attorney shall sell the property at public auction to the highest bidder. The property may be sold in one parcel or in separate parcels, and any person, including the beneficiary under the trust indenture but excluding the trustee, may bid at the sale. The person making the sale may, for any cause he deems expedient, postpone the sale for a period not exceeding 15 days by public proclamation at the time and place fixed in the notice of sale. No other notice of the postponed sale need be given. In the event a sale cannot be held at the scheduled time by reason of the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. 362, or of a stay order issued by any court of competent jurisdiction, the person making the sale may, as often as he considers expedient, postpone the sale. Each

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




MT ST 71-1-315                                                                                    **Page   2**

postponement may not exceed 30 days, and all postponements, in the aggregate, may not exceed 120 days. Each postponement must be effected by a public proclamation at the time and place fixed in the notice of sale or fixed by previous postponement. No other notice of the postponed sale need be given.

(4) The purchaser at the sale shall pay the price bid in cash, and upon receipt of payment, the trustee shall execute and deliver a trustee's deed to the purchaser. In the event the purchaser refuses to pay the purchase price, the person conducting the sale shall have the right to resell the property at any time to the highest bidder. The party refusing to pay shall be liable for any loss occasioned thereby, and the person making the sale may also, in his discretion, thereafter reject any other bid of such person.

Current through the 2005 Regular Session of the 59th Legislature

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





MT ST 71-1-224                                                          **Page    1**
 MCA 71-1-224
**c**


MONTANA CODE ANNOTATED
TITLE 71. MORTGAGES, PLEDGES, AND LIENS
CHAPTER 1. MORTGAGES
PART 2. MORTGAGES OF REAL PROPERTY
 >>71-1-224. Sale -- notice

Real estate sold under a power of sale given and contained in a mortgage of real estate, except in a trust indenture
as defined in the Small Tract Financing Act of Montana, shall be advertised for sale at least 30 days before the
date fixed for such sale, in a newspaper in the county in which such real estate is situated, and in case there is no
newspaper printed and published in said county, then by posting notices in at least five conspicuous places in said
county, one of which notices must be posted on the land so advertised for sale. Two other notices must be posted
in conspicuous places in the township in which said land is situated, one in such conspicuous place in said county
as will be most likely to give notice to all persons interested in said sale, and one of said notices must be posted in
a conspicuous place at the front door of the county courthouse of the county in which said land is located, and in
addition to the publication or posting, as hereinbefore provided, notices of such sale must be served personally at
least 30 days before the date fixed for such sale upon the occupant of the property so advertised for sale and upon
the mortgagor if within the state of Montana and upon every person or persons having or claiming an interest of
record in the real estate so advertised for sale who may be found within the state of Montana.

Current through the 2005 Regular Session of the 59th Legislature

END OF DOCUMENT


© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 24**

NE ST S 76-1006                                                                    **Page    1**
 Neb.Rev.St. § 76-1006
**c**


NEBRASKA REVISED STATUTES OF 1943
CHAPTER 76. REAL PROPERTY
ARTICLE 10. TRUST DEEDS
> > § 76-1006. Sale of trust property;  notice of default.

The power of sale conferred in the Nebraska Trust Deeds Act upon the trustee shall not be exercised until:

(1) The trustee shall first file for record in the office of the register of deeds of each county wherein the trust property or some part or parcel thereof is situated a notice of default identifying the trust deed by stating the name of the trustor named therein and giving the book and page or computer system reference where the same is recorded and a description of the trust property, containing a statement that a breach of an obligation for which the trust property was conveyed as security has occurred, and setting forth the nature of such breach and of his or her election to sell or cause to be sold such property to satisfy the obligation;

(2) If the trust property is used in farming operations carried on by the trustor, not in any incorporated city or village, the notice of default also sets forth:

(a) A statement that the default may be cured within two months of the filing for record of the notice of default and the obligation and trust deed may be thereby reinstated as provided in section 76-1012;

(b) A statement of the amount of the entire unpaid principal sum secured by the trust deed, the amount of interest accrued thereon to and including the date the notice of default is signed by the trustee or the trustee's attorney, and the dollar amount of the per diem interest accruing from and after such date; and

(c) A statement of the amount of the unpaid principal which would not then be due had no default occurred;  and

(3) After the lapse of not less than one month, or two months if the notice of default is subject to subdivision (2) of this section, the trustee shall give notice of sale as provided in section 76-1007.

The Statutes and Constitution are current through the First Regular
Session of the 99th Legislature (2005).

                    The text of the Nebraska Statutes and Constitution 2004 was provided

                    by the Executive Board of the Legislative Council through the Revisor

                    of Statutes and is subject to a claim of copyright by the State of Nebraska.


END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




NE ST S 76-1008                                                            **Page     1**
 Neb.Rev.St. § 76-1008

NEBRASKA REVISED STATUTES OF 1943
CHAPTER 76. REAL PROPERTY
ARTICLE 10. TRUST DEEDS
 > > § 76-1008. Notice of default and sale;  request for copies;  mailing of notice;  publication of notice of
default;  when.

(1) Any person desiring a copy of any notice of default and of any notice of sale under any trust deed may, at any
time subsequent to the filing for record of the trust deed and prior to the filing for record of a notice of default
thereunder, file for record in the office of the register of deeds of any county in which any part or parcel of the
trust property is situated a duly acknowledged request for a copy of any such notice of default and notice of sale.
The request shall set forth the name and address of the person or persons requesting copies of such notices and
shall identify the trust deed by stating the names of the original parties thereto, the date of filing for record
thereof, and the book and page or computer system reference where the same is recorded and shall be in
substantially the following form:

Request is hereby made that a copy of any notice of default and a copy of notice of sale under the trust deed filed
for record ............, 20...., and recorded in book .........., page ........, (or computer system reference ........)
Records of ............. County, Nebraska, executed by .......... as trustor, in which ............ is named as
beneficiary and ............ as trustee, be mailed to .......(insert name)....... at ..........(insert address).......... .


Signature ..........................

(2) Not later than ten days after recordation of such notice of default, the trustee or beneficiary shall mail, by
registered or certified mail with postage prepaid, a copy of such notice with the recording date shown thereon,
addressed to each person whose name and address is set forth in a request therefor which has been recorded prior
to the filing for record of the notice of default, directed to the address designated in such request.  At least twenty
days before the date of sale, the trustee shall mail, by registered or certified mail with postage prepaid, a copy of
the notice of the time and place of sale, addressed to each person whose name and address is set forth in a request
therefor which has been recorded prior to the filing for record of the notice of default, directed to the address
designated in such request.

(3) Each trust deed shall contain a request that a copy of any notice of default and a copy of any notice of sale
thereunder shall be mailed to each person who is a party thereto at the address of such person set forth therein,
and a copy of any notice of default and of any notice of sale shall be mailed to each such person at the same time
and in the same manner required as though a separate request therefor had been filed by each of such persons as
provided in this section.

(4) If no address of the trustor is set forth in the trust deed and if no request for notice by such trustor has been
recorded as provided in this section, a copy of the notice of default shall be published at least three times, once a
week for three consecutive weeks, in a newspaper of general circulation in each county in which the trust property
or some part thereof is situated, such publication to commence not later than ten days after the filing for record of
the notice of default.

(5) No request for a copy of any notice filed for record pursuant to this section nor any statement or allegation in
any such request nor any record thereof shall affect the title to trust property or be deemed notice to any person
that any person requesting copies of notice of default or of notice of sale has or claims any right, title, or interest
in or lien or claim upon the trust property.

The Statutes and Constitution are current through the First Regular
Session of the 99th Legislature (2005).

The text of the Nebraska Statutes and Constitution 2004 was provided

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





NE ST S 76-1008                                                                    **Page    2**

by the Executive Board of the Legislative Council through the Revisor

of Statutes and is subject to a claim of copyright by the State of Nebraska.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 25**

NV ST 107.080                                                                      **Page 1**
N.R.S. 107.080
►

This document has been updated. Use KEYCITE.

*WEST'S* NEVADA REVISED STATUTES ANNOTATED
TITLE 9. SECURITY INSTRUMENTS OF PUBLIC UTILITIES; MORTGAGES; DEEDS OF TRUST; OTHER LIENS
CHAPTER 107. DEEDS OF TRUST
DEFAULT AND SALE
> > 107.080. Trustee's power of sale: Power conferred; required notices; effect of sale

1. Except as otherwise provided in NRS 107.085, if any transfer in trust of any estate in real property is made after March 29, 1927, to secure the performance of an obligation or the payment of any debt, a power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security.

2. The power of sale must not be exercised, however, until:

(a) In the case of any trust agreement coming into force:

(1) On or after July 1, 1949, and before July 1, 1957, the grantor, or his successor in interest, a beneficiary under a subordinate deed of trust or any other person who has a subordinate lien or encumbrance of record on the property, has for a period of 15 days, computed as prescribed in subsection 3, failed to make good the deficiency in performance or payment; or

(2) On or after July 1, 1957, the grantor, or his successor in interest, a beneficiary under a subordinate deed of trust or any other person who has a subordinate lien or encumbrance of record on the property, has for a period of 35 days, computed as prescribed in subsection 3, failed to make good the deficiency in performance or payment;

(b) The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of his election to sell or cause to be sold the property to satisfy the obligation; and

(c) Not less than 3 months have elapsed after the recording of the notice.

3. The 15- or 35-day period provided in paragraph (a) of subsection 2 commences on the first day following the day upon which the notice of default and election to sell is recorded in the office of the county recorder of the county in which the property is located and a copy of the notice of default and election to sell is mailed by registered or certified mail, return receipt requested and with postage prepaid to the grantor, and to the person who holds the title of record on the date the notice of default and election to sell is recorded, at their respective addresses, if known, otherwise to the address of the trust property. The notice of default and election to sell must describe the deficiency in performance or payment and may contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust, but acceleration must not occur if the deficiency in performance or payment is made good and any costs, fees and expenses incident to the preparation or recordation of the notice and incident to the making good of the deficiency in performance or payment are paid within the time specified in subsection 2.

4. The trustee, or other person authorized to make the sale under the terms of the trust deed or transfer in trust, shall, after expiration of the 3-month period following the recording of the notice of breach and election to sell, and before the making of the sale, give notice of the time and place thereof in the manner and for a time not less than that required by law for the sale or sales of real property upon execution. The sale itself may be made at the office of the trustee, if the notice so provides, whether the property so conveyed in trust is located within the same county as the office of the trustee or not.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




NV ST 107.080 **Page 2**

5. Every sale made under the provisions of this section and other sections of this chapter vests in the purchaser the title of the grantor and his successors in interest without equity or right of redemption. The sale of a lease of a dwelling unit of a cooperative housing corporation vests in the purchaser title to the shares in the corporation which accompany the lease.

Current through the 2004 21st Special Session of the 72nd Legislature and the
2004 Revisions by the Legislative Counsel Bureau

Copr. © 2005 Thomson/West

Copr. © 2005. The text of the Nevada Revised Statutes appearing in this

database was produced from computer tapes provided by the Nevada Legislative

Counsel Bureau and is subject to a claim of copyright by the State of Nevada.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




NV ST 107.085                                                          **Page    1**
 N.R.S. 107.085
**c**

*WEST'S* NEVADA REVISED STATUTES ANNOTATED
TITLE 9. SECURITY INSTRUMENTS OF PUBLIC UTILITIES;  MORTGAGES;  DEEDS OF TRUST;
OTHER LIENS
CHAPTER 107. DEEDS OF TRUST
DEFAULT AND SALE
 > > 107.085. Restrictions on trustee's power of sale concerning certain trust agreements:  Applicability;  service
of notice upon grantor;  scheduling of date of sale;  form of notice;  judicial foreclosure not prohibited;  "unfair
lending practice" defined

 1. With regard to a transfer in trust of an estate in real property to secure the performance of an obligation or the
payment of a debt, the provisions of this section apply to the exercise of a power of sale pursuant to NRS 107.080
only if:

(a) The trust agreement becomes effective on or after October 1, 2003;  and

(b) On the date the trust agreement is made, the trust agreement is subject to the provisions of § 152 of the Home
Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602(aa), and the regulations adopted by the Board of
Governors of the Federal Reserve System pursuant thereto, including, without limitation, 12 C.F.R. § 226.32.

2. The trustee shall not exercise a power of sale pursuant to NRS 107.080 unless:

(a) In the manner required by subsection 3, not later than 60 days before the date of the sale, the trustee causes to
be served upon the grantor a notice in the form described in subsection 3;  and

(b) If an action is filed in a court of competent jurisdiction claiming an unfair lending practice in connection with
the trust agreement, the date of the sale is not less than 30 days after the date the most recent such action is filed.

3. The notice described in subsection 2 must be:

(a) Served upon the grantor by personal service or, if personal service cannot be timely effected, in such other
manner as a court determines is reasonably calculated to afford notice to the grantor;  and

(b) In substantially the following form, with the applicable telephone numbers and mailing addresses provided on
the notice and a copy of the promissory note attached to the notice:

NOTICE

YOU ARE IN DANGER OF LOSING YOUR HOME!

Your home loan is being foreclosed.  In 60 days your home will be sold and you will be forced to move.  For
help, call:

Consumer Credit Counseling _____

The Attorney General _____

The Division of Financial Institutions _____

Legal Services _____

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




NV ST 107.085

Your Lender _____

Nevada Fair Housing Center _____

4. This section does not prohibit a judicial foreclosure.

5. As used in this section, "unfair lending practice" means an unfair lending practice described in NRS 598D.010 to 598D.150, inclusive.

Current through the 2004 21st Special Session of the 72nd Legislature and the
2004 Revisions by the Legislative Counsel Bureau

Copr. © 2005 Thomson/West

Copr. © 2005. The text of the Nevada Revised Statutes appearing in this

database was produced from computer tapes provided by the Nevada Legislative

Counsel Bureau and is subject to a claim of copyright by the State of Nevada.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




NV ST 107.090                                                    **Page    1**
 N.R.S. 107.090
**C**

*WEST'S* NEVADA REVISED STATUTES ANNOTATED
TITLE 9. SECURITY INSTRUMENTS OF PUBLIC UTILITIES;  MORTGAGES;  DEEDS OF TRUST;
OTHER LIENS
CHAPTER 107. DEEDS OF TRUST
DEFAULT AND SALE
 > >107.090. Request for notice of default and sale:  Recording and contents;  mailing of notice;  effect of
request

 1. As used in this section, "person with an interest" means any person who has or claims any right, title or
interest in, or lien or charge upon, the real property described in the deed of trust, as evidenced by any document
or instrument recorded in the office of the county recorder of the county in which any part of the real property is
situated.

2. A person with an interest or any other person who is or may be held liable for any debt secured by a lien on the
property desiring a copy of a notice of default or notice of sale under a deed of trust with power of sale upon real
property may at any time after recordation of the deed of trust record in the office of the county recorder of the
county in which any part of the real property is situated an acknowledged request for a copy of the notice of
default or of sale.  The request must state the name and address of the person requesting copies of the notices and
identify the deed of trust by stating the names of the parties thereto, the date of recordation, and the book and
page where it is recorded.

3. The trustee or person authorized to record the notice of default shall, within 10 days after the notice of default
is recorded and mailed pursuant to NRS 107.080, cause to be deposited in the United States mail an envelope,
registered or certified, return receipt requested and with postage prepaid, containing a copy of the notice,
addressed to:

(a) Each person who has recorded a request for a copy of the notice;  and

(b) Each other person with an interest whose interest or claimed interest is subordinate to the deed of trust.

4. The trustee or person authorized to make the sale shall, at least 20 days before the date of sale, cause to be
deposited in the United States mail an envelope, registered or certified, return receipt requested and with postage
prepaid, containing a copy of the notice of time and place of sale, addressed to each person described in
subsection 3.

5. No request recorded pursuant to the provisions of subsection 2 affects the title to real property.

Current through the 2004 21st Special Session of the 72nd Legislature and the
2004 Revisions by the Legislative Counsel Bureau

Copr. © 2005 Thomson/West

Copr. © 2005. The text of the Nevada Revised Statutes appearing in this

database was produced from computer tapes provided by the Nevada Legislative

Counsel Bureau and is subject to a claim of copyright by the State of Nevada.

END OF DOCUMENT




**Exhibit 26**

N.H. Rev. Stat. § 479:25
c

REVISED STATUTES ANNOTATED OF THE  STATE OF NEW HAMPSHIRE
TITLE XLVIII. CONVEYANCES AND MORTGAGES OF REALTY
CHAPTER 479. MORTGAGES OF REALTY
FORECLOSURE OF POWER OF SALE MORTGAGE, OR SALE UNDER THE POWER
> >479:25 Sale Under the Power.

Instead of such suit and decree of sale, the mortgagee or his assignee may, upon breach of the condition, give such notices and do all such acts as are authorized or required by the power, including the giving of a foreclosure deed upon the completion of said foreclosure;  but no sale under and by virtue of such power shall be valid and effectual to foreclose such mortgage unless the following conditions are complied with:

I. Notice of such sale shall be published once a week for 3 successive weeks in some newspaper of general circulation within the town or county in which the property is situated.  In the event that the mortgaged premises are situated in more than one county, publication in a newspaper of statewide circulation shall be sufficient.  The first publication shall be not less than 20 days before the date of sale, calculated by excluding the date of publication of the first notice and the date of sale.

II. A copy of said notice shall be served upon the mortgagor or sent by registered or certified mail to his last known address or to such person as may be agreed upon in the mortgage at least 25 days before the sale.  The term "mortgagor" shall include the mortgagor and any grantee, assignee, devisee or heir of the mortgagor holding a recorded interest in the mortgaged premises subordinate to the lien of the mortgage, provided that such interest is recorded, at least 30 days before the date of the sale, in the registry of deeds for the county in which the mortgaged premises are situated.  Like notice shall be sent to any person having a lien of record on the mortgaged premises, provided that the lien is recorded at least 30 days before the date of the sale in the registry of deeds. The notice shall be sent not less than 21 days before the sale.  Such notice of sale shall be sufficient if it fully sets forth the date, time, and place of sale;  the town, county, street or highway and street number, if any, of the mortgaged premises;  the date of the mortgage;  the volume and page of the recording of the mortgage;  and the terms of the sale.  Any mortgagor or record lienholder who refuses to accept or claim mailed or served notice or who frustrates attempts by the mortgagee to give notice of the sale by failing to give or leave a forwarding address or by other act or omission shall be deemed to be notified of the sale, provided that such mortgagee shall have made a good faith effort to provide such notice.  Notice of the sale as served on or mailed to the mortgagor shall include the following language:

"You are hereby notified that you have a right to petition the superior court for the county in which the mortgaged premises are situated, with service upon the mortgagee, and upon such bond as the court may require, to enjoin the scheduled foreclosure sale." Failure to institute such petition and complete service upon the foreclosing party, or his agent, conducting the sale prior to sale shall thereafter bar any action or right of action of the mortgagor based on the validity of the foreclosure.

II-a. No claim challenging the form of notice, manner of giving notice, or the conduct of the foreclosure sale shall be brought by the mortgagor or any record lienholder after one year and one day from the date of the recording of the foreclosure deed for such sale.

III. The sale shall be held upon the premises except where a different place of sale is agreed upon in the mortgage. In the event that the mortgage shall contain more than one parcel of land, the sale may be held on either parcel as may be specified in the notice of sale.

IV. No foreclosure sale shall be invalid or ineffectual to foreclose a mortgage pursuant to this section if any party entitled to be sent notice and not sent such notice shall, either before or after such foreclosure sale, waive its right to have been sent such notice, or if the lien or interest of such party in the mortgaged premises shall at any time

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




Case: 1:05-cv-07097 Document #: 39-3 Filed: 02/14/06 Page 28 of 84 PageID #:596

be released or discharged.  A waiver of notice authorized or validated under this section shall be recorded in the registry of deeds in the county where the property is situated.

Current through End of 2005 Reg. Sess.

COPYRIGHT © 2005 By State of New Hampshire Office of the Director of

Legislative Services and Thomson/West.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 27**

McKinney's RPAPL § 1402
☞

Effective: June 30, 2005

MCKINNEY'S CONSOLIDATED LAWS OF NEW YORK ANNOTATED
REAL PROPERTY ACTIONS AND PROCEEDINGS LAW
CHAPTER 81 OF THE CONSOLIDATED LAWS
ARTICLE 14--FORECLOSURE OF MORTGAGE BY POWER OF SALE
 > > § 1402. Notice of intention to foreclose

< [Repealed by L.1998, c. 231, § 2, eff. July 1, 2009] >

1. Not later than ten days after commencing the non-judicial proceeding by filing the notice of pendency pursuant to section fourteen hundred three of this article, and not less than ten days prior to the first service of the notice of sale pursuant to section fourteen hundred six of this article, a copy of the notice of pendency, together with a notice of intention to foreclose, in a writing complying with subdivision two of this section, shall be sent to the mortgagor, the obligor on the note, bond or other obligation if other than the mortgagor, the owner of the mortgaged property, if other than the mortgagor, and to any person or entity having a lien of record upon the mortgaged property, or interest in the mortgaged property subordinate to the mortgage that the mortgagee seeks to foreclose, at the time of the filing of the notice of pendency of which the mortgagee has actual knowledge or is on constructive notice, both by (a) registered mail or certified mail and (b) ordinary first class mail, or by personal service in the same manner as service of a summons. Such notice shall be sent to the owner of the mortgaged property at the address of the property or at such other address that is known to the mortgagee, to a mortgagor at the mortgagor's address specified in the mortgage or to such other place as may have been directed by the mortgagor in writing in accordance with the mortgage, and to any person or entity having a lien of record subordinate to the mortgage that the mortgagee seeks to foreclose at the address shown on such lien. The notice shall be sent to a person or entity having any subordinate interest in the mortgaged property that the mortgagee seeks to foreclose and of which the mortgagee has such actual knowledge or constructive notice at such person's or entity's last known personal or business address.

2. The notice shall:

(a) identify the mortgage by the parties thereto, the date and recording date thereof, and any recorded amendments and modifications thereof;

(b) (1) if there is a monetary default, set forth the amounts due, the date due and any late charges and default interest;

(2) if there is a non-monetary default, set forth the basis thereof;

(c) state that the mortgagee has (1) made demand to cure a default if such demand is required under the mortgage or the note, bond or other obligation secured thereby, which default has not been cured within the applicable cure period, and (2) declared the entire obligation secured by the mortgage to be immediately due and payable by written notice to the mortgagor;

(d) set forth the outstanding principal balance declared due and payable, together with the amount of interest accrued thereon and the approximate amount of other sums secured by the mortgage;

(e) state that the interest in the mortgaged property of the mortgagor and all persons or entities having an interest in the mortgaged property subordinate to the mortgage, who are served with a copy of the notice of intention to foreclose and any other notices required under this article, will be terminated by foreclosure of the mortgage by power of sale pursuant to this article and that the mortgagor, owner, or such other person or entity having an interest in the mortgaged property subordinate to the mortgage, may thereupon be evicted by judicial process;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



(f) set forth the right of the mortgagor, or any person or entity having an interest in the mortgaged property subordinate to the mortgage, to any surplus moneys out of the proceeds of sale in accordance with the provisions of section fourteen hundred eighteen of this article;  and, if a deficiency judgment is permitted, that the mortgagee shall have the right to seek a deficiency judgment pursuant to section fourteen hundred nineteen of this article;

(g) set forth the rights and remedies, as specified in section fourteen hundred twenty-one of this article, which are available to the mortgagor, or any person or entity claiming under the mortgagor or having an interest in or lien upon the mortgaged property which is subordinate to the mortgage being foreclosed;  and

(h) where the United States of America, the state of New York, or any municipality, agency or instrumentality of any of them, is entitled to notice, the notice shall specify with particularity the nature of the interest or lien of the governmental entity.  The non-judicial proceeding under this article shall be deemed to be an action, for purposes of statutes conferring jurisdiction over governmental entities.

3. Affidavits of service or mailing upon each of the persons or entities entitled to and served with the notice of intention to foreclose shall be filed prior to the date of sale under the index number of the non-judicial proceeding with the clerk of the county in which the sale is to take place.

<Laws 1962, Chapter 142>

<[Repealed by L.1998, c. 231, § 2, eff. July 1, 2009.]>

Current through L.2005, chapter 766 and L.2006, chapters 1 and 4 to 6.

Copr © 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




Effective: [See Text Amendments]

MCKINNEY'S CONSOLIDATED LAWS OF NEW YORK ANNOTATED
REAL PROPERTY ACTIONS AND PROCEEDINGS LAW
CHAPTER 81 OF THE CONSOLIDATED LAWS
ARTICLE 14--FORECLOSURE OF MORTGAGE BY POWER OF SALE
> > § 1406. Notice of sale; how served

< [Repealed by L.1998, c. 231, § 2, eff. July 1, 2009] >

Service of notice of the sale as prescribed in subdivision one of section fourteen hundred five of this article shall be made upon a person or entity described in subdivision one of section fourteen hundred five of this article that the mortgagee seeks to foreclose as follows:

1. At least thirty days before the date of sale, by delivering a copy of the notice, in the manner prescribed by article three of the civil practice law and rules for personal service of a copy of a summons in a civil action in a court of record, to the person or entity to be served, and by mailing an additional copy thereof to such person or entity by first class mail in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action or proceeding against the person or entity to be served. If such person or entity is a foreign corporation, or is not a resident of or within the state, then service thereof may be made upon it in like manner without the state, at least forty days before the date of sale.

2. Service of a copy of the notice of sale upon the mortgagor, the mortgagor's successors or assigns, or a subsequent grantee of the property from the mortgagor, in the manner prescribed in the mortgage shall be good, valid and effective service hereunder.

3. Service of a copy of the notice of sale upon the United States of America, its agencies or instrumentalities, shall be in accordance with applicable federal statute.

< Laws 1962, Chapter 142 >

< [Repealed by L.1998, c. 231, § 2, eff. July 1, 2009.] >

Current through L.2005, chapter 766 and L.2006, chapters 1 and 4 to 6.

Copr © 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 28**



C
NEBRASKA REVISED STATUTES OF 1943
CHAPTER 76. REAL PROPERTY
ARTICLE 10. TRUST DEEDS
 § 76-1006. Sale of trust property;  notice of default.

The power of sale conferred in the Nebraska Trust Deeds Act upon the trustee shall not be exercised until:

(1) The trustee shall first file for record in the office of the register of deeds of each county wherein the trust property or some part or parcel thereof is situated a notice of default identifying the trust deed by stating the name of the trustor named therein and giving the book and page or computer system reference where the same is recorded and a description of the trust property, containing a statement that a breach of an obligation for which the trust property was conveyed as security has occurred, and setting forth the nature of such breach and of his or her election to sell or cause to be sold such property to satisfy the obligation;

(2) If the trust property is used in farming operations carried on by the trustor, not in any incorporated city or village, the notice of default also sets forth:

(a) A statement that the default may be cured within two months of the filing for record of the notice of default and the obligation and trust deed may be thereby reinstated as provided in section 76-1012;

(b) A statement of the amount of the entire unpaid principal sum secured by the trust deed, the amount of interest accrued thereon to and including the date the notice of default is signed by the trustee or the trustee's attorney, and the dollar amount of the per diem interest accruing from and after such date; and

(c) A statement of the amount of the unpaid principal which would not then be due had no default occurred;  and

(3) After the lapse of not less than one month, or two months if the notice of default is subject to subdivision (2) of this section, the trustee shall give notice of sale as provided in section 76-1007.


Source:  Laws 1965, c. 451, § 6, p. 1426;  Laws 1971, LB 645, § 1;  Laws 1984, LB 679, § 20;  Laws 1986, Third Spec. Sess., LB 3, § 17;  Laws 2004, LB 999, § 44. Operative date April 16, 2004.

<General Materials (GM) - References, Annotations, or Tables>

Neb. Rev. St. § 76-1006, NE ST § 76-1006

 The Statutes and Constitution are current through the First Regular
Session of the 99th Legislature (2005).


The text of the Nebraska Statutes and Constitution 2004 was provided


by the Executive Board of the Legislative Council through the Revisor


of Statutes and is subject to a claim of copyright by the State of Nebraska.


END OF DOCUMENT


© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



NE ST § 76-1008                                                                                          Page 1
Neb.Rev.St. § 76-1008

NEBRASKA REVISED STATUTES OF 1943
CHAPTER 76. REAL PROPERTY
ARTICLE 10. TRUST DEEDS
   **§ 76-1008. Notice of default and sale; request for copies; mailing of notice; publication of notice of
   default; when.**

(1) Any person desiring a copy of any notice of default and of any notice of sale under any trust deed may, at any
time subsequent to the filing for record of the trust deed and prior to the filing for record of a notice of default
thereunder, file for record in the office of the register of deeds of any county in which any part or parcel of the trust
property is situated a duly acknowledged request for a copy of any such notice of default and notice of sale. The
request shall set forth the name and address of the person or persons requesting copies of such notices and shall
identify the trust deed by stating the names of the original parties thereto, the date of filing for record thereof, and
the book and page or computer system reference where the same is recorded and shall be in substantially the
following form:

Request is hereby made that a copy of any notice of default and a copy of notice of sale under the trust deed filed for
record ............, 20...., and recorded in book .........., page ........, (or computer system reference ........) Records of
............. County, Nebraska, executed by .......... as trustor, in which ............ is named as beneficiary and ............ as
trustee, be mailed to .......(insert name)....... at ..........(insert address).......... .

Signature ..........................

(2) Not later than ten days after recordation of such notice of default, the trustee or beneficiary shall mail, by
registered or certified mail with postage prepaid, a copy of such notice with the recording date shown thereon,
addressed to each person whose name and address is set forth in a request therefor which has been recorded prior to
the filing for record of the notice of default, directed to the address designated in such request. At least twenty days
before the date of sale, the trustee shall mail, by registered or certified mail with postage prepaid, a copy of the
notice of the time and place of sale, addressed to each person whose name and address is set forth in a request
therefor which has been recorded prior to the filing for record of the notice of default, directed to the address
designated in such request.

(3) Each trust deed shall contain a request that a copy of any notice of default and a copy of any notice of sale
thereunder shall be mailed to each person who is a party thereto at the address of such person set forth therein, and a
copy of any notice of default and of any notice of sale shall be mailed to each such person at the same time and in
the same manner required as though a separate request therefor had been filed by each of such persons as provided
in this section.

(4) If no address of the trustor is set forth in the trust deed and if no request for notice by such trustor has been
recorded as provided in this section, a copy of the notice of default shall be published at least three times, once a
week for three consecutive weeks, in a newspaper of general circulation in each county in which the trust property
or some part thereof is situated, such publication to commence not later than ten days after the filing for record of
the notice of default.

(5) No request for a copy of any notice filed for record pursuant to this section nor any statement or allegation in any
such request nor any record thereof shall affect the title to trust property or be deemed notice to any person that any
person requesting copies of notice of default or of notice of sale has or claims any right, title, or interest in or lien or
claim upon the trust property.

Source: Laws 1965, c. 451, § 8, p. 1427; Laws 1984, LB 679, § 21; Laws 1986, LB 999, § 5; Laws 1986, Third
Spec. Sess., LB 3, § 18; Laws 2004, LB 813, § 30. Effective date July 16, 2004.

<General Materials (GM) - References, Annotations, or Tables>

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Neb. Rev. St. § 76-1008, NE ST § 76-1008

The Statutes and Constitution are current through the First Regular
Session of the 99th Legislature (2005).

The text of the Nebraska Statutes and Constitution 2004 was provided

by the Executive Board of the Legislative Council through the Revisor

of Statutes and is subject to a claim of copyright by the State of Nebraska.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Exhibit 29**

N.C.G.S.A. § 45-21.16
▷

WEST'S NORTH CAROLINA GENERAL STATUTES ANNOTATED
CHAPTER 45. MORTGAGES AND DEEDS OF TRUST
ARTICLE 2A. SALES UNDER POWER OF SALE
PART 2. PROCEDURE FOR SALE
> > § 45-21.16. Notice and hearing

(a) The mortgagee or trustee granted a power of sale under a mortgage or deed of trust who seeks to exercise such power of sale shall file with the clerk of court a notice of hearing in accordance with the terms of this section. After the notice of hearing is filed, the notice of hearing shall be served upon each party entitled to notice under this section. The notice shall specify a time and place for the hearing before the clerk of court and shall be served not less than 10 days prior to the date of such hearing. The notice shall be served and proof of service shall be made in any manner provided by the Rules of Civil Procedure for service of summons, including service by registered mail or certified mail, return receipt requested. However, in those instances that publication would be authorized, service may be made by posting a notice in a conspicuous place and manner upon the property not less than 20 days prior to the date of the hearing, and if service upon a party cannot be effected after a reasonable and diligent effort in a manner authorized above, notice to such party may be given by posting the notice in a conspicuous place and manner upon the property not less than 20 days prior to the date of hearing. Service by posting may run concurrently with any other effort to effect service. The notice shall be posted by the sheriff. In the event that the service is obtained by posting, an affidavit shall be filed with the clerk of court showing the circumstances warranting the use of service by posting.

If any party is not served or is not timely served prior to the date of the hearing, the clerk shall order the hearing continued to a date and time certain, not less than 10 days from the date scheduled for the original hearing. All notices already timely served remain effective. The mortgagee or trustee shall satisfy the notice requirement of this section with respect to those parties not served or not timely served with respect to the original hearing. Any party timely served, who has not received actual notice of the date to which the hearing has been continued, shall be sent the order of continuance by first-class mail at his last known address.

(b) Notice of hearing shall be served in a manner authorized in subsection (a) upon:

(1) Any person to whom the security interest instrument itself directs notice to be sent in case of default.

(2) Any person obligated to repay the indebtedness against whom the holder thereof intends to assert liability therefor, and any such person not notified shall not be liable for any deficiency remaining after the sale.

(3) Every record owner of the real estate whose interest is of record in the county where the real property is located at the time the notice of hearing is filed in that county. The term "record owner" means any person owning a present or future interest in the real property, which interest is of record at the time that the notice of hearing is filed and would be affected by the foreclosure proceeding, but does not mean or include the trustee in a deed of trust or the owner or holder of a mortgage, deed of trust, judgment, mechanic's or materialman's lien, or other lien or security interest in the real property. Tenants in possession under unrecorded leases or rental agreements shall not be considered record owners.

(c) Notice shall be in writing and shall state in a manner reasonably calculated to make the party entitled to notice aware of the following:

(1) The particular real estate security interest being foreclosed, with such a description as is necessary to identify the real property, including the date, original amount, original holder, and book and page of the security instrument.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




(2) The name and address of the holder of the security instrument at the time that the notice of hearing is filed.

(3) The nature of the default claimed.

(4) The fact, if such be the case, that the secured creditor has accelerated the maturity of the debt.

(5) Any right of the debtor to pay the indebtedness or cure the default if such is permitted.

(5a) The holder has confirmed in writing to the person giving the notice, or if the holder is giving the notice, the holder shall confirm in the notice, that, within 30 days of the date of the notice, the debtor was sent by first-class mail at the debtor's last known address a written statement of the amount of principal and interest that the holder claims in good faith is owed as of the date of the written statement, a daily interest charge based on the contract rate as of the date of the statement, and the amount of other expenses the holder contends it is owed as of the date of the statement.

(6) Repealed by S.L. 1977-359, § 7, eff. Oct. 1, 1977.

(7) The right of the debtor (or other party served) to appear before the clerk of court at a time and on a date specified, at which appearance he shall be afforded the opportunity to show cause as to why the foreclosure should not be allowed to be held. The notice shall contain a statement that if the debtor does not intend to contest the creditor's allegations of default, the debtor does not have to appear at the hearing and that his failure to attend the hearing will not affect his right to pay the indebtedness and thereby prevent the proposed sale, or to attend the actual sale, should he elect to do so.

(8) That if the foreclosure sale is consummated, the purchaser will be entitled to possession of the real estate as of the date of delivery of his deed, and that the debtor, if still in possession, can then be evicted.

(8a) The name, address, and telephone number of the trustee or mortgagee.

(9) That the debtor should keep the trustee or mortgagee notified in writing of his address so that he can be mailed copies of the notice of foreclosure setting forth the terms under which the sale will be held, and notice of any postponements or resales.

(10) If the notice of hearing is intended to serve also as a notice of sale, such additional information as is set forth in G.S. 45-21.16A.

(11) That the hearing may be held on a date later than that stated in the notice and that the party will be notified of any change in the hearing date.

(c1) The person giving the notice of hearing, if other than the holder, may rely on the written confirmation received from the holder under subdivision (c)(5a) of this section and is not liable for inaccuracies in the written confirmation. Any dispute concerning the mailing or accuracy of the written statement described in subdivision (c)(5a) of this section shall not be considered in a hearing under this section.

(d) The hearing provided by this section shall be held before the clerk of court in the county where the land, or any portion thereof, is situated. In the event that the property to be sold consists of separate tracts situated in different counties or a single tract in more than one county, only one hearing shall be necessary. However, prior to that hearing, the mortgagee or trustee shall file the notice of hearing in any other county where any portion of the property to be sold is located. Upon such hearing, the clerk shall consider the evidence of the parties and may consider, in addition to other forms of evidence required or permitted by law, affidavits and certified copies of documents. If the clerk finds the existence of (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice to those entitled to such under subsection (b), then the clerk shall authorize the mortgagee or trustee to proceed under the instrument, and the mortgagee or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





trustee can give notice of and conduct a sale pursuant to the provisions of this Article.  A certified copy of any authorization or order by the clerk shall be filed in any other county where any portion of the property to be sold is located before the mortgagee or trustee may proceed to advertise and sell any property located in that county. In the event that sales are to be held in more than one county, the provisions of G.S. 45-21.7 apply.

(d1) The act of the clerk in so finding or refusing to so find is a judicial act and may be appealed to the judge of the district or superior court having jurisdiction at any time within 10 days after said act.  Appeals from said act of the clerk shall be heard de novo.  If an appeal is taken from the clerk's findings, the appealing party shall post a bond with sufficient surety as the clerk deems adequate to protect the opposing party from any probable loss by reason of appeal;  and upon posting of the bond the clerk shall stay the foreclosure pending appeal.

(e) In the event of an appeal, either party may demand that the matter be heard at the next succeeding term of the court to which the appeal is taken which convenes 10 or more days after the hearing before the clerk, and such hearing shall take precedence over the trial of other cases except cases of exceptions to homesteads and appeals in summary ejectment actions, provided the presiding judge may in his discretion postpone such hearing if the rights of the parties or the public in any other pending case require that such case be heard first. In those counties where no session of court is scheduled within 30 days from the date of hearing before the clerk, either party may petition any regular or special superior court judge resident in a district or assigned to hold courts in a district where any part of the real estate is located, or the chief district judge of a district where any part of the real estate is located, who shall be authorized to hear the appeal.  A certified copy of any order entered as a result of the appeal shall be filed in all counties where the notice of hearing has been filed.

(f) Waiver of the right to notice and hearing provided herein shall not be permitted except as set forth herein.  In any case in which the original principal amount of indebtedness secured was one hundred thousand dollars ($100,000), or more, any person entitled to notice and hearing may waive after default the right to notice and hearing by written instrument signed and duly acknowledged by such party.  In all other cases, at any time subsequent to service of the notice of hearing provided above, the clerk, upon the request of the mortgagee or trustee, shall mail to all other parties entitled to notice of such hearing a form by which such parties may waive their rights to the hearing.  Upon the return of the forms to the clerk bearing the signatures of each such party and that of a witness to each such party's signature (which witness shall not be an agent or employee of the mortgagee or trustee), the clerk in his discretion may dispense with the necessity of a hearing and proceed to issue the order authorizing sale as set forth above.

(g) Any notice, order, or other papers required by this Article to be filed in the office of the clerk of superior court shall be filed in the same manner as a special proceeding.

Current through the 2005 Regular Session

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




N.C.G.S.A. § 45-21.17
c

WEST'S NORTH CAROLINA GENERAL STATUTES ANNOTATED
CHAPTER 45. MORTGAGES AND DEEDS OF TRUST
ARTICLE 2A. SALES UNDER POWER OF SALE
PART 2. PROCEDURE FOR SALE
> >§ 45-21.17. Posting and publishing notice of sale of real property

In addition to complying with such provisions with respect to posting or publishing notice of sale as are contained in the security instrument,

(1) Notice of sale of real property shall

a. Be posted, in the area designated by the clerk of superior court for posting public notices in the county in which the property is situated, at least 20 days immediately preceding the sale.

b. And in addition thereto,

1. The notice shall be published once a week for at least two successive weeks in a newspaper published and qualified for legal advertising in the county in which the property is situated.

2. If no such newspaper is published in the county, then notice shall be published once a week for at least two successive weeks in a newspaper having a general circulation in the county.

3. In addition to the required newspaper advertisement, the clerk may in his discretion, on application of any interested party, authorize such additional advertisement as in the opinion of the clerk will serve the interest of the parties, and permit the charges for such further advertisement to be taxed as a part of the costs of the foreclosure.

(2) When the notice of sale is published in a newspaper,

a. The period from the date of the first publication to the date of the last publication, both dates inclusive, shall not be less than seven days, including Sundays, and

b. The date of the last publication shall be not more than 10 days preceding the date of the sale.

(3) When the real property to be sold is situated in more than one county, the provisions of subdivisions (1) and (2) shall be complied with in each county in which any part of the property is situated.

(4) The notice of sale shall be mailed by first-class mail at least 20 days prior to the date of sale to each party entitled to notice of the hearing provided by G.S. 45-21.16 whose address is known to the trustee or mortgagee and in addition shall also be mailed by first-class mail to any party desiring a copy of the notice of sale who has complied with G.S. 45-21.17A. Notice of the hearing required by G.S. 45-21.16 shall be sufficient to satisfy the requirement of notice under this section provided such notice contains the information required by G.S. 45-21.16A.

(5) Repealed by Laws 1993, c. 305, § 10, eff. Oct. 1, 1993.

(6) Any time periods relating to notice of hearing or notice of sale that are provided in the security instrument may commence with and run concurrently with the time periods provided in G.S. 45-21.16, 45-21.17, or 45-21.17A.

Current through the 2005 Regular Session

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

 

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 30**

46 Okl.St.Ann. § 43
c

OKLAHOMA STATUTES ANNOTATED
TITLE 46. MORTGAGES
CHAPTER 3. POWER OF SALE MORTGAGE FORECLOSURE ACT
> > § 43.  Power  of  sale--Requirements--Sale  procedure--Deficiency--Redemption--  Writ  of  assistance--
Foreclosure

 A. Notwithstanding Sections 10 and 11 of Title 42, Sections 686 and  760 of Title 12;  and Sections 1 and 4 of
this title, or any other inconsistent law:

1. a power to sell the mortgaged real estate may be conferred by the mortgagor upon the mortgagee in the
mortgage under which the mortgaged property and the interests of persons therein may be sold in the manner
provided for in Sections 43 through 47 of this title, after a breach or default in performance of the contract or
contracts for which the property is granted as security, or a breach or default in the performance of the mortgage;
and

2. with respect to any mortgage in which a power of sale is granted:

a. the mortgage shall state in bold and underlined language, substantially the following:

"A power of sale has been granted in this mortgage.  A power of sale may allow the mortgagee to take the
mortgaged property and sell it without going to court in a foreclosure action upon default by the mortgagor under
this mortgage,"

b. in a mortgage transaction involving the mortgagor's homestead, if the mortgagor, at least ten (10) days before
the property is to be sold under the power of sale, sends written notice by certified mail to the mortgagee stating
that the property involved is the mortgagor's homestead and that judicial foreclosure is elected, and files of record
a copy of such notice which contains the legal description of the property in the office of the county clerk of the
county where the property is located, the mortgagee must pursue any foreclosure by judicial proceeding in a court
of competent jurisdiction; provided, however, the mortgagee may contest the mortgagor's claim of homestead in
the judicial foreclosure action or in another action such as by declaratory judgment,

c. in a mortgage transaction that remains subject to this act  [FN1] involving the mortgagor's homestead, if the
mortgagor at least ten (10) days before the property is to be sold under the power of sale, sends written notice by
certified mail to the mortgagee stating that the property involved is the mortgagor's homestead and that the
mortgagor elects against a deficiency judgment, and establishes the property as homestead if contested, no in
personam action for a deficiency judgment may be maintained by the mortgagee exercising the power of sale;
provided, that mortgagee may enforce any agreed lien against collateral other than the real estate sold;  and other
mortgagees or holders of liens inferior to that of the mortgagee exercising the power of sale and who are
foreclosed may recover the unpaid amount of their indebtedness in an in personam action for a judgment
enforceable against other property of the mortgagor as prescribed by the rules of civil procedure;  provided,
however, the mortgagee may contest the mortgagor's claim of homestead or seek a deficiency judgment and a
judicial determination of homestead by initiating an action therefor within ninety (90) days after the mortgagee's
deed is recorded.  The prevailing party in such action may recover attorney's fees and costs of the action, and

d. in a mortgage transaction not involving the mortgagor's homestead, unless otherwise agreed, the mortgagor
shall be liable for any deficiency between the amount obtained by the mortgagee from the sale and the amount of
the indebtedness, interest, and the costs and expenses of sale including the amount of attorney's fees fixed in the
mortgage by agreement, unless a part or all of the fees are waived by the parties or the amount fixed is found by a
court to be unconscionable.  If such fees are found to be unconscionable or no fees are fixed in the mortgage by
agreement a court may allow reasonable attorney's fees.  Any action for a deficiency pursuant to the provisions of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





this subparagraph shall be commenced within ninety (90) days after the date of the sale. If, in such action, the mortgagor shall establish that the fair market value of the property as of the date of the sale exceeded the sale price, then the deficiency otherwise obtainable under this subparagraph shall be reduced by the amount of such excess.

B. Nothing in this act shall be construed to impair the right of the mortgagor or another party to redeem as provided in Sections 18 through 20 of Title 42 of the Oklahoma Statutes, up to the completion of the sale upon payment of the amount owed including all expenses. A mortgagor and mortgagee may agree on the acquisition of the interest of the mortgagor in the real estate by the mortgagee in lieu of foreclosure.

C. The purchaser on foreclosure by power of sale may seek a writ of assistance by application to a court of competent jurisdiction with the same effect as provided in Section 686 of Title 12 of the Oklahoma Statutes.

D. A power of sale must be exercised consistent with this act and in accordance with the agreement of the parties. At the option of the mortgagee a mortgage containing a power of sale may be foreclosed in the manner provided in Section 686 of Title 12 of the Oklahoma Statutes for the foreclosure of mortgages on real property.

[FN1] Title 46, § 40 et seq.

Current through Chapter 1 of the 2005 First Extraordinary Session.

© Thomson/West 2005. All rights reserved.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





46 Okl.St.Ann. § 44
c

OKLAHOMA STATUTES ANNOTATED
TITLE 46. MORTGAGES
CHAPTER 3. POWER OF SALE MORTGAGE FORECLOSURE ACT
> > § 44. Notice of intent to foreclose by power of sale

In case of breach or default as determined by the terms of the mortgage, before the same may be used as a basis to foreclose the mortgage by power of sale, the mortgagee must give the mortgagor a written notice of intention to foreclose by power of sale by certified mail addressed to the mortgagor at the last-known address of the mortgagor.   The notice shall state the name and address of the mortgagee, the nature of the breach(es) or default(s) claimed with reasonable specificity, that the mortgagor has a right for thirty-five (35) days from the date the notice is sent to cure a breach or default and thus to that extent reinstate the mortgage, the amount of money or action necessary to effect cure, that if the breach or default is not cured the mortgagee may accelerate the debt and give the notice provided for in Section 45 of this title or otherwise foreclose the mortgage, and that the notice contains important information concerning legal rights under the mortgage and Oklahoma law and that if the mortgagor has any questions an attorney should be promptly consulted.  If a nonhomestead mortgagor is in default more than three (3) times in a twenty-four-month period and has been notified as provided for above, no right to an additional notice of intent to foreclose will be required prior to acceleration under Section 45 of this title.  If a homestead mortgagor is in default more than four (4) times in a twenty-four-month period and has been notified as provided for above, no right to an additional notice of intent to foreclose will be required prior to acceleration under Section 45 of this title.  If a mortgagee complies with a contractual provision for notice before acceleration in a Federal National Mortgage Association or Federal Home Loan Mortgage Corporation uniform instrument taken by the mortgagee which is substantially in compliance with or more stringent than the provisions of the notice of intention to foreclose by power of sale, such action by the mortgagee constitutes compliance with this section, but in any event, the requirements of this section shall run concurrently with any contractual provision for notice before acceleration in the mortgage.  The notice of sale pursuant to Section 45 of this title may not be given or recorded until the provisions of this section are met.

Current through Chapter 1 of the 2005 First Extraordinary Session.

© Thomson/West 2005.  All rights reserved.

END OF DOCUMENT




**Exhibit 31**

O.R.S. § 86.740
▶

This document has been updated.  Use KEYCITE.

*WEST'S* OREGON REVISED STATUTES ANNOTATED
TITLE 9. MORTGAGES AND LIENS
CHAPTER 86. MORTGAGES; TRUST DEEDS
TRUST DEEDS
> >86.740. Notice of sale

(1) Subsequent to recording notice of default as provided in ORS 86.735 and at least 120 days before the day the trustee conducts the sale, notice of the sale shall be served pursuant to ORCP 7 D(2) and 7 D(3) or mailed by both first class and certified mail with return receipt requested, to the last-known address of the following persons or their legal representatives, if any:

(a) The grantor in the trust deed.

(b) Any successor in interest to the grantor whose interest appears of record, or of whose interest the trustee or the beneficiary has actual notice.

(c) Any person, including the Department of Revenue or any other state agency, having a lien or interest subsequent to the trust deed if the lien or interest appears of record or the beneficiary has actual notice of the lien or interest.

(d) Any person requesting notice as provided in ORS 86.785.

(2)(a) The disability, insanity or death of any person to whom notice of sale must be given under this section shall not delay or impair in any way the trustee's right under a trust deed to foreclose under the deed. If the disability, insanity or death occurs prior to the recording of notice of default, the notice shall be given instead to the guardian, the conservator of the estate of the person or the administrator or personal representative of the person, as the case may be, in the manner and by the time set forth in this section.

(b) If the disability, insanity or death of any person to whom notice of sale must be given under this section occurs on or after the recording of notice of default, the trustee shall, if and when the trustee has knowledge of the disability, insanity or death, promptly give the guardian, conservator of the estate or the administrator or personal representative, as the case may be, the notice provided in ORS 86.745. This notice shall be given by first class and certified mail with return receipt requested, to the last-known address of the guardian, conservator or administrator or personal representative.

(c) In the event there is no administrator or personal representative of the estate of the person to whom notice of sale must be given under this section, the notice may be given instead to the heirs at law or devisees of the deceased person in the manner and by the time set forth in this section.

Current through end of the 2003 Reg. Sess.

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




Page    1

O.R.S. § 86.735
c

*WEST'S* OREGON REVISED STATUTES ANNOTATED
TITLE 9. MORTGAGES AND LIENS
CHAPTER 86. MORTGAGES; TRUST DEEDS
TRUST DEEDS
\> \>86.735. Foreclosure of trust deed by advertisement and sale

The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:

(1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated; and

(2) There is a default by the grantor or other person owing an obligation, the performance of which is secured by the trust deed, or by their successors in interest with respect to any provision in the deed which authorizes sale in the event of default of such provision; and

(3) The trustee or beneficiary has filed for record in the county clerk's office in each county where the trust property, or some part of it, is situated, a notice of default containing the information required by ORS 86.745 and containing the trustee's or beneficiary's election to sell the property to satisfy the obligation; and

(4) No action has been instituted to recover the debt or any part of it then remaining secured by the trust deed, or, if such action has been instituted, the action has been dismissed, except that:

(a) Subject to ORS 86.010 and the procedural requirements of ORCP 79 and 80, an action may be instituted to appoint a receiver or to obtain a temporary restraining order during foreclosure of a trust deed by advertisement and sale, except that a receiver shall not be appointed with respect to a single-family residence which is occupied as the principal residence of the grantor, the grantor's spouse or the grantor's minor or dependent child.

(b) An action may be commenced for the judicial or nonjudicial foreclosure of the same trust deed as to any other property covered thereby, or any other trust deeds, mortgages, security agreements or other consensual or nonconsensual security interests or liens securing repayment of the debt.

Current through end of the 2003 Reg. Sess.

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




O.R.S. § 86.750
c

*WEST'S* OREGON REVISED STATUTES ANNOTATED
TITLE 9. MORTGAGES AND LIENS
CHAPTER 86. MORTGAGES; TRUST DEEDS
TRUST DEEDS
> > 86.750. Service and publication of notice

(1) The notice prescribed in ORS 86.745 shall be served upon an occupant of the property described in the trust deed in the manner in which a summons is served pursuant to ORCP 7 D(2) and 7 D(3) at least 120 days before the day the trustee conducts the sale.

(2) A copy of the notice of sale shall be published in a newspaper of general circulation in each of the counties in which the property is situated once a week for four successive weeks. The last publication shall be made more than 20 days prior to the date the trustee conducts the sale.

(3) On or before the date the trustee conducts the sale, an affidavit of mailing notice of sale, proof of service (if any), and an affidavit of publication of notice of sale shall be recorded in the official records in the county or counties in which the property described in the deed is situated.

Current through end of the 2003 Reg. Sess.

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 32**

RI ST S 34-27-4                                                          **Page   1**
 Gen.Laws 1956, § 34-27-4
**c**

GENERAL LAWS OF RHODE ISLAND ANNOTATED, 1956
TITLE 34. PROPERTY
CHAPTER 27. MORTGAGE FORECLOSURE AND SALE
> >34-27-4. Publication of notice under power of sale. --

 (a) Whenever any real estate shall be sold under any power of sale mortgage executed subsequent to May 4, 1911, and the mortgage shall provide for the giving of notice of the sale by publication in some public newspaper at least once a week for three (3) successive weeks before the sale, the first publication of the notice shall be at least twenty-one (21) days before the day of sale, including the day of the first publication in the computation.

(b) Provided, however, that no notice shall be valid or effective unless the mortgagor has been mailed written notice of the time and place of sale by certified mail return receipt requested at the address of the real estate and, if different, at the mortgagor's address listed with the tax assessor's office of the city or town where the real estate is located or any other address mortgagor designates by written notice to mortgagee at his, her, or its last known address, at least twenty (20) days for mortgagors other than individual consumer mortgagors, and at least thirty (30) days for individual consumer mortgagors, days prior to the first publication, including the day of mailing in the computation. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this provision.

Current through January 2004 Session.

Copyright; 1953-2004 by the State of Rhode Island and Providence Plantations

and Matthew Bender & Company, Inc. a member of the LexisNexis Group.  All

rights reserved.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 33**

SDCL § 21-48-6
c

SOUTH DAKOTA CODIFIED LAWS
TITLE 21. JUDICIAL REMEDIES
CHAPTER 21-48. FORECLOSURE OF REAL PROPERTY MORTGAGE BY ADVERTISEMENT
> > 21-48-6. Publication of notice of foreclosure--Contents of notice

Notice that such mortgage will be foreclosed by sale of the mortgaged premises, or some part of them, shall be given, by publishing the notice at least once each week for four successive weeks in a legal newspaper of the county where the premises intended to be sold, or some of them, are situated, if there be one in the county, and if not, in the nearest newspaper in the state. Every notice shall specify:

(1) The names of the mortgagor and mortgagee, and the assignee, if any;

(2) The date of the mortgage;

(3) The amount claimed to be due on the mortgage at the date of the notice;

(4) A description of the mortgaged premises, conforming substantially to that contained in the mortgage;

(5) The time and place of sale;

(6) A description of the default;

(7) That the mortgagor can apply for foreclosure by action pursuant to § 21- 48-9;

(8) The name and address of all persons claiming a lien, encumbrance, or other recorded ownership interest in the property.

Current through the 2005 Special Session and Supreme Court Rule 05-11.

© 2005 by the State of South Dakota

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 34**

T. C. A. § 35-5-101
▷

*WEST'S* TENNESSEE CODE ANNOTATED
TITLE 35. FIDUCIARIES AND TRUST ESTATES
CHAPTER 5. JUDICIAL OR TRUST SALES
> > § 35-5-101. Advertisements; newspapers

(a) In any sale of land to foreclose a deed of trust, mortgage or other lien securing the payment of money or other thing of value or under judicial orders or process, advertisement of such sale shall be made at least three (3) different times in some newspaper published in the county where the sale is to be made.

(b) The first publication shall be at least twenty (20) days previous to the sale.

(c) The provisions of this section shall not apply where the amount of indebtedness for the payment of which the property being sold does not amount to more than two hundred dollars ($200), in which event the owner of the property may order that advertisement be made by written notices posted as provided in § 35-5-103, instead of by notices published in a newspaper.

(d) Nothing in this section shall be construed as applying to any notice published in accordance with any contract entered into heretofore, and expressed in a mortgage, deed of trust or other legal instruments.

Current through end of 2005 First Reg. Sess.

© 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 35**

V.T.C.A., Property Code § 51.002
c

Effective: September 01, 2005

VERNON'S TEXAS STATUTES AND CODES ANNOTATED
PROPERTY CODE
TITLE 5. EXEMPT PROPERTY AND LIENS
SUBTITLE B. LIENS
CHAPTER 51. PROVISIONS GENERALLY APPLICABLE TO LIENS
> > § 51.002. Sale of Real Property Under Contract Lien

(a) A sale of real property under a power of sale conferred by a deed of trust or other contract lien must be a public sale at auction held between 10 a.m. and 4 p.m. of the first Tuesday of a month. Except as provided by Subsection (h), the sale must take place at the county courthouse in the county in which the land is located, or if the property is located in more than one county, the sale may be made at the courthouse in any county in which the property is located. The commissioners court shall designate the area at the courthouse where the sales are to take place and shall record the designation in the real property records of the county. The sale must occur in the designated area. If no area is designated by the commissioners court, the notice of sale must designate the area where the sale covered by that notice is to take place, and the sale must occur in that area.

(b) Notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:

(1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;

(2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and

(3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

(c) The sale must begin at the time stated in the notice of sale or not later than three hours after that time.

(d) Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b). The entire calendar day on which the notice required by this subsection is given, regardless of the time of day at which the notice is given, is included in computing the 20-day notice period required by this subsection, and the entire calendar day on which notice of sale is given under Subsection (b) is excluded in computing the 20- day notice period.

(e) Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.

(f) Each county clerk shall keep all notices filed under Subdivision (2) of Subsection (b) in a convenient file that is available to the public for examination during normal business hours. The clerk may dispose of the notices after the date of sale specified in the notice has passed. The clerk shall receive a fee of $2 for each notice filed.

(g) The entire calendar day on which the notice of sale is given, regardless of the time of day at which the notice is given, is included in computing the 21- day notice period required by Subsection (b), and the entire calendar

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




day of the foreclosure sale is excluded.

(h) For the purposes of Subsection (a), the commissioners court of a county may designate an area other than an area at the courthouse where sales under this section will take place that is in a public place within a reasonable proximity of the county courthouse and in a location as accessible to the public as the courthouse door.   The commissioners court shall record that designation in the real property records of the county.   The posting of the notice required by Subsection (b)(1) of a sale designated under this subsection to take place at an area other than an area of the courthouse remains at the courthouse door of the appropriate county.

Current through the end of the 2005 2nd Called Session of the 79th Legislature

© 2005 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 36**

**Page** 1

Found Document                     Rank(R) 1 of 1                     Database
                                                                       UT-ST-ANN

  U.C.A. 1953 s 57-1-24
**<KeyCite Citations>**

TEXT
WEST'S UTAH CODE ANNOTATED
TITLE 57. REAL ESTATE
CHAPTER 1. CONVEYANCES
>>s 57-1-24. Sale of trust property by trustee--Notice of default
TEXT
The power of sale conferred upon the trustee who is qualified under Subsection
57-1-21(1)(a)(i) or (iv) may not be exercised until:
TEXT (1)
(1) the trustee first files for record, in the office of the recorder of each
county where the trust property or some part or parcel of the trust property is
situated, a notice of default, identifying the trust deed by stating the name of
the trustor named in the trust deed and giving the book and page, or the
recorder's entry number, where the trust deed is recorded and a legal
description of the trust property, and containing a statement that a breach of
an obligation for which the trust property was conveyed as security has
occurred, and setting forth the nature of that breach and of the trustee's
election to sell or cause to be sold the property to satisfy the obligation;
TEXT (2)
(2) not less than three months has elapsed from the time the trustee filed for
record under Subsection (1);  and
TEXT (3)
(3) after the lapse of at least three months the trustee shall give notice of
sale as provided in Sections 57-1-25 and 57-1-26.
ANNOTATIONS (Notes of Decisions Index )
Current through end of 2005 First Special Session
(C) 2005 Thomson/West

END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




**Exhibit 37**

VT ST T. 12 S 4532                                                                       **Page    1**
 12 V.S.A. § 4532
**c**

VERMONT STATUTES ANNOTATED
TITLE TWELVE. Court Procedure
PART 9. PARTICULAR PROCEEDINGS
CHAPTER 163. Chancery Proceedings
SUBCHAPTER 6. Foreclosure of Mortgages
> > § 4532  Power of sale; procedures; notices; forms

(a) Notice of intention to foreclose. At least 30 days prior to publication of a notice of sale, notice of intention to foreclose in a writing complying with this section must be sent to the mortgagor by registered or certified mail at his or her last known address. The writing must state, in a manner calculated to make the mortgagor aware of the situation:

(1) the mortgage to be foreclosed;

(2) the mortgage condition claimed to have been breached;

(3) that the mortgage holder has accelerated maturity of the debt secured by the mortgage, if that is the case;

(4) the amount to be paid or other action necessary to cure, and the time within which the cure must take place, which shall be not less than 30 days after the date of the notice of intention to foreclose;

(5) the intention of the mortgage holder to foreclose by exercising the power of sale contained in the mortgage, if the breach of the mortgage condition is not cured within the time and in the manner specified in the notice; and

(6) that the mortgagor will be entitled to be sent notice of the foreclosure sale at least 60 days prior to the sale and to redeem the premises at any time prior to the sale by paying the full amount due under the mortgage, including the costs and expenses of the sale.

(b) Notice of intent to foreclose form. The following form of notice of intent to foreclose may be used and may be altered as circumstances require; but nothing herein shall be construed to prevent the use of other forms except that all notices required under subsection (a) of this section shall comply with the provisions of subsection (a) of this section:

PLEASE TAKE NOTICE that you have defaulted under Loan No. _____ by [mortgage condition breached] required by your Promissory Note dated _____ , 19____ . This default also constitutes a breach of the Mortgage, dated _____ , 19____ , recorded in Volume _____ at Page _____ of the Land Records, which secures the Loan. As a result of your default, we have accelerated the maturity of all indebtedness due on the Loan and secured by the Mortgage, totaling $ _____ as of today's date. In order to cure this default, you must pay to us on or before _____ [a date not less than thirty (30) days after the date of this Notice] the sum of $ _____ , plus interest at the rate of $ _____ per day to the date of payment. If you do not cure this default by making the payments required, it is our intention to foreclose by exercising the power of sale contained in the above Mortgage. You will be sent notice of the foreclosure sale at least sixty (60) days prior to the sale, and you will be entitled to redeem your interest in the mortgaged property at any time prior to the sale by paying the full amount due under the Mortgage, including the costs and expenses of the sale. If you do not cure the default or redeem your interest, your ownership of the mortgaged property will be terminated.

(c) Publication of notice of sale. Notice of sale shall be published once in each of three successive weeks, in a newspaper of general circulation in the town where the land lies, the first publication to be not less than 21 days before the day of sale.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





VT ST T. 12 S 4532                                                      **Page 2**

(d) Recording notice of sale in land records. In the case of a nonjudicial foreclosure by power of sale under section 4531a(b) of this title, the mortgage holder shall record the notice of sale in the land records of the town or city where the land lies not less than 60 days prior to the sale. The filing of the notice of the sale shall be in lieu of filing a foreclosure complaint under section 4523 of this title and shall be sufficient notice of the pendency of the nonjudicial foreclosure by power of sale to all persons who acquire any interest or lien in the mortgaged property between the dates of recording the notice of sale and recording the foreclosure deed. Without further notice or service, those persons shall be bound by the power of sale and the foreclosure deed and shall be foreclosed from all rights or equity in the mortgaged property.

(e) Service of notice of sale. In all cases, a copy of the notice of sale shall be served on the mortgagor or his or her representative in interest, or sent by registered or certified mail addressed to the mortgagor or such representative at his or her last known address, or to such person and address as may be agreed upon in said mortgage, at least 60 days before said sale. The term "mortgagor" shall mean the mortgagor or the then record owner of the premises. A copy of the notice of sale shall also be sent to any tenant lawfully occupying the premises and to any person having a recorded interest in the premises of record which will be foreclosed by the sale, provided that the interest is recorded in the applicable land records prior to the recording of the notice of sale in the case of a nonjudicial foreclosure or the recording of the foreclosure complaint in the case of judicial foreclosure. The notice shall be sent not less than 60 days before the sale. Notice to a tenant shall be sufficient if mailed to the tenant by first class mail at the address specified in the lease, if recorded, or to the "occupant" at the address of the leased premises, if the lease is not recorded. Compliance with the notice requirements of this section shall be sufficient and the failure to give additional notice shall not be grounds to invalidate the sale.

(f) Notice of sale form. The following notice of sale form may be used and may be altered as circumstances require; but nothing herein shall be construed to prevent the use of other forms except that all notices relating to property subject to the provisions of section 4531a(b) of this title shall include the language specified in subsection (j) of this section:

By virtue and in execution of the Power of Sale contained in a certain mortgage given by _____ to _____ dated _____ and recorded in Volume _____ Page _____ of the land records of the town of _____ , of which mortgage the undersigned is the present holder,

(If by assignment, or in any fiduciary capacity, give reference.) for breach of the conditions of said mortgage and for the purpose of foreclosing the same will be sold at Public Auction at _____ o'clock, _____ M. on the _____ day of A.D. _____ 19____ , _____ (place) _____ all and singular the premises described in said mortgage,

(In case of partial releases, state exceptions.)

To wit: (Legal description of the premises.)

Terms of sale: (State here the amount, if any, to be paid in cash by the purchaser at the time of the sale, and the schedule for payment of the balance.)

The mortgagor is entitled to redeem the premises at any time prior to the sale by paying the full amount due under the mortgage, including the costs and expenses of the sale.

Other terms to be announced at the sale or inquire at _____

(Signed) _____

_____

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




VT ST T. 12 S 4532

Mortgagee (may be signed by

mortgagee's attorney)

_____ 19____

(g) Location of sale. The sale shall be held on the premises where the real estate is located except it may be held elsewhere if another place for sale is directed by the court or, in the case of nonjudicial foreclosure, agreed to in writing by the mortgagor and the mortgagee not less than 60 days nor more than 90 days before the sale. At the sale, the premises shall be sold to the highest bidder in conformance with the terms of sale set forth in the foreclosure notice.  The mortgagor is entitled to receive any surplus from the proceeds of the sale and the mortgagor shall be liable for any deficiency as determined by a subsequent action for a deficiency judgment.  The mortgagee or person conducting the sale may interplead any sale proceeds in excess of the indebtedness and expenses secured by the mortgage in the event there are any liens of record against the real estate.

(h) Who may be a purchaser. A mortgagee selling under a power contained in the mortgage, the mortgagor or any subsequent lien holder may be a purchaser at the sale.

(i) Right of redemption by mortgagor. The mortgagor is entitled to redeem the premises at any time prior to the sale by paying the full amount due under the mortgage, including the costs and expenses of the sale.

(j) Notice of foreclosure sale. In the case of a nonjudicial foreclosure by power of sale subject to section 4531a(b) of this title, notice of the sale as served or mailed shall include the following language: "The mortgagor is hereby notified that at any time before the foreclosure sale, the mortgagor has a right to petition the superior court for the county in which the mortgaged premises are situated, with service upon the mortgagee, and upon such bond as the court may require, to enjoin the scheduled foreclosure sale. Failure to institute such petition and complete service upon the foreclosing party, or their agent, conducting the sale prior to sale shall thereafter bar any action or right of action of the mortgagor based on the validity of the foreclosure, the right of the mortgage holder to conduct the foreclosure sale, or compliance by the mortgage holder with the notice requirements and other conditions of section 4532 of Title 12. An action to recover damages resulting from the sale of the premises on the date of the sale may be commenced at any time within one year following the date of the sale, but not thereafter." The mortgagor shall have the rights contained in the notice provided for in this subsection.

Current through the First Session of the 68th Biennial Session (2005)
Current through decisions of the VT Supreme Court through February 4, 2005
(177 VT Reports)

Copyright 2005 by Legislative Council of the State of Vermont and Matthew

Bender & Company, Inc., a member of the LexisNexis Group

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 38**

West's RCWA 61.24.030
**c**

WEST'S REVISED CODE OF WASHINGTON ANNOTATED
TITLE 61. MORTGAGES, DEEDS OF TRUST, AND REAL ESTATE CONTRACTS
CHAPTER 61.24. DEEDS OF TRUST
> >61.24.030. Requisites to trustee's sale

It shall be requisite to a trustee's sale:

(1) That the deed of trust contains a power of sale;

(2) That the deed of trust contains a statement that the real property conveyed is not used principally for agricultural purposes; provided, if the statement is false on the date the deed of trust was granted or amended to include that statement, and false on the date of the trustee's sale, then the deed of trust must be foreclosed judicially. Real property is used for agricultural purposes if it is used in an operation that produces crops, livestock, or aquatic goods;

(3) That a default has occurred in the obligation secured or a covenant of the grantor, which by the terms of the deed of trust makes operative the power to sell;

(4) That no action commenced by the beneficiary of the deed of trust is now pending to seek satisfaction of an obligation secured by the deed of trust in any court by reason of the grantor's default on the obligation secured: PROVIDED, That (a) the seeking of the appointment of a receiver shall not constitute an action for purposes of this chapter; and (b) if a receiver is appointed, the grantor shall be entitled to any rents or profits derived from property subject to a homestead as defined in RCW 6.13.010. If the deed of trust was granted to secure a commercial loan, this subsection shall not apply to actions brought to enforce any other lien or security interest granted to secure the obligation secured by the deed of trust being foreclosed;

(5) That the deed of trust has been recorded in each county in which the land or some part thereof is situated;

(6) That prior to the date of the notice of trustee's sale and continuing thereafter through the date of the trustee's sale, the trustee must have a street address in this state where personal service of process may be made; and

(7) That at least thirty days before notice of sale shall be recorded, transmitted or served, written notice of default shall be transmitted by the beneficiary or trustee to the borrower and grantor at their last known addresses by both first class and either registered or certified mail, return receipt requested, and the beneficiary or trustee shall cause to be posted in a conspicuous place on the premises, a copy of the notice, or personally served on the borrower and grantor. This notice shall contain the following information:

(a) A description of the property which is then subject to the deed of trust;

(b) Each county in which the deed of trust is recorded and the document number given to the deed of trust upon recording by each county auditor or recording officer;

(c) That the beneficiary has declared the borrower or grantor to be in default, and a concise statement of the default alleged;

(d) An itemized account of the amount or amounts in arrears if the default alleged is failure to make payments;

(e) An itemized account of all other specific charges, costs, or fees that the borrower, grantor, or any guarantor is or may be obliged to pay to reinstate the deed of trust before the recording of the notice of sale;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




(f) The total of (d) and (e) of this subsection, designated clearly and conspicuously as the amount necessary to reinstate the note and deed of trust before the recording of the notice of sale;

(g) That failure to cure the alleged default within thirty days of the date of mailing of the notice, or if personally served, within thirty days of the date of personal service thereof, may lead to recordation, transmittal, and publication of a notice of sale, and that the property described in (a) of this subsection may be sold at public auction at a date no less than one hundred twenty days in the future;

(h) That the effect of the recordation, transmittal, and publication of a notice of sale will be to (i) increase the costs and fees and (ii) publicize the default and advertise the grantor's property for sale;

(i) That the effect of the sale of the grantor's property by the trustee will be to deprive the grantor of all their interest in the property described in (a) of this subsection; and

(j) That the borrower, grantor, and any guarantor has recourse to the courts pursuant to RCW 61.24.130 to contest the alleged default on any proper ground.

Current through Chapter 3 of 2006 Regular Session

© Thomson/West 2006.  All rights reserved.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





West's RCWA 61.24.040
c

WEST'S REVISED CODE OF WASHINGTON ANNOTATED
TITLE 61. MORTGAGES, DEEDS OF TRUST, AND REAL ESTATE CONTRACTS
CHAPTER 61.24. DEEDS OF TRUST
> > 61.24.040. Foreclosure and sale--Notice of sale

A deed of trust foreclosed under this chapter shall be foreclosed as follows:

(1) At least ninety days before the sale, the trustee shall:

(a) Record a notice in the form described in RCW 61.24.040(1)(f) in the office of the auditor in each county in which the deed of trust is recorded;

(b) To the extent the trustee elects to foreclose its lien or interest, or the beneficiary elects to preserve its right to seek a deficiency judgment against a borrower or grantor under RCW 61.24.100(3)(a), and if their addresses are stated in a recorded instrument evidencing their interest, lien, or claim of lien, or an amendment thereto, or are otherwise known to the trustee, cause a copy of the notice of sale described in RCW 61.24.040(1)(f) to be transmitted by both first class and either certified or registered mail, return receipt requested, to the following persons or their legal representatives, if any, at such address:

(i) The borrower and grantor;

(ii) The beneficiary of any deed of trust or mortgagee of any mortgage, or any person who has a lien or claim of lien against the property, that was recorded subsequent to the recordation of the deed of trust being foreclosed and before the recordation of the notice of sale;

(iii) The vendee in any real estate contract, the lessee in any lease, or the holder of any conveyances of any interest or estate in any portion or all of the property described in such notice, if that contract, lease, or conveyance of such interest or estate, or a memorandum or other notice thereof, was recorded after the recordation of the deed of trust being foreclosed and before the recordation of the notice of sale;

(iv) The last holder of record of any other lien against or interest in the property that is subject to a subordination to the deed of trust being foreclosed that was recorded before the recordation of the notice of sale;

(v) The last holder of record of the lien of any judgment subordinate to the deed of trust being foreclosed; and

(vi) The occupants of property consisting solely of a single-family residence, or a condominium, cooperative, or other dwelling unit in a multiplex or other building containing fewer than five residential units, whether or not the occupant's rental agreement is recorded, which notice may be a single notice addressed to "occupants" for each unit known to the trustee or beneficiary;

(c) Cause a copy of the notice of sale described in RCW 61.24.040(1)(f) to be transmitted by both first class and either certified or registered mail, return receipt requested, to the plaintiff or the plaintiff's attorney of record, in any court action to foreclose a lien or other encumbrance on all or any part of the property, provided a court action is pending and a lis pendens in connection therewith is recorded in the office of the auditor of any county in which all or part of the property is located on the date the notice is recorded;

(d) Cause a copy of the notice of sale described in RCW 61.24.040(1)(f) to be transmitted by both first class and either certified or registered mail, return receipt requested, to any person who has recorded a request for notice in accordance with RCW 61.24.045, at the address specified in such person's most recently recorded request for notice;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





(e) Cause a copy of the notice of sale described in RCW 61.24.040(1)(f) to be posted in a conspicuous place on the property, or in lieu of posting, cause a copy of said notice to be served upon any occupant of the property;

(f) The notice shall be in substantially the following form:

NOTICE OF TRUSTEE'S SALE

I.

NOTICE IS HEREBY GIVEN that the undersigned Trustee will on the.... day of ......, ..., at the hour of.... o'clock.... M. at ................... [street address and location if inside a building] in the City of ......, State of Washington, sell at public auction to the highest and best bidder, payable at the time of sale, the following described real property, situated in the County(ies) of ......, State of Washington, to-wit:

[If any personal property is to be included in the trustee's sale, include a description that reasonably identifies such personal property]

which is subject to that certain Deed of Trust dated ......, ..., recorded ......, ..., under Auditor's File No. ....., records of ...... County, Washington, from ........., as Grantor, to ........., as Trustee, to secure an obligation in favor of ........., as Beneficiary, the beneficial interest in which was assigned by ........., under an Assignment recorded under Auditor's File No ..... [Include recording information for all counties if the Deed of Trust is recorded in more than one county.]

II.

No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any Court by reason of the Borrower's or Grantor's default on the obligation secured by the Deed of Trust.

[If there is another action pending to foreclose other security for all or part of the same debt, qualify the statement and identify the action.]

III.

The default(s) for which this foreclosure is made is/are as follows:

[If default is for other than payment of money, set forth the particulars]

Failure to pay when due the following amounts which are now in arrears:

IV.

The sum owing on the obligation secured by the Deed of Trust is: Principal  $ ......, together with interest as provided in the note or other instrument secured from the.... day of ......, ..., and such other costs and fees as are due under the note or other instrument secured, and as are provided by statute.

V.

The above-described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute. The sale will be made without warranty, express or implied, regarding title, possession, or encumbrances on the.... day of ......, ... The default(s) referred to in paragraph III must be cured by the.... day of ......, ... (11 days before the sale date), to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time on or before the.... day of ......, ..., (11 days before the sale date), the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



default(s) as set forth in paragraph III is/are cured and the Trustee's fees and costs are paid. The sale may be terminated any time after the.... day of ......., ... (11 days before the sale date), and before the sale by the Borrower, Grantor, any Guarantor, or the holder of any recorded junior lien or encumbrance paying the entire principal and interest secured by the Deed of Trust, plus costs, fees, and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust, and curing all other defaults.

VI.

A written notice of default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following addresses:

................................................................

................................................................

................................................................

by both first class and certified mail on the.... day of ......., ..., proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served on the.... day of ......., ..., with said written notice of default or the written notice of default was posted in a conspicuous place on the real property described in paragraph I above, and the Trustee has possession of proof of such service or posting.

VII.

The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII.

The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above-described property.

IX.

Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

[Add Part X to this notice if applicable under RCW 61.24.040(9)]

```
. . . . . . . . . . . .
. . . . . . . . . .  ,   Trustee
. . . . . . . . . .  )
. . . . . . . . . .  )   Address
. . . . . . . . . .  )
. . . . . . . . . .  )   Phone
```

[Acknowledgment]

(2) In addition to providing the borrower and grantor the notice of sale described in RCW 61.24.040(1)(f), the trustee shall include with the copy of the notice which is mailed to the grantor, a statement to the grantor in substantially the following form:

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




NOTICE OF FORECLOSURE

Pursuant to the Revised Code of Washington,

Chapter 61.24 RCW

The attached Notice of Trustee's Sale is a consequence of default(s) in the obligation to ......, the Beneficiary of your Deed of Trust and owner of the obligation secured thereby. Unless the default(s) is/are cured, your property will be sold at auction on the.... day of ......, ...

To cure the default(s), you must bring the payments current, cure any other defaults, and pay accrued late charges and other costs, advances, and attorneys' fees as set forth below by the.... day of ......, ... [11 days before the sale date]. To date, these arrears and costs are as follows:

|  | Currently due to reinstate on _____ _____ | Estimated amount that will be due to reinstate on _____ _____ (11 days before the date set for sale) |
| --- | --- | --- |
| Delinquent payments from ............, 19..., in the amount of $....../mo.: | $...... | $...... |
| Late charges in the total amount of: | $...... | $...... Estimated Amounts |
| Attorneys' fees: | $...... | $...... |
| Trustee's fee: | $...... | $...... |
| Trustee's expenses: (Itemization) |  |  |
| Title report | $...... | $...... |
| Recording fees | $...... | $...... |
| Service/Posting of Notices | $...... | $...... |
| Postage/Copying expense | $...... | $...... |
| Publication | $...... | $...... |
| Telephone charges | $...... | $...... |
| Inspection fees | $...... | $...... |
| ............ | $...... | $...... |
| ............ | $...... | $...... |
| TOTALS | $...... | $...... |

As to the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust, you must cure each such default. Listed below are the defaults which do not involve payment of money to the Beneficiary of your Deed of Trust. Opposite each such listed default is a brief description of the action necessary to cure the default and a description of the documentation necessary to show that the default has been cured.

| Default | Description of Action Required to Cure and Documentation Necessary to Show Cure |
| --- | --- |
| _____ | _____ |
|  | _____ |
|  | _____ |
| _____ | _____ |
|  | _____ |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




You may reinstate your Deed of Trust and the obligation secured thereby at any time up to and including the.... day of ......, ... [11 days before the sale date], by paying the amount set forth or estimated above and by curing any other defaults described above. Of course, as time passes other payments may become due, and any further payments coming due and any additional late charges must be added to your reinstating payment. Any new defaults not involving payment of money that occur after the date of this notice must also be cured in order to effect reinstatement. In addition, because some of the charges can only be estimated at this time, and because the amount necessary to reinstate may include presently unknown expenditures required to preserve the property or to comply with state or local law, it will be necessary for you to contact the Trustee before the time you tender reinstatement so that you may be advised of the exact amount you will be required to pay. Tender of payment or performance must be made to: ......, whose address is ......, telephone ( ) ...... AFTER THE.... DAY OF ......, ..., YOU MAY NOT REINSTATE YOUR DEED OF TRUST BY PAYING THE BACK PAYMENTS AND COSTS AND FEES AND CURING THE OTHER DEFAULTS AS OUTLINED ABOVE. In such a case, you will only be able to stop the sale by paying, before the sale, the total principal balance ($ ......) plus accrued interest, costs and advances, if any, made pursuant to the terms of the documents and by curing the other defaults as outlined above.

You may contest this default by initiating court action in the Superior Court of the county in which the sale is to be held. In such action, you may raise any legitimate defenses you have to this default. A copy of your Deed of Trust and documents evidencing the obligation secured thereby are enclosed. You may wish to consult a lawyer. Legal action on your part may prevent or restrain the sale, but only if you persuade the court of the merits of your defense.

The court may grant a restraining order or injunction to restrain a trustee's sale pursuant to RCW 61.24.130 upon five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made. This notice shall include copies of all pleadings and related documents to be given to the judge. Notice and other process may be served on the trustee at:

NAME: ....................................................................

ADDRESS: ...............................................................

................................................................................
TELEPHONE NUMBER: ...........................................................

If you do not reinstate the secured obligation and your Deed of Trust in the manner set forth above, or if you do not succeed in restraining the sale by court action, your property will be sold. The effect of such sale will be to deprive you and all those who hold by, through or under you of all interest in the property;

(3) In addition, the trustee shall cause a copy of the notice of sale described in RCW 61.24.040(1)(f) (excluding the acknowledgment) to be published in a legal newspaper in each county in which the property or any part thereof is situated, once on or between the thirty-fifth and twenty-eighth day before the date of sale, and once on or between the fourteenth and seventh day before the date of sale;

(4) On the date and at the time designated in the notice of sale, the trustee or its authorized agent shall sell the property at public auction to the highest bidder. The trustee may sell the property in gross or in parcels as the trustee shall deem most advantageous;

(5) The place of sale shall be at any designated public place within the county where the property is located and if the property is in more than one county, the sale may be in any of the counties where the property is located. The sale shall be on Friday, or if Friday is a legal holiday on the following Monday, and during the hours set by statute for the conduct of sales of real estate at execution;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





(6) The trustee may for any cause the trustee deems advantageous, continue the sale for a period or periods not exceeding a total of one hundred twenty days by a public proclamation at the time and place fixed for sale in the notice of sale or, alternatively, by giving notice of the time and place of the postponed sale in the manner and to the persons specified in RCW 61.24.040(1) (b), (c), (d), and (e) and publishing a copy of such notice once in the newspaper(s) described in RCW 61.24.040(3), more than seven days before the date fixed for sale in the notice of sale. No other notice of the postponed sale need be given;

(7) The purchaser shall forthwith pay the price bid and on payment the trustee shall execute to the purchaser its deed; the deed shall recite the facts showing that the sale was conducted in compliance with all of the requirements of this chapter and of the deed of trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value, except that these recitals shall not affect the lien or interest of any person entitled to notice under RCW 61.24.040(1), if the trustee fails to give the required notice to such person. In such case, the lien or interest of such omitted person shall not be affected by the sale and such omitted person shall be treated as if such person was the holder of the same lien or interest and was omitted as a party defendant in a judicial foreclosure proceeding;

(8) The sale as authorized under this chapter shall not take place less than one hundred ninety days from the date of default in any of the obligations secured.

(9) If the trustee elects to foreclose the interest of any occupant or tenant of property comprised solely of a single-family residence, or a condominium, cooperative, or other dwelling unit in a multiplex or other building containing fewer than five residential units, the following notice shall be included as Part X of the Notice of Trustee's Sale:

X.

NOTICE TO OCCUPANTS OR TENANTS

The purchaser at the trustee's sale is entitled to possession of the property on the 20th day following the sale, as against the grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants and tenants. After the 20th day following the sale the purchaser has the right to evict occupants and tenants by summary proceedings under the unlawful detainer act, chapter 59.12 RCW.

(10) Only one copy of all notices required by this chapter need be given to a person who is both the borrower and the grantor. All notices required by this chapter that are given to a general partnership are deemed given to each of its general partners, unless otherwise agreed by the parties.

```
                                  ..............................
                  ..............  )  Trustee
                  ..............  )
                  ..............  )  Address
                  ..............  )
                  ..............  )  Phone


STATE OF WASHINGTON  )
                     )  ss.
COUNTY OF            )

                        .................................
                        NOTARY PUBLIC in and for the
                        State of Washington, residing at
                        ..........

                        Currently due   Amount that will be due to
```

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




|  | to reinstate ....... [date] | reinstate in 40 days ....... [date] | 80 days ....... [date] |
|---|---|---|---|
| Delinquent payments from the 1st day of ......., 19 ..., in the amount of: | $...... | $...... | $...... |
| Late charge for every delinquent dollar owed in the amount of: | $...... | $...... | $...... |
| Attorneys fees in the amount of: | $...... | $...... | $...... |
| Trustee's expenses in the amount of: [Itemization] |  | Estimated Costs | Estimated Costs |
| ................................. | ....... | ....... | ....... |
| ................................. | ....... ....... | ....... | ....... |
| ................................. | ....... | ....... | ....... |
| ................................. | ....... | ....... | ....... |
| ................................. | ....... | ....... | ....... |
| ................................. | ....... | ....... | ....... |
| ................................. | ....... | ....... | ....... |
| ................................. | ....... | ....... | ....... |
| ................................. | ....... | ....... | ....... |
| TOTALS | ....... | ....... | ....... |

```
..............................
...............  ,  Trustee
...............  )
...............  )  Address
...............  )
...............  )  Phone
```

```
STATE OF WASHINGTON  )
                     )  ss.
COUNTY OF            )
```

```
.................................
NOTARY PUBLIC in and for the
State of Washington, residing at
..........
```

|  | Currently due to reinstate on ____ _____ | Estimated amount that will be due to reinstate on ____ _____ (11 days before the date set for sale) |
|---|---|---|
| Delinquent payments from .............., 19 ..., in the amount of $..../mo.: | $......... | $......... |
| Late charges in the total amount of: | $......... | $......... Estimated Amounts |

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




```
Attorneys' fees:                       $.........      $.........
Trustee's fee:                         $.........      $.........
Trustee's expenses:
(Itemization)
Title report                           $.........      $.........
Recording fees                         $.........      $.........
Service/Posting of Notices             $.........      $.........
Postage/Copying expense                $.........      $.........
Publication                            $.........      $.........
Telephone charges                      $.........      $.........
Inspection fees                        $.........      $.........
.....................                  $.........      $.........
.....................                  $.........      $.........
TOTALS                                 $.........      $.........

                        ...........................
                        ....  ,  Trustee
                        ....  )
                        ....  )  Address
                        ....  )
                        ....  )  Phone

                        Currently due to     Estimated amount
                            reinstate        that will be due
                                              to reinstate

                        on _____ _____    on _____
                                             (11 days before the
                                             date set for sale)

Delinquent payments from               $......          $......
   ............, 19..., in the amount
   of $....../mo.:
Late charges in the total amount of:   $......          $......
                                                       Estimated
                                                       Amounts

Attorneys' fees:                       $......          $......
Trustee's fee:                         $......          $......
Trustee's expenses: (Itemization)
Title report                           $......          $......
Recording fees                         $......          $......
Service/Posting of Notices             $......          $......
Postage/Copying expense                $......          $......
Publication                            $......          $......
Telephone charges                      $......          $......
Inspection fees                        $......          $......
............                           $......          $......
............                           $......          $......
TOTALS                                 $......          $......

     Default        Description of Action Required to Cure and Documentation
                        Necessary to Show Cure
```

_____     _____
                       _____
                       _____

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




Current through Chapter 3 of 2006 Regular Session

© Thomson/West 2006.  All rights reserved.

END OF DOCUMENT





**Exhibit 39**

WV ST S 38-1-4                                                                 **Page    1**
 W. Va. Code, § 38-1-4
**c**

*WEST'S* ANNOTATED CODE OF WEST VIRGINIA
CHAPTER 38. LIENS
ARTICLE 1. VENDOR'S AND TRUST DEED LIENS
 > > § 38-1-4. Notice of sale

Unless property is to be sold under a deed of trust executed and delivered prior to the first day of July, one thousand nine hundred eighty, which contains a provision waiving the requirement of published notice, the trustee shall publish a notice of a trustee's sale as a Class II legal advertisement in compliance with the provisions of article three, chapter fifty-nine of this code, and the publication area for such publication shall be the county where the property is located: Provided, That any notice of sale published since the first day of July, one thousand nine hundred eighty, and prior to the effective date of this section, shall be deemed to have met the requirements of the section if such were published as Class II legal advertisements, in compliance with the provisions of article three, chapter fifty-nine of this code, in that by the enactment of the acts of the Legislature, regular session, one thousand nine hundred eighty, the Legislature intended that all notice of sales pursuant to trust deeds were to have been published as Class II legal advertisements.

Except as expressly provided in this section, no trust deed shall waive the requirements of publication of notice required by this section.

In all cases, a copy of such notice shall be served on the grantor in such trust deed, or his agent or personal representative, by certified mail, return receipt requested, directed to the address shown by the grantors on the deed of trust or such other address given to the beneficiary of said trust deed or said beneficiary's agent or assignee in writing by the said grantor subsequent to the execution and delivery of the trust deed and notice shall be deemed complete when such notice is mailed to the aforesaid address, notwithstanding the fact that such mail may be returned as refused or undeliverable and shall be served by certified mail, at least twenty days prior to the sale, upon any subordinate lienholder who has previously notified the primary lienholder by certified mail of the existence of a subordinate lien. Every trust deed shall state the address to which such notice shall be mailed.

Every notice of sale by a trustee under a trust deed shall show the following particulars: (a) The time and place of sale; (b) the names of the parties to the deed under which it will be made; (c) the date of the deed; (d) the office and book in which it is recorded; (e) the quantity and description of the land or other property or both conveyed thereby; and (f) the terms of sale.

Notice to a subordinate lienholder shall be complete when such notice is mailed in accordance with the provisions of this section, directed to the address of the subordinate lienholder as provided by such subordinate lienholder in the notice of existence of a subordinate lien.

The provisions of this section relating to the methods of serving notice are not exclusive. In addition to, but not in lieu of, any service of notice required by the provisions of this section, service of such notice may be also made by any other method authorized for the service of original process in the circuit courts of this state by statute or by the rules of civil procedure for trial courts of record.

An individual who purchases property at a trustee's sale is under no duty to ascertain whether notice was given to subordinate lienholders in accordance with the provisions of this section, and such right, title and interest as the purchaser may acquire shall not be affected by defects in such notice or the service thereof, if the purchaser is otherwise a bona fide purchaser for value.

Current through End of 2005 Fifth Ex. Sess.

Copr. © 2005 West, a Thomson business

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




WV ST S 38-1-4 **Page** 2

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.





**Exhibit 40**

**Page**    **1**

```
Citation                    Found Document        Rank(R) 1 of 1           Database
WY ST S 34-4-105                                                           WY-ST-ANN
 W.S.1977 s 34-4-105
<KeyCite Citations>

TEXT
WYOMING STATUTES 1977
TITLE 34. PROPERTY, CONVEYANCES AND SECURITY TRANSACTIONS.
CHAPTER 4. FORECLOSURE OF MORTGAGES AND POWER OF SALE.
>>s 34-4-105  Publication of notice; contents.
(a) Every such notice shall include:
(i) The names of the mortgagor and of the mortgagee and the assignee of the
mortgage if any;
(ii) The date of the mortgage and when recorded;
(iii) The amount claimed to be due thereon at the date of the notice;
(iv) A description of the mortgaged premises, conforming substantially with that
contained in the mortgage;
(v) The time and place of sale; and
(vi) A statement that "The property being foreclosed upon may be subject to
other liens and encumbrances that will not be extinguished at the sale and any
prospective purchaser should research the status of title before submitting a
bid."
NOTES, REFERENCES, AND ANNOTATIONS
               Current through THE 2005 REGULAR SESSION

Copyright 2005 by The State of Wyoming. All rights reserved.
END OF DOCUMENT
```

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




```
Citation                  Found Document          Rank(R) 1 of 1          Database
WY ST S 34-4-103                                                          WY-ST-ANN
 W.S.1977 s 34-4-103
<KeyCite Citations>

TEXT
WYOMING STATUTES 1977
TITLE 34. PROPERTY, CONVEYANCES AND SECURITY TRANSACTIONS.
CHAPTER 4. FORECLOSURE OF MORTGAGES AND POWER OF SALE.
>>s 34-4-103   Prerequisites to foreclosure.
(a) To entitle any party to give a notice as hereinafter prescribed and to make
such foreclosure, it is requisite:
(i) That some default in a condition of such mortgage has occurred by which the
power to sell became operative;
(ii) That no suit or proceeding has been instituted at law to recover the debt
then remaining secured by such mortgage, or any part thereof, or if any suit or
proceeding has been instituted, that the same has been discontinued, or that an
execution upon the judgment rendered therein has been returned unsatisfied in
whole or in part; and
(iii) That the mortgage containing the power of sale has been duly recorded; and
if it has been assigned, that all assignments have been recorded; and
(iv) That written notice of intent to foreclose the mortgage by advertisement
and sale has been served upon the record owner, and the person in possession of
the mortgaged premises if different than the record owner, by certified mail
with return receipt, mailed to the last known address of the record owner and
the person in possession at least ten (10) days before commencement of
publication of notice of sale. Proof of compliance with this subsection shall be
by affidavit.
NOTES, REFERENCES, AND ANNOTATIONS
               Current through THE 2005 REGULAR SESSION
```

Copyright 2005 by The State of Wyoming. All rights reserved.
END OF DOCUMENT

(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.




```
Citation              Found Document        Rank(R) 1 of 1        Database
WY ST S 34-4-104                                                  WY-ST-ANN
 W.S.1977 s 34-4-104
<KeyCite Citations>
```

TEXT
WYOMING STATUTES 1977
TITLE 34. PROPERTY, CONVEYANCES AND SECURITY TRANSACTIONS.
CHAPTER 4. FORECLOSURE OF MORTGAGES AND POWER OF SALE.
>>s 34-4-104   Publication and service of notices; generally.
(a) Notice that the mortgage will be foreclosed by a sale of the mortgaged
premises, or some part of them, shall be given by publishing the notice for four
(4) consecutive weeks, at least once in each week, in a newspaper printed in the
county where the premises included in the mortgage and intended to be sold, or
some part of them, are situated, if there be one; and if no newspaper be printed
in the county, then notice shall be published in a paper printed in the state
and of general circulation in the county. Prior to first date of publication, a
copy of the notice shall be served by certified mail with return receipt
requested upon the record owner, the person in possession of mortgaged premises,
if different than the record owner, and all holders of recorded mortgages and
liens subordinate to the mortgage being foreclosed, which appear of record at
least twenty-five (25) days before the scheduled foreclosure sale. The notice
shall be sent to the last known address for the addressee, which shall be the
address set forth in the mortgage or lien filed of record unless another address
has been recorded in the real estate records or has been provided to the
foreclosing mortgagee or lienholder. Proof of compliance with this section shall
be made by affidavit of an authorized representative of the foreclosing
mortgagee or lienholder. A person or entity who acts in reliance upon the
affidavit without knowledge that the representations contained therein are
incorrect shall not be liable to any person for so acting and may assume without
inquiry the existence of the facts contained in the affidavit.
(b) If there are sale proceeds in excess of the amount necessary to pay the
foreclosing mortgagee, judgment creditor or other lienor in full, then within
ten (10) business days following the sale of real estate by foreclosure, the
foreclosing mortgagee or lienholder shall serve a copy of the sale results to
the record owner of the mortgaged premises and all holders of recorded mortgages
and liens subordinate to the mortgage or lien being foreclosed. Sale results
shall be sent by certified mail with return receipt requested to the last known
address for the addressee, which shall be the address set forth in the mortgage
or lien filed of record unless another address has been recorded in the real
estate records or has been provided in writing to the foreclosing mortgagee or
lienholder. The sale results shall include the amount due the foreclosing
mortgagee or lienholder as of the date of sale, the name of the successful
bidder and the amount of the successful bid. If the certificate of sale awarded
to the successful bidder includes the required information, the foreclosing
mortgagee or lienholder may comply with this section by serving a copy of the
certificate of sale.
NOTES, REFERENCES, AND ANNOTATIONS
                    Current through THE 2005 REGULAR SESSION

Copyright 2005 by The State of Wyoming. All rights reserved.
END OF DOCUMENT


                (C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


