IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen)<br><br>[Oppositions to Motions for Class Certification and Preliminary Injunction; Brief Re: Mailing of Notice of Possible Rescission Rights; Declarations of Bernard E. LeSage and Vicky Camacho; and Evidentiary Objections filed concurrently herewith] |

## DECLARATION OF MICHAEL GIBSON IN SUPPORT OF DEFENDANT AMERIQUEST MORTGAGE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROVISIONAL CERTIFICATION OF "RESCISSION" CLASS

I, Michael Gibson, Jr., declare as follows:

1. I am the Vice President, Business Risk and Customer Satisfaction for Ameriquest Mortgage Company ("Ameriquest") and have held this position for seven and one half years. My job duties include among others to ensure customer satisfaction and to take appropriate steps to insure compliance with applicable best practices and laws to mitigate risks of loss for Ameriquest.

2. I have reviewed Mr. Blinn's declaration in support of Motion for Provisional Certification of "Rescission" Class. Each of the 134 borrowers identified by Mr. Blinn in Exhibit A to his declaration as not having received a properly completed or an inaccurate Notice of Right to Cancel ("NORTC") are residents of the State of Connecticut who refinanced a loan secured by real property in the State of Connecticut. (Blinn Decl. Para. 6.)

3. In the State of Connecticut, Ameriquest is legally mandated to use closing agents to close all of its mortgage loan transactions. Closing agents in the State of Connecticut must

either be licensed to practice law or licensed to act as a closing agent by the State of Connecticut. This helps the State of Connecticut Banking Department to insure full compliance with Federal and State laws in closing residential mortgage loans, and removes the lender from the final loan documentation and signing. Many other states have similar requirements, and Ameriquest takes great care to fully comply with all such laws and regulations. Ameriquest must sell all its loans to sophisticated purchasers of mortgage backed securities who also take great care in insuring full compliance with such laws for obvious quality control purposes.

4. In the State of Connecticut alone, Ameriquest engaged 14 separate closing agents to close the loans identified by Mr. Blinn identified in Exhibit A of his Declaration.[1] Ameriquest takes great care in instructing its closing agents to follow all applicable laws including TILA, 15 U.S.C. Section 1635 and Regulation Z, 12 C.F.R. Section 226.23 (collectively "TILA"). Such closing agents have their own independent legal obligations to also follow all applicable Federal and State laws including but not limited to TILA, and hold themselves out to Ameriquest that they do in fact take care to follow all applicable Federal and State laws.

5. With regard to each of the 134 rescission notices identified by Mr. Blinn in Exhibit A of his declaration, Ameriquest performed its due diligence at the time each such notice of rescission was received by Ameriquest. Ameriquest found that 132 of the 134 borrowers had signed a written acknowledgment that each such borrower had in fact received a fully compliant NORTC. Ameriquest provided Mr. Blinn with a copy of the correct and fully compliant NORTC that was in Ameriquest's files which includes a signed acknowledgment of receipt of two copies of the same from 130 of the borrowers identified by Mr. Blinn in Exhibit A. Attached hereto and incorporated herein by this reference as Exhibit A to this declaration is a true and correct copy of 132 correct and legally compliant NORTCs which include acknowledgments of receipt from each such borrower. Mr. Blinn failed to advise this Court that

---

[1] Ameriquest Closing Agents in Connecticut included: Law Offices of Gregory Lattanzi, Law Offices of Morris Olmer, Lenders First Choice, LSI Fidelity, Mortgage Information Systems, Premier Abstract & Title, Synodi & Videll, Trans Star National Title, Vital Signings, Inc, BUS Services, Express Financial Services, Fidelity National Title, The law Bar and Superior Closing Services.

his office was in receipt of these fully compliant NORTCs which include acknowledgment of receipt of two copies of the fully compliant NORTC by each of such borrowers.

6. Consequently, the information provided by Mr. Blinn to this Court claiming that the borrowers he identified in Exhibit A had not received a fully compliant NORTC is inconsistent with the evidence in Ameriquest's files which evidence was provided to Mr. Blinn long before he filed his declaration with this Court.

7. Mr. Blinn also identified 43 borrowers who he claims received the wrong NORTC form even though such form was correctly filled out. (Blinn Declaration Exhibit "C".) Mr. Blinn asserts that each such borrowers should have received an H-9 NORTC form since such borrowers had refinanced its Ameriquest loan with Ameriquest. Attached hereto as Exhibit "B" to this declaration is a blank H-8 NORTC form. The information provided to the borrower in this form provides a clear and conspicuous disclosure of the right to rescind. Therefore, providing each such borrowers with an H-8 form constitutes substantial compliance with TILA.

8. If called as a witness, I would and could competently testify to all of the above as within my personal knowledge except as to those matters stated on information and belief and as to those matters, I believe them to be true based upon the books and records of Ameriquest to which I have full access.

I declare under penalty of perjury under all applicable laws that the foregoing is true and correct and that this Declaration was executed at Orange, California on February 14, 2006.

/s/ Michael Gibson, Jr.