**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |
| | (Centralized before the Honorable Marvin E. Aspen) |

**PLAINTIFFS' REPLY MEMORANDUM CONCERNING POTENTIAL FORECLOSURES WHILE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION IS PENDING**

### I. Plaintiffs' Proposal Seeks To Preserve the Status Quo

In an effort to preserve the *status quo*, and, indeed, to prevent borrowers form losing their homes, Plaintiffs have asked the Court to order that Ameriquest provide Notice of the extended right to cancel under the Truth in Lending Act to putative class members facing foreclosure. [Docket No. 32]. The proposed Notice would be required only during the limited period during which the Court considers Plaintiffs' motion seeking longer term Preliminary Injunctive relief.

Notice to borrowers facing foreclosure is necessary because a foreclosure sale terminates the right to cancel and its powerful voiding remedy, 15 U.S.C. § 1635(b), by operation of law. *See* 15 U.S.C. § 1635(f). Preforeclosure notice preserves the *status*

1

*quo*,[1] therefore, by ensuring that putative class members are aware of the potential rescission remedy, and are given the opportunity to evaluate whether they can use it to prevent foreclosure and preserve their homes. Indeed, Congress expressly provided that the rights at issue remain available to borrowers *after* a lender initiates foreclosure until the sale occurs. 15 U.S.C. § 1635(i)(1)(b).

By its Response, Ameriquest seeks to turn Plaintiffs' proposal for short term relief in the form of limited notice into a referendum on whether preliminary injunctive relief is proper at all. [Docket No. 31]. Although Plaintiffs believe that the Court can consider this issue independently, to the extent the Court is concerned about its authority to order temporary notice to individuals facing foreclosure, Plaintiffs have briefed their motion for Preliminary Injunction. [Docket No. 13]. They also intend to fully respond to Ameriquest's Memorandum in Opposition to Preliminary Injunctive Relief by their March 1, 2006 deadline to reply. On the question of the Court's authority to enter preliminary injunctive relief on the present record, Plaintiffs refer the Court to those Memoranda and their supporting declarations, the substance of which will not be repeated here.[2]

---

[1] Ameriquest's effort to characterize the proposed notice as requiring a "disfavored mandatory injunction" is untenable. As the Seventh Circuit has made clear, the issue is whether the injunction preserves the *status quo*, not simply whether it requires an action by the enjoined party. *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978). Ameriquest's attack on the Plaintiffs' proposal for requiring "mandatory relief" is particularly ironic. Under Ameriquest's distinction, a more drastic flat prohibition of foreclosures on putative class members to preserve the *status quo* would be non-mandatory and therefore "favored" over the limited notice option proposed here.

[2] Plaintiffs note, however, that Ameriquest cites no case law in its favor concerning Plaintiffs claim of likelihood of success on the merits, other than a single case that has been legislatively overruled. *Veale vs. Citibank*, 85 F.3rd 577 (11th Cir. 1996) was decided without consideration of 15 U.S.C. § 1635(h). That statutory provision did not go into effect until September 30, 1995 and was thus not in effect at the time of the disclosure considered by the Court in *Veale*.

## II. Borrowers Will Suffer Irreparable Harm Absent the Relief Sought

The Notice sought here would prevent putative class members from losing their rescission rights by operation of law while the Court is considering their well-founded claims. Permanent termination of the statutory legal protections being litigated-- by factors external to the Court's decision-making process such as the passage of time or involuntary transfer of the property-- is plainly a preventable and irreparable harm.

Remarkably, Ameriquest asserts that Plaintiffs "do not specify any hardship that will be suffered by class members if injunctive relief is denied." Ameriquest's Brief at p. 10. If the preventable loss of a class member's home is not a hardship, it is unclear what would be. Ameriquest's invitation to the Court to ignore the dual hardship of termination of legal rights intended to prevent foreclosure under 15 U.S.C. § 1635(i) and loss of shelter due to *foreclosure of a home* should be rejected

Ameriquest also asserts that the generalized consumer protections contained in state foreclosure law are sufficient to protect the *status quo* here. Ameriquest does not argue, because it cannot, that any of the general provisions at issue provide any notice whatsoever that might alert a borrower to the potential termination of the federal rights at issue in this case. Ameriquest's own Appendix 1 makes this clear. Nor does Ameriquest explain how state law provisions in non-judicial foreclosure states, requiring only pre-

---

The other cases Ameriquest cites are inapposite. *Smith v. Highland Bank*, 108 F.3d 1325 (11th Cir. 1997) is wholly irrelevant to the issues before this Court, because it involves a certificate of confirmation extraneous to the required disclosures rather than a wrong form or incomplete notice. The unreported case of *ContiMortgage Corp. v. Delawder,* 2001 WL 884085 (Ohio App. 4 Dist. 2001) is not on point because it involved a lender providing the wrong number of copies of a completed Notice of Right to Cancel. By contrast, Plaintiffs have cited numerous cases supporting the TILA violations here. *See Semar v. Platte Valley Fed. Sav. & Loan Assn.,* 791 F.2d 699, 701 (9th Cir. 1986); *Williamson v. Lafferty*, 698 F.2d 767, 768 (1983).

foreclosure notice of sale, provide any notice to a consumer that they may have an extended right to cancel or the affirmative right to seek a stay of foreclosure on that basis.

Finally, the Court would be well within its authority, pursuant to Fed. R. Civ. P. 23(d), to order notice to certain putative class members relating to the scope or existence of potential legal rights and to require that Ameriquest pay for such notice.[3] "[I]interim litigation costs, including class notice costs, may be shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure." 3 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 8.6 at 180 (4th ed. 2002). *See Hook v. Baker*, No. C2-02-CV-901, 2004 WL 3113717 (S.D. Ohio Sept. 1, 2004) (citing *Newberg*).

Here, the two paragraph notice that Plaintiffs propose would present little cost or hardship to Ameriquest. In return, the Notice would prevent a great deal of hardship to those putative class members who act to preserve their rights upon receiving the Notice -- i.e., it would protect their homes pending further proceedings on the claims at issue.

## CONCLUSION

For all the foregoing reasons and for the reasons stated in Plaintiffs' other Memoranda, Plaintiffs respectfully request that the Court mandate notice, on a temporary basis, to protect putative class members who are at risk of being irreparably injured by a preventable foreclosure.

---

[3] The plain language of Rule 23(d), as revised in 2005, does not require that the class be certified as a prerequisite to ordering notice because it applies "to the conduct of actions to which this rule applies." Additionally, District Courts have inherent authority to order notice even when no other remedy is available. *See Quern v. Jordan*, 440 U.S. 332 (1979) (holding that court can order state to issue notice to individuals that they can obtain an administrative remedy even where the Court could not order monetary relief in light of the 11th Amendment).

Respectfully submitted,

| | |
|---|---|
| Kelly M. Dermody<br>Caryn Becker<br>LIEFF, CABRASER, HEIMANN<br>  & BERNSTEIN, LLP<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br><br>Terry Smiljanich<br>JAMES, HOYER, NEWCOMBER<br>  & SMILJANICH, P.A.<br>One Urban Center, Suite 550<br>4830 West Kennedy Boulevard<br>Tampa, FL 33609<br>Telephone: (813) 286-4100<br>Facsimile: (813) 286-4174 | /s/ Gary Klein<br>Gary Klein<br>Elizabeth Ryan<br>Shennan Kavanagh<br>RODDY KLEIN & RYAN<br>727 Atlantic Avenue<br>Boston, MA 021111-2810<br>Telephone: (617) 357-5500, x. 15<br>Facsimile: (617) 357-5030<br>klein@roddykleinryan.com |

Dated: February 17, 2006

## CERTIFICATE OF SERVICE

    I, Gary Klein, hereby certify that on this 17th day of February, 2006, a true and correct copy of the foregoing document was filed electronically. Notice of these filings will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access these filings through the Court's system. I further certify that true and correct copies were additionally sent via first class mail, postage prepaid, to all counsel listed on the attached MDL service list.

Dated: February 17, 2006          /s/ Gary Klein
                                                           Gary Klein