IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | [Declarations of Elizabeth Smith and Craig Varga; and Evidentiary Objections filed concurrently herewith] |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S REPLY TO PLAINTIFFS' MEMORANDUM CONCERNING POTENTIAL FORECLOSURES

### I. INTRODUCTION.

In their Memorandum Concerning Potential Foreclosures ("Memorandum"), Plaintiffs seek an order compelling Defendant Ameriquest Mortgage Company ("Ameriquest") to provide notice to borrowers not before this Court who are in foreclosure whether or not they have a right to rescind. Plaintiffs want the notice to advise all borrowers in foreclosure that they *might* have a right to rescind their Ameriquest loans because Ameriquest *might* have violated the Truth in Lending Act ("TILA").

For the first time, Plaintiffs identify the language they want included in the notice. Specifically, they request that the notice contain, *inter alia*, the following: "You have been identified as someone who *may* have the right to cancel your transaction with Ameriquest." [Memorandum, p. 6, emphasis added.] This language admits that it cannot be determined whether any particular borrower has a right to cancel or not. In fact, the only criteria for determining whether or not a borrower should receive this notice is whether or not that borrower has failed to make mortgage payments and is in foreclosure. That this sole criteria has absolutely nothing to do with whether or not there was a TILA violation in connection with each recipient's loan underscores that Plaintiffs have failed to meet their burden of establishing a likelihood of

prevailing on the merits.[1]

Plaintiffs have *still* not offered any admissible evidence to establish that Ameriquest violated TILA with respect to even a *single* loan, let alone that there was a systemic flaw in Ameriquest's lending process that warrants class treatment. Instead, Plaintiffs continue to rely on the previously filed handful of unauthenticated, incomplete Notice of Right to Cancel ("NORTC") forms and TILA model H-8 forms.[2] [Memorandum, p. 4.] Based on these inadmissible documents – which even if admissible would not establish TILA violations – Plaintiffs ask the Court to make a giant leap of faith that the putative class members are entitled to be given notice that there *might* have been a TILA violation in connection with their loan and that the borrower *might* have a right to rescind and that the borrower *might* want to pay for an attorney to make this determination.

As demonstrated below, Plaintiffs' Memorandum is flawed on many levels and there is simply no basis for affording Plaintiffs the relief sought. In particular, the Memorandum fails for each and all of the following reasons:

(1) Plaintiffs cannot prevail on the merits as a matter of law. TILA does not permit class actions seeking actual rescission or a declaration as to rescission rights.

(2) Plaintiffs cannot prevail on the merits factually. In the short time it has had to investigate, Ameriquest has affirmatively demonstrated (although it is not Ameriquest's burden to do so) that 132 borrowers identified by Plaintiffs acknowledged, in writing, receipt of a proper notice of right to cancel. [See Declaration of Michael Gibson filed February 14, 2006 (Docket No. 42).]

(3) No irreparable harm will result absent the requested relief. Borrowers are well-protected by state laws that require ample notice – in many cases a formal lawsuit -- to defaulted

---

[1] Whether Plaintiffs are seeking a preliminary injunction or, as here, a temporary restraining order, they bear the burden of proving: (a) a reasonable likelihood of prevailing on the merits, (b) no adequate remedy at law, (c) irreparable harm if the relief is not granted, (d) the balance of hardships tips in Plaintiffs' favor, and (e) that the relief will not harm the public interest. *Pattern Makers' Pension Trust Fund v. The Erler Corporation*, 1992 U.S. Dist. LEXIS 10193, *2-3 (N.D. Ill. 1992); *Caterpillar Inc. v. The Walt Disney Company*, 287 F.Supp.2d 913, 916 (C.D. Ill. 2003) (same). Plaintiffs' Memorandum fails to address elements (b), (d) or (e). Ameriquest incorporates by reference its argument regarding each of these elements raised in its Brief Re: Mailing of Notice of Possible Rescission Rights and Opposition to Motion for Preliminary Injunction, filed February 14, 2006.

[2] Ameriquest incorporates by reference its Evidentiary Objections to the Declarations of Shennan Kavanagh, Daniel Blinn and Terry Smiljanich. [Docket Nos. 34-36.]

borrowers before a foreclosure sale can take place.

(4) Plaintiffs' requested relief is a disguised effort to solicit clients, admittedly without knowing whether a TILA violation occurred.

(5) Plaintiffs failed to demonstrate that the Attorney General Settlement ("AG Settlement") – which was reached after years of negotiation with the Attorneys' General of 49 states – is not fair and just.

(6) Congress and the Federal Reserve Board have comprehensively established the parties' rights and obligations rights under TILA and Regulation Z and have not authorized the type of notice Plaintiffs seek.

## II. AS A MATTER OF LAW, PLAINTIFFS CANNOT PREVAIL ON A CLAIM FOR CLASS-WIDE RESCISSION, DECLARATORY OR OTHERWISE, UNDER TILA.

Plaintiffs contend that they "are virtually certain to succeed on the merits of their claims at issue for a declaration concerning the viability of rescission, because the claims at issue have been specifically identified by Congress and the Federal Reserve Board as bases for the extended right to rescind." [Memorandum, p. 3 (citations omitted).] Plaintiffs' argument misses the point: As detailed in Ameriquest's Opposition to Plaintiffs' Motion for Provisional Class Certification, Plaintiffs cannot pursue a claim seeking a declaration as to rescission rights on a class basis. *See, e.g., James v. Home Const. Co. of Mobile, Inc.*, 621 F.2d 727, 730-31 (5th Cir. 1980); *Gibbons v. Interbank Funding Group*, 208 F.R.D. 278, 285-86 (N.D. Cal. 2002); *Jefferson v. Security Pac. Fin. Servs.*, 161 F.R.D. 63, 69 (N.D. Ill. 1995) ("*Jefferson I*"); *Nelson v. United Credit Plan, Inc.*, 77 F.R.D. 54, 58 (E.D. La. 1977); *Murry v. America's Mortg. Banc, Inc.*, No. 03 C 5811, 03 C 6186, 2005 WL 1323364, at *10-11 (N.D. Ill. May 5, 2005).[3]

While the Seventh Circuit Court of Appeals has not addressed the availability of class actions seeking a declaratory judgment as to rescission rights, district courts within the Seventh Circuit have addressed this issue and unanimously have concluded that such relief is unavailable. *See Jefferson*, 161 F.R.D. 63; *Jefferson v. Security Pac. Fin. Servs.*, 162 F.R.D. 123, 125-26 (N.D. Ill. 1995) ("*Jefferson II*"); *Murry*, 2005 WL 1323364. In *Jefferson I*, 161 F.R.D. 63, the court "definitively resolved" that an action seeking rescission under TILA, "***whether***

---

[3] Because such relief is unavailable as a matter of law, Plaintiffs cannot succeed on the merits of their claims and are not entitled to injunctive relief.

3

*'declaratory' or not*," should not be certified as a class action. *Id.* at 69-70 (emphasis added). In so holding, the court found that each class member had to establish his or her standing under TILA to seek rescission and, therefore, "the availability and enforcement of the rescission remedy, *'declaratory' or not*, requires factual findings too numerous to manage as a class action." *Id.* at 69 (emphasis added). Relying primarily on *James*, 621 F.2d 727, the court also emphasized that "the purpose of rescission is to restore the parties, as much as possible, to the status quo ante," and "[t]his purpose would be undone by allowing a class of plaintiffs to rescind their agreements against an individual defendant when the cost of recovery would exceed the harm done by the technical violation." *Id.* According to the court, "*[a] declaratory judgment* permitting classwide rescission, under the circumstances presented in this case, would turn Section 1635(b) into a penal provision, a result certainly never explicitly authorized by Congress." *Id.* (emphasis added).[4]

In *Jefferson II*, 162 F.R.D. 123, the court denied plaintiffs' motion for reconsideration of its earlier ruling. *Id.* at 125-26. The court reiterated that "individual issues of standing" precluded certification "because the availability and enforcement of the rescission remedy, *declaratory or not*, requires factual findings too numerous to manage as a class action." *Id.* at 125-26 (emphasis added; and citations and internal quotation marks omitted).

Most recently, in *Murry*, 2005 WL 1323364, Magistrate Judge Schenkier recommended that the district court deny certification of a class seeking, among other things, a declaration that "any class member who so desires may rescind their transaction." *Id.* at *1. In so holding, Magistrate Schenkier rejected all of the cases relied on by Plaintiffs in their Motion for Provisional Class Certification. *Id.* at *10-11. Magistrate Schenkier further noted that class treatment of rescission claims is improper because rescission is an equitable remedy and, to determine whether equitable relief was appropriate, "the presiding judge [must] consider the particular circumstances of each putative class member's loan transaction" to determine whether equitable relief was appropriate in a given instance. *Id.* at *11.

---

[4] Indeed, the section of TILA governing damages that expressly provides for class actions caps class action damages so as to avoid ruinous exposure to defendants for mere technical violations. *See* 15 U.S.C. § 1640. It would be nonsensical and violate fundamental principles of statutory construction to permit the section of TILA governing rescission – which does not provide for class actions – to achieve such an unfair result.

Courts outside of this District have followed *Jefferson I* and related authority in refusing to certify class actions under TILA seeking declarations as to rescission rights. For instance, in *Gibbons*, 208 F.R.D. 278, the district court refused to certify a class seeking a declaration that each class member had a right to rescind their loan under TILA. *Id.* at 284.[5] In reaching this conclusion, the court noted its agreement with *Jefferson I*, *id.* at 286, and specifically rejected the argument advanced by Plaintiffs here that a claim seeking only a declaration as to rescission rights may be pursued on a class basis. *Id.* at 285 ("It is not at all clear why, if class-wide rescission is inappropriate, a declaration authorizing the same thing is not also inappropriate.").

Plaintiffs have yet to even mention the aforementioned holdings to the Court. Instead, Plaintiffs have argued that, in *Latham v. Residential Loan Centers of America, Inc.*, No. 03 C 7094, 2004 WL 1093315 (N.D. Ill. May 6, 2004), and *Hickey v. Great Western Mortgage Corporation*, 158 F.R.D. 603 (N.D. Ill. 1994), courts in this District certified classes seeking declarations as to rescission rights. [*See, e.g.*, Motion for Provisional Class Certification, p. 9.] As demonstrated in Ameriquest's Opposition to the Motion for Provisional Class Certification, however, Plaintiffs entirely mischaracterize these holdings. *Latham* involved a motion to dismiss and the court specifically held that it did "not certify a class at this time" and, "[s]hould Latham move to certify a class under Rule 23, Latham will need to satisfy all of the requirements of Rule 23." 2004 WL 1093315, at *3. Also, the *Hickey* court later decertified the class. *See Hickey v. Great Western Mortg. Corp.*, No. 94 C 3638, 1995 WL 121534 (N.D. Ill. Mar. 17, 1995). In short, the unanimous authority of this District and the majority of authority nationwide holds that an action seeking rescission under TILA, whether declaratory or not, may not proceed on a class basis.

---

[5] As set forth in Ameriquest's Opposition to the Motion for Provision Class Certification, *Gibbons* is directly on point with this action. In *Gibbons*, as here, plaintiff alleged that defendant provided him with a NORTC that was in the incorrect form and included the wrong date of the rescission. *Id.* at 279-81. Also, plaintiff in *Gibbons*, as here, sought to pursue his claims on a class basis and requested a declaration that each class member had a right to rescind their loan under TILA. *Id.* at 284.

## III. BORROWERS ARE WELL-PROTECTED BY STATE LAWS THAT REQUIRE THAT AMPLE NOTICE BE PROVIDED TO DEFAULTED BORROWERS BEFORE A FORECLOSURE SALE CAN TAKE PLACE.

Plaintiffs argue that putative class members facing foreclosure urgently need notice of their right to rescind because most borrowers facing foreclosure are unlikely to have an attorney assist them with a foreclosure defense and most states do not have preforeclosure notice protections. [Memorandum, p. 4.] While Plaintiffs have yet to identify any borrower facing imminent foreclosure, there is not a state in the nation that allows foreclosure sales without notice to the borrower. To the contrary, borrowers are well-protected by state law and have ample notice and opportunity to investigate and assert any and all defenses they may have against foreclosure. [See Appendix of State Law Foreclosure Protections attached to Ameriquest's Opposition to Motion for Preliminary Injunction and Brief Re: Mailing of Notice of Possible Rescission Rights, filed February 14, 2006 ("Appendix").]

For example, in Montana, a borrower must receive at least 120-days notice before a non-judicial foreclosure sale may take place. Mt. St. § 71-1-315. In Oregon, a nonjudicial foreclosure requires 120-days notice before the sale, four advertised notices and the right of redemption up to 5 days before the sale. Or. St. § 86.750. In Idaho a non-judicial foreclosure requires 120-days notice before the sale, four advertised notices and a full year right of redemption. Id. St. §§ 45-1505, 45-1506.

Many states require that a lawsuit be filed and brought to judgment before a foreclosure sale can be held. These states include, Connecticut, Delaware, Florida, Illinois, Indiana, Kansas, Louisiana, Maine, Maryland, New Jersey, New Mexico, North Dakota, Ohio, Pennsylvania, South Carolina and Wisconsin. [See, Appendix.]

Given the notices required by various state laws, every borrower facing foreclosure has ample incentive to investigate whether they have defenses to a pending foreclosure and whether their rights are protected. Thus, any additional notice does not add anything to the rights borrowers already have and its mailing will not prevent any harm, irreparable or otherwise, that was not already prevented by state law.

## IV. THE NOTICE PLAINTIFFS SEEK TO SEND IS NOT AUTHORIZED BY TILA

Congress and the Federal Reserve Board ("FRB") have provided a comprehensive statutory scheme and remedy provisions that do not authorize the type of notice Plaintiffs seek but do provide ample remedies at law for its violations. 15 U.S.C. §§1635, 1640; 12 C.F.R. §226.23. The FRB determined the type of notices of the right to rescind that must be provided to satisfy TILA, when they must be provided, in what format, and how precisely the right to rescind must be exercised. These detailed procedures are set out clearly and comprehensively at 12 C.F.R. §226.23. Also, Congress and the FRB determined the appropriate remedies for failing to provide proper notice of the right to rescind, and these remedies do not include requiring any sort of notice to borrowers, let alone one for "possible" rescission rights. *See* 15 U.S.C. § 1635(f) and 1640. There simply is *no* requirement that a borrower in foreclosure be given notice that there "*might*" have been a TILA violation in connection with their loan and that the borrower "*might*" have a right to rescind and that the borrower might want to pay an attorney to make this determination.

Also, as set forth in the previous section and the previously-filed Appendix of State Law Foreclosure Protections, each state requires that ample notice be provided to defaulted borrowers before a foreclosure sale can take place. In fact, many states require a formal lawsuit be filed and brought to judgment before a foreclosure sale can take place. This double "safe-harbor" created by both the federal and state legislatures ensures that no foreclosure sale can take place without a borrower being given significant notice and incentive to act to protect their rights, if any. Put simply, the notice Plaintiffs seek to send is not authorized by TILA.

## V. PLAINTIFFS ARE ATTEMPTING TO OBTAIN COURT APPROVAL FOR THEIR OWN ONGOING MARKETING EFFORTS.

Plaintiffs are already sending out mailings of the type they hope to convince the Court to order (and Ameriquest to pay for[6]). [See Declarations of Craig Varga and Declaration of Elizabeth Smith filed concurrently herewith.] Both Daniel Blinn and Edelman, Combs, Latturner & Goodman, LLC, counsel for Plaintiffs in several of the potential "tag-along" actions,

---

[6] Contrary to Plaintiffs' position, if a notice is ordered, Plaintiffs must pay the costs of a third party administrator to handle all aspects of preparing, mailing and tracking it. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 349, 98 S.Ct. 2380, 57 L.Ed. 253 (1978) ["Where, as here, the relationship between the parties is truly adversary, the plaintiff *must* pay for the cost of notice as part of the ordinary burden of financing his own suit." (citations omitted, emphasis added).]

7

have been mailing solicitation letters to Ameriquest borrowers advising them that Ameriquest "may" have violated TILA. These letters were sent without any basis for believing that the particular borrower's loan actually had a TILA violation. In fact, the solicitations have done nothing but to mislead borrowers into filing unsupportable notices of rescission.[7] There is no more basis for believing there were TILA violations in the loans received by the intended recipients of the Plaintiffs' proposed new notice than there was for the random mailings Plaintiffs have undertaken without Court approval. The only difference is that a mailing **with** the Court's approval will lend credence to the Plaintiffs' claims despite the fact that there is absolutely no evidence that there is any merit to those claims. Plaintiffs' attempt to use the Court as a marketing tool should be denied.

## VI. BOND.

Should the Court decide that injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is appropriate, Ameriquest requests that Plaintiffs be required to post a bond in an amount sufficient to cover the payment of such costs and damages Ameriquest may incur if the relief is found to have been improper.[8] *Reinders Bros. Inc. v. Rain Bird E. Sales Corp.*, 627 F.2d 44, 54 (7th Cir. 1980) ("absent extraordinary circumstances", it is error not to grant a bond); *Mead Johnson & Co. v. Abbott Lab.*, 201 F.3d 883, 888 (7th Cir. 2000) (Court should err on the side of *over*estimating the bond amount). Ameriquest requests that it be allowed sufficient time to present a brief that addresses an appropriate bond amount if injunctive relief is granted and after it has had an opportunity to assess the scope of relief and the damage it is likely to suffer as a result.

---

[7] In the limited time it has had since receiving Plaintiffs' Motion for Certification, Ameriquest has located written acknowledgment of receipt of proper NORTCs for 132 of the 134 borrowers identified by Mr. Blinn in his declaration are without merit. [See Declaration of Michael Gibson filed February 14, 2006 (Docket No. 42).]

[8] Contrary to the authority cited by Plaintiffs, a bond is required. In *Aoude v. Mobil Oil Corp.*, 862 F.2d 890 (1st Cir. 1988), cited by Plaintiffs, the Court rejected appellants' argument that a bond was required because appellant waived the right to a bond by failing to request one in the trial court, and further noted that the record reflected that a bond was nonetheless ordered. *Id.* at 895-96. In *Thomas v. F.F. Financial, Inc.*, 1989 WL 37658 (S.D.N.Y. 1989), a two paragraph unpublished district court opinion from New York State in a **non-class action context**, no bond was required where the lender did not oppose the motion and the plaintiff had "paid off the first mortgage on the property". *Id.* at *1.

## VII. CONCLUSION

For the foregoing reasons, Ameriquest respectfully requests that the Court deny the requested relief in its entirety.

DATED: February 17, 2006

BUCHALTER NEMER
A Professional Corporation

By: /s/ Bernard E. LeSage
*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation and Argent Mortgage Company*

Bernard E. LeSage (California Bar No. 61870)
Sarah K. Andrus (California Bar No. 174323)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400