IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | [Reply to Plaintiffs' Memorandum Concerning Potential Foreclosures; Declarations of Elizabeth Smith and Craig Varga filed concurrently herewith] |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' MEMORANDUM CONCERNING POTENTIAL FORECLOSURES

### I. INTRODUCTION

Defendant Ameriquest Mortgage Company ("Ameriquest"), hereby submits the following evidentiary objections to Plaintiffs' Memorandum Concerning Potential Foreclosures. Ameriquest reserves the right to assert additional objections at the hearing on Plaintiffs' Memorandum.

As detailed below, Plaintiffs' Memorandum contains references to unsworn, hearsay documents that Plaintiffs' counsel suggest should be taken as fact. Plaintiffs' counsel do not have personal knowledge of any of the facts set forth in the newspaper articles and website articles referenced in their Memorandum, nor can they authenticate the articles, because they are not the authors.

It is charitable to refer to this material as hearsay, because it is hearsay within hearsay. There is absolutely no way to test whether the information is accurate or not. Moreover, Plaintiffs' counsel have not even provided copies of these articles. Plainly such information cannot be accepted as evidentiary material.

Based on the foregoing, Plaintiffs' counsels' references to newspaper articles and website articles are entirely inadmissible and the Court should not consider it in support of Plaintiffs' Memorandum.

## II. OBJECTIONS

**Page 3:** "Loss of a home is perhaps the single most significant and irreparable harm that a family can suffer short of serious bodily injury. *See, e.g.,* Michael Moss and Andrew Jacobs, 'Blue Skies and Green Yards, All Lost in Red Ink,' *New York Times,* April 11, 2004; and Andrew Jacobs, 'Trying to Hang on in the Poconos, From Before Dawn to Way Past Dusk,' *New York Times*, April 12, 2004."

Ameriquest objects to the foregoing statement and newspaper articles referenced on the grounds that Plaintiffs' counsel lack any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also objects to the information contained within the newspaper article, because it is inadmissible hearsay without an exception. Fed.R.Evid. 801. Furthermore, newspaper articles are inadmissible hearsay where the reporter's affidavit or deposition is not obtained. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (stating a newspaper article is hearsay: an out-of-court statement offered to prove the truth of its contents); *see Parker v. City of Elgin*, 2005 U.S. Dist. LEXIS 18996 (D. Ill. 2005).

**Page 4:** "Predatory loan terms significantly increase the risk of foreclosure. *See* R. Quercia, M. Stegman, 'The Impact of Predatory Loan Terms on Subprime Foreclosures' Center for Community Capitalism at the University of North Carolina (January 25, 2005). (www.kenan-flagler.unc.edu/assets/documents/foreclosurerelease.pdf) (increase in foreclosure rates associated with loans containing prepayment penalties, for example, is 20%)."

Ameriquest objects to the foregoing statement and website article referenced on the grounds that Plaintiffs' counsel lack any showing of foundation in personal knowledge concerning the subject matter and is incompetent and inadmissible. Fed.R.Evid. 602; *Kemp v. Balboa* 23 F.3d 211 (8th Cir. 1994) (holding that lay testimony, not based on personal knowledge but on the review of records prepared by others is inadmissible). Ameriquest also

2

Case: 1:05-cv-07097 Document #: 47 Filed: 02/17/06 Page 3 of 3 PageID #:1002

objects to the information contained within the website article, because it is inadmissible hearsay without an exception. Fed.R.Evid. 801.

DATED: February 17, 2006

BUCHALTER NEMER
A Professional Corporation

By: /s/ Bernard E. LeSage
BERNARD E. LESAGE
*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation and Argent Mortgage Company*

Bernard E. LeSage (California Bar No. 61870)
Sarah K. Andrus (California Bar No. 174323)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

3

BN 782509v1