## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before the Hon. Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## STIPULATION FOR STANDSTILL

IT IS HEREBY STIPULATED, by and between the parties through their attorneys of record as follows:

1.      That a standstill shall apply from February 7, 2006 to and including the date upon which this Court decides Plaintiffs' Motion for Preliminary Injunction ("Standstill Period") for all those Ameriquest Mortgage Company ("Ameriquest") borrowers whose rescission rights may otherwise lapse during the Standstill Period and who Plaintiffs assert:

       (a)     received a Notice of Right to Cancel in which the Date of Expiration of the Right To Cancel was blank; or

       (b)     received an incorrect form of Notice of Right to Cancel because their loan paid off a prior loan with Ameriquest and their notice did not accurately describe the effect of cancelling such a loan.

2.      Excluded from this Standstill Period are those Ameriquest borrowers who have previously released their claims against Ameriquest, or who may release their claims, by reason of the Attorneys General's Settlement or otherwise.

3.      Nothing in this Stipulation shall, in any way:

       (a)     Modify, change or inhibit, in any way, the Attorneys General's Settlement or the release of rights of borrowers who elect to participate in the Attorneys General's Settlement; or

       (b)     Constitute an admission of fact or law or otherwise prejudice any claim or defense of Ameriquest; or

       (c)     Be used to support any argument that an injunction shall be issued against Ameriquest and/or a class should be certified against Ameriquest.

4.      Should the Court deny Plaintiffs' Motion for Preliminary Injunction, the rescission right of any borrower whose right to rescind would have expired during the Standstill Period, shall expire immediately upon that denial.

5. Should the Court grant the Plaintiffs' Motion for Preliminary Injunction, rescission claims covered by this stipulation shall be treated as if they did not lapse and such claims shall be subject to any relief provided by the terms of the Court's preliminary injunction and to any further orders of the Court respecting those claims.

6. Defendant agrees that no further action will be taken to foreclose on the property of the individuals listed below, without at least thirty (30) days prior written notice of such action, served by U.S. Mail, to Plaintiffs' counsel, Gary Klein, Esq., at the following address: Roddy, Klein & Ryan, 727 Atlantic Avenue, 2nd Floor, Boston, MA 02111.

    (i) Lynn Gay

    (ii) David and Janet Wakefield

    (iii) Harriet Holder

    (iv) Frank and Martha White

    (v) Christopher Bourassa

    (vi) James Devlin

    (vii) Daisybel and William Tolbert

    (viii) Christopher Gabrielli

    (ix) Patricia Masson

    (x) Terry Baumgartner

7. Plaintiffs and Defendants shall simultaneously file and serve on or before February 14, 2006, their respective Memorandum of Points and Authorities regarding written notice to Ameriquest borrowers that are currently subject to a foreclosure sale and at risk of potentially losing a right of rescission.

8. Plaintiffs and Defendants shall simultaneously file and serve on or before February 17, 2006, their respective Reply Memorandum of Points and Authorities regarding written notice to Ameriquest borrowers that are currently subject to a foreclosure sale and at risk of potentially losing a right of rescission.

BN 779975v1

9.     Defendants shall file and serve on or before February 14, 2006, their Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Preliminary Injunction, and their Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Preliminary Class Certification.

10.     Plaintiff shall file and serve on or before March 1, 2006, any and all Reply Memorandum of Points and Authorities to Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, and Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Preliminary Class Certification.

DATED:  February 13, 2006             RODDY KLEIN & RYAN

By: /s/ Gary Klein

*Attorneys for Plaintiffs in Williams vs. Ameriquest and Murphy vs. Ameriquest*

DATED:  February 13, 2006             LIEFF, CABRASER, HEIMANN & BERNSTEIN LLP

By: /s/ Kelly M. Dermody

*Attorneys for Plaintiffs in Williams vs. Ameriquest*

DATED:  February 13, 2006             JAMES, HOYER, NEWCOMER & SMILJANICH PA

By: /s/ Terry A. Smiljanich

*Attorneys for Plaintiffs in Burggraff vs. Ameriquest*

- 3 -

DATED: February 13, 2006

FENWICK & WEST LLP


By: /s/ Emmett Stanton
          *Attorneys for Plaintiffs in Knox vs.*
          *Ameriquest*


DATED: February 13, 2006

BUCHALTER NEMER
A Professional Corporation


By: /s/ Bernard E. LeSage
          BERNARD E. LeSAGE
*Attorneys for Defendants Ameriquest Mortgage*
*Company, Ameriquest Capital Corporation and*
*Argent Mortgage Company*


IT IS SO ORDERED:

DATED: February 21, 2006

          THE HONORABLE MARVIN E. ASPEN
          United District Court Judge

- 4 -