## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

_____

THIS DOCUMENT RELATES TO: ALL
ACTIONS

MDL No. 1715

Lead Case No. 05-cv-07097

(Centralized before the Honorable
Marvin E. Aspen)

## OMNIBUS RESPONSE TO
## AMERIQUEST'S EVIDENTIARY OBJECTIONS TO
## DECLARATIONS OF COUNSEL

### INTRODUCTION

Ameriquest has filed six separate pleadings objecting to each declaration of counsel

and all exhibits submitted by the Plaintiffs in support of their motions for provisional

class certification and preliminary injunction.[1] [Docket Nos. 33, 34, 35, 36, 37 and 38.]

Because Ameriquest raises the same basic objections to every declaration and exhibit,

Plaintiffs submit this omnibus response to all six pleadings.

Plaintiffs filed the following declarations in support of their motions:

- Declarations of Daniel S. Blinn, Terry Smiljanich, Shennan Kavanagh
  [Docket Nos. 16, 18, 19]. These declarations aver that counsel for
  Plaintiffs' were contacted by Ameriquest borrowers, that many of the
  borrowers are facing a risk of foreclosure, and that certain Ameriquest

_____

[1] The appropriate form for Ameriquest's challenges to Plaintiffs' supporting declarations
and exhibits is a Motion to Strike. "Objections" to evidence are appropriate in a trial or
evidentiary hearing.

borrowers provided to counsel their files which included incomplete or incorrect forms of notice of right to cancel. The Notice of Right to Cancel forms provided to counsel were attached to the declarations as exhibits.

- Declaration and Supplemental Declaration of Gena E. Wiltsek [Docket Nos. 17 and 26]. These declarations describe briefly the allegations contained in class actions filed against Ameriquest and transferred to this Court, provide background on the legal issues in this MDL proceeding by attaching newspaper articles relevant to Ameriquest's lending practices, and provide background concerning Ameriquest's recent settlement with the state Attorneys General by attaching, *inter alia*, the Settlement Agreement.

- Supplemental Declaration of Shennan Kavanagh [Docket No. 27]. This declaration describes Ms. Kavanagh's firm's representation of a class of borrowers in a previous predatory lending case which also involved a settlement between the defendant and the state Attorneys General, and attaches declarations filed in that case attesting to the benefits to borrowers created by the settlement of the private class action. This declaration is offered to rebut Ameriquest's assertion that the Attorneys General Settlement resolves the issues present in this MDL proceeding.

Ameriquest has objected to each declaration on the grounds that counsel's statements are not relevant, are not based on personal knowledge, or are "inadmissible legal conclusions based upon an incomplete review of available documents" and are therefore "impermissible opinion testimony." Ameriquest objects to all of the Notices of Right to Cancel (NORTCs) obtained from Ameriquest borrowers and attached to the declarations, as well as other exhibits, on the grounds that they are not properly authenticated.

Ameriquest's objections are uniformly based on a faulty premise. It is well settled in this jurisdiction that evidence offered in support of a motion for class certification or for a preliminary injunction does not have to meet the standards required for admissibility at trial.

2

**ARGUMENT**

I.    **AMERIQUEST'S OBJECTIONS TO DECLARATIONS OF
      COUNSEL ON THE GROUNDS OF LACK OF PERSONAL
      KNOWLEDGE OR HEARSAY ARE INAPPROPRIATE IN THE
      CONTEXT OF THE PENDING MOTIONS.**

Declarations offered in support of a motion for preliminary injunction may

contain hearsay and are generally subject to less stringent evidentiary standards than

evidence offered at trial. *See, e.g., SEC v. Cherif*, 933 F.2d 403, 412 n.8 (7th Cir. 1991),

*cert. denied,* 502 U.S. 1071 (1992) (finding that hearsay can be considered in entering a

preliminary injunction); *Central States v. Breeko Corp.*, No. 89 C 6866, 1989 WL

153547, at * 3 (N.D. Ill. Nov. 20, 1989) (*quoting Asseo v. Pan American Grain Co.*, 805

F.2d 23, 26 (1st Cir. 1986) (finding in connection with a preliminary injunction, the

"dispositive question is not their classification as hearsay but whether, weighing all the

attendant factors, including the need for expedition, this type of evidence [is] appropriate

given the character and objectives of the injunctive proceeding."). *See also Ty, Inc. v.

GMA Accessories*, 132 F.3d 1167, 1171 (7th Cir. 1997) ("Affidavits … are fully

admissible in summary proceedings, including preliminary injunction proceedings.")

(citations omitted); 11A *Wright & Miller,* Federal Practice & Procedure Civil 2d § 2949

(1995) ("affidavits are appropriate on a preliminary injunction proceeding;" and

explaining that strict evidentiary standards do not apply because a preliminary injunction

does not represent an adjudication on the merits, it only maintains the *status quo*).

Similarly, motions for class certification can be supported by declarations that

contain hearsay. *See, e.g., Dicker v. Allstate Life Ins. Co.,* No. 89 C 4982, 1990 WL

106550, at *6 (N.D.Ill. July 12, 1990). The court in *Dicker* rejected the evidentiary

objection made by Ameriquest here:

> Allstate moves to strike evidence plaintiffs offer in support of their motion for class certification. Allstate alleges plaintiffs' evidence lacks foundation or is hearsay. Allstate relies, without supporting authority, upon the dubious proposition that plaintiffs must establish the admissibility of all evidence used to support their motion for class certification.
>
> Plaintiffs' evidence is not being offered at trial. The mandate of Fed.R.Civ.P. 23(c)(1) requires this court to determine whether to certify a class as soon as practicable. Objections to the admissibility of evidence are clearly premature. *See Meiresonne*, 124 F.R.D. at 622 (attacks on the merits of the plaintiffs' claim are inappropriate at early stage of litigation).

*Id.* at *6. *See also In re The Hartford Sales Prac. Litig.*, 192 F.R.D. 592 (D. Minn. 1999)

("On a motion for class certification, the evidentiary rules are not strictly applied and

courts may consider evidence that may not be admissible at trial") (*citing Eisen v. Carlisle

& Jacquelin,* 417 U.S. 156, 1781 94 S.Ct. 2140, 2153, 40 L. Ed. 2d 732 (1974) (court's

determination of class certification is based on "tentative findings, made in the absence of

established safeguards" and describing a class certification procedure as "of necessity ...

not accompanied by the traditional rules and procedures applicable to civil trials"); *Paxton

Union Nat'l Bank,* 688 F.2d 552, 562, n. 14 (8th Cir. 1982) ("Hearsay testimony may be

admitted to demonstrate typicality."); *Thompson v. Board of Educ. of the Romeo

Community Sch.,* 71 F.R.D. 398, 401 n.2 (W.D.Mich. 1976) *(*finding that evidence that

may not be admissible at trial could be introduced and considered "on such preliminary

matters as class certification," especially where the evidence was not challenged as

inaccurate but only as lacking in certain foundational requirements), *rev'd on other

grounds,* 709 F.2d 1200 (6th Cir. 1983).

The cases cited by Ameriquest are not on point. In *SEC v. Singer,* 786 F. Supp. 1158, 1167 (S.D.N.Y. 1992), a witness was allowed to testify at a summary judgment hearing as to his *belief* over an objection that his testimony was not based on personal knowledge. In *Specht v. Jensen,* 853 F.2d 805 (10th Cir. 1988),[2] the issue was whether it was appropriate at *trial* for a lawyer to testify as an expert on the validity of a warrantless search. The court ruled that it was not because, *inter alia*, "the jury may believe the attorney-witness, who is presented to them imbued with all the mystique inherent in the title "expert," is more knowledgeable than the judge in a given area of the law." *Specht*, at 809. Neither of these cases address the use of declarations of the type offered here in support of class certification or preliminary injunction motions.

In this case, the attorneys are merely stating in their declarations what they found upon review of borrowers' loan files. *See In re Real Estate Assoc. Ltd. P'ship. Litig.,* 2002 WL 31027557, at *1. They have not offered an "expert opinion." Moreover, even if they had, because this is not a trial, there is obviously no potential for a jury to be confused.

## II.     AMERIQUEST'S OBJECTION TO THE PROFFERED NOTICES OF RIGHT TO CANCEL ON THE GROUNDS THAT THEY ARE NOT PROPERLY AUTHENTICATED IS SIMILARLY UNAVAILING.

### A.  Relevant Case Law Does Not Support Ameriquest's Argument.

Ameriquest objects to the NORTCs attached as exhibits to counsel's declarations, on the grounds that they are not properly authenticated, once again ignoring the well

---

[2] This case is incorrectly referred to throughout Ameriquest's objections as "*SEC* v. *Singer,*" but the citation given is for *Specht v. Jensen.* Plaintiffs will refer to the case by its correct name.

settled rule that in the context of a motion for class certification or preliminary injunction, the evidentiary procedures that pertain to trials, including authentication, do not apply. *Blihovde v. St. Croix County, Wisconsin*, 219 F.R.D. 607, 618 (W.D. Wis. 2003).

In *Blihovde*, the defendants objected on authentication grounds to the consideration of a report regarding strip searches at a correctional facility offered in support of class certification. The court said:

> Defendants object to any consideration of the report because plaintiffs have not properly authenticated it. (The report is attached to an affidavit of plaintiffs' attorney, who presumably does not have personal knowledge of the report's contents.) However, defendants do not contend that the report is false or manufactured by plaintiffs. Although it is true that the report would not be admissible at trial without the testimony of an individual with personal knowledge of the underlying facts, defendants cite no case law requiring that form of proof at the class certification stage. It is sufficient at this stage of the proceedings that the report is the *kind* of evidence that would be admissible if properly authenticated. *Cf. Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 920-21 & n. 2 (7th Cir. 1994) (in opposing motion for summary judgment, nonmovant "need not tender evidence in a form that would be admissible at trial" so long as it is "a *kind* [of evidence] admissible at trial").

*Id.,* at 618. *See also Ty, Inc. v. GMA Accessories*, 132 F.3d 1167, 1171 (7th Cir.1997) (holding that affidavits which are not typically admissible at trial, are admissible in preliminary injunction proceeding); *Fed. Savs. & Loan Ins. Corp. v. Dixon,* 835 F.2d 554, 558 (5th Cir. 1987) (finding that preliminary injunction proceeding is not subject to jury trial procedures; "preliminary injunction is customarily granted on the basis of procedures that are less formal and on evidence that is less complete than a trial on the merits."). *Cf. Hood v Dryvit Sys., Inc.,* No. 04-CV-3141, 2005 WL 3005612, *2-3 (N.D.Ill. Nov. 8, 2005) (holding that the court may consider evidence regardless of whether foundation has been laid for its admissibility in deciding summary judgment motion).

Again, the cases cited by Ameriquest are not on point. *U.S. v. Almonte,* 956 F.2d 27 (2d Cir. 1992), involved notes of a witness interview admitted in a *criminal trial*, where a proper foundation was not laid. In *Kemp v. Balboa*, 23 F. 3d 211 (8ᵗʰ Cir. 1993), a witness in a *trial* testified from medical records without offering them into evidence (due to their express exclusion on other grounds), about matters not known to her apart from the records. Here, as permitted by relevant case law, the evidence is being offered in support of motions rather than for trial.

### B. Ameriquest Does Not Seriously Challenge the Authenticity of the Notices.

Ameriquest argues that the borrowers who provided counsel with incomplete notices actually *received* complete notices, apparently in addition to the incomplete notices. See, Ameriquest Mortgage Company's Opposition to Plaintiffs' Motion for Preliminary Injunction, at 6. Notably, Ameriquest does not directly challenge the authenticity of the incomplete notices attached to counsel's declarations. Nor could it reasonably do so. The sheer number of incomplete notices submitted makes it virtually impossible to argue that the notices are not genuine. *See, e.g., Welch v. Barnett,* 125 P. 472, 475 (Okla. 1912) (citing the "general canon of logical inference" that the more often an event is shown to have occurred, the less likely it becomes that it occurred by accident).[3]

---

[3] Plaintiffs have now also offered 15 declarations directly from Ameriquest borrowers to establish the circumstances in which these individuals received defective Notices of Right to Cancel. *See* Docket Nos. 60 to 74. As discussed more fully in Plaintiffs' Reply Memorandum in Support of Motion for Preliminary Injunction at pp. 3-7, Ameriquest has not carried its burden under *Ty, supra*, to present evidence that raises a genuine issue

III.    **AMERIQUEST'S OBJECTIONS TO THE DECLARATION AND SUPPLEMENTAL DECLARATION OF GENA E. WILTSEK AND THE SUPPLEMENTAL DECLARATION OF SHENNAN KAVANAGH RELATING TO THE AG SETTLEMENT SHOULD ALSO BE REJECTED.**

A.   **The Wiltsek Declarations Are Properly Considered Here.**

Ameriquest objects to the submission of newspaper articles regarding allegations concerning its lending practices, which are attached to the declaration of Gena Wiltsek, and to Ms. Wiltsek's statements regarding information made public about the state Attorneys General settlement, on the grounds that the newspaper articles are not authenticated, and the statements are irrelevant and not based on personal knowledge. For the same reasons cited above, these objections are inappropriate in class certification and preliminary injunction proceedings. In addition, it is well-settled in this Circuit that newspaper articles such as those attached to Ms. Wiltsek's affidavit are self-authenticating pursuant to Fed. R. Evid. 902(6). *See Price v. Rochford*, 947 F. 2d 829, 833 (7th Cir. 1991).

Moreover, the relevance of the information regarding the Attorneys General settlement is confirmed by Ameriquest's own submissions. In the Declaration of Defendant's counsel, Bernard E. LeSage, filed in opposition to Plaintiffs' Motion for Provisional Certification and Motion for Preliminary Injunction [Docket No. 40], Mr. LeSage states: "Much of this MDL proceeding has been, or will be, resolved by the recent settlement between Ameriquest and its related entities and the State Attorneys General of

---

of material fact, such that the Court would be required to conduct an evidentiary hearing on the preliminary injunction.

each of the 49 states in which Ameriquest and its related entities have done business over the last six years ("AG Settlement"). The AG Settlement was publicly announced on January 23, 2006." (*LeSage Decl.* ¶ 5). Mr. LeSage attached as an exhibit to his declaration the "official press release" of the settlement. As such, Ameriquest cannot argue that Plaintiffs may not rebut those statements by presenting the Settlement Agreement itself as well as press reports about it.

### B.     The Kavanagh Supplemental Declaration

Ms. Kavanagh's Supplemental Declaration contains information about her firm's direct experience with the litigation of a predatory lending class action in which a settlement was reached between the defendant and the Attorneys General. This information is directly relevant, as Ameriquest has suggested that its settlement with the Attorneys General will resolve this case as well. (*LeSage Decl.,* at ¶ 5, 6).

Ameriquest objects to nearly everything in Ms. Kavanagh's declaration, claiming that it is not relevant and that statements in the declaration are not based on personal knowledge. These objections can be rejected for the same reasons articulated above. Again, Ameriquest does not challenge the accuracy of any of the proffered information. In addition, because Ameriquest has offered its own opinion about the effect of the Attorneys General Settlement, it cannot object to Plaintiffs' counsel offering the same.

## CONCLUSION

For all the foregoing reasons, Ameriquest's objections to the Declarations proffered by Counsel in this matter should be overruled or denied.

Respectfully submitted,

Dated: March 1, 2006            /s/ Gary Klein

Kelly M. Dermody               Gary Klein
Caryn Becker                    Elizabeth Ryan
LIEFF, CABRASER, HEIMANN      Shennan Kavanagh
  & BERNSTEIN, LLP             RODDY KLEIN & RYAN
Embarcadero Center West          727 Atlantic Avenue
275 Battery Street, 30th Floor      Boston, MA  021111-2810
San Francisco, CA  94111-3339    Telephone:  (617) 357-5500
Telephone:  (415) 956-1000      Facsimile:  (617) 357-5030
Facsimile:  (415) 956-1008       klein@roddykleinryan.com

Terry Smiljanich
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174