IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | |
| | MDL No. 1715 |
| _____ | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |
| | (Centralized before the Honorable Marvin E. Aspen) |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
PROVISIONAL CERTIFICATION OF RESCISSION CLASS FOR PURPOSES OF
PRELIMINARY INJUNCTIVE RELIEF**

517742.2

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROVISIONAL CERTIFICATION OF RESCISSION CLASS FOR PURPOSES
OF PRELIMINARY INJUNCTIVE RELIEF

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ...................................................................................................1

II.  ARGUMENT ........................................................................................................1

    A.  Plaintiffs' Motions Are Ripe for Decision. ............................................1

    B.  TILA Rescission Claims for Declaratory Relief May Appropriately Be Adjudicated on a Classwide Basis. ........................................................2

        1.  Courts in This District Have Held that Rescission Classes Seeking Declaratory Relief Are Available. ..............................3

        2.  The Declaratory Relief Presents Common Legal Questions, And Is Not A "Personal Remedy." ...............................................4

        3.  The Cap on Class Statutory Damages Has No Bearing on Rescission. ......................................................................5

        4.  Defendant's Cases Are Distinguishable And Unpersuasive Here. ............6

    C.  Whether Provision of an Incomplete or Wrong Form NORTC Violates TILA Is a Common Question. .................................................................7

        1.  TILA Is Strictly Construed And A TILA Violation Can Be Objectively Determined From The NORTCs. ...........................8

        2.  Ameriquest's Standing Argument Misses the Mark. .................9

        3.  The Proposed Classes Are Objectively Defined. ......................10

    D.  Plaintiffs Are Adequate And Typical. ..................................................11

        1.  Plaintiffs Have the Same Claims And Injuries as the Class Members. ......................................................................11

        2.  Because Massachusetts Law Is Parallel To Federal Law, The Massachusetts Plaintiffs May Properly Represent Other Borrowers, And All Claims May Be Considered In Common. ..................11

        3.  The Attorneys Are Not Necessary Witnesses. ..........................13

    E.  The Court Can Grant Certification of the Class as Defined. ...............14

III.  CONCLUSION ...................................................................................................15

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROVISIONAL CERTIFICATION OF RESCISSION CLASS FOR PURPOSES OF PRELIMINARY INJUNCTIVE RELIEF

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## CASES

*Auston v. Schubnell*,
   116 F.3d 251 (7th Cir. 1997) ...................................................................................15

*Bellini v. Washington Mutual Bank*,
   412 F.3d 17 (1st Cir. 2005)......................................................................................12

*Bowen v. First Family Fin. Servs.*,
   233 F.3d 1331 (11th Cir. 2000) .................................................................................5

*Brown v. Payday Check Advance, Inc.*,
   202 F.3d 987 (7th Cir. 2000) .....................................................................................5

*Caldwell-Gadson v. Thomson Multimedia, S.A.*,
   No. IP 99-1734-C-T/G, 2000 WL 1617912 (S.D. Ind. Oct. 11, 2000)....................14

*Clark v. Experian Info., Inc.*,
   No. 03 C 7882, 2005 WL 3455849, *2 (N.D. Ill. Dec. 15, 2005) ...........................15

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   119 F.R.D. 344  (S.D.N.Y. 1988).............................................................................13

*Gibbons v. Interbank Funding Group*,
    208 F.R.D. 278 (N.D. Cal. 2002)...............................................................................7

*Harter v. Univ. of Indianapolis*,
   5 F. Supp. 2d 657 (S.D. Ind. 1998) .........................................................................14

*Hickey v. Great Western Mortgage Corp.*,
   158 F.R.D. 603 (N.D. Ill. 1994).................................................................................4

*Hickey v. Great Western Mortgage Corp.*,
    No. 94 C 3638, 1995 U.S. Dist. Lexis 3357 (N.D. Ill. Mar. 17, 1995) ...................4

*In re Desrosiers*,
   212 B.R. 716 (D. Mass. 1997) .................................................................................13

*Jefferson v. Security Pac. Fin. Servs. Inc.*,
   161 F.R.D. 63 (N.D. Ill. 1995)...................................................................................3

*Johnson v. West Suburban Bank*,
   225 F.3d 366 (3d Cir. 2000) .......................................................................................6

*Jones v. Ameriquest Mortgage Co.*,
   No. 05-CV-0432, 2006 U.S. Dist. LEXIS 3788 (E.D. Ill. Jan. 31, 2006) ...............9

*Latham v. Residential Loan Ctrs. of America, Inc.*,
   No. 03 C 7094, 2004 WL 1093315 (N.D. Ill. May 6, 2004) .......................2, 3, 5, 9

*Magnuson v. City of Hickory Hills*,
   730 F. Supp. 1439 (N.D. Ill. 1900) .........................................................................12

## TABLE OF AUTHORITIES
### (continued)

**Page**

*McIntosh v. Irwin Union Bank & Trust Co.*,
    215 F.R.D. 26 (D. Mass. 2003)........................................................................5, 6

*McKenna v. First Horizon Home Loan Corp.*,
    Civ. Action No. 04-10370-RCL, at 13 (D. Mass. Nov. 10, 2005).......................5, 6

*Mowbray v. Waste Mgmt. Holdings, Inc.*,
    189 F.R.D. 194 (D. Mass. 1999), *aff'd*, 208 F.3d 288 (1st cir. 2000) ...................12

*Murry v. America's Mortgage Bank, Inc.*,
    Nos. 03C5811, 03C6006, 2005 U.S. Dist. LEXIS 11751 (N.D. Ill. May 5,
    2005) ...............................................................................................................7

*Payton v. County of Kane*,
    308 F.3d 673 (7th Cir. 2002) .......................................................................12, 13

*Robey-Harcourt v. Bencorp Fin. Co., Inc.*,
    326 F.3d 1140 (10th Cir. 2002) ........................................................................13

*Robinson v. Olin Federal Credit Union*,
    48 B.R. 732 (D. Conn. 1984)............................................................................13

*Rodrigues v. Members Mortg. Co., Inc.*,
    226 F.R.D. 147 (D. Mass. 2005).................................................................5, 6, 12

*Williams v. Empire Funding Corp.*,
    183 F.R.D. 428 (E.D. Pa. 1998).....................................................................4, 5, 9

### STATUTES

15 U.S.C.
    § 1635 .......................................................................................................9, 12
    § 1635(a) .....................................................................................................6, 7
    § 1635(b) ........................................................................................................6
    § 1635(e) .......................................................................................................10
    § 1640(a) .....................................................................................................5, 6

### RULES

Federal Rules of Civil Procedure
    23 ...........................................................................................................5, 14
    23(a) .............................................................................................................7
    23(b)(2) ...............................................................................................1, 4, 6, 7
    23(b)(3) .......................................................................................................6, 7
    23(c)(1)(B).....................................................................................................15

J.P.M.L. R. 1.5 ...................................................................................................2

## TABLE OF AUTHORITIES
### (continued)

**Page**

### TREATISES

*Manual for Complex Litigation (Fourth) (2004)*
    § 20.132 ................................................................................................................................2
    § 21.21 ...............................................................................................................................15

### REGULATIONS

12 C.F.R. part 226, Supp. I., § 226.29 ..............................................................................12

## I.     INTRODUCTION

Ameriquest opposes Plaintiffs' Motion for Class Certification by creating a straw man to attack. The majority of its arguments assume or suggest that Plaintiffs are seeking blanket rescission of Class members' loans. Plaintiffs seek no such thing, however. Instead, they seek declaratory and injunctive relief applicable to the Class, mandating that each Class member receive immediate notice of the extended right to rescind and of the consequences and conditions for exercising that right.

Ameriquest's repeated representations to the Court that TILA rescission classes are not permitted *as a matter of law* or that courts in this district have unanimously so held are simply false. Although the case law is mixed, the weight of authority supports class certification here. Because Plaintiffs meet all of the requirements under Rule 23(b)(2), provisional class certification for purposes of preliminary injunctive relief is warranted.

## II.     ARGUMENT

### A.     Plaintiffs' Motions Are Ripe for Decision.

Ameriquest argues that Plaintiffs' motions are premature, given that the Judicial Panel has not decided which of the pending Ameriquest cases should be transferred to this Court. Ameriquest has pointed to no authority, however, for the proposition that an MDL transferee court must wait to proceed with the cases before it.[1] This is simply a delay tactic by Ameriquest. Waiting for transfer of all related cases is not practical; with new cases being filed against Ameriquest daily, this would create endless delay.

No rule or other authority supports Ameriquest's argument. The potential tag-along cases pending before the Judicial Panel have not yet been transferred and may never be

---

[1] It is also irrelevant that this Court has not yet ruled on whether the cases are to be consolidated or coordinated. If the court concludes that consolidation is unwarranted, Plaintiffs can separately file their motions. Meanwhile, the joint filing avoids waste and duplication.

transferred. Indeed, by rule, the tag-along matters are still pending in and subject to the active

jurisdiction of the Courts in which the cases originated. J.P.M.L. R. 1.5. Additionally, the

*Manual for Complex Litigation (Fourth)* specifically contemplates that the MDL transferee

Court need not wait for all tag-along cases to come before it in order to proceed:

> The transferee judge's management plan for the litigation should
> include provisions for handling tag-along actions transferred by the
> Panel after the initial transfer. ... Ordinarily, it is advisable to order
> that (1) tag-along actions shall be automatically made part of the
> centralized proceedings upon transfer to, or filing in, the transferee
> court; (2) rulings on common issues—for example, on the statute
> of limitations—shall be deemed to have been made in the tag-
> along action without the need for separate motions and orders; and
> (3) discovery already taken shall be available and usable in the tag-
> along cases.

*Manual for Complex Litigation (Fourth)* § 20.132 (2004).

The interim relief Plaintiffs have requested would not conflict with any of the actions

pending before the Panel. Indeed, counsel for all Plaintiffs before the Court, and for many of the

tag-along cases, all support the relief sought here.[2] Indeed, it is inconceivable that any counsel

or plaintiffs in the tag-along cases (or the putative classes they may represent) would object to or

be prejudiced by the declaratory relief sought here.

**B.** **TILA Rescission Claims for Declaratory Relief May Appropriately Be Adjudicated on a Classwide Basis.**

Ameriquest disingenuously represents that the class relief Plaintiffs seek is "unavailable

as a matter of law," and that Courts have "consistently" rejected it. This is absolutely untrue.

The majority of cases cited by the parties have found a class declaration of rescission rights to be

entirely appropriate. Indeed, a court in this district, *Latham v. Residential Loan Ctrs. of*

*America, Inc.*, No. 03 C 7094, 2004 WL 1093315 (N.D. Ill. May 6, 2004), rejected the argument

---

[2] All counsel who appeared on the Plaintiffs' side at the February 7, 2006 Status Conference fully agree
with the motion and relief sought by Plaintiffs.

that rescission classes were not available as a matter of law; it rejected many of the arguments and cases relied upon by Ameriquest, and specifically denied the defendant's attempt to dismiss plaintiff's rescission class at the pleadings stage. In *Latham*, the court stated, "we disagree with [the] position that, as a matter of law, [a rescission] class claim is untenable."[3] *See id.* at *11-12. Plaintiffs have cited numerous other cases in which the courts either granted class certification of declaratory rescission claims, or otherwise expressed approval for such class claims. While there are a few contrary decisions, the majority of cases, including the cases that are most applicable and better reasoned, support Plaintiffs' positions.[4] Moreover, if the Court examines the class certification criteria independent of any improper preconceived notions regarding the propriety of a rescission class, it is clear that class certification is appropriate here.

### 1. Courts in This District Have Held that Rescission Classes Seeking Declaratory Relief Are Available.

Decisions in this District provide support for the availability of class certification here. Judge Plunkett in the *Latham* case considered the arguments and cases Ameriquest raises here, and rejected them. Although the *Latham* case considered these issues in the context of a motion to dismiss and not a motion for class certification, it specifically held that "[w]ith all due respect to the *Jefferson v. Security Pac. Fin. Servs. Inc.*, 161 F.R.D. 63 (N.D. Ill. 1995)] court, we agree with the latter line of cases holding that a class claim under TILA seeking a declaration of the right to rescind can be maintained ..." *Latham*, 2004 WL 1093315, at *11. The *Latham* court directly rejected Ameriquest's position that rescission class are not available as a matter of law.

---

[3] Contrary to Ameriquest's accusation, Plaintiffs accurately stated in their opening memorandum that the Court in *Latham* had denied a motion to dismiss the class rescission claim. (Opening Mem. at 9.)

[4] Ameriquest's only basis for distinguishing the cases cited by Plaintiffs is that Plaintiffs' cases were rejected by the cases it cites. Similarly, the cases cited by Plaintiffs reject the reasoning of Ameriquest's cases. *See also* discussion *infra* at Section II.B.4 (distinguishing the cases cited by Ameriquest).

Similarly, in *Hickey v. Great Western Mortgage Corp.*, 158 F.R.D. 603 (N.D. Ill. 1994) ("*Hickey I*"), Judge Conlon certified a rescission class under TILA, rejecting the argument that rescission classes are not permitted as a matter of law, and rejecting many of the cases and arguments Ameriquest has asserted here. Although Judge Conlon later decertified the class, decertification was premised upon new facts that had arisen in discovery that put commonality in question, *Hickey v. Great Western Mortgage Corp.*, No. 94 C 3638, 1995 U.S. Dist. Lexis 3357 (N.D. Ill. Mar. 17, 1995) ("*Hickey II*"),[5] and had nothing to do with whether rescission classes are appropriate where, like here, Plaintiffs seek only declaratory relief, and liability under TILA is a common question.

## 2. The Declaratory Relief Presents Common Legal Questions, And Is Not A "Personal Remedy."

Ameriquest argues that rescission is inappropriate for class treatment because rescission is a "purely personal remedy." (Opp'n at 6.) Accepting *arguendo* that rescission itself may be a personal remedy, the declaratory relief sought by Plaintiffs is distinguishable. In *Williams v. Empire Funding Corp.*, 183 F.R.D. 428 (E.D. Pa. 1998), the Court considered whether to grant class certification under Rule 23(b)(2) of TILA claims for declaratory rescission relief. The Court rejected the "personal remedy" argument. *See id.* at 434-36. Instead, the court recognized that, like here, plaintiffs did not seek to rescind every class members' contract as a remedy, but only sought a declaration of the right to rescind, and concluded that "there is nothing in the

---

[5] Plaintiffs regret the inadvertent exclusion of *Hickey II* from their opening Memorandum. Nonetheless, as noted, the *Hickey II* decision does not address the discussion of rescission class actions from *Hickey I*, or call *Hickey I*'s legal analysis into question. Indeed, the words "rescind" or "rescission" do not appear in the decision. The decertification decision relied on entirely different grounds that are not applicable here. In *Hickey II*, the plaintiff alleged that the lender was liable for charges imposed by the closing agent, and because the charges were not included in the lender's disclosures, the lender had violated TILA. *See Hickey II* at *1-2. The *Hickey II* court decertified the class because it determined that whether the closer was an agent of the lender could not be determined on a class basis. *Id.* at *18-23. Here, by contrast, liability under TILA is common, as it depends only upon the character of the NORTC itself.

language of TILA which precludes the use of the class action mechanism provided by Rule 23 to obtain a judicial declaration whether an infirmity in the documents, common to all members of the class, entitles each member of the class individually to seek rescission." *Id.* at 436. Other courts have also declined to accept this "personal remedy" argument as precluding class certification. *See Latham* 2004 U.S. Dist. LEXIS 7993, at *8, *11-12; *Rodrigues v. Members Mortg. Co., Inc.*, 226 F.R.D. 147, 153 (D. Mass. 2005); *McIntosh v. Irwin Union Bank & Trust Co.*, 215 F.R.D. 26, 32-33 (D. Mass. 2003); *McKenna v. First Horizon Home Loan Corp.*, Civ. Action No. 04-10370-RCL, at 13 (D. Mass. Nov. 10, 2005) (attached as Exhibit A to Plaintiffs' opening memorandum).

The discussion in *Williams* applies equally here. Ameriquest's arguments, and the cases upon which it relies, all focus on rescission itself and not on the simple legal questions involved, *i.e.*, whether an incomplete NORTC or wrong form NORTC violates TILA and gives rise to an extended right to rescind, questions that are common as to all Class members.

**3.    The Cap on Class Statutory Damages Has No Bearing on Rescission.**

Ameriquest's reliance upon 15 U.S.C. § 1640(a) as evidencing a legislative intent to foreclose rescission-based class actions is misplaced. Congress added the class action damages cap to § 1640(a) not to affirmatively provide a right to class actions that did not already exist, but to limit class relief. *See, e.g.*, *Brown v. Payday Check Advance, Inc.*, 202 F.3d 987 (7th Cir. 2000) ("The portion of sec. 1640(a) that we have been considering was added to the TILA in 1980 to curtail damages awards for picky and inconsequential formal errors."); *Bowen v. First Family Fin. Servs.*, 233 F.3d 1331 (11th Cir. 2000) ("The reason Congress amended § 1640 is that the previous mandatory minimum ... threatened creditors with 'horrendous' class action liability for mere technical violations of the statute, and the prospect of that result had made courts reluctant to certify TILA claims for class treatment."). Indeed, any right (or not) to bring

class claims under TILA arises from Rule 23. *See, e.g.*, *Johnson v. West Suburban Bank*, 225 F.3d 366 (3d Cir. 2000) ("The 'right' to proceed to a class action, insofar as the TILA is concerned, is a procedural one that arises from the Federal Rules of Civil Procedure.").

Because that the amendment to § 1640(a) created a *limitation* on the remedies available under TILA, the more logical explanation for the absence of any reference to class actions in § 1635(b) is that Congress chose *not to limit* the rescission remedy in class actions. *Cf.* *McKenna* at 15-16 (explaining that it did "not find [the distinction] significant … It is just as likely that Congress did not intend to in any way limit rescission claims which are designed to put the consumer back in the same position as before the inaccurate information was provided."). TILA very clearly provides that a borrower "*shall have the right to rescind* . . ." 15 U.S.C. § 1635(a) (emphasis added). There is no basis for concluding that some borrowers may have this right, while others do not. Rather, fairness and justice dictate that if a violation of TILA provides the basis for an extended right to rescind to one borrower, it would also provide the basis for an extended right to rescind to every other borrower subjected to the same TILA violation.

Indeed, numerous courts have rejected this distinction as a basis for concluding that a declaration of rescission rights cannot be made on a Class basis. *See, e.g.*, *Rodrigues*, 226 F.R.D. at 153; *McIntosh*, 215 F.R.D. at 32-33; *McKenna* at 15-16.

### 4. Defendant's Cases Are Distinguishable And Unpersuasive Here.

The cases cited by Ameriquest are not on point. *Nelson* and *James* both addressed *actual* rescission rather than declaratory relief as sought by Plaintiffs here. *Murry* and *Jefferson* both considered class certification under Rule 23(b)(3), not Rule 23(b)(2), and denied class certification because the superiority and/or manageability factors required under that provision were lacking. Plaintiffs here move under Rule 23(b)(2) which does not require the moving party to establish superiority or manageability.

In *Murry v. America's Mortgage Bank, Inc.*, Nos. 03C5811, 03C6006, 2005 U.S. Dist. LEXIS 11751 (N.D. Ill. May 5, 2005), the magistrate judge while recommending against class certification of the rescission claim, observed that "Rule 23(b)(2) expressly provides for class treatment where the conduct of the opposing party makes 'appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole,'" and then specifically noted that plaintiffs had sought class certification under Rule 23(b)(3) and not Rule 23(b)(2). *See Murry*, 2005 U.S. Dist. LEXIS, at *32 (quoting Fed. R. Civ. P. 23(b)(2)). Moreover, the magistrate judge recommended that plaintiffs' TILA claims be certified as a class action for purposes of liability and damages, finding that all the factors under Rule 23(a) and Rule 23(b)(3) had been met, and that the question of whether Defendant had violated TILA was a common one.[6] *Id.* at *13-29.

### C. Whether Provision of an Incomplete or Wrong Form NORTC Violates TILA Is a Common Question.

15 U.S.C. § 1635(a) provides that a borrower "*shall have the right to rescind* the transaction until midnight of the third business day following … the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title," whichever is later, ..." Plaintiffs have alleged two TILA violations in the context of this motion: 1) Ameriquest failed to provide final cancel dates on

---

[6] One case cited by Ameriquest, *Gibbons v. Interbank Funding Group*, 208 F.R.D. 278 (N.D. Cal. 2002), did consider a rescission class under Rule 23(b)(2), and rejected the distinction between classes seeking actual rescission and those seeking declaratory relief. The Court's reasoning is inconsistent with the *Latham* and *Hickey I* cases from this District, however, in that *Gibbons* deemed certification of the rescission claims to be *per se* improper. In stating that "[i]t is not at all clear why, if class-wide rescission is inappropriate, a declaration authorizing the same thing is not also inappropriate," the *Gibbons* court demonstrated its lack of understanding of the issues involved. There is a significant difference between an order that tells borrowers that they have the right to rescind if they choose to do so and one that simply rescinds all loans on a global basis. That all borrowers may have the *right to rescind*, does not mean that all borrowers would choose to rescind. In any event, Plaintiffs here do not even seek a declaration authorizing rescission. They only seek to have the Court issue Notice to Class members, providing information about rescission rights.

NORTCs given to borrowers; and 2) Ameriquest provided the wrong NORTC form to borrowers who refinanced Ameriquest loans. Through this Motion and the Motion for Preliminary Injunction, Plaintiffs are asking this Court to answer the common question of whether Plaintiffs are likely to prevail as to their claims that where these defective NORTCs were provided, Ameriquest did not deliver "the information and rescission forms required under [§ 1635]." The Notice sought by Plaintiffs follows from the ruling by providing information to Class members to enable them to preserve their rights.

Ameriquest attempts to inject alleged individual issues that are irrelevant or otherwise do not detract from the classwide nature of the inquiry here.

1. **TILA Is Strictly Construed And A TILA Violation Can Be Objectively Determined From The NORTCs.**

Ameriquest argues that the "technical failure[s] to comply" with TILA raised here do not necessarily amount to a TILA violation. In making this argument, however, Ameriquest points exclusively to 11th Circuit case law. The Seventh Circuit, however, has consistently held that any TILA violation, however "technical," gives rise to liability. As one court in the Seventh Circuit has recently found in a case against Ameriquest:

> It is "well-settled" in the Seventh Circuit that a borrower need not have been misled or have suffered any actual damages from a TILA violation to recover under the Act. *Brown v. Marquette Savings and Loan Ass'n*, 686 F.2d 608, 614 (7th Cir. 1982). Instead the statute imposes a kind of strict liability on the lender:
>
> > It is not sufficient to attempt to comply with the spirit of TILA in order to avoid liability. Rather, strict compliance with the required disclosures and terminology is required. Many violations of TILA involve technical violations without egregious conduct of any kind on the part of the creditor. However, Congress did not intend that creditors should escape liability for merely technical violations.

517742.2

- 8 -

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROVISIONAL CERTIFICATION OF RESCISSION CLASS FOR PURPOSES OF PRELIMINARY INJUNCTIVE RELIEF

> [citation]. Thus, "[s]ubject to narrow exceptions, hypertechnicality
> reigns in the application of TILA." *Cash Store Mgmt.*, 195 F. 3d at
> 328 (7th Cir. 1999) (internal quotation marks omitted).

*Jones v. Ameriquest Mortgage Co.*, No. 05-CV-0432, 2006 U.S. Dist. LEXIS 3788, *6-7 (E.D.

Ill. Jan. 31, 2006).[7]  Under this standard, the Court need not examine the details of each

transaction.  The Court could determine whether Plaintiffs are likely to prevail on their TILA

claims simply by reading the documents; because Plaintiffs' claims are based on common

defects in the documents, the inquiry is a common one.

### 2.  Ameriquest's Standing Argument Misses the Mark.

Ameriquest seeks to defeat class certification by suggesting that each transaction would

have to be examined to determine whether a borrower has standing to seek rescission under

TILA, *i.e.*, did the borrower demand rescission and allow the creditor 20 days to respond?

(Opp'n at 8-9.)  Because Plaintiffs do not actually seek to rescind, these procedures do not come

into play.  At this time, Plaintiffs seek only injunctive relief in the form of notice, based upon the

Court's conclusion that Plaintiffs are likely to prevail on their claims that they have an extended

right to rescind.  The Court's ruling would not order or otherwise result in any actual rescission

of borrower's loans.  As such, the procedures of 15 U.S.C. § 1635 are not relevant here. *Cf.*

*Williams v. Empire Funding Corp.*, 183 F.R.D. 428, 435-36 (E.D. Pa. 1998) (certifying

rescission class under TILA, and explaining "[s]hould the Court declare that, indeed, plaintiffs

are entitled to seek rescission because of certain infirmities in the TILA disclosure documents,

then each class member, individually, and not as a member of the class, would have the option to

exercise his or her right to seek rescission."); *Latham* at *10-11 (citing *Williams* at 435).

---

[7] The merits of Plaintiffs' claims are also discussed in more detail in Plaintiffs' opening and reply
memoranda filed in support of their Motion for Preliminary Injunction.

### 3. The Proposed Classes Are Objectively Defined.

Ameriquest suggests that Plaintiffs' submission of 134 borrowers who received incomplete NORTCs does not establish a common violation of TILA because "mere receipt of an incomplete NORTC …is not a violation of TILA." (Opp'n at 10.) As discussed in Plaintiffs' preliminary injunction memoranda, the relevant inquiry concerns the documents *received* by the borrowers, not those doctored after the fact and placed in Ameriquest files. The weight of evidence establishes that borrowers only received incomplete forms.

Ameriquest also seeks to avoid Class certification by suggesting that members of the wrong form NORTC class may not have a right to cancel at all if they fall within the refinancing "exemption"[8] of TILA. (Opp'n at 10-11.) Plaintiffs' proposed Class, however, consists of persons who received a Notice of Right to Cancel form from Ameriquest, albeit the incorrect one. The fact that Ameriquest gave these Class members a NORTC indicates that, indeed, such borrowers do not fall within TILA's exemption, and do, in fact, have the right to cancel. (*See also* Pls' Reply Mem. iso Mot. for Prelim. Inj. at 6-7.)

Moreover, Plaintiffs have alleged that Ameriquest's systematic practices include inducing borrowers to roll existing debt into loan refinancing, thereby assuring that the refinances will include "new money." (*See, e.g.*, Williams (NY) Compl., ¶ 29 ("These homeowners are solicited through repeated mailers, telephone calls, and/or personal visits by Ameriquest sales personnel, all *inviting them to consolidate their debts or to obtain money for expenses*, with false and misleading promises of more favorable loan terms and/or reduced monthly payments.") (emphasis added).)

---

[8] Only a refinance involving new money is subject to the right to cancel. 15 U.S.C. § 1635(e).

D.    **Plaintiffs Are Adequate And Typical.**

1.    **Plaintiffs Have the Same Claims And Injuries as the Class Members.**

Ameriquest appears to argue that because all proposed Class representatives did not suffer both forms of TILA violations, they are not typical. The argument lacks merit. Here, the claims of the proposed Class representatives are based upon the same legal theories of the Class claims, specifically, that Ameriquest violated the disclosure requirements of TILA, either by providing the wrong NORTC form, or by failing to insert the cancellation date in the form.

Plaintiffs have proposed multiple Class representatives for each claim. Plaintiffs David and Janet Wakefield, Daisybel and William Tolbert, Latonya Williams and Duval Naughton received an incomplete NORTC. (Declaration of Shennan Kavanagh, ¶¶ 10, 22, 32, 38; Exs. A, D, F, K.) They will represent the claims of those Class members who received an incomplete NORTC. Plaintiffs Lynn Gay, David and Janet Wakefield, and Duval Naughton received the wrong form of NORTC. (*Id.* ¶¶ 45, 47; Exs. K, O, P.) They will represent the claims of those Class members who received the wrong form of NORTC. Whether classified as a Class with multiple claims or as subclasses, there is no dispute that there is at least one Class representative who has suffered the same alleged TILA violation as each Class member, and, therefore, suffered the same damages as the Class members. Ameriquest's argument on this point is spurious and should be rejected.

2.    **Because Massachusetts Law Is Parallel To Federal Law, The Massachusetts Plaintiffs May Properly Represent Other Borrowers, And All Claims May Be Considered In Common.**

Ameriquest attacks the Massachusetts subclass, arguing that Plaintiffs Gay and the Wakefields cannot seek rescission under TILA because TILA does not apply to Massachusetts residents. In an abundance of caution, the Plaintiffs have proposed a subclass of Massachusetts borrowers who have the exact same claims as borrowers in other states, except that they are

subject to the Massachusetts state truth in lending act. These Plaintiffs can seek parallel relief for the Massachusetts subclass as requested through Plaintiffs' Motions.

First, Ameriquest has not – and cannot – identify any differences between the Massachusetts statute and the federal statute which would create any conflict between the Massachusetts plaintiffs and other borrowers. Massachusetts has been granted an exemption from certain provisions of TILA (including § 1635) only because the Massachusetts truth in lending act is "substantially similar" to TILA. 12 C.F.R. part 226, Supp. I., § 226.29. In fact, other than the statute of limitations, the statutes are identical. *Bellini v. Washington Mutual Bank*, 412 F.3d 17 (1st Cir. 2005) (noting that the provisions are "substantially identical").

Second, standing is not an issue where all of the class representatives have valid claims, despite the fact that their claims may arise under different, but analogous statutes. *See Mowbray v. Waste Mgmt. Holdings, Inc.*, 189 F.R.D. 194, 195-202 (D. Mass. 1999), *aff'd*, 208 F.3d 288 (1st cir. 2000) (holding that named plaintiff bringing claim under Illinois law could adequately represent class members with claims under other states' laws); *cf. Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002) (allowing class certification in which named plaintiffs did not have personal claims against every defendant).

Third, because the state and federal statutes are the same, courts have rejected Ameriquest's argument that a borrower with claims under one statute cannot represent borrowers with claims under the other. *See Rodrigues v. Members Mortgage Co., Inc.*, 226 F.R.D. 147, 150-51 (D. Mass. 2005) (holding that Rhode Island borrower with TILA claims could represent borrowers from exempt states). *See also Mowbray* at 195-202.

Ameriquest's cases are not persuasive. In *Magnuson v. City of Hickory Hills*, 730 F. Supp. 1439 (N.D. Ill. 1900), the plaintiff's claim for injunctive relief was rendered moot

- 12 -

when the illegal water connection at issue was removed. Here, all of the Class representatives have ripe claims based on Ameriquest's disclosure violations. Therefore, "[t]his is not a case where the named plaintiff is trying to piggy-back on the injuries of the unnamed class members." *See Payton*, 308 F.3d at 682. Nor do the other cases cited by Ameriquest support its arguments.[9]

### 3. The Attorneys Are Not Necessary Witnesses

Ameriquest argues that the Plaintiffs' counsel are not adequate representatives of the proposed classes because by submitting declarations relating to documents given to them by Plaintiffs and class members, they are "material witnesses" to the claims at issue. (Opp'n at 15.) Ameriquest does not identify *any* information that the attorneys have which would require Ameriquest to call them as witnesses. The Plaintiffs and Class members are the proper witnesses regarding their documents, and Ameriquest is free to depose these parties.

In the sole case relied upon by Ameriquest, the proposed class counsel was a witness to certain communications involving the sale of CDs to a corporation of which he was part owner, director and officer. *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 119 F.R.D. 344 (S.D.N.Y. 1988). The court ruled that the law firm was not qualified to be class counsel, because its partner was "an obvious and objectively necessary witness" to rebut the inference of non-reliance on certain representations. *Id.* at 349. Plaintiff's counsel are not obvious or necessary witnesses to any aspects of the claims raised here.

---

[9] In *Robey-Harcourt v. Bencorp Fin. Co., Inc.*, 326 F.3d 1140, 1143 (10th Cir. 2002), the court rejected the borrower's argument that her claim should have been evaluated under Oklahoma law rather than TILA, simply because she had not raised the issue below, and because she did "not explain how the Oklahoma exemption differs in any significant way from federal law." In *Robinson v. Olin Federal Credit Union*, 48 B.R. 732 (D. Conn. 1984), the borrower sought damages under both the federal and state truth in lending acts. The court held that because the lender was a federally chartered institution, only the federal act applied. *Id.* at 738. Finally, the court in *In re Desrosiers*, 212 B.R. 716 (D. Mass. 1997), repeatedly noted that the federal and state statues are identical. None of these cases support Ameriquest's arguments regarding the propriety of the proposed Classes here.

- 13 -

Ameriquest's obvious ploy to defeat class certification by disqualifying counsel on spurious grounds should be rejected by this court. As courts in this circuit have recognized, "[w]here one party argues that an opponent's attorney is a necessary witness and moves to disqualify that attorney… courts view the opponent's asserted need to call the attorney more skeptically and must be concerned about the possibility that the motion to disqualify is an abusive tactic to hurt the opponent's ability to pursue his case." *See, e.g., Harter v. Univ. of Indianapolis*, 5 F. Supp. 2d 657, 663 (S.D. Ind. 1998) (denying disqualification motion based on finding that attorney was not a "necessary" witness).

To disqualify an attorney, the defendant must show that the attorney is a necessary witness. *Harter*, 5 F. Supp. 2d at 663. *Caldwell-Gadson v. Thomson Multimedia, S.A.*, No. IP 99-1734-C-T/G, 2000 WL 1617912, at *3 (S.D. Ind. Oct. 11, 2000). Here, as in *Harter* and *Caldwell-Gadson*, Plaintiffs' counsel are not "necessary" witnesses because any evidence that would be offered by having them testify could easily be elicited through other means. If evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness. *Id.*

If, as Ameriquest suggests, the mere fact that an attorney has submitted a declaration regarding relevant documents disqualifies him or her from acting as counsel, then any counsel could be disqualified in any case, as attorneys routinely file declarations attaching documents received from parties or obtained in discovery. Doing so does not make them necessary witnesses to the facts of the case.

### E. The Court Can Grant Certification of the Class as Defined.

Ameriquest's argument that a ruling on Plaintiffs' motion for provisional class certification would be an improper advisory opinion is without merit. Rule 23 does not require that a class definition conform precisely to a plaintiff's complaint, and provides that it is the

order certifying a class, not the complaint, that defines class membership. *See Manual for Complex Litigation (Fourth)* § 21.21 (2004) (citing FRCP 23(c)(1)(B)). Courts have broad discretion to determine whether certification of a class is appropriate, including "defining the class, class claims, issues and defenses." *See, e.g., Clark v. Experian Info., Inc.*, No. 03 C 7882, 2005 WL 3455849, *2 (N.D. Ill. Dec. 15, 2005). (*See also* Pls' Resp. to Def's Status Conf. Statement at 9-10.)

Ameriquest cites to *Auston v. Schubnell*, 116 F.3d 251, 255 (7th Cir. 1997), for the proposition that "Plaintiffs cannot amend their Complaints through the Motion." (Opp'n at 5 n.9.) The case is entirely irrelevant, however. In *Auston*, an individual employment case, the court denied plaintiff's attempt to add a new claim via a summary judgment motion, and due only to the timing of it. *Id.* at 255 ("This is too late in the day to be adding new claims.").

## III.    **CONCLUSION**

For the reasons stated herein and in Plaintiffs' opening memorandum, Plaintiffs respectfully request that the Court provisionally certify the proposed classes for purposes of issuing preliminary injunctive relief.

Dated: March 1, 2006                                Respectfully submitted,


                                                    _/s/ Caryn Becker_
                                                    Caryn Becker

Gary Klein                                          Kelly M. Dermody (CA Bar No. 171716)
Elizabeth Ryan                                      Caryn Becker (CA Bar No. 196947)
Shennan Kavanagh                                    LIEFF, CABRASER, HEIMANN
RODDY KLEIN & RYAN                                    & BERNSTEIN, LLP
727 Atlantic Avenue                                 275 Battery Street, 30th Floor
Boston, MA   021111-2810                            San Francisco, CA  94111-3339
Telephone:  (617) 357-5500                          Telephone:  (415) 956-1000
Facsimile:  (617) 357-5030                          Facsimile:  (415) 956-1008

Terry Smiljanich
JAMES, HOYER, NEWCOMBER
   & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

517742.2                               - 16 -

REPLY MEMORANDUM  IN SUPPORT OF MOTION FOR PROVISIONAL CE RTIFICATION OF RESCISSION CLASS FOR PURPOSES
OF PRELIMINARY INJUNCTIVE RELIEF