**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR
REASSIGNMENT OF RELATED CASES**

## I.       INTRODUCTION

Pursuant to Northern District of Illinois Local Rule 40.4(c), defendants Ameriquest Mortgage Company ("AMC"), Ameriquest Capital Corporation ("ACC"), Argent Mortgage Company ("Argent") and Town and Country Credit Corporation ("Town and Country") (collectively, "Defendants") seek reassignment of 27 cases (collectively, "Related Cases") pending before other judges in this District.  Defendants have identified each of the Related Cases as a potential "tag-along" action to the actions presently before this Court in this Multidistrict Litigation proceeding ("MDL Proceeding"), and the Judicial Panel on Multidistrict Litigation ("MDL Panel") has left it to the Courts in this District to decide whether the Related Cases should be reassigned to this Court for coordinated or consolidated pretrial proceedings.[1]

As detailed below, reassignment of all of the Related Cases is warranted here.  To begin with, each of the Related Cases is "related" under Local Rule 40.4(a) to one or more actions in this MDL Proceeding because each of the Related Cases involves the same issues of fact and law as one or more of the actions in the MDL Proceeding.  Specifically, three actions in the MDL Proceeding allege that certain Defendants violated the Truth-in-Lending Act, 15 U.S.C. Section

---

[1] Although Local Rule 40.4(c) provides that a motion for reassignment of a related case must be made to the judge assigned to the lower-numbered case, this Court informed the parties at the February 7, 2006 Status Conference that the parties should file any motion for reassignment with this Court.

1601, *et seq.* ("TILA"), by failing to provide borrowers with proper notice of their rescission rights. Plaintiffs in 25 of the Related Cases similarly assert claims that certain Defendants violated TILA by failing to provide borrowers with proper notice of their rescission rights.[2] In addition, plaintiffs in one action in the MDL Proceeding allege that certain Defendants violated the Fair Credit Reporting Act, 15 U.S.C. Section 1681, *et seq.* ("FCRA"); likewise, plaintiffs in two of the Related Cases assert that certain Defendants violated FCRA.

Furthermore, all of the conditions for reassignment of the Related Cases under Local Rule 40.4(b) are satisfied here. **First**, all of the Related Cases are before this Court. **Second**, the handling of all of these cases by this Court will result in a substantial saving of judicial time and effort as, among other things, all of the Related Cases are brought by the same plaintiffs' counsel and reassignment of the Related Cases to this Court will allow one judge to decide whether Defendants violated the same law based on essentially the same conduct. **Third**, none of the Related Cases has progressed to the point where transferring these cases to this Court would be likely to delay the proceedings therein substantially. **Fourth**, the Related Cases and the actions in the MDL Proceeding are susceptible to disposition in a single proceeding because they all assert common legal claims. Accordingly, Defendants respectfully request that this Court grant the Motion in its entirety.

## II.     FACTUAL BACKGROUND

### A.     The Instant MDL Proceeding

This MDL Proceeding was initiated on December 13, 2005, when the MDL Panel issued an order transferring five separate class actions against Defendants to this Court pursuant to 28 U.S.C. Section 1407 for coordinated or consolidated pretrial proceedings. [Request for Judicial Notice ("RJN"), Ex. 1.] Plaintiffs and Defendants in this MDL Proceeding have advised the MDL Panel of several potential "tag-along" actions, including the Related Cases, in accordance with their obligations under the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. [Declaration of Bernard E. LeSage ("LeSage Declaration"), ¶¶ 3, 4, Exs. 1, 2.] All of the Related Cases are pending before other judges in this District, and the MDL Panel has left it

---

[2] For the Court's convenience, attached hereto as Exhibit 1 is a chart detailing the following for each of the Related Cases: the case name; the case number; the date the action was filed; the presiding judge; and the primary claim at issue (TILA or FCRA). In addition, pursuant to Local Rule 40.4(c), Ameriquest has concurrently filed an Appendix containing copies of each of the complaints for all of the Related Cases ("Appendix of Related Cases").

to the Courts in this District to decide whether these actions also should be reassigned to this Court for coordinated or consolidated pretrial proceedings. [LeSage Decl., ¶¶ 3, 4, 6, Exs. 1, 2, 3.][3]

**B.      The Cases At Issue In This Motion**

There are three actions in the MDL Proceeding wherein the plaintiffs allege that certain Defendants violated TILA by failing to provide borrowers with proper notice of their rescission rights. In *Knox, et al. v. Ameriquest Mortgage Company, et al.*, plaintiffs contend that Defendants AMC and Argent violated TILA by:

> a.      Failing to provide Plaintiffs and Class Members with material disclosures in a form they could keep prior to consummation; and
>
> b.      Failing to provide Plaintiffs and Class Members with notices of right to cancel that were clear, conspicuous, and reflective of the parties' legal obligations. [First Amended Class Action Complaint, ¶ 143.]

In *Cheryl Williams, et al. v. Ameriquest Mortgage Company*, plaintiffs similarly allege that Defendant AMC violated TILA by:

> a.      Failing to provide Plaintiffs and Class Members with material disclosures in a form they could keep prior to consummation; and
>
> b.      For non-purchase money mortgages, failing to provide Plaintiffs and Class Members with notices of right to cancel that were clear, conspicuous or consistent with the forms and regulations of the Federal Reserve Board found at 12 C.F.R. 226.23 (Regulation Z) and Appendix H. [Class Action Complaint, ¶ 71.]

Likewise, in *Latonya Williams, et al. v. v. Ameriquest Mortgage Company*, plaintiffs contend that Defendant AMC "failed to provide them with notice of their right to cancel which notified them clearly and conspicuously of their deadline for rescission, thereby violating 15 U.S.C. § 1635." [First Amended Class Action Complaint, ¶ 178.] Plaintiffs therefore seek a declaratory judgment that, among other things, "their right to rescind has not expired," and plaintiffs are entitled to damages for [AMC]'s failure to make accurate disclosures ... as required by law." [*Id.*, ¶ 191.] As detailed in Exhibit 1 and the Appendix of Related Cases, 25 of the Related Cases also advances the same core allegations as in *Knox*, *Cheryl Williams* and *Latonya Williams* – that

---

[3] As set forth in Exhibit 3 to the LeSage Declaration, the MDL Panel has designated each of the Related Cases as an "XYZ Case" where there is "NTN," or "No Transfer Necessary." [*Id.*] Counsel for Defendants has confirmed with the Clerk of the MDL Panel that these designations mean that the MDL Panel will take no action on the Related Cases, but instead has left it to the Courts of this District to decide whether these cases should be included within the MDL Proceeding. [*Id.*, ¶ 4.]

certain Defendants violated TILA by failing to provide borrowers with proper notice of their rescission rights.

Plaintiffs in *Burggraff v. Ameriquest Capital Corporation et al.* – an action presently before this Court in the MDL Proceeding – allege that certain Defendants violated FCRA by failing to provide adverse action notices to plaintiffs pursuant to 15 U.S.C. Section 1681m. [Class Action Complaint, ¶¶ 39-46.] As detailed in Exhibit 1 and the Appendix of Related Cases, two of the Related Cases also advance the same core legal claim as *Burgraff* – that certain Defendants violated Section 1681m of FCRA.

### III.    ARGUMENT

To have a case reassigned based on relatedness, the movant must satisfy both Local Rule 40.4(a) and (b). *Donahue v. Elgin Riverboat Resort*, No. 04 C 816, 2004 WL 2495642, at *2 (N.D. Ill. Sept. 28, 2004). This Court has the sound discretion whether to reassign a case under Local Rule 40.4. *Clark v. Ins. Car Rentals Inc.*, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999).

Local Rule 40.4(a) provides that cases are "related" if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law, (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same. Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related." *Fairbanks Capital Corp. v. Jenkins*, No. 02-C-3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002). Rather it is enough that the two cases "involve *some* of the same issues of fact or law." *Lawrence E. Jaffe Pension Plan v. Household Int'l.*, Inc., No. 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003) (emphasis in original).

Once the cases have been found to be related, Local Rule 40.4(b) imposes four additional conditions that must be satisfied before a case may be reassigned: (1) both cases must be pending in the Northern District of Illinois; (2) reassignment must result in a substantial saving of judicial time and effort; (3) the earlier case must not have progressed to the point where designating the cases as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases must be susceptible of disposition in a single proceeding. As demonstrated below, reassignment of the Related Cases to this Court satisfies the requirements of Local Rules 40.4(a) and (b), and the Court should grant the Motion.

**A.**     **The Related Cases Are "Related" Under Local Rule 40.4 To Four Actions In The MDL Proceeding.**

As demonstrated above, the Related Cases involve the same issues of law as *Knox*, *Cherly Williams*, *Latonya Williams* and *Burrgraff*. All of these actions allege that certain Defendants (1) violated TILA by failing to provide borrowers with proper notice of their rescission rights, or (2) violated FCRA by failing to provide borrowers with the proper notices. Accordingly, the Related Cases and *Knox*, *Cheryl Williams*, *Latonya Williams* and *Burrgraff* are "related" within the meaning of Local Rule 40.4(a).

**B.**     **All Of The Conditions For Reassignment In Local Rule 40.4(b) Are Satisfied Here.**

All of the conditions for reassignment of the Related Cases under Local Rule 40.4(b) are satisfied here. **First**, all of the Related Cases are pending in this Court.

**Second**, the handling of all of these cases by this Court unquestionably will result in a substantial saving of judicial time and effort. Among other things, each of the 27 Related Cases was filed by the same law firm (Edelman, Combs, Latturner & Goodwin, LLC). Furthermore, reassignment of the Related Cases to this Court will allow one judge to decide whether Defendants violated the same law (TILA or FCRA) based on essentially the same alleged conduct. This will avoid the risk of inconsistent rulings and multiple appeals, should several judges rule on this issue. Indeed, the Seventh Circuit Court of Appeals has criticized judges of this Court for permitting separate lawsuits involving similar claims and the same defendants to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals. *See, e.g., Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 513 n. * (7th Cir. 1999).

**Third**, none of the Related Cases has progressed to the point where designating these cases related would be likely to delay the proceedings therein substantially. **Finally**, the Related Cases and the actions in the MDL Proceeding are susceptible to disposition in a single proceeding because they all assert common legal claims under TILA or FCRA. Accordingly, Defendants respectfully request that this Court grant this Motion in its entirety.

///

///

///

## IV.  CONCLUSION

For the foregoing reasons, Ameriquest respectfully requests that the Court grant the Motion in its entirety.

DATED: March 16, 2006     Respectfully submitted,

             BUCHALTER NEMER
             A Professional Corporation


             By: /s/  Bernard E. LeSage
              *Attorneys for Defendants Ameriquest*
              *Mortgage Company, Ameriquest Capital*
              *Corporation, Argent Mortgage Company and*
              *Town and Country Credit Corporation*

             Bernard E. LeSage (California Bar No. 61870)
             Sarah K. Andrus (California Bar No. 174323)
             BUCHALTER NEMER
             A Professional Corporation
             1000 Wilshire Boulevard, Suite 1500
             Los Angeles, California 90017-2457
             Telephone: (213) 891-0700
             Facsimile: (213) 896-0400

**Exhibit 1**

| Case Name | Case No. | Action Filed | Presiding Judge | Claim At Issue |
|---|---|---|---|---|
| Brown v. Ameriquest Mortgage Co. | 05-4723 | 08/17/05 | Coar | TILA |
| Brown, *et al.* v. Ameriquest Mortgage Co. | 05-5111 | 09/06/05 | Kennelly | TILA |
| Buckner v. Ameriquest Mortgage Co. | 05-6808 | 12/01/05 | Gottschall | TILA |
| Doolittle, *et al.* v. Ameriquest Mortgage Co. | 05-5033 | 08/31/05 | Bucklo | TILA |
| Furgeson v. Ameriquest Mortgage Co. | 04-7627 | 11/23/04 | Manning | TILA |
| Holzmeister v. Ameriquest Mortgage Co. | 05-5911 | 10/13/05 | Norgle | TILA |
| Hubbard v. Ameriquest Mortgage Co. | 05-389 | 01/21/05 | Filip | TILA |
| Jimenez, *et al.* v. Ameriquest Mortgage Co. | 05-1009 | 02/18/05 | Moran | TILA |
| Jones v. Ameriquest Mortgage Co. | 05-432 | 01/25/05 | Coar | TILA |
| Key v. Ameriquest Mortgage Co. | 05-1077 | 02/23/05 | Andersen | TILA |
| Lemmons v. Ameriquest Mortgage Co. | 05-4709 | 08/16/05 | St. Eve | TILA |
| Luedtke, *et al.* v. Ameriquest Mortgage Co. | 05-4644 | 08/12/05 | Nordberg | TILA |
| Mayfield v. Town & Country Credit Corp. | 05-6158 | 10/25/05 | Pallmeyer | FCRA |
| Mills v. Ameriquest Mortgage Co. | 05-3976 | 07/08/05 | Leinenweber | TILA |
| Murray, *et al.* v. Ameriquest Mortgage Co. | 05-1218 | 03/01/05 | Andersen | FCRA |
| Payne v. Ameriquest Mortgage Co. | 05-5024 | 08/31/05 | Lindberg | TILA |
| Perry v. Ameriquest Mortgage Co. | 05-6172 | 10/26/05 | Moran | TILA |
| Pintsak, *et al.* v. Ameriquest Mortgage Co. | 05-5035 | 08/31/05 | Guzman | TILA |
| Polydoros, *et al.* v. Ameriquest Mortgage Co. | 05-6517 | 11/16/05 | Zagel | TILA |
| Salazar, *et al.* v. Ameriquest Mortgage Co. | 05-4162 | 07/19/05 | Guzman | TILA |
| Smith, *et al.* v. Ameriquest Mortgage Co. | 05-648 | 02/03/05 | Anderson | TILA |
| Talley, *et al.* v. Ameriquest Mortgage Co. | 05-1080 | 02/23/05 | Darrah | TILA |
| Treadwell, *et al.* v. Ameriquest Mortgage Co. | 05-1078 | 02/23/05 | Gettleman | TILA |
| Tremble v. Town & Country Credit Corp. | 05-2625 | 05/02/05 | Kennelly | FCRA |
| Washington, *et al.* v. Ameriquest Mortgage Co. | 05-1007 | 02/18/05 | Coar | TILA |

8

| Case Name | Case No. | Action Filed | Presiding Judge | Claim At Issue |
|---|---|---|---|---|
| **Wertepny,** *et al.* **v. Ameriquest Mortgage Co.** | **05-1402** | **03/09/05** | **Nordberg** | **TILA** |
| **Zarate v. Ameriquest Mortgage Co.** | **05-4696** | **08/16/05** | **Conlon** | **TILA** |