# Exhibit 13

**FILED**

J N    OCT 2 5 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROSE MAYFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **05C 6158** |
| v. | ) | |
| | ) | |
| TOWN & COUNTRY CREDIT | ) | MAGISTRATE JUDGE MASON |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Rose Mayfield brings this action to secure redress for a course of conduct that included the accessing of a consumer report on plaintiff without plaintiff's consent or any lawful reason, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1681p ("FCRA").

3.    Venue in this District is proper in that defendant does business in this District and in that the mailing that gave rise to the violations of law complained of was directed to and received by plaintiff in this District.

### PARTIES

4.    Plaintiff Rose Mayfield is an individual who resides in the Northern

1

District of Illinois.

5.      Defendant Town & Country Credit Corporation is a corporation with

offices at 505 City Parkway West, Suite 700, Orange, CA 92868. It does business in Illinois and

has offices at 10275 W. Higgins Road, Suite 220, Rosemont, IL 60018. Its registered agent and

office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

### FACTS

6.      During the fall of 2004, plaintiff Rose Mayfield received the documents

attached as Exhibit A via the United States mail.

7.      Exhibit A states: "Information contained in a prequalifying report received

from a credit reporting agency was used by us in connection with this offer of credit."

8.      On information and belief, the quoted statement is true.

9.      On information and belief, defendant engaged in or arranged for the

"prescreening" of consumers based on information in consumer reports held by a consumer

reporting agency.

10.      Based on the results of such "prescreening," defendant sent or caused to

be sent mailers in the form represented by Exhibit A to numerous consumers, including plaintiff.

11.      Exhibit A is an example of a printed form document.

12.      Exhibit A contains the trademarks and commercial symbols of Town &

Country Credit Corporation.

13.      On information and belief, defendant Town & Country Credit Corporation

approved and authorized the dissemination of material in the form represented by Exhibit A.

14.      The response telephone numbers, Internet address and mailing address on

2

Exhibit A are used by defendant Town & Country Credit Corporation.

15.     On information and belief, defendant Town & Country Credit Corporation obtained business as a result of the dissemination of mailers in the form represented by Exhibit A.

16.     On information and belief, more than 200 mailers in the form represented by Exhibit A were sent to residents of Illinois.

17.     On information and belief, defendant's "prescreening" was intended to identify persons who have poor credit or have recently obtained bankruptcy discharges, for the purpose of targeting them for subprime credit.

18.     Plaintiff Rose Mayfield had not authorized defendant to access or use plaintiff's consumer report.

19.     Defendant had no reason to believe that plaintiff Rose Mayfield had authorized defendant or its agents to access plaintiff's consumer report or use information therein.

20.     Plaintiff Rose Mayfield did not initiate any transaction with defendant.

21.     The FCRA, 15 U.S.C. §1681a(d), defines "consumer report" as follows:

**The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--**

**(A) credit or insurance to be used primarily for personal, family, or household purposes; . . .**

22.     The FCRA, 15 U.S.C. §1681a(f), defines "consumer reporting agency" as:

3

**[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.**

23.    The FCRA, 15 U.S.C. §1681b, provides it is permissible to obtain or use a consumer report on a consumer only with the written consent of the consumer or for certain "permissible purposes," such as the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer, or to make a "firm offer of credit."

24.    The requester must certify to the consumer reporting agency that a permissible purpose exists.

25.    As noted, one "permissible purpose" is to extend a firm offer of credit or insurance to the consumer, even where this has not been requested by the consumer.

26.    The sending of the material in Exhibit A does not constitute a permissible reason for anyone to access plaintiff's consumer report without plaintiff's consent.

27.    The sending of Exhibit A does not qualify as a "firm offer of credit" within the meaning of the FCRA, justifying the obtention of a consumer report on a consumer, and violates the disclosure requirements of the FCRA, in that:

a.    The purported offer is vague and totally lacking in terms. It has no value beyond a solicitation for loan business, the sending of which is not a permissible purpose for accessing a consumer report. Cole v. U. S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004).

b.    15 U.S.C. §1681m(d) requires that a "firm offer" must contain

4

certain disclosures in a "clear and conspicuous" manner – essentially, that the consumer has a

right to prevent further invasions of privacy of like nature, and how to exercise such right.

Section 1681m(d) provides:

> **(d) Duties of users making written credit or insurance solicitations on the basis of information contained in consumer files**
>
> > **(I) In general.–** Any person who uses a consumer report on any consumer in connection with any credit or insurance transaction that is not initiated by the consumer, that is provided to that person under section 1681b(c)(1)(B) of this title, shall provide with each written solicitation made to the consumer regarding the transaction a clear conspicuous statement that–
> >
> > > **(A)** information contained in the consumer's consumer report was used in connection with the transaction;
> > >
> > > **(B)** the consumer received the offer of credit or insurance because the consumer satisfied the criteria for credit worthiness or insurability under which the consumer was elected for the officer;
> > >
> > > **(C)** if applicable, the credit or insurance may not be extended if, after the consumer responds to the offer, the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria bearing on credit worthiness or insurability or does not furnish any required collateral;
> > >
> > > **(D)** the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency frombeing used in connection with any credit or insurance transaction that is not initiated by the consumer; and
> > >
> > > **(E)** the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section 1681b(e) of this title.
> >
> > **(2) Disclosure of address and telephone number. –** A statement under paragraph (1) shall include the address and toll-free telephone number of the appropriate notification system established under section 168Ib(e) of this title.

5

(3) Maintaining criteria on file.–A person who makes an offer to credit or insurance to a consumer under a credit or insurance transaction described in paragraph (I) shall maintain on file the criteria used to select the consumer to receive the offer, all criteria bearing on credit worthiness or insurability , as applicable, that are the basis for determining whether or not to extend credit or insurance pursuant to the offer, and any requirement for the furnishing of collateral as a condition of the extension of credit or insurance, until the expiration of the 3-year period beginning on the date which the offer is made to the consumer....

c.      The required statements are not clear and conspicuous as required.

They are on fine print on the back with no reference on the front.

## VIOLATION ALLEGED

28.     Defendant obtained or used, or caused to be obtained or used, the consumer report of plaintiff Rose Mayfield and every other person to whom Exhibit A was sent without their written permission or a "permissible purpose."

29.     The FCRA, 15 U.S.C. §1681n, provides:

§1681n.  Civil liability for willful noncompliance

(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–

(1)

(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;

6

> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

30.    The FCRA, 15 U.S.C. §1681p, provides:

**§1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USC §§1681 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15 USC §§1681 et seq.] to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title [15 USC §§1681 et seq.], the action may be brought at any time within two years after discovery by the individual of the misrepresentation.**

## CLASS ALLEGATIONS

31.    This claim is brought on behalf of a class, consisting of (a)  all persons with Illinois addresses (b) to whom defendant sent or caused to be sent material in the form represented by  Exhibit A (c) on or after a date two years prior to the filing of this action and (d) before December 1, 2004.

32.    According to Exhibit A, the consumer report of each such individual was accessed.

33.    The class is so  numerous that joinder of all members is impracticable.

34.    Exhibit A is a form document.

35.    There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  The predominant

7

common question is whether obtaining a consumer report for the purpose of transmission of the material in Exhibit A violates the FCRA.

36.    Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

37.    Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of similar claims.

38.    A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

        a.    Appropriate statutory damages;

        b.    Injunctive relief against further violations;

        c.    Attorney's fees, litigation expenses and costs of suit;

        d.    Such other or further relief as is appropriate.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor

Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

J case town-mayfield15 392 pleading\cmplt.wpd

9

# EXHIBIT A

**TOWN & COUNTRY CREDIT**

10275 W Higgins Rd Ste 220
Rosemont, IL  60018

Acceptance Form No.    **37488**

☑ **YES!  I want to take advantage of this special home loan offer with rates as low as 5.50% APR.**

## Loan Pre-Qualification Notification

Please call me at:

☐ (____) _____
home

☐ (____) _____
work

Rose Mayfield
1905 S Millard Ave
Chicago, IL  60623-2572

**Pre-Qualification Number:**
4200367

**Offer Expires:**
November 30, 2004

For faster service, reply online at **www.savings.tccloan.com** or call toll-free **888-307-0945.** Your Pre-Qualification Number is 4200367.

*Dante Royster*

**Authorized Signature**

---

Dear Rose Mayfield,

Congratulations!  You have been Pre-Qualified for a special home loan from Town & Country Credit -- one of the country's leading mortgage lenders.

All you have to do is call **888-307-0945** to find out more.  Or, if you prefer, go online to **www.savings.tccloan.com** and take the next step to financial freedom.

Because you have equity invested in your home, you are already Pre-Qualified to receive a loan from us and use the money any way you like!  **Currently our rates are as low as 5.50%** -- and that could mean a lot of savings for you.

One smart idea is to pay off high-interest debt, like credit cards or car loans.  You'll find that with a home loan from Town & Country Credit, you could have lower payments right away.  **You may be able to save hundreds of dollars . . . each and every month!**

Wouldn't it feel great to pay off all your bills next month?  You're Pre-Qualified, so it's easy to find out if you can!  Just go online to **www.savings.tccloan.com** or call **888-307-0945.**  Be sure to refer to your Pre-Qualification Number: 4200367.  If you prefer, you can fill out the Pre-Qualification Acceptance Form above and send it back to us in the postage-paid envelope I've enclosed.

We understand flexible financing is important to make your dreams come true.  So, again, congratulations on your Pre-Qualification.  I hope to hear from you soon.

Sincerely,

*Dante Royster*

Dante Royster
Branch Manager

P.S.    I forgot to mention that -- as you might expect -- your Pre-Qualification is valid only for a limited time. Please respond by November 30, 2004, to be sure you're still eligible for this special offer.



1134LFKL

list of information contained in a prequalifying report received from a credit reporting agency was used by us in connection with this offer of credit. You received this offer of credit because you appeared to satisfy credit criteria under which you were selected for the offer. Among other criteria to qualify for this offer, you must in fact have the credit qualifications on which this offer was based, and you must be the owner of residential real estate property. You may no longer qualify if, after you respond to this offer, we determine that you do not meet the criteria bearing on creditworthiness, or if you do not or cannot furnish any required collateral.

You have the right to prohibit information contained in your credit file from being used in connection with credit transactions not initiated by you. You may remove your name from marketing lists prepared by credit reporting agencies by calling or writing these agencies: TransUnion, Marketing Opt-Out, P.O. Box 97328, Jackson, MS 39288, (888) 5-OPT-OUT (888-567-8688); Equifax Options, P.O. Box 740123, Atlanta, GA 30374-0123, (888) 5-OPT-OUT (888-567-8688); and Experian Information Solutions, 901 West Bond, Lincoln, NE 68521, ATTN: Consumer Services Dept. (888) 5-OPT-OUT (888-567-8688)

You authorize us to obtain a consumer report from consumer reporting agencies in considering your continued eligibility and for the purpose of an update, renewal, extension of credit, review or collection of your account. Upon your request, we will inform you of the name and address of each consumer-reporting agency from which we obtained a consumer report relating to you. You must be 18 years or older. You must have owned the property a minimum of one year. We must be able to perfect a first mortgage lien on the property. You must continue to meet our credit guidelines. Your debt to income ratio cannot exceed 45% (some programs may allow higher limits). Your property must be used solely as a residence and not be situated in a remote location. Acceptable property types are Single Family, Condominium, Townhouse and two to four units. The property must be in good condition and meet our property standards. Any bankruptcy must be discharged prior to the last 12 months. The property cannot be in foreclosure. The loan to value ratio must not exceed 75% (some programs may allow for higher ratios). You must have adequate hazard insurance (and where applicable, Flood Insurance) which must name Town & Country Credit as loss payee as a condition of loan approval. Final loan approval is subject to a property appraisal, income verification and credit check.

The following documentation must be obtained:
1. Appraisal report  2. Title report  3. Credit report  4. Mortgage payment history

The following documentation may be required depending on the loan program:
1. Tax return and W-2s  2. Profit and loss statement  3. Payment stubs  4. Other proof of income

**Although your aggregate monthly debt payment may decrease, this loan may increase both your aggregate number of monthly debt payments and the aggregate amount paid by you over the term of the loan.**

| State | Disclaimers and/or Licenses |
|---|---|
| CA | Licensed by the Department of Corporations under the California Residential Mortgage Lending Act |
| IL | Illinois Residential Mortgage Licensee, License #5211(A) |
| MN | No further offer to enter an interest rate lock-in agreement under Minnesota law. |
| RI | Town & Country Credit Corporation holds a Lender License for Rhode Island. |
| MA | Mortgage Lender License Number  ML2418 |

## Privacy Policy

**Your Privacy Is Our Concern**
We recognize the importance of protecting your personal information. We collect and retain information about you to communicate with you, to process your requests for products and services and to inform you about other financial services that may be of interest to you. Except as explained here in our Privacy Policy, we do not sell nonpublic personal information about current or former customers, nor do we share this type of information with anyone other than our affiliates. The examples in this Privacy Policy are illustrative only and are not intended to be exclusive.

**Information We Collect**
We collect the following types of public and nonpublic personal information about you:
• Information obtained from you on applications and other forms, and from other sources used to process your request for one or more of our products or services (e.g. your name, address, Social Security number, employment history, income, credit balances, property insurance coverage and other representations made by you).
• Information arising from your transactions with us, our affiliates or others (e.g., your payment history, account balance and other transactional information).
• Information obtained from consumer credit reporting agencies (e.g., your credit history and creditworthiness).

**Who We Share Your Information With and Why**
Except as discussed herein, we will only share nonpublic personal information about you with nonaffiliated third parties as permitted by law or with your consent. We may disclose all of the information we collect, as described above, to companies that perform marketing services on our behalf or to other financial institutions with whom we have joint marketing arrangements.

**Sharing Information With Affiliates**
We may share information based on our transactions and experience with you — such as your name, address and payment history — with our affiliates. By sharing that information, we can better serve your financial needs and notify you of financial products and services that might interest you, such as insurance.

**Our Former Customers**
We treat information about our former customers in the same manner as we treat information about our current customers.

**Confidentiality and Security**
We restrict access to nonpublic personal information about you to only those employees who need to know that information to provide products or services to you. We maintain physical, electronic and procedural safeguards that comply with federal standards to guard your nonpublic personal information against unauthorized access or use. Maintaining the accuracy of your information is a shared responsibility. We maintain the integrity of the information you provide us and will update your records when you notify us of a change. Please contact us at the address or phone number listed below when information concerning you changes.

**Updates to Our Privacy Policy**
As long as you remain a customer, we will provide you with an annual notice of this policy. We will provide notice of any revised policy to current customers and those consumers whose nonpublic personal information we share as described above. We reserve the right to change this policy at any time.

**For Vermont Residents**
The information-sharing practices described above are in accordance with federal law. Vermont law places additional restrictions on sharing information about Vermont residents, so long as they remain Vermont residents. In accordance with Vermont law:
• We will not share consumer credit reports with our affiliates without your consent, and
• We will only disclose your name, contact information and our own transaction and experience information to other financial institutions with which we have joint-marketing arrangements.
Otherwise, we will share information in accordance with all of the practices described above.

This Privacy Policy applies to:
Town & Country Credit Corporation
2010 Main Street, Suite 800
Irvine, CA 92614 (888) 746-8222