**Exhibit 14**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELOIS MILLS, | ) |
| | ) |
| Plaintiff, | ) Judge Leinenweber |
| | ) |
| v. | ) |
| | ) 05 C 3976 |
| AMERIQUEST MORTGAGE COMPANY; | ) |
| AMC MORTGAGE SERVICES, INC.; | ) |
| DEUTSCHE BANK NATIONAL TRUST | ) Magistrate Judge Ashman |
| COMPANY; and JOHN DOES 1-10, | ) |
| | ) **JURY DEMANDED** |
| Defendants. | ) |

## AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiff Delois Mills brings this action against a "subprime" mortgage lender to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendant does business in the District and is deemed to reside here.

### PARTIES

3. Plaintiff owns and resides in a home at 12449 S. Elizabeth, Calumet Park, IL 60827.

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office

1

are National Registered Agents, 200 W. Adams, Chicago, IL 60606. It is engaged in the business of originating "subprime" mortgages and makes more than 26 loans per year.

5. Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

6. Defendant Deutsche Bank National Trust ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does business in Illinois. In part, it is engaged in the business of buying sub-prime loans mortgaged by residential properties located in Illinois.

7. Defendants John Does 1-10 are other entities or persons who have or claim an interest in plaintiff's loan, now or in the future.

## FACTS RELATING TO PLAINTIFF

8. On or about July 23, 2002, plaintiff and her now-deceased husband obtained a mortgage loan from Ameriquest.

9. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

10. In connection with the loan, defendant Ameriquest failed to provide all notices and proper disclosures required by TILA.

11. Ameriquest did not provide any federal notices of the right to cancel to plaintiff at her closing or anytime thereafter. They were simply omitted from the closing documents that were provided to plaintiff, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23(b).

12. In addition, Ameriquest did not provide plaintiff with full disclosure of the

2

payment schedule on the Truth In Lending Disclosure Statement, as required by 15 U.S.C. §1638(a)(6), 12 C.F.R. §226.18(g) and FRB Commentary on Regulation Z, par. 18(g)4, 12 C.F.R. part 226, Supp. I.

13.  Plaintiff has since been instructed to pay AMC. AMC claims the right to payments and possibly other rights under the loan.

14.  On information and belief, ownership of plaintiff's loan has been assigned to Deutsche Bank, which is the loan's present holder.

### RIGHT TO RESCIND

15.  Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.**[fn]47
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,**[fn]48 **whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's**

3

interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

16.   Plaintiff is entitled to rescind against "any assignee." 15 U.S.C. § 1641(c).

17.   Plaintiff has given proper notice of her rescission of the loan.

18.   The loan has not been rescinded.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

4

      a.    A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendant;

      b.    Statutory damages for the underlying disclosure violation;

      c.    If appropriate, statutory damages for failure to rescind;

      d.    Attorney's fees, litigation expenses and costs.

      e.    Such other or further relief as the Court deems appropriate.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

i:\case\ameriquest-mills14.893\pleading\cmplt.wpd

5

# CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on February 10, 2006 a copy of the **Amended Complaint** was filed electronically. Notice of this filing will be sent to the following parties by operation for the Court's electronic filing system. Parties may access this filing through the Court's system.

Craig Allen Varga
cvarga@vblhc.com


Jaime S. Roginski-Kord
jroginskikord@vblhc.com


Jonathan N. Ledsky
jledsky@vblhc.com

s/Daniel A. Edelman
Daniel A. Edelman
