**Exhibit 27**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DeC 16, 2005

| | | |
|---|---|---|
| RAMON ZARATE, | ) | |
| | ) | 4696 |
| Plaintiff, | ) | 05 C ~~4696~~ |
| | ) | |
| v. | ) | |
| | ) | Judge Conlon |
| AMERIQUEST MORTGAGE COMPANY, | ) | |
| AMC MORTGAGE SERVICES, INC., and | ) | Magistrate Judge Keys |
| DEUTSCHE BANK NATIONAL TRUST AND | ) | |
| COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

### INTRODUCTION

1.      Plaintiff Ramon Zarate brings this action against a "subprime" mortgage

lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C.

§1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general

federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA).  Defendants transact

business in the District and are deemed to reside here.

### PARTIES

3.      Plaintiff Ramon Zarate owns and resides in a home at 4405 S. St. Louis,

Chicago, IL  60632.

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which

1

maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

5.    Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

6.    Defendant Ameriquest Mortgage Company makes more than 26 loans per year and is a "creditor" as defined in TILA.

7.    Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered agents, 200 W. Adams, Chicago, IL 60606.

8.    Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party only.

9.    Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does business in Illinois. It is engaged in the business of buying "subprime" mortgage loans on Illinois properties.

### FACTS RELATING TO PLAINTIFF

10.    Prior to Sept. 19, 2002, plaintiff applied for a mortgage with Ameriquest Mortgage Company.

11.    Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt for such purposes.

12.    The loan was closed on Sept. 19, 2002.

13.    Plaintiff signed or received the following documents relating to the loan,

2

among others:

a.     A Truth in Lending disclosure statement, <u>Exhibit A</u>.

b.     A notice of right to cancel, <u>Exhibit B</u>. The blanks were not filled in.

14.     Plaintiff was later directed to make payments to AMC Mortgage Services, Inc.

15.     On information and belief, Deutsche Bank owns plaintiff's loan.

### RIGHT TO RESCIND

16.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Section 226.23 provides:

**(a) <u>Consumer's right to rescind.</u>**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject tot he security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of the material disclosures, [fn] 48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the Rescission period shall be extended in accordance with section 125(f) Of the Act. [15 U.S.C. § 16359(f)]**

(4) **When more than one consumer in a transaction has the right to rescind, the exercise of the right by on consumer shall be effective as to all consumers.**

(b) <u>Notice of right to rescind.</u> **In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

(1) **The retention or acquisition of a security interest in the consumer's principal dwelling.**

(2) **The consumer's right to rescind the transaction.**

(3) **How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

(4) **The effects of rescission, as described in paragraph (d) of this section.**

(5) **The date the rescission period expires. . . .**

(f) <u>Exempt transactions.</u> **The right to rescind does not apply to the following:**

(1) **A residential mortgage transaction [defined in 15 U.S.C. § 16029(w) As one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

(2) **A credit plan in which a state agency is a creditor.**

## <u>GROUND FOR RESCISSION</u>

17.    In connection with the loan, Ameriquest Mortgage Company failed to provide the required financial disclosures and disclosures of the plaintiff's right to cancel within three days.

18. Notice of rescission has been given to defendants.  A copy is attached as <u>Exhibt C.</u>

19. The loan has not been rescinded.

20.    Under 15 U.S.C. § 1641©), the right to rescind may be exercised against any assignee.

21.    15 U.S.C. § 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

a.    A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendants.

b.    Statutory damages for the underlying disclosure violation;

c.    If appropriate, statutory damages for failure to rescind;

d.    Attorney's fees, litigation expenses and costs;

e.    Such other or further relief as the Court deems appropriate.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC

5

120 S. LaSalle Street, 18th floor
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

6

# EXHIBIT A

# TRUTH-IN-LENDING DISCLOSURE STATEMENT
## (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Preliminary ☐    Final ☒

LENDER: Ameriquest Mortgage Company
2550 Golf Road, East Tower Floor #10
Rolling Meadows, IL 60008
(847)640-0116

Borrowers: RAMON ZARATE

Type of Loan:  ADJUSTABLE RATE
Date:  September 19, 2002

Address:     4405 S ST LOUIS
City/State/Zip:  CHICAGO, IL 60632

Loan Number:  0038877080 - 9701

Property:     4405 S ST LOUIS, CHICAGO, IL  60632

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all payments as scheduled |
|---|---|---|---|
| 8.329 % | $ 238,217.39 | $ 136,219.71 | $ 374,437.10 |

YOUR PAYMENT SCHEDULE WILL BE:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 24 | $970.64 | 11/01/2002 | | | |
| 335 | $1,045.08 | 11/01/2004 | | | |
| 1 | $1,039.94 | 10/01/2032 | | | |

VARIABLE RATE FEATURE:
☒  Your loan has a variable rate feature . Disclosures about the variable rate feature have been provided to you earlier.

SECURITY:    You are giving a security interest in the property located at: 4405 S ST LOUIS, CHICAGO, IL  60632

ASSUMPTION:  Someone buying this property  ☒  cannot assume the remaining balance due under original terms.
☐  may assume, subject to lender's conditions, the remaining balance due under original terms.

PROPERTY INSURANCE:    You may obtain property insurance from anyone you want that is acceptable to
Ameriquest Mortgage Company

LATE CHARGES:    If a payment is late, you will be charged  6.000%  of the overdue payment .

PREPAYMENT:  If you pay off your loan early, you
☒  may  ☐  will not  have to pay a penalty
See your contract documents for any additional information regarding non-payment, default, required repayment in full before the scheduled

# EXHIBIT B

# NOTICE OF RIGHT TO CANCEL

LENDER: Ameriquest Mortgage Company

DATE: September 19, 2002
LOAN NO.: 0038877080 - 9701
TYPE: ADJUSTABLE RATE

BORROWER(S): RAMON ZARATE

ADDRESS: 4405 S ST LOUIS
CITY/STATE/ZIP: CHICAGO,IL 60632

PROPERTY: 4405 S ST LOUIS
CHICAGO, IL 60632

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is [ENTER DOCUMENT SIGNING DATE] ; or

2. The date you received your Truth in Lending disclosures; or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

## HOW TO CANCEL
If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1100 Town and Country Rd, Suite 900**
**Orange, CA 92868**

ATTN: FUNDING
PHONE: (888)311-4721
FAX: (714)347-1575

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must
send the notice no later than MIDNIGHT of

[ENTER FINAL DATE TO CANCEL]

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____          _____
SIGNATURE                                                      DATE

---

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the

# NOTICE OF RIGHT TO CANCEL

LENDER:   Ameriquest Mortgage Company

DATE:   September 19, 2002
LOAN NO.:   0038877080 - 9701
TYPE:   ADJUSTABLE RATE

BORROWER(S): RAMON ZARATE

ADDRESS:       4405 S ST LOUIS
CITY/STATE/ZIP:   CHICAGO, IL 60632

PROPERTY:   4405 S ST LOUIS
CHICAGO,  IL  60632

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1.   The date of the transaction, which is ENTER DOCUMENT SIGNING DATE ; or

2.   The date you received your Truth in Lending disclosures; or
3.   The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL
If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1100 Town and Country Rd, Suite 900**
**Orange, CA 92868**

ATTN:  **FUNDING**
PHONE: **(888)311-4721**
FAX:     **(714)347-1575**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of    ENTER FINAL DATE TO CANCEL

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
I WISH TO CANCEL

_____                    _____
SIGNATURE                                                               DATE

the ander indep receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the

# NOTICE OF RIGHT TO CANCEL

LENDER:   Ameriquest Mortgage Company

DATE:   September 19, 2002
LOAN NO.:   0038877080 - 9701
TYPE:   ADJUSTABLE RATE

BORROWER(S): RAMON ZARATE

ADDRESS:        4405 S ST LOUIS
CITY/STATE/ZIP:   CHICAGO, IL 60632

PROPERTY:   4405 S ST LOUIS
                  CHICAGO, IL  60632

      You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1.  The date of the transaction, which is | ENTER DOCUMENT SIGNING DATE | ; or
_____

2.    The date you received your Truth in Lending disclosures; or
3.    The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Ameriquest Mortgage Company
1100 Town and Country Rd, Suite 900
Orange, CA 92868

ATTN:  FUNDING
PHONE: (888)311-4721
FAX:     (714)347-1575

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of | ENTER FINAL DATE TO CANCEL |
_____

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
I WISH TO CANCEL

_____            _____
SIGNATURE                                              DATE

---

der receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the

# EXHIBIT C

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
## 120 S. LaSalle Street, 18th floor
### Chicago, Illinois  60603-3403
### (312) 739-4200
### (800) 644-4673
### (312) 419-0379 (FAX)
### Email:  edcombs@aol.com
### www.edcombs.com

Aug. 11, 2005

BY CERTIFIED MAIL

Ameriquest Mortgage Corporation
c/o registered agent
National Registered Agents
200 W. Adams
Chicago, IL 60606

AMC  Mortgage Services, Inc.
c/o registered agent
National Registered Agents
200 W. Adams
Chicago, IL 60606

Ameriquest Mortgage Securities, Inc.
1100 Town & Country Road, Suite 1100
Orange, CA 92868

Re:    Notice of rescission, claim and lien, Ramon Zarate, 4405 S. St. Louis,
Chicago, IL  60632,  loan of Sept. 19, 2002

Ladies/ Gentlemen:

Each of the above clients hereby give notice that they rescind the above loan for noncompliance with the Truth in Lending Act.

Please be further advised that we have been retained by the above clients to file suit against you and that we claim a lien upon said recovery for 1/3 or such amount as a court awards.

If you claim that the owner of the loan is other than Ameriquest Mortgage Company or Ameriquest Mortgage Securities, Inc., please identify the owner pursuant to 15 U.S.C. §1641(d).

Finally, please provide an account history so that we may compute the appropriate amount to be tendered.

Sincerely,

Daniel A. Edelman

cc: clients

I, Daniel A. Edelman, under penalty of perjury, as provided for by 28 U.S.C. §1746, certify that I had a copy of the foregoing document sent to the addressees on Aug. 11, 2005.

_____

Daniel A. Edelman

# APPENDIX B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAMON ZARATE,                                    )
                                                 )
        Plaintiff,                               )
                                                 )
        v.                                       )        No. 05 C 4691
                                                 )
AMERIQUEST MORTGAGE COMPANY,                     )        Judge Conlon
AMERIQUEST MORTGAGE SECURITIES, INC.,            )
and AMC MORTGAGE SERVICES,                       )
                                                 )
        Defendants.                              )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Defendants, Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

("Defendants") through their attorneys, respond to Plaintiff's first set of interrogatories as follows:

### General Objections

Defendants object to the interrogatories to the extent that they purport to seek information

for the time period January 1, 2002, to the present, in that the time period is overly broad and seeks

information which is neither relevant to the subject matter of this action, nor reasonably calculated

to lead to the discovery of admissible evidence.

### Interrogatories

1.      State the name, address, title and job description of each officer, director and
employee of defendant involved in gathering and providing information responsive to plaintiff's first
discovery requests.

RESPONSE:        Defendants further object to this interrogatory as overly broad,

unduly burdensome, seeking information which is neither relevant to the subject matter of this

action, nor calculated to lead to the discovery of admissible, and protected by the work product

privilege.  Subject to and without waiving their objections, Defendants state that Leonila Cosper

gathered information.

2. List and identify all documents consulted in the research and preparation of defendant's responses to plaintiff's first discovery requests.

**RESPONSE:** Defendants further object to this interrogatory as overly broad, unduly burdensome, seeking information which is neither relevant to the subject matter of this action, nor calculated to lead to the discovery of admissible, and protected by the work product privilege.

3. Identify and describe all locations searched for documents in response to plaintiff's document requests (see below).

**RESPONSE:** Defendants further object to this interrogatory as overly broad, unduly burdensome, seeking information which is neither relevant to the subject matter of this action, nor calculated to lead to the discovery of admissible, and protected by the work product privilege.

4. State and explain the precise, corporate and legal relationship among the three defendants, including the information required by Local Rule 3.2.

**RESPONSE:** Defendants further object to this interrogatory as harassing, in that the interrogatory duplicates the allegations of Plaintiff's complaint to which Defendants have already filed answers. Subject to and without waiving their objections, Defendants state that Ameriquest Mortgage Company and AMC Mortgage Services, Inc. are sister companies and that Ameriquest Mortgage Securities, Inc. is a subsidiary of Ameriquest Mortgage Company.

5. State the name, address, title and job description of each officer, director and employee of defendant who authorized, approved the use of, or was aware of the general form (apart from information indicated for plaintiff's particular loan) of the TILA Disclosure Statement used in Exhibit A and the date such person(s) first authorized, approved the use of, or was aware of the general form used in Exhibit A.

**RESPONSE:** Defendants further object to this interrogatory as vague, overly broad, unduly burdensome, and seeking information which is neither relevant to the subject matter of this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without

2

waiving their objections, Defendants state that Richard Gillhouse, as compliance manager in

September 2002, would have had the responsibility for the Truth in Lending disclosure statement.

6. State the name, address, title, and job description of each officer, director, and employee of defendant who was involved with the making, origination, approval, authorization, closing and settlement of plaintiff's loan.

RESPONSE: Defendants further object to this interrogatory as vague, overly

broad, unduly burdensome, and seeking information which is neither relevant to the subject matter

of this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without

waiving their objections, Defendants state that, pursuant to Rule 33(d) of the Federal Rules of Civil

Procedure, Defendants will produce the loan file of Plaintiff, which identifies the persons who dealt

with Plaintiff's loan.

7. Based on defendants' files for plaintiff's loan and other information within defendants' possession, identify the name of the company and the natural person(s) who closed/obtained plaintiff's signature on the closing documents.

RESPONSE: Defendants further object to this interrogatory as vague, overly

broad, unduly burdensome, and seeking information which is neither relevant to the subject matter

of this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without

waiving their objections, Defendants state that, pursuant to Rule 33(d) of the Federal Rules of Civil

Procedure, Defendants will produce the loan file of Plaintiff, which identifies the person or persons

who conducted the closing of Plaintiff's loan. Defendants further state that Ameriquest Mortgage

Company retained Chicago Title Insurance Company to conduct the loan closing.

8. Based on defendants' files for plaintiff's loan and other information within defendants' possession, identify each person present at closing, whether or not an employee of defendant.

RESPONSE: Defendants further object to this interrogatory as vague, overly

broad, unduly burdensome, and seeking information which is neither relevant to the subject matter

of this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without

waiving their objections, Defendants state that, pursuant to Rule 33(d) of the Federal Rules of Civil

Procedure, Defendants will produce the loan file of Plaintiff, which identifies the person or persons

present at the closing of Plaintiff's loan. Defendants further state that Ameriquest Mortgage

Company retained Chicago Title Insurance Company to conduct the loan closing.

     9.    Identify and describe any and all procedures that defendant maintains that are
intended or adapted to avoid the provision of incomplete notices of right to cancel being delivered
to borrowers, such as plaintiff alleges occurred with Exhibit B.

**RESPONSE:**    Defendants further object to this interrogatory as argumentative and

assuming a fact which is in dispute (that the notice of right to cancel received and signed by Plaintiff

failed to comply with the requirements of the Truth in Lending Act). Defendants further object to

this interrogatory as vague, overly broad, unduly burdensome, and seeking information which is

neither relevant to the subject matter of this action, nor calculated to lead to the discovery of

admissible evidence.

     10.    State whether and which defendant(s) owns all legal and beneficial interests in
plaintiff's loan, including rights to servicing. If not, identify each other person or entity who owns
or claims to own any interest in plaintiff's loan and describe their interest(s).

**RESPONSE:**    Defendants state that Deutsche Bank National Trust Company is the

present holder of Plaintiff's loan and that AMC Mortgage Services, Inc. is the present servicer of

Plaintiff's loan.

     11.    State whether defendant plans to raise a bona fide error defense to plaintiff's
allegation that the payment schedule was not fully disclosed on Exhibit A. If so, explain in detail the
(A) factual and (B) the legal bases (including all authorities) for your claim of bona fide error.

**RESPONSE:**    Defendants further object to this interrogatory as argumentative and

assuming a fact which is not true (that the Truth in Lending disclosure statement that Plaintiff

received and signed failed to comply with the requirements of the Truth in Lending Act).

Defendants further object to this interrogatory as vague, overly broad, unduly burdensome, seeking

information which is neither relevant to the subject matter of this action, nor calculated to lead to

the discovery of admissible evidence, and seeking information protected by the work product

doctrine.

12.    Identify and describe any and all procedures, if any exists, that defendant maintains that are intended or adapted to avoid less than full disclosure of the payment schedule, such as occurred with Exhibit A.

RESPONSE:    Defendants further object to this interrogatory as argumentative and

assuming a fact which is not true (that the Truth in Lending disclosure statement that Plaintiff

received and signed failed to comply with the requirements of the Truth in Lending Act).

Defendants further object to this interrogatory as vague, overly broad, unduly burdensome, and

seeking information which is neither relevant to the subject matter of this action, nor calculated to

lead to the discovery of admissible evidence.

13.    Describe all document destruction and retention policies of the defendant.

RESPONSE:    Defendants further object to this interrogatory as vague, overly

broad, unduly burdensome, and seeking information which is neither relevant to the subject matter

of this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without

waiving their objections, Defendants state that, pursuant to Rule 33(d) of the Federal Rules of Civil

Procedure, and with the appropriate protective order, Defendants will produce their document

retention and destruction policies.

14.    If your response to any of the requests for admissions is anything other than an unqualified admission, please explain all factual and legal bases for your response(s).

RESPONSE:    Defendants further object to this interrogatory as improper under the

obligations of the applicable Rules of the Federal Rules of Civil Procedure.

15.    With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state:  (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

5

RESPONSE:        Defendants state that, at this time, they have not hired an expert.

Dated:  November 30, 2005                AMERIQUEST MORTGAGE COMPANY
                                        and AMC MORTGAGE SERVICES, INC.,
                                        Defendants


                                        _____
                                        One of their Attorneys

Craig A. Varga
Jonathan N. Ledsky
Jaime S. Roginski-Kord
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue
Suite 350
Chicago, Illinois  60604
(312) 341-9400
(312) 341-2900 (facsimile)

6

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the

foregoing **Defendants' Response to Plaintiff's First Set of Interrogatories** was served upon:

Albert F. Hofeld
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street
18th Floor
Chicago, IL 60603
(312) 419-0379

by facsimile transmission to the number noted above and by placing same in the United States mail

chute located at 224 South Michigan Avenue, Chicago, Illinois 60604, properly addressed and

postage fully prepaid, this 30th day of November, 2005, on or before the hour of 5:00 p.m

_____
Jonathan N. Ledsky

7

11/30/2005 16:05 FAX  312 341 3499      VBLHC                              ☑001

```
                        ********************
                    ***   TX REPORT   ***
                        ********************


        TRANSMISSION OK

        TX/RX NO            1704
        RECIPIENT ADDRESS   4190379
        DESTINATION ID      EDELMAN
        ST  TIME            11/30  16:04
        TIME USE            00'59
        PAGES SENT            8
        RESULT              OK
```

# VARGA BERGER LEDSKY HAYES & CASEY

**A Professional Corporation**

## ATTORNEYS AT LAW

SANTA FE BUILDING
224 SOUTH MICHIGAN AVENUE
SUITE 350
CHICAGO, ILLINOIS 60604-2507
TELEPHONE: (312) 341-9400
TELECOPIER: (312) 341-2900

WRITER'S DIRECT DIAL
(312) 341-9840

## FACSIMILE TRANSMITTAL SHEET

| Name: Al Hofeld | Date: November 30, 2005 |
|---|---|
| Company: Edelman, Combs, Latturner & Goodwin, LLC | From: Jonathan N. Ledsky |
| Phone No.: (312) 917-4515 | Client/Matter No.: |
| Facsimile No.:   (312) 419-0379 | |

We are transmitting a total of __8__ pages, including this sheet. If you do not receive all of the pages, please call (312) 341-9400.

| MESSAGE: |
|---|
| |

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for