IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br>_____<br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR
AMENDED MOTION FOR REASSIGNMENT OF RELATED CASES**[1]

**I.     INTRODUCTION**

In addition to those Related Cases identified in the Original Motion, Defendants also seek reassignment of the following Related Cases pursuant to Northern District of Illinois Local Rule 40.4(c):

1. *Abercrombie v. Argent Mortgage Company, et al.*, Case No. 05C 1687 (J. Filip);

2. *Castella Williams Harris v. Ameriquest Mortgage Company, et al.*, Case No. 05C 4025 (J. Der-Yeghiayan); and

3. *Tammerello v. Ameriquest Mortgage Company, et al.*, Case No. 04L 14268 (J. Coar).[2]

As with the other Related Cases, Defendants have identified *Abercrombie*, *Williams Harris* and *Tammerello* as potential "tag-along" actions in this MDL Proceeding. [Supplemental Declaration of Bernard E. LeSage ("Supp. LeSage Decl."), ¶ 4, Ex. 1.] Because these actions are pending in this District, the MDL Panel will leave it to the courts in this District to decide

---

[1] Defendants hereby incorporate by reference the entirety of their original Motion for Reassignment of Related Cases ("Motion") and all supporting papers in filed in support thereof, including their Memorandum in Support of Their Motion for Reassignment of Related Cases ("Memorandum"). Unless otherwise noted, all capitalized terms used herein shall have the meaning ascribed to them in Defendants' Memorandum.

[2] A copy of the operative complaints in *Abercrombie*, *Williams Harris* and *Tammerello* are contained in Defendants' Supplemental Appendix in Support of Amended Motion filed concurrently herewith.

whether they should be reassigned to this Court for coordinated or consolidated pretrial proceedings. [*Id.*, ¶ 5.]

For the reasons set forth in the Motion and below, reassignment of *Abercrombie*, *Williams Harris* and *Tammerello* to this Court pursuant to Local Rule 40.4(c) is proper. Accordingly, Defendants respectfully request that the Court grant the Motion, as amended hereby, in its entirety.

## II.     ARGUMENT

**A.     *Abercrombie*, *Williams Harris* and *Tammerello* Are "Related" To Actions In This MDL Proceeding Under Local Rule 40.4(a).**

Local Rule 40.4(a) provides that cases are "related" if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law, (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same. Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related." *Fairbanks Capital Corp. v. Jenkins*, No. 02-C-3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002). Rather it is enough that the two cases "involve *some* of the same issues of fact or law." *Lawrence E. Jaffe Pension Plan v. Household Int'l.*, Inc., No. 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003) (emphasis in original).

Here, *Abercrombie*, *Williams Harris* and *Tammerello* involve the same issues of fact and law as certain actions in this MDL Proceeding. As detailed in the Memorandum, plaintiffs in actions in the MDL Proceeding allege that certain Defendants violated TILA by failing to provide borrowers with proper notice of their rescission rights. [*See*, *e.g.*, *Knox* First Amended Class Action Complaint, ¶ 143; *Cheryl Williams* Class Action Complaint, ¶ 71; *Latonya Williams* First Amended Class Action Complaint, ¶ 178.] Plaintiffs in *Abercrombie* and *Williams Harris* similarly assert claims that certain Defendants violated TILA by failing to provide borrowers with proper notice of their rescission rights. [*See* Supp. App., Exs. 1 and 2.]

Furthermore, plaintiffs in actions in the MDL Proceeding allege that certain Defendants violated TILA by failing to provide required disclosures thereunder and engaging in so-called "bait-and-switch" tactics with respect to residential mortgage loan transactions. [*See*, *e.g.*, *Knox* First Amended Complaint, ¶¶ 27(c) and 141-148; *Cheryl Williams* Class Action Complaint, ¶¶ 20-23 and 69-73; and *Tonya Sumner Brown, et al. v. Ameriquest Capital Corporation, et al.*,

Case No. SACV05-285 AHS (RNBx) (C.D. Cal.), First Amended Complaint, ¶¶ 4 and 57-60.][3] Plaintiff in *Tammerello* advances wholly similar allegations. [*See Tammerello* Complaint, ¶¶ 6-25 and 85-86.] Accordingly, *Abercrombie*, *Williams Harris* and *Tammerello* are "related" to actions in this MDL Proceeding under Local Rule 40.4(a).

**B.  All Of The Conditions For Reassignment Of *Abercrombie*, *Williams Harris* And *Tammerello* Under Local Rule 40.4(b) Are Met Here.**

Once the cases have been found to be related, Local Rule 40.4(b) imposes four additional conditions that must be satisfied before a case may be reassigned: (1) both cases must be pending in the Northern District of Illinois; (2) reassignment must result in a substantial saving of judicial time and effort; (3) the earlier case must not have progressed to the point where designating the cases as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases must be susceptible of disposition in a single proceeding. All of the conditions for reassignment of *Abercrombie*, *Williams Harris* and *Tammerello* under Local Rule 40.4(b) are satisfied here.

**First**, all of the actions at issue are pending before courts in this District. **Second**, reassignment of *Abercrombie*, *Williams Harris* and *Tammerello* to this Court will result in a substantial saving of judicial time and effort as, among other things, it will allow one judge to decide whether Defendants violated the same law (TILA) based on essentially the same alleged conduct (failing to provide required disclosures thereunder and/or engaging in so-called "bait-and-switch" tactics). This will avoid the risk of inconsistent rulings and multiple appeals, should several judges rule on these issues. **Third**, neither *Abercrombie*, *Williams Harris* nor *Tammerello* has progressed to the point where transferring it to this Court would be likely to delay the proceedings therein substantially. **Fourth**, *Abercrombie*, *Williams Harris*, *Tammerello* and certain actions in the MDL Proceeding are susceptible to disposition in a single proceeding because they assert common legal claims. Accordingly, Defendants respectfully request that this Court grant the instant Motion, as amended hereby, in its entirety.

---

[3] The MDL Panel recently transferred *Brown* to this Court. [*See* Supplemental Request for Judicial Notice in Support of Amended Motion for Reassignment of Related Cases, Ex. 1; Supp. LeSage Decl., ¶ 3.]

### III. CONCLUSION

For the reasons set forth herein and in the Motion, Ameriquest respectfully requests that the Court grant the Motion, as amended hereby, in its entirety.

DATED: March 23, 2006

Respectfully submitted,

BUCHALTER NEMER
A Professional Corporation


By: /s/ Bernard E. LeSage
*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation, Argent Mortgage Company and Town and Country Credit Corporation*

Bernard E. LeSage (California Bar No. 61870)
Sarah K. Andrus (California Bar No. 174323)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400