Exhibit 2

FILED
JAN 1 8 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES JEWELL and JENNIFER JEWELL, on behalf of themselves and and those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERIQUEST MORTGAGE COMPANY, <br><br> Defendant. | 06C 0269 <br><br> JUDGE FILIP <br><br> JURY TRIAL DEMAND <br><br> MAGISTRATE JUDGE GERALDINE SOAT BROWN |

## COMPLAINT

### INTRODUCTION

1.) Ameriquest Mortgage Company uses form documents that misrepresent Truth in Lending Act rescission rights in violation of 15 U.S.C. § 1635. Plaintiffs and those similarly situated are entitled to statutory damages pursuant to 15 U.S.C. § 1640.

### JURISDICTION AND VENUE

2.) This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim arises under federal law.

3.) Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendant does business in this district.

### PARTIES

4.) Defendant Ameriquest Mortgage Company is a leading sub-prime mortgage lender. The company's main offices are in Orange, California, but it does business throughout the nation.

5.) Plaintiffs James and Jennifer Jewell are residents of Springfield, Ohio.

## BACKGROUND

6.)     In June 2005, plaintiffs borrowed $69,105 from Ameriquest Mortgage Company to refinance the mortgage on their home. The interest rate on the loan began at 10.1% and may go as high as 16.1%. Mr. and Mrs. Jewell were also assessed settlement charges of $4,811.52, almost 8% of the amount financed.

7.)     In connection with the transaction, Ameriquest provided plaintiffs with rescission disclosures that did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

8.)     In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

9.)     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

2

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

10.) To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

11.) Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to the borrower "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

12.) More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.

3

    (iii)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

    (iv)    The effects of rescission, as described in paragraph (d) of this section.

    (v)    The date the rescission period expires.

12 C.F.R. § 226.23(b)(1).

    13.)    Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

12 C.F.R. § 226.23(d)(1).

    14.)    Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

    15.)    The Federal Reserve Board's commentary of paragraph 23(d)(2) explains that the words "any money or property" would include an appraisal fee. The commentary provides:

> The consumer cannot be required to pay any amount in the form of money or property either to the creditor or to a third party as part of the credit transaction. Any amounts of this nature already paid by the consumer must be refunded. "Any amount" includes finance charges already accrued, as well as other charges, such as broker fees, application and commitment fees, or fees for a title search or appraisal, whether paid to the creditor, paid directly to a third party, or passed on from the creditor to the third party. It is irrelevant that these amounts may not represent profit to the creditor.

12 C.F.R. Part 226 Supplement I.

4

## DEFECTIVE JEWELL DISCLOSURES

16.)  The disclosures provided to Mr. and Mrs. Jewell did not comply with these rules. The Notice of Right to Cancel forms provided to plaintiffs did not set forth the date the rescission period expired, a violation of 12 C.F.R. § 226.23(b)(1)(v). The forms listed Mr. Jewell as the only borrower, even though Mrs. Jewell was also on the mortgage, a violation of Mrs. Jewell's rights under 12 C.F.R. § 226.23(b)(1)(ii).

17.)  Ameriquest also provided plaintiffs with a form document, entitled **APPLICATION DISCLOSURE**, a copy of which is attached hereto as Exhibit A. The **APPLICATION DISCLOSURE** states that plaintiffs were being assessed a $200 Appraisal/Property Valuation Fee Deposit, which "is refundable only if the loan is denied or withdrawn prior to the Lender ordering the appraisal/property valuation." Exhibit A.

18.)  Because the appraisal had been ordered prior to the closing, this means that if plaintiffs tried to exercise their right to rescind pursuant to TILA, they would have owed Ameriquest $200 for the appraisal.

19.)  The **APPLICATION DISCLOSURE** is inconsistent with plaintiffs' right to rescind the transaction and get back "any money or property that has been given to anyone in connection with the transaction" 12 C.F.R. § 226.23(d)(2). As noted above, the Federal Reserve Board's commentary of paragraph 23(d)(2) explains that the words "any money or property" would include an appraisal fee.

20.)  By representing the appraisal fee was nonrefundable if plaintiffs tried to cancel the transaction, Ameriquest misrepresented plaintiffs' rescission rights, thereby making the rescission notice defective under 12 C.F.R. § 226.23(b)(1)(iv). Ameriquest thereby violated 15 U.S.C. § 1635.

21.)  One remedy for disclosure violations of 15 U.S.C. § 1635 is statutory damages pursuant to 15 U.S.C. § 1640. A plaintiff in a TILA case need not prove that he or she suffered actual monetary damages in order to recover statutory damages. Nor is it necessary to show that the consumer was actually misled or deceived. The Truth in

Lending Act allows a monetary recovery even if the disclosure violation caused the borrower no harm.

22.) In an individual mortgage case, statutory damages are twice the finance charge, provided however that the damages may not be less than $200 nor more than $2,000. In a class action, TILA provides that statutory damages are to be "such as the court may allow," with no minimum applicable to each class member and a total cap of either $500,000 or 1 percent of the creditor's net worth, whichever is lower.

## CLASS ACTION ALLEGATIONS

23.) Plaintiffs' situation is typical. Upon information and belief, thousands of Ameriquest mortgage refinance customers were given a form document which misrepresented their rescission rights in violation of 15 U.S.C. § 1635.

24.) Plaintiffs, therefore, bring this action as a class action on behalf of all Ameriquest mortgage refinance customers who at any time after January 20, 2005 received (or receive) a form document from Ameriquest which states, in substance or effect, that the customer's appraisal deposit is refundable only if the loan is denied or withdrawn prior to the Lender ordering the appraisal/property valuation.

25.) The class is so numerous, consisting of thousands of customers, that joinder of all members is impractical.

26.) There are questions of law and fact common to the class which predominate over any questions affecting only individual class members. These predominant questions include:

    a.    Whether a lender is required by the Truth in Lending Act and Regulation Z promulgated thereunder, to return to a borrower who exercises his or her rescission rights, under 15 U.S.C. § 1635, all money or property that the lender has received from the borrower in connection with the transaction;

    b.    Whether "all money or property" includes an appraisal deposit;

  c. Whether a lender is required to disclose these rescission rights clearly and accurately;

  d. Whether Ameriquest clearly and accurately disclosed to class members their rescission rights under the Truth in Lending Act and Regulation Z;

  e. Whether the **APPLICATION DISCLOSURE** form, or other similar documents, misrepresented rescission rights in violation of 15 U.S.C. § 1635;

  f. Whether class members should be notified that their rights have been violated;

and

  g. The appropriate level of statutory damages given Ameriquest's violation of the Truth in Lending Act.

27.) Plaintiffs will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling class actions and actions involving unlawful business practices. Neither plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action. Plaintiffs' claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

28.) A class action for injunctive relief, pursuant to Fed.R.Civ.P. Rule 23(b)(2), is appropriate in that defendant has acted on grounds generally applicable to the class. Also, because this case involves relatively moderate overcharges to thousands of people, a class action for damages, pursuant to Fed.R.Civ.P. Rule 23(b)(3), is superior to any other method of adjudicating this controversy. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. class actions for securities fraud.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

a. awarding appropriate statutory damages;

b. ordering Defendant to pay costs, penalties, and attorneys fees;

c. granting such other relief as the Court deems just and proper.

Respectfully submitted by:

_____
Counsel for the Plaintiffs

Daniel Harris, Esq.
Anthony Valach, Esq.
The Law Offices of Daniel Harris
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 960-1802

8

# Exhibit A

LOAN NO. 0124506460 - 5549

## APPLICATION DISCLOSURE

| Borrower's Name(s): | Lender: |
|---|---|
| James C Jewell, Jr. | Ameriquest Mortgage Company<br>1105 Schrock Rd., # 208<br>Columbus, OH 43229 |
| Property Address:<br>333 Sturgeon Street<br>Springfield, OH  45506 | Date:<br>June 21, 2005 |

### ADVANCE FEES

The following fee may be charged in connection with the processing of your loan application. Other fees not shown here may be payable later and are shown on the Good Faith Estimate of Closing Costs. Non-refundable fees are subject to applicable limitations of state or federal law.

| Name of Fee | Amount | Important Information |
|---|---|---|
| Appraisal/Property Valuation Fee Deposit | $ 200.00 | If the appraisal/property valuation fee is paid from loan proceeds at closing and you have actually paid a deposit, this deposit will be returned to you. Otherwise, the deposit will be applied towards the cost of the appraisal/valuation. Please note that this fee may exceed the amount of the deposit.<br><br>Any deposit is refundable only if the loan is denied or withdrawn prior to the Lender ordering the appraisal/property valuation. |

### LENDER CONTACT

If you have any questions regarding your application, please contact:

    Name:                Branch Manager
    Lender's Name:       Ameriquest Mortgage Company
    Lender's Address:    1105 Schrock Rd., # 208 Columbus, OH 43229
    Telephone Number:    (614)785-9250

By signing below, I/we acknowledge that I/we [ ] did [X] did not pay any fees in advance. Any fees paid outside of closing will be reflected on the Settlement Statement.

Borrower   James C Jewell, Jr.                    Date        Borrower                                        Date

Borrower                                          Date        Borrower                                        Date



0000012450646004030501 01

800-UNIV (Rev. 05/04)