IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) | 

IN RE AMERIQUEST MORTGAGE CO.  )
MORTGAGE LENDING PRACTICES      )
LITIGATION                      )   MDL No. 1715
                                )
_____ )   Lead Case No. 05-cv-07097
                                )
THIS DOCUMENT RELATES TO ALL    )   Centralized before Judge
ACTIONS                         )   Marvin E. Aspen
                                )

## PLAINTIFFS' RESPONSE TO DEFENDANTS'
## MOTIONS FOR REASSIGNMENT OF RELATED CASES

Plaintiffs' counsel Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") - plaintiffs' counsel in all but one of the actions defendants seek to have reassigned - respond as follows to defendants' Motion and Amended Motion for Reassignment of Related Cases:

### I.  INTRODUCTION

Plaintiffs' counsel, Edelman, Combs, Latturner & Goodwin, LLC (ECL&G), represents the plaintiffs in 29 of the 30 cases contained on the lists attached to defendants' motion and amended motion.[1] ECL&G does not represent the plaintiffs in <u>Tammerello v. Ameriquest</u>. Each of the 29 ECL&G-filed cases is an individual action for TILA rescission and damages that complains of TILA disclosure violations and/or abusive lending practices by Ameriquest and/or its subsidiaries, Argent and Town & Country Credit Corp.

### II.  IN 22 OF THE 29 ECLG-FILED CASES, PLAINTIFFS DO NOT OPPOSE DEFENDANTS' MOTIONS FOR REASSIGNMENT

---

[1] In addition, ECL&G also represents the plaintiffs in six newly filed, similar actions against Ameriquest in the Northern District of Illinois. These cases are identified in plaintiffs' Cross Motion for Reassignment of Related Cases, filed concurrently with this response. ECLG expects to file additional, similar cases against Ameriquest in the near future will supplement its Cross Motion accordingly.

1

The plaintiffs in 22 of the 29 ECLG-filed actions on defendants' lists <u>do not oppose</u> defendants' motions to reassign those 22 cases to this Court. Plaintiffs concur with defendants' reasoning that this Court should find those cases related to actions in the MDL and that those actions meet each of the four conditions for reassignment. Plaintiffs do note, though, that the 22 cases are in varying phases of litigation, and plaintiffs especially note that, in large part because the cases are individual actions, in 11 of the 22 cases discovery has already been completed or is very near completion. This presents the unusual situation in which the later filed cases have proceeded further and faster than the earlier filed cases that are already within the MDL, a situation which could delay disposition of the <u>later</u> cases, if the Court reassigns them. Respectfully, plaintiffs wish to avoid this eventuality. LR40.4(b)(3). Plaintiffs believe this concern could be successfully addressed through effective scheduling by the Court. Finally, however, for the reasons set forth below, plaintiffs in the remaining seven of the 29 ECLG cases <u>oppose</u> defendants' motions.

### III. THE COURT SHOULD <u>NOT</u> TRANSFER CASES IN WHICH THE ASSIGNED JUDGES HAVE ALREADY INVESTED SUBSTANTIAL JUDICIAL TIME AND EFFORT

Three of the 29 ECLG-filed cases on defendants' lists simply <u>do not meet</u> two of the four, necessary conditions for reassignment. LR40.4(b)(2) requires "a substantial savings of judicial time and effort," and (b)(3) requires that reassignment not cause delay. In three cases on defendants' lists, cross summary judgment briefing was completed months ago and the assigned judge, plaintiffs beleive, is either on the verge of issuing a dispositive ruling or has invested substantial judicial time and effort in researching and preparing a ruling. The following cases from defendants' lists have fully briefed cross motions for summary judgment pending:

<u>Abercrombie v. Argent</u> (Judge Filip)(last brief filed 1-17-06)

>Hubbard v. Ameriquest (Judge Filip)(last brief filed 2-17-06)

>Washington v. Ameriquest (Judge Coar)(last brief filed 3-15-06)

Given the progression of these cases, the judicial time already expended and the fact that in least one case (Washington), a ruling is imminent, (1) reassignment of these cases to this Court would delay the proceedings and disposition for those plaintiffs, and (2) judicial time and effort would not only not be saved but would be wasted and frustrated were this Court were to reassign these three cases.[2]

## IV. THE COURT SHOULD NOT TRANSFER CASES IN WHICH THERE IS ALREADY A FINAL DISPOSITION THROUGH JUDGMENT OR SETTLEMENT

Plaintiffs oppose defendants' motion with respect to those cases that have (1) already gone to judgment or (2) settled. Given the final disposition of these cases, no substantial saving of judicial time and effort would result if these cases were reassigned to Judge Aspen. LR40.4(b)(2).

In Jones v. Ameriquest, on January 31, 2006, Judge Coar issued a ruling and a memorandum opinion granting summary judgment for plaintiff. This ruling is dispositive of this case. On March 30, 2006, plaintiff filed a Motion For Entry of Final Judgment. Judge Coar is expected to enter final judgment within days.

Further, the following cases on defendants' lists have already been disposed of by means of full and binding settlements between the parties:

>Lemmons v. Ameriquest (settled 3-17-06)

>Luevano v. Ameriquest (settled 12-05)

>Payne v. Ameriquest (settled 3-6-06)

>Zarate v. Ameriquest (settled 2-3-06)

---

[2]Plaintiffs note that, in one case on defendants' list, Jiminez v. Ameriquest (Judge Moran), the parties are in the middle of a summary judgment briefing schedule.

3

In three of the four cases, settlement agreements have been drafted; in two, checks have been prepared. One is awaiting a stipulated dismissal with prejudice. In these and the Jones cases, in the event they were transferred, there would simply be nothing left for this Court to do.

## V. IF THE COURT GRANTS DEFENDANTS' MOTION, IT SHOULD NOT DELAY DISPOSITION OF THE CASES IN WHICH DISCOVERY HAS BEEN COMPLETED

Finally, plaintiffs point out that, in the following 11 cases from defendants' lists, discovery is complete and/or nearly complete, making this category of cases ripe for dispositive motions:

D. Brown v. Ameriquest (discovery closes 4-28-06)

K. Brown v. Ameriquest (discovery closes 5-1-06)

Furgeson v. Ameriquest (discovery closed)

Luedtke v. Ameriquest (discovery closes 5-26-06)

Mills v. Ameriquest (discovery closes 4-30-06)

Pintsak v. Ameriquest (discovery closed 3-28-06)

Salazar v. Ameriquest (discovery closed 3-21-06)

Smith v. Ameriquest (discovery closes 5-1-06)

Talley v. Ameriquest (discovery closes 4-4-06)

Treadwell v. Ameriquest (discovery closes 5-2-06)

Wertepny v. Ameriquest (discovery closed 11-15-05)

Plaintiffs do not believe that the advanced stage of these cases should prevent their transfer, but plaintiffs respectfully request, in accordance with the intent of LR40(b)(3), that, if defendants' motion is granted, disposition of these 11 cases not be delayed substantially as the result of

4

reassignment. For instance, multiple cases could be put on a single summary judgment schedule shortly after reassignment.

## VI. CONCLUSION

For the reasons stated above, plaintiffs do not oppose defendants motion except as to cases that have already been disposed of through judgment, settlement or that are about to be disposed by summary judgment rulings from the currently assigned judges.

                                            Respectfully Submitted,

                                            s/Al Hofeld, Jr.
                                            Al Hofeld, Jr.

Daniel A. Edelman
Cathleen Combs
James Latturner
Al Hofeld
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION ) ) ) ) ) ) THIS DOCUMENT RELATES TO ALL ) ACTIONS ) ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before Judge Marvin E. Aspen |

## CERTIFICATE OF SERVICE

I, Al Hofeld, Jr., hereby certify that on March 31, 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that true and correct copies were additionally sent via email to all parties listed below.

*Attorneys for Plaintiffs Cheryl Williams and Duvall Naughton*

*Lieff Cabraser Heimann & Berstein, LLP*
Elizabeth J. Cabraser, ecabraser@lchb.com
Kelly M. Dermody, kdermod@lchb.com
Caryn Becker, cbecker@lchb.com
Gena E. Wiltsek, gwiltsek@lchb.com
Rachel German, rgerman@lchb.com

*The Tien Law Firm, LLP*
Lawrence Tien, ltien@tienlawgroup.com
Kamran Mashoyekh,
      kamran@tienlawgroup.com

*Attorneys for Plaintiffs Albert Knox, Nona Knox, Maria Torres, Heladio Arellanes, and Maria Arellanes*

*Fenwick & West LLP*
Emmett C. Stanton, estanton@fenwick.com
Aaron Myers, amyers@fenwick.com
Bryan A. Kohm, bkohn@fenwick.com

*Community Legal Services in East Palo Alto*
Shirley Hochhausen,
      s_hochhausen@hotmail.com

| | |
|---|---|
| *Attorneys for Plaintiff Adolph Peter Kurt Burggraff* | Douglas Bowdoin, dbowdoin@bowdoinlaw.com |
| | *Kirby Noonan & Sweat* <br> Jonathan Andrews Boynton, jboyton@knlh.com <br> Sarah Brite Evans, sevans@knlh.com |
| | *James Hoyer Newcoomer & Smiljanich* <br> Terry Smiljanich, tsmiljanich@jameshoyer.com <br> Kathleen Clark Knight, kknight@jameshoyer.com |
| *Attorneys for Plaintiffs Latonya Williams, Duwayne Williams, William F. Tolbert, Daisybel Tolbert, David R. Murphy, David M. Wakefield, Isabell M. Murphy, Janet Wakefield and Lynn Gay* | *Roddy Klein & Ryan* <br> Gary Klein, klein@roddykleinryan.com <br> Elizabeth Ryan, ryan@roddykleinryan.com <br> Shennan Kavanagh, kavanagh@roddykleinryan.com |
| *Attorneys for Plaintiffs Latonya Williams, Duwayne Williams, William F. Tolbert and Daisybel Tolbert* | *Horowitz, Horowitz & Associates* <br> O. Randolph Bragg, rand@horowitzlaw.com |
| | *Law Office of Theresa I. Wigginton* <br> Theresa I. Wigginton, terri@twiggintonlaw.com |
| *Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation, Argent Mortgage Company and Town and Country Credit Corporation* | *Buchalter Nemer, A Professional Corp.* <br> Bernard E. LeSage, blesage@buchalter.com <br> Sarah K. Andrus, sandrus@buchalter.com <br> Buchalter Nemer, bnemer@buchalter.com |
| *Attorneys for Defendant Ameriquest Mortgage Company* | *Kirkpatrick & Lockhart Nicholson Graham LLP* <br> Daniel A. Casey, dcasey@klng.com <br> Jonathan B. Morton, jmorton@klng.com <br> Jeffery T. Kucerajkucera@klng.com <br> Brian Mark Forbes, bforbes@klng.com <br> Ryan M. Tosi, rtosi@klng.com <br> R. Bruce Allensworth, ballensworth@klng.com |
| | *Varga Berger Ledsky Hayes & Casey* <br> Craig Varga, cvarga@vblhc.com |

| | |
|---|---|
| *Attorneys for Plaintiff Giavone Tammerello* | *Stanley Hill & Associates, P.C.*<br>Stanley L. Hill, stanhill@megsinet.net<br>Dalal M. Jarad, dmjarad@aol.com |
| *Additional Party* | *The Law Offices of Daniel Harris*<br>Daniel Harris, lawofficedh@yahoo.com |

s/Al Hofeld, Jr.
Al Hofeld, Jr.