IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: <br><br> MDL DOCKET No. 06-cv-01734 <br><br> JEROME L. SIEVERS and CHERYL M. SIEVERS, <br><br>    Plaintiffs, <br><br> vs. <br><br> AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, <br><br>    Defendants. | |

**DEFENDANT'S STATEMENT REGARDING MOTION TO COMPEL**

On March 28, 2006, Plaintiffs in the case entitled *Sievers, et al. v. Ameriquest Mortgage Company, et al.*, United States District Court for the District of Connecticut, Case No. 3:05-CV-01296 (RNC), ("Sievers Case") filed a Motion to Compel Answers to Discovery Requests and Objection to Extension of Time ("Motion to Compel"). Since that filing, the Sievers Case has been transferred to the present Court and the Connecticut District Court has lost jurisdiction over the Sievers Case in general, and the Motion to Compel in particular.

More specifically, the Judicial Panel on Multidistrict Litigation ("MDL Panel") issued a Conditional Transfer Order ("CTO") on February 27, 2006, pursuant to which the Sievers Case was conditionally transferred to this Court as part of the above-referenced multidistrict litigation proceeding ("MDL Proceeding"). [Request for Judicial Notice, Ex. 1.] Neither Plaintiffs nor

Defendants Ameriquest Mortgage Company and Deutsche Bank National Trust Company opposed the CTO and, on March 15, 2006, the CTO became final. [*Id.*] The Order Lifting Stay of Conditional Transfer Order ("Transfer Order") was filed in the Connecticut District Court on April 10, 2006. [*Id.*, Ex. 2.]

As a matter of law, once the Transfer Order was filed in the transferor Court, the Connecticut District Court lost jurisdiction of the case. *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 495 (J.P.M.L. 1968) (transfer under the multidistrict litigation statute is "a change of venue for pretrial purposes" and "that after an order changing venue the jurisdiction of the transferor court ceases; and that thereafter the transferor court can issue no further orders, and any steps taken by it are of no effect"); *see General Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979) ("any action taken by the transferor court after transfer would be ineffective")**.** Instead, jurisdiction over all pretrial matters vested in this Court. *In re Agent Orange Prods. Liab. Litig.*, 597 F. Supp. 740, 751 (E.D. N.Y. 1984), *aff'd in part and rev'd in part on other grounds*, 818 F.2d 145 (2d Cir.), *cert denied*, 484 U.S. 1004 (1987); *In re Four Seasons Sec. Laws Litig.*, 63 F.R.D. 115, 122 (W.D. Okla. 1974) (party wishing to amend complaint after transfer of action must file in transferee court); *see also* Exhibit A.

This Court has exercised such jurisdiction and issued an order staying all discovery while, among other things, the MDL Panel resolves the preliminary issues regarding which potential "tag-along" cases should be transferred to this Court. *See* April 4, 2006 Minute Entry. The Court has ordered the parties to file Proposed Organization Plans on or before June 13, 2006 that address a variety of case management issues. *See* February 7, 2006 Minute Entry. While the present Motion to Compel can be addressed in Plaintiffs' Proposed Organization Plan, it is not before this Court and cannot be filed before this Court until such time as the Court lifts the discovery stay and determines whether, when and on what terms discovery will be conducted in this MDL Proceeding. *See* April 4, 2006 Minute Entry.

///

///

///

Defendant Ameriquest Mortgage Company ("Ameriquest") will provide the Court with a list of all pending and anticipated motions, including discovery motions when it files its Proposed Case Management Plan. Until such time, however, Ameriquest preserves all substantive and procedural defenses to the Motion to Compel.

DATED: April 18, 2006

Respectfully submitted,

By: /s/ Bernard E. LeSage

*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation, Argent Mortgage Company and Town and Country Credit Corporation*

Bernard E. LeSage (California Bar No. 61870)
Sarah K. Andrus (California Bar No. 174323)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400