# EXHIBIT 6

RECEIVED

APR - 5 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

06C 1879

JUDGE GRADY

MAGISTRATE JUDGE MASON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD ESKRA and LINDA ESKRA, )
                     Plaintiffs, )
                     v. )
AMERIQUEST MORTGAGE COMPANY, )
AMERIQUEST MORTGAGE SECURITIES, )
INC., AMC MORTGAGE SERVICES, )
INC., and DOES 1-5, )
                     Defendants. )

**JURY DEMANDED**

## COMPLAINT

### INTRODUCTION

1. Plaintiffs Donald Eskra and Linda Eskra bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

### PARTIES

3. Plaintiffs Donald Eskra and Linda Eskra (formerly Linda Wiening) own and reside in a home at 2622 West 120th Street, Blue Island, Illinois 60406.

1

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

8. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

9. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

10. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

2

## FACTS RELATING TO PLAINTIFFS

11. Prior to December 21, 2004, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

12. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

13. The loan was closed on December 21, 2004.

14. Plaintiffs signed or received (not necessarily prior to consummation) the following documents relating to the loan:

    a. A note, Exhibit A.

    b. A mortgage, Exhibit B;

    c. Two copies of a Truth in Lending disclosure statement, Exhibit C.

    d. Nine copies of the official notice of right to cancel, Exhibit D, of which only two were completed;

    e. Nine copies of a different notice of right to cancel, Exhibit E.

15. Plaintiffs was later directed to make payments to AMC Mortgage Services, Inc.

16. On information and belief, Ameriquest Mortgage Securities, Inc. owns plaintiffs's loan.

17. In the event Ameriquest Mortgage Securities, Inc. does not own plaintiffss' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

## RIGHT TO RESCIND

18. Because the transaction was secured by plaintiffs's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) <u>Consumer's right to rescind.</u>
>
> > (1) **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
> >
> > (2) **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
> >
> > (3) **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**
> >
> > (4) **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**
>
> (b) <u>Notice of right to rescind.</u> **In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> > (1) **The retention or acquisition of a security interest in the consumer's**

4

principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

## GROUND FOR RESCISSION

19. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs's right to cancel (two completed copies to each borrower) within three days.

20. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

21. Notice of rescission has been given to defendants. A copy is attached as Exhibit F.

22. The loan has not been rescinded.

23. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

5

24. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

    a. A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

    b. Statutory damages for the underlying disclosure violation;

    c. If appropriate, statutory damages for failure to rescind;

    d. Attorney's fees, litigation expenses and costs.

    e. Such other or further relief as the Court deems appropriate.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

6

## JURY DEMAND

Plaintiffs demand trial by jury.

_____
Daniel A. Edelman

t:\16312\pleading\complaint_pleading.wpd