IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S STATEMENT OF ISSUES FOR COURT TO CONSIDER IN CONNECTION WITH PLAINTIFFS' SECOND MOTION FOR REASSIGNMENT OF RELATED CASES**

Defendant Ameriquest Mortgage Company ("Ameriquest") does not oppose the Second Motion for Reassignment of Related Cases ("Motion") filed by Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") on behalf of plaintiffs in 13 actions pending in this District. Nevertheless, Ameriquest is compelled to inform the Court of the following facts it should consider in connection with the Motion:

(1) The 13 complaints that are the subject of the Motion—as with all of the other complaints filed by ECLG in this multidistrict litigation proceeding (over 40 to date)—appear to be the result of substantial efforts, which continue to this day, by ECLG to solicit lawsuits from persons who received a loan from Ameriquest or other defendants in this proceeding. Specifically, ECLG apparently has a routine practice of: (a) obtaining the names of borrowers of Ameriquest or other defendants in this proceeding from public records after a loan in consummated; and (b) informing these borrowers by letter that they may be able to rescind their loans under the Truth in Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA"), and they should

contact ECLG in this regard.[1] Attached hereto as Exhibit 1 appears to be the form solicitation letter that ECLG has sent, and continues to send, to persons who have obtained a loan from Ameriquest or other defendants in this proceeding.

(2)  Since September 1, 2004, Ameriquest has used third-party closing agents to conduct all loan closings. [See Docket No. 41 (Declaration of Vicky Camacho in Support of Ameriquest's Brief Re: Mailing of Nationwide Notice), ¶ 2.] The responsibilities of these agents include ensuring that each borrower sign, and receive two signed copies of, the Notice of Right to Cancel ("NORTC") form required by TILA. These independent agents have their own obligations to follow all applicable Federal and State laws in connection with loan closings and are paid for their services regardless of whether a loan closes or whether the borrower exercises his or her right to cancel the loan. [Id.] Ameriquest intends to file claims against these third-party closing agents in this proceeding, as necessary.

(3)  Ameriquest's practice has been and is to provide each closing agent with several blank NORTC forms so that, among other things, the closing agents can provide additional NORTC forms at closing, if necessary. It therefore is understandable that borrowers may possess blank NORTC forms; however, that does not mean that they did not receive properly completed NORTC forms. In fact, Ameriquest has acknowledgements in writing in its files from the overwhelming majority of plaintiffs and borrowers identified in this proceeding to date that they all received fully compliant NORTC forms. [See Docket No. 42 (Declaration of Michael Gibson in Support of Ameriquest's Opposition to Plaintiffs' Motion for Provisional Certification of Rescission Class), ¶ 5, Ex. A. (establishing that 132 of the 134 borrowers—98.5%—identified

///
///
///

---

[1] This seems to be quite a common practice amongst the plaintiffs' lawyers in this proceeding, as the vast majority of lawsuits alleging that defendants violated TILA by failing to provide proper notice of borrowers' rescission rights appear to be the result of similar solicitation efforts.

by Daniel Blinn in his Declaration in Support of Plaintiffs' Motion for Provisional Certification of Rescission Class acknowledged in writing that they received fully compliant NORTC forms).]

DATED: April 24, 2006                    Respectfully submitted,

By: /s/ Bernard E. LeSage

*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation and Town and Country Credit Corporation*

Bernard E. LeSage (California Bar No. 61870)
Sarah K. Andrus (California Bar No. 174323)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, Lesage, hereby certify that on this 24th day of April 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

# EXHIBIT 1

**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603-3403
(312) 739-4200
(800) 644-4673
(312) 419-0379 (FAX)
Email: edcombs@aol.com
www.edcombs.com

ADVERTISEMENT

Dear Borrower:

We are writing because you obtained a loan from Ameriquest Mortgage or its affiliates Argent Mortgage or Town & Country Credit.

Many of these loans may violate the Truth in Lending Act. This may entitle you to rescind the loan, have your payments applied entirely to principal, and substantially reduce the amount you owe.

If you are interested in further information about your potential claims, please contact us at the above address/telephone number. We would need to see the documents you received when you obtained the loan.

If a violation exists, we would be willing to take the case on a wholly contingent basis (we get paid part of your damages or part of the benefit you get from canceling the loan).

You are *not* eligible if (a) you have filed a bankruptcy proceeding (Ch. 7 or Ch. 13) since getting the loan, (b) the loan has been paid off, (c) you have sold the property, (d) a foreclosure judgment has been entered against you, or (e) the loan is more than three years old.

Sincerely yours,

Daniel A. Edelman

ADVERTISEMENT