**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. )<br>MORTGAGE LENDING PRACTICES )<br>LITIGATION ) | MDL No. 1715 |
| ) | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: )<br>2:05-CV-411 (N.D. Indiana, Hammond Division) ) | Centralized before Judge<br>Marvin E. Aspen |

| | |
|---|---|
| JOSEPH A. MIKOWSKI and )<br>PATRICIA J. MIKOWSKI, ) | |
| Plaintiffs, ) | 2:05-CV-411<br>(N.D. Indiana, Hammond Division) |
| v. ) | |
| AMERIQUEST MORTGAGE COMPANY, )<br>AMERIQUEST MORTGAGE SECURITIES, )<br>INC., DEUTSCHE BANK NATIONAL TRUST )<br>COMPANY, and DOES 1-5, )<br>Defendants. ) | **JURY DEMANDED** |

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs respectfully request that this Court grant them leave to amend the complaint. The proposed Second Amended Complaint is attached as <u>Appendix A</u>.

In support of this motion, plaintiffs state:

1. Plaintiffs Joseph A. Mikowski and Patricia J. Mikowski brought this action against Ameriquest and its affiliates and successors in interest to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

2. This case has been consolidated with numerous other cases before this Court

pursuant to the MultiDistrict Litigation Rules. The alleged violations in each case concern the delivery to various plaintiffs of incomplete notices of right to cancel.

3. Plaintiffs wish to amend their complaint to add class action allegations because discovery in this case demonstrates common treatment of hundreds of loans that violates TILA.

4. On April 3, 2006, plaintiff took the deposition of the person who closed plaintiffs' loan, Erika Chitwood of Indiana Title Network Company. The transcript of this deposition is attached as Appendix B.

5. Ms. Chitwood stated that she closed 2 to 3 Ameriquest loans per day until some time in 2005. Appendix B at 9. On information and belief, this amounted to several hundred loans. Ms Chitwood admits that she "did a lot of Ameriquest closings." Appendix B at 9.

6. Ms. Chitwood then testified that she has never entered the date in the notice of right to cancel:

> Q. Can you turn to page 25. [(attached hereto as Appendix C)]
>
> A. (Witness complies.)
>
> Q. What is this document?
>
> A. This is the rescission document. The notice of right to cancel.
>
> Q. And what do you do with this document at the closing generally?
>
> A. I explain to the customer that this is the document that goes over how they have the right to cancel the loan. It gives them the seven days to cancel the loan if they'd like to. And if they would like to cancel a loan, they could do so.
>
> Q. Do you generally enter a date on the enter document sign date?
>
> A. I have never done that. [Appendix A at 24.]

> Q. Is this how the Document 25 would look typically as a borrower takes it home with them?
>
> MR. KVACHKOFF: Objection. And the reason for my objection is that -- that you need to specify as to whether you're talking about Ameriquest or you're talking about other lenders.
>
> Q. An Ameriquest loan.
>
> A. Yes.

Ms. Chitwood's general practice was not to open the borrower's set of documents at or before the closing at all, and that the documents given to the borrowers were always blank. Appendix B at 26-27.

7. The above testimony also shows that Ms. Chitwood routinely explained to borrowers that the blank Truth in Lending right to cancel allows them seven days within which to cancel their transaction, instead of three days. Ms. Chitwood apparently confused the protection TILA affords, three days to rescind, with Ameriquest's seven day rescission period. The confusion created clouds the TILA disclosure requirements, and is therefore a violation of § 1635(b). *See Jones v. Ameriquest Mortg. Co.*, case no. 05 C 432, 2006 U.S. Dist. LEXIS 3788, at *20-26 (N.D. Ill. January 31, 2006) (Coar, J.)

8. Lenders like Ameriquest are liable for the failure to clearly and conspicuously disclose the date by which the consumer must rescind. 15 U.S.C. § 1635(a), 12 C.F.R. § 226.23(b). And although Ms. Chitwood closed potentially hundreds of Ameriquest loans, she never received any formal training from Ameriquest or any other source. Appendix B at 7-8.

9. On April 24, 2006, counsel for Ameriquest filed a "Statement of Issues" with this Court, implying that plaintiff's law firm has done something improper by attempting to locate persons whose rights have been violated by Ameriquest and its agents, while at the same time stating

3

that some percentage of its loans (as taken by Ameriquest from a sampling of 134 of its millions of loan files) contain a written "acknowledgment" from borrowers that they signed at the closing, stating that they received "fully compliant" notices of right to cancel.

10. This strong-arm technique Ameriquest apparently begs the question as to how subprime borrowers at a closing are supposed to know whether they received notices of right to cancel that are "fully compliant" with 15 U.S.C. § 1635(a) and implementing Regulation Z, 12 C.F.R. § 226.23(b).

11. TILA does not contemplate that a lender can shift the burden of compliance onto the borrower. *Abercrombie v. Wells Fargo Bank, N.A.*, 417 F. Supp. 2d 1006, 2006 U.S. Dist. LEXIS 11250, at *4 (N.D. Ill. March 3, 2006) (Kennelly, J.)

12. Ameriquest's self-serving and seemingly altruistic affidavit is misguided. The relevant inquiry is whether the borrowers received complete notices, not what exists in Ameriquest's files. 15 U.S.C. § 1635. TILA is a disclosure statute. In this case, despite that all evidence, including the testimony of the title company employee that Ameriquest has promised to sue (Statement of Issues ¶ 3), state that the borrower's notices were blank, Ameriquest's copies are mysteriously complete.

13. Ameriquest's attempts at blaming someone else for these violations won't change the fact that it is liable under the Truth in Lending Act. Nor will they change that the notice of right to cancel violations are widespread, and happened because Ameriquest failed to adequately screen and train its closing agents.

14. Because of this new evidence, plaintiffs move to amend their complaint. Fed.R.Civ.Proc. 15(a) provides that "leave [to file an amended complaint] shall be freely given when

justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981).

15.     Plaintiffs file their motion in good faith and for good cause.

WHEREFORE, plaintiffs respectfully request that this Court grant them leave to amend the complaint. The proposed Second Amended Complaint is attached as <u>Appendix A</u>.

Respectfully submitted,

/s/ Alexander H. Burke
Alexander H. Burke

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Alexander H. Burke
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\15527\Pleading\Plaintiff's Motion for leave to amend_Pleading-0001.wpd