IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: <br><br> JOSEPH A. MIKOWSKI and PATRICIA J. MIKOWSKI, <br><br> Plaintiffs, <br><br> v. <br><br> AMERIQUEST MORTGAGE COMPANY, AMERIQUEST MORTGAGE SECURITIES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, and DOES 1-5, <br><br> Defendants. | 2:05-CV-411 (N.D. Ind., Hammond Div.) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND COMPLAINT**

I.     INTRODUCTION

Defendants Ameriquest Mortgage Company and Ameriquest Mortgage Securities, Inc. (together, "Defendants") oppose the Motion for Leave to Amend ("Motion") filed by plaintiffs Joseph A. Mikowski and Patricia K. Mikowski (together, "Plaintiffs") in *Mikowski, et al. v. Ameriquest Mortgage Co., et al.,* United States District Court for the Northern District of Indiana, Case No. 2:05-CV-411.[1]  Accordingly, if the Court is inclined to consider Plaintiffs'

---

[1] *Mikowski* was transferred to this Court pursuant to the Judicial Panel on Multidistrict Litigation's ("MDL Panel") Transfer Order of March 15, 2006.  The new transferee civil case number for this matter is 2006-1737.

request for relief at all, Defendants request that the Court set a briefing schedule to allow Defendants sufficient time to file a full and complete opposition to the Motion.

By their First Amended Complaint, Plaintiffs allege that Defendants violated the Truth in Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA"), by providing Plaintiffs with a Notice of Right to Cancel ("NORTC") in which the date of expiration of the right to cancel supposedly was left blank. By their Motion, Plaintiffs seek leave of this Court to file a Second Amended Complaint, which purports to bring their claims on behalf of a class of persons.

While Defendants request a briefing schedule if the Court is inclined to consider the Motion (and preserve all arguments until such time as the Court may set for the filing of an opposition), by this preliminary opposition, Defendants submit that the Motion should be denied because:

(1) All matters before this Court have been stayed pending a further order of the Court following the parties' filing of Proposed Organization Plans ("Plans") in June 2006. In fact, the Court's Organization and Management Plan specifically sets forth topics such as discovery, class actions and "tag-along" cases to be included in the parties' Plans. [Request for Judicial Notice ("RJN"), Exh. 1.]

(2) Leave of this Court would be futile because TILA does not permit class actions seeking actual rescission or a declaration as to rescission rights[2].

## II. ARGUMENT

### A. All Matters In This Multidistrict Litigation Proceeding Before This Court Are Stayed

On February 7, 2006, when there were just five cases included in this multidistrict litigation proceeding ("MDL Proceeding"), this Court held an initial status conference. At that time, realizing that the MDL Panel would be considering whether to transfer many additional

---

[2] There are already at least 4 putative class action cases in this MDL Proceeding that seek a declaration of TILA rescission rights on behalf of classes that encompass the very class that Plaintiffs identify in their Second Amended Complaint. *See, Cheryl Williams, et al. v. Ameriquest Mortgage Company* (United States District Court for the Southern District of New York, Case No. 05-6189)*; Latonya Williams, et al. v. Ameriquest Mortgage Company, et al.* (United States District Court for the Middle District of Florida, Case No. 05-1036); *Knox, et al. v. Ameriquest Mortgage Co., et al.* (United States District Court for the Northern District of California, Case No. 05-0240); *and Murphy, et al. v. Ameriquest Mortgage Company* (United States District Court for the District of Massachusetts, Case No. 04-12651). Thus, despite the futility of the Motion, it appears that counsel filed it more in an effort to gain a foothold in the inevitable fight for the lead counsel position than out of any rush to ensure the protection of the putative class.

cases to this MDL Proceeding, this Court ordered all discovery stayed pending further order of the Court following the parties' filing of Proposed Organization Plans in June 2006.[3] [RJN, Exh. 2, pages 29:17-30:12.] Counsel for the moving Plaintiffs was present at that hearing and even questioned the Court about the discovery stay. [*Id.*] Implicit in the Court's order was that until all cases were before this Court, the manner in which to resolve these matters should await the status conference following the parties' filing of their Plans. Any other piecemeal solutions advocated by one side or the other, may well be counter productive.

On March 15, 2006, the MDL Panel transferred *Mikowski* to this Court. [RJN, Exh. 3.] As such, as of March 15, 2006, *Mikowski* was subject to the stay.

At the April 4, 2006 hearing on Defendants' Motion for Reassignment of Related Cases, the Court confirmed that it had previously stayed all discovery and further ruled that motions were stayed as to those matters that are transferred to this Court. [RJN, Exh. 4, pages 8:6-9:21.]

Finally, in an abundance of caution, the day before Plaintiffs' Motion was filed, Defendants' counsel contacted Plaintiffs' counsel by telephone to make sure that both sides' interpretation of the Court's Order was the same. In that call, Plaintiffs' counsel agreed that the Court's stay order covers all motion practice, as well as discovery, and, therefore, among other things, Defendants are not required to file responsive pleadings to the complaints in any cases filed by Plaintiffs' counsel. [Declaration of Brandon Block, ¶ 2, Exh. 1.]

By filing this Motion, Plaintiffs violated the parties' agreement of the day before and, more importantly, violated what both sides confirmed they believed the Court's repeated orders to mean.

Furthermore, it would be unfair to allow Plaintiffs to violate the stay and proceed with their Motion while Defendants in this MDL Proceeding have complied with the stay in all respects. As will be detailed in Defendants' Proposed Organization Plan, among the motions they intend to file is a motion for leave to add third-party cross-defendants to several of the included cases. The reason for this is underscored by Plaintiffs' own Motion. Specifically, as demonstrated by Plaintiffs' Motion, Defendant Ameriquest Mortgage Company uses third-party closing agents to conduct loan closings. [Motion, ¶¶ 4-6.] These third-parties are responsible for

---

[3] In light of the Court's February 7, 2006 Order to stay all discovery, the April 3, 2006 deposition of Ericka Chitwood should not have taken place.

ensuring that each NORTC is completed and provided to the borrower at the time of closing.[4] If a particular third-party closing agent failed to do so, that agent is a necessary party to any case in which it is alleged that the borrower did not receive a completed NORTC. As such, Defendants intend to seek leave to add these third-party closing agents to each such case. Defendants refrained from filing this motion in light of the stay.

Thus, because the case has been stayed by Order of this Court, and the parties agreed that the stay extended to all of Plaintiffs' cases, Defendants respectfully request that this Court deny Plaintiffs' Motion summarily.[5]

**B.      Leave Of This Court Would Be Futile Because TILA Does Not Permit Class Actions Seeking Actual Rescission Or A Declaration As To Rescission Rights.**

Even if Plaintiffs' Motion did not violate this Court's stay order, leave to amend should be denied here because it would be futile. Plaintiffs' proposed Second Amended Complaint seeks a declaration as to borrowers' rescission rights under TILA. [Second Amend. Comp., ¶ 36, p. 8 (Prayer for Relief).] As detailed in Defendants' Opposition to Plaintiffs' Motion for Provisional Class Certification filed on February 14, 2006 ("Class Certification Opposition"), however, the relief requested by Plaintiffs in their Second Amended Complaint is unavailable as a matter of law because TILA does not permit class actions that seek either actual rescission or a declaration as to rescission rights.[6] *See*, *e.g.*, *James v. Home Const. Co. of Mobile, Inc.*, 621 F.2d 727, 730-31 (5th Cir. 1980); *Gibbons v. Interbank Funding Group*, 208 F.R.D. 278, 285-86 (N.D. Cal. 2002); *Jefferson v. Security Pac. Fin. Servs.*, 161 F.R.D. 63, 69 (N.D. Ill. 1995); *Nelson v. United Credit Plan, Inc.*, 77 F.R.D. 54, 58 (E.D. La. 1977); *Murry v. America's Mortg. Banc, Inc.*, No. 03 C 5811, 03 C 6186, 2005 WL 1323364, at *10-11 (N.D. Ill. May 5, 2005).

As detailed in the Class Certification Opposition, the plain language of TILA itself evidences Congress's intent to prohibit classwide rescission claims. Section 1635(b) does not

---

[4] Plaintiffs point out in their Motion that they took the deposition of a third-party closing agent, Ericka Chitwood. Ms. Chitwood admitted at her deposition that she signed various documents from the lender, including documents entitled "Closing Agent Affidavit" and "Closing Instructions." By signing the Closing Agent Affidavit, Ms. Chitwood certified that all loan documents were properly signed and dated and the rescission notice was properly filled in with the date of the final day to cancel. [Declaration of Jonathan Ledsky, ¶¶ 3-6, Exhs. 1-2.]

[5] Plaintiffs' Motion may be more appropriately heard after further order of the Court following the parties' filing of Proposed Organization Plans in June.

[6] The entirety of Defendants' Class Certification Opposition is incorporated herein by this reference.

provide for class actions. Conversely, Section 1640, which governs damages, was amended by Congress in 1970 to expressly include class actions and to cap damage recovery. *See* Pub. L. 93-495, 88 Stat. 1500. "Congress' failure to amend Section 1635(b) in 1974 evidences a Congressional intent to treat rescission as a purely personal remedy, which is not subject to class action." *Murry*, 2005 WL 1323364, at *10 (*citing Jefferson*, 161 F.R.D. at 68; internal quotation marks omitted). *Accord Gibbons*, 208 F.R.D. at 285.

The reason for this prohibition is simple and logical. TILA's statutory scheme evidences that rescission thereunder is a "purely personal remedy" that belongs to the individual. *James*, 621 F.2d at 730-31; *accord Gibbons*, 208 F.R.D. at 285; *Jefferson*, 161 F.R.D. at 69. Indeed, Congress amended Section 1635 in 1980 to give courts equitable authority to tailor the rescission steps to meet the needs of each borrower and creditor. *See* Pub. L. 96-212, 94 Stat. 175, 176. "[T]he 1980 amendment is an indication that rescission is a personal, rather than a class, remedy." *Murry*, 2005 WL 1323364, at *10. *Accord Gibbons*, 208 F.R.D. at 285.

As further evidence of the personal nature of the rescission remedy, a party seeking rescission under TILA must notify the lender of his or her intent to rescind. 15 U.S.C. § 1635(b). The lender then has 20 days to respond to that demand. *Id.* Thus, under TILA, "individuals must choose to assert the right to rescind, on an individual basis and within individual time frames, before filing suit." *Jefferson*, 161 F.R.D. at 69. Moreover, TILA requires borrowers to return any proceeds they have received from the lender. 15 U.S.C. § 1635(b). Thus, a borrower must be ready, willing and able to return essentially all of the funds he or she obtained from the lender.[7] To determine whether each of these steps has been taken, or can be taken, would require such an individualized inquiry as to defeat class treatment. *Jefferson*, 161 F.R.D. at 68-69.

Whether a borrower is able to perform his or her obligations to effect a TILA rescission, and whether doing so is in the best interest of the borrower, cannot be determined on a class wide basis. Not every borrower is in the same position. In order to return the requisite funds to the lender, the borrower will likely be required to obtain a new loan. To determine whether a new loan will be in the borrower's best interest, each borrower will be forced to shop around with new lenders or mortgage brokers to find out what terms may be available at any given time. Interest rates may have increased in the interim, making any new loan more expensive. The

---

[7] The amount of funds the borrower must return will, of course, vary from borrower to borrower depending on the unique circumstances of each borrower's loan.

borrower's credit may have declined, rendering "better" terms unavailable. Property values may have declined, leaving the borrower unable to perform. Or, even if lower interest rates are available to the borrower, other loan terms may be less favorable or make it difficult to determine whether a new loan will be in the best interest of the borrower overall. Certainly this is not a simple decision that can be made quickly or on a class wide basis. Accordingly, it is for good reason that the weight of authority in this District and others prohibits precisely what Plaintiffs seek to accomplish here, and, for the reasons set forth above, Plaintiffs cannot state a class claim for rescission, declaratory or otherwise.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion in its entirety. Given that Defendants had less than four business days to prepare this preliminary opposition, if the Court is inclined to consider the Motion at all, Defendants request that a briefing schedule be set to allow sufficient time for Defendants to prepare a more thorough and formal Opposition.

DATED: May 9, 2006

Respectfully submitted,

By: /s/ Bernard E. LeSage

*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation, Town and Country Credit Corporation, and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage (California Bar No. 61870)
Sarah K. Andrus (California Bar No. 174323)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400