**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> ACTIONS ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |

**PLAINTIFFS' THIRD MOTION**
**FOR REASSIGNMENT OF RELATED CASES**

Pursuant to LR40.4(c), plaintiffs in the cases identified on pages 2-4 below respectively move this Court to (1) find these actions related to earlier-filed cases currently pending in the MDL proceeding, including cases that this Court previously (on April 4, 2006) re-assigned as related; and (2) reassign the related actions to the Honorable Judge Marvin E. Aspen. In accordance with the custom in the Northern District of Illinois, plaintiffs have provided a courtesy copy of this motion to the currently assigned judges. In support of their motion, plaintiffs state as follows:

**I.   INTRODUCTION**

Plaintiffs filed this motion because, since March 31, 2006, when plaintiffs' counsel - Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") - filed their cross motion to reassign and their response to defendants' motions for reassignment, ECLG, on behalf of new plaintiffs, has filed additional cases against Ameriquest in the Northern District of Illinois. Plaintiffs have also included in this motion seven cases filed by the Law Offices of Daniel Harris. All of these cases are similar to or nearly identical to each other and to cases now pending before this Court. Like the cases both

plaintiffs and defendants previously moved to reassign, each of the actions below are for TILA rescission and damages based on alleged TILA disclosure violations, and many allege bait-and-switch practices and/or other abusive lending practices by Ameriquest and/or its subsidiaries. Most of the cases plaintiffs seek to reassign are individual actions; only two were filed as class actions. The cases are as follows:

| Case Name | Case No. | Date Filed | Judge Assigned | Claim(s)/Issue |
|---|---|---|---|---|
| Douglas and Evelyn Geis v. Ameriquest Mortgage Company, et al. | 06 C 1716 | March 29, 2006 | Judge St. Eve | TILA |
| Kevin and Sherry Wessel v. Ameriquest Mortgage Company, et al. | 06 C 1899 (Filed by Law Office of Dan Harris) | April 6, 2006 | Judge Kocoras | TILA |
| Ralph Rodriguez, et al. v. Ameriquest Mortgage Company, et al. | 06 C 2187 (Filed by Law Office of Dan Harris) | April 19, 2006 | Judge Lefkow | TILA |
| Kelly and Jo Lynn Sedgwick v. Ameriquest Mortgage Company, et al. | 06 C 2333 (Filed by Law Office of Dan Harris) | April 26, 2006 | Judge Grady | TILA |
| Catina M. Spencer v. Ameriquest Mortgage Company, et al. | 06 C 2396 | April 28, 2006 | Judge Filip | TILA |
| Renaldo Jones v. Ameriquest Mortgage Company, et al. | 06 C 2397 | April 28, 2006 | Judge Lindberg | TILA |

| | | | | |
|---|---|---|---|---|
| Eric Balark, et al. v. Ameriquest Mortgage Company, et al. | 06 C 2430 | May 1, 2006 | Judge Der-Yeghiayan | TILA |
| John Dougherty, et al. v. Ameriquest Mortgage Company, et al. | 06 C 2482 (Filed by Law Office of Dan Harris) | May 3, 2006 | Judge Andersen | TILA |
| Mildred C. Mormon v. Ameriquest Mortgage Company, et al. | 06 C 2514 | May 4, 2006 | Judge Palllmeyer | TILA |
| Peter Grabowski v. Ameriquest Mortgage Company, et al. | 06 C 2549 (Filed by Law Office of Dan Harris) | May 8, 2006 | Judge Castillo | TILA |
| James Besterfield v. Ameriquest Mortgage Company, et al. (**Class Action**) | 06 C 2676 | May 12, 2006 | Judge Lindberg | TILA |
| Rocco C. Tieri v. Ameriquest Mortgage Company, et al. | 06 C 2683 (Filed by Law Office of Dan Harris) | May 15, 2006 | Judge Der-Yeghiayan | TILA |
| Joseph Wisniewski v. Town & Country Credit Corp., et al. | 06 C 2697 | May 15, 2006 | Judge Kennelly | TILA |
| Velma Jean Jiles v. Argent Mortgage Company, et al. | 06 C 2771 | May 17, 2006 | Judge Aspen | TILA |

| | | | | |
|---|---|---|---|---|
| Tyrone Walker, et al. v. Ameriquest Mortgage Company, et al. | 06 C 2807 | May 18, 2006 | Judge Kennelly | TILA |
| Fredrich W. Grabs v. Argent Mortgage Company, et al. | 06 C 2809 | May 18, 2006 | Judge Lefkow | TILA |
| Carlos Filian, et al. v. Ameriquest Mortgage Company, et al. | 06 C 2826 | May 19, 2006 | Judge Shadur | TILA |
| Edward Smith, et al. v. Ameriquest Mortgage Company, et al. | 06 C 2828 | May 19, 2006 | Judge Coar | TILA |
| Bryan Eson, et al. v. Argent Mortgage Company, et al. | 06 C 2829 | May 19, 2006 | Judge Gettleman | TILA |
| Calvin Brown, et al. v. Ameriquest Mortgage Company, et al. | 06 C 2830 | May 19, 2006 | Judge Lefkow | TILA |
| Paula Melecio, et al. v. Town & Country Credit Corporation, et al. (**Class Action**) | 06 C 2832 | May 19, 2006 | Judge Nordberg | TILA |
| Scott Dearden v. Ameriquest Mortgage Copany, et al. | 06 C 2912 (Filed by Law Office of Dan Harris) | May 25, 2006 | Judge Darrah | TILA |

Exhibits 1-22 attached hereto contain the complaint for each corresponding action listed above.

Plaintiffs' counsel note that additional cases against Ameriquest are awaiting approval for filing in the Northern District of Illinois. Plaintiffs' counsel will file another supplemental motion as new cases are filed.

## II.     THE NEWLY FILED CASES ARE RELATED TO MDL CASES

The cases identified above all have issues of fact and law in common with cases pending in the MDL proceeding. Northern District of Illinois Local Rule 40.4 provides that two or more cases may be related if they involve some of the same issues of fact or law. LR40.4(a)(2). Like the cases in the MDL, the cases identified above all contain TILA claims for TILA rescission. Some complain of a practice of bait-and-switch on loan terms. In many cases, the same TILA violations are also alleged; these include Ameriquest's delivery of undated notices of right to cancel and its delivery, in conjunction with the federal notice of right to rescind, of a second and different cancellation form, Ameriquest's One Week Cancellation Period form. Thus, these cases clearly have multiple legal and factual issues in common. This is more than is required for a finding of relatedness.

Further, Ameriquest is the primary defendant in all cases, and a few law firms represent the parties in all cases. For these reasons, this Court should find the actions identified above related to the cases already transferred to the MDL. See, e.g., Murry v. America's Mortgage Banc., Inc., 2004 U.S. Dist. LEXIS 3148, *6 (Guzman, J.)(holding that "any resolution... will necessarily require a determination of the legality of the same defendants' actions under the same statutes and regulations").

5

**III.     THE CASES SATISFY ALL FOUR CONDITIONS FOR REASSIGNMENT**

The cases identified herein also meet all four of the necessary conditions for reassignment. Once relatedness is established, under LR40.4(b) the case or cases may be reassigned to the calendar of a judge with an earlier-numbered case if all of the following criteria are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. Murry v. America's Mortgage Banc., Inc., 2004 U.S. Dist. LEXIS 3148, *5 (Guzman, J.); LR40.2b. On a motion for reassignment, the movants are obligated to specifically articulate reasons why each of four conditions for reassignment under LR40.4(b) are met. Jaffe v. Household International, Inc., 2003 U.S. Dist. LEXIS 7466, *10-11 (Guzman, J.).

In this instance, each of the four criteria are clearly met. First, all cases are currently pending in the Northern District of Illinois. Second, the handling of all cases by the same judge will result in a very substantial saving of judicial time and effort. This is seen easily in view of the large number - scores, in fact - of cases with the same or similar legal or factual issues. Reassignment will mean that only one, rather than several, Northern District Judges will have to rule on the same legal issues. Only one judge will have to develop the expertise necessary to rule on the common legal issues. This magnitude of savings on judicial time and effort is more than sufficient to meet the LR40.4(b) standard. See Murry v. America's Mortgage Banc., Inc., 2004 U.S. Dist. LEXIS 3148, *7 (Guzman, J.)("With the reassignment of Greenleaf, only one judge will need to rule on the dispositive motions filed by defendants"). Cf. Jaffe v. Household International, Inc., 2003 U.S. Dist.

LEXIS 7466, *5-6 (Guzman, J.); Fairbanks Capital Corp.. v. Jenkins, 2002 U.S. Dist. LEXIS 26297, *8 (Kennelly, J.).

Third, none of the cases in the MDL proceeding have progressed to the point where reassignment of the cases identified herein would cause any delay in the MDL cases. Despite the earlier filing dates of the MDL cases, due to case management issues those cases are, in fact, just getting underway. No significant discovery has yet occurred. Further, because they mainly individual actions, discovery in the actions plaintiffs now seek to reassign will be completed in a relatively short time period. Therefore, no significant delay would be caused to any case. See Murry v. America's Mortgage Banc., Inc., 2004 U.S. Dist. LEXIS 3148, *7 (Guzman, J.)(motion granted where the lowest-numbered case "is still in the preliminary stages, and discovery has just begun"); Fairbanks Capital Corp.. v. Jenkins, 2002 U.S. Dist. LEXIS 26297, *8 (Kennelly, J.)("the first of the cases to be filed...has not progressed all that far: the Court has ruled on a motion to dismiss the counterclaim, and discovery has just gotten started").

Fourth, implicit in the aforesaid, all cases are highly susceptible of disposition in a single proceeding. This criterion is met if issues of both law and fact are the same in the related cases. Jaffe v. Household International, Inc., 2003 U.S. Dist. LEXIS 7466, *8 (Guzman, J.). As explained above, this is the situation here. Further, judges of this district have allowed reassignment of cases that have some, individual factual issues along with the common issues of law or fact. Fairbanks Capital Corp.. v. Jenkins, 2002 U.S. Dist. LEXIS 26297, *7, *11, n.1 (Kennelly, J.)("The Rule does not require complete identity of issues in order for cases to be considered related" and "The presence of the HOEPA claim [in addition to the TILA rescission claim] thus does not suggest that the cases are not susceptible of being determined in a single proceeding); Applied Web Systems,

7

Inc., v. Catalytic Combustion Corp., 1991 U.S. Dist. LEXIS 5696, *5-6 (Alesia, J.)("The complaints filed... are virtually identical and [defendant's] defenses in both cases are identical.. The only difference between [the two cases] is that each involves a different... customer...Although this case contains one additional count which is not included in the [other] case, both cases unquestionably will share common issues of law and fact").

## IV. OTHER CONSIDERATIONS SUPPORT RE-ASSIGNMENT OF THE CASES BEFORE A SINGLE JUDGE

Re-assignment will also help ensure uniformity in the administration of justice in all cases. Fairbanks Capital Corp.. v. Jenkins, 2002 U.S. Dist. LEXIS 26297, *7 (Kennelly, J.)("The overall administration of justice will likewise be enhanced by having a single judge determine this issue in all four cases"). For this reason, the Seventh Circuit has expressed a preference that cases that are similar be consolidated before the same judge to avoid disparate decisions and multiple appeals. Smith v. Check-N-Go of Illinois, Inc., 200 F.3d 511, 513 n.* (7th Cir. 1999).

Further, in recent years, the Seventh Circuit has expressed a strong preference for the reassignment of related cases to a single judge. Smith v. Check-N-Go, Inc., et al., 200 F.3d 511, FN*, 513 (7th Cir.1999) ("For reasons that we have been unable to discover, the Northern District of Illinois, in which these suits were filed, did not consolidate them before a single judge, even though the issues and parties have substantial overlap"); Gibson v. Bob Watson Chevrolet-GEO, Inc., 112 F.3d 283 (7th Cir. 1997)("For unexplained reasons the cases, having initially been randomly assigned to different district judges in the Northern District of Illinois, were not reassigned to a single judge, as authorized by N.D. Ill. R. 2.31, but remained with the original judges, eleven of whom have ruled on motions to dismiss the complaint or to grant summary judgment for defendant...."); and Southmark Corp. v. Cagan, et al., 950 F.2d 416, 419 (7th Cir. 1991)("[W]e

strongly suggest that Judge Williams, to whom the earliest of the three related cases was assigned, request the district court's Executive Committee to consolidate the three cases and reassign them to her under that court's Rule 2.31d in order to avoid potentially inconsistent judgments").

Finally, reassignment of these cases to a single judge for the purpose of consolidating class and merits discovery would also enhance the manageability of discovery for the parties, their attorneys and all witnesses. Courts consolidate cases for purposes of discovery where deemed appropriate. Applied Web Systems, Inc., v. Catalytic Combustion Corp., 1991 U.S. Dist. LEXIS 5696, *6-7 (Alesia, J.). Here, the same defendant will be the subject of complex and extensive document and oral discovery, especially given the common allegations of law and fact across the cases. For these reasons, reassignment would streamline discovery, with discovery issues only needing to decided one time and with documents and witnesses only having to be produced one time. This would save time and contain litigation costs. Applied Web, Inc. Catalytic Combustion Corp. at *7.

## V. CONCLUSION

For all of the above reasons, plaintiffs in the cases listed above respectfully request that this Court enter an Order:

    (1) finding the cases related to cases in the MDL proceeding;

    (2) reassigning the cases to the Honorable Judge Marvin E. Aspen; and

    (3) granting any other or further relief that the Court deems just.

          Respectfully Submitted,


          s/Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen Combs
James Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)