**EXHIBIT 20**

RECEIVED

MAY 19 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CALVIN BROWN and DORA BROWN,                )
                                            )
    Plaintiffs,                             )
                                            )
v.                                          )
                                            )
AMERIQUEST MORTGAGE COMPANY,                )
AMERIQUEST MORTGAGE SECURITIES,             )
INC., AMC MORTGAGE SERVICES,                )
INC., and DOES 1-5,                         )
                                            )
    Defendants.                             )

06C 2830

JUDGE JOAN H. LEFKOW

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

JURY DEMANDED

## COMPLAINT

### INTRODUCTION

1. Plaintiffs Calvin Brown and Dora Brown bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

### PARTIES

3. Plaintiffs Calvin Brown and Dora Brown own and reside in a single-family

1

home at 283 Cornell Avenue, Calumet City, IL 60409.

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

9. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

10. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

2

11. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

## FACTS RELATING TO PLAINTIFFS

12. Prior to Feb. 16, 2004, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

13. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

14. The loan, in the principal amount of $130,000, was closed on Feb. 16, 2004.

15. When plaintiffs applied for the loan, they were promised a fixed rate loan with an interest rate of 5.99%.

16. Ameriquest had pulled plaintiffs' credit reports and obtained sufficient financial information about the plaintiffs to evaluate the rate for which they qualified prior to quoting them the 5.99% rate.

17. Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A. In particular, the interest rate was increased from 5.99% to 7.55%.

18. It was the policy and practice of Ameriquest Mortgage Company to engage in "bait and switch" loan solicitation practices, whereas one set of terms was initially quoted after Ameriquest had obtained sufficient information to provide an accurate quote, and then more

3

onerous terms (such as a higher interest rate) were imposed immediately before the closing.

19. The following are documents relating to the loan:

    a. A note, Exhibit B;

    b. A mortgage, Exhibit C;

    c. A settlement statement, Exhibit D;

    d. A Truth in Lending disclosure statement, Exhibit E;

    e. The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit F;

    f. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit G.

20. Plaintiffs were charged a 2.792% "loan discount" fee, amounting to $3,629.60 (Exhibit D, line 802).

21. The "loan discount" was in addition to substantial other fees and charges, including a $626 "processing fee," a $360 "application fee," a $239 "administration fee," a $250 appraisal / property valuation fee, a $275 "settlement/ disbursement fee," a $70 "tax related service fee," a $16 "flood search fee," and a $60 "courier fee." See Exhibit D.

22. Plaintiffs were informed by Amerquest in Exhibit H that in exchange for the "loan discount" fee the interest rate on their loan was being reduced. In fact, no "discount" was provided in exchange for the "loan discount" fee.

23. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

24. On information and belief, Ameriquest Mortgage Securities, Inc. owns

4

plaintiffs' loan.

25. In the event Ameriquest Mortgage Securities, Inc. does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

## COUNT I – TRUTH IN LENDING ACT

26. Plaintiffs incorporate paragraphs 1-25. This claim is against all defendants.

27. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever**

5

occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

## GROUNDS FOR RESCISSION

28. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs's right to cancel within three-days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

6

29. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.

30. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

31. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

32. Notice of rescission has been given to defendants. A copy is attached as Exhibit I.

33. The loan has not been rescinded.

34. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

35. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs requests that the Court enter judgment in favor of plaintiffs and against defendants for:

    a. A judgment voiding plaintiffs' mortgage, capable of recordation in

7

the public records, and binding on defendants;

      b. Statutory damages for the underlying disclosure violation;

      c. If appropriate, statutory damages for failure to rescind;

      d. Attorney's fees, litigation expenses and costs.

      e. Such other or further relief as the Court deems appropriate.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

36. Plaintiffs incorporate paragraphs 1-25. This claim is against Ameriquest Mortgage Company.

37. Defendant Ameriquest Mortgage Company engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by:

      a. Engaging in "bait and switch" practices, by promising a 5.99% loan after acquiring sufficient financial information to underwrite the loan, and then switching plaintiffs to a 7.55% loan immediately prior to closing;

      b. Charging a "loan discount" fee, representing (Exhibit H) that the fee was to purchase a reduction in the interest rate, and then increasing rather than decreasing plaintiffs' rate.

38. Ameriquest engaged in such practices in the course of trade and commerce.

39. Ameriquest engaged in such practices for the purpose of inducing reliance on the part of borrowers, by entering into the disadvantageous transactions.

40. Plaintiffs did in fact rely on Ameriquest's practices.

8

41. Plaintiffs were damaged as a result.

42. Ameriquest's conduct was intentionally deceptive and malicious, warranting substantial punitive damages.

WHEREFORE, plaintiffs requests that the Court enter judgment in favor of plaintiffs and against defendant Ameriquest Mortgage Company for the following relief:

    a. Compensatory and punitive damages;

    b. Attorney's fees, litigation expenses and costs.

    c. Such other or further relief as the Court deems appropriate.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Michelle R. Teggelaar
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiffs demand trial by jury.

_____
Daniel A. Edelman

T:\16774\Pleading\Complaint_Pleading.WPD