**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715 <br> Lead Case No. 05-cv-07097 <br><br> Centralized before the <br> Honorable Marvin E. Aspen |

**STIPULATION RE FORM OF NOTICE RE
TEMPORARY INJUNCTIVE RELIEF AND
[PROPOSED] ORDER THEREON**

WHEREAS, on January 11, 2006, certain plaintiffs ("Plaintiffs") in this multidistrict litigation proceeding ("MDL Proceeding") filed motions for class certification and for a preliminary injunction against defendant Ameriquest Mortgage Company ("Ameriquest");

WHEREAS, given that the Court was not able at this early stage of this MDL Proceeding to expeditiously rule on those motions, Plaintiffs sought interim injunctive relief ordering Ameriquest to issue notice to borrowers who may face foreclosure before class-wide relief can be determined;

WHEREAS, on May 30, 2006, the Court issued a Memorandum Opinion and Order ("Order") granting the limited injunction sought by Plaintiffs;

WHEREAS, in the Order, the Court ordered the parties to negotiate the language, timing and delivery of the notice and file an agreed proposal addressing these issues by June 13, 2006; and

WHEREAS, counsel for Plaintiffs and counsel for Ameriquest, on behalf of their respective clients, have met and conferred regarding, among other things, the language, timing and delivery of the notice.

**IT IS HEREBY STIPULATED** by and between Plaintiffs and Ameriquest, through their respective counsel of record, that the form of notice shall read:

"Certain borrowers have challenged Ameriquest Mortgage Company's ("Ameriquest") practices under the Truth in Lending Act. They claim that Ameriquest Mortgage Company has not provided proper Notices of Right to Cancel to its borrowers. Borrowers who did not receive legally sufficient notice of their right to cancel have up to three years to cancel their mortgage transaction (four years in Massachusetts). The right to cancel ends if there is a completed foreclosure sale.

"You have been identified as someone whose Ameriquest loan is subject to a foreclosure sale in the near future. You should review your transaction with an attorney or legal services organization to determine if you have an enforceable right to cancel and whether it is in your interest to cancel.

"If you cancel, a court will need to determine if your cancellation is effective. If a court determines that your cancellation is effective, your mortgage will be void and you will not have to pay any finance charges. Instead, you will have to immediately repay any unpaid principal amount (for example, by refinancing your loan).

"This Notice is being given to you pursuant to an order of the Court in *In re Ameriquest Mortgage Company Mortgage Lending Practices Litigation*, M.D.L. No. 1715, Lead Case No. 05-cv-07097 (N.D. Ill.) Please do not call the Court."

**IT IS FURTHER STIPULATED** by and between Plaintiffs and Ameriquest, through their respective counsel of record, that the timing and delivery of the notice shall be as follows:

- Ameriquest shall be obligated to mail by U.S. Certified Mail, Return Receipt Requested the final form of notice approved by the Court on or about June 13, 2006 ("Final Form of Notice") within two weeks of June 13, 2006, or within two weeks of actual entry of the Court Order approving the Final Form of Notice; and

- Ameriquest shall exercise its best efforts to deliver such Final Form of Notice to the U.S. Post Office no later than June 20, 2006, but in no event later than June 27, 2006; and

- Ameriquest shall address the Final Form of Notice to the same address to which the notice of foreclosure sale was mailed to all Ameriquest borrowers whose

foreclosure sale is currently set to take place between June 28, 2006 and July 28, 2006 (Initial Notice"); and

- Ameriquest shall certify compliance with the Initial Notice within ten (10) days of mailing the Initial Notice to Plaintiffs' attorneys listed below by a declaration under penalty of perjury duly served by First Class U.S. mail on the Plaintiffs' attorneys below; and

- Ameriquest shall be obligated to mail by U.S. Certified Mail, Return Receipt Requested the Final Form of Notice no less than thirty (30) days before the actual foreclosure sales date set on or after July 28, 2006 for Ameriquest originated loans ("Continuing Notice"), which means that Ameriquest shall be required to mail by U.S. Certified Mail, Return Receipt Requested only one form of Final Notice no matter how many times such foreclosure sales date is continued, changed or re-set; and

- Ameriquest shall certify compliance with the Continuing Notice each sixty (60) days to Plaintiffs' attorneys below by a declaration under penalty of perjury duly served by First Class U.S. mail on the Plaintiffs' attorneys listed below.

**IT IS FURTHER STIPULATED** by and between Plaintiffs and Ameriquest, through their respective counsel of record, that the parties could not reach agreement as to whether Ameriquest loans originated on or after January 23, 2006, the date that Ameriquest's agreement with the 49 Attorneys General took effect, should be excluded from any Continuing Notice obligation set forth above. Therefore, the following briefing schedule was agreed upon:

- Plaintiffs and Ameriquest shall each file and serve no later than June 20, 2006 one brief per side as to whether Ameriquest loans originated on or after January 23, 2006 should be excluded from any Continuing Notice obligation set forth above ("AG Settlement/Monitor Issue").

- Plaintiffs and Ameriquest shall each have the right, but not the obligation, to file and serve no later than June 30, 2006 one reply brief per side regarding the AG Settlement/Monitor Issue.

- Thereafter, the Court may either schedule oral argument or resolve the AG Settlement/Monitor Issue without oral argument in the sound discretion of the Court.

.

**IT IS SO STIPULATED.**

Dated: June 12, 2006                         By: /s/ Kelly M. Demody

*Attorneys for Plaintiffs*

Kelly M. Dermody (CA Bar No. 171716)
Caryn Becker (CA Bar No. 196947)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 021111-2810
Telephone: (617) 357-5500
Facsimile: (617) 357-5030

Terry Smiljanich
Jill H. Bowman
JAMES, HOYER, NEWCOMBER &
SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

DATED: June 12, 2006

By: /s/  Bernard E. LeSage

*Attorneys for Defendant Ameriquest Mortgage Company*

Bernard E. LeSage (CA Bar No. 61870)
Sarah K. Andrus (CA Bar No. 174323)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## **ORDER**

The parties hereto having so stipulated, **IT IS ORDERED** that:

- That the form of notice stipulated to between and among the parties as set forth above shall be the final form of notice approve by this court on the date set forth below ("Final Form of Notice"); and

- Ameriquest shall be obligated to mail by U.S. Certified Mail, Return Receipt Requested the Final Form of Notice within two weeks of the below date; and

- Ameriquest shall exercise its best efforts to deliver such Final Form of Notice to the U.S. Post Office no later than June 20, 2006, but in no event later two weeks from the below date; and

- Ameriquest shall address the Final Form of Notice to the same address to which the notice of foreclosure sale was mailed to all Ameriquest borrowers whose foreclosure sale is currently set to take place between June 28, 2006 and July 28, 2006 (Initial Notice"); and

- Ameriquest shall certify compliance with the Initial Notice within ten (10) days of mailing the Initial Notice to Plaintiffs' attorneys listed above by a declaration under penalty of perjury duly served by First Class U.S. mail on the Plaintiffs' attorneys below; and

- Ameriquest shall be obligated to mail by U.S. Certified Mail, Return Receipt Requested the Final Form of Notice no less than thirty (30) days before the actual foreclosure sales date set on or after July 28, 2006 for Ameriquest originated loans ("Continuing Notice"), which means that Ameriquest shall be required to mail by U.S. Certified Mail, Return Receipt Requested only one form of Final Notice no matter how many times such foreclosure sales date is continued, changed or re-set; and

- Ameriquest shall certify compliance with the Continuing Notice each sixty (60) days to Plaintiffs' attorneys above by a declaration under penalty of perjury duly served by First Class U.S. mail on the Plaintiffs' attorneys listed below.

- Plaintiffs and Ameriquest shall each file and serve no later than June 20, 2006 one brief per side as to whether Ameriquest loans originated on or after January 23,

2006 should be excluded from any Continuing Notice obligation set forth above ("AG Settlement/Monitor Issue").

- Plaintiffs and Ameriquest shall each have the right, but not the obligation, to file and serve no later than June 30, 2006 one reply brief per side regarding the AG Settlement/Monitor Issue.

- Thereafter, the Court may either schedule oral argument or resolve the AG Settlement/Monitor Issue without oral argument in the sound discretion of the Court.

**IT IS SO ORDERED.**

Dated:_____, 2006

THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

**CERTIFICATE OF SERVICE**

    I, Bernard E, Lesage, hereby certify that on this 12th day of June 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      By: /s/ Bernard E. LeSage