IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br><br> THIS DOCUMENT RELATES TO: ALL ACTIONS | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before Judge Marvin E. Aspen) |

**[PROPOSED] ORDER RE:
ORGANIZATION AND CASE MANAGEMENT**

Having read and considered Plaintiffs' Joint And Agreed Organization And Case Management Plan, and for good cause appearing, therefore, the Court hereby ORDERS the following:

1. **Selection and Duties of Plaintiffs' Lead Counsel, Liaison Counsel, and Executive Committee; Division of Work Among Lead, Liaison, Executive Committee and Other Plaintiffs' Counsel Firms**

    To act on behalf of Plaintiffs with the responsibilities described herein, the Court designates:

    a. **Co-Lead Counsel Selection and Duties**

    The firms of Lieff, Cabraser, Heimann & Bernstein, LLP; Roddy Klein & Ryan; and James, Hoyer, Newcomber & Smiljanich, P.A., shall be Plaintiffs' Co-Lead Counsel. Co-Lead Counsel shall have the responsibility to communicate with Plaintiffs' counsel and defense counsel on questions of discovery, motions and other pre-trial and trial matters. Co-Lead Counsel shall also have the following responsibilities and duties in this litigation to perform or delegate as appropriate:

    a.  To be lead spokespersons before the Court for Plaintiffs;

    b.  To supervise, manage, and direct all aspects of the litigation on behalf of the Plaintiffs, including delegating specific tasks to other counsel in a manner to ensure that pre-trial preparation for the Plaintiffs is conducted effectively, efficiently and economically;

    c.  To implement any Case Management Orders entered herein, and coordinate all pre-trial matters, including discovery, as set forth herein;

    d.  To assess among Plaintiffs' counsel and advance all costs necessary for proof of all Plaintiffs' claims generally;

    e.  To brief and argue motions for the Plaintiffs, and brief and argue oppositions in proceedings initiated by other parties;

    f.  To consult with Plaintiffs' Executive Committee on matters of common concern;

    g.  To keep Plaintiffs' counsel generally informed of developments involving matters of common concern;

    h.  To conduct pre-trial, trial, and post-trial proceedings;

    i.  To consult with and employ consultants and experts;

    j.  To monitor the activities of Plaintiffs' counsel to assure that schedules are met and that unnecessary expenditures of time and expenses are avoided;

    k.  To communicate with defense counsel on questions of discovery, motions and other pre-trial matters;

    l.  To enter into stipulations with defense counsel necessary for the conduct of the litigation;

  m. To call meetings of other Plaintiffs' counsel and/or defense counsel to effectuate these provisions as necessary;

  n. To negotiate settlements, on behalf of any and all Plaintiffs, subject to Court approval;

  o. In the event of a settlement, to obtain necessary approval for said settlement and to propose a Plan of Allocation;

  p. To collect Plaintiffs' counsel's time and expense records on a quarterly basis, on the 15th day of the month following the end of the quarter, for work and expenditures for the three-month period ending on the 1st day of that month. Any time that is not reported on such a periodic basis, and any unreported expenses for which records are then available, will not be compensated or reimbursed, absent good cause shown for such reporting failure. Work for the common benefit of the Plaintiffs in the case must be expressly approved by Plaintiffs' Co-Lead Counsel or such work will not be compensated. Reviewing the work of other Plaintiffs' counsel will not be compensated unless reasonably necessary; and

  q. To perform all other duties and undertake such other responsibilities as they deem necessary or desirable to proper coordination of Plaintiffs' pretrial, trial and/or appellate activities, or as authorized by further order of the Court.

 Defendants may rely upon all agreements made with Plaintiffs' Co-Lead Counsel and such agreements shall be binding on all Plaintiffs whose cases are subject to the jurisdiction of this Court.

 **b.** **Plaintiffs' Liaison Counsel Selection and Duties**

 The firm Miller Faucher and Cafferty LLP, shall serve as Liaison Counsel to the Court should the Court need to contact Plaintiffs' counsel for scheduling or related matters. Liaison Counsel shall be consulted by Co-Lead Counsel on matters pertaining to Seventh Circuit and

Northern District of Illinois practice and procedure.

    **c.**    **Plaintiffs' Executive Committee**

There shall also be a Plaintiffs' Executive Committee consisting of the firms Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP; Donovan Searles LLC; and Crowder, Bedor & Paulson, LLP.

Lerach Coughlin shall serve as the Chairman of the Plaintiffs' Executive Committee. The Chairman of the Executive Committee shall have responsibility for:

    a.    communications between Lead Counsel and the Executive Committee;

    b.    communications between the Executive Committee and all other Plaintiffs' counsel;

    c.    ensuring the timely completion of all specific task assigned to Members of the Executive Committee;

    d.    making recommendations to Lead Counsel concerning the assignment of specific tasks to Members of the Executive Committee or other Plaintiffs' counsel.

At the direction of Lead Counsel, the members of the Executive Committee shall be responsible for:

    a.    Assisting Lead Counsel with expert and fact discovery;

    b.    Assisting Lead Counsel with pre-trial motion practice and briefing;

    c.    Consulting with Lead Counsel on matters of common concern;

    d.    Contributing to the common benefit cost fund for the prosecution of the case; and

    e.    Assisting Lead Counsel in preparing for trial.

### d.    Plaintiffs' Individual Consumer Claims Steering Committee Selection and Duties

This MDL includes many non-class cases brought by individual consumers against Ameriquest. The National Consumer Law Center ("NCLC") and Consumer Law Group, LLC ("CLG") shall serve as Co-Chairs of the Individual Consumer Claims Steering Committee. These firms shall be responsible for coordinating Plaintiffs' counsel in all non-class (individual) cases coordinated before this Court.

The Court finds good cause to establish an expedited procedure for remanding non-class cases in circumstances where Ameriquest is pressing its state law remedies, given that such cases will proceed most expeditiously and efficiently in the transferring court. Any party in a non-class cases seeking remand shall file a Motion for Remand with this Court. Any response by the non-moving to such a Motion shall be filed within ten days of the filing of the Motion, or a suggestion of remand will be entered without further proceedings.

### e.    Plaintiffs' Committee of the Whole

All Plaintiffs' counsel shall constitute Plaintiffs' Committee of the Whole and shall work in conjunction with Co-Lead Counsel and Plaintiffs' Executive Committee. In addition, all Plaintiffs' counsel representing individual consumers (in non class cases) shall work in conjunction with the Co-Chairs of Plaintiffs' Individual Consumer Claims Steering Committee.

### f.    Term of Appointment

The firms that accept the appointment to serve as Plaintiffs' Co-Lead Counsel, Liaison Counsel, Executive Committee member, or Co-Chairs of Plaintiffs' Individual Consumer Claims Steering Committee, shall serve in those roles for as long as they remain counsel in the litigation or until such time as the Court determines that a change in the duration of service or other terms of service shall be made. The terms of this order shall apply automatically to actions later

instituted, add-ons, or consolidated cases in this Court that involve similar claims. The Court has appointed the named firms as Plaintiffs' Co-Lead Counsel, Plaintiffs' Liaison Counsel, Plaintiffs' Executive Committee members, and/or Chairs of Plaintiffs' Individual Consumer Claims Steering Committee because of the expectation of their personal commitment and contribution to the prosecution of Plaintiffs' claims and to the successful management of the litigation.

**2.     Discovery Scheduling**

Plaintiffs have served discovery in several of the underlying transferred actions. Co-Lead Counsel shall serve their initial coordinated discovery requests by no later than June 27, 2006. Defendants shall respond to discovery outstanding by no later than July 27, 2006.

**3.     Consolidation and Scheduling Motion Practice**

Plaintiffs are hereby granted leave to file and shall file: (1) a consolidated class action complaint (alleging class claims of borrowers in the MDL on behalf of proposed borrower class representatives in the MDL); and (2) a consolidated class action complaint (alleging class claims of non-borrowers in the MDL, such as those involving firm offers of credit to individuals who did not become Ameriquest customers, on behalf of proposed non-borrower class representatives in the MDL).

Both consolidated class action complaints shall be due within 30 days of this Order or by July 31, 2006, whichever is earlier. Except for good cause shown in a particular case transferred to this Court by the MDL Panel after that date, these consolidated complaints (or any amendments to such consolidated complaints as the Court may permit) shall be the operative complaints with respect to all class actions on behalf of borrowers and non-borrowers, respectively, included in MDL No. 1715.

Defendants shall file and serve their responsive pleadings to Plaintiffs' consolidated complaints within twenty-six (26) days thereafter, with Plaintiffs' responses to any Rule 12 motions filed and served thirty (30) days after service of any motion to dismiss and Defendants' replies (if any) filed and served fourteen (14) days after service of Plaintiffs' response.

Plaintiffs shall file their Motion for Class Certification no later than December 15, 2006, with Defendants' Opposition to be due on January 16, 2007, and Plaintiffs' Reply due on January 31, 2007. This schedule is subject to reconsideration if Plaintiffs do not receive substantial discovery from Defendants by October 2, 2006 and an opportunity to conduct Rule 30(b)(6) depositions before November 6, 2006.

**4.     Settlement and/or Mediation Process**

The Court orders the parties to begin mediation with this Court, the assigned Magistrate Judge, or a private mediator by no later than August 1, 2006. The parties are instructed to meet and confer by June 27, 2006, regarding what information they need to exchange in order to form their initial mediation positions. The parties shall also attempt to agree upon a mediator. If the parties are unable to do so, the Court shall appoint one after consultation with Plaintiffs' Co-Lead Counsel and defense counsel.

**5.     Procedures for Filing Papers and Service of Parties**

Defendants shall serve one copy of any pleading, motion, or other document on Plaintiffs' Co-Lead Counsel and Liaison Counsel (and, in the case of a pleading, motion, or other document relating to an individual constituent action, on Plaintiff's counsel in that individual action). Any Plaintiff filing a pleading, motion, or other document shall serve one copy of the same on defense counsel. Where practicable, duplicate service shall be made by facsimile or electronic mail. Service of moving papers and briefs shall be made on the opposing party on the same day that papers are filed with the Court. Where practicable, service of exhibits shall also

be served on the same day as filing with the Court, or if not practicable, by overnight mail.

All documents filed with the Court are available electronically. All interested counsel should register for electronic service of filings in this case. Whether or not they do so, electronic filing of documents shall be considered effective and sufficient service for all other parties and counsel in the included actions (subject to the above service requirements).

**6.      MDL Status and Quarterly Reports**

Plaintiffs Co-Lead Counsel and counsel for Defendants shall meet and confer no less often then quarterly in order to provide the Court and the parties with a mutually agreed upon list of the cases then pending in the MDL (the "quarterly report"). The quarterly report shall also include updates on the status of any matters then pending before the Court.

**7.      Later Filed Cases**

The terms of this order, including pretrial consolidation, shall apply automatically to actions later instituted, add-ons, or actions coordinated or consolidated in this court that involve similar claims. Objections to the terms of this order are waived unless filed with the Court within 10 days of the inclusion of an action in these proceedings. A copy of the objection shall be served on Plaintiffs' Co-Lead Counsel and counsel for Defendants.

**IT IS SO ORDERED.**

Dated: June __, 2006

　　　　　　　　　　　　　　　　　　　　　　　　　　　　
Marvin E. Aspen
UNITED STATES DISTRICT COURT JUDGE