# EXHIBIT A

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| MIGUEL SANCHEZ and<br>SHARON COLEMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | 04 CH 10533 |
| | ) | |
| v. | ) | |
| | ) | Judge Dorothy Kinnaird |
| AMERIQUEST MORTGAGE<br>COMPANY and ARGENT MORTGAGE<br>COMPANY, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF AL HOFELD, JR.

I, Al Hofeld, Jr., do hereby declare under penalty of perjury and pursuant to 735 ILCS 5/1-109 that the following is true and correct:

1. I am one of the attorneys for the plaintiffs in the above-captioned case. I am employed by Edelman, Combs, Latturner & Goodwin, LLC.

2. On February 13, 2006, I first contacted Tom James and Sue Ellis of the Consumer Protection Division of the Office of the Illinois Attorney General to learn more about the nationwide, out-of-court settlement between Ameriquest-related companies and the attorneys general of 49 states ("the Agreement"). Mr. James and Ms. Ellis informed me that they headed the investigation of Ameriquest-related companies for the Illinois Attorney General's office and that they are also involved in aspects of administration of the settlement, including the determination of the formula according to which Illinois borrowers will receive an amount of restitution under the Settlement.

3. A few days later, Mr. James, Ms. Ellis and I had a phone conference lasting

approximately 20-30 minutes in which they answered my questions. I made and kept notes from that conversation.

      4.     During that conversation, they informed me that they estimate that sometime in autumn, 2006, Ameriquest borrowers in Illinois will receive an initial notice informing them of the settlement and that they will have the clearly stated option of "opting in" or accepting the settlement and waiving any claims or, alternatively, rejecting the settlement and pursuing private litigation.

      5.     Mr. James and Ms. Ellis also explained that, under the Agreement, there are two classes of borrowers, pre-SNAP and post-SNAP. "SNAP" is the universal pricing model Ameriquest adopted in January, 2003. The Pre-SNAP class runs from 1999-2004. They informed me that, in Illinois, there were approximately 21,000 loans in the pre-SNAP class, which includes Ameriquest, Town & Country and Bedford loans. The post-SNAP class includes 2004 and 2005. In Illinois, there are approximately 28,000 loans in the post-SNAP class, which also includes Ameriquest, Town & Country and Bedford loans.

      6.     Mr. James and Ms. Ellis explained that Argent was not a party to the Agreement and that, therefore, Argent borrowers/loans are not eligible to receive any restitution. They explained that the release contained in the Agreement releases Argent because it covers all entities that are "subsidiaries" of ACC Capital Holdings Corporation, which Argent is.

      7.     Mr. James and Ms. Ellis explained that, in Illinois, borrowers in the pre-SNAP class will receive a per capita distribution, and some will also receive a distribution based on harms and calibrated to a measure of financial harm suffered. Pre-SNAP loans/borrowers will receive a minimum of $600 per loan and a maximum of $1,000 per loan. The exact amount, they explained, will depend of the rate of participation and the amount of points and fees Ameriquest

charged each borrower. They said that most but not all borrowers in this class will qualify for some amount.

8.    Mr. James and Ms. Ellis further explained that borrowers in the post-SNAP class in Illinois will receive much less than those in the pre-SNAP class. Each post-SNAP class member will receive an amount not to exceed half of the amount that a pre-SNAP class member will receive. Additionally, more people than in the pre-SNAP class will not be eligible to receive any amount. For those on the post-SNAP class who do receive something, the average award will be $300 per loan.

9.    Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Further affiant sayeth not.

Executed this 3rd day of May, 2006.

Al Hofeld, Jr.