**Exhibit 1**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL 1715**

FEB 2 7 2006

DOCKET NO. 1715

FILED
CLERK'S OFFICE

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING
PRACTICES LITIGATION*

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-1)*

On December 13, 2005, the Panel transferred five civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. With the consent of that court, all such actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Aspen.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 13, 2005, ____F.Supp.2d____ (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*
Michael J. Beck
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAR 1 5 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**OFFICIAL FILE COPY**

IMAGED MAR 1 5 2006

# SCHEDULE CTO-1 - TAG-ALONG ACTIONS
## DOCKET NO. 1715
# IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION

DIST. DIV. C.A. #          CASE CAPTION

**ALABAMA SOUTHERN**
ALS  1  05-78          Valerie Lund Mitchell, et al. v. Ameriquest Mortgage Co., et al.  Opposed 3/10/06

**CALIFORNIA CENTRAL**
CAC  2  05-1426        Raymond Quarterman, Jr. v. Ameriquest Capital Corp., et al.  Opposed 3/15/06
CAC  2  05-4982        Maria Morrison, et al. v. Ameriquest Mortgage Co., et al.  Opposed 3/14/06
CAC  8  05-285         Tonya Sumner Brown, et al. v. Ameriquest Capital Corp., et al.
CAC  8  05-907         Rosalind Van Gorp, et al. v. Ameriquest Mortgage Co., et al.
CAC  8  05-1117        Deborah Juillerat v. Ameriquest Mortgage Co.

**CALIFORNIA NORTHERN**
CAN  5  05-2905        Juan Medina v. Argent Mortgage Co., et al.                Opposed 3/14/06

**CONNECTICUT**
CT  3  05-452          Wray Bailey, et al. v. Ameriquest Mortgage Co.
CT  3  05-1296         Jerome L. Sievers, et al. v. Ameriquest Mortgage Co., et al.
CT  3  05-1653         Wetzer Surin v. Alpha Mortgage Lending, LLC, et al.       Opposed 3/14/06

**FLORIDA MIDDLE**
FLM  3  04-1296        George Barber, et al. v. Ameriquest Capital Corp., et al.
FLM  8  05-1849        Steven H. Ungar v. Ameriquet Mortgage Co.

**FLORIDA SOUTHERN**
FLS  1  05-21103       Miguel Almaguer v. Argent Mortgage Co., LLC, et al.       Opposed 3/15/06

**GEORGIA MIDDLE**
GAM  1  05-107         J. Michael Campbell v. Johnnie Ross, et al.               Opposed 3/10/06

**INDIANA NORTHERN**
INN  2  05-411         Joseph A. Mikowski, et al. v. Ameriquest Mortgage Co., et al.

**INDIANA SOUTHERN**
INS  1  05-1618        Katrina D. Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.

**LOUISIANA EASTERN**
LAE  2  05-3067        John Darius Powell, et al. v. Ameriquest Mortgage Co.      Opposed 3/15/06

**MINNESOTA**
MN  0  05-589          Thomas B. Doherty, et al. v. Town & Country Credit Corp.

**NEW YORK EASTERN**
NYE  2  05-3987        Richard A. Madrazo v. Ameriquest Mortgage Co.

**OHIO NORTHERN**
OHN  1  05-1126        Pegi Saunders, et al. v. Ameriquest Mortgage Co., et al.

SCHEDULE OF ACTIONS (CTO-1) - DOCKET NO. 1715                        Page 2 of 2

| DIST. DIV. C.A. # | CASE CAPTION | |
|---|---|---|
| **PENNSYLVANIA EASTERN** | | |
| PAE 2 05-1096 | Scott T. Reuter, et al. v. WM Specialty Mortgage, LLC, et al. | Opposed 3/13/06 |
| PAE 2 05-4427 | Michele D'Ambrogi, et al. v. Ameriquest Mortgage Co. | |
| PAE 2 05-6112 | Jeanette Stokes Godwin v. Argent Mortgage Co., LLC, et al. | Opposed 3/13/06 |
| | | |
| **PENNSYLVANIA WESTERN** | | |
| PAW 2 05-391 | Karen M. Kahrer v. Ameriquest Mortgage Co. | Opposed 3/15/06 |
| | | |
| **RHODE ISLAND** | | |
| RI 1 05-153 | Lillian Melendez v. Ameriquest Mortgage Co. | Vacated 3/09/06 |
| RI 1 05-527 | Eddy G. Pena v. Ameriquest Mortgage Co. | Opposed 3/08/06 |
| RI 1 05-528 | Richard Daneau v. Ameriquest Mortgage Co. | Opposed 3/08/06 |
| RI 1 05-529 | Maria S. Eyre v. Ameriquest Mortgage Co. | Opposed 3/08/06 |
| RI 1 05-530 | Charles F. Parisi v. Ameriquest Mortgage Co. | Opposed 3/08/06 |
| RI 1 05-531 | Karleen M. Frost v. Ameriquest Mortgage Co. | Opposed 3/08/06 |
| RI 1 05-532 | Richard J. Silvia v. Ameriquest Mortgage Co. | Opposed 3/08/06 |
| RI 1 05-533 | Joseph F. Creamer, III v. Ameriquest Mortgage Co. | Opposed 3/08/06 |
| RI 1 05-538 | Renee Leclere v. Ameriquest Mortgage Co. | Opposed 3/08/06 |
| | | |
| **TENNESSEE MIDDLE** | | |
| TNM 3 05-793 | Rickie Ann Reese v. Ameriquest Mortgage Co., et al. | Opposed 3/15/06 |

**Exhibit 2**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 3 2006

FILED
CLERK'S OFFICE

*DOCKET NO. 1715*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-2)

On December 13, 2005, the Panel transferred five civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 13 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Aspen.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation,</u> 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 13, 2005, 408 F.Supp.2d 1354 (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

APR 1 9 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**SCHEDULE CTO-2 - TAG-ALONG ACTIONS**
**DOCKET NO. 1715**
**IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES**
**LITIGATION**

DIST. DIV. C.A. #            CASE CAPTION

COLORADO
~~CO  1  05-2364~~            ~~Thomas Smith, et al. v. Argent Mortgage Co., LLC, et al.~~  Opposed 4/18/06

CONNECTICUT
CT  3  05-1831            Calvin Duncan, et al. v. Ameriquest Mortgage Co.
CT  3  05-1888            Louis Pasacreta, et al. v. Ameriquest Mortgage Co., et al.
CT  3  06-117             Roger Belval, et al. v. Ameriquest Mortgage Co., et al.
CT  3  06-118             Robert L. Allan, et al. v. Argent Mortgage Co., LLC
CT  3  06-119             Michael Bowe, et al. v. Ameriquest Mortgage Co.

INDIANA NORTHERN
INN  2  05-323            Larry Crane, et al. v. Ameriquest Mortgage Co.

MASSACHUSETTS
MA  1  06-10244           Yamil Montanez v. Ameriquest Mortgage Co.

MICHIGAN EASTERN
~~MIE  2  05-73963~~          ~~Lillian J. Tocco v. Argent Mortgage Co., LLC, et al.~~  Opposed 4/17/06

NEW YORK EASTERN
~~NYE  2  05-2605~~           ~~Joseph Miles, Jr., et al. v. Argent Mortgage Co., LLC, et al.~~  Opposed 4/19/06

PENNSYLVANIA WESTERN
PAW  2  05-309            Mark W. Cahalan v. Ameriquest Mortgage Co.

RHODE ISLAND
RI  1  06-40             Patricia Leal v. Ameriquest Mortgage Co.
RI  1  06-41             Jason E. Gould v. Ameriquest Mortgage Co.
RI  1  06-67             Richard J. Silvia v. Ameriquest Mortgage Co.
RI  1  06-68             Veronica I. Carney v. Ameriquest Mortgage Co.

TENNESSEE EASTERN
TNE  1  05-192            Maria E. Arndt, et al. v. Ameriquest Mortgage Co.

TENNESSEE MIDDLE
TNM  3  05-1074           Regina Raines v. First American Title Insurance Co., et al.

TENNESSEE WESTERN
~~TNW  1  06-1051~~           ~~Tenita J. Jones, et al. v. Thomas L. Lewis, et al.~~  Opposed 4/18/06

WISCONSIN EASTERN
~~WIE  2  06-12~~             ~~Mary Forrest v. Ameriquest Mortgage Co.~~  Opposed 4/18/06

**Exhibit  3**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY – 2 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1715

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-3)

On December 13, 2005, the Panel transferred five civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 36 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Aspen.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 13, 2005, 408 F.Supp.2d 1354 (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck

Michael J. Beck
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAY 1 8 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**SCHEDULE CTO-3 - TAG-ALONG ACTIONS**
**DOCKET NO. 1715**
**IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES**
**LITIGATION**

DIST. DIV. C.A. #          CASE CAPTION

CONNECTICUT
  CT  3  06-182          Susan Fitzgerald, et al. v. Ameriquest Mortgage Co.
  CT  3  06-195          Monique M. Belcher, et al. v. Ameriquest Mortgage Co.
  CT  3  06-209          John W. Anderson, Jr., et al. v. Ameriquest Mortgage Co., et al.
  CT  3  06-384          John McCall, et al. v. Ameriquest Mortgage Co., et al.

FLORIDA MIDDLE
  FLM  8  06-477       Johnnie Faison v. Argent Mortgage Co., LLC

HAWAII
  HI  1  06-131         Leimana DaMate v. AMC Mortgage Services, Inc., et al.

NEW YORK EASTERN
  ~~NYE  1  05-4715~~      ~~Mary Overton v. Ameriquest Mortgage Co., et al.~~  Opposed 5/18/06

**Exhibit 4**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 3 1 2006

FILED
CLERK'S OFFICE

## DOCKET NO. 1715

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-4)

On December 13, 2005, the Panel transferred five civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 42 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Aspen.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 13, 2005, 408 F.Supp.2d 1354 (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

## SCHEDULE CTO-4 - TAG-ALONG ACTIONS
## DOCKET NO. 1715
## IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES
## LITIGATION

DIST. DIV. C.A. #                    CASE CAPTION

INDIANA NORTHERN

| DIST | DIV | C.A. # | CASE CAPTION |
|------|-----|--------|--------------|
| INN | 1 | 06-154 | Derek W. Nelson, et al. v. Ameriquest Mortgage Co., et al. |
| INN | 2 | 06-102 | Scott Jeffress, et al. v. Ameriquest Mortgage Co., et al. |
| INN | 2 | 06-130 | Joseph A. Nauracy, et al. v. Ameriquest Mortgage Co., et al. |
| INN | 2 | 06-135 | Robert Cole, et al. v. Ameriquest Mortgage Co., et al. |
| INN | 2 | 06-137 | James Carter, et al. v. Ameriquest Mortgage Co., et al. |
| INN | 2 | 06-149 | Dennis E. Belford v. Ameriquest Mortgage Co., et al. |
| INN | 3 | 06-220 | Cindy Gillespie v. Ameriquest Mortgage Co., et al. |

**Exhibit 5**

# Judicial Panel on Multidistrict Litigation - Case Listing Report

**Docket:** 1715 – In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

**Status:** Transferred on 12/13/2005

**Transferee District:** ILN    **Judge:** Aspen, Marvin E.

Report is Ordered by District and Case #

Printed on 06/09/2006

Page 1

| Civil Action | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination | - Date |
|---|---|---|---|---|---|---|---|---|---|---|
| **ALABAMA SOUTHERN** | | | | | | | | | | |
| 1-06-215 | Conley, et al. v. Ameriquest Mortgage, Inc., et al. | Hand | | Suspense | 06/06/2006 | | | | | |
| **CALIFORNIA CENTRAL** | | | | | | | | | | |
| 2-04-9715 | BungardT v. Ameriquest Capital Corp., et al. | Morrow | | Motion | 09/13/2005 | 2005-7099 | Transfer | 12/13/2005 | | |
| 2-05-1436 | Quackenman v. Ameriquest Capital Corp., et al. | Morrow | 1 | CTO Filed | 02/27/2006 | | CTO Opposed | 03/15/2006 | | |
| 2-05-4982 | Morrison, et al. v. Ameriquest Mortgage Co., et al. | Otero | 1 | CTO Filed | 02/27/2006 | | CTO Opposed | 03/14/2006 | | |
| 8-05-385 | Brown, et al. v. Ameriquest Capital Corp., et al. | Stotler | 1 | CTO Filed | 02/27/2006 | 2006-1230 | CTO Final | 03/15/2006 | | |
| 8-05-907 | Van Gerp, et al. v. Ameriquest Mortgage Co., et al. | Carney | 1 | CTO Filed | 02/27/2005 | 2006-1731 | CTO Final | 03/15/2006 | | |
| 8-05-1117 | Jniform v. Ameriquest Mortgage Co. | Carter | 1 | CTO Filed | 02/27/2005 | 2006-1732 | CTO Final | 03/15/2005 | | |
| **CALIFORNIA NORTHERN** | | | | | | | | | | |
| 3-05-240 | Knox, et al. v. Ameriquest Mortgage Co., et al. | Conti | | Motion | 09/13/2005 | 2005-7100 | Transfer | 12/13/2005 | | |
| 3-06-3427 | Johnson, et al. v. AMC Mortgage Services, Inc. | Conti | | Suspense | 06/07/2006 | | | | | |
| 5-05-2905 | Medina, et al. v. Argent Mortgage Co., et al. | Seeburg | 1 | CTO Filed | 02/27/2006 | | CTO Opposed | 03/14/2006 | | |
| **COLORADO** | | | | | | | | | | |
| 1-05-2354 | Smith, et al. v. Argent Mortgage Co., LLC, et al. | Blackburn | 2 | CTO Filed | 04/03/2006 | | CTO Opposed | 04/18/2006 | | |
| **CONNECTICUT** | | | | | | | | | | |
| 3-05-452 | Bailey, et al. v. Ameriquest Mortgage Co. | Droney | 1 | CTO Filed | 02/27/2006 | 2006-1733 | CTO Final | 03/15/2006 | | |
| 3-05-1296 | Sievers, et al. v. Ameriquest Mortgage Co., et al. | Chatigny | 1 | CTO Filed | 02/27/2006 | 2006-1734 | CTO Final | 03/15/2006 | | |
| 3-05-1653 | Sarin v. Alpha Mortgage Lending, LLC, et al. | Chatigny | 1 | CTO Filed | 02/27/2006 | | CTO Opposed | 03/14/2006 | | |
| 3-05-1831 | Duncan, et al. v. Ameriquest Mortgage Co. | Hall | 2 | CTO Filed | 04/03/2006 | 2006-2467 | CTO Final | 04/19/2006 | | |
| 3-05-1888 | Panecera, et al. v. Ameriquest Mortgage Co., et al. | Kravitz | 2 | CTO Filed | 04/03/2006 | 2006-2468 | CTO Final | 04/19/2006 | | |
| 3-06-117 | Bulval, et al. v. Ameriquest Mortgage Co., et al. | Kravitz | 2 | CTO Filed | 04/03/2006 | 2006-2469 | CTO Final | 04/19/2006 | | |
| 3-06-118 | Allan, et al. v. Argent Mortgage Co., LLC | Hall | 2 | CTO Filed | 04/03/2006 | 2006-2470 | CTO Final | 04/19/2006 | | |
| 3-06-119 | Browe, et al. v. Ameriquest Mortgage Co. | Kravitz | 2 | CTO Filed | 04/03/2006 | 2006-2471 | CTO Final | 04/19/2006 | | |
| 3-06-182 | Fitzgerald, et al. v. Ameriquest Mortgage Co. | Thompson | 3 | CTO Filed | 05/02/2006 | | CTO Final | 05/18/2006 | | |
| 3-06-195 | Belcher, et al. v. Ameriquest Mortgage Co. | Underhill | 3 | CTO Filed | 05/02/2006 | | CTO Final | 05/18/2006 | | |
| 3-06-209 | Anderson, et al. v. Ameriquest Mortgage Co., et al. | Thompson | 3 | CTO Filed | 05/02/2006 | | CTO Final | 05/18/2006 | | |
| 3-06-384 | McCall, et al. v. Ameriquest Mortgage Co., et al. | Kravitz | 3 | CTO Filed | 05/02/2006 | | CTO Final | 05/18/2006 | | |
| 3-06-434 | Damm, et al. v. Ameriquest Mortgage Co., LLC, et al. | Eginton | | Suspense | 06/05/2006 | | | | | |
| 3-06-488 | Veriod, et al. v. Argent Mortgage Co., LLC, et al. | Covello | | Suspense | 06/05/2006 | | | | | |
| 3-06-571 | Ingham, et al. v. Ameriquest Mortgage Co. | Kravitz | | Suspense | 06/05/2006 | | | | | |
| 3-06-662 | Lacoues v. Ameriquest Mortgage Co., et al. | Hall | | Suspense | 06/07/2006 | | | | | |
| **FLORIDA MIDDLE** | | | | | | | | | | |
| 3-04-1296 | Barber, et al. v. Ameriquest Capital Corp., et al. | Corrigan | 1 | CTO Filed | 02/27/2006 | 2005-4735 | CTO Final | 03/15/2006 | | |
| 8-05-1036 | William, et al. v. Ameriquest Mortgage Co. | Kovachevich | | Motion | 09/13/2005 | 2005-7098 | Transfer | 12/13/2005 | | |
| 8-05-1849 | Unger v. Ameriquest Mortgage Co. | Whitemore | 1 | CTO Filed | 02/27/2006 | 2006-1736 | CTO Final | 03/15/2006 | | |
| 8-06-477 | Faison v. Argent Mortgage Co., LLC | Whitemore | 3 | CTO Filed | 05/02/2006 | | CTO Final | 05/18/2006 | | |

(Docket 1,715 Case Listing Cont'd)

| Civil Action | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| **FLORIDA SOUTHERN** | | | | | | | | | |
| 1-06-21103 | Abnagrer v. Argent Mortgage Co., LLC, et al. | Jordan | 1 | CTO Filed | 01/27/2006 | 2006-2024 | CTO Final | 04/03/2006 | |
| **GEORGIA MIDDLE** | | | | | | | | | |
| 1-05-107 | Campbell v. Johnnie Ross, et al. | Sands | 1 | CTO Filed | 02/27/2006 | | CTO Opposed | 03/10/2006 | |
| **GEORGIA NORTHERN** | | | | | | | | | |
| 1-06-329 | Julien, et al. v. Ameriquest Mortgage Co. | Pannell | | Awaiting Info | 06/08/2006 | | | | |
| 1-06-839 | Jones v. Argent Mortgage Co., LLC, et al. | Camp | | Awaiting Info | 06/08/2006 | | | | |
| **HAWAII** | | | | | | | | | |
| 1-06-131 | DaMate v. AMC Mortgage Services, Inc., et al. | Ezra | 3 | CTO Filed | 05/02/2006 | | CTO Final | 05/18/2006 | |
| **ILLINOIS CENTRAL** | | | | | | | | | |
| 1-06-4113 | Mulvaney v. Town & Country Credit Corp., et al. | McDade | | Awaiting Info | 06/08/2006 | | | | |
| 4-06-4030 | Harris v. Ameriquest Mortgage Co., et al. | McDade | | Awaiting Info | 06/08/2006 | | | | |
| **ILLINOIS NORTHERN** | | | | | | | | | |
| 1-04-7627 | Furgeson v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-389 | Hulshad v. Ameriquest Mortgage Co., et al. | Filip | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-432 | Jones v. Ameriquest Mortgage Co. | Coar | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-465 | Tammordio v. Ameriquest Mortgage Co., et al. | Coar | | XYZ Case | 03/31/2006 | | NTN | 03/31/2006 | |
| 1-05-648 | Smith, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 01/27/2006 | |
| 1-95-1007 | Washington, et al. v. Ameriquest Mortgage Co., et al. | Coar | | XYZ Case | 01/27/2006 | | NTN | 01/27/2006 | |
| 1-05-1009 | Jimenez, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-1077 | Key v. Ameriquest Mortgage Co. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-1078 | Treadwell, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/27/2005 | | NTN | 01/27/2006 | |
| 1-05-1080 | Talley, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 01/26/2006 | |
| 1-05-1218 | Murray, et al. v. Ameriquest Mortgage Co. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/27/2006 | |
| 1-05-1402 | Westerry, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 03/31/2006 | |
| 1-05-1687 | Abercrombie v. Argent Mortgage Co., LLC, et al. | Filip | | XYZ Case | 03/31/2006 | | NTN | 03/15/2006 | |
| 1-05-2625 | Tremble v. Town & Country Credit Corp. | Aspen | | XYZ Case | 03/15/2006 | | NTN | 01/26/2006 | |
| 1-95-3976 | Mills v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 03/31/2006 | |
| 1-95-4025 | Harris v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 03/31/2006 | | NTN | 01/27/2006 | |
| 1-05-4162 | Salazar, et al. v. Ameriquest Mortgage Co. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 01/26/2006 | |
| 1-05-4644 | Luedtke, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/30/2006 | |
| 1-05-4696 | Zante v. Ameriquest Mortgage Co., et al. | Conlon | | XYZ Case | 01/30/2006 | | NTN | 01/26/2006 | |
| 1-05-4709 | Lemmons v. Ameriquest Mortgage Co., et al. | St. Eve | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-4723 | Brown v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-5024 | Payne v. Ameriquest Mortgage Co., et al. | Lindberg | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-5033 | Doolittle, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/27/2006 | |
| 1-05-5035 | Plutnak, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/27/2005 | | NTN | 01/26/2006 | |
| 1-05-5111 | Brown, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-5911 | Holsmeister v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 03/15/2006 | |
| 1-05-6158 | Mayfield v. Town & Country Credit Corp. | Aspen | | XYZ Case | 03/15/2006 | | NTN | 01/26/2006 | |
| 1-05-6172 | Perry v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/27/2006 | |
| 1-05-6517 | Polydoms, et al. v. Town & Country Credit Corp., et al. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 01/26/2006 | |
| 1-05-6808 | Buckner v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | | |

(Docket 1,715 Case Listing Cont'd)

| Civil Action | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination | - Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 1-06-269 | Jewell, et al. v. Ameriquest Mortgage Co. | Aspen | | XYZ Case | 05/10/2006 | | NTN | 05/10/2006 | | |
| 1-06-1438 | Bergquist v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 04/19/2006 | | NTN | 04/19/2006 | | |
| 1-06-1546 | Thompson, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 05/10/2006 | | NTN | 05/10/2006 | | |
| 1-06-1547 | Lurry-Payne v. Town & Country Credit Corp., et al. | Aspen | | XYZ Case | 05/10/2006 | | NTN | 05/10/2006 | | |
| 1-06-1581 | Rebuck, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 05/10/2006 | | NTN | 05/10/2006 | | |
| 1-06-1691 | Judy, et al. v. Town & Country Credit Corp., et al. | Aspen | | XYZ Case | 05/01/2006 | | NTN | 05/01/2006 | | |
| 1-06-1716 | Geis, et al. v. Ameriquest Mortgage Co., et al. | St. Eve | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | | |
| 1-06-1829 | Garcia v. Argent Mortgage Co., LLC, et al. | Coar | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-1831 | McGowan v. Ameriquest Mortgage Co., et al. | Manning | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-1848 | Howicka v. Ameriquest Mortgage Co., et al. | Grady | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-1849 | Billings, et al. v. Ameriquest Mortgage Co., et al. | Der-Yeghiayan | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-1876 | Hennon v. Ameriquest Mortgage Co., et al. | Hollerman | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-1879 | Eslen, et al. v. Ameriquest Mortgage Co., et al. | Grady | | XYZ Case | 04/19/2006 | | NTN | 04/19/2006 | | |
| 1-06-1899 | Wessel, et al. v. Ameriquest Mortgage Co., et al. | Kocoras | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-1944 | Hall v. Ameriquest Mortgage Co., et al. | Manning | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-1945 | Magliuzo, et al. v. Ameriquest Mortgage Co., et al. | Leinenweber | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-1947 | Manin v. Argent Mortgage Co., LLC, et al. | Plunkett | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-1959 | Rodriguez, et al. v. Town & Country Credit Corp., et al. | Kennelly | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-1981 | Anderson, et al. v. Ameriquest Mortgage Co., et al. | Moran | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-2041 | Jenkins v. Argent Mortgage Co., LLC, et al. | Conlon | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-2045 | Green v. Argent Mortgage Co., LLC, et al. | Zagel | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | | |
| 1-06-2187 | Rodriguez, et al. v. Ameriquest Mortgage Co., et al. | Lefkow | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | | |
| 1-06-2333 | Stelpnick, et al. v. Ameriquest Mortgage Co., et al. | Grady | | XYZ Case | 06/08/2005 | | NTN | 06/08/2006 | | |
| 1-06-2396 | Spencer v. Ameriquest Mortgage Co., et al. | Filip | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | | |
| 1-06-2397 | Jones v. Ameriquest Mortgage Co., et al. | Lindberg | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | | |
| 1-06-2430 | Balick, et al. v. Ameriquest Mortgage Co., et al. | Der-Yeghiayan | | XYZ Case | 06/07/2006 | | NTN | 06/07/2006 | | |
| 1-06-2482 | Dougherty, et al. v. Ameriquest Mortgage Co., et al. | Andersen | | XYZ Case | 06/07/2006 | | NTN | 06/08/2006 | | |
| 1-06-2549 | Grabowski v. Ameriquest Mortgage Co., et al. | Castillo | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | | |
| 1-06-2637 | Giue8 v. Ameriquest Mortgage Co. | Kennelly | | XYZ Case | 06/08/2006 | | NTN | 06/07/2006 | | |
| 1-06-2676 | Bestecfield v. Ameriquest Mortgage Co., et al. | Lindberg | | XYZ Case | 06/07/2005 | | NTN | 06/08/2006 | | |
| 1-06-2683 | Tisei v. Ameriquest Mortgage Co., et al. | Der-Yeghiayan | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | | |
| 1-06-2697 | Wisniewski, et al. v. Town & Country Credit Corp., et al. | Kennelly | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | | |
| 1-06-2736 | Rogers v. Town & Country Credit Corp., et al. | Coar | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | | |
| 1-06-2771 | Jiles v. Argent Mortgage Co., LLC, et al. | Aspen | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | | |
| 1-06-2807 | Walker, et al. v. Ameriquest Mortgage Co., et al. | Kennelly | | XYZ Case | 06/08/2006 | | NTN | 06/07/2006 | | |
| 1-06-2809 | Grabs v. Argent Mortgage Co., LLC, et al. | Lefkow | | XYZ Case | 06/07/2006 | | NTN | 06/08/2006 | | |
| 1-06-2828 | Smith, et al. v. Ameriquest Mortgage Co., et al. | Coar | | XYZ Case | 06/08/2006 | | NTN | 06/07/2006 | | |
| 1-06-2929 | Hsen, et al. v. Argent Mortgage Co., LLC, et al. | Gettleman | | XYZ Case | 06/07/2006 | | NTN | 06/07/2006 | | |
| 1-06-2830 | Brown, et al. v. Ameriquest Mortgage Co., et al. | Lefkow | | XYZ Case | 06/07/2006 | | NTN | 05/08/2006 | | |
| 1-06-2897 | Rocco, et al. v. Ameriquest Mortgage Co., et al. | Der-Yeghiayan | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | | |
| 1-06-2912 | Deardes v. Ameriquest Mortgage Co., et al. | Darrah | | XYZ Case | 06/07/2006 | | NTN | 06/07/2006 | | |

**INDIANA NORTHERN**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1-06-154 | Nelson, et al. v. Ameriquest Mortgage Co., et al. | Lee | 4 | CTO Filed | 05/31/2006 | 2006-2472 | CTO Final | 04/19/2006 | | |
| 2-05-323 | Oass, et al. v. Ameriquest Mortgage Co. | Simon | 2 | CTO Filed | 04/03/2006 | 2006-1737 | CTO Final | 03/15/2006 | | |
| 2-05-411 | Mikowski, et al. v. Ameriquest Mortgage Co., et al. | Simon | 1 | CTO Filed | 02/27/2006 | | | | | |

(Docket 1,715 Case Listing Cont'd)

| Civil Action | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| 2-06-402 | Jeffress, et al. v. Ameriquest Mortgage Co., et al. | Lozano | 4 | CTO Filed | 05/31/2006 | | | | |
| 2-06-430 | Nawracy, et al. v. Ameriquest Mortgage Co., et al. | Simon | 4 | CTO Filed | 05/31/2006 | | | | |
| 2-06-135 | Cole, et al. v. Ameriquest Mortgage Co., et al. | Simon | 4 | CTO Filed | 05/31/2006 | | | | |
| 2-06-137 | Carter, et al. v. Ameriquest Mortgage Co., et al. | Moody | 4 | CTO Filed | 06/31/2006 | | | | |
| 2-06-149 | Belford v. Ameriquest Mortgage Co., et al. | Lozano | 4 | CTO Filed | 06/31/2006 | | | | |
| 3-06-220 | Gillespie v. Ameriquest Mortgage Co., et al. | Sharp | 4 | CTO Filed | 05/31/2006 | | | | |
| **INDIANA SOUTHERN** | | | | | | | | | |
| 1-05-1618 | Purdy-Rath, et al. v. Argent Mortgage Co., LLC, et al. | Hamilton | 1 | CTO Filed | 02/27/2006 | 2006-1738 | CTO Final | 03/15/2006 | |
| **LOUISIANA EASTERN** | | | | | | | | | |
| 2-05-3057 | Powell, et al. v. Ameriquest Mortgage Co. | Lemmon | 1 | CTO Filed | 02/27/2006 | | CTO Opposed | 03/15/2006 | |
| **MASSACHUSETTS** | | | | | | | | | |
| 1-04-12651 | Murphy, et al. v. Ameriquest Mortgage Co. | Zobel | 1 | Motion | 07/13/2005 | 2005-7101 | Transfer | 12/13/2005 | |
| 1-06-10244 | Montanez v. Ameriquest Mortgage Co. | Zobel | 2 | CTO Filed | 04/03/2006 | 2006-2473 | CTO Final | 04/19/2006 | |
| **MICHIGAN EASTERN** | | | | | | | | | |
| 2-05-73963 | Tocco v. Argent Mortgage Co., LLC, et al. | Cohn | 2 | CTO Filed | 04/03/2006 | | CTO Opposed | 04/17/2006 | |
| **MICHIGAN WESTERN** | | | | | | | | | |
| 1-06-315 | Pfannes, et al. v. Ameriquest Mortgage Co., et al. | Quist | | Awaiting Info | 06/08/2006 | | | | |
| 5-06-56 | Reagan, et al. v. Argent Mortgage Co., LLC | Quist | | Suspense | 06/05/2006 | | | | |
| **MINNESOTA** | | | | | | | | | |
| 0-05-589 | Doherty, et al. v. Town & Country Credit Corp. | Tunheim | 1 | CTO Filed | 02/27/2006 | 2006-1739 | CTO Final | 03/15/2006 | |
| 0-06-1719 | Ameriquest Mortgage Co. v. Lori Matthe, et al. | Davis | | Awaiting Info | 06/08/2006 | | | | |
| **MISSOURI EASTERN** | | | | | | | | | |
| 4-06-746 | Kimbro v. Ameriquest Mortgage Co., et al. | Perry | | Awaiting Info | 06/08/2006 | | | | |
| **NEW JERSEY** | | | | | | | | | |
| 2-06-1221 | Capasso v. Ameriquest Mortgage Co. | Lifland | | Suspense | 06/05/2006 | | | | |
| **NEW YORK EASTERN** | | | | | | | | | |
| 1-05-4715 | Overton v. Ameriquest Mortgage Co., et al. | Johnston | 3 | CTO Filed | 05/02/2006 | | CTO Opposed | 05/18/2006 | |
| 2-05-2605 | Kifos, et al. v. Argent Mortgage Co., LLC, et al. | Platt | 2 | CTO Filed | 04/03/2006 | | CTO Opposed | 04/19/2006 | |
| 2-05-3983 | Melrazo v. Ameriquest Mortgage Co. | Korman | 1 | CTO Filed | 02/27/2006 | 2006-1740 | CTO Final | 03/15/2006 | |
| **NEW YORK SOUTHERN** | | | | | | | | | |
| 1-05-6189 | Williams, et al. v. Ameriquest Mortgage Co. | Swain | | Motion | 07/13/2005 | 2005-7102 | Transfer | 12/13/2005 | |
| 7-06-2135 | Harding, et al. v. Ameriquest Mortgage Co. | McMahon | | Suspense | 06/05/2006 | | | | |
| **OHIO NORTHERN** | | | | | | | | | |
| 1-05-1126 | Saunders, et al. v. Ameriquest Mortgage Co., et al. | Boyko | 1 | CTO Filed | 02/27/2006 | | CTO Final | 03/15/2006 | |
| **OKLAHOMA WESTERN** | | | | | | | | | |
| 5-05-862 | Hasley, et al. v. Argent Mortgage Co., LLC, et al. | Heaton | | Awaiting Info | 03/31/2006 | | | | |
| 5-05-863 | Davis, et al. v. Argent Mortgage Co., et al. | Cauthron | | Awaiting Info | 03/31/2006 | | | | |
| **PENNSYLVANIA EASTERN** | | | | | | | | | |
| 2-05-1096 | Reuter, et al. v. WM Specialty Mortgage, LLC, et al. | Fullam | 1 | CTO Filed | 02/27/2006 | | CTO Opposed | 03/13/2006 | |
| 2-05-4427 | D'Amburgi, et al. v. Ameriquest Mortgage Co. | Rufe | 1 | CTO Filed | 02/27/2006 | 2006-1742 | CTO Final | 03/15/2006 | |
| 2-05-6112 | Godwin v. Argent Mortgage Co., LLC, et al. | DuBois | 1 | CTO Filed | 02/21/2006 | | CTO Opposed | 03/17/2006 | |
| 2-06-944 | Larossa, et al. v. Ameriquest Mortgage Co., et al. | Robreno | | Awaiting Info | 06/08/2006 | | | | |

*(Docket 1,715 Case Listing Cont'd)*

Page 5

| Civil Action | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| **PENNSYLVANIA MIDDLE** | | | | | | | | | |
| 3:06-697 | Jobe, et al. v. Ameriquest Mortgage Co., LLC | Vanaskie | | Suspense | 06/05/2006 | | | | |
| **PENNSYLVANIA WESTERN** | | | | | | | | | |
| 2:05-369 | Cahalan v. Ameriquest Mortgage Co. | Lancaster | 2 | CTO Filed | 04/03/2006 | 2006-2474 | CTO Final | 04/19/2006 | |
| 2:05-591 | Kaiser v. Ameriquest Mortgage Co. | Standish | 1 | CTO Filed | 02/27/2006 | | CTO Opposed | 03/15/2006 | |
| **RHODE ISLAND** | | | | | | | | | |
| 1:05-527 | Pena v. Ameriquest Mortgage Co. | Smith | 1 | CTO Filed | 02/21/2006 | 2006-1924 | CTO Final | 03/28/2006 | |
| 1:05-528 | Dianese v. Ameriquest Mortgage Co. | Torres | 1 | CTO Filed | 02/27/2006 | 2006-1925 | CTO Final | 03/28/2006 | |
| 1:05-529 | Eyre v. Ameriquest Mortgage Co. | Lisi | 1 | CTO Filed | 02/27/2006 | 2006-1926 | CTO Final | 03/28/2006 | |
| 1:05-530 | Parisis v. Ameriquest Mortgage Co. | Torres | 1 | CTO Filed | 02/27/2006 | 2006-1927 | CTO Final | 03/28/2006 | |
| 1:05-531 | Frost v. Ameriquest Mortgage Co. | Smith | 1 | CTO Filed | 02/27/2006 | 2006-1928 | CTO Final | 03/28/2006 | |
| 1:05-531 | Silvia v. Ameriquest Mortgage Co. | Lisi | 1 | CTO Filed | 02/21/2006 | 2006-1929 | CTO Final | 03/28/2006 | |
| 1:05-532 | Silvia v. Ameriquest Mortgage Co. | Lisi | 1 | CTO Filed | 02/27/2006 | 2006-1930 | CTO Final | 03/28/2006 | |
| 1:05-533 | Creamer v. Ameriquest Mortgage Co. | Smith | 1 | CTO Filed | 02/27/2006 | 2006-1931 | CTO Final | 03/28/2006 | |
| 1:05-538 | Leclerc v. Ameriquest Mortgage Co. | Torres | 2 | CTO Filed | 04/03/2006 | 2006-2475 | CTO Final | 04/19/2006 | |
| 1:06-40 | Leal v. Ameriquest Mortgage Co. | Smith | 2 | CTO Filed | 04/03/2006 | 2006-2476 | CTO Final | 04/19/2006 | |
| 1:06-41 | Gould v. Ameriquest Mortgage Co. | Lisi | 2 | CTO Filed | 04/03/2006 | 2006-2477 | CTO Final | 04/19/2006 | |
| 1:06-67 | Silvia v. Ameriquest Mortgage Co. | Smith | 2 | CTO Filed | 04/03/2006 | 2006-2478 | CTO Final | 04/19/2006 | |
| 1:06-68 | Camey, Ameriquest Mortgage Co. | | | | | | | | |
| **TENNESSEE EASTERN** | | | | | | | | | |
| 1:05-152 | Arnall, et al. v. Ameriquest Mortgage Co. | Mattice | 2 | CTO Filed | 04/03/2006 | 2006-2479 | CTO Final | 04/19/2006 | |
| **TENNESSEE MIDDLE** | | | | | | | | | |
| 3:05-793 | Reese v. Ameriquest Mortgage Co., et al. | Echols | 1 | CTO Filed | 02/27/2006 | | CTO Opposed | 03/15/2006 | |
| 3:05-1074 | Rainey v. First American Title Insurance Co., et al. | Trauger | 2 | CTO Filed | 04/03/2006 | 2006-2480 | CTO Final | 04/19/2006 | |
| **TENNESSEE WESTERN** | | | | | | | | | |
| 1:06-1051 | Jones, et al. v. Thomas L. Lewis, et al. | Todd | 2 | CTO Filed | 04/03/2006 | | CTO Opposed | 04/18/2006 | |
| **WISCONSIN EASTERN** | | | | | | | | | |
| 2:06-12 | Forrest v. Ameriquest Mortgage Co. | Stadtmueller | 2 | CTO Filed | 04/03/2006 | | CTO Opposed | 04/18/2006 | |

**REPORT SUMMARY and FILTERS**

Docket: 1715 - Ameriquest Mortgage Co. Mortgage
Lending Practices
For Open Cases

There are 161 Cases on this Report.

71 XYZ Actions     47 Transferred Actions

10 Suspense Actions     0 Terminated Actions

**Exhibit 6**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | [Reply to Plaintiffs' Memorandum Concerning Potential Foreclosures; Declaration of Craig Varga; Evidentiary Objections filed concurrently herewith] |

**DECLARATION OF ELIZABETH M. SMITH IN SUPPORT OF DEFENDANT AMERIQUEST MORTGAGE COMPANY'S REPLY TO PLAINTIFFS' MEMORANDUM CONCERNING POTENTIAL FORECLOSURES**

I, Elizabeth M. Smith, declare as follows:

1.        I am an attorney licensed to practice in the State of Connecticut and am an associate with the firm of Brown Raysman Millstein Felder & Steiner, LLP ("Brown Raysman"). I am one of the attorneys at Brown Raysman responsible for representing Ameriquest Mortgage Company ("Ameriquest") in the case entitled *Wray Bailey, et al. v. Ameriquest Mortgage Company*, United States District Court for the District of Connecticut, Case No. 3:05-CV-00452 (CFD) ("*Bailey*"). Plaintiffs in *Bailey* are represented by attorney Daniel S. Blinn.

2.        Through the course of the *Bailey* litigation, I personally reviewed many of the borrower copies of the subject loan files at Mr. Blinn's office, and have personal knowledge of the facts set forth herein. During my examination, I located form solicitation letters stamped

"Advertising Material" in some of the borrower files I reviewed. In these letters, Mr. Blinn solicits borrowers for a "free evaluation of [their] situation" and represents that they may have "a significant claim against Ameriquest Mortgage Corporation" and be "entitled to a reduction to [their] loan amount of $30,000 or more". True and correct copies of samples of these solicitation letters are attached hereto as Exhibit A.

     3.     If called as a witness, I would and could competently testify to all of the above as within my personal knowledge except as to those matters stated on information and belief and as to those matters, I believe them to be true.

    I declare under penalty of perjury under all applicable laws that the foregoing is true and correct and to the best of my knowledge, information and belief. This Declaration was executed at Hartford, Connecticut on February 17, 2006.

                  /s/ Elizabeth Smith

**Exhibit A**

ADVERTISING MATERIAL

**Daniel S. Blinn**
**Attorney at Law**
**Tel (860) 571-0408; 1-877-425-4529**
**Facsimile (860) 571-7457**
*dblinn@consumerlawgroup.com*

February 15, 2005

Tricia A. Safferstein
52 Pearson Ave.
Milford, CT 06460

Dear Tricia A. Safferstein,

**If you have already retained a lawyer for this matter, please disregard this letter.**

We are contacting you because we believe you may have a significant claim against Ameriquest Mortgage Corporation. Specifically, we have learned in the course of representing other clients that Ameriquest may have failed to comply with the Federal Truth in Lending Act in connection with the refinancing of their residential mortgages. If you refinanced your home mortgage with Ameriquest within the past 3 years, and if Ameriquest did not make certain disclosures to you, then you may be entitled to cancel your mortgage and obtain a refund of all closing costs and all interest charges that you have paid to date. Depending upon your circumstances, it is possible that you are entitled to a reduction to your loan amount of $30,000 or more.

The purpose of this letter is to offer you a free evaluation of your situation. We will review your loan documents and advise you as to whether you have a claim. There is no cost for this evaluation, and you would have no obligation to us whatsoever.

If your Ameriquest loan was taken when your first purchased your home, you should disregard this letter.

Please contact us at (860) 571-0408 or our toll free number at (877) 425-4529 if you are interested in having us review your paperwork. We hope to hear from you soon.

Sincerely,

Daniel S. Blinn
Managing Attorney

**CONSUMER LAW GROUP**

35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067

tel. 860 ■ 571 ■ 0408
fax 860 ■ 571 ■ 7457

lawyer@consumerlawgroup.com

*Lawyers for the Rest of Us.*™

ADVERTISING MATERIAL

**Daniel S. Blinn**
**Attorney at Law**
Tel (860) 571-0408
*e-mail: dblinn@consumerlawgroup.com*

November 10, 2004

Scott A. Leblanc
73 Phedon Parkway
Middletown, CT 06457

Dear Scott A. Leblanc,

    **If you have already retained a lawyer for this matter, please disregard this letter.**

    We are contacting you because we believe you may have a significant claim against Ameriquest Mortgage Corporation. Specifically, we have learned in the course of representing other clients that Ameriquest may have failed to comply with the Federal Truth in Lending Act in connection with the refinancing of their residential mortgages. If you refinanced your home mortgage with Ameriquest within the past 3 years, and if Ameriquest did not make certain disclosures to you, then you may be entitled to cancel your mortgage and obtain a refund of all closing costs and all interest charges that you have paid to date. Depending upon your circumstances, it is possible that you are entitled to a reduction to your loan amount of $30,000 or more.

    The purpose of this letter is to offer you a free evaluation of your situation. We will review your loan documents and advise you as to whether you have a claim. There is no cost for this evaluation, and you would have no obligation to us whatsoever.

    If your Ameriquest loan was taken when your first purchased your home, you should disregard this letter.

    Please contact us at our toll free number, 877-425-4529, if you are interested in having us review your paperwork. We hope to hear from you soon.

Sincerely,

Daniel S. Blinn
Managing Attorney

**CONSUMER LAW GROUP**

P.O. Box 1039
2138 Silas Deane Highway
Rocky Hill, CT 06067-9997
tel. 860 ■ 571 ■ 0408
fax 860 ■ 571 ■ 7457
lawyer@consumerlawgroup.com
*Lawyers for the Rest of Us.™*

**Exhibit 7**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **Reply to Plaintiffs' Memorandum Concerning Potential Foreclosures; Declaration of Elizabeth Smith; Evidentiary Objections filed concurrently herewith** |

### DECLARATION OF CRAIG VARGA IN SUPPORT OF DEFENDANT AMERIQUEST MORTGAGE COMPANY'S REPLY TO PLAINTIFFS' MEMORANDUM CONCERNING POTENTIAL FORECLOSURES

I, Craig Varga, declare as follows:

1. I am an attorney licensed to practice in the State of Illinois and am a shareholder of the firm Varga Berger Ledsky Hayes & Casey, A Professional Corporation ("Varga Berger"). I am the attorney at Varga Berger primarily responsible for representing Ameriquest Mortgage Company ("Ameriquest") in many of the cases that have been designated by Ameriquest as potential "tag-along" actions to this Multi-District Litigation proceeding. The Plaintiffs in many of these potential "tag-along" actions are represented by the firm of Edelman, Combs, Latturner & Goodwin, LLC.

2. Attached as Exhibits A and B are excerpts of Ameriquest's Local Rule 56.1(a)(3) Statements of Uncontested Material Facts and the plaintiffs' responses thereto filed in the cases of Hamm v. Ameriquest Mortgage Co., Case No. 05 C 0277, and Jones v. Ameriquest Mortgage Co., et al., Case No. 05 C 0432, which establish that the Edelman firm sent solicitation letters to Ameriquest borrowers in these instances. See, Exhibit A, statement no. 33 and the referenced materials attached hereto and plaintiffs' response to same; Exhibit B, statement no. 29 and the

1

referenced materials attached hereto and plaintiffs' response to same. Further, attached as Exhibit C is an excerpt from Ameriquest's Local Rule 56.1(a)(3) Statement of Uncontested Material Facts in the case of Jimenez v. Ameriquest Mortgage Co., et al., Case No. 05 C 0277, which establishes that the Edelman firm sent the Ameriquest borrowers a solicitation letter in this case as well. See, Exhibit C, statement no. 31 and the referenced materials attached hereto and plaintiffs' response to same.

       3.     If called as a witness, I would and could competently testify to all of the above as within my personal knowledge except as to those matters stated on information and belief and as to those matters, I believe them to be true.

       I declare under penalty of perjury under all applicable laws that the foregoing is true and correct and that this Declaration was executed at Chicago, Illinois on February 17, 2006.

_____
Craig A. Varga

2

Case 1:05-cv-07097 Document #9 Filed 02/17/2006 Page 30 of 29

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SARAH HAMM,                           )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      No. 05 C 0277
                                      )
AMERIQUEST MORTGAGE COMPANY,          )      Judge Der-Yeghiayan
                                      )
            Defendant.                )

### DEFENDANT'S LOCAL RULE 56.1(a)(3) STATEMENT
### OF UNCONTESTED MATERIAL FACTS
### IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Ameriquest Mortgage Company ("Ameriquest"), pursuant to Local Rule 56.1(a)(3), submits the following as its statement of material facts as to which there is no genuine issue of material fact that prevents the entering of judgment as a matter of law for Ameriquest and against Plaintiff Sarah Hamm ("Plaintiff").

### Parties, Jurisdiction, and Venue

1.      Plaintiff resides at 12630 St. Louis Avenue, Markham, IL 60428. Hamm dep. transcript, p. 4, l. 14-19, Appendix A.

2.      Ameriquest does not contest subject matter jurisdiction, personal jurisdiction, or venue. Ameriquest's Answer to Amended Complaint ("Answer"), ¶ 2, Appendix B.

3.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (Truth in Lending Act). The plaintiff resides in the District and the transaction occurred here. Plaintiff's Amended Complaint ("Amended Complaint"), ¶¶ 2, 3, Appendix C.

### Statement of Uncontested Material Facts

4.      Plaintiff filed her original Complaint on January 13, 2005. Plaintiff's Complaint, Appendix D. Plaintiff then filed an Amended Complaint on February 10, 2005. Amended Complaint, Appendix C. Plaintiff's Amended Complaint seeks rescission, statutory damages, attorney's fees and costs for alleged violations of the federal Truth in Lending Act ("TILA"). Amended Complaint, p. 5, Appendix C.

33. · Prior to filing suit, Plaintiff received a solicitation letter from Plaintiff's counsel. Hamm dep. transcript, pp. 163, l. 6-21, Solicitation Letter, Appendix R.

**Dated: July 22, 2005**

Respectfully submitted,

**Ameriquest Mortgage Company,**
Defendant

_____

One of Its Attorneys

Craig A. Varga
Jonathan N. Ledsky
Jaime S. Roginski-Kord
VARGA BERGER LEDSKY HAYES & CASEY
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312) 341-9400

8

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SARAH HAMM,                          )
                                     )
                    Plaintiff,       )
                                     )
          vs.                        )    No.  05 C 0227
                                     )
AMERIQUEST MORTGAGE COMPANY,         )
                                     )
                    Defendant.       )


      The deposition of SARAH BURNETTA HAMM, called by

the Defendant for examination, taken pursuant to the

Federal Rules of Civil Procedure of the United States

District Courts pertaining to the taking of

depositions, taken before MARGARET R. BEDDARD, a

Notary Public within and for the County of Kane,

State of Illinois, and a Certified Shorthand Reporter

of said state, at Suite 350, 224 South Michigan

Avenue, Chicago, Illinois, on the 22nd day of June,

A.D. 2005, at 10:21 a.m.

HAMM vs. AMERIQUEST                    SARAH BURNETTA HAMM, 06/2

| Page 162 | Page |
|---|---|
| 1 complaint to Ameriquest? | 1   A. No.  I'm a former client of theirs.  I am a |
| 2   A. Well, no, because if you ever talk to | 2 former client of theirs. |
| 3 anyone they never give you any top brass.  You just | 3   Q. Regarding this class action with the |
| 4 get a service representative. | 4 dentist? |
| 5   Q. Have you ever communicated any complaint to | 5   A. Right. |
| 6 a service representative at Ameriquest? | 6   Q. Okay.  What did the letter say? |
| 7   A. Yes.  But they're so obnoxious. | 7   A. I don't remember right offhand. |
| 8   Q. What complaints have you communicated to a | 8   Q. What do you think it said? |
| 9 service representative? | 9   A. That there was some problems with |
| 10   A. When I was late and I was going to tell | 10 Ameriquest, which I had heard from other finance |
| 11 them that I would pay it at a certain time, pay the | 11 people that I know that do work with finance about |
| 12 late fee or whatever, they were just nasty.  They're | 12 Ameriquest company.  But at that time I paid no |
| 13 just nasty people. | 13 attention to it. |
| 14   Q. Okay.  And have you ever communicated any | 14   Q. When you said you had heard it from other |
| 15 other complaint to an Ameriquest service | 15 people, from who? |
| 16 representative? | 16   A. From other individuals that work with |
| 17   A. No. | 17 finance companies. |
| 18   Q. Other than the time you were late? | 18   Q. And who are they? |
| 19   A. Except stop being nasty.  Then when they do | 19   A. Just other real estate people that I don't |
| 20 that I just won't answer the phone when I know it's | 20 know right off the bat per conversation in the |
| 21 them. | 21 surroundings and people that talk. |
| 22   Q. So they've called you on occasion when you | 22   Q. And what did they say about Ameriquest? |
| 23 have missed a payment or late? | 23   A. That it's one of the worst mortgage |
| 24   A. Yeah.  But the payment will go in.  But | 24 companies that exist now. |

| Page 163 | Page |
|---|---|
| 1 they just be so nasty. | 1   Q. And what about them was so terrible? |
| 2   Q. During any of those telephone conversations | 2   A. About the way that they finance and how |
| 3 have you ever communicated a complaint to Ameriquest? | 3 they do people. |
| 4   A. I don't talk to the people anymore because | 4   Q. Were there any specifics? |
| 5 they're nasty talking people. | 5   A. In the conversation, you know.  Just |
| 6   Q. How is it that you came to file this | 6 listening because I would be around the circle. |
| 7 lawsuit? | 7 People talk. |
| 8   MR. HOFELD: Objection as to form.  Vague and | 8   Q. What did they say other than in general |
| 9 ambiguous. | 9 that they were the worst?  What did they say |
| 10 BY THE WITNESS: | 10 specifically about what Ameriquest did wrong? |
| 11   A. I was contacted. | 11   MR. HOFELD: If you know.  If you remember. |
| 12 BY MR. LEDSKY: | 12 BY THE WITNESS: |
| 13   Q. Contacted by who? | 13   A. Number one, they spoke about how Amerique |
| 14   A. From my attorneys. | 14 had jumped so large and then they jumped from sta |
| 15   Q. How were you contacted? | 15 to state.  They're all over now.  They was, like, |
| 16   A. Through a letter. | 16 "They come out and they exploit the smaller people |
| 17   Q. They sent you a letter? | 17 and taking their loans.  They don't actually always |
| 18   A. Yes. | 18 divulge everything that they should to them." |
| 19   Q. Had you called them or asked them to send | 19   I'm just on the outside.  I'm an Ameriquest |
| 20 you a letter? | 20 customer.  When you're sitting around, they're just |
| 21   A. No.  But I was trying to figure out | 21 talking about mortgages and someone is buying a |
| 22 something with Ameriquest anyway. | 22 house.  They're just talking.  And they were just |
| 23   Q. Had you solicited a letter from them at | 23 talking about Ameriquest in that they're one of the |
| 24 all? | 24 worst mortgage companies that there is as of today. |

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
### 120 S. LaSalle Street, 18th floor
### Chicago, Illinois 60603-3403
### (312) 739-4200
### (800) 644-4673
### (312) 419-0379 (FAX)
### Email: edcombs@aol.com
### www.edcombs.com

*Hamm*

**ADVERTISEMENT**

We are writing to you because you obtained a subprime residential mortgage loan during the last three years. Our firm represents a number of borrowers who have lawsuits against subprime and non-prime lenders. The lawsuits allege that the lenders violated the Truth in Lending Act as well as state laws protecting borrowers. Specific claims include:

1. Failure to provide proper Truth in Lending disclosures and notices of right to cancel (often the latter are not filled out completely).

2. Illegal points and prepayment penalties.

3. Adding phony or inflated charges at closing.

4. Computing interest in a manner that increases the cost to the borrower and is not consistent with their notes and mortgages.

5. Untimely posting of monthly payments.

If there is a violation, it is possible that you might be able to recover substantial damages. If you are interested in further information about your potential claims, please contact us at the above address/ telephone number. We would need to see the documents you received when you obtained the loan. If you have an adjustable rate loan, we would also like the notice of interest rate changes.

If a violation exists, we would be willing to take the case on a wholly contingent basis (you don't have to pay fees or expenses).

Sincerely yours,

**ADVERTISEMENT**

Daniel A. Edelman

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

AUG - 5 2005

| | | |
|---|---|---|
| SARAH HAMM, | ) | |
| | ) | |
| Plaintiff, | ) | 05 C 0227 |
| | ) | |
| v. | ) | Judge Der-Yeghiayan |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Magistrate Judge Nolan |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## I. PLAINTIFF'S RULE 56.1(b)(3) RESPONSE TO DEFENDANT'S STATEMENT OF UNCONTESTED MATERIAL FACTS

Pursuant to Local Rule 56.1(a)(3) of the Rules of the U.S. District Court for the

Northern District of Illinois, Plaintiff Sarah Hamm submits the following Response to the

Defendant's Statement of Uncontested Material Facts:

### Parties, Jurisdiction, and Venue

1.     Plaintiff resides at 12630 St. Louis Avenue, Markham, IL 60428. Hamm dep.

transcript, p. 4, l. 14-19, Appendix A.

RESPONSE:  Admitted.

2.     Ameriquest does not contest subject matter jurisdiction, personal jurisdiction, or

venue. Ameriquest's Answer to Amended Complaint ("Answer"), ¶ 2, Appendix B.

RESPONSE:  Admitted.

3.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general

federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (Truth in Lending Act).

1

in fact plaintiff is not responsible for preparing or evaluating budgets. Plaintiff has only

an eighth grade education.

32.    Plaintiff also previously held a position as a financial advisor with Met Life.

Hamm dep. transcript, p. 23, l. 16-17, Appendix A.

RESPONSE:  Plaintiff objects to the allegations of this paragraph as vague and

immaterial but admits them.

33.    Prior to filing suit, Plaintiff received a solicitation letter from Plaintiff's counsel.

Hamm dep. transcript, pp. 163, l. 6-21, Solicitation Letter, Appendix R.

RESPONSE:  Plaintiff objects to the allegations of this paragraph as immaterial but

admits them.

## II.    PLAINTIFF'S STATEMENT OF ADDITIONAL UNCONTESTED MATERIAL FACTS THAT REQUIRE DENIAL OF SUMMARY JUDGMENT/ SUMMARY JUDGMENT FOR PLAINTIFF[1]

---

[1]In her proposed Second Amended Complaint, Ms. Hamm attempted to add allegations that constitute a third ground for rescission under TILA. She attempted to allege that, at her January, 2002, closing, Ameriquest did not provide her with copies of any closing documents whatsoever to keep and that her copies were sent via Fedex two days later. On June 20, 2005, the Court denied her motion for leave to file a Second Amended Complaint. The Court also denied plaintiff's request, in the same motion, to join the current owner and servicer of Ms. Hamm's loan, even though defendant had just disclosed, for the first time on June 9, 2005, that ownership and servicing rights had changed, and plaintiff filed the motion promptly on June 14, 2005.
On July 22, 2005, defendant then filed a statement of material facts and a summary judgment memorandum makes sweeping statements that suggest that defendant's TILA disclosures were proper in every way. For example, defendant argues, slyly, that plaintiff "undisputedly sign[ed] and received the Federal Reserve Board prepared Rescission Model Form H-8, entitled Notice of Right to Cancel...." and that she was "provided with" a Truth in Lending Disclosure Statement. Def's Mem. at 5, 1; Def's SMF, ¶ 25, p.5; Def's Mem. at 12.
Believing that statements such as these "opened the door" by arguing opposite of what

14

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
SEP 1 4 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| SHIRLEY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05 C 0432 |
| | ) |
| AMERIQUEST MORTGAGE COMPANY, | ) Judge Coar |
| AMERIQUEST MORTGAGE SECURITIES, | ) |
| INC., and AMC MORTGAGE SERVICES, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1(a)(3)
STATEMENT OF UNCONTESTED MATERIAL FACTS AND
STATEMENT OF ADDITIONAL FACTS THAT REQUIRE DENIAL
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants, Ameriquest Mortgage Company ("Ameriquest") and Ameriquest Mortgage

Securities, Inc., by their attorneys, respond to Plaintiff's Local Rule 56.1(a)(3) Statement of

Uncontested Material Facts as follows:

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal
question), 1337 (interstate commerce) and 15 U.S.C. §1640 (Truth in Lending Act). (Amended
Complaint, ¶ 2, attached hereto as Appendix A; Answer to Plaintiff's Complaint, ¶ 2, attached
hereto as Appendix B).

RESPONSE: Uncontested.

2. Plaintiff owns and resides in a house at 6151 South Wolcott in Chicago, IL 60426.
Plaintiff owned and resided in the home during March, 2002. (Affidavit of Shirley Jones, ¶ 2,
attached hereto as Appendix C). Plaintiff had no other residence at that time. (Id., ¶ 3).

RESPONSE: Contested. Plaintiff co-owns the property with her brother, Timothy Jones.

See, Tab A, Jones dep. transcript, pp. 16-17, L 19-15.

3. Defendant Ameriquest Mortgage Company ("Ameriquest") does business in Illinois
(Answer to Plaintiff's Complaint, ¶ 4, Appendix B).

RESPONSE: Uncontested.

1

amount of $480.01 beginning May 1, 2002 and 1 payment of $462.79 on April 1, 2032. Tab E, Disclosure Form.

22.    Upon looking at the Disclosure Form, Plaintiff understood that she was to pay 359 payments beginning on May 1, 2002 and on payment on April 1, 2032. Tab A, Jones dep. transcript, pp. 219-20, l. 15-22.

23.    Upon looking at the Disclosure Form, Plaintiff understood that the 359 payments plus one payment equals 360 payments due under the loan which coincides with the 360 month period of the loan. Tab A, Jones dep. transcript, pp. 220-21, l. 23-4.

24.    Plaintiff understood both prior to, and after, her loan closing that her payment would be due monthly. Tab A, Jones dep. transcript, p. 137, 7-9, p. 147, l. 7-20; p. 194, l. 4-10; p. 219, l. 11-14.

25.    Prior to entering into the loan transaction at issue in this case, Plaintiff's credit history included the payment of monthly credit card, mortgage, and car payments. Tab A, Jones dep. transcript, p. 44-45, l. 23-21; p. 46, l. 12-20; p. 53, l. 16-24; pp. 59-60, l. 10-19; pp. 67-68, 18-3; pp. 73-74, l. 23-1.

26.    Plaintiff determined how much she could afford to pay for her loan based on her monthly payment obligations. Tab A, Jones dep. transcript, p. 101, l. 9-17, pp. 103-04, l. 11-6.

27.    Plaintiff currently owns and operates her own day care business. Tab A, Jones dep. transcript, p. 27, l. 7-9.

28.    Prior to filing suit or retaining her current counsel, Plaintiff received a solicitation phone call followed by a letter from Plaintiff's counsel. Tab A, Jones dep. transcript, pp. 257-260, l. 23-23; Tab S, Solicitation Letter.

10

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHIRLEY JONES,                          )
                                        )
                        Plaintiff,      )
                                        )
              vs.                       )   No. 05 C 0432
                                        )
AMERIQUEST MORTGAGE COMPANY;            )
AMERIQUEST MORTGAGE SECURITIES, INC.;   )
and AMC MORTGAGE SERVICES, INC.,        )
                                        )
                        Defendants.     )

          The deposition of SHIRLEY JONES, called by the

Defendant for examination, taken pursuant to the

Federal Rules of Civil Procedure of the United States

District Courts pertaining to the taking of

depositions, taken before MARGARET R. BEDDARD, a

Notary Public within and for the County of Kane,

State of Illinois, and a Certified Shorthand Reporter

of said state, at Suite 350, 224 South Michigan

Avenue, Chicago, Illinois, on the 2nd day of

September, A.D. 2005, at 10:14 a.m.

Case: 1:05-cv-07097 Document #: 166-2 Filed: 06/13/06 Page 41 of 55 PageID #:5994

JONES vs. AMERIQUEST Document #: Filed: 02/17/2006 Page 18    SHIRLEY JONES, 09/02

**Page 258**

1    A. I was given a phone call.
2    Q. By who?
3    A. By Al.
4        Well, the company. I don't know if it was
5    Al. It was by the company.
6    Q. Your present law firm called you on the
7    telephone?
8    A. Yes.
9    Q. And what was the purpose of that call?
10   A. They said that I might have a case against
11   Ameriquest because they had some kind of class act
12   lawsuit against Ameriquest.
13   Q. What's a class action lawsuit?
14   A. I don't know.
15   Q. You used that term though.
16   A. That's the term that was given to me.
17   Q. Had you received any kind of written
18   communication from this law firm before they called
19   you?
20   A. No, I hadn't.
21   Q. Do you recall ever receiving any kind of an
22   advertisement from the law firm?
23   A. No, I haven't.
24   Q. The best of your recollection is you never

**Page 259**

1    got an advertisement from the Edelman firm?
2    A. No.
3    Q. You're agreeing with me, correct?
4    A. You said what now?
5    Q. Do you agree that you never — you don't
6    recall ever getting an advertisement from the Edelman
7    firm?
8    A. No, I haven't.
9    Q. And your best recollection is that your
10   first contact with them is they called you?
11   A. Yes.
12       (WHEREUPON, said document was marked
13       Jones Deposition Exhibit No. 4, for
14       identification, as of 9-2-05.)
15   BY MR. LEDSKY:
16   Q. Ms. Jones, the court reporter's handed you
17   what's been marked as Exhibit 4. If you'd look at
18   the second page of that exhibit.
19       Do you recall ever receiving this letter
20   from the Edelman firm?
21   A. Yes.
22   Q. I thought your testimony was you don't
23   recall ever receiving an advertisement from the
24   Edelman firm?

**Page**

1    A. I didn't know this was an advertisement.
2    Q. What do you call this?
3    A. I thought it was just a letter letting me
4    know about the class act after someone contact m
5    telephone.
6    Q. But you stick with your testimony that th
7    first contact with the Edelman firm was the ph
8    call?
9    A. Yes.
10   Q. And you might have gotten this letter afte
11   the phone call?
12   A. Yes, I did.
13   Q. And do you remember who you spoke to
14   first telephone call?
15   A. No, I do not.
16   Q. Do you remember if it was a man or a woman
17   A. I don't remember.
18   Q. Do you remember if you retained the Edel
19   firm as your lawyer during that first telephone
20   A. Pardon me?
21   Q. Do you remember if you hired the Edelma
22   firm as a lawyer during that first telephone call
23   A. No, I don't remember.
24   Q. Do you remember when you retained — wh

**Page**

1    you hired the Edelman firm to be your lawyer?
2    A. I don't remember.
3    Q. Okay. Do you remember — Have you bec
4    involved in a class action lawsuit?
5    A. What do you mean?
6    Q. You said they contacted you to become
7    involved in a class action lawsuit?
8    A. Yes.
9    Q. Is that the terminology you used?
10   A. Yes, that is the terminology I used.
11   Q. My question is, have you become involved
12   a class action lawsuit?
13   A. I became involved in this lawsuit.
14   A. This lawsuit —
15   A. Yes.
16   Q. — that we're here on today?
17   A. Yes.
18   Q. Jones versus Ameriquest Mortgage Compa
19   A. Yes.
20   Q. Have you become involved in any other
21   lawsuit?
22   A. Yes.
23   Q. What other lawsuit?
24   A. I guess the subprime residential mortgage

**Jonathan Ledsky**

| | |
|---|---|
| **From:** | Michelle Teggelaar [mteggelaar@edcombs.com] |
| **Sent:** | Wednesday, August 31, 2005 3:01 PM |
| **To:** | Jonathan Ledsky |
| **Subject:** | Jones v. Ameriquest |
| **Attachments:** | jones ad letter.pdf |

Jon:

Attached please find a pdf of the advertisement letter mailed to Ms. Jones, which we are producing prior to the deposition, as agreed. The letter was mailed on October 4, 2004.

MRT

9/2/2005

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
### 120 S. LaSalle Street, 18th floor
### Chicago, Illinois 60603-3403
### (312) 739-4200
### (800) 644-4673
### (312) 419-0379 (FAX)
### Email: edcombs@aol.com
### www.edcombs.com

ADVERTISEMENT

We are writing to you because you obtained a subprime residential mortgage loan during the last three years. Our firm represents a number of borrowers who have lawsuits against subprime and non-prime lenders. The lawsuits allege that the lenders violated the Truth in Lending Act as well as state laws protecting borrowers. Specific claims include:

1. Failure to provide proper Truth in Lending disclosures and notices of right to cancel (often the latter are not filled out completely).

2. Illegal points and prepayment penalties.

3. Adding phony or inflated charges at closing.

4. Computing interest in a manner that increases the cost to the borrower and is not consistent with their notes and mortgages.

5. Untimely posting of monthly payments.

If there is a violation, it is possible that you might be able to recover substantial damages. If you are interested in further information about your potential claims, please contact us at the above address/ telephone number. We would need to see the documents you received when you obtained the loan. If you have an adjustable rate loan, we would also like the notice of interest rate changes.

If a violation exists, we would be willing to take the case on a wholly contingent basis (you don't have to pay fees or expenses).

Sincerely yours,

Daniel A. Edelman

ADVERTISEMENT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 05 C 0432 |
| v. | ) | |
| | ) | Judge David H. Coar |
| AMERIQUEST MORTGAGE COMPANY; | ) | |
| AMERIQUEST MORTGAGE SECURITIES, INC. | ) | Magistrate Judge Schenkier |
| and AMC MORTGAGE SERVICES, INC., | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

## PLAINTIFF'S AMENDED RESPONSE TO "DEFENDANTS' STATEMENT OF ADDITIONAL UNCONTESTED MATERIAL FACTS"

1.     Plaintiff filed her original Complaint on January 25, 2005. Tab I,

Plaintiff's Complaint, Appendix A. Plaintiff then filed an Amended Complaint on July 28, 2005.

Tab J, Amended Complaint. Plaintiff's Amended Complaint seeks rescission, statutory damages,

attorney's fees and costs for alleged violations of the federal Truth in Lending Act ("TILA").

Tab

J, Amended Complaint, pp.6-7.

> **RESPONSE:**        Undisputed.

2.     In March of 2002, Plaintiff obtained a loan, to be secured by a mortgage

from Ameriquest. Plaintiff's Local Rule 56.1(a)(3) Statement of Material Facts, ¶ 8.

> **RESPONSE:**        Undisputed.

3.     Plaintiff admits that she had an opportunity to read all of the loan

1

28.     Prior to filing suit or retaining her current counsel, Plaintiff received a

solicitation phone call followed by a letter from Plaintiff's counsel. Tab A, Jones dep. transcript,

pp. 257-260, 1. 23-23; Tab S, Solicitation Letter.

**RESPONSE:**          Plaintiff objects that this statement is compound.  Plaintiff

does not dispute that she received a letter.  Plaintiff's counsel disputes that his firm ever placed a

solicitation phone call to Ms. Jones.  Further, plaintiff objects on the ground that

this statement is not material.

29.     Plaintiff believes her current lawsuit contains allegations that Ameriquest

quoted her a fixed payment amount of $600 that has since increased and does not remember it

containing any other claims. Tab A, Jones dep. transcript, p. 264, 1. 5-21.

**RESPONSE:**          Undisputed.  Plaintiff objects on the ground that this

statement is not material.

Respectfully submitted,

s/Al Hofeld, Jr.
Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

11

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NELSON JIMENEZ and MELINDA JIMENEZ,  )
                                                  )
              Plaintiffs,  )
                                                  )
      v.  )      No. 05 C 1009
                                                  )
AMERIQUEST MORTGAGE COMPANY,  )      Judge Moran
WASHINGTON MUTUAL BANK, FA, and  )
AMC MORTGAGE SERVICES, INC.  )
                                                  )
              Defendants.  )

### DEFENDANT'S LOCAL RULE 56.1(a)(3) STATEMENT
### OF UNCONTESTED MATERIAL FACTS
### IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

      Defendant Ameriquest Mortgage Company ("Ameriquest"), pursuant to Local Rule

56.1(a)(3), submits the following as its statement of material facts as to which there is no genuine

issue of material fact that prevents the entering of judgment as a matter of law for Ameriquest and

against Plaintiffs Nelson and Melinda Jimenez ("Plaintiffs").

#### Parties, Jurisdiction, and Venue

      1.      Plaintiffs reside at 270 Lilac Drive, Romeoville, IL. Nelson Jimenez dep. transcript,

p. 4, l. 13-19, Appendix A; Melinda Jimenez dep. transcript, p. 4, l, 11-13, Appendix B.

      2.      Ameriquest does not contest subject matter jurisdiction, personal jurisdiction, or

venue. Ameriquest's Answer to Amended Complaint ("Answer"), ¶ 2, Appendix C.

      3.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal

question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (Truth in Lending Act). The Plaintiffs

reside in the District and the transaction occurred here. Plaintiffs' Amended Complaint ("Amended

Complaint"), ¶¶ 2, 3, Appendix D.

#### Statement of Uncontested Material Facts

      4.      Plaintiffs filed their original Complaint on February 18, 2005. Plaintiffs' Complaint,

Appendix E. Plaintiffs then filed an Amended Complaint on August 11, 2005. Amended

Complaint, Appendix D. Plaintiffs' Amended Complaint seeks rescission, statutory damages,

| | |
|---|---|
| Q: | So 359 payments, plus one payment, is 360 payments; is that right? |
| A: | Yes. |
| Q: | So you knew that you were going to make 360 payments under the loan? |
| A: | Yes. |
| Q: | And that those payments would be due monthly? |
| A: | Yes. |
| Q: | And this document summarizes that information? |
| A: | Yes. |

Melinda Jimenez dep. transcript, p. 209, l. 5-16, Appendix B.

27.     Plaintiffs understood both prior to, during, and after their loan closing that their payment would be due monthly.  Melinda Jimenez dep. transcript, pp. 107-109, l. 6-1; pp. 140-41, l. 19-13; pp. 173-74, l. 1-19; p. 185, l. 14-17; pp. 192-93, l. 23-12; p. 209, l. 5-16, Appendix B; Nelson Jimenez dep. transcript, pp. 115-17, l. 21-19; p. 121, l. 3-10; p. 124, l. 15-20; p. 126, l. 5-7; pp. 127-29, l. 24-7; p. 141, l. 8-19; pp. 169-70, l. 12-20, Appendix A.

28.     Prior to entering into the loan transaction at issue in this case, Plaintiffs' credit history included the payment of monthly credit card, mortgage, and car payments.  Melinda Jimenez dep. transcript, pp. 37-38, l. 9-24; pp. 46-48, l. 19-3; pp. 52-53, l. 9-1; pp. 54-56, l. 19-9; p. 79, l. 10-20, Appendix B; Nelson Jimenez dep. transcript, pp. 23-4, l. 17-8; p. 35, l. 9-14; p. 42-5, l. 5-4; p. 48-51, l. 19-9; p. 65, l. 16-24, Appendix A.

29.     Plaintiffs determined how much they could afford to pay for their loan based on their monthly payment obligations.  Melinda Jimenez dep. transcript, pp. 110-11, l. 15-15, Appendix B; Nelson Jimenez dep. transcript, p. 170, l. 5-16, Appendix A.

30.     Plaintiff Melinda Jimenez has a Bachelor of Science in Business Administration Accounting.  Melinda Jimenez dep. transcript, pp. 6-7, l. 23-3, Appendix B. She formerly worked as an accounting assistant at Amundson Enterprises.  Melinda Jimenez dep. transcript, p. 15, l. 1-6, Appendix B.

31.     Prior to filing suit, Plaintiffs received a solicitation letter from Plaintiffs' counsel. Melinda Jimenez dep. transcript, p. 209-11, l. 17-3, Appendix B; Nelson Jimenez dep. transcript, pp. 161-63, l. 5-9, Appendix A; Solicitation Letter, Appendix Q.

**Dated:  October 11, 2005**                    Respectfully submitted,

                                                **Ameriquest Mortgage Company,**
                                                Defendant

                                                /s/ Jonathan Ledsky

                                                One of Its Attorneys

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


NELSON JIMENEZ and MELINDA JIMENEZ, )
                                    )
                Plaintiffs,         )
                                    )
    vs.                             )    No. 05 C 1009
                                    )
AMERIQUEST MORTGAGE COMPANY,        )
WASHINGTON MUTUAL BANK, FA, and     )
AMC MORTGAGE SERVICES, INC.,        )
                                    )
                Defendants.         )


The deposition of NELSON JIMENEZ, called by the

Defendants for examination, taken pursuant to the

Federal Rules of Civil Procedure of the United States

District Courts pertaining to the taking of

depositions, taken before MARGARET R. BEDDARD, a

Notary Public within and for the County of Kane,

State of Illinois, and a Certified Shorthand Reporter

of said state, at Suite 350, 224 South Michigan

Avenue, Chicago, Illinois, on the 30th day of August,

A.D. 2005, at 10:31 a.m.

NELSON JIMENEZ, 08/30/05                              JIMENEZ vs. AMERIQUEST

Page 158

1   Q. I'm just trying to understand your answer.
2   Did you decide against canceling the loan?
3   A. Because I talked to my wife, you know. I
4   talked to her.
5   Q. So the answer is yes?
6   A. Yes.
7   Q. Okay. And did you look at this Notice of
8   Right to Cancel again?
9   A. Yes.
10  Q. When was the next time you looked at it?
11  A. Maybe on the 23rd of December 2002.
12  Q. So this was going to be the third time you
13  looked at the document?
14  A. Yes.
15  Q. And why did you look at it a third time?
16  A. Considering to cancel it.
17  Q. So you considered canceling it several
18  times?
19  A. Yes.
20  Q. And what did you decide the third time you
21  looked at the document?
22  A. Keep the loan.
23  Q. To keep the loan?
24  A. Yes.

Page 159

1   Q. Did you look at it any other time, the
2   Notice of Right to Cancel?
3   A. No.
4   Q. While you were thinking of canceling the
5   loan did you ever look at the document which is 38,
6   the One-Week Cancellation Period document?
7   A. No, because I know I got only three days.
8   Q. So you never looked at the One-Week
9   Cancellation Period document; is that correct?
10  A. He never told me about one-week
11  cancellation.
12  Q. I just want you to answer my question.
13  While you were thinking about canceling
14  after the loan closing, did you ever look at the
15  One-Week Cancellation Period document?
16  A. No.
17  Q. After the loan closing, when was the next
18  time you looked at the One-Week Cancellation Period
19  document?
20  A. I guess never.
21  Q. Never?
22  A. No.
23  Q. Before today?
24  A. Oh, before today?

Page 160

1   Q. We looked at it today, right?
2   A. Yeah.
3   Q. Between the loan closing and today did you
4   ever look at this document, the One-Week Cancellation
5   Period?
6   A. Yes.
7   Q. When was that?
8   A. Just probably today.
9   Q. Just today?
10  A. Yeah.
11  Q. So between the loan closing and today,
12  today's the only day you've looked at this document?
13  A. Yes.
14  Q. Yes?
15  A. Yes.
16  Q. Okay. Before today did you ever look at
17  the One-Week Cancellation Period document and put it
18  up next to the Notice of Right to Cancel document and
19  compare the two documents?
20  MR. HOFELD: Objection. Asked and answered.
21  THE WITNESS: Can you repeat that?
22  BY MR. LEDSKY:
23  Q. Sure.
24  Before today did you ever put these two

Page 161

1   documents side by side, the Notice of Right to Cancel
2   and the One-Week Cancellation Period document, and
3   ever compare what the two documents said?
4   A. I don't remember, no.
5   Q. How did you come to hire your present
6   lawyer?
7   A. Through the mail.
8   Q. What do you mean through the mail?
9   A. Some ad.
10  Q. They sent you an ad?
11  A. Yes.
12  (WHEREUPON, said document was marked
13  Jimenez Deposition Exhibit No. 4,
14  for identification, as of 8-30-05.)
15  BY MR. LEDSKY:
16  Q. Mr. Jimenez, the court reporter's handed
17  you what's been marked as Exhibit 3. This is — If
18  you look at the second page of Exhibit 3, this is the
19  advertisement letter that your lawyer has represented
20  to me that was sent to you.
21  Could you take a moment and look at this
22  document and see if you agree that this is the letter
23  that you received from them?
24  A. Yes.

Page 158 - Page 161

JIMENEZ vs. AMERIQUEST                                    NELSON JIMENEZ, 08/30/05

**Page 162**

1  Q. You agree that this is the letter that you
2  received from them?
3  A. Yes.
4  Q. Have you received more than one letter --
5  more than one advertisement letter from the Edelman
6  firm?
7  A. This is the only one.
8  Q. And what did you do when you received this
9  letter, if anything?
10 A. It mentioned Ameriquest.
11 Q. So what did you do, if anything?
12 A. I just followed what the letter said.
13 Q. What's the letter say? Did you call them?
14 Did you write to them?
15 A. I believe I called them.
16 Q. You called the Edelman firm?
17 A. Yes.
18 Q. Do you remember who you spoke to?
19 A. I don't remember.
20 Q. Do you remember if it was a man or a woman?
21 A. We send the documents. The documents that
22 we had we send to them.
23 Q. Before you had received this advertisement
24 letter in the mail had you contacted any lawyer with

**Page 163**

1  regard to Ameriquest?
2  A. No.
3  Q. Had you expressed any disappointment to
4  Ameriquest with any aspect of your loan?
5  A. No.
6  Q. Had you thought about filing a lawsuit
7  against Ameriquest before receiving this
8  advertisement letter from this law firm?
9  A. No.
10 Q. If you could turn to Exhibit 1, page 179.
11 These are the documents that you produced.
12    This page 179 appears to be a loan
13 statement; is that correct?
14 A. Yes.
15 Q. And how often do you receive these from
16 Ameriquest -- or from AMC Mortgage Services?
17 A. Every month.
18 Q. Okay. If I'm looking at this one, this
19 one's dated April 5, 2005; is that correct?
20 A. Yes.
21 Q. I just picked this one. Although there are
22 many just like it; is that correct?
23 A. Page 179?
24 Q. Yes.

**Page 164**

1     I mean, if you look through the documents
2  that your attorney's produced to me, there are many
3  different loan statements that have been produced; is
4  that correct?
5  A. Yes.
6  Q. This one says that your monthly payment
7  amount is $1,551.84; is that correct?
8  A. Yes.
9  Q. And yet it looks like under the column --
10 or the section Activity Since Your Last Statement
11 that your last payment was for $1,600.
12    Do you see that?
13 A. Yes.
14 Q. Okay. When I reviewed many of these loan
15 statements -- monthly loan statements, it looks to me
16 that you've at times, and not infrequently at times,
17 paid more than what's required under the loan.
18 A. I always put extra.
19 Q. You always put extra; is that right?
20 A. Yes.
21 Q. And my question is to you why?
22 A. Well, you put more on your principal. It
23 may help to lower my interest computation every
24 month.

**Page 165**

1  Q. And how do you know if you put extra that
2  it goes to principal and not interest?
3  A. Because the scheduled payments is 1551. If
4  I added more, the rest then would go to principal.
5  Q. And you know that to be true?
6  A. Yes.
7  Q. Okay. And how long have you been making
8  payments in an amount greater than required?
9  A. Many times. Most of the time, I believe.
10 Q. And did you do this before you even --
11 before you had a loan with Ameriquest? Did you do
12 this with other loans as well?
13 A. Yes.
14 Q. And how do you decide whether to pay more
15 than is required or not?
16 A. Well, it will help to save us money. It
17 will help to lower our interest payment.
18 Q. And do you recall where you learned that?
19 A. Through reading.
20 Q. Are you in the habit of reading information
21 about consumer finance?
22 A. I guess so, yes.
23 Q. And what do you read?
24 A. I rely on the newspaper most of the time.

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


NELSON JIMENEZ and MELINDA JIMENEZ,  )
                                     )
                 Plaintiffs,         )
                                     )
          vs.                        )   No. 05 C 1009
                                     )
AMERIQUEST MORTGAGE COMPANY,         )
WASHINGTON MUTUAL BANK, FA, and      )
AMC MORTGAGE SERVICES, INC.,         )
                                     )
                 Defendants.         )


          The deposition of MELINDA JIMENEZ, called by the

Defendants for examination, taken pursuant to the

Federal Rules of Civil Procedure of the United States

District Courts pertaining to the taking of

depositions, taken before MARGARET R. BEDDARD, a

Notary Public within and for the County of Kane,

State of Illinois, and a Certified Shorthand Reporter

of said state, at Suite 350, 224 South Michigan

Avenue, Chicago, Illinois, on the 1st day of

September, A.D. 2005, at 10:31 a.m.

JIMENEZ VS. AMERIQUEST                                    MELINDA JIMENEZ, 09/01/05

---

**Page 206**

1 A. Yeah, that one too.
2 Q. These two documents; is that right?
3 A. Yes.
4 Q. The credit card payoff documents and this
5 Notice of Right to Cancel?
6 A. Yes.
7 Q. And I want to be clear.
8    You've looked at no other documents, is
9 that correct, between the time Mr. Gonzalez was at
10 your house and today?
11 A. Correct.
12 Q. Including the document at page 38, the
13 One-Week Cancellation Period document? You never
14 look at that since Mr. Gonzalez was at your house
15 until today?
16 A. Correct.
17 Q. And your husband never gave it to you to
18 look at while he was considering canceling the loan;
19 is that correct?
20 A. Correct.
21 Q. And you never read in the One-Week
22 Cancellation Period document beyond the first
23 sentence of the document; is that correct?
24 A. Correct.

---

**Page 207**

1 Q. If we could look at page 24 within
2 Exhibit 2. This is entitled Truth-in-Lending
3 Disclosure Statement.
4    Is that your signature in the lower,
5 right-hand corner?
6 A. Yes.
7 Q. Okay. Is that your husband's signature to
8 the left of yours?
9 A. Yes.
10 Q. Whose handwriting is that with the date?
11 A. My husband's.
12 Q. Okay. Did you review this document before
13 you signed it?
14 A. No.
15 Q. Did you look at it at all?
16 A. I looked at it. I didn't read everything.
17 Q. Okay. You glanced at it?
18 A. Yes.
19 Q. Do you remember what portions you did read?
20 A. The top portion.
21 Q. What's the top portion?
22 A. The percentage rate and the finance
23 charges, total payments.
24 Q. Did you look at the top four blocks, Annual

---

**Page 208**

1 Percentage Rate, Finance Charge, Amount Financed, and
2 Total Payments?
3 A. Yes.
4 Q. Did you look anywhere else in the document?
5 A. The amount of payment.
6 Q. Okay. You told me earlier that you knew
7 the loan was going to be 360 months; is that right?
8 A. Right.
9 Q. Okay. And there's a box here that says
10 Your Payment Schedule Will Be.
11    Do you see that box?
12 A. Yes.
13 Q. And it's got you're going to make 359
14 payments. Then it has an amount of the payments, and
15 then it has when the payments are due.
16    Do you see that?
17 A. Yes.
18 Q. So it says here your first payment's due
19 February 1, 2003?
20 A. Yes.
21 Q. Which you understood beforehand because you
22 looked at the note, right?
23 A. Yes.
24 Q. And you -- It's got a final payment of --

---

**Page 209**

1 one final payment at January 1, 2033, which you also
2 knew because you said you looked at it when you
3 looked at the note, correct?
4 A. Yes.
5 Q. So 359 payments, plus one payment, is 360
6 payments; is that right?
7 A. Yes.
8 Q. So you knew that you were going to make 360
9 payments under the loan?
10 A. Yes.
11 Q. And that those payments would be due
12 monthly?
13 A. Yes.
14 Q. And this document summarizes that
15 information?
16 A. Yes.
17 Q. Can you tell me how it is that you hired a
18 lawyer in this lawsuit -- what the circumstances were
19 when you hired a lawyer?
20 A. Why we hired a lawyer? To represent us.
21 Q. Do you know how it is you came to find your
22 lawyer?
23 A. We received a letter.
24 Q. You received a letter?

---

JIMENEZ VS. AMERIQUEST

MELINDA JIMENEZ, 09/01/05

| Page 210 |
|---|

1   A. Yeah.
2   Q. Do you remember who you received the letter
3   from?
4   A. From Edelman, Combs.
5   Q. From your present law firm?
6   A. Yes.
7   Q. Okay. And before you received this letter
8   had you ever contacted any lawyer about any possible
9   claim against Ameriquest?
10  A. No.
11  Q. Had you ever thought of suing Ameriquest
12  before you received this letter?
13  A. No.
14  Q. Did you have any complaint with Ameriquest
15  before you received this letter?
16  A. Yeah. My husband, he complained.
17  Q. What did your husband complain about?
18  A. Because he was late for one payment and he
19  received a letter of foreclosure.
20  Q. Did your husband resolve that?
21  A. Yes.
22  Q. On his own?
23  A. Yes.
24  Q. Other than that one instance, did you have

| Page 211 |
|---|

1   any complaints against Ameriquest before you received
2   this letter?
3   A. No.
4   Q. Do you recall what the letter said?
5   A. I can't remember.
6        (WHEREUPON, said document was marked
7        Jimenez Deposition Exhibit No. 3,
8        for identification, as of 9-1-05.)
9   BY MR. LEDSKY:
10  Q. Ms. Jimenez, I'm going to -- the court
11  reporter's handed you what's been marked as
12  Exhibit 3. If you'd look at the second page of this
13  exhibit. I'll represent to you that your attorney
14  has produced this to me and represented that this is
15  the letter that they sent to you.
16       Why don't you take a moment to read it, if
17  you would.
18  A. Read it out loud?
19  Q. No, no. Just to yourself.
20       Do you recall receiving the letter from
21  this law firm?
22  A. Yes.
23  Q. Did you review the letter when you received
24  it?

| Page 212 |
|---|

1   A. Yes.
2   Q. Did your husband review the letter when he
3   received it?
4   A. Yes.
5   Q. You both reviewed it?
6   A. Yes.
7   Q. And do you remember discussing it with your
8   husband?
9   A. Yes.
10  Q. And what did you discuss?
11  A. That we could -- That we going to go ahead.
12  Q. You were going to go ahead and do what?
13  A. To file a lawsuit.
14  Q. You got this letter and you decided
15  immediately you were going to file a lawsuit? You
16  didn't decide you were going to call a lawyer or
17  anything? You decided a lawsuit?
18  A. Wait a minute.
19      Yeah. I think he called. My husband, he
20  called them.
21  Q. Did you call them?
22  A. No. It was my husband.
23  Q. Okay. So you must have decided with your
24  husband that you would at least call the law firm

| Page 213 |
|---|

1   that had written to you?
2   A. Yes.
3   Q. Before today have you ever spoken to a
4   lawyer at Edelman, Combs, Latturner & Goodwin?
5   A. Yes.
6   Q. How many times?
7   A. Over the phone?
8   Q. Yes.
9   A. Probably three.
10  Q. Can you confirm after reviewing Exhibit 3
11  that this is, in fact, the letter that you received
12  from the Edelman firm?
13  A. Yes.
14  Q. Okay. Did you receive any other
15  advertisements from the Edelman firm?
16  A. No.
17  Q. Before receiving this letter from the
18  Edelman firm had you ever contacted any lawyer with
19  regard to making a complaint against Ameriquest?
20  A. No.
21  Q. Had you ever thought about contacting a
22  lawyer to make a complaint about Ameriquest?
23  A. No.
24  Q. If you'd look at the first paragraph of

## EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603-3403
(312) 739-4200
(800) 644-4673
(312) 419-0379 (FAX)
Email: edcombs@aol.com
www.edcombs.com

ADVERTISEMENT

Dear Borrower:

We are writing because you obtained a refinancing loan with a company that we have sued on behalf of other borrowers. Our clients claim that they did not receive proper Truth in Lending disclosures.

You may have such a claim. If there is a violation, it is possible that you might be able to cancel the loan, applying all payments made to principal and none to interest. The benefits from canceling a loan depend on its size, the number of payments made, and other factors, but can be $20,000 or more.

In order to qualify: (1) the loan must have been for non-business purposes, (2) you must live in the property securing the loan; (3) the loan must not have been used to buy the property (refinancings and home improvement and cashout loans are OK); and (4) possibly, you must still have the loan outstanding. We also have to find a violation, of course.

If you are interested in further information about your potential claims, please contact us at the above address/ telephone number. We would need to see the documents you received when you obtained the loan.

If a violation exists, we would be willing to take the case on a wholly contingent basis (we get paid part of the benefit you get from canceling the loan).

Sincerely yours,

Daniel A. Edelman

ADVERTISEMENT