**Exhibit  10**

1  NIALL P. McCARTHY (#160175)
   ELIZABETH C. PRITZKER (#146267)
2  LAURA E. SCHLICHTMANN (#169699)
   NIKI B. OKCU (#229345)
3  **COTCHETT, PITRE, SIMON & McCARTHY**
   San Francisco Airport Office Center
4  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
5  Telephone: (650) 697-6000

6  GEORGE DONALDSON (#377971)
   DANIEL B. HARRIS (#117230)
7  **LAW OFFICES OF GEORGE DONALDSON**
   456 Montgomery Street, Suite 1250
8  San Francisco, CA 94104
   Telephone: (415) 394-8500
9
   Attorneys for Plaintiffs and the Class
10

11              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                     IN AND FOR THE COUNTY OF SAN MATEO

13

| | |
|---|---|
| 14 | JCCP No. 4162 |
| 15  Coordination Proceeding Special Title (Rule 1550(b)) | Superior Court of California, County of Orange, Case No. 00CC12831 |
| 16  AMERIQUEST CASES | Superior Court of California, County of San Mateo, Case No. 415620 |
| 17    Included Actions: | **CLASS ACTION** |
| 18 | **NOTICE OF ENTRY OF ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF JUDGMENT OF DISMISSAL** |
| 19      Bryan v. Ameriquest Mortgage Company | |
| 20      Pierceall v. Ameriquest Mortgage Company and Ameriquest Capital Company. | |
| 21 | |

22

23

24

25

26

27

**LAW OFFICES**
**COTCHETT,**
**PITRE, SIMON**
**& McCARTHY**

28   NOTICE OF ENTRY OF ORDER GRANTING APPROVAL OF CLASS SETTLEMENT;
        AND ENTRY OF JUDGMENT OF DISMISSAL

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on June 28, 2005, the Court issued an Order Granting

3    Final Approval of Class Settlement; and Entry of Judgment of Dismissal. A true and correct

4    copy of the Order is attached hereto as Exhibit A.

5

6    Dated: June 29, 2005                    COTCHETT, PITRE, SIMON & McCARTHY

7

8                                           By:_____

9                                               NIALL P. McCARTHY
                                                Attorney for Plaintiffs and the Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF ENTRY OF ORDER GRANTING APPROVAL OF CLASS SETTLEMENT;
AND ENTRY OF JUDGMENT OF DISMISSAL**

1

**EXHIBIT A**

1   NIALL P. McCARTHY (#160175)
     ELIZABETH C. PRITZKER (#146267)
2   LAURA SCHLICHTMANN (#169699)
     NIKI B. OKCU (#229345)
3   **COTCHETT, PITRE, SIMON & McCARTHY**
     San Francisco Airport Office Center
4   840 Malcolm Road, Suite 200
     Burlingame, CA 94010
5   Telephone: (650) 697-6000

6   GEORGE DONALDSON (#377971)
     DANIEL B. HARRIS (#117230)
7   LAW OFFICES OF GEORGE DONALDSON
     456 Montgomery Street, Suite 1250
8   San Francisco, CA 94104
     (415) 394-8500

9

     Attorneys for Plaintiffs and the Class
10

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUN 2 8 2005

Clerk of the Superior Court
By   **GLORIA OCHOA**
       DEPUTY CLERK

11        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12           IN AND FOR THE COUNTY OF SAN MATEO

13

14

15                               JCCP No. 4162

16   Coordination Proceeding Special Title      Superior Court of California, County of
     (Rule 1550(b))                         Orange, Case No. 00CC12831
17

18   AMERIQUEST CASES             Superior Court of California, County of San
                                  Mateo, Case No. 415620
19     Included Actions:

20                            **CLASS ACTION**

         Bryan v. Ameriquest Mortgage      **[PROPOSED] ORDER GRANTING FINAL**
21       Company                         **APPROVAL OF CLASS SETTLEMENT;**
                                  **AND ENTRY OF JUDGMENT OF**
22       Pierceall v. Ameriquest Mortgage    **DISMISSAL**
         Company and Ameriquest Capital
23       Company.                          Date  June 24, 2005
                                    Time: 2:00 p.m.
24                              Dept.: 1
                                  Judge: Hon. Carol Mittlesteadt
25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162

1       The application by Named Plaintiffs and Class Representatives Glen Bryan, Shalimar Bryan,

2  Kristina Pierceall (also known as Kristina Lisper), and Marsha Butler (collectively "Named

3  Plaintiffs" or "Class Representatives"), on behalf of themselves, and the Class, for final approval of

4  Class Action settlement came on for hearing on June 24, 2005, before the Honorable Carol

5  Mittlesteadt, Judge of the Superior Court of the State of California, County of San Mateo ("the

6  Court"), Department 1. Class Counsel, Niall P. McCarthy and Elizabeth C. Pritzker, of the Law

7  Offices of Cotchett, Pitre, Simon & McCarthy, and George Donaldson and Daniel B. Harris, of the

8  Law Offices of George Donaldson, appeared at the hearing on behalf of Class Representatives and

9  the Class. Bernard E. LeSage and Sarah K. Andrus, of the Law Offices of Buchalter, Nemer, Fields

10  & Younger, APC, appeared at the hearing on behalf of Defendants Ameriquest Mortgage Company

11  and Ameriquest Capital Corporation (collectively, "Defendants" or "Ameriquest"). The Knox and

12  Sears Objectors appeared through their counsel of record.

13      The Stipulation and Agreement of Settlement ("Agreement"), together with the exhibits

14  attached thereto, sets forth the terms and conditions for the proposed settlement of the Class Action

15  litigation entitled *In Re Ameriquest Cases*, Judicial Council Coordinated Proceeding Special Title

16  No. 4162, and for dismissal of the action, with prejudice, on the terms and conditions set forth

17  therein. The Court has read and considered the Agreement and the exhibits attached thereto, the

18  prior papers seeking preliminary approval of the Agreement, the briefs and accompanying materials

19  filed by the Knox and Sears Objectors, and the memoranda of points and authorities and supporting

20  materials filed by the parties to the action seeking final approval of the Agreement. All defined

21  terms contained in this Order shall have the same meanings as set forth in the Agreement.

22      Based on a review of all of the above-described materials, the record in this matter, and the

23  arguments of counsel and all other persons and/or entities who appeared at the June 24, 2005

24  hearing, the Court **FINDS** and **ORDERS** as follows:

25  //

26  //

27  //

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& MCCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162

-1-

# I.

## PROCEDURAL BACKGROUND

### A.    Allegations of the Complaint

1.    This is a certified Class Action that arises under California's Unfair Competition Law ("UCL") Business and Professions Code §§ 17200 and 17500 *et seq.,* and the equitable claim of Unjust Enrichment.   One of the central allegations of Named Plaintiffs' Complaint is that Ameriquest, at all relevant times alleged, engaged in a predatory "bait and switch" scheme, whereby borrowers were induced to enter into mortgage loan transactions with Ameriquest on the promise that they will receive one set of loan terms, only to later learn that they have been saddled with different and far more onerous terms or are subjected to greater expense at closing.

2.    Ameriquest denies the allegations of the Class Action Complaint, and denies that Named Plaintiffs and the Class have been harmed by any act or omission of Ameriquest. Ameriquest further denies that it has engaged in any unfair business practice.

3.    The parties' respective positions are more fully set forth in the court record.

### B.    Procedural History

4.    This case has its genesis in June 2000, and has a long procedural history in this Court.

5.    Specifically, on June 2, 2000, Plaintiff Ethyl Reed, represented by the Law Offices of Cotchett, Pitre, Simon & McCarthy, filed a putative class action complaint, *Reed v. Ameriquest Mortgage et al.*, Case No. 413158, in this Court, alleging, among other things, violations of Cal. Bus. & Prof. Code § 17200 and 17500 *et seq.*, arising out of Ameriquest's alleged "bait and switch" lending practices, as described above.[1] On October 25, 2000, Plaintiffs Glenn and Shalimar Bryan, represented by the Law Offices of George Donaldson, filed a putative class action complaint in Orange County Superior Court, *Bryan v. Ameriquest Mortgage et al.*, Case No. 00CC12831, alleging, among other things, similar "bait and switch" tactics and similar violations of state law by Ameriquest.  Subsequently, on January 25, 2001, Plaintiff Kristina Pierceall (now Kristina Lisper),

---

[1]    Plaintiff Reed died after the commencement of the litigation. The *Reed* action was dismissed on or about August 5, 2002.

LAW OFFICES
COTCHETT,
PITRE, SIMON
& MCCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                                                                    2

1   filed a putative class action complaint, *Pierceall v. Ameriquest et al.*, Case No. 415620, in this Court,

2   again alleging causes of action for violations of Cal. Bus. & Prof. Code § 17200 and 17500 *et seq.*,

3   and common law unjust enrichment, among others, arising from Ameriquest's alleged uniform "bait

4   and switch" practices.

5       6.     On July 24, 2001, the actions were coordinated into a single Judicial Council

6   Coordinated Proceeding, entitled *Ameriquest Cases*, JCCP No. 4162, in the San Mateo County

7   Superior Court. On April 8, 2002, the Named Plaintiffs filed a Consolidated Amended Class Action

8   Complaint.

9       7.     On March 26, 2003, the Court entered an order certifying the case as a multi-state

10   class action, and appointed Named Plaintiffs Kristina Pierceall (now Kristina Lisper), Glenn Bryan,

11   Shalimar Bryan, and Marsha Butler as Class Representatives. This certification order, as well as an

12   accompanying order regarding the form and issuance of class notice, was later challenged by

13   Ameriquest in two writ proceedings filed in the Court of Appeal for the First Appellate District.[2/]

14       8.     On August 7, 2003, the Court of Appeal issued an alternative writ of mandate, and

15   directed the Court to modify is class certification order. Ameriquest filed a Petition for Review in

16   the California Supreme Court on September 18, 2003, which was summarily denied on or about

17   October 3, 2003.

18       9.     On October 6, 2003, consistent with Court of Appeal's directive, the Court issued a

19   revised class certification order. The Class Notice identified Class Members as borrowers who

20   obtained mortgage loans from Ameriquest (or its predecessor, Long Beach Mortgage Company)

21   secured by real property in California, on or after October 25, 1996 through February 29, 2004, and

22   borrowers who obtained mortgage loans from Ameriquest secured by real property in Texas,

23   Alabama, and Alaska, on or after April 8, 1998 through February 29, 2004, and whose final loans

24   differed from those reflected in the preliminary loan disclosures in one or more of the following

25   respects:

26   _____

27   [2]    A third petition for writ of mandate, prohibition and/or supersedeas by Ameriquest, filed March 17, 2003, was summarily denied by the First District Court of Appeal.

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& McCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                        3.

1. The loan obtained had (or has) an adjustable interest rate, whereas the Preliminary Disclosures provide for a fixed rate;

2. The loan obtained had (or has) an interest rate higher than the rate reflected in the Preliminary Disclosures;

3. The loan obtained required loan origination and/or discount fees, whereas the Preliminary Disclosures reflected no such fees or lower fees;

4. The loan obtained included (or includes) a prepayment penalty, whereas either the Preliminary Disclosures do not reflect such a penalty or representations were made to borrowers that there would be no such penalty; and/or

5. The loan obtained does not include monthly payments for property taxes and insurance, whereas the Preliminary Disclosures[3] do not disclose this fact.

10. On April 2, 2004, the court-approved Class Notice was mailed to approximately 62,000 putative Class Members whose names and addresses could by identified by Ameriquest from Ameriquest's electronic files. The Class Notice was also published in *USA Today* on April 2, 2004, and again on April 8, 2004. The Class Notice provided that Class Members had until May 14, 2004 to opt-out of the Class.

11. On July 19, 2004, Ameriquest filed a motion to decertify the class, which motion was heard by the Court on August 13, 2004. After hearing oral argument, and considering additional evidence proffered by Ameriquest, including 20 Class Member depositions taken by Ameriquest in May and June 2004, the Court denied the request to decertify the class.

12. On August 24, 2004, the Court issued an order directing Ameriquest to provide a supplemental form of the court-approved Class Notice to additional Class Members who could not be identified from Ameriquest's electronic loan files, and had not received the Class Notice. On September 24, 2004, Supplemental Class Notice was mailed to approximately 71 additional Class Members identified by Ameriquest as a result of a manual review of its files. The opt-out period for the Supplemental Class Notice expired on October 25, 2004.

---

[3] "Preliminary Disclosures," as the term is used in the Settlement Agreement and Class Notice, refers to the Good Faith Estimate and/or Preliminary Truth in Lending Disclosure Statement that lenders are required to mail to potential borrowers within three days of receipt of an application for certain real estate mortgage loans.

LAW OFFICES COTCHETT, PITRE, SIMON & MCCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162

-4-

1    13.    A Mandatory Settlement Conference was scheduled for August 27, 2004. Motions

2  to Bifurcate and Motions *in Limine* were briefed for oral argument before this Court at the

3  commencement of a court trial, set for November 1, 2004.

4

5                                      **II.**

6          **COUNSEL'S EXPERIENCE, QUALIFICATIONS, AND**
           **EFFORT ON BEHALF OF THE CLASS**

7

8    14.    Named Plaintiffs, Class Representatives, and the Class have been represented in this

9  action by a number of experienced and qualified attorneys from the law firms of Cotchett, Pitre,

10  Simon & McCarthy and the Law Offices of George Donaldson (collectively "Class Counsel").

11    15.    Class Counsel have conducted an extensive examination and evaluation of the claims

12  and underlying events and transactions alleged in the Class Action litigation, together with the

13  relevant evidence. Among other things, over 1.3 million documents have been exchanged and

14  produced by the parties over the course of the litigation. Class Counsel examined, among other

15  things, over 40,000 pages of training manuals, polices and procedures, sales training materials,

16  scripts, and other company documents; over 55,000 pages of borrower loan files, and over 1,000,000

17  (one million) internal email documents produced by Ameriquest. In addition to written discovery,

18  approximately 60 depositions were taken over the course of the litigation. Named Plaintiffs

19  completed depositions of 32 Ameriquest employees, officers, directors, and/or managing agents.

20  Named Plaintiffs also took the deposition of Ameriquest's expert, Sharon Kelly, PhD. Ameriquest,

21  in turn, obtained deposition testimony from each of the four Class Representatives, one former

22  Ameriquest employee, and 20 absent Class Members from California, Texas, Alabama, and Alaska.

23    16.    Class Counsel, on behalf of the Named Plaintiffs and the Class, also vigorously

24  litigated numerous, potentially dispositive motions, including, among others, two demurrers to the

25  Class Action complaints filed by Ameriquest, two motions for summary adjudication filed by

26  Ameriquest, a motion for summary judgment filed by Ameriquest, a motion to dismiss class

27  allegations filed by Ameriquest, and a motion to decertify the Class also filed by Ameriquest.

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& McCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                                         5.

1  Additionally, Ameriquest initiated multiple writ proceedings in the First District Court of Appeal,

2  to which Class Counsel responded.

3       17.    In light of the record, Class Counsel, on behalf of Class Representatives and the

4  Class, engaged in extensive discovery and independent investigation, analyzed the evidence adduced

5  during pre-trial discovery and investigation, and researched the law with respect to the claims

6  asserted in the Consolidated Amended Class Action Complaint and the potential defenses thereto.

7       18.    In February 2003, the parties agreed to pursue settlement by mediation before an

8  agreed-upon neutral, retired San Francisco Superior Court Judge William J. Cahill, at JAMS in San

9  Francisco, California. Despite a full-day mediation, the parties' attempts to resolve the litigation,

10  by mediation or settlement, in February 2003, were not successful.

11       19.    More than one year later, beginning on August 27, 2004, and continuing on

12  September 13 and September 20, 2004, Class Counsel and Counsel for Ameriquest participated in

13  three Mandatory Settlement Conferences before two judges of the San Mateo Superior Court. The

14  parties continued settlement negotiations throughout September 2004. During this time period,

15  Class Counsel and Counsel for Defendants pursued a course of detailed, face-to-face and telephonic

16  negotiations.

17       20.    On October 1, 2004, just one month before trial, Class Counsel and Counsel for

18  Defendants appeared in this Court, to announce that a settlement, in concept, had been reached, and

19  to request that the Court temporarily stay proceedings in the case to allow the parties to pursue

20  settlement discussions on business practice changes and other matters, and prepare a Motion for

21  Preliminary Approval of Settlement. The Court granted the requested stay.

22       21.    Subsequently, the parties conducted numerous settlement discussions regarding

23  business practice changes. Class Counsel met face-to-face with Ameriquest representatives at

24  Ameriquest's home offices in Orange, California on October 5, 2004. The parties also prepared and

25  exchanged a proposed draft settlement agreement, draft Proof of Claim Forms, and a draft form of

26  mail and publication Notice of Settlement, throughout November and December 2004, and during

27  the months of January, February, and March 2005. The product of these extensive mandatory

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& MCCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                         -6-

1    settlement conferences, settlement discussions, and face-to-face negotiations is the Agreement now

2    before the Court.

3        22.    Class Representatives and Class Counsel recognize the expense and delay of

4    proceedings necessary to continue the Class Action litigation against Ameriquest through trial and

5    any possible appeals. They have also taken into account the uncertainty and risk of the outcome of

6    further litigation, and the difficulties and delays inherent in such litigation. Class Representatives

7    and Class Counsel are also aware of the burdens of proof necessary to establish liability, damages,

8    and restitution for the claims alleged in the Consolidated Amended Class Action Complaint and of

9    Ameriquest's defenses thereto.    Based on the foregoing, the Named Plaintiffs and Class

10   Representatives, and Class Counsel, have determined that the Agreement is in the best interests of

11   the Class as a whole.

12       23.    This Court has maintained active oversight of the proceedings from inception of the

13   litigation through settlement.

14

15                                    **III.**

16                                  **FINDINGS**

17       The Court has carefully reviewed the parties' and objectors' written submissions and

18   considered the oral and written arguments offered in conjunction with final approval of settlement.

19   Based thereon, the Court makes the following findings:

20       **A.    Class Notice**

21       1.    The Court previously approved the form of Notice of Proposed Class Action

22   Settlement, as well as the procedures for mailing and publishing same. (Preliminary Approval

23   Order, Paragraphs 3(A) through 3(C).)

24       2.    Having considered objectors' various arguments regarding the notice, the Court again

25   finds that the notice fairly and adequately informed Class Members of the nature of the action, the

26   terms of the proposed settlement, the effect of the action and settlement on other actions raising

27   similar claims, and Class Members' rights to exclude themselves from this action or object to the

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& McCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                                          - 7 -

1    proposed settlement.

2        3.    The requirements for opting out of the Class are stated with reasonable clarity in the

3    Notice, and were not overly complicated.

4        4.    The Notice adequately describes the benefits to be paid each eligible Class Member

5    who submits a timely and valid Proof of Claim Form. Given the nature of the settlement – i.e., a

6    claims-made settlement to be distributed to eligible Class Members who experienced a material

7    increase in APR of greater than 0.9 percent between Preliminary Disclosure and Final Loan Closing,

8    as calculated by Class Counsel's expert pursuant to a negotiated formula ("Plan of Allocation") –

9    it would have been impossible to estimate accurately the actual amount any individual Class Member

10   will receive from the settlement. The exact amount of compensation to which the eligible Class

11   Member may be entitled depends on the amount of the loan, the discount fees and/or points

12   associated with the loan, and the extent of the difference in economic burden between Preliminary

13   Disclosures and Final Loan Closing. Because this figure can only be determined after the receipt by

14   the Claims Administrator of a timely and valid Proof of Claim Form, and application of the Plan

15   of Allocation formula to the Class Member's individual circumstances, Class Members would not

16   have been aided substantially by a form of notice which set forth the exact amount – or even a range

17   of potential recovery – to which each eligible Class Member would be entitled upon submission of

18   a timely and valid Proof of Claim Form.

19       5.    The Court has considered the Knox Objectors' arguments, including the assertion that

20   the Notice is inadequate because it is printed in English, but does not find that any objection provides

21   a basis to conclude that the Notice did not fairly and adequately inform Class Members of the nature

22   of the action, the terms of the proposed settlement, the effect of the action and settlement on other

23   actions raising similar claims, and Class Members' rights to exclude themselves from this action or

24   object to the proposed settlement. Named Plaintiffs presented additional evidence to show that

25   Spanish-speaking Class Members who do not speak or read English with ease received assistance

26   from the Claims Administrator, as well as Class Counsel, in Spanish. On these facts, the Court finds

27   that the publication and service of a Notice of Proposed Settlement, in English, was reasonable and

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& MCCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                                                    8.

1 the best practicable under the circumstances.

2    6.    The Notice adequately discloses the nature and scope of the release provisions of the

3 Agreement. It also adequately reveals that Class Representatives would seek court approval for an

4 incentive payment, and that Named Plaintiffs would seek an award of attorneys' fees and costs, as

5 well as the amounts that would be requested for these purposes.

6    7.    The distribution of the Notice was mailed by first class mail to Class Members at their

7 last known addresses, by March 25, 2005. In addition, a summary notice was published on March

8 20, 2005 and on April 5, 2005, in *USA Today*. The deadline for opting out or objecting was May 11,

9 2005.

10    8.    There was an adequate interval between Notice and the deadline to permit Class

11 Members to choose what to do and act on their decision. The independent Settlement Administrator

12 declared under penalty of perjury that approximately 18,325 Class Members submitted Proof of

13 Claim Forms for settlement benefits as of the date of the filing of the parties' applications for final

14 approval of settlement, and that Claims Forms were being received by the Settlement Administrator

15 at the rate of approximately 367 per day. A total of 96 Class Members opted out of the settlement.

16    **B.    Fairness of Settlement**

17    9.    The Settlement Agreement is entitled to a presumption of fairness under the four-

18 factor test set forth in *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801 ("*Dunk*"); *see also*

19 *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 245 ("*Wershba*").

20    10.    The Agreement was reached as the result of active, hard-fought litigation, and

21 protracted and equally hard-fought, arm's-length bargaining. Three of the parties' settlement

22 sessions were conducted with the assistance and guidance of two judges of the San Mateo County

23 Superior Court. The Agreement, itself, is the product of months of adversarial, arm's length

24 negotiations, in which settlement language was formed, revised, and negotiated. There is no

25 evidence of collusion.

26    11.    Sufficient investigation and discovery was accomplished to permit counsel and the

27 court to act intelligently with respect to evaluating the proposed settlement.

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& MCCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                                                          9

1    12.    The settlement is recommended by counsel for both parties. Class Counsel comprise

2    a coalition of some of the most highly skilled and experienced law firms handling plaintiffs'

3    consumer class actions, generally, and class actions directed to allegedly unfair and/or deceptive

4    lending practices, in particular. Throughout the litigation and settlement, Class Counsel received

5    the benefit of expert consultation and analysis regarding the fairness and adequacy of the settlement.

6    Class Counsel are well able to evaluate the benefits and burdens of the proposed settlement in

7    comparison with the potential recovery, complexity, risk and delay likely were the case to be litigated

8    to a final conclusion.

9    13.    The proposed settlement is overwhelmingly supported by the Class. Based on the

10   records of the independent Class Notice and Settlement Notice provider, approximately 62,000

11   Notices of Proposed Class Action Settlement were mailed to the Class. Notice of the settlement was

12   also served by publication in USA Today. As of the opt-out date, only 96 requests to be excluded

13   from the Settlement had been received – less than 1 percent of all those who received Notice. In

14   addition, there were only 2 written objections, filed by attorneys and law firms on behalf of 6

15   individual objectors. This level of objection and opt-outs is sufficiently small to be deemed an

16   indication of the Class' acceptance of the settlement as fair and adequate. *See Wershba*, *supra*, 91

17   Cal.App.4th, at 244-45; *7-Eleven Owners for Fair Franchising v. Southland Group* (2000) 85

18   Cal.App.4th 1135, 1153; *and see Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.2d 1011, 1027 ("the

19   fact that the overwhelming majority of the class willingly approved the offer and stayed in the class

20   presents at least some objective positive commentary as to its fairness.")

21   14.    The proposed settlement was also served on the Attorney General for the State of

22   California, who filed no objection, and did not request to be heard at the Fairness Hearing. The

23   Association of Community Organizations for Reform Now ("ACORN"), a leading advocate for

24   victims of "predatory" lending, has submitted a declaration in which ACORN has expressed its

25   endorsement of the settlement. While Class Members might have received more if the action was

26   litigation to a final conclusion, they might also have received less or nothing at all. The proposed

27   settlement takes into account the substantial litigation risk, and delay, that Class Members faced had

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                                      · 10·

1   they elected to proceed to trial, and potentially, to appeal. A settlement may be approved as fair,

2   reasonable, and adequate even if it provides substantially less than 100 % of the damages plaintiffs

3   seek. *Wershba*, *supra*, 91 Cal.App.4th, at 250. The Named Plaintiffs' memorandum of points and

4   authorities and supporting evidence shows that the settlement benefits to the Class are clear,

5   demonstrable, immediate, and excellent. The proposed settlement entitles each eligible Class

6   Member to a recovery that is proportionate to the loss that he or she incurred, and thus treats all Class

7   Members fairly.

8        15.    The Court has considered the objectors' arguments concerning the adequacy of the

9   relief afforded by the proposed settlement, as well as the declarations offered by the parties in

10  support of final settlement approval. Based on this review, and contrary to these objectors' assertion,

11  the Court finds that, by any estimation, the level of settlement benefits to which individual Class

12  Members are entitled is significant. Moreover, the fact that 18,325 claims have been filed evidences

13  the Class' understanding and support of the settlement.

14       16.    The proposed method for distributing settlement benefits to Class Members, pursuant

15  to an agreed-upon Plan of Allocation, is fair, reasonable, and not unduly burdensome. The

16  Settlement Agreement provides that Ameriquest has the right to elect an arbitration proceeding for

17  "bait and switch" claims involving loans obtained between February 3, 2003 and February 29, 2004.

18  (¶¶ IX.A.2, IX.B.2). All arbitrator fees and expenses, and any attorneys' fees incurred by Ameriquest

19  in the course of these proceedings, shall be paid entirely by Ameriquest. Class Counsel agrees to

20  represent Class Members in these arbitration proceedings for free.

21       17.    The Court retains jurisdiction over the implementation of the settlement so that it can

22  assure that timely and valid claims are processed appropriately, and settlement benefits are

23  distributed to eligible Class Members in a reasonably prompt and fair manner.

24       18.    Taken as a whole, the Settlement Agreement is fair, adequate, reasonable, and in the

25  best interests of the Class.

26  //

27  //

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& McCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                      11

## C.   Release of Claims

19.   The release provision of the Settlement Agreement is fair and reasonable. As a general rule, a release is proper in scope if it is limited to claims that were asserted or that may arise out of the transactions or events pleaded in the class action complaint. *See, e.g.*, 4 Herbert B. Newberg & Alba Conte, Newberg on Class Actions (4th ed. 2002) § 12:15, at p.312 (and cases cited therein); *Class Plaintiffs v. City of Seattle* (9th Cir. 1992) 955 F.2d 1268, 1297 (holding that a release in conjunction with the settlement of a class action may properly release "not only those claims alleged in the complaint, but also a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presented in the class action.")[4] The Court has read the release provisions, which appear at paragraphs V.A.-C. and VI.A.-B. of the Agreement, as well as the arguments of the objectors regarding their scope and effect. The Court concludes that the release, when considered with its express exclusions and proposed opt-out procedures, is proper and reasonable in scope, and fairly protects the rights of Class Members. The release contains the very language that has been held to be typical and appropriate in scope by the courts and legal commentators cited above. Moreover, the release provides additional benefit to the Class than in the typical case or the usual approved settlement, in that it contains an express carve out for foreclosure claims and defenses. Thus, the release does not extend to, and has no effect upon, statutory or common law foreclosure claims or defenses, except "bait and switch" claims as they are defined by the court-approved Class Definition.

20.   Whether the release discharges certain federal claims asserted by the Knox Objectors in litigation initiated against Ameriquest in federal court, on January 14, 2005 (and to which a motion to dismiss is now pending), is a question this Court need not answer. That question will be decided by the federal district courts, if any, in which such claims are pursued by those borrowers. *Matsushita Electric Industrial Inc, Ltd. v. Epstein* (1996) 516 U.S. 367, 396, 116 S.Ct. 873, 888

---

[4]   In resolving issues related to class actions, the California courts frequently look for guidance to Rule 23 of the Federal Rules of Civil Procedure and to federal cases applying Rule 23, to the extent they are not inconsistent with California jurisprudence. *Dunk, supra*, 48 Cal.App.4th, at 1801, fn.7.

LAW OFFICES
COTCHETT,
PITRE, SIMON
& McCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                                         12

1 (Ginsburg, J., concurring) ("A court conducting an action cannot predetermine the res judicata effect

2 of the judgement; that effect can be tested only in a subsequent action.")

3       21.     Because the release is appropriate and typical in scope, and the Notice of Proposed

4 Settlement gives sufficiently clear notice to Class Members that they can exclude themselves if they

5 do not wish to be bound by its terms, the Court concludes that the release is fair, adequate, and

6 reasonable under the circumstances.

7 **IV.**

8 **ORDERS**

9       Based on the foregoing findings and good cause appearing, IT IS ORDERED, ADJUDGED,

10 AND DECREED AS FOLLOWS:

11       **A.**    **Class Notice**

12       1.     The Court re-approves the Notice of Proposed Settlement previously mailed to Class

13 Members and the published summary notice. It determines that the Notices fully and accurately

14 informed Class Members of all material elements of the action, proposed settlement, and their

15 alternatives with respect to same, and that the Notices constituted valid, due, and sufficient notice

16 to all Class Members as well as the best notice practicable under the circumstances.

17       2.     Based upon the terms of the Agreement and the declarations submitted in support of

18 final settlement approval, the Court is satisfied that appropriate efforts to identify and locate

19 members of the Class were made.

20       **B.**    **Final Approval**

21       3.     The Court finally approves the Settlement Agreement and finds that it is fair,

22 adequate, reasonable, and in the best interests of the Class.

23       4.     The Court orders the parties, their counsel, and the Settlement Administrator, to

24 implement and carry out the provisions and terms of the Settlement Agreement, and perform their

25 obligations pursuant to that Agreement.

26       **C.**    **Release of Claims**

27       5.     The Amended Consolidated Class Action Complaint and all claims and causes

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& McCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                   13

1  asserted therein are hereby dismissed on the merits and with prejudice, as to the Named Plaintiffs,

2  the Class Representatives, and all Class Members other than those who have submitted timely valid

3  opt-outs requests or as determined by this Court's further orders. This dismissal is without cost to

4  any party except as specifically provided in the Settlement Agreement, and/or as provided in the

5  Court's further order on Named Plaintiffs' Application for Award of Attorneys' Fees, Costs, and

6  Class Representative Incentive Awards.

7       6.    The Named Plaintiffs, Class Representatives, and all Class Members other than those

8  who have submitted timely valid opt-out requests as determined by this Court's further orders, are

9  bound by the release provisions (¶ V.A. - C.) of the Agreement, and to the extent there provided have

10  released and discharged Defendants and all other Releasees from any and all claims as set forth in

11  paragraph V.A., of the Agreement.

12       7.    Defendants, and each of them, are bound by the release provisions (¶¶ VI. A. - B.),

13  of the Agreement, and to the extent there provided have released and discharged Named Plaintiffs,

14  Class Representatives, and Class Counsel and all other Releasees identified in paragraph VI.A., from

15  any and all claims as set forth in paragraph VI.A. - B., of the Agreement.

16       8.    The Court bars and permanently enjoins the Named Plaintiffs, Class Representatives,

17  and all Class Members other than those who have submitted timely valid opt-out requests as

18  determined by this Court's further orders from asserting, instituting, or prosecuting, either directly

19  or indirectly, any claims released pursuant to the Agreement and this Order.

20      **D.**    **Incentive Payments and Attorneys Fees and Costs**

21       9.    The Court addresses Named Plaintiffs' Application for Award of Attorneys' Fees,

22  Costs, and Class Representative Incentive Awards by separate Court order.

23      **E.**    **Objectors' Requests For Briefing, Discovery, And Evidentiary Hearing**

24       10.    On June 23, 2005, the Court denied the Knox Objectors' Ex Parte Application For

25  Order Granting Leave To File Supplemental Briefing In Support Of Objections To The Proposed

26  Settlement. Notwithstanding the Court's order denying the above-described application, the Knox

27  Objectors proceeded to file these supplemental materials with the Clerk of the Court that very

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& McCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162              14

1 afternoon. The Court did not read or consider the supplemental materials that were filed by the Knox

2 Objectors in violation of the Court's order.

3   11. The Knox Objectors' request for discovery is denied. The Knox Objectors' oral

4 request for an evidentiary hearing, made at the first time at the hearing for final approval of

5 settlement, is also denied. Both requests are untimely, and the Knox Objectors have not

6 demonstrated a reasonable basis for such discovery or evidentiary hearing, or that further,

7 unspecified, and potentially duplicative discovery would assist the Court in determining whether the

8 proposed settlement is fair, adequate, reasonable, and in the best interests of the Class.

9  **F.** **Continuing Jurisdiction**

10   12. Neither this Order Granting Final Approval Of Class Action Settlement nor the

11 Settlement Agreement constitute an admission or concession by Defendants of any fault, omission,

12 liability, or wrongdoing. This Order Granting Final Approval Of Class Action Settlement is not a

13 finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing

14 by the Defendants. The final approval of the Agreement does not constitute an opinion, position,

15 or determination of this Court, one way or the other, as to the merits of the claims and defenses of

16 the Named Plaintiffs, the Class Representatives, the Class Members, or the Defendants.

17   13. Without affecting the finality of this Order Granting Final Approval Of Class Action

18 Settlement, the Court shall retain jurisdiction over: (a) implementation and enforcement of the

19 Settlement Agreement pursuant to further orders of the Court, until such time as the final judgment

20 contemplated hereby has become effective and each and every act agreed to be performed by the

21 parties hereto shall have been performed pursuant to the Agreement; (b) any other action necessary

22 to conclude this settlement and implement the Agreement; (c) the enforcement, construction, and

23 interpretation of the Agreement; and (d) the determination of validity of opt-outs.

24 //

25 //

26 //

27 //

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& MCCARTHY

1       14.     Pursuant to paragraph XIV of the Settlement Agreement, a judgment of dismissal of

2    the action, with prejudice, shall be entered.

3       15.     The Clerk is hereby directed to enter this Order Granting Final Approval Of Class

4    Settlement And Entry of Judgment Of Dismissal, with prejudice.

5       **IT IS SO ORDERED.**

6

7                                                          *CAROL MITTLESTEADT*

8    Dated: ___JUN 2 8 2005___           _____

9                                        HONORABLE CAROL MITTLESTEADT
                                         JUDGE OF THE SUPERIOR COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& MCCARTHY

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AND ENTRY OF
JUDGMENT OF DISMISSAL
Judicial Coordination Proceedings No. 4162                                    16

1

## PROOF OF SERVICE

2         I am employed in San Mateo County, which is where service of the document(s) referred

3 to below occurred. I am over the age of 18 and not a party to the within action. My business

4 address is Cotchett, Pitre, Simon & McCarthy, San Francisco Airport Center, 840 Malcolm

5 Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre,

6 Simon & McCarthy's practices for the service of documents. On this date, I served or caused to

7 be served a true copy of the following document(s) in the manner listed below:

8         **NOTICE OF ENTRY OF ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; AN ENTRY OF JUDGMENT OF DISMISSAL**

9

10 \_\_\_\_   **BY MAIL:** I caused the sealed envelope containing the aforementioned document(s) to be deposited with the United States Postal Service on that same day in the ordinary course of business.

11

12 <u>XXX</u>  **BY OVERNIGHT COURIER SERVICE:** I caused the sealed envelope containing the aforementioned document(s) to be delivered via overnight courier service to the addressee(s) specified below:

13

14               **[SEE ATTACHED SERVICE LIST]**

15 \_\_\_\_   **BY FACSIMILE:** I caused the document(s) to be transmitted to the facsimile number(s) of the addressee(s) specified below:

16 \_\_\_\_   **HAND DELIVERY:** I caused the sealed envelope containing the aforementioned document(s) to be hand delivered to the addressee(s) specified below.

17

        I declare under penalty of perjury under the laws of the State of California that the

18 foregoing is true and correct. Executed at Burlingame, California, on June 29, 2005.

19

20

21

22                   **IRMA MARTINEZ**

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE, SIMON
& McCARTHY

## SERVICE LIST

**Via Overnight Mail**
Bernard LeSage
**Buchalter, Nemer, Fields & Younger**
601 South Figueroa Street, Suite 2400
Los Angeles, CA 90017
Tel: (213) 891-0700
Fax: (213) 896-0400

**Attorneys for Petitioners and Defendants:**
**Ameriquest Mortgage Company and**
**Ameriquest Capital Corporation**

**Via Overnight Mail**
Raoul Kennedy
Davidson Pattiz
**Skadden, Arps, Slate,**
**Meagher & Flom**
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Tel: (415) 984-6414
Fax: (415) 984-2698

**Attorneys for Petitioners and Defendants:**
**Ameriquest Mortgage Company and**
**Ameriquest Capital Corporation**

**Via Overnight Mail**
George Donaldson
Daniel Harris
**Law Offices of George Donaldson**
456 Montgomery Street, Suite 1250
San Francisco, CA 94104
Tel: (415) 394-8500
Fax: (415) 394-8506

**Attorneys for Plaintiffs:**
**Bryan, et al.**

**Via Overnight Mail**
Michael Fred Babitzke
6 South El Dorado Street, Suite 305
Stockton, CA 95202
Tel: (209) 465-5722
Fax: (209) 465-0714

**Attorneys for Objectors:**
**Wallace and Linda Sears**

**Via Overnight Mail**
Frank H. Tomlinson
**Pritchard, McCall & Jones, LLC**
505 N. 20th Street
800 Financial Center
Birmingham, AL 35203
Tel: (205) 328-9190
Fax: (205) 458-0035

**Attorneys for Objectors:**
**Wallace and Linda Sears**

LAW OFFICES
COTCHETT,
PITRE, SIMON
& MCCARTHY

| | | |
|---|---|---|
| 1 | **Via Overnight Mail**<br>Emmett C. Stanton | **Attorneys for Objectors:**<br>**Nona Knox, Maria Torres, Margaret** |
| 2 | David M. Lisi<br>Aaron Myers | **Alexis, and Arturo Raygoza** |
| 3 | Bryan A. Kohm<br>**Fenwick & West, LLP** | |
| 4 | 801 California Street<br>Mountain View, CA 94041 | |
| 5 | Tel: (650) 988-8500<br>Fax: (650) 938-5200 | |
| 6 | | |
| 7 | **Via Overnight Mail**<br>Shirley Hochhausen | **Attorneys for Objectors:**<br>**Nona Knox, Maria Torres, Margaret** |
| 8 | **Community Legal Services**<br>**In East Palo Alto** | **Alexis, and Arturo Raygoza** |
| 9 | 2117-B University Avenue<br>East Palo Alto, CA 94303<br>Tel: (650) 326-6440 | |
| 10 | Fax: (650) 326-9722 | |
| 11 | **Via Overnight Mail**<br>Michelle Natividad Rodriguez | **Attorneys for *Amici Curiae*** |
| 12 | Richard A. Marcantonio<br>**Public Advocates, Inc.** | |
| 13 | 131 Steuart Street, Suite 300<br>San Francisco CA 94105 | |
| 14 | Tel: (415) 431-7430<br>Fax: (415) 431-1048 | |
| 15 | | |
| 16 | **Via Overnight Mail**<br>Ben Diehl, Deputy Attorney General | |
| 17 | 300 S. Spring Street, Suite 1702<br>Los Angeles, CA 90013 | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

LAW OFFICES
COTCHETT,
PITRE, SIMON
& MCCARTHY

PROOF OF SERVICE

3

**Exhibit  11**

**AMERIQUEST CHART – CAPTION, FILE NUMBER, FILING DATE AND ENTRY OF ORDER DATE**

| STATE | CAPTION | FILE NUMBER | DATE OF FILING | DATE OF ENTRY OF ORDER |
|---|---|---|---|---|
| ALABAMA | State of Alabama, By and Through Troy King, Alabama Attorney General v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | CV-06-765 | March 21, 2006 | March 21, 2006 |
| ALASKA | State of Alaska v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | 3AN-06-06202 (?) | March 21, 2006 | March 21, 2006 |
| ARIZONA | State of Arizona Ex Rel. Terry Goddard, Attorney General, and Felecia Rotellini, Superintendent of Financial Institutions v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | CV2006-004233 | March 24, 2006 | March 24, 2006 |
| ARKANSAS | State of Arkansas ex rel. Mike Beebe, Attorney General and Michael B. Johnson, Arkansas Securities Commissioner v. Ameriquest Mortgage Company; AMC Mortgage Services, Inc. f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | CV 2006-3167 | March 22, 2006 | March 22, 2006 |

| | | | |
|---|---|---|---|
| **CALIFORNIA** | The People of the State of California, by the Attorney General, the California Corporations Commissioner, and the District Attorneys of Alameda, Los Angeles, Merced, Monterey, San Francisco, and San Mateo Counties v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | RG06260804 | March 21, 2006 | March 21, 2006 |
| **COLORADO** | State of Colorado, *ex rel.* John W. Suthers, Attorney General, and Laura E. Udis, Administrator of the Uniform Consumer Credit Code v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | 06CV3160 | March 21, 2006 | March 21, 2006 |
| **CONNECTICUT** | State of Connecticut and John P. Burke, Banking Commissioner of the State of Connecticut v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc. f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation.. | N/A | March 21, 2006 | March 21, 2006 |
| **DELAWARE** | State of Delaware, *ex rel.*, Carl C. Danberg, Attorney General of the State of Delaware and Robert A. Glen, State Bank Commissioner of the State of Delaware v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | 06M-03-083 | March 21, 2006 | March 21, 2006 |

| | | | | |
|---|---|---|---|---|
| **DISTRICT OF COLUMBIA** | | | | |
| **FLORIDA** | State of Florida, Office of the Attorney General, Department of Legal Affairs v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | 06 CA 753 | March 21, 2006 | March 21, 2006 |
| **GEORGIA** | Robert Braswell, in his official capacity as Commissioner of the Georgia Department of Banking and Finance, and Joseph Doyle, in his official capacity as Administrator of the Fair Business Practices Act v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | 2006CV114356 | March 21, 2006 | March 21, 2006 |
| **HAWAII** | State of Hawaii, by its Department of Commerce and Consumer Affairs v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc. f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | 06-1-0488-03 SSM | March 21, 2006 | March 24, 2006 |
| **IDAHO** | State of Idaho, by and through Lawrence G. Wasden, Attorney General, and the Idaho Department of Finance v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | CV OC 0605008 | March 21, 2006 | March 24, 2006 |
| **ILLINOIS** | People of the State of Illinois, by Lisa Madigan, Attorney General of the State of Illinois; and Dean Martinez, Secretary of the Illinois Department of Financial and Professional Regulation, and D. Lorenzo Padron, Director of the Division of | 06CH05543 | March 21, 2006 | March 21, 2006 |

| | | | | |
|---|---|---|---|---|
| | Banking of the Illinois Department of Financial and Professional Regulations, by Lisa Madigan, Attorney General of the State of Illinois v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., *f/k/a* Bedford Home Loans; and ACC Capital Holdings Corporation. | | | |
| **INDIANA** | State of Indiana County of Marion, the State of Indiana *v.* Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | 49D120603PL0118 05 | March 23, 2006 | March 23, 2006 |
| **KANSAS** | State of Kansas, *ex rel.* Phill Kline, Attorney General *v.* Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | 06L400 | March 21, 2006 | March 21, 2006 |
| **IOWA** | State of Iowa, ex rel. Thomas J. Miller, Attorney General of Iowa, Thomas B. Gronstal, Iowa Superintendent of Banking v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., *f/k/a* Bedford Home Loans; and ACC Capital Holdings Corporation. | | March 21, 2006 | March 21, 2006 |
| **KENTUCKY** | | | | |
| **LOUISIANA** | State of Louisiana, Ex Rel Charles C. Foti Jr., and on Behalf of John Ducrest, Commissioner of the Office of Financial Institutions v. Ameriquest Mortgage Company; AMC Mortgage Services, Inc., *f/k/a* Bedford Home Loans; and ACC | 541668 - 8 | March 21, 2006 | March 22, 2006 |

| | | | | |
|---|---|---|---|---|
| | Capital Holdings Corporation. | | | |
| **MAINE** | State of Maine and Maine Office of Consumer Credit Regulations v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | | March 21, 2006 | March 23, 2006 |
| **MISSISSIPPI** | State of Mississippi, Ex Rel Jim Hood, Attorney General and John S. Allison, Commissioner, Department of Banking and Consumer Finance v. Ameriquest Mortgage Company; AMC Mortgage Services, Inc., *f/k/a* Bedford Home Loans; and ACC Capital Holdings Corporation. | G-2006-465 | March 21, 2006 | March 21, 2006 |
| **MARYLAND** | Maryland Office of the Attorney General and Maryland Commissioner of Financial Regulations v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc.; and ACC Capital Holdings Corporation. | 24-C0600 2849 | March 21, 2006 | March 23, 2006 |
| **MASSACHUSETTS** | Commonwealth of Massachusetts v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., *f/k/a* Bedford Home Loans; and ACC Capital Holdings Corporation. | 06-1186 | March 21, 2006 | March 21, 2006 |
| **MICHIGAN** | Michael A. Cox, Attorney General of the State of Michigan, and Linda A. Watters, Commissioner of the Office of Financial and Insurance Services v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware | 06-371-C2 | March 21, 2006 | March 22, 2006 |

| | | | | |
|---|---|---|---|---|
| | corporation. | | | |
| **MINNESOTA** | State of Minnesota, by its Attorney General, Mike Hatch, and by its Commissioner of Commerce, Glenn Wilson v. Ameriquest Mortgage Company; ACC Capital Holdings Corporation; Town and Country Credit Corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans. | C0062618 | March 21, 2006 | March 21, 2006 |
| **MISSOURI** | Jeremiah W. (Jay) Nixon, Attorney General and D. Eric McClure, Commissioner of Finance, Ex Rel. State of Missouri v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | 06AC-CC00210 | March 21, 2006 | March 29, 2006 |
| **MONTANA** | State of Montana v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | CDV 2006-192 | March 22, 2006 | March 23, 2006 |
| **NEBRASKA** | State of Nebraska, ex rel. Jon Bruning, Attorney General, and the Nebraska Department of Banking and Finance v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | 1059-674 | March 21, 2006 | March 22, 2006 |
| **NEVADA** | State of Nevada, Office of the Attorney General, ex rel. George J. Chanos, Attorney General; and State of Nevada, Department of Business and Industry, Mortgage Lending Division, Scott E. Bice, Commissioner v. Ameriquest Mortgage Company; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC | A519091 | March 21, 2006 | March 21, 2006 |

| | Capital Holdings Corporation. | | | |
|---|---|---|---|---|
| **NEW HAMPSHIRE** | State of New Hampshire and The State of New Hampshire Banking Department v. Ameriquest Mortgage Company; ACC Capital Holdings Corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans. | 06-E-0096 | | March 24, 2006 |
| **NEW JERSEY** | Zulima V. Farber, Attorney General of the State of New Jersey, Steven M. Goldman, Acting Commissioner of Banking and Insurance, and Kimberly S. Ricketts, Director of the New Jersey Division of Consumer Affairs v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | C-36-06 | March 21, 2006 | March 21, 2006 |
| **NEW MEXICO** | State of New Mexico, ex rel. Patricia A. Madrid, Attorney General v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | CV-2006-00628 | March 21, 2006 | March 21, 2006 |
| **NEW YORK** | The People of the State of New York, by Eliot Spitzer, Attorney General of the State of New York v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation. | 1955-06 | March 21, 2006 | April 7, 2006 |
| **NORTH CAROLINA** | State of North Carolina ex rel Roy Cooper, Attorney General and Joseph A. Smith, Jr., Commissioner of Banks v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford | 06 CVS 4114 | March 21, 2006 | March 23, 2006 |

| | Home Loans, a Delaware corporation. | | | |
|---|---|---|---|---|
| **NORTH DAKOTA** | State of North Dakota, ex rel. Wayne Stenehjem, Attorney General v. ACC Capital Holdings Corporation, a Delaware corporation; Ameriquest Mortgage Company, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | 06C0489 | March 21, 2006 | March 21, 2006 |
| **OHIO** | State of Ohio, ex rel. Jim Petro Attorney General and Ohio Department of Commerce, Division of Financial Institutions F. Scott O'Donnell, Superintendent v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | | March 21, 2006 | March 21, 2006 |
| **OKLAHOMA** | State of Oklahoma, ex rel. Oklahoma Administrator of Consumer Credit and W.A. Drew Edmondson, Attorney General v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | CJ-2006-2320 | March 21, 2006 | March 21, 2006 |
| **OREGON** | State of Oregon, ex rel. Hardy Myers, Attorney General for the State of Oregon, and ex rel Cory Streisinger, Director of the Oregon Department of Consumer and Business Services, Division of Finance and Corporate Securities, in their official capacities v. Ameriquest Mortgage Company, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation; and ACC Capital Holdings Corporation, a Delaware corporation. | 06C12721 | March 21, 2006 | March 21, 2006 |
| **PENNSYLVANIA** | Commonwealth of Pennsylvania Acting by Attorney General Thomas W. Corbett, Jr. and A. William Schenck III, Secretary | 195 MD 2006 | March 21, 2006 | March 23, 2006 |

| | | | |
|---|---|---|---|
| | of Banking v. Ameriquest Mortgage Company; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | | |
| RHODE ISLAND | State of Rhode Island v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; and Town and Country Credit Corporation, a Delaware corporation. | 06-1596 | March 21, 2006 | March 29, 2006 |
| SOUTH CAROLINA | Henry D. McMaster, South Carolina Attorney General v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | 2006-CP-40-1679 | March 23, 2006 | March 23, 2006 |
| SOUTH DAKOTA | State of South Dakota, Office of Attorney General, Division of Consumer Protection, and Department of Revenue and Regulation, Division of Banking v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | 06-111 | March 21, 2006 | March 21, 2006 |
| TENNESSEE | State of Tennessee v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | 06-702-I | March 21, 2006 | March 24, 2006 |
| TEXAS | The State of Texas v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | 2006-1304 | March 21, 2006 | March 21, 2006 |

| | | | |
|---|---|---|---|
| UTAH | Attorney General of the State of Utah, Utah Department of Financial Institutions, Utah Division of Real Estate, and Utah Division of Consumer Protection v. Ameriquest Mortgage Company; Town and Country Credit Corporation; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | 060904717 | March 21, 2006 | March 22, 2006 |
| VERMONT | State of Vermont v. Ameriquest Mortgage Company; AMC Mortgage Services, Inc., f/k/a Bedford Home Loans; and ACC Capital Holdings Corporation. | 172-3-06 | March 21, 2006 | March 24, 2006 |
| WASHINGTON | State of Washington v. ACC Capital Holdings Corporation, a Delaware corporation; Ameriquest Mortgage Company, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; and AMC Mortgage Services, Inc., formerly known as Bedford Home Loans, a Delaware corporation. | 06-2-09702-5SEA | March 21, 2006 | March 21, 2006 |
| WEST VIRGINIA | State of West Virginia, ex rel. Darrell V. McGraw, Jr., Attorney General v. Ameriquest Mortgage Company and ACC Capital Holdings Corporation. | 06-C-519 | March 21, 2006 | March 23, 2006 |
| WISCONSIN | State of Wisconsin v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; AMC Mortgage Services, Inc., and formerly known as Bedford Home Loans, a Delaware corporation. | 06CV0905 | March 21, 2006 | March 30, 2006 |
| WYOMING | State of Wyoming v. Ameriquest Mortgage Company, a Delaware corporation; ACC Capital Holdings Corporation, a Delaware corporation; Town and Country Credit Corporation, a Delaware corporation; AMC Mortgage Services, Inc., and | Doc. 167 No. 611 | March 21, 2006 | March 28, 2006 |

formerly known as Bedford Home Loans, a Delaware corporation.

BN 86929l v1