IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO AMERIQUEST'S REQUEST FOR LIMITATION ON INJUNCTIVE RELIEF BASED ON A MONITOR APPOINTED PURSUANT TO AGREEMENT WITH VARIOUS STATE ATTORNEYS GENERAL**

**INTRODUCTION**

On May 30, 2006, this Court issued an Order granting Notice relief to all Plaintiffs who are subject to imminent mortgage foreclosure by Ameriquest. [Docket No. 142.] The purpose of the Notice is to alert borrowers who may otherwise lose their homes to the existence of potential claims and defenses available under the Truth in Lending Act ("TILA"). At the direction of the Court, following entry of the Order, the parties negotiated to reach an agreement about a bond and the final form of the required notice. The parties entered into and filed two stipulations resolving virtually all of the open issues, including the form of notice.[1] [Docket Nos. 147, 155.] Pursuant to the second stipulation, one issue remains outstanding for Court resolution.

---

[1] The parties are awaiting review and approval of these Stipulations by the Court.

During negotiations over the final form of Notice, Ameriquest requested for the first time that Plaintiffs stipulate that the Court Order of May 30, 2006 not apply to its foreclosures of mortgage contracts originated after January 23, 2006. The articulated basis for this request was that on or after January 23, 2006, a monitor who was appointed pursuant to an agreement between the state Attorneys General and Ameriquest began review of Ameriquest's practices.

Plaintiffs[2] did not agree to this stipulation and Ameriquest then requested an opportunity to raise the issue with the Court. The parties agreed to brief the issue simultaneously.

In sum, it is Plaintiffs' position is that the existence of an inchoate monitoring process, without relevant monitoring reports, is not a valid basis for relief from the Order. The Court should deny Ameriquest's request for the reasons set forth below:

## ARGUMENT

Ameriquest's argument is essentially that the mere existence of a monitor, appointed without participation by Plaintiffs' counsel or the Court, is nevertheless a guarantee that Ameriquest has no recent Truth in Lending compliance problems, so that the Notice ordered by this Court is not necessary. There are at least five reasons why this contention is without merit.

---

[2] On February 7, 2006, this Court directed Plaintiffs' Counsel to organize and to present a proposed case management plan by June 13, 2006. Plaintiffs' counsel have now done so, and after extended discussion among them, have presented the Court with a comprehensive proposal for case management on behalf of a consolidated group of Plaintiffs. [Docket No. 162.]

First, Ameriquest and the Attorneys General entered into an agreement to appoint a monitor as of January 23, 2006. [Attorney General Agreement, Exhibit A to Wiltsek Supplemental Declaration, Docket No. 26 ("AG Agreement").] At this time, there is no evidence before the Court as to when the monitor actually took office. Indeed, the AG Agreement provides for an initial 90 day period to reach consensus on the appointment. *Id*. at ¶ VI.D. Even if the monitor had been appointed on the first day after the agreement went into effect, however, there is no reason to believe that the monitor could impact Ameriquest's practices immediately.

Second, the monitor is only required to evaluate compliance with the injunctive provisions of the AG agreement. *Id*. at ¶ VI.F.1. Significantly, the AG agreement does not call for changed practices in the area of Truth In Lending compliance. *Id*. at ¶ IV.

Third, Plaintiffs have not been offered an opportunity to speak to the monitor, or to have access to his reports. Indeed, the Monitor's first report is not due until some time after the close of the period ending on December 31, 2006. *Id.* at ¶ VI.G. Plausibly, the Monitor could then find non-compliance rather than compliance. In the meantime, affected borrowers may well have lost their homes.

Fourth, Ameriquest has reported to the Court in this proceeding that it delegates compliance with the Truth in Lending Act to third-party closing agents. [Opposition To Plaintiffs' Motion For Preliminary Injunction, p. 6, Docket No. 30.] Although this is legally irrelevant for liability purposes under TILA,[3] Ameriquest has not shown that the monitor will have access to determine compliance by these third parties.

---

[3] 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1).

Finally, the potential harm to the borrowers of not receiving notice is far greater than the potential harm to Ameriquest of merely mailing notice. This issue was already evaluated and decided by the Court in the May 30, 2006 memorandum opinion. [Memorandum Opinion and Order, p. 10.] There is no reason for the Court to revisit the issue.

Ameriquest's request for relief from the May 30, 2006 order is plainly premature. Because loans originated since January 2006 are unlikely to be near foreclosure at this early date, there are probably only a small number of notices that ride on this issue.[4] The burden on Ameriquest is not great. If Plaintiffs receive appropriate assurances from the Monitor at some later stage of this case that Ameriquest has achieved compliance on the relevant TILA issues, Plaintiffs will review their position at that time. Alternatively, if discovery shows a substantial change in practice, Plaintiffs may then consent to the relief Ameriquest seeks.

## CONCLUSION

For the foregoing reasons, the Court should deny Ameriquest's request to limit the notice mandated by the Court's May 30, 2006 Order to borrowers whose mortgage contracts were originated on or before January 23, 2006.

---

[4] Ameriquest did not provide this information during negotiations.

Respectfully submitted,

Dated: June 20, 2006

| | |
|---|---|
|     */s/ Kelly M. Dermody* <br> Kelly M. Dermody <br><br> Kelly M. Dermody (CA Bar No. 171716) <br> Caryn Becker (CA Bar No. 196947) <br> LIEFF, CABRASER, HEIMANN <br>  & BERNSTEIN, LLP <br> 275 Battery Street, 30th Floor <br> San Francisco, CA 94111-3339 <br> Telephone: (415) 956-1000 <br> Facsimile: (415) 956-1008 |     */s/ Gary Klein* <br> Gary Klein <br><br> Gary Klein <br> Elizabeth Ryan <br> Shennan Kavanagh <br> RODDY KLEIN & RYAN <br> 727 Atlantic Avenue <br> Boston, MA 02111-2810 <br> Telephone: (617) 357-5500 ext. 15 <br> Facsimile: (617) 357-5030 |

    */s/ Terry Smiljanich*
Terry Smiljanich

Terry Smiljanich
Jill Bowman
JAMES, HOYER, NEWCOMBER
 & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Proposed Plaintiffs' Co-Lead Counsel*

    */s/ Marvin A. Miller*
Marvin A. Miller

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL 60602
Telephone: (312) 782-4800
Facsimile: (312) 782-4485

*Proposed Plaintiffs' Liaison Counsel*

| | |
|---|---|
| /s/ Samuel H. Rudman | /s/ Michael Donovan |
| Samuel H. Rudman | Michael Donovan |

Samuel H. Rudman
Evan J. Kaufman
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173

Michael Donovan
DONOVAN SEARLES LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone:  (215) 732-6067
Facsimile:  (215) 732-8060

/s/ William H. Crowder
William H. Crowder

William H. Crowder
Gregory L. Paulson
CROWDER, BEDOR & PALLSON, LLP
555 West 7th Street, Suite 201
St. Paul, MN  55201
Telephone: (651) 225-8330
Facsimile:  (651) 204-2134

*Plaintiffs' Executive Committee*

| | |
|---|---|
| /s/ Daniel S. Blinn | /s/ Charles Delbaum |
| Daniel S. Blinn | Charles Delbaum |

Daniel S. Blinn
CONSUMER LAW GROUP, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT  06067
Telephone:  (860) 571-0408
Facsimile:  (860) 571-7457

Charles Delbaum
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, MA  02110
Telephone:  (617) 542-8010
Facsimile:  (617) 542-8028

*Proposed Plaintiffs' Individual Consumer Claims Steering Committee*

W. Roderick Bowdoin
DARBY PEELE BOWDOIN & PAYNE
P.O. Drawer 1707
Lake City, FL  32056
Telephone:  (836) 752-4120
Facsimile:  (836) 755-4569

Douglas Bowdoin
DOUGLAS BOWDOIN, P.A.
P.O. Box 2254
Orlando, FL 32802-2254
Telephone: (407) 422-0025
Facsimile: (407) 843-2448

J. Craig Bourne
1520 East Livingston Street
Orlando, FL 32801
Telephone: (407) 894-6750
Facsimile: (407) 894-4735

Laurence Tien
Kamran Mashayekh
THE TIEN LAW FIRM, LLP
10235 West Little York Road, Suite 470
Houston, TX 77040
Telephone: (713) 937-0223
Facsimile: (713) 937-0220

Theresa I. Wigginton
915 Oakfield Drive, Suite F
Brandon, Florida 33511
Telephone: (813) 653-2992
Facsimile: (813) 655-7082
Jonathan A. Boynton
Sarah Brite Evans
KIRBY NOONAN LANCE & HOGE, LLP
One America Plaza
600 W. Broadway, Suite 1100
San Diego, CA 92101-3387
Telephone: 619/231-8666
Facsimile: 619/231-9593

Matthew J. Zevin
STANLEY, MANDEL & IOLA, L.L.P.
 550 West C Street, Suite 1600
San Diego, CA 92101
Telephone: (619) 235-5306
Facsimile: (815) 377-8419

Andrew S. Kierstead
LAW OFFICE OF ANDREW S. KIERSTEAD

1001 SW Fifth Avenue, Suite 1100
Portland, OR 97204
Telephone: (508) 224-6246
Facsimile: (508) 224-4356

Marc R. Stanley
Roger L. Mandel
Martin Woodward
STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, TX 75205
Telephone: (214) 443-4300
Facsimile: (214) 443-0358

Thomas G. Shapiro
Theodore M. Hess-Mahan
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

Richard J. Fuller
1700 US Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511
Telephone: (612) 341-1209
Facsimile: (612) 339-3161

David J. George
Robert J. Robbins
Stuart A. Davidson
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561/750-3000
Facsimile: 561/750-3364

Gary F. Lynch
36 N. Jefferson Street
New Castle, PA 16101
Telephone: (724) 656-1555

*Additional Plaintiffs' Counsel*