IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

## COOPERATING PLAINTIFFS' RESPONSE TO DEFENDANTS' ORGANIZATION PLAN

Cooperating Plaintiffs, represented by the undersigned cooperating counsel, submit this Response to Defendants' proposed Organization Plan.[1]

Cooperating Plaintiffs join in Defendants' Plan regarding solely the procedures for filing papers. In all other respects, Cooperating Plaintiffs oppose Defendants' Plan because it seeks to delay the litigation indefinitely; imposes standards contrary to those established for Multi-District Litigation ("MDL") proceedings; creates cumbersome and inefficient processes for managing the cases transferred to this Court; presumes a litigation schedule that is counter to the practice of this Circuit; and impedes the ability of borrowers to work towards a global resolution of the private litigation. With the exception of filing and service procedures, Defendants' Plan is counterproductive and should be rejected.

---

[1] "Cooperating Plaintiffs" are a majority of the Plaintiffs represented by different counsel in this Action who worked collaboratively to present a unified Organization and Case Management Plan, filed on June 13, 2006 [Docket No. 162].

1.      **Contrary to MDL Practice, Defendants Seek to Delay the Transferred Cases Indefinitely**

Defendants request that the Court stay any litigation of the transferred cases, arguably to permit the MDL panel to make decisions about cases in the MDL pipeline and allow Defendants to bring third-party cross-defendants into this Action. This request is meritless for several reasons.

First, as a matter of sound practice, MDL courts routinely manage the continued litigation of transferred cases even while additional cases may be subject to transfer. Because MDL proceedings invariably involve claims brought by parties who file *after* the MDL proceeding has been established, courts are urged to enter a management plan promptly upon the establishment of an MDL. See Manual for Complex Litigation (Fourth) ("Manual") § 20.132 (2005). This practice is followed so that MDL courts can manage the continuing litigation of transferred cases, while establishing a rational structure for handling those cases still coming into the MDL process. As the Manual explains:

> The transferee judge's management plan for the litigation should include provisions for handling tag-along actions transferred by the Panel *after* the initial transfer…Ordinarily, it is advisable to order that (1) tag-along actions shall be automatically made part of the centralized proceedings upon transfer to, or filing in, the transferee court; (2) rulings on common issues -- for example, on the statute of limitations -- shall be deemed to have been made in the tag-along action without the need for separate motions and orders; and (3) discovery already taken shall be available and usable in the tag-along cases.

Id. (emphasis added). The Manual thus recognizes that pretrial proceedings continue in the MDL Court as soon as the initial CTO is entered and are not stayed pending the transfer of all tag-alongs.

Second, given that the Panel has already transferred over 100 cases to this Court, it is clear that a critical mass of litigation of the consumer claims is already here. Although Defendants indicate they may want to assert theoretical cross claims against third parties in the

MDL, this should have no bearing on the schedule or process for managing the existing consumer claims against these current Defendants. Indeed, whether third party closers are liable to Ameriquest is legally irrelevant to the issue of Ameriquest's liability for Plaintiffs' claims under the Truth in Lending Act.

Finally, there is simply no legitimate reason to delay the prosecution of these cases further. Indeed, a stay of litigation has been in effect in the MDL alone for over 6 months now, with further delay caused by Defendants' refusal to produce discovery in almost all of the underlying transferred cases. The problems the consumers face in these cases – affecting their ability to manage their home mortgages – are serious and continuing. It would be inconsistent with the purposes of MDL transfer to require these consumers – many of whom who have had complaints on file for years - to wait for the transfer of even more new cases before they are allowed to prosecute their pending claims.

2. **The Case Should Not Be Stayed While the AG Settlement is Implemented**

Defendants have made the unusual request that this case be stayed while its settlement with State Attorneys General is implemented.[2] They assert that the stay should remain until borrowers decide whether to accept the relief under the AG settlement so that the cases can later proceed with the remaining borrowers identified. This is untenable.

First, the stay contemplated by Defendants would likely continue for a year or more, causing unnecessary and undue delay to borrowers with claims already pending. Second, given Defendants' estimate that 30% of borrowers will not participate in the AG settlement, it is clear that there will still be at least hundreds of thousands of borrowers who have potential claims

---

[2] It is undisputed that non-borrowers' claims under the Fair Credit Reporting Act are not a part of the AG settlement and that the AG settlement fails to offer non-borrowers any potential remedy or relief. Thus, the AG Settlement cannot provide a basis for continuing to delay the prosecution of non-borrowers' FCRA claims.

regardless of the AG settlement.[3]  Third, the AG settlement itself makes clear that borrowers

who do not participate in the settlement reserve their rights to bring private litigation, such as

that pending here, because only borrowers "who receive a payment" will release their claims.

See Settlement Agreement, Section VII.A (filed previously as Exhibit 8 to Docket No. 166).

Fourth, because the state Attorneys General will be making decisions about their proposed

distribution plan and text of notice to borrowers over the next six months, it is essential that a

plaintiffs' leadership be appointed here so that the putative class will have effective

representation in that process.[4]  Fifth, courts addressing similar circumstances as those here have

not stayed the pending litigation upon the announcement of a government settlement.

For example, in In re Household Lending Litigation, Case No. C 02-1240 CW (N.D.

Cal.), proposed Co-Lead Counsel Roddy Klein & Ryan served as co-lead plaintiffs' counsel in

an alleged predatory mortgage lending case that resulted in both a government and private

settlement.  There, pursuant to the Court's order to mediate, plaintiffs' counsel and the company

mediated the case after the company announced a $484 million settlement with 50 State

Attorneys General in October 2002.  The court did not enter a stay upon that announcement, and

the litigation and mediation continued.  The class case ultimately settled less than a year and one-

half later for benefits to the class in excess of $150 million.  See Supplemental Declaration of

Shennan Kavanagh [Docket No. 27.].

Likewise, there is no reason to delay the proceedings for implementation of the AG

settlement here.

---

[3] There were at least 725,000 borrowers during the likely class period.

[4] See also "Cooperating Plaintiffs' Motion for Appointment of Counsel and to Lift Discovery
Stay," § IV (discussing importance of Plaintiffs' counsel with authority to speak for the MDL
being involved in the AG process), filed simultaneously with this Response.

3. **Defendants' Plan Regarding Motion Practice Is Patently Unfair and Inconsistent with 7th Circuit Precedent**

Although Defendants seek to stay Plaintiffs' prosecution of their claims against Defendants, they simultaneously seek to advantage their own position through a schedule for motion practice that is patently unfair and inconsistent with the law of this Circuit. In particular, while discovery is stayed, Defendants seek to schedule "early" dispositive motions, including summary judgment motions, before Plaintiffs have had any discovery or the opportunity to brief class certification issues. This is unwarranted.

It is inappropriate to stay discovery merely because a defendant seeks to file Rule 12 motions on certain issues. It is likewise contrary to the practice of this Circuit to allow summary judgment in the absence of discovery. See Grayson v. O'Neill, 308 F.3d 808, 815 (7th Cir. 2002) (summary judgment should not be entered until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion); Illinois State Employees Union v. Lewis, 473 F.2d 561, 565 n.8 (7th Cir. 1972) ("A district court is obligated to permit discovery prior to granting summary judgment if discovery [is] needed to permit the opponent of a summary judgment motion to gather sufficient information to raise a material issue of fact, [and thus] elementary fairness requires that he have an opportunity to pursue that discovery."). Moreover, Defendants' attempt to schedule summary judgment motions in advance of class certification is a tactic that the Seventh Circuit has rejected. See, e.g., Chavez v. Illinois State Police, 251 F.3d 612, 630 (7th Cir. 2001) ("In most circumstances, a judge should determine whether to grant or deny certification prior to ruling on the merits, as indicated by the text of Rule 23."); Bieneman v. City of Chicago, 838 F.2d 962, 964 (7th Cir. 1988) ("the propriety of class certification does not depend on the outcome of the

suit. . . .It is therefore difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits.").

Defendants' request to stay the case while they schedule their own motions should be rejected.

**4.      Defendants' Plan Would Create Inefficient Case Management Inconsistent with the Basis on Which the Cases Were Transferred**

Defendants also oppose consolidation of the claims here and would instead have the Court manage these cases by type of claims presented.  This would create an utterly inefficient process by which overlapping issues and discovery across claims would be bifurcated and duplicated, instead of streamlined.   See Manual § 20.131 (2005) ("The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts."). Moreover, the Judicial Panel's decision to transfer these cases in their entirety, without severing claims, reflects its determination that these cases can be managed for pre-trial proceedings on a consolidated basis rather than on a claim-by-claim basis. See 28 U.S.C. § 1407(a); Manual § 20.131 (2005) (explaining that Section 1407(a) empowers the Panel to accomplish "partial" transfer by (1) transferring an action in its entirety to the transferee district, and (2) simultaneously remanding to the transferor district any claims for which transfer was not deemed appropriate, such as cross-claims, counterclaims, or third-party claims).

Here, Cooperating Plaintiffs submit that the most effective way to manage the transferred cases is to file one consolidated class action complaint for Ameriquest borrowers and one consolidated class action complaint for non-borrowers who allege claims based on improper loan solicitation.  These class complaints would set forth all class claims of each class or subclass and require the parties to proceed with consolidated discovery.  Cooperating Plaintiffs also propose

that individual cases proceed separately, allowing individual borrowers an opportunity for discrete discovery pertaining only to their individual claims. The entire litigation would proceed expeditiously through discovery and a unified schedule on Rule 12 motions, other pleading requirements and, where appropriate, on class certification. A proposed discovery and briefing schedule was submitted previously by Cooperating Plaintiffs' proposed Co-Lead Counsel.[5]

**5.     Defendants' Plan Would Undermine the Potential for Global Resolution of the Litigation**

Defendants appear to have one goal in mind in this MDL: send every possible case to the MDL and then delay those cases from proceeding in litigation. While this is improper for a number of reasons already stated herein, it is also counterproductive to the parties' opportunity for a global resolution of these cases. Indeed, for this case to gain traction on a settlement track, Cooperating Plaintiffs respectfully submit that the better way to achieve that end is to create an efficient mechanism for managing the transferred cases; lift the discovery stay; eliminate inefficiencies in motion practice and discovery; appoint leadership (whether interim or provisional) among Plaintiffs' counsel who will prosecute the various claims effectively and can communicate with authority to State Attorneys General regarding notice and other issues as needed; and order the parties to mediation.[6]

**6.     Defendants' Proposal Regarding Filing Papers is Acceptable**

Defendants propose that the Court implement an automatic briefing schedule for all motions such that any motion be filed with a supporting brief, if applicable; all

---

[5] Cooperating Plaintiffs previously set forth their proposed case management plan in "Plaintiffs Joint and Agreed Organization and Case Management Plan," filed on July 13, 2006 [Docket No. 162.] .

[6] Cooperating Plaintiffs' "Motion for Appointment of Counsel and To Lift Discovery Stay," as well as their "Response in Opposition to the Appointment of Edelman, Combs, Latturner & Goodwin, LLC as Co-Lead Counsel and to the Edelman Plaintiffs' Proposed Organization and Case Management Plan" have been filed simultaneously with this Response.

oppositions/responses be filed 21 days thereafter; and all reply briefs shall be filed 14 days thereafter. Cooperating Plaintiffs join in this proposal.

Cooperating Plaintiffs also propose that Defendants be required to serve one copy of any pleading, motion, or other document on Plaintiffs' Co-Lead Counsel and Liaison Counsel (and, in the case of a pleading, motion, or other document relating to an individual consumer action, on Plaintiff's counsel in that individual action). Any Plaintiff filing a pleading, motion, or other document shall serve one copy of the same on lead defense counsel (and in the case of an individual consumer action, shall also serve a copy on Plaintiffs' Co-Lead Counsel). Service of moving papers, briefs and exhibits should be made by e-filing on the same day that papers are filed with the Court. Cooperating Plaintiffs' propose that the Court instruct all counsel in transferred cases to register with the Court for electronic service.

Respectfully submitted,

Dated: June 22, 2006

| /s/ Kelly M. Dermody | /s/ Gary Klein |
|---|---|
| Kelly M. Dermody | Gary Klein |

| | |
|---|---|
| Kelly M. Dermody (CA Bar No. 171716) | Gary Klein |
| Caryn Becker (CA Bar No. 196947) | Elizabeth Ryan |
| LIEFF, CABRASER, HEIMANN | Shennan Kavanagh |
| & BERNSTEIN, LLP | RODDY KLEIN & RYAN |
| 275 Battery Street, 30th Floor | 727 Atlantic Avenue |
| San Francisco, CA 94111-3339 | Boston, MA 02111-2810 |
| Telephone: (415) 956-1000 | Telephone: (617) 357-5500 ext. 15 |
| Facsimile: (415) 956-1008 | Facsimile: (617) 357-5030 |

_/s/ Terry Smiljanich_
    Terry Smiljanich

Terry Smiljanich
Jill Bowman
JAMES, HOYER, NEWCOMBER
   & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile:  (813) 286-4174

_Proposed Plaintiffs' Co-Lead Counsel_

_/s/ Marvin A. Miller_
    Marvin A. Miller

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL  60602
Telephone:  (312) 782-4880
Facsimile:   (312) 782-4485

_Proposed Plaintiffs' Liaison Counsel_

Samuel H. Rudman
Evan J. Kaufman
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:   (631) 367-1173

Michael Donovan
DONOVAN SEARLES LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone:  (215) 732-6067
Facsimile:   (215) 732-8060

William H. Crowder
Gregory L. Paulson
CROWDER, BEDOR & PAULSON, LLP
555 West 7th Street, Suite 201
St. Paul, MN  55201
Telephone:  (651) 225-8330
Facsimile:   (651) 204-2134

_Proposed Plaintiffs' Executive Committee_

Daniel S. Blinn
CONSUMER LAW GROUP, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT  06067
Telephone:  (860) 571-0408
Facsimile:  (860) 571-7457

Charles Delbaum
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, MA  02110
Telephone:  (617) 542-8010
Facsimile:  (617) 542-8028

*Proposed Plaintiffs' Individual Consumer Claims Steering Committee*

W. Roderick Bowdoin
DARBY PEELE BOWDOIN & PAYNE
P.O. Drawer 1707
Lake City, FL  32056
Telephone:  (836) 752-4120
Facsimile:  (836) 755-4569

Douglas Bowdoin
DOUGLAS BOWDOIN, P.A.
P.O. Box 2254
Orlando, FL  32802-2254
Telephone:  (407) 422-0025
Facsimile:  (407) 843-2448

J. Craig Bourne
1520 East Livingston Street
Orlando, FL  32801
Telephone:  (407) 894-6750
Facsimile:  (407) 894-4735

Laurence Tien
Kamran Mashayekh
THE TIEN LAW FIRM, LLP
10235 West Little York Road, Suite 470
Houston, TX 77040
Telephone:  (713) 937-0223
Facsimile:  (713) 937-0220

Theresa I. Wigginton
915 Oakfield Drive, Suite F
Brandon, Florida 33511
Telephone:  (813) 653-2992
Facsimile:  (813) 655-7082

Jonathan A. Boynton

Sarah Brite Evans
KIRBY NOONAN LANCE & HOGE, LLP
One America Plaza
600 W. Broadway, Suite 1100
San Diego, CA 92101-3387
Telephone: 619/231-8666
Facsimile: 619/231-9593

Matthew J. Zevin
STANLEY, MANDEL & IOLA, L.L.P.
550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:  (619) 235-5306
Facsimile:  (815) 377-8419

Andrew S. Kierstead
LAW OFFICE OF ANDREW S. KIERSTEAD
1001 SW Fifth Avenue, Suite 1100
Portland, OR  97204
Telephone:  (508) 224-6246
Facsimile:  (508) 224-4356

Marc R. Stanley
Roger L. Mandel
Martin Woodward
STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, TX  75205
Telephone: (214) 443-4300
Facsimile: (214) 443-0358

Thomas G. Shapiro
Theodore M. Hess-Mahan
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile:  (617) 439-0134

Richard J. Fuller
1700 US Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511
Telephone: (612) 341-1209
Facsimile: (612) 339-3161

David J. George
Robert J. Robbins
Stuart A. Davidson
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561/750-3000
Facsimile: 561/750-3364

Gary F. Lynch
36 N. Jefferson Street
New Castle, PA 16101
Telephone: (724) 656-1555

*Additional Plaintiffs' Counsel*