# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS A. MURRAY, )
)
                Plaintiff, )
)
v. ) No. 04 C 7669
)
INDYMAC BANK, F.S.B., )
)
                Defendant. )
)

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on individually represented class members' motion to vacate the court's entry of final judgment that was entered on January 12, 2006. For the reasons stated below, we grant the motion to vacate.

## BACKGROUND

Plaintiff Thomas A. Murray ("Murray") brought the instant action against Defendant Indymac Bank F.S.B. ("Indymac") alleging technical violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* On July 27, 2005, we granted Murray's motion for preliminary approval of a class action settlement and for notice

1

to the class members and on August 3, 2005, we granted an amended motion for preliminary approval of a class action settlement and for notice to the class members. On December 20, 2005, the court held a fairness hearing in regard to the class action settlement and on January 12, 2005, we gave final approval to the class action settlement and entered final judgment.

The instant motion is brought by several individually represented class members ("Individual Class Members") who claim that they were not properly notified of the class action settlement prior to the entry of final judgment in this action. The Individual Class members request that the court vacate the entry of final judgment in this action pursuant to Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)") and give them an opportunity to be heard regarding the class action settlement.

## LEGAL STANDARD

Rule 60(b)(4) provides the following:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void. . . .

Fed. R. Civ. P 60(b). A court should grant a Rule 60(b) motion "only in exceptional

circumstances" because "[r]elief under Rule 60(b) is an extraordinary remedy. . . ." *Talano,* 273 F.3d at 762(quoting *Provident Sav. Bank v. Popovich,* 71 F.3d 696, 698 (7th Cir.1995)).

## DISCUSSION

The Individual Class Members argue that Indymac and Murray, failed to provide the Individual class members with notice and failed to notify numerous other class members as well.

### I. Notice To Class Members

The Individual Class Members contend that they did not receive a notice of the class settlement. All agree that the class settlement in this action was done pursuant to Federal Rule of Civil Procedure 23(c)(2) which provides that "[f]or any class certified under Rule 23(b)(3), the Court must direct to class members the best notice practicable under the circumstances, including individual notice to *all class members who can be identified through reasonable effort.*" Fed. R. Civ. P. 23(c)(2)(B)(emphasis added). The United States Supreme Court has also clearly stated that in order for due process to be met and for the parties to comply with Rule 23(c)(2), "[i]ndividual notice must be sent to all class members whose names and

3

addresses may be ascertained through reasonable effort." *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 173 (1974)(stating that "individual notice to identifiable class members is not a discretionary consideration to be waived in a particular case" and that "each class member who can be identified through reasonable effort must be notified that he may request exclusion from the action and thereby preserve his opportunity to press his claim separately or that he may remain in the class and perhaps participate in the management of the action").

In the instant action Murray and Indymac acknowledge that they did not provide notice of the class settlement to all of the class members. Instead they attempt to blame each other for the improper notification that occurred. For instance, Murray's counsel informs the court that they simply relied upon facts provided by Indymac and that Murray's counsel are uncertain as to the veracity of the facts and numbers. Murray's counsel are only willing to represent to the court that the notification was adequate "[a]ssuming the figures defendant presented to the court are accurate. . . ." (M Me. 2). On August 3, 2005, this court granted Murray's motion for preliminary approval of a class-wide settlement for the following class: "all persons, wherever located in the United States, to whom Indymac or its affiliates mailed a prescreened offer of credit on or after November 24, 2002, but excluding (a) officers and employees of Indymac, (b) persons that have previously released allo

claims that are the subject of the release, and (c) the Court and members o fits immediate family." (Pr. App.). Indymac does not deny that the consumer reporting agency that ordinally supplied Indymac with the mailing addresses of the class members could have supplied Indymac with the names and addresses for all class members. Indymac has not shown that there would have been any difficulty in obtain the names and addresses. Instead, Indymac and Murray admit that they purposefully reduced the number of notifications that were to be mailed to class members based upon factors that were wholly unrelated to Indymac's difficulty in contacting class members.

Indymac made a deal with Murray's counsel, as part of the settlement negotiations, that notice of the class settlement would only be mailed to class members that were sent Indymac's most recent prescreened offer that was mailed between June 3, 2005, and June 27, 2005. Murray's counsel and Indymac also concede that they further reduced the number of notifications mailed out by making vague estimates regarding the number of mailers each class member received based solely on factors such as the number of mailers that Murray himself received. Since Murray received eight mailers, they presumed all class members had received eight mailers. Murray's counsel and Indymac also admittedly "assumed that approximately 30-35% of the persons who received mailers had moved during the 2

5

years preceding the June, 2005 mailing" and prior to the mailing reduced the number of mailings by 35%. (M Ans. 2). Not only are the methods of Murray and Indymac at reducing the number of notification letters completely illogical, they fail to comport with Rule 23(b)(2). The court in *Eisen* condemned just such approaches by a plaintiff's counsel stating that "[t]here is nothing in Rule 23 to suggest that the notice requirements can be tailored to fit the pocketbooks of particular plaintiffs." *Id.* Thus it is clear that a significant number of class members were not notified of the class settlement and there has not been any showing by Murray or Indymac that the contact information for the class members that were not notified could not have been discovered. Therefore, the notification of class members did not comply with Rule 23(c)(2). Indymac argues that it satisfied the notice requirements for the whole class by publishing the notice in newspapers. We disagree that such a publication was sufficient to satisfy the due process rights of the numerous class members that Indymac and Murray neglected to notify. There is no evidence presented by Indymac or Murray that shows that Indymac could not have notified all or virtually all the class member via letter. If for example some class members no longer resided at their old addresses, there is still no reason why Indymac could not have mailed out the notifications and then if letters were returned to Indymac, later followed up with such publications. Therefore, we conclude that the notification of the class

settlement to class members was not constitutionally adequate.

## II. Standing of Individual Plaintiffs

Indymac argues that two of the Individual Class Members, Susan Collins and Nikki Childress, were mailed solicitations after the entry of a final judgment in this action and that they are not part of the class. However, the Individual Class Members that are now pursuing the instant motion also consist of Vasuki Partiban and various other individuals referenced in their reply brief that are now seeking to join in the instant motion which were solicited by Indymac prior to the entry of final judgment in this action. The issue of whether the individuals that were solicited only after the entry of a final judgment in this case are to be deemed a part of the class need not be resolved at this juncture. The case can proceed forward regardless of the status of such individuals. The status of individuals that received post-final judgment solicitations has only been dealt with in a cursory manner by the parties in their briefs since it is only one of many issues presented by the parties. The issue should be resolved only after a full and exhaustive briefing of this issue.

## III. Appropriateness of Rule 60(b)

Indymac argues that the Individual Plaintiffs cannot invoke Rule 60(b) to

7

vacate a settlement. Indymac criticizes Plaintiffs for citing a Northern District of Georgia case, contending that the case is "over thirty years old and unpersuasive." (Indy Mem. 5). Indymac then informs the court that "there is precedent" in support of its position, but the only precedent referred to by Indymac is a treatise on class actions. (Ind. Mem. 6). We are not bound by the treatise cited by Indymac. Rule 60(b)(4) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void. . . " Fed. R. Civ. P. 60(b)(4). As is indicated above, the allegations put forth by the Individual Plaintiffs show that they were denied their due process rights and the judgment entered against them is void. We also note that Rule 60(b) enables a court to vacate a final judgment if there was a "mistake, inadvertence, surprise, or excusable neglect" or "fraud." Fed. R. Civ. P. 60(b). Based upon the allegations put forth by the Individual Plaintiffs and the ignorance that Murray's counsel now professes concerning the class notifications shows that there may also have been a mistake that justifies vacating the final judgment. Therefore, Rule 60(b) is appropriate to seek the vacation of the final order entered in this action.

IV. Evidence of Lack of Notice

Indymac contends that the Individual Plaintiffs have not provided evidence showing that they were not notified. The Individual Plaintiffs have provided affidavits in support of their reply brief and have supplied the court with such evidence. Also, the admissions made by Murray and Indymac concerning their methods for limiting the notifications, is evidence in and of itself that proper notice was not provided to all class members.

V. Properly Notified Class Members

Murray's counsel indicates that if the court finds that the class notification process was not constitutionally adequate the court should merely exclude the class members that were not notified from the settlement. Murray contends that the court should keep intact the settlement as it relates to all properly notified class members. We do not agree. First of all the attorneys' fees allocated in the settlement were supposed to pay Murray's counsel for its representation of all the class members, not just the ones that Murray's counsel and Indymac bothered to notify. Murray's counsel was in effect paid to represent the Individual Class Members that have filed the instant motion claiming that they never received that representation. Thus either Murray's counsel should undertake to represent the Individual Class Members' concerns before the court or the funds allocated to Murray's counsel for the class

9

representation should be given to a new class counsel that will represent all the class members. Secondly, Murray's counsel, by agreeing to a settlement with Indymac and obtaining a substantial payout by Indymac, has prejudiced and possibly limited any future settlement opportunities for the remaining class members. The only fair solution is to allow all the class members to proceed in this action together and if Indymac desires to settle with all of the class members then it may do so.

## VI. Allegations Brought Against Class Counsel

The Individual Plaintiffs accuse the class representative counsel of Edelman, Combs, Latturner & Goodwin ("Edelman Firm") of "inadequately represent[ing] the class," purposefully turning a blind eye to the deficiencies in the class settlement notifications, and making the "decision to violate the due process rights of numerous, possibly a majority, of the class members. . . ." (Mot. 8). The Individual Plaintiffs contend that the Edelman Firm knowingly failed to adequately investigate factors such as the size and nature of the class and the extent that the class members were identifiable, presumably because by neglecting to do so the Edelman Firm was able to secure the settlement and the $330,000.00 for themselves. The Individual Plaintiffs also argue that the Edelman Firm failed to vigorously prosecute the action for the class and that although the attorney's fees recovered by the Edelman Firm

10

were substantial, the amounts recovered for the class members was not adequate. Thus, the Individual Plaintiffs who are part of the very class that the Edelman Firm has sworn to represent, stand before the court accusing the Edelman firm of mismanagement of the prosecution of this action and purposefully bartering away the rights of the majority of the class members in order to secure a settlement with Indymac and the corresponding $330,000.00 pay out to the Edelman Firm. The court will schedule an evidentiary hearing for March 14, 2006, at 10:00 a.m. to address matters concerning relevant issues. All parties should be present at that hearing including the Individual Class Members.

## CONCLUSION

Based on the foregoing analysis, we grant the Individual Class Members' motion to vacate our entry of final judgment in this action and the case is reinstated.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 28, 2006

11