**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION _____ | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

## DEFENDANTS' PRELIMINARY OPPOSITION TO "COOPERATING PLAINTIFFS'" MOTION TO LIFT STAY AND APPROVE "COOPERATING PLAINTIFFS'" CASE MANAGEMENT PLAN[1]

The "Cooperating Plaintiffs'" Motion to Lift the Stay of this Multidistrict Litigation ("MDL") Proceeding represents plaintiffs' ***fourth*** bite of the same apple. This Court has repeatedly and unequivocally stayed this MDL Proceeding pending the MDL Panel's completion of the "tag-along" process to afford all parties to this action the opportunity to have input at the initial case management stage, before substantive rulings and discovery take place. First, the Court initially made this order at the February 7, 2006 Case Management Conference over Plaintiffs' objections that discovery should proceed. [February 7, 2006 Transcript, Request for Judicial Notice ("RJN"), Ex. 1, 29:17-30:12.] Second, at an April 4, 2006 motion hearing, Plaintiffs again attempted to obtain the right to conduct discovery and file Motions, in response to which the Court clearly ordered that "I'm really staying everything that is before me." [April 4, 2006 Transcript, RJN, Ex. 2, 10:7-8.] Following this hearing, the Court issued an Order stating, "As previously ordered, discovery is stayed as to the pending cases before Judge Aspen."

---

[1] If the Court is inclined to consider the Plaintiffs' request for relief at all, Defendants request that the Court set a briefing schedule and hearing date to allow Defendants sufficient time to file a full and complete opposition to the Motion.

[Docket Entry 110.] Third, at a June 13, 2006 motion hearing, the Court noted that counsel for an unidentified party had informally inquired about the scope of the pending stay and clarified that "everything" shall be stayed. [June 13, 2006 Transcript, RJN, Ex. 3, 8:13-23; 10:8-11:15; 17:19-18:10.] This stay was to remain in place pending the Court's issuance of a case management order after all necessary "tag-along" cases are transferred, likely in October 2006. *[Id.* at 18:2-10.]

Plaintiffs now attempt to address this issue for the fourth time[2], while also seeking an order entering the "Cooperating Plaintiffs'" case management plan which appoints certain of the "Cooperating Plaintiffs" to lead counsel status (as well as filling other positions of authority within their proposed management structure). Defendants take no position on the internal power struggle among the "Cooperating Plaintiffs" and the "Non-Cooperating Plaintiffs" and leave it to the Court's discretion to enter an order regarding these limited matters at any time the Court deems appropriate.[3]

Defendants do, however, object to Plaintiffs' attempt to rush the progression of this case[4] and to attempt to rewrite the rules of the MDL process (and this Court's prior Orders) to suit only their agenda, to the exclusion of the rights of the later-joined parties and Defendants. Plaintiffs assert five reasons for their requested relief. As demonstrated below, none has merit.

**I. DEFENDANTS WILL BE SUBMITTING A CASE MANAGEMENT PLAN THAT ATTEMPTS TO INTEGRATE ALL SUBMITTED PLANS BY THE COURT'S DEADLINE OF JUNE 27, 2006**

Pursuant to this Court's Order, Defendants, the "Cooperating Plaintiffs" and those Plaintiffs who disagree with the "Cooperating Plaintiffs" each submitted proposed case

---

[2] While not titled as such, Plaintiffs' Motion is really a motion for reconsideration of this Court's prior rulings. Motions to reconsider, however, are disfavored. *Bank of Waunakee v. Rochester Cheese Sales, Inc.* (7th Cir. 1990) 906 F.2d 1185, 1191; *See also, United States v. All Assets & Equip. of West Side Bldg. Corp.* (N.D. Ill. 1994) 843 F.Supp. 377, 384-85 ("Motions for reconsideration are not a matter of routine practice in this jurisdiction"). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. *See, United States v. Rezzonico,* 32 F.Supp. 2d 1112, 1116 (D. Ariz. 1998), *citing, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983).

[3] Defendants note, though, that for all the same reasons that no substantive rulings should be made and no discovery taken until all parties are before the Court, it seems that Plaintiffs' management structure should not be decided until all Plaintiffs' counsel are before the Court as well.

[4] The Court has already stated that it will issue a case management order when it deems appropriate. Plaintiffs' motion for entry of its order is unnecessary and seems to interfere with the Court's own plans for how this case should be managed at the outset.

management plans to this Court on June 13, 2006. As the Court has likely noticed, these proposed plans vary significantly from one another. Defendants have reviewed each proposed plan carefully with an eye toward integrating them and believes it has come up with a logical and workable compromise. This Plan (the "Integrated Plan"), including a proposed Order will be filed by the Court's deadline of June 27, 2006.

Among other things, Defendants agree with the "Cooperating Plaintiffs" that a consolidated master complaint (or complaints) makes sense, and have incorporated that concept into the Integrated Plan.[5] Also, while Defendants are certain that the settlement agreement reached by certain Defendants and the Attorneys' General of 49 States (the "AG Settlement") will resolve many of the claims before this Court, they no longer propose an indefinite stay based on that settlement. Defendants believe the Integrated Plan should solve many, if not all, of the issues raised by the competing proposals and request that the Court consider the Integrated Plan before taking any action with respect to this Motion.

## II. PLAINTIFFS WILL NOT BE PREJUDICED BY THE PENDING STAY

As an initial matter, this Court has already determined repeatedly, including over this same objection of prejudice, that a stay is appropriate and, for that reason alone, neither the Court nor the parties should be required to expend any additional resources on this issue.

The Court's prior rulings have been absolutely well-founded. While the MDL Panel has diligently transferred 59 cases to this Court, there are no fewer than 28 potential "tag-along" cases awaiting determination. In addition, Defendants intend to bring a Motion to Join Third-Party Closing Agents as Cross-Defendants[6]. As this Court has repeatedly explained, these parties cannot be prejudiced by substantive discovery and rulings that might take place before they become parties to this action. By this same logic, Defendants cannot be subjected to

---

[5] Defendants maintain their position that class treatment is inappropriate and preserve all arguments in this regard, but agree that a consolidated master complaint is a more efficient vehicle for Plaintiffs' claims at the pleading stage. However, Defendants do not believe such a complaint can be drafted until all parties and claims are clarified and before the Court.

[6] As explained in their original Proposed Organization Plan, Argent Mortgage Company is a wholesale lender and has always used third party closing agents to conduct its loan closings. Ameriquest Mortgage Company, a retail lender, has used third party closing agents exclusively since July 2004 and has always used them when convenient for the borrower. These agents have an independent duty to ensure that the Notices of Right to Cancel required by the Truth in Lending Act are properly provided to the borrowers at the time of closing and therefore are necessary parties to those actions that allege violations of TILA.

duplicative discovery that might be served by parties added after significant discovery has taken place.

Plaintiffs' argument that they will be prejudiced by the stay relies on speculation regarding unspecified alleged financial hardship to unidentified borrowers. The Court has addressed this very issue in two ways. First, at the June 13, 2006 hearing, Plaintiffs raised this exact argument[7] and the Court was clear that if there are specific interim emergency issues that need to be resolved, these matters can be brought to the Court's attention during the stay period. [June 13, 2006 Transcript, RJN, Ex. 3, 13:14-14:5.] Second, the Court has issued an order requiring Ameriquest to notify borrowers facing an imminent foreclosure sale of the possibility of the right to rescind their loan. [Docket Entry 142.] Thus, the Court has already addressed this issue both generally and specifically. In general, all borrowers facing foreclosure will receive a notice of potential rights, while any specific circumstances that particular borrowers believe require immediate attention may still be addressed by the Court. Thus, Plaintiffs' prejudice argument is without merit[8].

## III.  AMERIQUEST'S FINANCIAL STANDING IS IRRELEVANT

Plaintiffs next speculate that Ameriquest's "financial position is deteriorating." First, Plaintiffs' theory is based solely on its own interpretation of a newspaper article. Second, Ameriquest's financial position – good, bad or otherwise – has nothing to do with the merits of this case. In fact, Plaintiffs' argument underscores the reason for the stay in the first place. It appears that Plaintiffs are hoping to gain an advantage for those plaintiffs whose cases are already transferred to this Court, at the expense of those who join later. This argument is accordingly without merit.

---

[7] For example, Plaintiffs here argue that some borrowers allegedly have "complicated variable rate loans" or "higher rates than they were promised." On June 13, 2006, Plaintiffs argued that certain borrowers are allegedly "caught in adjustable rates loans" and were "deceived about the terms." The Court suggested that these situations be dealt with "on an ad hoc basis" and that Plaintiffs can file motions if appropriate. [June 13, 2006 Transcript, RJN, Ex. 3, 13:14-14:5.] After the hearing, those counsel present met and conferred and agreed to work in good faith to resolve any such issues informally before presenting them to the Court.

[8] It should also be remembered that it was Plaintiffs who moved the MDL Panel to initiate this MDL Proceeding, over Defendants' objection. While Plaintiffs may not have anticipated the volume of litigation the MDL Panel would need to consider to bring all necessary parties before the Court, having obtained the relief they requested, they must accept the perceived burdens along with the benefits.

## IV. THIS COURT HAS ALREADY REJECTED PLAINTIFFS' ARGUMENT THAT THE CASE SHOULD PROCEED BEFORE POTENTIAL "TAG-ALONG" CASES ARE TRANSFERRED

Plaintiffs' third and fifth arguments are essentially the same as each other and not too different from their first argument: that discovery should proceed notwithstanding the fact that not all parties are before the Court. As set forth above, in previously staying this action (and confirming this stay over Plaintiffs' objections at least three times), this Court has repeatedly made clear that no substantive rulings should be made before the MDL Panel has transferred all necessary actions. The Court does not want any later-joined parties to be prejudiced by substantive rulings made and discovery taken before these parties have a right to participate. Likewise, the orderly administration of the case will be interrupted should any subsequently transferred party object to prior proceedings.

Plaintiffs' argument that substantive litigation "will accrue to the benefit of these [later joining] Plaintiffs" assumes that all Plaintiffs and their counsel will agree with the direction of the case that the "Cooperating Plaintiffs" choose. Of course, not even all of the Plaintiffs who are already before the Court agree with each other. In fact, no fewer than eight briefs – including this very Motion – have been filed by the Plaintiffs' side addressing and/or highlighting internal disagreements over both strategy and organization. [Docket Entries 4, 24, 161, 162, 163, 169, 177 and 179.]

This disagreement likewise highlights the flaw with Plaintiffs' argument that "it is unlikely that any new theory added later to the case will meaningfully change the scope of proceedings." [Motion, section III.] While this is nothing more than sheer speculation, even if true, it is irrelevant because even if the theories remain the same, as demonstrated by the different camps of current Plaintiffs' counsel, later-joining counsel may have a very different take on how to proceed.

Finally, Plaintiffs argue that discovery stays are disfavored. [Motion, section V.] The cases cited for this proposition are irrelevant since they are not multidistrict litigation cases and therefore the courts did not need to address the rights of later-joined parties or the rights of MDL defendants to be free of duplicative discovery. *Builders Assoc. of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) (declining to grant a discovery stay in a non-multidistrict litigation proceeding, but finding that such a stay is within the Court's discretion); *Cohn v. Taco Bell Corporation*, 147 F.R.D. 154, 162 (N.D. Ill. 1993) (not a multidistrict

litigation case); *United States v. Board of Education of the City of Chicago,* 636 F.Supp. 1046, 1049 (N.D. Ill. 1986) (declining to issue a discovery stay in a five-year old, non-multidistrict litigation case).

Thus, the Court's prior determination that the parties to those cases still awaiting a ruling from the MDL Panel must be afforded an opportunity to be heard before substantive rulings are made, was absolutely correct and must be upheld.

## V. DEFENDANTS' REVISED CASE MANAGEMENT PLAN DOES NOT INCORPORATE AN INDEFINITE STAY BASED ON THE AG SETTLEMENT

As set forth above, Defendants reviewed Plaintiffs' competing Case Management Plans, as well as their own Proposed Organization Plan, and will be presenting to the Court an Integrated Plan which, as its name implies, integrates the competing Plans already before the Court. As part of the Integrated Plan, Defendants will no longer be requesting an indefinite stay based upon the AG Settlement. Accordingly, Plaintiffs' argument in this regard is moot.

## VI. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' request to lift the pending stay, or enter any other case management order, until the MDL Panel has completed the process of transferring all necessary "tag-along" actions to this Court.

DATED: June 23, 2006                              Respectfully submitted,

                                                                      By: /s/ Bernard E. LeSage

*Attorneys for Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Town & Country Credit Corporation, Ameriquest Capital Corporation,* and *Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400


DATED: June 23, 2006                              By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand
Gregory J. Miarecki
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700