**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715 Lead Case No. 05-cv-07097 Centralized before the Honorable Marvin E. Aspen |

**DEFENDANTS' PROPOSED INTEGRATED ORGANIZATION
AND CASE MANAGEMENT PLAN**

**I.   INTRODUCTION**

Defendants[1] have reviewed and considered the competing proposed organization and case management plans filed by certain plaintiffs [Docket Nos. 162, 163, 176, 183 and 187] in this multidistrict litigation proceeding ("MDL Proceeding"). This Proposed Integrated Organization and Case Management Plan (the "Integrated Plan") sets forth a recommended course of action to the Court by incorporating and unifying, wherever possible, the positions and recommendations set forth in the plaintiffs' competing plans and Defendants' Proposed Organization Plan [Docket No. 166].

As the Court is aware, there are more than 35 cases in various stages of the transfer process, and additional actions likely will be filed and transferred or reassigned to this Court over the coming months. Defendants will supplement this Integrated Plan by September 29, 2006 to address later added cases in advance of the scheduled October 26, 2006 Case Management Conference, should that be required.

**II.   LEAD & LIAISON COUNSEL**

Before substantive steps can be taken in this MDL Proceeding, plaintiffs' counsel must comply with the Court's February 21, 2006 Order. Specifically, on February 21, 2006, the Court

---

[1] "Defendants" means: Ameriquest Mortgage Company; Argent Mortgage Company, LLC; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc. (collectively, "Defendants").

1

issued an Order requiring that plaintiffs' counsel meet and prepare a joint and agreed organization and management plan for the plaintiffs' side of this MDL Proceeding. [Docket No. 52.] The Court explicitly asked that plaintiffs' counsel consider and attempt to come to an agreement on, among other things, the following subjects: selection and duties of lead counsel, consolidation and scheduling of motion practice, and settlement and/or mediation process. The Court ordered that plaintiffs' joint filing be submitted by June 13, 2006. In the event a joint filing could not be agreed to among all plaintiffs' counsel, the Court ordered that individual filings should be submitted by June 27, 2006. [*Id.*]

On June 13, 2006, Defendants filed their proposed organization and management plan. [Docket No. 166.] Plaintiffs' counsel, however, were unable to come to an agreement on the issues set forth by the Court, as evidenced by the numerous "plans" filed by various plaintiffs' counsel. First, one group of plaintiffs' attorneys—who have titled the persons they represent as the "Cooperating Plaintiffs"—filed a proposed organization and management plan. [Docket No. 162.] Then, Edelman, Combs, Latturner and Goodwin, LLC ("ECLG"), on behalf of the plaintiffs they represent, filed a competing plan and a motion to be appointed co-lead counsel, which was joined by attorneys Christopher Lefebvre and the Law Offices of Daniel Harris on behalf of their respective clients in approximately 80 combined cases. [Docket No. 161, n. 4 & Ex. A.] Counsel for the Cooperating Plaintiffs thereafter filed another set of briefs on June 22, 2006, which included their purported oppositions to defendants' organization plan, ECLG's proposed plan and ECLG's motion for appointment as co-lead counsel, as well as a request that their plan be immediately entered. [Docket Nos. 176-179.] On or about June 26, 2006, the Law Offices of Daniel Harris filed a response to the numerous plans. [Docket No. 185.] Finally, on June 27, 2006, ECLG filed "ECLG Plaintiffs' Consolidated Response to Other Proposed Organization and Management Plans requesting that it be appointed lead counsel regarding (A) the individual cases, (B) the FCRA or Cole cases, and (C) the small class actions. [Docket No. 187.]

This action simply cannot proceed forward until plaintiffs' counsel have resolved their internal issues amongst themselves. Plaintiffs' counsel initiated this MDL Proceeding to purportedly remedy a "collective wrong" by Defendants. Yet, plaintiffs' counsel evidently are unable to cooperatively propose a methodology to address the alleged collective wrong, and are splintered into competing camps as to how to push their own interests ahead of others. The

2

plaintiffs' counsel's disunity affects not only the plaintiffs, but the Defendants as well. Such conduct robs plaintiffs of adequate representation, and robs Defendants of their due process right to know the allegations they are facing in this MDL Proceeding.

Defendants thus propose that plaintiffs' counsel continue to meet and confer (and include new counsel in these discussions as new cases are transferred to this Court) regarding those matters set forth in the Court's February 21, 2006 Order. If plaintiffs' counsel can reach consensus in this regard, plaintiffs' lead counsel ("PLC") shall file a statement with the Court on or before October 26, 2006 addressing the issues set forth in the Court's February 21, 2006 Order. In the event that plaintiffs continue to be unable to reach an agreement in this regard, the Court shall make all necessary appointments based upon any individual filings made pursuant to the Court's February 21, 2006 Order.

### III. CONSOLIDATION OF COMPLAINTS

Counsel for the "Cooperating Plaintiffs" propose that plaintiffs be given leave to file two consolidated class action complaints (one alleging claims on behalf of borrowers and the other alleging claims on behalf of non-borrowers). [Docket No. 162, p. 10.] These attorneys state that "these consolidated complaints (or any amendments to such consolidated complaints as the Court may permit) shall be the operative complaints with respect to all class actions on behalf of borrowers and non-borrowers" included in this MDL Proceeding. [*Id.*, p. 11.] ECLG, in contrast, apparently contemplates that pleading and motion practice should go forward independently in each case without consolidation. [Docket No. 162, pp. 6-7.] ECLG (joined by Mr. Harris) posit, though, that several test cases chosen by the parties or the Court should proceed in order to resolve certain key issues in this litigation. [Docket No. 162, pp. 6-7; No. 185, p. 1; No. 187, p.17.]

Defendants agree with the position of counsel for all plaintiffs to the extent they propose that there be at least one consolidated class action complaint (the "Master Class Action Complaints").[2] For instance, there are several class complaints that overlap in claims and scope. The filing of consolidated class action complaints should eliminate these overlapping complaints.

---

[2] Notwithstanding this agreement, Defendants reserve the right to appropriately challenge any amended or consolidated complaints. For example, counsel for the "Coordinated Plaintiffs" identifies several "challenged practices" that will be at issue in the purported consolidated class complaints. [Docket No. 162, p. 9.] As phrased, these "challenged practices" are far too vague to constitute any claims for relief. Moreover, if presented as class allegations, each of these "challenged practices" would likely raise individual issues of fact and law that would preclude class treatment.

3

Furthermore, consolidation will help efficiently move this matter forward. There presently are 156 cases in this MDL Proceeding and more than 35 cases remain in various stages of the transfer process awaiting final determination. Of the 156 cases, 125 cases have already been transferred to this Court. Sixty-nine of these cases are not at issue, either because Defendants have yet to respond to the complaint (62 cases) or have filed a motion attacking the complaint (7 cases). If this Court were to allow each case to proceed independently, Defendants presently anticipate that the Court will have to hear approximately 20 motions as to the cases not at issue.[3] Even assuming that none of these motions are successful and amended complaints are unnecessary, which is highly unlikely, Defendants submit that resolving the initial round of motions alone could place an undue burden on the parties and the Court.

Defendants propose that PLC shall have until November 27, 2006 to file and serve any and all Master Class Action Complaints. Defendants further propose that PLC be ordered to meet and confer with all plaintiffs' counsel in the actions subject to this MDL Proceeding regarding the Master Class Action Complaints, so that all necessary claims are included in the Master Class Action Complaints. Finally, Defendants propose that any amendment to the Master Class Action Complaints after November 27, 2006 shall be prohibited without leave of this Court.

Defendants recognize that certain plaintiffs who have filed individual lawsuits will want to retain their right to pursue these claims. Thus, Defendants propose that the individual plaintiffs in this MDL Proceeding shall have until December 27, 2006 to file a notice with the Court that they wish to opt out of the putative class actions set forth in the Master Class Action Complaints and pursue their actions on an individual basis.

All discovery and motion practice in all actions that are part of this MDL Proceeding shall be stayed during this phase of the litigation.

## IV. INITIAL PLEADING CHALLENGES, ANSWERS & CROSS-CLAIMS

Counsel for the Cooperating Plaintiffs suggest that Defendants shall have only 26 days to file responses to the complaints in this action, yet plaintiffs shall have 30 days to oppose any

---

[3] This number represents Defendants' preliminary analysis of the cases not at issue. Defendants anticipate that there will be more motions as they further undertake an analysis of the cases not at issue and additional cases are transferred to this Court to be part of this MDL Proceeding.

4

such motions. [Docket No. 162, pp. 10-11.][4] Given the number of individual cases likely at issue and the expected breadth of the Master Class Action Complaints, these attorneys' proposal is not only one-sided, but also unworkable. Defendants propose that they shall have until February 26, 2007 to file and serve their responsive pleadings to all complaints. The Court shall stagger the briefing schedules and hearings on any motions filed by Defendants during the 90-day period following February 26, 2007, so as to alleviate any unnecessary burden on the parties and the Court.

Should any claims survive pleading challenges after conclusion of the aforementioned 90-day period,[5] on a date to be determined by the Court, Defendants shall file all (1) answers, and (2) cross-claims or motions for leave to file cross-claims against any parties or non-parties.[6] The parties shall attempt to expeditiously resolve all motions filed by third-parties in response to cross-claims, however, the Court shall stagger the briefing schedules and hearings on any such motions in order to alleviate any unnecessary burden on the parties and the Court.

Except as provided above, all discovery and motion practice in all actions that are part of this MDL Proceeding shall be stayed during this phase of the litigation.

## V.  SETTLEMENT (MEDIATION) & CLASS DISCOVERY

Counsel for the Cooperating Plaintiffs propose that the parties be ordered to participate in mediation. [Docket No. 162, pp. 11-12.] ECLG, in contrast, proposes "global" settlement conferences every three months. [Docket No. 163, pp. 7-8.] Mr. Harris makes no proposal in this regard.

While Defendants are open to any suggestions the Court may have for a global resolution of these matters, Defendants agree with counsel for the Cooperating Plaintiffs that private mediation will help advance the informal resolution of this litigation and propose the following

---

[4] ECLG and Mr. Harris make no specific recommendation in this regard.

[5] This timing will need to be adjusted if any plaintiffs are allowed to amend their complaint after the granting of a motion to dismiss or similar pleading challenge.

[6] As detailed in Defendants' Proposed Organization Plan, all third-party closing agents must be brought before the Court (1) so that all involved/interested parties (and their respective insurance carriers to the extent applicable) can meaningfully participate in all pre-trial activities, including settlement negotiations; and (2) in order to avoid a multitude of repetitive lawsuits for indemnification and/or contribution. [Docket No. 166, pp. 4-5.]

course of action.[7] First, Defendants shall notify the Court in writing once all claims and third-party claims in all actions that are part of this MDL Proceeding are at issue. The parties shall then engage the services of a private mediator. Defendants propose that the Honorable Donald P. O'Connell, Retired, serve as the mediator. A copy of Judge O'Connell's Curriculum Vitae can be found at http://www.oconnellmediationservices.com/CurriculumVitae.htm.[8] The parties shall use their best efforts to complete mediation within the 90-day period following notice to the Court that all claims in all actions are at issue.

All non-class discovery and motion practice in all actions that are part of this MDL Proceeding shall be stayed during the mediation phase of the litigation, except that the named plaintiffs and defendants in the Master Class Action Complaints shall be entitled to engage in discovery relating to class certification. In addition, individual plaintiffs who elect to opt out of the Master Class Action Complaints shall have the opportunity to participate in class discovery in order to avoid unnecessary and duplicative discovery once the matters have proceeded to the merits discovery phase. Specifically, Defendants propose that PLC provide all plaintiffs' counsel with access to all written discovery responses and deposition transcripts. Further, PLC shall confer with all plaintiffs' counsel prior to serving any written discovery or taking any depositions. All class discovery shall be completed within the 90-day period following notice to the Court that all claims in all actions are at issue.

## VI.  CLASS CERTIFICATION

Plaintiffs' counsel have failed to address any class certification issues. Defendants propose that, within 60 days following the completion of class discovery, the named plaintiffs in the Master Class Action Complaints shall file their motions for class certification. Defendants suggest that the Court stagger the briefing schedules on any class certification motions, however, Defendants should have no less than 60 days to file their opposition to any motion for class certification and plaintiffs should have no less than 30 days to file reply brief in support of any motion for class certification. Defendants propose that the Court should attempt to resolve all

---

[7] ECLG objects to private mediation and proposes that the Court oversee settlement conferences. [Docket No. 187, p. 16.] Such an approach obviously places an unjustified and unworkable burden on the Court.

[8] Defendants disagree with counsel for the Coordinated Plaintiffs regarding the timing of mediation. The best course of action that will lead to the most productive mediation is to engage in mediation only after all claims and third-party claims are at issue. Among other developments the implementation of Ameriquest's settlement with 49 States Attorneys' General (the "AG Settlement"), which will cause the putative classes to greatly shrink in number and thereby increase the prospects of settlement.

class certification motions within 120 days following the close of briefing, but it shall stagger the hearings on any such motions so as to avoid any unnecessary burden on the parties and the Court.

## VII. DISCOVERY SCHEDULING

Defendants propose that, within 30 days following the final ruling on all class certification motions, PLC shall provide Defendants with a proposed plan for merits-based and expert discovery, which plan shall include, among other things, a proposed schedule for discovery and a suggested means (e.g., utilization of a magistrate or special master) to resolve discovery disputes. Within 30 days following receipt of PLC's proposed discovery plan, Defendants shall meet and confer with PLC regarding the proposed plan. Within 30 days following the foregoing meeting, the parties shall submit a stipulated discovery plan to the Court. If the parties are not able to agree to a unified plan, competing plans will be submitted for consideration by the Court. Defendants suggest that the Court should attempt to issue a discovery order within 60 days following the submission of the unified or competing plans. No discovery shall take place until the Court approves a discovery plan.

## VIII. CONCLUSION

Defendants' Integrated Plan is based upon a model that initially provides for a consolidated class pleading which, when at issue, will fairly state all causes of actions as against all defendants. Thereafter, the MDL would proceed like any other class action, with the Court's usual and customary class action procedures governing through settlement or trial. This model would also allow individual plaintiffs to either opt out of the class and pursue their own claims, or elect to participate in the nationwide AG Settlement.

                                                           Respectfully submitted,

DATED: June 27, 2006

By: /s/ Bernard E. LeSage

*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation, Town and Country Credit Corporation, AMC Mortgage Services, Inc. and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage (CA Bar No. 61870)
Sarah K. Andrus (CA Bar No. 174323)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

DATED: June 27, 2006

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

8

**CERTIFICATE OF SERVICE**

    I, Bernard E, LeSage, hereby certify that on this 27th day of June 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                By: /s/ Bernard E. LeSage