**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**PLAINTIFFS' REPLY TO DEFENDANT AMERIQUEST MORTGAGE COMPANY'S BRIEF REGARDING WHETHER THE NOTICE TO MORTGAGEES WHO FACE FORECLOSURE SHOULD BE SENT TO BORROWERS WHOSE LOANS ORIGINATED AFTER JANUARY 23, 2006**

On January 11, 2006, Plaintiffs requested that this Court issue limited injunctive relief requiring Ameriquest to give notice to a proposed "Rescission Class" of the potential existence of an extended right to cancel. [Motion For Preliminary Injunction, p. 1, Docket No. 12]. The proposed "Rescission Class," as defined in Plaintiffs' contemporaneously filed Motion For Class Certification[1] includes, "all Ameriquest borrowers who on or after July 1, 2002, entered into a non-purchase money, residential mortgage loan transaction with Ameriquest." [Motion For Class Certification, p. 1, Docket No. 10].

On May 30, 2006, this Court granted Plaintiffs' preliminary injunction motion without limiting the proposed group of borrowers entitled to notice. [Memorandum Opinion And Order, Docket No. 143]. The Court ordered Ameriquest to "deliver such notice to its mortgagees who face foreclosure *prior to our decisions on Plaintiffs' motions for preliminary injunction and class*

---

[1] In reaching its May 30, 2006 decision, the Court considered both parties' briefs on the preliminary injunction and class certification motions. [Order, p. 3, fn. 2].

*certification*." [Order, p. 12]. The Court explicitly stated that "the injunction will terminate…upon issuance of those decisions." *Id.* Ameriquest is now asking the Court to reconsider the scope of its May 30, 2006 Order.

Ameriquest now argues that there is "no need" to send the Notice to borrowers whose loans originated after January 23, 2006 because these borrowers are sufficiently protected by the following: (1) the appointment of a Monitor to ensure compliance with the Attorneys General Settlement, (2) its use of independent closing agents to conduct loan closings, and (3) its claimed practice of investigating all requests for rescission and rescinding loans with meritorious TILA claims. [Ameriquest's Brief, p. 2, Docket No. 173]. None of these allegations is relevant to the grounds on which the Court based its Order. Moreover, even if these circumstances were relevant here they are not sufficient to protect borrowers who are at risk of losing their homes.

First, the powers of the Monitor are limited to the enforcement of Ameriquest's responsibilities under the Attorneys General Settlement, which does not provide for practice changes in the area of TILA compliance. [Attorney General Agreement, Exhibit A to Docket No. 26, ¶¶IV, VI.F.1.]. Next, Ameriquest's use of independent closing agents is legally irrelevant for liability purposes under TILA. Ameriquest, as the "creditor" in the transactions, is obligated to comply with TILA's requirements. See, 15 U.S.C. §1635(a); 12 C.F.R. §226.23(b)(1). Furthermore, Ameriquest acknowledges that it has been using independent closing agents since September 1, 2004, during the class period. [Ameriquest's Brief, p. 2]. There is no reason to believe that using independent closing agents protects borrowers whose loans originated after

January 23, 2006, when it has failed to protect borrowers who originated loans during the prior 17 months.[2]

Finally, whether Ameriquest accepts or denies rescission requests made pursuant to the extended right to rescind after a TILA violation is irrelevant to its compliance with the law in the first instance. The purpose of the court ordered notice is to inform borrowers that they may have a basis on which to exercise rescission rights protected by the TILA. Ameriquest's duty to investigate a rescission request is only triggered after a borrower decides, based on the notice, to exercise his or her rights.

For the foregoing reasons, and those set forth in Plaintiffs' Memorandum In Opposition To Ameriquest's Request For Limitation On Injunctive Relief, [Docket No. 172], the Court should deny Ameriquest's request to limit the notice mandated by the Court's May 30, 2006 Order to borrowers whose mortgage contracts were originated on or before January 23, 2006.

---

[2] It is noteworthy that Ameriquest has not submitted a declaration from the Monitor in connection with these issues. If Ameriquest could have assured the Court that it has achieved compliance based on the Monitor's oversight, presumably it would have done so.

3

Respectfully submitted,

Dated: June 30, 2006

| */s/ Kelly M. Dermody* | */s/ Gary Klein* |
|---|---|
| Kelly M. Dermody | Gary Klein |

Kelly M. Dermody (CA Bar No. 171716)  
Caryn Becker (CA Bar No. 196947)  
LIEFF, CABRASER, HEIMANN  
 & BERNSTEIN, LLP  
275 Battery Street, 30th Floor  
San Francisco, CA  94111-3339  
Telephone:  (415) 956-1000  
Facsimile:   (415) 956-1008  

Gary Klein  
Elizabeth Ryan  
Shennan Kavanagh  
RODDY KLEIN & RYAN  
727 Atlantic Avenue  
Boston, MA   02111-2810  
Telephone:  (617) 357-5500 ext. 15  
Facsimile:   (617) 357-5030  

*/s/ Terry Smiljanich*  
Terry Smiljanich

Terry Smiljanich  
Jill Bowman  
JAMES, HOYER, NEWCOMBER  
 & SMILJANICH, P.A.  
One Urban Center, Suite 550  
4830 West Kennedy Boulevard  
Tampa, FL  33609  
Telephone: (813) 286-4100  
Facsimile:  (813) 286-4174  

*Proposed Plaintiffs' Co-Lead Counsel*

Marvin A. Miller  
MILLER FAUCHER AND CAFFERTY LLP  
30 N. LaSalle Street, Suite 3200  
Chicago, IL  60602  
Telephone:  (312) 782-4880  
Facsimile:   (312) 782-4485  

*Proposed Plaintiffs' Liaison Counsel*

4

Samuel H. Rudman
Evan J. Kaufman
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173

Michael Donovan
DONOVAN SEARLES LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

William H. Crowder
Gregory L. Paulson
CROWDER, BEDOR & PAULSON, LLP
555 West 7th Street, Suite 201
St. Paul, MN 55201
Telephone: (651) 225-8330
Facsimile: (651) 204-2134

*Proposed Plaintiffs' Executive Committee*

Daniel S. Blinn
CONSUMER LAW GROUP, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT 06067
Telephone: (860) 571-0408
Facsimile: (860) 571-7457

Charles Delbaum
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, MA 02110
Telephone: (617) 542-8010
Facsimile: (617) 542-8028

*Proposed Plaintiffs' Individual Consumer Claims Steering Committee*

W. Roderick Bowdoin
DARBY PEELE BOWDOIN & PAYNE
P.O. Drawer 1707
Lake City, FL 32056
Telephone: (836) 752-4120
Facsimile: (836) 755-4569

Douglas Bowdoin
DOUGLAS BOWDOIN, P.A.
P.O. Box 2254
Orlando, FL 32802-2254
Telephone: (407) 422-0025
Facsimile: (407) 843-2448

J. Craig Bourne
1520 East Livingston Street
Orlando, FL 32801
Telephone: (407) 894-6750
Facsimile: (407) 894-4735

Laurence Tien
Kamran Mashayekh
THE TIEN LAW FIRM, LLP
10235 West Little York Road, Suite 470
Houston, TX 77040
Telephone: (713) 937-0223
Facsimile: (713) 937-0220

Theresa I. Wigginton
915 Oakfield Drive, Suite F
Brandon, Florida 33511
Telephone: (813) 653-2992
Facsimile: (813) 655-7082
Jonathan A. Boynton
Sarah Brite Evans
KIRBY NOONAN LANCE & HOGE, LLP
One America Plaza
600 W. Broadway, Suite 1100
San Diego, CA 92101-3387
Telephone: 619/231-8666
Facsimile: 619/231-9593

Matthew J. Zevin
STANLEY, MANDEL & IOLA, L.L.P.
 550 West C Street, Suite 1600
San Diego, CA 92101
Telephone: (619) 235-5306
Facsimile: (815) 377-8419

Andrew S. Kierstead
LAW OFFICE OF ANDREW S. KIERSTEAD
1001 SW Fifth Avenue, Suite 1100
Portland, OR 97204
Telephone: (508) 224-6246
Facsimile: (508) 224-4356

Marc R. Stanley
Roger L. Mandel
Martin Woodward

STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, TX 75205
Telephone: (214) 443-4300
Facsimile: (214) 443-0358

Thomas G. Shapiro
Theodore M. Hess-Mahan
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

Richard J. Fuller
1700 US Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511
Telephone: (612) 341-1209
Facsimile: (612) 339-3161

David J. George
Robert J. Robbins
Stuart A. Davidson
197 S. Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561/750-3000
Facsimile: 561/750-3364

Gary F. Lynch
36 N. Jefferson Street
New Castle, PA 16101
Telephone: (724) 656-1555

*Additional Plaintiffs' Counsel*

Dated: June 30, 2006