UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> ACTIONS ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |

**VARIOUS PLAINTIFFS' MEMORANDUM PROPOSING COMPROMISE AND RESPONDING TO THE RODDY LIEFF GROUP'S BRIEF OF JULY 7, 2006**

The plaintiffs listed below[1] respectfully submit this memorandum to respond to the Roddy Lieff group's brief of July 7, 2006 and to propose a compromise; to wit:

(1) the proposed case management order should be modified to make it absolutely clear that Ameriquest borrowers who elect rescission are not included in the proposed interim class and the Roddy Lieff group has no authority to represent such individuals;

(2) the case management order should also make it clear that the Roddy Lieff group has no authority to interfere with the commencement or prosecution of individual rescission cases;

(3) the Edelman firm will act as lead counsel with respect to the non-borrower FCRA cases.

**I. THERE IS A CONFLICT OF INTEREST BETWEEN THE PUTATIVE NATIONAL CLASS AND AMERIQUEST BORROWERS WHO ELECT RESCISSION**

In its brief attacking the Edelman firm, the Roddy Lieff group argued that a conflict of interest between individual rescission plaintiffs and the putative national class

---

[1] Rosalind and Randy Van Gorp (06-1731), Douglas and Evelyn Geis (06-1716), Kevin and Sherry Wessel (06-1899), Jo Lynn and Kelly Sedgwick (06-2333), John and Geraldine Dougherty (06-2482), Ralph Rodriguez and Barbara Chapman (06-2187), Rocco Tieri (06-2682), Peter Grabowski (06-2549), and Scott Dearden (06-2912).

disqualified the Edelman firm from representing the putative national class. See e.g. Docket No. 177-1 at 6 ("the Edelman firm has placed itself in a position of potential conflict of interest, where it may be called upon to act in the best interest of present or future individual Plaintiffs to the detriment of absent class members"). This same conflict of interest also disables the Roddy Lieff group from representing individual rescission plaintiffs, either in their individual capacities (a point the Roddy Lieff group now seems to accept) or as members of the putative national class.

In its brief of July 7, 2006, the Roddy Lieff group argues that the mere fact that class members might do better outside the class does not create a conflict of interest since otherwise class actions could never be certified. See Docket No. 199 at 9 n.9. But the situation here is different from that in most class actions (as demonstrated by, among other things, the Roddy Lieff group's own conflict of interest accusations). The putative class has a subgroup -- those Ameriquest customers who have elected rescission -- whose claims are much stronger and more valuable than the claims of other class members. In such circumstances, the subgroup should receive separate and independent representation. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 627 (1997) ("the adversity among subgroups requires that the members of each subgroup cannot be bound to a settlement except by consents given by those who understand that their role is to represent solely the members of their respective subgroups").

Separate representation is particularly important here since, as the Roddy Lieff group has noted, there are a number of areas where the interests of the putative national class conflict with the interests of individual rescission plaintiffs. For instance, a mandatory Rule 23(b)(1) class, with no opt out rights, might be in the interests of the putative class but would be contrary to the interests of the rescission plaintiffs (see Docket No. 177-1 at 6); individual settlements would be in the interests of the individual plaintiffs but contrary to the interests of the class. See id. at 7.

II. **AMERIQUEST CUSTOMERS WHO ELECT RESCISSION SHOULD NOT BE INCLUDED IN THE PUTATIVE INTERIM NATIONAL CLASS**

The Roddy Lieff group argues that there is no conflict because the individual plaintiffs will still be represented by their chosen counsel. See Docket No. 199 at 9-10 ("No conflict of interest will exist because individual Plaintiffs will continue to have individual representation"). But the proposed case management order includes all Ameriquest borrowers in the putative interim national class, including individual plaintiffs and Ameriquest customers who have elected rescission but not yet filed suit. Furthermore, the proposed order gives the Roddy Lieff group plenary authority to represent all putative class members. See Docket No. 162 at 4.

Ameriquest borrowers who elect rescission should be represented solely by counsel of their choice. They should not be represented by the Roddy Lieff group, given the conflict of interest discussed above. Ameriquest borrowers who elect rescission should not be included in the proposed class.

The Roddy Lieff group argues that conflict of interest issues should be ignored now and dealt with at the class certification stage when this Court considers the issue of adequacy of representation. See Docket No. 199 at 9 n.9. But the purpose of a case management order is to set up a workable structure for the litigation of the case. It does not make sense for this Court to appoint the Roddy Lieff group to represent parties on both sides of an admitted conflict of interest, even on an interim basis. Ameriquest customers who elect rescission should be excluded from the proposed interim class and the Roddy Lieff group should not be given any authority to represent rescission customers on an interim or permanent basis.

As for the non-borrower FCRA cases, these putative class actions are distinct from the putative borrower class action both in terms of class membership and legal issues. The Edelman firm has been a pioneer in this area, its cases have created the governing Seventh Circuit law and the Edelman firm is the logical candidate to serve as

lead counsel with respect to these FCRA cases.

## CONCLUSION

Because of the foregoing, the Roddy Lieff group's motion for entry of its proposed case management order should be denied. Hopefully, the plaintiffs' lawyers will be able to work out a compromise along the lines indicated herein.

Respectfully submitted by:

  /s/ Daniel Harris
Daniel Harris

Daniel Harris, Esq.
Anthony Valach, Esq.
The Law Offices of Daniel Harris
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 960-1802