**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> ACTIONS ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |

**ECLG PLAINTIFFS' STATEMENT OF CONCURRENCE WITH
THE HARRIS FIRM'S PROPOSED COMPROMISE**

The plaintiffs represented by Edelman, Combs, Latturner and Goodwin, LLC ("ECLG")[1], submit this statement concurring with points contained in Daniel Harris firm's July 12, 2006 filing.

**I.  ECLG PLAINTIFFS JOIN IN THE PROPOSED COMPROMISE**

The ECLG plaintiffs would accept the compromise proposed by the plaintiffs represented by the Daniel Harris firm. ("Various Plaintiffs' Memorandum Proposing Compromise," p. 1). That is to say, the ECLG plaintiffs are willing to withdraw their request to be appointed co-lead counsel with respect to the small, non-FCRA class actions,[2] but they re-affirm their request for

---

[1]The Plaintiffs and 94 ECLG cases are listed and concisely described in Exhibit A to the ECLG Plaintiffs' Consolidated Response, filed on June 27, 2006. ECLG has filed additional cases since that date, primarily in Michigan.

[2]ECLG nevertheless points out that a conflict of interest does not exist between the interests of the classes in ECLG's eight small class actions and those of the large classes in the MDL. ECLG's proposed classes are the smallest sub-groups with common interests that can be defined, and the classes are defined by specific legal issues, not broad and general practices across many states. Therefore, ECLG's proposed classes, if certified, are more likely to be upheld by the Seventh Circuit. (See the authorities cited at pp. 7-8 of "ECLG Plaintiffs' Consolidated Response"). For instance, in Mikowski v. Ameriquest, 05 C 411 (N.D. Ind.), the putative class is defined as all Ameriquest borrowers whose loans were closed by a single closing agent who admitted at her deposition that she never filled in the dates on

Court-appointment as co-lead counsel with responsibility for both the individual cases[3] and the non-borrower FCRA cases.[4] Additionally, the ECLG plaintiffs concur with the proposals in the Harris firm's July 12, 2006 brief that, to eliminate conflict interest, individual Ameriquest plaintiffs and Ameriquest borrowers who elect rescission should be excluded from any interim class, and Lieff-Roddy should have no authority from the Court to represent those individuals or to interfere with the commencement or prosecution of the individual cases. ("Various Plaintiffs' Memorandum Proposing Compromise," p. 1).

## II. RECENT EVENTS UNDERSCORE THE INDIVIDUAL-CLASS CONFLICT OF INTEREST AND THE NEED FOR INDEPENDENT REPRESENTATION IN THE INDIVIDUAL CASES

### A. ECLG's Recent Judgments and Settlements Prove That The Value of Each Individual Case Far Exceeds The Amount That Any Borrower Could Recover as a Class Member

The Daniel Harris firm's July 7, 2006 brief thoroughly established a glaring,

---

the notices of right to cancel provided to borrowers. (See Exhibit A, pp. 6-7, of MDL Docket #120, Plaintiff's Motion for Leave to File Second Amended Complaint.)

[3]Since its last filing with this Court on June 27, 2006, ECLG has won a judgment in yet another, another individual TILA case involving Ameiquest's lending practices, Washington v. Ameriquest Mortgage Co., 05 C 1007 (N.D.Ill.). A copy of the Court's Memorandum Opinion and Order is attached as Exhibit A. Also since ECLG's last MDL filing, final judgment has been entered in Jones v. Ameriquest Mortgage Co., 05 CV 432 (N.D.Ill.). A copy of the Court's Memorandum Opinion and Order Regarding Judgment is attached as Exhibit B. The implications of both victories for the Ameriquest MDL are discussed below.

[4]Since ECLG's last MDL filing, ECLG has obtained additional favorable Court decisions in several non-borrower FCRA cases. See, e.g., Bonner v. U.S. Cellular Corp., 06 C 1979 (July 18, 2006)(denying in part and granting in part defendant's motion to dismiss); and Murray v. E*Trade Financial Corp., 05 C 5433 (July 19, 2006)(denying in part and granting in part defendants' motion to dismiss). Additionally, two opinions favorable to plaintiffs in ECLG cases were inadvertently not cited in ECLG's June 27 MDL filing, Hernandez v. Citifinancial Services, Inc., 05 C 2263 (N.D.Ill., June 21, 2006)(denying defendant's motion to compel) and Tremble v. Jerry Gleason Chevrolet, 06 C 46 (June 23, 2006)(granting plaintiff's motion for preliminary approval of class settlement). Finally, since ECLG's last MDL filing, Hernandez v. Chase Bank USA, NA, 429 F. Supp. 2d 983 (N.D. Ill., May 2, 2006) has now been published in the Federal Reporter.

fundamental conflict of interest for any plaintiff's firm seeking to represent or have control over both class actions and individual plaintiffs seeking rescission. ("Various Plaintiffs' Memorandum Regarding Conflict of Interest Issues," pp. 2-5).[5] Recent developments in ECLG's plaintiffs' cases against Ameriquest parties have underscored, the cogency of this analysis.

On July 18, 2006, in Jones v. Ameriquest Mortgage Co., 05 CV 432 (N.D.Ill., Jan. 31, 2006), 2006 U.S. Dist. LEXIS 7388, an individual TILA rescission case in which ECLG won summary judgment for the plaintiff, the Court entered final judgment, ordering Ameriquest Mortgage Company and Ameriquest Mortgage Securities to rescind the loan and pay statutory damages. Under the judgment, plaintiff will receive a $30,106.89 benefit.[6] A copy of the Court's Memorandum Opinion and Order Regarding Judgment, which itemizes the amount of relief for the plaintiff, is attached hereto as Exhibit B. The magnitude of this recovery for Ms. Jones highlights the fact that she and other individuals have much more to gain through individual TILA rescission cases than they could ever recover as members of a TILA class of tens of thousands.

Similarly, on July 19, 2006, the Court in Washington v. Ameriquest, 05 C 1007 (N.D.Ill.), another individual TILA rescission case in which ECLG represents the plaintiffs, granted plaintiffs' motion for summary judgment in part and denied defendants' motion for summary judgement entirely. A copy of the Court's Memorandum Opinion and Order is attached as Exhibit

---

[5]After ECLG made this point in its "Consolidated Response" filed June 27, 2006, the Lieff-Roddy group did not deny the existence of a systemic conflict. ("Omnibus Reply Memorandum" filed July 7, 2006).

[6]This amount includes solely the relief ECLG won for the plaintiff, not any amounts for attorney's fees for which ECLG must petition the Court separately.

3

A.[7] Like Jones, as the result of winning a judgment of liability on their TILA rescission claim (under Count I), the Court will now order Ameriquest and Deutsche Bank National Trust Company (the loan's present assignee) to rescind the Washingtons' loan and pay them statutory damages. Having reviewed the Washington's payment history and closing costs for their Ameriquest loan in connection with the present filing, their counsel calculates that the financial benefit to Mr. and Mrs. Washington from their individual action will be $40,986.94.[8]

---

[7]The Washington opinion, like the Court's opinion in Jones, reinforces the applicable TILA law and standards in this Circuit. These decisions specifically address and reject the types of out-of-circuit, "ad hoc" or "reasonableness" TILA jurisprudence advocated by the Ameriquest parties before this Court in favor of a strict liability-type of TILA jurisprudence in which "hypertechnicality reigns." See, e.g., Washington v. Ameriquest at pp. 11-12 and 14-15; see also "ECLG Plaintiffs' Consolidated Response," pp. 22-23, ftnt. 15.

Washington also contains a ruling favorable to plaintiffs on the issue of bait-and-switch fraud. The Court denied Ameriquest's cross motion for summary judgment on the bait-and-switch allegation and held that (even though plaintiffs focused discovery primarily on TILA issues and not on bait-and-switch fraud), the proof of the claim turns on the credibility of Mrs. Washington's testimony about pre-closing conversations she had with Ameriquest's representative concerning initial loan terms. (Pp. 17-18; see also pp. 1-4). The Court held that trial may proceed on the issue of whether Ameriquest baited and switched the Washingtons on the loan terms. (P.19). Both implicitly and explicitly, the Court rejected Ameriquest's arguments that plaintiffs' bait-and-switch allegation in the complaint was plead with insufficient particularity and had other pleading deficiencies. (P. 17; 18).

[8]As noted in previous filings with this Court, ECLG has summary judgment motions pending in three other cases, and ECLG plans to move for summary judgment in up to eight additional cases in which (1) discovery has been complete or nearly complete for months, (2) the plaintiffs are currently experiencing serious financial distress, and (3) the legal and factual issues are simple and (4) Ameriquest was unwilling to engage in meaningful settlement discussions. (See "Consolidated Response," p. 3, ftnt. 3.) In several of these cases, there is no genuine issue of material fact because everyone who was present testified that the plaintiffs were provided with incomplete notices of right to cancel. (Id., p. 3).

The ECLG plaintiffs concur in the Lieff-Roddy June 22, 2006 Motion To Lift Stay. ECLG represents many plaintiffs (1) whose cases were filed in late 2004 and early 2005 (2) who are experiencing financial distress, uncertainly and anxiety that (3) is the direct result of an Ameriquest party's deceptive or abusive lending practices.

Finally, ECLG notes that, with respect to Hubbard v. Ameriquest, 05 C 389 (N.D.Ill.), and Abercrombie v. Argent, 05 C 1687, on July 7, 2006 Judge Filip struck without prejudice the parties' cross motion for summary judgment, stating that he prefers to await the Seventh Circuit's decision in Hamm v. Ameriquest, Seventh Circuit Appeal No. 05 C 3984 (District Court case No. 05 C 227, 2005 WL 2405804

4

In the same vein, the settlement value of ECLG's individual TILA rescission claims is extremely high. This is true regardless of whether the case is settled before it is filed or after the close of discovery.[9] Since ECLG's last filing with this Court on June 27, 2006, ECLG has succeeded in settling <u>six more</u> individual TILA rescission cases with Ameriquest: <u>Mulvaney v. Ameriquest</u>, 06-113 (C.D.Ill.); <u>Spencer v. Ameriquest</u>, 06 C 2396 (N.D.Ill.); <u>Szafran v. Ameriquest</u> (unfiled, MI); <u>Eskra v. Ameriquest</u>, 06 C 1879 (N.D.Ill.); <u>Gorgon v. Ameriquest</u> (unfiled, MI); and <u>Miller v. Ameriquest</u>, 06 CV 189 (N.D. Ind.). This brings to 15 the total number of individual cases that ECLG has now settled with the Ameriquest parties. In addition, ECLG is currently negotiating settlements in an additional 17 new or recently filed individual TILA rescission claims.[10]

### B. Any Class Counsel Would Have a Disincentive to Aggressively Discover and Prove Facts In The Individual Cases

Also underscoring the conflict of interest is the fact that any class counsel for an omnibus class simply cannot deal with cases involving individual facts lest it would threaten class certification, detract from the value of class settlements and threaten Court approval of class settlement. <u>This very Court</u> has already recognized that individual loan transactions present unique and irreducible issues of fact requiring discovery and proof. In its Memorandum Opinion and Order of May 30, 2006, the Court noted that plaintiffs who claim they received incomplete or improper notices of right to cancel forms will have to rebut - with testimony and documentary evidence - the

---

(N.D.Ill. Sept. 27, 2005)), before ruling on the same issues of law presented by <u>Hubbard</u> and <u>Abercrombie</u>. ECLG represents the plaintiff in Hamm. The last brief was filed June 13, 2006.

[9] The ECLG plaintiffs are loathe to be more specific in the absence of a specific Order from the Court because Ameriquest has insisted on the confidentiality of the terms of its settlements with ECLG.

[10] This is up from the 9 settled cases and the 13 settling cases that were mentioned in ECLG's last MDL filing. ("Consolidated Response," p. 4).

5

presumption of proper disclosure created by the presence in Ameriquest's file of completed NRTC forms containing signed acknowledgments of proper disclosure. (Pp. 5-8). That is to say, the facts, circumstances and documents associated with each closing - as well as the testimony of the people present - will determine whether an individual plaintiff is entitled to summary judgment.

The Court in <u>Washington v. Ameriquest</u> recently proved this point. The Court's Memorandum Opinion and Order illustrates just how fact intensive individual claims can be. That opinion devotes no less than ten pages (over half the length of the opinion) to reviewing and analyzing the undisputed facts and the factual issues for trial under plaintiffs' Count II (Illinois Consumer Fraud Act). (See <u>Exhibit A</u>). The Court's presentation of those facts not only illustrates some of Ameriquest's abusive practices against the most vulnerable people - the elderly, the sick, the under-educated and the working poor - but also demonstrates that the unique facts of individual loan closings are critical to disposing of these claims. (<u>Id</u>.). These are additional indications of the need for the prosecution of the individual cases to be controlled solely by those who have no conflicting incentives and can be as zealous and vigorous as possible.

                Respectfully submitted,

                s/Al Hofeld, Jr.
                Al Hofeld, Jr.

Daniel A. Edelman
Cathleen Combs
James Latturner
Tara Goodwin
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER

      & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Al Hofeld, Jr., hereby certify that on July 24, 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that true and correct copies were additionally sent via email or by U.S. Mail or hand delivery to those parties without email addresses.

*Attorneys for Plaintiffs Cheryl Williams and Duvall Naughton*

*Lieff Cabraser Heimann & Berstein, LLP*
Elizabeth J. Cabraser, ecabraser@lchb.com
Kelly M. Dermody, kdermod@lchb.com
Caryn Becker, cbecker@lchb.com
Gena E. Wiltsek, gwiltsek@lchb.com
Rachel German, rgerman@lchb.com

*The Tien Law Firm, LLP*
Lawrence Tien, ltien@tienlawgroup.com
Kamran Mashoyekh,
    kamran@tienlawgroup.com

*Attorneys for Plaintiffs Albert Knox, Nona Knox, Maria Torres, Heladio Arellanes, and Maria Arellanes*

*Fenwick & West LLP*
Emmett C. Stanton, estanton@fenwick.com
Aaron Myers, amyers@fenwick.com
Bryan A. Kohm, bkohn@fenwick.com

*Community Legal Services in East Palo Alto*
Shirley Hochhausen,
    s_hochhausen@hotmail.com

*Attorneys for Plaintiff Adolph Peter Kurt Burggraff*

Douglas Bowdoin,
dbowdoin@bowdoinlaw.com

*Kirby Noonan & Sweat*
Jonathan Andrews Boynton,
    jboyton@knlh.com
Sarah Brite Evans, sevans@knlh.com

*James Hoyer Newcoomer & Smiljanich*
Terry Smiljanich,
    tsmiljanich@jameshoyer.com
Kathleen Clark Knight,
    kknight@jameshoyer.com

| | |
|---|---|
| *Attorneys for Plaintiffs Latonya Williams, Duwayne Williams, William F. Tolbert, Daisybel Tolbert, David R. Murphy, David M. Wakefield, Isabell M. Murphy, Janet Wakefield and Lynn Gay* | *Roddy Klein & Ryan*<br>Gary Klein, klein@roddykleinryan.com<br>Elizabeth Ryan, ryan@roddykleinryan.com<br>Shennan Kavanagh, kavanagh@roddykleinryan.com |
| *Attorneys for Plaintiffs Latonya Williams, Duwayne Williams, William F. Tolbert and Daisybel Tolbert* | *Horowitz, Horowitz & Associates*<br>O. Randolph Bragg, rand@horowitzlaw.com<br><br>*Law Office of Theresa I. Wigginton*<br>Theresa I. Wigginton, terri@twiggintonlaw.com |
| *Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation, Argent Mortgage Company and Town and Country Credit Corporation* | *Buchalter Nemer, A Professional Corp.*<br>Bernard E. LeSage, blesage@buchalter.com<br>Sarah K. Andrus, sandrus@buchalter.com<br>Buchalter Nemer, bnemer@buchalter.com |
| *Attorneys for Defendant Ameriquest Mortgage Company* | *Kirkpatrick & Lockhart Nicholson Graham LLP*<br>Daniel A. Casey, dcasey@klng.com<br>Jonathan B. Morton, jmorton@klng.com<br>Jeffery T. Kucerajkucera@klng.com<br>Brian Mark Forbes, bforbes@klng.com Ryan M. Tosi, rtosi@klng.com<br>R. Bruce Allensworth, ballensworth@klng.com<br><br>*Varga Berger Ledsky Hayes & Casey*<br>Craig Varga, cvarga@vblhc.com<br><br>*Dykema Gossett, PLLC*<br>Harry N. Arger, harger@dykema.com<br>Todd A. Gale, tgale@dykema.com<br>Richard E. Gottlieb, rgottlieb@dykema.com<br>David A. Wheeler, dwheeler@dykema.com |
| *Attorneys for Plaintiff Giavone Tammerello* | *Stanley Hill &n Associates, P.C. & Associates, P.C.*<br>Stanley L. Hill, stanhill@megsinet.net<br>Dalal M. Jarad, dmjarad@aol.com |
| *Additional Party* | *The Law Offices of Daniel Harris*<br>Daniel Harris, lawofficedh@yahoo.com |

9

| | |
|---|---|
| *Attorney for Defendants AMC Mortgage Service, Inc. and Ameriquest Mortgage Company* | *Edward P. Grimmer, PC* <br> Edward P. Grimmer, ed@grimmerlaw.com |
| *Attorney for Citifinancial Mortage Company, Inc.* | *Bunger & Robertson* <br> Suzette V. Sims, ssims@lawbr.com |
| *Attorneys for GMAC Mortgage Corporation* | *Wooden & McLaughlin LLP* <br> James M. Boyers, jboyers@woodmclaw.com <br> Jamie A. Young, jyoung@woodenmclaw.com |
| *Registered Agent for AMC Mortgage Service, Inc., Ameriquest Mortgage Company, Argent Mortgage Company, LLC and Town and Country Credit Corporation* | National Registered Agents (Hand-delivery) <br> 200 W. Adams Street <br> Chicago, IL 60606 |
| *Registered Agent for Ameriquest Mortgage Securities, Inc.* | National Registered Agents (via US Mail) <br> 2030 Main Street, Suite 1030 <br> Irvine, CA 92614 |

                s/Al Hofeld, Jr.
                Al Hofeld, Jr.