IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**COOPERATING PLAINTIFFS' REPLY TO ECLG PLAINTIFFS' STATEMENT OF CONCURRENCE WITH THE HARRIS FIRM'S PROPOSED COMPROMISE**

The Cooperating Plaintiffs submit the following response to the issues raised by the Plaintiffs represented by Edelman, Combs, Laturner and Goodwin, LLC (Edelman Firm) in their Statement of Concurrence with the Harris Firm's Proposed Compromise (Docket No. 212).[1]

**A. The Cooperating Plaintiffs Have Repeatedly Made Clear That They Have No Intention of Taking Over Control of Any Individual Cases, Including the Edelman Firm's Cases.**

The Edelman firm claims that a conflict of interest prevents the Cooperating Plaintiffs' counsel from representing or having control over both a national class and individual plaintiffs seeking rescission. (Docket No. 212 at 3-4.) In making this claim, however, the Edelman firm ignores the fact that in both their Joint and Agreed Organization and Case Management Plan (Docket No. 162) and in their Omnibus Reply Memorandum on Case Management Issues

---

[1] The Court should note that the Harris firm is not a neutral party proposing a compromise, but rather the only firm, other then the Edelman firm, that declined to support the Cooperating Plaintiffs' proposed organization plan. Instead the Harris firm, which is co-counsel with the Edelman firm in *Jewell, et al. v. Ameriquest Mortgage Company*, supported the Edelman plan. (Docket Nos. 169, 185-1, 202-1.) By contrast 24 firms support the Cooperating Plaintiffs' plan. (Docket Nos. 199-1 at 1, and Docket No. 162.)

1

(Docket No. 199), the Cooperating Plaintiffs make clear that they have no intention of representing any individual plaintiffs.[2] *See also,* Declaration of Charles Delbaum and Dan Blinn in Support of Application for Appointment as Co-Chair of the Individual Claims Steering Committee, at ¶ 9. (Docket No. 198). The Case Management Plan and supporting affidavits make it abundantly clear that the individual plaintiffs are entitled to representation by their own attorneys and that the Cooperating Plaintiffs cannot and would not strip any individual attorneys of their roles. Rather, the Cooperating Plaintiffs have proposed a steering committee to coordinate the individual cases, by trying to find common claims that could be resolved by coordinated proceedings, and potentially coordinating discovery and access to discovery materials. Nonetheless, the lawyers involved in individual cases will continue to retain full control over their client's claims.

The Edelman firm also claims that there is a conflict of interest that prevents the Cooperating Plaintiffs' counsel from representing a class that includes borrowers who have elected to rescind, and proposes that such borrowers be excluded from the class. (Docket No. 212 at 2.) Although the Cooperating Plaintiffs do not believe that there is a conflict and that standard class certification procedures under Rule 23 more than adequately address those issues, *see* Docket No. 199 at note 9, they note that the issue is premature in that no pending case, other than perhaps one of the several class actions filed by the Edelman firm, seeks to certify such a class. To the extent that there are individual claims for actual rescission, they remain individual claims controlled by the lawyers who brought them.

---

[2] Moreover, in an effort to resolve this issue, counsel for the Cooperating Plaintiffs sent a letter to the Edelman firm on July 19, 2006, again reiterating that the Plaintiffs had no intention of taking control of the individual actions, and renewing a proposal to seek appointment for ELCG as liaison counsel for the individual cases as well as a position on the individual claims steering committee with the National Consumer Law Center and Consumer Law Group.

Finally, the Edelman firm appears to suggest that the individual facts of each putative class member's rescission claim will necessarily overwhelm this litigation and that any class counsel would avoid aggressively pursuing these claims because they will threaten class certification. (Docket No. 212 at 5.) In making this claim, ELCG mischaracterizes this Court's ruling in its Memorandum Opinion and Order of May 30, 2006. (Docket No. 142.) The Court noted in its ruling that the Plaintiffs have presented "documentary and testimonial evidence of Ameriquest's repeated failure to include mandatory rescission information and to provide H-9 forms for refinancing transactions with the same lender" by presenting affidavits copies of notices from borrowers. (Order at 5.) While the Plaintiffs will be required to rebut the presumption of receipt created by signed acknowledgements produced by Ameriquest, the Court did not in any way suggest that this issue required individual case by case treatment.

### B. It Is Premature to Appoint Lead Counsel with Respect to the Non-Borrower Claims

In its statement, the Edelman firm concurs with the proposal of the Harris firm that it be appointed co-lead counsel for the non-borrower FCRA cases. (Docket No. 212 at 2). It is the Cooperating Plaintiffs position that such an appointment would be premature, given that it is not yet clear which claims in this proceeding will ultimately be the subject of class claims, survive an anticipated motion to dismiss and/or be certified for class treatment. In addition, although the Cooperating Plaintiffs recognize that the Edelman firm has a number of FCRA cases pending, there are also numerous other attorneys representing plaintiffs with non-borrower FCRA claims. The majority of these law firms support the Cooperating Plaintiffs' plan rather than that of the Edelman firm. These firms will likely have an interest in representing these classes should these claims be certified as class claims in this litigation. They have not consented to the Edelman

3

firm's lead position on these issues, and indeed, contrary to the Court's organization order, the Edelman firm made no effort to organize them.

The Court has stressed the need for Plaintiffs' counsel to join together in order to achieve a workable organization plan. With the exception of the Edelman firm, and Harris, they have done so. They have produced a plan supported by 24 law firms from across the country to provide broad national representation to Ameriquest borrowers by firms with substantial resources and the highest reputation in the consumer class action bar.

Cooperating Plaintiffs believe that the Court need not and should not consider issues that may require separate representation of particular classes or sub-classes at least until the pleadings are at issue. At that time it will be clear which class claims will go forward as well as how the claims will be divided into classes and subclasses. To consider the need for separate representation now would serve no purpose other than to invite inappropriate competition among class counsel to move their clients' claims ahead of other equally meritorious class issues.

 Respectfully submitted,

| | |
|---|---|
| /s/ Kelly M. Dermody | /s/ Gary Klein |
| Kelly M. Dermody | Gary Klein |

Kelly M. Dermody (CA Bar No. 171716)  
Caryn Becker (CA Bar No. 196947)  
LIEFF, CABRASER, HEIMANN  
 & BERNSTEIN, LLP  
275 Battery Street, 30th Floor  
San Francisco, CA 94111-3339  
Telephone: (415) 956-1000  
Facsimile: (415) 956-1008  

Gary Klein  
Elizabeth Ryan  
Shennan Kavanagh  
RODDY KLEIN & RYAN  
727 Atlantic Avenue  
Boston, MA 02111-2810  
Telephone: (617) 357-5500 ext. 15  
Facsimile: (617) 357-5030  

 /s/ Terry Smiljanich
Terry Smiljanich

Terry Smiljanich  
Jill Bowman  
JAMES, HOYER, NEWCOMBER  
 & SMILJANICH, P.A.  
One Urban Center, Suite 550  
4830 West Kennedy Boulevard  
Tampa, FL 33609  
Telephone: (813) 286-4100  
Facsimile: (813) 286-4174  

*Proposed Plaintiffs' Co-Lead Counsel*

 /s/ Marvin A. Miller
Marvin A. Miller

Marvin A. Miller  
MILLER FAUCHER AND CAFFERTY LLP  
30 N. LaSalle Street, Suite 3200  
Chicago, IL 60602  
Telephone: (312) 782-4880  
Facsimile: (312) 782-4485  

*Proposed Plaintiffs' Liaison Counsel*