**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br>*GBUREK v. ARGENT MORTGAGE CO., LLC, et al.*, N.D. Ill. Case No. 06-2639 | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen)<br><br>[Notice of Presentment, Motion and Memorandum of Law filed concurrently herewith] |

**DECLARATION OF BERNARD E. LESAGE IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR REASSIGNMENT OF
*GBUREK V. ARGENT MORTG. CO., LLC, et al.***

I, Bernard E. LeSage, declare as follows:

1.  I am a shareholder of the law firm of Buchalter Nemer, a Professional Corporation, counsel for defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., AMC Mortgage Services, Inc., Ameriquest Capital Corporation, Argent Mortgage Company, LLC ("Argent") and Town & Country Credit Corporation (collectively, "Defendants") in the above-captioned litigation. I state that the records and documents referred to in this Declaration constitute writings taken or made in the regular or ordinary course of business of Buchalter at or near the time of the act, condition or event to which they relate by persons employed by Buchalter who had a business duty to Buchalter to accurately and completely take, make and maintain such records and documents. I make this Declaration in support of Defendants' Renewed Motion for Reassignment of *Gburek v. Argent Mortgage Company, LLC, et al.* I know the following to be true and if called upon to testify, I could and would competently testify to the truth of the matters stated herein.

2.  The parties present at the June 13, 2006 hearing agreed on the record that a Stipulation and Order would be submitted to the Court, pursuant to which all cases included in Plaintiffs' Third Reassignment Motion and Defendants' Second Reassignment Motion to which

1

no objection was filed would be reassigned to this Court.  On June 14, 2006, those parties present at the June 13, 2006 hearing filed a Stipulation seeking to reassign 26 cases, including *Gburek*.

   3. Counsel for plaintiffs in *Gburek* did not appear at the June 13, 2006 hearing or otherwise file a formal objection to the reassignment of *Gburek* prior to the hearing.  On or about June 14, 2006, counsel for plaintiffs in *Gburek* represented that he did not receive Defendants' Second Reassignment Motion until after the June 13, 2006 hearing and that, had he received the Motion prior to June 13, 2006, he would have objected to the reassignment of *Gburek*.  In an effort to cooperate and because counsel for Gburek had previously informally advised Defendants' counsel of his objection to reassignment, Defendants agreed to remove *Gburek* from the previously filed Stipulation and renew their motion to reassign to allow Gburek's counsel an opportunity for formal objection.

   4. I instructed an associate of Buchalter Nemer to review the cases presently in this multidistrict litigation ("MDL") proceeding and she reported to me that (a) there are more than 150 actions in this MDL proceeding that involve allegations that Defendants violated TILA by failing to provide borrowers with proper notice of their rescission rights, and (b) twenty-five of these actions are brought against Argent.

   I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed this 15th day of August 2006 at Los Angeles, California.


                 By: /s/  Bernard E. LeSage