## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| _____ | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

## MEMORANDUM IN SUPPORT OF COOPERATING PLAINTIFFS' MOTION FOR ENTRY OF A DOCUMENT PRESERVATION ORDER

### I.  Introduction

Cooperating Plaintiffs seek a court order requiring Defendant Ameriquest Mortgage Company, ("Ameriquest"), to preserve 6 categories of documents that are material and relevant to the issues raised in this MDL proceeding.[1] Cooperating Plaintiffs also request that this Court order Ameriquest to implement notice to its employees overriding its existing document preservation policy.

The existing litigation stay, coupled with Ameriquest's branch office closings and employee layoffs, creates a significant risk that discoverable documents and information will be lost or destroyed.  Absent an order requiring Ameriquest to implement a document preservation scheme under these circumstances, Cooperating Plaintiffs will suffer irreparable harm and their ability to establish their cases may be severely inhibited.

---

[1] By letter and electronic mail dated August 31, 2006, counsel for Cooperating Plaintiffs requested Ameriquest to voluntarily agree to preserve documents, however, despite counsel's request that Ameriquest respond by September 8, 2006, Ameriquest did not do so. Cooperating Plaintiffs counsel followed up on their request by a voicemail message on September 13, 2006, but Ameriquest did not respond.

## II.    Litigation History

This MDL proceeding was established on December 14, 2005. [Docket No. 1]. Initially transferred cases included some that were filed as early as the fall of 2004.[2] The discovery process was already underway in many of the transferred cases. For example, in *Murphy, et al., v. Ameriquest Mortgage Company,* C.A. No. 04-cv-12651RWZ (D. Mass), the parties exchanged briefs on a motion for order to compel discovery on which a decision was pending (as of December 2005) before transfer. Discovery was also underway in another transferred class action covering a nationwide class, *Williams, et al. v. Ameriquest Mortgage Company,* Case No. 05-CIV-6189 (LTS)(DFE)(S.D.N.Y.).

Two months after transfer, this Court entered a litigation stay pending transfer of tag-along cases and the coordination of a case management plan. Cooperating Plaintiffs' counsel filed a motion to lift the stay, which remains pending. [Docket No. 178]. To date, it is unclear when the litigation stay will be lifted so that the parties may move forward with discovery.

## III.    Legal Standard

Courts consider three factors in determining whether to enter document preservation order: (1) whether Plaintiffs can demonstrate that Defendants will destroy necessary information absent a preservation order; (2) whether Plaintiffs will suffer irreparable harm absent a preservation order; and (3) the burden imposed on the parties by granting a preservation order. *In re: African-American Slave Descendants' Litigation,* 2003 WL 24085346, at *2 (N.D. Ill. 2003).

---

[2] *See, e.g., Barber, et al. v. Ameriquest Capital Corp. et al.,* Case No. 3:04-CV-1296-J-32 TEM (M.D. Fla), *Murphy, et al., v. Ameriquest Mortgage Company,* C.A. No. 04-cv-12651RWZ (D. Mass), *Burggraff v. Ameriquest Capital Corporation,* Case No. 2:04-cv-09715-MMM-Mc (C.D. Cal.).

The potential for irreparable harm exists where a defendant has not acknowledged its duty to preserve documents. *African-American Slave*, at *2.

"The court has broad discretion in determining whether to enter a preservation order." *Id.* Courts routinely enter preservation orders to enforce the duty to preserve relevant documents, data, and tangible things, especially in complex multidistrict litigation. *HJB, Inc. v. American Home Products Corp.,* 1994 WL 31005, at *1 (N.D. Ill. 1994). The importance of ensuring document preservation is reflected in courts' inherent sanction powers and by the Federal Rules of Civil Procedure. *Danis v. USN Communications, Inc*. 2000 WL 1694325, at * 30-31 (N.D. Ill. 2000) (discussing courts' authority to dismiss a case or enter a default in the event of a discovery violation).

Without question, defendants have a duty to preserve documents. *Danis v. USN Communicatons, Inc.,* 2000 WL 1694325, at *32 (N.D. Ill. 2000); *China Ocean Shipping (Group) Company, et al. v. Simone Metals Incorporated,* 1999 WL 966443, at *3 (N.D. Ill. 1999), *citing Langley v. Union Electric Co.,* 107 F. 3d 510, 514 (7th Cir. 1997), *Melendez v. Illinois Bell Tel. Co.,* 79 F. 3d 661, 671 (7th Cir. 1996); *Marrocco v. General Motors Corp.,* 966 F. 2d 220, 223-225 (7th Cir. 1992) (additional citations omitted). "The duty to preserve documents in the face of pending litigation is not a passive obligation. Rather, it must be discharged actively…". *Danis,* at 32. (obligation to establish and distribute a comprehensive document retention policy falls "squarely on the shoulders" of senior corporate officers). The Seventh Circuit recognizes this duty. *African-American Slave,* at *3, *citing, Smith Barney, Inc. v. Schell,* 53 F. 3d 804, 807 (7th Cir. 1995).

3

## IV.    Argument

*1.     Relevant And Material Information Is Likely To Be Irretrievably Lost Or Destroyed Absent A Preservation Order*

As an initial matter, the evidence Cooperating Plaintiffs seek to preserve by virtue of this order is directly relevant and is material to the claims they raise in this MDL proceeding. The categories of documents Cooperating Plaintiffs seek to protect by virtue of a document preservation order include documents that: (1) are relevant to the account or claims of any named Plaintiff (or other individual who has rescinded a transaction pursuant to the TILA), (2) are in the account file of any loan originated on or after January 1, 1998, (3) are responsive to a Request for Production duly served upon Ameriquest in any case now pending in the above referenced proceeding or being considered for transfer, (4) govern policies or procedures at Ameriquest at any time after September 1, 1996; (5) have been produced to the state Attorneys General for any reason; and (6) are contained in existing electronic records of any kind. These categories are limited in scope and clearly relevant to the claims at issue in this MDL proceeding.

There is a high likelihood that the evidence sought to be preserved here will be inadvertently destroyed or lost absent a preservation order, thereby depriving Cooperating Plaintiffs' of the ability to establish their case. The litigation stay that has been in place in this case since February 2006 has caused delay in adjudicating Cooperating Plaintiffs claims. This delay has prevented Cooperating Plaintiffs' counsel from proceeding with discovery. The likelihood that documents will be lost or destroyed under a routine corporate destruction policy[3] increases with further delay.

---

[3] At this time, Cooperating Plaintiffs have no information about Ameriquest's document preservation policies, and therefore have no assurance that important evidence will not be destroyed in the course of routine document destruction procedures.

4

Moreover, according to a Press Release, "Ameriquest Announces New Retail Business Model" (May 2, 2006), Ameriquest has recently closed 229 branch offices and has laid off more than 3,800 workers.[4] The disruption associated with such an extreme shutdown increases the chances that documents will be inadvertently lost or destroyed.

2.      *Cooperating Plaintiffs Will Suffer Irreparable Harm Absent A Preservation Order*

Despite Cooperating Plaintiffs' counsel's requests for Ameriquest to voluntarily preserve documents, Ameriquest has not responded. *See*, FN. 1, <u>infra</u>. It has not acknowledged its duty to preserve. If the requested categories of documents are not preserved, Cooperating Plaintiffs will lose material evidence necessary to prove their claims. For example, two allegations at the heart of Cooperating Plaintiffs' complaints relate to Ameriquest's practices regarding disclosure about borrowers' right to cancel a refinance transaction and charging discount points. Whether a borrower has been affected by these practices is directly ascertainable from the face of borrowers' loan documents. It is imperative that Ameriquest ensure the preservation of these documents for Cooperating Plaintiffs to prove the allegations in their complaints. Cooperating Plaintiffs have already been prejudiced by the litigation stay, which has not allowed them to move forward with discovery so that they can gather information to support their allegations against Ameriquest.

3.      *The Preservation Order The Plaintiffs Propose Here Is Reasonable And Will Not Cause Undue Burden*

Cooperating Plaintiffs' proposed preservation order does not require Ameriquest to undergo extraordinary measures to retain and preserve all potential evidence. Rather, it is narrowly tailored to ensure that only evidence that is relevant and material to the claims raised in

---

[4] http://www.ameriquestmortgage.com/releaseArticle.html?news=news20060502

this MDL proceeding is preserved. Cooperating Plaintiffs seek the preservation of only 6 categories of documents. *See Walker v. Cash Flow Consultants, Inc.* 200 F.R.D. 613, 617 (N.D. Ill. 2001) (holding that although a request for an order compelling preservation of 23 categories of documents was overbroad, a preservation order was still necessary to ensure that plaintiff can obtain information about similarly situated individuals).

The document retention program that Cooperating Plaintiffs' propose here, which would require Ameriquest to draft a memorandum that overrides any document destruction policies presently in place and for Ameriquest to issue it to all its employees, is minimal and easy to implement. It will not create an undue burden.

## V. Conclusion

For the foregoing reasons, Cooperating Plaintiffs respectfully request that this Court enter an order compelling Ameriquest to preserve all documents contained in the categories enumerated above and to implement a document retention program, submitted herewith in the form of a proposed Order.

Respectfully submitted,


|  |  |
|---|---|
| */s/ Kelly M. Dermody* | */s/ Gary Klein* |
| Kelly M. Dermody | Gary Klein |

Kelly M. Dermody (CA Bar No. 171716)       Gary Klein
Caryn Becker (CA Bar No. 196947)           Elizabeth Ryan
LIEFF, CABRASER, HEIMANN                    Shennan Kavanagh
 & BERNSTEIN, LLP                           RODDY KLEIN & RYAN
275 Battery Street, 30th Floor             727 Atlantic Avenue
San Francisco, CA  94111-3339             Boston, MA  02111-2810
Telephone:  (415) 956-1000                 Telephone:  (617) 357-5500 ext. 15
Facsimile:  (415) 956-1008                 Facsimile:   (617) 357-5030

*/s/ Jill Bowman*
Terry Smiljanich
Jill Bowman
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile:  (813) 286-4174

*Proposed Plaintiffs' Co-Lead Counsel*


*/s/ Marvin A. Miller*
       Marvin A. Miller

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL  60602
Telephone:  (312) 782-4880
Facsimile:   (312) 782-4485

*Proposed Plaintiffs' Liaison Counsel*


Date:   September 15, 2006