IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY TALLEY and CHERYL TALLEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERIQUEST MORTGAGE COMPANY, ) <br> DEUTSCHE BANK NATIONAL TRUST and ) <br> AMC MORTGAGE SERVICES, INC. ) <br> ) <br> ) <br> Defendants. ) | MDL No. 1715 <br><br> Lead Case No. 05-CV-07097 <br><br> (N. D. Ill. 05 C 1080, reassigned to Judge Aspen on April 24, 2006) <br><br> **JURY DEMANDED** |

## PLAINTIFFS' MOTION TO LIFT STAY
## DUE TO OVERWHELMING FINANCIAL DISTRESS

Plaintiffs Terry and Cheryl Talley respectfully move this Court for an Order lifting, as to their case only, the Court-imposed stay currently in effect for cases pending within the Ameriquest MDL proceeding. In support of their motion, plaintiffs state as follows:

1. On February 7, 2006, this Court imposed a stay on the cases within the Ameriquest MDL. The Court has made it clear that the stay applies to the conduct of discovery and to rulings on dispositive motions.

2. On April 24, the above-captioned case was reassigned to Judge Aspen and the Ameriquest MDL, thereby subjecting it to the stay. (See Appendix A).

3. Terry and Cheryl Talley are currently experiencing severe financial and emotional distress, as detailed for the Court in the Affidavit of Cheryl Talley, attached hereto as Appendix B. Their household income has fallen dramatically because Terry Talley has become permanently disabled. Their household is now operating at a deficit, they are in arrears on their

1

mortgage payment and at risk for serious damage to their credit, default and foreclosure on their home. (Appendix B, pp. 1-3). As the affidavit also makes clear, a resolution of the Talleys' case, if it results in a reduction of their monthly payment (as a settlement or judgment in their favor would), would substantially improve their financial condition and alleviate their stress.

4. Before filing this motion, the Talleys attempted to resolve their case through settlement. They sent the settlement demand attached hereto as Appendix C to both national and local counsel for Ameriquest. (See Appendix C). The opening demand was modest and reasonable in that, if accepted, it would have provided the Talleys with only approximately 70% of the relief they would be entitled to if they prevailed. Despite subsequent contacts both orally and in writing by plaintiffs' counsel to follow up on the demand (see Appendix C), - all of which communications stressed the urgency that the plaintiffs feel and the need for a prompt response from Ameriquest - as of September 22, 2006, Ameriquest has simply not responded.

5. As explained in the affidavit, simply refinancing out of their Ameriquest loan is not a viable legal or financial option for the Talleys. (Appendix B, pp. 2-3).

6. The Talleys are aware that they could lose their case; nevertheless, and with settlement no longer a possibility, they want to move for summary judgment.

7. The Talleys have already (prior to the April 24, 2006 reassignment of their case) completed their written and oral discovery. Prior to the filing of defendants' motion to reassign the Talley's case on March 17, 2006 (docket ##79 and 88), which motion was not heard by this Court until April 4, 2006, Judge Darrah ordered discovery closed on April 4, 2006. A copy of Judge Darrah's Order is attached hereto as Appendix D.

8. Defendants also completed all discovery with the single exception of

2

taking Terry Talley's deposition. His deposition was previously scheduled for 1:00PM on April 4, 2006. At 10:30AM on the same day, this Court granted defendants' motion to reassign the Talley case (and others), thereby also subjecting Talley to the stay order. (See Appendix E). In light of the stay, the parties mutually agreed to reschedule Mr. Talley's deposition until after the stay is lifted.

        9.     Mr. Talley is available immediately to sit for his deposition.

        10.    The Talleys' Second Amended Complaint alleges that Ameriquest committed four, separate violations of the Truth in Lending Act. (A copy (without exhibits) is attached as Appendix F.) Proof of any one violation would be sufficient for full rescission and statutory damages.

        11.    The Talleys have obtained written and oral discovery that they believe will prove, on summary judgement, that (1) the final date to cancel was missing on all of the notices of right Ameriquest provided (i.e., Ameriquest's own closing agent admitted as much in his deposition); (2) all of Ameriquest's TILA disclosures misstated the transaction date because Ameriquest changed the disbursements for the loan subsequent to closing and did not notify plaintiffs of this until over a month-and-a-half after closing, and the changes resulted in actual damage to plaintiffs' credit and financial situation; (3) the payment schedule on Ameriquest's TILA Statement was not properly or completely disclosed; and (4) Ameriquest's One Week Cancellation Notice was confusing and served to obscure information provided clearly in the federal Notice of Right to Cancel.[1]

---

[1] Plaintiffs remind the Court that alleged violations (3) and (4) only are currently on appeal before the U.S. Court of Appeals for the Seventh Circuit in Hamm v. Ameriquest, et al, 05-3984 and Jones v. Ameriquest, et al., 06-3086.

3

12. Should the Court lift the stay, in view of plaintiffs' financial distress the plaintiffs would respectfully request that the Court rule on their motion for summary judgment on an expedited basis.

WHEREFORE, plaintiffs respectfully request that this Court enter an Order:

A. lifting the stay as to this case only based upon the plaintiffs' demonstrated financial distress;

B. allowing defendants 14 days in which to take Mr. Talley's deposition;

C. allowing plaintiffs to file their motion for summary judgment with supporting memorandum on or before October 15, 2006;

D. setting an expedited briefing schedule on plaintiff's motion;

E. committing the Court to a date for an expedited ruling; and

F. granting any other or further relief.

Respectfully submitted,

/s/ Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS
    & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)