# APPENDIX A

Case 1:05-cv-01080     Document 37     Filed 04/24/2006     Page 1 of 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## ORDER OF THE EXECUTIVE COMMITTEE

*05C 1080*

It appearing that the Hon. Marvin E. Aspen is presiding over proceedings as part of MDL 1715 ( 05,7097, *In re Ameriquest Mortgage Company Mortgage Lending Practices Litigation*); and

It further appearing that the cases on the attached list, pending before other judges of this Court, fall within the scope of MDL 1715; therefore

IT IS HEREBY ORDERED That the Clerk is to reassign the cases on the attached list to the Hon. Marvin E. Aspen for pretrial proceedings.

IT IS FURTHER ORDERED That if any case reassigned pursuant to this order is not closed while it is pending before Judge Aspen, it shall be reassigned back to the judge before whom it was previously pending.

**ENTER:**

**FOR THE EXECUTIVE COMMITTEE**

_____
Chief Judge

Dated at Chicago, Illinois this **24th** day of April, 2006.

**List of Cases to be Temporarily Reassigned to the Hon. Marvin E. Aspen**

| Case Number | Case Title | Judge |
|---|---|---|
| 04 C 7627 | Furgeson v. Ameriquest Mortgage Co, Inc. | Manning |
| 05 C 648 | Smith v. Ameriquest Mortgage Co, Inc. | Kendall |
| 05 C 1009 | Jimenez, et al. v. Ameriquest Mortgage Co, Inc. | Moran |
| 05 C 1077 | Key v. Ameriquest Mortgage Co, Inc. | Andersen |
| 05 C 1078 | Treadwell, et al. v. Ameriquest Mortgage Co, Inc. | Gettleman |
| 05 C 1080 | Talley v. Ameriquest Mortgage Co, Inc. | Darrah |
| 05 C 1218 | Murray v. Ameriquest Mortgage Co, Inc. | Andersen |
| 05 C 1402 | Wertepny v. Ameriquest Mortgage Co, Inc. | Nordberg |
| 05 C 2625 | Tremble v. Town & Country Credit Corp. | Kendall |
| 05 C 3976 | Mills v. Ameriquest Mortgage Co, Inc. | Leinenweber |
| 05 C 4025 | Harris v. Ameriquest Mortgage Co, Inc. | Der-Yeghiayan |
| 05 C 4162 | Salazar v. Ameriquest Mortgage Co, Inc. | Guzman |
| 05 C 4644 | Luedtke v. Ameriquest Mortgage Co, Inc. | Nordberg |
| 05 C 4723 | Brown v. Ameriquest Mortgage Co, Inc. | Coar |
| 05 C 5033 | Doolittle, et al. v. Ameriquest Mortgage Co, Inc. | Bucklo |
| 05 C 5035 | Pintsak v. Ameriquest Mortgage Co, Inc. | Guzman |
| 05 C 5111 | Brown, et al. v. Ameriquest Mortgage Co, Inc. | Kennelly |
| 05 C 5911 | Holzmeister v. Ameriquest Mortgage Co, Inc. | Norgle |
| 05 C 6158 | Mayfield v. Town & Country Credit Corp. | Pallmeyer |
| 05 C 6172 | Perry v. Ameriquest Mortgage Co, Inc. | Moran |
| 05 C 6517 | Polydoros, et al. v. Town & Country Credit Corp. | Zagel |
| 05 C 6808 | Buckner v. Ameriquest Mortgage Co, Inc. | Gottschall |
| 06 C 269 | Jewell, et al. v. Ameriquest Mortgage Co, Inc. | Filip |
| 06 C 1438 | Berquist v. Ameriquest Mortgage Co, Inc. | Kennelly |
| 06 C 1546 | Thompson v. Ameriquest Mortgage Co, Inc. | Castillo |
| 06 C 1547 | Lurry-Payne v. Town & Country Credit, et al. | Zagel |
| 06 C 1581 | Rehbock v. Ameriquest Mortgage Co, Inc. | Lindberg |
| 06 C 1691 | Jude, et al. v. Ameriquest Mortgage Co, Inc. | Andersen |

# APPENDIX B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRY TALLEY and CHERYL TALLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | 05 C 1080 |
| | ) | |
| v. | ) | Judge John Darrah |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Magistrate Judge Soat Brown |
| DEUTSCHE BANK NATIONAL TRUST and | ) | |
| AMC MORTGAGE SERVICES, INC. | ) | Reassigned to Judge Aspen |
| | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

### AFFIDAVIT OF CHERYL TALLEY

I, Cheryl Talley, state that the following facts contained in this affidavit are true and correct, are within my personal knowledge, and if called upon to testify in Court to the following, I would do so:

1.  I am a plaintiff in this case. The other plaintiff is my husband, Terry.

2.  Since April, 2006, Terry and I have been experiencing serious financial hardship and emotional stress. Because of this, we have asked our attorneys to try to resolve our mortgage case as soon as possible, whether through settlement or judgment.

3.  Since April 17, 2006, when both of his ankles gave out due to the loss of all cartilage, Terry has been completely unable to perform his job. Many years ago, Terry was diagnosed with Degenerative Rheumatoid Arthritis, and the condition has become progressively worse, especially in his ankles.

1

4.      For the last 28 years, Terry had worked for Commonwealth Edison as a Crew Leader of substation construction, a physically demanding job. Terry's doctors have advised him that even a reassignment to a desk job at ComEd would be too much for him. He walks and drives short distances only with the aid of orthotic devices and with great difficulty and pain. Terry's doctors' prognosis for his condition is that it will only grow worse.

5.      I handle the finances for our household. Prior to April, 2006, Terry's net monthly income, with overtime and double time pay, ranged from $4,000 - 6,000 per month. For years, Terry's annual income has been approximately 30% higher than his annual base pay because of the amount of overtime that he worked. We counted on this extra income to meet household expenses.

6.      Since April, 2006, Terry has been on disability pay, which is only 87% of his former base pay of $34.22 per hour. Worse, because Terry can no longer work, he has lost the ability to earn any overtime or double time pay.

7.      I also work outside of the home, but with the reduction in Terry's salary, our combined income is not enough to meet monthly expenses.

8.      Our current, total monthly expenses are approximately $7,727.52. With the reduction in Terry's income, our combined monthly net income is approximately $6,040.00. We have reduced and are reducing our monthly expenses as much as possible, but we are now one payment behind on our mortgage payment with Ameriquest. With every month that passes, we are falling a little further behind.

9.      We have considered selling or refinance our Ameriquest loan but are leery of doing so before our case is resolved because we understand that doing so may

2

compromise our Truth-in lending rescission claim. (In any event, a refinance will not reduce the amount of our monthly payment.)

10.     Terry and I both are experiencing significant emotional stress and worry because of our financial situation. Compounding our stress and the stress on our relationship, I spend about five hours per day commuting from our home 100 miles West of Chicago to my job in downtown Chicago. I have been looking for a job closer to home, but the salary levels in Rockford and the surrounding area are substantially less than my current salary, and we cannot afford a further reduction in income. For the last couple months, I have been prone to crying spells almost daily, and my temper has been on edge. I am exhausted from the combination of work, commuting, helping to take care of Terry, and managing our financial situation. I am taking anti-anxiety drugs to try to manage my stress.

11.     We would like to resolve our case with Ameriquest as soon as possible. A reduced monthly payment, whether achieved through a settlement or judgment for rescission, would improve our financial situation significantly.

12.     Through our attorney, we made a settlement demand on September 8, 2006. However, in the event our demand is not accepted or negotiations do not produce a settlement, we would like our attorney to be able to move for summary judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

3

Executed on September 8, 2006

Cheryl Talley
Cheryl Talley

Subscribed and sworn before me
this 8th day of Sept , 2006.

Lisa D. Stroud
Notary Public

Official Seal
Lisa D. Stroud
Notary Public State of Illinois
My Commission Expires 11/19/07

4

# APPENDIX C

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
Phone: 312/739-4200
Fax: 312/419-0379

VIA FACSIMILE AND U.S. MAIL

September 8, 2006

Jonathan Ledsky
Varga, Berger, Ledsky, Hayes & Casey
224 S. Michigan Avenue, #350
Chicago, IL 60604
(Fax: 312-341-9400)

RE:     Talley v. Ameriquest, et al., 05 C 1080 (N.D.Ill.)
        ECLG #13891

Dear Jon:

I am writing to open settlement discussions in this case and communicate plaintiff's demand and the plaintiffs' desire to settle this case.

In my review of the case and the evidence, this is a good case for the plaintiffs to take to summary judgment, especially in the MDL. I will briefly address just two of the four alleged TILA violations. First, the closing agent, Sean McKee, admitted at his deposition that he gave undated notices of right to cancel to plaintiffs (as well as other borrowers). Second, the documents - as well as the closer's damaging testimony against Ameriquest - make it very clear that Ameriquest changed the deal long after closing and that the plaintiffs were not notified of the final loan terms, which fact renders all of the TILA disclosures misdated. Finally, in this case, because of the month delay in funding and disbursement, the Talleys have actual monetary damages as well as damage to their credit records.

Nevertheless, my clients, who are currently experiencing some financial distress, would like to resolve their case as soon as possible rather than wait for the time it will take for the case to be decided on summary judgment.

Therefore, the Talleys will give a release of claims and dismiss their case with prejudice, if Ameriquest agrees to a loan modification on the following terms:

(1) $43,000 reduction in principal;

(2) payment of their outstanding taxes in the approximate amount of $8,000;

1

(3) $2,000 to compensate them for actual financial and credit damage;

(4) reduction of the interest rate to 5.75% fixed;

(5) new 30-year term;

(6) payment of plaintiffs' attorney's fees actual time and expense in the case of $23,640. This represents a fraction of what plaintiff's fees will be if they have to brief summary judgment.

(7) Full execution and implementation of settlement within 30 days of reaching an agreement in principle, with liquidated damages equal to the value of the attorney time and expense it takes to enforce a prompt implementation. Time is of the essence to my clients.

I point out that, if the Talleys prevailed on summary judgment today, they would recover $111,935.46 in rescission reimbursements and statutory damages for failure to rescind. This does not count any amounts for actual damages or for attorney's fees and expenses. Thus, you can see that, in the interest of a quick settlement, the plaintiffs are offering a substantial discount that, fortunately for Ameriquest in my opinion, does not reflect the strengths of their case and that, I believe, Ameriquest would be wise to accept.

Because time is of the essence to my clients, they must have a response to this offer by no later than **September 22, 2006.**

In the meantime, the Talleys intend to move for a lifting of the MDL stay as to their case, so that, in the event no settlement is reached by September 22, they will be in a position to file a motion for summary judgment quickly. In the event that plaintiffs move for summary judgment, they will of course produce Mr. Talley for his deposition promptly and well in advance of the due date of defendants' summary judgment response. (You will recall that his deposition was scheduled for the afternoon of the day on which Judge Aspen entered the stay order, then postponed by agreement in light of the imposition of the stay.)

Please communicate this offer to your client immediately. Once again, time is of the essence to my clients.

This letter is intended for settlement purposes only and may not be used for any other purpose.

Very truly yours,


Al Hofeld, Jr.

Cc: clients

2

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
Phone: 312/739-4200
Fax: 312/419-0379

<u>VIA FACSIMILE AND U.S. MAIL</u>

September 12, 2006

Bernard E. LeSage
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(Fax: 213-896-0400)

> RE:     <u>Talley v. Ameriquest, et al.</u>, 05 C 1080 (N.D.Ill.)
>         ECLG #13891

Dear Mr. LeSage:

I enclose a copy of a settlement demand letter we sent last week to Ameriquest's local counsel in Chicago, the Varga firm. We have had no response as of yet.

The letter concerns the case that Tara Goodwin of our office mentioned to you during your phone conference yesterday with she and Dan Harris. The plaintiffs are experiencing financial distress, and, simultaneous with drafting a reasonable offer of settlement, we have drafted a motion to lift the stay as to this case.

The matter is urgent to our clients, and we request that you communicate with Ameriquest prior to our settlement meeting in Chicago on Thursday, September 14, in order to see if this matter can be resolved quickly.

Once again, the matter is urgent to our clients.

Very truly yours,

Al Hofeld, Jr.

## Al Hofeld

**From:** Al Hofeld

**Sent:** Friday, September 15, 2006 3:55 PM

**To:** blesage@buchalter.com; 'Jonathan Ledsky'

**Cc:** 'DTiberend@ameriquest.com'; 'Cvarga@vblhc.com'

**Subject:** Talley v. Ameriquest

Dear Jon and/or Bernie,

I am following up on our in-person meeting yesterday with a reminder to respond to the settlement demand in this case within the next couple days. My clients regard it as urgent. We have drafted a motion to lift the stay based on financial. We will hold off on filing for a couple more days.

Thanks,

Al Hofeld, Jr.
312-917-4515