# APPENDIX D

Order Form (01/2005)   Case 1:05-cv-01080   Document 27   Filed 01/18/2006   Page 1 of 1

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 1080 | **DATE** | 1/18/2006 |
| **CASE TITLE** | Talley vs. Ameriquest Mortgage Company | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file a second amended complaint is granted. Response to be filed by 2/2/06. Discovery is reopened and ordered closed on 4/4/06. Pretrial order to be filed by 4/11/06. Rule to show cause as to K. Sean McGhee why he should not be held in civil contempt of Court for failure to comply with a subpoena for deposition is entered and continued to 1/31/06 at 9:00 a.m.

00:05

| | Courtroom Deputy Initials | MF |
|---|---|---|

# APPENDIX E

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 2.5
### Eastern Division

Ameriquest Mortgage Company, et al.

                           Plaintiff,

v.

Ameriquest Mortgage Company

                           Defendant.

Case No.: 1:05-cv-07097
Honorable Marvin E. Aspen

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, April 4, 2006:

      MINUTE entry before Judge Marvin E. Aspen dated 4/4/06: Motion hearing held. Defendants' motion and amended motion for reassignment of related cases is granted in part and denied in part. The court accepts the cases proposed by defendants except for the following: 05 C 1687 Abercrombie v. Argent (J. Filip); 05 C 389, Hubbard v. Ameriquest (J. Filip); 05 C 1007, Washington v. Ameriquest, (J. Coar); 05 C 432, Jones v. Ameriquest, (J. Coar); 05 C 4709, Lemmons v. ameriquest, (J. Kendall); 05 C 5024, Payne v. Ameriquest, (J. Nolan); 05 C 4696, Zarate v. Ameriquest, (J. Keys); and 05 C 466, Tammerello v. Ameriquest, (J. Coar). Plaintiffs' cross-motion for reassignment of related cases is granted. ((79, 88, 92 & 99). Motions terminated. As previously ordered, discovery is stayed as to the pending cases before Judge Aspen. The stay of discovery also applies to the new cases just reassignd and accepted by Judge Aspen. For those cases any other cases not transferrred to Judge Aspen, discovery is not stayed and the parties must abide by existing discovery and briefing schedules set by the respective judges in those cases.Judicial staff mailed notice(gl, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# APPENDIX F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRY TALLEY and CHERYL TALLEY, ) | |
| ) | |
| Plaintiffs, ) | 05 C 1080 |
| ) | |
| v. ) | Judge John Darrah |
| ) | |
| AMERIQUEST MORTGAGE COMPANY, ) | Magistrate Judge Soat Brown |
| DEUTSCHE BANK NATIONAL TRUST and ) | |
| AMC MORTGAGE SERVICES, INC. ) | |
| ) | |
| ) | **JURY DEMANDED** |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs Terry Talley and Cheryl Talley bring this action against a "subprime" mortgage lender to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendant does business in the District and is deemed to reside here.

### PARTIES

3. Plaintiffs own and reside in a home at 1577 Deer Path Lane, Franklin Grove, IL 61031.

1

4.  Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606. It is engaged in the business of originating "subprime" mortgages and makes more than 26 loans per year.

5.  Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does business in Illinois. It is engaged in the business of buying "subprime" mortgage loans on Illinois properties.

6.  Defendant AMC Mortgage Services, Inc. ("AMC"), is a Delaware Corporation with its principal place of business in Orange, CA. It does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 West Adams Street, Chicago, IL, 60606.

7.  Defendants Ameriquest and AMC are corporate affiliates.

### FACTS RELATING TO PLAINTIFFS

8.  Prior to Sept. 30, 2003, plaintiffs applied for a mortgage loan with Ameriquest.

9.  Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

10. Plaintiffs signed or received the following documents relating to the loan, which was dated Sept. 30, 2003:

   a.  Note, Exhibit A;

   b.  Mortgage, Exhibit B;

   c.  A Truth in Lending disclosure statement, Exhibit C;

2

d.  Multiple copies of two different notices of right to cancel, <u>Exhibits D and E</u>, of which <u>Exhibit D</u> was not completed.

11. Although plaintiffs signed closing documents on or about September 30, 2003, Ameriquest or its agent did not fund the loan or disburse the loan proceeds until on or about November 5, 2003.

12. Plaintiffs repeatedly inquired about the delay. Ameriquest representatives gave them various excuses and told them the loan would be funded promptly.

13. Due to the delay, plaintiffs were damaged when Ameriquest or its agent did not promptly pay plaintiffs' creditors, including their prior mortgagee. Plaintiffs incurred adverse credit reporting as well as late fees and interest charges as a result. Plaintiffs sought redress with Ameriquest directly at the time but were ignored.

14. Ameriquest and its agent also changed the disbursements for the loan did not bother to notify plaintiffs of changes until December 15, 2003.

15. As a result, the loan terms were not agreed to until December, and all of Ameriquest's TILA disclosures to plaintiffs are misdated.

16. Ownership of plaintiffs' loan was later transferred to defendant Deutsche Bank. Deutsche Bank is the present holder of the loan.

17. Defendant Ameriquest subsequently transferred servicing of plaintiffs' loan to defendant AMC. AMC is the present servicer of the loan.

### **RIGHT TO RESCIND**

18. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to

3

cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) <u>Consumer's right to rescind.</u>
>
>> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>>
>> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>>
>> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>>
>> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>> (2) The consumer's right to rescind the transaction.
>>
>> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

4

   **(4) The effects of rescission, as described in paragraph (d) of this section.**

   **(5) The date the rescission period expires. . . .**

**(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:**

   **(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

   **(2) A credit plan in which a state agency is a creditor.**

## GROUNDS FOR RESCISSION

19. The payment schedule is not fully and completely disclosed on <u>Exhibit C</u>.

20. Because the dates are not filled in, <u>Exhibit D</u> does not clearly and conspicuously inform plaintiffs of their right to cancel;

21. <u>Exhibit E</u> detracts from and obfuscates <u>Exhibit D</u>. <u>Exhibit E</u> suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees, or the procedural protections of §1635. It also provides for a different method of counting days and requires actual receipt of the notice by Ameriquest within the specified time.

22. In addition, <u>Exhibit D</u> does not clearly and conspicuously inform plaintiffs of their right to cancel because it suggests the transaction date was September 30, 2003. In fact, the transaction was not consummated until later, when the final disbursements were agreed upon. The TILA Disclosure Statement (Exhibit C) was similarly misdated.

23. Proper notice of right to cancel would have informed plaintiffs of their right

5

to cancel within three business days of the date they received notification of the changes-in disbursements, on or about December 15, 2003.

24.  15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

## VIOLATIONS ALLEGED

25.  The failure to fully and completely disclose the payment schedule violates 15 U.S.C. §1638 and 12 C.F.R. §226.28.

26.  The provision of incomplete notices of the right to cancel, the provision of inconsistent and confusing notices of right to cancel and the misdating of the TILA documents violates 15 U.S.C. §1635 and 12 C.F.R. §226.23.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

    a.  A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendant;

    b.  Statutory and actual damages for the underlying disclosure violations;

    c.  If appropriate, statutory damages for failure to rescind;

    d.  Attorney's fees, litigation expenses and costs.

    e.  Such other or further relief as the Court deems appropriate.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiffs demand trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

i:\case\ameriquest-talley13.891\pleading\cmplt.wpd

7