IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| CAMILLE J. GBUREK, | ) | |
| | ) | |
| Plaintiff, | ) | Lead Case 05 C 0797 |
| | ) | |
| v. | ) | JURY DEMANDED |
| ARGENT MORTGAGE, WMC MORTGAGE | ) | |
| GRAND MORTGAGE, RESIDENTIAL PLUS | ) | 06 C 2639 |
| MORTGAGE CORP., ABRAHAM BEDDAOUI | ) | |
| JPMORGAN CHASE BANK, N.A., FV-1 INC. | ) | |
| MORTGAGE ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, INC., | ) | |
| Defendants. | ) | |

## GBUREK'S RESPONSE TO ARGENT'S
## MOTION TO REASSIGN CASE

Plaintiff, Camille Gburek, respectfully submits the following response to Argent's Renewed Motion for Reassignment.

1. Camille Gburek has no objection to the assignment of this case to the MDL docket provided all claims and defendants in the case remain joined before the same court.

2. Plaintiff is a sixty four year old women who lives by herself on very limited income. She has asserted claims against mortgage lenders Argent Mortgage, WMC Mortgage, and various mortgage brokers for violations of the Truth in Lending Act, namely that the Notice of Right to Cancels that plaintiff was furnished are incomplete. Plaintiff seeks to rescind three residential mortgage loans for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

3. Defendants Argent Mortgage and WMC Mortgage are national lenders.

4. Plaintiff's claims against WMC Mortgage are essentially the same as her claims against Argent Mortgage and incorporate similar arguments as well as related facts. As such, it is appropriate for the cases to proceed together before the same court.

5. Plaintiff cannot effectively pursue relief if her claims are split among various courts as she would require judgment or settlement against all parties to effectuate recision against WMC. For example, Ms. Gburek is seeking the $8,160.00 origination fee, $1,586.78 interest charged at closing, other finances charges incurred at closing of $1,413.00, the finances charges including interest and late fees over the life of the loan as well as the $25,000.00 prepayment penalty paid. These monies would be needed to effectuate recision.

6. Severing Plaintiff's claims against the individual brokers and mortgage lenders will not promote equity and efficient justice because it will require her to duplicate her efforts. *See United States ex rel. Finks v. Huda*, 205 F.R.D. 225, 228 (D. Ill. 2001) (refusing to sever single defendant-doctor from joint action against several doctors for a series of fraudulent claims in order to promote trial convenience).

Respectfully Submitted:
For Plaintiff

/s/ Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Elizabeth Monkus
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St. Ste. 2000
Chicago, Il 60606
312.726.1092
312.726.1093 (Fax)