IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | **MDL NO. 1715**<br><br>LEAD CASE NO. 05-C-7097<br><br>JUDGE MARVIN E. ASPEN |
| THIS DOCUMENT RELATES TO:<br><br>CAMILLE J. GBUREK,<br><br>      Plaintiff,<br><br>  v.<br><br>ARGENT MORTGAGE, WMC MORTGAGE, GRAND MORTGAGE, RESIDENTIAL PLUS MORTGAGE CORP., ABRAHAM BEDDAOUI, JPMORGAN CHASE BANK, N.A., FV-1 INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>      Defendants. | Case No. 06 C 2639 |

### DEFENDANT WMC MORTGAGE CORP.'S REPLY TO PLAINTIFF GBUREK'S RESPONSE TO MOTION FOR REASSIGNMENT

Plaintiff Camille Gburek seeks to conditionally consent to reassignment of her case (Case No. 06-C-2639) to this Court. The condition she imposes is that all of the defendants remain joined in the same action and that the case not be severed. Defendant WMC Mortgage Corp. ("WMC") replies for the sole purpose of objecting to this conditional consent and to reserve its right to seek a severance of the claims brought against it from those brought against Defendant Argent Mortgage.

387780.1 051860-38121

## Background

Plaintiff Gburek filed her six count complaint on May 11, 2006, asserting claims for alleged violations of the Truth in Lending Act and under the Illinois Consumer Fraud Act, as well claims for breach of fiduciary duties against the mortgage brokers. The claims arise out of two separate mortgage transactions. The first mortgage loan, which is the subject matter of Counts I through III of the Complaint, was funded by Argent Mortgage on February 9, 2004 and was subsequently paid off by another refinancing. Defendant WMC Mortgage played no role in the Argent loan transaction. The second loan transaction involved two mortgage loans totaling $563,000, which were funded by WMC Mortgage. Plaintiff has not made a single payment of principal or interest on either of the WMC-originated loans.

## Argument

Plaintiff's attempt to condition her consent upon the stipulation that the claims made in her complaint not be severed is improper because (1) there is no motion for severance before the Court; (2) all of the necessary parties who may wish to be heard on this matter have not been joined; and (3) finally, a severance of the claims is merited.

First, it is improper to foreclose a possible severance without a proper hearing. Under Federal Rule of Civil Procedure 21, ". . . Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Allowing Plaintiff to condition her consent upon the stipulation that the claims never be severed would deny the Defendants the right to bring a motion under Rule 21 without any hearing on the merits. Moreover, it would deprive the Court the ability to the discretion it is afforded under Rule 21 to drop, add or sever claims "of its own initiative."

Second, determining now, without proper hearing, whether or not Plaintiff's claims can be severed, is premature because at least one of the necessary parties—the current holder of the note and mortgage—Homecomings Bank—has not been made a party. During the proceedings before Judge Castillo and Magistrate Judge Brown, it was determined that the WMC-originated loans were now held by Homecomings Bank. (JPMorgan Chase N.A. is currently joined as the holder of the loans.) Thus, to the extent that Plaintiff seeks rescission of the WMC-originated loans, Homecomings will need to be made a party.[1] Whoever holds the notes and mortgages may certainly wish to untangle this completely unrelated litigation from the Ameriquest MDL litigation in order to resolve these claims and recover either the property by foreclosure, or the loan amounts through sale of Plaintiff's home.

Third, standing alone, the claims arising out of the WMC loans are completely unrelated to the Argent loans and should be severed. The claims do not arise from the same set of facts. Each of the rescission claims turns on whether Ms. Gburek received a notice of her right to rescind at the time of the separate closings. In other words, two separate events involving different documents and witnesses. There are no overlapping facts. Likewise, the consumer fraud claims turns exclusively on the facts and circumstances of the each loan transaction and whether or not the compensation paid to the mortgage broker was reasonable. Thus, the two sets of claims do not involve the same parties nor arise out of the same set of facts.

To the extent Plaintiff wishes to argue that the cases are related because they involve the same legal issue, it is also unavailing. It is true that the Court will be applying the same law to these claims. But this cannot be a basis for reassignment. Otherwise, this Court would be required to hear every single TILA rescission claim based on an alleged failure to provide

---

[1] It is possible, however, that WMC may be required to repurchase the loans from Homecomings. At this point, this has not occurred.

written notice of the mortgagor's right to rescind. Clearly, the identity of legal issues alone does not justify reassignment or denial of a severance.

## Conclusion

Wherefore, WMC Mortgage Corporation respectfully requests that any order by the Court transferring this case to the MDL shall not be conditioned on barring the Defendants from seeking a severance at a later date; or providing in the order that the Defendants' rights under Federal Rule of Civil Procedure 21 are preserved.

Dated: September 29, 2006  Respectfully submitted,

WMC MORTGAGE

By: /s//Patrick T. Stanton
       Attorney for Defendant

Patrick T. Stanton (6216899)
Edward S. Weil (61941910)
Robert Anguizola (6270874)
Schwartz Cooper Chartered
180 North La Salle, Suite 2700
Chicago, IL  60601
(312) 346-1300

387780.1 051860-38121                         4