RODDY KLEIN & RYAN
Attorneys at Law

727 Atlantic Ave., 2nd Floor
Boston, Massachusetts 02111

Gary Klein

Tel. (617) 357-5500 x 15
Fax (617) 357-5030
www.roddykleinryan.com
klein@roddykleinryan.com

September 21, 2006

*By Mail and Facsimile: 781. 246. 8994, 213. 630. 5714*

Steven A. Ablitt, Esq.
Arthur F. Ashton, Esq.
Ablitt & Charlton, P.C.
92 Montvale Avenue, Suite 2950
Stoneham, Massachusetts 02180

    Re: <u>Karen E. Dudeck</u>
         <u>55 1st Street Unit 3</u>
         <u>Boston, MA 02127</u>
         <u>Foreclosure Sale Date: September 21, 2006 at 2:00 p.m.</u>

Dear Mr. Ablitt:

    I am writing to confirm a conversation that I had with Mr. Ablitt this morning concerning the foreclosure sale scheduled on the above referenced property for later today. Mr. Ablitt informed me that Ameriquest complied with the Truth in Lending Act ("TILA") and therefore refuses to postpone the foreclosure sale.

    Ameriquest's position on this issue is incorrect and I ask again that Ameriquest postpone the auction, at least temporarily, to review this matter. I note that Ameriquest has done so in every other case on these facts that has been brought to its attention by this office. If the sale is conducted, you must alert bidders at the auction (and any potential title insurer) that Ms. Dudeck contends that the mortgage being foreclosed is void pursuant to M.G.L. 140D, § 10(b).

    I remind you that provision of an incomplete notice of right to cancel is grounds for rescission under TILA. Completeness includes providing the last date available to cancel. 12 C.F.R. § 226.23(a)(1)(v). See *Semar v. Platte Valley Fed. Sav. & Loan Assn.*, 791 F.2d 699, 701 (9th Cir. 1986) (violation to provide a notice that does not include the last date to cancel); *Williamson v. Lafferty*, 698 F.2d 767, 768 (1983) (incomplete notice of right to cancel violates TILA); *Conner v. Moss, Codilis, Stawiarski Morris, Schneider*

*Karen Dudeck*
*September 21, 2006*
*p. 2 of 2*

*& Prior, LLP*, NO. 03 C 904, 2003 WL 21267093, *2 (N.D.Ill. Jun 02, 2003) (incomplete notice).

As the TILA makes clear, the documents delivered to a consumer are required to be complete and accurate. 15 U.S.C. § 1635(a) (requiring "delivery" of the appropriate form); 12 C.F.R. § 226.23(b)(1) (delivered documents must contain, *inter alia*, the date the rescission period expires). *See also* 12 C.F.R. § 226.17(a) (disclosures must be made "in a form that the consumer may keep.") As such, your position that Ameriquest has a completed copy of the notice in its file is legally irrelevant. As demonstrated by the enclosure to the September 19, 2006 rescission letter from my office to Ameriquest, Ms. Dudeck received an incomplete form. The form *received by Ms. Dudeck controls the question of what was delivered to her*.

Ms. Dudeck's rescission rendered Ameriquest's security interest void pursuant to M.G.L. c. 140D § 10(b), 209 C.M.R. § 32.23(4). Therefore, no security interest currently exists upon which Ablitt & Charlton, P.C. can foreclose on behalf of Ameriquest.

We therefore request that you take all steps necessary to cancel today's foreclosure sale. If Ablitt & Charlton proceeds with its plan to conduct the sale on a void mortgage, in light of its notice of the voidness of the mortgage, I will advise Ms. Dudeck of the substantial legal rights she has to pursue claims to set aside the sale and for consequential damages.

Thank you for your time and attention to this matter.

Sincerely,

Gary Klein

Enclosure
cc: Karen Dudeck
    Bernard LeSage, Esq

**ABLITT & CHARLTON, P.C.**
92 Montvale Avenue, Suite 2950
Stoneham, Massachusetts 02180
Telephone: 781-246-8995
Facsimile: 781-246-8994
www.acdlaw.com

Steven A. Ablitt
Robert F. Charlton
William J. Amann
Arthur F. Ashton
Deirdre E. Cavanaugh
Gabriella Kiraly

Sender's e-mail:
aashton@acdlaw.com

September 21, 2006

Attorney Gary Klein
Roddy Klein & Ryan
727 Atlantic Ave. 2nd Floor
Boston, MA 02111

   RE: <u>Karen E. Dudeck</u>
      <u>55 I St. Unit #3</u>
      <u>Boston, MA 02127</u>
      <u>Foreclosure Sale Date: September 21,2006 at 2:00 pm</u>

Dear Attorney Klein,

  After careful review of your allegations contained in your September 19, 2006 letter, we feel that your position in regards to Ms. Dudeck's right of Rescission is unsubstantiated. Upon the examination of the Notice of Right to Cancel contained in the Mortgage origination file, it has been determined that all necessary dates are present and your client signature appears on said notice.

  We feel that we are in compliance with all laws and regulations pertaining to the foreclosure sale of the property located at <u>55 I St. Unit #3 Boston, MA 02127 Scheduled for: September 21,2006 at 2:00 pm.</u> All evidence tends to show that we have a valid right to foreclose pursuant to the terms of the mortgage. Absent an affirmative act or Court Order staying the scheduled foreclosure proceedings, we intend to move forward with the scheduled sale.

  Enclosed, please find a copy of the Notice of Right to Cancel provided by the Lender. Should you have any questions, please feel free to contact us.

                             Best Regards,

                             Arthur F. Ashton, Esq