IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br> _____ <br><br> THIS DOCUMENT RELATES TO: <br> *APPLEGATE, et al. v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-4867; *BARLETTA v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-4560; *BLACK, et al. v. ARGENT MORTGAGE CO., LLC, et al.*, Case No. 06-4418; *BRICKER, et al. v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-4528; *CALDER v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-5146; *CASHEN, et al. v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-4683; *CLARKE, et al. v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-4201; *CLEVELAND v. AMERIQUEST MORTGAGE CO.*, Case No. 06-4306; *GAJEWSKI v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-3050; *GELMAN, et al. v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 0604684; *GERBIG, et al. v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-4868; *HARRIS, et al. v. TOWN & COUNTRY CREDIT CORP., et al.*, Case No. 06-3048; *KESSLER v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-4999; *KING SMITH v. TOWN & COUNTRY CREDIT CORP., et al.*, Case No. 06-3704; *LAPPIN, et al. v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-5147; *LEACH v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-5000; *SOLNIN, et al. v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-4866; *THIBODEAU, et al. v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-5148; and *WARREN v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 06-4415 | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) <br><br> [Notice of Presentment, Joint Motion, Appendix of Complaints, Declaration of Bernard E. LeSage and [Proposed] Order filed concurrently herewith] |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
FOR REASSIGNMENT OF CASES**

1

BN 1005853v2

## I. INTRODUCTION

Pursuant to Northern District of Illinois Local Rule 40.4(c), Plaintiffs and Defendants (collectively, the "Parties") in the following actions (collectively, the "Actions") hereby seek reassignment of the Actions to this Court for pretrial proceedings along with the other actions in this multidistrict litigation ("MDL") proceeding:[1]

- *Applegate, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4867 (Leinenwever, J.);
- *Barletta v. Ameriquest Mortgage Co., et al.*, Case No. 06-4560 (Kendall, J.);
- *Black, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 06-4418 (Lefkow, J.);
- *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (Manning, J.);
- *Calder v. Ameriquest Mortgage Co., et al.*, Case No. 06-5146 (Grady, J.);
- *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4683 (Kennelly, J.);
- *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4201 (Manning, J.);
- *Cleveland v. Ameriquest Mortgage Co.*, Case No. 06-4306 (Kendall, J.);
- *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 06-3050 (Filip, J.);
- *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 0604684 (Conlon, J.);
- *Gerbig, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4868 (Pallmeyer, J.);
- *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 06-3048 (Filip, J.);
- *Kessler v. Ameriquest Mortgage Co., et al.*, Case No. 06-4999 (Norgle, J.);
- *King Smith v. Town & Country Credit Corp., et al.*, Case No. 06-3704 (Pallmeyer, J.);
- *Lappin, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5147 (Der-Yeghiayan, J.);
- *Leach v. Ameriquest Mortgage Co., et al.*, Case No. 06-5000 (Gettleman, J.);
- *Solnin, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4866 (Conlon, J.);
- *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5148 (Darrah, J.); and
- *Warren v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (Andersen, J.).

---

[1] Copies of the operative complaints in the Actions are attached to the Appendix filed concurrently herewith.

BN 1005853v2

As further detailed below, reassignment of the Actions is warranted here for two reasons. First, each of the Actions is "related" under Local Rule 40.4(a) to one or more actions in this MDL proceeding. Plaintiffs in each of the Actions contend that Defendants violated the Truth-in-Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA"), by failing to provide them with proper notice of their rescission rights. There presently are more than 150 actions in this MDL proceeding that advance the same allegations.

Second, all of the conditions for reassignment of the Actions under Local Rule 40.4(b) are satisfied here. That is, each of the Actions is pending before another judge in this District; the handling of each of the Actions by this Court will result in a substantial saving of judicial time and effort; each of the Actions was recently filed and has not progressed to the point where reassignment would be likely to delay the proceedings therein substantially; and each of the Actions and the actions in this MDL proceeding are susceptible to disposition in a single proceeding because they have substantial areas of overlap. Accordingly, the Parties respectfully request that this Court grant the Motion in its entirety.

## II.   ARGUMENT[2]

To have a case reassigned based on relatedness, the movant must satisfy both Local Rule 40.4(a) and (b). *Donahue v. Elgin Riverboat Resort*, No. 04 C 816, 2004 WL 2495642, at *2 (N.D. Ill. Sept. 28, 2004). This Court has the sound discretion to reassign a case under Local Rule 40.4. *Clark v. Ins. Car Rentals Inc.*, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999).

Local Rule 40.4(a) provides that cases are "related" if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law, (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same. Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related." *Fairbanks Capital Corp. v. Jenkins*, No. 02-C-3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002). Rather, it is enough that the two cases "involve *some* of the same issues of fact or law." *Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc.*, No. 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003) (emphasis in original).

---

[2] The Parties have set forth a complete procedural history of this MDL proceeding in numerous filings before the Court, including the memoranda of law in support of their previous motions for reassignment of cases. For the sake of economy and convenience, the Parties do not repeat that history herein, but rather incorporate it from their previous filings. [*See, e.g.*, Docket Nos. 81, 99, 114, 145, 150 and 223.]

Once the cases have been found to be related, Local Rule 40.4(b) imposes four additional conditions that must be satisfied before a case may be reassigned: (1) both cases must be pending in the Northern District of Illinois; (2) reassignment must result in a substantial saving of judicial time and effort; (3) the earlier case must not have progressed to the point where designating the cases as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases must be susceptible of disposition in a single proceeding. As demonstrated below, reassignment of the Actions satisfies the requirements of Local Rules 40.4(a) and (b), and the Court should grant the Motion.

A. **Each Of The Actions Is "Related" Under Local Rule 40.4 To Many Actions In This MDL Proceeding.**

In each of the Actions, Plaintiffs allege that Defendants violated TILA by failing to provide them proper notice of their rescission rights. Presently, there are more than 150 actions in this MDL proceeding that involve allegations that Defendants violated TILA by failing to provide borrowers with proper notice of their rescission rights. [Declaration of Bernard E. LeSage, ¶ 2.] Accordingly, each of the Actions is "related" to these actions within the meaning of Local Rule 40.4(a).

B. **All Of The Conditions For Reassignment Of The Actions Under Local Rule 40.4(b) Are Satisfied Here.**

All of the conditions for reassignment of the Actions under Local Rule 40.4(b) are satisfied here. To begin with, each of the Actions is pending before other judges in this District.

Furthermore, the handling of the Actions by this Court will result in a substantial saving of judicial time and effort. Among other things, reassignment of the Actions to this Court will allow one judge to decide whether Defendants violated the same law (TILA) based on similar purported conduct (failing to provide proper notice of rescission rights). This will avoid the risk of inconsistent rulings and multiple appeals, should several judges rule on this issue. Indeed, the Seventh Circuit Court of Appeals has criticized judges of this Court for permitting separate lawsuits involving similar claims and the same defendants to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals. *See, e.g., Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 513 (7th Cir. 1999).

Moreover, the Actions all were filed in June 2006 or thereafter and none has progressed to the point where designating it related would be likely to delay the proceedings therein

4

substantially.  Finally, the Actions and the actions presently in this MDL proceeding are susceptible to disposition in a single proceeding because they all assert similar legal claims under TILA.  Accordingly, the Court should reassign the Actions to this Court for pretrial proceedings along with the other actions in the MDL proceeding.

///

///

///

### III.     CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant the Motion in its entirety.

Dated: October 13, 2006                         By: /s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

BN 1005853v2

| | |
|---|---|
| Dated: October 13, 2006 | By: /s/ Daniel A. Edelman |
| | *Attorneys for Certain Plaintiffs* |
| | Daniel A. Edelman, Esq.<br>EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC<br>120 S. LaSalle Street, 18th floor<br>Chicago, IL 60603-3403 |
| DATED: October 13, 2006 | By: /s/ Bernard E. LeSage |
| | *Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.* |
| | Bernard E. LeSage, Esq.<br>BUCHALTER NEMER, a P.C.<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-2457 |
| DATED: October 13, 2006 | By: /s/ Thomas J. Wiegand |
| | *Attorneys for Argent Mortgage Company, LLC* |
| | Thomas J. Wiegand, Esq.<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601-9703 |

6