**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

**DECLARATION OF BERNARD E. LESAGE IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS TERRY TALLEY AND CHERYL TALLEY'S
MOTION TO LIFT STAY**

I, Bernard E. LeSage, declare as follows:

1.      I am a shareholder of the law firm of Buchalter Nemer, a Professional Corporation ("Buchalter"), counsel for defendant Ameriquest Mortgage Company ("Ameriquest") and the other defendants in the above-captioned litigation. I state that the records and documents referred to in this Declaration constitute writings taken or made in the regular or ordinary course of business of Buchalter at or near the time of the act, condition or event to which they relate by persons employed by Buchalter who had a business duty to Buchalter to accurately and completely take, make and maintain such records and documents. I make this Declaration in support of Ameriquest's Opposition to Plaintiffs Terry Talley and Cheryl Talleys' (collectively, the "Talleys") Motion to Lift Stay. I know the following to be true and if called upon to testify, I could and would competently testify to the truth of the matters stated herein.

2.      From my review of Buchalter's records of this case, periodic reports and orders from the Clerk of the Judicial Panel on Multidistrict Litigation's ("MDL Panel"), and the records, proceedings, pleadings and orders in the instant In Re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation (the "Ameriquest Lending Practices MDL"), I state that

at the time I signed this declaration, there were at least 551 plaintiffs before this Ameriquest Lending Practices MDL who allege that they have a right to rescind their loans under the Truth in Lending Act ("TILA") based upon an allegedly non-compliant Notice of Right to Cancel ("NORTC"). Further, there are an additional 68 plaintiffs who also allege that they have a right to rescind their loans under TILA based upon an allegedly non-compliant NORTC whose cases have been identified to the MDL Panel as potentially related, and are therefore in the process of being transferred to this Ameriquest Lending Practices MDL. There are no fewer than fifteen purported class action complaints before this Ameriquest Lending Practices MDL which allege the right to rescind under TILA based upon allegations of non-compliant NORTC forms. The 551 plaintiffs have filed no fewer than one-hundred and fifty-six (156) complaints that have already been transferred to this Ameriquest Lending Practices MDL (some of which include multiple plaintiffs improperly joined) that allege the right to rescind under TILA by reason of a non-compliant NORTC. There are no fewer than an additional nineteen (19) complaints that allege the right to rescind under TILA by reason of a non-compliant NORTC that have been identified to the MDL Panel as potentially related cases and are therefore in the process of being transferred to this Ameriquest Lending Practices MDL. Finally, ninety-four (94) of the cases presently before this Ameriquest Lending Practices MDL allege (as do the Talleys) confusion over the federal TILA three day NORTC, and the One Week Cancellation Notice that Ameriquest also provides to its borrowers. Of these ninety-four (94) cases, ten (10) are putative class actions of which the Talleys would be potential members.

3.     Throughout the period of time that has been required to allow the MDL Panel to consider and transfer appropriate cases to this Ameriquest Lending Practices MDL, this office and in-house counsel for Ameriquest have engaged in active settlement discussions in individual cases that allege the existence of non-compliant NORTC forms ("Individual NORTC Cases") with members of Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") and other plaintiffs counsel, including but not limited to Daniel Harris, Esq. ("Harris Office").

4.     In the process of settling some of these Individual NORTC Cases with ECLG and the Harris Office, counsel agreed in principle that a Mediation Settlement Protocol that would apply to ALL the individual cases would accelerate and streamline settlement and reduce the related costs and attorneys fees. The general concepts that were agreed upon in principal, subject to formal documentation, were that (A) Defendants should have the right and opportunity to

include as cross-defendants all potentially culpable parties and their carriers; (B) all parties would exchange appropriate documents and information related to the charging allegations and defenses; (C) all parties would stay, but not waive, all formal motion practice and discovery pending the outcome of good faith mediation before an agreed upon mediator; (D) if the initial mediation was not successful either party could serve Rule 26 disclosures, seek approval from the mediator for additional limited discovery that the parties and mediator felt would help resolve the case and mediate one more time before resorting to formal court proceedings; and (E) in all events discovery would be limited to relevant depositions no more than four hours in length.

5.      On or about the early September time period, counsel began discussing the panoply of possible private mediators that would be acceptable by all parties. Attached hereto and incorporated herein by this reference as Exhibit 1 is a true and correct copy of a string of e-mails discussing possible private mediators.

6.      On September 14, 2006, I personally traveled to Chicago to meet face to face with Daniel Edelman and various members of his firm, and Daniel Harris and various members of his firm ("Face to Face Meeting") to flush out more specific terms and conditions for a mutually acceptable stipulation to stay of Individual NORTC Cases pending mediation (the "Mediation Stipulation") consistent with the broad general terms outlined above.

7.      On September 22, 2006, I circulated to all negotiating parties a first draft of a proposed Mediation Stipulation. A true and correct copy of my e-mail circulating the draft, and of the first draft itself, is attached hereto and incorporated herein by this reference as Exhibit 2. Exhibit "A" of the Mediation Stipulation lists the individual actions that are to be subject to the Mediation Stipulation. It is important to note for purposes of the instant Motion that the Talley case was listed on Exhibit "A" of the first draft of the Mediation Stipulation until taken off by ECLG on October 3, 2006 (See below Exhibit 10).

8.      On September 25, 2006, I received comments from both Daniel Harris and Daniel Edelman regarding the first draft of the Mediation Stipulation. Daniel Harris was in agreement with the terms of the draft and was potentially willing to help pay for some part of the costs of mediation which costs could be recouped in the event the case actually settled. Daniel Edelman's only comment to the first draft of the Mediation Stipulation was, "we are not paying any mediation fees" whether or not such mediation fees and costs were eventually recouped when the case actually settled. A true and correct copy of the string of e-mails to and from all

the negotiating parties over the issue of who initially paid for the costs and fees associated with mediation is attached hereto and incorporated herein as Exhibit 3.

9.    On September 27, 2006, by way of a proposed compromise, I sent to all negotiating parties a red-lined draft of the Mediation Stipulation proposing that Plaintiffs would only be required to contribute one third of the costs of mediation, if and only if, Plaintiffs rejected an offer of settlement from Defendants that the mediator specifically found to be fair and reasonable under all the facts and circumstances. A true and correct copy of my e-mail correspondence, including the Red Lined draft of the Mediation Stipulation, is attached hereto as Exhibit 4 and incorporated herein by reference. To avoid the cost of the mediator log jam, Daniel Edelman proposed that the parties instead stipulate to the Honorable Magistrate Denlow who would not charge the parties and thereby eliminate the issue of who should contribute to the cost of mediation. Attached hereto and incorporated herein by this reference as Exhibit 5 is a true and correct copy of the string of e-mails related to the issues related to the stipulation to mediate before the Honorable Magistrate Denlow.

10.    On September 29, 2006, I called Daniel Edelman and followed up with an e-mail confirming that Ameriquest would agree with Daniel Edelman's suggestion to use the Honorable Magistrate Morton Denlow. My only suggestion was that we create a "back-up" plan in the event that Judge Denlow was or became unavailable to handle some or all of the mediations. A true and correct copy of my September 29, 2006 e-mail is attached hereto as Exhibit 6 and incorporated herein by reference.

11.    On October 2, 2006, I sent both a red lined and signature ready version of the Mediation Stipulation to Mr. Edelman and all negotiating counsel via e-mail. A true and correct copy of my e-mail and the Mediation Stipulation are attached hereto as Exhibit 7 and incorporated herein by reference. I believed, as set forth in my e-mail, that we had accommodated all of Mr. Edelman's requested changes. Notably, at that time, Exhibit "A" to the Mediation Stipulation still included the instant Talley case as subject to the Mediation Stipulation protocol.

12.    On October 2, 2006, I received a facsimile from Mr. Edelman with other changes to the Mediation Stipulation which in summary confirmed that the Honorable Magistrate Morton Denlow would be the mediator. A true and correct copy of Mr. Edelman's facsimile and

4

notations to the red lined stipulation is attached hereto as Exhibit 8 and incorporated herein by reference.

13.     On October 3, 2006, the Harris Office sent revisions to Exhibit "A" to the Mediation Stipulation to insure that all cases that had been recently filed by the Harris Office were part of the Mediation Stipulation. A true and correct copy of the e-mail from the Harris office is attached hereto and incorporated herein as Exhibit 9.

14.     On October 3, 2006, ECLG sent revisions to Exhibit "A" to the Mediation Stipulation to remove the Talley case and various other cases which had already been settled from the Mediation Stipulation. A true and correct copy of the e-mail from ECLG is attached hereto and incorporated herein as Exhibit 10.

15.     On October 10, 2006, I advised the Harris Office that I would add all the cases which their office had filed to date as well as all new cases that may be filed by the Harris Office in the future. Attached hereto and incorporated herein as Exhibit 11 is a true and correct copy of my confirming e-mail to the Harris Office.

16.     On October 11, 2006, I advised ECLG and the Harris Office that Ameriquest had accepted all the changes proposed by ECLG and attached to such e-mail the final form of Mediation Stipulation ready for signatures and final approvals. Attached hereto and incorporated herein as Exhibit 12 is a true and correct copy of my confirming e-mail to ECLG and all negotiating parties.

17.     On October 12, 2006, I received correspondence from both ECLG and the Harris Office confirming that the Mediation Stipulation I had circulated on October 11, 2006 was acceptable to both their offices. Attached hereto and incorporated herein as Exhibit 13 is a true and correct copy of the facsimile I received from ECLG, with Daniel Edelman's signature on the Mediation Stipulation. Attached hereto and incorporated herein as Exhibit 14 is a true and correct copy of the e-mail I received from Daniel Harris stating that the stipulation is acceptable (except he wanted the month on the signature line changed from September to October).

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 13th day of October, 2006 at Los Angeles, California.

/s/ Bernard E. LeSage

5

**EXHIBIT 1**

## LeSage, Bernard

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Wednesday, September 13, 2006 9:31 AM |
| **To:** | 'Dan Harris' |
| **Subject:** | RE: Mediators |

Dan,

Thanks for your two e-mails. I am rushing off to the airport. In a very brief response:

1. I agree we made a lot of progress yesterday and like your suggested settlement protocol, subject to a few more details.

2. Not being from Chicago, I don't have experience with the folks you have suggested, but use JAMS all the time in LA. In general, I have a lot of trust in JAMS judges/mediators.

3. I will check out the reputations of your suggested mediators and come armed to our meeting on Thurs.

4. Talk later.

Thanks,

### *Bernie*

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5714
E-mail - blesage@buchalter.com

For the Firm's Directory of Attorneys http://www.buchalter.com/Search/AttorneySearch.asp
Please see http://www.buchalter.com for the policies governing this transmission.

---

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Wednesday, September 13, 2006 9:16 AM
**To:** LeSage, Bernard
**Subject:** Mediators

Bernie:

I had a good mediation experience with William Hartgering of JAMS in Chicago. The Edelman firm has had good experiences with Thomas Rakowski and James Sullivan of the same office. What is your reaction to these people.

Dan

The Law Offices of Daniel Harris
150 N. Wacker Dr.

Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

**EXHIBIT 2**

## LeSage, Bernard

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Friday, September 22, 2006 4:06 PM |
| **To:** | 'Dan Edelman'; 'Dan Harris'; 'Al Hofeld'; 'Wiegand, Thomas'; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Fisher, Michael B.; Block, Brandon A. |
| **Subject:** | RE: First Draft of Mediation Stipulation |
| **Attachments:** | ameriquest/mdl/stipulation for mediation procedure.DOC |

Dan, Dan and Team,

1. Attached as promised is a first draft of the proposed "Mediation Stipulation."
2. As mentioned to Dan H. this does provide for a split in the Mediation fee, which fee will be recouped from any settlement.
3. After looking through this, let's talk early next week and work out any kinks.
4. As mentioned, we are agreed on all the principles, now it's just a matter of spelling it out.
5. Have a good weekend or New Year, and talk early next week.


Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

10/10/2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE AMERIQUEST MORTGAGE CO.   )   MDL No. 1715
MORTGAGE LENDING PRACTICES   )   Lead Case No. 05-cv-07097
LITIGATION   )
   )   Centralized before the
   )   Honorable Marvin E. Aspen
   )
   )

## STIPULATION RE STAY OF ACTIONS PENDING MEDIATION

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 102 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions:

(1)     Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3)     Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     Plaintiffs and Defendants have agreed to retain the Honorable Donald P. O'Connell, Retired, to mediate the Individual Actions. If a Third-Party Defendant consents to mediation, but objects to Judge O'Connell serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)     Parties with settlement authority will attend the mediation or be available by telephone.

(9)     Initially, the fees and costs of mediation shall be borne equally by the participating parties.  For example, if there are three parties participating in the mediation, each party shall be obligated to pay 1/3 of the total fees and costs of mediation.  Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10)     To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11)     If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference").  If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation.  Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree.  Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute.  Parties with settlement authority also shall attend the second mediation session or be available by telephone.  If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)     The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s).  Depositions shall be limited to no more than four

hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006

By: /s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: September __, 2006

By: /s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, &
GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company;
AMC Mortgage Services, Inc.; Town & Country
Credit Corporation; Ameriquest Capital
Corporation; Town & Country Title Services,
Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional
Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By: /s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

## ORDER

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1)     Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3)     Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     If a Third-Party Defendant consents to mediation, but objects to the Honorable Donald P. O'Connell, Retired, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)     Parties with settlement authority will attend the mediation or be available by telephone.

(9)     Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10)     To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11)     If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)     The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_____, 2006

_____
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT A

(1)   *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);

(2)   *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);

(3)   *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);

(4)   *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);

(5)   *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);

(6)   *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);

(7)   *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);

*(8)   Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill*.);*

(9)   *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);

(10)  *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);

(11)  *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);

(12)  *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);

(13)  *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);

(14)  *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);

(15)  *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);

(16)  *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;

(17)  *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);

(18)  *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);

(19)  *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);

(20)  *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);

(21)  *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);

(22)  *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);

(23)  *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);

(24)  *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);

(25)  *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);

(26)  *Eskra, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1879 (N.D. Ill.);

(27)  *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);

(28)  *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);

(29)  *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);

(30)  *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);

(31)  *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);

(32)  *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);

(33)  *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);

(34)  *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);

(35)  *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);

(36)  *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);

(37)  *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);

(38)  *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);

(39)  *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);

(40)  *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

(41)  *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;

(42)  *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);

(43)   *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(44)   *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(45)   *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(46)   *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(47)   *Hubbard v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-389 (N.D. Ill.);
(48)   *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..),
       Transferee Civil No. 2006-3423;
(49)   *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(50)   *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(51)   *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(52)   *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(53)   *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-432 (N.D. Ill.);
(54)   *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(55)   *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(56)   *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(57)   *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(58)   *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(59)   *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(60)   *Lemmons v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4709 (N.D. Ill.);
(61)   *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(62)   *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);
(63)   *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(64)   *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(65)   *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(66)   *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(67)   *Melecio, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2832 (N.D. Ill.);
(68)   *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.),
       Transferee Civil No. 2006-1737;
(69)   *Miller, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-189 (N.D. Ind.);
(70)   *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(71)   *Mormon, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2514 (N.D. Ill.);
(72)   *Mulvaney v. Town & Country Credit Corp., et al.*, Case No. 1 06-1113 (C.D. Ill.),
       Transferee Civil No. 2006-4039;
(73)   *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.),
       Transferee Civil No. 2006-3424;
(74)   *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(75)   *Payne v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5024 (N.D. Ill.);
(76)   *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(77)   *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(78)   *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(79)   *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.),
       Transferee Civil No. 2006-1738;
(80)   *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);
(81)   *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(82)   *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(83)   *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);

(84)   *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);

(85)   *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);

(86)   *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);

(87)   *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);

(88)   *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);

(89)   *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);

(90)   *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);

(91)   *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);

(92)   *Talley, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1080 (N.D. Ill.);

(93)   *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);

(94)   *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);

(95)   *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);

(96)   *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);

(97)   *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);

(98)   *Washington, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1007 (N.D. Ill.);

(99)   *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);

(100)  *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.)

(101)  *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.); and

(102)  *Zarate v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4696 (N.D. Ill.).



## CERTIFICATE OF SERVICE

I, Bernard E, Lesage, hereby certify that on this __ day of September 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.



By: /s/ Bernard E. LeSage _____

**EXHIBIT 3**

**LeSage, Bernard**

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Monday, September 25, 2006 8:14 AM |
| **To:** | 'Dan Edelman' |
| **Cc:** | Daniel Harris |
| **Subject:** | RE: First Draft of Mediation Stipulation |

Dan E.,

1. Dan H. and I talked about this in advance, and he has a suggestion. The concept is that Plaintiff's need a stake in this as well.

2. After you talk to Dan H. let's hammer out the kinks.

3. As I mentioned to Dan H., it is not the money, it is the process to insure that both sides come at mediation in good faith.

4. Talk later.

Thanks,

*Bernie*

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5714
E-mail - blesage@buchalter.com

For the Firm's Directory of Attorneys http://www.buchalter.com/Search/AttorneySearch.asp
Please see http://www.buchalter.com for the policies governing this transmission.

> **From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]
> **Sent:** Monday, September 25, 2006 4:48 AM
> **To:** LeSage, Bernard
> **Cc:** Daniel Harris
> **Subject:** RE: First Draft of Mediation Stipulation
>
> We are not paying mediation fees. There is a magistrate judge willing to mediate for nothing. Had you told us in advance that was what you would propose we would have told you not to bother with the meeting as it would be a waste of time. If you have something else to propose, please send it to us.
>
> Daniel A. Edelman

---

> **From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
> **Sent:** Friday, September 22, 2006 6:06 PM
> **To:** Dan Edelman; Dan Harris; Al Hofeld; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.

**Subject:** RE: First Draft of Mediation Stipulation

Dan, Dan and Team,

1. Attached as promised is a first draft of the proposed "Mediation Stipulation."
2. As mentioned to Dan H. this does provide for a split in the Mediation fee, which fee will be recouped from any settlement.
3. After looking through this, let's talk early next week and work out any kinks.
4. As mentioned, we are agreed on all the principles, now it's just a matter of spelling it out.
5. Have a good weekend or New Year, and talk early next week.


Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed. It may contain information which is privileged, confidential and otherwise exempt by law from disclosure. If you are not the intended recipient, and employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and delete this communication. Thank you. Edelman, Combs, Latturner & Goodwin, LLC.

10/10/2006

**LeSage, Bernard**

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Monday, September 25, 2006 2:59 PM |
| **To:** | 'Dan Edelman' |
| **Cc:** | Dan Harris |
| **Subject:** | RE: First Draft of Mediation Stipulation |

Dan,

1. Let me talk to my client and get back to you.
2. Of course free is always better than pay, but with several hundred cases, who are you talking about????
3. We have this guy in LA that collect aluminum cans and would be willing to spend 30 days mediating, but not sure that makes sense. ☺ Just kidding of course.
4. But if free, really, who is this person? I think we should put this deal together, and if "Mr. Free" does it, I will of course recommend this.


Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]
**Sent:** Monday, September 25, 2006 2:54 PM
**To:** LeSage, Bernard
**Cc:** Dan Harris
**Subject:** RE: First Draft of Mediation Stipulation

Our position on the money is "no." We are not agreeing to pay mediation expenses, particularly when there is a magistrate who will mediate for nothing. I don't know why Ameriquest or anyone else would think we would file 100 cases to maintain an inventory.

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Monday, September 25, 2006 10:14 AM
**To:** Dan Edelman

10/10/2006

**Cc:** Daniel Harris
**Subject:** RE: First Draft of Mediation Stipulation

Dan E.,

1. Dan H. and I talked about this in advance, and he has a suggestion. The concept is that Plaintiff's need a stake in this as well.
2. After you talk to Dan H. let's hammer out the kinks.
3. As I mentioned to Dan H., it is not the money, it is the process to insure that both sides come at mediation in good faith.
4. Talk later.

Thanks,

*Bernie*

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5714
E-mail - blesage@buchalter.com

For the Firm's Directory of Attorneys http://www.buchalter.com/Search/AttorneySearch.asp
Please see http://www.buchalter.com for the policies governing this transmission.

**From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]
**Sent:** Monday, September 25, 2006 4:48 AM
**To:** LeSage, Bernard
**Cc:** Daniel Harris
**Subject:** RE: First Draft of Mediation Stipulation

We are not paying mediation fees. There is a magistrate judge willing to mediate for nothing. Had you told us in advance that was what you would propose we would have told you not to bother with the meeting as it would be a waste of time. If you have something else to propose, please send it to us.

Daniel A. Edelman

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Friday, September 22, 2006 6:06 PM
**To:** Dan Edelman; Dan Harris; Al Hofeld; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.
**Subject:** RE: First Draft of Mediation Stipulation

Dan, Dan and Team,

1. Attached as promised is a first draft of the proposed "Mediation Stipulation."
2. As mentioned to Dan H. this does provide for a split in the Mediation

fee, which fee will be recouped from any settlement.

3. After looking through this, let's talk early next week and work out any kinks.
4. As mentioned, we are agreed on all the principles, now it's just a matter of spelling it out.
5. Have a good weekend or New Year, and talk early next week.


Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys:
http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used,**

**for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed. It may contain information which is privileged, confidential and otherwise exempt by law from disclosure. If you are not the intended recipient, and employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and delete this communication. Thank you. Edelman, Combs, Latturner & Goodwin, LLC.

**EXHIBIT 4**

## LeSage, Bernard

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Wednesday, September 27, 2006 3:35 PM |
| **To:** | 'Dan Edelman'; 'Dan Harris'; 'Al Hofeld'; 'Wiegand, Thomas'; 'Craig A. Varga (Craig A. Varga)'; Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Berman, Rachael |
| **Subject:** | FW: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006 |
| **Attachments:** | ameriquest/mdl/stipulation re mediation.DOC |

Dan and Dan,

1. Attached is a Red Lined draft Stipulation and Order re Mediation, showing all changes from the last draft.

2. As Red Lined, the only changes that were made were to paragraphs 9 and 10 to accommodate the proposed changes that Dan H. proposed in his e- mail to me sent on Monday September 25, 2006. For your convenience I cut and copied Dan H.'s e-mail below for your reference.

3. In summary, Ameriquest has agreed with Dan H.'s Proposal # 1 that the parties be able to share with the mediator prior settlement agreements. The only nuance addition to this general principle was that the parties also agree that the prior settlements are not to be deemed binding precedence, and that disclosure of such prior settlement agreement to the mediator must be made in writing and served five days before the mediation, such that all parties to such mediation know going into the mediation what has been or will be told to the mediator regarding prior settlements.

4. Ameriquest also accepts Dan H's proposal # 2 that the plaintiffs NOT incur any responsibility for any part of the mediators fees and costs UNTIL AND UNLESS such plaintiff rejects a settlement offer from one or more defendants, AND that the mediator FINDS under all the circumstances that such settlement offer was fair and reasonable. The only nuance change to Dan H's proposal # 2 is that instead of a flat $500 payment from such rejecting plaintiff, is that such rejecting plaintiff should pay 1/3 the cost of such mediation or part of mediation. Let me know if that concept works.

5. Please call with any and all comments, suggestions or thoughts. We are almost there.

6. As mentioned before, as soon as the two "Dans" are ok with the stipulation, we should try to bring some of the East Coast lawyers into this agreement, such as "Dan B." from Connecticut. Then we will have the three "Dans." ☺

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Monday, September 25, 2006 1:11 PM
**To:** LeSage, Bernard; Dan Edelman
**Subject:** Re: First Draft of Mediation Stipulation

Bernie:

10/10/2006

If the following amendments to the proposed draft stipulation are acceptable to you, I will see if I can persuade Dan Edelman to go along.

1.      Notwithstanding any prior confidentiality agreements, the parties may inform the mediator about prior individual rescission settlements, including the terms thereof.

2.      If Ameriquest offers an individual settlement which the mediator determines to be substantially similar to prior individual rescission settlements and the plaintiff rejects the offer, then the plaintiff will be responsible for paying $500 toward the cost of mediation. In all other circumstances, Ameriquest will bear all mediation expenses (subject to reimbursement from Third Party Defendants as negotiated by Ameriquest).

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

10/10/2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | MDL No. 1715 |
| MORTGAGE LENDING PRACTICES | ) | Lead Case No. 05-cv-07097 |
| LITIGATION | ) | |
| | ) | Centralized before the |
| | ) | Honorable Marvin E. Aspen |
| | ) | |
| | ) | |

**STIPULATION RE STAY OF ACTIONS PENDING MEDIATION**

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 102 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

1

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions:

(1)     Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3)     Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     Plaintiffs and Defendants have agreed to retain the Honorable Donald P. O'Connell, Retired, to mediate the Individual Actions. If a Third-Party Defendant consents to mediation, but objects to Judge O'Connell serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

(8)     Parties with settlement authority will attend the mediation or be available by telephone.

(9)     The parties may disclose to the mediator the terms of prior settlements, however, the parties also agree that prior settlements are not binding precedence and that any prior settlements will only be disclosed to the parties and the mediator in the particular mediation. The parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any mediation. The parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10)     Initially, the fees and costs of mediation shall be borne equally by the participating Defendants. However, if a borrower or borrowers reject a settlement offer from one or more of the Defendants which the mediator determines to be fair and reasonable under all the facts and circumstances of the case, then such borrower or borrowers shall be obligated to immediately pay one-third (1/3) the cost and fees for the mediation for such case.

(11)     To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(12)     If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

Deleted: P
Formatted: Bullets and Numbering
Deleted: M
Deleted: P
Deleted: P
Deleted: M
Deleted: P

Deleted: parties
Deleted: For example, if there are parties participating in the mediation, each party shall be obligated to pay 1/3 of the total fees and costs of mediation. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.
Deleted: M
Deleted:

Deleted: 1

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

(13)   The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s).  Depositions shall be limited to no more than four hours in length.  Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006          By:/s/ Daniel Harris _____

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

**Deleted:** 1

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, &
GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company;*
*AMC Mortgage Services, Inc.; Town & Country*
*Credit Corporation; Ameriquest Capital*
*Corporation; Town & Country Title Services,*
*Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional
Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**Formatted:** zzmpTrailerItem
**Formatted:** Default Paragraph Font

## ORDER

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1)     Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants.  Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3)     Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay").  The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order.  The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     If a Third-Party Defendant consents to mediation, but objects to the Honorable Donald P. O'Connell, Retired, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)     Parties with settlement authority will attend the mediation or be available by telephone.

(9)     The parties may disclose to the mediator the terms of prior settlements, however, the parties also agree that prior settlements are not binding precedence and that any prior settlements will be disclosed only to the parties and the mediator in the particular mediation.

**Formatted:** Bullets and Numbering

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

The parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any mediation. The parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10)    Initially, the fees and costs of mediation shall be borne equally by the participating Defendants. However, if a borrower or borrowers reject a settlement offer from one or more of the Defendants which the mediator determines to be fair and reasonable under all the facts and circumstances of the case, then such borrower or borrowers shall be obligated to immediately pay one-third (1/3) the cost and fees for the mediation for such case.

(11)    To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

| Deleted: <#>Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.¶ |
| Formatted: Bullets and Numbering |
| Deleted: 1 |

(12)    If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(13)    The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest

| Deleted: 1 |

| Formatted: zzmpTrailerItem |
| Formatted: Default Paragraph Font |

Defendant(s) and the Cross-Defendant(s).  Depositions shall be limited to no more than four hours in length.  Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_____, 2006

_____
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

BN 978949v2

BN 989122v1

8

## EXHIBIT A

(1)   *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(2)   *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(3)   *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
(4)   *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);
(5)   *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(6)   *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(7)   *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(8)   *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(9)   *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(10)  *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(11)  *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(12)  *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(13)  *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(14)  *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(15)  *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(16)  *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(17)  *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(18)  *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(19)  *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(20)  *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(21)  *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(22)  *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(23)  *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(24)  *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(25)  *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(26)  *Eskra, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1879 (N.D. Ill.);
(27)  *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(28)  *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(29)  *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(30)  *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(31)  *Garcia v. Argent Mortgage Co., et al.*, Case No. 1 06-1829 (N.D. Ill.);
(32)  *Grabowski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2549 (N.D. Ill.);
(33)  *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(34)  *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(35)  *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(36)  *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);
(37)  *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(38)  *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(39)  *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(40)  *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);
(41)  *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(42)  *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

(43)  *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(44)  *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(45)  *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(46)  *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(47)  *Hubbard v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-389 (N.D. Ill.);
(48)  *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;
(49)  *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(50)  *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(51)  *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(52)  *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(53)  *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-432 (N.D. Ill.);
(54)  *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(55)  *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(56)  *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(57)  *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(58)  *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(59)  *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(60)  *Lemmons v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4709 (N.D. Ill.);
(61)  *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(62)  *Lurry-Payne v. Town & Country Credit Corp., et al.*, Case No. 1 06-1547 (N.D. Ill.);
(63)  *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(64)  *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(65)  *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(66)  *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(67)  *Melecio v. Town & Country Credit Corp., et al.*, Case No. 1 06-2832 (N.D. Ill.);
(68)  *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;
(69)  *Miller, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-189 (N.D. Ind.);
(70)  *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(71)  *Mormon, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2514 (N.D. Ill.);
(72)  *Mulvaney v. Town & Country Credit Corp., et al.*, Case No. 1 06-1113 (C.D. Ill.), Transferee Civil No. 2006-4039;
(73)  *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(74)  *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(75)  *Payne v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5024 (N.D. Ill.);
(76)  *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(77)  *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(78)  *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(79)  *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;
(80)  *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);
(81)  *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(82)  *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(83)  *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

(84)  *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);

(85)  *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);

(86)  *Smith v. Town & Country Credit Corp., et al.*, Case No. 1 06-3704 (N.D. Ill.);

(87)  *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);

(88)  *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);

(89)  *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);

(90)  *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);

(91)  *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);

(92)  *Talley, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1080 (N.D. Ill.);

(93)  *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);

(94)  *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);

(95)  *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);

(96)  *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);

(97)  *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);

(98)  *Washington, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1007 (N.D. Ill.);

(99)  *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);

(100)  *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.)

(101)  *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.); and

(102)  *Zarate v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4696 (N.D. Ill.).

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

**CERTIFICATE OF SERVICE**

      I, Bernard E, Lesage, hereby certify that on this __ day of September 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By: /s/  Bernard E. LeSage

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font