**EXHIBIT 5**

## LeSage, Bernard

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Wednesday, September 27, 2006 3:43 PM |
| **To:** | 'Dan Edelman' |
| **Cc:** | Dan Harris |
| **Subject:** | RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006 |

Dan,
I hear you.  But your good pal Dan H. said he could talk some sense into you.  Right Dan H?????  Also, on a more important note,
Hope that Dan H. has safe travels abroad.


Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]
**Sent:** Wednesday, September 27, 2006 3:41 PM
**To:** LeSage, Bernard
**Cc:** Dan Harris
**Subject:** RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

We do and will not agree to pay any mediation expenses.  The matter is not open to discussion or negotiation insofar as we are concerned.   It is unacceptable.


Daniel A. Edelman

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Wednesday, September 27, 2006 5:35 PM
**To:** Dan Edelman; Dan Harris; Al Hofeld; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Berman, Rachael

10/10/2006

**Subject:** FW: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

Dan and Dan,

1. Attached is a Red Lined draft Stipulation and Order re Mediation, showing all changes from the last draft.

2. As Red Lined, the only changes that were made were to paragraphs 9 and 10 to accommodate the proposed changes that Dan H. proposed in his e- mail to me sent on Monday September 25, 2006. For your convenience I cut and copied Dan H.'s e-mail below for your reference.

3. In summary, Ameriquest has agreed with Dan H.'s Proposal # 1 that the parties be able to share with the mediator prior settlement agreements. The only nuance addition to this general principle was that the parties also agree that the prior settlements are not to be deemed binding precedence, and that disclosure of such prior settlement agreement to the mediator must be made in writing and served five days before the mediation, such that all parties to such mediation know going into the mediation what has been or will be told to the mediator regarding prior settlements.

4. Ameriquest also accepts Dan H's proposal # 2 that the plaintiffs NOT incur any responsibility for any part of the mediators fees and costs UNTIL AND UNLESS such plaintiff rejects a settlement offer from one or more defendants, AND that the mediator FINDS under all the circumstances that such settlement offer was fair and reasonable. The only nuance change to Dan H's proposal # 2 is that instead of a flat $500 payment from such rejecting plaintiff, is that such rejecting plaintiff should pay 1/3 the cost of such mediation or part of mediation. Let me know if that concept works.

5. Please call with any and all comments, suggestions or thoughts. We are almost there.

6. As mentioned before, as soon as the two "Dans" are ok with the stipulation, we should try to bring some of the East Coast lawyers into this agreement, such as "Dan B." from Connecticut. Then we will have the three "Dans." ☺

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Monday, September 25, 2006 1:11 PM
**To:** LeSage, Bernard; Dan Edelman
**Subject:** Re: First Draft of Mediation Stipulation

Bernie:

If the following amendments to the proposed draft stipulation are acceptable to you, I will see if I can persuade Dan Edelman to go along.

1. Notwithstanding any prior confidentiality agreements, the parties may inform the mediator about prior individual rescission settlements, including the terms thereof.

2. If Ameriquest offers an individual settlement which the mediator determines to be

10/10/2006

substantially similar to prior individual rescission settlements and the plaintiff rejects the offer, then the plaintiff will be responsible for paying $500 toward the cost of mediation. In all other circumstances, Ameriquest will bear all mediation expenses (subject to reimbursement from Third Party Defendants as negotiated by Ameriquest).

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

10/10/2006

IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed. It may contain information which is privileged, confidential and otherwise exempt by law from disclosure. If you are not the intended recipient, and employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error. please notify us immediately and delete this communication. Thank you. Edelman, Combs, Latturner & Goodwin, LLC.

**EXHIBIT 6**

## LeSage, Bernard

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Friday, September 29, 2006 2:55 PM |
| **To:** | 'Dan Edelman' |
| **Cc:** | Dan Harris; Al Hofeld; ECLG Partners |
| **Subject:** | RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006 |

Dan,

1. I called you this morning to reluctantly tell you that "you win."
2. The last issue to resolve is who pays for the initial costs of the mediator.
3. You rejected Dan Harris' creative solution which was that Plaintiffs make a partial contribution to the fees of the mediator (i.e. $500), if and only if: (a) defendants made a settlement offer; (b) plaintiffs rejected the settlement offer, AND (c) the mediator found that the settlement offer was fair and reasonable ("D. Harris Proposal").
4. In the alternative, you offered to stipulate to Magistrate Denlow ("Free Mediator"). Ameriquest will agree with your proposal.
5. Out of lawyerly caution, I would just add (suggest), that in the event that Denlow is unavailable or unable to serve as mediator for any reasons, that the parties agree to work in good faith to stipulate to an alternate mediator within 30 days of Denlow's declared unavailability, and if the parties are unable to agree upon an alternate mediator, the parties will utilize Judge Donald O'Connell as a failsafe mediator.
6. If the parties are required to use someone other than a "Free Mediator," then we go to the "D. Harris Proposal" above which will limit plaintiffs mediation exposure to $500 provided all conditions precedent are met, (i.e. (a), (b) & (c) from Para. 3 above).
7. If you can let me know if this proposal is acceptable, then I will draft up the red lined version of the proposed final Stipulation and Court Order re Mediation showing all proposed changes and get it to you and your team for final review and comments.
8. From there, I would like to contact the "East Coast" plaintiffs and see if they will buy into the stip.

Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700

10/10/2006

Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]
**Sent:** Wednesday, September 27, 2006 3:46 PM
**To:** LeSage, Bernard
**Cc:** Dan Harris; Al Hofeld; ECLG Partners
**Subject:** RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

If he said that he was dead wrong. Unless of course he was offering to pay the mediation costs for our cases. If that was not the case, I suggest we use Judge Denlow instead of a private mediator.

DAE

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Wednesday, September 27, 2006 5:43 PM
**To:** Dan Edelman
**Cc:** Dan Harris
**Subject:** RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

Dan,
I hear you. But your good pal Dan H. said he could talk some sense into you.
Right Dan H????? Also, on a more important note,
Hope that Dan H. has safe travels abroad.


Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]

**Sent:** Wednesday, September 27, 2006 3:41 PM
**To:** LeSage, Bernard
**Cc:** Dan Harris
**Subject:** RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

We do and will not agree to pay any mediation expenses. The matter is not open to discussion or negotiation insofar as we are concerned. It is unacceptable.

Daniel A. Edelman

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Wednesday, September 27, 2006 5:35 PM
**To:** Dan Edelman; Dan Harris; Al Hofeld; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Berman, Rachael
**Subject:** FW: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

Dan and Dan,

1. Attached is a Red Lined draft Stipulation and Order re Mediation, showing all changes from the last draft.

2. As Red Lined, the only changes that were made were to paragraphs 9 and 10 to accommodate the proposed changes that Dan H. proposed in his e- mail to me sent on Monday September 25, 2006. For your convenience I cut and copied Dan H.'s e-mail below for your reference.

3. In summary, Ameriquest has agreed with Dan H.'s Proposal # 1 that the parties be able to share with the mediator prior settlement agreements. The only nuance addition to this general principle was that the parties also agree that the prior settlements are not to be deemed binding precedence, and that disclosure of such prior settlement agreement to the mediator must be made in writing and served five days before the mediation, such that all parties to such mediation know going into the mediation what has been or will be told to the mediator regarding prior settlements.

4. Ameriquest also accepts Dan H's proposal # 2 that the plaintiffs NOT incur any responsibility for any part of the mediators fees and costs UNTIL AND UNLESS such plaintiff rejects a settlement offer from one or more defendants, AND that the mediator FINDS under all the circumstances that such settlement offer was fair and reasonable. The only nuance change to Dan H's proposal # 2 is that instead of a flat $500 payment from such rejecting plaintiff, is that such rejecting plaintiff should pay 1/3 the cost of such mediation or part of mediation. Let me know if that concept works.

5. Please call with any and all comments, suggestions or thoughts. We are almost there.

6. As mentioned before, as soon as the two "Dans" are ok with the stipulation, we should try to bring some of the East Coast lawyers into this agreement, such as "Dan B." from Connecticut. Then we will have the three "Dans." ☺

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Monday, September 25, 2006 1:11 PM
**To:** LeSage, Bernard; Dan Edelman
**Subject:** Re: First Draft of Mediation Stipulation

Bernie:

If the following amendments to the proposed draft stipulation are acceptable to you, I will see if I can persuade Dan Edelman to go along.

1. Notwithstanding any prior confidentiality agreements, the parties may inform the mediator about prior individual rescission settlements, including the terms thereof.

2. If Ameriquest offers an individual settlement which the mediator determines to be substantially similar to prior individual rescission settlements and the plaintiff rejects the offer, then the plaintiff will be responsible for paying $500 toward the cost of mediation. In all other circumstances, Ameriquest will bear all mediation expenses (subject to reimbursement from Third Party Defendants as negotiated by Ameriquest).

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715

10/10/2006

Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys:
http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed. It may contain information which is privileged, confidential and otherwise exempt by law from disclosure. If you are not the intended recipient, and employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and delete this communication. Thank you. Edelman, Combs, Latturner & Goodwin, LLC.

**EXHIBIT 7**

## LeSage, Bernard

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Monday, October 02, 2006 3:45 PM |
| **To:** | 'Dan Edelman'; 'Wiegand, Thomas'; Craig A. Varga; Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A. |
| **Cc:** | Dan Harris; Al Hofeld; ECLG Partners |
| **Subject:** | RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY |
| **Attachments:** | AMQ - MDL - MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED VERSION.DOC; Scann001.PDF |

Dan, Dan & Team,

1. Attached is a redline version of the Stipulation and Proposed Order re Mediation ("Stip & Order") showing all changes from our last draft, and a final signature ready form of Stip and Order in PDF format.
2. This draft of the Stip & Order provides as you requested for Magistrate Denlow to be the Mediator, provided he is available and able to serve.
3. The only other change clarifies that prior settlements shall not be filed but lodged with the Court, consistent with the principle that disclosure of prior settlements to the Mediator does not further waive or change the confidentiality agreement, other than to allow the disclosure of their terms to the Mediator under the agreed upon protocol.
4. No other changes were made to the Stip & Proposed Order other then typographical in nature.
5. Consequently, I believe we have accommodated all your requested changes. Please indicate that your team is ready to sign off on this version of Stip and Order.
6. I will then take it to other Plaintiffs' attorneys handling similar cases to see if they are interested in similar mediation terms.
7. Please let me know if you have any questions.

Thanks,
**_Bernie_**
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | MDL No. 1715 |
| MORTGAGE LENDING PRACTICES | ) | Lead Case No. 05-cv-07097 |
| LITIGATION | ) | |
| | ) | Centralized before the |
| | ) | Honorable Marvin E. Aspen |
| | ) | |
| | ) | |

## STIPULATION RE STAY OF ACTIONS PENDING MEDIATION

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

BN 978949v2
BN 996759v1

1

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions:

(1)     Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3)     Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     Plaintiffs and Defendants have agreed to retain the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

| | |
|---|---|
| **Deleted:** Donald P. O'Connell, Retired | |
| **Deleted:** Judge O'Connell | |
| **Formatted:** zzmpTrailerItem | |
| **Formatted:** Default Paragraph Font | |

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)     Parties with settlement authority will attend the mediation or be available by telephone.

(9)     The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence.  The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation.  Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court.  The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10)     Initially, the fees and costs of mediation shall be borne equally by the participating Defendants.  However, if a borrower or borrowers reject a settlement offer from one or more of the Defendants which the Mediator determines to be fair and reasonable under all the facts and circumstances of the case, then such borrower or borrowers shall be obligated to immediately pay one third (1/3) the cost and fees for the mediation for such case.

(11)     To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

| Deleted: 11 |

(12)     If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference").  If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation.  Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree.  Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute.  Parties with settlement authority also shall attend the second mediation session or be available by telephone.  If mediation still is

| Formatted: zzmpTrailerItem |
| Formatted: Default Paragraph Font |

unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(13)    The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s).  Depositions shall be limited to no more than four hours in length.  Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006          By:/s/ Daniel Harris _____

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

> Deleted: 11

> Formatted: zzmpTrailerItem

> Formatted: Default Paragraph Font

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, &
GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company;*
*AMC Mortgage Services, Inc.; Town & Country*
*Credit Corporation; Ameriquest Capital*
*Corporation; Town & Country Title Services,*
*Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional
Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

## ORDER

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1)     Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3)     Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

**Deleted:** Donald P. O'Connell, Retired

(8)     Parties with settlement authority will attend the mediation or be available by telephone.

**Formatted:** zzmpTrailerItem
**Formatted:** Default Paragraph Font

BN 978949v2
BN 996759v1

6

(9)    Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10)    To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11)    If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)    The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_____, 2006        _____

7

BN 978949v2
BN 996759v1

THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

## EXHIBIT A

(1)  *Abercrombie v. Argent Mortgage Co., et al.*, Case No. 06-1687 (N.D. Ill.);
(2)  *Addison v. Ameriquest Mortgage Co., et al.*, Case 2 06-654 (E.D. Wis.);
(3)  *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(4)  *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
(5)  *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);
(6)  *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(7)  *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(8)  *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(9)  *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(10) *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(11) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(12) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(13) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(15) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(16) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(17) *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);
(18) *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.),
     Transferee Civil No. 2006-3425;
(19) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(20) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(21) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(22) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(23) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(24) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(25) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(26) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(27) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(28) *Eskra, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1879 (N.D. Ill.);
(29) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(30) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(31) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(32) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(33) *Garcia v. Argent Mortgage Co., et al.*, Case No. 1 06-1829 (N.D. Ill.);
(34) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(35) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(36) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(37) *Grabowski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2549 (N.D. Ill.);
(38) *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);
(39) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(40) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(41) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(42) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

(43) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;

(44) *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);

(45) *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);

(46) *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);

(47) *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);

(48) *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);

(49) *Hubbard v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-389 (N.D. Ill.);

(50) *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;

(51) *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);

(52) *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);

(53) *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);

(54) *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);

(55) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-432 (N.D. Ill.);

(56) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);

(57) *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);

(58) *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);

(59) *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);

(60) *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);

(61) *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);

(62) *Lemmons v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4709 (N.D. Ill.);

(63) *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);

(64) *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);

(65) *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);

(66) *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);

(67) *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);

(68) *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);

(69) *Melecio, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2832 (N.D. Ill.);

(70) *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;

(71) *Miller, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-189 (N.D. Ind.);

(72) *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);

(73) *Mormon, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2514 (N.D. Ill.);

(74) *Mulvaney v. Town & Country Credit Corp., et al.*, Case No. 1 06-1113 (C.D. Ill.), Transferee Civil No. 2006-4039;

(75) *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;

(76) *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);

(77) *Payne v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5024 (N.D. Ill.);

(78) *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);

(79) *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);

(80) *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);

(81) *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;

(82) *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

(83)  *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(84)  *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(85)  *Rodriquez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);
(86)  *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);
(87)  *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);
(88)  *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);
(89)  *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);
(90)  *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);
(91)  *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);
(92)  *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);
(93)  *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);
(94)  *Talley, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1080 (N.D. Ill.);
(95)  *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);
(96)  *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);
(97)  *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);  `Formatted: Font: Italic`
(98)  *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);
(99)  *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);
(100)  *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);
(101)  *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);  `Formatted: Font: Italic`
(102)  *Washington, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1007 (N.D. Ill.);
(103)  *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);
(104)  *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.)
(105)  *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.); and
(106)  *Zarate v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4696 (N.D. Ill.).

`Formatted: zzmpTrailerItem`
`Formatted: Default Paragraph Font`

**CERTIFICATE OF SERVICE**

I, Bernard E, Lesage, hereby certify that on this ___ day of September 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

> **Formatted:** zzmpTrailerItem
> **Formatted:** Default Paragraph Font

**EXHIBIT 8**

## Dan Edelman

| | |
|---|---|
| **From:** | LeSage, Bernard [BLESAGE@buchalter.com] |
| **Sent:** | Monday, October 02, 2006 5:45 PM |
| **To:** | Dan Edelman; Wiegand, Thomas; Craig A. Varga; Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A. |
| **Cc:** | Dan Harris; Al Hofeld; ECLG Partners |
| **Subject:** | RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY |
| **Attachments:** | AMQ - MDL - MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED VERSION.DOC; Scann001.PDF |

Dan, Dan & Team,

1. Attached is a redline version of the Stipulation and Proposed Order re Mediation ("Stip & Order") showing all changes from our last draft, and a final signature ready form of Stip and Order in PDF format.

2. This draft of the Stip & Order provides as you requested for Magistrate Denlow to be the Mediator, provided he is available and able to serve.

3. The only other change clarifies that prior settlements shall not be filed but lodged with the Court, consistent with the principle that disclosure of prior settlements to the Mediator does not further waive or change the confidentiality agreement, other than to allow the disclosure of their terms to the Mediator under the agreed upon protocol.

4. No other changes were made to the Stip & Proposed Order other then typographical in nature.

5. Consequently, I believe we have accommodated all your requested changes. Please indicate that your team is ready to sign off on this version of Stip and Order.

6. I will then take it to other Plaintiffs' attorneys handling similar cases to see if they are interested in similar mediation terms.

7. Please let me know if you have any questions.

Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

*ONE*
*change*

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

10/3/2006

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | )  MDL No. 1715 <br> )  Lead Case No. 05-cv-07097 <br> ) <br> )  Centralized before the <br> )  Honorable Marvin E. Aspen <br> ) <br> ) |

## STIPULATION RE STAY OF ACTIONS PENDING MEDIATION

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

1

**Deleted:** 2

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions:

(1)     Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3)     Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     Plaintiffs and Defendants have agreed to retain the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

*no mny retains not prop*

*have*

**Deleted:** Donald F. O'Connell, Retired

**Deleted:** Judge O'Connell

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)    Parties with settlement authority will attend the mediation or be available by telephone.

(9)    The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10)   Initially, the fees and costs of mediation shall be borne equally by the participating Defendants. However, if a borrower or borrowers reject a settlement offer from one or more of the Defendants which the Mediator determines to be fair and reasonable under all the facts and circumstances of the case, then such borrower or borrowers shall be obligated to immediately pay one third (1/3) the cost and fees for the mediation for such case.

(11)   To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

**Deleted:** 11

(12)   If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

    (13)   The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006         By: /s/ Daniel Harris _____

                     *Attorneys for Certain Plaintiffs*

                     Daniel Harris, Esq.
                     LAW OFFICES OF DANIEL HARRIS
                     150 N. Wacker Drive, Suite 3000
                     Chicago, IL 60606

**Deleted:** 11

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

Dated: September __, 2006

By: /s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, &
GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company;
AMC Mortgage Services, Inc.; Town & Country
Credit Corporation; Ameriquest Capital
Corporation; Town & Country Title Services,
Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional
Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By: /s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**Formatted: zzmpTrailerItem**

**Formatted: Default Paragraph Font**

## ORDER

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1)    Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)    Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3)    Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)    Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5)    As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6)    Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)    If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)    Parties with settlement authority will attend the mediation or be available by telephone.

*why done* [handwritten annotation]

**Deleted:** Donald P. O'Connell, Retired

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

(9)    Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10)    To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11)    If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)    The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_____, 2006         _____

BN 978949v2
BN 046750v1

7

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

**Formatted:** zzmpTrailerItem

**Formatted:** Default Paragraph Font

# EXHIBIT A

(1) *Abercrombie v. Argent Mortgage Co., et al.,* Case No. 06-1687 (N.D. Ill.);

(2) *Addison v. Ameriquest Mortgage Co., et al.,* Case No. 2 06-654 (E.D. Wis.);

(3) *Anderson, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-1981 (N.D. Ill.);

(4) *Balark, et al. v. Ameriquest Mortgage Co.. et al.,* Case No. 1 06-2430 (N.D. Ill.);

(5) *Barletta v. Ameriquest Mortgage Co, et al.,* Case No. 06-4560 (N.D. Ill.);

(6) *Belford v. Ameriquest Mortgage Co., et al.,* Case No. 2 06-149 (N.D. Ind.);

(7) *Bergquist v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-1438 (N.D. Ill.);

(8) *Besterfield v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-2676 (N.D. Ill.);

(9) *Billings, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-1849 (N.D. Ill.);

(10) *Black, et al. v. Argent Mortgage Co., et al.,* Case No. 06-4418 (N.D. Ill.);

(11) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 2 06-175 (N.D. Ind.);

(12) *Bricker, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 06-4528 (N.D. Ill.);

(13) *Brown v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-4723 (N.D. Ill.);

(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-5111 (N.D. Ill.);

(15) *Brown, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-2830 (N.D. Ill.);

(16) *Buckner v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-6808 (N.D. Ill.);

(17) *Burgess, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 06-13734 (E.D. Mich.);

(18) *Carter, et al. v. Ameriquest Mortgage Co., et al..* Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;

(19) *Cashen, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-4683 (N.D. Ill.);

(20) *Childres v. Ameriquest Mortgage Co., et al.,* Case No. 2 06-12673 (E.D. Mich.);

(21) *Clarke, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-4201 (N.D. Ill.);

(22) *Cleveland v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-4306 (N.D. Ill.);

(23) *Cole, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 2 06-135 (N.D. Ind.);

(24) *Dearden v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-2912 (N.D. Ill.);

(25) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-5033 (N.D. Ill.);

(26) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-2482 (N.D. Ill.);

(27) *Duchene v. Ameriquest Mortgage Co., et al.,* Case No. 06-13778 (E.D. Mich.);

(28) *Eskra, et al. v. Ameriquest Mortgage Co.. et al.,* Case No. 1 06-1879 (N.D. Ill.);

(29) *Eson, et al. v. Argent Mortgage Co., et al.,* Case No. 1 06-2829 (N.D. Ill.);

(30) *Filian, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-2826 (N.D. Ill.);

(31) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);

(32) *Gajewski v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-3050 (N.D. Ill.);

(33) *Garcia v. Argent Mortgage Co., et al.,* Case No. 1 06-1829 (N.D. Ill.);

(34) *Geis, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-1716 (N.D. Ill.);

(35) *Gelman, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-4684 (N.D. Ill.);

(36) *Gillespie v. Ameriquest Mortgage Co., et al.,* Case No. 3 06-220 (N.D. Ind.);

(37) *Grabowski v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-2549 (N.D. Ill.);

(38) *Grabs v. Argent Mortgage Co., et al.,* Case No. 1 06-2809 (N.D. Ill.);

(39) *Green, et al. v. Argent Mortgage Co., et al.,* Case No. 1 06-2045 (N.D. Ill.);

(40) *Hall v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-1944 (N.D. Ill.);

(41) *Harless v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-695 (S.D. Ind.);

(42) *Harris v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-4025 (N.D. Ill.);

9

(43)    *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;

(44)    *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);

(45)    *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);

(46)    *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);

(47)    *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);

(48)    *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);

(49)    *Hubbard v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-389 (N.D. Ill.);

(50)    *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;

(51)    *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);

(52)    *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);

(53)    *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);

(54)    *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);

(55)    *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-432 (N.D. Ill.);

(56)    *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);

(57)    *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);

(58)    *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);

(59)    *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);

(60)    *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);

(61)    *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);

(62)    *Lemmons v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4709 (N.D. Ill.);

(63)    *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);

(64)    *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);

(65)    *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.):

(66)    *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);

(67)    *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);

(68)    *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);

(69)    *Melecio, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2832 (N.D. Ill.);

(70)    *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;

(71)    *Miller, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-189 (N.D. Ind.);

(72)    *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);

(73)    *Mormon, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2514 (N.D. Ill.);

(74)    *Mulvaney v. Town & Country Credit Corp., et al.*, Case No. 1 06-1113 (C.D. Ill.), Transferee Civil No. 2006-4039;

(75)    *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;

(76)    *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);

(77)    *Payne v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5024 (N.D. Ill.);

(78)    *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);

(79)    *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);

(80)    *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);

(81)    *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.). Transferee Civil No. 2006-1738;

(82)    *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

OCT-05-2006   03:46                    ECKS LLP                              9124400573   P.13

(83)   *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);

(84)   *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);

(85)   *Rodriquez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);

(86)   *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);

(87)   *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);

(88)   *Smith v. Town & Country Credit Corp., et al.*, Case No. 1 06-3704 (N.D. Ill.);

(89)   *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);

(90)   *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);

(91)   *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);

(92)   *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);

(93)   *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);

(94)   *Talley, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1080 (N.D. Ill.);

(95)   *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);

(96)   *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);

(97)   *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);

(98)   *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);

(99)   *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);

(100)  *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);

(101)  *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);

(102)  *Washington, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1007 (N.D. Ill.);

(103)  *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1404 (N.D. Ill.);

(104)  *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.)

(105)  *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.);
       and

(106)  *Zarate v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4696 (N.D. Ill.).

Formatted: Font: Italic

Formatted: Font: Italic

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

BN 978949v2
BN 978949v1

11

## CERTIFICATE OF SERVICE

I, Bernard E, Lesage, hereby certify that on this __ day of September 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

---

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

**EXHIBIT 9**

## LeSage, Bernard

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Tuesday, October 03, 2006 11:57 AM |
| **To:** | 'Dan Harris' |
| **Cc:** | Al Hofeld; ECLG Partners; Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A. |
| **Subject:** | RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY |

Thanks and will talk to Dan upon his return.


Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Tuesday, October 03, 2006 11:55 AM
**To:** LeSage, Bernard
**Cc:** Al Hofeld; ECLG Partners
**Subject:** Re: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY

Bernie:
As you know, Dan is out of pocket. But I know that there are some cases that we have filed that
are not included in Exhibit A. Those case are:
Applegate, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4867
Calder v. Ameriqeust Mortgage Co., et al. Case No. 06-5146
Gerbig, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4868
Kessler v. Ameriqeust Mortgage Co., et al. Case No. 06-4999
Lappin, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-5147
Leach v. Ameriqeust Mortgage Co., et al. Case No. 06-5000
Solnin, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4866
Thibodeau, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-5148
Tieri v. Ameriqeust Mortgage Co., et al. Case No. 06-2683

Also, there may be one other but I have to talk to Dan first. I should be able to speak with him

on Friday.

Tony

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.


----- Original Message ----
From: "LeSage, Bernard" <BLESAGE@buchalter.com>
To: Dan Edelman <DEDELMAN@edcombs.com>; "Wiegand, Thomas"
<TWiegand@winston.com>; Craig A. Varga <cvarga@vblhc.com>; "Andrus, Sarah"
<SANDRUS@buchalter.com>; "Berman, Rachael" <RBERMAN@buchalter.com>; "Fisher,
Michael B." <mbfisher@buchalter.com>; "Block, Brandon A." <bblock@buchalter.com>;
"Petrossian, Melody A." <mpetrossian@buchalter.com>
Cc: Dan Harris <lawofficedh@yahoo.com>; Al Hofeld <ahofeld@edcombs.com>; ECLG
Partners <ECLGPartners@edcombs.com>
Sent: Monday, October 2, 2006 5:44:39 PM
Subject: RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND
SIGNATURE READY

Dan, Dan & Team,

1.  Attached is a redline version of the Stipulation and Proposed Order re
    Mediation ("Stip & Order") showing all changes from our last draft, and a
    final signature ready form of Stip and Order in PDF format.
2.  This draft of the Stip & Order provides as you requested for Magistrate
    Denlow to be the Mediator, provided he is available and able to serve.
3.  The only other change clarifies that prior settlements shall not be filed but
    lodged with the Court, consistent with the principle that disclosure of prior
    settlements to the Mediator does not further waive or change the
    confidentiality agreement, other than to allow the disclosure of their terms to
    the Mediator under the agreed upon protocol.
4.  No other changes were made to the Stip & Proposed Order other then
    typographical in nature.
5.  Consequently, I believe we have accommodated all your requested changes.
    Please indicate that your team is ready to sign off on this version of Stip and
    Order.
6.  I will then take it to other Plaintiffs' attorneys handling similar cases to see
    if they are interested in similar mediation terms.

7. Please let me know if you have any questions.

Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles , CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

10/10/2006

**EXHIBIT 10**

## LeSage, Bernard

| | |
|---|---|
| **From:** | Al Hofeld [ahofeld@edcombs.com] |
| **Sent:** | Tuesday, October 03, 2006 10:26 AM |
| **To:** | LeSage, Bernard |
| **Cc:** | ECLG Partners; Dan Harris; Cvarga@vblhc.com; Jonathan Ledsky |
| **Subject:** | Stipulation Exhibit A |

Dear Bernie:

The following cases should NOT be on the list in Exhibit A to the proposed stipulation.

First of all: Talley v. Ameriquest. We are not agreeing to a stay in this case; on the contrary, we have moved to lift the stay. As for the rest:

Abercrombie v. Argent – not in the MDL, awaiting decision from 7th Cir. in Hamm

Eskra v. Ameriquest – settled; being dismissed

Hubbard v. Ameriquest – not in the MDL, awaiting decision from 7th Cir. in Hamm

Shirley Jones v. Ameriquest – not in the MDL/on appeal in 7th Cir.

Lemmons v. Ameriquest – not in the MDL/settling

Melecio v. Town and Country – settling

Miller v. Ameriquest – settling

Mormon v. Ameriquest – settled; being dismissed

Mulvaney v. Ameriquest – settled and dismissed

Payne v. Ameriquest – not in the MDL, settled and dismissed

Washington v. Ameriquest – not in the MDL

Zarate v. Ameriquest – not in the MDL/settling.


Please remove these cases and send a revised Exhibit A.

Thank you,

Al Hofeld, Jr.
312-917-4515


IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed. It may contain information which is privileged, confidential and otherwise exempt from disclosure. If you are not the intended recipient, and employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and delete this communication. Thank you. Edelman, Combs, Latturner & Goodwin, LLC.

**EXHIBIT 11**

## LeSage, Bernard

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Tuesday, October 10, 2006 6:14 PM |
| **To:** | 'Dan Harris' |
| **Cc:** | Al Hofeld; ECLG Partners |
| **Subject:** | RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY |

Dan H.,

1. Let me know when Dan gets back from his travels.
2. In the meantime we will make the changes to Exhibit A to reflect all cases filed by your firm, as set forth below.
3. I would also suggest that all future cases filed by your office should also be included in the stipulation.
4. Let me know if that works for you.


Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Tuesday, October 03, 2006 11:55 AM
**To:** LeSage, Bernard
**Cc:** Al Hofeld; ECLG Partners
**Subject:** Re: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY

Bernie:
As you know, Dan is out of pocket. But I know that there are some cases that we have filed that are not included in Exhibit A. Those case are:
Applegate, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4867
Calder v. Ameriqeust Mortgage Co., et al. Case No. 06-5146
Gerbig, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4868
Kessler v. Ameriqeust Mortgage Co., et al. Case No. 06-4999
Lappin, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-5147

Leach v. Ameriqeust Mortgage Co., et al. Case No. 06-5000
Solnin, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4866
Thibodeau, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-5148
Tieri v. Ameriqeust Mortgage Co., et al. Case No. 06-2683

Also, there may be one other but I have to talk to Dan first.  I should be able to speak with him on Friday.

Tony

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

----- Original Message ----
From: "LeSage, Bernard" <BLESAGE@buchalter.com>
To: Dan Edelman <DEDELMAN@edcombs.com>; "Wiegand, Thomas" <TWiegand@winston.com>; Craig A. Varga <cvarga@vblhc.com>; "Andrus, Sarah" <SANDRUS@buchalter.com>; "Berman, Rachael" <RBERMAN@buchalter.com>; "Fisher, Michael B." <mbfisher@buchalter.com>; "Block, Brandon A." <bblock@buchalter.com>; "Petrossian, Melody A." <mpetrossian@buchalter.com>
Cc: Dan Harris <lawofficedh@yahoo.com>; Al Hofeld <ahofeld@edcombs.com>; ECLG Partners <ECLGPartners@edcombs.com>
Sent: Monday, October 2, 2006 5:44:39 PM
Subject: RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY

Dan, Dan & Team,
1. Attached is a redline version of the Stipulation and Proposed Order re Mediation ("Stip & Order") showing all changes from our last draft, and a final signature ready form of Stip and Order in PDF format.
2. This draft of the Stip & Order provides as you requested for Magistrate Denlow to be the Mediator, provided he is available and able to serve.
3. The only other change clarifies that prior settlements shall not be filed but lodged with the Court, consistent with the principle that disclosure of prior settlements to the Mediator does not further waive or change the confidentiality agreement, other than to allow the disclosure of their terms to the Mediator under the agreed upon protocol.
4. No other changes were made to the Stip & Proposed Order other then typographical in nature.

5. Consequently, I believe we have accommodated all your requested changes. Please indicate that your team is ready to sign off on this version of Stip and Order.
6. I will then take it to other Plaintiffs' attorneys handling similar cases to see if they are interested in similar mediation terms.
7. Please let me know if you have any questions.

Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles , CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**