Recycled Paper

BLUEBIRD
(310) 477-0700

**EXHIBIT 12**

## LeSage, Bernard

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Wednesday, October 11, 2006 9:58 AM |
| **To:** | Dan Edelman; Dan Harris; 'Wiegand, Thomas'; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A. |
| **Cc:** | 'Tara Goodwin'; Al Hofeld; ECLG Partners |
| **Subject:** | RE: MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINED and MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL |
| **Attachments:** | AMQ - MDL - MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINE.DOC; From001.PDF |

Dan, Dan and Teams,

1.  Attached is: (A) a Red-Lined version of the Mediation Stipulation and Order; and (B) a Final Signature Ready Form of Mediation Stipulation and Order.
2.  The only changes not shown in Red-Lines are the cases that were deleted from Exhibit A as per instructions from both your offices (i.e. per Dan Harris Office's e-mail dated Oct. 3, 2006, and Al Hofeld's e-mail also dated Oct. 3, 2006). This includes deleting from Exhibit A the Talley case.
3.  I added that future Individual Actions filed by the parties would be added to this Mediation Stipulation as requested by Dan Harris' office in noting that his recently filed actions were not included in Exhibit A. Since both offices continue to file Individual Actions, this term is implied, if not previously expressed.
4.  Please confirm that the attached PDF Final Form of Mediation Stipulation and Order is acceptable to all parties. As mentioned earlier this morning, I will now share this form of Stipulation with other plaintiffs' attorneys to ascertain their respective interest in entering into the same or similar stipulations.


Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | MDL No. 1715 |
| MORTGAGE LENDING PRACTICES | ) | Lead Case No. 05-cv-07097 |
| LITIGATION | ) | |
| | ) | Centralized before the |
| | ) | Honorable Marvin E. Aspen |
| | ) | |
| | ) | |

### STIPULATION RE STAY OF ACTIONS PENDING MEDIATION

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions and all new Independent Actions filed by the parties:

(1)     Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3)     Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     Plaintiffs and Defendants have agreed to have the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

Deleted: retain

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each

Formatted: Bullets and Numbering

Deleted: ¶
Initially, the fees and costs of mediation shall be borne equally by the participating Defendants. However, if a borrower or borrowers reject a settlement offer from one or more of the Defendants which the Mediator determines to be fair and reasonable under all the facts and circumstances of the case, then such borrower or borrowers shall be obligated to immediately pay one third (1/3) the cost and fees for the mediation for such case.

Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September ___, 2006                By:/s/ Daniel Harris _____

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: September __, 2006                 By:/s/ Daniel A. Edelman _____

                                          *Attorneys for Certain Plaintiffs*

                                          Daniel A. Edelman, Esq.
                                          EDELMAN, COMBS, LATTURNER, &
                                          GOODWIN, LLC
                                          120 S. LaSalle Street, 18th floor
                                          Chicago, IL 60603-3403

DATED: September __, 2006                 By:/s/ Bernard E. LeSage _____

                                          *Attorneys for Ameriquest Mortgage Company;*
                                          *AMC Mortgage Services, Inc.; Town & Country*
                                          *Credit Corporation; Ameriquest Capital*
                                          *Corporation; Town & Country Title Services,*
                                          *Inc.; and Ameriquest Mortgage Securities, Inc.*

                                          Bernard E. LeSage
                                          Sarah K. Andrus
                                          BUCHALTER NEMER, a Professional
                                          Corporation
                                          1000 Wilshire Boulevard, Suite 1500
                                          Los Angeles, CA 90017-2457

DATED: September __, 2006                 By:/s/ Thomas J. Wiegand _____

                                          *Attorneys for Argent Mortgage Company, LLC*

                                          Thomas J. Wiegand
                                          WINSTON & STRAWN LLP
                                          35 W. Wacker Drive
                                          Chicago, IL 60601-9703

## ORDER

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1)     Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants.  Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3)     Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay").  The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order.  The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)     Parties with settlement authority will attend the mediation or be available by telephone.

(9)     Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10)     To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11)     If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)     The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_____, 2006          _____

THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A

(1)  *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(2)  *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(3)  *Applegate, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4867 (N.D. Ill.);
(4)  *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
(5)  *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);
(6)  *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(7)  *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(8)  *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(9)  *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(10) *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(11) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(12) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(13) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(15) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(16) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(17) *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);
(18) *Calder v. Ameriquest Mortgage Co., et al.*, Case No. 06-5146 (N.D. Ill.);
(19) *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(20) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(21) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(22) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(23) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(24) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(25) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(26) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(27) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(28) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(29) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(30) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(31) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(32) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(33) *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);
(34) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(35) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(36) *Gerbig, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4868 (N.D. Ill.);
(37) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(38) *Grabowski v. Ameriquest Mortgage Co., et al., Case* 1 06-2549 (N.D. Ill.);
(39) *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);
(40) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(41) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(42) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(43) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

(44)  *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;

(45)  *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);

(46)  *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);

(47)  *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);

(48)  *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);

(49)  *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);

(50)  *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;

(51)  *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);

(52)  *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);

(53)  *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);

(54)  *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);

(55)  *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);

(56)  *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);

(57)  *Kessler v. Ameriquest Mortgage Co., et al.*, Case No. 06-4999 (N.D. Ill.);

(58)  *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);

(59)  *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);

(60)  *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);

(61)  *Lappin, et al. v. Ameriquest Mortgage Co., et al.*, Case No 06-5147 (N.D. Ill.);

(62)  *Leach v. Ameriquest Mortgage Co., et al.*, Case No. 06-5000 (N.D. Ill.);

(63)  *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);

(64)  *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);

(65)  *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);

(66)  *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);

(67)  *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);

(68)  *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);

(69)  *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);

(70)  *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;

(71)  *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);

(72)  *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;

(73)  *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);

(74)  *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);

(75)  *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);

(76)  *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);

(77)  *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;

(78)  *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);

(79)  *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);

(80)  *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);

(81)  *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);

(82)  *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);

(83)  *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);

(84)  *Smith v. Town & Country Credit Corp., et al.*, Case No. 1 06-3704 (N.D. Ill.);

(85) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);

(86) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);

(87) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);

(88) *Solnin, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4866 (N.D. Ill.);

(89) *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);

(90) *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);

(91) *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5148 (N.D. Ill.);

(92) *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);

(93) *Tieri v. Ameriquest Mortgage Co., et al.*, Case No. 06-2683 (N.D. Ill.);

(94) *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);

(95) *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);

(96) *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);

(97) *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);

(98) *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);

(99) *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);

(100) *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);

(101) *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.); and

(102) *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the<br>Honorable Marvin E. Aspen |

## STIPULATION RE STAY OF ACTIONS PENDING MEDIATION

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions and all new Independent Actions filed by the parties:

(1)     Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants.  Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3)     Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay").  The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order.  The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     Plaintiffs and Defendants have agreed to have the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator.  If a Third-Party Defendant consents to mediation, but objects to the Honorable

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)     Parties with settlement authority will attend the mediation or be available by telephone.

(9)     The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10)    To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(11)    If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)    The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each

Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006                By:/s/ Daniel Harris _____

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: September ___, 2006

By:/s/ Daniel A. Edelman _____

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, &
GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September ___, 2006

By:/s/ Bernard E. LeSage _____

*Attorneys for Ameriquest Mortgage Company;*
*AMC Mortgage Services, Inc.; Town & Country*
*Credit Corporation; Ameriquest Capital*
*Corporation; Town & Country Title Services,*
*Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional
Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September ___, 2006

By:/s/ Thomas J. Wiegand _____

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

## ORDER

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1)     Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3)     Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)     Parties with settlement authority will attend the mediation or be available by telephone.

(9)     Initially, the fees and costs of mediation shall be borne equally by the participating parties.  Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10)     To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11)     If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference").  If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation.  Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree.  Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute.  Parties with settlement authority also shall attend the second mediation session or be available by telephone.  If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)     The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s).  Depositions shall be limited to no more than four

hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_____, 2006

_____
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A

(1)    *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);

(2)    *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);

(3)    *Applegate, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4867 (N.D. Ill.);

(4)    *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);

(5)    *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);

(6)    *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);

(7)    *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);

(8)    *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);

(9)    *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);

(10)    *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);

(11)    *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);

(12)    *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);

(13)    *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);

(14)    *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);

(15)    *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);

(16)    *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);

(17)    *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);

(18)    *Calder v. Ameriquest Mortgage Co., et al.*, Case No. 06-5146 (N.D. Ill.);

(19)    *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;

(20)    *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);

(21)    *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);

(22)    *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);

(23)    *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);

(24)    *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);

(25)    *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);

(26)    *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);

(27)    *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);

(28)    *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);

(29)    *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);

(30)    *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);

(31)    *Furgeson v. Ameriquest Mortgage Co., et al.*, Case No. 1 04-7627 (N.D. Ill.);

(32)    *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);

(33)    *Garcia v. Argent Mortgage Co., et al.*, *Case* No. 1 06-1829 (N.D. Ill.);

(34)    *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);

(35)    *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);

(36)    *Gerbig, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4868 (N.D. Ill.);

(37)    *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);

(38)    *Grabowski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2549 (N.D. Ill.);

(39)    *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);

(40)    *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);

(41)    *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);

(42)    *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);

(43)    *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

(44)  *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006–4040;

(45)  *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);

(46)  *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);

(47)  *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);

(48)  *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);

(49)  *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);

(50)  *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;

(51)  *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);

(52)  *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);

(53)  *Jiles v. Argent Mortgage Co., et. al.*, Case No. 1 06-2771 (N.D. Ill.);

(54)  *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);

(55)  *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);

(56)  *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);

(57)  *Kessler v. Ameriquest Mortgage Co., et al.*, Case No. 06-4999 (N.D. Ill.);

(58)  *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);

(59)  *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);

(60)  *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);

(61)  *Lappin, et al. v. Ameriquest Mortgage Co., et al.*, Case No 06-5147 (N.D. Ill.);

(62)  *Leach v. Ameriquest Mortgage Co., et al.*, Case No. 06-5000 (N.D. Ill.);

(63)  *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);

(64)  *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);

(65)  *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);

(66)  *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);

(67)  *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);

(68)  *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);

(69)  *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);

(70)  *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;

(71)  *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);

(72)  *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;

(73)  *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);

(74)  *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);

(75)  *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);

(76)  *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);

(77)  *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;

(78)  *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);

(79)  *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);

(80)  *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);

(81)  *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);

(82)  *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);

(83)  *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);

(84)  *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);

(85)  *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);

(86)  *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);

(87)  *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);

(88)  *Solnin, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4866 (N.D. Ill.);

(89)  *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);

(90)  *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);

(91)  *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5148 (N.D. Ill.);

(92)  *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);

(93)  *Tieri v. Ameriquest Mortgage Co., et al.*, Case No. 06-2683 (N.D. Ill.);

(94)  *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);

(95)  *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);

(96)  *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);

(97)  *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);

(98)  *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);

(99)  *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);

(100)  *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);

(101)  *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.); and

(102)  *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.).

**EXHIBIT 13**

## Dan Edelman

| | |
|---|---|
| **From:** | LeSage, Bernard [BLESAGE@buchalter.com] |
| **Sent:** | Wednesday, October 11, 2006 11:58 AM |
| **To:** | Dan Edelman; Dan Harris; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A. |
| **Cc:** | Tara Goodwin; Al Hofeld; ECLG Partners |
| **Subject:** | RE: MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINED and MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL |

**Attachments:** AMQ - MDL - MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINE.DOC; From001.PDF

Dan, Dan and Teams,

1. Attached is: (A) a Red-Lined version of the Mediation Stipulation and Order; and (B) a Final Signature Ready Form of Mediation Stipulation and Order.
2. The only changes not shown in Red-Lines are the cases that were deleted from Exhibit A as per instructions from both your offices (i.e. per Dan Harris Office's e-mail dated Oct. 3, 2006, and Al Hofeld's e-mail also dated Oct. 3, 2006). This includes deleting from Exhibit A the Talley case.
3. I added that future Individual Actions filed by the parties would be added to this Mediation Stipulation as requested by Dan Harris' office in noting that his recently filed actions were not included in Exhibit A. Since both offices continue to file Individual Actions, this term is implied, if not previously expressed.
4. Please confirm that the attached PDF Final Form of Mediation Stipulation and Order is acceptable to all parties. As mentioned earlier this morning, I will now share this form of Stipulation with other plaintiffs' attorneys to ascertain their respective interest in entering into the same or similar stipulations.

Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | MDL No. 1715 |
| MORTGAGE LENDING PRACTICES | ) | Lead Case No. 05-cv-07097 |
| LITIGATION | ) | |
| | ) | Centralized before the |
| | ) | Honorable Marvin E. Aspen |
| | ) | |
| | ) | |

## STIPULATION RE STAY OF ACTIONS PENDING MEDIATION

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions and all new Independent Actions filed by the parties:

(1)     Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3)     Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     Plaintiffs and Defendants have agreed to have the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

2

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)　　Parties with settlement authority will attend the mediation or be available by telephone.

(9)　　The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10)　　To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(11)　　If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)　　The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each

3

Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September ___, 2006                    By:/s/ Daniel Harris_____

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: September ___, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, &
GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September ___, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company;*
*AMC Mortgage Services, Inc.; Town & Country*
*Credit Corporation; Ameriquest Capital*
*Corporation; Town & Country Title Services,*
*Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional
Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September ___, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

5

## ORDER

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1)  Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)  Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3)  Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)  Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5)  As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6)  Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)  If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)  Parties with settlement authority will attend the mediation or be available by telephone.

6

(9)     Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10)     To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11)     If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)     The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four

7

hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_____, 2006

_____
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

(44)  *Harris v. Ameriquest Mortgage Co., et al.,* Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(45)  *Harris, et al. v. Town & Country Credit Corp., et al.,* Case No. 1 06-3048 (N.D. Ill.);
(46)  *Hawkins v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-1848 (N.D. Ill.);
(47)  *Henson v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-1876 (N.D. Ill.);
(48)  *Holzmeister v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-5911 (N.D. Ill.);
(49)  *Horne, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 3 06-423 (S.D. Ill.);
(50)  *Jeffress, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;
(51)  *Jenkins v. Argent Mortgage Co, et al.,* Case No. 1 06-2044 (N.D. Ill.);
(52)  *Jewell v. Ameriquest Mortgage Company,* Case No. 1 06-269 (N.D. Ill.);
(53)  *Jiles v. Argent Mortgage Co., et al.,* Case No. 1 06-2771 (N.D. Ill.);
(54)  *Jimenez, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-1009 (N.D. Ill.);
(55)  *Jones v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-2397 (N.D. Ill.);
(56)  *Jude v. Town & Country Credit Corp., et al.,* Case No. 1 06-1691 (N.D. Ill.);
(57)  *Kessler v. Ameriquest Mortgage Co., et al.,* Case No, 06-4999 (N.D. Ill.);
(58)  *Key v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-1077 (N.D. Ill.);
(59)  *Krise, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-529 (W.D. Mich.);
(60)  *Kukla v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-12466 (E.D. Mich.);
(61)  *Lappin, et al. v. Ameriquest Mortgage Co., et al.,* Case No 06-5147 (N.D. Ill.);
(62)  *Leach v. Ameriquest Mortgage Co., et al.,* Case No. 06-5000 (N.D. Ill.);
(63)  *Lehr, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 2 06-12477 (E.D. Mich.);
(64)  *Luedtke, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-4644 (N.D. Ill.);
(65)  *Lurry-Payne v. Town & Country Credit Corp. et al.,* Case No. 1 06-1547 (N.D. Ill.);
(66)  *Magliano, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-1945 (N.D. Ill.);
(67)  *Martin v. Argent Mortgage Co, et al.,* Case No. 1 06-1947 (N.D. Ill.);
(68)  *Martinez, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 06-590 (W.D. Mich.);
(69)  *McGowan v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-1831 (N.D. Ill.);
(70)  *Mikowski, et al., v. Ameriquest Mortgage Co., et al.,* Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;
(71)  *Mills v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-3976 (N.D. Ill.);
(72)  *Nauracy, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(73)  *Nelson, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-154 (N.D. Ind.);
(74)  *Perry v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-6172 (N.D. Ill.);
(75)  *Pintsak, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-5035 (N.D. Ill.);
(76)  *Polydoros, et al. v. Town & Country Credit Corp., et al.,* Case No. 1 05-6517 (N.D. Ill.);
(77)  *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.,* Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;
(78)  *Rehbock v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-1581 (N.D. Ill.);
(79)  *Rocco, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-2897 (N.D. Ill.);
(80)  *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-2187 (N.D. Ill.);
(81)  *Rodriguez, et al. v. Town & Country Credit Corp., et al.,* Case No. 1 06-1950 (N.D. Ill.);
(82)  *Salazar, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 05-4162 (N.D. Ill.);
(83)  *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 1 06-2333 (N.D. Ill.);
(84)  *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);

10

(85)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);

(86)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);

(87)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);

(88)    *Solnin, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4866 (N.D. Ill.);

(89)    *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);

(90)    *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);

(91)    *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5148 (N.D. Ill.);

(92)    *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);

(93)    *Tieri v. Ameriquest Mortgage Co., et al.*, Case No. 06-2683 (N.D. Ill.);

(94)    *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);

(95)    *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);

(96)    *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);

(97)    *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);

(98)    *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);

(99)    *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (S.D. Ill.);

(100)   *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);

(101)   *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.); and

(102)   *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.).

11

**EXHIBIT 14**

**Berman, Rachael**

| | |
|---|---|
| **From:** | Dan Harris [lawofficedh@yahoo.com] |
| **Sent:** | Thursday, October 12, 2006 10:03 AM |
| **To:** | LeSage, Bernard; Dan Edelman; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A. |
| **Cc:** | Tara Goodwin; Al Hofeld; ECLG Partners |
| **Subject:** | Re: MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINED and MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL |

The stipulation is acceptable on my end. The only suggested change is the month on the signature line.

Dan

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.


----- Original Message ----
From: "LeSage, Bernard" <BLESAGE@buchalter.com>
To: Dan Edelman <dedelman@edcombs.com>; Dan Harris <lawofficedh@yahoo.com>; "Wiegand, Thomas" <TWiegand@winston.com>; Craig A. Varga (Craig A. Varga) <cvarga@vblhc.com>; "Andrus, Sarah" <SANDRUS@buchalter.com>; "Berman, Rachael" <RBERMAN@buchalter.com>; "Fisher, Michael B." <mbfisher@buchalter.com>; "Block, Brandon A." <bblock@buchalter.com>; "Petrossian, Melody A." <mpetrossian@buchalter.com>
Cc: Tara Goodwin <TGOODWIN@edcombs.com>; Al Hofeld <ahofeld@edcombs.com>; ECLG Partners <ECLGPartners@edcombs.com>
Sent: Wednesday, October 11, 2006 11:58:16 AM
Subject: RE: MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINED and MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL

Dan, Dan and Teams,

1. Attached is: (A) a Red-Lined version of the Mediation Stipulation and Order; and (B) a Final Signature Ready Form of Mediation Stipulation and Order.
2. The only changes not shown in Red-Lines are the cases that were deleted from Exhibit A as per instructions from both your offices (i.e. per Dan Harris Office's e-mail dated Oct. 3, 2006, and Al Hofeld's e-mail also dated Oct. 3, 2006). This includes deleting from Exhibit A the Talley case.
3. I added that future Individual Actions filed by the parties would be added to this Mediation Stipulation as requested by Dan Harris ' office in noting that his

recently filed actions were not included in Exhibit A. Since both offices continue to file Individual Actions, this term is implied, if not previously expressed.

4. Please confirm that the attached PDF Final Form of Mediation Stipulation and Order is acceptable to all parties. As mentioned earlier this morning, I will now share this form of Stipulation with other plaintiffs' attorneys to ascertain their respective interest in entering into the same or similar stipulations.

Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles , CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**