**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

## DECLARATION OF BERNARD E. LESAGE IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR ENTRY OF A DOCUMENT PRESERVATION ORDER

I, Bernard E. LeSage, declare as follows:

1.     I am a shareholder of the law firm of Buchalter Nemer, a Professional Corporation, counsel for defendant Ameriquest Mortgage Company ("Ameriquest"). I state that the records and documents referred to in this Declaration constitute writings taken or made in the regular or ordinary course of business of Buchalter at or near the time of the act, condition or event to which they relate by persons employed by Buchalter who had a business duty to Buchalter to accurately and completely take, make and maintain such records and documents. I make this Declaration in support of Defendants' Opposition to Motion for Entry of Document Preservation Order. I know the following to be true and if called upon to testify, I could and would competently testify to the truth of the matters stated herein.

2.     Counsel for Ameriquest and the "Cooperating Plaintiffs" engaged in significant negotiations in an effort to reach mutually acceptable terms of a stipulated document preservation order.

3.     Following the filing of the "Cooperating Plaintiffs'" Motion, on September 19, 2006, counsel for Ameriquest and the "Cooperating Plaintiffs" held a telephonic meet and confer conference regarding the scope of the document preservation order. Following that conference, I

memorialized Ameriquest's position in an email and attached a proposed form of preservation order that addressed those concerns, a true and correct of which is attached hereto as Exhibit 1.

4.     On September 20, 2006, "Cooperating Plaintiffs'" counsel responded with a further revised proposed order which made some progress toward resolution but also added several new issues and significantly expanded the scope of the documents to be preserved. A true and correct copy of "Cooperating Plaintiffs'" revised proposed order is attached hereto as Exhibit 2.

5.     On September 26, 2006, I summarized the remaining disputed issues raised by the "Cooperating Plaintiffs'" most recent proposed preservation order and submitted another revised proposed order which again made further progress toward resolution. A true and correct copy of my email and the revised proposed preservation order is attached hereto as Exhibit 3.[1]

6.     On October 4, 2006, counsel for Ameriquest and the "Cooperating Plaintiffs" held an additional telephonic meet and confer session in which we continued to resolve additional disputed issues. That call closed with the "Cooperating Plaintiffs'" counsel agreeing to submit proposed language that addressed Ameriquest's concern that many of the categories encompassed an overly broad range of documents that required further definition.

7.     Counsel for Ameriquest and the "Cooperating Plaintiffs'" counsel had an in-person meeting on October 9, 2006. While this meeting was arranged for other purposes, we took this opportunity to attempt to reach final resolution of the outstanding issues. The "Cooperating Plaintiffs" agreed, provided they would have time, to provide a more detailed description of the records requested and, although the "Cooperating Plaintiffs" have not provided any written detailed description, they suggested a definition that significantly expanded the definition of what Ameriquest believes the phrase "loan files or account records" to mean.

8.     In their attempt to refine the categories of documents requested, on October 10, 2006, "Cooperating Plaintiffs'" counsel provided Ameriquest with 29 subcategories of documents that were to apply to the "policies and procedures" category and "electronic records" category. A true and correct copy of the email containing the 29 subcategories is attached hereto as Exhibit 4. While some of these subcategories appeared to be well-defined and appropriate

---

[1] Plaintiff's version of the revised proposed order (which is already attached as Exhibit 2) and the redlined comparison order, both which are referred to in this email, are not attached since they are duplicative. However, upon request a copy can be provided.

(i.e., "loan origination"), many others unfortunately only compounded the vague and overbroad nature of the "Cooperating Plaintiffs'" requests and highlighted the definitional problems with their prior drafts as Ameriquest could not have guessed that the earlier drafts would have encompassed certain subcategories, nor are such subcategories relevant to any of the "Cooperating Plaintiffs'" claims (i.e., "marketing to investors", "sales, "handling of regulatory complaints").

9.      Given that the parties were unlikely to reach agreement and that "Cooperating Plaintiffs" had presented a far broader set of categories and subcategories than anticipated, on October 10, 2006, I asked for "Cooperating Plaintiffs'" counsel to agree to bear the cost of preservation. A true and correct copy of my email memorializing this request is attached hereto as Exhibit 5.

10.     "Cooperating Plaintiffs" denied this request to bear the cost of preservation absent specific information which Ameriquest is unable to provide at this time since it is still not certain as to the scope of any preservation order. A true and correct copy of "Cooperating Plaintiffs'" counsel's email is attached hereto as Exhibit 6.

11.     On October 13, 2006, I provided a final summary of the parties' various disputes and agreements. A true and correct copy of my email is attached hereto as Exhibit 7.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 16th day of October 2006 at Los Angeles, California.


　　　　　　　　　　　　　　 /s/  Bernard E. LeSage

# Exhibit 1

## Andrus, Sarah

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Tuesday, September 19, 2006 5:39 PM |
| **To:** | 'Gary Klein'; 'Shennan Kavanagh'; 'Dermody, Kelly M.'; 'Jill bowman' |
| **Cc:** | Andrus, Sarah |
| **Subject:** | AMQ MDL PRESERVATION ORDER - SEPT 19, 2006.DOC |
| **Attachments:** | AMQ MDL PRESERVATION ORDER - SEPT 19, 2006.DOC |

Gary and Team,

1. Attached is a form of Preservation Order to which Ameriquest would stipulate.
2. Some of these terms were covered in our telephone conference today, some are newly added.
3. As we agreed, nothing is binding on either party until all parties have signed off.
4. I believe we can make progress on all issues, and if we cannot fully resolve each issue, at least we will have narrowed the issues we may need to bring to Judge Aspen.
5. As mentioned, our changes are motivated by the following observations:
   a. The first paragraph of the originally filed preservation order was a little vague, meaning, our clients didn't know what documents it was referring to.

   b. We have looked at all the complaints in the MDL and the longest of all statute of limitations for the earliest filed lawsuit does not get you back before January 1, 2000. Hence the January 1, 2000 date throughout.
   c. The Ameriquest policies that you are (or should be) looking for deal with loan origination and not labor policies etc.
   d. We both felt (subject to approvals) that this preservation order is not an agreement that the records preserved are necessarily discoverable. We will leave discoverability to another day.
   e. It is really important that we use very clear guidelines, since we don't want those that will be charged with preservation to make mistakes.
6. Bottom line, after your team has reviewed the attached, please give me a call.
7. If you have any questions, please let me know.
8. We will file some time tomorrow a document advising the court that: (a) we are not opposed to a preservation order; (b) we are negotiating the terms of a mutually acceptable proposed Preservation Order, and (c) that in the event that we are not able to reach agreement on any one or more term(s), we will submit the disputed issues to the court for resolution.
9. If # 8 is not correct please so advise in the morning. I will be in deposition tomorrow, so please call Sarah Andrus re #8.
10. Otherwise I will be available all day on Thursday to work out the kinks (if any).

10/13/2006

Thanks,
**Bernie**
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

10/13/2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |

## [PROPOSED] ORDER CONCERNING DOCUMENT PRESERVATION

And now this _____ day of _____, 2006, having reviewed the Stipulation of the "Cooperating Plaintiffs" and Defendant Ameriquest Mortgage Company ("Ameriquest") to preserve documents, it is hereby ORDERED that Ameriquest preserve and retain documents in the following categories:

1.    All loan files signed on or after January 1, 2000 for any Ameriquest borrower whose Ameriquest loan has not been paid off, liquidated or service released as of the date of entry of this Preservation Order;

2.    All loan files signed on or after January 1, 2000 for any Ameriquest borrower whose Ameriquest loan has been paid off, liquidated or service released as of the date of entry of this Preservation Order;

3.    All documents responsive to a Request for Production of documents that had been previously served upon Ameriquest in any case now pending in the above referenced proceedings or is being considered for transfer to the above referenced proceedings;

4.    All policies or procedures that govern loan origination at Ameriquest that were in full force and effect on or after January 1, 2000;

5.    All documents that Ameriquest produced to the state Attorneys General in response to any request for production of documents that related to Ameriquest originated loans

or Ameriquest policies and procedures governing loan origination in connection with the Attorneys General Settlement entered on or about January 23, 2006; and

6.    All electronic records related to Ameriquest originated loans as well as it policies and procedures governing Ameriquest loan originations created on or after January 1, 2000 that are in existence as of the date of entry of this Preservation Order.

Nothing contained in this Preservation Order shall constitute a waiver of any kind, including but not limited to, any objection to the production of such documents in these proceedings, or be deemed an agreement by Ameriquest that documents subject to this Preservation Order shall be deemed relevant for discovery purposes, or that they be required to be produced in discovery, or otherwise in the above referenced proceedings.

Ameriquest shall immediately implement this Preservation Order by memorandum to all of its employees who are responsible for records retention and/or destruction, which memorandum shall specifically override any document destruction policies that Ameriquest presently has in place, and Ameriquest shall certify compliance to the Court within ten days of the date this Preservation Order is entered by this Court.

This Preservation Order shall remain in place until the close of the discovery period in any of the transferred cases absent a superseding Preservation Order of the Court.

Dated: _____

Judge of the United States District Court

# Exhibit 2

## Andrus, Sarah

| | |
|---|---|
| **From:** | Gary Klein [klein@roddykleinryan.com] |
| **Sent:** | Wednesday, September 20, 2006 9:27 AM |
| **To:** | LeSage, Bernard; Shennan Kavanagh; Kelly Dermody; Jill bowman |
| **Cc:** | Andrus, Sarah |
| **Subject:** | AMQ MDL PRESERVATION ORDER - SEPT 20, 2006.DOC |
| **Attachments:** | AMQ MDL PRESERVATION[plt].pdf |

Bernie: Here is our redraft. We have accepted some of your changes and qualified or limited others. We have also added a couple of new terms that we expect will be non-controversial. As discussed, it is our position that the SOL is not dispositive of the scope of permissible discovery in the underlying litigation, particularly in light of fraudulent concealment allegations in several of the transferred cases.

Gary

On 9/19/06 8:39 PM, "LeSage, Bernard" <BLESAGE@buchalter.com> wrote:

Gary and Team,

1. Attached is a form of Preservation Order to which Ameriquest would stipulate.

2. Some of these terms were covered in our telephone conference today, some are newly added.

3. As we agreed, nothing is binding on either party until all parties have signed off.

4. I believe we can make progress on all issues, and if we cannot fully resolve each issue, at least we will have narrowed the issues we may need to bring to Judge Aspen.

5. As mentioned, our changes are motivated by the following observations:

a. The first paragraph of the originally filed preservation order was a little vague, meaning, our clients didn't know what documents it was referring to.

b. We have looked at all the complaints in the MDL and the longest of all statute of limitations for the earliest filed lawsuit does not get you back before January 1, 2000. Hence the January 1, 2000 date throughout.

c. The Ameriquest policies that you are (or should be) looking for deal with loan origination and not labor policies etc.

d. We both felt (subject to approvals) that this preservation order is not an agreement that the records preserved are necessarily discoverable. We will leave discoverability to

another day.

e. It is really important that we use very clear guidelines, since we don't want those that will be charged with preservation to make mistakes.

6. Bottom line, after your team has reviewed the attached, please give me a call.

7. If you have any questions, please let me know.

8. We will file some time tomorrow a document advising the court that: (a) we are not opposed to a preservation order; (b) we are negotiating the terms of a mutually acceptable proposed Preservation Order, and (c) that in the event that we are not able to reach agreement on any one or more term(s), we will submit the disputed issues to the court for resolution.

9. If # 8 is not correct please so advise in the morning. I will be in deposition tomorrow, so please call Sarah Andrus re #8.

10. Otherwise I will be available all day on Thursday to work out the kinks (if any).

Thanks,

*Bernie*

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp <http://www.buchalter.com/CM/Custom/TOCFirmPolicies.asp> .

IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

MDL No. 1715

Lead Case No. 05-cv-07097

(Centralized before The Honorable Marvin E.
Aspen)

### [PROPOSED] ORDER CONCERNING DOCUMENT PRESERVATION

And now this _____ day of _____, 2006, having reviewed the Stipulation of the "Cooperating Plaintiffs" and Defendant Ameriquest Mortgage Company ("Ameriquest") to preserve documents, it is hereby ORDERED that Ameriquest preserve and retain documents in the following categories:

1. All loan files or account records for any Ameriquest borrower whose Ameriquest loan has not been paid off, liquidated or service released as of the date of entry of this Preservation Order;

2. All loan files or account records signed or created on or after January 1, 1998 for any Ameriquest borrower whose Ameriquest loan has been paid off, liquidated or service released as of the date of entry of this Preservation Order;

3. All documents responsive to a Request for Production of documents that had been previously served upon Ameriquest in any case now pending in the above referenced proceedings or is being considered for transfer to the above referenced proceedings;

4. All documents describing policies or procedures at Ameriquest in effect on or after January 1, 1998;

5. All documents that Ameriquest produced to the state Attorneys General that related to Ameriquest originated loans or Ameriquest policies and procedures;

6. All electronic records of any kind that are in existence as of the date of entry of this Preservation Order;

7. All documents that Ameriquest is otherwise obligated to maintain pursuant to statute or regulation; and

8. All documents that Ameriquest is otherwise obligated to maintain pursuant to law or ethical duty in connection with pending litigation or government investigation.

For the purposes of this order "Ameriquest" means Ameriquest Mortgage Co. and all related or affiliated companies.

Nothing contained in this Preservation Order shall constitute a waiver of any kind, including but not limited to, any objection to the production of such documents in these proceedings, or be deemed an agreement by Ameriquest that documents subject to this Preservation Order shall be deemed relevant for discovery purposes, or that they be required to be produced in discovery, or otherwise in the above referenced proceedings. Nor shall this order be construed as permitting Ameriquest to destroy any documents, other than in the normal course pursuant to its existing document destruction policies.

Ameriquest shall immediately implement this Preservation Order by memorandum to all of its employees, which memorandum shall specifically override any document destruction policies that Ameriquest presently has in place, and Ameriquest shall certify compliance to the Court within ten days of the date this Preservation Order is entered by this Court.

This Preservation Order shall remain in place until the close of the discovery period in any of the transferred cases absent a superseding Preservation Order of the Court.

Dated: _____

Judge of the United States District Court

# Exhibit 3

**Andrus, Sarah**

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Tuesday, September 26, 2006 6:48 PM |
| **To:** | 'Gary Klein'; 'Shennan Kavanagh'; 'Dermody, Kelly M.'; 'Jill bowman' |
| **Cc:** | Andrus, Sarah |
| **Subject:** | RE: AMQ MDL PRESERVATION ORDER NEGOTIATIONS |
| **Attachments:** | AMQ MDL PRESERVATION ORDER - SEPT 19, 2006.DOC; AMQ MDL PRESERVATION [plt].pdf; DVComparison_BN_984219_1-dsaf.DOC |

Gary and Cooperating Team,

1.     Attached above is Ameriquest's Proposed Form of Preservation Order, the Cooperating Plaintiffs' Proposed Form of Preservation Order and the Red-Lined Comparison with the differences.

2.     We have agreed on many terms for a proposed Preservation Order, and I believe we should be able to find an agreement regarding most, if not all, of the issues raised in your most recent draft which I have summarized below to facilitate discussion, issue by issue.  Let me know when you have time to talk.

3.     As mentioned, Ameriquest is not opposed to a clear Preservation Order.  Our only aim is to make sure that any Preservation Order that is entered is crystal clear as to which documents must be preserved.   I believe that you and your team share this goal.

## ISSUE NO. ONE – STATUTE OF LIMITATIONS

4.     The first issue deals with the statute of limitations and Ameriquest's position that it should not be required to preserve documents that precede all applicable statute of limitations.

5.     Ameriquest has identified January 1, 2000 as a cut off date that accounts for all known statutes of limitations.

6.     Plaintiffs have proposed January 1, 1998.

7.     As a compromise, Ameriquest would accept a document Preservation start date of January 1, 1999 ("Start Date"), which builds in a year's worth of cushion. Let me know if that works for your team.

## ISSUE NO. TWO – ORIGINATION OF LOANS

8.      The same statute of limitations arguments should apply to all Ameriquest funded loans that are still open on Ameriquest books.

9.      All of Plaintiffs' causes of action are directly related to loan origination.

10.     Consequently, unless the Cooperating Plaintiffs can point to some cause of action which would establish that records prior to January 1, 1999 are either material or relevant to this lawsuit, the same time limitation should apply to all categories of documents to be preserved.

## ISSUE NO. THREE – "LOAN FILES OR ACCOUNT RECORDS"

11.     Cooperating Plaintiffs' draft Preservation Order requests that all "Loan Files or Account Records" are to be preserved.

12.     Ameriquest can agree to this added category of preservation, but believes that the terms "Loan Files or Account Records" need to be defined to better assist Ameriquest's employees in identifying relevant documents for preservation purposes.

13.     Ameriquest suggests the following definition: "Loan Files or Account Records" means herein all loan files and payment servicing records for all loans funded by Ameriquest during the agreed applicable statute of limitations period (i.e. January 1, 1999 should we agree to that Start Date).

## ISSUE NO. FOUR – "DOCUMENTS DESCRIBING POLICIES AND PROCEDURES"

14.     Ameriquest recommended in its proposed Preservation Order that all its policies and procedures related to loan origination be preserved since such documents area relevant to the claims asserted by Plaintiffs in their Complaints.

15.     The Cooperating Plaintiffs' proposal to preserve "Documents Describing" undefined "Policies and Procedures" is clearly too broad and burdensome, as Ameriquest does not know what is meant by "Documents Describing" unspecified "Policies and Procedures."

16.     For example, the time limit Ameriquest imposes on its employees during which they can take their lunch break is not at issue in this case. Therefore, preserving all "Documents Describing" Ameriquest's employee lunch policy should not be subject to the preservation order.

17.     If Plaintiffs have a description of the particular documents or policies

concerning the issues raised in this lawsuit which they believe should be preserved, and which is superior to the definition suggested by Ameriquest, perhaps we can find mutually acceptable language. For example, if Plaintiffs proposed preserving all (A) Policies and Procedures, (B) Related to Loan Origination or Accounts, and (C) in effect since January 1, 1998, such concepts would be acceptable to Ameriquest.

## ISSUE NO. FIVE – "ATTORNEY GENERAL DOCUMENTS"

18.     Ameriquest suggested that it be required to preserve all documents requested by the consortium of attorneys general that led to the nationwide settlement.

19.     The Cooperating Plaintiffs demand preservation of all documents provided to any attorney general, at any time, for any reason.

20.     Such unlimited and unspecified order is unclear, too burdensome and requests preservation of documents that could not possibly be relevant for discovery purposes in this case. *Wm . T. Thompson Co. v. General Nutrition Corp., Inc.* 593 F.Supp. 1443, 1445 (C.D.Cal. 1984).

21.     If the description of the types of documents produced to the nationwide consortium of attorneys generals was not adequate, please tighten up the preservation order. We cannot comply with such an unlimited general order which is subject to contempt for disobedience.

## ISSUE NO. SIX – ALL ELECTRONIC RECORDS OF "ANY KIND"

22.     Ameriquest proposed to preserve all electronic documents related to its loan origination and its related policies and procedures - the documents that go to the gravaman of Plaintiffs' complaints.

23.     An obligation to preserve all electronic documents (including telephone, blackberry, faxes, computers, etc.) is simply too overbroad, burdensome and goes beyond the scope of what the Federal Courts require of litigants. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. October 22, 2003).

24.     If for some reason, Ameriquest's description is not acceptable, a tightening of the definition or the inclusion of categories that are reasonably related to the allegations in the complaints would potentially be acceptable. The unlimited description of all electronic records of "any kind" is simply impossible to comply with and an invitation to a motion for contempt.

## ISSUE NO. SEVEN – ALL RECORDS REQUIRED TO BE MAINTAINED BY STATUTE OR REGULATION.

25.     The Cooperating Plaintiffs added a category of documents not even part of its requested court order that includes records required to be maintained by "statute" or "regulation".

26.     Such an overly broad request leaves Ameriquest to question, "What Statutes" or "What Regulations" or "What Documents" you are referring to. Again, the issues in this lawsuit should play a central role in determining what type of documents Ameriquest is obligated to preserve. Ameriquest's duties to maintain particular documents pursuant to the laws of the United States which Plaintiffs do not claim have been violated, and which do not concern the subject matter of this lawsuit, are of no relevance to this action.

27.     Moreover, if some statute or regulation requires preservation, why include them in the Preservation Order? They are already covered by some other statute or regulation. Perhaps the Cooperating Plaintiffs original draft order should be benchmark.

## ISSUE NO. EIGHT – ALL RECORDS REQUIRED BY LAW OR ETHICS TO BE PRESERVED

28.     The Cooperating Plaintiffs added a second category of documents not part of its moving papers, to include a preservation order for all documents required by "law" or "ethics" to preserve. Again, the rhetorical questions of "What laws" or "What Ethical Obligations" or "What documents" leave Ameriquest guessing as to what types of documents Plaintiffs are referring to. Put yourselves in Ameriquest's position, what orders would you give to its employees? Impossible.

29.     If Plaintiffs cannot identify the specific "law" or "ethical obligation" they are referring to, and specify which documents are subject to preservation under these laws and/or obligations, as well as their relevance to this action, then this category should be taken out.

## ISSUE NO. NINE – PRESERVATION ORDER FOR AMERIQUEST AFFILIATED OR RELATED COMPANIES

30.     Ameriquest's related companies are not legally bound by any Preservation Order which Ameriquest may enter into in this action.

31.     Furthermore, Ameriquest does not have control over the documents maintained by its related companies.

32.     Any Preservation Order for a "related" or "affiliated" company must be separately negotiated with such company. Ameriquest simply does not have the

10/13/2006

legal power to bind its affiliated or related companies.

## ISSUE NO. TEN – NOTICE TO ALL AMERIQUEST EMPLOYEES

33.   Ameriquest provided that notice of the preservation order should go to those employees charged for maintaining the identified documents.

35.   The Cooperating Plaintiffs require that the notice of the preservation order go to all Ameriquest employees.

36.   "All employees" is not only overly broad and burdensome, but it is also designed to bring unreasonable harm to Ameriquest. Ameriquest recognizes that its senior management is under a duty to inform its employees of the pending litigation and advise them of the Court's Preservation Order. Ameriquest is also aware that it cannot shield itself behind the actions of its underlying employees. However, the responsibility to distribute this Preservation Order to those employees who deal with documents which have been identified as those that should be preserved per the Order rests squarely on the shoulders of its senior corporate officers. *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 169 F.R.D. 598 (D. N.J. 1997).


Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |

## [PROPOSED] ORDER CONCERNING DOCUMENT PRESERVATION

And now this _____ day of _____, 2006, having reviewed the Stipulation of the "Cooperating Plaintiffs" and Defendant Ameriquest Mortgage Company ("Ameriquest") to preserve documents, it is hereby ORDERED that Ameriquest preserve and retain documents in the following categories:

1.     All loan files signed on or after January 1, 2000 for any Ameriquest borrower whose Ameriquest loan has not been paid off, liquidated or service released as of the date of entry of this Preservation Order;

2.     All loan files signed on or after January 1, 2000 for any Ameriquest borrower whose Ameriquest loan has been paid off, liquidated or service released as of the date of entry of this Preservation Order;

3.     All documents responsive to a Request for Production of documents that had been previously served upon Ameriquest in any case now pending in the above referenced proceedings or is being considered for transfer to the above referenced proceedings;

4.     All policies or procedures that govern loan origination at Ameriquest that were in full force and effect on or after January 1, 2000;

5.     All documents that Ameriquest produced to the state Attorneys General in response to any request for production of documents that related to Ameriquest originated loans

or Ameriquest policies and procedures governing loan origination in connection with the Attorneys General Settlement entered on or about January 23, 2006; and

6.     All electronic records related to Ameriquest originated loans as well as it policies and procedures governing Ameriquest loan originations created on or after January 1, 2000 that are in existence as of the date of entry of this Preservation Order.

Nothing contained in this Preservation Order shall constitute a waiver of any kind, including but not limited to, any objection to the production of such documents in these proceedings, or be deemed an agreement by Ameriquest that documents subject to this Preservation Order shall be deemed relevant for discovery purposes, or that they be required to be produced in discovery, or otherwise in the above referenced proceedings.

Ameriquest shall immediately implement this Preservation Order by memorandum to all of its employees who are responsible for records retention and/or destruction, which memorandum shall specifically override any document destruction policies that Ameriquest presently has in place, and Ameriquest shall certify compliance to the Court within ten days of the date this Preservation Order is entered by this Court.

This Preservation Order shall remain in place until the close of the discovery period in any of the transferred cases absent a superseding Preservation Order of the Court.

Dated: _____

     Judge of the United States District Court

**Exhibit 4**

**Andrus, Sarah**

| | |
|---|---|
| **From:** | Shennan Kavanagh [kavanagh@roddykleinryan.com] |
| **Sent:** | Tuesday, October 10, 2006 7:56 AM |
| **To:** | LeSage, Bernard |
| **Cc:** | Gary Klein |
| **Subject:** | Document Preservation |

Bernie,

Gary is traveling and asked me to send you the below list of categories applying to the policies and procedures and electronic records portions of the document preservation request.

III. POLICIES AND PROCEDURES:  CATEGORIES

All records of policies or procedures related to:
* loan origination,
* solicitation of new customers,
* solicitation of existing customers,
* lead generation,
* loan terms offered,
* marketing,
* sales,
* underwriting,
* rate and term setting,
* customer contacts or customer service,
* boarding, servicing,
* employee compensation,
* employee quotas,
* employee discipline,
* handling customer complaints,
* handling regulatory inquiries,
* compliance  with state and federal laws and regulations,
* documentation of transactions,
* document retention and/or destruction,
* employee training,
* training of independent contractors,
* sales to investors,
* marketing to investors,
* instructions to third parties, including without limitation, title agents, closing agents, title insurers, appraisers,
* contracting with third parties, including without limitation, title agents, closing agents, title insurers, appraisers,
* disclosures of loan terms to customers,
* notices of right to cancel,
* providing instructions for closing loans to third party closing agents,
* programming and use of computer systems including computerized systems for underwriting, rate setting, employee  compensation

Shennan
--
Shennan Kavanagh
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd Floor
Boston, MA 02111

P. 617.357.5500 ext. 12
F. 617.357.5030
kavanagh@roddykleinryan.com

**Exhibit 5**

## Andrus, Sarah

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Tuesday, October 10, 2006 9:35 AM |
| **To:** | 'Shennan Kavanagh'; Gary Klein; 'Dermody, Kelly M.' |
| **Cc:** | 'DTiberend@ameriquest.com' |
| **Subject:** | RE: Diane Tiberend |

Gary and Team,
1.  Thank you very much for taking the time to meet with us yesterday.  It was very informative.
2.  In order to facilitate communications particularly with regard to time sensitive new cases related to foreclosures, above is Diane's direct e-mail.
3.  As per our discussion, please always e-mail me with any communications you send directly to Diane.
4.  In connection with your expanded request for document preservation, I am assuming that plaintiffs will be willing to pay for the costs of such preservation.  We will provide you that estimate of costs some time later this week.
5.  If you are not willing to pay for such preservation, please so advise, since that may have to be an issue for Judge Aspen.
6.  You may also wish to reconsider your document preservation order to make it more tailored to what you really will expect to get in discovery based upon the allegations in the complaints.  A reasonably tailored document preservation order such as those previously exchanged would dramatically reduce the cost of preservation.
7.  As previously stated, Ameriquest is prepared to preserve all the documents you want, but the cost of such preservation will have to be at your expense.

Thanks,
Bernie
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.


-----Original Message-----
From: Shennan Kavanagh [mailto:kavanagh@roddykleinryan.com]
Sent: Tuesday, October 10, 2006 8:17 AM
To: LeSage, Bernard
Subject: Diane Tiberend

Bernie,

Do you have Diane's direct contact information? Thanks.

Shennan
--
Shennan Kavanagh
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd Floor
Boston, MA 02111
P. 617.357.5500 ext. 12
F. 617.357.5030
kavanagh@roddykleinryan.com

2

**Exhibit 6**

## Andrus, Sarah

| | |
|---|---|
| **From:** | Gary Klein [klein@roddykleinryan.com] |
| **Sent:** | Wednesday, October 11, 2006 9:58 AM |
| **To:** | LeSage, Bernard; Shennan Kavanagh; Dermody, Kelly M.; Jill bowman |
| **Cc:** | DTiberend@ameriquest.com; Gillian Feiner |
| **Subject:** | Foreclosure Issues/Document Preservation |

Bernie: Thank you for your response.

With regard to foreclosure issues, please advice as to the time-sensitive
Centeno case -- for which we sent you a rescission letter and an incomplete
notice of right to rescind yesterday. The foreclosure sale is scheduled for
Monday. We are requesting that the Centeno foreclosure sale be postponed
pending further discussion of these issues -- on the same basis that
Ameriquest has postponed foreclosure sales in the past for identically
situated individuals. Absent an agreement, we intend to move for additional
injunctive relief in the MDL proceeding.

With regard to document preservation, I am not sure why you are
characterizing our latest proposal an "expanded request". We intended to
narrow the request by providing specific categories of documents. This was
in response to the position you took in our conversation last Wednesday that
you needed more specific language.

In your email, you request for the first time that Plaintiffs agree to pay
Ameriquest's costs of document preservation. We are unwilling to do so. If
you intend to continue to put this position forward in our negotiations,
please supply precedent as well as a list of documents Ameriquest would be
required to preserve in this matter that it would otherwise destroy pursuant
to its existing procedures (as well as specific information about the volume
of such documents.)

We continue to be willing to consider ways to narrow the proposed document
preservation order, but await a more specific response from you concerning
the categories we have proposed.

Thanks.

Gary

--
Gary Klein
Roddy, Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA 02111

klein@roddykleinryan.com
(617) 357-5500 ext. 15 (phone)
(617) 357-5030 (fax)

10/13/2006

On 10/10/06 12:35 PM, "LeSage, Bernard" <BLESAGE@buchalter.com> wrote:

> Gary and Team,
> 1. Thank you very much for taking the time to meet with us yesterday.
> It was very informative.
> 2. In order to facilitate communications particularly with regard to
> time sensitive new cases related to foreclosures, above is Diane's
> direct e-mail.
> 3. As per our discussion, please always e-mail me with any
> communications you send directly to Diane.
> 4. In connection with your expanded request for document preservation,
> I am assuming that plaintiffs will be willing to pay for the costs of
> such preservation. We will provide you that estimate of costs some time
> later this week.
> 5. If you are not willing to pay for such preservation, please so
> advise, since that may have to be an issue for Judge Aspen.
> 6. You may also wish to reconsider your document preservation order to
> make it more tailored to what you really will expect to get in discovery
> based upon the allegations in the complaints. A reasonably tailored
> document preservation order such as those previously exchanged would
> dramatically reduce the cost of preservation.
> 7. As previously stated, Ameriquest is prepared to preserve all the
> documents you want, but the cost of such preservation will have to be at
> your expense.
>
> Thanks,
> Bernie
> Bernard E. LeSage
> Buchalter Nemer
> 1000 Wilshire Boulevard, Suite 1500
> Los Angeles, CA 90017-2457
> Direct Number - (213) 891-5230
> Firm Number - (213) 891-0700
> Cell Number - (619) 985-4415
> Direct Fax - (213) 630-5715
> Firm Fax - (213) 896-0400
> E-mail - blesage@buchalter.com
>
> Firm Directory of Attorneys:
> http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
> Please see <http://www.buchalter.com/> for the policies governing this
> transmission.
>
>
>
> -----Original Message-----
> From: Shennan Kavanagh [mailto:kavanagh@roddykleinryan.com]
> Sent: Tuesday, October 10, 2006 8:17 AM
> To: LeSage, Bernard
> Subject: Diane Tiberend
>
> Bernie,
>
> Do you have Diane's direct contact information? Thanks.
>
> Shennan

10/13/2006

**Exhibit  7**

## Andrus, Sarah

| | |
|---|---|
| **From:** | LeSage, Bernard |
| **Sent:** | Friday, October 13, 2006 12:55 PM |
| **To:** | 'Gary Klein'; 'Dermody, Kelly M.'; 'Shennan Kavanagh' |
| **Cc:** | 'DTiberend@ameriquest.com'; Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A. |
| **Subject:** | RE: Negotiations of Outstanding Issues Related to the Preservation Order |

Gary and Team,

1. I have not heard from any of you regarding the Cooperating Plaintiffs willingness to pay for the costs associated with the 28 new undefined categories of document that the Cooperating Plaintiffs expect Ameriquest to preserve. See below copy of Cooperating Plaintiffs expanded list of documents they insist that Ameriquest preserve.

2. From such "sound of silence" I am assuming that none of the Cooperating Plaintiffs will pay anything to implement the Preservation Order that the Cooperating Plaintiffs are requesting. Please immediately advise if this is a correct or incorrect assumption.

3. To keep negotiations as much on track as possible, let me summarize the outstanding issues that I believe are left to either resolve, or tender to Judge Aspen after our face to face meeting held on Monday, October 9, 2006:

### Issue No. 1: Statute of Limitations

All negotiating parties have agreed to a preservation cut-off date of January 1, 1999 for all **closed** files/loans only. The Cooperating Plaintiffs have not and will not agree to the same cut-off date for open loans. Cooperating Plaintiffs insist that there be no statute of limitations cut off date for preserving data related to performing loans.

### Issue No. 2: "Loan Files or Account Records"

This issue was partially resolved until we received the Cooperating Plaintiffs expanded document preservation request set forth in your e-mail below. All negotiating parties have agreed to Ameriquest's suggested definition: "Loan Files or Account Records" means herein all loan files and payment servicing records for all loans funded by Ameriquest during the applicable statute of limitations period (i.e. January 1, 1999). However, Cooperating Plaintiffs have expanded the general categories of documents that must be preserved to include 28 brand new and totally undefined categories of documents. None of such 28 new categories of documents were part of the Cooperating Plaintiffs' motion and proposed order. None of such 28 new categories of documents are specific enough or at all defined such that Ameriquest could tell its employees what the Cooperating Plaintiffs meant by each such new document category. Moreover, such new categories of documents potentially encompass an extraordinary amount of documents resulting in an extraordinary cost to preserve them. So far, the Cooperating Plaintiffs are

10/13/2006

refusing to pay for any of the preservation costs that will be necessitated by the implementation of their proposed form of Preservation Order.

**Issue No. 3: "Documents Describing Policies and Procedures"**
This issue has not yet been agreed upon. After the Cooperating Plaintiffs rejected Ameriquest's proposed definition, Ameriquest asked the Cooperating Plaintiffs to give a better description of what policies and procedures they would like preserved. Instead, the Cooperating Plaintiffs submitted an undefined general list of 28 new categories of policies and procedures. Cooperating Plaintiffs insist that ALL policies and procedures related to or even possibly related to any of the 28 new categories of undefined documents must be preserved DESPITE their inability to define each such category of documents. These 28 brand new categories of documents are transparently too unlimited in scope and have no basis in the complaints. Even an exercise of trying to provide instructions to employees as to what documents are encompassed in each such category of documents is impossible, and therefore cannot possible support an order that could carry the penalty of contempt. Moreover, it would be overly burdensome and expensive to preserve such broad and undefined categories of documents. The Cooperating Plaintiffs refuse to pay any of the costs related to their proposed form of Preservation Order.

**Issue No. 4: "Attorney General Documents"**
The negotiating parties have agreed as to this issue. All negotiating parties have agreed that Ameriquest would be required to preserve all documents requested and produced by and to the consortium of attorneys general that led to the nationwide AG settlement as defined in Ameriquest's last proposed form of Stipulation and Order.

**Issue No. 5: All Electronic Records of "Any Kind"**
The negotiating parties have not agreed as to this issue. It appears that the Cooperating Plaintiffs are insisting that "all electronic records of any kind" related to all 28 new categories of documents are to be preserved, without definition of what the Cooperating Plaintiffs mean by each category. Moreover, Cooperating Plaintiffs refuse to pay for the extraordinary costs that would be associated with such a mind boggling preservation order.

**Issue No. 6: All Records Required to Be Maintained by Statute or Regulation**
The negotiating parties have agreed to remove this category of documents from the proposed form of Preservation Order.

**Issue No. 7: All Records Required by Law or Ethics to Be Preserved**
The negotiating parties have agreed to remove this category of documents from the proposed form of Preservation Order.

**Issue No. 8: Preservation Order for Ameriquest Affiliated or Related Companies**
The negotiating parties have agreed that if an Ameriquest subsidiary has servicing

records related to Ameriquest loans, then such documents would be preserve, however, Ameriquest does not have control over documents maintained by companies that have their own loans, policies, procedures and documents.   Therefore, such companies would not be party to this stipulation and court order.  A separate preservation order, however, would be negotiated.

**Issue No. 9:  Notice to All Ameriquest Employees**
The parties agreed that Ameriquest is to provide notice of the preservation order to only those employees charged with preserving the identified documents.


III. POLICIES AND PROCEDURES:  CATEGORIES

All records of policies or procedures related to:
- loan origination,
- solicitation of new customers,
- solicitation of existing customers,
- lead generation,
- loan terms offered,
- marketing,
- sales,
- underwriting,
- rate and term setting,
- customer contacts or customer service,
- boarding, servicing,
- employee compensation,
- employee quotas,
- employee discipline,
- handling customer complaints,
- handling regulatory inquiries,
- compliance  with state and federal laws and regulations,
- documentation of transactions,
- document retention and/or destruction,
- employee training,
- training of independent contractors,
- sales to investors,
- marketing to investors,
- instructions to third parties, including without limitation, title agents, closing agents, title insurers, appraisers,
- contracting with third parties, including without limitation, title agents, closing agents, title insurers, appraisers,
- disclosures of loan terms to customers,
- notices of right to cancel,
- providing instructions for closing loans to third party closing agents,

10/13/2006

- programming and use of computer systems including computerized systems for underwriting, rate setting, employee compensation


Shennan
--
Shennan Kavanagh
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd Floor
Boston, MA 02111
P. 617.357.5500 ext. 12
F. 617.357.5030
kavanagh@roddykleinryan.com


-----Original Message-----
From: LeSage, Bernard
Sent: Tuesday, October 10, 2006 9:35 AM
To: 'Shennan Kavanagh'; Gary Klein; 'Dermody, Kelly M.'
Cc: 'DTiberend@ameriquest.com'
Subject: RE: Diane Tiberend

Gary and Team,
1. Thank you very much for taking the time to meet with us yesterday. It was very informative.
2. In order to facilitate communications particularly with regard to time sensitive new cases related to foreclosures, above is Diane's direct e-mail.
3. As per our discussion, please always e-mail me with any communications you send directly to Diane.
4. In connection with your expanded request for document preservation, I am assuming that plaintiffs will be willing to pay for the costs of such preservation. We will provide you that estimate of costs some time later this week.
5. If you are not willing to pay for such preservation, please so advise, since that may have to be an issue for Judge Aspen.
6. You may also wish to reconsider your document preservation order to make it more tailored to what you really will expect to get in discovery based upon the allegations in the complaints. A reasonably tailored document preservation order such as those previously exchanged would dramatically reduce the cost of preservation.
7. As previously stated, Ameriquest is prepared to preserve all the documents you want, but the cost of such preservation will have to be at your expense.


Thanks,
Bernie
Bernard E. LeSage

10/13/2006

Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys:
http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

## CERTIFICATE OF SERVICE

    I, Bernard E, LeSage, hereby certify that on this 16th day of October 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                By: /s/  Bernard E. LeSage