Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 10/24/2006 |
| **CASE TITLE** | In Re: Ameriquest Mortgage Co. | | |

**DOCKET ENTRY TEXT**

Defendants' renewed motion (Dkt. Nos. 221 & 222) for reassignment of Gburek v. Argent Mortgage Co., LLC, et al, Case No. 06 C 2639, is granted.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

On June 28, 2006, we entered an Order granting reassignment of twenty-five cases to an MDL proceeding currently before us. (*See* 05-cv-07097, Docket No. 189) Our Order gave effect to agreements between the parties to each reassigned case. However, on July 19, 2006, Gburek and defendants agreed by stipulation to vacate the June 28 Order as it applied to *Gburek*. (Docket No. 207) Defendants now renew their motion to reassign *Gburek*.

Gburek does not object to reassignment provided all claims and defendants in her case are reassigned. (Gburek Resp. to Mot. to Reassign, ¶ 1) Defendant WMC, however, objects to what it terms Gburek's "conditional consent," and seeks to reserve the ability to later seek a severance of the claims brought against WMC. (WMC Reply, at 1)

WMC raises several points in support of its argument that severance is merited with respect to Gburek's claims against WMC. However, at this stage, only the issue of reassignment is before us. Because Gburek does not object to reassignment, and because reassignment is proper under Local Rules 40.4(a) and (b), we grant defendants' motion and reassign *Gburek* in its entirety to the MDL proceeding now before us. We do so without prejudice to any party's right to later move for severance.

It is so ordered.

*/s/ Marvin E. Aspen*