IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**PLAINTIFFS' REPLY TO AMERIQUEST'S OPPOSITION TO MOTION FOR ENTRY OF A DOCUMENT PRESERVATION ORDER**

**INTRODUCTION**

Cooperating Plaintiffs file this reply to Ameriquest's Opposition To Their Motion For Entry Of A Document Preservation Order ("Opposition") [Docket No. 268], to address Ameriquest's assertions relating to the scope of the proposed order[1] and the allocation of the cost of preservation of the documents. As set forth more fully in Plaintiffs' Memorandum In Support Of Motion For Entry Of A Document Preservation Order [Docket No. 237], ("Plaintiffs' Memo."), the 9-month litigation stay, lack of information available to Cooperating Plaintiffs relating to Ameriquest's document preservation policies, and Ameriquest's recent significant downsizing, including the closing of 229 branch offices and termination of over 3,800 employees, necessitate the entry of a document preservation order. [Plaintiffs' Memo., pp. 4-5].

---

[1] Ameriquest has identified the scope-related issues as: (1) the definition of which loan documents and account records must be preserved, (2) the time period for which Ameriquest must retain loan documents and account records for Ameriquest loans that have not been paid-off, liquidated or service-released, (3) the policies and procedures that Ameriquest must retain and, (4) the electronic records that Ameriquest must retain. [Opposition, pp. 2-3].

Cooperating Plaintiffs agree that the parties have made significant headway in their negotiations.[2] However, Ameriquest's contentions that Cooperating Plaintiffs have broadened the scope of documents they seek to preserve, that the document preservation order can only apply to Cooperating Plaintiffs' cases, or that individual borrowers, rather than Ameriquest, should bear the costs of preserving documents are wrong. In light of Ameriquest's unwillingness to continue to negotiate these issues, Cooperating Plaintiffs respectfully seek relief from the Court.

## OUTSTANDING ISSUES

I. **Scope Of Document Preservation Order**

    A. **At Defendant's Request For Clear And Precise Definitions, Cooperating Plaintiffs Enumerated A List Of 29 Categories Of Documents Applicable To Ameriquest's "Policies And Procedures" And "Electronic Records" Consistent With Document Requests Already Served Or Contemplated**

Notably, more than 600 cases are included in this MDL proceeding. These cases challenge virtually every aspect of Ameriquest's marketing, lending and servicing practices. By virtue of the class action allegations, almost every loan Ameriquest has made in the last six years is now implicated in this proceeding.

Ameriquest's claim that Cooperating Plaintiffs have enlarged the scope of documents they seek to preserve by listing the specific types of documents within the "policies and procedures" and "electronic records" categories is not only wrong, but contradictory; Cooperating Plaintiffs created this list in response to *Ameriquest's request* for specific categories of documents for preservation. As stated in its Opposition, one of Ameriquest's "primary

---

[2] Cooperating Plaintiffs do not contest Ameriquest's factual recitation of the parties' negotiations or its list of resolved issues, outlined on pages 2, 14, and 15 in Ameriquest's Opposition, and refer this Court to the Opposition to avoid redundancy here.

concerns" in reaching an agreement on a document preservation order is making sure that the categories of documents subject to any order are sufficiently well-defined so that it can ensure compliance with the order. [Opposition, p. 1]. Cooperating Plaintiffs have done just that. As conceded by Ameriquest, a detailed preservation order is in its best interest because it can be sure that it is complying with its obligations. [Opposition, p. 1]; *See Treppel v. Biovail Corp.*, 233 F.R.D. 363, 369 (S.D.N.Y. 2006) ("…preservation order protects the producing party by defining clearly the extent of its obligations.").

It is not surprising that 29 categories of documents are at issue, because due to the number of transferred cases, this litigation now encompasses aspects of virtually all of Ameriquest's interactions with its customers. In addition, these categories are consistent with requests for production of documents already served on Ameriquest or contemplated by counsel in prosecuting this action. Cooperating Plaintiffs have used their discovery plan as one guidepost to frame and define categories sought in their originally filed Proposed Order Concerning Document Preservation ("Proposed Order"), [Exhibit 1 to Docket No. 236]. If specific categories are unacceptable, Cooperating Plaintiffs ask the Court to simply enter an order – as previously requested - with broad general language that encompasses all marketing, lending and servicing records currently in existence.

With respect to electronically stored evidence, such as e-mails and other forms of electronic communication, document preservation orders are increasingly routine. *Treppel*, at 370, citing, *Pueblo of Laguna v. United States,* 60 Fed. Cl. 133, 136 (2004). As demonstrated by the amendments to Fed. R. Civ. P. 34, effective December 1, 2006, Congress intended the scope of discoverable electronically stored information to be broad. Fed. R. Civ. P. 34 advisory committee's note ("Rule 34(a)(1) is intended to be broad enough to cover all current types of

3

computer-based information…," "References elsewhere in the rules to 'electronically stored information' should be understood to invoke this expansive approach.").

There is little burden on a defendant, such as Ameriquest, associated with a requirement for preservation of electronic business records. Current technology permits Ameriquest to store very substantial electronic records in a small amount of space. Notably, Ameriquest does not argue that it does not maintain such records. Instead, without explanation, it asserts that retention would be burdensome.

> **B. The Proposed Document Preservation Order Applies To All Plaintiffs In The MDL**

This Court recognizes that a document preservation order that applies to all plaintiffs and putative class members in an MDL proceeding is appropriate. *See, e.g., HJB, Inc. v. American Home Products Corp.*, Nos. 93 C 6728, 93 C 6789, 93 C 6790, 93 C 6773, 1994 WL 31005, at *1 (N.D. Ill. Feb. 1, 1994) (document preservation order entered in multi-district litigation when motions to consolidate cases with additional parties are pending). Indeed, document preservation orders are common in complex litigation. *Id.*

Cooperating Plaintiffs team includes counsel in 19 separate class actions and many of the individual cases pending in the MDL.[3] Cooperating Plaintiffs' class cases were the first-filed class actions against Ameriquest and constitute the most comprehensive cases transferred to this MDL proceeding. These class cases cover the vast majority of the claims against Ameriquest in

---

[3] The law firm of Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") also have a large number of individual cases, however, Cooperating Plaintiffs continue to work to protect the rights of all MDL Plaintiffs, as well as toward an agreement with ECLG for a comprehensive case management plan.

the other transferred cases, which all contain allegations that Ameriquest engaged in predatory mortgage lending and servicing practices.

Moreover, on May 30, 2006, in response to a motion by Cooperating Plaintiffs, this Court issued an Order granting temporary injunctive relief in the form of notice of potential cancellation rights to all putative class members who are subject to imminent mortgage foreclosure by Ameriquest. [Docket No. 142]. The Court's order applied to *all* Ameriquest borrowers who may have the right to cancel their loans. Likewise, a comprehensive document preservation scheme should apply to all the plaintiffs and putative class members in the MDL proceeding.[4] It is clear that all plaintiffs have an interest in preserving critical evidence here, and there is no reason to think that a broad requirement for document preservation would prejudice any plaintiffs. Indeed, none has objected to the Cooperating Plaintiffs' motion.

Finally, Ameriquest's argument that it should not be required to preserve documents of borrowers who opt-in to the Attorneys General's settlement, *when notice has not yet been sent*, is premature. Ameriquest cannot predict the percentage of borrowers who will choose to accept benefits available under the AG's settlement. Even if it could, it is irrelevant for the purposes of this request for a document preservation order. The parties can determine appropriate modifications to the document preservation order, if necessary, when the AG's settlement is effectuated.

---

[4] In making its due process argument, Ameriquest overlooks the benefits conferred upon it should this Court enter a document preservation order that applies to the entire MDL proceeding, such as avoiding duplicative negotiations with the parties in other transferred cases.

**II.     Ameriquest Is Required To Bear The Expense Of The Document Preservation Order**

Ameriquest points to no authority that requires individual borrowers, rather than a corporate entity, to bear the expense of a document preservation order. Unique and compelling circumstances must be present for a court to even consider allocating the expense of preservation. At the outset, the court in *Treppel* recognized that, "the presumption is that the party possessing information must bear the expense of preserving it for litigation." *Treppel*, at 373. Only when the demanding party seeks the preservation of information that is likely to be of only marginal relevance but is costly to retain, will a court have discretion to consider allocating the costs. *Id.* (emphasis supplied).

The documents Cooperating Plaintiffs seek here are essential to establishing their cases. Ameriquest has failed to explain how or to what extent Cooperating Plaintiffs' document preservation request will result in an undue expense. Ameriquest's bald assertion that the plaintiffs in this case - struggling homeowners - should bear the costs of preservation is inequitable.

**III.    Cooperating Plaintiffs' Motion Establishes The Necessity For The Issuance Of A Document Preservation Order**

None of the cases cited by Ameriquest to support its argument that documents are not likely to be lost or destroyed[5] contain the same procedural posture or facts present here. *See. e.g., Capricorn Power Company, Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 436-438 (W.D. Pa. 2004) (document preservation request denied when discovery was already underway and party's reasons for order were based on other party's failure to produce

---

[5] In bringing their motion, Cooperating Plaintiffs are not suggesting that Ameriquest has or will intentionally engage in document destruction.

6

documents); *Treppel*, at 372-373, (document preservation request denied when reason for request was that party belatedly implemented a preservation scheme); *Pierce v. Citibank (South Dakota), N.A.*, Civ. No. 93-343-FR, 1994 WL 48959, at *3 (D. Or. Feb. 9, 1994) (denying request in light of specific statutes mandating preservation – the Racketeer Influenced and Corrupt Organizations Act of 1970 (RICO) and the Equal Credit Opportunity Act of 1974); *In re Potash Antitrust Litig.*, No. 3-93-197, 1994 WL 1108312, at *3 (D. Minn. Dec. 5, 1994) (preservation order unnecessary when defendants were on notice that they must preserve broad categories of documents and discovery was underway); *Pepsi-Cola Bottling Company v. Cargill, Inc.*, Civ. No. 3-95-784, 1995 WL 783610 (D. Minn. Dec. 5, 1994) (preservation order unnecessary when discovery commenced); *Hester v. Bayer Corp.*, 206 F.R.D. 683, 686 (M.D. Ala. 2001) (request for preservation order denied when plaintiffs sought the entry of an open-ended order on an *ex parte* basis, defendants were not given the opportunity to inform the court that they were already taking appropriate steps to preserve as required by the law, and defendants did not participate in drafting the proposed order); *Laffin v. Cerus Corp.*, No. C 03-5517-JF RS, 2004 WL 3080344 (N.D. Cal. Mar. 22, 2004) (preservation order unnecessary in light of the Private Securities Litigation Reform Act's statutory mandate requiring preservation); *United States es. Rel. Smith vv. Boeing Col*, No. Civ. A. 05-1073, 2005 WL 2105972, at *2 (D. Kan. Aug. 31, 2005) (preservation order unnecessary when party provided the court with evidence that within days of being notified of the lawsuit, it took appropriate steps to preserve relevant evidence); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 674-675 (C.D. Cal. 2005) (court denied document preservation request because obligation to preserve evidence is statutorily mandated by the Private Securities Litigation Reform Act); *Ferrari v. Gisch*, 225 F.R.D. 599, 611 (C.D. Cal. 2004) (court denied document preservation request because obligation to preserve evidence is statutorily mandated

by the Private Securities Litigation Reform Act, preserving party provided a declaration of its attorney that affirmative steps had been taken to preserve evidence in accordance with the act's requirements, including e-mail notification to all its employees regarding this litigation and their duty to preserve documents.").

By contrast, here there is no statutory requirement that documents be preserved and no evidence that Ameriquest has taken any steps, much less affirmative and prophylactic measures, to prevent the destruction of relevant evidence. There has been a litigation stay in place since February, 2006, and the parties have not exchanged any discovery. Cooperating Plaintiffs' presently have no information regarding Ameriquest's document preservation policies, and many Ameriquest offices have been closed over the past year. Cooperating Plaintiffs have more than made a sufficient showing of the need for a preservation order here.

### IV. Summary Of Cooperating Plaintiffs' Position On Open Issues

To summarize, Cooperating Plaintiffs take the following positions on the five remaining open issues identified by Ameriquest in its Opposition on pages 2 and 3:

1. Cooperating Plaintiffs propose a definition of "loan files or account records," that includes either the 29 specific categories of documents they put forward during negotiations with Ameriquest, or the broader definition set forth in their Proposed Order. In light of the litigation and discovery stays, the definition contained in the order entered on this issue must be broad enough to encompass the many claims now present in this MDL.

2. The parties have agreed that the time period for which Ameriquest must retain loan documents and account records for closed loans will encompass the years 1999 through the present. In addition, Cooperating Plaintiffs propose that Ameriquest retain loan documents and account records for all existing customers (open loans), regardless of when those loans were

originated. Breaches of contract and servicing violations may have occurred on those loans within the last four-year period and indeed may yet occur in the future. Lending businesses routinely maintain files on their existing customers.

3. Cooperating Plaintiffs do not offer a compromise position relating to the scope of the policies and procedures documents that Ameriquest must retain. The scope of documents associated with this category is comparatively minimal and therefore their preservation does not create an undue burden on Ameriquest. Plaintiffs are entitled to broad discovery of information about how Ameriquest instructed its employees and contractors to interact with Ameriquest customers. Moreover, they are entitled to information about the policies with respect to issues such as employee compensation and employee discipline in light of the claims, present in many cases, that employees or contractors misled customers about the terms of their loans in order to earn commissions and bonuses.

4. Cooperating Plaintiffs maintain that the scope of the electronic records Ameriquest must retain under their Proposed Order is reasonable and not overly burdensome. Ameriquest has made no showing that electronic records are difficult or expensive to maintain.

5. Ameriquest has made no showing of the real costs to it of maintaining the requested documents. Indeed, it would be impossible to separate Ameriquest's document preservation expenses incurred in the normal course of its business from those incurred by virtue of any document preservation order entered in this case. Cooperating Plaintiffs should not be required to bear any part of these costs in any event.

**CONCLUSION**

For the reasons discussed herein, Plaintiffs request that a document preservation order be entered. That order should be consistent with the Parties' agreements to the extent possible, but otherwise should reflect the proposed order Cooperating Plaintiffs filed with the instant motion.

Respectfully submitted,

| | |
|---|---|
| */s/ Kelly M. Dermody* | */s/ Gary Klein* |
| Kelly M. Dermody | Gary Klein |

| | |
|---|---|
| Kelly M. Dermody (CA Bar No. 171716) | Gary Klein |
| Caryn Becker (CA Bar No. 196947) | Elizabeth Ryan |
| LIEFF, CABRASER, HEIMANN | Shennan Kavanagh |
|   & BERNSTEIN, LLP | RODDY KLEIN & RYAN |
| 275 Battery Street, 30th Floor | 727 Atlantic Avenue |
| San Francisco, CA 94111-3339 | Boston, MA 02111-2810 |
| Telephone: (415) 956-1000 | Telephone: (617) 357-5500 ext. 15 |
| Facsimile: (415) 956-1008 | Facsimile: (617) 357-5030 |

   */s/ Terry Smiljanich*
Terry Smiljanich

Terry Smiljanich
Jill Bowman
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Proposed Plaintiffs' Co-Lead Counsel*

      */s/ Marvin A. Miller*
         Marvin A. Miller

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL 60602
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
                 *Proposed Plaintiffs' Liaison Counsel*

Date: October 24, 2006