UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | |
| MORTGAGE LENDING PRACTICES | ) | MDL No. 1715 |
| LITIGATION | ) | Lead Case No. 05-CV-7097 |
| | ) | |
| | ) | Centralized before the |
| | ) | Honorable Marvin E. Aspen |
| | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Multiple sets of plaintiffs' attorneys – as well as counsel for defendants – have submitted several rounds of proposals for the organization and management of the class action and individual lawsuits comprising the above-captioned Multi-District Litigation.

The submissions cover the following issues: (1) the selection of a firm or firms to act as lead plaintiffs' counsel and plaintiffs' liaison counsel; (2) the composition of any committees of plaintiffs' attorneys; (3) whether and to what extent the cases should be divided into discrete groups and, if divided, which firms should represent the plaintiffs in each respective group; (4) discovery scheduling; (5) the application of this case management plan to later-instituted and add-on cases; (6) trial and mediation preparation; and (7) other such matters concerning the way the case is managed.

After reviewing all of the submissions, we set forth the following organizational structure for case management.

**I.      REASSIGNED CASES**

The following actions have been transferred by the MDL Panel or have otherwise been

reassigned to us:

| Abbreviated Case Name | Civil Case Number |
|---|---|
| *Andersen, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-1981 |
| *Applegate, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4867 |
| *Balark, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2430 |
| *Barletta v. Ameriquest Mortgage Co., et al.* | 06-cv-4560 |
| *Besterfield v. Ameriquest Mortgage Co., et al.* | 06-cv-2676 |
| *Billings, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-1849 |
| *Black, et al. v. Argent Mortgage Co., et al.* | 06-cv-4418 |
| *Bricker, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4528 |
| *Brown, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2830 |
| *Calder v. Ameriquest Mortgage Co., et al.* | 06-cv-5146 |
| *Cashen, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4683 |
| *Clarke, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4201 |
| *Cleveland v. Ameriquest Mortgage Co., et al.* | 06-cv-4306 |
| *D. Brown v. Ameriquest Mortgage Co., et al.* | 05-cv-4723 |
| *K. Brown et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-5111 |
| *Bergquist v. Ameriquest Mortgage Co., et al.* | 06-cv-1438 |
| *Buckner v. Ameriquest Mortgage Co., et al.* | 05-cv-6808 |
| *Dearden v. Ameriquest Mortgage Co., et al.* | 06-cv-2912 |
| *Doolittle et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-5033 |

| | |
|---|---|
| *Dougherty, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2482 |
| *Eskra v. Ameriquest Mortgage Co., et al.* | 06-cv-1879 |
| *Eson, et. al. v. Argent Mortgage Co., et al.* | 06-cv-2829 |
| *Filian, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2826 |
| *Furgeson v. Ameriquest Mortgage Co., et al.* | 04-cv-7627 |
| *Gajewski v. Ameriquest Mortgage Co., et al.* | 06-cv-3050 |
| *Garcia v. Argent Mortgage Co., et al.* | 06-cv-1829 |
| *Gburek v. Argent Mortgage Co., et al.* | 06-cv-2639 |
| *Geis v. Ameriquest Mortgage Co., et al.* | 06-cv-1716 |
| *Gelman, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4684 |
| *Gerbig, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4868 |
| *Grabowski v. Ameriquest Mortgage Co., et al.* | 06-cv-2549 |
| *Grabs v. Argent Mortgage Co., et al.* | 06-cv-2809 |
| *Green v. Argent Mortgage Co., et al.* | 06-cv-2045 |
| *Hall v. Ameriquest Mortgage Co., et al.* | 06-cv-1944 |
| *Hanson v. Ameriquest Mortgage Co., et al.* | 06-cv-1876 |
| *Harris v. Ameriquest Mortgage Co., et al.* | 05-cv-4025 |
| *Harris, et al. v. Town & Country Credit Corp., et al.* | 06-cv-3048 |
| *Hawkins v. Ameriquest Mortgage Co., et al.* | 06-cv-1848 |
| *Holzmeister v. Ameriquest Mortgage Co., et al.* | 05-cv-5911 |
| *Jenkins v. Argent Mortgage Co., et al.* | 06-cv-2044 |
| *Jewell v. Ameriquest Mortgage Co., et al.* | 06-cv-0269 |

| | |
|---|---|
| *Jiles v. Argent Mortgage Co., et al.* | 06-cv-2771 |
| *Jimenez v. Ameriquest Mortgage Co., et al.* | 05-cv-1009 |
| *Jones v. Ameriquest Mortgage Co., et al.* | 06-cv-2397 |
| *Jude v. Town & Country Credit Corp., et al.* | 06-cv-1691 |
| *Kessler v. Ameriquest Mortgage Co., et al.* | 06-cv-4999 |
| *Key v. Ameriquest Mortgage Co.* | 05-cv-1077 |
| *King Smith v. Town & Country Credit Corp., et al.* | 06-cv-3704 |
| *Lappin, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-5147 |
| *Leach v. Ameriquest Mortgage Co., et al.* | 06-cv-5000 |
| *Luedtke et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-4644 |
| *Lurry-Payne v. Ameriquest Mortgage Co., et al.* | 06-cv-1547 |
| *Magliano et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-1945 |
| *Martin v. Argent Mortgage Co., et al.* | 06-cv-1947 |
| *Mayfield v. Town & Country Credit Corp.* | 05-cv-6158 |
| *McGowan v. Ameriquest Mortgage Co., et al.* | 06-cv-1831 |
| *Melecio, et al. v. Town & Country Credit Corp., et al.* | 06-cv-2832 |
| *Mills v. Ameriquest Mortgage Co., et al.* | 05-cv-3976 |
| *Mormon v. Ameriquest Mortgage Co., et al.* | 06-cv-2514 |
| *Murray et al. v. Ameriquest Mortgage Co.* | 05-cv-1218 |
| *Perry v. Ameriquest Mortgage Co., et al.* | 05-cv-6172 |
| *Pinkstak et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-5035 |
| *Polydoros et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-6517 |

| | |
|---|---|
| *Rehbock v. Ameriquest Mortgage Co., et al.* | 06-cv-1581 |
| *Rocco, et. al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2897 |
| *Rodriguez et al. v. Town & Country Credit Corp., et al.* | 06-cv-1950 |
| *Rodriguez, et al .v. Ameriquest Mortgage Co., et al.* | 06-cv-2187 |
| *Salazar et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-4162 |
| *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2333 |
| *Smith, et al. v. Ameriquest Mortgage Co.* | 05-cv-0648 |
| *Smith, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2828 |
| *Solnin, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4866 |
| *Spencer v. Ameriquest Mortgage Co., et al.* | 06-cv-2396 |
| *Talley, et al. v. Ameriquest Mortgage Co.* | 05-cv-1080 |
| *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-5148 |
| *Thompson v. Ameriquest Mortgagte Co., et al.* | 06-cv-1546 |
| *Tieri v. Ameriquest Mortgage Co., et al.* | 06-cv-2683 |
| *Treadwell, et al. v. Ameriquest Mortgage Co.* | 05-cv-1078 |
| *Tremble v. Town & Country Credit Corp.* | 05-cv-2625 |
| *Walker, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2807 |
| *Warren v. Ameriquest Mortgage Co., et al.* | 06-cv-4415 |
| *Wertepny et al. v. Ameriquest Mortgage Co.* | 05-cv-1402 |
| *Wessel, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-1899 |
| *Wisniewski v. Town & Country Credit Corp., et al.* | 06-cv-2697 |

Defendants also request the reassignment of four additional cases: *Abercrombie v. Argent*

*Mortgage Co, et al.* (N.D. Ill., 05-cv-5024), *Hubbard v. Ameriquest Mortgage Co., et al.* (N.D. Ill., 05-cv-0389), and *Washington, et al. v. Ameriquest Mortgage Co., et al.* (N.D. Ill., 05-cv-1007).[1] All three of these cases have gone through summary judgment briefing, and the court in *Washington* has ruled on the parties' cross-motions. Given the advanced procedural posture of these three cases, we decline to reassign them and deny Ameriquest's request.

**II.     CONSOLIDATION**

The parties acknowledge significant differences among the reassigned and potential later-assigned cases, but disagree regarding whether and how to categorize the cases for purposes of determining plaintiffs' attorneys' roles, discovery, mediation, and trial. We perceive three distinct types of cases: (1) borrower class actions, (2) non-borrower class actions under the Fair Credit Reporting Act (FCRA), and (3) individual, non-class suits. All cases will be consolidated for pre-trial purposes and should for the time being continue to be filed under the same Master Docket and Caption, but given the probability that discreet substantive issues will arise in each type of case, lead plaintiffs' counsel will be determined for each category and substantive motions may vary by category.

There shall be two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower Fair Credit Reporting Act claimants. The two consolidated class action complaints should be filed by December 6, 2006. Defendants shall have until January 19, 2007 to answer or file Rule 12 motions. With respect to any Rule 12 motions, plaintiffs will have until

---

[1] Ameriquest also requested reassignment of *Tammerello v. Ameriquest Mortgage Co., et al.* (N.D. Ill., 05-cv-0466). However, on September 29, 2006, Ameriquest's Motion for Summary Judgment in that case was granted by Judge Coar and the case was terminated. *See* 05-cv-0466, docket entry 95.

-6-

February 9, 2007 to file their opposition, defendants have until February 23, 2007 to respond, and plaintiffs will then have until March 1, 2007 to reply.

Individuals who wish to opt out of the class actions shall give notice by January 5, 2007.

## III.    LATER-FILED OR TRANSFERRED ACTIONS

The parties are in substantial agreement that the terms of this Order shall apply to each action subsequently filed in or transferred to this Court alleging claims similar to those set forth in these actions. A later-added party must object to the consolidation of that case or to any other provision of this Order within ten days after the date on which the Clerk mails a copy of this Order to counsel for that party.

We expect counsel to call to the attention of the Clerk the filing or transfer of any action which might properly be consolidated with these actions.

## IV.    LEAD PLAINTIFFS' COUNSEL, LIAISON COUNSEL, AND COMMITTEES

Some of the law firms representing the plaintiffs in these actions have submitted several rounds of briefs regarding plaintiffs' leadership structure. There are two general positions regarding plaintiffs' leadership: (1) the Lieff/Roddy/James (LRJ) position, led by the law firms of Lieff, Cabraser, Heimann & Bernstein, LLP; Roddy Klein & Ryan; and James, Hoyer, Newcomber & Smiljanich, P.A.; and (2) the ECLG position, set forth by Edelman, Combs, Latturner & Goodwin in concurrence with Daniel Harris, esq. The LRJ position appears to represent the consensus view of the plaintiffs' attorneys: ECLG and Harris have been the only two firms to file competing plans to date.

### A.    Plaintiffs' Proposals

<u>LRJ proposes the following</u>:

1. The LRJ firms serve as co-lead counsel for all class actions;

2. Miller, Faucher and Cafferty LLP shall serve as Liaison Counsel;

3. An Executive Committee should be formed, chaired by Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP and also including Donovan Searles LLC and Crowder, Bedor & Paulson, LLP;

4. Non-class, or individual, cases should be handled by law firms of those plaintiffs' choosing, with the National Consumer Law Center (NCLC) and Consumer Law Group (CLG) serving as Co-Chairs of an Individual Consumer Claims Steering Committee; and

5. All plaintiffs' counsel shall form a Plaintiffs' Committee of the Whole to work with the co-lead counsel and the Executive Committee.

ECLG and Harris propose that:

1. ECLG serve as lead counsel for class actions alleging violations of the Fair Credit Reporting Act and for non-class individual cases;

2. ECLG serve as liaison counsel;

3. The Executive Committee consist of representative attorneys for all types of cases; and

4. Under any plan in which the LRJ firms are co-lead counsel for the class actions, those firms face conflicts of interest that should foreclose them from representing any individual plaintiffs seeking rescission.

**B.  Co-Lead Plaintiffs' Counsel**

The LRJ firms shall serve as co-lead counsel for all class actions. ECLG and Harris do not

object to LRJ's leadership of the borrower cases, and point to no conflict of interest that interferes with what is otherwise plaintiffs' consensus choice of their leadership.

Co-Lead Counsel shall have the following responsibilities with respect to the class actions:

1. Sign the two class complaints;

2. Sign any amended complaints, motions, briefs, notices, and discovery requests or objections;

3. To brief and argue motions;

4. To initiate and conduct discovery;

5. To act as spokesperson at pre-trial conferences;

6. To employ and consult with experts;

7. To conduct settlement negotiations with defense counsel and enter into settlements with defendants;

8. To serve on and call meetings of the Executive Committee and any other plaintiffs' counsel when deemed appropriate;

9. To distribute to all plaintiffs' counsel copies of all notices, orders, and decisions as necessary and to the extent we do not already communicate such directly to all plaintiffs' counsel;

10. To maintain an up-to-date service list available to all plaintiffs' counsel upon request;

11. To keep a complete file of all pleadings, motions, briefs, discovery requests, notices, orders, and decisions and make those files available for inspection by other plaintiffs' counsel;

12. To perform all other duties and undertake such other responsibilities – including but not limited to coordination of time and expense reporting and approval of work done for the common benefit of the class plaintiffs – as they deem necessary or desirable to properly coordinate plaintiffs' activities, or as authorized by further order.

Defendants' counsel may rely upon agreements made with plaintiffs' Co-Lead Counsel. Such agreements shall be binding on all members of the classes represented by plaintiffs' Co-Lead Counsel.

### C. Plaintiffs' Liaison Counsel

Miller Faucher and Cafferty shall serve as liaison counsel.

Liaison Counsel shall be responsible for: (1) distributing to all plaintiffs' counsel copies of all notices, orders, and decisions of the Court not already communicated directly to all plaintiffs' counsel; (2) keeping Co-Lead Counsel fully informed of all relevant events and coordinating and scheduling hearings with opposing counsel and the Court; and (3) acting as primary plaintiffs' contact person for the Court.

### D. Individual Plaintiffs

We agree with ECLG and Harris that individual plaintiffs – particularly those seeking rescission – would bear the risk of potential conflicts of interest if they were to be represented by or otherwise subject to the control of the same attorneys responsible for class actions seeking damages. The individual plaintiffs will presumably opt out for good reason, be it a perceived higher settlement value or the fact-intensive nature of their cases. These plaintiffs are entitled to as independent a prosecution of their cases as is practicable. For that reason, we hold that the LRJ firms serving as lead class counsel are not to represent or in any way direct the litigation of any non-

class cases.

An Individual Claims Steering Committee should be formed and co-chaired by the NCLC and the CLG. ECLG, the NCLC, and the CLG, as well as any additional firms designated by the Steering Committee, shall represent the individual plaintiffs on the Executive Committee.

The purpose of the Individual Claims Steering Committee is to help coordinate the individual plaintiffs into a cooperative entity that can then enjoy litigation economies of scale, including broader access to discovery and streamlined briefing. The Individual Claims Steering Committee shall be responsible for coordinating to the extent feasible the views of individual plaintiffs and working to present a consensus position of the individual plaintiffs. NCLC and CLG shall not represent individual defendants, may not control the litigation of those cases beyond the extent permitted by plaintiffs and their counsel, may not interfere with the individual representation of these plaintiffs, and may not speak for individual plaintiffs except as authorized by the plaintiffs or their counsel.

### E.     Plaintiffs' Executive Committee

A Plaintiffs' Executive Committee shall be formed, consisting of (1) Co-Lead Counsel; (2) at least one additional firm involved with the prosecution of borrower class action claims; (3) at least one additional firm involved with the prosecution of non-borrower Fair Credit Reporting Act class action claims; and (4) ECLG, NCLC, CLG, and any other firms designated by the Individual Claims Steering Committee.

Co-Lead Counsel should to the extent practicable consult with the Plaintiffs' Executive Committee. The Plaintiffs' Executive Committee shall be responsible for:

1.     Assisting Co-Lead Counsel with expert and fact discovery;

    2.        Assisting Co-Lead Counsel with pre-trial motion practice and briefing;

    3.        Consulting with Co-Lead Counsel on matters of common concern;

    4.        Contributing to a common benefit cost fund for the prosecution of all actions;

    5.        Assisting Co-Lead Counsel in preparing for trial.

## V. DISCOVERY AND CLASS CERTIFICATIONS

On February 7, 2006, we instituted a motion and discovery stay pending further case reassignments and the MDL Panel's completion of the "tag-along" process. Eight months later, the stay remains in place, preventing the parties from going forward with the litigation. However, while discovery should proceed shortly, we do want confirmation that the reassignment of cases has concluded or is nearing conclusion. All parties are required to submit by November 13, 2006 a list of any cases still awaiting reassignment.

The litigation may resume at the later of November 13, 2006 or immediately upon resolution of the identified outstanding reassignment issues. As noted above, plaintiffs shall file consolidated class action complaints by December 6, 2006. Defendants shall have until January 19, 2007 to respond to those complaints. Plaintiffs will have until February 9, 2007 to file their opposition to any Rule 12 motions, defendants are allowed until February 23, 2007 to respond, and plaintiffs will then have until March 1, 2007 to file any corresponding reply.

At the earlier of the status date for resolution of any motions or the date on which defendants file their answers to the class complaints, the parties – including all individual plaintiffs – may file any discovery requests, deposition notices, and subpoenas. The parties shall have 30 days to object and respond to standard written requests, deposition notices, and subpoenas; 45 days to object to non-standard written requests, deposition notices, and subpoenas; 60 days to produce any requested

standard documents; and 75 days to produce any requested non-standard documents. We will appoint a Magistrate Judge to resolve any discovery disputes, but the parties should meet as soon as practicable after the start of discovery to stipulate to the categories of requests that are "standard" and "non-standard,"[2] and should meet and confer as needed to attempt to resolve any disputes without the Magistrate Judge's assistance.

All depositions may be used by any party in any case. Therefore, no party may without leave of this Court or Magistrate Judge Denlow, depose any previously deposed witness. Individual plaintiffs may attend and participate in any deposition. Fact witness depositions are to last no longer than seven hours, and expert witness depositions are to last no longer than fourteen hours.

The parties have until November 5, 2007 to conduct discovery. Expert disclosures shall be made within six months from the start of discovery.

Motions for class certification will be due by December 20, 2007. Defendants will have until January 1, 2008 to respond to the class certification motions; plaintiffs will then have until February 4, 2008 to file their reply.

### VI. SUMMARY JUDGMENT

At any time after plaintiffs file the two consolidated class action complaints, either side or both sides may move for summary judgment on common legal issues. We expect no more than three sets of opening motions and corresponding responses and replies: one from the collective class plaintiffs, one from the individual plaintiffs, and one from defendants. The parties shall have 30 days to respond to the opening motions and 14 days to file reply briefs.

We are disinclined to decide any "test cases" through either summary judgment or trial.

---

[2] *See* Docket No. 163, at 4-6.

## VII. MEDIATION

The parties should confer as soon as practicable with the goal of selecting an agreed-upon private mediator. If the parties are unable to select a mediator by November 20, 2006, each party shall submit to us and to each other a list of five proposed mediators. Each side will then have until November 27, 2006 to strike four of the five proposed mediators. We will then blindly draw the name of a mediator from the surviving proposed mediators.

We defer all issues regarding settlement – including competing proposals about test cases and settlement conferences – to the mediator. Discovery and litigation shall not be stayed during the pendency of mediation.

## VIII. FILING AND SERVICE

All parties shall serve one copy of each pleading or motion on opposing counsel. Defendants shall serve one copy of any filing on both Plaintiffs' Co-Lead Counsel and Liaison Counsel. Service shall be effected by e-filing on the same day as the papers are filed with the Court. To the extent possible, all parties should endeavor to likewise e-file all supporting exhibits. All motions shall be filed with a supporting brief. Except as otherwise noted, oppositions to any motions shall be filed within 30 days. The moving party shall have 14 days to file a response brief, and the opposing party shall then have 7 days to file any reply.

It is so ordered.

MARVIN E. ASPEN
United States District Court Judge

Dated: November 7, 2006