## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |

## DEFENDANTS' MOTION TO ENTER STIPULATION TO MEDIATE AND ISSUE SCHEDULING ORDER IN ACCORDANCE WITH TERMS OF STIPULATION

### I.     INTRODUCTION

Attached hereto as Exhibit 1 is a Stipulation re Stay of Actions Pending Mediation (the "Stipulation ") entered into by the individual plaintiffs (collectively, "Plaintiffs") and Defendants[1] in over 100 actions filed by the Law Offices of Daniel Harris (the "Harris Firm") and Edelman, Combs, Latturner & Goodwin, LLC ("ECLG").[2]  Plaintiffs in each of these actions allege that Defendants violated the Truth-in-Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA"), by providing Plaintiffs with non-compliant Notice of Right to Cancel ("NORTC") forms in connection with their loan transaction.

As detailed below, the Stipulation is the result of significant negotiations—including an in-person meeting in Chicago—between counsel for Defendants, the Harris Firm and the principals of ECLG.  It reflects the input of all counsel, and it is a well-reasoned compromise meant to alleviate the obvious burden each of the actions brought by the Harris Firm and ECLG will place on this Court and the parties, as these actions are not amenable to class treatment.

In view of the foregoing, counsel for Defendants, the Harris Firm and ECLG all executed the Stipulation on behalf of their respective clients.  Further, Defendants and Plaintiffs represented by the Harris Firm remain committed to fulfill their obligations under the

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

[2] The identity of all of the actions is set forth in Exhibit A to the Stipulation.

Stipulation. ECLG, however, has asserted that this Court's Orders of November 7 and 8, 2006 supersedes the Stipulation and neither ECLG nor its clients is able to comply with the Stipulation. Defendants submit that this Court's November 7 and 8, 2006 Orders do not contradict or supersede the Stipulation, but, rather, support the Stipulation's efforts to mediate (and, hopefully, resolve) a substantial number of the cases in this proceeding.

Indeed, the Stipulation presents an efficient way to attempt to resolve all of the individual cases in this proceeding in which plaintiffs allege that Defendants violated TILA or corresponding state law because they did not provide plaintiffs with compliant NORTC forms (these cases collectively are referred to herein as the "Individual NORTC Cases"). Accordingly, it would serve the interests of justice and judicial economy for all parties in the Individual NORTC Cases to abide by the terms of the Stipulation. Defendants therefore request that this Court issue a Scheduling Order governing all of the Individual NORTC Cases that adopts the mediation protocol set forth in the Stipulation or a similar plan acceptable to this Court.

As detailed below, counsel for Defendants has inquired of counsel for the majority of plaintiffs in the other Individual NORTC Cases as to whether these plaintiffs would agree to a mediation protocol similar to the one set forth in the Stipulation. Counsel for these plaintiffs have not responded to counsel for Defendants' offers. Nevertheless, Defendants have filed this Motion one month in advance of its date of presentment in order to ensure that all parties are given the opportunity to fully consider and state their agreement or opposition to the relief requested herein.

## II.     FACTUAL BACKGROUND

### A.     The Parties' Negotiation And Execution Of The Stipulation

Throughout the period of time that has been required to allow the Judicial Panel on Multidistrict Litigation to consider and transfer appropriate cases to this proceeding, counsel for Defendants have engaged in active settlement discussions with plaintiffs' counsel in the Individual NORTC Cases, including members of ECLG and the Harris Firm. [Declaration of Bernard E. LeSage ("LeSage Decl."), ¶ 2.] In the course of settlement negotiations with ECLG and the Harris Firm, all counsel agreed in principle that a mediation protocol applicable to all of the Individual NORTC Cases brought by ECLG and the Harris Firm would accelerate resolution of these cases, and reduce the costs and burden on the parties and this Court. [*Id.*]

2

Subject to formal documentation, the general concepts of the mediation protocol agreed to by counsel for Defendants, ECLG and the Harris Firm were that (A) Defendants should have the opportunity to include as cross-defendants all potentially culpable parties and their insurance carriers; (B) all parties would exchange appropriate documents and information related to the charging allegations and defenses; (C) all parties would stay, but not waive, all formal motion practice and discovery pending the outcome of good faith mediation before an agreed upon mediator; (D) if the initial mediation was not successful, either party could serve initial disclosures pursuant to Federal Rule of Civil Procedure 26, seek approval from the mediator for additional limited discovery that the parties and mediator felt would help resolve the case and mediate one more time before resorting to formal court proceedings; and (E) in all events, discovery would be limited to relevant depositions no more than four hours in length. [*Id.*, ¶ 3.]

In early September 2006, counsel began discussing the panoply of possible private mediators that would be acceptable to all parties. [*Id.*, ¶ 4, Ex. 1.] On September 14, 2006, Bernard E. LeSage, Esq., counsel for certain Defendants, personally traveled to Chicago to meet in-person with Daniel Edelman, Esq. and various members of ECLG, and Daniel Harris, Esq. and various members of the Harris Firm, to flush out more specific terms and conditions for a mutually acceptable written stipulation. [*Id.*, ¶ 5.]

On September 22, 2006, Mr. LeSage circulated to all negotiating parties a first draft of the Stipulation. [*Id.*, ¶ 6, Ex. 2.] On September 25, 2006, counsel for Defendants received comments from Mr. Harris and Mr. Edelman regarding the first draft of the Stipulation. [*Id.*, ¶ 7, Ex. 3.] Mr. Harris agreed with the terms of the draft and was potentially willing to help pay part of the costs of mediation if the costs could be recouped in the event of a settlement. Mr. Edelman's only comment to the first draft of the Stipulation was that ECLG was unwilling to pay any mediation fees, whether or not such mediation fees and costs could be recouped upon a settlement. [*Id.*]

On September 27, 2006, by way of a proposed compromise, Mr. LeSage sent to all negotiating parties a red-lined draft of the Stipulation proposing that Plaintiffs would only be required to contribute one-third of the costs of mediation, if and only if, Plaintiffs rejected an offer of settlement from Defendants that the mediator specifically found to be fair and reasonable under the facts and circumstances. [*Id.*, ¶ 8, Ex. 4.] Mr. Edelman proposed that the parties

3

instead stipulate to the Honorable Morton Denlow, who would not charge the parties and thereby eliminate the issue of who should contribute to the cost of mediation. [*Id.*, ¶ 8, Ex. 5.]

On September 29, 2006, Mr. LeSage telephoned Mr. Edelman and followed up with an e-mail confirming that Defendants would agree with Mr. Edelman's suggestion to use Judge Denlow. [*Id.*, ¶ 9, Ex. 6.] Mr. LeSage's only suggestion was that the parties create a "back-up" plan in the event that Judge Denlow was or became unavailable to handle some or all of the mediations. [*Id.*]

On October 2, 2006, Mr. LeSage sent both a red-lined and signature ready version of the Stipulation to Mr. Edelman and all negotiating counsel via e-mail. [*Id.*, ¶ 10, Ex. 7.] Mr. LeSage believed, as set forth in his e-mail, that Defendants had accommodated all of Mr. Edelman's requested changes. [*Id.*]

On October 2, 2006, Mr. LeSage received a facsimile from Mr. Edelman with other changes to the Stipulation which, in summary, confirmed that Judge Denlow would serve as the mediator and that there would be no "back-up" plan if Judge Denlow was unavailable. [*Id.*, ¶ 11, Ex. 8.] On October 3, 2006, the Harris Firm sent Mr. LeSage revisions to Exhibit "A" to the Stipulation to insure that all cases that had been recently filed by the Harris Firm were part of the Stipulation. [*Id.*, ¶ 12, Ex. 9.]

On October 3, 2006, ECLG sent Mr. LeSage revisions to Exhibit "A" to the Stipulation to remove various cases that had been informally resolved by the parties. [*Id.*, ¶ 13, Ex. 10.] On October 10, 2006, Mr. LeSage advised the Harris Firm that he would add all the cases which their office had filed to date as well, as all new cases that may be filed by the Harris Firm in the future. [*Id.*, ¶ 14, Ex. 11.]

On October 11, 2006, Mr. LeSage advised ECLG and the Harris Firm that Defendants had accepted all the changes proposed by ECLG and attached to such e-mail the final form of Stipulation ready for signatures and final approvals. [*Id.*, ¶ 15, Ex. 12.] On October 12, 2006, Mr. LeSage received correspondence from both ECLG and the Harris Firm confirming that the Stipulation circulated on October 11, 2006 was acceptable to both of their firms. [*Id.*, ¶ 16, Exs. 13 and 14.]

**B.      Defendants Have Offered The Stipulation To Other Plaintiffs In The Individual NORTC Cases**

On October 30 and November 14, 2006, Mr. LeSage sent e-mails to counsel for the majority of plaintiffs in the other Individual NORTC Cases in this proceeding inquiring as to whether these plaintiffs would be interested in entering into a mediation protocol similar to the one set forth in the Stipulation. [LeSage Decl., ¶ 17, Ex. 15.] Counsel for the other plaintiffs has yet to respond to Mr. LeSage's e-mails. [*Id.*, ¶ 17.]

**C.      ECLG's Present Position Regarding The Stipulation**

On November 15, 2006, Mr. LeSage sent an email to Mr. Harris and Mr. Edelman attaching a proposed joint motion to enter the Stipulation (the "Joint Motion"). [LeSage Decl., ¶ 18, Ex. 16.] On November 16, 2006, Mr. Harris sent an email to Mr. LeSage and others in which he approved the Joint Motion. [*Id.*, ¶ 19, Ex. 17.]

On November 16, 2006, Al Hofeld, Esq. of ECLG sent an email to Mr. LeSage and others in which he stated that it was ECLG's "position that parts of the proposed stipulation have been superseded by Judge Aspen's Orders of November 7 and 8." [*Id.*, ¶ 20, Ex. 18.] Mr. Hofeld further stated that ECLG, therefore, was unwilling to "proceed at this time with the stipulation in its current form or, likewise, with any motion to have the same entered." [*Id.*]

**III.      ARGUMENT**

**A.      This Court Should Enter The Stipulation As To The Individual NORTC Cases Brought By The Harris Firm.**

As detailed above, Defendants and plaintiffs represented by the Harris Firm remain committed to fulfill the obligations of the Stipulation. This Court therefore should enter the Stipulation as to Defendants and the cases brought by the Harris Firm.

Defendants recognize that the Stipulation's provision to mediate all cases before Judge Denlow is inconsistent with this Court's November 7, 2006 Memorandum Opinion and Order, which requires the parties to utilize the services of a private mediator. [Docket No. 284, pp. 14.] Defendants have been and remain amenable to utilizing the services of a private mediator, should Judge Denlow or this Court deem it necessary. As noted above, the Harris Firm agreed to utilize a private mediator as well, subject to the Plaintiffs it represents being able to recoup certain costs in the event of a settlement. [LeSage Decl., ¶ 8, Ex. 5.] Defendants remain amenable to the

Harris Firm's proposal in this regard, and are willing to further meet and confer further with the Harris Firm on this issue.

Finally, Defendants request that this Court enter an Order ruling that the Stipulation applies to any Individual NORTC Cases subsequently filed by the Harris Firm. Based on counsel for Defendants' discussions with the Harris Firm, Defendants believe that the Harris Firm has no objection to Defendants' request in this regard.

**B.** **This Court Should Issue A Scheduling Order For All Of The Individual NORTC Cases That Adopts The Mediation Procedure Set Forth In The Stipulation.**

"District courts have substantial inherent power to manage and control their calendars." *In re Atlantic Pipe Corp.*, 304 F.3d 135, 145 (1st Cir. 2002) (citing, inter alia, *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1963)). Furthermore, it is within a district court's inherent power to order non-consensual mediation "in those cases in which that step seems reasonably likely to serve the interests of justice." *Atlantic Pipe*, 304 F.3d at 145. Here, it would serve the interests of justice for this Court to enter a Scheduling Order for all of the Individual NORTC Cases that adopts the mediation protocol set forth in the Stipulation.

There currently are over 180 Individual NORTC Cases before this Court in this proceeding. Furthermore, ECLG alone has stated that it is preparing 40 additional Individual NORTC Cases for filing, and that it has received approximately 780 inquiries from potential clients who may have individual claims against Defendants. [Docket No. 288, pp. 5-6.][3] Moreover, as this Court recognized in its November 7, 2006 Order, plaintiffs in the Individual NORTC Cases "will presumably opt out [of the master class complaints] for good reason, be it a perceived higher settlement value or the fact-intensive nature of their cases." [Docket No. 284, p. 10.]

In view of the foregoing, this Court likely will have to oversee several hundred individual, highly fact-specific actions. The Stipulation, which is the product of significant

---

[3] As this Court likely is aware, the majority of the plaintiffs in the Individual NORTC Cases are from Illinois and Connecticut. The reason for this is that ECLG, in Illinois, and the Consumer Law Group ("CLG"), in Connecticut, have taken advantage of their States' laws governing solicitation by lawyers to elicit lawsuits from persons who received a loan from the lender Defendants. Specifically, ECLG and CLG apparently have a routine practice of: (a) obtaining the names of borrowers of the lender Defendants from public records after a loan in consummated; and (b) informing these borrowers by letter, without any prior investigation, that they may be able to rescind their loans under TILA or state law, and that they should contact ECLG or CLG in this regard.

arms-length negotiations between Defendants' counsel and counsel for plaintiffs in many of the Individual NORTC Cases, represents an effort to alleviate the burden on this Court and place the Individual NORTC Cases into a settlement, rather than litigation, posture. Indeed, all counsel to the negotiations for the Stipulation agreed that the mediation process detailed therein is the most efficient way to proceed with this litigation at this juncture.

ECLG's only concern about proceeding with the Stipulation is that it believes that this Court's November 7 and 8, 2006 Orders supersede the Stipulation. Defendants submit that ECLG's questions concerning the effectiveness of the Stipulation in light of this Court's November 7 and 8 Orders lack foundation. The November 7 and 8 Orders do not bar the parties from stipulating as to the conduct of their respective actions. To the contrary, those Orders anticipate mediation between the parties, and, in fact, require the parties to take affirmative steps in this regard. [Docket No. 284, p. 14.] The Stipulation is one such affirmative step.

Given the foregoing, Defendants propose that the interests of justice would be served by this Court ordering all parties in the Individual NORTC Cases to abide by the terms of the Stipulation. Accordingly, Defendants request that this Court issue a Scheduling Order for all of the Individual NORTC Cases that adopts the mediation procedure set forth in the Stipulation or a similar mediation protocol acceptable to this Court. As noted above, Defendants have filed this Motion sufficiently in advance of its date of presentment in a good faith effort to ensure that all parties are given the opportunity to fully consider and state their agreement or opposition to the terms of the Stipulation and the relief requested herein.

///

///

///

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant this Motion in its entirety.

Respectfully submitted,

DATED: November 20, 2006

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: November 20, 2006

By: /s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand, Esq.
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | MDL No. 1715 |
| MORTGAGE LENDING PRACTICES | ) | Lead Case No. 05-cv-07097 |
| LITIGATION | ) | |
| | ) | Centralized before the |
| | ) | Honorable Marvin E. Aspen |
| | ) | |
| | ) | |

### STIPULATION RE STAY OF ACTIONS PENDING MEDIATION

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

1

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions and all new Independent Actions filed by the parties:

(1)     Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3)     Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     Plaintiffs and Defendants have agreed to have the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)     Parties with settlement authority will attend the mediation or be available by telephone.

(9)     The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence.  The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation.  Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court.  The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10)     To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(11)     If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference").  If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation.  Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree.  Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute.  Parties with settlement authority also shall attend the second mediation session or be available by telephone.  If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)     The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each

Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006                    By:/s/ Daniel Harris _____

                                             *Attorneys for Certain Plaintiffs*

                                             Daniel Harris, Esq.
                                             LAW OFFICES OF DANIEL HARRIS
                                             150 N. Wacker Drive, Suite 3000
                                             Chicago, IL 60606

Dated: September __, 2006          By:/s/ Daniel A. Edelman _____

                                   *Attorneys for Certain Plaintiffs*

                                   Daniel A. Edelman, Esq.
                                   EDELMAN, COMBS, LATTURNER, &
                                   GOODWIN, LLC
                                   120 S. LaSalle Street, 18th floor
                                   Chicago, IL 60603-3403

DATED: September __, 2006          By:/s/ Bernard E. LeSage _____

                                   *Attorneys for Ameriquest Mortgage Company;*
                                   *AMC Mortgage Services, Inc.; Town & Country*
                                   *Credit Corporation; Ameriquest Capital*
                                   *Corporation; Town & Country Title Services,*
                                   *Inc.; and Ameriquest Mortgage Securities, Inc.*

                                   Bernard E. LeSage
                                   Sarah K. Andrus
                                   BUCHALTER NEMER, a Professional
                                   Corporation
                                   1000 Wilshire Boulevard, Suite 1500
                                   Los Angeles, CA 90017-2457

DATED: September __, 2006          By:/s/ Thomas J. Wiegand _____

                                   *Attorneys for Argent Mortgage Company, LLC*

                                   Thomas J. Wiegand
                                   WINSTON & STRAWN LLP
                                   35 W. Wacker Drive
                                   Chicago, IL 60601-9703

## ORDER

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1)     Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3)     Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8)     Parties with settlement authority will attend the mediation or be available by telephone.

(9)     Initially, the fees and costs of mediation shall be borne equally by the participating parties.  Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10)     To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11)     If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference").  If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation.  Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree.  Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute.  Parties with settlement authority also shall attend the second mediation session or be available by telephone.  If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)     The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s).  Depositions shall be limited to no more than four

7

hours in length.  Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_____, 2006

_____
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

(1)    *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);

(2)    *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);

(3)    *Applegate, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4867 (N.D. Ill.);

(4)    *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);

(5)    *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);

(6)    *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);

(7)    *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);

(8)    *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);

(9)    *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill*.);*

(10)    *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);

(11)    *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);

(12)    *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);

(13)    *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);

(14)    *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);

(15)    *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);

(16)    *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);

(17)    *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);

(18)    *Calder v. Ameriquest Mortgage Co., et al.*, Case No. 06-5146 (N.D. Ill.);

(19)    *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;

(20)    *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);

(21)    *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);

(22)    *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);

(23)    *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);

(24)    *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);

(25)    *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);

(26)    *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);

(27)    *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);

(28)    *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);

(29)    *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);

(30)    *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);

(31)    *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);

(32)    *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);

(33)    *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);

(34)    *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);

(35)    *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);

(36)    *Gerbig, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4868 (N.D. Ill.);

(37)    *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);

(38)    *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);

(39)    *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);

(40)    *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);

(41)    *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);

(42)    *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);

(43)   *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);
(44)   *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(45)   *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);
(46)   *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(47)   *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(48)   *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(49)   *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(50)   *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;
(51)   *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(52)   *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(53)   *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(54)   *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(55)   *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(56)   *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(57)   *Kessler v. Ameriquest Mortgage Co., et al.*, Case No. 06-4999 (N.D. Ill.);
(58)   *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(59)   *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(60)   *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(61)   *Lappin, et al. v. Ameriquest Mortgage Co., et al.*, Case No 06-5147 (N.D. Ill.);
(62)   *Leach v. Ameriquest Mortgage Co., et al.*, Case No. 06-5000 (N.D. Ill.);
(63)   *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(64)   *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(65)   *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);
(66)   *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(67)   *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(68)   *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(69)   *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(70)   *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;
(71)   *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(72)   *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(73)   *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(74)   *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(75)   *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(76)   *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(77)   *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;
(78)   *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);
(79)   *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(80)   *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(81)   *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);
(82)   *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);
(83)   *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);

(84)   *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);

(85)   *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);

(86)   *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);

(87)   *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);

(88)   *Solnin, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 06-4866 (N.D. Ill.);

(89)   *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);

(90)   *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);

(91)   *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 06-5148 (N.D. Ill.);

(92)   *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);

(93)   *Tieri v. Ameriquest Mortgage Co., et al.,* Case No. 06-2683 (N.D. Ill.);

(94)   *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);

(95)   *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);

(96)   *Van Gorp, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 05-907 (C.D. Cal.);

(97)   *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);

(98)   *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);

(99)   *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);

(100)  *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);

(101)  *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);

(102)  *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.); and

(103)  *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.).

**CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 20th day of November 2006, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage