## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |

**DECLARATION OF BERNARD E. LESAGE IN SUPPORT OF DEFENDANTS'
MOTION TO ENTER STIPULATION TO MEDIATE AND ISSUE SCHEDULING
ORDER IN ACCORDANCE WITH TERMS OF STIPULATION**

I, Bernard E. LeSage, declare as follows:

1.        I am a shareholder of the law firm of Buchalter Nemer, a Professional Corporation, counsel for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC. (collectively, "Defendants") in this multidistrict litigation proceeding. I state that the records and documents referred to in this Declaration constitute writings taken or made in the regular or ordinary course of business of Buchalter Nemer at or near the time of the act, condition or event to which they relate by persons employed by Buchalter Nemer who had a business duty to Buchalter to accurately and completely take, make and maintain such records and documents. I make this Declaration in support of Defendants' Motion to Enter Stipulation re Stay of Actions Pending Mediation. I know the following to be true and if called upon to testify, I could and would competently testify to the truth of the matters stated herein.

2.        Throughout the period of time that has been required to allow the Judicial Panel on Multidistrict Litigation to consider and transfer appropriate cases to this proceeding, I have engaged in active settlement discussions with plaintiffs' counsel in the Individual NORTC Cases, including members of ECLG and the Harris Firm. In the course of settlement negotiations with ECLG and the Harris Firm, all counsel agreed in principle that a mediation protocol applicable to all of the Individual NORTC Cases brought by ECLG and the Harris Firm

would accelerate resolution of these cases, and reduce the costs and burden on the parties and this Court.

3.      Subject to formal documentation, the general concepts of the mediation protocol I agreed to with ECLG and the Harris Firm were that (A) Defendants should have the opportunity to include as cross-defendants all potentially culpable parties and their insurance carriers; (B) all parties would exchange appropriate documents and information related to the charging allegations and defenses; (C) all parties would stay, but not waive, all formal motion practice and discovery pending the outcome of good faith mediation before an agreed upon mediator; (D) if the initial mediation was not successful, either party could serve initial disclosures pursuant to Federal Rule of Civil Procedure 26, seek approval from the mediator for additional limited discovery that the parties and mediator felt would help resolve the case and mediate one more time before resorting to formal court proceedings; and (E) in all events, discovery would be limited to relevant depositions no more than four hours in length.

4.      In early September 2006, counsel began discussing the panoply of possible private mediators that would be acceptable to all parties.  Attached hereto and incorporated herein by this reference as Exhibit 1 is a true and correct copy of a string of e-mails discussing possible private mediators.

5.      On September 14, 2006, I personally traveled to Chicago to meet in-person with Daniel Edelman, Esq. and various members of ECLG, and Daniel Harris, Esq. and various members of the Harris Firm, to flush out more specific terms and conditions for a mutually acceptable written stipulation.

6.      On September 22, 2006, I circulated to all negotiating parties a first draft of the Stipulation re Stay of Actions Pending Mediation (the "Stipulation").  A true and correct copy of my e-mail circulating the draft, and of the first draft itself, is attached hereto and incorporated herein by this reference as Exhibit 2.  Exhibit "A" of the Stipulation lists the individual actions that are included within the Stipulation.

7.      On September 25, 2006, I received comments from Mr. Harris and Mr. Edelman regarding the first draft of the Stipulation.  Mr. Harris agreed with the terms of the draft and was potentially willing to help pay part of the costs of mediation if the costs could be recouped in the event of a settlement.  Mr. Edelman's only comment to the first draft of the Stipulation was that ECLG was unwilling to pay any mediation fees, whether or not such mediation fees and costs

could be recouped upon a settlement. A true and correct copy of the string of e-mails to and from all the negotiating parties over the issue of who initially paid for the costs and fees associated with mediation is attached hereto and incorporated herein as Exhibit 3.

8.      On September 27, 2006, by way of a proposed compromise, I sent to all negotiating parties a red-lined draft of the Stipulation proposing that Plaintiffs would only be required to contribute one-third of the costs of mediation, if and only if, Plaintiffs rejected an offer of settlement from Defendants that the mediator specifically found to be fair and reasonable under the facts and circumstances. A true and correct copy of my e-mail correspondence, including the Red Lined draft of the Mediation Stipulation, is attached hereto as Exhibit 4 and incorporated herein by reference. Mr. Edelman proposed that the parties instead stipulate to the Honorable Morton Denlow, who would not charge the parties and thereby eliminate the issue of who should contribute to the cost of mediation. Attached hereto and incorporated herein by this reference as Exhibit 5 is a true and correct copy of the string of e-mails related to the issues related to the stipulation to mediate before Magistrate Judge Denlow.

9.      On September 29, 2006, I telephoned Mr. Edelman and followed up with an e-mail confirming that Defendants would agree with Mr. Edelman's suggestion to use Judge Denlow. My only suggestion was that the parties create a "back-up" plan in the event that Judge Denlow was or became unavailable to handle some or all of the mediations. A true and correct copy of my September 29, 2006 e-mail is attached hereto as Exhibit 6 and incorporated herein by reference.

10.      On October 2, 2006, I sent both a red-lined and signature ready version of the Stipulation to Mr. Edelman and all negotiating counsel via e-mail. A true and correct copy of my e-mail and the Stipulation are attached hereto as Exhibit 7 and incorporated herein by reference. I believed, as set forth in my e-mail, that Defendants had accommodated all of Mr. Edelman's requested changes.

11.      On October 3, 2006, I received a facsimile from Mr. Edelman with other changes to the Stipulation which, in summary, confirmed that Judge Denlow would serve as the mediator and that there would be no "back-up" plan if Judge Denlow was unavailable. A true and correct copy of Mr. Edelman's facsimile and notations to the red lined stipulation is attached hereto as Exhibit 8 and incorporated herein by reference.

3

12. On October 3, 2006, the Harris Firm sent me revisions to Exhibit "A" to the Stipulation to insure that all cases that had been recently filed by the Harris Firm were part of the Stipulation. A true and correct copy of the e-mail from the Harris office is attached hereto and incorporated herein as Exhibit 9.

13. On October 3, 2006, ECLG sent me revisions to Exhibit "A" to the Stipulation to remove various cases that had been informally resolved by the parties. A true and correct copy of the e-mail from ECLG is attached hereto and incorporated herein as Exhibit 10.

14. On October 10, 2006, I advised the Harris Firm that I would add all the cases which their office had filed to date as well, as all new cases that may be filed by the Harris Firm in the future. Attached hereto and incorporated herein as Exhibit 11 is a true and correct copy of my confirming e-mail to the Harris Office.

15. On October 11, 2006, I advised ECLG and the Harris Firm that Defendants had accepted all the changes proposed by ECLG and attached to such e-mail the final form of Stipulation ready for signatures and final approvals. Attached hereto and incorporated herein as Exhibit 12 is a true and correct copy of my confirming e-mail to ECLG and all negotiating parties.

16. On October 12, 2006, I received correspondence from both ECLG and the Harris Firm confirming that the Stipulation circulated on October 11, 2006 was acceptable to both of their firms. Attached hereto and incorporated herein as Exhibit 13 is a true and correct copy of the facsimile I received from ECLG, with Mr. Edelman's signature on the Stipulation. Attached hereto and incorporated herein as Exhibit 14 is a true and correct copy of the e-mail I received from Mr. Harris stating that the stipulation is acceptable (except he wanted the month on the signature line changed from September to October).

17. On October 30 and November 14, 2006, I sent e-mails to counsel for the majority of plaintiffs in the other Individual NORTC Cases in this proceeding inquiring as to whether these plaintiffs would be interested in entering into a mediation protocol similar to the one set forth in the Stipulation. Attached hereto and incorporated herein as Exhibit 15 are true and correct copies of my e-mails. Counsel for the other plaintiffs has yet to respond to my e-mails.

18. On November 15, 2006, I sent an email to Mr. Harris and Mr. Edelman attaching a proposed joint motion to enter the Stipulation (the "Joint Motion"). Attached hereto and

4

incorporated herein as Exhibit 16 is a true and correct copy of my e-mail and the attached Joint Motion.

19.     On November 16, 2006, Mr. Harris sent an email to Mr. LeSage and others in which he approved the Joint Motion. Attached hereto and incorporated herein as Exhibit 17 is a true and correct copy of Mr. Harris's e-mail.

20.     On November 16, 2006, Al Hofeld, Esq. of ECLG sent an email to me and others in which he stated that it was ECLG's "position that parts of the proposed stipulation have been superseded by Judge Aspen's Orders of November 7 and 8." Mr. Hofeld further stated that ECLG, therefore, was unwilling to "proceed at this time with the stipulation in its current form or, likewise, with any motion to have the same entered." Attached hereto and incorporated herein as Exhibit 18 is a true and correct copy of Mr. Hofeld's e-mail.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 20th day of November 2006 at Los Angeles, California.

By: /s/  Bernard E. LeSage

**CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 20th day of November 2006, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage