**EXHIBIT 1**

---

**From:** LeSage, Bernard
**Sent:** Wednesday, September 13, 2006 9:31 AM
**To:** 'Dan Harris'
**Subject:** RE: Mediators

Dan,
Thanks for your two e-mails. I am rushing off to the airport. In a very brief response:
1. I agree we made a lot of progress yesterday and like your suggested settlement protocol, subject to a few more details.
2. Not being from Chicago, I don't have experience with the folks you have suggested, but use JAMS all the time in LA. In general, I have a lot of trust in JAMS judges/mediators.
3. I will check out the reputations of your suggested mediators and come armed to our meeting on Thurs.
4. Talk later.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5714
E-mail - blesage@buchalter.com

For the Firm's Directory of Attorneys http://www.buchalter.com/Search/AttorneySearch.asp
Please see http://www.buchalter.com for the policies governing this transmission.

---

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Wednesday, September 13, 2006 9:16 AM
**To:** LeSage, Bernard
**Subject:** Mediators

Bernie:
I had a good mediation experience with William Hartgering of JAMS in Chicago. The Edelman firm has had good experiences with Thomas Rakowski and James Sullivan of the same office. What is your reaction to these people.

Dan

The Law Offices of Daniel Harris
150 N. Wacker Dr.

Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

EXHIBIT 2

---

**From:** LeSage, Bernard

**Sent:** Friday, September 22, 2006 4:06 PM

**To:** 'Dan Edelman'; 'Dan Harris'; 'Al Hofeld'; 'Wiegand, Thomas'; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Fisher, Michael B.; Block, Brandón A.

**Subject:** RE: First Draft of Mediation Stipulation

**Attachments:** ameriquest/mdl/stipulation for mediation procedure.DOC

Dan, Dan and Team,

1. Attached as promised is a first draft of the proposed "Mediation Stipulation."
2. As mentioned to Dan H. this does provide for a split in the Mediation fee, which fee will be recouped from any settlement.
3. After looking through this, let's talk early next week and work out any kinks.
4. As mentioned, we are agreed on all the principles, now it's just a matter of spelling it out.
5. Have a good weekend or New Year, and talk early next week.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |

DRAFT

**STIPULATION RE STAY OF ACTIONS PENDING MEDIATION**

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 102 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions:

(1) Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3) Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) Plaintiffs and Defendants have agreed to retain the Honorable Donald P. O'Connell, Retired, to mediate the Individual Actions. If a Third-Party Defendant consents to mediation, but objects to Judge O'Connell serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

DRAFT

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) Initially, the fees and costs of mediation shall be borne equally by the participating parties. For example, if there are three parties participating in the mediation, each party shall be obligated to pay 1/3 of the total fees and costs of mediation. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four

hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006

By:/s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

DRAFT

DRAFT

**ORDER**

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1) Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3) Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) If a Third-Party Defendant consents to mediation, but objects to the Honorable Donald P. O'Connell, Retired, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_______________, 2006

____________________________________
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

DRAFT

**EXHIBIT A**

(1) *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(2) *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(3) *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
(4) *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);
(5) *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(6) *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(7) *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(8) *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(9) *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(10) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(11) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(12) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(13) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(15) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(16) *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(17) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(18) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(19) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(20) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(21) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(22) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(23) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(24) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(25) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(26) *Eskra, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1879 (N.D. Ill.);
(27) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(28) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(29) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(30) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(31) *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);
(32) *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);
(33) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(34) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(35) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(36) *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);
(37) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(38) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(39) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(40) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);
(41) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(42) *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);

(43) *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(44) *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(45) *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(46) *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(47) *Hubbard v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-389 (N.D. Ill.);
(48) *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;
(49) *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(50) *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(51) *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(52) *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(53) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-432 (N.D. Ill.);
(54) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(55) *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(56) *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(57) *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(58) *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(59) *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(60) *Lemmons v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4709 (N.D. Ill.);
(61) *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(62) *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);
(63) *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(64) *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(65) *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(66) *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(67) *Melecio, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2832 (N.D. Ill.);
(68) *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;
(69) *Miller, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-189 (N.D. Ind.);
(70) *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(71) *Mormon, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2514 (N.D. Ill.);
(72) *Mulvaney v. Town & Country Credit Corp., et al.*, Case No. 1 06-1113 (C.D. Ill.), Transferee Civil No. 2006-4039;
(73) *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(74) *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(75) *Payne v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5024 (N.D. Ill.);
(76) *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(77) *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(78) *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(79) *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;
(80) *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);
(81) *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(82) *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(83) *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);

DRAFT

(84) *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);

(85) *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);

(86) *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);

(87) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);

(88) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);

(89) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);

(90) *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);

(91) *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);

(92) *Talley, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1080 (N.D. Ill.);

(93) *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);

(94) *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);

(95) *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);

(96) *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);

(97) *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);

(98) *Washington, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1007 (N.D. Ill.);

(99) *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);

(100) *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.)

(101) *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.); and

(102) *Zarate v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4696 (N.D. Ill.).



**CERTIFICATE OF SERVICE**

I, Bernard E, Lesage, hereby certify that on this __ day of September 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

**EXHIBIT 3**

**From:** LeSage, Bernard
**Sent:** Monday, September 25, 2006 8:14 AM
**To:** 'Dan Edelman'
**Cc:** Daniel Harris
**Subject:** RE: First Draft of Mediation Stipulation

Dan E.,

1. Dan H. and I talked about this in advance, and he has a suggestion. The concept is that Plaintiff's need a stake in this as well.
2. After you talk to Dan H. let's hammer out the kinks.
3. As I mentioned to Dan H., it is not the money, it is the process to insure that both sides come at mediation in good faith.
4. Talk later.

Thanks,

***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5714
E-mail - blesage@buchalter.com

For the Firm's Directory of Attorneys http://www.buchalter.com/Search/AttorneySearch.asp
Please see http://www.buchalter.com for the policies governing this transmission.

---

**From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]
**Sent:** Monday, September 25, 2006 4:48 AM
**To:** LeSage, Bernard
**Cc:** Daniel Harris
**Subject:** RE: First Draft of Mediation Stipulation

We are not paying mediation fees. There is a magistrate judge willing to mediate for nothing. Had you told us in advance that was what you would propose we would have told you not to bother with the meeting as it would be a waste of time. If you have something else to propose, please send it to us.

Daniel A. Edelman

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Friday, September 22, 2006 6:06 PM
**To:** Dan Edelman; Dan Harris; Al Hofeld; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.

**Subject:** RE: First Draft of Mediation Stipulation

Dan, Dan and Team,

1. Attached as promised is a first draft of the proposed "Mediation Stipulation."
2. As mentioned to Dan H. this does provide for a split in the Mediation fee, which fee will be recouped from any settlement.
3. After looking through this, let's talk early next week and work out any kinks.
4. As mentioned, we are agreed on all the principles, now it's just a matter of spelling it out.
5. Have a good weekend or New Year, and talk early next week.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed. It may contain information which is privileged, confidential and otherwise exempt by law from disclosure. If you are not the intended recipient, and employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and delete this communication. Thank you. Edelman, Combs, Latturner & Goodwin, LLC.

---

**From:** LeSage, Bernard
**Sent:** Monday, September 25, 2006 2:59 PM
**To:** 'Dan Edelman'
**Cc:** Dan Harris
**Subject:** RE: First Draft of Mediation Stipulation

Dan,

1. Let me talk to my client and get back to you.
2. Of course free is always better than pay, but with several hundred cases, who are you talking about????
3. We have this guy in LA that collect aluminum cans and would be willing to spend 30 days mediating, but not sure that makes sense. ☺ Just kidding of course.
4. But if free, really, who is this person? I think we should put this deal together, and if "Mr. Free" does it, I will of course recommend this.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]
**Sent:** Monday, September 25, 2006 2:54 PM
**To:** LeSage, Bernard
**Cc:** Dan Harris
**Subject:** RE: First Draft of Mediation Stipulation

Our position on the money is "no." We are not agreeing to pay mediation expenses, particularly when there is a magistrate who will mediate for nothing. I don't know why Ameriquest or anyone else would think we would file 100 cases to maintain an inventory.

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Monday, September 25, 2006 10:14 AM
**To:** Dan Edelman

**Cc:** Daniel Harris
**Subject:** RE: First Draft of Mediation Stipulation

Dan E.,
1. Dan H. and I talked about this in advance, and he has a suggestion. The concept is that Plaintiff's need a stake in this as well.
2. After you talk to Dan H. let's hammer out the kinks.
3. As I mentioned to Dan H., it is not the money, it is the process to insure that both sides come at mediation in good faith.
4. Talk later.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5714
E-mail - blesage@buchalter.com

For the Firm's Directory of Attorneys http://www.buchalter.com/Search/AttorneySearch.asp
Please see http://www.buchalter.com for the policies governing this transmission.

---

**From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]
**Sent:** Monday, September 25, 2006 4:48 AM
**To:** LeSage, Bernard
**Cc:** Daniel Harris
**Subject:** RE: First Draft of Mediation Stipulation

We are not paying mediation fees. There is a magistrate judge willing to mediate for nothing. Had you told us in advance that was what you would propose we would have told you not to bother with the meeting as it would be a waste of time. If you have something else to propose, please send it to us.

Daniel A. Edelman

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Friday, September 22, 2006 6:06 PM
**To:** Dan Edelman; Dan Harris; Al Hofeld; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.
**Subject:** RE: First Draft of Mediation Stipulation

Dan, Dan and Team,

1. Attached as promised is a first draft of the proposed "Mediation Stipulation."
2. As mentioned to Dan H. this does provide for a split in the Mediation

fee, which fee will be recouped from any settlement.

3. After looking through this, let's talk early next week and work out any kinks.
4. As mentioned, we are agreed on all the principles, now it's just a matter of spelling it out.
5. Have a good weekend or New Year, and talk early next week.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys:
http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used,**

**for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed. It may contain information which is privileged, confidential and otherwise exempt by law from disclosure. If you are not the intended recipient, and employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and delete this communication. Thank you. Edelman, Combs, Latturner & Goodwin, LLC.

**EXHIBIT 4**

**From:** LeSage, Bernard
**Sent:** Wednesday, September 27, 2006 3:35 PM
**To:** 'Dan Edelman'; 'Dan Harris'; 'Al Hofeld'; 'Wiegand, Thomas'; 'Craig A. Varga (Craig A. Varga)'; Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Berman, Rachael
**Subject:** FW: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006
**Attachments:** ameriquest/mdl/stipulation re mediation.DOC

Dan and Dan,

1. Attached is a Red Lined draft Stipulation and Order re Mediation, showing all changes from the last draft.
2. As Red Lined, the only changes that were made were to paragraphs 9 and 10 to accommodate the proposed changes that Dan H. proposed in his e- mail to me sent on Monday September 25, 2006. For your convenience I cut and copied Dan H.'s e-mail below for your reference.
3. In summary, Ameriquest has agreed with Dan H.'s Proposal # 1 that the parties be able to share with the mediator prior settlement agreements. The only nuance addition to this general principle was that the parties also agree that the prior settlements are not to be deemed binding precedence, and that disclosure of such prior settlement agreement to the mediator must be made in writing and served five days before the mediation, such that all parties to such mediation know going into the mediation what has been or will be told to the mediator regarding prior settlements.
4. Ameriquest also accepts Dan H's proposal # 2 that the plaintiffs NOT incur any responsibility for any part of the mediators fees and costs UNTIL AND UNLESS such plaintiff rejects a settlement offer from one or more defendants, AND that the mediator FINDS under all the circumstances that such settlement offer was fair and reasonable. The only nuance change to Dan H's proposal # 2 is that instead of a flat $500 payment from such rejecting plaintiff, is that such rejecting plaintiff should pay 1/3 the cost of such mediation or part of mediation. Let me know if that concept works.
5. Please call with any and all comments, suggestions or thoughts. We are almost there.
6. As mentioned before, as soon as the two "Dans" are ok with the stipulation, we should try to bring some of the East Coast lawyers into this agreement, such as "Dan B." from Connecticut. Then we will have the three "Dans." ☺

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Monday, September 25, 2006 1:11 PM
**To:** LeSage, Bernard; Dan Edelman
**Subject:** Re: First Draft of Mediation Stipulation

Bernie:

If the following amendments to the proposed draft stipulation are acceptable to you, I will see if I can persuade Dan Edelman to go along.

1. Notwithstanding any prior confidentiality agreements, the parties may inform the mediator about prior individual rescission settlements, including the terms thereof.

2. If Ameriquest offers an individual settlement which the mediator determines to be substantially similar to prior individual rescission settlements and the plaintiff rejects the offer, then the plaintiff will be responsible for paying $500 toward the cost of mediation. In all other circumstances, Ameriquest will bear all mediation expenses (subject to reimbursement from Third Party Defendants as negotiated by Ameriquest).

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |

**STIPULATION RE STAY OF ACTIONS PENDING MEDIATION**

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 102 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions:

(1) Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3) Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) Plaintiffs and Defendants have agreed to retain the Honorable Donald P. O'Connell, Retired, to mediate the Individual Actions. If a Third-Party Defendant consents to mediation, but objects to Judge O'Connell serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) The parties may disclose to the mediator the terms of prior settlements, however, the parties also agree that prior settlements are not binding precedence and that any prior settlements will only be disclosed to the parties and the mediator in the particular mediation. The parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any mediation. The parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10) Initially, the fees and costs of mediation shall be borne equally by the participating Defendants. However, if a borrower or borrowers reject a settlement offer from one or more of the Defendants which the mediator determines to be fair and reasonable under all the facts and circumstances of the case, then such borrower or borrowers shall be obligated to immediately pay one-third (1/3) the cost and fees for the mediation for such case.

(11) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(12) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

Deleted: P
Formatted: Bullets and Numbering
Deleted: M
Deleted: P
Deleted: P
Deleted: M
Deleted: P
Deleted: parties
Deleted: For example, if there are three parties participating in the mediation, each party shall be obligated to pay 1/3 of the total fees and costs of mediation. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.
Deleted: M
Deleted:
Deleted: 1
Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

(13) The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

Deleted: 1

**IT IS SO STIPULATED.**

Dated: September __, 2006

By:/s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**Formatted:** zzmpTrailerItem
**Formatted:** Default Paragraph Font

**ORDER**

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1) Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3) Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) If a Third-Party Defendant consents to mediation, but objects to the Honorable Donald P. O'Connell, Retired, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) The parties may disclose to the mediator the terms of prior settlements, however, the parties also agree that prior settlements are not binding precedence and that any prior settlements will be disclosed only to the parties and the mediator in the particular mediation.

Formatted: Bullets and Numbering

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

The parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any mediation. The parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10) Initially, the fees and costs of mediation shall be borne equally by the participating Defendants. However, if a borrower or borrowers reject a settlement offer from one or more of the Defendants which the mediator determines to be fair and reasonable under all the facts and circumstances of the case, then such borrower or borrowers shall be obligated to immediately pay one-third (1/3) the cost and fees for the mediation for such case.

(11) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

Deleted: <#>Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.¶

Formatted: Bullets and Numbering

Deleted: 1

(12) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(13) The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest

Deleted: 1

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:________________, 2006

THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

**EXHIBIT A**

(1) *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(2) *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(3) *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
(4) *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);
(5) *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(6) *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(7) *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(8) *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(9) *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(10) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(11) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(12) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(13) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(15) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(16) *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(17) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(18) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(19) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(20) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(21) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(22) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(23) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(24) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(25) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(26) *Eskra, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1879 (N.D. Ill.);
(27) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(28) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(29) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(30) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(31) *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);
(32) *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);
(33) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(34) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(35) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(36) *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);
(37) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(38) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(39) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(40) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);
(41) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(42) *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

(43) *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(44) *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(45) *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(46) *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(47) *Hubbard v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-389 (N.D. Ill.);
(48) *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;
(49) *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(50) *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(51) *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(52) *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(53) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-432 (N.D. Ill.);
(54) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(55) *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(56) *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(57) *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(58) *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(59) *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(60) *Lemmons v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4709 (N.D. Ill.);
(61) *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(62) *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);
(63) *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(64) *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(65) *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(66) *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(67) *Melecio, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2832 (N.D. Ill.);
(68) *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;
(69) *Miller, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-189 (N.D. Ind.);
(70) *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(71) *Mormon, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2514 (N.D. Ill.);
(72) *Mulvaney v. Town & Country Credit Corp., et al.*, Case No. 1 06-1113 (C.D. Ill.), Transferee Civil No. 2006-4039;
(73) *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(74) *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(75) *Payne v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5024 (N.D. Ill.);
(76) *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(77) *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(78) *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(79) *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;
(80) *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);
(81) *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(82) *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(83) *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);

**Formatted:** zzmpTrailerItem
**Formatted:** Default Paragraph Font

(84) *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);
(85) *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);
(86) *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);
(87) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);
(88) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);
(89) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);
(90) *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);
(91) *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);
(92) *Talley, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1080 (N.D. Ill.);
(93) *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);
(94) *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);
(95) *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);
(96) *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);
(97) *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);
(98) *Washington, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1007 (N.D. Ill.);
(99) *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);
(100) *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.)
(101) *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.); and
(102) *Zarate v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4696 (N.D. Ill.).

**Formatted:** zzmpTrailerItem
**Formatted:** Default Paragraph Font

**CERTIFICATE OF SERVICE**

I, Bernard E, Lesage, hereby certify that on this __ day of September 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

**EXHIBIT 5**

**LeSage, Bernard**

**From:** LeSage, Bernard

**Sent:** Wednesday, September 27, 2006 3:43 PM

**To:** 'Dan Edelman'

**Cc:** Dan Harris

**Subject:** RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

Dan,
I hear you. But your good pal Dan H. said he could talk some sense into you. Right Dan H????? Also, on a more important note,
Hope that Dan H. has safe travels abroad.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]
**Sent:** Wednesday, September 27, 2006 3:41 PM
**To:** LeSage, Bernard
**Cc:** Dan Harris
**Subject:** RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

We do and will not agree to pay any mediation expenses. The matter is not open to discussion or negotiation insofar as we are concerned. It is unacceptable.

Daniel A. Edelman

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Wednesday, September 27, 2006 5:35 PM
**To:** Dan Edelman; Dan Harris; Al Hofeld; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Berman, Rachael

**Subject:** FW: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

Dan and Dan,

1.  Attached is a Red Lined draft Stipulation and Order re Mediation, showing all changes from the last draft.

2.  As Red Lined, the only changes that were made were to paragraphs 9 and 10 to accommodate the proposed changes that Dan H. proposed in his e- mail to me sent on Monday September 25, 2006.  For your convenience I cut and copied Dan H.'s e-mail below for your reference.

3.  In summary, Ameriquest has agreed with Dan H.'s Proposal # 1 that the parties be able to share with the mediator prior settlement agreements.  The only nuance addition to this general principle was that the parties also agree that the prior settlements are not to be deemed binding precedence, and that disclosure of such prior settlement agreement to the mediator must be made in writing and served five days before the mediation, such that all parties to such mediation know going into the mediation what has been or will be told to the mediator regarding prior settlements.

4.  Ameriquest also accepts Dan H's proposal # 2 that the plaintiffs NOT incur any responsibility for any part of the mediators fees and costs UNTIL AND UNLESS such plaintiff rejects a settlement offer from one or more defendants, AND that the mediator FINDS under all the circumstances that such settlement offer was fair and reasonable.  The only nuance change to Dan H's proposal # 2 is that instead of a flat $500 payment from such rejecting plaintiff, is that such rejecting plaintiff should pay 1/3 the cost of such mediation or part of mediation.  Let me know if that concept works.

5.  Please call with any and all comments, suggestions or thoughts.  We are almost there.

6.  As mentioned before, as soon as the two "Dans" are ok with the stipulation, we should try to bring some of the East Coast lawyers into this agreement, such as "Dan B." from Connecticut.  Then we will have the three "Dans." ☺

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Monday, September 25, 2006 1:11 PM
**To:** LeSage, Bernard; Dan Edelman
**Subject:** Re: First Draft of Mediation Stipulation

Bernie:

    If the following amendments to the proposed draft stipulation are acceptable to you, I will see if I can persuade Dan Edelman to go along.

    1.    Notwithstanding any prior confidentiality agreements, the parties may inform the mediator about prior individual rescission settlements, including the terms thereof.

    2.    If Ameriquest offers an individual settlement which the mediator determines to be

substantially similar to prior individual rescission settlements and the plaintiff rejects the offer, then the plaintiff will be responsible for paying $500 toward the cost of mediation. In all other circumstances, Ameriquest will bear all mediation expenses (subject to reimbursement from Third Party Defendants as negotiated by Ameriquest).

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed. It may contain information which is privileged, confidential and otherwise exempt by law from disclosure. If you are not the intended recipient, and employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and delete this communication. Thank you. Edelman, Combs, Latturner & Goodwin, LLC.

**EXHIBIT 6**

---

**From:** LeSage, Bernard

**Sent:** Friday, September 29, 2006 2:55 PM

**To:** 'Dan Edelman'

**Cc:** Dan Harris; Al Hofeld; ECLG Partners

**Subject:** RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

Dan,

1. I called you this morning to reluctantly tell you that "you win."
2. The last issue to resolve is who pays for the initial costs of the mediator.
3. You rejected Dan Harris' creative solution which was that Plaintiffs make a partial contribution to the fees of the mediator (i.e. $500), if and only if: (a) defendants made a settlement offer; (b) plaintiffs rejected the settlement offer, AND (c) the mediator found that the settlement offer was fair and reasonable ("D. Harris Proposal").
4. In the alternative, you offered to stipulate to Magistrate Denlow ("Free Mediator"). Ameriquest will agree with your proposal.
5. Out of lawyerly caution, I would just add (suggest), that in the event that Denlow is unavailable or unable to serve as mediator for any reasons, that the parties agree to work in good faith to stipulate to an alternate mediator within 30 days of Denlow's declared unavailability, and if the parties are unable to agree upon an alternate mediator, the parties will utilize Judge Donald O'Connell as a failsafe mediator.
6. If the parties are required to use someone other than a "Free Mediator," then we go to the "D. Harris Proposal" above which will limit plaintiffs mediation exposure to $500 provided all conditions precedent are met, (i.e. (a), (b) & (c) from Para. 3 above).
7. If you can let me know if this proposal is acceptable, then I will draft up the red lined version of the proposed final Stipulation and Court Order re Mediation showing all proposed changes and get it to you and your team for final review and comments.
8. From there, I would like to contact the "East Coast" plaintiffs and see if they will buy into the stip.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700

Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]
**Sent:** Wednesday, September 27, 2006 3:46 PM
**To:** LeSage, Bernard
**Cc:** Dan Harris; Al Hofeld; ECLG Partners
**Subject:** RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

If he said that he was dead wrong. Unless of course he was offering to pay the mediation costs for our cases. If that was not the case, I suggest we use Judge Denlow instead of a private mediator.

DAE

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Wednesday, September 27, 2006 5:43 PM
**To:** Dan Edelman
**Cc:** Dan Harris
**Subject:** RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

Dan,
I hear you. But your good pal Dan H. said he could talk some sense into you. Right Dan H????? Also, on a more important note,
Hope that Dan H. has safe travels abroad.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Edelman [mailto:DEDELMAN@edcombs.com]

**Sent:** Wednesday, September 27, 2006 3:41 PM
**To:** LeSage, Bernard
**Cc:** Dan Harris
**Subject:** RE: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

We do and will not agree to pay any mediation expenses. The matter is not open to discussion or negotiation insofar as we are concerned. It is unacceptable.

Daniel A. Edelman

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Wednesday, September 27, 2006 5:35 PM
**To:** Dan Edelman; Dan Harris; Al Hofeld; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Berman, Rachael
**Subject:** FW: Red Lined and Revised Mediation Stipulation and Proposed Order Showing All Changes From the Last Draft - September 27, 2006

Dan and Dan,

1. Attached is a Red Lined draft Stipulation and Order re Mediation, showing all changes from the last draft.
2. As Red Lined, the only changes that were made were to paragraphs 9 and 10 to accommodate the proposed changes that Dan H. proposed in his e- mail to me sent on Monday September 25, 2006. For your convenience I cut and copied Dan H.'s e-mail below for your reference.
3. In summary, Ameriquest has agreed with Dan H.'s Proposal # 1 that the parties be able to share with the mediator prior settlement agreements. The only nuance addition to this general principle was that the parties also agree that the prior settlements are not to be deemed binding precedence, and that disclosure of such prior settlement agreement to the mediator must be made in writing and served five days before the mediation, such that all parties to such mediation know going into the mediation what has been or will be told to the mediator regarding prior settlements.
4. Ameriquest also accepts Dan H's proposal # 2 that the plaintiffs NOT incur any responsibility for any part of the mediators fees and costs UNTIL AND UNLESS such plaintiff rejects a settlement offer from one or more defendants, AND that the mediator FINDS under all the circumstances that such settlement offer was fair and reasonable. The only nuance change to Dan H's proposal # 2 is that instead of a flat $500 payment from such rejecting plaintiff, is that such rejecting plaintiff should pay 1/3 the cost of such mediation or part of mediation. Let me know if that concept works.
5. Please call with any and all comments, suggestions or thoughts. We are almost there.

6. As mentioned before, as soon as the two "Dans" are ok with the stipulation, we should try to bring some of the East Coast lawyers into this agreement, such as "Dan B." from Connecticut. Then we will have the three "Dans." ☺

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Monday, September 25, 2006 1:11 PM
**To:** LeSage, Bernard; Dan Edelman
**Subject:** Re: First Draft of Mediation Stipulation

Bernie:

If the following amendments to the proposed draft stipulation are acceptable to you, I will see if I can persuade Dan Edelman to go along.

1. Notwithstanding any prior confidentiality agreements, the parties may inform the mediator about prior individual rescission settlements, including the terms thereof.

2. If Ameriquest offers an individual settlement which the mediator determines to be substantially similar to prior individual rescission settlements and the plaintiff rejects the offer, then the plaintiff will be responsible for paying $500 toward the cost of mediation. In all other circumstances, Ameriquest will bear all mediation expenses (subject to reimbursement from Third Party Defendants as negotiated by Ameriquest).

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715

Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys:
http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed. It may contain information which is privileged, confidential and otherwise exempt by law from disclosure. If you are not the intended recipient, and employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and delete this communication. Thank you. Edelman, Combs, Latturner & Goodwin, LLC.

**EXHIBIT 7**

**From:** LeSage, Bernard

**Sent:** Monday, October 02, 2006 3:45 PM

**To:** 'Dan Edelman'; 'Wiegand, Thomas'; Craig A. Varga; Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.

**Cc:** Dan Harris; Al Hofeld; ECLG Partners

**Subject:** RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY

**Attachments:** AMQ - MDL - MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED VERSION.DOC; Scann001.PDF

Dan, Dan & Team,

1. Attached is a redline version of the Stipulation and Proposed Order re Mediation ("Stip & Order") showing all changes from our last draft, and a final signature ready form of Stip and Order in PDF format.
2. This draft of the Stip & Order provides as you requested for Magistrate Denlow to be the Mediator, provided he is available and able to serve.
3. The only other change clarifies that prior settlements shall not be filed but lodged with the Court, consistent with the principle that disclosure of prior settlements to the Mediator does not further waive or change the confidentiality agreement, other than to allow the disclosure of their terms to the Mediator under the agreed upon protocol.
4. No other changes were made to the Stip & Proposed Order other then typographical in nature.
5. Consequently, I believe we have accommodated all your requested changes. Please indicate that your team is ready to sign off on this version of Stip and Order.
6. I will then take it to other Plaintiffs' attorneys handling similar cases to see if they are interested in similar mediation terms.
7. Please let me know if you have any questions.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |

## STIPULATION RE STAY OF ACTIONS PENDING MEDIATION

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

Deleted: 2

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions:

(1) Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3) Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) Plaintiffs and Defendants have agreed to retain the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

Deleted: Donald P. O'Connell, Retired

Deleted: Judge O'Connell

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10) Initially, the fees and costs of mediation shall be borne equally by the participating Defendants. However, if a borrower or borrowers reject a settlement offer from one or more of the Defendants which the Mediator determines to be fair and reasonable under all the facts and circumstances of the case, then such borrower or borrowers shall be obligated to immediately pay one third (1/3) the cost and fees for the mediation for such case.

(11) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

Deleted: 11

(12) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(13) The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

Deleted: 11

**IT IS SO STIPULATED.**

Dated: September __, 2006

By:/s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

**ORDER**

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1) Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3) Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

Deleted: Donald P. O'Connell, Retired

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

(9) Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_______________, 2006 ________________________________

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

## EXHIBIT A

(1) *Abercrombie v. Argent Mortgage Co., et al.*, Case No. 06-1687 (N.D. Ill.);
(2) *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(3) *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(4) *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
(5) *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);
(6) *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(7) *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(8) *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(9) *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(10) *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(11) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(12) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(13) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(15) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(16) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(17) *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);
(18) *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(19) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(20) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(21) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(22) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(23) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(24) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(25) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(26) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(27) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(28) *Eskra, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1879 (N.D. Ill.);
(29) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(30) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(31) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(32) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(33) *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);
(34) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(35) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(36) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(37) *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);
(38) *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);
(39) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(40) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(41) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(42) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

Formatted: Font: Italic
Formatted: Bullets and Numbering
Formatted: Font: Italic
Deleted: <#>*Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);¶
Formatted: Indent: Left: 0", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Tab after: 1" + Indent at: 1", Tabs: Not at 1"
Formatted: Bullets and Numbering
Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

(43)    *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;

(44)    *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);

(45)    *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);

(46)    *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);

(47)    *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);

(48)    *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);

(49)    *Hubbard v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-389 (N.D. Ill.);

(50)    *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;

(51)    *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);

(52)    *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);

(53)    *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);

(54)    *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);

(55)    *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-432 (N.D. Ill.);

(56)    *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);

(57)    *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);

(58)    *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);

(59)    *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);

(60)    *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);

(61)    *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);

(62)    *Lemmons v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4709 (N.D. Ill.);

(63)    *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);

(64)    *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);

(65)    *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);

(66)    *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);

(67)    *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);

(68)    *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);

(69)    *Melecio, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2832 (N.D. Ill.);

(70)    *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;

(71)    *Miller, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-189 (N.D. Ind.);

(72)    *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);

(73)    *Mormon, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2514 (N.D. Ill.);

(74)    *Mulvaney v. Town & Country Credit Corp., et al.*, Case No. 1 06-1113 (C.D. Ill.), Transferee Civil No. 2006-4039;

(75)    *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;

(76)    *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);

(77)    *Payne v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5024 (N.D. Ill.);

(78)    *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);

(79)    *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);

(80)    *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);

(81)    *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;

(82)    *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

(83) *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(84) *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(85) *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);
(86) *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);
(87) *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);
(88) *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);
(89) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);
(90) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);
(91) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);
(92) *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);
(93) *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);
(94) *Talley, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1080 (N.D. Ill.);
(95) *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);
(96) *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);
(97) *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);
(98) *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);
(99) *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);
(100) *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);
(101) *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);
(102) *Washington, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1007 (N.D. Ill.);
(103) *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);
(104) *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.)
(105) *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.); and
(106) *Zarate v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4696 (N.D. Ill.).

Formatted: Font: Italic

Formatted: Font: Italic

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

**CERTIFICATE OF SERVICE**

I, Bernard E, Lesage, hereby certify that on this __ day of September 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

EXHIBIT 8

**Dan Edelman**

| | |
|---|---|
| **From:** | LeSage, Bernard [BLESAGE@buchalter.com] |
| **Sent:** | Monday, October 02, 2006 5:45 PM |
| **To:** | Dan Edelman; Wiegand, Thomas; Craig A. Varga; Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A. |
| **Cc:** | Dan Harris; Al Hofeld; ECLG Partners |
| **Subject:** | RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY |
| **Attachments:** | AMQ - MDL - MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED VERSION.DOC; Scann001.PDF |

Dan, Dan & Team,

1. Attached is a redline version of the Stipulation and Proposed Order re Mediation ("Stip & Order") showing all changes from our last draft, and a final signature ready form of Stip and Order in PDF format.
2. This draft of the Stip & Order provides as you requested for Magistrate Denlow to be the Mediator, provided he is available and able to serve.
3. The only other change clarifies that prior settlements shall not be filed but lodged with the Court, consistent with the principle that disclosure of prior settlements to the Mediator does not further waive or change the confidentiality agreement, other than to allow the disclosure of their terms to the Mediator under the agreed upon protocol.
4. No other changes were made to the Stip & Proposed Order other then typographical in nature.
5. Consequently, I believe we have accommodated all your requested changes. Please indicate that your team is ready to sign off on this version of Stip and Order.
6. I will then take it to other Plaintiffs' attorneys handling similar cases to see if they are interested in similar mediation terms.
7. Please let me know if you have any questions.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

One change

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |

STIPULATION RE STAY OF ACTIONS PENDING MEDIATION

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

Deleted: 2

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions:

(1) Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3) Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) Plaintiffs and Defendants have agreed to ~~retain~~ have the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

no more retainers not proper

Deleted: Donald P. O'Connell, Retired

Deleted: Judge O'Connell

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10) Initially, the fees and costs of mediation shall be borne equally by the participating Defendants. However, if a borrower or borrowers reject a settlement offer from one or more of the Defendants which the Mediator determines to be fair and reasonable under all the facts and circumstances of the case, then such borrower or borrowers shall be obligated to immediately pay one third (1/3) the cost and fees for the mediation for such case.

(11) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

Deleted: 11

(12) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(13) The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

Deleted: 11

**IT IS SO STIPULATED.**

Dated: September __, 2006

By: /s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

**ORDER**

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1) Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3) Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

why chose

Deleted: Donald P. O'Connell, Retired

(8) Parties with settlement authority will attend the mediation or be available by telephone.

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

(9) Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_______________, 2006 ________________________________

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

**EXHIBIT A**

(1) *Abercrombie v. Argent Mortgage Co., et al.*, Case No. 06-1687 (N.D. Ill.);
(2) *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(3) *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(4) *Balark, et al. v. Ameriquest Mortgage Co.. et al.*, Case No. 1 06-2430 (N.D. Ill.);
(5) *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);
(6) *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(7) *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(8) *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(9) *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(10) *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(11) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(12) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(13) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(15) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(16) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(17) *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);
(18) *Carter, et al. v. Ameriquest Mortgage Co., et al.*. Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(19) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(20) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(21) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(22) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(23) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(24) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(25) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(26) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(27) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(28) *Eskra, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1879 (N.D. Ill.);
(29) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(30) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(31) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(32) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(33) *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);
(34) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(35) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(36) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(37) *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);
(38) *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);
(39) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(40) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(41) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(42) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

Formatted: Font: Italic
Formatted: Bullets and Numbering
Formatted: Font: Italic
Deleted: <#>*Grabowski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2549 (N.D. Ill.);
Formatted: Indent: Left: 0", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Tab after: 1" + Indent at: 1", Tabs: Not at 1"
Formatted: Bullets and Numbering
Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

(43) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(44) *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);
(45) *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(46) *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(47) *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(48) *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(49) *Hubbard v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-389 (N.D. Ill.);
(50) *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;
(51) *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(52) *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(53) *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(54) *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(55) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-432 (N.D. Ill.);
(56) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(57) *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(58) *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(59) *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(60) *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(61) *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(62) *Lemmons v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4709 (N.D. Ill.);
(63) *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(64) *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);
(65) *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(66) *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(67) *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(68) *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(69) *Melecio, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2832 (N.D. Ill.);
(70) *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;
(71) *Miller, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-189 (N.D. Ind.);
(72) *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(73) *Mormon, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2514 (N.D. Ill.);
(74) *Mulvaney v. Town & Country Credit Corp., et al.*, Case No. 1 06-1113 (C.D. Ill.), Transferee Civil No. 2006-4039;
(75) *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(76) *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(77) *Payne v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5024 (N.D. Ill.);
(78) *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(79) *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(80) *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(81) *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.). Transferee Civil No. 2006-1738;
(82) *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

(83) *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(84) *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(85) *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);
(86) *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);
(87) *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);
(88) *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);
(89) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);
(90) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);
(91) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);
(92) *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);
(93) *Sutton, et al. v. Ameriquest Mortgage Co., et al.*. Case No. 3 06-407 (S.D. Ill.);
(94) *Talley, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1080 (N.D. Ill.);
(95) *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);
(96) *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);
(97) *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);
(98) *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);
(99) *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);
(100) *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);
(101) *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);
(102) *Washington, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1007 (N.D. Ill.);
(103) *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);
(104) *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.)
(105) *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.); and
(106) *Zarate v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4696 (N.D. Ill.).

Formatted: Font: Italic

Formatted: Font: Italic

Formatted: zzmpTrailerItem

Formatted: Default Paragraph Font

**CERTIFICATE OF SERVICE**

I, Bernard E, Lesage, hereby certify that on this __ day of September 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

Formatted: zzmpTrailerItem
Formatted: Default Paragraph Font

EXHIBIT 9

---

**From:** LeSage, Bernard
**Sent:** Tuesday, October 03, 2006 11:57 AM
**To:** 'Dan Harris'
**Cc:** Al Hofeld; ECLG Partners; Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.
**Subject:** RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY

Thanks and will talk to Dan upon his return.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Tuesday, October 03, 2006 11:55 AM
**To:** LeSage, Bernard
**Cc:** Al Hofeld; ECLG Partners
**Subject:** Re: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY

Bernie:
As you know, Dan is out of pocket. But I know that there are some cases that we have filed that are not included in Exhibit A. Those case are:
Applegate, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4867
Calder v. Ameriqeust Mortgage Co., et al. Case No. 06-5146
Gerbig, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4868
Kessler v. Ameriqeust Mortgage Co., et al. Case No. 06-4999
Lappin, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-5147
Leach v. Ameriqeust Mortgage Co., et al. Case No. 06-5000
Solnin, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4866
Thibodeau, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-5148
Tieri v. Ameriqeust Mortgage Co., et al. Case No. 06-2683

Also, there may be one other but I have to talk to Dan first. I should be able to speak with him

on Friday.

Tony

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

----- Original Message ----
From: "LeSage, Bernard" <BLESAGE@buchalter.com>
To: Dan Edelman <DEDELMAN@edcombs.com>; "Wiegand, Thomas" <TWiegand@winston.com>; Craig A. Varga <cvarga@vblhc.com>; "Andrus, Sarah" <SANDRUS@buchalter.com>; "Berman, Rachael" <RBERMAN@buchalter.com>; "Fisher, Michael B." <mbfisher@buchalter.com>; "Block, Brandon A." <bblock@buchalter.com>; "Petrossian, Melody A." <mpetrossian@buchalter.com>
Cc: Dan Harris <lawofficedh@yahoo.com>; Al Hofeld <ahofeld@edcombs.com>; ECLG Partners <ECLGPartners@edcombs.com>
Sent: Monday, October 2, 2006 5:44:39 PM
Subject: RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY

Dan, Dan & Team,

1.  Attached is a redline version of the Stipulation and Proposed Order re Mediation ("Stip & Order") showing all changes from our last draft, and a final signature ready form of Stip and Order in PDF format.
2.  This draft of the Stip & Order provides as you requested for Magistrate Denlow to be the Mediator, provided he is available and able to serve.
3.  The only other change clarifies that prior settlements shall not be filed but lodged with the Court, consistent with the principle that disclosure of prior settlements to the Mediator does not further waive or change the confidentiality agreement, other than to allow the disclosure of their terms to the Mediator under the agreed upon protocol.
4.  No other changes were made to the Stip & Proposed Order other then typographical in nature.
5.  Consequently, I believe we have accommodated all your requested changes. Please indicate that your team is ready to sign off on this version of Stip and Order.
6.  I will then take it to other Plaintiffs' attorneys handling similar cases to see if they are interested in similar mediation terms.

7. Please let me know if you have any questions.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles , CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

BLUEBIRD OFFICE SUPPLIES (888) 477-070 www.bluebirdonline.co

EXHIBIT 10

---

**From:** Al Hofeld [ahofeld@edcombs.com]

**Sent:** Tuesday, October 03, 2006 10:26 AM

**To:** LeSage, Bernard

**Cc:** ECLG Partners; Dan Harris; Cvarga@vblhc.com; Jonathan Ledsky

**Subject:** Stipulation Exhibit A

Dear Bernie:

The following cases should NOT be on the list in Exhibit A to the proposed stipulation.

First of all: Talley v. Ameriquest. We are not agreeing to a stay in this case; on the contrary, we have moved to lift the stay. As for the rest:

Abercrombie v. Argent – not in the MDL, awaiting decision from 7th Cir. in Hamm

Eskra v. Ameriquest – settled; being dismissed

Hubbard v. Ameriquest – not in the MDL, awaiting decision from 7th Cir. in Hamm

Shirley Jones v. Ameriquest – not in the MDL/on appeal in 7th Cir.

Lemmons v. Ameriquest – not in the MDL/settling

Melecio v. Town and Country – settling

Miller v. Ameriquest – settling

Mormon v. Ameriquest – settled; being dismissed

Mulvaney v. Ameriquest – settled and dismissed

Payne v. Ameriquest – not in the MDL, settled and dismissed

Washington v. Ameriquest – not in the MDL

Zarate v. Ameriquest – not in the MDL/settling.

Please remove these cases and send a revised Exhibit A.

Thank you,

Al Hofeld, Jr.
312-917-4515

IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed. It may contain information which is privileged, confidential and otherwise exempt by law from disclosure. If you are not the intended recipient, and employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and delete this communication. Thank you. Edelman, Combs, Latturner & Goodwin, LLC.

BLUEBIRD OFFICE SUPPLIES (888) 477-07 www.bluebirdonline

EXHIBIT 11

---

**From:** LeSage, Bernard
**Sent:** Tuesday, October 10, 2006 6:14 PM
**To:** 'Dan Harris'
**Cc:** Al Hofeld; ECLG Partners
**Subject:** RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY

Dan H.,

1. Let me know when Dan gets back from his travels.
2. In the meantime we will make the changes to Exhibit A to reflect all cases filed by your firm, as set forth below.
3. I would also suggest that all future cases filed by your office should also be included in the stipulation.
4. Let me know if that works for you.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Tuesday, October 03, 2006 11:55 AM
**To:** LeSage, Bernard
**Cc:** Al Hofeld; ECLG Partners
**Subject:** Re: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY

Bernie:
As you know, Dan is out of pocket. But I know that there are some cases that we have filed that are not included in Exhibit A. Those case are:
Applegate, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4867
Calder v. Ameriqeust Mortgage Co., et al. Case No. 06-5146
Gerbig, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4868
Kessler v. Ameriqeust Mortgage Co., et al. Case No. 06-4999
Lappin, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-5147

Leach v. Ameriqeust Mortgage Co., et al. Case No. 06-5000
Solnin, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-4866
Thibodeau, et al. v. Ameriqeust Mortgage Co., et al. Case No. 06-5148
Tieri v. Ameriqeust Mortgage Co., et al. Case No. 06-2683

Also, there may be one other but I have to talk to Dan first. I should be able to speak with him on Friday.

Tony

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

----- Original Message ----
From: "LeSage, Bernard" <BLESAGE@buchalter.com>
To: Dan Edelman <DEDELMAN@edcombs.com>; "Wiegand, Thomas" <TWiegand@winston.com>; Craig A. Varga <cvarga@vblhc.com>; "Andrus, Sarah" <SANDRUS@buchalter.com>; "Berman, Rachael" <RBERMAN@buchalter.com>; "Fisher, Michael B." <mbfisher@buchalter.com>; "Block, Brandon A." <bblock@buchalter.com>; "Petrossian, Melody A." <mpetrossian@buchalter.com>
Cc: Dan Harris <lawofficedh@yahoo.com>; Al Hofeld <ahofeld@edcombs.com>; ECLG Partners <ECLGPartners@edcombs.com>
Sent: Monday, October 2, 2006 5:44:39 PM
Subject: RE: MEDIATION STIP AND ORDER OCT. 2, 2006 - RED LINED AND SIGNATURE READY

Dan, Dan & Team,

1. Attached is a redline version of the Stipulation and Proposed Order re Mediation ("Stip & Order") showing all changes from our last draft, and a final signature ready form of Stip and Order in PDF format.
2. This draft of the Stip & Order provides as you requested for Magistrate Denlow to be the Mediator, provided he is available and able to serve.
3. The only other change clarifies that prior settlements shall not be filed but lodged with the Court, consistent with the principle that disclosure of prior settlements to the Mediator does not further waive or change the confidentiality agreement, other than to allow the disclosure of their terms to the Mediator under the agreed upon protocol.
4. No other changes were made to the Stip & Proposed Order other then typographical in nature.

5. Consequently, I believe we have accommodated all your requested changes. Please indicate that your team is ready to sign off on this version of Stip and Order.
6. I will then take it to other Plaintiffs' attorneys handling similar cases to see if they are interested in similar mediation terms.
7. Please let me know if you have any questions.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles , CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

Recycled Paper

BLUEBIRD (310) 477-0700

EXHIBIT 12

**From:** LeSage, Bernard

**Sent:** Wednesday, October 11, 2006 9:58 AM

**To:** Dan Edelman; Dan Harris; 'Wiegand, Thomas'; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.

**Cc:** 'Tara Goodwin'; Al Hofeld; ECLG Partners

**Subject:** RE: MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINED and MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL

**Attachments:** AMQ - MDL - MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINE.DOC; From001.PDF

Dan, Dan and Teams,

1. Attached is: (A) a Red-Lined version of the Mediation Stipulation and Order; and (B) a Final Signature Ready Form of Mediation Stipulation and Order.
2. The only changes not shown in Red-Lines are the cases that were deleted from Exhibit A as per instructions from both your offices (i.e. per Dan Harris Office's e-mail dated Oct. 3, 2006, and Al Hofeld's e-mail also dated Oct. 3, 2006). This includes deleting from Exhibit A the Talley case.
3. I added that future Individual Actions filed by the parties would be added to this Mediation Stipulation as requested by Dan Harris' office in noting that his recently filed actions were not included in Exhibit A. Since both offices continue to file Individual Actions, this term is implied, if not previously expressed.
4. Please confirm that the attached PDF Final Form of Mediation Stipulation and Order is acceptable to all parties. As mentioned earlier this morning, I will now share this form of Stipulation with other plaintiffs' attorneys to ascertain their respective interest in entering into the same or similar stipulations.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |

## STIPULATION RE STAY OF ACTIONS PENDING MEDIATION

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions and all new Independent Actions filed by the parties:

(1) Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3) Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) Plaintiffs and Defendants have agreed to have the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

**Deleted:** retain

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

Formatted: Bullets and Numbering

Deleted: ¶ Initially, the fees and costs of mediation shall be borne equally by the participating Defendants. However, if a borrower or borrowers reject a settlement offer from one or more of the Defendants which the Mediator determines to be fair and reasonable under all the facts and circumstances of the case, then such borrower or borrowers shall be obligated to immediately pay one third (1/3) the cost and fees for the mediation for such case.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each

Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006

By:/s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**ORDER**

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1) Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3) Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_______________, 2006 ______________________________________

THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A

(1) *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(2) *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(3) *Applegate, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4867 (N.D. Ill.);
(4) *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
(5) *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);
(6) *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(7) *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(8) *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(9) *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(10) *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(11) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(12) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(13) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(15) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(16) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(17) *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);
(18) *Calder v. Ameriquest Mortgage Co., et al.*, Case No. 06-5146 (N.D. Ill.);
(19) *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(20) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(21) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(22) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(23) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(24) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(25) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(26) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(27) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(28) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(29) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(30) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(31) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(32) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(33) *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);
(34) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(35) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(36) *Gerbig, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4868 (N.D. Ill.);
(37) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(38) *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);
(39) *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);
(40) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(41) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(42) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(43) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

(44) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(45) *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);
(46) *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(47) *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(48) *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(49) *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(50) *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;
(51) *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(52) *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(53) *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(54) *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(55) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(56) *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(57) *Kessler v. Ameriquest Mortgage Co., et al.*, Case No. 06-4999 (N.D. Ill.);
(58) *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(59) *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(60) *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(61) *Lappin, et al. v. Ameriquest Mortgage Co., et al.*, Case No 06-5147 (N.D. Ill.);
(62) *Leach v. Ameriquest Mortgage Co., et al.*, Case No. 06-5000 (N.D. Ill.);
(63) *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(64) *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(65) *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);
(66) *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(67) *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(68) *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(69) *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(70) *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;
(71) *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(72) *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(73) *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(74) *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(75) *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(76) *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(77) *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;
(78) *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);
(79) *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(80) *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(81) *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);
(82) *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);
(83) *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);
(84) *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);

(85)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);

(86)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);

(87)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);

(88)    *Solnin, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4866 (N.D. Ill.);

(89)    *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);

(90)    *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);

(91)    *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5148 (N.D. Ill.);

(92)    *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);

(93)    *Tieri v. Ameriquest Mortgage Co., et al.*, Case No. 06-2683 (N.D. Ill.);

(94)    *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);

(95)    *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);

(96)    *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);

(97)    *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);

(98)    *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);

(99)    *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);

(100)    *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);

(101)    *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.); and

(102)    *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |

**STIPULATION RE STAY OF ACTIONS PENDING MEDIATION**

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions and all new Independent Actions filed by the parties:

(1) Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3) Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) Plaintiffs and Defendants have agreed to have the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each

Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006

By: /s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**ORDER**

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1) Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3) Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four

hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:________________, 2006

________________________________________
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A

(1) *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(2) *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(3) *Applegate, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4867 (N.D. Ill.);
(4) *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
~~(5) *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);~~
(6) *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(7) *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(8) *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(9) *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(10) *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(11) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(12) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(13) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(15) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(16) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(17) *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);
(18) *Calder v. Ameriquest Mortgage Co., et al.*, Case No. 06-5146 (N.D. Ill.);
(19) *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(20) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(21) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(22) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(23) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(24) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(25) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(26) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(27) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(28) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(29) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(30) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(31) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(32) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(33) *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);
(34) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(35) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(36) *Gerbig, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4868 (N.D. Ill.);
(37) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(38) *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);
(39) *Grabs v. Argent Mortgage Co., et al.*, Case No. 1 06-2809 (N.D. Ill.);
(40) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(41) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(42) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(43) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

(44) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(45) *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);
(46) *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(47) *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(48) *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(49) *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(50) *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;
(51) *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(52) *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(53) *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(54) *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(55) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(56) *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(57) *Kessler v. Ameriquest Mortgage Co., et al.*, Case No. 06-4999 (N.D. Ill.);
(58) *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(59) *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(60) *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(61) *Lappin, et al. v. Ameriquest Mortgage Co., et al.*, Case No 06-5147 (N.D. Ill.);
(62) *Leach v. Ameriquest Mortgage Co., et al.*, Case No. 06-5000 (N.D. Ill.);
(63) *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(64) *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(65) *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);
(66) *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(67) *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(68) *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(69) *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(70) *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;
(71) *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(72) *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(73) *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(74) *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(75) *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(76) *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(77) *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;
(78) *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);
(79) *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(80) *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(81) *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);
(82) *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);
(83) *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);
(84) *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);

(85)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);

(86)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);

(87)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);

(88)    *Solnin, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4866 (N.D. Ill.);

(89)    *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);

(90)    *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);

(91)    *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5148 (N.D. Ill.);

(92)    *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);

(93)    *Tieri v. Ameriquest Mortgage Co., et al.*, Case No. 06-2683 (N.D. Ill.);

(94)    *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);

(95)    *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);

(96)    *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);

(97)    *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);

(98)    *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);

(99)    *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);

(100)   *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);

(101)   *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.); and

(102)   *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.).

BLUEBIRD OFFICE SUPPLIES (888) 477-0

**EXHIBIT 13**

**Dan Edelman**

| | |
|---|---|
| **From:** | LeSage, Bernard [BLESAGE@buchalter.com] |
| **Sent:** | Wednesday, October 11, 2006 11:58 AM |
| **To:** | Dan Edelman; Dan Harris; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A. |
| **Cc:** | Tara Goodwin; Al Hofeld; ECLG Partners |
| **Subject:** | RE: MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINED and MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL |
| **Attachments:** | AMQ - MDL - MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINE.DOC; From001.PDF |

Dan, Dan and Teams,

1. Attached is: (A) a Red-Lined version of the Mediation Stipulation and Order; and (B) a Final Signature Ready Form of Mediation Stipulation and Order.
2. The only changes not shown in Red-Lines are the cases that were deleted from Exhibit A as per instructions from both your offices (i.e. per Dan Harris Office's e-mail dated Oct. 3, 2006, and Al Hofeld's e-mail also dated Oct. 3, 2006). This includes deleting from Exhibit A the Talley case.
3. I added that future Individual Actions filed by the parties would be added to this Mediation Stipulation as requested by Dan Harris' office in noting that his recently filed actions were not included in Exhibit A. Since both offices continue to file Individual Actions, this term is implied, if not previously expressed.
4. Please confirm that the attached PDF Final Form of Mediation Stipulation and Order is acceptable to all parties. As mentioned earlier this morning, I will now share this form of Stipulation with other plaintiffs' attorneys to ascertain their respective interest in entering into the same or similar stipulations.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |

**STIPULATION RE STAY OF ACTIONS PENDING MEDIATION**

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions and all new Independent Actions filed by the parties:

(1) Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3) Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) Plaintiffs and Defendants have agreed to have the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each

Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006

By: /s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**ORDER**

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1) Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3) Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four

hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:________________, 2006

________________________________
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A

(1) *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(2) *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(3) *Applegate, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4867 (N.D. Ill.);
(4) *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
(5) *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);
(6) *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(7) *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(8) *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(9) *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(10) *Block, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(11) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(12) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(13) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(15) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(16) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(17) *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);
(18) *Calder v. Ameriquest Mortgage Co., et al.*, Case No. 06-5146 (N.D. Ill.);
(19) *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(20) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(21) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(22) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(23) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(24) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(25) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(26) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(27) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(28) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(29) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(30) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(31) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(32) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(33) *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);
(34) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(35) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(36) *Gerbig, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4868 (N.D. Ill.);
(37) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(38) *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);
(39) *Grabs v. Argent Mortgage Co., et al.*; Case No. 1 06-2809 (N.D. Ill.);
(40) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(41) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(42) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(43) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

(44) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(45) *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);
(46) *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(47) *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(48) *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(49) *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(50) *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind..), Transferee Civil No. 2006-3423;
(51) *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(52) *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(53) *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(54) *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(55) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(56) *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(57) *Kessler v. Ameriquest Mortgage Co., et al.*, Case No. 06-4999 (N.D. Ill.);
(58) *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(59) *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(60) *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(61) *Lappin, et al. v. Ameriquest Mortgage Co., et al.*, Case No 06-5147 (N.D. Ill.);
(62) *Leach v. Ameriquest Mortgage Co., et al.*, Case No. 06-5000 (N.D. Ill.);
(63) *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(64) *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(65) *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);
(66) *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(67) *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(68) *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(69) *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(70) *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.). Transferee Civil No. 2006-1737;
(71) *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(72) *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(73) *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(74) *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(75) *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(76) *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(77) *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;
(78) *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);
(79) *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(80) *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(81) *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);
(82) *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);
(83) *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);
(84) *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);

(85)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);
(86)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);
(87)    *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);
(88)    *Solnin, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4866 (N.D. Ill.);
(89)    *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);
(90)    *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);
(91)    *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5148 (N.D. Ill.);
(92)    *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);
(93)    *Tieri v. Ameriquest Mortgage Co., et al.*, Case No. 06-2683 (N.D. Ill.);
(94)    *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);
(95)    *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);
(96)    *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);
(97)    *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);
(98)    *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);
(99)    *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);
(100)   *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);
(101)   *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.); and
(102)   *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.).

EXHIBIT 14

---

**From:** Dan Harris [lawofficedh@yahoo.com]

**Sent:** Thursday, October 12, 2006 10:03 AM

**To:** LeSage, Bernard; Dan Edelman; Wiegand, Thomas; Craig A. Varga (Craig A. Varga); Andrus, Sarah; Berman, Rachael; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.

**Cc:** Tara Goodwin; Al Hofeld; ECLG Partners

**Subject:** Re: MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINED and MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL

The stipulation is acceptable on my end. The only suggested change is the month on the signature line.

Dan

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

----- Original Message ----
From: "LeSage, Bernard" <BLESAGE@buchalter.com>
To: Dan Edelman <dedelman@edcombs.com>; Dan Harris <lawofficedh@yahoo.com>; "Wiegand, Thomas" <TWiegand@winston.com>; Craig A. Varga (Craig A. Varga) <cvarga@vblhc.com>; "Andrus, Sarah" <SANDRUS@buchalter.com>; "Berman, Rachael" <RBERMAN@buchalter.com>; "Fisher, Michael B." <mbfisher@buchalter.com>; "Block, Brandon A." <bblock@buchalter.com>; "Petrossian, Melody A." <mpetrossian@buchalter.com>
Cc: Tara Goodwin <TGOODWIN@edcombs.com>; Al Hofeld <ahofeld@edcombs.com>; ECLG Partners <ECLGPartners@edcombs.com>
Sent: Wednesday, October 11, 2006 11:58:16 AM
Subject: RE: MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL RED LINED and MEDIATION STIP AND ORDER OCT. 11, 2006 - FINAL

Dan, Dan and Teams,

1. Attached is: (A) a Red-Lined version of the Mediation Stipulation and Order; and (B) a Final Signature Ready Form of Mediation Stipulation and Order.
2. The only changes not shown in Red-Lines are the cases that were deleted from Exhibit A as per instructions from both your offices (i.e. per Dan Harris Office's e-mail dated Oct. 3, 2006, and Al Hofeld's e-mail also dated Oct. 3, 2006). This includes deleting from Exhibit A the Talley case.
3. I added that future Individual Actions filed by the parties would be added to this Mediation Stipulation as requested by Dan Harris ' office in noting that his

recently filed actions were not included in Exhibit A. Since both offices continue to file Individual Actions, this term is implied, if not previously expressed.

4. Please confirm that the attached PDF Final Form of Mediation Stipulation and Order is acceptable to all parties. As mentioned earlier this morning, I will now share this form of Stipulation with other plaintiffs' attorneys to ascertain their respective interest in entering into the same or similar stipulations.

Thanks,
***Bernie***

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles , CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

**EXHIBIT 15**

**From:** LeSage, Bernard
**Sent:** Tuesday, November 14, 2006 4:41 PM
**To:** 'Dan Blinn'; 'lawyer@consumerlawgroup.com'
**Subject:** FW: Proposed Stipulation re Mediation of NORTC Cases
**Attachments:** From001.pdf

Dan,
I had to re-send this because the earlier address seems to have been wrong. Please read all the e-mails below.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** LeSage, Bernard
**Sent:** Tuesday, November 14, 2006 4:39 PM
**To:** LeSage, Bernard; 'lawyer@consumerlawgroup.com'
**Cc:** 'Dan Edelman'; 'Dan Harris'; 'Al Hofeld'; 'ECLG Partners'; Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.
**Subject:** RE: Proposed Stipulation re Mediation of NORTC Cases

Dan,

1. See the below e-mail that I sent to you, Monday October 30, 2006.
2. We have not heard whether your firm is or is not interested in the attached stipulation.
3. Dan Harris advised me today that he has not heard from you either.
4. We will be filing a motion to have the order entered as to the stipulating parties.
5. Please advise me one way or the other whether you wish to join such a stipulation on behalf of the clients you represent.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** LeSage, Bernard
**Sent:** Monday, October 30, 2006 2:53 PM
**To:** 'lawyer@consumerlawgroup.com'
**Cc:** 'Dan Edelman'; 'Dan Harris'; 'Al Hofeld'; 'ECLG Partners'; Andrus, Sarah
**Subject:** RE: Proposed Stipulation re Mediation of NORTC Cases

Dan Blinn,

1. As I believe you may have heard, the Edelman and Harris Firms have negotiated with Defendants an expedition procedure for settling all their outstanding NORTC cases. I was told that although you were not present during the negotiations, that your local counsel in the Northern District was present and may have kept you abreast of developments.
2. Attached is the final form of the Stipulation and Proposed Court Order that was signed by both Mr. Edelman and Mr. Harris. At Mr. Harris' request the list of cases (Exhibit A) was modified slightly to add a few cases, but the attached Stipulation and Court Order was signed by both firms.
3. It seemed to the negotiating parties that your office may also be interested in the expedited procedure and mediation.
4. Please take a look at the attached stipulation and give me a call or contact me with your thought, comments or suggestions. We would obviously modify Exhibit A to the Stipulation to include all your cases.
5. I look forward to hearing from you.

Thanks,
***Bernie***
Bernard E. LeSage

Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys:
http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this
transmission.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |

**STIPULATION RE STAY OF ACTIONS PENDING MEDIATION**

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions and all new Independent Actions filed by the parties:

(1) Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3) Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) Plaintiffs and Defendants have agreed to have the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each

Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006

By: /s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**ORDER**

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1) Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3) Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9)    Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10)    To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11)    If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)    The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four

hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_______________, 2006

_______________________________
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A

(1) *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(2) *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(3) *Applegate, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4867 (N.D. Ill.);
(4) *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
(5) *Barletta v. Ameriquest Mortgage Co. et al.*, Case No. 06-4560 (N.D. Ill.);
(6) *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(7) *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(8) *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(9) *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(10) *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(11) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(12) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(13) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(15) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(16) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(17) *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);
(18) *Calder v. Ameriquest Mortgage Co., et al.*, Case No. 06-5146 (N.D. Ill.);
(19) *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(20) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(21) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(22) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(23) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(24) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(25) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(26) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(27) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(28) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(29) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(30) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(31) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(32) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(33) *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);
(34) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(35) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(36) *Gerbig, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4868 (N.D. Ill.);
(37) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(38) *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);
(39) *Grabs v. Argent Mortgage Co., et al.*; Case No. 1 06-2809 (N.D. Ill.);
(40) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(41) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(42) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(43) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

(44) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(45) *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);
(46) *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(47) *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(48) *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(49) *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(50) *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind.), Transferee Civil No. 2006-3423;
(51) *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(52) *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(53) *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(54) *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(55) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(56) *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(57) *Kessler v. Ameriquest Mortgage Co., et al.*, Case No. 06-4999 (N.D. Ill.);
(58) *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(59) *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(60) *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(61) *Lappin, et al. v. Ameriquest Mortgage Co., et al.*, Case No 06-5147 (N.D. Ill.);
(62) *Leach v. Ameriquest Mortgage Co., et al.*, Case No. 06-5000 (N.D. Ill.);
(63) *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(64) *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(65) *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);
(66) *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(67) *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(68) *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(69) *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(70) *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;
(71) *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(72) *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(73) *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(74) *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(75) *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(76) *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(77) *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;
(78) *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);
(79) *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(80) *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(81) *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);
(82) *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);
(83) *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);
(84) *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);

(85) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);
(86) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);
(87) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);
(88) *Solnin, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4866 (N.D. Ill.);
(89) *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);
(90) *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);
(91) *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5148 (N.D. Ill.);
(92) *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);
(93) *Tieri v. Ameriquest Mortgage Co., et al.*, Case No. 06-2683 (N.D. Ill.);
(94) *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);
(95) *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);
(96) *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);
(97) *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);
(98) *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);
(99) *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);
(100) *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);
(101) *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.); and
(102) *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.).

---

**From:** LeSage, Bernard

**Sent:** Tuesday, November 14, 2006 4:45 PM

**To:** 'brian@bromberglawoffice.com'; 'Dan Edelman'; 'Dan Harris'; 'Al Hofeld'; 'ECLG Partners'; Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.

**Subject:** FW: Proposed Stipulation re Mediation of NORTC Cases

**Attachments:** From001.pdf

Brian,

1. See the below e-mail that I sent to you, Monday October 30, 2006.
2. We have not heard whether your firm is or is not interested in the attached stipulation.
3. We will be filing a motion to have the order entered as to the stipulating parties.
4. Please advise me one way or the other whether you wish to join such a stipulation on behalf of the clients you represent.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** LeSage, Bernard
**Sent:** Monday, October 30, 2006 2:40 PM
**To:** 'brian@bromberglawoffice.com:'; 'Dan Edelman'; 'Dan Harris'; 'Al Hofeld'; 'ECLG Partners'; Andrus, Sarah
**Subject:** RE: Proposed Stipulation re Mediation of NORTC Cases

Brian,

1. As I believe you may have heard, the Edelman and Harris Firms have

negotiated with Defendants an expedition procedure for settling all their outstanding NORTC cases.

2. Attached is the final form of the Stipulation and Proposed Court Order that was signed by both Mr. Edelman and Mr. Harris. At Mr. Harris' request the list of cases (Exhibit A) was modified slightly to add a few cases, but the attached Stipulation and Court Order was signed by both firms.
3. It seemed to the negotiating parties that your office may also be interested in the expedited procedure and mediation.
4. Please take a look at the attached stipulation and give me a call or contact me with your thought, comments or suggestions. We would obviously modify Exhibit A to the Stipulation to include all your cases.
5. I look forward to hearing from you.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys:
http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |

**STIPULATION RE STAY OF ACTIONS PENDING MEDIATION**

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions and all new Independent Actions filed by the parties:

(1) Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3) Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) Plaintiffs and Defendants have agreed to have the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each

Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006

By: /s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**ORDER**

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1) Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3) Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four

hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:________________, 2006

______________________________
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A

(1) *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(2) *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(3) *Applegate, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4867 (N.D. Ill.);
(4) *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
(5) *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);
(6) *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(7) *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(8) *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(9) *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(10) *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(11) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(12) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(13) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(15) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(16) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(17) *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);
(18) *Calder v. Ameriquest Mortgage Co., et al.*, Case No. 06-5146 (N.D. Ill.);
(19) *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(20) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(21) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(22) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(23) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(24) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(25) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(26) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(27) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(28) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(29) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(30) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(31) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(32) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(33) *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);
(34) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(35) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(36) *Gerbig, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4868 (N.D. Ill.);
(37) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(38) *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);
(39) *Grabs v. Argent Mortgage Co., et al.*; Case No. 1 06-2809 (N.D. Ill.);
(40) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(41) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(42) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(43) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

(44) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(45) *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);
(46) *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(47) *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(48) *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(49) *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(50) *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind.), Transferee Civil No. 2006-3423;
(51) *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(52) *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(53) *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(54) *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(55) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(56) *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(57) *Kessler v. Ameriquest Mortgage Co., et al.*, Case No. 06-4999 (N.D. Ill.);
(58) *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(59) *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(60) *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(61) *Lappin, et al. v. Ameriquest Mortgage Co., et al.*, Case No 06-5147 (N.D. Ill.);
(62) *Leach v. Ameriquest Mortgage Co., et al.*, Case No. 06-5000 (N.D. Ill.);
(63) *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(64) *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(65) *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);
(66) *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(67) *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(68) *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(69) *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(70) *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;
(71) *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(72) *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(73) *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(74) *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(75) *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(76) *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(77) *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;
(78) *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);
(79) *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(80) *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(81) *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);
(82) *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);
(83) *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);
(84) *Smith v. Town & Country Credit Corp., et al.*, Case No. 1 06-3704 (N.D. Ill.);

(85) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);
(86) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);
(87) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);
(88) *Solnin, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4866 (N.D. Ill.);
(89) *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);
(90) *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);
(91) *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5148 (N.D. Ill.);
(92) *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);
(93) *Tieri v. Ameriquest Mortgage Co., et al.*, Case No. 06-2683 (N.D. Ill.);
(94) *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);
(95) *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);
(96) *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);
(97) *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);
(98) *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);
(99) *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);
(100) *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);
(101) *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.); and
(102) *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.).

**From:** LeSage, Bernard
**Sent:** Tuesday, November 14, 2006 4:49 PM
**To:** 'lefeblaw@aol.com'; 'Dan Edelman'; 'Dan Harris'; 'Al Hofeld'; 'ECLG Partners'; Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.
**Subject:** FW: RE: Proposed Stipulation re Mediation of NORTC Cases
**Attachments:** From001.pdf

Chris,

1. See the below e-mail that I sent to you, Monday October 30, 2006.
2. We have not heard whether your firm is or is not interested in the attached stipulation.
3. We will be filing a motion to have the order entered as to the stipulating parties.
4. Please advise me one way or the other whether you wish to join such a stipulation on behalf of the clients you represent.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** LeSage, Bernard
**Sent:** Monday, October 30, 2006 2:16 PM
**To:** 'lefeblaw@aol.com'; 'Dan Edelman'; Dan Harris; Al Hofeld; ECLG Partners; Andrus, Sarah
**Subject:** RE: Proposed Stipulation re Mediation of NORTC Cases

Chris,

1. As I believe you may have heard, the Edelman and Harris Firms have negotiated with Defendants an expedition procedure for settling all their outstanding NORTC cases. I was told that although you were not present during the negotiations, that your local counsel in the Northern District was present and may have kept you abreast of developments.

2. Attached is the final form of the Stipulation and Proposed Court Order that was signed by both Mr. Edelman and Mr. Harris. At Mr. Harris' request the list of cases (Exhibit A) was modified slightly to add a few cases, but the attached Stipulation and Court Order was signed by both firms.

3. It seemed to the negotiating parties that your office may also be interested in the expedited procedure and mediation.

4. Please take a look at the attached stipulation and give me a call or contact me with your thought, comments or suggestions. We would obviously modify Exhibit A to the Stipulation to include all your cases.

5. I look forward to hearing from you.


Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |

**STIPULATION RE STAY OF ACTIONS PENDING MEDIATION**

WHEREAS, certain Plaintiffs[1] and Defendants[2] in this multidistrict litigation proceeding ("MDL Proceeding") believe that it would be efficient and beneficial to stay the 106 actions identified in Exhibit A hereto (collectively, the "Individual Actions") and attempt to resolve these actions through mediation;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the most efficient way to resolve the parties' disputes and avoid the expense of discovery and motion practice;

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that this Court should initially allow all potentially responsible parties to be brought into each of the Individual Actions as third-party defendants (collectively, the "Third-Party Defendants");

WHEREAS, counsel for Plaintiffs and counsel for Defendants agree that after all Third-Party Defendants are added into the Individual Actions, Plaintiffs and Defendants, and those Third-Party Defendants who agree to the Stipulated Scheduling Order set forth below, should engage in mediation;

---

[1] "Plaintiffs" shall mean the named plaintiffs in the actions identified in Exhibit A hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

WHEREAS, should mediation fail in an Individual Action, then either party may request a lift of the stay in that action to further prepare the case or cases for further mediation or trial; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulated Scheduling Order with respect to the Individual Actions and all new Independent Actions filed by the parties:

(1)     Within 30 days of the Court's entry of this Stipulated Scheduling Order, Defendants shall file all cross complaints (collectively, the "Cross-Complaints") against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2)     Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of this Stipulated Scheduling Order.

(3)     Upon entry of this Stipulated Scheduling Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4)     Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by this Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by this Stipulated Scheduling Order.

(5)     As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation.

(6)     Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7)     Plaintiffs and Defendants have agreed to have the Honorable Magistrate Judge Morton Denlow, to mediate the Individual Actions provided he is able and willing to act as Mediator. If a Third-Party Defendant consents to mediation, but objects to the Honorable

Magistrate Judge Morton Denlow serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9) The Parties may disclose to the Mediator the terms of prior settlements, however, the Parties also agree that prior settlements are not binding precedence. The Parties also agree that any disclosure of the terms of prior settlements must be in writing and served on all Parties no less than five (5) court days prior to any Mediation. Further, the Parties agree that documents referencing or incorporating prior settlements shall be lodged with the Mediator and not filed with the Court. The Parties also agree that they will otherwise fully comply with the confidentiality provisions in each such settlement agreement.

(10) To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 12 below.

(11) If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12) The supplemental discovery contemplated in paragraph 12 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each

Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO STIPULATED.**

Dated: September __, 2006

By: /s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: September __, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: September __, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: September __, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

**ORDER**

Plaintiffs and Defendants having so stipulated, **IT IS ORDERED** that:

(1) Within 30 days of the Court's entry of this Order, Defendants shall file all Cross-Complaints against all Third-Party Defendants then-known to Defendants and any other party in the Individual Actions.

(2) Immediately after filing the Cross-Complaints, Defendants shall begin effectuating service on all Third-Party Defendants. Together with service of process of the Cross-Complaints, Defendants shall use their best efforts to inform all Third-Party Defendants of the Stipulated Scheduling Order and any related order of this Court.

(3) Upon entry of this Order, the Individual Actions shall be stayed in their entirety, including any litigation involving the Cross-Complaints (the "Stipulated Stay"). The Stipulated Stay shall not affect Defendants' right to file the Cross-Complaints.

(4) Within 20 days of service of a Cross-Complaint in an Individual Action, the Third-Party Defendant(s) named in that action shall notify the Court and the parties to that action whether or not they agree to be bound by the Stipulated Scheduling Order. The Stipulated Stay shall apply to all Third-Party Defendants, whether or not they agree to be bound by the Stipulated Scheduling Order.

(5) As soon as practical after the expiration of the 20-day period detailed in paragraph 4, the parties shall engage in non-binding mediation before the Honorable Judge Morton Denlow, provided he is willing and able to serve as Mediator.

(6) Prior to the mediation of any Individual Action, Plaintiff(s) therein shall produce all documents supporting the allegations in the complaint, and Defendants shall produce Plaintiff(s)' loan file and all documents to support any allegations against Third-Party Defendant(s).

(7) If a Third-Party Defendant consents to mediation, but objects to the Honorable Judge Morton Denlow, serving as mediator, the parties shall promptly meet and confer and select an alternative mediator.

(8) Parties with settlement authority will attend the mediation or be available by telephone.

(9)     Initially, the fees and costs of mediation shall be borne equally by the participating parties. Plaintiffs may seek reimbursement of their respective fees and costs of mediation in connection with the settlement of any Individual Action.

(10)     To the extent that any party believes that resolution of a particular Individual Action cannot be reached informally, any party to that Individual Action may serve the disclosures required under Rule 26(a)(1) of the Federal Rules of Civil Procedure on any opposing party, which will then trigger the obligations of paragraph 11 below.

(11)     If any party serves Rule 26(a)(1) disclosures in an Individual Action, counsel in each such Individual Action will confer telephonically with each other and the appointed mediator within 21 days of such service to determine whether they can resolve the matter without further discovery (the "Initial Mediation Conference"). If further discovery is needed, the parties shall confer with the appointed mediator during the Initial Mediation Conference and determine what discovery is necessary for a successful mediation. Any supplemental discovery must be completed within 30 days from the Initial Mediation Conference, or such other time as the parties may agree. Within 30 days after the completion of the supplemental discovery, or such other time as to which the parties and mediator may agree, the parties shall participate in another mediation session to attempt to resolve the dispute. Parties with settlement authority also shall attend the second mediation session or be available by telephone. If mediation still is unsuccessful, the parties will inform the Court of this fact and the stay in that case shall be lifted upon order of the Court.

(12)     The supplemental discovery contemplated in paragraph 11 shall be limited to whichever of the following the mediator deems necessary to further a resolution of the Individual Action at issue: (a) one deposition of each Plaintiff, (b) one deposition of a representative of each Third-Party Defendant, and (c) exchange of all documents provided to the Plaintiff(s) at the time of loan closing in the possession, custody or control of the Plaintiff(s), the Ameriquest Defendant(s) and the Cross-Defendant(s). Depositions shall be limited to no more than four

hours in length. Any further discovery shall be permitted only by Court order supported by a showing of good cause for such discovery.

**IT IS SO ORDERED.**

Dated:_______________, 2006

_______________________________
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT A

(1) *Addison v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-654 (E.D. Wis.);
(2) *Anderson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1981 (N.D. Ill.);
(3) *Applegate, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4867 (N.D. Ill.);
(4) *Balark, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2430 (N.D. Ill.);
(5) *Barletta v. Ameriquest Mortgage Co, et al.*, Case No. 06-4560 (N.D. Ill.);
(6) *Belford v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-149 (N.D. Ind.);
(7) *Bergquist v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1438 (N.D. Ill.);
(8) *Besterfield v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2676 (N.D. Ill.);
(9) *Billings, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1849 (N.D. Ill.);
(10) *Black, et al. v. Argent Mortgage Co., et al.*, Case No. 06-4418 (N.D. Ill.);
(11) *Bothwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-175 (N.D. Ind.);
(12) *Bricker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4528 (N.D. Ill.);
(13) *Brown v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4723 (N.D. Ill.);
(14) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5111 (N.D. Ill.);
(15) *Brown, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2830 (N.D. Ill.);
(16) *Buckner v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6808 (N.D. Ill.);
(17) *Burgess, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-13734 (E.D. Mich.);
(18) *Calder v. Ameriquest Mortgage Co., et al.*, Case No. 06-5146 (N.D. Ill.);
(19) *Carter, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-137 (N.D. Ind.), Transferee Civil No. 2006-3425;
(20) *Cashen, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4683 (N.D. Ill.);
(21) *Childres v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12673 (E.D. Mich.);
(22) *Clarke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4201 (N.D. Ill.);
(23) *Cleveland v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4306 (N.D. Ill.);
(24) *Cole, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-135 (N.D. Ind.);
(25) *Dearden v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2912 (N.D. Ill.);
(26) *Doolittle, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5033 (N.D. Ill.);
(27) *Dougherty, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2482 (N.D. Ill.);
(28) *Duchene v. Ameriquest Mortgage Co., et al.*, Case No. 06-13778 (E.D. Mich.);
(29) *Eson, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2829 (N.D. Ill.);
(30) *Filian, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2826 (N.D. Ill.);
(31) *Furgeson v. Ameriquest Mortgage Co., et al.* Case No. 1 04-7627 (N.D. Ill.);
(32) *Gajewski v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-3050 (N.D. Ill.);
(33) *Garcia v. Argent Mortgage Co., et al., Case* No. 1 06-1829 (N.D. Ill.);
(34) *Geis, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1716 (N.D. Ill.);
(35) *Gelman, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-4684 (N.D. Ill.);
(36) *Gerbig, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4868 (N.D. Ill.);
(37) *Gillespie v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-220 (N.D. Ind.);
(38) *Grabowski v. Ameriquest Mortgage Co., et al., Case* No. 1 06-2549 (N.D. Ill.);
(39) *Grabs v. Argent Mortgage Co., et al.*; Case No. 1 06-2809 (N.D. Ill.);
(40) *Green, et al. v. Argent Mortgage Co., et al.*, Case No. 1 06-2045 (N.D. Ill.);
(41) *Hall v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1944 (N.D. Ill.);
(42) *Harless v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-695 (S.D. Ind.);
(43) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4025 (N.D. Ill.);

(44) *Harris v. Ameriquest Mortgage Co., et al.*, Case No. 4 06-4030 (C.D. Ill.), Transferee Civil No. 2006-4040;
(45) *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-3048 (N.D. Ill.);
(46) *Hawkins v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1848 (N.D. Ill.);
(47) *Henson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1876 (N.D. Ill.);
(48) *Holzmeister v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5911 (N.D. Ill.);
(49) *Horne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-423 (S.D. Ill.);
(50) *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-102 (N.D. Ind.), Transferee Civil No. 2006-3423;
(51) *Jenkins v. Argent Mortgage Co, et al.*, Case No. 1 06-2044 (N.D. Ill.);
(52) *Jewell v. Ameriquest Mortgage Company*, Case No. 1 06-269 (N.D. Ill.);
(53) *Jiles v. Argent Mortgage Co., et al.*, Case No. 1 06-2771 (N.D. Ill.);
(54) *Jimenez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1009 (N.D. Ill.);
(55) *Jones v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2397 (N.D. Ill.);
(56) *Jude v. Town & Country Credit Corp., et al.*, Case No. 1 06-1691 (N.D. Ill.);
(57) *Kessler v. Ameriquest Mortgage Co., et al.*, Case No. 06-4999 (N.D. Ill.);
(58) *Key v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1077 (N.D. Ill.);
(59) *Krise, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-529 (W.D. Mich.);
(60) *Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-12466 (E.D. Mich.);
(61) *Lappin, et al. v. Ameriquest Mortgage Co., et al.*, Case No 06-5147 (N.D. Ill.);
(62) *Leach v. Ameriquest Mortgage Co., et al.*, Case No. 06-5000 (N.D. Ill.);
(63) *Lehr, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-12477 (E.D. Mich.);
(64) *Luedtke, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4644 (N.D. Ill.);
(65) *Lurry-Payne v. Town & Country Credit Corp. et al.*, Case No. 1 06-1547 (N.D. Ill.);
(66) *Magliano, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1945 (N.D. Ill.);
(67) *Martin v. Argent Mortgage Co, et al.*, Case No. 1 06-1947 (N.D. Ill.);
(68) *Martinez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-590 (W.D. Mich.);
(69) *McGowan v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1831 (N.D. Ill.);
(70) *Mikowski, et al., v. Ameriquest Mortgage Co., et al.*, Case No. 2 05-411 (N.D. Ind.), Transferee Civil No. 2006-1737;
(71) *Mills v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-3976 (N.D. Ill.);
(72) *Nauracy, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-130 (N.D. Ind.), Transferee Civil No. 2006-3424;
(73) *Nelson, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-154 (N.D. Ind.);
(74) *Perry v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-6172 (N.D. Ill.);
(75) *Pintsak, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-5035 (N.D. Ill.);
(76) *Polydoros, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 05-6517 (N.D. Ill.);
(77) *Purdy-Roth, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 1 05-1618 (S.D. Ind.), Transferee Civil No. 2006-1738;
(78) *Rehbock v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1581 (N.D. Ill.);
(79) *Rocco, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2897 (N.D. Ill.);
(80) *Rodriquez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2187 (N.D. Ill.);
(81) *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-1950 (N.D. Ill.);
(82) *Salazar, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-4162 (N.D. Ill.);
(83) *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2333 (N.D. Ill.);
(84) *Smith v. Town & Country Credit Corp., et al., Case* No. 1 06-3704 (N.D. Ill.);

(85) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-648 (N.D. Ill.);
(86) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2828 (N.D. Ill.);
(87) *Smith, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-785 (S.D. Ind.);
(88) *Solnin, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4866 (N.D. Ill.);
(89) *Spencer v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2396 (N.D. Ill.);
(90) *Sutton, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 3 06-407 (S.D. Ill.);
(91) *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5148 (N.D. Ill.);
(92) *Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1546 (N.D. Ill.);
(93) *Tieri v. Ameriquest Mortgage Co., et al.*, Case No. 06-2683 (N.D. Ill.);
(94) *Treadwell, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1078 (N.D. Ill.);
(95) *VanderPol, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-652 (W.D. Mich.);
(96) *Vincer v. Ameriquest Mortgage Co., et al.*, Case No. 06-13735 (E.D. Mich.);
(97) *Walker, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-2807 (N.D. Ill.);
(98) *Walsh, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 2 06-13256 (E.D. Mich.);
(99) *Warren, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-4415 (N.D. Ill.);
(100) *Wertepny, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 05-1402 (N.D. Ill.);
(101) *Wessel, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1 06-1899 (N.D. Ill.); and
(102) *Wisniewski, et al. v. Town & Country Credit Corp., et al.*, Case No. 1 06-2697 (N.D. Ill.).

**EXHIBIT 16**

---

**From:** LeSage, Bernard
**Sent:** Wednesday, November 15, 2006 3:13 PM
**To:** Dan Edelman; Dan Harris; Al Hofeld; ECLG Partners; Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.
**Subject:** FW: MDL - Motion to Enter Stipulation to Stay Pending Mediation
**Attachments:** BN_1039309_1.DOC

Dan and Dan,

1. Since we have not heard back from the other NORTC attorneys, attached is a motion requesting Judge Aspen to enter our respective stipulations. Should other want to join, they can do so at a later date.
2. Let me know if you have any comments, of if we are good to go.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

## JOINT MOTION TO ENTER STIPULATION RE STAY OF ACTIONS PENDING MEDIATION

Certain plaintiffs (collectively, "Plaintiffs")[1] and Defendants[2] in this multidistrict litigation proceeding entered into a Stipulation re Stay of Actions Pending Mediation (the "Stipulation "). A copy of the Stipulation is attached hereto as Exhibit 1. By this Motion, the parties request that this Court enter the Stipulation in its entirety.

As further detailed in Exhibit 1 hereto, the parties agreed in the Stipulation that each of the 103 actions identified therein (collectively, the "Individual Actions") shall be stayed pending the completion of mediation before The Honorable Morton Denlow. There are only two exceptions to the agreed-upon stay. First, Defendants shall have the right to file cross-complaints against third-party defendants, so that all purportedly responsible parties are available to participate in mediation.[3] Second, the Stipulation defines the parameters of discovery for each of the Individual Actions.

---

[1] The identity of the Plaintiffs are identified in Exhibit 1 hereto.

[2] "Defendants" shall mean Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

[3] The parties recognize that the mediation procedure outlined in the Stipulation is not effective against non-parties without their consent. The Stipulation therefore requires all third-party defendants to notify the Court and the parties to the action, within 20 days of service of a cross-complaint, whether or not they agree to be bound by the mediation procedure in the Stipulation. The agreed-upon stay in the Stipulation, however, shall apply to all third-party defendants irrespective of whether they agree to be bound by the Stipulation.

The parties recognize that this Court's November 7, 2006 Memorandum Opinion and Order (the "Order") requires the parties to engage the services of a private mediator. [Docket No. 284, p. 14.] However, the Stipulation was entered into prior to the issuance of the Order and the parties still desire to mediate the Individual Actions before Judge Denlow.

Finally, counsel for Plaintiffs have filed 23 additional individual actions seeking rescission under the Truth-in-Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA"), since the parties' execution of the Stipulation. Attached hereto as Exhibit 2 is a list identifying these 23 later-filed actions. By this Motion, the parties agree that the actions identified in Exhibit 2, and any other subsequently-filed actions by Plaintiffs' counsel seeking rescission under TILA or corresponding state law, shall be subject to the Stipulation and any Order of this Court enforcing the Stipulation.

For the foregoing reasons, the Parties respectfully request that this Court enter the Stipulation in its entirety.

Respectfully submitted,

Dated: November 15, 2006

By: /s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: November 15, 2006

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: November 15, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: November 15, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand, Esq.
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

EXHIBIT 17

---

**From:** Dan Harris [lawofficedh@yahoo.com]

**Sent:** Thursday, November 16, 2006 7:13 AM

**To:** LeSage, Bernard; Dan Edelman; Al Hofeld; ECLG Partners; Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.

**Subject:** Re: MDL - Motion to Enter Stipulation to Stay Pending Mediation

Bernie:
Could you please add the following words to the last sentence of the second paragraph: "during the mediation process." As you know, if mediation fails we are entitled to fully engage in discovery.

Dan

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

----- Original Message ----
From: "LeSage, Bernard" <BLESAGE@buchalter.com>
To: Dan Edelman <DEDELMAN@edcombs.com>; Dan Harris <lawofficedh@yahoo.com>; Al Hofeld <ahofeld@edcombs.com>; ECLG Partners <ECLGPartners@edcombs.com>; "Andrus, Sarah" <SANDRUS@buchalter.com>; "Fisher, Michael B." <mbfisher@buchalter.com>; "Block, Brandon A." <bblock@buchalter.com>; "Petrossian, Melody A." <mpetrossian@buchalter.com>
Sent: Wednesday, November 15, 2006 5:12:51 PM
Subject: FW: MDL - Motion to Enter Stipulation to Stay Pending Mediation

Dan and Dan,

1. Since we have not heard back from the other NORTC attorneys, attached is a motion requesting Judge Aspen to enter our respective stipulations. Should other want to join, they can do so at a later date.
2. Let me know if you have any comments, of if we are good to go.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles , CA 90017-2457

Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see
www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

**EXHIBIT 18**

---

**From:** Al Hofeld [ahofeld@edcombs.com]

**Sent:** Thursday, November 16, 2006 7:28 AM

**To:** LeSage, Bernard; Dan Edelman; Dan Harris; ECLG Partners; Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.

**Subject:** RE: MDL - Motion to Enter Stipulation to Stay Pending Mediation

Bernie:

It is our position that parts of the proposed stipulation have been superseded by Judge Aspen's Orders of November 7 and 8. Indeed, the Judge's Orders directly contradict the proposed stipulation with respect to a stay, discovery, scheduling and other matters. Therefore, we cannot proceed at this time with the stipulation in its current form or, likewise, with any motion to have the same entered.

We do, however, remain willing to have Magistrate Denlow serve as the parties' mediator, if he agrees.

We are prepared to discuss modifications to the stipulation.

Very truly yours,

Al Hofeld, Jr.

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Wednesday, November 15, 2006 5:13 PM
**To:** Dan Edelman; Dan Harris; Al Hofeld; ECLG Partners; Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.
**Subject:** FW: MDL - Motion to Enter Stipulation to Stay Pending Mediation

Dan and Dan,

1. Since we have not heard back from the other NORTC attorneys, attached is a motion requesting Judge Aspen to enter our respective stipulations. Should other want to join, they can do so at a later date.
2. Let me know if you have any comments, of if we are good to go.

Thanks,
***Bernie***
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp

Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

IMPORTANT: This message is intended solely to be used by the individual or entity to which it is addressed. It may contain information which is privileged, confidential and otherwise exempt by law from disclosure. If you are not the intended recipient, and employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately and delete this communication. Thank you. Edelman, Combs, Latturner & Goodwin, LLC.

**CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 20th day of November 2006, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage