IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

### NOTICE OF SELECTION OF MEDIATORS

On November 7, 2006, this Court issued a Memorandum Opinion and Order (the "November 7, 2006 Order"), in which it ordered the parties to meet and confer regarding the selection of a mediator. [Docket No. 284, p. 14.] Defendants[1] hereby submit their Notice of Selection of Mediators.

**I. MASTER CLASS ACTION COMPLAINTS – THE HONORABLE JOHN K. TROTTER (RET.)**

After substantial negotiations, counsel for Defendants and Class Action Lead Counsel,[2] on behalf of their respective clients, have agreed to utilize the services of the Honorable John K. Trotter (Ret.), to mediate the putative consolidated master class actions to be filed pursuant to the Court's November 7, 2006 Order.

**II. ACTIONS FILED BY THE HARRIS FIRM – THE HONORABLE MORTON DENLOW OR THE HONORABLE DONALD P. O'CONNELL (RET.)**

As detailed in Defendants' Motion to Enter Stipulation to Mediate and Issue Scheduling Order in Accordance With Terms of Stipulation (the "Motion to Enter Stipulation") [Docket No. 308], counsel for Defendants, Edelman, Combs, Lattuner & Godwin, LLC ("ECLG") and the Law Offices of Daniel Harris (the "Harris Firm") met and conferred **prior** to the issuance of the

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

[2] "Class Action Lead Counsel" collectively refers to Lieff, Cabraser, Heimann & Bernstein, LLP; Roddy Klein & Ryan; and James, Hoyer, Newcomer & Smiljanich, P.A.

Court's November 7, 2006 Order and stipulated to mediate before the Honorable Morton Denlow all actions brought by ECLG and the Harris Firm in which plaintiffs allege that Defendants violated the Truth-in-Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA"), by providing them with non-compliant Notice of Right to Cancel ("NORTC") forms (the "Stipulation"). While ECLG believes that it is no longer bound by the **Stipulation**,[3] Defendants and plaintiffs represented by the Harris Firm remain committed to the terms of the Stipulation, as it is the method most likely to reach speedy resolutions of these cases.

Defendants recognize that mediation before Judge Denlow is now inconsistent with the November 7, 2006 Order, which requires the parties to utilize the services of a private mediator. [Docket No. 284, pp. 14.] Defendants and plaintiffs represented by the Harris Firm, however, are amenable to utilizing the services of the Honorable Donald P. O'Connell (Ret.) to mediate the cases brought by the Harris Firm, should Judge Denlow or this Court deem it preferable.

### III.    ECLG CASES – JUDGE DENLOW OR JUDGE O'CONNELL

As noted above, ECLG contends that it is no longer able to fulfill its obligations under the **Stipulation**. Defendants nevertheless have continued to meet and confer with ECLG regarding possible mediation of the cases brought by ECLG in an effort to comply with the November 7, 2006 Order. As a result of these efforts, ECLG and Defendants have, once again, agreed to mediate before Judge Denlow or Judge O'Connell, should Judge Denlow or this Court deem it preferable.

### IV.    MEDIATION PROCEDURE FOR ALL INDIVIDUAL NORTC CASES

On October 30, 2006 and November 14, 2006, Defendants' counsel sent e-mails to counsel in the individual NORTC cases where plaintiffs are not represented by ECLG or the Harris Firm, inquiring as to whether these plaintiffs would be interested in entering into a mediation protocol similar to the one set forth in the Stipulation. [Docket No. 310, ¶ 17, Ex. 15.] Defendants' counsel have not received responses from counsel for these plaintiffs. [*Id.*, ¶ 17.]

---

[3] ECLG's only concern about proceeding with the Stipulation is that it believes that this Court's November 7, 2006 and November 8, 2006 Orders supersede the Stipulation. Defendants submit that ECLG's questions concerning the effectiveness of the Stipulation in light of this Court's November 7, 2006 and November 8, 2006 Orders lack foundation. The November 7, 2006 and November 8, 2006 Orders do not bar the parties from stipulating as to the conduct of their respective actions. To the contrary, those Orders anticipate mediation between the parties, and, in fact, require the parties to take affirmative steps in this regard. [Docket No. 284, p. 14.] The Stipulation is one such affirmative step.

There currently are over 180 cases before this Court that will not likely be part of the consolidated putative class actions. Furthermore, ECLG alone has stated that it is preparing 40 additional cases for filing, and that it has received approximately 780 inquiries from potential clients who may have individual claims against Defendants. [Docket No. 288, pp. 5-6.]

In view of the foregoing, this Court likely will have to oversee several hundred individual, highly fact-specific actions. The mediation process detailed in the Stipulation represents an effort to alleviate the burden on this Court and place the individual cases into a settlement, rather than litigation, posture. Indeed, all counsel to the negotiations for the Stipulation agreed that the mediation process detailed therein is the most efficient way to proceed with this litigation at this juncture.

Given the foregoing, Defendants propose that the interests of justice would be served by this Court ordering all parties in the individual cases to abide by the terms of the Stipulation. Accordingly, Defendants request that this Court issue a Scheduling Order for all of the individual cases that adopts the mediation procedure set forth in the Stipulation or a similar mediation protocol acceptable to this Court.

Respectfully submitted,

DATED: November 20, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: November 20, 2006

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand, Esq.
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

4

**CERTIFICATE OF SERVICE**

  I, Bernard E, LeSage, hereby certify that on this 20th day of November 2006, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                By: /s/  Bernard E. LeSage