**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |

**DEFENDANTS' STATEMENT REGARDING THE REASSIGNMENT OF CERTAIN CASES IN PLAINTIFFS' FOURTH MOTION FOR REASSIGNMENT OF RELATED CASES**

Plaintiffs' Fourth Motion for Reassignment of Related Cases (the "Reassignment Motion") seeks reassignment of five cases to this Court for pretrial activities along with the other actions in this multidistrict litigation proceeding (the "Proceeding"). Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc. and Ameriquest Mortgage Securities, Inc. (collectively, "Defendants") do not oppose the reassignment of the following cases identified in the Reassignment Motion: *Manier, et al. v. Ameriquest Mortgage Co.,* Case No. 06-5344 (N.D. Ill.) (Lefkow, J.); *Bowden, et al. v. Argent Mortgage Co., et al.*, Case No. 06-5991 (N.D. Ill.) (Der-Yeghiayan, J.); and *Rosemon, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-6441 (N.D. Ill.) (Darrah, J.).

However, for the reasons detailed below, Defendants do oppose the reassignment of the following cases identified in the Reassignment Motion: *Whitsett v. Ameriquest Mortgage Co., et al.*, Case No. 06-5432 (N.D. Ill.) (Gottschall, J.); and *Perez, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 06-5373 (N.D. Ill.) (Gettleman, J.).

In their Reassignment Motion, Plaintiffs fail to inform the Court that Defendants have filed motions seeking the dismissal or transfer of *Whitsett* and *Perez* to the United States District Court for the Eastern (*Whitsett*) and Western (*Perez*) Districts of Michigan on the grounds that venue is improper in the Northern District of Illinois (the "Motions to Dismiss/Transfer"). Pursuant to 28 U.S.C. section 1391(b), venue is proper only (1) in the district where any

1

defendants reside, (2) in the district where a substantial part of the events or omissions giving rise to the claim occurred, or (3) in the jurisdiction where a defendant my be found , if there is no district in which the action or actions may otherwise be brought. 28 U.S.C. § 1391(b). As demonstrated in the Motions,[1] Plaintiffs fail to establish the Northern District of Illinois as the proper venue for these matters under any of the three prongs detailed above.

Importantly, the federal venue and multidistrict litigation laws provide that a case potentially subject to a multidistrict litigation proceeding must first be filed in the proper venue, and then considered by the Judicial Panel on Multidistrict Litigation (the "Panel") as a potential "tag-along" case subject to transfer to the proceeding for pretrial purposes. *See* 28 U.S.C. §§ 1391 and 1407. However, counsel for Plaintiffs in *Whitsett* and *Perez*—Edelman, Combs, Lattturner & Goodwin, LLC ("ECLG")—apparently is trying to bypass the Panel and the well-established multidistrict litigation procedures by filing *Whitsett* and *Perez* in this District, and then seeking reassignment of these cases to this Court. While these actions ultimately may end up before this Court in this Proceeding, ECLG cannot rob the Panel of its jurisdiction by ignoring the rules governing venue. Put simply, *Whitsett* and *Perez* must first be filed in the proper venue and then the cases may be considered by the Panel as potential "tag-along" cases.[2]

The Motions to Dismiss/Transfer in *Perez* and *Whitsett* are scheduled to be heard on December 5 and 7, 2006, respectively. [RJN, Exhs. 1 and 2.] Accordingly, Defendants respectfully request that this Court deny the Reassignment Motion as to *Whitsett* and *Perez* without prejudice, and order the parties to inform this Court of the rulings by Judges Gottschall and Gettleman on the Motions to Dismiss/Transfer.

---

[1] Copies of the Motions to Dismiss/Transfer and all supporting papers are attached to the contemporaneously-filed Request for Judicial Notice ("RJN") as Exhibits 1 (*Whitsett*) and 2 (*Perez*).

[2] ECLG has stated that it is preparing 40 additional Individual NORTC Cases for filing, and that it has received approximately 780 inquiries from potential clients who may have individual claims against Defendants. [Docket No. 288, pp. 5-6.] Thus, permitting ECLG to undercut applicable law as to *Whitsett* and *Perez* could have broad implications well beyond the impact on these two cases.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: December 1, 2006 | By:/s/ Bernard E. LeSage |

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

3

BN 1053347v3

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 1st day of December 2006, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage

BN 1053347v3