## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

MDL No. 1715

Lead Case No. 05-cv-07097

Centralized before The Honorable
Marvin E. Aspen

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF STATEMENT REGARDING THE REASSIGNMENT OF CERTAIN CASES IN PLAINTIFFS' FOURTH MOTION FOR REASSIGNMENT OF RELATED CASES

Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc. and Ameriquest Mortgage Securities, Inc. (collectively, "Defendants"), by and through their counsel of record, hereby respectfully request that the Court take judicial notice of the following pursuant to Rule 201 of the Federal Rules of Evidence:

| Exhibit No. | Document |
|---|---|
| 1. | Defendants' Notice of Motion, Motion to Dismiss and Memorandum in Support of Motion to Dismiss filed on November 27, 2006, *Whitsett v. Ameriquest Mortgage Co., et al.*, Case No. 06-5342, United States District Court for the Northern District of Illinois, the Honorable Joan B. Gottschall presiding. |
| 2. | Defendants' Notice of Motion, Motion to Dismiss and Memorandum in Support of Motion to Dismiss filed on November 27, 2006, *Perez, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-5373, United States District Court for the Northern District of Illinois, the Honorable Robert W. Gettleman presiding. |

1

Respectfully submitted,

DATED: December 1, 2006

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHALESE WHITSETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 5342 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Judge Gottschall |
| AMERIQUEST MORTGAGE SECURITIES, | ) | |
| INC., AMC MORTGAGE SERVICES, INC., | ) | Magistrate Judge Keys |
| and DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

To:     Al Hofeld
        Edelman, Combs, Latturner & Goodwin, LLC
        120 South LaSalle Street
        18th Floor
        Chicago, Illinois 60603

PLEASE TAKE NOTICE that I shall appear before the Honorable Joan B. Gottschall or

any judge sitting in her stead in Room 2325 of the United States District Courthouse located at 219

South Dearborn Street, Chicago, Illinois, on Thursday, December 7, 2006, at 9:30 a.m., or as soon

thereafter as counsel may be heard and then and there present **Defendants' Motion to Dismiss**, a

copy of which was previously served upon you.

Dated: November 27, 2006          **AMERIQUEST MORTGAGE COMPANY,**
                                  **AMERIQUEST MORTGAGE SECURITIES,**
                                  **INC., and AMC MORTGAGE SERVICES,**
                                  **INC.,** Defendants


                                  By:     _s/Jonathan N. Ledsky_____
                                          One of Their Attorneys

Craig A. Varga
Jonathan N. Ledsky
Elizabeth Barry
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312)341-9400

## CERTIFICATE OF SERVICE

I, Jonathan N. Ledsky, an attorney, hereby certify that a true and correct copy of the

foregoing **Notice of Motion** was served electronically upon counsel of record:

Daniel A. Edelman (courtecl@aol.com)

James O. Latturner (jlatturner@edcombs.com)

Cathleen M. Combs (ccombs@edcombs.com

Albert F. Hofeld, Jr.
ahofeld@edcombs.com

by the filing of said document through the Court's electronic filing system this 27th day of

November, 2006.

s/Jonathan N. Ledsky

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SHALESE WHITSETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 5342 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Judge Gottschall |
| AMERIQUEST MORTGAGE SECURITIES, | ) | |
| INC., AMC MORTGAGE SERVICES, INC., | ) | Magistrate Judge Keys |
| and DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS

Defendants, Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and

AMC Mortgage Services, Inc. ("Defendants"), move, pursuant to Rule 12(b)(3) of the Federal Rules

of Civil Procedure, and pursuant to 28 U.S.C.A. § 1406(a), to dismiss this action or, in the

alternative, to transfer this action to the United States District Court for the Eastern District of

Michigan, Southern Division. Defendants' motion is supported by Defendants' memorandum in

support of their motion to dismiss, filed contemporaneously with Defendants' motion.

Dated: November 27, 2006

**AMERIQUEST MORTGAGE COMPANY,
AMERIQUEST MORTGAGE SECURITIES,
INC., and AMC MORTGAGE SERVICES,
INC.,** Defendants

By:    s/Jonathan N. Ledsky
       One of Their Attorneys

Craig A. Varga
Jonathan N. Ledsky
Elizabeth Barry
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312)341-9400

## CERTIFICATE OF SERVICE

I, Jonathan N. Ledsky, an attorney, hereby certify that a true and correct copy of the

foregoing **Defendants' Motion to Dismiss** was served electronically upon counsel of record:

Daniel A. Edelman (courtecl@aol.com)

James O. Latturner (jlatturner@edcombs.com)

Cathleen M. Combs (ccombs@edcombs.com

Albert F. Hofeld, Jr.
ahofeld@edcombs.com

by the filing of said document through the Court's electronic filing system this 27th day of

November, 2006.

s/Jonathan N. Ledsky

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHALESE WHITSETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 5342 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Judge Gottschall |
| AMERIQUEST MORTGAGE SECURITIES, | ) | |
| INC., AMC MORTGAGE SERVICES, INC., | ) | Magistrate Judge Keys |
| and DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

### I.    Introduction

This lawsuit arises from a loan secured by Plaintiff's residence, located at 8484 Minock Street Detroit, Michigan 48228. Plaintiff Shalese Whitsett ("Plaintiff") resides in Detroit, Michigan. Plaintiff claims Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. ("Defendants") are all foreign corporations doing business in Michigan. Plaintiff alleges one claim relating to the loan closing under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. Plaintiff asserts that in violation of TILA she received only one notice of right to cancel form and that she did not receive her TILA disclosure statement.

As is apparent from the complaint, the events giving rise to the claims occurred in Michigan. Plaintiff resides in Michigan. Defendants are alleged to have been doing business in Michigan. The individuals, including former or current Ameriquest Mortgage Company employees or third-parties, who attended the loan closing and are witnesses to the alleged wrongdoing, most likely reside near where the loan closing took place, in Detroit, Michigan. Accordingly, venue is proper in Michigan, not Illinois.

Previously, Defendants requested that Plaintiff voluntarily dismiss this lawsuit and re-file it in Michigan, but Plaintiff has refused. See Exhibit A. Accordingly, Defendants respectfully move this Court to dismiss the action or, in the alternative, to transfer venue to the Eastern District of Michigan, Southern Division.

## II.    **Argument**

Where jurisdiction is not founded on diversity, as here, venue is proper only (1) in the judicial district where any defendant resides, if all defendants reside in the same state, (2) in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated, or (3) in the judicial district where any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b). Plaintiff bears the "burden of establishing proper venue." Grantham v. Challenge-Cook Bros., Inc., 420 F.2d 1182, 1184 (7th Cir. 1970), citing Phillips v. Baker, 121 F.2d 752, 756 (9th Cir. 1941).

None of the three prongs establish the Northern District of Illinois as the proper venue, as (1) all defendants do not reside in Illinois, (2) a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Michigan, and (3) there is a district in which the action may be brought, the Eastern District of Michigan. Accordingly, venue cannot be established in the Northern District of Illinois.

Section 1406(a) requires the Court to dismiss the action if the action is filed in the wrong district. See 28 U.S.C. §1406(a). Alternatively, the district court in which the action is wrongly filed may transfer, in the interests of justice, such case to any district in which the action could have been brought. See id. This Court must, then, dismiss the action or, alternatively, transfer the action to the Eastern District of Michigan. The decision to transfer, rather than dismiss, an action rests in the sound discretion of the Court. See Blond & Braun Haarwarenerzeugungs U. Handelsges M.B.H. v.

Arroyo, 2003 WL 22078321 *3 (N. D. Ill. 2003).  The Court, however, must either dismiss or transfer the action, as the Northern District of Illinois is not the proper venue.  See id.

Further, if Plaintiff has filed her complaint in the Northern District of Illinois because she anticipates that the lawsuit will eventually make its way to the Northern District of Illinois, through transfer by the Multi-District Litigation ("MDL") Panel, to the pending MDL proceeding entitled In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation, MDL Docket No. 1715, Lead Case No. 05 C 7097 (Aspen, J.) ("Ameriquest MDL Litigation"), Defendants disagree that bypassing the transfer procedure of the MDL Panel is proper.  While Defendants do anticipate that this lawsuit will eventually make its way to the pending Ameriquest MDL Litigation, this lawsuit must start in the proper venue.  The MDL Panel is currently transferring lawsuits for pre-trial procedures.  If, in the future, trial is necessary, Defendants anticipate that this lawsuit will be transferred back to its original district court for trial.  If the lawsuit starts in the wrong district court, then it cannot be transferred back to the proper original district court.  Moreover, if the trial involves factual issues regarding what happened at the loan closing, as here, then the parties will need to subpoena the persons who attended the respective loan closings.  The parties do not enjoy such subpoena power over Michigan witnesses from this Court.

**III.    Conclusion**

For the foregoing reasons, Defendants respectfully request that Plaintiff's complaint be dismissed in its entirety.

Dated: November 27, 2006           **AMERIQUEST MORTGAGE COMPANY,**
                                   **AMERIQUEST MORTGAGE SECURITIES,**
                                   **INC., and AMC MORTGAGE SERVICES,**
                                   **INC.,** Defendants


                          By:      s/Jonathan N. Ledsky
                                   One of Their Attorneys

Craig A. Varga
Jonathan N. Ledsky
Elizabeth Barry
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312)341-9400

### CERTIFICATE OF SERVICE

I, Jonathan N. Ledsky, an attorney, hereby certify that a true and correct copy of the

foregoing **Defendants' Memorandum in Support of Their Motion to Dismiss** was served

electronically upon counsel of record:

Daniel A. Edelman (courtecl@aol.com)

James O. Latturner (jlatturner@edcombs.com)

Cathleen M. Combs (ccombs@edcombs.com)

Albert F. Hofeld, Jr. (ahofeld@edcombs.com)

by the filing of said document through the Court's electronic filing system this 27th day of

November, 2006.

s/Jonathan N. Ledsky

# EXHIBIT A

# VARGA BERGER LEDSKY HAYES & CASEY
A PROFESSIONAL CORPORATION

**ATTORNEYS AT LAW**

SANTA FE BUILDII
224 SOUTH MICHIGAN AVENl
SUITE 3£
CHICAGO, ILLINOIS 60604-25£

TELEPHONE: 312-341-94C
FACSIMILE: 312-341-29C

JONATHAN N. LEDSKY
(312) 341-9840

jledsky@vblhc.com

October 25, 2006

**VIA FACSIMILE AND U.S. MAIL**

Mr. Al Hofeld, Jr.
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street
18th Floor
Chicago, Illinois 60603

    Re:    <u>Whitsett v. Ameriquest Mortgage Co., et al.</u>
             No. 06 C 5342 (N.D. Ill.)

            <u>Perez v. Ameriquest Mortgage Co., et al.</u>
             No. 06 C 5373 (N.D. Ill.)

Dear Al:

    We have been retained to represent Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Ameriquest Mortgage Securities, Inc. in the above two lawsuits. Your law firm, Edelman, Combs, Latturner & Goodwin, LLC, represents Plaintiffs Shalese Whitsett, Juan Perez, and Consuelo Perez. Ms. Whitsett resides in Detroit, Michigan, and Juan Perez and Consuelo Perez ("the Perezes") reside in Grand Rapids, Michigan. Defendants strongly dispute that venue is proper in the Northern District of Illinois.

    Plaintiffs, in these two lawsuits, challenge certain aspects of their respective loan closings and certain aspects of their respective loans. For example, Ms. Whitsett, in her single count complaint, alleges that she received, at her loan closing, one notice of right to cancel form with the boxes for the date of the transaction and the deadline for exercising the right to cancel filled-in (rather than two, as mandated by the federal Truth in Lending Act ("TILA")) and that she failed to receive, at her loan closing, the TILA disclosure statement (but, instead, received the TILA disclosure statement by mail after the loan closing). The Perezes assert two claims against Defendants: under TILA and under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act. The Perezes allege that they received, at their loan closing, one notice of right to cancel form with the boxes for the date of the transaction and the deadline for exercising the right to cancel filled-in (rather than four, as required by TILA). Moreover, the Perezes assert that, at their loan closing, no Ameriquest loan officer was available to answer questions about the features of the adjustable rate note, that Ameriquest hired a notary to perform the loan closing, that unnamed persons made certain misrepresentations or omissions regarding the features of the adjustable rate note, and that these misrepresentations or omissions state a purported claim under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act.

Mr. Al Hofeld, Jr.
October 25, 2006
Page 2

# VARGA BERGER LEDSKY HAYES & CASEY

What is apparent from Plaintiffs' respective allegations is that, at a minimum, the parties will need to investigate who attended the respective loan closings and what happened at the respective loan closings. Those persons who attended the respective loan closings (Plaintiffs, loan closers — whether they are former or present Ameriquest Mortgage Company employees or third-parties — and possibly others), most likely, reside near where the loan closings took place. In turn, the loan closings took place near where Plaintiffs reside, in Detroit, Michigan and Grand Rapids, Michigan, respectively.

Venue is proper where the respective loan closings took place (in Detroit and Grand Rapids, Michigan), but not here, in Chicago, Illinois. Yet, Plaintiffs filed their respective lawsuits in Chicago, Illinois (in the District Court for the Northern District of Illinois) and assert, without any basis whatsoever, that venue is proper in the Northern District of Illinois. Defendants vehemently disagree. Defendants dispute that venue is proper in the Northern District of Illinois. Defendants request that Plaintiffs voluntarily dismiss their complaints and re-file them in the proper District Courts.

If Plaintiffs have filed their respective complaints in the Northern District of Illinois because they anticipate that the lawsuits will eventually make their way to the Northern District of Illinois, through transfer by the Multi-district Litigation ("MDL") Panel, to the pending MDL proceeding entitled In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation, MDL Docket No. 1715, Lead Case No. 05 C 7097 (Aspen, J.) ("Ameriquest MDL Litigation"), Defendants disagree that by-passing the transfer procedure of the MDL Panel is proper. While Defendants do anticipate that these lawsuits will eventually make their way to the pending Ameriquest MDL Litigation, the lawsuits must start where venue is proper. The MDL Panel is transferring lawsuits for pre-trial procedures. If, in the future, trials are necessary, Defendants anticipate that these lawsuits will be transferred back to their original District Courts for trial. If the lawsuits start in the wrong District Court, then they cannot be transferred back to the proper original District Court. If the trials involve factual issues regarding what happened at various loan closings (issues raised by Ms. Whitsett and the Perezes' respective complaints), then the parties will need to subpoena the persons who attended the respective loan closings. The parties do not enjoy such subpoena power from the Northern District of Illinois.

Please indicate that you will immediately move to dismiss Ms. Whitsett and the Perezes' complaints, as venue is improper in the Northern District of Illinois. If you do not agree to dismiss the complaints, Defendants will file the appropriate motion to do so. Defendants await your response.

Very truly yours,

Jonathan N. Ledsky

**Exhibit 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN L. PEREZ and CONSUELO PEREZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06 C 5373 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Judge Gettleman |
| AMERIQUEST MORTGAGE SECURITIES, | ) | |
| INC., AMC MORTGAGE SERVICES, INC., | ) | Magistrate Judge Nolan |
| and DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF MOTION

To:     Al Hofeld
        Edelman, Combs, Latturner & Goodwin, LLC
        120 South LaSalle Street
        18th Floor
        Chicago, Illinois  60603

PLEASE TAKE NOTICE that I shall appear before the Honorable Robert W. Gettleman,

or any judge sitting in his stead in Room 1703 of the United States District Courthouse located at

219 South Dearborn Street, Chicago, Illinois, on Tuesday, December 5, 2006, at 9:15 a.m., or as

soon thereafter as counsel may be heard and then and there present **Defendants' Motion to**

**Dismiss**, a copy of which was previously served upon you.

Dated: November 27, 2006          **AMERIQUEST MORTGAGE COMPANY,**
                                  **AMERIQUEST MORTGAGE SECURITIES,**
                                  **INC., and AMC MORTGAGE SERVICES,**
                                  **INC.,** Defendants


                                  By:     _s/Jonathan N. Ledsky_____
                                          One of Their Attorneys

Craig A. Varga
Jonathan N. Ledsky
Elizabeth Barry
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312)341-9400

## CERTIFICATE OF SERVICE

I, Jonathan N. Ledsky, an attorney, hereby certify that a true and correct copy of the

foregoing **Notice of Motion** was served electronically upon counsel of record:

Daniel A. Edelman (courtecl@aol.com)

James O. Latturner (jlatturner@edcombs.com)

Cathleen M. Combs (ccombs@edcombs.com

Albert F. Hofeld, Jr.
ahofeld@edcombs.com

by the filing of said document through the Court's electronic filing system this 27th day of

November, 2006.

s/Jonathan N. Ledsky

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JUAN L. PEREZ and CONSUELO PEREZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 06 C 5373 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Judge Gettleman |
| AMERIQUEST MORTGAGE SECURITIES, | ) | |
| INC., AMC MORTGAGE SERVICES, INC., | ) | Magistrate Judge Nolan |
| and DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS

Defendants, Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and

AMC Mortgage Services, Inc. ("Defendants"), move, pursuant to Rule 12(b)(3) of the Federal Rules

of Civil Procedure, and pursuant to 28 U.S.C.A. § 1406(a), to dismiss this action or, in the

alternative, to transfer this action to the United States District Court for the Western District of

Michigan, Southern Division. Defendants' motion is supported by Defendants' memorandum in

support of their motion to dismiss, filed contemporaneously with Defendants' motion.

Dated: November 27, 2006

**AMERIQUEST MORTGAGE COMPANY,**
**AMERIQUEST MORTGAGE SECURITIES,**
**INC., and AMC MORTGAGE SERVICES,**
**INC.,** Defendants


By:     _s/Jonathan N. Ledsky_____
One of Their Attorneys

Craig A. Varga
Jonathan N. Ledsky
Elizabeth Barry
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312)341-9400

## CERTIFICATE OF SERVICE

I, Jonathan N. Ledsky, an attorney, hereby certify that a true and correct copy of the

foregoing **Defendants' Motion to Dismiss** was served electronically upon counsel of record:

Daniel A. Edelman (courtecl@aol.com)

James O. Latturner (jlatturner@edcombs.com)

Cathleen M. Combs (ccombs@edcombs.com

Albert F. Hofeld, Jr.
ahofeld@edcombs.com

by the filing of said document through the Court's electronic filing system this 27th day of

November, 2006.

s/Jonathan N. Ledsky

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN L. PEREZ and CONSUELO PEREZ, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 06 C 5373 |
| | ) |
| AMERIQUEST MORTGAGE COMPANY, | ) Judge Gettleman |
| AMERIQUEST MORTGAGE SECURITIES, | ) |
| INC., AMC MORTGAGE SERVICES, INC., | ) Magistrate Judge Nolan |
| and DOES 1-5, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

### I.     Introduction

This lawsuit arises from a loan secured by Plaintiffs' residence, located at 1922 Prospect SE, Grand Rapids, Michigan 49507.  Plaintiffs Juan and Consuelo Perez ("Plaintiffs") reside in Grand Rapids, Michigan.  Plaintiffs claim Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. ("Defendants") are all foreign corporations doing business in Michigan.  Plaintiffs allege two claims relating to the loan closing, one under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and the other under the Michigan Mortgage Brokers, Lenders, and Servicers Act, Michigan Compiled Law § 445.1672(b). Plaintiffs assert that in violation of TILA or Michigan law (1) that Plaintiffs received only one notice of right to cancel form, (2) that no Ameriquest loan officer was available to answer questions about the features of the adjustable rate note, (3) that Ameriquest hired a notary to perform the loan closing, and (4) that unnamed persons made certain misrepresentations or omissions regarding the features of the adjustable rate note.

As is apparent from the complaint, the events giving rise to the claims occurred in Michigan. Plaintiffs reside in Michigan. Defendants are alleged to have been doing business in Michigan. The individuals, including former or current Ameriquest Mortgage Company employees or third-parties, who attended the loan closing and are witnesses to the alleged wrongdoing, most likely reside near where the loan closing took place, in Grand Rapids, Michigan. Accordingly, venue is proper in Michigan, not Illinois.

Previously, Defendants requested that Plaintiffs voluntarily dismiss this lawsuit and re-file it in Michigan, but Plaintiffs have refused. See Exhibit A. Accordingly, Defendants respectfully move this Court to dismiss the action or, in the alternative, to transfer venue to the Western District of Michigan, Southern Division.

## II.   Argument

Where jurisdiction is not founded on diversity, as here, venue is proper only (1) in the judicial district where any defendant resides, if all defendants reside in the same state, (2) in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated, or (3) in the judicial district where any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b). Plaintiffs bear the "burden of establishing proper venue." Grantham v. Challenge-Cook Bros., Inc., 420 F.2d 1182, 1184 (7th Cir. 1970), citing Phillips v. Baker, 121 F.2d 752, 756 (9th Cir. 1941).

None of the three prongs establish the Northern District of Illinois as the proper venue, as (1) all defendants do not reside in Illinois, (2) a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Michigan, and (3) there is a district in which the action may be brought, the Western District of Michigan. Accordingly, venue cannot be established in the Northern District of Illinois.

Section 1406(a) requires the Court to dismiss the action if the action is filed in the wrong district. See 28 U.S.C. §1406(a). Alternatively, the district court in which the action is wrongly filed may transfer, in the interests of justice, such case to any district in which the action could have been brought. See id. This Court must, then, dismiss the action or, alternatively, transfer the action to the Western District of Michigan. The decision to transfer, rather than dismiss, an action rests in the sound discretion of the Court. See Blond & Braun Haarwarenerzeugungs U. Handelsges M.B.H. v. Arroyo, 2003 WL 22078321 *3 (N. D. Ill. 2003). The Court, however, must either dismiss or transfer the action, as the Northern District of Illinois is not the proper venue. See id.

Further, if Plaintiffs have filed their complaint in the Northern District of Illinois because they anticipate that the lawsuit will eventually make its way to the Northern District of Illinois, through transfer by the Multi-District Litigation ("MDL") Panel, to the pending MDL proceeding entitled In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation, MDL Docket No. 1715, Lead Case No. 05 C 7097 (Aspen, J.) ("Ameriquest MDL Litigation"), Defendants disagree that bypassing the transfer procedure of the MDL Panel is proper. While Defendants do anticipate that this lawsuit will eventually make its way to the pending Ameriquest MDL Litigation, this lawsuit must start in the proper venue. The MDL Panel is currently transferring lawsuits for pre-trial procedures. If, in the future, trial is necessary, Defendants anticipate that this lawsuit will be transferred back to its original district court for trial. If the lawsuit starts in the wrong district court, then it cannot be transferred back to the proper original district court. Moreover, if the trial involves factual issues regarding what happened at the loan closing, as here, then the parties will need to subpoena the persons who attended the respective loan closings. The parties do not enjoy such subpoena power over Michigan witnesses from this Court.

3

## III.    Conclusion

For the foregoing reasons, Defendants respectfully request that Plaintiffs' complaint be

dismissed in its entirety.

Dated: November 27, 2006

**AMERIQUEST MORTGAGE COMPANY,
AMERIQUEST MORTGAGE SECURITIES,
INC., and AMC MORTGAGE SERVICES,
INC.,** Defendants


By:    _s/Jonathan N. Ledsky_____
One of Their Attorneys

Craig A. Varga
Jonathan N. Ledsky
Elizabeth Barry
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312)341-9400

4

## CERTIFICATE OF SERVICE

I, Jonathan N. Ledsky, an attorney, hereby certify that a true and correct copy of the

foregoing **Defendants' Memorandum in Support of Their Motion to Dismiss** was served

electronically upon counsel of record:

Daniel A. Edelman (courtecl@aol.com)

James O. Latturner (jlatturner@edcombs.com)

Cathleen M. Combs (ccombs@edcombs.com

Albert F. Hofeld, Jr.
ahofeld@edcombs.com

by the filing of said document through the Court's electronic filing system this 27th day of

November, 2006.

s/Jonathan N. Ledsky

# EXHIBIT A

# VARGA BERGER LEDSKY HAYES & CASEY
A PROFESSIONAL CORPORATION

## ATTORNEYS AT LAW

SANTA FE BUILDIN
224 SOUTH MICHIGAN AVENU
SUITE 35
CHICAGO, ILLINOIS 60604-253

TELEPHONE: 312-341-940
FACSIMILE: 312-341-290

JONATHAN N. LEDSKY
(312) 341-9840

jledsky@vblhc.com

October 25, 2006

**VIA FACSIMILE AND U.S. MAIL**

Mr. Al Hofeld, Jr.
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street
18th Floor
Chicago, Illinois  60603

> Re:   Whitsett v. Ameriquest Mortgage Co., et al.
>        No. 06 C 5342 (N.D. Ill.)
>
>        Perez v. Ameriquest Mortgage Co., et al.
>        No. 06 C 5373 (N.D. Ill.)

Dear Al:

We have been retained to represent Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Ameriquest Mortgage Securities, Inc. in the above two lawsuits. Your law firm, Edelman, Combs, Latturner & Goodwin, LLC, represents Plaintiffs Shalese Whitsett, Juan Perez, and Consuelo Perez. Ms. Whitsett resides in Detroit, Michigan, and Juan Perez and Consuelo Perez ("the Perezes") reside in Grand Rapids, Michigan. Defendants strongly dispute that venue is proper in the Northern District of Illinois.

Plaintiffs, in these two lawsuits, challenge certain aspects of their respective loan closings and certain aspects of their respective loans. For example, Ms. Whitsett, in her single count complaint, alleges that she received, at her loan closing, one notice of right to cancel form with the boxes for the date of the transaction and the deadline for exercising the right to cancel filled-in (rather than two, as mandated by the federal Truth in Lending Act ("TILA")) and that she failed to receive, at her loan closing, the TILA disclosure statement (but, instead, received the TILA disclosure statement by mail after the loan closing). The Perezes assert two claims against Defendants: under TILA and under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act. The Perezes allege that they received, at their loan closing, one notice of right to cancel form with the boxes for the date of the transaction and the deadline for exercising the right to cancel filled-in (rather than four, as required by TILA). Moreover, the Perezes assert that, at their loan closing, no Ameriquest loan officer was available to answer questions about the features of the adjustable rate note, that Ameriquest hired a notary to perform the loan closing, that unnamed persons made certain misrepresentations or omissions regarding the features of the adjustable rate note, and that these misrepresentations or omissions state a purported claim under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act.

Mr. Al Hofeld, Jr.
October 25, 2006
Page 2

# VARGA BERGER LEDSKY HAYES & CASEY

What is apparent from Plaintiffs' respective allegations is that, at a minimum, the parties will need to investigate who attended the respective loan closings and what happened at the respective loan closings. Those persons who attended the respective loan closings (Plaintiffs, loan closers — whether they are former or present Ameriquest Mortgage Company employees or third-parties — and possibly others), most likely, reside near where the loan closings took place. In turn, the loan closings took place near where Plaintiffs reside, in Detroit, Michigan and Grand Rapids, Michigan, respectively.

Venue is proper where the respective loan closings took place (in Detroit and Grand Rapids, Michigan), but not here, in Chicago, Illinois. Yet, Plaintiffs filed their respective lawsuits in Chicago, Illinois (in the District Court for the Northern District of Illinois) and assert, without any basis whatsoever, that venue is proper in the Northern District of Illinois. Defendants vehemently disagree. Defendants dispute that venue is proper in the Northern District of Illinois. Defendants request that Plaintiffs voluntarily dismiss their complaints and re-file them in the proper District Courts.

If Plaintiffs have filed their respective complaints in the Northern District of Illinois because they anticipate that the lawsuits will eventually make their way to the Northern District of Illinois, through transfer by the Multi-district Litigation ("MDL") Panel, to the pending MDL proceeding entitled In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation, MDL Docket No. 1715, Lead Case No. 05 C 7097 (Aspen, J.) ("Ameriquest MDL Litigation"), Defendants disagree that by-passing the transfer procedure of the MDL Panel is proper. While Defendants do anticipate that these lawsuits will eventually make their way to the pending Ameriquest MDL Litigation, the lawsuits must start where venue is proper. The MDL Panel is transferring lawsuits for pre-trial procedures. If, in the future, trials are necessary, Defendants anticipate that these lawsuits will be transferred back to their original District Courts for trial. If the lawsuits start in the wrong District Court, then they cannot be transferred back to the proper original District Court. If the trials involve factual issues regarding what happened at various loan closings (issues raised by Ms. Whitsett and the Perezes' respective complaints), then the parties will need to subpoena the persons who attended the respective loan closings. The parties do not enjoy such subpoena power from the Northern District of Illinois.

Please indicate that you will immediately move to dismiss Ms. Whitsett and the Perezes' complaints, as venue is improper in the Northern District of Illinois. If you do not agree to dismiss the complaints, Defendants will file the appropriate motion to do so. Defendants await your response.

Very truly yours,

Jonathan N. Ledsky

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 1st day of December 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage

BN 1053135v1