IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL INDIVIDUAL ACTIONS | ) ) ) ) | Centralized before Judge Marvin E. Aspen |

**ECLG PLAINTIFFS' (I) MOTION TO CLARIFY COMMENCEMENT
OF DISCOVERY AND MOTION PRACTICE (II) MOTION TO COMPEL AND
(III) RESPONSE TO DEFENDANTS' MOTION TO ENTER STIPULATION**

Plaintiffs in the individual actions brought by the law firm of Edelman, Combs, Latturner and Goodwin, LLC (hereinafter "ECLG"), respectfully request that this Court clarify whether discovery and motion practice may now proceed in individual cases that have been transferred or reassigned to this MDL proceeding. In support of their motion, the ECLG plaintiffs state as follows:

**I.    STATEMENT OF FACTS**

1.    On November 7, 2006, this Court, after full deliberation and extensive briefing on case management, including discovery issues, entered a Memorandum Opinion and Order (attached as Exhibit A) that, among other things, provided for the lifting of the stay on both motions and discovery "at the later of November 13, 2006 or immediately upon resolution of the identified outstanding reassignment issues." (P. 12). However, in the same Opinion, the Court also stated:

> At the earlier of the status date for resolution of any motions or the date on which defendants file their answers to the class complaints [i.e., January 19, 2006], the parties - including all individual plaintiffs - may file any discovery requests, deposition notices, and subpoenas. (Exhibit A, p. 12).

1

2.     ECLG plaintiffs believe that the "status date for resolution of any motions" that the Court is referred to in the section quoted above is the MDL status date currently set for December 21, 2006 at 10:00AM. Despite any inadvertent ambiguity that may have resulted from the combination of these two statements concerning when exactly the stay would be lifted, the Court clearly articulated its preference that "...discovery should proceed shortly," and the Court set a discovery cut-off date of November 5, 2007. (Exhibit A, p. 12).

3.     The Court, without any ambiguity whatsoever, also stated in the November 7, 2006 Order: "Discovery and litigation shall not be stayed during the pendency of mediation." (Exhibit A, p. 14). As detailed below, defendants' proposed Stipulation calls for a delay of discovery during mediation and, thus, cannot be approved.

4.     The very next day, November 8, 2006, the Court entered two minute Orders, MDL documents #286 and #287 (Exhibits B and C, respectively). In both, it appears the Court intended to clarify the date that the stay on discovery is effectively lifted. Both Orders contain the same unequivocal, clarifying sentence: "Through the Case Management Order we entered on November 7, 2006, the discovery stay in place since February 6, 2006 will be lifted on or before November 13, 2006." (Exhibits B and C). "For this reason," the Court stated in document #285, plaintiffs' motion for an order preventing document destruction is denied. The Court also stated in document #286 that, "[f]or this reason," the Talleys' Motion to Lift the Stay Due To Overwhelming Financial Distress is "denied as moot." (Exhibit C). The last sentence of #286 also states, "Plaintiffs may serve requests for documents beginning November 13, 2006."[1] (Id.).

_____

[1] ECLG plaintiffs note that nowhere in the Talleys' Motion to Lift The Stay did they mention a need to, or seek leave to take, additional written discovery, including "requests for documents."

5.     ECLG plaintiffs believe - but seek clarification from the Court on this point - that any ambiguity that exists in the Court's November 7, 2006, Order concerning when the stay on discovery and motion practice is effectively lifted was clarified and resolved by the two minute Orders the Court promptly issued the following day.

6.     Upon receipt and analysis of the Court's Orders of November 7 and 8, counsel for the ECLG plaintiffs informed defendants that the ECLG plaintiffs no longer agreed to defendants' proposed Stipulation because it conflicts with central portions of all three of the Court's Orders – essentially, by calling for much more delay than is contemplated by the Court. A copy of plaintiffs' communication to defendants is attached hereto as Exhibit D.  Once the Court issued an Order contradicting the proposed Stipulation, ECLG had a right (and perhaps an obligation) to withdraw from the Stipulation. (See para. 3 above).  The Stipulation, which requires Court approval in order to be effective, had not yet been approved by the Court. ECLG's communication also made it clear that the ECLG plaintiffs remain committed to mediation.

7.     Prior to November 7, 2006, ECLG plaintiffs' counsel entered into the proposed Stipulation with defendants because, at the time, it appeared to be in the interest of individual plaintiffs, many of whom have been experiencing serious financial distress, to commence mediations promptly. At that time, ECLG plaintiffs' counsel did not know how long it would take the Court to deliberate and rule on the leadership and case management issues or when the stay on discovery and litigation would be lifted.  Indeed, p. 12 of the November 7th

---

On the contrary, plaintiffs there made it clear to the Court that they had completed all written and oral discovery in the case and are prepared to move for summary judgment. In view of this factual context, the Court's statement in the Talley Order that "Plaintiffs may serve requests for documents beginning November 13, 2006" appears intended to apply more generally to all individual cases within the MDL.

Order appeared at first (i.e., absent the November 8th Orders) to indicate that the stay might continue into the future, if there were significant outstanding transfer or reassignment issues.

8.      Pursuant to the Court's Orders of November 7 and 8 lifting the stay, and after ECLG plaintiffs' counsel notified defendants of their withdrawal from the stipulation, the ECLG plaintiffs, on November 22, 2006, propounded to defendants initial interrogatories and document requests in all of their individual cases currently within the MDL.  Copies are attached hereto as Exhibit E.  Defendants' responses are due December 22, 2006, the day after the status date scheduled with the Court.  The plaintiffs represented by the Law Offices of Daniel Harris (hereafter "Harris plaintiffs") also propounded written discovery to defendants on November 14, 2006.  Additionally, ECLG plaintiffs will soon file motions seeking leave to file amended complaints in some cases (in large part to name the current assignees of the ownership interest in plaintiffs' loans, many of whom were unknown to plaintiffs at the time the time of initial filing but have now been disclosed by a defendant).  Finally, pursuant to the Court's November 8 minute Order denying "as moot" the Talleys' Motion to Lift the Stay, the Talleys will soon move for summary judgment.

9.      Further, the lifting of the stay on discovery, motion and litigation on November 13, 2006, should also have meant that defendants' answers or Rule 12 motions in the individual actions were due twenty days' hence - on December 3, 2006.  Defendants did not file answers by the end of business today (December 4, 2006).  That would mean they are now in technical default.  Plaintiffs seek clarification from the Court on this point as well.

10.     However, after this Court entered its Orders of November 7 and 8, defendants, on November 20, 2006, filed a motion (MDL document #309) asking the Court to enter defendants' proposed Stipulation, which plainly contradicts both the November 7 and 8

4

Orders, which, respectively, prohibit a litigation stay during mediation and order the litigation stay lifted effective immediately.

11.     Moreover, defendants' Motion also asks this Court to enter "a Scheduling Order governing all of the individual cases NORTC Cases that adopts the mediation protocol set forth in the Stipulation or a similar plan acceptable to the Court" (emphasis added)(defendants' Motion, p. 2). Thus, defendants seek to have the Court enter an Order applying the terms of the proposed Stipulation to all individual cases within the MDL, not only those that defendants argue the ECLG and Harris plaintiffs agreed to mediate (i.e., cases listed on Exhibit A to defendants proposed Stipulation).

12.     Defendants have also now taken the dilatory position that, in spite of the Court's Orders of November 8, clarifying that the litigation stay was lifted on November 13, 2006, the stay on discovery, motions and the time for answers in the individual cases has not been lifted in the MDL. As set forth in the next paragraph (#13), defendants take this position with respect to all individual cases that are now a part of the MDL proceeding.

13.     Pursuant to requirement of F. R. Civ. Pro. 37.2, ECLG plaintiffs' counsel conferred with defendants' counsel on November 29, 2006, and explained their respective positions to each other. Defendants maintain that the Court intends for the litigation stay not to be lifted until (A) the transfer/reassignment process is complete and (B) defendants have answered the class complaints, and both class and individual discovery can proceed together on a coordinated basis.[2] In other words, defendants are ignoring the Court's clarifying minute Orders

---

[2] Further documentation of defendants' position that the stay remains in effect is in Exhibit F. Exhibit F is an e-mail exchange between defendants' counsel, Bernard E. LeSage, and one plaintiffs' counsel, Daniel Harris, in which Mr. LeSage (1) states that Harris' written discovery requests are "in direct violation of both orders," (2) asks Mr. Harris to withdraw the discovery

5

of November 8, 2006, which state unambiguously: "Through the Case Management Order we entered on November 7, 2006, the discovery stay in place since February 6, 2006 will be lifted on or before November 13, 2006." (Exhibits B and C).

      14.    Defendants have asked both the ECLG and the Harris plaintiffs to withdraw their written discovery requests and have indicated that they do not intend to respond to any plaintiffs' discovery requests. Defendants' motion and their position appear to be yet another in a series of attempts to avoid discovery and delay the disposition of cases.

## II.    ARGUMENT

### A.    The Court Should Declare Again For The Benefit Of All Parties That the Litigation Stay Has Been Lifted

      This Court's Orders of November 8, 2006 were explicit in their clarification of the date the litigation stay was lifted. The Court placed the same, plain and unequivocal sentence concerning the lifting of the stay into two different Orders: "Through the Case Management Order we entered on November 7, 2006, the discovery stay in place since February 6, 2006 will be lifted on or before November 13, 2006." (Exhibits B and C).

      Defendants' contradictory position that a stay remains in effect can only be maintained by absolutely ignoring this Court's November 8th Orders. While defendants' interpretation is a plausible reading of one part of the November 7th Order, it is clearly wrong in light of two identical, very specific statements in two different Orders issued subsequently. On November 8, 2006, the Court denied plaintiffs' motions for a document preservation order and a lifting of the stay as to the Talleys because those motions were no longer necessary in light of the Court's action of lifting the stay.

---

requests and (3) threatens to move for sanctions against Mr. Harris in the event he does not withdraw the requests.

Thus, despite the fact that the Courts' Orders lifting the stay could not be more transparent, it is defendants' manifest intention not to respond to plaintiffs' discovery requests, whether propounded in cases subject to or in those not subject to mediation. This conduct would be in direct violation of the Court's Orders of both November 7 and 8, 2006.

Finally, addressing defendants' position that the lifting of the stay must await resolution of all transfer and reassignment issues: the Court's Case Management Order expects and anticipates that the transfer and reassignment process will not be complete when the proceeding gets underway; the Order allows for that eventuality by providing for a process by which parties in later transferred or later reassigned cases can object within 10 days to any provision of the Court's Case Management Order. (See Exhibit A, p. 7).

## B. The Court Should Deny Defendants' Motion To Enter The Proposed Stipulation In Its Current Form

For the reasons stated below, the Court should decline to enter the proposed Stipulation in its current form. The Court's November 7, 2006 Case Management Order states plainly and unequivocally: "Discovery and mediation shall not be stayed during the pendency of litigation." (Exhibit A, p. 14). Defendants' proposed Stipulation provides for a general litigation stay on all cases subject to mediation, and defendants' Motion requests a gradual stay on all individual actions. This is far more delay than the Court contemplates.

The effectiveness of defendants' proposed Stipulation is dependent on the Court's entry of it. This is a term of the Stipulation itself. (See, e.g., para. (1) and (3), p. 2: "Upon entry of this Stipulated Scheduling Order, the individual actions shall be stayed in their entirety." (para. (3)) This is also implicit in defendants' request to the Court to enter it. F. R. Civ. Pro. 29 permits the parties to modify or limit discovery procedures by means of written stipulation "[u]nless otherwise directed by the Court." Here, the Court has plainly "directed otherwise"

7

through the November 7th Order prohibiting a stay during mediation and setting a discovery cut-off date and the November 8th Orders lifting the stay effective November 13, 2006. (Exhibits B and C). Even if mediation were to go quickly, it is not likely that discovery would be complete by the November 5, 2007 discovery cut-off date, if there is a stay on discovery for cases in mediation and if the stay on all MDL cases has not yet been lifted, as defendants contend.

The ECLG plaintiffs served written discovery because the Court made it clear that it wanted the individual cases to proceed as soon as possible.

Finally, defendants' Motion To Enter Stipulation is not even properly before this Court. The Court's November 7, 2006 Order stated explicitly that the Court "defer[s] all issues regarding settlement - including completing proposals about... settlement conferences - to the mediator." (Exhibit A, p. 14). Thus, defendants' motion is really for the mediator.

1. **Parts of Defendants' Stipulation Directly Contradict This Court's Case Management and Scheduling Orders**

Defendants, in their Motion To Enter Stipulation, simply evade the contradictions between their proposed Stipulation and Order and this Court's Case Management and Scheduling Orders of November 7th and 8th by stating that this Court's Orders "do not bar the parties from stipulating as to the conduct of their respective actions" and that the proposed Stipulation is an affirmative step toward the mediation required by the Court. (Defendants' motion, p. 7). But this is not what is at issue. The ECLG plaintiffs remain committed to and are not opposing mediation.[3] Rather, the issue is that defendants' proposal which calls for "the individual actions [to be mediated] shall be stayed in their entirety, including any litigation involving the cross-

---

[3] As the Court was recently informed, the ECLG plaintiffs and defendants have agreed to Magistrate Judge Denlow as a mediator, provided he is available and willing. ECLG plaintiffs have opposed private mediation and prefer Judge Denlow because many individual plaintiffs would have great difficulty affording their share of the costs of private mediation. Nevertheless, ECLG and defendants have also agreed on the Honorable Donald P. O'Connell.

complaints [against closers]," (para. 3, proposed order with Stipulation), is at odds with the Court's November 7th Memorandum Opinion and Order, which states, "Discovery and litigation shall not be stayed during the pendency of mediation." (Exhibit A, p. 14).

Defendants' proposed Stipulation includes a provision for a general stay - one covering discovery, pleadings and motion practice - in all 106 individual cases currently subject to mediation (while its Motion requests the same for all individual actions). (Defendants' Proposed Stipulation, pp. 1 and 2; Motion, p. 3). If the Court were to enter the proposed Stipulation in its current form, it would mean only one thing and one thing only: delay. Specifically: (A) there would not be general and unlimited discovery in these cases, as the Court's Orders contemplate; (B) plaintiffs would not be permitted to seek leave to amend the complaints in any of the 106 actions, whereas the Court's Orders contemplate a lifting of the stay on motion practice effective November 13, 2006; (C) defendants would not be required to file responsive pleadings in any of the 106 actions currently subject to the stay (p. 3 of defendants' Motion); and (D) defendants would be allowed to file cross-complaints against third-party closing agents, but the latter would not be required to file responsive pleadings.

Defendants' insistence that the Court has not lifted the stay and that it impose a litigation stay on cases subject to mediation is improper in light of the Orders of November 7 and 8, 2006. Defendants are simply attempting to delay the MDL proceeding, perhaps in the hope that many plaintiffs (as well as class members) will choose to opt-in to the AG Settlement Agreement, notice of which is supposed to go out early in 2007. But more delay is not what this Court has Ordered or what it contemplates.

WHEREFORE, the ECLG plaintiffs respectfully request that this Court:

(A) declare the date that the MDL stay on all discovery and all motion practice is effectively lifted;

(B) compel defendants to answer all individual written discovery requests by December 22, 2006;

(C) declare that defendants' responsive pleadings to plaintiffs' complaints in the individual cases were due December 3, 2006;

(D) set or declare a due date for responsive pleadings to third-party complaints;

(E) consistent with its Orders of November 7 and 8, 2006, deny defendants' Motion to enter the proposed Stipulation in its current form as to the individual ECLG plaintiffs;

(F) consistent with its Orders of November 7 and 8, 2006, deny defendants' Motion to enter the proposed Stipulation in its current form as to other individual cases within the MDL and to cases yet to be transferred or re-assigned to the MDL; and

(G) grant any other or further relief the Court deems just.

Respectfully submitted,

s/Al Hofeld, Jr.
Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200/(312) 419-0379 (FAX)

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE AMERIQUEST MORTGAGE CO.    )
MORTGAGE LENDING PRACTICES      )    MDL No. 1715
LITIGATION                                    )    Lead Case No. 05-CV-7097
                                           )
                                           )    Centralized before the
                                           )    Honorable Marvin E. Aspen
                                           )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

      Multiple sets of plaintiffs' attorneys – as well as counsel for defendants – have submitted several rounds of proposals for the organization and management of the class action and individual lawsuits comprising the above-captioned Multi-District Litigation.

      The submissions cover the following issues: (1) the selection of a firm or firms to act as lead plaintiffs' counsel and plaintiffs' liaison counsel; (2) the composition of any committees of plaintiffs' attorneys; (3) whether and to what extent the cases should be divided into discrete groups and, if divided, which firms should represent the plaintiffs in each respective group; (4) discovery scheduling; (5) the application of this case management plan to later-instituted and add-on cases; (6) trial and mediation preparation; and (7) other such matters concerning the way the case is managed.

      After reviewing all of the submissions, we set forth the following organizational structure for case management.

## I.     REASSIGNED CASES

      The following actions have been transferred by the MDL Panel or have otherwise been

reassigned to us:

| Abbreviated Case Name | Civil Case Number |
|---|---|
| *Andersen, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-1981 |
| *Applegate, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4867 |
| *Balark, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2430 |
| *Barletta v. Ameriquest Mortgage Co., et al.* | 06-cv-4560 |
| *Besterfield v. Ameriquest Mortgage Co., et al.* | 06-cv-2676 |
| *Billings, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-1849 |
| *Black, et al. v. Argent Mortgage Co., et al.* | 06-cv-4418 |
| *Bricker, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4528 |
| *Brown, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2830 |
| *Calder v. Ameriquest Mortgage Co., et al.* | 06-cv-5146 |
| *Cashen, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4683 |
| *Clarke, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4201 |
| *Cleveland v. Ameriquest Mortgage Co., et al.* | 06-cv-4306 |
| *D. Brown v. Ameriquest Mortgage Co., et al.* | 05-cv-4723 |
| *K. Brown et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-5111 |
| *Bergquist v. Ameriquest Mortgage Co., et al.* | 06-cv-1438 |
| *Buckner v. Ameriquest Mortgage Co., et al.* | 05-cv-6808 |
| *Dearden v. Ameriquest Mortgage Co., et al.* | 06-cv-2912 |
| *Doolittle et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-5033 |

| | |
|---|---|
| *Dougherty, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2482 |
| *Eskra v. Ameriquest Mortgage Co., et al.* | 06-cv-1879 |
| *Eson, et. al. v. Argent Mortgage Co., et al.* | 06-cv-2829 |
| *Filian, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2826 |
| *Furgeson v. Ameriquest Mortgage Co., et al.* | 04-cv-7627 |
| *Gajewski v. Ameriquest Mortgage Co., et al.* | 06-cv-3050 |
| *Garcia v. Argent Mortgage Co., et al.* | 06-cv-1829 |
| *Gburek v. Argent Mortgage Co., et al.* | 06-cv-2639 |
| *Geis v. Ameriquest Mortgage Co., et al.* | 06-cv-1716 |
| *Gelman, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4684 |
| *Gerbig, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4868 |
| *Grabowski v. Ameriquest Mortgage Co., et al.* | 06-cv-2549 |
| *Grabs v. Argent Mortgage Co., et al.* | 06-cv-2809 |
| *Green v. Argent Mortgage Co., et al.* | 06-cv-2045 |
| *Hall v. Ameriquest Mortgage Co., et al.* | 06-cv-1944 |
| *Hanson v. Ameriquest Mortgage Co., et al.* | 06-cv-1876 |
| *Harris v. Ameriquest Mortgage Co., et al.* | 05-cv-4025 |
| *Harris, et al. v. Town & Country Credit Corp., et al.* | 06-cv-3048 |
| *Hawkins v. Ameriquest Mortgage Co., et al.* | 06-cv-1848 |
| *Holzmeister v. Ameriquest Mortgage Co., et al.* | 05-cv-5911 |
| *Jenkins v. Argent Mortgage Co., et al.* | 06-cv-2044 |
| *Jewell v. Ameriquest Mortgage Co., et al.* | 06-cv-0269 |

| | |
|---|---|
| *Jiles v. Argent Mortgage Co., et al.* | 06-cv-2771 |
| *Jimenez v. Ameriquest Mortgage Co., et al.* | 05-cv-1009 |
| *Jones v. Ameriquest Mortgage Co., et al.* | 06-cv-2397 |
| *Jude v. Town & Country Credit Corp., et al.* | 06-cv-1691 |
| *Kessler v. Ameriquest Mortgage Co., et al.* | 06-cv-4999 |
| *Key v. Ameriquest Mortgage Co.* | 05-cv-1077 |
| *King Smith v. Town & Country Credit Corp., et al.* | 06-cv-3704 |
| *Lappin, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-5147 |
| *Leach v. Ameriquest Mortgage Co., et al.* | 06-cv-5000 |
| *Luedtke et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-4644 |
| *Lurry-Payne v. Ameriquest Mortgage Co., et al.* | 06-cv-1547 |
| *Magliano et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-1945 |
| *Martin v. Argent Mortgage Co., et al.* | 06-cv-1947 |
| *Mayfield v. Town & Country Credit Corp.* | 05-cv-6158 |
| *McGowan v. Ameriquest Mortgage Co., et al.* | 06-cv-1831 |
| *Melecio, et al. v. Town & Country Credit Corp., et al.* | 06-cv-2832 |
| *Mills v. Ameriquest Mortgage Co., et al.* | 05-cv-3976 |
| *Mormon v. Ameriquest Mortgage Co., et al.* | 06-cv-2514 |
| *Murray et al. v. Ameriquest Mortgage Co.* | 05-cv-1218 |
| *Perry v. Ameriquest Mortgage Co., et al.* | 05-cv-6172 |
| *Pinkstak et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-5035 |
| *Polydoros et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-6517 |

| | |
|---|---|
| *Rehbock v. Ameriquest Mortgage Co., et al.* | 06-cv-1581 |
| *Rocco, et. al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2897 |
| *Rodriguez et al. v. Town & Country Credit Corp., et al.* | 06-cv-1950 |
| *Rodriguez, et al .v. Ameriquest Mortgage Co., et al.* | 06-cv-2187 |
| *Salazar et al. v. Ameriquest Mortgage Co., et al.* | 05-cv-4162 |
| *Sedgwick, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2333 |
| *Smith, et al. v. Ameriquest Mortgage Co.* | 05-cv-0648 |
| *Smith, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2828 |
| *Solnin, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-4866 |
| *Spencer v. Ameriquest Mortgage Co., et al.* | 06-cv-2396 |
| *Talley, et al. v. Ameriquest Mortgage Co.* | 05-cv-1080 |
| *Thibodeau, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-5148 |
| *Thompson v. Ameriquest Mortgagte Co., et al.* | 06-cv-1546 |
| *Tieri v. Ameriquest Mortgage Co., et al.* | 06-cv-2683 |
| *Treadwell, et al. v. Ameriquest Mortgage Co.* | 05-cv-1078 |
| *Tremble v. Town & Country Credit Corp.* | 05-cv-2625 |
| *Walker, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-2807 |
| *Warren v. Ameriquest Mortgage Co., et al.* | 06-cv-4415 |
| *Wertepny et al. v. Ameriquest Mortgage Co.* | 05-cv-1402 |
| *Wessel, et al. v. Ameriquest Mortgage Co., et al.* | 06-cv-1899 |
| *Wisniewski v. Town & Country Credit Corp., et al.* | 06-cv-2697 |

Defendants also request the reassignment of four additional cases: *Abercrombie v. Argent*

*Mortgage Co, et al.* (N.D. Ill., 05-cv-5024), *Hubbard v. Ameriquest Mortgage Co., et al.* (N.D. Ill., 05-cv-0389), and *Washington, et al. v. Ameriquest Mortgage Co., et al.* (N.D. Ill., 05-cv-1007).[1] All three of these cases have gone through summary judgment briefing, and the court in *Washington* has ruled on the parties' cross-motions. Given the advanced procedural posture of these three cases, we decline to reassign them and deny Ameriquest's request.

## II.     CONSOLIDATION

The parties acknowledge significant differences among the reassigned and potential later-assigned cases, but disagree regarding whether and how to categorize the cases for purposes of determining plaintiffs' attorneys' roles, discovery, mediation, and trial. We perceive three distinct types of cases: (1) borrower class actions, (2) non-borrower class actions under the Fair Credit Reporting Act (FCRA), and (3) individual, non-class suits. All cases will be consolidated for pre-trial purposes and should for the time being continue to be filed under the same Master Docket and Caption, but given the probability that discreet substantive issues will arise in each type of case, lead plaintiffs' counsel will be determined for each category and substantive motions may vary by category.

There shall be two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower Fair Credit Reporting Act claimants. The two consolidated class action complaints should be filed by December 6, 2006. Defendants shall have until January 19, 2007 to answer or file Rule 12 motions. With respect to any Rule 12 motions, plaintiffs will have until

---

[1]     Ameriquest also requested reassignment of *Tammerello v. Ameriquest Mortgage Co., et al.* (N.D. Ill., 05-cv-0466). However, on September 29, 2006, Ameriquest's Motion for Summary Judgment in that case was granted by Judge Coar and the case was terminated. *See* 05-cv-0466, docket entry 95.

-6-

February 9, 2007 to file their opposition, defendants have until February 23, 2007 to respond, and plaintiffs will then have until March 1, 2007 to reply.

Individuals who wish to opt out of the class actions shall give notice by January 5, 2007.

### III.    LATER-FILED OR TRANSFERRED ACTIONS

The parties are in substantial agreement that the terms of this Order shall apply to each action subsequently filed in or transferred to this Court alleging claims similar to those set forth in these actions. A later-added party must object to the consolidation of that case or to any other provision of this Order within ten days after the date on which the Clerk mails a copy of this Order to counsel for that party.

We expect counsel to call to the attention of the Clerk the filing or transfer of any action which might properly be consolidated with these actions.

### IV.    LEAD PLAINTIFFS' COUNSEL, LIAISON COUNSEL, AND COMMITTEES

Some of the law firms representing the plaintiffs in these actions have submitted several rounds of briefs regarding plaintiffs' leadership structure. There are two general positions regarding plaintiffs' leadership:  (1) the Lieff/Roddy/James (LRJ) position, led by the law firms of Lieff, Cabraser, Heimann & Bernstein, LLP; Roddy Klein & Ryan; and James, Hoyer, Newcomber & Smiljanich, P.A.; and (2) the ECLG position, set forth by Edelman, Combs, Latturner & Goodwin in concurrence with Daniel Harris, esq. The LRJ position appears to represent the consensus view of the plaintiffs' attorneys: ECLG and Harris have been the only two firms to file competing plans to date.

#### A.    Plaintiffs' Proposals

<u>LRJ proposes the following:</u>

1.    The LRJ firms serve as co-lead counsel for all class actions;

2.    Miller, Faucher and Cafferty LLP shall serve as Liaison Counsel;

3.    An Executive Committee should be formed, chaired by Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP and also including Donovan Searles LLC and Crowder, Bedor & Paulson, LLP;

4.    Non-class, or individual, cases should be handled by law firms of those plaintiffs' choosing, with the National Consumer Law Center (NCLC) and Consumer Law Group (CLG) serving as Co-Chairs of an Individual Consumer Claims Steering Committee; and

5.    All plaintiffs' counsel shall form a Plaintiffs' Committee of the Whole to work with the co-lead counsel and the Executive Committee.

ECLG and Harris propose that:

1.    ECLG serve as lead counsel for class actions alleging violations of the Fair Credit Reporting Act and for non-class individual cases;

2.    ECLG serve as liaison counsel;

3.    The Executive Committee consist of representative attorneys for all types of cases; and

4.    Under any plan in which the LRJ firms are co-lead counsel for the class actions, those firms face conflicts of interest that should foreclose them from representing any individual plaintiffs seeking rescission.

**B.    Co-Lead Plaintiffs' Counsel**

The LRJ firms shall serve as co-lead counsel for all class actions. ECLG and Harris do not

object to LRJ's leadership of the borrower cases, and point to no conflict of interest that interferes with what is otherwise plaintiffs' consensus choice of their leadership.

Co-Lead Counsel shall have the following responsibilities with respect to the class actions:

1.    Sign the two class complaints;

2.    Sign any amended complaints, motions, briefs, notices, and discovery requests or objections;

3.    To brief and argue motions;

4.    To initiate and conduct discovery;

5.    To act as spokesperson at pre-trial conferences;

6.    To employ and consult with experts;

7.    To conduct settlement negotiations with defense counsel and enter into settlements with defendants;

8.    To serve on and call meetings of the Executive Committee and any other plaintiffs' counsel when deemed appropriate;

9.    To distribute to all plaintiffs' counsel copies of all notices, orders, and decisions as necessary and to the extent we do not already communicate such directly to all plaintiffs' counsel;

10.    To maintain an up-to-date service list available to all plaintiffs' counsel upon request;

11.    To keep a complete file of all pleadings, motions, briefs, discovery requests, notices, orders, and decisions and make those files available for inspection by other plaintiffs' counsel;

12.     To perform all other duties and undertake such other responsibilities – including but
not limited to coordination of time and expense reporting and approval of work done
for the common benefit of the class plaintiffs – as they deem necessary or desirable
to properly coordinate plaintiffs' activities, or as authorized by further order.

Defendants' counsel may rely upon agreements made with plaintiffs' Co-Lead Counsel.
Such agreements shall be binding on all members of the classes represented by plaintiffs' Co-Lead
Counsel.

### C.     Plaintiffs' Liaison Counsel

Miller Faucher and Cafferty shall serve as liaison counsel.

Liaison Counsel shall be responsible for: (1) distributing to all plaintiffs' counsel copies of
all notices, orders, and decisions of the Court not already communicated directly to all plaintiffs'
counsel; (2) keeping Co-Lead Counsel fully informed of all relevant events and coordinating and
scheduling hearings with opposing counsel and the Court; and (3) acting as primary plaintiffs'
contact person for the Court.

### D.     Individual Plaintiffs

We agree with ECLG and Harris that individual plaintiffs – particularly those seeking
rescission – would bear the risk of potential conflicts of interest if they were to be represented by
or otherwise subject to the control of the same attorneys responsible for class actions seeking
damages. The individual plaintiffs will presumably opt out for good reason, be it a perceived higher
settlement value or the fact-intensive nature of their cases.  These plaintiffs are entitled to as
independent a prosecution of their cases as is practicable.  For that reason, we hold that the LRJ
firms serving as lead class counsel are not to represent or in any way direct the litigation of any non-

-10-

class cases.

An Individual Claims Steering Committee should be formed and co-chaired by the NCLC and the CLG. ECLG, the NCLC, and the CLG, as well as any additional firms designated by the Steering Committee, shall represent the individual plaintiffs on the Executive Committee.

The purpose of the Individual Claims Steering Committee is to help coordinate the individual plaintiffs into a cooperative entity that can then enjoy litigation economies of scale, including broader access to discovery and streamlined briefing. The Individual Claims Steering Committee shall be responsible for coordinating to the extent feasible the views of individual plaintiffs and working to present a consensus position of the individual plaintiffs. NCLC and CLG shall not represent individual defendants, may not control the litigation of those cases beyond the extent permitted by plaintiffs and their counsel, may not interfere with the individual representation of these plaintiffs, and may not speak for individual plaintiffs except as authorized by the plaintiffs or their counsel.

### E.     Plaintiffs' Executive Committee

A Plaintiffs' Executive Committee shall be formed, consisting of (1) Co-Lead Counsel; (2) at least one additional firm involved with the prosecution of borrower class action claims; (3) at least one additional firm involved with the prosecution of non-borrower Fair Credit Reporting Act class action claims; and (4) ECLG, NCLC, CLG, and any other firms designated by the Individual Claims Steering Committee.

Co-Lead Counsel should to the extent practicable consult with the Plaintiffs' Executive Committee. The Plaintiffs' Executive Committee shall be responsible for:

1.     Assisting Co-Lead Counsel with expert and fact discovery;

-11-

2.     Assisting Co-Lead Counsel with pre-trial motion practice and briefing;

3.     Consulting with Co-Lead Counsel on matters of common concern;

4.     Contributing to a common benefit cost fund for the prosecution of all actions;

5.     Assisting Co-Lead Counsel in preparing for trial.

## V.     DISCOVERY AND CLASS CERTIFICATIONS

On February 7, 2006, we instituted a motion and discovery stay pending further case reassignments and the MDL Panel's completion of the "tag-along" process. Eight months later, the stay remains in place, preventing the parties from going forward with the litigation. However, while discovery should proceed shortly, we do want confirmation that the reassignment of cases has concluded or is nearing conclusion. All parties are required to submit by November 13, 2006 a list of any cases still awaiting reassignment.

The litigation may resume at the later of November 13, 2006 or immediately upon resolution of the identified outstanding reassignment issues. As noted above, plaintiffs shall file consolidated class action complaints by December 6, 2006. Defendants shall have until January 19, 2007 to respond to those complaints. Plaintiffs will have until February 9, 2007 to file their opposition to any Rule 12 motions, defendants are allowed until February 23, 2007 to respond, and plaintiffs will then have until March 1, 2007 to file any corresponding reply.

At the earlier of the status date for resolution of any motions or the date on which defendants file their answers to the class complaints, the parties – including all individual plaintiffs – may file any discovery requests, deposition notices, and subpoenas. The parties shall have 30 days to object and respond to standard written requests, deposition notices, and subpoenas; 45 days to object to non-standard written requests, deposition notices, and subpoenas; 60 days to produce any requested

standard documents; and 75 days to produce any requested non-standard documents. We will appoint a Magistrate Judge to resolve any discovery disputes, but the parties should meet as soon as practicable after the start of discovery to stipulate to the categories of requests that are "standard" and "non-standard,"[2] and should meet and confer as needed to attempt to resolve any disputes without the Magistrate Judge's assistance.

All depositions may be used by any party in any case. Therefore, no party may without leave of this Court or Magistrate Judge Denlow, depose any previously deposed witness. Individual plaintiffs may attend and participate in any deposition. Fact witness depositions are to last no longer than seven hours, and expert witness depositions are to last no longer than fourteen hours.

The parties have until November 5, 2007 to conduct discovery. Expert disclosures shall be made within six months from the start of discovery.

Motions for class certification will be due by December 20, 2007. Defendants will have until January 1, 2008 to respond to the class certification motions; plaintiffs will then have until February 4, 2008 to file their reply.

## VI.    SUMMARY JUDGMENT

At any time after plaintiffs file the two consolidated class action complaints, either side or both sides may move for summary judgment on common legal issues. We expect no more than three sets of opening motions and corresponding responses and replies: one from the collective class plaintiffs, one from the individual plaintiffs, and one from defendants. The parties shall have 30 days to respond to the opening motions and 14 days to file reply briefs.

We are disinclined to decide any "test cases" through either summary judgment or trial.

---

[2]     *See* Docket No. 163, at 4-6.

## VII.    MEDIATION

The parties should confer as soon as practicable with the goal of selecting an agreed-upon private mediator. If the parties are unable to select a mediator by November 20, 2006, each party shall submit to us and to each other a list of five proposed mediators. Each side will then have until November 27, 2006 to strike four of the five proposed mediators. We will then blindly draw the name of a mediator from the surviving proposed mediators.

We defer all issues regarding settlement – including competing proposals about test cases and settlement conferences – to the mediator. Discovery and litigation shall not be stayed during the pendency of mediation.

## VIII.    FILING AND SERVICE

All parties shall serve one copy of each pleading or motion on opposing counsel. Defendants shall serve one copy of any filing on both Plaintiffs' Co-Lead Counsel and Liaison Counsel. Service shall be effected by e-filing on the same day as the papers are filed with the Court. To the extent possible, all parties should endeavor to likewise e-file all supporting exhibits. All motions shall be filed with a supporting brief. Except as otherwise noted, oppositions to any motions shall be filed within 30 days. The moving party shall have 14 days to file a response brief, and the opposing party shall then have 7 days to file any reply.

It is so ordered.

MARVIN E. ASPEN
United States District Court Judge

Dated: November 7, 2006

-14-

# EXHIBIT B

## Al Hofeld

| | |
|---|---|
| **From:** | usdc_ecf_ilnd@ilnd.uscourts.gov |
| **Sent:** | Wednesday, November 08, 2006 9:34 AM |
| **To:** | ecfmail_ilnd@ilnd.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-07097 In Re: "Ameriquest Mortgage Co., Mortgage Lending Practices Litigation" \"text entry\" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 2.5

Notice of Electronic Filing

The following transaction was received from gl, entered on 11/8/2006 at 9:33 AM CST and filed on 11/8/2006

| | |
|---|---|
| **Case Name:** | In Re: "Ameriquest Mortgage Co., Mortgage Lending Practices Litigation" |
| **Case Number:** | 1:05-cv-7097 |
| **Filer:** | |
| **Document Number:** | 285 |

**Docket Text:**
MINUTE entry before Judge Marvin E. Aspen 11/8/06: Through the Case Management Order we entered on November 7, 2006, the discovery stay in place since February 6, 2006 will be lifted on or before November 13, 2006. For this reason, and because plaintiffs have not articulated a real and specific danger of document destruction, this motion and Ameriquest's request for oral argument (Docket No. 276) are denied. Motions terminated. Judicial staff mailed notice (gl, )

The following document(s) are associated with this transaction:

**1:05-cv-7097 Notice will be electronically mailed to:**

Synde B. Keywell     skeywell@ngelaw.com, kdalsanto@ngelaw.com

Daniel Mark Harris     lawofficedh@yahoo.com

Stanley L. Hill     stanhill@megsinet.net

Stephen Philip Kikoler     skikoler@muchshelist.com

Marvin Alan Miller     mmiller@millerfaucher.com, jramirez@millerfaucher.com, snyland@millerfaucher.com

Jonathan N. Ledsky     jledsky@vblhc.com, sortega@vblhc.com

11/14/2006

Thomas Joseph Wiegand    twiegand@winston.com, ECF_CH@winston.com

Craig Allen Varga    cvarga@vblhc.com

James Michael Dash    jdash@muchshelist.com

Lorne Todd Saeks    lsaeks@muchshelist.com

Samuel H Rudman    srudman@lerachlaw.com

Greg J. Miarecki    gmiarecki@winston.com, ppratt@winston.com, ECF_CH@winston.com

Melinda J. Morales    mmorales@muchshelist.com, rmclarney@! muchshelist.com

Keith James Keogh    keith@keoghlaw.com

Elizabeth Monkus    emonkus@keoghlaw.com, linda@keoghlaw.com

Brandon A Block    bblock@buchalter.com

Terry A Smiljanich    tsmiljanich@jameshoyer.com, dstephens@jameshoyer.com, jbowman@jameshoyer.com, lmartin@jameshoyer.com

Kelly M Dermody    kdermody@lchb.com

Gary Edward Klein    klein@roddykleinryan.com

Dominic J. Rizzi    drizzi@millerfaucher.com

Kristina M Van Buskirk    Kvanbuskirk@ngelaw.com

Shennan Kavanagh    kavanagh@roddykleinryan.com

Bernard E. LeSage    blesage@buchalter.com

Jill Henniger Bowman    jbowman@jameshoyer.com

Evan Jay Kaufman    ekaufman@lerachlaw.com

Charles M. Delbaum    cdelbaum@nclc.org

**1:05-cv-7097 Notice will be delivered by other means to:**
Sarah K. Andrus
Buchalter Nemer, A Professional Corporation
1000 Wilshire Blvd.
Suite 1500
Los Angeles CA 90017-2457
US

Melody A. Petrossian
A Professional Corporation

11/14/2006

Buchalter Nemer
1000 Wilshire Boulevard
Suite 1500
Los Angeles CA 90017
US

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford CT 06901-2047
US

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford CT 06901
US

Joseph A Mikowski
xxz

Patricia J Mikowski
xxx

# EXHIBIT C

## Al Hofeld

| | |
|---|---|
| **From:** | usdc_ecf_ilnd@ilnd.uscourts.gov |
| **Sent:** | Wednesday, November 08, 2006 9:50 AM |
| **To:** | ecfmail_ilnd@ilnd.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-07097 In Re: "Ameriquest Mortgage Co., Mortgage Lending Practices Litigation" \"order on motion for miscellaneous relief\" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 2.5

Notice of Electronic Filing

The following transaction was received from gl, entered on 11/8/2006 at 9:45 AM CST and filed on 11/8/2006

| | |
|---|---|
| **Case Name:** | In Re: "Ameriquest Mortgage Co., Mortgage Lending Practices Litigation" |
| **Case Number:** | 1:05-cv-7097 |
| **Filer:** | |
| **Document Number:** | 286 |

**Docket Text:**
MINUTE entry before Judge Marvin E. Aspen dated 11/8/06: Through the Case Management Order we entered on November 7, 2006, the discovery stay in place since February 6, 2006 will be lifted on or before November 13, 2006. For this reason, Movant Daniel A. Edelman's motion to lift stay due to overwhelming financial distress (Dkt. No. 242) is denied as moot. Motion terminated. Plaintiffs may serve requests for documents beginning November 13, 2006. Judicial staff mailed notice (gl, )

The following document(s) are associated with this transaction:

**1:05-cv-7097 Notice will be electronically mailed to:**

Synde B. Keywell     skeywell@ngelaw.com, kdalsanto@ngelaw.com

Daniel Mark Harris     lawofficedh@yahoo.com

Stanley L. Hill     stanhill@megsinet.net

Stephen Philip Kikoler     skikoler@muchshelist.com

Marvin Alan Miller     mmiller@millerfaucher.com, jramirez@millerfaucher.com, snyland@millerfaucher.com

Jonathan N. Ledsky     jledsky@vblhc.com, sortega@vblhc.com

Thomas Joseph Wiegand    twiegand@winston.com, ECF_CH@winston.com

Craig Allen Varga    cvarga@vblhc.com

James Michael Dash    jdash@muchshelist.com

Lorne Todd Saeks    lsaeks@muchshelist.com

Samuel H Rudman    srudman@lerachlaw.com

Greg J. Miarecki    gmiarecki@winston.com, ppratt@winston.com, ECF_CH@winston.com

Melinda J. Morales    mmorales@muchshelist.com, rmclarney@! muchshelist.com

Keith James Keogh    keith@keoghlaw.com

Elizabeth Monkus    emonkus@keoghlaw.com, linda@keoghlaw.com

Brandon A Block    bblock@buchalter.com

Terry A Smiljanich    tsmiljanich@jameshoyer.com, dstephens@jameshoyer.com, jbowman@jameshoyer.com, lmartin@jameshoyer.com

Kelly M Dermody    kdermody@lchb.com

Gary Edward Klein    klein@roddykleinryan.com

Dominic J. Rizzi    drizzi@millerfaucher.com

Kristina M Van Buskirk    Kvanbuskirk@ngelaw.com

Shennan Kavanagh    kavanagh@roddykleinryan.com

Bernard E. LeSage    blesage@buchalter.com

Jill Henniger Bowman    jbowman@jameshoyer.com

Evan Jay Kaufman    ekaufman@lerachlaw.com

Charles M. Delbaum    cdelbaum@nclc.org

**1:05-cv-7097 Notice will be delivered by other means to:**
Sarah K. Andrus
Buchalter Nemer, A Professional Corporation
1000 Wilshire Blvd.
Suite 1500
Los Angeles CA 90017-2457
US

Melody A. Petrossian
A Professional Corporation

11/14/2006

Buchalter Nemer
1000 Wilshire Boulevard
Suite 1500
Los Angeles CA 90017
US

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford CT 06901-2047
US

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford CT 06901
US

Joseph A Mikowski
xxx

Patricia J Mikowski
xx