# EXHIBIT D

## Al Hofeld

| | |
|---|---|
| **From:** | Al Hofeld |
| **Sent:** | Thursday, November 16, 2006 9:28 AM |
| **To:** | 'LeSage, Bernard'; Dan Edelman; Dan Harris; ECLG Partners; Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A. |
| **Subject:** | RE: MDL - Motion to Enter Stipulation to Stay Pending Mediation |

Bernie:

It is our position that parts of the proposed stipulation have been superseded by Judge Aspen's Orders of November 7 and 8. Indeed, the Judge's Orders directly contradict the proposed stipulation with respect to a stay, discovery, scheduling and other matters. Therefore, we cannot proceed at this time with the stipulation in its current form or, likewise, with any motion to have the same entered.

We do, however, remain willing to have Magistrate Denlow serve as the parties' mediator, if he agrees.

We are prepared to discuss modifications to the stipulation.

Very truly yours,

Al Hofeld, Jr.

---

**From:** LeSage, Bernard [mailto:BLESAGE@buchalter.com]
**Sent:** Wednesday, November 15, 2006 5:13 PM
**To:** Dan Edelman; Dan Harris; Al Hofeld; ECLG Partners; Andrus, Sarah; Fisher, Michael B.; Block, Brandon A.; Petrossian, Melody A.
**Subject:** FW: MDL - Motion to Enter Stipulation to Stay Pending Mediation

Dan and Dan,
  1. Since we have not heard back from the other NORTC attorneys, attached is a motion requesting Judge Aspen to enter our respective stipulations. Should other want to join, they can do so at a later date.
  2. Let me know if you have any comments, of if we are good to go.

Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp

11/27/2006

Please see <http://www.buchalter.com/> for the policies governing this transmission.

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 |
| | ) | Lead Case No. 05-cv-07097 |
| | ) | |
| THIS DOCUMENT RELATES TO THE ACTIONS NAMED IN <u>EXHIBIT 1</u> | ) ) ) | Centralized before Judge Marvin E. Aspen |
| | ) | |

### <u>PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Plaintiff(s) in the individual cases listed on the attached <u>Exhibit 1</u> hereby request that all defendants in those same cases respond to the document requests below.

Throughout this request:

1.      Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2000 to the present.

2.      If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

3.      If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g.,

1

lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as <u>Exhibit 2</u>.

If any paragraph of the requests below is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## DOCUMENT REQUESTS

Please produce:

1.      All documents, whether paper or computerized, relating to all plaintiff(s) or which are indexed, filed or retrievable under the plaintiffs' names or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiffs. This includes but is not limited to the plaintiffs' complete loan files.

2.      Copies of all written instructions and directions each defendant provided to the title company that closed and/or disbursed plaintiffs' loan and all agreements or contracts between any defendant and the title company that closed or disbursed plaintiffs' loan.

Respectfully submitted,

Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara Goodwin

2

Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200/(312) 419-0379 (FAX)

Exhibit 1

### Cases To Which Plaintiffs' First Request For Production of Documents Applies

| | | |
|---|---|---|
| 1 | *Addison v. Ameriquest Mortgage Co., et al.* | *1:06cv04728* |
| 2 | *Anderson v. Ameriquest Mortgage Co., et al.* | *06cv1981* |
| 3 | *Balark v. Ameriquest Mortgage Co., et al.* | *06cv2430* |
| 4 | *Belford v. Ameriquest Mortgage Co., et al.* | *1:06cv03426* |
| 5 | *Bergquist v. Ameriquest Mortgage Co., et al.* | *06cv1438* |
| 6 | *Besterfield v. Ameriquest Mortgage Co., et al.* | *06cv2676* |
| 7 | *Billings, et al. v. Ameriquest Mortgage Co., et al.* | *06cv1849* |
| 8 | *Bothwell v. Ameriquest Mortgage Co., et al.* | *1:06cv04716* |
| 9 | *Bricker v. Ameriquest Mortgage Co., et al.* | *06cv4528* |
| 10 | *D. Brown v. Ameriquest Mortgage Co., et al.* | *05cv4723* |
| 11 | *K. Brown v. Ameriquest Mortgage Co., et al.* | *05cv5111* |
| 12 | *Brown v. Ameriquest Mortgage Co., et al.* | *06cv2830* |
| 13 | *Buckner v. Ameriquest Mortgage Co., et al.* | *05cv6808* |
| 14 | *Carney v. Ameriquest Mortgage Co., et al.* | *1:06cv02478* |
| 15 | *Carter v. Ameriquest Mortgage Co., et al.* | *1:06cv03425* |
| 16 | *Childres v. Ameriquest Mortgage Co., et al.* | *1:06cv04722* |
| 17 | *Clarke v. Ameriquest Mortgage Co., et al.* | *06cv4201* |
| 18 | *Creamer v. Ameriquest Mortgage Co., et al.* | *1:06cv01930* |
| 19 | *Daneau v. Ameriquest Mortgage Co., et al.* | *1:06cv01925* |
| 20 | *Davis v. Ameriquest Mortgage Co., et al.* | *1:06cv04725* |

4

| | | |
|---|---|---|
| 21 | *Doolittle et al. v. Ameriquest Mortgage Co., et al.* | *05cv5033* |
| 22 | *Eskra v. Ameriquest Mortgage Co., et al.* | *06cv1879* |
| 23 | *Eson, et al. v. Argent Mortgage Co., et al.* | *06cv2829* |
| 24 | *Eyre v. Ameriquest Mortgage Co., et al.* | *1:06cv1926* |
| 25 | *Filian, et al. v. Ameriquest Mortgage Co., et al.* | *06cv2826* |
| 26 | *Frost v. Ameriquest Mortgage Co., et al.* | *1:06cv01928* |
| 27 | *Garcia v. Argent Mortgage Co., et al.* | *06cv1829* |
| 28 | *Gillespie v. Ameriquest Mortgage Co., et al.* | *1:06cv03427* |
| 29 | *Gould v. Ameriquest Mortgage Co., et al.* | *1:06cv02476* |
| 30 | *Graf v. Ameriquest Mortgage Co., et al.* | *1:06cv04726* |
| 31 | *Grabs v. Argent Mortgage Co., et al.* | *06cv2809* |
| 32 | *Green v. Argent Mortgage Co., et al.* | *06cv2045* |
| 33 | *Harless v. Ameriquest Mortgage Co., et al.* | *1:06cv04718* |
| 34 | *Harris, et al. v. Town and Country Credit Corp., et al.* | *06cv3048* |
| 35 | *Harris v. Ameriquest Mortgage Co., et al.* | *1:06cv4030* |
| 36 | *Hawkins v. Ameriquest Mortgage Co., et al.* | *06cv1848* |
| 37 | *Henson v. Ameriquest Mortgage Co., et al.* | *1:06cv1876* |
| 38 | *Holzmeister v. Ameriquest Mortgage Co., et al.* | *05cv5911* |
| 39 | *Horne, et al v. Ameriquest Mortgage Co., et al.* | *1:06cv4715* |
| 40 | *Jeffress v. Ameriquest Mortgage Co., et al.* | *1:06cv03423* |
| 41 | *Jenkins v. Argent Mortgage Co., et al.* | *06cv2044* |
| 42 | *Jewell v. Ameriquest Mortgage Co., et al.* | *06cv0269* |

5

| 43 | *Jiles v. v. Argent Mortgage Co., et al.* | *06cv2771* |
| 44 | *Jimenez v. Ameriquest Mortgage Co., et al.* | *05cv1009* |
| 45 | *R. Jones v. Ameriquest Mortgage Co., et al.* | *06cv2397* |
| 46 | *Jude v. Town and Country Credit Corp., et al.* | *06cv1691* |
| 47 | *Key v. Ameriquest Mortgage Co., et al.* | *05cv1077* |
| 48 | *King Smith v. Ameriquest Mortgage Co., et al.* | *06cv3704* |
| 49 | *Krise, et al. v. Ameriquest Mortgage Co., et al.* | *1:06-cv-05700* |
| 50 | *Kukla v. Ameriquest Mortgage Co., et al.* | *1:06cv04720* |
| 51 | *Leal v. Ameriquest Mortgage Co., et al.* | *1:06cv02475* |
| 52 | *Leclerc v. Ameriquest Mortgage Co., et al.* | *1:06cv01931* |
| 53 | *Lehr v. Ameriquest Mortgage Co., et al.* | *1:06cv04721* |
| 54 | *Lurry-Payne v. Ameriquest Mortgage Co., et al.* | *06cv1547* |
| 55 | *Magliano et al. v. Ameriquest Mortgage Co., et al.* | *06cv1945* |
| 56 | *Martin v. Argent Mortgage Co., et al.* | *06cv1947* |
| 57 | *McGowan v. Ameriquest Mortgage Co., et al.* | *06cv1831* |
| 58 | *Meehan v. Ameriquest Mortgage Co., et al.* | *1:06cv04727* |
| 59 | *Miller v. Ameriquest Mortgage Co., et al.* | *1:06cv04717* |
| 60 | *Nauracy v. Ameriquest Mortgage Co., et al.* | *1:06cv03424* |
| 61 | *Nelson v. Ameriquest Mortgage Co., et al.* | *1:06cv03422* |
| 62 | *Parisi v. Ameriquest Mortgage Co., et al.* | *1:06cv01927* |
| 63 | *Pena v. Ameriquest Mortgage Co., et al.* | *1:06cv01924* |
| 64 | *Perry v. Ameriquest Mortgage Co., et al.* | *05cv6172* |

| 65 | *Polydoros v. Ameriquest Mortgage Co., et al.* | *05cv6517* |
| 66 | *Purdy-Roth v. Ameriquest Mortgage Co., et al.* | *1:06cv01738* |
| 67 | *Rehbock v. Ameriquest Mortgage Co., et al.* | *06cv1581* |
| 68 | *Rocco et al. v. Ameriquest Mortgage Co., et al.* | *06cv2897* |
| 69 | *Rodriguez et al. v. Town and Country Credit Corp., et al.* | *06cv1950* |
| 70 | *Silvia v. Ameriquest Mortgage Co., et al.* | *1:06cv02477* |
| 71 | *Smith v. Ameriquest Mortgage Co., et al.* | *06cv2828* |
| 72 | *Smith v. Ameriquest Mortgage Co., et al.* | *1:06cv03704* |
| 73 | *Sutton v. Ameriquest Mortgage Co., et al.* | *1:06cv04714* |
| 74 | *Thompson v. Ameriquest Mortgage Co., et al.* | *06cv1546* |
| 75 | *Walker, et al. v. Ameriquest Mortgage Co., et al.* | *06cv2807* |
| 76 | *Walsh v. Ameriquest Mortgage Co., et al.* | *1:06cv04723* |
| 77 | *Wisniewski v. Town and Country Credit Corp., et al.* | *06cv2697* |

Exhibit 2

## INSTRUCTIONS AND DEFINITIONS

### Definitions

A.      The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand:  ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media.  Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B.      References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C.      "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D.      "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E.      "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F.      "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G.      "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the

person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

        H.    "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

## Instructions

        1.    All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

        2.    To the extent any paragraph is objected to, please set forth all reasons for your objection.

        3.    If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

        4.    Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

        5.    The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

        6.    To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

        7.    "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

        8.    If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

## CERTIFICATE OF SERVICE

I, Al Hofeld, Jr., certify that on November 22, 2006, I had a copy of this document sent by U.S. Mail and Facsimile to:

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(Facsimile: 213-896-0400)

Jonathan N. Ledsky
Varga, Berger, Ledsky, Hayes & Casey
224 S. Michigan, Suite 350
Chicago, IL 60604
(Facsimile: 312-341-2900)

Thomas J. Wiegand
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, IL 60601-9703
(Facsimile: 312-558-5700)

Respectfully submitted,

Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L Goodwin
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) | MDL No. 1715 |
|  | ) | |
| _____ | ) ) | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO THE ACTIONS NAMED IN <u>EXHIBIT 1</u> | ) ) ) ) | Centralized before Judge Marvin E. Aspen |

### <u>PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>

Plaintiffs in the individual cases listed in the attached <u>Exhibit 1</u> hereby request that all defendants in the same cases respond to the following interrogatories.

Throughout this request:

1.     Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2000 to the present.

2.     If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

3.     If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g.,

1

lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit 2.

If any paragraph of the requests below is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## INTERROGATORIES

Please produce:

1.      State the name, current address, current phone and title of each employee of defendants who (A) had any direct contact with plaintiff(s) in connection with the loan or (B) was involved in the sales, underwriting approval, origination, closing or settlement of plaintiff(s)' loan.  If the person(s) is/are no longer employed with defendant, then provide all last known contact information (including home and work addresses and phone numbers) and identifying information (including Social Security number(s) and date(s) of birth).

2.      Provide the name and current contact information of the title company and all employee(s) of the title company who (A) performed the closing for the loan and (B) disbursed the proceeds of the loan.  If the person(s) is/are no longer employed with the title company, please provide all last known contact information (including home and work addresses and phone numbers) and identifying information (including Social Security numbers and dates of

2

birth).

Respectfully submitted.

Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara Goodwin
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200/(312) 419-0379 (FAX)

3

Exhibit 1

## Cases To Which Plaintiffs' First Interrogatories Apply

| | | |
|---|---|---|
| 1 | *Addison v. Ameriquest Mortgage Co., et al.* | *1:06cv04728* |
| 2 | *Anderson v. Ameriquest Mortgage Co., et al.* | *06cv1981* |
| 3 | *Balark v. Ameriquest Mortgage Co., et al.* | *06cv2430* |
| 4 | *Belford v. Ameriquest Mortgage Co., et al.* | *1:06cv03426* |
| 5 | *Bergquist v. Ameriquest Mortgage Co., et al.* | *06cv1438* |
| 6 | *Besterfield v. Ameriquest Mortgage Co., et al.* | *06cv2676* |
| 7 | *Billings, et al. v. Ameriquest Mortgage Co., et al.* | *06cv1849* |
| 8 | *Bothwell v. Ameriquest Mortgage Co., et al.* | *1:06cv04716* |
| 9 | *Bricker v. Ameriquest Mortgage Co., et al.* | *06cv4528* |
| 10 | *D. Brown v. Ameriquest Mortgage Co., et al.* | *05cv4723* |
| 11 | *K. Brown v. Ameriquest Mortgage Co., et al.* | *05cv5111* |
| 12 | *Brown v. Ameriquest Mortgage Co., et al.* | *06cv2830* |
| 13 | *Buckner v. Ameriquest Mortgage Co., et al.* | *05cv6808* |
| 14 | *Carney v. Ameriquest Mortgage Co., et al.* | *1:06cv02478* |
| 15 | *Carter v. Ameriquest Mortgage Co., et al.* | *1:06cv03425* |
| 16 | *Childres v. Ameriquest Mortgage Co., et al.* | *1:06cv04722* |
| 17 | *Clarke v. Ameriquest Mortgage Co., et al.* | *06cv4201* |
| 18 | *Creamer v. Ameriquest Mortgage Co., et al.* | *1:06cv01930* |
| 19 | *Daneau v. Ameriquest Mortgage Co., et al.* | *1:06cv01925* |
| 20 | *Davis v. Ameriquest Mortgage Co., et al.* | *1:06cv04725* |

| 21 | *Doolittle et al. v. Ameriquest Mortgage Co., et al.* | 05cv5033 |
| 22 | *Eskra v. Ameriquest Mortgage Co., et al.* | 06cv1879 |
| 23 | *Eson, et al. v. Argent Mortgage Co., et al.* | 06cv2829 |
| 24 | *Eyre v. Ameriquest Mortgage Co., et al.* | 1:06cv1926 |
| 25 | *Filian, et al. v. Ameriquest Mortgage Co., et al.* | 06cv2826 |
| 26 | *Frost v. Ameriquest Mortgage Co., et al.* | 1:06cv01928 |
| 27 | *Garcia v. Argent Mortgage Co., et al.* | 06cv1829 |
| 28 | *Gillespie v. Ameriquest Mortgage Co., et al.* | 1:06cv03427 |
| 29 | *Gould v. Ameriquest Mortgage Co., et al.* | 1:06cv02476 |
| 30 | *Graf v. Ameriquest Mortgage Co., et al.* | 1:06cv04726 |
| 31 | *Grabs v. Argent Mortgage Co., et al.* | 06cv2809 |
| 32 | *Green v. Argent Mortgage Co., et al.* | 06cv2045 |
| 33 | *Harless v. Ameriquest Mortgage Co., et al.* | 1:06cv04718 |
| 34 | *Harris, et al. v. Town and Country Credit Corp., et al.* | 06cv3048 |
| 35 | *Harris v. Ameriquest Mortgage Co., et al.* | 1:06cv4030 |
| 36 | *Hawkins v. Ameriquest Mortgage Co., et al.* | 06cv1848 |
| 37 | *Henson v. Ameriquest Mortgage Co., et al.* | 1:06cv1876 |
| 38 | *Holzmeister v. Ameriquest Mortgage Co., et al.* | 05cv5911 |
| 39 | *Horne, et al v. Ameriquest Mortgage Co., et al.* | 1:06cv4715 |
| 40 | *Jeffress v. Ameriquest Mortgage Co., et al.* | 1:06cv03423 |
| 41 | *Jenkins v. Argent Mortgage Co., et al.* | 06cv2044 |
| 42 | *Jewell v. Ameriquest Mortgage Co., et al.* | 06cv0269 |

| 43 | *Jiles v. v. Argent Mortgage Co., et al.* | *06cv2771* |
| 44 | *Jimenez v. Ameriquest Mortgage Co., et al.* | *05cv1009* |
| 45 | *R. Jones v. Ameriquest Mortgage Co., et al.* | *06cv2397* |
| 46 | *Jude v. Town and Country Credit Corp., et al.* | *06cv1691* |
| 47 | *Key v. Ameriquest Mortgage Co., et al.* | *05cv1077* |
| 48 | *King Smith v. Ameriquest Mortgage Co., et al.* | *06cv3704* |
| 49 | *Krise, et al. v. Ameriquest Mortgage Co., et al.* | *1:06-cv-05700* |
| 50 | *Kukla v. Ameriquest Mortgage Co., et al.* | *1:06cv04720* |
| 51 | *Leal v. Ameriquest Mortgage Co., et al.* | *1:06cv02475* |
| 52 | *Leclerc v. Ameriquest Mortgage Co., et al.* | *1:06cv01931* |
| 53 | *Lehr v. Ameriquest Mortgage Co., et al.* | *1:06cv04721* |
| 54 | *Lurry-Payne v. Ameriquest Mortgage Co., et al.* | *06cv1547* |
| 55 | *Magliano et al. v. Ameriquest Mortgage Co., et al.* | *06cv1945* |
| 56 | *Martin v. Argent Mortgage Co., et al.* | *06cv1947* |
| 57 | *McGowan v. Ameriquest Mortgage Co., et al.* | *06cv1831* |
| 58 | *Meehan v. Ameriquest Mortgage Co., et al.* | *1:06cv04727* |
| 59 | *Miller v. Ameriquest Mortgage Co., et al.* | *1:06cv04717* |
| 60 | *Nauracy v. Ameriquest Mortgage Co., et al.* | *1:06cv03424* |
| 61 | *Nelson v. Ameriquest Mortgage Co., et al.* | *1:06cv03422* |
| 62 | *Parisi v. Ameriquest Mortgage Co., et al.* | *1:06cv01927* |
| 63 | *Pena v. Ameriquest Mortgage Co., et al.* | *1:06cv01924* |
| 64 | *Perry v. Ameriquest Mortgage Co., et al.* | *05cv6172* |

6

| | | |
|---|---|---|
| 65 | *Polydoros v. Ameriquest Mortgage Co., et al.* | *05cv6517* |
| 66 | *Purdy-Roth v. Ameriquest Mortgage Co., et al.* | *1:06cv01738* |
| 67 | *Rehbock v. Ameriquest Mortgage Co., et al.* | *06cv1581* |
| 68 | *Rocco et al. v. Ameriquest Mortgage Co., et al.* | *06cv2897* |
| 69 | *Rodriguez et al. v. Town and Country Credit Corp., et al.* | *06cv1950* |
| 70 | *Silvia v. Ameriquest Mortgage Co., et al.* | *1:06cv02477* |
| 71 | *Smith v. Ameriquest Mortgage Co., et al.* | *06cv2828* |
| 72 | *Smith v. Ameriquest Mortgage Co., et al.* | *1:06cv03704* |
| 73 | *Sutton v. Ameriquest Mortgage Co., et al.* | *1:06cv04714* |
| 74 | *Thompson v. Ameriquest Mortgage Co., et al.* | *06cv1546* |
| 75 | *Walker, et al. v. Ameriquest Mortgage Co., et al.* | *06cv2807* |
| 76 | *Walsh v. Ameriquest Mortgage Co., et al.* | *1:06cv04723* |
| 77 | *Wisniewski v. Town and Country Credit Corp., et al.* | *06cv2697* |

Exhibit 2

## INSTRUCTIONS AND DEFINITIONS

### Definitions

A.      The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B.      References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C.      "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D.      "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E.      "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F.      "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G.      "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the

person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H.     "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

### Instructions

1.     All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2.     To the extent any paragraph is objected to, please set forth all reasons for your objection.

3.     If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4.     Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5.     The singular includes the plural number, and vice versa.  The masculine includes the feminine and neuter genders.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6.     To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7.     "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8.     If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

# EXHIBIT F

## Al Hofeld

**From:** Dan Harris [lawofficedh@yahoo.com]
**Sent:** Tuesday, November 28, 2006 11:26 AM .
**To:** Al Hofeld
**Subject:** Fw: Ameriquest Discovery-Document Requests

Al:
Please find attached the string emails between our firm and Bernie LeSage.

Dan

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

----- Forwarded Message ----
From: Dan Harris <lawofficedh@yahoo.com>
To: "LeSage, Bernard" <BLESAGE@buchalter.com>
Sent: Wednesday, November 15, 2006 11:44:15 AM
Subject: Re: Ameriquest Discovery-Document Requests

Bernie:
You read to me the 11/7/06 order. After our discussion, the 11/8/06 order was called to my attention. That order says "Plaintiffs may serve requests for documents beginning on November 13, 2006."

Please give me a call so we can discuss this further.

Dan

The Law Offices of Daniel Harris
150 N. Wacker Dr.
Suite 3000
Chicago, IL 60606
P: 312-960-1803
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

11/28/2006

----- Original Message ----
From: "LeSage, Bernard" <BLESAGE@buchalter.com>
To: Dan Harris <lawofficedh@yahoo.com>
Sent: Wednesday, November 15, 2006 11:27:53 AM
Subject: RE: Ameriquest Discovery-Document Requests

Dan,

1. You know, and we discussed that such requests are in direct violation of both orders. The orders were attached for your review, in addition to me reading the relevant part to you over the phone.
2. As you know, I am not one to threaten sanctions.
3. However, unless you immediately withdraw them we will move for sanctions.


Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles , CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

---

**From:** Dan Harris [mailto:lawofficedh@yahoo.com]
**Sent:** Wednesday, November 15, 2006 7:37 AM
**To:** LeSage, Bernard
**Subject:** Re: Ameriquest Discovery-Document Requests

Bernie:
Did you get the telephone message I left yesterday, call your attention to the 11/8/06 orders? Please see the attached.

You'll also notice that all we have basically asked you for are documents you agreed to provide per the stipulation. Further, I need to be prepared in the event the stipulation is not approved. If it is, of course that would stay your obligation to answer the discovery, except as required by the stipulation.

Dan

The Law Offices of Daniel Harris

11/28/2006

150 N. Wacker Dr .
Suite 3000
Chicago , IL 60606
P: 312-960-1802
F: 312-960-1936
http://www.lawyers.com/danielharris

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.


----- Original Message ----
From: "LeSage, Bernard" <BLESAGE@buchalter.com>
To: Anthony Valach <anthonyvalach@sbcglobal.net>; rgottlieb@dykema.com;
harger@dykema.coom; mfisher@dykema.com
Cc: Dan Harris <lawofficedh@yahoo.com>; DTiberend@ameriquest.com; "Andrus, Sarah"
<SANDRUS@buchalter.com>; "Fisher, Michael B." <mbfisher@buchalter.com>; "Block,
Brandon A." <bblock@buchalter.com>; "Petrossian, Melody A." <mpetrossian@buchalter.com>
Sent: Tuesday, November 14, 2006 6:15:33 PM
Subject: RE: Ameriquest Discovery-Document Requests

Dear Tony & Dan,
1. We will file the appropriate objection in due time.
2. However, I am concerned, particularly in light of my conversation with Dan
   this afternoon, that you and your office are knowingly violating the stay.
3. Please see the Court?s Memorandum Opinion and Order of Judge Aspen
   dated and filed Nov. 7, 2006, at page 12 (copy attached for your
   convenience) as well as the Stipulation re Stay Pending Mediation entered
   into with your office (copy attached for your convenience).
4. Please immediately advise whether your firm is withdrawing the attached
   discovery demands.


Thanks,
*Bernie*
Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles , CA 90017-2457
Direct Number - (213) 891-5230
Firm Number - (213) 891-0700
Cell Number - (619) 985-4415
Direct Fax - (213) 630-5715
Firm Fax - (213) 896-0400
E-mail - blesage@buchalter.com

Firm Directory of Attorneys: http://www.buchalter.com/FSL5CS/Custom/IndexAttorneys.asp
Please see <http://www.buchalter.com/> for the policies governing this transmission.

11/28/2006

**From:** Anthony Valach [mailto:anthonyvalach@sbcglobal.net]
**Sent:** Tuesday, November 14, 2006 3:22 PM
**To:** LeSage, Bernard; Andrus, Sarah; rgottlieb@dykema.com; harger@dykema.com; mfisher@dykema.com
**Subject:** Ameriquest Discovery-Document Requests

All:

Please find the attached document request.  I have also mailed hard copies to your offices.  If you have any questions, please feel free to contact myself or Dan Harris.

Anthony P. Valach, Jr.
The Law Offices of Daniel Harris
150 N. Wacker Dr., Suite 3000
Chicago , IL 60606
P: 312-960-1803
F: 312-960-1936

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/CM/Custom/TOCFirmPolicies.asp.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**