# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION ) ) ) ) ) | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL INDIVIDUAL ACTIONS ) ) ) ) | Centralized before Judge Marvin E. Aspen |

## RESPONSE TO DEFENDANTS' MOTION TO ENTER STIPULATION

**INTRODUCTION**

Plaintiffs in the individual actions brought by Consumer Law Group, LLC ("CLG"), the National Consumer Law Center ("NCLC") and certain other attorneys submit the following in response to the Defendants' Motion to Enter Stipulation.[1] Altogether, more than 250 individual plaintiffs whose matters are listed in Exhibit A (the "Responding Plaintiffs") join in this Response.

The Responding Plaintiffs do not object to the entry of an order compelling mediation, provided that 1) the individual plaintiffs' attorneys[2] are permitted to participate telephonically; and 2) the mediation is conducted by a United States Magistrate Judge, or, if it is a private mediation, that the Defendants bear the cost. Additionally, the Responding Plaintiffs join in the Response filed by of Edelman, Combs, Latturner and Goodwin, LLC ("ECLG") in their

---

[1] The title of Defendants' Motion is deficient in that it does not reveal that it seeks to impose mediation on all individual plaintiffs, even those who had not previously stipulated to mediation, but the text in support so states.

[2] As explained *infra,* NCLC and CLG expect to participate in person if the mediation is conducted without cost to plaintiffs, but no plaintiff or plaintiff's attorney should be required to do so.

opposition to a stay of discovery or the litigation, and they rely upon the arguments advanced by the ECLG Plaintiffs in that Response.

## DISCUSSION

### A. The Responding Plaintiffs Have Not Entered Into The Stipulation.

The primary and obvious difference between the Responding Plaintiffs and the ECLG Plaintiffs is that the Responding Plaintiffs did not enter into any Stipulation for Mediation with the Defendants.[3] The Defendants nevertheless argue that all individual plaintiffs should be compelled to participate in a mediation, citing *In re Atlantic Pipe Corp.*, 304 F.3d 135 (1st Cir. 2002). In this case of first impression in any circuit court, the First Circuit Court of Appeals held that a district court has the inherent authority to manage and control its calendar, and that pursuant to that authority, it may in certain circumstances order a non-consensual mediation.[4] Assuming *arguendo* that this court finds *Atlantic Pipe* persuasive authority, it is nevertheless distinguishable. The individual plaintiffs' actions here present a far less compelling case for the exercise of any such inherent authority. Specifically, the applicable portion of the *Atlantic Pipe* decision provides:

> In some cases, a court may be warranted in believing that compulsory mediation could yield significant benefits even if one or more parties object. After all, a party may resist mediation simply out of unfamiliarity with the process or out of fear that a willingness to submit would be perceived as a lack of confidence in her legal position. *See Campbell C. Hutchinson*, The Case for Mandatory Mediation, 42 Loy. L.Rev. 85, 89-90 (1996). In such an instance, the party's initial reservations are likely to evaporate as the mediation progresses, and negotiations could well produce a beneficial outcome, at reduced cost and greater speed, than would a trial. While the possibility that parties will fail to reach agreement remains ever present, the boon of settlement can be worth the risk.

---

[3] The Defendants did invite CLG to enter into the Stipulation on behalf of its clients. CLG disagrees with the Defendants' assertion that there was no response to this invitation, but confirms that the Stipulation was never agreed to.

[4] *Compare Strandell v. Jackson County*, 838 F.2d 884, 886 (7th Cir.1986), where the Seventh Circuit held that federal district courts do not have inherent authority to require summary jury trials.

> This is particularly true in complex cases involving multiple claims and parties. The fair and expeditious resolution of such cases often is helped along by creative solutions-solutions that simply are not available in the binary framework of traditional adversarial litigation. Mediation with the assistance of a skilled facilitator gives parties an opportunity to explore a much wider range of options, including those that go beyond conventional zero-sum resolutions. Mindful of these potential advantages, we hold that it is within a district court's inherent power to order non-consensual mediation in those cases in which that step seems reasonably likely to serve the interests of justice. *Cf. Reilly v. United States*, 863 F.2d 149, 156-57 (1st Cir.1988) (finding that district courts have inherent power to appoint technical advisors in especially complex cases).

*Id.* at 144-145.

*Atlantic Pipe* involved a large public construction project in which a pipe burst, causing massive damage. Twelve separate parties to the construction were involved in the litigation, which involved a mass of cross and counterclaims. By contrast, although there are many individual plaintiffs asserting a variety of predatory lending claims, these claims are simple. And, although some of the claims involve multiple defendants, most of those defendants are Ameriquest-related entities. The remaining defendants are primarily the Amerquest entities' assignees or agents. These claims are easily adjudicated by simple, binary framework that was not possible in *Atlantic Pipe,* because they do not involve the complexity that was caused by the competing cross and counterclaims of a construction project that went wrong with multiple parties pointing fingers in multiple directions.

Nevertheless, the Responding Plaintiffs do not oppose mediation. Indeed, the plaintiffs represented by NCLC and CLG enthusiastically support mediated settlement discussions. If such a mediation is to come about as a result of a court-ordered, non-consensual process, however, the Responding Plaintiffs do object to a process that could impose an undue burden upon the individual plaintiffs whose cases have been involuntarily transferred to a distant forum.

3

## B. In Person Participation Would Be Unduly Burdensome.

Unlike the parties who entered into the Stipulation, most of the other individual plaintiffs are dispersed geographically throughout the country. The vast majority of them are represented by small firms or solo practitioners. It would be unduly burdensome for the individual plaintiffs to be compelled to travel to Chicago or some other distant forum for a mediation that is likely to require numerous sessions, particularly when the discussions would most probably be dominated by a few firms that represent most of the individual plaintiffs.

Accordingly, the Responding Plaintiffs request that the individual plaintiffs be excused from attending and that their counsel be permitted, at their option, to participate telephonically. CLG and NCLC will actively participate in any mediation, in person, and, together with ECLG, the Harris firm, and any other attorneys who chose to participate, they would negotiate their clients' claims. As a mediation would almost certainly extend through multiple sessions, they would be able to communicate with the other attorneys and obtain their feedback. Such a process could efficiently resolve a majority of the claims, and any formulas arrived at could well facilitate the Defendants' settlement with many of the remaining individual plaintiffs.

By contrast, a mediation involving the direct participation of hundreds of individual plaintiffs and dozens of attorneys would be impracticable and unworkable. It would also be unduly burdensome for the individual plaintiffs' attorneys to be physically present for a process in a distant forum in which their individual involvement would be minimal.

Accordingly, the Responding Plaintiffs request that, if a non-consensual mediation is ordered, that the individual plaintiffs be excused from attending and that their attorneys be given the option of participating telephonically.

4

### C. The Defendants Should Bear The Cost Of Any Private Mediation.

Defendants and ECLG have agreed that Magistrate Judge Denlow could serve as a mediator if he is available. The Responding Plaintiffs have no objection to a referral to a Magistrate Judge. If, however, a Magistrate Judge is not available, Responding Plaintiffs do object to a referral that would require them and the other individual plaintiffs to share in the costs of a private mediator. The individual plaintiffs are all current or former customers of Amerquest – a subprime lender – or a related entity. Many, if not most, were by definition already financially distressed even before they took out a high cost, high interest loan with Ameriquest. Some of them are defending state court foreclosure actions and are faced with the possible loss of their homes. Since the Defendants seek a non-consensual mediation order, they should bear the entire cost of any private mediation.[5]

Dated: December 13, 2006

Respectfully Submitted,

By: _____
Daniel S. Blinn, ct02188
Andrew G. Pizor, ct27015
Consumer Law Group, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457
apizor@consumerlawgroup.com
dblinn@consumerlawgroup.com

---

[5] The Responding Plaintiffs note that their claims are brought under the Truth in Lending Act, which provides for an award of attorney's fees and costs to a successful claimant. Presumably, any mediated settlement would provide for those costs. Since a mediated settlement is the goal that the Defendants presumptively seek, they should be willing to advance mediation costs.

5

## CERTIFICATION OF SERVICE

This is to certify that on this 13th day of December 2006, a true and correct copy of the foregoing document was filed. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Andrew G. Pizor

# EXHIBIT A

A. **Cases not yet transferred to MDL**

| USDC | ABBREVIATED CASE NAME | CIVIL CASE NO: |
|---|---|---|
| Eastern District of NY | Black, et al v. Ameriquest Mortgage Company | (NY) 06-CV-5540 (ERK) |
| Southern District of NY | Brissett, et al v. Ameriquest Mortgage Company | (NY) 06-CV-8130 (Koeltl) |
| Eastern District of NY | Punch, et al v. Ameriquest Mortgage Company | (NY) 06-CV-4811 (ERK) |
| District of Connecticut | Addenbrooke v. Ameriquest | (DCONN) filed 12/12/06 |
| Middle District of PA | Garacia v. Ameriquest Mortgage Co. | (PA) 1:06-1595 |
| Middle District of PA | Maltese v. Ameriquest Mortgage Co. | (PA) 1:06-1596 |
| Western District of MI | Scott v. Ameriquest Mortgage Co. | (MI) 1:06-CV-422 |

B. **Cases which have been transferred to MDL**

| ABBREVIATED CASE NAME | CIVIL CASE NO: |
|---|---|
| Allan v. Argent Mortgage Co., LLC | 1:06-CV-2470 |
| Anderson v. Ameriquest Mortgage Company, et al | 1:06-CV-3125 |
| Bailey v. Ameriquest Mortgage Company | 1:06-CV-1733 |
| Belcher v. Ameriquest Mortgage Company | 1:06-CV-3124 |
| Belval v. Ameriquest Mortgage Company, et al | 1:06-CV-2469 |
| Bowe v. Ameriquest Mortgage Company | 1:06-CV-2471 |
| Damm v. Ameriquest Mortgage Company, et al | 1:06-CV-4032 |
| Duncan v. Ameriquest Mortgage Company | 1:06-CV-2467 |
| Fitzgerald v. Ameriquest Mortgage Company | 1:06-CV-3123 |
| Ingham v. Ameriquest Mortgage Company | 1:06-CV-4035 |
| LaCross v. Ameriquest Mortgage Company | 1:06-CV-4036 |
| McCall v. Ameriquest Mortgage Company, et al | 1:06-CV-3126 |
| Pasacreta v. Ameriquest Mortgage Company, et al | 1:06-CV-2468 |
| Veinot v. Argent Mortgage Co., LLC | 1:06-CV-4034 |
| Mangene v. Ameriquest Mortgage Company | 1:06-CV04713 |
| Julien v. Ameriquest Mortgage Company | 1:06-CV-4037 |
| Jones v. Argent Mortgage Co., LLC | 1:06-CV-4038 |
| Garacia v. Ameriquest Mortgage Co. | 1:06-CV-1595 |
| Maltese v. Ameriquest Mortgage Co. | 1:06-CV-1596 |
| Sievers v. Ameriquest et al. | 1:06-CV-1734 |
| Ameriquest v. Mattix et al. | 1:06-CV-4043 |