**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen<br><br>[Reply Brief In Support of Motion to Enter Stipulation to Mediate And Issue Scheduling Order In Accordance With Terms of Stipulation filed concurrently herewith] |

**DEFENDANTS' OPPOSITION TO ECLG PLAINTIFFS' (1) MOTION TO CLARIFY COMMENCEMENT OF DISCOVERY AND MOTION PRACTICE, AND (2) MOTION TO COMPEL**

Defendants Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC. (collectively, "Defendants") hereby submit this Opposition to the (1) Motion to Clarify Commencement of Discovery and Motion Practice, and (2) Motion to Compel (together, the "Motions") filed by Edelman, Combs, Latturner and Goodwin, LLC ("ECLG"), and state as follows:

**THE STAY ORDERED BY THIS COURT REMAINS IN EFFECT AND SHOULD BE CONTINUED TO PROTECT THE RIGHTS OF ABSENT PARTIES**

**A.     This Multidistrict Litigation Proceeding Remains Stayed Under The Terms Of This Court's November 7, 2006 Memorandum Opinion And Order.**

On February 7, 2006, this Court stayed this multidistrict litigation proceeding (the "Proceeding") in its entirety pending the completion of the reassignment of cases within this District to this Court and the "tag-along" process before the Judicial Panel on Multidistrict Litigation (the "Panel"). [Docket No. 109.] In its November 7, 2006 Memorandum Opinion and Order (the "Nov. 7 Order") [Docket No. 284], this Court continued the stay in this Proceeding, holding as follows:

1

> On February 7, 2006, we instituted a motion and discovery stay pending further case reassignments and the MDL Panel's completion of the "tag-along" process. Eight months later, the stay remains in place, preventing the parties from going forward with the litigation. However, while discovery should proceed shortly, we do want confirmation that the reassignment of cases has concluded or is nearing conclusion. All parties are required to submit by November 13, 2006 a list of any cases still awaiting reassignment.
>
> The litigation may resume at the later of November 13, 2006 or immediately upon resolution of the identified outstanding reassignment issues.

[*Id.*, p. 12.]

On November 13, 2006, the parties to this Proceeding—including ECLG—filed several briefs regarding the outstanding reassignment/"tag-along" issues. [Docket Nos. 287, 288, 290 & 291.] In these briefs, the parties identified ***over 160 cases*** that are or likely will be made part of this Proceeding through the reassignment and "tag-along" processes, but were somehow omitted from the list of cases in the Nov. 7 Order. [*Id.*] ECLG alone identified 35 cases that were transferred or reassigned to this Court, but absent from the list of cases contained in this Court's Nov. 7 Order; 16 cases in which ECLG had filed "tag-along" notices, but the cases had not yet been transferred by the Panel; and 22 cases filed by ECLG but not yet identified as a potential "tag-along" case or subject to a motion for reassignment. [Docket No. 288, pp. 1-5.][1] ECLG further stated that it was preparing 40 additional cases for filing, and that it has received approximately ***780*** inquiries from potential clients who may have individual claims against Defendants. [Docket No. 288, pp. 5-6.]

Nowhere in its November 13, 2006 filing did ECLG inform this Court or the parties that it believed the stay in this Proceeding was lifted, notwithstanding the numerous outstanding reassignment/"tag-along" issues identified by ECLG. Indeed, contrary to ECLG's statement in its Motion that it contacted counsel for Defendants "[u]pon receipt and analysis of the Court's [Nov. 7 Order] and [Nov. 8 Minute Entries]," [Motion, ¶ 6], ECLG first informed counsel for Defendants of its position on November 16, 2006, and only in response to Defendants' request

---

[1] Defendants identified 164 cases that are part of this proceeding or likely will be made part of this Proceeding through the reassignment and "tag-along" processes, but were not listed in the Nov. 7 Order. [Docket No. 291.]

2

that ECLG agree to a joint motion to enter the Stipulation signed by all counsel. [Docket No. 310-1, ¶ 20, Ex. 1.]

Be that as it may, ECLG's position regarding the stay is without merit. In support of its position, ECLG relies on the following statement from this Court's Nov. 8 Minute Entries: "Through the Case Management Order we entered on November 7, 2006, the discovery stay in place since February 6, 2006 will be lifted on or before November 13, 2006." [Motions, ¶ 4 (quoting Docket Nos. 285 and 286).] Defendants submit that the Nov. 8 Minute Entries—which were issued prior to the parties' November 13, 2006 deadline to notify this Court of the outstanding reassignment issues—were based on the presumption that all of the reassignment issues identified in this Court's Nov. 7 Order had been resolved. However, as the many filings on November 13, 2006—including the one from ECLG—evidenced, this Court's presumption was incorrect: There were significant outstanding reassignment/"tag-along" issues, and these issues remain unresolved as of this date.

In summary, as per this Court's Nov. 7 Order, the stay was to remain in effect until at least November 13, 2006. If, however, on November 13, 2006, there were unresolved reassignment/"tag-along" issues, the stay would remain in place until their resolution. As detailed above, on November 13, 2006, all parties to this Proceeding—including ECLG—identified a substantial number of outstanding reassignment/"tag-along" issues, the majority of which remain unresolved as of this date. Thus, the stay remains in place, and this Court should deny ECLG's Motion to the extent it seeks confirmation to the contrary.

**B.      The Stay Is Necessary To Protect The Due Process Rights Of Absent Parties.**

Due Process mandates that a party must have an opportunity to be heard before judicial action may be taken against that party. *See*, *e.g.*, *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846 (1999). This Court recognized this principle in issuing the stay in February 2006, as it found the completion of the reassignment/transfer of all cases necessary prior to the conclusion of the initial case management stage in this Proceeding. [Docket No. 109, pp. 29:17-30:12.] In the Nov. 7 Order and this Court's request to be informed as to the status of the reassignment/"tag-along" process, this Court again recognized that to proceed forward without absent parties to this Proceeding would violate Due Process and fundamental fairness norms central to our system of jurisprudence.

As evidenced by the November 13, 2006 filings and the plethora of unresolved reassignment/"tag-along" issues identified therein, the same concerns that guided this Court to issue the stay in February 2006 and continue it in November 7, 2006 remain before this Court. Accordingly, this Court should continue the stay to ensure that all necessary parties are able to have input in this Proceeding at the initial case management stage.

**C.      ECLG's Request For Individual Discovery Contradicts The Underlying Purpose Of Multidistrict Litigation And This Court's Order Coordinating Discovery.**

In enacting 28 U.S.C. Section 1407, Congress intended to provide centralized management of pretrial proceedings to ensure their "just and efficient" conduct. *In re New York City Municipal Securities Litig.*, 572 F.2d 49, 51 (2d Cir. 1978) (*quoting* H.R. Rep. No.1130, 90th Cong., 2d Sess., *reprinted in* 2 U.S. Code Cong. & Admin. News, pp. 1898, 1899-1900 (1968)). Indeed, Section 1407 serves to "eliminate the possibilities of duplicative discovery and inconsistent pre-trial rulings, and thereby conserve the efforts of the parties and the judiciary." *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1297 n. 3 (7th Cir. 1980) (*citing In re Amerada Hess Corp. Antitrust Litig.*, 395 F. Supp. 1404 (J.P.M.L. 1975)).

In accord with the letter and spirit of Section 1407, this Court held in its Nov. 7 Order that all cases in this Proceeding shall be consolidated for pretrial purposes, and it instituted procedures for coordinating discovery through the Individual Claims Steering Committee or Plaintiffs' Executive Committee. [Docket, pp. 10-12.] In disregard of the Nov. 7 Order, ECLG now seeks to serve individual discovery on behalf of the plaintiffs it represents, apparently without any effort to coordinate with either the Individual Claims Steering Committee or Plaintiffs' Executive Committee. As such, ECLG's discovery requests are improper, and Defendants should not be obligated to respond to them.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: December 18, 2006 | By: /s/ Bernard E. LeSage |
|  | *Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.* |
|  | Bernard E. LeSage, Esq.<br>BUCHALTER NEMER, a P.C.<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-2457 |
| DATED: December 18, 2006 | By: /s/ Thomas J. Wiegand |
|  | *Attorneys for Argent Mortgage Company, LLC* |
|  | Thomas J. Wiegand, Esq.<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601-9703 |

**CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 18th day of December 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage