**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen<br><br>[Defendants' Opposition To ECLG Plaintiffs' (1) Motion To Clarify Commencement Of Discovery And Motion Practice, And (2) Motion To Compel filed concurrently herewith] |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO ENTER STIPULATION**

**I.      INTRODUCTION**

As fully detailed in the Motion to Enter Stipulation to Mediate and Issue Scheduling Order in Accordance with Terms of Stipulation Associated Cases (the "Motion to Enter Stipulation"), after months of negotiations, Defendants[1] and the Law Offices of Daniel Harris (the "Harris Firm") and Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") agreed to mediate over 100 of the individual actions incorporated in this Multidistrict Litigation Proceeding ("MDL Proceeding"). In furtherance of this agreement, the parties executed a formal stipulation agreeing to stay the individual actions and conduct expedited discovery in preparation for mediation of their disputes. [Docket No. 308.] ECLG now refuses to honor its agreement and opposes the entry of the stipulation.[2]

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

[2] On December 4, 2006, ECLG filed its (I) Motion to Clarify Commencement of Discovery and Motion Practice, (II) Motion to Compel, and (III) Response to Defendants' Motion to Enter Stipulation (the "ECLG Motion"). [Docket No. 320.]

The Stipulation at issue is the result of significant negotiations—including an in-person meeting in Chicago—between counsel for Defendants, the Harris Firm and the principals of ECLG. It reflects the input of all counsel, and it is a well-reasoned compromise meant to alleviate the obvious burden each of the actions brought by the Harris Firm and ECLG will place on this Court and the parties, as these actions are not amenable to class treatment.

In light of the fact that there are currently 209 cases included in the MDL Proceeding, many of which will not be part of the consolidated class action, the Stipulation presents an efficient way to attempt to resolve these individual cases. Therefore, because it would serve the interests of justice and judicial economy, at a minimum, this Court should order the signatories to the Stipulation to abide by the terms of their agreement.

## II.     STATEMENT OF FACTS[3]

On February 7, 2006, this Court issued a motion and discovery stay pending further reassignment of case and completion of the MDL panel's "tag-along" process. [Docket 109.] On November 7, 2006, this Court issued a detailed Memorandum Opinion and Order (the "November 7, 2006 Order") setting forth the standards governing the management of this Proceeding. Among other things, the November 7, 2006 Order explicitly continued the existing stay in this Proceeding, holding as follows:

> On February 7, 2006, we instituted a motion and discovery stay pending further case reassignments and the MDL Panel's completion of the "tag-along" process. Eight months later, the stay remains in place, preventing the parties from going forward with the litigation. However, while discovery should proceed shortly, we do want confirmation that the reassignment of cases has concluded or is nearing conclusion. All parties are required to submit by November 13, 2006 a list of any cases still awaiting reassignment.
>
> The litigation may resume at the later of November 13, 2006 or immediately upon resolution of the identified outstanding reassignment issues.

[Docket No. 284, p. 12.]

---

[3] In order to avoid undue burden on the Court, Defendants incorporate by reference the full fact section included in their Motion for Entry of Stipulation.

2

BN 1059131v1

Thus, pursuant to this Court's November 7, 2006 Order, the stay was to remain in effect until at least November 13, 2006, *unless* there were outstanding unresolved reassignment issues. [*Id.*] If such issues existed, the stay would remain in place until their resolution. [*Id.*]

On November 13, 2006, counsel for many of the parties in this Proceeding, including ECLG, filed briefs on behalf of their clients apprising this Court of the many outstanding and unresolved reassignment issues. [Docket Nos. 287, 288, 290 & 291.] ECLG alone identified 35 cases that were transferred or reassigned to this Court but absent from the list of cases contained in this Court's Nov. 7 Order; 16 cases in which ECLG had filed "tag-along" notices but had not yet been transferred by the Panel; and 22 cases filed by ECLG but not yet identified as a potential "tag-along" case or subject to a motion for reassignment. [Docket No. 288, pp. 1-5.][4] ECLG further stated that it was preparing 40 additional cases for filing and that it has received approximately 780 inquiries from potential clients who may have individual claims against Defendants. [Docket No. 288, pp. 5-6.]

On November 8, 2006, this Court issued two Minute Entries (the "November 8, 2006 Minute Entries") in which the Court denied plaintiffs' request for a preservation order and ECLG's request to lift the stay due to overwhelming financial distress in *Talley, et al. v. Ameriquest Mortgage Co., et al.* [Docket Nos. 285 and 286.] In apparent contradiction with the November 7, 2006 Order, the November 8, 2006 Minute Entries stated that the stay in place would be lifted on November 13, 2006. Defendants submit that the November 8, 2006 Minute Entries—which were issued prior to the parties' deadline to notify this Court of the outstanding reassignment issues—were based on the presumption that all of the reassignment issues identified in this Court's November 7, 2006 Order had been resolved. However, as the many filings on November 13, 2006 identifying a plethora of outstanding reassignment issues evidenced, this Court's presumption was incorrect.

### III. ARGUMENT

**A.  This Court Has The Power To Enforce The Stipulation.**

In an attempt to avoid its obligations under the Stipulation, ECLG argues that the Stipulation cannot be entered by this Court because it contradicts the Court's November 8, 2006 Minute Entries. [Docket No.320, p. 8.] As detailed in Defendants' Opposition To ECLG

---

[4] Defendants identified 164 cases that are part of this proceeding or likely will be made part of this proceeding through the "tag-along" process, but were not listed in the Nov. 7 Order. [Docket No. 291.]

3

Plaintiffs' (1) Motion To Clarify Commencement Of Discovery And Motion Practice, And (2) Motion To Compel, filed concurrently herewith, Defendants strongly disagree with ECLG's tortured reading of the Court's Orders. However, even if the stay on discovery has already been lifted or will soon be lifted, there is no legal basis to assert that this Court lacks the power to modify its own order and order the parties to abide by their agreements. In fact, the only legal authority ECLG cites for this spurious position is Rule 29 of the Federal Rules of Civil Procedure. Put simply, ECLG's reliance of Rule 29 is ridiculous. It is well-established that Rule 29 stops the parties from agreeing by stipulation to ignore a prior order of the Court. However, Rule 29 does not bar the parties, as is the case here, from requesting that the Court modify a prior order or enter a subsequent order allowing the parties to attempt to resolve their dispute in an expedited fashion.

B.  **The Stipulation Expressly Contemplated That This Court Would Issue A Partial Stay Of The Individual Actions.**

Next, ECLG argues that it only agreed to enter into the Stipulation because, "at the time, it appeared to be in the best interest of individual plaintiffs" and "plaintiffs' counsel did not know how long it would take the Court to deliberate and rule on the leadership and case management issues or when the stay on discovery and litigation would be lifted. [Docket No. 320, ¶ 7.] ECLG offers no legal authority to support its position that a party can avoid its obligations under an agreement if it believes that the agreement is no longer beneficial to it.

Further, this argument is disingenuous and ignores the facts identified by ECLG in its own Motion. Specifically, the Stipulation signed by ECLG expressly states that, upon entry of the stipulation, "the individual actions shall be stayed in their entirety." [Docket No. 308, Exh. 1, ¶ 3.] Thus, by the very terms of the Stipulations, the parties to the agreement contemplated that the Court would have to issue a stay with respect to the individual actions. Contrary to ECLG's arguments, the November 7, 2006 Order and its November 8, 2006 Minute Entries do not constitute a change in circumstance rendering the agreement and Stipulation ineffective, but, rather, ECLG is merely using the November 7, 2006 Order and its November 8, 2006 Minute Entries as an excuse to justify its avoidance of its obligations under the Stipulation negotiated by the parties and agreed to by the parties.

4

**C.     Enforcement Of The Terms Of The Stipulation Will Expedite Resolution Of The Individual Actions**

There currently are over 180 Individual NORTC Cases before this Court in this proceeding. Furthermore, ECLG alone has stated that it is preparing 40 additional Individual NORTC Cases for filing and that it has received approximately 780 inquiries from potential clients who may have individual claims against Defendants. [Docket No. 288, pp. 5-6.][5] Moreover, as this Court recognized in its November 7, 2006 Order, plaintiffs in the Individual NORTC Cases "will presumably opt out [of the master class complaints] for good reason, be it a perceived higher settlement value or the fact-intensive nature of their cases." [Docket No. 284, p. 10.]

In view of the foregoing, this Court likely will have to oversee several hundred individual, highly fact-specific actions. The Stipulation, which is the product of significant arms-length negotiations between Defendants' counsel and counsel for plaintiffs in many of the Individual NORTC Cases, represents an effort to alleviate the burden on this Court and place the Individual NORTC Cases into a settlement, rather than litigation, posture. Indeed, all counsel to the negotiations for the Stipulation agreed that the mediation process detailed therein is the most efficient way to proceed with this litigation at this juncture.

---

[5] As this Court likely is aware, the majority of the plaintiffs in the Individual NORTC Cases are from Illinois and Connecticut. The reason for this is that ECLG, in Illinois, and the Consumer Law Group ("CLG"), in Connecticut, have taken advantage of their States' laws governing solicitation by lawyers to elicit lawsuits from persons who received a loan from the lender Defendants. Specifically, ECLG and CLG apparently have a routine practice of: (a) obtaining the names of borrowers of the lender Defendants from public records after a loan is consummated; and (b) informing these borrowers by letter, without any prior investigation, that they may be able to rescind their loans under TILA or state law, and that they should contact ECLG or CLG in this regard.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: December 18, 2006 | By:/s/ Bernard E. LeSage |
|  | *Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.* |
|  | Bernard E. LeSage, Esq.<br>BUCHALTER NEMER, a P.C.<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-2457 |
| DATED: December 18, 2006 | By:/s/ Thomas J. Wiegand |
|  | *Attorneys for Argent Mortgage Company, LLC* |
|  | Thomas J. Wiegand, Esq.<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601-9703 |

6

**CERTIFICATE OF SERVICE**

     I, Bernard E, LeSage, hereby certify that on this 18th day of December 2006, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              By: /s/ Bernard E. LeSage

BN 1059131v1