Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 12/20/2006 |
| **CASE TITLE** | In Re: In Re: Ameriquest Mortgage Co. | | |

**DOCKET ENTRY TEXT**

We decline to enter the Stipulation attached to defendants' motion. ECLG no longer joins in the Stipulation, and it contains several terms that do not meet our approval. The parties shall confer in an attempt to submit a revised stipulation–or a notification that they cannot reach agreement–by January 19, 2007. The status hearing set for December 28, 2006 is reset to February 8, 2007 at 10:30 a.m.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

Defendants now file a Motion to Enter Stipulation to Mediate and Issue Scheduling Order in Accordance with Terms of Stipulation. Defendants and the individual plaintiffs represented by the Law Offices of Daniel Harris (Harris) and Edelman, Combs, Latturner & Goodwin, LLC (ECLG) initially agreed on terms for mediation of over 100 actions. After we entered our Case Management Order on November 7, 2006 and our now-vacated November 8 Minute Orders, ECLG sought to withdraw from the stipulation. (Dkt. No. 308, at 5.) According to defendants, defendants and the Harris plaintiffs remain in agreement on the terms of the stipulation. Therefore, defendants request that we "issue a Scheduling Order governing all of the Individual NORTC (notice of right to cancel) Cases that adopts the mediation protocol set forth in the Stipulation or a similar plan acceptable to this Court." (*Id.* at 2.) We decline to enter the Stipulation attached to defendants' motion: ECLG no longer joins in the Stipulation, and it contains several terms that do not meet our approval.

Instead, the parties shall confer in an attempt to submit a revised stipulation – or a notification that they cannot reach agreement – by January 19, 20067. By way of guidance, we note the following: 1) discovery shall not be stayed during the pendency of mediation – the mediation and litigation tracks should run simultaneously; 2) the stipulation should govern the mediation of all individual NORTC cases; and 3) because of the nature of these cases and the stakes involved for all parties, we prefer the appointment of a private mediator; if the parties cannot agree on the selection of a mediator by January 18, 2006, we will appoint one in accordance with the format set forth on page 14 of our November 7, 2006 Case Management Order.

It is so ordered.

*/s/ Marvin E. Aspen*

| STATEMENT |
|---|
| |