IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSIVE PLEADINGS IN EXCESS OF FIFTEEN PAGES**

### I.   INTRODUCTION

Pursuant to Northern District of Illinois Local Rule 7.1, Defendants[1] request leave of this Court to file pleadings in excess of 15 pages in response to the Borrowers' Consolidated Class Action Complaint (the "Borrowers' Complaint") [Docket No. 325] and the Consolidated Complaint For Claims Of Non-Borrowers (the "Non-Borrowers' Complaint") [Docket No. 323] (collectively, the "Complaints"). As detailed below, there is good cause to grant this request.

### II.   FACTUAL BACKGROUND

By its November 7, 2006 Memorandum Opinion and Order (the "Order") [Docket No. 284], this Court ordered the consolidation of all of the ***over 200 cases*** in this multidistrict litigation proceeding (the "Proceeding"). This Court further ordered Co-Lead Plaintiffs' Counsel[2] to file two consolidated "master class complaints," one on behalf of ***all*** named plaintiffs purporting to be borrowers of Defendants, and the other on behalf of ***all*** named plaintiffs alleging to be non-borrowers of Defendants who assert claims under the Fair Credit Reporting Act ("FCRA").

On December 6, 2006, Co-Lead Counsel filed the Borrowers' Complaint and the Non-Borrowers' Complaint, purportedly in accordance with the Order's requirement to file two

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Co., LLC.

[2] Unless otherwise noted, all capitalized terms shall have the meaning ascribed to them in the Order.

1

master class complaints. [Docket Nos. 323 and 325.] The Borrowers' Complaint is comprised of 435 paragraphs in 85 pages. [Docket No. 325.] It includes 20 named plaintiffs, two nationwide classes, six subclasses and 26 causes of action. [*See generally id.*] Upon review of the Borrowers' Complaint, Defendants have determined that there is a basis for filing a motion pursuant to rule 12 of the Federal Rules of Civil Procedure, at this pleading stage. [Declaration of Bernard E. LeSage ("LeSage Decl."), ¶ 2.] Defendants therefore intend to file a motion for more definite statement and a motion to dismiss in response to the Borrowers' Complaint. [*Id.*] These pleading challenges cannot be adequately raised in less than 30 pages. [*Id.*]

Defendants also intend to file a motion to dismiss and motion for more definite statement in response to the Non-Borrowers' Complaint. [LeSage Decl., ¶ 3.] The issues raised in the Non-Borrowers' Complaint require a detailed and complex legal analysis, including the fact that some of the issues raised by the Non-Borrowers' Complaint require intense examination of unsettled questions of law. [*Id.*] These questions include whether adverse action under 15 U.S.C. § 1681m covers an alleged failure to offer "best available rates" after review of a consumer report (an issue which is currently before the United States Supreme Court in *Safeco Insurance Company of America v. Burr*, *et al.* (Nos. 06-84; 06-100)). [LeSage Decl., ¶ 4.] These issues also include whether 15 U.S.C. § 1681m bars plaintiffs from bringing a private action for violation of § 1681m's clear and conspicuous disclosure requirement (an issue that possibly involves a retroactivity analysis, and which is currently being considered by the United States Court of Appeals for the Seventh Circuit in *Killingsworth v. Household Bank*, (Case No. 06-1616). [*Id.*] These issues require lengthy statutory interpretation and evaluation of competing case law. [*Id.*]

### III. ARGUMENT

Absent prior court approval, Local Rule 7.1 limits briefs in support of any motion to 15 pages. As detailed above, this Court consolidated over 200 cases into two master complaints under the November 7 Order. If these cases were prosecuted separately and not through two master complaints, Defendants would be able to file pleadings of up to 15 pages in response to each complaint (*i.e.*, over 3,000 pages in total). Given the foregoing, the number of claims incorporated into the Complaints and the fact that the responsive pleadings to the Complaints will raise complex legal issues requiring detailed analysis, it will be impossible for Defendants to adequately respond to either of the two master class complaints in 15 pages. In good faith,

BN 1074802v4

Defendants request that the Court expand the page limit for Defendants' Motion to Dismiss the Borrowers' Complaint to 30 pages and for Defendants' Motion to Dismiss the Non-Borrowers' Complaint to 40 pages.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the Motion in its entirety.

Respectfully submitted,

DATED: January 8, 2007

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

DATED: January 8, 2007

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand, Esq.
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

## CERTIFICATE OF SERVICE

    I, Bernard E, LeSage, hereby certify that on this 8th day of January 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                By: /s/ Bernard E. LeSage

BN 1074802v4