IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

### DECLARATION OF BERNARD E. LESAGE IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSIVE PLEADINGS IN EXCESS OF FIFTEEN PAGES

I, Bernard E. LeSage, declare as follows:

1. I am a shareholder of the law firm of Buchalter Nemer, a Professional Corporation, counsel for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc. (collectively, "Defendants") in this multidistrict litigation proceeding. I make this Declaration in support of Defendants' Motion for Leave to File Responsive Pleadings in Excess of 15 Pages. I know the following to be true and if called upon to testify, I could and would competently testify to the truth of the matters stated herein.

2. Upon review of the Borrowers' Consolidated Class Action Complaint ("Borrowers' Complaint"), Defendants have determined that there is a basis for filing a motion pursuant to rule 12 of the Federal Rules of Civil Procedure ("FRCP"), at this pleading stage. Accordingly, Defendants intend to file a motion for more definite statement and a motion to dismiss in response to the Borrowers' Complaint. Defendants do not believe these pleading challenges can be adequately addressed in less than 30 pages.

3. Upon review of the Non-Borrowers' Complaint, Defendants have determined that there is a basis for filing a motion pursuant to rule 12 FRCP, at this pleading stage. Defendants therefore intend to file a motion to dismiss and motion to strike in response to the Non-Borrowers' Complaint.

2

4. While the Non-Borrowers' Complaint does not share the page, paragraph and claim volume of the Borrowers' Complaint, the issues raised in the Non-Borrowers' Complaint require a detailed and complex legal analysis. Moreover, some of the issues raised by the Non-Borrowers' Complaint require intense examination of unsettled questions of law. Defendants do not believe that they can adequately respond to the Non-Borrowers' Complaint in less than 40 pages. These questions include whether adverse action under 15 U.S.C. § 1681m covers an alleged failure to offer "best available rates" after review of a consumer report (an issue which is currently before the United States Supreme Court in *Safeco Insurance Company of America v. Burr*, *et al.* (Nos. 06-84; 06-100)). These issues also include whether 15 U.S.C. § 1681m bars plaintiffs from bringing a private action for violation of § 1681m's clear and conspicuous disclosure requirement (an issue that possibly involves a retroactivity analysis, and which is currently being considered by the United States Court of Appeals for the Seventh Circuit in *Killingsworth v. Household Bank*, (Case No. 06-1616). These issues require lengthy statutory interpretation and evaluation of competing case law.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 8th day of January 2007 at Los Angeles, California.

By: /s/ Bernard E. LeSage

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 8th day of January 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

BN 1089793v1