**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: THE BORROWERS' CONSOLIDATED CLASS ACTION COMPLAINT [DOCKET NO. 325] and THE CONSOLIDATED COMPLAINT FOR CLAIMS OF NON-BORROWERS [DOCKET NO. 323] | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'[1] MOTION
TO COMPEL FILING OF AMENDED MASTER CLASS COMPLAINTS
IN COMPLIANCE WITH COURT'S ORDER**

## I.    INTRODUCTION

By this Motion, Defendants seek to remedy Co-Lead Counsel's non-compliance with this Court's November 7, 2006 Case Management Order (the "Order").[2] Pursuant to the Order, this Court took great care to organize and streamline this multidistrict litigation proceeding (the "Proceeding"). To this end, this Court created a procedure whereby the claims of *all* named plaintiffs would be consolidated into one of two "master class complaints," based on the named plaintiffs' purported status as either a "borrower" or "non-borrower" of Defendants. Recognizing, however, that certain plaintiffs may have "good reason" to pursue their claims on

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.

[2] Unless otherwise noted, all capitalized terms shall have the meaning ascribed to them in the Order.

1

an individual basis, this Court also allotted the named plaintiffs a period of time in which to "opt out" of the master class complaints, and pursue "individual, non-class suits."

This Court's underlying purpose for requiring master class complaints on behalf of all named plaintiffs in the first instance was clear and sound. Presuming that Co-Lead Counsel complied with the Order, the master class complaints would be filed on behalf of all named plaintiffs in this Proceeding, and these persons' claims would be included in the master class complaints. The master class complaints, thus, would be able to serve as the administrative vehicle to streamline all pre-trial activities because it would encompass all claims in this Proceeding, even those brought by named plaintiffs who ultimately chose to opt-out of the master class complaints.

Despite this Court's clarity in the Order, Co-Lead Counsel filed a Borrowers' Consolidated Class Action Complaint (the "Borrowers' Complaint") and a Consolidated Complaint for Claims of Non-Borrowers (the "Non-Borrowers' Complaint") on behalf of only 69 named plaintiffs—a minute fraction (less than 10%) of the 814 named plaintiffs in this Proceeding. The named plaintiffs apparently were selected over the absent plaintiffs strictly according to who represented them prior to this Court's Order, as the Borrowers' and Non-Borrowers' Complaints were filed on behalf of the self-termed "Cooperating Plaintiffs." Thus, those plaintiffs represented by Co-Lead Counsel have been favored over other plaintiffs in this Proceeding. By this Court's Order, however, participation in the master class complaints in the first instance was not a popularity contest, but rather an absolute right.

The net result of Co-Lead Counsel's conduct is that they outright severely limited participation in the master class complaints, without giving everyone a chance to first participate in these complaints. The particular statistics concerning the named plaintiffs and cases included

2

within, and outright excluded from, the Borrowers' Complaint and the Non-Borrowers'

Complaint are telling:

- The Borrowers' Complaint is brought on behalf of the named plaintiffs in only 20 of the 253 cases brought by alleged borrowers in this Proceeding. Co-Lead Counsel automatically excluded 233 cases brought by 736 supposed borrowers of Defendants.[3]

- The Non-Borrowers' Complaint is brought on behalf of plaintiffs in only 4 of the 8 cases brought by alleged non-borrowers in this Proceeding. The 4 cases excluded from the Non-Borrowers' Complaint are all putative class actions alleging claims similar to those advanced in the Non-Borrowers' Complaint.

- On December 5, 2006, the day before the filing of the master class complaints, this Court was required to oversee 261 separate cases.

- Since December 7, 2006, the day after the filing of the master class complaints, this Court still is required to oversee no fewer than 237 separate cases.

- As of the date of this filing, 705 plaintiffs in 210 cases have opted out of the master class complaints. Further, 11 of the opted-out cases are class actions. Moreover, in 2 of the opted-out class actions, plaintiffs seek to assert claims that overlap the claims asserted in the master class complaints.

- 40 named plaintiffs in 27 cases excluded from the master class complaints have not expressed their desire to formally opt out of such complaints and pursue individual, non-class suits.

The foregoing demonstrates that, due solely to the conduct of Co-Lead Counsel, this Proceeding is, at best, only slightly more simplified than it was prior to the filing of the master class complaints on December 6, 2006. Accordingly, this Court should require Co-Lead Counsel to file amended master class complaints in compliance with the Order, so as to effectuate this Court's vision to streamline this Proceeding.

///

///

---

[3] In addition, Co-Lead Counsel improperly inserted individual rescission claims in the Borrowers' Complaint on behalf of numerous persons, most of whom are not even named plaintiffs in any underlying lawsuit in this Proceeding.

3

## II. FACTUAL BACKGROUND

### A. The Instant Proceeding

In this Proceeding, this Court is required to oversee the pre-trial activities of at least 261 cases involving no fewer than 814 named plaintiffs. (Declaration of Bernard E. LeSage ("LeSage Decl."), ¶ 2.) Of the 261 cases presently in this Proceeding, 253 are brought by 801 named plaintiffs alleging to be borrowers of Defendants, and 8 cases are brought by 13 named plaintiffs alleging to be non-borrowers of Defendants who assert claims under the Fair Credit Reporting Act, 15 U.S.C. Section 1681, *et seq.* ("FCRA"). All of the cases brought by non-borrowers are putative class actions. (*Id.*)

### B. The Order

Recognizing the large number of cases and plaintiffs in this Proceeding, this Court sought to manage this Proceeding on a going forward basis through the Order. In this regard, this Court took several well-delineated steps. First, this Court held that "[a]ll cases [in this Proceeding] will be consolidated for pretrial purposes. . . ." (Order, p. 6.) Second, this Court identified "three distinct types of cases: (1) borrower class actions, (2) non-borrower class actions under [FCRA], and (3) individual, non-class suits." (*Id.*) Third, this Court ordered the filing of "***two master class complaints***, one on behalf of ***all*** borrowers, and one on behalf of ***all*** non-borrower Fair Credit Reporting Act claimants." (*Id.*) (emphasis added). Finally, this Court acknowledged that "individual plaintiffs—particularly those seeking rescission—would bear the risk of potential conflicts of interest if they were to be represented by or otherwise subject to the control of the same attorneys responsible for class actions seeking damages," and that "individual plaintiffs will presumably opt out [of the master class complaints] for good reason, be it a perceived higher settlement value or the fact-intensive nature of their cases." (*Id.*, p. 11.) This Court, therefore,

provided all named plaintiffs with the opportunity to opt out of the master class complaints and pursue "individual, non-class suits." (*Id.*, p. 7.)

## C. The Borrowers' Complaint

In contravention of the Order, the Borrowers' Complaint [Docket No. 325] consolidates the claims of named plaintiffs in only 20 cases in this Proceeding. (*Id.*, pp. 1-2) (alleging that plaintiffs "consolidate the complaints filed in the following actions" and then listing 20 actions). Co-Lead Counsel outright excluded 233 cases brought by 736 supposed borrowers of Defendants from the Borrowers' Complaint. (LeSage Decl., ¶ 2.) In addition, through the Fourteenth Cause of Action in the Borrowers' Complaint (¶¶ 327-58), Co-Lead Counsel inserted purported "Individual Claims Under TILA" on behalf of 29 persons who are not even parties to any underlying lawsuit in this Proceeding. (LeSage Decl., ¶ 2.)

## D. The Non-Borrowers' Complaint

The Non-Borrowers' Complaint [Docket No. 323], likewise, consolidates the claims of named plaintiffs in only 4 cases seeking relief on behalf of purported non-borrowers under FCRA. (*Id.*, pp. 1-2) (alleging that plaintiffs "consolidate the complaints filed in the following actions" and then listing 4 actions). Co-Lead Counsel outright excluded 4 other putative class actions brought by supposed non-borrowers under FCRA from the Non-Borrowers' Complaint. (LeSage Decl., ¶ 2.)

## E. The Opt-Outs

As of the date of this filing, 705 plaintiffs in 210 cases have opted out of the master class complaints. [Docket Nos. 335, 340, 343, 348, 352, 353, 357, 358, 360, 361, 362, 368, 369 and 372.] Of these cases, 11 are putative class actions. (LeSage Decl., ¶ 2.) Furthermore, as pled in the operative complaints, the claims in two of these class actions—*Murray v. Ameriquest*

5

*Mortgage Company* (N.D. Ill. Case No. 1-05-1218) and *Crane v. Ameriquest Mortgage Company* (N.D. Ind. Case No. 2-05-323)—overlap with the claims in the Non-Borrowers' Complaint. (*Id.*) As a result, these plaintiffs purport to require this Court to oversee competing class actions.

### III. ARGUMENT

A district court has substantial inherent power to control and manage its docket. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 274-75 (7th Cir. 1986). This power derives from the need for courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Link*, 370 U.S. at 630-31, and extends beyond the powers enumerated in the Federal Rules of Civil Procedure, *Moser v. Universal Engineering Corp.*, 11 F.3d 720, 723 (7th Cir. 1993) (*citing Slavitt v. Meader*, 278 F.2d 276, 277 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 831 (1960)).

Given the size of this Proceeding and the number of plaintiffs and claims at issue, this Court, like Defendants, envisioned major administrative hurdles without a significant effort to control and streamline this Proceeding. Thus, this Court issued the Order, in which it set forth a well-reasoned plan to control and manage the hundreds of cases in this Proceeding.

The consolidation of issues into singular pleadings was central to this Court's plan, as it is to any court required to oversee multidistrict litigation. Under the Order, this Court therefore required Co-Lead Counsel to include ***all*** named plaintiffs in this Proceeding—in name and claim—in two master class complaints. As procedural devices to aid efficiency and economy in this Proceeding, the power of the master class complaints, if properly drafted, would be without question. By their very definition, they would reduce the proliferation of papers that must be filed with this Court, and allow the parties and this Court to reference two central documents (the

6

master class complaints), instead of over 250 various documents, in resolving all pretrial activities.

As presently drafted, however, the Borrowers' Complaint and the Non-Borrowers' Complaint do not comply with the Order's mandate for master class complaints. First, the purported master class complaints only consolidate the claims of named plaintiffs in a small percentage of the cases in this Proceeding.

Second, the Non-Borrowers' Complaint outright excludes competing class actions, some of which have opted out of the Non-Borrowers' Complaint and have affirmatively chosen to go forward alongside it. By expressly ordering the filing of only two master class action complaints, this Court clearly sought to eliminate competing class actions; the only cases permitted to exist beside the two master class complaints are "individual, non-class suits." (Order, pp. 6-7.) Notwithstanding, this Court's clear directive, there still are competing class actions in this Proceeding.

Finally, the Borrowers' Complaint includes the claims of several individual plaintiffs seeking rescission under TILA. Nearly 30 of these individual plaintiffs have not filed any underlying lawsuit in this Proceeding (LeSage Decl., ¶ 2), and they cannot be brought into this Proceeding through the master class complaints. Furthermore, the Borrowers' Complaint seeks classwide damages under TILA, and, thus, the inclusion of individual rescission claims presents the very conflict of interest this Court sought to protect against in the Order (*i.e.*, having individual rescission plaintiffs represented by or otherwise subject to the control of the same attorneys responsible for class actions seeking damages). (Order, p. 7.)

Co-Lead Counsel must amend the purported master class complaints because, absent amendment and the inclusion of all named plaintiffs and their claims, this Proceeding will be

7

unmanageable. For example, rather than one set of briefing and one hearing concerning the whether the claims in this Proceeding may go forward as a matter of law, this Court will be required to manage hundreds of sets of briefing and hundreds of hearings in this regard. It is hard, if not impossible, to envision how the parties can even get past the initial pleading stage by November 5, 2007, the present discovery cut-off. (*See* Order, p. 13.) Put simply, there is no efficiency in this Proceeding, only chaos, if the Borrowers' and Non-Borrowers' Complaints stand in their present form.

As noted above, the Borrowers' and Non-Borrowers' Complaints apparently are brought on behalf of the clients of counsel for the self-termed "Cooperating Plaintiffs." In the Order, however, this Court made clear that participation in the master class complaints in the first instance was not to be a choice made by counsel, but rather an unqualified right to be accorded to all named plaintiffs in this Proceeding. Having failed to follow this mandate and comply with the Order, this Court should require Co-Lead Counsel to file amended master class complaints.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the Motion in its entirety.

                                          Respectfully submitted,

DATED: January 19, 2007           By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 19th day of January 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage