**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | |
| MORTGAGE LENDING PRACTICES | ) | |
| LITIGATION | ) | MDL No. 1715 |
| | ) | |
| _____ | ) | Lead Case No. 05-cv-07097 |
| | ) | |
| THIS DOCUMENT RELATES TO ALL | ) | Centralized before Judge |
| INDIVIDUAL ACTIONS | ) | Marvin E. Aspen |
| | ) | |

<u>**INDIVIDUAL CLAIMANTS' STEERING COMMITTEE
NOTICE REGARDING MEDIATION**</u>

**INTRODUCTION**

In its December 20, 2006 Order, the Court denied the Defendants' Motion to Enter Stipulation (regarding mediation) and ordered the parties to confer in an attempt to submit a revised stipulation for a mediation of the individual claims. The Individual Claims Steering Committee (the "Committee") and the Defendants were able to agree on certain aspects of the mediation. They have agreed that the mediator will be Judge Donald P. O'Connell.[1] Additionally, they have made substantial progress in reaching an agreement on sharing the cost of the mediation, although they are unable to finalize that agreement until third party defendants have been added to the litigation and have joined in the mediation. They have not been able to reach agreement on one essential point.

Specifically, Ameriquest desires that each of the approximately 700 individual plaintiffs and their counsel be required to attend the mediation, in person, in Chicago. The Committee proposes that the out-of-state plaintiffs be permitted to attend telephonically. In the November 7,

---

[1] The Committee's agreement to Judge O'Connell is conditional, however, upon the ability of the individual plaintiffs and their attorneys located out of state being permitted to participate telephonically, as described *infra*.

2006 Order, the Court stated that "We defer all issues regarding settlement – including competing proposals about test cases and settlement conferences – to the mediator." The Committee understands that the Court does not wish to delve into the minutiae of the mediation, and it agrees that the Court should not do so. Nevertheless, because of the extreme importance of the issue, the extraordinary burden that in-person attendance would place upon the hundreds of plaintiffs located out of state, the unusual circumstances attendant to involuntary transfer under the MDL Rules, and the conditional nature of the Committee's agreement to Judge O'Connell as the mediator, the Committee asks that the Court enter an order authorizing the out-of-state individual plaintiffs and their counsel[2] to participate by telephone, at their option.

**DISCUSSION**

   **A.      In Person Participation Would Be Unduly Burdensome.**

         Unlike the parties who entered into the original Stipulation, most of the other individual plaintiffs are dispersed geographically throughout the country. The vast majority of them are represented by small firms or solo practitioners. Many are represented by legal aid attorneys, others are represented by private attorney pursuant to *pro bono* referrals, and some of them have filed i*n forma pauperis.* It would be unduly burdensome for the individual plaintiffs to be compelled to travel to Chicago for a mediation that is likely to require numerous sessions, particularly when the discussions would most probably be dominated by the several firms that represent the vast majority of the individual plaintiffs. As mediation would almost certainly extend through multiple sessions, the Committee members would be able to communicate with the other individual plaintiffs' attorneys and obtain their feedback. Such a process could efficiently resolve a majority of the claims, and any formulas arrived at could well facilitate the Defendants' settlement with many of the remaining individual plaintiffs.

---

[2] The attorneys on the Committee will attend and participate in person.

By contrast, it would be impracticable for hundreds of claimants and dozens of attorneys to be physically present at the mediation. It would also be unduly burdensome for the individual plaintiffs' attorneys to be physically present for a process in a distant forum in which their individual involvement would be minimal.

**B.      Because The Mediation Would Be Non-Consensual, The Court Should Not Unduly Burden The Individual Plaintiffs**

When the Defendants sought to impose their Stipulation upon the plaintiffs who had not agreed to personally participate in a mediation in Chicago, it cited *In re Atlantic Pipe Corp.,* 304 F.3d 135 (1st Cir. 2002) for the proposition that the Court could compel a mediation absent the consent of those parties. In this case of first impression in any circuit court, the First Circuit Court of Appeals held that a district court has the inherent authority to manage and control its calendar, and that pursuant to that authority, it may in certain circumstances order a non-consensual mediation,[3]  holding that: "it is within a district court's inherent power to order non-consensual mediation in those cases in which that step seems reasonably likely to serve the interests of justice." *Id.* at 144-145.

The Committee does not oppose mediation; indeed, it enthusiastically supports mediated settlement discussions. It does not, however, agree to a process that imposes the burden of personal attendance upon the out-of-state individual plaintiffs whose cases have been

---

[3] *Compare Strandell v. Jackson County*, 838 F.2d 884, 886 (7th Cir.1986), where the Seventh Circuit held that federal district courts do not have inherent authority to require summary jury trials.

involuntarily transferred to a distant forum.[4]  The Committee respectfully submits that it would not "serve the interests of justice" for the Court to impose that burden.

**C.     If In Person Attendance Is To Be Required, Then Mediations Should Occur Where The Plaintiffs Reside.**

Although the Committee has agreed that Judge O'Connell should be the mediator, this agreement does not extend to the mediation of cases that were originally filed outside of the Northern District of Illinois if in person participation is to be required.  In the event that the Court determines that all parties and their counsel must attend the mediation in person, then the Committee proposes the appointment of multiple mediators so that the mediations can be conducted in the districts where the out-of-state plaintiffs reside.[5]   The bulk of the individual plaintiffs did not choose to litigate their cases in Chicago and have no minimum contacts with this forum. It would therefore be unfair to impose on them the costs of travel and lodging associated with mediation in Chicago.

**CONCLUSION**

The parties have not agreed upon a stipulation for mediation due to their disagreement over the issue relating to out-of-state plaintiffs.  If the Court determines that an order for non-consensual mediation of all individual plaintiffs' claims is appropriate, then it should stipulate that the individual plaintiffs and their counsel may, at their option, appear telephonically.  If the Court determines that in-person participation should be required, then it should direct the parties to conduct mediation in the districts where the cases where initiated. Alternatively, if the Court

---

[4] This is particularly true since the plaintiffs are all consumers.  In a different context, the Fair Debt Collection Practices Act recognizes that requiring consumers to litigate in an inconvenient, distant forum, is burdensome and a violation of the Act.  15 U.S.C. § 1692i.

[5] Alternatively, Judge O'Connell could conduct mediations in districts where numerous out-of-state individual plaintiffs are located such as Connecticut, Rhode Island, and New York.

determines that this is an appropriate determination for the mediator, then the Court should defer

that determination to Judge O'Connell.


Dated: January 19, 2007          Respectfully Submitted, The Individual Claims Steering
                                 Committee



                       By: _____
                            Daniel S. Blinn, ct02188
                            Consumer Law Group, LLC
                            35 Cold Spring Road, Suite 512
                            Rocky Hill, Connecticut 06067
                            Tel. (860) 571-0408  Fax (860) 571-7457
                            dblinn@consumerlawgroup.com



                       **CERTIFICATION OF SERVICE**

        This is to certify that on this 19th day of January 2007, a true and correct copy of the
foregoing document was filed.  Notice of this filing will be sent by e-mail to all counsel of record
by operation of the Court's electronic filing system or by mail to anyone unable to accept
electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing
through the Court's CM/ECF System.


                                 _____
                                 Daniel S. Blinn