**Exhibit 2**



**UNITED STATES OF AMERICA**
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Division of Financial Practices

Laura D. Berger
Attorney

202-326-3224

June 28, 2001

Mr. Elias Latour
17445 Covello Street
Van Nuys, CA 91406

Dear Mr. Latour:

This responds to your letter inquiring whether a company that approved your application for credit only under its highest rates, based on a "risk score" derived from information reported by a credit bureau or other consumer reporting agency ("CRA"), is required to provide an adverse action notice pursuant to the Fair Credit Reporting Act ("FCRA"). You do not state whether you accepted this offer of credit, or whether your application was for credit according to particular terms.

Section 615(a) of the FCRA requires persons who take "adverse action" with respect to any consumer based in whole or in part on a consumer report to provide the consumer with a notice of the adverse action that, among other things, identifies the CRA that furnished the consumer report and includes information about the consumer's FCRA rights.

Section 603(k)(1)(A) defines the term "adverse action" to have "the same meaning as in the Equal Credit Opportunity Act" ("ECOA"), when the action takes place in the credit context.[1]

Under the ECOA, and Regulation B promulgated by the Board of Governors of the Federal Reserve System to implement the ECOA, that term means "a refusal to grant credit in substantially the amount or on substantially the terms requested in an application *unless the creditor makes a counteroffer (to grant credit in a different amount or on different terms) and the applicant uses or expressly accepts the credit offered*." Regulation B, 12 C.F.R. §202.2(c)(1)(i) (emphasis added). In the circumstances described, you would be entitled to the "adverse action" notice required by Section 615(a) if you applied for credit on particular terms, were offered credit only on less favorable terms (*e.g.*, lower credit limit, higher interest rate) based on information in a consumer report, and refused to accept those terms or use the credit offered. However, if you did not apply for credit on particular terms or if you were offered credit and accepted, you are not entitled to the notice because you did not suffer "adverse action" as defined in Section 603(k)(1)(A) of the FCRA.

The views set forth in this informal opinion letter are not binding on the Commission.

Sincerely,

Laura D. Berger

**Endnote:**

1. Similarly, "adverse action" in the insurance context is defined by Section 603(k)(1)(B)(i), in the employment context by Section 603(k)(1)(B)(ii), in the context of a license or benefit granted by the government by Section 603(k)(1)(B)(iii), and in other contexts by Section 603(k)(1)(B)(iv). (These non-credit types of adverse actions are discussed in other staff opinion letters -- *Schieber*, 03/03/98; *Vail*, 04/05/99; *Greathouse*, 10/20/98; *Spritz*, 11/05/98). The subsections of the "adverse action" definition in Section 603(k)(1) thus parallel the permissible purposes provided for credit, insurance, employment, governmental benefit or license, and other consumer purposes provided in Section 604(a)(3).