**Exhibit 4**



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Division of
Financial Practices

July 14, 2000

Ryan S. Stinneford, Esq.
Pierce Atwood
One Monument Square
Portland, Maine 04101

Re:     Section 615(a) of the Fair Credit Reporting Act and Section 202.9(f) of
        Regulation B, implementing the Equal Credit Opportunity Act.

Dear Mr. Stinneford,

This responds to your inquiry concerning the notice to a consumer required by Section
615(a) of the Fair Credit Reporting Act ("FCRA") and adverse action notices under the
Equal Credit Opportunity Act ("ECOA"). Section 701(d) of the ECOA requires that a
creditor must notify an applicant of the action taken on an application, including
requirements in the event of "adverse action" on the application. 15 U.S.C. 1691(d).
Regulation B of the Board of Governors of the Federal Reserve System implements the
requirements of the ECOA, including the notice requirements set forth in Section 202.9 of
that regulation. 12 C.F.R. § 202.9.

Section 615(a) of the FCRA imposes an independent requirement that a consumer be
provided specified information in circumstances where adverse action with respect to that
consumer is taken "based in whole or in part on any information contained in a consumer
report." As you note in your letter, the Federal Reserve Board has indicated that the
information required by Section 615(a) of the FCRA can be made on the same document
as an ECOA adverse action notice, where the circumstances of a given applicant so
warrant. Appendix C to Regulation B provides model forms that combine the FCRA and
ECOA disclosures. Appendix C was amended to conform to the 1996 FCRA
amendments. *See* 63 Fed. Reg. 16392, April 3, 1998, copy enclosed.

Your inquiry correctly notes that when an application involves more than one applicant,
Section 202.9(f) of Regulation B permits the creditor to provide adverse action
notification to only one applicant.[1] You ask

*Is it permissible for a creditor to send a combined ECOA/FCRA adverse action*
*notification (similar to Form C-1) only to the primary applicant, even if the application*
*was denied based on the co-applicant's (or guarantor's) consumer report?*

For the reasons set forth below, it is our view that the answer is no with respect to a co-
applicant and yes with respect to a guarantor.

Section 615(a) requires that "*any* consumer" with respect to whom adverse action is taken
must receive the disclosures mandated by Section 615(a) if that action is based "in whole

Case: 1:05-cv-07097 Document #: 388-5 Filed: 01/19/07 Page 3 of 3 PageID #:8939

or in part" on information from a consumer report. (Emphasis added). In our view, the plain language "any consumer" includes a co-applicant. Neither Section 202.9(f) of Regulation B, nor the combined disclosure permitted in Appendix C, remove or modify that requirement with respect to co-applicants. The objective of the combined disclosures permitted by the Federal Reserve Board in Appendix C to Regulation B is only to simplify the paperwork involved in making ECOA and FCRA notifications to a single applicant, where both are required -- *i.e.*, the action by the creditor is both adverse to the applicant (ECOA), *and* is based in whole or in part on information from that applicant's consumer report (FCRA).

Because Section 603(k)(1)(A) of the FCRA provides that, in the context of a credit application, "adverse action" shall have the same meaning for purposes of the FCRA as is provided in the ECOA, we look to the definition of "adverse action" set forth in Section 701(d)(6) of the ECOA, 15 U.S.C. § 1691(d)(6), and Section 202.2(c) of Regulation B, 12 C.F.R. § 202.2(c). Under these authorities, only an "applicant" can experience "adverse action." Section 202.2(c)(1) of Regulation B, 12 C.F.R. § 202.2(c)(1). They further specify that a co-applicant is an "applicant" but that a guarantor is not. Section 702(b) of the ECOA, 15 U.S.C. § 1691a(b); Section 202.2(e) of Regulation B, 12 C.F.R. § 202.2(e).

Thus, in response to the specific example posed in your letter, when there are two applicants a creditor *cannot* send a combined ECOA/FCRA adverse action notification to *only* the primary applicant if the application is denied, even in part, based on information in a co-applicant's consumer report. In that circumstance, the co-applicant has been the subject of "adverse action" and must be provided his or her own separate notification to satisfy the requirement of Section 615(a) of the FCRA. If the creditor has provided the ECOA-required information specified in Section 202.9(a)(2) of Regulation B to the primary applicant, it need not be included in the FCRA notice provided to the co-applicant.

The rule is different for a guarantor, because he or she has not experienced "adverse action" that triggers the notice required by Section 615(a) of the FCRA. As discussed above, Section 603(k)(1)(A) of the FCRA adopts the ECOA definition, which excludes a guarantor. Thus a creditor need not provide guarantor with an FCRA adverse action notice, even if the application is denied in whole or in part based upon information from the consumer report of the guarantor. Under these circumstances, therefore, notification to the applicant is all that is required.

I hope that this information is helpful to you. The views expressed herein are the views of the Commission staff and are advisory in nature. They do not necessarily reflect the views of the Commission or of any individual Commissioner.

Very truly yours,

Christopher W. Keller
Attorney

---

1. Section 202.9(f) further requires that the notice must be given to the primary applicant where one is readily apparent.