**Exhibit 7**

FILED

2004 NOV 30 PM 2:59

U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

Jonathan A. Boynton (174910)
Sarah Brite Evans (210980)
**POST KIRBY NOONAN & SWEAT LLP**
One America Plaza
600 West Broadway, Suite 1100
San Diego, California 92101-3387
Telephone (619) 231-8666
Facsimile (619) 231-9593

Terry A. Smiljanich
Kathleen Clark Knight
**JAMES, HOYER, NEWCOMER
& SMILJANICH, P.A.**
4830 W. Kennedy Blvd., Suite 550
Tampa, FL 33609
Telephone (813) 286-4100
Facsimile (813) 286-4174

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

CV04-9715 MMM (MCx)

ADOLPH PETER KURT BURGGRAFF, on behalf of Himself and those similarly situated,

Plaintiff,

vs.

AMERIQUEST CAPITAL CORPORATION AND AMERIQUEST MORTGAGE COMPANY,

Defendants.

CASE NO.

**CLASS ACTION**

**COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT AND THE EQUAL CREDIT OPPORTUNITY ACT**

**DEMAND FOR JURY TRIAL**

FILE BY FAX

## CLASS ACTION COMPLAINT

Plaintiff, Adolph Peter Kurt Burggraff, brings this action, individually and on behalf of the class of persons defined below, against Defendants, Ameriquest Capital Corporation and Ameriquest Mortgage Company. Plaintiff alleges the following on information and belief, formed after a reasonable inquiry under the circumstances.

PKNS\368559.1

COPY

## PARTIES

1. Plaintiff Adolph Peter Kurt Burggraff is a resident of West Richland, Washington.

2. Defendant Ameriquest Mortgage Company is a wholly owned subsidiary of Ameriquest Capital Corporation and has its principal place of business in Orange, California.

3. Defendant, Ameriquest Capital Corporation is a privately held Delaware corporation with its principal place of business in Orange, California.

4. Defendant Ameriquest Mortgage Company has more than 270 offices nationwide.

5. Defendants (hereinafter collectively referred to as "Ameriquest") participate in the business of, among other things, obtaining consumer reports on individuals and using such information to offer and underwrite credit and mortgage loans to individuals throughout the United States. Defendants are "creditors" within the meaning of the Equal Credit Opportunity Act ("ECOA") as set forth in 15 U.S.C. § 1691a(e).

6. Defendants are also "users of consumer credit reports" as that term is used in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681m.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based upon claims brought pursuant to the FCRA, 15 U.S.C. § 1681p, and the ECOA, 15 U.S.C. §§ 1691, et seq.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## THE FRCA AND ECOA

9. The FCRA, 15 U.S.C. §§ 1681-1681t, is a federal statute first enacted in 1971. The FCRA is a consumer protection statute that regulates the activities of credit reporting agencies and users of credit reports, and

provides certain rights to consumers affected by use of their credit reports. In 1996, the FCRA was amended to expand the rights of consumers who are adversely affected by use of their consumer report information. As recently as December 2003, Congress amended the FCRA to provide even more protection to the consumer than was afforded in the expansive 1996 amendments.

10. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer. Credit reports provided by credit reporting agencies are types of consumer reports. 15 U.S.C. § 1681a(d).

11. The FCRA provides that if the user of a consumer report takes any adverse action with respect to a consumer based in whole or in part on any information contained in the consumer report, the user of the report must provided notice to the consumer of the adverse action, together with the identity of the consumer agency providing the consumer report and other specific information, including the consumer's right to dispute the accuracy of information in the report and to receive a free copy of the offending report. 15 U.S.C. § 1681m.

12. ECOA also has notice requirements regarding adverse actions related to denials or revocation of credit, changes in the terms of existing credit arrangements, and refusals to grant credit in substantially the amounts or terms requested. 15 U.S.C. § 1691(d).

///
///

13. The FCRA and ECOA adverse action notice provisions are meant to provide consumers with notice and warn them that their consumer reports have been used adversely to their interests.

14. Information contained in credit reports changes constantly, making it vital to the proper operation of the FCRA and ECOA that contemporaneous notice be given of adverse action. By not providing contemporaneous notice to the consumer, the user of the report makes it difficult, if not impossible, to determine at a later date what potentially erroneous information might have been contained in the consumer report.

15. The FCRA and ECOA provide for civil remedies to consumers for violations of the act, including actual damages, nominal damages, statutory damages, punitive damages, costs and attorneys fees. 15 U.S.C. § 1681n, and §§ 1691e(b) and (d).

## INDIVIDUAL FACTUAL ALLEGATIONS

16. In April 2003, Plaintiff was contacted by Ameriquest and offered refinancing terms on his home, including 5.9% interest on a 15 year loan. Plaintiff had not previously applied for a refinancing loan, and Defendants obtained his name and consumer information from a credit reporting agency.

17. Subsequently, Plaintiff was informed that his "preliminary" terms had changed to terms of 7.151% on a 30 year loan.

18. Finally, in June, 2003, Plaintiff was informed that the final terms being offered to him were a loan at 9.697% for 30 years. Plaintiff refused to close on the proposed loan based on the increased terms, but had expended money in connection with the proposed closing of the loan.

19. Ameriquest did not inform Plaintiff that the quoted terms for the refinancing loan were increased over the best available terms due to information in a consumer report. Defendants did not provide Plaintiff with the requisite adverse action notices under either FCRA or ECOA.

20. Defendants' regular business practice is to use consumer reports in connection with the pre-screening of individuals for whom credit terms will be proposed. When Defendants then offer less favorable terms of credit based in whole or in part on information from the consumers' credit reports, they regularly fail to provide consumers with the requisite adverse action notices under either FCRA or ECOA. These procedures are uniformly engaged in by Defendants through their electronic systems that are used throughout the United States.

21. Ameriquest took adverse action against Plaintiff by offering him less than the best available credit terms based in whole or in part upon information in a consumer report. Defendants were users of consumer reports and took adverse action against Plaintiff in connection with the pre-screening, underwriting, and offers of credit to Plaintiff.

22. Defendants failed to provide Plaintiff with any notification, oral, written or electronic, advising Plaintiff of the adverse actions against him, as required by the FCRA, nor did Defendants provide a written notice as required by ECOA.

23. As the users of credit reports in connection with such credit transactions for consumers, Defendants have the obligation under the FCRA and ECOA to ensure that consumers receive notice of adverse action. Defendants failed to do so, and failed to make arrangements to ensure that anyone else would provide such notice to Plaintiff.

24. Defendant improperly shifted the burden to Plaintiff to determine that adverse action was taken against him, and failed to disclose to Plaintiff the information required by the FCRA and ECOA.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action under the FCRA and ECOA on behalf of himself and as a representative of the following proposed class:

Residents of the United States who on or after April, 2001, were offered less than the best available terms for credit transactions, based in whole or in part upon information contained in a consumer report, without disclosures being provided to them as required by the Fair Credit Reporting Act and the Equal Credit Opportunity Act, and who failed to receive adverse action notices under each Act.

Excluded from the Class are all directors, officers, agents and/or employees of Defendants, and numbers of their immediate families.

26. Pursuant to Fed. R. Civ. P. Rule 23, the FCRA and ECOA, this action may be maintained as a class action because all procedural elements are satisfied, as set forth below:

### 1. Numerosity

27. Defendants are in the business of offering credit terms to consumers throughout the United States, and engage in mass marketing of credit terms nationwide. The number of consumers nationwide with respect to whom Defendants took an adverse action under the FCRA and ECOA and failed to provide the information and notices required under the FCRA and ECOA is in excess of several thousand. The exact number and identity of Class Members is unknown to Plaintiff but can easily be determined from the records of Defendants.

28. The Class is so numerous that it would be impractical to join all of the members of the Class within the meaning of Rule 23(a)(1).

### 2. Commonality

29. On behalf of the Class, the representative Plaintiff brings claims which raise questions of law and fact common to all members of the Class, as contemplated by Rule 23(a)(2). Common issues include:

(a) Whether the Defendants violated the FCRA and ECOA when they took adverse actions against Plaintiff and other Class Members based in whole or in part on information contained in consumer reports,

PKNS\369559.1 -6-

1 failed to properly advise the consumers that adverse actions had been taken
2 against them, and failed to properly provide the Plaintiff and other Class
3 Members with the information and notices required under the FCRA and
4 ECOA;

5     (b) Whether the Defendants violated the FCRA and ECOA
6 when it took adverse actions against Plaintiff and other Class Members
7 based in whole or in part on information contained in consumer reports
8 without providing the notices required under the FCRA and ECOA;

9     (c) Whether the Defendants are user of consumer reports
10 when they use consumer reports to set the final terms of credit transactions
11 with Plaintiff and other Class Members based upon information obtained
12 about Plaintiff and other consumers from consumer reports;

13     (d) Whether the actions of the Defendants in failing or refusing
14 to provide adequate notice as required by the FCRA and ECOA were willful;

15     (e) Whether the actions of the Defendants in failing or refusing
16 to provide adequate notice as required by the FCRA and ECOA were done
17 in reckless disregard of the Plaintiff's and other Class Members' rights;

18     (f) Whether the actions of the Defendants in failing or refusing
19 to provide adequate notice as required by the FCRA and ECOA were done
20 in conscious disregard of the Plaintiff's and other Class Members' rights;

21     (g) Whether the actions of the Defendants in failing or refusing
22 to provide adequate notice as required by the FCRA and ECOA were
23 negligent; and

24     (h) Whether Plaintiff and other members of the Class are
25 entitled to recover actual, statutory and punitive damages as a result of the
26 Defendants' actions in violating the notice requirements of the FCRA and
27 ECOA.
28 ///

### 3. Typicality

30. In accordance with the requirements of Rule 23(a)(3), the representative Plaintiff's claims are typical of the claims of all other members of the Class, and the representative Plaintiff has no interests which are adverse or antagonistic to the interests of the Class. The representative Plaintiff's claims are typical of the claims of the Class because all such claims arise from a series of identical business practices, or a common course of conduct, involving the failure of the Defendants to notify consumers that adverse actions had been taken against them, and the Defendants' failure to provide other required information to consumers, in violation of the FCRA and ECOA.

### 4. Adequacy Of Representation

31. In accordance with the requirements of Rule 23(a)(4), the representative Plaintiff and his counsel will fairly and adequately represent and protect the interests of each member of the Class. The representative Plaintiff and the Class share common interests, and the representative Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation.

### 5. Rule 23(b)(3) Allegations

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, Class Members will continue to suffer damages, and will continue to be harmed by the failure of Defendants to provide adverse action notices as required by law. The violations of law by the Defendants will proceed without remedy while the Defendants continue to ignore their legal obligations under the law, and consumers will be left unaware of the violation of their rights on a daily basis.

///

33. Most individual Class Members have little ability to prosecute an individual action due to the complexity of the issues involved in this litigation, the significant costs attendant to litigation on this scale, and the comparatively small, although significant, damages suffered by individual Class members.

34. This action will result in an orderly and expeditious administration of Class claims. Economies of time, effort, and expense will be fostered and uniformity of decisions will be insured.

35. This action presents no difficulty that would impede its management by the Court as a class action. When the liability of Defendants has been adjudicated, the damages of each Class member can be administratively determined. In addition, a willful violation of the law may be remedied by the Court through imposition of a fine based upon each violation of the FCRA and ECOA. A class action is superior to other available methods for the fair and efficient adjudication of each class member's claim.

36. The questions of fact common to the claims of each member of the Class, relating to the uniform failure to provide notice to consumers by Defendants, predominate over any facts affecting only individual members of the Class. Individual reliance is not a requirement to establish liability under the FCRA or the ECOA.

37. The questions of law common to the claims of each member of the Class, relating to the adequacy of any notice provided by the Defendants, or the complete lack of any notification by them, predominate over any questions of law affecting only individual members of the Class.

### 6. Notice To The Class

38. Notice may be given by a combination of mailed and published notice, which notice is properly paid for by Defendants.

# FIRST CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT

39. Plaintiff realleges and incorporate herein the allegations of paragraphs 1 to 38.

40. The Defendants have a corporate policy and practice of using consumer reports in connection with the offering of credit terms to consumers.

41. When the Defendants determine that information contained in the consumer report of a consumer is derogatory based in whole or in part on the consumer's credit score or consumer information, Defendants have instituted a corporate policy of quoting the consumer terms less favorable than their best available terms.

42. The Defendants were users of consumer reports and took adverse action against the Plaintiff and other Class Members in quoting them less favorable final credit terms based in whole or in part on information contained in their consumer reports. The Defendants were obligated to provide an adverse action notice to Plaintiff and other Class Members pursuant to 15 U.S.C. § 1681m, and failed to do so in violation of the FCRA.

43. The Defendants have failed to institute reasonable procedures to ensure compliance with the requirements of the Fair Credit Reporting Act.

44. In taking adverse action based in whole or in part upon information contained in a consumer report, Ameriquest has willfully ignored the requirements of the FCRA, and has made a corporate decision to fail or refuse to provide adequate notice to such consumers of such adverse action. Instead, the Defendants have willfully chosen to attempt to place upon the consumer the burden of finding out whether adverse action has been taken, by whom, and the extent of their rights under the Fair Credit

1  Reporting Act. Additionally, the Defendants have failed to inform the Plaintiff
2  and other Class Members that they quoting terms other than the best
3  available credit terms based on their consumer reports.
4      45.   The actions of the Defendants constitute willful or negligent
5  noncompliance with the requirements of the FCRA. 15 U.S.C. § 1681n(a).
6      46.   Plaintiff and Class Members have suffered damages as a result
7  of Defendants' willful or negligent violation of the FCRA, including actual
8  damages or statutory damages, nominal damages, and punitive damages,
9  costs and their attorneys' fees herein.

## SECOND CAUSE OF ACTION
## EQUAL CREDIT OPPORTUNITY ACT

12     47.   Plaintiff realleges and incorporate herein the allegations of
13 paragraphs 1 to 38.
14     48.   In quoting Plaintiff and other Class Members credit terms based
15 in whole or in part on their consumer reports, the Defendants were users of
16 consumer reports and took adverse action against Plaintiff and other Class
17 Members. The Defendants were obligated to provide an adverse action
18 notice to Plaintiff and other Class Members pursuant to 15 U.S.C. § 1691,
19 and failed to do so in violation of ECOA.
20     49.   Defendants have not complied with the notification requirements
21 of ECOA, and has otherwise violated the Act.
22     50.   Defendants have failed to institute reasonable procedures to
23 ensure compliance with the requirements of the ECOA.
24     51.   The actions of the Defendants constitute willful or negligent
25 noncompliance with the requirements of ECOA.
26     52.   Plaintiff and Class Members have suffered damages as a result
27 of Defendants' negligent or willful violation of ECOA, including costs and
28 their attorneys' fees herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Defendants, as follows:

1. Certification of this action as a class action pursuant to Rule 23 and designation of Plaintiff as an adequate representative of the Class;

2. Awarding Plaintiff and other Class Members either (i) the actual damages sustained by such Plaintiff or members of the Class as a result of the Defendant's failure to comply with the FCRA and ECOA, (ii) damages within the Court's discretion of not more than $1,000 for each separate violation; together with punitive damages for the Defendant's willful violations of the FCRA; and (iii) ECOA punitive damages of $500,000 or 1% of the net worth of the Defendants;

3. Awarding Plaintiff and other Class Members the actual damages sustained by them as a result of the Defendant's negligent failure to comply with the FCRA and ECOA, including the lost value of the ability to receive a free copy of the consumer report used to underwrite the consumer's credit transaction;

4. Issuance of an in injunction ordering Defendants to provide to Plaintiff and Class Members the notifications required by law and ordering Defendants to establish and maintain appropriate procedures adequate to ensure compliance with the FCRA and ECOA;

5. Awarding Plaintiff reasonable attorneys' fees, prejudgment interest, and the costs and expenses incurred in this action, including experts' fees; and

6. Such other relief as may be appropriate under the circumstances.

///
///

## TRIAL BY JURY

Plaintiff demands trial by jury of all issues so triable in this action.

DATED: November 30, 2004         POST KIRBY NOONAN & SWEAT LLP

By: _____
Jonathan A. Boynton
Sarah Brite Evans

**JAMES, HOYER, NEWCOMER
& SMILJANICH, P.A.**
Terry A. Smiljanich
Kathleen Clark Knight

Douglas Bowdoin
**DOUGLAS BOWDOIN, P.A.**
Suite 800, Citrus Center
255 S. Orange Avenue
Orlando, FL 32801
Telephone (407) 422-0025
Facsimile (407) 843-2448

Laurence G. Tien
**THE TIEN LAW FIRM, L.L.P.**
10235 West Little York Rd., Ste 470
Houston, TX 77040
Telephone 713-937-0223
Facsimile 713-937-0220

**Attorneys for Plaintiffs**

PKNS\369559.1              -13-