REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS BORROWERS' COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

EXHIBIT 2.

CALIFORNIA LEGISLATURE—1970 REGULAR SESSION

# ASSEMBLY BILL No. 292

Introduced by Assemblyman Hayes

January 21, 1970

---

REFERRED TO COMMITTEE ON JUDICIARY

---

*An act to add Title 1.5 (commencing with Section 1750) to Part 4 of Division 3 of the Civil Code, relating to the Consumers Legal Remedies Act.*

*The people of the State of California do enact as follows:*

SECTION 1. Title 1.5 (commencing with Section 1750) is added to Part 4 of Division 3 of the Civil Code, to read:

## TITLE 1.5. CONSUMERS LEGAL REMEDIES ACT

### CHAPTER 1. GENERAL PROVISIONS

1750. This title may be cited as the Consumers Legal Remedies Act.

1751. Any waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void.

1752. The provisions of this title are not exclusive, and the remedies provided for in this title shall be in addition to any other remedies provided for in any other law.

1753. If any provision of this title or the application thereof to any person or circumstance is held to be unconstitutional, the remainder of the title and the application of such provision to other persons or circumstances shall not be affected thereby.

LEGISLATIVE COUNSEL'S DIGEST

AB 292, as introduced, Hayes (Jud.). Consumers Legal Remedies Act.

Adds Title 1.5 (commencing with Sec. 1750), Pt. 4, Div. 3, Civ.C.

Enacts Consumers Legal Remedies Act which provides specific legal remedies for consumers who suffer damage as a result of method, act, or practice declared to be unlawful by the act.

Vote—Majority; Appropriation—No; Fiscal Committee—No.

## Chapter 2. Construction and Definitions

1760. This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economic procedures to secure such protection.

1761. As used in this title:

(a) "Goods" means tangible chattels bought for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for such goods, and including goods which, at the time of the sale or subsequently, are to be so affixed to real property so as to become a part of such real property, whether or not severable therefrom.

(b) "Services" means work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods as defined in subdivision (a) of this section.

(c) "Person" means an individual, partnership, corporation, association, or other group, however organized.

(d) "Individual" does not include a partnership, corporation, association, or other group, however organized.

(e) "Consumer" means an individual who seeks or acquires, by purchase or lease, any goods, services, money, or credit for personal, family, or household purposes.

(f) "Transaction" means an agreement between a consumer and any other person, whether or not the agreement is a contract enforceable by action, and includes the making of, and the performance pursuant to, that agreement.

## Chapter 3. Deceptive Practices

1770. The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in the conduct of any trade or commerce are unlawful:

(a) Passing off goods or services as those of another.

(b) Causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

(c) Causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another.

(d) Using deceptive representations or designations of geographic origin in connection with goods or services.

(e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not have.

(f) Representing that goods are original or new if they have deteriorated unreasonably or are altered, reconditioned, reclaimed, used, or secondhand.

(g) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

(h) Disparaging the goods, services, or business of another by false or misleading representation of fact.

(i) Advertising goods or services with intent not to sell them as advertised.

(j) Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity.

(k) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions.

(*l*) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(m) Representing that a part, replacement, or repair service is needed when it is not.

(n) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

(o) Representing that the consumer will receive a rebate, discount, or other economic benefit as an inducement for entering into a transaction, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

(p) Causing likelihood of confusion or misunderstanding with respect to the authority of a salesman, representative, or agent to negotiate the final terms of a transaction with a consumer.

(q) Engaging in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

(r) Engaging in any act or practice which is unfair or deceptive to the consumer.

1771. In addition to any act or practice which is declared to be unlawful under Section 1770, an act or practice is unlawful if it is either of the following:

(a) Oppressive or otherwise unconscionable in any respect.

(b) Fails to comply with the Unruh Act (Chapter 1 (commencing with Section 1801) of Title 2 of Part 4 of Division 3 of this code), Rees-Levering Motor Vehicle Sales and Finance Act (Chapter 2b (commencing with Section 2981) of Title 14 of Division 3 of this code), Federal Trade Commission Act (38 Stat. 717, as amended), Consumer Credit Protection Act (82 Stat. 146), or any other consumer protection statute of this state or the federal government.

## Chapter 4. Remedies

1780. (a) Any consumer who obtains credit, or purchases or leases, or agrees to purchase or lease, goods or services primarily for personal, family, or household purposes, and who thereby suffers any damage as a result of the use or employ-

Case: 1:05-cv-07097 Document #: 393-4 Filed: 01/19/07 Page 5 of 6 PageID #:9475

ment by any person of a method, act, or practice declared to be unlawful by Section 1770 or 1771 may bring an action against such person in the county in which the person resides, has his principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred, to recover actual damages or $300, whichever is greater. In its discretion, the court may award punitive damages, issue an order enjoining such methods, acts, or practices, and may provide such equitable or other appropriate relief as it deems necessary.

1781. (a) Consumers entitled to bring an action under Section 1780 may, if the unlawful method, act, or practice has caused similar damage to other consumers similarly situated, bring an action on behalf of themselves and such other consumers to recover damages or obtain other relief as provided for in Section 1780.

(b) Notwithstanding the provisions of Section 382 of the Code of Civil Procedure, the court shall permit the suit to be maintained on behalf of all members of the represented class if all of the following conditions exist:

(1) The class is so numerous that it is impracticable to bring all members of the class before the court.

(2) The questions of law and fact common to the class are substantially similar and predominate over the questions affecting the individual members.

(3) The claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class.

(4) The representative plaintiffs will fairly and adequately protect the interests of the class.

(c) As soon as practicable after the commencement of a class action brought under this section, the court shall hold a preliminary hearing to determine whether such an action may properly be maintained. An order following such hearing may be conditional and may be modified thereafter.

(d) If the action is permitted as a class action, the court shall direct either party to serve upon each member of the class notice of the action, including personal notice to all members who can be identified through reasonable effort. The party required to serve notice shall, if it appears that all members of the class cannot be served personally, give notice as prescribed herein by publication in accordance with Section 6064 of the Government Code in a newspaper of general circulation in the county in which the transaction occurred. The notice shall state the following:

(1) The court will exclude the member notified from the class if he so requests by a specified date.

(2) The judgment, whether favorable or not, will include all members who do not request exclusion.

(3) Any member who does not request exclusion, may, if he desires, enter an appearance through counsel.

(e) A class action shall not be dismissed, settled, or compromised without the approval of the court, and notice of the

Case: 1:05-cv-07097 Document #: 393-4 Filed: 01/19/07 Page 6 of 6 PageID #:9476

proposed dismissal, settlement, or compromise shall be given in such manner as the court directs to each member who was personally served with notice pursuant to subdivision (d) of this section and did not request exclusion. The courts shall apportion the costs of such notices in such manner as it deems proper.

(f) The judgment in a class action shall describe those to whom the notice was directed and who have not requested exclusion and those the court finds to be members of the class. The best possible notice of the judgment shall be given in such manner as the court directs to each member who was personally served with notice pursuant to subdivision (d) of this section and did not request exclusion.

(g) A plaintiff who prevails in a class action under this section may be awarded reasonable attorney fees, to be specified in the judgment. A legal aid society or legal services program which represents a class may be awarded a reasonable sum in lieu of attorney fees.