REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS BORROWERS' COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

EXHIBIT 3.

AMENDED IN SENATE AUGUST 7, 1970
AMENDED IN SENATE JULY 10, 1970
AMENDED IN ASSEMBLY MAY 27, 1970
AMENDED IN ASSEMBLY MAY 22, 1970
AMENDED IN ASSEMBLY APRIL 16, 1970

CALIFORNIA LEGISLATURE—1970 REGULAR SESSION

# ASSEMBLY BILL  No. 292

Introduced by Assemblymen Hayes, Fenton, Foran, Karabian, Powers, Dent, Harvey Johnson, MacGillivray, Crandall, and Wood

January 21, 1970

REFERRED TO COMMITTEE ON JUDICIARY

*An act to add Title 1.5 (commencing with Section 1750) to Part 4 of Division 3 of the Civil Code, relating to the Consumers Legal Remedies Act.*

The people of the State of California do enact as follows:

1  SECTION 1. Title 1.5 (commencing with Section 1750) is
2  added to Part 4 of Division 3 of the Civil Code, to read:
3
4  TITLE 1.5.  CONSUMERS LEGAL REMEDIES ACT
5
6     CHAPTER 1. GENERAL PROVISIONS
7
8  1750. This title may be cited as the Consumers Legal Reme-
9  dies Act.
10  1751. Any waiver by a consumer of the provisions of this
11  title is contrary to public policy and shall be unenforceable
12  and void.

LEGISLATIVE COUNSEL'S DIGEST

AB 292, as amended, Hayes (Jud.). Consumers Legal Remedies Act.
Adds Title 1.5 (commencing with Sec. 1750), Pt. 4, Div. 3, Civ.C.
Enacts Consumers Legal Remedies Act which provides specific legal remedies for consumers who suffer damage as a result of method, act, or practice declared to be unlawful by the act.
Vote—Majority; Appropriation—No; Fiscal Committee—No.

1752. The provisions of this title are not exclusive, ~~and the remedies provided for in this title shall be in addition to~~ *The remedies provided for herein shall be in addition to* any other procedures or remedies provided for in any other law.

Nothing in this title shall limit any other statutory or any common law rights of the Attorney General or any other person to bring class actions. Class actions by consumers brought under the specific provisions of Chapter 3 (commencing with Section 1770) of this title shall be governed exclusively by the provisions of Chapter 4 (commencing with Section 1780).

1753. If any provision of this title or the application thereof to any person or circumstance is held to be unconstitutional, the remainder of the title and the application of such provision to other persons or circumstances shall not be affected thereby.

1754. The provisions ~~of the~~ *of this* title shall not apply to any transaction which provides for the construction, sale, or construction and sale of an entire residence or all or part of a structure designed for commercial or industrial occupancy, with or without a parcel of real property or an interest therein, or for the sale of a lot or parcel of real property, including any site preparation incidental to such sale.

1755. Nothing in this title shall apply to the owners or employees of any advertising medium, including, but not limited to, newspapers, magazines, broadcast stations, billboards and transit ads, by whom any advertisement in violation of this title is published or disseminated, unless it is established that such owners or employees had knowledge of the deceptive methods, acts or practices declared to be unlawful by Section 1770.

1756. The substantive and procedural provisions of this title shall only apply to actions filed on or after January 1, 1971.

CHAPTER 2. CONSTRUCTION AND DEFINITIONS

1760. This title shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

1761. As used in this title:

(a) "Goods" means tangible chattels bought for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for such goods, and including goods which, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of such real property, whether or not severable therefrom.

(b) "Services" means work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods.

(c) "Person" means an individual, partnership, corporation, association, or other group, however organized.

t exclusive, and
be in addition to
n addition to any
any other law.
statutory or any
al or any other
s by consumers
ter 3 (commenc-
governed exclu-
encing with Sec-

plication thereof
unconstitutional,
of such provision
affected thereby.
all not apply to
truction, sale, or
all or part of a
trial occupancy,
interest therein,
perty, including

the owners or
luding, but not
st stations, bill-
sement in viola-
, unless it is es-
d knowledge of
ed to be unlaw-

ovisions of this
fter January 1,

NITIONS

ed and applied
to protect con-
practices and to
to secure such

ht for use pri-
oses, including
goods, and in
r subsequently
come a part of
therefrom.
vices for other
vices furnished

rship, corpora-
nized.

1  (d) "Consumer" means an individual who seeks or ac-
2  quires, by purchase or lease, any goods, services, money, or
3  credit or services for personal, family, or household purposes.
4  (e) "Transaction" means an agreement between a consumer
5  and any other person, whether or not the agreement is a con-
6  tract enforceable by action, and includes the making of, and
7  the performance pursuant to, that agreement.

CHAPTER 3.  DECEPTIVE PRACTICES

11  1770. The following unfair methods of competition and un-
12  fair or deceptive acts or practices undertaken by any person
13  in a transaction intended to result or which results in the sale
14  or lease of goods or services to any consumer are unlawful:
15  (a) Passing off goods or services as those of another.
16  (b) Misrepresenting the source, sponsorship, approval, or
17  certification of goods or services.
18  (c) Misrepresenting the affiliation, connection, or association
19  with, or certification by, another.
20  (d) Using deceptive representations or designations of geo-
21  graphic origin in connection with goods or services.
22  (e) Representing that goods or services have sponsorship,
23  approval, characteristics, ingredients, uses, benefits, or quan-
24  tities which they do not have or that a person has a sponsor-
25  ship, approval, status, affiliation, or connection which he does
26  not have.
27  (f) Representing that goods are original or new if they
28  have deteriorated unreasonably or are altered, reconditioned,
29  reclaimed, used, or secondhand.
30  (g) Representing that goods or services are of a particular
31  standard, quality, or grade, or that goods are of a particular
32  style or model, if they are of another.
33  (h) Disparaging the goods, services, or business of another
34  by false or misleading representation of fact.
35  (i) Advertising goods or services with intent not to sell them
36  as advertised.
37  (j) Advertising goods or services with intent not to supply
38  reasonably expectable demand, unless the advertisement dis-
39  closes a limitation of quantity.
40  (k) Making false or misleading statements of fact concern-
41  ing reasons for, existence of, or amounts of price reductions.
42  (*l*) Representing that a transaction confers or involves
43  rights, remedies, or obligations which it does not have or in-
44  volve, or which are prohibited by law.
45  (m) Representing that a part, replacement, or repair serv-
46  ice is needed when it is not.
47  (n) Representing that the subject of a transaction has been
48  supplied in accordance with a previous representation when
49  it has not.
50  (o) Representing that the consumer will receive a rebate,
51  discount, or other economic benefit, if the earning of the bene-

Case: 1:05-cv-07097 Document #: 393-5 Filed: 11/19/07 Page 5 of 8 PageID #:9071

AB 292 —4—

fit is contingent on an event to occur subsequent to the consummation of the transaction.

(p) Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a transaction with a consumer.

CHAPTER 4. REMEDIES AND PROCEDURES

1780. ~~Any~~ *(a) Any* consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action ~~against such person in the county in which the person resides, has his principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred, to recover or obtain any of the following:~~ *against such person to recover or obtain any of the following:*

~~(a) Actual damages, but in no case shall an award of dam-~~

*(1) Actual damages*, but in no case shall the total award of damages in a class action be less than three hundred dollars ($300).

~~(b)~~

*(2) An order enjoining such methods, acts, or practices.*

~~(c)~~

*(3) Punitive damages.*

~~(d)~~

*(4) Any other relief which the court deems proper.*

*(b) Such action may be commenced in the county in which the person against whom it is brought resides, has his principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred.*

*If within any such county there is a municipal or justice court, having jurisdiction of the subject matter, established in the city and county or judicial district in which the person against whom the action is brought resides, has his principal place of business, or is doing business, or in which the transaction or any substantial portion thereof occurred, then such court is the proper court for the trial of such action. Otherwise, any muncipal or justice court in such county having jurisdiction of the subject matter is the proper court for the trial thereof.*

*In any action subject to the provisions of this section, concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county or judicial district described in this section as a proper place for the trial of the action. If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss any such action without prejudice.*

1781. *(a) Any* consumer entitled to bring an action under Section 1780 may, if the unlawful method, act, or practice has caused damage to other consumers similarly situated,

```
 1  bring an action on behalf of himself and such other consum-
 2  ers to recover damages or obtain other relief as provided for
 3  in Section 1780.
 4    (b) The court shall permit the suit to be maintained on
 5  behalf of all members of the represented class if all of the
 6  following conditions exist:
 7    (1) It is impracticable to bring all members of the class
 8  before the court.
 9    (2) The questions of law and fact common to the class are
10  substantially similar and predominate over the questions af-
11  fecting the individual members.
12    (3) The claims or defenses of the representative plaintiffs
13  are typical of the claims or defenses of the class.
14    (4) The representative plaintiffs will fairly and adequately
15  protect the interests of the class.
16    (c) If notice of the time and place of the hearing is served
17  upon the other parties at least 10 days prior thereto, the court
18  shall hold a hearing, upon motion of any party to the action
19  which is supported by affidavit of any person or persons hav-
20  ing knowledge of the facts, to determine if any of the follow-
21  ing apply to the action:
22    (1) A class action pursuant to subdivision (b) is proper.
23    (2) Published notice pursuant to subdivision (d) is neces-
24  sary to adjudicate the claims of the class.
25    (3) The action is without merit or there is no defense to
26  the action.
27    A motion based upon Section 437c of the Code of Civil Pro-
28  cedure shall not be granted in any action commenced as a
29  class action pursuant to subdivision (a).
30    (d) If the action is permitted as a class action, the court
31  may direct either party to notify each member of the class
32  of the action. The party required to serve notice may, with
33  the consent of the court, if personal notification is unreason-
34  ably expensive or it appears that all members of the class
35  cannot be notified personally, give notice as prescribed herein
36  by publication in accordance with Section 6064 of the Govern-
37  ment Code in a newspaper of general circulation in the county
38  in which the transaction occurred.
39    (e) The notice required by subdivision (d) shall state in-
40  clude the following:
41    (1) The court will exclude the member notified from the
42  class if he so requests by a specified date.
43    (2) The judgment, whether favorable or not, will include
44  all members who do not request exclusion.
45    (3) Any member who does not request exclusion, may, if
46  he desires, enter an appearance through counsel.
47    (f) A class action shall not be dismissed, settled, or com-
48  promised without the approval of the court, and notice of the
49  proposed dismissal, settlement, or compromise shall be given in
50  such manner as the court directs to each member who was
51  given notice pursuant to subdivision (d) and did not request
52  exclusion.
```

1  (g) The judgment in a class action shall describe those to whom the notice was directed and who have not requested exclusion and those the court finds to be members of the class. The best possible notice of the judgment shall be given in such manner as the court directs to each member who was personally served with notice pursuant to subdivision (d) and did not request exclusion.

1782. (a) Thirty days or more prior to the commencement of an action for damages pursuant to the provisions of this title, the consumer shall do the following:

(1) Notify the person alleged to have employed or committed methods, acts or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.

(2) Demand that such person correct, repair, replace or otherwise rectify the goods or services alleged to be in violation of Section 1770.

Such notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred, such person's principal place of business within California, or, if neither will effect actual notice, the office of the Secretary of State of California.

(b) Except as provided in subdivision (c), no action for damages may be maintained under the provisions of Section 1780 if an appropriate correction, repair, replacement or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of such notice.

(c) No action for damages may be maintained under the provisions of Section 1781 upon a showing by a person alleged to have employed or committed methods, acts or practices declared unlawful by Section 1770 that all of the following exist:

(1) All consumers similarly situated have been identified, or a reasonable effort to identify such other consumers has been made.

(2) All consumers so identified have been notified that upon their request such person shall make the appropriate correction, repair, replacement or other remedy of the goods and services.

(3) The correction, repair, replacement or other remedy requested by such consumers has been, or, in a reasonable time, shall be, given.

~~(4) Such person has ceased, or if immediate cessation is impossible or unreasonably expensive under the circumstances, will, within a reasonable time, cease, to engage in such methods, acts or practices.~~

*(4) Such person has ceased from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, such person will, within a reasonable time, cease to engage, in such methods, act, or practices.*

(d) An action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with the provisions of subdivision (a). Not less than

scribe those to
requested ex-
s of the class.
l be given in
who was per-
ision (d) and

ommencement
risions of this

oyed or com-
iwful by Sec-
Section 1770.
ir, replace or
o be in viola-

it by certified
to the place
rincipal place
effect actual
lifornia.

no action for
as of Section
ment or other
a reasonable
eipt of such

ed under the
erson alleged
practices de-
lowing exist:
en identified,
onsumers has

ed that upon
oriate correc-
e goods and

r remedy re-
sonable time,

cessation is
rcumstances,
ige in such

if immediate
e under the
onable time,

under the
aced without
Not less than

---

30 days after the commencement of an action for injunctive relief, and after compliance with the provisions of subdivision (a), the consumer may amend his complaint without leave of court to include a request for damages. The appropriate provisions of subdivision (b) or (c) shall be applicable if the complaint for injunctive relief is amended to request damages.

(e) Attempts to comply with the provisions of this section by a person receiving a demand shall be construed to be an offer to compromise and shall be inadmissible as evidence pursuant to Section 1152 of the Evidence Code; furthermore, such attempts to comply with a demand shall not be considered an admission of engaging in an act or practice declared unlawful by Section 1770. Evidence of compliance or attempts to comply with the provisions of this section may be introduced by a defendant for the purpose of establishing good faith or to show compliance with the provisions of this section.

~~1783. A party who prevails in an action under this title may be awarded reasonable attorney fees, to be specified in the judgment. A legal aid society or legal services program which represents a consumer who prevails in an action under this title may be awarded a reasonable sum in lieu of attorney fees.~~

~~1784~~

1783. (a) Any action brought under the specific provisions of Section 1770 shall be commenced not more than ~~one year~~ *three years* from the date of the commission of such method, act, or ~~practice or one year from the date the plaintiff knew or reasonably should have known of the commission of such method, act, or practice, whichever occurs later.~~ *practice*.

(b) No person shall be a member of a class for which an action is commenced under Section 1781 unless such person shall have been involved in a transaction declared to be unlawful by Section 1770 within two years prior to the commencement of the action.

~~1785. In any action based on a method, act, or practice declared to be unlawful by Section 1770, and not requiring intent as an element thereof, the court shall consider in mitigation of damages that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.~~

*1784. No award of damages may be given in any action based on a method, act, or practice declared to be unlawful by Section 1770 if the person alleged to have employed or committed such method, act, or practice (a) proves by a preponderance of the evidence that such violation was not intentional and resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error and (b) makes an appropriate correction, repair or replacement or other remedy of the goods and services according to the provisions of subdivisions (b) and (c) of Section 1782.*

O