**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: THE BORROWERS' CONSOLIDATED CLASS ACTION COMPLAINT [DOCKET NO. 325] | |

**JOINDER IN DEFENDANTS' MOTION TO DISMISS BORROWERS' COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant Argent Mortgage Company, LLC ("Argent") hereby joins in the Motion to Dismiss Borrowers' Complaint or, In the Alternative, for A More Definite Statement (the "Motion") filed by defendants Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc. In addition to the arguments advanced in the Motion, Argent states as follows:

In the Borrowers' Consolidated Class Action Complaint (the "Complaint") [Docket No. 325], plaintiffs (collectively, the "Borrower Plaintiffs") seek to hold defendants liable for supposed violations of law in connection with the origination and servicing of loans. (*See*, *e.g.*, Complaint, ¶¶ 2-10, 92-122.) Indeed, the Complaint is brought by two putative nationwide classes of persons: the "Origination Class" and the "Servicing Class." (*Id.*, ¶¶ 179-187, 224-

231.) The claims of the Origination Class arise primarily out of the negotiations of loan terms between the lender and Borrower Plaintiffs, and the events that occurred at the loan closings. (*See id.*, ¶¶ 92-117.) The claims of the Servicing Class arise out of the post-funding handling of Borrower Plaintiffs' efforts to repay, or failure to repay, the subject loan. (*See id.*, ¶¶ 118-122.)

Argent, however, is a wholesale mortgage lender. By definition, a wholesale lender has no involvement in the negotiation of loan terms, or the loan closing. Argent likewise has no involvement in collecting loan payments or otherwise servicing loans. Instead, Argent's involvement in the loan process is limited to funding loans originated by independent mortgage brokers, who are responsible for ensuring that the origination process is effectuated in compliance with all aspects of applicable law.

Therefore, allegations related to the Origination Class, including that defendants "systematically failed to provide the disclosures required by law" (Complaint, ¶ 185), cannot stand against Argent. Nor can Argent be said to have made misrepresentations or engaged in "bait and switch" tactics with respect to loan terms offered to borrowers because Argent has no contact with borrowers. (*See id.*) Additionally, allegations relating to the Servicing Class, including that defendants "assess[ed] improper late fees" and "illegally charged customers for force-placed insurance" (Complaint, ¶ 231), cannot be applied to Argent.

Finally, Borrower Plaintiffs do not allege that Argent is somehow secondarily liable for the conduct of the independent brokers who originated the loans at issue—nor can they effectively amend their Complaint to allege that.[1] A mortgage broker is the agent of the ***borrower***, and not the lender. *See*, *e.g.*, *Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773, 782 (1979) (applying California law); *McGlawn v. Pennsylvania Human Relations Comm'n*, 891 A.2d 757,

---

[1] As fully detailed in the Motion, the Complaint does not contain any facts, let alone the specific factual allegations necessary, to support claims against Argent.

2

769 (Pa. Commw. Ct. 2006); *see also*, *e.g.*, *Nave v. Life Bank*, 334 B.R. 586, 592-93 (Bankr. M.D. Tenn. 2005) (policy considerations necessitate determination that mortgage brokers are not agent of lender because many mortgage brokers broker loans for more than one lender). There is no equivalent relationship between a mortgage broker and a lender. To the contrary, lenders stand at arm's length with brokers, who evaluate products offered by various wholesale lenders on behalf of their clients, the borrowers. Once a borrower's needs are determined, "[a] broker selects a loan product from among the various loans offered by the lending institutions with which it maintains a relationship." *Schuetz v. Banc One Mortgage Corp.*, 292 F.3d 1004, 1007 (9th Cir. 2002). None of the characteristics that define the relationship between a broker and borrower, and that give rise to the statutory and common law duties between them, exist in the lender-broker relationship.

The lack of a principal-agent relationship between lender and broker precludes Borrower Plaintiffs from successfully alleging any claims against Argent. Borrower Plaintiffs' claims against Argent therefore should be dismissed with prejudice.

                                              Respectfully submitted,

DATED: January 19, 2007            By:/s/ Thomas J. Wiegand

                                              *Attorneys for Argent Mortgage Company, LLC*

                                              Thomas J. Wiegand, Esq.
                                              WINSTON & STRAWN LLP
                                              35 W. Wacker Drive
                                              Chicago, IL 60601-9703

**CERTIFICATE OF SERVICE**

  I, Thomas J. Wiegand, hereby certify that on this 19th day of January 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                By: /s/ Thomas J. Wiegand