IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION  ) ) ) ) ) ) ) THIS DOCUMENT RELATES TO ALL ) ACTIONS ) ) ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before Judge Marvin E. Aspen |

| | |
|---|---|
| JACQUELINE BUCKNER, ) )  Plaintiff, ) )  v. ) ) AMERIQUEST MORTGAGE COMPANY, ) AMERIQUEST MORTGAGE SECURITIES, ) INC., AMC MORTGAGE SERVICES, ) INC., and DOES 1-5, ) ) ) ) )  Defendants. ) | 05 C 6808<br><br>Judge Gottschall<br><br><br>Magistrate Judge Schenkier<br><br>(Reassigned to Judge Aspen for pretrial proceedings) |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

Plaintiff Jacqueline Buckner hereby respectfully moves this Court, pursuant Fed. R. Civ. Pro. 15(a), for leave to file an Amended Complaint in this action. A copy of Ms. Buckner's proposed Amended Complaint is attached hereto as Appendix A. In support of her motion, Ms. Buckner states as follows:

1

1.  Ms. Buckner filed this action against defendant Ameriquest Mortgage Company and affiliates to rescind her June 23, 2006 mortgage loan for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226.

2.  Ms. Buckner's proposed amended complaint seeks to add new facts, claims and defendants and alleges that Ameriquest and other defendants engaged in a scheme to fraudulently inflate the value of plaintiff's home in connection with Ameriquest's loan to plaintiff. Defendants inflated the appraised value in order to make the loan and increase their own profits. (Appendix A, ¶¶16, 21-32).

3.  The scheme was concealed from plaintiff until July, 2006, as explained below and in the proposed amended complaint. (Id.). Further, between April 24 and December 22, 2006, this Court had a litigation stay in effect that applied to routine motion practice as well as discovery. Plaintiff could not have filed this motion before now.

4.  At the time of closing and, then, of filing suit, plaintiff did not know and could not have known that Ameriquest and other defendants inflated the appraised value of her home. In fact, she did not discover the appraisal fraud until July, 2006, when she attempted to refinance out of her Ameriquest loan, as set forth below and in Appendix A. At her closing, Ameriquest did not provide her with a copy of the appraisal report. Indeed, the appraisal report she obtained much later shows that appraisal itself was not conducted until June 28, 2004 - five days after the Ameriquest closing! (See Exhibit F to Appendix A). The report itself is dated and signed June 30, 2006, five days after the Ameriquest closing! (Id.). The loan application the Ameriquest employee, Mr. Clay, prepared for plaintiff's signature on June 24, 2004, before he

had the results of the appraisal, shows the value of plaintiff's real property at $115,000, just $2,000 less than the actual results of the appraisal conducted several days later. (<u>Exhibit G</u> to <u>Appendix A</u>). These facts clearly suggest that defendants conspired to pre-determine the value of the property that would be necessary to support the intended loan amount <u>before</u> the actual appraisal was performed.

      5.    Neither plaintiff nor her attorneys ever saw a copy of the appraisal report until defendant Ameriquest made its 26(a)(1) disclosures on March 10, 2006, and produced the report as part of the Ameriquest loan file. <u>Exhibit F</u> to <u>Appendix A</u> contains a copy of the appraisal report Ameriquest produced.

      6.    At the time of closing, Ms. Buckner had no reason to know or suspect at that time that the appraisal might be inflated. She will testify that Mr. Clay, the Ameriquest employee with whom she dealt at all times, never mentioned anything at all about the results of the appraisal.

      7.    Plaintiff filed this action December 1, 2005.

      8.    Then, in July, 2006, plaintiff decided to refinance her Ameriquest loan because the adjustable interest rate attached to Ameriquest's loan had just adjusted upwards dramatically. (<u>Appendix A</u>, ¶¶ 28, 30). In July, 2006, it increased by 2% - to 9.99%. Plaintiff applied with three companies and was rejected by all three. All three stated that the reason for the rejection was that Ameriquest inflated the appraised value so much that any refinance of her current indebtedness would exceed the actual value of her home.

      9.    This was the first time plaintiff discovered there was any problem with Ameriquest's appraisal. (<u>Appendix A</u>, ¶ 30).

3

10. Discovery in this case is at the earliest stages, due to the stay imposed by the Court and lifted only recently. Further, there was little discovery in the case prior to the effective date of the stay. The parties' first written discovery requests were exchanged in early February, 2006. Some, but not all, of the responses to written discovery were provided in late March, 2006. Written discovery is, thus, far from complete. No depositions have been taken. Therefore, this motion will not significantly delay discovery or any final disposition in this case.

11. Plaintiffs' proposed allegations would require some expert discovery - to give an opinion as to the actual, market value of plaintiff's home in June, 2004 and as to how much Ameriquest's appraisal was fraudulently inflated. This Court has set a June, 2007, deadline for the disclosure of experts. If this motion were granted, plaintiff would still be able to meet that deadline easily.

12. The minor, proposed changes would not cause any prejudice to any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

13. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a

complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiff respectfully requests that this Court enter an Order granting her leave to file the proposed Amended Complaint, a copy of which is attached as Appendix A, and to grant any further or other relief that the Court deems just.

Respectfully submitted,

s/Al Hofeld, Jr.
Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS
     & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)