**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: *HOWARD, et al. v. AMERIQUEST MORTGAGE CO., et al.*, Case No. 1:07-cv-0095 | |

**DECLARATION OF BERNARD E. LESAGE IN SUPPORT OF JOINT MOTION FOR REASSIGNMENT**

I, Bernard E. LeSage, declare as follows:

1.      I am a shareholder of the law firm of Buchalter Nemer, a Professional Corporation, counsel for defendants Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc. (collectively, "Defendants") in this multidistrict litigation proceeding ("Proceeding"). I make this Declaration in support of the parties' Joint Motion for Reassignment. Except where stated on information and belief, I know the following to be true of my own personal knowledge, and if called upon to testify, I could and would competently testify to the truth of the matters stated herein.

2.      At my direction, associates and paralegals of Buchalter Nemer reviewed, among other things, the following documents: the operative underlying complaints in all of the cases presently in this Proceeding, and the Borrowers' Consolidated Class Action Complaint ("Borrowers' Complaint") [Docket No. 325] . There are more than 150 actions, including the Borrowers' Complaint, in this Proceeding that involve allegation that Defendants violated the

1

Truth-in-Lending Act, 15 U.S.C. section 1601, *et seq.* by failing to provide borrowers with proper notice of their rescission rights.

      3.      These same allegations are made in the complaint in *Howard et. al., v. Ameriquest Mortgage Company et. al.*, Case No. 1:07-cv-0095 (Der-Yeghiayan, J.), a true and correct of which is attached as Exhibit 1 to this Declaration.

      I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed this 23rd day of January 2007 at Los Angeles, California.

By: /s/  Bernard E. LeSage_____

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 23rd day of January 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage

3

EXHIBIT 1



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

GORDON R. HOWARD and
NOLA R. HOWARD,

Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY and
DEUTSCHE BANK NATIONAL TRUST CO., as
Trustee of Ameriquest Securities, Inc., Asset Backed)
Pass-Through Certificates, Series 2004-R2 under the)
Pooling and Servicing Agreement dated as of March)
1, 2004,

Defendants.

**07CV0095**
**JUDGE DER-YEGHIAYAN**
**MAG.JUDGE NOLAN**

JURY DEMANDED

**FILED**

JAN - 8 2007 *Γ*0
JAN 8, 2007
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

## COMPLAINT

### MATTERS COMMON TO MULTIPLE CLAIMS

#### INTRODUCTION

1.    Plaintiffs, Gordon R. Howard and Nola R. Howard, bring this action against

mortgage lender Ameriquest Mortgage to secure redress from predatory and fraudulent lending

practices. Plaintiffs seek to rescind a residential mortgage loan for violation of the Truth in Lending

Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12

C.F.R. part 226.

#### JURISDICTION

2.    This Court has jurisdiction under 28 U.S.C. §1331 (general federal question),

15 U.S.C. §1640 (TILA) and 28 U.S.C. §1367 (supplemental jurisdiction). Venue in this District is

proper because defendant transacts business here.

#### PARTIES

3.    Plaintiffs, Gordon R. Howard and Nola R. Howard are husband and wife who

3.    Plaintiffs, Gordon R. Howard and Nola R. Howard are husband and wife who reside in their home in Port Byron, Illinois.

4.    Defendant Ameriquest Mortgage Company ("Ameriquest") is a national lender located in California. Its registered agent is National Registered Agents Inc. located at 200 W. Adams, Chicago, Illinois.

5.    Ameriquest is a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

6.    Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities, Inc., Asset Backed Pass-Through Certificates, Series 2004-R2 under the Pooling and Servicing Agreement dated as of March 1, 2004 is the current owner or trustee who has filed a foreclosure action against plaintiff. It is a necessary party to the claim for rescission.

## FACTS RELATING TO PLAINTIFFS' LOAN

7.    On January 27, 2004, plaintiffs obtained a $70,000 refinance loan from Ameriquest.

8.    The loan had an adjustable interest rate of 10.250 %.

9.    On January 27, 2004, Ameriquest Mortgage provided plaintiff with a Notice of Right to Cancel and a One Week Cancellation Period form.

10.    The Notice of Right to Cancel stated that the loan can be cancelled within three (3) business days from whichever of the following events occurs last: (1) The date of the transaction, (2) the date you receive your Truth In Lending disclosures or (3) the date you receive this notice of your right to cancel.

11.    This Notice of the Right to Cancel was not filled out and did not contain the

2

date by which plaintiffs had to cancel the loan.

12.    The One Week Cancellation Period form provided a one week in which to

cancel the loan.

## COUNT I- TILA RESCISSION

13.    Plaintiffs incorporate ¶¶1-12.

14.    Because the transaction was secured by plaintiffs' home, and was not entered

into for purposes of the initial acquisition or construction of that home, it was subject to the right to

cancel provided by TILA, 15 U.S.C. §1635, and implementing Federal Reserve Board Regulation

Z, 12 C.F.R. §226.23.

15.    Section 226.23 provides:

**(a) Consumer's right to rescind.**

> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

3

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

16. Because Ameriquest failed to comply with Section 226.23 , plaintiffs have a continuing right to rescind.

17. Defendant's practice of providing its disclosure of One Week Cancellation Period form, when offered in conjunction with the Notice of Right to Cancel form, violates TILA's requirement that the creditor clearly and conspicuously disclose the borrower's absolute right to cancel the transaction within three business days.

18. A consumer who relies on the Once Week form instead of the three business

4

19. Plaintiffs have a continuing right to rescind as Ameriquest did not clearly and conspicuously disclose the borrower's absolute right to cancel the transaction within three business days.

20. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against Ameriquest for:

      a.     Rescission of the 2004 Ameriquest loan

      b.     Statutory damages for the disclosure violation

      c.     Attorney's fees, litigation expenses and costs.

      d.     Such other or further relief as the Court deems appropriate.

Respectfully submitted,
Plaintiffs

By: _____
Their Attorney

Keith J. Keogh
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St., Ste. 2000
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

**JURY DEMAND**
Plaintiff demands trial by jury.

_____

5