## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead case No. 05-7097 |
| | |
| THIS DOCUMENT RELATES TO:<br>*BALL-DANIEL v. ARGENT MORTGAGE COMPANY, et al.*, Case No. 06-6602;, *COOPER, et al., v. AMERIQUEST MORTGAGE COMPANY, et al.,* Case No. 06-6604; *FULLER, et al., v. AMERIQUEST MORTGAGE COMPANY, et al.,* Case No. 07-0291; *GREEN et al., v. AMERIQUEST MORTGAGE COMPANY, et al.,* Case No. 06-6945; *HALL v. AMERIQUEST MORTGAGE COMPANY, et al.,* Case No. 06-6607; *HARRISON v. AMERIQUEST MORTGAGE COMPANY, et al.,* Case No. 06-6947; *JOYNER, et al., v. AMERIQUEST MORTGAGE COMPANY, et al.,* Case No. 06-6784; *MALDONADO, et al., v. AMERIQUEST MORTGAGE COMPANY, et al.,* Case No. 06-6609; *MULLER, et al., v. AMERIQUEST MORTGAGE COMPANY, et al.,* Case No. 06-6946; *O'MALLEY v. AMERIQUEST MORTGAGE COMPANY, et al.,* Case No. 06-6373; *O'NEIL, et al., v. ARGENT MORTGAGE COMPANY, LLC, et al.,* Case No. 06-6375; *SCOTT, et al., v. AMERIQUEST MORTGAGE COMPANY, et al.,* Case No. 06-6786; *SHIELDS v. AMERIQUEST MORTGAGE COMPANY, et al.,* Case No. 06-6787 | Centralized before the Honorable Marvin E. Aspen |

## PLAINTIFFS' MOTION FOR REASSIGNMENT OF RELATED CASES

### I.      INTRODUCTION

Pursuant to LR40.4(c), plaintiffs in the twelve actions listed below respectfully move this

Court for an Order (1) finding their cases related to earlier-filed cases currently pending within

Ameriquest MDL proceeding; and (2) reassigning these related actions to the Honorable Judge

Marvin E. Aspen:[1]

>     *Ball-Daniel v. Argent Mortgage Company, et al.,* Case No. 06-6602 (Nordberg, J.)
>
>     *Cooper, et al., v. Ameriquest Mortgage Company, et al.,* Case No. 06-6604 (Manning, J.)
>
>     *Fuller, et al., v. Ameriquest Mortgage Company, et al.,* Case No. 07-0291 (Shadur, J.)
>
>     *Green, et al., v. Ameriquest Mortgage Company, et al.,* Case No. 06-6945 (Andersen, J.)
>
>     *Hall v. Ameriquest Mortgage Company, et al.,* Case No. 06-6607 (Gettleman, J.)
>
>     *Harrison v. Ameriquest Mortgage Company,* Case. No. 06-6947 (Shadur, J.)
>
>     *Joyner, et al., v. Ameriquest Mortgage Company,* Case No. 06-6784 (Bucklo, J.)
>
>     *Maldonado, et al., v. Ameriquest Mortgage Company,* Case No. 06-6609 (Filip, J.)
>
>     *Muller, et al., v. Ameriquest Mortgage Company,* Case No. 06-6946 (Bucklo, J.)
>
>     *O'Malley v. Ameriquest Mortgage Company,* Case No. 06-6373 (Darrah, J.)
>
>     *O'Neil, et al., v. Argent Mortgage Company, LLC, et al.,* Case No.06-6375(Gottschall, J.)
>
>     *Scott, et al., v. Ameriquest Mortgage Company, et al.,* Case No. 06-6786 (Pallmeyer, J.)
>
>     *Shields v. Ameriquest Mortgage Company, et al.,* Case No. 06-6787 (Der-Yeghiayan, J.)

## II.    ARGUMENT

The cases listed above similar to each other as well as well as to cases now pending

before this Court in that they (1) seek TILA rescission and damages based on alleged TILA

disclosure violations and (2) allege bait-and-switch practices and/or other abusive lending

practices by Ameriquest and/or Argent.  To have a case reassigned based on relatedness; the

movant must satisfy both Local Rule 40.4(a) and (b).  <u>Donahue v. Elgin Riverboat Resort</u>, 2004

U.S. Dist. LEXIS 19362, *4 (Guzman, J).

---

[1] Copies of the operative complaints in the Actions are attached as <u>Exhibits 1-13</u>, respectively.

2

All of the conditions for reassignment of the above cases under Local Rule 40.4(a) are satisfied here.  Local Rule 40.4(a) provides that cases are "related" if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same.  Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related."  Fairbanks Capital Corp. v. Jenkins, 2002 U.S. Dist. LEXIS 26297, *7 (Kennelly, J.).  Rather, it is enough that the two cases "involve *some* of the same issues of fact or law."  Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc., 2003 U.S. Dist. LEXIS 7466, *3, (Guzman, J.).

Also, Ameriquest or its affiliates are the primary defendants in all cases, and the same law firms represent these parties.  For these reasons, the Court should find the actions listed above related to the cases already transferred to the MDL.  See Murry v. America's Mortgage Banc, Inc., 2004 U.S. Dist. LEXIS 3148, *6 (Guzman, J.)  (holding that "any resolution … will necessarily require a determination of the legality of the same defendants' actions under the same statutes and regulations").  Clearly, these cases have multiple legal and factual issues in common which is more than is required for a finding of relatedness.

All of the above listed cases also satisfy the conditions for reassignment under Local Rule 40.4(b).  Under Local Rule 40.4(b) the case or cases may be reassigned to the calendar of a judge with an earlier-numbered case if all of the following criteria are met:  (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.  Murry, 2004 U.S. Dist. LEXIS 3148, *5; LR40.2(b).  On a motion for reassignment, the movants are

obligated to specifically articulate reasons why each of four conditions for reassignment under LR40.4(b) are met. <u>Lawrence E. Jaffe Pension Plan</u>, 2003 U.S. Dist. LEXIS 7466, *10-11.

In this instance, each of the four criteria is clearly met. First, all cases are currently pending in the Northern District of Illinois. Second, the handling of all cases by the same judge will result in a very substantial saving of judicial time and effort since all of the above cases have similar legal and factual issues. Reassignment will mean that only one judge, rather then several judges in this District will have to rule on the same legal issues. This magnitude of savings of judicial time and effort is more than sufficient to meet the LR40.4(b) standard. See <u>Murry</u>, 2004 U.S. Dist. LEXIS 3148,*7 (With the reassignment… only one judge will need to rule on the dispositive motions filed by defendants")

Third, none of the cases in the MDL proceeding have progressed to the point where the reassignment of these cases identified herein would cause any delay in the MDL cases. Despite the earlier filing dates of the MDL cases, management issues have prevented the cases from progressing and are just getting underway. No significant discovery has yet occurred. Also, since all of the above cases are individual actions, discovery in the actions plaintiffs now seek to reassign will be completed in a short period of time. Therefore, no significant delay would be caused to any case. <u>Murry</u>, 2004 U.S. Dist. LEXIS 3148, *7 (motion granted where the lowest-numbered case "is still in the preliminary stages, and discovery has just begun"); <u>Fairbanks Capital</u>, 2002 U.S. Dist. LEXIS 26297, *8 ("the first of the cases to be filed…had not progressed all that far: the Court has ruled on a motion to dismiss the counterclaim, and discovery has just gotten started").

Fourth, all cases are susceptible of disposition in a single proceeding. This criterion is met if the issues of both law <u>and</u> fact are the same in the related cases. <u>Lawrence E. Jaffe Pension Plan</u>, 2003 U.S. Dist. LEXIS 7466, *8. As explained above, this is the situation here.

4

Further, judges of this District have allowed reassignment of cases that have some individual factual issues along with some common issues law or fact. Fairbanks Capital Corp., 2002 U.S. Dist. LEXIS 26297, *7, *11, n.1 ("The Rule does not require complete identity of issues in order for cases to be considered related" and "[t]he presence of the HOEPA claim [in addition of the TILA rescission claim] thus does not suggest that the cases are not susceptible of being determined in a single proceeding); Applied Web Systems, Inc. v. Catalytic Combustion Corp., 1991 U.S. Dist. LEXIS 5696, *5-6 (Alesia, J.)("The complaints filed…are virtually identical and [defendant's] defenses in both cases are identical. …The only difference between [the two cases] is that each involves a different …customer. ….Although his case contains one additional count which is not included in the [other] case, both cases unquestionably will share common issues of law and fact").

### III.     OTHER CONSIDERATIONS SUPPORTING REASSIGNMENT OF LISTED CASES

Reassignment will also help ensure uniformity in the administration of justice in all cases. Fairbanks Capital, 2002 U.S. Dist. LEXIS at 26297, *7 ("The overall administration of justice will likewise be enhanced by having a single judge determine this issue in all four cases").  For this reason, the Seventh Circuit has expressed a preference that cases that are similar be consolidated before the same judge to avoid disparate decisions and multiple appeals.  Smith v. Check-N-Go of Illinois, Inc., 200 F.3d 511, 513 n.* (7th Cir. 1999).

Further, in recent years, the Seventh Circuit has expressed a strong preference for the reassignment of related cases to a single judge.  Smith, 200 F.3d at n*, 513 ("For the reasons that we have been unable to discover, the Northern District of Illinois, in which these suits were filed, did not consolidate them before a single judge, even though the issues and parties have substantial overlap"); Gibson v. Bob Watson Chevrolet-GEO, Inc., 112 F.3d 283 (7th Cir.

1997)("For unexplained reasons the cases, having initially been randomly assigned to different district judges in the Northern District of Illinois, were <u>not</u> reassigned to a single judge, as authorized by N.D. Ill. 2.31, but remained with the original judges, eleven of whom have ruled on motions to dismiss the complaint or to grant summary judgment for the defendant…."); and <u>Southmark Corp. v. Cagan, et al.</u>, 950 F.2d 416, 419 (7th Cir. 1991)("[W]e strongly suggest that Judge Williams, to whom the earliest of the three related cases was assigned, request the district court's Executive Committee to consolidate the three cases and reassign them to her under that court's Rule 2.31d in order to avoid potentially inconsistent judgments").

Finally, reassignment of the above cases to a single judge for the purpose of consolidating discovery would also enhance the manageability of discovery, their attorneys and all witnesses. Courts consolidate cases for purposes of discovery where deemed appropriate. <u>Applied Web Systems</u>, 1991 U.S. Dist. LEXIS 5696, *6,7. Here, the same defendants will be the subject of complex and extensive document and oral discovery, especially given the common allegations of law and fact across the cases. For these reasons, reassignment would streamline discovery, with discovery issues only needing to be decided one time and with documents and witnesses only having to be produced one time. This would save time and contain litigation costs. <u>Id.</u>

## VI. CONCLUSION

For all of the above reasons, plaintiffs in the cases above respectfully request that this Court enter an Order:

      1.) finding the cases related to the cases in the MDL proceeding;

      2.) reassigning the cases to the Honorable Judge Marvin E. Aspen; and

      3.) granting any other or further relief that the Court deems just.

Respectfully Submitted:

Date: January 23, 2007          s/ Anthony P. Valach, Jr.
One of their attorneys

Anthony P. Valach, Jr.
THE LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606
P: (312) 960-1802
F: (312) 960-1936
anthonyvalach@sbcglobal.net