IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: PLAINTIFFS' FIFTH MOTION FOR REASSIGNMENT [DOCKET NO. 350] | |

**DEFENDANTS' OPPOSITION TO THE REASSIGNMENT OF CERTAIN CASES IN PLAINTIFFS' FIFTH MOTION FOR REASSIGNMENT OF RELATED CASES**

## I. INTRODUCTION

On November 29, 2006, a collection of individual plaintiffs represented by Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") filed a Fourth Motion for Reassignment of Related Cases (the "Fourth Reassignment Motion"), in which they sought reassignment of three cases in which defendants have filed, or intend to file, motions to dismiss and/or to transfer for lack of venue. [Docket No. 313.] On January 4, 2007, this Court issued an Order in which it declined to reassign these three cases until resolution of the pending and anticipated venue challenges. [Docket No. 354.] For this Court's convenience, a copy of the January 4, 2007 Order is attached to the concurrently-filed Request for Judicial Notice as Exhibit 1.

By their Fifth Motion for Reassignment of Related Cases (the "Fifth Reassignment Motion"), another collection of individual plaintiffs represented by ECLG seek reassignment of five cases. [Docket No. 350.] Two of these cases admittedly have been filed in the wrong venue: *Clay v. Ameriquest Mortgage Co., et al.*, Case No. 06-7191 (Shadur, J.), and *Freeberg, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-6717 (St. Eve, J.). Defendants in these

cases—Ameriquest Mortgage Company ("AMQ"), AMC Mortgage Services, Inc. and Ameriquest Mortgage Securities, Inc. (collectively, "Defendants")—therefore intend to file motions to dismiss/transfer these cases for lack of venue. Further, in accordance with its past practice, this Court should decline to reassign *Clay* and *Freeberg* until resolution of Defendants' venue challenges.[1]

## II. FACTUAL BACKGROUND

### A. *Clay*

Plaintiff Mildred Clay alleges that Defendant AMQ violated the Truth-in-Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA"), by failing to provide her with clear and conspicuous disclosures of the purported right to cancel her loan transaction. [Complaint, ¶¶ 24-27.][2] Based on the allegations of Ms. Clay's Complaint, she resides in Akron, Ohio and the events giving rise to her claims admittedly occurred in Akron, Ohio. [Complaint, ¶ 3.] Her claims arise from an alleged loan secured by her residence which is located in Ohio. [Complaint, ¶¶ 13-14.] Defendant AMQ is alleged to have been doing business in Ohio at the relevant times. [Complaint, ¶¶ 14, 18.] Moreover, the witnesses to the alleged wrongdoing, i.e. former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Akron, Ohio.

### B. *Freeberg*[3]

Ms. Rowan alleges claims against Defendants AMQ, AMC Mortgage Services, Inc. and Ameriquest Mortgage Securities, Inc. for violation of TILA and claims against AMQ for

---

[1] Defendants do not oppose the reassignment of the other cases identified in the Fifth Reassignment Motion not subject to venue challenges, namely *Adkins*, *Diggins* and *Ishmael*.

[2] A copy of the Complaint in *Clay* is attached to Defendants' concurrently-filed Request for Judicial Notice at Exhibit 2.

[3] The *Freeberg* case involves three plaintiffs. Defendants intend to challenge venue with respect to plaintiff Cecilia M. Rowan's claims only.

2

violation of the Michigan Mortgage Brokers, Lenders and Servicers Act, Michigan Compiled Law Section 445.1651, *et seq.*; fraud; and breach of contract. [Complaint, ¶¶ 69, 71-75, 88-89, 94-100, 102-105.][4] Ms. Rowan's claims arise out of allegations that Defendants, among other things, failed to provide clear and conspicuous disclosures of the right to cancel her loan transaction and engaged in "bait and switch" practices. [Complaint, ¶¶ 71-75, 89.] Based on the allegations of Ms. Rowan's Complaint, she resides in Howard City, Michigan and the events giving rise to her claims admittedly occurred in Howard City, Michigan. [Complaint, ¶ 4.] Ms. Rowan's claims further arise from an alleged loan secured by her residence located in Michigan. [Complaint, ¶¶ 37-38.] Defendants AMQ and AMC Mortgage Services, Inc. are alleged to have been doing business in Michigan. [Complaint, ¶¶ 5, 10.] Moreover, the witnesses to the alleged wrongdoing, i.e. former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Howard City, Michigan.

### III.   ARGUMENT

Where jurisdiction is not founded on diversity, venue is proper only (1) in the district where any defendants reside, (2) in the district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated, or (3) in the jurisdiction where a defendant my be found, if there is no district in which the action or actions may otherwise be brought. 28 U.S.C. § 1391(b). Plaintiffs bear the "burden of establishing proper venue." *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1970) (citing *Phillips v. Baker*, 121 F.2d 752, 756 (9th Cir. 1941)).

None of the three prongs establish the Northern District of Illinois as the proper venue in *Clay* or *Freeberg* (as to Ms. Rowan's claims). First, all Defendants do not reside in Illinois.

---

[4] A copy of the Complaint in *Freeberg* is attached to Defendants' concurrently-filed Request for Judicial Notice at Exhibit 3.

3

Second, a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Ohio as to Ms. Clay and in the Western District of Michigan as to Ms. Rowan. Third, there are districts in which the actions may be brought—the Western District of Michigan and the Northern District of Ohio.

Accordingly, venue cannot be established in the Northern District of Illinois for the claims of Ms. Clay or Ms. Rowan, and Defendants intend to file appropriate motions challenging the venue of these claims. Further, in accordance with its past practice, this Court should decline to reassign *Clay* and *Freeberg* until resolution of Defendants' venue challenges.

## IV. CONCLUSION

Accordingly, Defendants respectfully request that this Court deny the Fifth Reassignment Motion as to *Clay* and *Freeberg* without prejudice.

Respectfully submitted,

DATED: January 24, 2007  By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

## CERTIFICATE OF SERVICE

    I, Bernard E, LeSage, hereby certify that on this 24th day of January 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                   By: /s/ Bernard E. LeSage

BN 1098558v2