**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: PLAINTIFFS' MOTION FOR REASSIGNMENT OF RELATED CASES [DOCKET NO. 407] | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REASSIGNMENT OF RELATED CASES**

**I.      INTRODUCTION**

On November 29, 2006, a collection of individual plaintiffs represented by Edelman, Combs, Latturner & Goodwin, LLC filed a Fourth Motion for Reassignment of Related Cases, in which they sought reassignment of three cases in which defendants have filed, or intend to file, motions to dismiss and/or to transfer for lack of venue.  [Docket No. 313.]  On January 4, 2007, this Court issued an Order in which it declined to reassign these three cases until resolution of the pending and anticipated venue challenges.  [Docket No. 354.]

By their Motion for Reassignment of Related Cases (the "Reassignment Motion"), another collection of individual plaintiffs represented by The Law Offices of Daniel Harris seek reassignment of 13 cases.  [Docket No. 407.]  All of these cases admittedly have been filed in the wrong venue:

1. *Ball-Daniel v. Argent Mortgage Co., LLC, et al.,* Case No. 06-6602 (Nordberg, J.);

1

2. *Cooper, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-6604 (Manning, J.);

3. *Fuller, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 07-0291 (Shadur, J.);

4. *Green, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-6945 (Anderson, J.);

5. *Hall v. Ameriquest Mortgage Co., et. al.,* Case No. 06-6607 (Gettleman, J.);

6. *Harrison v. Ameriquest Mortgage Co.*, Case No. 06-6947 (Shadur, J.);

7. *Joyner, et al. v. Ameriquest Mortgage Co.*, Case No. 06-6784 (Bucklo, J.);

8. *Maldonado, et al. v. Ameriquest Mortgage Co.*, Case No. 06-6609 (Filip, J.);

9. *Muller, et al. v. Ameriquest Mortgage Co.*, Case No. 06-6946 (Bucklo, J.);

10. *O'Malley v. Ameriquest Mortgage Co.,* Case No. 06-6373 (Darrah, J.);

11. *O'Neil, et al. v. Argent Mortgage Co., LLC, et al.,* Case No. 06-6375 (Gottschall, J.);

12. *Scott, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-6786) (Pallmeyer, J.); and

13. *Shields v. Ameriquest Mortgage Company, et al.*, Case No. 06-6787 (Der-Yeghiayan, J.).

Defendants in these cases—Ameriquest Mortgage Company ("AMQ"), AMC Mortgage Services, Inc. and Argent Mortgage Company, LLC ("Argent") (collectively, "Defendants")—therefore intend to file motions to dismiss/transfer these cases for lack of venue. Further, in accordance with its past practice, this Court should decline to reassign these cases until resolution of Defendants' venue challenges. [See Docket No. 354.]

## II. FACTUAL BACKGROUND

### A. *Ball-Daniel*

Plaintiff Vernall Ball-Daniel alleges that Defendant Argent violated the Truth-in-Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA") and Indiana statutory and common law. Ms. Ball-Daniel's claims arise out of allegations that Defendants, among other things, failed to provide her with proper disclosures under TILA and made false and misleading statements to plaintiff to induce reliance. [Complaint, ¶¶ 29-31, 37-38.] Based on the allegations of Ms. Ball-Daniel's Complaint, she resides in South Bend, Indiana and the events giving rise to her claims admittedly occurred in South Bend, Indiana. [Complaint, ¶¶ 6-7, 10.] Her claims arise from an alleged loan secured by her residence which is located in Indiana. [Id.] Defendant Argent is alleged to have been doing business in Indiana at the relevant times. [Complaint, ¶ 7.] Moreover, the witnesses to the alleged wrongdoing, i.e. former or current Argent employees and/or third-party closing agents, most likely reside near where the loan closing took place in South Bend, Indiana.

### B. *Cooper*

Plaintiffs Patricia and Donald Cooper allege that Defendant AMQ violated TILA and Ohio statutory and common law. The Cooper's claims arise out of allegations that AMQ, among other things, failed to provide them with proper disclosures under TILA and made false and misleading statements to induce reliance. [Complaint, ¶¶ 25-27, 33-34.] Based on the allegations of the Cooper's Complaint, they reside in Perrysburg, Ohio and the events giving rise to their claims admittedly occurred in Perrysburg, Ohio. [Complaint, ¶¶ 6-7.] Their claims arise from an alleged loan secured by their residence which is located in Ohio. [Id.] Defendant AMQ is alleged to have been doing business in Ohio at the relevant times. [Complaint, ¶¶ 7-9.] Moreover, the witnesses to the alleged wrongdoing, i.e. former or current AMQ employees

and/or third-party closing agents, most likely reside near where the loan closing took place in Perrysburg, Ohio.

**C.     *Fuller***

Plaintiffs Kurt and Nancy Fuller allege that Defendant AMQ violated TILA and Texas statutory and common law.  The Fuller's claims arise out of allegations that AMQ, among other things, failed to provide them with proper disclosures under TILA, made false and misleading statements to induce reliance and engaged in bait and switch tactics. [Complaint, ¶¶ 28-32, 38.] Based on the allegations of the Fuller's Complaint, they reside in Irving, Texas and the events giving rise to their claims admittedly occurred in Irving, Texas.  [Complaint, ¶¶ 6-7, 11.]  Their claims arise from an alleged loan secured by their residence which is located in Texas.  [Id.]  Defendant AMQ is alleged to have been doing business in Texas at the relevant times. [Complaint, ¶¶ 7-11.]  Moreover, the witnesses to the alleged wrongdoing, i.e. former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Irving, Texas.

**D.     *Green***

Plaintiffs Donald and Sharon Green allege that Defendant AMQ violated TILA and Indiana statutory and common law.  The Green's claims arise out of allegations that AMQ, among other things, failed to provide them with proper disclosures under TILA, made false and misleading statements to induce reliance and engaged in bait and switch tactics. [Complaint, ¶¶ 25-27, 33.]  Based on the allegations of the Green's Complaint, they reside in Indianapolis, Indiana and the events giving rise to their claims admittedly occurred in Indianapolis, Indiana. [Complaint, ¶¶ 6-9.]  Their claims arise from an alleged loan secured by their residence which is located in Indiana.  [Id.]  Defendant AMQ is alleged to have been doing business in Indiana at the relevant times.  [Complaint, ¶¶ 7-10.]  Moreover, the witnesses to the alleged wrongdoing,

4

i.e. former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Indianapolis, Indiana.

**E.** *Hall*

Plaintiff Mary Hall alleges that Defendant AMQ violated TILA and Texas statutory and common law. Ms. Hall's claims arise out of allegations that AMQ, among other things, failed to provide her with proper disclosures under TILA and made false and misleading statements to induce reliance and engaged in bait and switch tactics. [Complaint, ¶¶ 9, 12, 18.] Based on the allegations of Ms. Hall's Complaint, she resides in Austin, Texas and the events giving rise to her claims admittedly occurred in Austin, Texas. [Complaint, ¶¶ 6-8.] Her claims arise from an alleged loan secured by her residence which is located in Texas. [Id.] Defendant AMQ is alleged to have been doing business in Texas at the relevant times. [Complaint, ¶¶ 6-9.] Moreover, the witnesses to the alleged wrongdoing, i.e. former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Austin, Texas.

**F.** *Harrison*

Plaintiff Jeremy Harrison alleges that Defendant AMQ violated TILA and Michigan statutory and common law. Mr. Harrison's claims arise out of allegations that AMQ, among other things, failed to provide him with proper disclosures under TILA, made false and misleading statements to induce reliance and engaged in bait and switch tactics. [Complaint, ¶¶ 25-28, 34.] Based on the allegations of Mr. Harrison's Complaint, he resides in Taylor, Michigan and the events giving rise to his claims admittedly occurred in Taylor, Michigan. [Complaint, ¶¶ 6-9.] His claims arise from an alleged loan secured by his residence which is located in Michigan. [Id.] Defendant AMQ is alleged to have been doing business in Michigan at the relevant times. [Complaint, ¶¶ 7-9.] Moreover, the witnesses to the alleged wrongdoing,

i.e. former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Taylor, Michigan.

**G.** *Joyner*

Plaintiffs Preston and Delana Joyner allege that Defendant AMQ violated TILA and Illinois statutory and common law. The Joyner's claims arise out of allegations that AMQ, among other things, failed to provide them with proper disclosures under TILA, made false and misleading statements to induce reliance and engaged in bait and switch tactics. [Complaint, ¶¶ 25-29, 35.] Based on the allegations of the Joyner's Complaint, they reside in Decatur, Illinois and the events giving rise to their claims admittedly occurred in Decatur, Illinois.[1] [Complaint, ¶¶ 6-9.] Their claims arise from an alleged loan secured by their residence which is located in Decatur, Illinois. [Id.] Defendant AMQ is alleged to have been doing business in Decatur, Illinois at the relevant times. [Complaint, ¶¶ 7-9.] Moreover, the witnesses to the alleged wrongdoing, i.e. former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Decatur, Illinois.

**H.** *Maldonado*

Plaintiffs Shawn and Shari Maldonado allege that Defendant AMQ violated TILA by failing to provide them with proper disclosures. [Complaint, ¶¶ 6-8.] Based on the allegations of the Maldonado's Complaint, they reside in Concord, California and the events giving rise to their claims admittedly occurred in Concord, California. [Complaint, ¶¶ 5-8.] Their claims arise from an alleged loan secured by their residence which is located in California. [Id.] Defendant AMQ is alleged to have been doing business in California at the relevant times. [Complaint, ¶¶ 6-8.] Moreover, the witnesses to the alleged wrongdoing, i.e. former or current AMQ employees

---

[1] The *Joyner* matter is properly filed in Illinois, however, the proper venue would be the United States District Court for the **Central** District of Illinois.

6

and/or third-party closing agents, most likely reside near where the loan closing took place in Concord, California.

**I.**     *Muller*

Plaintiffs Dorothy Muller and Joseph Bush allege that Defendant AMQ violated TILA and New York statutory and common law. Plaintiffs claims arise out of allegations that AMQ, among other things, failed to provide them with proper disclosures under TILA, made false and misleading statements to induce reliance and engaged in bait and switch tactics. [Complaint, ¶¶ 25-28, 34.] Based on the allegations of Plaintiffs' Complaint, they reside in Shoreham, New York and the events giving rise to their claims admittedly occurred in Shoreham, New York. [Complaint, ¶¶ 5-9.] Their claims arise from an alleged loan secured by their residence which is located in New York. [Id.] Defendant AMQ is alleged to have been doing business in New York at the relevant times. [Complaint, ¶¶ 6-9.] Moreover, the witnesses to the alleged wrongdoing, i.e. former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Shoreham, New York.

**J.**     *O'Malley*

Plaintiff Lori O'Malley alleges that Defendant AMQ violated TILA and Ohio statutory and common law. Ms. O'Malley's claims arise out of allegations that AMQ, among other things, failed to provide her with proper disclosures under TILA and made false and misleading statements to induce reliance. [Complaint, ¶¶ 26-30, 34.] Based on the allegations of Ms. O'Malley's Complaint, she resides in Oxford, Ohio and the events giving rise to her claims admittedly occurred in Oxford, Ohio. [Complaint, ¶¶ 5-11.] Her claims arise from an alleged loan secured by her residence which is located in Ohio. [Id.] Defendant AMQ is alleged to have been doing business in Ohio at the relevant times. [Complaint, ¶¶ 6-11.] Moreover, the

witnesses to the alleged wrongdoing, i.e. former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Oxford, Ohio.

**K.**     *O'Neil*

Plaintiffs Dennis and Rita O'Neil allege that Defendant Argent violated TILA by failing to provide them with proper disclosures under TILA. [Complaint, ¶¶ 6-8.] Based on the allegations of the O'Neil's Complaint, they reside in Massachusetts and the events giving rise to their claims admittedly occurred in Massachusetts. [Complaint, ¶¶ 5-8.] Their claims arise from an alleged loan secured by their residence which is located in Massachusetts. [Id.] Defendant Argent is alleged to have been doing business in Massachusetts at the relevant times. [Complaint, ¶¶ 6-8.] Moreover, the witnesses to the alleged wrongdoing, i.e. former or current Argent employees and/or third-party closing agents, most likely reside near where the loan closing took place in Massachusetts.

**L.**     *Scott*

Plaintiffs George and Cynthia Scott allege that Defendant AMQ violated TILA and Mississippi statutory and common law. The Scott's claims arise out of allegations that AMQ, among other things, failed to provide them with proper disclosures under TILA, made false and misleading statements to induce reliance and engaged in bait and switch tactics. [Complaint, ¶¶ 24-26, 32.] Based on the allegations of the Scott's Complaint, they reside in Jackson, Mississippi and the events giving rise to their claims admittedly occurred in Jackson, Mississippi. [Complaint, ¶¶ 5-9.] Their claims arise from an alleged loan secured by their residence which is located in Mississippi. [Id.] Defendant AMQ is alleged to have been doing business in Mississippi at the relevant times. [Complaint, ¶¶ 6-9.] Moreover, the witnesses to the alleged wrongdoing, i.e. former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Jackson, Mississippi.

**M.** *Shields*

Plaintiff Judy Shields alleges that Defendant AMQ violated TILA and Indiana statutory and common law. Ms. Shields' claims arise out of allegations that AMQ, among other things, failed to provide her with proper disclosures under TILA and made false and misleading statements to induce reliance and engaged in bait and switch tactics. [Complaint, ¶¶ 25-30, 36.] Based on the allegations of Ms. Shields' Complaint, she resides in Fisher, Indiana and the events giving rise to her claims admittedly occurred in Fisher, Indiana. [Complaint, ¶¶ 5-8.] Her claims arise from an alleged loan secured by her residence which is located in Indiana. [Id.] Defendant AMQ is alleged to have been doing business in Indiana at the relevant times. [Complaint, ¶¶ 6-9.] Moreover, the witnesses to the alleged wrongdoing, i.e. former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Fisher, Indiana.

### III. ARGUMENT

Where jurisdiction is not founded on diversity, venue is proper only (1) in the district where any defendants reside, (2) in the district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated, or (3) in the jurisdiction where a defendant my be found, if there is no district in which the action or actions may otherwise be brought. 28 U.S.C. § 1391(b). Plaintiffs bear the "burden of establishing proper venue." *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1970) (citing *Phillips v. Baker*, 121 F.2d 752, 756 (9th Cir. 1941)).

None of the three prongs establish the Northern District of Illinois as the proper venue in the cases listed in the Reassignment Motion. First, all Defendants do not reside in Illinois. Second, a substantial part of the events or omissions giving rise to the claims occurred in districts

9

other than the Northern District of Illinois. Third, there are other districts in which the actions may be brought.

Accordingly, venue cannot be established in the Northern District of Illinois for the claims of those plaintiffs listed in the Reassignment Motion, and Defendants intend to file appropriate motions challenging the venue of these claims. Further, in accordance with its past practice, this Court should decline to reassign these cases until resolution of Defendants' venue challenges.

## IV.    CONCLUSION

Accordingly, Defendants respectfully request that this Court deny the Reassignment Motion without prejudice.

Respectfully submitted,

DATED: January 26, 2007            By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Respectfully submitted,

DATED: January 26, 2007            By: /s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand, Esq.
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

**CERTIFICATE OF SERVICE**

     I, Bernard E, LeSage, hereby certify that on this 26th day of January 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                             By: /s/ Bernard E. LeSage

BN 1107763v1