IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: MOTION TO WITHDRAW CLASS ALLEGATIONS [DOCKET NO. 389] | |

### NOTICE OF DEFENDANTS' AGREEMENT WITH MOTION TO WITHDRAW CLASS ALLEGATIONS FROM FAIR CREDIT REPORTING ACT COMPLAINTS WITH CERTAIN CONDITIONS

Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation and Town & Country Credit Corporation (collectively, "Defendants") agree that the Plaintiffs in *Murray et al. v. Ameriquest Mortgage Co., Tremble v. Town & Country Credit Corp., Mayfield v. Town & Country Credit Corp. and Crane et al. v. Ameriquest Mortgage Co.*, (hereinafter, "Plaintiffs") should be allowed to withdraw the class action allegations made in their respective complaints for willful violation of the Fair Credit Reporting Act ("FCRA").

Although Defendants do not oppose the withdrawal of class allegations in the above actions, Defendants believe that this Court should condition the withdrawal of class allegations upon these Plaintiffs' compliance with this Court's November 7, 2006 Case Management Order (the "Order"). Pursuant to the Order, the Court ordered the filing of "two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower Fair Credit Reporting Act claimants." [*See* Order, p. 6]. Recognizing, however, that certain plaintiffs may have "good reason" to pursue their claims on an individual basis, this Court also allotted the

named plaintiffs a period of time in which to "opt out" of the master class complaints, and pursue "individual, non-class suits." [*See* Order, p. 6]. The consolidation of issues into two master class complaints, one of which deals with all of the Non-Borrower FCRA claims, was to organize and streamline this multidistrict litigation proceeding, aid in efficiency and economy, prevent the proliferation of papers filed with the Court, and prevent inconsistent litigation and rulings on the same issues on a class and individual basis. Further, the Court's Order specifically states that the Court is "disinclined to decide any 'test cases' through either summary judgment or trial." [Order, p. 13].

The above-cases in which Plaintiffs seek to drop their class allegations and proceed individually make the same allegations against Defendants regarding willful violations of the FCRA as are set forth in the class action Consolidated Complaint for Claims of Non-Borrowers (Docket Number 323) (the "Non-Borrower Complaint"). These individual Plaintiffs intend to proceed with litigation of their individual FCRA claims. However, as contemplated by this Court's Order, they should not be allowed to proceed with discovery and/or motions and/or trial either ahead of or outside of what is occurring and will occur with respect to the class action claims in the Non-Borrower Complaint (which are identical to these Plaintiffs' individual claims) [*See* Order, p. 11, where the Court discusses coordination of the individual plaintiffs "into a cooperative entity that can then enjoy litigation economies of scale, including broader access to discovery and streamlined briefing]. In other words, as stated in the Court's Order, these individual Plaintiffs' FCRA cases should not be allowed to become "test cases."

Further, Defendants believe that the withdrawal of the class allegations in the above cases enhances the opportunity for settlement of these cases on individual bases (since the maximum value of any willful violation under FCRA is $1,000 –see 15 U.S.C. Section 1681n). Defendants are prepared to attempt to negotiate resolution (with appropriate settlement agreements and releases) of these individual, single claim cases with these Plaintiffs. Such settlement negotiations can and should take place prior to extensive discovery and/or motion practice (given the maximum value of the cases). Further, such settlement negotiations should take place

- 3 -

separately from any such negotiations with regard to the Non-Borrower Complaint.

                                                         Respectfully submitted,

DATED: January 30, 2007            By: /s/ Bernard E. LeSage

                                                  *Attorneys for Ameriquest Mortgage Company;*
                                                  *Ameriquest Capital Corporation;*
                                                  *Town & Country Credit Corporation.*

                                                  Bernard E. LeSage, Esq.
                                                  Sarah K. Andrus, Esq.
                                                  BUCHALTER NEMER, a P.C.
                                                  1000 Wilshire Boulevard, Suite 1500
                                                  Los Angeles, CA 90017-2457

## **CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 30th day of January 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage

- 4 -