# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 0432 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Judge Coar |
| AMERIQUEST MORTGAGE SECURITIES, | ) | |
| INC. and AMC MORTGAGE SERVICES. INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT AMC MORTGAGE SERVICES, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant AMC Mortgage Services, Inc. ("AMC Mortgage Services"), by its attorneys,

answers Plaintiff's amended complaint as follows:

1.     Plaintiff Shirley Jones brings this action against a "subprime" mortgage lender to
rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 ("TILA"), and
implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**     AMC Mortgage Services admits that Plaintiff has filed a lawsuit against it.

AMC Mortgage Services objects to the term "subprime" as vague.  AMC Mortgage Services is

without knowledge or information sufficient to form a belief as to the truth of the intended

characterization of the term "subprime."  AMC Mortgage Services denies all remaining allegations in

Paragraph 1.  AMC Mortgage Services specifically denies that it violated the Truth in Lending Act,

15 U.S.C. § 1601, or implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal
question), and 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).  Defendant does business
in the District and is deemed to reside here.

**ANSWER:**     AMC Mortgage Services does not contest subject matter jurisdiction,

personal jurisdiction, or venue.  AMC Mortgage Services denies any remaining allegations in

Paragraph 2.

3.    Plaintiff owns and resides in a home at 6151 S. Wolcott, Chicago, IL 60636.

**ANSWER:**    AMC Mortgage Services is without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies same.

4.    Defendant Ameriquest Mortgage Company is a Delaware corporation that does
business in Illinois.  It maintains at least six loan origination offices in the Chicago Metropolitan
area.  Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL
60606.

**ANSWER:**    AMC Mortgage Services admits the allegations in the first sentence of

Paragraph 4. AMC Mortgage Services is without knowledge or information sufficient to form a

belief as to the truth of the allegations in the second and third sentences of Paragraph 4 and,

therefore, denies same.  AMC Mortgage Services denies any remaining allegations in Paragraph 4.

5.    Defendant Ameriquest Mortgage Securities, Inc. ("AMS"), is a Delaware corporation
with its principal place of business in Orange, CA.  It does business in Illinois.  Its registered agent
and office are National Registered Agents, Inc., 200 West Adams Street, Chicago, IL, 60606.  It is
engaged in the business of owning and holding non-prime or "sub-prime" mortgages.  Ameriquest
and AMS are subsidiaries of the same parent corporation, ACC Capital Holdings Corporation.

**ANSWER:**    AMC Mortgage Services admits that Ameriquest Mortgage Securities, Inc. is

a Delaware corporation with its principal place of business in Orange, CA.  AMC Mortgage Services

denies that Ameriquest Mortgage Securities, Inc. does business in Illinois or that its registered agent

and office are National Registered Agents, Inc., 200 West Adams Street, Chicago, IL, 60606.  AMC

Mortgage Services objects to the term "subprime" as vague. AMC Mortgage Services is without

knowledge or information sufficient to form a belief as to the truth of the intended characterization

of the term "subprime," and, therefore, denies the allegations in the third sentence of Paragraph 5.

AMC Mortgage Services admits that Ameriquest Mortgage Company is a subsidiary of ACC Capital

Holdings Corporation.  AMC Mortgage Services denies that Ameriquest Mortgage Securities, Inc. is

a subsidiary of ACC Capital Holdings Corporation.

6.      Defendant AMC Mortgage Services, Inc. ("AMC"), is a Delaware Corporation with its principal place of business in Orange, CA. It does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 West Adams Street, Chicago, IL 60606. AMC is also a subsidiary of ACC Capital Holdings Corporation.

**ANSWER:**    AMC Mortgage Services admits the allegations in Paragraph 6.

7.      Prior to March 12, 2002, plaintiff applied for a loan from Ameriquest.

**ANSWER:**    AMC Mortgage Services admits the allegations in Paragraph 7.

8.      The closing of the loan took place in plaintiff's home on March 12, 2002. The closing was performed by an Ameriquest employee, Nicole Gray.

**ANSWER:**    AMC Mortgage Services denies the allegations in Paragraph 8.

9.      Most of the loan proceeds were used for personal, family or household purposes – refinancing of prior debts obtained for that purpose.

**ANSWER:**    AMC Mortgage Services is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies same.

10.     At the March 12, 2002 closing, Ameriquest informed plaintiff that the loan would be more expensive than previously quoted, by providing plaintiff the "Borrower's Acknowledgement of Final Loan Terms," attached as Exhibit A.

**ANSWER:**    AMC Mortgage Services denies the allegations in Paragraph 10.

11.     In connection with the March 12, 2002 transaction, plaintiff signed the following documents:

    a.    A note, a true an accurate photocopy of which is attached hereto as Exhibit B;

    b.    A mortgage, Exhibit C;

    c.    A settlement statement on form HUD-1A, Exhibit D;

    d.    A Truth in Lending disclosure statement, Exhibit E;

    e.    A notice of right to cancel, Exhibit F;

    f.    A document entitled "one week cancellation period," Exhibit G.

3

**ANSWER:**    AMC Mortgage Services admits that Plaintiff entered into a loan transaction

with Ameriquest Mortgage Company.  AMC Mortgage Services denies any remaining allegations in

Paragraph 11.

12.    However, Ms. Gray did not give any copies of any of the closing documents to Ms.
Jones to have and keep at the closing on March 12, 2002.

**ANSWER:**    AMC Mortgage Services denies the allegations in Paragraph 12.

13.    Among the copies of documents that Ms. Gray did not leave with Ms. Jones at the
closing were the federal Notice of Right to Cancel (Exhibit F) and the final Truth In Lending
Disclosure Statement (Exhibit E).

**ANSWER:**    AMC Mortgage Services denies the allegations in Paragraph 13.

14.    Instead, a set of the closing documents, including the Notice of Right to Cancel and
TILA Statement were sent to plaintiff via FedEx on April 5, 2002.  A copy of the Fedex Envelope is
attached hereto as Exhibit H.

**ANSWER:**    AMC Mortgage Services is without knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies same.

15.    Ameriquest subsequently assigned ownership of the loan to defendant AMS.  AMS is
the current holder or owner of the loan.

**ANSWER:**    AMC Mortgage Services admits the allegations in Paragraph 15.

16.    Ameriquest assigned the servicing rights over the loan to defendant AMC.  AMC
currently services plaintiff's loan.  Because it claims the rights of a mortgage loan servicer (i.e., to
collect payments, to report to credit bureaus and to foreclose on the mortgage if necessary), it is
necessary party under F.R.C.P. 19.

**ANSWER:**    AMC Mortgage Services denies that Ameriquest Mortgage Company

assigned servicing rights of the loan to AMC Mortgage Services, but admits that Ameriquest

Mortgage Company transferred servicing rights to AMC Mortgage Services.  AMC Mortgage

Services admits that AMC currently services Plaintiff's loan.  AMC Mortgage Services denies that

AMC Mortgage Services is a necessary party under F.R.C.P. 19 and denies any remaining allegations

in Paragraph 16.

4

17.    Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

(a) Consumer's right to rescind.

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.  [fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication.  Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.  [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
(2) A credit plan in which a state agency is a creditor.

**ANSWER:**    AMC Mortgage Services is without knowledge or information sufficient to form a belief as to the truth of the allegations that the transaction was secured by Plaintiff's home. AMC Mortgage Services denies that 12 C.F.R. §226.23(f)(2) states "(2) A credit plan in which a state agency is a creditor." AMC Mortgage Services admits that the remaining allegations in Paragraph 17 contain a portion of the text of 12 C.F.R. § 226.23. AMC Mortgage Services denies the allegations of Paragraph 17 insofar as they purport to make any allegation of wrongdoing by AMC Mortgage Services under said statute. AMC Mortgage Services denies the remaining allegations in Paragraph 17.

18.    Ameriquest did not provide the TILA Disclosure Statement (<u>Exhibit E</u>) at the time and in the manner required by 15 U.S.C. § 1638(b)(1) and Regulation Z, 12 C.F.R. § 226.17(b).

**ANSWER:**    AMC Mortgage Services denies the allegations in Paragraph 18.

19.    Plaintiff was provided with a federal Notice of Right to Cancel on April 5, 2002 that stated that her right to cancel expired three weeks earlier, on March 15, 2002.

**ANSWER:**    AMC Mortgage Services is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies same.

20.    Further, <u>Exhibit E</u> did not fully and completely disclose the payment schedule, in that the intervals and due dates of the payments are not stated.

**ANSWER:**    AMC Mortgage Services denies the allegations in Paragraph 20.

21.    <u>Exhibit G</u> detracts from and obfuscates <u>Exhibit F</u>. <u>Exhibit G</u> suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA

damages, attorney's fees or the procedural protections of § 1635. Exhibit G also provides for a different method of counting days and requires actual receipt of the notice by Ameriquest within the specified time.

**ANSWER:**     AMC Mortgage Services denies the allegations in Paragraph 21.

22.     Plaintiff is entitled to rescind against "any assignee." 15 U.S.C. 1641(c).

**ANSWER:**     AMC Mortgage Services denies the allegations in Paragraph 22.

23.     Plaintiff has given proper notice of her intent to rescind.

**ANSWER:**     AMC Mortgage Services denies the allegations in Paragraph 23.

24.     15 U.S.C. §1635(g) provides:

> **Additional relief**
>
> **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:**     AMC Mortgage Services admits that the allegations in Paragraph 24 contain

the text of 15 U.S.C. §1635(g). AMC Mortgage Services denies the allegations in Paragraph 24

insofar as they purport to make any allegation of wrongdoing by AMC Mortgage Services under said

statute. AMC Mortgage Services denies the remaining allegations in Paragraph 24.

25.     Plaintiff incorporates ¶¶ 1-24.

**ANSWER:**     AMC Mortgage Services incorporates by reference its answers to Paragraphs

1-24 above as its answers to Paragraph 25.

26.     The failure to provide the TILA disclosure statement "before consummation" violates 15 U.S.C. § 1638(b)(1) and Regulation Z, 12 C.F.R. § 226.17(b).

**ANSWER:**     AMC Mortgage Services denies the allegations in Paragraph 26.

27.     The failure to fully and completely disclose the payment schedule violates 15 U.S.C. §1638 and 12 C.F.R. § 226.28.

**ANSWER:**     AMC Mortgage Services denies the allegations in Paragraph 27.

28.    The provision of an apparently expired notice of right to cancel violates the "clear and conspicuous" disclosure requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

**ANSWER:**    AMC Mortgage Services denies the allegations in Paragraph 28.

29.    The provision of two, inconsistent and confusing notices of right to cancel violates the "clear and conspicuous" disclosure requirement" of 15 U.S.C. § 1635 and 12 C.F.R. §226.23.

**ANSWER:**    AMC Mortgage Services denies the allegations in Paragraph 29.

## AFFIRMATIVE DEFENSES

Defendant AMC Mortgage Services states as its affirmative defenses as follows:

1.    Plaintiff's claim under the Truth in Lending Act is barred against AMC Mortgage Services, as AMC Mortgage Services is an alleged servicer of Plaintiff's loan and not a creditor or assignee.

2.    Plaintiff's claim for statutory damages, costs, and attorney's fees for any alleged underlying Truth in Lending Act violation is barred by the one-year statute of limitations for statutory damages, costs and attorney's fees under the Truth in Lending Act.

3.    Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

4.    If it should be deemed that Plaintiff is entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiff's reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiff's behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity.  Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff reimbursing or otherwise returning all funds disbursed on her behalf to the holder of the loan in connection with the subject loan, less any finance charges.

8

WHEREFORE, Defendant AMC Mortgage Services, Inc. requests that this Court enter judgment in its favor and against Plaintiff, Shirley Jones, award AMC Mortgage Services its costs, and provide such further and additional relief as it deems just and appropriate.

Dated:  August 24, 2005                    Respectfully submitted,

                                           **AMC MORTGAGE SERVICES, INC.,**
                                           **Defendant**


                                           By:  s/Jonathan N. Ledsky _____
                                                   One of its Attorneys

Craig A. Varga
Jonathan N. Ledsky
Jaime S. Roginski-Kord
VARGA BERGER LEDSKY HAYES & CASEY
224 South Michigan Avenue, Suite 350
Chicago, Illinois  60604
(312) 341-9400

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the foregoing, **Defendant AMC Mortgage Services, Inc.'s Answer to Plaintiff's Amended Complaint**, was served electronically via CM/ECF e-Filing upon:

        Daniel M. Edelman
        Cathleen M. Combs
        James O. Latturner
        Albert Hofeld, Jr.
        Edelman Combs Latturner & Goodwin LLC
        120 S. LaSalle Street, 18th Floor
        Chicago, IL  60606

this 24th day of August, 2005, on or before the hour of 5:00 p.m.


                                           s/Jonathan N. Ledsky

9

# EXHIBIT K

# UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JEFFREY BUSH and DEBORAH BUSH,

       Plaintiffs,

vs.

AMERIQUEST MORTGAGE COMPANY,
AMERIQUEST MORTGAGE SECURITIES,
INC., AMC MORTGAGE SERVICES, INC.,
AND DOES 1-5,

       Defendants.

Case No. 5:06-cv-0184

Honorable Gordon J. Quist

---

| | |
|---|---|
| Daniel A. Edelman<br>Attorney for Plaintiffs<br>Edelman, Combs, Latturner & Goodwin, LLC<br>120 S. LaSalle Street, 18th Floor<br>Chicago, IL 60603<br>(312) 739-4200 | Mark D. van der Laan (P55921)<br>Sarah E. Heineman (P66202)<br>Attorneys for Ameriquest Mortgage<br>Company, Ameriquest Mortgage Securities,<br>Inc., and AMC Mortgage Services, Inc.<br>Dykema Gossett PLLC<br>300 Ottawa Avenue N.W., Suite 700<br>Grand Rapids, MI 49503<br>(616) 776-7500 |

---

### DEFENDANTS AMERIQUEST MORTGAGE COMPANY, AMERIQUEST MORTGAGE SECURITIES, INC., AND AMC MORTGAGE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

---

Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and

AMC Mortgage Services, Inc., by counsel, Dykema Gossett PLLC, for their Answer and

Affirmative Defenses to Plaintiffs' Complaint, state as follows:

### INTRODUCTION

1.    Plaintiffs Jeffrey Bush and Deborah Bush bring this action against a "subprime"

mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act,

15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and to recover damages under state law.

**ANSWER:**   Because paragraph 1 states conclusions of law, no answer is required. If any answer is required, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny any liability to plaintiff and deny that they may rescind their mortgage.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:**   Because paragraph 2 states conclusions of law, no answer is required.

## PARTIES

3.     Plaintiffs Jeffrey Bush and Deborah Bush own and reside in a single family home at 522 Cayuga, Benton Harbor, MI, 49022.

**ANSWER:**   Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations in paragraph 3 because they lack knowledge and information on which to base a responsive pleading.

4.     Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823 or 200 W. Adams, Chicago, IL 60603.

**ANSWER:**   Admitted.

5.     Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:**     Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. admit that Defendant Ameriquest Mortgage Company's business includes mortgage loan origination. These Defendants, however, do not know what plaintiff means by "subprime" mortgages, and thus, they neither admit nor deny the remaining allegations stated in paragraph 5 because they lack knowledge and information on which to base a responsive pleading.

6.     Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:**     Admitted.

7.     Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**     Because paragraph 7 states conclusions of law, no answer is required.

8.     During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:**     Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 9 because they lack knowledge and information on which to base a responsive pleading.

9.     Defendant AMC Mortgage Services, Inc., ("AMC") is a foreign corporation which does business in Michigan. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823 or 200 W. Adams, Chicago, IL, 60603.

**ANSWER:**     Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny that Defendant AMC Mortgage Services, Inc. is an affiliate of Ameriquest Mortgage Company but admit that Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Michigan and that its registered agent is National Registered Agents, Inc.

3

10.    Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny that Defendant AMC Mortgage Services, Inc. is an affiliate of Ameriquest Mortgage Company, and admit that AMC Mortgage Services, Inc. services loans, some of which have been originated by Ameriquest Mortgage Company, and may have contractual rights related to such loans.

11.    Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. admit that Defendant Ameriquest Mortgage Securities, Inc., a wholly owned subsidiary of Ameriquest Mortgage Company, is a foreign corporation located at the referenced address, and holds legal title to some loans originated by Ameriquest Mortgage Company, but deny that it is an affiliate of Ameriquest Mortgage Company or that it does business in Michigan.

## FACTS RELATING TO PLAINTIFFS

12.    Plaintiffs are ordinary consumers. The Bush's home is the first one they have owned. They purchased it in 2003 with a Veterans Administration-backed loan. Mr. Bush is an honorably-discharged, disabled Vietnam veteran. He is decorated with a Bronze Star and a Purple Heart for his service to his country.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 12 because they lack knowledge and information on which to base a responsive pleading.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

13.    Prior to October 18, 2005, Ameriquest repeatedly solicited plaintiffs by phone for a refinance mortgage loan. At all relevant times, an Ameriquest employee by the name of Ronald Sanford ("Ron") communicated with plaintiffs.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 13 because they lack knowledge and information on which to base a responsive pleading.

14.    Plaintiffs then applied for the loan with Ameriquest Mortgage Company through Ron.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 14 because they lack knowledge and information on which to base a responsive pleading.

15.    Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 15 because they lack knowledge and information on which to base a responsive pleading.

16.    Plaintiffs' main reason for refinancing was to consolidate and payoff debts, especially the larger balances they owed to AT&T and Citibank. Plaintiffs explained this to Ron.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 16 because they lack knowledge and information on which to base a responsive pleading.

17.    Ameriquest closed the loan in plaintiffs' home on Oct. 18, 2005. Ameriquest's closer showed up unannounced at about 7:00 or 8:00 in the evening. She then rushed the plaintiffs through the documents before departing. Plaintiffs received one set of documents at closing, and inexplicably another set was mailed to them later.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. admit that the referenced mortgage loan closed on October 18, 2005, and they neither admit nor deny the allegations stated in paragraph 17 because they lack knowledge and information on which to base a responsive pleading.

18.    The following are documents relating to the loan:

   a.    A note, Exhibit A;

   b.    A mortgage, Exhibit B;

   c.    A settlement statement, Exhibit C;

   d.    A Truth in Lending statement, Exhibit D;

   e.    A list of "items to be paid off from loan proceeds," Exhibit E;

   f.    "Itemization of settlement charges," Exhibit F;

   g.    The three-day notice of right to cancel required by the Federal Reserve

Board, Exhibit G. All copies delivered to plaintiffs were incomplete, as indicated.

   h.    A purported "one week" notice of right to cancel used solely by

Ameriquest and related companies, Exhibit H.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. submit that the referenced documents speak for themselves, deny any wrongdoing, deny any liability to plaintiffs, and neither admit nor deny the remaining allegations stated in paragraph 18 because they lack knowledge and information on which to base a responsive pleading.

19.    Ameriquest charged plaintiffs a notary fee of $300 (Exhibit C, line 1106), in

violation of Michigan state law (see below).

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. submit that the referenced document speaks for itself, deny any wrongdoing, deny any liability to plaintiffs, and neither admit nor deny the remaining allegations stated in paragraph 19 because they lack knowledge and information on which to base a responsive pleading.

20.    Ameriquest did not, in fact, pay off the debts that plaintiffs most wanted and

needed to be paid off.

**ANSWER:**   Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 20 because they lack knowledge and information on which to base a responsive pleading.

21.    In connection with the loan, Ameriquest arranged for an artificially and fraudulently inflated appraisal of plaintiffs' home.

**ANSWER:**   Denied.

22.    After closing, plaintiffs discovered that the typed, pre-printed loan application prepared by Ameriquest and provided to plaintiffs at closing, <u>Exhibit I</u>, states that the value of plaintiffs' real property is $110,000. Ron and/or Ameriquest inserted this false information in the loan application, representing thereby that plaintiffs qualified for the loan.

**ANSWER:**   Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. submit that the referenced document speaks for itself, deny any wrongdoing, deny any liability to plaintiffs, and neither admit nor deny the remaining allegations stated in paragraph 22 because they lack knowledge and information on which to base a responsive pleading.

23.    <u>Exhibit J</u>, the appraisal report prepared by Joel Nanzer and JBN appraisal Corp. and signed by Nanzer on October 18, 2004, the day as (sic) closing, indicates a value of $112,000. Plaintiffs did not receive a copy of this report until August, 2006. The cover letter sent with the report states it is confidential and purports to release all claims against AMC and its affiliates. <u>Exhibit J</u>.

**ANSWER:**   Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. submit that the referenced document speaks for itself, deny any wrongdoing, deny any liability to plaintiffs, and neither admit nor deny the remaining allegations stated in paragraph 23 because they lack knowledge and information on which to base a responsive pleading.

24.    No appraisal inspector ever set foot inside plaintiffs' home.

**ANSWER:**   Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 24 because they lack knowledge and information on which to base a responsive pleading.

25.     Prior to closing, when Ron asked Mr. Bush what he thought his home was worth,

Mr. Bush told him $90,000. Plaintiffs had purchased the home in 2003 for $85,000.

**ANSWER:**     Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 25 because they lack knowledge and information on which to base a responsive pleading.

26.     Ameriquest conspired with Nanzer in advance to arrange for and obtain an

appraised value that would support the amount that Ameriquest wanted to loan to plaintiffs. This

was done for the purpose of increasing Ron's commission, Ameriquest's points and fees, interest

income and profits and to perpetuate Nanzer's frequent business with Ameriquest.

**ANSWER:**     Denied.

27.     Further, Ameriquest gave plaintiffs a higher interest rate than they had with their

previous mortgagee. About a month before closing, when Ron told plaintiffs over the phone that

Ameriquest was going to increase the interest rate for their loan to over 8%, he also told them

that they could refinance a year later and receive the lower interest rate that he had promised

them initially, which was about 6%.

**ANSWER:**     Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 27 because they lack knowledge and information on which to base a responsive pleading.

28.     However, Ameriquest and Nanzer's inflated appraisal may mean that plaintiffs

are prevented from refinancing out of their Ameriquest loan.

**ANSWER:**     Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 28 because they lack knowledge and information on which to base a responsive pleading.

29.     The adjustable interest rate Ameriquest gave plaintiffs can climb as high as 14.5%

(Exhibit A). Plaintiffs' interest rate can increase by as much as 2% at the first change date in

November, 2007. (<u>Id</u>.) Thereafter, plaintiffs' rate can increase by 1% in each six-month period.

ad.) The rate can never go lower than 8.5%. (<u>Id</u>.)

**ANSWER:** Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. submit that the referenced document speaks for itself, deny any wrongdoing, deny any liability to plaintiffs, and neither admit nor deny the remaining allegations stated in paragraph 19 because they lack knowledge and information on which to base a responsive pleading.

30.    The combined effect of the inflated appraisal and the adjustable interest rate is especially vicious: Ameriquest has effectively trapped plaintiffs in a loan that is increasingly unaffordable, threatening the loss of their home.

**ANSWER:** Denied.

31.    Plaintiffs were later directed to pay AMC.

**ANSWER:** Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 31 because they lack knowledge and information on which to base a responsive pleading.

32.    On information and belief, Ameriquest Mortgage Securities, Inc., owns plaintiffs' loan.

**ANSWER:** Denied.

33.    In the event Ameriquest Mortgage Securities, Inc., does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** Because paragraph 33 makes conclusions of law, no answer is required.

## COUNT I - TRUTH IN LENDING ACT

34.    Plaintiffs incorporate paragraphs 1-33.

**ANSWER:** Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. restate their answers to paragraphs 1-33 in answer to this paragraph.

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·300 OTTAWA AVENUE N.W., SUITE 700·GRAND RAPIDS, MICHIGAN 49503

35.    This claim is against Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc.

**ANSWER:**    Because paragraph 35 makes conclusions of law, no answer is required.

## **RIGHT TO RESCIND**

36.    Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

(a) <u>Consumer's right to rescind</u>.

> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·300 OTTAWA AVENUE N.W., SUITE 700·GRAND RAPIDS, MICHIGAN 49503

rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires....

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

**ANSWER:**    Because paragraph 36 makes conclusions of law, no answer is required.

### GROUNDS FOR RESCISSION

37.    In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:**    Denied.

38. All copies of the federal notice of right to cancel delivered to plaintiffs were incomplete in that the transaction and cancellation dates were not filled in.

**ANSWER:**    Denied.

39.    Next, the delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the

11

statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 163 5.

**ANSWER:**     Denied.

40.     Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:**     Denied.

41.     Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:**     Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 41 because they lack knowledge and information on which to base a responsive pleading.

42.     Notice of rescission has been given to defendants. A copy is attached as Exhibit K.

**ANSWER:**     Because paragraph 42 makes conclusions of law, no answer is required.  If any answer is required, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny any liability to plaintiffs and deny that they may rescind their mortgage.

43.     The loan has not been rescinded.

**ANSWER:**     Because paragraph 43 makes conclusions of law, no answer is required.  If any answer is required, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny any liability to plaintiffs and deny that they may rescind their mortgage.

44.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     Because paragraph 44 makes conclusions of law, no answer is required.  If any answer is required, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny any liability to plaintiffs and deny that they may rescind their mortgage.

45.     15 U.S.C. §1635(g) provides:

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:**    Because paragraph 45 makes conclusions of law, no answer is required. If any answer is required, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny any liability to plaintiffs, deny that they may rescind their mortgage, and deny that they are entitled to any relief in this action.

WHEREFORE, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. request that the Court dismiss this action in its entirety with prejudice and award them their costs and attorney fees.

## COUNT II- MORTGAGE BROKERS. LENDERS, AND SERVICERS LICENSING ACT

46.    Plaintiffs incorporate paragraphs 1-33. [sic] This claim is against Ameriquest.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. restate their answers to paragraphs 1-45 in answer to this paragraph.

47.    Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by charging a notary fee of $300 This violates MCL §55.285, which provides:

The fee charged by a notary public for performing a notarial act shall not be more than $10.00 for any individual transaction or notarial act. A notary public shall either conspicuously display a sign or expressly advise a person concerning the fee amount to be charged for a notarial act before the notary public performs the act. Before the notary public commences to travel in order to perform a notarial act, the notary public and client may agree concerning a separate travel fee to be charged by the notary public for traveling to perform then notarial act.

ANSWER:    Denied.

48.    Ameriquest engaged in deceit by charging plaintiffs an excessive notary fee.

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·300 OTTAWA AVENUE N.W., SUITE 700·GRAND RAPIDS, MICHIGAN 49503

**ANSWER:**    Denied.

WHEREFORE, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. request that the Court dismiss this action in its entirety with prejudice and award them their costs and attorney fees.

**COUNT III - MICHIGAN MORTGAGE BROKERS,
LENDERS AND SERVICERS LENDING ACT**

49.    Plaintiffs incorporate paragraphs 1-33. [sic] This claim is against Ameriquest Mortgage Company.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. restate their answers to paragraphs 1-48 in answer to this paragraph.

50.    Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by

a.    Fraudulently inserting an inflated value for plaintiffs' property on the plaintiffs' loan application;

b.    Misrepresenting plaintiffs' ability to qualify for the mortgage loan by misrepresenting the value of the home that would secure payment of the loan; and

d.    Arranging and conspiring with Nanzer to fraudulently inflate the appraised value of plaintiffs' home in order to conceal the fact that it falsified the value of the property on its loan application; and

e.    Misrepresenting to plaintiffs that they could refinance out of the high-interest rate loan after one year when Ameriquest knew that, because of the inflated appraisal, refinancing would likely be impossible.

**ANSWER:**    Denied.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•200 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

51.     Plaintiffs were induced to close a $100,000 loan with Ameriquest by means of these misrepresentations.

**ANSWER:**    Denied.

52.     Defendant Ameriquest made the misrepresentations in the course of trade and commerce.

**ANSWER:**    Denied.

53.     Defendant Ameriquest made the misrepresentations for the purpose of inducing plaintiffs' reliance, in the form of having them take out the loan.

**ANSWER:**    Denied.

WHEREFORE, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. request that the Court dismiss this action in its entirety with prejudice and award them their costs and attorney fees.

## COUNT IV - COMMON LAW FRAUD

54.     Plaintiffs incorporate paragraphs 1-33. [sic]

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. restate their answers to paragraphs 1-53 in answer to this paragraph.

55.     Ameriquest represented that plaintiffs qualified for the loan because of the appraised value of plaintiffs' property.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny any wrongdoing, deny any liability to plaintiffs, and neither admit nor deny the remaining allegations stated in paragraph 55 because they lack knowledge and information on which to base a responsive pleading.

56.     Ameriquest fraudulently inflated the value of plaintiffs' property and, therefore, the representation that plaintiffs qualified for the loan was also false and fraudulent.

**ANSWER:**    Denied.

15

57.   The value of plaintiffs' property was material to the terms of their transaction with Ameriquest.

**ANSWER:**   Because paragraph 57 makes conclusions of law, no answer is required.  If any answer is required, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny any liability to plaintiffs and neither admit nor deny the remaining allegations stated in paragraph 57 because they lack knowledge and information on which to base a responsive pleading.

58.   When Ameriquest inserted the false property value in the its loan application and arranged for Nanzer to reach a comparable result, Ameriquest knew that these representations of the appraised value were false.

**ANSWER:**   Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. submit that the referenced document speaks for itself, deny any wrongdoing, deny any liability to plaintiffs, and deny the allegations stated in paragraph 58 as untrue.

59.   Ameriquest made the representations with the intent that they would be acted upon by plaintiffs.

**ANSWER:**   Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny any wrongdoing, deny any liability to plaintiffs, and deny the allegations stated in paragraph 59 as untrue.

60.   In reliance on Ameriquest's representations, plaintiffs closed on the loan with Ameriquest.

**ANSWER:**   Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. neither admit nor deny the allegations stated in paragraph 60 because they lack knowledge and information on which to base a responsive pleading.

61.   As a result of Ameriquest's inflated appraised value, plaintiffs have been injured in that they have been and will continue to be overcharged and are unable to refinance with another company.

**ANSWER:**   Denied.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503

WHEREFORE, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. request that the Court dismiss this action in its entirety with prejudice and award them their costs and attorney fees.

### COUNT V - DAMAGES RESULTING FROM CIVIL CONSPIRACY

62.    Plaintiffs incorporate paragraphs 1-33. [sic] This claim is against Ameriquest.

**ANSWER:**    Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. restate their answers to paragraphs 1-61 in answer to this paragraph.

63.    Ameriquest combined and conspired with Nanzer to arrange for and produce a fraudulent, appraised value for plaintiffs' property.

**ANSWER:**    Denied.

64.    Defendant took concerted and overt actions to accomplish this fraudulent purpose.

**ANSWER:**    Denied.

65.    Among other things, defendant conspired - out of excessive concern for its own profits - to misrepresent, conceal and suppress the actual market value of plaintiffs property.

**ANSWER:**    Denied.

66.    Plaintiffs were damaged as a result of defendants' conspiracy. The inflated appraisal has resulted in them being overcharged and prevents them from refinancing with a more reputable company.

**ANSWER:**    Denied.

WHEREFORE, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny any liability to Plaintiffs, deny they are entitled to rescind their mortgage, and deny they are entitled to any recovery in this action, and request that Plaintiffs' Complaint be dismissed in its entirety with prejudice and that Defendants

17

Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. be awarded their costs and attorney fees incurred in defending this action.

### AFFIRMATIVE DEFENSES

Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. have not yet had the opportunity to complete their discovery or investigation of this matter, and therefore, rely upon such of the following affirmative defenses as may prove applicable through discovery up to an including the time at trial:

1.    Plaintiffs' Complaint fails to state any claims against Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. upon which relief can be granted.

2.    Plaintiffs' claims are barred by the applicable statutes of limitations.

3.    Plaintiffs' claims are barred in whole or in part under the doctrines of estoppel, laches and/or waiver.

4.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.    Plaintiffs' claims are barred by the applicable statute of frauds.

6.    Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.    Plaintiffs' claims are barred or limited because the conduct complained of resulted from a bona fide error.

8.    Plaintiffs are barred from recovery as a result of their own wrongful or negligent conduct and their actions or omissions are the direct and/or proximate cause of all damages alleged in the Complaint.

9.    Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages because all required disclosures and notices were accurately and timely

made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

10.     Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

11.     Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because Plaintiff obtained their loan more than one year before filing suit and therefore is barred by the TILA's one-year statute of limitations.

12.     Plaintiffs' claims are barred by their failure to exhaust applicable administrative procedures and remedies.

Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. reserve the right to add other affirmative defenses as they become known.

WHEREFORE, Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. deny any liability to Plaintiffs, deny they are entitled to rescind their mortgage, and deny they are entitled to any recovery in this action, and request that Plaintiffs' Complaint be dismissed in its entirety with prejudice and that Defendants Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc. be awarded their costs and attorney fees incurred in defending this action.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: /s/ Mark D. van der Laan
    Mark D. van der Laan (P55921)
    Sarah E. Heineman (P66202)
    Attorneys for Ameriquest Mortgage
    Company, Ameriquest Mortgage Securities,
    Inc., and AMC Mortgage Services, Inc.
    300 Ottawa Avenue N.W., Suite 700
    Grand Rapids, MI 49503
    (616) 776-7500

Date: December 5, 2006

GR01\97416.1
ID\MDV

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•300 OTTAWA AVENUE N.W., SUITE 700•GRAND RAPIDS, MICHIGAN 49503