# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 0432 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Judge Coar |
| AMERIQUEST MORTGAGE SECURITIES, | ) | |
| INC. and AMC MORTGAGE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT AMERIQUEST MORTGAGE SECURITIES, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Ameriquest Mortgage Securities, Inc. ("Mortgage Securities"), by its attorneys,

answers Plaintiff's amended complaint as follows:

1.     Plaintiff Shirley Jones brings this action against a "subprime" mortgage lender to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**    Mortgage Securities admits that Plaintiff has filed a lawsuit against it.

Mortgage Securities objects to the term "subprime" as vague.  Mortgage Securities is without

knowledge or information sufficient to form a belief as to the truth of the intended characterization

of the term "subprime."  Mortgage Securities denies all remaining allegations in Paragraph 1.

Mortgage Securities specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, or

implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), and 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).  Defendant does business in the District and is deemed to reside here.

**ANSWER:**    Mortgage Securities does not contest subject matter jurisdiction, personal

jurisdiction, or venue.  Mortgage Securities denies any remaining allegations in Paragraph 2.

3.     Plaintiff owns and resides in a home at 6151 S. Wolcott, Chicago, IL 60636.

**ANSWER:**    Mortgage Securities is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 3 and, therefore, denies same.

4.    Defendant Ameriquest Mortgage Company is a Delaware corporation that does business in Illinois. It maintains at least six loan origination offices in the Chicago Metropolitan area. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:**    Mortgage Securities admits the allegations in the first sentence of Paragraph

4. Mortgage Securities is without knowledge or information sufficient to form a belief as to the

truth of the allegations in the second and third sentences of Paragraph 4 and, therefore, denies same.

Mortgage Securities denies any remaining allegations in Paragraph 4.

5.    Defendant Ameriquest Mortgage Securities, Inc. ("AMS"), is a Delaware corporation with its principal place of business in Orange, CA. It does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 West Adams Street, Chicago, IL, 60606. It is engaged in the business of owning and holding non-prime or "sub-prime" mortgages. Ameriquest and AMS are subsidiaries of the same parent corporation, ACC Capital Holdings Corporation.

**ANSWER:**    Mortgage Securities admits that Ameriquest Mortgage Securities, Inc. is a

Delaware corporation with its principal place of business in Orange, CA. Mortgage Securities denies

that Ameriquest Mortgage Securities, Inc. does business in Illinois or that its registered agent and

office are National Registered Agents, Inc., 200 West Adams Street, Chicago, IL, 60606. Mortgage

Securities objects to the term "subprime" as vague. Mortgage Securities is without knowledge or

information sufficient to form a belief as to the truth of the intended characterization of the term

"subprime," and, therefore, denies the allegations in the third sentence of Paragraph 5. Mortgage

Securities admits that Ameriquest Mortgage Company is a subsidiary of ACC Capital Holdings

Corporation. Mortgage Securities denies that Ameriquest Mortgage Securities, Inc. is a subsidiary of

ACC Capital Holdings Corporation.

6.    Defendant AMC Mortgage Services, Inc. ("AMC"), is a Delaware Corporation with its principal place of business in Orange, CA. It does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 West Adams Street, Chicago, IL 60606. AMC is also a subsidiary of ACC Capital Holdings Corporation.

ANSWER:    Mortgage Securities admits the allegations in Paragraph 6.

7.    Prior to March 12, 2002, plaintiff applied for a loan from Ameriquest.

ANSWER:    Mortgage Securities admits the allegations in Paragraph 7.

8.    The closing of the loan took place in plaintiff's home on March 12, 2002. The closing was performed by an Ameriquest employee, Nicole Gray.

ANSWER:    Mortgage Securities denies the allegations in Paragraph 8.

9.    Most of the loan proceeds were used for personal, family or household purposes – refinancing of prior debts obtained for that purpose.

ANSWER:    Mortgage Securities is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies same.

10.    At the March 12, 2002 closing, Ameriquest informed plaintiff that the loan would be more expensive than previously quoted, by providing plaintiff the "Borrower's Acknowledgement of Final Loan Terms," attached as Exhibit A.

ANSWER:    Mortgage Securities denies the allegations in Paragraph 10.

11.    In connection with the March 12, 2002 transaction, plaintiff signed the following documents:

      a.    A note, a true an accurate photocopy of which is attached hereto as Exhibit B;

      b.    A mortgage, Exhibit C;

      c.    A settlement statement on form HUD-1A, Exhibit D;

      d.    A Truth in Lending disclosure statement, Exhibit E;

      e.    A notice of right to cancel, Exhibit F;

      f.    A document entitled "one week cancellation period," Exhibit G.

ANSWER:    Mortgage Securities admits that Plaintiff entered into a loan transaction with Ameriquest Mortgage Company. Mortgage Securities denies any remaining allegations in Paragraph 11.

3

12.    However, Ms. Gray did not give <u>any</u> copies of <u>any</u> of the closing documents to Ms. Jones to have and keep at the closing on March 12, 2002.

**ANSWER:**    Mortgage Securities denies the allegations in Paragraph 12.

13.    Among the copies of documents that Ms. Gray did not leave with Ms. Jones at the closing were the federal Notice of Right to Cancel (<u>Exhibit F</u>) and the final Truth In Lending Disclosure Statement (<u>Exhibit E</u>).

**ANSWER:**    Mortgage Securities denies the allegations in Paragraph 13.

14.    Instead, a set of the closing documents, including the Notice of Right to Cancel and TILA Statement were sent to plaintiff <u>via</u> FedEx on April 5, 2002. A copy of the Fedex Envelope is attached hereto as <u>Exhibit H</u>.

**ANSWER:**    Mortgage Securities is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 14 and, therefore, denies same.

15.    Ameriquest subsequently assigned ownership of the loan to defendant AMS. AMS is the current holder or owner of the loan.

**ANSWER:**    Mortgage Securities admits the allegations in Paragraph 15.

16.    Ameriquest assigned the servicing rights over the loan to defendant AMC. AMC currently services plaintiff's loan. Because it claims the rights of a mortgage loan servicer (i.e., to collect payments, to report to credit bureaus and to foreclose on the mortgage if necessary), it is necessary party under F.R.C.P. 19.

**ANSWER:**    Mortgage Securities denies that Ameriquest Mortgage Company assigned

servicing rights of the loan to AMC Mortgage Services, Inc., but admits that Ameriquest Mortgage

Company transferred servicing rights to AMC Mortgage Services, Inc.. Mortgage Securities admits

that AMC Mortgage Services, Inc. currently services Plaintiff's loan. Mortgage Securities denies that

AMC Mortgage Services, Inc. is a necessary party under F.R.C.P. 19 and denies any remaining

allegations in Paragraph 16.

17.    Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

(a) **Consumer's right to rescind.**

4

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind.</u>  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) <u>Exempt transactions.</u>  The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

**ANSWER:**    Mortgage Securities is without knowledge or information sufficient to form a belief as to the truth of the allegations that the transaction was secured by Plaintiff's home. Mortgage Securities denies that 12 C.F.R. §226.23(f)(2) states "(2) A credit plan in which a state agency is a creditor." Mortgage Securities admits that the remaining allegations in Paragraph 17 contain a portion of the text of 12 C.F. R. § 226.23. Mortgage Securities denies the allegations of Paragraph 17 insofar as they purport to make any allegation of wrongdoing by Mortgage Securities under said statute. Mortgage Securities denies the remaining allegations in Paragraph 17.

18.    Ameriquest did not provide the TILA Disclosure Statement (Exhibit E) at the time and in the manner required by 15 U.S.C. § 1638(b)(1) and Regulation Z, 12 C.F.R. § 226.17(b).

**ANSWER:**    Mortgage Securities denies the allegations in Paragraph 18.

19.    Plaintiff was provided with a federal Notice of Right to Cancel on April 5, 2002 that stated that her right to cancel expired three weeks earlier, on March 15, 2002.

**ANSWER:**    Mortgage Securities is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies same.

20.    Further, Exhibit E did not fully and completely disclose the payment schedule, in that the intervals and due dates of the payments are not stated.

**ANSWER:**    Mortgage Securities denies the allegations in Paragraph 20.

21.    Exhibit G detracts from and obfuscates Exhibit F. Exhibit G suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635. Exhibit G also provides for a different method of counting days and requires actual receipt of the notice by Ameriquest within the specified time.

**ANSWER:**    Mortgage Securities denies the allegations in Paragraph 21.

22.    Plaintiff is entitled to rescind against "any assignee." 15 U.S.C. 1641(c).

**ANSWER:**      Mortgage Securities denies the allegations in Paragraph 22.

23.      Plaintiff has given proper notice of her intent to rescind.

**ANSWER:**      Mortgage Securities denies the allegations in Paragraph 23.

24.      15 U.S.C. §1635(g) provides:

**Additional relief**

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:**      Mortgage Securities admits that the allegations in Paragraph 24 contain the text of 15 U.S.C. §1635(g). Mortgage Securities denies the allegations in Paragraph 24 insofar as they purport to make any allegation of wrongdoing by Mortgage Securities under said statute. Mortgage Securities denies the remaining allegations in Paragraph 24.

25.      Plaintiff incorporates ¶¶ 1-24.

**ANSWER:**      Mortgage Securities incorporates by reference its answers to Paragraphs 1-24 above as its answers to Paragraph 25.

26.      The failure to provide the TILA disclosure statement "before consummation" violates 15 U.S.C. § 1638(b)(1) and Regulation Z, 12 C.F.R. § 226.17(b).

**ANSWER:**      Mortgage Securities denies the allegations in Paragraph 26.

27.      The failure to fully and completely disclose the payment schedule violates 15 U.S.C. §1638 and 12 C.F.R. § 226.28.

**ANSWER:**      Mortgage Securities denies the allegations in Paragraph 27.

28.      The provision of an apparently expired notice of right to cancel violates the "clear and conspicuous" disclosure requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

**ANSWER:**      Mortgage Securities denies the allegations in Paragraph 28.

29.      The provision of two, inconsistent and confusing notices of right to cancel violates the "clear and conspicuous" disclosure requirement" of 15 U.S.C. § 1635 and 12 C.F.R. §226.23.

**ANSWER:**    Mortgage Securities denies the allegations in Paragraph 29.

## AFFIRMATIVE DEFENSES

Defendant Mortgage Securities states as its affirmative defenses as follows:

1.    As stated in Plaintiff's Amended Complaint, Mortgage Securities is merely the assignee of Plaintiff's loan. Pursuant to 15 U.S.C. § 1641(a), an assignee can only be held liable under the Truth in Lending Act for violations that are "apparent on the face of the disclosure statement." Plaintiff's claims are not "apparent on the face of the disclosure statement" and therefore cannot state a claim against Mortgage Securities.

2.    Plaintiff's claims are barred by the statute of limitations under the Truth in Lending Act.

3.    Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

4.    If it should be deemed that Plaintiff is entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiff's reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiff's behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff reimbursing or otherwise returning all funds disbursed on her behalf to the holder of the loan in connection with the subject loan, less any finance charges.

WHEREFORE, Defendant Ameriquest Mortgage Securities, Inc. requests that this Court enter judgment in its favor and against Plaintiff, Shirley Jones, award Ameriquest Mortgage Securities, Inc. its costs, and provide such further and additional relief as it deems just and appropriate.

Dated:  August 29, 2005                    Respectfully submitted,

                                           AMERIQUEST MORTGAGE SECURITIES,
                                           INC.,  Defendant


                                           By:  s/Jonathan N. Ledsky
                                                    One of its Attorneys


Craig A. Varga
Jonathan N. Ledsky
Jaime S. Roginski-Kord
VARGA BERGER LEDSKY HAYES & CASEY
224 South Michigan Avenue, Suite 350
Chicago, Illinois  60604
(312) 341-9400

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the

foregoing, **Defendant Ameriquest Mortgage Securities, Inc.'s Answer to Plaintiff's Amended**

**Complaint,** was served electronically via CM/ECF e-Filing upon:

        Daniel M. Edelman
        Cathleen M. Combs
        James O. Latturner
        Albert Hofeld, Jr.
        Edelman Combs Latturner & Goodwin LLC
        120 S. LaSalle Street, 18th Floor
        Chicago, IL  60606

this 29th day of August, 2005, on or before the hour of 7:00 p.m.


                                           s/Jonathan N. Ledsky

# EXHIBIT N

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JUDY PERRY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 05 C 6172 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Judge Moran |
| AMERIQUEST MORTGAGE SECURITIES, | ) | |
| INC., AMC MORTGAGE SERVICES, INC., and | ) | |
| DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT AMERIQUEST MORTGAGE SECURITIES, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Ameriquest Mortgage Securities, Inc. ("AMS"), by its attorneys, answers

Plaintiff's complaint as follows:

1.    Plaintiff Judy Perry (erroneously referred to as "Pierce" on some exhibits hereto) brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**    AMS admits that Plaintiff has filed a lawsuit against it. AMS objects to the

term "subprime" as vague. AMS is without knowledge or information sufficient to form a belief as

to the truth of the intended characterization of the term "subprime." AMS denies all remaining

allegations in Paragraph 1. AMS specifically denies that it violated the Truth in Lending Act, 15

U.S.C. § 1601, or implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:**    AMS does not contest subject matter jurisdiction, personal jurisdiction, or

venue. AMS denies the remaining allegations in Paragraph 2.

3.    Plaintiff Judy Perry owns and resides in a home at 9216 S. Greenwood Avenue, Chicago, IL 60619.

**ANSWER:**    AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies same.

4.    Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:**    AMS admits that Ameriquest Mortgage Company is a corporation incorporated in a state other than Illinois, that Ameriquest Mortgage Company maintains offices and does business in Illinois, and that Ameriquest Mortgage Company's registered agent is National Registered Agents, Inc., at 200 West Adams, Chicago, Illinois 60606. AMS denies the remaining allegations in Paragraph 4.

5.    Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:**    AMS objects to the term "subprime" as vague. AMS is without knowledge or information sufficient to admit or deny the intended characterization of the term "subprime." AMS admits that Ameriquest Mortgage Company is in the business of originating loans secured by mortgages. AMS denies the remaining allegations in Paragraph 5.

6.    Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:**    AMS objects to the allegations in Paragraph 6 as vague. AMS admits that, during the relevant time period of Plaintiff's loan, Ameriquest Mortgage Company made more than 26 loans per year. AMS denies any remaining the allegations in Paragraph 6.

7.    Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**    AMS objects to the allegations in Paragraph 7 as vague. AMS admits that Ameriquest Mortgage Company may qualify as a "creditor," as defined by the Truth in Lending Act. AMS is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 3 as they relate to Plaintiff's loan, therefore, denies same. AMS denies any

remaining allegations in Paragraph 7.

8.      Defendant AMC Mortgage Services, Inc. is a foreign corporation which does
business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams,
Chicago, IL 60606.

**ANSWER:**    AMS admits that AMC Mortgage Services, Inc. is a corporation incorporated

in a state other than Illinois, that AMC Mortgage Services, Inc. does business in Illinois, and that

AMC Mortgage Services, Inc.'s registered agent is National Registered Agents, Inc., at 200 West

Adams Street, Chicago, Illinois 60606. AMS denies the remaining allegations in Paragraph 8.

9.      Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage
Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in
such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:**    AMS objects to the term "affiliate" as vague. AMS affirmatively states that

AMC Mortgage Services, Inc. and Ameriquest Mortgage Company are sister companies. AMS

admits that AMC Mortgage Services, Inc. services loans and that AMC Mortgage Services, Inc.

services loans originated by Ameriquest Mortgage Company. AMS denies the remaining allegations

in Paragraph 9.

10.      Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage
Company, is a foreign corporation which transacts business in Illinois. It holds legal title to loans
originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite
1100, Orange, CA 92868.

**ANSWER:**    AMS objects to the term "affiliate" as vague. AMS affirmatively states that it

is a subsidiary of Ameriquest Mortgage Company. AMS admits that it is a corporation incorporated

in a state other than Illinois, that it is the assignee of certain loans originated by Ameriquest

Mortgage Company, and that it is located at 1100 Town & Country Road, Suite 1100, Orange,

California 92868. AMS denies the remaining allegations in Paragraph 10.

11.      Prior to Nov. 17, 2004, plaintiff applied for a mortgage with Ameriquest Mortgage
Company.

3

**ANSWER:**   AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies same.

12.   Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**   AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies same.

13.   The loan was closed on Nov. 17, 2004.

**ANSWER:**   AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies same.

14.   Immediately prior to the closing, plaintiff was informed that the loan terms were being altered to her detriment, as set forth on Exhibit A.

**ANSWER:**   AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies same.

15.   Plaintiffs signed or received (not necessarily prior to consummation) the following documents relating to the loan:

    a.   A note, Exhibit B;

    b.   A mortgage, Exhibit C;

    c.   A Truth in Lending disclosure statement, Exhibit D.

    d.   Several copies of two different notices of right to cancel, Exhibits E and F;

**ANSWER:**   AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies same

16.   None of the copies of Exhibit E delivered to plaintiff was filled in.

**ANSWER:**   AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies same.

17.   Plaintiff was later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:**     AMS is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 17 and, therefore, denies same.

18.     On information and belief, Ameriquest Mortgage Securities, Inc. owns plaintiff's
loan.

**ANSWER:**     AMS denies the allegations in Paragraph 18.

19.     In the event Ameriquest Mortgage Securities, Inc. does not own plaintiff's loan
(actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**     AMS is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 19 and, therefore, denies same.

20.     Because the transaction was secure by plaintiff's home, and was not entered into for
purposes of the initial acquisition or construction of that home, it was subject to the right to cancel
provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

> (a)     Consumer's right to rescind.
>
> (1) In a credit transaction in which a security interest is or will be
> retained or acquired in a consumer's principal dwelling, each
> consumer whose ownership interest is or will be subject to the security
> interest shall have the right to rescind the transaction, except for
> transactions described in paragraph (f) of this section. [fn]47
>
> (2) To exercise the right to rescind, the consumer shall notify the
> creditor of the rescission by mail, telegram or other means of written
> communication.  Notice is considered given when mailed, when filed
> for telegraphic transmission or, if sent by other means, when delivered
> to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of
> the third business day following consummation, delivery of the notice
> required by paragraph (b) of this section, or delivery of all material
> disclosures,[fn]48 whichever occurs last.  If the required notice or
> material disclosures are not delivered, the right to rescind shall expire
> 3 years after consummation, upon transfer of all of the consumer's
> interest in the property, or upon sale of the property, whichever occurs
> first.  In the case of certain administrative proceedings, the rescission
> period shall be extended in accordance with section 125(f) of the Act.
> [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to
> rescind, the exercise of the right by one consumer shall be effective as
> to all consumers.

(b)     Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f)     Exempt transactions.  The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

ANSWER:     AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations that the transaction was secured by Plaintiff's home.  AMS denies that 12 C.F.R. §226.23(f)(2) states "(2) A credit plan in which a state agency is a creditor."  AMS admits that the remaining allegations in Paragraph 20 contain a portion of the text of 12 C.F. R. § 226.23.  AMS denies the allegations of Paragraph 20 insofar as they purport to make any allegation of wrongdoing by AMS under said statute.  AMS denies the remaining allegations in Paragraph 20.

21.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiff's right to cancel within three days.

ANSWER:     AMS denies the allegations in Paragraph 21.

22.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:**     AMS denies the allegations in Paragraph 22.

23.     Notice of rescission has been given to defendants. A copy is attached as Exhibit G.

**ANSWER:**     AMS denies that Plaintiff properly sought to rescind the loan against AMS and denies that Plaintiff has any right to rescind the loan against AMS.

24.     The loan has not been rescinded.

**ANSWER:**     AMS denies that Plaintiff properly sought to rescind the loan against AMS and denies that Plaintiff has any right to rescind the loan against AMS. AMS is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 24 and, therefore, denies same.

25.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     AMS denies the allegations in Paragraph 25.

26.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:**     AMS admits that the allegations in Paragraph 26 contain the text of 15 U.S.C. §1635(g). AMS denies the allegations in Paragraph 26 insofar as they purport to make any allegation of wrongdoing by AMS under said statute. AMS denies the remaining allegations in Paragraph 26.

## AFFIRMATIVE DEFENSES

AMS states as its affirmative defenses as follows:

1.    Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2.    If it should be deemed that Plaintiff is entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiff's reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiff's behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity.  Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff reimbursing or otherwise returning all funds disbursed on her behalf to the holder of the loan in connection with the subject loan, less any finance charges.

WHEREFORE, Defendant Ameriquest Mortgage Securities, Inc. requests that this Court enter judgment in its favor and against Plaintiff, Judy Perry, award Ameriquest Mortgage Securities, Inc. its costs, and provide such further and additional relief as it deems just and appropriate.

Dated: December 21, 2005                     Respectfully submitted,

                                             AMERIQUEST MORTGAGE SECURITIES,
                                             INC., Defendant


                                             By:    s/Jonathan N. Ledsky
                                                    One of its Attorneys

Craig A. Varga
Jonathan N. Ledsky
Jaime S. Roginski-Kord
Varga Berger Ledsky Hayes & Casey
224 South Michigan Avenue
Suite 350
Chicago, IL  60604
(312) 341-9400
(312) 341-2900 (facsimile)

8

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the

foregoing **Defendant Ameriquest Mortgage Securities, Inc.'s Answer to Plaintiff's Complaint**

was served electronically upon counsel of record:

Daniel A. Edelman (courtecl@aol.com dedelman@edcombs.com)

by the filing of said document through the Court's electronic filing system this 21st day of

December, 2005.

s/Jonathan N. Ledsky

# EXHIBIT O

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH E. BROWN and MONICA BROWN,    )
                                      )
            Plaintiffs,               )
                                      )
    vs.                               )        No. 05 C 5111
                                      )
AMERIQUEST MORTGAGE COMPANY,          )        Judge Kennelly
AMERIQUEST MORTGAGE SECURITIES,       )
INC., AMC MORTGAGE SERVICES, INC., and )
DOES 1-5,                             )
                                      )
            Defendants.               )

DEFENDANT AMERIQUEST MORTGAGE SECURITIES, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, Ameriquest Mortgage Securities, Inc. ("AMS"), by its attorneys, answers

Plaintiffs' complaint as follows:

1.    Plaintiffs Kenneth E. Brown and Monica Brown brings this action against a
"subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in
Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board
Regulation Z, 12 C.F.R. part 226.

**ANSWER:**    AMS admits that Plaintiffs have filed a lawsuit against it. AMS objects to the

term "subprime" as vague. AMS is without knowledge or information sufficient to form a belief as

to the truth of the intended characterization of the term "subprime." AMS denies all remaining

allegations in Paragraph 1. AMS specifically denies that it violated the Truth in Lending Act, 15

U.S.C. § 1601, or implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal
question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business
in the District and are deemed to reside here.

**ANSWER:**    AMS does not contest subject matter jurisdiction, personal jurisdiction, or

venue. AMS denies the remaining allegations in Paragraph 2.

3.    Plaintiffs Kenneth E. Brown and Monica Brown own and reside in a home at 2614 Rohlwing Road, Rolling Meadows, IL 60008.

**ANSWER:**    AMS is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 3 and, therefore, denies same.

4.    Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:**    AMS admits that Ameriquest Mortgage Company is a corporation

incorporated in a state other than Illinois, that Ameriquest Mortgage Company maintains offices and

does business in Illinois, and that Ameriquest Mortgage Company's registered agent is National

Registered Agents, Inc., at 200 West Adams, Chicago, Illinois 60606.  AMS denies the remaining

allegations in Paragraph 4.

5.    Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:**    AMS objects to the term "subprime" as vague.  AMS is without knowledge

or information sufficient to admit or deny the intended characterization of the term "subprime."

AMS admits that Ameriquest Mortgage Company is in the business of originating loans secured by

mortgages.  AMS denies the remaining allegations in Paragraph 5.

6.    Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:**    AMS admits the allegations in Paragraph 6.

7.    Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**    AMS admits the allegations in Paragraph 7.

8.    Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:**    AMS admits that AMC Mortgage Services, Inc. is a corporation incorporated

in a state other than Illinois, that AMC Mortgage Services, Inc. does business in Illinois, and that

13

AMC Mortgage Services, Inc.'s registered agent is National Registered Agents, Inc., at 200 West

Adams Street, Chicago, Illinois 60606. AMS denies the remaining allegations in Paragraph 8.

9.    Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage
Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in
such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:**    AMS objects to the term "affiliate" as vague. AMS affirmatively states that

AMC Mortgage Services, Inc. and Ameriquest Mortgage Company are sister companies. AMS

admits that AMC Mortgage Services, Inc. services loans and that AMC Mortgage Services, Inc.

services loans originated by Ameriquest Mortgage Company. AMS denies the remaining allegations

in Paragraph 9.

10.    Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage
Company, is a foreign corporation which transacts business in Illinois. It holds legal title to loans
originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite
1100, Orange, CA 92868.

**ANSWER:**    AMS objects to the term "affiliate" as vague. AMS affirmatively states that it

is a subsidiary of Ameriquest Mortgage Company. AMS admits that it is a corporation incorporated

in a state other than Illinois, that it is the assignee of certain loans originated by Ameriquest

Mortgage Company, and that it is located at 1100 Town & Country Road, Suite 1100, Orange,

California 92868. AMS denies the remaining allegations in Paragraph 10.

11.    Prior to December 10, 2004, plaintiffs applied for a mortgage with Ameriquest
Mortgage Company.

**ANSWER:**    AMS is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 11 and, therefore, denies same.

12.    Plaintiffs needed and used the loan for personal, family or household purposes,
namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**    AMS is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 12 and, therefore, denies same.

13.    The loan was closed on December 10, 2004.

14

**ANSWER:**    AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies same.

    14.    Plaintiff signed or received the following documents relating to the loan:

        a.    A note, Exhibit A;

        b.    A mortgage, Exhibit B;

        c.    A settlement statement, Exhibit C;

        d.    A Truth in Lending disclosure statement, Exhibit D;

        e.    Two different notices of right to cancel, Exhibits E and F.

**ANSWER:**    AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies same.

    15.    Exhibit E was not filled out.

**ANSWER:**    AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies same.

    16.    Plaintiff was later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:**    AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies same.

    17.    On information and belief, Ameriquest Mortgage Securities, Inc. owns plaintiffs' loan.

**ANSWER:**    AMS denies the allegations in Paragraph 17.

    18.    In the event Ameriquest Mortgage Securities, Inc. does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**    AMS denies the allegations in Paragraph 18.

    19.    Because the transaction was secure by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

(a)    Consumer's right to rescind.

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)    Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

16

(f)    Exempt transactions.  The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

**ANSWER:**    AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations that the transaction was secured by Plaintiffs' home.  AMS denies that 12 C.F.R. §226.23(f)(2) states "(2) A credit plan in which a state agency is a creditor."  AMS admits that the remaining allegations in Paragraph 19 contain a portion of the text of 12 C.F. R. § 226.23.  AMS denies the allegations of Paragraph 19 insofar as they purport to make any allegation of wrongdoing by AMS under said statute.  AMS denies the remaining allegations in Paragraph 19.

20.    In connection with the loan, Ameriquest Mortgage Company failed to provide the required financial disclosures and disclosures of the plaintiffs' right to cancel within three days.

**ANSWER:**    AMS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies same.

21.    The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:**    AMS denies the allegations in Paragraph 21.

22.    Notice of rescission has been given to defendants.  A copy is attached as Exhibit G.

**ANSWER:**    AMS denies that Plaintiffs properly sought to rescind the loan against AMS and denies that Plaintiffs have any right to rescind the loan against AMS.

23.    The loan has not been rescinded.

**ANSWER:**    AMS denies that Plaintiffs properly sought to rescind the loan against AMS and denies that Plaintiffs have any right to rescind the loan against AMS.  AMS is without

knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 23

and, therefore, denies same.

24.      Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**    AMS denies the allegations in Paragraph 24.

25.      15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:**    AMS admits that the allegations in Paragraph 25 contain the text of 15 U.S.C.

§1635(g). AMS denies the allegations in Paragraph 25 insofar as they purport to make any allegation

of wrongdoing by AMS under said statute. AMS denies the remaining allegations in Paragraph 25.

## AFFIRMATIVE DEFENSES

AMS states as its affirmative defenses as follows:

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be

granted.

2.      If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the

part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien

on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the

holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject

mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law

or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is

conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on her behalf to

the holder of the loan in connection with the subject loan, less any finance charges.

WHEREFORE, Defendant Ameriquest Mortgage Securities, Inc. requests that this Court

enter judgment in its favor and against Plaintiffs, Kenneth E. Brown and Monica Brown, award

Ameriquest Mortgage Securities, Inc. its costs, and provide such further and additional relief as it

deems just and appropriate.

Dated: November 7, 2005                    Respectfully submitted,

                                           AMERIQUEST MORTGAGE SECURITIES,
                                           INC., Defendant


                                           By:    s/Jonathan N. Ledsky
                                                  One of its Attorneys


Craig A. Varga
Jonathan N. Ledsky
Jaime S. Roginski-Kord
Varga Berger Ledsky Hayes & Casey
224 South Michigan Avenue
Suite 350
Chicago, IL 60604
(312) 341-9400
(312) 341-2900 (facsimile)

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the

foregoing **Defendant Ameriquest Mortgage Securities Inc.'s Answer to Plaintiffs' Complaint**

was served electronically upon counsel of record:

**Daniel A. Edelman** (courtecl@aol.com dedelman@edcombs.com)

**Albert F Hofeld, III** (ahofeld@edcombs.com)

by the filing of said document through the Court's electronic filing system this 7th day of

November, 2005.


                                           s/Jonathan N. Ledsky

# EXHIBIT P

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE AMERIQUEST MORTGAGE CO.   )   MDL No. 1715
MORTGAGE LENDING PRACTICES   )   Lead Case No. 05-cv-07097
LITIGATION   )
   )   Centralized before the
   )   Honorable Marvin E. Aspen
   )
   )

### AMENDED STIPULATION AND [PROPOSED] ORDER THEREON GRANTING DEFENDANTS' SECOND AND PLAINTIFFS' THIRD MOTIONS FOR REASSIGNMENT OF RELATED CASES

WHEREAS, on June 6, 2006, certain plaintiffs ("Plaintiffs") in this multidistrict litigation proceeding ("MDL Proceeding") filed their Third Motion for Reassignment of Related Cases seeking to reassign 22 matters to this Court;

WHEREAS, on June 8, 2006, defendants Ameriquest Mortgage Company ("Ameriquest"), Ameriquest Mortgage Securities ("AMS"), AMC Mortgage Services ("AMC"), Ameriquest Capital Corporation ("ACC"), Argent Mortgage Company ("Argent") and Town and Country Credit Corporation ("Town and Country") (collectively, "Defendants") filed their Second Motion for Reassignment of Related Cases seeking to reassign four matters to this Court;

WHEREAS, counsel for Plaintiffs and counsel for Defendants, on behalf of their respective clients, have met and conferred regarding, among other things, the reassignment of the 25 matters to this Court;

WHEREAS, on June 13, 2006 this Court instructed counsel for Plaintiffs and counsel Defendants to submit a Stipulation and Proposed Order granting the Motions to the extent Plaintiffs and Defendants could agree as to which cases should be reassigned; and

WHEREAS, Plaintiffs and Defendants agree that all cases which are the subject of Plaintiffs' Third Motion for Reassignment and Defendants' Second Motion for Reassignment,

1

including those cases to which Defendants initially opposed reassignment, should be reassigned to this Court.

IT IS HEREBY STIPULATED by and between Plaintiffs and Defendants, through their respective counsel of record, that the following matters from Plaintiffs' Third and Defendants' Second Motions for Reassignment be reassigned to this Court:

1. *Geis v. Ameriquest Mortgage Company, et al.* (06-1716)

2. *Wessel, et al. v. Ameriquest Mortgage Company, et al.* (06-1899)

3. *Rodriguez, et al. v. Ameriquest Mortgage Company, et al.* (06-2187)

4. *Sedgwick, et al. v. Ameriquest Mortgage Company, et al.* (06-2333)

5. *Spencer v. Ameriquest Mortgage Company, et al.* (06-2396)

6. *Jones v. Ameriquest Mortgage Company, et al.* (06-2397)

7. *Balark, et al. v. Ameriquest Mortgage Company, et al.* (06-2430)

8. *Dougherty, et al. v. Ameriquest Mortgage Company, et al.* (06-2482)

9. *Mormon v. Ameriquest Mortgage Company, et al.* (06-2514)

10. *Grabowski v. Ameriquest Mortgage Company, et al.* (06-2549)

11. *Besterfield v. Ameriquest Mortgage Company, et al.* (06-2676)

12. *Tieri v. Ameriquest Mortgage Company, et al.* (06-2683)

13. *Wisniewski v. Town & Country Credit Corp., et al.* (06-2697)

14. *Jiles v. Argent Company, et al.* (06-2771)

15. *Walker, et al. v. Ameriquest Mortgage Company, et al.* (06-2807)

16. *Grabs v. Argent Mortgage Company, et al.* (06-2809)

17. *Filian, et al. v. Ameriquest Mortgage Company, et al.* (06-2826)

18. *Smith, et al. v. Ameriquest Mortgage Company, et al.* (06-2828)

19. *Eson, et al. v. Argent Mortgage Company, et al.* (06-2829)

20. *Brown, et al. v. Ameriquest Mortgage Company, et al.* (06-2830)

21. *Melecio, et al. v. Town & Country Credit Corporation, et al.* (06-2832)

22. *Dearden v. Ameriquest Mortgage Company, et al.* (06-2912)

23. *Gburek v. Ameriquest Mortgage* (06-2637)

24. *Rocco, et al. v. Ameriquest Mortgage Co., et al.* (06-2897)

25. *Rogers v. Town & Country Credit, et al.* (06-2736)


**IT IS SO STIPULATED.**

Dated: June 21, 2006                By: /s/  Daniel A. Edelman

*Attorneys for Plaintiffs*

Daniel A. Edelman
Cathleen Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER 7
GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379


DATED: June 21, 2006                By: /s/  Bernard E. LeSage


*Attorneys for Defendant Ameriquest
Mortgage Company*

Bernard E. LeSage (CA Bar No. 61870)
Sarah K. Andrus (CA Bar No. 174323)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## ORDER

The parties hereto having so stipulated, **IT IS ORDERED** that Plaintiffs' Third and Defendants' Second Motions for Reassignment of Related Cases are granted and the following matters will be reassigned to this Court:

1.  *Geis v. Ameriquest Mortgage Company, et al.* (06-1716)
2.  *Wessel, et al. v. Ameriquest Mortgage Company, et al.* (06-1899)
3.  *Rodriguez, et al. v. Ameriquest Mortgage Company, et al.* (06-2187)
4.  *Sedgwick, et al. v. Ameriquest Mortgage Company, et al.* (06-2333)
5.  *Spencer v. Ameriquest Mortgage Company, et al.* (06-2396)
6.  *Jones v. Ameriquest Mortgage Company, et al.* (06-2397)
7.  *Balark, et al. v. Ameriquest Mortgage Company, et al.* (06-2430)
8.  *Dougherty, et al. v. Ameriquest Mortgage Company, et al.* (06-2482)
9.  *Mormon v. Ameriquest Mortgage Company, et al.* (06-2514)
10. *Grabowski v. Ameriquest Mortgage Company, et al.* (06-2549)
11. *Besterfield v. Ameriquest Mortgage Company, et al.* (06-2676)
12. *Tieri v. Ameriquest Mortgage Company, et al.* (06-2683)
13. *Wisniewski v. Town & Country Credit Corp., et al.* (06-2697)
14. *Jiles v. Argent Company, et al. (*06-2771)
15. *Walker, et al. v. Ameriquest Mortgage Company, et al.* (06-2807)
16. *Grabs v. Argent Mortgage Company, et al.* (06-2809)
17. *Filian, et al. v. Ameriquest Mortgage Company, et al.* (06-2826)
18. *Smith, et al. v. Ameriquest Mortgage Company, et al.* (06-2828)
19. *Eson, et al. v. Argent Mortgage Company, et al.* (06-2829)
20. *Brown, et al. v. Ameriquest Mortgage Company, et al.* (06-2830)
21. *Melecio, et al. v. Town & Country Credit Corporation, et al.* (06-2832)
22. *Dearden v. Ameriquest Mortgage Company, et al.* (06-2912)
23. *Gburek v. Ameriquest Mortgage* (06-2637)
24. *Rocco, et al. v. Ameriquest Mortgage Co., et al.* (06-2897)

25. *Rogers v. Town & Country Credit, et al.* (06-2736)

**IT IS SO ORDERED.**

Dated: ___6/27/___, 2006

THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE