IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before the Honorable Marvin E. Aspen) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
FILING OF AMENDED MASTER CLASS COMPLAINTS**

**I.     INTRODUCTION**

This multi-district litigation involves more than 20 class actions and more than 700 individual cases that do not present class allegations.  On December 6, 2006, pursuant to the Court's Case Management Order ("CMO") (Docket No. 284), Lead Class Counsel filed two master class action complaints, one for all Ameriquest borrowers with class claims and one for all non-borrowers with class claims against Ameriquest.  Consistent with the Court's CMO and MDL practice, Lead Class Counsel did not incorporate the claims of individual (non-class) Plaintiffs in those Complaints.  As the Court has recognized, individual Plaintiffs whose cases were transferred here should not be required to join any master complaints, but should continue to be allowed to prosecute their claims on an individual basis in the MDL.  Defendants' novel attempt to compel those individual Plaintiffs to participate in master class complaints should be rejected.

## II.   ARGUMENT

In the CMO entered November 7, 2006, the Court recognized there are three distinct types of cases in the MDL: (1) borrower class cases; (2) non-borrower class cases; and (3) individual cases. CMO at 6. Throughout the CMO, the Court recognized the important distinction among these three types of cases in this proceeding. In fact, the Court observed, "We agree…that individual plaintiffs – particularly those seeking rescission – would bear the risk of potential conflicts of interest if they were to be represented by or otherwise subject to the control of the same attorneys responsible for class actions seeking damages. . . . These plaintiffs are entitled to as independent a prosecution of their cases as is practicable." CMO at 10. Thus, the Court held that the Lead Class Counsel "are not to represent or in any way direct the litigation of any non-class cases." CMO at 10-11.

Accordingly, consistent with the CMO, on December 6, 2006, Lead Class Counsel filed two master class action complaints – one for borrowers alleging class claims and one for non-borrowers alleging class claims.[1] Again, consistent with the CMO, the third group of cases in the MDL filed by individuals without class allegations were not swept into the master complaints, nor should they have been. The individual Plaintiffs are all represented by individual counsel and have been transferred here only to facilitate pre-trial efficiencies in discovery and motion practice (where many core facts may be similar and susceptible to common discovery), not to broaden their cases to embrace class claims or derail their individual

---

[1] Based upon their express request to not be included as representative Plaintiffs in the Non-Borrower Consolidated Class Action Complaint, Lead Class Counsel did not include Plaintiffs Thomas A. Murray, Nancy R. Murray, Larry Crane, Darrle Bruce, Daniece W. Bonner, and Rose Mayfield and Johnny Tremble (who asserted claims against Town & Country Credit Corporation) who each originally brought their non-borrower claims as class actions. [See Docket Entries 389 and 390 where each of the identified Plaintiffs seek to withdraw their class allegations]. Accordingly, Ameriquest's assertion that certain class cases were improperly excluded from the Non-Borrower Consolidated Class Action Complaint is simply incorrect.

593811.1 - 2 -

cases from being prosecuted at all. Nor can these individuals be forced to assume the substantial responsibilities of representative plaintiffs under Rule 23.

Notably, the CMO's internal schedule underscores the fact that the Court could not have contemplated that Plaintiffs from the individual cases would be forced to integrate their claims in the class complaints. Specifically, the CMO requires that the master class complaints be filed on December 6, 2006, while individuals who sought to opt out of the class cases (e.g., those who sought only to pursue individual claims) were not required to do so until 30 days later, on January 5, 2007. It would thus be contrary to common sense for Lead Class Counsel to have been required to file a class complaint adding all individual Plaintiffs seeking class status *before* the date on which Lead Counsel could have known which individual Plaintiffs were not opting out (*e.g.*, joining) the class cases.

Defendants' motion is irregular at best, is contrary to MDL practice, and apparently contemplates a case management structure that would make these proceedings unwieldy and unmanageable. As perhaps Defendants surmise, it would be exceedingly difficult to litigate class claims that were tied to many hundreds of non-class individual claims. The motion is also contrary to the three-tiered approach properly set forth by the Court in the Case Management Order which ensures efficient case management and protection of the rights of parties across the cases. The motion should be denied.

### III. CONCLUSION

For the reasons set forth above, Class Plaintiffs respectfully request that the Court deny Defendants' motion to compel.

Respectfully submitted,

Dated: February 2, 2007

| */s/ Kelly M. Dermody* | */s/ Gary Klein* |
|---|---|
| Kelly M. Dermody | Gary Klein |

| | |
|---|---|
| Kelly M. Dermody (CA Bar No. 171716) | Gary Klein |
| Caryn Becker (CA Bar No. 196947) | Elizabeth Ryan |
| LIEFF, CABRASER, HEIMANN | Shennan Kavanagh |
|   & BERNSTEIN, LLP | RODDY KLEIN & RYAN |
| 275 Battery Street, 30th Floor | 727 Atlantic Avenue |
| San Francisco, CA 94111-3339 | Boston, MA 02111-2810 |
| Telephone: (415) 956-1000 | Telephone: (617) 357-5500 ext. 15 |
| Facsimile: (415) 956-1008 | Facsimile: (617) 357-5030 |

*/s/ Jill Bowman*
Jill Bowman

Jill Bowman
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

*/s/ Marvin A. Miller*
Marvin A. Miller

Marvin A. Miller
MILLER LAW LLC
101 North Wacker Drive, Ste. 2010
Chicago, IL 60606
Telephone: (312) 525-8316
Facsimile: (312) 525-8231

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

  I, Kelly M. Dermody, hereby certify that on this 2nd day of February 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

            By:   */s/ Kelly M. Dermody*
                Kelly M. Dermody