**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | |
| MORTGAGE LENDING PRACTICES | ) | |
| LITIGATION | ) | MDL No. 1715 |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | | Lead Case No. 05-cv-07097 |
| | ) | |
| THIS DOCUMENT RELATES TO ALL | ) | Centralized before Judge |
| INDIVIDUAL ACTIONS | ) | Marvin E. Aspen |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| SCOTT JEFFRESS; | ) | |
| PAMELA JEFFRESS; | ) | |
| TAMMY M. GOODS, | ) | |
| RITA GUYDON, | ) | |
| and KEVIN GUYDON, | ) | 06 C 3423 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | (transferred from the |
| v. | ) | N. D. IN) |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Judge Aspen |
| AMC MORTGAGE SERVICES, INC., and | ) | |
| JOHN DOES 1-100, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE**
**TO FILE AMENDED COMPLAINT, *INSTANTER***

Plaintiffs Scott Jeffress, Pamela Jeffress and Tammy M. Goods ("plaintiffs")

respectfully move this Court, pursuant Fed.R. Civ. Pro. 15(a), for leave to file an Amended

Complaint, instanter. A copy of plaintiffs' proposed amended complaint is attached hereto as

Appendix A. In support of their motion, plaintiffs state as follows:

1.      Plaintiffs filed this action against defendants on March 20, 2006 for

violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226; the Equal Credit Opportunity Act ("ECOA").

2.      On November 13, 2006, plaintiffs in this action filed a motion to withdraw all class allegations and proceed individually.  The Court has not yet ruled on that and identical or similar motions filed by other ECLG plaintiffs, but defendants have indicated to this Court that they do not oppose the motion to withdraw class allegations in this case.  In the proposed amended complaint in <u>Appendix A</u>, plaintiffs have removed all class allegations.

3.      Plaintiffs' proposed amended complaint seeks to add new facts and an additional ECOA claim for plaintiffs Scott and Pamela Jeffress and Tammy Goods.  Plaintiffs claim that defendants Ameriquest and AMC illegally retaliated and are retaliating against plaintiffs for having filed this lawsuit.  ¶¶ #65-68, #75-77 and Count V (¶¶ #112-118) allege, among other things, that these defendants have: (1) stopped sending monthly statements, (2) restricted their method of payment to one method and charged them an extra fee for making payments using that method, (3) dramatically increased plaintiffs' waiting time on the phone; and (4) acted rudely toward them over the phone.  Plaintiffs allege that all of these actions are the result of having filed suit.

4.      This motion is timely for several reasons.  First, these problems arose <u>after</u> the filing of this lawsuit.  There were no such problems prior to the filing of this suit.

5.      Second, between April 24, 2006 and December 22, 2006, this Court had a litigation stay in effect that applied to routine motion practice as well as discovery.  Thus, plaintiffs could not have filed this motion before now.

6.      Third, discovery in this and related cases is at the earliest stage, due to the

stay imposed by the Court and lifted only recently. In fact, there was <u>no</u> discovery in this case prior to the effective date of the stay. Therefore, the granting of this motion will not significantly delay or prolong discovery or any final disposition in this case.

7.      For these and other reasons, the minor, proposed changes would not cause any prejudice to any defendant. <u>See</u> <u>Johnson v. Oroweat Foods</u>, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); <u>Hely & Patterson Intern v. F.D. Rich Housing</u>, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); <u>Head v. Timken Roller Bearing Co.</u>, 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

8.      Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. <u>Espey v. Wainwright</u>, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); <u>Dussouy v. Gulf Coast Investment Corp.</u>, 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiffs respectfully request that this Court enter an Order granting them leave to file the proposed Amended Complaint, a copy of which is attached as <u>Appendix A</u>, and to grant any further or other relief that the Court deems just.

Respectfully submitted,

s/Al Hofeld, Jr.
Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS
      & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)