IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**BORROWER AND NON-BORROWER PLAINTIFFS' JOINT STATUS REPORT**

Lead Class Counsel for the borrower and non-borrower classes jointly submit the following status report in advance of the February 8, 2007 status conference.

**I.    CASE DESCRIPTION**

**A. BORROWERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT [Docket No. 325]**

The Plaintiffs in the Borrowers Amended Class Action Complaint allege a wide-ranging scheme of predatory home mortgage lending affecting virtually all of the mortgage loans originated by the Defendants. The challenged practices include, but are not limited to:

- Imposition of significant charges for "discount points" without providing a discount and/or without providing information to allow consumers to assess the economic consequences of agreeing to pay discount points;

- Use of standardized bait and switch marketing practices;

- Use of oppressive and/or unfair variable rate terms;

- Abuse of prepayment penalty provisions;

- Providing false information about the costs and benefits of refinancing an existing loan with the Defendants with a new loan with the Defendants;

- Making false promises about the availability of future refinancing;

- Making loans that the Defendants knew or should have known were beyond the ability of consumers to repay solely because the loans were secured by substantial home equity;

- Taking advantage of borrowers' educational, economic and physical disabilities and its own superior knowledge of the complex mathematics of mortgage transactions;

- Employing abusive loan servicing practices designed to prevent borrowers from repaying their loans without penalty; and

- Failing to comply with state and federal disclosure laws.

Plaintiffs further allege that the Defendants incentivized and directed its branch-level employees with a quota and commission system designed to encourage employees to mislead customers in order to close loans on unfair and oppressive terms.

Plaintiffs seek, *inter alia*, damages, rescission and injunctive relief.

### B. NON-BORROWERS' CONSOLIDATED AMENDED COMPLAINT [Docket No. 323]

Plaintiffs in the Non-borrower Consolidated Amended Complaint contend that the Defendants illegally accessed the credit reports of hundreds of thousands of potential customers in violation of the Fair Credit Reporting Act ("FCRA"). This allowed the Defendants to obtain private information about millions of American consumers in a manner inconsistent with federal consumer protections. Non-borrowers further allege that, if they applied for a loan and the Defendants did not provide it, the Defendants failed to provide the notice of adverse action required by the FCRA and the Equal Credit Opportunity Act.

Plaintiffs seek, *inter alia*, damages and injunctive relief.

## II. SUMMARY OF PROCEEDINGS

Lead Class Counsel complied with the deadlines in this Court's November 7, 2006 Memorandum and Order ("Case Management Order") [Docket No. 284]. On November 13, 2006, Lead Class Counsel submitted a list of all cases of which they were aware were awaiting reassignment, which they supplemented on November 17, 2006. [Docket Nos. 287, 303]. Lead Class Counsel submitted a joint notice concerning selection of a mediator on November 20, 2006 [Docket No. 305]. On December 6, 2006, Lead Class Counsel filed two master class action complaints – one for borrowers alleging class claims and one for non-borrowers alleging class claims. [Docket Nos. 323, 325].

## III. PENDING MOTIONS

The following motions are presently pending:

A. <u>Motion To Dismiss Borrowers' Complaint Or For A More Definite Statement [Docket No. 391]</u>.

Borrower Plaintiffs' are preparing their response, which is presently due on February 9, 2007.

B. <u>Motion To Dismiss Certain Counts Of The Non-Borrower Complaint And Motion For A More Definite Statement [Docket No. 386]</u>.

Non-borrower Plaintiffs are preparing their response, which is presently due on February 9, 2007.

C. <u>Motion To Compel Filing Of Amended Master Class Complaints In Compliance With Court's Order [Docket No. 378]</u>.

Plaintiffs have prepared and filed their response [Docket No. 427]. Plaintiffs request an opportunity to address the Court on this issue at the status conference.

> D. <u>Stipulation For Standstill, Injunctive Relief In Foreclosure, Motions For Provisional Class Certification And For or Preliminary Injunction [Docket Nos. 10, 12]</u>

On February 14, 2006, at the Court's request, the parties entered into a Stipulation for Standstill [Docket No. 43], whereby the Defendants agreed not to begin or continue any foreclosure proceedings on certain borrowers who have requested rescission without providing Lead Class Counsel with 30 days notice of its intent to foreclose. The Stipulation also extended the deadline for certain claims for rescission under the Truth in Lending Act. The purpose of the stipulation was to preserve the *status quo* pending ruling on the borrowers' request for rescission-related relief under the Truth In Lending Act.

On May 30, 2006, the Court also entered a Memorandum Opinion and Order granting Plaintiffs' motion for temporary injunctive relief. [Docket No. 142]. Under this order, Defendants were required to send notice to borrowers facing foreclosure to notify them of potential rescission rights. Since that time, numerous borrowers in financial distress have contacted Lead Class Counsel and, if appropriate, Lead Class Counsel have requested rescission of their loans on their behalf. The parties have addressed each of these cases and the Defendants have agreed to treat these borrowers to date the same as those subject to the Stipulation for Standstill. The motions for provisional class certification and for preliminary injunction remain pending.

**IV. DISCOVERY**

> A. Consistent with the Case Management Order, Lead Class Counsel commenced discovery. Lead Class Counsel has received objections to each request propounded. Lead Class Counsel intends to initiate a Rule 37 discovery conference in an effort to meet and confer in good faith to resolve these issues.

    B.    This Court's order sets discovery deadlines based upon a distinction between "standard" and "non-standard" discovery requests. Order, p. 13. Lead Class Counsel respectfully request that the Court clarify this distinction in order to help counsel avoid potential discovery disputes.

## V. MEDIATION

The parties have agreed upon The Honorable John K. Trotter (Retired) to serve as mediator for the Borrower Plaintiffs' class action. Plaintiffs have proposed several mediation dates to the Defendants and have made a written settlement demand. The Defendants have not agreed to mediate.

## VI. ADDITONAL REQUESTS

    A.    Lead Class Counsel cannot reconcile their count of the cases pending here with that of the Defendants. Because the Defendants have been served with all pending cases and have been chiefly involved with designating cases as tag-alongs or appropriate for reassignment, Lead Class Counsel ask the Court to direct the Defendants to file a list of the cases it believes are pending here together with the names, addresses and telephone numbers of plaintiffs' counsel involved and a designation of whether those cases include class allegations.

    B.    Due to voluminous filings and a rapidly growing docket, Lead Class Counsel request that the Court enter a procedural order for this case permitting a streamlined motion practice, whereby the notice of presentment requirement contained in Local Rule 5.3 is waived, provided, however that the movant may seek presentment if the movant wishes to be heard at an early date on a particular motion.

Respectfully submitted,

Dated: February 5, 2007

| /s/ Kelly M. Dermody | /s/ Gary Klein |
|---|---|
| Kelly M. Dermody | Gary Klein |

Kelly M. Dermody (CA Bar No. 171716)  
Caryn Becker (CA Bar No. 196947)  
LIEFF, CABRASER, HEIMANN  
 & BERNSTEIN, LLP  
275 Battery Street, 30th Floor  
San Francisco, CA 94111-3339  
Telephone: (415) 956-1000  
Facsimile: (415) 956-1008  

Gary Klein  
Elizabeth Ryan  
Shennan Kavanagh  
RODDY KLEIN & RYAN  
727 Atlantic Avenue  
Boston, MA 02111-2810  
Telephone: (617) 357-5500 ext. 15  
Facsimile: (617) 357-5030  

  /s/ Jill Bowman  
Jill Bowman

Jill Bowman  
JAMES, HOYER, NEWCOMBER  
 & SMILJANICH, P.A.  
One Urban Center, Suite 550  
4830 West Kennedy Boulevard  
Tampa, FL 33609  
Telephone: (813) 286-4100  
Facsimile: (813) 286-4174  

*Plaintiffs' Co-Lead Counsel*

  /s/ Marvin A. Miller  
Marvin A. Miller

Marvin A. Miller  
MILLER LAW LLC  
101 North Wacker Drive, Ste. 2010  
Chicago, IL 60606  
Telephone: (312) 525-8316  
Facsimile: (312) 525-8231  

*Plaintiffs' Liaison Counsel*