**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> INDIVIDUAL ACTIONS ) <br> ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |

_____

| | |
|---|---|
| ROSE J. BLACK and DAVID E. BLACK, SR., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ARGENT MORTGAGE COMPANY, L.L.C., ) <br> HOMEQ SERVICING CORPORATION; ) <br> WELLS FARGO BANK, N.A., ) <br> and DOES 1-5, ) <br> ) <br> ) <br> Defendant. ) | 06 C 4418 <br><br> Judge Lefkow <br><br> (Reassigned to Judge Aspen <br> for pre-trial proceedings) <br><br> **JURY DEMANDED** |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT, *INSTANTER***

Plaintiffs respectfully move this Court, pursuant Fed.R. Civ. Pro. 15(a), for leave to file an Amended Complaint, <u>instanter</u>. A copy of plaintiffs' proposed amended complaint is attached hereto as <u>Appendix A</u>. In support of their motion, plaintiffs state as follows:

1. Plaintiffs filed this action against defendants on August 16, 2006 for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226; and the Equal Credit Opportunity Act ("ECOA").

2. Plaintiffs' proposed amended complaint merely seeks to add a new party

defendant. In November, 2006, plaintiffs learned from defendant Homeq that the current owner of plaintiffs' loan is Wells Fargo Bank, N.A. Information about ownership is rarely, if ever, available from the public record. Plaintiffs have made one additional but minor change; they have removed any suggestion that this case is a class action. There were never any class allegations in the complaint. The title "class action" in the case caption was included inadvertently.

3. Adding the owner of the loan is important to plaintiff's case because 15 U.S.C. 1641( c) provides that the consumer may rescind a mortgage loan in the hands of "any assignee."

4. This motion is timely. First, plaintiffs did not have any information about the owner at the time of filing.

5. Second, between April 24, 2006 and December 22, 2006, this Court had a litigation stay in effect that applied to routine motion practice as well as discovery. Thus, plaintiffs could not have filed this motion before now.

6. Third, discovery in this and related cases is at the earliest stage, due to the stay imposed by the Court and lifted only recently. In fact, there has been no discovery in this case , which was filed during the effective period of the stay. Therefore, the granting of this motion will not significantly delay or prolong discovery or any final disposition in this case.

7. For these and other reasons, the minor, proposed changes would not cause any prejudice to any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment,

prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

    8. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires."  A district court should only deny a motion to amend a complaint if there is a substantial reason to do so.  Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984)  ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

    WHEREFORE, plaintiffs respectfully request that this Court enter an Order granting them leave to file the proposed Amended Complaint, a copy of which is attached as Appendix A, and to grant any further or other relief that the Court deems just.

                     Respectfully submitted,

                     s/Al Hofeld, Jr.
                     Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS
  & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\17654\Pleading\Plaintiff's Motion LvFileAmndCmplnt_Pleading.WPD