**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOEL K. ORRISON and LANA S. ORRISON, | ) | |
| | ) | 5:06-cv-00175 |
| Plaintiffs, | ) | (W.D.MI) |
| | ) | |
| v. | ) | 07 C 128 (N.D.Ill.) |
| | ) | (transferred for pre-trial |
| ARGENT MORTGAGE COMPANY, L.L.C.; | ) | proceedings to MDL No. |
| AMERIQUEST MORTGAGE COMPANY; | ) | 1715, Lead Case No. 05 |
| DEUTSCHE BANK NATIONAL TRUST CO.; | ) | C 7097) |
| and DOES 1-5, | ) | |
| | ) | Judge Marvin E. Aspen |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |

## AMENDED COMPLAINT

### INTRODUCTION

1.      Plaintiffs Joel K. Orrison and Lana S. Orrison bring this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq. ("ECOA"), and to secure damages for violations of Michigan law.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA).

3.      Defendants do business in the District and are deemed to reside here. Venue is therefore proper under 28 U.S.C. §1391(c).

1

## PARTIES

4.      Plaintiffs Joel K. Orrison and Lana S. Orrison are husband and wife and own and reside in a single family home located at 418 N. Dewey, Owosso, MI 48867.

5.      Defendant Argent Mortgage Company. L.L.C. ("Argent") is a foreign limited liability company which does business in Michigan. Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823.

6.      Defendant Argent is engaged in the business of originating "subprime" mortgages.

7.      Defendant Argent makes more than 26 loans per year.

8.      Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

9.      Argent is an affiliate of defendant Ameriquest Mortgage Company.

10.      Defendant Ameriquest Mortgage Company is a foreign corporation which does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823.

11.      During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

12.      Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does business in Michigan. It is engaged in the business of, among other things, buying "subprime"

2

mortgage loans on Illinois properties.

13.     In the event Deutsche Bank does not own plaintiffs' loan, the owners are named as Does 1-5.

## FACTS RELATING TO PLAINTIFFS

14.     Prior to April 26, 2004, plaintiffs applied for a refinancing with Argent by speaking with an Argent agent, Rob ("Rob") on the telephone.

15.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

16.     Argent conducted an appraisal of the plaintiffs' property but never showed the plaintiffs their appraisal papers.  When the plaintiffs inquired, Rob responded that their house was worth approximately $145,500. Exhibit I.

17.     Argent proceeded to falsify the plaintiffs' application by reporting that the value of plaintiffs' home was $300,000, more than twice the actual value of their home.  Exhibit G.

18.     The loan was closed on April 26, 2004.  The principal amount of the loan was $138,225.

19.     Argent's agent falsified the value of the plaintiffs' property on the application, in order to increase the loan amount for which the plaintiffs qualified.  This increased the broker's commission and the lender's points and fees, interest and profits.

20.     Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A.

21.     The following are documents  relating to the loan:

3

        a.      A note, Exhibit B.  Only Joel K. Orrison signed the note.

        b.      A mortgage, Exhibit C.  Both Joel K. Orrison and Lana S. Orrison signed the  mortgage.

        c.      A  settlement statement, Exhibit D.

        d.      A Truth in Lending disclosure statement, Exhibit E.

        e.      The official Federal Reserve Board notice of right to cancel, Exhibit F.  A total of 5 copies of Exhibit F were furnished to plaintiffs, of which 4  were incomplete, as indicated, and only one completed.

22.      Previous to closing, Rob told plaintiffs over the phone that they would have no prepayment penalty.

22.      At the closing, plaintiffs noticed that their documents from Argent indicated a prepayment penalty for the first two years of the loan.

23.      Plaintiffs called Rob from the closing, and Rob claimed that they had to have a prepayment penalty after all for the first year, but after one year when Mr. Orrison had been at his job longer they would be able to refinance again to get out of the prepayment penalty.

24.      One year after closing, plaintiffs called Argent to refinance as Rob had promised them at closing.  An Argent supervisor informed them that Rob no longer worked there, that he had no idea what Rob had told them, and that he could not take off plaintiffs' prepayment penalty.

25.      At  the  closing,  plaintiffs  were  directed  to  pay  Ameriquest  Mortgage Company.  See Exhibit H.

26.      Ameriquest Mortgage Company claims or claimed an interest in plaintiffs'

loan, including the right to receive payments under it.

27.     Plaintiffs were later directed to make payments to Countrywide Home Loans, LLC.

28.     On information and belief, defendant Deutsche Bank holds title to plaintiffs' loan.

29.     In the event Deutsche Bank does not own plaintiffs' loan, the owners are named as Does 1-5.

## COUNT I – TRUTH IN LENDING ACT

30.     Plaintiffs incorporate paragraphs 1-29.

31.     In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later.  More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.**  (15 U.S.C. § 1635(a)).

32.     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that

5

the customer has given as part of the credit transaction.  More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission.  Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.**  (15 U.S.C. § 1635(b).)

33.     To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.**  (15 U.S.C. § 1635(a).)

34.     Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

35.     More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's**

6

**principal dwelling.**

**(ii) The consumer's right to rescind the transaction.**

**(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(iv) The effects of rescission, as described in paragraph (d) of this section.**

**(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

<u>DEFECTIVE NATURE OF DISCLOSURES</u>

36.     In connection with the plaintiffs' loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

<u>**Incomplete Notices**</u>

37.     Four of the five official Notice of Right to Cancel forms delivered to plaintiffs did not set forth the date the rescission period expired, a violation of 12 C.F.R. § 226.23(b)(1)(v). Two complete notices for each borrower and each person who owns and resides in the property are required.

<u>**Notices Confusing Where Less Than All Owners Are Obligated**</u>

38.     <u>Exhibit E</u> is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

39.     The top of <u>Exhibit E</u> has only Joel K. Orrison's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states

7

that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

40.    The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

41.    Notice of rescission has been given to defendants. A copy is attached as Exhibit G.

42.    The loan has not been rescinded.

43.    Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

44.    15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.    A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.    Statutory damages for the underlying disclosure violation;

c.    If appropriate, statutory damages for failure to rescind;

8

     d.     Attorney's fees, litigation expenses and costs; and

     e.     Such other or further relief as the Court deems appropriate.

## COUNT II – EQUAL CREDIT OPPORTUNITY ACT

45.     Lana S. Orrison incorporates paragraphs 1-29.

46.     This claim is against Argent.

47.     On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

48.     On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

49.     Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

WHEREFORE, plaintiff Lana S. Orrison requests that the Court enter judgment in favor of plaintiff and against defendant for:

     a.     Appropriate statutory and punitive damages;

     b.     Attorney's fees, litigation expenses and costs; and

     c.     Such other or further relief as the Court deems appropriate.

## COUNT III – MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT

50.     Plaintiffs incorporate paragraphs 1-29.  This claim is against Argent Mortgage Company.

9

51.    Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by fraudulently putting an inflated value of plaintiffs' property on the loan application, appraising the plaintiff's property at $145,500 prior to April 26, 2004 and then representing the value of plaintiff's property at $300,000 on plaintiff's application dated April 26, 2004.  Exhibit G.

52.    Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by misrepresenting plaintiffs' ability to qualify for the mortgage loan and the value of the dwelling that secured payment of the mortgage loan.

53.    On April 26, 2004, Argent represented that the plaintiffs qualified for a $138,225 loan and plaintiffs were induced to close with Argent by means of this misrepresentation.

54.    Defendant Argent made the representation in the course of trade and commerce.

55.    Defendant Argent made the representation for the purpose of inducing reliance, in the form of the plaintiffs securing a $138,225  loan for which they did not qualify, in order to increase the broker's commission and the lender's points and fees, interest and profits.

56.    Plaintiffs have suffered an injury as a result of defendants' misrepresentations.  Their options for refinancing with reputable mortgage companies have been severely limited by defendants' actions.

57.    Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by engaging in "bait and switch" practices, promising that plaintiffs would have no prepayment penalty after obtaining sufficient information to provide an accurate quote and then adding a prepayment penalty at closing.

58.     Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by engaging in "bait and switch" practices, promising at closing that plaintiffs would be able to refinance out of their prepayment penalty after a year, and then a year later not allowing them to do so.

59.     Plaintiffs were induced to close with Argent by means of these misrepresentations.

60.     Defendant Argent made the representation in the course of trade and commerce.

61.     Defendant Argent made the representation for the purpose of inducing reliance, in the form of the plaintiffs securing a $138,225 loan for which they did not qualify, in order to increase the broker's commission and the lender's points and fees, interest and profits.

62.     Plaintiffs have suffered an injury as a result of defendants' misrepresentations.

WHEREFORE, the Court should enter judgment in favor of the plaintiffs and against Argent for:

a.     A declaratory judgment, MCL §445.1681(1)(a);

b.     Injunctive relief, MCL §445.1681(1)(b);

c.     Appropriate damages, MCL §445.1681(1)(c)

d.     Attorney's fees, litigation expenses and costs of suit; and

e.     Such other and further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

11

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury.

<u>s/Daniel A. Edelman</u>
Daniel A. Edelman