**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> INDIVIDUAL ACTIONS ) <br> ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |

_____

| | |
|---|---|
| CHRISTENA BLAIN and THOMAS B. BLAIN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ARGENT MORTGAGE COMPANY, L.L.C.; ) <br> AMERIQUEST MORTGAGE COMPANY, ) <br> DEUTSCHE BANK NATIONAL TRUST CO., ) <br> and DOES 1-5, ) <br> ) <br> Defendants. ) | 5:00-cv-00170RHB <br> (W.D.MI) <br><br> 07 C 124 (N.D.Ill.) <br> (transferred for pre-trial pro-<br>ceedings) <br><br><br> Judge Marvin E. Aspen <br><br> **DEMAND FOR JURY TRIAL** |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT, *INSTANTER***

Plaintiffs respectfully move this Court, pursuant Fed.R. Civ. Pro. 15(a), for leave to file an Amended Complaint, instanter. A copy of plaintiffs' proposed amended complaint is attached hereto as Appendix A. In support of their motion, plaintiffs state as follows:

1. Plaintiffs filed this action against defendants on October 27, 2006 for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226; and the Equal Credit Opportunity Act ("ECOA").

2. Plaintiffs' proposed amended complaint merely seeks to add a new party

defendant, Deutsche Bank National Trust Company, and to dismiss without prejudice the servicer of plaintiffs' loan, Countrywide Home Loans, Inc. In January, 2007, plaintiffs learned from counsel for Countrywide that the current owner of plaintiffs' loan is Deutsche Bank. Information about ownership is rarely, if ever, available from the public record. At the same time, Countrywide agreed to cooperate with plaintiffs in the implementation of any remedy in this case.

3. Adding the owner of the loan is important to plaintiff's case because 15 U.S.C. 1641( c) provides that the consumer may rescind a mortgage loan in the hands of "any assignee."

4. This motion is timely. First, plaintiffs did not have any information about the owner at the time of filing.

5. Second, between April 24, 2006 and December 22, 2006, this Court had a litigation stay in effect that applied to routine motion practice as well as discovery. Thus, plaintiffs could not have filed this motion before now.

6. Third, discovery in this and related cases is at the earliest stage, due to the stay imposed by the Court and lifted only recently. In fact, there has been _no_ discovery in this case , which was filed during the effective period of the stay. Therefore, the granting of this motion will not significantly delay or prolong discovery or final disposition of this case.

7. For these and other reasons, the minor, proposed changes would not cause any prejudice to any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment,

prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

8.  Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiffs respectfully request that this Court enter an Order (1) granting them leave to file the proposed Amended Complaint joining Deutsche Bank, a copy of which is attached as Appendix A; (2) dismissing defendant Countrywide without prejudice; and granting any further or other relief that the Court deems just.

    Respectfully submitted,

    s/Al Hofeld, Jr.
    Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS
    & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\17690\Pleading\Plaintiff's MotionLvAmndCmplnt_Pleading.WPD