IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION _____ | MDL No. 1715 Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**NON-BORROWERS OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS NON-BORROWERS' COMPLAINT OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**I.      INTRODUCTION**

Ameriquest moves to dismiss the Second, Third and Fourth Counts of the Complaint, and for a more definite statement of Plaintiffs' class allegations. Ameriquest's motion is without basis. The Second Count should not be dismissed because Ameriquest's conduct as alleged occurred prior to FACTA's effective date and retroactive application is impermissible. The Third and Fourth Counts should not be dismissed because Plaintiffs have adequately alleged a claim for violation of the adverse action provisions of FCRA and ECOA. Finally, Plaintiffs have alleged their class allegations with the level of specificity required under the Federal Rules of Civil Procedure and should not be required to provide a more definite statement.

**II.     STANDARD OF REVIEW**

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief can be granted." *General Elec. Capital Corp. v. Lease*

*Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). "Dismissal is appropriate only if it appears beyond doubt that plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief." *Genzyme Corp. v. Bishop*, 460 F.Supp.2d 939, 945 (W.D. Wis. 2006). The Seventh Circuit has recognized that "Courts are restricted to an analysis of the complaint when evaluating a motion to dismiss." *Hill v. Trustees of Indiana University*, 537 F.2d 248, 251 (7th Cir. 1976); *see also Grand Opera Co. v. Twentieth-Century Fox Film Corp.*, 235 F.2d 303 (7th Cir. 1956). When considering a motion to dismiss, the court must accept "the well-pled allegations in the complaint as true" and must draw "all reasonable inferences in favor of the plaintiff." *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997).

## III. FACTA CANNOT BE RETROACTIVELY APPLIED TO BAR PLAINTIFF QUARTERMAN'S § 1681m(d) CLAIM

Ameriquest seeks to dismiss Plaintiffs' Second Count on the grounds that it is barred by the Fair and Accurate Credit Transactions Act ("FACTA"). However, the conduct Plaintiff Quarterman complains of took place prior the date FACTA became effective. The FACTA amendment at issue became effective December 2004. Defendant obtained Mr. Quarterman's consumer report without a permissible purpose, in violation of 15 U.S.C. § 1681b, numerous times before FACTA's effective date. Complaint ¶35.[1]

---

[1]      Defendant cites *Miller v. Corestar Fin. Group of PA, Inc.*,No. 05-5133 (E.D. Pa. June 29, 2006) for the proposition that Mr. Quarterman has not adequately alleged his claim for violation of § 1681m(d). Def's Mem. At 5. After the court district dismissed the complaint in *Miller*, the plaintiff amended the complaint and the defendant moved to dismiss the amended complaint. The defendant argued that the amended complaint did not include a date when plaintiff received the solicitation letters at issue. The court found that although the complaint did not include a date when plaintiff received the solicitation letters, it contained sufficient information about the timing of the letters to survive defendants' motion for summary judgment,

As the Seventh Circuit Court of Appeals has held, the FACTA amendment "does not apply to offers made before its effective date." *Murray v. GMAC Mortgage corp.*, 434 F.3d 948, 951 (7th Cir. Jan. 17, 2006). In *Panko v. Discover Fini. Servs.*, 458 F.Supp. 2d 580, 585 (N.D. Ill. 2006), Judge Bucklo ruled that application of FACTA to Plaintiff's § 1681m claim would have retroactive effect because Plaintiff had a private right of action at the time his cause of action arose. Other courts have ruled similarly. *See eg., Fisher v. Finance America, LLC,* Case No. SACV 05-0888 CJC (N.D. Cal. Jan. 23, 2006) (holding it is improper to apply the FACTA amendments retroactively to conduct that occurred before the amendments to the statute took effect) (Exhibit A); *Phillips v. New Century Fin. Corp.,* No. SACV050692DOCRNBX, 2006 WL 517653 (C.D. Cal. Mar. 1, 2006) (holding that application of FACTA to pre-amendment conduct would have impermissible retroactive effects); *Parthiban v. GMAC Morg. Corp.*, Case No. SA CV 05-768 DOC (C.D. Cal. March 1, 2006) (refusing to dismiss counts based upon violations of the § 1681m that occurred prior to the date of the FACTA enactments although the complaint was filed after the date of enactment) (Exhibit B); *Monroe v. Amer. Int'l Group*, No. 04-61621-CIV (S.D. Fla. April 20, 2006) (holding that application of § 1681m(h)(8) would have retroactive effect) (Exhibit C); *Hogan v. PMI Mortg. Ins. Co.,* No. C 05-3851 PJF (N.D. Cal. May 12, 2006) (holding that retroactive application of FACTA to bar plaintiffs' claims would have impermissible effect) (Exhibit D); *Webb v. Aames Inv. Corp.*, No. CV 05-5140 GPS (SSX) (C.D. Cal. May 30, 2006) (holding that application of FACTA to conduct that occurred before its

---

stating that "[b]ased on this information, I cannot say that [plaintiff] cannot prove a set of facts entitling him to relief." *Miller v. Corestar Fin. Group of PA, Inc.,* No. 05-5133 (Feb. 5, 2007). Like *Miller*, Mr. Quarterman has alleged that Ameriquest obtained his consumer report numerous times without a permissible purpose before FACTA's effective date. Complaint ¶ 35. This information is sufficient to preclude dismissal of the complaint.

effective date would have impermissible retroactive effect) (Exhibit E); *Miller v. Corestar Fin. Group*, No. 05-5133 (E.D. Pa. Feb. 5, 2007) (holding that application of FACTA to letters plaintiff received before the statute's effective date would have an impermissible retroactive effect (Exhibit F).

Ameriquest erroneously relies on *Landgraf v. USI Film Products*, 511 U.S. 244 (1994) to argue that both is unlawful conduct and Plaintiffs' lawsuit must pre-date the amendment. To the contrary, the *Langraf* test and its progeny mandate the denial of Defendant's motion where granting it would run contrary to applicable law. *Landgraf* states:

> "Every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective." *Id*. at 269. The *Landgraf* court further held that "we do not restrict the presumption against statutory retroactivity to cases involving "vested rights." *Id.* at 275 n. 29.

The United States Supreme Court later expounded upon this idea in *Hughes Aircraft Co. v. U.S.*, 520 U.S. 939, 947 (1997): [T]o the extent respondent contends that only statutes with one of these effects are subject to our presumption against retroactivity, he simply misreads our opinion in *Landgraf*. The language upon which he relies does not purport to define the outer limit of impermissible retroactivity. The *Hughes* court further stated: "[T]he principle that the legal effect of conduct should ordinarily be assessed under the law that existed **when the conduct took place** has timeless and universal appeal. Accordingly, we apply this time-honored presumption unless Congress has clearly manifested its intent to the contrary." *Id*. at 946 (internal citations omitted) (emphasis added). Not a whisper exists in the legislative history or in the statute itself that Congress intended the FACTA Amendment should apply to conduct that

pre-dates the effective date of the amendments to the FCRA.

Retroactive application of § 1681m(h)(8) in this lawsuit would bring about the very unfairness against which the Supreme Court cautioned -- but in the complete absence of any Congressional intent, clear or otherwise. The Supreme Court in *Landgraf* explained: "Requiring clear intent assures that Congress itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits." 511 U.S. at 1501. There is no mention of the retroactive application of FACTA in either the legislation itself nor in the legislative history. To presume such intent violates the clear directives of the United States Supreme Court.

As the first prong of *Landgraf* is not met, the Court must turn to whether a party's rights would be impaired by retroactive application of FACTA. 511 U.S. at 1497. The undeniable answer to this question is that consumers' right to protect themselves against those who use their private information without their knowledge or consent and who willfully or negligently violate the Congressional mandates of 15 U.S.C. § 1681m would be annulled by such retroactive application. No federal agency has the authority to seek redress for consumers. Rather, the FTC only has the authority to issue a cease and desist order and seek a civil penalty. 15 U.S.C. § 1681s(a)(2)(A) Thus, retroactive application of FACTA leaves consumers with no protection and leaves users of consumer report information free to violate the requirements of the law without fear of having to ever face the victims whose privacy rights they have violated.

Under a *Landgraf* analysis, Congress did not authorize retroactive application of § 1681m(h)(8) to extinguish Plaintiffs' legally cognizable claims. This principle is further illustrated by the court's analysis in *Harris v. Lord*, 957 F. Supp. 471, 474 (S.D. N.Y. 1997), in

which the court examined whether retrospective application of § 1997e(e) of the Prison

Litigation Reform Act would attach new legal consequences to events completed prior to

enactment of the law. In examining this issue, the *Harris* court held retroactive application was

improper because "it denies plaintiff a cause of action where she once had a legally cognizable

claim." *Id*. Thus, allowing retroactive application would serve to completely bar the cause of

action. *Id*. *See also Miller v. Florida*, 107 S. Ct. 2446, 2451 (1987) (a law is retrospective if it

changes the legal consequences of acts completed before its effective date). Such an application

would destroy a cause of action under the FCRA that would exist *but for* the impermissible

retroactive application of § 1681m(h)(8). To accept Defendant's argument that FACTA should

be applied retroactively is tantamount to literally washing away any and all prohibitions to the

retroactive application of any particular law.

Ameriquest urges the Court to follow *Killingsworth v. Household Bank (SB), N.A.*, No.

05 C 5729, 2006 WL 250704 (N.D. Ill. Jan. 31, 2006). In *Killingsworth*, the court focused on the

date of filing suit rather than the date of the alleged violation. *Id.* at 4. *Killingsworth* is directly

contrary to U.S. Supreme Court precedent in *Landgraf*. In rejecting the identical argument

propounded by *Killingsworth*, the *Fisher* court stated that "the *Landgraf* test . . . appears to focus

on parties' actions, not the date of filing of the claim." *Fisher* at 10 (quoting *Scott v. Boos*, 215

F.3d 940, 949 (9th Cir. 2000)). *Killingsworth* is also contrary to the opinion of the Seventh

Circuit in *Murray v. GMAC Mortgage Co.*, 434 F.3d 948 (Jan. 17, 2006) (stating that the

FACTA amendment "does not apply to offers made before its effective date and thus does not

affect this litigation"). Notably, *Killingsworth* does not even cite the *Murray v. GMAC* decision

though the Seventh Circuit decision predates *Killingsworth* by approximately 2 weeks. In any

event, *Killingsworth* is directly contrary to the *Landgraf* analysis and, not surprisingly, is currently on appeal before the Seventh Circuit. Ameriquest's motion to dismiss the Second Count of the Complaint should be denied.

**IV.    AMERIQUEST'S MOTION TO DISMISS THE THIRD AND FOURTH CAUSES OF ACTION SHOULD BE DENIED BECAUSE AMERIQUEST OWED PLAINTIFF BURGGRAFF ADVERSE ACTION NOTICE UNDER FCRA AND ECOA**

The FCRA provides that if the user of a consumer report takes any adverse action with respect to a consumer based in whole or in part on any information contained in a consumer report, the user of the report must provide an adverse action notice to the consumer. 15 U.S.C. § 1681m. ECOA also requires that an adverse action notice be provided when there is a revocation or denial of credit, changes in terms of existing credit arrangements, and refusals to grant credit in substantially the amounts or terms requested. 15 U.S.C. § 1681(d). The Complaint alleges that Ameriquest took adverse action against Mr. Burggraff by offering him less than the best available credit terms based in whole or in part upon information in a consumer report. Complaint ¶ 59.

The FCRA provides in pertinent part:

The term "adverse action" --

(A) has the same meaning as in section 1691(d)(6) of this title [ECOA]; **and**

(B) means –

(iv) an action taken or determination that is --

(II) adverse to the interests of the consumer [the "catch all" provision].

7

15 U.S.C. § 1681a(k)(1) (emphasis added).  15 U.S.C. § 1691(d)(6) defines adverse action as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." Ameriquest is correct that the credit definition under § 1691(d)(6) applies to the instant case, but is incorrect that it is the only applicable definition of adverse action.  In *Crane v. Am. Home Mortg.* No. Civ.A.03-5784, at *6 (E.D. Pa. July 7, 2004), the court recognized:

> There is no indication that Congress intended credit transactions to be evaluated exclusively under subsection (A)), as AHM maintains. In fact, the legislative history  indicates otherwise . . . It is the Committee's intent that, whenever a consumer report is obtained for a permissible purpose under section 604(a), any action taken based on that report that is adverse to the interests of the consumer triggers the adverse action notice requirements under section 615.  *Id.* (citing H.R.Rep. No. 103-486, Explanation of Legislation (April 28, 1994)).

Ameriquest took adverse action against Mr. Burggraff under both the definition of adverse action set forth in 15 U.S.C. § 1691(d)(6)  and the "catch-all provision"set forth in 15 U.S.C. § 1681a(k)(1).

Under the ECOA definition of adverse action, Ameriquest took adverse action when it refused to grant credit to Mr. Burggraff on substantially the terms requested.  Ameriquest contacted Mr. Burggraff and offered him refinancing terms on his home, including 5.9% interest on a 15 year loan.  Mr.  Burrgraff indicated that he was interested in refinancing on those terms and applied for the loan.  Ameriquest subsequently informed Mr. Burggraff that the terms had changed to 7.151% on a 30 year loan, and then to 9.697% on a 30 year loan.  Complaint ¶¶ 54-56.

However, even if the Court were to find that the definition of adverse action set forth in ECOA does not apply to the instant transaction, Ameriquest also took adverse action against Mr. Burggraff under the catch-all provision when it offered him less than the best available credit terms based in whole or in part on information in his consumer report. As the Seventh Circuit held in *Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971, 982 (7th Cir. 2004), "[t]he FCRA definition of 'adverse action' starts with the ECOA definition but also includes a 'catch-all' phrase . . ." Adverse action under the catch-all provision is taken when a loan is approved subject to payment of higher interest rates or other unfavorable terms. *Crane* at *6.

Several courts have held, in the insurance context, that adverse action notice is required when an insurer issues a policy at higher than the best available premium rate. *Reynolds v. Hartford Fin. Serv. Group, Inc.*,435 F.3d 1081 (9th Cir. 2006); *Broessel v. Triad Guaranty Ins. Corp.*, 2005 WL 2260498 (W.D. Ky. Sept. 15, 2005); *Preston v. Mortg. Guaranty Ins. Corp. Of Milwaukee*, No. 03-111 (M.D. Fla. Dec. 19, 2003) (Exhibit G); *Glatt v. The PMI Group, Inc.*, No. 03-326 (M.D. Fla. Jan. 2, 2004) (attached as Exhibit H) The FCRA requires adverse action notice to be provided:

> whenever a consumer pays a higher rate because his credit rating is less than the top potential score. In other words, if the consumer would have received a lower rate for his insurance had the information in his consumer report been more favorable, an adverse action has been taken against him.

*Reynolds*, 435 F.3d at 1093. The reasoning that applies to insurance transactions applies equally to credit transactions.[2] Plaintiffs have alleged a cause of action for violation of the adverse action

---

[2] *Reynolds* is currently on appeal before the Supreme Court. *Reynolds v. Hartford Fin. Serv. Group, Inc.*,435 F.3d 1081 (9th Cir. 2006), *cert granted*, *GEICO Gen. Ins. Co. v. Edo*, No.

notice provisions of FCRA and ECOA.  Therefore, Ameriquest's motion to dismiss the Third

and Fourth Counts of the Complaint should be denied.[3]

## V.    PLAINTIFFS HAVE ADEQUATELY SET FORTH THEIR CLASS ALLEGATIONS

Fed. R. Civ. P. 8(a) requires the complaint to set forth a "short plain statement" of the

claims.  It is only necessary that the complaint is sufficient to give the defendant notice of the

plaintiff's claims. *E.E.O.C. v. Sears, Roebuck & Co.*, No. 04 C 7282, 2005 WL 2664367, at *1

(N.D. Ill. July 22, 2005).  "Complaints initiate the litigation but need not cover everything

necessary for the plaintiff to win; factual details and legal arguments come later." *Doe v. Smith*,

429 F.3d 706, 707 (7th Cir. 2005).  "The point of a notice pleading standard is that the plaintiff is

not required to plead either facts or legal theories."  *Hefferman v. Bass*, 467 F.3d 596, 600 (7th

Cir. 2006).

Ameriquest contends that Plaintiff's class allegations are not specific enough because

they  are not limited to a specific timeframe.  In essence, Ameriquest argues that the class

definition is too broad because it does not take into account the statute of limitations or the effect

---

06-100, 127 S. Ct. 36 (2006).  The central issue before the Supreme Court is the appropriate
standard for willfulness under the FCRA.  However, at least one appellant has also appealed the
Ninth Circuit's determination that it was required to provide adverse action notices to insureds
who received less than the most favorable rates based in whole or in part on their credit
information.

[3]Ameriquest's argument that the new risk based pricing provision of FACTA indicates
that it did not owe Mr. Burggraff an adverse action notice is without merit. The plain language of
FCRA required that Ameriquest provide adverse action notice.  In addition, FACTA did not
amend or alter ECOA. Ameriquest's argument is also inconsistent with its argument that there is
no one best available set of terms.

of the FACTA amendments which Ameriquest argues eliminated a private right of action after December 1, 2004. However, "[a] plaintiff is not required to anticipate and respond to 'an affirmative defense' such as the statute of limitations, in his complaint . . . " *Walker v. County of Cook*, No. 05 C 5634, 2006 WL 2162829 (N.D. Ill. July 28, 2006) (holding that determination of the requirements of Fed. R. Civ. P. 23 are premature at motion to dismiss stage when there is no motion for class certification pending).

To adequately plead class allegations, a plaintiff is only required to plead that the conduct of the defendant violated the rights of a group of people. *See Sears* at *2 (holding that class allegation that "Sears maintained an inflexible worker's compensation one year leave policy which does not provide for reasonable accommodation of employees with disabilities" was sufficient to give Defendant notice of class claim); *Walker* at *3 (general class allegations that Defendant used excessive force against detainees and have shown deliberate indifference to the safety of detainees found to adequately allege class claims). Plaintiffs have put Defendant on notice of the basis of their claims and that they seek to represent a class. They will define the class more specifically when they file their motion for class certification, and will address any defenses regarding the statute of limitations or other timing issues at that time. Plaintiffs' class allegations satisfy the notice pleading requirements. Plaintiff has complied with Fed. R. Civ. P. 8(a) and should not be required to plead any more specifically than the Federal Rules require.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss Non-Borrowers' Complaint or, in the Alternative, for a More Definite Statement.

Respectfully submitted,

Dated: February 9, 2007

_/s/ Kelly M. Dermody_
Kelly M. Dermody

Kelly M. Dermody (CA Bar No. 171716)
Caryn Becker (CA Bar No. 196947)
LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

_/s/ Jill H. Bowman_
Jill H. Bowman
Terry Smiljanich
Jill Bowman
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile:  (813) 286-4174

_/s/ Gary Klein_
Gary Klein

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA  02111-2810
Telephone:  (617) 357-5500 ext. 15
Facsimile:   (617) 357-5030

_Plaintiffs' Co-Lead Counsel_

12

_____/s/ Marvin A. Miller_____

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL  60602
Telephone:  (312) 782-4880
Facsimile:   (312) 782-4485

*Plaintiffs' Liaison Counsel*

13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION
_____

THIS DOCUMENT RELATES TO: ALL
ACTIONS

MDL No. 1715

Lead Case No. 05-cv-07097

(Centralized before the Honorable
Marvin E. Aspen)

**PROOF OF SERVICE**

I, Jill Bowman, hereby certify that on this 9th day of February, 2007, a true and correct

copy of the following document was filed electronically:

**NON-BORROWERS OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS NON-BORROWERS' COMPLAINT OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Notice of filing was sent by electronic mail to all Filing Users by operation of the Court's

electronic filing system. Parties may access this filing through the ECF system.

I further certify that on February 9, 2007, a true and correct copy of this Proof of Service

was filed electronically with the Court.

/s/ Jill H. Bowman
JILL H. BOWMAN

14