# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LATRICE MONROE,

CASE NO. 04-61621-CIV-DIMITROULEAS

Magistrate Judge Torres

Plaintiff,

vs.

AMERICAN INTERNATIONAL GROUP,
INC. and BIRMINGHAM FIRE
INSURANCE COMPANY OF
PENNSYLVANIA,

Defendants.
_____/



FILED by _____ D.C.
APR 20 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE is before the Court upon the Defendants' Motion for Judgment on the Pleadings, filed herein on March 14, 2006. [DE-46]. The Court has carefully considered the Motion, Plaintiff's Memorandum in Opposition [DE-48], and Defendants' Reply [DE-51], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff, Latrice Monroe, brought this putative class action on December 6, 2004, against Defendants Birmingham Fire Insurance Company of Pennsylvania ("BFIC") and AIG Marketing ("AIG") for alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. In March 2004, Plaintiff had applied to AIG for a private passenger automobile insurance policy. AIG accessed Plaintiff's consumer report and provided her with a semiannual premium quotation of $1,431.00, based in part on her consumer report. Monroe alleges that Defendants did not inform her that her quoted premium was higher than the lowest available premium rate due to information in a consumer report, nor did Defendants provide Plaintiff with any notification of the



adverse action against her as required under § 1681m of the FCRA. On March 14, 2006, Defendants filed the instant Motion for Judgment on the Pleadings asserting that Plaintiff cannot succeed on her claim as a matter of law because § 1681m of the FCRA, on which Plaintiff bases her claim, no longer contains a private right of action for violations of that section.

## II. DISCUSSION

Judgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). When considering a motion for judgment on the pleadings, courts must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. Id.

Defendants assert that Plaintiff cannot prevail on her claim under § 1681m because Congress has removed private rights of action for alleged violations of that section. In 2003, Congress passed the Fair and Accurate Credit Transactions Act ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952 (2003). Section 311(a) of the FACTA added subsection (h) to § 1681(m) of the FCRA. As amended, § 1681m now provides for the following:

(8) Enforcement

(A) No civil actions. Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.

(B) Administrative enforcement. This section shall be enforced exclusively under section 1681s by the Federal agencies and officials identified in that section.

15 U.S.C. § 1681m(h)(8). This provision (hereinafter "the enforcement provision") removes the right to bring a private cause of action for violations of 1681m and commits enforcement of that

2

section to federal agencies, primarily the Federal Trade Commission. The enforcement provision became effective on December 1, 2004. See 16 C.F.R. § 602.1(c)(3).

Several courts have considered the FACTA Amendment and the enforcement provision and concluded that § 1681m(h)(8) eliminates a private right of action for violations of any provision of § 1681m. See Phillips v. New Century Fin. Corp., 2006 WL 517653 (S.D. Cal. March 1, 2006); Pietras v. Curfin Oldsmobile, Inc., 2005 WL 2897386 (N.D. Ill. Nov. 1, 2005); Murray v. Cross Country Bank, 2005 WL 2644961 (N.D. Ill. Aug. 15, 2005); Murray v. Household Bank (SB), N.A., 386 F. Supp. 2d 993 (N.D. Ill. 2005). Plaintiff does not dispute that the FACTA Amendment eliminated the private right of action after the Amendment became effective. She contends however, that the Non-Enforcement provision does not apply in the instant case because its application here would have an impermissible retroactive effect. The FACTA Amendment became effective on December 1, 2004. The conduct giving rise to Plaintiff's cause of action occurred in March, 2004. Plaintiff asserts that it is the date of the alleged violation of the statute giving rise to her right of action that determines whether the new statute should apply, not the date she filed her Complaint. Defendants respond that it is only the date the Complaint was filed that is relevant because the FACTA Amendment did not affect Plaintiff's substantive rights but rather made only procedural changes such that there is no concern for retroactive effect.

In determining whether a statute applies retroactively, the Court must engage in a two-step analysis set forth in Landgraf v. USI Film Products, 511 U.S. 244 (1994). The Court must first "determine whether Congress has expressly prescribed the statute's proper reach." Id. at 280. "When the temporal effect of a statute is manifest, 'there is no need to resort to judicial

3

default rules' and inquiry is at an end." Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1281 (11th Cir. 2005) (quoting Lockheed Corp. v. Spink, 517 U.S. 822, 896 (1996)). When the statute does not contain an express command regarding retroactivity, however, the court "must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at 280. If the statute would operate retroactively, it "does not govern absent clear congressional intent." Id.

Applying the first prong of the Landgraf analysis, there is no express command regarding retroactivity in the FACTA or related regulations. Reviewing the amendment and the regulations establishing the effective date for the provisions at issue, there is none of the language which the Supreme Court has identified as indicating Congressional intent for application of a statute. Id. at 259-60 (stating that if Congress intended retroactive application, then "it surely would have used language comparable to . . . 'shall apply to all proceedings pending on or commenced after the date of enactment.'")(citation omitted). Thus, the Court must proceed to the second step of the retroactive application analysis.

Under the second step of the Landgraf analysis, the question is whether retroactive application of the statute will have retroactive effect. Id. at 280. Retroactive effect may occur where application of a new statutory provision "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at 280. "The inquiry into whether a statute operates retroactively demands a commonsense functional judgment about whether the new provision attaches new legal consequences to events completed before its enactment." Cisneros

4

v. U.S. Att'y Gen., 381 F.3d 1277, 1283 (11th Cir. 2004)(internal quotations omitted).

Several courts have held that application of the FACTA amendment to cause of action filed after its effective date but based on alleged violations of § 1681m which occurred before that date would have retroactive effect. In Phillips v. New Century Financial Corporation and Parthiban v. GMAC Mortgage Corporation, the court addressed the potential retroactive effect of application of the FACTA amendments to alleged violations of the 15 U.S.C. § 1681m occurring prior to the effective date of the FACTA. Philips, 2006 WL 517653, at *4-7; Parthiban v. GMAC Mortgage Corp., No. 05-768, slip op. at 5-6 (C.D. Cal. Mar. 1, 2006). The court concluded in both cases that application of the FACTA would have retroactive effect if applied to pre-enactment conduct because it impairs the rights of plaintiffs which they previously possessed. Before the amendment, consumers who received credit solicitations in violation of the FCRA could sue to ensure defendants' compliance with the law, whereas after FACTA, consumers could no longer sue privately but could rely only on administrative enforcement of the statute. Phillips, 2006 WL 517653, at *6; Parthiban, No. 05-768, at 6.

Similarly, in Fisher v. Finance America, LLC, the court concluded that FACTA had retroactive effect because it took away "a previously-available cause of action from private plaintiffs and attach[ed] new consequences to pre-enactment conduct." Fisher v. Fin. Am., LLC, No. 05-0888, slip op. at 8-9 (C.D. Cal. Jan. 24, 2006). The court stated that the change in potential plaintiffs and the removal of the profit incentive for suit would affect the substantive rights of the parties "by essentially eliminating an entire cause of action and subjecting defendants to a much decreased likelihood of liability." Id. at 9 (citing Hughes Aircraft Co. v. United States,

5

520 U.S. 939, 950 (1997).[1]

Applying the second prong of Landgraf to the instant case, the Court finds that applying §1681m as amended would have a retroactive effect because it impairs a right of Monroe's that she possessed at the time she acted, specifically the right to bring suit for violations of the FCRA at the time she became a victim of such a violation. See Landgraf, 511 U.S. at 280; Scott v. Boos, 215 F.3d 940, 945 (9th Cir. 2000). Moreover, under the 'alternative test' for retroactive effect set out in Landgraf, a statute has retroactive effect if the amended provision attaches new legal consequences to events completed before its enactment. Landgraf, 511 U.S. at 270; Cisneros, 381 F.3d at 1283. The FACTA amendment to the FCRA does attach new legal consequences to pre-enactment events; specifically, prior to the FACTA's enactment, Defendants faced potential liability for their alleged conduct based on Plaintiff's right to bring a claim under the FCRA, whereas after the amendment Plaintiff has no right of action and Defendants face liability for their alleged conduct only if the federal agents vested with enforcement of the FCRA choose to bring suit.

Defendants argue that application of the enforcement provision to this case does not raise retroactivity concerns because the amendment concerns only secondary conduct concerning the filing of the lawsuit, not primary conduct concerning the "allegedly illegal pre-enactment

---

[1] Defendants argue that Fisher and Parthiban are inapposite because those cases addressed 15 U.S.C. § 1681m(d), which give consumers the right to opt-out of receiving credit and insurance solicitations, rather then 1681m(a) which is at issue in this case. See Fisher, No. 05-0888, at 14. Defendants assert that because 1681m(d) required some action by the plaintiffs in Fisher and Parthiban—deciding whether to opt-out—and that the retroactive effect analysis in that case is irrelevant here. The Court disagrees. The same underlying principles guided the courts in both Phillips, Parthiban and Fisher and the Court finds that analysis persuasive given the similarly of those cases to the instant matter.

6

conduct." Prof'l Mgmt. Assocs., Inc. Employees Profit Sharing Plan v. KPMG, LLP, 335 F.3d 800, 803.

In an analogous case, defendants to a RICO action argued that an amendment to the RICO Act, the Private Securities Litigation Reform Act (PSLRA) which eliminated securities fraud as a basis for civil claims brought under the RICO Act, did not have retroactive effect because the amendment made only procedural or jurisdictional changes. Scott, 215 F.3d at 944. Generally, jurisdictional statutes do not have retroactive effect because they "usually tak[e] away no substantive right but simply chang[e] the tribunal to hear the case." Landgraf, 511 U.S. at 274. "Jurisdictional statutes speak to the power of the court rather than to the rights or obligations of the parties." Id. The court in Scott concluded that the PSLRA was more than just a jurisdictional change, however, because it did not merely change the tribunal that could hear certain types of claims; rather the change was substantive, depriving plaintiffs of the right to bring securities fraud-based RICO claims. Scott, 215 F.3d at 945. Thus, the court ultimately concluded that application of the PSLRA to that case would have retroactive effect because "prior to the PSLRA a plaintiff had a RICO claim based on a defendants' alleged securities fraud, while afterwards a plaintiff does not." Id.

Similarly, here, the FACTA did more than change the tribunal to hear plaintiffs claims; it eliminated private rights of action under § 1681m altogether.[2] As the Supreme Court explained in

---

[2] In support of the argument that the amendment at issue here is merely procedural, Defendants cite Popp Telecomm., Inc. v. Am. Sharecom, Inc., 361 F.3d 482, 489 (8th Cir. 2004) and Kolfenbach v. Mansour, 36 F. Supp. 2d 1351, 1354 (S.D. Fla. 1999), which reached the opposite conclusion from that reached in Scott. The Court finds the analysis in Scott to be persuasive, however, given the particular circumstances at issue in the instant case. Popp concluded that the PSLRA did not have retroactive effect because, although it eliminated securities-based RICO claims, a plaintiff could still bring suit based on that same conduct under the securities law. Popp, 381 F.3d at 489. No such alternative cause of action is available to

7

Hughes Aircraft,

> Statutes merely addressing *which* court shall have jurisdiction to entertain a particular cause of action can fairly be said merely to regulate the secondary conduct of litigation and not the underlying primary conduct of the parties . . . Such statutes affect only *where* a suit may be brought, not *whether* it may be brought at all.

Hughes Aircraft, 520 U.S. at 951 (emphasis in original). The statutory change made to the FCRA through the FACTA did not just change *where* a plaintiff could bring suit for violations of § 1681m, but affected *whether* she could bring a claim at all. The amendment affected Monroe's substantive right to bring a claim for violations of the FCRA and that right would be impaired by retroactive application of the enforcement provision. Accordingly, the Court finds that application of the enforcement provision, 1681m(h)(8) to Plaintiff's cause of action would have retroactive effect and Defendants' motion should be denied.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Judgment on the Pleadings, filed herein on March 14, 2006 [DE-46], is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of April, 2006.

WILLIAM P. DIMITROULEAS
United States District Judge

---

plaintiffs bringing claims under 15 U.S.C. § 1681m. In Kolfenbach, the court based its analysis on the proposition that the retroactivity concerns and analysis discussed in Landgraf apply only to vested rights. Kolfenbach, 36 F. Supp. 2d at 1353-54. Landgraf expressly states, however, that it does not restrict the presumption against retroactivity to "vested rights." Landgraf, 511 U.S. at 950.

8

Copies furnished to:

Terry A. Smiljanich, Esq.
Edith G. Osman, Esq.

9