# **EXHIBIT F**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JAMES P. MILLER, *et al.* | : | CIVIL ACTION |
| | : | NO. 05-5133 |
| | : | |
| v. | : | |
| | : | |
| CORESTAR FINANCIAL GROUP | : | |
| OF PA, INC., *et al.* | : | |

O'Neill, J.                                                                                                                                                                February 5, 2007

## **MEMORANDUM**

      Plaintiffs James Miller and George Soroka filed an amended class action complaint in this case against defendants CoreStar Financial Group of Pa., Inc., CoreStar Financial Group, LLC, and CoreStar Financial Group, Inc. (collectively "CoreStar") alleging violations of the Fair Credit Reporting Act ("FCRA"). Before me now are defendants' motion to dismiss, plaintiffs' response, and defendants' reply thereto.

### BACKGROUND

      The factual background of this case can be found in my decision of June 29, 2006, <u>Miller v. CoreStar Financial Group of PA, Inc.</u>, 2006 WL 1876584 (E.D. Pa. 2006). Nevertheless, I will discuss the relevant facts here.

      In August or September 2005, James Miller received a letter from CoreStar extending a mortgage loan offer. The letter did not specify the amount available to be borrowed, the applicable interest rate, or the terms of the loan. CoreStar sent the letter after it obtained a consumer report on Miller without his consent and knowledge. In my June 29, 2006 decision, I granted defendants' motion to dismiss plaintiff Miller's claim that CoreStar had violated

1

FACTA's "clear and conspicuous" disclosure requirements. In that memorandum, I noted that "no private cause of action existed at the time of Miller's complaint to challenge the 'clear and conspicuous' disclosure requirement." That private right of action was eliminated by FACTA before Miller received his letter.

On July 31, 2006, Miller amended his complaint to include George Soroka as an additional plaintiff and potential class representative. Soroka received three solicitations from CoreStar. The first, which states it is to expire on September 30, 2004, does not specify the amount of the loan, fails to set up a definite offer, fails to state the rate or method of computing interest, and fails to specify the term of the loan. The second letter, which includes a reply deadline of November 30, 2004, fails to specify the amount of the loan, fails to set forth a definite offer, fails to state the rate or method of computing interest, and fails to specify the term of the loan. The third letter, dated May 1, 2005, also fails to state the amount of credit to be extended, fails to set forth a definite offer, fails to state the rate or method of computing interest, and fails to specify the term of the loan.

Plaintiffs' complaint allege that each of CoreStar's letters to Soroka fail to make the necessary "clear and conspicuous" disclosures required by § 1681m(d) of the FCRA. Further, the limited disclosures included by CoreStar are not offset, enlarged, or otherwise emphasized. The disclosures instead are in a reduced font under substantially larger, offset type.

Defendants filed their current motion to dismiss on August 21, 2006, alleging that Count II of the complaint is insufficient as a matter of law. They first argue that the comprehensive 2003 amendments to the FCRA, the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), eliminated a private right of action for alleged improper disclosures in December

2004 and would not have an impermissible retroactive effect if it barred Soroka's claims. Second, defendants also argue that Soroka's claim fails because he has not alleged when he received the offer letters, and therefore has not alleged that his claims were filed within the FCRA's two-year statute of limitations.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, plaintiffs may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Nevertheless, in evaluating plaintiff's pleadings I will not credit any "bald assertions." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Nor will I accept as true legal conclusions or unwarranted factual inferences. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The complaint will be deemed to have alleged sufficient facts if it adequately put the defendant on notice of the essential elements of the plaintiff's cause of action." Nami, 82 F.3d at 65. A Rule 12(b)(6) motion is proper only if the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

## DISCUSSION

The FCRA was enacted to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the

3

confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b) (2007). "In the FCRA, Congress has recognized the crucial role that consumer reporting agencies play in collecting and transmitting consumer credit information, and the detrimental effects inaccurate information can visit upon both the individual consumer and the nation's economy as a whole." Philbin v. Trans Union Corp., 101 F.3d 957, 962 (3d Cir. 1996).

A.     Private Right of Action for "Clear and Conspicuous" Violations

Under the FCRA, any company who uses a consumer report to issue a credit solicitation must include specific disclosures in a clear and conspicuous statement. 15 U.S.C. § 1681m(d). The statement must include, among other information, notice that the consumer report was accessed, the consumer was selected because he satisfied certain creditworthiness criteria, and credit may not be extended if the consumer does not meet any applicable credit criteria or does not furnish adequate collateral. Id.

1.     Elimination of Private Actions

The current version of the FCRA provides in § 1681m(h)(8): "No civil actions. [15 U.S.C. §§ 1681n and 1681o] shall not apply to any failure by any person to comply with this section." Further, it notes, "This section shall be enforced exclusively under [15 U.S.C. § 1681s] by the Federal agencies and officials identified in that section." Id. These sentence were added by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which became law on December 4, 2003. See Pub. L. No. 108-159, 117 Stat. 1952 (2003). Prior to that amendment, private parties were permitted to bring civil actions to enforce the "clear and conspicuous" disclosure requirement. See, e.g., Kelcher v. Sycamore Manor Health Ctr., 305 F. Supp. 2d 429, 433 (M.D. Pa. 2004). As I found in my earlier decision in this case, the FACTA amendments

4

eliminated a private right of action under § 1681m. See Miller, 2006 WL 1876584 at *3.

2.      Retroactivity

Plaintiffs assers that even if the FACTA amendments to the FCRA eliminated all private actions, that rule cannot be retroactively applied to this case. They claim that dismissal is improper because the activity underlying this claim was completed before FACTA's effective date.[1] The FACTA amendments were passed on December 4, 2003 and became effective on December 4, 2004. See Pub. L. No. 108-159, 117 Stat. 1952 (2003).

In general, the Supreme Court has identified a presumption against statutory retroactivity. See Landgraf v. USI Film Prods., 511 U.S. 244, 293 (1994). In Landgraf, the Court explained:

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.

Id. at 280. "[A] requirement that Congress first make its intention clear helps ensure that Congress itself has determined that the benefits of retroactivity outweigh the potential for disruption or unfairness." Id. at 267. Thus, Landgraf sets forth a two-step process. First, I must decide whether Congress has expressly prescribed the statute's proper reach. If Congress has not expressly prescribed the statute's proper reach, then I must determine whether the amendments

---

[1] In his original complaint, Miller attempted to argue that CoreStar's conduct was complete when the solicitations are designed and printed, often several months before the letter was sent. This suggestion is absurd. The disclosure requirements must be included "with each written solicitation made to the consumer." § 1681m(d)(1). Therefore, no cause of action exists until the consumer receives the written solicitation.

5

would have an impermissible retroactive effect.

I first find that Congress has not expressly prescribed the statute's proper reach. The only insight Congress has offered is § 312(f) of FACTA, which provides:

> Nothing in this section, the amendments made by this section, or any other provision of this Act shall be construed to affect any liability under section 616 or 617 of the Fair Credit Reporting Act (15 U.S.C. 1681n, 1681o) that existed on the date before the date of enactment of this act.

117 Stat. 1952. In their reply brief defendants argue that by negative implication FACTA § 312(f) demonstrates that Congress determined that FACTA should apply to all claims arising after the statute's effective date. See also Crowder v. PMI Mortgage Ins. Co., 2006 WL 1528608, at *4 (M.D. Ala. May 26, 2006). This provision supports the conclusion that Congress did not intend to bar lawsuits stemming from conduct that occurred before the date FACTA was enacted, December 4, 2003. It does not, however, specifically address the application of FACTA to events that occurred between the date it was enacted and its effective date, December 4, 2004. Therefore, I must move to Landgraf's second prong and decide whether applying FACTA to conduct that occurred before its effective date would have an impermissible retroactive effect.

A statute does not have an impermissible retroactive effect merely because it applies to conduct that occurred before the statute's enactment. Landgraf, 511 U.S. at 269. "Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." Id. at 269-70.

Only one circuit court has decided this issue, finding that FACTA does not apply retroactively to credit offers made before the amendment's effective date. See Murray v. GMAC Mortgage Corp., 434 F.3d 948, 951 (7th Cir. 2006) ("A recent amendment to the Act abolishes private remedies for violations of the clear-disclosure requirement . . . but that change does not

6

apply to offers made before its effective date."). Lower courts have split on the issue. Compare Crowder v. PMI Mortgage Ins. Co., 2006 WL 1528608 (M.D. Ala. May 26, 2006) ("giving effect to section 1681m(h)(8) to preclude [plaintiffs'] lawsuit would not be impermissibly retroactive" ) with Phillips v. New Century Fin. Corp, 2006 WL 517653 (C.D. Cal. March 1, 2006) (concluding that "the FACTA amendment eliminating the private right of action does not bar Plaintiff's claim").

I agree with plaintiffs and find that FACTA does not apply retroactively to credit offers made before its effective date. Although the Court of Appeals has not specifically decided this issue, its decision in Mathews v. Kidder, Peabody & Co, Inc., 161 F.3d 156 (3d Cir. 1998) is instructive.[2] In that case, the Court reviewed an amendment to the Racketeer Influenced and Corrupt Organizations Act ("RICO") that eliminated a plaintiff's right to bring a securities fraud case under that statute. Id. at 157. The Court first found that the events in question were "the alleged fraudulent acts by the defendant." Id. at 164. The Court concluded, "[R]etrospective application of the RICO amendment would have the legal effect of depriving plaintiffs of a claim, which also constitutes a retroactive effect." Id. at 166.

Like the RICO amendment, the FACTA amendment eliminates a private right of action. The events in question here, like those in Mathews, were the defendants' alleged illegal acts–specifically, sending Soroka an offer letter without the necessary clear and conspicuous disclosures. If the amendment was applied retroactively it would have an impermissible

---

[2]Defendant notes that Mathews concerned a case that was already pending when the statutory amendments were passed, and that the Court of Appeals expressly declined to decide whether the statute barred the claims of plaintiffs added after the statute's effective date. 161 F.3d at 157 n.1. I agree that the case before me is not perfectly analogous to Mathews, but the Court of Appeals' reasoning is instructive nonetheless.

7

retroactive effect, denying plaintiffs a claim they had before the statute became effective. Therefore, plaintiff Soroka has a private right of action against defendants regarding any letters he received before FACTA's effective date.

Defendants argue that Landgraf does not apply to this case because the enforcement provision is a procedural rule. Cf. Prof. Mgmt. Assoc. v. KPMG LLP, 335 F.3d 800, 803 (8th Cir. 2003) ("There is generally no retroactivity concern when a new procedural rule goes into effect after a cause of action accrues, but before filing of a lawsuit based on pre-enactment conduct."). While some district courts in other jurisdictions support defendants argument, I disagree. As I discuss above, following the guidance of the Court of Appeals, FACTA's elimination of a private right of action for violations of the clear and conspicuous FCRA requirement is more than a procedural change, and applying it to letters plaintiff received before the statute's effective date would have an impermissible retroactive effect.

B.      Statute of Limitations

Defendants also argue that Soroka's clear and conspicuous disclosure claim fails because it is barred by the FCRA's two year statute of limitations. See 16 U.S.C. § 1681p. As I noted above, a Rule 12(b)(6) motion is proper only if the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Like Miller's original complaint, the amended complaint does not include a date when Soroka received his mortgage loan offer letters. The complaint does, however, note that the letters CoreStar sent to Soroka expired on September 30, 2004, November 30, 2004, and May 1, 2005. Based on this information, I cannot say that Soroka cannot prove a set of facts entitling him to relief. The dates included with two of the letters predate the FACTA amendments eliminating a private cause of

8

action.[3] Therefore, Soroka has offered enough information to survive defendants' motion to dismiss.

An appropriate Order follows.

---

[3]This holding is based solely on the facts pled in the complaint and the issue may be revisited in a motion for summary judgment after further discovery.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JAMES P. MILLER, *et al.* | : | CIVIL ACTION |
| | : | NO. 05-5133 |
| | : | |
| v. | : | |
| | : | |
| CORESTAR FINANCIAL GROUP | : | |
| OF PA, INC., *et al.* | : | |

ORDER

AND NOW, this 5th day of February 2007, upon consideration of defendants' motion to dismiss, plaintiff's response, and defendants' reply thereto, defendants' motion to dismiss is DENIED.

                                                    s/ Thomas N. O'Neill, Jr.
                                                    THOMAS N. O'NEILL, JR., J.