# EXHIBIT H

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLAYTON GLATT and SHARMAN VEGER, and
all others similarly situated,

        Plaintiffs,

vs.                      Case No. 2:03-cv-326-FtM-29SPC

THE PMI GROUP, INC., PMI MORTGAGE
INSURANCE COMPANY, and CMG MORTGAGE
INSURANCE COMPANY,

        Defendants.
_____/

**ORDER**

This matter comes before the Court on The PMI Defendants' Motion to Dismiss Amended Complaint (Doc. #37), filed on September 29, 2003. Plaintiffs' Memorandum of Law In Opposition (Doc. #45) was filed on October 17, 2003. With the permission of the Court, defendants filed a Reply Brief (Doc. #50) and plaintiffs filed a Sur-Reply Memorandum (Doc. #53). On December 24, 2003, plaintiffs filed a Notice of Filing Supplemental Authority (Doc. #55).

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41,

45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Additionally, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

## II.

The Amended Complaint (Doc. #34) alleges the following facts, which at this stage of the proceedings are presumed to be true:

In September, 2002, plaintiffs Clayton Glatt and Sharman Veger (collectively plaintiffs) purchased a home in Naples, Florida and financed 100% of the value of the house. (Doc. #34, ¶ 30). Based at least in part on information contained within plaintiffs' consumer credit report, "defendants"[1] set the premium for

---

[1] The PMI Group, Inc. (PMI) is a holding company whose subsidiaries issue private mortgage insurance policies in connection with residential mortgages. PMI Mortgage Insurance Company (PMI Mortgage) and CMG Mortgage Insurance Company (CMG (continued...)

-2-

plaintiff's mortgage insurance at $604.06 per month. (Doc. #34, ¶ 31). Plaintiffs were required to pay this premium, which was not the lowest premium available from the defendants. (Doc. #34, ¶¶ 31, 32).[2]

Plaintiffs characterize this less-than-lowest mortgage insurance premium as an "adverse action" under the federal Fair Credit Reporting Act (FCRA), and allege that they received no notice or other information regarding this adverse action, as required by the FCRA. (Doc. #34, ¶¶ 33, 36-39). The Amended Complaint alleges that defendants' regular business practice is to use consumer credit reports through their electronic underwriting systems to underwrite consumers' mortgage insurance premiums. (Doc. #34, ¶¶ 34-35). Count One alleges a willful violation of the FCRA by failing to provide the required notice of the adverse action of charging plaintiffs more than the lowest premium available. Count Two alleges a negligent violation of the FCRA by failing to provide the required notice of the adverse action of charging plaintiffs more than the lowest premium available. Count

---

[1](...continued)
Mortgage) are wholly-owned subsidiaries of PMI which issues private mortgage insurance policies for which consumers pay insurance premiums. (Doc. #34, ¶¶ 3-6).

[2] As defendants point out, these remarkably sparse facts are a shortened version of the more factually forthcoming original Complaint (Doc. #1, ¶¶ 29-42). For purposes of the motion to dismiss, the Court will assume the facts set forth in the Complaint remain applicable to the transaction at issue.

Three alleges a violation of the Florida Deceptive and Unfair Trade Practices Act

### III.

Defendants assert that Counts One and Two fail to state claims under the FCRA. Defendants argue that charging more than the lowest premium possible for mortgage insurance was not an "adverse action" within the meaning of the FCRA, and therefore they were not obligated to give the notice required when an adverse action is taken.

Under the FCRA, any person who takes "any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report" must provide notice of the adverse action to the consumer and certain other information. 15 U.S.C. § 1681m(a). As defendants correctly point out, "adverse action" is a term of art defined differently under the FCRA in the contexts of credit transactions, insurance transactions, employment decisions, government benefits, and transactions initiated by the consumer. 15 U.S.C. § 1681a(k)(1).

Defendants assert that the definition of "adverse action" must be that used in the context of a credit transaction, 15 U.S.C. § 1691(d)(6), not the definition used in the context of an insurance transaction, 15 U.S.C. § 1681a(k)(1)(B)(i). Even if the credit transaction definition of "adverse action" applies to this case, which the Court finds unnecessary to resolve at this stage of the

proceedings, the Court is not satisfied that the counteroffer exception in 12 C.F.R. § 202.2(c) upon which defendants rely necessarily applies. In other words, even considering the expanded version of the facts in the original Complaint, it does not appear beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief.

The Court is also not satisfied that the definition of "adverse action" in the insurance context is not applicable. While defendants argue that mortgage insurance is not "insurance" within the meaning of the FCRA, this proposition is far from clear. For example, Home Guar. Ins. Co. v. Numerica Fin. Servs., Inc., 835 F.2d 1354, 1354 (11th Cir. 1998) noted that a Florida statute defined mortgage guaranty insurance as "a form of casualty or surety insurance." The recent decision by Judge William Terrell Hodges in Preston v. Mortgage Guar. Ins. Corp. of Milwaukee held that the credit context definition of adverse action was not applicable to virtually identical facts as in this case, and that "there can be no dispute that the actual use of the report by the Defendant was made with respect to insurance." (Doc. #55, p. 7). Additionally, defendants have not cited any binding precedent for their proposition that "courts have definitively rejected the claim that charging more than the best available rate for insurance constitutes an 'increase in any charge' within the meaning of [the insurance] provision." (Doc. #38, p. 9). The existence or non-

-5-

existence of such an increase remains a factual matter which cannot be resolved on a motion to dismiss.

Further, the Court finds that Count Two adequately alleges a claim for a willful violation of the FCRA to satisfy the liberal federal notice pleading standards summarized above.

Finally, the Court agrees with defendants that Court Three, alleging a state law claim of a violation of the Florida Deceptive and Unfair Trade Practices Act, is preempted by 15 U.S.C. § 1681t(b). Preston, supra, at page 10.

Accordingly, it is now

**ORDERED:**

The PMI Defendants' Motion to Dismiss Amended Complaint (Doc. #37) is **GRANTED** to the extent that Count Three is dismissed, and is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ____ day of January, 2004.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Sheri Polster Chappell
Counsel of record
DCCD
DCLC