**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE COMPANY MORTGAGE LENDING PRACTICES LITIGATION ) ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL INDIVIDUAL ACTIONS ) ) ) ) | Centralized before Judge Marvin E. Aspen |
| LYNN JULIEN and DENISE JULIEN, ) ) Plaintiffs, ) ) v. ) ) AMERIQUEST MORTGAGE COMPANY, ) ) Defendant. ) ) ) ) ) | No. 1:06-CV-00320-CAP (N.D. Ga.)<br><br>No. 07 C 4037 (N.D. Ill.) (transferred for pretrial proceedings)<br><br>Judge Marvin E. Aspen |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT *INSTANTER*, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiffs move the Court, under Rule 15(a) of the Federal Rules of Civil Procedure, for an order granting them leave to file, *instanter,* the proposed Second Amended Complaint attached hereto as Exhibit A. In support of this motion, Plaintiffs state:

1. Plaintiffs initiated this action on February 13, 2006, in the Northern District of Georgia.

2. On June 12, 2006, Plaintiffs filed and served an Amended Complaint. The Amended Complaint asserts a claim under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA"), to enforce Plaintiffs' right to rescind two consumer credit transactions and to recover damages, court costs, litigation expenses, and attorney's fees based on violations of TILA and implementing Regulation Z, 12 C.F.R. pt. 226 ("Regulation Z"). The Amended Complaint also asserts a claim, via Ga. Code Ann. §§ 51-1-6, 51-1-8, for breach of statutory duties imposed by the Georgia Residential Mortgage Act.

3. On June 29, 2006, Defendant filed a Motion to Dismiss Amended Complaint. On July 17, 2006, Plaintiffs filed Plaintiffs' Response in Opposition to Motion to Dismiss Amended Complaint.

4. On July 20, 2006, this action was transferred to this District.

5. The Motion to Dismiss Amended Complaint remains pending.

6. The parties have engaged in no discovery beyond the initial disclosures required by Rule 26(a)(1), Federal Rules of Civil Procedure.

7. In their initial disclosures served upon Defendant on July 12, 2006, Plaintiffs stated that Defendant had, after the filing of the Amended Complaint, failed to meet the terms of a rescission demand under TILA within the statutory period for doing so. Plaintiffs also stated that they might assert, in a Second Amended Complaint, a claim brought under the Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390 et seq. ("GFBPA").

8. Plaintiffs stated in the Joint Preliminary Report and Discovery Plan filed on July 12, 2006, that they might seek further amendments to their pleadings.

9. The only substantive amendments to the Amended Complaint that are contained in the proposed Second Amended Complaint attached hereto involve <u>claims that did not ripen until after the filing of the Amended Complaint</u>. The claims are as follows: (a) a claim for $2000 in additional statutory damages for Defendant's failure to meet the terms of a rescission demand under TILA within the statutory period for doing so, (<u>see</u> Prop. Am. Compl. ¶¶ 48-52), and (b) a claim brought under the GFBPA for Defendant's unfair and deceptive practice of extracting from Plaintiffs an unauthorized, illegal charge without their knowledge, (<u>see</u> Prop. Am. Compl., Count VII). The former claim did not ripen until July 3, 2006. (<u>See</u> Prop. Am. Compl. ¶ 52.) The latter claim could not be brought until after thirty days had expired from Defendant's receipt of Plaintiffs' notice under Ga. Code Ann. § 10-1-399(b). Plaintiffs sent the notice on July 12, 2006, (<u>see</u> Prop. Am. Compl. ¶ 78), after the Amended Complaint had been filed.

10. Plaintiffs seek in good faith to amend their pleading to assert claims that, as shown above, had not ripened when the Amended Complaint was filed. The offered amendments are not for purposes of delay, and will not unduly prejudice Defendant, because the claims have been previously announced and involve facts that are already within Defendant's knowledge.

11. Plaintiffs additionally note that while this case was still in the Northern District of Georgia, discovery was abated by the pendency of the motion to dismiss.

12. Plaintiffs note further that from the time that this case was transferred to this District until recently, this Court had a litigation stay in effect that applied to routine motion practice as well as discovery.

MEMORANDUM OF LAW

    Rule 15(a) mandates that leave to amend a pleading be freely given when justice so requires. Foman v. Davis, 371 U.S. 178 (1962). This Rule "circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) (emphasis added). There is no reason herein for denial of Plaintiffs' requested amendment. None of the factors listed in Foman as possible grounds for denying amendment (i.e., undue delay, bad faith or dilatory motive, repetitive amendments, undue prejudice, futility) is present. Accordingly, the present motion must be granted. Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993) ("a justifying reason must be apparent for denial of a motion to amend") (emphasis added). See also Hely & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir. 1981) (to show prejudice from a proposed Rule 15(a) amendment, the party opposing the amendment "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely").

    WHEREFORE, Plaintiffs move the Court for an order allowing them to file the attached proposed Second Amended Complaint, *instanter*.

    (Signature follows.)

s/Charles M. Baird
Charles M. Baird
Georgia Bar No. 032500
Attorney at Law
235 Peachtree Street
Suite 400
Atlanta, Georgia 30303-1400
(404) 287-2383
Direct Line: (404) 522-9485
Fax (404) 627-7056

Attorney for Plaintiffs