**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> ACTIONS ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |

_____

| | |
|---|---|
| ANTONY BRICKER and MICHELLE ) <br> BRICKER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERIQUEST MORTGAGE COMPANY, ) <br> AMERIQUEST MORTGAGE SECURITIES, ) <br> INC., AMC MORTGAGE SERVICES, ) <br> INC., and DOES 1-5, ) <br> ) <br> ) <br> ) <br> ) <br> Defendants. ) | 06 C 4528 <br><br> Judge Manning <br> Magistrate Judge Denlow <br><br><br><br> (Reassigned to Judge Aspen for <br> pretrial proceedings) |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT, *INSTANTER***

Plaintiffs Antony Bricker and Michelle Bricker hereby respectfully move this Court, pursuant Fed. R. Civ. Pro. 15(a), for leave to file an Amended Complaint, *instanter*, in this action. A copy of Mr. Bricker and Ms. Bricker's proposed Amended Complaint is attached hereto as Appendix A. In support of their motion, Mr. Bricker and Ms. Bricker state as follows:

1

1.      Mr. Bricker and Ms. Bricker filed this action on August 21, 2006 against defendant Ameriquest Mortgage Company and affiliates to rescind their mortgage loan and recover damages for violations of (A) the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), implementing Federal Reserve Board Regulation Z, C.F.R. part 226; and (B) the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq. ("ECOA").

2.      First, Mr. Bricker and Ms. Bricker's proposed amended complaint seeks to add factual allegations in support of their claim under ECOA. The new paragraphs are ¶¶ 17-19.

3.      Second, the proposed amended complaint seeks to add Deutsche Bank National Trust Company, N.A., as a defendant, as it probably has an ownership interest in plaintiffs' loan.

4.      This motion is timely. First, defendants have not yet answered the original complaint.

5.      Second, between April 24, 2006 and December 22, 2006, this Court had a litigation stay in effect that applied to routine motion practice as well as discovery. Thus, plaintiffs could not have filed this motion before now.

6.      Third, discovery in this and related cases is at the earliest stage, due to the stay imposed by the Court and lifted only recently. In fact, there has been no discovery in this case, which was filed during the effective period of the stay. Therefore, the granting of this motion will not significantly delay or prolong discovery or any final disposition in this case.

7.      The minor, proposed changes would not cause any prejudice to any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment

2

is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

        8.     Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires."  A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiffs respectfully request that this Court enter an Order granting them leave to file the proposed Amended Complaint, a copy of which is attached as Appendix A, and to grant any further or other relief that the Court deems just.

                                           Respectfully submitted,

                                           s/Al Hofeld, Jr.
                                           Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS
     & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603

(312) 739-4200
(312) 419-0379 (FAX)