**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTONY BRICKER and MICHELLE BRICKER, | ) ) ) | |
| Plaintiffs, | ) ) | 06 C 4528 |
| | ) | Judge Manning |
| v. | ) ) | Magistrate Judge Denlow |
| AMERIQUEST MORTGAGE COMPANY, AMERIQUEST MORTGAGE SECURITIES, INC., AMC MORTGAGE SERVICES, INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., and DOES 1-5, | ) ) ) ) ) ) | (Transferred to Judge Aspen for pretrial proceedings under MDL #1715) |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

**AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs Antony Bricker and Michelle Bricker bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. Plaintiff Michelle Bricker also alleges violation of the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq. ("ECOA").

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA). Defendants transact business in the District and are deemed to reside here.

1

**PARTIES**

3. Plaintiffs Antony Bricker and Michelle Bricker own and reside in a single-family home which they own located at 1902 Heron View Way, Round Lake, Illinois 60073.

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

9. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

10. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an

interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

11. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

12. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY. On information and belief it holds legal title to plaintiff's loan, probably as trustee.

## FACTS RELATING TO PLAINTIFFS

13. Prior to July 21, 2004, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

14. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

15. The loan was closed on July 21, 2004.

16. The following are documents relating to the loan:

    a. A note, Exhibit A. Only Mr. Bricker is personally obligated on the loan and signed the note.

    b. A mortgage, Exhibit B. Since both Mr. and Mrs. Bricker own the property securing the loan, both signed the mortgage.

    c. A settlement statement, Exhibit C;

    d. A Truth in Lending statement, Exhibit D;

    e.  A list of "items to be paid off from loan proceeds," <u>Exhibit E</u>;

    f.  "Itemization of settlement charges," <u>Exhibit F</u>;

    g.  A "summary of debts and disbursements," <u>Exhibit G</u>;

    h.  The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit H</u>. As indicated, three of the five copies furnished were not completed, when delivery of four complete copies was required.

    i.  A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit I</u>.

  17.  During closing, plaintiffs noticed that only Antony Bricker's name was printed on the documents.

  18.  Plaintiffs protested to Ameriquest's closing agent. The closing agent instructed them to sign the documents anyway, and promised that Ameriquest would later retype and reprint the documents to include Michelle Bricker's name and deliver the corrected documents to plaintiffs after closing.

  19.  Plaintiffs have never received any documents with Michelle Bricker's name typed on them.

  20.  Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

  21.  On information and belief, Ameriquest Mortgage Securities, Inc., andor Deutsche Bank National Trust Company, N.A., owns plaintiffs' loan.

  22.  In the event Ameriquest Mortgage Securities, Inc.and/or Deutsche Bank National Trust Company, N.A. does not own plaintiffs' loan (actual ownership is rarely if ever

4

shown of record), the actual owners are named as Does 1-5.

## COUNT I – TRUTH IN LENDING

23.     Plaintiffs incorporate paragraphs 1-22.

### RIGHT TO RESCIND

24.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.  [15 U.S.C. §1635(f)]**
>
> **(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

5

>   **(b) <u>Notice of right to rescind.</u>** In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>   > **(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>   >
>   > **(2) The consumer's right to rescind the transaction.**
>   >
>   > **(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>   >
>   > **(4) The effects of rescission, as described in paragraph (d) of this section.**
>   >
>   > **(5) The date the rescission period expires. . . .**
>
>   **(f) <u>Exempt transactions.</u>** The right to rescind does not apply to the following:
>
>   > **(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**
>   >
>   > **(2) A credit plan in which a state agency is a creditor.**

### GROUNDS FOR RESCISSION

25. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, for the following reasons (among others).

26. Plaintiffs were not furnished with four complete copies of the federal notice of right to cancel form, as required, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23.

27. <u>Exhibit H</u> is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The top of the

form has only Mr. Bricker's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

28. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

29. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

30. The reference to a "one week" cancellation period is misleading, as the period given is actually only six days long.

31. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

32. Finally, the "one week" notice contains the same ambiguous and confusing references to "borrower" and "owner" as defendants' version of the official Federal Reserve Board three-day notice.

33. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit J</u>.

34. The loan has not been rescinded.

35. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

36. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

## COUNT II – ECOA

37. Ms. Bricker incorporates paragraphs 1-36.

38 This claim is against Ameriquest only.

39. On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

40. On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

41. Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

WHEREFORE, Ms. Bricker requests that the Court enter judgment in favor of plaintiff and against defendant for:

    a. Appropriate statutory and punitive damages;

    b. Attorney's fees, litigation expenses and costs.

   c. Such other or further relief as the Court deems appropriate.


                s/Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Al F. Hofeld
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


## **JURY DEMAND**

  Plaintiffs demand trial by jury.

                s/Daniel A. Edelman
                Daniel A. Edelman


T:\16921\Pleading\1st Amended Complaint_Pleading.wpd