IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VELMA JEAN JILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 06 C 2771 |
| v. ) | |
| ) | Judge Aspen |
| ARGENT MORTGAGE COMPANY, LLC, ) | Magistrate Judge Schenkier |
| OPTION ONE MORTGAGE CORP., ) | |
| COUNTRYWIDE HOME LOANS, INC., ) | |
| and DOES 1-5, ) | |
| ) | **JURY DEMANDED** |
| Defendants. ) | |

## AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiff Velma Jean Jiles brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage and recover damages for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and the Equal Credit Opportunity Act ("ECOA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

### PARTIES

3. Plaintiff Velma Jean Jiles owns and resides in a home at 346 West 113th Street, Chicago, IL 60628. Prior to his death in early 2005, plaintiff's husband, Roosevelt Jiles, also owned and resided in the home. The property was held in joint tenancy.

4. Defendant Argent Mortgage Company, LLC is a limited liability company which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

5. Defendant Argent Mortgage Company, LLC is engaged in the business of originating "subprime" mortgages.

6. Defendant Argent Mortgage Company, LLC makes more than 26 loans per year.

7. Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

8. Defendant Option One Mortgage Corporation is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle, Suite 814, Chicago, IL 60604.

9. Defendant Countrywide Home Loans, Inc. is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are Prentice Hall Corporation, 33 N. LaSalle Street, Chicago, IL 60602.

**FACTS RELATING TO PLAINTIFF**

10. Prior to July 26, 2004, plaintiff applied for a mortgage with Argent Mortgage Company, LLC with her husband, Roosevelt Jiles.

11. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

12. The loan was closed on July 26, 2004.

13. The following are documents relating to the loan:

  a. A note, <u>Exhibit A</u>.  Only Roosevelt Jiles signed the note;

  b. A mortgage, <u>Exhibit B</u>.  Both plaintiff and her husband signed the mortgage;

  c. Two settlement statements, <u>Exhibit C</u>;

  d. A Truth in Lending disclosure statement, <u>Exhibit D</u>;

  e. Three copies of the three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit E</u>;

14. Plaintiff was later directed to make payments to Option One Mortgage Corp. and then to Countrywide Home Loans, Inc.

15. On information and belief, Countrywide Home Loans, Inc. owns plaintiff's loan.

16. In the event Countrywide Home Loans, Inc. does not own plaintiff's loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

## COUNT I - TILA

17. Plaintiff incorporates paragraphs 1-16.  This claim is against all defendants.

### RIGHT TO RESCIND

18. Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

**(a) <u>Consumer's right to rescind.</u>**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) Exempt transactions.** **The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

## GROUNDS FOR RESCISSION

19. In connection with the loan, Argent Mortgage Company, LLC failed to provide the required disclosures of the plaintiff's right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

20. Exhibit E is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The top of the form has only Roosevelt Jiles' name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

21. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

22. In connection with the loan, Argent Mortgage Company, LLC failed to provide the required disclosures of the right to cancel in that Roosevelt and Velma Jean Jiles

5

only received a total of three copies of the federal notice of right to cancel, instead of the four required. See Exhibit E.

23. Notice of rescission has been given to defendants. A copy is attached as Exhibit F.

24. The loan has not been rescinded.

25. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

26. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

    a. A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendants;

    b. Statutory damages for the underlying disclosure violation;

    c. If appropriate, statutory damages for failure to rescind;

    d. Attorney's fees, litigation expenses and costs.

    e. Such other or further relief as the Court deems appropriate.

### COUNT II – EQUAL CREDIT OPPORTUNITY ACT

27. Plaintiff incorporates paragraphs 1-26.

28. This claim is against Argent only.

29. On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

30. On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

31. Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

WHEREFORE, plaintiff Velma Jean Jiles requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Appropriate statutory and punitive damages;

    b. Attorney's fees, litigation expenses and costs; and

    c. Such other or further relief as the Court deems appropriate.


    s/Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

T:\16788\Pleading\1st Amended Complaint_Pleading.WPD