**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Hon. Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | Hon. Mag. Morton Denlow |
| BORROWERS' CONSOLIDATED CLASS ACTION COMPLAINT | |

**DEFENDANT ARGENT MORTGAGE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS JOINDER IN DEFENDANTS' MOTION TO DISMISS THE BORROWERS' COMPLAINT**

Defendant Argent Mortgage Company ("Argent"), by its attorneys, submits this Reply Memorandum in support of its Joinder in Defendants' Motion To Dismiss Borrowers' Complaint, filed on January 19, 2007 (the "Joinder"). Argent hereby joins in the Reply Memorandum submitted this same day, March 2, 2007, by defendants Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc. In addition to the arguments advanced in that Memorandum, Argent states as follows:

In the Joinder, Argent showed that it is a wholesale mortgage lender, meaning that it has no direct contact with clients. (Joinder at 2). Plaintiff Borrowers' Complaint contains no fact allegations of wrongdoing that are specific to Argent, but rather only statements relating to "Defendants" or to "Ameriquest," both of which are defined to include all corporate Defendants. Even these allegations as to all Defendants relate only to retail lending, not wholesale lending, as

also shown by the names of the two putative classes, the "Origination Class" and the "Servicing Class" – as a wholesale lender Argent neither originates nor services loans. (*Id.*) Critically, *Plaintiffs do not dispute any of these showings in their Response.*

Argent also described in the Joinder the agency relationship between a borrower, such as Plaintiffs in Borrowers' Complaint, and his or her broker, and showed as a matter of law that Argent cannot be secondarily liable for any acts of the brokers. (*Id.* at 2-3). *In their Response Plaintiffs do not dispute that Argent cannot be secondarily liable.*

Because Borrower Plaintiffs have failed to make specific allegations of wrongdoing against Argent, and because the generalized claims that are described as to the combined group of Defendants do not relate to Argent's business, this Court should dismiss the claims against Argent with prejudice. Courts in this district have been clear that plaintiffs must make their allegations specific to a defendant in order to state a claim as to that defendant. For example, in *Edison Credit Union v. Bevill, Bresler & Schulman, Inc.*, No. 79 C 4049, 1987 WL 15408 (N.D. Ill. Aug. 3, 1987), Judge Williams dismissed plaintiffs' claims against individual defendants because those claims did not specifically apprise those defendants of the allegedly wrongful conduct:

> [T]he complaint is devoid of any factual allegations which would connect the individual defendants to the events described there. Except for some catchall allegations which assert that 'all defendants' participated in the acts of [another defendant], the complaint mentions none of these defendants except, in its caption and in the various prayers for relief. *But a defendant ought to be specifically apprised of the conduct which gives rise to the allegations against him.*

1987 WL 15408, at *2 (emphasis added). *See also MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2006 WL 2331148, at *3 (dismissing allegations concerning alleged misrepresentations because the complaint failed to "specify the method used to communicate the

alleged statements"); *Salon Group, Inc. v. Salberg*, No. 00 C 1754, 2002 WL 1058120, at *5 (N.D. Ill. Mar. 29, 2002) (dismissing an extortion claim because the complaint was devoid of any facts to support the "conclusory allegation that defendants engaged in extortion").

## **CONCLUSION**

For the reasons set forth herein, Argent respectfully requests that all of Borrower Plaintiffs' claims against it be dismissed with prejudice.

DATED:  March 2, 2007

By: s/ Gregory J. Miarecki

*Attorneys for Argent Mortgage Company*

Thomas J. Wiegand
Gregory J. Miarecki
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)

**CERTIFICATE OF SERVICE**

I, Gregory J. Miarecki, hereby certify that on this 2nd day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: s/ Gregory J. Miarecki