**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | )<br>)<br>)<br>) | MDL No. 1715 |
| _____ | )<br>) | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO <u>ALL ACTIONS</u> | )<br>)<br>) | Centralized before Judge Marvin E. Aspen |

_____

| | | |
|---|---|---|
| THOMAS E. CAMPAU and KATHRYN A. CAMPAU, | )<br>)<br>) | |
| Plaintiff, | )<br>) | 07 CV 118 (N.D. Ill.)<br>(Originally 06 cv 156 (W.D. Mich.)) |
| v. | ) | |
| AMERIQUEST MORTGAGE COMPANY, AMERIQUEST MORTGAGE SECURITIES, INC., AMC MORTGAGE SERVICES, INC., and DOES 1-5, | )<br>)<br>)<br>)<br>) | (transferred for pre-trial proceedings to MDL No. 1715, Lead Case No. 05 C 7097) |
| | )<br>) | Judge Marvin E. Aspen |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

Plaintiffs Thomas E. Campau and Kathryn A. Campau hereby respectfully move this Court, pursuant Fed. R. Civ. Pro. 15(a), for leave to file an Amended Complaint in this action. A copy of their proposed Amended Complaint is attached hereto as <u>Appendix A</u>. In support of their motion, plaintiffs state as follows:

1

1. Mr. Campau and Ms. Campau filed this action against defendant Ameriquest Mortgage Company and affiliates on October 13, 2006 to rescind their mortgage loan and to recover damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226; and state law.

2. First, Mr. Campau and Ms. Campau's proposed amended complaint seeks to add allegations and supporting claims that Ameriquest altered the terms of the loan to plaintiffs' detriment after the end of the rescission period. The new paragraphs are ¶¶ 21-24, 32-35, and 49-50.

3. Second, the proposed amended complaint seeks to add Deutsche Bank National Trust Company, N.A., as a defendant, as it probably has an ownership interest in plaintiffs' loan. See ¶¶ 12, 26, and 27.

4. Adding the owner of the loan is important to plaintiff's case because 15 U.S.C. 1641( c) provides that the consumer may rescind a mortgage loan in the hands of "any assignee."

5. This motion is timely. First, between April 24, 2006 and December 22, 2006, this Court had a litigation stay in effect that applied to routine motion practice as well as discovery. Thus, plaintiffs could not have filed this motion before now.

6. Second, discovery in this and related cases is at the earliest stage, due to the stay imposed by the Court and lifted only recently. Plaintiffs produced documents for the first time in this case on February 27, 2007. Defendants have not yet produced any documents. Therefore, the granting of this motion will not significantly delay or prolong discovery or any

final disposition in this case.

       7.      The minor, proposed changes would not cause any prejudice to any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

       7.      Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiffs respectfully request that this Court enter an Order granting them leave to file the proposed Amended Complaint, a copy of which is attached as Appendix A, and to grant any further or other relief that the Court deems just.

                                        Respectfully submitted,

                                        s/Al Hofeld, Jr.

                                            Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS
      & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)