### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: *Jeffress et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-0102 (N.D. Ind.) | |

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT

Defendants Ameriquest Mortgage Company and AMC Mortgage Services, Inc. ("Defendants") oppose Plaintiffs' motion for leave to file an amended complaint to the extent it seeks to add a claim for violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"). [Docket No. 431]  Defendants do not oppose Plaintiffs' effort to file an amended complaint that withdraws the previously pled class allegations.  For the reasons more fully explained below, Plaintiffs' proposed amendment to add the claim for violation of the ECOA is futile.

### I.  AMENDMENT IS FUTILE BECAUSE, AS A MATTER OF LAW, PLAINTIFFS CANNOT STATE A CLAIM FOR VIOLATION OF ECOA

Plaintiffs contend that Defendants violated ECOA by "refusing to grant credit to plaintiffs Scott Jeffress and Pamela Jeffress on the terms requested and/or promised and failing to provide plaintiffs with written notices of adverse action, within 30 days of application, stating the specific reasons for such action." (Amend. Complaint, ¶ 94.)  By alleging that Scott and Pamela Jeffress accepted a loan from Defendants (Amend. Complaint, ¶¶ 55-56), however, Plaintiffs establish that they cannot maintain the proposed claim under ECOA because: (1)

1

Plaintiffs admit that, as borrowers, they accepted a counteroffer of credit from Defendants; and (2) ECOA does not require a notice of adverse action to an applicant who accepts a counteroffer of credit.

In the ECOA regulations, the Board of Governors of the Federal Reserve System (the "Board") defines adverse action, in pertinent part, as a "refusal to grant credit in substantially the amount or on substantially the terms requested in an application ***unless the creditor makes a counteroffer (to grant credit in a different amount or on other terms) and the applicant uses or expressly accepts the credit offered***." 12 C.F.R. § 202.2(c)(1)(i) (emphasis added). An accepted counteroffer does not constitute adverse action, and does not require that an adverse action notice be sent to the borrower. *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 533 (E.D.N.Y. 2006) ("[The Board's] regulations are explicit that accepted counteroffers shall not be considered 'adverse action.' Accordingly, an accepted counteroffer does not constitute an adverse action triggering the requirement for a statement of reasons pursuant to 15 U.S.C. § 1691(d)(6) of the ECOA.").

## II.     CONCLUSION

For the reasons stated above, Plaintiffs' proposed amendment to add a claim for violation of the ECOA is futile. Accordingly, this Court should deny their request for leave to file the proposed amended complaint.

BN 1133017v1

DATED: March 2, 2007

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company;*
*AMC Mortgage Services, Inc.; Town & Country*
*Credit Corporation; Ameriquest Capital*
*Corporation; Town & Country Title Services,*
*Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

BN 1133017v1

**CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 2nd day of March 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage