**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: PLAINTIFFS' SIXTH MOTION FOR REASSIGNMENT OF RELATED CASES [DOCKET NO. 417] | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SIXTH MOTION FOR REASSIGNMENT OF RELATED CASES**

### I.  INTRODUCTION

On November 29, 2006, a collection of individual plaintiffs represented by Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") filed a Fourth Motion for Reassignment of Related Cases, in which they sought reassignment of three cases in which defendants have filed, or intend to file, motions to dismiss and/or to transfer for lack of venue. [Docket No. 313.] On January 4, 2007, this Court issued an Order in which it declined to reassign these three cases until resolution of the pending and anticipated venue challenges. [Docket No. 354.]

By their Sixth Motion for Reassignment of Related Cases (the "Reassignment Motion"), another collection of individual plaintiffs represented by ECLG seek reassignment of 8 cases. [Docket No. 407.] Of these 8 cases, 4 of them admittedly have been filed in the wrong venue. Defendants oppose the reassignment of the following cases:

1.  *Scott, et al. v. Argent Mortgage Co., LLC, et al.,* Case No. 07-0252 (Conlon, J.);

2.  *Wayne, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 07-0274 (Coar, J.);

1

    3.  *Everhart, et al. v. Argent Mortgage Co., LLC, et al.*, Case No. 07-0306 (Bucklo, J.); and

    4.  *Wildermuth, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 07-0408 (Pallmeyer, J.).

Defendants in these cases—Ameriquest Mortgage Company ("AMQ"), AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc. and Argent Mortgage Company, LLC ("Argent") (collectively, "Defendants")—therefore intend to file motions to dismiss/transfer these cases for lack of venue. Further, in accordance with its past practice, this Court should decline to reassign these cases until resolution of Defendants' venue challenges. [See Docket No. 354.]

## II.    FACTUAL BACKGROUND

**A.**    *Scott*

Plaintiffs Kenneth and Marcey Scott allege that Defendants violated the Truth-in-Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA") by failing to provide them with proper disclosures. [Complaint, ¶¶ 27-28.] Based on the allegations of the Scott's Complaint, they reside in Streetsboro, Ohio and the events giving rise to their claims admittedly occurred in Streetsboro, Ohio. [Complaint, ¶¶ 3, 18-21.] Their claims arise from an alleged loan secured by their residence, which is located in Ohio. [Id.] Defendants are alleged to have been doing business in Ohio at the relevant times. [Complaint, ¶¶ 18-21.] Moreover, the witnesses to the alleged wrongdoing, *i.e.* former or current Argent employees and/or third-party closing agents, most likely reside near where the loan closing took place in Streetsboro, Ohio.

**B.**    *Wayne*

Plaintiffs Robert and Twila Wayne allege that Defendant AMQ violated TILA and Ohio law. The Wayne's claims arise out of allegations that AMQ, among other things, failed to

2

provide them with proper disclosures under TILA and failed to provide them with a discounted rate. [Complaint, ¶¶ 24-26, 34-36.] Based on the allegations of the Wayne's Complaint, they reside in North Benton, Ohio and the events giving rise to their claims admittedly occurred in North Benton, Ohio. [Complaint, ¶¶ 3, 13-19.] Their claims arise from an alleged loan secured by their residence, which is located in Ohio. [Id.] Defendant AMQ is alleged to have been doing business in Ohio at the relevant times. [Complaint, ¶¶ 13-19.] Moreover, the witnesses to the alleged wrongdoing, *i.e.* former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in North Benton, Ohio.

C.  *Everhart*

Plaintiffs Terry and Margie Everhart allege that Defendant Argent violated TILA and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.* The Everhart's claims arise out of allegations that Argent, among other things, failed to provide them with proper disclosures under TILA and discriminated on the basis of gender and marital status. [Complaint, ¶¶ 28-31, 41-42.] Based on the allegations of the Everhart's Complaint, they reside in Springfield, Ohio and the events giving rise to their claims admittedly occurred in Springfield, Ohio. [Complaint, ¶¶ 4, 17-21.] Their claims arise from an alleged loan secured by their residence, which is located in Ohio. [Id.] Defendant Argent is alleged to have been doing business in Ohio at the relevant times. [Complaint, ¶¶ 17-21.] Moreover, the witnesses to the alleged wrongdoing, *i.e.* former or current Argent employees and/or third-party closing agents, most likely reside near where the loan closing took place in Springfield, Ohio.

D.  *Wildermuth*

Plaintiffs Victoria and Thomas Wildermuth allege that Defendant AMQ violated TILA and Ohio law. The Wildermuth's claims arise out of allegations that AMQ, among other things, failed to provide them with proper disclosures under TILA and failed to provide them with a

3

discounted rate. [Complaint, ¶¶ 23-26, 33-35.] Based on the allegations of the Wildermuth's Complaint, they reside in Canal Winchester, Ohio and the events giving rise to their claims admittedly occurred in Canal Winchester, Ohio. [Complaint, ¶¶ 3, 13-18.] Their claims arise from an alleged loan secured by their residence, which is located in Ohio. [Id.] Defendant AMQ is alleged to have been doing business in Ohio at the relevant times. [Complaint, ¶¶ 13-18.] Moreover, the witnesses to the alleged wrongdoing, *i.e.* former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Canal Winchester, Ohio.

## III.   ARGUMENT

Where jurisdiction is not founded on diversity, venue is proper only (1) in the district where any defendants reside, (2) in the district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated, or (3) in the jurisdiction where a defendant may be found, if there is no district in which the action or actions may otherwise be brought. 28 U.S.C. § 1391(b). Plaintiffs bear the "burden of establishing proper venue." *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1970) (citing *Phillips v. Baker*, 121 F.2d 752, 756 (9th Cir. 1941)).

None of the three prongs establish the Northern District of Illinois as the proper venue in the cases listed in the Reassignment Motion. First, all Defendants do not reside in Illinois. Second, a substantial part of the events or omissions giving rise to the claims occurred in districts other than the Northern District of Illinois. Third, there are other districts in which the actions may be brought.

Accordingly, venue cannot be established in the Northern District of Illinois for the claims of those plaintiffs listed in the Reassignment Motion, and Defendants intend to file

appropriate motions challenging the venue of these claims. Further, in accordance with its past practice, this Court should decline to reassign these cases until resolution of Defendants' venue challenges.

## IV. CONCLUSION

Accordingly, Defendants respectfully request that this Court deny the Reassignment Motion without prejudice.

                                                          Respectfully submitted,

DATED: March 2, 2007                          By:/s/ Bernard E. LeSage

                                                          *Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

                                                          Bernard E. LeSage, Esq.
                                                          Sarah K. Andrus, Esq.
                                                          BUCHALTER NEMER, a P.C.
                                                          1000 Wilshire Boulevard, Suite 1500
                                                          Los Angeles, CA 90017-2457
                                                          Telephone: (213) 891-0700
                                                          Facsimile: (213) 896-0400

                                                          Respectfully submitted,

DATED: March 2, 2007                          By: /s/ Thomas J. Wiegand

                                                          *Attorneys for Argent Mortgage Company, LLC*

                                                          Thomas J. Wiegand, Esq.
                                                          WINSTON & STRAWN LLP
                                                          35 W. Wacker Drive
                                                          Chicago, IL 60601-9703
                                                          Telephone: (312) 558-5600
                                                          Facsimile: (312) 558-5700

## CERTIFICATE OF SERVICE

      I, Bernard E, LeSage, hereby certify that on this 2nd day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                          By: /s/  Bernard E. LeSage

BN 1119050v1