**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: PLAINTIFFS' SEVENTH MOTION FOR REASSIGNMENT OF RELATED CASES [DOCKET NO. 445] | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SEVENTH MOTION FOR REASSIGNMENT OF RELATED CASES**

**I.  INTRODUCTION**

On November 29, 2006, a collection of individual plaintiffs represented by Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") filed a Fourth Motion for Reassignment of Related Cases, in which they sought reassignment of three cases in which defendants have filed, or intend to file, motions to dismiss and/or to transfer for lack of venue. [Docket No. 313.] On January 4, 2007, this Court issued an Order in which it declined to reassign these three cases until resolution of the pending and anticipated venue challenges. [Docket No. 354.]

By their Seventh Motion for Reassignment of Related Cases (the "Reassignment Motion"), another collection of individual plaintiffs represented by ECLG seek reassignment of 3 cases. [Docket No. 445.] Of these 3 cases, 1 of them admittedly has been filed in the wrong venue. Defendants oppose the reassignment of *Wright v. Ameriquest Mortgage Co., et al.*, Case No. 07-0586 (Lindberg, J.).

Defendants in *Wright* —Ameriquest Mortgage Company ("AMQ"), AMC Mortgage Services, Inc. and Ameriquest Mortgage Securities, Inc. (collectively, "Defendants")—therefore

1

intend to file motions to dismiss/transfer *Wright* for lack of venue. Further, in accordance with its past practice, this Court should decline to reassign *Wright* until resolution of Defendants' venue challenges. [See Docket No. 354.]

## II.     FACTUAL BACKGROUND

Plaintiff Kim Wright alleges that Defendant AMQ violated TILA and Ohio law. Plaintiff's claims arise out of allegations that AMQ, among other things, failed to provide her with proper disclosures under TILA and failed to provide her with a discounted rate. [Complaint, ¶¶ 39-42, 50-51.] Based on the allegations of the Complaint, Plaintiff resides in Sebring, Ohio and the events giving rise to her claims admittedly occurred in Sebring, Ohio. [Complaint, ¶¶ 3, 13-27.] Her claims arise from an alleged loan secured by her residence, which is located in Ohio. [Id.] Defendant AMQ is alleged to have been doing business in Ohio at the relevant times. [Complaint, ¶¶ 13-27.] Moreover, the witnesses to the alleged wrongdoing, *i.e.* former or current AMQ employees and/or third-party closing agents, most likely reside near where the loan closing took place in Sebring, Ohio.

## III.     ARGUMENT

Where jurisdiction is not founded on diversity, venue is proper only (1) in the district where any defendants reside, (2) in the district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated, or (3) in the jurisdiction where a defendant may be found, if there is no district in which the action or actions may otherwise be brought. 28 U.S.C. § 1391(b). Plaintiffs bear the "burden of establishing proper venue." *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1970) (citing *Phillips v. Baker*, 121 F.2d 752, 756 (9th Cir. 1941)).

None of the three prongs establish the Northern District of Illinois as the proper venue in *Wright*. First, all Defendants do not reside in Illinois. Second, a substantial part of the events or omissions giving rise to the claims occurred in a district other than the Northern District of Illinois. Third, there are other districts in which the action may be brought.

Accordingly, venue cannot be established in the Northern District of Illinois for Plaintiff's claims, and Defendants intend to file an appropriate motion challenging the venue of these claims. Further, in accordance with its past practice, this Court should decline to reassign *Wright* until resolution of Defendants' venue challenges.

## IV. CONCLUSION

Accordingly, Defendants respectfully request that this Court deny the Reassignment Motion as to *Wright* without prejudice.

Respectfully submitted,

DATED: March 2, 2007      By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

3

**CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 2nd day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

BN 1125072v1