**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br>THE BORROWERS' CONSOLIDATED CLASS ACTION COMPLAINT [DOCKET NO. 325] and THE CONSOLIDATED COMPLAINT FOR CLAIMS OF NON-BORROWERS [DOCKET NO. 323] | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL FILING OF AMENDED MASTER CLASS COMPLAINTS IN COMPLIANCE WITH COURT'S ORDER**

## I.    INTRODUCTION[1]

Plaintiffs' opposition to the Motion to Compel confirms that the two master class complaints were not filed in accordance with this Court's November 7, 2006 Case Management Order (the "Order").  Despite the clarity in the Order that "there shall be two master class complaints, one on behalf of *all* borrowers, and one on behalf of *all* non-borrowers" (Order, p. 6) (emphasis added), Co-Lead Counsel concede that the two master class complaints were filed on behalf of only those borrowers and non-borrowers "with class claims."  (Opp., p. 1.)  Co-Lead Counsel admit that the claims of individual (non-class) plaintiffs were not incorporated into either of the master class complaints.  (*Id.*)  In addition, not even all class claims were included

---

[1] Unless otherwise noted, all capitalized terms shall have the meaning ascribed to them in the Memorandum of Law in Support of Defendants' Motion To Compel Filing Of Amended Master Class Complaints In Compliance With Court's Order.  [Docket No. 378.]

1

in the master complaints. *See, e.g., Van Gorp v. Ameriquest Mortgage Company*, Case No. 05-907 (C.D. Cal.).

This Court's underlying purpose for requiring master class complaints on behalf of all named plaintiffs in the first instance was clear and sound: the master class complaints would serve as the administrative vehicle to streamline all pre-trial activities because they would encompass all claims in this Proceeding. The net result of Co-Lead Counsel's conduct, however, is that they unilaterally limited participation in the master class complaints, making this Proceeding even less streamlined than before. This Court should require Co-Lead Counsel to file amended master class complaints in compliance with the Order, so as to effectuate this Court's vision to streamline this Proceeding in accordance with the multidistrict litigation rules.

## II. ARGUMENT

This Court has substantial inherent power to control and manage its docket. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Schilling v. Walworth County Park & Plainning Comm'n*, 805 F.2d 272, 274-75 (7th Cir. 1986). In accordance with these powers, this Court issued the Order, in which it set forth a well-reasoned plan to control and manage the hundreds of cases in this Proceeding.

Central to this Court's plan was the requirement that Co-Lead Counsel draft two master class complaints that embraced all named plaintiffs and all claims. The Order was clear and unambiguous in this regard: "There shall be two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower Fair Credit Reporting Act claimants." (Order, p. 6.) If drafted in accordance with the Order, the two master class complaints would facilitate the streamlining of this Proceeding by limiting the number of plaintiffs prosecuting their claims on an individual basis. Thereafter, if individual plaintiffs decided their interests would be better served by litigating their claims on an individual basis, the Court provided an opt-out procedure.

The date for individual plaintiffs to exercise their right to opt-out of the master class complaints followed the date for the filing of the complaints (by 30 days) for the logical reason that the Order contemplated master class complaints embracing all plaintiffs and all claims. In support of this, the Order provided expressly for an opt-*out* procedure, not an opt-*in* procedure. Logically, a plaintiff cannot make a meaningful decision regarding whether to opt-out of a class complaint without seeing how his or her claims are framed therein. This was the job with which Co-Lead Counsel were tasked, but with which they failed to comply.

The effect of this failure is that this Proceeding has become less manageable. In fact, there are 40 plaintiffs in 27 cases who have not opted out of either class complaint, but are likewise not expressly included within either class complaint.[2] In addition, there are at least 11 class actions that were excluded from the class complaints[3] – in direct contradiction of even the Plaintiffs' own apparent interpretation of the Order. In *Van Gorp, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 05-907 (C.D. Cal.), plaintiffs continue to assert a nation-wide class for rescission under the Truth in Lending Act that competes directly with the Borrowers' Complaint. Thus, this lack of compliance has resulted in no fewer than 38 cases operating separate and apart

---

[2] While Plaintiffs claim that they consulted with certain class counsel regarding their clients' exclusion from the master class complaint (Opp., p.2 fn.1), it appears that they did not consult with counsel in these 27 individual cases.

[3] Despite Co-Lead Counsel's assertion, in footnote 1 of their Opposition, that no class cases were excluded from the *"Non-Borrower"* Consolidated Class Action Complaint (due to certain non-borrower plaintiffs subsequently withdrawing their class allegations [Docket No. 438]) Co-Lead counsel do not, because they cannot, dispute that class cases were in fact excluded from the *"Borrower"* Consolidated Class Action Complaint. *See, e.g., Van Gorp, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 05-907 (C.D. Cal.); *Stafford, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-14251 (E.D. Mich.); *Vincer v. Ameriquest Mortgage Company, et al.*, Case No. 06-13735 (E.D. Mich.); *Besterfield v, Ameriquest Mortgage Co., et al.*, Case No. 06-2676 (N.D. Ill.); *Harris, et al. v. Town & Country Credit Corp., et al.*, Case No. 06-3048 (N.D. Ill.); *Rodriguez, et al. v. Town & Country Credit Corp., et al.*, Case No. 06-1950 (N.D. Ill.); *Jeffress, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 06-102 (N.D. Ind.); *and Kukla v. Ameriquest Mortgage Co., et al.*, Case No. 06-12466 (E.D. Mich.). Class allegations remain in each of these cases and no attempt has been made to withdraw the class allegations in at least one these cases. *See Van Gorp, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 05-907 (C.D. Cal.) (asserting a nation-wide class for rescission under TILA).

from the three tracks mandated by this Court. No interpretation of the November 7, 2007 Memorandum Opinion and Order could lead to this result.

Consequently, this Court's effort to streamline this Proceeding has been largely thwarted. This Court should therefore require Co-Lead Counsel to file amended master class complaints in compliance with the Order, so as to effectuate this Court's vision to streamline this Proceeding.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the Motion in its entirety.

Respectfully submitted,

DATED: March 2, 2007        By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-0700
(213) 896-0400 fax

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 2nd day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

BN 1139094v2