IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br> _____ <br> THIS DOCUMENT RELATES TO: HAWKINS v. AMERIQUEST MORTGAGE COMPANY, *et al.*, N.D. ILL, CASE NO. 06-C-1848 <br> _____ <br> AMERIQUEST MORTGAGE COMPANY, a Delaware corporation, <br>         Third-Party Plaintiff, <br>    v. <br> TRISTAR TITLE, LLC an Illinois limited liability company; MICHAEL R. SMITH, an individual; and DOES 1-10 inclusive, <br>         Third-Party Defendants. | MDL No. 1715 <br><br> Lead Case No. 05-CV-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |

## THIRD-PARTY COMPLAINT

Defendant and third-party plaintiff Ameriquest Mortgage Company ("Ameriquest") alleges as follows:

### The Parties

1.      Ameriquest is a Delaware corporation with its principal place of business in California.

2.      Third-party defendant Tristar Title, LLC (the "Closing Agent") is an Illinois limited liability company.

3.      Defendant Michael R. Smith (the "Notary") is an individual of unknown domicile who is licensed as a Notary Public in the State of Illinois.

2

4. Ameriquest is ignorant of the true names and capacities, whether individual, corporate, associate, employee, agent or otherwise, of third-party defendant DOES 1 though 10, inclusive, and therefore sues said third-party defendants by such fictitious names. Ameriquest is informed and believes and thereon alleges that each of the third-party defendants designated herein as a fictitiously named third-party defendant is, in some manner, responsible for the events and happenings referred to, and caused the damage to Ameriquest as herein alleged. Ameriquest will amend its Third-Party Complaint to allege the true names and capacities of those third-party defendants when such information is ascertained.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, because this case relates to claims arising under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA").

6. Venue is proper in this judicial district pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, because Ameriquest's claims against the Closing Agent and the Notary arise directly out of claims asserted by plaintiff Nile Hawkins (the "Plaintiff") against Ameriquest in this Court.

**General Allegations**

7. On or before April 5, 2003, Ameriquest and the Closing Agent entered into an agreement wherein Ameriquest retained the Closing Agent to close loans being made to Ameriquest's customers, in exchange for consideration. Pursuant to the agreement, the Closing Agent warranted, among other things, that it would accurately complete a "Notice of Right to Cancel" with respect to each loan that it closed, and would provide Ameriquest's borrower(s) with the correct number of copies of the completed form.

8. Ameriquest's loan to Nile Hawkins closed on or about April 5, 2003. In connection with the closing of the loan, the Closing Agent utilized the services of the Notary who witnessed, and attested to, the borrower's signing of the closing documents including, but not limited to, the Notice of Right to Cancel. The Notary, at all times, was aware that he was closing a loan made by Ameriquest to Nile Hawkins, and that Ameriquest was relying on him to

perform his duties as a notary competently, and in compliance with state and federal law.

9. On or about April 4, 2006, Plaintiff filed a lawsuit in the Northern District of Illinois against Ameriquest entitled *Hawkins v. Ameriquest et al.*, Case No. 06-C-1848 (the "Lawsuit"). The Lawsuit alleges, among other things, that Ameriquest violated TILA by failing to provide Plaintiff with a complete and accurate Notice of Right to Cancel.

10. The claims alleged against Ameriquest in the Lawsuit with respect to the Notice of Right to Cancel relate to duties that should have been carried out by the Closing Agent and/or the Notary. Thus, to the extent that Plaintiff received an inaccurate, incomplete, or misleading Notice of Right to Cancel, this is entirely attributable to the conduct of the Closing Agent and/or the Notary.

## First Cause of Action
### (Breach of Contract—Against the Closing Agent)

11. Ameriquest re-alleges paragraphs 1 through 10 inclusive, and incorporates the same by reference.

12. Ameriquest and the Closing Agent entered into a valid and enforceable contract. Ameriquest fully performed its duties under this contract by paying the Closing Agent for its services.

13. The contract required, among other things, that the Closing Agent accurately complete a "Notice of Right to Cancel" with respect to each loan that it closed, and provide Ameriquest's borrower(s) with the correct number of copies of the completed form.

14. In the event that the allegations in the Lawsuit are proven to be true, the Closing Agent breached the contract with respect to its duty to provide a complete and accurate Notice of Right to Cancel form to Plaintiff.

15. Ameriquest has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to Plaintiff against Ameriquest in connection with the Lawsuit. Ameriquest has also suffered damage to its reputation and goodwill as a direct result of the Closing Agent's conduct, in an amount to be proven at trial.

**Second Cause of Action**

**(Equitable Indemnity—Against the Closing Agent)**

16. Ameriquest re-alleges paragraphs 1 through 15 inclusive, and incorporates the same by reference.

17. In the event that the allegations in the Lawsuit are found to be true by a trier of fact, any loss that Ameriquest suffers in connection with the Lawsuit including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Closing Agent. In particular, but for the Closing Agent's failure to provide Plaintiff with a complete and accurate Notice of Right to Cancel form, Ameriquest would not have suffered damages in connection with the Lawsuit.

18. Ameriquest reasonably relied on promises made by the Closing Agent. In particular, Ameriquest relied on the Closing Agent's representation that it would assiduously follow the rules set forth in TILA and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

19. Under principals of equity, Ameriquest is entitled to indemnification from the Closing Agent in an amount sufficient to reimburse Ameriquest for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Ameriquest suffers in connection with the Lawsuit.

**Third Cause of Action**

**(Contribution—Against the Closing Agent)**

20. Ameriquest re-alleges paragraphs 1 through 19 inclusive, and incorporates the same by reference.

21. In the event that the allegations in the Lawsuit are found to be true by a trier of fact, any loss that Ameriquest suffers in connection with the Lawsuit that exceeds Ameriquest's pro-rata share of its liability including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Closing Agent. In particular, but for the Closing Agent's failure to provide Plaintiff with a complete and accurate

Notice of Right to Cancel form, Ameriquest would not have suffered damages in connection with the Lawsuit.

22. Ameriquest reasonably relied on promises made by the Closing Agent. In particular, Ameriquest relied on the Closing Agent's representation that it would assiduously follow the rules set forth in TILA and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

23. Ameriquest did not know, and had no reason to know, that the Closing Agent would not follow the rules set forth in TILA and other regulations, in preparing and delivering the Notice of Right to Cancel, and other the closing documents.

24. Under principals of equity, Ameriquest is entitled to contribution from the Closing Agent in an amount sufficient to reimburse Ameriquest for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Ameriquest suffers in connection with the Lawsuit that exceeds Ameriquest's pro-rata share of its liability.

### Fourth Cause of Action
### (Negligence—Against All Defendants)

25. Ameriquest re-alleges paragraphs 1 through 24 inclusive, and incorporates the same by reference.

26. The Closing Agent and the Notary had a duty to follow any and all federal and state laws relating to required disclosures in connection with mortgage loans including, but not limited to, the Notice of Right to Cancel.

27. In the event that the allegations in the Lawsuit are proven to be true, the Closing Agent and/or the Notary breached this duty, in that they failed to follow the clear rules set forth in TILA and related statutes.

28. As a direct result of the negligence of the Closing Agent and/or the Notary, Ameriquest has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to Plaintiff

against Ameriquest in connection with the Lawsuit.

WHEREFORE, Ameriquest prays for judgment against the Closing Agent and the Notary as follows:

1. For monetary damages in an amount according to proof at trial, but no less than is sufficient to indemnify Ameriquest for any and all damages that Ameriquest incurs in connection with the Lawsuit including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief that Plaintiff is awarded as against Ameriquest and its affiliates;

2. For its reasonable attorneys' fees and costs of suit; and

3. For such other relief as the Court may deem just and proper.

DATED: March 6, 2007 Respectfully submitted,

BUCHALTER NEMER
A Professional Corporation


By: /s/ Bernard E. LeSage
*Attorneys for Defendants Ameriquest Mortgage Company, Ameriquest Capital Corporation, Argent Mortgage Company and Town and Country Credit Corporation*

Bernard E. LeSage (California Bar No. 61870)
Sarah K. Andrus (California Bar No. 174323)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400