**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br>*ANDERSON ET AL. v. AMERIQUEST MORTGAGE COMPANY*, et al., D. CONN., CASE NO. 06-CV-0209<br><br>_____<br><br>AMERIQUEST MORTGAGE COMPANY, a Delaware corporation,<br><br>        Third-Party Plaintiffs,<br><br>   v.<br><br>HOLLER & HOLLER, LLC, a Connecticut limited liability company; SUPERIOR CLOSING SERVICES, LLC a Connecticut limited liability company; and DOES 1-10 inclusive,<br><br>        Third-Party Defendants. | MDL No. 1715<br><br>Lead Case No. 05-CV-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

**THIRD-PARTY COMPLAINT RE: PEARL OLIVER & ROOSEVELT OLIVER**

      Defendant and third-party plaintiff Ameriquest Mortgage Company ("Ameriquest") alleges as follows:

**The Parties**

      1.    Ameriquest is a Delaware corporation with its principal place of business in California.

      2.    Third-party defendant Holler & Holler, LLC is a Connecticut limited liability company with its principal place of business at 185 Plains Road, Milford, Connecticut.

3.     Third-party defendant Superior Closing Services, LLC is a Connecticut limited liability company with its principal place of business at 185 Plains Road, Milford, Connecticut.

4.     Holler & Holler, LLC and Superior Closing Services, LLC are collectively referred to herein as "Closing Agents."

5.     Ameriquest is ignorant of the true names and capacities, whether individual, corporate, associate, employee, agent or otherwise, of third-party defendant DOES 1 though 10, inclusive, and therefore sues said third-party defendants by such fictitious names. Ameriquest is informed and believes and thereon alleges that each of the third-party defendants designated herein as a fictitiously named third-party defendant is, in some manner, responsible for the events and happenings referred to, and caused the damage to Ameriquest as herein alleged. Ameriquest will amend its Third-Party Complaint to allege the true names and capacities of those third-party defendants when such information is ascertained.

6.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, because this case relates to claims arising under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA").

7.     Venue is proper in this judicial district pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, because Ameriquest's claims against the Closing Agents arise directly out of claims asserted by Plaintiffs Pearl Oliver and Roosevelt Oliver (the "Plaintiffs") against Ameriquest in this Court.

**General Allegations**

8.     On or before January 21, 2004, Ameriquest and the Closing Agents entered into an agreement wherein Ameriquest retained the Closing Agents to close loans being made to Ameriquest's customers, in exchange for consideration. Pursuant to the agreement, the Closing Agents warranted, among other things, that they would accurately complete a "Notice of Right to Cancel" with respect to each loan that it closed, and would provide Ameriquest's borrower(s) with the correct number of copies of the completed form.

9.     Ameriquest's loan to Plaintiffs closed on or about January 21, 2004.

10. On or about February 9, 2006, Plaintiffs filed a lawsuit in the District of Connecticut against Ameriquest entitled *Anderson et al. v. Ameriquest et al.*, Case No. 06-CV-209 (the "Lawsuit"). The Lawsuit was subsequently transferred to the Northern District of Illinois and assigned Case No. 06-CV-3215. The Lawsuit alleges, among other things, that Ameriquest violated TILA by failing to provide Plaintiffs with a complete and accurate Notice of Right to Cancel.

11. The claims alleged against Ameriquest in the Lawsuit with respect to the Notice of Right to Cancel relate to duties that should have been carried out by the Closing Agents. Thus, to the extent that Plaintiffs were not adequately notified of the right to cancel the loan, this is entirely attributable to the conduct of the Closing Agents.

## First Cause of Action
### (Breach of Contract—Against the Closing Agents)

12. Ameriquest re-alleges paragraphs 1 through 11 inclusive, and incorporates the same by reference.

13. Ameriquest and the Closing Agents entered into a valid and enforceable contract. Ameriquest fully performed its duties under this contract by providing paying to the Closing Agents for their services.

14. The contract required, among other things, that the Closing Agents accurately complete a "Notice of Right to Cancel" with respect to each loan that it closed, and provide Ameriquest's borrower(s) with the correct number of copies of the completed form.

15. In the event that the allegations in the Lawsuit are proven to be true, the Closing Agents breached the contract with respect to its duty to provide the correct number of accurately completed Notice of Right to Cancel forms to Plaintiffs.

16. Ameriquest has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to Plaintiffs against Ameriquest in connection with the Lawsuit. Ameriquest has also suffered damage to its reputation and goodwill as a direct result of the Closing Agents' conduct, in an amount to be proven at trial.

## Second Cause of Action

### (Equitable Indemnity—Against the Closing Agents)

17. Ameriquest re-alleges paragraphs 1 through 16 inclusive, and incorporates the same by reference.

18. In the event that the allegations in the Lawsuit are found to be true by a trier of fact, any loss that Ameriquest suffers in connection with the Lawsuit including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Closing Agents. In particular, but for the Closing Agents' failure to adequately notify Plaintiffs of the right to rescind the loan, Ameriquest would not have suffered damages in connection with the Lawsuit.

19. Ameriquest reasonably relied on promises made by the Closing Agents. In particular, Ameriquest relied on the Closing Agents' representations that they would assiduously follow the rules set forth in TILA and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

20. Under principals of equity, Ameriquest is entitled to indemnification from the Closing Agents in an amount sufficient to reimburse Ameriquest for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Ameriquest suffers in connection with the Lawsuit.

## Third Cause of Action

### (Contribution—Against the Closing Agents)

21. Ameriquest re-alleges paragraphs 1 through 20 inclusive, and incorporates the same by reference.

22. In the event that the allegations in the Lawsuit are found to be true by a trier of fact, any loss that Ameriquest suffers in connection with the Lawsuit that exceeds Ameriquest's pro-rata share of its liability including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Closing Agents.

In particular, but for the Closing Agents' failure to adequately notify Plaintiffs of the right to rescind the loan, Ameriquest would not have suffered damages in connection with the Lawsuit.

23. Ameriquest reasonably relied on promises made by the Closing Agents. In particular, Ameriquest relied on the Closing Agents' representations that they would assiduously follow the rules set forth in TILA and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

24. Ameriquest did not know, and had no reason to know, that the Closing Agents would not follow the rules set forth in TILA and other regulations, in preparing and delivering the Notice of Right to Cancel, and other the closing documents.

25. Under principals of equity, Ameriquest is entitled to contribution from the Closing Agents in an amount sufficient to reimburse Ameriquest for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Ameriquest suffers in connection with the Lawsuit that exceeds Ameriquest's pro-rata share of its liability.

<u>**Fourth Cause of Action**</u>

**(Negligence— Against the Closing Agents)**

26. Ameriquest re-alleges paragraphs 1 through 25 inclusive, and incorporates the same by reference.

27. The Closing Agents had a duty to follow any and all federal and state laws relating to required disclosures in connection with mortgage loans including, but not limited to, the Notice of Right to Cancel.

28. In the event that the allegations in the Lawsuit are proven to be true, the Closing Agents breached this duty, by failing to follow the clear rules set forth in TILA and related statutes.

29. As a direct result of the negligence of the Closing Agents, Ameriquest has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to Plaintiffs against

Ameriquest in connection with the Lawsuit.

WHEREFORE, Ameriquest prays for judgment against the Closing Agents as follows:

1. For monetary damages in an amount according to proof at trial, but no less than is sufficient to indemnify Ameriquest for any and all damages that Ameriquest incurs in connection with the Lawsuit including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief that Plaintiffs are awarded as against Ameriquest and its affiliates;

2. For its reasonable attorneys' fees and costs of suit; and

3. For such other relief as the Court may deem just and proper.

DATED: March 8, 2007               Respectfully submitted,

                                   BUCHALTER NEMER
                                   A Professional Corporation


                                   By: /s/ Bernard E. LeSage
                                   *Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

                                   Bernard E. LeSage (California Bar No. 61870)
                                   Sarah K. Andrus (California Bar No. 174323)
                                   BUCHALTER NEMER
                                   A Professional Corporation
                                   1000 Wilshire Boulevard, Suite 1500
                                   Los Angeles, California 90017-2457
                                   Telephone: (213) 891-0700
                                   Facsimile: (213) 896-0400

**CERTIFICATE OF SERVICE**

    I, Bernard E. LeSage, hereby certify that on this 8th day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                             By: /s/ Bernard E. LeSage