IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br> _____ <br> THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |

**PLAINTIFFS' SURREPLY TO DEFENDANTS'
MOTION TO DISMISS NON-BORROWER COMPLAINT**

Defendants' Reply is nothing more than a reiteration of the same arguments already made in its Memorandum in Support of its Motion to Dismiss. (Docket Entry 387).

Plaintiff Raymond Quarterman has adequately alleged a violation of 15 U.S.C. § 1681b, the "permissible purpose" provision of FCRA. Under § 1681b, a company such as Ameriquest may only obtain a consumer's credit report if it has a permissible purpose for obtaining such information as enumerated by the statute. 15 U.S.C. § 1681b. The purpose for the "permissible purpose" mandate is to protect consumers' privacy by restricting the circumstances in which a person or a company may legally obtain a consumer report. Without FCRA, persons and companies would have unfettered access to private consumer information. Under FCRA, a company such as Ameriquest can generally only obtain consumer report information with the consumer's authorization or if the consumer initiates a transaction, such as a transaction for credit. One exception to

the general rule requiring authorization or initiation of a transaction is if the company makes a firm offer of credit to the consumer. 15 U.S.C. § 1681b(c)(1)(B). The firm offer must also include certain mandated disclosures in a clear and conspicuous manner. 15 U.S.C. § 1681m(d).

Plaintiff Quarterman alleged that Ameriquest obtained his credit report numerous times prior to December 1, 2004, when FACTA became effective.[1] Complaint ¶ 35. Ameriquest does not deny this fact. On a motion to dismiss, the court is required to accept the allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997). Ameriquest obtained Plaintiff's credit report numerous times from February 10, 2004 to December 9, 2004. Complaint ¶ 35. Ameriquest's factual and unproven contention that "the evidence in this case will show" that it mailed Mr. Quarterman an offer letter on December 6, 2004, five days after FACTA became effective, must be disregarded by the Court as alleged factual defenses to claims are irrelevant. Def's Reply at 1. On a Motion to Dismiss, the only relevant inquiry is whether, accepting the allegations in the complaint as true and drawing all inferences in favor of Plaintiff, Plaintiff has alleged a violation of §1681m(d). Plaintiff has alleged a cause of action and his allegations must stand. Discovery will bear out what letters were sent to Mr. Quarterman and when. Indeed, Ameriquest's claim that it sent Mr. Quarterman a single offer letter on December 6, 2004 raises many questions about why it was pulling Mr. Quarterman's credit report on numerous occasions beginning in February

---

[1] As set forth fully in Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss, whether or not FACTA eliminated a private right of action for § 1681m(d) is irrelevant, since the FACTA amendments cannot be applied retroactively. (Docket Entry 447, at 2-6).

2

2004. The Court should draw a reasonable inference that Ameriquest mailed other "offer letters" to Mr. Quarterman and allow discovery to be taken before ruling on Plaintiff's § 1681m(d) claim. Indeed, if Ameriquest is correct and the evidence does show that Ameriquest mailed Mr. Quarterman one single offer letter in December 2004, then Ameriquest had no permissible purpose whatsoever – not even arguably – to obtain Mr. Quarterman's credit report numerous times beginning in February 2004. All such factual issues though are not properly before the Court on a Motion to Dismiss and Quarterman's Complaint cannot be lawfully dismissed on such basis.

Defendants' reliance on *Crowder v. PMI Mortgage Ins Co.*, No. 2:06cv01140VPM[WO], 2006 U.S. Dist. LEXIS 35497 (M.D. Ala. May 26, 2006), is misplaced. The decision in *Crowder* runs contrary to the findings to the greater weight of authority, including the Seventh Circuit's determination in *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 951 (7th Cir. 2006); see also *Panko v. Discover Fin. Servs.*, 458 F.Supp. 2d 580, 585 (N.D. Ill. 2006); *Fisher v. Finance America, LLC*, Case No. SACV 05-0888 CJC (N.D. Cal. Jan. 23, 2006) (holding it is improper to apply the FACTA amendments retroactively to conduct that occurred before the amendments to the statute took effect) (Exhibit A to Plaintiffs' Mem.; Docket Entry 447); *Phillips v. New Century Fin. Corp.*, No. SACV050692DOCRNBX, 2006 WL 517653 (C.D. Cal. Mar. 1, 2006) (holding that application of FACTA to pre-amendment conduct would have impermissible retroactive effects); *Parthiban v. GMAC Morg. Corp.*, Case No. SA CV 05-768 DOC (C.D. Cal. March 1, 2006) (refusing to dismiss counts based upon violations of the § 1681m that occurred prior to the date of the FACTA enactments although the complaint was filed after the date of enactment) (Exhibit B to Plaintiffs' Mem.; Docket

3

Entry 447); *Monroe v. Amer. Int'l Group*, No. 04-61621-CIV (S.D. Fla. April 20, 2006) (holding that application of § 1681m(h)(8) would have retroactive effect) (Exhibit C to Plaintiffs' Mem.; Docket Entry 447); *Hogan v. PMI Mortg. Ins. Co.*, No. C 05-3851 PJF (N.D. Cal. May 12, 2006) (holding that retroactive application of FACTA to bar plaintiffs' claims would have impermissible effect) (Exhibit D to Plaintiffs' Mem.; Docket Entry 447); *Webb v. Aames Inv. Corp.*, No. CV 05-5140 GPS (SSX) (C.D. Cal. May 30, 2006) (holding that application of FACTA to conduct that occurred before its effective date would have impermissible retroactive effect) (Exhibit E to Plaintiffs' Mem.; Docket Entry 447); *Miller v. Corestar Fin. Group*, No. 05-5133 (E.D. Pa. Feb. 5, 2007) (holding that application of FACTA to letters plaintiff received before the statute's effective date would have an impermissible retroactive effect (Exhibit F to Plaintiffs' Mem.; Docket Entry 447).

Moreover, the plain language of FACTA, § 312(f), states: "Nothing in this section, the amendments made by this section, or any other provision of this Act shall be construed to affect any liability under section 616 or 617 of the Fair Credit Reporting Act (15 U.S.C. 1681n, 1681o) that existed on the day before the date of enactment of this Act." Indeed, looking at the plain meaning of this section, at least one Court has found that §1681m(h)(8) only bars a private right of action for violations of § 1681m(h), not the remainder of § 1681m. *Barnette v. Brook Road, Inc., t/a Car America,* 429 F. Supp. 2d 741 (E.D. Va. 2006). The plaintiff in *Barnette* agreed to purchase a car from defendant Car America. *Id.* at 2. Under the Buyer's Order, Car America was required to arrange for financing. *Id.* at 2. Car America initially informed the plaintiff that she was approved for financing but later informed her that her loan was refused based on her insufficient

4

income and that she must obtain a co-signer or the deal would be canceled. *Id.* at 3. Car America never provided the plaintiff with a written notice of adverse action. *Id.* at 3. Barnette brought a claim alleging that Car America violated § 1681m(a) and (b) of the Fair Credit Reporting Act. *Id.* at 4.

As in the instant case, the defendant in *Barnette* argued that the 2003 amendments to the FCRA eliminated a private right of action for claims under § 1681m. *Id.* at 4. The plaintiff argued that the amendment was intended only to withhold a private right of action for violations of the new requirements contained in § 1681m(h). *Id.* at 5. The court recognized that courts having addressed this issue thus far have found that the FACTA amendments eliminated a private right of action for violations of § 1681m. *Id.* at 7. However, the court found that none of the other courts that addressed the issue have examined section 312(f) of the FACTA, which specifically provides:

> Nothing in this section, the amendments made by this section, or any other provision of this Act shall be construed to affect any liability under section 616 or 617 of the Fair Credit Reporting Act (15 U.S.C. 1681n, 1681o) that existed on the day before the date of enactment of this Act.

*Id.* at 8 (citing FACTA, Pub. L. No. 108-159, § 312(f), 117 Stat. 1952, 1993 (codified as amended at 15 U.S.C. § 1681n, Historical and Statutory Notes (2003)). "Congress was not silent on the issue. Speaking through the text of § 312(f), Congress expressly preserved the private right of action in all but the newly enacted subsections." *Id.* at 11. The court found that § 312(f) speaks authoritatively to Congressional intent. *Id.* at 9. In all events, the law of this Circuit as expressed in *Murray* still controls here and Quarterman's 1681(m) claim should not be dismissed. *Murray*, 434 F.3d at 951; *Panko*, 458 F.Supp.2d at 585.

5

Ameriquest's argument that consumers' rights are adequately protected by virtue of FTC enforcement is without merit. The FTC's ability to enforce the FCRA is limited to seeking a cease and desist order and commencing a civil action to seek a civil penalty in the event of a knowing violation. 15 U.S.C. § 1681s(a)(2)(A). There is no provision in the FCRA for the FTC or to seek redress for consumers. No other listed federal agency has authority over the issues at hand. 15 U.S.C. § 1681s(b). Thus, interpreting FACTA to rescind all private causes of action under 15 U.S.C. § 1681m of the FCRA closes the courthouse doors to all consumers, leaving consumers no ability to seek redress for corporations' violations of the FCRA, even where such violations are willful. This result certainly would thwart the purpose of the overall statutory scheme.

Ameriquest's argument that it did not owe Plaintiff Adolph Burggraff an adverse action notice runs afoul of the plain language of the FCRA and ECOA. The plain language requires Ameriquest to provide adverse action notice to a consumer whenever it denies credit, changes the terms of an existing credit arrangement, or refuses to grant credit in the amount of or on the terms requested by a borrower. 15 U.S.C. § 1681m, 15 U.S.C. § 1681a(k)(1); 15 U.S.C. § 1691(d)(6). Ameriquest offered Mr. Burggraff refinancing terms on his house, including 5.9% interest on a 15 year loan. Mr. Burrggraff agreed to those terms and applied for a loan on those specific terms, which Ameriquest concedes triggers the adverse action provision when those terms are refused to "be granted." Def's Mem. at 11-12. Ameriquest subsequently informed Mr. Burggraff that the terms had changed to 7.151% on a 30 year loan, and then to 9.697% on a 30 year loan. Complaint ¶¶ 54-56. Ameriquest argues that it simply contacted Mr. Burggraff and presented "potential" refinancing terms. Def's Mem. at 12. However, the Complaint

alleges that Mr. Burggraff was <u>offered</u> a refinancing loan with 5.9% interest on a 15 year loan, not that he was presented with potential loan terms. Complaint ¶ 54. The allegations of the Complaint must be accepted as true on a motion to dismiss. *E.g.*, *Mallett*, 130 F.3d at 1248. Ameriquest's actions fit squarely within the definition of adverse action and required Ameriquest to provide notice of adverse action to Mr. Burggraff. In addition, under the FCRA, Ameriquest also took adverse action against Mr. Burggraff under the "catch-all provision," which requires adverse action notice whenever there is "an action taken or determination that is adverse to the interests of the consumer." 15 U.S.C. § 1681a(k)(l). Adverse action under the catch-all provision is taken when a loan is approved subject to higher interest rates or other unfavorable terms that are adverse to the interests of the consumer. *Crane v. American Home Mortg. Corp.*, No. Civ.A.03-5784, 2004 WL 1529165, at *6 (E.D. Pa. July 7, 2004). As set forth more fully in Plaintiffs' Opposition to Defendants' Motion to Dismiss, adverse action is required whenever credit or insurance is offered at less than the best available terms. (Docket Entry 447 at 9).

      Finally, Plaintiffs' class allegations are not defective. Plaintiffs have complied with Fed. R. Civ. P. 8(a) and have put Defendants on notice of the basis of their claims and that they seek to represent a class. Rule 8(a) does not require Plaintiffs to anticipate and respond to potential affirmative defenses such as statutes of limitations. *Walker v. County of Cook*, No. 05 C 5634, 2006 WL 2162829 (N.D. Ill. July 28, 2006) (holding that determination of the class certification requirements are premature at motion to dismiss stage when there is no motion for class certification pending).

Dated: March 14, 2007                                    Respectfully submitted,


    */s/ Kelly M. Dermody*                                   */s/ Gary Klein*
       Kelly M. Dermody                                          Gary Klein

Kelly M. Dermody (CA Bar No. 171716)          Gary Klein
Caryn Becker (CA Bar No. 196947)               Elizabeth Ryan
LIEFF, CABRASER, HEIMANN                       Shennan Kavanagh
  & BERNSTEIN, LLP                                   RODDY KLEIN & RYAN
275 Battery Street, 30th Floor                          727 Atlantic Avenue
San Francisco, CA 94111-3339                      Boston, MA 02111-2810
Telephone: (415) 956-1000                           Telephone: (617) 357-5500 ext. 15
Facsimile: (415) 956-1008                             Facsimile: (617) 357-5030


    */s/ Jill H. Bowman*
      Jill H. Bowman
Terry Smiljanich
Jill Bowman
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

                              *Plaintiffs' Co-Lead Counsel*


   */s/ Marvin Miller*
Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL 60602
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
                              *Plaintiffs' Liaison Counsel*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br> _____ <br><br> THIS DOCUMENT RELATES TO: ALL ACTIONS | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br><br> (Centralized before the Honorable Marvin E. Aspen) |

## PROOF OF SERVICE

I, Jill Bowman, hereby certify that on this 14th day of March, 2007, a true and correct copy of the following document was filed electronically:

**PLAINTIFFS' SURREPLY TO DEFENDANTS' MOTION TO DISMISS NON-BORROWER COMPLAINT**

Notice of filing was sent by electronic mail to all Filing Users by operation of the Court's electronic filing system. Parties may access this filing through the ECF system.

I further certify that on March 14, 2007, a true and correct copy of this Proof of Service was filed electronically with the Court.

/s/ Jill H. Bowman
JILL H. BOWMAN