IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |
| | (Centralized before the Honorable Marvin E. Aspen) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL FILING OF AMENDED MASTER CLASS COMPLAINTS**

**I.     INTRODUCTION**

Defendants have filed a highly unusual motion seeking patently unnecessary relief in the form of an order compelling Plaintiffs to file a master complaint including every individual and class Plaintiff in this multi-district litigation. The motion is not warranted under the Court's Case Management Order ("CMO") (Docket No. 284) and would only inject greater inefficiency, uncertainty, and difficulty into case management here. The motion should be denied.

**II.     ARGUMENT**

In the CMO entered November 7, 2006, the Court recognized there are three distinct types of cases in the MDL: (1) borrower class cases; (2) non-borrower class cases; and (3) individual cases. CMO at 6, 10-11 (recognizing that Lead Class Counsel "are not to represent or in any way direct the litigation of any non-class cases."). Plaintiffs have followed the Court's tri-furcated approach in filing two master class action complaints – one for borrowers alleging class claims and one for non-borrowers alleging class claims – and allowing the third

600818.1

- 1 -

group of individual cases to proceed as separate complaints. Consistent with the CMO, this third group of cases without class allegations were not swept into the master complaints, nor should they have been.

Defendants concede that all non-borrower cases with class allegations have been included in the master non-borrower complaint. They assert, however, that certain borrower Plaintiffs asserting class allegations have not been included in the borrower complaint. See Defendants' Reply in Support of Motion to Compel Filing of Amended Master Class Complaints, at p. 3, FN 3 (listing eight cases alleged to include class allegations by Plaintiffs not in the master borrower class complaint). This is untrue. In fact, counsel for the individual Plaintiffs in all eight of the borrower cases that Defendants identify in their Reply have filed motions to dismiss their class allegations.[1] Accordingly, every Plaintiff who maintains class allegations in a transferred case has been included in one of the two master class action complaints.

It would wreak havoc on case management for the class Plaintiffs to now be compelled to file master complaints that incorporate the claims of more than 700 individual Plaintiffs who have not put themselves forward as class representatives. Moreover, the individual Plaintiffs are represented by their own counsel, who presumably will advise them either to opt out and prosecute their individual actions, rely on the appropriate prosecution of the class claims as absent class members, or otherwise participate in this proceeding. Class counsel cannot possibly be asked to directly represent these individuals or to advise them about their most appropriate course of action. If the Plaintiffs are compelled to prosecute one complaint, there will be confusion and mass inefficiency going forward.

---

[1] Counsel filed a motion to dismiss class allegations in the last of these cases, Van Gorp v. Ameriquest Mortgage Co., Case No. 05-907 (C.D. Cal.), today [Dkt. No. 605], to which Defendant Ameriquest Mortgage Company filed a Notice of Non-Opposition [Dkt. No. 607].

Defendants' motion is irregular at best, is contrary to MDL practice, and apparently contemplates a case management structure that would make these proceedings unwieldy and unmanageable. The motion should be denied.

## III. CONCLUSION

For the reasons set forth above, Class Plaintiffs respectfully request that the Court deny Defendants' motion to compel.

Respectfully submitted,

Dated: March 14, 2007

| */s/ Kelly M. Dermody* | */s/ Gary Klein* |
|---|---|
| Kelly M. Dermody | Gary Klein |

Kelly M. Dermody (CA Bar No. 171716)
Caryn Becker (CA Bar No. 196947)
LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500 ext. 15
Facsimile: (617) 357-5030

*/s/ Jill Bowman*
Jill Bowman

Jill Bowman
JAMES, HOYER, NEWCOMBER
 & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

- 4 -

*/s/ Marvin A. Miller*
Marvin A. Miller

Marvin A. Miller
MILLER LAW LLC
101 North Wacker Drive, Ste. 2010
Chicago, IL 60606
Telephone: (312) 525-8316
Facsimile: (312) 525-8231

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

    I, Kelly M. Dermody, hereby certify that on this 14th day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      By:    */s/ Kelly M. Dermody*
                                                  Kelly M. Dermody