**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) | **MDL NO. 1715**<br><br>**Lead Case No. 05 C 07097**<br><br>**(Centralized before Judge Aspen)** |
| WILLIAM YEAMAN and PAMELA YEAMAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **No. 06 C 6967** |
| AMERIQUEST MORTGAGE COMPANY, AMERIQUEST MORTGAGE SECURITIES, INC., AMC MORTGAGE SERVICES, INC., and DOES 1-5, | ) ) ) ) ) ) | **Judge Grady** |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR REASSIGNMENT OF
<u>RELATED ACTION</u>**

Defendants, Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc., ("Defendants") move, pursuant to Northern District of Illinois Local Rule 40.4(c), to reassign this lawsuit to the pending MDL proceeding, <u>In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation</u>, MDL Docket No. 1715, Lead Case No. 05 C 7097 (Aspen, J.) ("Ameriquest MDL Litigation"). In support of their motion, Defendants state as follows:

<u>**Introduction**</u>

1.      There is pending in the U.S. District Court for the Northern District of Illinois the MDL proceeding <u>In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation</u>, MDL Docket No. 1715, Lead Case No. 05 C 7097 (Aspen, J.) ("Ameriquest MDL Litigation"). The

Ameriquest MDL Litigation includes hundreds of lawsuits challenging loans originated by Ameriquest Mortgage Company.

2.     Reassignment of this lawsuit is warranted for two reasons.  First, this lawsuit is "related" under Local Rule 40.4(a) to many of the actions now pending in the Ameriquest MDL Litigation.  Plaintiffs in this lawsuit assert violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, including the alleged failure to properly disclose the borrowers' right to cancel the loan.  There presently are more than 150 individual lawsuits pending in the Ameriquest MDL Litigation that advance the same allegations, including Borrowers' Consolidated Class Action Complaint.

3.     Second, all of the conditions for reassignment of this lawsuit under Local Rule 40.4(b) are satisfied:  this lawsuit is pending before another judge in this District; the handling of this lawsuit by this Court will result in a substantial saving of judicial time and effort; this lawsuit has not progressed to the point where transferring it to the Ameriquest MDL Litigation would likely delay the proceedings substantially; and this lawsuit and the actions in the Ameriquest MDL Litigation are susceptible to disposition in a single proceeding because they have substantial areas of overlap.

## Argument

4.     To have a lawsuit reassigned based on relatedness, the movant must satisfy both Local Rule 40.4(a) and (b).  Donahue v. Elgin Riverboat Resort, No. 04 C 816, 2004 WL 2495642, at *2 (N.D. Ill. Sept. 28, 2004).  This Court has the sound discretion to reassign a lawsuit under Local Rule 40.4.  Clark v. Ins. Car Rentals Inc., 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999).  Local Rule 40.4(a) provides that cases are "related" if:  (1) the lawsuits involve the same property; (2) the lawsuits involve some of the same issues of fact or law, (3) the lawsuits grow out of the same transaction or occurrence; or (4) in class action lawsuits, one or more of the classes involved in the lawsuits is or are the same.  Rule 40.4(a) "does not require complete identity of issues in order for

cases to be considered related." <u>Fairbanks Capital Corp. v. Jenkins</u>, No. 02-C-3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002). Rather, it is enough that the lawsuits "involve <u>some</u> of the same issues of fact or law." <u>Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc.</u>, No. 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003) (emphasis in original).

5. Once the lawsuits have been found to be related, Local Rule 40.4(b) imposes four additional conditions that must be satisfied before a lawsuit may be reassigned: (1) both lawsuits must be pending in the Northern District of Illinois; (2) reassignment must result in a substantial saving of judicial time and effort; (3) the earlier lawsuit must not have progressed to the point where designating the lawsuits as related would be likely to delay the proceedings in the earlier lawsuit substantially; and (4) the lawsuits must be susceptible of disposition in a single proceeding. Reassignment of this lawsuit to the Ameriquest MDL Litigation and this Court satisfies the requirements of Local Rule 40.4(a) and (b), this Court should grant this motion for reassignment.

### This Lawsuit Is "Related" Under Local Rule 40.4(a).

6. This lawsuit is "related" under Local Rule 40.4 to many actions now pending in the Ameriquest MDL Litigation. In this lawsuit, Plaintiffs allege that Ameriquest Mortgage Company violated TILA by failing to provide them proper notice of their TILA rescission rights (Complaint, ¶¶1, 23-25, attached as Exhibit A). Presently, there are more than 150 actions pending in the Ameriquest MDL Litigation that involve allegations that Ameriquest Mortgage Company violated TILA by failing to provide borrowers with proper notice of their TILA rescission rights. Accordingly, this lawsuit is "related" to these actions within the meaning of Local Rule 40.4(a).

### The Conditions For Reassignment Under Local Rule 40.4(b) Are Satisfied.

7. All of the conditions for reassignment of this lawsuit under Local Rule 40.4(b) are satisfied. First, this lawsuit is pending before another judge in this District. Second, the handling of this lawsuit by this Court unquestionably will result in a substantial savings of judicial time and

effort. Indeed, the Seventh Circuit Court of Appeals has criticized judges of this District for permitting separate lawsuits involving similar claims and the same defendants to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals. See, e.g., Smith v. Check-N-Go of Illinois, Inc., 200 F.3d 511, 513 (7th Cir. 1999). Third, this lawsuit was filed recently, in December 2006. This lawsuit is at the beginning; it has not progressed to the point where designating the lawsuit as "related" would delay the proceedings. Finally, this lawsuit and the actions in the Ameriquest MDL Litigation are susceptible to disposition in a single proceeding because they assert common legal claims under TILA.

8.     Accordingly, this Court should reassign this lawsuit to the Ameriquest MDL Litigation as a "related" action for pretrial proceedings along with the other pending lawsuits in the Ameriquest MDL Litigation.

WHEREFORE, Defendants, Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc., respectfully request that this Court grant Defendants' motion for reassignment of related action and reassign this lawsuit as a "related" action to the Ameriquest MDL Litigation.

Dated:  March 22, 2007                      Respectfully submitted,

                                            AMERIQUEST MORTGAGE COMPANY,
                                            AMERIQUEST MORTGAGE SECURITIES, INC.,
                                            and AMC MORTGAGE SERVICES, INC.,
                                            Defendants


                                            By:  s/ Jonathan N. Ledsky
                                                    One of their Attorneys

Craig A. Varga
Jonathan N. Ledsky
Elizabeth Barry
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois  60604
(312) 341-9400

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the

foregoing **Defendants' Motion for Reassignment of Related Action** was filed electronically via

CM/ECF e-Filing.  Notice of this filing will be sent by electronic mail to all counsel of record by

operation of the Court's electronic filing system.  Parties may access this filing through the Court's

system.  Those not registered were mailed copies by U.S. mail.

**Lloyd L. Brooks**
**15008 Woodlawn Avenue, 1st Floor**
**Dolton, Illinois 60419**

**1:05-cv-7097 Notice has been electronically mailed to:**

Sarah K. Andrus      sandrus@buchalter.com

Charles McLeod Baird      charlesmbaird@att.net

Caryn Becker      cbecker@lchb.com, glewis@lchb.com

Anne A Bergman      aabergman@aol.com

Daniel S. Blinn      dblinn@consumerlawgroup.com, tbenoit@consumerlawgroup.com

Brandon A Block      bblock@buchalter.com

Jill Henniger Bowman      jbowman@jameshoyer.com

James McGinnis Boyers      jboyers@woodmclaw.com, scraig@woodmclaw.com

Brian Lewis Bromberg      brian@bromberglawoffice.com, brian.bromberg@gmail.com

Jimmie H. Brown      help@bspclaw.com

James Michael Dash      jdash@muchshelist.com

Charles M. Delbaum      cdelbaum@nclc.org

Kelly M Dermody      kdermody@lchb.com

Daniel A. Edelman      courtecl@edcombs.com, dedelman@edcombs.com

Rachel Geman      rgeman@lchb.com

Tara Leigh Goodwin     tgoodwin@edcombs.com

Daniel Mark Harris     lawofficedh@yahoo.com

Stanley L. Hill     stanhill@megsinet.net

Albert F Hofeld , Jr     ahofeld@edcombs.com

Jean K. Janes     jjanes@muchshelist.com

Evan Jay Kaufman     ekaufman@lerachlaw.com

Shennan Kavanagh     kavanagh@roddykleinryan.com

Keith James Keogh     Keith@Keoghlaw.com, Linda@Keoghlaw.com

Synde B. Keywell     skeywell@ngelaw.com, kdalsanto@ngelaw.com

Stephen Philip Kikoler     skikoler@muchshelist.com

Gary Edward Klein     klein@roddykleinryan.com, pereira@roddykleinryan.com

Richard A. Kudla     richard.kudla@aig.com

Bernard E. LeSage     blesage@buchalter.com

Jonathan N. Ledsky     jledsky@vblhc.com, sortega@vblhc.com

Richard Andre Lilly     rlilly@ademilaw.com

Greg J. Miarecki     gmiarecki@winston.com, ECF_CH@winston.com, ppratt@winston.com

Marvin Alan Miller     Mmiller@millerlawllc.com, Jramirez@millerlawllc.com,
Lfanning@millerlawllc.com

Melinda J. Morales     mmorales@muchshelist.com, rmclarney@muchshelist.com

Andrew G. Pizor     apizor@consumerlawgroup.com, tbenoit@consumerlawgroup.com

Dominic J. Rizzi     drizzi@caffertyfaucher.com

Samuel H Rudman     srudman@lerachlaw.com

Lorne Todd Saeks     lsaeks@muchshelist.com, xreyes@muchshelist.com

Ralph O. Scoccimaro     help@bspclaw.com

Terry A Smiljanich    tsmiljanich@jameshoyer.com, dstephens@jameshoyer.com,
jbowman@jameshoyer.com, lmartin@jameshoyer.com

Kristina M Van Buskirk    Kvanbuskirk@ngelaw.com

Craig Allen Varga    cvarga@vblhc.com

Thomas Joseph Wiegand    twiegand@winston.com, ECF_CH@winston.com

**1:05-cv-7097 Notice has been delivered by other means to:**

Lloyd L. Brooks
The Brooks Law firm
15008 Woodlawn Avenue, 1st Floor
Dolton, Illinois  60419

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

Elmer E. Evans
1137 13th Street
Des Moines, IA 50314

GMAC Mortgage Corporation
Wooden & McLaughlin
211 North Pennsylvania
One Indiana Square
Suite 1800
Indianapolis, IN 46204

Cheryl M. Lott
Buchalter Nemer
A Professional Corporation
1000 Wilshire Boulevard
Suite 1500
Lost Angeles, CA 90017

Joshua R. Mandell
Buchalter Nemer
A Professional Corporation
1000 Wilshire Boulevard
Suite 1500
Los Angeles, CA 90017

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, CT 06901

Bryan Anthony Vroon
Vroon & Crongeyer LLP
1718 Peachtree Street
Suite 1088
Atlanta, GA 30309

s/Jonathan N. Ledsky

# EXHIBIT A

**IN ThE UNITED STATES DISTRICT COURT**
**FOR THE NORHTERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

F I L E D

DEC 1 8 2006  NF

WILLIAM YEAMAN and PAMELA YEAMAN )

Plaintiffs, )

v. )

AMERIQUEST MORTGAGE COMPANY, )
AMERIQUEST MORTGAGE SECURITIES, )
AMC MORTGAGE SERVICES, INC. and )
DOES 1 – 5, )

Defendants. )

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

06CV6967
JUDGE GRADY
MAGISTRATE JUDGE NOLAN

Now Comes WILLIAM YEAMAN and PAMELA YEAMAN, by and through their

attorney, Lloyd Brooks, to file this Complaint against AMERIQUEST MORTGAGE

COMPANY, AMERIQUEST MORTGAGE SECURITIES, and AMC MORTGAGE

SERVICES, INC. as follows:

## Nature of the Action

1.     Plaintiffs bring this action against a subprime mortgage lender and its affiliates for

rescission and damages pursuant to the federal Truth In Lending Act for the lender's failure to

clearly and conspicuously disclose the borrower's right to cancel a mortgage loan.  Plaintiffs also

brings a state law cause of action against the mortgage lender for its unfair and deceptive practice

of falsifying information in connection with the loan in order to increase the amount loaned to

Plaintiff.

## Parties

2.     Plaintiffs  William  Yeaman  ("Mr.  Yeaman")  and  Pamela  Yeaman  ("Ms.

Yeaman") are husband and wife and reside in a single family home which they own at 1016 S.

Mitchell Ave., Arlington Heights, IL  60005.  Mr. And Mrs. Yeaman jointly purchased the home

in January, 2002.

3.     Defendant  Ameriquest  Mortgage  Company  ("Ameriquest")  is  a  Delaware

corporation with its principal offices located in Orange, California and maintains offices in and

does business in Illinois. Ameriquest is engaged in the business of originating "subprime" mortgages. Ameriquest makes more than 26 loans per year.

4. Defendant AMC Mortgage Services, Inc. ("AMC") is a Delaware corporation with its principal place of business located in Orange, California and does business in Illinois. AMC is an affiliate of Ameriquest. AMC services loans originated by Ameriquest and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

5. Defendant Ameriquest Mortgage Securities, Inc., ("AMS) is an affiliate of Ameriquest and transacts business in Illinois. AMS holds legal title to loans originated by Ameriquest.

## Jurisdiction and Venue

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States. This Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367 as they are so related to Plaintiff's federal cause of action that it forms the same case and controversy.

7. This Court has jurisdiction over the defendants who are all doing business in this State and has availed themselves of this State's benefits and protections.

8. Venue is proper in this Court as defendants reside within this judicial district and a substantial portion of the events giving rise to this action occurred within this judicial district.

## Facts Common To All Counts

9. In the late fall of 2003, plaintiffs applied for a mortgage with Ameriquest. During the over-the-phone application process, Mr. Yeaman spoke with an Ameriquest agent, Ken Skwierczynski ("Ken"), who completed the application.

10.    Mr. Yeaman wanted his wife, Mrs. Yeaman, to be a borrower on the mortgage since she owned and resided in the home.  Ken, however, said that Mrs. Yeaman would be unable to be a co-borrower on the loan.

11.    The loan was procured in Mr. Yeaman's name only and only Mr. Yeaman executed the Note and Mortgage in connection with the loan.  All documents in connection with Mr. Yeaman's loan were directed only to Mr. Yeaman, even though his wife co-owned and resided in the property.

12.    The loan was closed on December 22, 2003.

13.    The following are documents relating to the loan:

   (a) A note, Exhibit A, attached to this pleading.
   (b) A Truth in Lending statement, See Exhibit B, attached to this pleading.
   (c) The three-day notice of right to cancel required by the Federal Reserve Board, See Exhibit C, attached to this pleading.
   (d) A document entitled "One Week Cancellation Period", See Exhibit D, attached to this pleading.
   (e) A document entitled "Understanding Your Loan", Exhibit E.

14.    Mr. Yeaman was later directed to make payments to AMC.

15.    On information and belief, AMS, owns Mr. Yeaman's loan.  In the event AMS does not own Mr. Yeaman's loan, the actual owners are named as Does 1-5.

## Count I
## Claim for Damages and Rescission Pursuant to the Truth In Lending Act Violations

16.    Plaintiffs reallege paragraphs 1 - 15 as though each was fully realleged herein.

17.    On or about December 6, 2003, Mr. Yeaman was notified that he was required to pay $325 for an "appraisal/ property valuation fee."  It was represented that this amount "is refundable only if the loan is denied or withdrawn prior to the Lender ordering the appraisal/property valuation."  See Exhibit F, attached to this pleading.

18.     Plaintiffs needed and used the loan for personal, family or household purposes,

namely, refinancing of prior debt incurred for such purposes.

19.     Because this transaction was secured by Plaintiffs' home and was not entered into

for purposes of its initial purchase or construction, the loan was made subject to Plaintiffs'

rescission rights pursuant to the Truth In Lending Act, 12 U.S.C. §1635, and implementing

Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

20.     Regulation Z reads in pertinent part:

§226.23

(a) *Consumer's right to rescind.*

> (1)     In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

> (2)     To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

> (3)     The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

(b)*Notice of right to rescind:*

> (1)     In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in section 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

>> (i)     The retention or acquisition of a security interest in the consumer's principal dwelling.

>> (ii)     The consumer's right to rescind the transaction.

>> (iii)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

>> (iv)     The effects of rescission, as described in paragraph (d) of this section.

>> (v)     The date the rescission period expires.

(d) *Effects of rescission.*

(1)    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2)    Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3)    If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

21.  TILA provides in pertinent part:

12 U.S.C.§1640

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A) (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000;

 (3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

22.    No TILA disclosures were provided to Ms. Yeaman.

23.    Mr. Yeaman was provided two documents, one labeled "Understanding Your Loan" and the other "One Week Cancellation Period" that each contain language that purports to limit or indicate to the reader that their right to cancel the loan within the three day period is limited.

24.    The "One Week" cancellation further confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural

protections of §1635. Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long.

25.     The provision of a document that conflicts with the required Notice of Right to Cancel violates TILA and gives rise to an extended right to rescind the Note and Mortgage, which extends to any assignee.

26.     A borrower who rescinds is entitled to do so without financial penalty. By collecting fees in advance (appraisal fee in this instance) and representing that the fees would only be returned if "the loan is denied or withdrawn prior the Lender ordering the appraisal/property," Ameriquest wrongfully interfered with the borrowers right to cancel.

27.     AMC and AMS currently claim to have an interest in the subject Note and Mortgage or a right to collect payments from Mr. Yeaman on the subject loan.

28.     Plaintiffs have exercised their right to rescind the loan. See Exhibit G.

29.     More than 20 days has passed since the cancellation of Mr. Yeaman's loan. As of the filing of this action the defendants have failed to properly respond to the cancellation of the subject loan.

WHEREFORE WILLIAM YEAMAN and PAMELA YEAMAN respectfully request that the Court enter judgment in their favor and against defendants for a judgment, capable of recordation in public records, voiding the subject mortgage; statutory damages for the underlying failure to provide Plaintiffs with the proper disclosure or right to cancel the transaction; statutory damages for the defendants' failure to properly respond to the request for rescission; an order requiring deletion of all adverse credit information relating to the loan; an award of Plaintiffs' attorney's fees and costs of this action; and, such other relief as this Court deems just and appropriate.

**Count II**
**Violation of Illinois Consumer Fraud Act**

30.     Plaintiffs reallege paragraphs 1 - 15 as though each was fully realleged herein.

31.     Ken quoted Mr. Yeaman many different interest rates, loan amounts, and changed the terms numerous times prior to the closing.

32.     Ameriquest closed the loan in its hectic office.  Ameriquest was not prepared when clients arrived at the appointed time.  The Ameriquest employee explained that they were running late and also had other closings after plaintiffs' closing.  Plaintiffs were then rushed through their closing.  They were presented with a stack of paper consisting of scores of documents and hundreds of printed pages.  The Ameriquest employee simply named each document, pointed and had plaintiffs sign.  He explained nothing or very little.

33.     Plaintiffs glanced at some of the documents.  They asked one question but were made to feel inferior.  Under these circumstances, plaintiffs did not review all of the closing documents at that time, including the final loan application Ameriquest prepared.  They also had been through closings before and had no apparent reason to suspect any fraud.

34.     Later, plaintiffs noticed that Ameriquest had falsified material information on the typed, pre-printed loan application that plaintiffs received at that time.

35.     Ameriquest fraudulently increased Mr. Yeaman's aggregate checking and savings account information.  During the application process, Mr. Yeaman gave Ameriquest their yearly bank statements from 2002, which totaled approximately $3,310.  Ameriquest, however, fraudulently increased this amount to $83,000 on his application.  See Exhibit H, attached to this pleading.

36.     Mr. Yeaman also provided his paycheck stubs, but Ameriquest dramatically overstated his gross monthly income on the loan application it prepared.  See Exhibit H.

37.     Ameriquest also falsified the amount of stocks and bonds Mr. Yeaman owned on the application.  Ameriquest reported that they owned $41,000 in stocks and bonds, when in actuality he owned several hundred dollars worth at the most. See Exhibit H.

38.     Ameriquest also falsified the value of plaintiffs' property on the loan application, listing the value of plaintiffs' real estate at $420,000.

39.     On information and belief, plaintiffs' home was actually only worth $385,000 at the time of closing.

40.     Indeed, two days before closing, an Ameriquest staff appraiser completed a report stating that the home was worth only $390,000!  Ameriquest ignored this inconvenient finding in the interest of basing the loan amount on the higher, fabricated value.

41.     Based on the fraudulent information about plaintiffs' liquid assets and the value of their real estate, Ameriquest represented that Mr. Yeaman qualified for a $295,000 loan.

42.     Ameriquest falsified these amounts on the application, in order to increase the loan amount for which the plaintiff qualified.  This increased Ameriquest's commissions, points and fees, interest income and profits.

43.     The Illinois Consumer Fraud and Deceptive Business Practices Act   reads in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

44.     Ameriquest:

    a.     fraudulently inflated Mr. Yeaman's assets, specifically his aggregate checking and savings account worth as well as his stocks and bonds.

        b.    fraudulently inflated and misrepresenting the value of Plaintiff's home on Ameriquest's loan application;

        c.    misrepresenting Mr. Yeaman's ability to qualify for the mortgage loan.

45.    Ameriquest's conduct was unfair and deceptive to Mr. Yeaman and used in the course of its trade as a mortgage lender.

46.    Ameriquest acted with the intent that Mr. Yeaman rely upon its conduct in executing documents at the December 22, 2003 closing and to induce Mr. Yeaman to secure a $295,000 loan for which did not qualify, in order to increase its commissions, points and fees, interest and profits.

WHEREFORE WILLIAM YEAMAN prays upon this Court to enter a judgment in his favor and against AMERIQUEST MORTGAGE COMPANY and award his actual damages in an amount to be proven at trial, enjoin it requiring it to disgorge any and all proceeds and profits received in the subject transaction, his attorney's fees, costs to bring this action, and other further relief as the Court deems equitable and proper.

Respectfully Submitted,

Lloyd Brooks

State Bar No. 6271994
Lloyd J. Brooks
The Brooks Law Firm
15028 Woodlawn Ave.
Dolton, Illinois 60419
(708) 849-1348 Telephone
(708) 849-1398 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
*Attorney for William and Pamela Yeaman*

## Jury Demand

Plaintiffs demand trial by jury.

Lloyd Brooks

Loan No.  0064894082 - 5798

# FIXED RATE NOTE

| December 22, 2003 | Orange | CA |
|---|---|---|
| [Date] | [City] | [State] |

1016 South Mitchell, Arlington Heights, IL  60005
[Property Address]

**1.  BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. **$ 295,000.00** (this amount is called "principal"), plus interest, to the order of the Lender.  The Lender is  Ameriquest Mortgage Company .

I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**
Interest will be charged on unpaid principal until the full amount of principal has been paid.  I will pay interest at a yearly rate of  6.699 %.

The interest rate required by this Section 2 is the rate I will pay before and after any default described in Section 6(B) of this Note.

**3.  PAYMENTS**
(A)   Time and Place of Payments
I will pay principal and interest by making payments every month.
I will make my monthly payments on the first day of each month beginning on   February 1, 2004.
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.  My monthly payments will be applied to interest before principal.  If, on   January 1, 2034, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at:  505 City Parkway West, Suite 100,  Orange, CA 92868

or at a different place if required by the Note Holder.

(B)   Amount of Monthly Payments
My monthly payments will be in the amount of U.S. **$1,903.38.**

**4.  BORROWER'S RIGHT TO PREPAY**
I may repay this Note at any time without a penalty.

**5.  LOAN CHARGES**
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then; (i) any such loan charged shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**
(A)   Late Charges for Overdue Payments
If the Note Holder has not received the full amount of any monthly payment by the end of  fifteen  calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  5.000 %  of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)   Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
(C)   Notice of Default
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.



Initials:



I of 2

Loan No. 0064894082 - 5798

**(D)  No Waiver by Note Holder**
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
**(E)  Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

**7.  GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.
Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to Pay all of the amounts owed under this Note.

**9.  WAIVERS**
I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**
This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:
Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if prohibited by federal law as of the date of this Security Instrument.
If the Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____(Seal)
Borrower:   William Yeaman
SSN·  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

_____(Seal)
Borrower:
SSN:

_____(Seal)
Borrower:
SSN:

_____(Seal)
Borrower:
SSN:


00000064894082030030330202

2 of 2

12/22/2003 3:14:54 PM

200-2FIXED (Rev 7/03)

## TRUTH-IN-LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

☐ Preliminary    ☒ Final

LENDER: Ameriquest Mortgage Company
450 E. Devon Ave., # 100
Itasca, IL 60143
(630)773-3002

Broker License:

Borrowers: William Yeaman

Type of Loan: FIXED RATE
Date: December 22, 2003

Address:
City/State/Zip:

Loan Number: 0064894082 - 5798

Property: 1016 South Mitchell, Arlington Heights, IL 60005

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled |
|---|---|---|---|
| 6.885 % | $ 395,946.23 | $ 289,264.08 | $ 685,210.31 |

**YOUR PAYMENT SCHEDULE WILL BE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE MONTHLY BEGINNING |
|---|---|---|---|---|---|
| 359 | $1,903.38 | 02/01/2004 | | | |
| 1 | $1,896.89 | 01/01/2034 | | | |

**VARIABLE RATE FEATURE:**
☐ Your loan has a variable rate feature . Disclosures about the variable rate feature have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at: 1016 South Mitchell, Arlington Heights, IL 60005

**ASSUMPTION:** Someone buying this property ☒ cannot assume the remaining balance due under original terms.
☐ may assume, subject to lender's conditions, the remaining balance due under original terms

**PROPERTY INSURANCE:** You may obtain property insurance from anyone you want that is acceptable to Ameriquest Mortgage Company

**LATE CHARGES:** If a payment is late, you will be charged 5.000% of the overdue payment .

**PREPAYMENT:** If you pay off your loan early, you
☐ may ☒ will not have to pay a penalty

See your contract documents for any additional information regarding non-payment, default, required repayment in full before the scheduled date, and prepayment refunds and penalties.

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.

Borrower William Yeaman _____ Date _____    Borrower _____ Date _____

Borrower _____ Date _____    Borrower _____ Date _____

TIL1 (Rev 7/01)    0000000064894082030575010    **BORROWER COPY**

# Exhibit B

## NOTICE OF RIGHT TO CANCEL

LENDER:   Ameriquest Mortgage Company

DATE:   December 22, 2003
LOAN NO.:   0064894082 - 5798
TYPE:   FIXED RATE

BORROWER(S): William Yeaman

ADDRESS:        1016 South Mitchell
CITY/STATE/ZIP:   Arlington Heights, IL 60005

PROPERTY:   1016 South Mitchell
            Arlington Heights,  IL  60005

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1.   The date of the transaction, which is

ENTER DOCUMENT SIGNING DATE

12/22/03          :

or
2.   The date you received your Truth in Lending disclosures;
or
3.   The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Ameriquest Mortgage Company            ATTN:  FUNDING
1100 Town and Country Road, Suite 200   PHONE:  (714)541-9960
Orange, CA 92868                        FAX:    (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

ENTER FINAL DATE TO CANCEL

12/26/03

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
I WISH TO CANCEL

_____                    _____
SIGNATURE                                     DATE

---

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

BORROWER/OWNER William Yeaman          Date     BORROWER/OWNER                    Date

BORROWER/OWNER                          Date     BORROWER/OWNER                    Date

1084-NRC (Rev 11/03)      

0000006489408204000050101



BORROWER COPY
Exhibit C
12/22/2003 3:14:54 PM

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0064894082 - 5798          Borrower(s): William Yeaman

Date: December 22, 2003

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you.** No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

    Ameriquest Mortgage Company
     1100 Town and Country Road, Suite 200  Orange, CA 92868
    ATTN: Funding Department
    Phone: (714)541-9960
    Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_____          _____
Borrower/Owner  William Yeaman            Date

_____          _____
Borrower/Owner                            Date

_____          _____
Borrower/Owner                            Date

_____          _____
Borrower/Owner                            Date

---

### REQUEST TO CANCEL

I/We want to cancel loan #_____.

_____          _____
Borrower/Owner Signature                  Date

---

0000006489408204042201 01

12/22/2003 3:44:54 PM



Exhibit D

850 (10/00)

# UNDERSTANDING YOUR LOAN

Application Number: 0064894082 - 5798    Date: December 22, 2003

**A LOAN SECURED BY YOUR HOME IS AN IMPORTANT TRANSACTION.** You should be fully informed about the terms and conditions of any mortgage loan that you obtain from us. While it can vary, the average time to process a **loan application is thirty days.** Please maintain a good payment record on all of your outstanding obligations during this time.

The enclosed documents **are not a commitment to make a loan to you or an approval of your loan application.** The estimated costs and terms of your proposed loan are based on the information we have obtained as of today. However, the structure of your loan, including prepayment charges, points, interest rate, repayment term and loan amount are all negotiable as long as the final terms meet our requirements. Think carefully about what terms you want. For example, a loan with a prepayment charge may have a lower interest rate than one without. However, if you know you will sell your home or refinance this loan in the near future, a prepayment charge may not be a good choice.

The costs and terms of any loan we might ultimately approve may be different. We will notify you by telephone if there are any such changes and you can then decide whether you wish to proceed with your application. Included among the enclosed documents are the following:

- **ARM Disclosure and Consumer Handbook on Adjustable Rate Mortgages.** If you applied for an Adjustable Rate Mortgage (ARM) loan, this booklet explains the operation of ARM loans, including how the interest rate and monthly payments can increase.
- **Good Faith Estimate of Settlement Costs.** This provides an estimate of the fees and costs you will pay in connection with your loan.

**All the documents and disclosures you receive are important.** Please pay particular attention to these, which you will receive at closing:

- **Promissory Note:** This shows the amount of debt you will incur, plus the interest rate and repayment terms.
- **Interest Rate, Payments Due, Fees Paid and Prepayment Charge:** This document shows important terms of your loan, including the amount of your monthly payments, the interest rate and fees, and whether your loan includes a prepayment charge. If you are comparing payments on an old and new loan, make sure you know whether the payments include, or do not include escrows for taxes, insurance and other charges.
- **Truth in Lending Disclosure:** This shows the Annual Percentage Rate and Finance Charge for your loan and other important cost and terms information.
- **HUD-Settlement Statement:** This shows all closing costs and how the proceeds of the loan are distributed.
- **Mortgage/Trust Deed:** This makes your real property security for the loan and says that if you do not meet your loan payment obligations, you can lose your home through foreclosure and the sale of your property.

A loan "closing" will be held to complete the transaction. If you want, you can have an attorney, credit counselor or other representative come to the closing with you. You'll be given your final loan documents and disclosures to review and sign. **Don't feel rushed. Don't rely on any representations that are not in writing. Take your time.** Ask any questions you have. If you do not agree with or understand something in a document, tell the person conducting the closing immediately. **Don't sign any document until you have received an explanation you understand and are willing to be bound by the contents of the document. Don't let anyone pressure you into obtaining a loan.** Consult other lenders, including banks and savings and loans, to confirm that the terms of this loan are acceptable to you; better terms may be available. Mortgage counseling from an independent HUD-approved agency can help you understand a loan offer, assess your credit situation and decide what loan is best for you. We recommend you use it. **Free counseling is available at HUD-approved counseling services. To find a counseling service location near you, please call HUD at the following toll free number: 1-800-569-4287.** In addition, please feel free to call us (Ameriquest Mortgage Company) toll free at (866) 461-0913 to discuss any questions concerning your loan or the documents you have

If, under applicable law you are entitled to cancel the loan for any reason during the three business days following closing, **you can cancel your loan** with Ameriquest Mortgage Company **at no cost during the one week period beginning on the day you sign the loan documents.** During that one week period, please take the loan documents to a credit counselor, attorney, or other knowledgeable advisor to help you make your final decision about the advisability and appropriateness of the loan. If you desire to cancel, you must notify us in writing by either mailing or faxing your "Request to Cancel" to us at the address shown on the Request to Cancel form.

**Thank you for applying to Ameriquest Mortgage Company for a mortgage loan. We look forward to serving you.**

## BORROWER(S) ACKNOWLEDGMENT AT CLOSING

I hereby acknowledge that: 1) I received and read this notice prior to my loan closing; 2) it was reviewed with me again at the loan closing; 3) I understand what is written above; 4) I have received a complete set of my final loan documents on the date set forth below; 5) I am aware that I may cancel my loan for any reason within the one week period.

| | |
|---|---|
| Date | Signature William Yeaman |
| Date | Signature |
| Date | Signature |
| Date | Signature |

851-OWNER (Rev 08/03)    0000006489408204042401011

# Exhibit E

LOAN NO. 0064894082 - 5798

| Borrower's Name(s): | Lender: |
|---|---|
| William Yeaman | Ameriquest Mortgage Company<br>450 E. Devon Ave., # 100<br>Itasca, IL 60143 |
| Property Address: | Date: |
| 1016 South Mitchell<br>Arlington Heights, IL  60005 | December 15, 2003 |

## ADVANCE FEES

The following fees are being charged in connection with the processing of your loan application. Other fees not shown here may be payable later and are shown on the Good Faith Estimate of Closing Costs. Non-refundable fees are subject to applicable limitations of state or federal law.

| Name of Fee | Amount | Important Information |
|---|---|---|
| Application Fee | $_____ | The Application Fee will be applied toward the cost of processing the loan. The fee is non-refundable. |
| Appraisal/Property Valuation Fee Deposit | $    325.00 | The deposit will be applied toward the total cost of the appraisal/property valuation, which may exceed the amount of the deposit. The deposit is refundable only if the loan is denied or withdrawn prior to the Lender ordering the appraisal/property valuation. |
| Credit Report Deposit | $_____ | The deposit will be applied toward the total cost of the credit report, which may exceed the amount of the deposit. The deposit is refundable only if the loan is denied or withdrawn prior to the Lender ordering the credit report. |

## LENDER CONTACT

If you have any questions regarding your application, please contact:

Name:
Lender's Name: Ameriquest Mortgage Company
Lender's Address: 450 E. Devon Ave., # 100  Itasca, IL 60143
Telephone Number: (630)773-3002

I/We have read the above disclosure and acknowledge receiving a copy by signing below.

| Borrower   William Yeaman | Date | Borrower | Date |
|---|---|---|---|

| Borrower | Date | Borrower | Date |
|---|---|---|---|

7777777707070700076765242717444400777370
7613544421073331743445125400774243737740
122307566437377801522301617J1532247 1D01007
0000006484082040305070

800-UNIV (Rev. 4/99)

# Exhibit F

**EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.**
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603-3403
(312) 739-4200
(800) 644-4673
(312) 419-0379 (FAX)
Email: edcombs@aol.com
www.edcombs.com

July 12, 2006

**BY CERTIFIED MAIL**
Ameriquest Mortgage Company
c/o registered agent
National Registered Agents, Inc.
200 W. Adams
Chicago, IL 60606

AMC Mortgage Services, Inc.
c/o registered agent
National Registered Agents, Inc.
200 W. Adams
Chicago, IL 60606

Ameriquest Mortgage Securities, Inc.
1100 Town & Country Road, Suite 1100
Orange, CA 92868

Re: Notice of rescission, claim and lien, William Yeamen, 1016 S. Mitchell Ave., Arlington Heights, IL 60005, loan of December 22, 2003

Ladies/Gentlemen:

The above client hereby gives notice that he rescinds the above loan for noncompliance with the Truth in Lending Act.

Please be further advised that we have been retained by the above client to file suit against you and that we claim a lien upon said recovery for 1/3 or such amount as a court awards.

If you claim that the owner of the loan is other than Ameriquest Mortgage Company or Ameriquest Mortgage Securities, Inc., please identify the owner pursuant to 15 U.S.C. §1641(d).

# Exhibit G

I, Daniel A. Edelman, under penalty of perjury, as provided for by 28 U.S.C. §1746, certify that I had a copy of the foregoing document sent to the addressees on July 12, 2006.

_____
Daniel A. Edelman

# Uniform Residential Loan Application

0064894082

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower," as applicable. Co-Borrower information must also be provided ( and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  ☐ Conventional  ☐ Other: ☐ FHA  ☐ FmHA | Agency Case Number | Lender Case Number |
|---|---|---|---|
| Amount $295,000.00 | Interest Rate 6.699 % | No. of Months 360 | Amortization Type: ☒ Fixed Rate  ☐ Other (explain): ☐ GPM  ☐ ARM (type): |

## PROPERTY INFORMATION AND PURPOSE OF LOAN

Subject Property Address (street, city, state, ZIP)
1016 South Mitchell, Arlington Heights, IL 60005 — No. of Units

Legal Description of Subject Property (attach description if necessary) — Year Built 1980

Purpose of Loan: ☐ Purchase  ☐ Construction  ☐ Other (explain): ☒ Refinance  ☐ Construction-Permanent

Property will be: ☒ Primary Residence  ☐ Secondary Residence  ☐ Investment

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | | | | | |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made |
|---|---|---|---|---|
| 2002 | $330,000.00 | $ 330,000.00 | Refi-Cash Out | Cost: $ 0.00 |

Title will be held in what Name(s)
William Yeaman

Manner in which Title will be held

Estate will be held in: ☒ Fee Simple  ☐ Leasehold (show expiration date)

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)

## BORROWER INFORMATION / CO-BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name (include Jr. or Sr. if applicable) | William Yeaman | |
| Social Security Number | 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 | |
| Home Phone (incl. area code) | (847)721-0925 | |
| Age | 46 | |
| Yrs. School | | |

☒ Married  ☐ Unmarried (include single, divorced, widowed)  ☐ Separated — Dependents (not listed by Co-Borrower) no. 4  ages 10,17,19,20

Present Address (street, city, state, ZIP) ☒ Own ☐ Rent 2 No. Yrs.
1016 South Mitchell
Arlington Heights,IL 60005

If residing at present address for less than two years, complete the following:

Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs.
1016 SOU MITCHELL
ARLINGTON HEIGHTS IL 60005

Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs.

## EMPLOYMENT INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name & Address of Employer | YEAMAN PACKAGING ☒ Self Employed | ☐ Self Employed |
| Yrs. on this job | 4 | |
| Yrs. employed in this line of work/profession | 4 | |
| Position/Title/Type of Business | AUTOMATED PACK AND H | |
| Business Phone (incl. area code) | (847)758-0500 | |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer | ☐ Self Employed | Dates (from - to) | Name & Address of Employer | ☐ Self Employed | Dates (from - to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | | Position/Title/Type of Business | Business Phone (incl. area code) | |

| Name & Address of Employer | ☐ Self Employed | Dates (from - to) | Name & Address of Employer | ☐ Self Employed | Dates (from - to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | | Position/Title/Type of Business | Business Phone (incl. area code) | |

Borrower's Signature
X _____ Date

Co-Borrower's Signature
X _____ Date

Page 1 of 4

FNMA-21 (92101.07)

VMP MORTGAGE FORMS - (800)521-7291

Freddie Mac Form 65 10/92
Fannie Mae Form 1003 10/92

Borrower's cell _____   Borrower's pager _____
Co-Borrower's cell _____   Co-Borrower's pager _____

# Exhibit H

0064894082

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income | $ 16,235.63 | $ | $ 16,235.63 | Rent | $ 0.00 | |
| Overtime | | | | First Mortgage (P&I) | 1,900.00 | 1,903.38 |
| Bonuses | | | | Other Financing (P&I) | 0.00 | 0.00 |
| Commissions | | | | Hazard Insurance | 50.00 | 50.00 |
| Dividends/Interest | | | | Real Estate Taxes | 208.99 | 208.99 |
| Net Rental Income | 0.00 | | 0.00 | Mortgage Insurance | 0.00 | 0.00 |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | 0.00 | 0.00 |
| | 0.00 | | 0.00 | Other: | 0.00 | 0.00 |
| Total | $ 16,235.63 | $ | $ 16,235.63 | Total | $ 2,158.99 | $ 2,162.37 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

| B/C | Describe Other Income | Notes: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan. | Monthly Amount |
|---|---|---|---|
| | | | $ |
| | | | |
| | | | |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed [ ] Jointly [X] Not Jointly

| ASSETS Description | Cash or Market Value | LIABILITIES | Monthly Pmt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ 0.00 | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
| | | Name and address of Company | $ Pmt./Mos. | |
| List checking and savings accounts below | | AMEX | 825.70 | 16,514.00 |
| Name and address of Bank, S&L, or Credit Union | | P.O. BOX 7871 | 20 | |
| Vested 401k Retirement - Aggregated | | | | |
| | | FORT LAUDERDALE,FL 33329 | | |
| | | Acct. no. -027474510017519652 | | |
| Acct. no. | $ 20,000.00 | Name and address of Company | $ Pmt./Mos. | |
| Name and address of Bank, S&L, or Credit Union | | HB/RHODES | 150.00 | 5,030.00 |
| Checking/Savings - Aggregated | | PO BOX 15524 | 34 | |
| | | WILMINGTON,DE 19850 | | |
| | | Acct. no. 150100 | | |
| Acct. no. | $ 83,000.00 | Name and address of Company | $ Pmt./Mos. | |
| Name and address of Bank, S&L, or Credit Union | | HB/RHODES | [150.00] | 5,030.00 |
| | | 1405 FOULK ROAD | 34 | |
| | | WILMINGTON,DE 19808 | | |
| | | Acct. no. 513641-0100540028 | | |
| Acct. no. | $ | Name and address of Company | $ Pmt./Mos. | |
| Name and address of Bank, S&L, or Credit Union | | WASHINGTON MUTUAL FA | [1,900.00] | [228,420.00] |
| | | PO BOX 1093 | 121 | |
| | | NORTHRIDGE,CA 91328 | | |
| | | Acct. no. 1560059612473 | | |
| Acct. no. | $ | Name and address of Company | $ Pmt./Mos. | |
| Stocks & Bonds (Company name/number & description) /0 | $ 41,000.00 | HB/RHODES | [150.00] | 5,030.00 |
| | | 200 BENEFICIAL CTR | 34 | |
| | | PEAPACK,NJ 07977 | | |
| | | Acct. no. 7011150100 | | |
| Life Insurance net cash value | $ 0.00 | Name and address of Company | $ Pmt./Mos. | $ |
| Face amount: $0.00 | | | | |
| Subtotal Liquid Assets | $ 144,000.00 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 420,000.00 | | | |
| Vested interest in retirement fund | $ 0.00 | Acct. no. | | |
| Net worth of business(es) owned (attach financial statement) | $ 0.00 | Name and address of Company | $ Pmt./Mos. | $ |
| Automobiles owned (make and year) | | | | |
| | | | | |
| | | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | | | |
| | | Job Related Expense (child care, union dues, etc.) | $ | |
| | | | 0.00 | |
| | | Total Monthly Payments | 975.70 | |
| Total Assets a. | $ 144,000.00 | Net Worth (a minus b) ⟶ $ 112,396.00 | Total Liabilities b. | 31,604.00 |

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date | 0665-21 (92 10) 07 | Fannie Mae Form 1003 10/92 Freddie Mac Form 65 10/92 |
|---|---|---|---|---|---|
| X | | X | | | |

Page 2 of 4

0000006489408206058104 02

0064894082

## VI. SCHEDULE OF REAL ESTATE OWNED

Schedule of Real Estate Owned (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 1016 South Mitchell Arlington Heights, IL 60005 | H SFR | $ 420000 | $ 228420 | $ 0 | $ 1900 | $ 258 | 0 |
| | | | | | | | |
| Totals | $ | $ | 228420 | $ 0 | $ 1900 | $ 258 | $ 0 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |
| | | |

## VII. DETAILS OF TRANSACTION

| | | |
|---|---|---|
| a. | Purchase price | $ 0.00 |
| b. | Alterations, improvements, repairs | 0.00 |
| c. | Land (if acquired separately) | 0.00 |
| d. | Refinance (incl. debts to be paid off) | 0.00 |
| e. | Estimated prepaid items | 2,948.42 |
| f. | Estimated closing costs | 675.00 |
| g. | PMI, MIP, Funding Fee | 0.00 |
| h. | Discount (if Borrower will pay) | 3,687.50 |
| i. | Total costs (add items a through h) | 6,410.92 |
| j. | Subordinate financing | 0.00 |
| k. | Borrower's closing costs paid by Seller | 0.00 |
| l. | Other Credits (explain) | |
| | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| | | 0.00 |
| m. | Loan amount (exclude PMI, MIP, Funding Fee finance d) | 295,000.00 |
| n. | PMI, MIP, Funding Fee financed | 0.00 |
| o. | Loan amount (add m & n) | 295,000.00 |
| p. | Cash from/to Borrower (subtract j, k, l & o from i) | -288,589.08 |

## VIII. DECLARATIONS

If you answer "Yes" to any questions a through i, please use continuation sheet for explanation.

| | | Borrower | | Co-Borrower | |
|---|---|---|---|---|---|
| | | Yes | No | Yes | No |
| a. | Are there any outstanding judgments against you? | | X | | X |
| b. | Have you been declared bankrupt within the past 7 years? | | X | | X |
| c. | Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | X | | X |
| d. | Are you a party to a lawsuit? | | X | | X |
| e. | Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | X | | X |
| f. | Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | X | | X |
| g. | Are you obligated to pay alimony, child support, or separate maintenance? | | X | | X |
| | Is any part of the down payment borrowed? | | X | | X |
| h. | Are you a co-maker or endorser on a note? | | X | | X |
| i. | Are you a U.S. citizen? | X | | X | |
| j. | Are you a permanent resident alien? | | | | |
| k. | Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | X | | X | |
| l. | Have you had an ownership interest in a property in the last three years? | X | | P R | |
| | (1) What type of property did you own - - principal residence (PR), second home (SH), or investment property (IP)? | | | | |
| | (2) How did you hold title to the home - - solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | | | |

The undersigned specifically acknowledge(s) and agree(s) that: (1) the loan requested by this application will be secured by a first mortgage or deed of trust on the property described herein; (2) the property will not be used for any illegal or prohibited purpose or use; (3) all statements made in this application are made for the purpose of obtaining the loan indicated herein; (4) occupation of the property will be as indicated above; (5) verification or reverification of any information contained in the application may be made at any time by the Lender, its agents, successors and assigns, either directly or through a credit reporting agency, from any source named in this application, and the original copy of this application will be retained by the Lender, even if the loan is not approved; (6) the Lender, its agents, successors and assigns will rely on the information contained in the application and I/we have a continuing obligation to amend and/or supplement the information provided in this application if any of the material facts which I/we have represented herein should change prior to closing; (7) in the event my/our payments on the loan indicated in this application become delinquent, the Lender, its agents, successors and assigns, may, in addition to all their other rights and remedies, report my/our name(s) and account information to a credit reporting agency; (8) ownership of the loan may be transferred to successor or assign of the Lender without notice to me and/or the administration of the loan account may be transferred to an agent, successor or assign of the Lender with prior notice to me; (9) the Lender, its agents, successors and assigns make no representations or warranties, express or implied, to the Borrower(s) regarding the property, the condition of the property, or the value of the property.

Certification: I/We certify that the information provided in this application is true and correct as of the date set forth opposite my/our signature(s) on this application and acknowledge my/our understanding that any intentional or negligent misrepresentation(s) of the information contained in this application may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq. and liability for monetary damages to the Lender, its agents, successors and assigns, insurers and any other person who may suffer any loss due to reliance upon any misrepresentation which I/we have made on this application.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling, in order to monitor the Lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may neither discriminate on the basis of this information, nor on whether you choose to furnish it. However, if you choose not to furnish it, under Federal regulations this Lender is required to note race and sex on the basis of visual observation or surname. If you do not wish to furnish the above information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the Lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | I do not wish to furnish this information | CO-BORROWER | I do not wish to furnish this information |
|---|---|---|---|
| Race/National Origin: | American Indian or Alaskan Native | Asian or Pacific Islander | White, not of Hispanic origin | Race/National Origin: | American Indian or Alaskan Native | Asian or Pacific Islander | White, not of Hispanic origin |
| | Black, not of Hispanic origin | Hispanic | | | Black, not of Hispanic origin | Hispanic | |
| | Other (specify) Info. not Provided | | | | Other (specify) | | |
| Sex: | Female | Male | | Sex: | Female | Male | |

| To be Completed by Interviewer | Interviewer's Name (print or type) Kenneth Skwierczynski | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | Interviewer's Signature | |
| face-to-face interview | | 450 E. Devon Ave. # 100 |
| by mail | Date | Itasca, IL 60143 |
| X by telephone | Interviewer's Phone Number (incl. area code) (630) 773-300 | |

VMP-21 (9310).07

Page 3 of 4

Fannie Mae Form 1003 10/92 Freddie Mac Form 65 10/92

00000064894082000585810403

9064894082

## Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: Yeaman, William | Agency Case Number: |
|---|---|---|
| | Co-Borrower: | Lender Case Number: |

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |



DVP-21 (92101 07)      Page 4 of 4      Fannie Mae Form 1003 10/92
Freddie Mac Form 65 10/92

0000006483408206058l0404