**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br>*Sievers, et al. v. Ameriquest Mortgage Co., et al.,*<br>D. Conn. Case No. 3:05-01296 | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COMPLAINT**

## I.      INTRODUCTION

As demonstrated below, plaintiffs Jerome L. Sievers and Cheryl M.  Sievers (together, "Plaintiffs") lack standing to bring this action.  Specifically, Plaintiffs' claims in this action against defendants Ameriquest Mortgage Company ("AMQ") and Deutsche Bank National Trust Company ("Deutsche Bank") (together, "Defendants") accrued prior to their filing for Chapter 7 bankruptcy protection on May 4, 2005. Accordingly, Plaintiffs claims in this action are property of their bankruptcy estate, and only the trustee has standing to prosecute the claims. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "FRCP"), this Court therefore should dismiss Plaintiffs' Complaint without leave to amend.

## II.      FACTUAL BACKGROUND

On ***June 23, 2004***, Plaintiffs received a mortgage loan from AMQ. (Complaint, ¶ 16.) On February 28, 2005, after Plaintiffs were in arrears on the mortgage loan, AMQ commenced foreclosure proceedings against Plaintiffs in the Connecticut state court (the "State Court Action"). (Request for Judicial Notice ("RJN"), Ex. 1.)

1

On *May 4, 2005*, Plaintiffs filed an answer with special defenses in the State Court Action. (*Id.*, Ex. 2.) In their First Special Defense, Plaintiffs claimed that AMQ violated the federal Truth-in-Lending, Act, 15 U.S.C. Section 1601, *et seq.* ("TILA"), by failing to deliver copies of a "notice of right to rescind which clearly and conspicuously disclosed the date the rescission period expired." (*Id.*, ¶ 12.) In their Second and Third Special Defenses, Plaintiffs assert claims for violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes Section 42-110a, *et seq.* ("CUTPA"), and unjust enrichment, respectively, based on AMQ's supposed failure to disclose correct payoff figures, and its alleged misstatement of broker fees and points. (*Id.*, ¶¶ 18a, 23.)

On *May 4, 2005*, Plaintiffs also filed a petition seeking protection under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, *In re Jerome L. Sievers and Cheryl M. Sievers, Chapter 7*, Case No. 05-32276 (ASD) (the "Bankruptcy Petition"). (RJN, Ex. 3.) Plaintiffs, however, failed to list the claims asserted in the State Court Action as an asset of the estate in the Bankruptcy Petition. (*Id.*)

On *August 15, 2005*, Plaintiffs filed the instant action in the United States District Court for the District of Connecticut. Plaintiffs' claims in their Complaint in this action are nearly identical to the claims they raised as special defenses in the State Court Action. That is, in the First Count, Plaintiffs allege that Defendants violated TILA by "failing to deliver to the Plaintiffs] two copies of a notice of a right to rescind . . . which clearly and conspicuously disclosed the date the rescission period expired. (Complaint, ¶ 27.) In the Second and Third Counts, Plaintiffs assert claims for violation of the CUTPA and common law negligent misrepresentation, respectively, based on the allegations that Defendants "overstated" the post-closing cash-out payment to Plaintiffs, and "understated" the fees, points and pay-off amounts for Plaintiffs' existing mortgage. (*Id.*, ¶¶ 39, 44.)

III.  **ARGUMENT**

A.    **A Motion To Dismiss Under FRCP 12(b)(1) Is Proper Where A Plaintiff Lacks Standing To Sue.**

A federal court considers a plaintiff's standing under FRCP 12(b)(1) and may not grant relief when standing does not exist. *See American Fed. of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) ("Obviously, if a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate

disposition.").[1] "In ruling on a motion under FRCP 12(b)(1), a district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff ." *Capitol Leasing Co. v. Federal Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir.1993) (citation omitted). However, if a plaintiff's standing is challenged, the burden is on the plaintiff to go beyond its allegations and prove its standing. *See Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 856, 862 (7th Cir. 1996) ("If standing is challenged as a factual matter, the plaintiff must come forward with 'competent proof'—that is a showing by a preponderance of the evidence-that standing exists."). Under FRCP 12(b)(1), a court will consider all competent evidence when deciding whether it has jurisdiction. *See Roman v. United States Postal Serv.*, 821 F.2d 382, 385 (7th Cir. 1987) ("It is proper for the district court to look beyond the jurisdictional allegations in the complaint and to view whatever evidence has been submitted in determining whether subject matter jurisdiction exists.").

> **B.** **A Chapter 7 Debtor Lacks Standing To Prosecute Claims That Accrued Prior To The Filing Of The Bankruptcy Petition.**

When a debtor files for Chapter 7 bankruptcy protection, "virtually all property of the debtor at that time becomes property of the bankruptcy estate ." *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). Section 541 of the Bankruptcy Code creates a bankruptcy estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). What constitutes an "interest" of the debtor is interpreted extremely broadly as "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of [11 U.S.C. § 541(a)(1)]." *Yonikus* at 869. Among the vast range of potential property belonging to a debtor, Section 541(a)(1) "has uniformly been interpreted to include causes of action." *In re Polis*, 217 F.3d 899, 901 (7th Cir. 2001) (TILA claims held to be part of bankruptcy estate); *see In re Smith*, 640 F.2d 888, 890 (7th Cir. 1981) (same). To become property of the bankruptcy estate, causes of action need not have been filed in court prior to the bankruptcy petition, *id.* at 902, and "the point in time to look at is when the Plaintiff's cause of action accrued." *Gulley v. Winnebago County Forest Preserve Dist.*, No. 91 C 20231, 1992 WL 185938, at *2 (N.D. Ill. May 7, 1992).

---

[1] Standing may also be challenged by a motion to dismiss under FRCP 12(b)(6). *See*, *e.g.*, *Schmidling v. City of Chicago*, 1 F.3d 494 (7th Cir. 2003).

*In Chapter 7 bankruptcies, "only the trustee has standing to prosecute or defend a claim belonging to the estate."* Cable v. Ivy Tech State College, 200 F.3d 467, 472 (7th Cir.1999) (emphasis added). A plaintiff may regain standing to pursue a cause of action that vests in the estate only if the trustee abandons the cause of action. *See* 11 U.S.C. § 554(d).

        **C.**        **Plaintiffs Lack Standing To Bring This Action Because Their Claims Against Defendants Accrued Prior To The Filing Of The Bankruptcy Petition.**

All of Plaintiffs' claims in this action arise out of their loan closing, which occurred on June 23, 2004. (*See* Complaint, ¶¶ 16, 27, 39 44.) Thus, at the time Plaintiffs filed the Bankruptcy Petition on May 4, 2005, their claims against Defendants became part of their bankruptcy estate. *Polis*, 217 F.3d at 901; *Smith*, 640 F.2d at 890; *Gulley*, 1992 WL 185938, at *2. As such, **only** the trustee of their bankruptcy estate has standing to prosecute the claims asserted in this action. *Cable*, 200 F.3d at 472.

Further, the trustee has not abandoned these claims. Indeed, Plaintiffs cannot even advance such an argument because Plaintiffs did not even disclose the existence of their claims against Defendants on the schedule of assets that they submitted with the Bankruptcy Petition. (RJN, Ex. 3); *see Stein v. United Artists Corp.*, 691 F.2d 885, 891 (9th Cir. 1982) ("When the bankrupt fails to list an asset, he cannot claim abandonment because the trustee has had no opportunity to pursue the claim."). Accordingly, Plaintiffs' Complaint must be dismissed pursuant to FRCP 12(b)(1) because this Court lacks subject matter jurisdiction over this action.

///

///

///

4

**IV.     CONCLUSION**

For the foregoing reasons, AMQ respectfully requests that this Court grant the Motion in its entirety.

Respectfully submitted,

DATED: March 30, 2007                    By:/s/ Bernard E. LeSage

*Attorneys for defendants Ameriquest Mortgage Company and Deutsche Bank National Trust Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

5

## **CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 30th day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: /s/  Bernard E. LeSage

BN 1120482v1

6