**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: <br> *Childres v. Ameriquest Mortgage Company, et al.*, Case No. 06-12673 (E.D. Mich.) | |

## DEFENDANT AMC MORTGAGE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

By its November 7, 2006 Memorandum Opinion and Order [Docket No. 284], the Court brought much needed organization and management to this MDL Proceeding. Specifically, the Court identified three distinct types of cases: (1) borrower class actions, (2) non-borrower class actions under the Fair Credit Reporting Act ("FCRA"), and (3) individual, non-class suits. [*Id*. at 6.] It ordered that there be two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower FCRA claimants. [*Id*.] It also recognized that some individual plaintiffs would likely opt-out of the master class complaints for various reasons [*Id.* at 7] and ordered the creation of an Individual Claims Steering Committee to promote judicial economy and provide the individual plaintiffs with the benefits of coordinated efforts. The Steering Committee is to "help coordinate the individual plaintiffs into a cooperative entity that can then enjoy the economies of scale, including broader access to discovery and streamlined briefing." [*Id*. at 11.]

On December 6, 2006, plaintiffs filed two master class complaints on behalf of borrowers and non-borrowers. [Docket Nos. 323, 325.] These complaints purported to embrace every claim of every plaintiff in this MDL Proceeding. On January 19, 2007, Defendants filed motions

- 1 -

to dismiss these complaints or, in the alternative, for more definite statements.  [Docket Nos. 386, 391.]

In light of the Court's orders designed to streamline this MDL Proceeding, AMC Mortgage Services, Inc. ("Defendant") does not perceive that this Court anticipated (or desires) a deluge of redundant legal briefings between the master class complaints and the individual plaintiffs who elected to opt-out.  Rather than require the simultaneous briefing of the same legal issues in the individual matters and the master class complaints, Defendant does not intend to waive those applicable arguments raised in the motions to dismiss filed on January 19, 2007 and hereby incorporates such arguments by reference.  [Docket Nos. 386, 391.]  Defendant expressly reserves the right to move to have any relevant rulings made in connection with the master class complaints applied to the instant action.  This will facilitate judicial economy, ease the burden on the parties and advance the Court's stated goal of "streamlined briefing" by permitting the parties to litigate the sufficiency (or lack thereof) of the legal issues raised in this MDL Proceeding through the two master class complaints, as compared with more than 200 individual actions Co-Lead Counsel did not consolidate into the master class complaints.

Defendant reserves its right to file appropriate motions to the individual actions if the issues are not resolved by the motions to dismiss the master class complaints.

## ANSWER

Defendant AMC Mortgage Services, Inc. ("Defendant"), by and through its attorneys, answers Plaintiff Beverly Childres's ("Plaintiff") Complaint as follows.

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Beverly Childres brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and to recover damages under state law.

- 2 -

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, or Federal Reserve Board Regulation Z, 12 C.F.R. part 226.**

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue. Defendant denies any remaining allegations in Paragraph 2.**

## PARTIES

3.      Plaintiff Beverly Childres owns and resides in a home at 19003 Dale Street, Detroit, MI 48219.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, Fast Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Company is a corporation, that it is incorporated in a state other than Michigan, that it has maintained offices and does business in Michigan. Defendant does not object to service.**

5.      Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of "subprime." Defendant admits that Ameriquest Mortgage Company was in the business of originating loans secured by mortgages. Defendant denies the remaining allegations of Paragraph 5.**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant admits that, during the relevant time period of Plaintiff's loan, Ameriquest Mortgage Company originated more than 26 loans per year.**

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Because Paragraph 7 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant neither admits nor denies the allegations stated in Paragraph 8 because it lacks knowledge and information on which to base a responsive pleading.**

9. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that AMC Mortgage Services, Inc. is a corporation, that it is incorporated in a state other than Michigan and that it does business in Michigan. Defendant does not object to service.**

- 4 -

10.     Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:**     **Defendant objects to the term "affiliate" as vague.  Defendant admits that AMC Mortgage Services, Inc. services loans originated by Ameriquest Mortgage Company.  Defendant denies the remaining allegations in Paragraph 10.**

11.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan.  It holds legal title to loans originated by Ameriquest Mortgage Company.  It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:**     **Defendant admits that Ameriquest Mortgage Securities, Inc. is a corporation incorporated in a state other than Michigan and that Ameriquest Mortgage Securities, Inc. is located at 1100 Town & Country Road, Suite 1100, Orange California 92868.  Defendant objects to the term "affiliate" as vague. Defendant denies the remaining allegations in Paragraph 11.**

<u>FACTS RELATING TO PLAINTIFF</u>

12.     Prior to June 17, 2005, plaintiff applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:**     **Defendant admits that, on or about June 17, 2005, Plaintiff applied for a loan, to be secured by a mortgage, with Ameriquest Mortgage Company. Defendant denies any remaining allegations in Paragraph 12.**

13.     Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     The loan was closed on June 17, 2005.

**ANSWER:**     **Admit.**

BN 1181304v1

15.     Immediately prior to the closing, plaintiff was informed that the loan terms were being altered to her detriment, as set forth on Exhibit A.

**ANSWER:     Denied.**

16.     The following are documents relating to the loan:

      a.     A note, Exhibit B;
      b.     A mortgage, Exhibit C;
      c.     A settlement statement, Exhibit D;
      d.     A "summary of debts and disbursements," Exhibit E;
      e.     A Truth in Lending statement, Exhibit F;
      f.     The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit G.  Only one of the three copies delivered was completed.
      g.     A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit H.

**ANSWER:     The documents speak for themselves; therefore, no answer is required.  To the extent an answer is required, Defendant admits that Plaintiff entered into a loan agreement with Ameriquest Mortgage Company.  Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.**

17.     Plaintiff was charged a $3,348.75 "loan discount," Exhibit D, line 802.

**ANSWER:     Defendant objects to the term "loan discount" as vague.  Defendant denies the remaining allegations in Paragraph 17.**

18.     Ameriquest undertook and represented, in the document attached as Exhibit I and delivered to plaintiff at the closing, that the payment of a "loan discount" would reduce plaintiff's interest rate.

**ANSWER:     Denied.**

19.     Plaintiff did not receive a discounted rate, as shown by the document entitled "Borrower's Acknowledgment of Final Loan Terms," Exhibit A, delivered to her at closing.

**ANSWER:     Denied.**

20.     Plaintiff was later directed to make payments to AMC Mortgage Services, Inc.

- 6 -

**ANSWER:** **Defendant admits that the servicing of the loan was transferred to AMC Mortgage Services, Inc.**

21.     On information and belief Ameriquest Mortgage Securities, Inc. owns plaintiff's loan.

**ANSWER:** **Denied.**

22.     In the event Ameriquest Mortgage Securities, Inc. does not own plaintiff's loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis cannot admit or deny the status of the ownership of the loan at this time.**

## COUNT I - TRUTH IN LENDING ACT

23.     Plaintiff incorporates paragraphs 1-22.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-22 in answer to this paragraph.**

24.     This claim is against all defendants.

**ANSWER:** **No answer is required as to this paragraph.**

## RIGHT TO RESCIND

25.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) Consumer's right to rescind.
>
> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication.  Notice is considered given when mailed,

- 7 -

when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(1) of the Act. 115 U.S.C. §1635(f)l

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires... .

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

**ANSWER:** **Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations that the transaction was secured by Plaintiff's home and on that basis denies such allegation. Defendant denies that Paragraph 25 accurately cites 12 C.F.R. § 226.23. Defendant denies the allegations in Paragraph 25 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability**

- 8 -

**to Plaintiff and denies that Plaintiff may rescind her mortgage. Defendant denies the remaining allegations in Paragraph 25.**

## GROUNDS FOR RESCISSION

26.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiff's right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:     Denied.**

27.     Ameriquest did not deliver to plaintiff two completed notices of the right to cancel on the Federal Reserve Board form.

**ANSWER:     Denied.**

28.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.  The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:     Denied.**

29.     Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:     Denied.**

30.     Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:     Denied.**

31.     Notice of rescission has been given to defendants.  A copy is attached as Exhibit J.

**ANSWER:**     **Defendant denies that Plaintiff properly sought to rescind the loan against Defendant and denies that Plaintiff has any right to rescind the loan against Defendant.**

32.     The loan has not been rescinded.

**ANSWER:**     **Defendant denies that Plaintiff properly sought to rescind the loan and denies that Plaintiff has any right to rescind the loan. Defendant admits that the loan has not been rescinded. Defendant denies the remaining allegations of Paragraph 32.**

33.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     **Because Paragraph 33 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff and denies that Plaintiff may rescind her mortgage.**

34.     15 U.S.C. §1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:**     **Defendant admits that the allegations in Paragraph 34 contain the text of 15 U.S.C. § 1635(g). Defendant denies the allegations in Paragraph 34 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiff and denies that Plaintiff may rescind her mortgage. Defendant denies the remaining allegations of Paragraph 34.**

## COUNT II - BREACH OF CONTRACT

35.     Plaintiff incorporates paragraphs 1-22.

**ANSWER:**     **Defendant restates its answers to Paragraphs 1-22 in answer to this paragraph.**

36.     This claim is against Ameriquest only.

**ANSWER:**     **No answer is required as to this Paragraph.**

- 10 -

37.     Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiff paid a loan discount fee.

**ANSWER:     Denied.**

38.     Plaintiff paid the fee but did not receive a discounted rate.

**ANSWER:     Denied.**

39.     Ameriquest thereby breached its agreement.

**ANSWER:     Denied.**

## AFFIRMATIVE DEFENSES

1.     Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred by the applicable statute of limitations.

3.     Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiff's claims are barred by the applicable statute of frauds.

6.     Plaintiff's claims are barred in whole or in part because she failed to mitigate her damages.

7.     Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9.     Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other

- 11 -

parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff's claims based on any alleged oral modification or agreement are barred by the Parol Evidence Rule.

11. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

12. Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

13. As to each cause of action, Defendant is entitled to an offset.

14. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

15. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

16. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

17. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiff.

18. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

19. Plaintiff's claims are barred in whole or in part, because any alleged wrongful acts or omissions of Defendant were the result of the ultra vires acts of its employees.

20. Plaintiff's claims are barred in whole or in part, because Plaintiff misrepresented her credit, income or other information association with obtaining the loan.

21. Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

22.     Plaintiff's claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

23.     Plaintiff's claims under the Truth in Lending Act are barred against AMC Mortgage Services, Inc., as AMC is an alleged servicer of Plaintiff's loan and not a creditor or assignee.

24.     Plaintiff is not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.  Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.  Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant AMC Mortgage Services, Inc. requests that this Court enter judgment in its favor and against Plaintiff Beverly Childres, award AMC Mortgage Services, Inc. its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  March 30, 2007            By:  /s/ Bernard E. LeSage
                                       _____
                                       *Attorneys for AMC Mortgage Services, Inc.*

                                  Bernard E. LeSage, Esq.
                                  Sarah K. Andrus, Esq.
                                  BUCHALTER NEMER, a P.C.
                                  1000 Wilshire Boulevard, Suite 1500
                                  Los Angeles, CA 90017-2457
                                  Telephone: (213) 891-0700
                                  Facsimile: (213) 896-0400

- 13 -

BN 1181304v1

## **CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 30th day of March 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:  _____/s/  Bernard E. LeSage_____