**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br>*Szurley v. Ameriquest Mortgage Company*, Case No. 06-30175 (D. Mass.) | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

By its November 7, 2006 Memorandum Opinion and Order [Docket No. 284], the Court brought much needed organization and management to this MDL Proceeding. Specifically, the Court identified three distinct types of cases: (1) borrower class actions, (2) non-borrower class actions under the Fair Credit Reporting Act ("FCRA"), and (3) individual, non-class suits. [*Id.* at 6.] It ordered that there be two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower FCRA claimants. [*Id.*] It also recognized that some individual plaintiffs would likely opt-out of the master class complaints for various reasons [*Id.* at 7] and ordered the creation of an Individual Claims Steering Committee to promote judicial economy and provide the individual plaintiffs with the benefits of coordinated efforts. The Steering Committee is to "help coordinate the individual plaintiffs into a cooperative entity that can then enjoy the economies of scale, including broader access to discovery and streamlined briefing." [*Id.* at 11.]

On December 6, 2006, plaintiffs filed two master class complaints on behalf of borrowers and non-borrowers. [Docket Nos. 323, 325.] These complaints purported to embrace every claim of every plaintiff in this MDL Proceeding. On January 19, 2007, Defendants filed motions

- 1 -

to dismiss these complaints or, in the alternative, for more definite statements. [Docket Nos. 386, 391.]

In light of the Court's orders designed to streamline this MDL Proceeding, Ameriquest Mortgage Company ("Defendant") does not perceive that this Court anticipated (or desires) a deluge of redundant legal briefings between the master class complaints and the individual plaintiffs who elected to opt-out. Rather than require the simultaneous briefing of the same legal issues in the individual matters and the master class complaints, Defendant does not intend to waive those applicable arguments raised in the motions to dismiss filed on January 19, 2007 and hereby incorporates such arguments by reference. [Docket Nos. 386, 391.] Defendant expressly reserves the right to move to have any relevant rulings made in connection with the master class complaints applied to the instant action. This will facilitate judicial economy, ease the burden on the parties and advance the Court's stated goal of "streamlined briefing" by permitting the parties to litigate the sufficiency (or lack thereof) of the legal issues raised in this MDL Proceeding through the two master class complaints, as compared with more than 200 individual actions Co-Lead Counsel did not consolidate into the master class complaints.

Defendant reserves its right to file appropriate motions to the individual actions if the issues are not resolved by the motions to dismiss the master class complaints.

## ANSWER

Defendant Ameriquest Mortgage Company ("Defendant"), by and through its attorneys, answers Plaintiff Andrew Szurley's ("Plaintiff") Complaint as follows.

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and or it's [sic] Massachusetts counterparts,

Massachusetts Consumer Credit Cost Disclosure Act ("CCCDA"), Mass. G.L. ch. 140D §§ 1-34, and 209 C.M.R. part 32.

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant denies all remaining allegations in this paragraph. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and implemented Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and/or its Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act ("CCCDA"), Mass. G.L. ch. 140D §§ 1-34, and 209 C.M.R. part 32.**

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

**ANSWER:** **Defendant does not contest subject matter jurisdiction or personal jurisdiction. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies the remaining allegations in this paragraph.**

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

**ANSWER:** **Defendant admits that it has done business in this District.**

## PARTIES

4. Plaintiff Andrew Szurley resides at 192-194 Brown Street, Pittsfield, MA 01201.

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

**ANSWER:** **Defendant admits that it is a corporation and that it has previously done business in California.**

6. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:** **Defendant admits that, during the relevant time period of Plaintiff's loan, Defendant originated more than five loans per year.**

7. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:** **This paragraph states a legal conclusion. No answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

8. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the intended characterization of "subprime." Defendant admits that, at the time Plaintiff entered into his loan with Defendant, Defendant was in the business of originating loans secured by mortgages. Defendant denies the remaining allegations of this paragraph.**

## FACTS

9. On or about October 20, 2005 Plaintiff Szurley obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant admits that, on or about October 20, 2005, Plaintiff obtained a loan from Ameriquest. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies the remaining allegations in this paragraph.**

10. In connection with the transaction, Plaintiff Szurlcy received or signed the following documents:

    1. A note in the principal amount of $ 136,000;

        2.      A mortgage;
        3.      A Truth in Lending statement;
        4.      A notice of right to cancel, attached as Exhibits A,
        5.      A One Week Cancellation Period form; attached as Exhibit B; and
        6.      A HUD-I Settlement Statement.

**ANSWER:** **This paragraph requires no answer because the documents speak for themselves. To the extent an answer is required, Defendant admits that Plaintiff entered into a loan agreement with Defendant. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.**

    11.      On or about July 17, 2006 Plaintiff Szurley exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit C.

**ANSWER:** **This paragraph requires no answer because the document speaks for itself. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies the remaining allegations in this paragraph.**

    12.      On or about August 7, 2006 the Defendant refused to honor the Plaintiff's demand of rescission alleging that as of January 11, 2006 the Plaintiffs loan had been paid in full. Copy of the Defendant's response to the Plaintiff's demand is attached herein as Exhibit D.

**ANSWER:** **This paragraph requires no answer because the document speaks for itself. To the extent an answer is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies the remaining allegations in this paragraph.**

## COUNT I - TRUTH IN LENDING ACT

    13.      Plaintiff incorporates ¶¶ 1-12 as if fully set out herein.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-12.**

    14.      Because the refinance transaction referenced herein was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that

- 5 -

home, it was subject to the right to cancel provided by the MCCDA and or 15 U.S.C. §1635 and 12 C.F.R. §226.23 which provides that:

> (a) Consumer's right to rescind.
>
> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall he extended in accordance with section 125(f) of the Act. [15 U.S.C. § 1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (2) The consumer's right to rescind the transaction.
>
> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (4) The effects of rescission, as described in paragraph (d) of this section.
>
> (5) The date the rescission period expires.... (Emphasis added)

- 6 -

>    (f) Exempt transactions. The right to rescind does not apply to the following:
>
>    (1) A residential mortgage transaction [defined in 15 U.S.C. § 1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
>    (2) A credit plan in which a state agency is a creditor.

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations that the transaction was secured by Plaintiff's home and on this basis denies such allegation. Defendant denies that this paragraph accurately cites 12 C.F.R. § 226.23. Defendant denies the allegations in this paragraph insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiff and denies that Plaintiff may rescind his mortgage. Defendant denies the remaining allegations in this paragraph.**

16. The copies of the notice of right to cancel actually delivered to the Plaintiff referenced herein were materially confusing and therefore, defective in that they did not specify the expiration date of the rescission period in violation of the MCCDA and or 15 U.S.C. § 1635 and 12 C.F.R. §226.23.

**ANSWER:** **Denied.**

17. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give Plaintiff Szurley clear and conspicuous notice of his right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and or it's [sic] Massachusetts counterparts.

**ANSWER:** **Denied.**

18. In the alternative, Plaintiff Szurley alleges that any material disclosures deemed to be received by him were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see attached exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended

period is purely contractual without benefit of the TILA damages and protections of § 1635. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 and the corresponding provisions of the MCCDA.

**ANSWER:** **Denied.**

19. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission. Mass G.L. ch. 140D § 10(g) is identical except for citation.

**ANSWER:** **This paragraph states a legal conclusion. No answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

- 9 -

  7. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

  8. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

  9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

  10. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

  11. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

  12. Plaintiffs are not entitled to rescind their mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

  13. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiff, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

                                                             Respectfully submitted,

DATED: March 30, 2007                       By: /s/ Bernard E. LeSage
                                                           *Attorneys for Ameriquest Mortgage Company*

                                                             Bernard E. LeSage, Esq.
                                                            Sarah K. Andrus, Esq.
                                                            BUCHALTER NEMER, a P.C.
                                                            1000 Wilshire Boulevard, Suite 1500
                                                           Los Angeles, CA 90017-2457
                                                           Telephone: (213) 891-0700
                                                           Facsimile: (213) 896-0400

BN 1182858v1

- 11 -

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 30th day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Bernard E. LeSage