**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br>*Thompson v. Ameriquest Mortgage Co., et al.*, Case No. 06-1546 (N.D. Ill.) | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

By its November 7, 2006 Memorandum Opinion and Order [Docket No. 284], the Court brought much needed organization and management to this MDL Proceeding. Specifically, the Court identified three distinct types of cases: (1) borrower class actions, (2) non-borrower class actions under the Fair Credit Reporting Act ("FCRA"), and (3) individual, non-class suits. [*Id.* at 6.] It ordered that there be two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower FCRA claimants. [*Id.*] It also recognized that some individual plaintiffs would likely opt-out of the master class complaints for various reasons [*Id.* at 7] and ordered the creation of an Individual Claims Steering Committee to promote judicial economy and provide the individual plaintiffs with the benefits of coordinated efforts. The Steering Committee is to "help coordinate the individual plaintiffs into a cooperative entity that can then enjoy the economies of scale, including broader access to discovery and streamlined briefing." [*Id.* at 11.]

On December 6, 2006, plaintiffs filed two master class complaints on behalf of borrowers and non-borrowers. [Docket Nos. 323, 325.] These complaints purported to embrace every claim of every plaintiff in this MDL Proceeding. On January 19, 2007, Defendants filed motions to dismiss these complaints or, in the alternative, for more definite statements. [Docket Nos.

386, 391.]

In light of the Court's orders designed to streamline this MDL Proceeding, Ameriquest Mortgage Company ("Defendant") does not perceive that this Court anticipated (or desires) a deluge of redundant legal briefings between the master class complaints and the individual plaintiffs who elected to opt-out. Rather than require the simultaneous briefing of the same legal issues in the individual matters and the master class complaints, Defendant does not intend to waive those applicable arguments raised in the motions to dismiss filed on January 19, 2007 and hereby incorporates such arguments by reference. [Docket Nos. 386, 391.] Defendant expressly reserves the right to move to have any relevant rulings made in connection with the master class complaints applied to the instant action. This will facilitate judicial economy, ease the burden on the parties and advance the Court's stated goal of "streamlined briefing" by permitting the parties to litigate the sufficiency (or lack thereof) of the legal issues raised in this MDL Proceeding through the two master class complaints, as compared with more than 200 individual actions Co-Lead Counsel did not consolidate into the master class complaints.

Defendant reserves its right to file appropriate motions to the individual actions if the issues are not resolved by the motions to dismiss the master class complaints.

**ANSWER**

Defendant Ameriquest Mortgage Company ("Defendant"), by and through its attorneys, answers Plaintiffs Kenneth Thompson and Linda Thompson's ("Plaintiffs") Complaint as follows.

**INTRODUCTION**

1. Plaintiffs Kenneth Thompson and Linda Thompson bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the intended characterization of the term "subprime." Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 and implemented Federal Reserve Board Regulation Z, 12 C.F.R. part 226. Defendant denies all remaining allegations in this paragraph.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** Defendant does not contest subject matter jurisdiction or personal jurisdiction. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies the remaining allegations in this paragraph.

## PARTIES

3. Plaintiffs Kenneth Thompson and Linda Thompson are husband and wife and own and reside in a home at 2118 S. 7th. Avenue, Maywood, IL 60153.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Defendant admits that it is a corporation incorporated in a state other than Illinois. Defendant admits that it has previously maintained offices and done business in Illinois. Defendant does not object to service.

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the intended characterization of the term "subprime." Defendant admits that, at the time Plaintiffs entered into their loan with Defendant, it was in the business of originating loans secured by mortgages. Defendant denies the remaining allegations of this paragraph.**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant admits that, during the relevant time period of Plaintiffs' loan, Defendant originated more than 26 loans per year.**

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **This paragraph states a legal conclusion. No answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

8. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that it is a corporation incorporated in a state other than Illinois. Defendant admits that it has maintained offices and done business in Illinois. Defendant does not object to service.**

9. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant objects to the term "affiliate" as vague. Defendant admits that AMC Mortgage Services, Inc. services loans originated by Ameriquest Mortgage Company. Defendant denies the remaining allegations in this paragraph.**

10. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It holds legal

- 4 -

title to loans originated by Ameriquest Mortgage Company. It is: located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant objects to the term "affiliate" as vague. Defendant admits that Ameriquest Mortgage Securities, Inc. is a corporation incorporated in a state other than Illinois, and Ameriquest Mortgage Securities, Inc. is located at 1100 Town & Country Road, Suite 1100, Orange, California 92868. Defendant denies the remaining allegations in this paragraph.**

## FACTS RELATING TO PLAINTIFFS

11. Prior to March 24, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant admits that, on or about March 24, 2005, Plaintiffs applied for a loan, to be secured by a mortgage, with Ameriquest Mortgage Company. Defendant denies any remaining allegations in this paragraph.**

12. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

13. The loan was closed on March 24, 2005.

**ANSWER:** **Admit.**

14. Plaintiffs signed or received (not necessarily prior to consummation) the following documents relating to the loan:

    a. A note, Exhibit A.

    b. A mortgage, Exhibit B;

    c. Multiple settlement statements, Exhibit C.

    d. A Truth in Lending disclosure statement, Exhibit D.

    e. Two different notices of right to cancel, Exhibits E and F.

- 5 -

**ANSWER:** **This paragraph requires no answer because the documents speak for themselves. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Defendant. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

15. All copies of <u>Exhibit E</u> provided to plaintiffs were incomplete, as indicated.

**ANSWER:** **This paragraph requires no answer because the document speaks for itself. To the extent an answer is required, Defendant denies any liability to Plaintiffs.**

16. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant admits that the servicing of the loan was transferred to AMC Mortgage Services, Inc.**

17. On information and belief, Ameriquest Mortgage Securities, Inc. owns plaintiffs' loan.

**ANSWER:** **Denied.**

18. In the event Ameriquest Mortgage Securities, Inc. does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis cannot admit or deny the status of the ownership of the loan at this time.**

### RIGHT TO RESCIND

19. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 CT R §226.23. Section 226,23 provides:

    (a) Consumer's right to rescind.

        (1) In a credit transaction. in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction,

      except for transactions described in, paragraph (f) of this section.[fn]47

   (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

   (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

   (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

 (b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction. and shall clearly and conspicuously disclose the following:

   (1) The retention or acquisition of a security interest in the consumer's principal dwelling.

   (2) The consumer's right to rescind the transaction.

   (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

   (4) The effects of rescission, as described in paragraph (d) of this section.

   (5) The date the rescission period expires....

 (f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:

   (6) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the

>>consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
> (7) A credit plan in which a state agency is a creditor.

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations that the transaction was secured by Plaintiffs' home and on this basis denies such allegation. Defendant denies that this paragraph accurately cites 12 C.F.R. § 226.23. Defendant denies the allegations in this paragraph insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. Defendant denies the remaining allegations in this paragraph.**

<u>**GROUND FOR RESCISS10N**</u>

20. In connection with "the loan," Ameriquest Mortgage Company failed to provide the required disclosures of the Plaintiffs' right to .cancel within three days, for the reasons stated above, without limitation.

**ANSWER:** **Denied.**

21. The documents may not have been accurately dated.

**ANSWER:** **Denied.**

22. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Denied.**

23. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit G</u>.

**ANSWER:** **Defendant denies that Plaintiffs properly sought to rescind the loan and denies that Plaintiffs have any right to rescind the loan.**

24. The loan has not been rescinded.

**ANSWER:** **Defendant denies that Plaintiffs properly sought to rescind the loan and denies that Plaintiffs have any right to rescind the loan. Defendant admits that the loan has not been rescinded. Defendant denies the remaining allegations in this paragraph.**

25. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **This paragraph states a legal conclusion. No answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and dnies that Plaintiffs may rescind their mortgage.**

26. 15 U.S.C. § 1635(g) provides:

    Additional relief

    In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:** **This paragraph states a legal conclusion. No answer is required.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

11. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

12. Plaintiffs are not entitled to rescind their mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

13. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds

disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 30, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 30th day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Bernard E. LeSage

BN 1182944v1