**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Luedtke, et al. v. Ameriquest Mortgage Company, et al.*, Case No. 05-cv-04644 (N.D. Ill.) | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO COMPLAINT**

By its November 7, 2006 Memorandum Opinion and Order [Docket No. 284], the Court
brought much needed organization and management to this MDL Proceeding.  Specifically, the
Court identified three distinct types of cases: (1) borrower class actions, (2) non-borrower class
actions under the Fair Credit Reporting Act ("FCRA"), and (3) individual, non-class suits.  [*Id*. at
6.]  It ordered that there be two master class complaints, one on behalf of all borrowers, and one
on behalf of all non-borrower FCRA claimants.  [*Id*.]  It also recognized that some individual
plaintiffs would likely opt-out of the master class complaints for various reasons [*Id*. at 7] and
ordered the creation of an Individual Claims Steering Committee to promote judicial economy
and provide the individual plaintiffs with the benefits of coordinated efforts.  The Steering
Committee is to "help coordinate the individual plaintiffs into a cooperative entity that can then
enjoy the economies of scale, including broader access to discovery and streamlined briefing."
[*Id*. at 11.]

On December 6, 2006, plaintiffs filed two master class complaints on behalf of borrowers
and non-borrowers.  [Docket Nos. 323, 325.]  These complaints purported to embrace every
claim of every plaintiff in this MDL Proceeding.  On January 19, 2007, Defendants filed motions

- 1 -

to dismiss these complaints or, in the alternative, for more definite statements. [Docket Nos. 386, 391.]

In light of the Court's orders designed to streamline this MDL Proceeding, Defendant Ameriquest Mortgage Company ("Defendant") does not perceive that this Court anticipated (or desires) a deluge of redundant legal briefings between the master class complaints and the individual plaintiffs who elected to opt-out. Rather than require the simultaneous briefing of the same legal issues in the individual matters and the master class complaints, Defendant does not intend to waive those applicable arguments raised in the motions to dismiss filed on January 19, 2007 and hereby incorporates such arguments by reference. [Docket Nos. 386, 391.] Defendant expressly reserves the right to move to have any relevant rulings made in connection with the master class complaints applied to the instant action. This will facilitate judicial economy, ease the burden on the parties and advance the Court's stated goal of "streamlined briefing" by permitting the parties to litigate the sufficiency (or lack thereof) of the legal issues raised in this MDL Proceeding through the two master class complaints, as compared with more than 200 individual actions Co-Lead Counsel did not consolidate into the master class complaints.

Defendant reserves its right to file appropriate motions to the individual actions if the issues are not resolved by the motions to dismiss the master class complaints.

## ANSWER

Defendant Ameriquest Mortgage Company ("Defendant"), by and through its attorneys, answers Plaintiffs Roger and Christine Luedtke ("Plaintiffs") Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.     Plaintiffs Roger R. Luedtke and Christine J. Luedtke bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board

Regulation Z, 12 C.F.R. part 226. Plaintiffs also allege violations of the Illinois Consumer Fraud
Act, 815 ILCS 505/2.

**ANSWER:** **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant
objects to the term "subprime" as vague. Defendant is without knowledge or
information sufficient to form a belief as to the truth of the intended
characterization of the term "subprime." Defendant denies all remaining
allegations in Paragraph 1. Defendant specifically denies that it violated the
Truth in Lending Act, 15 U.S.C. § 1601, or Federal Reserve Board
Regulation Z, 12 C.F.R. part 226.**

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general
federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact
business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not contest subject matter jurisdiction or personal
jurisdiction. Defendant denies any remaining allegations in Paragraph 2.**

## PARTIES

3.      Plaintiffs Roger R. Luedtke and Christine J. Luedtke own and reside in a home at
5960 N. Newark, Chicago, IL 60631.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of Paragraph 3 and on that basis denies such
allegations.**

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which
maintains offices in and does business in Illinois. Its registered agent and office are National
Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that it is a corporation, that it is incorporated in a state
other than Illinois, that it has maintained offices and does business in Illinois.
Defendant does not object to service.**

5.      Defendant Ameriquest Mortgage Company is engaged in the business of
originating "subprime" mortgages.

- 3 -

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of "subprime." Defendant admits that it was in the business of originating loans secured by mortgages at the time Plaintiffs obtained their loans. Defendant denies the remaining allegations of Paragraph 5.**

6.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant admits that, during the relevant time period of Plaintiffs' loan, it originated more than 26 loans per year.**

7.      Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Because Paragraph 7 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

8.      Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that Defendant AMC Mortgage Services, Inc. is a corporation, that it is incorporated in a state other than Illinois and that it does business in Illinois. Defendant does not object to service. Defendant denies the remaining allegations of Paragraph 8.**

9.      Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant objects to the term "affiliate" as vague. Defendant admits that Defendant AMC Mortgage Services, Inc. services loans originated by Ameriquest Mortgage Company. Defendant denies the remaining allegations in Paragraph 9.**

10.     Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does

business in Illinois. It is engaged in the business of buying "subprime" mortgage loans on

Illinois properties.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of "subprime." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies such allegations.**

**FACTS RELATING TO PLAINTIFFS**

11.     Prior to August 12, 2004, plaintiffs applied for a mortgage with Ameriquest

Mortgage Company.

**ANSWER:** **Defendant admits that on or about August 12, 2004, Plaintiffs applied for a mortgage with Ameriquest Mortgage Company.**

12.     Plaintiffs needed and used the loan for personal, family or household purposes,

namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     Plaintiffs signed documents for the loan on or about August 12, 2004.

**ANSWER:** **Defendant objects to the term "documents for the loan" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of "documents for the loan" and as such, denies the allegations of Paragraph 13.**

14.     Plaintiffs signed or received the following documents relating to the loan:

        a.      A note, Exhibit A;

        b.      A mortgage, Exhibit B;

        c.      A Truth in Lending disclosure statement, Exhibit ;

        d.      Two different notices of right to cancel, Exhibits D and E.

**ANSWER:** **Because the documents speak for themselves, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that**

these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.

15. On information and belief, plaintiffs also signed a HUD-1 Settlement Statement.

**ANSWER:** **Because the documents speak for themselves, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that this document constitutes the entire loan file and that this document constitute the fully integrated loan agreement with Plaintiffs.**

16. None of the copies of Exhibit D was filled out.

**ANSWER:** **Because the document speaks for itself, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

17. Both before and at the closing on August 12, 2004, which occurred at Ameriquest's office at 8750 West Byrn Mawr, Chicago, Erin Poleynski, the Senior Account Executive for Ameriquest that plaintiffs dealt with at all times, led plaintiffs to believe that the amount of their monthly payment under the Ameriquest loan would be substantially lower than it turned out to be.

**ANSWER:** **Denied.**

18. Although plaintiffs signed closing documents on or about August 12, 2004, Ameriquest and/or its closing agent did not fund the loan or did not disburse the loan proceeds until December, 2004.

**ANSWER:** **Denied.**

19. Plaintiffs repeatedly inquired about the delay during the interim.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

BN 1117592v1

20.     Due to the delay, plaintiffs incurred adverse credit reporting and other damages associated with the creditors' accounts that Ameriquest and/or its agent was supposed to have promptly paid.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.     Plaintiffs were directed to make payments to Ameriquest and, still later, to AMC Mortgage Services, Inc.

**ANSWER:**     **Defendant admits that the servicing of the loan was transferred to AMC Mortgage Services, Inc.  Defendant denies all other allegations within Paragraph 21.**

22.     On information and belief, Deutsche Bank is the current owner of plaintiffs' loan.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     In the event Deutsche Bank does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

## RIGHT TO RESCIND

24.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

(a) Consumer's right to rescind.

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (1) of this section. [fn]47

- 7 -

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication.  Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(1) of the Act.  [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires....

(f) Exempt transactions.  The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

**ANSWER:**   **Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegation that the transaction was secured by Plaintiffs' home and on that basis denies such allegation.  Defendant denies that**

**Paragraph 24 accurately cites 12 C.F.R. § 226.23. Defendant denies the allegations in Paragraph 24 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. Defendant denies the remaining allegations in Paragraph 24.**

## COUNT I - TILA

25.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required financial disclosures and disclosures of the plaintiffs' right to cancel within three days.

**ANSWER:     Denied.**

26.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:     Denied.**

27.     The provision of incomplete notices of the right to cancel (Exhibit D) and the provision of inconsistent and confusing notices of right to cancel (Exhibits D and E) violate 15 U.S.C. §1635 and 12 C.F.R. §226.23.

**ANSWER:     Denied.**

28.     Notice of rescission has been given to defendants. A copy is attached as Exhibit F.

**ANSWER:     Defendant denies that Plaintiffs properly sought to rescind the loan against Defendant and denies that Plaintiffs have any right to rescind the loan against Defendant.**

29.     The loan has not been rescinded.

**ANSWER:     Defendant denies that Plaintiffs properly sought to rescind the loan against Defendant and denies that Plaintiffs have any right to rescind the loan against Defendant. Defendant admits that the loan has not been rescinded.**

30.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**    **Because Paragraph 30 states a conclusion of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

31.    15 U.S.C. § 1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:**    **Defendant admits that the allegations in Paragraph 31 contain the text of 15 U.S.C. § 1635(g).  Defendant denies the allegations in Paragraph 31 insofar as they purport to make any allegation of wrongdoing by Ameriquest under said statute.  Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.  Defendant denies the remaining allegations of Paragraph 31.**

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

32.    Plaintiffs incorporate ¶¶ 1-31 above.  This count is against Ameriquest only.

**ANSWER:**    **Defendant restates its answers to Paragraphs 1-31 in answer to this paragraph.**

33.    Defendant violated §2 of the Consumer Fraud Act, 815 ILCS 505/2, by misrepresenting to plaintiffs that their monthly payment would be lower than it turned out to be.

**ANSWER:**    **Denied.**

34.    Defendant engaged in such conduct in the course of trade and commerce.

**ANSWER:**    **Denied.**

35.    Defendant engaged in such conduct for the purpose of causing plaintiffs to take out a loan with it,

**ANSWER:**    **Denied.**

36.    Plaintiffs suffered damages as a result, in that, among other things, plaintiffs did not receive the monthly payment amount defendant represented they would receive.

**ANSWER:**     **Denied.**

### COUNT III - BREACH OF CONTRACT

    37.      Plaintiffs incorporate ¶¶ 1-36 above. This claim is against Ameriquest.

**ANSWER:**     **Defendant restates its answers to Paragraphs 1-36 in answer to this paragraph.**

    38.      As part of the loan agreement, Ameriquest undertook to promptly pay off plaintiffs' creditors with the loan proceeds and represented it would do so.

**ANSWER:**     **Denied.**

    39.      However, Ameriquest and/or its closing agent failed to do so and the loan was not funded until approximately three to four months later.

**ANSWER:**     **Denied.**

    40.      Ameriquest's and/or its closing agent's delay caused plaintiffs damages, as indicated above.

**ANSWER:**     **Denied.**

### AFFIRMATIVE DEFENSES

    1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

    2.      Plaintiffs' claims are barred by the applicable statute of limitations.

    3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

    4.      Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and

- 11 -

not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5.     Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7.     Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10.     Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11.     Plaintiffs are not entitled to rescind their mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made.

12.     If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other

- 12 -

rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

13.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant Ameriquest Mortgage Company requests that this Court enter judgment in its favor and against Plaintiffs Roger and Christine Luedtke, award Ameriquest Mortgage Company its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 30, 2007                By: /s/ Bernard E. LeSage
                                         *Attorneys for Ameriquest Mortgage*
                                         *Company*

                                     Bernard E. LeSage, Esq.
                                     Sarah K. Andrus, Esq.
                                     BUCHALTER NEMER, a P.C.
                                     1000 Wilshire Boulevard, Suite 1500
                                     Los Angeles, CA 90017-2457
                                     Telephone: (213) 891-0700
                                     Facsimile: (213) 896-0400

- 13 -

CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 30th day of March 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: _____/s/  Bernard E. LeSage_____