**IN THE UNITED STATES DISTRICT COURT**
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br>*Cole, et al. v. Ameriquest Mortgage Company, et al.*, Case No. 06-135 (N.D. Ind.) | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

By its November 7, 2006 Memorandum Opinion and Order [Docket No. 284], the Court brought much needed organization and management to this MDL Proceeding. Specifically, the Court identified three distinct types of cases: (1) borrower class actions, (2) non-borrower class actions under the Fair Credit Reporting Act ("FCRA"), and (3) individual, non-class suits. [*Id*. at 6.] It ordered that there be two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower FCRA claimants. [*Id*.] It also recognized that some individual plaintiffs would likely opt-out of the master class complaints for various reasons [*Id*. at 7] and ordered the creation of an Individual Claims Steering Committee to promote judicial economy and provide the individual plaintiffs with the benefits of coordinated efforts. The Steering Committee is to "help coordinate the individual plaintiffs into a cooperative entity that can then enjoy the economies of scale, including broader access to discovery and streamlined briefing." [*Id*. at 11.]

On December 6, 2006, plaintiffs filed two master class complaints on behalf of borrowers and non-borrowers. [Docket Nos. 323, 325.] These complaints purported to embrace every claim of every plaintiff in this MDL Proceeding. On January 19, 2007, Defendants filed motions



BN 1123673v1

to dismiss these complaints or, in the alternative, for more definite statements. [Docket Nos. 386, 391.]

In light of the Court's orders designed to streamline this MDL Proceeding, Ameriquest Mortgage Company ("Defendant") does not perceive that this Court anticipated (or desires) a deluge of redundant legal briefings between the master class complaints and the individual plaintiffs who elected to opt-out. Rather than require the simultaneous briefing of the same legal issues in the individual matters and the master class complaints, Defendant does not intend to waive those applicable arguments raised in the motions to dismiss filed on January 19, 2007 and hereby incorporates such arguments by reference. [Docket Nos. 386, 391.] Defendant expressly reserves the right to move to have any relevant rulings made in connection with the master class complaints applied to the instant action. This will facilitate judicial economy, ease the burden on the parties and advance the Court's stated goal of "streamlined briefing" by permitting the parties to litigate the sufficiency (or lack thereof) of the legal issues raised in this MDL Proceeding through the two master class complaints, as compared with more than 200 individual actions Co-Lead Counsel did not consolidate into the master class complaints.

Defendant reserves its right to file appropriate motions to the individual actions if the issues are not resolved by the motions to dismiss the master class complaints.

ANSWER

Defendant Ameriquest Mortgage Company ("Defendant"), by and through its attorneys, answers Plaintiffs Robert Cole and Brenda Cole's ("Plaintiffs") Complaint as follows.

**COMPLAINT**

**INTRODUCTION**

1. Plaintiffs bring this action against Ameriquest Mortgage Company and an affiliate and assignee to secure redress for predatory practices in making residential mortgage loans. Plaintiffs allege violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA").

**ANSWER:** **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, or the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.**

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), and 1337 (interstate commerce), and 15 U.S.C. § § 1640 (TILA) and 1691e (ECOA).

**ANSWER:** **Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue. Defendant denies any remaining allegations in Paragraph 2.**

3. Each defendant does business in the District and is deemed to reside here.

**ANSWER:** **Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue. Defendant denies any remaining allegations in Paragraph 3.**

## PARTIES

4. Plaintiffs Robert Cole and Brenda Cole are husband and wife and reside in a home which they own at 4324 E. 5th Place, Gary, IN 46403

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5. Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation with its principal offices in California. It maintains offices in and does business in Indiana. Its registered agent and office are National Registered Agents, Inc., 320 Meridian St., Indianapolis, IN 46204, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that it is a corporation, that it is incorporated in a state other than Indiana, that it has maintained offices and does business in Indiana. Defendant does not object to service.**

6. Defendant Ameriquest is engaged in the business of originating "subprime" mortgages.

**ANSWER: Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of "subprime." Defendant admits that it was in the business of originating loans secured by mortgages. Defendant denies the remaining allegations of Paragraph 6.**

7. Defendant Ameriquest makes more than 26 loans per year. It is a "creditor" as defined in TILA.

**ANSWER: Defendant admits that, during the relevant time period of Plaintiffs' loan, it originated more than 26 loans per year. Because the remaining allegations of Paragraph 7 state a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER: Defendant neither admits nor denies the allegations stated in Paragraph 8 because it lacks knowledge and information on which to base a responsive pleading.**

9. Defendant AMC Mortgage Services, Inc. ("AMC") is a Delaware corporation with its principal place of business in California. It does business in Indiana. Its registered agent and office are National Registered Agents, Inc., 320 Meridian St., Indianapolis, IN 46204, or 200 W. Adams, Chicago, IL 60606.

**ANSWER: Defendant admits that AMC Mortgage Services, Inc. is a corporation, that it is incorporated in a state other than Indiana and that it does business in Indiana. Defendant does not object to service.**

10. Defendant AMC services loans originated by Ameriquest. Borrowers such as plaintiffs are directed to make payments to AMC, which claims the right to payments under plaintiffs' loan.

**ANSWER: Defendant admits that AMC Mortgage Services, Inc. services loans originated by Ameriquest Mortgage Company. Defendant denies the remaining allegations in Paragraph 10.**

11. Defendant GMAC Mortgage Corporation is a corporation with offices at 6716 Grade Lane, Building 9, Suite 910, Louisville, KY 40213. Plaintiffs are making payments to GMAC on the loan in question. GMAC claims the right to payments under plaintiffs' loan. On information and belief, GMAC owns plaintiffs' loan.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and on that basis denies such allegations.**

12. Defendants John Does 1-10 are any other persons that own or claim interests in the mortgage loan of plaintiffs.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis cannot admit or deny the status of the ownership of the loan at this time.**

**FACTS RELATING TO PLAINTIFFS**

13. Prior to July 12, 2005, Robert Cole and Brenda Cole were solicited for a refinance mortgage loan by Ameriquest.

**ANSWER: Defendant admits that, on or about July 12, 2005, Plaintiffs applied for a loan, to be secured by a mortgage, with Ameriquest Mortgage Company. Defendant denies any remaining allegations in Paragraph 13.**

14. During the initial communications with plaintiffs, Ameriquest obtained comprehensive financial information from or concerning plaintiffs, including information about their income, employment, property value, current mortgage loan, debts, and credit -- information that was sufficient to underwrite a loan.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

15. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debts incurred for such purposes.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

16. On or about July 12, 2005, Ameriquest closed the loan.

**ANSWER: Admit.**

17. Immediately prior to the closing, the terms of the loan were changed to the detriment of plaintiffs. The annual percentage rate was increased from 6.553% to 6.628%. These changed terms were reflected on Exhibit A.

**ANSWER: The document speaks for itself; therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs annual interest rate was 6.628%, but denies all remaining allegations of the paragraph.**

18. Plaintiffs were charged a "loan discount" fee of $970.63 (1.325% of the principal amount of the loan), but received no discount. See Exhibit B.

**ANSWER: Defendant objects to the term "loan discount" as vague. Defendant denies the remaining allegations in Paragraph 18.**

19. Other fees charged included a $70 tax related fee, a $16 flood search fee, a $626 processing fee, a $239 warehouse fee, and a $360 "application fee" (deducted from the loan proceeds). See Exhibit B.

**ANSWER: Admit.**

20. Plaintiffs were directed to make payments to AMC and then to GMAC.

**ANSWER: Defendant admits that the servicing of the loan was transferred to AMC Mortgage Services, Inc. As for the remaining allegations of the paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT I - TILA

21. Plaintiffs incorporate paragraphs 1-20.

**ANSWER: Defendant restates its answers to Paragraphs 1-20 in answer to this paragraph.**

22. Under TILA, where a transaction is secured by the borrower's home, and was not entered into for purposes of the initial acquisition or construction of that home, it is subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) Consumer's right to rescind.
>
> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47 (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires....

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

**ANSWER: Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations that the transaction was secured by Plaintiffs' home and on that basis denies such allegation. Defendant denies that Paragraph 22 accurately cites 12 C.F.R. § 226.23. Defendant denies the allegations in Paragraph 22 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. Defendant denies the remaining allegations in Paragraph 22.**

23. Plaintiffs received two, different and inconsistent notices of right to cancel, the three-day notice required by TILA (Exhibit C and a "one week" notice created and used only by Ameriquest (Exhibit D).

**ANSWER: Denied.**

24. The "one week" notice detracts from and obfuscates the required notice in that it suggests that the consumer has one week to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER: Denied.**

25. Furthermore, it is misnamed, because it only gives six days to cancel, not a week. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER: Denied.**

26. The provision of inconsistent and confusing notices of right to cancel violates 15 U.S.C. §1635 and 12 C.F.R. §226.23.

**ANSWER: Denied.**

27. The note and mortgage at issue are attached as Exhibits E and F.

**ANSWER: The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

28. Notice of rescission has been given, Exhibit G.

**ANSWER: Defendant denies that Plaintiffs properly sought to rescind the loan against Ameriquest and denies that Plaintiffs have any right to rescind the loan against Ameriquest.**

## COUNT II - ECOA

29. Plaintiffs incorporate paragraphs 1-20.

**ANSWER: Defendant restates its answers to Paragraphs 1-20 in answer to this paragraph.**

30. This claim is against Ameriquest.

**ANSWER: No answer is required.**

31. Plaintiffs were applicants within the meaning of 15 U.S.C. §1691a(b).

**ANSWER: Because Paragraph 31 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

32. Ameriquest violated 15 U.S.C. §1691(d) by refusing to grant credit to plaintiffs on the terms requested and/or promised and failing to provide plaintiffs with written notices of adverse action, within 30 days of application, stating the specific reasons for such action.

**ANSWER: Denied.**

33. As a result of Ameriquest's conduct, plaintiffs have suffered actual damages, and are entitled to recover such actual damages as well as punitive damages, equitable and declaratory relief, costs and attorney fees.

**ANSWER: Denied.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged in any manner whatsoever, such damage, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

6. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

7. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10. Plaintiffs' claims are barred in whole or in part, because Defendant sought the advice of counsel in good faith.

11. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

12. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

13. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

///

///

///

///

WHEREFORE, Defendant Ameriquest Mortgage Company requests that this Court enter judgment in its favor and against Plaintiffs Robert Cole and Brenda Cole, award Ameriquest Mortgage Company its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 30, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 30th day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage