IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br>*Mayfield v. Town & Country Credit Corporation*, Case No. 05-cv-06158 (N.D. Ill.) | |

## DEFENDANT TOWN & COUNTRY CREDIT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

By its November 7, 2006 Memorandum Opinion and Order [Docket No. 284], the Court brought much needed organization and management to this MDL Proceeding. Specifically, the Court identified three distinct types of cases: (1) borrower class actions, (2) non-borrower class actions under the Fair Credit Reporting Act ("FCRA"), and (3) individual, non-class suits. [Id. at 6.] It ordered that there be two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower FCRA claimants. [Id.] It also recognized that some individual plaintiffs would likely opt-out of the master class complaints for various reasons [Id. at 7] and ordered the creation of an Individual Claims Steering Committee to promote judicial economy and provide the individual plaintiffs with the benefits of coordinated efforts. The Steering Committee is to "help coordinate the individual plaintiffs into a cooperative entity that can then enjoy the economies of scale, including broader access to discovery and streamlined briefing." [Id. at 11.]

On December 6, 2006, plaintiffs filed two master class complaints on behalf of borrowers and non-borrowers. [Docket Nos. 323, 325.] These complaints purported to embrace every claim of every plaintiff in this MDL Proceeding. On January 19, 2007, Defendants filed motions

- 1 -

to dismiss these complaints or, in the alternative, for more definite statements. [Docket Nos. 386, 391.]

In light of the Court's orders designed to streamline this MDL Proceeding, Defendant Town & Country Credit Corporation ("Defendant") does not perceive that this Court anticipated (or desires) a deluge of redundant legal briefings between the master class complaints and the individual plaintiffs who elected to opt-out. Rather than require the simultaneous briefing of the same legal issues in the individual matters and the master class complaints, Defendant does not intend to waive those applicable arguments raised in the motions to dismiss filed on January 19, 2007 and hereby incorporates such arguments by reference. [Docket Nos. 386, 391.] Defendant expressly reserves the right to move to have any relevant rulings made in connection with the master class complaints applied to the instant action. This will facilitate judicial economy, ease the burden on the parties and advance the Court's stated goal of "streamlined briefing" by permitting the parties to litigate the sufficiency (or lack thereof) of the legal issues raised in this MDL Proceeding through the two master class complaints, as compared with more than 200 individual actions Co-Lead Counsel did not consolidate into the master class complaints.

Defendant reserves its right to file appropriate motions to the individual actions if the issues are not resolved by the motions to dismiss the master class complaints.

## ANSWER

Defendant Town & Country Credit Corporation ("Defendant"), by and through its attorneys, answers Plaintiff Rose Mayfield ("Plaintiff") Complaint as follows.

## INTRODUCTION

1. Plaintiff Rose Mayfield brings this action to secure redress for a course of conduct that included the accessing of a consumer report on plaintiff without plaintiff's consent or any lawful reason, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Fair Credit Reporting Act, 15 U.S.C. § 1681,** *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1681 p ("FCRA").

**ANSWER:** **Defendant does not contest subject matter jurisdiction and personal jurisdiction. Defendant denies any remaining allegations in Paragraph 2.**

3. Venue in this District is proper in that defendant does business in this District and in that the mailing that gave rise to the violations of law complained of was directed to and received by plaintiff in this District.

**ANSWER:** **Defendant does not contest venue. Defendant denies any remaining allegations in Paragraph 3.**

## PARTIES

4. Plaintiff Rose Mayfield is an individual who resides in the Northern District of Illinois.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5. Defendant Town & Country Credit Corporation is a corporation with offices at 505 City Parkway West, Suite 700, Orange, CA 92868. It does business in Illinois and has offices at 10275 W. Higgins Road, Suite 220, Rosemont, IL 60018. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that at all relevant times, it maintained offices at 505 City Parkway West, Suite 700, Orange, California 92868 and that it, at all relevant times, conducted business in Illinois. Defendant does not object to service. Defendant denies any remaining allegations in Paragraph 5.**

## FACTS

6. During the fall of 2004, plaintiff Rose Mayfield received the documents attached as Exhibit A via the United States mail.

- 3 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7. Exhibit A states: "Information contained in a prequalifying report received from a credit reporting agency was used by us in connection with this offer of credit."

**ANSWER:** **Because the documents speak for themselves, no answer is required.**

8. On information and belief, the quoted statement is true.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9. On information and belief, defendant engaged in or arranged for the "prescreening" of consumers based on information in consumer reports held by a consumer reporting agency.

**ANSWER:** **Defendant objects to the term "'prescreening'" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "prescreening." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. Based on the results of such "prescreening," defendant sent or caused to be sent mailers in the form represented by Exhibit A to numerous consumers, including plaintiff.

**ANSWER:** **Defendant objects to the term "'prescreening'" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "prescreening." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. Exhibit A is an example of a printed form document.

**ANSWER:** **Defendant objects to the term "form document" as being vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "form document" and on that basis denies such allegations.**

- 5 -

    12.    Exhibit A contains the trademarks and commercial symbols of Town & Country Credit Corporation.

**ANSWER:** **Because the documents speak for themselves, no answer is required.**

    13.    On information and belief, defendant Town & Country Credit Corporation approved and authorized the dissemination of material in the form represented by Exhibit A.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

    14.    The response telephone numbers, Internet address and mailing address on Exhibit A are used by defendant Town & Country Credit Corporation.

**ANSWER:** **Defendant admits that at the time the Exhibit A was created, Defendant used the telephone numbers, internet address and mailing address listed on Exhibit A.**

    15.    On information and belief, defendant Town & Country Credit Corporation obtained business as a result of the dissemination of mailers in the form represented by Exhibit A.

**ANSWER:** **Defendant objects to the term "obtained business" as being vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "obtained business" and on that basis denies such allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and on that basis denies such allegations.**

    16.    On information and belief, more than 200 mailers in the form represented by Exhibit A were sent to residents of Illinois.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

BN 1117624v1

17. On information and belief, defendant's "prescreening" was intended to identify' persons who have poor credit or have recently obtained bankruptcy discharges, for the purpose of targeting them for subprime credit.

**ANSWER: Defendant objects to the term "prescreening" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "presceening." Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18. Plaintiff Rose Mayfield had not authorized defendant to access or use plaintiffs consumer report.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19. Defendant had no reason to believe that plaintiff Rose Mayfield had authorized defendant or its agents to access plaintiff's consumer report or use information therein.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20. Plaintiff Rose Mayfield did not initiate any transaction with defendant.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21. The FCRA, 15 U.S.C. § 1681 a(d), defines "consumer report" as follows:

> The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for- (A) credit or insurance to be used primarily for personal, family, or household

purposes; ...

**ANSWER:     Defendant admits that Plaintiff has accurately quoted the language of 15 U.S.C. § 1681 a(d). Defendant, however, denies it has violated FCRA.**

22.    The FCRA, 15 U.S.C. §1681a(f), defines "consumer reporting agency" as:

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

**ANSWER:     Defendant admits that Plaintiff has accurately quoted the language of 15 U.S.C. § 1681 a(f). Defendant, however, denies it has violated FCRA.**

23.    The FCRA, 15 U.S.C. § 168l b, provides it is permissible to obtain or use a consumer report on a consumer only with the written consent of the consumer or for certain "permissible purposes," such as the extension of credit to, or review or collection of an account of the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer, or to make a "firm offer of credit."

**ANSWER:     Paragraph 23 states a legal conclusion, which Defendant is not required to admit or deny.**

24.    The requester must certify to the consumer reporting agency that a permissible purpose exists.

**ANSWER:     Paragraph 24 states a legal conclusion, which Defendant is not required to admit or deny.**

25.    As noted, one "permissible purpose" is to extend a firm offer of credit or insurance to the consumer, even where this has not been requested by the consumer.

**ANSWER:     Paragraph 25 states a legal conclusion, which Defendant is not required to admit or deny.**

BN 1117624v1

26. The sending of the material in Exhibit A does not constitute a permissible reason for anyone to access plaintiff's consumer report without plaintiffs consent.

**ANSWER:** **Paragraph 26 states a legal conclusion, which Defendant is not required to admit or deny.**

27. The sending of Exhibit A does not qualify as a "firm offer of credit" within the meaning of the FCRA, justifying the obtention of a consumer report on a consumer, and violates the disclosure requirements of the FCRA, in that:

>  a. The purported offer is vague and totally lacking in terms. It has no value beyond a solicitation for loan business, the sending of which is not a permissible purpose for accessing a consumer report. Cole v. U. S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004).
>
>  b. 15 U.S.C. § 1681 m(d) requires that a "firm offer" must contain certain disclosures in a "clear and conspicuous" manner - essentially, that the consumer has a right to prevent further invasions of privacy of like nature, and how to exercise such right.

> Section 1681 m(d) provides:
>
> (d) Duties of users making written credit or insurance solicitations on the basis of information contained in consumer files
>
> (1) In general.- Any person who uses a consumer report on any consumer in connection with any credit or insurance transaction that is not initiated by the consumer, that is provided to that person under section 1681b(c)(1)(B) of this title, shall provide with each written solicitation made to the consumer regarding the transaction a clear conspicuous statement that
>
> (A) information contained in the consumer's consumer report was used in connection with the transaction;
>
> (B) the consumer received the offer of credit or insurance because the consumer satisfied the criteria for credit worthiness or insurability under which the consumer was elected for the officer;
>
> (C) if applicable, the credit or insurance may not be extended if, after the consumer responds to the offer, the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria bearing on credit worthiness or insurability or

- 8 -

        does not furnish any required collateral;

        (D) the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency from being used in connection with any credit or insurance transaction that is not initiated by the consumer; and

        (E) the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section 1681b(e) of this title.

        (2) Disclosure of address and telephone number. A statement under paragraph (1) shall include the address and toll-free telephone number of the appropriate notification system established under section 1681b(e) of this title.

        (3) Maintaining criteria on file.-A person who makes an offer to credit or insurance to a consumer under a credit or insurance transaction described in paragraph (I) shall maintain on file the criteria used to select the consumer to receive the offer, all criteria bearing on credit worthiness or insurability , as applicable, that are the basis for determining whether or not to extend credit or insurance pursuant to the offer, and any requirement for the furnishing of collateral as a condition of the extension of credit or insurance, until the expiration of the 3-year period beginning on the date which the offer is made to the consumer....

    c.    The required statements are not clear and conspicuous as required. They are on fine print on the back with no reference on the front.

**ANSWER:**    **Paragraph 27 states a legal conclusion, which Defendant is not required to admit or deny.**

## VIOLATION ALLEGED

28.    Defendant obtained or used, or caused to be obtained or used, the consumer report of plaintiff Rose Mayfield and every other person to whom Exhibit A was sent without their written permission or a "permissible purpose."

**ANSWER:**    **Paragraph 28 states a legal conclusion, which Defendant is not required to admit or deny.**

29.    The FCRA, 15 U.S.C. §1681n, provides:

    §1681 n. Civil liability for willful noncompliance

    (a) In general. Any person who willfully fails to comply with any requirement imposed under this title 115 U.S.C. §§1681 et seq.]

- 9 -

with respect to an consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than S 100 and not more than S 1,000; or (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court... .

**ANSWER**: **Defendant denies that Plaintiff has accurately quoted the language of 15 U.S.C. § 1681n. Defendant further denies it has violated FCRA.**

30. The FCRA, 15 U.S.C. §1681p, provides:

§1681p. Jurisdiction of courts; limitation of actions An action to enforce any liability created under this title [15 U.S.C. §§1681 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15 U.S.C. §§1681 et seq.] to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title 115 U.S.C. §§1681 et seq.], the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

**ANSWER**: **Defendant denies that Plaintiff has accurately quoted the language of 15 U.S.C. § 1681p. Defendant further denies it has violated FCRA.**

## CLASS ALLEGATIONS

31. This claim is brought on behalf of a class, consisting of (a) all persons with Illinois addresses (b) to whom defendant sent or caused to be sent material in the form represented by Exhibit A (c) on or after a date two years prior to the filing of this action and (d) before December 1, 2004.

**ANSWER**: **Defendant denies that Plaintiff has filed a lawsuit against it on behalf of a class. On February 5, 2007, Plaintiff moved to drop all class allegations from her complaint and the Court granted that motion.** *See* **Docket Entry No. 428. Defendant denies all remaining allegations in this paragraph.**

- 10 -

32. According to Exhibit A, the consumer report of each such individual was accessed.

**ANSWER:** **Because the documents speak for themselves, no answer is required. Further, this paragraph is irrelevant since Plaintiff moved to drop all class allegations from her complaint and the Court granted that motion.** *See* **Docket Entry No. 428.**

33. The class is so numerous that joinder of all members is impracticable.

**ANSWER:** **Paragraph 33 states a legal conclusion, which Defendant is not required to admit or deny. Further, this paragraph is irrelevant since Plaintiff moved to drop all class allegations from her complaint and the Court granted that motion.** *See* **Docket Entry No. 428.**

34. Exhibit A is a form document.

**ANSWER:** **Defendant objects to the term "form document" as being vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "form document." Defendant denies all remaining allegations in Paragraph 34. Further, this paragraph is irrelevant since Plaintiff moved to drop all class allegations from her complaint and the Court granted that motion.** *See* **Docket Entry No. 428.**

35. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether obtaining a consumer report for the purpose of transmission of the material in Exhibit A violates the FCRA.

**ANSWER:** **Paragraph 35 states a legal conclusion, which Defendant is not required to admit or deny. Further, this paragraph is irrelevant since Plaintiff moved to drop all class allegations from her complaint and the Court granted that motion.** *See* **Docket Entry No. 428.**

36. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

**ANSWER:** **Paragraph 36 states a legal conclusion, which Defendant is not required to admit or deny. Further, this paragraph is irrelevant since Plaintiff moved to drop all class allegations from her complaint and the Court granted that motion.** *See* **Docket Entry No. 428.**

37. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of similar claims.

**ANSWER:** **Paragraph 37 states a legal conclusion, which Defendant is not required to admit or deny. As to all remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and on that basis denies such allegations. Further, this paragraph is irrelevant since Plaintiff moved to drop all class allegations from her complaint and the Court granted that motion.** *See* **Docket Entry No. 428.**

38. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

**ANSWER:** **Paragraph 38 states a legal conclusion, which Defendant is not required to admit or deny. Further, this paragraph is irrelevant since Plaintiff moved to drop all class allegations from her complaint and the Court granted that motion.** *See* **Docket Entry No. 428.**

### AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because they failed to mitigate their damages.

- 13 -

7. Plaintiff's claims are barred or limited because the conduct complained of resulted from a bona fide error.

8. Plaintiff's claims are barred by their failure to exhaust applicable administrative procedures and remedies.

9. Plaintiffs claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

10. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

11. Plaintiff's is not entitled to any relief and/or recovery of damages from Defendant as Defendant was privileged to do any and all acts and/or omissions alleged in the Complaint.

12. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiffs were damaged in any manner whatsoever, such damage, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

13. Plaintiff's injuries, if any, were proximately caused by the negligence, willful acts or liability of persons who are, and are not, parties to this action and Defendant requests that an allocation of such negligence and liability be made among such other parties, and non-parties, and if any liability is found on the part of Defendant, a judgment be only the amount that is proportionate to the effect and percentage by which Defendant's acts or commissions contributed to Plaintiff's damages in accordance with principles of equitable indemnity and comparative contribution.

14. Plaintiff's claims based on any alleged oral modification or agreement are barred by the Parol Evidence Rule.

15. Defendant alleges that its conduct was not the proximate cause of Plaintiff's alleged damages; therefore, Plaintiffs are estopped from any recovery against Defendant.

16. Defendant alleges that all of the alleged acts and omissions of Defendant, if proven, were lawful and privileged.

17. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exercise reasonable and ordinary care, caution and prudence to prevent the alleged damages, if any.

18. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

19. Plaintiff's claims are barred in whole or in part, on the ground that Plaintiffs did not rely on any alleged representations made by Defendant and that Plaintiff's reliance, if any, was not justifiable or reasonable.

20. Plaintiff is not entitled to recovery of any damages, if any, from Defendant as any acts or omissions alleged in the Complaint taken by Defendant were justified.

21. Plaintiff, by her knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

22. As to each cause of action, Defendant is entitled to an offset.

23. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

24. Plaintiff's claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

25. Plaintiff's claims are barred in whole or in part, because conditions precedent, which may have given rise to a duty to act or liability on the part of Defendant did not arise.

26. Plaintiff's claims are barred in whole or in part, because Plaintiffs acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

27. Plaintiff's claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

28. Plaintiff's claims are barred in whole or in part, because economic, physical, emotional, mental or other harm alleged could be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

29. Plaintiff's claims are barred in whole or in part, because the allegedly wrongful conduct of Defendant was not malicious.

30. Plaintiff's claims are barred in whole or in part, because the allegedly wrongful conduct of Defendant was not willful

31. Plaintiff's claims are barred because Defendant owed no duty to Plaintiffs arising from, or with respect to the allegations therein.

32. Plaintiff's claims are barred because Plaintiffs lack standing to maintain a cause of action against Defendant.

33. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

34. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

- 15 -

35. Plaintiff's claims are barred because Defendant at all times complied with all applicable laws, statutes and regulations and therefore is protected by all applicable safe harbors.

36. Plaintiff's claims are barred in whole or in part, because any alleged wrongful acts or omissions of Defendant were the result of the ultra vires acts of its employees.

37. Plaintiff's claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

38. Plaintiff's claims are barred in whole or in part, because they are members of a prior settlement or class that released some or all claims alleged by Plaintiffs.

39. Plaintiff's claims are barred in whole or in part, because Defendant sought the advice of counsel in good faith.

40. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

41. Plaintiff's claims for alleged violations of section 1681m of the Fair Credit Reporting Act, 15 U.S.C. § 1681m, are barred as there is no private right of action for such claims.

42. In the event a violation of FCRA is found, none being admitted, there is no liability pursuant to 15 U.S.C. § 1681m(c), because at the time of any alleged violation Defendant maintained reasonable procedures to assure compliance with FCRA.

43. Defendant alleges that section 1681m of the Fair Credit Reporting Act, 15 U.S.C. § 1681m, is unconstitutionally vague under the United States Constitution and all applicable state constitutions and overbroad on its face and violates the Due Process and Equal Protection

provisions of the United States Constitution and all applicable state constitutions. Accordingly, on such constitutional grounds, the counts against Defendant are unenforceable and fail to state a cause of action in that there is no reasonable basis upon which Defendant would have known in advance that the conduct alleged by Plaintiff was allegedly unlawful and/or otherwise proscribed by law.

44. Plaintiff's claims for alleged violations of section 1681m of the Fair Credit Reporting Act, 15 U.S.C. § 1681m, are limited to actual damages, if any, because Defendant did not willfully and intentionally commit an act Defendant in violation of FCRA; therefore, Plaintiff is not entitled to statutory damages.

WHEREFORE, Defendant Town & Country Credit Corporation requests that this Court enter judgment in its favor and against Plaintiff Rose Mayfield, award Ameriquest Mortgage Company its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March ___, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Town & Country Credit Corporation*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 18 -

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 30th day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/  Bernard E. LeSage

BN 1117624v1