## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Smith v. Ameriquest Mortgage Company, et al.*, Case No. 06-CV-0785 (S.D. Ind.) | |

## DEFENDANT AMC MORTGAGE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

By its November 7, 2006 Memorandum Opinion and Order [Docket No. 284], the Court brought much needed organization and management to this MDL Proceeding. Specifically, the Court identified three distinct types of cases: (1) borrower class actions, (2) non-borrower class actions under the Fair Credit Reporting Act ("FCRA"), and (3) individual, non-class suits. [*Id.* at 6.] It ordered that there be two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower FCRA claimants. [*Id.*] It also recognized that some individual plaintiffs would likely opt-out of the master class complaints for various reasons [*Id.* at 7] and ordered the creation of an Individual Claims Steering Committee to promote judicial economy and provide the individual plaintiffs with the benefits of coordinated efforts. The Steering Committee is to "help coordinate the individual plaintiffs into a cooperative entity that can then enjoy the economies of scale, including broader access to discovery and streamlined briefing." [*Id.* at 11.]

On December 6, 2006, plaintiffs filed two master class complaints on behalf of borrowers and non-borrowers. [Docket Nos. 323, 325.] These complaints purported to embrace every

- 1 -

claim of every plaintiff in this MDL Proceeding.  On January 19, 2007, Defendants filed motions to dismiss these complaints or, in the alternative, for more definite statements.  [Docket Nos. 386, 391.]

In light of the Court's orders designed to streamline this MDL Proceeding, AMC Mortgage Services, Inc. ("Defendant") does not perceive that this Court anticipated (or desires) a deluge of redundant legal briefings between the master class complaints and the individual plaintiffs who elected to opt-out.  Rather than require the simultaneous briefing of the same legal issues in the individual matters and the master class complaints, Defendant does not intend to waive those applicable arguments raised in the motions to dismiss filed on January 19, 2007 and hereby incorporates such arguments by reference.  [Docket Nos. 386, 391.]  Defendant expressly reserves the right to move to have any relevant rulings made in connection with the master class complaints applied to the instant action.  This will facilitate judicial economy, ease the burden on the parties and advance the Court's stated goal of "streamlined briefing" by permitting the parties to litigate the sufficiency (or lack thereof) of the legal issues raised in this MDL Proceeding through the two master class complaints, as compared with more than 200 individual actions Co-Lead Counsel did not consolidate into the master class complaints.

Defendant reserves its right to file appropriate motions to the individual actions if the issues are not resolved by the motions to dismiss the master class complaints.

## ANSWER

Defendant AMC Mortgage Services, Inc. ("Defendant"), by and through its attorneys, answers plaintiffs Randall and Cindy Smith's ("Plaintiffs") Complaint as follows.

BN 1184331v1

## INTRODUCTION

1.     Plaintiffs Randall G. Smith and Cindy J. Smith bring this action against a "subprime" mortgage lender and, its affiliates to obtain redress for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:     Defendant admits that Plaintiffs have filed a lawsuit against it.  Defendant objects to the term "subprime" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime."  Defendant denies all remaining allegations in Paragraph 1.  Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, or implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.**

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA).  Defendants transact business in the District and are deemed to reside here.

**ANSWER:     Defendant admits that it has transacted business in this judicial district.  The remaining allegations in this paragraph constitute a legal conclusion, which Defendant is not required to admit or deny.**

## PARTIES

3.     Plaintiff's Randall G. Smith and Cindy J. Smith are husband and wife and jointly own and reside in a home at 2 West Woodsage Court, Westfield, IN 46074.

**ANSWER:     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.**

4.     Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Indiana.  Its registered agent and office are National Registered Agents, Inc., 320 Meridian St., Indianapolis, IN 46204.

**ANSWER:     Defendant admits that Ameriquest Mortgage Company has done business in Indiana, has previously maintained an office in Indiana and that its registered agent is National Registered Agents.**

- 3 -

5.      Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:      Defendant admits that Ameriquest Mortgage Company originates loans. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies the remaining allegations in paragraph 5. of the Complaint.**

6.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:      Defendant admits the allegations in paragraph 6 of the Complaint.**

7.      Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:      The allegations in paragraph 7 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

8.      Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Indiana.  Its registered agent and office are National Registered Agents, Inc., 320 N. Meridian Street, Indianapolis, IN 46204.

**ANSWER:      Defendant admits that it has done business in Indiana, and that its registered agent is National Registered Agents.**

9.      Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:      Defendant objects to the term "affiliate" as vague.  Defendant admits that AMC Mortgage Services, Inc. services loans originated by Ameriquest Mortgage Company.  Defendant denies the remaining allegations in Paragraph 9.**

10.      Defendant PHH Mortgage Corporation is a foreign corporation which does business in Indiana.  Its registered agent and office are Corporation Service Company, 251 E. Ohio Street, Suite 500, Indianapolis, IN 46204.

- 4 -

**ANSWER:**     **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on that basis denies each and every allegation contained therein.**

<u>**FACTS RELATING TO PLAINTIFFS**</u>

11.     Prior to June 9, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:**     **Defendant admits that, on or about June 9, 2005, Plaintiffs applied for a loan, to be secured by a mortgage, with Ameriquest Mortgage Company. Defendant denies any remaining allegations in Paragraph 11.**

12.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**     **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis denies each and every allegation contained therein.**

13.     The loan was closed, on June 9, 2005.

**ANSWER:**     **Defendant admits the allegations in paragraph 13 of the Complaint.**

14.     The following are documents relating to the loan:

   a.     A note, Exhibit A.
   b.     A mortgage, Exhibit B.
   c.     An settlement statement, Exhibit C.
   d.     A Truth in Lending disclosure statement, Exhibit D.
   e.     Multiple copies of .the official federal Reserve Board form of notice of right to cancel, Exhibit E.  Only one of the copies was completed instead of the four required.
   f.     A "one week cancellation period" document, Exhibit F.

**ANSWER:**     **The loan documents speak for themselves, and Defendant is not required to admit or deny Plaintiffs' characterization of the loan documents.**

15.     Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., and then to PHH Mortgage Corporation.  PHH Mortgage Corporation claims an interest in plaintiffs' loan, at least the right to receive money thereunder, and is a necessary party.

**ANSWER:**     **Defendant admits that Plaintiffs were directed to make payments to Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 15 of**

- 5 -

**the Complaint, and on that basis denies each and every allegation contained therein.**

16.     On information and belief, PHH Mortgage Corporation owns plaintiffs' loan.

**ANSWER:     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and on that basis denies each and every allegation contained therein.**

17.     In the event PHH Mortgage Corporation does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and on that basis denies each and every allegation contained therein.**

## RIGHT TO RESCIND

18.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R §226.23.  Section 226.23 provides:
> (a) Consumer's right to rescind.
>
> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication.  Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of, all material disclosures,[fn]48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(1) of the Act.  [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to

rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate. document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f) Exempt transactions, The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's, dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies each and every allegation contained therein.**

### GROUND FOR RESCISSION

19. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, for the following reasons (among others).

**ANSWER:** **Denied.**

20. Plaintiffs were furnished only one complete copy of the official Federal Reserve Board notice instead of the four required.

**ANSWER:** **Denied.**

- 7 -

21.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:     Denied.**

22.     The reference to a "one week" cancellation period is misleading, as the period given is actually only six days long.

**ANSWER:     Denied**

23.     Notice of rescission has been given to defendants.  A copy is attached as Exhibit G.

**ANSWER:     The document attached as Exhibit G speaks for itself, and Defendant is not required to admit or deny plaintiffs' characterization of this document.**

24.     The loan has not been rescinded.

**ANSWER:     Defendant admits the allegations in paragraph 24 of the Complaint.**

25.     Under 15 U.S.C. § 1641(c), the right to rescind may, be exercised against any assignee.

**ANSWER:     Paragraph 25 of the Complaint states a legal conclusion which Defendant is not required to admit or deny.**

26.     15 U.S.C. §1635(g) provides:
Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis denies each and every allegation contained therein.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

- 8 -

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged in any manner whatsoever, such damage, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

6.      Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

7.      Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8.      Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9.      Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10.     Plaintiffs' claims are barred in whole or in part, because Defendant sought the advice of counsel in good faith.

11.     Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

12.     Plaintiffs are not entitled to statutory damages or actual damages because no alleged disclosure error is apparent on the face of the disclosure documents.

13.     If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other

- 9 -

return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14.     Plaintiffs' claims under the Truth in Lending Act are barred against AMC Mortgage Services, Inc., as AMC is an alleged servicer of Plaintiffs' loan and not a creditor or assignee.

15.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant Ameriquest Mortgage Company requests that this Court enter judgment in its favor and against Plaintiffs Eric Balark and Michelle McMiller, award Ameriquest Mortgage Company its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 30, 2007

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 10 -

## **CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 30th day of March 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:  _____ /s/  Bernard E. LeSage _____

- 11 -