**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: ROGERS v. TOWN & COUNTRY CREDIT CORPORATION, *et al.* Case No. 06-CV-2736 (N.D. Ill.) | |

**DEFENDANT TOWN & COUNTRY CREDIT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

By its November 7, 2006 Memorandum Opinion and Order [Docket No. 284], the Court brought much needed organization and management to this MDL Proceeding. Specifically, the Court identified three distinct types of cases: (1) borrower class actions, (2) non-borrower class actions under the Fair Credit Reporting Act ("FCRA"), and (3) individual, non-class suits. [Id. at 6.] It ordered that there be two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower FCRA claimants. [Id.] It also recognized that some individual plaintiffs would likely opt-out of the master class complaints for various reasons [Id. at 7] and ordered the creation of an Individual Claims Steering Committee to promote judicial economy and provide the individual plaintiffs with the benefits of coordinated efforts. The Steering Committee is to "help coordinate the individual plaintiffs into a cooperative entity that can then enjoy the economies of scale, including broader access to discovery and streamlined briefing." [Id. at 11.]

On December 6, 2006, plaintiffs filed two master class complaints on behalf of borrowers and non-borrowers. [Docket Nos. 323, 325.] These complaints purported to embrace every claim of every plaintiff in this MDL Proceeding. On January 19, 2007, Defendants filed motions

- 1 -

- 2 -

to dismiss these complaints or, in the alternative, for more definite statements. [Docket Nos. 386, 391.]

In light of the Court's orders designed to streamline this MDL Proceeding, Town & Country Credit Corporation ("Defendant") does not perceive that this Court anticipated (or desires) a deluge of redundant legal briefings between the master class complaints and the individual plaintiffs who elected to opt-out. Rather than require the simultaneous briefing of the same legal issues in the individual matters and the master class complaints, Defendant does not intend to waive those applicable arguments raised in the motions to dismiss filed on January 19, 2007 and hereby incorporates such arguments by reference. [Docket Nos. 386, 391.] Defendant expressly reserves the right to move to have any relevant rulings made in connection with the master class complaints applied to the instant action. This will facilitate judicial economy, ease the burden on the parties and advance the Court's stated goal of "streamlined briefing" by permitting the parties to litigate the sufficiency (or lack thereof) of the legal issues raised in this MDL Proceeding through the two master class complaints, as compared with more than 200 individual actions Co-Lead Counsel did not consolidate into the master class complaints.

Defendant reserves its right to file appropriate motions to the individual actions if the issues are not resolved by the motions to dismiss the master class complaints.

## ANSWER

Defendant Town & Country Credit Corporation ("Defendant"), by and through its attorneys, answers plaintiff Truman Rogers' ("Plaintiff")Complaint as follows.

## INTRODUCTION

1.     Plaintiff, Truman Rogers, brings this action against mortgage lender Town and Country Credit ("Town & Country") to secure redress from predatory and fraudulent lending practices. Plaintiff seeks to rescind a residential mortgage loan for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board

- 2 -

Regulation Z, 12 C.F.R. part 226 and has named Saxon Mortgage Services, Inc. who is the current owner and servicer of the loan as a necessary party to the claim for rescission.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and on that basis denies each and every allegation contained therein.**

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), 15 U.S.C. §1640 (TILA) and 28 U.S.C. §1367 (supplemental jurisdiction). Venue in this District is proper because defendants transact business here.

**ANSWER:** **Defendant admits that it has transacted business in this judicial district. The remaining allegations in this paragraph constitute a legal conclusion, which Defendant is not required to admit or deny.**

## PARTIES

3. Plaintiff, Truman Rogers, is a resident of Riverdale, Illinois.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.**

4. Defendant Town and Country Credit is a national lender located in California. Its registered agent is National Registered Agents Inc. located at 200 W. Adams, Chicago, Illinois.

**ANSWER:** **Defendant admits the allegations in paragraph 4 of the Complaint.**

5. Town & Country is a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:** **The allegations in this paragraph constitute a legal conclusion, which Defendant is not required to admit or deny.**

6. Saxon Mortgage Services, Inc. is the current owner and servicer of the loan as a necessary party to the claim for rescission. Its registered agent is Illinois Corporation Service, 801 Adlai Stevenson Dr., Springfield, Il. 62703.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and on that basis denies each and every allegation contained therein.**

### FACTS RELATING TO PLAINTIFF'S LOAN

7. Plaintiff met with Eric Mistal to apply for a refinance of his home loan.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis denies each and every allegation contained therein.**

8. Eric Mistal was a Town & Country loan officer and member of its President's Club in 2005. All communications and documents concerning the loan and application were sent to or from Mr. Mistal.

**ANSWER:** **Defendant admits that it has employed an individual named Eric Mistal. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint, and on that basis denies each and every allegation contained therein.**

9. On September 21, 2005, plaintiff met with Eric Mistal and signed the closing documents for his loan. The loan had an interest rate of 9.4% even though plaintiffs former loan had a rate of 8.615%.

**ANSWER:** **Defendant admits that the loan to plaintiff closed on September 21, 2005. The terms of the loan, including the interest rate, are set forth in the loan documents, which speak for themselves. Defendant is not required to admit or deny plaintiff's characterization of the loan documents.**

10. Town and Country provided plaintiff with a Notice of Right to Cancel, which stated that the loan can be cancelled no later then midnight on September 24, 2005. Town and Country also provided a notice stating that the loan could he cancelled within one week from the closing date.

**ANSWER:** **Defendant admits that plaintiff was provided with a Notice of Right to Cancel. The Notice of Right to Cancel speaks for itself. Defendant is not required to admit or deny plaintiff's characterization of the Notice of Right to Cancel**

- 4 -

11. On September 22, 2005, Plaintiff's original lender offered a significantly lower rate then the Town and Country rate.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies each and every allegation contained therein.**

12. On Friday September 23, 2005, plaintiff sent Town & Country the executed Notice of Right to Cancel via facsimile. Plaintiff even had the Notice of Right to Cancel notarized.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis denies each and every allegation contained therein.**

13. Plaintiff telephoned Mr. Mistal that same day to confirm his cancellation. Mr. Mistal informed plaintiff to have his original creditor to confirm the rate and call him back on Monday.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis denies each and every allegation contained therein.**

14. Mr. Rogers telephone Mr. Mistal again on Monday and confirmed that he was eligible for even a lower rate.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies each and every allegation contained therein.**

15. On September 30, 2005, plaintiff learned that the refinance was funded.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies each and every allegation contained therein.**

16. Despite receiving the executed Notice of Right to Cancel, Town & Country funded the loan. Plaintiff has complained to it as well as the Illinois Department of Financial and

Professional Regulation. Town and Country has refused repeated requests by plaintiff for recession.

**ANSWER:** **Defendant admits that plaintiff's loan was funded, and has not been rescinded. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint, and on that basis denies each and every allegation contained therein.**

## COUNT I- TILA- RESCISSION

17. Plaintiff incorporates ¶¶1-16.

**ANSWER:** **Defendant is not required to respond to this paragraph.**

18. Because the transaction was secured by plaintiffs home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by TILA, 15 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z. 12 C.F.R. §226.23.

**ANSWER:** **This paragraph contains a legal conclusion which Defendant is not required to admit or deny.**

19. Section 226.23 provides:

    (a) Consumer's right to rescind,

    (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security Interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

    (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written 3 communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the

    creditor's designated place of business.

    (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (h) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice

- 6 -

or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(1)][(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers. (b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following: (1) The retention or acquisition of a security interest in the consumer's principal dwelling. (2) The consumer's right to rescind the transaction. (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business. (4) The effects of rescission, as described in paragraph (d) of this section. (5) The date the rescission period expires.(f) Exempt transactions. The right to rescind does not apply to the following: (1) A residential mortgage transaction defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling").

(2) A credit plan In which a state agency is a creditor.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis denies each and every allegation contained therein.**

20. Because plaintiff timely executed and delivered the notice of right to cancel, he was is entitled to rescind.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis denies each and every allegation contained therein.**

21. In addition, defendant's practice of providing its disclosure of One Week Cancellation Period form, when offered in conjunction with the Notice of Right to Cancel form, violates TILA's requirement that the creditor clearly and conspicuously disclose the borrower's absolute right to cancel the transaction within three business days.

**ANSWER:** **Defendant denies that it has violated TILA. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining**

> allegations in paragraph 21 of the Complaint, and on that basis denies each and every allegation contained therein.

22. A consumer who relies on the One Week form instead of the three business day statutory right to cancel loses benefits without being warned as much in advance.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and on that basis denies each and every allegation contained therein.**

23. Plaintiff has given notice of his election to rescind. Further, even if he did not, he has a continuing right to rescind as Town and Country did not clearly and conspicuously disclose the borrower's absolute right to cancel the transaction within three business days.

**ANSWER:** **Defendant admits that plaintiff has alleged that he is entitled to rescission. Defendant denies the remaining allegations in paragraph 23 of the Complaint.**

24. 15 U.S.C. §1635(g) provides:

> Additional relief In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against Town & Country Mortgage Company and Saxon Mortgage Services, Inc. for;

    a. Rescission of the loan
    b. Statutory damages for failing to honor the election to rescind.
    c. Attorney's fees, litigation expenses and costs.
    d. Such other or further relief as the Court deems appropriate.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and on that basis denies each and every allegation contained therein.**

## COUNT II - CONSUMER FRAUD ACT CLAIM

25. Plaintiff incorporates ¶¶1-16. This claim is against Town & Country.

**ANSWER:** **Defendant is not required to respond to this paragraph.**

26. Defendant engaged in unfair and deceptive acts and practices, in violation of §§2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2 by:

**ANSWER:** **Defendant denies the allegations in paragraph 26 of the Complaint.**

27. Failing to disclose the following material facts to plaintiffs:

   a. That plaintiff would lose benefits if he relied on the One Week form rather the statutory three business day right to rescind.

**ANSWER:** **Defendant denies the allegations in paragraph 27 of the Complaint.**

28. Defendant's actions were also unfair actions in violation of §2 as it is an unfair practice to receive a facsimile that elected to cancel the refinance and lead plaintiff to believe that the refinance was cancelled during several telephone calls when it was not.

**ANSWER:** **Defendant denies the allegations in paragraph 28 of the Complaint.**

29. Section 2 of the Consumer Fraud Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965 1815 ILCS 510/21, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall he given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act (15 U.S.C. § 45].

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and on that basis denies each and every allegation contained therein.**

30. Defendant engaged in such unfair and deceptive acts and practices in the course of trade and commerce in financial services.

**ANSWER:** **Defendant denies the allegations in paragraph 30 of the Complaint.**

31. Defendant intended that plaintiff rely on the undisclosed facts, by signing both disclosures forms.

**ANSWER:** **Defendant denies the allegations in paragraph 31 of the Complaint.**

32. Plaintiff did so rely, and was damaged.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and on that basis denies each and every allegation contained therein.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

6. Plaintiff is not entitled to any relief and/or recovery of damages from Defendant as Defendant was privileged to do any and all acts and/or omissions alleged in the Complaint.

7. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged in any manner whatsoever, such damage, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

8. Plaintiff's claims based on any alleged oral modification or agreement are barred by the Parol Evidence Rule.

9. Defendant alleges that its conduct was not the proximate cause of Plaintiff's alleged damages; therefore, Plaintiff is estopped from any recovery against Defendant.

10. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exercise reasonable and ordinary care, caution and prudence to prevent the alleged damages, if any.

11. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

12. Plaintiff's claims are barred in whole or in part, on the ground that Plaintiff did not rely on any alleged representations made by Defendant and that Plaintiff's reliance, if any, was not justifiable or reasonable.

13. Plaintiff, by his knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

14. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

15. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

16. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

17. Plaintiff's claims are barred in whole or in part, because the allegedly wrongful conduct of Defendant was not malicious.

18. Plaintiff's claims are barred because Defendant owed no duty to Plaintiff arising from, or with respect to the allegations therein.

19. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiff.

20. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

21. Plaintiff's claims are barred in whole or in part, because any alleged wrongful acts or omissions of Defendant were the result of the ultra vires acts of its employees.

22. Plaintiff's claims are barred in whole or in part, because Plaintiff misrepresented his credit, income or other information association with obtaining the loan.

23. Plaintiff's claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

24. If it should be deemed that Plaintiff is entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiff's reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiff's behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff's reimbursing or otherwise returning all funds disbursed on his behalf to the holder of the loan in connection with the subject loan, less any finance charges.

25. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant AMC Mortgage Services, Inc. requests that this Court enter judgment in its favor and against Plaintiffs Eric Balark and Michelle McMiller, award AMC

- 13 -

Mortgage Services, Inc. its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 30, 2007				By: /s/ Bernard E. LeSage
						*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

						Bernard E. LeSage, Esq.
						Sarah K. Andrus, Esq.
						BUCHALTER NEMER, a P.C.
						1000 Wilshire Boulevard, Suite 1500
						Los Angeles, CA 90017-2457
						Telephone: (213) 891-0700
						Facsimile: (213) 896-0400

**CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 30th day of March 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Bernard E. LeSage

BN 1118511v1