IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 Judge Aspen |
| _____ | ) | Lead Case No. 05-7097 |
| GORDON R. HOWARD and NOLA R. HOWARD, | ) ) ) | Case No. 07 C 0095 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JURY DEMANDED |
| AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST CO., as Trustee of Ameriquest Securities, Inc., Asset Backed Pass-Through Certificates, Series 2004-R2 under the Pooling and Servicing Agreement dated as of March 1, 2004, | ) ) ) ) ) ) ) | Judge Der-Yeghiayan Judge Nolan |
| Defendants. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION
<u>FOR REASSIGNMENT OF *HOWARD v. AMERIQUEST* AS RELATED CASE</u>**

Pursuant to LR40.4(c), plaintiffs Gordon R. Howard and Nola R. Howard respectfully move this Court for an Order finding their cases related to earlier-filed cases currently pending within the Ameriquest MDL proceeding and reassigning this related action to the Judge Aspen.

In accordance with the custom in the Northern District of Illinois, plaintiffs will be providing a courtesy copy of this motion to Judge Der-Yeghiayan. In support of this motion, plaintiffs state as follows:

1. *Howard v. Ameriquest*, case no. 07-95 (N.D.Ill) is nearly identical to many of the other cases that are before Judge Aspen in the In re Ameriquest Multidistrict Litigation, justifying a finding of relatedness. Like the cases in the MDL, the Howards request rescission and statutory damages based on Ameriquest's delivery of undated notices of right to cancel and federal

notices of right to cancel that were, plaintiffs' allege, obscured by Ameriquest's simultaneous use of a second and different form, its "One Week Cancellation Period" form. Thus, these cases clearly have multiple legal and factual issues in common, supporting a finding of relatedness.

2.  Further, Ameriquest or its affiliates are the primary defendants in this case as well as all of the cases in the MDL. For these reasons, this Court should find the actions identified above related to the cases already transferred to the MDL. See, e.g., Murry v. America's Mortgage Banc., Inc., 2004 U.S. Dist. LEXIS 3148, *6 (holding that "any resolution ... will necessarily require a determination of the legality of the same defendants' actions under the same statutes and regulations").

3.  *Howard* also meets all four of the necessary conditions for reassignment. Once relatedness is established, under LR40.4(b) the case or cases may be reassigned to the calendar of a judge with an earlier-numbered case if all of the following criteria are met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. *Murry v. America's Mortgage Banc., Inc.*, 2004 U.S. Dist. LEXIS 3148, *5 (N.D.Ill. Mar. 1, 2004) (Guzman, J.); LR40.2b.

4.  On a motion for reassignment, the movants are obligated to specifically articulate reasons why each of four conditions for reassignment under LR40.4(b) are met. *Jaffe v. Household International, Inc.*, 2003 U.S. Dist. LEXIS 7466, *10-11 (N.D.Ill May 5, 2003). In this instance, each of the four criteria is clearly met. First, all cases are currently pending in the Northern District of Illinois.

5. Second, the handling of all cases by the same judge will result in a very substantial saving of judicial time and effort. Reassignment will mean that only one rather than several judges will have to rule on the same legal issues, and only one judge will have to develop the expertise necessary to rule on the common legal issues. This magnitude of savings on judicial time and effort is more than sufficient to meet the LR40.4(b) standard.

6. Third, none of the cases in the MDL proceeding have progressed to the point where reassignment of the cases identified herein would cause any delay in the MDL cases or *Howard. Fairbanks Capital Corp.. v. Jenkins*, 2002 U.S. Dist. LEXIS 26297, *8 (N.D.Ill. Dec. 3, 2002)("the first of the cases to be filed...has not progressed all that far: the Court has ruled on a motion to dismiss the counterclaim, and discovery has just gotten started").

7. Fourth, *Howard* and many of the cases before the MDL are susceptible of disposition in a single proceeding. *Applied Web Systems, Inc., v. Catalytic Combustion Corp.*, 1991 U.S. Dist. LEXIS 5696, *5-6 (N.D.Ill. Apr. 29, 1991) ("The complaints filed... are virtually identical and [defendant's] defenses in both cases are identical.. The only difference between [the two cases] is that each involves a different... customer...Although this case contains one additional count which is not included in the [other] case, both cases unquestionably will share common issues of law and fact").

8. Re-assignment will also help ensure uniformity in the administration of justice in all cases. For this reason, the Seventh Circuit has expressed a preference that cases that are similar be consolidated before the same judge to avoid disparate decisions and multiple appeals. See *Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 513 (7th Cir. 1999); *Gibson v. Bob Watson Chevrolet-GEO, Inc.,* 112 F.3d 283 (7th Cir. 1997); and *Southmark Corp. v. Cagan,* 950 F.2d 416, 419 (7th Cir. 1991).

9. Counsel for Ameriquest has indicated that it does not oppose this motion.

WHEREFORE, plaintiffs respectfully request that this Court enter an Order finding *Howard v. Ameriquest* related to the cases in the *In re Ameriquest* proceedings, reassigning this case to the Judge Aspen and granting any other or further relief that the Court deems just.

/s/Alexander H. Burke

Keith J. Keogh
Alexander H. Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St., Ste. 2000
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)