**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE AMERIQUEST MORTGAGE CO.** ) | **MDL NO. 1715** |
| **MORTGAGE LENDING PRACTICES LITIGATION** ) | **Lead Case No. 05 cv 7097** |
| ) | (Centralized before Judge Aspen) |
| ) | |
| ) | |
| **WILLIAM YEAMAN and PAMELA YEAMAN,** ) | |
| Plaintiffs, ) | |
| ) | **06 cv 6967** |
| v. ) | |
| ) | |
| **AMERIQUEST MORTGAGE COMPANY,** ) | **Judge Grady** |
| **AMERIQUEST MORTGAGE SECURITIES, INC.,** ) | |
| **AMC MORTGAGE SERVICES, INC., and DOES 1-5,** ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR REASSIGNMENT OF RELATED ACTION**

Now Comes the Plaintiffs WILLIAM and PAMELA YEAMAN, by and through their attorney, Lloyd

Brooks, and for their response to Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc.,

and AMC Mortgage Services, Inc.'s (collectively "Ameriquest") motion to reassign this case as related to

the MDL proceedings state as follows:

**Summary of Argument**

Ameriquest's motion for reassignment of this matter should be denied because (1) Ameriquest

has not met their burden of showing a substantial similarity of the issues of law or fact between the

present case and the MDL proceedings, (2) Ameriquest has failed to specify how reassignment of the

present matter meets the requirements for transfer under Local Rule 40.4(b), and (3) Ameriquest has

not filed an answer or otherwise responded to Plaintiffs' complaint, making it premature to determine

the relatedness of the matters.

**The Present Action Is Not Sufficiently Related To the MDL Proceedings**

The transfer or reassignment of cases as related is controlled by Local Rule 40.4. LR40.4(a) sets

forth four factors to be considered for determining whether cases are related for purposes of transfer.

LR40.4(c) requires Ameriquest, as the movants, to "set forth the points of commonality of the cases in

sufficient detail to indicate that the cases are related within the meaning of section (a)." LR 40.4(c)

places the burden to show that the cases are related upon Ameriquest. *Hollinger International, Inc. v. Hollinger, Inc.*, 04 cv 698 (N.D. Ill. May 3, 2004) (J. Manning); *Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, 02 cv 5893, 2002 WL 21011757 (N.D. Ill. May 5, 2003) (J. Guzman); *Machine Movers, Riggers and Erectors v. Joseph/Anthony, Inc.*, 03 cv 8707 (N.D. Ill. July 15, 2004) (J. Aspen).

Ameriquest argues that the actions are related because the present case involves some of the same issues of law or fact as found in the MDL proceedings. In order for these cases to be found related on that basis, there must be predominant issues of law or fact between the cases. *Clark v. Insurance Car Rentals, Inc.*, 42 F. Supp. 2d 846 (N.D. Ill. 1999). On the other hand, the mere existence of the same defendant involving similar allegations in multiple cases is not sufficient to show relatedness. *Donahue v. Elgin Riverboat Resort*, 04 cv 816, 2004 WL 2495642 (N.D. Ill. Sept. 28, 2004) (J. Guzman).

In Donahue v. Elgin Riverboat Resort, five separate actions had been filed by former employees against their employer alleging discriminatory employment practices. *Donahue v. Elgin Riverboat Resort*, Memo. Op. at 2. The plaintiffs sought to transfer all five cases before Judge Guzman asserting that the matters were related under LR40.4(a)(2) since the actions all involved discriminatory employment practices against the same employer. *Donahue v. Elgin Riverboat Resort*, Memo. Op. at 3. Judge Guzman held that this level of general relatedness was insufficient without specific assertions of the common elements of facts and law that would be found in all of the cases. *Id*.

Similarly, Ameriquest fails to uphold their burden to show relatedness here. Ameriquest's only suggestion that the cases are related is the conclusory statement that there are actions in the MDL involving Ameriquest's failure to properly notify their borrowers of their right to cancel pursuant to the TILA. Ameriquest's assertion is nothing more than the type of general form of relatedness that was rejected in the *Donahue v. Elgin Riverboat Resort* decision and should be rejected here. Ameriquest has made an insufficient showing of relatedness and their motion should be denied.

Ameriquest's conclusory statement does not provide any understanding of how the cases are supposedly related. Ameriquest's failure to specify areas of facts and law that are supposedly related is a sufficient basis for this Court to deny Ameriquest's motion. *Donahue v. Elgin Riverboat Resort*, Memo. Op. at 3. Additionally, the present case asserts a unique set of facts alleging fraudulent behavior by Ameriquest that is completely unrelated to rights found under the TILA. The Yeaman's have alleged fraudulent conduct by Ameriquest, including the falsification of information regarding their assets and value of their home. The intended effect of Ameriquest's fraud was to increase the amount of the loan that would be made to Plaintiffs above the amount that Plaintiffs would have otherwise been qualified for. Ameriquest benefitted from the increased interest payments and fees they received from loaning Plaintiffs more the excess funds. Ameriquest's conduct is not within the scope of the TILA and is unrelated to Plaintiffs' right to cancel Ameriquest's loan. Where a case presents a unique set of facts, transfer of the case as related is improper. *Machine Movers, Riggers and Erectors v. Joseph/Anthony, Inc.*, 03 cv 8787, Memo. Op. at 5 citing *Clark v. Insurance Car Rentals, Inc.*, 42 F. Supp. 2d at 849. As found in the <u>Donahue v. Elgin Riverboat Resort</u> decision, the general similarity between the cases is not sufficient to be considered related for purposes of transfer.

**Ameriquest Has Failed To Show How Transfer Of The Present Matter Satisfies The Requirements Of LR40.4(b)**

Once proceedings are found to be related, LR 40.4(b) sets forth four requirements that must be met for an action to be transferred: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. LR40.4(c) places a burden upon Ameriquest to specify how the transfer a case meets each of the four requirements. *Machine Movers, Riggers and Erectors v. Joseph/Anthony, Inc.*, Memo. Op. at 4. The burden of showing the four requirements has been met is more onerous than

burden to show relatedness. *Hollinger International, Inc. v. Hollinger, Inc.*, Memo. Op. 3. Simply making a bald assertion that the requirements of LR40.4(b) are met is insufficient. *Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, Memo. Op. at 6;

For instance in <u>Machine Movers, Riggers and Erectors v. Joseph/Anthony, Inc.</u>, this court held that a movant's failure to specify how transfer would meet the requirements of LR40.4(b) is a sufficient basis to deny the motion. In <u>Machine Movers</u> a defendant moved for the transfer of two actions it asserted were related. *Machine Movers, Riggers and Erectors v. Joseph/Anthony, Inc.*, Memo. Op. at 5. In its motion the defendant stated that "[t]he weight of common factual and legal issues . . . suggests strongly that there will be a substantial conservation of judicial resources if one court considers and decides those common issues." In response to the motion this Court discussed the requirement of LR40.4(c) as follows:

> Local Rule 40.4(c) requires parties to "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." Furthermore, "[t]he judges of this Court have interpreted subsection (c) to impose an obligation on the moving party to specifically identify why each of the four conditions for reassignment under LR 40.4(b) is met." <u>Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.</u>, 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003). Thus, a court may deny a motion to reassign if a party fails to sufficiently apply the facts of the case to each of 40.4(b)'s requirements. Id. . . . Aside from offering these conclusory allegations, [the defendant] fails to specify how combining the cases will result in a substantial savings of judicial resources, nor does it pinpoint what issues for discovery will be the same in both cases or what matters are susceptible to disposition in a single proceeding. This failure to comply with Local Rule 40.4(c)'s requirement that parties "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related" is sufficient grounds, in and of itself, for denial of the motion to reassign.

*Machine Movers, Riggers and Erectors v. Joseph/Anthony, Inc.*, 03 cv 8787, Memo. Op. at 5. Similarly, in *Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, Judge Guzman denied a motion to transfer cases as related where the movant failed to specify how the cases would be susceptible to disposition in a single proceeding. *Lawrence E. Jaffe Pension Plan v. Household International, Inc.*, Memo. Op. at 6. Judge Guzman cited LR40.4(c) as a basis for finding that the movant had not met its burden.

Ameriquest has not met its burden under LR40.4(c). Ameriquest has failed to provide any specific assertion of how the transfer of this matter will result in a substantial saving of judicial time and effort, or to show that the MDL has not progressed to the point where transfer of the present case would be likely to delay the proceedings. Additionally, Ameriquest has failed to show how the cases would be susceptible of disposition in a single proceeding. Instead, Ameriquest has only made the conclusory statement that the transfer of this case would meet the requirements of 40.4(b). Such a conclusory statement is insufficient. As in <u>Machine Movers</u> and <u>Lawrence E. Jaffe Pension Plan</u> this court should deny Ameriquest's motion for its failure to specify how the transfer of the present case will meet the requirements of LR40.4(b).

**The Ameriquest Defendants Have Filed This Motion Prematurely**

Defendants have filed this motion prematurely. LR 40.4(c) provides for the proper timing for a movant to seek reassignment of purportedly related cases as follows:

> In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved.

LR 40.4(c) states that a motion for the reassignment of cases should be filed after answers or other responsive pleadings have been filed in all of the related proceedings. The express purpose of LR40.4(c)'s requirement is to allow the parties to fully consider whether the matters are related. Here, Defendants have not filed any responsive pleading to Plaintiffs' complaint. There are hundreds of cases assigned to this Court as related to the MDL proceedings. Without defendants responsive pleading, it is unclear what factual and legal issues may be presented in this case and whether the issues presented will be related to those found in the MDL proceedings. Therefore, this Court should deny Ameriquest's motion as premature.

**Conclusion**

Due to Ameriquest's premature filing of its motion, its failure to specify how the present case is related to the MDL proceedings and its failure to specify how transfer of this case would meet the requirements of LR40.4 (b), this Court should deny Ameriquest's motion.

Respectfully Submitted,

___/s/ Lloyd Brooks_____
Plaintiffs' Attorney

State Bar No. 6271994
Lloyd Brooks
The Brooks Law Firm
15008 Woodlawn Avenue, First Floor
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
***Attorney for William and Pamela Yeaman***