**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: <br> *Surin v. Alpha Mortgage Lending, LLC, et al.,* <br> Case No. 05-cv-1653 (D. Conn.) | |

**DEFENDANT ARGENT MORTGAGE COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Argent Mortgage Company, LLC ("Argent"), through its attorneys, answers Plaintiff Wetzer Surin's ("Plaintiff") First Revised Complaint ("Complaint") as follows.

1.  Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331-32.

**ANSWER:** Argent does not contest subject matter jurisdiction. Argent denies any remaining allegations in Paragraph 1.

2.  This court has jurisdiction over the defendants because they regularly conduct business in the State of Connecticut, and because the transaction at issue occurred in Connecticut.

**ANSWER:** Argent does not contest personal jurisdiction. Argent denies any remaining allegations in Paragraph 2.

3.  Venue in this court is proper, as the Plaintiff, Wetzer Surin, is a resident of Connecticut and the action concerns real property located in Connecticut.

**ANSWER:** Argent does not contest venue. Argent denies any remaining allegations in Paragraph 3.

4. At all times hereinafter mentioned, Plaintiff, Wetzer Surin, was and still is an individual consumer and a resident of the City of Bridgeport, State of Connecticut, and was and still is the record title owner of certain real property commonly known as 320 Maplewood Avenue in the City of Bridgeport, State of Connecticut.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.**

5. At all times hereinafter mentioned, Alpha Mortgage Lending, LLC (hereinafter, "Alpha") was and still is a foreign limited liability company with offices in the State of Ohio and the State of Connecticut and is licensed by the State of Connecticut as a first mortgage broker.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.**

6. At all times hereinafter mentioned, Argent Mortgage Company, LLC (hereinafter, "Argent") was and still is a foreign limited liability company licensed by the State of Connecticut as a mortgage lender and/or broker.

**ANSWER:** **Argent admits that, from April 2005 through the date of this Answer, it has been a foreign limited liability company duly authorized to conduct business in the state of Connecticut. Argent denies any remaining allegations of Paragraph 6.**

7. At all times hereinafter mentioned, Countrywide Home Loans, Inc. (hereinafter, "Countrywide") was and still is a foreign corporation licensed by the State of Connecticut as a mortgage lender and/or broker.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.**

8. At all times hereinafter mentioned, Advantage Equity Services, Inc. (hereinafter, "Advantage") was and still is a foreign corporation doing business in the State of Connecticut as a provider of closing, loan settlement and/or title insurance services.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.**

9. On or about April 18, 2005, an agent, servant and/or employee of Alpha telephoned the Plaintiff at his home to solicit him for a refinance of his existing home mortgage loan.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.**

10. On or about April 24, 2005, an agent, servant and/or employee of Alpha telephoned the Plaintiff to request that he forward documentation pertinent to a loan application.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.**

11. The Plaintiff did not forward the documentation requested of him and received no further contact or communication from anyone concerning the loan transaction until on or about Saturday, May 7, 2005, when an agent, servant, and/or employee of one or more of the Defendants, Alpha, Argent and Advantage, telephoned to make an appointment to meet with the Plaintiff at his home the following day.

**ANSWER:** **Argent denies that it, or any of its agents, servants, or employees, telephoned on May 7, 2005 to make an appointment to meet with the Plaintiff at his home. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11.**

12. On Sunday, May 8, 2005, at approximately 12:00 noon, Tabatha Sturgill, an agent, servant and/or employee of one or more or all of the Defendants, the broker, Alpha, the lender, Argent, and the closing agent, Advantage, presented herself at the Plaintiff's home.

**ANSWER:** **Argent denies that Tabatha Sturgill was, at any time, its agent, servant, or employee. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12.**

13. In the presence of Tabatha Sturgill, a Notary, the Plaintiff executed certain documents for a loan of money from Argent including an adjustable 30 year Open-End Mortgage for the principal amount of $216,000 and an Adjustable Rate Rider that provides for an initial interest rate of 9.950%.

**ANSWER:** **Argent admits that that Plaintiff executed certain documents for a loan of money from Argent, including an Open-End Mortgage Deed for a principal amount of $216,000, as well as an Adjustable Rate Rider that provides for an initial interest rate of 9.950%. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13.**

14. The Plaintiff was not provided with a copy of any loan and/or closing documents at the closing.

**ANSWER:** **Argent denies the allegations of Paragraph 14. Plaintiff acknowledged that, on May 6, 2005, he received a full and complete set of all loan documents that he signed during his closing.**

15. Tabitha Sturgill told the Plaintiff that he would receive a copy of the loan and/or closing documents the following day but, despite repeated requests, the Plaintiff did not receive a copy of the loan and/or closing documents until approximately one month later.

**ANSWER:** **Argent denies that Plaintiff did not receive a copy of the loan and/or closing documents until approximately one month later. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15.**

16. The Plaintiff was not represented by an attorney in connection with the loan transaction and, on behalf of the Defendants, Advantage, Alpha and/or Argent, no one other than Tabatha Sturgill attended the closing.

**ANSWER:** **Argent denies that Tabatha Sturgill attended the closing of Plaintiff's loan on behalf of Argent. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16.**

17. At various times on or about May 10, 2005, May 11, 2005, and May 12, 2005, the Plaintiff called Alpha to complain that he had not received a copy of the documents he signed on May 8, 2005.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.**

18. In several telephone conversations with agents, servants and/or employees of Alpha on May 10, 2005, May 11, 2005, and May 12, 2005, the Plaintiff advised that he did not want the loan and that he wanted to stop, cancel or rescind the loan.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.**

19. In telephone conversations with Debbie Sferrazza, President of Alpha, on May 11, 2005 and May 12, 2005, when the Plaintiff stated that he did not want the loan, and that he wanted to stop, cancel or rescind the loan, she replied "O.K."

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.**

20. During the said telephone conversations, no one advised the Plaintiff to contact anyone else, or that any further action was necessary, to rescind the loan.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.**

21. At the time of the said telephone conversations, the Plaintiff believed that his telephone communications alone were adequate to effectuate a rescission of the loan.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.**

22. Despite the Plaintiff's instructions and Debbie Sferrazza's representations, Defendants Alpha, Argent and Advantage continued to process the loan.

**ANSWER:** **Argent denies that it was aware of any instructions from Plaintiff or representations from Ms. Sferrazza. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22.**

23. On or about May 11, 2005, Defendant, Advantage, forwarded a check in the amount of $162,084.93 including prepayment penalty fees in the amount of $4,548.64 to Chase Manhattan Bank to pay off a principal loan of $157,500, a 30 year adjustable mortgage with a 2

year rate lock from April 8, 2004 at an initial interest rate of 7.300%, or on its face 2.650% less than the Argent initial rate of interest.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.**

24. In response to a letter from counsel for the Plaintiff dated May 26, 2005, Defendants forwarded copies of the loan and/or closing documents to Plaintiff's counsel including a Notice of Right to Cancel purportedly signed by the Plaintiff on May 6, 2005 and advising the Plaintiff of his right to cancel no later than midnight of May 10, 2005.

**ANSWER:** **Argent denies that it forwarded copies of any "loan and/or closing documents" to Plaintiff's counsel. Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.**

25. The Plaintiff did not sign the Notice of Right to Cancel on May 6, 2005 and, upon information and belief, did not sign the Notice of Right to Cancel on May 8, 2005 or at any other time.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.**

26. The Plaintiff did not receive a copy of the Notice of Right to Cancel, or any other loan and/or closing document, before a copy was given to him by his counsel on or about June 8, 2005.

**ANSWER:** **Argent denies the allegations of Paragraph 26. Plaintiff acknowledged that he received, on May 6, 2005, a full and complete set of all loan documents signed in connection with his transaction, including a Notice of Right to Cancel.**

27. Midnight of May 10, 2005 was the second business day following consummation of the transaction on May 8, 2005; the third business day following consummation of the transaction on May 8, 2005 was May 11, 2005.

**ANSWER:** Argent admits that May 10, 2006 and May 11, 2005 were the second and third business days, respectively, following May 8, 2005. Argent is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 27.

28. Pursuant to the terms of the loan documents, the Plaintiff was entitled to receive cash disbursements; certain of those cash disbursements were made payable to third parties for his benefit in the total amount of $11,659.00 and a further cash disbursement was made payable to the order of the Plaintiff in the amount of $28,677.12; the Plaintiff did not receive the said cash disbursements until on or about June 21, 2005 and July 25, 2005 respectively.

**ANSWER:** Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Argent admits that Plaintiff's HUD-1A statement reflects an amount of $28,677.12 in line 1604 ("Equals disbursements to borrower (after expiration of any applicable rescission period required by law)." Argent also admits that the same form reflects various payments made to third parties, but denies that the total amount of those payments is $11,659.

29. On July 27, 2005, the Plaintiff exercised his right to rescind the contract/loan by sending notice to the Defendants via certified mail, return receipt requested.

**ANSWER:** Argent denies the allegations of Paragraph 29.

30. More than twenty calendar days have elapsed since the said notice of rescission was received by the Defendants.

**ANSWER:** Argent denies the allegations of Paragraph 30.

31. On or about August 16, 2005, Argent assigned the loan to Countrywide which is the current holder or owner of the note as well as the servicer of the debt; as an assignee, Countrywide is subject to all claims and defenses that the borrower has against Argent.

**ANSWER:** Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Argent denies that Countrywide is the current holder or owner of the note referenced in Paragraph 31, or that Countrywide is the servicer of the debt referenced in Paragraph 31. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31.

32. Plaintiff remains ready, willing and able to meet his tender obligations as may be required by law and as may be applicable under any Count of this Complaint with respect to any or all of the named Defendants, including the Defendant Countrywide.

**ANSWER:** **Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.**

33. Paragraphs 1-32 are incorporated by reference in this First Count as if fully stated herein.

**ANSWER:** **Argent restates its answers to Paragraphs 1-32 as if fully stated herein.**

34. This consumer credit transaction was subject to the right of rescission as provided by 15 U.S.C. Section 1635.

**ANSWER:** **Paragraph 34 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 34.**

35. At all times relevant hereto, the Plaintiff has a continuing right to rescind the loan transaction.

**ANSWER:** **Paragraph 35 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 35.**

36. The Defendants, or any one of them, failed to take any necessary or appropriate action to reflect the termination of the security interest taken or to return to the Plaintiff any money or property given to anyone, as required by 15 U.S.C. Section 1635 (b).

**ANSWER:** **Paragraph 36 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 36.**

37. The Plaintiff claims that all Defendants as identified below violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Connecticut Truth-in-Lending Act,

Conn. Gen. Stat. § 36a-676 et seq., mirroring the federal requirements (collectively "the Acts") as established by the facts plead in the within Complaint in one or more of the following specifically enumerated ways:

a. As to the Defendants, Alpha and Argent, by failing to provide notice of the right to rescind the mortgage as required by the Acts; by failing to provide timely, proper and adequate notice of the right of recision, and, further, in failing to provide an adequate number of copies of the notice of right of recision pursuant to 15 U.S.C. Section 1635 (c);

b. As to the Defendants, Alpha and Argent, individually or through their employees, agents, servants or assigns, by providing an inaccurate and/or misleading notice of rights of recision in violation of 15 U.S.C. Section 1601 et. seq.;

c. As to the Defendants, Alpha, Argent and Advantage, individually or through their employees, agents, servants or assigns, in materially altering the notice of right of recision in a manner not permitted by law nor authorized by the Plaintiff;

d. As to the Defendants, Alpha and Argent, individually or through their employees, agents, servants or assigns, by failing to conspicuously provide notice of the recision rights, and the length of the recision period;

e. As to the Defendants, Alpha, Argent and Advantage, individually or through their employees, agents, servants or assigns, in misdating and/or misadvising the Plaintiff of the date on which the recision period would expire;

f. As to the Defendants Alpha and the Argent, individually or through their employees, agents, servants or assigns, in failing to explain and/or calculate the correct APR on the loan in the Truth in Lending statement provided to the Plaintiff in light of the retention of Plaintiffs cash out proceeds and the failure to make immediate tender of the cash out refinancing proceeds;

g. As to the Defendants, Alpha, Argent and Advantage, individually or through their employees, agents, servants or assigns, by charging excessive and unearned fees in violation of 15 U.S.C. Section 1601 et. seq.;

h. As to the Defendants, Alpha and Argent, individually, or through their employees, agents, servants or assigns, by failing to provide a Good Faith estimate in a timely manner, or a Good Faith estimate that was reasonably likely to provide the borrower with an indication of the terms and conditions of his loan;

i. As to the Defendants, Alpha, Argent, and Advantage, individually, or through their employees, agents, servants or assigns, by failing to clearly and conspicuously provide disclosures in compliance with 15 U.S.C. Section 1632;

      j.      As to the Defendants Alpha, Argent and Advantage, individually, or through their employees, agents, servants or assigns, by failing to provide disclosures pursuant to 15 U.S.C. Section 1639 upon the change of the terms of the loan.

**ANSWER:** **Paragraph 37 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 37.**

38. As a result of the actions of the Defendants, Alpha, Argent and Advantage, acting in concert or individually, in violation of the Truth in Lending Acts as referenced, Defendants Alpha, Argent and Advantage are liable for:

    a.    Recision of the transaction;
    b.    Termination of any security interest in Plaintiffs property created under this transaction;
    c.    Return of any money or property given by the Defendant to anyone in connection with the transaction;
    d.    Forfeiture of loan proceeds;
    e.    Statutory damages pursuant to 15 U.S.C. Section 1635 (a) et. seq. and Connecticut General Statues Section 36a-683 et. seq. where the Defendant failed to properly respond to the Plaintiff's recision demand;
    f.    Actual damages, as determined at trial, including but not limited to the difference between the interest rate on the current loan and that on the paid-off loan, fees and costs not otherwise chargeable or allowable, as both a direct and a proximate cause of the Defendants' misconduct;
    g.    Damages within the scope of 15 U.S.C. Section 1640; and
    h.    Reasonable attorney's fees.

**ANSWER:** **Paragraph 39 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 39.**

39. As a result of the actions of the Defendants, or any one of them acting in concert or individually, in violation of the Truth in Lending Act as referenced, Defendant Countrywide is liable for:

    a.    Recision of the transaction;
    b.    Termination of any security interest in Plaintiff's property created under this transaction;
    c.    Return of any money or property given by the Defendant to anyone in connection with the transaction; and

        d.        Forfeiture of loan proceeds. Second Count (Violations of Real Estate Settlement and Procedures Act - 12 U.S.C. Section 2601 et. Seq. - and also Regulation Z, 12 C.F.R. Section 226 et seq. against all Defendants).

**ANSWER:** **Paragraph 40 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 40.**

40. Paragraphs 1-36 of the First Count are incorporated by reference as if fully stated in this Second Count.

**ANSWER:** **Argent restates its answers to Paragraphs 1-36 as if fully stated herein.**

41. Defendants Alpha and Argent violated the Real Estate Settlement and Procedures Act in one or more of the following ways:

        a.        In that they did not provide a good faith estimate in a timely manner pursuant to 24 C.F.R part 3500 et. seq. and Section 226.19 of Regulation Z, appearing at 12 C.F.R. Section 226.19 (a).

**ANSWER:** **Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 41.**

42. Defendants further violated the Real Estate Settlement and Procedures Act in one or more of the following ways:

        a.        In that the HUD-1 settlement statement provided to the Plaintiff by the Defendants Alpha, Argent and Advantage was inaccurate and materially misleading, and not based upon the best information reasonably available to the Defendants at the time the disclosures were made;

        b.        The fees charged on the HUD-1 settlement statement by the Mortgage broker Defendant Alpha to the Plaintiff exceed those allowed by law, being an amount equal to or greater than ten thousand dollars ($10,000); this fee constitutes an excessive or unearned fee for services;

        c.        The fees charged on the HUD-l as paid to and charged by the Closer Defendant Advantage exceed those allowed by law, being fees-for services which were not performed; the disbursement fee was inappropriately charged where, as here, the actual disbursements were mailed to Plaintiff for him to forward on to the other involved creditors; the fees charged also include an e-mail fee, which is a charge for an item that is otherwise free of charge; the fees charged include an appraisal fee,

       which upon information and belief was paid to a third party not listed on the HUD-1 after a kickback in violation of 24 C.F.R. Section 3500 et. sea and Section 8 of the Real Estate Settlement and Procedures Act at 12 U.S.C. 2607;

d. The fees charged on the HUD-1 as paid to or retained by the Lender Argent and calculated by the Lender Argent for prepaid interest are materially inaccurate in that same are based on disbursement of the `cash out' funds, which represent part of the total amount borrowed, with interest commenced on the date of the conclusion of the recision period; Plaintiff did not receive the funds at the end of the Lender and/or Broker determined recision period but nevertheless paid interest and continues to pay interest on those funds as if he had actual use of same; further, the Lender Argent, had it only an `estimate' of the amount of per-diem interest which should be collected at the consummation of the transaction should have so disclosed the interest calculation as an estimate pursuant to 12 C.F.R. 226.31(d);

e. The Defendants or one or all of them failed to provide adequate notice of the right to rescind the mortgage as required by Regulation Z, further failed to provide the requisite number of recision notices, and further, failed to properly advise the Plaintiff of the recision period all in violation of those Real Estate Settlement and Procedures Act regulations promulgated under 12 C.F.R. Section 226 *et seq.*;

f. Through their employees, agents, servants or assigns, the Defendants or one or all of them provided inaccurate, or misleading notice of right of recision in that the notice of right of recision was altered and/or willfully misdated by the Defendants;

g. Through their employees, agents, servants or assigns, the Defendants failed to disclose the number, amount and due dates of the proposed indebtedness;

h. In that the Defendants, or one or all of them failed to conspicuously provide notice of recision rights;

i. In that the Defendants, or one or all of them, misdated the date on which the recision period would expire.

j. In that the Lender, Argent, failed to provide failed to provide so called "special information booklets" to the borrowers pursuant to 12 U.S.C Section 2604 either alone or in concert with the required Good Faith Estimate, on a timely basis; and

k. In that the Broker, Alpha, and the Lender, Argent, failed to provide redisclosure of rates and terms between the time of the initial disclosure and the closing, where the rates differed by more than one eighth of a percentage point pursuant to 7 C.F.R Section 1940 *et seq.*

**ANSWER:** **Paragraph 42 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 42.**

43. As a result of the actions of the Defendants, Alpha, Argent and Advantage, acting in concert or individually, in violation of the Real Estate and Settlement Procedures Act as referenced, Defendants Alpha, Argent and Advantage are liable for:

    a. Recision of the transaction;
    b. Termination of any security interest in Plaintiff's property created under the transaction;
    c. Return of any money or property given by the Defendant to anyone in connection with the transaction;
    d. Forfeiture of loan proceeds;
    e. Actual damages, as determined at trial, including but not limited to the difference between the interest rate on the current loan and that on the paid-off loan, fees and costs not otherwise chargeable or allowable, as both a direct and a proximate cause of the Defendants' misconduct; and
    f. Reasonable attorney's fees.

**ANSWER:** **Paragraph 43 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 43.**

44. As a result of the actions of the Defendants, or any one of them acting in concert or individually, in violation of the Real Estate and Settlement Procedures Act as referenced, Defendant Countrywide is liable for:

    a. Recision of the transaction;
    b. Termination of any security interest in Plaintiff's property created under the transaction;
    c. Return of any money or properly given by the Defendant to anyone in connection with the transaction; and
    d. Forfeiture of loan proceeds. Third Count (Forgery pursuant to Connecticut General Statute Section 52-565 against all Defendants except Defendant Countrywide)

**ANSWER:** **Paragraph 44 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 44.**

45. Paragraphs 1-36 of the First Count are incorporated by reference as if fully stated in this Third Count.

**ANSWER:** **Argent restates its answers to Paragraphs 1-36 as if fully stated herein.**

- 13 -

46. The signatures on the right of recision, and potentially other documents contained within the closing package were forged by one of the named Defendants, and/or their employees, agents, servants, and assigns.

**ANSWER:** **Argent denies that it, or any of its employees, agents, servants, or assigns, forged signatures on any documents in Plaintiff's closing package. Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46.**

47. As a result of the actions of the Defendants, Alpha, Argent and Advantage, acting in concert or individually, Defendants, Alpha, Argent and Advantage are liable for:

> a. Actual damages, as determined at trial, including but not limited to the difference between the interest rate on the current loan and that on the paid-off loan, fees and costs not otherwise chargeable or allowable, as both a direct and a proximate cause of the Defendants' misconduct; and
> b. Double damages pursuant to Connecticut General Statute Section 52-565. Fourth Count (Connecticut Unfair Trade Practices Act against all Defendants except Defendant Countrywide)

**ANSWER:** **Paragraph 47 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 47.**

48. Paragraphs 1-36 of the First Count are incorporated by reference as if fully stated in this Fourth Count.

**ANSWER:** **Argent restates its answers to Paragraphs 1-36 as if fully stated herein.**

49. For the above reasons the Defendants, Alpha, Argent and Advantage, have acted in violation of General Statutes Section 42-110a et seq. of the Connecticut Unfair Trade Practices Act (CUTPA) in that their actions were unfair and deceptive in the conduction of trade and business.

**ANSWER:** **Paragraph 49 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 49.**

50. Defendants violated public policy set forth in Consumer Protection Act 15 U.S.C. 1601 *et seq*. and C.G.S. 36a-675.

**ANSWER:** **Paragraph 50 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 50.**

51. Defendants' actions were immoral, unethical, oppressive and unscrupulous and said actions resulted in ascertainable loss and injury to the plaintiff in violation of the Connecticut Unfair Trade Practice Statute. Count V (Breach of Contract as and against all Defendant's except Defendant Countrywide)

**ANSWER:** **Paragraph 51 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 51.**

52. Paragraphs 1-36 of the First Count are incorporated by reference as if fully stated in this Fifth Count.

**ANSWER:** **Argent restates its answers to Paragraphs 1-36 as if fully stated herein.**

53. The Defendants, Alpha, Argent and Advantage, have breached their contractual obligations to the Plaintiff in one or more of the following ways:

> a. In misdating/misadvising the Plaintiff of the date on which the recision period would expire; and
> b. As to the Defendants Alpha and the Argent, individually or through their employees, agents, servants or assigns, in failing to explain, calculate and/or charge the Plaintiff the correct APR on the loan;
> c. As to the Defendants Alpha, Argent, and Advantage, individually, or through their employees, agents, servants or assigns by failing to provide the Plaintiff with copies of the documents he signed despite demand;
> d. In collecting from the Plaintiff an amount of interest greater than the amount due pursuant to the terms of the note.

**ANSWER:** **Paragraph 53 contains a legal conclusion to which no response is required. To the extent a response is required, Argent denies the allegations of Paragraph 53.**

**AFFIRMATIVE DEFENSES**

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

On December 6, 2006, plaintiffs filed two master class complaints on behalf of borrowers and non-borrowers. [Docket Nos. 323, 325.] These complaints purported to embrace every claim of every plaintiff in this MDL Proceeding. On January 19, 2007, Defendants (including Argent) filed motions to dismiss these complaints or, in the alternative, for more definite statements. [Docket Nos. 386, 391.] Argent expressly incorporates each and every one of the arguments made in those motions into this Answer, and expressly reserves the right to move to have any relevant rulings made in connection with the master class complaints applied to the instant action.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Argent were excused by the actions of Plaintiff or others.

6. Plaintiff is not entitled to any relief and/or recovery of damages from Argent as Argent was privileged to do any and all acts and/or omissions alleged in the Complaint.

7. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged in any manner whatsoever, such damage, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Argent, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

8. Plaintiff's claims based on any alleged oral modification or agreement are barred by the Parol Evidence Rule.

9. Argent alleges that its conduct was not the proximate cause of Plaintiff's alleged damages; therefore, Plaintiff is estopped from any recovery against Defendant.

10. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exercise reasonable and ordinary care, caution and prudence to prevent the alleged damages, if any.

11. At all times relevant to this action, Argent acted within the course and scope of reasonable commercial standards and legitimate business transactions.

12. Plaintiff's claims are barred in whole or in part, on the ground that Plaintiff did not rely on any alleged representations made by Argent and that Plaintiff's reliance, if any, was not justifiable or reasonable.

13. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Argent described in the Complaint.

14. Plaintiff's claims are barred, in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

17. Plaintiff's claims are barred, in whole or in part, because the allegedly wrongful conduct of Argent was not malicious.

18. Plaintiff's claims are barred because Argent owed no duty to Plaintiff arising from, or with respect to, the allegations therein.

19. Argent alleges that no officer, director, or managing agent of Argent ratified the conduct alleged by Plaintiff.

20. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

21. Plaintiff's claims are barred because Argent at all times complied with all applicable laws, statutes and regulations and therefore is protected by all applicable safe harbors.

22. Plaintiff's claims are barred or limited because pursuant to 15 U.S.C. Section 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

23. If it should be deemed that Plaintiff is entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiff's reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiff's behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. Section 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff reimbursing or otherwise returning all funds disbursed on his behalf to the holder of the loan in connection with the subject loan, less any finance charges.

25. Argent alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant Argent Mortgage Company, LLC requests that this Court enter judgment in its favor and against Plaintiff Wetzer Surin, award Argent Mortgage Company, LLC its costs, and provide such further and additional relief as it deems just and appropriate.

- 19 -

                Respectfully submitted,

DATED: April 19, 2007      By: s/ Gregory J. Miarecki

                *Attorneys for Argent Mortgage Company, LLC*

                Thomas J. Wiegand
                Gregory J. Miarecki
                WINSTON & STRAWN LLP
                35 West Wacker Drive
                Chicago, Illinois 60601-9703
                Telephone: (312) 558-5600
                Facsimile: (312) 558-5700

**CERTIFICATE OF SERVICE**

I, Gregory J. Miarecki, hereby certify that on this 19th day of April 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     s/ Gregory J. Miarecki