IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Judge Marvin E. Aspen |
| | Magistrate Judge Morton Denlow |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## DEFENDANTS'[1] STATUS REPORT

## I.    INTRODUCTION

This multidistrict litigation proceeding requested by plaintiffs (the "Proceeding") is not currently at issue because the pleadings remain unsettled and hundreds of necessary parties, including approximately 450 new defendants, have yet to be added and procedurally cannot be immediately joined or served pursuant to this Court's order.  Specifically:

- Defendants filed a Motion to Dismiss the Consolidated Complaint For Claims Of Non-Borrowers ("Non-Borrower Complaint") that is fully briefed and pending before Judge Aspen.  [Docket No. 386.]

- Defendants filed a Motion to Dismiss the Borrowers' Consolidated Class Action Complaint ("Borrowers' Complaint") that is fully briefed and pending before Judge Aspen.  [Docket No. 381]

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.

1

- Defendants filed a consolidated Motion to Dismiss 89 individual opt-out complaints before Judge Aspen that will not be fully briefed until May 23, 2007. [Docket No. 652.]

- There are presently 16 cases in the "tag along" process that are subject to Conditional Transfer Orders. Defendants identified one new class action on April 17, 2007.

- There are presently 2 cases in the reassignment process.

- On March 16, 2007, Judge Aspen ordered that Defendants file any third party complaints in the form of one consolidated third party complaint 45 days after Defendants file their last answer to an individual complaint. Defendants expect to ultimately name and serve more than 200 additional defendants, including but not limited to, closing agents from whom Defendants will seek indemnification. It remains uncertain when these necessary parties will be brought into this Proceeding.

- On April 18, 2007, Defendants identified the majority of the current owners of those loans that are at issue in the opt-out cases in this Proceeding. Defendants expect that opt-out plaintiffs will now seek to amend their complaints to add new defendants as the current owner of the loans in approximately 250 cases.

Although all necessary parties are not yet before the Court, the existing parties continue to cooperate with each other and actively move the Proceeding forward.

This Status Report informs this Court of the state of the following issues: (1) procedural status of the Proceeding, including the addition of approximately 450 necessary defendants; (2) the settlement between Ameriquest Mortgage Company and the Attorneys General (the "AG Settlement") that is expected to resolve no fewer than 70-90% of eligible claims; (3) discovery; (4) Defendants' outstanding motion to compel the filing of amended class complaints; (5) plaintiffs' consolidated Motion for Additional Case Management Guidelines; and (6) various orders that all parties request this Court enter.

## II. PROCEDURAL STATUS

On January 19, 2007, Defendants filed separate motions to dismiss the Non-Borrower Complaint and Borrowers' Complaint. [Docket Nos. 386 and 391.] These motions are fully-briefed and, when decided, are expected to resolve many important legal issues, including which

causes of action will remain and thus define the scope of discovery. On March 30, 2007,

Defendants filed a consolidated motion to dismiss and for a more definite statement in 89

individual cases based upon the expiration of the statute of limitations, relief not available by

statute, and the failure to sufficiently state the factual cause of injury and applicable state law.

[Docket No. 652.] According to the 54-day briefing schedule contained in Judge Aspen's

November 7, 2006 Case Management Order ("November 7, 2006 Order"), the briefing on this

motion is expected to be completed on or about May 23, 2007.

Moreover, all the necessary parties are not yet before the Court. At present, 324 cases

have been transferred or reassigned to this Proceeding, and new cases are regularly added

through either the "tag-along" process or through this District's reassignment procedures. There

are 16 cases in various stages of the "tag-along" process that are subject to a Conditional

Transfer Order ("CTO"), but either the CTO has not become final or the parties have moved to

vacate the CTO as to their action. There are also 2 cases in the reassignment process. In

addition, the MDL Panel has ordered transfer of 43 cases for which the files have not yet arrived

in the Northern District and are therefore not before this Court yet. (Attached as Exhibit A to

this Report is a true and correct copy of the April 16, 2007 MDL Panel Case Listing Report for

this Proceeding.) Moreover, Defendants identified one new class action case to the Panel for

transfer on April 17, 2007. And, within the past few weeks, the Court granted six separate

reassignment motions, thereby adding another 35 cases to this Proceeding. [*See* Docket Nos.

674, 678, 679, 680, 687, 691.]

On March 5, 2007, Defendants began filing third-party complaints in the various actions

in order to join indispensable third-party defendants. On March 16, 2007, Judge Aspen ordered

that Defendants stop filing individual third-party complaints and instead file one consolidated

third-party complaint 45 days after the last answer is due in an individual case. [*See* Docket No. 615.] Since Defendants have moved to dismiss many of the individual opt-out complaints, it remains uncertain when the consolidated third-party complaint will be filed. Nevertheless, Defendants ultimately expect to name and serve at least 200 new third-parties defendants, including, but not limited to, the closing agents who closed the individual loans at issue. Generally, claims for breach of contract, indemnity and negligence will be asserted against these third parties, and Defendants expect that these claims will necessitate the involvement of insurance carriers of the named third-party defendants.

Further, on April 18, 2007, Defendants identified the purchasers of the majority of the loans at issue in the opt-out complaints. Defendants expect that opt-out plaintiffs will seek leave to amend their complaints to name the current owner of each loan as additional defendants in approximately 250 cases. Defendants do not expect to uniformly oppose any motions for leave that seek to add only new parties.

## III.   STATUS OF THE ATTORNEYS GENERAL SETTLEMENT

The majority of the lawsuits in this Proceeding were filed in the wake the AG Settlement between Ameriquest Mortgage Company ("AMQ") and the Attorneys General of the 49 states in which AMQ has done business over the last six years. The AG Settlement represents years of effort by the elected chief law enforcement officers to resolve, on behalf of their constituents, claims entirely similar to those at issue in this proceeding. Defendants expect that, by July 2007, most, if not all, borrowers in this Proceeding will receive notice of, and the right to participate in, the AG Settlement. Any borrower who accepts the benefits of the settlement will sign a comprehensive release of claims including most of the claims in this Proceeding. Moreover, the terms of the AG Settlement are highly favorable to borrowers in that, among other things, the Attorneys General are solely responsible for the distribution and allocation of funds under the

settlement.  In fact, Defendants have been informed by the claims administrator and believe that, based upon experience with other similar settlements, the claims participation rate in the AG Settlement should range between 70-90% of all eligible borrowers.  [Docket No. 167, ¶ 9.] (Attached as Exhibit B to this Report is a true and correct printout of the Frequently Asked Questions regarding the AG Settlement that the claims administrator has made available online at http://www.ameriquestmultistatesettlement.com.)

## IV.    DISCOVERY

To date, Plaintiffs have served 614 separate requests for documents.  The parties have met and conferred regarding the manner and timing of the production of responsive non-privileged documents and production is anticipated to begin April 25, 2007.

Defendants have noticed 306 depositions of opt-out plaintiffs.  During the meet and confer discussions regarding the timing and location of those depositions, the parties agreed that these depositions should not begin until Defendants have completed the process of filing and serving their third-party defendants so that such parties are able to participate should they so choose.

Plaintiffs requested the deposition of a former executive of Defendants.  Defendants have arranged for that deposition to be taken on May 9, 2007.  Plaintiffs also have noticed 30(b)(6) depositions of various Defendants that cover a combined 163 topics.  Defendants are meeting and conferring with plaintiffs regarding dates for those depositions.  While no firm dates for specified deponents have been agreed to, the parties have reserved the date of May 21, 2007.

Defendants and Class Counsel plus most, but not all, of the individual plaintiffs have agreed on a form of proposed protective order.  Defendants are unaware of any objections to the proposed form of order by any of plaintiffs' counsel who have not yet signed the order.

## V.    MOTION TO COMPEL FILING OF AMENDED CLASS COMPLAINTS

Although Defendants contend that plaintiffs failed to comply with the November 7, 2006

Order regarding the drafting of the master class actions complaints[2] and that this failure was

likely to thwart Judge Aspen's vision for an organized and streamlined proceeding.  Based on the

issuance of recent orders from this Court and the discovery agreements detailed above,

Defendants have concluded that most of the issues raised by the Motion have been adequately

addressed.  Accordingly, Defendants are now prepared to withdraw the pending Motion to

Compel Compliance.

## VI.    MOTION FOR ADDITIONAL CASE MANAGEMENT GUIDELINES

On April 16, 2007, plaintiffs filed a consolidated Motion for Additional Case

Management Guidelines.  [Docket No. 696.]  By their Motion, plaintiffs request clarification of

various procedural issues and/or seek to "put these issues on the agenda for the status conference

currently planned for April 26, 2007."  [*Id*. at 3.]  Because plaintiffs filed their Motion after

Judge Aspen vacated and continued the April 26 Status Conference to June 28, 2007 [Docket

No. 688], it appears that plaintiffs are asking this Court to rule upon the issues raised in the

Motion.  Although Defendants believe the Motion is properly directed to Judge Aspen,

Defendants nonetheless respond as follows:

- Notice of Presentment: The November 7, 2006 Order provides a standard briefing

    schedule—"All motions shall be filed with a supporting brief.  Except as

    otherwise noted, oppositions to any motion shall be filed within 30 days.  The

    moving party shall have 14 days to file a response brief, and the opposing party

---

[2] Specifically, among other things, the Non-Borrower Complaint and Borrower Complaint did not include the claims of all parties, including many class claims.  Plaintiffs have since moved to withdraw their class claims in those actions which are not part of the Non-Borrower Complaint and the Borrower Complaint.  Defendants did not oppose those motions and there is no longer any class action complaints improperly included among the opt-out cases.

shall then have 7 days to file any reply." [Docket No. 284 at 14.] No further briefing schedule is necessary. Plaintiffs need only confirm that they will abide by the existing schedule.

- Docket: Defendants have no objection to the creation of 3 dockets as follows: (1) non-borrower class action; (2) borrower class action; and (3) all individual opt-out actions. To date, counsel for many opt-out plaintiffs has taken an inconsistent approach to filing documents with this Court that has resulted in prejudice to Defendants. In particular, many opt-out plaintiffs filed motions for leave to amend their complaints in dockets other than the master MDL docket for this Proceeding. Because of this, lead counsel for Defendants has not received notice of these filings and has therefore missed the opportunity to oppose some of these motions. Accordingly, Defendants agree that a separate docket encompassing all individual claims is an efficient way to ensure due process. If the Court disagrees, Defendants request that all filings be made under the master MDL docket so that Defendants' counsel receives notice of all filings.

- MDL Case List: Defendants oppose any attempt by plaintiffs to place the burden upon Defendants to identify the cases, plaintiffs and counsel involved in this Proceeding. First, the November 7, 2006 Order created Lead Counsel, Liaison Counsel, an Individual Claims Steering Committee and a Plaintiffs Executive Committee that should be able to cooperate and determine which matters are included in this Proceeding. Second, the Multidistrict Panel on Litigation issues a "Case Listing Report" that is always made available upon request. [*See* Exhibit A.] To the extent plaintiffs remain confused about the procedural status of any

particular case, Defendants will agree to meet and confer with plaintiffs on the matter.

## VII.   PROPOSED ORDERS

(1)   Stipulated Protective Order.  Defendants and Class Counsel plus most, but not all, of the individual plaintiffs have agreed on a form of proposed protective order.  Attached as Exhibit C to this Report is a true and correct copy of the Stipulated Protective Order.  Defendants are not aware of any objections to the proposed form of order.  Therefore, Defendants request that this Court enter the attached Stipulated Protective Order.

(2)   Stipulation Re Production of Plaintiffs' Loan Files.  Defendants, Class Counsel and representatives of the individual plaintiffs have agreed, among other things, that to protect the privacy rights of the borrower plaintiffs, production of a borrower's loan file to that plaintiff's counsel shall be deemed production to all plaintiffs in the Proceeding.  Attached as Exhibit D to this Report is a true and correct copy of the Stipulation Re Production Of Plaintiffs' Loan Files.  Defendants request that Exhibit D be entered as an order of this Court.

(3)   Stipulation Re Mediation & Discovery With Opt-Out Plaintiffs.  On January 19, 2007 Defendants and representatives of the individual plaintiffs entered into a Stipulation Re Mediation, which is attached as Exhibit E to this Report and was previously filed as Docket No. 398 but has not yet been entered.  Defendants request that Exhibit E be entered as an order of this Court.

(4)   Proposed Order Re Multiple Depositions of Same Witnesses.  All parties are endeavoring to cooperate in order to ensure that discovery proceeds in an orderly and expeditious fashion.  To this end, Defendants are producing numerous witnesses prior to the joinder of all necessary parties.  In keeping with the Court's November 7, 2007 Order, Defendants request that parties joined after a particular deposition has taken place be barred from retaking that witness'

deposition. Attached as Exhibit F to this Report is a Proposed Order governing multiple depositions of the same witnesses. Defendants request that Exhibit F be entered as an order of this Court.

Respectfully submitted,

DATED: April 23, 2007

By: /s/ Bernard E. LeSage

*Attorneys for Defendants Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, Lesage, hereby certify that on this 23rd day of April 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

EXHIBIT A

*Attn: Maria Chirivella*

# Judicial Panel on Multidistrict Litigation - Case Listing Report

Docket: 1715 - In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

Status: Transferred on 12/13/2005

Transferee District: ILN    Judge: Aspen, Marvin E.

Transferee District Master Docket No.: 1:05-cv-7097 (Lead case)

Report is Ordered by District and Case #

Printed on 04/16/2007

Page 1

| Civil Action/Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| **ARKANSAS EASTERN** | | | | | | | | | |
| 4-06-324 | Derksen, et al. v. Ameriquest Mortgage Co. | Wright | 9 | CTO Filed | 10/16/2006 | 2006-6742 | CTO Final | 11/01/2006 | |
| **CALIFORNIA CENTRAL** | | | | | | | | | |
| 2-04-9715 | Bargsdrff v. Ameriquest Capital Corp., et al. | Morrow | | Motion | 07/13/2005 | 2005-7099 | Transfer | 12/13/2005 | |
| 2-05-1426 | Quarleman v. Ameriquest Capital Corp., et al. | Morrow | 1 | CTO Filed | 02/27/2006 | 2005-5383 | Transfer | 06/16/2006 | |
| 5-07-59 | Moore v. Argent Mortgage Co., LLC, et al. | Phillips | | Suspense | 04/10/2007 | | | | |
| 8-05-285 | Brown, et al. v. Ameriquest Capital Corp., et al. | Steifer | 1 | CTO Filed | 02/27/2006 | 2006-1730 | CTO Final | 03/15/2006 | |
| 8-05-907 | Van Gorp, et al. v. Ameriquest Mortgage Co., et al. | Carney | 1 | CTO Filed | 02/27/2006 | 2006-1731 | CTO Final | 03/15/2006 | |
| 8-05-1112 | Julleral v. Ameriquest Mortgage Co. | Carter | 1 | CTO Filed | 02/27/2006 | 2006-1732 | CTO Final | 03/15/2006 | |
| **CALIFORNIA NORTHERN** | | | | | | | | | |
| 3-05-240 | Knox, et al. v. Ameriquest Mortgage Co., et al. | Conti | | Motion | 07/13/2005 | 2005-7100 | Transfer | 12/13/2005 | |
| **CONNECTICUT** | | | | | | | | | |
| 3-05-452 | Bailey, et al. v. Ameriquest Mortgage Co. | Droney | 1 | CTO Filed | 02/27/2006 | 2006-1733 | CTO Final | 03/15/2006 | |
| 3-05-1296 | Sievert, et al. v. Ameriquest Mortgage Co., et al. | Chatigny | 1 | CTO Filed | 02/27/2006 | 2006-1734 | CTO Final | 03/15/2006 | |
| 3-05-1653 | Saris v. Alpha Mortgage Lending, LLC, et al. | Chatigny | 1 | CTO Filed | 02/27/2006 | 2006-5584 | Transfer | 06/16/2006 | |
| 3-05-1831 | Duncan, et al. v. Ameriquest Mortgage Co. | Hall | 2 | CTO Filed | 04/03/2006 | 2006-2467 | CTO Final | 04/19/2006 | |
| 3-05-1888 | Pastacota, et al. v. Ameriquest Mortgage Co., et al. | Kravitz | 2 | CTO Filed | 04/03/2006 | 2006-2468 | CTO Final | 04/19/2006 | |
| 3-06-117 | Bekeel, et al. v. Ameriquest Mortgage Co., et al. | Kravitz | 2 | CTO Filed | 04/03/2006 | 2006-2469 | CTO Final | 04/19/2006 | |
| 3-06-118 | Allan, et al. v. Argent Mortgage Co., LLC | Hall | 2 | CTO Filed | 04/03/2006 | 2006-2470 | CTO Final | 04/19/2006 | |
| 3-06-119 | Bowe, et al. v. Ameriquest Mortgage Co. | Kravitz | 2 | CTO Filed | 04/03/2006 | 2006-2471 | CTO Final | 04/19/2006 | |
| 3-06-182 | Fitzgerald, et al. v. Ameriquest Mortgage Co. | Thompson | 3 | CTO Filed | 05/02/2006 | 2006-3123 | CTO Final | 05/18/2006 | |
| 3-06-195 | Betcher, et al. v. Ameriquest Mortgage Co. | Underhill | 3 | CTO Filed | 05/02/2006 | 2006-3124 | CTO Final | 05/18/2006 | |
| 3-06-209 | Anderson, et al. v. Ameriquest Mortgage Co., et al. | Thompson | 3 | CTO Filed | 05/02/2006 | 2006-3125 | CTO Final | 05/18/2006 | |
| 3-06-384 | McCall, et al. v. Ameriquest Mortgage Co., et al. | Kravitz | 3 | CTO Filed | 05/02/2006 | 2006-3126 | CTO Final | 05/18/2006 | |
| 3-06-434 | Damm, et al. v. Ameriquest Mortgage Co., et al. | Eginton | 5 | CTO Filed | 06/30/2006 | 2006-4032 | CTO Final | 07/18/2006 | |
| 3-06-488 | Veiten, et al. v. Argent Mortgage Co., LLC, et al. | Covello | 5 | CTO Filed | 06/30/2006 | 2006-4034 | CTO Final | 07/18/2006 | |
| 3-06-571 | Ingham, et al. v. Ameriquest Mortgage Co. | Kravitz | 5 | CTO Filed | 06/30/2006 | 2006-4035 | CTO Final | 07/18/2006 | |
| 3-06-662 - - - - | LaCroca v. Ameriquest Mortgage Co., et al. | Hall | 5 | CTO Filed | 06/30/2006 | 2006-4035 | CTO Final | 07/18/2006 | |
| 3-06-1140 | Mangus, et al. v. Ameriquest Mortgage Co. | Thompson | 6 | CTO Filed | 08/08/2006 | | CTO Final | 08/24/2006 | |
| 3-06-1987 | Adelmbrooke, et al. v. Ameriquest Mortgage Co. | Arterton | 14 | CTO Filed | 01/23/2007 | | CTO Final | 02/08/2007 | |
| **FLORIDA MIDDLE** | | | | | | | | | |
| 3-04-1296 | Barber, et al. v. Ameriquest Capital Corp., et al. | Corrigan | 1 | CTO Filed | 02/27/2006 | 2006-1735 | CTO Final | 03/15/2006 | |
| 8-05-1036 | Williams, et al. v. Ameriquest Mortgage Co. | Kovachevich | | Motion | 07/11/2005 | 2005-7098 | Transfer | 12/13/2005 | |
| 8-05-1849 | Unger v. Ameriquest Mortgage Co. | Whitemore | 1 | CTO Filed | 02/27/2006 | 2006-1736 | CTO Final | 03/15/2006 | |
| 8-06-477 | Falero v. Argent Mortgage Co., LLC | Whittemore | 3 | CTO Filed | 05/02/2006 | 2006-3127 | CTO Final | 05/18/2006 | |

*(Docket 1,715 Case Listing Cont'd)*   Page 2

| Civil Action/Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| **FLORIDA SOUTHERN** | | | | | | | | | |
| 1-05-21103 | Altmager v. Argent Mortgage Co., LLC., et al. | Jordan | 1 | CTO Filed | 02/27/2006 | 2006-2024 | CTO Final | 04/03/2006 | |
| 1-06-21814 | Villagran v. Ameriquest Mortgage Co. | King | 8 | CTO Filed | 09/26/2006 | 2006-5699 | CTO Final | 10/17/2006 | |
| **GEORGIA MIDDLE** | | | | | | | | | |
| 1-05-107 | Campbell v. Johnnic Ross, et al | Sands | 1 | CTO Filed | 02/27/2006 | | Transfer | 04/16/2005 | |
| **GEORGIA NORTHERN** | | | | | | | | | |
| 1-06-520 | Julien, et al. v. Ameriquest Mortgage Co. | Pannell | 5 | CTO Filed | 06/30/2006 | 2006-4037 | CTO Final | 07/18/2006 | |
| 1-06-830 | Jones v. Argent Mortgage Co., LLC, et al. | Camp | 5 | CTO Filed | 06/30/2006 | 2006-4038 | CTO Final | 07/18/2006 | |
| 1-06-2710 | Lindsey v. Ameriquest Mortgage Co., et al. | Batten | 12 | CTO Filed | 12/18/2006 | 2007-308 | CTO Final | 01/03/2007 | |
| 4-06-133 | Hurst, et al. v. Ameriquest Mortgage Co. | Murphy | 6 | CTO Filed | 08/03/2006 | | Transfer | 12/19/2006 | |
| **ILLINOIS CENTRAL** | | | | | | | | | |
| 3-07-3034 | Miller, et al. v. Ameriquest Mortgage Co., et al. | Scott | 17 | CTO Filed | 03/06/2007 | 2007-1623 | CTO Final | 03/22/2007 | |
| 4-06-4030 | Harris v. Ameriquest Mortgage Co., et al. | McDade | 5 | CTO Filed | 06/30/2005 | 2006-4040 | CTO Final | 07/18/2006 | |
| **ILLINOIS NORTHERN** | | | | | | | | | |
| 1-04-7627 | Furgeson v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-380 | Hubbard v. Ameriquest Mortgage Co., et al. | Filip | | XYZ Case | 01/30/2006 | | NTN | 01/30/2006 | |
| 1-05-432 | Jones v. Ameriquest Mortgage Co. | Coar | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-648 | Smith, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 01/27/2005 | |
| 1-05-1009 | Jimenez, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2005 | |
| 1-05-1077 | Key v. Ameriquest Mortgage Co. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-1078 | Treadwell, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 01/27/2006 | |
| 1-05-1080 | Talley, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 01/26/2006 | |
| 1-05-1218 | Murray, et al v. Ameriquest Mortgage Co. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-1402 | Wetterqvy, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 01/27/2006 | |
| 1-05-2625 | Tremblo v. Town & Country Credit Corp. | Aspen | | XYZ Case | 03/15/2006 | | NTN | 03/15/2006 | |
| 1-05-3976 | Mills v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-4025 | Harris v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 03/31/2006 | | NTN | 03/31/2006 | |
| 1-05-4162 | Salazar, et al. v. Ameriquest Mortgage Co. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 01/27/2006 | |
| 1-05-4644 | Luedike, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-4723 | Brown v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2005 | |
| 1-05-5033 | Doolittle, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/27/2006 | |
| 1-05-5035 | Pinkski, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 01/26/2006 | |
| 1-05-5111 | Brown, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/26/2006 | |
| 1-05-5911 | Holzstricker v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 08/15/2005 | |
| 1-05-6158 | Mayfield v. Town & Country Credit Corp. | Aspen | | XYZ Case | 03/15/2006 | | NTN | 01/26/2005 | |
| 1-05-6172 | Perry v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 01/27/2006 | |
| 1-05-6517 | Polydoros, et al. v. Town & Country Credit Corp., et al. | Aspen | | XYZ Case | 01/27/2006 | | NTN | 01/26/2006 | |
| 1-05-6808 | Backus v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 01/26/2006 | | NTN | 05/10/2006 | |
| 1-06-269 | Jewell, et al. V. Ameriquest Mortgage Co. | Aspen | | XYZ Case | 05/10/2006 | | NTN | 04/19/2006 | |
| 1-06-1438 | Bergqvist v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 04/19/2006 | | NTN | 05/10/2005 | |
| 1-06-1546 | Thompson, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 05/10/2006 | | NTN | 05/10/2006 | |
| 1-06-1547 | Larry-Payne v. Town & Country Credit Corp, et al. | Aspen | | XYZ Case | 05/10/2006 | | NTN | 05/10/2006 | |
| 1-06-1581 | Rubbock, et al. v. Ameriquest Mortgage Co., et al. | Aspen | | XYZ Case | 05/10/2006 | | NTN | 05/10/2006 | |

(Docket 1,715 Case Listing Cont'd)

| Civil Action/ Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| 1-06-1691 | Jude, et al. v. Town & Country Credit Corp., et al. | Aspen | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | |
| 1-06-1716 | Getz, et al. v. Ameriquest Mortgage Co., et al. | St. Eve | | XYZ Case | 06/08/2006 | | NTN | 06/08/2005 | |
| 1-06-1829 | Garcia v. Argent Mortgage Co., LLC, et al. | Coar | | XYZ Case | 05/02/2005 | | NTN | 65/03/2006 | |
| 1-06-1831 | McGowan v. Ameriquest Mortgage Co., et al. | Manning | | XYZ Case | 05/03/2005 | | NTN | 05/03/2005 | |
| 1-06-1848 | Hawkins v. Ameriquest Mortgage Co., et al. | Grady | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | |
| 1-06-1889 | Billings, et al. v. Ameriquest Mortgage Co., et al. | Der-Yeghiayan | | XYZ Case | 05/03/2006 | | NTN | 04/19/2006 | |
| 1-06-1899 | Wessel, et al. v. Ameriquest Mortgage Co., et al. | Kocoras | | XYZ Case | 04/19/2006 | | NTN | 05/03/2005 | |
| 1-06-1945 | Megliano, et al. v. Ameriquest Mortgage Co., et al. | Leinenweber | | XYZ Case | 05/03/2005 | | NTN | 05/03/2006 | |
| 1-06-1947 | Martin v. Argent Mortgage Co., LLC, et al. | Plunkett | | XYZ Case | 05/03/2006 | | NTN | 05/03/2005 | |
| 1-06-1950 | Rodriguez, et al. v. Town & Country Credit Corp., et al. | Kennelly | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | |
| 1-06-1981 | Anderson, et al. v. Ameriquest Mortgage Co., et al. | Moran | | XYZ Case | 05/03/2006 | | NTN | 05/03/2006 | |
| 1-06-2004 | Jenkins v. Argent Mortgage Co., LLC, et al. | Conlon | | XYZ Case | 05/09/2005 | | NTN | 05/09/2006 | |
| 1-06-2045 | Green v. Argent Mortgage Co., LLC, et al. | Zagel | | XYZ Case | 05/03/2005 | | NTN | 06/08/2006 | |
| 1-06-2187 | Rodriguez, et al. v. Ameriquest Mortgage Co., et al. | Lefkow | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | |
| 1-06-2333 | Sedgwick, et al. v. Ameriquest Mortgage Co., et al. | Grady | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | |
| 1-06-2397 | Jones v. Ameriquest Mortgage Co., et al. | Lindberg | | XYZ Case | 06/08/2006 | | NTN | 06/07/2006 | |
| 1-06-2430 | Babair, et al. v. Ameriquest Mortgage Co., et al. | Der-Yeghiayan | | XYZ Case | 06/07/2006 | | NTN | 06/07/2006 | |
| 1-06-2482 | Dougherty, et al. v. Ameriquest Mortgage Co., et al. | Andersen | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | |
| 1-06-2549 | Grabowski v. Ameriquest Mortgage Co., et al. | Castillo | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | |
| 1-06-2637 | Glueck v. Ameriquest Mortgage Co. | Kennelly | | XYZ Case | 06/08/2006 | | NTN | 07/03/2006 | |
| 1-06-2639 | Glueck v. Argent Mortgage Co., et al. | Castillo | | XYZ Case | 07/03/2006 | | NTN | 06/07/2006 | |
| 1-06-2676 | Bestafield v. Ameriquest Mortgage Co., et al. | Lindberg | | XYZ Case | 06/09/2006 | | NTN | 06/08/2006 | |
| 1-06-2683 | Tirri v. Ameriquest Mortgage Co., et al. | Der-Yeghiayan | | XYZ Case | 06/30/2006 | | NTN | 06/08/2006 | |
| 1-06-2697 | Wisniewski, et al. v. Town & Country Credit Corp., et al. | Kennelly | | XYZ Case | 06/08/2006 | | NTN | 06/08/2006 | |
| 1-06-2736 | Rogers v. Town & Country Credit Corp., et al. | Coar | | XYZ Case | 06/09/2005 | | NTN | 06/08/2006 | |
| 1-06-2771 | Iftes v. Argent Mortgage Co., LLC, et al. | Aspen | | XYZ Case | 06/08/2005 | | NTN | 06/08/2006 | |
| 1-06-2807 | Walker, et al. v. Ameriquest Mortgage Co., et al. | Kennelly | | XYZ Case | 06/08/2005 | | NIN | 06/07/2006 | |
| 1-06-2809 | Grahs v. Argent Mortgage Co., LLC, et al. | Lefkow | | XYZ Case | 06/07/2006 | | NIN | 07/03/2006 | |
| 1-06-2826 | Fillan, et al. v. Ameriquest Mortgage Co., et al. | Shadur | | XYZ Case | 07/03/2006 | | NTN | 06/08/2006 | |
| 1-06-2928 | Smith, et al. v. Ameriquest Mortgage Co., et al. | Coar | | XYZ Case | 06/08/2006 | | NTN | 06/07/2006 | |
| 1-06-2929 | Fenn, et al. v. Argent Mortgage Co., LLC, et al. | Gettleman | | XYZ Case | 06/07/2006 | | NTN | 06/07/2006 | |
| 1-06-2930 | Brown, et al. v. Ameriquest Mortgage Co., et al. | Lefkow | | XYZ Case | 06/07/2006 | | NTN | 07/03/2006 | |
| 1-06-2832 | Meleeno, et al. v. Town & Country Credit Corp., et al. | Nordberg | | XYZ Case | 07/03/2006 | | NTN | 06/08/2006 | |
| 1-06-2897 | Roxon, et al. v. Ameriquest Mortgage Co., et al. | Der-Yeghiayan | | XYZ Case | 06/08/2006 | | NTN | 06/07/2006 | |
| 1-06-2942 | Daeulen v. Ameriquest Mortgage Co., et al. | Darrah | | XYZ Case | 06/07/2006 | | NTN | 07/13/2006 | |
| 1-06-3048 | Harris, et al. v. Town & Country Credit Corp., et al. | Filip | | XYZ Case | 07/13/2006 | | NTN | 07/13/2005 | |
| 1-06-3050 | Gajewski v. Ameriquest Mortgage Co., et al. | Filip | | XYZ Case | 07/03/2006 | | NTN | 09/11/2006 | |
| 1-06-3304 | Smith v. Town & County Credit Corp., et al. | Pallmeyer | | XYZ Case | 09/11/2006 | | NTN | 09/11/2006 | |
| 1-06-4301 | Clarke, et al. v. Ameriquest Mortgage Co., et al. | Manning | | XYZ Case | 09/11/2006 | | NTN | 09/11/2005 | |
| 1-06-4306 | Cleveland v. Ameriquest Mortgage Co., et al. | Kendall | | XYZ Case | 10/02/2006 | | NTN | 10/02/2006 | |
| 1-06-4415 | Warren v. Ameriquest Mortgage Co., et al. | Andersen | | XYZ Case | 09/18/2006 | | NTN | 09/18/2006 | |
| 1-06-4418 | Black, et al. v. Argent Mortgage Co., LLC, et al. | Lefkow | | XYZ Case | 09/18/2006 | | NTN | 09/18/2006 | |
| 1-06-4528 | Bricker, et al. v. Ameriquest Mortgage Co., et al. | Manning | | XYZ Case | 09/18/2006 | | NTN | 09/18/2006 | |
| 1-06-4560 | Burlette v. Ameriquest Mortgage Co., et al. | Kendall | | XYZ Case | 09/18/2005 | | NTN | 09/18/2006 | |

Page 4

(Docket 1:715 Case Listing Cont'd)

| Civil Action/Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination | - Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 1-06-4683 | Cashan, et al. v. Ameriquest Mortgage Co., et al. | Kennelly | | XYZ Case | 10/02/2006 | | NTN | 10/02/2006 | | |
| 1-06-4684 | Grissam, et al. v. Ameriquest Mortgage Co., et al. | Conlon | | XYZ Case | 10/02/2006 | | NTN | 10/02/2006 | | |
| 1-06-4741 | Adkins, et al. v. Ameriquest Mortgage Co., et al. | Leinenweber | | XYZ Case | 11/15/2006 | | NTN | 11/15/2006 | | |
| 1-06-4866 | Stinin, et al. v. Ameriquest Mortgage Co., et al. | Conlon | | XYZ Case | 10/19/2006 | | NTN | 10/19/2006 | | |
| 1-06-4867 | Applegate, et al. v. Ameriquest Mortgage Co., et al. | Leinenweber | | XYZ Case | 10/19/2006 | | NTN | 10/19/2006 | | |
| 1-06-4868 | Gerbig, et al. v. Ameriquest Mortgage Co., et al. | Pallmeyer | | XYZ Case | 10/19/2006 | | NTN | 10/19/2006 | | |
| 1-06-4999 | Kessler v. Ameriquest Mortgage Co., et al. | Norgle | | XYZ Case | 10/19/2006 | | NTN | 10/19/2006 | | |
| 1-06-5000 | Leach v. Ameriquest Mortgage Co., et al. | Gettleman | | XYZ Case | 10/19/2006 | | NTN | 10/19/2006 | | |
| 1-06-5146 | Calder v. Ameriquest Mortgage Co., et al. | Grady | | XYZ Case | 10/19/2006 | | NTN | 10/19/2006 | | |
| 1-06-5147 | Lappin, et al. v. Ameriquest Mortgage Co., et al. | Der-Yeghiayan | | XYZ Case | 10/19/2006 | | NTN | 10/19/2006 | | |
| 1-06-5148 | Thibodeau, et al. v. Ameriquest Mortgage Co., et al. | Darrah | | XYZ Case | 10/19/2006 | | NTN | 10/19/2006 | | |
| 1-06-5342 | Whitsett v. Ameriquest Mortgage Co., et al. | Gottschall | | XYZ Case | 11/15/2006 | | NTN | 11/15/2006 | | |
| 1-06-5344 | Marine, et al. v. Argent Mortgage Co., LLC, et al. | Lefkow | | XYZ Case | 12/06/2006 | | NTN | 12/06/2006 | | |
| 1-06-5373 | Perez, et al. v. Ameriquest Mortgage Co., et al. | Gettleman | | XYZ Case | 11/15/2006 | | NTN | 11/15/2006 | | |
| 1-06-5991 | Browne, et al. v. Argent Mortgage Co., LLC, et al. | Der-Yeghiayan | | XYZ Case | 11/15/2006 | | NTN | 11/15/2006 | | |
| 1-06-6373 | O'Malley v. Ameriquest Mortgage Co., et al. | Darrah | | XYZ Case | 12/06/2006 | | NTN | 12/06/2006 | | |
| 1-06-6375 | O'Neal, et al. v. Argent Mortgage Co., LLC, et al. | Gottschall | | XYZ Case | 12/06/2006 | | NIN | 12/06/2006 | | |
| 1-06-6441 | Roseman, et al. v. Ameriquest Mortgage Co., et al. | Darrah | | XYZ Case | 12/06/2006 | | NIN | 01/01/2007 | | |
| 1-06-6602 | Ball-Daniel v. Argent Mortgage Co., LLC, et al. | Nordberg | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-6604 | Cooper, et al. v. Ameriquest Mortgage Co., et al. | Manning | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-6607 | Hall v. Ameriquest Mortgage Co., et al. | Gottleman | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-6609 | Maldonado, et al. v. Ameriquest Mortgage Co., et al. | Filip | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-6717 | Freeborg, et al. v. Ameriquest Mortgage Co., et al. | St. Eve | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-6784 | Joyner, et al. v. Ameriquest Mortgage Co., et al. | Bucklo | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-6786 | Scott, et al. v. Ameriquest Mortgage Co., et al. | Pallmeyer | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-6787 | Shields v. Ameriquest Mortgage Co., et al. | Der-Yeghiayan | | XYZ Case | 01/01/2007 | | NTN | 01/11/2007 | | |
| 1-06-6872 | Ishmael, et al. v. Argent Mortgage Co., LLC, et al. | Darrah | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-6945 | Green, et al. v. Ameriquest Mortgage Co., et al. | Andersen | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-6946 | Muller, et al. v. Ameriquest Mortgage Co., et al. | Bucklo | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-6947 | Harrison v. Ameriquest Mortgage Co., et al. | Shadur | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-6967 | Yeamm, et al. v. Ameriquest Mortgage Co., et al. | Grady | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-7017 | Diggin v. Ameriquest Mortgage Co., et al. | Filip | | XYZ Case | 01/11/2007 | | NTN | 01/11/2007 | | |
| 1-06-7062 | Titus-Ashford v. Ameriquest Mortgage Co., et al. | Guzman | | XYZ Case | 02/01/2007 | | NTN | 02/07/2007 | | |
| 1-06-7191 | Clayton v. Ameriquest Mortgage Co., et al. | Shadur | | XYZ Case | 01/01/2007 | | NTN | 01/11/2007 | | |
| 1-07-75 | Kaelin v. Ameriquest Mortgage Co., et al. | Andersen | | XYZ Case | 02/08/2007 | | NTN | 02/08/2007 | | |
| 1-07-95 | Howard, et al. v. Ameriquest Mortgage Co., et al. | Der-Yeghiayan | | XYZ Case | 02/08/2007 | | NTN | 02/08/2007 | | |
| 1-07-252 | Scott, et al. v. Argent Mortgage Co. LLC, et al. | Conlon | | XYZ Case | 02/08/2007 | | NTN | 02/08/2007 | | |
| 1-07-254 | Salinas, et al. v. Argent Mortgage Co., LLC | Kennelly | | XYZ Case | 02/08/2007 | | NTN | 02/08/2007 | | |
| 1-07-274 | Wagon, et al. v. Ameriquest Mortgage Co., et al. | Coar | | XYZ Case | 02/08/2007 | | NTN | 02/08/2007 | | |
| 1-07-291 | Felise, et al. v. Ameriquest Mortgage Co., et al. | Shadur | | XYZ Case | 02/08/2007 | | NTN | 02/08/2007 | | |
| 1-07-306 | Everhart, et al. v. Argent Mortgage Co., LLC, et al. | Bucklo | | XYZ Case | 02/08/2007 | | NTN | 02/08/2007 | | |
| 1-07-351 | Brit, et al. v. Ameriquest Mortgage Co., et al. | Coar | | XYZ Case | 02/08/2007 | | NTN | 02/08/2007 | | |
| 1-07-408 | Wildermuth, et al. v. Ameriquest Mortgage Co., et al. | Pallmeyer | | XYZ Case | 02/07/2007 | | NTN | 02/07/2007 | | |
| 1-07-525 | Davis, et al. v. Ameriquest Mortgage Co. | Guzman | | XYZ Case | 02/27/2007 | | NIN | 02/27/2007 | | |

(Docket 1,715 Case Listing Cont'd)

| Civil Action/Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| 1-07-553 | Buespers, et al. v. Ameriquest Mortgage Co., et al. | Manna | 6 | XYZ Case | 02/27/2007 | | NTN | 02/27/2007 | |
| 1-07-586 | Wright v. Ameriquest Mortgage Co., et al. | Lindberg | 6 | XYZ Case | 02/27/2007 | | NTN | 02/27/2007 | |
| 1-07-620 | Onesimus v. Ameriquest Mortgage Co., et al. | Coar | 15 | XYZ Case | 02/27/2007 | | NTN | 02/27/2007 | |
| 1-07-726 | Patterson v. Ameriquest Mortgage Co. | Pallmeyer | 15 | XYZ Case | 02/27/2007 | | NTN | 02/27/2007 | |
| 1-07-772 | Johnson, et al. v. AmeriQuest Mortgage Co., et al. | Aspen | 15 | XYZ Case | 03/26/2007 | | NTN | 03/26/2007 | |
| 1-07-1082 | Rodriguez, et al. v. AmeriQuest Mortgage Co., et al. | Filip | 15 | XYZ Case | 03/28/2007 | | NTN | 03/28/2007 | |
| **ILLINOIS SOUTHERN** | | | | | | | | | |
| 3-06-407 | Sotten, et al. v. Ameriquest Mortgage Co., et al. | Stiehl | 6 | CTO Filed | 08/08/2006 | | CTO Final | 08/24/2006 | |
| 3-06-423 | Horne, et al. v. Ameriquest Mortgage Co., et al. | Stiehl | 6 | CTO Filed | 08/08/2006 | | CTO Final | 08/24/2006 | |
| 3-06-1045 | Bircher v. Ameriquest Mortgage Co., et al. | Herndon | 15 | CTO Filed | 02/13/2007 | | CTO Final | 03/01/2007 | |
| 3-07-37 | Fleming, et al. v. Ameriquest Mortgage Co., et al. | Reagan | 15 | CTO Filed | 02/13/2007 | | CTO Final | 03/01/2007 | |
| 3-07-57 | Winters v. Ameriquest Mortgage Co., et al. | Stiehl | 15 | CTO Filed | 02/13/2007 | | CTO Final | 03/01/2007 | |
| 3-07-60 | Seger, et al. v. Ameriquest Mortgage Co. | Reagan | 15 | CTO Filed | 02/13/2007 | | CTO Final | 03/01/2007 | |
| **INDIANA NORTHERN** | | | | | | | | | |
| 1-06-154 | Nelson, et al. v. Ameriquest Mortgage Co., et al. | Lee | 4 | CTO Filed | 05/31/2006 | | CTO Final | 06/16/2006 | |
| 2-05-323 | Crane, et al. v. Ameriquest Mortgage Co. | Simon | 2 | CTO Filed | 04/03/2006 | 2006-2472 | CTO Final | 04/19/2006 | |
| 2-05-441 | Mikowski, et al. v. Ameriquest Mortgage Co., et al. | Simon | 1 | CTO Filed | 02/27/2006 | 2006-1737 | CTO Final | 03/15/2006 | |
| 2-06-102 | Jeffries, et al. v. Ameriquest Mortgage Co., et al. | Lozano | 4 | CTO Filed | 05/31/2006 | 2006-3423 | CTO Final | 06/16/2006 | |
| 2-06-130 | Nauroey, et al. v. Ameriquest Mortgage Co., et al. | Simon | 4 | CTO Filed | 05/31/2006 | 2006-3424 | CTO Final | 06/16/2006 | |
| 2-06-135 | Cole, et al. v. Ameriquest Mortgage Co., et al. | Simon | 4 | CTO Filed | 05/31/2006 | | Transfer | 10/18/2006 | |
| 2-06-137 | Carter, et al. v. Ameriquest Mortgage Co., et al | Moody | 4 | CTO Filed | 05/31/2006 | 2006-3425 | CTO Final | 06/16/2006 | |
| 2-06-149 | Bellwell v. Ameriquest Mortgage Co., et al. | Lozano | 4 | CTO Filed | 05/31/2006 | | CTO Final | 06/16/2006 | |
| 2-06-175 | Bodiwell, et al. v. Ameriquest Mortgage Co., et al. | Simon | 6 | CTO Filed | 08/08/2006 | | CTO Final | 08/24/2006 | |
| 2-06-189 | Miller, et al. v. Ameriquest Mortgage Co., et al. | Lozano | 6 | CTO Filed | 08/08/2006 | | CTO Final | 08/24/2006 | |
| 2-06-352 | Duntz, et al. v. Ameriquest Mortgage Co., et al. | Miller | 11 | CTO Filed | 12/05/2006 | | CTO Final | 12/21/2006 | |
| 2-06-401 | Russell, et al. v. Ameriquest Mortgage Co., et al. | Springmann | 14 | CTO Filed | 01/23/2007 | 2007-108 | CTO Final | 02/08/2007 | |
| 2-06-409 | Moten v. Ameriquest Mortgage Co., et al. | Springmann | 14 | CTO Filed | 01/23/2007 | 2007-1024 | CTO Opposed | 02/08/2007 | |
| 3-06-230 | Gillespie v. Ameriquest Mortgage Co., et al. | Sharp | 4 | CTO Filed | 05/31/2006 | | CTO Final | 06/16/2006 | |
| **INDIANA SOUTHERN** | | | | | | | | | |
| 1-05-1618 | Purdy-Reid, et al. v. Argent Mortgage Co., LLC, et al. | Hamilton | 1 | CTO Filed | 02/27/2006 | 2006-1738 | CTO Final | 03/15/2006 | |
| 1-06-695 | Harless v. Ameriquest Mortgage Co. | McKinney | 6 | CTO Filed | 08/08/2006 | | CTO Final | 08/24/2006 | |
| 1-06-785 | Smith, et al. v. Ameriquest Mortgage Co., et al. | Tinder | 6 | CTO Filed | 08/08/2006 | | CTO Final | 08/24/2006 | |
| 1-06-1086 | Blackburn, et al. v. Ameriquest Mortgage Co., et al. | Young | 12 | CTO Filed | 12/18/2006 | | CTO Final | 01/03/2007 | |
| 1-06-1391 | Harless v. Ameriquest Mortgage, Inc. | Barker | 10 | CTO Filed | 11/07/2006 | 2006-4756 | CTO Final | 11/27/2006 | |
| 1-07-153 | Pierce, et al. v. Ameriquest Mortgage Co., et al | Hamilton | 18 | CTO Filed | 03/09/2007 | | CTO Final | 03/27/2007 | |
| 1-07-154 | Walezak-Dzege v. Ameriquest Mortgage Co., et al. | Hamilton | 18 | CTO Filed | 03/09/2007 | | CTO Final | 03/27/2007 | |
| **LOUISIANA EASTERN** | | | | | | | | | |
| 2-05-3967 | Powell, et al. v. Ameriquest Mortgage Co. | Lemmon | 1 | CTO Filed | 02/27/2006 | 2006-3585 | Transfer | 04/16/2006 | |
| **MASSACHUSETTS** | | | | | | | | | |
| 1-04-12651 | Murphy, et al. v. Ameriquest Mortgage Co. | Zobel | | Motion | 07/13/2005 | 2005-7101 | Transfer | 12/13/2005 | |
| 1-06-4401 Bky. Advy. No. | Bienas v. Ameriquest Mortgage Co. | Feeney | 11 | CTO Filed | 12/05/2006 | 2007-134 | CTO Final | 12/21/2006 | |
| 1-06-4424 Bky. Advy. No. | Kelsey v. AMC Mortgage Services, Inc. | Hillman | 14 | CTO Filed | 01/23/2007 | 2007-1030 | CTO Final | 02/08/2007 | |
| 1-06-10214 | Montanez v. Ameriquest Mortgage Co. | Zobel | 2 | CTO Filed | 04/03/2006 | 2005-2473 | CTO Final | 04/19/2006 | |

*(Docket 1,715 Case Listing Cont'd)*

| Civil Action/ Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| 1-06-11462 | Jones, et al. v. Ameriquest Mortgage Co. | Lasker | 9 | CTO Filed | 10/16/2006 | 2006-6743 | CTO Final | 11/01/2006 | |
| 1-06-11475 | Bieh, et al. v. Ameriquest Mortgage Co. | Gettton | 9 | CTO Filed | 10/16/2006 | 2006-6744 | CTO Final | 11/01/2006 | |
| 1-06-11507 | Pena, et al. v. Ameriquest Mortgage Co. | Gertner | 9 | CTO Filed | 10/16/2006 | 2006-6745 | CTO Final | 11/01/2006 | |
| 1-05-11772 | Correia, et al. v. Ameriquest Mortgage Co. | Zobel | 11 | CTO Filed | 12/05/2006 | 2007-109 | CTO Final | 12/21/2006 | |
| 1-05-11776 | Mesavesio v. Ameriquest Mortgage Co. | Young | 11 | CTO Filed | 12/05/2006 | 2007-110 | CTO Final | 12/21/2006 | |
| 1-05-11777 | Whitnall v. Ameriquest Mortgage Co. | Gorton | 11 | CTO Filed | 12/05/2006 | 2007-111 | CTO Final | 12/21/2006 | |
| 1-05-11778 | Ginitifa v. Ameriquest Mortgage Co. | Tauro | 11 | CTO Filed | 12/05/2006 | 2007-112 | CTO Final | 12/21/2006 | |
| 1-06-11779 | Chandira, et al. v. Ameriquest Mortgage Co. | Zobel | 12 | CTO Filed | 12/18/2006 | 2007-310 | CTO Final | 01/03/2007 | |
| 1-06-13869 | Kelleher v. Ameriquest Mortgage Co. | Wolf | 12 | CTO Filed | 12/18/2006 | 2007-311 | CTO Final | 01/03/2007 | |
| 1-06-12261 | Guillemette, et al. v. Ameriquest Mortgage Co. | Stearns | 16 | CTO Filed | 02/23/2007 | 2007-1509 | CTO Final | 03/13/2007 | |
| 1-05-12262 | Wright, et al. v. Ameriquest Mortgage Co. | Wolf | 16 | CTO Filed | 02/13/2007 | 2007-1510 | CTO Final | 03/13/2007 | |
| 1-01-1076 | Bky. Adry. No. Robijono v. Ameriquest Mortgage Co. | Sonoma | | Suspense | 04/10/2007 | | | | | |
| 1-07-10346 | Lousasani, et al v. Ameriquest Mortgage Co. | Gertner | 19 | CTO Filed | 04/04/2007 | | | | | |
| 1-07-10558 | Holland v. Town & Country Credit Corp., et al. | Zobel | | Suspense | 04/10/2007 | | | | | |
| 3-06-30142 | Bellavlau, et al. v. Ameriquest Mortgage Co. | Ponsor | 9 | CTO Filed | 10/16/2006 | 2006-6746 | CTO Final | 11/01/2006 | |
| 3-06-30174 | Anderholn v. Ameriquest Mortgage Co. | Neiman | 11 | CTO Filed | 12/05/2006 | 2007-113 | CTO Final | 12/21/2006 | |
| 3-06-30175 | Sundley v. Ameriquest Mortgage Co. | Ponsor | 11 | CTO Filed | 12/05/2006 | 2007-114 | CTO Final | 12/21/2006 | |
| 3-06-30176 | Zarracina, et al. v. Ameriquest Mortgage Co. | Ponsor | 12 | CTO Filed | 12/18/2006 | 2007-312 | CTO Final | 01/03/2007 | |
| 3-06-30200 | Lacasse, et al. v. Ameriquest Mortgage Co. | Ponsor | 14 | CTO Filed | 01/23/2007 | | CTO Final | 02/09/2007 | |
| 3-06-30216 | Pecor, et al. v. Ameriquest Mortgage Co. | Ponsor | 16 | CTO Filed | 02/23/2007 | 2007-1511 | CTO Final | 03/13/2007 | |
| 4-06-40195 | Graham, et al. v. Ameriquest Mortgage Co., et al. | Saylor | 14 | CTO Filed | 01/23/2007 | | CTO Opposed | 02/08/2007 | |
| 4-06-40197 | Maria, et al. v. Ameriquest Mortgage Co. | Saylor | 10 | CTO Filed | 11/07/2006 | 2006-6761 | CTO Final | 11/27/2006 | |
| 4-06-40247 | Davis v. Argent Mortgage Co., LLC | Saylor | 12 | CTO Filed | 12/18/2006 | 2007-313 | CTO Final | 01/03/2007 | |
| 4-06-40225 | Lyness, et al. v. Ameriquest Mortgage Co. | Saylor | 16 | CTO Filed | 02/23/2007 | 2007-1512 | CTO Final | 03/13/2007 | |

**MARYLAND**

| Civil Action/ Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| 1-06-2810 | Becker v. JM Closing Services, Inc., et al. | Bennell | 11 | CTO Filed | 12/05/2006 | 2007-115 | CTO Final | 12/21/2006 | |

**MICHIGAN EASTERN**

| Civil Action/ Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| 2-06-12466 | Kukla v. Ameriquest Mortgage Co., et al. | Edmunds | 6 | CTO Filed | 08/08/2006 | 2006-4720 | CTO Final | 08/24/2006 | |
| 2-06-12477 | Lehr, et al. v. Ameriquest Mortgage Co., et al. | Battani | 6 | CTO Filed | 08/08/2006 | | CTO Final | 08/24/2006 | |
| 2-06-12673 | Childres v. Ameriquest Mortgage Co., et al. | Edmunds | 6 | CTO Filed | 08/08/2006 | | CTO Final | 08/24/2006 | |
| 2-06-13256 | Walsh, et al. v. Ameriquest Mortgage Co., et al. | Rosen | 6 | CTO Filed | 08/08/2006 | | CTO Final | 08/24/2006 | |
| 2-06-13734 | Burgess, et al. v. Ameriquest Mortgage Co., et al. | Zatkoff | 9 | CTO Filed | 10/16/2006 | 2006-6748 | CTO Final | 11/01/2006 | |
| 2-06-13735 | Vincze v. Ameriquest Mortgage Co., et al. | Roberts | 9 | CTO Filed | 10/16/2006 | 2006-6749 | CTO Final | 11/01/2006 | |
| 2-06-13778 | Durbane v. Ameriquest Mortgage Co., et al. | Cohn | 9 | CTO Filed | 10/16/2006 | 2006-6750 | CTO Final | 11/01/2006 | |
| 2-06-14206 | Foster v. Argent Mortgage Co., LLC, et al. | Rosen | 10 | CTO Filed | 11/07/2006 | 2006-6762 | CTO Final | 11/27/2006 | |
| 2-06-14228 | Robinson, et al. v. Ameriquest Mortgage Co., et al. | Taylor | 10 | CTO Filed | 11/07/2006 | 2006-6763 | CTO Final | 11/27/2006 | |
| 2-06-14251 | Stafford, et al. v. Ameriquest Mortgage Co., et al. | Cox | 10 | CTO Filed | 11/07/2006 | 2006-6764 | CTO Final | 11/27/2006 | |
| 2-06-14427 | Sorah v. Deutsche Bank National Trust Co., et al. | Cohn | 11 | CTO Filed | 12/05/2006 | 2007-116 | CTO Final | 01/03/2007 | |
| 2-06-15281 | Morse, et al. v. Ameriquest Mortgage Co., et al. | Roberts | 12 | CTO Filed | 12/18/2006 | 2007-314 | CTO Final | 03/13/2007 | |
| 2-07-10224 | Brennan, et al. v. Ameriquest Mortgage Co., et al. | Cox | 16 | CTO Filed | 02/23/2007 | 2007-1513 | CTO Final | 03/13/2007 | |
| 2-07-10154 | Wilson, et al. v. Argent Mortgage Co., LLC, et al. | Roberts | 18 | CTO Filed | 03/09/2007 | | CTO Final | 03/27/2007 | |
| 2-07-10651 | Manier, et al. v. Argent Mortgage Co., LLC, et al. | Rosen | 19 | CTO Filed | 04/04/2007 | | | | | |
| 2-07-10755 | Anthony, et al. v. Ameriquest Mortgage Co., et al. | Roberts | 18 | CTO Filed | 03/09/2007 | | CTO Final | 03/27/2007 | |

*(Docket 1,715 Case Listing Cont'd)*

## MICHIGAN WESTERN

| Civil Action/Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| 1-06-315 | Pfizner, et al. v. Ameriquest Mortgage Co., et al. | Quist | 5 | CTO Filed | 6/30/2006 | 2006-4002 | CTO Final | 07/18/2006 | |
| 1-06-529 | Kriss, et al. v. Ameriquest Mortgage Co., et al. | Enslen | 8 | CTO Filed | 6/6/2006 | 2006-5700 | CTO Final | 10/12/2006 | |
| 1-06-590 | Martinez, et al. v. Ameriquest Mortgage Co., et al. | Enslen | 9 | CTO Filed | 10/16/2006 | 2006-6751 | CTO Final | 11/01/2006 | |
| 1-06-618 | Parker, et al. v. Ameriquest Mortgage Co. | Bell | 8 | CTO Filed | 09/26/2006 | 2006-5701 | CTO Final | 10/12/2006 | |
| 1-06-652 | Vanderhof, et al. v. Ameriquest Mortgage Co., et al. | Quist | 9 | CTO Filed | 10/16/2006 | 2006-6752 | CTO Final | 11/01/2006 | |
| 1-06-688 | Stames v. Ameriquest Mortgage Co., et al. | Bell | 10 | CTO Filed | 11/07/2006 | 2006-6765 | CTO Final | 11/27/2006 | |
| 1-06-696 | Lundgren v. Argent Mortgage Co., LLC., et al. | Miles | 10 | CTO Filed | 11/07/2006 | 2006-6766 | CTO Final | 11/27/2006 | |
| 1-06-722 | King, et al. v. Ameriquest Mortgage Co., et al. | Miles | 11 | CTO Filed | 12/05/2006 | 2007-117 | CTO Final | 12/21/2006 | |
| 1-07-48 | Stratford, et al. v. Ameriquest Mortgage Co., et al. | Quist | 15 | CTO Filed | 02/13/2007 | | CTO Final | 03/01/2007 | |
| 1-07-61 | Howzat, et al. v. Ameriquest Mortgage Co., et al. | Quist | 17 | CTO Filed | 03/06/2007 | 2007-1624 | CTO Final | 03/22/2007 | |
| 1-07-62 | Cowles, et al. v. Argent Mortgage Co., LLC., et al. | Quist | 17 | CTO Filed | 03/06/2007 | 2007-1625 | CTO Final | 03/22/2007 | |
| 1-07-63 | Adeam, et al. v. Ameriquest Mortgage Co., et al. | Enslen | 17 | CTO Filed | 03/06/2007 | 2007-1626 | CTO Final | 03/22/2007 | |
| 1-07-75 | Predetschergea, et al. v. Ameriquest Mortgage Co., et al. | Bell | 17 | CTO Filed | 03/05/2007 | 2007-1627 | CTO Final | 03/22/2007 | |
| 1-07-78 | McKinstry, et al. v. Ameriquest Mortgage Co., et al. | Enslen | 17 | CTO Filed | 03/06/2007 | 2007-1628 | CTO Final | 03/22/2007 | |
| 1-07-79 | Kanter, et al. v. Ameriquest Mortgage Co., et al. | Quist | 17 | CTO Filed | 03/06/2007 | 2007-1629 | CTO Final | 03/22/2007 | |
| 1-07-88 | Kotla, et al. v. Ameriquest Mortgage Co., et al. | Enslen | 17 | CTO Filed | 03/06/2007 | 2007-1630 | CTO Final | 03/22/2007 | |
| 1-07-93 | Eggert v. Ameriquest Mortgage Co., et al. | Miles | 17 | CTO Filed | 03/06/2007 | 2007-1651 | CTO Final | 03/22/2007 | |
| 1-07-143 | Belfski, et al. v. Argent Mortgage Co., LLC, et al. | Quist | 18 | CTO Filed | 03/09/2007 | | CTO Final | 03/27/2007 | |
| 1-07-144 | Fonseca, et al. v. Ameriquest Mortgage Co., et al. | Bell | 18 | CTO Filed | 03/09/2007 | | CTO Final | 03/27/2007 | |
| 5-06-156 | Campau, et al. v. Ameriquest Mortgage Co., et al. | Quist | 11 | CTO Filed | 12/05/2006 | 2007-118 | CTO Final | 12/21/2006 | |
| 5-06-157 | Heard, et al. v. Argent Mortgage Co., LLC, et al. | Miles | 11 | CTO Filed | 12/05/2006 | 2007-119 | CTO Final | 12/21/2006 | |
| 5-06-158 | Lewis, et al. v. Ameriquest Mortgage Co., et al. | Bell | 11 | CTO Filed | 12/05/2006 | 2007-120 | CTO Final | 12/21/2006 | |
| 5-06-163 | Conant, et al. v. Argent Mortgage Co., LLC, et al. | Quist | 11 | CTO Filed | 12/05/2006 | 2007-121 | CTO Final | 12/21/2006 | |
| 5-06-165 | Hayden, et al. v. Ameriquest Mortgage Co., et al. | Quist | 11 | CTO Filed | 12/05/2006 | 2007-122 | CTO Final | 12/21/2006 | |
| 5-06-166 | Burris, et al. v. Ameriquest Mortgage Co., et al. | Enslen | 11 | CTO Filed | 12/05/2006 | 2007-123 | CTO Final | 12/21/2006 | |
| 5-06-170 | Blain, et al. v. Argent Mortgage Co., LLC, et al. | Bell | 11 | CTO Filed | 12/05/2006 | 2007-124 | CTO Final | 12/21/2006 | |
| 5-06-172 | Mohacea, et al. v. Ameriquest Mortgage Co., et al. | Bell | 11 | CTO Filed | 12/05/2006 | 2007-125 | CTO Final | 12/21/2006 | |
| 5-06-173 | Igaz, et al. v. Ameriquest Mortgage Co., et al. | Bell | 11 | CTO Filed | 12/05/2006 | 2007-126 | CTO Final | 12/21/2006 | |
| 5-06-174 | Williams, et al. v. Ameriquest Mortgage Co., et al. | Quist | 11 | CTO Filed | 12/05/2006 | 2007-127 | CTO Final | 12/21/2006 | |
| 5-06-175 | Orticea, et al. v. Argent Mortgage Co., LLC, et al. | Miles | 11 | CTO Filed | 12/05/2006 | 2007-128 | CTO Final | 12/21/2006 | |
| 5-06-176 | Roelofs, et al. v. Argent Mortgage Co., LLC, et al. | Quist | 12 | CTO Filed | 12/18/2006 | 2007-315 | CTO Final | 01/03/2007 | |
| 5-06-177 | Nimox v. Ameriquest Mortgage Co., et al. | Bell | 12 | CTO Filed | 12/18/2006 | 2007-316 | CTO Final | 01/03/2007 | |
| 5-06-180 | Gray, et al. v. Argent Mortgage Co., LLC, et al. | Miles | 12 | CTO Filed | 12/18/2006 | 2007-317 | CTO Final | 01/03/2007 | |
| 5-06-181 | Hodor, et al. v. Ameriquest Mortgage Co., et al. | Bell | 12 | CTO Filed | 12/18/2006 | 2007-318 | CTO Final | 01/03/2007 | |
| 5-06-182 | Wayland v. Ameriquest Mortgage Co., et al. | Quist | 12 | CTO Filed | 12/18/2006 | 2007-319 | CTO Final | 01/03/2007 | |
| 5-06-183 | Shepard, et al. v. Ameriquest Mortgage Co., et al. | Bell | 12 | CTO Filed | 12/18/2006 | 2007-320 | CTO Final | 01/03/2007 | |
| 5-06-184 | Bush, et al. v. Ameriquest Mortgage Co., et al. | Quist | 12 | CTO Filed | 12/18/2006 | 2007-321 | CTO Final | 01/03/2007 | |
| 5-06-185 | Sturgis v. Ameriquest Mortgage Co. | Bell | 12 | CTO Filed | 12/18/2006 | 2007-322 | CTO Final | 01/03/2007 | |
| 5-06-189 | Thompson v. Ameriquest Mortgage Co., et al. | Quist | 12 | CTO Filed | 12/18/2006 | 2007-323 | CTO Final | 01/03/2007 | |
| 5-06-194 | Marini, et al. v. Ameriquest Mortgage Co., et al. | Enslen | 12 | CTO Filed | 12/18/2006 | 2007-324 | CTO Final | 01/03/2007 | |
| 5-06-196 | Dustin v. Ameriquest Mortgage Co., et al. | Quist | 12 | CTO Filed | 12/18/2006 | 2007-325 | CTO Final | 01/03/2007 | |
| 5-06-198 | Montgomery, et al. v. Ameriquest Mortgage Co., et al. | Quist | 12 | CTO Filed | 12/18/2006 | 2007-326 | CTO Final | 01/03/2007 | |
| 5-06-201 | Washington, et al. v. Ameriquest Mortgage Co., et al. | Enslen | 12 | CTO Filed | 12/18/2006 | 2007-327 | CTO Final | 01/03/2007 | |

| Civil Action / Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| 5-06-202 | Aretos, et al. v. Ameriquest Mortgage Co., et al. | Bell | 12 | CTO Filed | 12/18/2006 | 2007-528 | CTO Final | 01/30/2007 | |
| 5-06-209 | Churchill, et al. v. Ameriquest Mortgage Co., et al. | Bell | 14 | CTO Filed | 01/23/2007 | 2007-1026 | CTO Final | 02/08/2007 | |
| 5-06-210 | Wright, et al. v. Ameriquest Mortgage Co., et al. | Bell | 14 | CTO Filed | 01/23/2007 | | CTO Final | 02/08/2007 | |
| 5-06-214 | Davis, et al. v. Argent Mortgage Co., LLC, et al. | Enslen | 15 | CTO Filed | 02/13/2007 | | CTO Final | 03/01/2007 | |
| 5-06-216 | Johnson, et al. v. Argent Mortgage Co., LLC, et al. | Bell | 15 | CTO Filed | 02/13/2007 | | CTO Final | 03/01/2007 | |
| 5-06-217 | Benee, et al. v. Ameriquest Mortgage Co., et al. | Bell | 15 | CTO Filed | 02/13/2007 | | CTO Final | 03/01/2007 | |
| 5-06-218 | Roop, et al. v. Argent Mortgage Co, LLC, et al. | Enslen | 15 | CTO Filed | 02/13/2007 | | CTO Final | 03/01/2007 | |
| **MINNESOTA** | | | | | | | | | |
| 0-05-589 | Doherty, et al. v. Town & Country Credit Corp. | Tunheim | 1 | CTO Filed | 02/27/2006 | 2006-1739 | CTO Final | 03/15/2006 | |
| 0-06-1719 | Ameriquest Mortgage Co. v. Lexi Matrix, et al. | Davis | 5 | CTO Filed | 06/30/2006 | 2006-4043 | CTO Final | 07/18/2006 | |
| 0-06-3129 | Carlson, et al. v. Ameriquest Mortgage Co., | Magnuson | 8 | CTO Filed | 09/26/2005 | 2006-5702 | CTO Final | 10/12/2006 | |
| **MISSOURI EASTERN** | | | | | | | | | |
| 4-06-746 | Khslia v. Ameriquest Mortgage Co., et al. | Perry | 5 | CTO Filed | 06/30/2006 | | CTO Final | 08/10/2006 | |
| 4-06-1699 | Derda, et al. v. Ameriquest Mortgage Co., et al. | Hamilton | 14 | CTO Filed | 01/23/2007 | | CTO Opposed | 02/08/2007 | |
| **NEW JERSEY** | | | | | | | | | |
| 2-06-1221 | Capezio v. Ameriquest Mortgage Co. | Lifland | 5 | CTO Filed | 06/30/2006 | 2006-4044 | CTO Final | 07/18/2006 | |
| 3-06-3220 | Farmer v. Ameriquest Mortgage Co., et al. | Cooper | 6 | CTO Filed | 08/04/2006 | | CTO Final | 08/24/2006 | |
| **NEW YORK EASTERN** | | | | | | | | | |
| 1-06-4811 | Pasch, et al. v. Ameriquest Mortgage Co. | Korman | 9 | CTO Filed | 10/16/2006 | 2006-6793 | CTO Final | 11/01/2006 | |
| 1-06-5540 | Black, et al. v. Ameriquest Mortgage Co. | Korman | 11 | CTO Filed | 12/05/2006 | 2007-129 | CTO Final | 12/21/2006 | |
| 2-05-5087 | Madison v. Ameriquest Mortgage Co. | Korman | 1 | CTO Filed | 02/27/2006 | 2006-1740 | CTO Final | 03/15/2006 | |
| **NEW YORK SOUTHERN** | | | | | | | | | |
| 1-05-6189 | Williams, et al. v. Ameriquest Mortgage Co. | Swain | | Motion | 07/13/2005 | 2005-7102 | Transfer | 12/12/2005 | |
| 1-06-8130 | Brissett, et al. v. Ameriquest Mortgage Co. | Koeltl | 11 | CTO Filed | 12/05/2006 | 2007-130 | CTO Final | 12/21/2006 | |
| 7-06-2135 | Harding, et al. v. Ameriquest Mortgage Co. | McMahon | 5 | CTO Filed | 06/30/2006 | 2006-4045 | CTO Final | 07/18/2006 | |
| **OHIO NORTHERN** | | | | | | | | | |
| 1-05-1176 | Saunders, et al. v. Ameriquest Mortgage Co., et al. | Boyko | 1 | CTO Filed | 02/27/2006 | 2005-1741 | CTO Final | 03/15/2006 | |
| **OHIO SOUTHERN** | | | | | | | | | |
| 3-06-245 | Miller v. Ameriquest Mortgage Co. | Rose | 8 | CTO Filed | 09/26/2006 | 2006-5703 | CTO Final | 10/12/2006 | |
| 3-06-356 | Frick, et al. v. Ameriquest Mortgage Co., et al. | Rice | 13 | CTO Filed | 12/26/2006 | | CTO Final | 01/26/2007 | |
| 3-07-35 | Carpenter v. Ameriquest Mortgage Co., et al. | Rice | 16 | CTO Filed | 02/23/2007 | 2007-1514 | CTO Final | 03/15/2007 | |
| **PENNSYLVANIA EASTERN** | | | | | | | | | |
| 2-05-4427 | D'Ambrogi, et al. v. Ameriquest Mortgage Co. | Rufe | 1 | CTO Filed | 02/27/2006 | 2006-1742 | CTO Final | 03/15/2006 | |
| 2-06-4664 | Griffin v. Ameriquest Mortgage Co., et al. | Brody | 12 | CTO Filed | 12/18/2006 | 2007-329 | CTO Final | 01/03/2007 | |
| 2-06-5234 | Elders v. Ameriquest Mortgage Co. | Savrick | 19 | CTO Filed | 04/04/2007 | | CTO Opposed | 04/16/2007 | |
| **PENNSYLVANIA WESTERN** | | | | | | | | | |
| 2-05-309 | Cahalan v. Ameriquest Mortgage Co. | Lancaster | 2 | CTO Filed | 04/03/2006 | 2006-2474 | CTO Final | 04/19/2006 | |
| 2-05-391 | Kehrer v. Ameriquest Mortgage Co. | Standish | 1 | CTO Filed | 02/27/2006 | 2006-3586 | Transfer | 05/16/2006 | |
| **RHODE ISLAND** | | | | | | | | | |
| 1-05-527 | Pease v. Ameriquest Mortgage Co. | Smith | 1 | CTO Filed | 02/27/2006 | 2006-1924 | CTO Final | 03/28/2006 | |
| 1-05-528 | Daneau v. Ameriquest Mortgage Co. | Torres | 1 | CTO Filed | 02/27/2006 | 2005-1925 | CTO Final | 03/28/2006 | |

(Docket 1,715 Case Listing Cont'd)

| Civil Action/Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination | - Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 1-05-529 | Eyre v. Ameriquest Mortgage Co. | Lisi | 1 | CTO Filed | 02/27/2006 | 2006-1926 | CTO Final | 03/28/2006 | | |
| 1-05-530 | Parisi v. Ameriquest Mortgage Co. | Torres | 1 | CTO Filed | 02/27/2006 | 2006-1927 | CTO Final | 03/28/2006 | | |
| 1-05-531 | Frost v. Ameriquest Mortgage Co. | Smith | 1 | CTO Filed | 02/27/2006 | 2006-1928 | CTO Final | 03/28/2006 | | |
| 1-05-532 | Shvin v. Ameriquest Mortgage Co. | Lisi | 1 | CTO Filed | 02/27/2006 | 2006-1929 | CTO Final | 03/25/2006 | | |
| 1-05-533 | Creamer v. Ameriquest Mortgage Co. | Lisi | 1 | CTO Filed | 02/27/2006 | 2006-1930 | CTO Final | 03/28/2006 | | |
| 1-05-538 | Leclerc v. Ameriquest Mortgage Co. | Smith | 1 | CTO Filed | 02/27/2006 | 2006-1931 | CTO Final | 04/19/2006 | | |
| 1-06-40 | Leal v. Ameriquest Mortgage Co. | Torres | 2 | CTO Filed | 04/03/2006 | 2006-2475 | CTO Final | 04/19/2005 | | |
| 1-06-41 | Gould v. Ameriquest Mortgage Co. | Smith | 2 | CTO Filed | 04/03/2006 | 2006-2477 | CTO Final | 04/19/2006 | | |
| 1-06-67 | Silvia v. Ameriquest Mortgage Co. | Lisi | 2 | CTO Filed | 04/03/2006 | 2006-2478 | CTO Final | 04/19/2006 | | |
| 1-06-68 | Carney v. Ameriquest Mortgage Co. | Smith | 8 | CTO Filed | 08/08/2006 | 2006-5704 | CTO Final | 10/12/2006 | | |
| 1-06-231 | Kadlubi v. Ameriquest Mortgage Co. | Lisi | 6 | CTO Filed | 08/08/2006 | | CTO Final | 08/24/2006 | | |
| 1-06-278 | Davis v. Ameriquest Mortgage Co. | Smith | 6 | CTO Filed | 08/08/2006 | | CTO Final | 09/24/2006 | | |
| 1-06-283 | Graf v. Argent Mortgage Co., LLC | Lisi | 6 | CTO Filed | 08/08/2005 | | CTO Final | 09/24/2006 | | |
| 1-06-345 | Medina, et al. v. Ameriquest Mortgage Co. | Torres | 8 | CTO Filed | 09/26/2006 | 2006-5705 | CTO Final | 10/12/2006 | | |
| 1-06-347 | Duhamel, et al. v. Ameriquest Mortgage Co. | Smith | 8 | CTO Filed | 09/26/2006 | 2006-5706 | CTO Final | 10/12/2006 | | |
| 1-06-353 | Monteiro v. Ameriquest Mortgage Co. | Smith | 8 | CTO Filed | 09/26/2006 | 2006-5707 | CTO Final | 10/12/2006 | | |
| 1-06-365 | Harrington, et al. v. Ameriquest Mortgage Co. | Smith | 8 | CTO Filed | 09/26/2006 | 2006-5708 | CTO Final | 10/12/2005 | | |
| 1-06-374 | Bertomilaw, et al. v. Ameriquest Mortgage Co. | Smith | 8 | CTO Filed | 12/05/2006 | 2007-131 | CTO Final | 12/21/2006 | | |
| 1-06-388 | Region, et al. v. Ameriquest Mortgage Co. | Torres | 9 | CTO Filed | 10/16/2006 | 2006-6754 | CTO Final | 11/00/2006 | | |
| 1-06-389 | Mott, et al. v. Argent Mortgage Co., LLC. | Smith | 12 | CTO Filed | 12/18/2006 | 2007-330 | CTO Final | 01/03/2007 | | |
| 1-05-425 | Ogma, et al. v. Ameriquest Mortgage Co. | Torres | 11 | CTO Filed | 12/05/2006 | 2007-132 | CTO Final | 12/21/2006 | | |
| 1-06-434 | Parra v. Ameriquest Mortgage Co. | Smith | 11 | CTO Filed | 12/05/2006 | 2007-133 | CTO Final | 12/21/2006 | | |
| 1-06-480 | Beardslee v. Ameriquest Mortgage Co. | Lisi | 11 | CTO Filed | 12/05/2006 | 2007-133 | CTO Final | 01/03/2007 | | |
| 1-06-494 | Pageant, et al. v. Ameriquest Mortgage Co. | Lisi | 12 | CTO Filed | 12/18/2006 | 2007-332 | CTO Final | 01/03/2007 | | |
| 1-06-495 | Kielczewski v. Ameriquest Mortgage Co. | Smith | 12 | CTO Filed | 12/18/2006 | 2007-1028 | CTO Final | 02/08/2007 | | |
| 1-06-511 | L'Heureux, et al. v. Ameriquest Mortgage Co. | Torres | 14 | CTO Filed | 01/23/2007 | | CTO Final | 02/08/2007 | | |
| 1-06-554 | Deenen, et al. v. Ameriquest Mortgage Co. | Torres | 14 | CTO Filed | 12/05/2006 | 2007-135 | CTO Final | 12/21/2006 | | |
| 1-06-1092 | Bky. Adv. No. Simmons v. AMC Mortgage Services, Inc. | Votolato | 11 | CTO Filed | 12/05/2006 | 2007-136 | CTO Final | 12/21/2006 | | |
| 1-06-1093 | Bky. Adv. No. Pacheco v. AMC Mortgage Services, Inc. | Votolato | 17 | CTO Filed | 03/06/2007 | 2007-1632 | CTO Final | 03/22/2007 | | |
| 1-07-35 | Cauley v. Ameriquest Mortgage Co., et al. | Lisi | 19 | CTO Filed | 04/04/2007 | | | | | |
| 1-07-79 | Richer v. Ameriquest Mortgage Co. | Smith | 19 | CTO Filed | 04/04/2007 | | | | | |
| 1-07-100 | Brunison, et al. v. Ameriquest Mortgage Co. | Lisi | 19 | CTO Filed | 04/04/2007 | | | | | |
| 1-07-117 | Thompson v. Town & Country Credit Corp., et al | Lisi | | Suspenso | 04/10/2007 | | | | | |
| **SOUTH CAROLINA** | | | | | | | | | | |
| 3-06-2493 | Smith v. Ameriquest Mortgage Co. | Currie | 9 | CTO Filed | 10/16/2006 | 2006-6755 | CTO Final | 11/01/2006 | | |
| **TENNESSEE EASTERN** | | | | | | | | | | |
| 1-05-192 | Arnold, et al. v. Ameriquest Mortgage Co. | Mattice | 2 | CTO Filed | 04/03/2006 | 2006-2479 | CTO Final | 04/19/2006 | | |
| **TENNESSEE MIDDLE** | | | | | | | | | | |
| 3-05-793 | Rosas v. Ameriquest Mortgage Co., et al. | Echols | 1 | CTO Filed | 02/27/2006 | 2006-3587 | Transfer | 06/16/2006 | | |
| 3-05-1074 | Raines v. First American Title Insurance Co., et al. | Trauger | 2 | CTO Filed | 04/03/2006 | 2006-2480 | CTO Final | 04/19/2006 | | |
| **TEXAS EASTERN** | | | | | | | | | | |
| 1-06-781 | Murphy, et al. v. Argent Mortgage Co., LLC | Heartfield | 14 | CTO Filed | 01/23/2007 | | CTO Opposed | 02/01/2007 | | |

*(Docket 1,715 Case Listing Cont'd)*

Page 10

| Civil Action/ Type | Short Caption | Judge | CTO | Initiation | - Date | Transferee Civil # | Disposition | - Date | Termination - Date |
|---|---|---|---|---|---|---|---|---|---|
| **WISCONSIN EASTERN** | | | | | | | | | |
| 2-06-12 | Forest v. Ameriquest Mortgage Co. | Stadtmueller | 2 | CTO Filed | 04/03/2006 | | Transfer | 08/10/2006 | |
| 2-06-654 | Addison v. Ameriquest Mortgage Co., et al. | Stadtmueller | 6 | CTO Filed | 08/08/2006 | | CTO final | 08/24/2006 | |

**REPORT SUMMARY and FILTERS**

Docket: 1715 - Ameriquest Mortgage Co. Mortgage
Lending Practices
For Open Cases

There are 349 Cases on this Report.

| | |
|---|---|
| 123 XYZ Actions | 213 Transferred Actions |
| 4 Suspense Actions | 0 Terminated Actions |

EXHIBIT B

# Ameriquest Multistate Settlement

**Home**

**Frequently Asked Questions (FAQs)**

**Settlement Agreement**

**E-mail The Administrator**

**Haga clic aqui para español**

## FREQUENTLY ASKED QUESTIONS

### Background Information

1. What kinds of lending practices were the States investigating?
2. What does the Settlement require Ameriquest to do?
3. Why didn't Virginia join the Settlement?

### Eligibility

4. Am I eligible for a restitution payment?
5. What if I don't have the loan any more?  Am I still eligible?
6. Do I still have to live in the home where I obtained my loan to be eligible for a payment?
7. What if I signed my loan papers before December 31, 2005, but there was a delay and the money for the loan wasn't paid or funded until after December 31, 2005?  Am I still eligible for a restitution payment?
8. Am I eligible if I obtained my loan before January 1, 1999 or after December 31, 2005?
9. Is my loan covered by the Settlement if it was transferred to Ameriquest for servicing?

### Notice of Eligibility and Restitution Payment Amount

10.  How will I know if I'm eligible for a restitution payment?
11. When will Notice letters and Release Forms be sent?
12. How can I find out if the Notice letters have been sent out?
13. I no longer live at the property where I obtained my loan.  How can I make sure I receive a Notice letter?
14. How much will I be paid if I'm eligible?
15. Why will the Notice letter tell me only the minimum amount of my restitution payment?
16. When will I receive my restitution payment?
17. Will I have to pay taxes on my restitution payment?

### Participation in the Settlement

18. What do I have to do to obtain my restitution payment?
19. What is the deadline for returning my Release Form?
20. Will participating in the Settlement stop a foreclosure?
21. If I participate in the Settlement and send in my Release Form, do I still have to make payments on my loan?
22. What if I've filed or am thinking about filing for bankruptcy?
23. What if I have more than one eligible Ameriquest loan?

### Effect of Signing the Release Form

24. Can you give me a summary of what it means if I sign the Release Form?
25. Can I still sue Ameriquest if I sign and return the Release Form?
26. What lending practices am I giving up the right to sue about?
27. Can you explain what it means to give up my right to file my own lawsuit against Ameriquest?
28. Can you explain what it means to give up my right to be part of a class action lawsuit against Ameriquest?
29. Have any class action lawsuits been filed about the lending practices the States

investigated?

30. Can you give me any advice on whether I should participate in the Settlement?

31. What should I do if I decide not to participate in the Settlement?

32. If I decide to participate and return the Release Form, can I change my mind later?

**Completing the Release Form**

33. If I decide to participate, how do I complete the Release Form?

34. Why will the Release Form ask for my phone number and e-mail address?

35. If I have a co-borrower on my loan, do we both need to sign the Release Form?

36. What if I cannot get my co-borrower's signature because of circumstances such as divorce or separation?

37. What should I do if the borrower has died?  How should the Release Form be completed?

38. What should I do if I'm the guardian of the borrower?  How should the Release Form be completed?

39. Will the Release Form or the Settlement Administrator ask for any confidential information?

40. Will the information I send be kept confidential?

**Getting More Information**

41. I still have some questions.  Who can I contact?

42. When will I be able to get more detailed information about the Settlement?

---

## BACKGROUND INFORMATION

**1. What kinds of lending practices were the States investigating?** (top)

The States were investigating complaints that Ameriquest was using a variety of unlawful lending practices, such as giving borrowers inaccurate information about interest rates, discount points and other mortgage loan terms, inflating property appraisals, and persuading borrowers to refinance, even when refinancing didn't offer any real advantage to the borrowers.  Some borrowers also complained that Ameriquest pressured them to close loans on terms that were different from those originally proposed, and failed to complete funding of loans on time.

You can read the complete list of lending practices that the States investigated by clicking here to see the definition of "Lending Practices" in the Settlement Agreement.

**2. What does the Settlement require Ameriquest to do?** (top)

A total of $295 million will be paid into a Settlement Fund, with the final payment due in March 2007.  The Settlement Fund will be distributed to certain eligible borrowers who obtained mortgage or home equity loans directly from Ameriquest during the period from January 1, 1999 through December 31, 2005.

Ameriquest has also agreed to significantly change many of its lending practices, and give borrowers complete and true information about interest rates, discount points, prepayment penalties, and other refinancing terms.  You can see all of the Settlement requirements by clicking here to read Section IV of the Settlement Agreement.

**3. Why didn't Virginia join the Settlement?** (top)

Ameriquest didn't do business in Virginia.

## ELIGIBILITY

**4. Am I eligible for a restitution payment?** (top)

The $295 million Settlement Fund will be divided into two separate funds of $175 million and $120 million.  You could be eligible for a restitution payment from one or both funds.

You are eligible for a restitution payment from the $175 million fund if:

- You obtained at least one mortgage loan or home equity loan directly from Ameriquest between January 1, 1999 and April 1, 2003, **_and_**
- The loan meets requirements that the States will set.

The vast majority of borrowers who closed a loan between January 1, 1999 and April 1, 2003 will be eligible for a restitution payment under the requirements the States will set.

You are eligible for a restitution payment from the $120 million fund if:

- You obtained at least one mortgage loan or home equity loan directly from Ameriquest between January 1, 1999 and December 31, 2005, **_and_**
- The loan meets requirements that the States will set.

Each individual State will determine its own requirements for distributing its share of the $120 million fund to its residents, based on the type of loan and other loan characteristics. Each State's requirements have not yet been finally determined, but most of the $120 million fund will be distributed to borrowers who obtained loans from Ameriquest between April 2, 2003 and December 31, 2005.

**_Important Reminder_**: When "Ameriquest" is referred to in this Web site, it includes the other companies involved in the Settlement. Therefore, if your loan meets the States' requirements and it was obtained directly from Ameriquest Mortgage, Town and Country Credit Corp. or Bedford Home Loans during the applicable time period, you are eligible for a restitution payment.

### 5. What if I don't have the loan any more?  Am I still eligible? (top)

If your loan meets all the requirements listed above, you're eligible even if you no longer have the mortgage or own the home on which you obtained the mortgage, or if you're currently in default or foreclosure.

### 6. Do I still have to live in the home where I obtained my loan to be eligible for a payment? (top)

No. If your loan was obtained directly from Ameriquest between January 1, 1999 and December 31, 2005, and it meets the requirements the States will set to qualify for a restitution payment, it doesn't matter whether or not you still live in the home where you obtained the loan. But if it's determined that you qualify for a restitution payment, a letter informing you of your eligibility will be sent to the property on which you obtained your loan. If you think you might be eligible for a payment but you've moved, you should send an e-mail to the Settlement Administrator. Your e-mail should provide: (a) your name, (b) your current phone number, (c) the address of the property that is the subject of the loan, and (d) your current address. You can e-mail the Administrator by clicking here.

### 7. What if I signed my loan papers before December 31, 2005, but there was a delay and the money for the loan wasn't paid or funded until <u>after</u> December 31, 2005?  Am I still eligible for a restitution payment? (top)

No.  To be eligible for restitution, the loan must have closed and funded during the January 1, 1999 to December 31, 2005 time period.  No other loans are eligible.

### 8. Am I eligible if I obtained my loan before January 1, 1999 or after December 31, 2005? (top)

No.  The Settlement only covers loans obtained directly from Ameriquest between January 1, 1999 and December 31, 2005.  For example, if you obtained one mortgage loan from Ameriquest in August of 1997, and another in August of 2000, only the August 2000 loan would be eligible for a restitution payment, provided it meets the requirements set by the States.

### 9. Is my loan covered by the Settlement if it was transferred to Ameriquest for servicing? (top)

No.  The Settlement only covers home mortgage and home equity loans obtained directly from Ameriquest.  If you obtained a mortgage loan from another lender, but it was later sold or transferred to Ameriquest for servicing, you aren't eligible for a restitution payment

**NOTICE OF ELIGIBILITY AND AMOUNT OF RESTITUTION PAYMENT**

**10. How will I know if I'm eligible for a restitution payment?** (top)

If you're eligible, you'll receive a Notice letter in the mail from your state Attorney General and/or state financial regulator. The Notice letter will tell you that your participation in the Settlement is voluntary, and tell you the minimum amount you'll receive if you decide to participate. It will also include a Release Form that you must sign and return to the Settlement Administrator in order to participate and receive your restitution payment.

**11. When will Notice letters and Release Forms be sent?** (top)

We expect to mail Notice letters and Release Forms in July 2007. It is possible that it could be later than that, so please be patient. If you haven't received a Notice letter by the end of July 2007 and you think you may be eligible, please contact the Settlement Administrator by calling 1-800-420-5875, or by sending an e-mail to info@ameriquestmultistatesettlement.com. Please do not contact the Administrator about your eligibility before that date.

**12. How can I find out if the Notice letters have been sent out?** (top)

Information about the mailing of Notice letters will be posted on this Web site, so please check back periodically. We will also include a message on the toll-free Settlement information line when the Notice letters are mailed. The number for this line is 1-800-420-5875 (hearing impaired, call 1-866-494-8274).

**13. I no longer live at the property where I obtained my loan. How can I make sure I receive a Notice letter?** (top)

If you have moved, or if you live at an address different than the address of the property on which your loan was obtained, please send an e-mail to the Settlement Administrator. Your e-mail should provide: (a) your name, (b) your current phone number, (c) the address of the property that is the subject of the loan, and (d) your current address. You can e-mail the Administrator by clicking here.

**14. How much will I be paid if I'm eligible?** (top)

The Notice letter you receive will specify the minimum payment you'll receive if you sign and return the Release Form. You could receive more. Restitution payment amounts will likely vary from borrower to borrower, depending on the terms of each loan and the requirements set by the borrower's home State.

**15. Why will the Notice letter only tell me the minimum amount of my restitution payment?** (top)

The payment amount in your Notice letter is the minimum amount you'll receive if all eligible borrowers decide to participate in the Settlement and return their Release Forms. However, it's likely that some eligible borrowers will choose not to participate in the Settlement, or won't return their Release Forms on time. These borrowers' shares of the Settlement Fund will be divided among certain, but not necessarily all, borrowers who do participate.

In addition, the money in the Settlement Fund is currently being held in trust. Interest earned on the Fund may be available for distribution to borrowers. Therefore, it's possible that you could receive more than the "minimum amount" listed on your Notice letter.

Please remember that we can't guarantee you'll receive more than the minimum amount, and we can't estimate the amount of additional funds, if any, that might be available. You should assume you'll receive only the minimum amount when deciding whether to participate in the Settlement.

**16. When will I receive my restitution payment?** (top)

Because this Settlement involves hundreds of thousands of consumers across the country, it will take some time to process all Release Forms. If everything goes as planned, restitution checks will be mailed in Fall 2007. Please check this Web site periodically for updates on when the checks will be mailed.

**17. Will I have to pay taxes on my restitution payment?** (top)

You may receive an IRS form with your check. However, whether any restitution payment you receive is taxable will depend on several factors. Neither the Settlement Administrator nor any of the States or Ameriquest can give you tax or other legal advice on this matter. If you have tax questions, you should contact a local tax preparer or advisor.

## PARTICIPATION IN THE SETTLEMENT

### 18. What do I have to do to obtain my restitution payment? (top)

You will receive a Release Form with your Notice letter. You must sign, date, and mail the Release Form to the Settlement Administrator at the following address by the deadline specified on the Form:

Ameriquest Settlement Administrator
P.O. Box 1855
Faribault, MN 55021-7110

You may need to provide additional information with your Release Form if you can't supply a borrower's signature because of divorce or separation, death, or the borrower is under a guardianship (See Questions 36 to 38 below).

Please remember that your participation in the Settlement is voluntary. You do not have to participate. But you won't receive a restitution payment unless you participate by signing and returning the Release Form by the deadline specified on the Form. If you decide to participate in the Settlement, you should keep a copy of your completed Release Form.

### 19. What is the deadline for returning my Release Form? (top)

The deadline for returning Release Forms has not yet been set. But you'll have at least 60 days from the date your Notice letter is mailed to sign and return the Release Form.

### 20. Will participating in the Settlement stop a foreclosure? (top)

Participating in the Settlement by signing and returning the Release Form will **NOT** stop or undo a foreclosure. But remember, by signing and returning the Release Form you are not giving up your right to fight any foreclosure proceedings, or to make any claims or defenses related to the Settlement in those proceedings.

### 21. If I participate in the Settlement and send in my Release Form, do I still have to make payments on my loan? (top)

Yes. While the Settlement gives you the opportunity to obtain a restitution payment, it doesn't affect the status of your loan. You must continue to make your mortgage payments under the terms of your loan agreement.

### 22. What if I've filed or am thinking about filing for bankruptcy? (top)

We're not able to give you legal or other advice on this matter. If you have filed or are thinking about filing for bankruptcy, you should ask your bankruptcy attorney or the bankruptcy trustee whether your restitution payment or any claims you may have against Ameriquest need to be included in the bankruptcy filing.

### 23. What if I have more than one eligible Ameriquest loan? (top)

If you have more than one eligible loan, you will receive separate Notice letters and Release Forms for each loan, each with its own minimum restitution payment amount. It's your choice whether you want to submit one, all, or none of the Release Forms. But remember, you will only receive a restitution payment for each Release Form you sign and return. Please keep a copy of each Release Form you sign.

## EFFECT OF SIGNING THE RELEASE FORM

### 24. Can you give me a summary of what it means if I sign the Release Form? (top)

When you sign the Release Form, you are agreeing to participate in the Settlement and receive a restitution payment. In return for your payment, you are giving up some legal rights and

choices you might otherwise have. These rights are summarized below. Click on the underlined Question link for more detailed information about each right.

    a. You are giving up all claims you have against Ameriquest about certain lending practices with respect to the mortgage loan that is listed on your Release Form, *except for any claims you might have in a foreclosure proceeding* (Question 25). Please read Question 26 for a list of the lending practices that are included.

    You are giving up the right to file your own lawsuit against Ameriquest about the listed lending practices. Remember, to bring your own individual lawsuit, you would have to hire your own lawyer (Question 27). If you have already filed your own lawsuit against Ameriquest, be sure to talk to the attorney representing you in that lawsuit before signing the Release Form.

    b. You are giving up the right to be part of a class action lawsuit against Ameriquest about the listed lending practices (Question 28). Several lawsuits have already been filed against Ameriquest, but the courts in those cases haven't decided yet whether to allow them to go forward as class actions (Question 29).

    c. Once you sign and return the Release Form, you can't change your mind, even if you later decide you could get more money from your own lawsuit or by participating in a class action (Question 32).

***Reminder***: When "Ameriquest" is referred to in this Web site, it also includes the other companies involved in the Settlement -- ACC Capital Holdings Corp., Town and Country Credit Corp., and AMC Mortgage Services, Inc. (formerly doing business under the name Bedford Home Loans).

### 25. Can I still sue Ameriquest if I sign and return the Release Form? (top)

No. By signing the Release Form, you are forever "releasing" or giving up any claims you might otherwise have against Ameriquest about any of the alleged unlawful lending practices investigated by the states with respect to the mortgage loan account that is listed on your Release Form -- with one exception. That exception is you are **not** giving up any claim or defense you might have in response to a foreclosure regarding your loan. You can sue Ameriquest in order to raise any claims you might have regarding a loan in foreclosure.

**In other words, if you have a loan that is eligible for restitution and you sign and return the Release Form, you won't be able to file your own lawsuit or join another lawsuit (including a class action lawsuit) against Ameriquest about the lending practices the States investigated. This is true whether the lawsuit asks for money, or asks for other benefits, such as cancellation of your loan**. If you sign the Release Form, your restitution payment is the only thing you can get from Ameriquest with respect to the loan, except for any claims you might have in a foreclosure. Please remember that you are not releasing any claims you might have with respect to any other loan with Ameriquest you may have obtained, if that loan is one that is not eligible for a restitution payment.

You can read the entire release in section VII of the Settlement Agreement by clicking here.

### 26. What lending practices am I giving up the right to sue about? (top)

The lending practices that the States investigated (and you are giving up the right to sue about if you sign the Release Form) are representations or misrepresentations, omissions, acts, or transactions relating to:

    a. Loan types and terms, including discount points, interest rates, origination fees, monthly payment amounts, terms of adjustable rate and fixed-rate mortgages and prepayment penalties.

    b. Written disclosures, including the good faith estimate, and other documents provided by Ameriquest to borrowers.

    c. The benefits of obtaining a loan or a repeat refinancing with Ameriquest.

    d. Coordination with debt collectors.

    e. The completion of underwriting and funding the loan on time.

    f. Loan closing.

    g.  Appraisals.

    h.  Stated income loans.

    i.  Disclosures to non-English speaking borrowers and potential borrowers.

**27. Can you explain what it means to give up my right to file my own lawsuit against Ameriquest?** (top)

If you sign and return the Release Form, you cannot sue Ameriquest yourself about the lending practices investigated by the States with respect to any eligible loan.  That means you are giving up the <u>potential</u> to receive more money than your offered restitution payment.  However, if you sue, there's no guarantee you'll win the lawsuit, or that you would receive more money.  That depends on whether you can prove that a lending practice was unlawful, and that your monetary harm because of the lending practice was greater than your offered restitution payment.

**28. Can you explain what it means to give up my right to be part of a class action lawsuit against Ameriquest?** (top)

If you sign the Release Form, you're also giving up the right to be part of a class action lawsuit against Ameriquest about the lending practices investigated by the States with respect to any eligible loan.

In a class action lawsuit, one or more people sue on behalf of other people who have similar claims.  The people together are a "class" or "class members."  The Court must first rule if it will allow the lawsuit to proceed as a class action.  If it does, the class is "certified", and the court then decides the lawsuit for everyone in the class.  When a class is certified, whatever is decided applies to everyone in the class.  The lawsuit is sometimes called a "purported" or "potential" class action until the Court decides that the lawsuit can go forward as a class action.  In a class action, class members generally don't have to pay the lawyers.

If the class action is successful, the lawyers' fees and costs are usually either paid by the defendants or taken out of the money that is recovered.   If the class action is not successful, the lawyers don't get paid.

Giving up the right to be part of a class action lawsuit against Ameriquest means you are giving up the <u>potential</u> to receive more money than your offered restitution payment.  However, there's no guarantee that any class action lawsuit would be successful and that you would receive money.  That depends on many factors, including whether the class action is certified by the court, whether you're in fact a member of the class certified, and whether (and in what amount) any money is awarded to class members.

**29. Have any class action lawsuits been filed against Ameriquest about the lending practices the States investigated?** (top)

Yes, several purported class actions have been filed about some of the same lending practices investigated by the States.  Some of the people who filed these lawsuits are asking the courts to certify or allow the suits to go forward on behalf of a class of borrowers that might include you.  However, the courts in these lawsuits haven't decided yet whether they can proceed as class actions.

There is no way to know for now whether any of the lawsuits will be certified as class actions, or whether you would be a member of any class certified.  There is also no way to know, if a class is allowed and you are a class member, whether any money will be obtained for class members, or, if money is awarded, how much it will be.  It could be more than your minimum restitution payment, less than your payment, or nothing at all.

**30. Can you give me any advice on whether I should participate in the Settlement?** (top)

It's your choice whether to participate in the Settlement.  Neither Ameriquest nor the States can give you legal or other advice about whether you should participate and sign the Release Form.  Before making that decision, you are encouraged to consult a private attorney, or, if your income level qualifies you, a legal aid or legal services organization.

**31. What should I do if I decide not to participate in the Settlement?** (top)

Your participation in the Settlement is completely voluntary.  If you don't want to participate and receive a restitution payment, **do not** complete or send in the Release Form.  Nothing else is required.  Remember, if you do not sign and return the Release Form by the deadline specified on the Form, you won't receive a restitution payment.  But you will keep the right to sue or be part of a class action against Ameriquest about the lending practices investigated by the States.

**32. If I decide to participate and return the Release Form, can I change my mind later?** (top)

No.  Once you sign and return the Release Form, your decision to participate is final.  That's true even if you later decide -- or someone tells you -- that that you could get more money than your restitution payment.

The same result is true if you choose not to sign the Release Form (or don't send the Release Form in on time).  That decision is also final.  If you don't participate, you can file your own lawsuit against Ameriquest (at your own expense), or await the outcome of any purported class action (if it's certified and you're a class member).  But you should remember that if no money is awarded, or if it is less than your restitution payment, you **will not** be able to change your mind and ask for all or part of your restitution payment.  If you do not sign and return the Release Form by the deadline, you won't receive any payment from the Settlement.

<p align="center">**COMPLETING THE RELEASE FORM**</p>

**33. If I decide to participate, how do I complete the Release Form?** (top)

If you're eligible for a restitution payment, you'll receive your Release Form with your Notice letter.  You'll need to provide your name, phone number, and e-mail address (if available), and updated information if the address on the Form is not correct.

All borrowers should sign and date the Form.  You may need to provide additional information if you can't supply a borrower's signature because of divorce or separation (Question 36), death (Question 37), or the borrower is under a guardianship (Question 38).  Your completed Release Form should be mailed to: Ameriquest Settlement Administrator, P.O. Box 1855, Faribault, MN 55021-7110.

Please remember to read the release language carefully before you sign the Release Form.

**34. Why will the Release Form ask for my phone number and e-mail address?** (top)

The Settlement Administrator might need more information in order to process your Release Form.  The Form will ask you to provide your phone number and e-mail address so that the Settlement Administrator can contact you if additional information is needed.

**35. If I have a co-borrower on my loan, do we both need to sign the Release Form?** (top)

Yes.  Each person who signed the original loan documents will need to sign the Release Form, except in circumstances where a borrower's signature cannot be obtained (such as divorce or separation, death, or where a co-borrower has a guardian).  If any of these circumstances explain why you can't obtain a co-borrower's signature, please read Questions 36 to 38 below to see what you need to do.

Where they are all available to sign, the restitution payment check will be made payable to all co-borrowers.

**36. What if I cannot get my co-borrower's signature because of circumstances such as divorce or separation?** (top)

Please make every effort to obtain your co-borrower's signature.  But if you have, and cannot get it because of special circumstances, you should sign and send in the Release Form yourself.  You must also provide a letter with the Release Form explaining why you couldn't obtain the co-borrower's signature.  Your letter will be reviewed, and you'll be notified if it is accepted or rejected, or if further information is necessary.  If the explanation in your letter is accepted, we'll make payment to you alone (without the other borrower's name appearing on the check).

**37. What should I do if the borrower has died?  How should the Release Form be**

**completed?** (top)

If there is only **one** borrower and that borrower has died, the executor or administrator of the estate should sign the Release Form and add his or her title (for example, "Executor of the Estate of John Doe"). If no estate was opened, or the estate is now closed, all the legal heirs of the borrowers should sign their names on the Release Form, and add the word "Heir".

In either circumstance, you must also sign and send a letter with the Release Form explaining the circumstances, and attach copies (please do not send originals) of any legal documentation showing you are the executor or administrator of the estate, or the legal heir of the deceased. Your letter should also include the address where payment should be sent.

Your letter and Release Form will be reviewed, and you'll be notified if it is accepted or rejected, or if further information is necessary. If your submission is accepted, payment will be made payable to "The Estate of (name)", or to the heirs.

If you had a **co-borrower** who has died, you should sign the Release Form yourself, and include a letter with the Form explaining the circumstances. You must also send copies of documents that show:

   a.  The co-borrower has died (for example, a copy of the death certificate), **and**

   b.  You are legally entitled to the co-borrower's interest in the real estate (for example, a copy of the deed, if the property was owned jointly with survivorship rights, or a copy of the Certificate of Transfer of the property to you).

Your letter and Release Form will be reviewed, and you'll be notified if it is accepted or rejected, or if further information is necessary. If your submission is accepted, payment will be made in your name alone.

**38. What should I do if I'm the guardian of the borrower? How should the Release Form be completed?** (top)

If you are the legal guardian of the borrower to whom the Release Form is sent, you should sign the Release Form with your name, and add your title (for example, "Guardian of John Doe"). You must also sign and send a letter with the Release Form explaining the circumstances, and attach copies (please do not send originals) of any legal documentation showing you are the guardian. Your letter should also include the address where payment should be sent.

Your letter and Release Form will be reviewed, and you'll be notified if it is accepted or rejected, or if further information is necessary. If your submission is accepted, payment will be made payable in your name, as "Guardian" for the ward.

**39. Will the Release Form or the Settlement Administrator ask for any confidential information?** (top)

The Release Form will ask you for your updated address (if any), phone number and e-mail address. It won't ask you to provide any other personal information, unless you can't obtain a borrower's signature because of circumstances such as divorce or separation, the death of the borrower, or if you are the guardian of the borrower. In these cases, you'll need to provide more information. However, all information you provide will be kept confidential by the Settlement Administrator, and will only be used to validate your Release Form.

After you return your Form, it's possible that the Settlement Administrator may need to contact you to verify some information, especially if your circumstances have changed since the time you obtained the loan (for example, if you moved or were divorced).

To make sure you provide information only to the proper Settlement Administrator:

   •  Send information by mail only to the Ameriquest Settlement Administrator, P.O. Box 1855, Faribault, NM 55021-7110;

   •  Call the Settlement Administrator only at 1-800-420-5875, or e-mail the Administrator at info@ameriquestmultistatesettlement.com.

The Settlement Administrator will never use a different phone number, address, or e-mail address, and will not ask you to provide confidential information over the phone. The

Settlement Administrator will never ask you to send any money to any address in order to participate in or receive any information about the Settlement. If anyone asks you to send confidential information to any other address or e mail address, or if anyone asks for money, do not do so. Instead, you should immediately report this to the Attorney General's office in your state.

**40. Will the information I send be kept confidential?** (top)

Yes. The Settlement Administrator will protect the privacy of all information you provide. The Administrator will also keep confidential the loan information provided to it by Ameriquest. All of this information will be used only to send Notice letters and process Release Forms.

## GETTING MORE INFORMATION

**41. I still have some questions. Who can I contact?** (top)

If you have additional questions about the Settlement, you can contact the Settlement Administrator by:

- Calling toll-free 1-800-420-5875 (hearing impaired call 1-866-494-8274);

- Sending an e-mail to info@ameriquestmultistatesettlement.com; or

- Writing to: Ameriquest Settlement Administrator, P.O. Box 1855, Faribault, MN 55021-7110

If you call, you will reach a voice mail system that will ask you to leave your name, your number, your home state, and your question. Calls will be returned as quickly as possible, but you may have to wait for some time. The Administrator will begin staffing the phone line with live operators shortly before Notice letters are mailed.

If you write, call or send an e-mail to the Settlement Administrator, be sure to include your full name, phone number, street address, city, state and zip code.

**Please contact the Settlement Administrator directly, rather than the Attorney General's Office or your state's financial regulator.** If the Settlement Administrator is not able to answer your question, they will contact the appropriate agency in your home state.

**42. When will I be able to get more detailed information about the Settlement?** (top)

We appreciate your interest in this Settlement. We're committed to providing new and updated information about the Settlement as soon as it becomes available. This Web site will be updated several times over the coming months as details about restitution payment eligibility and the timing for sending Notice letters and restitution payment checks are worked out. Please check it regularly.

Designed By Rust Consulting, Inc.

EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Judge Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | Magistrate Judge Morton Denlow |

**STIPULATED PROTECTIVE ORDER**

All Plaintiffs (collectively, "Plaintiffs") and Defendants[1] in this multidistrict litigation proceeding (the "Proceeding") believe that there is good cause to enter into this stipulated protective order because documents containing confidential information will be produced. These documents may contain sensitive information of a non-public nature that would not generally be available to the public, including documents that may reflect non-public personal information of actual or potential borrowers, as well as documents that may contain proprietary business information protected under Fed. R. Civ. P. 26.

Pursuant to LR 26.2 the Court finds that there is good cause for entry of a protective order as to certain information being produced in discovery.

1.    The provisions of this Stipulated Protective Order shall govern the use and handling of all documents (hardcopy, electronic format or otherwise), testimony, written responses to discovery and all other information in whatever form produced or given by any party or third party in this action which is designated under the terms of this Stipulated Protective

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc.; and Argent Mortgage Company, LLC.

611559.2                                                    - 1 -

Order. This Stipulated Protective Order shall apply to the following categories of documents and information produced in this Proceeding (collectively "Confidential Information"): (a) trade secrets or proprietary, non-public commercial information protected by applicable law; or (b) individual consumer financial records. Such documents or information are to be designated by marking them as "CONFIDENTIAL." No document or information may be designated as CONFIDENTIAL except by outside counsel for a party upon a good faith determination that the marking is proper. For purposes of this Stipulated Protective Order the term "document" shall be given its broadest possible construction to include all written, recorded or graphic matter whatsoever, and all copies (identical or non-identical) thereof contemplated by Federal Rule of Civil Procedure, Rules 26 and 34.

2.    CONFIDENTIAL documents or information shall only be used for purposes of this Proceeding and for no other purpose whatsoever except as otherwise permitted by this Stipulated Protective Order or required by law, and may be disclosed only to the following persons:

a.    Counsel of record for the parties in this action, including in-house counsel, who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

b.    Experts or consultants (including their employees, associates and/or support staff) retained by a party in this Proceeding;

c.    Interviewees and potential witnesses that counsel for a party to a case in this Proceeding in good faith determines needs to have access to Confidential Information in order for counsel to effectively prosecute or defend the litigation;

d.    Deponents, trial or hearing witnesses as provided below;

e.    Deposition court reporters and videographers as provided below;

f.    The Court and its personnel, including Special Masters;

g.    Mediators;

h.    Officers and Directors of a Defendant;

i.     Named Plaintiffs in this Proceeding, provided, however that CONFIDENTIAL documents and information shall not be disclosed routinely to the named Plaintiffs in the cases in this Proceeding. Confidential Information may be disclosed to the named Plaintiffs only where the party's counsel in good faith determines that the disclosure is necessary to the effective prosecution or defense of the litigation;

j.     Third-party contractors involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions;

k.     Any person whom Plaintiffs' and defense counsel agree, in writing, can be provided such information; and

l.     Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

3.     CONFIDENTIAL documents and information shall not be disclosed to any person referred to in paragraphs 2(b), 2(c), 2(d), 2(e), 2(h), 2(i), 2(j), 2(k), and 2(l) above unless and until such person has agreed in writing, by executing Exhibit "A" hereto, or orally on the record of a deposition or trial transcript, to be bound by the terms and conditions of this Stipulated Protective Order. Counsel disclosing any CONFIDENTIAL documents or information to the persons described in paragraphs 2(b), 2(c), 2(d), 2(e), 2(h), 2(i), 2(j), 2(k), and 2(l) shall be responsible for retaining copies of documents evidencing any such agreements to be bound by the terms of this Stipulated Protective Order.

4.     The requesting party and each person to whom CONFIDENTIAL documents or information is disclosed shall exercise, in maintaining the confidentiality of any CONFIDENTIAL documents or information, at least as high a degree of care and diligence as the requesting party would normally exercise with regard to proprietary information which it maintains as secret and confidential, which degree of care and diligence shall not be less than that which a reasonable person would exercise in maintaining the confidentiality of proprietary information of great value. The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of CONFIDENTIAL documents or information. Parties shall not

duplicate any CONFIDENTIAL documents or information except working copies and for filing in court under seal.

5. With respect to any copy of a loan file of any named Plaintiff that Defendants produce in discovery herein, one copy of said file shall be produced to counsel for said Plaintiff. To whatever extent, if any, said Plaintiff's counsel wishes to provide access to or copies of all of any portion of said loan file to any other Plaintiff's counsel who is subject to this Stipulated Protective Order, nothing herein shall prohibit said counsel from doing so, at no expense to Defendants. With respect to all documents to be produced by Defendants which are other than the loan files of individual named Plaintiffs, Defendants shall produce just one copy of said documents, and that copy shall be delivered to Lieff, Cabraser, Heimann & Bernstein, who are one of the Co-Lead Counsel under the terms of the Court's November 7, 2006 "Memorandum Opinion And Order". To whatever extent, if any, another Plaintiff's counsel who is subject to the Stipulated Protective Order wishes to obtain copies of or access to all or any portion of said documents, nothing herein shall prohibit Plaintiff's counsel from obtaining said access or copies, at no expense to Defendants.

6. Depositions. Any party in this Proceeding may utilize CONFIDENTIAL documents or information in the course of a deposition provided that the deponent is furnished a copy of this Stipulated Protective Order before examination on any such CONFIDENTIAL documents or information and provided that the deponent agrees on the record, under oath, to be bound by the terms of this Stipulated Protective Order. If the deponent is unwilling to so agree, then counsel for the parties shall meet and confer and endeavor in good faith to determine how best to proceed in the manner most likely to prevent unauthorized disclosure of CONFIDENTIAL documents or information consistent with the legitimate ends of accomplishing the intended discovery.

7. Any party may designate the portion of a deposition transcript (including exhibits) that contains CONFIDENTIAL documents or information with a statement to such effect on the record in the course of the deposition. If no party designates the portion of the transcript and

exhibits as containing CONFIDENTIAL documents or information during the course of the deposition, counsel for a party shall be permitted in good faith to designate by page and line reference those portions of the transcript and exhibits containing CONFIDENTIAL documents or information as confidential within thirty (30) days following receipt of the transcript of such deposition, provided that said party requested a copy of the transcript within ten (10) days of notification of its existence. Until such time lapses without any designation having been made, all parties shall treat the deposition transcript as confidential under this Stipulated Protective Order. If a transcript or a portion of a transcript containing CONFIDENTIAL documents or information is filed with the Court, it shall be filed under seal and shall bear the "CONFIDENTIAL" stamp as described above. Upon designation of a transcript as CONFIDENTIAL, all portions of the transcript referring to said Confidential Information shall be separately bound, taped and given "CONFIDENTIAL" markings and shall be subject to the terms of this Stipulated Protective Order. The court reporter shall separately transcribe testimony so designated and shall stamp or mark the face of the transcript accordingly. The transcript of the non-CONFIDENTIAL portion shall indicate that testimony disclosing CONFIDENTIAL documents or information ensues and that such testimony is separately transcribed. Both the non-confidential and confidential transcripts shall use a single set of continuous page numbers so that the continuity of the deposition transcript pagination is maintained. If any given transcript contains so many repeated references to CONFIDENTIAL documents or information that they cannot practicably be segregated from other material, then the entire transcript shall be marked "CONFIDENTIAL" and shall be protected under the terms of this Stipulated Protective Order. Any portion of a videotaped recording of a deposition discussing or disclosing CONFIDENTIAL documents or information shall be viewed only by those persons authorized under this Stipulated Protective Order to have access to said material.

       8.     The parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order. Documents containing CONFIDENTIAL documents or information shall NOT be filed with the Clerk of Court. Any

CONFIDENTIAL documents or information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court containing such information, shall be filed or attempted to be filed in a sealed envelope accompanied by a request that the Court file and maintain the information under seal pursuant to LR 26.2. The sealed envelope shall bear the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A redacted copy of the pleading shall be filed with the Clerk of Court for the record. In filing such materials with the Court as set forth above, counsel shall, where practicable, file under seal only those specific portions of briefs, motions or other filings that contain CONFIDENTIAL documents or information. A party's administrative request pursuant to LR 26.2 that a document designated CONFIDENTIAL be filed under seal shall not constitute a waiver of that party's right to challenge the propriety of that document's designation as CONFIDENTIAL.

9.      Nothing in this Stipulated Protective Order shall prevent any party from using or disclosing its own CONFIDENTIAL documents or information. If a party discloses its own CONFIDENTIAL documents or information in the course of this Proceeding with the intent to waive the protections afforded by this Stipulated Protective Order, then this Stipulated Protective Order shall not apply to that document or information. This provision does not apply to the inadvertent disclosure of a party's own CONFIDENTIAL documents or information.

10.      The receiving party of any inadvertent disclosure of CONFIDENTIAL documents or information without the "CONFIDENTIAL" designation on them shall, upon written request by the designating party, treat such information as CONFIDENTIAL in accordance with this Stipulated Protective Order. Upon receipt of such written notice, the receiving party of such previously undesignated material shall make all reasonable efforts under the circumstances to: (1) retrieve all such material disclosed to persons other than those so authorized pursuant to this Stipulated Protective Order; (2) affix appropriate markings to such

611559.2                              - 6 -

material; and (3) prevent further use or disclosure of the information contained in the previously undesignated material by or to persons other than those so authorized by this Stipulated Protective Order to do so.

11.    Any interested person or member of the general public may challenge a designation that a document is CONFIDENTIAL by filing and serving on all counsel for the parties to this litigation a written motion which states, among other things:  (1) the person's interest in the document; (2) the reason(s) which form the basis of the challenge; and (3) the purpose to which the document will be used in or outside the scope of the litigation and the purpose for such use.

12.    If any party to the Proceeding believes that designated CONFIDENTIAL documents or information should not be subject to this Stipulated Protective Order said party may provide written notification to the other party.  The notice shall clearly specify the designated information and the reason(s) for the belief that the designated information is not properly subject to this Stipulated Protective Order.  The party giving such notice shall not bring a motion seeking an order of this Court that the designated CONFIDENTIAL documents or information  are not properly subject to this Stipulated Protective Order for ten (10) days following placement of such notice by the objecting party in the U.S. mail, or five (5) court days following the faxing of a copy of such notice to the other party.  Thereafter, the party contending the information is not subject to this Stipulated Protective Order may bring a motion seeking an order of this Court that the designated CONFIDENTIAL documents or information should be undesignated and the designating party shall have the burden of showing that said materials are properly subject to this Stipulated Protective Order.  If such a motion is brought, the designated CONFIDENTIAL documents or information shall remain subject to this Stipulated Protective Order until the Court makes its determination.  Any hearing on such motion may be heard in camera by the Court.

13.    This Stipulated Protective Order shall survive the termination of this Proceeding, and shall continue in full force and effect thereafter.  Documents containing CONFIDENTIAL

documents or information shall be returned to Defendants within one hundred twenty (120) days after a court order finally terminating this Proceeding or the case therein to which the CONFIDENTIAL documents or information relates, whichever is later. Upon request, each party's counsel shall provide Defendants with a declaration certifying that all documents required to be returned pursuant to the provisions of this paragraph have been returned or destroyed. Notwithstanding this provision, counsel for the person or party who received documents in the litigation are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain CONFIDENTIAL documents or information. Any such archival copies that contain or constitute CONFIDENTIAL documents or information remain subject to this Stipulated Protective Order.

14.     If a subpoena or other legal process seeking the production of CONFIDENTIAL documents or information (collectively, "Process") is served on any person bound by this Stipulated Protective Order, then the recipient of said Process shall promptly provide written notice thereof to the designating party and all parties in this Proceeding, sufficiently prior to the deadline for compliance with the Process to provide such party adequate time to seek judicial relief. Whoever asserts the confidentiality of the information in question shall have the burden of defending against said Process. Except in the case of an order requiring immediate production of the requested information, neither party shall disclose the other party's CONFIDENTIAL documents or information without giving the other party an opportunity to seek from this Court an order governing disclosure of the requested information; however, nothing in this Stipulated Protective Order shall restrict the party receiving the Process from complying with it, except to the extent that the Process is modified judicially or otherwise.

15.     The remedies provided by this Stipulated Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court for any document or information deemed to be confidential. The producing party shall be entitled to all remedies existing under law and equity in the event of any unauthorized disclosure

of any CONFIDENTIAL documents or information, or any other breach of this Stipulated Protective Order, by either the requesting party or any person to whom the requesting party has disclosed any CONFIDENTIAL documents or information.

16.     The entry of this Stipulated Protective Order shall not be construed as a waiver of any claim of privilege or any other objection which may be asserted during the course of this litigation (including any appeal), or to require production of any document deemed to be confidential.  Entering into, agreeing to, or otherwise complying with the terms of this Stipulated Protective Order, including producing or receiving Confidential Information:  (a) shall not prejudice in any way the rights of a party to object to any discovery request seeking production of information it considers not subject to discovery; (b) shall not prejudice in any way the rights of a party to seek a determination by this Court that any requested discovery be made; (c) shall not be an admission by any party of any fact, issue or contention in this or any other proceeding; (d) shall not be construed to affect the admissibility of any document, material or information at any trial or hearing.

17.     Any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

18.     Any information that was previously produced by Defendants in any case in this Proceeding as CONFIDENTIAL under the terms of a protective order in that case shall be deemed, pending further order of this Court, to be CONFIDENTIAL and protected as CONFIDENTIAL documents or information under this Stipulated Protective Order.

19.     In the event that any part of this Stipulated Protective Order, as proposed to the Court for entry, is not entered in full and without any modification that would render any of the procedures set forth herein unable to be implemented, then the parties agree that all other procedures provided herein that are not so modified or stricken will still be binding upon all signatories to this Stipulated Protective Order.  In such event, the parties further agree to make all reasonable efforts to protect against the unauthorized disclosure of CONFIDENTIAL documents or information consistent with the version of this Stipulated Protective Order that was

presented to the Court for entry and that they will enter into good faith negotiations to create a new proposed stipulated order that will satisfy the Court. In the event that such efforts are unsuccessful or unacceptable to the Court, then all CONFIDENTIAL documents and information shall be returned to the producing party within 30 days, pending exhaustion of appellate remedies.

20.     This Stipulated Protective Order shall apply to all parties and counsel that presently are part of, or may be made part of, this Proceeding, and their respective successors, heirs or assigns.

21.     Nothing in this Stipulated Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

EXHIBIT A

By signing this document, I hereby certify that I have read the Confidentiality Agreement in *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL No. 1715 and hereby agree to abide by its terms and conditions. I also understand that any violation of the Confidentiality Agreement by me or anyone acting under my direction may subject me to penalties for contempt of court. I hereby consent to the Court's personal jurisdiction over me.

Dated: April 13, 2007

Name: Christopher M. Lefebvre

Signature: _____

/s/Christopher M. Lefebvre

Respectfully submitted;

Attorney for certain Plaintiffs

Christopher M. Lefebvre
CLAUDE LEFEBVRE
CHRISTOPHER LEFEBVRE, P.C
P.O Box 479
Pawtucket, R.I 02860
(401) 728-6060
(401) 728-6534 Fax

- 11 -

SO STIPULATED.

Dated: April __, 2007

_____
Kelly M. Dermody

Kelly M. Dermody (CA Bar No. 171716)
Caryn Becker (CA Bar No. 196947)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

_____
Gary Klein

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500 ext. 15
Facsimile: (617) 357-5030

_____
Jill H. Bowman

Jill H. Bowman
Terry Smiljanich
JAMES, HOYER, NEWCOMBER &
  SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

_____
Marvin A. Miller

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL 60602
Telephone: (312) 782-4800
Facsimile: (312) 782-4485

*Plaintiffs' Liaison Counsel*

611559.2

- 12 -

SO STIPULATED.

Dated: April 6, 2007

_____
Kelly M. Dermody

Kelly M. Dermody (CA Bar No. 171716)
Caryn Becker (CA Bar No. 196947)
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

_____
Gary Klein

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500 ext. 15
Facsimile: (617) 357-5030

_____
Jill H. Bowman

Jill H. Bowman
Terry Smiljanich
JAMES, HOYER, NEWCOMBER &
   SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

_____
Marvin A. Miller

Marvin A. Miller
MILLER LAW LLC
101 N. Wacker Drive, Suite 2010
Chicago, IL 60606
Telephone: (312) 525-8316
Facsimile: (312) 525-8231

*Plaintiffs' Liaison Counsel*

611559.2

- 12 -

**SO STIPULATED.**

Dated: April __, 2007

_____
            Kelly M. Dermody

Kelly M. Dermody (CA Bar No. 171716)
Caryn Becker (CA Bar No. 196947)
LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

_____
            Gary Klein

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500 ext. 15
Facsimile: (617) 357-5030

_____
            Jill H. Bowman

Jill H. Bowman
Terry Smiljanich
JAMES, HOYER, NEWCOMBER &
    SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

                    *Plaintiffs' Co-Lead Counsel*

_____
            Marvin A. Miller

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL 60602
Telephone: (312) 782-4800
Facsimile: (312) 782-4485

                    *Plaintiffs' Liaison Counsel*

SO STIPULATED.

Dated: April 6, 2007

_____
Kelly M. Dermody

Kelly M. Dermody (CA Bar No. 171716)
Caryn Becker (CA Bar No. 196947)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

_____
Jill H. Bowman

Jill H. Bowman
Terry Smiljanich
JAMES, HOYER, NEWCOMBER &
  SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

                               *Plaintiffs' Co-Lead Counsel*

_____
Marvin A. Miller

Marvin A. Miller
MILLER LAW LLC
101 N. Wacker Drive, Suite 2010
Chicago, IL 60606
Telephone: (312) 525-8316
Facsimile: (312) 525-8231

                               *Plaintiffs' Liaison Counsel*

_____
Gary Klein

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500 ext. 15
Facsimile: (617) 357-5030

611559.7

- 12 -

Samuel H. Rudman  (SR-7957)
Evan J. Kaufman  (EJK-8042)
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  (631) 367-7100
Facsimile:  (631) 367-1173

Michael D. Donovan
DONOVAN SEARLES LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone:  (215) 732-6067
Facsimile:  (215) 732-8060

William H. Crowder  (20102)
Susan Ford Bedor  (154702)
Gregory L. Paulson  (34517)
CROWDER, BEDOR & PAULSON, LLP
555 West Seventh Street, Suite 201
St. Paul, MN  55201
Telephone:  (651) 225-8330
Facsimile:  (651) 204-2134

Daniel S. Blinn
CONSUMER LAW GROUP, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT  06067
Telephone:  (860) 571-0408
Facsimile:  (860) 571-7457

Charles Delbaum
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, MA  02110
Telephone:  (617) 542-8010
Facsimile:  (617) 542-8028

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL  60603
Telephone:  (312) 739-4200
Facsimile:  (312) 419-0379

*Plaintiffs' Executive Committee*

Samuel H. Rudman (SR-7957)
Evan J. Kaufman (EJK-8042)
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173

Michael D. Donovan
DONOVAN SEARLES LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

William H. Crowder (20102)
Susan Ford Bedor (154702)
Gregory L. Paulson (34517)
CROWDER, BEDOR & PAULSON, LLP
555 West Seventh Street, Suite 201
St. Paul, MN 55201
Telephone: (651) 225-8330
Facsimile: (651) 204-2134

Daniel S. Blinn
CONSUMER LAW GROUP, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT 06067
Telephone: (860) 571-0408
Facsimile: (860) 571-7457

Charles Delbaum
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, MA 02110
Telephone: (617) 542-8010
Facsimile: (617) 542-8028

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379

*Plaintiffs' Executive Committee*

Samuel H. Rudman (SR-7957)
Evan J. Kaufman (EJK-8042)
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173

Michael D. Donovan
DONOVAN SEARLES LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

William H. Crowder (20102)
Susan Ford Bedor (154702)
Gregory L. Paulson (34517)
CROWDER, BEDOR & PAULSON, LLP
555 West Seventh Street, Suite 201
St. Paul, MN 55201
Telephone: (651) 225-8330
Facsimile: (651) 204-2134

Daniel S. Blinn
CONSUMER LAW GROUP, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT 06067
Telephone: (860) 571-0408
Facsimile: (860) 571-7457

Charles Delbaum
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, MA 02110
Telephone: (617) 542-8010
Facsimile: (617) 542-8028

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379

*Plaintiffs' Executive Committee*

Samuel H. Rudman (SR-7957)
Evan J. Kaufman (EJK-8042)
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173

Michael D. Donovan
DONOVAN SEARLES LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

William H. Crowder (20102)
Susan Ford Bedor (154702)
Gregory L. Paulson (34517)
CROWDER, BEDOR & PAULSON, LLP
555 West Seventh Street, Suite 201
St. Paul, MN 55201
Telephone: (651) 225-8330
Facsimile: (651) 204-2134

Daniel S. Blinn
CONSUMER LAW GROUP, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT 06067
Telephone: (860) 571-0408
Facsimile: (860) 571-7457

Charles Delbaum
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, MA 02110
Telephone: (617) 542-8010
Facsimile: (617) 542-8028

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379

*Plaintiffs' Executive Committee*

Samuel H. Rudman (SR-7957)
Evan J. Kaufman (EJK-8042)
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173

Michael D. Donovan
DONOVAN SEARLES LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

William H. Crowder (20102)
Susan Ford Bedor (154702)
Gregory L. Paulson (34517)
CROWDER, BEDOR & PAULSON, LLP
555 West Seventh Street, Suite 201
St. Paul, MN 55201
Telephone: (651) 225-8330
Facsimile: (651) 204-2134

Daniel S. Blinn
CONSUMER LAW GROUP, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT 06067
Telephone: (860) 571-0408
Facsimile: (860) 571-7457

Charles Delbaum
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, MA 02110
Telephone: (617) 542-8010
Facsimile: (617) 542-8028

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379

*Plaintiffs' Executive Committee*

Samuel H. Rudman (SR-7957)
Evan J. Kaufman (EJK-8042)
LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (631) 367-7100
Facsimile: (631) 367-1173

Michael D. Donovan
DONOVAN SEARLES LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

William H. Crowder (20102)
Susan Ford Bedor (154702)
Gregory L. Paulson (34517)
CROWDER, BEDOR & PAULSON, LLP
555 West Seventh Street, Suite 201
St. Paul, MN 55201
Telephone: (651) 225-8330
Facsimile: (651) 204-2134

Daniel S. Blinn
CONSUMER LAW GROUP, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT 06067
Telephone: (860) 571-0408
Facsimile: (860) 571-7457

Charles Delbaum
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, MA 02110
Telephone: (617) 542-8010
Facsimile: (617) 542-8028

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379

*Plaintiffs' Executive Committee*

EXHIBIT A

By signing this document, I hereby certify that I have read the Confidentiality Agreement in *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL No. 1715 and hereby agree to abide by its terms and conditions. I also understand that any violation of the Confidentiality Agreement by me or anyone acting under my direction may subject me to penalties for contempt of court. I hereby consent to the Court's personal jurisdiction over me.

Date: _4/9/07_          _____
                        SIGNATURE

                        _Daniel A. Edelman_
                        NAME (PRINTED)

611559.2                    - 11 -

EXHIBIT A

By signing this document, I hereby certify that I have read the Confidentiality Agreement in *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL No. 1715 and hereby agree to abide by its terms and conditions. I also understand that any violation of the Confidentiality Agreement by me or anyone acting under my direction may subject me to penalties for contempt of court. I hereby consent to the Court's personal jurisdiction over me.

Date: __4/5/07__          __Daniel Harris__
                          SIGNATURE

                          __DANIEL HARRIS__
                          NAME (PRINTED)

611559.2                  - 11 -

Dated: April 23, 2007

_____
Bernard E. LeSage

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017
Telephone: (213) 891-5230
Facsimile: (213) 630-5714

*Counsel for Defendant Ameriquest Mortgage Company*

_____
Thomas J. Wiegand

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Counsel for Defendant Argent Mortgage Company*


**IT IS SO ORDERED.**


Dated: _____, 2007

_____
Magistrate Judge Morton Denlow

EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | MDL No. 1715 |
| MORTGAGE LENDING PRACTICES | ) | Lead Case No. 05-cv-07097 |
| LITIGATION | ) | |
| | ) | Centralized before the |
| | ) | Honorable Marvin E. Aspen |
| | ) | |
| | ) | |

## STIPULATION RE PRODUCTION OF PLAINTIFFS' LOAN FILES

WHEREAS, Plaintiffs have requested, or anticipate requesting, either through formal discovery or the previously filed Stipulation re Mediation, the production of their particular loan files from their lender-Defendants in this Multidistrict Litigation Proceeding ("MDL Proceeding");

WHEREAS, Defendants have requested, or anticipate requesting, either through formal discovery or the previously filed Stipulation re Mediation, the production of particular Plaintiff's copies of their own loan files from those Plaintiffs;

WHEREAS, the parties to this Stipulation have met and conferred regarding such production and, through their counsel of record, hereby enter into the following Stipulation re Production of Plaintiffs' Loan Files:

(1)     The production of a particular Plaintiff's loan file by any Defendant shall be made to counsel of record for that Plaintiff.  If a particular Plaintiff has more than one counsel of record, production may be made to any one of that Plaintiff's counsel of record.  Production to a single counsel of record for any particular Plaintiff shall be deemed production to all Plaintiffs' counsel, including all class counsel and individual Plaintiffs' counsel, and it shall be the receiving counsel's responsibility to provide copies, where appropriate, to other Plaintiffs' counsel of record.  The loan files for all class members named in either the Borrower Class Action Complaint or the Non Borrower Class Action Complaint shall be directed to Kelly M. Dermody at Lieff, Cabraser, Heimann & Bernstein LLP.

1

(2)     Production of a particular Plaintiff's Argent Mortgage Company ("Argent") loan file by that Plaintiff shall be made to Thomas Wiegand of Winston & Strawn.  Production of a particular Plaintiff's loan file relating to any Defendant other than Argent, by that Plaintiff, shall be made to Bernard LeSage of Buchalter Nemer.   Such production shall be deemed production to all defense counsel and it shall be the receiving counsel's responsibility to provide copies, where appropriate, to other defense counsel of record.

(3)     For the purposes of the production of loan files, production shall be made at the cost of the producing party, with the cost of distribution to co-counsel, if any, to be at the expense of the receiving party.

**IT IS SO STIPULATED.**

Dated: March __, 2007                    By:_____

*Attorneys for Certain Opt-Out Plaintiffs*

Daniel Harris, Esq.
Anthony P. Valach, Jr, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: March __, 2007                    By:_____

*Attorneys for Opt-Out Plaintiffs and Member of Individual Claims Steering Committee*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

Dated: March __, 2007                    By:_____

*Attorneys for Certain Opt-Out Plaintiffs and Member of Individual Claims Steering Committee*

Daniel S. Blinn, Esq.
CONSUMER LAW GROUP
35 Cold Spring Road, Suite 512
Rocky Hills, CT 06067

Dated: March __, 2007                By:_____

*Attorneys for Certain Opt-Out Plaintiffs and
Member of Individual Claims Steering
Committee*

Charles M. Delbaum
NATIONAL CONSUMER LAW CENTER
77 Summer Street, 10th Floor
Boston, MA 02110

Dated: March __, 2007                By:_____

*Attorneys for Certain Opt-Out Plaintiffs*

Peter Lachmann, Esq.
250 W. Main St., Rm 210
Branford, CT 06405

Dated: March __, 2007                By:_____

*Attorneys for Certain Opt-Out Plaintiffs*

Keith J. Keogh, Esq.
LAW OFFICES OF KEITH J. KEOGH
227 W. Monroe Street, Suite 2000
Chicago, IL 60606

Dated: March __, 2007                By:_____

*Attorneys for Certain Opt-Out Plaintiffs*

Anne Bergman, Esq.
1434 Triange Drive
Houlton, WI 54082

Dated: March __, 2007                By:_____

*Attorneys for Certain Opt-Out Plaintiffs*

Charles McLeod Baird, Esq.
OFFICE OF CHARLES M. BAIRD
235 Peachtree Street, Suite 400
Atlanta, GA 30303-1400

Dated: March __, 2007                    By:_____

                                         *Attorneys for Certain Opt-Out Plaintiffs*

                                         Christopher M. Lefebvre, Esq.
                                         LAW OFFICES OF CLAUDE LEFEBVRE &
                                         SONS
                                         P.O. Box 479
                                         Pawtucket, RI 02862

Dated: March __, 2007                    By: _____

                                         *Co-Lead Counsel for Class Action Plaintiffs*

                                         Gary Klein
                                         RODDY KLEIN & RYAN
                                         727 Atlantic Ave., 2nd Floor
                                         Boston, MA 02111

Dated: March __, 2007                    By: _____

                                         *Attorneys for Ameriquest Mortgage Company;*
                                         *AMC Mortgage Services, Inc.; Town & Country*
                                         *Credit Corporation; Ameriquest Capital*
                                         *Corporation; Town & Country Title Services,*
                                         *Inc.; and Ameriquest Mortgage Securities, Inc.*

                                         Bernard E. LeSage
                                         Sarah K. Andrus
                                         BUCHALTER NEMER, a Professional
                                         Corporation
                                         1000 Wilshire Boulevard, Suite 1500
                                         Los Angeles, CA 90017-2457

Dated: March __, 2007                    By: _____

                                         *Attorneys for Argent Mortgage Company, LLC*

                                         Thomas J. Wiegand
                                         WINSTON & STRAWN LLP
                                         35 W. Wacker Drive
                                         Chicago, IL 60601-9703

## ORDER

The parties having so stipulated, **IT IS ORDERED** that:

(1)     The production of a particular Plaintiff's loan file by any Defendant shall be made to counsel of record for that Plaintiff.  If a particular Plaintiff has more than one counsel of record, production may be made to any one of that Plaintiff's counsel of record.  Production to a single counsel of record for any particular Plaintiff shall be deemed production to all Plaintiffs' counsel, including all class counsel and individual Plaintiffs' counsel, and it shall be the receiving counsel's responsibility to provide copies, where appropriate, to other Plaintiffs' counsel of record.  The loan files for all class members named in either the Borrower Class Action Complaint or the Non Borrower Class Action Complaint shall be directed to Kelly M. Dermody at Lieff, Cabraser, Heimann & Bernstein LLP.

(2)     Production of a particular Plaintiff's Argent Mortgage Company ("Argent") loan file by that Plaintiff shall be made to Thomas Wiegand of Winston & Strawn.  Production of a particular Plaintiff's loan file relating to any Defendant other than Argent, by that Plaintiff, shall be made to Bernard LeSage of Buchalter Nemer.  Such production shall be deemed production to all defense counsel and it shall be the receiving counsel's responsibility to provide copies, where appropriate, to other defense counsel of record.

(3)     For the purposes of the production of loan files, production shall be made at the cost of the producing party, with the cost of distribution to co-counsel, if any, to be at the expense of the receiving party.

**IT IS SO ORDERED.**

Dated:_____, 2006          _____

THE HONORABLE MARTIN DENLOW

**CERTIFICATE OF SERVICE**

I, Bernard E, Lesage, hereby certify that on this __ day of March, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage _____

EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |

**STIPULATION RE MEDIATION**

WHEREAS, on December 20, 2006, this Court ordered Defendants and representatives of the individual plaintiffs who have elected to opt out of the master class complaints (collectively, "Opt-Out Plaintiffs") to meet and confer in an effort to reach agreement as to the mediator and procedures for mediating all individual cases in which individuals assert that Defendants failed to provide them with proper notice of their rescission rights in violation of the Truth-In-Lending Act, 15 U.S.C. Section 1601, *et seq.* (collectively, the "Opt-Out Cases");

WHEREAS, since the December 20, 2006 Order, counsel for Defendants and members of the Individual Claims Steering Committee (the "Committee") have engaged in regular telephonic and written meet and confer discussions in an effort to comply with this Court's request;

WHEREAS, as a result of these efforts, counsel for Defendants, on behalf of its clients, and the Committee, on behalf of the plaintiffs in the Opt-Out Cases, have reached agreement on several issues concerning mediation of the Opt-Out Cases; and

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulation:

(1)     All parties shall use their best efforts to file all counterclaims and third-party complaints in the Opt-Out Cases by March 30, 2007;

1

(2)    Opt-Out Plaintiffs shall use their best efforts to produce all documents in their possession, custody or control supporting the allegations and claims in their complaints by March 30, 2007; and

(3)    Defendants shall use their best efforts to (1) produce to Opt-Out Plaintiffs their complete loan file and all documents supporting Defendants' claims against third-parties, (2) identify all assignees of Opt-Out Plaintiffs' loans, and (3) provide Opt-Out Plaintiffs with their account history by March 30, 2007.

**IT IS SO STIPULATED.**

Dated: January 19, 2007                    By: /s/ Charles M. Delbaum _____

                                           *Attorneys for Certain Plaintiffs*

                                           Charles M. Delbaum
                                           National Consumer Law Center
                                           77 Summer Street
                                           10th Floor
                                           Boston, MA 02110
                                           (617)2266-0313

Dated: January 19, 2007                    By: /s/ Daniel S. Blinn _____

                                           *Attorneys for Certain Plaintiffs*

                                           Daniel S. Blinn
                                           Consumer Law Group
                                           35 Cold Spring Rd.
                                           Suite 512
                                           Rocky Hill, CT 06067
                                           (860) 571-0408

Dated: January 19, 2007                    By: /s/ Daniel Harris _____

                                           *Attorneys for Certain Plaintiffs*

                                           Daniel Harris, Esq.
                                           LAW OFFICES OF DANIEL HARRIS
                                           150 N. Wacker Drive, Suite 3000
                                           Chicago, IL 60606

Dated: January 19, 2007

By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, &
GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

DATED: January 19, 2007

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company;
AMC Mortgage Services, Inc.; Town & Country
Credit Corporation; Ameriquest Capital
Corporation; Town & Country Title Services,
Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional
Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: January 19, 2007

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

## ORDER

Counsel for Defendants and members of the Individual Claims Steering Committee having so stipulated, **IT IS ORDERED** that:

     (1)     All parties shall use their best efforts to file all cross-complaints and third-party complaints in the Individual NORTC Cases by March 30, 2007;

     (2)     Plaintiffs shall produce all documents in their possession, custody or control supporting the allegations and claims in their complaints by March 30, 2007; and

     (3)     Defendants shall use their best efforts to (1) produce to Opt-Out Plaintiffs their complete loan file and all documents supporting Defendants' claims against third-parties, (2) identify all assignees of Opt-Out Plaintiffs' loans, and (3) provide Opt-Out Plaintiffs with their account history by March 30, 2007.

.

**IT IS SO ORDERED.**

Dated:_____, 2007

                                     _____
                                     THE HONORABLE MARVIN E. ASPEN
                                     UNITED STATES DISTRICT COURT JUDGE

4

**CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 19th day of January 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage

EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Judge Marvin E. Aspen |
| | Magistrate Judge Morton Denlow |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**[PROPOSED] ORDER RE MULTIPLE DEPOSITIONS OF SAME THE WITNESS**

Having reviewed the parties' discovery conference status reports and Judge Aspen's November 7, 2006 Memorandum Opinion and Order, it is hereby ORDERED:

1.    No party may depose any previously deposed witness in this proceeding. Parties joined after a particular deposition has taken place may not re-depose a witness who has already sat for deposition.

DATED:_____, 2007        _____
THE HONORABLE MORTON DENLOW
THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS