# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO.<br>MORTGAGE LENDING PRACTICES<br>LITIGATION | )<br>)<br>)<br>) |
| | )    No. 05-CV-7097 |
| RE CONSOLIDATED CLASS ACTION<br>COMPLAINT<br>FOR CLAIMS OF NON-BORROWERS | )<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Plaintiffs in the above-captioned class action allege that defendants Ameriquest

Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation;

Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest

Mortgage Securities, Inc. violated provisions of the Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681, and the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691.

In the Second Cause of Action, plaintiff Raymond Quarterman, Jr. alleges that

Ameriquest violated the FCRA by failing to include in credit transaction solicitations "clear and

conspicuous" disclosures that Ameriquest had previously obtained and used his consumer credit

reports. (Compl. ¶ 96.) In the Third and Fourth Causes of Action, plaintiff Adolph Peter Kurt

Burggraff alleges that Ameriquest violated the FCRA and the ECOA when it took an "adverse

action" – quoting Burggraff less favorable credit terms than Ameriquest's best available terms

based on the results of Burggraff's consumer credit report – without providing Burggraff an adverse action notice. (*See* Compl. ¶¶ 100-111.)

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants move to dismiss the second, third, and fourth causes of action. Defendants argue that the Fair and Accurate Credit Transactions Act (FACTA), an amendment to the FCRA that eliminated private causes of action under the FCRA, bars Quarterman's claim under the second cause of action. Defendants contend that because Ameriquest's alleged conduct – sending Quarterman solicitations without clear and conspicuous disclosure that Ameriquest had previously obtained Quarterman's consumer credit report – occurred after FACTA was enacted, Quarterman has no ability to bring this suit. Defendants further argue that the third and fourth causes of action fail because the FCRA and ECOA only require adverse action notices under specified conditions that, defendants maintain, are not present here.

Finally, pursuant to Fed. R. Civ. P. 12(e), defendants request a more definite statement. Defendants state that the consolidated class action complaint is "improperly overbroad" and lacks specificity with respect to dates of conduct alleged by each sub-class participating in this action.

For the reasons set forth below, we deny the motion.

### STANDARD OF REVIEW

We have the authority to grant a motion to dismiss under Rule 12(b)(6) only when "it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The purpose of a motion to dismiss under 12(b)(6) is to test the sufficiency of the complaint, not to decide the

merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Complaints "need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). *Id.* at 715.

## ANALYSIS

I.      **Quarterman's "Clear and Conspicuous Notice" FCRA Claim**

In the Second Cause of Action, plaintiff Quarterman alleges that Ameriquest violated the FCRA through its "corporate policy and practice of obtaining and using consumer reports in connection with soliciting consumers to enter credit transactions . . . without providing in a clear and conspicuous manner the disclosures required to be provided by the FCRA." (Compl. ¶ 96.) Under 15 U.S.C. § 1681m(d), entities using consumer reports in the process of soliciting consumers for credit transactions must disclose "that information contained in the consumer's consumer report was used in connection with the transaction." However, on December 3, 2003, Congress enacted FACTA, which eliminated private rights of action to enforce § 1681m, providing that only specified federal agencies and officials could enforce the FCRA. 117 Stat. 1952, P.L. 108-159 (2003). FACTA became effective on December 1, 2004. *See* 117 Stat. at 1988-89. Defendants argue that the FACTA amendment bars Quarterman's FCRA claim. Plaintiffs respond that because the alleged conduct at issue occurred before the effective date of FACTA, and because retroactive application would be unjust, Quarterman's FCRA claim survives FACTA.

We find that the FACTA amendment does not bar Quarterman's FCRA claim. Unless Congress either "expressly prescribe[s]" a statute's reach to include pre-effective date events or we find that application to pre-effective date events would not have an impermissible retroactive

3

effect, we cannot apply the FACTA amendment to bar Quarterman's claim here. *See Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994).

First, Defendants contend that because the alleged conduct here occurred after the date on which Congress enacted FACTA, Quarterman has no private right of action. However, "[t]he 'principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.'" *Hughes Aircraft Co. v. U.S.*, 520 U.S. 939, 946 (1997) (quoting *Landgraf*, 511 U.S. at 265). Accordingly, "the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place," unless Congress "has clearly manifested its intent to the contrary." *Id.* Nowhere in the text of FACTA did Congress explicitly state that it was abrogating private rights of action for conduct occurring before the effective date of the amendment. Defendants point to a section in FACTA that states that nothing in FACTA "shall be construed to affect any liability under . . . the Fair Credit Reporting Act that existed on the day before the enactment of this Act." 117 Stat. at 1993. We agree with the court in *Panko v. Discover Financial Services, LLC*, 458 F. Supp. 2d 580, 585 (N.D. Ill. 2006): this language, standing alone, is not a clear manifestation of congressional intent to apply the FACTA amendment to conduct arising before FACTA's effective date.[1]

---

1     Defendants counter that Quarterman "does not dispute that no mailer was sent to him prior to December 1, 2004," and his claim is therefore barred even if we consider the effective date controlling here. (*See* Reply Br. at 2.) However, the plaintiffs never stated in the complaint that Ameriquest sent the offending solicitations after December 3, 2004. Rather, plaintiffs state that Ameriquest obtained consumer reports from February 10, 2004, until December 9, 2004, and sent solicitations after it had obtained reports. (Compl. ¶¶ 35-37.) While these allegations could mean that Ameriquest sent the solicitations after it received the *final* report, that is not what the complaint says, and we cannot properly read and accept that interpretation into the complaint in considering this motion to dismiss.

Second, we decline to apply FACTA under the second prong of the *Landgraf* analysis.

*Landgraf* provided that where Congress did not expressly prescribe the reach of a statute to bar

suits for pre-effective date conduct, we should determine whether the new statute "would impair

rights a party possessed when he acted, increase a party's liability for past conduct, or impose

new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280.  Here,

assuming Quarterman received the solicitations before the effective date of the FACTA

amendment, he possessed the right to sue Ameriquest for non-compliance with the FCRA.

Retroactive application of FACTA would, obviously, strip Quarterman of that right.  *See Panko*,

458 F. Supp. 2d at 585 (explaining that because FACTA "removed [a] private right of action"

that the plaintiff had when the defendant's alleged conduct occurred, the court could not apply

FACTA to bar the plaintiff's claim).  Accordingly, we deny defendants' motion to dismiss the

Second Cause of Action of the Consolidated Complaint.

**II**.      **Burggraff's "Adverse Action Notice" Claims under the FCRA and ECOA**

In the third and fourth causes of action, plaintiff Burggraff alleges that Ameriquest failed

to provide "adverse action notices" after extending credit on less-favorable credit terms based on

the results of consumers' credit scores.  Burggraff alleges this failure violated the FCRA and the

ECOA.  (Compl. ¶¶ 100-110.)  Defendants argue that Burggraff's allegations do not set forth an

adverse action notice violation as defined in the ECOA or FCRA.  (*See* Reply Br. at 1.)  We find

that the complaint gives defendants adequate notice of adverse action violation claims as

required by Fed. R. Civ. P. 8(a).

The ECOA, 15 U.S.C. § 1691(d), requires that lenders provide consumers with notice

when the lender takes an "adverse action." The ECOA and FCRA[2] define an "adverse action" as

either: a) a denial or revocation of credit; b) a change in the terms of an existing credit

arrangement; or c) a refusal to grant credit in substantially the amount or on substantially the

terms requested. 15 U.S.C. § 1691d(6). Burggraff alleges that Ameriquest contacted him in

April 2003 "and offered refinancing terms on his home, including 5.9% interest on a 15 year

loan." (Compl. ¶ 54.) The complaint then alleges that in June 2003, "Mr. Burggraff was

informed that the final terms being offered to him were a loan at 9.697% for 30 years." (*Id.* at

56.) In the third and fourth causes of action, plaintiffs summarize the FCRA and ECOA claims:

"Ameriquest was a user of consumer reports and took adverse action against Plaintiff Adolph

Peter Kurt Burggraff and other members of Sub-class C. Ameriquest was obligated to provide

an adverse action notice . . . and failed to do so." (*Id.* at ¶ 107; *see also id.* at ¶ 102.)

These allegations properly state causes of action under the FCRA's and ECOA's adverse

action notice provisions. Burggraff named Ameriquest, stated the specific dates of at least one

instance of alleged conduct directed towards him, and alleged that Ameriquest violated the

statutes by failing to provide adverse action notices. Under clearly established precedent in this

circuit, even less would have been sufficient:

> [C]omplaints need not plead facts and need not narrate events that
> correspond to each aspect of the applicable legal rule. Any
> decision declaring that 'this complaint is deficient because it does
> not allege X' is a candidate for summary reversal, unless X is on
> the list in Fed. R. Civ. P. 9(b).

---

2        The FCRA adverse action definition includes the definition set forth in the ECOA. *See*
15 U.S.C. § 1681a(k)(1)(A).

*Kolupa*, 438 F.3d 713, 715 (7th Cir. 2006). As plaintiffs have not affirmatively stated any

allegations that preclude recovery under § 1681 or § 1691, nothing more is required of this

complaint: plaintiffs have made "the short and simple allegations that Fed. R. Civ. P. 8(a) calls

for." *Id.* at 713. Accordingly, we deny defendants' motion to dismiss the third and fourth causes

of action.

**III.     Defendants' Motion for More Definite Statement**

Finally, defendants move for a more definite statement of plaintiffs' claims. Defendants

contend that various class allegations in the complaint are "improperly overbroad and lack

specificity." Defendants argue that plaintiffs failed to state when specific violations occurred,

and suggest that these failures will hinder defendants' ability to determine which sub-classes

may include individuals whose claims will fail under tolling and/or substantive provisions of the

statutes at issue. (*See* Mem. in Support of Mot. to Dismiss at 16-18.)

Federal Rule of Civil Procedure 12(e) provides that a party may request a more definite

statement where a pleading "is so vague or ambiguous that a party cannot reasonably be required

to frame a responsive pleading." As we stated in *U.S. for Use of Argyle Cut Stone Co., Inc. v.*

*Paschen Contractors, Inc.,* 664 F.Supp. 298, 302-03 (N.D. Ill. 1987), "Rule 12(e) motions are

generally disfavored." We typically grant such motions "only when the pleading is so

unintelligible that the movant cannot draft a responsive pleading." *Id.* at 303. Moreover,

"[w]hile we do not want to make it impossible for the defendant to respond to the complaint, we

also do not want to conduct discovery via the pleading stage." *Id.* Here, plaintiffs have satisfied

their minimal Rule 8(a) burden of setting forth short and simple allegations of their claims.

Through both class and substantive discovery, defendants will have a fair opportunity to

investigate plaintiffs' claims.  Should defendants discover that any plaintiffs lack factual support

for their claims or that those claims otherwise fail to satisfy the statutory requirements, such

defects may be raised in motions for summary judgment.

**IV.      Conclusion**

For the reasons stated above, we deny defendants' motion to dismiss and for a more

definite statement.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 4/23/07