IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| _____ | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |
| | Magistrate Judge Morton Denlow |

**BORROWER AND NON-BORROWER PLAINTIFFS' JOINT STATUS REPORT**

Lead Class Counsel for the Borrower and Non-borrower classes jointly submit the following status report in advance of the April 26, 2007 status conference before Judge Denlow.

**I.      CASE DESCRIPTION**

**A.  BORROWERS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT [Docket No. 325]**

The Plaintiffs in the Borrowers Amended Class Action Complaint allege a wide-ranging scheme of predatory home mortgage lending affecting virtually all of the mortgage loans originated by Ameriquest and its sister companies (collectively "Ameriquest").  The challenged practices include, but are not limited to:

- Imposition of significant charges for "discount points" without providing a discount and/or without providing information to allow consumers to assess the economic consequences of agreeing to pay discount points;

- Use of standardized bait and switch marketing practices;

- Use of oppressive and/or unfair variable rate terms;

- Designing loan terms to encourage expensive and inappropriate refinancing;

- Abuse of prepayment penalty provisions; and

- Failing to comply with state and federal disclosure laws.

Plaintiffs further allege that Ameriquest incentivized and directed its branch-level employees with a quota and commission system designed to encourage employees to mislead customers in order to close loans on unfair and oppressive terms.

Plaintiffs seek, *inter alia*, damages, rescission and injunctive relief.

### B.  NON-BORROWERS' CONSOLIDATED AMENDED COMPLAINT [Docket No. 323]

Plaintiffs in the Non-borrower Consolidated Amended Complaint contend that Ameriquest illegally accessed the credit reports of hundreds of thousands of potential customers in violation of the Fair Credit Reporting Act ("FCRA").  This allowed Ameriquest to obtain private information about millions of American consumers in a manner inconsistent with federal consumer protections. Non-borrowers further allege that, if they applied for a loan and Ameriquest did not provide it on requested terms based in whole or in part on information contained in their credit reports, Ameriquest failed to provide the notice of adverse action required by the FCRA and the Equal Credit Opportunity Act.

Plaintiffs seek, *inter alia*, damages and injunctive relief.

### II.    SUMMARY OF PROCEEDINGS

Lead Class Counsel complied with the deadlines in this Court's November 7, 2006 Memorandum and Order ("Case Management Order") [Docket No. 284]. On November 13, 2006, Lead Class Counsel submitted a list of all cases of which they were aware that were awaiting reassignment, which they supplemented on November 17, 2006. [Docket Nos. 287, 303]. Lead Class Counsel submitted a joint notice concerning selection of a mediator on November 20, 2006 [Docket No. 305]. On December 6, 2006, Lead Class Counsel filed two

2

master class action complaints – one for borrowers alleging class claims and one for non-borrowers alleging class claims. [Docket Nos. 323, 325].   Motions to Dismiss each class Complaint were denied by order entered on April 23, 2007.  [Docket Nos. 701, 703].   Discovery is proceeding as discussed more fully below.

III.   PENDING MOTIONS

The following motions are presently pending:

A.   Motion For Additional Case Management Guidelines [Docket No. 696].

Borrower and Non-Borrower Plaintiffs filed this motion on April 16, 2007 for guidance on various procedural issues including docket management, service requirements and motion noticing requirements. Borrower and Non-Borrower Plaintiffs request that this Court rule upon these issues at the April 26, 2007 status conference so that the parties can benefit from these additional case management guidelines at the earliest possible time. Plaintiffs and Defendants agree to Plaintiffs' proposed limitations on paper service.  Plaintiffs briefly respond to Defendants' positions set forth in its April 23, 2007 status report, [Docket No. 699, ¶VI], as follows:

1.   Notice of Presentment:

Defendants have misconstrued Borrower and Non-Borrower Plaintiffs request, which is for a waiver of the notice requirement contained in Local Rule 5.3(b), not a request for clarification of Judge Aspen's November 7, 2006 Order relating to briefing schedules.   Plaintiffs intend to comply with the briefing schedules in the case management order, but seek to have automatic presentment waived.

2.    Docket:

Borrower and Non-Borrower Plaintiffs request that the Court bifurcate the docket

into a docket of the class action cases (both borrower and non-borrower) and an

individual plaintiffs' docket. Contrary to Defendant's suggestion, they do not

seek to trifurcate the docket.

3.    MDL Case List:

It remains Borrower and Non-Borrower Plaintiffs' position that Defendants

should bear the burden to identify the cases pending in the MDL. Unlike

Plaintiffs, Defendants have been served with all pending cases and have primary

responsibility for designating cases as MDL "tag-alongs" or appropriate for

reassignment in this District pursuant to MDL Rule 7.5(e). Additionally,

Defendant has apparently settled or otherwise resolved some cases without notice

to the MDL service list. Defendant has also made various representations to the

Court about the number and type of cases pending in the MDL that Plaintiffs

cannot verify.

B.    Motion To Compel Filing Of Amended Master Class Complaints In Compliance
      With Court's Order [Docket No. 378].

This motion has been referred to Judge Denlow [Docket No. 577]. Defendants state in

their April 23, 2007 Status Report [Docket No. 699] that they intend to withdraw this motion.

Plaintiffs accept this offer and believe this motion is now moot.

C.    Stipulation For Standstill, Injunctive Relief In Foreclosure, Motions For
      Provisional Class Certification And For or Preliminary Injunction [Docket Nos.
      10, 12]

On February 14, 2006, at the Court's request, the parties entered into a Stipulation for

Standstill [Docket No. 43], whereby the Defendants agreed not to begin or continue any

4

foreclosure proceedings on certain borrowers who have requested rescission without providing
Lead Class Counsel with 30 days notice of its intent to foreclose. The Stipulation also extended
the deadline for certain claims for rescission under the Truth in Lending Act. The purpose of the
stipulation was to preserve the *status quo* pending ruling on the borrowers' request for
rescission-related relief under the Truth In Lending Act.

On May 30, 2006, the Court also entered a Memorandum Opinion and Order granting
Plaintiffs' motion for temporary injunctive relief. [Docket No. 142]. Under this order,
Defendants were required to send notice to borrowers facing foreclosure to notify them of
potential rescission rights. Since that time, numerous borrowers in financial distress have
contacted Lead Class Counsel and, if appropriate, Lead Class Counsel have requested rescission
of their loans on their behalf. The parties have addressed each of these cases and the Defendants
have agreed to treat these borrowers to date the same as those subject to the Stipulation for
Standstill. The motions for provisional class certification and for preliminary injunction remain
pending.

**IV.    DISCOVERY**

A.    Protective Order:

Borrower and Non-Borrower Plaintiffs have agreed to the form of proposed protective
order attached to Defendants' April 23, 2007 status report as Exhibit C. Borrower and Non-
Borrower Plaintiffs likewise request that this Court enter the Stipulated Protective Order.

B.    Stipulation Regarding Production Of Plaintiffs' Loan Files:

Borrower and Non-Borrower Plaintiffs have agreed to the Stipulation Regarding
Production Of Plaintiffs' Loan files attached to Defendants' April 23, 2007 status report as
Exhibit D.

5

C.     Proposed Order Regarding Multiple Depositions Of Same Witnesses:

Borrower and Non-Borrower Plaintiffs oppose the Defendants' Proposed Order

Regarding Multiple Depositions Of The Same Witnesses attached to Defendants' April 23, 2007

status report as Exhibit F because it is inconsistent with Judge Aspen's November 7, 2006 Order

which expressly allows parties to re-depose witnesses with leave of court. Order, p. 13.

Plaintiffs do not believe an additional order on this issue is necessary.  Moreover, since

Defendant has not yet produced any witnesses for deposition and no dispute has yet arisen, there

is no basis for this relief.

D.     Rule 37 Conferences:

Borrower, Non-Borrower Plaintiffs and Defendants have engaged in several Rule 37

discovery conference in continued efforts to meet and confer in good faith to resolve discovery

issues that have arisen during the discovery process. Defendant has informed Plaintiffs that

document production will be commencing, though no documents have yet been produced.  One

deposition is scheduled in May, 2007, though Plaintiffs have sought to take the depositions of

several 30(b)(6) witnesses.  Plaintiffs and Defendant Argent Mortgage are attempting to resolve

issues grounded in Argent's refusal to produce any discovery materials of any kind.  Plaintiffs

and all Defendants are working on but have not resolved issues about the cost and format of

electronic documents that Defendants have agreed to produce.

E.     "Standard" And "Non-Standard" Discovery

Borrower and Non-Borrower Plaintiffs renew their request made in their February 5,

2007 Status Report [Docket No. 433] that this Court clarify its distinctions between "standard"

and "non-standard" discovery requests. Order, p. 13. Lead Class Counsel respectfully request

that the Court clarify this distinction in order to help counsel avoid potential discovery disputes.

## V.     MEDIATION

The parties have agreed upon The Honorable John K. Trotter (Retired) to serve as mediator for the Borrower Plaintiffs' class action. Plaintiffs have proposed several mediation dates to the Defendants and have made a written settlement demand. The Defendants have not agreed to mediate.

## VI.     STATUS OF ATTORNEYS GENERAL SETTLEMENT

In its April 23, 2007 status report, Defendant projects that 70-90% of putative class members' claims will be resolved and released in the Attorneys General settlement. Defendants' have no basis for this assumption.   The AG Settlement is an "opt-in" settlement. As such, borrowers who do not accept benefits under that settlement do not release their claims. Moreover, the AGs may not offer benefits of any kind to many individuals who are putative class members in these proceedings.  Plaintiffs estimate that ever after the Attorneys General settlement is complete, at least several hundred thousand borrowers would be included in one or more classes proposed in the Borrower's Consolidated and Amended Complaint. In addition, Plaintiffs note that the AG settlement would have no impact on the claims in the Non-borrower Complaint.

## VII.     CLASS CERTIFICATION

According to the schedule agreed upon by the parties and adopted by the Court, Plaintiffs will file their motion and accompanying memorandum of law in support of class certification on or before December 20, 2007.  In a similar case, decided on April 18, 2007, the Hennepin County District Court in Minneapolis, Minnesota, certified a statewide class of Ameriquest borrowers who, since 1999, were subjected to Ameriquest's unfair and deceptive practices in

connection with the sale of mortgage loans.  The plaintiffs in that case complained of the same types of bait and switch practices and undisclosed fees that Plaintiffs challenge here.

## VIII.   EXPERT DISCLOSURE DEADLINE

Under the November 6, 2007 Order, expert disclosures are due six (6) months after the commencement of discovery – May 13, 2007 – Plaintiffs request an adjournment of the expert disclosures date until September 13, 2007 because they have not yet received substantial discovery.

Respectfully submitted,

Dated:  April 24, 2007

| | |
|---|---|
| */s/ Kelly M. Dermody* | */s/ Gary Klein* |
| Kelly M. Dermody | Gary Klein |
| | |
| Kelly M. Dermody (CA Bar No. 171716) | Gary Klein |
| Caryn Becker (CA Bar No. 196947) | Elizabeth Ryan |
| LIEFF, CABRASER, HEIMANN | Shennan Kavanagh |
|   & BERNSTEIN, LLP | RODDY KLEIN & RYAN |
| 275 Battery Street, 30th Floor | 727 Atlantic Avenue |
| San Francisco, CA  94111-3339 | Boston, MA  02111-2810 |
| Telephone:  (415) 956-1000 | Telephone:  (617) 357-5500 ext. 15 |
| Facsimile:  (415) 956-1008 | Facsimile:   (617) 357-5030 |

*/s/ Jill Bowman*

Jill Bowman

Jill Bowman
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile:  (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

_/s/ Marvin A. Miller_
Marvin A. Miller

Marvin A. Miller
MILLER LAW LLC
101 North Wacker Drive, Ste. 2010
Chicago, IL 60606
Telephone: (312) 525-8316
Facsimile: (312) 525-8231

*Plaintiffs' Liaison Counsel*