# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 (06C4037)(MDL-1715) | **DATE** | 4/24/2007 |
| **CASE TITLE** | In Re: Ameriquest Mortgage Co. (Julien, et al v. Ameriquest) | | |

**DOCKET ENTRY TEXT**

Plaintiffs'( Lynn and Denise Julien) motion for leave to file a second amended complaint against Ameriquest Mortgage Company (455) is granted.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

Plaintiffs Lynn and Denise Julien move for leave to file a second amended complaint against Ameriquest Mortgage Company. The Juliens with to add two claims that, they contend, did not ripen until after they filed their first amended complaint. They now request leave to add one claim for additional statutory damages under the Truth-in-Lending Act and a state law unfair and deceptive practices claim. Defendants oppose this motion, contending the proposed amendments would be futile.

"In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 US 178, 182 (1962); Fed. R. Civ. P. 15(a).

We will deny leave only if "it appears to a certainty that the plaintiff cannot state a claim upon which relief can be granted." *Rohler v. TRW, Inc.*, 576 F.2d 1260 (7th Cir. 1978); *see also Bisciglia v. Kenosha Unified Sch. Dist. No. 1,* 45 F.3d 223, 230 (7th Cir.1995) (reversing the denial of leave to amend because the record was not clear that the plaintiff could state no set of facts upon which relief can be granted); *Austin v. House of Vision, Inc.,* 385 F.2d 171, 172 (7th Cir.1967) (per curiam) (reversing the denial of leave to file a second amended complaint and noting that whether a cause of action will state a claim cannot be determined until the amended complaint is filed and tested).

First, the Juliens allege that Ameriquest failed to meet a proper demand to rescind their mortgage agreements

**STATEMENT**

under the Truth-in-Lending Act. (2nd Am. Compl. at ¶¶ 48-52). At this stage in the proceedings, we cannot conclude that this new allegation will be futile, and we allow this amendment.

Second, the Juliens allege that Ameriquest misrepresented the amount necessary to pay off their mortgage loan at the time the Juliens refinanced their loan, and that this conduct violated the Georgia Fair Business Practices Act. (*Id.* at ¶¶ 28-30.) Defendants contend the GFBPA does not apply to mortgage transactions because the GFBPA excludes any actions "specifically authorized" by other Georgia laws or regulations, or by federal law. (Opp. Br. at 3-4.) Defendants also contend that the GFBPA does not apply here because the alleged wrongful conduct presents no actual or potential harm to the general consuming public. (Opp. Br. at 5.) However, defendants provide no language in any other Georgia or federal law that specifically authorizes actions of this type. Accordingly, we cannot determine that the Juliens' GFBPA claim has been preempted by any other law or regulation. We also cannot conclude that the actions of the type alleged here cannot possibly be a source of damage to the public at large. (*See* Opp. Br. at 5.) This is a potentially fact-intensive inquiry ill-suited for a motion for leave to amend.

For these reasons, we grant the motion for leave to file a second amended complaint.

It is so ordered