# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3427(05C7097 - MDL 1715 | **DATE** | 4/24/2007 |
| **CASE TITLE** | Cindy Gillespie vs. Ameriquest Mortgage Co., C.A. | | |

**DOCKET ENTRY TEXT**

At this stage in the proceedings, we cannot determine that either proposed amendment is futile, and we therefore grant the motion (25) for leave to amend.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

Plaintiff Cindy Gillespie moves for leave to amend her complaint against Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and unidentified John Does 1-5. Gillespie wishes to add two counts – one alleging a violation of the Equal Credit Opportunity Act, the other alleging a breach of contract – and a number of associated exhibits. Defendants oppose this motion, contending the proposed amendments would be futile.

"In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 US 178, 182 (1962); Fed. R. Civ. P. 15(a).

We will deny leave only if "it appears to a certainty that the plaintiff cannot state a claim upon which relief can be granted." *Rohler v. TRW, Inc.*, 576 F.2d 1260 (7th Cir. 1978); *see also Bisciglia v. Kenosha Unified Sch. Dist. No. 1,* 45 F.3d 223, 230 (7th Cir.1995) (reversing the denial of leave to amend because the record was not clear that the plaintiff could state no set of facts upon which relief can be granted); *Austin v. House of Vision, Inc.,* 385 F.2d 171, 172 (7th Cir.1967) (per curiam) (reversing the denial of leave to file a second amended complaint and noting that whether a cause of action will state a claim cannot be determined until the amended complaint is filed and tested).

We cannot conclude that the proposed amendments here would be futile: Gillespie states that she did not receive a discounted interest rate she was promised at closing. (Am. Compl. ¶¶ 18-19.) Gillespie alleges that

**STATEMENT**

by doing so, `Ameriquest breached a promise "to provide a discounted interest rate if plaintiff paid a loan discount fee." (*Id.* at ¶¶ 56-57.) Further, Gillespie alleges that defendants have taken retaliatory actions against her since she filed her original complaint, and that those actions have caused her damages. (*Id.* at ¶¶ 50-53.) At this stage in the proceedings, we cannot determine that either proposed amendment is futile, and we therefore grant the motion for leave to amend.

It is so ordered