**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 1:05-cv-07097 <br><br> Centralized before <br> Judge Marvin E. Aspen |
| THIS DOCUMENT RELATES TO ALL INDIVIDUAL ACTIONS | Magistrate Judge Morton Denlow <br><br> April 24, 2007 |

**INDIVIDUAL CLAIMS STEERING COMMITTEE
RESPONSE TO DEFENDANTS' STATUS REPORT**

The members of the Individual Claims Steering Committee ("ICSC"), appointed by the Court, submit the following Status Report in advance of the April 26, 2007 status conference before Judge Denlow. The ICSC has been appointed by the Court to speak for Plaintiffs who have decided to opt-out of the pending class actions ("Opt-out Plaintiffs"). A majority of the over 324 cases that have been transferred or reassigned to this Proceeding are individual cases. Although ICSC speaks for a majority of the Opt-out Plaintiffs, it has yet to receive permission to speak for all Opt-out Plaintiffs.

1.  **Summary of Claims:**

The Opt-out Plaintiffs have alleged a variety of claims resulting from their refinancing transaction with Ameriquest and its sister companies. The majority of the opt-out cases assert violations of the Truth In Lending Act ("TILA") and state consumer protection laws. However, there are individual cases that assert different or additional claims against Ameriquest and other

defendants. This being the case, it would be impracticable to list each cause of action for each case before this court.

On March 5, 2007, Ameriquest defendants began filing third-party complaints in some of the individual opt-out cases. These third-party complaints generally assert claims for breach of contract, indemnity and negligence against the closing agents who closed the individual loans at issue. On March 16, 2007, Judge Aspen ordered defendants to stop filing individual third-party complaints and instead file one consolidated third-party complaint 45 days after the last answer is due in an individual case. *See* Defendants' Status Report at 4.

**2. Relief Sought**

Although an exhaustive list of the relief sought in all of the individual cases would be impracticable, a large number of the Opt-out Plaintiffs seek rescission of their loan, actual, statutory and punitive damages, attorneys fees and costs.

**3. Description of the Matter Referred to the Magistrate Judge**

All discovery in this proceeding have been referred to the Magistrate Judge. *See* Docket No. 335.

**4. Status of Discovery Matters**

*I. Protective Order and Discovery Stipulations*

Parties have been able to agree on a Stipulated Protective Order and two stipulations concerning discovery. These include:

(1) Stipulated Protective Order: The ICSC agrees with the Defendants' description of the Stipulated Protective Order and joins in the Defendants' request that the Court enter the Stipulation attached as Exhibit C to the Status Report as an order of the Court.

(2) Stipulation Re Production of Plaintiffs' Loan Files: The ICSC agrees with the Defendants' description of the Stipulated regarding production of the Plaintiffs' loan files and joins in the Defendants' request that the Court enter the Stipulation attached as Exhibit D to the Status Report as an order of the Court.

(3) Stipulation Re Mediation & Discovery With Opt-Out Plaintiffs: The ICSC *disagrees* with the Defendants' description of this stipulation. On January 19, 2007 the Defendants filed a copy of the Stipulation and proposed Order attached as Exhibit E. *See* Docket No. 398. The proposed Order, however, contained an error so, on February 21, 2007, the Defendants filed an Amended Stipulation Re Mediation with a corrected, proposed Order. *See* Docket No. 465 (attached hereto as Exhibit 1). The ICSC requests that Court disregard Exhibit E to the Defendants' Status Report and, instead, enter the Amended Stipulation and proposed Order attached hereto as Exhibit 1 as an order of this Court.

## II. Status of Compliance with Discovery Stipulation

a. Plaintiffs: As specified in the above-described Stipulation, the Plaintiffs are to use their best efforts to produce all documents in their possession supporting the allegations and claims of their complaints by March 30, 2007. As of this date, the Plaintiffs have begun compliance with the Stipulation and have produced a substantial portion of the documents in their possession. The Plaintiffs will continue the production of documents to the Defendants until complete.

b. Defendants: According to the Stipulation, the Defendants are to use their best efforts to produce the Opt-Out Plaintiffs' loan files, all documents supporting Defendants' claims against third-parties, identify all assignees of the Plaintiffs' loans, and provide the Plaintiffs' with their account history. As of this date, the Defendants have begun producing lists of

assignees and copies of loan files to the signatories of the Stipulation in electronic format. The Plaintiffs have not yet had an opportunity to review the loan file documents produced and may need to enter into further discussions with the Defendants regarding the format and organization of the documents produced. The Defendants have not yet produced any account histories.

**5. Consent to Trial Before The Magistrate Judge**

The ICSC does not have the authority from all of the Opt-out Plaintiffs to consent to trial before the Magistrate Judge.

**6. Status of Settlement Negotiations**

The ICSC has had talks with Defendants concerning mediation. The ICSC and the Ameriquest defendants have been able to agree on several issues concerning mediation. *See* Exhibit 1. However, the parties have not been able to agree on where the mediations should take place or which mediator to employ.

DATED: April 24, 2007	Respectfully submitted,

By: /s/ Andrew G. Pizor

*Individual Claims Steering Committee*

Andrew G. Pizor
Daniel S. Blinn
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of April 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                            /s/ Andrew G. Pizor
                                            Andrew G. Pizor

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

## AMENDED STIPULATION RE MEDIATION

WHEREAS, on December 20, 2006, this Court ordered Defendants and representatives of the individual plaintiffs who have elected to opt out of the master class complaints (collectively, "Opt-Out Plaintiffs") to meet and confer in an effort to reach agreement as to the mediator and procedures for mediating all individual cases in which individuals assert that Defendants failed to provide them with proper notice of their rescission rights in violation of the Truth-In-Lending Act, 15 U.S.C. Section 1601, *et seq.* (collectively, the "Opt-Out Cases");

WHEREAS, since the December 20, 2006 Order, counsel for Defendants and members of the Individual Claims Steering Committee (the "Committee") have engaged in regular telephonic and written meet and confer discussions in an effort to comply with this Court's request;

WHEREAS, as a result of these efforts, counsel for Defendants, on behalf of its clients, and the Committee, on behalf of the plaintiffs in the Opt-Out Cases, have reached agreement on several issues concerning mediation of the Opt-Out Cases;

WHEREAS, to accomplish the foregoing, the parties, through their counsel of record, hereby enter into the following Stipulation:

(1) All parties shall use their best efforts to file all counterclaims and third-party complaints in the Opt-Out Cases by March 30, 2007;

1

(2)     Opt-Out Plaintiffs shall use their best efforts to produce all documents in their possession, custody or control supporting the allegations and claims in their complaints by March 30, 2007; and

(3)     Defendants shall use their best efforts to (1) produce to Opt-Out Plaintiffs their complete loan file and all documents supporting Defendants' claims against third-parties, (2) identify all assignees of Opt-Out Plaintiffs' loans, and (3) provide Opt-Out Plaintiffs with their account history by March 30, 2007; and

WHEREAS, the Stipulation filed on January 19, 2007 (Docket No. 398) contained a typographical error in the proposed order. The parties, therefore, submit the following Amended Stipulation.

**IT IS SO STIPULATED.**

Dated: February 21, 2007    By:/s/ Charles M. Delbaum

*Attorneys for Certain Plaintiffs*

Charles M. Delbaum
National Consumer Law Center
77 Summer Street
10th Floor
Boston, MA 02110
(617)2266-0313

Dated: February 21, 2007    By:/s/ Daniel S. Blinn

*Attorneys for Certain Plaintiffs*

Daniel S. Blinn
Consumer Law Group
35 Cold Spring Rd.
Suite 512
Rocky Hill, CT 06067
(860) 571-0408

Dated: February 21, 2007    By:/s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

2

Dated: February 21, 2007                By:/s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, &
GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

Dated: February 21, 2007                By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company;
AMC Mortgage Services, Inc.; Town & Country
Credit Corporation; Ameriquest Capital
Corporation; Town & Country Title Services,
Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional
Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

Dated: February 21, 2007                By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

## ORDER

Counsel for Defendants and members of the Individual Claims Steering Committee having so stipulated, **IT IS ORDERED** that:

(1) All parties shall use their best efforts to file all cross-complaints and third-party complaints in the Individual NORTC Cases by March 30, 2007;

(2) Plaintiffs shall se their best efforts to produce all documents in their possession, custody or control supporting the allegations and claims in their complaints by March 30, 2007; and

(3) Defendants shall use their best efforts to (1) produce to Opt-Out Plaintiffs their complete loan file and all documents supporting Defendants' claims against third-parties, (2) identify all assignees of Opt-Out Plaintiffs' loans, and (3) provide Opt-Out Plaintiffs with their account history by March 30, 2007.

**IT IS SO ORDERED.**

Dated:_____, 2007

_____
THE HONORABLE MARVIN E. ASPEN
UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 21st day of February 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage