IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 1:05-cv-07097 <br><br> Centralized before the <br> Hon. Marvin E. Aspen |
| THIS DOCUMENT RELATES TO ALL OF THE INDIVIDUAL ACTIONS IDENTIFIED IN DEFENDANTS' MOTION (DOC #651-52) | April 27, 2007 |

**MOTION FOR LEAVE TO FILE *INSTANTER*
INDIVIDUAL CLAIMS STEERING COMMITTEE'S MEMORANDUM IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
OPT-OUT COMPLAINTS AND FOR MORE DEFINITE STATEMENT**

The Individual Claims Steering Committee ("ICSC") appointed by the Court hereby moves for leave to file a Memorandum In Opposition to Defendants' Motion to Dismiss Opt-Out Complaints and for More Definite Statement. The reasons for this request are as follows:

1. Defendants have not properly presented their motion to the court and it is therefore unclear when the response is due.

2. Ameriquest's Status Report [Docket No. 699] interprets this Court's November 7, 204 to set a 54 day briefing schedule under which the response brief would be due on April 30, 2007.

3. Out of an abundance of caution, the ICSC seeks to file their opposition brief, a copy of which is attached hereto.

WHEREFORE, the ICSC requests that the Court grant their motion for leave and permit them to file their Memorandum in Opposition to Defendants' Motion to Dismiss Opt-Out Complaints and For More Definite Statement *Instanter*.

April 27, 2007  By: /s/ Charles M. Delbaum

*Attorney for Certain Plaintiffs*

Charles M. Delbaum
National Consumer Law Center
77 Summer Street, 10th Floor
Boston, MA 02110
(617) 542-8010

April 27, 2007  By: /s/ Daniel S. Blinn

*Attorney for Certain Plaintiffs*

Daniel S. Blinn
Consumer Law Group
35 Cold Spring Rd., Suite 512
Rocky Hill, CT 06067
(860) 571-0408

## CERTIFICATE OF SERVICE

  I hereby certify that on this 27th day of April 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

             /s/ Daniel S. Blinn
             Daniel S. Blinn

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 1:05-cv-07097 <br><br> Centralized before the Hon. Marvin E. Aspen |
| THIS DOCUMENT RELATES TO ALL OF THE INDIVIDUAL ACTIONS IDENTIFIED IN DEFENDANTS' MOTION (DOC #651-52) | April 27, 2007 |

**INDIVIDUAL CLAIMS STEERING COMMITTEE'S
MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
OPT-OUT COMPLAINTS AND FOR MORE DEFINITE STATEMENT**

The Individual Claims Steering Committee ("ICSC") appointed by the Court submits this memorandum for the purpose of providing a general overview of the relevant law and arguments in opposition to the Defendants' motion. While the ICSC invites individual borrowers not represented by a member of the Committee to join in this response, the ICSC does not have authority to speak on behalf of all plaintiffs named in the appendices to the Defendants' motions. Due to the variation among individual borrower complaints, it would be impracticable for this memorandum to respond to all of the issues presented by the Defendants' motion. Therefore, this memorandum is not intended to preclude individual plaintiffs from filing additional responses addressing those variations. All individual borrowers needing to provide additional information to the Court in response to the Defendants' motion will do so separately.

**INTRODUCTION**

As explained more fully below, the majority of the claims identified in Defendants' Appendix #1 for statutory and actual damages under the Truth in Lending Act (TILA) are timely because they were filed within one year of the claims raised. Most of the damage claims in Appendix #1 are based on the Defendants' failure to properly respond to borrowers' rescission letters. Some of the claims are based on disclosure violations, while others raise no claim subject to the one-year limitations period on which the Defendants rely. In most instances, the Defendants' motion confuses claims based on the failure to respond to a rescission letter with those based on disclosure violations. The Defendants' motion must also fail regarding the Plaintiffs listed in Appendix #2 because they are seeking punitive damages under State law, not TILA. Plaintiffs listed in Appendices #3 and 4 have adequately pled the statutory and factual basis for their claims to the extent required by notice pleading and Federal Rule of Civil Procedure 8. Accordingly, the Defendants' motion should be denied.

**I.  TILA DAMAGE CLAIMS ARE TIMELY**

Defendants argue that the TILA claims for statutory and actual damages listed in Appendix #1 are time-barred because the suits were filed more than one year after consummation of their mortgage refinancing transactions. *See Defendant's Memorandum of Law*, Doc. 652 at 2. The Defendants' argument is completely without merit, however, in regard to claims based on the failure to properly respond to rescission letters. Nearly all of the Plaintiffs identified in Defendants' motion seek damages based on Defendants' wrongful refusal to honor Plaintiffs' valid rescission requests. With limited exceptions, those Plaintiffs do not seek TILA damages based on Defendants' original disclosure violations.

All of the Plaintiffs subject to the Defendants' motion entered into mortgage refinancing transactions with at least one of the Defendants. Because of defective disclosures, their time to rescind their mortgage transactions was extended for up to three years. *See* 12 C.F.R. §

5

226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").  *See also* 15 U.S.C. § 1635(f); *Elliott v. ITT Corp.*, 764 F.Supp. 102, 105 (N.D. Ill. 1991) ("If the required notice of the right to rescind or the material disclosures are not, in fact, delivered, the right expires three years after consummation").

During their extended rescission periods, Plaintiffs sent rescission notices to Defendants. Within twenty days of receiving the rescission notices, Defendants should have released their security interests in Plaintiffs' homes and paid back to Plaintiffs any money or property that Plaintiffs have paid to them in connection with the loans.  *See* 12 C.F.R. § 226.23(d)(2).[1]

Defendants failed to honor Plaintiffs' rescission requests and failed to comply with their obligations under 12 C.F.R. § 226.23(d)(2).  Accordingly, Plaintiffs filed suits within one year of Defendants' wrongful refusals to rescind.  The suits seek actual damages and statutory damages pursuant 15 U.S.C. § 1640, as well as rescission pursuant to 15 U.S.C. § 1635.

The Plaintiffs raise two different types of claims subject to the one-year statute of limitations:  1) those seeking statutory and actual damages for violation of the Truth in Lending Act's disclosure requirements, hereinafter "Disclosure Damages;" and 2) those seeking the same type of damages for Defendants' wrongful failure to honor valid requests to rescind a mortgage, hereinafter "Rescission Letter Damages".  Defendants' argument that Plaintiffs' claims should be dismissed because they were filed more than one year after consummation of the transaction is entirely irrelevant to suits seeking Rescission Letter Damages.

The limitations period for either violation is measured from "from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Where a plaintiff seeks Disclosure Damages based on a defendant's failure to make necessary disclosures at the time the loans were

---

[1]  12 C.F.R. § 226.23(d)(2) states:  "Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest".

6

consummated, the limitations would run from the mortgage closing, when the loan was consummated. The situation is quite different, however, for claims seeking Rescission Letter Damages. Once a borrower notifies the mortgage holder of his intent to rescind, the mortgage holder has 20 days to comply. 15 U.S.C. § 1635(b). Therefore, the one-year period for a claim seeking Rescission Letter Damages begins to run on the 21st day after the lender received the borrower's rescission notice—not from the consummation date. *Egipciaco Ruiz v. R&G Fin. Corp.*, 313 F. Supp. 2d 48, 50 (D.P.R. 2004); *Elliott*, 764 F.Supp. at 105; *Malfa v. Household Bank*, F.S.B., 825 F.Supp. 1018, 1020 (S.D. Fla. 1993).

Section 1640, as originally enacted, only allowed statutory damages for disclosure violations. *Clay v. Johnson*, 77 F. Supp. 2d 879, 884 (N.D. Ill. 1999), *rev'd on other grounds*, 264 F.3d 744 (7th Cir. 2001). "In 1982, § 1640(a) was amended to confirm the position of certain courts that obligors are entitled to statutory damages for rescission violations even when their claims for disclosure violations are time-barred." *Aquino v. Public Fin. Consumer Discount Co.*, 606 F. Supp. 504, 510 (E.D. Pa. 1985); *accord Clay*, 77 F. Supp. 2d at 884. Section 1640(a) now states: "any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, . . . with respect to any person is liable to such person" for actual and statutory damages. 15 U.S.C. § 1640(a). If a creditor fails to properly respond to a borrower's rescission notice, as set forth in Regulation Z, then the creditor has violated a "requirement" of section 1635 and may be held liable for damages under section 1640. *Belini v. Wash. Mut. Bank, FA*, 412 F.3d 17, 25 (1st Cir. 2005). The penalty imposed on creditors for failing to rescind serves an important purpose. "The potential for damages (including penalties and attorney's fees) creates incentives for creditors to rescind mortgages when faced with valid requests without forcing debtors to resort to the courts, for such resort causes substantial delay and expense to debtors." *Id.* Without these incentives, creditors would routinely ignore valid rescission requests.

In this instance, the suits claiming Rescission Letter Damages were filed within one year of those violations, and are therefore timely. *See Elliott*, 764 F.Supp. at 105. *See also Brown v.*

7

*Nationscredit Fin. Servs. Corp.*, 349 F.Supp.2d 1134, 1138 (N.D. Il. 2005) ("damage claim arising from defendants' failure to honor [plaintiff's] notice of rescission is not time-barred because it was made within one year from the date of that particular violation"). "A lender's failure to rescind is a separate violation of TILA which gives rise to claims for statutory and actual damages." *Mount v. LaSalle Bank Lake View*, 886 F.Supp. 650, 651 (N.D. Ill. 1995).

Defendants' argument that the claims for damages under 15 U.S.C. § 1640 are time-barred misconceives the TILA violations for which the majority of the plaintiffs are seeking relief. The majority of the Plaintiffs are not seeking TILA damages based on the original disclosure violations. Instead, they are seeking damages based on Defendants' wrongful refusals to comply with their obligations under 12 C.F.R. § 226.23(d)(2), a separate and independent violation of the Truth in Lending Act. *See Mount*, 886 F.Supp. at 651. *See also Gombosi v. Cateret Mortg. Corp.*, 894 F.Supp. 176, 182 n.8 (E.D. Pa. 1995) ("the failure to honor a request for rescission constitutes a separate violation of the Act, giving rise to a separate claim for damages"). Where a borrower's suit was filed within one year of the wrongful refusal violation, the damage claims under Section 1640 is timely and the Defendants' motion should be denied. *See Jones v. Ameriquest Mortg. Co.*, 2006 U.S. Dist. LEXIS 3788, *28 (N.D. Ill.) ("damage claim arising from defendants' failure to honor [plaintiff's] notice of rescission is not time-barred because it was made within one year from the date of that particular violation" * * * "Accordingly, Plaintiff is entitled to statutory damages for Defendants' failure to honor her notice of rescission") (attached as Exh. A).

Thus, for example, in *Elliott v. ITT Corp.*, 764 F.Supp. 102 (N.D. Ill. 1991), this Court held that a claim for damages under Section 1640, based on a lender's failure to honor a Section 1635 rescission request was timely, even though the suit was filed more than one year after consummation of the underlying mortgage transaction. This Court explained:

> Elliott's claim for damages stems from ITT's alleged refusal to accept her demand for rescission. This refusal is the "occurrence" following which, she argues, she has a full year to file a claim for damages. In its reply brief, ITT essentially

8

>concedes the point in its recognition that "this contention is premised on the earlier argument that the complaint constitutes an adequate demand for rescission." ITT Reply Memo at 14. We have ruled that the complaint does, in fact, satisfy the statutory requirement for "written" notice, and it follows that ITT Financial's refusal to rescind may obligate it to pay damages under § 1640.

*Id*. at 105.

To similar effect is *Belini v. Washington Mutual Bank, FA*, 412 F.3d 17 (1st Cir. 2005), in which the U.S. Court of Appeals for the First Circuit held that "TILA permits a damages claim to be stated by the debtor under 15 U.S.C. § 1640 based on the creditor's alleged failure to respond properly to the debtor's notice of rescission." *Id*. at 19. *See also id*. at 19 ("we join the approach of four other circuits, and we know of no circuit which has held to the contrary"). The Court of Appeals explained:

>The statute of limitations for bringing an action under section 1640 is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The "date of the occurrence of the violation," here, is at the earliest the date that Washington Mutual received the Belinis' notice of rescission; in truth, the date of the occurrence is likely twenty days later, when Washington Mutual's time for responding to that notice expired. ... The "date of the occurrence of the violation" cannot be the date the loan was closed; the closing is not the source of the debtor's complaint and such a rule would create nonsensical results. 15 U.S.C. § 1635(f) states that "[a debtor's] right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." It cannot be that the one-year statute of limitations under section 1640 for a creditor's failing to respond properly to a debtor's notice of rescission expires before the debtor is required to send that notice in the first place.

*Id*. at 23-24.

>We conclude that the Belinis' claim that they are entitled to damages under 15 U.S.C. § 1640 because of Washington Mutual's failure to return their money and void the security interest on their home within twenty days of receiving their notice of rescission was timely and therefore survives Washington Mutual's motion to dismiss.

*Id*. at 28.

Other courts have come to similar conclusions. *See e.g. Washington v. Ameriquest Mortg. Co.*, 2006 U.S. Dist. LEXIS 50804, *27 (N.D. Ill.) ("a lender's improper failure to rescind gives rise to statutory damages") (attached as Exh. B); *Rowland v. Novus Fin. Corp.*, 949

9

F.Supp. 1447, 1455 (D. Haw. 1996) ("while the statute of limitations bars Plaintiff's other damages claims, it does not bar Plaintiff's claim based on the Defendant's alleged failure to respond to Plaintiff's notice of rescission" because "[f]or purposes of this claim the date of the 'occurrence is either the date on which Plaintiff exercised his right of rescission ... or on which Defendant failed to respond" and suit was filed within a year of both dates); *Malfa, F.S.B.*, 825 F.Supp. at 1020. Ameriquest's argument to the contrary is completely without merit.

## II.  PLAINTIFFS SEEK PUNITIVE DAMAGES UNDER STATE LAW

Defendants argue that plaintiffs listed in Appendix #2 are not entitled to punitive damages under the Truth in Lending Act. But plaintiffs are not seeking punitive damages under TILA. Plaintiffs' claims for punitive damages are based on the State law claims asserted in their various complaints. *See Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) (To satisfy Rule 8, a plaintiff need only "name[s] the plaintiff and the defendant, state[s] the nature of the grievance, and give[s] a few tidbits (such as the date) that will let the defendant investigate" and complaints "need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule"); *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957) ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

## III.  PLAINTIFFS ADEQUATELY PLEAD THE FACTUAL AND STATUTORY BASIS FOR THEIR CLAIMS

The Plaintiffs identified in Defendants' Appendices #3 and 4 have adequately pled the basis for their claims as required by Fed. R. Civ. P. 8(a), therefore Defendants' motion for a more definite statement is unmerited and should be denied. The Defendants' Rule 12(e) motion seeks a degree of detail that the Plaintiffs are not required to include in their complaints. The Court of Appeals for the Seventh Circuit has clearly stated that "[e]ven with respect to the elements of the plaintiff's claim, complaints need not plead facts or legal theories." *U.S. v.*

*Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). This Court has also recently held in this action that "'Rule 12(e) motions are generally disfavored.' We typically grant such motions 'only when the pleading is so unintelligible that the movant cannot draft a responsive pleading'" *Mem. Op. and Order Denying Mot. for More Definite Statement*, Apr. 23, 2007 (Doc. No. 703) (quoting *U.S. for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987)).

In Defendants' motion for a more definite statement under Rule 12(e), it is alleged that the complaints are deficient because they do not identify the particular State statutes that defendants allegedly violated. *See Defendants' Memorandum of Law*, *Doc*. 652 at 4. The motion should be denied. Under the federal system of notice pleading there is no requirement that a complaint identify the statutes upon which the plaintiff is relying. *See Shah v. Inter-Continental Hotel Chi. Operating Corp.*, 314 F.3d 278 (7th Cir. 2002)("The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply"); *See also Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006) ("The point of a notice pleading standard is that the plaintiff is not required to plead either facts or legal theories"); *McDonald v. Household Int'l. Inc.,* 425 F.3d 424, 427 (7th Cir. 2005) ("[P]leaders in a notice system do not have any obligation to plead legal theories").*U.S. v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("Even with respect to the elements of the plaintiff's claim, complaints need not plead facts or legal theories");

Under Rule 8(a), a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." As the Northern District of Illinois has previously observed, "Rule 12(e) does not trump the notice pleading regime established by Fed. R. Civ. P. 8, which requires clarity, not detail and allows a plaintiff to file relatively skeletal pleadings and await the unearthing of the underlying facts in discovery." *Evans v. City of Chicago*, 2004 U.S. Dist. LEXIS 28511, 3-4 (N.D. Ill. 2004) (internal quotation marks omitted) (attached as Exh. C), *aff'd by Evans v. City of Chicago*, 2005 U.S. Dist. LEXIS 18507 (N.D. Ill. 2005). In *Orthmann v. Apple River Campground, Inc.,* 757 F.2d 909 (7th Cir. 1985), the Seventh

11

Circuit reversed a lower court decision dismissing a complaint and, in doing so, held:

> [The plaintiff] "filed a brief complaint which merely fails to plead the facts showing his theory of liability; and this is no ground for dismissal. The defendants' proper response is . . . to serve contention interrogatories requiring the plaintiff to particularize his theory of suit, or to proceed to summary judgment."

*Id.*

The present situation calls for the same response. Rather than wasting the Court's time with a Rule 12(e) motion, the Defendants should answer the complaints and proceed with discovery. The complaints at issue in Defendants' Rule 12(e) motion are neither vague nor ambiguous. The Defendants have sufficient information to answer the complaints and should do so forthwith rather than engaging in frivolous motion practice calculated to delay the resolution of these proceedings.

As a final matter, Section III(A) of the Defendant's Memorandum of Law asks the Court for both a more definite statement and dismissal of the complaints. These two requests, however, are contradictory. Even if the Court should agree with Defendants' assertion that the Plaintiffs' allegations are too vague, Defendants are not entitled to have the complaints automatically dismissed. Rule 12(e) provides that the Plaintiffs are entitled to an opportunity to remedy any defects within ten days of the Court's order, or such other time as the Court may fix. If a party fails to comply with such an order, the Court may strike the pleading or enter "such other order as it deems just." F.R.C.P. 12(e). In the event that the Court grants any part of the Defendants' Motion, the Plaintiffs request sufficient time to amend their complaints as needed and to respond to the Court's order as set forth in Rule 12(e).

## CONCLUSION

Because of the foregoing, Defendants' motion to dismiss and motion for a more definite statement should be denied.

| | |
|---|---|
| April 27, 2007 | By: /s/ Charles M. Delbaum |
| | *Attorney for Certain Plaintiffs* |
| | Charles M. Delbaum<br>National Consumer Law Center<br>77 Summer Street, 10th Floor<br>Boston, MA 02110<br>(617) 542-8010 |
| April 27, 2007 | By: /s/ Daniel S. Blinn |
| | *Attorney for Certain Plaintiffs* |
| | Daniel S. Blinn<br>Consumer Law Group<br>35 Cold Spring Rd., Suite 512<br>Rocky Hill, CT 06067<br>(860) 571-0408 |

## CERTIFICATE OF SERVICE

    I hereby certify that on this 27th day of April 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                    /s/ Daniel S. Blinn
                                                    Daniel S. Blinn

Case: 1:05-cv-07097 Document #: 719 Filed: 04/27/07 Page 14 of 14 PageID #:14336