THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 1:05-cv-07097 <br><br> Centralized before the Hon. Marvin E. Aspen |
| THIS DOCUMENT RELATES TO ALL OF THE INDIVIDUAL ACTIONS IDENTIFIED IN APPENDIX A | April 27, 2007 |

**PLAINTIFFS' SUPPLEMENT TO
ICSC'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
OPT-OUT COMPLAINTS AND FOR MORE DEFINITE STATEMENT**

The Plaintiffs identified in the attached Appendix A submit this supplement to the Individual Claims Steering Committee's response to the Defendants' motion. Appendix A provides the Court with additional detail regarding the timeliness of claims that the Defendants assert are beyond the statute of limitations and specifically identifies which claims are timely and which shall be voluntarily dismissed by the Plaintiffs.

The Plaintiffs in Appendix A who seek statutory damages based on both Defendants' failure to respond to Plaintiffs' rescission letters and Defendants' disclosure violations include a paragraph in their complaints substantially stating:[1]

> As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for: . . .
>
> d. Statutory damages of $2,000 for the disclosure violation;

---

[1] There are some minor wording variations among the Plaintiffs' complaints but the differences are not relevant to the Defendants' Motion.

>e. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice; . . .
>
>g. Actual damages in an amount to be determined at trial;

*See, e.g., Complaint, Bailey et al. v. Ameriquest*, N.D. Ill. #1:06-cv-03124 at ¶ 116.

The Prayer for Relief at the end of complaints seeking such damages asks the Court to:

>Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);
>
>Award the Plaintiffs actual statutory damages for the Defendant's failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a); . . .
>
>Award actual damages in an amount to be established at trial;

*Id*., Prayer for Relief, ¶¶ 7-8, 9.

For each claim in the Appendix listed as "untimely," the relevant Plaintiff concedes Defendants' assertion as to that claim only and will seek leave to amend the relevant complaint for the purpose of deleting the untimely claim. For those claims listed as "timely" or "none"[2] the Defendants' Motion is groundless and should be denied.

April 27, 2007      By:    Respectfully Submitted,

    /s/ Daniel S. Blinn

*Attorney for Certain Plaintiffs*
Daniel S. Blinn
Consumer Law Group
35 Cold Spring Rd., Suite 512
Rocky Hill, CT 06067
(860) 571-0408

---

[2] The use of "none" in Appendix A indicates that a particular plaintiff has not raised the specified claim.

2

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 27th day of April 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                /s/ Daniel S. Blinn
                Daniel S. Blinn