# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORHTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
APR - 3 2007
APR. 3, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| BRENDA COX MOORE<br><br>Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br>ACC CAPITAL HOLDINGS CORPORATION,<br>AMC MORTGAGE SERVICES, INC. and<br>DOES 1 – 5,<br><br>Defendants. | 07CV1817<br>JUDGE MANNING<br>MAG. JUDGE BROWN<br><br>JURY DEMAND |

## CLAIM FOR DAMAGES AND RESCISSION PURSUANT TO THE TRUTH IN LENDING ACT

Now Comes BRENDA COX MOORE, by and through her attorney, Lloyd Brooks, to file this Complaint against AMERIQUEST MORTGAGE COMPANY, ACC CAPITAL HOLDINGS CORPORATION, and AMC MORTGAGE SERVICES, INC. as follows:

### Nature of the Action

1. Plaintiff brings this action against a subprime mortgage lender and its affiliates for rescission and damages pursuant to the federal Truth In Lending Act for the lender's failure to clearly and conspicuously disclose the borrower's right to cancel a mortgage loan.

### Parties

2. Plaintiff Brenda Cox Moore ("Brenda") resides in a single family home which she owns at 407 S. 18th Avenue, Maywood, Illinois 60153.

3. Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation with its principal offices located in Orange, California and maintains offices in and does business in Illinois. Ameriquest is engaged in the business of originating "subprime" mortgages. Ameriquest makes more than 26 loans per year.

4. Defendant AMC Mortgage Services, Inc. ("AMC") is a Delaware corporation with its principal place of business located in Orange, California and does business in Illinois. AMC is an affiliate of Ameriquest. AMC services loans originated by Ameriquest and claims an

interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

5. Defendant ACC Capital Holdings Corporation, ("ACC") is an affiliate of Ameriquest and transacts business in Illinois. ACC purports to have an interest in loans originated by Ameriquest.

### Jurisdiction and Venue

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

7. This Court has jurisdiction over the defendants who are all doing business in this State and has availed themselves of this State's benefits and protections.

8. Venue is proper in this Court as defendants reside within this judicial district and a substantial portion of the events giving rise to this action occurred within this judicial district.

### Facts

9. On November 10, 2005 Brenda closed a loan with Ameriquest secured by a mortgage lien against Brenda's home.

10. The following are documents relating to the loan:

    (a) An incomplete Notice of Right to Cancel, See Exhibit A, attached to this pleading;
    (b) A document entitled "One Week Cancellation Period", See Exhibit B, attached to this pleading; and,
    (c) A document entitled "Understanding Your Loan", See Exhibit C.

11. Brenda was later directed to make payments to AMC.

12. On information and belief, ACC and/or Ameriquest currently own Brenda's loan. In the event neither ACC nor Ameriquest own Brenda's loan, the actual owners are named as Does 1-5.

13. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

14. Because this transaction was secured by Plaintiff's home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to Plaintiffs' rescission rights pursuant to the Truth In Lending Act, 12 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

15. Regulation Z reads in pertinent part:

§226.23

**(a) Consumer's right to rescind.**

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

**(b) Notice of right to rescind:**

(1) In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in section 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

**(d) Effects of rescission.**

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

16. TILA provides in pertinent part:

12 U.S.C.§1640

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A) (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000;

(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

17. The incomplete notice of right to cancel provided to Brenda failed to properly inform her of her right to cancel the transaction, specifically the incomplete notice failed to inform Brenda of the date her right to cancel would expire.

18. Additionally, on or about November 10, 2005, Brenda was notified that she was required to pay $350 for an "appraisal/ property valuation fee." It was represented that this amount "is refundable only if the loan is denied or withdrawn prior to the Lender ordering the appraisal/property valuation." See Exhibit D, attached to this pleading.

19. A borrower who rescinds is entitled to do so without financial penalty. By collecting fees in advance (appraisal fee in this instance) and representing that the fees would only be returned if "the loan is denied or withdrawn prior the Lender ordering the appraisal/property," Ameriquest wrongfully interfered with the borrowers right to cancel.

20. Furthermore, Brenda was provided two other documents, one labeled "Understanding Your Loan" and the other "One Week Cancellation Period" that each contain language that purports to limit or indicate to the reader that their right to cancel the loan within the three day period is limited.

21. The "One Week" cancellation confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635. Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long.

22. The "Understanding Your Loan" further confuses the right to cancel because it may mislead a consumer to believe that they need a reason to cancel their loan during the three day cancellation period provided under the TILA.

23. The provision of a document that conflicts with the required Notice of Right to Cancel violates TILA and gives rise to an extended right to rescind the Note and Mortgage, which extends to any assignee.

24. AMC, ACC and Ameriquest currently claim to have an interest in the subject Note and Mortgage or a right to collect payments from Brenda on the subject loan.

25. Brenda has exercised her right to rescind the loan. See Exhibit E.

26. More than 20 days has passed since the cancellation of Brenda's loan. As of the filing of this action the defendants have failed to properly respond to the cancellation of the subject loan.

WHEREFORE BRENDA COX MOORE respectfully request that the Court enter judgment in her favor and against defendants for a judgment, capable of recordation in public records, voiding the subject mortgage; statutory damages for the underlying failure to provide Plaintiffs with the proper disclosure or right to cancel the transaction; statutory damages for the defendants' failure to properly respond to the request for rescission; an order requiring deletion of all adverse credit information relating to the loan; an award of Plaintiffs' attorney's fees and costs of this action; and, such other relief as this Court deems just and appropriate.

Respectfully Submitted,

_____
Lloyd Brooks

State Bar No. 6271994
Lloyd J. Brooks
The Brooks Law Firm
15008 Woodlawn Ave.
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
**Attorney for Brenda Cox Moore**

### Jury Demand

Plaintiff demands trial by jury.

_____
Lloyd Brooks

# Exhibit A

## NOTICE OF RIGHT TO CANCEL

LENDER: Ameriquest Mortgage Company

DATE: November 10, 2005
LOAN NO.: 0138034947 - 7301
TYPE: ADJUSTABLE RATE

BORROWER(S): BRENDA COX MOORE

ADDRESS: 407 SOUTH 18TH AVENUE
CITY/STATE/ZIP: MAYWOOD, IL 60153

PROPERTY: 407 SOUTH 18TH AVENUE
MAYWOOD, IL 60153

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is

    ENTER DOCUMENT SIGNING DATE

    or
2. The date you received your Truth in Lending disclosures;
    or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Ameriquest Mortgage Company
1600 S Douglass Rd
Anaheim, CA 92806

ATTN: FUNDING
PHONE: (714)634-3494
FAX: (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

ENTER FINAL DATE TO CANCEL

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_____    _____
SIGNATURE               DATE

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

_____  Date  _____  Date
BORROWER/OWNER BRENDA COX MOORE              BORROWER/OWNER

_____  Date  _____  Date
BORROWER/OWNER                               BORROWER/OWNER

**BORROWER COPY**

1064-NRC (Rev 11/03)
0000013803494704000050101

11/10/2005 2:11:04 PM

# Exhibit B

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0138034947 - 7301    Borrower(s): BRENDA COX MOORE
Date: November 10, 2005

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today.
Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you.** No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.
If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

> Ameriquest Mortgage Company
> 1600 S Douglass Rd Anaheim, CA 92806
> ATTN: Funding Department
> Phone: (714)541-9960
> Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_____    _____
Borrower/Owner  BRENDA COX MOORE    Date

_____    _____
Borrower/Owner    Date

_____    _____
Borrower/Owner    Date

_____    _____
Borrower/Owner    Date

---

### REQUEST TO CANCEL
I/We want to cancel loan #_____.

_____    _____
Borrower/Owner Signature    Date

---



11/10/2005 2:11:04 PM

**LENDER COPY**

850 (10/00)

# Exhibit C

# UNDERSTANDING YOUR LOAN

Application Number: 0138034947 - 7301                     Date: November 10, 2005

**A LOAN SECURED BY YOUR HOME IS AN IMPORTANT TRANSACTION.** You should be fully informed about the terms and conditions of any mortgage loan that you obtain from us. While it can vary, the average time to process a loan application is thirty days. Please maintain a good payment record on all of your outstanding obligations during this time.

The enclosed documents are not a commitment to make a loan to you or an approval of your loan application. The estimated costs and terms of your proposed loan are based on the information we have obtained as of today. However, the structure of your loan, including prepayment charges, points, interest rate, repayment term and loan amount are all negotiable as long as the final terms meet our requirements. Think carefully about what terms you want. For example, a loan with a prepayment charge may have a lower interest rate than one without. However, if you know you will sell your home or refinance this loan in the near future, a prepayment charge may not be a good choice.

The costs and terms of any loan we might ultimately approve may be different. We will notify you by telephone if there are any such changes and you can then decide whether you wish to proceed with your application. Included among the enclosed documents are the following:

- **ARM Disclosure and Consumer Handbook on Adjustable Rate Mortgages.** If you applied for an Adjustable Rate Mortgage (ARM) loan, this booklet explains the operation of ARM loans, including how the interest rate and monthly payments can increase.
- **Good Faith Estimate of Settlement Costs.** This provides an estimate of the fees and costs you will pay in connection with your loan.

All the documents and disclosures you receive are important. Please pay particular attention to these, which you will receive at closing:

- **Promissory Note:** This shows the amount of debt you will incur, plus the interest rate and repayment terms.
- **Interest Rate, Payments Due, Fees Paid and Prepayment Charge:** This document shows important terms of your loan, including the amount of your monthly payments, the interest rate and fees, and whether your loan includes a prepayment charge. If you are comparing payments on an old and new loan, make sure you know whether the payments include, or do not include escrows for taxes, insurance and other charges.
- **Truth in Lending Disclosure:** This shows the Annual Percentage Rate and Finance Charge for your loan and other important cost and terms information.
- **HUD-Settlement Statement:** This shows all closing costs and how the proceeds of the loan are distributed.
- **Mortgage/Trust Deed:** This makes your real property security for the loan and says that if you do not meet your loan payment obligations, you can lose your home through foreclosure and the sale of your property.

A loan "closing" will be held to complete the transaction. If you want, you can have an attorney, credit counselor or other representative come to the closing with you. You'll be given your final loan documents and disclosures to review and sign. Don't feel rushed. Don't rely on any representations that are not in writing. Take your time. Ask any questions you have. If you do not agree with or understand something in a document, tell the person conducting the closing immediately. Don't sign any document until you have received an explanation you understand and are willing to be bound by the contents of the document. Don't let anyone pressure you into obtaining a loan. Consult other lenders, including banks and savings and loans, to confirm that the terms of this loan are acceptable to you; better terms may be available. Mortgage counseling from an independent HUD-approved agency can help you understand a loan offer, assess your credit situation and decide what loan is best for you. We recommend you use it. Free counseling is available at HUD-approved counseling services. To find a counseling service location near you, please call HUD at the following toll free number: 1-800-569-4287. In addition, please feel free to call us (Ameriquest Mortgage Company) toll free at (800) 864-6310 to discuss any questions concerning your loan or the documents you have.

If, under applicable law you are entitled to cancel the loan for any reason during the three business days following closing, you can cancel your loan with Ameriquest Mortgage Company at no cost during the one week period beginning on the day you sign the loan documents. During that one week period, please take the loan documents to a credit counselor, attorney, or other knowledgeable advisor to help you make your final decision about the advisability and appropriateness of the loan. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal holidays. If you desire to cancel, you must notify us in writing by either mailing or faxing your "Request to Cancel" to us at the address shown on the Request to Cancel form.

Thank you for applying to Ameriquest Mortgage Company for a mortgage loan. We look forward to serving you.

## BORROWER(S) ACKNOWLEDGMENT AT CLOSING

I hereby acknowledge that: 1) I received and read this notice prior to my loan closing; 2) it was reviewed with me again at the loan closing; 3) I understand what is written above; 4) I have received a complete set of my final loan documents on the date set forth below; 5) I am aware that I may cancel my loan for any reason within the one week period.

_____          Signature  BRENDA COX MOORE
Date

_____          Signature _____
Date

_____          Signature _____
Date

_____          Signature _____
Date



651-OWNER (Rev 05/04)

# Exhibit D

LOAN NO. 0138034947 - 7301

## APPLICATION DISCLOSURE

| Borrower's Name(s):<br><br>BRENDA COX MOORE | Lender:<br>Ameriquest Mortgage Company<br>One Westbrook Corporate Center, # 420<br>Westchester, IL 60154 |
|---|---|
| Property Address:<br><br>407 SOUTH 18TH AVENUE<br>MAYWOOD, IL  60153 | Date:<br><br>November 10, 2005 |

### ADVANCE FEES

The following fee may be charged in connection with the processing of your loan application. Other fees not shown here may be payable later and are shown on the Good Faith Estimate of Closing Costs. Non-refundable fees are subject to applicable limitations of state or federal law.

| Name of Fee | Amount | Important Information |
|---|---|---|
| Appraisal/Property Valuation Fee Deposit | $ 350.00 | If the appraisal/property valuation fee is paid from loan proceeds at closing and you have actually paid a deposit, this deposit will be returned to you. Otherwise, the deposit will be applied towards the cost of the appraisal/valuation. Please note that this fee may exceed the amount of the deposit. |

Any deposit is refundable only if the loan is denied or withdrawn prior to the Lender ordering the appraisal/property valuation.

### LENDER CONTACT

If you have any questions regarding your application, please contact:

Name:                Branch Manager
Lender's Name:       Ameriquest Mortgage Company
Lender's Address:    One Westbrook Corporate Center, # 420 Westchester, IL 60154
Telephone Number:    (708)492-0628

By signing below, I/we acknowledge that I/we [ ] did [X] did not pay any fees in advance. Any fees paid outside of closing will be reflected on the Settlement Statement.

_____  Date  _____  Date
Borrower   BRENDA COX MOORE               Borrower

_____  Date  _____  Date
Borrower                                  Borrower



000001380349470403050101

600-UNIV (Rev. 05/04)

# Exhibit E

Case: 1:05-cv-07097 Document #: 726-2 Filed: 04/30/07 Page 17 of 18 PageID #:14433

# THE BROOKS LAW FIRM

15008 Woodlawn Avenue
Floor One
Dolton, Illinois 60419

**Lloyd J. Brooks, CPCU**
Attorney at Law

(708) 841-8000 Telephone
(708) 841-8080 Facsimile
lloyd.brooks@thebrooksfirm.com
www.thebrooksfirm.com

January 29, 2007

**VIA CERTIFIED MAIL**

Ameriquest Mortgage Company
1600 S. Douglass Road
Anaheim, California 92806
Attention: Funding Department

**VIA CERTIFIED MAIL**

AMC Mortgage Services, Inc.
P.O. Box 11000
Santa Ana, California 92711-1000

    Re:    Notice of Rescission and Lien
                  Brenda Cox Moore, 407 S. 18th Avenue, Maywood, Illinois
                  Ameriquest Loan No. 0138034947-7301

To The Interested Parties Addressed Above:

    Please be advised that this office has been retained by the above client to file suit against you and that we claim a lien upon said recovery for 1/3 or such amount as a court awards.

    You are further notified that my client elects to cancel the loan of November 10, 2005 for failure to comply with the Truth in Lending Act and its implementing regulations, Regulation Z. Pursuant to 15 U.S.C. §1641, demand is made for the identity of the owner of this note and mortgage. Pursuant to 12 U.S.C. §2605, I request an account history, so that I may determine what, if anything, my clients are obligated to repay.

Faithfully yours,

THE BROOKS LAW FIRM


Lloyd J. Brooks
CC:    Client

## THE BROOKS LAW FIRM

Notice of Rescission and Lien
Brenda Cox Moore, 407 S. 18th Avenue, Maywood, Illinois
January 29, 2007
Page 2

    I, Lloyd Brooks, under penalty of perjury, as provided for by 28 U.S.C. §1746, certify that I had a copy of the foregoing document sent to the addresses for each entity addressed above via U.S. mails as indicated above each addressee on January 29, 2007.


_____

Lloyd Brooks