IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE AMERIQUEST RE MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION** | **MDL No. 1715**<br>**Lead Case No. 05-cv-07097**<br><br>**Centralized before Judge Marvin E. Aspen** |
| **THIS DOCUMENT RELATES TO AMERIQUEST V. MATTIX, ET AL 06 -CV-4043** | |

-------------------------------------------------------------------------------------------------------------------

**MEMORANDUM OF LAW IN OPPOSITION TO AMERIQUEST'S CONSOLIDATED MOTION TO DISMISS OPT-OUT COMPLAINTS (Doc. 651-652).**

**I.     INTRODUCTION**

In addition to two rescission claims, Counterclaimants Lori Mattix and Ivory Ford (hereafter "Mattix-Ford") sought TILA damages for both disclosure violations and violations of the Act's post-rescission requirements contained in 15 U.S.C. § 1635(b). This memorandum will focus primarily on the TILA disclosure violation claim because it is not addressed in the Individual Steering Committee's memoranda in opposition to Ameriquest's motion to dismiss.

**II.    COUNT I OF THE MATTIX-FORD COUNTERCLAIM SEEKING STATUTORY DAMAGES IN RECOUPMENT SHOULD NOT BE DISMISSED BECAUSE IT IS EXEMPTED FROM TILA'S ONE YEAR STATUTE OF LIMITATIONS.**

In response to Ameriquest's complaint, seeking foreclosure and damages for breach of contract in connection with a December 2003 mortgage loan, Mattix-Ford filed a counterclaim seeking, *inter alia*, TILA damages by way of recoupment with respect to the same mortgage loan. The recoupment claim was based on Ameriquest's faulty disclosures. (See Mattix-Ford Counterclaim, Count I, *Ameriquest v. Mattix, et al*, 06-cv-4043, Docket entry 9.)

TILA expressly exempts recoupment claims from the one year statute of limitations:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. *This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law...*

15 U.S.C. § 1640(e) (Emphasis added.) The United States Supreme Court described recoupment as a claim in the nature of a defense "arising out of some feature of the transaction upon which the plaintiff's action is grounded." *Bull v. United States*, 295 U.S. 247, 262 (1935). Such a defense is never barred by the statute of limitations so long as the main action is timely. *Id.* The gist of a claim for recoupment is that a plaintiff should not in fairness be allowed to assert a right based on a contract while, at the same time, claim immunity for its own breaches under the same contract or some obligation imposed by law. *Household Finance Corp. v. Pugh,* 288 N.W.2d 701 (Minn. 1980) (allowing TILA recoupment claim).

It is clear that Mattix-Ford are entitled to assert their statutory damage claim defensively, by way of recoupment, unless prohibited under Minnesota law[1]. Minnesota law recognizes the doctrine of recoupment and has expressly allowed in connection with time-barred TILA damage claims. *Id.* Accordingly, Count I of the Mattix-Ford Counterclaim cannot be dismissed.

**III. COUNTS II AND III OF THE MATTIX-FORD COUNTERCLAIM SHOULD NOT BE DISMISSED BECAUSE THEY WERE BROUGHT WITHIN ONE YEAR OF THE OCCURRENCE OF THE VIOLATIONS.**

The TILA one year statute of limitation runs "from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Under section 1635(b), a creditor is required to return the

---

[1] The mortgage loan was made in Minnesota and it is the state in which the original federal action was brought.

consumer's payments and take any action necessary or appropriate to reflect the termination of the security interest "(w)ithin twenty days after receipt of a notice of rescission." Thus, a violation of section 1635(b) occurs and a TILA damage claim accrues twenty days after a creditor receives a notice of rescission without taking the required action.[2] As illustrated on the attached Appendix A, the statutory damage claims asserted in Counts II and III of the Mattix-Ford counterclaim did not accrue until November 4, 2005, twenty days after Ameriquest received the notice of rescission. Because the Mattix-Ford counterclaim was filed on June 1, 2006, less than one year from the date of the violation, Counts II and III for statutory damages are timely.

## IV.     CONCLUSION

The damage claims in Counts I-III of the Mattix-Ford counterclaim should not be dismissed because they are timely. Count I, a damage claim in recoupment, is expressly authorized under 15 U.S.C. § 1640(e). The damage claims contained in Counts II and III are timely because they were brought "within one year from the date of the occurrence of the violation" as provided under 15 U.S.C. § 1640(e). Therefore, Counterclaimants Mattix-Ford respectfully request the court to deny Ameriquest's motion to dismiss as it relates to their claims.

April 30, 2007                                              Respectfully Submitted,

/s/ Anne Bergman
Anne Bergman
1434 Triangle Drive
Houlton, WI 54082
(715)549-6313

---

[2] Because the ICSC has fully briefed the issue of the TILA statute of limitations in connection with section 1635(b) violations in its Memorandum in Opposition to Ameriquest's Motion to Dismiss, no additional argument or case authority is included herein.

3

                                                Attorney for Counterclaimants
                                                Lori Mattix and Ivory Ford

APPENDIX A

**Summary of TILA Damage Claims** Asserted in Mattix-Ford Counterclaim

*Ameriquest vs. Mattix, et al*, 06-cv-4043

(This case was originally filed by Ameriquest in the District of Minnesota on May 8, 2006 and transferred to the Northern District of Illinois as part of the Ameriquest multi-district litigation on June 30, 2006.)

| Counter-Claim Count | Description of Claimed Violation | Date of Mortgage Loan | Date Notice of Rescission Received by Ameriquest | Date of Accrual of Claim | Date Claim Filed |
|---|---|---|---|---|---|
| I | Recoupment claim for disclosure violations[3] | 12/24/03 | N/A | | |
| II | Damages for failure to perform obligations required under 15 U.S.C. § 1635(b)[4] | 12/24/03 | 10/14/05 | 11/4/05 | 6/1/06 |
| III | Damages for failure to perform obligations required under 15 U.S.C. § 1635(b)[5] | 7/24/03 | 10/14/05 | 11/4/05 | 6/1/06 |

---

[3] Paragraph 69 of the Counterclaim alleges that "Ameriquest is liable to Defendants for damages in recoupment as provided under the Truth in Lending Act, 15 U.S.C. §§ 1640(a) and (e). (See Counterclaim, docket entry 9, *Ameriquest v. Mattix, et al*, 06-cv-4043.)

[4] Paragraph D of the Count II prayer for relief seeks "Statutory damages as provided under 15 U.S.C. § 1640(a)(2) for failure to perform the obligations required under 15 U.S.C. § 1635(b) and Regulation Z, 12 C.F.R. § 226.23(d).

[5] Paragraph D of Count III prayer for relief seeks "Statutory damages as provided under 15 U.S.C. § 1640(a)(2) for failure to comply with 15 U.S.C. § 1635(b) and Regulation Z, 12 C.F.R. § 226.23(d).

**CERTIFICATE OF SERVICE**

This is to certify that on this 30th day of April, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Anne Bergman
Anne Bergman
