## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before Judge<br>Marvin E. Aspen |
| ROSE J. BLACK and DAVID E. BLACK, SR.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARGENT MORTGAGE COMPANY, LLC, HOMEQ SERVICING CORPORATION, WELLS FARGO BANK, N.A., and, DOES 1-5,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | THIS DOCUMENT RELATES TO No. 06-CV-4418 ONLY |

### ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT OF DEFENDANT WELLS FARGO BANK, N.A., AS TRUSTEE OF PPSI 2004-WHQ1

Defendant Wells Fargo Bank, N.A., as Trustee of PPSI 2004-WHQ1, erroneously sued herein as Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel, Dykema Gossett PLLC, for its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, states as follows:

### INTRODUCTION

1.      Plaintiffs Rose J. Black and David E. Black, Sr. bring this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA").

**ANSWER:**    Because paragraph 1 states conclusions of law, no answer is required. If any answer is required, Defendant Wells Fargo denies any liability to plaintiffs and denies that they may rescind their mortgage.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§ 1640 (TILA) and 1691e (ECOA).

**ANSWER:**    Because paragraph 2 states conclusions of law, no answer is required. If any answer is required, Defendant Wells Fargo denies any liability to plaintiffs.

3.    Defendants do business in the District and are deemed to reside here. Venue is therefore proper under 28 U.S.C. § 1391(c).

**ANSWER:**    Because paragraph 3 states conclusions of law, no answer is required. If any answer is required, Defendant Wells Fargo denies any liability to plaintiffs.

## PARTIES

4.    Plaintiffs Rose J. Black and David E. Black, Sr., are husband and wife and own and reside in a single family home located at 415 Helen, Third City, MI 48135.

**ANSWER:**    Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 4 because it lacks knowledge and information on which to base a responsive pleading.

5.    Defendant Argent Mortgage Company, L.L.C. is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:**    Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 5 because it lacks knowledge and information on which to base a responsive pleading.

6.      Defendant Argent Mortgage Company, L.L.C. is engaged in the business of originating "subprime" mortgages.

**ANSWER:**    Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 6 because it lacks knowledge and information on which to base a responsive pleading.

7.      Defendant Argent Mortgage Company, L.L.C. makes more than 26 loans per year.

**ANSWER:**    Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 7 because it lacks knowledge and information on which to base a responsive pleading.

8.      Defendant Argent Mortgage Company, L.L.C. is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**    Because paragraph 8 states conclusions of law, no answer is required.  If any answer is required, Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 8 because it lacks knowledge and information on which to base a responsive pleading.

9.      Defendant HomEq Servicing Corporation is a foreign corporation which transacts business in Illinois.  Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.  HomEq claims the right to payments under plaintiffs' loan and is a necessary party.

**ANSWER:**    Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 9 because it lacks knowledge and information on which to base a responsive pleading.

10.      Defendant Wells Fargo Bank, N.A., ("Wells Fargo") is a Maryland corporation that does business in Illinois.  It has offices at 9062 Old Annapolis Road, Columbia, MD 21045-1951.  It is in the business of, among other things, buying some of the loans originated by

defendant Argent. On information and belief, Wells Fargo is the current owner of plaintiffs'

loan.

**ANSWER:** Defendant Wells Fargo Bank admits that it is a Maryland corporation that does business in Illinois with an office at the referenced address but denies that it is the current owner of Plaintiffs' loan. Rather, Wells Fargo admits that it is the trustee of Plaintiffs' loan.

     11.    In the event Wells Fargo does not own plaintiffs' loan, the owners are named as

Does 1-5.

**ANSWER:** Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 11 because it lacks knowledge and information on which to base a responsive pleading.

### FACTS RELATING TO PLAINTIFFS

     12.    Prior to August 12, 2004, plaintiffs applied for a mortgage with Argent Mortgage

Company, L.L.C.

**ANSWER:** Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 12 because it lacks knowledge and information on which to base a responsive pleading.

     13.    Plaintiffs needed and used the loan for personal, family or household purposes,

namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 13 because it lacks knowledge and information on which to base a responsive pleading.

     14.    The loan was closed on August 12, 2004. However, the terms were changed on

August 17, 2004, after the closing.

**ANSWER:** Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 14 because it lacks knowledge and information on which to base a responsive pleading.

15. Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A.

**ANSWER:** Defendant Wells Fargo submits that the referenced document speaks for itself and neither admits nor denies the allegations stated in paragraph 15 because it lacks knowledge and information on which to base a responsive pleading.

16. The following are documents relating to the loan:

    a. A note, Exhibit B. Only David E. Black, Sr. signed the note.

    b. A mortgage, Exhibit C. Both Rose J. Black and David E. Black, Sr. signed the mortgage.

    c. Two settlement statements, one dated August 12, 2004, Exhibit D, and one dated August 17, 2004, Exhibit E.

    d. A Truth in Lending disclosure statement, Exhibit F.

    e. The official Federal Reserve Board notice of right to cancel, Exhibit G.

**ANSWER:** Defendant Wells Fargo submits that the referenced documents speak for themselves and neither admits nor denies the allegations stated in paragraph 16 because it lacks knowledge and information on which to base a responsive pleading.

17. The disbursements on the two settlement statements are different. The actual consummation occurred when plaintiffs received the statement dated August 17, 2004 and proceeded with the loan.

**ANSWER:** Defendant Wells Fargo submits that the referenced documents speak for themselves and neither admits nor denies the allegations stated in paragraph 17 because it lacks knowledge and information on which to base a responsive pleading.

## COUNT I - TILA

18.     Plaintiffs incorporate paragraphs 1-17.

**ANSWER:**     Defendant Wells Fargo restates its answers to paragraphs 1-17 in answer to this paragraph.

19.     In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later.  More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction … in which a security interest … is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.** (15 U.S.C. § 1635(a))**.**

**ANSWER:**     Because paragraph 19 makes conclusions of law, no answer is required.

20.     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction.  More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission.  Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.** (15 U.S.C. § 1635(b))**.**

**ANSWER:** Because paragraph 20 makes conclusions of law, no answer is required.

21. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The credit shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a))**.**

**ANSWER:** Because paragraph 21 makes conclusions of law, no answer is required.

22. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:** Because paragraph 22 makes conclusions of law, no answer is required.

23. More specifically, the statute provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i)     The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii)     The consumer's right to rescind the transaction.**

> **(iii)** **How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv)** **The effects of rescission, as described in paragraph (d) of this section.**
>
> **(v)** **The date of the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

**ANSWER:** Because paragraph 23 makes conclusions of law, no answer is required.

## DEFECTIVE NATURE OF DISCLOSURES

24. In connection with the plaintiffs' loan, Argent Mortgage Company, L.L.C. failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, and the financial disclosures, required by 15 U.S.C. § 1638 and 12 C.F.R. § 226.18, for (without limitation) the following reasons:

**ANSWER:** Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 24 because it lacks knowledge and information on which to base a responsive pleading.

### Notices Confusing Where Less Than All Owners Are Obligated

25. Exhibit E is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Argent to the official Federal Reserve Board test.

**ANSWER:** Defendant Wells Fargo submits that the referenced document speaks for itself and neither admits nor denies the allegations stated in paragraph 25 because it lacks knowledge and information on which to base a responsive pleading.

26. The top of Exhibit E has only Mr. Black's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at

the bottom of the form, they are there described as "Borrower/Owner," which presumably means

something different than just "borrower."

**ANSWER:**   Because paragraph 26 makes conclusions of law, no answer is required. If any answer is required, Defendant Wells Fargo submits that the referenced document speaks for itself and neither admits nor denies the allegations stated in paragraph 26 because it lacks knowledge and information on which to base a responsive pleading.

27.   The statute gives not only each person obligated to repay the loan but each person

who resides in and has an ownership interest in the property the right to cancel, and requires a

notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:**   Because paragraph 27 makes conclusions of law, no answer is required.

### Misdating

28.   Since the final loan terms were not agreed upon until plaintiffs received the

August 17, 2004 settlement statement and elected to proceed with the loan, all of the documents

are misdated, and the rescission period was misdescribed.

**ANSWER:**   Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 28 because it lacks knowledge and information on which to base a responsive pleading.

29.   Notice of rescission has been given to defendants.   A copy is attached as

Exhibit H.

**ANSWER:**   Because paragraph 29 makes conclusions of law, no answer is required.   If any answer is required, Defendant Wells Fargo submits that the referenced document speaks for itself and neither admits nor denies the allegations stated in paragraph 29 because it lacks knowledge and information on which to base a responsive pleading.

30.   The loan has not been rescinded.

**ANSWER:**   Because paragraph 30 makes conclusions of law, no answer is required.

31.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     Because paragraph 31 makes conclusions of law, no answer is required.

32.     15 U.S.C. § 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:**     Because paragraph 32 makes conclusions of law, no answer is required.

WHEREFORE, Defendant, Wells Fargo Bank, N.A., as Trustee of PPSI 2004-WHQ1, denies any liability to Plaintiffs and requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice and that Defendant Wells Fargo Bank, N.A., as Trustee of PPSI 2004-WHQ1, be awarded its costs and attorney fees incurred in defending this action.

## <u>COUNT II - ECOA</u>

33.     Mrs. Black incorporates paragraphs 1-17.

**ANSWER:**     Defendant Wells Fargo restates its answers to paragraphs 1-17 in answer to this paragraph.

34.     This claim is against Argent.

**ANSWER:**     Because paragraph 34 makes conclusions of law, no answer is required.

35.     On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:**     Because paragraph 35 makes conclusions of law, no answer is required.  If any answer is required, Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 35 because it lacks knowledge and information on which to base a responsive pleading.

36.     On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:**     Because paragraph 36 makes conclusions of law no answer is required.  If any answer is required, Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 36 because it lacks knowledge and information on which to base a responsive pleading.

37.     Defendant's practice thus impairs and obfuscates the cancellation rights of women and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:**     Because paragraph 37 makes conclusions of law, no answer is required.  If any answer is required, Defendant Wells Fargo neither admits nor denies the allegations stated in paragraph 37 because it lacks knowledge and information on which to base a responsive pleading.

WHEREFORE, Defendant Wells Fargo Bank, N.A., as Trustee of PPSI 2004-WHQ1, denies any liability to Plaintiffs and requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice and that Defendant Wells Fargo Bank, N.A., as Trustee of PPSI 2004-WHQ1, be awarded its costs and attorney fees incurred in defending this action.

## **AFFIRMATIVE DEFENSES**

Defendant Wells Fargo Bank, N.A., as Trustee of PPSI 2004-WHQ1, has not yet had the opportunity to complete its discovery or investigation of this matter, and therefore, relies upon such of the following affirmative defenses as may prove applicable through discovery up to an including the time at trial:

1.      Plaintiffs' Complaint fails to state any claims against Defendant Wells Fargo Bank, N.A., as Trustee of PPSI 2004-WHQ1, upon which relief can be granted.

2.      Plaintiffs' claims are barred by the applicable statutes of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrines of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred or limited because the conduct complained of resulted from a bona fide error.

8.      Plaintiffs are barred from recovery as a result of their own wrongful or negligent conduct and actions or omissions which are the direct and/or proximate cause of all damages alleged in the Complaint.

9.      Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

10.     Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

11.     Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because Plaintiffs obtained their loan more than one year before filing suit and therefore are barred by the TILA's one-year statute of limitations.

12.     Plaintiffs' claims are barred by their failure to exhaust applicable administrative procedures and remedies.

13.     Defendant Wells Fargo Bank, N.A., as Trustee of PPSI 2004-WHQ1, reserves the right to add other affirmative defenses as they become known.


WHEREFORE, Defendant Wells Fargo Bank, N.A., as Trustee of PPSI 2004-WHQ1, denies any liability to Plaintiffs and requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice and that Defendant Wells Fargo Bank, N.A., as Trustee of PPSI 2004-WHQ1, be awarded its costs and attorney fees incurred in defending this action.

Dated: May 1, 2007                          Respectfully submitted,

**WELLS FARGO BANK, N.A., AS
TRUSTEE OF PPSI 2004-WHQ1**

By: s/ Richard E. Gottlieb _____
        Richard E. Gottlieb (rgottlieb@dykema.com)
        Renee L. Zipprich (rzipprich@dykema.com)
        DYKEMA GOSSETT PLLC
        10 South Wacker Drive
        Suite 2300
        Chicago, IL  60606
        Phone:      (312) 876-1700
        Fax:          (312) 627-2302

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **May 1, 2007**, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>s/ Irina V. Frye</u>

CHICAGO\2314524.2
ID\IVF