**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before Judge<br>Marvin E. Aspen |
| CHRISTOPHER R. ROOP and SARAH ROOP,<br><br>      Plaintiffs,<br><br>vs.<br><br>ARGENT MORTGAGE COMPANY, LLC, AMERIQUEST MORTGAGE SECURITIES, INC., AMC MORTGAGE SERVICES, INC., EMC MORTGAGE CORPORATION, and DOES 1-5,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | THIS DOCUMENT RELATES TO No. 07-CV-1347 ONLY |

**DEFENDANT EMC MORTGAGE CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant EMC Mortgage Corporation, by counsel, Dykema Gossett PLLC, for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

**INTRODUCTION**

l.    Plaintiffs Christopher R. Roop and Sarah Roop bring this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

ANSWER:    **Because paragraph 1 states conclusions of law, no answer is required. If any answer is required, Defendant EMC Mortgage Corporation**

            **denies any liability to plaintiffs and denies that they may rescind their mortgage.**

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).

ANSWER:    **Because paragraph 2 states conclusions of law, no answer is required.**

3.    Defendants do business in the District and are deemed to reside here. Venue is therefore proper under 28 U.S.C. §1391(c).

ANSWER:    **Because paragraph 3 states conclusions of law, no answer is required. If any answer is required, Defendant EMC Mortgage Corporation admits only that it does business in Michigan and neither admits nor denies the remaining allegations in paragraph 3 because it lacks knowledge and information on which to base a responsive pleading.**

## PARTIES

4.    Plaintiffs Christopher R. Roop and Sarah Roop are husband and wife and own and reside in a single family home located at 11102 Pine Street, Taylor, MI 48180.

ANSWER:    **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 4 because it lacks knowledge and information on which to base a responsive pleading.**

5.    Defendant Argent Mortgage Company, L.L.C. ("Argent") is a foreign limited liability company which does business in Michigan. Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

ANSWER:    **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 5 because it lacks knowledge and information on which to base a responsive pleading.**

6.    Defendant Argent is engaged in the business of originating "subprime" mortgages.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 6 because it lacks knowledge and information on which to base a responsive pleading.**

7. Defendant Argent makes more than 26 loans per year.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 7 because it lacks knowledge and information on which to base a responsive pleading.**

8. Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

ANSWER: **Because paragraph 8 states conclusions of law, no answer is required.**

9. Defendant Argent is an affiliate of Ameriquest Mortgage Company.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 9 because it lacks knowledge and information on which to base a responsive pleading.**

10. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 10 because it lacks knowledge and information on which to base a responsive pleading.**

11. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Michigan. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 11 because it lacks knowledge and information on which to base a responsive pleading.**

12. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 12 because it lacks knowledge and information on which to base a responsive pleading.**

13. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It holds legal title to loans originated by Ameriquest Mortgage Company and its affiliates. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 13 because it lacks knowledge and information on which to base a responsive pleading.**

14. Defendant EMC Mortgage Corporation ("EMC") is a foreign corporation which does business in Michigan. Its registered agent and office are The Corporation Company, 30600 Telegraph Road, Bingham Farms, MI 48025

ANSWER: **Admitted.**

15. Defendant EMC Mortgage Corporation services numerous loans originated by Argent, including plaintiffs', and claims an interest in such loans, including the right to receive payment thereunder. It is joined as a necessary party.

ANSWER: **Defendant EMC Mortgage Corporation objects to the use of the terms "numerous" and "claims an interest in" because those terms are vague and ambiguous and this defendant does not know what plaintiffs means by those terms, and thus, it neither admits nor denies the allegations because it lacks knowledge and information on which to base a responsive pleading. Defendant EMC Mortgage Corporation states further that it does service some loans that were originated by Argent and may or may not have an ownership interest**

>in such loans, and for any such loans that Defendant EMC Mortgage Corporation services, it admits that it has an "interest" in the loan.

## FACTS RELATING TO PLAINTIFFS

16. Plaintiffs are ordinary consumers. Christopher Roop is employed as a driver for a baking company, and Sarah Roop occasionally works cleaning houses.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 16 because it lacks knowledge and information on which to base a responsive pleading.**

17. Prior to December 31, 2004, plaintiffs applied for a mortgage with American Elite Financial, Inc. ("American Elite"), a mortgage broker.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 17 because it lacks knowledge and information on which to base a responsive pleading.**

18. In approximately October, 2004, an employee of American Elite named Jason Merta took plaintiffs application information over the phone.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 18 because it lacks knowledge and information on which to base a responsive pleading.**

19. Plaintiffs needed and used the loan for personal, family or household purposes, namely refinancing of prior debt incurred for such purposes.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 19 because it lacks knowledge and information on which to base a responsive pleading.**

20. The loan was closed with Argent Mortgage Company on December 31, 2004.

ANSWER: **Admitted.**

21. The following are documents relating to the loan:

   a. A note, <u>Exhibit A</u>. Only Sarah Roop signed the note.

    b.  A mortgage. On information and belief, both Christopher R. Roop and Sarah Roop signed the mortgage.

    c.  A settlement statement, <u>Exhibit B</u>.

    d.  A Truth in Lending disclosure statement, <u>Exhibit C</u>.

    e.  The official Federal Reserve Board notice of right to cancel, <u>Exhibit D</u>. Three copies were provided.

ANSWER: **Defendant EMC Mortgage Corporation submits that the referenced documents speak for themselves, denies any wrongdoing, denies any liability to plaintiffs, and neither admits nor denies the remaining allegations stated in paragraph 21 because it lacks knowledge and information on which to base a responsive pleading.**

  22. Plaintiffs were charged a "loan discount" of $661.21. See <u>Exhibit B</u>, Line 802. As reflected on the borrower's acknowledgment of final loan terms, attached hereto as <u>Exhibit E</u>, they received no discount.

ANSWER: **Defendant EMC Mortgage Corporation submits that the referenced document speaks for itself, denies any wrongdoing, and denies any liability to plaintiffs.**

  23. The loan application that Merta prepared and pre-typed for plaintiffs is attached as <u>Exhibit F</u>. In Section IV of this application, Merta stated that Sarah Roop had worked for five years as a driver for Arrival Limosine.

ANSWER: **Defendant EMC Mortgage Corporation submits that the referenced document speaks for itself, denies any wrongdoing, and denies any liability to plaintiffs.**

  24. Sarah Roop has never worked as a driver or for any company named Arrival Limosine.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 24 because it lacks knowledge and information on which to base a responsive pleading.**

25. Section V of the pre-typed loan application lists plaintiffs' monthly income as $3,000.

ANSWER: **Defendant EMC Mortgage Corporation submits that the referenced document speaks for itself, denies any wrongdoing, and denies any liability to plaintiffs.**

26. At the time of the loan, plaintiffs' monthly income was $2,600.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 26 because it lacks knowledge and information on which to base a responsive pleading.**

27. American Elite and/or Argent then arranged to have plaintiffs initial the application containing false information at closing. The application was one of scores of documents and hundreds of pages of documents presented to plaintiffs at closing. Plaintiffs could not possibly have reviewed each for accuracy at that time.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 27 because it lacks knowledge and information on which to base a responsive pleading.**

28. Plaintiffs were not aware of this information on their pre-typed loan application until obtaining current counsel.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 28 because it lacks knowledge and information on which to base a responsive pleading.**

29. On December 28, 2004, Argent Mortgage Company prepared a Good Faith Estimate, attached as Exhibit G, listing plaintiffs' total estimated settlement charges at $1,820.

ANSWER: **Defendant EMC Mortgage Corporation submits that the referenced document speaks for itself, denies any wrongdoing, and denies any liability to plaintiffs.**

30. At closing three days later, Argent charged plaintiffs $7,668.46 in settlement charges or 421% of the charges on their Good Faith Estimate! <u>Exhibit E</u> and <u>Exhibit B</u>, Line 1400.

ANSWER: **Defendant EMC Mortgage Corporation submits that the referenced documents speak for themselves, deny any wrongdoing, deny any liability to plaintiffs, and neither admit nor deny the remaining allegations stated in paragraph 30 because it lacks knowledge and information on which to base a responsive pleading.**

31. At no point did any employee of Argent Mortgage Company or American Elite Financial mention settlement charges to either plaintiff.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 31 because it lacks knowledge and information on which to base a responsive pleading.**

32. Further, Argent increased the terms of the loan at closing in spite of the fact that it had already - prior to the increase and at the start of the application process - obtained sufficient financial and credit information from plaintiffs to have determined the terms for which plaintiffs qualified. <u>Exhibit E</u>;

ANSWER: **Defendant EMC Mortgage Corporation submits that the referenced document speaks for itself, denies any wrongdoing, and denies any liability to plaintiffs.**

33. Plaintiffs were later directed to make payments to Ameriquest Mortgage Company.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 33 because it lacks knowledge and information on which to base a responsive pleading.**

34. Plaintiffs were then later directed to make payments to EMC Mortgage Corporation.

ANSWER: **Admitted.**

8

35. On information and belief, defendant EMC currently holds title to plaintiffs' loan.

ANSWER: **Defendant EMC Mortgage Corporation denies that it holds title to plaintiffs' loan and states upon information and belief that the record holder may be MERS, as "nominee" for LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC Asset Backed Certificates, Series 2005-AQ1.**

36. In the event EMC does not own plaintiffs' loan, the owners are named as Does 1-5.

ANSWER: **Because paragraph 36 states conclusions of law, no answer is required.**

## COUNT I - TILA

37. Plaintiffs incorporate paragraphs 1-36.

ANSWER: **Defendant EMC Mortgage Corporation restates its answers to paragraphs 1-36 in answer to this paragraph.**

38. In order to give consumers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. (15 U.S.C. § 1635(a)).

9

    ANSWER: **Because paragraph 38 states conclusions of law, no answer is required.**

    39. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b).)

    ANSWER: **Because paragraph 39 states conclusions of law, no answer is required.**

    40. To ensure that consumers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)

    ANSWER: **Because paragraph 40 states conclusions of law, no answer is required.**

    41. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver"

10

to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

ANSWER: **Because paragraph 41 states conclusions of law, no answer is required.**

42. More specifically, the regulation provides:

In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)

ANSWER: **Because paragraph 42 states conclusions of law, no answer is required.**

### DEFECTIVE NATURE OF DISCLOSURES

43. In connection with the plaintiffs' loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 43 because it lacks knowledge and information on which to base a responsive pleading.**

### Insufficient Number of Notices

44. Plaintiffs were provided with only three copies of the official Notice of Right to Cancel forms instead of the four required.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 44 because it lacks knowledge and information on which to base a responsive pleading.**

### Notices Confusing Where Less Than All Owners Are Obligated

45. Exhibit D is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

ANSWER: **Defendant EMC Mortgage Corporation submits that the referenced document speaks for itself, denies any wrongdoing, denies any liability to plaintiffs and neither admits nor denies the allegations in paragraph 45 because it lacks knowledge and information on which to base a responsive pleading.**

46. The top of Exhibit D has only Sarah Roop's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/Owner," which presumably means something different than just "borrower."

ANSWER: **Defendant EMC Mortgage Corporation submits that the referenced document speaks for itself, denies any wrongdoing, denies any liability to plaintiffs and neither admits nor denies the allegations in paragraph 46 because it lacks knowledge and information on which to base a responsive pleading.**

47. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel,

12

and requires a notice that unequivocally tells such persons that they have the right to cancel.

ANSWER: **Because paragraph 47 states conclusions of law, no answer is required.**

48. Notice of rescission has been given to defendants. Copies are attached as Exhibit H and Exhibit I.

ANSWER: **Because paragraph 48 states conclusions of law, no answer is required. If any answer is required, Defendant EMC Mortgage Corporation denies any liability to plaintiffs and denies that they may rescind their mortgage.**

49. The loan has not been rescinded.

ANSWER: **Because paragraph 49 states conclusions of law, no answer is required. If any answer is required, Defendant EMC Mortgage Corporation denies any liability to plaintiffs and denies that they may rescind their mortgage.**

50. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

ANSWER: **Because paragraph 50 states conclusions of law, no answer is required. If any answer is required, Defendant EMC Mortgage Corporation denies any liability to plaintiffs and denies that they may rescind their mortgage.**

51. 15 U.S.C. § 1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

ANSWER: **Because paragraph 51 makes conclusions of law, no answer is required. If any answer is required, Defendant EMC Mortgage Corporation denies any liability to plaintiffs, denies that they may rescind their mortgage, and denies that they are entitled to any relief in this action.**

WHEREFORE, Defendant EMC Mortgage Corporation requests that the Court dismiss this action in its entirety with prejudice and award it costs and attorney fees.

### COUNT II - BREACH OF CONTRACT

52. Plaintiffs incorporate paragraphs 1-51.

ANSWER: **Defendant EMC Mortgage Corporation restates its answers to paragraphs 1-51 in answer to this paragraph.**

53. This claim is against Argent only.

ANSWER: **Because paragraph 53 states conclusions of law, no answer is required.**

54. Defendant Argent contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 54 because it lacks knowledge and information on which to base a responsive pleading.**

55. Plaintiffs paid the fee but did not receive a discounted rate.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 55 because it lacks knowledge and information on which to base a responsive pleading.**

56. Argent thereby breached its agreement.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 56 because it lacks knowledge and information on which to base a responsive pleading.**

57. Plaintiffs were damaged as a result.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 57 because it lacks knowledge and information on which to base a responsive pleading.**

WHEREFORE, Defendant EMC Mortgage Corporation requests that the Court dismiss this action in its entirety with prejudice and award it costs and attorney fees.

### COUNT III - MICHIGAN MORTGAGE BROKERS, LENDERS AND

## SERVICERS LENDING ACT

58. Plaintiffs incorporate paragraphs 1-36.

ANSWER: **Defendant EMC Mortgage Corporation restates its answers to paragraphs 1-57 in answer to this paragraph.**

59. Defendants engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by engaging in a "bait and switch" practice: substantially increasing plaintiffs' settlement charges and APR after their loan had already been completely underwritten.

ANSWER: **Defendant EMC Mortgage Corporation denies the allegation as untrue.**

59. [sic] Defendant Ameriquest made the representations for the purpose of inducing reliance, in the form of the plaintiffs taking out a loan with Ameriquest.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 59 [sic] because it lacks knowledge and information on which to base a responsive pleading.**

60. [sic] Plaintiffs were induced to transact business with Ameriquest by means of this misrepresentation.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 60 [sic] because it lacks knowledge and information on which to base a responsive pleading.**

61. [sic] Defendant Ameriquest made the representations in the course of trade and commerce.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 61 [sic] because it lacks knowledge and information on which to base a responsive pleading.**

62. [sic] Plaintiffs were injured by Ameriquest's misrepresentations.

ANSWER: **Defendant EMC Mortgage Corporation neither admits nor denies the allegations in paragraph 62 [sic] because it lacks knowledge and information on which to base a responsive pleading.**

15

WHEREFORE, Defendant EMC Mortgage Corporation denies any liability to Plaintiffs, denies they are entitled to rescind their mortgage, and denies they are entitled to any recovery in this action, and request that Plaintiffs' Complaint be dismissed in its entirety with prejudice and that Defendant EMC Mortgage Corporation be awarded its costs and attorney fees incurred in defending this action.

## **AFFIRMATIVE DEFENSES**

Defendant EMC Mortgage Corporation Inc. has not yet had the opportunity to complete its discovery or investigation of this matter, and therefore, relies upon such of the following affirmative defenses as may prove applicable through discovery up to an including the time at trial:

1. Plaintiffs' Complaint fails to state any claims against Defendant EMC Mortgage Corporation upon which relief can be granted.

2. Plaintiffs' claims are barred by the applicable statutes of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrines of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred or limited because the conduct complained of resulted from a bona fide error.

8. Plaintiffs are barred from recovery as a result of their own wrongful or negligent conduct and their actions or omissions are the direct and/or proximate cause of all damages alleged in the Complaint.

9. Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

10. Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

11. Plaintiffs are not entitled to rescind their mortgage loan under TILA, or to obtain any statutory damages for failure to rescind, because Plaintiffs obtained their loan more than one year before filing suit and therefore are barred by the TILA's one-year statute of limitations.

12. Plaintiffs' claims are barred by their failure to exhaust applicable administrative procedures and remedies.

Defendant EMC Mortgage Corporation reserves the right to add other affirmative defenses as they become known.

WHEREFORE, Defendant EMC Mortgage Corporation denies any liability to Plaintiffs, denies they are entitled to rescind their mortgage, and denies they are entitled to any recovery in this action, and requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice and that Defendant EMC Mortgage Corporation be awarded its costs and attorney fees incurred in defending this action.

Date: May 4, 2007                                    Respectfully submitted,

                DYKEMA GOSSETT PLLC


               By: s/ Renee L. Zipprich
                 Renee L. Zipprich ARDC No. 6280104
                 Attorneys for EMC Mortgage Corporation
                 10 South Wacker Drive
                 Suite 2300
                 Chicago, Illinois 60606
                 (312) 876-1700

## CERTIFICATE OF SERVICE

I hereby certify that on **May 4, 2007**, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Irina V. Frye

CHICAGO\2315773.2
ID\CAM1