**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: BORROWERS' CONSOLIDATED CLASS ACTION COMPLAINT [DOCKET NO. 325] | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S**
**ANSWER TO BORROWERS CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant Argent Mortgage Company, LLC ("Argent "), by and through its attorneys, answers the Borrowers' Consolidated Class Action Complaint ("Complaint"), on behalf of itself[1] and itself only, as follows:

**INTRODUCTION**

1.      Plaintiffs bring this class action on behalf of themselves, and a nationwide class of similarly-situated individuals (the "Class") as described in the paragraphs set forth herein.

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") admits that Plaintiffs purport to bring this action as a nationwide class action, but denies that class treatment, nationwide or otherwise, is appropriate.**

2.      This case involves the actions of Defendants Ameriquest Mortgage Company ("AMC") and its subsidiaries, affiliates and agents (together, "Ameriquest").  Ameriquest originates and services residential mortgage loans.

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") objects to Plaintiffs' collective treatment of Ameriquest Mortgage Company, ACC Capital Holdings Corporation, AMC Mortgage Services, Inc., Ameriquest**

---

[1]      Argent objects to Plaintiffs' definition of "Ameriquest" as encompassing six separate and distinct entities. Accordingly, this Answer is filed on behalf of, and relates only to, Argent.

**Mortgage Securities, Inc., Town & Country Credit Corporation. and Argent Mortgage Company, LLC as "Ameriquest." Each party is a separate and distinct entity and Plaintiffs' collective treatment of them serves no purpose other than to cause confusion and obfuscate the differences between the entities. Argent further objects to Plaintiffs' attempt to include unnamed and unidentified "subsidiaries, affiliates and agents" in the definition of "Ameriquest." Unless otherwise indicated, Argent therefore answers for itself alone and responds as though each allegation regarding "Ameriquest" is an allegation directed to Argent. Argent admits that it funds residential mortgage loans, and objects to the term "originates" as vague. Argent denies the remaining allegations in this paragraph.**

3. Ameriquest has engaged and is engaged in uniform unfair, unconscionable, deceptive and unlawful commercial practices in soliciting and closing residential mortgage transactions nationwide.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

4. According to the 2003 and 2004 Mortgage Market Statistical Annuals, Ameriquest was the third largest subprime lender by volume during the period October 1999 through December 2003, with $61.8 billion in total originations during the period. Based on estimates from Ameriquest's securitization-filing, Ameriquest has risen to be the top "direct to consumer" subprime mortgage originator in the United States and originated an estimated $16.84 billion in loans for the first 6 months of 2004, representing a 76% rise over the same period in 2003. This growth has occurred as a result of Ameriquest's unfair and predatory practices, alleged herein.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations. Further, it objects to the term "subprime" as vague.**

5.     Ameriquest targets consumers for predatory, "subprime" home loans and induces borrowers to enter into unfair and deceptive residential mortgages without regard for the homeowners' interests or ability to pay.  By its predatory loan practices, Ameriquest engages in a persistent "bait and switch" scheme through which it lures borrowers with promises of favorable interest rates, monthly payments and/or loan terms, and then switches the terms at closing to less favorable ones.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.  Further, Argent objects to the term "subprime" as vague.**

6.     Plaintiffs and the Class members whose loans were financed by Ameriquest each received a loan which, to their surprise, contained one or more of the following unfavorable terms: (a) confusing and unfair variable interest rate structure which provides only for an increase and not decrease in the borrower's interest rate; (b) a misleading charge for "discount points" or a "discount fee" often totaling thousands of dollars added to the principal of the loan, although Ameriquest provided no "discount" to the interest rate; (c) prepayment penalty that hinders borrowers from refinancing on better terms with other lenders; and (d) duplicative and excessive costs and closing fees in amounts designed to strip home equity and prevent borrowers from refinancing without incurring high costs.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.  Further, Argent objects to the term "subprime" as vague.**

7.     Ameriquest also routinely fails to provide required disclosures, including the statutorily mandated Notice of Right to Cancel, and/or circumvents statutory protections by

failing to leave a true copy of completed loan documents in borrowers' possession so that borrowers cannot review the loan terms.

> **ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

8.      When borrowers inquire at closing about why they are not receiving their loans on the promised terms, they are typically promised early refinancing on more favorable terms. That promise is false, either because no refinance is made or because the available refinance is not on more favorable terms. If a refinance is offered by Ameriquest, it involves an additional set of expensive duplicate and unnecessary closing fees.

> **ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

9.      Borrowers whose loans are serviced by Ameriquest are subject to a distinct - but similarly common, illegal, and unfair- scheme as Ameriquest's loan-financing scheme: Ameriquest routinely seeks to collect, and does collect, various fees, costs, and charges that are not legally due under the mortgage contracts, it mishandles payments made by borrowers, and engages in unlawful collection practices, breaching the mortgage loan terms.

> **ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

10.      Ameriquest's unfair practices allow Ameriquest to profit by leaving borrowers with a three-way Hobson's choice. Either the borrower can 1) choose to remain in a loan with unacceptable terms; 2) find another lender offering better terms and pay Ameriquest a substantial

and unjustified prepayment penalty while losing equity on additional closing costs; or 3) refinance with Ameriquest and thereby provide Ameriquest with an opportunity to capitalize the points and closing costs from the first loan while charging another set of points and/or closing costs in an equal or larger amount.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

11. By the practices described in this Complaint, Ameriquest violated numerous federal and state laws.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

12. These federal laws include, for example, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681m(a), the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d), the Truth in Lending Act ('TILA"), 15 U.S.C. §§ 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

13. These state laws include, but are not limited to, the common law of contract and equity, state predatory lending laws, and the consumer protection laws of the State of California (where Ameriquest is based and from where the scheme originated) or, alternatively, the various states' consumer protection and deceptive and unfair trade practices acts.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the**

**allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

14.     By virtue of this conduct, Plaintiffs and the Class have been harmed and continue to incur damages and suffer harm. Through this action, Plaintiffs seek, on behalf of themselves and all others similarly situated, damages, restitution, a declaration of the right to rescind, attorneys fees, costs, and any other relief the Court deems proper.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies the first sentence of this paragraph. Argent admits that Plaintiffs purport to seek the relief identified herein, but denies that Plaintiffs or any purported class are entitled to such relief from Argent.**

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §§ 1640(e), 1681p, 1691p, and 2614.

**ANSWER:     Argent does not dispute this Court's jurisdiction.**

16.     This Court also has original jurisdiction over the state-law claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed classes; (2) many Plaintiffs and Class members have a different citizenship from the Defendants; and (3) the claims of the proposed Class members exceed $5,000,000 in the aggregate. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state-law claims because those claims and the federal law claims derive from a common nucleus of operative facts.

**ANSWER:     Argent does not dispute this Court's jurisdiction.**

- 6 -

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(6), in that Defendants transact substantial business in this district, and pursuant to the transfer order of the Judicial Panel on Multidistrict Litigation.

**ANSWER:     Argent denies that venue is proper in the Northern District of Illinois pursuant to the Multi-District Litigation Panel's Transfer Order based on Federal and State Constitutional grounds, including but not limited to Due Process and Equal Protection under the law.**

## PARTIES

### I.    PLAINTIFFS

18.     Individual and Representative Plaintiffs George and Crisella Barber are residents of Lake City, Florida, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

19.     Individual and Representative Plaintiff Debra Holloway is a resident of Tampa, Florida, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

20.     Individual and Representative Plaintiff Laurence Osten is a resident of Fort Wright, Florida, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

21.     Individual and Representative Plaintiff Barbara Ann Becker is a resident of Baltimore, Maryland, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

22.     Individual and Representative Plaintiff Tonya Summer Brown is a resident of Stone Mountain, Georgia, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

23.     Individual and Representative Plaintiff Guadalupe Hernandez is a resident of Brownsville, Texas, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph**

24.     Individual and Representative Plaintiffs Kevin and Maria Cusanelli are residents of Hamden, Connecticut, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

25.     Individual and Representative Plaintiff Johnnie Ross is a resident of Albany, Georgia, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

26.     Individual and Representative Plaintiff Charles Meadows is a resident of Sparks, Georgia, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

27.     Individual and Representative Plaintiffs Joseph and Nicole Riggins are residents of Valdosta, Georgia, and have been victims of Ameriquest's practices during the period covered by this consolidated action

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

28.     Individual and Representative Plaintiff Kerri Capasso is a resident of New Milford, New Jersey, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

29.     Individual and Representative Plaintiffs Raymond and Rebecca Carlson are residents of St. Paul, Minnesota, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

30.     Individual and Representative Plaintiff Patrick Galvan is a resident of Saginaw, Michigan, and has been a victim of Ameriquest's practices during the period covered by this consolidated action (during which time he resided in St. Paul, Minnesota).

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

31.     Individual and Representative Plaintiffs Robert and Debra Peabody are residents of St. Paul, Minnesota, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

32. Individual and Representative Plaintiffs Michele and Craig D'Ambrogi are residents of Hanover, Pennsylvania, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

33. Individual and Representative Plaintiffs Kathryn and William Birkholz are residents of West Middlesex, Pennsylvania, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

34. Individual and Representative Plaintiffs Thomas B. and Elvie Doherty are residents of Minneapolis, Minnesota, and have been victims of Town & Country's practices during the period covered by this consolidated action.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

35.     Individual and Representative Plaintiff Mary Harless is a resident of Anderson, Indiana, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

36.     Individual and Representative Plaintiffs James and Jennifer Jewell are residents of Springfield, Ohio, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.**

37.     Individual and Representative Plaintiff Deborah Juillerat is a resident of Golden Valley, Minnesota, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

38. Individual and Representative Plaintiff Karen M. Kahrer is a resident of New Castle, Pennsylvania, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

39. Individual and Representative Plaintiffs Nona and Albert Knox are residents of East Palo Alto, California, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

40. Individual and Representative Plaintiff Maria Torres is a resident of East Palo Alto, California, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

- 14 -

41.     Individual and Representative Plaintiffs Heladio and Maria Arellanes are residents of Richmond, California, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

42.     Individual and Representative Plaintiff Richard A. Madrazo is a resident of Staten Island, New York, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

43.     Individual and Representative Plaintiff Yamal Montanez is a resident of Chicopee, Massachusetts, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

44.     Individual and Representative Plaintiffs Isabelle M. and David R Murphy are residents of Plympton, Massachusetts, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

45.     Individual and Representative Plaintiff Lynn Gay is a resident of Bridgewater, Massachusetts, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

46.     Individual and Representative Plaintiffs David M. and Janet Wakefield are residents of Wareham, Massachusetts, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

47.     Individual and Representative Plaintiffs Frank and Martha White are residents of Mattapam, Massachusetts, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

48.     Individual and Representative Plaintiff Harriet Holder is a resident of Mattapan, Massachusetts, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

49.     Individual and Representative Plaintiff Pegi Saunders is a resident of Maple Heights, Ohio, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

50.     Individual and Representative Plaintiffs Matthew and Tracey Lloyd are residents of Oakwood Village, Ohio, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

51.     Individual and Representative Plaintiff Dorothy Stevens is a resident of Shaker Heights, Ohio, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

52.     Individual and Representative Plaintiffs Aris and Ricardo Gay are residents of Cleveland Heights, Ohio, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

53. Individual and Representative Plaintiff Steven H. Ungar is a resident of Venice, Florida, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

54. Individual and Representative Plaintiff Cheryl Williams is a resident of New York, New York, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

55. Individual and Representative Plaintiff Duval Naughton is a resident of Brooklyn, New York, and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

56.     Individual and Representative Plaintiff Latonya and Dwayne Williams are residents of St. Petersburg, Florida and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

57.     Individual and Representative Plaintiff William F. and Daisybel Tolbert are residents of St. Petersburg, Florida, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

58.     Individual and Representative Plaintiffs Timothy and Francis Adamowicz are residents of Wilmington, Delaware, and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

59.     Individual and Representative Plaintiff Christopher Bourassa is a resident of New Bedford, Massachusetts and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

60.     Individual and Representative Plaintiff Venitra Brown is a resident of Waldorf, Maryland and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

61.     Individual and Representative Plaintiffs Edrick and Debra Centeno are residents of Las Vegas, Nevada and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

62.     Individual and Representative Plaintiff Vaughn DeBold is a resident of Cocoa, Florida and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

63.     Individual and Representative Plaintiffs Gregory and Marcell DeMeo are residents of Wakefield, Massachusetts and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

64.     Individual and Representative Plaintiff James Devlin is a resident of Plymouth, Massachusetts and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

65.     Individual and Representative Plaintiffs Timothy and Cynthia Dion are residents of Bridgewater, Massachusetts and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

66.     Individual and Representative Plaintiff Karen Dudeck is a resident of South Boston, Massachusetts and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

67.     Individual and Representative Plaintiff Christopher Gabrielli is a resident of Marlborough, Massachusetts and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

68.     Individual and Representative Plaintiff Patricia Masson is a resident of Tyngsboro, Massachusetts and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

69.     Individual and Representative Plaintiffs John and Kathleen O'Callaghan are residents of Quincy, Massachusetts and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

70.     Individual and Representative Plaintiff Glen Powell is a resident of Cambridge, Massachusetts and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

71.     Individual and Representative Plaintiff Michele Powell is a resident of Worcester, Massachusetts and has been a victim of Ameriquest's practices during the period covered by this consolidated action

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

72.     Individual and Representative Plaintiff Michael Russo is a resident of Leominster, Massachusetts and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

73.     Individual and Representative Plaintiff Kenneth Sawyer is a resident of Sharon, Massachusetts and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same. Argent denies the balance of the allegations contained in this paragraph.**

74.     Individual and Representative Plaintiffs Frank and Linda Shea are residents of Methuen, Massachusetts and have been victims of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

75.     Individual and Representative Plaintiffs Scott Ventola and Steven Bourassa are residents of Princeton, Massachusetts and have been victims of Ameriquest's practices during the period covered by this consolidated action

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiffs' residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

76.     Individual and Representative Plaintiff Joshua Wilgoren is a resident of Framingham, Massachusetts and has been a victim of Ameriquest's practices during the period covered by this consolidated action.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding Plaintiff's residence and on that basis denies the same.  Argent denies the balance of the allegations contained in this paragraph.**

## II.    DEFENDANTS

77.    Defendant Ameriquest Mortgage Company ("AMC") is a privately-held Delaware corporation that has its principal place of business in California.  AMC is the nation's largest privately held sub-prime lender, with more than 270 offices nationwide.

**ANSWER:    Argent admits that Ameriquest Mortgage Company is a privately-held Delaware corporation that has its principal place of business in California. Argent denies the balance of the allegations in this paragraph and objects to the term "sub-prime" as vague.**

78.    Defendant ACC Capital Holdings Corporation is a privately-held Delaware corporation that has its principal place of business in California.  It is the owner of AMC and other Ameriquest entities, as set forth below.

**ANSWER:    Argent admits that ACC Capital Holdings Corporation is a privately-held Delaware corporation that has its principal place of business in California, and that it owns the stock of Ameriquest Mortgage Company.  Argent denies any remaining allegations of this paragraph.  Argent further objects to Plaintiffs' use of the phrase "other Ameriquest entities" as vague and ambiguous.**

79.    Defendant AMC Mortgage Services, Inc. is a Delaware corporation with its principal place of business in California.  It is a wholly-owned subsidiary of ACC Capital Holdings Corporation.  It services many of the loans originated by AMC.

**ANSWER:    Argent admits that AMC Mortgage Services, Inc. is a Delaware corporation with its principal place of business in California.  Argent admits that ACC Capital Holdings Corporation owns the stock of AMC Mortgage Services, Inc.  Argent admits that AMC Mortgage Services, Inc. services some loans originated by Ameriquest Mortgage Company and denies the balance of the allegations.**

80.    Defendant Ameriquest Mortgage Securities, Inc. is a Delaware corporation with a principal place of business in California.  It holds legal title to many of the loans originated by AMC.

**ANSWER:    Argent admits that Ameriquest Mortgage Securities, Inc. is a Delaware corporation with its principal place of business in California.  Argent admits**

**that Ameriquest Mortgage Securities, Inc. briefly holds title to some loans originated by Ameriquest Mortgage Company and denies the balance of the allegations.**

81.     Defendant Town & Country Credit Corporation is a Delaware corporation with a principal place of business in California.  Town and Country is a wholly owned subsidiary of ACC Capital Holdings Corporation.

**ANSWER:     Argent admits that Town & Country Credit Corporation is a Delaware corporation with its principal place of business in California.  Argent admits that ACC Capital Holdings Corporation owns the stock of Town & Country Credit Corporation.**

82.     Defendant Argent Mortgage Co., LLC is a Delaware company with a principal place of business in California.  Argent is a wholly-owned subsidiary of ACC Capital Holdings Corporation.

**ANSWER:     Argent Mortgage Company, LLC admits that it is a Delaware limited liability company with its principal place of business in California.  Argent admits that ACC Capital Holdings Corporation owns all of the membership interests of Argent.**

83.     Collectively, AMC, ACC Capital Holdings Corporation, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., Town & Country Credit Corp., and Argent Mortgage Co., LLC are referred to as "Ameriquest."

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") objects to Plaintiffs' collective treatment of Ameriquest Mortgage Company, ACC Capital Holdings Corporation, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., Town & Country Credit Corporation. and Argent Mortgage Company, LLC as "Ameriquest."  Each party is a separate and distinct entity and Plaintiffs' collective treatment of them serves no purpose other than to cause confusion and obfuscate the differences between the entities.  Unless otherwise indicated, Argent therefore answers for itself alone and responds as though each allegation regarding "Ameriquest" is an allegation directed to Argent.**

84.     Defendant JM Closing is a Maryland-based corporation that performs title and mortgage loan closings.  Defendant Jonathan Means was the owner of JM Closing at all relevant times.

**ANSWER:     Argent is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in this paragraph, and on that basis denies each and every allegation contained in this paragraph.**

85.     Collectively, the Ameriquest defendants plus the defendants listed in the previous paragraphs are the "Defendants."

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") objects to Plaintiffs' collective treatment of Ameriquest Mortgage Company, ACC Capital Holdings Corporation, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., Town & Country Credit Corporation. and Argent Mortgage Company, LLC.  Each party is a separate and distinct entity and Plaintiffs' collective treatment of them serves no purpose other than to cause confusion and obfuscate the differences between the entities.  Unless otherwise indicated, Argent therefore answers for itself alone and responds as though each allegation regarding "Ameriquest" is an allegation directed to Argent.**

## III.     AGENCY/JOINT VENTURE

86.     At all times herein mentioned, Defendants, both individually and collectively, and affiliates not herein named, are and were agents or joint venturers of each of the other Defendants, and in doing the acts alleged herein were acting within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced in, and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies the allegations of this paragraph.**

87.     Ameriquest controlled the actions of all the Defendants and of each of them by a program of centralized policy-making, policy dissemination, and training, emanating from central offices in California.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies the allegations of this paragraph.**

88.     Ameriquest has also implemented centralized decision-making and policy control by and through its overlapping officers and/or by a process of policy dissemination emanating from Roland Arnall, the founder and controlling shareholder of each Ameriquest entity.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies the allegations of this paragraph.**

## IV.     AIDING AND ABETTING

89.     Defendants, and each of the lending subsidiaries, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs and the Classes.  In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies the allegations of this paragraph.**

## V.  CONSPIRACY

90.    Defendants, and each of them, knowingly and willfully conspired, engaged in a common enterprise, and engaged in a common course of conduct to accomplish the wrongs complained of herein.  The purpose and effect of the conspiracy, common enterprise, and common course of conduct complained of was, *inter alia*, to financially benefit Defendants at the expense of Plaintiffs by engaging in fraudulent activities.  Defendants accomplished their conspiracy, common enterprise, and common course of conduct by misrepresenting and concealing material information regarding the servicing of loans, and by taking steps and making statements in furtherance of their wrongdoing as specified herein.  Each Defendant was a direct, necessary and substantial participant in the conspiracy, common enterprise and common course of conduct complained of herein, and was aware of its overall contribution to and furtherance thereof.  Defendants' wrongful acts include, *inter alia*, all of the acts that each of them are alleged to have committed in furtherance of the wrongful conduct complained of herein.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies the allegations of this paragraph.**

91.    Plaintiffs are informed and believe that the above-described conspiracy is ongoing, making it pointless for Plaintiffs to allege when the last overt act of the conspiracy occurred.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies the allegations of this paragraph.**

- 31 -

## FACTUAL BACKGROUND

I. **AMERIQUEST'S COMMON PATTERN AND PRACTICE OF UNFAIR, UNLAWFUL, AND DECEPTIVE PRACTICES IN CONNECTION WITH MORTGAGE LOAN FINANCING**

92.     Ameriquest has engaged in and continues to engage in a uniform common plan and scheme to prey upon unsuspecting consumers by routinely causing borrowers to enter into residential loans with unfavorable terms, misleading and inappropriate "discount" fees, high and adjustable interest rates, prepayment penalties, and excessive loan principal compared to equity and ability to pay.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

### A.     Bait and Switch Practices of Ameriquest

93.     Ameriquest engages in "bait and switch" tactics in its residential loan transactions.  Ameriquest systematically baits customers into residential mortgage loan transactions with promises of fixed interest rates, low interest rates, low or no fees, lower monthly payments compared to then current payments, no prepayment penalties, and/or the existence or absence of particular terms.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

94.     When the paperwork is presented to customers for signature at closing, the terms are contrary to the terms promised.  Due to the complexity of the paperwork, hurried closings, and improper disclosure procedures, borrowers are often unaware that the terms of the mortgage documents do not match Ameriquest's prior representations.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the**

**allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

95.     This practice goes hand in hand with Ameriquest's uniform practice of failing to make statutory disclosures and misrepresenting or concealing loan terms, as well as its aggressive and unfair sales tactics. While each practice is separately unlawful and unfair, in tandem these practices allow Ameriquest systematically to close loans that benefit Ameriquest to the detriment and misfortune of Plaintiffs and the Class.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

96.     After presenting new or different loan terms, if the borrower becomes aware of the changes, Ameriquest engages in scare and pressure tactics to cause customers to proceed with the transaction anyway. Ameriquest further uses their borrowers' concern about loan terms in the initial transaction as an opportunity to bait the hook for a second loan, by promising an early refinancing on better terms. The refinance loans then capitalize finance charges, provide an excuse for new and additional points and other closing costs and provide an opportunity for Ameriquest to reap other additional hidden profits at their borrowers' expense.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

97.     Ameriquest misleads the borrowers into signing loan documents without reading them by misrepresenting their contents and telling borrowers there is no need or time to read them and pressuring them to "Just sign the papers."

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the**

**allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

**B.** **Ameriquest's Failure to Provide Proper Disclosures**

98. Ameriquest also fails timely to deliver copies of various loan papers, including required disclosures under the Truth in Lending Act, until after the loan is consummated. This prevents consumers from understanding the loan terms, including most importantly, the true cost of the loan.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

99. When the disclosures are provided, they are often inaccurate, misleading, incomplete, or otherwise not in compliance with statutory requirements.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

100. Ameriquest has a uniform practice of removing certain documents, such as those relating to the prepayment penalty, before presenting the documents to the customer for signing. For this reason and others, customers are systematically denied any meaningful opportunity to discover that the terms on the final documents do not match the prior representations.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

101. At closing, Ameriquest also routinely presents and compels borrowers to sign acknowledgments of various events, including acknowledgements concerning last-minute

changes in loan terms that are inconsistent with previous oral representations, and disclosures that are otherwise not compliance with Ameriquest's legal obligations to borrowers.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

### C. Ameriquest's Scheme Relating to Discount Points

102. During a substantial portion of the period covered by this consolidated action, Ameriquest now acknowledges that it charged and collected discount points without providing a discount interest rate. Because these points are calculated as a percentage of the total amount of the loan, discount points typically cost the consumer thousands or tens of thousands of dollars.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

103. During the balance of the period covered by this consolidated and amended complaint, Ameriquest claims to have provided an unspecified rate discount whenever it charged and collected discount points. However, because Ameriquest never specifically discloses the amount of the rate discount being provided, it is impossible for its customers to determine whether the rate discount is reasonable consideration for the substantial cost of the discount points.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

104. When Ameriquest markets and sells its loans to new customers, it never informs them that the quoted loan amount will be reduced by the substantial cost of discount points. The discount points are therefore hidden until closing.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

105. Ameriquest often encourages its customers to refinance quickly, but fails to inform those customers that discount points in the previously loan will be capitalized upon refinancing (so that interest is due thereon) and that a new set of discount points will be charged. This hidden impact of refinancing is a substantial benefit to Ameriquest and a substantial cost to its refinance customers.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

### D. Ameriquest's Sales and Marketing Scheme

106. Ameriquest has a business practice of using oppressive and unfair marketing techniques to prey upon homeowners nationwide.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

107. Ameriquest targets and hires loan officers, called account executives ("AEs"), that have little to no experience in the mortgage lending industry. Ameriquest then trains and encourages its AEs to engage in any conduct necessary to close the greatest number of loans as quickly as possible and to maximize the total loan principal.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

108.     Under Ameriquet's [sic] loan closing system, the actual terms that may ultimately be available to a particular customer are not accessible by an AE until at or around the time of closing.  AE's are thus required to make promises to customers about loan terms that have no basis other than the AE's perception of what is necessary to keep the borrower on the sales hook until the loan is closed.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

109.     AEs across the country receive daily leads on new customers that are generated by software at Ameriquest's Orange, California, headquarters.  These leads target homeowners who are carrying both a mortgage and significant credit card and/or other consumer debt; persons who have mobile home mortgages; persons with less than perfect credit; and other financially-vulnerable persons.  These homeowners are solicited through repeated mailers, telephone calls, and/or personal visits by Ameriquest sales personnel, all inviting them to consolidate their debts or to obtain money for expenses, with false and misleading promises of more favorable loan terms and/or reduced monthly payments.  Ameriquest profits by obtaining high fees upfront and high interest rates in the interim, and often by selling its loan portfolios to other companies.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

110.     Ameriquest systematically trains its sales personnel through standardized sales presentations (videos) developed under the control of Ameriquest's corporate headquarters in Orange, California as well as by use of the movie "Boiler Room" which depicts unethical and illegal high-pressure sales practices by a securities brokerage firm.  These videos demonstrate

high-pressure mortgage sales, while failing to train employees on the legal requirements and regulations for mortgage lending.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

111.    Ameriquest also trains its sales personnel to routinely rush borrowers through the lengthy, complex documentation of the regulated closing process so as to divert the borrowers' attention from the documented terms of the loans. Moreover, Ameriquest trains its Account Executives to overcome objections raised by borrowers at closing by such tactics as threatening delay or cancellation of the closing, asserting that rates will increase, claiming that other lenders will foreclose or repossess property, offering immediate cash pending the closing of the loan, and by assuring borrowers that they can refinance with better terms after improving their credit score, without disclosing that they could be subject to the prepayment penalty, higher interest rates and other fees if they did so.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

112.    At all times relevant to this action, Ameriquest's uniform and fundamental business strategy with respect to the sale of home-secured loans has been to:

a.    uniformly hold out to all prospective customers, through the use of misleading promotions and material omissions regarding loan terms, that refinancing and/or consolidating their debts with Ameriquest will be beneficial and will save them money when in fact it will not;

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that**

- 38 -

**basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

b. employ aggressive, misleading, and unfair high-pressure sales tactics to obfuscate loan terms both prior to closing and at closing, if and when customers question loan terms, in order to force the customers to close the loan;

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

c. force borrowers into mortgage loan that include one or more of the following terms: (1) a high and/or mis-disclosed adjustable interest rate; (2) a "discount" fee that does not lower the interest rate (3) excessive closing fees; and/or (4) a prepayment penalty provision;

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

d. sell loans to these homeowners in amounts so high in relation to the value of their homes that the resulting debt-to-value ratio (coupled with prepayment penalties and other restrictions) effectively strips their homes of equity and prevents the borrowers from refinancing their loans with Ameriquest's competitors, often by inflating appraisal values or the borrowers' income or asset statements; and

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

- 39 -

e.      engage in "flipping," or aggressive solicitation of targeted borrowers, including existing Ameriquest customers, to refinance existing loans without significant benefit to the homeowner, thus generating additional debt, capitalizing previously charged points and fees, incorporating new and excessive costs and fees into the principal of the loan, and often increasing the borrower's interest rate.

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

113.    Because Ameriquest profits from the origination and "flipping" of loans, and the subsequent sale of those loans to investment bankers and others as assets for mortgage-based securities, Ameriquest has little concern for the actual risk that the loans might default or with the continued profitability of the loans after origination, except to the extent that Ameriquest can induce existing borrowers to borrow more.

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

114.    Ameriquest unfairly and deceptively holds out its mortgage loans as sound financial transactions that will save borrowers money.  Ameriquest fails to disclose prior to closing and/or intentionally obfuscates and/or conceals before and at closing the following:

a.      required TILA disclosures clearly and conspicuously, in a form that borrowers can understand, at or before the time the loan is consummated, in order to mislead consumers as to the true terms and costs of their loan transactions;

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

b.      the high and/or adjustable interest rates charged on its loans, as well as the

risks associated with adjustable rate mortgage ("ARM") loans;

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without
sufficient knowledge or information to form a belief as to the truth of the
allegations in this paragraph as to any party other than itself and on that
basis denies the same.  To the extent the allegations of this paragraph are
directed to Argent, Argent denies such allegations.**

c.      the high and deceptive "discount" fees and closing fees routinely added to

the loan principal;

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without
sufficient knowledge or information to form a belief as to the truth of the
allegations in this paragraph as to any party other than itself and on that
basis denies the same.  To the extent the allegations of this paragraph are
directed to Argent, Argent denies such allegations.**

d.      the fact that, under 15 U.S.C. § 1635(a), 12 C.F.R § 226.23(b)(1),

borrowers have the right to rescind certain transactions up to three days following the

consummation of the transaction or the delivery of the information and disclosures required by

statute;

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without
sufficient knowledge or information to form a belief as to the truth of the
allegations in this paragraph as to any party other than itself and on that
basis denies the same.  To the extent the allegations of this paragraph are
directed to Argent, Argent denies such allegations.**

e.      the existence of a prepayment penalty, and that such prepayment penalty

would make refinancing impossible and/or highly unfavorable for the borrower;

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without
sufficient knowledge or information to form a belief as to the truth of the
allegations in this paragraph as to any party other than itself and on that
basis denies the same.  To the extent the allegations of this paragraph are
directed to Argent, Argent denies such allegations.**

    f.  the fact that the borrowers would have to pay, in addition to monthly loan payments, the cost of homeowners' insurance and property taxes that other lenders include in monthly escrow payments, and instead implies or allows borrowers to believe that the monthly payment will include these costs; and

**ANSWER:**  **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

    g.  the fact that far from saving borrowers money (as Ameriquest systematically claims), the Ameriquest loans, increase the total amount of debt outstanding, exacerbate overall interest obligations, and place vulnerable borrowers at high risk of foreclosure.

**ANSWER:**  **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

  115.  In addition, Ameriquest routinely fails to provide required disclosures to borrowers prior to closing - including, but not limited to, the HUD-1 statement, Notice of Right to Cancel, a "good faith" Good Faith Estimate, settlement process information booklet and other disclosures required under TILA - ensuring that borrowers have no meaningful opportunity to review them or to learn the true terms and costs of their loan transactions.

**ANSWER:**  **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

  **E.**  **Ameriquest's Compensation System**

  116.  Ameriquest has designed its compensation system to reward its AEs for "upselling" customers' loans, providing incentives for AEs aggressively to increase the amounts

loaned to the maximum permitted by Ameriquest's underwriting goals, irrespective of the amounts requested by borrowers or supported by the actual value of the home. The effect of these "upsells" has been to "close the back door" on Ameriquest's customers by making loans that cannot be refinanced by Ameriquest's competitors.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

117. Ameriquest's compensation scheme also rewards AEs based on quantity of loans closed per month. The minimum monthly quotas have risen consistently over time, reaching levels that are significantly higher than the number of loans closed by sales personnel at other companies. Given that Ameriquest's AEs must reach the minimum quotas in order to be paid at any reasonable rate, and that the quotas are very high, Ameriquest's policy all but ensures that its AEs will, as trained by Ameriquest, systematically engage in unfair and deceptive tactics to meet company quotas, with company knowledge of this widespread practice.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent admits that it at times used a system partially based on commissions to compensate some of its employees but denies any wrongdoing arising therefrom and denies the balance of the allegations contained in this paragraph.**

## II. AMERIQUEST'S COMMON PATTERN AND PRACTICE OF UNFAIR, UNLAWFUL AND DECEPTIVE PRACTICES IN CONNECTION WITH MORTGAGE LOAN SERVICING

118. Ameriquest, in the servicing of residential loans originated by Ameriquest or others, mishandles borrowers' mortgage payments, unlawfully demands amounts that are not due under the threat of foreclosure, force-places insurance on properties it knows or should know to be insured, and fails to timely or properly credit payments received, resulting in late charges, delinquencies or default.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

119. Ameriquest fails to deliver timely payoff information to subsequent lenders and improperly accounts for monies held in escrow.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

120. Ameriquest routinely demands prepayment penalties in amounts that exceed the amount due under their loan agreements.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

121. Ameriquest routinely and systematically treats borrowers as if they are in default on their loans even though borrowers have timely and sufficiently tendered mortgage payments or have otherwise complied with mortgage requirements.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

122. Ameriquest has also routinely engaged in improper debt collection practices.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## CLAIMS OF NAMED PLAINTIFFS

123.     Ameriquest refinanced Plaintiffs George and Crisella Barber's mortgage loan on January 15, 2003.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Barbers with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

124.     Ameriquest refinanced Plaintiff Debra Holloway's mortgage loan on February 21, 2003.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Holloway with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

125.     Ameriquest refinanced Plaintiff Laurence Osten's mortgage loan on February 4, 2004.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Osten with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

126.     Ameriquest refinanced Plaintiff Barbara Ann Becker's mortgage loan on August 23, 2005.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Becker with appropriate documentation and/or disclosures, including but not limited to nondisclosures relating to kickback and referral fees.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

127.     Ameriquest refinanced Plaintiff Tonya Summer Brown's mortgage loan on April 22, 2004.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Brown with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

128.     Ameriquest refinanced Plaintiff Guadalupe Hernandez's mortgage loan on January 28, 2004.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Hernandez with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

129.     Argent Mortgage, LLC refinanced Plaintiff Kevin and Maria Cusanelli's mortgage loan on October 14, 2003.  Subsequently, the servicing of the loan was transferred to Ameriquest.  Ameriquest engaged in unlawful servicing and debt collection practices, including but not limited to repeated violations of the terms of the mortgage loan contract.

**ANSWER:     Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  Argent admits that it entered into a loan agreement with Kevin and Maria Cusanelli on October 14, 2003.  Argent denies the remaining allegations contained in this paragraph.**

130.     Ameriquest issued a high-cost home loan as defined under the Georgia Fair Lending Act ("GAFLA") in the name of Plaintiff Johnnie Ross in September, 2004.  In issuing such loan and charging fees and points which constitute a high-cost home loan, Ameriquest violated the requirements of GAFLA.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

131.     Ameriquest issued a high-cost home loan as defined under the Georgia Fair Lending Act ("GAFLA") in the name of Plaintiff Charles Meadows in March, 2005.  In issuing such loan and charging fees and points which constitute a high-cost home loan, Ameriquest violated the requirements of GAFLA.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

132.     Ameriquest issued a high-cost home loan as defined under the Georgia Fair Lending Act ("GAFLA") in the name of Plaintiffs Joseph and Nicole Riggins in March, 2005.  In

issuing such loan and charging fees and points which constitute a high-cost home loan, Ameriquest violated the requirements of GAFLA.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

133. Ameriquest refinanced Plaintiff Kerri Capasso's mortgage loan on August 3, 2005. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Capasso with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

134. Ameriquest refinanced Plaintiffs Raymond and Rebecca Carlson's mortgage loan on May 13, 2003. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Carlsons with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

135. Ameriquest refinanced Plaintiff Patrick Galvan's mortgage loan on December 9, 2003. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Galvan with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

136.     Ameriquest refinanced Plaintiffs Robert and Debra Peabody's mortgage loan on September 5, 2001 and April 28, 2003. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Peabodys with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

137.     Ameriquest refinanced Plaintiffs Craig and Michele D'Ambrogi's mortgage loan on May 6, 2004 and December 11, 2004. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the D'Ambrogis with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

138.     Ameriquest refinanced Plaintiff William and Kathryn Birkholz's mortgage loan on July 21, 1999. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Birkholzes with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

139.    The Dohertys closed on a mortgage written by Town & Country on December 24, 2002.  During and after this process, Town & Country made standard misrepresentations and/or failed to provide the Dohertys with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:    Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Town & Country in this paragraph and on that basis denies the same.**

140.    Ameriquest refinanced Plaintiff Mary Harless' mortgage loan on September 14, 2005.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Harless with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

141.    Ameriquest refinanced Plaintiffs James and Jennifer Jewell's mortgage loan on June 21, 2005.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Jewells with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that**

**basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

142.     Ameriquest refinanced Plaintiff Deborah Juillerat's mortgage loan on January 24, 2002. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Juillerat with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

143.     Ameriquest refinanced Plaintiff Karen M. Kahrer's mortgage loan on June 21, 2004. Upon information and belief, Kahrer alleges that the referral of Kahrer to Ameriquest by Sears at Sherman Acquisition was made in exchange for Ameriquest's promise to direct plaintiff, as a condition of loan approval, to pay the entire amount of the debt owed to Sears German acquisition, in violation of the Real Estate Procedures Act ("RESPA"), 12 U.S.C. § 2607 *et seq.*

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

144.     Ameriquest refinanced Plaintiffs Nona and Albert Knox's mortgage loan in or around 2002. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Knoxes with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

145.     Ameriquest refinanced Plaintiff Maria Torres's mortgage loan on December 21, 2002.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Torres with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

146.     Argent Mortgage Company refinanced Plaintiffs Heladio and Maria Arellanes' mortgage loan on January 15, 2003.  During and after this process, Argent made standard misrepresentations and/or failed to provide the Arellanes with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:     Argent admits that it entered into a loan agreement with Heladio and Maria Arellanes in January of 2003.  Argent denies the remaining allegations in this paragraph.**

147.     Ameriquest refinanced Plaintiff Richard A. Madrazo's mortgage loan on November 5, 2004.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Madrazo with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

148.     Ameriquest refinanced Plaintiff Yamal Montanez's mortgage loan on December 10, 2003.  During and after this process, Ameriquest made standard

misrepresentations and/or failed to provide Montanez with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:**     **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

149.    Ameriquest refinanced Plaintiffs Isabelle M. and David R. Murphy's mortgage loan on April 22, 2004. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Murphys with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:**     **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

150.    Ameriquest refinanced Plaintiff Lynn Gay's mortgage loan on March 14, 2003 and September 2, 2003. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Gay with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:**     **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

151.    Argent Mortgage Company refinanced Plaintiffs David M. and Janet Wakefield's mortgage loan on January 15, 2004 and April 2, 2004. During and after this process, Argent

made standard misrepresentations and/or failed to provide the Wakefields with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER: Denied.**

152. Ameriquest refinanced Plaintiffs Frank and Martha White's mortgage loan on May 23, 2003 and December 19, 2003. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Whites with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

153. Ameriquest refinanced Plaintiff Harriet Holder's mortgage loans on November 24, 2003 and May 12, 2004. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Holder with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

154. Ameriquest serviced the mortgage loans of Plaintiffs Pegi Saunders, Matthew and Tracey Lloyd, Dorothy Stevens, and Aris and Ricardo Gay. Ameriquest serviced each of these loans in an unlawful manner and/or in violation of the loan agreements. For example, and not by way of limitation, Ameriquest assessed each of these plaintiffs with late charges when payments

were timely, in violation of loan agreements. Ameriquest also engaged in abusive debt collection practices.

> **ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

155. Ameriquest refinanced Plaintiff Steven H. Ungar's mortgage loan on May 24, 2005. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Gay with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

> **ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

156. Ameriquest refinanced Plaintiff Cheryl Williams' mortgage loan on May 20, 2003. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Williams with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

> **ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

157. Ameriquest refinanced Plaintiff Duval Naughton's mortgage loan on September 14, 2004. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Naughton with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

158.    Ameriquest refinanced Plaintiffs Latonya and Dwayne Williams' mortgage loan on January 15, 2004.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Williams with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

159.    Ameriquest refinanced Plaintiffs William and Daisybel Tolbert's mortgage loan on January 7, 2004.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Tolberts with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

160.    Ameriquest refinanced Plaintiffs Timothy and Francis Adamowicz's mortgage loan on December 22, 2003.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Adamowiczs with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

161.     Ameriquest refinanced Plaintiff Christopher Bourassa's mortgage loan on October 15, 2004. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Mr. Bourassa with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

162.     Ameriquest refinanced Plaintiff Venitra Brown's mortgage loan on August 9, 2002 and October 24, 2003. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Ms. Brown with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

163.     Ameriquest refinanced Plaintiffs Edrick and Debra Centeno's mortgage loan on September 23, 2004. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Centenos with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

164. Ameriquest refinanced Plaintiff Vaughn DeBold's mortgage loan on November 24, 2004. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Mr. DeBold with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

165. Town and Country refinanced Plaintiffs Gregory and Marcell DeMeo's mortgage loan on August 24, 2005. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the DeMeos with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any other party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

166. Ameriquest refinanced Plaintiff James Devlin's mortgage loan on February 17, 2004. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Mr. Devlin with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the**

**allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

167. Ameriquest refinanced Plaintiffs Timothy and Cynthia Dion's mortgage loan on January 9, 2004. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Dions with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

168. Ameriquest refinanced Plaintiff Karen Dudeck's mortgage loan on two occasions: February 12, 2004 and November 12, 2002. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Ms. Dudeck with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

169. Ameriquest refinanced Plaintiff Christopher Gabrielli's mortgage loan on November 17, 2003, June 23, 2004 and May 12, 2005. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Mr. Gabrielli with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the**

**allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

170. Ameriquest refinanced Plaintiff Patricia Masson's mortgage loan on April 23, 2005. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Ms. Masson with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

171. Ameriquest refinanced Plaintiffs John and Kathleen O'Callaghan's mortgage loan on October 12, 2004. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the O'Callaghans with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

172. Ameriquest refinanced Plaintiff Glen Powell's mortgage loans on two occasions: May 13, 2003 and October 9, 2003 respectively. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Mr. Powell with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that**

**basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

173. Ameriquest refinanced Plaintiff Michele Powell's three mortgage loans on October 18, 2003, December 4, 2002 and July 17 2002, respectively. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Ms. Powell with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

174. Ameriquest refinanced Plaintiff Michael Russo's mortgage loan on December 27, 2004. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Mr. Russo with appropriate documentation and/or disclosures. As a result the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

175. Ameriquest refinanced Plaintiff Kenneth Sawyer's mortgage loan on June 9, 2003. During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Mr. Sawyer with appropriate documentation and/or disclosures. As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest fees and penalties.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

176.    Ameriquest refinanced Plaintiffs Frank and Linda Shea's mortgage loan on July 7, 2004.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide the Sheas with appropriate documentation and/or disclosures.  As a result the costs of the mortgage included excessive, undisclosed, and/or illegal interest fees and penalties.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

177.    Ameriquest refinanced Plaintiffs Scott Ventola's and Steven Bourassa's mortgage loan on September 23, 2005.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Mr. Ventola and/or Mr. Bourassa with appropriate documentation and/or disclosures.  As a result the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

178.    Ameriquest refinanced Plaintiff Joshua Wilgoren's mortgage loan on September 8, 2005.  During and after this process, Ameriquest made standard misrepresentations and/or failed to provide Mr. Wilgoren with appropriate documentation and/or disclosures.  As a result, the costs of the mortgage included excessive, undisclosed, and/or illegal interest, fees and penalties.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## CLASS ACTION ALLEGATIONS

### I.     LOAN ORIGINATION CLASS

179.    Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on their own behalf and on the behalf of all other members of the classes described below.

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

180.    Plaintiffs seek certification of a nationwide class of individuals (excluding Defendants; the parents, subsidiaries and affiliates, officers and directors of Defendants or any entity in which Defendants have a controlling interest; and the legal representatives, successors, or assigns of any such excluded persons) who presently own, or during the Class Period owned, property (including mobile homes) in the United States, and who entered into a mortgage loan transaction relating to such property with Ameriquest or its predecessors, at any time between July 1, 1999, and the present (the "Origination Class").

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

181.    Also excluded from the Origination Class are individuals who released claims in the Judicial Council Coordination Proceeding No. 4162, to the extent such individuals' released claims are covered by the Origination Class (Superior Court of the State of California, San Mateo County).

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

182.     The Representative Plaintiffs of the Origination Class are referred to herein as the "Origination Plaintiffs."

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

183.     The members of the Origination Class are so numerous and geographically dispersed across the country that joinder of all members is impracticable.  While the exact number of Class members is unknown to the Origination Plaintiffs at this time, Plaintiffs believe that there are hundreds of thousands of Origination Class members.  Detailed information on the Class can be ascertained through appropriate discovery and from records maintained by Ameriquest.

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

184.     The Origination Plaintiffs' claims are typical of the claims of the members of the Origination Class, as the Origination Plaintiffs and all other members of the Origination Class sustained damages arising out of the same wrongful conduct by Ameriquest.  The Origination Plaintiffs will fairly and adequately represent and protect the interests of the members of the Origination Class and have retained counsel competent and experienced in class action and consumer litigation.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action.  Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

185.    Common questions of law and fact exist as to all members of the Origination Class and predominate over any questions affecting solely individual Origination members. Among these common questions of law and fact common are:

a.    Whether Ameriquest systematically failed to provide the disclosures required by law, including TILA disclosures, clearly and conspicuously, in writing and in a form that Class Members can keep and/or understand;

b.    Whether Ameriquest charged borrowers an improper discount fee or charge;

c.    Whether Ameriquest has been or are engaged in a "bait and switch" scheme, in which Origination Class Members have been lured in with promises of a particular set of loan terms, and are then given different and far less beneficial terms;

d.    Whether documents, contracts, and practices relating to the transactions between members of the Origination Class and Ameriquest were unfair, unconscionable, deceptive, untrue, misleading, or omitted material facts and disclosures; e. Whether Ameriquest misrepresented, concealed, and/or failed to disclose loan terms;

f.    Whether Ameriquest misled the Origination Plaintiffs and the Origination Class in connection with marketing, solicitation, sale, operation, and administration of the mortgage loans; and

g.    Whether the Origination Plaintiffs and the Origination Class are entitled to the imposition of a constructive trust or other equitable or injunctive relief as a result of, among other things, Ameriquest's unjust enrichment.

h.    Whether Ameriquest has been or is engaged in unfair and unlawful business practices, and whether the alleged conduct violated the California Business and Professions Code and the California Consumer Legal Remedies Act;

i.    Whether the law of the State of California can apply to all Origination Class Members;

- 65 -

   j. Whether declaratory relief giving Origination Class Members the right to rescind their mortgage loans should be issued;

   k. Whether Origination Plaintiffs and the Origination Class are entitled to damages and the appropriate measure of such damages; and

   l. Whether Origination Plaintiffs and the Origination Class are entitled to punitive damages.

**ANSWER:** **This paragraph states a legal conclusion that Argent is not required to admit or deny. To the extent an answer is required, Argent denies that this action may be maintained as a class action and denies the allegations of this paragraph.**

   186. A class action is superior to other available methods for the fair and efficient adjudication of Ameriquest's uniform unlawful practices because joinder of all members is impracticable. Prosecution of separate actions by individual Origination Class members would create an inherent risk of inconsistent and varying adjudications, with the concomitant risk of the establishment of incompatible and conflicting standards of conduct for Ameriquest. In addition, due to the vastly unequal market power between the parties, and the fact that many Origination Class members are in ongoing commercial relationships with Ameriquest, a Class action may be the only way, as a practical matter, that the cases will be prosecuted. The Origination Plaintiffs foresee no significant difficulties in managing this action as a class action.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action. Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

   187. The Origination Plaintiffs also seek claims on behalf of two single-state state law subclass: a class of Florida residents, who assert claims under the Florida Mortgage Lending Act, as set forth below; and a class of Georgia residents, who assert claims under GAFLA, as set forth below. The subclasses repeat and reallege the paragraphs above, and allege that addition

common questions include, respectively, whether Ameriquest violated the Florida Mortgage

Lending Act and GAFLA.

> **ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action. Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations. Argent repeats and realleges its answers to the paragraphs above and denies that common questions exist.**

**II.** **LOAN ORIGINATION SUBCLASSES: TILA SUBCLASS; DISCOUNT POINTS SUBCLASS; BAIT AND SWITCH SUBCLASS; AND RESPA ILLEGAL REFERRAL SUBCLASS**

> **A.** **TILA Subclass**

188.    Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a),

(b)(2) and (b)(3) on their own behalf and on the behalf of all other members of the subclass

described below.

> **ANSWER:** **Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations**

189.    Plaintiffs seek certification of a nationwide subclass of individuals (excluding

Defendants; the parents, subsidiaries and affiliates, officers and directors of Defendants or any

entity in which Defendants have a controlling interest; and the legal representatives, successors,

or assigns of any such excluded persons) who (a) presently own, or during the Class Period

owned, property (including mobile homes) in the United States and (b) who entered into a

mortgage loan transaction relating to such property with Ameriquest or its predecessors at any

time on or after July 1, 2004 or, for residents in Massachusetts, on or after November 5, 2000

(the "TILA Subclass").

> **ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action. Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the**

**same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

190. Also excluded from the TILA Subclass are individuals who released claims in the Judicial Council Coordination Proceeding No. 4162 (Superior Court of the State of California, San Mateo County).

**ANSWER: Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

191. For purposes of any claims related to the right of rescission under 15 U.S.C. § 1635, the TILA Subclass includes any individual whose rights have not terminated pursuant to 15 U.S.C. § 1635(f) and individuals whose rights were expressly preserved by the Stipulation for Standstill entered by the Court on February 21, 2006. This inclusion applies regardless of the origination date of the transaction.

**ANSWER: Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

192. The Representative Plaintiffs of the TILA Subclass are referred to herein as the "TILA Plaintiffs."

**ANSWER: Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

193. The members of the TILA Subclass are so numerous and geographically dispersed across the country that joinder of all members is impracticable. While the exact number of Subclass members is unknown to the Plaintiffs at this time, Plaintiffs believe that there are at least thousands of TILA Subclass members. Detailed information on the Subclass can be ascertained through appropriate discovery and from records maintained by Ameriquest.

**ANSWER:** **Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

194. The TILA Plaintiffs' claims are typical of the claims of the members of the TILA Subclass, as the TILA Plaintiffs and all other members of the TILA Subclass entered into transactions that were subject to the TILA-provided right to cancel and were injured based on Ameriquest's conduct.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action. Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

195. The TILA Plaintiffs will fairly and adequately represent and protect the interests of the members of the TILA Subclass and have retained counsel competent and experienced in class action and consumer litigation.

**ANSWER:** **Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

196. Common questions of law and fact exist as to all members of the TILA Subclass and predominate over any questions affecting solely individual members of the Subclass. Among these common questions of law and fact common are:

a. Whether Ameriquest is a creditor within the meaning of TILA and whether the transactions between TILA Subclass members and Ameriquest were "consumer credit "transactions as defined by TILA and Regulation Z, 15 U.S.C. § 1602(h) and 12 C.F.R. § 226.2(a)(12) and(17).

b. Whether the transactions between TILA Subclass members and Ameriquest were "closed end" credit transactions;

      c.     Whether Ameriquest had a common practice of failing to provide required disclosures under TILA;

      d.     Whether Ameriquest had a common practice of providing deficient disclosures under TILA;

      e.     Whether the TILA Plaintiffs and Subclass members are entitled to a declaration that they have the right to rescind their transactions; and

      f.     Whether the TILA Plaintiffs and Subclass members are entitled to statutory damages.

**ANSWER:    This paragraph states a legal conclusion that Argent is not required to admit or deny. To the extent an answer is required, Argent denies that this action may be maintained as a class action and denies the allegations of this paragraph.**

197.    A class action is superior to other available methods for the fair and efficient adjudication of Ameriquest's uniform unlawful practices because joinder of all members is impracticable. Prosecution of separate actions by individual TILA Subclass members would create an inherent risk of inconsistent and varying adjudications, with the concomitant risk of the establishment of incompatible and conflicting standards of conduct for Ameriquest. In addition, due to the vastly unequal market power between the parties, and the fact that many TILA Subclass members are in ongoing commercial relationships with Ameriquest, a Class action may be the only way, as a practical matter, that the cases will be prosecuted. The TILA Plaintiffs foresee no significant difficulties in managing this action as a class action.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action. Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

B.   **Discount Points Subclass**

198.    Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on their own behalf and on the behalf of all other members of the subclass described below.

**ANSWER:    Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

199.    Plaintiffs seek certification of a nationwide subclass of individuals (excluding Defendants; the parents, subsidiaries and affiliates, officers and directors of Defendants or any entity in which Defendants have a controlling interest; and the legal representatives, successors, or assigns of any such excluded persons) who (a) presently own, or during the Class Period owned, property (including mobile homes) in the United States, (b) who entered into a mortgage loan transaction relating to such property with Ameriquest or its predecessors at any time between July 1, 1999 and the present, and (c) who paid a charge for "discount points" or "discount fees" (the "Discount Points Subclass").

**ANSWER:    Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

200.    Also excluded from the Discount Points Subclass are individuals who released claims in the Judicial Council Coordination Proceeding No. 4162 (Superior Court of the State of California, San Mateo County).

**ANSWER:    Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

201.    The Representative Plaintiffs of the Discount Points Subclass are referred to herein as the "Discount Points Plaintiffs."

**ANSWER:** **Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

202. The members of the Discount Points Subclass are so numerous and geographically dispersed across the country that joinder of all members is impracticable. While the exact number of Subclass members is unknown to the Plaintiffs at this time, Plaintiffs believe that there are at least thousands of Discount Points Subclass members. Detailed information on the Subclass can be ascertained through appropriate discovery and from records maintained by Ameriquest.

**ANSWER:** **Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

203. The Discount Points Plaintiffs' claims are typical of the claims of the members of the Discount Points Subclass, as the Discount Points Plaintiffs and all other members of the Discount Points Subclass paid discount fees or charges and sustained damages arising out of the same wrongful conduct by Ameriquest.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action. Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

204. The Discount Points Plaintiffs will fairly and adequately represent and protect the interests of the members of the Discount Points Subclass and have retained counsel competent and experienced in class action and consumer litigation.

**ANSWER:** **Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

205. Common questions of law and fact exist as to all members of the Discount Points Subclass and predominate over any questions affecting solely individual members of the Subclass. Among these common questions of law and fact common are:

a. Whether borrowers paid discount fees or charges;

b. Whether Ameriquest disclosed the loan discount associated with payment of the fee;

c. Whether Ameriquest had a common policy and practice of promising borrowers that they would receive consideration in exchange for the payment of these discounts fees;

d. Whether Ameriquest had a common practice of depriving borrowers of consideration in exchange for the payment of discount fees;

e. Whether Ameriquest failed to offer borrowers an alternative loan without the loan discount fees for the purpose of allowing borrowers to decide whether the loan discount was acceptable;

f. Whether Ameriquest has breached contracts with borrowers by charging discount points;

g. Whether Ameriquest has been unjustly enriched;

h. Whether Ameriquest has violated state laws; and

i. The proper measure of damages and other relief for the Discount Points Subclass.

**ANSWER: This paragraph states a legal conclusion that Argent is not required to admit or deny. To the extent an answer is required, Argent denies that this action may be maintained as a class action and denies the allegations of this paragraph.**

206. A class action is superior to other available methods for the fair and efficient adjudication of Ameriquest's uniform unlawful practices because joinder of all members is impracticable. Prosecution of separate actions by individual Discount Points Subclass members would create an inherent risk of inconsistent and varying adjudications, with the concomitant risk

of the establishment of incompatible and conflicting standards of conduct for Ameriquest.  In addition, due to the vastly unequal market power between the parties, and the fact that many Discount Points Subclass members are in ongoing commercial relationships with Ameriquest, a Class action may be the only way, as a practical matter, that the cases will be prosecuted.  The Discount Points Plaintiffs foresee no significant difficulties in managing this action as a class action.

**ANSWER:**  **Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action.  Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

### C. <u>The Bait and Switch Subclass</u>

207.    Plaintiffs bring this action as a class action pursuant to Fed. R Civ. P. 23(a), (b)(2) and (b)(3) on their own behalf and on the behalf of all other members of the subclass described below.

**ANSWER:**  **Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

208.    Plaintiffs seek certification of a nationwide subclass of individuals (excluding Defendants; the parents, subsidiaries and affiliates, officers and directors of Defendants or any entity in which Defendants have a controlling interest; and the legal representatives, successors, or assigns of any such excluded persons) who (a) presently own, or during the Class Period owned, property (including mobile homes) in the United States, (b) who entered into a mortgage loan transaction relating to such property with Ameriquest or its predecessors at any time between July l, 1999 and the present, and (c) who were offered one set of loan terms during the loan marketing process but received different loan terms at closing (the "Bait and Switch Subclass").

- 74 -

**ANSWER:** **Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

209. Also excluded from the Bait and Switch Points Subclass are individuals who released claims in the Judicial Council Coordination Proceeding No. 4162 (Superior Court of the State of California, San Mateo County).

**ANSWER:** **Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

210. The Representative Plaintiffs of the Bait and Switch Subclass are referred to herein as the "Bait and Switch Plaintiffs."

**ANSWER:** **Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

211. The members of the Bait and Switch Subclass are so numerous and geographically dispersed across the country that joinder of all members is impracticable. While the exact number of Subclass members is unknown to the Plaintiffs at this time, Plaintiffs believe that there are at least thousands of Bait and Switch Subclass members. Detailed information on the Subclass can be ascertained through appropriate discovery and from records maintained by Ameriquest.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action. Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

212. The Bait and Switch Plaintiffs' claims are typical of the claims of the members of the Bait and Switch Subclass, as the Bait and Switch Plaintiffs and all other members of the Bait

and Switch Subclass were offered a different interest rate at closing than in earlier disclosures and sustained damages arising out of the same wrongful conduct by Ameriquest.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action. Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

213. The Bait and Switch Plaintiffs will fairly and adequately represent and protect the interests of the members of the Bait and Switch Subclass and have retained counsel competent and experienced in class action and consumer litigation.

**ANSWER:** **Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

214. Common questions of law and fact exist as to all members of the Bait and Switch Subclass and predominate over any questions affecting solely individual members of the Subclass. Among these common questions of law and fact common are:

a. Whether borrowers were offered different interest rates before closing as during closing;

b. Whether Ameriquest intended to switched mortgage loan terms at closings;

c. Whether Ameriquest failed to provide Notices of Adverse Actions when it engaged in its bait-and-switch scheme;

d. Whether Ameriquest has violated ECOA;

e. Whether Ameriquest has violated the FCRA;

f. Whether Ameriquest has breached its contracts with borrowers;

g. Whether the bait-and-switch scheme violates state laws;

h.    The proper measure of damages and other relief for the Bait and Switch Subclass.

**ANSWER:    This paragraph states a legal conclusion that Argent is not required to admit or deny. To the extent an answer is required, Argent denies that this action may be maintained as a class action and denies the allegations of this paragraph.**

215.    A class action is superior to other available methods for the fair and efficient adjudication of Ameriquest's uniform unlawful practices because joinder of all members is impracticable. Prosecution of separate actions by individual Bait and Switch Subclass members would create an inherent risk of inconsistent and varying adjudications, with the concomitant risk of the establishment of incompatible and conflicting standards of conduct for Ameriquest. In addition, due to the vastly unequal market power between the parties, and the fact that many Bait and Switch Subclass members are in ongoing commercial relationships with Ameriquest, a Class action may be the only way, as a practical matter, that the cases will be prosecuted. The Bait and Switch Plaintiffs foresee no significant difficulties in managing this action as a class action.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action. Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

**D.    RESPA Illegal Referral Subclass**

216.    Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on their own behalf and on the behalf of all other members of the subclass described below.

**ANSWER:    Argent denies that this action may be maintained as a class action. As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

217.     Plaintiffs seek certification of a nationwide subclass of individuals (excluding Defendants; the parents, subsidiaries and affiliates, officers and directors of Defendants or any entity in which Defendants have a controlling interest; and the legal representatives, successors, or assigns of any such excluded persons) who (a) presently own, or during the Class Period owned, property (including mobile homes) in the United States, (b) who entered into a mortgage loan transaction relating to such property with Ameriquest or its predecessors at any time between March 23, 2004 and the present, and (c) who paid settlement, appraisal, and/or closing related fees that Ameriquest shared with other entities (the "RESPA Illegal Referral Subclass" or "RESPA Subclass").

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

218.     The Representative Plaintiffs of the RESPA Subclass, namely, Michele and Craig D'Ambrogi, Barbara Ann Becker, Kathryn and William Birkholz, Aris and Ricardo Gay, Karen M. Kaher, Matthew and Tracey Lloyd, Pegi Saunders, and Dorothy Stevens, are referred to herein as the "RESPA Plaintiffs."

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

219.     The members of the RESPA Subclass are so numerous and geographically dispersed across the country that joinder of all members is impracticable.  While the exact number of Subclass members is unknown to the RESPA Plaintiffs at this time, Plaintiffs believe that there are at least thousands of RESPA Subclass members.  Detailed information on the Subclass can be ascertained through appropriate discovery and from records maintained by Ameriquest.

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or**

**information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

220.     The RESPA Plaintiffs' claims are typical of the claims of the members of the RESPA Subclass, as the RESPA Plaintiffs and all other members of the RESPA Subclass sustained damages arising out of the same wrongful conduct by Ameriquest and the entities to which it provided or from which it received illegal fees, referrals, or kickbacks.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action.  Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

221.     The RESPA Plaintiffs will fairly and adequately represent and protect the interests of the members of the RESPA Subclass and have retained counsel competent and experienced in class action and consumer litigation.

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

222.     Common questions of law and fact exist as to all members of the RESPA Subclass and predominate over any questions affecting solely individual members of the Subclass.  Among these common questions of law and fact common are:

          a.     Whether referrals from creditors to Ameriquest of the identity of the creditors' debtors in exchange for Ameriquest's requiring such debtors to repay their debts is a "thing of value" within the meaning of RESPA;

          b.     Whether Ameriquest had a common practice of making contracts or agreements with third parties to charge for settlement or closing services that were not in fact performed; and

c.      Whether the RESPA Plaintiffs and the RESPA Subclass are entitled to treble damages.

**ANSWER:      This paragraph states a legal conclusion that Argent is not required to admit or deny.  To the extent an answer is required, Argent denies that this action may be maintained as a class action and denies the allegations of this paragraph.**

223.      A class action is superior to other available methods for the fair and efficient adjudication of Ameriquest's uniform unlawful practices because joinder of all members is impracticable.  Prosecution of separate actions by individual RESPA Subclass members would create an inherent risk of inconsistent and varying adjudications, with the concomitant risk of the establishment of incompatible and conflicting standards of conduct for Ameriquest.  In addition, due to the vastly unequal market power between the parties, and the fact that many RESPA Subclass members are in ongoing commercial relationships with Ameriquest, a Class action may be the only way, as a practical matter, that the cases will he prosecuted.  The RESPA Plaintiffs foresee no significant difficulties in managing this action as a class action.

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action.  Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## III.      LOAN SERVICING CLASS

224.      Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on their own behalf and on the behalf of all other members of the class described below.

**ANSWER:      Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

225.     Plaintiffs seek certification of a nationwide class of individuals who have had residential loans serviced by Ameriquest at any time between July 1, 1999, and the present (the "Servicing Class").

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

226.     Excluded from the Servicing Class are Defendants; the parents, subsidiaries and affiliates, officers and directors of Defendants or any entity in which Defendants have a controlling interest; and the legal representatives, successors, or assigns of any such excluded persons.

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

227.     The Representative Plaintiffs of the Servicing Class, namely, Kevin and Maria Cusanelli, Aris and Ricardo Gay, Matthew and Tracey Lloyd, Pegi Saunders, and Dorothy Stevens, are referred to herein as the "Servicing Plaintiffs."

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

228.     The members of the Servicing Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to the Servicing Plaintiffs at this time, Plaintiffs believe that there are tens of thousands of Servicing Class members.  Detailed information on the Class can be ascertained through appropriate discovery and from records maintained by Ameriquest.

**ANSWER:     Argent denies that this action may be maintained as a class action.  As to the remaining allegations of this paragraph, Argent lacks sufficient knowledge or**

**information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.**

229. The Servicing Plaintiffs' claims are typical of the claims of the members of the Servicing Class, as the Servicing Plaintiffs and all other members of the Servicing Class sustained damages arising out of the same wrongful conduct by Ameriquest. The Servicing Plaintiffs will fairly and adequately represent and protect the interests of the members of the Servicing Class and have retained counsel competent and experienced in class action and consumer litigation.

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action. Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

230. A class action is superior to other available methods for the fair and efficient adjudication of Ameriquest's uniform unlawful practices because joinder of all members is impracticable. Prosecution of separate actions by individual Servicing Class members would create an inherent risk of inconsistent and varying adjudications, with the concomitant risk of the establishment of incompatible and conflicting standards of conduct for Ameriquest. In addition, due to the vastly unequal market power between the parties, and the fact that many Servicing Class members are in ongoing commercial relationships with Ameriquest, a Class action may be the only way, as a practical matter, that the cases will be prosecuted. The Servicing Plaintiffs foresee no significant difficulties in managing this action as a class action.

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") denies that this action may be maintained as a class action. Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

- 82 -

231.    Common questions of law and fact exist as to all members of the Servicing Class and predominate over any questions affecting solely individual Servicing members.  Among these common questions of law and fact common are:

a.    Whether the Defendants have engaged in a common course of deceptive, misleading, or unfair conduct, including the acts and practices identified herein in the servicing of loans collateralized by real property and in collecting alleged debts in connection with these loans;

b.    Whether Ameriquest has engaged in a uniform practice of assessing improper late fees;

c.    Whether Ameriquest has improperly and illegally charged customers for force-placed insurance products;

d.    Whether Ameriquest engaged in unlawful collection practices and/or has unfairly initiated collections proceedings;

e.    Whether Ameriquest has systematically misapplied customer payments;

f.    Whether Ameriquest has breached contracts with customers;

g.    Whether Ameriquest has been unjustly enriched;

h.    Whether Servicing Plaintiffs and Servicing Class members are entitled to the injunctive and equitable relief requested herein; and

i.    Whether Servicing Plaintiffs and Servicing Class members have sustained damages, and the proper measure of damages.

**ANSWER:    This paragraph states a legal conclusion that Argent is not required to admit or deny.  To the extent an answer is required, Argent denies that this action may be maintained as a class action and denies the allegations of this paragraph.**

**TOLLING OF STATUTES OF LIMITATIONS
BY FRAUDULENT CONCEALMENT**

232.    Any applicable statutes of limitations have been tolled by the Defendants' continuing, knowing, and active concealment of the facts alleged herein, including but not

limited to Defendants' practices of concealing that they would not, despite promises, refinance loans. Despite exercising reasonable diligence, Plaintiffs and members of the Class could not have discovered, did not discover, and were prevented from discovering, the wrongdoing complained of herein.

**ANSWER: This paragraph states a legal conclusion that Argent is not required to admit or deny. To the extent an answer is required, Argent denies any liability to Plaintiffs and denies that any tolling of any statutes of limitation is proper, either on a classwide or individual basis.**

233. In the alternative, the Defendants should be estopped from relying on any statutes of limitations. The Defendants have been under a continuing duty to disclose the true character, nature, and quality of their loan origination and servicing practices. The Defendants owed Plaintiffs and other members of the Class an affirmative duty of full and fair disclosure, but knowingly failed to honor and discharge such duty.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601)**
**(By the TILA Plaintiffs on Behalf of Themselves**
**and the TILA Subclass as Against Ameriquest)**

234. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER: Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

235. Ameriquest is a creditor within the meaning of the TILA and Regulation Z, 15 U.S.C. § 1602(f) and 12 C.F.R. § 226.2(a)(17).

**ANSWER:** **This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny.**

236. Each of the transactions between the TILA Plaintiffs and the TILA Subclass and Ameriquest is a "consumer credit" transaction as defined in the TILA and Regulation Z. 15 U.S.C. § 1602(h) and 12 C.F.R. § 226.2(a)(12).

**ANSWER:** **This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny. To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

237. Each of the transactions between the TILA Plaintiffs and the TILA Subclass and Ameriquest is a "closed end" credit transaction, as that term is defined in 12 C.F.R. § 226.2(10), and is subject to the requirements for such transactions set forth in 15 U.S.C. § 1638 and 12 C.F.R § 226.17 through 226.34.

**ANSWER:** **This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny. To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

238. Because each of the transactions between the TILA Plaintiffs and the TILA Subclass and Ameriquest was secured by the Plaintiffs' homes, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R.§ 226.23.

**ANSWER:** **This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny. To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the**

**allegations of this paragraph are directed to Argent, Argent denies such allegations.**

239.     In connection with each of Plaintiffs' loan transactions, Ameriquest failed to provide statutorily mandated material disclosures pursuant to 15 U.S.C. §§ 1635, 1638 and 12 C.F.R §§ 226.18, 226.23.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

240.     The disclosures were and are deficient for one or more of the following reasons:

a.     The Notice of Right to Cancel form not include the date the rescission period expires as required by 12 C.F.R. § 226.23(b)(1)(v); and/or

b.     The Notice of Right to Cancel form, in violation of 12 C.F.R. § 226.23(b)(2), was a general model rescission form promulgated by the Federal Reserve Board [H-8], even though the transactions required the use of form [H-9];

c.     The Notice of Right to Cancel form was contradicted by a "One Week Cancellation" form such that the actual expiration period for the right to cancel was not clearly and conspicuously disclosed; and/or

d.     The Truth in Lending disclosure form did not include the word "monthly" in the description of the timing of the scheduled payments in violation of 15 U.S.C. § 1638(a)(6);

e.     The disclosures were not clear and conspicuous because they were contradicted by other information provided at the time of the borrowers' loan transactions including, without limitation, information about non-refundable finance charges; and/or

f.     The disclosures were not provided until after the loan was consummated.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

241.    By providing incorrect Notices of Right to Cancel, Ameriquest misinformed the TILA Plaintiffs and the TILA Subclass about the effects of rescission and/or the deadline for exercising the right to cancel.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

242.    Failure to provide the required disclosures enlarges the rescission period up to three years from the date of the loan transaction.  15 U.S.C. § 1635(a), (f); 12 C.F.R. § 226.23(a)(3).  In Massachusetts, failure to provide the required disclosures enlarges the rescission period up to four years from the date of the loan transaction.  M.G.L. c. 140D § 10(a), (f), 209 C.M.R. § 32,23(1)(c).

**ANSWER:    This paragraph states a legal conclusion that Argent is not required to admit or deny.  To the extent an answer is required, Argent denies any liability to Plaintiffs.**

243.    The TILA Plaintiffs and the members of the TILA Subclass are entitled to a declaration that they have the right to rescind their transactions and, if they choose to rescind, they are entitled to cancellation of finance charges in connection with their transaction and to a determination that Ameriquest's property interests in that borrower's real estate is void pursuant to 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d).

**ANSWER:    This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny.  To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

244.    The TILA Plaintiffs and the TILA Subclass are entitled to damages, costs and attorney's fees pursuant to 15 U.S.C. § 1640(a)(2).

**ANSWER:**    **Denied.**

## SECOND CAUSE OF ACTION

**(Violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(b))**
**(By the Bait and Switch Plaintiffs on Behalf of Themselves**
**and the Bait and Switch Subclass as Against Ameriquest)**

245.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:**    **Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

246.    Ameriquest is a creditor within the meaning of 15 U.S.C. § 1691a(e).

**ANSWER:**    **This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny.**

247.    The Bait and Switch Plaintiffs and Subclass were applicants within the meaning of 15 U.S.C. § 169la(b).

**ANSWER:**    **This paragraph states a legal conclusion that Argent is not required to admit or deny.  To the extent an answer is required, Argent denies any liability to Plaintiffs.**

248.    Ameriquest violated 15 U.S.C. § 1691(d) as to Bait and Switch Plaintiffs and the Bait and Switch Subclass in that it did not provide them with the notice of adverse action as required by the provision when Ameriquest refused to grant credit to the Bait and Switch Plaintiffs and the Bait and Switch Subclass on the terms requested, but pursuant to its bait and switch tactics, provided substantially different terms.

**ANSWER:**    **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

249.    As a result of Ameriquest's conduct, Bait and Switch Plaintiffs and the Bait and Switch Class have suffered actual damages, and are entitled to recover such actual damages as well as punitive damages, equitable and declaratory relief, costs and attorney fees.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

### THIRD CAUSE OF ACTION

**(Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(m))**
**(By the Bait and Switch Plaintiffs on Behalf of Themselves**
**and the Bait and Switch Subclass as Against Ameriquest)**

250.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:    Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

251.    Ameriquest is a user of consumer reports from consumer reporting agencies, in connection with the extension of credit to consumers, for purposes of 15 U.S.C. § 1681a.

**ANSWER:    This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny.**

252.    Ameriquest's failure to provide credit on the terms in initially promised to the Bait and Switch Plaintiffs and the Bait and Switch Subclass, and to instead offer credit at less favorable more costly terms, constituted an adverse action, pursuant to 15 U.S.C. § 1681a(k).

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

253.    The adverse action taken by Ameriquest was based wholly or partly on information contained in a consumer report, or alternatively was based on information obtained

from a person other than a consumer reporting agency, bearing upon the credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of the Bait and Switch Plaintiffs and the Bait and Switch Subclass members.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

254. Ameriquest failed to provide notices of adverse action to each of the Bait and Switch Plaintiffs and the Bait and Switch Subclass members as required by 15 U.S.C. § 1681 m(a).

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

255. In the alternative, Ameriquest violated the FCRA by failing to provide adverse action notices which provided an accurate or meaningful description of the basis for such adverse taken, or which otherwise fail to comply with FCRA.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

256. Ameriquest's failure to comply with 15 U.S.C. § 1681m(a) was willful or, in the alternative, was negligent.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

257.     The Bait and Switch Plaintiffs and the Bait and Switch Subclass members suffered damages as a result of Ameriquest's failure.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## FOURTH CAUSE OF ACTION

**(Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601)
(By the RESPA Plaintiffs on Behalf of themselves and the RESPA
Illegal Referral Subclass as Against Ameriquest) (By Barbara Ann Becker
as Against Defendant JM Closing Services Inc. and Jonathan Means)**

258.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:     Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

259.     The RESPA Plaintiffs and the members of the RESPA Illegal Referral Class were subject to one or more of the following practices:   (a)  Ameriquest's requirement that a borrower repay a debt owed to an existing creditor as a condition of receiving a mortgage refinancing loan; (b) Ameriquest's acceptance of fees for providing real estate settlement services when in fact those fees were for charges unrelated to real estate settlement services; and (c)  Ameriquest's agreements with other entities (including by way of example JM Closing Services Inc.) that falsely presented themselves as performing bona fide notary or closing services that they did not in fact perform, charged fees for such services, and kicked-back a portion of such fees to Ameriquest.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

260.    The referrals from creditors to Ameriquest of the identity of the creditors' debtors in exchange for Ameriquest's requiring such debtors/prospective borrowers to satisfy their debts to creditors is a "thing of value" within the meaning of RESPA.

**ANSWER:    This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny. To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

261.    Kickbacks for notary and closing services are also "things of value" within the meaning of RESPA.

**ANSWER:    This paragraph states a legal conclusion that Argent is not required to admit or deny. To the extent an answer is required, Argent denies the allegations of this paragraph.**

262.    Ameriquest violated RESPA, § 2607(a) and related federal regulations and interpretations by giving a fee, kickback, or thing of value in exchange for the referral of real estate services.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

263.    The RESPA Plaintiffs and the members of the RESPA Illegal Referral Subclass seek damages in an amount equal to three times the amount of any charge paid for such settlement services, as well as reasonable costs and attorneys' fees.

**ANSWER:    Argent admits that Plaintiffs seek the relief identified herein, but denies that Plaintiffs are entitled to such relief.**

264.    In addition, Plaintiff Becker seeks damages, as well as reasonable costs and attorneys' fees, from JM Closing Services Inc. and Jonathan Means.

**ANSWER:** **Argent admits that Plaintiffs seek the relief identified herein, but denies that Plaintiffs are entitled to such relief.**

## FIFTH CAUSE OF ACTION

**(Unjust Enrichment)**
**(By All Representative Plaintiffs on Behalf of Themselves and All Classes as Against Ameriquest)**

265.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:** **Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

266.    By its wrongful acts and omissions, including but not limited to making and servicing predatory and unfair mortgage loans described herein, Ameriquest has been unjustly enriched at the expense of Plaintiffs and the Class, and thus Plaintiffs and the Class have been unjustly deprived.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

267.    By reason of the foregoing, Plaintiffs and the members of the Class seek restitution from Ameriquest, and an order of this Court disgorging all profits, benefits, and other compensation obtained by Ameriquest from its wrongful conduct.

**ANSWER:** **Argent admits that Plaintiffs seek the relief identified herein, but denies that Plaintiffs are entitled to such relief.**

## SIXTH CAUSE OF ACTION

**(Breach of Contract)**
**(By the Discount Points Plaintiffs on Behalf of Themselves and the Discount Points Class as Against Ameriquest)**

268.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:** **Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

269. Ameriquest formed contracts with prospective borrowers by charging loan discount fees in exchange for providing a discounted interest rate.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent admits that some of its borrowers received reduced interest rates in exchange for the payment of loan discount fees. Argent denies the balance of the allegations of this paragraph.**

270. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:** **Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

271. Ameriquest formed contracts with prospective borrowers by charging loan discount fees in exchange for providing a discounted interest rate. Ameriquest then failed to provide the required discount.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent admits that some of its borrowers received reduced interest rates in exchange for the payment of loan discount fees. Argent denies the balance of the allegations of this paragraph.**

272. Ameriquest also provided loan documents describing a "par" rate loan as one bearing an initial rate which is equal to an "index" rate, plus a "margin."

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent alleges that any properly authenticated documents speak for themselves.**

273.    These same documents identify the "index," most commonly, as the "average of the London Interbank Offered Rate (LIBOR) for six month dollar denominated deposits in the London market" and the "margin" as a specified number of percentage points.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent alleges that any properly authenticated documents speak for themselves.**

274.    The Discount Points Plaintiffs and Members of the Discount Points Subclass received loans at interest rates which were at or above Ameriquest's "par rate," even though each loan involved substantial payments for a rate discount.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

275.    By failing to provide agreed-upon discounted interest rates, Ameriquest breached the contracts, causing damages.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

276.    Ameriquest's breach of contract is in violation of the common law of contract of the State of California, from where the contracts originated, and/or the contract laws in every state in which Ameriquest does business.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

277.     As a result of Ameriquest's breach of contract, the Discount Points Plaintiffs and the members of the Discount Point Subclass have suffered and continue to suffer damages in an amount to be determined according to proof at time of trial.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

278.     By failing to provide agreed-upon discounted interest rates, Ameriquest breached the contracts, causing damages.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

279.     Ameriquest's breach of contract is in violation of the common law of contract of the State of California, from where the contracts originated, and/or the contract laws in every state in which Ameriquest does business.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

280.     As a result of Ameriquest's breach of contract, the Discount Points Plaintiffs and the members of the Discount Points Subclass have suffered and continue to suffer damages in an amount to be determined according to proof at time of trial.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## SEVENTH CAUSE OF ACTION

**(Breach of Contract)**
**(By the Bait and Switch Plaintiffs on Behalf of Themselves**
**and the Bait and Switch Subclass as Against Ameriquest)**

281.     Plaintiffs hereby incorporate by reference the allegations contained in all

preceding paragraphs.

**ANSWER:     Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

282.     Ameriquest formed implied, oral, and/or unilateral contracts with prospective

borrowers by common offering terms to prospective borrowers prior to closing.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

283.     By delivering different terms at closing than the ones initially promised,

Ameriquest breached the contracts, causing damage.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

284.     Ameriquest's breach of contract is in violation of the common law of contract of

the State of California, from where the contracts originated, and/or the contract laws in every

state in which Ameriquest does business.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

285. As a result of Ameriquest's breach of contract, the Bait and Switch Plaintiffs and the members of the Bait and Switch Subclass have suffered and continue to suffer damages in an amount to be determined according to proof at time of trial.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

<u>**EIGHTH CAUSE OF ACTION**</u>

**(Breach of Contract)**
**(By the Servicing Plaintiffs on Behalf of Themselves**
**and the Servicing Class as Against Ameriquest)**

286. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:** **Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

287. Ameriquest serviced the Servicing Plaintiffs' loans.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

288. The Servicing Plaintiffs and the Servicing Class had loan agreements that set forth dates by which monthly principal and interest payments were due, dates providing a grace period before the end of which late fees could not be assessed, and other payment and fee terms including, without limitation, provisions regarding hazard insurance and prepayment penalties.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

- 98 -

289.     The Servicing Plaintiffs and the Servicing Class satisfied their obligations by making timely payments of principal and interest on their loans and by properly maintaining hazard insurance on their property.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

290.     By charging fees that were not authorized by the loan contracts, such as late fees on payments that were not late, insurance premiums on properties that were already insured, and prepayment penalties that were not due, Ameriquest breached its contracts with the Servicing Plaintiffs and the Servicing Class.

**ANSWER:     This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny.  To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

291.     Ameriquest's breach of contract is in violation of the common law of contract of the State of California, from where the contracts originated, and/or the contract laws in every state in which Ameriquest does business.  All conditions precedent to the filing of this action have been satisfied or waived or would be futile based on Ameriquest's pattern and practice of unlawful conduct in the servicing of mortgage loans.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

292.     As a result of Ameriquest's breach of contract, the Servicing Plaintiffs and the members of the Servicing Class have suffered and continue to suffer damages in an amount to be determined according to proof at time of trial.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## NINTH CAUSE OF ACTION

**(Breach of the Covenant of Good Faith and Fair Dealing)**
**(By the Discount Points, Bait and Switch, and Servicing Plaintiffs and Class and Subclass Members as Against Ameriquest)**

293.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:     Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

294.     All contracts between Plaintiffs and members of the Classes on one hand, and Ameriquest on the other, included a duty of good faith and fair dealing.  Pursuant to an implied covenant in the subject contracts, Ameriquest had a duty not to do anything which would deprive the borrowers of the benefits of those contracts, and had a duty to do everything that the contracts presupposed each of the parties would do to accomplish the purpose or purposes of the subject contracts.

**ANSWER:     This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny.  To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

295.     Ameriquest acted in breach of the implied covenant of good faith and fair dealing, and their duties thereunder.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

296.     As a result of Ameriquest's wrongful conduct, the Discount Points, Bait and Switch, and Servicing Plaintiffs and members of the Discount Points, Bait and Switch, and Servicing Class and Subclasses have suffered and continue to suffer economic losses and other damages, all in an amount to be determined according to proof at time of trial, including attorney fees and reasonable costs.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## TENTH CAUSE OF ACTION

**(Declaratory and Injunctive Relief) (By All Representative Plaintiffs on Behalf of Themselves and All Class Members as Against the Defendants)**

297.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:     Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

298.     On each cause of action stated above, Plaintiffs and the Class will be irreparably injured in the future by the Defendants' misconduct.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

299.     Plaintiffs, on behalf of themselves and all Class members, seek a judgment declaring that the Defendants must cease the activities described herein, provide Class Members

with the opportunity to rescind their loans, and provide for adequate procedures and policies for the immediate and complete refund of the improper charges and insurance premiums unlawfully assessed, as well as the proper allocation of misapplied payments.

**ANSWER:** **Argent admits that Plaintiffs seek the relief identified herein, but denies that Plaintiffs are entitled to such relief.**

300. Plaintiffs and the Class members do not have a plain, adequate, speedy, or complete remedy at law to address the wrongs alleged in this Complaint, and will suffer irreparable injury as a result of the Defendants' misconduct unless injunctive and declaratory relief is granted.

**ANSWER:** **Denied.**

301. By reason of the foregoing, Plaintiffs and the Class members are entitled to declaratory and injunctive relief as set forth herein.

**ANSWER:** **Denied.**

**ELEVENTH CAUSE OF ACTION**

**(Unfair, Unlawful, and Deceptive Business Acts and/or Practices In Violation of California Business & Professions Code §§ 17200 *et seq.*) By All Representative Plaintiffs on Behalf of Themselves and all Class Members as Against Ameriquest)**

302. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:** **Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

303. This cause of action is brought by all Plaintiffs on behalf of a nationwide Class as against the Ameriquest Defendants, each of which is based in California.

**ANSWER:** **Argent objects that this paragraph is vague as to "Ameriquest Defendants," an undefined term. Argent admits that Plaintiffs purport to bring this action as a nationwide class action but denies that any class treatment is proper.**

304.     All of the conduct at issue in the Complaint either occurred in California by virtue of the centralized business practices of Ameriquest or was based in policies and procedures that originated from Ameriquest's home offices in California.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

305.     California Business & Professions Code §§ 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair or fraudulent business act or practice."

**ANSWER:     This paragraph states a legal conclusion that Argent is not required to admit or deny.**

306.     The Ameriquest Defendants engaged in unlawful, unfair or fraudulent business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq.*, by engaging in such unlawful conduct as: (a) engaging in aggressive "bait and switch" financing solicitation practices in which they promise certain terms and offer other, less advantageous terms at loan closings; (b) misleading consumers with loans that contain confusing interest variable interest rate structures; (c) providing loans with charges for "discount" fees or points either in exchange for rate discounts that were not provided or for rate discounts that were provided without sufficient information to allow consumers to evaluate the cost of the fees or points; (d) requiring and collecting excessive, improper, or illegal prepayment penalties, and duplicative/excess closing costs; (e) failing to provide statutorily-mandated Notice of Right to Cancel or providing borrowers with a copy of the required disclosures only after the loan documents were signed; (f) falsely promising early refinancing options or providing early refinancing on terms that stripped equity from consumers' property; (g) assessing improper or excessive fees in violation of loan contracts or applicable federal laws; (h) failing to make disclosures required under the Real Estate Settlement Procedures Act; (i) improperly characterizing customers' accounts as being in default or delinquent status to generate

unwarranted fees; (j) misapplying or failing to apply customer payments; (k) force placing insurance on properties that already have insurance coverage; (1) violating its contractual obligations; and (m) failing to provide adequate monthly statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed.

**ANSWER:** **Argent objects that this paragraph is vague as to "Ameriquest Defendants," an undefined term. Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

307. The Ameriquest Defendants' conduct is unlawful in that it is in violation of one or more of such statutes and regulations as, for example, (a) California Civil Code § 2954.4 (providing that a late charge may not be imposed on any installment within ten days of its due date); (b) the Truth in Lending Act; (c) the Fair Credit Reporting Act; (d) the Equal Credit Opportunity Act; (e) the Real Estate Settlement Procedures Act; (f) the Fair Housing Act; and (g) the Unruh Act.

**ANSWER:** **Argent objects that this paragraph is vague as to "Ameriquest Defendants," an undefined term. Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

308. The foregoing acts and practices are also unfair and/or fraudulent within the meaning of § 17200 in that they are likely to mislead the public as to the amounts actually owed on their loans, and in that they force customers to pay amounts they do not actually owe under threat of losing their homes.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

309. The foregoing acts and practices have caused substantial harm to the Plaintiffs, the general public, and the members of the Classes.

**ANSWER:     Denied.**

310. By reason of the foregoing, the Ameriquest Defendants have been unjustly enriched and should be required to disgorge their illicit profits and/or make restitution to the Plaintiffs, the general public, and the members of the Classes, and/or be enjoined from continuing in such practices pursuant to §§ 17203 and 17204 of the California Business & Professions Code.

**ANSWER:     Argent objects that this paragraph is vague as to "Ameriquest Defendants," an undefined term. Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## TWELFTH CAUSE OF ACTION

**(Unfair or Deceptive Acts or Practices in Violation of California Civil Code §§ 1750 *et seq.*)**
**(By All Representative Plaintiffs on Behalf of Themselves**
**and All Class Members as Against Ameriquest)**

311. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:     Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

312. This cause of action is brought by all Plaintiffs on behalf of a nationwide Class as against the Ameriquest Defendants, each of which is based in California.

**ANSWER:     Argent objects that this paragraph is vague as to "Ameriquest Defendants," an undefined term. Argent admits that Plaintiffs purport to bring this action as a nationwide class action but denies that any class treatment is proper.**

313.    All of the conduct at issue in the Complaint either occurred in California by virtue of the centralized business practices of Ameriquest or was based in policies and procedures that originated from Ameriquest's home offices in California.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

314.    By its wrongful conduct as alleged herein, Ameriquest has created, engaged in and/or participated in unfair practices, in violation of the Consumers Legal Remedies Act, California Civil code sections 1750 *et seq.*

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

315.    Ameriquest has engaged in unfair or deceptive acts or practices intended to result in the sale of their goods and services in violation of California Civil Code §§ 1750 *et seq.*, including but not limited to: (a) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, characteristics, status, affiliation, or connection which he or she does not have, in violation of section 1770(a)(5); and (b) that a transaction confers or invokes rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, in violation of section 1770(a)(14); and (c) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, in violation of section 1770(a)(16).

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

316.     Pursuant to § 1780, Plaintiffs and members of the Classes seek to enjoin the Ameriquest Defendants from engaging in their unfair practices as alleged herein.

**ANSWER:** **Argent objects that this paragraph is vague as to "Ameriquest Defendants," an undefined term.  Argent admits that Plaintiffs seek the relief identified herein, but denies that Plaintiffs are entitled to such relief.**

317.     Ameriquest has previously been put on notice within the meaning of Cal. Civ. Code § 1782 of its alleged violations of the CLRA through, for example, the CLRA allegations in the *Knox v. American Mortgage Co.* complaint filed on January 14, 2005.  Notwithstanding this notice, Ameriquest did not remedy the alleged violations of the CLRA within 30 days after service of the *Knox* complaint, and has not remedied the alleged violation.  As such, Plaintiffs and Class members are entitled to seek and recover actual damages, punitive damages and any other relief which this Court deems proper against Ameriquest

**ANSWER:** **Argent denies that the existence of any other allegations of a violation of the CLRA can satisfy the notice requirements of the CLRA.  As to the remaining allegations of this paragraph, Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of such allegations as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

318.     As a proximate result of Ameriquest's violations of the CLRA, Plaintiffs and the Class have suffered damages.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

319.     Many Class members, as Ameriquest knows or should know, are seniors and/or persons with disabilities as those terms are defined in Civil Code § 1761(f) and (g).  Said Class members have suffered substantial economic and other damages resulting from Ameriquest's unlawful conduct, including the loss of assets essential to the health and welfare of the seniors

and persons with disabilities.  The seniors and persons with disabilities are substantially more vulnerable than other members of the public to Ameriquest's unlawful conduct due to their age, poor health or infirmity, impaired understanding and/or disability.  Accordingly, pursuant to Civil Code § 1780, these seniors and persons with disabilities are entitled to up to $5,000 in addition to the other damages otherwise available under California state law, including punitive damages.

**ANSWER:** **This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny.  To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

320.    The actions described above constitute unlawful, unfair and/or defective acts or practices within the meaning of the Consumer Legal Remedies Act.  The Plaintiffs and the Class Members are entitled to actual damages, statutory damages, punitive damages, restitution and disgorgement of any funds received that was a result of the acts and omissions complained of herein and injunctive relief to prevent the use or employment by Ameriquest of the practices alleged herein, along with costs, attorney's fees and any other relief which the Court deems proper.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

### THIRTEENTH CAUSE OF ACTION

**(Violation of State Consumer Protection and Unfair and Deceptive Trade Practices Acts)
(By Origination and Servicing Representative Plaintiffs on Behalf of Themselves and All Origination and Servicing Subclass Members as Against Ameriquest)**

321.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

- 108 -

**ANSWER:    Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

322.    In the alternative to a nationwide class under the California Consumer Legal Remedies Act and Section 17200 of the California Business and Professions Code, the Representative Plaintiffs assert a claim arising under each state's consumer protection act and/or unfair and deceptive trade practices act.

**ANSWER:    Argent admits that Plaintiffs seek the relief identified herein, but denies that Plaintiffs are entitled to such relief.**

323.    By its wrongful conduct as alleged herein, Ameriquest has created, engaged in and/or participated in unfair practices, in violation of each state's consumer protection or deceptive trade practices statutes, including but not limited to such statutes in the states where the named plaintiffs in this action reside (such as the Connecticut Unfair Trade Practices Act, § 42-110a; the Florida Deceptive Trade Practices Act, § 501.201; the Maryland Consumer Protection Act, § 13-101; the Massachusetts General Law, chap. 93.A; the Minnesota Deceptive Trade Practices Act, Minn. Stat. §§ 58.13 and 325D, F; the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1; the New York General Business Law, § 349; the Ohio Consumer Sales Practices Act, § 1345.01; and the Pennsylvania Consumer Protection Law, 73 P.S. § 201-1.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

324.    Ameriquest committed the actions described herein knowingly.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

325.    Ameriquest's practices caused damage.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

326. The Origination and Servicing Subclass Plaintiffs and Class Members are entitled to, as applicable, actual damages, statutory damages, punitive damages, rescission, restitution and disgorgement of any funds received that was a result of the acts and omissions complained of herein and injunctive relief to prevent the use or employment by Ameriquest of the practices alleged herein, along with costs, attorney's fees and any other relief which the Court deems proper.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

### FOURTEENTH CAUSE OF ACTION

**(Individual Claims Under TILA)**
**(By the Individuals Below as Against Ameriquest)**

327. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:** **Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

328. Plaintiffs Timothy and Francis Adamowicz rescinded their mortgage with Ameriquest having sent a notice of cancellation dated August 29, 2006.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

329.     Plaintiff Christopher Bourassa rescinded his mortgage with Ameriquest having sent a notice of cancellation dated August 22, 2006.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

330.     Plaintiff Venitra Brown rescinded her mortgage with Ameriquest having sent a notice of cancellation dated October 20, 2006.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

331.     Plaintiffs Edrick and Debra Centeno rescinded their mortgage with Ameriquest having sent a notice of cancellation dated October 10, 2006.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

332.     Plaintiff Vaughn DeBold rescinded his mortgage with Ameriquest having sent a notice of cancellation dated July 18, 2006.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

333.     Plaintiffs Gregory and Marcell DeMeo rescinded their mortgage with Ameriquest having sent a notice of cancellation dated November 20, 2006.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the**

**allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

334. Plaintiff James Devlin rescinded his mortgage with Ameriquest having sent a notice of cancellation dated January 13, 2006.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

335. Plaintiffs Timothy and Cynthia Dion rescinded their mortgage with Ameriquest having sent a notice of cancellation dated February 17, 2006.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

336. Plaintiff Karen Dudeck rescinded multiple mortgages with Ameriquest having sent notices of cancellation dated September 19, 2006 and November 12, 2006.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

337. Plaintiff Christopher Gabrielli rescinded multiple mortgages with Ameriquest having sent a notice of cancellation dated January 27, 2006.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

338.    Plaintiff Lynn Gay rescinded multiple mortgages with Ameriquest having sent a notice of cancellation dated November 1, 2004.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

339.    Plaintiff Harriet Holder rescinded multiple mortgages with Ameriquest having sent a notice of cancellation dated February 11, 2005.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

340.    Plaintiff Patricia Masson rescinded her mortgage with Ameriquest having sent a notice of cancellation dated February 9, 2006.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

341.    Plaintiff Duval Naughton rescinded his mortgage with Ameriquest having sent a notice of cancellation.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

342.    Plaintiffs John and Kathleen O'Callaghan rescinded his mortgage with Ameriquest having sent a notice of cancellation dated March 31, 2006.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the**

**allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

343.    Plaintiff Glen Powell rescinded multiple mortgages with Ameriquest having sent a notice of cancellation dated June 21, 2006.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

344.    Plaintiff Michele Powell rescinded multiple mortgages with Ameriquest having sent a notice of cancellation dated November 17, 2006.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

345.    Plaintiff Michael Russo rescinded his mortgage with Ameriquest having sent a notice of cancellation dated August 31, 2006.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

346.    Plaintiff Kenneth Sawyer rescinded his mortgage with Ameriquest having sent a notice of cancellation dated April 28, 2006.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

347.    Plaintiffs Frank and Linda Shea rescinded their mortgage with Ameriquest having sent a notice of cancellation dated March 24, 2006.

**ANSWER:**    **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

348.    Plaintiffs Daisybel and William Tolbert rescinded their mortgage with Ameriquest having sent notices of cancellation dated March 30, 2005 and November 30, 2005.

**ANSWER:**    **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

349.    Plaintiffs David and Janet Wakefield rescinded multiple mortgages with Ameriquest having sent a notice of cancellation dated October 27, 2004.

**ANSWER:**    **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

350.    Plaintiffs Frank and Martha White rescinded their mortgage with Ameriquest having sent a notice of cancellation dated March 3, 2005.

**ANSWER:**    **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

351.    Plaintiffs Joshua Wilgoren rescinded his mortgage with Ameriquest having sent a notice of cancellation dated February 28, 2006.

**ANSWER:**    **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the**

- 115 -

allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.

352.     Plaintiffs Scott Ventola and Steven Bourassa rescinded their mortgage with Ameriquest having sent a notice of cancellation dated November 30, 2006.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

353.     Plaintiffs Latonya and Duwayne Williams rescinded their mortgage with Ameriquest having sent a notice of cancellation dated January 15, 2004.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

354.     Plaintiffs James and Jennifer Jewell rescinded their mortgage with Ameriquest having sent a notice of cancellation on January 26, 2006.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

355.     This Consolidated Amended Complaint constitutes an additional notice of rescission to Ameriquest by each Plaintiff named above.

**ANSWER:     This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny. To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

356.     Each Plaintiff rescinded based on one or more of the statutory violations described in the First Cause of Action *supra*.

**ANSWER:     This paragraph states a legal conclusion that Argent is not required to admit or deny.  To the extent an answer is required, Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations and denies that Plaintiffs have a right to rescind.**

357.     In each case Ameriquest refused to honor the Plaintiffs' rescission and refused to take the actions required by 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d).

**ANSWER:     This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny.  To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations and denies that Plaintiffs have a right to rescind.**

358.     The Individual Plaintiffs identified above are entitled to a declaratory judgment to enforce their rescissions including, without limitation, that their mortgages are void and that they are not liable for any finance charges in connection with their transactions and to statutory damages in the amount of $2,000 for Ameriquest's failure to honor their rescissions, together with costs and attorney's fees and other relief as allowed by law.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## FIFTEENTH CAUSE OF ACTION

**(Common-Law Fraud)**
**(By Plaintiffs Keri Capasso, Richard A. Madrazo, Yamil Montanez, Pegi Saunders, Matthew and Tracey Lloyd, Dorothy Stevenson, and Aris and Ricardo Gay, Steven H. Ungar as Against Ameriquest)**

359.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:    Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

360.     The conduct of Ameriquest constitutes a fraud against the Plaintiffs.  Ameriquest made materially false representations, concealments and/or non-disclosures of fact to Plaintiffs in connection with loan discount fees, loan origination fees, and/or loan servicing, knowing the falsity of such representations, concealments and non-disclosures and with the intent to defraud Plaintiffs.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

361.     Plaintiffs did not receive a discount and/or avoid paying loan origination fees.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

362.     At the time said misrepresentations and omissions of material facts were made, Plaintiffs were ignorant of their falsity and believed them to be true.  Plaintiffs reasonably and/or justifiably relied upon the false representations, concealments and non-disclosures in purchasing goods and services from Ameriquest.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

363.     As a result, Plaintiffs sustained damages.

**ANSWER:     Denied.**

364.     Plaintiffs are entitled to compensatory, punitive and exemplary damages.

**ANSWER:     Denied.**

**SIXTEENTH CAUSE OF ACTION**

**(Intentional and/or Negligent Misrepresentation)**
**(By Plaintiffs Keri Capasso, Deborah Juillerat, Richard A. Madrazo,**
**Yamil Montanez, Pegi Saunders, Matthew and Tracey Lloyd, Dorothy Stevenson,**
**and Aris and Ricardo Gay, Steven H. Ungar, Latonya and Dwayne Williams,**
**and Daisybel and William F. Tolbert as Against Ameriquest)**

365.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:     Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

366.     Ameriquest made intentional or negligent misrepresentations to Plaintiffs, with the intent of having Plaintiffs finance with Ameriquest or continue to remain with Ameriquest rather than refinancing with another servicer.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

367.     These misrepresentations including but not limited making materially false representations, concealments and/or non-disclosures of fact to Plaintiffs in connection with loan discount fees, loan origination fees, assurances of prompt refinancing, and/or loan servicing, knowing the falsity of such representations, concealments and non-disclosures.

**ANSWER:     Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

368.     Plaintiffs did not receive a discount and/or avoid paying loan origination fees.

**ANSWER:     Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

369.     At the time said misrepresentations and omissions of material facts were made, Plaintiffs were ignorant of their falsity and believed them to be true.  Plaintiffs reasonably and/or justifiably relied upon the false representations, concealments and non-disclosures in purchasing goods and services from Ameriquest.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

370.     As a result, Plaintiffs sustained damages.

**ANSWER:     Denied.**

371.     Plaintiffs are entitled to compensatory, punitive and exemplary damages as well as equitable remedies.

**ANSWER:     Denied.**

<u>**SEVENTEENTH CAUSE OF ACTION**</u>

**(Violation of the Florida Mortgage Lending Act, § 494.0025, Florida Statute)
(By Plaintiffs LaTonya and Dwayne Williams, Daisybel and William F. Tolbert, George and Crisella Barber, Debra Holloway, and Laurence Osten on Behalf of Themselves and a Subclass of Florida Residents as Against Ameriquest)**

372.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:     Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

- 120 -

373. Thus claim is brought by the Florida Plaintiffs and a subclass of other Florida residents who obtained a home loan issued by Ameriquest on or after April 1, 2001.

**ANSWER:** **Argent admits that Plaintiffs purport to bring this action on behalf of Plaintiffs and a subclass of other Florida residents but denies that class treatment is proper. The remainder of this paragraph states a legal conclusion that Argent is not required to admit or deny. To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

374. Common questions of law and fact exist as to all members of the Florida Subclass and predominate over questions solely affecting individuals, including whether Ameriquest the Florida Mortgage Lending Act, and whether Plaintiffs and the Subclass are entitled to statutory damages, injunctive and declaratory relief, and/or punitive damages.

**ANSWER:** **Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

375. Through the conduct described herein, Ameriquest has systematically violated the Florida Mortgage Lending Act by:

a. knowingly and willfully concealing material facts from Plaintiffs and the Subclass;

b. engaging in a course of business which operates and continues to operate an unfair, unconscionable, and deceptive trade practice upon Plaintiffs and the Subclass through the concealment of material terms in connection with the sale of mortgage loans; and

c. making or using false writings or documents, knowing them to contain false statements or entries.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that**

- 121 -

**basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

376.    Such violations by Ameriquest include the following conduct:

a.    Selling mortgage loans to Plaintiffs and the Subclass in a manner intended to hide the true cost of various loan terms and the true disadvantages of those loan terms to Plaintiffs and the Subclass;

b.    failing to provide customers with good faith estimates of the closing costs prior to closing;

c.    Misrepresenting, concealing, or failing to disclose loan terms including, but not limited to, the disclosure of the risks and ramifications of an ARM, including: (a) possible increase in monthly payments after a certain period of time; (b) no guarantee that the property value of their residence will increase thereby foreclosing an option to refinance at a later date; (c) the recommendation that an ARM should not be chosen by a homeowner who will stay in the mortgage residence for more than 10 years due to the escalation in future payments;

d.    Inflating property appraisal values to qualify borrowers for loans they cannot afford and/or to maximize loan amounts, resulting in excessive loans-to-value ratios;

e.    Fabricating income and employment information related to the cost of loans, particularly in comparison with existing obligations;

f.    Presenting incomplete or misleading information related to the cost of loans, particularly in comparison with existing obligations;

g.    Concealing the existence or length of prepayment penalty provisions;

h.    Utilizing unfair and/or punitive prepayment penalty provisions to discourage and/or prevent Plaintiffs and the Subclass from refinancing their loans at lower rates with Ameriquest's competitors;

i.    Charging discount points that are not justified by any discount provided to Plaintiffs and the Subclass; and

j.      Failing to act in good faith and deal fairly in its interactions with the

Plaintiffs and the Subclass, including, without limitations, in its form documents.

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

377.      As a result of Ameriquest's wrongful conduct, the Florida Plaintiffs and the

Florida subclass have suffered and continue to suffer economic losses and other general and

specific damages, including but not limited to, the monies paid to Ameriquest, loss of equity,

funds spent to mitigate economic losses, and harm to credit, all in an amount to be determined

according to proof at time of trial.

**ANSWER:      Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

**EIGHTEENTH CAUSE OF ACTION**
**(Violation of the Fair Housing Act, 42 U.S.C. § 3601)**
**(By Plaintiffs Nona and Albert Knox, Maria Torres, and Heladio and Maria Arellanes as Against Ameriquest)**

378.      Plaintiffs hereby incorporate by reference the allegations contained in all

preceding paragraphs.

**ANSWER:      Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

379.      Plaintiffs are minorities.

**ANSWER:      Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis denies the same.**

380.     Plaintiffs are informed and believe, and on that basis allege, that Ameriquest discriminated against them on the basis of their race and/or gender, in the terms and conditions of the loan contracts entered into between Plaintiffs, on the one hand, and Ameriquest on the other.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

381.     Plaintiffs have been damaged as a result of Ameriquest's discriminatory conduct, and seek damages and equitable and injunctive remedies, including practice changes.

**ANSWER:     Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

### NINETEENTH CAUSE OF ACTION

**(Violation of the Unruh Act, California Civil Code § 3601) (By Plaintiffs Nona and Albert Knox, Maria Torres, and Heladio and Maria Arellanes as Against Ameriquest)**

382.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:     Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

383.     Plaintiffs are informed and believe, and on that basis allege, that Ameriquest discriminated against them on the basis of race, national origin, and/or gender, in the terms and conditions of the loan contracts entered into between Plaintiffs, on the one hand, and Ameriquest, on the other.  Specifically, the terms and conditions offered to Plaintiffs were less favorable than those offered by Ameriquest to borrowers not better qualified than Plaintiffs but at different race, national origin and/or gender.

- 124 -

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

384.     Plaintiffs have been damaged as a result of Ameriquest's discriminatory conduct.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

### TWENTIETH CAUSE OF ACTION

**(Negligent Training and Supervision)**
**(By Plaintiffs Nona and Albert Knox, Maria Torres, and Heladio**
**and Maria Arellanes as Against Ameriquest)**

385.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:** **Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

386.     Under California law, Ameriquest owed Plaintiffs a duty of reasonable care to train and supervise its employees and agents to comply with all applicable laws, rules and/or regulations and in accordance with professional, industry-wide best practices standards. These laws, rules, regulations and industry-wide best practices standards were enacted to protect individuals such as Plaintiffs.

**ANSWER:** **This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny. To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

387.    Ameriquest breached its duty to Plaintiffs by failing to adequately train and supervise its employees and agents to comply with professional, industry-wide best practices standards and by allowing their employees and agents to operate without such adequate training or supervision.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

388.    Moreover, Ameriquest's conduct fell below the standard of care as it trained and/or actively encouraged its employees and agents to act in violation of applicable laws, rules and/or regulations and professional, industry-wide best practices standards.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

389.    Ameriquest failed to take reasonable steps to protect Plaintiffs though it knew or had reason to know that its failure to adequately train or supervise its employees and/or agents would result in the detriment of Plaintiffs.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

390.    As a proximate cause of Ameriquest's conduct, Plaintiffs suffered damages according to proof.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

391.    Ameriquest's negligent training and/or supervision was willful, wanton and in conscious disregard of Plaintiffs' rights.  Accordingly, Plaintiffs are entitled to recover punitive damages in an amount to be established at trial.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

### TWENTY-FIRST CAUSE OF ACTION

**(Violation of the Georgia Fair Lending Act) (By Plaintiffs Johnnie Ross, Charles Meadows, Joseph and Nicole Riggins on Behalf of Themselves and a Subclass of Georgia Residents as Against Ameriquest)**

392.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:    Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

393.    In home loans with Georgia residents, Ameriquest commonly charges and collects points and fees that exceed the statutory threshold to constitute "high-cost" home loans as defined by the Georgia Fair Lending Act ("GAFLA"), Ga. Code Ann. § 7-6A-1 *et seq.* Ameriquest has engaged in a common practice and pattern of issuing high-cost home loans to Georgia residents which violate the limitations, requirements and consumer protections of the GAFLA, § 7-6A-7.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

394.    GAFLA authorizes class actions.  GAFLA, § 7-6A-7(d).  This claim is brought by the Georgia Plaintiffs and a subclass of Georgia residents who obtained a home loan issued by Ameriquest on or after October 1, 2002.

**ANSWER:** **The first sentence of this paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny. As to the second sentence, Argent admits that Plaintiffs purport to bring this action on behalf of Georgia Plaintiffs and a subclass of Georgia residents but denies that class treatment is proper.**

395. Ameriquest has issued to Plaintiffs and the Subclass high-cost home loans in violation of GAFLA, §§ 7-6A-5. Ameriquest has imposed fees and points that exceed 5 percent of the total loan amount. These loans are "high cost loans" as defined under Georgia law; however, Ameriquest has failed to comply with GAFLA's requirements and limitations applicable to "high cost home loans." As a direct and proximate result of Ameriquest's breaches and violations, Plaintiffs and the Georgia Subclass have suffered economic injury and damages.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

396. Common questions of law and fact exist as to all members of the Georgia Subclass and predominate over questions solely affecting individuals, including whether Ameriquest violated GAFLA, and whether Plaintiffs and the Subclass are entitled to statutory damages, injunctive and declaratory relief, and/or punitive damages.

**ANSWER:** **Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

397. As a result of Ameriquest's violation of GAFLA as relates to high-cost loans, § 7-6A-5, Ameriquest is liable to the Georgia Plaintiffs and the Georgia subclass for actual damages, statutory damages of twice the interest paid, forfeiture of all future interest, punitive damages, costs and attorneys' fees, equitable claims, injunctive relief, class actions, rescission rights of up to 5 years after consummation, and potential criminal prosecution for knowing violations.

**ANSWER:**     **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## TWENTY-SECOND CAUSE OF ACTION

### (Negligence)
### (By Pegi Saunders, Matthew and Tracey Lloyd, Dorothy Stevenson, and Aris and Ricardo Gay as Against AMC and Ameriquest Capital Holding Corporation)

398. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:**     **Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

399. Under Ohio common law, Ameriquest had a duty to represent each Plaintiff and their respective best interests in their individual transactions. As the representative of each of the Plaintiffs, Ameriquest negligently failed to apply and follow customary and usual skills and procedures in regular use by ethical members of its industry occupying its position in the transactions.

**ANSWER:**     **The first sentence of this paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny. To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

400. The actions of Ameriquest are the proximate cause of the injury to each Plaintiff.

**ANSWER:**     **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

- 129 -

401.    As a result of the negligence of Ameriquest, each Plaintiff has been damaged in an amount that he or she is unable to determine with specificity at this time but is an amount believed to be at least $500,000.00 in each instance by each Plaintiff.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## TWENTY-THIRD CAUSE OF ACTION

**(Violations of Violation of Ohio's Mortgage Broker's Act) (By Pegi Saunders, Matthew and Tracey Lloyd, Dorothy Stevenson, and Aris and Ricardo Gay as Against AMC and Ameriquest Capital Holding Corporation)**

402.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:    Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

403.    Ameriquest (in that they acted as its own broker), is a mortgage broker" as defined in Ohio Revised Code § 1322.01 (E), and, therefore, ARE subject to the requirements of Ohio Revised Code § 1322.01 *et. seq.*  Notwithstanding its mortgage broker status, Ameriquest knowingly concealed information, which federal statutes and regulations required it to be disclose to its clients, *i.e*., the Plaintiffs.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

404.    Ameriquest entered into the mortgage transactions with each Plaintiff knowing that he or she would not be able to repay his or her loan obligation in full due to the debt to income ratio and other information shown on their respective loan applications.

- 130 -

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

405.     Ameriquest fraudulently induced each Plaintiff, into signing a note and mortgage that included an unconscionable loan total with the knowledge that such a requirement is contrary to applicable law and public policy.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

406.     Ameriquest concealments and misrepresentations were made maliciously, with knowledge of their falsity.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

407.     Each Plaintiff justifiably relied upon Ameriquest's false and fraudulent representations in making their respective mortgage loan agreements.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

408.     As a result of the frauds perpetrated by Ameriquest, each Plaintiff is entitled to damages in an amount that she or he is unable to determine at this time but believes to be at least in the amount of $500,000.00.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the**

allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.

409. As a result of Ameriquest violations of Ohio Revised Code § 1322.07 (B)(C), Ameriquest is liable to each Plaintiff, pursuant to Ohio Revised Code § 1322.11 for damages in an amount to be determined at trial pursuant to O.R.C. § 1322.00(A)(1-3) and a statutory injunction prohibiting such violations pursuant to O.R.C. § 1322.1 1(B)(A).

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## TWENTY-FOURTH CAUSE OF ACTION

**(Breach of Fiduciary Duty)**
**(By Pegi Saunders, Matthew and Tracey Lloyd, Dorothy Stevenson, and Aris and Ricardo Gay as Against AMC and Ameriquest Capital Holding Corporation)**

410. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:** **Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

411. A fiduciary relationship is one in which special confidence and trust, are placed in the integrity and fidelity of another, and there is a resulting position of superiority or influence.

**ANSWER:** **This paragraph states a legal conclusion that Argent is not required to admit or deny. To the extent an answer is required, Argent denies any liability to Plaintiffs.**

412. Ameriquest had a fiduciary relationship with each Plaintiff in that each contracted Ameriquest to provide mortgage loan services, which necessarily involve the duty of representing each Plaintiff best interests throughout the mortgage transaction.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the**

**allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

413. Ameriquest breached its fiduciary duties by arranging a mortgage loan on financing terms that in each instance were in each instance contrary to each Plaintiff's, interest.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

414. As a direct and proximate result of the actions of Ameriquest, each Plaintiff has suffered financial and emotional injury in an amount not yet ascertainable, but which will be proven at trial.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

415. The actions of Ameriquest constitute the tort of breach of fiduciary duty.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

416. These actions were taken with malice, ill will, and/or reckless indifference toward each Plaintiff. Therefore, each Plaintiff is entitled to receive actual, compensatory and punitive damages.

**ANSWER: Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## TWENTY-FIFTH CAUSE OF ACTION

**(Negligent Misrepresentation and Intentional Infliction of Emotional Distress)**
**(By Pegi Saunders, Matthew and Tracey Lloyd, Dorothy Stevenson, and Aris**
**and Ricardo Gay as Against AMC and Ameriquest Capital Holding Corporation)**

417.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:    Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

418.    During the course of Ameriquest's dealings with Plaintiffs, Ameriquest negligently and/or intentionally, by its acts and/or omissions, made material misrepresentations of fact, and was negligent in a number of instances, including but not limited to, stating that Plaintiffs were obligated to pay amounts that were improperly or illegally accessed.

**ANSWER:    Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same.  To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

## TWENTY-SIXTH CAUSE OF ACTION
### (ACCOUNTING)

**(By Plaintiffs Thomas B. and Elvie Doherty, Raymond and Rebecca Carlson, Patrick**
**Galvan, and Robert and Debra Peabody as Against Ameriquest)**

419.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs.

**ANSWER:    Argent incorporates its responses to the allegations that Plaintiffs attempt to incorporate by reference.**

420.    Ameriquest had a duty and obligation to properly inform and represent to Plaintiffs the correct and accurate interest rates for which they qualify when Plaintiffs applied for loans, or, in the alternative, not to conceal from or mislead them as to the actual interest rates they are being assessed.

**ANSWER:** **This paragraph states a legal conclusion that Argent (erroneously referred to by Plaintiff as "Ameriquest") is not required to admit or deny. To the extent an answer is required, Argent is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

421. Ameriquest failed to satisfy that duty.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

422. As a result, Plaintiffs have paid excessive interest demanded by Ameriquest, and have been injured and suffered financial loss. Unless corrected, Plaintiffs will continue to suffer.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

423. Ameriquest, by the actions above alleged, has collected money from the Plaintiffs under such circumstances that in equity and good conscience it cannot retain and which in-justice and fairness belong to Plaintiffs.

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

424. Ameriquest should be ordered to account to Plaintiffs to ensure that only the proper and permitted amount is retained by Ameriquest. Ameriquest should be ordered to recalculate each excessive interest charge demanded and collected from Plaintiffs, and to refund all improper and excessive amounts collected.

- 135 -

**ANSWER:** **Argent (erroneously referred to by Plaintiffs as "Ameriquest") is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph as to any party other than itself and on that basis denies the same. To the extent the allegations of this paragraph are directed to Argent, Argent denies such allegations.**

425. Plaintiffs pray for an Order appointing a special master or referee to determine the amount by which they have been overcharged, together with such other further or different relief as this Court deems appropriate.

**ANSWER:** **Argent admits that Plaintiffs seek the relief identified herein, but denies that Plaintiffs are entitled to such relief.**

<u>**Defenses**</u>

1. Plaintiffs' purported causes of action fail to state any claims upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statutes of limitation.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they failed to mitigate their damages.

7. Plaintiffs' injuries, if any, were proximately caused by the negligence, willful acts or liability of persons who are, and are not, parties to this action and Argent requests that an allocation of such negligence and liability be made among such other parties, and non-parties, and if any liability is found on the part of Argent, a judgment be only in the amount that is proportionate to the effect and percentage by which Argent's acts or omissions contributed to Plaintiffs' damages in accordance with principles of equitable indemnity and comparative contribution.

8. Plaintiffs' claims based on any alleged oral modification or agreement are barred by the Parol Evidence Rule.

9. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to exercise reasonable and ordinary care, caution and prudence to prevent the alleged damages, if any.

10. Argent alleges that at all times relevant to this action it acted within the course and scope of reasonable commercial standards and legitimate business transactions.

11. Plaintiffs' claims are barred in whole or in part, on the ground that Plaintiffs did not rely on any alleged representations made by Argent and that Plaintiffs' reliance, if any, was not justifiable or reasonable.

12. Plaintiffs' claims are subject, in whole or in part, to an offset.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiffs' claims are barred in whole or in part, because the allegedly wrongful conduct of Argent was not malicious.

16. Plaintiffs claims are barred because Argent did not owe to Plaintiffs the alleged duties.

17. Plaintiffs' claims are barred because Plaintiffs lack standing to maintain a cause of action against Argent.

18. Plaintiffs' claims are barred because no officer, director, or managing agent of Argent ratified the conduct alleged by Plaintiffs.

19. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

20. Plaintiffs' claims are barred in whole or in part, because any alleged wrongful acts or omissions of Argent were the result of the *ultra vires* acts of its employees.

21.     Argent alleges that its conduct was not malicious, oppressive or fraudulent, but was reasonable.  Argent's conduct does not warrant, and Plaintiffs have failed to state sufficient facts to entitle them to an award of exemplary damages.

22.     Plaintiffs claims are barred or limited because pursuant to 15 U.S.C. Section 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

23.     Plaintiffs' claim for statutory damages, costs, and attorney's fees for any alleged underlying Truth in Lending Act violation is barred by the one-year statute of limitations for statutory damages, costs and attorney's fee under the Truth in Lending Act.

24.     Plaintiffs are not entitled to obtain actual or statutory damages under TILA, because no alleged disclosure error is apparent on the face of the disclosure documents.

25.     If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. Section 1605(b) and/or other rules of law or equity.  Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

26.     Plaintiffs' claims for alleged violations of the Fair Credit Reporting Act (15 U.S.C. Section 1681m) are barred as there is no private right of action for such claims.

27.     In the event a violation of FCRA is found, none being admitted, there is no liability pursuant to 15 U.S.C. Section 1681m(c), because at the time of any alleged violation Argent maintained reasonable procedures to assure compliance with FCRA.

29.     Argent alleges that Section 1681m of the Fair Credit Reporting Act, 15 U.S.C. Section 1681m, is unconstitutionally vague under the United States Constitution and all

applicable state constitutions and overbroad on its face and violates the Due Process and Equal Protection provisions of the United States Constitution and all applicable state constitutions. Accordingly, on such constitutional grounds, the counts against Argent are unenforceable and fail to state a cause of action in that there is no reasonable basis upon which Argent would have known in advance that the conduct alleged by Plaintiffs was allegedly unlawful and/or otherwise proscribed by law.

30.     Plaintiffs' claims for alleged violations of section 1681m of the Fair Credit Reporting Act, 15 U.S.C. Section 1681m, are limited to actual damages, if any, because Argent did not willfully and intentionally commit an act in violation of FCRA; therefore, Plaintiff is not entitled to statutory or punitive damages.

31.     Any claim for damages between $100 and $1,000 per plaintiff and putative class member, or any claim for other exemplary damages, are so disproportionate to the injuries suffered, if any, as to violate the Due Process and Equal Protection provisions of the United States Constitution and all applicable state constitutions.

32.     Punitive damages are precluded unless the Plaintiff and each putative class member individually establishes the requisite malice directed to him or her.

33.     Classwide rescission, including a declaration regarding rescission, under TILA is barred as a matter of law.

34.     The identified and unidentified statutes, including the State Consumer Protection and Unfair and Deceptive Trade Practices Acts, are unconstitutionally vague and unenforceable and the failure of Plaintiffs to identify the statutes at issue in this action violates the Due Process and Equal Protection provisions of the United States Constitution and all applicable state constitutions.

35.     Plaintiffs' claims arising out of an alleged failure to receive proper Notices of Right to Cancel are barred by the fact that Plaintiffs acknowledged receipt of such notices, in writing, and Argent relied to its detriment on such representation in funding the loan.

36. Argent alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Argent reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Argent requests that this Court enter judgment in its favor and against Plaintiffs, award Argent its costs, and provide such further and additional relief as it deems just and appropriate.

DATED:  May 7, 2007

By:  s/ Gregory J. Miarecki

*Attorneys for Argent Mortgage Company*

Thomas J. Wiegand
Gregory J. Miarecki
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 (fax)

## CERTIFICATE OF SERVICE

I, Gregory J. Miarecki, hereby certify that on this 7th day of May, 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: _____/s/  Gregory J. Miarecki_____