IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before Judge Marvin E. Aspen |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

### ECLG PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO ALL PLAINTIFFS' MOTION FOR ADDITIONAL CASE MANAGEMENT GUIDELINES

Plaintiffs in the more than 170 individual actions represented by the law firm of Edelman, Combs, Latturner & Goodwin, LLC ("ECLG"), reply as follows to defendants' Response to (All) Plaintiffs' Motion For Additional Case Management Guidelines:

<u>Docket</u>. In paragraph three of their Response, defendants accuse ECLG plaintiffs of filing motions for leave to amend (each of which is, by nature, specific to a single, individual case) in the docket for the applicable individual cases rather than in the master MDL docket. Defendants then mislead this Court by claiming that this practice, which is normal and not in breach of the Court's case management Order, causes them prejudice because they do not receive timely notice of the ECLG plaintiffs' motions. (Defs' Response, p. 2).

Defendants' problem is entirely self-inflicted because defendants' lead counsel in the MDL have simply failed to file attorney appearances in the vast majority of, at least, the ECLG individual cases. While defendants' *local* counsel *has* filed appearances in each ECLG individual case, and while *they do* receive instantaneous electronic notification of all of the ECLG plaintiffs' filings, they apparently do not notify their clients or their clients' lead counsel of the same. If

1

defendants' lead counsel, Bernard Lesage (and the attorneys working with him), plan to continue actively working on the individual cases - as appears to be the case from their filings, in these cases, of third party complaints and responses to plaintiffs motions for leave to amend - then they should comply with elementary rules of court and file appearances in the individual cases (or communicate more effectively with their local counsel).

The ECLG plaintiffs agree that the dockets for the class actions should be separate from the individual cases. However, ECLG does not agree that two dockets - one for each type of case - is the appropriate solution. Rather, ECLG believes that each individual case should continue to have its own separate docket. ECLG believes that is why this Court has all along maintained separate dockets for each individual case, even *after* each case has been transferred or reassigned. Otherwise, it becomes impossible to easily keep track of the history of each individual case, and a single docket for the several hundred individual cases will soon have thousands of confusingly similar entries, proving totally intractable for the parties and this Court. Further, it is not unlikely that some of the individual cases will later be appealed by a party, and a clear docket record will be needed then. ECLG plaintiffs note that a maintaining a separate docket for each individual case does not prevent any individual plaintiff or group of individual plaintiffs from filing pleadings under the MDL number, *if* the pleading (such as this one), rather than pertaining to just a single individual case, has broader applicability or may have broad impact on many individual cases within the MDL.

In conclusion, the docketing should be organized and maintained for the sake of a clear and manageable record, not for the convenience of any one party.

Respectfully Submitted,


<u>s/ Al Hofeld, Jr.</u>
Al Hofeld, Jr.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Al Hofeld, Jr.
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)