**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: ALL OPT-OUT CASES IDENTIFIED IN DEFENDANTS' MOTION [DOCKET NOS. 651-652] | |

**DEFENDANTS'[1] REPLY IN SUPPORT OF CONSOLIDATED MOTION TO DISMISS OPT-OUT COMPLAINTS AND MOTION FOR MORE DEFINITE STATEMENT**

**I.     INTRODUCTION**

The opposition filed by the Individual Claims Steering Committee ("ICSC") and the individual supplements thereto (collectively "Oppositions") *concede* each point raised in Defendants' Motion:

- The statute of limitations *expired* on Plaintiffs' claims for actual and statutory damages based upon the alleged non-disclosure violations asserted in the complaints identified in Appendix 1 to the Motion.

- Punitive damages are *not* available under the Truth-In-Lending Act for the complaints identified in Appendix 2 to the Motion.

- Plaintiffs identified in Appendix 3 to the Motion do *not* allege the factual cause of their purported injuries.

---

[1] Unless otherwise noted, all capitalized terms used herein shall have the meaning ascribed to them in Defendants' Memorandum of Law in support of their Motion to Dismiss Opt-Out Complaints and Motion for More Definite Statement (the "Memo.") [Docket No. 652.]

1

- Plaintiffs identified in Appendix 4 to the Motion do *not* allege the state laws Defendants allegedly violated.

Despite agreement over these fatal pleading defects, the ICSC nonetheless opposes Defendants' Motion apparently believing that even baseless claims should be allowed to proceed. Plaintiffs, however, must be held to the pleading standard of the Federal Rules of Civil Procedure. And, contrary to Plaintiffs' assertions, this Motion is necessary and reasonably calculated to weed out admittedly frivolous and baseless claims in order to, among other things, expedite the mediation proceeding already agreed to by the parties. It makes little sense to commence mediation when Plaintiffs seek relief to which they are not entitled as a matter of law. For the reasons set forth in the Motion and herein, Defendants request that the Motion be granted.

II.  **PLAINTIFFS CONCEDE THEIR CLAIMS FOR "DISCLOSURE DAMAGES" ARE UNTIMELY**

The Truth-In-Lending Act, 15 U.S.C. section 1601 *et seq*. ("TILA") provides a one-year statute of limitations for damage claims. 15 U.S.C. § 1640(e) ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation."). The Oppositions concede that the damages for alleged disclosure violations began to run at consummation of the loan transactions and expired one year later. *See ICSC Opp*. at 3. ("Where a plaintiff seeks Disclosure Damages based on a defendant's failure to make necessary disclosures at the time the loans were consummated, the limitations would run from the mortgage closing, when the loan was consummated.") Appendix 1 to the Motion identified the complaints that contain these defective claims. Plaintiffs do not dispute Defendants' contention, and at least one of the individually filed supplemental briefs to the ICSC Opposition affirmatively states that many specific claims are indeed "untimely." *See* Docket No. 722, Appendix A.[2] Accordingly, all claims for disclosure damages under TILA identified in Appendix 1 must be dismissed.

---

[2] That supplemental brief filed by the Consumer Law Group [Docket No. 722] also represents that many plaintiffs do *not* seek damages for alleged disclosure violations. Defendants will prepare a comprehensive proposed order that will address which claims are barred and which claims are not alleged.

## III. THE ONE-YEAR STATUTE OF LIMITATIONS PERIOD IS NOT RESURRECTED BY A BORROWER'S ATTEMPT TO EXERCISE AN EXTENDED RIGHT TO RESCIND

Because Plaintiffs concede that the statute of limitations *expired* on any damage claims based upon alleged non-disclosure violations asserted in the complaints identified in Appendix 1 to the Motion, they now twist their original pleadings and the meaning of the TILA statute in an attempt to salvage their untimely damage claims. Plaintiffs now argue that they seek damages for Defendants' alleged failure to automatically rescind their loans upon request. This, they insist, is a stand-alone violation of TILA with its own one-year statute of limitations. Not only have the vast majority of courts in this District rejected Plaintiffs' argument, a cursory examination of the argument exposes its faulty logic and the absurd results that would follow from its application.

### A. Plaintiffs Do *Not* Allege Violation Of TILA For A Purported Failure To Rescind

After conceding that their claims for damages based upon alleged disclosure violations are untimely, Plaintiffs improperly attempt to redraft their pleadings through the Oppositions. For example, the ICSC states that, with "limited exceptions," nearly all of the Plaintiffs identified in the Motion "do not seek TILA damages based on Defendants' original disclosure violations." *ICSC Opp.* at 2. Instead, they say they "seek damages based on Defendant's wrongful refusal to honor Plaintiffs' valid rescission requests." *Id.* Plaintiffs, however, *never* allege the existence of a separate TILA violation for a failure to rescind that supports this relief.[3] It is black letter law that a plaintiff cannot save a defective pleading from a motion to dismiss by relying on allegations that are not in the complaint. *See Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1104 (7th Cir.1984) (holding that a plaintiff's complaint may not be amended by the briefs in opposition to a motion to dismiss and consideration of a motion to dismiss is limited to the pleadings).

---

[3] Defendants expect that Plaintiffs will contend that Plaintiffs allege the existence of a request to rescind and that the subject loan was not rescinded. This bare allegation, however, does not state a claim for a failure to rescind in violation of TILA, but is merely a factual allegation required to show the remedy of rescission sought through the complaint is not moot.

3

### B. Plaintiffs Twist The TILA Statute To Create Rights That Do Not Exist

Just as Plaintiffs twist their own complaints to suggest something they do not plead, they also twist the TILA statute into something it does not mean or say. When a consumer credit transaction results in a creditor acquiring a security interest in a borrower's residence, Section 1635(a) gives the borrower the unequivocal right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required together with the required material disclosures. 15 U.S.C. § 1635(a); *Elliot v. ITT Corp.*, 764 F. Supp. 102, 105 (N.D. Ill. 1991) (Aspen, J.).

There is no dispute that a creditor's failure to rescind a loan within 20 days after receipt of a borrower's request that is made within this initial three-day cooling-off period is a violation of TILA. It is quite another thing when the borrower attempts to exercise the extended right to rescind up to three years later under Section 1635(f). In *Webster v. Centex Home Equity Corp.*, 300 B.R. 787 (W.D. Ok 2003), the court distinguished between the unequivocal initial right to rescind under Section 1635(a) and the extended right to rescind under Section 1635(f). The court explained: "In a typical case in which the consumer rescinds within three days, there is no question that the consumer has such a right. However, in a case in which the consumer rescinds several years after consummation of the transaction, there are bound to be questions, as here, regarding whether the consumer is legally entitled to affect such a rescission and a court is in the best position to make such a determination." *Id.* at 802. Accordingly, *Webster* refused to permit the recovery of damages where the defendant disputed the borrower's basis for applying the extended right to rescind. *Id.* The reasoning of *Webster* is supported by TILA and simple logic. For example, Section 1635(b) expressly links the failure to rescind within 20 days to the three-day right to rescind as follows:

> When an obligor exercises his right to rescind *under subsection (a) of this section*, . . . any security interest given by the obligor, including any such interest arising by operation of law, becomes *void upon such a rescission*. *Within 20 days after receipt of a notice of rescission*, the creditor *shall* return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b) (emphasis added). The statutory requirement to effectuate the termination of the security interest in Section 1635(b) is thus directly linked to the unequivocal right of a borrower to cancel the transaction contained in subsection Section 1635(a). It is illogical to treat

4

the 20 day provision as a stand-alone requirement that must always be satisfied when there is so much uncertainty as to the validity of a borrower's request to rescind under the extended right provided by Section 1635(f). *Webster*, 300 B.R. at 802.

Here, Plaintiffs read the second sentence of Section 1635(b) in isolation and strip it from its statutory context. They contend that any decision not to rescind a loan that is made within the extended right to rescind for non-disclosure violations provided under Section 1635(f) is a stand-alone violation for which a new one-year statute of limitations begins to run from the date of the rescission request. In doing this, Plaintiffs bootstrap their purported (and unalleged) "failure to rescind" claim to their claims for alleged disclosure violations.

Plaintiffs' perversion of TILA's statute of limitations provisions has already been soundly rejected by many courts in this District. In *Jenkins v. Mercantile Mortg. Co.*, 231 F. Supp. 2d 737 (N.D. Ill. 2002), Judge Bucklo rejected the very argument Plaintiffs make here, stating "TILA violations that are subject to the one-year statute ***cannot be overcome merely by linking them to a rescission claim***." *Id*. at 745 (emphasis added). In *Bell v. Ameriquest Mortg. Co.*, 2004 WL 2973819 (N.D. Ill. Nov. 30, 2004), Judge Shadur struck plaintiff's prayer for damages and rejected the plaintiff's reliance on a case that effectively ignored the one-year statute of limitations by extending the period when the right to rescind is also sought. Of that poorly reasoned decision, Judge Shadur wrote, it "reads Section 1640 as though it is severable: It honors Section 1640(a)(2)(A)(iii)'s statement of liability on the part of a statute-violating creditor while simultaneously reading out of the statute the equally substantive one-year limitation in Section 1640(e) for bringing an action under Section 1640." *Id.* at *1.

In *Rudisell v. Fifth Third Bank*, 622 F.2d 243 (6th Cir. 1980), the Sixth Circuit held that "the right to rescind is not dependent upon the one-year statute of limitations period for a claim for damages [and therefore] borrowers may have a right to rescind even though their ***claim for damages is barred*** by the statute of limitations in 15 U.S.C. § 1640(e)." *Id*. at 280 (emphasis added). In *Rowland v. Magna Millikin Bank of Decatur*, 812 F. Supp. 875, 881 (C.D. Ill. 1992), the court barred plaintiff's damage claims that plaintiff suggested derived from a failure to respond to a rescission request. S*ee also Pulphus v. Sullivan*, 2003 WL 1964333, *12 (N.D. Ill. April 28, 2003) (underlying claim for disclosure violation did not support untimely damage claims).

To the extent courts read the TILA statute to permit the resurrection of the one-year statute of limitations for claims that are wholly dependent upon the validity of the underlying allegations regarding non-disclosure, Defendants respectfully submit that those cases are distinguishable, not binding authority on this Court or simply wrongly decided. *See, e.g., Belini v. Washington Mutual Bank*, 412 F.3d 17 (1st Cir. 2005); *Aquino v. Public Finance Consumer Discount Co.*, 606 F. Supp. 504 (E.D. Pa. 1985); *Gombosi v. Carteret Mortgage Corp.*, 894 F. Supp. 176, 183 (E.D. Pa. 1995) (holding that "TILA does not apply to the transaction" and not reaching other issues); *Jones v. Ameriquest Mort. Co.*, 2006 U.S. Dist. LEXIS 3788 (N.D. Ill. 2006) (appeal pending); *Clay v. Johnson*, 77 F. Supp. 2d 879 (N.D. Ill. 1999) (reversed on appeal); *Malfa v. Household Bank F.S.B.*, 825 F. Supp. 1018, 1023 (S.D. Fla. 1993) (court held that plaintiff's right of rescission was "not extended beyond the initial three day period" and that defendant did not violate Section 1635 by refusing to honor plaintiff's extended rescission request).

This interpretation renders the one-year statute of limitations period under Section 1640(e), meaningless by extending it to four years anytime a borrower attempts to exercise the extended right to rescind under Section 1635(f). Moreover, because TILA only provides for three types of remedies--statutory damages, actual damages, or rescission--every complaint brought under TILA after the first year following consummation of the loan, will necessarily seek rescission as it is the only remedy available. Following Plaintiffs' logic, unless a defendant immediately honors a request for rescission, the claim for statutory and actual damages will be resurrected. Thus, in every rescission case brought under TILA, Plaintiffs will insist that they automatically have a valid claim for actual and statutory damages. This logic will render the one-year statute of limitations period for damages meaningless. Statutes are not to be read in a manner that will deprive them of their plain meaning. *United States v. Misc. Firearms*, 376 F.3d 709, 711 (7th Cir. 2004) (The cardinal rule of statutory interpretation is that courts "must first look to the language of the statute and assume that its plain meaning accurately expresses the legislative purpose."); *Gillespie v. Equifax*, 2007 U.S. App. LEXIS 10330, * 7 (7th Cir. 2007) ("When interpreting statutes, we give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent.").

6

IV. **PLAINTIFFS CONCEDE THAT PUNITIVE DAMAGES ARE NOT AVAILABLE UNDER TILA AND CONCEDE THAT THEY DO NOT ALLEGE THE STATE LAWS DEFENDANTS ALLEGEDLY VIOLATED**

The Motion identified nine matters in which Plaintiffs improperly seek punitive damages under TILA. Plaintiffs concede that punitive damages are not available under TILA, but posit instead that they seek punitive damages under various state laws. Despite this purported clarification, the complaints are so vague in their pleading that Defendants remain unable to determine which laws are at issue and whether these unidentified laws provide for punitive damages. Below are the allegations that Plaintiffs now insist provide the basis for their punitive damage claims.

| Case Name | Case No. | Allegation Purportedly Supporting Punitive Damages |
|---|---|---|
| *Applegate, et al. v. Ameriquest Mortgage Co., et al* | ILN 1:06-04867 | Violation of "Florida statutory and common law" |
| *Barletta v. Ameriquest Mortgage Co. et al.* | ILN 1:06-04560 | Violation of "Michigan statutory and common law" |
| *Calder v. Ameriquest Mortgage Co., et al.* | ILN 1:06-05146 | Violation of "New York statutory and common law" |
| *Cashen, et al. v. Ameriquest Mortgage Co., et al.* | ILN 1:06-04683 | Violation of "Illinois statutory and common law" |
| *Cleveland v. Ameriquest Mortgage Co., et al.* | ILN 1:06-04306 | Violation of "Washington statutory and common law" |
| *Dearden v. Ameriquest Mortgage Co., et al.* | ILN 1:06-02912 | Violation of "Washington statutory and common law" |
| *Dougherty, et al. v. Ameriquest Mortgage Co., et al.* | ILN 1:06-02482 | Violation of "Pennsylvania statutory and common law" |
| *Kessler v. Ameriquest Mortgage Co., et al.* | ILN 1:06-04999 | Violation of "Florida common law" |
| *Leach v. Ameriquest Mortgage Co., et al.* | ILN 1:06-05000 | Violation of "Maryland statutory and common law" |

While Defendants understand that the Federal Rules of Civil Procedure provide for notice pleading, the foregoing allegations fail to satisfy even the most liberal notice pleading standards as they do not put Defendants on notice "of the claim" for which relief sought. Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Plaintiffs identified in Appendices 2 and 4 simply fail to identify which of the many statutes or common laws claims are the subjects of their actions.

7

Obviously, as the parties prepare for mediation, it is essential to determine with reasonable certainty what exposure Defendants face with respect to each opt-out complaint. If punitive damages are available, Defendants have a right to know that statutes or common law basis for such relief and should not be left to guess whether the relief is available and to what standards of conduct Defendants will be held.

## V. PLAINTIFFS CONCEDE THAT THEY DO NOT ALLEGE THE FACTUAL CAUSE THAT SUPPORT THEIR CLAIMS

The Plaintiffs identified in Appendix 3 to the Motion concede that they do not state the factual cause that supports their claims for rescission under TILA. Each of these complaints contains the single repetitive legal conclusion that Defendants violated Connecticut state and federal TILA statutes "by failing to adequately notify [plaintiff(s)] of the right to rescind the transaction in the manner set forth [in the statutes.]" The problem here is that the statutes upon which Plaintiffs rely provide multiple bases for disclosure violations, and Defendants are only left to guess *how* they violated the statutes. Defendants cannot be reasonably expected to frame a responsive pleading to these unsupported legal conclusions. Fed. R. Civ. P. 12(e); s*ee also Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996); *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

## VI. CONCLUSION

Plaintiffs' various attempts to salvage their claims after conceding each of Defendants' points fail, and Defendants therefore request that the Court grant the Motion in each respect set forth herein. In light of Plaintiffs' many concessions, Defendant will submit a proposed order to this Court that will comprehensively list the matters with claims that should be stricken.

8

BN 1226993v3

                                                    Respectfully submitted,

DATED: May 11, 2007                    By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

DATED: May 11, 2007                    By: /s/ Thomas J. Wiegand

Attorneys for Argent Mortgage Company, LLC

Thomas J. Wiegand, Esq.
Gregory J. Miarecki, Esq.
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

**CERTIFICATE OF SERVICE**

    I, Bernard E, LeSage, hereby certify that on this 11 day of May 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                By: /s/  Bernard E. LeSage

BN 1226993v3