# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | MDL No. 1715 |
| MORTGAGE LENDING | ) | Lead Case No. 05 C 7097 |
| PRACTICES LITIGATION | ) | Judge Aspen |

*relating to*

| | | |
|---|---|---|
| JOHNNY TREMBLE, | ) | |
| CARMENCITA SIMPSON, | ) | |
| and TAMMY WASHINGTON, | ) | |
| | ) | 05 C 2625 (N.D. Ill.) |
| Plaintiffs, | ) | Originally filed on May 2, 2005 |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN & COUNTRY CREDIT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

*and*

| | | |
|---|---|---|
| ROSE MAYFIELD, | ) | |
| and LARRY DRANE, | ) | |
| | ) | |
| Plaintiffs, | ) | 05 C 6158 (N.D. Ill.) |
| | ) | Originally filed on October 25, 2005 |
| v. | ) | |
| | ) | |
| TOWN & COUNTRY CREDIT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSOLIDATED FAIR CREDIT REPORTING ACT COMPLAINT

### INTRODUCTION

1.      Plaintiffs bring this action against defendant Town & Country Credit Corporation to secure redress for a course of conduct that included the accessing of a consumer report on plaintiffs without plaintiffs' consent or any lawful reason, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1337, and 15 U.S.C.

1

§1681p.

3.      Venue in this District is proper in that defendant does business in this District, and in that several mailings that gave rise to the violations of law complained of were directed to and received by plaintiffs residing in this District.

## PARTIES

4.      Plaintiff Johnny Tremble resides in Bellwood, Illinois.  He received a mailer which was sent to him because his credit information was "prescreened," as that term is generally understood in the context of direct mail marketing (see ¶26, *infra*).  A black-and-white copy of the mailer is marked as <u>Exhibit 1</u>, and was received at his residence in Chicago.

5.      Plaintiff Carmencita Simpson resides in Chicago, Illinois.  She received a "prescreened" mailer, a black-and-white copy of which is marked as <u>Exhibit 2</u>, at her residence.

6.      Plaintiff Tammy Washington resides in Bollingbrook, Illinois.  She received a "prescreened" mailer, a black-and-white copy of which is marked as <u>Exhibit 3</u>, at her residence.

7.      Plaintiff Rose Mayfield resides in Chicago, Illinois.  She received a "prescreened" mailer, a black-and-white copy of which is marked as <u>Exhibit 4</u>, at her residence.

8.      Plaintiff Larry Drane resides in Joliet, Illinois.  He received a "prescreened" mailer, a black-and-white copy of which is marked as <u>Exhibit 5</u>, at his residence.

*Defendant*

9.      Defendant Town & Country Credit Corporation ("Town & Country") is a corporation with offices at 505 City Parkway West, Suite 700, Orange, CA 92868.  It does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.  <u>Exhibits 1-5</u> list a number of defendant's prior office locations within the Chicago metropolitan area.

10.      Defendant Town & Country is engaged in the business of servicing and originating "subprime" mortgages, which generally carry high interest rates and large amounts of fees.

11.     Defendant, as well as other subprime mortgage lenders, have recently been at the center of a mortgage lending crisis, instigated by underwriting practices that allowed loans to be provided to those who could not possibly repay them.  This caused a rise in the number of delinquencies, defaults and foreclosures on mortgage loans.  (Exhibit 6.)

12.     Defendant, on information and belief, uses telemarketing-style operations to induce homeowners to refinance their houses.

13.     Defendant, on information and belief, trains its employees to "promise certain interest rates and fees, only to change those rates at the time of the closing."

**FACTS**

14.     Exhibits 1-5 are black-and-white photocopies of the mailers that plaintiffs received.

15.     Exhibits 1-3 each bear a copyright date of 2005.  Exhibits 4-5 each bear a copyright date of 2004.

16.     Plaintiff Johnny Tremble, based upon the mailer represented by Exhibit 1, filed an original complaint against defendant on May 2, 2005; he was seeking relief for himself and a putative class of similarly situated persons residing in Illinois.

17.     Plaintiff Rose Mayfield, based upon the mailer represented by Exhibit 4, filed an original complaint against defendant on October 25, 2005; she was seeking relief for herself and a putative class of similarly situated persons in Illinois.

18.     To the extent that any of the mailers sent to Illinois plaintiffs other than Johnny Tremble or Rose Mayfield were sent more than two years prior to the filing of this consolidated complaint, any applicable statute of limitations (including 15 U.S.C. §1681p) has been tolled due to the pendency of the action brought by plaintiff Johnny Tremble on May 2, 2005 and Rose Mayfield on October 25, 2005.

19.     Exhibits 1-5 state that the recipient's credit information was used in order to select him or her to receive a solicitation from defendant, through a process generally known as

3

"prescreening." Specifically, these mailers state that "[i]nformation contained in a prequalifying report received from a credit reporting agency was used by us in connection with this offer of credit. Your received this offer of credit because you appeared to satisfy credit criteria under which you were selected for the offer."

20.     On information and belief, these statements, as presented in the respective mailers, are true.

21.     On information and belief, defendant engaged in or arranged for the "prescreening" of consumers based on information in consumer reports held by a consumer reporting agency.

22.     Based on the results of such "prescreening," defendant sent or caused to be sent mailers in the forms represented by Exhibits 1-5 to numerous consumers, including plaintiffs.

23.     Exhibits 1-5 are examples of printed form documents.

24.     Exhibits 1-5 contain the trademarks, service marks and commercial symbols of Ameriquest.

25.     On information and belief, defendant Town & Country approved and authorized the dissemination of material in the forms represented by Exhibits 1-5.

26.     The response telephone numbers, fax numbers, Internet addresses and mailing addresses on Exhibits 1-5 are, or were at one time, used by defendant Town & Country.

27.     On information and belief, defendant Town & Country obtained business as a result of the dissemination of mailers in the forms represented by Exhibits 1-5.

28.     On information and belief, defendant's "prescreening" was intended to identify persons who have poor credit or have recently obtained bankruptcy discharges, for the purpose of targeting them for subprime credit.

29.     Plaintiffs had not authorized defendant to access or use their credit reports, or any information contained therein.

4

30.     Defendant had no reason to believe that plaintiffs had authorized defendant or its agents to access or use plaintiffs' credit reports, or any information contained therein.

31.     Plaintiffs did not initiate any transaction with defendant.

32.     15 U.S.C. §1681a(d) defines "consumer report" as follows:

> **The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—**
>
> > **(A)     credit or insurance to be used primarily for personal, family, or household purposes....**

33.     15 U.S.C. §1681a(f) defines "consumer reporting agency" as

> **any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.**

34.     15 U.S.C. §1681b provides that it is permissible to obtain a consumer report on a consumer only with the written consent of the consumer or for certain "permissible purposes," such as extending credit to the consumer, underwriting insurance, completing a business transaction that is initiated by the consumer, or making a "firm offer of credit or insurance" to a consumer who has not initiated a transaction.  The requester must certify to the consumer reporting agency that such a permissible purpose exists.

35.     15 U.S.C. §1681m(d) requires that a "firm offer" must contain certain disclosures in a "clear and conspicuous" manner  – essentially, that the consumer has a right to prevent further invasions of privacy of like nature, and how to exercise such right.  Section 1681m(d) provides:

> **(d) Duties of users making written credit or insurance solicitations on the basis of  information contained in consumer files**
>
> > **(I) In general.– Any person who uses a consumer report on any**

5

consumer in connection with any credit or insurance transaction that is not initiated by the consumer, that is provided to that person under section I681b(c)(1)(B) of this title, shall provide with each written solicitation made to the consumer regarding the transaction a clear conspicuous statement that–

> (A) information contained in the consumer's consumer report was used in connection with the transaction;

> (B) the consumer received the offer of credit or insurance because the consumer satisfied the criteria for credit worthiness or insurability under which the consumer was elected for the officer;

> (C) if applicable, the credit or insurance may not be extended if, after the consumer responds to the offer, the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria bearing on credit worthiness or insurability or does not furnish any required collateral;

> (D) the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency frombeing used in connection with any credit or insurance transaction that is not initiated by the consumer; and

> (E) the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section I681b(e) of this title.

(2) Disclosure of address and telephone number. - A statement under paragraph (1) shall include the address and toll-free telephone number of the appropriate notification system established under section I68Ib(e) of this title.

(3) Maintaining criteria on file.–A person who makes an offer to credit or insurance to a consumer under a credit or insurance transaction described in paragraph (I) shall maintain on file the criteria used to select the consumer to receive the offer, all criteria bearing on credit worthiness or insurability , as applicable, that are the basis for determining whether or not to extend credit or insurance pursuant to the offer, and any requirement for the furnishing of collateral as a condition of the extension of credit or insurance, until the expiration of the 3-year period beginning on the date which the offer is made to the consumer....

36.     The sending of the materials in Exhibits 1-5 do not constitute a permissible reason for anyone to access plaintiffs' consumer report information without their consent.

37.     The sending of Exhibits 1-5 does not qualify as a "firm offer of credit" within the

meaning of the FCRA, justifying the acquisition of consumer report information without the consent of consumers, in that the purported offer is vague and totally lacking in terms. They have no value beyond a solicitation for loan business, the sending of which is not a permissible purpose for accessing a consumer report. *Cole v. U. S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004); *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006); *Perry v. First National Bank*, 459 F.3d 816 (7th Cir. 2006).

38.     The mailings marked as Exhibits 4-5 fail to contain the required statements in a clear and conspicuous fashion as required. They are on fine print on the back with no reference on the front.

39.     On information and belief, defendant markets its loan products to consumers who are not prescreened, through mailers known in the lending industry as "invitations to apply." Said invitations to apply contain substantially the same amount of information as mailers sent to people whose private credit information was prescreened without their consent.

40.     On information and belief, defendant purposefully withheld information from Exhibits 1-5 about the loan products it would provide to consumers, for announcing such terms in its mailers would not serve defendant's business interest in attracting consumers, given the high rates and fees that it would charge those who received a mortgage from defendant.

## VIOLATION ALLEGED

41.     Plaintiffs incorporate ¶¶ 1-40, by this reference.

42.     Defendant obtained or used the consumer report of plaintiffs without their written permission or a "permissible purpose" under the FCRA.

43.     Defendants failed to make the required disclosures as required by 15 U.S.C. § 1681m(d) in the mailings marked as Exhibits 4-5.

44.     Defendant's violations of the FCRA was willful.

45.     Willfulness is demonstrated by, *inter alia*, defendant's violation of 15 U.S.C. §1681m(d), which provides that consumers be informed of the right to prohibit the use of credit

7

information for the purposes of prescreening, through a "clear and conspicuous disclosure" contained on a prescreened communication. In several instances, the disclosure statements provided by defendant Town & Country are in no way "clear and conspicuous," as they are presented on the back to the mailer in minuscule font, so that the consumer's attention is not drawn towards the information in the disclosure. *Cole*, 389 F.3d at 729-731. (See <u>Exhibits 1-5</u>).

46.     15 U.S.C. §1681n, provides as follows:

**§1681n.  Civil liability for willful noncompliance**

      (a)      **In general.  Any person who willfully fails to comply with any requirement imposed under this title [15 U.S.C. §1681 *et seq*.] with respect to any consumer is liable to that consumer in an amount equal to the sum of—**

            (1)

                  (A)     **any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or**

                  (B)     **in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**

            (2)     **such amount of punitive damages as the court may allow; and**

            (3)     **in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court....**

47.     15 U.S.C. §1681p provides as follows:

**§1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 U.S.C. §1681 *et seq*.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—**

            (1)     **2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or**

      (2)      **5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiffs request that the Court enter judgment in plaintiffs' favor and against defendant for:

    a.      appropriate damages;

    b.      attorney's fees, litigation expenses and costs of suit; and

    c.      such other or further relief as is appropriate.

 

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Jeremy P. Monteiro
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## JURY DEMAND

Plaintiffs demand trial by jury.

 

_____
Daniel A. Edelman

## NOTICE OF LIEN

TO THE DEFENDANT:

Please be advised that we have been retained by the plaintiffs in this case to file suit against you, and that we claim a lien upon said recovery.

_____
Daniel A. Edelman