**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**IN RE AMERIQUEST MORTGAGE CO., MORTGAGE LENDING PRACTICES LITIGATION**

**THIS DOCUMENT RELATES TO: ARCHER, *et al.* v. AMERIQUEST MORTGAGE COMPANY, *et al.*, N.D. ILL, CASE NO. 07-CV-328**

**AMERIQUEST MORTGAGE COMPANY, a Delaware corporation,**

**Third-Party Plaintiff,**

**v.**

**TRISTAR TITLE, LLC an Illinois limited liability company; and DOES 1-10 inclusive,**

**Third-Party Defendants.**

**MDL No. 1715**

**Lead Case No. 05-CV-07097**

**(Centralized before The Honorable Marvin E. Aspen)**

**ANSWER OF DEFENDANT HSBC BANK USA TO AMENDED COMPLAINT**

## ANSWER

Defendant HSBC BANK USA ("HSBC BANK"), by and through its attorneys, answers the Plaintiffs Carolyn Archer's and Carolos Archer's Amended Complaint as follows:

## COMPLAINT

## INTRODUCTION

1. Plaintiffs Carolyn Archer and Carlos Archer bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage and recover damages for violations of (A) the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and (B) state law.

**ANSWER:** **HSBC BANK admits that the plaintiffs brings this action pursuant to 15 U.S.C. § 1601 et seq. ("TILE") and implementing Federal Reserve Board regulation Z, 12 C.F.R. part 226; and state law but HSBC BANK denies that plaintiffs' complaint states a valid claim under that statute or any other valid claim for relief.**

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside there.

**ANSWER:** **HSBC BANK does not contest subject matter jurisdiction, personal jurisdiction, or venue. HSBC BANK denies any remaining allegations of paragraph 2.**

**PARTIES**

3. Plaintiffs Carolyn Archer and Carlos Archer own and reside in a home at 2567 Gilbert Avenue, Niles, MI 49120.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

9. Defendant Ameriquest Mortgage Securities, Inc. ("AMS"), an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

10. Defendant HSBC Bank USA ("HSBC Bank") is a foreign corporation with its headquarters at 1 HSBC Ctr., Buffalo, NY, 14203. It does business in Michigan. It is engaged in the business of, among other things, buying and holding title to "subprime" mortgage loans on Michigan properties.

**ANSWER:** **HSBC BANK objects to the term "subprime" as vague. HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of**

**the intended characterization of "subprime." HSBC BANK admits that it is engaged in the business, among other things, of buying and holding title to loans secured by mortgages when Plaintiffs obtained their loan and that HSBC BANK's headquarters are located at 1 HSBC Center, Buffalo, NY 14203. HSBC BANK denies the remaining allegations of Paragraph 10.**

10.[sic] Defendant HSBC Mortgage Services, Inc. ("HSBC") is a foreign corporation which does business in Michigan. Its registered agent and office as C.T. Corporation System, 30600 Telegraph Road, Bingham Farms, MI 48025.

**ANSWER: HSBC BANK admits that it is a corporation that is incorporated in a state other than Michigan. HSBC BANK does not object to service.**

11. Defendant HSBC Mortgage Services services numerous loans originated by Ameriquest, including plaintiffs', and claims an interest in such loans, including the right to receive payment thereunder. It is joined as a necessary party.

**ANSWER: HSBC BANK denies that it services mortgage loans originated by Ameriquest, including plaintiffs'. HSBC BANK denies the remaining allegations in Paragraph 11.**

**FACTS RELATING TO PLAINTIFFS**

12. On approximately January 4, 2005, Ameriquest employee Ryan Ginther called plaintiffs to offer them a refinance with a 5.375% interest rate.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

13. Ginther took plaintiffs' credit information over the phone. Plaintiff Carolyn Archer then asked him to confirm whether plaintiffs could have the 5.375% interest rate, and Ginther answered they would.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

14. On several occasions between approximately two weeks before closing and approximately three days before closing, plaintiff Carolyn Archer asked Ginther over the phone

what plaintiffs' settlement charges would be. Each time, Ginther replied that he wouldn't be able to answer that until all plaintiffs' paperwork was completely drawn up.

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

15. Ginther refused to tell plaintiffs their actual settlement charges up until the closing.

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

16. On information and belief, plaintiffs were never provided with a written good faith estimate.

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

17. The loan was closed on Jan. 18, 2005.

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

18. Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A. Ameriquest raised both the interest rate and the settlement charges.

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

19. The Borrower's Acknowledgement of Final Loan Terms, Exhibit A, lists the settlement charges of "Original Loan Terms Requested" as $6,192.31. The final settlement charges were then raised to $7,276.52. Exhibit A.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

20. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

21. The following are documents relating to the loan:

a. A note, Exhibit B;

b. A mortgage, Exhibit C;

c. A settlement statement, Exhibit D;

d. A Truth in Lending statement, Exhibit E;

e. A list of "items to be paid off from loan proceeds," Exhibit F;

f. "Itemization of settlement charges," Exhibit G;

g. Several three-day notice of right to cancel forms required by the Federal Reserve Board, Exhibit H, only one of which was completed as required;

h. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit I;

i. A document stating that if plaintiffs paid a discount fee they would receive a discounted interest rate, Exhibit J.

**ANSWER:** **The documents speak for themselves; therefore no answer is required. To the extent an answer is required, HSBC BANK admits that plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. HSBC BANK is without knowledge or information sufficient to form a belief as to whether the documents identified in Paragraph 21 constitute the entire loan file for the plaintiffs.**

22. No Ameriquest employee attended the closing. The only people present at closing were plaintiffs and a young female closing agent employed by the involved title

company, Nations Title Agency of Michigan.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

23. At the closing, plaintiffs realized that the interest rate had been increased to 7.250%. They asked closing agent why the interest rate was higher than what they had been promised. The closing agent responded that plaintiffs run a high-risk business.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

24. Ginther and Ameriquest had been aware of the value of plaintiffs' business when they confirmed the offer of the 5.375% interest rate.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

25. At the time of application, plaintiffs had owned this same business for eleven years and had excellent credit.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

26. Plaintiffs asked at closing if they could still be held accountable for their closing costs if they refused to sign at the higher interest rate. The closing agent replied that she wasn't sure, but thought so since plaintiffs' paperwork had already been drawn up.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

27. The closing agent's statement was false given that the Archers had the right to rescind the mortgage under TILA.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

28. In connection with the loan, Ameriquest arranged for Liberty Appraisal Services to perform an appraisal of plaintiffs' home (Exhibit K). It lists the appraisal value of plaintiffs' home as $212.000.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

29. Prior to closing, Ginther and/or Ameriquest prepared a typed, pre-printed loan application (Exhibit L) that falsely reported the value of plaintiffs' property as $380,000. See Section VI of Exhibit L.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

30. Ginther and/or Ameriquest then arranged to have plaintiffs sign the application containing false information at closing. The application was one of scores of documents and hundreds of pages of documents presented to plaintiffs at closing. The only person besides plaintiffs at closing was an employee of the involved title company, who arrived at plaintiffs' loan in the late evening and said, "I'm just here to get these signed." The closing agent was unable to answer questions truthfully or accurately.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

31. In addition, plaintiffs were charged a "loan discount" fee. Exhibit D, Line 802. On information and belief, they received no discount. Exhibit A.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC**

**BANK denies such allegations.**

32. It was the policy and practice of Ameriquest to engage in "bait and switch" loan solicitation practices: one set of terms was initially quoted after Ameriquest had obtained sufficient information to provide an accurate quote, then more onerous terms (such as the higher interest rate and higher closing costs) were imposed immediately before closing.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

33. This "bait and switch" policy violates the Consumer Mortgage Protection Act, M.C.L.S. §445.1634(3) which provides:

> **A person, appraiser, or real estate agent shall not make, directly or indirectly, any false, deceptive, or misleading statement or representation in connection with a mortgage loan . . .**

**ANSWER: HSBC BANK admits that the Consumer Mortgage Protection Act, MCLS §§ 445.1634(3) and 445.1634(5) contains the language quoted in Paragraph 33. HSBC BANK denies the remaining allegations in Paragraph 33.**

34. Further, M.C.L.S. §445.1634(5) provides:

> **A statement or representation is deceptive or misleading if it has the capacity to deceive or mislead a borrower or potential borrower.**

**ANSWER: HSBC BANK admits that the Consumer Mortgage Protection Act, MCLS §§ 445.1634(3) and 445.1634(5) contain the language quoted in Paragraph 34. HSBC BANK denies the remaining allegations in Paragraph 34.**

35. Plaintiffs were later instructed to pay HSBC Mortgage Services, Inc. On information and belief, HSBC Bank USA owns plaintiffs' loan.

**ANSWER: HSBC BANK admits it is the owner of plaintiff's loan. HSBC BANK denies the remaining allegations in paragraph 35.**

36. In the event HSBC Bank USA does not own plaintiffs' loan, the owners are named as Does 1-5.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

**COUNT 1 – TRUTH IN LENDING**

37. Plaintiffs incorporate paragraphs 1-36

**ANSWER:** **HSBC BANK restates its answers to Paragraphs 1-36 in answer to this paragraph.**

**RIGHT TO RESCIND**

38. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S. C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

**(a) Consumer's rights to rescind.**

> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer-of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §16359f)]**
>
> **(4) When more than one consumer in a transaction has the right to**

**rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) Notice of right to rescind. In a transaction to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires . . . .**

**(f) Exempt transactions. The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations. HSBC BANK denies that Paragraph 38 accurately cites 12 C.F.R. 226.23. HSBC BANK denies the allegations in Paragraph 38 insofar as they purport to make any allegation of wrongdoing by HSBC BANK under said statute. HSBC BANK denies any liability to Plaintiffs. HSBC BANK denies the remaining allegations in Paragraph 38.**

## GROUNDS FOR RESCISSION

39. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the [sic] plaintiffs's right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC**

**BANK denies such allegations.**

40. Ameriquest failed to provide two completed copies per mortgagor of the required disclosures of the plaintiffs' right to cancel in that only one of the federal notices of right to cancel supplied to plaintiff is complete.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

41. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

42. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

43. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER: HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

44. Notice of rescission has been given to defendants. Exhibit M.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations.**

45. The loan has not been rescinded.

**ANSWER:** **HSBC BANK admits that plaintiffs' loan has not been rescinded.**

46. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 46 states a conclusion of law, no answer is required. If any answer is required, HSBC BANK denies any liability to Plaintiff.**

47. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **HSBC BANK admits that the allegations in Paragraph 47 contain the text of 15 U.S.C. § 1635(g). HSBC BANK denies the allegations in Paragraph 47 insofar as they purport to make any allegation of wrongdoing by HSBC BANK under said statute. HSBC BANK denies any liability to Plaintiffs. HSBC BANK denies the remaining allegations of Paragraph 47**

**COUNT II – MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT**

48. Plaintiffs incorporate paragraphs 1-36.

**ANSWER:** **HSBC BANK restates its answers to Paragraphs 1-36 in answer to this paragraph.**

49. Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by engaging in "bait and switch" practices. It promised plaintiffs a

5.375% interest rate and refused to disclose settlement charges after obtaining sufficient financial information to provide an accurate quote, then altered the rate to the plaintiffs' detriment immediately prior to closing, raising the interest rate to 7.25% and the settlement charges to $7,276.52. Exhibit A.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations. HSBC BANK denies the allegations in Paragraph 49 insofar as they purport to make any allegation of wrongdoing by HSBC BANK. HSBC BANK denies any liability to Plaintiffs.**

50. Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by (a) representing that the retention from the loan proceeds of a "loan discount" would result in a reduction of the interest rate (Exhibit I) and (b) then not reducing the interest rate (Exhibit A).

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations. HSBC BANK denies the allegations in Paragraph 49 insofar as they purport to make any allegation of wrongdoing by HSBC BANK. HSBC BANK denies any liability to Plaintiffs.**

51. Plaintiffs were induced to transact with Ameriquest by means of these misrepresentations.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations. HSBC BANK denies the allegations in Paragraph 49 insofar as they purport to make any allegation of wrongdoing by. HSBC BANK denies any liability to Plaintiffs.**

52. Defendant Ameriquest made the representation in the course of trade and commerce.

**ANSWER:** **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations. HSBC BANK denies the allegations in Paragraph 49 insofar as they purport to make any allegation of wrongdoing**

**by HSBC BANK. HSBC BANK denies any liability to Plaintiffs.**

53. Defendant Ameriquest made the representation for the purpose of inducing reliance, in the form of the plaintiffs transacting with Ameriquest.

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations. HSBC BANK denies the allegations in Paragraph 49 insofar as they purport to make any allegation of wrongdoing by HSBC BANK. HSBC BANK denies any liability to Plaintiffs.**

54. Plaintiffs were injured by Ameriquest's misrepresentation.

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations. HSBC BANK denies the allegations in Paragraph 49 insofar as they purport to make any allegation of wrongdoing by HSBC BANK. HSBC BANK denies any liability to Plaintiffs.**

## COUNT III – BREACH OF CONTRACT

55. Plaintiffs incorporate paragraphs 1-36

ANSWER: **HSBC BANK restates its answers to Paragraphs 1-36 in answer to this Paragraph.**

56. This claim is against Ameriquest only.

ANSWER: **No answer is required as to this Paragraph.**

57. Defendant Ameriquest contracted and undertook to provide to plaintiffs a discounted interest rate if plaintiff paid a loan discount fee. (Exhibit I.)

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations. HSBC BANK denies the allegations in Paragraph 49 insofar as they purport to make any allegation of wrongdoing by HSBC BANK. HSBC BANK denies any liability to Plaintiffs.**

58. Plaintiffs paid the fee (Exhibit D, Line 802) but did not receive a discounted rate (Exhibit A).

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations. HSBC BANK denies the allegations in Paragraph 49 insofar as they purport to make any allegation of wrongdoing by HSBC BANK. HSBC BANK denies any liability to Plaintiffs.**

59. Ameriquest thereby breached its agreement.

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations. HSBC BANK denies the allegations in Paragraph 49 insofar as they purport to make any allegation of wrongdoing by HSBC BANK. HSBC BANK denies any liability to Plaintiffs.**

60. Plaintiffs were damaged as a result.

ANSWER: **HSBC BANK is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis, HSBC BANK denies such allegations. HSBC BANK denies the allegations in Paragraph 49 insofar as they purport to make any allegation of wrongdoing by HSBC BANK. HSBC BANK denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, HSBC BANK alleges that the Amended Complaint fails to state a claim on which relief may be granted against this defendant.

2. As a second affirmative defense, HSBC BANK alleges that the claims asserted in the Amended Complaint are barred by the applicable statute of limitations.

3. As a third affirmative defense, HSBC BANK alleges that Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches.

4. As a fourth affirmative defense, HSBC BANK alleges that Plaintiffs' claims are barred, in whole or in part, by the applicable statute of frauds.

5. As a fifth affirmative defense, HSBC BANK alleges that plaintiffs' claims are barred by the equitable doctrine of waiver.

6. As a sixth affirmative defense, HSBC BANK alleges that plaintiffs' claims are barred by the equitable doctrine of estoppel.

7. As a seventh affirmative defense, HSBC BANK alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

8. As an eighth affirmative defense, HSBC BANK alleges that Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of HSBC BANK were excused by the actions of Plaintiffs or others.

9. As a ninth affirmative defense, HSBC BANK alleges that Plaintiffs' claims are barred, in whole or in part, on the grounds that if Plaintiffs were damaged in any manner whatsoever, such damages, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not HSBC BANK, and ay such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. As a tenth affirmative defense, HSBC BANK alleges that Plaintiffs claims are barred, in whole or in part, because HSBC BANK committed no act or omission causing any damage to Plaintiffs

11. As an eleventh affirmative defense, HSBC BANK alleges that Plaintiffs claims are barred, in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

12. As a twelfth affirmative defense, HSBC BANK alleges that Plaintiffs claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Amended Complaint.

13. As a thirteenth affirmative defense, HSBC BANK alleges that Plaintiffs claims are barred, in whole or in part, because they are members of a prior settlement or class that released some or all claims alleged by Plaintiffs.

14. HSBC BANK alleges that it has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. Defendant reserves it right to file an amended answer asserting additional defense, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

**PRAYER**

Defendant HSBC BANK prays this court to:

1. Dismiss plaintiffs' Complaint;
2. Enter judgment for defendant HSBC BANK and against plaintiffs in this action;
3. Award defendant its costs of suit; and
4. Grant defendant any and all further and additional relief as it deems just and appropriate.

DATED this 21st day of May, 2007.

**BUCHALTER NEMER, P.C.**

By: /s/ Bernard E. LeSage
Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

**CERTIFICATE OF SERVICE**

I, Melinda K. Alexander, hereby certify that on this 21st day of May 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Melinda K. Alexander

BN 1236621v3