## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Mary Hall v. Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Deutsche Bank National Trust Company and Citimortgage, Inc.*, Case No. 06 C 6607<br><br>*Charles Rehbock and Linda Rehbock v. Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., AMC Mortgage Services, Inc., and HSBC Mortgage Services , Inc.*, Case No. 06 C 1581<br><br>*Tyrone Walker and Betty Walker v. Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and AMC Mortgage Services, Inc.* Case No. 06 C 2807<br><br>*Thomas Campau and Kathryn A. Campau v. Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., AMC Mortgage Services, Inc., and Deutsche Bank National Trust, N.A.* Case No. 07 C 118<br><br>*Joseph A. Wisniewski and Tasha Winiewski v. Ameriquest Mortgage Company, and Town & Country Credit Corporation* Case No. 06 C 2697<br><br>*Antony Bricker and Michelle Bricker v. Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., AMC Mortgage Services, Inc., and Deutsche Bank National Trust, N.A.* Case No. 06 C 4528 | |

1

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CONSOLIDATED
MOTION TO DISMISS OPT-OUT COMPLAINTS AND MOTION FOR MORE
DEFINITE STATEMENT**

## I.    INTRODUCTION

By this Consolidated Motion, Defendants[1] seek to remedy pleading deficiencies that infect the complaints in nearly all of the actions in which plaintiffs have opted out of the master class complaints.[2] Three of these pleading insufficiencies warrant dismissal with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) of certain plaintiffs because the claims (or complaints) cannot be amended to state a claim upon which relief may be granted. The other deficiency requires dismissal without prejudice pursuant to FRCP 12(e) of plaintiff's claims—in order to allow plaintiff to, if possible, plead her claims with the requisite degree of specificity.

## II.   CONSOLIDATED MOTION TO DISMISS CERTAIN CLAIMS AND CLAIMS FOR RELIEF WITH PREJUDICE PURSUANT TO FRCP 12(b)(6)

A court should grant a motion to dismiss where a complaint does not allege facts that would entitle plaintiff to relief. Fed. R. Civ. P. 12(b)(6); *see Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). And a court should deny leave to amend where it is clear that plaintiff cannot state a claim upon which relief can be granted as a matter of law. *Thompson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004). Applying these standards here, this Court should dismiss with prejudice certain plaintiffs' claims for actual and statutory damages under the Truth in Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA"), claims under 15 U.S.C. § 1961 *et seq.* ("ECOA") and claims for punitive damages under TILA.

### A.    Certain Plaintiffs' Claims For Statutory And Actual Damages Under TILA Are Barred By The Applicable One-Year Statutes of Limitations.

TILA sets forth two different statutes of limitations for claims based on defective disclosures. Claims for <u>rescission</u> must be brought within <u>three years</u> after consummation of the transaction. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Claims for <u>statutory and actual damages</u> under TILA must be brought within <u>one year</u> after consummation of the transaction. 15

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; and Ameriquest Mortgage Securities, Inc.

[2] Defendants addressed these deficiencies with respect to the vast majority of the opt-out complaints in their Consolidated Motion to Dismiss Opt-Out Complaints and Motion for More Definite Statement. (Docket No. 651) The complaints addressed herein were amended after Defendants filed their initial consolidated motion. Plaintiffs' failure to address these deficiencies necessitates the filing of the instant Motion.

U.S.C. § 1640(e); *Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002). Consummation occurs when the plaintiffs become contractually obligated on a credit transaction. *Brown v. NationsCredit Fin. Servs. Corp.*, 349 F. Supp. 2d 1134, 1136 (N.D. Ill. 2005). In the cases in this proceeding brought by borrower plaintiffs, consummation occurred upon the closing of the loans at issue. *See id.*

Plaintiffs in *Rehbock v. Ameriquest Mortgage Company, et al.,* Case No. 06 C 1581 (*Rehbock*), *Walker v. Ameriquest Mortgage Company, et al.* Case No. 06 C 2807 (*Walker*), *Campau v. Ameriquest Mortgage Company, et al.* Case No. 07 C 118 (*Campau*), *Wisniewshi v. Ameriquest Mortgage Company, et al.* Case No. 06 C 2697 (*Wisniewski*) and *Bricker v. Ameriquest Mortgage Company, et al.* Case No. 06 C 4528 (*Bricker*) brought his or her lawsuit more than one year after consummation (*i.e.*, closing) of their loans. In *Rehbock,* plaintiff's loan closed on July 21, 2004 (Amended Complaint ¶ 15, Docket 06 C 1581 No. 35) and plaintiffs' original complaint was not filed until August 1, 2006 (Docket 06 C 1581 No. 1). In *Bricker,* plaintiffs' loan closed on November 11, 2004 (Amended Complaint ¶ 13, Docket 06 C 4528 No. 20) and plaintiffs' original complaint was not filed until August 1, 2006 (Docket 06 C 4528 No. 1). In *Wisniewski,* plaintiffs' loan closed on June 10, 2004 (Amended Complaint ¶ 18, Docket 06 C 2697 No. 33) and plaintiffs' original complaint was not filed until May 15, 2006 (Docket 06 C 2697 No. 1). In *Campau,* plaintiffs' loan closed on December 8, 2004 (Amended Complaint ¶ 15, Docket 07 C 118 No. 18) and plaintiffs' original complaint was not filed until October 13, 2006 (Docket 07 C 118 No. 1). Finally, in *Walker,* plaintiffs' loan closed on April 22, 2005 (Amended Complaint ¶ 21, Docket 06 C 2807 No. 29) and plaintiffs' original complaint was not filed until May 18, 2006 (Docket 06 C 2807 No. 1). Despite the fact that such claims are barred, each of the foregoing plaintiffs seek actual and/or statutory damages under TILA. (Rehbock Amended Complaint p. 9, Docket 06 C 1581 No. 35, Bricker Amended Complaint p. 9, Docket 06 C 4528 No. 20, Wisniewski Amended Complaint p. 8, Docket 06 C 2697 No. 33, Campau Amended Complaint p. 9, Docket 07 C 118 No. 18, Walker Amended Complaint p. 9, Docket 06 C 2807 No. 29.) Because the applicable statute of limitation has expired, plaintiffs' remedy, if any, is rescission. Accordingly, this Court should dismiss with prejudice the claims for actual and statutory damages asserted by each plaintiff in the foregoing matters.

In their oppositions to Defendants' initial Consolidated Motion to Dismiss Opt-Out Complaints and Motion for More Definite Statement (Docket Nos. 722, 723 & 724), counsel for

various plaintiffs attempt to salvage their claims for actual and statutory damages by asserting

that denial of rescission claim made after the expiration of the three day cooling-off period

resuscitates a plaintiffs' claim for actual and statutory damages. This position is contrary to well-

established precedent. While there is no dispute that a creditor's improper refusal to rescind a

loan within 20 days after receipt of a borrower's request that is made within this initial three-day

cooling-off period gives rise to a claim under TILA, in *Webster v. Centex Home Equity Corp.*,

300 B.R. 787 (W.D. Ok 2003), the court distinguished between the unequivocal initial right to

rescind under Section 1635(a) and the extended right to rescind under Section 1635(f). The court

explained: "In a typical case in which the consumer rescinds within three days, there is no

question that the consumer has such a right. However, in a case in which the consumer rescinds

several years after consummation of the transaction, there are bound to be questions, as here,

regarding whether the consumer is legally entitled to affect such a rescission and a court is in the

best position to make such a determination." *Id.* at 802. Accordingly, *Webster* refused to permit

the recovery of damages where the defendant disputed the borrower's basis for applying the

extended right to rescind. *Id.* The reasoning of *Webster* is supported by TILA and simple logic.

For example, Section 1635(b) expressly links the failure to rescind within 20 days to the three-

day right to rescind as follows:

> When an obligor exercises his right to rescind *under subsection (a) of this section*, . . . any security interest given by the obligor, including any such interest arising by operation of law, becomes *void upon such a rescission. Within 20 days after receipt of a notice of rescission*, the creditor *shall* return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b) (emphasis added). The statutory requirement to effectuate the termination

of the security interest in Section 1635(b) is thus directly linked to the unequivocal right of a

borrower to cancel the transaction contained in subsection 1635(a). It is illogical to treat the 20

day provision as a stand-alone requirement that must always be satisfied when there is so much

uncertainty as to the validity of a borrower's request to rescind under the extended right provided

by Section 1635(f). *Webster*, 300 B.R. at 802.

Here, Plaintiffs will likely attempt to read the second sentence of Section 1635(b) in

isolation and strip it from its statutory context and contend that any decision not to rescind a loan

that is made within the extended right to rescind for non-disclosure violations provided under

Section 1635(f) is a stand-alone violation for which a new one-year statute of limitations begins to run from the date of the rescission request. Such a perversion of TILA's statute of limitations provisions has already been soundly rejected by many courts in this District. In *Jenkins*, 231 F. Supp. 2d 737, Judge Bucklo rejected the very argument Plaintiffs make here, stating "TILA violations that are subject to the one-year statute ***cannot be overcome merely by linking them to a rescission claim***." *Id.* at 745 (emphasis added). In *Bell v. Ameriquest Mortg. Co.*, 2004 WL 2973819 (N.D. Ill. Nov. 30, 2004), Judge Shadur struck plaintiff's prayer for damages and rejected the plaintiff's reliance on a case that effectively ignored the one-year statute of limitations by extending the period when the right to rescind is also sought. Of that poorly reasoned decision, Judge Shadur wrote, it "reads Section 1640 as though it is severable: It honors Section 1640(a)(2)(A)(iii)'s statement of liability on the part of a statute-violating creditor while simultaneously reading out of the statute the equally substantive one-year limitation in Section 1640(e) for bringing an action under Section 1640." *Id.* at *1.

In *Rudisell v. Fifth Third Bank*, 622 F.2d 243 (6th Cir. 1980), the Sixth Circuit held that "the right to rescind is not dependent upon the one-year statute of limitations period for a claim for damages [and therefore] borrowers may have a right to rescind even though their ***claim for damages is barred*** by the statute of limitations in 15 U.S.C. § 1640(e)." *Id.* at 280 (emphasis added). In *Rowland v. Magna Millikin Bank of Decatur*, 812 F. Supp. 875, 881 (C.D. Ill. 1992), the court barred plaintiff's damage claims that plaintiff suggested derived from a failure to respond to a rescission request. *See also Pulphus v. Sullivan*, 2003 WL 1964333, *12 (N.D. Ill. April 28, 2003) (underlying claim for disclosure violation did not support untimely damage claims).

To the extent courts read the TILA statute to permit the resurrection of the one-year statute of limitations for claims that are wholly dependent upon the validity of the underlying allegations regarding non-disclosure, Defendants respectfully submit that those cases are distinguishable, not binding authority on this Court or simply wrongly decided. *See, e.g., Belini v. Washington Mutual Bank*, 412 F.3d 17 (1st Cir. 2005); *Aquino v. Public Finance Consumer Discount Co.*, 606 F. Supp. 504 (E.D. Pa. 1985); *Gombosi v. Carteret Mortgage Corp.*, 894 F. Supp. 176, 183 (E.D. Pa. 1995) (holding that "TILA does not apply to the transaction" and not reaching other issues); *Jones v. Ameriquest Mort. Co.*, 2006 U.S. Dist. LEXIS 3788 (N.D. Ill. 2006) (appeal pending); *Clay v. Johnson*, 77 F. Supp. 2d 879 (N.D. Ill. 1999) (reversed on

appeal); *Malfa v. Household Bank F.S.B.*, 825 F. Supp. 1018, 1023 (S.D. Fla. 1993) (court held that plaintiff's right of rescission was "not extended beyond the initial three day period" and that defendant did not violate Section 1635 by refusing to honor plaintiff's extended rescission request).

Further, this interpretation renders the one-year statute of limitations period under Section 1640(e), meaningless by extending it to four years anytime a borrower attempts to exercise the extended right to rescind under Section 1635(f). Moreover, because TILA only provides for three types of remedies--statutory damages, actual damages, or rescission--every complaint brought under TILA after the first year following consummation of the loan, will necessarily seek rescission as it is the only remedy available. Following Plaintiffs' logic, unless a defendant immediately honors a request for rescission, the claim for statutory and actual damages will be resurrected. Thus, in every rescission case brought under TILA, Plaintiffs will insist that they automatically have a valid claim for actual and statutory damages. This logic will render the one-year statute of limitations period for damages meaningless. Statutes are not to be read in a manner that will deprive them of their plain meaning. *United States v. Misc. Firearms*, 376 F.3d 709, 711 (7th Cir. 2004) (The cardinal rule of statutory interpretation is that courts "must first look to the language of the statute and assume that its plain meaning accurately expresses the legislative purpose."); *Gillespie v. Equifax*, 2007 U.S. App. LEXIS 10330, * 7 (7th Cir. 2007) ("When interpreting statutes, we give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent.").

## B.     Plaintiff's Claim Under The Equal Credit Opportunity Act 15 U.S.C. § 1961 *et seq.* Is Barred By The Applicable Two-Year Statutes of Limitations.

Under ECOA, an action must be brought within "two years from the date of the occurrence of the violation." 15 U.S.C. 1691e(f). All of the allegations which purportedly give rise to the ECOA claim brought in *Bricker* arose on or before July 21, 2004. (Amended Complaint ¶¶ 13-18, Docket 06 C 4528 No. 20.) Since the *Bricker* Complaint was not filed until August 1, 2006, plaintiff Michelle Bricker's claim under ECOA must be dismissed as a matter of law.

**C.    Plaintiff's Claims For Punitive Damages Are Barred As A Matter Of Law.**

TILA does not provide for an award of punitive damages.  *See* 15 U.S.C. § 1640(a) (providing for the amount of relief recoverable for a violation of the TILA); *Bond v. Fleet Bank (RI), N.A.*, No. CIVA. 01-177L, 2002 WL 373475, *3 (D. R.I. Feb. 21, 2002) (holding that plaintiff could not recover punitive damages for TILA claim). Plaintiff in *Hall v. Ameriquest Mortgage Company, et al.*, Case No. 06 C 6607 (*Hall*) prays for an award of punitive damages against all defendants. (Complaint p. 4, Docket 06 C 6607 No. 1.) Since such relief is not available as a matter of law, the Court should dismiss with prejudice plaintiff's claims for punitive damages.[3]

## III.    MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e)

A court should grant a motion for a more definite statement under FRCP 12(e) as to a claim for relief based on state law that fails to identify the state law at issue. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005); *see Cetina v. Super Target*, No. 3:04-CV-1475-M, 2004 WL 2434416, at * 1 (N.D. Tex. Nov. 1, 2004); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). In *Hall*, plaintiff asserts a claim under "Taxes statutory and common law", but fails to identify the specific state law allegedly violated by Defendants or give Defendants any guidance to even guess which state law is at issue or what remedies may actually be available to her. Thus, Defendants are deprived of their due process rights to challenge the validity of the claims asserted and the propriety of damages plaintiff seeks.  Accordingly, a more definite statement is warranted and the Court should dismiss the *Hall* Complaint without prejudice.

## IV.    CONCLUSION

As set forth above, the Complaints in *Rehbock, Bricker, Wisniewski, Campau,* and *Walker* were filed more than one year after loan consummation and Plaintiffs' claims for actual and statutory damages under TILA are barred as a matter of law. Further, since the Complaint in *Bricker* was filed more than two years after the occurrence of the events that purportedly gave rise to plaintiff's claim under ECOA, plaintiff's ECOA claim is barred pursuant to 15 U.S.C.

---

[3] Plaintiff will likely attempt to salvage her claim for punitive damages by asserting that the claim is not made in conjunction with her TILA claim, but rather in conjunction with Count Two of her Complaint. As detailed in Section III of the instant motion, Count Two of plaintiff's Complaint is so hopelessly vague that it is impossible to determine what law is at issue much less whether punitive damages are available.

7

1691(f) and must be dismissed with prejudice. In addition, the claim for punitive damages asserted in *Hall* must be dismissed as such damages are not available under TILA. Finally, Defendants cannot meaningfully defend themselves without a more definite statement as to the state laws they purportedly violate in Count Two of the *Hall* Complaint and request that the Court dismiss Count Two without prejudice.

Respectfully submitted,

DATED: May 24, 2007                   By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company;*
*AMC Mortgage Services, Inc.; Town & Country*
*Credit Corporation; and Ameriquest Mortgage*
*Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 24th day of May 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage