# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORHTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
MAY 03 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DWAYNE McLIN and BRIDGETTE McLIN, )
                          Plaintiffs, )
               v. )
AMERIQUEST MORTGAGE COMPANY, ACC )
CAPITAL HOLDINGS CORPORATION, )
HOUSEHOLD FINANCE CORPORATION, )
HSBC MORTGAGE SERVICES and DOES 1 – 5, )
                       Defendants. )

07C 2460
JUDGE MANNING
MAGISTRATE JUDGE NOLAN
JURY DEMAND

### CLAIM FOR DAMAGES AND RESCISSION PURSUANT TO THE TRUTH IN LENDING ACT

Now Comes DWAYNE McLIN and BRIDGETTE McLIN, by and through their attorney, Lloyd Brooks, to file this Complaint against AMERIQUEST MORTGAGE COMPANY, ACC CAPITAL HOLDINGS CORPORATION, HOUSEHOLD FINANCE CORPORATION and HSBC MORTGAGE SERVICES as follows:

#### Nature of the Action

1.    Plaintiffs bring this action against a subprime mortgage lender and its affiliates and assignees for rescission and damages pursuant to the federal Truth In Lending Act for the lender's failure to clearly and conspicuously disclose the borrower's right to cancel a mortgage loan.

#### Parties

2.    Plaintiffs Dwayne McLin and Bridgette McLin reside in a single family home which they own at 420 East 88th Place, Chicago, Illinois 60619.

3.    Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation with its principal offices located in Orange, California and maintains offices in and does business in Illinois. Ameriquest is engaged in the business of originating "subprime" mortgages. Ameriquest makes more than 26 loans per year.

4. Defendant ACC Capital Holdings Corporation, ("ACC") is an affiliate of Ameriquest and transacts business in Illinois. ACC purports to have an interest in loans originated by Ameriquest.

5. Defendant Household Finance Corporation ("Household") is a Delaware corporation with its principal place offices located in New York, N.Y. and maintains offices in and does business in Illinois. Household currently services the subject loan and/or has some other interest in the subject loan.

6. Defendant HSBC Mortgage Services ("HSBC") is a Delaware corporation with its principal offices located in Brandon, Florida and maintains offices in and does business in Illinois. HSBC currently services the subject loan and claims a right to collect payments on the loan account.

### Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

8. This Court has jurisdiction over the defendants who are all doing business in this State and has availed themselves of this State's benefits and protections.

9. Venue is proper in this Court as defendants reside within this judicial district and a substantial portion of the events giving rise to this action occurred within this judicial district.

### Facts

10. On October 14, 2004 the McLins closed a loan with Ameriquest secured by a mortgage lien against Brenda's home.

11. The following are documents relating to the loan:

    (a) HUD-1 Settlement Statement, See Exhibit A, attached to this pleading;

  (b) A document entitled "One Week Cancellation Period", See Exhibit B, attached to this pleading; and,

  (c) A document entitled "Understanding Your Loan", See Exhibit C.

12. The McLins were later directed to make payments to Household and HSBC.

13. On information and belief, ACC and/or Ameriquest and/or Household currently own the McLin's loan. In the event neither ACC, Ameriquest, nor Household own the McLin's loan, the actual owners are named as John Does 1-5.

14. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

15. Because this transaction was secured by Plaintiffs' home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to Plaintiffs' rescission rights pursuant to the Truth In Lending Act, 12 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

16. Regulation Z reads in pertinent part:

§226.23

**(a) Consumer's right to rescind.**

 (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

 (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

 (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

**(b) Notice of right to rescind:**

 (1) In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the

notice is delivered by electronic communication as provided in section 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

**(d) *Effects of rescission.***

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

17. TILA provides in pertinent part:

12 U.S.C.§1640

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A) (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000;

(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

18. The McLins were provided two documents, one labeled "Understanding Your Loan" and the other "One Week Cancellation Period" that each contain language that purports to

limit or indicate to the reader that their right to cancel the loan within the three day period is limited.

19. The "One Week" cancellation confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635. Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long.

20. The "Understanding Your Loan" further confuses the right to cancel because it may mislead a consumer to believe that they need a reason to cancel their loan during the three day cancellation period provided under the TILA.

21. The provision of a document that conflicts with the required Notice of Right to Cancel violates TILA and gives rise to an extended right to rescind the Note and Mortgage, which extends to any assignee.

22. Ameriquest, ACC, Household and HSBC currently claim to have an interest in the subject Note and Mortgage or a right to collect payments from the McLins on the subject loan.

23. The McLins have exercised their right to rescind the loan. See Exhibit D.

24. More than 20 days has passed since the cancellation of the McLins' loan. As of the filing of this action the defendants have failed to properly respond to the cancellation of the subject loan.

WHEREFORE DWAYNE McLIN AND BRIDGETTE McLIN respectfully request that the Court enter judgment in her favor and against defendants for a judgment, capable of recordation in public records, voiding the subject mortgage; statutory damages for the underlying failure to provide Plaintiffs with the proper disclosure or right to cancel the transaction; statutory

damages for the defendants' failure to properly respond to the request for rescission; an order requiring deletion of all adverse credit information relating to the loan; an award of Plaintiffs' attorney's fees and costs of this action; and, such other relief as this Court deems just and appropriate.

                                                      Respectfully Submitted,

                                                      /s/ Lloyd Brooks

State Bar No. 6271994
Lloyd J. Brooks
The Brooks Law Firm                                       Lloyd Brooks
15008 Woodlawn Ave.
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
*Attorney for Dwayne McLin and Bridgette McLin*

### Jury Demand

Plaintiff demands trial by jury.

                                                      /s/ Lloyd Brooks

                                                      Lloyd Brooks