# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORHTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED MAY 03 2007 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| IVAN SIMS | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 07C 2462 |
| | ) |
| AMERIQUEST MORTGAGE COMPANY, | ) JUDGE MORAN |
| ACC CAPITAL HOLDINGS CORPORATION, | ) MAGISTRATE JUDGE |
| AMC MORTGAGE SERVICES, INC. and | ) GERALDINE SOAT BROWN |
| JOHN DOES 1 – 5, | ) JURY DEMAND |
| Defendants. | ) |

### CLAIM FOR DAMAGES AND RESCISSION PURSUANT TO THE TRUTH IN LENDING ACT

Now Comes IVAN SIMS, by and through her attorney, Lloyd Brooks, to file this Complaint against AMERIQUEST MORTGAGE COMPANY, ACC CAPITAL HOLDINGS CORPORATION, and AMC MORTGAGE SERVICES, INC. as follows:

### Nature of the Action

1. Plaintiff brings this action against a subprime mortgage lender and its affiliates for rescission and damages pursuant to the federal Truth In Lending Act for the lender's failure to clearly and conspicuously disclose the borrower's right to cancel a mortgage loan.

### Parties

2. Plaintiff Ivan Sims ("Ivan") resides in a single family home which she owns at 436 W. 101st Place, Chicago, Illinois.

3. Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation with its principal offices located in Orange, California and maintains offices in and does business in Illinois. Ameriquest is engaged in the business of originating "subprime" mortgages. Ameriquest makes more than 26 loans per year.

4. Defendant AMC Mortgage Services, Inc. ("AMC") is a Delaware corporation with its principal place of business located in Orange, California and does business in Illinois. AMC is an affiliate of Ameriquest. AMC services loans originated by Ameriquest and claims an

interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

5. Defendant ACC Capital Holdings Corporation, ("ACC") is an affiliate of Ameriquest and transacts business in Illinois. ACC purports to have an interest in loans originated by Ameriquest.

## Jurisdiction and Venue

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States.

7. This Court has jurisdiction over the defendants who are all doing business in this State and has availed themselves of this State's benefits and protections.

8. Venue is proper in this Court as defendants reside within this judicial district and a substantial portion of the events giving rise to this action occurred within this judicial district.

## Facts

9. On October 14, 2005 Ivan closed a loan with Ameriquest secured by a mortgage lien against Ivan's home.

10. The following are documents relating to the loan:

   (a) An incomplete Notice of Right to Cancel, See Exhibit A, attached to this pleading; and

   (b) A document entitled "One Week Cancellation Period", See Exhibit B, attached to this pleading.

11. Ivan was later directed to make payments to AMC.

12. On information and belief, ACC and/or Ameriquest currently own Ivan's loan. In the event neither ACC nor Ameriquest own Ivan's loan, the actual owners are named as John Does 1-5.

13. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

14. Because this transaction was secured by Plaintiff's home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to Plaintiffs' rescission rights pursuant to the Truth In Lending Act, 12 U.S.C. §1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

15. Regulation Z reads in pertinent part:

§226.23

(a) *Consumer's right to rescind.*

(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

(b)*Notice of right to rescind:*

(1) In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in section 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

**(d)** *Effects of rescission.*

    (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

    (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

    (3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

16. TILA provides in pertinent part:

12 U.S.C.§1640

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A) (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000;

(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

17. The incomplete notice of right to cancel provided to Ivan failed to properly inform him of his right to cancel the transaction, specifically the incomplete notice failed to inform Ivan of the date his right to cancel would expire.

18. Furthermore, Ivan was provided a document labeled "One Week Cancellation Period" that contains language that purports to limit or indicate to the reader that their right to cancel the loan within the three day period is limited.

19. The "One Week" cancellation confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is

purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635. Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long.

20. The provision of a document that conflicts with the required Notice of Right to Cancel violates TILA and gives rise to an extended right to rescind the Note and Mortgage, which extends to any assignee.

21. AMC, ACC and Ameriquest currently claim to have an interest in the subject Note and Mortgage or a right to collect payments from Ivan on the subject loan.

22. Ivan has exercised his right to rescind the loan. See Exhibit C.

23. More than 20 days has passed since the cancellation of Ivan's loan. As of the filing of this action the defendants have failed to properly respond to the cancellation of the subject loan.

WHEREFORE IVAN SIMS respectfully request that the Court enter judgment in his favor and against defendants for a judgment, capable of recordation in public records, voiding the subject mortgage; statutory damages for the underlying failure to provide Plaintiffs with the proper disclosure or right to cancel the transaction; statutory damages for the defendants' failure to properly respond to the request for rescission; an order requiring deletion of all adverse credit information relating to the loan; an award of Plaintiff's attorney's fees and costs of this action; and, such other relief as this Court deems just and appropriate.

State Bar No. 6271994
Lloyd J. Brooks
The Brooks Law Firm
15008 Woodlawn Ave.
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
*Attorney for Ivan Sims*

Respectfully Submitted,

*[signature]*

Lloyd Brooks

## Jury Demand

Plaintiff demands trial by jury.

*[signature]*

Lloyd Brooks