**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Julien, et al. v. Ameriquest Mortgage Company*, Case No. 06-cv-4037 | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OPT-OUT COMPLAINT**

**I. INTRODUCTION**

By this Motion, Ameriquest Mortgage Company ("Defendant") seeks to remedy a pleading defect contained in the *Julien v. Ameriquest Mortgage Co.* complaint, Case No. 06-cv-4037.[1] The pleading defect warrants dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), of Plaintiffs' Truth In Lending Act ("TILA") claim since it cannot be amended to state a claim upon which relief may be granted.

**II. MOTION TO DISMISS CLAIM FOR RELIEF WITH PREJUDICE PURSUANT TO FRCP 12(b)(6)**

A court should grant a motion to dismiss where a complaint does not allege facts that would entitle plaintiff to relief. Fed. R. Civ. P. 12(b)(6); *see Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). And a court should deny leave to amend where it is clear that plaintiff cannot state a claim upon which relief can be granted as a matter of law. *Thompson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004). Applying these standards here, this Court should dismiss, with

---

[1] Defendant addressed this same defect with respect to the vast majority of the opt-out complaints in its Consolidated Motion to Dismiss Opt-Out Complaints and Motion for More Definite Statement. (Docket No. 651) The complaint addressed here was amended after Defendant filed its initial consolidated motion. Plaintiffs' failure to address these deficiencies necessitates the filing of the instant Motion.

prejudice, Plaintiffs' claims for actual and statutory damages under the Truth in Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA").

### A. Plaintiffs' Claims For Statutory And Actual Damages Under TILA Are Barred By The Applicable One-Year Statute of Limitation.

TILA sets forth two different statutes of limitations for claims based on defective disclosures. Claims for <u>rescission</u> must be brought within <u>three years</u> after consummation of the transaction. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Claims for <u>statutory and actual damages</u> under TILA must be brought within <u>one year</u> after consummation of the transaction. 15 U.S.C. § 1640(e); *Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp. 2d 737, 745 (N.D. Ill. 2002). Consummation occurs when the plaintiffs become contractually obligated on a credit transaction. *Brown v. NationsCredit Fin. Servs. Corp.*, 349 F. Supp. 2d 1134, 1136 (N.D. Ill. 2005). Here, consummation occurred upon the closing of the loans at issue. *See id.*

Plaintiffs brought their lawsuit more than one year after consummation (*i.e.*, closing) of their first loan. The loan at issue here is described by Plaintiffs as "Transaction One" and closed on March 10, 2004. (Second Amended Complaint ¶ 7)  But Plaintiffs' original complaint was not filed until February 13, 2006, almost two years later.  Although Plaintiffs' TILA claim for Transaction One is barred by the statute of limitation, Plaintiffs nonetheless seek actual and/or statutory damages under TILA. (Second Amended Complaint p. 14, ¶ 7) However, because the applicable statute of limitation expired, Plaintiffs' sole remedy, if any, is rescission. Accordingly, this Court should dismiss with prejudice the claims for actual and statutory damages asserted by Plaintiffs.

In the oppositions to the initial Consolidated Motion to Dismiss Opt-Out Complaints and Motion for More Definite Statement (Docket Nos. 722, 723 & 724), counsel for various plaintiffs tried to salvage their similarly defective claims for actual and statutory damages by asserting that a denial of rescission claim made after the expiration of the three day cooling-off period resuscitates a plaintiffs' claim for actual and statutory damages. This position is contrary to well-established precedent. While there is no dispute that a creditor's improper refusal to rescind a loan within 20 days after receipt of a borrower's request that is made within this initial three-day cooling-off period gives rise to a claim under TILA, in *Webster v. Centex Home Equity Corp.*, 300 B.R. 787 (W.D. Ok 2003), the court distinguished between the unequivocal initial

right to rescind under Section 1635(a) and the extended right to rescind under Section 1635(f). The court explained:

> In a typical case in which the consumer rescinds within three days, there is no question that the consumer has such a right. However, in a case in which the consumer rescinds several years after consummation of the transaction, there are bound to be questions, as here, regarding whether the consumer is legally entitled to affect such a rescission and a court is in the best position to make such a determination.

*Id.* at 802. Accordingly, *Webster* refused to permit the recovery of damages where the defendant disputed the borrower's basis for applying the extended right to rescind. *Id.*

The reasoning of *Webster* is supported by TILA and simple logic. For example, Section 1635(b) expressly links the failure to rescind within 20 days to the three-day right to rescind as follows:

> When an obligor exercises his right to rescind *under subsection (a) of this section*, . . . any security interest given by the obligor, including any such interest arising by operation of law, becomes *void upon such a rescission*. *Within 20 days after receipt of a notice of rescission*, the creditor *shall* return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b) (emphasis added). The statutory requirement to effectuate the termination of the security interest in Section 1635(b) is thus directly linked to the unequivocal right of a borrower to cancel the transaction contained in subsection 1635(a). It is illogical to treat the 20 day provision as a stand-alone requirement that must always be satisfied when there is so much uncertainty as to the validity of a borrower's request to rescind under the extended right provided by Section 1635(f). *Webster*, 300 B.R. at 802. In *Bills v. BNC Mortgage, Inc.*, 2007 WL 148371, *4 (N.D. Ill. May 11, 2007), for instance, this court recently held that there is no automatic liability flowing from a simple failure to comply with a rescission demand: "An assignee (or the original creditor for that matter) is not automatically liable for a simple failure to comply with a rescission demand. Rescission is not automatic if the lender disputes the borrower's claim that rescission is warranted."

Here, Plaintiffs will likely attempt to read the second sentence of Section 1635(b) in isolation and strip it from its statutory context and thereby contend that any decision not to rescind a loan that is made within the extended right to rescind for non-disclosure violations

provided under Section 1635(f) is a stand-alone violation for which a new one-year statute of limitations begins to run from the date of the rescission request. Such a perversion of TILA's statute of limitations provisions has already been soundly rejected by many courts in this District. In *Jenkins*, 231 F. Supp. 2d 737, Judge Bucklo rejected the very argument Plaintiffs make here, stating "TILA violations that are subject to the one-year statute ***cannot be overcome merely by linking them to a rescission claim***." *Id*. at 745 (emphasis added); *see also Bills*, 2007 WL 148371, *4 (holding that a lender is "not automatically liable for a simple failure to comply with the rescission demand.").

In *Bell v. Ameriquest Mortg. Co.*, 2004 WL 2973819 (N.D. Ill. Nov. 30, 2004), Judge Shadur struck plaintiff's prayer for damages and rejected the plaintiff's reliance on a case that effectively ignored the one-year statute of limitations by extending the period when the right to rescind is also sought. Of that poorly reasoned decision, Judge Shadur wrote, it "reads Section 1640 as though it is severable: It honors Section 1640(a)(2)(A)(iii)'s statement of liability on the part of a statute-violating creditor while simultaneously reading out of the statute the equally substantive one-year limitation in Section 1640(e) for bringing an action under Section 1640." *Id.* at *1.

In *Rudisell v. Fifth Third Bank*, 622 F.2d 243 (6th Cir. 1980), the Sixth Circuit held that "the right to rescind is not dependent upon the one-year statute of limitations period for a claim for damages [and therefore] borrowers may have a right to rescind even though their ***claim for damages is barred*** by the statute of limitations in 15 U.S.C. § 1640(e)." *Id*. at 280 (emphasis added). In *Rowland v. Magna Millikin Bank of Decatur*, 812 F. Supp. 875, 881 (C.D. Ill. 1992), the court barred plaintiff's damage claims that plaintiff suggested derived from a failure to respond to a rescission request. S*ee also Pulphus v. Sullivan*, 2003 WL 1964333, *12 (N.D. Ill. April 28, 2003) (underlying claim for disclosure violation did not support untimely damage claims).

To the extent courts read the TILA statute to permit the resurrection of the one-year statute of limitations for claims that are wholly dependent upon the validity of the underlying allegations regarding non-disclosure, Defendant respectfully submits that those cases are distinguishable, not binding authority on this Court or simply wrongly decided. *See, e.g., Belini v. Washington Mutual Bank*, 412 F.3d 17 (1st Cir. 2005); *Aquino v. Public Finance Consumer Discount Co.*, 606 F. Supp. 504 (E.D. Pa. 1985); *Gombosi v. Carteret Mortgage Corp*., 894 F.

Supp. 176, 183 (E.D. Pa. 1995) (holding that "TILA does not apply to the transaction" and not reaching other issues); *Jones v. Ameriquest Mort. Co.*, 2006 U.S. Dist. LEXIS 3788 (N.D. Ill. 2006) (appeal pending); *Clay v. Johnson*, 77 F. Supp. 2d 879 (N.D. Ill. 1999) (reversed on appeal); *Malfa v. Household Bank F.S.B.*, 825 F. Supp. 1018, 1023 (S.D. Fla. 1993) (court held that plaintiff's right of rescission was "not extended beyond the initial three day period" and that defendant did not violate Section 1635 by refusing to honor plaintiff's extended rescission request).

Further, Plaintiffs' interpretation renders the one-year statute of limitations period under Section 1640(e), meaningless by extending it to four years anytime a borrower attempts to exercise the extended right to rescind under Section 1635(f). But, as this court recently held, a lender is "not automatically liable for a simple failure to comply demand. Rescission is not automatic if the lender disputes the borrower's claim that rescission is warranted." *Bills*, 2007 WL 1438371, *4. Moreover, because TILA only provides for three types of remedies--statutory damages, actual damages, or rescission--every complaint brought under TILA after the first year following consummation of the loan, will necessarily seek rescission as it is the only remedy available. Following Plaintiffs' logic, unless a defendant immediately honors a request for rescission, the claim for statutory and actual damages will be resurrected. Thus, in every rescission case brought under TILA, Plaintiffs will insist that they automatically have a valid claim for actual and statutory damages. This logic will render the one-year statute of limitations period for damages meaningless. Statutes are not to be read in a manner that will deprive them of their plain meaning. *United States v. Misc. Firearms*, 376 F.3d 709, 711 (7th Cir. 2004) (The cardinal rule of statutory interpretation is that courts "must first look to the language of the statute and assume that its plain meaning accurately expresses the legislative purpose."); *Gillespie v. Equifax*, 2007 U.S. App. LEXIS 10330, * 7 (7th Cir. 2007) ("When interpreting statutes, we give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent.").

### III. CONCLUSION

As set forth above, because Plaintiffs' complaint was filed more than one year after consummation of "Transaction One," Plaintiffs' claims for actual and statutory damages under TILA based on "Transaction One" are barred as a matter of law.

                                      Respectfully submitted,

DATED: June 5, 2007                  By:/s/ Bernard E. LeSage

                                      *Attorneys for Ameriquest Mortgage Company*

                                      Bernard E. LeSage, Esq.
                                      Sarah K. Andrus, Esq.
                                      BUCHALTER NEMER, a P.C.
                                      1000 Wilshire Boulevard, Suite 1500
                                      Los Angeles, CA 90017-2457
                                      Telephone: (213) 891-0700
                                      Facsimile: (213) 896-0400

**CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 5th day of June 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage