IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before the Honorable Marvin E. Aspen)<br><br>Magistrate Judge Morton Denlow |

**BORROWER AND NON-BORROWER PLAINTIFFS' JOINT STATUS REPORT**

Lead Class Counsel for the Borrower and Non-Borrower classes jointly submit the following status report as a supplement to their previously submitted status report dated April 24, 2007 [Docket No. 705] in advance of the June 7, 2007 status conference before Judge Denlow.

**I.     CASE STATUS**

On April 26, 2007, Judge Denlow conducted a status conference during which he heard the parties' positions relating to various procedural and discovery related issues. The following matters were resolved:

    A.    <u>Plaintiffs' Expert Witness Designation Deadline</u>

The parties agreed and Judge Denlow allowed an extension of the May 13, 2007 expert disclosure deadline set forth in Judge Aspen's November 7, 2006 Case Management Order to September 13, 2007. [Docket No. 728].

    B.    <u>Motion To Compel Filing Of Amended Master Class Complaints In Compliance With Court's Order [Docket No. 378].</u>

Judge Denlow allowed the Defendants' oral motion to withdraw its Motion To Compel. [Docket No. 728].

C. <u>Protective Order:</u>

Judge Denlow entered the parties' agreed form of protective order. [Docket No. 730].

D. <u>Stipulation Regarding Production Of Plaintiffs' Loan Files:</u>

Judge Denlow entered the parties' Stipulation Regarding Production Of Plaintiffs' Loan files.

E. <u>Defendants' Joinder Of Third Parties And Its Impact On Scheduled Depositions:</u>

In their June 4, 2007 status report, [Docket No. 809], Defendants continue to assert that there are hundreds of necessary parties who are not yet before this Court and that the Court should therefore alter the procedures governing multiple depositions of the same witness. Borrower and Non-Borrower Plaintiffs do not agree that there are necessary parties yet to be added and reserve all rights to object to any proposed joinder in connection with the class complaints. Borrower and Non-Borrower Plaintiffs further assert that there is no current reason to alter Judge Aspen's previously entered case management guideline that allows parties to seek leave to re-depose a previously deposed witness. [Docket No. 284]. It would be premature for the Court to deny *any* party the right to seek such leave at this time. Defendants and the witnesses are adequately protected by the good cause showing that must be made under the existing case management order.

**II. PENDING MATTERS**

The following motions and stipulations are presently pending:

A. <u>Stipulation Regarding Service Of Deposition Notices [Docket No. 807].</u>

The parties have complied with Judge Denlow's April 26, 2007 order to submit a Stipulation relating to electronic service of deposition notices. The parties therefore request that this Court enter their Stipulation Regarding Service Of Deposition Notices.

B.      Motion For Additional Case Management Guidelines [Docket No. 696].

Borrower and Non-Borrower Plaintiffs filed this motion on April 16, 2007 for guidance on various procedural issues including docket management, service requirements and motion noticing requirements. Borrower and Non-Borrower Plaintiffs request that this Court rule upon these issues at its earliest convenience. Borrower and Non-Borrower Plaintiffs renew their positions on this motion previously set forth in their April 24, 2007 status report as follows:

1. Notice of Presentment:

Defendants have misconstrued Borrower and Non-Borrower Plaintiffs request, which is for a waiver of the notice requirement contained in Local Rule 5.3(b), not a request for clarification of Judge Aspen's November 7, 2006 Order relating to briefing schedules. Plaintiffs intend to comply with the briefing schedules in the case management order, but seek to have automatic presentment waived.

2. Docket:

Borrower and Non-Borrower Plaintiffs request that the Court bifurcate the docket into a docket of the class action cases (both borrower and non-borrower) and an individual plaintiffs' docket. Contrary to Defendants' suggestion, they do not seek to trifurcate the docket.

3. MDL Case List:

It remains Borrower and Non-Borrower Plaintiffs' position that Defendants should bear the burden to identify the cases pending in the MDL. Unlike Plaintiffs, Defendants have been served with all pending cases and have primary responsibility for designating cases as MDL "tag-alongs" or appropriate for reassignment in this District pursuant to MDL Rule 7.5(e). Additionally,

3

Defendants has apparently settled or otherwise resolved some cases without notice to the MDL service list. Defendants have also made various representations to the Court about the number and type of cases pending in the MDL that Plaintiffs cannot verify.

### III. DISCOVERY

A. <u>Production Of Documents:</u>

Although Defendants have begun producing required documents, Borrower and Non-Borrower Plaintiffs are still awaiting the production of a substantial number of additional documents. Plaintiffs understand that although the Defendants have produced approximately 120,000 pages of documents, they may have as many as 1.5 million additional pages of production.

Defendants represented that all documents would be produced by April 30, 2007. The delay in production is prejudicing Plaintiffs' ability to take noticed depositions.

B. <u>Depositions:</u>

The parties agreed to dates (June 11-13, 25-29, and July 9-13, 23-27) for Borrower and Non-Borrower Plaintiffs' previously noticed depositions. Because the Defendants have not firmly identified any particular witnesses or the topics on which they may testify, Plaintiffs now believe that depositions cannot commence until June 25, 2007 at the earliest. As addressed above in paragraph III(A), Defendants' unexpected delay in document production is also affecting Plaintiffs' ability to take noticed depositions.

C. <u>Rule 37 Conferences:</u>

Borrower Plaintiffs, Non-Borrower Plaintiffs and Defendants have engaged in and continue to engage in Rule 37 discovery conferences since Judge Denlow's April 26, 2007 status

4

conference to meet and confer in good faith to resolve discovery issues that have arisen during the discovery process. In particular, Borrower, Non-Borrower Plaintiffs and Argent conducted a Rule 37 discovery conference immediately following the April 26, 2007 status conference to narrow their discovery disputes. Borrower and Non-Borrower Plaintiffs are awaiting Argents' compliance with agreements made at that time.  An additional conference was held on June 5, 2007 concerning document production and depositions.

Respectfully submitted,

Dated:  June 5, 2007

| */s/ Kelly M. Dermody* | */s/ Gary Klein* |
|---|---|
| Kelly M. Dermody | Gary Klein |

| | |
|---|---|
| Kelly M. Dermody (CA Bar No. 171716) | Gary Klein |
| Caryn Becker (CA Bar No. 196947) | Elizabeth Ryan |
| LIEFF, CABRASER, HEIMANN | Shennan Kavanagh |
|  & BERNSTEIN, LLP | RODDY KLEIN & RYAN |
| 275 Battery Street, 30th Floor | 727 Atlantic Avenue |
| San Francisco, CA  94111-3339 | Boston, MA   02111-2810 |
| Telephone:  (415) 956-1000 | Telephone:  (617) 357-5500 ext. 15 |
| Facsimile:  (415) 956-1008 | Facsimile:  (617) 357-5030 |

*/s/ Jill Bowman*
Jill Bowman

Jill Bowman
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile:  (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

*/s/ Marvin A. Miller*
Marvin A. Miller

Marvin A. Miller

5

MILLER LAW LLC
101 North Wacker Drive, Ste. 2010
Chicago, IL 60606
Telephone: (312) 525-8316
Facsimile: (312) 525-8231

*Plaintiffs' Liaison Counsel*

CERTIFICATE OF SERVICE

I, Gary Klein, hereby certify that on this 5th day of June, 2007, the foregoing document was filed electronically. Notice of filing was sent to all Filing Users by the Court's ECF system. Filing users may access this document electronically through the Court's ECF system.

/s/ Gary Klein
Gary Klein