IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 1:05-cv-0797 |
| ) ) ) | Centralized before the<br>Hon. Marvin E. Aspen |
| THIS DOCUMENT RELATES TO THE INDIVIDUAL ACTION NAMED BELOW ) ) ) ) ) ) | June 11, 2007 |
| JOHN W. ANDERSON JR., et al.,<br>    Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY, et al.,<br>    Defendants. ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:06-cv-03125<br><br>Hon. Marvin E. Aspen |

PLAINTFFS' MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT, *INSTANTER*

Pursuant to Federal Rule of Civil Procedure 15, the plaintiffs in this action move the Court for leave to file an amended complaint *instanter*. A copy of the original and proposed amended complaints are attached as Exhibits A and B respectively.

1. This action was originally filed in the District of Connecticut on February 9, 2006 as Case No. 3:06-cv-00209. It was subsequently transferred on June 26, 2006 to the Northern

District of Illinois as a tag-along action to MDL No. 1715, *In Re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*.

2.	On February 20, 2007 HSBC Mortgage Services filed an Answer to the complaint and a Statement of Corporate Affiliations and Financial Interests which denied that HSBC Mortgage Services was an assignee and holder of the notes and mortgages described in the twelfth count (Pearl Oliver & Roosevelt Oliver v. Ameriquest & HSBC) and the sixteenth count (Rachel & Shaun O'Rourke v. Ameriquest & HSBC).

3.	HSBC Mortgage Services further stated that Household Realty Corp., an affiliate of HSBC Mortgage Services, was the holder of the Olivers' note and mortgage and that HSBC Bank USA, another affiliate of HSBC Mortgage Services, was the holder of the O'Rourkes' mortgage and note.

4.	The amended complaint replaces HSBC Mortgage Services with HSBC Bank USA, National Association f/k/a HSBC Bank USA and Household Realty Corporation, as appropriate, as defendants in the complaint. Certain paragraphs and the two above-mentioned counts are also adjusted accordingly to reflect this change in parties.

5.	During the course of the discovery process, the plaintiffs have also learned of many other mortgage assignments.

6.	The amended complaint adds these other assignees as defendants in this action and adds relevant assertions describing the assignments.

7.	The allegations of the amended complaint are the same as in the original complaint.

8.	The original and amended complaints assert that the plaintiffs are entitled to rescind their mortgages. According to the Truth in Lending Acts "[a]ny consumer who has the

right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation." 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

9. If this motion is granted, the plaintiffs will dismiss HSBC Mortgage Services from this action.

10. Adding the new defendants to this action will not prejudice any other party to this action. This motion is based on the above described, newly discovered information, which constitutes good cause for granting the plaintiffs leave to amend the complaint.

11. HSBC Bank USA, National Association f/k/a HSBC Bank USA and HSBC Mortgage Services have consented to this motion, conditioned on the plaintiffs' agreement to dismiss HSBC Mortgage Services from this action if this motion is granted.

WHEREFORE the plaintiffs respectfully request that the Court enter an order granting them leave to amend the complaint *instanter*.

PLAINTIFFS,
JOHN W. ANDERSON JR., et al.

/s/Andrew G. Pizor
By: _____
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Andrew G. Pizor (ct27015)
apizor@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/Andrew G. Pizor
    Andrew G. Pizor