## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead case No. 05-7097 |
| _____ | |
| THIS DOCUMENT RELATES TO: | Centralized before the Honorable Marvin E. Aspen |
| *Hall v. Ameriquest Mortgage Company, et al.*, Case No. 06-6607 | |
| *Rehbock, et al v. Ameriquest Mortgage Company, et al.*, Case No. 06-1581 | |
| *Walker, et al v. Ameriquest Mortgage Company, et al.*, Case No. 06-2807 | |
| *Campau, et al v. Ameriquest Mortgage Company, et al.*, Case No. 07-118 | |
| *Wisniewski, et al v. Ameriquest Mortgage Company, et al.*, Case No. 06-2697 | |
| *Bricker, et al v. Ameriquest Mortgage Company, et al.*, Case No. 06-4528 | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION TO DISMISS OPT-OUT COMPLAINTS AND MOTION FOR MORE DEFINITE STATEMENT

Plaintiffs respectfully submit this memorandum in opposition to defendants' motion to dismiss and motion for a more definite statement. As explained more fully below, plaintiffs' claims for statutory and actual damages under TILA are timely since they were filed within one year of the wrongfully rejected rescission requests; Mary Hall is seeking punitive damages under State law, not TILA; and Mary Hall is not required to specify in her complaint all of the State statutes supporting her State law claims.[1]

---

[1] The Brickers concede that their ECOA claim is time-barred.

## I.     TILA DAMAGE CLAIMS ARE TIMELY

Ameriquest argues that the claims for statutory and actual damages under TILA by plaintiffs Rehbock, Walker, Campau, Wisniewski and Bricker ("Plaintiffs") are time-barred because their suits were filed more than one year after consummation of their mortgage refinancing transactions. See Defendant's Memorandum of Law, Doc. 786 at 2-6.  The argument is completely without merit.  Plaintiffs are not seeking TILA damages based on Ameriquest's original disclosure violations.  Rather, Plaintiffs are seeking TILA damages based on defendants' subsequent wrongful refusals to honor Plaintiffs' valid rescission requests, which constitute separate TILA violations.  These suits were filed within one year of those violations, and are therefore timely.

Plaintiffs entered into mortgage refinancing transactions with Ameriquest.  Because of defective disclosures, their time to rescind their mortgage transactions was extended for up to three years.[2]  During their extended rescission periods, Plaintiffs sent rescission notices to defendants. Within twenty days of receiving the rescission notices, defendants should have released their security interests in Plaintiffs' homes and paid back to Plaintiffs any money or property that Plaintiffs have paid to them in connection with the loans.[3]

Defendants failed to honor Plaintiffs' rescission requests and failed to comply with their obligations under 12 C.F.R. § 226.23(d)(2).  Accordingly, Plaintiffs filed suits within one year of defendants' wrongful refusals to rescind.  The suits seek actual damages and statutory damages pursuant 15 U.S.C. § 1640, as well as rescission pursuant to 15 U.S.C. § 1635.  The claims are

---

[2] See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first"). See also 15 U.S.C. § 1635(f); Elliott v. ITT Corporation, 764 F.Supp. 102, 105 (N.D. Ill. 1991) ("If the required notice of the right to rescind or the material disclosures are not, in fact, delivered, the right expires three years after consummation").

[3] See 12 C.F.R. § 226.23(d)(2) ("Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest").

timely because defendants' wrongful refusals to comply with their obligations under 12 C.F.R. §
226.23(d)(2) constitute separate and independent violations of the Truth in Lending Act.

This is the teaching of Elliott v. ITT Corporation, 764 F.Supp. 102 (N.D. Ill. 1991), a
precedent that defendants ignore in their brief.  In Elliott, this Court held that a claim for
damages under Section 1640, based on a lender's failure to honor a Section 1635 rescission
request was timely, even though the suit was filed more than one year after consummation of the
underlying mortgage transaction.  This Court explained:

> Elliott's claim for damages stems from ITT's alleged refusal to accept her demand
> for rescission.  This refusal is the "occurrence" following which, she argues, she
> has a full year to file a claim for damages.  In its reply brief, ITT essentially
> concedes the point in its recognition that "this contention is premised on the
> earlier argument that the complaint constitutes an adequate demand for
> rescission." ITT Reply Memo at 14. We have ruled that the complaint does, in
> fact, satisfy the statutory requirement for "written" notice, and it follows that ITT
> Financial's refusal to rescind may obligate it to pay damages under § 1640.

Id. at 105.

In Jones v. Ameriquest Mortg. Co., 2006 U.S. Dist. LEXIS 3788 (N.D. Ill),  Judge Coar
held that a "damage claim arising from defendants' failure to honor [plaintiff's] notice of
rescission is not time-barred because it was made within one year from the date of that particular
violation" * * * "Accordingly, Plaintiff is entitled to statutory damages for Defendants' failure to
honor her notice of rescission".  Id. at *28.  Jones is currently on appeal.  However, Ameriquest
is not challenging this holding on appeal.

To similar effect is Belini v. Washington Mutual Bank, FA, 412 F.3d 17 (1st Cir. 2005),
in which the U.S. Court of Appeals for the First Circuit held that "TILA permits a damages claim
to be stated by the debtor under 15 U.S.C. § 1640 based on the creditor's alleged failure to
respond properly to the debtor's notice of rescission." Id. at 19. See also id. at 19 ("we join the
approach of four other circuits, and we know of no circuit which has held to the contrary").  The
Court of Appeals explained:

> The statute of limitations for bringing an action under section 1640 is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The "date of the occurrence of the violation," here, is at the earliest the date that Washington Mutual received the Belinis' notice of rescission; in truth, the date of the occurrence is likely twenty days later, when Washington Mutual's time for responding to that notice expired. ... The Belinis' notice was not mailed under May 9, 2003. The "date of the occurrence of the violation" cannot be the date the loan was closed; the closing is not the source of the debtor's complaint and such a rule would create nonsensical results. 15 U.S.C. § 1635(f) states that "[a debtor's] right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," notwithstanding that the necessary material disclosures or forms have not been received. It cannot be that the one-year statute of limitations under section 1640 for a creditor's failing to respond properly to a debtor's notice of rescission expires before the debtor is required to send that notice in the first place. Since the Belinis' second action was filed on May 4, 2004, the action was obviously filed within one year of the "occurrence of the violation."

Id. at 23-24.

> We conclude that the Belinis' claim that they are entitled to damages under 15 U.S.C. § 1640 because of Washington Mutual's failure to return their money and void the security interest on their home within twenty days of receiving their notice of rescission was timely and therefore survives Washington Mutual's motion to dismiss.

Id. at 28. [4]

Ameriquest argues that, as a matter of policy, lenders should not be subject to damages under § 1640 for failing to honor valid rescission requests made during the extended rescission period because there is so much uncertainty as to whether the rescission request is really valid. But TILA is a strict liability statute. Lenders who trigger the extended rescission period by not providing required disclosures should expect to have to pay damages under § 1640 when they ignore valid rescission requests. Furthermore, the rule that Ameriquest is urging would discourage consumers from pursing their rights and would give lenders an incentive to ignore, delay and fight every rescission request to the bitter end.

---

[4] See also Mount v. LaSalle Bank Lake View, 886 F.Supp. 650, 651 (N.D. Ill. 1995) ("A lender's failure to rescind is a separate violation of TILA which gives rise to claims for statutory and actual damages" therefore claim for damages based on refusal to rescind was timely even though loan was consummated more than one year before suit was filed); Gombosi v. Cateret Mortgage Corporation, 894 F.Supp. 176, 182 n.8 (E.D. Pa. 1995) ("the failure to honor a request for rescission constitutes a separate violation of the Act, giving rise to a separate claim for damages").

This would contravene the purpose of the statute. In Fairbanks Capital Corp. v. Jenkins, 225 F.Supp. 2d 910, 917 (N.D. Ill 2002), this Court held that consumers whose rescission requests were wrongfully ignored could recover attorneys fees pursuant to 15 U.S.C. §1640, because:

> [D]enying a consumer whose demand for rescission was refused by an assignee the ability to recover attorney's fees upon successful court action to enforce her TILA rights would undermine the policies underlying the TILA and its private enforcement mechanism. The TILA provides for an award of attorneys fees to a successful consumer in order to ensure that the consumer is made whole and to encourage enforcement of the statute's requirement. [citations omitted] If consumers were precluded from recovering attorney's fees in this context, they would be chilled from seeking enforcement even in meritorious cases, as it is common for TILA plaintiffs to be persons of limited means who are unable to finance expensive litigation.

Fairbanks Capital Corp. v. Jenkins, 225 F.Supp. 2d at 917.

The cases Ameriquest cites in favor of its statute of limitations argument are inconsistent with the law of this circuit, wrongly decided and/or distinguishable. For example, in Rowland v. Magna Millikin Bank, N.A., 812 F.Supp. 875 (N.D. Ill. 1992), the plaintiffs were seeking damages for the original disclosure violation and were not seeking damages for the defendant's subsequent failure to honor the rescission request. See id. at 881-82 ("the violations for which Plaintiffs seek damages occurred more than one year prior to the date Plaintiffs commenced the instant action and Count II is, therefore, time-barred. The Court further finds that Plaintiffs' argument concerning damages for failing to respond to the rescission demand cannot be considered to apply to Count I, because, as noted, Count I does not seek statutory damages under § 1640").

In these cases, by contrast, plaintiffs are seeking damages under § 1640 based on defendants' wrongful refusal to honor their valid rescission requests. The suits were filed within one year of that particular violation and are timely. See also Harris v. Ameriquest Mortg. Co., 2006 U.S. Dist. LEXIS 2441, *7 (N.D. Ill. 2006) ("Ameriquest's failure to honor Harris' June 13, 2005, request for a recision [sic] twenty days after the request was made was an independent violation of TILA for which she can recover damages"); Brown v. Nationscredit Financial

5

Services Corporation, 349 F.Supp.2d 1134, 1137 (N.D. Ill. 2005) (Plaintiff's "damage claim arising from defendants' failure to honor her notice of rescission is not time-barred because it was made within one year from the date of that particular violation").[5]

## II. PLAINTIFF MARY HALL IS ENTITLED TO PUNITIVE DAMAGES UNDER TEXAS LAW

Defendants have also moved to dismiss plaintiff Mary Hall's request for punitive damages on the ground that TILA does not provide for punitive damages. But plaintiff Hall is not seeking punitive damages under TILA. Rather, Plaintiff Hall is seeking punitive damages under Texas law.

Ameriquest recognizes that plaintiff is "likely" seeking punitive damages under State law and does not dispute that plaintiff Hall may be entitled to punitive damages under Texas law. Nevertheless, Ameriquest argues that the legal basis for plaintiff's request for punitive damages is so "vague" that it should be dismissed. See Defendant's Memorandum of Law, Doc. 786 at 7 n.3.

Ameriquest's argument is without merit. The Hall complaint is more than sufficient to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure and to give defendants fair notice that she is seeking punitive damages under Texas law. According to the complaint, plaintiff Hall refinanced her home mortgage with Ameriquest in February 2006. See Hall Complaint, Case No. 06-6607, Document No. 1 at ¶7. Paragraphs 6, 7 and 8 of the complaint allege that Ameriquest prepared documents (whose contents plaintiff did not notice at the closing) which said the mortgaged property was held for investment purposes, even though plaintiff had told Ameriquest that the property was her home and numerous documents in the

---

[5] See also Rowland v. Novus Financial Corporation, 949 F.Supp. 1447, 1455 (D. Haw. 1996) ("while the statute of limitations bars Plaintiff's other damages claims, it does not bar Plaintiff's claim based on the Defendant's alleged failure to respond to Plaintiff's notice of rescission" because "[f]or purposes of this claim the date of the 'occurrence is either the date on which Plaintiff exercised his right of rescission ... or on which Defendant failed to respond" and suit was filed within a year of both dates); Malfa v. Household Bank, F.S.B., 825 F.Supp. 1018, 1019 (S.D. Fla. 1993) ("the refusal to honor a rescission notice, in violation of 15 U.S.C. § 1635, gives rise to a separate § 1640 claim for damages" * * * "Since the Malfas brought this action within one year of the bank's refusal to honor their rescission notice, their resultant § 1640 claim is not barred by the statute of limitations").

loan file (copies of which are attached to the complaint) show that the mortgaged property is plaintiff's primary residence. See Hall Complaint, Document No. 1 at ¶8. According to paragraph 9 of the complaint, Ameriquest did not provide plaintiff with a Notice of Right to Cancel form. See Hall Complaint, Document No. 1 at ¶9. This was a violation of Texas law as well as federal law. Paragraph 9 of the complaint alleges that Ameriquest did not provide to plaintiff the disclosures required by Article 16, Section 50(a)(6) of the Texas Constitution. See id. Paragraph 21 of the complaint also alleges that defendants failed to take corrective action, as prescribed by the Texas Constitution, after their violation of plaintiff's rights was called to their attention. See id. at ¶21.

In addition, Paragraphs 18, 19 and 20 of the complaint allege that Ameriquest violated plaintiff's rights under Texas law by engaging in an unlawful bait and switch. The details of the bait and switch are set forth in paragraph 10 of the complaint. See id. at ¶10. Prior to the refinancing, plaintiff Hall had been paying 6.25% on her mortgage. Ameriquest deceived plaintiff by leading her to believe that her mortgage interest rate with Ameriquest would be less than 6.25% she had been paying and then switching her into a mortgage with a 7.5% interest rate. See id.

These allegations are more than sufficient to satisfy federal notice pleading standards. See Bell Atlantic Corporation v. Twombly, 2007 U.S. LEXIS 5901, *47 (May 21, 2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face"). As the Court of Appeals for the Seventh Circuit explained in an opinion that the Supreme Court twice cited with approval in Twombly, (see Twombly, 2007 U.S. LEXIS at *21, *35):

> One pleads a "claim for relief" by briefly describing the events. At this stage the
> plaintiff receives the benefit of imagination, so long as the hypotheses are
> consistent with the complaint. ... Matching facts against legal elements comes
> later.

Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994).

It was not necessary for plaintiff to go further and specify that she was seeking punitive damages under Texas law rather than under TILA. First, it was obvious that plaintiff was seeking punitive damages under State law rather than TILA since TILA does not provide for punitive damages whereas Texas law does. Second, the Court of Appeals for the Seventh Circuit "has repeatedly held that pleaders in a notice system do not have any obligation to plead legal theories." McDonald v. Household Intern. Inc., 425 F.3d 424, 427 (7th Cir. 2005). See also Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078-79 (7th Cir. 1992) ("the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal").

### III.    MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED

For similar reasons, Ameriquest's motion for a more definite statement should be denied. The Hall complaint contains sufficient factual detail to satisfy the Federal Rules of Civil Procedure. There is no requirement that the complaint also identify the particular provisions of Texas law which defendants violated. See Twombly. U.S. LEXIS at * 35, quoting in part from Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint'").

As the Court of Appeals explained in Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278 (7th Cir. 2002), the plaintiff is not required to plead "legal theories or cases or statutes, but merely to describe his claim briefly and simply." Id. at 282. "In a suit to collect on a promissory note, for example, all the plaintiff has to allege is that he is holding the defendant's note to him and the defendant owes him dollars on it. He doesn't have to specify the statute or common law principle that the defendant has violated by failing to pay him." Id. at 282.

All that is required are sufficient facts to set forth a plausible claim for relief. The Court of Appeals for the Seventh Circuit "has repeatedly held that pleaders in a notice system do not have any obligation to plead legal theories." McDonald v. Household Intern. Inc., 425 F.3d 424, 427 (7th Cir. 2005). Thus, for example, in Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998), the

Court of Appeals rejected an argument very similar to that put forward by defendants here, stating:

> Defendants urge on us another supposed defect in the complaint. They observe that the complaint seeks relief under state as well as federal law but that it does not identify any "state causes of action." This is a defect, however, only if a complaint must identify legal theories. It need not. This is the difference between notice pleading and code pleading; abandonment of code pleading is the fundamental choice behind Rule 8, the reason why it does not contain the phrase "cause of action," a term of art in code-pleading days. ... Defendants received notice that Bennett believed that their refusal to hire her was racial discrimination; that is all the notice a complaint has to convey. .... [H]aving stated a discrimination claim the complaint need not offer specifics about which rules of law, state or federal, racial discrimination offends.

Id. at 518-19 (emphasis in the original).

Nor can defendants establish a heightened pleading standard by filing a motion for a more definite statement under Rule 12(e) rather than a motion to dismiss under Rule 12(b)(6). "Under Federal Rule of Civil Procedure 12(e), a more definite statement of facts is necessary only where the complaint 'is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.' The degree of specificity required must be measured against the lenient notice-pleading standard employed by the federal courts." Kim v. Eiu Soeb Kim, 360 F.Supp.2d 897, 902-03 (N.D. Ill. 2005). As this Court has explained:

> Rule 12(e) allows for a more definite statement only where the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e), Motions for a more definite statement are generally disfavored, and are usually granted only when the pleading is so unintelligible that the movant cannot draft a response. ... Unless the claim is one that must be pled with particularity, see Fed. R. Civ. P. 9(b), a pleading need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a).

Guess ?, Inc. v. Chang, 912 F.Supp. 372, 381 (N.D. Ill. 1995).

The Hall complaint sufficiently alleges violations of Texas law. There is no requirement that plaintiff go further and identify in her complaint all the provisions of Texas law that defendants violated. See also 5C Wright & Miller, Federal Practice & Procedure Civil 3d at § 1376 (2004) ("One fundamental aspect of the federal rules is the notion that a plaintiff who

identifies the transaction or occurrence from which his grievance stems and specifies the injury inflicted upon him in a way that at least indicates some possibility of a right to legal redress has stated a claim for relief and is entitled to flesh out his case by discovery. It never was intended that the motion for a more definite statement should upset this plan by obliging the plaintiff to plead in more specific terms at the outset of the action").

**CONCLUSION**

Because of the foregoing, defendants' motion to dismiss and motion for a more definite statement should be denied.

Respectfully Submitted:

/s/ Anthony P. Valach, Jr
Counsel for the Mary Hall

THE LAW OFFICES OF DANIEL HARRIS
Anthony Valach
Daniel Harris
150 N. Wacker Dr., Suite 3000
Chicago, IL 60606
Telephone: (312) 960-1802
Facsimile: (312) 960-1936

/s/ Daniel A. Edelman
Counsel for Rehbock, Walker, Campau,
Wisniewski, & Bricker

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, &
GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

<u>CERTIFICATE OF SERVICE</u>

I, Anthony P. Valach, Jr., hereby certify that on this 14th day of June 2007, a true and correct copy of **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION TO DISMISS OPT-OUT COMPLAINTS AND MOTION FOR MORE DEFINITE STATEMENT** was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: June 14, 2007                    THE LAW OFFICES OF DANIEL HARRIS


                                        By:  _____/s/ Anthony Valach_____

                                        THE LAW OFFICES OF DANIEL HARRIS
                                        150 N. Wacker Drive, Suite 3000
                                        Chicago, Illinois 60606
                                        Telephone: (312) 960-1802
                                        Facsimile: (312) 960-1936