IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: <br> *HALL v. AMERIQUEST MORTGAGE COMPANY, ET AL* Case No. 06-CV-6607 | |

**DEFENDANT CITIMORTGAGE, INC.'S JOINDER IN DEFENDANTS' CONSOLIDATED MOTION TO DISMISS OPT-OUT COMPLAINTS AND MOTION FOR MORE DEFINITE STATEMENT**

Defendant CitiMortgage, Inc. ("CitiMortgage") hereby joins in the Motion to Dismiss Borrowers' Complaints And Motion For A More Definite Statement (the "Motion") filed by defendants Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; and Ameriquest Mortgage Securities, Inc. [Docket Nos. 785 and 786]. In addition to the arguments advanced in the Motion which require dismissal of plaintiff Mary Hall ("Hall")'s Opt-Out Complaint (the "Complaint"),[1] CitiMortgage states as follows:

In the Complaint, Hall seeks to hold CitiMortgage liable for supposed violations of law in connection with the origination of Hall's loan to refinance her primary residence. (*See*, *e.g.*, Complaint, ¶¶ 2-10, 11-21.) Hall's claims arise primarily out of the negotiations of loan terms between the lender and herself, and the events that occurred at the loan closing, including a purported failure to provide the required notice of right to rescind the loan. (*See id.*, ¶¶ 6-10.)

---

[1] Hall's case, 06-CV-6607, was reassigned to this court on May 9, 2007.

1

However, CitiMortgage did not originate Hall's loans. Indeed, the complaint alleges that CitiMortgage's only role in connection with Hall's loan is as a servicer. (Complaint, ¶4.) By definition, a loan servicer has no involvement in approaching potential borrowers, negotiating loan terms, or the loan closing. Further, the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), expressly disclaims liability for loan servicers for disclosure violations. 15 U.S.C. § 1641(f)(1). Accordingly, allegations related to the origination of loan, including that defendants "engaged in a bait and switch by baiting plaintiff into the mortgage transaction" (Complaint, ¶ 18), have no basis in law or fact – and cannot stand – against CitiMortgage.

Nor can plaintiff maintain that CitiMortgage is a necessary party under Fed. R. Civ. P. 19(a). As Judge Gettlemen of this district recently emphasized in granting a motion to dismiss a servicer pursuant to Fed. R. Civ. Proc. 12(b)(6), because a servicer's interest automatically terminates upon rescission, any concern that the servicer might thereafter take any adverse action on the loan "is purely speculative and does not warrant retaining [the servicer] as a defendant." *Bills v. BNC Mortgage, Inc.*, 2007 WL 1438371, at *2 (N.D. Ill. May 11, 2007) (quoting *Walker v. Gateway Financial Corp.*, 286 F. Supp. 2d 965, 969 (N.D. Ill. 2003)).

Finally, because Plaintiff's claims against CitiMortgage for statutory damages are barred by TILA's one year statute of limitations and the express provisions of 15 U.S.C. § 1641(f)(1), the allegations of the Complaint against CitiMortgage should be dismissed with prejudice.

For all of the foregoing reasons, CitiMortgage respectfully requests that this Court dismiss the Complaint against CitiMortgage with prejudice.

DATED: June 21, 2007					Respectfully submitted,

							CITIMORTGAGE, INC.

							By: /s/ Debra Bogo-Ernst
								One of Its Attorneys

								Lucia Nale
								Debra Bogo-Ernst
								MAYER, BROWN, ROWE & MAW LLP
								71 South Wacker Drive
								Chicago, IL 60606
								(312) 782-0600

**CERTIFICATE OF SERVICE**

I, Debra Bogo-Ernst, hereby certify that on this 21st day of June 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Debra Bogo-Ernst