UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE AMERIQUEST MORTGAGE COMPANY MORTGAGE LENDING PRACTICES LITIGATION** | **MDL No. 1715**<br><br>**Lead Case No. 05-cv-07097**<br><br>**Centralized before Judge Marvin E. Aspen** |
| **THIS DOCUMENT RELATES TO:**<br><br>**JULIEN V. AMERIQUEST MORTGAGE CO.**, Case No. 06 C 4037 (N.D. Ill.) (transferred for pretrial proceedings; transferor court case no. 1:06-CV-00320-CAP (N.D. Ga.)) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO DISMISS

On April 24, 2007, this Court granted Plaintiffs' Motion for Leave to File Second Amended Complaint *Instanter* ("Motion to Amend"). On that same day, Plaintiffs' Second Amended Complaint was filed and was electronically served on Defendant Ameriquest Mortgage Company ("Ameriquest"). Under Rule 15(a), Federal Rules of Civil Procedure, Ameriquest was required to file a response to Plaintiffs' Second Amended Complaint within ten days after service, or by May 11, 2007. Ameriquest failed to meet this requirement.

On June 5, 2007, nearly four weeks late, Ameriquest filed Defendant's Motion to Dismiss Opt-Out Complaint ("Motion ")[1] and a Memorandum in Support of Defendant's Motion

---

[1] Although in its caption Ameriquest's Motion suggests that it seeks dismissal of Plaintiffs' Second Amended Complaint in its entirety, this is not true. Rather, the Motion addresses only one portion of one claim brought under the Truth in Lending Act, with regard to only one of two different mortgage transactions that are at issue herein.

to Dismiss Opt-Out Complaint ("Memorandum"). Nowhere in the Motion, the Memorandum, or any other document or pleading has Ameriquest sought permission to file a late response to Plaintiffs' Second Amended Complaint. Thus Ameriquest's Motion must be denied and Ameriquest should be declared to be in default in this action.

Ameriquest contends that, with regard to the earlier of the two transactions in issue herein, Plaintiffs are barred by the statute of limitations at 15 U.S.C. § 1640(e) from seeking damages for Ameriquest's refusal to honor Plaintiffs' rescission demand under the Truth in Lending Act ("TILA"). However, Ameriquest made the same contention, unsuccessfully, in opposing Plaintiffs' Motion to Amend. (See Def. Ameriquest Mortgage Company's Opp'n to Pls.' Mot. for Leave to File Sec. Am. Compl., at 2-3; Doc. 466.)

Even if this Court does not declare Ameriquest to be in default, entertains Ameriquest's untimely Motion, and takes a second look at the above contention that the Court previously rejected, the contention must again be rejected. First of all, the keystone of Ameriquest's argument is patently false. Ameriquest asserts that the TILA statute of limitations runs from "consummation" of the transaction. (Mem. at 2.) However, the actual statutory language (which Ameriquest fails to quote or even acknowledge) is different. According to the statute itself, the TILA limitation period for damage claims is one year from the "occurrence of the violation." 15 U.S.C. § 1640(e). Obviously, the date of a TILA violation can be later than the date of consummation of the transaction, when the violation is refusal of a rescission demand.[2]

---

[2] Wrongful refusal of a rescission demand would be a violation of the requirements of 15 U.S.C. § 1635(b). It is clear that such a violation triggers the TILA damage penalty. See 15 U.S.C. § 1640(a) (applicable to "any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title").

In paragraphs 46-52 of the Second Amended Complaint, Plaintiffs allege that they exercised in a timely manner their right under TILA to rescind the earlier of the two mortgage transactions in issue by sending a rescission demand to Ameriquest on June 10, 2006. Plaintiffs also allege that Ameriquest received the demand on June 13, 2006, and did not meet the demand within the statutory period for doing so. The statutory period was twenty days. See 15 U.S.C. § 1635(b). Thus, at least as of July 5, 2006, Ameriquest was, under Plaintiffs' allegations, in violation of TILA for wrongful refusal to honor a rescission demand within the time prescribed.

As shown above, the TILA limitation period for damage claims is one year from the "occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiffs' Second Amended Complaint was filed on April 24, 2007, well short of a year from the July 5, 2006 occurrence of the violation in question. Thus Plaintiffs' damage claim with regard to refusal of rescission is not time-barred.

The above analysis is directly supported by a decision in one of Ameriquest's own cases in this District. In Harris v. Ameriquest Mortgage Co., No. 05 C 4025, 2006 U.S. Dist LEXIS 2441 (N.D. Ill. Jan. 19, 2006), the court held that Ameriquest's failure to honor a TILA rescission demand was a new and independent violation of TILA, giving the borrower a right to seek damages for one year thereafter. 2006 U.S. Dist LEXIS 2441 at *7. Many other decisions are in accord with Harris. Ameriquest lists some of them, (see Def.'s Mem. at 4-5). Other such decisions are cited in Individual Claims Steering Committee's Memorandum in Opposition to Defendants' Motion to Dismiss Opt-Out Complaints and for More Definite Statement (Doc. 723, filed April 30, 2007) ("Committee Opposition") and Plaintiffs' Response in Opposition to Defendants' Consolidated Motion to Dismiss Opt-Out Complaints and Motion for More Definite Statement (Doc. 823, filed June 14, 2007)("Plaintiffs' Opposition"). Plaintiffs adopt and

incorporate herein by reference the arguments and authorities in the Committee Opposition and Plaintiffs' Opposition.

In its Motion, Ameriquest's basic position is as follows: Even though a TILA consumer has three years to rescind a mortgage (when certain disclosures are not properly made), see 15 U.S.C. §§ 1635(a), 1635(f), after the first of those three years the consumer has no damage remedy if the creditor wrongfully refuses to honor the rescission demand. There is no policy justification for this position. In fact, the First Circuit Court of Appeals has called the position "nonsensical." See Belini v. Washington Mutual Bank, FA, 412 F.3d 17, 26 (1st Cir. 2005) ("It cannot be that the one-year statute of limitations under *section 1640* for a creditor's failing to respond properly to a debtor's notice of rescission expires before the debtor is required to send the notice in the first place.")

Ameriquest does set forth an alternative argument that is not based on a misinterpretation of the one-year limitation period for damages under TILA. It is a more extreme argument, based on a different misreading of TILA. Ameriquest claims that a creditor is never liable for refusing a TILA rescission demand unless the consumer is exercising the "unequivocal initial right to rescind" under 15 U.S.C. 1635(a). This "unequivocal" rescission right is, Ameriquest contends, available only during the first three days from consummation of the mortgage transaction. (Def.'s Mem. at 2-3.)

In support of this alternative argument, Ameriquest claims that the creditor's duty under 15 U.S.C. § 1635(b) to respond to a rescission demand is "directly linked" by cross-reference to 15 U.S.C. § 1635(a), which describes the "unequivocal" rescission right. (Def.'s Mem. at 3.) However, the language in section 1635(a) that is referred to in section 1635(b) clearly allows

4

rescission beyond three days from the transaction date. The consumer can rescind during the three business days "following the consumation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." 15 U.S.C. § 1635(a)(emphasis added).

The Webster case that Ameriquest cites in support of its alternative argument is distinguishable. In Webster the creditor did not, like Ameriquest herein, simply ignore the rescission demand. Rather, the creditor tendered a release of the subject mortgage into court and sought a court determination of whether rescission was proper and a court modification of the normal rescission procedures. See Webster v. Centex Home Equity Corp., (In re Webster), 300 B.R. 787, 801-02 (Bankr. W.D. Okla. 2003).

In general, the case authorities upon which Ameriquest relies address issues that are not really present herein. Plaintiffs do not claim that a creditor "automatically" incurs liability for damages for refusal to rescind, whether or not the refusal was justified. Plaintiffs seek damages for an unjustified refusal to rescind. The question is not whether Plaintiffs' rescission demand was automatically effective. Even if "rescission is not automatic when a notice of rescission is sent, . . . a creditor can still be held liable for wrongfully refusing to rescind when asked to do so by a debtor." Belini, 412 F.3d at 25 n.3.

Also, contrary to Ameriquest's assertions, Plaintiffs do not seek to "resuscitate" any damage claim whose limitation period has expired. All of the TILA damage claims asserted by Plaintiffs were originally brought within the applicable limitation period.[3]

---

[3] With regard to the mortgage identified in Plaintiffs' Second Amended Complaint as "Transaction One," which was consummated on March 10, 2004, Plaintiffs do not seek damages

**CONCLUSION**

Under the above arguments and authorities, and under this Court's previous Order herein dated April 24, 2007, Ameriquest's Motion must be denied. Furthermore, Ameriquest should be declared in default in this action for failing to file a response to Plaintiffs' Second Amended Complaint until nearly four weeks after the deadline for doing so.

Since Ameriquest's Motion is clearly unmeritorious, there is no need for the oral argument that Ameriquest has requested.


Respectfully submitted,

s/Charles M. Baird
Charles M. Baird
Georgia Bar No. 032500
Attorney at Law
235 Peachtree Street
Suite 400
Atlanta, Georgia 30303-1400
(404) 287-2383
Direct Line: (404) 522-9485
Fax (404) 627-7056
charlesmbaird@att.net

Attorney for Plaintiffs

---

for disclosure violations. Such damages would be time-barred. However, all of the other TILA damage claims asserted by Plaintiffs (regarding either disclosure violations or refusals to rescind) were brought within one year of the relevant violation and thus were timely.

**CERTIFICATE OF SERVICE**

  I certify that on June 22, 2007, the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

  <u>s/Charles M. Baird</u>
  Charles M. Baird