# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| MICHAEL BOWE; MAURO TROETTI; | ) |
| KEVIN COPELAND; DAVID SULLIVAN & | ) |
| DRUCIE BATHIN; HERBERT C. RANDALL & | ) |
| ANNE RANDALL; ANTHONY J. MORIN & | ) |
| DEBORAH L. MORIN; MICHAEL F. SMAIL, SR.; | ) |
| CONSTANCE STRIPLING; | ) |
| TRICIA A. SAFFERSTEIN & | ) |
| GARY R. SAFFERSTEIN; CAROLYN JUSTUS; | ) |
| LORRAINE P. SIBLEY; NADEJDA FOURNIER; | ) |
| BARBARA DESROSIERS; | ) |
| JO-ANN ROSEMARY LOWMAN; | ) |
| DEAN A. COCCHIOLA; | ) |
| ALLAN JIMENEZ & KELLY LEWIS-JIMENEZ; | ) |
|     PLAINTIFFS, | ) |
|  | ) |
| v. | ) |
|  | ) |
| AMERIQUEST MORTGAGE COMPANY, | ) |
| DEFENDANT. | ) |

CASE NO:

3: 06cv119 (MRK)

COMPLAINT

JURY TRIAL
DEMANDED

JANUARY 20, 2006

## INTRODUCTION

1.  This is a suit brought by twenty-one consumers residing in Connecticut who collectively entered into sixteen mortgage loans with the defendant, Ameriquest Mortgage Company. The plaintiffs claim that Ameriquest violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, (collectively "the Acts") in each of their transactions by failing to provide them with the notification of their right to rescind the mortgage as required by the Acts and Regulation Z (12 C.F.R. Part 226).

2.  The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with the defendant.

3.  All plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

4.  All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the defendants' misconduct.

5.  The defendant, Ameriquest Mortgage Company, is a foreign corporation with a primary place of business in Orange, California.

**JURISDICTION**

6.  Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e), 28 U.S.C. §§ 1331 and 1332.

7.  This court has jurisdiction over the defendant because it regularly conducts business in this state.

8.  Venue in this court is proper, as the plaintiffs are all residents of Connecticut and the action concerns real property located in this state.

**FIRST COUNT**
**(MICHAEL BOWE)**

9.  On or about March 24, 2004 Michael Bowe entered into a loan agreement with the Defendant and provided a mortgage on his residence to secure the indebtedness.

10.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

11.     This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

12.     In the course of this consumer credit transaction, Defendant violated the state and
federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the
transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §
226.23(b).

13.     The Plaintiff has a continuing right to rescind the transaction until the third
business day after receiving notice of the right to rescind, up to three years after consummation
of the transaction.

14.     The Plaintiff exercised his extended right to rescind the contract by sending notice
(via counsel) to Defendant by certified mail dated June 7, 2005, which notice was received by
Defendant.

15.     More than twenty calendar days have passed since Defendant received the notice
of rescission.

16.     The Defendant has failed to take any action necessary or appropriate to reflect the
termination of any security interest created under the transaction as required by C.G.S. § 36a-
683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

17.     The Defendant has failed to return to the Plaintiff any money or property given to
anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg.
Z. § 226.23(d)(2).

18.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S.
§ 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

3

b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney fee.

## SECOND COUNT
## (MAURO TROETTI)

19.     On or about September 3, 2004 Mauro Troetti entered into a loan agreement with the Defendant and provided a mortgage on his residence to secure the indebtedness.

20.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

21.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

22.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

4

23.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

24.     The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated May 26, 2005, which notice was received by Defendant.

25.     More than twenty calendar days have passed since Defendant received the notice of rescission.

26.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

27.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

28.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

e.   Statutory damages of $2,000 for Defendant's failure to respond properly to

    Plaintiff's rescission notice;

f.   Forfeiture of loan proceeds;

g.   Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney fee.

**THIRD COUNT**
**(KEVIN COPELAND)**

29.    On or about December 31, 2003 Kevin Copeland entered into a loan agreement
with the Defendant and provided a mortgage on his residence to secure the indebtedness.

30.    A portion of the proceeds of the mortgage loan went towards the pay-off of the
existing mortgage on the residence.

31.    This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

32.    In the course of this consumer credit transaction, Defendant violated the state and
federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the
transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §
226.23(b).

33.    The Plaintiff has a continuing right to rescind the transaction until the third
business day after receiving notice of the right to rescind, up to three years after consummation
of the transaction.

34.    The Plaintiff exercised his extended right to rescind the contract by sending notice
(via counsel) to Defendant by certified mail dated May 16, 2005, which notice was received by
Defendant.

6

35.     More than twenty calendar days have passed since Defendant received the notice of rescission.

36.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

37.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

38.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## FOURTH COUNT
## (DAVID SULLIVAN & DRUCIE BATHIN)

39.     On or about April 8, 2003 David Sullivan and Drucie Bathin entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

40.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

41.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

42.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

43.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

44.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated June 14, 2005, which notice was received by Defendant.

45.     More than twenty calendar days have passed since Defendant received the notice of rescission.

46.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

47. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

48. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiffs' property created under the transaction;

    c. Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

### FIFTH COUNT
### (HERBERT C. RANDALL & ANNE RANDALL)

49. On or about February 19, 2004 Herbert C. Randall and Anne Randall entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

50. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

51.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

52.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

53.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

54.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated April 26, 2005, which notice was received by Defendant.

55.     More than twenty calendar days have passed since Defendant received the notice of rescission.

56.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

57.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

58.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

10

b.  Termination of any security interest in Plaintiffs' property created under the
transaction;

c.  Return of any money or property given by the Plaintiffs to anyone, including the
Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to
Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## SIXTH COUNT
## (ANTHONY J. MORIN & DEBORAH J. MORIN)

59.     On or about April 21, 2004 Anthony J. Morin & Deborah J. Morin entered into a
loan agreement with the Defendant and provided a mortgage on their residence to secure the
indebtedness.

60.     A portion of the proceeds of the mortgage loan went towards the pay-off of the
existing mortgage on the residence.

61.     This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

62.     In the course of this consumer credit transaction, Defendant violated the state and
federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the
transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §
226.23(b).

63. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

64. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated February 14, 2005, which notice was received by Defendant.

65. More than twenty calendar days have passed since Defendant received the notice of rescission.

66. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

67. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

68. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiffs' property created under the transaction;

   c. Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.

## SEVENTH COUNT
## (MICHAEL F. SMAIL, SR.)

69.    On or about June 18, 2004 Michael F. Smail, Sr. entered into a loan agreement with the Defendant and provided a mortgage on his residence to secure the indebtedness.

70.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

71.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

72.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

73.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

74.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated April 2, 2005, which notice was received by Defendant.

75.    More than twenty calendar days have passed since Defendant received the notice of rescission.

76. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

77. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

78. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a. Rescission of this transaction;

b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d. Statutory damages of $2,000 for the disclosure violation;

e. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

f. Forfeiture of loan proceeds;

g. Actual damages in an amount to be determined at trial; and

h. A reasonable attorney fee.


### EIGHTH COUNT
### (CONSTANCE STRIPLING)

79. On or about May 23, 2003 Constance Stripling entered into a loan agreement with the Defendant and provided a mortgage on her residence to secure the indebtedness.

80.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

81.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

82.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

83.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

84.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated June 7, 2005, which notice was received by Defendant.

85.     More than twenty calendar days have passed since Defendant received the notice of rescission.

86.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

87.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

88.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## NINTH COUNT
## (TRICIA A. SAFFERSTEIN & GARY R. SAFFERSTEIN)

89.     On or about July 21, 2004 Tricia A. Safferstein & Gary R. Safferstein entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

90.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

91.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

92.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

93.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

94.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated June 8, 2005, which notice was received by Defendant.

95.     More than twenty calendar days have passed since Defendant received the notice of rescission.

96.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

97.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

98.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transaction;

    c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d. Statutory damages of $2,000 for the disclosure violation;

e. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

f. Forfeiture of loan proceeds;

g. Actual damages in an amount to be determined at trial; and

h. A reasonable attorney fee

## TENTH COUNT
## (CAROLYN JUSTUS)

99.     On or about December 23, 2003 Carolyn Justus entered into a loan agreement with the Defendant and provided a mortgage on her residence to secure the indebtedness.

100.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

101.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

102.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

103.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

104.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated May 25, 2005, which notice was received by Defendant.

105.    More than twenty calendar days have passed since Defendant received the notice of rescission.

106.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

107.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

108.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for the disclosure violation;

   e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   f.   Forfeiture of loan proceeds;

   g.   Actual damages in an amount to be determined at trial; and

19

h.   A reasonable attorney fee.

## ELEVENTH COUNT
## (LORRAINE P. SIBLEY)

109.    On or about June 20, 2003 Lorraine P. Sibley entered into a loan agreement with
the Defendant and provided a mortgage on her residence to secure the indebtedness.

110.    A portion of the proceeds of the mortgage loan went towards the pay-off of the
existing mortgage on the residence.

111.    This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

112.    In the course of this consumer credit transaction, Defendant violated the state and
federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the
transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §
226.23(b).

113.    The Plaintiff has a continuing right to rescind the transaction until the third
business day after receiving notice of the right to rescind, up to three years after consummation
of the transaction.

114.    The Plaintiff exercised her extended right to rescind the contract by sending
notice (via counsel) to Defendant by certified mail dated April 26, 2005, which notice was
received by Defendant.

115.    More than twenty calendar days have passed since Defendant received the notice
of rescission.

116.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

117.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

118.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

### TWELVTH COUNT
### (NADEJDA FOURNIER)

119.    On or about April 3, 2003 Nadejda Fournier entered into a loan agreement with the Defendant and provided a mortgage on her residence to secure the indebtedness.

120.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

121.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

122.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

123.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

124.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated June 7th, 2005, which notice was received by Defendant.

125.     More than twenty calendar days have passed since Defendant received the notice of rescission.

126.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

127.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

128.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S.

§ 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the

        transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the

        Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to

        Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.


### THIRTEENTH COUNT
### (BARBARA DESROSIERS)

129.     On or about June 23, 2004 Barbara Desrosiers entered into a loan agreement with

the Defendant and provided a mortgage on her residence to secure the indebtedness.

130.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

131.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

132.     In the course of this consumer credit transaction, Defendant violated the state and

federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

133.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

134.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated May 11, 2005, which notice was received by Defendant.

135.    More than twenty calendar days have passed since Defendant received the notice of rescission.

136.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

137.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

138.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

    e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney fee.

## FOURTEENTH COUNT
## (JO-ANN ROSEMARY LOWMAN)

139.    On or about March 18, 2004 Jo-Ann Rosemary Lowman entered into a loan agreement with the Defendant and provided a mortgage on her residence to secure the indebtedness.

140.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

141.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

142.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

143.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

144.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated May 9, 2005, which notice was received by Defendant.

145.    More than twenty calendar days have passed since Defendant received the notice of rescission.

146.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

147.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

148.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

  a.  Rescission of this transaction;

  b.  Termination of any security interest in Plaintiff's property created under the transaction;

  c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

  d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

  e.  Forfeiture of loan proceeds;

  f.  Actual damages in an amount to be determined at trial; and

  g.  A reasonable attorney fee.

26

## FIFTEENTH COUNT
## (DEAN A. COCCHIOLA)

149.    On or about February 4, 2004 Dean A. Cocchiola entered into a loan agreement with the Defendant and provided a mortgage on his residence to secure the indebtedness.

150.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

151.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

152.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

153.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

154.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated May 17, 2005, which notice was received by Defendant.

155.    More than twenty calendar days have passed since Defendant received the notice of rescission.

156.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

27

157.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

158.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   **g.**   A reasonable attorney fee

## SIXTEENTH COUNT
## (ALLAN JIMENEZ AND KELLY LEWIS-JIMENEZ)

159.     On or about May 11, 2004 Allan Jimenez and Kelly Lewis-Jimenez entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

160.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

28

161.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

162.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

163.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

164.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated June 8, 2005, which notice was received by Defendant.

165.    More than twenty calendar days have passed since Defendant received the notice of rescission.

166.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

167.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

168.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.   Termination of any security interest in Plaintiffs' property created under the transaction;

    c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory Damages of $2,000 for the disclosure violation;

    e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney fee.


## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1.  Assume jurisdiction of this case;

2.  Declare the security interest in the proper Plaintiffs' residences are void;

3.  Enter an order that the proper mortgage transactions are rescinded;

4.  Order Defendant to take all action necessary to terminate any security interest in the proper Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5.  Order the return to the proper Plaintiffs of any money or property given by them to anyone, including the Defendant, in connection with the transactions;

6. Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the proper Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the proper Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

8. Award the proper Plaintiffs actual statutory damages for the Defendant's failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

9. Order that, because the Defendants failed to tender in response to the proper Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

12. Award such other and further relief as the Court deems just and proper.

**THE PLAINTIFFS,**

By: _____

Daniel S. Blinn,          Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457