# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROGER & LYN BELVAL, CYNTHIA BELCHER ) | |
| & CHRISTOPHER ELLIS, ANNETTE ) | |
| FOUNTAIN, LAURIE IULO & ROBERT IULO, ) | |
| JAY & MELISSA ALVAREZ, KRISTIN & ) | **CASE NO:** |
| FRANK OLSCHEFSKI, HENRY & JOAN ) | |
| OWEN, GUY & PAULINE PASSARELLO, ) | |
| JOSEPH RODINO, LUZ SANTIAGO; GARY & ) | **COMPLAINT** |
| KELLY STEINMILLER, JAY & SHERRI ) | |
| VALENTIN, GLORIA J. THERRIEN, CHARLES ) | |
| HUMPHREY, WRAY & WENDY BAILEY, ) | **JURY TRIAL** |
| CHARLES J. MATAS, LORRAINE & AUSTIN ) | **DEMANDED** |
| WARNER, SHARON & RONALD KACH, AMY ) | |
| & RAYMOND MCKENZIE ) | |
|   PLAINTIFFS, ) | |
| ) | **January 20, 2006** |
| v. ) | |
| ) | |
| AMERIQUEST MORTGAGE COMPANY, HSBC ) | |
| MORTGAGE SERVICES, MERRILL LYNCH ) | |
| CREDIT CORPORATION, ) | |
|   DEFENDANTS. ) | |

## INTRODUCTION

1. This is a suit brought by 32 consumers residing in Connecticut who collectively entered into 23 mortgage loans with the defendant, Ameriquest Mortgage Company. Each of the plaintiffs claim that Ameriquest violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, (collectively "the Acts") by failing to properly notify them of the right to rescind their mortgages in the manner set forth by the Acts and Regulation Z (12 C.F.R. Part 226).

2. The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with the defendant.

3.   All of the plaintiffs entered into at least one mortgage loan in which Ameriquest violatd the disclosure requirements by providing the plaintiffs with the wrong Notice of Right to Cancel form.  Many of the plaintiffs also entered into other mortgage loans with Ameriquest in which Ameriquest violated the disclosure requirements by providing Notice of Right to Cancel forms that were incomplete and undated–thereby rendering the Notices meaningless.

4.   Some of the mortgage loans have since been assigned to other defendants, as further indicated below.

5.   All plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

6.   All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the defendants' misconduct.

7.   The defendant, Ameriquest Mortgage Company, is a foreign corporation with a primary place of business in Orange, California.

8.   The defendant, HSBC Mortgage Services, Inc. is a foreign corporation with a primary place of business in Brandon, Florida.

9.   The defendant, Merrill Lynch Credit Corporation is a foreign corporation with a primary place of business in Jacksonville, Florida.

## **JURISDICTION**

10.   Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e), 28 U.S.C. §§ 1331 and 1332.

11.   This court has jurisdiction over the defendants because they regularly conduct business in this state.

12.     Venue in this court is proper, as the plaintiffs are all residents of Connecticut and the action concerns real property located in this state.


## FIRST COUNT
## (ROGER & LYNN BELVAL v. AMERIQUEST & HSBC)

13.     On or about January 29, 2004 Roger & Lynn Belval entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

14.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

15.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

16.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

17.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

18.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated October 3, 2005, which notice was received by that Defendant.

19.     This mortgage loan has been assigned to Defendant HSBC.

20.     The plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated October 3, 2005, which notice was received by that Defendant.

21.     More than twenty calendar days have passed since Defendants received the notice of rescission.

22.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

23.     The Defendants have failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

24.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiffs' property created under the transaction;

    c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.

## SECOND COUNT
## (CYNTHIA BELCHER & CHRISTOPHER ELLIS v. AMERIQUEST)

25.     On or about January 24, 2005 Cynthia Belcher & Christopher Ellis entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

26.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

27.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

28.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

29.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

30.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated November 23, 2005, which notice was received by that Defendant.

31.     More than twenty calendar days have passed since Defendant received the notice of rescission.

32.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

33.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

34.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transaction;

    c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for improperly disclosing Plaintiffs' right to cancel the mortgage;

    e.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    f.  Forfeiture of loan proceeds;

    g.  Actual damages in an amount to be determined at trial; and

    h.  A reasonable attorney fee.

## THIRD COUNT
## (ANNETTE FOUNTAIN v. AMERIQUEST)

35. On or about March 19, 2004 Annette Fountain entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

36. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

37. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

38. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

39. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

40. The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated March 14, 2005, which notice was received by that Defendant.

41. More than twenty calendar days have passed since Defendant received the notice of rescission.

42.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

43.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

44.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## FOURTH COUNT
## (LAURIE IULO v. AMERIQUEST)
## *OCTOBER 20, 2003 TRANSACTION*

45.     On or about October 20, 2003, Laurie Iulo entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

46.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

47.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

48.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

49.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

50.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated May 25, 2005, which notice was received by that Defendant.

51.     More than twenty calendar days have passed since Defendant received the notice of rescission.

52.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

53.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

54.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## FIFTH COUNT
## (LAURIE & ROBERT IULO v. AMERIQUEST)
### *JULY 7, 2004 TRANSACTION*

55.     On or about July 7, 2004, Laurie and Robert Iulo entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

56.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

57.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

58.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

59.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

60.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated May 25, 2005, which notice was received by that Defendant.

61.     More than twenty calendar days have passed since Defendant received the notice of rescission.

62.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

63.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

64.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiffs' property created under the transaction;

c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

**SIXTH COUNT**
**(JAY & MELISSA ALVAREZ v. AMERIQUEST)**
**_OCTOBER 17, 2003 TRANSACTION_**

65.     On or about October 17, 2003, Jay & Melissa Alvarez entered into a loan

agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on

their residence to secure the indebtedness.

66.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

67.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

68.     In the course of this consumer credit transaction, Defendant violated the state and

federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the

transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §

226.23(b).

69.     The Plaintiffs have a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

70.     The Plaintiffs exercised their extended right to rescind the contract by sending

notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated

November 29, 2005, which notice was received by that Defendant.

71.     More than twenty calendar days have passed since Defendant received the notice

of rescission.

72.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

73.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

74.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiffs' property created under the transaction;

c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## SEVENTH COUNT
## ( JAY & MELISSA ALVAREZ v. AMERIQUEST)
### *OCTOBER 19, 2004 TRANSACTION*

75.     On or about October 19, 2004, Jay & Melissa Alvarez entered into a loan

agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on

their residence to secure the indebtedness.

76.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

77.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

78.     In the course of this consumer credit transaction, Defendant violated the state and

federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the

transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §

226.23(b).

79.     The Plaintiffs have a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

80.     The Plaintiffs exercised their extended right to rescind the contract by sending

notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated

November 29, 2005, which notice was received by that Defendant.

81.     More than twenty calendar days have passed since Defendant received the notice

of rescission.

82.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

83.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

84.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney fee.

## EIGHTH COUNT
## (KRISTIN & FRANK OLSCHEFSKI v. AMERIQUEST)

85.     On or about August 24, 2004, Kristin & Frank Olschefski entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

86.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

87.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

88.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

89.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

90.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated October 3, 2005, which notice was received by that Defendant.

91.     More than twenty calendar days have passed since Defendant received the notice of rescission.

92.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

93.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

94.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S.

§ 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiffs' property created under the

        transaction;

    c.   Return of any money or property given by the Plaintiffs to anyone, including the

        Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to

        Plaintiffs' rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.

## NINTH COUNT
### (HENRY & JOAN OWEN v. AMERIQUEST)

95.     On or about December 9, 2003, 2004 Henry & Joan Owen entered into a loan

agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on

their residence to secure the indebtedness.

96.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

97.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

98.     In the course of this consumer credit transaction, Defendant violated the state and

federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the

transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

99.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

100.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated October 10, 2005, which notice was received by Defendant.

101.     More than twenty calendar days have passed since Defendant received the notice of rescission.

102.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

103.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

104.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transaction;

    c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.

## TENTH COUNT
## (GUY & PAULINE PASSARELLO v. AMERIQUEST)

105.    On or about December 19, 2002 Guy & Pauline Passarello entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

106.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

107.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

108.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

109.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

110.    The Plaintiffs exercised their extended right to rescind the contract by sending

notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated

October 3, 2005, which notice was received by that Defendant.

111.    More than twenty calendar days have passed since Defendant received the notice

of rescission.

112.    The Defendant has failed to take any action necessary or appropriate to reflect the

termination of any security interest created under the transaction as required by C.G.S. § 36a-

683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

113.    The Defendant has failed to return to the Plaintiffs any money or property given

to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and

Reg. Z. § 226.23(d)(2).

114.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S.

§ 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiffs' property created under the

       transaction;

    c.    Return of any money or property given by the Plaintiffs to anyone, including the

       Defendant, in connection with this transaction;

    d.    Statutory damages of $2,000 for Defendant's failure to respond properly to

       Plaintiffs' rescission notice;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney fee.

## ELEVENTH COUNT
## (JOSEPH RODINO v. AMERIQUEST)

115.    On or about December 12, 2003 Joseph Rodino entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

116.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

117.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

118.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

119.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

120.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated May 25, 2005, which notice was received by that Defendant.

121.    More than twenty calendar days have passed since Defendant received the notice of rescission.

122.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

123.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

124.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.


### TWELVTH COUNT
### (LUZ SANTIAGO v. AMERIQUEST)

125.    On or about November 15, 2004 Luz Santiago entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

126.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

127.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

128.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

129.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

130.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated June 8, 2005, which notice was received by that Defendant.

131.     More than twenty calendar days have passed since Defendant received the notice of rescission.

132.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

133.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

134.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

### THIRTEENTH COUNT
### (GARY & KELLY STEINMILLER v. AMERIQUEST)

135.    On or about March 21, 2003, Gary & Kelly Steinmiller entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

136.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

137.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

138.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the

transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

139.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

140.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated October 3, 2005, which notice was received by that Defendant.

141.     More than twenty calendar days have passed since Defendant received the notice of rescission.

142.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

143.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

144.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to
Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## FOURTEENTH COUNT
## (JAY & SHERRI VALENTIN v. AMERIQUEST & MERRILL LYNCH CREDIT CORP.)

145.    On or about September 13, 2004 Jay & Sherri Valentin entered into a loan
agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on
their residence to secure the indebtedness.

146.    A portion of the proceeds of the mortgage loan went towards the pay-off of the
existing mortgage on the residence.

147.    This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

148.    In the course of this consumer credit transaction, Defendant violated the state and
federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the
transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §
226.23(b).

149.    The Plaintiffs have a continuing right to rescind the transaction until the third
business day after receiving notice of the right to rescind, up to three years after consummation
of the transaction.

150.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated October 24, 2005, which notice was received by that Defendant.

151.     This mortgage loan has been assigned to Defendant Merrill Lynch Credit Corporation.

152.     The Plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Merrill Lynch by certified mail dated October 24, 2005, which notice was received by that Defendant as well.

153.     More than twenty calendar days have passed since Defendants received the notice of rescission.

154.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

155.     The Defendants have failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

156.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to
    Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## FIFTEENTH COUNT
### (GLORIA J. THERRIEN v. AMERIQUEST)
### *JULY 18, 2003 TRANSACTION*

157.    On or about July 18, 2003 Gloria J. Therrien entered into a loan agreement with
the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to
secure the indebtedness.

158.    A portion of the proceeds of the mortgage loan went towards the pay-off of the
existing mortgage on the residence.

159.    This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

160.    In the course of this consumer credit transaction, Defendant violated the state and
federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the
transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §
226.23(b).

161.    The Plaintiff has a continuing right to rescind the transaction until the third
business day after receiving notice of the right to rescind, up to three years after consummation
of the transactions.

162.     The Plaintiff exercised her extended right to rescind the transaction by sending notices (via counsel) to Defendant, Ameriquest Mortgage Company, by certified mail dated June 7, 2005 and December 29, 2005, which notices were received by that Defendant.

163.     More than twenty calendar days have passed since Defendant received the first notice of rescission and, on January 4, 2006, Defendant responded to the second letter by declining to rescind Plaintiff's mortgage.

164.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transactions as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

165.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

166.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of the transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney fee.


## SIXTEENTH COUNT
## (GLORIA J. THERRIEN v. AMERIQUEST)
### *MAY 12, 2004 TRANSACTION*

167.    On or about May 12, 2004, Gloria J. Therrien entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

168.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

169.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

170.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

171.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transactions.

172.    The Plaintiff exercised her extended right to rescind the transaction by sending notices (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated June 7, 2005 and December 29, 2005, which notices were received by that Defendant.

173.     More than twenty calendar days have passed since Defendant received the first notice of rescission and, on January 4, 2006, Defendant responded to the second letter by declining to rescind Plaintiff's mortgage.

174.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

175.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

176.     As a result of the aforesaid violation of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of the transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.

### SEVENTEENTH COUNT
### (CHARLES HUMPHREY v. AMERIQUEST)
### *OCTOBER 29, 2003 TRANSACTION*

177.    On or about October 29, 2003, Charles Humphrey entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

178.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

179.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

180.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

181.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

182.    The Plaintiff exercised the extended right to rescind the transaction by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated June 7, 2005, which notice was received by that Defendant.

183.    More than twenty calendar days have passed since Defendant received the notice of rescission.

184.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

185.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

186.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of these transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## EIGHTEENTH COUNT
## (CHARLES HUMPHREY v. AMERIQUEST)
### *JUNE 10, 2004 TRANSACTION*

187.     On or about June 10, 2004 Charles Humphrey entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

188.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

189.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

190.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

191.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

192.     The Plaintiff exercised the extended right to rescind the contracts by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated June 7, 2005, which notice was received by that Defendant.

193.     More than twenty calendar days have passed since Defendant received the notice of rescission.

194.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

195.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

196.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

  a.  Rescission of these transaction;

  b.  Termination of any security interest in Plaintiff's property created under the transactions;

  c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

  d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

  e.  Forfeiture of loan proceeds;

  f.  Actual damages in an amount to be determined at trial; and

  g.  A reasonable attorney fee.


### NINETEENTH COUNT
### (WRAY & WENDY BAILEY v. AMERIQUEST & HSBC)

197.     On or about May 8, 2004 Wray & Wendy Bailey entered into a loan agreement with Defendant Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

198.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

199.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

200.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

201.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

202.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated January 28, 2005, which notice was received by that Defendant.

203.     This mortgage loan has been assigned to Defendant HSBC.

204.     The Plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated January 28, 2005, which notice was received by that Defendant as well.

205.     More than twenty calendar days have passed since Defendants received the notice of rescission.

206.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

207.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

208.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.


### TWENTIETH COUNT
### (CHARLES J. MATAS v. AMERIQUEST)

209.     On or about May 5, 2004 Charles J. Matas entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

210.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

211.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

212.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

213.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

214.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated November 30, 2005, which notice was received by that Defendant.

215.    More than twenty calendar days have passed since Defendant received the notice of rescission.

216.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

217.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

218.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney fee.

## TWENTY-FIRST COUNT
## (LORRAINE & AUSTIN WARNER v. AMERIQUEST)

219.     On or about November 10, 2004 Lorraine & Austin Warner entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

220.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

221.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

222.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

223.    The Plaintiffs have a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

224.    The Plaintiffs exercised their extended right to rescind the contract by sending

notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated

November 8, 2005, which notice was received by the Defendant.

225.    More than twenty calendar days have passed since Defendant received the notice

of rescission.

226.    The Defendant has failed to take any action necessary or appropriate to reflect the

termination of any security interest created under the transaction as required by C.G.S. § 36a-

683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

227.    The Defendant has failed to return to the Plaintiffs any money or property given

to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and

Reg. Z. § 226.23(d)(2).

228.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S.

§ 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.  Rescission of this transaction;

   b.  Termination of any security interest in Plaintiffs' property created under the

       transaction;

   c.  Return of any money or property given by the Plaintiffs to anyone, including the

       Defendant, in connection with this transaction;

   d.  Statutory damages of $2,000 for Defendant's failure to respond properly to

       Plaintiffs' rescission notice;

41

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney fee.

## TWENTY-SECOND COUNT
## (SHARON & RONALD KACH)

229.   On or about May 23, 2003 Sharon & Ronald Kach entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

230.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

231.   This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

232.   In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

233.   The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

234.   The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated December 29, 2005, which notice was received by that Defendant.

235.    By letter dated January 4, 2006, Defendant Ameriquest declined to rescind Plaintiffs mortgage.

236.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

237.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

238.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney fee.

## TWENTY-THIRD COUNT
### (AMY & RAYMOND MCKENZIE v. AMERIQUEST)

239.    On or about December 16, 2003, Amy & Raymond McKenzie entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

240.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

241.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

242.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

243.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

244.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated December 29, 2005, which notice was received by that Defendant.

245.    By letter dated January 4, 2006, Defendant declined to rescind Plaintiffs' mortgage.

246.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

247.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

248.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transaction;

    c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.     Assume jurisdiction of this case;

2.     Declare the security interest in the Plaintiffs' residences are void;

3.      Enter an order that the mortgage transactions are rescinded;

4.      Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5.      Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

6.      Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7.      Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

8.      Award the Plaintiffs actual statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

9.      Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

10.      Award actual damages in an amount to be established at trial;

11.     Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S.

§ 36a-683 and 15 U.S.C. § 1640(a);

12.     Award such other and further relief as the Court deems just and proper.

**THE PLAINTIFFS**,

By:  /s/Daniel S. Blinn_____
       Daniel S. Blinn,    Fed Bar No. ct02188
       dblinn@consumerlawgroup.com
       Consumer Law Group, LLC
       35 Cold Spring Road, Suite 512
       Rocky Hill, CT  06067
       Tel. (860) 571-0408  Fax. (860) 571-7457