## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Derek W. Nelson, et al. v. Ameriquest Mortgage Company*; Case No. 1:06-CV-154 (N.D. Ind.) | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

### ANSWER

Defendant Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank"), by and through its attorneys, answers Plaintiffs Derek W. Nelson's and Christopher E. Almond's ("Plaintiffs") Amended Complaint as follows.

### AMENDED COMPLAINT

### INTRODUCTION

1.      Plaintiffs Derek W. Nelson and Christopher E. Almond bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage and recover statutory damages for violation of the Truth in Lending Act. 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and the Equal Credit Opportunity Act ("ECOA").

**ANSWER:      Deutsche Bank admits that Plaintiffs have filed a lawsuit against it. Deutsche Bank objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Deutsche Bank denies all remaining allegations of Paragraph 1. Deutsche Bank specifically denies that**

BN 1280316v1

it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226 or the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.

## JURISDICTION AND VENUE

2.      This Court has subject mater jurisdiction under 28 U.S.C, §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:    Deutsche Bank does not contest subject matter jurisdiction. Deutsche Bank denies any remaining allegations of Paragraph 2.**

## PARTIES

3.      Plaintiffs Derek W. Nelson and Christopher E. Almond jointly own and reside in a home at 1215 W. Berry Street, Fort Wayne, IN 46802.

**ANSWER:    Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Indiana. Its registered agent is National Registered Agents, located at 320 Meridian Street, Indianapolis, IN 46204.

**ANSWER:    Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:    Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.      Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.      Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Indiana. Its registered agent is National Registered Agents, located at 320 Meridian Street, Indianapolis, IN 46204.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.      Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.     Defendant Ameriquest Mortgage Securities, Inc. ("AMS"), an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Indiana. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.     Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a
foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does
business in Michigan. It is engaged in the business of, among other things, buying and holding
title to "subprime'" mortgage loans on Illinois properties.

**ANSWER:     Deutsche Bank admits that its headquarters are located at 60 Wall Street,
New York, NY. Defendant is without knowledge or information sufficient to
form a belief as to the truth of the intended characterization of the term
"subprime." Deutsche Bank denies all remaining allegations of Paragraph
11.**

12.     In the event neither AMS nor Deutsche Bank own plaintiffs' loan, the actual
owners are named as Does 1-5.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 12 and on that basis denies
such allegations.**

## FACTS RELATING TO PLAINTIFFS

13.     Prior to October 21, 2005, plaintiffs applied for a mortgage with Ameriquest
Mortgage Company.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 13 and on that basis denies
such allegations.**

14.     Plaintiffs needed and used the loan for personal, family or household purposes,
namely, refinancing of prior debt incurred for such purposes

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 14 and on that basis denies
such allegations.**

15.     The loan was closed on October 21, 2005.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 15 and on that basis denies
such allegations.**

BN 1280316v1

16.    Plaintiffs signed or received (not necessarily prior, to consummation) the following documents relating to the loan:

      a.      A note, <u>Exhibit A</u>.

      b.      A mortgage, <u>Exhibit B</u>;

      c..     A settlement statement, <u>Exhibit C</u>.

      d.      A Truth in Lending disclosure statement, <u>Exhibit D</u>.

      e.      Two different notices of right to cancel, <u>Exhibits E</u> and <u>F</u>;

**ANSWER:**    **Deutsche Bank submits that the referenced documents speak for themselves, denies any wrongdoing and denies any liability to Plaintiffs. Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of this paragraph and on that basis denies such allegations.**

17.    On information and belief, wither [sic] AMS or Deutsche Bank is the current owner of plaintiffs' loan.

**ANSWER:**    **Deutsche Bank denies that it is the owner of plaintiffs' loan. Deutsche bank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies such allegations.**

18.    In the event that neither AMS nor Deutsche Bank own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**    **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.    Defendants Ameriquest and AMC Mortgage Services, Inc., have a pattern and practice of retaliating against its customers who exercise their rights under federal credit protection statutes by filing, in order to assert their rights in good faith, a lawsuit against Ameriquest and its affiliates.

**ANSWER:**    **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

- 5 -

20.     Once a customer files suit, his/her account is "flagged," access to his or her on-line account is blocked, and he or she can no longer make payments via on line. In addition, in many cases, AMC simply stops sending monthly statements to the customer.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.     Next, when the customer calls AMC to inquire, they are no longer permitted to deal with a customer representative; they are informed that they must deal with the president's office, and their call is routed to the same. Similarly, if they discover on-line that their account has been frozen, they are directed to call the President's office.  Customers then have a very difficult time getting through to anyone at the president's office.  Each time they call to inquire about their account or, to make a payment, it takes between 15-60 minutes to get someone on the line. Often, their call is dropped before they reach anyone but after they have waited for several minutes, and they have no choice but to call back and start the waiting period over.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.     When the customer finally gets someone at the President's office on the line, they are often informed that their account has been flagged because of their lawsuit and that the only way they can make a payment is over the phone, i.e., "check-by-phone" (debiting a checking account) and that they will be charged a $10.00 fee for making the payment this way. In fact, customers are then charged the $10.00 fee for making their payment in the only manner AMC permits due to their suit.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

- 6 -

23.     Before filing suit, plaintiffs made their monthly payments on line.  After filing suit, Ameriquest and/or AMC froze their access to their on-line account, and an on-line message and various customer representatives with AMC directed them to call the President's office.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     After plaintiffs filed suit, Ameriquest and/or AMC stopped sending them monthly statements. They received their last statement in July, 2006. They were told by AMC that statements are only a courtesy and that AMC has no obligation to send out.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     Since the time plaintiffs filed suit, plaintiffs' on-line access to their account has been frozen, Ameriquest and AMC only permitted and permits plaintiffs to make their payments via "check-by-phone," and AMC has charged them an extra fee of $10.00 each time plaintiffs have made a payment.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     In order to make a payment, plaintiffs have to call the President's office at Ameriquest and wait several minutes before a representative will speak with them On information and belief, these phone calls are recorded.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     Plaintiffs have to wait 30-60 minutes on the phone per call to the President's office. The representatives are often rude to plaintiffs because their account is flagged as having filed a lawsuit against Ameriquest and AMC.

- 7 -

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.     Plaintiffs have also experienced unusually long delays in the processing and posting of payments that were timely sent.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.     All such servicing problems are the direct result of- plaintiffs having filed suit against defendants. Customers who do not file lawsuits do not experience these types of problems at all, to the same extent or with the same degree of regularity.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

<u>COUNT I - TILA</u>

30.     Plaintiffs incorporate ¶¶ 1-29 above. This claim is against all defendants, except AMC.

**ANSWER:** **Deutsche Bank restates its answers to paragraphs 1-29 in answer to this paragraph.**

31.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a)    <u>Consumer's right to rescind.</u>

        (1)    **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

    (2)      **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

    (3)      **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

    (4)      **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

  (b)    **<u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

    (1)      **The retention or acquisition of a security interest in the consumer's principal dwelling.**

    (2)      **The consumer's right to rescind the transaction.**

    (3)      **How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

    (4)      **The effects of rescission, as described in paragraph (d) of this section.**

    (5)      **The date the rescission period expires . . . .**

  (f)    **<u>Exempt transactions</u>. The right to rescind does not apply to the following:**

    (1)      **A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or**

retained against the consumer's dwelling to finance the
acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

**ANSWER:** Because Paragraph 31 states conclusions of law, no answer is required.

## GROUND FOR RESCISSION

32. In connection with the loan, Ameriquest Mortgage Company failed to provide the
required disclosures of the plaintiffs' right to cancel within three days.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 32 and on that basis denies
such allegations.**

33. Ameriquest Mortgage Company provided only two copies of the federal notice of
right to cancel to the plaintiffs, instead of the four required.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 33 and on that basis denies
such allegations.**

34. The delivery of two different notices of right to cancel is confusing and
obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:** Because Paragraph 34 states conclusions of law, no answer is required.

35. Notice of rescission has been given to defendants. A copy is attached as Exhibit
G.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 35 and on that basis denies
such allegations.**

36. The loan has not been rescinded. Exhibit H.

**ANSWER:** **Deutsche Bank admits that plaintiffs' loans have not been rescinded.
Deutsche Bank denies any wrongdoing and denies any liability to plaintiffs.**

37.     Under 15 U.S.C. §1641 (c), the right to rescind may be exercised against any assignee.

**ANSWER:     Because Paragraph 37 states conclusions of law, no answer is required.**

38.     15 U.S.C. §1635(g) provides:

> **Additional relief**
>
> **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.     A Judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.     Statutory damages for the underlying disclosure violation;

c.     If appropriate, statutory damages for failure to rescind;

d.     Attorney's fees, litigation expenses and costs;

e.     Such other or further relief as the Court deems appropriate.

**ANSWER:     No answer is required. If any answer is required, Deutsche Bank denies any liability to Plaintiff and denies that Plaintiff may rescind her mortgage.**

## COUNT II - ECOA

39.     Plaintiffs incorporate ¶¶ 1-29 above. This claim is against defendants AMC and Ameriquest.

ANSWER:     **Deutsche Bank restates its answers to paragraphs 1-29 in answer to this paragraph.**

40.     Plaintiffs were applicants within the meaning of 15 U.S.C. §1691a(b) and Regulation B (which defines "applicant" to include persons who have received credit).

**ANSWER:     Because Paragraph 40 states conclusions of law, no answer is required.**

- 11 -

41.      By filing this lawsuit in good faith pursuant to the Consumer Credit Protection Act, plaintiffs were and are engaged in a statutorily protected activity.

**ANSWER:      Because Paragraph 41 states conclusions of law, no answer is required.**

42.      As a result of filing this lawsuit, plaintiffs have suffered and continue to suffer adverse actions at the hands of defendants. Ameriquest and AMC have, in ways detailed above and in other ways, taken retaliatory action against these and other plaintiffs and their accounts. These actions constitute "an unfavorable change in the terms of an account that does not affect all or a substantial portion of a class of the creditor's accounts." 12 C.F.R. § 202.2 (c)(1)(ii).

**ANSWER:      Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43.      A direct causal connection exists between plaintiffs' filing suit and defendants' subsequent treatment of their accounts, as detailed above.

**ANSWER:      Because Paragraph 43 states conclusions of law, no answer is required.**

44.      Plaintiffs were current and have remained current on their accounts throughout the time of defendants' adverse actions.

**ANSWER:      Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45.      As a result of defendants' conduct, plaintiffs have suffered actual damages and are entitled to recover actual damages as well as statutory damages, punitive damages, equitable and declaratory relief, costs and attorney fees.

**ANSWER:      Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

BN 1280316v1

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Deutsche Bank, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Deutsche Bank described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Deutsche Bank has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

- 13 -

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Amended Complaint.

15.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17.     Deutsche Bank alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.  Deutsche Bank reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant Deutsche Bank prays this court to:

1.     Dismiss plaintiffs' Amended Complaint;

2.     Enter judgment for defendant Deutsche Bank and against Plaintiffs in this action;

3.     Award Deutsche Bank its costs of suit; and

4.     Grant Deutsche Bank any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: July____, 2007

By: /s/ Bernard E. LeSage
     *Attorneys Deutsche Bank National Trust*
     *Company, as Trustee.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 14 -

## <u>CERTIFICATE OF SERVICE</u>

I, Bernard E, LeSage, hereby certify that on this _____ day of July, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/  Bernard E. LeSage _____