**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br><br> _____ <br><br> THIS DOCUMENT RELATES TO: <br> *HALL v. AMERIQUEST MORTGAGE COMPANY, et al.*, Case No. 06-6607 | MDL No. 1715 <br><br> Lead case No. 05-7097 <br><br><br> Centralized before the <br> Honorable Marvin E. Aspen |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION DEFENDANT CITIMORTGAGE'S MOTION FOR JOINDER

Plaintiff Mary Hall respectfully submits this memorandum in opposition to the joinder filed by defendant CitiMortgage Inc.

On May, 24, 2007, defendants Ameriquest Mortgage Company, AMC Mortgage Services and Deutsche Bank National Trust Company moved to dismiss this case or to require the filing of a more definite statement. Doc. No. 785. On June 25, 2007, this Court denied the motion. Doc. No. 851.

On June 21, 2007, defendant CitiMortgage filed a "joinder" (Doc. No. 840) -- a separate memorandum joining in the motion filed by the other defendants. Since the motion filed by the other defendants has been denied, and since CitiMortgage has not filed a separate motion, the joinder filed by CitiMortgage should be rejected as moot.

If this Court decides to treat CitiMortgage's filing as a separate motion to dismiss, that motion should be denied. CitiMortgage is being sued here as a party to be joined if feasible under Rule 19 both because its joinder is needed to ensure plaintiff complete relief and because

CitiMortgage claims an interest in the subject of the litigation that could be impaired by a disposition in its absence.[1]

"The purpose of Federal Rule of Civil Procedure 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources. Moore v. Ashland Oil Co., Inc., 901 F.2d 1445, 1447 (7th Cir. 1990). "To achieve those ends Rule 19(a) provides for joinder of specified parties whose addition to the suit will not deprive the court of jurisdiction. Such persons are denominated 'persons to be joined if feasible.'" Id. at 1447.

More specifically, Rule 19(a) authorizes the joinder of any person if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest ....

Fed. R. Civ. P. 19(a).

The rule is framed in the disjunctive. Joinder is proper if either prong of Rule 19(a) is satisfied. In this case, CitiMortgage qualifies as a proper party under both Rule 19(a)(1) and Rule 19(a)(2).

CitiMortgage is properly joined under Rule 19(a)(1) because its joinder is needed to ensure complete relief for the plaintiff. If CitiMortgage were not joined, there is a risk CitiMortgage might seek to foreclose on plaintiff's mortgage while the case is pending, thereby causing her irreparable injury. See Adams v. Nationscredit Fin. Serv's., 351 F.Supp.2d 829, 835 (N.D. Ill. 2004) (servicer properly joined in rescission action because servicer "could attempt to

---

[1] Plaintiff has not alleged that CitiMortgage, the servicer of plaintiff's mortgage, violated the Truth in Lending Act. Nor is CitiMortgage charged with a violation of State law.

On page two of its memorandum, CitiMortgage suggests that paragraph 18 of plaintiff's complaint accuses CitiMortgage of participation in Ameriquest's bait and switch scheme. See Doc. No. 840 at 2. In fact, as this Court can see from looking at the complaint, Paragraph 18 alleges that "Ameriquest engaged in a bait and switch by baiting plaintiff into the mortgage transaction by offering a relatively favorable set of terms and then switching to more expensive terms."

foreclose on the loan that Adams is attempting to rescind"). See also Miranda v. Universal Financial Group, Inc., 459 F.Supp.2d 760, 765-66 (N.D. Ill. 2006) (agreeing with decisions in Adams, Hurd and Hankins "that a current servicer ... should not be dismissed from a suit for rescission because * * * dismissing the servicer could impair the borrower's ability to fully protect his or her interest in rescinding the loan because the servicer could improperly report to credit bureaus or foreclose on the loan").

CitiMortgage also qualifies as a proper party under Rule 19(a)(2) because Citicorp claims an interest in the subject matter of the action -- namely, the right to enforce plaintiff's mortgage and receive payments thereunder -- and that interest would be impaired if plaintiff succeeds in rescinding her mortgage. See Navara v. Long Beach Mortgage, 2006 U.S. Dist. LEXIS 4908, *9, *10 (N.D. Ill.) ("'The purpose of Rule 19 ... is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources'" * * * "If the Loan is ultimately rescinded, WAMU's interest in the Loan will terminate, directing that WAMU should be a party here"); Hankins v. Equicredit Corp., 2003 U.S. Dist. LEXIS 26195, *3-4 (N.D. Ill.) ("Fairbanks is a proper party under Rule 19" * * * "Disposition of this case in favor of plaintiffs may ... impair or impede Fairbanks' ability to continue to collect on and service the loans").

Accordingly, the majority view in this District is that in actions to rescind a mortgage, the servicer of the mortgage is properly joined under Rule 19. See Navara v. Long Beach Mortgage, 2006 U.S. Dist. LEXIS 4908 (N.D. Ill.); Adams v. Nationscredit Fin. Serv's., 351 F.Supp.2d 829, 835 (N.D. Ill. 2004) (servicer properly joined in rescission action because servicer "could attempt to foreclose on the loan that Adams is attempting to rescind"); Hurd v. First NLC, 2004 U.S. Dist. LEXIS 26557 (N.D. Ill.); Murry v. Am.'s Mortgage Banc, Inc., 2004 U.S. Dist. LEXIS 12045, *6 (N.D. Ill.) (holding that in rescission action, the mortgage servicer "is the kind of party that should be retained for Rule 19 purposes"); Hankins v. Equicredit Corp., 2003 U.S. Dist. LEXIS 26195 (N.D. Ill.). See also Miranda v. Universal Financial Group, Inc., 459 F.Supp.2d 760, 765 (N.D. Ill. 2006) (agreeing with decisions in Adams, Hurd and Hankins "that a current

servicer ... should not be dismissed from a suit for rescission because the servicer is a necessary defendant pursuant to Federal Rule of Civil Procedure 19(a)").

There is a minority view, which CitiMortgage asks this Court to follow. See Bills v BNC Mortgage, Inc., 2007 WL 1438371 (N.D. Ill.); Walker v. Gateway Financial Corp., 286 F.Supp.2d 965 (N.D. Ill. 2003). These two cases take the position that the servicer is not a necessary party because the servicer's interest automatically ceases upon rescission and, consequently, there is no significant risk that the servicer would attempt to foreclose after a judgment of foreclosure. See Bills, 2007 WL 1438371 at *2 and Walker, 286 F.Supp.2d at 969.

Plaintiff respectfully submits that the majority position endorsed in Navarra, Adams, Hurd, Murry, Hankin and Miranda is preferable to the minority view espoused in Bills and Walker. First, Bills and Walker misapprehend the risk to the plaintiff that joinder of the servicer is meant to guard against. The danger is not that the servicer would attempt to enforce the mortgage after there is a final judgment of rescission -- the concern that Bills and Walker dismiss as speculative because the servicer's interest automatically ceases upon rescission. Rather, the risk to the borrower is that the servicer will attempt to enforce the mortgage while the case is pending and the issue of rescission is still in dispute. During the pendency of the case, the servicer could foreclose on the mortgage thereby inflicting irreparable harm to the plaintiff and making it impossible to provide the plaintiff complete relief. Keeping CitiMortgage in the case is appropriate to protect plaintiff Mary Hall's home and credit rating during the pendency of the case.

Second, Bills and Walker only focus on the propriety of joinder under Rule 19(a)(1). They do not consider (perhaps because the argument was not made in those cases) that the servicer is also properly joined Rule 19(a)(2) because the servicer claims an interest in the subject matter of the action -- namely, the right to enforce the mortgage and receive payments thereunder -- that could be impaired by the disposition of the action.

4

## **CONCLUSION**

Because of the foregoing, CitiMortgage's joinder in the motion to dismiss filed by the other defendants should be denied.

Date: July 6, 2007         By:             /s/ Anthony P. Valach, Jr.
                                        One of her attorneys

Anthony P. Valach, Jr.
Daniel M. Harris
THE LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606
P: (312) 960-1802
F: (312) 960-1936
anthonyvalach@sbcglobal.net

## **CERTIFICATE OF SERVICE**

I, Anthony P. Valach, Jr., hereby certify that on this 6th day of July 2007, a true and correct copy of **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT CITIMORTGAGE'S MOTION FOR JOINDER** was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Anthony P. Valach, Jr.