## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Marianne Freeberg, Oscar H. Freeberg and Cecilia M. Rowan v. Ameriquest Mortgage Company*; *HSBC Mortgage Services, Inc., U.S. Bank, N.A., as Trustee, Litton Loan Servicing, LP. And Does 1-20* Case No. 06 CV 06717 | |

## DEFENDANT HSBC MORTGAGE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

## ANSWER

Defendant HSBC Mortgage Services, Inc. ("Defendant"), by and through its attorneys, answers Plaintiffs Marianne Freeberg, Oscar H. Freeberg and Cecilia M. Rowan ("Plaintiffs") omplaint as follows.

## FIRST AMENDED COMPLAINT

## INTRODUCTION

1.     Plaintiffs Marianne Freeberg, Oscar H. Freeberg and Cecilia M. Rowan bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and to recover damages under state law.

**ANSWER:     Defendant admits that Plaintiffs have filed a lawsuit against it.  Defendant objects to the term "subprime" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime."  Defendant denies all remaining**

allegations of Paragraph 1. **Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., or any state law.**

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.      Plaintiffs Marianne Freeberg and Oscar H. Freeberg ("the Freebergs") own and reside in a single family home at 455 Buffalo Street, Calumet City, IL 60409.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.      Plaintiff Cecilia M. Rowan ("Cecilia") owns and resides in a double-wide trailer at 17085 Seneca Dr., Howard City, MI 49329.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois and Michigan. Its registered agents and offices are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606 and National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, respectively.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.    Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.    Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.    Defendant Ameriquest Mortgage Company is a "creditor as defined in TILA and Regulation Z.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.    During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer' subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.    Defendant U.S. Bank, N.A., is a foreign corporation that transacts business in Michigan and Illinois. It holds legal title to some loans originated by originated by defendant

BN 1282384v1

Ameriquest, including that of plaintiff Cecilia Rowan. It is located at 800 Nicolet Mall, Minneapolis, MN, 55402-7000.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.     Defendant HSBC Mortgage Services, Inc., is a foreign corporation which transacts business in Illinois. Its registered agents and offices are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL, 60604.

**ANSWER:** **Defendant admits that it is a corporation and transacts business in Illinois. Defendant does not contest service.**

12.     Defendant HSBC Mortgage Services provides servicing of some loans originated by Ameriquest Mortgage Company and claims an interest in such loans, including the right to receive payments thereunder, as well as, in some cases, including that of the Freebergs' loan, the current ownership interest.

**ANSWER:** **Defendant admits that it from time to time provides servicing to some loans originated by Ameriquest Mortgage Company. Defendant denies that it currently services the Freebergs' loan and denies that it holds any ownership interest in the Freebergs' loan.**

13.     Defendant Litton Loan Servicing, LP, is a foreign corporation which transacts business in Michigan. Its registered agent and office are CSC-Lawyers Incorporating Service located at 601 Abbott Road, East Lansing, MI 48823.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     Defendant Litton Loan Servicing, LP, services some loans originated by Ameriquest Mortgage Company and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

BN 1282384v1

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.

## FACTS RELATING TO PLAINTIFFS IVARIANNE AND OSCAR FREEBERG

15.     Marianne and Oscar Freeberg are seventy-two years-old and seventy years-old, respectively. They are both retired.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.

16.     In approximately July, 2004, the Freebergs began receiving two to three unsolicited advertisement mailers from Ameriquest every week. During this time period, they also received approximately six cold calls from Ameriquest salespeople inviting them to apply for a loan. Based on these frequent solicitations and Ameriquest's "American Dream" television commercials, Marianne and Oscar Freeberg were convinced that Ameriquest was a reputable company and they decided to apply for a loan with Ameriquest.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.

17.     Shortly thereafter, the Freebergs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.

18.     Marianne and Oscar Freeberg needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.

19.     On or about July 10, 2004, a male Ameriquest employee came to the Freebergs' home to collect information. Marianne told Ameriquest that Oscar's monthly Social Security check was for $848.00, that her monthly Social Security check was for $647.00 and that her monthly pension from K-Mart was $63.00. Marianne also told Ameriquest that she and her husband were retired. Ameriquest did not request any check stubs or other documentation of the Freebergs' monthly income.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.     Ameriquest then fraudulently reported that Marianne was employed by 'Performance Development and that the Freebergs' monthly income was $3,206.35, more than double the $1,558.00 that Marianne had reported. Exhibit A.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.     During the application process, Marianne Freeberg told Ameriquest that the Freebergs had $168.00 in their checking account and that they did not have a savings account. Ameriquest then fraudulently reported that the Freebergs had $2,000.00 in liquid assets. Exhibit A.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.     Over the phone. Ameriquest quoted the Freebergs a 7.9% interest rate.  Exhibit B.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     The Freebergs' loan was closed on September 13, 2004.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     At the closing, an Ameriquest employee came to the Freebergs' home and told them that he was in a hurry and had to get to another appointment. He rushed them through the paperwork and told them where to sign, telling them that there was not time for them to read the loan documents.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph  24 and on that basis denies such allegations.**

25.     The Freebergs did not realize that the interest rate had been raised from 7.9% to 9.2%. Exhibit B. They also did not see that Ameriquest had falsified their monthly income and liquid assets on the loan application. Exhibit A.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     Based on the fraudulent monthly income, employment information and liquid assets that Ameriquest reported on the Freebergs' loan application, Ameriquest represented that the Freebergs qualified for a $107,375.00 loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     The following are documents relating to the Freebergs' loan:

      a.     A Uniform Residential Loan Application, Exhibit A;

      b.     A Borrower's Acknowledgment of Final Loan Terms, Exhibit B;

      c.     A note, Exhibit C;

      d.     A mortgage, Exhibit D;

      e.     A final Truth in Lending Disclosure Statement, Exhibit E;

- 7 -

f.     A three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit F</u>. Only one copy was delivered instead of the four required; and it was not completed;

g.     A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit G</u>;

h.     A document entitled "Understanding your options regarding interest rates and discount points," <u>Exhibit H</u>;

i.     A document entitled "items to be paid off from loan proceeds," <u>Exhibit I</u>; and

j.     Closing Instructions, <u>Exhibit J</u>.

**<u>ANSWER:</u>**    **Defendant submits that the referenced documents speak for themselves, denies any wrongdoing and denies any liability to Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 27 and on that basis denies such allegations.**

28.     The Freebergs were charged a $1,409.83 "loan discount fee," <u>Exhibit J</u>, line 802.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.     Ameriquest undertook and represented, in the document attached as Exhibit H and delivered to the Freebergs at closing, that the payment of a "loan discount fee" would reduce the Freebergs' interest rate.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.     However, the Freebergs did not receive a discounted rate, as shown by the document entitled "Borrower's Acknowledgment of Final Loan Terns," <u>Exhibit B</u>, delivered to them at closing.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

BN 1282384v1

31.     Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., and then to HSBC Mortgage Services, Inc.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     On information and belief, defendant HSBC owns the Freebergs' loan.

**ANSWER:     Defendant denies that HSBC owns the Freebergs' loan.**

33.     In the event HSBC does not own the Freebergs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF CECILIA ROWAN

34.     Cecilia Rowan has epilepsy and has been totally disabled since 1988.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.     Prior to March 31, 2005, Cecilia Rowan called Ameriquest Mortgage Company to apply for a loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

36.     Cecilia needed and used the loan for personal, family or household purposes, namely, consolidating the mortgage on her double-wide trailer and other debts incurred for such purposes.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

BN 1282384v1

37.     Approximately one week before closing, an Ameriquest employee named Matt Hanson spoke with Cecilia and completed the loan application over the phone. Exhibit L.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38.     During the over-the-phone application process, Cecilia told Mr. Hanson that she receives $832.00 per month from Social Security and $180.97 per month from a pension.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations.**

39.     Ameriquest nearly tripled this figure, falsely reporting on the pre-printed final loan application it prepared that Cecilia's monthly income was $2,700.52. Exhibit L.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

40.     Cecilia also told Mr. Hanson that she has been totally disabled because of epilepsy since 1988. Ameriquest falsely reported on the application that Cecilia has been retired for only 2.083 years. Exhibit L.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41.     During the application process, Cecilia told Mr. Hanson that her double-wide trailer and property had an assessed value of $28,679.00. Exhibit W. Ameriquest more than tripled the appraised value, falsely reporting on the loan application it prepared that Cecilia's trailer and property were worth $90,000.00. Exhibit L.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42.    During the phone conversation, Mr. Hanson told Cecilia that she would not be charged an application fee. Cecilia was then charged a 360.00 application fee, taken from the loan proceeds. Exhibit V, line 806.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43.    Cecilia's loan was closed on March 31, 2005.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

44.    At the closing, an Ameriquest employee came to Cecilia's home and told her that he was extremely busy. Ameriquest's agent told Cecilia that she needed to sign quickly so that he could get to his next appointment.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45.    Based on Ameriquest's fabricated value of the trailer and the fraudulent employment information it reported on Cecilia's loan application, Ameriquest represented that Cecilia qualified for a $70,550.00 loan. Exhibit M. Using the assessed value of the trailer that Cecilia reported to Ameriquest, the mortgage has a 246% loan-to-value ratio!

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46.    Ameriquest did not give Cecilia copies of the loan documents at closing. Instead, Ameriquest mailed the loan documents on April 17, 2005, more than two weeks after the closing of the loan.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

- 11 -

47.     When Cecilia received her loan documents in the mail after April 17, 2005, she discovered that a) the value of her home had been tripled on the loan application (Exhibit L; and b) she had been charged a $360.00 application fee, even though she had been promised she would not be charged an application fee (Exhibit V). (She did not notice that her employment information had been falsified at that time.) Cecilia called Mr. Hanson to inform him of the errors. Ameriquest told Cecilia that Mr. Hanson no longer worked at Ameriquest and that the loan documents were correct.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48.     The following are documents relating to Cecilia Rowan's loan:

a.      A Uniform Residential Loan Application, Exhibit L;

b.      A Borrower's Acknowledgment of Final Loan Terms, Exhibit M;

c.      A note, Exhibit N;

d.      A mortgage, Exhibit O;

e.      A final Truth in Lending Disclosure Statement, Exhibit P;

f.      A three-day notice of right to cancel required by the Federal Reserve Board, Exhibit Q. Both copies were incomplete, and they were mailed to Ms. Rowan more than two weeks after the closing of the loan;

g.      A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit R;

h.      A document entitled "Understanding your options regarding interest rates and discount points," Exhibit S;

i.      A document entitled "items to be paid off from loan proceeds." Exhibit T;

j.      Closing Instructions, Exhibit U;

k.      A Settlement Statement, Exhibit V; and

l.      A document which lists the assessed value, Exhibit W.

**ANSWER:** **Defendant submits that the referenced documents speak for themselves, denies any wrongdoing and denies any liability to Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 48 and on that basis denies such allegations.**

49.     Cecilia was charged a $2,615.99 "loan discount," Exhibit V, line 802.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50.     Ameriquest undertook and represented, in the document attached as Exhibit S and delivered to Cecilia at the closing, that the payment of a "loan discount' would reduce Cecilia's interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

51.     However, Cecilia did not receive a discounted rate, as shown by the document entitled "Borrower's Acknowledgment of Final Loan Terms," Exhibit M.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

52.     Cecilia was later directed to make payments to AMC Mortgage Services, Inc., and then to Litton Loan Servicing, LP.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 52 and on that basis denies such allegations.**

53.     On information and belief, defendant U.S. Bank, N.A., owns Cecilia's loan.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 53 and on that basis denies such allegations.**

54.     In the event U.S. Bank, N.A., does not own Cecilia's loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 6-10.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 54 and on that basis denies such allegations.**

## COUNT I -TRUTH IN LENDING ACT

55.     Plaintiffs Marianne and Oscar Freeberg incorporate paragraphs 1-33.

**ANSWER:**     **Defendant restates is answers to paragraphs 1-33 in response to this paragraph.**

56.     This claim is against Ameriquest Mortgage Company and HSBC Mortgage Services, Inc.

**ANSWER:**     **Because Paragraph 56 states legal conclusions, no answer is required.**

## RIGHT TO RESCIND

57.     Because the transaction was secured by the Freebergs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. Section 226.23 provides:

    (a)     **Consumer's right to rescind.**

        (1)     **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (1) of this section.[fn]47**

        (2)     **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of**

- 14 -

written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(1) of the Act. [15 U.S.C. § 1635(f)]

(4)    When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)    <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)    The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)    The consumer's right to rescind the transaction.

(3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)    The effects of rescission, as described in paragraph (d) of this section.

(5)    The date the rescission period expires....

BN 1282384v1

    **(f)**    <u>**Exempt transactions.**</u> **The right to rescind does not apply to the following:**

        **(1)**    **A residential mortgage transaction (defined in 15 U.S.C. § 1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

        **(2)**    **A credit plan in which a state agency is a creditor.**

<u>**ANSWER:**</u>    **Because Paragraph 57 states legal conclusions, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

<u>**GROUNDS FOR RESCISSION**</u>

58.    In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the Freebergs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, for (without limitation) the reasons stated below.

<u>**ANSWER:**</u>    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 58 and on that basis denies such allegations.**

59.    Ameriquest did not deliver to the Freebergs a total of four completed notices of the right to cancel on the Federal Reserve Board form. The Freebergs received only one copy, uncompleted.

<u>**ANSWER:**</u>    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 59 and on that basis denies such allegations.**

60.    The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

- 16 -

**ANSWER:**    Because Paragraph 60 states legal conclusions, no answer is required.  To the extent any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

61.    Furthermore, the "one week" cancellation notice is misleading; as the period given is actually only six days long.

**ANSWER:**    Because Paragraph 61 states a legal conclusions, no answer is required.  To the extent any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.

62.    Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.

63.    Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit K</u>.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.

64.    The loan has not been rescinded.

**ANSWER:**    Defendant admits that Plaintiff's loan has not been rescinded.  Defendant denies any liability to Plaintiff and denies that Plaintiff may rescind her mortgage.

65.    Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**    Because Paragraph 65 states legal conclusions, no answer is required.

66.    15 U.S.C. § 1635(g) provides:

**Additional relief**

> **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs Marianne and Oscar Freeberg and against defendants for:

    a.     A judgment voiding the Freebergs' mortgage, capable of recordation in the public records, and binding on defendants;

    b.     A judgment indicating what, if anything, plaintiffs owe defendants, taking into account the false income and employment information.;

    c.     Statutory damages for the underlying disclosure violation;

    d.     If appropriate, statutory damages for failure to rescind;

    e.     Attorney's fees, litigation expenses and costs; and

    f.     Such other or further relief as the Court deems appropriate.

**ANSWER:**    **Because Paragraph 66 states legal conclusions, no answer is required.**

### COUNT H- TRUTH IN LENDING ACT

67.    Plaintiff Cecilia Rowan incorporates paragraphs 1-14, 34-54 and 57. This claim is against Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., and Litton Loan Servicing, LP.

**ANSWER:**    **Defendant restates its answer to paragraphs 1-14, 34-54 and 57 in response to this paragraph. Because the remaining allegations of this paragraph state legal conclusions, no further answer is required.**

68.    Because the transaction was secured by Cecilia's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

- 18 -

**ANSWER:** Because Paragraph 68 states legal conclusions, no answer is required. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of this paragraph and on that basis denies such allegations.

## GROUNDS FOR RESCISSION

69.    In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the Cecilia's right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, or the required financial disclosures, in violation of 15 U.S.C. § 1637 and 12 C.F.R. § 226.18, for (without limitation) the reasons stated below.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 69 and on that basis denies such allegations.

70.    All of the Federal Reserve Board notice of right to cancel forms are incomplete.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 70 and on that basis denies such allegations.

71.    The financial disclosure and notices of right to cancel were mailed to Cecilia after the closing.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 71 and on that basis denies such allegations.

72.    The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days; without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:** Because Paragraph 72 states legal conclusions, no answer is required. To the extent any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

- 19 -

73.     Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:**     **Because Paragraph 73 states legal conclusions, no answer is required. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of this paragraph and on that basis denies such allegations.**

74.     Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 74 and on that basis denies such allegations.**

75.     Notice of rescission has been given to defendants. A copy is attached as Exhibit X.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 75 and on that basis denies such allegations.**

76.     Ms. Rowan's loan has not been rescinded.

**ANSWER:**     **Defendant admits that Ms. Rowan's loan has not been rescinded. Defendant denies any wrongdoing and denies any liability to plaintiff. Defendant denies that Ms. Rowan may rescind her loan.**

77.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     **Because Paragraph 77 states legal conclusions, no answer is required.**

78.     15 U.S.C. § 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may**

- 20 -

> **award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff Cecilia Rowan and against defendant for:

      a.      A judgment voiding Cecilia Rowan's mortgage, capable of recordation in the public records, and binding on defendants;

      b.      A judgment indicating what, if anything, plaintiff owes defendants, taking into account the false appraisal and income information.

      c.      Statutory damages for the underlying disclosure violation;

      d.      If appropriate, statutory damages for failure to rescind;

      e.      Attorney's fees; litigation expenses and costs.

      f.      Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 78 states legal conclusions, no answer is required.**

## COUNT III -ILLINOIS CONSUMER FRAUD ACT

79.     Plaintiffs Marianne and Oscar Freeberg incorporate paragraphs 1-33. This claim is against Ameriquest Mortgage Company.

**ANSWER:** **Defendant restates its answers to paragraphs 1-33 in response to this paragraph. Because the remaining allegations of this paragraph state legal conclusions, no further answer is required.**

80.     Defendant Ameriquest Mortgage Company engaged in unfair and deceptive acts and practices, in violation of § 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by:

      i.      Fraudulently inflating the Freebergs' monthly income, employment information and liquid assets in order to represent that the Freebergs qualified for a larger loan amount.

      ii.     Engaging in "bait and switch" practices, by promising a 7.9% interest rate after acquiring sufficient financial information to underwrite the loan, and

then switching the Freebergs to a 9.2% interest rate immediately prior to closing (Exhibit B);

iii. Charging a "loan discount" fee, representing (Exhibit H) that the fee was to purchase a reduction in the interest rate, and then increasing rather than decreasing plaintiffs' rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 80 and on that basis denies such allegations.**

81. Ameriquest engaged in such practices in the course of trade and commerce.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 81 and on that basis denies such allegations.**

82. Ameriquest engaged in such practices for the purpose of inducing reliance on the part of borrowers, by entering into the disadvantageous transaction.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 82 and on that basis denies such allegations.**

83. Plaintiffs did in fact rely on Ameriquest's representations.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 83 and on that basis denies such allegations.**

84. Plaintiffs were damaged as a result.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 84 and on that basis denies such allegations.**

85. Ameriquest's conduct was intentionally deceptive and malicious, warranting substantial punitive damages.

WHEREFORE, plaintiffs Marianne and Oscar Freeberg request that the Court enter judgment in favor of plaintiffs and against defendant Ameriquest Mortgage Company for the following relief:

      a.      Compensatory and punitive damages;

      b.      Attorney's fees, litigation expenses and costs; and

      c.      Such other or further relief as the Court deems appropriate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 85 and on that basis denies such allegations.**

### COUNT IV - MICHIGAN MORTGAGE BROKERS. LENDERS, AND SERVICERS LICENSING ACT

86.      Plaintiff Cecilia Rowan incorporates paragraphs 1-14 and 34-54. This claim is against Ameriquest Mortgage Company.

**ANSWER:** **Defendant restates its answers to paragraphs 1-14 and 34-54 in response to this paragraph. Because the remaining allegations of Paragraph 86 state conclusions of law, no further answer is required.**

87.      Ameriquest engaged in fraud; deceit and material misrepresentation, in violation of MCL § 445.1672(b), by:

      i.      Fraudulently inflating Cecilia's monthly income, falsifying Cecilia's employment information and inflating the value of Cecilia's trailer in order to represent that Cecilia qualified for a larger loan amount (Exhibit L);

      ii.      Engaging in "bait and switch" practices, by promising Cecilia that she would not be charged an application fee and then charging a $;60.00 application fee (Exhibit V); and

      iii.      Charging a "loan discount" fee, representing (Exhibit S that the fee was to purchase a reduction in the interest rate and then not decreasing the interest rate.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 87 and on that basis denies such allegations.**

88.     Cecilia was induced to transact with Ameriquest by means of these misrepresentations.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 88 and on that basis denies such allegations.**

89.     Defendant Ameriquest made the representations in the course of trade and commerce.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 89 and on that basis denies such allegations.**

90.     Defendant Ameriquest made the representations for the purpose of inducing reliance, in the form of Cecilia borrowing a higher principal.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 90 and on that basis denies such allegations.**

91.     Cecilia was injured by Ameriquest's misrepresentations. She was induced to agree to a mortgage with a 246% loan-to-value ratio. Consequently, her options for refinancing with reputable mortgage companies have been severely limited by Ameriquest's actions. Ameriquest has effectively trapped Cecilia in her current mortgage.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against Ameriquest for:

a.     A declaratory judgment; MCL § 445.1681(1)(a);

b.     Injunctive relief, MCL § 445.1681(1)(b);

c.     Appropriate damages, MCL § 445.1681(1)(c);

- 24 -

     d.     Attorney's fees, litigation expenses and costs of suit;

     e.     Such other and further relief as the Court deems proper.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 91 and on that basis denies such allegations.**

## COUNT V - COMMON LAW FRAUD

92.     Plaintiffs incorporate paragraphs 1-54. All plaintiffs bring this claim against Ameriquest.

**ANSWER:**     **Defendant restates its answers to paragraphs 1-54 in response to this paragraph. Because the remaining allegations of Paragraph 92 state legal conclusions, no further answer is required.**

93.     On September 13, 2004, Ameriquest represented to the Freebergs that, based upon their monthly income, employment information and liquid assets, they qualified for a $107,375.00 loan.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 93 and on that basis denies such allegations.**

94.     On March 31, 2005, Ameriquest represented to Cecilia Rowan that, based upon her monthly income, employment information and the value of her trailer, she qualified for a $70,550.00 loan.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 94 and on that basis denies such allegations.**

95.     These representations were material to the terms of Ameriquest's loans to plaintiffs.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 95 and on that basis denies such allegations.**

BN 1282384v1

96.     Ameriquest's representations to plaintiffs that they qualified for the loans were false because they were based upon Ameriquest's falsification of material facts on the plaintiffs' loan applications. Exhibit A and Exhibit L.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 96 and on that basis denies such allegations.**

97.     Defendant Ameriquest made these representations intentionally, with knowledge of their falsity, for the purpose of inducing the plaintiffs to rely on them.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 97 and on that basis denies such allegations.**

98.     Defendant's representation that the plaintiffs qualified for the loans caused the plaintiffs to rely on the misrepresentations to their-detriment. The plaintiffs now owe on loans for which they never should have qualified and are struggling to afford the monthly payments from their modest fixed incomes. Plaintiffs are threatened with the prospect of losing their homes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 98 and on that basis denies such allegations.**

99.     Plaintiffs' reliance was justifiable.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant Ameriquest for:

        a.      Actual and compensatory damages;

        b.      Punitive damages; and

        c.      Such other or further relief as the Court deems appropriate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 99 and on that basis denies such allegations.**

## COUNT VI - BREACH OF CONTRACT

100. Plaintiffs Marianne Freeberg, Oscar Freeberg and Cecilia Rowan incorporate paragraphs 1-54. This claim is against Ameriquest,

**ANSWER:** **Defendant restates its answers to paragraphs 1-54 in response to this paragraph. Because the remaining allegations of Paragraph 100 state legal conclusions, no further answer is required.**

101. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 101 and on that basis denies such allegations.**

102. Plaintiffs paid the fee but did not receive a discounted rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 102 and on that basis denies such allegations.**

103. Ameriquest thereby breached its agreements with the Freebergs and with Cecilia Rowan.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

    a.    Appropriate damages;

    b.    Costs: and

    c.    Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 103 states legal conclusions, no answer is required. To the extent any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches, and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

- 28 -

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Amended Complaint.

15.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.


## PRAYER

Defendant prays this court to:

1.     Dismiss plaintiffs' Amended Complaint;

2.     Enter judgment for defendant HSBC Mortgage Services and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.


Respectfully submitted,

DATED:  July 6, 2007                    By: /s/ Bernard E. LeSage

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400


- 29 -

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 6th day of July 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

BN 1282384v1