THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO., MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-CV-07097 |
| THIS DOCUMENT RELATES TO: McLIN, *et al.* v. AMERIQUEST MORTGAGE COMPANY, *et al.*, N.D. ILL, CASE NO. 07-CV-2460 | (Centralized before The Honorable Marvin E. Aspen) <br><br> ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HSBC MORTGAGE SERVICES, INC. |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> TRISTAR TITLE, LLC an Illinois limited liability company; and DOES 1-10 inclusive, <br><br> Third-Party Defendants. | |

## ANSWER

Defendant HSBC Mortgage Services, Inc. ("HSBC"), by and through its attorneys, answers the Plaintiffs Dwayne McLin's and Bridgette McLin's Complaint as follows:

### CLAIM FOR DAMAGES AND RESCISSION PURSUANT TO THE TRUTH IN LENDING ACT

### NATURE OF THE ACTION

1.      Plaintiffs bring this action against a subprime mortgage lender and its affiliates and assignees for rescission and damages pursuant to the federal Truth In Lending Act for the lender's failure to clearly and conspicuously disclose the borrower's right to cancel a mortgage loan.

1

**ANSWER:** HSBC admits that Plaintiffs have filed a lawsuit against it. HSBC objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." HSBC denies all remaining allegations of Paragraph 1. HSBC specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq..

## PARTIES

2. Plaintiffs Dwayne McLin and Bridgette McLin reside in a single family home which they own at 420 East 88th Place, Chicago, Illinois 60619.

**ANSWER:** HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.

3. Defendant Ameriquest mortgage Company ("Ameriquest") is a Delaware corporation with its principal offices located in Orange, California and maintains offices in and does business in Illinois. Ameriquest is engaged in the business of originating "subprime" mortgages. Ameriquest makes more than 26 loans per year.

**ANSWER:** HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.

4. Defendant ACC Capital Holding Corporation, ("ACC") is an affiliate of Ameriquest and transacts business in Illinois. ACC purports to have an interest in loans originated by Ameriquest.

**ANSWER:** HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.

5. Defendant Household Finance Corporation ("Household") is a Delaware corporation with its principal place offices located in New York, N.Y. and maintains offices in and does business in Illinois. Household currently services the subject loan and/or has some

2

other interest in the subject loan.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

6. Defendant HSBC Mortgage Services ("HSBC") is a Delaware corporation with its principal offices located in Brandon, Florida and maintains offices in and does business in Illinois. HSBC currently services the subject loan and claims a right to collect payments on the loan account.

**ANSWER:** **HSBC admits that it is a Delaware corporation, has offices located in Brandon, Florida and has offices and does business in Illinois. HSBC admits that it currently services the subject loan and as such is entitled to collect payments on the loan account. HSBC denies any remaining allegations of Paragraph 6.**

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action arises under the laws of the United States.

**ANSWER:** **HSBC does not contest subject matter jurisdiction. HSBC denies any remaining allegations in Paragraph 7.**

8. This Court has jurisdiction over the defendants who are all doing business in this State and has availed themselves of this State's benefits and protections.

**ANSWER:** **HSBC does not contest personal jurisdiction. HSBC denies any remaining allegations in Paragraph 8.**

9. Venue is proper in this Court as defendants reside within this judicial district and a substantial portion of the events giving rise to this action occurred within this judicial district.

**ANSWER:** **HSBC does not contest venue. HSBC denies any remaining allegations in Paragraph 9.**

## FACTS

10. On October 14, 2004 the McLins closed a loan with Ameriquest secured by a mortgage lien against Brenda's home.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

11. The following documents relating to the loan:
    a. HUD-1 Settlement Statement, See Exhibit A, attached to this pleading;
    b. A document entitled "One Week Cancellation Period," See Exhibit B attached to this pleading; and
    c. The McLins were later directed to make payments to Household and HSBC.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, HSBC admits that the Plaintiff entered into a loan agreement with Ameriquest Mortgage Company. HSBC denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

12. The McLins were later directed to make payments to Household and HSBC.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

13. On information and belief, ACC and/or Ameriquest and/or Household currently own the McLin's loan. In the event neither ACC, Ameriquest, nor Household own the McLin's loan, the actual owners are named as John Does 1-5.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

14. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

15. Because this transaction was secured by Plaintiffs' home and was not entered into for purposes of its initial purchase or construction, the loan was made subject to Plaintiffs' rescission rights pursuant to the Truth In Lending Act, 12 U.S.C. § 1635, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

16. Regulation Z reads in pertinent part:

§ 226.23

**(a) Consumer's right to rescind.**
    (1)    In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.

    (2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

    (3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

**(b) Notice of right to rescind:**

5

(1) In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in section 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
> (ii) The consumer's right to rescind the transaction.
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> (iv) The effects of rescission, as described in paragraph (d) of this section.
> (v) The date the rescission period expires.

**(d) Effects of rescission.**
(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations. HSBC denies that Paragraph 16 accurately cites 12 C.F.R. § 226.23. HSBC denies the allegations in Paragraph 16 insofar as they purport to make any allegation of wrongdoing by HSBC under said statute. HSBC denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. HSBC denies the remaining allegations in Paragraph 16.**

17. TILA provides in pertinent part:

12 U.S.C. § 1640

> Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

6

(1)     Any actual damage sustained by such person as a result of the failure;

(2)(A)(iii)  in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000;

(3)     In the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations. HSBC denies that Paragraph 17 accurately cites 12 U.S.C. § 1640. HSBC denies the allegations in Paragraph 17 insofar as they purport to make any allegation of wrongdoing by HSBC under said statute. HSBC denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. HSBC denies the remaining allegations in Paragraph 17.**

18.     The McLins were provided two documents, one labeled "Understanding Your Loan" and the other "One Week Cancellation Period" that each contain language that purports to limit or indicate to the reader that their right to cancel the loan within the three day period is limited.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

19.     The "One Week" cancellation confuses the right to cancel because it may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefits of TILA damages, attorney's fees or the procedural protections of § 1635. Furthermore the "One Week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

7

20. The "Understanding Your Loan" further confuses the right to cancel because it may mislead a consumer to believe that they need a reason to cancel their loan during the three day cancellation period provided under the TILA.

**ANSWER:** **To the extent Paragraph 20 states a legal conclusion, no answer is required. If any answer is required, HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

21. The provision of a document that conflicts with the required Notice of Right to Cancel violates TILA and gives rise to an extended right to rescind the Note and Mortgage, which extends to any assignee.

**ANSWER:** **To the extent Paragraph 21 states a legal conclusion, no answer is required. If any answer is required, HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

22. Ameriquest, ACC, Household and HSBC currently claim to have an interest in the subject Note and Mortgage or a right to collect payments from the McLins on the subject loan.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

23. The McLins have exercised their right to rescind the loan. See Exhibit D.

**ANSWER:** **HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.**

24. More than 20 days has passed since the cancellation of the McLins' loan. As of the filing of this action the defendants have failed to properly respond to the cancellation of the subject loan.

8

**ANSWER:** To the extent Paragraph 24 states a legal conclusion, no answer is required. If any answer is required, HSBC is without knowledge or information sufficient to form a belief as to truth of the allegations of this paragraph and on that basis denies such allegations.

## AFFIRMATIVE DEFENSES

1. As a first affirmative defense, HSBC alleges that the Complaint fails to state a claim on which relief may be granted against this defendant.

2. As a second affirmative defense, HSBC alleges that the claims asserted in the Complaint are barred by the applicable statute of limitations.

3. As a third affirmative defense, HSBC alleges that Plaintiffs' claims are barred, in whole or in part, under the equitable doctrine of laches and/or waiver.

4. As a fourth affirmative defense, HSBC alleges that Plaintiffs' claims are barred in whole or in part, by the applicable statute of frauds.

5. As a fifth affirmative defense, HSBC alleges that Plaintiffs' claims are barred by the equitable doctrine of estoppel.

6. As a sixth affirmative defense, HSBC alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

7. As a seventh affirmative defense, HSBC alleges that Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of HSBC were excused by the actions of Plaintiffs or others.

8. As an eighth affirmative defense, HSBC alleges that Plaintiffs' claims are barred, in whole or in part, on the grounds that if Plaintiffs were damaged in any manner whatsoever, such damages, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not HSBC, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

9. As a ninth affirmative defense, HSBC alleges that Plaintiffs' claims are barred, in whole or in part, because HSBC committed no act or omission causing any damage to Plaintiffs

10. As a tenth affirmative defense, HSBC alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

11. As an eleventh affirmative defense, HSBC alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Amended Complaint.

12. As a twelfth affirmative defense, HSBC alleges that Plaintiffs' claims are barred, in whole or in part, because they are members of a prior settlement or class that released some or all claims alleged by Plaintiffs.

13. As a thirteenth affirmative defense, HSBC alleges that as to each cause of action, HSBC is entitled to an offset.

14. As a fourteenth affirmative defense, HSBC alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. As a fifteenth affirmative defense, HSBC alleges that Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. HSBC alleges that it has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defenses. HSBC reserves it right to file an amended answer asserting additional defense, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant HSBC prays this court to:

1. Dismiss plaintiffs' Complaint;
2. Enter judgment for defendant HSBC and against plaintiffs in this action;
3. Award defendant its costs of suit; and

4. Grant defendant any and all further and additional relief as it deems just and appropriate.

DATED this 6th day of July, 2007.

**BUCHALTER NEMER, P.C.**


By: /s/ Bernard E. LeSage
Attorneys for HSBC Mortgage Services, Inc.
Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 6th day of July 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/ Connie Madrigal_____

BN 1242931v1