# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| _____ ) | **CASE NO:** |
| CALVIN DUNCAN; ROGER SHELTON; ) | |
| HUMBERTO ADRIAN; NICOLE RANKIN; ) | |
| SHAWN JENNINGS AND YVONNE JENNINGS; ) | |
| JAMES DUGAN AND DONNA DUGAN; ) | |
| THOMAS SHERMAN; BEVERLY HOWLETT; ) | |
| DONNA STEWART aka DONNA STEWART-EAGLES; ) | |
| TODD TOFIL AND CORINNE ROBAR; ) | |
| MATHIAS RONDEAU AND JAN RONDEAU; ) | |
| JOHN GRAMMATICO AND KRISTEN GRAMMATICO; ) | |
| JOSEPH FERNANDEZ AND NADINE FERNANDEZ; ) | |
| JOSE SOTO AND JOANNE SOTO; ) | |
| SANDRA SILVA AND CARLOS SILVA; ) | |
| RICARDO RICHARDS AND TWINEWA YOUNG; ) | |
| MYLANI JUANO AND CHARLIE JUANO; ) | |
| DAVID LALLIER; MICHAEL OLYNCIW; ) | |
| LEEBERT WILLIAMS AND EVELYN WILLIAMS; ) | |
| JOSEPH VAUGHN AND BONITA VAUGHN; ) | |
| STEVEN WALZ AND SUELLEN WALZ; ) | |
| LISA POTTER AND JOHN POTTER; ) | |
| RONALD GENERAL AND GEVAISA GENERAL; ) | **COMPLAINT** |
| EDWARD ZILLI; FRANK INZITARI; SHARON VITTI; ) | |
| SALLIE BOOTH; AUDREY LYLES; ) | |
| JANET M. EDWARDS ) | |
|      PLAINTIFFS, ) | |
| ) | |
| v. ) | **JURY TRIAL** |
| ) | **DEMANDED** |
| AMERIQUEST MORTGAGE COMPANY, ) | |
| DEFENDANT. ) | |
| _____) | |

## INTRODUCTION

1. This is a suit brought by forty-five consumers residing in Connecticut who collectively entered into thirty mortgage loans with the defendant, Ameriquest Mortgage Company. The plaintiffs claim that Ameriquest violated the federal Truth in Lending Act

("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, in each of their transactions by failing to provide them with the notification of their right to rescind the mortgage as required by TILA.

2.   The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with the defendant.

3.   The defendant, Ameriquest Mortgage Company, is a foreign corporation with a primary place of business in Orange, California.

## JURISDICTION

4.   Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e), 28 U.S.C. §§ 1331 and 1332.

5.   This court has jurisdiction over the defendant because it regularly conducts business in this state.

6.   Venue in this court is proper, as the plaintiffs are all residents of Connecticut and the action concerns real property located in this state.

## FIRST COUNT (CALVIN DUNCAN)

7.   On or about July 20, 2004 Calvin Duncan entered into a loan agreement with the Defendant and provided a mortgage on his residence to secure the indebtedness.

8.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

9.   This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

10. In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

11. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

12. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on May 25, 2005, which notice was received by Defendant.

13. More than twenty calendar days have passed since Defendant received the notice of rescission.

14. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

15. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

16. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.   Statutory damages of $2,000 for the disclosure violation;

e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

f.   Forfeiture of loan proceeds;

g.   Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney fee.

## SECOND COUNT (ROGER SHELTON)

17. On or about November 30, 2004 Roger Shelton entered into a loan agreement with the Defendant and provided a mortgage on his residence to secure the indebtedness.

18. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

19. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

20. In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

21. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

22. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on June 7, 2005, which notice was received by Defendant.

23. More than twenty calendar days have passed since Defendant received the notice of rescission.

24. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

25. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

26. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for the disclosure violation;

    e.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f.  Forfeiture of loan proceeds;

    g.  Actual damages in an amount to be determined at trial; and

h. A reasonable attorney fee.

### THIRD COUNT (HUMBERTO ADRIAN)

27. On or about August 4, 2004 Humberto Adrian entered into a loan agreement with the Defendant and provided a mortgage on his residence to secure the indebtedness.

28. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

29. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

30. In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

31. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

32. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on April 26, 2005, which notice was received by Defendant.

33. More than twenty calendar days have passed since Defendant received the notice of rescission.

34. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

35. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

36. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

    e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney fee.

## FOURTH COUNT (NICOLE RANKIN)

37. On or about September 16, 2004 Nicole Rankin entered into a loan agreement with the Defendant and provided a mortgage on her residence to secure the indebtedness.

38. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

39. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

40. In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

41. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

42. The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on June 7, 2005, which notice was received by Defendant.

43. More than twenty calendar days have passed since Defendant received the notice of rescission.

44. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

45. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

46. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

    e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney fee.

**FIFTH COUNT (SHAWN JENNINGS AND YVONNE JENNINGS)**

47. On or about June 3, 2004 Shawn Jennings and Yvonne Jennings entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

48. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

49. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

50. In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

51. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

52. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on April 26, 2005, which notice was received by Defendant.

53. More than twenty calendar days have passed since Defendant received the notice of rescission.

54. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

55. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

56. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiffs' property created under the transaction;

c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for the disclosure violation;

e.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

f.  Forfeiture of loan proceeds;

g.  Actual damages in an amount to be determined at trial; and

h.  A reasonable attorney fee.

## SIXTH COUNT (JAMES DUGAN & DONNA DUGAN)

57. On or about August 16, 2004 James Dugan and Donna Dugan entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

58. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

59. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

60. In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

61. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

62. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on June 1, 2005, which notice was received by Defendant.

63. More than twenty calendar days have passed since Defendant received the notice of rescission.

64. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

65. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

66. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiffs' property created under the transaction;

    c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

e. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

f. Forfeiture of loan proceeds;

g. Actual damages in an amount to be determined at trial; and

h. A reasonable attorney fee.

## SEVENTH COUNT (THOMAS SHERMAN)

67. On or about June 23, 2004 Thomas Sherman entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

68. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

69. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

70. In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

71. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

72. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on May 25, 2005, which notice was received by Defendant.

73. More than twenty calendar days have passed since Defendant received the notice of rescission.

74. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

75. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

76. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

    e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney fee.

## **EIGHTH COUNT (BEVERLY HOWLETT)**

77. On or about August 23, 2004 Beverly Howlett entered into a loan agreement with the defendant and provided a mortgage on her residence to secure the indebtedness.

78. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

79. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

80. In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

81. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

82. The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on April 26, 2005, which notice was received by Defendant.

83. More than twenty calendar days have passed since Defendant received the notice of rescission.

84. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

85.   The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

86.   As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.   Statutory damages of $2,000 for the disclosure violation;

e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

f.   Forfeiture of loan proceeds;

g.   Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney fee.


### NINTH COUNT (DONNA STEWART AKA DONNA STEWART-EAGLES)

87.   On or about July 30, 2004 Donna Stewart entered into a loan agreement with the defendant and provided a mortgage on her residence to secure the indebtedness.

88.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

89.   This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

90.   In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

91.   The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

92.   The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on April 26, 2005, which notice was received by Defendant.

93.    More than twenty calendar days have passed since Defendant received the notice of rescission.

94.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

95.   The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

96.   As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.   Statutory damages of $2,000 for the disclosure violation;

e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

f.   Forfeiture of loan proceeds;

g.   Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney fee.

## **TENTH COUNT (TODD TOFIL & CORINNE ROBAR)**

97.   On or about June 17, 2004 Todd Tofil & Corinne Robar entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

98.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

99.   This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

100.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

101.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

102.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on March 14, 2005, which notice was received by Defendant.

103.    More than twenty calendar days have passed since Defendant received the notice of rescission.

104.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

105.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

106.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for the disclosure violation;

e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

f.   Forfeiture of loan proceeds;

g.   Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney fee.

### ELEVENTH COUNT ( MATHIAS RONDEAU & JAN RONDEAU)

107.    On or about September 30, 2004 Mathias Rondeau & Jan Rondeau entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

108.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

109.   This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

110.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

111.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

112.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on March 14, 2005, which notice was received by Defendant.

113.    More than twenty calendar days have passed since Defendant received the notice of rescission.

114.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

115.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

116.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.  Rescission of this transaction;

      b.  Termination of any security interest in Plaintiffs' property created under the transaction;

      c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

      d.  Statutory damages of $2,000 for the disclosure violation;

      e.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

      f.  Forfeiture of loan proceeds;

      g.  Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney fee

## TWELFTH COUNT (JOHN GRAMMATICO & KRISTEN GRAMMATICO)

117.    On or about August 18, 2004 John Grammatico and Kristen Grammatico entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

118.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

119.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

120.     In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

121.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

122.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on March 14, 2005, which notice was received by Defendant.

123.     More than twenty calendar days have passed since Defendant received the notice of rescission.

124.   The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

125.   The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

126.   As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiffs' property created under the transaction;

    c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

    e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney fee.

**THIRTEENTH COUNT (JOSEPH FERNANDEZ & NADINE FERNANDEZ)**

127.    On or about July 7, 2004 Joseph Fernandez and Nadine Fernandez entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

128.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

129.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

130.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

131.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

132.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on June 8, 2005, which notice was received by Defendant.

133.    More than twenty calendar days have passed since Defendant received the notice of rescission.

134.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

135.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

136.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.   Rescission of this transaction;

      b.   Termination of any security interest in Plaintiffs' property created under the transaction;

      c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

      d.   Statutory damages of $2,000 for the disclosure violation;

      e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

      f.   Forfeiture of loan proceeds;

      g.   Actual damages in an amount to be determined at trial; and

      h.   A reasonable fee.

**FOURTEENTH COUNT (JOSE SOTO & JOANNE SOTO)**

137.    On or about June 24, 2004 Jose Soto and Joanne Soto entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

138.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

139.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

140.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

141.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

142.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on February 14, 2005, which notice was received by Defendant.

143.    More than twenty calendar days have passed since Defendant received the notice of rescission.

144.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

145.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

146.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.    Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transaction;

    c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for the disclosure violation;

    e.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    f.  Forfeiture of loan proceeds;

    g.  Actual damages in an amount to be determined at trial; and

    h.  A reasonable attorney fee.

## FIFTEENTH COUNT (SANDRA SILVA & CARLOS SILVA)

147.    On or about June 8, 2004 Sandra Silva and Carlos Silva entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

148.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

149.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

150.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

151.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

152.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on March 14, 2005, which notice was received by Defendant.

153.    More than twenty calendar days have passed since Defendant received the notice of rescission.

154.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

155.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

156.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for the disclosure violation;

e.   Statutory damages of $2,000 for Defendant's failure to respond properly to

Plaintiffs' rescission notice;

f.   Forfeiture of loan proceeds;

g.   Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney fee.

### SIXTEENTH COUNT (RICARDO RICHARDS & TWINEWA YOUNG)

157.    On or about August 4, 2004 Ricardo Richards & Twinewa Young entered into a

loan agreement with the Defendant and provided a mortgage on their residence to secure the

indebtedness.

158.    A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

159.    This consumer credit transaction was subject to the right of rescission as

described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

160.    In the course of this consumer credit transaction, Defendant violated C.G.S §

36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the

Plaintiffs two copies of a notice of the right to cancel that clearly and conspicuously disclosed

the date the rescission period expired.

161.    The Plaintiffs have a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

162.    The Plaintiffs exercised their extended right to rescind the contract by sending
notice (via counsel) to Defendant by certified mail on March 14, 2005, which notice was
received by Defendant.

163.    More than twenty calendar days have passed since Defendant received the notice
of rescission.

164.    The Defendant has failed to take any action necessary or appropriate to reflect
the termination of any security interest created under the transaction as required by C.G.S § 36a-
683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

165.    The Defendant has failed to return to the Plaintiffs any money or property given
to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and
Reg. Z. § 226.23(d)(2).

166.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15
U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the
transaction;

    c.  Return of any money or property given by the Plaintiffs to anyone, including
the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for the disclosure violation;

    e.  Statutory damages of $2,000 for Defendant's failure to respond properly to
Plaintiffs' rescission notice;

    f.  Forfeiture of loan proceeds;

    g.  Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney fee.

## SEVENTEENTH COUNT (MYLANI JUANO & CHARLIE JUANO)

167.   On or about October 1, 2004 Mylani Juano and Charlie Juano entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

168.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

169.   This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

170.   In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies to each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

171.   The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

172.   The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on June 1, 2005, which notice was received by Defendant.

173.   More than twenty calendar days have passed since Defendant received the notice of rescission.

174.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

175.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

176.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiffs' property created under the transaction;

c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.   Statutory damages of $2,000 for the disclosure violation;

e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

f.   Forfeiture of loan proceeds;

g.   Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney fee.

## EIGHTEENTH COUNT (DAVID LALLIER)

177.    On or about January 30, 2004 David Lallier entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

178.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

179.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

180.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to Plaintiff two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

181.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

182.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on June 7, 2005, which notice was received by Defendant.

183.    More than twenty calendar days have passed since Defendant received the notice of rescission.

184.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

185.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

186.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S § 36a-683, 15 U.S.C. § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney fee.


## NINETEENTH COUNT (MICHAEL OLYNCIW)

187.    On or about November 13, 2002 Michael Olynciw entered into a loan agreement with the Defendant and provided a mortgage on his residence to secure the indebtedness.

188.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

189.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

190.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two

copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

191.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

192.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on June 7, 2005, which notice was received by Defendant.

193.    More than twenty calendar days have passed since Defendant received the notice of rescission.

194.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

195.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

196.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.  Rescission of this transaction;

   b.  Termination of any security interest in Plaintiff's property created under the transaction;

   c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee

### TWENTIETH COUNT (LEEBERT WILLIAMS & EVELYN WILLIAMS)

197.    On or about December 23, 2003 Leebert Williams and Evelyn Williams entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

198.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

199.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

200.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

201.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

202.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on June 8, 2005, which notice was received by Defendant.

203.    More than twenty calendar days have passed since Defendant received the notice of rescission.

204.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

205.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

206.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney fee

## **TWENTY-FIRST COUNT (JOSEPH VAUGHN & BONITA VAUGHN)**

207.     On or about November 3, 2003 Joseph Vaughn & Bonita Vaughn entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

208.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

209.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

210.     In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

211.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

212.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on May 25, 2005, which notice was received by Defendant.

213.     More than twenty calendar days have passed since Defendant received the notice of rescission.

214.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

215.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

216.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney fee

## TWENTY-SECOND COUNT (STEVEN WALZ & SUELLEN WALZ)

217.    On or about October 17, 2003 Steven Walz and Suellen Walz entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

218.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

219.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

220.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

221.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

222.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on June 1, 2005, which notice was received by Defendant.

223.    More than twenty calendar days have passed since Defendant received the notice of rescission.

224.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

225.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

226.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiffs' property created under the transaction;

c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney fee

### TWENTY-THIRD COUNT (LISA POTTER & JOHN POTTER)

227.    On or about May 24, 2003 Lisa Potter and John Potter entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

228.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

229.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

230.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the

Plaintiffs two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

231.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

232.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on July 14, 2005, which notice was received by Defendant.

233.    More than twenty calendar days have passed since Defendant received the notice of rescission.

234.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

235.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

236.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiffs' property created under the transaction;

c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

     d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

     e.   Forfeiture of loan proceeds;

     f.   Actual damages in an amount to be determined at trial; and

     g.   A reasonable attorney fee

## TWENTY-FOURTH COUNT (RONDALD GENERAL & GEVAISA GENERAL)

237.   On or about March 5, 2004 Ronald General and Gevaisa General entered into a loan agreement with the Defendant and provided a mortgage on their residence to secure the indebtedness.

238.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

239.   This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

240.   In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

241.   The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

242.   The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on June 1, 2005, which notice was received by Defendant.

243.   More than twenty calendar days have passed since Defendant received the notice of rescission.

244.   The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

245.   The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

246.   As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiffs' property created under the transaction;

    c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee

## TWENTH-FIFTH COUNT (EDWARD ZILLI)

247.    On or about April 6, 2004 Edward Zilli entered into a loan agreement with the Defendant and provided a mortgage on his residence to secure the indebtedness.

248.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

249.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

250.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

251.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

252.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on March 25, 2005, which notice was received by Defendant.

253.    More than twenty calendar days have passed since Defendant received the notice of rescission.

254.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

255.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

256.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.   Rescission of this transaction;

      b.   Termination of any security interest in Plaintiff's property created under the transaction;

      c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

      d.   Statutory damages of $2,000 for the disclosure violation;

      e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

      f.   Forfeiture of loan proceeds;

      g.   Actual damages in an amount to be determined at trial; and

      h.   A reasonable attorney fee

### TWENTY-SIXTH COUNT (FRANK INZITARI)

257.    On or about October 21, 2003 Frank Inzitari entered into a loan agreement with the Defendant and provided a mortgage on his residence to secure the indebtedness.

258.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

259.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

260.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

261.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

262.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on April 26, 2005, which notice was received by Defendant.

263.    More than twenty calendar days have passed since Defendant received the notice of rescission.

264.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

265.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

266.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

            a.   Rescission of this transaction;

b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney fee

## TWENTY-SEVENTH COUNT (SHARON VITTI)

267. On or about September 23, 2003 Sharon Vitti entered into a loan agreement with the Defendant and provided a mortgage on her residence to secure the indebtedness.

268. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

269. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

270. In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

271.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

272.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on May 25, 2005, which notice was received by Defendant.

273.     More than twenty calendar days have passed since Defendant received the notice of rescission.

274.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

275.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

276.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.

### TWENTY-EIGHTH COUNT (SALLIE BOOTH)

277.    On or about March 17, 2003 Sallie Booth entered into a loan agreement with the Defendant and provided a mortgage on his residence to secure the indebtedness.

278.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

279.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

280.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

281.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

282.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on June 7, 2005, which notice was received by Defendant.

283.    More than twenty calendar days have passed since Defendant received the notice of rescission.

284.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

285.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

286.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee

## TWENTY-NINTH COUNT (AUDREY LYLES)

287.    On or about March 22, 2004 Audrey Lyles entered into a loan agreement with the Defendant and provided a mortgage on her residence to secure the indebtedness.

288.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

289.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

290.    In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

291.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

292.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail on Match 14, 2005, which notice was received by Defendant.

293.    More than twenty calendar days have passed since Defendant received the notice of rescission.

294.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

295.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

296.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

     a.   Rescission of this transaction;

     b.   Termination of any security interest in Plaintiff's property created under the transaction;

     c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

     d.   Statutory damages of $2,000 for the disclosure violation;

     e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

     f.   Forfeiture of loan proceeds;

     g.   Actual damages in an amount to be determined at trial; and

     h.   A reasonable attorney fee

## THIRTIETH COUNT (JANET M. EDWARDS v. AMERIQUEST)

297.   On or about August 6, 2004 Janet Edwards entered into a loan agreement with the Defendant and provided a mortgage on her residence to secure the indebtedness.

298.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

299.   This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

300. In the course of this consumer credit transaction, Defendant violated C.G.S § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

301. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

302. The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated March 14, 2005, which notice was received by Defendant.

303. More than twenty calendar days have passed since Defendant received the notice of rescission.

304. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

305. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

306. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

   c.  Return of any money or property given by the Plaintiff to anyone, including

the Defendant, in connection with this transaction;

   d.  Statutory damages of $2,000 for the disclosure violation

   e.  Statutory damages of $2,000 for Defendant's failure to respond properly to

Plaintiff's rescission notice;

   f.  Forfeiture of loan proceeds;

   g.  Actual damages in an amount to be determined at trial; and

   h.  A reasonable attorney fee.


## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case;

2. Declare the security interest in the Plaintiffs' residences are void;

3. Enter an order that the mortgage transactions are rescinded;

4. Order Defendant to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5. Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendant, in connection with the transactions;

6. Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);

8. Award the Plaintiffs actual statutory damages for the Defendant's failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);

9. Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is

required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award the Plaintiffs costs and a reasonable attorney fee as provided under 15 U.S.C. § 1640(a);

12. Award such other and further relief as the Court deems just and proper.

**THE PLAINTIFFS**,

By: _____/s/ Daniel S. Blinn_____
      Daniel S. Blinn,    Fed Bar No. ct02188
      dblinn@consumerlawgroup.com
      Consumer Law Group, LLC
      35 Cold Spring Road, Suite 512
      Rocky Hill, CT 06067
      Tel. (860) 571-0408 Fax. (860) 571-7457