**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE AMERIQUEST MORTGAGE CO., MORTGAGE LENDING PRACTICES LITIGATION** | **MDL No. 1715** |
| | **Lead Case No. 05-CV-07097** |
| **THIS DOCUMENT RELATES TO:** WILSON, *et al.* v. ARGENT MORTGAGE COMPANY, L.L.C.; INC., CITIFINANCIAL MORTGAGE COMPANY; and DOES 1-5, CASE NO. 07-CV-10554 | **(Centralized before The Honorable Marvin E. Aspen)** **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIFINANCIAL MORTGAGE COMPANY TO COMPLAINT** |
| **AMERIQUEST MORTGAGE COMPANY, a Delaware corporation,** | |
| **Third-Party Plaintiff,** | |
| v. | |
| **TRISTAR TITLE, LLC an Illinois limited liability company; and DOES 1-10 inclusive,** | |
| **Third-Party Defendants.** | |

## ANSWER

Defendant CitiFinancial Mortgage Company ("CitiFinancial"), by and through its attorneys, answers the Plaintiffs Kurt H. Wilson, Sr.'s and Teresa R. Wilson's Complaint as follows:

## COMPLAINT

## INTRODUCTION

1.     Plaintiffs Kurt H. Wilson, Sr. and Teresa R. Wilson bring this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of the Truth in

Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA").

**ANSWER:** **CitiFinancial admits that Plaintiffs have filed a lawsuit against it. CitiFinancial objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." CitiFinancial denies all remaining allegations of Paragraph 1. CitiFinancial specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226 or the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.**

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§ 1640 (TILA) and 1691e (ECOA).

**ANSWER:** **CitiFinancial does not contest subject matter jurisdiction. CitiFinancial denies any remaining allegations of Paragraph 2.**

3.     Defendants do business in the District and are deemed to reside here. Venue is therefore proper under 28 U.S.C. § 1391(c).

**ANSWER:** **CitiFinancial does not contest venue. Because the remaining allegations of Paragraph 3 state conclusions of law, no answer is required.**

## PARTIES

4.     Plaintiffs Kurt H. Wilson, Sr. and Teresa R. Wilson are husband and wife and own and reside in a single family home located at 22408 Glen Oak Drive, Clinton Township, Michigan 48035.

**ANSWER:** **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Argent Mortgage Company, L.L.C. ("Argent") is a foreign limited liability company which maintains offices in and does business in Michigan.  Its registered agent and office are National Registered Agent, 712 Abbot Road, East Lansing, MI 48823.

**ANSWER:      CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant Argent Mortgage Company is engaged in the business of originating "subprime" mortgage.

**ANSWER:      CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.      Defendant Argent Mortgage Company makes more than 26 loans per year.

**ANSWER:      CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.      Defendant Argent Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:      CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.      Defendant Citifinancial Mortgage Company, Inc., ("Citifinancial") is a foreign corporation which does business in Michigan.  Its registered agent and office are The Corporation Company, 30600 Telegraph Rd., Bingham Farms, MI 48025.

**ANSWER:      CitiFinancial admits that it is a foreign corporation that does business in Michigan.  CitiFinancial does not dispute service.**

## FACTS RELATING TO PLAINTIFF

10.     Prior to August 13, 2004, Plaintiffs applied for a mortgage with Argent Mortgage Company.

**ANSWER:     CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:     CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12.     The loan was closed on August 13, 2004.

**ANSWER:     CitiFinanacial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     The following are documents relating to the loan:

   a.     A note, Exhibit A.  Only Kurt H. Wilson, Sr. signed the note.

   b.     A mortgage, Exhibit B.  Both Kurt H. Wilson, Sr. and Teresa R. Wilson signed the mortgage.

   c.     A settlement statement, Exhibit C.

   d.     A Truth in Lending disclosure statement, Exhibit D.

   e.     The official Federal Reserve Board notice of right to cancel, Exhibit E.

**ANSWER:     CitiFinancial submits that the referenced documents speak for themselves, denies any wrongdoing and denies any liability to Plaintiffs. CitiFinancial denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 13 and on that basis denies such allegations.**

4

14.     Argent undertook and represented in the settlement statement, Exhibit C line 1502, that Argent would pay $2,707.14 from the loan proceed for taxes on plaintiffs' property.

**ANSWER:**     **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     Argent then changed the deal and kept the $2,707.14.

**ANSWER:**     **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.     Plaintiffs were later directed to pay Citifinancial.

**ANSWER:**     **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.     On information and belief, plaintiffs' loan is owned by defendant Citifinancial.

**ANSWER:**     **CitiFinancial denies the allegations of Paragraph 17.  CitiFinancial does not own Plaintiffs' loan.**

18.     In the event plaintiffs' loan is not owned by Citifinancial, the owners are named as Does 1-5.

**ANSWER:**     **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 18 and on that basis denies such allegations.**

## COUNT I – TRUTH IN LENDING ACT

19.     Plaintiffs incorporate paragraphs 1-18.

**ANSWER:**     **CitiFinancial restates its answers to paragraphs 1-18 in answer to this paragraph.**

20.     In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who

refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later.  More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.**  (15 U.S.C. § 1635(a)).

**ANSWER:**     **Because Paragraph 20 states conclusions of law, no answer is required**.

21.     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction.  More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission.  Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.**  (15 U.S.C. § 1635(b)).

**ANSWER:**     **Because Paragraph 21 states conclusions of law, no answer is required.**

22.     To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately.  More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

**ANSWER:**    **Because Paragraph 22 states conclusions of law, no answer is required.**

23.    Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:**    **Because Paragraph 23 states conclusions of law, no answer is required.**

24.    More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i)  The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii)  The consumer's right to rescind the transaction.**
>
> **(iii)  How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv)  The effects of rescission, as described in paragraph (d) of this section.**

(v) **The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

**ANSWER:** **Because Paragraph 24 states conclusions of law, no answer is required.**

## DEFECTIVE NATURE OF DISCLOSURES

25.  In connection with the plaintiffs' loan, Argent Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, for (without limitation) the following reasons:

**ANSWER:** **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

### TILA Disclosures Misdated

26.  Argent and or/its agent changed the disbursements for the loan and did not ever bother to notify plaintiffs of the changes.

**ANSWER:** **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.  As a result, the loan terms were not final or agreed as of the closing date, and all of Argent's TILA disclosures to plaintiffs are misdated.

**ANSWER:** **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.  Consequently, Exhibit E does not clearly and conspicuously inform plaintiffs of their right to cancel. The TILA Disclosure Statement (Exhibit D) was similarly misdated.

**ANSWER:** **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.  Proper notice of right to cancel would have informed plaintiffs of their right to cancel within three business days of the date the terms of the transaction were final.

**ANSWER:**     **Because Paragraph 29 states conclusions of law, no answer is required.**

### Undisclosed Finance Charge

30.     On information and belief, Argent under-disclosed the finance charge in an amount exceeding TILA's applicable tolerance.  Under the TILA, the money it was supposed to pay toward plaintiff's taxes but which it kept instead is treated as finance charge.

**ANSWER:**     **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

### Notices Confusing Where Less Than All Owners Are Obliged

31.     Exhibit E is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note.  The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER:**     **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     The top of Exhibit E has only Kurt H. Wilson's name on it, and is addressed to "borrower(s)."  The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above.  The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document.  While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/Owner," which presumably means something different than just "borrower."

**ANSWER:**     **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33.     The statute gives not only each person obligated to repay the loan but each person

who resides in and has an ownership interest in the property the right to cancel, and requires a
notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:**     **Because Paragraph 33 states conclusions of law, no answer is required.**

    34.     Notice of rescission has been given to defendants.  A copy is attached as
Exhibit F.

**ANSWER:**     **CitiFinancial is without knowledge or information sufficient to form a belief
as to truth of the allegations of Paragraph 34 and on that basis denies such
allegations.**

    35.     The loan has not been rescinded.

**ANSWER:**     **CitiFinancial admits that Plaintiffs' loan has not been rescinded.
CitiFinancial denies any liability to Plaintiffs and denies that they may
rescind their mortgage.**

    36.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any
assignee.

**ANSWER:**     **Because Paragraph 36 states conclusions of law, no answer is required.**

    37.     15 U.S. C. § 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has
violated this section, in addition to rescission the court may
award relief under section 1640 of this title for violations of
this subchapter not relating to the right to rescind.**

**ANSWER:**     **Because Paragraph 37 states conclusions of law, no answer is required.**

## COUNT II – EQUAL CREDIT OPPORTUNITY ACT

    38.     Teresa R. Wilson incorporates paragraphs 1-18 and 19-37.

**ANSWER:**     **CitiFinancial restates its answers to paragraphs 1-18 and 19-37 in answer to**

**this paragraph.**

39. This claim is against Argent Mortgage Company.

**ANSWER:** **Because Paragraph 39 states conclusions of law, no answer is required.**

40. On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:** **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41. On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:** **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42. Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:** **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

## COUNT III – BREACH OF CONTRACT

43. Plaintiffs incorporate paragraphs 1-18.

**ANSWER:** **CitiFinancial restates its answers to paragraphs 1-18 in answer to this paragraph.**

44. This claim is against Argent only.

**ANSWER:**   **Because Paragraph 44 states conclusions of law, no answer is required**.

45.    Defendant Argent contracted and undertook to pay $2707.14 from the loan proceeds to pay plaintiffs' taxes.

**ANSWER:**   **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46.    Argent did not pay the $2707.14 in taxes as it had agreed.

**ANSWER:**   **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47.    Argent thereby breached its agreement.

**ANSWER:**   **CitiFinancial is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

2.    Plaintiffs' claims are barred by the applicable statute of limitations.

3.    Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.    Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.    Plaintiffs' claims are barred by the applicable statute of frauds.

6.    Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.    Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of CitiFinancial were excused by the actions of Plaintiffs or others.

9.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not CitiFinancial, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of CitiFinancial described in the Complaint.

11.     As to each cause of action, CitiFinancial  is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because CitiFinancial has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17.     CitiFinancial alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.  CitiFinancial reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant CitiFinancial prays this court to:

1.      Dismiss Plaintiffs' Complaint;

2.      Enter judgment for CitiFinancial and against Plaintiffs in this action;

3.      Award CitiFinancial its costs of suit; and

4.      Grant CitiFinancial any and all further and additional relief as it deems just and appropriate.

DATED this 10th day of July, 2007.

**BUCHALTER NEMER, P.C.**

By: /s/ Bernard E. LeSage
    *Attorneys for CitiMortgage, Inc. as*
    *successor by merger to Defendant*
    *CitiFinancial Mortgage Company*
      Bernard E. LeSage, Esq.
      Sarah K. Andrus, Esq.
      BUCHALTER NEMER, a P.C.
      1000 Wilshire Boulevard, Suite 1500
      Los Angeles, CA 90017-2457

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 10th day of July 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

BN 1249522v1