## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Jacqueline Buckner v. Ameriquest Mortgage Company, et al.*; Case No. 05 C 6808 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, ("Deutsche Bank"), by and through its attorneys, answers Plaintiff JACQUELINE BUCKNER's ("Plaintiff") Second Amended Complaint as follows.

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1.    Plaintiff Jacqueline Buckner brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violations of (A) the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and (B) the Illinois Consumer Fraud Act, 815 ILCS 50512, and (C) common law.

**ANSWER:**    **Deutsche Bank admits that Plaintiffs have filed a lawsuit against it. Deutsche Bank objects to the term "subprime" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Deutsche Bank denies all remaining allegations of Paragraph 1. Deutsche Bank specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z,**

12 C.F.R. part 226, the Illinois Consumer Fraud Act, 815 ILCS 50512, or any state law.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Deutsche Bank does not contest subject matter jurisdiction. Deutsche Bank denies any remaining allegations of Paragraph 2.**

## PARTIES

3.      Plaintiff Jacqueline Buckner owns and resides in a home at 5 E. Carriageway Drive, # 210, Hazel Crest, IL 60429.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

- 2 -

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.     Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.     Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.     Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.     Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005.  On information and belief it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** **Deutsche Bank is a national baking association with its place of business located at 1761 East St. Andrew Place, Santa Ana, CA 92705.  Deutsche Bank admits that it serves as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-R8 under a Pooling & Servicing Agreement dated August 1, 2004.   Deutsche Bank denies the remaining allegations of Paragraph 10.**

BN 1291820v1

11.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs.' It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12.     Defendant Price-Rite Appraisal, Inc., is a domestic corporation that does business in Illinois. It is engaged in the business of performing residential appraisals. It has offices at 2815 West Diversey Avenue, Chicago, IL 60647.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     Defendant Gregory L. Darling or Greg Darling is or was a residential appraiser licensed in the State of Illinois. Mr. Darling was employed by Price-Rite Appraisal, Inc., during June, 2004. He may be found at 2011 Warren St., Evanston, IL 60602.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF

14.     Prior to June 23, 2004, plaintiff applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     At all times, Ameriquest's employee, Eric Clay, communicated with plaintiff.

- 4 -

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17. In connection with its refinance loan to her, Ameriquest arranged for and hired defendant Price-Rite Appraisal, Inc., to perform an appraisal of Ms. Buckner's residence and property (Exhibit F).

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18. The loan was closed on June 23, 2004. The loan amount was $101,300.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19. Plaintiff signed or received (not necessarily prior to consummation) the following documents relating to the loan:

        a.     A note, Exhibit A;

        b.     A mortgage, Exhibit B;

        c.     A Truth in Lending disclosure statement, Exhibit C;

        d.     A notice of right to cancel, Exhibit D;

        e.     A one week cancellation period notice, Exhibit E.

**ANSWER:** **The documents speak for themselves. Deutsche Bank admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Deutsche Bank denies that these documents constitute the entire loan file and**

- 5 -

that these documents constitute the fully integrated loan agreement with Plaintiffs. Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 19 and on that basis denies such allegations.

20.     The transaction and cancellation dates on all copies of the notice of right to cancel provided to plaintiff were left blank.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.     Particularly in light of such omission and the fact that the "seven day" notice is really a six day notice, provision of two different notices is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.     On or about June 28, 2004, five days after closing, defendant Price-Rite Appraisal, Inc., and Gregory L. Darling inspected plaintiff's property and arrived at an estimate of the market value (see Exhibit F). A written report was prepared June 30, 2006 and signed by Mr. Darling (Id.).

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     Mr. Darling's appraisal, conducted after closing, estimates that the market value of plaintiffs property was $117,000 (see Exhibit F). This constituted a loan of 86% of the home value, utilizing Ameriquest's appraised value.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     On information and belief, the reported appraised value was substantially and artificially inflated by Price-Rite and Mr. Darling, at the direction of and with the knowledge of Eric Clay and/or Ameriquest. This was done for increasing the loan amount plaintiff would qualify for, which, in turn, would increase the lender's profits and interest income, as well as continue Price-Rite and Mr. Darling's business with Ameriquest.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     On information and belief, the actual appraised value at the time was significantly less than $85,000.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     On information and belief, prior to doing the appraisal inspection, Mr. Clay and/or Ameriquest informed Price-Rite and/or Mr. Darling of the appraised value, i.e., the precise amount or a narrow range, that Ameriquest needed in order to support the underwriting of the loan. The typed, pre-printed loan application that Ameriquest prepared and had plaintiff sign at closing indicates a real property value of $115,000. Exhibit G.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     Price-Rite and Mr. Clay obliged Ameriquest in order to continue doing business with Ameriquest.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.     In the spring and summer, 2006, plaintiff sought to refinance in order to avoid the the "first change date" of the adjustable interest rate Ameriquest put her in.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.     The adjustable rate note (Exhibit A) Ameriquest gave plaintiff had an initial rate of 7.99% for the first two years. At the first change date, July 2006, plaintiff's rate went up by 2% - to 9.99%. During each six-month period thereafter, the rate can increase by as much as 1.0% - up to a maximum 13.99%! It can never go lower than 7.99%.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.     Ameriquest persuades its customers to accept adjustable rate loans by representing that they will be able to refinance out of the loan before the rate starts adjusting. On information and belief, this is what Mr. Clay told plaintiff.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.     Plaintiff did not discover that defendants had inflated the appraised value of her property until she attempted to refinance in the spring and summer of 2006 with Envision Mortgage Solutions, Elite Financial and Financial Freedom. All three companies rejected her applications. The stated reason was that Ameriquest inflated the appraised value of her home so much that her current indebtedness and any new loan would exceed the actual value of her home.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     The existence of a substantially inflated appraisal will compromise, beyond her control, the plaintiff's ability, even under a remedy of full rescission of the loan, to tender the remaining balance of the loan back to Ameriquest. This situation requires an equitable remedy.

BN 1291820v1

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33. Ameriquest's cruel combination of (A) an inflated appraisal, which makes it impossible for plaintiff to get out of the loan, and (B) an adjustable interest rate that keeps rising, has effectively trapped plaintiff in a loan that she will soon will no longer be able to afford, putting her home in jeopardy.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34. Plaintiff was later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35. On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August l, 2004 Without Recourse.

**ANSWER:** **Deutsche Bank admits that it serves as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pas-Through Certificates, Series 2004-R8 under a Pooling & Servicing Agreement dated August 1, 2004 Without Recourse. Deutsche Bank denies the remaining allegations of Paragraph 35.**

36. In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

BN 1291820v1

37.     On November 10, 2005, plaintiff's counsel sent a rescission letter to Ameriquest Mortgage Company and affiliates to rescind plaintiff's loan for violations of the Truth in Lending Act.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38.     Then, on November 30, 2005, plaintiff attempted to pay her mortgage online and received the error message, "We cannot accept an online payment for your loan at this time. Please call one of our friendly customer care representatives," and providing a phone number.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations.**

39.     The Ameriquest employee who answered, "Sarah," took plaintiff s payment over the phone.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

40.     On January 30, 2006, plaintiff attempted again to pay her mortgage online and received the same error message.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41.     This time, the Ameriquest employee who answered, "Bryant," told plaintiff that there was a stop on her account due to pending litigation.  He then gave her another phone number to call to make her payment over the phone.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42.     Plaintiff received the error message a third time on February 28, 2006.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43.     Plaintiff then called Ameriquest and was transferred to the Office of the President, where an Ameriquest employee specifically told plaintiff that since she was in litigation against Ameriquest, she no longer has the "privilege" to pay online. He also told her that there would be an added $8.50 fee to pay by telephone.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

44.     Defendants Ameriquest and AMC Mortgage Services, Inc., have a pattern and practice of retaliating against its customers who exercise their rights under federal credit protection statutes by filing, in order to assert their rights in good faith, a lawsuit against Ameriquest and its affiliates.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45.     All such servicing problems are the direct result of plaintiff having filed suit against defendants. Customers who do not file lawsuits are still allowed to make payments online.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

## COUNT I - TILA

46.     Plaintiff incorporates ¶¶ 1-45.

BN 1291820v1

**ANSWER:** Deutsche Bank restates its answers to paragraphs 1-45 in response to this paragraph.

## RIGHT TO RESCIND

47.     Because the transaction was secured by plaintiffs home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a)    <u>Consumer's right to rescind.</u>

        (1)    In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

        (2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

        (3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

        (4)    When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

    (b)    <u>Notice of right to rescind.</u> In a transaction

- 12 -

> subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (1)     The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (2)     The consumer's right to rescind the transaction.
>
> (3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (4)     The effects of rescission, as described in paragraph (d) of this section.
>
> (5)     The date the rescission period expires....
>
> (f)     **Exempt transactions.** The right to rescind does not apply to the following:
>
> (1)     A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
> (2)     A credit plan in which a state agency is a creditor.

**ANSWER:**     Because Paragraph 47 states legal conclusions, no answer is required.

## GROUNDS FOR RESCISSION

48.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosure of the plaintiff's right to cancel within three days, including (but not limited to) for the reasons stated above.

**ANSWER:**     **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49.     Plaintiff has demanded rescission (Exhibit H).

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50. The loan has not been rescinded.

**ANSWER:** **Deutsche Bank admits that Plaintiff's loan has not been rescinded. Deutsche Bank denies that Plaintiff may rescind her mortgage.**

51. Under 15 U.S.C. §1641(c), the right to rescind maybe exercised against any assignee.

**ANSWER:** **Because Paragraph 51 states legal conclusions, no answer is required.**

52. 15 U.S.C. §1635(g) provides:

> **Additional relief**
>
> **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because Paragraph 52 states legal conclusions, no answer is required.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

a. A judgment voiding plaintiff s mortgage, capable of recordation in the public records, and binding on defendants;

b. A judgment declaring what obligation, if any, plaintiff has toward each defendant, taking into account the challenge for plaintiffs tender obligation due to the inflated appraised value;

c. Statutory damages for the underlying disclosure violation;

d. If appropriate, statutory damages for failure to rescind;

e. Attorney's fees, litigation expenses and costs;

f. Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required.**

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

53.     Plaintiff incorporates ¶¶ 1-35. This claim is against Ameriquest, Price-Rite Appraisal, Inc., and Gregory L. Darling.

**ANSWER:     Deutsche Bank restates its answers to paragraphs 1-35 in response to this paragraph.**

54.     Defendants violated §2 of the Consumer Fraud Act, 815 ILCS 505/2, by unfairly and deceptively (1) misrepresenting to plaintiff the market value of her residential property; (2) concealing the fact that, based on the inflated appraisal, plaintiff would receive a loan with an extremely high loan-to-value ratio.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 54 and on that basis denies such allegations.**

55.     Defendants engaged in such conduct in the course of trade and commerce.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 55 and on that basis denies such allegations.**

56.     Defendants intended for the Wilsons to rely on their misrepresentations.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

57.     Plaintiff would not have taken out the loan if she had reason to know that the appraisal was inflated or that she was borrowing at an extremely high loan-to-value ratio that would prevent her from refinancing in the future.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 57 and on that basis denies such allegations.**

58.     Plaintiff was damaged as a result of Defendants' conduct, in that (1) she was charged and paid excess points and fees and interest stemming from the inflated value and

- 15 -

principal; (2) she has attempted to but has been prevented from refinancing out of the high-loan-to-value loan, due to the fact that the Ameriquest loan amount was based on a significantly inflated home value.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 58 and on that basis denies such allegations.**

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against defendants for:

        a.     A judgment voiding her mortgage, capable of recordation in the public records, and binding on all defendants;

        b.     Appropriate compensatory and punitive damages;

        c.     Appropriate special damages; and

        d.     Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required**.

## COMMON LAW FRAUD - COUNT III

59.     Plaintiffs incorporate ¶¶1-35 above. This claim is against Ameriquest, Price-Rite Appraisal, Inc., and Gregory L. Darling.

**ANSWER:** **Deutsche Bank restates its answers to paragraphs 1-35 in response to this paragraph.**

60.     Defendants represented to plaintiff, based upon what they reported was the existing value of her home, that she qualified for a certain loan amount. Ameriquest charged her points and fees and other interest based upon the loan amount supported by its appraised value.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 60 and on that basis denies such allegations.**

61.     These representations were a material term of defendants' transaction with plaintiffs.

**ANSWER:      Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

62.     Defendants' representations were false and fraudulent because they were based upon a materially false representation of the value of plaintiff s home.

**ANSWER:      Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63.     Defendants made these representations intentionally, with knowledge and/or reckless ignorance of its falsity.

**ANSWER:      Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

64.     Alternatively, defendants conduct was willful.

**ANSWER:      Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 64 and on that basis denies such allegations.**

65.     Defendants' representations caused plaintiff to rely on the misrepresentations to her detriment.

**ANSWER:      Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 65 and on that basis denies such allegations.**

66.     Plaintiffs reliance was justifiable.

**ANSWER:      Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 66 and on that basis denies such allegations.**

67.     Substantial punitive damages are warranted.

**ANSWER:**     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 67 and on that basis denies such allegations.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendants for:

>      a.     actual and compensatory damages;
>
>      b.     punitive damages; and
>
>      c.     Such other or further relief as the Court deems appropriate.

**ANSWER:**     No answer is required.

## CIVIL CONSPIRACY - COUNT IV

68.     Plaintiff incorporates ¶¶ 1-45. This claim is against Ameriquest, Price-Rite Appraisal, Inc., and Gregory L. Darling.

**ANSWER:**     Deutsche Bank restates its answers to paragraphs 1-35 in response to this paragraph.

69.     Defendants intentionally inflated the appraised value and were aware that it was substantially inflated above the market value.

**ANSWER:**     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 69 and on that basis denies such allegations.

70.     Plaintiffs/counter-defendants acted in concert to take steps in furtherance of their common goal to inflate the appraised value of plaintiff's home.

**ANSWER:**     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 70 and on that basis denies such allegations.

71.     Among other things, defendants misrepresented, concealed and suppressed the true market value of the Wilsons' property.

**ANSWER:**     **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 71 and on that basis denies such allegations.**

72.     The value of the property and home was a material fact in the transaction.

**ANSWER:**     **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 72 and on that basis denies such allegations.**

73.     Defendants intended that plaintiff would rely on their misrepresentation, concealment and suppression of this fact.

**ANSWER:**     **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 73 and on that basis denies such allegations.**

74.     Plaintiff took out the loan, the principal amount of which and other material terms were based on the inflated appraised value arranged by Ameriquest, Price-Rite and Mr. Darling.

**ANSWER:**     **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 74 and on that basis denies such allegations.**

75.     Defendants' conduct was willful.

**ANSWER:**     **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 75 and on that basis denies such allegations.**

76.     Substantial punitive damages are warranted.

**ANSWER:**     **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 76 and on that basis denies such allegations.**

WHEREFORE, defendants/counter-claimants request that the Court enter judgment in their favor and against plaintiffs/counter-defendants for:

a.      Actual damages;

b.      Incidental, consequential and special damages;

c.      Costs of litigation and expenses; and

d.      Such other or further relief as this Court deems appropriate.

**ANSWER:** **No answer is required**.

## COUNT V - ECOA

77.     Plaintiff incorporates ¶¶ 1-45 above. This claim is against defendants AMC and Ameriquest.

**ANSWER:** **Deutsche Bank restates its answers to paragraph 1-45 in response to this paragraph.**

78.     Plaintiff was an applicant within the meaning of 15 U.S.C. §1691a(b) and Regulation B (which defines "applicant" to include persons who have received credit).

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 78 and on that basis denies such allegations.**

79.     By filing this lawsuit in good faith pursuant to the Consumer Credit Protection Act, plaintiff was and is engaged in a statutorily protected activity.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 79 and on that basis denies such allegations.**

80.     As a result of filing this lawsuit, plaintiff has suffered and continue to suffers adverse actions at the hands of defendants. Ameriquest and AMC have, in ways detailed above and in other ways, taken retaliatory action against these and other plaintiffs and their accounts.

- 20 -

These actions constitute "an unfavorable change in the terms of an account that does not affect all or a substantial portion of a class of the creditor's accounts." 12 C.F.R. § 202.2 (c)(1)(ii).

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 80 and on that basis denies such allegations.**

81. A direct causal connection exists between plaintiff s filing suit and defendants' subsequent treatment of her accounts, as detailed above.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 81 and on that basis denies such allegations.**

82. Plaintiff was current and has remained current on her accounts throughout the time of defendants' adverse actions.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 82 and on that basis denies such allegations.**

83. As a result of defendants' conduct, plaintiff has suffered actual damages and is entitled to recover actual damages as well as statutory damages, punitive damages, equitable and declaratory relief, costs and attorney fees.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 83 and on that basis denies such allegations.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

a. Actual and statutory and punitive damages according to proof,

b. Reasonable attorneys' fees and costs;

c. Injunctive relief, if the practices complained of have not ceased or do not cease immediately; and

d. Such other and further relief the court deems proper and just.

- 21 -

**ANSWER:**   **No answer is required**.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's purported causes of action fail to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the applicable statute of limitations.

3.      Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiff's claims are barred by the applicable statute of frauds.

6.      Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9.      Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Deutsche Bank, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10.      Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Deutsche Bank described in the Complaint.

11.      As to each cause of action, Deutsche Bank is entitled to an offset.

12.      Plaintiff's claims are barred in whole or in part, because Deutsche Bank has committed no act or omission causing any damage to Plaintiff.

13.      Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

- 22 -

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

16. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

17. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant Deutsche Bank prays this court to:

1. Dismiss Plaintiff's Complaint;

2. Enter judgment for defendant Deutsche Bank and against Plaintiff in this action;

3. Award Deutsche Bank its costs of suit; and

4. Grant Deutsche Bank any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: July 11, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National
Trust Company, N.A.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 23 -

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 11th day of July, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

BN 1291820v1