## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Belfeld, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 1:07-cv-00143-GJQ | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY ("Deutsche Bank"), by and through its attorneys, answers Plaintiffs STUART BELFELD'S and MARIANNE BELFELD'S ("Plaintiffs'") Amended Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.      Plaintiffs Stuart Belfeld and Marianne Belfeld bring this action against a "subprime" mortgage lender and its assignees to rescind two mortgages for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA").

**ANSWER:      Deutsche Bank admits that Plaintiffs have filed a lawsuit against it. Deutsche Bank objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Deutsche Bank denies all remaining allegations of Paragraph 1. Deutsche Bank specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z,**

12 C.F.R. part 226, or the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq..

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA).

**ANSWER:**      **Deutsche Bank does not contest subject matter jurisdiction or venue. Deutsche Bank denies any remaining allegations of Paragraph 2.**

3.      Defendants do business in the District, have numerous offices within the District, and are deemed to reside here. Venue is therefore proper under 28 U.S.C. §1391(c).

**ANSWER:**      **Deutsche Bank does not dispute venue. Deutsche Bank denies any remaining allegations of Paragraph 3.**

## PARTIES

4.      Plaintiffs Stuart Belfeld and Marianne Belfeld are husband and wife and jointly own and reside in a home at 22471 Fairfax Street, Taylor, MI 48180.

**ANSWER:**      **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Argent Mortgage Company, LLC is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823.

**ANSWER:**      **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant Argent Mortgage Company, LLC is engaged in the business of originating "subprime" mortgages.

- 2 -

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.      Defendant Argent Mortgage Company, LLC makes more than 26 loans per year.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.      Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.      Defendant Argent Mortgage Company, LLC is an affiliate of Ameriquest Mortgage Company.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.      During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.      Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY.  On information and belief, it holds legal title, probably as trustee, to the smaller of plaintiffs' two loans.

- 3 -

Case: 1:05-cv-07097 Document #: 873 Filed: 07/11/07 Page 4 of 20 PageID #:16648

**ANSWER:** **Deutsche Bank admits that it is a national banking association with its place of business located at 1761 East St. Andrew Place, Santa Ana, CA 92705. Deutsche Bank denies the remaining allegations of Paragraph 11.**

12.     Wells Fargo Bank, N.A., is an entity that holds title, as trustee, to some loans originated by defendant Argent. It holds title to the larger of plaintiffs' two loans. It may be found at 9062 Old Annapolis Road, Columbia, Maryland, 21045.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     Defendant GMAC Mortgage Corporation is a foreign corporation which transacts business in Michigan. It is engaged in the business of servicing residential mortgages. Its registered agent and office are CSC-Lawyers Incorporating Service, 601 Abbott Road, East Lansing, MI 48823.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

14.     *[NO PARAGRAPH 14]*

15.     Does 1-5 are any other entities, currently unknown, that have or claim an interest in plaintiffs' loans.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS

16.     In January 2005, plaintiffs applied for a mortgage loan, through a mortgage broker, to Argent Mortgage Company, LLC ("Argent"). Abe Nelson, an employee of the broker, took plaintiffs' application information over the phone.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

- 4 -

BN 1292448v1

17.     Plaintiffs needed and used the loan for personal, family or household purposes,
namely, refinancing of prior debt incurred for such purposes.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 17 and on that basis denies
such allegations.**

18.     Mr. Nelson said that he could get a 30-year fixed loan for plaintiffs. Mr. Nelson
said nothing about two loans in an 80/20 split mortgage.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 18 and on that basis denies
such allegations.**

19.     At the scheduled closing on March 14, 2005, plaintiffs discovered that instead of
the single fixed rate loan requested, plaintiffs were given two loans, one for 80% of the amount
sought and one for 20%, with an adjustable rate loan for the larger portion and a fixed rate for the
smaller.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 19 and on that basis denies
such allegations.**

20.     Because the mortgage broker received a yield spread premium in connection with
the March 14, 2005 transaction (Exhibit D, line 812), its actions are imputable to Argent.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 20 and on that basis denies
such allegations.**

21.     Immediately prior to the closing, plaintiffs were informed by Argent that the
terms for the 80% loan were being altered to their detriment, as set forth on Exhibit A.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 21 and on that basis denies
such allegations.**

- 5 -

22.     Mr. Nelson explained that Argent would treat the loans as one loan, and only charge one set of closing costs. He further said that they needed to do the loan that way and that it was standard procedure.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     When plaintiffs hesitated, Mr. Nelson said, "We need to take care of this today in order for you to get the loan; otherwise, your rate will go way up or we won't be able to do the loan at all."

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     Plaintiffs reluctantly signed the documents on the 80% loan on March 14, 2005.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     The following are documents relating to the 80% March 14, 2005 loan:

a.     An adjustable rate note, Exhibit B. Only Mr. Belfeld signed the note.

b.     A mortgage, Exhibit C. Both Mr. and Mrs. Belfeld signed the mortgage.

c.     A settlement statement, Exhibit D.

d.     A Truth in Lending statement, Exhibit E.

e.     The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit F.

**ANSWER:     The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, Deutsche Bank admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Deutsche Bank denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

- 6 -

26.     Plaintiffs were later directed to make payments on the 80% loan to Countrywide Home Loans, Inc.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     Two to three weeks after the 80% loan closed, Mr. Nelson told plaintiffs that he could get the 80% loan and the remaining 20% loan rolled into one loan, as long as plaintiffs came in and signed on the 20% loan.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.     Mr. Nelson said, "In a few months, we'll roll this into one loan rather than two."

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.     Plaintiffs signed on the 20% loan because they were under the impression that the loans would be consolidated into one loan within a few months.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.     Immediately prior to the closing, plaintiffs were informed by Argent that the terms for the 20% loan were being altered to their detriment, as set forth on Exhibit G.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.     The following are documents relating to the 20% loan:

a.     A fixed rate note, Exhibit H. Only Mr. Belfeld signed the note.

b.     A mortgage, Exhibit I. Both Mr. and Mrs. Belfeld signed the mortgage.

- 7 -

    c.      A settlement statement, <u>Exhibit J</u>.

    d.      A Truth in Lending statement, <u>Exhibit K</u>.

    e.      The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit L</u>.

**<u>ANSWER</u>:**    **The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, Deutsche Bank admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Deutsche Bank denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

32.      The documents for the 20% loan are misdated to represent that the closing took place on March 14, 2005 instead of a few weeks later.

**<u>ANSWER</u>:**    **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33.      A month after plaintiffs closed on the 20% loan, both loans were sold. Plaintiffs were directed to make payments on the 20% loan to GMAC Mortgage Corporation.

**<u>ANSWER</u>:**    **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34.      Argent never honored its promise to roll both loans into one loan.

**<u>ANSWER</u>:**    **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.      On information and belief, Deutsche Bank National Trust Company, N.A., as trustee, owns plaintiffs' 20% loan.

**<u>ANSWER</u>:**    **Deutsche Bank denies that it owns Plaintiffs' loan.**

36.      On information and belief, either Wells Fargo Bank, N.A.., as trustee, holds title to plaintiffs' 80% loan.

**ANSWER:**    **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37.    To the extent any ownership information for either loan is incorrect (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**    **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

## COUNT I - TILA

38.    Plaintiffs incorporate paragraphs 1-37.

**ANSWER:**    **Deutsche Bank restates its answers to paragraph 1-37 in response to this paragraph.**

39.    In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.** (15 U.S.C. § 1635(a)).

**ANSWER:**    **Because Paragraph 39 states legal conclusions, no answer is required.**

40.     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.** (15 U.S.C. § 1635(b).)

**ANSWER:**     **Because Paragraph 40 states legal conclusions, no answer is required.**

41.     To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

**ANSWER:**     **Because Paragraph 41 states legal conclusions, no answer is required.**

42.     Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:**     **Because Paragraph 42 states legal conclusions, no answer is required.**

43.    More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i)      The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii)     The consumer's right to rescind the transaction.**
>
> **(iii)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv)    The effects of rescission, as described in paragraph (d) of this section. (v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

**ANSWER:**    **Because Paragraph 43 states legal conclusions, no answer is required.**

## DEFECTIVE NATURE OF DISCLOSURES

44.    In connection with plaintiffs' loans, Argent Mortgage Company, LLC failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

**ANSWER:**    **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45.    Exhibit F and Exhibit L are inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Argent to the official Federal Reserve Board text.

**ANSWER:**    **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

- 11 -

46.     The top of <u>Exhibit F</u> and <u>Exhibit L</u> have only Mr. Belfeld's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**<u>ANSWER:</u>     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**<u>ANSWER:</u>     Because paragraph 47 states legal conclusions, no answer is required.  To the extent any answer is required, Deutsche Bank denies any wrongdoing and denies any liability to Plaintiffs.**

48.     Exhibit L is misdated, as plaintiffs did not close on the loan until several weeks after the filled-in closing date.

**<u>ANSWER:</u>     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

## <u>REMEDIES</u>

49.     One remedy for disclosure violations of 15 U.S.C. § 1635 is statutory damages pursuant to 15 U.S.C. § 1640. A plaintiff in a TILA case need not prove that he or she suffered actual monetary damages in order to recover statutory damages. Nor is it necessary to show that the consumer was actually misled or deceived. The Truth in Lending Act allows a monetary recovery even if the disclosure violation caused the borrower no harm.

**ANSWER:** **Because Paragraph 49 states legal conclusions, no answer is required.**

50. In an individual mortgage case, statutory damages are twice the finance charge, provided however that the damages may not be less than $200 or more than $2,000. In a class action, TILA provides that statutory damages are to be "such as the court may allow," with no minimum applicable to each class member and a total cap of either $500,000 or 1 percent of the creditor's net worth, whichever is lower.

**ANSWER:** **Because Paragraph 50 states legal conclusions, no answer is required.**

51. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit M</u>.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

52. The loans have not been rescinded.

**ANSWER:** **Deutsche Bank admits that Plaintiffs' loan has not been rescinded. Deutsche Bank denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

53. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 53 states legal conclusions, no answer is required.**

54. 15 U.S.C. § 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because Paragraph 54 states legal conclusions, no answer is required.**

BN 1292448v1

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.  A judgment voiding plaintiffs' mortgages, capable of recordation in the public records, and binding on defendants;

b.  Statutory damages for the underlying disclosure violation;

c.  If appropriate, statutory damages for failure to rescind;

d.  Attorney's fees, litigation expenses and costs.

e.  Such other or further relief as the Court deems appropriate.

**ANSWER:**  **No answer is required.**

## COUNT II - ECOA

55.  Mrs. Belfeld incorporates paragraphs 1-37.

**ANSWER:**  **Deutsche Bank restates its answers to paragraphs 1-37 in response to this paragraph.**

56.  On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:**  **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

57.  On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:**  **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 57 and on that basis denies such allegations.**

58.     Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 58 and on that basis denies such allegations.**

WHEREFORE, plaintiff Mrs. Belfeld requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

        a.      Appropriate statutory and punitive damages;

        b.      Attorney's fees, litigation expenses and costs.

        c.      Such other or further relief as the Court deems appropriate.

**ANSWER**:  **No answer is required.**

## COUNT III - MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT

59.     Plaintiffs incorporate paragraphs 1-37. This claim is against Argent.

**ANSWER:     Deutsche Bank restates it answers to paragraphs 1-37 in response to this paragraph.**

60.     Defendant engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by engaging in a "bait and switch" practice: promising plaintiffs that they would roll plaintiffs' two loans into a single loan, and then failing to do so.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 60 and on that basis denies such allegations.**

61.     Defendant also engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by engaging in a "bait and switch" practice: promising plaintiffs a fixed-rate mortgage, and then giving plaintiffs an adjustable rate on their 80% loan.

BN 1292448v1

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

62. Furthermore, defendant engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by engaging in a "bait and switch" practice: representing at the closing of March 14, 2005 that plaintiffs' settlement charges would be $7,723.71 (Exhibit D, line 1400), and then a couple weeks later charging plaintiffs another $466.12 in closing costs (Exhibit J, line 1400).

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63. Defendant made these representations for the purpose of inducing plaintiffs' reliance in the form of plaintiffs taking out the loan. Defendant did this in order to increase the lender's "points and fees," interest and profits.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

64. Plaintiffs were induced to borrow a loan from defendant by means of these and other misrepresentations and deceits described above.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 64 and on that basis denies such allegations.**

65. Defendant made these representations in the course of trade and commerce.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 65 and on that basis denies such allegations.**

66. Plaintiffs have suffered injuries as a result of defendant's misrepresentations.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 66 and on that basis denies such allegations.**

WHEREFORE, the Court should enter judgment in favor of the plaintiffs and against Argent for:

      a.      A declaratory judgment, MCL §445.1681(1)(a);

      b.      Injunctive relief, MCL §445.1681(1)(b);

      c.      Appropriate damages, MCL §445.1681(1)(c)

      d.      Attorney's fees, litigation expenses and costs of suit; and

      e.      Such other and farther relief as the Court deems proper.

**ANSWER:** **No answer is required.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Deutsche Bank, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Deutsche Bank described in the Complaint.

11. As to each cause of action, Deutsche Bank is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Deutsche Bank has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant Deutsche Bank prays this court to:

1. Dismiss Plaintiffs' Complaint;

2. Enter judgment for defendant Deutsche Bank and against Plaintiffs in this action;

3. Award Deutsche Bank its costs of suit; and

- 18 -

4.     Grant Deutsche Bank any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  July 11, 2007

By:  /s/ Bernard E. LeSage
     *Attorneys for Deutsche Bank National*
     *Trust Company, N.A.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1292448v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 11th day of July, 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: _____ /s/  Connie Madrigal _____

BN 1292448v1