IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Blain, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 5:00-cv-00170RHB (W.D. MI) | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY ("Deutsche Bank"), by and through its attorneys, answers Plaintiffs CHRISTENA BLAIN's and THOMAS B. BLAIN's ("Plaintiffs") Amended Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.      Plaintiffs Christena Blain and Thomas B. Blain bring this action against a "subprime" mortgage lender and its affiliates and successors to secure relief. including rescission, for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and the Equal Credit Opportunity Act; 15 U.S.C. §1691 et seq. ("ECOA").

**ANSWER:**      **Deutsche Bank admits that Plaintiffs have filed a lawsuit against it.  Deutsche Bank objects to the term "subprime" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Deutsche Bank denies all remaining allegations of Paragraph 1.  Deutsche Bank specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z,**

**12 C.F.R. part 226, or the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq.**

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA).

**ANSWER:        Deutsche Bank does not contest subject matter jurisdiction. Deutsche Bank denies any remaining allegations of Paragraph 2.**

3.      Defendants do business in the District and are deemed to reside here. In addition, the multi-district litigation proceeding involving Ameriquest and Argent is pending here. Venue is therefore proper under 28 U.S.C. §1391(c).

**ANSWER:        Deutsche Bank does not dispute venue. Deutsche Bank denies any remaining allegations of Paragraph 3.**

## PARTIES

4.      Plaintiffs Christena Blain and Thomas B. Blain are husband and wife and own and reside in a single family home located at 10417 Cooley Lake Road; Commerce Township, MI 48382.

**ANSWER:        Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Argent Mortgage Company, L.L.C. ("Argent") is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:        Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

- 2 -

6.      Defendant Argent is engaged in the business of originating "subprime"

mortgages.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 6 and on that basis denies
such allegations.**

7.      Defendant Argent makes more than 26 loans per year.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 7 and on that basis denies
such allegations.**

8.      Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 8 and on that basis denies
such allegations.**

9.      Defendant Argent is an affiliate of Ameriquest Mortgage Company.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 9 and on that basis denies
such allegations.**

10.      Defendant Ameriquest Mortgage Company is a foreign corporation which does

business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712

Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, 1L 60606.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a
belief as to truth of the allegations of Paragraph 10 and on that basis denies
such allegations.**

11.      During 1999-2003, Ameriquest was the third largest subprime lender by volume,

with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to

consumer" subprime mortgage originator in the United States. During the first half of 2004,

Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in

2003.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12.    Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does business in Michigan. It is engaged in the business of, among other things, buying "subprime" mortgage loans on Illinois properties.

**ANSWER:** **Deutsche Bank admits that it is a national banking association with its place of business located at 1761 East St. Andrew Place, Santa Ana, CA 92705. Deutsche Bank denies the remaining allegations of Paragraph 12.**

13.    In the event Deutsche Bank does not own plaintiffs' loan, the owners are named as Does 1-5.

**ANSWER:** **Deutsche Bank denies that it owns plaintiffs' loan.  Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 13 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS

14.    Prior to March 16, 2004, plaintiffs applied for a mortgage with Argent. The application was processed by the Rolling Meadows, Illinois office of Argent.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.    Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

- 4 -

16.     The loan was closed on March 16, 2004.

**ANSWER:**      **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.     The following are documents relating to the loan:

   a.     A note, <u>Exhibit A</u>. Only Mr. Blain signed the note.

   b.     A mortgage, <u>Exhibit B</u>. Both Mr. and Mrs. Blain signed the mortgage.

   c.     Two different settlement statements, with different numbers, <u>Exhibits C and D</u>.

   d.     The official Federal Reserve Board notice of right to cancel, <u>Exhibit E</u>. Of the five copies of Exhibit E famished to plaintiffs, three were incomplete, as indicated.

   e.     A Truth in Lending disclosure statement, <u>Exhibit F</u>.

**ANSWER:**      **The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, Deutsche Bank admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Deutsche Bank denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

18.     Immediately after the closing plaintiffs were notified to make payments to Ameriquest. (<u>Exhibit G</u>)

**ANSWER:**      **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.     Ameriquest Mortgage Company claims or claimed an interest in plaintiffs' loan, including the right to receive payments under it.

**ANSWER:**      **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.     Plaintiffs were later directed to pay Countrywide.

BN 1292060v1

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.    On information and belief, plaintiffs' loan is owned by Deutsche Bank.

**ANSWER:** **Deutsche Bank denies that it owns plaintiffs' loan.**

## COUNT I - TRUTH IN LENDING ACT

22.    Plaintiffs incorporate paragraphs 1-21.

**ANSWER:** **Deutsche Bank restates it answers to paragraphs 1-21 in response to this paragraph.**

23.    In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.** (15 U.S.C. § 1635(a).)

**ANSWER:** **Because Paragraph 23 states legal conclusions, no answer is required. To the extent any answer is required, Deutsche Bank denies any wrongdoing and denies any liability to Plaintiffs.**

24.    To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

- 6 -

> When an obligor exercises his right to rescind under subsection
> (a), he is not liable for any finance or other charge, and any
> security interest given by the obligor, including any such
> interest arising by operation of law, becomes void upon such
> rescission. Within 20 days after receipt of a notice of rescission,
> the creditor shall return to the obligor any money or property
> given as earnest money, downpayment, or otherwise, and shall
> take any action necessary or appropriate to reflect the
> termination of any security interest created under the
> transaction. (15 U.S.C. § 1635(6).)

**ANSWER:**     Because Paragraph 24 states legal conclusions, no answer is required.  To the extent any answer is required, Deutsche Bank denies any wrongdoing and denies any liability to Plaintiffs.

25.     To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in
> accordance with regulations of the Board, to any obligor in a
> transaction subject to this section the rights of the obligor
> under this section. The creditor shall also provide, in
> accordance with regulations of the Board, appropriate forms
> for the obligor to exercise his right to rescind any transaction
> subject to this section. (15 U.S.C. § 1635(a).)

**ANSWER:**     Because Paragraph 25 states legal conclusions, no answer is required.  To the extent any answer is required, Deutsche Bank denies any wrongdoing and denies any liability to Plaintiffs.

26.     Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.21(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(6)(1) the borrower's rescission rights.

**ANSWER:**     Because Paragraph 26 states legal conclusions, no answer is required.

27.     More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver
> two copies of the notice of the right to rescind to each

- 7 -

consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(6)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i)     The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii)    The consumer's right to rescind the transaction.

(iii)   How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv)    The effects of rescission, as described in paragraph (d) of this section. (v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)

**ANSWER:**     Because Paragraph 27 states legal conclusions, no answer is required.

## DEFECTIVE NATURE OF DISCLOSURES

28.     In connection with the plaintiffs' loan, Argent failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, and failed to provide the required financial disclosures, in violation of 15 U.S.C. § 1638 and 12 C.F.R. §226.18, for (without limitation) the following reasons:

**ANSWER:**     **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

### Incomplete/ Insufficient Notices

29.     Three of the five official Notice of Right to Cancel forms delivered to plaintiffs did not set forth any date on the rescission period expired; a violation of 12 C.F.R § 226.23(b)(1)(v), when four complete copies (two to each plaintiff) were required.

**ANSWER:**     **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

### Notices Confusing Where Less Than All Owners Are Obligated

BN 1292060v1

30.     Exhibit E is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.     The top of Exhibit E has only Mr. Blain's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel; which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:     Because Paragraph 32 states a legal conclusion, no answer is required.  To the extent any answer is required, Deutsche Bank denies any wrongdoing and denies any liability to Plaintiffs.**

33.     Notice of rescission has been given to defendants. A copy is attached as Exhibit H.

**ANSWER:     Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34.     The loan has not been rescinded.

BN 1292060v1

**ANSWER:** **Deutsche Bank admits that Plaintiffs' loan has not been rescinded. Deutsche Bank denies any wrongdoing and denies any liability to Plaintiffs.**

35.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 35, states legal conclusions, no answer is required.**

36.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.     A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.     Statutory damages for the underlying disclosure violation;

c.     If appropriate, statutory damages for failure to rescind;

d.     Attorney's fees, litigation expenses and costs; and

e.     Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 36, states legal conclusions, no answer is required.**

## COUNT II - EQUAL CREDIT OPPORTUNITY ACT

37.     Christena Blain incorporates paragraphs 1-36.

**ANSWER:** **Deutsche Bank restates its answers to paragraphs 1-36 in response to this paragraph.**

38.     This claim is against Argent.

**ANSWER:** **No answer is required.**

BN 1292060v1

39. On information and belief, the majority of the instances in which less than all owners of the property sib a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

40. On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41. Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:** **Deutsche Bank is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

WHEREFORE, plaintiff Christena Blain requests that the Court enter judgment in favor of plaintiff and against defendant for:

a. Appropriate statutory and punitive damages;

b. Attorney's fees, litigation expenses and costs.

c. Such other or father relief as the Court deems appropriate.

**ANSWER:** **No answer is required.**

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Deutsche Bank, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Deutsche Bank described in the Complaint.

11.     As to each cause of action, Deutsche Bank is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Deutsche Bank has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

- 12 -

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant Deutsche Bank prays this court to:

1.     Dismiss Plaintiffs' Complaint;

2.     Enter judgment for defendant Deutsche Bank and against Plaintiffs in this action;

3.     Award Deutsche Bank its costs of suit; and

4.     Grant Deutsche Bank any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: July 11, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company, N.A. .*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1292060v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 11th day of July, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:       /s/   Connie Madrigal

BN 1292060v1