**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SANDRA DAMM & RICHARD DAMM,
MARIA OSTEN & MICHAEL OSTEN,
ISABEL RIVERA & NATHAN R. NOBLE,
III, MARK ROBERTS & NANCY ROBERTS,
MARK SAUCIER & HEATHER SAUCIER,
PATRICIA M. TIERNEY, GAIL L.
VINCENT, CAROL A. MAURO, MATTHEW
VOSE, DUANE YORK & LOIS YORK,
JAMIE S. OWEN & SHANE D. OWEN,
ARTUR B. MONTEIRO, WAYNE
MUMFORD & LEIGH MUMFORD,
THOMAS A. SOLLITTO,
　　　　Plaintiffs,

　　　　v.

AMERIQUEST MORTGAGE COMPANY
HSBC MORTGAGE SERVICES, INC., and
WELLS FARGO BANK, N.A. FOR THE
BENEFIT OF THE CERTIFICATEHOLDERS
OF ASSET-BACKED PASS-THROUGH
CERTIFICATES SERIES 2004-MCW1
　　　　Defendants.

MDL No. 1715
Lead Case No. 1:05-cv-07097

N.D. Ill. No. 1:06-cv-04032

Amended Complaint

**Jury Demanded**

December ___, 2006

## INTRODUCTION

1.　　This is a suit brought by a number of individual consumers residing in

Connecticut who entered into mortgage loans with Ameriquest Mortgage Company. One of

these loans was subsequently assigned to HSBC Mortgage Services and another to Wells

Fargo Bank, N.A. for the benefit of the Certificateholders of Asset-backed Pass-Through

Certificates Series 2004-MCW1 (hereinafter "Wells Fargo"). The plaintiffs claim that

Ameriquest violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, (collectively "the Acts") in each of their transactions by failing to provide them with notice of the right to rescind the mortgage as required by the Acts and Regulation Z (12 C.F.R. Part 226).

2. The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with Ameriquest Mortgage Company.

3. All plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

4. All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the defendants' misconduct.

5. Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

6. HSBC Mortgage Services, Inc. is a foreign corporation with a primary place of business in Prospect Heights, Illinois.

7. Wells Fargo Bank, N.A. is the trustee for Park Place Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-MCW1.

8. Wells Fargo Bank, N.A. is a corporation with a primary place of business in Columbia, Maryland.

## JURISDICTION

9. Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e), 28 U.S.C. §§ 1331-32.

10. This court has jurisdiction over the defendants because they regularly conduct business in this state.

11. Venue in this court is proper, as the plaintiffs are all residents of Connecticut and the action concerns real property located in this state.

### FIRST COUNT
### (SANDRA DAMM & RICHARD DAMM v. AMERIQUEST)

12. On or about February 17, 2005 Sandra & Richard Damm entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on their residence to secure the indebtedness.

13. Ameriquest remains the holder of this note and mortgage.

14. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

15. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

16. In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

17. The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

18. The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

19. More than twenty calendar days have passed since Defendant received the notice of rescission.

20. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

21. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

22. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiffs' property created under the transaction;

   c. Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney fee.

## SECOND COUNT
### (MARIA OSTEN & MICHAEL OSTEN v. AMERIQUEST)

23.  On or about April 23, 2003 Maria & Michael Osten entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on their residence to secure the indebtedness.

24.  Ameriquest remains the holder of this note and mortgage.

25.  A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

26.  This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

27.  In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

28.  The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

29.  The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

30.  More than twenty calendar days have passed since Defendant received the notice of rescission.

31.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

32.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

33.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transaction;

    c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## THIRD COUNT
## (ISABEL RIVERA & NATHAN R. NOBLE, III v. AMERIQUEST)

34.     On or about June 18, 2004 Isabel Rivera & Nathan R. Noble, III entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on their residence to secure the indebtedness.

35.     Ameriquest remains the holder of this note and mortgage.

36.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

37.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

38.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

39.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

40.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated December 30, 2005 which notice was received by that Defendant.

41.     More than twenty calendar days have passed since Defendant received the notice of rescission.

42.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

43.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

44.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

     a.  Rescission of this transaction;

     b.  Termination of any security interest in Plaintiffs' property created under the transaction;

     c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

     d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

     e.  Forfeiture of loan proceeds;

     f.  Actual damages in an amount to be determined at trial; and

     g.  A reasonable attorney fee.

## FOURTH COUNT
## (MARK ROBERTS & NANCY ROBERTS v. AMERIQUEST)

45.     On or about May 21, 2003 Mark & Nancy Roberts entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on their residence to secure the indebtedness.

46.     Ameriquest remains the holder of this note and mortgage.

47.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

48.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

49.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

50.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

51.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated October 3, 2005, which notice was received by that Defendant.

52.     More than twenty calendar days have passed since Defendant received the notice of rescission.

53.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

54.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

55.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transaction;

    c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## FIFTH COUNT
## (MARK SAUCIER & HEATHER SAUCIER v. AMERIQUEST)

56.     On or about October 7, 2003 Mark & Heather Saucier entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on their residence to secure the indebtedness.

57.     Ameriquest remains the holder of this note and mortgage.

58.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

59.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

60.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

61.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

62.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

63.     More than twenty calendar days have passed since Defendant received the notice of rescission.

64.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

65.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

66.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiffs' property created under the transaction;

c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

### SIXTH COUNT
### (PATRICIA M. TIERNEY v. AMERIQUEST & WELLS FARGO)

67.    On or about July 23, 2004 Patricia M. Tierney entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on her residence to secure the indebtedness.

68.    Ameriquest remains the holder of this note and mortgage.

69.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

70.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

71.    In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

72.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

73.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

74.    More than twenty calendar days have passed since Defendant received the notice of rescission.

75.    This mortgage loan has been assigned to Defendant Wells Fargo as trustee.

76.    Wells Fargo, as trustee, is now the holder of this note and mortgage.

77.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

78.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

79.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## SEVENTH COUNT
## (GAIL L. VINCENT v. AMERIQUEST)

80.     On or about August 8, 2003 Gail L. Vincent entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on her residence to secure the indebtedness.

81.     Ameriquest remains the holder of this note and mortgage.

82.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

83.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

84.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

85.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

86.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated October 31, 2005, which notice was received by that Defendant.

87.     More than twenty calendar days have passed since Defendant received the notice of rescission.

88.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

89.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

90.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney fee.

## EIGHTH COUNT
## (CAROL A. MAURO v. AMERIQUEST)

91.     On or about March 24, 2004 Carol A. Mauro entered into a loan agreement

with Ameriquest Mortgage Company and provided a mortgage on her residence to secure the

indebtedness.

92.     Ameriquest remains the holder of this note and mortgage.

93.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

94.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

95.     In the course of this consumer credit transaction, Defendant violated the state

and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to

rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and

Reg. Z. § 226.23(b).

96.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after

consummation of the transaction.

97.     The Plaintiff exercised her extended right to rescind the contract by sending

notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated

October 10, 2005, which notice was received by that Defendant.

98.     More than twenty calendar days have passed since Defendant received the

notice of rescission.

99.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

100.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

101.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.    Rescission of this transaction;

      b.    Termination of any security interest in Plaintiff's property created under the transaction;

      c.    Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

      d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

      e.    Forfeiture of loan proceeds;

      f.    Actual damages in an amount to be determined at trial; and

      g.    A reasonable attorney fee.

## NINTH COUNT
## (<u>MATTHEW VOSE v. AMERIQUEST</u>)

102.    On or about August 21, 2003 Matthew Vose entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on his residence to secure the indebtedness.

103.    Ameriquest remains the holder of this note and mortgage.

104.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

105.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

106.    In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

107.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

108.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

109.    More than twenty calendar days have passed since Defendant received the notice of rescission.

110.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

111.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

112.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## TENTH COUNT
### (DUANE YORK & LOIS YORK v. AMERIQUEST)

113.    On or about February 10, 2004 Duane & Lois York entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on their residence to secure the indebtedness.

114.    Ameriquest remains the holder of this note and mortgage.

115.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

116.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

117.    In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

118.    The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

119.    The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated October 17, 2005 which notice was received by that Defendant.

120.    More than twenty calendar days have passed since Defendant received the notice of rescission.

121.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

122.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

123.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transaction;

    c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## ELEVENTH COUNT
## (JAMIE S. OWEN & SHANE D. OWEN v. AMERIQUEST & HSBC)

124.    On or about August 11, 2004 Jamie Owen & Shane Owen entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on their residence to secure the indebtedness.

125.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

126.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

127.    In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

128.    The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

129.    The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated October 3, 2005, which notice was received by that Defendant.

130.    This mortgage loan has been assigned to Defendant HSBC.

131.    HSBC is now the holder of this note and mortgage

132.    The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated October 3, 2005 which notice was received by that Defendant.

133.    More than twenty calendar days have passed since Defendants received the notice of rescission.

134.    The defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

135.    The defendants have failed to return to the Plaintiffs any money or property given to anyone, including the defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

136.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiffs' property created under the transaction;

c.   Return of any money or property given by the Plaintiffs to anyone, including the defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiffs' rescission notice;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney fee.

### TWELFTH COUNT
### (ARTUR B. MONTEIRO v. AMERIQUEST)

137.    On or about November 12, 2004 Artur B. Monteiro entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on his residence to secure the indebtedness.

138.    Ameriquest remains the holder of this note and mortgage.

139.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

140.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

141.    In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

142.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

143.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated November 21, 2005, which notice was received by that Defendant.

144.    More than twenty calendar days have passed since Defendant received the notice of rescission.

145. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

146. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

147. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

## THIRTEENTH COUNT
## (WAYNE MUMFORD & LEIGH MUMFORD v. AMERIQUEST)

148.    On or about September 27, 2004 Wayne Mumford & Leigh Mumford entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on their residence to secure the indebtedness.

149.    Ameriquest remains the holder of this note and mortgage.

150.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

151.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

152.    In the course of this consumer credit transaction, Ameriquest violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

153.    The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

154.    The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated January 6, 2006, which notice was received by that Defendant.

155.    More than twenty calendar days have passed since Defendant received the notice of rescission.

156.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

157.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

158.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiffs' property created under the transaction;

c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## FOURTEENTH COUNT
## (THOMAS A. SOLLITTO v. AMERIQUEST)

159.    On or about August 16, 2004 Thomas A. Sollitto entered into a loan agreement
with Ameriquest Mortgage Company and provided a mortgage on his residence to secure the
indebtedness.

160.    Ameriquest remains the holder of this note and mortgage.

161.    A portion of the proceeds of the mortgage loan went towards the pay-off of the
existing mortgage on the residence.

162.    This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

163.    In the course of this consumer credit transaction, Ameriquest violated the state
and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to
rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and
Reg. Z. § 226.23(b).

164.    The plaintiff has a continuing right to rescind the transaction until the third
business day after receiving notice of the right to rescind, up to three years after
consummation of the transaction.

165.    The plaintiff exercised his extended right to rescind the contract by sending
notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated
February 6, 2006, which notice was received by that Defendant.

166.    More than twenty calendar days have passed since Defendant received the
notice of rescission.

167.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

168.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

169.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney fee.

### **PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court:

1.      Assume jurisdiction of this case;

2.      Declare the security interest in the proper Plaintiffs' residences are void;

3.      Enter an order that the proper mortgage transactions are rescinded;

4.      Order Defendants to take all action necessary to terminate any security interest in the proper Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5.      Order the return to the proper Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

6.      Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the proper Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7.      Award the proper Plaintiffs actual statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

8.      Order that, because the Defendants failed to tender in response to the proper Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

9.      Award actual damages in an amount to be established at trial;

10.     Award the Plaintiffs costs and a reasonable attorney fee as provided under

C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

11.     Award such other and further relief as the Court deems just and proper.


PLAINTIFF, Sandra Damm, et. al,


By:     /s/ Andrew G. Pizor

Andrew G. Pizor (ct27015)
apizor@consumerlawgroup.com
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457