# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS INGHAM & MARCIA INGHAM, DAWN M. FERENCZ & STEVEN A. FERENCZ, and DOREEN J. MAY & FRANK MAY, | MDL No. 1715 Lead Case No. 1:05-cv-07097 |
| Plaintiffs, | Case No. 1:06-cv-04035 Hon. Marvin E. Aspen |
| v. | |
| AMERIQUEST MORTGAGE COMPANY, | AMENDED COMPLAINT |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R9 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2004, WITHOUT RECOURSE, | Jury Trial Demanded July 19, 2007 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-IA1 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2004, WITHOUT RECOURSE, | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-X2 UNDER THE POOLING & SERVICING AGREEMENT DATED JUNE 24, 2004, WITHOUT RECOURSE, | |
| Defendants. | |

## *INTRODUCTION*

1.	This is a suit brought by individual consumers residing in Connecticut who entered into mortgage loans with Ameriquest Mortgage Company. The Plaintiffs claim that Ameriquest violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, (collectively "the Acts") in each of their transactions by failing to provide them with notice of their right to rescind the mortgage as required by the Acts and Regulation Z (12 C.F.R. Part 226). Each of their mortgages has been assigned to one of the other Defendants.

## *PARTIES*

2.	The Plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with Ameriquest Mortgage Company. Many of the mortgages were subsequently assigned to one of the other Defendants.

3.	All Plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

4.	All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendants' misconduct.

5.	Defendant Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

6.	Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in Santa Ana, California. It holds legal title, as trustee, to some of the mortgage loans originated by Ameriquest at issue in this suit and as

further indicated in each count of this complaint below. DBNT is the trustee of the following Defendant asset-backed securities:

    a. Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R9 under the Pooling & Servicing Agreement dated as of September 1, 2004, Without Recourse,

    b. Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates, Series 2004-IA1 under the Pooling and Servicing Agreement dated as of September 1, 2004, Without Recourse, and

    c. Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-X2 under the Pooling & Servicing Agreement dated June 24, 2004, Without Recourse.

## *JURISDICTION*

7. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331-32.

8. This Court has jurisdiction over the Defendants because they regularly conduct business in this state.

9. Venue in this Court is proper because this case has been transferred to this multidistrict litigation. Additionally the Plaintiffs are residents of Connecticut and this action concerns real property located in Connecticut, where this action originated before being transferred to this multidistrict litigation.

## FIRST COUNT
### (DOUGLAS INGHAM & MARCIA INGHAM v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R9 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2004, WITHOUT RECOURSE)

10. On or about June 28, 2004, Douglas Ingham and Marcia Ingham ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

11. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

12. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

13. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

14. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

15. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R9 under the Pooling & Servicing Agreement dated as of September 1, 2004, Without Recourse.

16. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

17. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

18. More than twenty calendar days have passed since Defendants received the notices of rescission.

19. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

20. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

21. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiff's property created under the transaction;

   c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e. Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

## *SECOND COUNT*
### *(DAWN M. FERENCZ & STEVEN A. FERENCZ v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-IA1 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2004, WITHOUT RECOURSE)*

22.    On or about July 2, 2004, Dawn M. Ferencz and Steven A. Ferencz ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

23.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

24.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

25.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

26.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

27.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through

Certificates, Series 2004-IA1 under the Pooling and Servicing Agreement dated as of September 1, 2004, Without Recourse.

28. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

29. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

30. More than twenty calendar days have passed since Defendants received the notices of rescission.

31. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

32. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

33. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney's fee.

### THIRD COUNT
### (DOREEN J. MAY & FRANK MAY v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-X2 UNDER THE POOLING & SERVICING AGREEMENT DATED JUNE 24, 2004, WITHOUT RECOURSE)

34. On or about August 22, 2003, Doreen J. May & Frank May ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

35. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

36. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

37. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

38. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

39. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-X2 under the Pooling & Servicing Agreement dated June 24, 2004, Without Recourse.

40. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

41. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

42. More than twenty calendar days have passed since Defendants received the notices of rescission.

43. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

44. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

45. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Assume jurisdiction of this case;

2. Declare the security interest in the Plaintiffs' residences are void;

3. Enter an order that the mortgage transactions are rescinded;

4. Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5. Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

6. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the

finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

8. Award the Plaintiffs actual and statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

9. Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

12. Award such other and further relief as the Court deems just and proper.

PLAINTIFFS,

By: /s/ Andrew G. Pizor
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Andrew G. Pizor (ct27015)
    apizor@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd.; Suite 512
    Rocky Hill, Connecticut 06067
    Tel. (860) 571-0408  Fax (860) 571-7457