## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Kenneth Thompson, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 06 C 1546 | |

## DEFENDANT WM SPECIALTY MORTGAGE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE LLC ("Defendant"), by and through its attorneys, answers Plaintiffs KENNETH THOMPSON's and LINDA THOMPSON's ("Plaintiffs") Amended Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1. Plaintiffs Kenneth Thompson and Linda Thompson bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

- 1 -

ANSWER: **The allegations of Paragraph 1 appear to be directed at parties other than Defendant and to that extent no answer if required. If any answer is required, Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226 or any state law.**

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

ANSWER: **Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.     Plaintiffs Kenneth Thompson and Linda Thompson are husband and wife and own and reside in a home at 2118 S. 7th Avenue, Maywood, IL 60153.

ANSWER: **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.     Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

ANSWER: **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.     Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

ANSWER: **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.    Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

ANSWER:    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.    Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

ANSWER:    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.    Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.    Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.    Defendant WM Specialty Mortgage, Inc., is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest Mortgage Company. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:**    **Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real property located within the state of Illinois. Defendant admits that it holds title to some loans originated by Ameriquest Mortgage Company. Defendant does not dispute service.**

- 3 -

## FACTS RELATING TO PLAINTIFFS

11.     Approximately two or three weeks prior to March 24, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company. At all relevant times, plaintiffs spoke with Ameriquest employee Harry Jordan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     During the initial phone conversation, plaintiff Kenneth Thompson gave Mr. Jordan his credit information and specifically requested a loan with an escrow for taxes and insurance.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     Mr. Jordan answered that the escrow would not be a problem.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     At this time, Mr. Jordan also told Mr. Thompson that plaintiffs qualified for a 7% interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.    Mr. Jordan and/or Ameriquest also prepared a Good Faith Estimate, dated March 21, 2005, listing an interest rate of 7.1%. Exhibit H.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.    The loan was closed on March 24, 2005.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18.    Plaintiffs signed or received (not necessarily prior to consummation) the following documents relating to the loan:

        a.    A note, Exhibit A.

        b.    A mortgage, Exhibit B;

        c.    Multiple settlement statements, Exhibit C.

        d.    A Truth in Lending disclosure statement, Exhibit D.

        e.    Two different notices of right to cancel, Exhibits E and F;

**ANSWER:    The documents speak for themselves; therefore, no answer is required.  To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company.  Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

19.    All copies of Exhibit E provided to plaintiffs were incomplete, as shown.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.    During the closing, plaintiffs noticed that their documents listed an interest rate of 9.95% and that their loan did not include an escrow account.

- 5 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.     Plaintiffs protested, but the closing agent answered that she did not know anything about the conversations plaintiffs had had with Mr. Jordan or why Mr. Jordan had done anything.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.     Plaintiffs proceeded with the closing because they had been counting on the cash from the refinance to pay their taxes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     Defendant violated the Residential Mortgage License Act of 1987 and implementing regulations. The Act seeks to "protect Illinois consumers seeking residential mortgage loans and to ensure that the residential mortgage lending industry is operating fairly, honestly and efficiently, free from deceptive and anti-competitive practices." 205 ILCS 635/1-2(b)(2005). The implementing regulations, at 38111. Adm. Code 1050.1230 (2005), create an affirmative disclosure obligation when the lender changes the borrowers' loan terms mid-stream:

> **§ 1050.1230 Changes Affecting Loans in Process.**
>
> **a) If it is determined that a borrower does not qualify for the loan amount, terms or program for which he or she applied and the costs of another recommended program would materially differ from the costs itemized on the Good Faith Estimate, the licensee immediately shall provide to the customer a written, and when possible, a verbal, plain-English explanation of any program the licensee recommends as one for which the borrower may be qualified. Such explanation shall include but not be limited to detailed information on costs to the borrower.**

The same regulations create an affirmative, general duty of good faith, defined as "honesty in fact in the conduct of the transaction." 38 Ill.Adm. Code 1050.1250(a)(2005). That duty is as follows: "[a]ny disclosure or action required by the Act or this Part shall be made in good faith." Id. Defendant did not provide or attempt to provide, prior to closing, any oral or written notice of the last-minute change in plaintiffs' loan terms.

**ANSWER:** **Because Paragraph 23 states conclusions of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

24.     Furthermore, Mr. Jordan and/or Ameriquest later wrote on the typed, pre-printed loan application he/it prepared that Mr. Thompson's monthly income was $4,288.60, and that Ms. Thompson's monthly income was $3,946.55, for a combined total monthly income of $8,235.15. Exhibit I, Section V.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     This statement was false. Both plaintiffs had a monthly income of $3,691.50, for a combined total monthly income of $7,363.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     Plaintiffs had given accurate information, including supporting documentation, to Mr. Jordan during the application process. The loan application was one of scores of documents and approximately a hundred pages presented to plaintiffs at closing. Under these conditions, plaintiffs could not have reviewed each line for accuracy at the time of closing. They did not become aware of the misinformation on their loan application until obtaining current counsel.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.    Finally, Ameriquest delivered to plaintiffs at closing a document entitled "Understanding Your Options Regarding Interest Rates and Discount Points," which represents that payment of a loan discount fee will result in lower interest rate. Exhibit J.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.    Plaintiffs paid the "loan discount" of $3,052.67. Exhibit C, line 802. However, plaintiffs' interest rate was not discounted but instead was raised from 7.1% on the Good Faith Estimate to 9.95%. Exhibits H and A.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.    Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.    On information and belief, WM Specialty Mortgage, Inc., owns plaintiffs' loan.

**ANSWER:    Defendant denies that it owns Plaintiffs' loan.**

31.    In the event WM Specialty Mortgage, LLC. does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

## COUNT I - TRUTH IN LENDING ACT

32.    Plaintiffs incorporate paragraphs 1-31.

**ANSWER:    Defendant restates its answers to paragraphs 1-31 in answer to this paragraph.**

- 8 -

## RIGHT TO RESCIND

33.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

(a)     **Consumer's right to rescind.**

(1)     **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.Ifnj47**

(2)     **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

(3)     **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn.J48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. 115 U.S.C. §1635(f)]**

(4)     **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

(b)     **Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

(1)     **The retention or acquisition of a security interest in the consumer's principal dwelling.**

- 9 -

(2)     The consumer's right to rescind the transaction.

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)     The effects of rescission, as described in paragraph (d) of this section.

(5)     The date the rescission period expires....

(f)     <u>Exempt transactions</u>. The right to rescind does not apply to the following:

(1)     A residential mortgage transaction [defined in 15 U.S.C. §16Q2(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2)     A credit plan in which a state agency is a creditor.

**ANSWER:**     **Because Paragraph 33 states conclusions of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## GROUND FOR RESCISSION

34.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, for the reasons stated above, without limitation.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.     Additionally, the TILA disclosures may not have been accurately dated.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

BN 1287116v1

36.     Moreover, the delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The "one week" cancellation notice is also misleading, as the period given is actually only six days long.

**ANSWER:     Because Paragraph 36 states a legal conclusion, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

37.     Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit G</u>.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38.     The loan has not been rescinded.

**ANSWER:     Because Paragraph 38 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and denies that they may rescind their mortgage.**

39.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:     Because Paragraph 39 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and denies that they may rescind their mortgage.**

40.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:     Because Paragraph 40 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and denies that they may rescind their mortgage.**

WHEREFORE, plaintiffs requests that the Court enter judgment in favor of plaintiffs and against defendants for:

a.   A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.   Statutory damages for the underlying disclosure violation;

c.   If appropriate, statutory damages for failure to rescind;

d.   Attorney's fees, litigation expenses and costs.

e.   Such other or further relief as the Court deems appropriate.

**ANSWER:**   **No answer is required.**

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

41.   Plaintiffs incorporate paragraphs 1-31. This claim is against Ameriquest.

**ANSWER:**   **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant restates its answers to paragraphs 1-31 in answer to this paragraph.**

42.   Defendant engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2 by engaging in "bait and switch" practices by offering plaintiffs 7.1% interest rate and an escrow account after obtaining enough information to fully underwrite the loan, then switching plaintiffs to a 9.95% and removing the escrow account immediately before closing.

**ANSWER:**   **Because Paragraph 41 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and denies that they may rescind their mortgage**.

43.   Plaintiffs were induced to take out a loan from defendant by means of these and other misrepresentations and deceits.

**ANSWER:**   **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant**

- 12 -

is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.

44.     Defendant made these representations in the course of trade and commerce.

**ANSWER:**     **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45.     Plaintiffs have suffered multiple injuries as a result of defendant's misrepresentations.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

        a.      Compensatory and punitive damages;

        b.      Attorney's fees, litigation expenses and costs; and

        c.      Such other or further relief as the Court deems appropriate.

**ANSWER:**     **To the extent this paragraph states legal conclusions, no answer is required.**

## COUNT III -- ILLINOIS CONSUMER FRAUD ACT

46.     Plaintiffs incorporate paragraphs 1-31. This claim is against Ameriquest.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If any answer is required, Defendant restates its answers to paragraph 1-31 in answer to this paragraph.**

47.     Ameriquest engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 545/2, by intentionally inflating plaintiffs' combined monthly income from $7,363 to $8,235.15 in order to make it appear that plaintiffs qualified for a higher loan amount and, thereby, to increase Ameriquest's fees, commissions and profits.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If any answer is required, Defendant**

**is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48. Plaintiffs were induced to transact with Ameriquest and sign for a mortgage with by means of the misrepresentation that, based on their income, they qualified for the loan.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49. Defendant made these representations in the course of trade and commerce.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50. Plaintiffs have suffered multiple injuries as a result of defendant's misrepresentations.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      a.    Compensatory and punitive damages;

      b.    Attorney's fees, litigation expenses and costs; and

      c.    Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 50 states conclusions of law, no answer is required.**

## COUNT IV - COMMON LAW FRAUD

51. Plaintiffs incorporate paragraphs 1-31. This claim is against Ameriquest.

**ANSWER:** **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant restates its answers to paragraphs 1-31 in response to this paragraph.**

- 14 -

52.     Defendant represented that plaintiffs qualified for the loan based on the amount of plaintiffs' income.

**ANSWER:** **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 52 and on that basis denies such allegations.**

53.     Defendant fraudulently inflated the amount of plaintiffs' income.

**ANSWER:** **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 53 and on that basis denies such allegations.**

54.     Therefore, the representations that plaintiffs qualified for the loan and could afford it were also false and fraudulent.

**ANSWER:** **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 54 and on that basis denies such allegations.**

55.     The amount of plaintiffs' income was information that was material to the terms of their transaction with defendants.

**ANSWER:** **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 55 and on that basis denies such allegations.**

56.     At the time defendant falsified the income, it knew that these representations were false.

**ANSWER:** **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

BN 1287116v1

57.     Defendant made the representations with the intent that they would be acted upon by plaintiffs.

**ANSWER:**     **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 57 and on that basis denies such allegations.**

58.     In reliance on defendants' representations, plaintiffs closed on the loan with Ameriquest.

**ANSWER:**     **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 58 and on that basis denies such allegations.**

59.     Plaintiffs have suffered multiple injuries as a result of defendant's misrepresentations.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendant for:

        a.     Actual and compensatory damages;

        b.     Punitive damages; and

        c.     Such other relief as the Court deems appropriate.

**ANSWER:**     **Because Paragraph 59 states conclusions of law, answer is required.**

## COUNT V - BREACH OF CONTRACT

60.     Plaintiffs incorporate paragraphs 1-31. This claim is against Ameriquest.

**ANSWER:**     **As Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant restates its answers to paragraphs 1-31 in response to this paragraph.**

61.     Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiff paid a loan discount fee. Exhibit J.

- 16 -

**ANSWER:** **As Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

62.     Plaintiff paid the fee, but their interest rate was actually increased from 7.1 % on their Good Faith Estimate to 9.95%. Exhibit C, Line 802 and Exhibits H and A.

**ANSWER:** **As Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63.     Ameriquest thereby breached its agreement.

**ANSWER:** **As Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred in whole or in part because Defendant no longer owns or holds any interest in Plaintiffs' loan.

3.     Plaintiffs' claims are barred by the applicable statute of limitations.

4.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

5.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

6.     Plaintiffs' claims are barred by the applicable statute of frauds.

7.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

8.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

BN 1287116v1

9.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

10.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

11.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

12.     As to each cause of action, Defendant is entitled to an offset.

13.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

15.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

16.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

17.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

18.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant WM Specialty Mortgage LLC prays this court to:

1.      Dismiss Plaintiffs' Amended Complaint;

BN 1287116v1

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

                                        Respectfully submitted,

DATED:  July 19, 2007                   By:  /s/ Bernard E. LeSage
                                             *Attorneys for WM Specialty Mortgage LLC*

                                        Bernard E. LeSage, Esq.
                                        Sarah K. Andrus, Esq.
                                        BUCHALTER NEMER, a P.C.
                                        1000 Wilshire Boulevard, Suite 1500
                                        Los Angeles, CA 90017-2457
                                        Telephone: (213) 891-0700
                                        Facsimile: (213) 896-0400

BN 1287116v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 19th day of July, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

BN 1287116v1