# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Lurry-Payne v. Town & Country Credit Corp., et al.*; Case No. 06cv1547 | |

## DEFENDANT HSBC MORTGAGE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant HSBC MORTGAGE SERVICES, INC. ("Defendant"), by and through its attorneys, answers Plaintiff ANGELA LURRY-PAYNE's ("Plaintiff") Amended Complaint as follows.

## AMENDED COMPLAINT

### INTRODUCTION

1.      Plaintiff Angela Lurry-Payne brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**      **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or Regulation Z, 12 C.F.R. part 226.**

- 1 -

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general

federal question), 1367 (supplemental jurisdiction), 1337 (interstate commerce), and 15 U.S.C.

§ 1640 (TILA).  Defendants transact business in the District and are deemed to reside here.

**ANSWER:**      **Defendant does not dispute subject matter jurisdiction.  Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 2 and on that basis denies such allegations.**

## PARTIES

3.      Plaintiff Angela Lurry-Payne owns and resides in a home at 10232 S. Vernon,

Chicago, IL 60628.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.      Defendant Town & Country Credit Corp. is a foreign corporation which maintains

offices in and does business in Illinois. Its registered agent and office are National Registered

Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Town & Country Credit Corp. is engaged in the business of originating

"subprime" mortgages.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant Town & Country Credit Corp. makes more than 26 loans per year.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.      Defendant Town & Country Credit Corp. is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.      Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.      Defendant Ameriquest Mortgage Company is an affiliate of Town & Country Credit Corp., services loans originated by Town & Country and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.      Defendant Ameriquest Mortgage Securities, Inc., an affiliate of the other defendants, is a foreign corporation which transacts business in Illinois. It holds legal title to loans originated by Town & Country Credit Corp. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.      HSBC Mortgage Services Inc. ("HSBC") is a Delaware corporation which does business in Illinois. Its registered agent and office arc CT Corporation System, 30600 Telegraph Road, Bingham Farms, MI 48025. It is engaged in the business of purchasing and servicing

residential mortgage loans.  On information and belief, HSBC claims an interest in plaintiff s loan, including the right to receive payments thereunder.

**ANSWER:**    **Defendant admits that it is a Delaware corporation.  Defendant does not dispute service.  Defendant denies the remaining allegations of Paragraph 11.**

## FACTS RELATING TO PLAINTIFF

12.    Prior to January 13, 2005, plaintiff applied for a mortgage with Town & Country Credit Corp.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.    Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.    Prior to January 13, 2005, a Town and Country employee took information from plaintiff over the phone.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.    After obtaining sufficient information to offer a quote, the employee told plaintiff that she qualified for a Fixed Rate loan with an interest rate of 6.75%.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.    In fact, Town and Country gave plaintiff not a fixed interest rate but an adjustable interest rate that can go as high as 12.75%.

- 4 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17. The loan was closed on January 13, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18. Plaintiff signed or received (not necessarily prior to consummation) the following documents relating to the loan:

      a.     A note, Exhibit A.

      b.     A mortgage, Exhibit B;

      c.     A settlement statement, Exhibit C.

      d.     A Truth in Lending disclosure statement, Exhibit D.

      e.     Two different notices of right to cancel, Exhibits E and F.

**ANSWER:** **The referenced documents speak for themselves, therefore no answer is required. If any answer is required, Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 18 and on that basis denies such allegations.**

19. All of the copies of Exhibit E provided to plaintiff were incomplete.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20. Immediately after closing, plaintiff was directed to make payments to Ameriquest Mortgage Company. Exhibit G.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

BN 1295098v1

21.     Plaintiff was charged a $5,141.76 "loan discount," Exhibit C, line 802.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.     Ameriquest undertook and represented, in the document attached as Exhibit I and delivered to plaintiff at the closing, that the payment of a "loan discount" would reduce plaintiff s interest rate.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     However, plaintiff did not receive a discounted rate, as shown by the document entitled "Borrower's Acknowledgment of Final Loan Terms," Exhibit J.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     Plaintiff was later directed to make payments to HSBC Mortgage Services, Inc.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     Plaintiff did not realize that she had entered into an adjustable rate mortgage until nearly nine months after closing, when she was solicited by another mortgage company. Plaintiff subsequently called HSBC to confirm that her loan had an adjustable interest rate.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     On information and belief, Ameriquest Mortgage Securities, Inc., owns plaintiff's loan.

- 6 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     In the event Ameriquest Mortgage Securities, Inc., does not own Plaintiff's loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

## COUNT I - TILA

28.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

 (a) **Consumer's right to rescind.**

  (1) **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

  (2) **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

  (3) **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the**

- 7 -

rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4)     When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)     <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)     The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)     The consumer's right to rescind the transaction.

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)     The effects of rescission, as described in paragraph (d) of this section.

(5)     The date the rescission period expires....

(f)     <u>Exempt transactions</u>. The right to rescind does not apply to the following:

(1)     A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2)     A credit plan in which a state agency is a creditor.

<u>ANSWER</u>:     Because Paragraph 28 states legal conclusions, no answer is required.

## GROUND FOR RESCISSION

29.     In connection with the loan, Town & Country Credit Corp. failed to provide the required disclosures of the plaintiff s right to cancel within three days.

- 8 -

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.     In addition, the delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. Further, the "one week" cancellation notice is misleading. For instance, the period given is actually only six days long.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.     Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit H</u>.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     The loan has not been rescinded.

**ANSWER:**     **Defendant admits that Plaintiff's loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiff and denies that Plaintiff may rescind her mortgage.**

33.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against "any assignee."

**ANSWER:**     **Because Paragraph 33 states legal conclusions, no answer is required. If any answer is required. Defendant denies any wrongdoing and denies any liability to Plaintiff.**

34.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

- 9 -

**ANSWER:** **Because Paragraph 34 states legal conclusions, no answer is required.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

    a.    A judgment voiding plaintiffs mortgage, capable of recordation in the public records, and binding on defendants;

    b.    Statutory damages for the underlying disclosure violation;

    c.    If appropriate, statutory damages for failure to rescind;

    d.    Attorney's fees, litigation expenses and costs.

    e.    Such other or further relief as the Court deems appropriate.

## COUNT II - BREACH OF CONTRACT

35.    Plaintiff incorporates paragraphs 1-27. This claim is against Town and Country.

**ANSWER:** **Because Count II is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant restates its answers to paragraph 1-27 in response to this paragraph.**

36.    Defendant Town and Country contracted and undertook to provide a discounted interest rate if plaintiff paid a loan discount fee.

**ANSWER:** **Because Count II is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37.    Plaintiff paid the fee but did not receive a discounted rate.

**ANSWER:** **Because Count II is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38.    Town and Country thereby breached its agreements with plaintiff.

**ANSWER:** **Because Count II is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or**

- 10 -

information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

a. Appropriate damages;

b. Costs; and

c. Such other or further relief as the Court deems appropriate.

## COUNT III - ILLINOIS CONSUMER FRAUD ACT

39. Plaintiff incorporate paragraphs 1-27. This claim is against Town and Country.

**ANSWER:** **Because Count III is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-27 in response to this paragraph.**

40. Defendant Town and Country engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by:

i. Engaging in "bait and switch" practices, by promising a 6.75% fixed interest rate after acquiring sufficient financial information to underwrite the loan, then switching Ms. Lurry-Payne to an adjustable interest rate immediately prior to closing; and

ii. Charging a "loan discount" fee, representing (Exhibit I) that the fee was to purchase a reduction in the interest rate, then failing to decrease Plaintiff's rate.

**ANSWER:** **Because Count III is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41. Town and Country engaged in such practices in the course of trade and commerce.

**ANSWER:** **Because Count III is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or**

information sufficient to form a belief as to truth of the allegations of
Paragraph 41 and on that basis denies such allegations.

42.     Town and Country engaged in such practices for the purpose of inducing reliance

on the part of borrowers, by entering into the disadvantageous transaction.

**ANSWER:**     **Because Count III is directed at defendants other than HSBC, no answer is
required. If any answer is required, Defendant is without knowledge or
information sufficient to form a belief as to truth of the allegations of
Paragraph 42 and on that basis denies such allegations.**

43.     Plaintiff did in fact rely on Town and Country's representations.

**ANSWER:**     **Because Count III is directed at defendants other than HSBC, no answer is
required. If any answer is required, Defendant is without knowledge or
information sufficient to form a belief as to truth of the allegations of
Paragraph 43 and on that basis denies such allegations.**

44.     Plaintiff was damaged as a result.

**ANSWER:**     **Because Count III is directed at defendants other than HSBC, no answer is
required. If any answer is required, Defendant is without knowledge or
information sufficient to form a belief as to truth of the allegations of
Paragraph 44 and on that basis denies such allegations.**

45.     Town and Country's conduct was intentionally deceptive and malicious,

warranting substantial punitive damages.

**ANSWER:**     **Because Count III is directed at defendants other than HSBC, no answer is
required. If any answer is required, Defendant is without knowledge or
information sufficient to form a belief as to truth of the allegations of
Paragraph 45 and on that basis denies such allegations.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and

against defendant Town and Country for the following relief:

a.     Compensatory and punitive damages;

b.     Attorney's fees, litigation expenses and costs; and

c.     Such other or further relief as the Court deems appropriate.

- 12 -

## AFFIRMATIVE DEFENSES

1.      Plaintiff's purported causes of action fail to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the applicable statute of limitations.

3.      Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiff's claims are barred by the applicable statute of frauds.

6.      Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10.     Plaintiff, by their knowledge, statements and/or conduct, as consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13.     Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

- 13 -

14.     Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant HSBC Mortgage Services, Inc. prays this court to:

1.     Dismiss Plaintiff's Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiff in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  July 23, 2007

By:  /s/ Bernard E. LeSage
     *Attorneys for  HSBC Mortgage Services,*
     *Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 14 -

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 23rd day of July, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

- 15 -

BN 1295098v1