## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Louis Pasacreta, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 1:06-CV-02468 (N.D. Ill.) | |

## DEFENDANT HSBC MORTGAGE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant HSBC MORTGAGE SERVICES, INC. ("Defendant" or "HSBC"), by and through its attorneys, answers Plaintiffs Louise Pasacreta's et. al. ("Plaintiffs") Second Amended Complaint as follows:

### INTRODUCTION

1.      This is a suit brought by thirty-two consumers residing in Connecticut who collectively entered into twenty mortgage loans with the defendants. The plaintiffs claim that Defendants violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, in each of their transactions by failing to provide them with the notification of their right to rescind the mortgage as required by TILA.

**ANSWER:**      **Defendant admits that Plaintiffs have filed a lawsuit against it.  Defendant objects to the term "subprime" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime."  Defendant denies all remaining allegations of Paragraph 1.  Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or any state law.**

- 1 -

2.      The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with the defendants.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

3.      All plaintiffs plead that they are ready, willing and able to meet their tender obligations under the Connecticut and Federal Truth in Lending Act.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.      All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

5.      The defendant, Ameriquest Mortgage Company, is a foreign corporation with a primary place of business in Orange, California.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

6.      The defendant, Argent Mortgage Company, LLC, is a foreign corporation with a primary place of business in Irvine, California.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

7.      The defendant, HSBC Mortgage Services; Inc. is a foreign corporation with a primary place of business in Brandon, Florida.

**ANSWER:**      **Defendant admits that it is a foreign corporation.  Defendants denies the remaining allegations of Paragraph 7.**

- 2 -

8.      The defendant, Countrywide Home Loans, Inc., is a foreign corporation with a primary place of business in Calabasas, California.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.      The defendant, Ameriquest Funding II REO Subsidiary, LLC, is a Delaware limited liability company with a primary place of business in Orange, California.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

## JURISDICTION

10.      Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331-32.

**ANSWER:**      **Defendant does not dispute subject matter jurisdiction. Defendant denies the remaining allegations of Paragraph 10.**

11.      This court has jurisdiction over the defendants because each regularly conducts business in this state.

**ANSWER:**      **Defendant does not dispute jurisdiction. Defendant denies the remaining allegations of Paragraph 11.**

12.      Venue in this court is proper, as the plaintiffs are all residents of Connecticut and the action concerns real property located in this state.

**ANSWER:**      **Defendant does not dispute venue. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

## FIRST COUNT

## (LOUIS PASACRETA v. ARGENT)

13.     On or about August 13, 2003, Louis Pasacreta, Jr. entered into a loan agreement with the Defendant Argent Mortgage Company and provided a mortgage on his residence to secure the indebtedness.

**ANSWER:**     **Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     **Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations**

15.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     **Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1b35(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:**     **Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations**

- 4 -

17.   The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:   Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations**

18.   The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated March 28, 2005, which notice was received by that Defendant.

**ANSWER:   Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations**

19.   More than twenty calendar days have passed since Defendant received the notice of rescission.

**ANSWER:   Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations**

20.   The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:   Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations**

21.   The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**     **Because the First Count is not directed at HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations**

22.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.     Rescission of this transaction;

      b.     Termination of any security interest in Plaintiff's property created under the transaction;

      c.     Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

      d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

      e.     Forfeiture of loan proceeds;

      f.     Actual damages in an amount to be determined at trial; and

      g.     A reasonable attorney fee.

**ANSWER:**     **Because Count One is not directed at HSBC and states legal conclusions, no answer is required. If any answer is required**

## SECOND COUNT

## (MONTRIA HOSPOD & MICHAEL ROSH v. ARGENT, COUNTRYWIDE AMERIQUEST FUNDING II REO SUBSIDIARY, LLC)

23.     On or about June 25, 2004 Montria Hospod and Michael Rosh entered into a loan agreement with the Defendant, Argent Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

**ANSWER:**     **Because the Second Count is not directed as HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:     Because the Second Count is not directed as HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:     Because the Second Count is not directed as HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     In the course of this consumer credit transaction, Argent violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:     Because the Second Count is not directed as HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:     Because the Second Count is not directed as HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated June 7, 2005, which notice was received by that Defendant.

BN 1297162v1

**ANSWER:** Because the Second Count is not directed as HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.

29. Thus mortgage loan has been assigned to Defendant Countrywide Home Mortgage Company.

**ANSWER:** Because the Second Count is not directed as HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.

30. The Plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant; Countrywide House Mortgage Company by certified mail dated June 7, 2005, which notice was received by that Defendant.

**ANSWER:** Because the Second Count is not directed as HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.

31. This mortgage loan has been assigned to Defendant Ameriquest Funding II REO Subsidiary, LLC.

**ANSWER:** Because the Second Count is not directed as HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.

32. The Plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Funding II REO Subsidiary, LLC by regular mail dated December 20, 2006.

**ANSWER:** Because the Second Count is not directed as HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.

33.     More than twenty calendar days have passed since Defendants Argent and Countrywide received the notice of rescission.

**ANSWER:**     **Because the Second Count is not directed as HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34.     All of the Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**     **Because the Second Count is not directed as HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.     The Defendants have failed to return to the Plaintiffs any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226:23(4)(2).

**ANSWER:**     **Because the Second Count is not directed as HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

36.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiffs' property created under the transaction;

c.     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

d.     Statutory damages of $2,400 for the disclosure violation;

e.     Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiffs' rescission notices;

- 9 -

f.      Forfeiture of loan proceeds;

g.      Actual damages in an amount to be determined at trial; and

h.      A reasonable attorney fee.

**ANSWER:**    **Because the Second Count is not directed as HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

## THIRD COUNT

### (CORRENA & STEPHEN LUKAS v. AMERIQUEST & HSBC)

37.      On or about January 9, 2004 Correna and Stephen Lukas entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38.      A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations.**

39.      This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C, § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226:23).

**ANSWER:**    **Because Paragraph 39 states a legal conclusion, no answer is required.**

40.      In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S,C. § 1635(a) and Reg. Z, § 226.23(b) by failing to deliver to each of the

BN 1297162v1

Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:** **Because Paragraph 40 states legal conclusions, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** **Because Paragraph 41 states legal conclusions, no answer is required, if any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated February 12, 2005, which notice was received by that Defendant.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43.     This mortgage loan has been assigned to Defendant HSBC Mortgage Services.

**ANSWER:** **Defendant admits that the loan was assigned to HSBC. Defendant denies that is currently holds any interest or title in Plaintiffs' loan.**

44.     The Plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated February 12, 2005, which notice was received by that Defendant as well.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

- 11 -

45. More than twenty calendar days have passed since Defendants received the notice of rescission.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G. S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because Paragraph 46 states legal conclusions, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because Paragraph 47 states legal conclusions, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48. As a result of the aforesaid violations of TILA and Reg. Z.; pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 164a(a), and 1641(c), Defendants are liable for:

      a. Rescission of this transaction;

      b. Termination of any security interest in Plaintiff's property created under the transaction;

      c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

      e. Forfeiture of loan proceeds;

      f.      Actual damages in an amount to be determined at trial; and

      g.      A reasonable attorney fee.

**ANSWER:**    **Because Paragraph 48 states legal conclusions, no answer is required.**

## FOURTH COUNT

## (ANGELINE DIMAIO-DAWKINS v. AMERIQUEST & HSBC)

49.      On or about January 14, 2004 Angeline DiMaio-Dawkins entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50.      A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 50 and on that basis denies such allegations**

51.      This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23):

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 51 and on that basis denies such allegations**

52.      In the course of this consumer credit transaction, Defendant Ameriquest violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

BN 1297162v1

**ANSWER:**    **Because Paragraph 52 states legal conclusions, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 52 and on that basis denies such allegations**

53.    The Plaintiff has a continuing right to rescind the transaction until the third business ay after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations**

54.    Defendant HSBC purchased the Plaintiff's mortgage from Ameriquest on the secondary market.

**ANSWER:**    **Defendant denies that it purchased Plaintiff's mortgage from Ameriquest.**

55.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated March 21, 2005 which notice was received by that Defendant.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 55 and on that basis denies such allegations**

56.    Defendant Ameriquest is also in receipt of this notice to rescind the contract.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 56 and on that basis denies such allegations**

57.    More than twenty calendar days have passed since Defendant HSBC received the notice of rescission.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 57 and on that basis denies such allegations**

58.    Defendant Ameriquest refused to comply with the notice to rescind by letter dated November 29, 2005.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 58 and on that basis denies such allegations**

59.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**    **Because Paragraph 59 states legal conclusions, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 59 and on that basis denies such allegations**

60.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**    **Because Paragraph 60 states legal conclusions, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 60 and on that basis denies such allegations**

61.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683; 15 U.S.C. §§ 1635(a), 1640(a), and 1641(a), Defendants are liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection' with this transaction;

d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff s rescission notice;

e.    Forfeiture of loan proceeds;

- 15 -

      f.     Actual damages in an amount to be determined at trial; and

      g.     A reasonable attorney fee.

**ANSWER:**     **Because Paragraph 61 states legal conclusions, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## FIFTH COUNT

## (FRANKLIN & DENISE MURPHY v. AMERIQUEST)

62.     On or about January 16, 2004 Franklin and Denise Murphy entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:**     **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

64.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 64 and on that basis denies such allegations.**

65.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b) by failing to deliver to each of the

BN 1297162v1

Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:** **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 65 and on that basis denies such allegations.**

66.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

<u>**ANSWER:**</u>    **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 66 and on that basis denies such allegations.**

67.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated January 19, 2405, which notice was received by that Defendant.

<u>**ANSWER:**</u>    **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 67 and on that basis denies such allegations.**

68.    More than twenty calendar days have passed since Defendants received the notice of rescission.

<u>**ANSWER:**</u>    **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 68 and on that basis denies such allegations.**

69.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

- 17 -

**ANSWER:**     **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 69 and on that basis denies such allegations.**

70.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C, § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**     **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 70 and on that basis denies such allegations.**

71.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for.

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

g.     A reasonable attorney fee.

**ANSWER:**     **Because the Fifth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 71 and on that basis denies such allegations.**

## SIXTH COUNT

## (DWUITH & TANYA PASCOE V. AMERIQUEST)

72.     On or about May 10, 2004 Dwuith and Tanya Pascoe entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:     Because the Sixth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 72 and on that basis denies such allegations.**

73.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:     Because the Sixth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 73 and on that basis denies such allegations.**

74.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:     Because the Sixth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 74 and on that basis denies such allegations.**

75.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:     Because the Sixth Count is directed at defendants other than HSBC, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 75 and on that basis denies such allegations.**

76. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** **Because the Sixth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 76 and on that basis denies such allegations.**

77. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated March 25, 2005, which notice was received by the Defendant.

**ANSWER:** **Because the Sixth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 77 and on that basis denies such allegations.**

78. More than twenty calendar days have passed since Defendant received the notice of rescission.

**ANSWER:** **Because the Sixth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 78 and on that basis denies such allegations.**

79. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because the Sixth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 79 and on that basis denies such allegations.**

80. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 368-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

- 20 -

**ANSWER:** **Because the Sixth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 80 and on that basis denies such allegations.**

81.     As a result of the aforesaid violations of TILA and Reg. Z. , pursuant to C.G.S.

§ 368-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.      Rescission of this transaction;

      b.      Termination of any security interest in Plaintiff s property created under the transaction;

      c.      Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

      d.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff s rescission notice;

      e.      Forfeiture of loan proceeds;

      f.      Actual damages in an amount to be determined at trial; and

      g.      A reasonable attorney fee.

**ANSWER:** **Because the Sixth Count is directed at defendants other than HSBC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 81 and on that basis denies such allegations.**

## SEVENTH COUNT

## GLEN & PATRICIA ROGERS v. AMERIQUEST & HSBC)

82.     On or about July 8, 2004 Glen and Patricia Rogers entered into a loan agreement

with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence

to secure the indebtedness.

**ANSWER:** **Defendant admit that Plaintiffs entered into a mortgage loan with Ameriquest Mortgage Company. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 82 and on that basis denies such allegations.**

83.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 83 and on that basis denies such allegations.**

84.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 84 and on that basis denies such allegations.**

85.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:**     **Because Paragraph 85 state legal conclusions, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 85 and on that basis denies such allegations.**

86.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 86 and on that basis denies such allegations.**

87.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company, by certified mail dated June 1, 2005, which notice was received by that Defendant.

**ANSWER:**  **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 87 and on that basis denies such allegations.**

88.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, HSBC, by certified mail dated June 1, 2005, which notice was received by that Defendant.

**ANSWER:**  **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 88 and on that basis denies such allegations.**

89.    More than twenty calendar days have passed since Defendants received the notice of rescission.

**ANSWER:**  **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 89 and on that basis denies such allegations.**

90.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**  **Because Paragraph 90 state legal conclusions, no answer is required,. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 90 and on that basis denies such allegations.**

91.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**  **Because Paragraph 91 states legal conclusions, no answer is required. If any answer is required, Defendant denies any wrongdoing, denies any liability to Plaintiff and denies that plaintiffs may rescind their loan.**

92. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants; in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

**ANSWER:** **Because Paragraph 92 states legal conclusions, no answer is required.**

## EIGHTH COUNT

## (RICHARD & HEIDI CHARETTE v. AMERIQUEST & HSBC

93. On or about September 7, 2004 Richard & Heidi Charette entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 93 and on that basis denies such allegations.**

94. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 94 and on that basis denies such allegations.**

95. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z. § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** **Because Paragraph 95 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 95 and on that basis denies such allegations.**

96. In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:** **Because Paragraph 96 states legal conclusions, no answer is required. If an answer is required Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 96 and on that basis denies such allegations.**

97. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** **Because Paragraph 97 states legal conclusions, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 97 and on that basis denies such allegations.**

98. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated February 14, 2005, which notice was received by that Defendant.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 98 and on that basis denies such allegations.**

99. This mortgage loan has been assigned to Defendant HSBC Mortgage Services.

**ANSWER:** **Defendant admits that Plaintiffs' loan was assigned to HSBC. Defendant denies that it currently holds any interest or title in Plaintiffs' loan.**

- 25 -

100. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant; HSBC by certified mail dated February 15, 2005, which notice was received by that Defendant.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 100 and on that basis denies such allegations.**

101. More than twenty calendar days have passed since Defendants received the notice of rescission.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 101 and on that basis denies such allegations.**

102. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because Paragraph 102 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 102 and on that basis denies such allegations.**

103. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by CG.S. § 36a-683; 15 U.S.C. § 1635(b) and Reg. z. § 226.23(4)(2).

**ANSWER:** **Because Paragraph 103 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 103 and on that basis denies such allegations.**

104. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

      a.     Rescission of this transaction;

    b.    Termination of any security interest in Plaintiffs' property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney fee.

**ANSWER:**    **Because Paragraph 104 states legal conclusions, no answer is required.**

## NINTH COUNT

## (WILLIE MAE CUE V. AMERIQUEST)

105.    On or about December 13, 2002 Willie Mae Cue entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

**ANSWER:**    **Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 105 and on that basis denies such allegations.**

106.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    **Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 106 and on that basis denies such allegations.**

107.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

BN 1297162v1

**ANSWER:** **Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 107 and on that basis denies such allegations.**

108.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:** **Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 108 and on that basis denies such allegations.**

109.    The Plaintiff has a continuing right to rescind the transaction until the third business clay after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** **Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 109 and on that basis denies such allegations.**

110.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated November 21, 2005, which notice was received by that Defendant.

**ANSWER:** **Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 110 and on that basis denies such allegations.**

111.    By letter stated November 29; 2005, the Defendant has informed the Plaintiff that it refuses to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

- 28 -

**ANSWER:** Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 111 and on that basis denies such allegations.

112.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 112 and on that basis denies such allegations.

113.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.     Rescission of this transaction;

   b.     Termination of any security interest in Plaintiff's property created under the transaction;

   c.     Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

   d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs rescission notice;

   e.     Forfeiture of loan proceeds;

   f.     Actual damages in an amount to be determined at trial; and

   g.     A reasonable attorney fee.

**ANSWER:** Because the Ninth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 113 and on that basis denies such allegations.

## TENTH COUNT

## (JOANN & JOSEPH ABBATEMATTEO V. AMERIQUEST)

114.    On or about October 24, 2003 Joann & Joseph Abbatematteo entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:    Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 114 and on that basis denies such allegations.**

115.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:    Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 115 and on that basis denies such allegations.**

116.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:    Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 116 and on that basis denies such allegations.**

117.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:    Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 117 and on that basis denies such allegations.**

- 30 -

118.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:     Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 118 and on that basis denies such allegations.**

119.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

**ANSWER:     Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 119 and on that basis denies such allegations.**

120.     More than twenty calendar days have passed since Defendant received the notice of rescission.

**ANSWER:     Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 120 and on that basis denies such allegations.**

121.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:     Because the Tenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 121 and on that basis denies such allegations.**

122.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because the Tenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 122 and on that basis denies such allegations.**

123. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.     Rescission of this transaction;

    b.     Termination of any security interest in Plaintiff's property created under the transaction;

    c.     Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs rescission notice;

    e.     Forfeiture of loan proceeds;

    f.     Actual damages in an amount to be determined at trial; and

    g.     A reasonable attorney fee.

**ANSWER:** **Because the Tenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 123 and on that basis denies such allegations.**

## ELEVENTH COUNT

## (JUDITH & JERVIS BELL V. AMERIQUEST)

124. On or about November 18, 2044 Jervis & Judith Bell entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:** **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 124 and on that basis denies such allegations.**

- 32 -

125.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 125 and on that basis denies such allegations.**

126.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23(12 C.F.R. § 226.23).

**ANSWER:**    **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 126 and on that basis denies such allegations.**

127.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z, § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:**    **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 127 and on that basis denies such allegations.**

128.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**    **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 128 and on that basis denies such allegations.**

129.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

**ANSWER:**     **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 129 and on that basis denies such allegations.**

130.    More than twenty calendar days have passed since Defendant received the notice of rescission.

**ANSWER:**     **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 130 and on that basis denies such allegations.**

131.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**     **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 131 and on that basis denies such allegations.**

132.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**     **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 132 and on that basis denies such allegations.**

133.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

- 34 -

     c.      Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

     d.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

     e.      Forfeiture of loan proceeds;

     f.      Actual damages in an amount to be determined at trial; and

     g.      A reasonable attorney fee.

**ANSWER:** **Because the Eleventh Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 133 and on that basis denies such allegations.**

## TWELFTH COUNT

## (CAROLYN F. BUNISKI V. AMERIQUEST)

134.    On or about August 14, 2003 Carolyn F. Buniski entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

**ANSWER:** **Because the Twelfth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 134 and on that basis denies such allegations.**

135.    A portion of the proceeds of the mortgage' loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** **Because the Twelfth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 135 and on that basis denies such allegations.**

136.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226:23).

- 35 -

**ANSWER:** Because the Twelfth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 136 and on that basis denies such allegations.

137. In the course of this consumer credit transaction; Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:** Because the Twelfth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 137 and on that basis denies such allegations.

138. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** Because the Twelfth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 138 and on that basis denies such allegations.

139. The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

**ANSWER:** Because the Twelfth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 139 and on that basis denies such allegations.

140. More than' twenty calendar days have passed since Defendant received the notice of rescission.

- 36 -

**ANSWER:**   **Because the Twelfth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 140 and on that basis denies such allegations.**

141.   The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(B) and Reg. Z. § 226.23(d)(2).

**ANSWER:**   **Because the Twelfth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 141 and on that basis denies such allegations.**

142.   The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**   **Because the Twelfth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 142 and on that basis denies such allegations.**

143.   As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.   Rescission of this transaction;

      b.   Termination of any security interest in Plaintiff's property created under the transaction;

      c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

      d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff s rescission notice;

      e.   Forfeiture of loan proceeds;

      f.   Actual damages in an amount to be determined at trial; and

      g.   A reasonable attorney fee.

- 37 -

**ANSWER:**     **Because the Twelfth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 143 and on that basis denies such allegations.**

## THIRTEENTH COUNT

## (MATTHEW CAVALLO III v. AMERIQUEST)

144.     On or about May 23, 2004 Matthew Cavallo III entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

**ANSWER:**     **Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 144 and on that basis denies such allegations.**

145.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     **Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 145 and on that basis denies such allegations.**

146.     This consumer credit transaction was subject to' the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     **Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 146 and on that basis denies such allegations.**

147.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(1) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

- 38 -

**ANSWER:** Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 147 and on that basis denies such allegations.

148. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 148 and on that basis denies such allegations.

149. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated October 10, 2004, which notice was received by that Defendant.

**ANSWER:** Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 149 and on that basis denies such allegations.

150. More than twenty calendar days have passed since Defendant received the notice of rescission.

**ANSWER:** Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 150 and on that basis denies such allegations.

151. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 151 and on that basis denies such allegations.

- 39 -

152.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:     Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 152 and on that basis denies such allegations.**

153.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff s rescission notice;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

g.     A reasonable attorney fee.

**ANSWER:     Because the Thirteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 153 and on that basis denies such allegations.**

## FOURTEENTH COUNT

## (MARCI & ROBERT DAY V. ARGENT)

154.     On or about August 18, 2003 Marci & Robert Day entered into a loan agreement with the Defendant, Argent Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:** **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 154 and on that basis denies such allegations.**

155. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 155 and on that basis denies such allegations.**

156. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 156 and on that basis denies such allegations.**

157. In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:** **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 157 and on that basis denies such allegations.**

158. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 158 and on that basis denies such allegations.**

- 41 -

159.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

**ANSWER:**    **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 159 and on that basis denies such allegations.**

160.    More than twenty calendar days have passed since Defendant received the notice of rescission.

**ANSWER:**    **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 160 and on that basis denies such allegations.**

161.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**    **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 161 and on that basis denies such allegations.**

162.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**    **Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 162 and on that basis denies such allegations.**

- 42 -

163.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs rescission notice;

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney fee.

**ANSWER:    Because the Fourteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 163 and on that basis denies such allegations.**

## FIFTEENTH COUNT

## (RAFAELA GUZMAN & OSCAR PEÑA v. AMERIQUEST)

164.    On or about July 22, 2004 Rafaela Guzman & Oscar Peña entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:    Because the Fifteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 164 and on that basis denies such allegations.**

165.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

BN 1297162v1

**ANSWER:**    **Because the Fifteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 165 and on that basis denies such allegations.**

166.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    **Because the Fifteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 166 and on that basis denies such allegations.**

167.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226,23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:**    **Because the Fifteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 167 and on that basis denies such allegations.**

168.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**    **Because the Fifteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 168 and on that basis denies such allegations.**

169.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2005; which notice was received by that Defendant.

**ANSWER:**     Because the Fifteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 169 and on that basis denies such allegations.

170.     More than twenty calendar days have passed since Defendant received the notice of rescission.

**ANSWER:**     Because the Fifteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 170 and on that basis denies such allegations.

171.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 22U3(d)(2).

**ANSWER:**     Because the Fifteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 171 and on that basis denies such allegations.

172.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by G.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. z. § 226.23(d)(2).

**ANSWER:**     Because the Fifteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 172 and on that basis denies such allegations.

173.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.     Rescission of this transaction,

b.     Termination of any security interest in Plaintiff's property created under the transaction;

    c.        Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.        Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.        Forfeiture of loan proceeds;

    f.        Actual damages in an amount to be determined at trial; and A reasonable attorney fee.

**ANSWER:** **Because the Fifteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 173 and on that basis denies such allegations.**

## SIXTEENTH COUNT

## (CHERYL DOUGLAS-CHISHOLM v. AMERIQUEST)

174.    On or about January 13, 2004 Cheryl Douglas-Chisholm entered into a loan agreement with the Defendant and provided a mortgage on her residence to secure the indebtedness.

**ANSWER:** **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 174 and on that basis denies such allegations.**

175.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 175 and on that basis denies such allegations.**

176.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 176 and on that basis denies such allegations.**

177.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:** **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 177 and on that basis denies such allegations.**

178.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 178 and on that basis denies such allegations.**

179.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated March 25, 2005, which notice was received by Defendant.

**ANSWER:** **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 179 and on that basis denies such allegations.**

180.    More than twenty calendar days have passed since Defendant received the notice of rescission.

**ANSWER:** **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 180 and on that basis denies such allegations.**

181.   The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 181 and on that basis denies such allegations.**

182.   The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by G.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 182 and on that basis denies such allegations.**

183.   As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

　　　　a.   Rescission of this transaction;

　　　　b.   Termination of any security interest in Plaintiff's property created under the transaction;

　　　　c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

　　　　d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

　　　　e.   Forfeiture of loan proceeds;

　　　　f.   Actual damages in an amount to be determined at trial; and g. A reasonable attorney' fee.

- 48 -

**ANSWER:** **Because the Sixteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 183 and on that basis denies such allegations.**

## SEVENTEENTH COUNT

## (JEFFREY & SHARON COUTANT v. AMERIQUEST & HSBC)

184.    On or about July 23, 2044 Jeffrey and Sharon Coutant entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 184 and on that basis denies such allegations.**

185.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 185 and on that basis denies such allegations.**

186.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** **Because Paragraph 186 states legal conclusions, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 186 and on that basis denies such allegations.**

187.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:**     **Because Paragraph 186 states legal conclusions, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 187 and on that basis denies such allegations.**

188.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     **Because Paragraph 188 states legal conclusions, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 188 and on that basis denies such allegations.**

189.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 28, 2005, which notice was received by that Defendant.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 189 and on that basis denies such allegations.**

190.    The Plaintiffs' mortgage loan has been assigned to Defendant HSBC.

**ANSWER:**     **Defendant admits that it has been assigned Plaintiff's loan.**

191.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated September 28, 2005, which notice was received by that Defendant.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 191 and on that basis denies such allegations.**

192.    More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 192 and on that basis denies such allegations.**

193.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**     **Because Paragraph 193 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

194.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683; 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**     **Because Paragraph 194 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

195.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for.

     a.     Rescission of this transaction;

     b.     Termination of any security interest in Plaintiff's property created under the transaction;

     c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

     d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

     e.     Forfeiture of loan proceeds;

     f.     Actual damages in an amount to be determined at trial; and

     g.     A reasonable attorney fee.

BN 1297162v1

**ANSWER:**  Because Paragraph 195 states legal conclusions, no answer is required.

EIGHTEENTH COUNT

(SIMON A. DELL v. AMERIQUEST)

196.  On or about July 3, 2003 Simon A. Dell entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

**ANSWER:**  **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 196 and on that basis denies such allegations.**

197.  A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**  **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 197 and on that basis denies such allegations.**

198.  This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23),

**ANSWER:**  **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 198 and on that basis denies such allegations.**

199.  In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by fading to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:**  **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without**

- 52 -

**knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 199 and on that basis denies such allegations.**

200.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

**ANSWER:     Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 200 and on that basis denies such allegations.**

201.     The Plaintiff exercised his extended right to rescind the contract by sending notice

(via counsel) to Defendant; Ameriquest Mortgage Company by certified mail dated October 3,

2005, which notice was received by that Defendant.

**ANSWER:     Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 201 and on that basis denies such allegations.**

202.     More than twenty calendar days have passed since Defendant received the notice

of rescission.

**ANSWER:     Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 202 and on that basis denies such allegations.**

203.     The Defendant has failed to take any action necessary or appropriate to reflect the

termination of any security interest created under the transaction as required by C.G.S. § 36a-

683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:     Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 203 and on that basis denies such allegations.**

- 53 -

204. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 204 and on that basis denies such allegations.**

205. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff s rescission notice;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney fee.

**ANSWER:** **Because the Eighteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 205 and on that basis denies such allegations.**

## NINETEENTH COUNT

## (MIGDALIA FIGUEROA v. ARCM

206. On or about June 4, 2004 Migdalia Figueroa entered into a loan agreement with the Defendant, Argent Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

**ANSWER:** Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 206 and on that basis denies such allegations.

207.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 207 and on that basis denies such allegations.

208.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z. § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 208 and on that basis denies such allegations.

209.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:** Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 209 and on that basis denies such allegations.

210.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 210 and on that basis denies such allegations.

- 55 -

211.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

**ANSWER:**    **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 211 and on that basis denies such allegations.**

212.    More than twenty calendar days have passed since Defendant received the notice of rescission.

**ANSWER:**    **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 212 and on that basis denies such allegations.**

213.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**    **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 213 and on that basis denies such allegations.**

214.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:**    **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 214 and on that basis denies such allegations.**

215.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c); Defendant is liable for.

a.    Rescission of this transaction;

- 56 -

     b.      Termination of any security interest in Plaintiff's property created under the transaction;

     c.      Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

     d.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs rescission notice;

     e.      Forfeiture of loan proceeds;

     f.      Actual damages in an amount to be determined at trial; and

     g.      A reasonable attorney fee.

**ANSWER:**    **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 215 and on that basis denies such allegations.**

## TWENTIETH COUNT

## (NICHOLAS & ANN GRIFFIN v. AMERIQUEST)

216.    On or about June 21, 2003 Nicholas & Ann Griffin entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

**ANSWER:**    **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 216 and on that basis denies such allegations.**

217.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 217 and on that basis denies such allegations.**

218. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 218 and on that basis denies such allegations.**

219. In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:** **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 219 and on that basis denies such allegations.**

220. The Plaintiff have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 220 and on that basis denies such allegations.**

221. The Plaintiff exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated June 8, 2005, which notice was received by that Defendant.

**ANSWER:** **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 221 and on that basis denies such allegations.**

222. More than twenty calendar days have passed since Defendant received the notice of rescission.

BN 1297162v1

**ANSWER:** **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 222 and on that basis denies such allegations.**

223. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 223 and on that basis denies such allegations.**

224. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

**ANSWER:** **Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 224 and on that basis denies such allegations.**

225. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(x), 1640(a), and 1641(c), Defendant is liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney fee.

- 59 -

**ANSWER:** Because the Nineteenth Count is directed at defendants other than HSBC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 225 and on that basis denies such allegations.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported causes of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

### PRAYER

Defendant HSBC Mortgage Services, Inc. prays this court to:

1.     Dismiss Plaintiffs' Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  July 23, 2007

By:  /s/ Bernard E. LeSage
*Attorneys for HSBC Mortgage Services, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 61 -

BN 1297162v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 23rd day of July, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

- 62 -