## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Daniel L. Vincer v. Ameriquest Mortgage Company*; Case No. 06 C 06749 | |

## DEFENDANT CITIFINANCIAL MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant CITIFINANCIAL MORTGAGE COMPANY, now known as CitiMortage, Inc. ("Defendant" or "CitiFinancial"), by and through its attorneys, answers Plaintiff DANIEL L. VINCER's ("Plaintiff") Amended Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.      Plaintiff Daniel L. Vincer brings this action against a "subprime" mortgage lender and its affiliate and successor to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and to recover damages for violation of state law.

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226 or any state law.**

## URISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1332(4) (diversity class actions), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. §1640 (TILA).

**ANSWER:      Defendant does not contest subject matter jurisdiction.  Defendant denies any remaining allegations of Paragraph 2.**

3.      Plaintiff is a domiciliary and citizen of Michigan. One named defendant is a New York corporation with its principal place of business in Maryland. The other two named defendants are Delaware corporations with their principal places of business in California. The total amount in controversy exceeds $5 million.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.      Defendants transact business in the District and are deemed to reside here.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.  Defendant does not dispute venue.**

## PARTIES

5.      Plaintiff Daniel L. Vincer owns and resides in a single-family home at 2730 Walcott Road, Jackson, MI 49201.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant Ameriquest Mortgage Company is a Delaware corporation with its principal place of business in California. It maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.     Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.     Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.     Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.     During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.     Defendant Citifinancial Mortgage Company is a New York corporation with principal offices at 300 St. Paul Place, Baltimore, MD 21202. It does business in Michigan.  Its

registered agent and office are The Corporation Company, 30600 Telegraph Road, Bingham

Farms, MI 48025, or CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:** **Defendant admits that it is a corporation. Defendant does not dispute service. Defendant denies any remaining allegations of Paragraph 11.**

12.     Defendant AMC Mortgage Services, Inc. is a Delaware corporation with its

principal place of business in California. It does business in Michigan. It is an affiliate of

Ameriquest. Its registered agent and office are National Registered Agents, Inc., 712 Abbott

Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     Defendant AMC Mortgage Services, Inc., services loans originated by

Ameriquest Mortgage Company, and claims an interest in such loans, including the right to

receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF

14.     Prior to Sept. 2, 2005, plaintiff applied for a refinance mortgage loan with

Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     Prior to Sept. 2, 2005, an appraiser working on behalf of Ameriquest came to Mr.

Vincer's home, but did not come inside. Though he was charged $450, Mr. Vincer never received

a copy of the appraisal.

BN 1306250v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.  On information and belief, the reported, appraised value of Plaintiff's home was substantially and artificially inflated by Ameriquest and DOES 5-10 for the purpose of increasing the loan amount plaintiffs would appear to qualify for, which ultimately served to increase the interest and points and fees Ameriquest charged for the loan, i.e., its profits.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.  Though Mr. Vincer bought the house in 2000 for $97,500 and made no improvements to it, Ameriquest appraised Plaintiff's home at $153,000, Exhibit N. On information an belief, similar homes in Mr. Vincer's neighborhood are valued at approximately $130,000.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18.  On information and belief, Ameriquest's loan to plaintiff exceeded 100% of the home's market value at the time. As a result, plaintiffs options for refinancing have been severely limited.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.  Ameriquest did not send Mr. Vincer a Good Faith Estimate after application for the loan, in violation of 12 U.S.C. §2604, Regulation X §3500.7 and Regulation X §3500.6.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

BN 1306250v1

20. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21. The loan was closed on Sept. 2, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22. The following are documents relating to the loan:

    a. A note, Exhibit A;

    b. A mortgage, Exhibit B;

    c. A settlement statement, Exhibit C;

    d. A Truth in Lending statement, Exhibit D;

    e. The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit E;

    f. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit F;

    g. A list of "items to be paid off from loan proceeds," Exhibit G;

    h. An "itemization of settlement charges," Exhibit H.

**ANSWER:** **The referenced documents speak for themselves, therefore no answer is required. If any answer is required, Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 22 and on that basis denies such allegations.**

23. Prior to the closing, plaintiff received a "bombardment" of phone calls from Ameriquest and felt pressured to take the loan.

- 6 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     At the closing, plaintiff was charged a "loan discount" of $3,731.67, or 2.710% of the principal. <u>Exhibit C</u>, line 802. This was in addition to an appraisal fee of $450, a tax related service fee of $70, a flood search fee of $9, a lenders processing fee of $626, an administration fee of $239, and an application fee of $360. All of these charges were retained by Ameriquest from the loan proceeds.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     Defendant represented and undertook at the closing, by means of a standard form document (<u>Exhibit I</u>), that the retention of the "loan discount" from the loan proceeds was in exchange for a reduction in the interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     This representation and undertaking was false. In fact, the interest rate was not reduced, as shown by <u>Exhibit J</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     Plaintiff first directed to make payments to AMC Mortgage Services, Inc. and then to Citifinancial Mortgage Company (<u>Exhibits K-L</u>). Each of these defendants claimed an interest in plaintiff's loan, consisting of at least the right to receive payments thereunder, and is a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.     On information and belief, Citifinancial owns plaintiff's loan.

**ANSWER:**     **Defendant admits that it owns Plaintiff's loan.   Defendant denies any wrongdoing and denies any liability to Plaintiff.**

29.     In the event Citifinancial does not own plaintiff's loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

## COUNT I - TRUTH IN LENDING ACT

30.     Plaintiff incorporates paragraphs 1-25. This claim is against all defendants.

**ANSWER:**     **Defendant restates its answers to paragraph 1-25 in response to this paragraph.**

31.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1535 and 12 C.F.R. §226.23. Section 226.23 provides:

>       (a)     **Consumer's right to rescind.**
>
>               **(1)     In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
>               **(2)     To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when fled for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
>               **(3)     The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required**

notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4)     When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)     Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)     The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)     The consumer's right to rescind the transaction.

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)     The effects of rescission, as described in paragraph (d) of this section.

(5)     The date the rescission period expires....

(f)     Exempt transactions. The right to rescind does not apply to the following:

(1)     A residential mortgage transaction [defined in 15 U.S.C. §16fl2(w) as one where a "security interest is created or retained against the

consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2)     A credit plan in which a state agency is a creditor.

**ANSWER:**     Because Paragraph 31 states legal conclusions, no answer is required.  If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

- 9 -

## GROUNDS FOR RESCISSION

32.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiff's right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:     Because Paragraph 32 states legal conclusions, no answer is required. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 32 and on that basis denies such allegations.**

33.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:     Because Paragraph 33 states legal conclusions, no answer is required. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 33 and on that basis denies such allegations.**

34.     Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.     Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

36.     Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit M</u>.

- 10 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37.    The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiff's loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiff and denies that Plaintiff may rescind his mortgage.**

38.    Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 38 states legal conclusions, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

39.    15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

a.    A judgment voiding plaintiff s mortgage, capable of recordation in the public records, and binding on defendants;

b.    Statutory damages for the underlying disclosure violation;

c.    If appropriate, statutory damages for failure to rescind;

d.    Attorney's fees, litigation expenses and costs.

e.    Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 39 states legal conclusions, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## COUNT II - BREACH OF CONTRACT

40    Plaintiff incorporates paragraphs 1-25. This claim is against Ameriquest.

**ANSWER:**    **Because Count II is directed at defendants other than Citifinancial, no answer is required. If any answer is required, Defendant restates its answers to paragraphs 1-25 in response to this paragraph.**

40.    Ameriquest contracted, in Exhibit I, that if the plaintiff and class members were charged a "discount fee," their interest rate would be discounted.

**ANSWER:**    **Because Count II is directed at defendants other than Citifinancial, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41.    In fact, plaintiff's rate was not discounted, as shown by Exhibit J.

**ANSWER:**    **Because Count II is directed at defendants other than Citifinancial, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42.    Plaintiff and every other borrower who (a) received Exhibit I, (b) had a loan discount retained from the loan proceeds (as shown by the settlement statement, Exhibit C, and (c) had their rate increased at the closing (as shown by Exhibit I) was injured by such practice.

**ANSWER:**    **Because Count II is directed at defendants other than Citifinancial, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

## COUNT III - MORTGAGE BROKERS LENDERS AND SERVICERS LICENSING ACT

43.    Plaintiff Daniel Vincer incorporates paragraphs 1-29. This claim is against Ameriquest Mortgage Company.

**ANSWER:**    **Because Count III is directed at defendants other than Citifinancial, no answer is required. If any answer is required, Defendant restates its answers to paragraphs 1-29 in response to this paragraph.**

- 12 -

44. Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by:

**ANSWER:** **Because Count III is directed at defendants other than Citifinancial, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45. Fraudulently inflating the value of Mr. Vincer's home in order to represent that Mr. Vincer qualified for a larger loan amount; and

**ANSWER:** **Because Count III is directed at defendants other than Citifinancial, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46. Charging a "loan discount" fee, i.e., representing that the fee was to purchase a reduction in the interest rate and then not decreasing the interest rate (Exhibits H-J).

**ANSWER:** **Because Count III is directed at defendants other than Citifinancial, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47. Mr. Vincer was induced to transact with Ameriquest by means of these misrepresentations.

**ANSWER:** **Because Count III is directed at defendants other than Citifinancial, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48. Defendant made the representations in the course of trade and commerce.

**ANSWER:** **Because Count III is directed at defendants other than Citifinancial, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

- 13 -

49.     Defendant made the representations for the purpose of inducing reliance, in the form of Mr. Vincer borrowing a higher principal.

**ANSWER:     Because Count III is directed at defendants other than Citifinancial, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50.     Mr. Vincer was injured by Ameriquest's misrepresentations. He was induced to agree to a mortgage with what is, on information and belief, a loan-to-value ratio of greater than 100%. Consequently, his options for refinancing with reputable mortgage companies have been severely limited by Ameriquest's actions. Ameriquest has effectively trapped Mr. Vincer in his current mortgage.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against Ameriquest for:

a.     A declaratory judgment, MCL §445.1681(1)(a);

b.     Injunctive relief, MCL §445.1681(1)(b);

c.     Appropriate damages, MCL §445.1681(1)(c);

d.     Attorney's fees, litigation expenses and costs of suit;

e.     Such other and further relief as the Court deems proper.

**ANSWER:     Because Count III is directed at defendants other than Citifinancial, no answer is required.  If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.     Plaintiff's purported causes of action fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred by the applicable statute of limitations.

BN 1306250v1

3.      Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiff's claims are barred by the applicable statute of frauds.

6.      Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9.      Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not CitiFinancial, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of CitiFinancial described in the Complaint.

11.     As to each cause of action, CitiFinancial is entitled to an offset.

12.     Plaintiff's claims are barred in whole or in part, because CitiFinancial has committed no act or omission causing any damage to Plaintiff.

13.     Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

BN 1306250v1

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

### PRAYER

Defendant CitiFinancial prays this court to:

1.      Dismiss Plaintiff's Complaint;

2.      Enter judgment for defendant CitiFinancial and against Plaintiff in this action;

3.      Award CitiFinancial its costs of suit; and

4.      Grant CitiFinancial any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  July 23, 2007                      By: /s/ Bernard E. LeSage
                                           *Attorneys for Citifinancial Mortgage
                                           Company*

                                           Bernard E. LeSage, Esq.
                                           Sarah K. Andrus, Esq.
                                           BUCHALTER NEMER, a P.C.
                                           1000 Wilshire Boulevard, Suite 1500
                                           Los Angeles, CA 90017-2457
                                           Telephone: (213) 891-0700
                                           Facsimile: (213) 896-0400

- 16 -

BN 1306250v1

## <u>CERTIFICATE OF SERVICE</u>

I, Connie Madrigal, hereby certify that on this 23rd day of July, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/  Connie Madrigal _____

- 17 -