

CV 06 5540

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNIOR TERRANCE BLACK & RENE CAMPBELL, ISMAEL VEGA & YOLANDA I. RIVERA, LUZ GOMEZ, ALBERT ROLDAN & MARLENE ROLDAN, CHERYL P. JONES & ARNOLD JONES<br> Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY, Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO: KORMAN, CH. J.

COMPLAINT MATSUMOTO, M.J.

JURY TRIAL DEMANDED

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★  OCT 12 2006  ★
BROOKLYN OFFICE

## **INTRODUCTION**

1.    This is a suit brought by individual consumers residing in Brooklyn and Queens who entered into mortgage loans with Ameriquest Mortgage Company. Ameriquest violated the Truth in Lending Act ("TILA" or the "Act"), 15 U.S.C. § 1601 *et seq.*, in each of their transactions by failing to notify them of their right to rescind the mortgage in the manner required by the Act and Regulation Z (12 C.F.R. Part 226).

2.    All plaintiffs are ready, willing, and able to meet their tender obligations under the Act.

3.    All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the defendant's misconduct.

1

4.      Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

## JURISDICTION

5.      Jurisdiction in this court is proper under 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331-32.

6.      This court has jurisdiction over the defendant because it regularly conducts business in this state.

7.      Junior Terrence Black and Rene Campbell live and own real property, the financing of which gives rise to this case, in Queens County, New York.

8.      Ismael Vega and Yolanda I. Rivera live and own real property, the financing of which gives rise to this case, in Queens County, New York.

9.      Luz Gomez lives and owns real property, the financing of which gives rise to this case, in Brooklyn, New York.

10.      Albert Roldan and Marlene Roldan live and own real property, the financing of which gives rise to this case, in Brooklyn, New York.

11.      Cheryl Jones and Arnold Jones live and own real property, the financing of which gives rise to this case, in Queens County, New York.

12.      Thus, venue in this court is proper because the plaintiffs all live within the Eastern District's jurisdiction and the case concerns real property located in the Eastern District.

2

## COUNT ONE
### (JUNIOR TERRANCE BLACK & RENE CAMPBELL v. AMERIQUEST)

13.     On or about June 21, 2005 Junior Terrance Black and Rene Campbell entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

14.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

15.     This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

16.     Defendant is currently the holder of this Note and Mortgage.

17.     In the course of this consumer credit transaction, defendant violated the Truth in Lending Act by failing to adequately notify plaintiffs of the right to rescind the transaction in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

18.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

19.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to defendant Ameriquest by certified mail dated August 2, 2006 which notice was received by that defendant.

20.     Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

21.     The defendant has failed to return to the plaintiffs any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

22.     As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), defendant is liable for:

   a.  Rescission of this transaction;

   b.  Termination of any security interest in plaintiffs' property created under the transaction;

   c.  Return of any money or property given by the plaintiffs to anyone, including the defendants, in connection with this transaction;

   d.  Statutory damages of $2,000 for defendant's failure to respond properly to plaintiffs' rescission notice;

   e.  Forfeiture of loan proceeds;

   f.  Actual damages in an amount to be determined at trial; and

   g.  A reasonable attorney fee.

### COUNT TWO
### (ISMAEL VEGA & YOLANDA I. RIVERA v. AMERIQUEST)

23.     On or about September 23, 2004 Ismael Vega & Yolanda I. Rivera entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

24.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

25.    This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

26.    Defendant is currently the holder of this Note and Mortgage.

27.    In the course of this consumer credit transaction, defendant violated the Truth in Lending Act by failing to adequately notify plaintiffs of the right to rescind the transaction in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

28.    The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

29.    The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to defendant Ameriquest by certified mail dated August 2, 2006 which notice was received by defendant.

30.    Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

31.    The defendant has failed to return to the plaintiffs any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

32.    As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), defendant is liable for:

a. Rescission of this transaction;

5

b. Termination of any security interest in plaintiffs' property created under the transaction;

c. Return of any money or property given by the plaintiffs to anyone, including the defendant, in connection with this transaction;

d. Statutory damages of $2,000 for defendant's failure to respond properly to plaintiffs' rescission notice;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney fee.

## COUNT THREE
## (<u>LUZ GOMEZ v. AMERIQUEST</u>)

33.     On or about October 16, 2003 and again on December 2, 2004, Luz Gomez entered into loan agreements with the defendant, Ameriquest Mortgage Company, and provided mortgages on her residence to secure the indebtedness.

34.     A portion of the proceeds of each mortgage loan went towards the pay-off of the existing mortgage on the residence.

35.     These consumer credit transactions were subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

36.     Defendant is currently the holder of the December 2, 2004 Note and Mortgage, which paid-off the October 16, 2003 Note and Mortgage.

37.     In the course of these consumer credit transactions, defendant violated the Truth in Lending Act by failing to adequately notify the plaintiff of the right to rescind the transactions in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

38.     The plaintiff has a continuing right to rescind the transactions until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transactions.

39.     The plaintiff exercised her extended right to rescind the December 2, 2004 contract by sending notice (via counsel) to defendant Ameriquest by certified mail dated August 2, 2006, which notice was received by that defendant. More than twenty calendar days have passed since Defendant received the notice of rescission.

40.     The plaintiff exercised her extended right to rescind the October 16, 2003 contract by sending notice (via counsel) to defendant Ameriquest by certified mail dated August 23, 2006, which notice was received by the defendant. More than twenty calendar days have passed since defendant received the notice of rescission.

41.     The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

42.     The defendant has failed to return to the plaintiff any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

43.     As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), defendant is liable for:

a.  Rescission of each transaction;

b.  Termination of any security interest in plaintiff's property created under the transactions;

c.  Return of any money or property given by the plaintiff to anyone, including the defendant, in connection with the transactions;

d.  Statutory damages of $2,000 for each of the defendant's failures to respond properly to plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

8

## COUNT FOUR
## (ALBERT ROLDAN & MARLENE ROLDAN v. AMERIQUEST)

44.     On or about April 22, 2004 and again on October 4, 2004 Albert Roldan & Marlene Roldan entered into loan agreements with the defendant, Ameriquest Mortgage Company, and provided mortgages on their residence to secure the indebtedness.

45.     A portion of the proceeds of each mortgage loan went towards the pay-off of the existing mortgage on the residence.

46.     These consumer credit transactions were subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

47.     Defendant is currently the holder of the October 4, 2004 Note and Mortgage, which paid-off the April 22, 2004 Note and Mortgage.

48.     In the course of these consumer credit transactions, defendant violated the Truth in Lending Act by failing to adequately notify plaintiffs of the right to rescind the transactions in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

49.     The plaintiffs have a continuing right to rescind the transactions until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transactions.

50.     The plaintiffs exercised their extended right to rescind the contracts by sending notice (via counsel) to defendant Ameriquest by certified mail dated August 2, 2006 and August 23, 2006 which notices were received by that defendant.

51.     More than twenty calendar days have passed since defendant received the notices of rescission.

52.     Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

53.     The defendant has failed to return to the plaintiffs any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

54.     As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), defendant is liable for:

    a. Rescission of each transaction;

    b. Termination of any security interest in plaintiffs' property created under the transactions;

    c. Return of any money or property given by the plaintiffs to anyone, including the defendant, in connection with each transaction;

    d. Statutory damages of $4,000 for defendant's failure to respond properly to plaintiffs' rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

## COUNT FIVE
## (CHERYL P. JONES and ARNOLD JONES v. AMERIQUEST)

55.     On or about July 13, 2005 Cheryl P. Jones and Arnold Jones entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

56.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

57.     This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

58.     Defendant is currently the holder of this Note and Mortgage.

59.     In the course of this consumer credit transaction, defendant violated TILA by failing to adequately notify plaintiffs of the right to rescind the transaction in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

60.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

61.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to defendant Ameriquest by certified mail dated August 2, 2006, which notice was received by that defendant.

62.     More than twenty calendar days have passed since Defendant received the notice of rescission.

63.     Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

64.     The defendant has failed to return to the plaintiffs any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

65.     As a result of the aforesaid violations of the Act and Regulation Z, under 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), defendant is liable for:

   a.  Rescission of this transaction;

   b.  Termination of any security interest in plaintiffs' property created under the transaction;

   c.  Return of any money or property given by the plaintiffs to anyone, including the defendant, in connection with this transaction;

   d.  Statutory damages of $2,000 for defendant's failure to respond properly to plaintiffs' rescission notice;

   e.  Forfeiture of loan proceeds;

   f.  Actual damages in an amount to be determined at trial; and

   g.  A reasonable attorney fee.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs respectfully request that this Court:

1.    Assume jurisdiction of this case;

2.    Declare that the security interest in the plaintiffs' residences are void;

3.    Enter an order that the mortgage transactions are rescinded;

4.    Order defendant to take all action necessary to terminate any security interest in the plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5.    Order the return to the plaintiffs of any money or property given by them to anyone, including the defendant, in connection with the transactions;

6.    Enjoin defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive plaintiffs of ownership of the properties;

7.    Award the plaintiffs actual statutory damages for the defendant's failure to respond properly to the plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);

8.    Order that, because the defendants failed to tender in response to the plaintiffs' notices of rescission, the plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light

of all of the plaintiffs' claims and order the defendant to accept tender on reasonable

terms and over a reasonable period of time;

    10.    Award actual damages in an amount to be established at trial;

    11.    Award the plaintiffs costs and a reasonable attorney fee as provided under

15 U.S.C. § 1640(a);

    12.    Award such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs demand trial by jury.

Dated: New York, New York
       October 12, 2006

                      Respectfully submitted,
                      Bromberg Law Office, P.C.

                      By:_____
                          Brian L. Bromberg (BB: 6264),
                          One of Plaintiffs' Attorneys

Attorneys for Plaintiffs:
Brian L. Bromberg (BB: 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: (212) 248-7906

Andrew G. Pizor*
Daniel S. Blinn*
35 Cold Spring Rd, Suite 512
Rocky Hill CT 06067
Tel: (860) 571-0408

* Connecticut counsel will move for *pro hac vice* admission as soon as practicable.