IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before the Honorable Marvin E. Aspen)<br><br>Magistrate Judge Morton Denlow |

**BORROWER PLAINTIFF, VAUGHN DEBOLD'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO COMPEL COMPLIANCE WITH AGREEMENTS TO STAY FORECLOSURE**

**INTRODUCTION**

Vaughn DeBold, ("Mr. DeBold"), one of the named plaintiffs for the Borrower Class, seeks to enforce an agreement reached between Lead Class Counsel and Ameriquest Mortgage Company ("Ameriquest") to stay foreclosure proceedings on his property located at 6241 Golfview Avenue, Cocoa Florida. Despite Ameriquest's firm agreement not to foreclose on Mr. DeBold's mortgage, Mr. DeBold's home is scheduled for a foreclosure sale tomorrow, July 25, 2007 at 11:00 a.m. In light of the imminent of foreclosure sale and Ameriquest's counsel's failure to respond to numerous requests by Lead Class Counsel to honor the agreement and stop the sale, Mr. DeBold is forced to seek emergency relief.

**PROCEDURAL BACKGROUND**

On February 14, 2006, at the Court's request, the parties entered into a Stipulation for Standstill [Docket No. 43], whereby the Defendants in this MDL proceeding agreed not to begin or continue any foreclosure proceedings on certain borrowers who have requested rescission

without providing Lead Class Counsel with 30 days notice of its intent to foreclose. The Stipulation also extended the deadline for certain claims for rescission under the Truth in Lending Act. The purpose of the stipulation was to preserve the *status quo* pending ruling on the borrowers' request for rescission-related relief under the Truth In Lending Act.

On May 30, 2006, the Court also entered a Memorandum Opinion and Order granting Plaintiffs' motion for temporary injunctive relief ("Order"). [Docket No. 143]. Under this order, the Defendants were required to send notice to borrowers facing foreclosure to notify them of potential rescission rights. Since that time, numerous borrowers in financial distress have contacted Lead Class Counsel and, if appropriate, Lead Class Counsel have requested rescission of their loans on their behalf. The parties have addressed each of these cases and the Defendants have agreed to treat these borrowers to date the same as those subject to the Stipulation for Standstill.

In July, 2006, Mr. DeBold was referred to Roddy Klein & Ryan. Declaration of Shennan Kavanagh in Support of Vaughn DeBold's Emergency Motion To Compel Compliance With Agreements To Stay Foreclosure ("Kavanagh Decl."), ¶6. After review of Mr. DeBold's documents, Roddy Klein & Ryan requested rescission of Mr. DeBold's loan on the basis that the Notice of Right to Cancel form he received at closing omitted both the date of the transaction as well as the date that the rescission period expired, in violation of Regulation Z §226.23(b)(1). Kavanagh Decl., ¶7. At the time of his rescission request, Mr. DeBold was in a Chapter 13 bankruptcy proceeding, filed in the U.S. Bankruptcy Court, Middle District of Florida, and was protected from foreclosure by the automatic stay. Kavanagh Decl., ¶9.

On May 17, 2007, Mr. DeBold's bankruptcy case was dismissed and the automatic stay was dissolved. Kavanagh Decl., ¶10. On or around June 1, 2007, Mr. Debold received the Court

ordered notice regarding his rescission rights. Kavanagh Decl., ¶11. With the automatic stay lifted and because Mr. DeBold received the notice for borrowers facing foreclosure, Mr. DeBold's counsel contacted counsel for Ameriquest on June 12, 2007 to confirm the agreement that his foreclosure was stayed. Kavanagh Decl., ¶12. In response, Ameriquest's counsel stated that he did not believe that a foreclosure proceeding was taking place but would "put a stop to the foreclosure just in case," and to consider Mr. DeBold's request as "granted." Kavanagh Decl., ¶13.

However, on June 15, 2007, at Ameriquest's request, the Circuit Court of the 18th Judicial Circuit, in Brevard County, Florida issued an order resetting a foreclosure sale date on Mr. DeBold's property for Wednesday, July 25, 2007 at 11:00 a.m. Kavanagh Decl., ¶14. Mr. DeBold's counsel contacted Ameriquest's counsel numerous times by email and telephone to request that Ameriquest honor its commitment to stop the foreclosure and to ensure that the property would not be sold. Kavanagh Decl., ¶15-18. Ameriquest's counsel never responded. Kavanagh Decl., ¶19.

## ARGUMENT

**1. The Court Should Enforce The Parties' Agreements Made In The Context Of This Litigation**

The parties' agreement to stay foreclosure proceedings on Mr. DeBold's property is clear and enforceable by this Court. First, there is no doubt about the Parties' intentions. Ameriquest has agreed to stay foreclosure proceedings on at least 11 other borrowers' properties, like Mr. DeBold's, since the Court entered the Stipulation for Standstill on February 14, 2006. Next, the agreement specifically relating to Mr. DeBold is well-documented and unambiguous. Kavanagh Declaration, ¶¶12-17. As such, Mr. DeBold's counsel had every reason to think that his

3

foreclosure would be temporarily stayed informally and without court intervention. At all times, the parties intended to have the question of the validity of Mr. DeBold's rescission revolved in the context of this proceeding. If the rescission is confirmed as valid, the mortgage is void and foreclosure cannot go forward. 15 U.S.C. § 1640(b).

In addition, the Court has the authority to enforce agreements made between parties in the context of litigation. As noted by this District in *Evergreen Marine Corp. v. Division Sales, Inc.,* No. 01 C 4933, 2003 WL 1127905, at *4 (N.D. Ill Mar. 12, 2003):

> Moreover, parties could reach an agreement during the course of litigation that has the effect of taking some portion of the case out of contention, but fail to memorialize the agreement through the entry of an agreed order. If one party later violates the agreement, the aggrieved party could not initiate a contempt proceeding because no court order was entered. Should that mean there is no remedy? Limiting an aggrieved party to a contempt remedy is more problematic tha[n] the opposite…

Finally, Ameriquest's agreement to stay Mr. DeBold's foreclosure proceedings is consistent with the Stipulation for Standstill, already entered and approved by this Court. For all these reasons, the Court should enforce the parties' agreement.

**2. Mr. DeBold's Rescission Is Also A Basis For A Foreclosure Stay**

Even in the absence of an agreement, Mr. DeBold's rescission remedy serves as an underlying basis for a foreclosure stay. When a consumer validly rescinds a mortgage pursuant to the Truth In Lending Act ("TILA"), the mortgage is automatically voided by operation of law and any obligation to pay finance charges is canceled. 15 U.S.C. 1635(b).[1]

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission.

---

[1] Indeed, in Mr. DeBold's case, Ameriquest granted his request to rescind the loan. Kavanagh Decl., ¶8.

4

Congress considered the extended right to rescind so important to the preservation of people's homes, that when the TILA was amended in 1995,[2] special rules were created to govern rescission claims asserted as a defense to foreclosure. These special rules provide a federal rescission defense to foreclosure for both Wrong Form of Notice claims, as is the case here, and Incomplete Notice claims. 15 U.S.C. §1635(i)(1)(b).[3] In accordance with these provisions, the rescission remedy Mr. DeBold raised here was a response to Ameriquest's pursuit of foreclosure remedies. As noted by this Court, "borrowers may take steps to prevent foreclosure they otherwise not," if they knew they had the rescission remedy as a defense. Order, p. 9. That is exactly what Mr. DeBold did here.

Clearly, there is no basis for Ameriquest to foreclose on an invalid or void security interest. Since Mr. DeBold has a reasonable likelihood of success on an action in which the Court would determine that his mortgage is void, enforcing the parties' agreement to stay his foreclosure makes particularly good sense.

---

[2] The Truth in Lending Act Amendments of 1995, Pub. L. No. 014-29 (Sept. 30, 1995).

[3] The relevant portion of §1635(i) is as follows:

> (i) (1) Notwithstanding the provisions of section thirty-five, and subject to the time period provided in subsection (f), in addition to any other right of rescission available under this section for a transaction, *after the initiation of any judicial or nonjudicial foreclosure process on the primary dwelling of an obligor securing an extension of credit*, the obligor shall have a right to rescind the transaction equivalent to other rescission rights provided by this section, if:
>     \* \* \*
> (b) the form of notice of rescission for the transaction is not the appropriate form of written notice published and adopted by the commissioner or a comparable written notice, and otherwise complied with all the requirements of this section regarding notice.

15 U.S. §1635(i) (emphasis added).

## CONCLUSION

In light of the foregoing, the Court should enforce the parties' agreement not to foreclose on Mr. DeBold's mortgage and order Ameriquest to cancel tomorrow's foreclosure sale.

Respectfully submitted,
Plaintiffs

Dated: July 24, 2007

| */s/ Kelly M. Dermody* | */s/ Gary Klein* |
|---|---|
| Kelly M. Dermody | Gary Klein |
| Kelly M. Dermody (CA Bar No. 171716) | Gary Klein |
| Caryn Becker (CA Bar No. 196947) | Elizabeth Ryan |
| LIEFF, CABRASER, HEIMANN | Shennan Kavanagh |
| & BERNSTEIN, LLP | RODDY KLEIN & RYAN |
| 275 Battery Street, 30th Floor | 727 Atlantic Avenue |
| San Francisco, CA 94111-3339 | Boston, MA 02111-2810 |
| Telephone: (415) 956-1000 | Telephone: (617) 357-5500 ext. 15 |
| Facsimile: (415) 956-1008 | Facsimile: (617) 357-5030 |

*/s/ Jill Bowman*

Jill Bowman
Jill Bowman
JAMES, HOYER, NEWCOMBER
 & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

*/s/ Marvin A. Miller*

Marvin A. Miller
Marvin A. Miller
MILLER LAW LLC
101 North Wacker Drive, Ste. 2010
Chicago, IL 60606
Telephone: (312) 525-8316
Facsimile: (312) 525-8231

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

I, Shennan Kavanagh, hereby certify that on this 24th day of July, the foregoing document was filed electronically. Notice of filing was sent to all Filing Users by the Court's ECF system. Filing users may access this document electronically through the Court's ECF system.

/s/ Shennan Kavanagh
Shennan Kavanagh
