## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Ernest Burgess, Peggy G. Burgess and Sarah Chaumley v. Ameriquest Mortgage Company, et al.*; Case No. 06 C 6748 | |

## DEFENDANT WM SPECIALTY MORTGAGE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE LLC ("Defendant"), by and through its attorneys, answers Plaintiffs ERNEST BURGESS, PEGGY G. BURGESS and SARAH CHAUMLEY ("Plaintiffs") Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.       Plaintiffs Ernest P. Burgess, Peggy G. Burgess and Sarah Chaumley bring this action against a "subprime" mortgage lender and its affiliates to rescind their residential mortgages and collect damages for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and state law.

**ANSWER:**       **The allegations of Paragraph 1 appear to be directed at defendants other than WM Specialty Mortgage LLC and to that extent no answer is required. If any answer is required, Defendant admits that Plaintiffs have filed a lawsuit against it.   Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime."**

- 1 -

Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226, or any state law.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental) and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not contest subject matter jurisdiction or venue. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.    Plaintiffs Ernest and Peggy Burgess own and reside in a single family home at 22660 Candace Drive, Rockwood, Michigan, 48173.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.    Plaintiff Sarah Chaumley owns and resides in a single family home at 19461 Goldwin Street, Southfield, MI 48075.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.    Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

- 2 -

BN 1298720v1

6.      Defendant Ameriquest Mortgage Company is engaged in the business of
originating "subprime" mortgages.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.      Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and
Regulation Z.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.      During 1999-2003, Ameriquest was the third largest subprime lender by volume,
with $61.8 billion in total originations during the period.  Ameriquest is the largest "direct to
consumer" subprime mortgage originator in the United States.  During the first half of 2004,
Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in
2003.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.      Defendant AMC Mortgage Services, Inc., is a foreign corporation which does
business in Michigan.  Its registered agent and office are National Registered Agents, Inc., 712
Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

- 3 -

11.     Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12.     Defendant WM Specialty Mortgage LLC, is a foreign corporation which transacts business in Michigan. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs Ernest and Peggy Burgess's.  Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:     Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real property located within the state of Michigan.  Defendant admits that it holds title some loans originated by Ameriquest Mortgage Company.  Defendant does not dispute service.**

13.     Defendant Countrywide Home Loans, Inc. is a New York corporation with its principal place of business in California.  It does business in Illinois.  Its registered agent and office are Prentice Hall Corporation, 33 N. LaSalle St., Chicago, IL 60602.  It is engaged in the business of servicing sub prime mortgage loans and claims an interest in such loans.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     Defendant Wells Fargo Bank Minnesota, N.A. is a federally chartered bank located at 407 Pine St., Monticello, MN 55362.  On information and belief it holds legal title to plaintiff Sarah Chaumley's loan, as trustee.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

- 4 -

15.     Defendant Park Place Securities, Inc., is a foreign corporation which transacts business in Michigan.  It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including Sarah Chaumley's.  Its registered agent is National Registered Agents, Inc, located at 2030 Main Street, Suite 1030, Irvine, CA 92614.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.     Defendant Real Estate Experts and Appraisers, Inc., is a domestic corporation which does business in Michigan.  Its registered agent is Fanny Clay and its registered office address is 17589 James Couzens, Detroit, MI 48235.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS ERNEST AND PEGGY BURGESS

17.     Prior to January 9, 2004, the Burgesses applied for a loan with Ameriquest by speaking to an Ameriquest agent, Duane Gibson, on the telephone.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18.     The Burgesses needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.     On January 9, 2004, Ameriquest's agent, Duane Gibson, arranged for Real Estate Experts and Appraisers, Inc., to conduct an appraisal of plaintiffs' residence and property in connection with the loan.  Nicole Davis, an agent for Real Estate Experts and Appraisers, Inc., conducted the appraisal under the supervision of Fanny Clay.  Exhibit I.

- 5 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.     In the appraisal conducted by defendant Real Estate Experts and Appraisers, Inc., plaintiffs' property was valued at $227,000. The appraisal reported that the Burgesses' home has 2219 square feet of living area. Exhibit I.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.     The loan was closed on January 9, 2004 at the Burgesses' home. Mr. Gibson was not present at the closing to answer questions. Instead, a notary named Linda Kachinski brought the closing paperwork and told the Burgesses where to sign.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.     Mr. Gibson and/or Ameriquest wrote on the typed, pre-printed loan application he or it prepared (Exhibit W) that plaintiff Ernest Burgess had been employed by Mechanical Woman for five years, and that his monthly income was $6,092. In actuality, Mr. Burgess had only been an employee of Mechanical Woman for two years, and his monthly income was only approximately $4,800. Plaintiffs gave Mr. Gibson accurate information when they spoke to him, including supporting documentation.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     The loan application was one of over a hundred pages and scores of documents presented to plaintiffs at closing. Plaintiffs could not have reviewed each line for accuracy at that time. Plaintiffs were unaware of the misinformation on their loan application until obtaining current counsel.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     Furthermore, the principal amount of the loan was $176,000 or 77.5% loan-to-value ("LTV"), based on the value reported by Real Estate Experts and Appraisers, Inc. Exhibit H and Exhibit I.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     In March or April 2005, a little over a year after the closing of the Ameriquest loan, Duane Gibson called the Burgesses again.  He explained that he had resigned from Ameriquest and was now working for Home Loan USA.  He invited the Burgesses to refinance with Home Loan USA.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     At Mr. Gibson's invitation, the Burgesses applied for refinancing through Home Loan USA.  In connection with the Burgesses' application to Home Loan USA, Duane Gibson arranged for another appraisal of the Burgesses' property.  This appraisal valued the Burgesses' property at only $155,000, a whopping $72,000 less than the Real Estate Experts and Appraisers, Inc., appraisal.  Exhibit I.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     Home Loan USA denied the Burgesses' application because of an unacceptable loan-to-value ("LTV") ratio of 135.5%, or $176,0001/$155,000.  Exhibit J.  Their application was denied because their property had been over-appraised by Real Estate Experts and Appraisers, Inc., in connection with the Ameriquest loan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.

28.     Through their agents, defendant Ameriquest and defendant Real Estate Experts and Appraisers, Inc., conspired to inflate the value of the Burgesses' property by $72,000, in order to increase the loan amount for which the Burgesses qualified.  Ameriquest also inflated the Burgesses' income for this same purpose.  Defendants did this in order to increase their own fees, interest and profits.  This practice violates the Consumer Mortgage Protection Act, M.C.L.S. §445.1634(3) which provides:

> A person, appraiser, or real estate agent shall not make, directly or indirectly, any false, deceptive, or misleading statement or representation in connection with a mortgage loan including, but not limited to, the borrower's ability to qualify for a mortgage loan or the value of the dwelling that will secure repayment of the mortgage loan.

**ANSWER:** Because Paragraph 28 states legal conclusions, no answer is required. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 28 and on that basis denies such allegations.

29.     The following are documents relating to the loan:

a.      A note, Exhibit A;

b.      A mortgage, Exhibit B;

c.      A settlement statement, Exhibit C;

d.      A Truth in Lending statement, Exhibit D;

e.      A summary of debts and disbursements, Exhibit E;

f.      The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit F.  Only one copy was given to the Burgesses, rather than the four required;

g.      A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit G;

h.      A borrower's acknowledgment of final loan terms, Exhibit H; and

    i.      An appraisal dated January 9, 2004, conducted by Real Estate Experts and Appraisers, Inc., <u>Exhibit I</u>.

**ANSWER:**    **The documents speak for themselves, therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

30.      Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.      On information and belief, WM Specialty Mortgage LLC owns plaintiffs' loan.

**ANSWER:**    **Defendant admits that it owns Plaintiffs' loan. Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

32.      In the event WM Specialty Mortgage LLC does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF SARAH CHAUMLEY

33.      Ms. Chaumley is sixty-four years old and has been disabled for eight years.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34.      Ms. Chaumley lives on a fixed income of $2,638 per month from Social Security disability and a General Motors disability pension.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

BN 1298720v1

35.     Prior to April 29, 2004, Ameriquest "cold" called Ms. Chaumley and invited her

to refinance her home with Ameriquest.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 35 and on that basis denies such
allegations.**

36.     Prior to April 29, 2004, Ms. Chaumley applied for a loan with Ameriquest by

speaking with an Ameriquest agent on the telephone.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 36 and on that basis denies such
allegations.**

37.     Ameriquest then falsified Ms. Chaumley's application by inflating her monthly

income from $2,638 to $2,999.76 and by reporting that Ms. Chaumley has only been living on

her pension for two years, rather than eight years.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 37 and on that basis denies such
allegations.**

38.     During the over-the-phone application process, Ameriquest's agent did not

request, and Ms. Chaumley did not provide, the value of Ms. Chaumley's property.  Ameriquest

falsified Ms. Chaumley's application by reporting that her property was worth $165,000, even

though no appraisal had been conducted prior to the closing of the loan.  Exhibit T.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 38 and on that basis denies such
allegations.**

39.     At the closing, Ameriquest charged Ms. Chaumley $350 for an appraisal that had

not been conducted.  Exhibit O.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 39 and on that basis denies such
allegations.**

40.     Ms. Chaumley needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41.     The loan was closed on April 29, 2004, The principal amount of the loan was $155,700 or 94.4% loan-to-value ("LTV"), based on the value reported by Ameriquest on the application. Exhibit M and Exhibit T.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42.     On May 11, 2004, twelve days after the closing of the loan, Ameriquest arranged for Real Estate Experts and Appraisers, Inc., to conduct an appraisal of Ms. Chaumley's property, in order to conceal the fact that Ameriquest had falsified the value of the home on the loan application.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43.     Nicole Davis, an agent for Real Estate Experts and Appraisers, Inc., conducted the appraisal under the supervision of Fanny Clay. Exhibit U.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

44.     In the appraisal conducted by defendant Real Estate Experts and Appraisers, Inc., Ms. Chaumley's property was valued at $160,000, resulting in a 97.3% LTV. Exhibit M and Exhibit U.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45.     In March and April 2006, Ms. Chaumley attempted to refinance three times.  She was denied for refinancing by National Lending Company, Countrywide Home Loans and Full Spectrum.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46.     Countrywide denied Ms. Chaumley's application, stating: "The reason(s) for our decision are: COLLATERAL: INSUFFICIENT PROPERTY VALUE." Exhibit V.  Ms. Chaumley's application was denied because Ameriquest had falsified the value of the property on the loan application in order to qualify Ms. Chaumley for a larger loan and increase Ameriquest's profits.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47.     The Full Spectrum agent, Mr. Briant Manor, informed Ms. Chaumley that her application was rejected because her home had been over-appraised in connection with the Ameriquest loan.  Mr. Manor's appraisal valued the home at only $154,000.00, resulting in a 98.9% LTV.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48.     Ameriquest's agent falsified the value of Ms. Chaumley's property, in order to increase the loan amount for which the Ms. Chaumley qualified.  This increased the broker's commission and the lender's points and fees, interest and profits.  Ameriquest then conspired with Real Estate Experts and Appraisers, Inc., to produce a fraudulent inflated appraisal twelve days after the closing in order to conceal the fact that Ameriquest had falsified the loan application.  These practices violate the Consumer Mortgage Protection Act, M.C.L.S. §445.1634(3) which provides:

- 12 -

> **A person, appraiser, or real estate agent shall not make, directly or indirectly, any false, deceptive, or misleading statement or representation in connection with a mortgage loan including, but not limited to, the borrower's ability to qualify for a mortgage loan or the value of the dwelling that will secure repayment of the mortgage loan.**

**ANSWER:** **Because Paragraph 48 states legal conclusions, no answer is required. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 48 and on that basis denies such allegations.**

49.     The following are documents relating to the loan:

a.      A note, Exhibit M;

b.      A mortgage, Exhibit N;

c.      A settlement statement, Exhibit O;

d.      A Truth in Lending statement, Exhibit P;

e.      A summary of debts and disbursements, Exhibit Q;

f.      The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit R. All three copies furnished to plaintiff were incomplete; and

g.      A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit S.

**ANSWER:** **The documents speak for themselves, therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

50.     Ms. Chaumley was later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

- 13 -

51.     On information and belief, Wells Fargo Bank Minnesota, N.A. holds legal title to plaintiffs' loan, as Trustee. Park Place Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2004-MCW1 Under the Pooling and Servicing Agreement Dated as of 9/1/2004, Without Recourse.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

52.     In the event that Park Place Securities, Inc., does not own plaintiffs loan or Wells Fargo Bank Minnesota, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 52 and on that basis denies such allegations.**

<u>COUNT I-TRUTH IN LENDING ACT</u>
<u>RIGHT TO RESCIND</u>

53.     Plaintiffs Ernest Burgess and Peggy Burgess incorporate paragraphs 1-32. Plaintiff Sarah Chaumley incorporates paragraphs 1-14 and 33-52. This claim is against all defendants except Real Estate Experts and Appraisers, Inc.

**ANSWER:     Defendant restates is answers in response to paragraphs 1-32 and 33-52 in response to this paragraph.**

54.     Because each transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, each was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

   (a)     **<u>Consumer's right to rescind.</u>**

   **(1)     In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of**

this section[fn]47

(2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4)    When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)    <u>Notice of right to rescind</u>.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)    The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)    The consumer's right to rescind the transaction.

(3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)    The effects of rescission, as described in paragraph (d) of this section.

(5)    The date the rescission period expires....

(f)    <u>Exempt transactions</u>.  The right to rescind does not apply to the following:

(1)    A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is

created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling").

(2) A credit plan in which a state agency is a creditor.

**ANSWER:** Because Paragraph 54 states legal conclusions, no answer is required. To the extent any answer is required, Defendant denies any wrongdoing and denies any liability to plaintiffs.

## GROUNDS FOR RESCISSION

55. In connection with the loans, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 55 and on that basis denies such allegations.

56. Only one notice of the Burgesses' right to cancel was delivered, rather than the four required.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 56 and on that basis denies such allegations.

57. All three copies of the notice of right to cancel provided to Ms. Chaumley were incomplete.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 57 and on that basis denies such allegations.

58. Further, the delivery of two different notices of right to cancel to plaintiffs is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay

- 16 -

past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:** **Because Paragraph 58 states conclusions of law, no answer is required. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 58 and on that basis denies such allegations.**

59.     Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 59 and on that basis denies such allegations.**

60.     Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 60 and on that basis denies such allegations.**

61.     Exhibits F and S are inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

62.     Further, the top of Exhibits F has only Ernest Burgess's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for

BN 1298720v1

both Ernest Burgess and Peggy Burgess at the bottom of the form, they are there described as

"Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63.  The statute gives not only each person obligated to repay the loan but each person

who resides in and has an ownership interest in the property the right to cancel, and requires a

notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

64.  Notice of rescission has been given to defendants by all plaintiffs.  Copies are

attached as Exhibits K and L.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 64 and on that basis denies such allegations.**

65.  Neither loan has been rescinded.

**ANSWER:** **Defendant admits that plaintiffs' loans have not be rescinded.  Defendant denies that plaintiffs may rescind their mortgages.**

66.  Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any

assignee.

**ANSWER:** **Because Paragraph 66 states conclusions of law, no answer is required.**

67.  Due to the inflated appraisal, Ms. Chaumley and the Burgesses have incurred

special damages that require a special remedy.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 67 and on that basis denies such allegations.**

68.     15 U.S.C. §1635(8) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of Ms. Chaumley and the Burgesses and against defendants for:

a.      A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.      Statutory damages for the underlying disclosure violation;

c.      If appropriate, statutory damages for failure to rescind;

d.      Attorney's fees, litigation expenses and costs; and

e.      Such other or further relief as the Court deems appropriate.

**ANSWER:     Because Paragraph 68 states conclusions of law, no answer is required.**

## COUNT II - EQUAL CREDIT OPPORTUNITY ACT

69.     Plaintiff Peggy Burgess incorporates paragraphs 1-32. This claim is against Ameriquest.

**ANSWER:     Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant restates its answers to paragraphs 1-32 in response to this paragraph.**

70.     On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a man and a woman own the property and only the man signs the note.

**ANSWER:     Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 70 and on that basis denies such allegations.**

- 19 -

71.     On information and belief, it is defendant's practice, if the woman does not have an income and/or her credit score is no better than the man's, to prepare the loan documents in this manner.

**ANSWER:     Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 71 and on that basis denies such allegations.**

72.     Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:     Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 72 and on that basis denies such allegations.**

WHEREFORE, plaintiff Peggy G. Burgess requests that the Court enter judgment in favor of the Burgesses and against defendants for:

    a.     Appropriate statutory and punitive damages;

    b.     Attorney's fees, litigation expenses and costs; and

    c.     Such other or further relief as the Court deems appropriate.

**ANSWER:     No answer is required.**

**COUNT III - MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT**

73.     Plaintiffs incorporate paragraphs 1-52. This claim is against Ameriquest and Real Estate Experts and Appraisers, Inc.

**ANSWER:     Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant restates is answers to paragraphs 1-52 in answer to this paragraph.**

74.     Defendants engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by:

      a.      Conspiring to produce a fraudulent, inflated appraisal of the Burgesses' property;

      b.      Inflating the Burgesses' income on their loan application;

      c.      Misrepresenting the Burgesses' ability to qualify for the mortgage loan;

      d.      Fraudulently reporting an inflated value of Ms. Chaumley's property on the loan application, when no appraisal had been conducted;

      e.      Charging Ms. Chaumley a $350 fee for an appraisal that had not been conducted, and representing to Ms. Chaumley that an appraisal had been conducted prior to the closing;

      f.      Misrepresenting Ms. Chaumley's ability to qualify for the mortgage loan; and

      g.      Conspiring with Real Estate Experts and Appraisers, Inc., to produce a fraudulent, inflated appraisal twelve days after the closing of the loan, in order to conceal the fact that Ameriquest had falsified the value of the property on the loan application.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 74 and on that basis denies such allegations.**

75.     Plaintiffs Ernest and Peggy Burgess were induced to close a $176,000 loan with Ameriquest by means of these misrepresentations.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 75 and on that basis denies such allegations.**

76.     Plaintiff Sarah Chaumley was induced to close a $155,700 loan with Ameriquest by means of these misrepresentations.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant**

is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 76 and on that basis denies such allegations.

77.     Defendants made the representation in the course of trade and commerce.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 77 and on that basis denies such allegations.**

78.     Defendants made the representation for the purpose of inducing reliance, in the form of the Burgesses securing a $176,000 loan for which they did not qualify and Ms. Chaumley securing a $155,700 loan for which she did not qualify, in order to increase defendants' profits.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 78 and on that basis denies such allegations.**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendants for:

a.     A declaratory judgment, MCL §445.1681(1)(a);

b.     Injunctive relief, MCL §445.1681(1)(b);

c.     Appropriate damages, MCL §445.1681(1)(c)

d.     Attorney's fees, litigation expenses and costs of suit; and

e.     Such other and further relief as the Court deems proper.

**ANSWER:**     **No answer is required.**

## COUNT IV - DAMAGES RESULTING FROM CIVIL CONSPIRACY

79.     Plaintiffs incorporate paragraphs 1-52. This claim is against Ameriquest and Real Estate Experts and Appraisers, Inc.

- 22 -

**ANSWER:**     Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant restates its answers to paragraphs 1-52 in response to this paragraph.

80.     Ameriquest combined with Real Estate Experts and Appraisers, Inc., to arrange for and produce a fraudulent, appraised value for plaintiffs' properties.

**ANSWER:**     Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 80 and on that basis denies such allegations.

81.     Defendants took concerted and overt actions to accomplish this fraudulent purpose.

**ANSWER:**     Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 81 and on that basis denies such allegations.

82.     Among other things, defendants conspired - out of excessive concern for their own profits - to misrepresent, conceal and suppress the actual market value of plaintiffs' property.

**ANSWER:**     Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 82 and on that basis denies such allegations.

83.     Plaintiffs were damaged as a result of defendants' conspiracy. The inflated appraisals have prevented them from refinancing with more reputable companies, effectively trapping them in the current mortgages.

**ANSWER:**     Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 83 and on that basis denies such allegations.

BN 1298720v1

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

      a.       Actual damages;

      b.       Incidental, consequential and special damages;

      c.       Costs of litigation and expenses; and

      d.       Such other or further relief as this Court deems appropriate.

**ANSWER**:   **No answer is required**.

## COUNT V - COMMON LAW FRAUD

84.     Plaintiffs incorporate paragraphs 1-52. This claim is against all defendants.

**ANSWER:**   **Defendant restates its answers to paragraphs 1-52 in response to this paragraph.**

85.     On January 9, 2004, Ameriquest represented that Mr. Burgess and Ms. Burgess qualified for a $176,000 loan and that their property had been valued at $227,000, and internally represented that Mr. Burgess's monthly income was $6,092.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 85 and on that basis denies such allegations.**

86.     Ameriquest's representations were false. The value of the Burgesses' property and their income was material to the terms of the transaction with Ameriquest in that it enabled them to borrow an amount for which they otherwise would not have qualified.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 86 and on that basis denies such allegations.**

87.     On April 29, 2004, Ameriquest represented that Ms. Chaumley qualified for a $155,700 loan and that her property had been appraised and was valued at $165,000.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 87 and on that basis denies such allegations.

88.     Ameriquest's representation was false.  The value of Ms. Chaumley's property was material to the terms of the transaction with Ameriquest in that it enabled Ms. Chaumley to borrow an amount for which she otherwise would not have qualified.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 88 and on that basis denies such allegations.

89.     When Ameriquest's agent made the representations, he knew the representation was false, or made the representation recklessly, without any knowledge of its truth and as a positive assertion.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 89 and on that basis denies such allegations.

90.     Ameriquest's agent made the representations with the intention that it should be acted upon by plaintiffs.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 90 and on that basis denies such allegations.

91.     In reliance on Ameriquest's misrepresentation, Sarah Chaumley closed a $155,700 loan with Ameriquest and the Burgesses closed a $176,000 loan with Ameriquest.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 91 and on that basis denies such allegations.

92.     As a result of Ameriquest's falsification of plaintiffs' applications, plaintiffs have been injured in that they cannot refinance with another company.  Ameriquest has effectively trapped plaintiffs in mortgages with an unacceptably high LTV.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 92 and on that basis denies such allegations.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a. Actual and compensatory damages;

b. Punitive damages; and

c. Such other relief as the Court deems appropriate.

**ANSWER:** **No answer is required.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

- 26 -

other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.    Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.    As to each cause of action, Defendant is entitled to an offset.

12.    Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.    Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.    Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15.    Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.    Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant WM Specialty Mortgage LLC prays this court to:

1.      Dismiss plaintiffs' Amended Complaint;

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.


Respectfully submitted,

DATED:  July 25, 2007

By:  /s/ Bernard E. LeSage
*Attorneys for WM Specialty Mortgage LLC*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 25th day of July, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

BN 1298720v1