IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Howze, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 07 C 1624 | |

## DEFENDANT HOMEQ SERVICING CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant Barclays Capital Real Estate Inc. d/b/a HomEq Servicing as successor to HomEq Servicing Corp. with respect to this action ("Defendant" or "HomEq"), by and through its attorneys, answers Plaintiffs TREGG E. HOWZE and WANDA L. HOWZE ("Plaintiffs") Second Amended Complaint as follows.

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs Tregg E. Howze and Wanda L. Howze bring this action against a "subprime" mortgage lender and its affiliate and successor to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and to recover damages under state law.

**ANSWER:** Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226, or any state law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not contest subject matter jurisdiction or venue. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3. Plaintiffs Tregg E. Howze and Wanda L. Howze own and reside in a home at 14903 Bringard Drive, Detroit, MI 48205.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4. Defendant Argent Mortgage Company, LLC ("Argent") is a foreign corporation which maintains offices in and does business in Michigan. Argent is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5. Defendant Argent is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6. Defendant Argent makes more than 26 loans per year.

- 2 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7. Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8. Defendant HomEq Servicing Corporation ("HomEq") is a New Jersey corporation which does business in Michigan. Its registered agent is SCS-Lawyers Incorporating Service, 601 Abbott Road, East Lansing, MI 48823. It services plaintiffs' loan. It claims an interest in such loan, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **The allegations in Paragraph 8 are admitted and denied. As a result of a merger closed November 1, 2006, the corporation known as HomEq Servicing Corporation ceased to exist as a corporate entity. Barclays Capital Real Estate Inc., d/b/a/ HomEq Servicing which is successor by merger to HomEq Servicing Corp. with respect to this action, is a Delaware limited liability company. HomEq admits the allegations in Paragraph 8 with regard to its registered agent and admits that it services Plaintiffs' loan. HomEq denies that it owns Plaintiffs' loan and denies any remaining allegations in Paragraph 8.**

9. Defendant Wells Fargo Bank Minnesota, N.A., is a federally chartered national bank that does business in Michigan. It is in the business of, among other things, buying and holding ownership rights to loans originated by defendant Argent. It may be found at 135 S. LaSalle St., Chicago, IL 60603. On information and belief it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. Defendant Park Place Securities, Inc., is a Delaware corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Argent Mortgage

Company, including plaintiffs.' Its registered agent is National Registered Agents, Inc., located at 2030 Main St., Suite 1030, Irvine, CA 92614.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF

11. Prior to January 21, 2005, plaintiffs applied for a mortgage with Argent. The application was processed by the Rolling Meadows, Illinois office of Argent.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13. The loan was closed on January 21, 2005. Plaintiffs asked for a copy of their loan documents and was assured that their loan documents would be mailed to them.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14. Plaintiffs called for a few weeks later requesting to see their loan documents but still never received them. It was not until August 9, 2006, after a third request plaintiffs were sent some of their loan documents.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15. The following are documents relating to the loan. None were delivered to plaintiffs at the closing.

      a. A note, Exhibit A;

      b. A mortgage, Exhibit B;

      c. A settlement statement, Exhibit C.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Argent Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

16. Truth in Lending statement or three-day notice of right to cancel required by the Federal Reserve Board was provided.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17. Plaintiffs were later directed to make payments to affiliates of Argent-Ameriquest and AMC Mortgage Services, Inc., and more recently to HomEq Servicing Corporation.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18. On information and belief, Wells Fargo Bank, N.A., holds legal title to plaintiffs' loan, as trustee. Park Place Securities, Inc., is the beneficial owner of plaintiffs' loan under Floating Rate Mortgage Pass Through Certificates, Series 2005-WHQ2 Under Pooling and Servicing Agreement Dates as of April 1, 2005, Without Recourse.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19. In the event Park Place Securities, Inc., does not own plaintiffs' loan or Wells Fargo Bank Minnesota, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

## COUNT I- TRUTH IN LENDING ACT

20. Plaintiffs incorporate paragraphs 1-19.

**ANSWER:** **Defendant restates its responses to paragraphs 1-19 in response to this paragraph.**

21. This claim is against all defendants.

**ANSWER:** **No answer is required.**

## RIGHT TO RESCIND

22. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) **Consumer's right to rescind.**
>
> (1) **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> (2) **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

>    (3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,]fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(1)]
>
>    (4)    When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
>    (b)    <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>       (1)    The retention or acquisition of a security interest in the consumer's principal dwelling.
>
>       (2)    The consumer's right to rescind the transaction.
>
>       (3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
>       (4)    The effects of rescission, as described in paragraph (d) of this section.
>
>       (5) The date the rescission period expires....
>
>    (f)    <u>Exempt transactions</u>. The right to rescind does not apply to the following:
>
>       (1)    A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
>       (2)    A credit plan in which a state agency is a creditor.

BN 1309556v1

**ANSWER:** **Because Paragraph 22 states legal conclusions, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## GROUNDS FOR RESCISSION

23. In connection with the loan, Argent failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24. Notice of rescission has not been given to defendants (Exhibit D).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25. The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

26. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 26 states legal conclusions, no answer is required.**

27. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

- 8 -

    a.    A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

    b.    Statutory damages for the underlying disclosure violation;

    c.    If appropriate, statutory damages for failure to rescind;

    d.    Attorney's fees, litigation expenses and costs; and

    e.    Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 27 states legal conclusions, no answer is required.**

## COUNT II - MORTGAGE BROKERS LENDERS AND SERVICERS LICENSING ACT

28.    Plaintiffs incorporate paragraphs 1-19. This claim is against Argent.

**ANSWER:** **Because Count II is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant restates its answers to paragraph 1-19 in response to this paragraph.**

29.    Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by charging a notary fee of $300, Exhibit C, line 1106. This violates MCL §55.285, which provides:

> **The fee charged by a notary public for performing a notarial act shall not be more than $10.00 for any individual transaction or notarial act. A notary public shall either conspicuously display a sign or expressly advise a person concerning the fee amount to be charged for a notarial act before the notary public performs the act. Before the notary public commences to travel in order to perform a notarial act, the notary public and client may agree concerning a separate travel fee to be charged by the notary public for traveling to perform then notarial act.**

**ANSWER:** **Because Count II is directed at defendants other than HomEq and Paragraph 29 states legal conclusions, no answer is required.**

30.    Argent engaged in deceit by charging plaintiffs an excessive notary fee.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against Ameriquest for:

- 9 -

BN 1309556v1

      a.     A declaratory judgment, MCL §445.1681(1)(a);

      b.     Injunctive relief, MCL §445.1681(1)(b);

      c.     Appropriate damages, MCL §445.1681(1)(c);

      d.     Attorney's fees, litigation expenses and costs of suit; and

      e.     Such other and further relief as the Court deems proper.

**ANSWER:** Because Count II is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

BN 1309556v1

other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant Barclays Capital Real Estate Inc. d/b/a HomEq Servicing as successor to HomEq Servicing Corp. with respect to this action, prays this court to:

1. Dismiss Plaintiffs' Second Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: July 25, 2007

By: /s/ Bernard E. LeSage
*Attorneys for HomEq Servicing Corporation*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 25th day of July, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Connie Madrigal