UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN McCALL & PRISCILLA McCALL, YVONNE SOURRAGH & ROAN SOURRAGH, JAY FORGÉT & DAWN FORGÉT, SHERRIE L. PASSARO, ROBERT PATCHIN & NIDA PATCHIN, GARY PICARDI, NADINE ROBINSON<br>  Plaintiffs, | ) ) ) ) ) ) ) ) | CASE NO:<br><br><br>COMPLAINT |
| v. | ) ) | JURY TRIAL DEMANDED |
| AMERIQUEST MORTGAGE COMPANY, ARGENT MORTGAGE COMPANY, LLC; and COUNTRYWIDE HOME LOANS, INC.<br>  Defendants. | ) ) ) ) | <br><br>MARCH 6, 2006 |

## **INTRODUCTION**

1. This is a suit brought by eleven individual consumers residing in Connecticut who entered into mortgage loans with Argent Mortgage Company or Ameriquest Mortgage Company. One of these loans was subsequently assigned to Countrywide Home Loans, Inc. The plaintiffs claim that Ameriquest and Argent violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, (collectively "the Acts") in each of their transactions by failing to provide them with notice of their right to rescind the mortgage as required by the Acts and Regulation Z (12 C.F.R. Part 226).

2. The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with Argent Mortgage Company or Ameriquest Mortgage Company.

3. All plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

4. All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the defendants' misconduct.

5. Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

6. Argent Mortgage Company, LLC is a foreign corporation with a primary place of business in Irvine, California.

7. Countrywide Home Loans, Inc. is a foreign corporation with a primary place of business in Calabasas, California.

## JURISDICTION

8. Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e), 28 U.S.C. §§ 1331-32.

9. This court has jurisdiction over the defendants because they regularly conduct business in this state.

10. Venue in this court is proper, as the plaintiffs are all residents of Connecticut and the action concerns real property located in this state.

## COUNT ONE
## (<u>JOHN McCALL & PRISCILLA McCALL v. ARGENT</u>)

11. On or about November 24, 2003 John & Priscilla McCall entered into a loan agreement with the defendant, Argent Mortgage Company, LLC, and provided a mortgage on their residence to secure the indebtedness.

12. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

13. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

14. In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

15. The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

16. The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Argent Mortgage Company, LLC by certified mail dated January 4, 2006, which notice was received by that Defendant.

17. More than twenty calendar days have passed since Defendant received the notice of rescission.

18. The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

19. The defendant has failed to return to the plaintiffs any money or property given to anyone, including the defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

20. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiffs' property created under the transaction;

   c. Return of any money or property given by the plaintiffs to anyone, including the defendant, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney fee.

## COUNT TWO
## (<u>YVONNE SOURRAGH & ROAN SOURRAGH v. ARGENT & COUNTRYWIDE</u>)

21. On or about March 25, 2004 Yvonne Sourragh & Roan Sourragh entered into a loan agreement with the defendant, Argent Mortgage Company, LLC, and provided a mortgage on their residence to secure the indebtedness.

22. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

23. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

24. In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

25. The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

26. The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Argent Mortgage Company, LLC by certified mail dated September 7, 2005 which notice was received by that Defendant.

27. This mortgage loan has been assigned to Defendant Countrywide Home Loans, Inc. ("Countrywide").

28. The plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Countrywide by certified mail dated September 7, 2005 which notice was received by that Defendant.

29. More than twenty calendar days have passed since Defendants received the notice of rescission.

30. The defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

31. The defendants have failed to return to the plaintiffs any money or property given to anyone, including the defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

32. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiffs' property created under the transaction;

   c. Return of any money or property given by the plaintiffs to anyone, including the defendants, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiffs' rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney fee.

## COUNT THREE
## (<u>JAY FORGÉT & DAWN FORGÉT v. ARGENT</u>)

33. On or about April 23, 2003 Jay & Dawn Forgét entered into a loan agreement with the defendant, Argent Mortgage Company, LLC, and provided a mortgage on their residence to secure the indebtedness.

34. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

35. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

36. In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

37. The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

38. The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Argent Mortgage Company, LLC by certified mail dated November 17, 2005, which notice was received by that Defendant.

39. More than twenty calendar days have passed since Defendant received the notice of rescission.

40. The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

41. The defendant has failed to return to the plaintiffs any money or property given to anyone, including the defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

42. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

 a. Rescission of this transaction;

 b. Termination of any security interest in Plaintiffs' property created under the transaction;

 c. Return of any money or property given by the plaintiffs to anyone, including the defendant, in connection with this transaction;

 d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

 e. Forfeiture of loan proceeds;

 f. Actual damages in an amount to be determined at trial; and

 g. A reasonable attorney fee.

## COUNT FOUR
## (SHERRIE L. PASSARO v. ARGENT)

43. On or about October 22, 2003 Sherrie Passaro entered into a loan agreement with the defendant, Argent Mortgage Company, LLC, and provided a mortgage on her residence to secure the indebtedness.

44. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

45. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

46. In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

47. The plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

48. The plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant Argent Mortgage Company, LLC by certified mail dated January 26, 2006 which notice was received by that Defendant.

49. More than twenty calendar days have passed since Defendant received the notice of rescission.

50. The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

51. The defendant has failed to return to the plaintiff any money or property given to anyone, including the defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

52. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiff's property created under the transaction;

   c. Return of any money or property given by the plaintiff to anyone, including the defendant, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney fee.

## COUNT FIVE
## (<u>ROBERT PATCHIN & NIDA PATCHIN v. AMERIQUEST</u>)

53. On or about December 16, 2003 Robert Patchin & Nida Patchin entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

54. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

55. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

56. In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

57. The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

58. The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated October 17, 2005, which notice was received by that Defendant.

59. More than twenty calendar days have passed since Defendant received the notice of rescission.

60. The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

61. The defendant has failed to return to the plaintiffs any money or property given to anyone, including the defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

62. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiffs' property created under the transaction;

    c. Return of any money or property given by the plaintiffs to anyone, including the defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

## COUNT SIX
### (<u>GARY PICARDI v. AMERIQUEST</u>)

63. On or about August 16, 2004 Gary Picardi entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

64. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

65. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

66. In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

67. The plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

68. The plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated February 24, 2006, which notice was received by that defendant.

69. Defendant received the notice of rescission and by letter dated February 24, 2006, it declined to rescind the mortgage .

70. The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

71. The defendant has failed to return to the plaintiff any money or property given to anyone, including the defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

72. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the plaintiff to anyone, including the defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

## COUNT SEVEN
## (<u>NADINE ROBINSON v. ARGENT</u>)

73. On or about April 4, 2003 Nadine Robinson entered into a loan agreement with the defendant, Argent Mortgage Company, LLC, and provided a mortgage on her residence to secure the indebtedness.

74. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

75. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

76. In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

77. The plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

78. The plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant Argent Mortgage Company, LLC by certified mail dated February 16, 2006, which notice was received by that Defendant.

79. By letter dated March 3, 2006, the defendant declined to rescind the mortgage.

80. The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

81. The defendant has failed to return to the plaintiff any money or property given to anyone, including the defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

82. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiff's property created under the transaction;

   c. Return of any money or property given by the plaintiff to anyone, including the defendant, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney fee.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court:

    1.    Assume jurisdiction of this case;

    2.    Declare the security interest in the proper Plaintiffs' residences are void;

    3.    Enter an order that the proper mortgage transactions are rescinded;

    4.    Order Defendants to take all action necessary to terminate any security interest in the proper Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

    5.    Order the return to the proper Plaintiffs of any money or property given by them to anyone, including the defendants, in connection with the transactions;

    6.    Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the proper Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

    7.    Award the proper Plaintiffs actual statutory damages for Defendants' failure to respond properly to Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

    8.    Order that, because Defendants failed to tender in response to the proper Plaintiffs' notices of rescission, Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the plaintiffs' claims and order the defendants to accept tender on reasonable terms and over a reasonable period of time;

    9.    Award actual damages in an amount to be established at trial;

      10.     Award Plaintiffs costs and a reasonable attorney fee as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

      11.     Award such other and further relief as the Court deems just and proper.

                                      THE PLAINTIFFS,

                                      By: _____
                                      Daniel S. Blinn (ct02188)
                                      dblinn@consumerlawgroup.com
                                      Sarah Poriss (ct24372)
                                      sporiss@consumerlawgroup.com
                                      Consumer Law Group, LLC
                                      35 Cold Spring Road, Suite 512
                                      Rocky Hill, CT 06067
                                      Tel. (860) 571-0408 Fax. (860) 571-7457