# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOY MANGENE & GREGORY MANGENE, ) | |
|     Plaintiffs, ) | MDL No. 1715 |
| ) | Lead Case No. 1:05-cv-07097 |
| v. ) | |
| ) | Case No. 1:06-cv-04713 |
| AMERIQUEST MORTGAGE COMPANY & ) | Hon. Marvin E. Aspen |
| DEUTSCHE BANK NATIONAL TRUST ) | |
| COMPANY, AS TRUSTEE OF AMERIQUEST ) | |
| MORTGAGE SECURITIES, INC. ASSET ) | AMENDED COMPLAINT |
| BACKED PASS THROUGH CERTIFICATES, ) | |
| SERIES 2005-R4CGM, UNDER THE ) | Jury Trial Demanded |
| POOLING AND SERVICING AGREEMENT ) | |
| DATED AS OF MAY 1, 2005, WITHOUT ) | |
| RECOURSE, ) | July 27, 2007 |
|     Defendants. ) | |

## INTRODUCTION

1.    This is a suit brought by a husband and wife residing in Connecticut who mortgaged their home with Defendant Ameriquest Mortgage Company. The Plaintiffs claim that Ameriquest violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. (C.G.S.) § 36a-676 *et seq.*, (collectively "TILA") in the transaction by failing to properly notify them of their right to rescind the mortgage as required by TILA. The Plaintiffs also accuse the Ameriquest of violating the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. § 42-110a, *et seq.*, by failing to comply with the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2604, and C.G.S. § 36a-498a which regulates the assessment of prepaid finance charges in a first mortgage loan.

## PARTIES

2. Plaintiffs, Mr. & Ms. Mangene, are consumers and natural persons residing in New Britain, Connecticut.

3. Plaintiffs are ready, willing, and able to meet their tender obligations, if any, under the Acts.

4. Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loan specified below as a direct and proximate result of the Defendants' misconduct.

5. Defendant Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

6. Ameriquest is a Connecticut-licensed first mortgage lender.

7. Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in Santa Ana, California.

8. DBNT held legal title to the Plaintiffs' mortgage loan as an assignee in DBNT's capacity as trustee for Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R4CGM, Under the Pooling and Servicing Agreement Dated as of May 1, 2005, Without Recourse.

## JURISDICTION

9. Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331-32. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

10. This court has jurisdiction over the Defendants because they regularly conduct business in this state.

11. Venue in this Court is proper because this case has been transferred to this multidistrict litigation. Additionally the Plaintiffs are residents of Connecticut and this action concerns real property located in Connecticut, where this action originated before being transferred to this multidistrict litigation.

## FACTS

12. On or about March 31, 2005 Plaintiffs entered into a loan agreement with Ameriquest and provided a mortgage on their residence to secure the indebtedness.

13. This mortgage was a "federally related mortgage loan" as that term is defined by 12 U.S.C. § 2602 and was within the scope of the Real Estate Settlement Procedures Act.

14. Between the time the Plaintiffs applied for a loan from Ameriquest and when they closed on the mortgage, Ameriquest did not provide Plaintiffs with a "good faith estimate" of the closing costs for the mortgage as required by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2604 and 24 C.F.R. (Reg. X) § 3500.7.

## COUNT ONE
### Truth in Lending Act

15. The Plaintiffs re-allege all of the preceding paragraphs as if fully restated herein.

16. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

17. In the course of this consumer credit transaction, Ameriquest violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each Plaintiff two

copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

18. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

19. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Ameriquest by certified mail on March 31, 2005, which notice was received by Ameriquest.

20. Plaintiffs' mortgage was assigned to DBNT.

21. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to DBNT by certified mail on May 2, 2007, which notice was received by DBNT.

22. More than twenty calendar days have passed since Defendants received the notices of rescission.

23. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

24. The Defendants have failed to return to the Plaintiffs any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

25. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for: Rescission of this transaction; termination of any security interest in Plaintiffs' property created under the transaction; return of

any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction; statutory damages of $2,000 each for their failure to respond properly to Plaintiffs' rescission notices; forfeiture of loan proceeds; actual damages in an amount to be determined at trial; and a reasonable attorney fee.

## COUNT TWO
### Connecticut Unfair Trade Practices Act (RESPA)

26. The Plaintiffs re-allege all of the preceding paragraphs as if fully restated herein.

27. This Count is raised against Ameriquest only.

28. Ameriquest committed unfair and deceptive acts and practices in trade or commerce within the meaning of Connecticut's Unfair Trade Practices Act, C.G.S. § 42-110a, *et seq.*, ("CUTPA"), by failing to provide Plaintiffs with a "good faith estimate" of the closing costs within the time period required by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2604.

29. Ameriquest's failure to provide the good faith estimate in a timely fashion prevented Plaintiffs from discovering the closing costs in advance and deprived them of the opportunity to comparison shop and seek less expensive financing from other lenders.

30. Ameriquest's conduct falls within the penumbra of the statutory concept of unfairness.

31. Plaintiffs have suffered an ascertainable loss due to Ameriquest's violation of CUTPA. Specifically, Plaintiffs incurred excessive and duplicative closing costs which they would not have incurred had they received the good faith estimate in a timely manner and had the opportunity to shop elsewhere, which would have enabled them to realize the unreasonableness of Ameriquest's charges.

32. Ameriquest's conduct is in violation of federal law regulating real estate settlement procedures and was undertaken without regard to the rights of consumers, especially the Plaintiffs.

33. As a result of Ameriquest's violations of CUTPA and pursuant to C.G.S. § 42-110g, Plaintiffs are entitled to receive their actual damages, punitive damages in the discretion of the Court; plus reasonable attorney's fees, and costs.

## COUNT TWO
### Connecticut Unfair Trade Practices Act (C.G.S. § 36a-498a)

34. The Plaintiffs re-allege all of the preceding paragraphs as if fully restated herein.

35. Ameriquest is a Connecticut-licensed first mortgage lender.

36. Plaintiffs' mortgage is a first mortgage loan

37. In the course of making Plaintiffs' mortgage, Ameriquest violated C.G.S. § 36a-498a by charging, imposing, or causing to be paid prepaid finance charges that exceeded, in the aggregate, the greater of five percent of the principal amount of the loan and two thousand dollars.

38. Ameriquest committed unfair and deceptive acts and practices in trade or commerce within the meaning of Connecticut's Unfair Trade Practices Act, C.G.S. § 42-110a, *et seq.*, ("CUTPA"), by violating C.G.S. § 36a-498a.

39. Ameriquest's conduct falls within the penumbra of the statutory concept of unfairness.

40. Plaintiffs have suffered an ascertainable loss due to Ameriquest's violation of CUTPA. Specifically, Ameriquest's violation injured Plaintiffs by causing them to pay prepaid finance charges in excess of the amount legally permitted.

41. Ameriquest's conduct is in violation of state law regulating mortgages and was undertaken without regard to the rights of consumers, especially the Plaintiffs.

42. This violation was apparent from the face of the mortgage loan documents.

43. DBNT was, or should have been, aware of this violation at the time it accepted assignment of Plaintiffs' mortgage loan.

44. DBNT shares Ameriquest's liability for this violation.

45. As a result of Defendants' violations and pursuant to C.G.S. § 42-110g, Plaintiffs are entitled to receive their actual damages, punitive damages in the discretion of the Court; plus reasonable attorney's fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Assume jurisdiction of this case;

2. Declare void the security interest in Plaintiffs' residence;

3. Enter an order that the mortgage transaction is rescinded;

4. Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transaction and declare all such security interests void, including but not limited to the mortgage related to the transaction;

5. Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transaction;

6. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property,

from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the Plaintiffs statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices in an amount not less than $200 or more than $2,000 each, as provided under 15 U.S.C. § 1640(a);

8. Order that, because the Defendants failed to tender in response to the Plaintiffs' notice of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time in accordance with Plaintiffs' ability to pay;

9. Award actual damages in an amount to be established at trial;

10. Award punitive damages pursuant to C.G.S. § 42-110g;

11. Award the Plaintiffs costs and reasonable attorneys' fees as provided under 15 U.S.C. § 1640(a) and C.G.S. § 42-110g;

12. Award such other and further relief as the Court deems just and proper.

PLAINTIFFS, GREGORY & JOY MANGENE

By: /s/ Andrew G. Pizor
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Andrew G. Pizor (ct27015)
apizor@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457