**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN K. VEINOT and LAURA L. VEINOT,      ) | |
|     Plaintiffs,                                                         ) | MDL No. 1715 |
|                                                                               ) | Lead Case No. 1:05-cv-07097 |
| v.                                                                                 ) | |
|                                                                               ) | Case No. 1:06-cv-04034 |
| ARGENT MORTGAGE COMPANY, LLC,            ) | Hon. Marvin E. Aspen |
| AMERIQUEST MORTGAGE COMPANY, and  ) | |
| DEUTSCHE BANK NATIONAL TRUST               ) | |
| COMPANY, AS TRUSTEE OF ARGENT              ) | AMENDED COMPLAINT |
| SECURITIES INC., ASSET BACKED PASS          ) | |
| THROUGH CERTIFICATES, SERIES 2004-         ) | Jury Trial Demanded |
| W10 UNDER THE POOLING & SERVICING       ) | |
| AGREEMENT DATED AS OF SEPTEMBER       ) | |
| 1, 2004, WITHOUT RECOURSE,                              ) | July 27, 2007 |
|     Defendants.                                                      ) | |

**INTRODUCTION**

    1.    Plaintiffs, Brian K. Veinot and Laura L. Veinot, are consumers residing in Connecticut and seek to enforce the rescission of their mortgage loan by filing suit against the company that originated the loan and two subsequent assignees. Plaintiffs assert that Argent violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. (C.G.S.) § 36a-676 *et seq.*, (collectively "the Acts") by failing to properly notify them of their right to rescind the mortgage pursuant to the Acts and Regulation Z (12 C.F.R. Part 226). Ameriquest and DBNT, as assignees of the mortgage loan, are equally responsible for rescission under the Acts.

# **PARTIES**

2. Brian K. Veinot is a natural person residing in Seymour, Connecticut.

3. Laura L. Veinot, is a natural person residing in Seymour, Connecticut.

4. Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loan specified below, as a direct and proximate result of the defendants' misconduct.

5. Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with a primary place of business in Orange, California.

6. At all times relevant hereto, Ameriquest, in the ordinary course of its business, regularly extended consumer credit which is payable by agreement in more than four installments or for which a finance charge is or may be required.

7. Argent Mortgage Company, LLC ("Argent") is a foreign corporation with a primary place of business in Irvine, California.

8. At all times relevant hereto, Argent, in the ordinary course of its business, regularly extended consumer credit which is payable by agreement in more than four installments or for which a finance charge is or may be required.

9. Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in Santa Ana, California.

10. DBNT holds legal title to the Plaintiffs' mortgage loan as an assignee in DBNT's capacity as trustee of Argent Securities Inc., Asset Backed Pass Through Certificates, Series 2004-W10 Under the Pooling & Servicing Agreement Dated as of September 1, 2004, Without Recourse.

## JURISDICTION

11. Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331-32.

12. This court has jurisdiction over the defendants because they regularly conduct business in this state.

13. Venue in this Court is proper because this case has been transferred to this multidistrict litigation. Additionally the Plaintiffs are residents of Connecticut and this action concerns real property located in Connecticut, where this action originated before being transferred to this multidistrict litigation.

## FACTUAL BACKGROUND

1. The Plaintiffs, Mr. and Mrs. Veinot, live in the house they purchased in Seymour, Connecticut in 1998. This house is their primary residence.

2. In the summer of 2004 Mr. Veinot was participating in a debt management program to reduce the amount of his personal debt.

3. At that time he decided to refinance his purchase-money mortgage in order to get a lower interest rate and to gain control over credit card debts owed to companies that would not cooperate with the debt management program.

4. In response to an advertisement received in the mail, Mr. Veinot contacted a mortgage broker to apply for a loan.

5. At this time the Veinots had two mortgages on their home, the purchase-money mortgage, and a second mortgage.

6. The broker arranged for Mr. Veinot to obtain a mortgage loan from Argent.

7. At first the broker promised Mr. Veinot that he would not need to pay-off his second mortgage and would receive enough cash from the transaction to pay his other debts.

8. Subsequently, Mr. Veinot was told that he would need to borrow approximately $25,000 more to refinance the second mortgage, thereby reducing the funds available to pay-off Mr. Veinot's credit cards.

9. On or about July 27, 2004, an attorney representing Argent came to the Veinots' home to close on the loan.

10. The attorney informed Mr. Veinot that a witness would be needed for the closing.

11. When Mr. Veinot could not find a neighbor willing to act as a witness, the attorney suggested going to a restaurant to sign the documents.

12. The closing took place the same day at the Sandwich Man in Seymour where the attorney asked the waiter to witness the signatures on the mortgage documents.

13. While signing the papers presented by the attorney, Mr. Veinot discovered that most of the documents were in someone else's name.

14. The documents bearing the wrong name were for an entirely different borrower on a different loan transaction with a different loan number on a different property.

15. Among the documents provided at the closing were three copies of someone else's Notice of Right to Cancel.

16. The closing attorney noticed the mistake but requested Mr. Veinot sign the documents nevertheless.

17. At the closing Mr. Veinot was not allowed to keep a Notice of Right to Cancel for his loan.

18. Instead Mr. Veinot was given a Notice of Right to Cancel that reflected the wrong loan number, the wrong transaction date, the wrong "Final Date to Cancel," the wrong borrower name, the wrong borrower address, and the wrong property address.

19. The Notice of Right to Cancel that Mr. Veinot was allowed to keep showed a transaction date of July 26, 2004 and a "Final Date to Cancel" of July 29, 2004, even though the transaction actually occurred on July 27th.

20. Another one of the documents provided at the closing was a page entitled "Borrower's Closing Procedures" and advised the borrower to "[n]otify the person closing your loan" if the borrower's name or address was incorrect.

21. Mr. Veinot informed the attorney that the documents were incorrect.

22. The attorney responded by telling Mr. Veinot not to worry about it because Mr. Veinot could just get another set of papers later.

23. According to the attorney, as long as there was a correct set of documents for the attorney to provide to the mortgage company, the closing could proceed.

24. Mr. Veinot signed a set of papers that correctly reflected his name and loan information.

25. Mr. Veinot is the sole borrower and signatory to the Note.

26. Both of the Veinots are named as mortgagors and are signatories to the Mortgage Deed.

27. The mortgage loan the Veinots entered into was a consumer credit transaction subject to a finance charge and was initially payable to Argent.

28. As part of this consumer credit transaction, Argent retained a security interest in Mr. Veinot's primary residence.

29. The attorney kept the set of signed, correct documents bearing Mr. Veinot's name.

30. The attorney gave the Veinots the other documents, which consisted predominately of papers for someone else's loan.

31. The attorney gave Mr. Veinot a telephone number to call to obtain a set of the closing papers for himself.

32. After several calls, Mr. Veinot eventually received a copy of the correct closing papers in a Federal Express envelope bearing a "Ship Date" of August 6, 2004.

33. When the Veinots finally received copies of the correct loan documents signed at the closing, the package included a document entitled "Borrower's Acknowledgment of Final Loan Terms."

34. The Borrower's Acknowledgment of Final Loan Terms showed that the final terms included the same "Loan Amount" as the original terms requested, a slightly lower interest rate, and a lower amount financed. But, the settlement charges on the loan had increased by 163%, from the original amount of $3,315.40 to a final amount of $8,734.60.

35. The package also included three copies of a Notice of Right to Cancel form.

36. This form, unlike the one received at the closing, reflected the correct name, addresses, loan number, and transaction date, but showed an incorrect "Final Date to Cancel" of July 30, 2004.

37. By the time Mr. Veinot received his copy of his closing documents, the July 30, 2004 Final Date to Cancel had expired.

38. The Argent loan was subsequently assigned to Defendant Ameriquest.

39. The loan was subsequently assigned again to Defendant DBNT.

**COUNT ONE**
**RESCISSION UNDER THE TRUTH-IN-LENDING ACT**

40. Plaintiffs incorporate, by reference, every prior allegation and fact as if fully restated and re-alleged herein.

41. This cause of action is raised against all Defendants.

42. The Veinots' mortgage loan was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

43. In the course of this consumer credit transaction, Argent violated the Connecticut and Federal Truth in Lending Acts by failing to adequately notify the Veinots of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

44. The Veinots have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction, pursuant to C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(a).

45. The Veinots have the right to rescind the transaction as against any assignee of the mortgage loan, pursuant to C.G.S. § 36a-683(k)(3) and 15 U.S.C. § 1641(c).

46. Mr. Veinot exercised his extended right to rescind the mortgage loan by sending notice (via counsel) to Defendants Argent and Ameriquest by certified mail dated December 1, 2005.

47. Mr. Veinot exercised his extended right to rescind the mortgage loan by sending notice (via counsel) to Defendant DBNT by certified mail dated May 2, 2007.

48. Argent received the rescission notice.

49. Ameriquest received the rescission notice.

50. DBNT received the rescission notice.

51. More than twenty calendar days have passed since the Defendants received the notices of rescission.

52. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

53. The Defendants have failed to return to Mr. Veinot any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

54. The Veinots are ready, willing, and able to meet any tender obligation under the Acts.

55. As a result of the aforesaid violations of the Acts and Regulation Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), the Defendants are liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in the Veinots' property created under the transaction;

   c. Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

   d. Statutory damages of $2,000 each for each Defendants' failure to respond properly to Mr. Veinot's rescission notices;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney fee.

## COUNT TWO
## (IN THE ALTERNATIVE)
## RESCISSION UNDER THE TRUTH-IN-LENDING ACT

56. Plaintiffs plead this cause of action in the alternative to the allegations of Count One and against all Defendants.

57. Plaintiffs incorporate, by reference, every prior allegation and fact as if fully restated and re-alleged herein.

58. Argent had a duty to provide notice of the Veinots' right to rescind "clearly and conspicuously in writing, in a form that the consumer may keep" pursuant to C.G.S. § 36a-683(a), 15 U.S.C. § 1635(a).

59. Argent failed to comply with this duty.

60. Any accurate Notice of Right to Cancel that may have been shown or provided to the Veinots' at the closing was rendered unclear and confusing when Argent provided the Veinots with another Notice for someone else's loan, which contained contradictory information including a different "Final Date to Cancel."

61. The Notice of Right to Cancel subsequently mailed to Mr. Veinot did not constitute clear or conspicuous disclosure because it displayed the wrong final date to cancel the transaction.

62. As a result of the aforesaid violations of the Acts and Regulation Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), the Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in the Veinots' property created under the transaction;

 c. Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

 d. Statutory damages of $2,000 each for each Defendants' failure to respond properly to Mr. Veinot's rescission notice;

 e. Forfeiture of loan proceeds;

 f. Actual damages in an amount to be determined at trial; and

 g. A reasonable attorney fee.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case;

2. Declare the security interest in the Veinots' home void;

3. Enter an order rescinding the mortgage transactions between the parties;

4. Order Defendants to take all action necessary to terminate any security interest in the Veinots' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5. Order the Defendants to return to Mr. Veinot any money or property given by Mr. Veinot to anyone, including the Defendants, in connection with the transactions;

6. Enjoin the Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Veinots' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive the Veinots of ownership of the property;

7. Enjoin the Defendants during the pendency of this action, and permanently thereafter, from reporting any negative credit information to any credit reporting agency or any other entity regarding this mortgage transaction;

8. Award the Veinots actual and statutory damages for each Defendants' failure to properly respond to the rescission notices, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 each as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

9. Order that, because Defendants failed to tender in response to the Plaintiffs' rescission notices, the Plaintiff has no duty to tender; or in the alternative, if tender is required,

determine the amount of the tender obligations in light of all of the Plaintiffs' claims and order the defendants to accept tender on reasonable terms and over a reasonable period of time;

    10.    Award actual damages in an amount to be established at trial;

    11.    Award Plaintiffs costs and a reasonable attorney fee as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

    12.    Award such other and further relief as the Court deems just and proper.

PLAINTIFFS, BRIAN K. VEINOT and
LAURA L. VEINOT

By: /s/ Andrew G. Pizor
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Andrew G. Pizor (ct27015)
apizor@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408 Fax. (860) 571-7457