IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br>(Centralized before the Honorable Marvin E. Aspen)<br><br>Magistrate Judge Morton Denlow |

### ROLAND ARNALL'S MOTION TO POSTPONE CERTAIN DEPOSITIONS

Plaintiffs seek to name Roland Arnall ("Arnall") as a defendant in their First Amended Consolidated Class Action Complaint. By this Motion, we request that the Court postpone the depositions of the so-called "Ameriquest Entities"[1] and their past and current employees (the "Ameriquest Depositions") until after the Court rules on Plaintiffs' Motion For Leave To File First Amended Class Action Complaint ("Motion For Leave") and any dispositive motion that Arnall may file addressed to this amended pleading (together, the "Motions"). In the alternative, we request a 60 day postponement of those depositions until October 1, 2007. If Plaintiffs' conclusory allegations against Arnall survive the Motions (which they should not), the Ameriquest Depositions will be central to Arnall's ability to defend himself. In those depositions, Arnall will challenge Plaintiffs' unsupported allegations that, among others, Arnall controlled the Ameriquest Entities and, therefore, should be liable for their actions. A brief stay of the Ameriquest Depositions will allow Arnall's counsel to learn the case, properly prepare for the depositions, and represent Arnall effectively.

---

[1] Plaintiffs' proposed Borrowers' First Amended Consolidated Class Action Complaint, attached as Exhibit A to their Motion For Leave To Amend, defines "Ameriquest Entities" so as to include defendants American Mortgage Company, ACC Capital Holdings Corporation, AMC Mortgage Services, Inc., Ameriquest Mortgage Services, Inc., Town & Country Credit Corp., Argent Mortgage Co., LLC and Mr. Arnall.

In addition, resolving the Motions before proceeding with the key Ameriquest Depositions will promote efficiency and economy. If Arnall becomes a named defendant in three or four months, he will have to retake most of the depositions taken in his absence. This is his right under the Court's November 7, 2006 Scheduling Order.[2] Given that the Court's rulings on the Motions may affect the scope of discovery, it makes good sense to take key depositions once. Because Plaintiffs concede that merits discovery has only "just begun," (Mot. For Leave at 1), this Motion will not prejudice Plaintiffs or materially delay the case. In support of this motion, Arnall attaches the Affidavit of Alan N. Salpeter as Exhibit A and states:

## BACKGROUND

1. This multidistrict litigation started in 2004, with the filing of *Murphy v. Ameriquest Mortgage Co.*, C.A. No. 1:04-12651 (D. Mass. November 3, 2004) and *Burgraff v. Ameriquest Capital Corp.*, C.A. No. 2-04-9715 (C.D. Cal. November 30, 2004). On December 14, 2005, the MDL Panel transferred the litigation to the Northern District of Illinois (Judge Aspen).

2. On December 6, 2006, the Plaintiffs filed their seventy-five-page Consolidated Class Action Complaint, which included twenty-six counts against the Ameriquest Entities (excluding Arnall) and over 400 paragraphs of allegations.

3. Over six months later, on June 18, 2007—when Plaintiffs say discovery had only "just begun"—Plaintiffs sought leave to amend their complaint to add Arnall and assert claims against him personally. (Mot. For Leave at 1.) The proposed amended complaint weighs in at eighty pages and 466 paragraphs of allegations. It challenges the lending practices of seven

---

[2] *See In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, Mem. Op. & Order, 2006 WL 3227883, *5 (N.D. Ill. Nov. 7, 2006); Order, June 25, 2007, ECF 843 ("In our November 7, 2006 Case Management Order, we expressly contemplated the possibility that later-added parties may be able to re-depose witnesses with leave of court.").

separate financial institutions, and purports to represent the interests of three different classes of borrowers, plus additional sub-classes of borrowers.

4. Plaintiffs proposed the First Amended Consolidated Class Action Complaint over 2-½ years after the first plaintiffs filed suit; they seek to hold Arnall personally liable for the Ameriquest Entities' actions based on his alleged direct "involve[ment] in the transactions and occurrences that give rise" to the proposed amended complaint. (Mot. For Leave at 4.) All in all, the proposed First Amended Consolidated Class Action Complaint asserts 22 separate counts against Arnall. (*Id.*, Ex. A.)

5. Plaintiffs allege that Arnall controlled each of the six Ameriquest Entities, and "participated in the day-to-day operations of the Ameriquest entities, as well as the hiring of employees who either established, ratified, or carried out the policies and practices" that are the subject of their proposed amended complaint. (*Id.*, Ex. A ¶¶ 95.) Plaintiffs also contend that Arnall directly participated in the Ameriquest Entities' allegedly fraudulent practices, that he aided and abetted them, that the Ameriquest Entities were his agents or joint venturers, and that he conspired with the Ameriquest Entities to engage in such practices. (*Id.*, Ex. A ¶¶ 88, 91, 92, 94.) Further, Plaintiffs allege that Arnall received fraudulent transfers, which left the Ameriquest Defendants unable to "pay the Borrower Plaintiffs' valid claims against them" and which the Plaintiffs now seek to recover. (*Id.*, Ex. A at Count XXVII.) Based on these sweeping, conclusory (and we will argue, baseless) allegations, Arnall potentially may play a significant role in this litigation, if any of the allegations against him are sustained.

6. The parties have agreed to complete briefing the Motions by November 2, 2007. Accordingly, the questions of whether Arnall will be a party to this case and whether Plaintiffs'

allegations pass legal muster will be resolved within a few months, probably by the end of the year.

7.	Further, as indicated by Plaintiffs' July 6, 2007 stipulation, discovery is proceeding in due course and the parties have not encountered any discovery problems requiring the Court's attention. *See* Joint Stipulation and Request to Continue Status Conference, attached as Exhibit B.

8.	Arnall's undersigned counsel, Alan N. Salpeter, verifies that he attempted to resolve this issue with Plaintiffs' counsel without Court intervention through a July 26, 2007 telephone conference but the parties were unable to reach an agreement. *See* Exhibit A, Affidavit of Alan N. Salpeter ¶ 10.

## ARGUMENT AND AUTHORITIES

9.	Adjourning the Ameriquest Depositions for a brief period is both reasonable and practical. If Arnall is the central player in the alleged scheme to defraud borrowers, as Plaintiffs portray him, his counsel should have a fair opportunity to participate in—and adequately prepare for—the Ameriquest Depositions. Allowing the depositions to proceed in his absence or, worse yet, requiring him (a non-party) to participate without adequate preparation, would be both fundamentally unfair and inefficient.

10.	Plaintiffs want to proceed with the Ameriquest Depositions while the Motions are pending. The problem with doing so is best illustrated by considering the negative fallout that already resulted from Plaintiffs' recent deposition of Wayne Lee in Arnall's absence. Plaintiffs describe Lee as the "former Chief Executive Officer of ACC Capital Holdings" and attribute to him the conclusory allegation that Arnall "controlled the retail lending operations of Ameriquest, was involved in the day to day operations of Ameriquest, and made decisions with respect to the

operation of Ameriquest, including the hiring of key employees." (Mot. For Leave, Ex. A ¶ 96.) During the Lee deposition, Plaintiffs' counsel questioned Lee extensively about Arnall and his supposed involvement with the Ameriquest Entities. Because the deposition proceeded in Arnall's absence, however, Arnall was deprived of the opportunity to object to any inappropriate questions or to cross-examine Lee. Now, Arnall—if he remains in the case—will have to re-open the Lee deposition to ask questions on his own behalf to test and challenge the truth of Lee's statements—particularly since Lee testified that he lacked insight into the Ameriquest corporate structure above ACC Capital Holdings and did not even know Arnall's title. *See* Lee Dep. Tr. at 12, attached as Exhibit 1 to Exhibit A, Salpeter Affidavit. Accordingly, the witness (a third party to this action) will have to appear a second time for a deposition, and the parties will have to incur the costs of their attorneys traveling to California for another day of questioning.

11. Participating in discovery is fundamental to a party's right to defend itself. Indeed, courts have held that "minimum due process standards" entitle a defendant to discovery. *See The Crude Co. v. United States Dept. of Energy*, 189 F.R.D. 1, 2 (D.C. 1999). Furthermore, the Federal Rules of Civil Procedure espouse the goals of "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. And, the Court has the discretion to manage discovery so as to "discourag[e] wasteful pretrial activities." Fed. R. Civ. P. 16(a)(3). *See also Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006) ("It is well-settled that district courts enjoy broad discretion in controlling discovery.").

12. If the Court does not postpone these key depositions, Arnall would face the Hobson's choice of not participating in them—in which case he will be deprived of the opportunity of objecting to inappropriate questions and cross-examining witnesses—or

appearing without adequate time to prepare for them and thereby potentially waiving the opportunity to re-open them after his counsel is better prepared.

13. Given these choices, the prejudice Arnall will face in the absence of judicial relief is genuine. On the other hand, Plaintiffs will be only slightly inconvenienced if this Motion is granted; discovery will otherwise proceed except for the Ameriquest Depositions. All parties will benefit from the relief requested here in that they will avoid the cost and burden of doing key depositions twice.

14. In any event, even if Plaintiffs are more than inconvenienced by the relief requested, Plaintiffs brought it upon themselves by waiting so long to attempt to add Arnall as a defendant.

WHEREFORE, Arnall respectfully requests that the Court enter an Order granting this Motion and staying the Ameriquest Depositions until after the Court has resolved the Motions. In the alternative, Arnall requests that the Court stay the Ameriquest Depositions for 60 days until October 1, 2007.

Dated: July 30, 2007

Respectfully Submitted,

ROLAND ARNALL

By   /s/ Alan N. Salpeter
     One of his attorneys

Alan N. Salpeter, Esq.
Vincent P. Schmeltz III, Esq.
Therese King Nohos, Esq.
Bradley I. Schecter, Esq.
LEBOEUF, LAMB, GREENE & MACRAE LLP
180 North Stetson, Suite 3700
Two Prudential Plaza
Chicago, Illinois 60601-6710
Telephone: 312-794-8000
Facsimile: 312-794-8100

## CERTIFICATE OF SERVICE

Alan N. Salpeter, an attorney, hereby certifies that on this 30th day of July 2007, a true and correct copy of the foregoing document, **ROLAND ARNALL'S MOTION TO POSTPONE CERTAIN DEPOSITIONS**, was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Alan N. Salpeter
Alan N. Salpeter