# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOS
## EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097 (Centralized before the Honorable Marvin E. Aspen)<br><br>Magistrate Judge Morton Denlow |

### AFFIDAVIT OF ALAN N. SALPETER

1. My name is Alan Salpeter. I am a partner at LeBoeuf, Lamb, Greene & MacRae LLP in Chicago, Illinois.

2. During the week of July 9, 2007, I was preliminarily retained to represent Roland Arnall in connection with the above-styled case. On July 19, 2007, I met Mr. Arnall in person in Chicago and, at that time, I was officially retained to represent him. Mr. Arnall has asked me to be personally involved in all significant aspects of the case, and I have committed to do that.

3. I understand that this Multidistrict Litigation began in 2004.

4. I further understand that on December 6, 2006, a Consolidated Class Action Complaint was filed.

5. On June 18, 2007, Plaintiffs sought leave to amend their complaint to add Mr. Arnall and assert claims against him personally.

6. In summary, Plaintiffs seek to hold Mr. Arnall personally liable for the Ameriquest Entities' actions based upon his alleged direct involvement in the transactions and occurrences that gave rise to the proposed amended complaint. The proposed First Amended Complaint includes 22 separate counts against Mr. Arnall.

7. I need sufficient time to prepare the case along with my colleagues who will assist me.

8. Among other things, I need to read the pleadings, read underlying substantive documents, interview knowledgeable witnesses and prospective witnesses, meet further with Mr. Arnall (who is the current U.S. Ambassador to the Netherlands), understand all of the lending practices described in the complaints, coordinate with counsel for Ameriquest, read all prior court orders, read all deposition transcripts, and become familiar with all aspects of the case.

9. On July 25, 2007, I spoke with Jill Bowman, one of the lead counsel for Plaintiffs. I explained that I needed time to learn the case so that I could appropriately and effectively represent Mr. Arnall. I asked her to postpone all merits depositions until a ruling on Mr. Arnall's expected motion addressed to the First Amended Class Action Complaint. Ms. Bowman said that Plaintiffs' counsel probably would oppose that request. Alternatively, I requested 60 days during which no merits depositions would occur, so that I could use that time to learn the case.

10. On July 26, 2007, counsel for all parties had a meet-and-confer by telephone. During that telephone conference, I repeated my request to postpone all merits discovery until a ruling covering Mr. Arnall's involvement in this lawsuit. Alternatively, I proposed a 60 day period with no merits depositions. Plaintiffs' counsel will not agree to either request.

11. Accordingly, we hereby request that depositions related to the merits of the case be postponed until a ruling on Mr. Arnall's motion addressed to the First Amended Class Action Complaint. Alternatively, we request a postponement of said depositions for 60 days, until October 1, 2007.

12. Attached as Exhibit 1 is a true and correct copy of pages 5 to 16 of the Wayne A. Lee deposition transcript.

FURTHER AFFIANT SAYETH NOT.

Alan N. Salpeter

Subscribed and Sworn to
before me this _26th_ day
of _July_____, 2007.

Notary Public

OFFICIAL SEAL
JEANNE M. LAYDEN
Notary Public - State of Illinois
My Commission Expires Apr 04, 2011

# **Exhibit A(1)**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re AMERIQUEST MORTGAGE ) | |
| COMPANY MORTGAGE LENDING ) | |
| PRACTICES LITIGATION, ) | MDL No. 1715 |
| _____ ) | 05-CV-07097 |

## ORIGINAL

VIDEOTAPED DEPOSITION OF WAYNE A. LEE

Santa Ana, California

Wednesday, May 9, 2007

Volume I

Reported by:
SHERYL HILTON MEYER

CSR No. 2852

JOB No. 637414

1            IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF ILLINOIS

3

4  In Re AMERIQUEST MORTGAGE    )
    COMPANY MORTGAGE LENDING     )

5  PRACTICES LITIGATION,        )   MDL No. 1715
    _____)   05-CV-07097

6

7

8

9

10

11

12

13

14

15          Videotaped Deposition of WAYNE A. LEE,

16     Volume 1, taken on behalf of Plaintiffs

17     at 2850 Red Hill Avenue, Suite 120, Santa

18     Ana, California, beginning at 9:00 a.m.

19     and ending at 4:29 p.m. on Wednesday, May 9,

20     2007, before SHERYL HILTON MEYER, Certified

21     Shorthand Reporter No. 2852.

22

23

24

25

                                                             2

```
 1    APPEARANCES:

 2

 3    For Plaintiff:

 4        JAMES, HOYER, NEWCOMBER & SMILJANICH
          BY:  JILL BOWMAN
 5        Attorney at Law
          One Urban Center, Suite 550
 6        4830 West Kentucky Boulevard
          Tampa, Florida 33609
 7        (813) 286-4100
          e-mail: jbowman@jameshoyer.com
 8
          LAW OFFICES OF DANIEL HARRIS
 9        BY:  DANIEL HARRIS
          Attorney at Law
10        150 North Wacker Drive, Suite 300
          Chicago, Illinois 60606
11        (312) 960-1802

12    For Defendant Ameriquest:

13        BUCHALTER NEMER FIELDS & YOUNGER
          BY:  BERNARD E. LeSAGE
14        Attorney at Law
          1000 Wilshire Boulevard, Suite 1500
15        Los Angeles, California 90017
          (213) 891-0700
16
      For Defendant Argent:
17
          WINSTON & STRAWN
18        BY:  THOMAS J. WIEGAND
          Attorney at Law
19        35 West Wacker
          Chicago, Illinois 60601
20        (312) 558-5600

21    Also Present Telephonically:

22        JEAN JANES, ESQ.
          EVAN KAUFMAN, ESQ.
23        GARY KLEIN, ESQ.
          SHENNAN KAVANAUGH, ESQ.
24        AL HOFELD, ESQ.

25
```

```
 1    APPEARANCES (Continued):

 2    Videographer:

 3         DANIEL REYNOLDS
           ESQUIRE DEPOSITION SERVICES
 4         2850 Red Hill Avenue, Suite 120
           Santa Ana, California 92705
 5         (800) 640-2461

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

4

```
1                              INDEX

2    WITNESS                                      EXAMINATION

3    WAYNE A. LEE
     Volume 1
4

5              BY MS. BOWMAN                              7

6

7

8                            EXHIBITS

9    PLAINTIFFS'                                        PAGE

10   EX 1    Complaint by Wayne A. Lee against          20
             Ameriquest Capital Corporation; 12 pages
11
     EX 2    Consulting Agreement between American      57
12           Capital Corporation and Wayne A. Lee;
             8 pages
13

14

15                INSTRUCTION NOT TO ANSWER

16              Page          Line

17              203            6

18

19

20

21

22

23

24

25
```

```
 1              Santa Ana, California - Wednesday, May 9, 2007

 2                        9:00 a.m. - 4:29 p.m.

 3

 4              THE VIDEOGRAPHER:  Good morning.  This begins

 5    videotape number 1, Volume 1, in the deposition of Wayne

 6    Lee in the matter of In Re Ameriquest Mortgage Company

 7    in the United States District Court, Northern District of

 8    Illinois.  The case number is MDL 1715.

 9              Today's date is May 9, 2007.  The time on the

10    video monitor is now 9:01 a.m.  This deposition is taking

11    place at 2850 Red Hill Avenue in Santa Ana, California

12    and was made at the request of Jill Bowman of the Law

13    Offices of James, Hoyer, Newcomber & Smiljanich.  My

14    name is Daniel Reynolds.  I'm a notary public and video

15    specialist here on behalf of Esquire Deposition Services

16    Santa Ana with the court reporter Sheryl Hilton Meyer.

17              Would all counsel present please voice identify

18    yourselves and state whom you represent.

19              MR. LeSAGE:  Bernard LeSage of the Buchalter

20    firm representing the Ameriquest defendants.

21              MR. WIEGAND:  Tom Wiegand on behalf of Argent

22    Mortgage Company.

23              MS. BOWMAN:  Jill Bowman here with the co-lead

24    counsel in the class litigation against Ameriquest.

25              MR. HARRIS:  Daniel Harris representing various
```

01A

 1   individual plaintiffs.

 2            THE VIDEOGRAPHER:  And by telephone.

 3            MR. KLEIN:  Gary Klein and Shennan Kavanaugh,

 4   co-lead counsel in the Ameriquest class cases.

 5            MR. KAUFMAN:  Evan Kaufman, and I represent

 6   plaintiff the MDL class cases as well as plaintiff

 7   Leonardo Valdez in the California state case.

 8            MR. HOFELD:  Al Hofeld for various individual

 9   plaintiffs.

10            THE REPORTER:  I'm sorry, first name?

11            MR. HOFELD:  Al, A-l, Hofeld, H-o-f-e-l-d, for

12   various individual plaintiffs.

13            THE REPORTER:  Thank you.

14            THE VIDEOGRAPHER:  Do we have all appearances?

15   Thank you.  Would the court reporter please administer

16   the oath.

17            MS. JANES:  Excuse me.  I'm sorry.  I'm Jean

18   Janes for Argent in some of the individual cases.

9:02A  19

20                     WAYNE A. LEE,

21   having been first duly sworn, was examined and testified

22   as follows:

23

24                      EXAMINATION

25   BY MS. BOWMAN:

                                                          7

1    Q    Good morning.  Could you state your name.

2    A    Wayne Lee.

3    Q    And, Mr. Lee, have you ever given a deposition

4  before?

5    A    Yes.

6    Q    Was that previously deposed in a case against

7  Ameriquest?

8    A    I'm not sure.  It was years ago.  I'm not

9  exactly sure.

10   Q    I apologize.  I think you're going to have to

11 speak up just so the people on the phone can hear you.

12   A    Okay.  Yeah, I don't recall which company it

13 was.

14   Q    Okay.  And have you ever been deposed in any

15 case filed against Argent?

16   A    No.

17   Q    I'm going to be asking you questions today.

18 Can we agree if you don't understand my questions that

19 you will let me know that?  Otherwise I'm going to assume

20 that you will -- you understand them.  Is that all right?

21   A    Okay.

22   Q    Okay.  And you understand that you're under

23 oath today like you would be in a courtroom?

9:03A  24   A    Yes.

25   Q    You're here today being represented by whom?

8

```
 1              MR. WIEGAND:  Tom Wiegand and Bernie LeSage.

 2    We made appearances earlier.

 3              MS. BOWMAN:  Okay.

 4       Q    And are they representing you in your personal

 5    capacity?

 6       A    No.

 7       Q    Are they representing you as a former employee

 8    of Argent Mortgage and the Ameriquest entities?

 9       A    Yes.

10       Q    Can you tell me are you currently --

11       A    Huh?

12              MR. LeSAGE:  We also represent you in your

13    individual capacity.

14              THE WITNESS:  Oh, okay.  So --

15              MR. LeSAGE:  I think --

16              THE WITNESS:  To be clarified.

17              MR. LeSAGE:  He's aware of the legal

18    distinctions here, but we're representing him in all

19    capacities.

20              MS. BOWMAN:  All right.

21       Q    Are you currently employed by America Capital

22    Corporation?

23       A    No.

24       Q    Are you currently employed by ACC Capital

25    Holdings?
```

9

9:04A

1      A    No.

2      Q    Are you currently employed by Ameriquest

3  Mortgage Company?

4      A    No.

5      Q    Are you currently employed by Argent Mortgage

6  Company?

7      A    No.

8      Q    Are you currently employed by any Ameriquest

9  entity?

10     A    No.

11     Q    Do you have any kind of employment arrangement

12  with any of those entities such as a consulting

13  arrangement?

14     A    No.

15     Q    Could you just describe for me kind of the

16  hierarchy of the Ameriquest companies and how they fall

17  into the Ameriquest family.

18         MR. WIEGAND:  Objection.  I mean at least if we

19  can try to narrow it, put maybe a time frame on it and

20  talk about which company.  I don't know if you're talking

21  about the people in the company, the relation between

22  them --

23         MS. BOWMAN:  I'm just talking the hierarchy of

24  the companies.

25         MR. LeSAGE:  Today?  The question is when?

10

```
 1    Otherwise it's vague and ambiguous, and I'll instruct him

 2    not to answer.  Please tell us when.

 3             MS. BOWMAN:  All right.

 4        Q    What's your understanding of the hierarchy of

 5    the companies today?

 6        A    I have no idea.

 7        Q    Okay.  The last time that you were employed by

 8    Ameriquest, what was your position?

 9        A    Chief executive officer of ACCCH.

10        Q    That's ACC Capital Holdings?

11        A    Ameriquest -- it's been a couple of years, so

12    ACCCH was Capital Holdings, yes.

13        Q    Okay.  And how long were you in that position?

14        A    Oh, 11 months.

15        Q    Okay.  And when did you leave that position?

16        A    Early May '05.

17        Q    Going back to the 11-month time frame during

18    which you were employed by ACC Capital Holdings, which I

19    guess is June to May -- June '04 to May '05?

20        A    Yeah, I don't really recall the exact dates,

21    but it was around there.

22        Q    Okay.  Can you tell me then what the hierarchy

23    of the companies was at that point in time during that

24    period.

25        A    Yes, I can tell you what I believed to be
         the hierachy at the time.
```

9:05A  (line 3)
9:06A  (line 25)

1        Q     Okay.

2        A     Okay.  There's ACCCH which I was the CEO of.

3    Then subsidiaries of that was Ameriquest --

4        Q     And by Ameriquest you mean Ameriquest Mortgage

5    Company?

6        A     Uh-huh, Argent Mortgage Company, AMC Mortgage

7    Services.  Town and Country Credit, I believe, rolled up

8    to it.

9        Q     Where did Ameriquest Mortgage Securities fit in

10   during that time frame?

11       A     I don't recall if it was rolled up to ACCCH or

12   not.

13       Q     And was ACCCH a wholly owned subsidiary of

14   Ameriquest Capital Corporation?

9:07A  15       A     My understanding it was, but I wasn't ~~preview~~ privy 1/ls

16   (sic) to the structure above the ACCCH level at all.

17       Q     Okay.  During your tenure as the CEO of the ACC

18   Capital Holdings can you tell me what positions Roland

19   Arnall held in the various entities?

20       A     In the rolled down -- the ones that rolled up

21   to ACCCH?

22       Q     No, starting with ACC Capital.

23       A     I don't know what his official title was.

24   Again I wasn't ~~preview~~ privy 1/ls to the legal documents in the

25   structure at that level.

1     Q     Okay.  What about the other companies that

2     rolled up to ACCCH?

3     A     He didn't have any positions within those

4     companies.

5     Q     All right.  Now prior to June or thereabouts of

6     2004 you were the president of Argent Mortgage; is that

7     correct?

9:08A 8          MR. WIEGAND:  Could you repeat the question?

9          THE WITNESS:  Yeah, repeat it.  The dates is

10    what I'm --

11    BY MS. BOWMAN:

12    Q     Prior to you becoming the CEO of ACCCH, you

13    were the president of Argent Mortgage; is that correct?

14    A     Prior to that, yeah.

15    Q     Okay.  And for what period of time were you the

16    president of Argent Mortgage?

17    A     I don't know the exact dates.  I was given the

18    title of president at Argent, I'm guessing, around two

19    years prior to me getting the CEO job so '03-ish, '02,

20    '03-ish range.  I don't remember the exact dates.

21    Q     And did you have a position in the -- with any

22    of the Ameriquest affiliates prior to becoming the

23    president of Argent Mortgage?

24    A     Prior to that, yeah.  I mean --

25    Q     What?

13

1      A      Wholesale was part of Ameriquest Mortgage prior

2   to it being named Argent, so technically, yes.

9:09A  3      Q      And what was your position in the Ameriquest

4   entities prior to becoming --

5      A      Senior executive vice president.

6      Q      And what entity was that?

7      A      Wholesale division, a newly formed wholesale

8   division.

9      Q      Of Ameriquest Mortgage Company?

10     A      Yes.

11     Q      And how long were you in that position?

12     A      Since January -- I'm pretty sure of this

13  date -- January 5th, '01 is when I officially took over

14  the capacity of running the startup wholesale company.

15     Q      And then at some point in time it was

16  separately incorporated into Argent Mortgage Company?

17     A      Yes.

18     Q      Okay.

19     A      And I'm not familiar with what date that was.

20  I just don't recall, but it's out there somewhere.

21     Q      Can you tell me if you had any position in the

22  Ameriquest companies prior to January 5th of 2001?

23     A      Yes.

24     Q      What was that?

25     A      I was a senior executive vice president at

14

1    Ameriquest prior to going into the wholesale business.

9:10A    2    Q    And how long were you in that position?

3    A    Again we're talking about titles, right?

4    Q    Sure.

5    A    So the exact title of senior executive vice

6    president, I'm not exactly sure, but I was an executive

7    with the company, and I joined the organizations back in

8    1990.

9    Q    Okay.

10    A    Okay.  And the reason I -- it's been many

11    names, okay, and many different corporate structures, so

12    I -- you know, and I had many, many titles throughout the

13    course of that period of time.

14    Q    During --

15    A    And I don't remember exactly which title I had

16    when and when I got promoted and that kind of stuff.

17    Q    Sure.

18    A    Okay.

19    Q    Maybe you can just kind of describe to me then

20    the progression of your responsibilities in those various

21    positions starting with your position as senior executive

22    vice president of Ameriquest.

23         MR. WIEGAND:  You said "progression."  Do you

24    want him to go backwards or forwards?

9:12A    25         MS. BOWMAN:  Backwards.

15

1      MR. WIEGAND:  Okay.

2      THE WITNESS:  Backwards.  Okay.  I ran the

3  sales group and the operations group.

4  BY MS. BOWMAN:

5      Q    And that was from prior to January 5th of 2001

6  back to what time?

7      A    Again I don't even recall if -- because there's

8  these different -- there's senior executive.  There's

9  executive vice president.  There's senior vice president.

10  There's vice president, and I held all these in different

11  capacities, and I'm not -- I don't recall if it's

12  technically a senior versus not, okay?  So maybe I'll

13  just do the description and -- because I don't remember

14  if that particular job was a senior or --

15      Q    Sure.

16      A    -- an executive senior or senior executive.  I

17  don't remember.

9:13A   18      Q    Why don't you just tell me for how long you

19  ran --

20      A    I ran sales and operations for six to seven

21  months preceding my going to wholesale.

22      Q    Okay.  And what did you do before that?

23      A    I ran just the sales for Ameriquest, the sales,

24  not operations, sales.  And the exact time frame I'm not

25  sure.  I'll say a year, for maybe a year or maybe less

16

1

2

3

4

5

6

7

8

9          I, WAYNE LEE, do hereby declare under

10   penalty of perjury that I have read the foregoing

11   transcript; that I have made such corrections as appear

12   noted, in ink, initialed by me, or attached hereto; that

13   my testimony as contained herein, as corrected, is true

14   and correct.

15          EXECUTED this __19__ day of __June__

16   20_07_, at __Irvine_____, ____Ca_____.
                    (City)                    (State)

17

18

19   _____
     WAYNE LEE
20   Volume 1

21

22

23

24

25

245

1

2    I, the undersigned, a Certified Shorthand

3 Reporter of the State of California, do hereby

4 certify:

5    That the foregoing proceedings were taken

6 before me at the time and place herein set forth; that

7 any witnesses in the foregoing proceedings, prior to

8 testifying, were placed under oath; that a verbatim

9 record of the proceedings was made by me using machine

10 shorthand which was thereafter transcribed under my

11 direction; further, that the foregoing is an accurate

12 transcription thereof.

13    I further certify that I am neither

14 financially interested in the action nor a relative or

15 employee of any attorney of any of the parties.

16    IN WITNESS WHEREOF, I have this date

17 subscribed my name.

18    MAY 2 2 2007

19 Dated: _____

20

21

22       _____
       SHERYL HILTON MEYER

23       CSR No. 2852

24

25

# **Exhibit B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

MDL No. 1715

Lead Case No. 05-cv-07097

(Centralized before The Honorable
Marvin E. Aspen)

Magistrate Judge Morton Denlow

## JOINT STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE

WHEREAS, on June 7, 2007, Judge Denlow continued the Discovery Status Conference in this matter to July 10, 2007 at 10:30 a.m.;

WHEREAS, as a part of their efforts to coordinate and expedite discovery in these matters, the parties have scheduled numerous depositions during the week of July 9, 2007 in Santa Ana, California;

WHEREAS, one of these depositions is scheduled to take place on July 10, 2007, which will be attended by many of the lead counsel appearing in this matter, including, Defendants'[1] lead counsel, lead counsel for Argent, class counsel and counsel for many of the opt-out plaintiffs;

WHEREAS, there are currently no outstanding discovery disputes between the parties requiring this Court's attention;

NOW THEREFORE, the parties, through their counsel of record, hereby respectfully request that this Court continue the Discovery Status Conference until August 16, 2007, or as soon thereafter as is convenient to the Court.

## IT IS SO STIPULATED AND RESPECTFULLY REQUESTED.

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc; and Argent Mortgage Company, LLC.

Dated:  July 6, 2007

By:___/s/ Gary Klein_____

*Plaintiffs' Co-Lead Counsel*

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500 ext. 15
Facsimile: (617) 357-5030

Kelly M. Dermody
Caryn Becker
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Jill Bowman
JAMES, HOYER, NEWCOMBER &
SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

Marvin A. Miller
MILLER LAW LLC
101 North blacker Drive, Ste. 2010
Chicago, IL 60606
Telephone: (312) 525-8316
Facsimile: (312) 525-8231

*Plaintiffs' Liaison Counsel*

Dated:  July 6, 2007                    By:____/s/ Daniel A. Edelman_____

                                        *Attorneys for Certain Plaintiffs*

                                        Daniel A. Edelman, Esq.
                                        EDELMAN, COMBS, LATTURNER, &
                                        GOODWIN, LLC
                                        120 S. LaSalle Street, 18th floor
                                        Chicago, IL 60603-3403

Dated:  July 6, 2007                    By:____/s/  Daniel S. Blinn_____
                                        *Attorneys for Certain Plaintiffs*

                                        Daniel S. Blinn
                                        Consumer Law Group
                                        35 Cold Spring Rd.
                                        Suite 512
                                        Rocky Hill, CT 06067
                                        (860) 571-0408

Dated:  July 6, 2007                    By:__/s/ Charles M. Delbaum_____

                                        *Attorneys for Certain Plaintiffs*

                                        Charles M. Delbaum
                                        National Consumer Law Center
                                        77 Summer Street
                                        10th Floor
                                        Boston, MA 02110
                                        (617)2266-0313

Dated:  July 6, 2007                          By:____/s/ Bernard E. LeSage_____

*Attorneys for Ameriquest Mortgage Company;*
*AMC Mortgage Services, Inc.; Town & Country*
*Credit Corporation; Ameriquest Capital*
*Corporation; Town & Country Title Services,*
*Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional
Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

Dated:  July 6, 2007                          By:____/s/ Thomas J. Wiegand_____

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703


## ORDER

Counsel for defendants and plaintiffs having so stipulated, IT IS ORDERED that: the

July 10, 2007 Case Status Conference is continued to _____ at _____ a.m/p.m.


**IT IS SO ORDERED.**

Dated:_____, 2007

_____
THE HONORABLE MORTON DENLOW
UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 6th day of July 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:___/s/ Bernard E. LeSage_____