IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br>*Calvin and Dora Brown v. Ameriquest Mortgage Company, et al.*, Case No. 06CV2830 | |

## DEFENDANT WM SPECIALTY MORTGAGE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant WM Specialty Mortgage, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs Calvin and Dora Brown's ("Plaintiffs") Complaint as follows.

## COMPLAINT

## INTRODUCTION

1.  Plaintiffs Calvin Brown and Dora Brown bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and state law.

**ANSWER:** Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant further objects to the term "affiliates" as vague. Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, or implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER: Defendant does not contest subject matter jurisdiction or personal jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3. Plaintiffs Calvin Brown and Dora Brown own and reside in a single-family home at 283 Cornell Avenue, Calumet City, IL 60409.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies such allegations.**

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies such allegations.**

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies such allegations..**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies such allegations.**

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies such allegations.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies such allegations.**

9. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies such allegations.**

10. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies such allegations.**

11. Defendant WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest

Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:** **Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real property located within the state of Illinois. Defendant admits that it holds title to some loans originated by Ameriquest Mortgage Company. Defendant does not dispute service.**

## FACTS RELATING TO PLAINTIFFS

12. Prior to Feb. 16, 2004, plaintiffs applied over the phone for a mortgage with Ameriquest Mortgage Company. Plaintiff Dora Brown spoke to an Ameriquest employee named "Brenda."

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies such allegations.**

13. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies such allegations.**

14. During the initial phone conversation, Brenda took plaintiffs' credit information, then told Dora Brown that plaintiffs qualified for a fixed-rate loan with an interest rate of 5.99%.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies such allegations.**

15. The loan, in the principal amount of $130,000, was closed with plaintiff Calvin Brown on Feb. 16, 2004, and with plaintiff Dora Brown on February 17, 2004.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies such allegations.**

16.     At the time of closing, Dora Brown was in Mississippi. Calvin Brown signed the documents in Illinois, and then Ameriquest sent them to Dora Brown by overnight mail.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies such allegations.**

17.     When she received the documents, Dora Brown realized that the loan terms were being altered to plaintiffs' detriment, as set forth on Exhibit A. In particular, the interest rate was increased from 5.99% to 7.55%, and the documents listed an adjustable rate instead of a fixed rate.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies such allegations.**

18.     Dora Brown called Brenda before signing to ask why the terms had changed. Brenda answered that plaintiffs did not have sufficient equity in their home to receive the 5.99% fixed rate.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies such allegations.**

19.     However, Ameriquest had pulled plaintiffs' credit reports and obtained sufficient financial information about the plaintiffs to evaluate the rate for which they qualified prior to quoting them the 5.99% rate.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies such allegations.**

20.     It was the policy and practice of Ameriquest Mortgage Company to engage in "bait and switch" loan solicitation practices, whereas one set of terms was initially quoted after Ameriquest had obtained sufficient information to provide an accurate quote, and then more onerous terms (such as a higher interest rate) were imposed immediately before the closing.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies such allegations.**

21. The following are documents relating to the loan:

   (a) A note, Exhibit B;

   (b) A mortgage, Exhibit C;

   (c) A settlement statement, Exhibit D;

   (d) A Truth in Lending disclosure statement, Exhibit E;

   (e) The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit F.

   (f) A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit G.

**ANSWER:** **Because the documents speak for themselves, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

22. Plaintiffs were charged a 2.792% "loan discount" fee, amounting to $3,629.60 Exhibit D line 802).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies such allegations.**

23. The "loan discount" was in addition to substantial other fees and charges, including a $626 "processing fee," a $360 "application fee," a $239 "administration fee," a $250 appraisal / property valuation fee, a $275 "settlement/ disbursement fee," a $70 "tax related service fee," a $16 "flood search fee," and a $60 "courier fee." See Exhibit D.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies such allegations.**

- 6 -

BN 1305270v1

24. Plaintiffs were informed by Ameriquest in <u>Exhibit H</u> that in exchange for the "loan discount" fee the interest rate on their loan was being reduced. In fact, no "discount" was provided in exchange for the "loan discount" fee.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies such allegations.**

25. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies such allegations.**

26. On information and belief, WM Specialty Mortgage LLC owns plaintiffs' loan.

**ANSWER:** **Defendant admits that it owns Plaintiffs' loan. Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

27. In the event WM Specialty Mortgage, LLC does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies such allegations.**

## COUNT I - TRUTH IN LENDING ACT

28. Plaintiffs incorporate paragraphs 1-27. This claim is against all defendants.

**ANSWER:** **Defendant restates its answers to paragraphs 1-27 in response to this paragraph.**

29. Because the transaction was secured by plaintiffs' home, and was not entered into .for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.2.3. Section 226.23 provides:

> (a) <u>Consumer's right to rescind</u>.
>
> > (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling,

BN 1305270v1

each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.]fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[,fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. 115 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires....

(f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:

(1) A residential mortgage transaction (defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the

- 8 -

acquisition or initial construction of such dwelling").

(2) A credit plan in which a state agency is a creditor.

**ANSWER:** **Because Paragraph 29 states legal conclusions, no answer is required.**

## GROUNDS FOR RESCISSION

30. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies such allegations.**

31. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies such allegations.**

32. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies such allegations.**

33. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies such allegations.**

BN 1305270v1

34. In addition, the documents are dated as though the transaction took place February 16, 2004, although plaintiff Dora Brown did not see the documents until February 17, 2004.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies such allegations.**

35. The misdating of these disclosures results in lack of clear and conspicuous disclosure of the deadline to rescind, in violation of 15 U.S.C. § 1635, § 1638(a) and 12 C.F.R. § 226.23(b)(5).

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis denies such allegations.**

36. Notice of rescission has been given to defendants. A copy is attached as Exhibit I.

**ANSWER: Defendant denies that Plaintiffs properly sought to rescind the loan against Defendant and denies that Plaintiffs have any right to rescind the loan against Defendant.**

37. The loan has not been rescinded.

**ANSWER: Defendant admits that the loan has not been rescinded. Defendant denies that Plaintiffs properly sought to rescind the loan against Defendant and denies that Plaintiffs have any right to rescind the loan against Defendant.**

38. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER: Because this paragraph states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

39. 15 U.S.C. §1635(g) provides:

Additional relief

BN 1305270v1

> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:** **Because Paragraph 39 states legal conclusions, no answer is required.**

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

40. Plaintiffs incorporate paragraphs 1-27. This claim is against Ameriquest Mortgage Company.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant restates its responses to paragraph 1-27 in response to this paragraph.**

41. Defendant Ameriquest Mortgage Company engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by:

   (a) Engaging in "bait and switch" practices, by promising a 5.99% fixed-rate loan after acquiring sufficient financial information to underwrite the loan, and then switching plaintiffs to a 7.55% adjustable-rate loan immediately prior to closing;

   (b) Charging a "loan discount" fee, representing (Exhibit H) that the purpose of the fee was to purchase a reduction in the interest rate, and then increasing rather than decreasing plaintiffs' rate.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies such allegations.**

42. Ameriquest engaged in such practices in the course of trade and commerce.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies such allegations..**

43. Ameriquest engaged in such practices for the purpose of inducing reliance on the part of borrowers, by entering into the disadvantageous transactions.

- 11 -

BN 1305270v1

<u>ANSWER</u>: **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis denies such allegations.**

44. Plaintiffs were damaged as a result.

<u>ANSWER</u>: **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and on that basis denies such allegations.**

45. Ameriquest's conduct was intentionally deceptive and malicious, warranting substantial punitive damages.

<u>ANSWER</u>: **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and on that basis denies such allegations.**

46. Defendant violated the Residential Mortgage License Act of 1987 and implementing regulations. The purpose of the Act is to "protect Illinois consumers seeking residential mortgage loans and to ensure that the residential mortgage lending industry is operating fairly, honestly and efficiently, free from deceptive and anti-competitive practices." 205 ILCS 635/1-2(b)(2005). The implementing regulations, at 38 Ill. Adm. Code 1050.1230 (2005), create an affirmative disclosure obligation <u>when the lender changes the borrowers' loan terms mid stream</u>:

> § 1050.1230 Changes Affecting Loans in Process.
>
> a) If it is determined that a borrower does not qualify for the loan amount, terms or program for which he or she applied and the costs of another recommended program would materially differ from the costs itemized on the Good Faith Estimate, the licensee immediately shall provide to the customer a written, and when possible, a verbal, plain-English explanation of any program the licensee recommends as one for which the borrower may be qualified. Such explanation shall include but not be limited to detailed information on costs to the borrower.

- 12 -

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies such allegations.**

47. The same regulations create an affirmative, general duty of good faith, defined as "honesty in fact in the conduct of the transaction." 38 Ill. Adm. Code 1050.1250(a)(2005), "that duty is as follows: "[a]ny disclosure or action required by the Act or this Part shall be made in good faith." Id. Defendant did not provide or attempt to provide, prior to closing, any oral or written notice of the last minute change in plaintiffs' loan terms.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and on that basis denies such allegations.**

## COUNT III – BREACH OF CONTRACT

48. Plaintiffs incorporate paragraphs 1-27.

**ANSWER:** **Defendant restates its answers to paragraphs 1-27 in response to this paragraph.**

49. This claim is against Ameriquest Mortgage Company.

**ANSWER:** **No answer is required.**

50. Defendant undertook and contracted to lower plaintiffs' interest rate if plaintiffs paid a loan discount fee. Exhibit H.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies such allegations.**

51. Plaintiffs paid a loan discount of $3,629.60. Exhibit D, line 802.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant**

BN 1305270v1

is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and on that basis denies such allegations.

52. Defendant failed to lower plaintiffs' interest rate and, in fact, raised it from 5.99% to 7.55%. <u>Exhibit A</u>.

**ANSWER:** Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis denies such allegations.

53. Defendant thereby breached its contract.

**ANSWER:** Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies such allegations.

54. Plaintiffs were damaged as a result.

**ANSWER:** Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies such allegations.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant WM Specialty Mortgage LLC prays this court to:

17. Dismiss Plaintiffs' Amended Complaint;

18. Enter judgment for Defendant and against Plaintiffs in this action;

19. Award Defendant its costs of suit; and

20. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: July 30, 2007

By: /s/ Bernard E. LeSage
*Attorneys for WM Specialty Mortgage LLC*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 30th day of July 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Bernard E. LeSage