## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Mary Ann Horne and Ann M. Parker v. Ameriquest Mortgage Company*;<br>Case No. 06 C 4715 | |

## DEFENDANT WM SPECIALTY MORTGAGE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs MARY ANN HORNE and ANN M. PARKER ("Plaintiffs") Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.      Plaintiffs Mary Ann Horne and Ann M. Parker bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or Regulation Z, 12 C.F.R. part 226.**

BN 1310728v1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general

federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).  Defendants transact

business in the District and are deemed to reside here.

**ANSWER:      Defendant does not contest subject matter jurisdiction.  Defendant denies
any remaining allegations of Paragraph 2.**

## PARTIES

3.      Plaintiffs own and reside in a home at 4716 Storyland Drive, Alton, IL  62002.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 3 and on that basis denies such
allegations.**

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which

maintains offices in and does business in Illinois.  Its registered agent and office are National

Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 4 and on that basis denies such
allegations.**

5.      Defendant Ameriquest Mortgage Company is engaged in the business of

originating "subprime" mortgages.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 5 and on that basis denies such
allegations.**

6.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 6 and on that basis denies such
allegations.**

7.      Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and

Regulation Z.

- 2 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.      During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period.  Ameriquest is the largest "direct to consumes" subprime mortgage originator in the United States.  During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.      Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Illinois.  Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.      Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.      Defendant WM Specialty Mortagage[sic], LLC, is a foreign corporation which transacts business in Illinois.  It holds legal title to some loans originated by Ameriquest Mortgage Company.  Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:** Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real property located within the state of Illinois. Defendant admits that it holds title to some loans originated by Ameriquest Mortgage Company. Defendant does not dispute service.

## FACTS RELATING TO PLAINTIFFS

12.     Prior to June 10, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company. At all relevant times, plaintiffs spoke to Ameriquest employee Bryan Thomas.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.

13.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.

14.     During the initial phone conversation, Mr. Thomas took plaintiffs' credit information and then told them that they qualified for monthly payments of approximately $700.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.

15.     Throughout the application process, Mr. Thomas confirmed with Ms. Parker and with Ms. Home separately that their monthly payments would be approximately $700.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.

BN 1310728v1

16.     Also during the application process, Mr. Thomas asked Ms. Parker over the phone questions about plaintiffs' home.  He explained that he had also ordered a report on their home from the county and that he had access to other information on plaintiffs' neighborhood.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.     Mr. Thomas then told Ms. Parker that the appraised value of plaintiffs' home was $170,000.  This amount was substantially and artificially inflated.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18.     Plaintiffs had not had an appraisal done since purchasing the home fifteen years earlier, and they were aware that prices in their neighborhood had been rising.  Plaintiffs also trusted Mr. Thomas.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.     A search conducted on March 27, 2007 (i.e., two years later) on Zillow.com shows the current appraised value of plaintiffs' home as $121,624.  Exhibit J.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.     The amount of the loan was $151,830 or 125% of the likely actual value of the home.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21. On information and belief, Bryan Thomas and/or Ameriquest intended to produce a fraudulent, inflated appraised value of plaintiffs' property for the purpose of increasing the loan amount for which plaintiffs' appeared to qualify and, thus, increasing Mr. Thomas's commission and Ameriquest's points, interest and profits.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22. Due to the inflated appraisal, which means plaintiffs owe more on the home than it is worth, plaintiffs' options for refinancing are severely limited. Most reputable lenders will not make a loan that exceeds 80% of the value of the home ("LTV"), at least not without also imposing expensive private mortgage insurance ("PMI").

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23. The loan was closed on June 10, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24. Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25. The following are documents relating to the loan:

    a. A note, Exhibit B;

    b. A mortgage, Exhibit C;

    c. A Truth in Lending statement, Exhibit D;

    d. "Itemization of settlement charges," Exhibit E;

BN 1310728v1

     e.      The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit F</u>;

     f.      A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit G</u>.

**<u>ANSWER</u>:**     **The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

26.     At closing, plaintiffs noticed that the monthly payment listed on their note was $1,343.66, almost twice the amount that Mr. Thomas had promised them!

**<u>ANSWER</u>:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     Plaintiffs protested to the closing agent. He replied that Ameriquest would fix the mistake but that, first, plaintiffs needed to sign all the documents.

**<u>ANSWER</u>:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.     Among the documents presented to plaintiffs for signature at closing were two separate loan applications that Mr. Thomas had prepared in advance, <u>Exhibit K</u>. (The highly sensitive, personal information has been redacted from these documents for the public record.)

**<u>ANSWER</u>:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.     [No Paragraph 29]

30.     The applications state that plaintiff Mary Ann Home's base monthly income was $3,466.67 and that she had $1,471.94 in "other" monthly income.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.     This statement was false.  In actuality, Mary Ann Home's base monthly income was between $2,000 and $2,500 and she had no substantial "other" income.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     The applications also state that plaintiffs originally bought their house for $72,000.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33.     This statement was also false.  In actuality, plaintiffs originally bought their house for $64,000.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34.     At all times, plaintiffs provided truthful and accurate information concerning their income and assets to Mr. Thomas.  The applications were two of scores of documents and hundreds of pages presented to plaintiffs at closing.  Plaintiffs did not learn about the misinformation on their loan application until after contacting their current attorneys.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.     Mr. Thomas and Ameriquest falsified the information in order to make it look like plaintiffs qualified for the loan, so that they could get higher fees and commissions.

BN 1310728v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

36.     Immediately after closing, plaintiff Ann M. Parker telephoned Bryan Thomas to fix what the closing agent explained as a simple mistake and to lower plaintiffs' monthly payments from $1,343.66 to the $700 payments they had been promised.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37.     Mr. Thomas never returned their calls.  Plaintiff Ann M. Parker continued to call him and leave messages every day for two or three months before finally giving up.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38.     Defendant violated the Residential Mortgage License Act of 1987 and implementing regulations.  The Act seeks to "protect Illinois consumers seeking residential mortgage loans and to ensure that the residential mortgage lending industry is operating fairly, honestly and efficiently, free from deceptive and anti-competitive practices." 205 ILCS 635/1-2(b)(2005).  The implementing regulations, at 38 Ill.Adm. Code 1050.1230 (2005), create an affirmative disclosure obligation when the lender changes the borrowers' loan terms mid-stream:

> **§ 1050.1230 Changes Affecting Loans in Process.**
>
> **a)      If it is determined that a borrower does not qualify for the loan amount, terms or program for which he or she applied and the costs of another recommended program would materially differ from the costs itemized on the Good Faith Estimate, the licensee immediately shall provide to the customer a written, and when possible, a verbal, plain-English explanation of any program the licensee recommends as one for which the borrower may be qualified.  Such explanation shall include but not be limited to detailed information on costs to the borrower.**

BN 1310728v1

The same regulations create an affirmative, general duty of good £with, defined as "honesty in fact in the conduct of the transaction." 38 Ill.Adm. Code 1050.1250(ax2005). That duty is as follows: "[a]ny disclosure or action required by the Act or this Part shall be made in good faith." Id. Defendant did not provide or attempt to provide, prior to closing, any oral or written notice of the last minute change it made in plaintiffs' loan terms.

**ANSWER:**    **Because Paragraph 38 states legal conclusions, no answer is required. Defendant denies any remaining allegations of Paragraph 38.**

39.     Furthermore, in connection with the loan, Ameriquest was supposed to pay plaintiffs' outstanding real estate taxes for 2003 and 2004. See Exhibit H. On information and belief, Ameriquest withheld a portion of the loan proceeds for this purpose.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

40.     In fact, Ameriquest never paid plaintiffs' taxes or did not disburse all of the amounts it was supposed to.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41.     Finally, Ameriquest delivered to plaintiffs at closing a document entitled "Understanding Your Options Regarding Interest Rates and Discount Points," which represents that payment of a loan discount fee will result in lower interest rate. Exhibit L.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42.     Plaintiffs paid the "loan discount" fee in the amount of $3,036.60. Exhibit E line 802. However, plaintiffs' interest rate was not discounted but instead was raised 8.99% to 10.1 %. Exhibit A.

- 10 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43.     Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

44.     On information and belief, WM Specialty Mortgage, LLC, owns plaintiffs' loan.

**ANSWER:** **Defendant admits it owns Plaintiffs' loan. Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

45.     In the event WM Specialty Mortgage, LLC, does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

## COUNT I - TILA

46.     Plaintiffs incorporate paragraphs 1-45.

**ANSWER:** **Defendant restates its answers to paragraphs 1-45 in response to this paragraph.**

47.     This claim is against all defendants.

**ANSWER:** **No answer is required.**

## RIGHT TO RESCIND

48.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

(a)     **Consumer's right to rescind.**

- 11 -

(1)     In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

(2)     To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)     The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,]fn]48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4)     When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)     <u>Notice of right to rescind</u>.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)     The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)     The consumer's right to rescind the transaction.

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)     The effects of rescission, as described in paragraph (d) of this section.

(5)     The date the rescission period expires....

(c) **Exempt transactions.** **The right to rescind does not apply to the following:**

   (1) **A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

   (2) **A credit plan in which a state agency is a creditor.**

**ANSWER:** **Because Paragraph 48 states legal conclusions, no answer is required.**

## GROUNDS FOR RESCISSION

49.   In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50.   Only one of the federal notices of right to cancel supplied to plaintiffs was properly completed, instead of the four required (i.e., two per mortgagor).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

51.   Further, the delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.  The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

- 13 -

BN 1310728v1

52.     The "one week" cancellation notice is also misleading, as the period given is actually only six days long.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 52 and on that basis denies such allegations.**

53.     Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 53 and on that basis denies such allegations.**

54.     In addition, Ameriquest failed to provide the required financial disclosures to plaintiffs, in violation of U.S.C. § 1637 and 12 C.F.R. § 226.18.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 54 and on that basis denies such allegations.**

55.     The Truth-in-Lending Disclosure Statement (Exhibit D) understates the amount of finance charge due to the fact that Ameriquest kept amounts that were supposed to have been disbursed to pay plaintiffs' taxes.  On information and belief, the amount of the understatement exceeded TILA's applicable tolerance.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 55 and on that basis denies such allegations.**

56.     Notice of rescission has been given to defendants.  A copy is attached as Exhibit I.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

57.     The loan has not been rescinded.

- 14 -

**ANSWER:** **Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

58.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 58 states legal conclusions, no answer is required.**

59.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.     A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.     Appropriate damages for putting plaintiffs in a loan based upon a fraudulently inflated appraised value;

c.     Statutory damages for the underlying disclosure violation;

d.     If appropriate, statutory damages for failure to rescind;

e.     Attorney's fees, litigation expenses and costs; and

f.     Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 59 states legal conclusions, no answer is required.**

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

60.     Plaintiffs incorporate paragraphs 1-45. This claim is against Ameriquest.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-45 in response to this paragraph.**

- 15 -

61.     Defendant engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 50512 by engaging in "bait and switch" practices by repeatedly offering plaintiffs monthly payments of approximately $700 after obtaining enough information to fully underwrite the loan, then nearly doubling plaintiffs' monthly payments to $1,343.66 immediately before closing.

**ANSWER:     Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

62.     Plaintiffs were induced to take out a loan from defendant by means of these and other misrepresentations and deceits.

**ANSWER:     Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63.     Defendant made these representations in the course of trade and commerce.

**ANSWER:     Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

64.     Plaintiffs have suffered multiple injuries as a result of defendant's misrepresentations.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

    a.     Compensatory and punitive damages;

    b.     Attorney's fees, litigation expenses and costs; and

    c.     Such other or further relief as the Court deems appropriate.

**ANSWER:     Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant**

is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 64 and on that basis denies such allegations.

## COUNT III - ILLINOIS CONSUMER FRAUD ACT

65. Plaintiffs incorporate paragraphs 1-45. This claim is against Ameriquest.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-45 in response to this paragraph.**

66. Defendant engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2 by intentionally inflating the original purchase price of plaintiffs' home from $64,000 to $72,000, and then intentionally inflating the appraised value of the home from approximately $122,000 to $170,000 in order to make it look like plaintiffs qualified for a higher loan amount and, thereby, to increase Ameriquest's own fees, commissions and profits.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 66 and on that basis denies such allegations.**

67. Plaintiffs were induced to transact with Ameriquest and sign for a mortgage with a high loan-to-value ratio by means of the misrepresentation that, based on the property value, they qualified for the loan.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 67 and on that basis denies such allegations.**

68. Defendant made these representations in the course of trade and commerce.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 68 and on that basis denies such allegations.**

69.     Plaintiffs have suffered multiple injuries as a result of defendant's misrepresentations.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      a.      Compensatory and punitive damages;

      b.      Attorney's fees, litigation expenses and costs; and

      c.      Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 69 and on that basis denies such allegations.**

## COUNT IV - ILLINOIS CONSUMER FRAUD ACT

70.     Plaintiffs incorporate paragraphs 1-45. This claim is against Ameriquest.

**ANSWER:** **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-45 in response to this paragraph.**

71.     Ameriquest engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 50512, by intentionally inflating plaintiff Mary Ann Horne's monthly income from between $2,000 and $2,500 to $4,938.61 in order to make it appear that plaintiffs qualified for a higher loan amount and, thereby, to increase Ameriquest's own fees, commissions and profits.

**ANSWER:** **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 71 and on that basis denies such allegations.**

72.     Plaintiffs were induced to transact with Ameriquest and sign for a mortgage with by means of the misrepresentation that, based on their income, they qualified for the loan.

- 18 -

**ANSWER:** **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 72 and on that basis denies such allegations.**

73.    Defendant made these representations in the course of trade and commerce.

**ANSWER:** **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 73 and on that basis denies such allegations.**

74.    Plaintiffs have suffered multiple injuries as a result of defendant's misrepresentations.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

       a.    Compensatory and punitive damages;

       b.    Attorney's fees, litigation expenses and costs; and

       c.    Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count IV is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 74 and on that basis denies such allegations.**

### COUNT V-COMMON LAW FRAUD

75.    Plaintiffs incorporate paragraphs 1-45. This claim is against Ameriquest.

**ANSWER:** **Because Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant restates its answers to paragraph 1-45 in response to this paragraph.**

76.    Defendant represented that plaintiffs qualified for the loan based on the appraised value of plaintiffs' property and the amount of their income.

**ANSWER:** **Because Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant**

- 19 -

**is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 76 and on that basis denies such allegations.**

77. Defendant fraudulently inflated the value of plaintiffs' property and the amount of plaintiffs' income. Therefore, the representations that plaintiffs qualified for the loan and could afford it were also false and fraudulent.

**ANSWER:** **Because Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 77 and on that basis denies such allegations.**

78. The value of plaintiffs' property and the amount of their income and assets was information that was material to the terms of their transaction with defendants.

**ANSWER:** **Because Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 78 and on that basis denies such allegations.**

79. At the time defendant falsified the income and property value information, it knew that these representations were false.

**ANSWER:** **Because Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 79 and on that basis denies such allegations.**

80. Defendants made the representations with the intent that they would be acted upon by plaintiffs.

**ANSWER:** **Because Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 80 and on that basis denies such allegations.**

81. In reliance on defendants' representations, plaintiffs closed on the loan with Ameriquest.

- 20 -

**ANSWER:** **Because Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 81 and on that basis denies such allegations.**

82. As a result of Ameriquest's inflated appraised value, plaintiffs have been injured in that, among other things, they have been and will continue to be overcharged and are unable to refinance with another company.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendant for:

a. Actual and compensatory damages;

b. Punitive damages; and

c. Such other relief as the Court deems appropriate.

**ANSWER:** **Because Count V is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 82 and on that basis denies such allegations.**

## COUNT VI - BREACH OF CONTRACT

83. Plaintiffs incorporate paragraphs 1-45. This claim is against Ameriquest.

**ANSWER:** **Because Count Because Count VI is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.**

84. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiff paid a loan discount fee. Exhibit L.

**ANSWER:** **Because Count Because Count VI is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 84 and on that basis denies such allegations.**

- 21 -

85. Plaintiffs paid the fee, but their interest rate was actually increased from 8.99% to 10.1%. Exhibit E, Line 802 and Exhibit A.

**ANSWER:** **Because Count Because Count VI is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 85 and on that basis denies such allegations.**

86. Ameriquest thereby breached its agreement.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiff and against defendant for:

   a.   Appropriate damages;

   b.   Costs.

   c.   Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count Because Count VI is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 86 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant WM Specialty Mortgage LLC prays this court to:

1. Dismiss Plaintiffs' Amended Complaint;

- 23 -

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: July 30, 2007

By: /s/ Bernard E. LeSage

*Attorneys for WM Specialty Mortgage LLC*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1310728v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 30th day of July, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/  Connie Madrigal_____

BN 1310728v1