## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *James Besterfield v. Ameriquest Mortgage Company*; Case No. 06 C 2676 | |

## DEFENDANT WM SPECIALTY MORTGAGE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE LLC ("Defendant"), by and through its attorneys, answers Plaintiff JAMES BESTERFIELD's ("Plaintiff") Amended Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.     Plaintiff James Besterfield brings this action against a "subprime" mortgage lender and its affiliates to (a) rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and (b) secure damages for unfair and deceptive lending practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

**ANSWER:**     **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226, or any state law.**

- 1 -

<u>**JURISDICTION AND VENUE**</u>

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general

federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).  Defendants transact

business in the District and are deemed to reside here.

**<u>ANSWER:</u>      Defendant does not contest subject matter jurisdiction.  Defendant denies
any remaining allegations of Paragraph 2.**

<u>**PARTIES**</u>

3.      Plaintiff James Besterfield owns and resides in a home at 2543 Alexander St.,

Homewood, IL 60430.  He is a resident, domiciliary and citizen of Illinois.

**<u>ANSWER:</u>      Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 3 and on that basis denies such
allegations.**

4.      Defendant Ameriquest Mortgage Company is a Delaware corporation with its

principal place of business in California.  It maintains offices in and does business in Illinois.  Its

registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**<u>ANSWER:</u>      Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 4 and on that basis denies such
allegations.**

5.      Defendant Ameriquest Mortgage Company is engaged in the business of

originating"subprime" mortgages.

**<u>ANSWER:</u>      Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 5 and on that basis denies such
allegations.**

6.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**<u>ANSWER:</u>      Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 6 and on that basis denies such
allegations.**

BN 1311159v1

7.      Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.      During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period.  Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States.  During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.      Defendant AMC Mortgage Services, Inc. is a Delaware corporation with its principal place of business in California.  It does business in Illinois.  Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.      Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.      Defendant WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Indiana.  It holds legal title to some loans originated by Ameriquest

Mortgage Company, including Plaintiff's. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:** **Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real property located within the state of Illinois. Defendant admits that it holds title to some loans originated by Ameriquest Mortgage Company. Defendant does not dispute service.**

## FACTS RELATING TO PLAINTIFF

12.     Prior to Jan. 11, 2005, plaintiff applied for a mortgage with Ameriquest Mortgage Company. At all times relevant to this action, plaintiff spoke to Ameriquest employee Stephen Coulom.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     Plaintiff needed and used the loan for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     During plaintiff's initial phone conversation with Coulom, Coulom took his credit information and told him that he would be approved for a 6.65% interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     The loan was closed on Jan. 11, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

BN 1311159v1

16. The closing took place in Ameriquest's offices. At the beginning, plaintiff sat down with a notary and began signing documents listing the 6.65% interest rate that he had been promised.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17. However, before plaintiff finished signing, Coulom interrupted and told plaintiff that his superiors wouldn't allow him to close the loan at 6.65%. Coulom gathered all of the closing documents to take back, and banded the notary a new set of documents with an interest rate of 7%.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18. Coulom also warned plaintiff not to begin signing these documents until he could double-check with his superiors that these were the correct terms.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19. Coulom left the room, and then came back a second time to tell plaintiff that his superiors were insisting on a 7.5% interest rate, and that Coulom would have to reprint new documents. He then took away the second package of closing documents and brought in a third package, listing an interest rate of 7.5%.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20. At this point, plaintiff only continued with closing because he was about to return to school full-time and needed his cash out to live on for the next couple years.

- 5 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.    The changing loan terms are represented on a document entitled "Borrowers' Acknowledgement of Final Loan Terms," attached as <u>Exhibit A</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.    Defendant violated the Residential Mortgage License Act of 1987 and implementing regulations.  The purpose of the Act is to "protect Illinois consumers seeking residential mortgage loans and to ensure that the residential mortgage lending industry is operating fairly, honestly and efficiently, free from deceptive and anti-competitive practices." 205 ILCS 635/1-2(b)(2005).  The implementing regulations, at 38 Ill. Adm. Code 1050.1230 (2005), create an affirmative disclosure obligation when the lender changes the borrowers' loan terms mid-stream:

> **§ 1050.1230 Changes Affecting Loans in Process.**
>
> **a) If it is determined that a borrower does not qualify for the loan amount, terms or program for which he or she applied and the costs of another recommended program would materially differ from the costs itemized on the Good Faith Estimate, the licensee immediately shall provide to the customer a written, and when possible, a verbal, plain-English explanation of any program the licensee recommends as one for which the borrower may be qualified.  Such explanation shall include but not be limited to detailed information on costs to the borrower.**

The same regulations create an affirmative, general duty of good faith, defined as "honesty in fact in the conduct of the transaction."38 Ill.Adm. Code 1050.1250(a)(2005).  That duty is as follows: "[a]ny disclosure or action required by the Act or this Part shall be made in good faith." <u>Id</u>.  Defendant did not provide or attempt to provide, prior to closing, any oral or written notice of the last minute change in Plaintiff's loan terms.

**ANSWER:** **Because Paragraph 22 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

23. The following are documents relating to the loan:

    a. A note, Exhibit B;

    b. A mortgage, Exhibit C;

    c. A settlement statement, Exhibit D;

    d. A Truth in Lending disclosure statement, Exhibit E;

    e. The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit F;

    f. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit G.

**ANSWER:** **The documents speak for themselves, therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

24. Plaintiff was charged a "loan discount" of $6,044.12, or 3.8390% of the principal. Exhibit D, line 802. This was in addition to an appraisal fee of $200, a tax related service fee of $70, a flood search fee of $9, a lenders processing fee of $626, an administration fee of $239, a property valuation fee of $125, and an application fee of $360. All of these charges were retained by Ameriquest from the loan proceeds.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25. Defendant represented at the closing, by means of a standard form document (Exhibit H), that the retention of the "loan discount" from the loan proceeds was in exchange for a reduction in the interest rate.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26. This representation was false. In fact, the interest rate was not reduced, but increased.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27. Plaintiff was later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28. On information and belief, WM Specialty Mortgage, LLC owns plaintiff's loan.

**ANSWER:** **Defendant admits that it owns Plaintiff's loan. Defendant denies any wrongdoing and denies any liability to Plaintiff.**

29. In the event WM Specialty Mortgage, LLC does not own plaintiff s loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

## PRACTICES COMPLAINED OF

30. Ameriquest has engaged in and continues to engage in a uniform common plan and scheme to prey upon unsuspecting consumers by routinely charging misleading and inappropriate "discount" fees.

**ANSWER:** **Because the allegations in Paragraph 30 are directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

- 8 -

31.     Ameriquest trains and encourages its Account Executives to engage in any conduct necessary to close the greatest number of loans as quickly as possible and to maximize the total loan principal.  Ameriquest loan officers, called account executives, across the country, including those in Illinois, receive daily leads on new customers that are generated by software at Ameriquest's Orange, California, headquarters.  These leads target homeowners who are carrying both a mortgage and significant credit card and/or other consumer debt; persons who have mobile home mortgages; persons with less than perfect credit; and other financially-vulnerable persons.  These homeowners are solicited through repeated mailers, telephone calls, and/or personal visits by Ameriquest sales personnel, all inviting them to consolidate their debts or to obtain money for expenses, with false and misleading promises of more favorable loan terms and/or reduced monthly payments.  Ameriquest profits by obtaining high fees upfront and high interest rates in the interim, and often by selling its loan portfolios to other companies.

**ANSWER:     Because the allegations in Paragraph 31 are directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     Ameriquest systematically trains its sales personnel through standardized sales presentations (videos) developed at its corporate headquarters in Orange, California as well as by use of the movie "Boiler Room" which depicts unethical and illegal high-pressure sales practices by a securities brokerage firm.  These videos demonstrate high-pressure mortgage sales, while failing to train employees on the legal requirements and regulations for mortgage lending.

**ANSWER:     Because the allegations in Paragraph 32 are directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33.     Ameriquest also trains its sales personnel to routinely rush borrowers through the lengthy, complex documentation of the regulated closing process so as to divert the borrowers'

- 9 -

attention from the documented terms of the loan, including the bogus "loan discount." Moreover, Ameriquest trains its Account Executives to overcome objections raised by borrowers at closing, by offering immediate cash pending the closing of the loan, and by assuring borrowers that they can refinance with better terms after improving their credit score, without disclosing that they could be subject to the prepayment penalty, higher interest rates and other fees if they did so.

**ANSWER:**     **Because the allegations in Paragraph 33 are directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

## COUNT I - TRUTH IN LENDING ACT

34.     Plaintiff incorporates paragraphs 1-33. This claim is against all defendants.

**ANSWER:**     **Defendant restates its answers to paragraphs 1-33 in response to this paragraph.**

## RIGHT TO RESCIND

35.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a)     **Consumer's right to rescind.**
>
> (1)     **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (1) of this section.[fn]47**
>
> (2)     **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

- 10 -

(3)     The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material - disclosures, [fn]48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4)     When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)     Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)     The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)     The consumer's right to rescind the transaction.

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)     The effects of rescission, as described in paragraph (d) of this section.

(5)     The date the rescission period expires....

(c)     Exempt transactions.  The right to rescind does not apply to the following:

(1)     A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2)     A credit plan in which a state agency is a creditor.

**ANSWER:**     Because Paragraph 35 states legal conclusions, no answer is required.

- 11 -

## GROUNDS FOR RESCISSION

36.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38.     Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations.**

39.     Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

40.     Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit L</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41. The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiff's loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiff and denies Plaintiff may rescind his mortgage.**

42. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 42 states legal conclusions, no answer is required.**

43. 15 U.S.C. §1635(g) provides:

> **Additional relief**
>
> **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

     a.    A judgment voiding plaintiffs mortgage, capable of recordation in the public records, and binding on defendants;

     b.    Statutory damages for the underlying disclosure violation;

     c.    If appropriate, statutory damages for failure to rescind;

     d.    Attorney's fees, litigation expenses and costs.

     e.    Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 43 states legal conclusions, no answer is required.**

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

44. Plaintiff incorporates paragraphs 1-33. This claim is against Ameriquest.

- 13 -

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-33 in response to this paragraph.**

45.     Ameriquest engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILLS 505/2, by (a) representing that the retention from the loan proceeds of a "loan discount" would result in a reduction of the interest rate (Exhibit H) and (b) then increasing instead of reducing the interest rate (Exhibit A).

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46.     Plaintiff was induced to acquiesce in the deduction from the loan proceeds of the loan discount by means of this misrepresentation.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47.     Defendant Ameriquest made the representation in the course of trade and commerce.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48.     Defendant Ameriquest made the representation for the purpose of inducing reliance, in the form of Ameriquest's retention from the loan proceeds of "loan discount."

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

　　　　　　　a.　　　Compensatory and punitive damages;

　　　　　　　b.　　　Attorney's fees, litigation expenses and costs; and

c.     Such other or further relief as the Court deems appropriate.

**ANSWER:**     **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

## COUNT III - ILLINOIS CONSUMER FRAUD ACT

49.     Plaintiff incorporates paragraphs 1-33. This claim is against Ameriquest.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-33 in response to this paragraph.**

50.     Ameriquest engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by engaging in "bait and switch" tactics, through (A) representing to plaintiff that he would have a 6.65% interest rate after obtaining enough information to fully underwrite the loan and through signing some documents at closing, (B) changing plaintiff's interest rate mid-closing to 7%, and (C) changing plaintiff s rate a second time mid-closing to 7.5%.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

51.     Plaintiff was induced to take out the loan by means of these misrepresentations.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

52.     Defendant Ameriquest made the representations in the course of trade and commerce.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant**

is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 52 and on that basis denies such allegations.

53. Defendant Ameriquest made the representation for the purpose of, inducing reliance, in the form of plaintiff taking out the loan at a higher interest rate.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

        a.     Compensatory and punitive damages;

        b.     Attorney's fees, litigation expenses and costs; and -

        c.     Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 53 and on that basis denies such allegations.**

## COUNT IV -BREACH OF CONTRACT

54. Plaintiff incorporates paragraphs 1-33.

**ANSWER:** **Because Count IV appears to be directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-33 in response to this paragraph.**

55. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiff paid a loan discount fee. Exhibit H.

**ANSWER:** **Because Count IV appears to be directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 55 and on that basis denies such allegations.**

56. Plaintiff paid the fee (Exhibit D, line 802) but did not receive a discounted rate (Exhibit A).

BN 1311159v1

**ANSWER:** **Because Count IV appears to be directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

57. Ameriquest thereby breached its agreement.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

      a. Appropriate damages;

      b. Costs.

**ANSWER:** **Because Count IV appears to be directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 57 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10.     Plaintiff, by his knowledge, statements and/or conduct, consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13.     Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

### PRAYER

Defendant WM Specialty Mortgage LLC prays this court to:

1.      Dismiss Plaintiff's Amended Complaint;

2.      Enter judgment for Defendant and against Plaintiff in this action;

3.      Award Defendant its costs of suit; and

4.  Grant Defendant any and all further and additional relief as it deems just and appropriate.

                                        Respectfully submitted,

DATED:  July 30, 2007                   By:  /s/ Bernard E. LeSage
                                             *Attorneys for WM Specialty Mortgage LLC*

                                        Bernard E. LeSage, Esq.
                                        Sarah K. Andrus, Esq.
                                        BUCHALTER NEMER, a P.C.
                                        1000 Wilshire Boulevard, Suite 1500
                                        Los Angeles, CA 90017-2457
                                        Telephone: (213) 891-0700
                                        Facsimile: (213) 896-0400

- 19 -

## <u>CERTIFICATE OF SERVICE</u>

I, Connie Madrigal, hereby certify that on this 30th day of July, 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/  Connie Madrigal_____