**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Eric Smith, et al. v. Ameriquest Mortgage Company*; Case No. 05 C 0648 | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant DEUTSCHE BANK NATIONAL TRUST as Trustee of Ameriquest

Mortgage Securities, Inc. ("Defendant" or "Deutsche Bank"), by and through its attorneys,

answers Plaintiffs ERIC SMITH and GUILLERMINA YANONG ("Plaintiffs") Amended

Complaint as follows.

**SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1.     Plaintiffs Eric Smith and Guillermina Yanong bring this action against a

"subprime" mortgage lender to rescind mortgages for violation of the Truth in Lending Act, 15

U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12

C.P.R. part 226.

**ANSWER:**     **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant
objects to the term "subprime" as vague. Defendant is without knowledge or
information sufficient to form a belief as to the truth of the intended
characterization of the term "subprime." Defendant denies all remaining
allegations of Paragraph 1. Defendant specifically denies that it violated the
Truth in Lending Act, 15 U.S.C. § 1601 et seq., or Regulation Z, 12 C.F.R.
part 226.**

- 1 -

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.G. §1640 (Truth in Lending Act). Defendant does business in the District and is deemed to reside here.

**ANSWER:**     **Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.     Plaintiffs own and reside in a home at 1844 South 60th Court, Cicero, Illinois.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.     Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606. It is engaged in the business of originating "subprime" mortgages and makes more than 26 loans per year.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.     Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:**     **Defendant admits that it is a federally chartered bank with a place of business located at 1761 St. Andrew Place, Santa Ana, California 92705. Deutsche Bank denies all remaining allegations of Paragraph 5.**

6.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It is the

- 2 -

beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs.' It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7. Defendant AMC Mortgage Services, Inc. ("AMC"), is a Delaware Corporation with its principal place of business in Orange, CA. It does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 West Adams Street, Chicago, IL, 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8. Defendants Ameriquest and AMC are corporate affiliates.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS

9. On February 20, 2002, plaintiffs obtained a mortgage loan from Ameriquest secured by their home at 1844 South 60th Court, Cicero, Illinois.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. Plaintiffs needed and used the loan proceeds for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. The loan was closed on February 20, 2002.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12. On February 20, 2002, plaintiffs signed or received the following documents relating to the loan:

      a.    Note, <u>Exhibit A</u>;

      b.    Mortgage, <u>Exhibit B</u>;

      c.    A Truth in Lending disclosure statement, <u>Exhibit C</u>;

      d.    Two different notices of right to cancel, <u>Exhibits D and E</u>;

      e.    A settlement statement on form HUD-1A, <u>Exhibit F</u>.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

13. Ownership of plaintiff's loan was later transferred to defendant Deutsche Bank. Deutsche Bank is the present holder of the loan.

**ANSWER:** **Defendant objects to the term "holder" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended meaning of the term "holder". Defendant admits that it serves as Trustee for Ameriquest Mortgage Loan Trust 2002-A, Freddie Mac Structured Pass-Through Certificates, Series T39 Closing March 18, 2002.**

14. Defendant Ameriquest subsequently transferred servicing of plaintiff's loan to defendant AMC. AMC was the final servicer of the loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15. On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial

owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2004-R3 under the Pooling & Servicing Agreement dated as of April 1, 2004 Without Recourse.

**ANSWER:**     **Defendant denies the allegations of Paragraph 15.**

16.     In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

## RIGHT TO RESCIND

17.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a)    **Consumer's right to rescind.**

        **(1)    In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

        **(2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

        **(3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's**

interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4)     When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)     <u>Notice of right to rescind</u>.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)     The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)     The consumer's right to rescind the transaction.

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)     The effects of rescission, as described in paragraph (d) of this section.

(5)     The date the rescission period expires....

(c)     <u>Exempt transactions</u>.  The right to rescind does not apply to the following:

(1)     A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2)     A credit plan in which a state agency is a creditor.

<u>ANSWER:</u>     Because Paragraph 17 states legal conclusions, no answer is required.

## <u>GROUND FOR RESCISSION</u>

18.     The payment schedule is not fully and completely disclosed on <u>Exhibit D</u>.

BN 1312449v1

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

19.     Exhibit F detracts from and obfuscates Exhibit E. Exhibit F suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees, or the procedural protections of § 1635. It also provides for a different method of counting days and requires actual receipt of the notice by Ameriquest within the specified time.

**ANSWER:** **The documents speak for themselves, therefore no answer is required. Further, because Paragraph 19 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because Paragraph 20 states legal conclusions, no answer is required.**

## VIOLATIONS ALLEGED

21.     The failure to fully and completely disclose the payment schedule violates 15 U.S.C. §1638 and 12 C.F.R. §226.28.

**ANSWER:** **Because Paragraph 21 states legal conclusions, no answer is required.**

22.     The provision of inconsistent and confusing notices of right to cancel violates 15 U.S.C. §1635 and 1-2 C.F.R. §226.23.

BN 1312449v1

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

a.     A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendant;

b.     Statutory damages for the underlying disclosure violation;

c.     If appropriate, statutory damages for failure to rescind;

d.     Attorney's fees, litigation expenses and costs,

e.     Such other or further relief as the Court deems appropriate.

**ANSWER:**     **Because Paragraph 22 states legal conclusions, no answer is required.**

### AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

- 8 -

other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

BN 1312449v1

## **PRAYER**

Defendant Deutsche Bank prays this court to:

1.     Dismiss plaintiffs' Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.


Respectfully submitted,

DATED:  July 30, 2007

By:  /s/ Bernard E. LeSage
    *Attorneys for Deutsche Bank National*
    *Trust .*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 10 -

## <u>CERTIFICATE OF SERVICE</u>

I, Connie Madrigal, hereby certify that on this 30th day of July, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: _____ /s/ Connie Madrigal _____

BN 1312449v1