**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE AMERIQUEST MORTGAGE CO.** | ) | **MDL NO. 1715** |
| **MORTGAGE LENDING PRACTICES** | ) | |
| **LITIGATION** | ) | **Lead Case No. 05 C 07097** |
| | ) | |
| | ) | **(Centralized before Judge Aspen)** |
| | ) | |
| **GERALDINE W. HOLT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. 07 C 3843** |
| | ) | |
| **AMERIQUEST MORTGAGE COMPANY,** | ) | **Judge Manning** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR REASSIGNMENT OF
RELATED ACTION**

Defendant, Ameriquest Mortgage Company, ("Defendant"), moves, pursuant to Northern District of Illinois Local Rule 40.4(c), to reassign this lawsuit to the pending MDL proceeding, In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation, MDL Docket No. 1715, Lead Case No. 05 C 7097 (Aspen, J.) ("Ameriquest MDL Litigation"). In support of its motion, Defendant states as follows:

**Introduction**

1.      There is pending in the U.S. District Court for the Northern District of Illinois the MDL proceeding In re Ameriquest Mortgage Co., Mortgage Lending Practices Litigation, MDL Docket No. 1715, Lead Case No. 05 C 7097 (Aspen, J.) ("Ameriquest MDL Litigation"). The Ameriquest MDL Litigation includes hundreds of lawsuits challenging loans originated by Ameriquest Mortgage Company.

2.        Reassignment of this lawsuit is warranted for two reasons.  First, this lawsuit is "related" under Local Rule 40.4(a) to many of the actions now pending in the Ameriquest MDL Litigation.  Plaintiff in this lawsuit asserts violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, including the alleged failure to properly disclose the borrowers' right to cancel the loan.  There presently are more than 150 individual lawsuits pending in the Ameriquest MDL Litigation that advance the same allegations, including Borrowers' Consolidated Class Action Complaint.

3.        Second, all of the conditions for reassignment of this lawsuit under Local Rule 40.4(b) are satisfied:  this lawsuit is pending before another judge in this District; the handling of this lawsuit by this Court will result in a substantial saving of judicial time and effort; this lawsuit has not progressed to the point where transferring it to the Ameriquest MDL Litigation would likely delay the proceedings substantially; and this lawsuit and the actions in the Ameriquest MDL Litigation are susceptible to disposition in a single proceeding because they have substantial areas of overlap.

4.        Recently, this Court, in a different lawsuit filed by Plaintiff's counsel, on behalf of different borrower-Plaintiffs, granted Defendants' motion for reassignment of related action (see Yeaman v. Ameriquest Mortgage Co., No. 06 C 6967 (N.D. Ill. May 9, 2007), attached as Exhibit A).

## Argument

5.        To have a lawsuit reassigned based on relatedness, the movant must satisfy both Local Rule 40.4(a) and (b).  Donahue v. Elgin Riverboat Resort, No. 04 C 816, 2004 WL 2495642, at *2 (N.D. Ill. Sept. 28, 2004).  This Court has the sound discretion to reassign a lawsuit under Local Rule 40.4.  Clark v. Ins. Car Rentals Inc., 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999).  Local Rule 40.4(a) provides that cases are "related" if:  (1) the lawsuits involve the same property; (2) the lawsuits involve some of the same issues of fact or law, (3) the lawsuits grow out of the same transaction or occurrence; or (4) in class action lawsuits, one or more of the classes involved in the

lawsuits is or are of the same. Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related." Fairbanks Capital Corp. v. Jenkins, No. 02-C-3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002). Rather, it is enough that the lawsuits "involve some of the same issues of fact or law." Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc., No. 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003) (emphasis in original).

6.     Once the lawsuits have been found to be related, Local Rule 40.4(b) imposes four additional conditions that must be satisfied before a lawsuit may be reassigned: (1) both lawsuits must be pending in the Northern District of Illinois; (2) reassignment must result in a substantial saving of judicial time and effort; (3) the earlier lawsuit must not have progressed to the point where designating the lawsuits as related would be likely to delay the proceedings in the earlier lawsuit substantially; and (4) the lawsuits must be susceptible of disposition in a single proceeding. Reassignment of this lawsuit to the Ameriquest MDL Litigation and this Court satisfies the requirements of Local Rule 40.4(a) and (b); this Court should grant this motion for reassignment.

**Lawsuit Is "Related" Under Local Rule 40.4(a).**

7.     This lawsuit is "related" under Local Rule 40.4 to many actions now pending in the Ameriquest MDL Litigation. In this lawsuit, Plaintiff alleges that Defendant violated TILA by failing to provide Plaintiff with proper notice of its TILA rescission rights (Holt Complaint, ¶¶ 1, 13-16, attached without its exhibits, as Exhibit B). Presently, there are more than 150 actions pending in the Ameriquest MDL Litigation that involve allegations that Defendants violated TILA by failing to provide borrowers with proper notice of their TILA rescission rights. Accordingly, this lawsuit is "related" to these actions within the meaning of Local Rule 40.4(a).

**The Conditions For Reassignment Under Local Rule 40.4(b) Are Satisfied.**

8.     All of the conditions for reassignment of this lawsuit under Local Rule 40.4(b) are satisfied. First, this lawsuit is pending before another judge in this District (Judge Manning).

Second, the handling of this lawsuit by this Court unquestionably will result in a substantial savings of judicial time and effort. Indeed, the Seventh Circuit Court of Appeals has criticized judges of this District for permitting separate lawsuits involving similar claims and the same defendants to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals. See, e.g., Smith v. Check-N-Go of Illinois, Inc., 200 F.3d 511, 513 (7th Cir. 1999). Third, this lawsuit was filed recently, in July 2007. This lawsuit is at the beginning; it has not progressed to the point where designating this lawsuit is "related" would delay the proceedings. Finally, this lawsuit and the actions in the Ameriquest MDL Litigation are susceptible to disposition in a single proceeding because they assert common legal claims under TILA.

9.    Accordingly, this Court, as in Yeaman, should reassign this lawsuit to the Ameriquest MDL Litigation as a "related" action for pretrial proceedings along with the other pending lawsuits in the Ameriquest MDL Litigation.

WHEREFORE, Defendant, Ameriquest Mortgage Company, respectfully requests that this Court grant Defendant's motion for reassignment of related action and reassign this lawsuit, Holt, as a "related" action to the Ameriquest MDL Litigation.

Dated: July 31, 2007

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY,
Defendant

By:  s/ Jonathan N. Ledsky
     One of its Attorney

Craig A. Varga
Jonathan N. Ledsky
Scott J. Helfand
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue, Suite 350
Chicago, Illinois  60604
(312) 341-9400

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the foregoing **Defendant's Motion for Reassignment of Related Action** was filed electronically via CM/ECF e-Filing this 31st day of July, 2007. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**1:05-cv-7097 Notice has been electronically mailed to:**

Lloyd J. Brooks     brooks@thebrooksfirm.com

Sarah K. Andrus     sandrus@buchalter.com

Charles McLeod Baird     charlesmbaird@att.net

Caryn Becker     cbecker@lchb.com, glewis@lchb.com

Anne A Bergman     aabergman@aol.com

Daniel S. Blinn     dblinn@consumerlawgroup.com, tbenoit@consumerlawgroup.com

Brandon A Block     bblock@buchalter.com

Jill Henniger Bowman     jbowman@jameshoyer.com

James McGinnis Boyers     jboyers@woodmclaw.com, scraig@woodmclaw.com

Brian Lewis Bromberg     brian@bromberglawoffice.com, brian.bromberg@gmail.com

Jimmie H. Brown     help@bspclaw.com

James Michael Dash     jdash@muchshelist.com

Charles M. Delbaum     cdelbaum@nclc.org

Kelly M Dermody     kdermody@lchb.com

Daniel A. Edelman     courtecl@edcombs.com, dedelman@edcombs.com

Rachel Geman     rgeman@lchb.com

Tara Leigh Goodwin     tgoodwin@edcombs.com

Daniel Mark Harris     lawofficedh@yahoo.com

Stanley L. Hill     stanhill@megsinet.net

5

Albert F Hofeld , Jr    ahofeld@edcombs.com

Jean K. Janes    jjanes@muchshelist.com

Evan Jay Kaufman    ekaufman@lerachlaw.com

Shennan Kavanagh    kavanagh@roddykleinryan.com

Keith James Keogh    Keith@Keoghlaw.com, Linda@Keoghlaw.com

Synde B. Keywell    skeywell@ngelaw.com, kdalsanto@ngelaw.com

Stephen Philip Kikoler    skikoler@muchshelist.com

Gary Edward Klein    klein@roddykleinryan.com, pereira@roddykleinryan.com

Richard A. Kudla    richard.kudla@aig.com

Bernard E. LeSage    blesage@buchalter.com

Jonathan N. Ledsky    jledsky@vblhc.com, sortega@vblhc.com

Richard Andre Lilly    rlilly@ademilaw.com

Greg J. Miarecki    gmiarecki@winston.com, ECF_CH@winston.com, ppratt@winston.com

Marvin Alan Miller    Mmiller@millerlawllc.com, Jramirez@millerlawllc.com, Lfanning@millerlawllc.com

Melinda J. Morales    mmorales@muchshelist.com, rmclarney@muchshelist.com

Andrew G. Pizor    apizor@consumerlawgroup.com, tbenoit@consumerlawgroup.com

Dominic J. Rizzi    drizzi@caffertyfaucher.com

Samuel H Rudman    srudman@lerachlaw.com

Lorne Todd Saeks    lsaeks@muchshelist.com, xreyes@muchshelist.com

Ralph O. Scoccimaro    help@bspclaw.com

Terry A Smiljanich    tsmiljanich@jameshoyer.com, dstephens@jameshoyer.com, jbowman@jameshoyer.com, lmartin@jameshoyer.com

Kristina M Van Buskirk    Kvanbuskirk@ngelaw.com

Craig Allen Varga    cvarga@vblhc.com

Thomas Joseph Wiegand     twiegand@winston.com, ECF_CH@winston.com

Further, Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the

foregoing **Defendant's Motion for Reassignment of Related Action** was served upon:

Lloyd L. Brooks
The Brooks Law Firm
15008 Woodlawn Avenue, 1st Floor
Dolton, Illinois 60419

Richard P. Colbert
Day, Berry & Howard
One Canterbury Green
Stamford, CT 06901-2047

Elmer E. Evans
1137 13th Street
Des Moines, IA 50314

GMAC Mortgage Corporation
Wooden & McLaughlin
211 North Pennsylvania
One Indiana Square
Suite 1800
Indianapolis, IN 46204

Cheryl M. Lott
Buchalter Nemer
A Professional Corporation
1000 Wilshire Boulevard
Suite 1500
Los Angeles, CA 90017

Joshua R. Mandell
Buchalter Nemer
A Professional Corporation
1000 Wilshire Boulevard
Suite 1500
Los Angeles, CA 90017

Alexandra van Nes Dolger
Day Berry and Howard LLP
One Canterbury Green
Stamford, CT 06901

Bryan Anthony Vroon
Vroon & Crongeyer LLP
1718 Peachtree Street
Suite 1088
Atlanta, GA 30309

by placing same in the United States mail chute located at 224 South Michigan Avenue, Chicago,

Illinois 60604, properly addressed and postage fully prepaid, this 31st day of July, 2007, on or before

the hour of 5:00 p.m.

                                      s/Jonathan N. Ledsky