# EXHIBIT A

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 5/9/2007 |
| **CASE TITLE** | In Re: Ameriquest Mortgage Co., et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion for reassignment of Yeaman v. Ameriquest Mortgage Co., et al No. 06 C 6967 (Dkt. No. 618) as part of MDL 1715 from the calendar of Judge Grady to the calendar of Judge Aspen is granted.

■[ For further details see text below.]  Notices mailed by Judicial staff.

### STATEMENT
(Reserved for use by the Court)

### ORDER

Defendants Ameriquest Mortgage Company; Ameriquest Mortgage Securities, Inc.; AMC Mortgage Services, Inc.; and Does 1-5 move for reassignment of an action filed by William and Pamela Yeaman, pursuant to Northern District of Illinois Local Rules 40.4(c). We grant the motion.

We may reassign a case currently pending in this district if we find that the action is "related" under Local Rule 40.4(a) and that the case satisfies the conditions set forth in Local Rule 40.4(b). *See Donahue v. Elgin Riverboat Resort*, No. 04 C 816, 2004 WL 2495642, at *2 (N.D. Ill. Sept. 28, 2004). A case is "related" under LR 40.4(a) if one of the following conditions are met: "(1) the lawsuits involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same." Here, the Yeamans bring two causes of action against the defendants: a Truth-in-Lending Act claim and an Illinois Consumer Fraud Act claim. While defendants do not argue that the other cases currently pending before us involve state consumer fraud act claims, many of those cases do involve Truth-in-Lending act claims, and specifically the issue of whether defendants properly disclosed borrowers' rights to cancel their mortgage loans. Accordingly, we find that this case meets the LR 40.4(a)(2) test for relatedness.

This case also satisfies LR 40.4(b). Local Rule 40.4(b) gives us the discretion to reassign a case currently pending elsewhere in this district if: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." The complaint in this case was filed in December 2006, and it has not been subject to any dispositive motion practice

**STATEMENT**

to date. Further, as there are already over 150 individual cases in the Ameriquest multi-district litigation before us – in which we have, among other things, resolved motions specifically related to Truth-in-Lending Act claims – we can likely produce a substantial savings of judicial time and effort by presiding over this case, as well.

For these reasons, we grant defendants' motion for reassignment of *Yeaman v. Ameriquest Mortgage Co.*, et al., No 06 C 6967.

It is so ordered.

_____ Marvin E. Aspen