IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION _____ THIS DOCUMENT RELATES TO: ALL ACTIONS | MDL No. 1715 Lead Case No. 05-cv-07097 (Centralized before the Honorable Marvin E. Aspen) Magistrate Morton Denlow |

**MOTION PURSUANT TO LOCAL RULE 26.2 FOR LEAVE TO FILE
DECLARATION OF MARVIN A. MILLER
AND EXHIBITS AS A RESTRICTED DOCUMENT**

Borrower Plaintiffs respectfully move this Court pursuant to Local Rule 26.2 for

leave to file the Declaration of Marvin A. Miller and Exhibits as a Restricted Document.

Local Rule 26.2 prohibits parties from unilaterally restricting access to publicly

filed documents.  Plaintiffs believe they must file an unrestricted version of the

Declaration and its Exhibits – excerpts of transcripts of Ameriquest-designated corporate

employees – to comply with the local rule and its policy objectives.  Defendants,

however, have either designated the subject matter covered in the depositions as

"Confidential" under the April 26, 2007 Protective Order or the time-frame for making

confidential designations of such testimony has not yet expired.  *See* detailed discussion

below why none of the exhibits is confidential. The Borrower Plaintiffs are thus forced to

file this motion pursuant to Local Rule 26.2, but believe that the Magistrate should deny

the motion.  Under this rule, as amended on April 20, 2006, only the Court may

determine that a particular document or exhibit merits restricted status before any party

may file such materials under seal.  *See* L.R. 26.2 (as amended on April 20, 2006); *see*

*also* L.R. 26.2 Committee Comments ("only the particular document that has been previously determined by the court to be deserving of protection may be filed under seal").

The exhibits to Marvin A. Miller's declaration do not warrant "confidential" treatment because none of the information contained in these exhibits "(a) trade secrets or proprietary, non-public commercial information protected by applicable law; or (b) individual consumer financial records. Stipulated Protective Order [Docket No. 730] at 2. Borrower Plaintiffs do not believe that the testimony recited should ultimately be protected or that Ameriquest has any legitimate claim for an on-going need to protect purported trade secrets as it is apparently winding down its business. *See* Declaration of Marvin A. Miller.

No valid reason exists in this case to warrant an exception to the broadly accepted principle followed by the Seventh Circuit, and reflected in Local Rule 26.2 discouraging "parties from being overly-generous in designating documents to be filed under seal." *See* Committee Comment to L.R. 26.2.

The Court may restrict access to a document only for "good cause shown." *See* L.R. 26(b). To determine whether good cause exists "a district court must balance the harm to the party seeking the protective order against the importance of disclosure to [the] public." *McGee v. City of Chicago*, Case No. 04 C 6352, 2005 U.S. Dist. LEXIS 30925, at *4 (N.D. Ill. June 23, 2005)(quoting *Doe v. White*, No. 00 C 0928, 2001 U.S. Dist. LEXIS 7726, at *4 (N.D. Ill. June 8, 2001). Defendants will be hard pressed to articulate any harm they would suffer from documents that have no commercial value today, let alone the "clearly defined and very serious injury" required by courts in this

district.  *See Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998)(citations and internal quotations omitted).  The public interest weighs in favor of disclosure since the public pays for the court, has a First Amendment interest in such proceedings. *See, e.g., Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999)("the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding").

Although Borrower Plaintiffs has filed this motion in compliance with L.R. 26.2, we believe that the Declaration should not be restricted.  Accordingly, this Court should deny this motion.

A redacted version of the declaration has been electronically filed with the Court.  An unredacted version of the declaration has been submitted to chambers and sent by electronic mail to counsel for the defendants.

Dated:  July 31, 2007

By*:   /s/ Marvin A. Miller*
Marvin A. Miller

Marvin A. Miller
MILLER LAW LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL  60603
Telephone:  (312) 332-3400
Facsimile:  (312) 676-2676

***Plaintiffs' Liaison Counsel***

Kelly M. Dermody (CA Bar No. 171716)
Caryn Becker (CA Bar No. 196947)
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA   02111-2810
Telephone:  (617) 357-5500 ext. 15
Facsimile:   (617) 357-5030

Rachel Geman (NY Bar No. RG 0998)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Jill H. Bowman
Terry Smiljanich
JAMES, HOYER, NEWCOMBER &
  SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Plaintiffs' Co-Lead Counsel*