**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br>Lead Case No. 05-cv-07097<br><br>Centralized before the<br>Honorable Marvin E. Aspen<br>Magistrate Judge Morton Denlow |

**OPPOSITION TO NON-PARTY ROLAND ARNALL'S MOTION TO
<u>POSTPONE DEPOSITIONS [AND STAY DISCOVERY]</u>**

Consolidated Borrower Plaintiffs oppose the delay of depositions of the Ameriquest Entities and their past and current employees requested by Roland Arnall ("Arnall"). Mr Arnall is not yet a party to the case, and will not be prejudiced by the continuation of discovery over the next 60 days or thereafter until the matter of Arnall's joinder as a Defendant in the case is determined by the Court. Among other things Mr. Arnall's counsel can protect Mr. Arnall by attending the scheduled depositions.

Borrower Plaintiffs on the other hand will be substantially prejudiced if discovery is not permitted to proceed as all indications are that Ameriquest is winding down it operations. The potential loss of institutional knowledge, information, and testimony from well-informed representatives is already diminished and further time-delays are simply unwarranted and prejudicial to Borrowers, not Arnall.

Borrower Plaintiffs have gone out of their way to be responsive to Arnall's counsel's inquiries and to make reasonable accommodations to allow Arnall's counsel to

respond to the motion for leave to join Arnall and to participate as a non-party until Arnall's the motion is resolved.[1] Bowman Decl. at ¶ 6. In addition to being able to have his counsel attend the depositions, Arnall retains the right under the Court's November 6, 2007 scheduling order to re-open depositions if necessary to protect his interests if he is joined as a Defendant. Moreover, Counsel for Ameriquest has fully and aggressively represented every former Ameriquest employee identified for deposition in this action to date. For these reasons as further explained below and on the basis set forth in the Declarations of Jill H. Bowman and Marvin A. Miller, Arnall's motion should be denied.

## I. History of The MDL Proceedings

This multidistrict litigation started in December 2005 when the MDL Panel transferred the litigation to the Northern District of Illinois. Some of the underlying cases had been pending for more than a year before that and are now almost three years old. Shortly after transfer to this Court, Judge Aspen entered stay of all proceedings in the case which remained in place from February 2006 until November 7, 2006, when the Court issued its scheduling order appointing the undersigned Co-Lead Counsel. The Court's order then required that the case begin with the filing of Borrowers' and Non-Borrowers' Consolidated Complaints. Until that time, Borrowers' Class Counsel had no authority or ability to proceed on any matter including discovery or the amendment of any of the class pleadings.[2] Pursuant to the Court's Order, Class Counsel then filed the

---

[1] Class Counsel also recently rejected a similar request to stay merits discovery by the Ameriquest entities on nearly identical grounds. Bowman Decl. Ex. A. The Ameriquest entities now seek to obtain the delay they could not gain from the Court or by agreement by having their owner Arnall pursue its request.

[2] Class Counsel filing as Cooperating Plaintiffs did attempt to obtain relief from the stay imposed from the time of transfer through November 6, 2006 without success. [Docket 178, 179, 199, and 254]. Thus, Arnall's suggestion that delay in seeking his joinder is the fault of the Consolidated Borrower Plaintiffs is simply wrong.

Borrowers' Consolidated Complaint on December 6, 2006 combining, as instructed, the allegations and claims of the class action complaints that had been transferred into the MDL proceeding over the prior year.

Class Counsel also served Borrowers' First Set of Interrogatories and Borrowers' First Set of Production Requests on or about December 27, 2006. Borrowers then met and defeated the Ameriquest entities Motions to Dismiss. [Docket Entries 700, 701, 702, 703; Orders denying Motions' to Dismiss dated April 23, 2007]. Only thereafter did the Ameriquest entities begin to respond substantively to the Borrower Plaintiffs' discovery requests and begin producing documents. The production of documents from the Ameriquest entities began in May 2007, and continues as Borrower Plaintiffs have identified through the few depositions already taken numerous responsive documents that have not been produced by Defendants. The parties are actively engaged in discussion of many discovery-related issues.

Plaintiffs' Motion for Leave to file the First Amended Consolidated Class Action Complaint to join Arnall was filed on June 18, 2007, shortly after Defendants' production began. At the status conference on June 7, 2007 this Court considered and rejected the Ameriquest entities' arguments that discovery should continue to be stayed while additional Defendants' were joined. The Court's response should be no different now where the delay is requested by a non-party, Arnall, who intends to challenge Borrower Plaintiffs' right to join him as a Defendant in the first instance

## II. Argument

Arnall is a non-party until the Court enters an order allowing Borrower Plaintiffs' First Amended Complaint. A non-party has no standing to stay discovery in a matter and

a non-party should not be allowed to slow discovery in a matter just as it is gaining momentum. Arnall's motion to stay discovery – even for a limited time – to respond to the Borrower Plaintiffs' allegations will prejudice Borrower Plaintiffs.

Under Fed. R. Civ. P. 26 (c) and (d), the court has discretion to limit the scope and sequence of discovery. A motion to stay discovery will not be granted every time a dispositive issue is placed before the court. *Builders Assoc. of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996). Indeed, the grounds for staying or limiting discovery listed in Rule 26 do not include the legal insufficiency of a complaint. *Cohn v. Taco Bell Corporation,* 147 F.R.D. 154, 158 (N.D.Ill.1993) (denying motion to stay discovery where the stay would prolong discovery, the success of the motion to dismiss was speculative, and the motion to dismiss would not dispose of the entire case even if successful). Arnall's argument that discovery should be stayed pending the outcome of his yet-to-be-filed motion to dismiss is unavailing.

The court's authority to stay discovery must be exercised so as to secure the just speedy and inexpensive determination of every action. *Builders Assoc.,* 170 F.R.D. at 437. Where the court finds interference in the discovery process is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere. *Id.* Such is the case here where Arnall's argument for a stay of discovery is based on the adequacy of the plaintiffs' complaint. Given that the court has considered and rejected the other Defendants' motions to dismiss, it is pure speculation at this point – before the Court has entered an order joining Arnall – to consider the success of Arnall's anticipated, but as yet unfiled, motion to dismiss.

### A.     *Borrowers will be Prejudiced by Additional Delay*

Borrowers, on the other hand, will most certainly suffer substantial prejudice by any further delay of this litigation. There is every indication that Ameriquest is winding down. *See* Declaration of Marvin A. Miller and deposition excerpts from Ameriquest's Corporate Representatives filed under seal pursuant to the protective order [Docket Entry 730] as the time for designating portions of these depositions as confidential has not expired. Given current operational levels reported by these corporate witnesses, Borrowers must be permitted to continue to aggressively pursue discovery while some institutional knowledge of Ameriquests' prior activities remains. Any delay is unwarranted and highly prejudicial in these circumstances.

### B.     *Arnall Presumably Has Access to Current and Potentially Former Employees*

As a non-party, Arnall lacks standing to bring this motion to stay discovery in these proceedings. A party invoking federal jurisdiction bears the burden of establishing the required elements of standing. *Lee v. City of Chicago*, 330 F. 3d 456, 468 (7th Cir. 2003) "Those elements are (i) an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized and, thus, actual or imminent, not conjectural or hypothetical; (ii) a causal relation between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (iii) a likelihood that the injury will be redressed by a favorable decision." *Id.* (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Arnall has not met his burden on at least two of the elements. Arnall has failed to demonstrate both an actual or imminent "injury" and the causal connection between the

alleged injury and the Borrower Plaintiffs' depositions. Arnall's conjecture regarding participation in the depositions is unavailing, particularly since this Court has previously addressed that complaint by entering an order allowing for depositions to be re-opened upon joinder of additional parties. Moreover, courts in this jurisdiction have denied motions to stay discovery under similar circumstances. *Niederhoffer Intermarket Fund. L.P. v. Chicago Mercantile Exchange*, 1999 WL 731773 (N.D. Ill. Aug. 31, 1999)(Mag. J. Bobrick) (motion to stay discovery until resolution of a *pending* motion to dismiss denied.)

  In any event, Arnall will suffer no prejudice if the long-delayed discovery proceeds and the scheduled depositions take place. Arnall's due process argument is toothless. Plaintiffs do not contend that Arnall is not entitled to discovery. To the contrary, Plaintiffs have invited Arnall to participate in the depositions informally in the interim while he awaits the Court's ruling on his joinder without prejudice to his right to seek to re-open those depositions should he be joined as a party. The citation to non-precedential authority *The Crude Co. v. United States Dept. of Energy,* 189 F.R.D. 1, 2 (D.C. 1999) is readily distinguishable on its facts. That case involved a joinder of a non-party *eighteen years after* commencement of administrative proceedings*, six years after* a finding of liability and *three years after* restitution had been paid*. Id.* (emphasis added.) More to the point, Arnall presumably still has access to current Ameriquest employees and likely to former Ameriquest employees as well. Nothing prevents his talking to or indeed obtaining declarations under oath from those witnesses. Moreover, all the employee depositions at issue are being fully and aggressively defended by Ameriquest's chosen counsel, with whom Arnall presumably has substantially coinciding interests.

Arnall's references to the Wayne A. Lee deposition are not persuasive on any point except that Arnall should be joined as a Defendant. Lee testified that Arnall blocked Lee, then CEO of the Ameriquest Entities, from making changes to the organizational structure of Ameriquest's branch offices that Lee saw as having the appearance of impropriety. Lee 34:9 - 35:21; Bowman Decl. Ex. B.

Lee also animatedly agreed that Arnall instructed him "to focus on the wholesale or the Argent side of the business and that he [Arnall] would handle the Ameriquest Mortgage Company retail operations" recalling that this statement in his own Complaint against the company for breach of his non-compete agreement recited nearly a direct quote. Lee 46:2-46:16; Bowman Decl. Ex. B. Lee further testified that his lawsuit against Ameriquest was resolved when Ameriquest agreed to pay him nearly $15 million dollars of the $30 million owed under his original consulting agreement in exchange for Lee's agreement to continue to be subject to a no-disparagement agreement. Lee 93:14 - 94:16; Bowman Decl. Ex. B. The deal following the lawsuit by Lee let Lee out of his agreement not to compete with Ameriquest or Argent, pursuant to which Lee had already been paid $20 million shortly after resigning from his position as CEO in 2005 because of diverging views between he and Arnall concerning how Ameriquest should be run. Lee 18:15 - 20:20; Bowman Decl. Ex. B. See also, Lee excerpts 42-44, and 108; Bowman Decl. Ex. B. And, even the Borrower Plaintiffs' have not completed the Lee deposition, which was terminated by his counsel based on counsel's time constraints with just over 4 hours of deposition testimony having been taken.

In any event, Lee is now represented by Ameriquest's counsel and can presumably be made available for an interview or deposition as necessary if Arnall is joined as Borrower

Plaintiffs have requested. Neither Arnall nor his counsel will be prejudiced by Borrowers conducting their deposition inquires of Ameriquest employee and former employee witnesses.

### III. Conclusion

Non-party Arnall fails to demonstrate any prejudice that would warrant the postponement of the already delayed depositions in this litigation. On the other hand, the Borrower Plaintiffs would be substantially prejudiced by any further delay in discovery here as Ameriquest it appears is winding down its operations and the potential loss of institutional knowledge, information, and testimony from well-informed representatives is already diminished. Further time-delays will only exacerbate the situation and prejudice the Plaintiffs. Accordingly, the Borrower Plaintiffs ask the Court to deny Arnall's motion to postpone depositions.

Dated: July 31, 2007

By: */s/ Marvin A. Miller*
Marvin A. Miller

Marvin A. Miller
MILLER LAW LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
Facsimile: (312) 676-2676

*Plaintiffs' Liaison Counsel*

Kelly M. Dermody (CA Bar No. 171716)
Caryn Becker (CA Bar No. 196947)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500 ext. 15
Facsimile: (617) 357-5030

Rachel Geman (NY Bar No. RG 0998)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Jill H. Bowman
Terry Smiljanich
JAMES, HOYER, NEWCOMBER &
  SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I, Marvin A. Miller, an attorney, hereby certifies that on July 31, 2007, service of the ***Opposition to Non-Party Roland Arnall's Motion to Postpone Depositions and [Stay Discovery]*** was accomplished pursuant to ECF as to Filing Users and I will comply with LR 5.5 as to Non-ECF Users.

*/s/ Marvin A. Miller*
Marvin A. Miller