**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) <br><br> Magistrate Judge Morton Denlow |

**MOTION TO ENTER STIPULATION**
**WITH OPT-OUT PLAINTIFFS RE DISCOVERY**

**I.    INTRODUCTION & BACKGROUND**

By this Motion, Defendants, the Individual Claims Steering Committee (the "Committee") and certain opt-out plaintiffs request that the Court enter the accompanying Stipulation With Opt-Out Plaintiffs Re Discovery (the "Stipulation") as to them. In addition, Defendants move for entry of the Stipulation with respect to plaintiffs in the Opt-Out Cases who have not signed the Stipulation.

On December 20, 2006, this Court ordered Defendants and representatives of the individual plaintiffs who have elected to opt out of the master class complaints (collectively, "Opt-Out Plaintiffs") to meet and confer in an effort to reach agreement as to discovery and other common procedural issues affecting the cases in which individuals assert that Defendants failed to provide them with proper notice of their rescission rights in violation of the Truth-In-Lending Act, 15 U.S.C. Section 1601, *et seq*. (collectively, the "Opt-Out Cases"). The parties have

1

endeavored to reach agreement on these issues since even before the Court issued its December 20, 2006 Order.

Beginning in the fall of 2006, the parties negotiated prior stipulations that governed both mediation and pre-mediation discovery. The parties agreed in principle that for purposes of mediation, discovery in all Opt-Out Cases should be limited to help control costs while also allowing the parties to engage in a meaningful mediation. Although the parties were unable to agree on all logistics of the mediations, such as location, attendance of parties and cost-sharing arrangements, and the parties may need the Court's assistance in resolving these issues, they have remained in agreement on the principle that pre-mediation discovery in the Opt-Out Cases be limited to the production of documents as listed below and in the signed stipulations. The parties have also agreed that once mediation is complete, the individual Opt-Out Plaintiffs whose claims were not resolved through mediation may conduct additional discovery. However, that discovery must be coordinated with, and not duplicative of, the discovery conducted by class counsel in relation to the Consolidated Borrowers Class Action Complaint [Docket No. 325].

The parties have also agreed that once the Stipulation is entered, they will continue their efforts to reach agreement on the logistics of mediation.

The parties submit this motion and Stipulation to bind the more than 90% of all of the Opt-Out Plaintiffs. In addition, defendants respectfully request that the Court issue an order binding not only the signatories to this Motion and the Stipulation, but also on the few non-signatory Opt-Out Plaintiffs. The plaintiffs represented by the attorneys who have signed the stipulation do not object to this request. If for any reason the Court is unwilling to bind the non-signatories to the terms contained herein, the parties nevertheless respectfully request that the

2

Court enter an order binding the signatories to the Stipulation and Motion as per the terms of the Stipulation.

## II.     THIS COURT HAS THE POWER TO ENTER THE STIPULATION

This Court has the power to control the discovery in the litigation before it. Fed. R. Civ. P. 26(b); *Identiseal Corp. of Wisconsin v. Positive Identification Systems, Inc.*, 560 F.2d 298, 301 (7th Cir. 1971). The Stipulation provides for the following to take place prior to mediation of the Opt-Out Cases:

(1)     All parties shall use their best efforts to file all counter-claims and third-party complaints in the Opt-Out Cases according to the schedule contained in the Court's Minute Order dated March 22, 2007, and in any event no later than July 31, 2007;

(2)     Opt-Out Plaintiffs stipulate to the granting of motions for leave to amend any such consolidated third-party complaint to add additional cross-defendants related to subsequently filed cases;

(3)     Defendants stipulate to the granting of motions for leave to amend Plaintiffs' complaints to add assignees of the mortgage loans at issue as additional defendants;

(4)     Opt-Out Plaintiffs shall use their best efforts to produce all documents in their possession, custody or control supporting the allegations and claims in their complaints by August 31, 2007;

(5)     Defendants shall use their best efforts to (1) produce to Opt-Out Plaintiffs their complete loan file, (2) identify the assignees to whom Defendants assigned the Opt-Out Plaintiffs' loans, and (3) provide each Opt-Out Plaintiff with their account payment history on a rolling production basis by July 31, 2007, but in any event, to be completed no later than August 31, 2007; and

(6)     Defendants shall use their best efforts to produce to each Opt-Out Plaintiff all non-privileged written correspondence (including preliminary good faith estimates and Preliminary Truth in Lending Act disclosures) to and/or from each particular Opt-Out Plaintiff regarding his or her loan(s) on a rolling production basis through August 31, 2007, but in any event, to be completed no later than September 30, 2007.

    The parties believe that once the Court enters the Stipulation regarding these pre-mediation discovery procedures, the parties will be able to move forward with their discussions regarding the logistics for mediation of the Opt-Out Cases.

## III.   CONCLUSION

    For the foregoing reasons, the parties jointly request that the Court enter the Stipulation regarding the discovery to take place before mediation of any Opt-Out Cases as to the plaintiffs represented by the signatories to the Stipulation, and defendants move this court to enter the Stipulation as to all remaining individual plaintiffs as well.

Dated: July 31, 2007                  By: /s/ Charles M. Delbaum

*Attorneys for Certain Plaintiffs*

Charles M. Delbaum
National Consumer Law Center
77 Summer Street
10th Floor
Boston, MA 02110
(617) 542-8010

Dated: July 31, 2007

By: /s/ Daniel S. Blinn

*Attorneys for Certain Plaintiffs*

Daniel S. Blinn
Consumer Law Group
35 Cold Spring Rd.
Suite 512
Rocky Hill, CT 06067
(860) 571-0408

Dated: July 31, 2007

By: /s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
LAW OFFICES OF DANIEL HARRIS
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: July 31, 2007 By: /s/ Daniel A. Edelman

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER, & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

Dated: July 31, 2007 By: /s/ Charles M. Baird

*Attorneys for Certain Plaintiffs*

Charles M. Baird, Esq.
Attorney at Law
235 Peachtree Street, Suite 400
Atlanta, Georgia 30303-1400

Dated: July 31, 2007

By: /s/ Christopher M. LeFebvre

*Attorneys for Certain Plaintiffs*

Christopher M. LeFebvre, Esq.
Two Dexter Street
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060

Dated: July 31, 2007

By: /s/ Anne Bergman

*Attorneys for Certain Plaintiffs*

Anne Bergman
1434 Triangle Drive
Houlton, WI 54082

5

Dated:  July 31, 2007

By: /s/  Paul L. Brozdowski

*Attorneys for Certain Plaintiffs*

Paul L. Brozdowski, Esq.
Law Offices of Paul L. Brozdowski, LLC
10 Middle Street, 7th Floor
Bridgeport, CT 06604

Dated:  July 31, 2007

By: /s/  Charles J. Roedersheimer

*Attorneys for Certain Plaintiffs*

Charles J. Roedersheimer
Thompson & DeVeny Co. LPA
1340 Woodman Drive
Dayton, OH 45432

Dated:  July 31, 2007

By: /s/  Peter Lachmann

*Attorneys for Certain Plaintiffs*

Peter Lachmann
250 W. Main St
Rm. 210
Branford, CT 06405

Dated: July 31, 2007

By: /s/ Thomas J. Wiegand

Attorneys for Argent Mortgage Company, LLC

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

BN 1324045v1

Dated: July 31, 2007    By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

7

**CERTIFICATE OF SERVICE**

      I, Bernard E, LeSage, hereby certify that on this 31st day of July 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                      By: /s/  Bernard E. LeSage