## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Marlon Manier, et al. v. Argent Mortgage Company, LLC*; Case No. 07 C 2773 (Originally 07 C 10651 (E.D. Mich.)) | |

### DEFENDANT HOMEQ SERVICING CORPORATION'S ANSWER
### AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant Barclays Capital Real Estate Inc. d/b/a HomEq Servicing as successor to HomEq Servicing Corp. with respect to this action ("Defendant" or "HomEq"), answers Plaintiffs MARLON MANIER and TANYA S. MANIER ("Plaintiffs") Complaint as follows.

### SECOND AMENDED COMPLAINT

### INTRODUCTION

1.      Plaintiffs Marlon Manier and Tanya S. Manier bring this action against a "subprime" mortgage lender, its affiliates and assignees and an appraiser, to rescind two mortgage loans and collect damages for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA") and state law.

**ANSWER:** **Defendant admits that Plaintiffs have filed a lawsuit against it.  Defendant objects to the term "subprime" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime."  Defendant denies all remaining allegations of Paragraph 1.  Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part**

226, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. , or any state law.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental) and 15 U.S.C. §1640 (TILA) and 1691 e (ECOA).  Defendants transact business in the District and are deemed to reside here.

**ANSWER:**     **Defendant does not contest subject matter jurisdiction or venue.  Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.     Plaintiffs Marlon Manier and Tanya S. Manier own and reside in a single-family home at 442 Sherbourne Street, Inkster, MI 48141.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.     Defendant Argent Mortgage Company, LLC ("Argent") is a foreign corporation which maintains offices in and does business in Michigan.  Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.     Defendant Argent is engaged in the business of originating "subprime" mortgages.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

BN 1328423v1

6.     Defendant Argent makes more than 26 loans per year.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.     Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.     Argent is an affiliate of Ameriquest Mortgage Company.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.     During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.    Defendant HomEq Servicing Corporation ("HomEq") is a New Jersey corporation which does business in Michigan. Its registered agent and office are CSC Lawyers Incorporating Service (Company), 601 E. Abbott Road, East Lansing, MI 48823.

**ANSWER:**    **The allegations of Paragraph 10 are admitted and denied. As a result of a merger closed November 1, 2006, the corporation known as HomEq Servicing Corporation ceased to exist as a corporate entity. Barclays Capital Real Estate Inc., d/b/a/ HomEq Servicing which is successor by merger to HomEq Servicing Corp. with respect to this action, is a Delaware limited liability company. Defendant admits the allegations in Paragraph 10 with regard to its registered agent. Defendant does not contest service.**

11.     Defendant Elen, Inc., ("Elen") is a Michigan corporation.  Its registered agent is Ravi Subhedar and its registered address is 4855 Heatherbrook, Troy, MI 48098.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12.     Defendant Prime Plus Mortgage, Inc., ("Prime Plus") is a Michigan corporation. Its registered agent is Andy A. Salama and its registered address is 27832 Ford Road, Garden City, MI 48135.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     Defendant Wells Fargo Bank Minnesota, N.A., ("Wells Fargo") is a federally chartered national bank that does business in Michigan.  It is in the business of, among other things, buying and holding ownership rights to loans originated by defendant Argent.  It may be found at 135 S. LaSalle St., Chicago, IL 60603.  On information and belief, it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     Defendant Park Place Securities, Inc., is a Delaware corporation which transacts business in Michigan.  It is the beneficial owner of some loans originated by Argent Mortgage Company, including plaintiffs.' Its registered agent is National Registered Agents, Inc., located at 2030 Main St., Suite 1030, Irvine, CA 92614.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

BN 1328423v1

## FACTS RELATING TO PLAINTIFFS

15.    Prior to March 25, 2005, plaintiffs applied, through a mortgage broker, defendant Prime Plus, for a single mortgage loan with Argent Mortgage Company.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.    Because Prime Plus received a yield spread premium from Argent (Exhibit D, line 813), its actions are attributable to Argent.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.    At all times, plaintiffs dealt with Ann Yousif, an employee of Prime Plus.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18.    Prior to March 15, 2005, Prime Plus arranged for Elen to conduct an appraisal of the Maniers' property.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.    On or about March 5, 2005, Ravi Subhedar, an agent of Elen, conducted the appraisal of the Maniers' property.  In the appraisal report, Mr. Subhedar valued the Maniers' property at $134,000.  Exhibit O.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.    On information and belief, the house is worth significantly less.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21. In addition, Subhedar's and Elen's appraisal report states that plaintiffs' house has four bedrooms. In fact, it has only three.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22. On information and belief, Prime Plus and Elen conspired to produce a fraudulent, inflated appraisal of plaintiffs' property, for the purpose of increasing the amount for which the plaintiffs' qualified and increasing the broker's fees and the lender's points, interest and profits.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23. Plaintiffs were subsequently denied for refinancing by another company, due to the unacceptably high loan-to-value ratio of their current mortgage that was caused by defendants' inflated appraisal.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25. Defendant Argent Mortgage Company, LLC, decided to and did document the transaction as two loans, one for $107,200 and one for $26,800.

- 6 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26. Immediately prior to the closing, plaintiffs were informed that the loan terms on the smaller loan were being altered to their detriment, as set forth on Exhibit A. Their interest rate was increased from 9.99% to 10.55%. The interest rate for the first loan is adjustable and can increase beginning in April, 2007. It can increase-by 2.0% then and eventually can go as high as 11.8%.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27. The loans were closed on March 25, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28. The following are documents relating to the $107,200 loan:

    a. A borrower's acknowledgment of final loan terms, <u>Exhibit A</u>;

    b. A note, <u>Exhibit B</u>,

    c. A mortgage, <u>Exhibit C</u>;

    d. A settlement statement, <u>Exhibit D</u>;

    e. The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit E</u>,

    f. A TILA disclosure statement, <u>Exhibit F</u>;

**ANSWER:** **The documents speak for themselves, therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Argent Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

BN 1328423v1

29.    The following are documents relating to the $26,800 loan:

a.    A note, <u>Exhibit G</u>;

b.    A mortgage, <u>Exhibit H</u>;

c.    A settlement statement, <u>Exhibit I</u>.

d.    The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit J</u>;

e.    A TILA disclosure statement, <u>Exhibit K</u>;

f.    Preliminary TILA disclosure statements for both loans, <u>Exhibit L</u>.

**<u>ANSWER:</u>    The documents speak for themselves, therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Argent Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

30.    At the closing, plaintiffs were rushed. Ms. Yousif flipped through papers for plaintiffs to sign in less than15 minutes, while another customer was waiting outside to close on his/her loan. Plaintiffs signed and received scores of documents and hundreds of pages for the two loans - double what they would have received if they had gotten a single loan.

**<u>ANSWER:</u>    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.    Among the documents presented to plaintiffs for signature at closing were two pre-printed loan applications that Ms. Yousif had prepared in advance, <u>Exhibit P</u>. (The highly sensitive, personal information has been redacted from these documents for the public record.)

**<u>ANSWER:</u>    The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.    The applications state that plaintiffs' gross monthly income was $4,326.10.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33. The application also states that plaintiffs had "personal goods" valued at $65,000.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34. Both statements were false. In fact, plaintiffs' gross monthly income was only approximately $2,000. Plaintiffs' personal goods were not worth any amount close to $65,000.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35. Plaintiffs provided truthful and accurate information concerning their income and assets to Ms. Yousif, including supporting documentation. Plaintiffs did not learn about the misinformation on their loan applications, including the inflated appraised value, until after contacting their current attorneys.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

36. Ms. Yousif and Prime Plus falsified the information in order to make it look like plaintiffs qualified for the loan, so that they could get their fees and commission.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37. On information and belief, Argent was aware or should have been aware that plaintiffs' income was not $4,326.10. It verified or was supposed to verify plaintiffs' income from work for both loans, Exhibit Q.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38.    The above-described practices violated, among other laws, the Consumer Mortgage-Protection-Act, Protection-Act, M.C.L.S.: §445-1634(3),which provides in pertinent part.

> **A person, appraiser, or real estate agent shall not make, directly or indirectly, any false, deceptive, or misleading statement or representation in connection with a mortgage loan including, but not limited to, the borrower's ability to qualify for a mortgage loan or the value of the dwelling that will secure repayment of the mortgage loan.**

**ANSWER:** **Because Paragraph 38 states legal conclusions, no answer is required.**

39.    Plaintiffs were later directed to make payments to HomEq for both loans.

**ANSWER:** **Defendant admits that it services Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 39 and on that basis denies such allegations.**

40.    On information and belief, defendant Wells Fargo Bank Minnesota, N.A., holds legal title to plaintiffs' loans, as trustee. Park Place Securities, Inc., is the beneficial owner of plaintiffs' loans under Floating Rate Pass-Through Certificates, Series 2005-WHQ3 Under Pooling and Servicing Agreement Dated as of May 1, 2005, Without Recourse.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41.    In the event neither Wells Fargo Bank Minnesota, N.A., nor Park Place Securities, Inc., owns plaintiffs' loans (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

## RIGHT TO RESCIND

42.     Because the two loans were secured by plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

(a)     **Consumer's right to rescind.**

(1)     **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

(2)     **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

(3)     **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

(4)     **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

(b)     **Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

(1)     **The retention or acquisition of a security interest in the consumer's principal dwelling.**

- 11 -

(2)      The consumer's right to rescind the transaction.

(3)      How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)      The effects of rescission, as described in paragraph (d) of this section.

(5)      The date the rescission period expires....

(f)      <u>Exempt transactions</u>.  The right to rescind does not apply to the following:

(1)      A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2)      A credit plan in which a state agency is a creditor.

**<u>ANSWER:</u>**    **Because Paragraph 42 states legal conclusion, no answer is required.**

## <u>COUNT I - TRUTH IN LENDING ACT</u>

43.     Plaintiffs incorporate paragraphs 1-42.  This claim is against Argent, HomEq, Wells Fargo, and Park Place Securities, Inc.

**<u>ANSWER:</u>**    **Defendant restates is answers to paragraphs 1-42 in response to this paragraph.**

44.     In connection with the loans, Argent failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

BN 1328423v1

## Insufficient Number of Notices

45.     Argent provided only three federal notice of right to cancel forms to plaintiffs. TILA requires that two be delivered to each person with an ownership interest in the property. Both plaintiffs have ownership interests in the property.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

## Ambiguous Notice of Right To Cancel

46.     Argent's form of federal notice of right to cancel is inherently confusing with respect to who has a right to cancel in a case, such as this, in which less than all of the persons signing the mortgage sign the note.  The confusing portions were added by Argent to the official Federal Reserve Board text.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47.     The top of the notice has only Mr. Manier's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above.  The bottom of the form states that "Each borrower' 'has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document.  While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/Owner," which presumably means something different than just "borrower."

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

- 13 -

48.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:**     **Because Paragraph 48 states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49.     The confusion was exacerbated by the division of the loan into two loans.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50.     Notice of rescission has been given to defendants.  A copy is attached as Exhibit M.

**ANSWER:**     **The document speaks for itself, therefore no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

51.     The loans have not been rescinded.

**ANSWER:**     **Defendant admits that Plaintiffs' loan has not been rescinded.  Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

52.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     **Because Paragraph 52 states legal conclusions, no answer is required.**

53.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

- 14 -

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.      A judgment voiding plaintiffs' mortgages, capable of recordation in the public records, and binding on defendants;

b.      A determination as to how much plaintiffs owe on their loan, taking into account the inflated appraisal and the difficulty it has created for plaintiffs' ability to refinance and tender the remaining balance to the current owner of the obligation;

c.      Statutory damages for the underlying disclosure violation;

d.      If appropriate, statutory damages for failure to rescind;

e.      Attorney's fees, litigation expenses and costs; and

f.      Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 53 states legal conclusions, no answer is required.**

## COUNT II - EQUAL CREDIT OPPORTUNITY ACT

54.     Plaintiff Tanya Manier incorporates paragraphs 1-53.  This claim is against Argent.

**ANSWER:** **Because Count II is directed at defendants other than HomEq, no answer is required.  If an answer is required, Defendant restates its answers to paragraphs 1-53 in response to this paragraph.**

55.     On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a man and a woman own the property and only the man signs the note.

**ANSWER:** **Because Count II is directed at defendants other than HomEq, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 55 and on that basis denies such allegations.**

- 15 -

56. On information and belief, it is defendant's practice, if the woman does not have an income and/or her credit score is no better than the man's, to prepare the loan documents in this manner.

**ANSWER:** **Because Count II is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

57. Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

WHEREFORE, plaintiff Tanya Manier requests that the Court enter judgment in favor of plaintiff and against defendant for:

  a.    Appropriate statutory and punitive damages;

  b.    Attorney's fees, litigation expenses and costs; and

  c.    Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count II is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 57 and on that basis denies such allegations.**

## COUNT III - MICHIGAN MORTGAGE BROKERS LENDERS AND SERVICERS LICENSING ACT

58. Plaintiffs incorporate paragraphs 1-53. This claim is against Argent.

**ANSWER:** **Because Count III is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-53 in response to this paragraph.**

59. Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by engaging in "bait and switch" practices, by promising plaintiffs a 9.99%

fixed interest rate on the $26,800 loan after obtaining sufficient financial information to provide an accurate quote, then switching plaintiffs to a 10.55% fixed interest rate at the closing.

**ANSWER:** **Because Count III is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 59 and on that basis denies such allegations.**

60. The Maniers were induced to transact with Argent by means of this misrepresentation.

**ANSWER:** **Because Count III is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 60 and on that basis denies such allegations**

61. Defendant Argent made the representation in the course of trade and commerce.

**ANSWER:** **Because Count III is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations**

62. Defendant Argent made the representations for the purpose of inducing reliance, in the form of the Maniers transacting with Argent.

**ANSWER:** **Because Count III is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations**

63. The Maniers were injured by Argent's misrepresentations.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

a. A declaratory judgment, MCL §445.1681(1)(a);

b. Injunctive relief, MCL §445.1681(1)(b);

c. Appropriate damages, MCL §445.1681(1)(c);

> d.     Attorney's fees, litigation expenses and costs of suit; and
>
> e.     Such other and further relief as the Court deems proper.

**ANSWER:**     **Because Count III is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations**

### COUNT IV - MICHIGAN MORTGAGE BROKERS LENDERS AND SERVICERS LICENSING ACT

64.     Plaintiffs incorporate paragraphs 1-53. This claim is against Prime Plus, Elen and Argent.

**ANSWER:**     **Because Count IV is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-53 in response to this paragraph.**

65.     Defendants engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by producing and conspiring to produce an inflated, fraudulent appraisal of plaintiffs' property, in order to make it look like plaintiffs qualified for a higher loan amount and, thereby, to increase their own fees, commissions and profits.

**ANSWER:**     **Because Count IV is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 65 and on that basis denies such allegations.**

66.     The Maniers were induced to transact with Argent and sign for a mortgage with a high loan-to-value ratio by means of the misrepresentation that, based on the property value, they qualified for the loan.

**ANSWER:**     **Because Count IV is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 66 and on that basis denies such allegations.**

67.     Defendants made the representation in the course of trade and commerce.

**ANSWER:**     **Because Count IV is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 67 and on that basis denies such allegations.**

68.     Defendants made the representation for the purpose of inducing reliance, in the form of the Maniers borrowing a higher principal.

**ANSWER:**     **Because Count IV is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 68 and on that basis denies such allegations.**

69.     Alternatively, on information and belief, Argent was aware of the fraud or ratified it later.

**ANSWER:**     **Because Count IV is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 69 and on that basis denies such allegations.**

70.     The Maniers were injured by defendants' misrepresentations.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendants for:

a.     A declaratory judgment, MCL §445.1681(1)(a);

b.     Injunctive relief, MCL §445.1681(1)(b);

c.     Appropriate damages, MCL §445.1681(1)(c);

d.     Attorney's fees, litigation expenses and costs of suit;

e.     Such other and further relief as the Court deems proper.

**ANSWER:**     **Because Count IV is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or**

information sufficient to form a belief as to truth of the allegations of
Paragraph 70 and on that basis denies such allegations.

## COUNT V - MICHIGAN MORTGAGE BROKERS
## LENDERS AND SERVICERS LICENSING ACT

71.     Plaintiffs incorporate paragraphs 1-53.  This claim is against Prime Plus and

Argent.

**ANSWER:**     **Because Count V is directed to defendants other than HomEq, no answer is
required.  If an answer is required, Defendant restates its answer to
paragraphs 1-53 in response to this paragraph.**

72.     Prime Plus and Argent engaged in fraud, deceit and material misrepresentation, in

violation of MCL §445.1672(b) by falsely inflating information about plaintiffs' income and

assets in order to make it appear that plaintiffs qualified for a higher loan amount and, thereby, to

increase their own fees, commissions and profits.

**ANSWER:**     **Because Count V is directed at defendants other than HomEq, no answer is
required.  If an answer is required, Defendant is without knowledge or
information sufficient to form a belief as to truth of the allegations of
Paragraph 72 and on that basis denies such allegations.**

73.     The Maniers were induced to transact with Argent and sign for a mortgage with

by means of the misrepresentation that, based on their income and assets, they qualified for the

loan.

**ANSWER:**     **Because Count V is directed at defendants other than HomEq, no answer is
required.  If an answer is required, Defendant is without knowledge or
information sufficient to form a belief as to truth of the allegations of
Paragraph 73 and on that basis denies such allegations.**

74.     Defendants made the representation in the course of trade and commerce.

**ANSWER:**     **Because Count V is directed at defendants other than HomEq, no answer is
required.  If an answer is required, Defendant is without knowledge or
information sufficient to form a belief as to truth of the allegations of
Paragraph 74 and on that basis denies such allegations.**

BN 1328423v1

75.     Defendants made the representation for the purpose of inducing reliance, in the form of the Maniers borrowing a higher principal.

**ANSWER:**     **Because Count V is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 75 and on that basis denies such allegations.**

76.     Alternatively, on information and belief, Argent was aware of the fraud or ratified it later.

**ANSWER:**     **Because Count V is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 76 and on that basis denies such allegations.**

77.     The Maniers were injured by defendants' misrepresentations.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendants for:

    a.     A declaratory judgment, MCL §445.1681(1)(a);

    b.     Injunctive relief, MCL §445.1681(1)(b);

    c.     Appropriate damages, MCL §445.1681(1)(c);

    d.     Attorney's fees, litigation expenses and costs of suit;

    e.     Such other and further relief as the Court deems proper.

**ANSWER:**     **Because Count V is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 77 and on that basis denies such allegations.**

## COUNT VI - COMMON LAW FRAUD

78.     Plaintiffs incorporate paragraphs 1-53. This claim is against Prime Plus, Elan and Argent.

**ANSWER:** **Because Count VI is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-53 in response to this paragraph.**

79. Defendants represented that plaintiffs qualified for the loan based on the appraised value of plaintiffs' property and the amount of their income and assets.

**ANSWER:** **Because Count VI is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 79 and on that basis denies such allegations.**

80. Defendants fraudulently inflated the value of plaintiffs' property and the amount of plaintiffs' income and assets. Therefore, the representations that plaintiffs qualified for the loan and could afford it were also false and fraudulent.

**ANSWER:** **Because Count VI is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 80 and on that basis denies such allegations.**

81. [no paragraph 81]

82. The value of plaintiffs' property and the amount of their income and assets was information that was material to the terms of their transaction with defendants.

**ANSWER:** **Because Count VI is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 82 and on that basis denies such allegations.**

83. At the time defendants falsified the income, asset and property value information, they knew that these representations were false. Alternatively, they became aware of the false information before closing and/or ratified it later.

**ANSWER:** **Because Count VI is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 83 and on that basis denies such allegations.**

- 22 -

84. Defendants made the representations with the intent that they would be acted upon by plaintiffs.

**ANSWER:** **Because Count VI is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 84 and on that basis denies such allegations.**

85. In reliance on defendants' representations, plaintiffs closed on the loan with Argent.

**ANSWER:** **Because Count VI is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 85 and on that basis denies such allegations.**

86. As a result of Ameriquest's inflated appraised value, plaintiffs have been injured in that they have been and will continue to be overcharged and are unable to refinance with another company.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendant for:

      a. Actual and compensatory damages;

      b. Punitive damages; and

      c. Such other relief as the Court deems appropriate.

**ANSWER:** **Because Count VI is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 86 and on that basis denies such allegations.**

## COUNT VII - DAMAGES RESULTING FROM CIVIL CONSPIRACY

87. Plaintiffs incorporate paragraphs 1-53. This claim is against Prime Plus, Elan and Argent.

**ANSWER:** Because Paragraph VII is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-53 in response to this paragraph.

88. Defendants combined and conspired with one another to arrange for and produce a fraudulent, appraised value for plaintiffs' property and to dramatically exaggerate plaintiffs' income and assets.

**ANSWER:** Because Count VII is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 88 and on that basis denies such allegations.

89. Defendants took concerted and overt actions to accomplish this fraudulent purpose.

**ANSWER:** Because Count VII is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 89 and on that basis denies such allegations.

90. Among other things, defendants conspired - out of excessive concern for their own fees, commissions and profits - to misrepresent, conceal and suppress the actual market value of plaintiffs' property, their income and assets. They wanted to ensure that the loan would be approved, closed and funded.

**ANSWER:** Because Count VII is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 90 and on that basis denies such allegations.

91. Plaintiffs were damaged as a result of defendants' conspiracy. They are struggling to afford the monthly payments, and the inflated appraisal has resulted in them being overcharged and prevents them from refinancing with a more reputable company.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor of and against defendant for:

a.  Actual damages;

b.  Incidental, consequential and special damages;

c.  Costs of litigation and expenses; and

d.  Such other or further relief as this Court deems appropriate.

**ANSWER:** **Because Count VII is directed at defendants other than HomEq, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 91 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' purported causes of action fail to state a claim upon which relief may be granted.

2.  Plaintiffs' claims are barred by the applicable statute of limitations.

3.  Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.  Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.  Plaintiffs' claims are barred by the applicable statute of frauds.

6.  Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.  Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.  Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.  Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

- 25 -

other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

- 26 -

## **PRAYER**

Defendant Barclays Capital Real Estate Inc. d/b/a HomEq Servicing as successor to HomEq Servicing Corp. with respect to this action, prays this court to:

1.     Dismiss Plaintiffs' Second Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 6, 2007

By:  /s/ Bernard E. LeSage
    *Attorneys Attorneys for Barclays Capital*
    *Real Estate Inc. d/b/a HomEq Servicing as*
    *successor to HomEq Servicing Corp. with*
    *respect to this action.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1328423v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 6th day of August, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:  _____/s/ Connie Madrigal_____

- 28 -