IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Norman Martin, et al. v. Ameriquest Mortgage Company*; Case No. 07 C 324<br>(Originally 06 C 194 (W.D. Mich.)) | |

## DEFENDANT WM SPECIALTY MORTAGE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant WM Specialty Mortgage LLC ("Defendant"), by and through its attorneys, answers Plaintiffs' Norman Martin and Christine Martin's ("Plaintiffs") Amended Complaint as follows.

## AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs Norman Martin and Christine Martin bring this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226, or any state law.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction), and 15 U.S.C. §§1640 (TILA).

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

3.    Defendants do business in the District and are deemed to reside here. Venue is therefore proper under 28 U.S.C. §1391(c).

**ANSWER:** **Defendant does not contest venue. Defendant denies any remaining allegations of Paragraph 3.**

## PARTIES

4.    Plaintiffs Norman Martin and Christine Martin are husband and wife and own and reside in a single family home at 23705 Lee Baker Drive, Southfield, Michigan 48075.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.    Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.    Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Michigan. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12. Defendant WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Michigan. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:** **Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real property located within the state of Michigan. Defendant admits that it holds title to some loans originated by Ameriquest Mortgage Company. Defendant does not dispute service.**

## FACTS RELATING TO PLAINTIFFS

13. Prior to June 29, 2005, plaintiffs were solicited for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15. The loan was closed on June 29, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16. The following are documents relating to the loan:

   a. A note, <u>Exhibit A</u>. Only Christine Martin signed the note.

   b. A mortgage, <u>Exhibit B</u>. Both Mr. and Mrs. Martin signed the mortgage.

   c. A settlement statement, <u>Exhibit C</u>;

   d. A Truth in Lending statement, <u>Exhibit D</u>;

   e. The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit E</u>. Plaintiffs received one completed copy of the notice between them.

   f. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit F</u>.

   g. A document entitled "understanding your options regarding interest rates and discount points" (<u>Exhibit G</u>), which promised a reduction in the interest rate if the borrower paid a "loan discount fee."

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

17. Approximately one week prior to closing, an Ameriquest employee named Shane Modi called plaintiffs and told them that they had been approved for a 7% interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18. When Ameriquest's closing agent brought papers to plaintiffs' house for closing, the documents stated that plaintiffs would have a 7.9% interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

BN 1322895v1

19. When plaintiffs demanded to know why their interest rate was higher than they had been quoted, Ameriquest's closing agent denied any knowledge and promised to have her boss call plaintiffs back with an explanation. Plaintiffs signed the closing documents.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20. No Ameriquest employee ever called plaintiffs to answer any of their questions from closing.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21. Ameriquest increased the terms of the loan at closing in spite of the fact that it had already - prior to the increase and at the start of the application process - obtained sufficient financial and credit information from plaintiffs to have determined the interest rate plaintiffs qualified for.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22. At the closing, plaintiffs also asked if they would be charged a prepayment penalty. Ameriquest's closing agent answered that they would not.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23. Before signing, plaintiff Norman Martin asked Ameriquest's closing agent again to confirm absolutely that plaintiffs would not be charged a prepayment penalty. Ameriquest's closing agent then replied, "Don't worry about it."

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

BN 1322895v1

24. Approximately two or three months after closing, plaintiff Christine Martin called Ameriquest to increase plaintiffs' monthly payments, and an Ameriquest employee informed her that plaintiffs would have to pay a penalty in order to do so.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25. Plaintiff s prepayment penalty is explained in Paragraph 4 of Exhibit A. Paragraph 4 contradicts Ameriquest's closing agent's oral claim during the closing.

**ANSWER:** **The document speaks for itself, therefore no answer is required, if any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26. In addition, Ameriquest's closing agent told plaintiffs during the closing that by refinancing with Ameriquest, plaintiffs would also automatically receive $5,000 back when they filed their annual tax return.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27. Plaintiffs did not, in fact, receive any extra money from filing their tax return in exchange for their refinance with Ameriquest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28. Furthermore, as shown by Exhibit C, plaintiffs paid a substantial loan discount fee.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29. However, as shown by Exhibit H, the interest rate was not reduced.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31. On information and belief, WM Specialty Mortgage, LLC owns plaintiffs' loan.

**ANSWER:** **Defendant admits that it owns Plaintiffs' loan. Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

32. In the event WM Specialty Mortgage, LLC does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

## COUNT I - TILA

33. Plaintiffs incorporate paragraphs 1-32. This claim is against all defendants.

**ANSWER:** **Defendant restates its answers to paragraph 1-32 in response to this paragraph.**

34. In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is**

BN 1322895v1

> **extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. (15 U.S.C. § 1635(a)).**

**ANSWER:** Because Paragraph 34 states legal conclusions, no answer is required.

35. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides: When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b).)

**ANSWER:** Because Paragraph 35 states legal conclusions, no answer is required.

36. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)**

**ANSWER:** Because Paragraph 36 states legal conclusions, no answer is required.

37.  Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:** **Because Paragraph 37 states legal conclusions, no answer is required.**

38.  More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii) The consumer's right to rescind the transaction.**
>
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv) The effects of rescission, as described in paragraph (d) of this section. (v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)**

**ANSWER:** **Because Paragraph 38 states legal conclusions, no answer is required.**

### DEFECTIVE NATURE OF DISCLOSURES

39.  In connection with the plaintiffs' loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R §226.23, for (without limitation) the following reasons:

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

- 10 -

BN 1322895v1

40. Only one copy of the official Notice of Right to Cancel form was delivered to plaintiffs, instead of the four required.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41. Exhibit E is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER:** **Because Paragraph 41 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42. The top of Exhibit E has only Christine Martin's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:** **Because Paragraph 43 states legal conclusions, no answer is required.**

BN 1322895v1

44. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46. Finally, the "one week" notice contains the same ambiguous and confusing references to "borrower" and "owner" as defendants' version of the official Federal Reserve Board three-day notice.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit I</u>.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

48. The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

49. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER: Because Paragraph 49 states legal conclusions, no answer is required.**

50. 15 U.S.C. §1635(8) provides:

> **Additional relief**
>
> **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a. A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b. Statutory damages for the underlying disclosure violation;

c. If appropriate, statutory damages for failure to rescind;

d. Attorney's fees, litigation expenses and costs.

e. Such other or further relief as the Court deems appropriate.

**ANSWER: Because Paragraph 50 states legal conclusions, no answer is required.**

### COUNT II -BREACH OF CONTRACT

51. Plaintiffs incorporate paragraphs 1-32.

**ANSWER: Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-32 in response to this paragraph.**

52. This claim is against Ameriquest only.

**ANSWER: No answer is required.**

53. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiff paid a loan discount fee.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 53 and on that basis denies such allegations.**

54. Plaintiffs paid the fee but did not receive a discounted rate.

**ANSWER:** **Because Count II is directed at defendants other Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 54 and on that basis denies such allegations.**

55. Ameriquest thereby breached its agreement.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

    a. Appropriate damages;

    b. Costs.

    c. Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 55 and on that basis denies such allegations.**

**COUNT III - MICHIGAN MORTGAGE BROKERS,<br>LENDERS AND SERVICERS LENDING ACT**

56. Plaintiffs incorporate paragraphs 1-32.

**ANSWER:** **Defendant restates its answers to paragraphs 1-32 in response to this paragraph.**

57. Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by engaging in "bait and switch" practices and promising the plaintiffs a

7% interest rate after obtaining sufficient financial information to provide an accurate quote, and then altering these terms to the plaintiffs' detriment immediately prior to closing by raising the interest rate to 7.9%.

**ANSWER:** **Because Count III appears to be directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 57 and on that basis denies such allegations.**

58. In addition, Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by orally promising plaintiffs at the closing that their loan would not have a prepayment penalty when the documents did, in fact, include a prepayment penalty.

**ANSWER:** **Because Count III appears to be directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 58 and on that basis denies such allegations.**

59. Ameriquest also engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by promising plaintiffs that they would receive an extra $5,000 from their tax return filing for their refinance, which Ameriquest deliberately or recklessly should have know to be false.

**ANSWER:** **Because Count III appears to be directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 59 and on that basis denies such allegations.**

60. Plaintiffs were induced to transact with Ameriquest by means of these misrepresentations.

**ANSWER:** **Because Count III appears to be directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as**

to truth of the allegations of Paragraph 60 and on that basis denies such allegations.

61. Defendant Ameriquest made these representations in the course of trade and commerce.

**ANSWER:** **Because Count III appears to be directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

62. Defendant Ameriquest made these representations for the purpose of inducing reliance in the form of the plaintiffs transacting business with Ameriquest.

**ANSWER:** **Because Count III appears to be directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63. Plaintiffs were injured by Ameriquest's misrepresentations.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

(1) A declaratory judgment, MCL §445.1681(1)(a);

(2) Injunctive relief, MCI. §445.1681(1)(b);

(3) Appropriate damages, MCL §445.1681(1)(c);

(4) Attorney's fees, litigation expenses and costs of suit;

(5) Such other and further relief as the Court deems proper.

**ANSWER:** **Because Count III appears to be directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

BN 1322895v1

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant WM Specialty Mortgage LLC prays this court to:

1. Dismiss Plaintiffs' Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 6, 2007

By: /s/ Bernard E. LeSage
*Attorneys for WM Specialty Mortgage LLC.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1322895v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 6th day of August, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Connie Madrigal

BN 1322895v1