## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Mike J. Magliano, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 06 CV 1945 | |

## DEFENDANT WM SPECIALTY MORTGAGE LLC'S ANSWER
## AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs MIKE J. MAGLIANO and JUDITH MAGLIANO ("Plaintiffs") Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.　　Plaintiffs Michael J. Magliano and Judith Magliano bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or Regulation Z, 12 C.F.R. part 226.**

- 1 -

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:    Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.      Plaintiffs Michael and Judith Magliano are husband and wife who jointly own and reside in a home at 8029 South Kilbourn, Chicago, IL 60652.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

BN 1328644v1

7.     Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.     During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period.  Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States.  During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.     Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois.  Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.     Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.     WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Indiana.  It holds legal title to some loans originated by Ameriquest Mortgage Company,

including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:** **Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real property located within the state of Illinois. Defendant admits that it holds title to some loans originated by Ameriquest Mortgage Company. Defendant does not dispute service.**

## FACTS RELATING TO PLAINTIFF

12.     Prior to February 1, 2005, plaintiffs applied for a refinanced mortgage loan with Ameriquest Mortgage Company.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     During an initial phone conversation, the Maglianos spoke with an Ameriquest employee named Dave Cronin. After collecting credit information from the Maglianos, Mr. Cronin told them that they qualified for a fixed rate loan with an 8% interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     At closing, plaintiffs discovered that the terms of the loan had been changed to their detriment. Instead of the 8% fixed rate loan which Mr. Cronin had quoted them, the Maglianos were presented with an Adjustable Rate loan with a 9.25% interest rate, Exhibit H.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     When the Maglianos protested, Mr. Cronin told them that if they made payments on time for one year, he would refinance them at a lower rate at no extra cost.

- 4 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16. When Mr. Magliano called back the following year, he was told that Mr. Cronin no longer worked for Ameriquest and that it would cost the Maglianos $4500 in closing costs to refinance into a loan with a 9% interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17. It was the policy and practice of Ameriquest to engage in "bait and switch" loan solicitation practices, whereas one set of terms was initially quoted after Ameriquest had obtained sufficient information to provide an accurate quote, then more onerous terms (such as a higher interest rate and an adjustable rate loan) were imposed immediately before closing.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18. This "bait and switch" policy violates the Consumer Mortgage Protection Act, M.C.L.S. §445.1634(3) which provides:

> **A person, appraiser, or real estate agent shall not make, directly or indirectly, any false, deceptive, or misleading statement or representation in connection with a mortgage loan.**

**ANSWER:** **Because Paragraph 18 states legal conclusions, no answer is required.**

19. Further, M.C.L.S. §445.1634(5) provides:

> **A statement or representation is deceptive or misleading if it has the capacity to deceive or mislead a borrower or potential borrower.**

**ANSWER:** **Because Paragraph 19 states legal conclusions, no answer is required.**

20.    Furthermore, the Maglianos were charged a $580 "loan discount" fee, Exhibit C line 802. Ameriquest also provided plaintiffs with a document representing that the payment of a "loan discount fee" would reduce plaintiffs interest rate. Exhibit I.

**ANSWER:    The document speaks for itself, therefore, no answer is required. If an answer is required. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.    However, plaintiffs received no discount. On the contrary, Ameriquest increased plaintiffs' rate at the closing. Exhibit H.

**ANSWER:    The document speaks for itself, therefore, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.    The loan was closed on February 1, 2005.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.    Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.    The following are documents relating to the loan:

    a.    A note, Exhibit A;

    b.    A mortgage, Exhibit B;

    c.    A settlement statement, Exhibit C;

    d.    A Truth in Lending disclosure statement, Exhibit D;

    e.    The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit E;

    f.     A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit F</u>.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

25.     Plaintiff was later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     On information and belief, WM Specialty Mortgage, LLC, without recourse, owns plaintiffs' loan.

**ANSWER:**    **Defendant denies that it owns Plaintiffs' loan.**

27.     In the event WM Specialty Mortgage, LLC, does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

## <u>COUNT I - TRUTH IN LENDING ACT</u>

28.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a)    <u>**Consumer's right to rescind.**</u>

       **(1)**    **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47**

(2)     To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)     The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4)     When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)     Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)     The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)     The consumer's right to rescind the transaction.

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)     The effects of rescission, as described in paragraph (d) of this section.

(5)     The date the rescission period expires....

(f)     Exempt transactions.  The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

- 8 -

**(2) A credit plan in which a state agency is a creditor.**

**ANSWER:**     Because Paragraph 28 states legal conclusions, no answer is required.

## GROUND FOR RESCISSION

29.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.     Plaintiffs only received two copies of the federal notice of right to cancel, not the four required.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.  The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:**     **Because Paragraph 31 states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

BN 1328644v1

33.     Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34.     Notice of rescission has been given to defendants. A copy is attached as Exhibit G.

**ANSWER:**     **The document speaks for itself, therefore, no answer is required. If an answer is required. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.     The loan has not been rescinded.

**ANSWER:**     **Defendant admits that Plaintiffs' loan was not rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

36.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     **Because Paragraph 36 states legal conclusions, no answer is required.**

37.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.      A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.      Statutory damages for the underlying disclosure violation;

- 10 -

    c.      If appropriate, statutory damages for failure to rescind;

    d.      Attorney's fees, litigation expenses and costs.

    e.      Such other or further relief as the Court deems appropriate.

**ANSWER:**    **Because Paragraph 37 states legal conclusions, no answer is required.**

## COUNT II - MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT

38.    Plaintiffs incorporate paragraphs 1-25. This claim is against Ameriquest.

**ANSWER:**    **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-25 in response to this paragraph.**

39.    Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by (a) engaging in "bait and switch" practices in which Cronin and Ameriquest promised plaintiffs a 8%, fixed interest rate after acquiring sufficient financial information to underwrite the loan, then, at the last possible minute, switching the Maglianos to a 9.25% adjustable interest rate; and (b) promising that the Maglianos would be able to refinance at no cost before their interest rate and monthly payments increased.

**ANSWER:**    **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

40.    The Maglianos were induced to transact with Ameriquest by means of these misrepresentations.

**ANSWER:**    **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41.    Defendant Ameriquest made the representations in the course of trade and commerce.

- 11 -

**ANSWER:**    **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42.    Defendant Ameriquest made the representations for the purpose of inducing reliance, in the form of the Maglianos agreeing to an adjustable-rate mortgage with Ameriquest.

**ANSWER:**    **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43.    The Maglianos were injured by Ameriquest's misrepresentations.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against Ameriquest for:

a.    A declaratory judgment, MCL §445.1681(1)(a);

b.    Injunctive relief, MCL §445.1681(1)(b);

c.    Appropriate damages, MCL §445,1681(1)(c);

d.    Attorney's fees, litigation expenses and costs of suit;

e.    Such other and further relief as the Court deems proper.

**ANSWER:**    **Because Count II is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

## COUNT III - BREACH OF CONTRACT

44.    Plaintiffs incorporate paragraphs 1-25.

**ANSWER:**    **Defendant restates its answers to paragraphs 1-25 in response to this paragraph.**

45.    This claim is against Ameriquest.

**ANSWER:**    **No answer is required.**

- 12 -

46.     Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.  Exhibit I.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47.     Plaintiffs paid the fee but did not receive a discounted rate.  Exhibit C, Line 802.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48.     Ameriquest thereby breached its agreement.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49.     Plaintiffs were thereby damaged.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiff and against defendant for:

        a.     Appropriate damages;

        b.     Costs.

        c.     Such other or further relief as the Court deems appropriate.

**ANSWER:**     **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

BN 1328644v1

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred because Defendant no longer holds any interest in or title to Plaintiffs' loan.

3.      Plaintiffs' claims are barred by the applicable statute of limitations.

4.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

5.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

6.      Plaintiffs' claims are barred by the applicable statute of frauds.

7.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

8.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

9.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

10.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

11.      Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

12.      As to each cause of action, Defendant is entitled to an offset.

13.      Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

- 14 -

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

15.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

16.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant WM Specialty Mortgage LLC prays this court to:

1.     Dismiss Plaintiffs' Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.


Respectfully submitted,

DATED:  August 6, 2007                    By: /s/ Bernard E. LeSage
                                          *Attorneys for WM Specialty Mortgage LLC*

                                          Bernard E. LeSage, Esq.
                                          Sarah K. Andrus, Esq.
                                          BUCHALTER NEMER, a P.C.
                                          1000 Wilshire Boulevard, Suite 1500
                                          Los Angeles, CA 90017-2457
                                          Telephone: (213) 891-0700
                                          Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 6th day of August, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

- 16 -