IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br>*Sonja Davis, et al. v. Ameriquest Mortgage Company*; Case No. 1:07-cv-00525 | |

### DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant COUNTRYWIDE HOME LOANS, INC. ("Defendant" or "Countrywide"), by and through its attorneys, answers Plaintiffs SONJA DAVIS and DONYA DAVIS ("Plaintiffs") Complaint as follows.

### AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs Sonja Davis and Donya Davis bring this action against a "subprime" mortgage lender and its affiliates to (A) rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226 and (B) to recover damages under state law.

**ANSWER:** Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., or any state law.

## JURISDICTION AND VENUE

2.	This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.	Plaintiffs Sonja Davis and Donya Davis are husband and wife who own and reside in a home at 1634 S. 18th Ave., Maywood, IL 60153.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.	Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.	Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.	Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

2

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief, it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs.' It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. Defendant Countrywide Home Loans, Inc., is a New York corporation. It does business in Illinois. Its registered agent and offices are Prentice Hall Corporation, 33 North LaSalle Street, Chicago, IL 60602-2607. On information and belief, it services plaintiffs' loan.

**ANSWER:** **Defendant admits that it is a New York Corporation with offices in California. Defendant does not dispute service. Defendant denies the remaining allegations of Paragraph 11.**

## FACTS RELATING TO PLAINTIFF

12. Plaintiffs are ordinary consumers. Sonja Davis is employed as a registered nurse, and Donya Davis is employed as a security guard.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13. At the time relevant to this action, plaintiff Sonja Davis used her maiden name, Sonja Matthews. She has since adopted her husband's last name Davis.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14. Approximately one month prior to December 14, 2004, plaintiffs applied for a refinance mortgage loan with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16. At all relevant times, plaintiffs spoke to Ameriquest employee William Serenko, Jr.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17. Throughout the month between plaintiffs' initial call and closing, Serenko called plaintiffs every day or every other day to pressure them into accepting the loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18. Serenko and/or Ameriquest wrote on the typed, pre-printed loan application he or it prepared Exhibit A that plaintiffs' house was built in 1960, that plaintiffs had purchased the house for $175,000, that Sonja Davis' gross monthly income was $2,982.58 and that Donya Davis' gross monthly income was $2,745.00. In actuality, plaintiffs' house was built in 1920, they purchased it for $154,500, and each plaintiff's gross monthly income was slightly more than $2,000. Plaintiffs gave Serenko accurate information when they spoke to him.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19. Serenko and/or Ameriquest then arranged to have plaintiffs sign an application containing false information at closing. The closing took place in plaintiffs' home with Tia Martin, an employee of a title company. Plaintiffs were presented with a stack of paper consisting of scores of documents and hundreds of printed pages. Martin rushed through them without any explanation of the various documents. Under these circumstances, plaintiffs could not review each line for accuracy.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

5

20. A document entitled Borrower's Acknowledgement of Final Loan Terms <u>Exhibit B</u> lists plaintiffs' original requested interest rate as 7.55% and their original annual percentage rate ("APR") as 7.943%.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21. On November 17, 2004, Ameriquest mailed to plaintiffs (a) a Good Faith Estimate dated November 11, 2004 (<u>Exhibit C</u>) listing their interest rate as 8.95% and (b) a preliminary Truth in Lending statement with the same date (<u>Exhibit D</u>) listing the APR as 9.068%.

**ANSWER:** **The documents speak for themselves, therefore no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22. The loan was closed on December 14, 2004. Immediately before closing, the terms were changed to plaintiffs' detriment, as shown by <u>Exhibit B</u>. The interest rate at closing was listed as 9.95%, and the APR was 9.816%.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23. The following are documents relating to the loan:

   a. A note, <u>Exhibit E</u>;

   b. A mortgage, <u>Exhibit F</u>,

   c. An "itemization of settlement charges," <u>Exhibit G</u>;

   d. A final Truth in Lending statement, <u>Exhibit H</u>;

   e. The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit I</u>. All copies delivered were left blank.

6

      f.    A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit J</u>

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

24.    Plaintiffs were charged an $850.25 "loan discount," <u>Exhibit G</u>, line 802.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.    Ameriquest undertook and represented, in the document attached as <u>Exhibit K</u> and delivered to plaintiffs at the closing, that the payment of a "loan discount" would reduce plaintiffs' interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.    Plaintiffs did not receive a discounted rate, as shown by <u>Exhibit B</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.    At closing, plaintiffs complained that their interest rate was surprisingly high. Martin replied that this was the best rate that Ameriquest could offer.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.    Ameriquest raised plaintiffs' rate despite having already gathered sufficient information to underwrite the loan at the time it prepared the Good Faith Estimate (<u>Exhibit C</u>) and preliminary Truth in Lending statement (<u>Exhibit D</u>).

BN 1326319v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29. Plaintiffs were later directed to make payments to Countrywide Home Loans, Inc.

**ANSWER:** **Defendant admits that it services Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 29 and on that basis denies such allegations.**

30. On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2004-RI under the Pooling & Servicing Agreement dated as of February 1, 2005, Without Recourse.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31. In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiffs' loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

## COUNT I TRUTH IN LENDING ACT

32. Plaintiffs incorporate paragraphs 1-31. This claim is against all defendants.

**ANSWER:** **Defendant restates its answers to paragraphs 1-31 in response to this paragraph.**

## RIGHT TO RESCIND

33.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a)     **Consumer's right to rescind.**
>
> > (1)     **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47**
> >
> > (2)     **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
> >
> > (3)     **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(1) of the Act. [15 U.S.C. §1635(f)]**
> >
> > (4)     **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**
>
> (b)     **Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identities the transaction and shall clearly and conspicuously disclose the following:**
>
> > (1)     **The retention or acquisition of a security interest in the consumer's principal dwelling.**

9

BN 1326319v1

> (2) The consumer's right to rescind the transaction.
>
> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (4) The effects of rescission, as described in paragraph (d) of this section.
>
> (5) The date the rescission period expires....
>
> (f) **Exempt transactions.** The right to rescind does not apply to the following:
>
> (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"]..
>
> (2) A credit plan in which a state agency is a creditor.

**ANSWER:** Because Paragraph 33 states legal conclusions, no answer is required.

## GROUNDS FOR RESCISSION

34. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.

35. Ameriquest did not deliver to plaintiffs two completed notices of the right to cancel on the Federal Reserve Board form.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.

36. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The

BN 1326319v1

provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations.**

39. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit L</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

40. The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

41. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 41 states legal conclusions, no answer is required.**

11

BN 1326319v1

42. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in-which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

    a. A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

    b. Statutory damages for the underlying disclosure violation;

    c. If appropriate, statutory damages for failure to rescind;

    d. Attorney's fees, litigation expenses and costs.

    e. Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 42 states legal conclusions, no answer is required.**

### COUNT II BREACH OF CONTRACT

43. Plaintiffs incorporate paragraphs 1-31.

**ANSWER:** **Defendant restates its answers to paragraphs 1-31 in response to this paragraph.**

44. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee. Exhibit K.

**ANSWER:** **Because Count II appears to be directed at defendants other than Countrywide, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45. Plaintiffs paid the fee (Exhibit G, line 802) but did not receive a discounted rate (Exhibit B)

12

**ANSWER:** Because Count II appears to be directed at defendants other than Countrywide, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.

46. Ameriquest thereby breached its agreement.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiff and against defendant for:

    a. Appropriate damages;

    b. Costs.

    c. Such other or further relief as the Court deems appropriate.

**ANSWER:** Because Count II appears to be directed at defendants other than Countrywide, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.

### COUNT III ILLINOIS CONSUMER FRAUD ACT

47. Plaintiffs incorporate paragraphs 1-31.

**ANSWER:** Defendant restates is answers to paragraphs 1-31 in response to this paragraph.

47. Ameriquest engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by intentionally inflating plaintiffs' combined, gross monthly income from slightly over $4,000 to $5,727.64.

**ANSWER:** Because Count III appears to be directed at defendants other than Countrywide, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.

48. Defendant engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2 by engaging in "bait and switch" practices

13

BN 1326319v1

through originally requesting for plaintiffs a 7.55% interest rate after obtaining enough information to fully underwrite the loan, then increasing plaintiffs' rate to 8.95% on their Good Faith Estimate, then increasing plaintiffs' rate to 9.65% immediately before closing.

**ANSWER:** **Because Count III appears to be directed at defendants other than Countrywide, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49. Plaintiffs were induced to take out a loan from defendant by means of these and other misrepresentations and deceits.

**ANSWER:** **Because Count III appears to be directed at defendants other than Countrywide, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50. Defendant made these representations in the course of trade and commerce.

**ANSWER:** **Because Count III appears to be directed at defendants other than Countrywide, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

51. Plaintiffs have suffered multiple injuries as a result of defendant's misrepresentations.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      a. Compensatory and punitive damages;

      b. Attorney's fees, litigation expenses and costs; and

      c. Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count III appears to be directed at defendants other than Countrywide, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

BN 1326319v1

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to state their claims against Defendant with sufficient particularity.

4. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

5. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

6. Plaintiffs' claims are barred by the applicable statute of frauds.

7. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

8. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

9. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

10. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

11. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

12. As to each cause of action, Defendant is entitled to an offset.

13. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

15. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

16. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant Countrywide Home Loans, Inc. prays this court to:

1. Dismiss Plaintiffs' Amended Complaint;
2. Enter judgment for Defendant and against Plaintiffs in this action;
3. Award Defendant its costs of suit; and
4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 8, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Countrywide Home Loans, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1326319v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 8th day of August, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Connie Madrigal