**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br>Lead Case No. 05-cv-07097<br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Applegate, et al. v. Ameriquest Mortgage Company, et al.*, Case No. 06-cv-4867 (N.D. Ill.) | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Deutsche Bank National Trust Company ("Defendant" or "Deutsche Bank"), by and through its attorneys, answers Plaintiffs Thomas and Linda Applegate's ("Plaintiffs") Complaint as follows.

## COMPLAINT

## INTRODUCTION

1. Plaintiffs Thomas and Linda Applegate charge defendants with violation of the Truth in Lending Act through failure to honor a valid rescission request in violation of 15 U.S.C. § 1635. Plaintiffs also charge defendant Ameriquest with violation of Florida common law.

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1635 or Florida law.**

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises wider federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER: Defendant does not dispute jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

**ANSWER: Defendant does not dispute venue. Defendant admits that the Judicial Panel on Multi-District Litigation has issued an order centralizing this lawsuit with other litigation against Ameriquest in this district before Judge Aspen. Defendant denies any remaining allegations in Paragraph 3.**

## PARTIES

4. Defendant Ameriquest Mortgage Company is a leading sub-prime mortgage lender. The company's main offices are in Orange, California, but it does business in this district. Defendant AMC Mortgage Services, Inc. services Ameriquest mortgages and has the right to receive payments thereunder and does business in this district. Defendant Deutsche Bank National Trust Company is the owner of plaintiffs' mortgage and also does business in this district.

**ANSWER: Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant lacks sufficient information to form a belief as to the truth of the allegations in the first, second and third sentences of Paragraph 4, and on that basis denies**

**those allegations. Defendant denies that it owns plaintiffs' mortgage. Defendant denies any remaining allegations of Paragraph 4.**

5. Plaintiffs Thomas and Linda Applegate are residents of Florida.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

**BACKGROUND**

6. Thomas Applegate is a fiber optic splicer for the telephone company. Linda Applegate is a teacher. They own a home in Bradenton, Florida where they live with a son, who works for Wal-Mart, and a six year old daughter.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7. In the fall of 2003, the Applegates decided to refinance the mortgage on their home. Mr. Applegate spoke on the telephone about a half a dozen times to an Ameriquest representative. Mr. Applegate was told that he would get a mortgage with an initial interest rate of 7.99% interest that would be adjustable after three years and that he would be allowed to pay off the mortgage before the adjustment took effect.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8. The closing took place at around 8:00 p.m. on December 3, 2003 at the Ameriquest offices in Tampa, Florida. Some of the documents were blank. The Applegates were told they would be filled in later. Mr. and Mrs. Applegate, who had a screaming baby with them, were rushed through the closing and signed the documents without reading them.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9. That night Mr. Applegate read the loan papers and saw that the deal was different than he had been promised. The rate adjustment began after two years and there was a prepayment penalty. The next day Mr. Applegate called Ameriquest and spoke to the sales representative. Mr. Applegate asked him what gives this isn't what you agreed to, the Ameriquest representative said that he was going to look into it, that he would talk to his manager and that maybe Mr. Applegate didn't understand what this is all about. On December 5, 2003, Mr. Applegate mailed and faxed rescission notices to Ameriquest. Ameriquest ignored the notices and funded the mortgage.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. Ameriquest also changed the terms of the deal after the closing. For example, the settlement statement that Mr. Applegate signed at the closing said that $3,804.02 was disbursed to the borrower. Mr. Applegate did not receive that amount. He received a little over a thousand dollars. A settlement statement that Ameriquest faxed to Mr. Applegate on April 19, 2004 said that $1,194.28 was disbursed to the borrower. Also, the settlement statement that Mr. Applegate signed at the closing said that $7,304.00 would be paid to Providian to discharge Mr. Applegate's credit card debt. In fact, Providian was not paid that amount and Mr. Applegate had to pay Providian separately at a later date.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies such allegations.**

## COUNT ONE - TRUTH IN LENDING ACT

11. Plaintiffs incorporate paragraphs one through ten above.

**ANSWER: Defendant restates its answers to Paragraphs 1-10 in response to this paragraph.**

12. Ameriquest's disclosures to plaintiffs did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies such allegations.**

## REGULATORY FRAMEWORK

13. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

**ANSWER: Because Paragraph 13 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

14. Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in it form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. §§ 226-18,226.22, 22 & 5.

**ANSWER: Because Paragraph 14 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**



BN 1336653v1

15. Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(I).

**ANSWER: Because Paragraph 15 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

16. The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.
>
> 15 U.S.C. § 1635(a).

**ANSWER: Because Paragraph 16 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

17. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a),

> he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.
>
> 15 U.S.C. § 1635(b).

**ANSWER:** **Because Paragraph 17 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

18. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.
>
> 15 U.S.C. § 1635(a).

**ANSWER:** **Because Paragraph 18 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

19. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction ....
>
> 12 C.F.R. § 226.23(a)(l).

**ANSWER:** **Because Paragraph 19 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

20. The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1)

**ANSWER:** **Because Paragraph 20 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

21. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (v) The date the rescission period expires.
>
> 12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because Paragraph 21 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

22. Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.
>
> 12 C.F.R. § 226.23(d)(l).

**ANSWER:** **Because Paragraph 22 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

23. Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.
>
> 12 C.F.R. § 226.23(d)(2).

**ANSWER:** **Because Paragraph 23 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

## DEFECTIVE DISCLOSURES

24. Ameriquest's rescission disclosures to plaintiffs were defective in a number of respects. First, the federal Notice of Right to Cancel forms delivered to plaintiffs stated that the rescission period expired on December 6, 2003. This was incorrect and a violation of 12 C.F.R. § 226.23, because Ameriquest changed the terms of the deal after the December 3, 2003 closing.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies such allegations.**

25. Second, it was misleading for Ameriquest to give plaintiffs a One Week Cancellation form when Ameriquest did not treat that document as legally binding and did not honor the rescission request made on that form.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis denies such allegations.**

26. Third, Ameriquest contradicted, overshadowed and nullified its material TILA disclosures by misleading plaintiffs as to when the interest rate could go up and whether there would be a prepayment penalty.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies such allegations.**

27. Fourth, the Notice of Right to Cancel forms that were given to the Applegates at the closing listed Mr. Applegate as the only borrower, and made it appear that only the borrower, Mr. Applegate, had the right to cancel the mortgage, whereas Mrs. Applegate, as a co-owner of the mortgaged property, also had that right.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies such allegations.**

28. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER: Because Paragraph 28 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

29. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs sent a rescission notice to Ameriquest, AMC Mortgage Services and to Deutsche Bank National Trust Company, the current owner of their mortgage on June 19, 2006.

**ANSWER: To the extent the first sentence in Paragraph 29 states a legal conclusion, no answer is required. Defendant denies that it owns Plaintiffs' mortgage. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 and on that basis denies such allegations.**

30. Within twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiffs' home and paid back to plaintiffs any money or property that plaintiffs have paid to them in connection with the loan. See 12 C.F.R. § 226.23(d)(2). Defendants have not done either.

**ANSWER: Because Paragraph 30 states legal conclusions, no answer is required. Defendant admits that Plaintiffs' loan has not been rescinded. Defendant**

**denies any liability to Plaintiffs and denies that Plaintiffs are entitled to rescind their mortgage.**

31. Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiffs are entitled to rescission plus statutory damages and other relief.

**ANSWER: Because Paragraph 31 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

**COUNT TWO - VIOLATION OF FLORIDA LAW**

32. Plaintiffs incorporate paragraphs one through thirty-one above.

**ANSWER: Defendant restates its answers to Paragraphs 1-31 in response to this paragraph.**

33. Ameriquest made false and misleading statements to plaintiffs intending to induce reliance. More specifically, Ameriquest engaged in a bait and switch by baiting plaintiffs into the mortgage transaction by offering a relatively favorable set of terms and then switching at the closing to more expensive terms.

**ANSWER: Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies such allegations.**

34. It was also false and misleading for the Ameriquest to change the terms of the deal after the closing.

**ANSWER: Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis denies such allegations.**

35. Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under Florida common law.

**ANSWER: Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant**

**is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis denies such allegations.**

36. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

**ANSWER: Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiff, by their knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiffs' claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

**PRAYER**

Defendant Deutsche Bank National Trust Company prays this court to:

1. Dismiss Plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 10, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

**CERTIFICATE OF SERVICE**

I, Connie Madrigal, hereby certify that on this 10th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Connie Madrigal