IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Janet Diggins v. Ameriquest Mortgage Company, et al.*; Case No. 06CV7017 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY ("Defendant" or "Deutsche Bank"), by and through its attorneys, answers Plaintiff Janet Diggins' ("Plaintiff") Amended Complaint as follows.

### INTRODUCTION

1. Plaintiff Janet Diggins brings this action against a "subprime" mortgage lender and its affiliates to rescind mortgages for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and for damages under state law.

**ANSWER:** Defendant admits that Plaintiff has filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant further objects to the term "affiliates" as vague. Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, Federal Reserve Board Regulation Z, 12 C.F.R. part 226 or any state law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 29 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1337 (supplemental jurisdiction), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not contest subject matter jurisdiction or personal jurisdiction. Defendant denies any remaining allegations in Paragraph 2.**

## PARTIES

3. Plaintiff Janet Diggins owns and resides in a home at 19 E. 144th Street, Riverdale, IL 60827.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies such allegations.**

4. At the time of her transactions with Ameriquest, Ms. Diggins was a single mother struggling to make ends meet. She works the graveyard shift as a clerk for the U.S. Postal Service.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies such allegations.**

5. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are rational Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies such allegations.**

6. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies such allegations.**

7. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies such allegations.**

8. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies such allegations.**

9. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies such allegations.**

10. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies such allegations.**

BN 1336442v1

11. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies such allegations.**

12. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, N.Y.

**ANSWER:** **Defendant admits that Deutsche Bank National Trust Company is a federally chartered bank with a place of business located at 1761 St. Andrew Place, Santa Ana, California 92705. Defendant denies any remaining allegations of Paragraph 12.**

13. Ameriquest Mortgage Securities, Inc., an affiliate, of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868. Its registered office and agent are National Registered Agents, Inc, 2030 Main Street, Suite 1030, Irvine, CA 92614.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF

14. Prior to September 3, 2004, Ameriquest Mortgage Company solicited plaintiff to refinance her mortgage loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies such allegations.**

15. Plaintiff then applied for a refinance mortgage loan with Ameriquest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies such allegations.**

BN 1336442v1

16. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies such allegations.**

17. On information and belief, in determining the loan terms plaintiff qualified for, Ameriquest took into account debts that had already been discharged in plaintiffs bankruptcy proceeding.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies such allegations.**

18. The loan was closed on or about September 3, 2004. An Ameriquest representative closed the loan in plaintiff's home.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and on that basis denies such allegations.**

19. The following are documents relating to the September 3, 2004 loan:

   a. A note, Exhibit A;
   b. A mortgage, Exhibit B;
   c. A settlement statement, Exhibit C;
   d. A Truth in Lending statement, Exhibit D;
   e. A list of "items to be paid off from loan proceeds," Exhibit E;
   f. "Itemization of settlement charges;" Exhibit F;
   g. A "summary of debts and disbursements," Exhibit G;
   h. Three copies of the three-day notice of right to cancel required by the Federal Reserve Board, Exhibit H. None of them are completed.
   i. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies. Exhibit I.

**ANSWER:** **The documents speak for themselves, therefore no answer is required. If an answer is required, Defendant admits that Plaintiff entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.**

20. In connection with the September 3, 2004 loan, plaintiff was charged a "loan discount" of $1613.63.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies such allegations.**

21. On information and belief, some of the creditors shown in <u>Exhibit G</u> had already been paid off by plaintiff or were discharged in plaintiff's bankruptcy proceeding.

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies such allegations.**

22. Ameriquest neither paid these creditors or reimbursed or credited these amounts to plaintiff.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies such allegations.**

23. The September 3, 2004 loan was transferred by Ameriquest to a related entity, AMC Mortgage Services.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis denies such allegations.**

24. Ameriquest then contacted plaintiff to refinance her again. Plaintiff sought to refinance with another lender. On information and belief, Ameriquest had an arrangement with the credit bureaus to notify Ameriquest if another mortgage company inquired about an

Ameriquest borrower. Ameriquest solicited plaintiff to enter into another loan, which was closed on May 11, 2005, also by an Ameriquest representative and in plaintiff's home.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies such allegations.**

25. The following are documents relating, to the loan closed May 11, 2005:

   a. A note in the principal amount of $111,375.00, Exhibit J;

   b. A mortgage, Exhibit K;

   c. A settlement statement, Exhibit L;

   d. A list of items to be paid off from loan proceeds, Exhibit M;

   e. A summary of debts and disbursements, Exhibit N;

   f. An itemization of settlement charges, Exhibit O;

   g. A Truth in Lending disclosure statement, Exhibit P;

   h. Two copies of a three-day notice of right to cancel form, Exhibit Q. None of the notices were completed.

   i. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies ,Exhibit R.

**ANSWER:** **The documents speak for themselves, therefore no answer is required. If an answer is required, Defendant admits that Plaintiff entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.**

26. The three-day notice was prepared using the wrong, form. Specifically, it was prepared using FRB Form H-8 when FRB Form H-9 should have been used. FRB Form H-9 is the form for use in transactions in which a loan made by Ameriquest is refinanced by Ameriquest. Form H-8 is used when a loan made by another lender is refinanced by Ameriquest.

**ANSWER:** **Because Paragraph 26 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

- 7 -

BN 1336442v1

27. In connection with the May 11, 2005 loan, Ameriquest purportedly paid plaintiff's real estate taxes in the amount of $ 1,199.82 when, in fact, they had already been paid.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies such allegations.**

28. On information and belief, some of the creditors shown in Exhibit N had already been paid off by plaintiff, or were discharged in plaintiffs bankruptcy proceeding.

**ANSWER: The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies such allegations.**

29. Ameriquest neither paid these creditors or reimbursed or credited plaintiff with such amount.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies such allegations.**

30. Plaintiff was later directed to make payments to AMC Mortgage Services, Inc:

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies such allegations.**

31. On information and belief, Deutsche Bank, National Trust Company, N.A., has title to plaintiff's May 11, 2005 loan.

**ANSWER: Defendant denies that it owns Plaintiff's loan.**

32. On information and belief, Ameriquest Mortgage Services, Inc., is the current beneficial owner of plaintiff's loan.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies such allegations.**

33. In the event neither Deutsche Bank nor Ameriquest Mortgage Securities, Inc., owns plaintiff's May 11, 2005 loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies such allegations.**

## RIGHT TO RESCIND

34. Because the September 3, 2004 transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 US C. § 1635 and 12 C.F.R. §226.23.

**ANSWER:** **Because Paragraph 34 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

Section 226.23 provides

(a) Consumer's right to rescind.

> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or «'ill be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegraphic or other means (if written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business (lay following consummation, delivery of the notice required by paragraph Q of this section, or delivery of all material disclosures [fn] 48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of alt of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act, [15 U.S.C. §1035(f)]
>
> (4) When more than one consumer in a transaction has the right to

BN 1336442v1

rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) .Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of that notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (2) The consumer's right to rescind the transaction.
>
> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (4) The effects of rescission, as described in paragraph (d) of this section.
>
> (5) The date the rescission period expires....

(f) Exempt transactions. The right to rescind does not apply to the following:

> (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
> (2) A credit plan in which a state agency is a creditor.

**ANSWER:** **Because Paragraph 34 states legal conclusions, no answer is required. IF an answer is required, Defendant denies any liability to Plaintiff.**

35. The May 11, 2005 loan was also subject to the right to cancel, but only as to the new funds provided.

**ANSWER:** **Because Paragraph 35 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

### GROUNDS FOR RESCISSION

36. In connection with the September 3, 2004, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiff s right to cancel within three days, in violation of 15 1114C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons below.

- 10 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies such allegations.**

37.  None of the federal notices of right to cancel received by plaintiff were completed.  See Exhibit H

**ANSWER:** **The documents speak for themselves, therefore no answer is required.  If an answer is required, Defendant denies any liability to Plaintiff.**

38.  The delivery of two different notices of right to cancel is confusing, and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right, to cancel.  The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and on that basis denies such allegations.**

39.  Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.  Ameriquest's own staff finds it necessary to on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies such allegations.**

40.  In connection with both the September 3, 2004 and May 11, 2005 loans, Ameriquest withheld amounts from plaintiff's loan proceeds which should not have been withheld and which were not reimbursed to plaintiff.  These amounts were, therefore; finance charges but were not disclosed by Ameriquest as such on Exhibits D and P.  Thus, for each loan, the APR, finance charge and amount financed were grossly understated, in excess of TILA's applicable tolerance  in violation of 15 U.S.C. §1638 and 12 C.F.R. 226.18.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and on that basis denies such allegations.**

41. Also in connection with the May 11, 2005 loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiff s right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226 23, for (without limitation) me following reasons:

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies such allegations.**

42. None of the federal notices of right to cancel received by plaintiff were completed. See <u>Exhibit Q</u>.

**ANSWER: Because the documents speak for themselves, no answer is required. To the extent an answer is required, Defendant denies any liability to Plaintiff.**

43. The three-day notice was prepared using the wrong form. Specifically, it was prepared using FRB Form, H-8 when FRB Form H-9 should have been used FRB Form H-9 is the form for use in transactions in which a loan made by Ameriquest is refinanced by Ameriquest. Form H-8 is used when a loan made by another lender is refinanced by Ameriquest.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis denies such allegations.**

44. The delivery of two different notices to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or me procedural protections of § 1635.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and on that basis denies such allegations.**

45. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and on that basis denies such allegations.**

46. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit S</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies such allegations.**

47. The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiff's loan has not been rescinded. Defendant denies any liability to Plaintiff and denies that Plaintiff is entitled to rescind her mortgage.**

48. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 48 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff and denies that Plaintiff may rescind her mortgage.**

49. 15 U.S.C. § 1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief tinder section 1640 of this title for violations of this subchapter not relating to the right to rescind.

- 13 -

BN 1336442v1

**ANSWER:** Because Paragraph 49 states legal conclusions, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.

### AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because she has failed to mitigate their damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiffs, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiff's claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant Deutsche Bank National Trust Company prays this court to:

1. Dismiss Plaintiff's Complaint;

2. Enter judgment for defendant Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 10, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 10th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/ Bernard E. LeSage_____