IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Rodriguez, et al. v. Ameriquest Mortgage Co., et al.* (Case No. 1:06-02187) | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY ("Defendant" or Deutsche Bank), by and through its attorneys, answers Plaintiffs Ralph Rodriguez's and Barbara Chapman's ("Plaintiff") Complaint as follows.

### INTRODUCTION

1.  Plaintiffs Ralph Rodriguez and Barbara Chapman charge defendants with violation of the Truth in Lending Act through failure to honor a valid rescission request in violation of 15 U.S.C. § 1635. Plaintiffs also charge defendant Ameriquest with violation of Michigan law.

**ANSWER:** **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant denies all remaining allegations in this paragraph. Defendant specifically denies that it violated the Truth in Lending Act and 15 U.S.C. § 1635 or any Michigan law.**

### JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs claim under state law

- 1 -

pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stitt. 5089, 28 U.S.C. § 1367.

**ANSWER:** **Defendant does not contest subject matter jurisdiction or personal jurisdiction. Defendant denies any remaining allegations in Paragraph 2.**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

**ANSWER:** **Defendant does not dispute venue. Defendant admits that the Judicial Panel on Multi-District Litigation has issued an order centralizing this action with other litigation against Ameriquest in this district before Judge Aspen. Defendant denies any remaining allegations in Paragraph 3.**

4. Defendant Ameriquest Mortgage Company is a leading sub-prime mortgagelender. The company's main offices are in Orange, California, but it does business in this district. Defendant AMC Mortgage Services, Inc. services Ameriquest mortgages and has the right to receive payments thereunder and does business in this district. Defendant Deutsche Bank National Trust Company is the owner of plaintiffs' mortgage and has offices in Santa Ana, California, and also does business in this district.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences in Paragraph 4 and on that basis denies such allegations. Defendant admits that it has offices in Santa Ana, California. Defendant denies that it owns plaintiff's mortgage and denies the remaining allegations of Paragraph 4.**

5. Plaintiffs Ralph Rodriguez and Barbara A. Chapman, husband and wife, are residents of Livonia, Michigan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

## BACKGROUND

6.  Plaintiff Ralph Rodriguez is a senior mechanical technician. His wife, Barbara A.Chapman, is retired. In or about 2002, plaintiffs took out a second mortgage on their home in order to pay off some personal debts. In 2004, plaintiff Rodriguez contacted Ameriquest to see about refinancing the mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.  Ameriquest sent an appraiser to plaintiffs' home. Afterwards, an Ameriquest representative spoke to Mr. Rodriguez on the telephone and told him that things looked good.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.  Ameriquest prepared a loan document (the Uniform Residential Loan Application) which listed the value of plaintiffs' property at $290,000. Ameriquest prepared other loan documents for a mortgage loan to Mr. Rodriguez of $252,000, of which $11,535.49 would go to Ameriquest in settlement charges.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.  Ameriquest persuaded plaintiffs to take out an adjustable rate mortgage. The interest rate was initially fixed at 6.950% but could go up after two years to 8.950% and thereafter to as high as 12.950%. When told that the interest rate could go up after two years, plaintiff Rodriguez said to the Ameriquest representative that in two years he would be able to refinance, and the Ameriquest representative agreed.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. On or about February 9, 2004, plaintiffs went to an Ameriquest office in Southfield, Michigan. They were presented with various loan documents which they were asked to initial or sign.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. In December 2005, Mr. Rodriguez contacted another lender, Brookfield Home Loans, to see about refinancing out of the Ameriquest mortgage. Brookfield sent an appraiser to plaintiffs' home. The appraiser came up with a valuation of $230,000. This meant that plaintiffs owed more money on their Ameriquest loan than their property was actually worth and, as a result, could not secure refinancing with Brookfield.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12. Ameriquest learned that plaintiff Rodriguez was thinking of refinancing and sent him a letter advising him that "If you are thinking of refinancing, it is nice to work with people you know." A few days later, Ameriquest sent loan papers to Mr. Rodriguez proposing a new loan, this time for $310,447.00, with fees and points of $13,258.21. The new loan would have an 'initial interest rate of 7.8% but could go up as high as 13.8%.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13. Mr. Rodriguez did not accept the offer. In January 2006, Ameriquest sent a letter to Mr. Rodrigues telling him that his monthly payments would be going up in April.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

## COUNT ONE -- TRUTH IN LENDING ACT

14. Ameriquest's disclosures to plaintiffs did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14and on that basis denies such allegations.**

## REGULATORY FRAMEWORK

15. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

**ANSWER:** **Because Paragraph 15 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

16. Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.H.R. § 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. § § 226.18, 226.22, 226.5.

**ANSWER:** **Because Paragraph 16 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

17. Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose

"[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R.§ 226.18(gxl).

**ANSWER: Because Paragraph 17 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

18. The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that: Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. 15 U.S.C. § 1635(a).

**ANSWER: Because Paragraph 18 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

19. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

BN 1336714v1

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

**ANSWER:** **Because Paragraph 19 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

20. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

**ANSWER:** **Because Paragraph 20 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

21. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction ....

12 C.F.R. § 226.23(a)(l).

**ANSWER:** **Because Paragraph 21 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

22. The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because Paragraph 22 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

23. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in§ 226.36(b)). The notice shall be on a 'separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.(iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (iv) The date the rescission period expires.

12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because Paragraph 23 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

- 8 -

24. Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

12 C.F.R. § 226.23(d)(l).

**ANSWER:** **Because Paragraph 24 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

25. Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

**ANSWER:** **Because Paragraph 25 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

26. The Federal Reserve Board's commentary of paragraph 23(d)(2) explains that the words "any money or property" would include an appraisal fee. The commentary provides:

> The consumer cannot be required to pay any amount in the form of money or property either to the creditor or to a third party as part of the credit transaction. Any amounts of this nature already paid by the consumer must be refunded. "Any amount" includes finance charges already accrued, as well as other charges, such as broker fees, application and commitment fees, or fees for a title search or appraisal, whether paid to the creditor, paid directly to a third party, or passed on from the creditor to the third party. It is irrelevant that these amounts may not represent profit to the creditor.

12 C.F.R. part 226 Supp.1 para. 23(dx2)-l.

**ANSWER:** **Because Paragraph 26 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

## DEFECTIVE DISCLOSURES

27. Ameriquest's rescission disclosures to plaintiffs were defective in a number of respects. First, the Notice of Right to Cancel forms that were delivered to plaintiffs at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies such allegations.**

28. Second, the Notice of Right to Cancel forms delivered to plaintiffs made it appear that only borrowers had a right to rescind, that Mr. Rodriguez was the only borrower and, therefore, that only Mr. Rodriguez had a right to rescind the mortgage transaction. In fact, under 12 C.F.R. § 226.23(a)(1), Barbara Chapman also had a right to rescind because she is a co-owner of the mortgaged property. As a result, Ameriquest violated its duty of clear disclosure of rescission rights with respect to Barbara Chapman.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies such allegations.**

29. Third, Ameriquest gave plaintiffs a document (APPLICATION DISCLOSURE) which stated that Mr. Rodriguez was being charged $300 for an appraisal and that this "deposit is refundable only if the loan is denied or withdrawn prior to the Lender ordering the appraisal/property valuation." Mr. Rodriguez as also told that he would owe Ameriquest for the appraisal if he backed out of the deal. These statements contradicted plaintiff's right to rescind the transaction and get back "any money or property that has been given to anyone in connection with the transaction" 12 C.F.R. § 226.23(d)(2). The Federal Reserve Board's commentary of paragraph 23(d)(2) explains that the words "any money or property" would include an appraisal fee. By representing the appraisal fee was nonrefundable if plaintiffs tried to cancel the

BN 1336714v1

transaction, Ameriquest misrepresented plaintiffs' rescission rights, thereby making the rescission notice defective under 12 C.F.R. § 226.23(b)(1)(iv).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies such allegations.**

30.  By misleading plaintiffs as to the possibility of refinancing out of the Ameriquest mortgage before the interest rate increased, Ameriquest effectively misled plaintiffs as to the existence of a variable interest rate on their loan in violation of 12 C.F.R. § 226.18.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies such allegations.**

31.  The disclosures were also deficient because Ameriquest did not deliver to plaintiffs the requisite number of copies of their Notice of Right to Cancel forms.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies such allegations.**

32.  Under the Truth in Lending Act, if the rescission disclosures or TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER:** **Because Paragraph 32 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

33.  Ameriquest's rescission and TILA disclosures were defective. Accordingly, plaintiffs sent a rescission notice to Ameriquest, AMC Mortgage Services and to Deutsche Bank National Trust Company, the current owner of their mortgage on March 24, 2006.

**ANSWER:** **Because the first sentence of Paragraph 33 states conclusions of law, no answer is required. Defendant denies that it owns Plaintiffs' mortgage and**

- 11 -

BN 1336714v1

**denies any liability to Plaintiffs. Defendant denies that Plaintiffs have any right to rescind the loan. Defendant denies any remaining allegations in this paragraph.**

34. Within twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiffs' home and paid back to plaintiffs any money or property that plaintiffs have paid to them in connection with the loan. Sts 12 C.F.R. § 226.23(dX2). Defendants have not done either.

**ANSWER:** **Because the first sentence of Paragraph 34 states legal conclusions, no answer is required. Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any liability to Plaintiffs and denies that Plaintiffs have any right to rescind the loan. Defendant denies any remaining allegations in Paragraph 34.**

35. Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiffs are entitled to rescission plus statutory damages and other relief.

**ANSWER:** **Because Paragraph 35 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

## COUNT TWO -- VIOLATION OF MICHIGAN LAW

36. In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiffs intending to induce reliance. More specifically, Ameriquest misled plaintiffs as to the value of their property and as to the possibility of refinancing with another lender in order to lock plaintiffs into a high interest mortgage with Ameriquest or a series of high interest, high fee mortgages with Ameriquest.

**ANSWER:** **Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies such allegations.**

37. Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under Michigan statutory and commonlaw.

BN 1336714v1

**ANSWER:** Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on that basis denies such allegations.

38. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them financial injury and emotional distress.

**ANSWER:** Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and on that basis denies such allegations.

39. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them financial injury and emotional distress.

**ANSWER:** Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies such allegations.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

BN 1336714v1

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant Deutsche Bank National Trust Company prays this court to:

1. Dismiss Plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

- 15 -

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 10, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 16 -

## CERTIFICATE OF SERVICE

    I, Connie Madrigal, hereby certify that on this 10th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                           By:     /s/ Connie Madrigal

BN 1336714v1