IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Vicki Calder v. Ameriquest Mortgage Company, et al.*, Case No. 06CV5146 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Deutsche Bank National Trust Company ("Defendant" or Deutsche Bank), by and through its attorneys, answers Plaintiff Vicki Calder ("Plaintiff") Complaint as follows.

## COMPLAINT

### INTRODUCTION

1. Plaintiff Vicki Calder charges defendants with violation of the Truth in Lending Act through failure to honor a valid rescission request in violation of 15 U.S.C. § 1635. Plaintiff also charges defendant Ameriquest with violation of New York law.

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant denies all remaining allegations in this paragraph. Defendant specifically denies that it violated the Truth in Lending Act and 15 U.S.C. § 1635 or any New York law.**

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because Plaintiff's claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over Plaintiff's claim under slate law

- 1 -

BN 1336170v1

pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations in this paragraph.**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

**ANSWER:** **Defendant does not dispute venue. Defendant admits that the Judicial Panel on Multi-District Litigation has issued an order centralizing this action with other litigation against Ameriquest in this district before Judge Aspen. Defendant denies any remaining allegations in Paragraph 3.**

## PARTIES

4. Defendant Ameriquest Mortgage Company is a leading sub-prime mortgage lender. The company's main offices are in Orange, California, but it does business in this district. Defendant AMC Mortgage Services, Inc. services Ameriquest mortgages and has the right to receive payments thereunder and does business in this district. Defendant Deutsche Bank National Trust Company is the owner of Plaintiff's mortgage and also does business in this district.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of the first three sentences of Paragraph 4 and on that basis denies such allegations. Defendant denies that it owns plaintiff's mortgage and denies the remaining allegations of Paragraph 4.**

5. Plaintiff Vicki Calder is a resident of New York.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies such allegations.**

## BACKGROUND

6. Plaintiff Vicki Calder owns a home in Fishkill, New York, where she lives with her husband Gerald. Ms. Calder sells cars. Her husband is disabled and also retired.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies such allegations.**

7. In or about 2003, Ms. Calder refinanced her home mortgage with Ameriquest in order to raise funds to pay back taxes. Ameriquest did not pay the back taxes as it was supposed to do, so in 2004 Ms. Calder decided to refinance with Ameriquest to fix the problem that had not been fixed the first time.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies such allegations.**

8. Ms. Calder spoke on the telephone to representatives of Ameriquest and was told that the interest rate on her new loan would be 6.58% and the house payments would be around $1,500, $1,600, including taxes and insurance. Ms. Calder was also told that her closing costs would be around $10,000 or $12,000. Ms. Calder was advised to stop paying other creditors.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies such allegations.**

9. The closing took place on April 23, 2004 at Ms. Calder's home. The terms of the deal had changed. The initial interest rate on the loan was 6.75% (not the 6.58% she had been promised) and could go as high as 12.75%. The settlement charges were $14,549.00 (not the $10,000 or $12,000 previously represented). Also, the monthly house payments, beginning at $1,551.78, did not include taxes and insurance.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies such allegations.**

10. Ms. Calder noticed that the interest rate was different. She asked the lawyer who had brought the closing papers about the discrepancy. He didn't know that there was a discrepancy so they called Ameriquest. The person from Ameriquest explained that an APR on a yearly rate is different from an APR on a monthly rate. Ms. Calder said she didn't understand and the person from Ameriquest kept trying to tell her that yearly rates and monthly rates are different. Ms. Calder decided to sign the papers because even though she was confused, she felt he might be right and what did she know.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies such allegations.**

11. The deal changed again after the closing. The settlement statement that Ms. Calder received at the closing said that the disbursement to the borrower would be $15,645.85. In fact, as reflected on a Final Disbursement Report of Express Financial Services, Inc. the amount paid to Ms. Calder on April 30, 2004 was $9,488.20.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies such allegations.**

## COUNT ONE - TRUTH IN LENDING ACT

12. Plaintiffs incorporate paragraphs one through eleven above.

**ANSWER:** **Defendant restates its answers to paragraphs one through eleven.**

13. Ameriquest's disclosures to plaintiffs did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

- 4 -

## REGULATORY FRAMEWORK

14. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. requires the clear, fair, conspicuous and accurate disclosure of the cash and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninhibited use of credit.

**ANSWER:** **Because Paragraph 14 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

15. Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. § § 226.18, 226.22, 226.5.

**ANSWER:** **Because Paragraph 15 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

16. Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.1 8(g)(1).

**ANSWER:** **Because Paragraph 16 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

17. The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TWA disclosures and to rethink transactions that would put the titles to

their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their formal TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

**ANSWER:** **Because Paragraph 17 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

18. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

19. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

**ANSWER:** **Because Paragraph 19 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

20. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have The right to rescind the transaction ....

12 C.F.R. § 226.23(a)(1).

**ANSWER:** **Because Paragraph 20 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

21. The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1)

**ANSWER:** **Because Paragraph 21 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

22. More specifically, the regulation provides:

In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is

delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

> (i) fire retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (v) The date the rescission period expires.

12 C.F.R. § 226.23(h)(1).

**ANSWER:** **Because Paragraph 22 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

23. Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving use to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

12 C.F.R. § 226.23(d)(1).

**ANSWER:** **Because Paragraph 23 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

24. Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

**ANSWER:** **Because Paragraph 24 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

BN 1336170v1

25. The Federal Reserve Board's commentary of paragraph 23(d)(2) explains that the words "any money or property" would include an appraisal fee. The commentary provides:

> The consumer cannot be required to pay any amount in the form of money or property either to the creditor or to a third party as part of the credit transaction. Any amounts of this nature already paid by the consumer must he refunded. "Any amount" includes finance charges already accrued, as well as other charges, such as broker fees, application and commitment fees, or fees for a title search or appraisal, whether paid to the creditor, paid directly to a third party, or passed on from the creditor to the third party. It is irrelevant that these amounts may not represent profit to the creditor.

12 C.F.R. part 226 Supp.1 para. 23(d)(2)-1.

**ANSWER:** **Because Paragraph 25 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

## DEFECTIVE DISCLOSURES

26. Ameriquest's rescission disclosures to plaintiff were defective in a number of respects. First, the Notice of Right to Cancel forms that were given Ms. Calder at the closing did not fill in the date that the rescission period expired, a violation of 12 C.P.R. § 226.23(b)(l)(v).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27. Second, Ameriquest changed the terms of the deal after the closing. According to the HUD-1 Settlement Statement that Ms. Calder received at the closing, she was to receive $15,645.85. In fact, as reflected on a Final Disbursement Report of Express Financial Services, Inc. the amount paid to Ms. Calder on April 30, 2004 was $9,488.20. Thus, the deal was not consummated at the time of the closing so that even if a date had been filled in as to the expiration of the rescission period, that date would have been incorrect.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28. Third, by misleading plaintiff as to the interest rate, house payments and how much cash she would receive, Ameriquest violated 12 C.F.R. § 226.18.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29. Fourth, the Notice of Right to Cancel forms given to Ms. Calder were not the proper forms for someone refinancing with the same lender.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30. Fifth, Ms. Calder was given a document entitled PRE-APPLICATION DISCLOSURE which said that she would owe $275 for a non-refundable appraisal fee deposit if she backed out of the deal, a misrepresentation which violated 12 C.F.R. § 226.23(b)(1)(iv).

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. 5a: 12 C.F.R. § 226.23(aX3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER: Because Paragraph 31 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

32. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiff sent a rescission notice to defendants on June 26, 2006.

**ANSWER: Because Paragraph 32 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

BN 1336170v1

33. Within twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiff's home and paid back to plaintiff any money or property that plaintiff has paid to them in connection with the loan. See 12 C.F.R. § 226.23(d)(2). Defendants have not done either.

**ANSWER:** **Because the first sentence of Paragraph 33 states conclusions of law, no answer is required. Defendant denies any liability to Plaintiff and denies any wrongdoing. Defendant denies the remaining allegations in Paragraph 33.**

34. Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiff is entitled to rescission plus statutory damages and other relief.

**ANSWER:** **The first sentence of this paragraph states conclusions of law; therefore no answer is required. If any answer is required, Defendant denies any liability to Plaintiff. Defendant denies that Plaintiff properly sought to rescind the loan and denies that Plaintiff has any right to rescind the loan.**

## COUNT TWO -- VIOLATION OF NEW YORK LAW

35. Plaintiffs incorporate paragraphs one through thirty-four above.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-34 in answer to this paragraph.**

36. In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiff intending to induce reliance. More specifically, Ameriquest engaged in a bait and switch by baiting plaintiff into the mortgage transaction by offering a relatively favorable set of terms and then switching to less favorable terms.

**ANSWER:** **Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37. Ameriquest's false and misleading statements to plaintiff violated plaintiffs rights under New York statutory and common law.

BN 1336170v1

**ANSWER:** Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.

38. Ameriquest's false and misleading statements deceived plaintiff and proximately caused her injury.

**ANSWER:** Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations.

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other

parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant Deutsche Bank National Trust Company prays this court to:

17. Dismiss Plaintiff's Complaint;

18. Enter judgment for Defendant and against Plaintiff in this action;

19. Award Defendant its costs of suit; and

20. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 10, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 10th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Connie Madrigal

BN 1336170v1