IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br>*Barletta v. Ameriquest Mortgage Company, et al.*<br>Case No. 06-C-4560 (N.D. Ill.) | |

### DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Deutsche Bank National Trust Company ("Defendant" or "Deutsche Bank"), by and through its attorneys, answers Plaintiff Pam Barletta's ("Plaintiff") Complaint as follows.

### COMPLAINT

### INTRODUCTION

1. Plaintiff Pam Barletta charges defendants with violation of the Truth in Lending Act through failure to honor a valid rescission request in violation of 15 U.S.C. 1635. Plaintiff also charge defendant Ameriquest with violation of Michigan law.

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1635 or Michigan law.**

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court bas supplemental jurisdiction over plaintiffs' claim under state law

BN 1336431v1

pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650; 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations in Paragraph 2.**

3. Venue is proper in this district pursuant to 29 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

**ANSWER:** **Defendant does not dispute venue. Defendant admits that the Judicial Panel on Multi-District Litigation has issued an order coordinating this matter with other lawsuits against Ameriquest in this district before Judge Aspen. Defendant denies any remaining allegations in this paragraph.**

## PARTIES

4. Defendant Ameriquest Mortgage Company is a leading sub prime mortgage lender. The company's main offices are in Orange, California, but it does business in this district. Defendant AMC Mortgage Services, Inc. services Ameriquest mortgages and has the right to receive payments thereunder and does business in this district. Defendant Deutsche Bank National Trust Company is the owner of plaintiffs' mortgage and also does business in this district.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of the first two sentences in Paragraph 4 and on that basis denies such allegations. Defendant denies that it owns Plaintiff's mortgage. Defendant denies the remaining allegations in Paragraph 4.**

5. Plaintiff Pam Barletta is a resident of Michigan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

## BACKGROUND

6. Plaintiff Pam Barletta and her husband Gregory own a home in East Leroy, Michigan. Mrs. Barletta is disabled. Her husband is a truck driver.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7. In or about January 1, 2004, the Barlettas decided to refinance the mortgage on their home. Mrs. Barletta spoke repeatedly on the telephone to an Ameriquest representative named Kevin, who made representations about the deal that proved to be false. The Barlettas ended up paying more in settlement charges that they had been led to expect and received less cash out than they had been told they would receive.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

## COUNT ONE -- TRUTH IN LENDING ACT

8. Plaintiffs incorporate paragraphs one through seven above.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-7 in response to this paragraph.**

9. Ameriquest's discloses to plaintiffs did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

- 3 -

## REGULATORY FRAMEWORK

10. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

**ANSWER:** **Because Paragraph 10 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

11. Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and. conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. §§ 226.18, 226.22, 226.5.

**ANSWER:** **Because Paragraph 11 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

12. Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(1).

**ANSWER:** **Because Paragraph 12 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

13. The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give the borrowers an opportunity to reflect on their other TILA disclosures and rethink transactions that would put the titles to their

BN 1336431v1

homes at risk, the Truth in Lending Act gives home to Buyer who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

**ANSWER:** **Because Paragraph 13 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

14. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest give by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after the receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

**ANSWER:** **Because Paragraph 14 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

15. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.
>
> 15 U.S.C. § 1635(a).

**ANSWER:** **Because Paragraph 15 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

16. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In, a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction ...
>
> 12 C.F.R. §226.23(a)(1).

**ANSWER:** **Because Paragraph 16 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

17. The regulation goes onto require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(l).

**ANSWER:** **Because Paragraph 17 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

18. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the tight to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided is § 226.36(b)). The notice

shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction,

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

12 C.F.R. § 226.23(b)(1)

**ANSWER:** **Because Paragraph 18 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

19. Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

12 C.F.R. § 226.23(d)(1).

**ANSWER:** **Because Paragraph 19 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

20. Subparagraph (d)(2) states:

Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

**ANSWER:** **Because Paragraph 20 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

## DEFECTIVE DISCLOSURES

21. Ameriquest's rescission disclosures to plaintiff were defective in a number of respects. First, the Notice of Right to Cancel forms that were given to the Barlettas at the closing listed Mr. Barletta as the only borrower, and did not list Pam Barlettta at all. The forms made it appear that only the borrower, Mr. Barletta, had the right to cancel the mortgage, whereas Mrs. Barletta, as a co-owner of the mortgaged property, also had that right.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22. Second, Ameriquest did not provide plaintiff with the requisite number of copies of the Notice of Right to Cancel form.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23. Third, by misleading plaintiff to how much cash the Barlettas would receive, Ameriquest violated 12 C.F.R. § 226.18.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24. Fourth, on the Notice of Right to Cancel forms that were given to the Barlettas at the closing, there is no date filled in for the expiration of the rescission period, a violation of 12 C.F.R. § 226.23(b)(1)(v).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25. Fifth, Ameriquest changed the terms of the deal after the closing. According to the HUD-1 Settlement Statement that the Barlettas signed at the closing, they were to receive a check for $9,459.03. In fact, the check sent to the Barlettas after the closing was only for

$7,059.84. Thus, the deal was not consummated at the time of the closing so that even if a date had been filled in as to the expiration of the rescission period, that date would have been incorrect.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26. Sixth, Mr. Barletta was given a document entitled **APPLICATION DISCLOSURE** which said that he would owe $300 if he backed out of the deal, a misrepresentation which violated 12 C.F.R. § 226.23(b)(1)(iv).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27. Seventh, Ameriquest paid the prior mortgagee approx. rely $2,780.49 more than the amount actually owed to the prior lender, probably as a result of Ameriquest's practice of including a "padding" adjustment in payoffs to certain prior mortgage lenders. The overpayment should have been included in the finance charge, rather than the amount financed. As a result, the finance charge and APR on the mortgage were materially understated.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then "the rescission period is extended for up to three years. See 12 C.F.R § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER:** **Because Paragraph 28 states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

BN 1336431v1

29. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiff sent a rescission notice to defendants on May 25, 2006.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of the first sentence of Paragraph 29 and on that basis denies such allegations. Defendant denies that Plaintiff properly sought to rescind the loan and denies that Plaintiff has any right to rescind the loan.**

30. Within twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiffs home and paid back to plaintiff any money or property that plaintiff has paid to them in connection with the loan. See 12 C.F.R. § 226.23(d)(2). Defendants have not done either.

**ANSWER:** **The first sentence of Paragraph 30 states conclusions of law, therefore no answer is required. If any answer is required, Defendant denies any liability to Plaintiff. Defendant denies that Plaintiff properly sought to rescind the loan and denies that Plaintiff has any right to rescind the loan.**

31. Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiff is entitled to rescission plus statutory damages and other relief.

**ANSWER:** **The first sentence of Paragraph 31 states conclusions of law; therefore no answer is required. If any answer is required, Defendant denies any liability to Plaintiff. Defendant denies that Plaintiff properly sought to rescind the loan and denies that Plaintiff has any right to rescind the loan.**

## COUNT TWO - VIOLATION OF MICHIGAN LAW

32. Plaintiffs incorporate paragraphs one through thirty-one above.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-31 in response to this paragraph.**

33. In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiff intending to induce reliance. More specifically, Ameriquest engaged in a bait and switch by baiting plaintiff into the mortgage transaction by offering a relatively favorable set of terms and then switching to less favorable terms.

**ANSWER:** Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.

34. Ameriquest's false and misleading statements to plaintiff violated plaintiff's rights under Michigan statutory and common law.

**ANSWER:** Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.

35. Ameriquest's false and misleading statements deceived plaintiff and proximately caused her injury.

**ANSWER:** Because Count Two appears to be directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant Deutsche Bank National Trust Company prays this court to:

17. Dismiss Plaintiff's Complaint;

18. Enter judgment for Defendant and against Plaintiff in this action;

19. Award Defendant its costs of suit; and

BN 1336431v1

20. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 10, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 14 -

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 10th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Connie Madrigal