**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Jennifer Pierce and Michael Pierce v. Ameriquest Mortgage Company et al.*; Case No. 1:07-cv-01745 (N.D. Ill.) | |

### DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

### ANSWER

Defendant Ameriquest Mortgage Company ("Defendant"), by and through its attorneys, answers the Complaint of Plaintiffs Jennifer Pierce and Michael Pierce ("Plaintiffs") as follows.

### INTRODUCTION

1.      Plaintiffs Jennifer Pierce and Michael Pierce bring this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of (A) the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; (B) the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq. ("ECOA"); and (C) state law.

**ANSWER:      Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant specifically denies that it violated the Truth in Lending Act and 15 U.S.C. § 1601 et seq. and the Equal Credit Opportunity Act. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations in Paragraph 1.**

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA).

**ANSWER:**     **Defendant does not contest subject matter jurisdiction.  Defendant denies the remaining allegations in Paragraph 2.**

3.     Defendants do business in the District and are deemed to reside here.  Venue is, therefore, proper under 28 U.S.C. §1391(c).

**ANSWER:**     **Defendant denies that venue is proper in the Northern District of Illinois pursuant to the Multi-District Litigation panel's Transfer Order based on Federal and State constitutional grounds, including but not limited to Due Process and Equal Protection under the law.  Plaintiffs are residents of Indiana and the conduct complained of is alleged to have occurred in Indiana.  Defendant denies any remaining allegations in Paragraph 3.**

## PARTIES

4.     Plaintiffs Jennifer Pierce and Michael Pierce are husband and wife and own and reside in a home located at 763 Tall Timber Dr., Greenwood, IN 46143.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5.     Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Indiana. Its registered agent and office are National Registered Agents, 320 Meridian St., Indianapolis, IN 46204.

**ANSWER:**     **Defendant admits that it is a corporation incorporated in a state other than Indiana, maintains offices and does business in Indiana.  Defendant does not object to service.**

6.     Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:**   **Defendant objects to the term "subprime" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

7.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

8.      Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**   **Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

9.      During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations**

10.      Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Indiana. It is an affiliate of Ameriquest.  Its registered agent and office are National Registered Agents, 200 W. Adams St., Chicago, IL 60606.

**ANSWER:**   **Defendant objects to the term "affiliate" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 3 -

11. Defendant AMC Mortgage Services, Inc. services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

12. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY. On information and belief, it holds legal title to plaintiffs' loan, probably as trustee.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

13. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It owns loans originated by Ameriquest Mortgage Company, including that of plaintiffs'. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant objects to the term "affiliate" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF

14. Plaintiffs are ordinary consumers. Michael Pierce is employed as the manager of a warehouse.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

15. Approximately five days prior to June 5, 2004, Ameriquest employee Jaye Norris called plaintiffs to solicit them for a mortgage.

BN 1303960v1

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

16.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

17.     During the initial phone call, Norris promised plaintiff Michael Pierce that Ameriquest would give plaintiffs a fixed-rate loan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

18.     A couple of days later, Ameriquest performed for or arranged for an appraisal of plaintiffs' property. In connection with this appraisal, a man came to plaintiffs' home and briefly looked around.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

19.     Norris then called plaintiffs back and told them that their appraised value was $160,000.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

20.     Plaintiffs requested a copy of their appraisal report, and Norris said he would be sure to get them a copy.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.

BN 1303960v1

21.     The loan was closed on June 5, 2004.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

22.     Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A. The settlement charges were raised $2,326.42, without a valid reason.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

23.     The following are documents relating to the loan:

a.     A note, Exhibit B. Only Michael Pierce signed the note.

b.     A mortgage, Exhibit C. Both Michael Pierce and Jennifer Pierce signed the mortgage.

c.     An itemization of settlement charges, Exhibit D.

d.     A Truth in Lending disclosure statement, Exhibit E.

e.     The official Federal Reserve Board notice of right to cancel, Exhibit F. All copies of Exhibit F furnished to plaintiffs were incomplete, as indicated.

f.     A different, "one week" (actually six days) notice of right to cancel, Exhibit G.

**ANSWER:     The documents speak for themselves; therefore, no answer is required.  To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.  Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

24.     Plaintiffs were charged a "loan discount" of 3.983% or $5,735.52. As shown on Exhibit A, they received no discount.

BN 1303960v1

**ANSWER:** **The document speaks for itself; therefore, no answer is required.  To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

25.     During the closing, plaintiffs noticed that their documents listed an adjustable interest rate. Michael Pierce protested that Norris had promised them a fixed rate and threatened not to proceed with signing.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

26.     Norris replied that the adjustable rate was in plaintiffs' best interest because, after two years, their interest rate would go down.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27.     However, plaintiffs' starting interest rate was 5.8%. Exhibit B, Section 4(D).

**ANSWER:** **The document speaks for itself; therefore, no answer is required.  To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

28.     After closing, plaintiffs called Ameriquest several more times to request a copy of their appraisal report. They never received a copy.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

29.     In June, 2006, plaintiffs received notice that Ameriquest was increasing plaintiffs' monthly payment from $1,160 to $1,371.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

30.     At this point, plaintiffs applied to refinance with National City Bank ("National City").

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

31.     National City then performed or arranged for an appraisal of plaintiffs' home.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

32.     In June, 2006, an employee of National City, Terry Kissell, called plaintiffs to inform them that their refinance had been denied because the home had only appraised for $120,000.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

33.     Plaintiffs then applied to refinance with another mortgage company, which also performed or arranged for an appraisal of plaintiffs' home.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

34.     An employee of that mortgage company then called plaintiffs to inform them that their refinance had been denied because the home had only appraised for $118,000.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

35.     The principal amount of plaintiffs' loan with Ameriquest was $144,000 or 120% of the corroborated 2006 appraised value of approximately $120,000.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

36.     Ameriquest intended to falsify - or was aware of the falsity of - the value of plaintiffs' home on the appraisal report and the loan application it prepared (Exhibit H, Section VI). It sought to increase the loan amount for which plaintiffs appeared to qualify; this, in turn, increased Norris's commission, the lender's "points and fees," interest income and profits - the amount of each of which is to a substantial degree determined by the size of the loan.

**ANSWER:**     **Denied.**

37.     Most reputable lenders will not make a loan that exceeds 80% of the value of the home ("LTV"), at least not without also imposing expensive private mortgage insurance ("PMI").

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

38.     In December, 2006, plaintiffs received notice that Ameriquest was increasing their monthly payment again, from $1,371 to $1,476.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

39.     Plaintiffs have been directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

40.     On information and belief, Ameriquest Mortgage Securities, Inc., owns plaintiffs' loan, and Deutsche Bank National Trust Company holds title to it.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

41.     If Ameriquest Mortgage Securities, Inc., does not own plaintiffs' loan or Deutsche Bank National Trust company does not hold title, the owners are named as Does 1-5. Actual ownership is rarely a matter of public record.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT I - TILA

42.     Plaintiffs incorporate paragraphs 1-41.

**ANSWER:** **Defendant reinstates its answers to Paragraphs 1-41 in answer to this paragraph.**

43.     This claim is against all defendants.

**ANSWER:** **Admit.**

44.     In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.** (15 U.S.C. § 1635(a)).

**ANSWER:** **Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations that the transaction was secured by Plaintiffs' home and on that basis denies such allegation. Defendant denies that Paragraph 44 accurately cites 15 U.S.C. § 1635(a). Defendant denies the allegations in Paragraph 44 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. Defendant denies the remaining allegations in Paragraph 44.**

45.     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.** (15 U.S.C. § 1635(b).)

**ANSWER:** **Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations that the transaction was secured by Plaintiffs' home and on that basis denies such allegation. Defendant denies that Paragraph 45 accurately cites 15 U.S.C. § 1635(b). Defendant denies the allegations in Paragraph 45 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. Defendant denies the remaining allegations in Paragraph 45.**

46.     To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

**ANSWER:** **Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations that the transaction was secured by Plaintiffs' home and on that basis denies such allegation. Defendant denies that Paragraph 46 accurately cites 15 U.S.C. § 1635(a). Defendant denies the allegations in Paragraph 46 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. Defendant denies the remaining allegations in Paragraph 46.**

47. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:** **Because Paragraph 47 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

48. More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i)      The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii)     The consumer's right to rescind the transaction.**
>
> **(iii)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv)     The effects of rescission, as described in paragraph (d) of this section.**
>
> **(v)      The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

**ANSWER:** **Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations that the transaction was secured by Plaintiffs' home and on that basis denies such allegation. Defendant denies that Paragraph 48 accurately cites 12 C.F.R. § 226.23. Defendant denies the allegations in Paragraph 48 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. Defendant denies the remaining allegations in Paragraph 48.**

## DEFECTIVE NATURE OF DISCLOSURES

49.     In connection with the plaintiffs' loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

**ANSWER:** **Denied.**

## INCOMPLETE NOTICES

50.     The official Notice of Right to Cancel forms delivered to plaintiffs did not set forth the date the rescission period expired, a violation of 12 C.F.R. § 226.23(b)(1)(v). Exhibit F.

**ANSWER:** **Because Paragraph 50 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

51.     It was the practice of certain persons closing Ameriquest loans to deliver incomplete notices in this manner.

**ANSWER:** **Denied.**

## NOTICES CONFUSING WHERE LESS THAN ALL OWNERS ARE OBLIGATED

52.     Exhibit F is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER:** **Denied.**

53.     The top of Exhibit F has only Michael Pierce's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/Owner," which presumably means something different than just "borrower."

**ANSWER:**     **The document speaks for itself; therefore, no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

54.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:**     **Because Paragraph 54 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

### "ONE WEEK" FORM

55.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:**     **Denied.**

56.     Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**ANSWER:**     **Denied.**

57.     Finally, the "one week" notice contains the same ambiguous and confusing references to "borrower" and "owner" as defendants' version of the official Federal Reserve Board three-day notice.

**ANSWER:     Denied.**

58.     Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit I</u>.

**ANSWER:     Defendant denies that Plaintiffs properly sought to rescind the loan against Defendant and denies that Plaintiffs have any right to rescind the loan against Defendant.**

59.     The loan has not been rescinded.

**ANSWER:     Defendant denies that Plaintiffs properly sought to rescind the loan against Defendant and denies that Plaintiffs have any right to rescind the loan against Defendant.**

60.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:     Because Paragraph 60 states a conclusion of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

61.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:     Because Paragraph 61 states a conclusion of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.      A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.      A judgement[sic] indicating the amount, if any, that plaintiffs owe defendants, taking into account the inflated appraisal;

c.      Statutory damages for the underlying disclosure violation;

d.      If appropriate, statutory damages for failure to rescind;

e.      Attorney's fees, litigation expenses and costs.

f.      Such other or further relief as the Court deems appropriate.

## COUNT II – ECOA

62.      Jennifer Pierce incorporates paragraphs 1-61.

**ANSWER:**      **Defendant reinstates its answers to Paragraphs 1-61 in answer to this paragraph.**

63.      This claim is against Ameriquest Mortgage Company.

**ANSWER:**      **Admit.**

64.      On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

65.      On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 16 -

66.     Defendant's practice thus impairs and obfuscates the cancellation rights of women and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

WHEREFORE, plaintiff Jennifer Pierce requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a.      Appropriate statutory and punitive damages;

    b.      Attorney's fees, litigation expenses and costs.

    c.      Such other or further relief as the Court deems appropriate.

## COUNT III – BREACH OF CONTRACT

67.     Plaintiffs incorporate paragraphs 1-41.

**ANSWER:     Defendant reinstates its answers to Paragraphs 1-41 in answer to this paragraph.**

68.     This claim is against Ameriquest only.

**ANSWER:     Admit.**

69.     Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

70.     Plaintiffs paid the fee but did not receive a discounted rate. Exhibit D Line 802 and Exhibit A.

**ANSWER:     The documents speak for themselves; therefore, no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 17 -

71.     Ameriquest thereby breached its agreement.

**ANSWER:    Denied.**

72.     Plaintiffs were thereby damaged.

**ANSWER:    Denied.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

a.      Appropriate damages;

b.      Costs.

c.      Such other or further relief as the Court deems appropriate.

## COUNT IV – COMMON LAW FRAUD

73.     Plaintiffs incorporate paragraphs 1-41. This claim is against Ameriquest.

**ANSWER:    Defendant reinstates its answers to Paragraphs 1-41 in answer to this paragraph.**

74.     Defendant represented to plaintiffs, based upon what it reported was the existing value of their home, that plaintiffs qualified for a certain loan amount.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

75.     Defendant represented to plaintiffs, both through their loan application and orally, that this value was $160,000, while concealing the actual appraisal report, all for the purposes of pushing their loan through the approval process.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

76.     Ameriquest's representation to plaintiffs that they qualified for the loan was false or fraudulent because it was based on a representation concerning the value of their home that was materially false.

**ANSWER:    Denied.**

77.     Ameriquest made this representation intentionally, with knowledge and/or reckless ignorance of its falsity.

**ANSWER:    Denied.**

78.     Ameriquest's representation that plaintiffs qualified for the loan caused plaintiffs to rely on the misrepresentation to their detriment. Based on both appraisals performed in 2006 in connection with plaintiffs' attempts to refinance, plaintiffs' home is only worth $120,000. Consequently, plaintiffs will not be able to refinance with a reputable mortgage lender, and they are effectively "trapped" in their current loan with an ever-increasing interest rate.

**ANSWER:    Denied.**

79.     Plaintiffs' reliance was justifiable.

**ANSWER:    Denied.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against Ameriquest for:

        a.     Actual and compensatory damages;

        b.     Punitive damages; and

        c.     Such other or further relief as the Court deems appropriate.

## COUNT V – DAMAGES RESULTING FROM CIVIL CONSPIRACY

80.     Plaintiffs incorporate ¶¶ 1-41 above. This claim is against Ameriquest.

**ANSWER:    Defendant reinstates its answers to Paragraphs 1-41 in answer to this paragraph.**

- 19 -

81.     Defendant combined with an unknown appraisal company to arrange for and produce a fraudulent appraised value of plaintiffs' home.

**ANSWER:     Denied.**

82.     Defendant took concerted and overt actions to accomplish this fraudulent and unlawful purpose and goal.

**ANSWER:     Denied.**

83.     Among other things, it conspired - out of excessive concern for its own profit- to misrepresent, conceal and suppress the actual market value of plaintiffs' property.

**ANSWER:     Denied.**

84.     Plaintiffs were damaged as a result of defendant's conspiracy.

**ANSWER:     Denied.**

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendants for:

        a.     Actual damages;

        b.     Incidental, consequential and special damages;

        c.     Costs of litigation and expenses; and

        d.     Such other or further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of

- 20 -

the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5.      Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6.      Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7.      Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8.      Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9.      Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10.     Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11.     Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12.     Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13.     If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other

- 21 -

rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 10, 2007        By:  /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage*
*Company; AMC Mortgage Services, Inc.;*
*and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 22 -

## <u>CERTIFICATE OF SERVICE</u>

I, Bernard E. LeSage, hereby certify that on this 10th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Bernard E. LeSage _____

- 23 -

BN 1303960v1