## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Patricia and Donald Cooper v. Ameriquest Mortgage Company, et al.*; Case No. 06CV6604 | |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Ameriquest Mortgage Company ("Defendant"), by and through its attorneys, answers Plaintiffs Patricia and Donald Cooper ("Plaintiffs")Complaint as follows.

## INTRODUCTION

1.　　Plaintiffs Patricia and Donald Cooper charge defendants with violation of the Truth in Lending Act through failure to honor a valid rescission request in violation of 15 U.S.C. § 1635.  Plaintiffs also charge defendant Ameriquest with violation of Ohio law.

**ANSWER:**　**Defendant admits that Plaintiffs have filed a lawsuit against it.  Defendant denies all remaining allegations in this paragraph.  Defendant specifically denies that it violated the Truth in Lending Act and 15 U.S.C. § 1635 or any Ohio law.**

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law.  This Court has supplemental jurisdiction over plaintiffs' claim under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies the remaining allegations in this paragraph.**

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

**ANSWER:** **Defendant denies that venue is proper in the Northern District of Illinois pursuant to the Multi-District Litigation panel's Transfer Order based on Federal and State Constitutional grounds, including but not limited to Due Process and Equal Protection under the law. Plaintiffs are residents of Ohio and the conduct complained of is alleged to have occurred in Ohio. Defendant denies any remaining allegations in this paragraph.**

## PARTIES

4.    Defendant Ameriquest Mortgage Company is a leading sub-prime lender. The company's main offices are in Orange, California, but it does business in this district. Defendant AMC Mortgage Services, Inc. services Ameriquest mortgages and has the right to receive payments thereunder and does business in this district. Defendant Deutsche Bank National Trust Company is the owner of plaintiffs' mortgage and also does business in this district.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant admits that Ameriquest Mortgage Company's main offices are in Orange, California. Defendant admits that AMC Mortgage Services, Inc. services Ameriquest Mortgage Company's mortgages. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4. Defendant will provide Plaintiffs with the identity of the current owner of the loan once Defendant is able to confirm the identity.**

5.    Plaintiffs Patricia and Donald Cooper are residents of Ohio.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

## BACKGROUND

6.      Plaintiffs Patricia and Donald Cooper own a home in Perrysburg, Ohio.  Patricia works in the machine repair department of a factory that makes glassware.  Her husband, Donald, is retired.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

7.      In early 2005, the Coopers decided to refinance the mortgage on their home in order to raise money to pay off some debts.  The Coopers got in touch with Ameriquest.  Patricia Cooper spoke repeatedly on the telephone to a man who worked for Ameriquest.  The Ameriquest representative said that Ameriquest would loan the Coopers 90% of the appraised value of the house.  Patricia told the Ameriquest representative that she wanted a 30 year fixed rate mortgage with no prepayment penalty.  The Ameriquest representative said that would not be a problem and the loan would be set up that way.  The Ameriquest representative told Patricia that the interest rate on the loan would be 8.05% and that the house payments would be around $1,725 per month.  The Ameriquest representative also told the Coopers to stop paying certain other creditors (Citicard and Citifinancial) and that the Coopers could probably refinance in a year at a lower rate.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

8.      Ameriquest commissioned an appraisal of the Coopers' home and later prepared an adjustable rate note for $234,000.  The loan had an initial rate of 8.050% but the rate could increase to as much as 14.050% depending on changes in the LIBOR rate.  The Coopers were assessed $12,472.30 in fees and points to get this loan.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

- 3 -

9.     The closing took place in the evening of March 25, 2005 at the Coopers' home.  A notary came with the closing papers.  Mrs. Cooper asked the notary to confirm that this was a 30 year fixed mortgage with no prepayment penalty.  The notary said yes.  The Coopers believed the notary and signed the loan papers without reading them carefully.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

10.     The Coopers have since learned that, in fact, they have an adjustable rate mortgage.  They have tied to refinance the mortgage but have not been able to do so.  The problem is that the value of the Coopers' home is only $210,000, according to a recent independent appraisal, which is less than the amount of money that the Coopers owe to Ameriquest.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

## COUNT ONE - TRUTH IN LENDING ACT

11.     Plaintiffs incorporate paragraphs one through ten above.

**ANSWER:**     **Defendant does not need to respond to this paragraph.**

12.     Ameriquest's disclosures to plaintiffs did not comply with the requirements of the Truth in Lending Act.  To understand how the disclosures were defective, some background is helpful.

**ANSWER:**     **Denied.**

## REGULATORY FRAMEWORK

13.     The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit.  The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful

disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

**ANSWER:**    **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

14.    Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1{a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. § § 226.18, 226.22, 226.5.

**ANSWER:**    **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

15.    Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(1).

**ANSWER:**    **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

16.    The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final

- 5 -

TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

17.     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

18.     To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor

under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

19. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction ....

12 C.F.R. § 226.23(a)(1).

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

20. The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose[]" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

21. More specifically, the regulation provides:

In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

- 7 -

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

22.     Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

12 C.F.R. § 226.23(d)(1).

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

23.     Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

24.     The Federal Reserve Board's commentary of paragraph 23(d)(2) explains that the words "any money or property" would include an appraisal fee. The commentary provides:

> The consumer cannot be required to pay any amount in the form of money or property either to the creditor or to a third party as part of the credit transaction. Any amounts of this nature already paid by the consumer must be refunded. "Any amount" includes finance charges already accrued, as well as other charges, such as broker fees, application and commitment fees, or fees for a title want or appraisal, whether paid to the creditor, paid directly to a

third party, or passed on from the creditor to the third party. It is irrelevant that these amounts may not represent profit to the creditor.

12 C.F.R. part 226 Supp.1 para. 23(d)(2)-l.

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

## DEFECTIVE DISCLOSURES

25.     Ameriquest's rescission disclosures to plaintiffs were defective in a number of respects. First, the Notice of Right to Cancel forms that were left with the Coopers at the closing did not list the date that the rescission period expired, in violation of 12 C.F.R. § 226.23(b)(1)(v). Also, the Notice of Right to Cancel forms were not delivered to the Coopers at the closing but rather were mailed to them about a week later, in violation of 12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

26.     Second, by falsely assuring plaintiffs that they were getting a fixed rate mortgage, Ameriquest misled plaintiffs as to the existence of a variable interest rate on their loan in violation of 12 C.F.R. § 226.18.

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

27.     Third, Ameriquest gave the Coopers a document dated February 9, 2005, entitled **APPLICATION DISCLOSURE**, which stated that their $300 "Appraisal/Property Valuation Fee Deposit" was "refundable only if the loan is denied or withdrawn prior to the Lender ordering the appraisal/property valuation." Ameriquest gave the Coopers another document dated March 25, 2005 which stated that their $295 "Appraisal/Property Valuation Fee Deposit" was "refundable only if the loan is denied or withdrawn prior to the Lender ordering the appraisal/property valuation." These statements contradicted plaintiffs' right to rescind the transaction and get back "any money or property that has been given to anyone in connection with the transaction" 12 C.F.R. § 226.23(d)(2). The Federal Reserve Board's commentary of

- 9 -

paragraph 23(d)(2) explains that the words "any money or property" would include an appraisal fee. By representing the appraisal fee was nonrefundable if plaintiffs tried to cancel the transaction, Ameriquest misrepresented plaintiffs' rescission rights, thereby making the rescission notice defective under 12 C.F.R. § 226.23(b)(1)(iv).

**ANSWER:** Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.

28. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 yews after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER:** Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.

29. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs sent a rescission notice to defendants on October 2, 2006.

**ANSWER:** Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs. Defendant denies that Plaintiffs properly sought to rescind the loan against Defendant and denies that Plaintiffs have any right to rescind the loan against Defendant.

30. Within twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiffs! home and paid back to plaintiffs any money or property that plaintiffs have paid to them in connection with the loan. See 12 C.F.R. § 226.23(d)(2). Defendants have not done either.

**ANSWER:** Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs. Defendant denies that Plaintiffs properly sought to rescind the loan against Defendant and denies that Plaintiffs have any right to rescind the loan against Defendant. Defendant admits that the loan has not been rescinded.

- 10 -

31.     Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act.  Plaintiffs are entitled to rescission plus statutory damages and other relief.

**ANSWER:     Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs. Defendant denies that Plaintiffs properly sought to rescind the loan against Defendant and denies that Plaintiffs have any right to rescind the loan against Defendant.  Defendant admits that the loan has not been rescinded.**

## COUNT TWO -- VIOLATION OF OHIO LAW

32.     Plaintiffs incorporate paragraphs one through thirty-one above.

**ANSWER:     Defendant does not need to respond to this paragraph.**

33.     In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiffs intending to induce reliance.  More specifically, Ameriquest engaged in a bait and switch by baiting plaintiffs into the mortgage transaction by offering a relatively favorable set of terms and then switching to less favorable terms.

**ANSWER:     Denied.**

34.     Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' fights under Ohio statutory and common law.

**ANSWER:     Denied.**

35.     Ameriquest's false and misleading statements deceived plaintiffs and proximately caused their injury.

**ANSWER:     Denied.**

36.     Ameriquest also defrauded plaintiffs by telling them that they were getting a 30 year fixed mortgage when, in fact, plaintiffs were getting an adjustable rate mortgage.

**ANSWER:     Denied.**

BN 1307462v1

37.     Furthermore, Ameriquest defrauded plaintiffs by telling them that the loan amount would be for 90% of me appraised value of the home and that plaintiffs would be able to refinance at a lower rate in a year when, in fact, the loan amount was for more than the value of the home which meant that the Coopers could not refinance away from Ameriquest.  This misrepresentation was deliberate and part of a pattern and practice on the part of Ameriquest to make loans for more than the mortgaged property is really worth, which practice has the effect of trapping customers into Ameriquest mortgages.

**ANSWER:     Denied.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5.     Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7.     Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

- 12 -

8.      Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9.      Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10.     Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11.     Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12.     Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13.     If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity.  Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

- 13 -

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 10, 2007

By:  /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Company; and AMC Mortgage Services, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1307462v1

## **CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 10th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Bernard E. LeSage _____