IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: <br><br> *Janet Diggins v. Ameriquest Mortgage Company, et al.*; Case No. 06CV7017 | |

### DEFENDANT AMERIQUEST MORTGAGE SECURITIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Ameriquest Mortgage Securities, Inc. ("Defendant"), by and through its attorneys, answers Plaintiff Janet Diggins' ("Plaintiff")Complaint as follows.

### INTRODUCTION

1. Plaintiff Janet Diggins brings this action against a "subprime" mortgage lender and its affiliates to rescind mortgages for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and for damages under state law.

**ANSWER:** Defendant admits that Plaintiff has filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant further objects to the term "affiliates" as vague. Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, or implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. Defendant further deny that it violated any state law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 29 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1337 (supplemental jurisdiction), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not contest subject matter jurisdiction or personal jurisdiction. Defendant denies any remaining allegations in this paragraph.**

## PARTIES

3. Plaintiff Janet Dig gins owns and resides in a home at 19 E. 144th Street, Riverdale, IL 60827.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

4. At the time of her transactions with Ameriquest, Ms. Diggins was a single mother struggling to make ends meet. She works the graveyard shift as a clerk for the U.S. Postal Service.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

5. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are rational Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Company is a corporation, that it is incorporated in a state other than Illinois, that it has maintained offices and does business in Illinois. Defendant does not object to service.**

6. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the**

**intended characterization of "subprime." Defendant admits that Ameriquest Mortgage Company is in the business of originating loans secured by mortgages. Defendant denies the remaining allegations in this paragraph.**

7. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER: Defendant admits that, during the relevant time period of Plaintiff's loan, Ameriquest Mortgage Company originated more than 26 loans per year.**

8. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER: Because this paragraph states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

9. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

10. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER: Defendant admits that AMC Mortgage Services, Inc. is a corporation and that it was incorporated outside of Illinois. Defendant does not object to service.**

11. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant objects to the term "affiliate" as vague. Defendant admits that AMC Mortgage Services, Inc. services loans originated by Ameriquest Mortgage Company. Defendant denies the remaining allegations in this paragraph.**

12. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, N.Y.

**ANSWER:** **Defendant admits that Deutsche Bank National Trust Company, N.A. is a corporation, that it is incorporated in a state other than Illinois and that it does business in Illinois. Defendant does not object to service. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12.**

13. Ameriquest Mortgage Securities, Inc., an affiliate, of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868. Its registered office and agent are National Registered Agents, Inc, 2030 Main Street, Suite 1030, Irvine, CA 92614.

**ANSWER:** **Defendant objects to the term "affiliate" as vague. Defendant admits that Ameriquest Mortgage Securities, Inc. is a corporation, that it is incorporated in a state other than Illinois, and that it is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868. Defendant does not object to service.**

## FACTS RELATING TO PLAINTIFF

14. Prior to September 3, 2004, Ameriquest Mortgage Company solicited plaintiff to refinance her mortgage loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

15. Plaintiff then applied for a refinance mortgage loan with Ameriquest.

**ANSWER:** **Defendant admits that Plaintiff applied for a mortgage loan with Ameriquest.**

16. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

- 4 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

17. On information and belief, in determining the loan terms plaintiff qualified for, Ameriquest took into account debts that had already been discharged in plaintiffs bankruptcy proceeding.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

18. The loan was closed on or about September 3, 2004. An Ameriquest representative closed the loan in plaintiff's home.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies such allegations.**

19. The following are documents relating to the. September 3, 2004 loan:

   a. A note, Exhibit A;

   b. A mortgage, Exhibit B;

   c. A settlement statement, Exhibit C;

   d. A Truth in Lending statement, Exhibit D;

   e. A list of "items to be paid off from loan proceeds," Exhibit E;

   f. "Itemization of settlement charges;" Exhibit F;

   g. A "summary of debts and disbursements," Exhibit G;

   h. Three copies of the three-day notice of right to cancel required by the Federal Reserve Board, Exhibit H. None of them are completed.

   i. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies. Exhibit I.

**ANSWER:** **Because the documents speak for themselves, no answer is required. To the extent an answer is required, Defendant admits that Plaintiff entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that**

- 5 -

**these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.**

20. In connection with the September 3, 2004 loan, plaintiff was charged a "loan discount" of $1613.63.

**ANSWER:** **Because the documents speak for themselves, no answer is required. To the extent an answer is required, Defendant admits that Plaintiff entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.**

21. On information and belief, some of the creditors shown in <u>Exhibit G</u> had already been paid off by plaintiff or were discharged in plaintiff's bankruptcy proceeding.

**ANSWER:** **Because the documents speak for themselves, no answer is required. To the extent an answer is required, Defendant admits that Plaintiff entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.**

22. Ameriquest neither paid these creditors or reimbursed or credited these amounts to plaintiff.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

23. The September 3, 2004 loan was transferred by Ameriquest to a related entity, AMC Mortgage Services.

**ANSWER:** **Defendant objects to the term "related entity" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

24. Ameriquest then contacted plaintiff to refinance her again. Plaintiff sought to refinance with another lender. On information and belief, Ameriquest had an arrangement with the credit bureaus to notify Ameriquest if another mortgage company inquired about an

- 6 -

- 7 -

Ameriquest borrower. Ameriquest solicited plaintiff to enter into another loan, which was closed on May 11, 2005, also by an Ameriquest representative and in plaintiff's home.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

25. The following are documents relating, to the loan closed May 11, 2005:

   a. A note in the principal amount of $111,375.00, Exhibit J;

   b. A mortgage, Exhibit K;

   c. A settlement statement, Exhibit L;

   d. A list of items to be paid off from loan proceeds, Exhibit M;

   e. A summary of debts and disbursements, Exhibit N;

   f. An itemization of settlement charges, Exhibit O;

   g. A Truth in Lending disclosure statement, Exhibit P;

   h. Two copies of a three-day notice of right to cancel form, Exhibit Q. None of the notices were completed.

   i. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies ,Exhibit R.

**ANSWER:** **Because the documents speak for themselves, no answer is required. To the extent an answer is required, Defendant admits that Plaintiff entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.**

26. The three-day notice was prepared using the wrong, form. Specifically, it was prepared using FRB Form H-8 when FRB Form H-9 should have been used. FRB Form H-9 is the form for use in transactions in which a loan made by Ameriquest is refinanced by Ameriquest. Form H-8 is used when a loan made by another lender is refinanced by Ameriquest.

**ANSWER:** **Because this paragraph states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

27. .In connection with the May 11, 2005 loan, Ameriquest purportedly paid plaintiff's real estate taxes in the amount of $ 1,199.82 when, in fact, they had already been paid.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

28. On information and belief, some of the creditors shown in <u>Exhibit N</u> had already been paid off by plaintiff, or were discharged in plaintiffs bankruptcy proceeding.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

29. Ameriquest neither paid these creditors or reimbursed or credited plaintiff with such amount.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

30. Plaintiff vas later directed to make payments to AMC Mortgage Services, Inc:

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and on that basis denies such allegations.**

31. On information and belief, Deutsche Bank, National Trust Company, N .A., has title to plaintiff's May 11, 2005 loan.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. Defendant will provide Plaintiff with the identity of the current owner of the loan once Defendant is able to confirm the identity.**

32. On information and belief, Ameriquest Mortgage Services, Inc., is the current beneficial owner of plaintiff's loan.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. Defendant will**

**provide Plaintiff with the identity of the current owner of the loan once Defendant is able to confirm the identity.**

33. In the event neither Deutsche Bank nor Ameriquest Mortgage. Securities, Inc., owns plaintiff's May 11, 2005 loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. Defendant will provide Plaintiff with the identity of the current owner of the loan once Defendant is able to confirm the identity.**

### RIGHT TO RESCIND

34. Because the September 3, 2004 transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 US C. § 1635 and 12 C.F.R. §226.23.

**ANSWER:** **Because this paragraph states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

Section 226.23 provides

(a) Consumer's right to rescind.

> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or «'ill be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegraphic or other means (if written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business (lay following consummation, delivery of the notice required by paragraph Q of this section, or delivery of all material disclosures [fn] 48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of alt of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance

- 9 -

> with section 125(f) of the Act, [15 U.S.C. §1035(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) .Notice of right to rescind.. In a transaction subject to rescission, a creditor shall deliver 2 copies of that notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> > (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
> >
> > (2) The consumer's right to rescind the transaction.
> >
> > (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> >
> > (4) The effects of rescission, as described in paragraph (d) of this section.
> >
> > (5) The date the rescission period expires....
>
> (f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:
>
> > (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
> >
> > (2) A credit plan in which a state agency is a creditor.

**ANSWER:** **Defendant denies that Plaintiff has accurately quoted 12 C.F.R. §226.23. Defendant denies it has violation TILA and Regulation Z.**

35. The May 11, 2005 loan was also subject to the right to cancel, but only as to the new funds provided-

**ANSWER:** **Because this paragraph states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiff.**

- 10 -

**GROUNDS FOR RESCISSION**

36. In connection with the September 3, 2004, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiff s right to cancel within three days, in violation of 15 1114C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons below.

**ANSWER:** **Denied.**

37. None of the federal notices of right to cancel received by plaintiff were completed. See Exhibit H

**ANSWER:** **Because the documents speak for themselves, no answer is required. To the extent an answer is required, Defendant admits that Plaintiff entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.**

38. The delivery of two different notices of right to cancel is confusing, and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right, to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.

**ANSWER:** **Denied.**

39. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own staff finds it necessary to on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Denied.**

40. In connection with both the September 3, 2004 and May 11, 2005 loans, Ameriquest withheld amounts from plaintiff s loan proceeds which should not have been withheld and which were not reimbursed to plaintiff. These amounts were, therefore; finance charges but were not disclosed by Ameriquest as such on Exhibits D and P. Thus, for each loan,

- 11 -

the APR, finance charge and amount financed were grossly understated, in excess of TILA's applicable tolerance in violation of 15 U.S.C. §1638 and 12 C.F.R. 226.18.

**ANSWER: Denied.**

41. Also in connection with the May 11, 2005 loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiff s right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226 23, for (without limitation) me following reasons:

**ANSWER: Denied.**

42. None of the federal notices of right to cancel received by plaintiff were completed. See Exhibit Q.

**ANSWER: Because the documents speak for themselves, no answer is required. To the extent an answer is required, Defendant admits that Plaintiff entered into a loan agreement with Ameriquest Mortgage Company. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.**

43. The three-day notice was prepared using the wrong form. Specifically, it was prepared using FRB Form, H-8 when FRB Form H-9 should have been used. FRB Form H-9 is the form for use in transactions in which a loan made by Ameriquest is refinanced by Ameriquest. Form H-8 is used when a loan made by another lender is refinanced by Ameriquest.

**ANSWER: Denied.**

44. The delivery of two different notices to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or me procedural protections of § 1635.

**ANSWER:** **Denied.**

45. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Denied.**

46. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit S</u>.

**ANSWER:** **Defendant denies that Plaintiff properly sought to rescind the loan against Defendant and denies that Plaintiff has any right to rescind the loan against Defendant.**

47. The loan has not been rescinded.

**ANSWER:** **Defendant denies that Plaintiff properly sought to rescind the loan against Defendant and denies that Plaintiff has any right to rescind the loan against Defendant. Defendant admits that the loan has not been rescinded.**

48. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because this paragraph states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

49. 15 U.S.C. § 1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief tinder section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:** **Defendant admits that the allegations in Paragraph 49 contain the text of 15 U.S.C. § 1635(g). Defendant denies the allegations in Paragraph 49 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiff and denies that Plaintiff may rescind the mortgage. Defendant denies the remaining allegations of Paragraph 49.**

- 13 -

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported causes of action fail to state a claims upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

5. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

7. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiff.

8. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiff's claims are barred in whole or in part, because Plaintiff misrepresented their credit, income or other information association with obtaining the loan.

10. Plaintiff's claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11. Plaintiff is not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were

accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12. Plaintiff is not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13. If it should be deemed that Plaintiff is entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiff's reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiff's behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiff, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 10, 2007  By:  /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

- 15 -

BN 1307635v1

- 16 -

                                                               Bernard E. LeSage, Esq.
                                                               Sarah K. Andrus, Esq.
                                                               BUCHALTER NEMER, a P.C.
                                                               1000 Wilshire Boulevard, Suite 1500
                                                               Los Angeles, CA 90017-2457
                                                               Telephone: (213) 891-0700
                                                               Facsimile: (213) 896-0400

**CERTIFICATE OF SERVICE**

      I, Bernard E. LeSage, hereby certify that on this 10th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                          By:      /s/ Bernard E. LeSage

BN 1307635v1