IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Tara Walczak-Daege and Jonathan Daege v. Ameriquest Mortgage Company, et al.*; Case No. 1:07-cv-01746 (N.D. Ill.) | |

## DEFENDANT AMERIQUEST MORTGAGE SECURITIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Ameriquest Mortgage Securities, Inc. ("Defendant"), by and through its attorneys, answers Plaintiffs Tara Walczak-Daege's and Jonathan Daege's ("Plaintiffs") Amended Complaint as follows.

### INTRODUCTION

1.  Plaintiffs Tara Walczak-Daege and Jonathan Daege bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and to recover damages under state law.

**ANSWER:** The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of their Complaint.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and

15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant admits that it has transacted business in this judicial district. The remaining allegations in this paragraph constitute a legal conclusion, which Defendant is not required to admit or deny.**

## PARTIES

3. Plaintiffs Tara Walczak-Daege and Jonathan Daege are married and own and reside in a home at 1138 Beardon Court, Noblesville, IN, 46060.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.**

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Indiana. Its registered agent and office are National Registered Agents, 320 Meridian St., Indianapolis, IN 46204.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Company has done business in Indiana, has previously maintained an office in Indiana and that its registered agent is National Registered Agents.**

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Company originates loans. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies the remaining allegations in Paragraph 5 of the Complaint.**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant admits the allegations in Paragraph 6 of the Complaint.**

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **The allegations in Paragraph 7 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies those allegations.**

9. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that AMC Mortgage Services, Inc. has done business in Illinois, and that its registered agent is National Registered Agents.**

10. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant admits that AMC Mortgage Services, Inc. services loans originated by Defendant. Defendant denies the remaining allegations in Paragraph 10.**

11. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY. On information and belief, it holds legal title to plaintiffs' loan, probably as trustee.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies those allegations.**

12. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It own loans

- 3 -

originated by Ameriquest Mortgage Company, including that of plaintiffs. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Securities, Inc. transacts business in Michigan. Defendant admits that Ameriquest Mortgage Securities, Inc. holds title to certain loans originated by Ameriquest Mortgage Company and that Ameriquest Mortgage Securities, Inc. is located at 1100 Town & Country Road, Suite 1100, Orange, California 92868. Defendant denies the remaining allegations in Paragraph 12.**

13. In the event Ameriquest Mortgage Securities, Inc. does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies those allegations.**

## FACTS RELATING TO PLAINTIFF

14. Less than two weeks prior to December 15, 2004, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies those allegations.**

15. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis denies those allegations.**

16. Approximately one week prior to closing, an Ameriquest employee named Jaye Norris persuaded plaintiffs to agree to an adjustable-rate loan by telling plaintiff Tara Walczak-Daege that they would be able to refinance again with Ameriquest, without any closing costs, before plaintiffs' rate changed.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies those allegations.**

17. Several days prior to closing, Ameriquest performed or arranged for an appraisal of plaintiffs' property.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies those allegations.**

18. Norris then called plaintiffs and told Tara Walczak-Daege that the appraised value of plaintiffs' home was $248,440.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 18, and on that basis denies those allegations.**

19. This amount sounded high to plaintiffs, but the house was only three years old, plaintiffs are its first owners, and plaintiffs had never had an official appraisal done before. Norris assured Walczak-Daege that the value was accurate and congratulated her.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies those allegations.**

20. Plaintiff Walczak-Daege then requested a copy of the appraisal report. She also called to request a copy several times after closing. Plaintiffs have never been provided with a copy of their, appraisal report.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies those allegations.**

21. The loan was closed on December 15, 2004.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 21, and on that basis denies those allegations.**

22. The following are documents relating to the loan:
    a. A note, Exhibit A;
    b. A mortgage, Exhibit B;
    c. A settlement statement, Exhibit C,
    d. A Truth in Lending statement, Exhibit D;

  e. The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit E</u>. None of the five copies delivered was completed.

  f. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit F</u>.

**ANSWER:** **Defendant admits that Exhibits A-F appear to bear Plaintiffs' signature. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. Defendants lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis denies those allegations.**

23. Plaintiffs' documents contain no provision concerning a right or option to refinance with Ameriquest, without closing costs, before their rate changes.

**ANSWER:** **Exhibits A-F speak for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of this document. Defendant denies that these documents constitutes the entire loan file and that the documents constitute the fully integrated loan agreement with Plaintiffs. Defendants lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis denies those allegations.**

24. In fact, if plaintiffs did refinance within two years, they would be forced to pay a hefty prepayment penalty. <u>Exhibit A</u>.

**ANSWER:** **Exhibit A speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of this document. Defendant denies that this document constitutes the entire loan file and that the document constitutes the fully integrated loan agreement with Plaintiffs. Defendants lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis denies those allegations.**

25. Plaintiffs were also charged a $5,785.98 "loan discount," <u>Exhibit C</u>, line 802.

**ANSWER:** **Exhibit C speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of this document. Defendant denies that this document constitutes the entire loan file and that the document constitutes the fully integrated loan agreement with Plaintiffs. Defendants lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 25, and on that basis denies those allegations.**

26. Plaintiffs did not receive a discounted rate, as shown by the document entitled "Borrower's Acknowledgment of Final Loan Terms," <u>Exhibit G</u>, delivered to them at closing.

**ANSWER:** **Exhibit G speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of this document. Defendant denies that this document constitutes the entire loan file and that the document constitutes the fully integrated loan agreement with Plaintiffs. Defendants lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 26, and on that basis denies those allegations.**

27. In January 2006, plaintiffs considered selling their house. They privately hired Juday Appraisal Services to appraise the home.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 27, and on that basis denies those allegations.**

28. The report from this appraisal, attached as <u>Exhibit H</u>, shows that plaintiffs' appraised value, a year after Ameriquest's loan, was $170,000.

**ANSWER:** **Exhibit H speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of this document.**

29. Due to Ameriquest's intentionally inflated appraisal value, plaintiffs owe more than the house is worth and are now unable to sell their home.

**ANSWER:** **Defendant denies the allegations in Paragraph 29.**

30. In late 2006, plaintiffs received notice that their rate was about to change from 5.8% to 7.8%.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 30, and on that basis denies those allegations.**

31. Plaintiffs then applied to refinance with Ameriquest in order to keep their lower rate.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 31, and on that basis denies those allegations.**

32. In connection with this attempt to refinance, the same woman who had appraised plaintiffs' home in 2004 returned to perform another appraisal.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 32, and on that basis denies those allegations.**

33. Ameriquest then notified plaintiffs that their refinance had been rejected because their appraised value was only $200,000.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 33, and on that basis denies those allegations.**

34. Plaintiffs have also requested a copy of this appraisal report from 2006. Ameriquest has not provided them with a copy.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 34, and on that basis denies those allegations.**

35. The principal amount of the loan was $217,500 or 128% of Juday Appraisal Service's appraised value of $170,000, or 109% of the $200,000 appraised value determined by Ameriquest's own appraiser two years later.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 35, and on that basis denies those allegations.**

36. Ameriquest intended to falsify the value of plaintiffs' home on the appraisal report and the application it prepared.. It did so in order to increase the loan amount for which plaintiffs appeared to qualify; this, in turn, increased Norris's commission and the lender's "points and fees," interest income and profits - the amount of each of which is to a substantial degree determined by the size of the loan. To conceal its wrongdoing, Ameriquest then withheld a copy of the appraisal reports from plaintiffs.

**ANSWER:** **Defendant denies the allegations in Paragraph 36.**

37. Most reputable lenders will not make a loan that exceeds 80% of the value of the home ("LTV"), at least not without also imposing expensive private mortgage insurance.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 37, and on that basis denies those allegations.**

38. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 38, and on that basis denies those allegations.**

39. On information and belief, Ameriquest Mortgage Securities, Inc., owns plaintiffs' loan, and Deutsche Bank National Trust Company owns title to it.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 39, and on that basis denies those allegations.**

40. In the event Ameriquest Mortgage Securities, Inc., does not own plaintiffs' loan or Deutsche Bank National Trust Company does not hold title (actual ownership is rarely, if ever, shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 40, and on that basis denies those allegations.**

## COUNT I - TRUTH IN LENDING ACT

41. Plaintiffs incorporate paragraphs 1-40.

**ANSWER:** **Defendant incorporates its response to Paragraphs 1-40.**

42. This claim is against all defendants.

**ANSWER:** **The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of their Complaint.**

## RIGHT TO RESCIND

43. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.P.R. §226.23. Section 226.23 provides:

    **(a)** **Consumer's right to rescind.**

**(1)     In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2)     To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3)     The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4)     When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b)     <u>Notice of right to rescind</u>.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1)     The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2)     The consumer's right to rescind the transaction.**

>    **(3)** How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
>    **(4)** The effects o€ rescision, as described in paragraph (d) of this section.
>
>    **(5)** The date the rescission period expires....
>
>  **(f)** <u>Exempt transactions</u>. The right to rescind does not apply to the following:
>
>    **(1)** A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
>    **(2)** A credit plan in which a state agency is a creditor.

**ANSWER:** This paragraph states a legal conclusion which Defendant is not required to admit or deny.

## GROUNDS FOR RESCISSION

44. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** Defendant denies the allegations in Paragraph 44.

45. Ameriquest did not deliver to plaintiffs two completed notices of the right to cancel on the Federal Reserve Board form,

**ANSWER:** Defendant denies the allegations in Paragraph 45.

46. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the

statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:** **Defendant denies the allegations in Paragraph 46.**

47. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Defendant denies the allegations in Paragraph 47.**

48. Ameriquest's own agents finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Defendant denies the allegations in Paragraph 48.**

49. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit I</u>.

**ANSWER:** **Exhibit I speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of this document.**

50. The loan has not been rescinded.

**ANSWER:** **Defendant admits to the allegations in Paragraph 50.**

51. Under 15 U.S.C. §1641{c}, the right to rescind may be exercised against any assignee.

**ANSWER:** **This paragraph states a legal conclusion which Defendant is not required to admit or deny.**

52. 15 U.S.C. § 1635(g} provides:

> **Additional relief**
>
> **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **This paragraph states a legal conclusion which Defendant is not required to admit or deny.**

## COUNT II – BREACH OF CONTRACT

53. Plaintiffs incorporate paragraphs 1-40.

**ANSWER:** **Defendant incorporates its response to Paragraphs 1-40.**

54. This claim is against all defendants.

**ANSWER:** **The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of their Complaint.**

55. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 55, and on that basis denies those allegations.**

56. Plaintiffs paid the fee (Exhibit C, line 802) but did not receive a discounted rate (Exhibit G).

**ANSWER:** **Exhibits C and G speak for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of these documents. Defendant denies that this document constitutes the entire loan file and that the document constitutes the fully integrated loan agreement with Plaintiffs.**

57. Ameriquest thereby breached its agreement.

**ANSWER:** **Defendant denies the allegations in Paragraph 57.**

## COUNT III – COMMON LAW FRAUD

58. Plaintiffs incorporate paragraphs 1-40. This claim is against Ameriquest.

**ANSWER:** **Defendant incorporates its response to Paragraphs 1-40. The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of their Complaint.**

59. Defendant represented to plaintiffs, based upon what it reported was the existing value of their home, that plaintiffs qualified for a certain loan amount.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 59, and on that basis denies those allegations.**

60. Defendant represented to plaintiffs, both through their loan application and orally, that this value was $248,000, while concealing the actual appraisal report, all for the purpose of pushing their loan through the approval process.

**ANSWER:** **Defendant denies the allegations in Paragraph 60.**

61. Ameriquest's representation to plaintiffs that they qualified for the loan was false or fraudulent because it was based on a representation concerning the value of their home that was materially false.

**ANSWER:** **Defendant denies the allegations in Paragraph 61.**

62. Ameriquest made this representation intentionally, with knowledge and/or reckless ignorance of its falsity.

**ANSWER:** **Defendant denies the allegations in Paragraph 62.**

63. Ameriquest's representation that plaintiffs qualified for the loan caused plaintiffs to rely on the misrepresentation, to their detriment. In view of the two appraisals performed in 2006 in connection with plaintiffs' attempts to refinance, plaintiffs' home is only actually worth $170,000 or, at most, $200,000. Consequently, plaintiffs will not be able to refinance with a reputable mortgage lender, and they are effectively "trapped" in their current loan with an ever-increasing interest rate.

**ANSWER:** **Defendant denies the allegations in Paragraph 63.**

64. Plaintiffs' reliance was justifiable.

**ANSWER:** **Defendant denies the allegations in Paragraph 64.**

### COUNT IV – DAMAGES RESULTING FROM CIVIL CONSPIRACY

65. Plaintiffs incorporate ¶¶ 1-40 above. This claim is against Ameriquest..

**ANSWER:** **Defendant incorporates its response to Paragraphs 1-40. The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of their Complaint.**

66. Defendant combined with an unknown appraisal company to arrange for and produce a fraudulent appraised value of plaintiffs' home.

**ANSWER:** **Defendant denies the allegations in Paragraph 66.**

67. Defendant took concerted and overt actions to accomplish this fraudulent and unlawful purpose and goal.

**ANSWER:** **Defendant denies the allegations in Paragraph 67.**

68. Among other things, it conspired - out of excessive concern for its own profit- to misrepresent, conceal and suppress the actual market value of plaintiffs' property.

**ANSWER:** **Defendant denies the allegations in Paragraph 68.**

69. Plaintiffs were damaged as a result of defendant's conspiracy.

**ANSWER:** **Defendant denies the allegations in Paragraph 69.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

BN 1330189v1

6. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11. Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12. Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

- 17 -

14. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 10, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 10th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:  /s/  Bernard E. LeSage