IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |

## DECLARATION OF DIANE TIBEREND IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF DAWN ARNALL

I, Diane Tiberend, declare that the following is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am in-house counsel to ACC Capital Holdings Corporation ("ACCH") and its subsidiaries and affiliates. I make this declaration in support of Defendants' Motion for a Protective Order Precluding the Deposition of Dawn Arnall. Except where otherwise indicated, the following facts are true of my own knowledge and, if called upon to do so, I could and would testify to the truth thereof.

2. Dawn Arnall has been Co-Chairman of the Board of Ameriquest Capital Corporation since December 10, 1999 and Secretary since March 5, 2004. She has been Chairman of the Board of ACC Capital Holdings Corporation since February 10, 2004.

3. Mrs. Arnall has never participated in the day-to-day operations of the operating companies. Mrs. Arnall does not hold and has never held any such director/officer or employee positions with any of the Ameriquest operating companies.

4. Mrs. Arnall did not assume the position as Chairman of the Board of the holding company until February 10, 2004. She assumed the role of Chairman of the Board after her husband was appointed the Ambassador of the United States of America to the Netherlands on February 27, 2006, mandating that he relinquish any role with Defendants.

5. The holding company Mrs. Arnall chaired never originated or marketed a single home loan.

6. Before assuming her role as the Chairman of the Board, Mrs. Arnall was employed as an executive in totally unrelated commercial real estate companies. She has never held an executive position in the operating companies that are the Defendants in this case.

7. Mrs. Arnall has never participated in any manner in the supervision and training of any employees of any of the operating defendants who are alleged in the complaints to have cause harm to the plaintiffs. She has no interaction with sales personnel, aside from her occasional appearances at employee motivational functions and activities, such as "Employee of the Year" and "Big Spin" presentations. She has no involvement with sales and marketing techniques. She has no involvement regarding the account executive compensation system.

8. Mrs. Arnall has never participated in any manner in the appraisal process utilized by any of the operating companies. Mrs. Arnall has never been involved with the assessment of late fees.

9. Mrs. Arnall has never participated in the securitization of mortgages or their sale into the secondary market.

10. Mrs. Arnall has no involvement with the solicitation of targeted borrowers. Mrs. Arnall has no involvement with promotions of loan terms.

11. In short, Mrs. Arnall does not make daily business decisions that are at the heart of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at _Orange_, _California_ this _26_ th day of July 2007.

_Diane E. Tiberend_
Diane Tiberend