**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **LOUIS PASACRETA; MONTRIA HOSPOD &** | ) |
| **MICHAEL ROSH; CORRENA LUKAS &** | ) **MDL NO. 1715** |
| **STEPHEN LUKAS; ANGELINE DIMAIO-** | ) **LEAD CASE NO. 1:05-CV-07097** |
| **DAWKINS; FRANKLIN MURPHY & DENISE** | ) |
| **MURPHY; DWUITH PASCOE & TANYA** | ) **N.D.ILL. NO: 1:06-CV-02468** |
| **PASCOE; GLEN ROGERS & PATRICIA** | ) |
| **ROGERS; RICHARD CHARETTE & HEIDI** | ) **2ND AMENDED COMPLAINT** |
| **CHARETTE; WILLIE MAE CUE; JOANN** | ) |
| **ABBATEMATTEO & JOSEPH** | ) **JURY DEMANDED** |
| **ABBATEMATTEO; JERVIS BELL &** | ) |
| **JUDITH BELL; CAROLYN F. BUNISKI;** | ) **JANUARY 3, 2007** |
| **MATTHEW CAVALLO, III; ROBERT DAY &** | ) |
| **MARCI DAY; RAFAELA GUZMAN &** | ) |
| **OSCAR PEŃA; CHERYL DOUGLAS-** | ) |
| **CHISHOLM; JEFFREY COUTANT &** | ) |
| **SHARON COUTANT; SIMON A. DELL;** | ) |
| **MIGDALIA FIGUEROA; NICHOLAS** | ) |
| **GRIFFIN & ANN GRIFFIN,** | ) |
|     **PLAINTIFFS,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **AMERIQUEST MORTGAGE COMPANY;** | ) |
| **ARGENT MORTGAGE COMPANY, LLC;** | ) |
| **COUNTRYWIDE HOME LOANS, INC.;** | ) |
| **HSBC MORTGAGE SERVICES, INC., &** | ) |
| **AMERIQUEST FUNDING II REO** | ) |
| **SUBSIDIARY, LLC,** | ) |
|     **DEFENDANTS.** | ) |

## INTRODUCTION

1.      This is a suit brought by thirty-two consumers residing in Connecticut who

collectively entered into twenty mortgage loans with the defendants. The plaintiffs claim that

Defendants violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and

the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, in each of their transactions by failing to provide them with the notification of their right to rescind the mortgage as required by TILA.

2.     The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with the defendants.

3.     All plaintiffs plead that they are ready, willing and able to meet their tender obligations under the Connecticut and Federal Truth in Lending Act.

4.     All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below.

5.     The defendant, Ameriquest Mortgage Company, is a foreign corporation with a primary place of business in Orange, California.

6.     The defendant, Argent Mortgage Company, LLC, is a foreign corporation with a primary place of business in Irvine, California.

7.     The defendant, HSBC Mortgage Services, Inc. is a foreign corporation with a primary place of business in Brandon, Florida.

8.     The defendant, Countrywide Home Loans, Inc., is a foreign corporation with a primary place of business in Calabasas, California.

9.     The defendant, Ameriquest Funding II REO Subsidiary, LLC, is a Delaware limited liability company with a primary place of business in Orange, California.

## JURISDICTION

10.     Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and

28 U.S.C. §§ 1331-32.

11.     This court has jurisdiction over the defendants because each regularly conducts

business in this state.

12.     Venue in this court is proper, as the plaintiffs are all residents of Connecticut and

the action concerns real property located in this state.


## FIRST COUNT (LOUIS PASACRETA v. ARGENT)

13.     On or about August 13, 2003, Louis Pasacreta, Jr. entered into a loan agreement

with the Defendant Argent Mortgage Company and provided a mortgage on his residence to

secure the indebtedness.

14.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

15.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

16.     In the course of this consumer credit transaction, Defendant violated C.G.S. §

36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two

copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the

rescission period expired.

17.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

3

18.     The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated March 28, 2005, which notice was received by that Defendant.

19.     More than twenty calendar days have passed since Defendant received the notice of rescission.

20.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

21.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

22.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

g.     A reasonable attorney fee.

## SECOND COUNT
## (MONTRIA HOSPOD & MICHAEL ROSH v. ARGENT, COUNTRYWIDE & AMERIQUEST FUNDING II REO SUBSIDIARY, LLC)

23.     On or about June 25, 2004 Montria Hospod and Michael Rosh entered into a loan agreement with the Defendant, Argent Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

24.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

25.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

26.     In the course of this consumer credit transaction, Argent violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

27.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

28.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated June 7, 2005, which notice was received by that Defendant.

29.     This mortgage loan has been assigned to Defendant Countrywide Home Mortgage Company.

30.     The Plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Countrywide Home Mortgage Company by certified mail dated June 7, 2005, which notice was received by that Defendant.

31.     This mortgage loan has been assigned to Defendant Ameriquest Funding II REO Subsidiary, LLC.

32.     The Plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Funding II REO Subsidiary, LLC by regular mail dated December 20, 2006.

33.     More than twenty calendar days have passed since Defendants Argent and Countrywide received the notice of rescission.

34.     All of the Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

35.     The Defendants have failed to return to the Plaintiffs any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

36.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.     Rescission of this transaction;

    b.     Termination of any security interest in Plaintiffs' property created under the transaction;

    c.     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

    d.     Statutory damages of $2,000 for the disclosure violation;

    e.     Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiffs' rescission notices;

f.      Forfeiture of loan proceeds;

g.      Actual damages in an amount to be determined at trial; and

h.      A reasonable attorney fee.

## THIRD COUNT (CORRENA & STEPHEN LUKAS v. AMERIQUEST & HSBC)

37.     On or about January 9, 2004 Correna and Stephen Lukas entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

38.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

39.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

40.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

41.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

42.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated February 12, 2005, which notice was received by that Defendant.

43.     This mortgage loan has been assigned to Defendant HSBC Mortgage Services.

44.     The Plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated February 12, 2005, which notice was received by that Defendant as well.

45.     More than twenty calendar days have passed since Defendants received the notice of rescission.

46.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

47.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

48.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

     a.     Rescission of this transaction;

     b.     Termination of any security interest in Plaintiff's property created under the transaction;

     c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

     d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

     e.     Forfeiture of loan proceeds;

     f.     Actual damages in an amount to be determined at trial; and

     g.     A reasonable attorney fee.

## FOURTH COUNT (ANGELINE DIMAIO-DAWKINS v. AMERIQUEST & HSBC)

49.     On or about January 14, 2004 Angeline DiMaio-Dawkins entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

50.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

51.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

52.     In the course of this consumer credit transaction, Defendant Ameriquest violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

53.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

54.      Defendant HSBC purchased the Plaintiff's mortgage from Ameriquest on the secondary market.

55.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated March 21, 2005 which notice was received by that Defendant.

56.     Defendant Ameriquest is also in receipt of this notice to rescind the contract.

57.     More than twenty calendar days have passed since Defendant HSBC received the notice of rescission.

58.     Defendant Ameriquest refused to comply with the notice to rescind by letter dated November 29, 2005.

59.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

60.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

61.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

     a.     Rescission of this transaction;

     b.     Termination of any security interest in Plaintiff's property created under the transaction;

     c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

     d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

     e.     Forfeiture of loan proceeds;

     f.     Actual damages in an amount to be determined at trial; and

     g.     A reasonable attorney fee.

**FIFTH COUNT (FRANKLIN & DENISE MURPHY v. AMERIQUEST)**

62.     On or about January 16, 2004 Franklin and Denise Murphy entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

63.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

64.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

65.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

66.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

67.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated January 19, 2005, which notice was received by that Defendant.

68.     More than twenty calendar days have passed since Defendants received the notice of rescission.

69.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

70.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

71.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

      a.     Rescission of this transaction;

      b.     Termination of any security interest in Plaintiff's property created under the transaction;

      c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

      e.     Forfeiture of loan proceeds;

      f.     Actual damages in an amount to be determined at trial; and

      g.     A reasonable attorney fee.

## SIXTH COUNT (DWUITH & TANYA PASCOE v. AMERIQUEST)

72.     On or about May 10, 2004 Dwuith and Tanya Pascoe entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

73.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

74.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

75.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

76.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

77.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated March 25, 2005, which notice was received by the Defendant.

78.     More than twenty calendar days have passed since Defendant received the notice of rescission.

79.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

80.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

81.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney fee.

**SEVENTH COUNT (GLEN & PATRICIA ROGERS v. AMERIQUEST & HSBC)**

82.     On or about July 8, 2004 Glen and Patricia Rogers entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

83.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

84.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

85.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

86.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

87.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company, by certified mail dated June 1, 2005, which notice was received by that Defendant.

88.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, HSBC, by certified mail dated June 1, 2005, which notice was received by that Defendant.

89.     More than twenty calendar days have passed since Defendants received the notice of rescission.

90. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

91. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

92. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney fee.

## **EIGHTH COUNT (RICHARD & HEIDI CHARETTE v. AMERIQUEST & HSBC)**

93.     On or about September 7, 2004 Richard & Heidi Charette entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

94.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

95.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

96.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

97.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

98.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated February 14, 2005, which notice was received by that Defendant.

99.     This mortgage loan has been assigned to Defendant HSBC Mortgage Services.

100.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, HSBC by certified mail dated February 15, 2005, which notice was received by that Defendant.

101.    More than twenty calendar days have passed since Defendants received the notice of rescission.

102.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

103.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

104.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

        a.      Rescission of this transaction;

        b.      Termination of any security interest in Plaintiffs' property created under the transaction;

        c.      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

        d.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

        e.      Forfeiture of loan proceeds;

        f.      Actual damages in an amount to be determined at trial; and

        g.      A reasonable attorney fee.

## NINTH COUNT (WILLIE MAE CUE v. AMERIQUEST)

105.     On or about December 13, 2002 Willie Mae Cue entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

106.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

107.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

108.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

109.     The  Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

110.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated November 21, 2005, which notice was received by that Defendant.

111.     By letter dated November 29, 2005, the Defendant has informed the Plaintiff that it refuses to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

112.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

113.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney fee.

## TENTH COUNT (JOANN & JOSEPH ABBATEMATTEO v. AMERIQUEST)

114.    On or about October 24, 2003 Joann & Joseph Abbatematteo entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

115.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

116.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

117.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

118.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

119.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

120.    More than twenty calendar days have passed since Defendant received the notice of rescission.

121.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

122.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

123.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.    Rescission of this transaction;

   b.    Termination of any security interest in Plaintiff's property created under the transaction;

   c.    Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   e.    Forfeiture of loan proceeds;

   f.    Actual damages in an amount to be determined at trial; and

   g.    A reasonable attorney fee.

### ELEVENTH COUNT (JUDITH & JERVIS BELL v. AMERIQUEST)

124.    On or about November 18, 2004 Jervis & Judith Bell entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

125.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

126.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

127.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

128.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

129.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

130.    More than twenty calendar days have passed since Defendant received the notice of rescission.

131.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

132.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

133.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.      Rescission of this transaction;

      b.      Termination of any security interest in Plaintiff's property created under the transaction;

      c.      Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

      d.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

      e.      Forfeiture of loan proceeds;

      f.      Actual damages in an amount to be determined at trial; and

      g.      A reasonable attorney fee.

## TWELFTH COUNT (CAROLYN F. BUNISKI v. AMERIQUEST)

134.    On or about August 14, 2003 Carolyn F. Buniski entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

135.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

136.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

137.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

138.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

139.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

140.    More than twenty calendar days have passed since Defendant received the notice of rescission.

141.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

142.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

143.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

     a.     Rescission of this transaction;

     b.     Termination of any security interest in Plaintiff's property created under the transaction;

     c.     Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

     d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

     e.     Forfeiture of loan proceeds;

     f.     Actual damages in an amount to be determined at trial; and

     g.     A reasonable attorney fee.

## THIRTEENTH COUNT (MATTHEW CAVALLO III v. AMERIQUEST)

144.     On or about May 23, 2004 Matthew Cavallo III entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

145.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

146.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

147.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

148.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

149.     The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated October 10, 2004, which notice was received by that Defendant.

150.     More than twenty calendar days have passed since Defendant received the notice of rescission.

151.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

152.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

153.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.      Rescission of this transaction;

b.      Termination of any security interest in Plaintiff's property created under the transaction;

c.      Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.      Forfeiture of loan proceeds;

f.      Actual damages in an amount to be determined at trial; and

g.      A reasonable attorney fee.

## FOURTEENTH COUNT (MARCI & ROBERT DAY) v. ARGENT)

154.    On or about August 18, 2003 Marci & Robert Day entered into a loan agreement with the Defendant, Argent Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

155.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

156.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

157.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

158.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

159.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

160.    More than twenty calendar days have passed since Defendant received the notice of rescission.

161.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

162.   The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

163.   As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.

## FIFTEENTH COUNT (RAFAELA GUZMAN & OSCAR PEŃA v. AMERIQUEST)

164.     On or about July 22, 2004 Rafaela Guzman & Oscar Peńa entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

165.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

166.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

167.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

168.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

169.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

170.     More than twenty calendar days have passed since Defendant received the notice of rescission.

171.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

172.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

173.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.      Rescission of this transaction;

b.      Termination of any security interest in Plaintiff's property created under the transaction;

c.      Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.      Forfeiture of loan proceeds;

f.      Actual damages in an amount to be determined at trial; and

g.      A reasonable attorney fee.

### SIXTEENTH COUNT (CHERYL DOUGLAS-CHISHOLM v. AMERIQUEST)

174.     On or about January 13, 2004 Cheryl Douglas-Chisholm entered into a loan agreement with the Defendant and provided a mortgage on her residence to secure the indebtedness.

175.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

176.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

177.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the rescission period expired.

178.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

179.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated March 25, 2005, which notice was received by Defendant.

180.     More than twenty calendar days have passed since Defendant received the notice of rescission.

181.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

182.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

183.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## SEVENTEENTH COUNT
## (JEFFREY & SHARON COUTANT v. AMERIQUEST & HSBC)

184.     On or about July 23, 2004 Jeffrey and Sharon Coutant entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

185.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

186.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

187.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

188.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

189.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 28, 2005, which notice was received by that Defendant.

190.     The Plaintiffs' mortgage loan has been assigned to Defendant HSBC.

191.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated September 28, 2005, which notice was received by that Defendant.

192. More than twenty calendar days have passed since Defendants received the notices of rescission.

193. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

194. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

195. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney fee.

## EIGHTEENTH COUNT (SIMON A. DELL v. AMERIQUEST)

196.    On or about July 3, 2003 Simon A. Dell entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

197.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

198.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

199.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

200.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

201.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated October 3, 2005, which notice was received by that Defendant.

202.    More than twenty calendar days have passed since Defendant received the notice of rescission.

203.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

204.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

205.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney fee.

## NINETEENTH COUNT (MIGDALIA FIGUEROA v. ARGENT)

206. On or about June 4, 2004 Migdalia Figueroa entered into a loan agreement with the Defendant, Argent Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

207. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

208. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

209. In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

210. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

211. The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

212. More than twenty calendar days have passed since Defendant received the notice of rescission.

213. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

214.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

215.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

g.     A reasonable attorney fee.

## TWENTIETH COUNT (NICHOLAS & ANN GRIFFIN v. AMERIQUEST)

216.     On or about June 21, 2003 Nicholas & Ann Griffin entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

217.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

218.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

219.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

220.     The Plaintiff have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

221.     The Plaintiff exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated June 8, 2005, which notice was received by that Defendant.

222.     More than twenty calendar days have passed since Defendant received the notice of rescission.

223.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

224.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

225.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

g.     A reasonable attorney fee.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case;

2. Declare the security interest in the Plaintiffs' residences are void;

3. Enter an order that the mortgage transactions are rescinded;

4. Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5. Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

6. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

8. Award the Plaintiffs actual statutory damages for the Defendant's failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

9. Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

12. Award such other and further relief as the Court deems just and proper.

**THE PLAINTIFFS**,


By: _____

    Andrew G. Pizor  Fed Bar No. ct27015
    apizor@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Road, Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408  Fax. (860) 571-7457