**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Annette M. Lindsey v. Ameriquest Mortgage Company, et. al.,* Case No. 1:06:-02710 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY ("Defendant" or "Deutsche Bank"), by and through its attorneys, answers Plaintiff Annette M. Lindsey ("Plaintiff") Complaint as follows.

### I.     PRELIMINARY STATEMENT

1.     This Complaint is filed under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA"), to enforce Plaintiff's right to rescind a consumer credit transaction and to recover court costs, litigation expenses, and attorney's fees based on violations of TILA and implementing Regulation Z, 12 C.F.R. pt. 226 ("Regulation Z").

**ANSWER:     Defendant admits that Plaintiff has filed a lawsuit against it. Defendant denies all remaining allegations in this paragraph. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. and Regulation Z, 12 C.F.R. pt. 226.**

### II.     JURISDICTION

2.     Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§1331, 1337.

BN 1336429v1

**ANSWER:** **Defendant does not contest subject matter or personal jurisdiction. Defendant denies the remaining allegations in Paragraph 2.**

III. **PARTIES**

3.  Plaintiff is a United States citizen who resides in DeKalb County, Georgia.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies such allegations.**

4.  Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation that regularly engages in the business of mortgage lending and does substantial business in the state of Georgia. Ameriquest may be served with process by service upon its registered agent, National Registered Agents, 3761 Venture Drive, Duluth, Georgia 30096.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.  Defendant Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank") is a corporation that holds securitized pools of residential mortgage loans. Deutsche Bank does substantial business in the state of Georgia. For example, Deutsche Bank frequently takes assignment of residential mortgage loans entered into by Georgia borrowers and secured by property located in the state of Georgia. Further, Deutsche Bank frequently, using Georgia attorneys, forecloses on residential property in Georgia by availing itself of Georgia law regarding real property foreclosure and by advertising in Georgia newspapers. Deutsche Bank's corporate address is 1761 East Saint Andrew Place, Santa Ana, California 92705-4934.

**ANSWER:** **Defendant admits that Deutsche Bank National Trust Company is a federally chartered bank with a place of business located at 1761 St. Andrew Place, Santa Ana, California 92705. Defendant admits that it serves as Trustee for certain asset-backed pass-through certificates that are secured by residential mortgage loans originated by Ameriquest. Deutsche Bank denies all**

BN 1336429v1

remaining allegations of Paragraph 5.

## IV.    FACTUAL BACKGROUND

6.    At all times relevant hereto, Ameriquest, in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.    On or about January 24, 2004, Plaintiff entered into a consumer credit transaction with Ameriquest involving a promissory note and a security deed ("the Transaction"). Ameriquest was the initial payee on the promissory note and the extended credit was subject to a finance charge.

**ANSWER:    Defendant admits that Plaintiff entered into a mortgage loan transaction with Ameriquest.  Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 7 and on that basis denies such allegations.**

8.    The Transaction is subject to TILA.

**ANSWER:    Because Paragraph 8 states a legal conclusion, no answer is required.**

9.    As part of the Transaction, Ameriquest acquired a security interest in residential real property already owned by Plaintiff and used as her principal dwelling.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.    Ameriquest assigned its interest in the Transaction to Deutsche Bank.  This allegation is made on information and belief, based on Deutsche Bank's having asserted an ownership of the mortgage loan in the Transaction.

BN 1336429v1

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of the first sentence in Paragraph 10 and on that basis denies such allegations. Defendant denies that it owns Plaintiff's loan.

## V. STATUTORY CLAIMS: RESCISSION AND DAMAGES UNDER TILA

11. Plaintiff incorporates above paragraphs 1-10.

**ANSWER:** Defendant restates its answers to paragraph 1-10 in response to this paragraph.

12. In connection with the Transaction, Ameriquest was required to provide disclosures under TILA.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.

13. The Transaction is subject to the rescission remedy described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.E.R. §226.23.

**ANSWER:** Because Paragraph 13 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiff.

14. In connection with the Transaction, Ameriquest violated TILA and Regulation Z by not providing Plaintiff with proper disclosure of either the material credit terms in the Transaction or Plaintiff's right to rescind the Transaction. For example, Plaintiff did not receive a legally sufficient Notice of Right to Cancel.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.

15. As a result of the above violations of TILA and Regulation Z, Plaintiff obtained a continuing right to rescind the Transaction, along with a right to obtain attorney's fees, costs, and litigation expenses in connection with an action to enforce the rescission right.

BN 1336429v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.     Deutsche Bank has, in connection with the Transaction, instituted a foreclosure proceeding against the subject property.

**ANSWER:** **Defendant denies the allegations of Paragraph 16.**

17.     On November 6, 2006, Plaintiff rescinded the Transaction by having her attorney send timely rescission demands to Ameriquest and Deutsche Bank by U.S. Mail, certified, return receipt requested. These demands are attached hereto as Exhibits A and B, respectively.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations. Defendant specifically denies that Plaintiff is entitled to rescind her loan and denies any liability to Plaintiff.**

18.     Upon the mailing of the above rescission demands on November 6, 2006, Plaintiff, Ameriquest, and Deutsche Bank were immediately and automatically returned to the status quo ante with respect to the Transaction. Accordingly, all contractual obligations arising from or connected with the Transaction, including any arbitration agreement, were rendered, as of November 6, 2006, void and unenforceable.

**ANSWER:** **Because Paragraph 18 states legal conclusion, no answer is required. If an answer is required, Defendant denies any wrongdoing, denies any liability to Plaintiff and denies that Plaintiff is entitled to rescind her mortgage.**

19.     Actual damages under TILA resulting from Ameriquest's and Deutsche Bank's failure to comply with Plaintiff's rescission demand and from Deutsche Bank's continuance with the above foreclosure despite the unenforceability of the security deed will include loss of equity in Plaintiff's home, relocation expenses, emotional distress, and injury to reputation.

**ANSWER:** **Because Paragraph 19 states legal conclusion, no answer is required. If an answer is required, Defendant denies any liability to Plaintiff.**

    **VI.**     **CLAIM FOR EQUITABLE RELIEF**

20.     Plaintiff incorporates above Paragraphs 1 through 19.

**ANSWER:** **Defendant restates it answers to Paragraphs 1 through 19 in response to this paragraph.**

21.     Plaintiff's rescission of the Transaction gives her a complete defense to the above foreclosure. However, since foreclosures in Georgia are non-judicial, Plaintiff could not assert this defense in a foreclosure proceeding.

**ANSWER:** **Because Paragraph 21 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.     Foreclosure would cause Plaintiff to suffer irreparable injury that could not be redressed by an award of monetary damages.

**ANSWER:** **Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 and on that basis denies such allegations.**

23.     Being without an adequate remedy at law, Plaintiff is entitled to equitable relief.

**ANSWER:** **Because Paragraph 23 states legal conclusions, no answer is required. If an answer is required, Defendant denies any liability to Plaintiff.**

## AFFIRMATIVE DEFENSES

1.     Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred by the applicable statute of limitations.

BN 1336429v1

3.      Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiff's claims are barred by the applicable statute of frauds.

6.      Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10.     Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13.     Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

BN 1336429v1

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant Deutsche Bank National Trust Company prays this court to:

17. Dismiss Plaintiff's Complaint;

18. Enter judgment for Defendant and against Plaintiff in this action;

19. Award Defendant its costs of suit; and

20. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 10, 2007

By: /s/ Bernard E. LeSage
    *Attorneys for Deutsche Bank National Trust Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## <u>CERTIFICATE OF SERVICE</u>

I, Connie Madrigal, hereby certify that on this 8th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:      /s/  Connie Madrigal

BN 1336429v1