**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Edward Smith, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 06 C 2828 | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee

("Defendant"), by and through its attorneys, answers Plaintiffs EDWARD SMITH's and GAIL

SMITH's ("Plaintiffs'") Amended Complaint as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1.       Plaintiffs Edward Smith and Gail Smith bring this action against a "subprime"

mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act,

15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12

C.F.R. part 226.

**ANSWER:**    **Defendant admits that Plaintiffs have filed a lawsuit against it.  Defendant objects to the term "subprime" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime."  Defendant denies all remaining allegations of Paragraph 1.  Deutsche Bank specifically denies that it is an affiliate of Ameriquest Mortgage Company and denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226, or any state law.**

- 1 -

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:      Defendant does not contest subject matter jurisdiction.  Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.      Plaintiffs Edward Smith and Gail Smith own and reside in a home at 7825 Kedvale Ave., Skokie, IL  60076.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

BN 1352286v1

7.     Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.     During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.     Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.     Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.     Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** **Defendant admits that it is a federally chartered bank with a place of business located at 1761 St. Andrew Place, Santa Ana, California 92705. Deutsche Bank denies any remaining allegations of Paragraph 11.**

12.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs.' It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

## FACTS RELATING TO PLALNTIFFS

13.     Approximately two or three months prior to August 22, 2004, plaintiffs applied for a mortgage with Ameriquest Mortgage Company. At all times relevant to the application process, plaintiffs spoke to Ameriquest employee Jino Cabrera.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     During the initial phone conversation, plaintiff Edward Smith told Mr. Cabrera that he would only agree to a fixed-rate loan. Mr. Cabrera took plaintiffs' credit information over the phone, then told Mr. Smith that Ameriquest would give him a fixed-rate loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.     On information and belief, Ameriquest also arranged for Price-Rite Appraisal, Inc., to perform an appraisal of plaintiffs' property. The appraisal report is attached as Exhibit K.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.     Plaintiffs did not receive a copy their appraisal report or instructions on how to obtain a copy until obtaining current counsel. AMC Mortgage Services mailed plaintiffs' appraisal report for the first time upon request March 16, 2007.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18.     The appraisal report is dated September 1, 2004, more than a week after closing.

**ANSWER:     The document speaks for itself, therefore no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.     Prior to closing, Mr. Cabrera told Mr. Smith over the phone that plaintiffs' appraisal value was $734,000.  Plaintiffs had inherited the house from Mr. Smith's father and trusted Ameriquest's assessment.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.     However, the appraisal report actually lists the appraised value as $760,000.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.     Mr. Cabrera and/or Ameriquest then represented on plaintiffs' data integrity audit (Exhibit L) that plaintiffs' appraised value was $795,000.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22. Furthermore, Mr. Cabrera and/or Ameriquest then represented on plaintiffs' pre-typed loan application Exhibit M) that plaintiffs owned two houses at the same address, each valued at $800,000, for a total of $1,600,000 real estate owned!

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23. A current search on Zillow.com shows that the appraised value of plaintiffs' home is only approximately $375,630.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24. The principal amount of the loan was $635,000 or 169% of the likely actual appraised value. Ameriquest's fabricated appraisal value of $795,000 on the data integrity audit makes it appear that the loan-to-value ratio (`LTV") was exactly 80%, which is the LTV benchmark that is customary for the industry.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25. Ameriquest intended to falsify the value of plaintiffs' home on the appraisal report and the application it prepared. It did so in order to increase the loan amount for which plaintiffs appeared to qualify; this, in turn, increased Mr. Cabrera's commission and the lender's "points and fees," interest income and profits - the amount of each of which is to a substantial degree determined by the size of the loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     Most reputable lenders will not make a loan that exceeds 80% of the value of the home ("LTV"), at least not without also imposing expensive private mortgage insurance ("PMP").

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     Mr. Cabrera and plaintiffs scheduled a closing for approximately one week before August 22, 2004 in plaintiffs' home.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.     No closing agent ever showed up to plaintiffs' home.  Plaintiffs had to call Ameriquest to reschedule.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.     The loan was finally closed on August 22, 2004.  The closing agent who came to plaintiffs' house told them that she was fairly new and in a hurry but that all they had to do was sign everything.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.     The data integrity audit and the loan application were among hundreds of pages and scores of documents presented to plaintiffs at closing.  Under these circumstances, plaintiffs could not review each line for accuracy.  Plaintiffs were unaware of the contradictory appraised values listed in their documents until obtaining current counsel.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.     The following are documents relating to the loan:

    a.      A note, <u>Exhibit A</u>;

    b.      A mortgage, <u>Exhibit B</u>;

    c.      A settlement statement, <u>Exhibit C</u>;

    d.      A list of "items to be paid off from loan proceeds," <u>Exhibit D</u>;

    e.      "Itemization of settlement charges," <u>Exhibit E</u>;

    f.      A Truth in Lending disclosure statement, <u>Exhibit F</u>;

    g.      A "summary of debts and disbursements," <u>Exhibit G</u>;

    h.      The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit H</u>.  All copies furnished were incomplete.

    i.      A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit I</u>.

**<u>ANSWER:</u>**    **The documents speak for themselves, therefore, no answer is required.  If an answer is required, Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

32.     In connection with the loan, plaintiffs were charged a "loan discount" of $17,310.10 although on information and belief, plaintiffs' interest rate was not "discounted." See <u>Exhibit C</u>, line 802, as well as <u>Exhibit O</u> in which Ameriquest explains the "loan discount."

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33.     Approximately a month or two after closing, plaintiffs noticed that their documents listed an adjustable interest rate.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34.     Mr. Smith called Cabrera to protest, and Cabrera answered that Ameriquest never gives fixed interest rates. Cabrera told him not to worry because the interest rate wouldn't rise for two years and that then it would only rise once a year thereafter.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.     However, plaintiffs' interest rate rises every six months. Exhibit A.

**ANSWER:**     **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

36.     Defendant violated the Residential Mortgage License Act of 1987 and implementing regulations. The purpose of the Act is to "protect Illinois consumers seeking residential mortgage loans and to ensure that the residential mortgage lending industry is operating fairly, honestly and efficiently, free from deceptive and anti-competitive practices." 205 ILCS 635/1-2(b)(2005). The implementing regulations, at 38 Ill. Adm. Code 1050.1230 (2005), create an affirmative disclosure obligation when the lender changes the borrowers' loan terms mid-stream:

> **§ 1050.1230 Changes Affecting Loans in Process.**
>
> **a) If it is determined that a borrower does not qualify for the loan amount, terms or program for which he or she applied and the costs of another recommended program would materially differ from the costs itemized on the Good Faith Estimate, the licensee immediately shall provide to the customer a written, and when possible, a verbal, plain-English explanation of any program the licensee recommends as one for which the borrower may be qualified. Such explanation shall include but not be limited to detailed information on costs to the borrower.**

The same regulations create an affirmative, general duty of good faith, defined as "honesty in fact in the conduct of the transaction."38 Ill.Adm. Code 1050.1250(a)(2005). That duty is as follows: "[a]ny disclosure or action required by the Act or this Part shall be made in good faith."

- 9 -

Id. Defendant did not provide or attempt to provide, prior to closing, any oral or written notice of the last minute change in plaintiffs' loan terms.

**ANSWER:** **Because Paragraph 36 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37.     Plaintiffs were later directed to make payments to AMC Mortgage Services. Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38.     On information and belief, Deutsche Bank National Trust Company, N.A., holds legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc.; is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2004-R10 under the Pooling & Servicing Agreement dated as of October 1, 2004 Without Recourse.

**ANSWER:** **Defendant admits that it serves as Trustee for Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2004-R10. Defendant denies any remaining allegations of Paragraph 38.**

39.     In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiffs' loan or Deutsche Bank National Trust Company, N.A., does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

## COUNT I - TRUTH IN LENDING

40.     Plaintiffs incorporate paragraphs 1-39.  This claim is against all defendants.

**ANSWER:** **Defendant restates is answers to paragraphs 1-39 in response to this paragraph.**

BN 1352286v1

## RIGHT TO RESCIND

41.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a)    **Consumer's right to rescind.**

        **(1)    In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

        **(2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

        **(3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. ]15 U.S.C. §1635(f)]**

        **(4)    When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

    **(b)    Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

        **(1)    The retention or acquisition of a security interest in the consumer's principal dwelling.**

- 11 -

(2)     The consumer's right to rescind the transaction.

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)     The effects of rescission, as described in paragraph (d) of this section.

(5)     The date the rescission period expires....

(c)     <u>Exempt transactions</u>. The right to rescind does not apply to the following:

(1)     A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2)     A credit plan in which a state agency is a creditor.

**<u>ANSWER</u>:     Because Paragraph 41 states conclusions of law, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## <u>GROUNDS FOR RESCISSION</u>

42.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**<u>ANSWER</u>:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43.     All copies of the official Federal Reserve Board notice of right to cancel delivered to plaintiffs were incomplete.

**<u>ANSWER</u>:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

- 12 -

44.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45.     Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days tong.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46.     Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47.     Notice of rescission has been given to defendants.  A copy is attached as <u>Exhibit J</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48.     The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiffs' loan has not been rescinded.  Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

- 13 -

49.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     **Because Paragraph 49 states conclusions of law, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

50.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs requests that the Court enter judgment in favor of plaintiffs and against defendants for:

a.     A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.     Statutory damages for the underlying disclosure violation;

c.     If appropriate, statutory damages for failure to rescind;

d.     Attorney's fees, litigation expenses and costs.

e.     Such other or further relief as the Court deems appropriate.

**ANSWER:**     **Because Paragraph 50 states conclusions of law, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT II - BREACH OF CONTRACT

51.     Plaintiffs incorporate paragraphs 1-39.

**ANSWER:**     **Defendant restates its answers to paragraphs 1-39 in response to this paragraph.**

52.     This claim is against Ameriquest only.

**ANSWER:**     **No answer is required.**

- 14 -

53.     Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiff paid a loan discount fee.  Exhibit K.

**ANSWER:     Because Count II is directed to defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 53 and on that basis denies such allegations.**

54.     Plaintiff paid the fee of $17,310.10 but did not receive a discounted rate.  Exhibit C, Line 802.

**ANSWER:     Because Count II is directed to defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 54 and on that basis denies such allegations.**

55.     Ameriquest thereby breached its agreement.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

     a.     Appropriate damages;

     b.     Costs.

     c.     Such other or further relief as the Court deems appropriate.

**ANSWER:     Because Count II is directed to defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 55 and on that basis denies such allegations.**

## COUNT III - ILLINOIS CONSUMER FRAUD ACT

56.     Plaintiff incorporates ¶¶ 1-39.  This claim is against Ameriquest only.

**ANSWER:     Because Count III is directed to defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant restates its answers to paragraph 1-39 in response to this Paragraph.**

57.     Defendants violated §2 of the Consumer Fraud Act, 815 ILCS 505/2, by unfairly and deceptively:

a.      Misrepresenting to plaintiffs the market value of their residential property;

b.      Concealing the fact that, based on the inflated appraisal, plaintiff would receive a loan with an extremely high loan-to-value ratio;

c.      Engaging in "bait and switch" practice, by promising a fixed-rate loan after acquiring sufficient financial information to underwrite the loan, then switching plaintiffs to an adjustable-rate loan immediately prior to closing; and

d.      Charging a "loan discount" fee, representing Exhibit O that the purpose of the fee was to purchase a reduction in the interest rate, then not decreasing plaintiffs' rate.

**ANSWER:      Because Count III is directed to defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 57 and on that basis denies such allegations.**

58.     Defendant engaged in such conduct in the course of trade and commerce.

**ANSWER:      Because Count III is directed to defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 58 and on that basis denies such allegations.**

59.     Defendant intended for plaintiffs to rely on their misrepresentations.

**ANSWER:      Because Count III is directed to defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 59 and on that basis denies such allegations.**

60.     Plaintiffs would not have taken out the loan if they had reason to know that the appraisal was inflated or that they were borrowing at an extremely high loan-to-value ratio that would prevent them from refinancing in the future.

**ANSWER:      Because Count III is directed to defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without**

BN 1352286v1

**knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 60 and on that basis denies such allegations.**

61.     Plaintiffs were damaged as a result of defendant's conduct, in that (1) they were charged and paid excess points and fees and interest stemming from the inflated value and principal; (2) their options for refinancing again have been severely limited by the high-loan-to-value loan, due to the fact that the Ameriquest loan amount was based on a significantly inflated home value.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendants for:

a.     A judgment voiding their mortgage, capable of recordation in the public records, and binding on all defendants;

b.     Appropriate compensatory and punitive damages;

c.     Appropriate special damages; and

d.     Such other or further relief as the Court deems appropriate.

**ANSWER:     Because Count III is directed to defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

## COMMON LAW FRAUD - COUNT IV

62.     Plaintiffs incorporate ¶¶ 1-39 above.  This claim is against Ameriquest only.

**ANSWER:     Because Count IV is directed to defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant restates its answers to paragraphs 1-39 in response to this paragraph.**

63.     Defendant represented to plaintiffs, based upon what they reported was the existing value of her home, that they qualified for a certain loan amount.  Ameriquest charged them points and fees and other interest based upon the loan amount supported by its appraised value.

- 17 -

**ANSWER:** **Because Count IV is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

64.     These representations were a material term of defendants' transaction with plaintiffs.

**ANSWER:** **Because Count IV is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 64 and on that basis denies such allegations.**

65.     Defendants' representations were false and fraudulent because they were based upon a materially false representation of the value of plaintiffs' home.

**ANSWER:** **Because Count IV is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 65 and on that basis denies such allegations.**

66.     Defendants made these representations intentionally, with knowledge and/or reckless ignorance of its falsity.

**ANSWER:** **Because Count IV is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 66 and on that basis denies such allegations.**

67.     Alternatively, defendants conduct was willful.

**ANSWER:** **Because Count IV is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 67 and on that basis denies such allegations.**

68.     Defendants' representations caused plaintiffs to rely on the misrepresentations to her detriment.

**ANSWER:** **Because Count IV is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without**

- 18 -

knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 68 and on that basis denies such allegations.

69. Plaintiffs' reliance was justifiable.

**ANSWER:** **Because Count IV is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 69 and on that basis denies such allegations.**

70. Substantial punitive damages are warranted.

WHEREFORE; plaintiffs request that the Court enter judgment in their favor and against defendant for:

a. actual and compensatory damages;

b. punitive damages; and

c. Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count IV is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 70 and on that basis denies such allegations.**

## CIVIL CONSPIRACY - COUNT V

71. Plaintiffs incorporate ¶¶ 1-39. This claim is against Ameriquest only.

**ANSWER:** **Because Count V is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-39 in response to this paragraph.**

72. Defendant combined with Price-Rite Appraisals, Inc., to intentionally inflate the appraised value and was aware that it was substantially inflated above the market value.

**ANSWER:** **Because Count V is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 72 and on that basis denies such allegations.**

- 19 -

73. Defendants acted in concert to take steps in furtherance of their common goal to inflate the appraised value of plaintiff's home.

**ANSWER: Because Count V is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 73 and on that basis denies such allegations.**

74. Among other things, defendants misrepresented, concealed and suppressed the true market value of plaintiffs' property.

**ANSWER: Because Count V is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 74 and on that basis denies such allegations.**

75. The value of the property and home was a material fact in the transaction.

**ANSWER: Because Count V is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 75 and on that basis denies such allegations.**

76. Defendant intended that plaintiffs would rely on their misrepresentation, concealment and suppression of this fact.

**ANSWER: Because Count V is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 76 and on that basis denies such allegations.**

77. Plaintiffs took out the loan, the principal amount of which and other material terms were based on the inflated appraised value arranged by Ameriquest and Price-Rite Appraisals, Inc.

**ANSWER: Because Count V is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 77 and on that basis denies such allegations.**

78.     Defendants' conduct was willful.

**ANSWER:**     **Because Count V is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 78 and on that basis denies such allegations.**

79.     Substantial punitive damages are warranted.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendant for:

a.      Actual damages;

b.      Incidental, consequential and special damages;

c.      Costs of litigation and expenses; and

d.      Such other or further relief as this Court deems appropriate.

**ANSWER:**     **Because Count V is directed to defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 79 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

- 21 -

7.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant Deutsche Bank National Trust Company, as Trustee prays this court to:

1.     Dismiss Plaintiffs' Amended Complaint;

BN 1352286v1

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 27, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National*
*Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 23 -

BN 1352286v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 27th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

BN 1352286v1