## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Steven B. Hodor, et al. v. Valerie L. Hodor*; Case No. 07-cv-318 (N.D. Ill.) | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee ("Defendant"), by and through its attorneys, answers Plaintiffs' STEVEN B. HODOR and VALERIE L. HODOR ("Plaintiffs'") Second Amended Complaint as follows.

## SECOND AMENDED COMPLAINT

## INTRODUCTION

1.      Plaintiffs Steven B. Hodor and Valerie L. Hodor bring this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of; (A) the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; (B) the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq. ("ECOA"); and Michigan state law.

**ANSWER:**   **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Deutsche Bank specifically denies that it is an affiliate of Ameriquest Mortgage Company and denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226, the Equal Credit Opportunity Act, 15 U.S.C. § 1691, or any state law.**

- 1 -

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA).

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

3.      Defendants do business in the District, and are deemed to reside here. Venue is therefore proper tinder 28 U.S.C. § 1391( c).

**ANSWER:** **Defendant does not contest venue. Defendant denies any remaining allegations of Paragraph 3.**

## PARTIES

4.      Plaintiffs Steven B. Hodor and Valerie L. Hodor are husband and wife and own and reside in a single family home located at 38237 N. Jean Court, Westland, MI 48186.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office; arc National Registered Agents, 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant Ameriquest Mortgage Company; engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.      Defendant Ameriquest Mortgage Company is a "creditor' as defined in TILA and Regulation Z.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.      During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period.  Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States.  During the first half of 2004; Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.     Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Michigan.  It is an affiliate of Ameriquest.  Its registered agent and office are National Registered Agents: Inc., 712 Abbott Road, East Lansing. MI 48923, or 200 W. Adams, Chicago; IL 60606.

**ANSWER:      Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.     Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12. Defendant Deutsche Bank National Trust Company, N.A,, is a federally chartered bank located at 60 Wall Street, New, York, NY IOW5. On information and belief it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** **Defendant admits that it is a federally chartered bank with a place of business located at 1761 St. Andrew Place, Santa Ana, California 92705. Deutsche Bank denies any remaining allegations of Paragraph 12.**

13. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs.' It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

## FACTS ILFT ATING TO PLAINTIFFS

14. Prior to February 6, 2004, Ameriquest solicited plaintiffs by phone. Raymond Singly, an Ameriquest Senior Account Executive, spoke with plaintiffs.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15. At that time, Mr. Singh orally mislead plaintiffs by telling them that. Ameriquest would refinance them at an interest. rate of 5.87% and, later, that, if they made two payments per month instead of just one, their interest rate would be the equivalent of Ci.0%.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

- 4 -

16.     Mr. Singh also told plaintiffs that their interest rate was fixed when it was actually adjustable, and he told them at closing that Ameriquest could "re-write" the loan after two years so that plaintiffs would not have to be subject to the adjustable phase of the interest rate, which began in March, 2006.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.     The loan was closed on February 6, 2004 at Ameriquest's office in "Taylor, MI. Plaintiffs were rushed - so much so that plaintiffs noticed they were on a "production line." with other customers closing immediately before and after them.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18.     As of the date of the filing of the original complaint; plaintiffs' interest initial interest rate of 7.99% has already gone up over 3.0%, causing their monthly principal and interest payment to increase from $1,286 to 81,652.  The interest rate on plaintiffs' loan can increase by as much as 1% in each six month period and can go as high as 13.99% (Exhibit A).

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.     In connection with the loan, Ameriquest told plaintiffs that it arrange for a "drive-by" appraisal to be performed on plaintiffs' home.  No appraiser ever inspected the inside of plaintiffs' home or the outside of the home at close range.  Plaintiffs never saw any appraiser visit or drive by their home.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.     The appraised value was $195,000.  A copy of the appraisal report is attached hereto as Exhibit 1.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.     On information and belief Ameriquest and/or True Value Appraisal significantly and artificially inflated the appraised value of plaintiffs' home.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.     Defendants did this for the purpose of increasing the loan amount that plaintiffs qualified for, which in turn increased Ameriquest's points and fees, interest and profits.  It also allowed 'True Value to continue to do business with Ameriquest.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     Due to the inflated appraisal, plaintiffs' loan-to-value ratio, then and now, exceeded/exceeds 80%, the acceptable underwriting ratio of reputable mortgage lenders.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     Consequently, in October, 2006, when plaintiffs sought to refinance their home with Rock Financial in Illinois in order to escape the effects of Ameriquest's adjustable interest rate, their application was rejected because their home appraised for only $168.000.  This was nearly two years after the February, 2004 closing with Ameriquest.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

BN 1353475v1

25.     The over-appraised value, combined with the adjustable rate feature of the loan, both of which Ameriquest achieved through deception, have now trapped plaintiffs in a loan with an ever-increasing interest rate that they cannot afford.  As a result, plaintiffs are experiencing great financial and emotional stress.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     Ameriquest's practice violates the Consumer Mortgage protection Act, NLCI.S. §,145.1634(3) which provides:

> **A person, appraiser, or real estate agent shall not make, directly or indirectly, any false, deceptive, or misleading statement or representation in connection with a mortgage loan including, but not limited to, the borrower's ability to qualify for a mortgage loan or the value of the dwelling that will secure repayment of the mortgage loan.**

**ANSWER:     Because Paragraph 26 states conclusions of law, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     Plaintiffs needed and used the loan for personal; family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.     The following are documents relating to the loan:

a.     A note, <u>Exhibit A</u>. Only Steven Hodor signed the note;

b.     A mortgage, <u>Exhibit B</u>.  Both Steven B. Hodor and Valerie L. Hodor signed the mortgage.

c.     A settlement statement, <u>Exhibit C</u>.

d.     A Truth in Lending disclosure statement, <u>Exhibit D</u>.

e.     The official Federal Reserve Board notice of right do cancel, <u>Exhibit E</u>.

> f.     A different, "ogre week" (actually six days) notice of right to cancel,
> Exhibit F.

**ANSWER:**     **The documents speak for themselves, therefore, no answer is required.  If an answer is required, Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

29.     Plaintiffs were charged a "loan discount" fee of 53,510. Exhibit C, line 802. (See Exhibit K in which Ameriquest explains the loan discount fee.) However, their interest rate was not discounted, but instead raised from 5.87% to 7.99%

**ANSWER:**     **The documents speak for themselves, therefore no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.     Plaintiffs did not receive a copy of their appraisal report at closing.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.     Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee.  Ameriquest Mortgage Securities, Inc. is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2004-R3 under the Pooling & Servicing Agreement dated as of April 1, 2004, Without Recourse.

**ANSWER:**     **Defendant admits that it serves as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-R2. Defendant denies any remaining allegations in Paragraph 32.**

- 8 -

33.     In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiffs loan or Deutsche Bank National Trust Company, NA, does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

## COUNT I - TILA

34.     Plaintiffs incorporate paragraphs 1-33.

**ANSWER:**     **Defendant restates its answers to paragraphs 1-33 in response to this paragraph.**

35.     In order to give consumers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Leading Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind; whichever is later.  More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person t0 whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so, (15 U.S.C § 1635(x)).**

**ANSWER:**     **Because Paragraph 35 states conclusions of law, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

36.     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of tire credit transaction.  More specifically, the statute provides:

When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b))

**ANSWER:** **Because Paragraph 36 states conclusions of law, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

37. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the oblige; under this section. The creditor shall also provide, its accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(x))**

**ANSWER:** **Because Paragraph 37 states conclusions of law, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

38. Regulation L, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act; amplifies the statutory requirements. The regulation restates the statutory rescission right. 12 C.R.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(l) the borrower's rescission rights.

**ANSWER:** **Because Paragraph 38 states conclusions of law, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

39.     More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii) The consumer's right to rescind the transaction.**
>
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(vi) The effects of rescission, as described in paragraph (d) of this section. (v) The date the rescission period expires. (12 C.F.R. § 226_23(b)(1).)**

**ANSWER:**     **Because Paragraph 39 states conclusions of law, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## DEFECTIVE NATURE OF DISCLOSURES

40.     In connection with the plaintiffs' loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

### Insufficient Number of Federal Notices of Right To Cancel

41.     Ameriquest provided plaintiffs with only one federal notice of right to cancel form, instead of the four required by TILA (i.e., two each per mortgagor).

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

- 11 -

### Notices Confusing Where Less Than All Owners Are Obligated

42.     Exhibit E is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note.  The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43.     The top of Exhibit E has only Steven B. Hodor's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above.  The bottom of tire form states that "Each borrower" has the right to cancel, Which is reasonably interpreted as meaning the persons named as borrower(s)" at the top of the document.  While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/Owner," which presumably means something different than just "borrower."

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

44.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:     Because Paragraph 44 states legal conclusions, no answer is required.  IF any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

### "One Week" Form

45.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46.    Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47.    Finally, the "one week" notice contains the same ambiguous and confusing references to "borrower" and "owner" as defendants' version of the official Federal Reserve Board three-day notice.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48.    Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit G</u>.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49.    The loan has not been rescinded.

**ANSWER:**    **Defendant admits that Plaintiffs loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

50.    Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

- 13 -

**ANSWER:** **Because Paragraph 50 states conclusions of law, no answer is required. If an answer is required, Defendant denies any wrongdoing, and denies any liability to Plaintiffs.**

51.  15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants far:

a.  A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.  A judgment indicating the amount, if any, that plaintiffs owe defendants, taking into account the challenge to plaintiffs' ability to tender that is caused by defendants' inflated appraisal;

c.  Statutory damages for the underlying disclosure violation;

d.  If appropriate, statutory damages for failure to rescind;

e.  Attorney's fees, litigation expenses and costs.

f.  Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 51 states conclusions of law, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT II - ECOA

52.  Valerie L. Hodor incorporates paragraphs 1-33.

**ANSWER:** **Defendant restates its answers to paragraphs 1-33 in response to this paragraph.**

53.  This claim is against Ameriquest Mortgage Company.

**ANSWER:** **No answer is required.**

- 14 -

54. On information and belief, the majority, of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 54 and on that basis denies such allegations.**

55. On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better them the husband's, to prepare the loan documents in this manner.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 55 and on that basis denies such allegations.**

56. Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

WHEREFORE, plaintiff Valerie L. Hodor requests that the Court enter judgment in favor of plaintiff and against defendant for:

        a.      Appropriate statutory and punitive damages;

        b.      Attorney's fees, litigation expenses and costs.

        c.      Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

## COUNT III – MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT

57. Plaintiff incorporates paragraphs 1-33. This claim is against Ameriquest.

- 15 -

**ANSWER:**    **Defendant restates its answers to paragraphs 1-33 in response to this paragraph.**

58.    Defendants engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by inflating the appraised value of plaintiffs' house and, thereby, misrepresenting plaintiffs' ability to qualify for the loan.

**ANSWER:**    **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 58 and on that basis denies such allegations.**

59.    Plaintiffs were induced to transact with Ameriquest by means of this misrepresentation.

**ANSWER:**    **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 59 and on that basis denies such allegations.**

60.    Defendants made the representation in the course of trade and commerce.

**ANSWER:**    **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 60 and on that basis denies such allegations.**

61.    Defendants made the representation for the purpose of inducing reliance in the, form of plaintiffs' act of borrowing a higher principal than the otherwise would have.

**ANSWER:**    **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

62.    Plaintiffs were injured by the fraudulent overappraisal. Their options for refinancing with reputable mortgage companies have been severely limited by defendants' actions. Ameriquest has effectively trapped plaintiffs in their current, ever-increasing adjustable-rate mortgage.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against Ameriquest for:

a.      A declaratory judgment, MCL §445.1681(1)(a):

b.      Injunctive relief, MCL §445.1681(1)(b);

c.      Appropriate damages, MCL §445.1681(1)(c):

d.      Attorney's fees, litigation expenses and costs of suit;

e.      Such other and further relief as the Court deems proper.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

## COUNT IV - COMMON LAW FRAUD

63.      Plaintiff incorporates paragraphs 1-33. This claim is against Ameriquest.

**ANSWER:** **Defendant restates its answers to paragraphs 1-33 in response to this paragraph.**

64.      Defendants represented that plaintiffs' home was worth $195;000 and, therefore, that plaintiffs qualified for a $175,500 loan.

**ANSWER:** **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 64 and on that basis denies such allegations.**

65.      These representations were false.

**ANSWER:** **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 65 and on that basis denies such allegations.**

66.      Defendants made these representations with knowledge that, they were false or made there recklessly, without any knowledge of their truth and as positive assertions.

- 17 -

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 66 and on that basis denies such allegations.**

67.     Defendants made these representations with the intention that they should be acted upon by plaintiffs.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 67 and on that basis denies such allegations.**

68.     Plaintiffs borrowed $175,500 from Ameriquest in reliance on Ameriquest's representations that they qualified for the loan, based on the appraised value of their home.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 68 and on that basis denies such allegations.**

69.     Plaintiffs have suffered an injury as a result of defendants' misrepresentations. Their options for refinancing with reputable mortgage companies have been severely limited by defendants' actions. Ameriquest has effectively trapped plaintiffs in their current adjustable-rate mortgage.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiff and against defendants Ameriquest for:

a.     Actual and compensatory damages;

b.     Punitive damages; and

c.     Such other or further relief as the Court deems appropriate.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 69 and on that basis denies such allegations.**

- 18 -

## COUNT V - DAMAGES RESULTING FROM CIVIL CONSPIRACY

70.     Plaintiff incorporates paragraphs 1-33.  This claim is against Ameriquest.

**ANSWER:      Defendant restates its answers to paragraphs 1-33 in response to this paragraph.**

71.     Ameriquest and its appraiser took concerted action to produce a fraudulent, inflated appraisal for the Hodors' home,

**ANSWER:      Because Count V is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 71 and on that basis denies such allegations.**

72.     As a result of this conspiracy, plaintiffs have, suffered damages.  Their options for refinancing with reputable mortgage companies have been severely limited by Ameriquest's actions.  Ameriquest has effectively trapped plaintiffs in their current, adjustable rate mortgage loan.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

   a.  Actual damages;

   b.  Incidental, consequential and special damages;

   c.  Costs of litigation and expenses; and

   d.  Such other or further relief as this Court deems appropriate.

**ANSWER:      Because Count V is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 72 and on that basis denies such allegations.**

## COUNT VI – MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT

73.     Plaintiffs incorporate paragraphs 1-33.  This claim is against Ameriquest.

- 19 -

**ANSWER:** **Defendant restates its answers to paragraphs 1-33 in response to this paragraph.**

74. Ameriquest engaged in fraud, deceit and material misrepresentations, in violation of MCI, §445.1672(b) by (a) representing to plaintiffs that Ameriquest would refinance them at an interest rate of 5.87% and, later, that if they made two payments per month their rate would be the equivalent of 6.0%; (b) misleading plaintiffs by telling them that their interest rate was fixed when it was actually adjustable; and (c) telling plaintiffs it could re-write the loan after two years.

**ANSWER:** **Because Count VI is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 74 and on that basis denies such allegations.**

75. Plaintiffs were induced to transact with Ameriquest by means of these misrepresentations.

**ANSWER:** **Because Count VI is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 75 and on that basis denies such allegations.**

76. Defendant Ameriquest made these representations in the course of trade and commerce.

**ANSWER:** **Because Count VI is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 76 and on that basis denies such allegations.**

77. Defendant Ameriquest made the representations for the purpose of inducing reliance in the form of plaintiffs signing for a loan with an adjustable-rate mortgage from Ameriquest.

**ANSWER:** **Because Count VI is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without**

- 20 -

**knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 77 and on that basis denies such allegations.**

78.     Plaintiffs were injured by Ameriquest's misrepresentations.  The interest rate and their monthly payment amounts have increased beyond their means to afford, and their options for refinancing are severely limited because of Ameriquest's overappraisal.

WHEREFORE, the court should enter judgment in favor of plaintiffs and against Ameriquest for:

<div style="margin-left:2em;">

a.     A declaratory judgment, MCL §445.1681(l)(a);

b.     Injunctive relief, MCL §445.1681(1)(b);

c.     Appropriate damages, MCl. §445.1681 (1)( c);

d.     Attorney's fees, litigation expenses and costs of suit;

e.     Such other and further relief as the Court deems proper.

</div>

**ANSWER:     Because Count VI is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 78 and on that basis denies such allegations.**

## COUNT VII-BREACH OF CONTRACT

79.     Plaintiffs incorporate paragraphs 1-33.  This claim is against Ameriquest.

**ANSWER:     Defendant restates its answers to paragraphs 1-33 in response to this paragraph.**

80.     Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.  Exhibit K.

**ANSWER:     Because Count VII is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 80 and on that basis denies such allegations.**

BN 1353475v1

81.     Plaintiffs paid the fee of $3,510 (<u>Exhibit C</u> line 802), but their interest rate was increased rather than decreased.

**ANSWER:**     **Because Count VII is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 81 and on that basis denies such allegations.**

82.     Ameriquest thereby breached its agreements with the plaintiffs.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

a.      Appropriate damages;

b.      Costs; and

c.      Such other or further relief as the Court deems appropriate.

**ANSWER:**     **Because Count VII is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 82 and on that basis denies such allegations.**

## <u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

- 22 -

7.       Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.       Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.       Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.       Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.       As to each cause of action, Defendant is entitled to an offset.

12.       Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.       Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.       Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.       Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.       Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.       Dismiss Plaintiffs' Second Amended Complaint;

- 23 -

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 27, 2007                    By: /s/ Bernard E. LeSage

*Attorneys for Deutsche Bank National Trust Company, as Trustee*
Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 24 -

## **CERTIFICATE OF SERVICE**

I, Connie Madrigal, hereby certify that on this 27th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

BN 1353475v1