## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Velma Jean Jiles v. Argent Mortgage Company, et al.*; Case No. 06 C 2771 | |

## DEFENDANT WELLS FARGO BANK MINNESOTA, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant WELLS FARGO BANK MINNESOTA, N.A. ("Defendant"), by and through its attorneys, answers Plaintiff VELMA JEAN JILES's ("Plaintiff") Complaint as follows:

## SECOND AMENDED COMPLAINT

## INTRODUCTION

1.     Plaintiff Velma Jean Jiles brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage and recover damages for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and the Equal Credit Opportunity Act ("ECOA").

**ANSWER:**     **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant further objects to the term "affiliates" as vague. Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 or the Equal Credit Opportunity Act.**

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).  Defendants transact business in the District and are deemed to reside here.

**ANSWER:**    **Defendant does not contest subject matter jurisdiction or personal jurisdiction.  Defendant denies any remaining allegations in Paragraph 2.**

## PARTIES

3.    Plaintiff Velma Jean Jiles owns and resides in a home at 346 West 113th Street, Chicago, IL 60628.  Prior to his death in early 2005, plaintiff s husband, Roosevelt Jiles, also owned and resided in the home.  The property was held in joint tenancy.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.    Defendant Argent Mortgage Company, LLC is a limited liability company which maintains offices in and does business in Illinois.  Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.    Defendant Argent Mortgage Company, LLC is engaged in the business of originating "subprime" mortgages.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.    Defendant Argent Mortgage Company, LLC makes more than 26 loans per year.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.     Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.     Defendant Option One Mortgage Corporation is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle, Suite 814, Chicago, IL 60604.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.     Defendant Countrywide Home Loans, Inc. is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are Prentice Hall Corporation, 33 N. LaSalle Street, Chicago, IL 60602.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.    Defendant Wells Fargo Bank Minnesota, N.A., is a federally chartered national bank that does business in Michigan. It is in the business of, among other things, buying and holding ownership rights to loans originated by defendant Argent. It may be found at 135 S. LaSalle St., Chicago, IL 60603. On information and belief, it holds legal title to plaintiff's loan, as trustee.

**ANSWER:** **The allegations of Paragraph 10 are admitted and denied. As a result of a consolidation in February 2004, Wells Fargo Bank Minnesota, N.A. ceased to exist as a corporate entity. Defendant admits that Wells Fargo Bank N.A., successor by consolidation to Wells Fargo Bank Minnesota, N.A. formerly known as Norwest Bank Minnesota, N.A., serves as Trustee for Park Place Securities Inc. Asset Backed Pass-Through Certificates, Series 2004-WCW2. Defendant denies the remaining allegations of Paragraph 10.**

11.     Defendant Park Place Securities, Inc., is a Delaware corporation which transacts business in Michigan.  It is the beneficial owner of some loans originated by Argent Mortgage Company, including plaintiffs.  Its registered agent is National Registered Agents, Inc., located at 2030 Main St., Suite 1030, Irvine, CA 92614.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF

12.     Prior to July 26, 2004, plaintiff applied for a mortgage with Argent Mortgage Company, LLC with her husband, Roosevelt Jiles.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     The loan was closed on July 26, 2004.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     The following are documents relating to the loan:

    a.     A note, Exhibit A. Only Roosevelt Jiles signed the note;

    b.     A mortgage, Exhibit B. Both plaintiff and her husband signed the mortgage;

    c.     Two settlement statements, Exhibit C;

    d.     A Truth in Lending disclosure statement, Exhibit D;

- 4 -

     e.     Three copies of the three-day notice of right to cancel required by the
Federal Reserve Board, <u>Exhibit E</u>.

**<u>ANSWER:</u>**    **The documents speak for themselves; therefore, no answer is required. To
the extent an answer is required, Defendant admits that Plaintiff entered into
a loan agreement with Argent Mortgage Company. Defendant denies that
these documents constitute the entire loan file and that these documents
constitute the fully integrated loan agreement with Plaintiff.**

16.     Plaintiff was later directed to make payments to Option One Mortgage Corp. and
then to Countrywide Home Loans, Inc.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 16 and on that basis denies such
allegations.**

17.     On information and belief, Wells Fargo Bank, N.A., holds legal title to plaintiff s
loan, as trustee. Park Place Securities, Inc., is the beneficial owner of plaintiff s loan under Asset
Backed Pass Through Certificates, Series 2004-WCW2, Under the Pooling and Servicing
Agreement dated as of September 1, 2004, Without Recourse.

**<u>ANSWER:</u>**    **Defendant admits that it serves as trustee for Park Place Securities, Inc.
Asset Backed Pass Through Certificates, Series, 2004-WCW2. Defendant
denies any remaining allegations of Paragraph 17.**

18.     In the event Park Place Securities, Inc., does not own Plaintiff's loan or Wells
Fargo Bank Minnesota, N.A. does not hold title, (actual ownership is rarely if ever shown of
record), the actual owners are named as Does 1-5.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 18 and on that basis denies such
allegations.**

<u><strong>COUNT I - TILA</strong></u>

19.     Plaintiff incorporates paragraphs 1-18. This claim is against all defendants.

**<u>ANSWER:</u>**    **Defendant restates its answers to paragraphs 1-18 in response to this
paragraph.**

BN 1341543v1

## RIGHT TO RESCIND

20.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

(a)     **Consumer's right to rescind.**

(1)     **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

(2)     **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when riled for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

(3)     **The consumer may' exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

(4)     **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

(b)     **Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

(1)     **The retention or acquisition of a security interest in the consumer's principal dwelling.**

>    (2)    The consumer's right to rescind the transaction.
>
>    (3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
>    (4)    The effects of rescission, as described in paragraph (d) of this section.
>
>    (5)    The date the rescission period expires....
>
> (c)    **Exempt transactions**. The right to rescind does not apply to the following:
>
>    (1)    A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
>    (2)    A credit plan in which a state agency is a creditor.

**ANSWER:**    Because Paragraph 20 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

## GROUNDS FOR RESCISSION

21.    In connection with the loan, Argent Mortgage Company, LLC failed to provide the required disclosures of the plaintiffs right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:**    Because Paragraph 21 states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.

22.    Exhibit E is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note.  The top of the form has only Roosevelt Jiles' name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above.  The bottom of the form states that "Each borrower" has the right to cancel, which

is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:** **Because Paragraph 23 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

24.     In connection with the loan, Argent Mortgage Company, LLC failed to provide the required disclosures of the right to cancel in that Roosevelt and Velma Jean Jiles only received a total of three copies of the federal notice of right to cancel, instead of the four required. See Exhibit E.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     Notice of rescission has been given to defendants. A copy is attached as Exhibit F.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiff's loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiff and denies that Plaintiff may rescind her mortgage.**

27.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any

assignee.

**ANSWER:**     **Because Paragraph 27 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

28.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

a.     A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendants;

b.     Statutory damages for the underlying disclosure violation;

c.     If appropriate, statutory damages for failure to rescind;

d.     Attorney's fees, litigation expenses and costs.

e.     Such other or further relief as the Court deems appropriate.

**ANSWER:**     **Because Paragraph 28 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## COUNT II - EQUAL CREDIT OPPORTUNITY ACT

29.     Plaintiff incorporates paragraphs 1-28.

**ANSWER:**     **Defendant restates its answers to paragraphs 1-28 in response to this paragraph.**

30.     This claim is against Argent only.

**ANSWER:**     **No answer is required.**

- 9 -

31.     On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:**     **Because Count II is directed at defendants other than Wells Fargo, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

32.     On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:**     **Because Count II is directed at defendants other than Wells Fargo, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

33.     Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

WHEREFORE, plaintiff Velma Jean Jiles requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a.     Appropriate statutory and punitive damages;

    b.     Attorney's fees, litigation expenses and costs; and

    c.     Such other or further relief as the Court deems appropriate.

**ANSWER:**     **Because Count II is directed at defendants other than Wells Fargo, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

BN 1341543v1

## AFFIRMATIVE DEFENSES

1.     Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred by the applicable statute of limitations.

3.     Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiff's claims are barred by the applicable statute of frauds.

6.     Plaintiff's claims are barred in whole or in part because she has failed to mitigate her damages.

7.     Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff's or others.

9.     Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10.     Plaintiff, by her knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiff's claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant Wells Fargo Bank, N.A. as Trustee for Park Place Securities, Inc. Asset Backed Pass Through Certificates, Series, 2004-WCW2, prays this court to:

1.     Dismiss Plaintiff's Second Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 27, 2007            By: /s/ Bernard E. LeSage
                                        *Attorneys for Wells Fargo Bank, N.A. as*
                                        *Trustee for Park Place Securities, Inc.*
                                        *Asset Backed Pass Through Certificates,*
                                        *Series 2004-WCW2.*

                                   Bernard E. LeSage, Esq.
                                   Sarah K. Andrus, Esq.
                                   BUCHALTER NEMER, a P.C.
                                   1000 Wilshire Boulevard, Suite 1500
                                   Los Angeles, CA 90017-2457
                                   Telephone: (213) 891-0700
                                   Facsimile: (213) 896-0400

- 12 -

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 27th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

BN 1341543v1