## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Christopher Clarke, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 06 C 4201 | |

### DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPAN, as Trustee

("Defendant" or "Deutsche Bank"), by and through its attorneys, answers Plaintiffs'

CHRISTOPHER CLARKE and KARIE CLARKE ("Plaintiffs") Amended Complaint as follows.

### AMENDED COMPLAINT

### INTRODUCTION

1.     Plaintiffs Christopher Clarke and Katie Clarke bring this action against a

"subprime" mortgage lender and its affiliates to rescind a mortgage and recover damages for

violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing

Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and state law.

**ANSWER:**     **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Deutsche Bank specifically denies that it is an affiliate of Ameriquest Mortgage Company and denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226, or any state law.**

- 1 -

## JURISDICTION AND VENUE

2.　　This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA), Defendants transact business in the District and are deemed to reside here.

**ANSWER:　Defendant does not contest subject matter jurisdiction or venue.  Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.　　Plaintiffs Christopher Clarke and Karie Clarke are husband and wife and jointly own and reside in a home at 16404 South 64'" Court, Tinley Park, IL 60477.

**ANSWER:　Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.　　Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois.  Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:　Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.　　Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:　Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.　　Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:　Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

BN 1351974v1

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief it holds legal title to plaintiffs' loan, as trustee.

BN 1351974v1

**ANSWER:** **Defendant admits that it is a federally chartered bank with a place of business located at 1761 St. Andrew Place, Santa Ana, California 92705. Deutsche Bank denies any remaining allegations of Paragraph 11.**

12.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs.' It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS

13.     Prior to March 24, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     During the initial phone call, plaintiff Karie Clarke gave all of plaintiffs' credit information to an Ameriquest employee named "Anthony."

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     An Ameriquest manager named Jocelyn then called the Clarkes back and promised a 6% fixed interest rate, with no points.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

- 4 -

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.

17.    The loan was closed on March 24, 2005. Neither Jocelyn nor Anthony were present at the closing. Only a notary and the Clarkes were present at the closing.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.

18.    At the closing, the interest rate had been changed to plaintiffs' detriment. It had been increased to 6.8%. When the Clarkes discovered that the terms had been changed, they told the notary that there was an error on the paperwork.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.

19.    The notary told the Clarkes to sign the documents and call Jocelyn afterward to straighten it out.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.

20.    Immediately after signing the paperwork, Karie Clarke called Ameriquest's agent Jocelyn to have the paperwork corrected.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.

21.    Jocelyn informed the Clarkes that she would look into it and call them back.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.

22.     After the Clark'" three-day recession period had ended, about a week after the closing of the loan, Ameriquest's agent Jocelyn returned their call and informed them that the higher interest rate was the best they could do, unless they wanted to pay points.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     Ameriquest increased the terms of plaintiffs' loan, in spite of the fact that it had already - prior to the increase and at the start of the application process - obtained sufficient financial and credit information from plaintiffs to have determined the interest rate plaintiffs qualified for.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     Defendant violated the Residential Mortgage License Act of 1987 and implementing regulations.  The purpose of the Act is to "protect Illinois consumers seeking residential mortgage loans and to ensure that the residential mortgage lending industry is operating fairly, honestly and efficiently, free from deceptive and anti-competitive practices." 205 ILCS 635/1-2(b)(2005).  The implementing regulations, at 38 Ill. Adm. Code 1050.1230 (2005), create an affirmative disclosure obligation when the lender changes the borrowers' loan terms mid-stream:

> **§ 1050.1230 Changes Affecting Loans in Process.**
>
> **a) If it is determined that a borrower does not qualify for the loan amount, terms or program for which he or she applied and the costs of another recommended program would materially differ from the costs itemized on the Good Faith Estimate, the licensee immediately shall provide to the customer a written, and when possible, a verbal, plain-English explanation of any program the licensee recommends as one for which the borrower may be qualified. Such explanation shall include but not be limited to detailed information on costs to the borrower.**

- 6 -

The same regulations create an affirmative, general duty of good faith, defined as "honesty in fact in the conduct of the transaction." 38 Ill.Adm. Code 1050.1250(a)(2005). That duty is as follows: "[a]ny disclosure or action required by the Act or this Part shall be made in good faith." Id. Defendant did not provide or attempt to provide, prior to closing, any oral or written notice of the last minute change in plaintiffs' loan terms.

**ANSWER:** **Because Paragraph 24 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

    25.    The following are documents relating to the loan:

        a.    A note, Exhibit A;

        b.    A mortgage, Exhibit B;

        c.    A settlement statement, Exhibit C;

        d.    A Truth in Lending statement, Exhibit D;

        e.    A list of "items to be paid off from loan proceeds," Exhibit E;

        f.    "Itemization of settlement charges," Exhibit F;

        g.    A "summary of debts and disbursements," Exhibit G;

        h.    The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit H;

        i.    A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit I.

**ANSWER:** **The documents speak for themselves, therefore, no answer is required. If an answer is required, Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

    26.    Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27. On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2005-R5 under the Pooling & Servicing Agreement dated as of June 1, 2005, Without Recourse.

**ANSWER:** **Defendant admits that it serves as Trustee for Park Place Securities Asset Backed Pass-Through Certificates, Series 2005-R5. Defendant denies any remaining allegations of Paragraph 27.**

28. In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

## COUNT I - TILA

29. Plaintiffs incorporate paragraphs 1-28. This claim is against all defendants.

**ANSWER:** **Defendant restates its answers to paragraphs 1-28 in response to this paragraph.**

## RIGHT TO RESCIND

30. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a)   **Consumer's right to rescind.**

        **(1)**   **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

        **(2)**   **To exercise the right to rescind, the consumer**

- 8 -

shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. ]15 U.S.C. §1635(f)]

(4)    When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)    <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)    The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)    The consumer's right to rescind the transaction.

(3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)    The effects of rescission, as described in paragraph (d) of this section.

(5)    The date the rescission period expires....

(c)    <u>Exempt transactions</u>. The right to rescind does not apply to the following:

(1)    A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

- 9 -

(2)     **A credit plan in which a state agency is a creditor.**

**ANSWER:**     **Because Paragraph 30 states conclusions of law, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## GROUNDS FOR RESCISSION

31.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     Plaintiffs did not receive any completed federal notices of right to cancel, when they should have received four. See Exhibit H.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.  The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34.     Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

BN 1351974v1

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.     Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

36.     Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit J</u>.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37.     The loan has not been rescinded.

**ANSWER:**     **Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

38.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     **Because Paragraph 38 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

39.     15 U.S.C.§1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

- 11 -

a.   A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.   Statutory damages for the underlying disclosure violation;

c.   If appropriate, statutory damages for failure to rescind;

d.   Attorney's fees, litigation expenses and cost.

e.   Such other or further relief as the Court deems appropriate.

**ANSWER:**   **Because Paragraph 39 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

40.   Plaintiffs incorporate paragraphs 1-28. This claim is against Ameriquest Mortgage Company.

**ANSWER:**   **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant restates its answers to paragraphs 1-28 in response to this paragraph.**

41.   Defendant Ameriquest Mortgage Company engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 50512, by engaging in "bait and switch" practices, by promising a 6.0% interest rate without points after obtaining sufficient credit information to fully underwrite the loan, then raising the interest rate to 6.8% immediately before closing.

**ANSWER:**   **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42.   Furthermore, Ameriquest Mortgage Company engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 50512, by engaging in "bait and switch" practices, by claiming the day of closing that they would "look

- 12 -

into" the change in the interest rate, then waiting until after the rescission period had expired to confirm the higher interest rate.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43. Ameriquest engaged in such practices in the course of trade and commerce.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

44. Ameriquest engaged in such practices for the purpose of inducing reliance on the part of borrowers, by entering into the disadvantageous transactions.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45. Plaintiffs did in fact rely on Ameriquest's practices.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46. Plaintiffs were damaged as a result.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47. Ameriquest's conduct was intentionally deceptive and malicious, warranting substantial punitive damages.

BN 1351974v1

WHEREFORE, plaintiffs requests that the Court enter judgment in favor of plaintiffs and against defendant Ameriquest Mortgage Company for the following relief:

        a.      Compensatory and punitive damages;

        b.      Attorney's fees, litigation expenses and costs.

        c.      Such other or further relief as the Court deems appropriate.

**ANSWER:**    **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant Deutsche Bank National Trust Company, as Trustee prays this court to:

1.  Dismiss Plaintiffs' Amended Complaint;

2.  Enter judgment for Defendant and against Plaintiffs in this action;

3.  Award Defendant its costs of suit; and

4.  Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 27, 2007

By: /s/ Bernard E. LeSage
    *Attorneys for Deutsche Bank National*
    *Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 16 -

BN 1351974v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 27th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Connie Madrigal _____

- 17 -

BN 1351974v1