## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Dale Churchill, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 07 C 1026 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee ("Defendant" or "Deutsche Bank"), by and through its attorneys, answers Plaintiffs DALE CHURCHILL and KELLEY CHURCHILL ("Plaintiffs") Amended Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.     Plaintiffs Dale Churchill and Kelley Churchill bring this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R part 226; the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq. ("ECOA"); and state law.

**ANSWER:**     **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Deutsche Bank specifically denies that it is an affiliate of Ameriquest Mortgage Company and denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226, or any state law.**

- 1 -

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA).

**ANSWER:    Defendant does not contest subject matter jurisdiction.  Defendant denies any remaining allegations of Paragraph 2.**

3.    Defendants do business in the District and are deemed to reside here.  Venue is therefore proper under 28 U.S.C. §1391(c).

**ANSWER:    Defendant does not contest venue.  Defendant denies any remaining allegations of Paragraph 3.**

## PARTIES

4.    Plaintiffs Dale Churchill and Kelley Churchill are husband and wife and own and reside in a home located at 2831 N. Agaming Street, Hastings, MI 49056.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.    Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Michigan.  Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.    Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.      Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.      During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period.  Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States.   During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10.      Defendant AMC Mortgage Services, Inc., ("AMC") is a foreign corporation which does business in Michigan.  It is an affiliate of Ameriquest.   Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.      Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

- 3 -

12. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** **Defendant admits that it is a federally chartered bank with a place of business located at 1761 St. Andrew Place, Santa Ana, California 92705. Deutsche Bank denies any remaining allegations of Paragraph 12.**

13. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs.' It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

### FACTS RELATING TO PLAINTIFFS

14. Prior to January 14, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16. The loan was closed on January 14, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.    The following are documents relating to the loan:

    a.    A note, <u>Exhibit A</u>.  Only Dale Churchill signed the note.

    b.    A mortgage, <u>Exhibit B</u>.  Both Dale Churchill and Kelley Churchill signed the mortgage.

    c.    A settlement statement, <u>Exhibit C</u>.

    d.    A Truth in Lending disclosure statement, <u>Exhibit D</u>.

    e.    The official Federal Reserve Board notice of right to cancel, <u>Exhibit E</u>. All copies of <u>Exhibit E</u> furnished to plaintiffs were incomplete, as indicated.

    f.    A different, "one week" (actually six days) notice of right to cancel, <u>Exhibit F</u>.

    g.    An "itemization of settlement charges," <u>Exhibit G</u>;

    h.    A document entitled "Items to be paid off from loan proceeds," <u>Exhibit H</u>;

    i.    A document entitled "Understanding your options regarding interest rates and discount points," <u>Exhibit I</u>, stating that if plaintiffs were charged a discount fee their rate would be reduced.

**<u>ANSWER</u>:    The documents speak for themselves, therefore, no answer is required.  If an answer is required, Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

18.    As shown on the settlement statement, defendants charged plaintiffs a loan discount fee of $4,248.03. <u>Exhibit C</u>, line 802.

**<u>ANSWER</u>:    The document speaks for itself, therefore no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

19.    On information and belief, plaintiffs received no discount.  On the contrary, defendants increased plaintiffs' rate just before the closing. <u>Exhibit J</u>.

**<u>ANSWER</u>:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

BN 1352657v1

20.     On information and belief, in connection with this loan and prior to closing, Ameriquest arranged for or performed an appraisal that valued plaintiffs' home at $200,400.  See pre-typed data integrity audit, attached as <u>Exhibit K</u>.  This appraisal value was substantially and artificially inflated, with Ameriquest's knowledge and/or intent.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.     Plaintiffs were not provided with a copy of the appraisal report or with instructions on how to obtain a copy.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.     After obtaining present counsel, plaintiff Kelley Churchill called Ameriquest to request a copy of the appraisal report.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     The Ameriquest employee who answered told her that Ameriquest no longer has any copy of plaintiffs' appraisal report.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     On information and belief, no appraiser ever came to plaintiffs' home.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     Between closing the loan with Ameriquest and January 2006, plaintiffs spent approximately $20,000 renovating/modernizing their kitchen.

BN 1352657v1

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     In January or February of 2006, plaintiffs applied for a refinance with Allied Home Mortgage.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     Allied Home Mortgage ("Allied") then performed or arranged for a new appraisal of plaintiffs' home.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.     In January or February of 2006, an employee of Allied called plaintiffs to inform them that their refinance had been denied because the home bad only appraised for $140,000.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.     The principal amount of plaintiffs' loan with Ameriquest was $160,303 or 115% of the 2006 appraised value of $140,000, inclusive of the later home improvements. Ameriquest's fabricated appraised value of $200,400 makes it appear that the loan-to-value ratio ("LTV") was almost exactly 80%, which is the LTV benchmark that is customary for the industry.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.     Ameriquest intended to falsify the value of plaintiffs' home on the appraisal report and the data integrity report it prepared.  It did so in order to increase the loan amount for which

- 7 -

plaintiffs appeared to qualify; this, in turn, increased the lender's "points and fees," interest income and profits - the amount of each of which is to a substantial degree determined by the size of the loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.     Most reputable lenders will not make a loan that exceeds 80% of the value of the home ("LTV"), at least not without also imposing expensive private mortgage insurance ("PMP").

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33.     On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee.  Ameriquest Mortgage Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2005-R5 under the Pooling & Servicing Agreement dated as of June 1, 2005, Without Recourse.

**ANSWER:** **Defendant admits that it serves as Trustee for Ameriquest Mortgage Services, Inc Asset Backed Pass Through Certificates, Series 2005-R5. Defendant denies any remaining allegations in Paragraph 33.**

34.     In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

BN 1352657v1

**COUNT I -TILA**

35.     Plaintiffs incorporate paragraphs 1-34.

**ANSWER:**     **Defendant restates its answers to paragraphs 1-34 in response to this paragraph.**

36.     This claim is against all defendants.

**ANSWER:**     **No answer is required.**

37.     In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later.  More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. (15 U.S.C. § 1635(a)).**

**ANSWER:**     **Because Paragraph 37 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

38.     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction.  More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission,**

- 9 -

> **the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.** (15 U.S.C. § 1635(6).)

**ANSWER:**   Because Paragraph 38 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

39.     To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

**ANSWER:**   Because Paragraph 39 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

40.     Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements.  The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R § 226.23(6)(1) the borrower's rescission rights.

**ANSWER:**   Because Paragraph 40 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies nay liability to Plaintiffs.

41.     More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(6)). The notice shall be on a separate document that**

identifies the transaction and shall clearly and conspicuously
disclose the following:

(i) The retention or acquisition of a security interest in the
consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) How to exercise the right to rescind, with a form for that
purpose, designating the address of the creditor's place of
business.

(iv) The effects of rescission, as described in paragraph (d) of
this section. (v) The date the rescission period expires. (12
C.F.R. § 226.23(b)(1).)

**ANSWER:** Because Paragraph 41 states legal conclusions, no answer is required. If an
answer is required, Defendant denies any wrongdoing and denies any
liability to Plaintiffs.

## DEFECTIVE NATURE OF DISCLOSURES

42. In connection with the plaintiffs' loan, Ameriquest Mortgage Company failed to

provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of

15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 42 and on that basis denies such
allegations.

### Incomplete Notices

43. The official Notice of Right to Cancel forms delivered to plaintiffs did not set

forth the date the rescission period expired, a violation of 12 C.F.R. § 226.23(b)(1)(v).

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 43 and on that basis denies such
allegations.

### Notices Confusing Where Less Than All Owners Are Obligated

44.     <u>Exhibit E</u> is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45.     The top of Exhibit E has only Dale Churchill's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:** **The document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:** **Because Paragraph 46 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

### "One Week" Form

47.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48.     Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long.  Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49.     Finally, the "one week" notice contains the same ambiguous and confusing references to "borrower" and "owner" as defendants' version of the official Federal Reserve Board three-day notice.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50.     Notice of rescission has been given to defendants.  A copy is attached as <u>Exhibit L</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

51.     The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiffs' loan has not been rescinded.  Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

52.     Under 15 U.S.C. §1641(c), the right to rescind maybe exercised against any assignee.

- 13 -

**ANSWER:**    **Because Paragraph 52 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

53.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.     A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.     A judgement indicating the amount, if any, that plaintiffs owe defendants, taking into account the inflated appraisal;

c.     Statutory damages for the underlying disclosure violation;

d.     If appropriate, statutory damages for failure to rescind;

e.     Attorney's fees, litigation expenses and costs; and

f.     Such other or further relief as the Court deems appropriate.

**ANSWER:**    **Because Paragraph 53 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT II - ECOA

54.     Kelley Churchill incorporates paragraphs 1-53.

**ANSWER:**    **Defendant restates its answers to paragraph 1-53 in response to this paragraph.**

55.     This claim is against Ameriquest Mortgage Company.

**ANSWER:**    **No answer is required.**

56. On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

57. On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 57 and on that basis denies such allegations.**

58. Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

WHEREFORE, plaintiff Kelley Churchill requests that the Court enter judgment in favor of plaintiff and against defendant for:

      a.     Appropriate statutory and punitive damages;

      b.     Attorney's fees, litigation expenses and costs; and

      c.     Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 58 and on that basis denies such allegations.**

## COUNT III - BREACH OF CONTRACT

59. Plaintiffs incorporate paragraphs 1-34.

- 15 -

**ANSWER:** **Defendant restates its answers to paragraphs 1-34 in response to this paragraph.**

60. This claim is against Ameriquest only.

**ANSWER:** **No answer is required.**

61. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiff paid a loan discount fee. Exhibit I.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

62. Plaintiffs paid the fee but did not receive a discounted rate. Exhibit C Line 802 and Exhibit J.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63. Ameriquest thereby breached its agreement.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

64. Plaintiffs were thereby damaged.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for.

      a.     Appropriate damages;

      b.     Costs.

      c.     Such other or further relief as the Court deems appropriate.

BN 1352657v1

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 64 and on that basis denies such allegations.**

## COUNT IV - MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT

65.     Plaintiffs incorporate paragraphs 1-34.

**ANSWER:** **Defendant restates its answers to paragraphs 1-34 in response to this paragraph.**

66.     This claim is against Ameriquest.

**ANSWER:** **No answer is required.**

67.     Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by (A) representing that the retention from the loan proceeds of a "loan discount" would result in a reduction of the interest rate (Exhibit I) and then (b) not reducing the interest rate (Exhibit C Line 802 and Exhibit J.)

**ANSWER:** **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 67 and on that basis denies such allegations.**

68.     Plaintiffs were induced to acquiesce in the deduction from the loan proceeds of the loan discount by means of this misrepresentation.

**ANSWER:** **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 68 and on that basis denies such allegations.**

69.     Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by intentionally inflating the appraised value of plaintiffs' home as $200,400 when, a year later and after spending another $20,000 to update the kitchen, the home is actually only worth about $140,000.

BN 1352657v1

**ANSWER:** **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 69 and on that basis denies such allegations.**

70.     Defendant engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), when it misrepresented to plaintiffs their ability to qualify for a mortgage loan by basing this representation on a fraudulently inflated appraised value.

**ANSWER:** **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 70 and on that basis denies such allegations.**

71.     Plaintiffs were induced to borrow a loan from defendants by means of these and other misrepresentations and deceits.

**ANSWER:** **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 71 and on that basis denies such allegations.**

72.     Defendant Ameriquest made the representation in the course of trade and commerce.

**ANSWER:** **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 72 and on that basis denies such allegations.**

73.     Defendant Ameriquest made the representation for the purpose of inducing reliance, in the form of entering into the loan and Ameriquest's retention from the loan proceeds of "loan discount."

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant for:

        a.      A declaratory judgment, MCL §445.1681(1)(a);

        b.      Injunctive relief, MCL §445.1681(1)(b);

- 18 -

    c.       Appropriate damages, MCL §445.1681(1)(c);

    d.       Attorney's fees, litigation expenses and costs of suit;

    e.       Such other and further relief as the Court deems proper.

**ANSWER:**   **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 73 and on that basis denies such allegations.**

## COUNT IV [SIC] - COMMON LAW FRAUD

74.    Plaintiffs incorporate in 1-34 above. This claim is against Ameriquest.

**ANSWER:**   **Defendant restates its answers to paragraphs 1-34 in response to this paragraph.**

75.    Defendant represented to plaintiffs, based upon what it reported was the existing value of their home, that plaintiffs qualified for a certain loan amount.

**ANSWER:**   **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 75 and on that basis denies such allegations.**

76.    Defendant represented to plaintiffs, both through their data integrity audit and orally, that this value was $200,400, while concealing the actual appraisal report, all for the purposes of pushing their loan through the approval process.

**ANSWER:**   **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 76 and on that basis denies such allegations.**

77.    These representations were material terms of defendant's transaction with plaintiffs.

**ANSWER:**   **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without**

knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 77 and on that basis denies such allegations.

78.     Defendant's representations were false and fraudulent.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 78 and on that basis denies such allegations.**

79.     Defendant made these representations intentionally, with knowledge and/or reckless ignorance of their falsity.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 79 and on that basis denies such allegations.**

80.     Defendant's representations that plaintiffs qualified for the loan caused plaintiffs to rely on the misrepresentation to their detriment.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 80 and on that basis denies such allegations.**

81.     Plaintiffs' reliance was justifiable.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendants for:

> a.     actual and compensatory damages;
>
> b.     punitive damages; and
>
> c.     Such other or further relief as the Court deems appropriate.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 81 and on that basis denies such allegations.**

## COUNT V - DAMAGES RESULTING FROM CIVIL CONSPIRACY

82.    Plaintiffs incorporate ¶¶ 1-34 above.  This claim is against Ameriquest.

**ANSWER:**    **Defendant restates its answers to paragraphs 1-34 in response to this paragraph.**

83.    Defendant combined with an unknown appraisal company to arrange for and produce a fraudulent appraised value of plaintiff's home.

**ANSWER:**    **Because Count V is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 83 and on that basis denies such allegations.**

84.    Defendant took concerted and overt actions to accomplish this fraudulent and unlawful purpose and goal.

**ANSWER:**    **Because Count V is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 84 and on that basis denies such allegations.**

85.    Among other things, it conspired - out of excessive concern for their own profit and continuation in business - to misrepresent, conceal and suppress the actual market value of plaintiffs property.

**ANSWER:**    **Because Count V is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 85 and on that basis denies such allegations.**

86.    Plaintiff was damaged as a result of defendant's conspiracy.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendants for:

a.    Actual damages;

b.    Incidental, consequential and special damages;

      c.      Costs of litigation and expenses; and

      d.      Such other or further relief as this Court deems appropriate.

**ANSWER:** **Because Count V is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 86 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

BN 1352657v1

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

- 23 -

## **PRAYER**

Defendant Deutsche Bank National Trust Company, as Trustee prays this court to:

1.      Dismiss Plaintiffs' Amended Complaint;

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 27, 2007

By:  /s/ Bernard E. LeSage
       *Attorneys for Deutsche Bank National*
       *Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1352657v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 27th day of August 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:  _____ /s/  Connie Madrigal  _____