IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Ameriquest Mortgage Company, et al. v. Hayden, et al.*; Case No. 07 cv 122 (N.D. Ill.) | |

### DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, ( "Defendant" or "Deutsche Bank"), by and through its attorneys, answers Plaintiffs NANCY HAYDEN's and TERRY HAYDEN's ("Plaintiffs'") Amended Complaint as follows.

### AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs Nancy D. Hayden and Terry Hayden bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage and to secure damages for (A) violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, (B) the Equal Credit Opportunity Act ("ECOA"), and (C) to secure damages for violations of Michigan law.

**ANSWER:** **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company and denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R.**

- 1 -

part 226, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., or any state law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3. Plaintiffs Nancy D. Hayden and Terry Hayden own and reside in a single family home at 1501 Young Street, Owosso, MI 48867.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.  Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.  During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.  Defendant AMC Mortgage Services, Inc., ("AMC") is a foreign corporation which does business in Michigan. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY. On information and belief, it holds legal title to plaintiffs' loan, probably as trustee.

**ANSWER:** **Defendant admits that it is a federally chartered bank with a place of business located at 1761 St. Andrew Place, Santa Ana, California 92705. Deutsche Bank denies all remaining allegations of Paragraph 12.**

## FACTS RELATING TO PLAINTIFFS

13. Prior to November 22, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15. The loan was closed on November 22, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16. The following are documents relating to the loan:

   a. A note, Exhibit A. Only Terry Hayden signed the note.

   b. A mortgage, Exhibit B. Both Mr. and Mrs. Hayden signed the mortgage.

   c. A settlement statement, Exhibit C;

   d. A Truth in Lending statement, Exhibit D;

   e. A list of "items to be paid off from loan proceeds," Exhibit E;

   f. "Itemization of settlement charges," Exhibit F;

   g. An "Items To Be Paid From Loan Proceeds" disclosure, Exhibit G;

   h. The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit H all of which are addressed to Terry Hayden;

   i. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit I.

**ANSWER:** **The documents speak for themselves, therefore, no answer is required. To the extent an answer is required, Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

17. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18. On information and belief, Ameriquest Mortgage Securities, Inc., and/or Deutsche Bank National Trust Company, N.A., own plaintiffs' loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 concerning Ameriquest Mortgage Securities, Inc. and on that basis denies such allegations. Defendant denies the remaining allegations of paragraph 18.**

- 5 -

BN 1291443v1

19. In the event Ameriquest Mortgage Securities, Inc. and/or Deutsche Bank National Trust Company, N.A. do not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

## COUNT I - TRUTH IN LENDING

20. Plaintiffs incorporate paragraphs 1-19.

**ANSWER:** **Defendant restates its answers to paragraph 1-19 in response to this paragraph.**

21. This claim is against all defendants.

**ANSWER:** **No answer is required.**

## RIGHT TO RESCIND

22. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

>  (a) **Consumer's right to rescind.**
>
>  (1) **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (I) of this section.[fn]47**
>
>  (2) **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
>  (3) **The consumer may exercise the right to rescind**

BN 1291443v1

> until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (2) The consumer's right to rescind the transaction.
>
> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (4) The effects of rescission, as described in paragraph (d) of this section.
>
> (5) The date the rescission period expires....

(c) <u>Exempt transactions</u>. The right to rescind does not apply to the following:

> (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
> (2) A credit plan in which a state agency is a creditor.

- 7 -

**ANSWER:** Because Paragraph 22 states conclusions of law no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.

## GROUNDS FOR RESCISSION

23. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.

24. Only two of the notices of right to cancel furnished to plaintiffs were complete, instead of the four required.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.

25. Exhibit H is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The top of the form has only Terry Hayden's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:** The document speaks for itself, therefore no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.

BN 1291443v1

26. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:** **Because Paragraph 26 states conclusions of law, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

27. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:** **Because Paragraph 27 states conclusions of law, no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

28. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit J</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31. The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any liability to Plaintiffs and denies that Plaintiffs are entitled to rescind their loan.**

32. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 32 states conclusions of law no answer is required. If an answer is required, Defendant denies any liability to Plaintiffs.**

33. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

   a. A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

   b. Statutory damages for the underlying disclosure violation;

   c. If appropriate, statutory damages for failure to rescind;

   d. Attorney's fees, litigation expenses and costs; and

   e. Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 33 states conclusions of law no answer is required. If any answer is required, Defendant denies any liability to plaintiffs.**

### COUNT II - MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT

34. Plaintiffs incorporate paragraphs 1-19. This claim is against Ameriquest.

**ANSWER:** Because Count II is directed to defendants other than Deutsche Bank, no answer is required. If any answer is required, Defendant restates its answers to paragraphs 1-19 in response to this paragraph.

35. Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by charging a notary fee of $300, Exhibit C, line 1106. This violates MCL §55.285, which provides:

> **The fee charged by a notary public for performing a notarial act shall not be more than $10.00 for any individual transaction or notarial act. A notary public shall either conspicuously display a sign or expressly advise a person concerning the fee amount to be charged for a notarial act before the notary public performs the act. Before the notary public commences to travel in order to perform a notarial act, the notary public and client may agree concerning a separate travel fee to be charged by the notary public for traveling to perform then notarial act.**

**ANSWER:** Because Count II is directed to defendants other than Deutsche Bank, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 35 and on that basis denies such allegations.

36. Ameriquest engaged in deceit by charging plaintiffs an excessive notary fee.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against Ameriquest for:

    a. A declaratory judgment, MCL §445.1681(1)(a);

    b. Injunctive relief, MCL §445.1681(1)(b);

    c. Appropriate damages, MCL §445.1681(l)(c);

    d. Attorney's fees, litigation expenses and costs of suit; and

    e. Such other and further relief as the Court deems proper.

**ANSWER:** Because Count II is directed to defendants other than Deutsche Bank, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.

## COUNT III - ECOA

37. Nancy Hayden incorporates paragraphs 1-36.

**ANSWER:** **Defendant restates its answers to paragraphs 1-36 in response to this paragraph.**

38. This claim is against Ameriquest only.

**ANSWER:** **No answer is required.**

39. On information and belief the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

40. On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41. Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

WHEREFORE, Ms. Hayden requests that the Court enter judgment in favor of plaintiff and against defendant for:

    a. Appropriate statutory and punitive damages;

    b. Attorney's fees, litigation expenses and costs.

   c. Such other or further relief as the Court deems appropriate.

ANSWER: **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant Deutsche Bank National Trust Company, as Trustee prays this court to:

1. Dismiss Plaintiffs' Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 27, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 14 -

BN 1291443v1

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 27th day of August, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/ Connie Madrigal_____