## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Ernie J. McKimmy, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 07 C 1628 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee ("Defendant" or "Deutsche Bank"), by and through its attorneys, answers Plaintiffs ERNIE J. MCKIMMY's and ANGELIQUE MCKIMMY's ("Plaintiffs'") Amended Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.       Plaintiffs Ernie J. McKimmy and Angelique McKimmy bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**       **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Deutsche Bank specifically denies that it is an affiliate of Ameriquest Mortgage Company and denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226, or any state law.**

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).  Defendants transact business in the District and are deemed to reside here.

**ANSWER:**      **Defendant does not contest subject matter jurisdiction or venue.  Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.      Plaintiffs Ernie J. McKimmy and Angelique McKimmy own and reside in a single family home at 425 N. Chicago St., Litchfield, Michigan 49252.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois.  Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.     Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.     During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period.  Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States.  During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.     Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Michigan.  It is an affiliate of Ameriquest.  Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

10.     Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.     Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005.  On information and belief, it holds legal title to plaintiffs' loan, as trustee,

**ANSWER:     Defendant admits that it is a federally chartered bank with a place of business located at 1761 St. Andrew Place, Santa Ana, California 92705. Deutsche Bank denies any remaining allegations of Paragraph 11.**

12.     Defendant Ameriquest Mortgage Securities, file., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan.  It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs.  It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS

13.     Prior to June 22, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14.     Plaintiff's needed and used the loan for personal, family or household purposes, namely, refinancing of prior debts incurred for such purposes.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     The loan was closed on June 22, 2005.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

- 4 -

16. Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17. The following are documents relating to the loan:

    a. A note, Exhibit B;

    b. A mortgage, Exhibit C;

    c. A Truth in tending statement, Exhibit D;

    d. A list of "items to be paid off from loan proceeds," Exhibit E;

    e. "Itemization of settlement charges," Exhibit F;

    f. A "summary of debts and disbursements," Exhibit G;

    g. The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit H. None of the copies delivered to plaintiffs was filled out.

    h. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit I;

    i. A document stating that, if plaintiffs were charged a "loan discount" fee, it would purchase a reduction in their interest rate, Exhibit J.

**ANSWER:** **The documents speak for themselves, therefore, no answer is required. If an answer is required, Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

18. Plaintiffs were charged a loan discount fee of $1,783.53 but received no discount. Exhibit F, line 802, and Exhibit A.

**ANSWER:** **The documents speak for themselves, therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

19. Plaintiffs were also charged $350 for notary fees. Exhibit F line 1106.

- 5 -

**ANSWER:** **The documents speak for themselves, therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

20. Throughout the three- or four-week process of applying for the loan, plaintiffs spoke over the telephone with an Ameriquest employee named "Al," who gathered their credit information.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21. Section X of the pre-typed residential loan application, attached as <u>Exhibit K</u> lists the telephone interviewer as Kristina Cantu. Neither plaintiff ever spoke to a female Ameriquest employee.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22. Approximately three weeks before closing, Al called plaintiffs to tell them that they qualified for a 7.25% interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23. A few hours before closing, Al called back to request more information. At that time, plaintiff Angelique McKimmy asked again what their rate would be, and Al answered that it would be 7.5%.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24. Both plaintiffs asked Al at that time why their rate had changed, and he failed to answer.

- 6 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     A couple hours later at the actual closing, a closing agent brought papers listing the interest rate at 7.99%.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     Ameriquest increased the terms of the loan at closing in spite of the fact that it had already - prior to the increase and at the start of the application process - obtained sufficient financial and credit information from plaintiffs to have determined the interest rate plaintiffs qualified for.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.     On information and belief, Ameriquest arranged for Michael C. Campbell of Campbell Appraisal Service to perform an appraisal of plaintiffs' home.  Campbell's appraisal report, dated June 20, 2005, is attached as Exhibit L.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

28.     Approximately one week before closing, plaintiff Angelique McKimmy called Al to ask the appraisal value of their home, and Al answered that it had been appraised at $90,000.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.     The bottom line of Campbell's report states the house's value as $85,000.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.     According to the database of the Michigan Department of Consumer and Industry Services, Campbell Appraisal Service has since been automatically dissolved.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.     On or around November 2004, approximately seven months earlier, plaintiffs refinanced with Household Mortgage. In connection with that loan, Household appraised plaintiffs' home at $75,000.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

32.     Plaintiffs had done no significant work to the house in the six months between these appraisals.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33.     Prior to closing, Ameriquest prepared a typed, pre-printed loan application that falsely reported that the value of plaintiffs' home was $90,000. See Exhibit K, Section VI.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34.     The loan was closed on June 22, 2005. The principal amount of the loan was $85,500 or 114% of the $75,000 appraised value of seven months earlier, or 101 % of the $85,000 value appraised by Campbell Appraisal Service. Most reputable lenders will not lend

- 8 -

more than 80% of the home value, at least not without also requiring payment of private mortgage insurance ("PMI").

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35. Ameriquest and Campbell intended to falsify the value of plaintiffs' home on the appraisal report and on the application Ameriquest prepared. They did so in order to increase the loan amount for which plaintiffs appeared to qualify; this, in turn, increased the lender's "points and fees," interest income and profits - the amount of each of which is to a substantial degree determined by the size of the loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

36. Approximately one week after closing, Al called plaintiffs and told Angelique McKimmy that plaintiffs had ninety days in which to request her appraisal, after which Ameriquest would no longer save these records.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37. Angelique McKimmy immediately requested a copy of her appraisal.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 37 and on that basis denies such allegations.**

38. Plaintiffs never received an actual copy of the appraisal until October 17, 2006, when Angelique McKimmy requested a copy be faxed to present counsel.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations.**

BN 1352418v1

39.     In addition, A1 and/or Krishna Cantu and/or Ameriquest typed on plaintiffs' pre-printed loan application that plaintiff Ernie McKimmy's monthly income was $2,440.43.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

40.     This statement was false.  Ernie McKimmy's monthly income was actually between $2,000 and $2,300.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41.     Plaintiffs provided truthful and accurate information concerning their income and assets to Ameriquest, including supporting documentation.  Plaintiffs did not learn about the misinformation on their loan applications, including the inflated appraised value, until after contacting their current attorneys.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42.     Al and/or Kristina Cantu and Ameriquest falsified the information in order to make it look like plaintiffs qualified for the loan, so that they could get their fees and commission.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43.     Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

44.     On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass Through Certificates, Series 2005-R7 Under the Pooling and Servicing Agreement Dated as of August 1, 2005, Without Recourse.

**ANSWER:**     **Defendant admits that it serves as Trustee for Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R7. Defendant denies any remaining allegations in Paragraph 44.**

45.     In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiffs' loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

## COUNT I -TILA

46.     Plaintiffs incorporate paragraphs 1-45.

**ANSWER:**     **Defendant restates its answers to paragraphs 1-45 in response to this paragraph.**

47.     This claim is against all defendants.

**ANSWER:**     **No answer is required.**

## RIGHT TO RESCIND

48.     Because the transaction was secured by-plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:*

(a)     **Consumer's right to rescind.**

**(1)     In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security**

BN 1352418v1

interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

(2)     To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)     The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. ]15 U.S.C. §1635(f)]

(4)     When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)     Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)     The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)     The consumer's right to rescind the transaction.

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)     The effects of rescission, as described in paragraph (d) of this section.

(5)     The date the rescission period expires....

(c)     Exempt transactions. The right to rescind does not apply to the following:

BN 1352418v1

(1)    A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2)    A credit plan in which a state agency is a creditor.

**ANSWER:**    **Because Paragraph 48 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## GROUNDS FOR RESCISSION

49.    In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50.    All copies of the federally-mandated notice of right to cancel delivered to plaintiffs are missing the termination and cancellation dates.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

51.    Additionally, the delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.  The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

- 13 -

52.     Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 52 and on that basis denies such allegations.**

53.     Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 53 and on that basis denies such allegations.**

54.     Notice of rescission has been given to defendants.  A copy is attached as Exhibit M.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 54 and on that basis denies such allegations.**

55.     The loan has not been rescinded.

**ANSWER:**     **Defendant admits that Plaintiffs' loan has not been rescinded.  Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

56.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     **Because Paragraph 56 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

57.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

- 14 -

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for

  a. A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

  b. Statutory damages for the underlying disclosure violation;

  c. A judgment indicating what amount, if any, plaintiffs owe to defendants, taking into account the effect of the defendant's inflated appraisal in plaintiffs' ability to tender;

  d. If appropriate, statutory damages for failure to rescind;

  e. Attorney's fees, litigation expenses and costs.

  f. Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Paragraph 57 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT II - BREACH OF CONTRACT

58. Plaintiffs incorporate paragraphs 1-45.

**ANSWER:** **Defendant restates its answers to paragraphs 1-45 in response to this paragraph.**

59. This claim is against Ameriquest only.

**ANSWER:** **No answer is required.**

60. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required.  If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 60 and on that basis denies such allegations.**

61. Plaintiffs paid the fee but did not receive a discounted rate.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 61 and on that basis denies such allegations.**

62. Ameriquest thereby breached its agreement.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63. Plaintiffs were damaged as a result.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

      a.      Appropriate damages;

      b.      Costs.

      c.      Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

## COUNT III - MICHIGAN MORTGAGE BROILERS, LENDERS AND SERVICERS LENDING ACT

64. Plaintiffs incorporate paragraphs 1-45. This claim is against Ameriquest.

**ANSWER:** **Defendant restates its answers to paragraphs 1-45 in response to this paragraph.**

65. Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by engaging in "bait and switch" practices, i.e., promising the plaintiffs a 7.25% interest rate after obtaining sufficient financial information to provide an accurate quote,

and then altering these terms to the plaintiffs' detriment prior to closing by raising the interest

rate to 7.5% a few hours before the closing and then 7.99% at the actual closing. Exhibit A.

> **ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 65 and on that basis denies such allegations.**

    66.    Ameriquest made the representation in the course of trade and commerce.

> **ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 66 and on that basis denies such allegations.**

    67.    Plaintiffs were induced to transact with Ameriquest by means of the

misrepresentation.

> **ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 67 and on that basis denies such allegations.**

    68.    Ameriquest engaged in fraud, deceit and material misrepresentation, in violation

of MCL §445.1672(b), by (A) inflating the appraised value of plaintiffs' property to $85,000 on

the appraisal dated June 20, 2005 and by (B) subsequently representing the value of plaintiffs

property as $90,000 on the plaintiffs' loan application dated June 22, 2005. Exhibits K and L.

> **ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 68 and on that basis denies such allegations.**

    69.    Defendant also engaged in fraud, deceit and material misrepresentation, in

violation of MCL §445.1672(b), when it misrepresented to plaintiffs their ability to qualify for a

mortgage loan by basing this representation on a fraudulently inflated appraised value.

> **ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or**

information sufficient to form a belief as to truth of the allegations of
Paragraph 69 and on that basis denies such allegations.

70. Furthermore, defendant engaged in fraud, deceit and material misrepresentation,
in violation of MCL §445.1672(b), when it misrepresented to plaintiffs that agreeing to a "loan
discount fee" would reduce their interest rate, and then failed to decrease plaintiff's interest rate
after the loan discount fee was paid.  Exhibits F and A.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no
answer is required.  If answer is required, Defendant is without knowledge or
information sufficient to form a belief as to truth of the allegations of
Paragraph 70 and on that basis denies such allegations.**

71. In addition, defendant engaged in fraud, deceit and material misrepresentation, in
violation of MCL §445.1672(b) by falsely inflating information about plaintiffs' income in order
to make it appear that plaintiffs qualified for a higher loan amount and, thereby, to increase its
own fees, commissions and profits.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no
answer is required.  If answer is required, Defendant is without knowledge or
information sufficient to form a belief as to truth of the allegations of
Paragraph 71 and on that basis denies such allegations.**

72. Plaintiffs were induced to transact with Ameriquest and sign for a mortgage with
by means of the misrepresentation that, based on their income and assets, they qualified for the
loan.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no
answer is required.  If answer is required, Defendant is without knowledge or
information sufficient to form a belief as to truth of the allegations of
Paragraph 72 and on that basis denies such allegations.**

73. Finally, defendant engaged in fraud, deceit and material misrepresentation, in
violation of MCL §445.1672(b) by charging a notary fee of $350, Exhibit F. line 1106.  This
violates MCL §55.285, which provides:

**The fee charged by a notary public for performing a notarial**

**act shall not be were than $10.00 for any individual transaction or notarial act. A notary public shall either conspicuously display a sign or expressly advise a person concerning the fee amount to he charged for a notarial act before the notary public performs the act. Before the notary public commences to travel in order to perform a notarial act, the notary public and client may agree concerning a separate travel fee to be charged by the notary public for traveling to perform then notarial act.**

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 73 and on that basis denies such allegations.**

74. Ameriquest engaged in deceit by charging plaintiffs an excessive notary fee.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 74 and on that basis denies such allegations.**

75. Defendant made these representations for the purpose of inducing plaintiffs' reliance in the form of the plaintiffs borrowing the $85,500 loan. Defendant did this in order to increase the lender's "points and fees," interest and profits.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 75 and on that basis denies such allegations.**

76. Plaintiffs have suffered an injury as a result of defendants' misrepresentations. They have been charged bogus fees, and their options for refinancing with reputable mortgage companies have been severely limited by defendants' actions, literally and indefinitely trapping them in a loan with an increasingly high interest rate.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 76 and on that basis denies such allegations.**

77. Defendants made the representation for the purpose of inducing reliance, in the form of plaintiffs borrowing a higher principal.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

    a.    A declaratory judgment, MCL §445.1681(l)(a);

    b.    Injunctive relief, MCL §445.1681(1Xb);

    c.    Appropriate damages, MCL §445.1681(1)(c);

    d.    Attorney's fees, litigation expenses and costs of suit;

    e.    Such other and further relief as the Court deems proper.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 77 and on that basis denies such allegations.**

## COUNT IV-COMMON LAW FRAUD

78. Plaintiffs incorporate paragraphs 1-45. This claim is against Ameriquest.

**ANSWER:** **Defendant restates its answers to paragraphs 1-45 in response to this paragraph.**

79. Defendant represented that plaintiffs qualified for the loan based on the appraised value of plaintiffs' property and the amount of their income.

**ANSWER:** **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 79 and on that basis denies such allegations.**

80. Defendant fraudulently inflated the value of plaintiffs' property and the amount of plaintiffs' income. Therefore, the representations that plaintiffs qualified for the loan and could afford it were also false and fraudulent.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required.  If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 80 and on that basis denies such allegations.**

81.     The value of plaintiffs' property and the amount of their income was information that was material to the terms of their transaction with defendants.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required.  If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 81 and on that basis denies such allegations.**

82.     At the time defendant falsified the income and property value information, it knew that these representations were false.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required.  If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 82 and on that basis denies such allegations.**

83.     Defendant made the representations with the intent that they would be acted upon by plaintiffs.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required.  If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 83 and on that basis denies such allegations.**

84.     In reliance on defendant's representations, plaintiffs closed on the loan with Ameriquest.

**ANSWER:**     **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required.  If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 84 and on that basis denies such allegations.**

85.     As a result of Ameriquest's inflated appraised value, plaintiffs have been injured in that they have been and will continue to be overcharged and are unable to refinance with another company.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendant for:

  a.   Actual and compensatory damages;

  b.   Punitive damages; and

  c.   Such other relief as the Court deems appropriate.

**ANSWER:    Because Count IV is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 85 and on that basis denies such allegations.**

## COUNT V - DAMAGES RESULTING FROM CIVIL CONSPIRACY

86.   Plaintiffs incorporate paragraphs 1-45. This claim is against Ameriquest.

**ANSWER:    Defendant restates its answers to paragraphs 1-45 in response to this paragraph.**

87.   Defendant combined and conspired with Campbell Appraisal Service to arrange for and produce a fraudulent, appraised value for plaintiffs' property.

**ANSWER:    Because Count V is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 87 and on that basis denies such allegations.**

88.   Defendant took concerted and overt actions to accomplish this fraudulent purpose.

**ANSWER:    Because Count V is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 88 and on that basis denies such allegations.**

89.   Among other things, defendant conspired - out of excessive concern for its own fees, commissions and profits - to misrepresent, conceal and suppress the actual market value of plaintiffs' property. It wanted to ensure that the loan would be approved, closed and funded.

**ANSWER:** **Because Count V is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 89 and on that basis denies such allegations.**

90.     Plaintiffs were damaged as a result of defendant's conspiracy. They are struggling to afford the monthly payments, and the inflated appraisal has resulted in them being overcharged and prevents them from refinancing with a more reputable company.

WHEREFORE, plaintiffs request that the Court enter judgment in their favor of and against defendant for:

        a.     Actual damages;

        b.     Incidental, consequential and special damages;

        c.     Costs of litigation and expenses; and

        d.     Such other or further relief as this Court deems appropriate.

**ANSWER:** **Because Count V is directed at defendants other than Deutsche Bank, no answer is required. If answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 90 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

- 23 -

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

- 24 -

## **PRAYER**

Defendant Deutsche Bank National Trust Company, as Trustee prays this court to:

1.      Dismiss Plaintiffs' Amended Complaint;

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 27, 2007

By: /s/ Bernard E. LeSage
     *Attorneys for Deutsche Bank National*
     *Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1352418v1

## <u>CERTIFICATE OF SERVICE</u>

I, Connie Madrigal, hereby certify that on this 27th day of August 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:         /s/ Connie Madrigal        

BN 1352418v1