- 1 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Shawn and Shari Maldonado v. Ameriquest Mortgage Company, et al.*; Case No. 06CV6609 | |

# DEFENDANT AMC MORTGAGE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant AMC Mortgage Services, Inc. ("Defendant"), by and through its attorneys, answers Plaintiffs Shawn and Shari Maldonado's ("Plaintiffs") Complaint as follows.

## INTRODUCTION

1. Plaintiffs Shawn and Shari Maldonado charge defendants with violation of 15 U.S.C. § 1635 through failure to honor a valid rescission request.

**ANSWER:** **The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of their Complaint.**

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any other allegation in Paragraph 2.**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has

- 1 -

issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

**ANSWER:** **Defendant denies that venue is proper in the Northern District of Illinois pursuant to the Multi-District Litigation panel's Transfer Order based on Federal and State Constitutional grounds, including but not limited to Due Process and Equal Protection under the law. Plaintiffs are allegedly residents of California and the conduct complained of is alleged to have occurred in California. Defendant denies any remaining allegations in Paragraph 3.**

## PARTIES

4. Defendant Ameriquest Mortgage Company is a leading sub-prime mortgage lender. The company's main offices are in Orange, California, but it does business in this district. Defendant AMC Mortgage Services, Inc. was the servicer of plaintiffs' mortgage, and also does business in this district. Defendant Deutsche Bank National Trust Company was the owner of plaintiffs' mortgage and also does business in this district.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant admits that Ameriquest Mortgage Company's main offices are in Orange, California. Defendant admits that AMC Mortgage Services, Inc. services Ameriquest Mortgage Company's mortgages. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 4, and on that basis denies those allegations.**

5. Plaintiffs Shawn and Shari Maldonado are residents of California.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

## TRUTH IN LENDING VIOLATION

6. Plaintiffs Shawn and Shari Maldonado own a home in Concord, California. The Maldonados refinanced their mortgage with Ameriquest in September 2005. In connection with the transaction, the Maldonados were not given a final Truth in Lending Act Disclosure. Rather, the Truth in Lending Act disclosure given to them at the closing was marked "Preliminary". See

Exhibit A. Also, on a document entitled **BORROWER'S ACKNOWLEDGEMENT OF FINAL LOAN TERMS**, it was stated that

> These "Final Loan Terms" may change prior to loan settlement if Lender subsequently determines or becomes aware of any changes in these material facts.

See Exhibit B. This statement reinforces the impression that the loan terms are still preliminary.

**ANSWER:** **Exhibits A and B speak for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of these documents. Defendant denies that these documents constitute the entire loan file and that the documents constitute the fully integrated loan agreement with Plaintiffs. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis denies those allegations.**

7. The failure to provide plaintiffs with a final Truth in Lending act disclosure violated 12 C.F.R. § 226.18. Also, because the material TILA disclosures had not been provided at the closing on September 14, 2005, the rescission period did not expire on September 17, 2005 and it was a violation of 12 C.F.R. § 226.23(b)(1)(v) for the Notice of Right to Cancel forms given to the Maldonados at the closing to say that it did.

**ANSWER:** **The first sentence of Paragraph 7 states a legal conclusion which Defendant is not required to admit or deny. Defendant denies the remaining allegations in Paragraph 7.**

8. Also, the Maldonados' mortgage transaction was not consummated on September 14, 2005 because the settlement statement provided to plaintiffs on that day said that they would receive $47,586.39, see Exhibit C, whereas in fact plaintiffs received only $43,598.79. See Exhibit D. For this reason as well, the rescission period did not expire on September 17, 2005 and it was a violation of 12 C.F.R. § 226.23(b)(1)(v) for the Notice of Right to Cancel forms given to the Maldonados at the closing to say that it did.

**ANSWER:** **Exhibits C and D speak for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of these documents. Defendant denies that these documents constitute the entire loan file and that the documents constitute the fully integrated loan agreement with Plaintiffs. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies those allegations.**

9. As a result, the borrowers' rescission period was extended from three days to three years. See 12 C.F.R. § 226.23(a)3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumers' interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER:** **Paragraph 9 states a legal conclusion which Defendant is not required to admit or deny.**

10. On September 5, 2006, plaintiffs sent a rescission notice to defendants. With twenty days of receiving the rescission notice, defendants should have paid back to plaintiffs any money or property that plaintiffs have paid to them in connection with the loan. See 12 C.F.R. § 226.23(d)(2). Defendants have not done so.

**ANSWER:** **Defendant admits that the loan has not been rescinded. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 10, and on that basis denies those allegations.**

11. Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiffs are entitled to rescission plus statutory damages and other relief.

**ANSWER:** **Paragraph 11 states a legal conclusion which Defendant is not required to admit or deny.**

### AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and

not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11. Plaintiffs are not entitled to rescind their mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12. Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to

- 6 -

release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14. Plaintiffs' claims under the Truth in Lending Act are barred against AMC Mortgage Services, Inc., as AMC is an alleged servicer of Plaintiffs' loan and not a creditor or assignee.

15. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: September 6, 2007

By: /s/ Bernard E. LeSage
*Attorneys for AMC Mortgage Services, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 6th day of September 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Bernard E. LeSage

BN 1345150v1