IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Jose Rodriguez and Virginia Albarran v. Ameriquest Mortgage Company, et al.*, Case No. 07-1082 (N.D. Ill.) | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Ameriquest Mortgage Company ("Defendant"), by and through its attorneys, answers Plaintiffs Jose Rodriguez and Virginia Albarran's ("Plaintiffs") Complaint as follows:

**INTRODUCTION**

1. Plaintiffs Jose Rodriguez and Virginia bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and to recover damages under state law.

**ANSWER:** Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the terms "subprime" and "affiliates" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the terms "subprime" or "affiliates." Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, Federal Reserve Board Regulation Z, or 12 C.F.R. part 226, or state law.

- 2 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here

**ANSWER:** **Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue. Defendant denies any remaining allegations in Paragraph 2.**

## PARTIES

3. Plaintiffs Jose Rodriguez and Virginia Albarran own and reside in a home at 1410 S. Lombard, Berwyn, IL 60402.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Company is a corporation, that it is incorporated in a state other than Illinois, and that it has maintained offices and does business in Illinois. Defendant does not object to service.**

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of "subprime." Defendant admits that at the time the Plaintiffs entered into their loan with Defendant, Defendant was in the business of originating loans secured by mortgages when Plaintiffs obtained their loan. Defendant denies the remaining allegations of Paragraph 5.**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant admits that, during the relevant time period of Plaintiffs' loan, Ameriquest Mortgage Company originated more than 26 loans per year.**

- 3 -

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER: Because Paragraph 7 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the period in 2003.

**ANSWER: Defendant neither admits nor denies the allegations stated in Paragraph 8 because it lacks knowledge and information on which to base a response.**

9. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER: Defendant admits that AMC Mortgage Services, Inc. is a corporation, that it is incorporated in a state other than Illinois and that it does business in Illinois.**

10. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER: Defendant objects to the term "affiliate" as vague. Defendant admits that AMC Mortgage Services, Inc. services loans originated by Ameriquest Mortgage Company. Defendant denies the remaining allegations in Paragraph 10.**

11. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief, it holds legal title to plaintiffs' loan, probably as trustee.

**ANSWER: Defendant neither admits nor denies the allegations stated in Paragraph 11 because it lacks knowledge and information on which to base a response.**

- 3 -

12. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It owns loans originated by Ameriquest Mortgage Company, including that of plaintiffs. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Securities, Inc. is a corporation incorporated in a state other than Illinois and that Ameriquest Mortgage Securities, Inc. is located at 1100 Town & Country Road, Suite 1100, Orange California 92868. Defendant objects to the term "affiliate" as vague. Defendant denies the remaining allegations in Paragraph 12.**

## FACTS RELATING TO PLAINTIFFS

13. Prior to October 24, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

14. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

15. The loan was closed on October 24, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

16. The following are documents relating to the loan:
    a. A note, Exhibit A;
    b. A mortgage, Exhibit B;
    c. A settlement statement, Exhibit C;
    d. A Truth in Lending statement, Exhibit D;

- 4 -

- 5 -

       e.       The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit E</u>. None of the copies delivered was completed.

       f.       A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit F</u>.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. Defendant denies all remaining allegations of the paragraph.**

       17.       Plaintiffs were charged a "loan discount."

**ANSWER:** **Defendant objects to the term "loan discount" as vague. The documents speak for themselves; therefore, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

       18.       Ameriquest undertook and represented, in the document attached as <u>Exhibit G</u> and delivered to plaintiffs at the closing, that the payment of a "loan discount" would reduce plaintiffs' interest rate.

**ANSWER:** **Defendant objects to the term "loan discount" as vague. The documents speak for themselves; therefore, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs. Defendant denies that the documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. Defendant denies all remaining allegations of the paragraph.**

       19.       Plaintiffs did not receive a discounted rate, as shown by the document entitled "Borrower's Acknowledgment of Final Loan Terms," <u>Exhibit H</u>.

**ANSWER:** **Defendant objects to the term "discounted rate" as vague. The documents speak for themselves; therefore, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

       20.       Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant admits that the servicing of the loan was transferred to AMC Mortgage Services, Inc.**

22. On information and belief, Ameriquest Mortgage Securities, Inc., owns plaintiffs' loan, and Deutsche Bank holds title to it.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

23. In the event Ameriquest Mortgage Securities, Inc., does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## COUNT ONE – TRUTH IN LENDING ACT

24. Plaintiffs incorporate paragraphs 1-23.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-23 in answer to this paragraph.**

25. This claim is against all defendants.

**ANSWER:** **No response to this paragraph is required.**

## RIGHT TO RESCIND

26. Because the transaction secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a)** **Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right rescind the transaction, except for transactions described in paragraph of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic**

>> transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> **(3)** The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> **(4)** When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> **(b)** <u>Notice of right to rescind</u>.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> **(1)** The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>> **(2)** The consumer's right to rescind the transaction.
>>
>> **(3)** How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>>
>> **(4)** The effects of rescission, as described in paragraph (d) of this section.
>>
>> **(5)** The date the rescission period expires. . . .
>
> **(f)** <u>Exempt transactions</u>.  The right to rescind does not apply to the following:
>
> **(1)** A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
> **(2)** A credit plan in which a state agency is a creditor.

**ANSWER:** Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegation that the transaction was secured by Plaintiffs'

- 7 -

>**home and on that basis denies such allegation. Defendant denies that Paragraph 26 accurately cites 12 C.F.R. § 226.23. Defendant denies the allegations in Paragraph 26 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. Defendant denies the remaining allegations in Paragraph 26.**

## GROUNDS FOR RESCISSION

27. In connection with loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** Denied.

28. Ameriquest did not deliver to each plaintiff two completed notices of the right to cancel the Federal Reserve Board form (four total).

**ANSWER:** Denied.

29. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.

**ANSWER:** Denied.

30. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** Denied.

31. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** Denied.

- 8 -

32. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit I</u>.

**ANSWER: Defendant denies that Plaintiffs properly sought to rescind the loan and denies that Plaintiffs have any right to rescind the loan.**

33. The loan has not been rescinded.

**ANSWER: Defendant denies that Plaintiffs properly sought to rescind the loan and denies that Plaintiffs have any right to rescind the loan. Defendant admits that the loan has not been rescinded. Defendant denies the remaining allegations of Paragraph 33.**

34. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER: Because Paragraph 34 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage.**

35. 15 U.S.C. §1635(g) provides:

   **Additional relief**

   **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER: Defendant admits that the allegations in Paragraph 35 contain the text of 15 U.S.C. § 1635(g). Defendant denies the allegations in Paragraph 35 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. Defendant denies the remaining allegations of Paragraph 35.**

## COUNT -BREACH OF CONTRACT

36. Plaintiffs incorporate paragraphs 1-23.

**ANSWER: Defendant restates its answers to Paragraphs 1-23 in answer to this paragraph.**

37. This claim is against Ameriquest only.

- 9 -

**ANSWER:** **No response to this paragraph is required.**

38. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.

**ANSWER:** **Defendant objects to the terms "discounted interest rate" and "loan discount" as vague. The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs. Defendant denies all remaining allegations of the paragraph.**

39. Plaintiffs paid the fee but did not receive a discounted rate.

**ANSWER:** **Defendant objects to the term "discounted rate" as vague. If any answer is required, Defendant denies any liability to Plaintiffs. Defendant denies all remaining allegations of the paragraph.**

40. Ameriquest thereby breached its agreement.

**ANSWER:** **Denied.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11. Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12. Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

BN 1302645v1

14. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: September 6, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 13 -

## **CERTIFICATE OF SERVICE**

      I, Bernard E. LeSage, hereby certify that on this 6th day of September 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


                                            By:      /s/  Bernard E. LeSage