**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Robert and Antonette Strait v. Ameriquest Mortgage Company, et al.*; Case No. 07CV03581 | |

**DEFENDANT AMERIQUEST MORTGAGE SECURITIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Ameriquest Mortgage Securities, Inc. ("Defendant"), by and through its attorneys, answers Plaintiffs Robert and Antonette Strait's ("Plaintiffs")Complaint as follows.

**FACTS RELATING TO THE PLAINTIFFS**

1. Plaintiffs' and others' mortgage loan business, and refinancing loan business was solicited by "Ameriquest" by means of television and written media communication.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis denies each and every allegation contained therein.**

2. Prior to June 8, 2005, Plaintiffs applied for a refinance-type mortgage with Ameriquest.

**ANSWER:** **Defendant admits to the allegations in Paragraph 2.**

3. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.**

4. Plaintiffs requested a fixed-rate mortgage loan from Ameriquest, and were promised that they qualified for a fixed-rate mortgage.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and on that basis denies each and every allegation contained therein.**

5. "Ameriquest" arranged to have an appraisal performed on Plaintiffs' home prior to approval of a mortgage. After two real estate appraisals by independent appraisers failed to support the loan, Defendant Ameriquest contacted Michigan state licensed real estate appraiser, Michael C. Campbell, license #1201007845 to conduct an appraisal of Plaintiffs' residence the same being accomplished on or about June 8, 2005.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis denies each and every allegation contained therein.**

6. Said appraisal certified the fair market value of Plaintiffs' home at $120,000.00 as of June 8, 2005, the same being an inflated fair market value.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and on that basis denies each and every allegation contained therein.**

7. Based upon Ameriquest's misrepresentations as to terms of the loan, and the inaccurate and inflated appraisal of Plaintiffs' home (of which Plaintiffs had no knowledge), the Plaintiffs agreed to refinance their mortgage through Ameriquest.

**ANSWER:** **Defendant denies the allegations of Paragraph 7.**

8. Just prior to the closing, Plaintiffs were informed y Ameriquest that the loan would instead be a variable rate loan, which altered the terms of the loan to Plaintiffs' detriment.

Additionally, Plaintiffs were informed by Defendant Ameriquest that Plaintiff, Antonette L. Strait's credit was bad so the loan would be in the name of Plaintiff, Robert O. Strait only.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies each and every allegation contained therein.**

9. It was the policy and practice of Ameriquest to engage in "bait and switch" loan solicitation practices, whereas one set of terms was initially quoted after Ameriquest had obtained sufficient information to provide an accurate quote, and then more onerous terms (such as a change to an adjustable rate loan) were imposed just prior to closing.

**ANSWER:** **Defendant denies the allegations of Paragraph 9.**

10. Plaintiffs' loan apparently closed on June 8, 2005.

**ANSWER:** **Defendant admits to the allegations in Paragraph 10.**

11. On June 8, 2005, in the evening, an unidentified individual showed up at Plaintiffs' home with papers to sign for the loan. When Plaintiffs asked about some of the provisions in the loan documents, Ameriquest's representative told Plaintiffs that he had other mortgages to close that evening, and that he did not have time to explain any of the documents, or answer any questions posed by Plaintiffs. He insisted that Plaintiffs sign the documents immediately or the refinance of their home mortgage would not "go through." Plaintiffs were given to signing, and no copies of the documents were provided to the Plaintiffs by Ameriquest's representative.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis denies each and every allegation contained therein.**

12. To date, Plaintiffs have never been provided with a complete set of copies of the signed mortgage documents, and, nonetheless were later directed to make payments to AMC Mortgage Services, Inc.

- 3 -

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and on that basis denies each and every allegation contained therein.**

13. On information and belief, Ameriquest Mortgage Securities, Inc., owns Plaintiffs' loan and Deutsche Bank National Trust Company, N.A. hold title to it.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis denies each and every allegation contained therein.**

14. The following are documents relating to the loan:
    a. Closing instructions of Ameriquest which were not complied with by Ameriquest agents (Plaintiffs' Exhibit A);
    b. Unsigned itemization of closing costs in the name of Plaintiff, Robert O. Strait only, and including unsubstantiated and predatory loan charges (Plaintiffs' Exhibit B);
    c. Insufficient and confusing Notices of right to cancel (Plaintiffs' Exhibit C);
    d. Final interest rate disclosure of 7.90% and TILA Disclosure of a 9/79% interest rate (Plaintiffs' Exhibits D and E).

**ANSWER:** **Exhibits A to E speak for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of these documents. Defendant denies that these documents constitute the entire loan file and that the documents constitute the fully integrated loan agreement with Plaintiffs. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 14, and on that basis denies those allegations.**

15. From and after the date of "close" at their home, the Plaintiffs have been subjected to the following actions by "Ameriquest" and the other named Defendants:
    a. Inflated real estate appraisal;
    b. Failure to be provided with signed original mortgage documents and other closing documents;

      c.      Numerous mortgage rate changes without authorization;

      d.      Conflicting, ambiguous, and unauthorized rate changes;

      e.      Excessive fees;

      f.      Deceptive loan documents;

      g.      Rushed signing of documents;

      h.      Inducement of incorrect and/or misleading statements on financial statements and mortgage applications.

All amounting to predatory lending practices by Defendant "Ameriquest" and its agents, servants and employees.

**ANSWER:**    Defendant denies the allegations of Paragraph 15.

16.    Plaintiffs' home has been subjected to a mortgage foreclosure sale, and is now in a period of redemption which expires on April 11, 2007. If the redemption period is not extended. Plaintiffs will suffer irreparable harm, will incur additional costs and attorneys' fees all due to Defendants' actions (Plaintiffs' Exhibit F).

**ANSWER:**    **Exhibit F speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of this document. Defendant denies that this document constitutes the entire loan file and that the document constitutes the fully integrated loan agreement with Plaintiffs. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis denies those allegations.**

**COUNT I**
**VIOLATION OF TRUTH IN LENDING ACT**

17.    Plaintiffs hereby incorporate by reference paragraphs 1-12 of Common Allegations and paragraphs 13-28 of Facts Relating to Plaintiffs of Plaintiffs' Complaint as though fully restated herein.

**ANSWER:**    **Defendant incorporates its responses to Paragraphs 1 to 28.**

18.    This claim is against all Defendants.

- 5 -

**ANSWER:** **The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of their Complaint.**

19. In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or in three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> "except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so." (15 U.S.C. Section 1635(a)).

**ANSWER:** **This paragraph states a legal conclusion which Defendant is not required to admit or deny.**

20. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically the statute provides:

> "When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." (15 U.S.C. Section 1635(b))

**ANSWER:** **This paragraph states a legal conclusion which Defendant is not required to admit or deny.**

21. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically the statute provides:

> "The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his rights to rescind any transaction subject to this section." (15 U.S.C. Section 1635(a)).

**ANSWER:** **This paragraph states a legal conclusion which Defendant is not required to admit or deny.**

22. In connection with Plaintiffs' loan, Ameriquest failed to provide the required disclosures of the Plaintiffs' right to cancel within three days, in violation of 15 U.S.C. 1635, for the following reasons (without limitation):

　　a.　All of the notices of right to cancel and disclosure documents were dated as if the transaction had been consummated on June 8, 2005, when in fact it was consummated at an unknown date thereafter when the final disbursements were made known to Plaintiffs and they elected to proceed;

　　b.　The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

　　c.　The "one week" cancellation notice is misleading, as the period given is actually six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**ANSWER:** **Defendant denies the allegations of Paragraph 22.**

23. Plaintiffs claim herein that Defendants, "AMERIQUEST," and their assignee and their assignee and successor in interest. Deutsche Bank National Trust Company, engaged in a sales and marketing program which amounted to unfair trade practices as follows: representing that services provided by "AMERIQUEST" are of a particular standard, quality, or grade or are of a particular type, even if they are another, to wit: that Plaintiffs would receive a loan with a fixed interest rate, with a certain payment per month, on a third year fixed loan which turned out to be untrue, and was known by Defendants to be untrue at the time the representation was made; also, by failing to reveal material facts to Plaintiffs the omission of which tends to mislead or deceive the consumer Plaintiffs regarding the purported value of Plaintiffs' home pursuant to appraisal, the amount of the mortgage payment Plaintiffs would have to pay, and refusing to discuss and/or modify Plaintiffs' loan documents to fit the original proposal made to Plaintiffs: additionally, there are gross discrepancies between the oral representatives of Defendant "AMERIQUEST" representatives and the written agreement covering the same transaction and the intentional failure by "AMERIQUEST" to provide the promised benefits.

**ANSWER:** **Defendant denies the allegations of Paragraph 23.**

## COUNT II
## MORTGAGE BROKERS, LENDERS AND SERVICERS LICENSING ACT

24. Plaintiffs incorporate paragraphs 1-12 of Common Allegations, paragraphs 13-28of Facts Relating to Plaintiffs, and paragraphs 29-35 of Count I as though fully restated herein. This claim is against Ameriquest.

**ANSWER:** **Defendant incorporates its responses to Paragraph 1 to 35.**

25. Ameriquest engaged in fraud, deceit and material misrepresentation in violation of MCL 445.1672(b) by charging a Notary Fee of $400.00. (Plaintiffs' Exhibit G). This violates MCL 55.285, which provides:

> "The fee charged by a notary public for performing a notarial act shall not be more than $10.00 for any individual transaction or notarial act. A notary public shall either conspicuously display a sign or expressly advise a person concerning the fee amount to be

- 8 -

> charged for a notarial act before the notary public performs the act. Before the notary public commences to travel in order to perform a notarial act, the notary public and client may agree concerning a separate travel fee to be charged by the notary public for traveling to perform the notarial act."

**ANSWER:** **This paragraph states a legal conclusion which Defendant is not required to admit or deny.**

26. Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCLA 445.1672(b) by engaging in "bait and switch" practices through (A) promising Plaintiffs in writing that they would receive a fixed-rate loan and (B) then immediately before closing switching Plaintiffs to an adjustable rate loan.

**ANSWER:** **Defendant denies the allegations of Paragraph 26.**

27. Plaintiffs were induced to transact with Ameriquest by means of these representations.

**ANSWER:** **Defendant denies the allegations of Paragraph 27.**

28. Defendant Ameriquest made the representation in the course of trade and commerce.

**ANSWER:** **Defendant objects to the terms "trade and commerce" as vague. This paragraph states a legal conclusion which Defendant is not required to admit or deny.**

29. Defendant Ameriquest made the representation for the purpose of inducing reliance, in the form of the Plaintiffs transacting with Ameriquest.

**ANSWER:** **Defendant denies the allegations of Paragraph 29.**

30. Plaintiffs were injured by Ameriquest's misrepresentations.

**ANSWER:** **Defendant denies the allegations of Paragraph 30.**

## COUNT III
## RESCISSION OR REFORMATION

31. Plaintiffs hereby incorporate by reference paragraphs 1-12 of the Common Allegations, paragraphs 13-28 of Facts Relating to Plaintiffs, paragraphs 29-35 of Count I and paragraphs 36-42 of Count II of Plaintiffs' Complaint as though fully restated herein.

**ANSWER:** **Defendant incorporates its responses to Paragraph 1 to 42.**

32. Plaintiffs request that the Court grant Plaintiffs equitable relief in the nature of reformation and/or rescission of this contractual agreement based upon the misrepresentations and fraudulent practices of Defendants set out above and grant Plaintiffs such other relief as equity and justice may require, pursuant to statute and case law herein.

**ANSWER:** **Defendant denies the allegations of Paragraph 32.**

## COUNT IV
## FRAUDULENT MISREPRESENTATION

33. Plaintiff's hereby incorporate by reference paragraphs 1-12 of the Common Allegations, paragraphs 13-28 of Facts Relating to Plaintiffs, paragraphs 29-35 of Count I and paragraphs 36-42 of Count II, and paragraphs 43-44 of Count III of Plaintiffs' Complaint as though fully restated herein.

**ANSWER:** **Defendant incorporates its responses to Paragraph 1 to 44.**

34. Defendant "AMERIQUEST" made numerous material misrepresentations of fact to Plaintiffs knowing same to be false at the time they were made, specifically referring to the interest rate of Plaintiffs' loan and the other terms and conditions of the loan itself and the amount of the monthly payment that Plaintiffs would be required to pay.

**ANSWER:** **Defendant denies the allegations of Paragraph 34.**

35. These representations were false at the time that Defendants made them and Defendant "AMERIQUEST," knew the representations were false, or made them recklessly, without knowledge of their truth as a positive assertion. Further, the Defendant,

"AMERIQUEST," made the representations with the intention that the Plaintiffs would act upon them, Plaintiffs did act in reliance upon them by signing these documents and by attempting to make an exorbitant mortgage payment which they had not agreed to, and the Plaintiffs suffered damage as a result thereof, as is fully set out herein, including the fact that Defendant, "AMERIQUEST," has now placed Plaintiffs' home in foreclosure.

**ANSWER:** Defendant denies the allegations of Paragraph 35.

## COUNT V
## BREACH OF CONTRACT

36. Plaintiff's hereby incorporate by reference paragraphs 1-12 of the Common Allegations, paragraphs 13-28 of Facts Relating to Plaintiffs, paragraphs 29-35 of Count I and paragraphs 36-42 of Count II, paragraphs 43-44 of Count III, paragraphs 45-47 of Count IV of Plaintiffs' Complaint as though fully restated herein.

**ANSWER:** Defendant incorporates its responses to Paragraph 1 to 47.

37. Plaintiffs were promised by Defendant, "AMERIQUEST," that a refinancing agreement would be entered into by and between the parties and knowingly breached said agreement, causing damage and injury to Plaintiffs by tendering to Plaintiffs documents which materially differed and varied from the terms and conditions agreed to between Plaintiffs and "AMERIQUEST."

**ANSWER:** Defendant denies the allegations of Paragraph 37.

## COUNT VI
## COMMON LAW AND STATUTORY VIOLATIONS
## (MCLA 339.2635)

38. Plaintiff's hereby incorporate by reference paragraphs 1-12 of the Common Allegations, paragraphs 13-28 of Facts Relating to Plaintiffs, paragraphs 29-35 of Count I and paragraphs 36-42 of Count II, paragraphs 43-44 of Count III, paragraphs 45-47 of Count IV and paragraphs 48-49 of Count V of Plaintiffs' Complaint as though fully restated herein.

**ANSWER:** Defendant incorporates its responses to Paragraph 1 to 49.

BN 1346310v1

39. Michael C. Campbell failed to comply with the Uniform Standards Of Professional Appraisals and the applicable State of Michigan Occupational Code of Real Estate Appraisers as follows:

    a. He was employed by "AMERIQUEST" to render a certified real estate appraisal on the Plaintiffs' property for a pre-determined price;

    b. That he negligently prepared the appraised value of the Plaintiffs' property at $120,000.00;

    c. That the Certified Appraisal issued by Defendant, Campbell Appraisal Services, Inc. failed to estimate the true fair market value of the property;

    d. Failed to conduct a proper appraisal regarding the relevant property;

    e. Inflated the value of the borrowers' home in such a way that the Plaintiffs lost the equity that they had built up in their home when they refinanced;

    f. Inflated the value of the borrowers' home and overstated the appraised value of the home in order to facilitate a loan that Plaintiffs could not afford;

    g. Charged a fee for the appraisal that was grossly excessive;

    h. Mislead Plaintiffs as to the value of their home such that they thought they were more credit-worthy than they actually were.

**ANSWER:** Defendant denies the allegations of Paragraph 39.

40. That based upon information and belief "AMERIQUEST" and Michael C. Campbell conspired to inflate the Plaintiffs' home value in order for "AMERIQUEST" to successfully obtain a new loan for the Plaintiffs.

**ANSWER:** Defendant denies the allegations of Paragraph 40.

41. That the practice of the Defendants caused the Plaintiffs to ultimately be unable to afford the monthly mortgage payments causing a Foreclosure Sale of the home to occur on October 11, 2006, with the redemption period running on April 11, 2007.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 41, and on that basis denies those allegations.**

### AFFIRMATIVE DEFENSES

1. Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

- 14 -

11. Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12. Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

BN 1346310v1

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  September 6, 2007        By: /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## **CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 6th day of September 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Bernard E. LeSage