IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Joseph and Patricia Mikowski v. Ameriquest Mortgage Company, et. al.*; Case No. 06-CV-01737 (N.D. Ill.) | |

**DEFENDANT AMERIQUEST MORTGAGE SECURITIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant Ameriquest Mortgage Securities, Inc. ("Defendant"), by and through its attorneys, answers Plaintiffs Joseph and Patricia Mikowski's ("Plaintiffs") Amended Complaint as follows.

**INTRODUCTION**

1. Plaintiffs Joseph A. Mikowski and Patricia J. Mikowski bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of their Complaint.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

- 2 -

**ANSWER:** **Defendant admits that it has transacted business in this judicial district. The remaining allegations in this paragraph constitute a legal conclusion, which Defendant is not required to admit or deny.**

## PARTIES

3. Plaintiffs Joseph A. Mikowski and Patricia J. Mikowski are husband and wife. They own and reside in a home at 1206 Rumely Street, LaPorte, IN 46350.

**ANSWER:** **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.**

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Indiana. Its registered agent and office are National Registered Agents, 320 N. Meridian St., Indianapolis, IN 46204 or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Company has done business in Indiana, has previously maintained an office in Indiana and that its registered agent is National Registered Agents.**

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Company originates loans. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies the remaining allegations in Paragraph 5 of the Complaint.**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant admits to the allegations of Paragraph 6.**

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **The allegations in Paragraph 7 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

- 3 -

8. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Indiana. Its registered agent and office are National Registered Agents, 320 N. Meridian St., Indianapolis, IN 46204 or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant admits that AMC Mortgage Services, Inc. has done business in Indiana, and that its registered agent is National Registered Agents.**

9. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant admits that AMC Mortgage Services, Inc. services loans originated by Ameriquest Mortgage Company. Defendant denies the remaining allegations in Paragraph 9.**

10. Defendant Deutsche Bank National Trust Company ("Deutsche") is a foreign corporation with offices at 130 Liberty Street, New York, New York. It is engaged in the business of owning residential mortgages, and was identified by Ameriquest as the present holder of plaintiffs' loan.

**ANSWER:** **Defendant admits that Deutsche Bank National Trust Company, N.A. is a corporation, that it is incorporated in a state other than Illinois and that it does business in Illinois. Defendant does not object to service. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10. Defendant will provide Plaintiffs with the identity of the current owner of the loan once Defendant is able to confirm the identity.**

## FACTS RELATING TO PLAINTIFF

11. Prior to March 2, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant admits to the allegations in Paragraph 11.**

12. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

- 3 -

BN 1352021v1

**ANSWER:** **Defendants lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies those allegations.**

13. The loan was closed on March 2, 2005.

**ANSWER:** **Defendant admits to the allegations in Paragraph 13.**

14. Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A.

**ANSWER:** **Exhibit A speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of this document. Defendant denies that this document constitutes the entire loan file and that the document constitutes the fully integrated loan agreement with Plaintiffs. Defendants lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 14, and on that basis denies those allegations.**

15. Plaintiffs signed or received (not necessarily prior to consummation) the following documents relating to the loan:

    a. A note, Exhibit B.

    b. A mortgage, Exhibit C;

    c. A list of settlement charges, Exhibit D.

    d. A Truth in Lending disclosure statement, Exhibit E.

    e. Two different notices of right to cancel, Exhibits F and G;

**ANSWER:** **Exhibits B to G speak for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of these documents. Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 15, and on that basis denies those allegations.**

16. Exhibit F was not filled out.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies those allegations.**

17. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

- 4 -

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies those allegations.**

18. On information and belief, Deutsche Bank National Trust Company owns plaintiffs' loan.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 18, and on that basis denies those allegations.**

19. In the event Deutsche Bank National Trust Company does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), or there are other assignees of record, those entities are named as Does 1-5.

**ANSWER:** **Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies those allegations.**

### RIGHT TO RESCIND

20. Because the transaction was secured by plaintiffs home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a)** **Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (h) of this section, or delivery of all material disclosures, I fn 148 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest**

- 5 -

>in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act, [15 U.S.C. §1635(f)]
>
>**(4)** When were than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
>**(b)** <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>>**(1)** The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>>**(2)** The consumer's right to rescind the transaction.
>>
>>**(3)** How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>>
>>**(4)** The effects of rescission, as described in paragraph (d) of this section.
>>
>>**(5)** The date the rescission period expires. . . .
>
>**(f)** <u>Exempt transactions</u>. The right to rescind does not apply to the following:
>
>>**(1)** A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>>
>>**(2)** A credit plan in which a state agency is a creditor.

**ANSWER:** The allegations in Paragraph 20 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.

## GROUNDS FOR RESCISSION

21. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs right to cancel within three days.

**ANSWER:** Defendant denies the allegations of Paragraph 21.

22. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

- 6 -

**ANSWER:** **Defendant denies the allegations of Paragraph 22.**

23. Notice of rescission has been given to defendants. A copy is attached as Exhibit H.

**ANSWER:** **Exhibit H speaks for itself, and Defendant is not required to admit or deny Plaintiffs' characterization of this document.**

24. The loan has not been rescinded.

**ANSWER:** **Defendant admits the allegations of Paragraph 24.**

25. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **The allegations in Paragraph 25 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

26. 15 U.S.C. § 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **The allegations in Paragraph 26 of the Complaint constitute a legal conclusion, which Defendant is not required to admit or deny.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of

- 8 -

the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5. Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7. Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

8. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11. Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12. Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other

rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: September 6, 2007   By: /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 6th day of September 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Bernard E. LeSage

BN 1352021v1