

FILED
MAY 30 2007
5-30-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TROY and MELISSA MORGIDA, ) | No. |
| Plaintiffs, ) | 07CV3006 |
| vs. ) | JUDGE LEINENWEBER |
| AMERIQUEST MORTGAGE COMPANY, ) AMC MORTGAGE SERVICES, INC. ) and DEUTSCHE BANK NATIONAL TRUST ) COMPANY, ) | MAG. JUDGE DENLOW JURY TRIAL DEMAND |
| Defendants. ) | |

## COMPLAINT

### INTRODUCTION

1. Plaintiffs Troy and Melissa Morgida seek rescission of their mortgage transactions pursuant to 15 U.S.C. § 1635 and Massachusetts law. Plaintiffs also charge defendants with violation of Massachusetts law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest before Judge Aspen.

## PARTIES

4. Plaintiffs are home owners who refinanced their mortgages in transactions with Ameriquest Mortgage Company in 2003 and 2004.

5. Defendant Ameriquest Mortgage Company originated plaintiffs' mortgages in connection with those refinancing transactions and took security interests in plaintiffs' homes. Defendant AMC Mortgage Services, Inc. services plaintiffs' mortgage. Defendant Deutsche Bank National Trust Company owned and owns plaintiffs' mortgages.

## COUNT ONE – TRUTH IN LENDING ACT

6. Plaintiffs incorporates paragraphs one through five above.

7. Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act.

8. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first"). For borrowers in Massachusetts, the extended rescission period is four years.

9. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs are entitled to rescission of their mortgage transactions plus other relief.

## COUNT TWO – VIOLATION OF MASSACHUSETTS LAW

10. Plaintiff incorporates paragraphs one through nine above.

11. In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiffs intending to induce reliance. Ameriquest baited plaintiffs into a mortgage transaction by offering a relatively favorable set of terms and then switched to more expensive terms. More specifically, in or about May 2004, Ameriquest representative Carl Brozek spoke to

plaintiff Melissa Morgida on the telephone and promised a fixed rate mortgage with an interest rate between 5% and 6%. As it turned out, however, plaintiffs got an adjustable rate mortgage with an interest rate which could go as high as 12.990%.

12. Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under Massachusetts law.

13. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

14. Ameriquest's violation of plaintiffs' rights is part of a pattern and practice of illegal behavior by Ameriquest. Defendants AMC Mortgage Services and Deutsche Bank National Trust Company knowingly aided and abetted this illegal behavior by Ameriquest and are therefore also liable to plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

a. canceling defendants' security interest in plaintiffs' home and ordering defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

b. awarding plaintiffs actual damages proximately caused by defendants' failure to comply with 12 C.F.R. § 226.23(d)(2);

c. awarding appropriate statutory damages;

d. ordering defendants to pay costs, penalties, and attorneys fees;

e. awarding plaintiffs actual and punitive damages;

f. granting such other relief as the Court deems just and proper.

Respectfully submitted by:

_____
Counsel for the Plaintiffs

Daniel Harris, Esq.
Anthony Valach, Esq.
The Law Offices of Daniel Harris
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 960-1802

4