IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>———————————————————<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO PROPOUND ADDITIONAL INTERROGATORIES AND FOR 60-DAY EXTENSION OF DISCOVERY CUT-OFF DATE OR COURT ORDER OBLIGING CLASS PLAINTIFFS TO PROVIDE MEANINGFUL RESPONSES TO DEFENDANTS' PENDING DISCOVERY REQUESTS BY OCTOBER 1, 2007**

By this motion, Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc. and Town & Country Credit Corporation ("Moving Defendants") seek to obtain factual discovery to which the Court already has agreed they are entitled. As this Court is aware, Class Borrower Plaintiffs ("Class Plaintiffs") have filed a 79-page proposed first amended complaint ("Complaint"), on behalf of 84 named plaintiffs ("Named Plaintiffs"), which includes 466 separate paragraphs and 27 different counts and seeks to recover from seven corporate and two individual defendants. These factual allegations describe a massive and complex scheme by which the defendants allegedly defrauded the Class Plaintiffs. Yet, throughout the Complaint, Class Plaintiffs lump most of these defendants together—referring to them either as "Ameriquest" or the "Ameriquest entities"—without specifying how any single defendant's conduct was wrongful or led to the injuries for which the Class Plaintiffs seek to recover.[1] [Complaint ¶¶ 77-87.]

---

[1] The Complaint defines "Ameriquest" as "Ameriquest Mortgage Company…and its subsidiaries, affiliates and agents" or "AMC, ACC Capital Holdings Corporations, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., Town & Country Credit Corp., Argent Mortgage Co., LLC and Arnall." [Complaint ¶¶ 2, 84.] The Complaint defines "Ameriquest entities" as "AMC, ACC Capital Holdings Corporations, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., Town &

1

On April 23, 2007, after Judge Aspen was confronted with this pleading ambiguity, he ordered that Defendants would have "a full and fair opportunity to investigate [Class Plaintiffs'] claims through class and substantive discovery." [Docket No. 701.] Defendants' discovery, some of which has been pending since May 2007, simply requires Class Plaintiffs to specify which of their 466 paragraphs of allegations applies to which plaintiff and to which defendant. Instead of answering this factual discovery, Class Plaintiffs have refused to meet and confer about any objections, have refused to stipulate to allow Defendants more than 25 interrogatories, and have taken the position that it is premature to respond to any contention interrogatories. Class Plaintiffs' unreasonable positions have unfairly thwarted Defendants' reasonable efforts to conduct meaningful discovery to which they are entitled and which the Court ordered.

Defendants respectfully request that the Court (1) grant Defendants leave to propound 25 additional interrogatories in excess of the standard 25 allotted interrogatories per Defendant, and (2) either order a 60-day extension of the current discovery cut-off date, so as to allow the parties to meet and confer about Class Plaintiffs' objections,[2] or order Class Plaintiffs to provide meaningful responses to Defendants' pending contention interrogatories and other discovery requests by the agreed-upon date of October 1, 2007.

## I. PRELIMINARY STATEMENT

Moving Defendants have propounded basic interrogatories asking for facts supporting the allegations in Class Plaintiffs' Complaint and Class Plaintiffs' financial status. [Declaration of Bernard LeSage ("LeSage Declaration"), ¶ 2, Ex. A.] For example, Class Plaintiffs allege that, "[a]fter presenting new or different loan terms, if the borrower become aware of the changes," "Ameriquest" engages in "scare and pressure tactics to cause customers to proceed with the transaction." [Complaint ¶ 110.] Defendant ACC Capital Holdings Corporation ("ACCH") propounded the following interrogatory:

> For your contention that ACCH utilized "scare or pressure tactics" "to cause [YOU] to proceed with the transaction" despite being presented with "new or

---

Country Credit Corp., Argent Mortgage Co., LLC." [Complaint ¶ 85.] There are two defendants not in this definitions—JM Closing and Jonathan Means. [Complaint ¶ 86.]

[2] Historically, all discovery disagreements have been resolved without court intervention, but, with 84 class representative depositions to take place before the close of discovery, Defendants at least need Class Plaintiffs' contentions and contention-supporting documents before meaningful depositions can commence.

> different terms" or utilized any other alleged improper sales tactics for YOUR LOAN such as alleged in paragraphs 96 and 112 of the [original] COMPLAINT:
> (a) State any and all facts that support YOUR contention and that ACCH did the foregoing other than through acts or omissions of another DEFENDANT or any other PERSON;
> (b) IDENTIFY all COMMUNICATIONS upon which YOU rely in support of YOUR contention(s);
> (c) IDENTIFY all PERSONS having knowledge of the facts upon which YOU rely in support of YOUR contention(s); and
> (d) IDENTIFY all DOCUMENTS reflecting, referring to, or upon which YOU rely in support of YOUR contention(s).

[LeSage Decl., Ex. A (Defendant ACC Capital Holdings Corporation's Interrogatories (Set One) Propounded Upon Plaintiff Francis Adamowicz, Interrogatory No. 12.] Moving Defendants' first set of interrogatories seeks information about each particular plaintiff's claims and consists of 25 interrogatories. This same set was propounded by each of the Moving Defendants.

Another example of Moving Defendants' discovery is a simple question asking Class Plaintiffs to identify facts supporting allegations of unfair practices with respect to a particular defendant. Class Plaintiffs allege "Ameriquest's unfair practices allow Ameriquest to profit by leaving borrowers with a three-way Hobson's choice." [Complaint ¶ 10.] Defendant ACCH propounded the following interrogatory:

> IDENTIFY all facts, including all related DOCUMENTS, PERSONS having knowledge of such facts, and COMMUNICATIONS upon which YOU rely in support of YOUR contention that 'Ameriquest's unfair practices allow Ameriquest to profit by leaving borrowers with a three-way Hobson's choice' such as alleged in paragraph 10 of the COMPLAINT for YOUR contentions with respect to ACCH (other than through acts or omissions of another DEFENDANT or any other PERSON).

[LeSage Decl., Ex. A (Defendant ACC Capital Holdings Corporation's Interrogatories (Set Two) Propounded Upon Plaintiff George Barber, Interrogatory No. 13.] Moving Defendants' second set of interrogatories merely recites language from the Complaint and requests all facts, related documents, and the identification of persons with knowledge in the format illustrated above. Each Defendant propounded this same set of interrogatories. Although these have been propounded on each plaintiff, Set Two may be answered by Class-Plaintiffs collectively because none of these interrogatories seeks information particular to any specific plaintiff.

In early August 2007, Class Plaintiffs requested an extension to respond to all discovery until October 1, 2007. [*Id.* at ¶ 3, Ex. B.] Beyond their need for additional time to respond,

Class Plaintiffs represented that this extension would allow the parties time to resolve Class Plaintiffs' concerns about whether Moving Defendants could serve more than 25 interrogatories, whether basic contention interrogatories seeking all facts supporting Class Plaintiffs' allegations were "premature" before the close of discovery, and whether it was unduly burdensome for each Named Plaintiff to respond to identical sets of discovery from each of the Moving Defendants.[3] [LeSage Decl. ¶ 3, Ex. B.] In order to give the parties time to resolve these concerns, the defendants agreed to the extension, and the parties requested (and the Court entered) a 120-day discovery extension to March 7, 2008. [*Id.* at ¶ 5; Exs. D, E; Docket Nos. 1012, 1013.]

Now, Class Plaintiffs claim that Moving Defendants were mistaken in their belief that Class Plaintiffs would provide substantive responses to Defendants' discovery requests on October 1, 2007. Notwithstanding the six-week extension, Class Plaintiffs have recently confirmed that they plan to serve only objections and no substantive responses on October 1, 2007. [*Id.* at ¶ 7, Ex. F.] Class Plaintiffs have also rebuffed Moving Defendants' efforts to engage in meaningful discussions about the number and timing of discovery requests, claiming that such discussions would be "a poor use of the parties' time, as there will be nothing to discuss at this time on this subject." [*Id.* at ¶ 8, Ex. F.]

The October 1, 2007 deadline for Class Plaintiffs' responses is critical. According to the Court's Scheduling Order, the plaintiffs must file a motion for class certification in March 2008. As a result, Defendants intend to depose all 84 named plaintiffs in several different cities by the end of January 2008. Moving Defendants need substantive responses by October 1, 2007, so that they can review them and prepare for 84 depositions. If Class Plaintiffs are allowed to wait until October 1 to object—and the parties are forced to conduct meet-and-confers in October— Moving Defendants will be prejudiced in their ability to prepare for these depositions and to prepare to oppose class certification. [*Id.* at ¶ 6.]

Because Class Plaintiffs will not respond to Moving Defendants' interrogatories and other discovery requests or meaningfully engage in a meet-and-confer about the number and nature of these interrogatories, Moving Defendants ask for the Court's assistance.

---

[3] A summary of the discovery at issue with corresponding requests is attached as Exhibit C to the LeSage Declaration filed concurrently herewith.

## II. THE COURT SHOULD GRANT DEFENDANTS LEAVE TO PROPOUND MORE THAN 25 INTERROGATORIES

Class Plaintiffs have submitted a 79-page complaint with 466 paragraphs of allegations, many of which are stated generically against either "Ameriquest" or the "Ameriquest Entities." For instance, many of Class Plaintiffs' claims are that "Ameriquest" engages in "a uniform common plan and scheme to prey upon unsuspecting consumers," engages in "bait and switch tactics," "fail[s] to make statutory disclosures," and "misleads the borrowers into signing loan documents." [Complaint, ¶¶ 106, 107, 109, 111.]

Such generic pleading makes it difficult, if not impossible, for Moving Defendants to frame a defense. As the Seventh Circuit has made plain, the Federal Rules of Civil Procedure (particularly after the Supreme Court's recent decision in *General Atlantic v. Twombly*, 127 S. Ct. 1955 (2007)) do not "promote vagueness or reward deliberate obfuscation." *E.E.O.C. v. Concentra Health Services, Inc.*, 2007 WL 2215764, *6 (7th Cir. Aug. 3, 2007). As described in more detail in the Preliminary Statement, Moving Defendants have propounded these interrogatories in order to parse through the otherwise vague and obfuscatory allegations that "Ameriquest" or the "Ameriquest Entities" committed every allegedly wrongful act, without distinction amongst entities, against undifferentiated groups of plaintiffs.

In addition, although Class Plaintiffs seem to be prepared to complain about the number of interrogatories propounded to them, in reality, each Moving Defendant is seeking only 25 additional interrogatories. *See* Fed. R. Civ. P. 33 ("any party" may serve 25 interrogatories to "any other party" without leave of court). Furthermore, given the complexity of Class Plaintiffs' claims and the generic manner in which they have pleaded them, Moving Defendants' request for these additional interrogatories is perfectly reasonable and within the Court's discretion to allow. *See Portis v. City of Chicago*, 2005 WL 991995, *9 (N.D. Ill. April 14, 2005) (Nolan, J.) (within the Court's discretion to allow interrogatories over 25 in a "complex class action" with multiple plaintiffs).

## III. DEFENDANTS' CONTENTION INTERROGATORIES ARE NOT BURDENSOME, AND CLASS PLAINTIFFS SHOULD PROVIDE SUBSTANTIVE RESPONSES

Federal Rule of Civil Procedure 33(c) expressly provides that an interrogatory is not "objectionable merely because an answer to the interrogatory involves an opinion or contention."

5

Fed. R. Civ. P. 33(c); *see also Schaap v. Executive Industs., Inc.*, 130 F.R.D. 384, 388 (N.D. Ill. 1990) (ordering defendant to answer contention interrogatories to "ensure mutual access to all relevant facts"). Such interrogatories can further "one of the main goals of discovery," that is, "to clarify, narrow and sharpen the issues." *Id.* Indeed, courts have held that contention interrogatories are particularly appropriate in clarifying vague allegations included in a complaint. *See Sargent-Welch Scientific Co. v. Ventron Corp.*, 59 F.R.D. 500, 502 (N.D. Ill. 1973) ("An interrogatory which inquires into the facts upon which certain vague and general allegations of a complaint are founded and the claimed relationship between such facts is not objectionable on the ground that it calls for a legal conclusion."); *see also Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997) (ordering plaintiff to answer "straightforward 'factual' contention interrogatories," requesting the basis for allegations made in complaint, as "consistent with Rule 11…[which requires that] plaintiffs must have some factual basis for the allegations in their complaint….") (internal quotation omitted) (alteration in original). The notion that such interrogatories are premature at this stage of the litigation is unfounded, given that plaintiffs may supplement their responses as they learn additional facts. *See id.* at 651 ("concern in answering a contention interrogatory before discovery has been completed…is misplaced in that, among other things, the trial court may permit the withdrawal or amendment of an answer to an interrogatory").

  Defendants have propounded simple contention interrogatories to which Class Plaintiffs refuse to respond on the basis that such interrogatories are "premature" and that they are in excess of the standard 25 interrogatories. These plain contention interrogatories are in no way "premature." No party must wait until the close of discovery for the opposing party to state the facts supporting their claims. Even though discovery is ongoing, and, perhaps Class Plaintiffs may find additional facts to support their claims, Class Plaintiffs nevertheless have the duty to provide any facts known to date. Class Plaintiffs' lengthy complaint lumps together all of their allegations against all Defendants, including those Defendants that had nothing to do with loan origination. Defendants are entitled to substantive answers, so they may determine fundamental information. Which Defendant is being sued? By which Plaintiff? And upon what factual bases? There is nothing burdensome about these discovery requests. Judge Aspen ordered that Defendants would have "a full and fair opportunity to investigate [Class Plaintiffs'] claims through class and substantive discovery." [Docket No. 701.] Defendants respectfully request

6

that the Court enforce and remind Class Plaintiffs of their ordinary discovery obligations with regard to basic contention interrogatories, as well as Defendants' other pending discovery requests.

### IV. THE COURT SHOULD ORDER A 60-DAY EXTENSION OF THE CURRENT DISCOVERY CUT-OFF DATE OR ORDER CLASS PLAINTIFFS TO PROVIDE MEANINGFUL RESPONSES BY OCTOBER 1, 2007.

Once it became clear to Defendants that Class Plaintiffs did not intend to provide substantive responses to Defendants' discovery requests on October 1, Defendants asked Class Plaintiffs stipulate to any of the following remedies:

- Class Plaintiffs could serve objections in advance of the September 20, 2007 hearing before this Court, so that rulings on these objections could be obtained. The parties had previously agreed to attempt to resolve Class Plaintiffs' objections, so this suggestion was a reasonable attempt to address all objections in a timely manner and have the Court rule on any unresolved objections.

- Class Plaintiffs could dismiss the claims against any Defendant for which Class Plaintiffs were unable or unwilling to provide facts to supporting their allegations. The 79-page Complaint did not allege any specific allegations against any particular Defendant. Instead, all Defendants were collectively referred to as "Ameriquest," and all allegations referred to acts or omissions of "Ameriquest" even though Defendants are separate entities performing different business functions. The dismissal of those Defendants that were not involved in Class Plaintiffs' claims would significantly reduce any possible burden Class Plaintiffs may have in responding to discovery requests.

- Class Plaintiffs could stipulate to a 30- to 60-day extension of the discovery cut-off to allow the parties time to resolve any objections once Class Plaintiffs served their objections after October 1, 2007. This suggestion was intended to be a reasonable compromise to ensure that Defendants could complete necessary discovery, while providing Class Plaintiffs more than ample time to draft objections.

Class Plaintiffs rejected all of these suggestions. [LeSage Decl. ¶ 11.] Defendants respectfully request that the Court either order a 60-day extension of the current discovery cut-off date, so as to allow the parties to meet and confer about Class Plaintiffs' objections, or order Class Plaintiffs to provide meaningful responses to Defendants' pending contention interrogatories and other discovery requests by the agreed-upon date of October 1, 2007.

## V. CONCLUSION

Because Class Plaintiffs have refused to provide substantive responses to basic contention interrogatories, refused to stipulate to the allowance of more than 25 interrogatories, and refused to stipulate to an extension of the current discovery cut-off, Defendants respectfully request that the Court grant this Motion in its entirety and (1) grant Defendants leave to propound 25 additional interrogatories in excess of the standard 25 allotted interrogatories per Defendant, and (2) either order a 60-day extension of the current discovery cut-off date, so as to allow the parties to meet and confer about Class Plaintiffs' objections, or order Class Plaintiffs to provide meaningful responses to Defendants' pending contention interrogatories and other discovery requests by the agreed-upon date of October 1, 2007.

DATED: September 18, 2007  Respectfully submitted,

By: /s/ Bernard E. LeSage

*Attorneys for Defendants Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400