**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| _____ | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**BORROWER AND NON-BORROWER PLAINTIFFS' MOTION FOR ENTRY OF A DOCUMENT PRESERVATION ORDER**

Borrower and Non-Borrower Plaintiffs, ("Plaintiffs"), hereby request that this Court

compel the Defendants to preserve the following categories of documents:

1. All documents relevant to the account or claims of any named Plaintiff (or other individual who has rescinded a transaction pursuant to the TILA);

2. All documents related to any loan originated on or after January 1, 1998;

3. All documents responsive to a Request for Production duly served upon Ameriquest in any case now pending in the above referenced proceeding or being considered for transfer;

4. All documents that governed policies or procedures at Ameriquest at any time after September 1, 1998;

5. All documents that Ameriquest has produced to the state Attorneys General or in any class action or individual action against it relating to loan origination or servicing issues;

6. All electronic records, of any kind, in existence at any time during the period since January 1, 1998;

7. All documents including electronic files, of any kind related to:

   a. Audits and/or investigations of branches, loan brokers, realtors, appraisers, closing agents, agents or employees;

b.   Reports prepared concerning compliance or business controls, including, without limitation, documents prepared for monthly compliance and business controls meetings; and

c.   Complaints received from customers, employees or regulatory agencies.

8.   All electronic mail;

9.   All financial records for the period from 1996 to the present;

10.  All documents relating to investigations of complaints that Defendants assert or may assert are entitled to protection as privileged;

11.  All documents related to any transaction between any Defendant and Citigroup by which assets of any Defendant were transferred to Citigroup; and

12.  All documents related to any Defendants' process or processes for winding up its business, including, without limitation, any documents related to monies paid to employees, investors, or other third parties.

Plaintiffs further request that this Court order the Defendants to implement a document preservation scheme, whereby it drafts a memorandum, negotiated by the Defendants and Plaintiffs' Counsel and approved by this Court, that specifically overrides any document destruction policies presently in place and issues it to all the Defendants' employees. Attached hereto as Exhibit A is Plaintiffs' Proposed Order Regarding Preservation.

In support of their motion, Plaintiffs submit the accompanying memorandum of law and state the following:

1.   Ameriquest witnesses have testified during depositions that Ameriquest has recently removed relevant documents from various systems, has shut down certain systems containing relevant documents altogether, and has discontinued entire departments, such as its quality assurance department;

2

2.      According a recent news article[1], Ameriquest has closed its business and transferred some or all of its business to Citigroup, Inc. Ameriquest has refused to provide any information to Plaintiffs relating to any agreements made to preserve relevant documents in this transfer process. If no such agreements exist, there is a substantial risk that relevant documents will be inadvertently destroyed or lost;

3.      The parties are engaged in numerous discovery disputes relating to document production, including whether any preservation agreements between Ameriquest and Citigroup are discoverable. The time delay associated with resolving them creates a further risk that documents will be inadvertently destroyed, lost or rendered unusable;

4.      Ameriquest witnesses have further testified to ongoing employee layoffs and downsizing. These factors create a further risk that relevant documents will be inadvertently destroyed or lost;

5.      On September 11, 2007, Plaintiffs' counsel contacted Ameriquest's counsel by email requesting that Ameriquest voluntarily agree to enter into the proposed document protection scheme. Ameriquest has refused to enter into an agreement;

6.      Plaintiffs will suffer irreparable harm if a preservation order is not entered; and

7.      The relief requested here will not create an undue burden on either party.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order compelling the Defendants to preserve the categories of documents herein described and to implement the requested document preservation scheme.

---

[1] Jonathan Stempel, *Ameriquest Closes, Citigroup Buys Mortgage Assets*, Reuters, Aug. 31, 2007, *available at* http://www.reuters.com/articlePrint?articleId=USN3128419320070831.

Respectfully submitted,

/s/ Kelly M. Dermody
    Kelly M. Dermody

Kelly M. Dermody (CA Bar No. 171716)
Caryn Becker (CA Bar No. 196947)
LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

/s/ Gary Klein
    Gary Klein

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: (617) 357-5500 ext. 15
Facsimile: (617) 357-5030

/s/ Jill Bowman
    Jill Bowman

Jill Bowman
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

/s/ Marvin A. Miller
    Marvin A. Miller

Marvin A. Miller
MILLER LAW LLC
101 North Wacker Drive, Ste. 2010
Chicago, IL 60606
Telephone: (312) 525-8316
Facsimile: (312) 525-8231

*Plaintiffs' Liaison Counsel*

Date: September 18, 2007

4

**PROOF OF SERVICE**

I, Gary Klein, hereby certify that on this 18th day of September 2007, a true and correct copy of the following document was filed electronically:

1. **BORROWER AND NON-BORROWER PLAINTIFFS' MOTION FOR ENTRY OF A DOCUMENT PRESERVATION ORDER, with memorandum in support and proposed order**

Notice of filing was sent by electronic mail to all Filing Users by operation of the Court's electronic filing system. Parties may access this filing through the ECF system.

I further certify that on September 18, 2007, a true and correct copy of this Proof of Service was filed electronically with the Court.

/s/ Gary Klein
Gary Klein