IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

## ORDER FOR DOCUMENT PRESERVATION

This cause comes on to be heard on Plaintiffs' Motion for Entry of A Document Preservation Order and the Court having heard the arguments of counsel and being fully advised;

IT IS ORDERED that the Defendants preserve and retain documents in the following categories:

1. All documents relevant to the account or claims of any named Plaintiff (or other individual who has rescinded a transaction pursuant to the TILA);

2. All documents related to any loan originated on or after January 1, 1998;

3. All documents responsive to a Request for Production duly served upon Ameriquest in any case now pending in the above referenced proceeding or being considered for transfer;

4. All documents that governed policies or procedures at Ameriquest at any time after September 1, 1998;

5. All documents that Ameriquest has produced to the state Attorneys General or in any class action or individual action against it relating to loan origination or servicing issues;

6. All electronic records, of any kind, in existence at any time during the period since January 1, 1998;

7. All documents including electronic files, of any kind related to:

      a. Audits and/or investigations of branches, loan brokers, realtors, appraisers, closing agents, agents or employees;

      b. Reports prepared concerning compliance or business controls, including, without limitation, documents prepared for monthly compliance and business controls meetings; and

      c. Complaints received from customers, employees or regulatory agencies.

8. All electronic mail;

9. All financial records for the period from 1996 to the present;

10. All documents relating to investigations of complaints that Defendants assert or may assert are entitled to protection as privileged;

11. All documents related to any transaction between any Defendant and Citigroup by which assets of any Defendant were transferred to Citigroup; and

12. All documents related to any Defendants' process or processes for winding up its business, including, without limitation, any documents related to monies paid to employees, investors, or other third parties.

The Defendants shall immediately implement this order by a memorandum to its employees and active contractors that specifically overrides any document destruction policies the Defendants presently have in place and shall certify compliance to the Court within ten days. This order shall remain in place until this matter is fully resolved by final order absent a superceding order of the Court.

                                                              _____
                                                              MORTON DENLOW
                                                              United States Magistrate Judge

Date: