**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| _____ | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF A DOCUMENT PRESERVATION ORDER**

Plaintiffs' Motion for Entry of a Document Preservation Order should be denied because there is no need or basis for the entry of such an order.

There is no dispute, nor has there ever been one in this case, that Defendants are under a preservation obligation. In fact, there is already a preservation agreement in place with which the Defendants are fully complying.

**I.      JUDGE ASPEN HAS REFUSED TO ENTER A PRESERVATION ORDER**

Judge Aspen has already denied a preservation order that Plaintiffs sought based on unsupported claims of a similar kind of "emergency."

In September 2006, Plaintiffs moved for the entry of a preservation order that would have included many of the same categories of material that are addressed in the order they seek now, for a second time. In their previous motion, Plaintiffs claimed that there was an emergency, namely the supposed "*high likelihood that the evidence sought to be preserved here will be inadvertently destroyed or lost absent a preservation order…,*"[1] basing that contention on the

---

[1] Memorandum In Support of Cooperating Plaintiffs' Motion for Entry of a Document Preservation Order at p. 4. [Docket No. 237 (emphasis added).]

then recent closure of 229 branch offices and the layoff of more than 3,800 employees. The motion was fully briefed, and, on December 20, 2006, Judge Aspen denied the motion.

Nothing relevant to preservation has changed since.

## II.   THERE IS NO BASIS FOR A PRESERVATION ORDER

The fact that certain assets of certain of the Defendants have been sold changes nothing because the Defendants still exist and are under the same preservation obligations that they have always been under, with which they have always complied.

There is no reason to suspect that Defendants have failed or will fail to preserve electronic documents. Therefore, there is no factual basis supporting the entry of a preservation order. To the contrary, the fact that Defendants have produced to date more than 263,000 pages of documents, plus DVDs and CDs, shows that evidence is not being lost.

Notably, the deposition excerpts provided in Plaintiffs' brief are all hedged with qualifiers such as "may have been" or "may no longer." Similarly, the fact that some deponents have testified that certain systems no longer are used does not contradict the fact the material that should be preserved is being preserved. To leave no room for doubt about this, Defendants will provide a declaration confirming that they have been complying with their preservation obligations.

## III.   THERE IS ALREADY A PRESERVATION AGREEMENT IN PLACE

The parties already have a preservation agreement in place. In September 2006, Defendants agreed that they would be complying with their preservation obligations, and the parties reached an agreement regarding preservation that included assurances that "Defendants would preserve all documents responsive to any by document request previously served on the Defendants in any cases in the MDL or under consideration for transfer."

Since then, these assurances have been supplemented by the service of the Borrower and Non-Borrower Rule 34 Requests which further protect all relevant documents.

A preservation order is similar to an order granting injunctive relief. *Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433 (W.D. Pa. 2004) "[T]he issuance of a preservation order is by no means automatic, even in a complex case." *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 369-370 (S.D.N.Y. 2006) (citation omitted). A party seeking a

preservation order must do more than demonstrate that the other party possesses relevant evidence.

Courts within the Northern District of Illinois have refused to enter preservation orders when there is no showing that, absent the order, the documents will be destroyed. *In re African-American Slave Descendants*, 2003 WL 24085346, at *2 (N.D. Ill. 2003). As explained above, there are no facts suggesting that documents will be destroyed, and all of the facts point in the opposite direction.

Even if there were some basis for the entry of a preservation order, which there is not, the form proposed is overbroad and ambiguous to such an extent that it should not be approved by the Court.

## IV. THE PROPOSED FORM OF ORDER IS OVERBROAD

The form of order makes no effort to limit preservation to relevant and potentially relevant categories of documents. For example, categories 6 and 8 ask for the following:

> 6. All electronic records, of any kind, in existence at any time during the period at issue in this litigation. [Plaintiffs contend that it is 1998 to the present]
> 8. All electronic email.

These categories would require the preservation of every document that Defendants have in electronic format, no matter how irrelevant to this case the documents are. In effect, the proposed order would compel Defendants to incur the cost of serving as an electronic warehouse for documents that never will play a part in this case. This would be an unfair burden, particularly since all potentially relevant documents are being preserved, and there are no facts to the contrary.

With respect to email, the proposed order states that email shall be "preserved and maintained," but this ignores the intricacies of preserving the metadata that is part of every email and misstates the legal standards that apply, standards with which Defendants are complying.

## V. THE PROPOSED FORM OF ORDER IS AMBIGUOUS AND UNCERTAIN

No order should place a party in peril of violating it based on a good faith interpretation of ambiguous language. But the proposed form of order would do exactly that.

BN 1382720v1

Category 9 includes "[a]ll financial records for the period of time 1996 to the present." Obviously, the phrase "financial records" in category 9 has multiple meanings. In addition, Category 9 does not even specify whose financial records are being referenced.

In their brief, on page 1 at footnote 1, Plaintiffs claim any ambiguities pointed out to them in a meet-and-confer process have been clarified, but this is not true. The ambiguities discussed above were the subject of meet-and-confer correspondence, but Plaintiffs have retained the very same ambiguities in the form of order submitted with their Motion.

## VI. CONCLUSION

For all the reasons set forth above, Plaintiffs' Motion should be denied.

DATED: September 18, 2007                    Respectfully submitted,

By: /s/ Bernard E. LeSage

*Attorneys for Defendants Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

4

5

**CERTIFICATE OF SERVICE**

      I, Bernard E. LeSage, hereby certify that on this 18th day of September 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By: /s/ Bernard E. LeSage

BN 1382720v1