IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |
| | Magistrate Judge Morton Denlow |

**BORROWER AND NON-BORROWER PLAINTIFFS' JOINT STATUS REPORT**

Lead Class Counsel for the Borrower and Non-Borrower classes ("Plaintiffs") jointly submit the following status report as a supplement to their previously submitted status report dated August 14, 2007 [Docket No. 1009] in advance of the September 20, 2007 status conference before Magistrate Judge Denlow.

**I.     CASE STATUS**

On August 16, 2007, Magistrate Judge Denlow conducted a status conference during which he heard the parties' positions relating to certain procedural and discovery related issues. The following matters were resolved at the status conference or shortly thereafter:

**A.     Stipulation Regarding Amended Scheduling Order [Docket No. 1013].**

Magistrate Judge Denlow entered the parties' Stipulation relating to the Amended Scheduling Order. All fact and expert discovery shall be completed by March 7, 2008.

728943.2

B. **Motion For A Protective Order Precluding the Deposition of Dawn Arnall [Docket No. 1006].**

Magistrate Judge Denlow granted Defendants' motion for a protective order precluding the deposition of Dawn Arnall without prejudice to Plaintiffs later seeking to depose Dawn Arnall for good cause shown. [Docket No. 1012.]

II. **PENDING MATTERS**

The following motions and discovery issues are presently pending:

A. **Plaintiffs' Motion For Entry of a Document Preservation Order [Docket No. 1106].**

On September 18, 2007, Plaintiffs filed a motion for entry of a document preservation order requiring Defendants to preserve 12 material categories of documents and to override or amend Defendants' existing document preservation policies to effectuate such a litigation hold. Although the Court denied Plaintiffs' previous document preservation motion [Docket No. 342], recent events have necessitated a renewed motion and now compel a different result. In particular, Defendants' corporate designees have recently testified that Ameriquest has shut down systems containing documents relevant to this case and that certain relevant documents may have been lost or destroyed.[1] [Docket No. 1107.] Further, despite requests from Plaintiffs' counsel, Defendants have refused to provide any information as to whether they have

---

[1] Defendants have also been shutting down operations. For example, Ameriquest has discontinued the Quality Assurance Department that conducted compliance audits in areas of loan origination and loan servicing. More recently, Ameriquest may have closed down all facets of its operations following sale of various assets to Citigroup, Inc. ("Citigroup"). Citigroup has agreed to buy the wholesale mortgage lending and payment collection assets of Ameriquest's parent, ACC Capital Holdings, and has purchased the assets of Argent Mortgage Company.

2

728943.2

implemented necessary document preservation procedures to protect relevant documents, even though Defendants are in the process of transferring operations to Citigroup.[2]

      **B.**    **Plaintiffs' Motion to Sever Pursuant to Fed. R. Civ. P. 21 or, Alternatively, to Order Separate Trials Pursuant to Fed. R. Civ. P. 42(b) of Defendants' Consolidated Third-Party Complaints [Docket No. 1049].**

On September 5, 2007, Plaintiffs filed a motion to sever pursuant to Fed. R. Civ. P. 21 or, alternatively, to order separate trials pursuant to Fed. R. Civ. P. 42(b) of Defendants' consolidated third-party complaints [Docket No. 1049]. Defendants have filed numerous third-party actions against hundreds of title companies and others. These third-party claims, even if successful, do not have any relation to the claims alleged in Plaintiffs' consolidated amended class action complaint. The claims alleged by Plaintiffs and the claims alleged in the third-party complaints can be resolved independently such that Defendants' liability to the proposed class can be determined regardless of the outcome of Defendants' third-party actions for indemnification, contribution, and other claims. Defendants have not yet responded to this motion.

      **C.**    **Plaintiffs' Motion for Leave to File First Amended Class Action Complaint [Docket No. 835].**

On June 18, 2007, Plaintiffs filed a motion for leave to file a first amended class action complaint that would join Roland Arnall as a defendant in this action. This Court has previously

---

[2] While Defendants have claimed that they are voluntarily preserving "relevant" documents, they have taken the position that (to name a couple of examples) not even the *names* of their board of directors or the work of their compliance committees meet the broad relevance standard. Thus, their limited assurances raise rather than allay Plaintiffs' concerns. Defendants have also claimed that the preservation is onerous, despite the fact that most of the material that Plaintiffs seek to have preserved consists of electronic files.

approved the briefing schedule to which the parties stipulated [Docket No. 896], and briefing will be complete by no later than November 2, 2007. The motion is still pending.

### D. Discovery Matters.

Plaintiffs' counsel have been diligently pursuing discovery and seeking to complete the meet and confer process about numerous discovery issues. A number of the issues in dispute are time sensitive, as they relate to key discovery necessary for all phases of discovery and/or are immediately necessary for imminent depositions. Plaintiffs respectfully seek guidance from the Court either to resolve these disputes or to set a deadline by which Defendants must be required to complete the meet and confer.

Although the topics are distinct and warrant individual discussion, the factual backdrop of many of these issues is consistent: well after the lawsuits forming the instant MDL were filed, Defendants chose to shut down or take off-line various documents, databases, and systems that comprise or contain key relevant documents, thus unnecessarily making documents unavailable and concocting burden issues where none should exist. Further, Defendants have taken a view of relevance so narrow that it even excludes the work of their own compliance committees, the names of their Board of Directors, and corporate financial information, among other categories.

#### 1. Corporate Financial Documents, Including but not Limited to Documents Regarding the Citigroup Transaction.

Plaintiffs have propounded various discovery requests seeking relevant financial information and documents regarding Citigroup's asset purchases of Defendants. After initially refusing to produce any such data, Defendants have now taken the position that they will only make *part* of this information available, on a limited *inspection only basis*, at their San Francisco defense counsel's office, and to be viewed by Plaintiffs' counsel who will only be permitted to

4

728943.2

take notes about the documents. Although Plaintiffs are entitled to all of these relevant documents, and although the existing protective order provides ample protection from their public disclosure, Plaintiffs have attempted to negotiate a compromise in a final attempt to reach a collaborative solution. Specifically, Plaintiffs proposed that the documents be produced under a modified version of the Protective Order: Defendants would produce the documents just like any other set of documents in the case, but the list of persons authorized to view the documents would be further limited to exclude access to the documents by the named Plaintiffs themselves. This would allow Plaintiffs' counsel, experts, the Court, and necessary witnesses to review the documents. Defendants have so far refused this offer, and Plaintiffs respectfully seek a ruling that the documents should be produced.

        **2.**    **Internal Audits.**

During the relevant time period, Defendants conducted compliance and other audits of each department with responsibility for loan origination and servicing. These audits were conducted by a special Quality Assurance Department (recently disbanded) and by personnel in the Enterprise Risk Management group, and possibly others. Defendants have refused to produce the audits and the related audit documents. These documents are plainly relevant and, based on the testimony of corporate designees, are centrally located on electronic share drives. Plaintiffs respectfully submit the audit documents should be produced immediately.

        **3.**    **Customer and Whistleblower Complaints.**

Defendants, based on purported privacy concerns, have also refused to produce complaints from customers and internal whistle-blowers. Although Plaintiffs have made clear that they are willing to work cooperatively to ensure that the privacy of personal financial information in these documents is maintained, Defendants have not responded to Plaintiffs'

attempts to move this process forward. These documents are patently relevant and discoverable. In addition, information regarding these potential witnesses should be produced pursuant to Fed. R. Civ. Proc. 26(a). Plaintiffs respectfully submit the complaint and whistle-blower documents should be produced immediately.

### 4. E-Mails.

Plaintiffs have made extensive efforts to work cooperatively with Defendants to ensure that Plaintiffs' request for e-mail discovery is narrowly-tailored. Although a much larger universe of e-mail is relevant, especially given the testimony from Defendants' witnesses about the centrality of e-mail as a form of internal communication at their companies, Plaintiffs have offered to accept e-mails limited by topic, and e-mails to and from certain specified individuals only.

Although Defendants chose to take their e-mail tapes off-line *after* the commencement of the litigation, they now assert that *Plaintiffs* need to expend substantial funds retrieving e-mail tapes that they have improperly made unavailable. They also claim the purported cost of such retrieval (even of the narrow universe of documents sought by Plaintiffs) exceeds one million dollars. Plaintiffs respectfully submit that Defendants may not contrive to make discovery "unavailable" and then attempt to shift costs to Plaintiffs.

Plaintiffs also have information that Ameriquest has already isolated and produced substantial amounts of relevant e-mails in connection with the Attorney General investigation. At a minimum, these e-mails need not be "retrieved" from back-up tapes and can be produced expeditiously. Plaintiffs intend to seek an additional meet and confer on the broader issues

involving e-mail and to seek assistance from the Court if Ameriquest refuses to produce relevant electronic mail.

### E. Attorney Generals' Settlement.

Monday, September 10, was the last day by which Ameriquest borrowers could postmark release forms pursuant to, and therefore recover under, Defendant Ameriquest Mortgage Company's settlement with the State Attorney Generals ("AG Settlement").[3] Plaintiffs' understanding is that over 30% of eligible borrowers (over 150,000 people) chose *not* to release their claims in order to obtain redress from the AG settlement. Because the putative class here is broader than the class covered by the AG Settlement and because the putative class also covers loans originated by Argent Mortgage Company, Plaintiffs believe that more than 350,000 homeowners and former homeowners remain in the putative class. Plaintiffs respectfully request that the Court order that Defendants update the parties and the Court on the number and percentage of Ameriquest and Argent borrowers in the class period who retain claims either because they chose not to recover pursuant to the settlement or were not eligible to do so.

### F. Defendants' Motion for Leave to Propound Additional Interrogatories and for a 60 Day Extension of Discovery Cut-Off Date or Court Order Obliging Class Plaintiffs to Provide Meaningful Responses to Defendants' Pending Discovery Requests by October 1, 2007 [Docket 1104].

Defendants have served more than 10,000 interrogatories and more than 10,000 document requests, including several thousand contention interrogatories. To respond, Plaintiffs' Lead Counsel is required to coordinate with more than 80 plaintiffs and 40 law firms.

In August, the parties agreed that Plaintiffs would respond to Defendants' discovery requests on October 1, 2007 and that Plaintiffs would retain all objections until their proposed

---

[3] *See* http://www.ameriquestmultistatesettlement.com/.

7

728943.2

deadline. Despite this agreement, Defendants have now filed a preemptive motion to compel responses even before reviewing the responses that Plaintiffs intend to serve on October 1. This motion is abusive and should be denied for the following reasons:

- Defendants not only agreed to the October 1, 2007 extension, but made express provision that objections would be preserved until that date.

- Although Plaintiffs served Requests for Production of Documents in January, 2007 and Rule 30(b)(6) deposition notices in February, 2007, Defendants did not produce documents or witnesses until approximately five months later and still have not yet completed their document production or produced all witnesses to complete the Rule 30(b)(6) examinations. On September 18, 2007, nearly nine months after the Requests for Production were served and just three business days before a key Rule 30(b)(6) deposition, Defendant Argent first produced two additional disks of highly relevant documents together with a letter stating that additional documents were to be produced on a "rolling basis." Indeed, Defendants produced no documents on a timely basis, and have repeatedly agreed to complete production by various dates without honoring those agreements. Most recently, the Defendants agreed to complete production no later than August 28, 2007, but failed to do so.

- Plaintiffs have not completed formulating their responses and objections and so cannot yet evaluate their positions on various issues raised in Ameriquest's preemptive motion. Plaintiffs are more than willing to meet and confer with Defendants about Plaintiffs' responses and objections after they are completed.

728943.2

8

- Plaintiffs agreed to extend the discovery deadline in this matter, despite urgent pressures including pending foreclosures and interest resets on highly abusive loans, specifically for the purpose of allowing the Defendants sufficient time to produce necessary discovery and obtain their discovery and Plaintiff depositions.

- Defendants continue to serve discovery on a regular basis such that any compromises previously reached did not anticipate this moving target; and

- Plaintiffs need at least until October 1 (ten days after the date of the status conference) to coordinate with all Plaintiffs' counsel to produce appropriate responses and objections. Indeed, in light of the volume of Defendants' requests and the confusing piecemeal manner in which those requests were served, Plaintiffs reserve the right to request additional time from the Court.

### G. **Production of Documents.**

Plaintiffs are still awaiting the production of a substantial number of additional documents, including those highlighted above. The parties have held numerous Rule 37 conferences regarding document production, and Plaintiffs anticipate that they may need to file motions to compel on a number of issues.

### H. **Depositions.**

In July, Plaintiffs began taking depositions pursuant to Fed. R. Civ. P. 30(b)(6). The parties have agreed to additional dates (September 19, 24-28 and the week of October 3, 2007) within which to continue Plaintiffs' 30(b)(6) depositions. Plaintiffs do not believe that the Rule 30(b)(6) depositions will be completed within that time frame and reserve the right to depose additional witnesses in light of ongoing discovery.

Respectfully submitted,

| | |
|---|---|
| */s/ Kelly M. Dermody* | */s/ Gary Klein* |
| Kelly M. Dermody | Gary Klein |

| | |
|---|---|
| Kelly M. Dermody (CA Bar No. 171716) | Gary Klein |
| Caryn Becker (CA Bar No. 196947) | Elizabeth Ryan |
| LIEFF, CABRASER, HEIMANN | Shennan Kavanagh |
|   & BERNSTEIN, LLP | RODDY KLEIN & RYAN |
| 275 Battery Street, 30th Floor | 727 Atlantic Avenue |
| San Francisco, CA  94111-3339 | Boston, MA   02111-2810 |
| Telephone:  (415) 956-1000 | Telephone:  (617) 357-5500 ext. 15 |
| Facsimile:   (415) 956-1008 | Facsimile:   (617) 357-5030 |

     */s/ Jill Bowman*
       Jill Bowman

Jill Bowman
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile:  (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

     */s/ Marvin A. Miller*
       Marvin A. Miller

Marvin A. Miller
MILLER LAW LLC
101 North Wacker Drive, Ste. 2010
Chicago, IL  60606
Telephone:  (312) 525-8316
Facsimile:   (312) 525-8231

*Plaintiffs' Liaison Counsel*

Dated: September 18, 2007

<u>CERTIFICATE OF SERVICE</u>

I, Rachel Geman, hereby certify that on this 18th day of August, 2007, the foregoing document was filed electronically. Notice of filing was sent to all Filing Users by the Court's ECF system. Filing users may access this document electronically through the Court's ECF system.

/s/ Rachel Geman
Rachel Geman

728943.2

11