UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) | |
| ) | No. 05-CV-7097 |
| RE *SKANES V. AMERIQUEST MORTGAGE* ) <br> *COMPANY, ET AL.* ) <br> ) <br> ) | No. 06-CV-6765 |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. §§ 1367(a) and (b), defendant Douglas Trevino now moves to dismiss Counts II and III of plaintiff Barbara Skanes' Amended Complaint. Trevino contends that we lack supplemental jurisdiction over Counts II and III, which allege a violation of the Michigan Mortgage Brokers, Lenders and Services Lending Act and a civil conspiracy claim, respectively. Trevino argues that these state law claims do not share a common nucleus of operative facts with Count I, Skanes' claim under the federal Truth In Lending Act, 15 U.S.C. § 1601, *et seq.* Trevino further asks that, should we find we have supplemental jurisdiction over the state law claims, we exercise our statutory discretion to abstain from hearing those claims in this proceeding.

Skanes replies that her state law claims, which are based on an alleged conspiracy to inflate the appraisal of her home, are inextricably intertwined with her TILA claim, as the

1

resolution of her state law claims would significantly impact her relief should she prevail on her TILA claim.

We deny Trevino's motion. We find that: a) there is a sufficient nexus between Skanes' state law claims and her TILA claim to support supplemental jurisdiction; and b) the discretionary factors set forth in § 1367(b) do not weigh in favor of a decision to decline to exercise supplemental jurisdiction.

## I. BACKGROUND

In her Amended Complaint, Skanes alleges that in April 2004, she consummated a mortgage transaction with Ameriquest. (Am. Compl. ¶¶ 16, 23) Shortly before the close of the transaction, Ameriquest ordered from co-defendant Homestead Appraisal of Rockford a property appraisal of Skanes' future home. (*Id.* at ¶ 18) Homestead, through its agent Trevino, performed the appraisal and prepared a written appraisal report on or about March 20, 2004. (*Id.* at ¶ 19) Trevino reported that the appraised value of Skanes' home was $163,000. (*Id.* at ¶ 20)

Skanes alleges that the "true value" of her home was much less than the amount reflected in Trevino's report. She alleges that the value at the time of the appraisal was actually $130,000-135,000, and that Trevino and Homestead "substantially and artificially inflated" her home's value. (*Id*. at ¶¶ 21-22) The reason for this inflation, Skanes contends, was to increase the loan amount for which she could qualify and thereby increase Ameriquest's potential profit. (*Id.* at ¶ 22) In April 2006, Skanes' adjustable mortgage rate apparently began to rise. (*Id.* at ¶ 26) Skanes' attempts to refinance her mortgage were unsuccessful because, she alleges, her inflated loan amount exceeded the actual value of her home. (*Id.*)

In Count II of the Amended Complaint (Skanes incorporates all factual allegations into each of her three counts), Skanes states that: a) defendants "misrepresented the value of [her] property"; b) she was "induced to proceed with the loan by means of this misrepresentation; c) she "would not have taken out the loan if she had reason to know that the appraisal was inflated; and d) she suffered damages in the form of both the excess points, fees, and interest she was charged, and through the fact that she has been unable to refinance out of her allegedly inflated loan-to-value mortgage transaction. (*Id.* at ¶¶ 46-49) In Count III, Skanes alleges that Ameriquest, Homestead, and Trevino conspired to misrepresent, conceal, and suppress the true market value of her home, causing her to enter a mortgage transaction based on an inflated appraisal value. (*Id.* at ¶¶ 53-56)

In Count I, her TILA claim, Skanes further states that at the time of her closing, Ameriquest provided her with improper and misleading disclosures of her right to cancel her mortgage. Ameriquest's disclosures, she alleges, triggered an extended right for her to later rescind her mortgage. (*Id.* at ¶ 37) However, Ameriquest has not responded to her attempts to rescind her mortgage. (*Id.* at ¶¶ 40-41) Accordingly, Skanes now requests that we void her mortgage and award any applicable statutory damages. (*Id.* at ¶ 43) In addition, Skanes requests that we enter a "judgment declaring what obligation, if any, plaintiff has toward each defendant [following rescission], *taking into account the challenge for plaintiff's tender due to the inflated appraised value.*" (*Id.*) (emphasis added)

## II. ANALYSIS

### a. § 1367(a) Supplemental Jurisdiction

28 U.S.C. § 1367 provides that in any action in which we already have jurisdiction over some federal claim, we also have supplemental jurisdiction over state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The seminal Supreme Court case interpreting § 1367, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, provided that the federal and state claims "must derive from a common nucleus of operative fact," such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." A loose factual connection may be sufficient to confer supplemental jurisdiction, so long as those facts are both common and operative. *See Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). To determine whether the federal and state law claims are connected by common and operative facts, "[c]ourts routinely compare the facts necessary to prove the elements of the federal claim with those necessary to the success of the state claim." *Angsten v. Blameuser*, No. 05-CV-4254, 2005 WL 3095513, at *3 (N.D. Ill. Nov. 16, 2005). We also may ask "whether the state claims can be resolved or dismissed without affecting the federal claims." *Microthin.com, Inc. v. Siliconezone USA, LLC*, No. 06-CV-1522, 2006 WL 3302825, at *3 (N.D. Ill. Nov. 14, 2006).

Here, Skanes explicitly connected her federal and state claims, such that we cannot now conclude that her state claims could be dismissed or resolved without affecting her TILA claim. As set forth in the Amended Complaint, the facts underlying her state and federal claims combine to tell one story: Skanes did not fully know of her right to cancel her mortgage at its

4

outset; because that mortgage was overstated, she paid too much during the life of her loan; and – also because of the overstatement – she has not been able to refinance the mortgage. Alleging a TILA disclosure violation, Skanes now wishes to void her allegedly overstated mortgage. In doing so, Skanes expressly links her TILA prayer for relief to her state claims. Skanes seeks a judgment voiding her mortgage and a judgment declaring what, if any, payment obligation exists after taking into account Skanes' state law challenge to her home appraisal. (Am. Compl. at ¶ 43)

We find this connection operative: if we dismiss Counts II and III, we may be unable to grant the full measure of relief Skanes seeks in Count I: if she is entitled to rescission, and she is correct that her home value was over-appraised, then she may be (or may not be – we do not intend to decide that issue here) entitled to reduce the post-TILA judgment tender amount in light of the over-appraisal. *See In re White*, No. 01-BR-23966, 2007 WL 2192395, at *3 (Bankr. D. Kan., Feb. 9, 2007) (court offset tender amount by damages not related to TILA violations); *In re Armstrong*, 288 B.R. 404, 417-18 (Bankr. E.D. Pa., 2003) (costs of repairs used to offset tender amount). Without a determination of the over-appraisal issue, though, that offset would be unavailable. Because we cannot conclude that the resolution of one of her state claims will have no effect on the resolution on her federal claims, we cannot deny our supplemental jurisdiction here. *See, e.g., Microthin.com,* 2006 WL 3302825, at *2 (dismissing supplemental claims only after concluding that "resolution of the [federal] patent infringement claim will have no effect on the resolution of the state law claims.").

### b. § 1367(b) Discretionary Exercise of Supplemental Jurisdiction

Even if we find that we have supplemental jurisdiction over a plaintiff's state law claims, 28 U.S.C. § 1367(b) provides four instances in which we may choose not to exercise that jurisdiction: "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which is has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

We do not perceive a problem with respect to factors (2) through (4): we cannot tell from the face of the Amended Complaint that Skanes' inflated appraisal allegations "substantially predominate" over her TILA claims; we have not dismissed Skanes' TILA claims; and Trevino has not highlighted any persuasive "exceptional circumstances" or "compelling reasons" for us to decline to exercise supplemental jurisdiction. Nor are we persuaded that because the Michigan Mortgage Brokers, Lenders and Servicers Lending Act has not been specifically applied to appraisers or appraisal services, we will not be able to resolve Skanes' claims through reference to existing precedent (which, by the time this case has concluded, could well include applications of the MMBLSLA to appraisers and appraisal services). Accordingly, we choose to exercise our discretion in favor of retaining jurisdiction over Counts II and III of the Amended Complaint.

### III. CONCLUSION

For the reasons stated above, we deny Trevino's motion to dismiss Counts II and III of the Amended Complaint.

It is so ordered.

                                                Honorable Marvin E. Aspen
                                                U.S. District Court Judge

Dated: September 24, 2007