**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____ )　　CASE NO:
　　　　　　　　　　　　　　　　　　　　　　　 )
WRAY BAILEY AND WENDY BAILEY;JUAN GARCIA; )
SAMUEL GREENE;JASON HASAPES; COLON HOLLOWAY; )
MAURICE HUGGINS AND PEARL HUGGINS; )
JEFFREY KOZLOWSKI AND ELLEN KOZLOWSKI; )
BRUCE LAUZIER AND DEBORAH LAUZIER; )
SCOTT A. LEBLANC;TIMOTHY LEHAN; )
CARLOS MARTINEZ; NELS E. NORDQUIST; )
DAVID MILARDO AND LUCINDA MILARDO; )
ROBERT MURO;CATHERINE NIESE; )
WINSTON PATTERSON AND NORMA PATTERSON; )
HAROLD PETERSON; ELIZABETH ZEVALLOS; )
GREGORY SMAYDA AND KELLY SMAYDA; )
PETER SULINSKI AND VICTORIA SULINSKI; )
JUSTIN THOMPSON AND CYNTHIA THOMPSON; )
ARMONDO VALERIANO AND ANNE VALERIANO; )
STEPHEN WILSON;LEON WITHAM AND BETH WITHAM;　 )　　COMPLAINT
ALFRED CARBONE; RICHARD HACK AND DENISE HACK; )
EDWARD KOBIALKA AND RUTH KOBIALKA; )
　　　　PLAINTIFFS, )
V.　　　　　　　　　　　　　　　　　　　　　　　 )　　JURY TRIAL
　　　　　　　　　　　　　　　　　　　　　　　　 )　　DEMANDED
AMERIQUEST MORTGAGE COMPANY, )
DEFENDANT　　　　　　　　　　　　　　　　　　 )　　MARCH 11, 2005
_____ )

**INTRODUCTION**

　　1.　This is a suit brought by forty consumers residing in Connecticut who collectively entered into twenty six mortgage loans with the defendant, Ameriquest Mortgage Company.  The plaintiffs claim that Ameriquest violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, in each of their transactions by failing to provide them with the notification of their right to rescind the mortgage as required by TILA.

　　2.　The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with the defendant.

　　2.　The defendant, Ameriquest Mortgage Company, is a foreign corporation with a primary place of business in Orange, California.

**JURISDICTION**

　　4.　Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e), 28 U.S.C. §1331 and § 1332

　　5.　This court has jurisdiction over the defendant because it regularly conducts business in this state.

6.    Venue in this court is proper, as the plaintiffs are all residents of Connecticut and the action concerns real property located in this state.

### FIRST COUNT (WRAY AND WENDY BAILEY)

7.    On or about February 5th, 2003 Wray and Wendy Bailey entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

8.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

9.    This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

10.   In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

11.   The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

12.   The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

13.   More than twenty calendar days have passed since Defendant received the notice of rescission.

14.   The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

15.   The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

16.   As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

     a.    Rescission of this transaction;

     b.    Termination of any security interest in Plaintiff's property created under the transaction;

     c.    Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

     d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

     e.   Forfeiture of loan proceeds;

     f.   Actual damages in an amount to be determined at trial; and

     g.   A reasonable attorney fee.

### SECOND COUNT (JUAN GARCIA)

17. On or about August 12th, 2004 Juan Garcia entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

18. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

19. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

20. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

21. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

22. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

23. More than twenty calendar days have passed since Defendant received the notice of rescission.

24. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

25. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

26. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

     a.   Rescission of this transaction;

     b.   Termination of any security interest in Plaintiff's property created under the transaction;

     c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

     d.   Statutory damages of $2,000 for the disclosure violation;

     e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

     f.   Forfeiture of loan proceeds;

     g.   Actual damages in an amount to be determined at trial; and

     h.   A reasonable attorney fee.

### THIRD COUNT (SAMUEL GREENE)

27.  On or about March 14th, 2003 Samuel Greene entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

28.  A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

29.  This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

30.  In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

31.  The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

32.  The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

33.  More than twenty calendar days have passed since Defendant received the notice of rescission.

34.  The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

35.  The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

36. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

## FOURTH COUNT (JASON HASAPES)

37. On or about January 8th, 2004 Jason Hasapes entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

38. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

39. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

40. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

41. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

42. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

43. More than twenty calendar days have passed since Defendant received the notice of rescission.

44. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

45. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

46. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

## FIFTH COUNT (COLON HOLLOWAY)

47. On or about June 3, 2004 Colon Holloway entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

48. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

49. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

50. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

51. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

6

52. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

53. More than twenty calendar days have passed since Defendant received the notice of rescission.

54. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

55. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

56. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for the disclosure violation;

    e. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f. Forfeiture of loan proceeds;

    g. Actual damages in an amount to be determined at trial; and

    h. A reasonable attorney fee.

### SIXTH COUNT (MAURICE AND PEARL HUGGINS)

57. On or about August 31st, 2003 Maurice and Pearl Huggins entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

58. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

59. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

60.  In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

61.  The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

62.  The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

63.  More than twenty calendar days have passed since Defendant received the notice of rescission.

64.  The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

65.  The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

66.  As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.

## SEVENTH COUNT (JEFFREY AND ELLEN KOZLOWSKI)

67.  On or about June 2nd, 2004 Jeffrey and Ellen Kozlowski entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

8

68.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

69.   This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

70.   In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

71.   The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

72.   The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

73.   More than twenty calendar days have passed since Defendant received the notice of rescission.

74.   The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

75.   The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

76.   As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

    e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney fee.

## EIGHTH COUNT (BRUCE AND DEBORAH LAUZIER)

77.  On or about August 20th, 2004 Bruce and Deborah Lauzier entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

78.  A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

79.  This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

80.  In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

81.  The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

82.  The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

83.  More than twenty calendar days have passed since Defendant received the notice of rescission.

84.  The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

85.  The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

86.  As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for the disclosure violation;

e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

f.   Forfeiture of loan proceeds;

g.   Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney fee.

## NINTH COUNT (SCOTT LEBLANC)

87.  On or about March 20, 2004 Scott LeBlanc entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

88.  A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

89.  This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

90.  In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

91.  The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

92.  The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

93.  More than twenty calendar days have passed since Defendant received the notice of rescission.

94.  The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

95.  The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

96.  As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

     c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

     d.   Statutory damages of $2,000 for the disclosure violation;

     e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

     f.   Forfeiture of loan proceeds;

     g.   Actual damages in an amount to be determined at trial; and

     h.   A reasonable attorney fee.

## TENTH COUNT (TIMOTHY LEHAN)

97. On or about June 24, 2003 Timothy Lehan entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

98. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

99. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

100. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

101. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

102. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

103. More than twenty calendar days have passed since Defendant received the notice of rescission.

104. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

105. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

106. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.

### ELEVENTH COUNT (CARLOS MARTINEZ)

107. On or about June 3, 2004 Carlos Martinez entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

108. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

109. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

110. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

111. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

112. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

113. More than twenty calendar days have passed since Defendant received the notice of rescission.

114. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

115. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

116. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

    e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney fee.

## TWELVTH COUNT (NELS E. NORDQUIST)

117. On or about December 16th, 2002 Nels Nordquist entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

118. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

119. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

120. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

121. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

14

122. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

123. More than twenty calendar days have passed since Defendant received the notice of rescission.

124. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

125. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

126. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.

### THIRTEENTH COUNT (DAVID AND LUCINDA MILARDO)

127. On or about March 24th, 2004 David and Lucinda Milardo entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

128. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

129. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

130. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

131. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

132. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

133. More than twenty calendar days have passed since Defendant received the notice of rescission.

134. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

135. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

136. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

    e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney fee

## FOURTEENTH COUNT (ROBERT MURO)

137. On or about May 16th, 2003 Robert Muro entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

16

138. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

139. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

140. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

141. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

142. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

143. More than twenty calendar days have passed since Defendant received the notice of rescission.

144. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

145. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

146. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

## FIFTEENTH COUNT (CATHERINE NIESE)

147. On or about March 19th, 2004 Catherine Niese entered into a loan agreement with the defendant and provided a mortgage on her residence to secure the indebtedness.

148. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

149. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

150. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

151. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

152. The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

153. More than twenty calendar days have passed since Defendant received the notice of rescission.

154. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

155. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

156. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for the disclosure violation;

    e. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney fee.

### SIXTEENTH COUNT (WINSTON AND NORMA PATTERSON)

157. On or about January 26th, 2004 Winston and Norma Patterson entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

158. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

159. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

160. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

161. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

162. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

163. More than twenty calendar days have passed since Defendant received the notice of rescission.

164. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

165. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

166. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

  d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

  e. Forfeiture of loan proceeds;

  f. Actual damages in an amount to be determined at trial; and

  g. A reasonable fee.

### SEVENTEENTH COUNT (HAROLD PETERSON AND ELIZABETH ZEVALLOS)

167. On or about August 4th, 2004 Harold Peterson and Elizabeth Zevallos entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

168. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

169. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

170. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

171. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

172. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

173. More than twenty calendar days have passed since Defendant received the notice of rescission.

174. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

175. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

176. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

  a. Rescission of this transaction;

  b. Termination of any security interest in Plaintiff's property created under the transaction;

     c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

     d.   Statutory Statutory damages of $2,000 for the disclosure violation;

     e.   damages of $2,000 for the disclosure violation;

     f.   rescission notice;

     g.   Forfeiture of loan proceeds;

     h.   Actual damages in an amount to be determined at trial; and

     i.   A reasonable attorney fee

### EIGHTEENTH COUNT (GREGORY AND KELLY SMAYDA)

177. On or about September 18th, 2003 Gregory and Kelly Smayda entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

178. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

179. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

180. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

181. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

182. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

183. More than twenty calendar days have passed since Defendant received the notice of rescission.

184. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

185. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

186. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee

### NINETEENTH COUNT (PETER AND VICTORIA SULINSKI)

187. On or about September 22nd, 2003 Peter and Victoria Sulinski entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

188. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

189. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

190. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

191. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

192. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

193. More than twenty calendar days have passed since Defendant received the notice of rescission.

194. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

195. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

196. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee

### TWENTIETH COUNT (JUSTIN AND CYNTHIA THOMPSON)

197. On or about November 17th, 2004 Justin and Cynthia Thompson entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

198. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

199. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

200. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

201. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

202. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

203. More than twenty calendar days have passed since Defendant received the notice of rescission.

204. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

205. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

206. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.  Rescission of this transaction;

   b.  Termination of any security interest in Plaintiff's property created under the transaction;

   c.  Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

   d.  Statutory damages of $2,000 for the disclosure violation;

   e.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   f.  Forfeiture of loan proceeds;

   g.  Actual damages in an amount to be determined at trial; and

   h.  A reasonable attorney fee

### TWENTY-FIRST COUNT (ARMONDO AND ANNE VALERIANO)

207. On or about June 18th, 2004 Armondo and Anne Valeriano entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

208. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

209. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

210. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies of each of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

24

211. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

212. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

213. More than twenty calendar days have passed since Defendant received the notice of rescission.

214. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

215. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

216. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

    e.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney fee

### TWENTY-SECOND COUNT (STEPHEN WILSON)

217. On or about August 23rd, 2003 Stephen Wilson entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

218. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

219. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

220. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

221. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

222. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

223. More than twenty calendar days have passed since Defendant received the notice of rescission.

224. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

225. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

226. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee

## TWENTY-THIRD COUNT (LEON AND BETH WITHAM)

227. On or about December 19th, 2003 Leon and Beth Witham entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

26

228. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

229. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

230. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

231. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

232. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

233. More than twenty calendar days have passed since Defendant received the notice of rescission.

234. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

235. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

236. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee

**TWENTY-FOURTH COUNT (ALFRED CARBONE)**

237.On or about February 20th, 2004 Alfred Carbone entered into a loan agreement with the defendant and provided a mortgage on his residence to secure the indebtedness.

238.A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

239.This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

240.In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

241.The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

242.The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

243.More than twenty calendar days have passed since Defendant received the notice of rescission.

244.The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

245.The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

246.As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee

**TWENTY-FIFTH COUNT (RICHARD AND DENISE HACK)**

247. On or about December 24th, 2002 Richard and Denise Hack entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

248. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

249. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

250. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

251. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

252. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

253. More than twenty calendar days have passed since Defendant received the notice of rescission.

254. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

255. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

256. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

29

     d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

     e.   Forfeiture of loan proceeds;

     f.   Actual damages in an amount to be determined at trial; and

     g.   A reasonable attorney fee

## TWENTY-SIXTH COUNT (EDWARD AND RUTH KOBIALKA)

257. On or about November 20th, 2002 Edward and Ruth Kobialka entered into a loan agreement with the defendant and provided a mortgage on their residence to secure the indebtedness.

258. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

259. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (C.F.R. § 226.23).

260. In the course of this consumer credit transaction, Defendant violated 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to each of the Plaintiffs two copies each of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

261. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

262. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail, which notice was received by Defendant.

263. More than twenty calendar days have passed since Defendant received the notice of rescission.

264. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

265. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

266. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to 15 U.S.C. § § 1635(a), 1640(a), and 1641(c), Defendant is liable for:

     a.   Rescission of this transaction;

     b.   Termination of any security interest in Plaintiff's property created under the transaction;

      c.   Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

      d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

      e.   Forfeiture of loan proceeds;

      f.   Actual damages in an amount to be determined at trial; and

      g.   A reasonable attorney fee

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case;

2. Declare the security interest in the Plaintiffs' residences are void;

3. Enter an order that the mortgage transactions are rescinded;

4. Order Defendant to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5. Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendant, in connection with the transactions;

6. Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);

8. Award the Plaintiffs actual statutory damages for the Defendant's failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);

9. Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award the Plaintiffs costs and a reasonable attorney fee as provided under 15 U.S.C. § 1640(a);

12. Award such other and further relief as the Court deems just and proper.

**THE PLAINTIFFS**,


By: _____
      Daniel S. Blinn,       Fed Bar No. ct02188
      dblinn@consumerlawgroup.com
      Matthew T. Theriault   Fed Bar No. ct24372
      mtheriault@consumerlawgroup.com
      Sarah Poriss      Fed Bar No. ct25559
      sporiss@consumerlawgroup.com
      Consumer Law Group, LLC
      35 Cold Spring Road, Suite 512
      Rocky Hill, CT  06067
      Tel. (860) 571-0408  Fax. (860) 571-7457