IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br>*Dailey v. Citi Residential Lending, et al.,* Case No. 07-cv-5426 | |

**MOTION FOR REASSIGNMENT**

**I.     INTRODUCTION**

Pursuant to Northern District of Illinois Local Rule 40.4(c), Defendants, Citi Residential Lending and WM Specialty Mortgage ("Defendants") in the following case:

- *Dailey v. Citi Residential Lending, et al.,* Case No. 07-cv-5426 (Aspen, J.)

(the "Action")[1] hereby seek reassignment of the Action to this Court for pretrial proceedings along with the other actions in this multidistrict litigation proceeding (the "Proceeding").

As detailed below, reassignment of the Action is warranted for two reasons. First, the Action is "related" under Local Rule 40.4(a) to one or more actions in this Proceeding. Plaintiff contends that Defendants violated, among other things, the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §1638, *et seq.*, by failing to provide her with accurate disclosures of her loan terms and also the Fair Housing Act ("FHA"), 42 U.S.C. §3601-3619 and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. ¶¶1691-1691f, by discriminating against Plaintiff. There presently are more than

---

[1] A copy of the operative complaint in the Action is attached as Exhibit 1 to the concurrently filed Declaration of Bernard LeSage.

150 actions in this Proceeding that advance these same allegations, including the Borrowers' Consolidated Class Action Complaint ("Borrowers' Complaint") [Docket No. 325].

Second, all of the conditions for reassignment of the Action under Local Rule 40.4(b) are satisfied here. That is, the Action is pending in this District[2]; the handling of the Action by this Court will result in a substantial saving of judicial time and effort; the Action was recently filed and has not progressed to the point where reassignment would be likely to delay the proceedings therein substantially; and the Action and the actions in this Proceeding are susceptible to disposition in a single proceeding because they have substantial areas of legal and factual overlap. Accordingly, Defendants respectfully request that this Court grant the Motion in its entirety.

## II.     ARGUMENT

To have a case reassigned based on relatedness, the movant must satisfy both Local Rule 40.4(a) and (b). *Donahue v. Elgin Riverboat Resort*, No. 04 C 816, 2004 WL 2495642, at *2 (N.D. Ill. Sept. 28, 2004). This Court has the sound discretion to reassign a case under Local Rule 40.4. *Clark v. Ins. Car Rentals Inc.*, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999).

Local Rule 40.4(a) provides that cases are "related" if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law, (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same. Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related." *Fairbanks Capital Corp. v. Jenkins*, No. 02-C-3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002). Rather, it is enough that the two cases "involve *some* of the same issues of fact or law." *Lawrence E. Jaffe Pension Plan v. Household Int'l.*, *Inc*., No. 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003) (emphasis in original).

Once the cases have been found to be related, Local Rule 40.4(b) imposes four additional conditions that must be satisfied before a case may be reassigned: (1) both cases must be pending in the Northern District of Illinois; (2) reassignment must result in

---

[2] The Action is presently before Judge Aspen as is the MDL Proceeding.

a substantial saving of judicial time and effort; (3) the earlier case must not have progressed to the point where designating the cases as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases must be susceptible of disposition in a single proceeding. Here, reassignment of the Actions satisfies the requirements of Local Rules 40.4(a) and (b), and Defendants' Motion should be granted.

### A. The Action Is "Related" Under Local Rule 40.4 To Many Actions In This Proceeding, Including The Borrowers' Consolidated Class Action Complaint.

In the Action, Plaintiff alleges that Defendants violated HOEPA by failing to provide her with accurate disclosures of her loan terms. Presently, there are numerous actions in this Proceeding that assert largely identical allegations that Defendants violated HOEPA by failing to provide borrowers with accurate disclosures of their loan terms.[3] These allegations are also made in the Borrowers' Consolidated Class Action Complaint. [Borrowers' Complaint, ¶¶ 239-240.] Plaintiff also alleges that Defendants violated ECOA and FHA by discriminating against her. In addition to the numerous actions in this Proceeding that allege similar discrimination claims[4], the Borrowers' Consolidated Class Action Complaint also alleges Defendants discriminated against plaintiffs. [Borrowers' Complaint, ¶ 380.] Accordingly, the Action is "related" to these actions within the meaning of Local Rule 40.4(a).

### B. All Of The Conditions For Reassignment Of The Action Under Local Rule 40.4(b) Are Satisfied Here.

All of the requirements for reassignment of the Action under Local Rule 40.4(b) are satisfied here. First,, the Action is pending in this District before the same judge.

Furthermore, the reassignment will result in a substantial saving of judicial resources. Among other things, reassignment of the Action to this Court will allow one judge to decide whether Defendants violated the same law (TILA) based on similar purported conduct (failing to provide proper notice of rescission rights). This will avoid

---

[3] *See, e.g., Saunders, et al. v. Ameriquest Mortgage Company, et al.,* Amended Complaint ¶ 104; *Arndt, et al. v. Ameriquest Mortgage Company*, Complaint ¶¶ 45-47, 56; *Dercksen, et al. v. Ameriquest Mortgage Company,* Complaint ¶ 8.

[4] *See, e.g., Knox, et al. v Ameriquest Mortgage Company, et al.,* Amended Complaint ¶¶ 152, 16; *Jude, et al., v. Town and Country Credit Corporation, et al.,* Complaint ¶ 35; *Balark, et al. v. Ameriquest Mortgage Company, et al.,* Amended Complaint ¶ 34.

the risk of inconsistent rulings and multiple appeals should several judges rule on this issue. Indeed, the Seventh Circuit Court of Appeals has criticized judges of this Court for permitting separate lawsuits involving similar claims and the same defendants to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals. *See, e.g., Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 513 (7th Cir. 1999).

Further, because the Action was recently filed, it has not progressed to the point where designating it related would be likely to delay the coordinated proceeding. Finally, the Action and the actions presently in this Proceeding are susceptible to disposition in a single proceeding because they all assert similar legal claims under TILA. Accordingly, the Court should reassign the Action to this Court for pretrial proceedings along with the other actions in the Proceeding.

### III. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant the Motion in its entirety.

Respectfully submitted,

DATED: October 15, 2007    By: /s/ Bernard E. LeSage
*Attorneys for Citi Residential Lending and WM Specialty Mortgage*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-0700
(213) 896-0400 (fax)

BN 1435370v1

**CERTIFICATE OF SERVICE**

      I, Bernard E. LeSage, hereby certify that on this 15th day of October 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By: /s/ Bernard E. LeSage

BN 1435370v1