IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**AMENDED MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER COMPELLING DEFENDANTS TO PRODUCE CERTAIN DOCUMENTS**

### I. INTRODUCTION

Borrower and Non-Borrower Plaintiffs, ("Plaintiffs"), file this amended memorandum in support of Plaintiffs' Motion For Order Compelling Defendants To Produce Certain Documents [Docket No. 1327]. The purpose of this amended memorandum is to address Ameriquest's response to these discovery issues that was reviewed after Plaintiffs' filed their previous memorandum [Docket No. 1328].[1]

By their motion, Plaintiffs seek a court order requiring the Defendants to produce 2 categories of documents - internal audits relating to loan origination and servicing and complaints made by borrowers and whistleblowers - that are material and relevant to Plaintiffs' claims raised in their First Amended Class Action Complaint. [Docket No. 835, Exhibit A]. Despite this Court's instructions at the September 20, 2007 status conference that Defendants produce these documents or provide their reasons to Plaintiffs' counsel for refusing to produce

---

[1] The letter from Ameriquest was apparently sent on October 16th by email, but was not reviewed by Plaintiffs' counsel until October 17th, which necessitated this amended filing.

by specific deadlines (which Plaintiffs' counsel agreed to extend by over a week), Defendants have failed to do so.

## II. STATEMENT OF FACTS

Plaintiffs initially requested these documents in their First Request For Production Of Documents, served on Defendants almost 10 months ago on December 27, 2006. Specifically, Plaintiffs made the following requests:

**REQUEST NO. 41:** "All audit reports concerning your loans."

**REQUEST NO. 56:** "All complaints you have received concerning your loans, or your policies and practices for marketing, selling, closing and/or servicing loans to customers or potential customers."

**REQUEST NO. 58:** "All documents that refer or relate to any internal investigation conducted by you of any employee or branch office regarding allegations that an employee or employees made misrepresentations or omissions in connection with loans…".

**REQUEST NO. 60:** "All documents concerning compliance reviews and/or audits, whether internal or external, concerning your sales and/or lending and/or servicing practices."

**REQUEST NO. 63:** "All documents concerning complaints made by your employees regarding your policies and practices for marketing, selling, closing and/or servicing loans to customers or potential customers."

Defendants have neither provided these documents in response to Plaintiffs First Request For Production nor have they responded to Plaintiffs' numerous follow-up requests, including a letter Plaintiffs' counsel sent to Defendants' counsel back on August 9, 2007, detailing unproduced documents that were identified during Defendants' witnesses' deposition testimony and that are relevant to Plaintiffs' requests.

At the September 20, 2007 status conference, the Court instructed Ameriquest to produce internal audits relating to loan origination and servicing or to identify which such documents

Defendant's claimed were privilege or protected work product within 14 days of the date of the status conference, October 4, 2007. [Hearing Transcript, p. 43, lines 15-17, 25; p. 44, lines 1-7]. The Court also instructed Argent, with a deadline running 14 days from the completion of the deposition of Argent witness, Thomas Sang, or October 9, 2007. [Hearing Transcript, p. 45, lines 21-25; p. 46, lines 1-21]. The Court further instructed the parties to submit an agreed order or competing versions of an order on customer and whistleblower complaints within 21 days of the date of the status conference, October 11, 2007. [Hearing Transcript, p. 48, line 25; p. 49, lines 1-3].

Plaintiffs' counsel followed up with Defendants' counsel by a letter on September 27, 2007, which outlined this Court's instructions and proposed a meet and confer on October 3, 2007. Due to scheduling problems on both sides, the meet and confer proceeded with Argent only on October 8, 2007. Argent's counsel stated that Argent would provide Plaintiffs' counsel with its reasons for not producing these documents on October 9, 2007.

As Ameriquest and Plaintiffs' counsel were unable to meet and confer within the Court-ordered deadline, the parties filed a Joint Stipulation To Extend Time To Respond on October 12, 2007 [Docket No. 1247], proposing an extended deadline by which Ameriquest and Argent were required to produce these documents or identify the records it was withholding on privilege grounds by October 16, 2007.

After 5:00 p.m. on October 16th, both Argent's and Ameriquest's counsel sent Plaintiffs' counsel letters that merely stated either: (1) that they had identified documents that were potentially responsive but were still collecting them for review; or (2) that they found responsive documents but were refusing to produce them, relying on blanket privilege and work-product objections. The letters did not address the issue of customer complaints. While Argent deferred

the issue of whistleblower complaints to Ameriquest, Ameriquest only addressed the issue by making a general objection that whistleblower complaints are privileged.

### III.   ARGUMENT

**1.   Internal Audits And Borrower And Whistleblower Complaints Are Discoverable**

The documents Plaintiffs seek here are discoverable. Although Defendants have insinuated that they believe the internal audits are privileged, they have used privilege as a blanket objection and have not identified specific documents or information within those documents that is privileged. Defendants have also suggested that borrower and whistleblower complaints are not discoverable on privacy grounds, but have not specified what information might be private so that the parties can handle the issue appropriately.[2]

As an initial matter, both internal audits relating to loan origination and loan servicing and borrower and whistleblower complaints are relevant to Plaintiffs' case.[3] Practically all of the Borrowers' Complaint is based on Defendants' alleged wrongdoings in the loan origination and servicing processes. Internal audits will show whether the Defendants' engaged in the practices Plaintiffs complain of and the extent to which the Defendants knew of these practices.

Plaintiffs maintain that none of the information contained in the documents they seek is privileged or private. To the extent that the internal audits do contain privileged information, Defendants have failed to meet their burden to properly raise the privilege. As articulated by the

---

[2] If the Court determines that any of these documents contain privileged or private information such information can be protected by redaction. However, without any information about Defendants' positions, Plaintiffs are unable to even discuss possible modifications of their requests at this time.

[3] Ameriquest's counsel conceded that the customer and whistleblower complaints are relevant [Hearing Transcript, p. 45, lines 1-21, p. 46, lines 24-25], and the Defendants have not otherwise suggested a relevancy objection.

Seventh Circuit, "[t]he party seeking to invoke the [attorney-client] privilege has the burden of establishing all its essential elements....The claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable." *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir.1983). Both the attorney-client privilege and work-product doctrine should be invoked only for "specific identified documents so that counsel or the court can make a determination of the applicability of the privilege." *Federal Deposit Insurance Corp. v. W.R. Grace & Co.,* 1987 WL 7810 (N.D. Ill.). Blanket objections do not satisfy a respondent's burden of adequately providing a basis for its invocation of the privilege. *Household Commercial Financial Services, Inc. v. Scottenstein*, No. 90 C 720, 1991 WL 222069, at *1 (N.D. Ill. Oct. 24, 1991).

Rule 26(b)(5) requires the responding party to "describe the nature of the documents, communications, or things not produced ... in a manner that, without revealing information itself privileged ... will enable [the] other part[y] to assess the applicability of the privilege." Failure to follow these Rules may result in waiver of the privilege. "To withhold materials without [providing notice as described in Rule 26(b)(5)] is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege...." Fed. R. Civ. P. 26(b)(5) advisory committee's note (1993).

### IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order compelling Ameriquest to produce all internal audits relating to loan origination and servicing and all borrower and whistleblower complaints. A proposed Order is submitted herewith.

Respectfully submitted,

| | |
|---|---|
| */s/ Kelly M. Dermody* | */s/ Gary Klein* |
| Kelly M. Dermody | Gary Klein |

| | |
|---|---|
| Kelly M. Dermody (CA Bar No. 171716) | Gary Klein |
| LIEFF, CABRASER, HEIMANN | Elizabeth Ryan |
|   & BERNSTEIN, LLP | Shennan Kavanagh |
| 275 Battery Street, 30th Floor | RODDY KLEIN & RYAN |
| San Francisco, CA 94111-3339 | 727 Atlantic Avenue |
| Telephone: (415) 956-1000 | Boston, MA 02111-2810 |
| Facsimile: (415) 956-1008 | Telephone: (617) 357-5500 ext. 15 |
| | Facsimile: (617) 357-5030 |

*/s/ Jill Bowman*
Terry Smiljanich
Jill Bowman
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL 33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174

*Plaintiffs' Co-Lead Counsel*

    */s/ Marvin A. Miller*
    Marvin A. Miller

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 N. LaSalle Street, Suite 3200
Chicago, IL 60602
Telephone: (312) 782-4880
Facsimile: (312) 782-4485

*Plaintiffs' Liaison Counsel*

Date: October 17, 2007

**PROOF OF SERVICE**

I, Gary Klein, hereby certify that on this 17th day of October 2007, a true and correct copy of the following document was filed electronically:

1.   **PLAINTIFFS' AMENDED MEMORANDUM IN SUPPORT OF MOTION FOR ORDER COMPELLING DEFENDANTS TO PRODUCE CERTAIN DOCUMENTS**

Notice of filing was sent by electronic mail to all Filing Users by operation of the Court's electronic filing system. Parties may access this filing through the ECF system.

/s/ Gary Klein
Gary Klein