# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

## SUBMISSION OF PROPOSED ORDER

### I. SUMMARY OF ISSUES.

Defendants Ameriquest Mortgage Company ("Ameriquest"), ACC Capital Holdings Corporation, Town and Country Credit Corporation, Ameriquest Mortgage Securities, Inc., AMC Mortgage Services, Inc. and Argent Mortgage Company, LLC ("Argent") (collectively referred to herein as "Defendants") herby submit a proposed order that would strike Plaintiffs' prematurely filed motion to compel, or, in the alternative set the motion for hearing on November 5, 2007.

During the September 20, 2007 status conference, the Court directed Ameriquest and Argent to provide letters to the Plaintiffs stating their position regarding the production of internal audits conducted in the ordinary course of business and whistleblower complaints. The position letters were intended to facilitate meet and confer discussions regarding proposed forms of orders to be submitted regarding whether, and to what extent, the discovery of those documents would be conducted.

These issues were to be a topic of a Rule 37 telephone conference initially scheduled to occur during the week of October 8; however, due to mutual scheduling difficulties, the parties agreed to reschedule the conference call and it is now set for October 18, 2007. In order to implement the rescheduling of the Rule 37 conference call, the parties submitted to the Court a Stipulation extending to October 16, the deadlines for Defendants' position letters (at the time

the Stipulation was drafted, the parties anticipated their phone conference would occur on October 12, so that the issues could be discussed prior to October 16). Defendants understood that the end result was to be an orderly process: the parties would meet on several outstanding issues, including those to be the subject of the October 16 letters and proposed form of order, so that the parties could discuss the types of documents and the relevance to Plaintiffs' claims, if any. After the Stipulation, the phone conference was moved from October 12 to October 18.

On the morning of October 16, Plaintiffs sent notification to Defendants demanding receipt of the position letters and advising that they would be filing a proposed Order with the Court on that date. Defendants responded confirming for Plaintiffs that it would be providing the position letters and indeed, the position letters were delivered on time on October 16 and they state in detail the positions of the Defendants. Defendants suggested to Plaintiffs that in light of the meet and confer having been scheduled for October 18 that any submission of proposed orders should be postponed until after the completion of the meet and confer conference. Plaintiffs rejected this suggestion outright stating that they were not required to meet and confer with Defendants, and within an hour after the letters were delivered by Defendants, Plaintiffs filed their motion to compel. The motion to compel has not yet been noticed for hearing.

The motion to compel has several flaws, ultimately requiring that the Court strike it altogether. To begin with, the motion does not make any effort to explain **why** the requested documents are discoverable.[1] *West v. Miller,* 2006 WL 2349988, *2 (N.D.Ill. 2006) ("[F]ailure to make even a colorable initial showing as to relevance can doom a motion to compel.") quoting *Rennie v. Dalton,* 3 F.3d 1100, 1110 (7th Cir.1993) (upholding trial court's decision to deny a motion to compel discovery for lack of a persuasive showing on relevance). Next, the motion has not yet been noticed for hearing. *See* Local Rule 5.3 ("written notice of the intent to present a motion ... specifying the date on which the motion ... is to be presented ... **must** be served") (emphasis added). Finally, Plaintiffs do not even claim in their motion to have satisfied that Rule, in violation of Local Rule 37.2. LR 37.2 ("To curtail undue delay and expense in the administration of justice, this court **shall** hereafter refuse to hear any and all motions for ... production of documents ... unless the motion includes" a certification that the parties have met and conferred and that their inability to resolve the discovery issues was not the fault of the

---

[1] Plaintiffs recently advised Defendants that they are going to substantially revise their complaint, an issue which also needs to be discussed.

movant) (emphasis added). These flaws are particularly troubling in light of the fact that the parties have *scheduled* a meet and confer regarding those positions on October 18. Accordingly, this motion does not (and, indeed, cannot) properly identify the parties' positions about the discoverability or privilege of these documents. For these reasons, the motion should be stricken, without prejudice, to filing a motion to compel after the parties' have satisfied their meet and confer obligations.

Furthermore, the documents in question raise substantial issues that the Court should not address without the benefit of the results of the meet and confer. For example, Plaintiffs have never issued a request for production asking for whistleblower documents. Additionally, the Plaintiffs have defined the term "audit report" so broadly that it sweeps up countless documents, privileged and non-privileged that are in no way reasonably calculated to lead to the discovery of admissible evidence in this case. The Court, on September 20, recognized this by limiting the position letters to just audits regarding loan origination and servicing, and even as to these the Court made no determination as to the discoverability of these documents. The motion to compel however seeks all audit reports, thereby short circuiting the procedure that the Court put in place on September 20. Moreover, the motion to compel ignores that Defendants *already have agreed* to review an already identified set of potentially responsive documents both for responsiveness to the Court's guidelines and privilege by November 15.

In their recent letters, Defendants advised Plaintiffs that there are documents sought by Plaintiffs which are protected from disclosure by the attorney-client privilege and the work product doctrine. Defendants have not yet had an opportunity to participate in a meet and confer with Plaintiffs to discuss this issue and to address any concerns Plaintiffs may have as to the Defendants' basis for asserting the privileges and, as set forth above, Defendants are still in the process of reviewing documents for privilege. Moreover, Defendants have not been given an opportunity to present facts and supporting declarations to the Court on this issue and it would be difficult for Defendants to do so in advance of having an opportunity to review and log those documents for privilege. As such, Plaintiffs' pending motion is premature as it provides no factual record upon which the Court could rule on the privileges.

## II. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that this Court strike the motion in its entirety, without prejudice; or, in the alternative, that this Court set Plaintiffs' motion to compel to be heard at the November 5, 2007 hearing, and allow Defendants to file on October 29 an opposition to the motion that will include a description of any progress made in the meet and confer process up to that time.

Respectfully submitted,

DATED: October 17, 2007

By: /s/ Bernard E. Lesage
*Attorneys for Ameriquest Mortgage Company, ACC Capital Holdings Corporation, Town and Country Credit Corporation, Ameriquest Mortgage Securities, Inc. and AMC Mortgage Services, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-0700
(213) 896-0400 (fax)

DATED: October 17, 2007

By: /s/ Thomas J. Wiegand
*Attorneys for Argent Mortgage Company*

Thomas J. Wiegand
Gregory J. Miarecki
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
(312) 558-5700 (fax)