**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen<br><br>Magistrate Judge Morton Denlow |

**MOTION REGARDING CERTAIN CASE MANAGEMENT ISSUES WITH RESPECT TO DEFENDANTS' THIRD-PARTY COMPLAINT**

Defendants[1] and Third-Party Plaintiffs Ameriquest Mortgage Company ("Ameriquest") and Argent Mortgage Company LLC ("Argent") (collectively, "Third-Party Plaintiffs") respectfully submit the following motion regarding certain case management issues related to their First Amended Consolidated Third-Party Complaint (hereinafter, "Consolidated Third-Party Complaint"). Third-Party Plaintiffs request that the Court (1) confirm that all Third-Party Defendants are bound by the November 7, 2006 Order; (2) issue an order binding the Opt-Out Third-Party Defendants to its August 30, 2007 Orders; and (3) compel all Third-Party Defendants to meet and form a committee and suggest lead counsel by the December 20, 2007 Status Conference.

**I.      PRELIMINARY STATEMENT**

In March 2007, in order to protect its right to indemnity, Defendants began filing third-party complaints, pursuant to Rule 14 of the Federal Rules of Civil Procedure, against third-party title companies or, in certain states whose laws required it, attorneys (hereinafter referred to as "Title Defendants") who were hired to close the loans at issue in the Opt-Out complaints and in the Borrower Class Action Complaint.

---

[1] "Defendants" collectively refers to AMC Mortgage Services, Inc. ("AMC"); Town & Country Credit Corporation ("T&C"); Ameriquest Capital Corporation ("ACC"); Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc. ("AMS").

1

During the time period at issue in the Borrowers' Class Action and the Opt-Out Complaints, Ameriquest closed the substantial majority of its loans, and Argent closed all of its loans, using the Title Defendants. The Title Defendants were paid by Defendants to provide the disclosures required by the Truth in Lending Act (and other state and federal laws) to the borrowers. Each of the Title Defendants represented to the engaging Defendant that they were qualified to close loans, and were knowledgeable about the required disclosures including, but not limited to, the Notice of Right to Cancel. Accordingly, in the event that the loan documents were not properly completed and delivered to the borrower, the Title Defendant who was hired by a particular Defendant to perform this task breached its duty to that Defendant, and is required to indemnify that Defendant for any damages suffered by Ameriquest in connection therewith.[2]

With respect to Argent, any allegation that Argent misled or deceived a borrower necessarily triggers a claim for indemnity, because Argent is a wholesale mortgage lender and, as such, has no involvement in the negotiation of loan terms, or the loan closing. Argent's involvement is limited to funding loans originated by independent mortgage brokers (referred to herein as the "Broker Defendants"), who are the legal and de facto representative of the borrower's interest. Each of the Broker Defendants signed an agreement with Argent wherein they agreed to provide full and complete disclosures to their borrowers. Accordingly, to the extent that plaintiffs allege that Argent misled them, or failed to disclose any material facts, this conduct is directly attributable to the Broker Defendants, who are contractually required to fully indemnify Argent.

On March 16, 2007, the Court *sua sponte* ordered the Third-Party Plaintiffs to file a consolidated Third-Party Complaint. [Docket No. 615.] In compliance with the Court's Order, on July 31, 2007 Ameriquest, as well as Argent, filed a Consolidated Third-Party Complaint, which included claims against both the Title Defendants and the Broker Defendants. [Docket No. 955.]

Third-Party Plaintiffs filed a First Amended Consolidated Third-Party Complaint on August 24, 2007, which is now the operative pleading. [Docket No. 1024.] The Consolidated Third-Party Complaint contains all presently known claims for indemnity against those Title

---

[2] Ameriquest denies that its disclosure to any of the plaintiffs were defective, or violated any state or federal law. Nonetheless, in the event that a trier-of-fact ultimately finds that any disclosures made to any of the plaintiffs were deficient, Ameriquest is entitled to complete indemnity from those individuals and entities that Ameriquest hired to close the loans in question.

Defendants and Broker Defendants who were responsible for closing the loans at issue in both the Borrower Class Action (hereinafter referred to as the "Borrower Class Third-Party Defendants"), and in the majority of the cases brought by the Opt-Out Plaintiffs (hereinafter referred to as the "Opt-Out Third-Party Defendants").

Now, Third-Party Plaintiffs respectfully request that this Court resolve any ambiguities with respect to case management issues regarding the Third-Party Complaint. Without the Court's direction the addition of over 230 Third-Party Defendants to this MDL Proceeding can ensue into disorder and chaos if each Third-Party filed its own pleading. The ultimate goal of mediation and settlement can only be possible with an organized structure.

Specifically, Third-Party Plaintiffs, in their efforts to streamline this MDL Proceeding and preserve judicial economy, request the following:

1. That the Court confirm that all Third-Party Defendants are bound by the November 7, 2006 Order [Docket No. 284];

2. That the Court issue an order binding the Opt-Out Third-Party Defendants to its August 30, 2007 Orders [Docket Nos. 1046-1047]; and

3. That the Court compel all Third-Party Defendants to meet and form a committee and suggest lead counsel by the December 20, 2007 Status Conference.

As detailed below, there is good cause to grant Ameriquest and Argent's requested relief.

## II. ARGUMENT

**A. This Court Should Confirm that All Third-Party Defendants are bound by the November 7, 2006 Order**

By its November 7, 2006 Memorandum Opinion and Order (the "November 7 Order") [Docket No. 284], the Court brought much needed organization and management to this MDL Proceeding. Specifically, the Court identified three distinct types of cases: (1) borrower class actions, (2) non-borrower class actions under the Fair Credit Reporting Act ("FCRA"), and (3) individual, non-class suits. [*Id.* at 6.] It ordered that there be two master class complaints, one on behalf of all borrowers, and one on behalf of all non-borrower FCRA claimants. [*Id.*] It also recognized that some individual plaintiffs would likely opt-out of the Master Class Complaints because of either a perceived higher settlement value or the fact-intensive nature of their cases. [*Id.* at 7.]

The November 7 Order also set forth detailed instructions to organize and manage this MDL Proceeding. Specifically, the Court formed lead counsel and committees of counsel to organize and speak on behalf of the Class and Opt-Out Individual Plaintiffs, set deadlines for discovery and class certification motions, gave detailed instructions for summary judgment motions and the mediation process.

The Court stated in this Order:

> The parties are in substantial agreement that the terms of this Order shall apply to each action subsequently filed in or transferred to this Court alleging claims similar to those set forth in these actions. A later-added party must object to the consolidation of that case or to any other provision of this Order within ten days after the date on which the Clerk mails a copy of this Order to counsel for that party.

[*Id.* at 7.] This Order specifically applied to reassigned cases and later-added parties. The purpose of this Order was to coordinate and organize the entire MDL Proceeding

Therefore, all Third-Party Defendants should be required to comply with the November 7 Order in order to maintain the organization set forth by the Court. On October 15, 2007, Third-Party Defendant Northwest Title and Escrow filed a motion for summary judgment against plaintiff's claims (not against Ameriquest or Argent's Third-Party Complaint). [Docket No. 1075.] If the Court was to allow this and every other Third-Party Defendant to file a summary judgment motion it would be contrary to the consolidated motions contemplated by the Court in the November 7 Order and lead to a disarray of pleadings.

Finally, all Third-Party Defendants' participation in mediation is essential for complete resolution of this MDL Proceeding since all liable parties should be included. Therefore, Ameriquest and Argent request that this Court issue an order binding all Third-Party Defendants to the November 7 Order to promote judicial economy.

**B.     This Court Should Issue an Order Binding Opt-Out Third-Party Defendants to its August 30, 2007 Orders**

On August 30, 2007, the Court entered the Stipulation with Opt-Out Plaintiffs Re Discovery ("Stipulation"). [Docket Nos. 1046-1047.] By this Stipulation the Individual Claims Steering Committee, certain Opt-Out Plaintiffs, Ameriquest and Argent agreed that for the purposes of mediation, discovery in all Opt-Out cases should be limited to help control costs while also allowing the parties to engage in meaningful mediation. The parties agreed that pre-

4

mediation discovery in the Opt-Out Cases shall be limited to the production of documents listed in the signed stipulations.  The parties agreed to continue their efforts to reach agreement on the logistics of mediation. The Stipulation binds not only the signatories, but also the non-signatory Opt-Out Plaintiffs who did not file objections.

The Court recognized in this Order that economies of scale are created by entering this Stipulation.  Because the Opt-Out Third-Party Defendants may be ultimately liable in the Opt-Out cases where plaintiffs assert that defendants failed to provide them with proper disclosures in violation of the Truth in Lending Act, 15 U.S.C. Section 1601, *et seq.*, cooperation of the Opt-Out Third-Party Defendants in this Stipulation and mediation is necessary.  All potentially liable parties should participate in the Opt-Out plaintiffs' mediation, therefore, this Court should issue an order binding them to its August 30, 2007 Orders.

This Court has specifically recognized the need to coordinate the Opt-Out Third-Party claims in its March 16, 2007 Order.  With respect to the third-party claims the Court ordered Defendants to file a consolidated third-party complaint to "salvage to the extent possible the interests of judicial economy in this action."  [Docket No. 615.]

Moreover, on October 23, 2007, the Court *sua sponte* issued an Order, in response to the numerous  stipulations and motions filed by the parties, extending time for **all** Third-Party Defendants to respond to the Consolidated Third-Party Complaint by December 3, 2007. [Docket No. 1379.]  This Order further exemplifies the Court's desire for there to be uniformity in the prosecution and defense of this MDL Proceeding.

C.	**The Court Should Compel The Third-Party Defendants To Form A Committee And Suggest Lead Counsel By The December 20, 2007 Status Conference**

In the November 7 Order the Court created the Individual Claims Steering Committee to promote judicial economy and provide the individual plaintiffs with the benefits of coordinated efforts.  The Steering Committee is to "help coordinate the individual plaintiffs into a cooperative entity that can then enjoy the economies of scale, including broader access to discovery and streamlined briefing." [Docket No. 284, p. 11.]

For the same reasons set forth in the November 7 Order and stated above, the Court should order the Third-Party Defendants to meet and form a committee and select a lead counsel to help coordinate the individual Third-Party Defendants by the December 20, 2007 Status Conference.  Forming a representative committee of the Third-Party Defendants will allow this

5

Court and all parties before it to coordinate discovery, move forward with mediation, and decide other procedural issues affecting the Third-Party cases.

**D.    There Is No Risk Of Prejudice To Third-Party Defendants**

There will be no prejudice to the Third-Party Defendants because appropriate mechanisms would ensure that the Third-Party Defendants are not disadvantaged.  For instance, Ameriquest and Argent have requested that the Third-Party Defendants form a Committee and select a lead counsel to coordinate the Third-Party Defendants into a cooperative entity and speak in unified voice.  The Court has already instilled similar mechanisms for the individual opt-out plaintiffs so that they can "enjoy litigation economies of scale, including broader access to discovery and streamlined briefing."  [Docket No. 284 at 11.]  Moreover, the Third-Party Defendants who wish to voice opposition to forming a coordinating committee or being bound to the Court's previous filed orders may do so by filing an opposition.

### III.    CONCLUSION

Because there will be no prejudice to the Third-Party Defendants, Third-Party Plaintiffs Ameriquest and Argent respectfully request that the Court issue an order (1) confirming that all Third-Party Defendants are bound by the November 7, 2006 Order; (2) binding the Opt-Out Third-Party Defendants to its August 30, 2007 Orders; and (3) compelling all Third-Party Defendants to meet and form a committee and suggest lead counsel by the December 20, 2007 Status Conference.

Respectfully submitted,

DATED: October 23, 2007

By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: October 23, 2007

By:/s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand, Esq.
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

## CERTIFICATE OF SERVICE

  I, Bernard E, LeSage, hereby certify that on this 23rd day of October 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                By: /s/  Bernard E. LeSage

BN 1437121v2