IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FILED
OCT - 9 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| PAUL W. DERDA et ux | ) |
| | ) |
| Plaintiffs, | ) Case No: 07CV - 3517 |
| | ) |
| vs. | ) |
| | ) |
| AMERIQUEST MORTGAGE COMPANY, and NORTHWEST TITLE & ESCROW CORPORATION, | ) |
| | ) |
| Defendants. | ) |

05C7097

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT NORTHWEST TITLE'S MOTION FOR SUMMARY JUDGMENT

Comes Now plaintiffs, by attorney, and respectfully submits their memorandum in support of their opposition to Northwest Title's Motion for Summary Judgment.

### FACTS

For brevity, plaintiff's will cite only those paragraphs of their complaint that pertain to Northwest Title and its participation in the improper and wrongful acts that have caused damages to plaintiffs.

**2. Alleged Fraudulent Representation of Northwest Title.**

First, plaintiffs acknowledge Northwest Title did not "commit any of the acts which constitute fraudulent representation. " At least plaintiff's have found no actual evidence that it did. What plaintiffs alleged,"

"52. When Paul and Cindy **told** Nate they could not cancel the loan because Jeremy told them they had signed the closing statement for the loan, the three day recision period had expired and the payoff to Fairbanks had already been made, Nate had a duty to tell Paul and Cindy the

1

presentations of Jeremy were false and they could cancel the loan." (Emphasis added)

Northwest Title is in this lawsuit because Nate, Northwest Title's closing agent, knew when plaintiffs told him the Fairbanks loan had been paid off this was not true because Nate did not wire the money to Fairbanks until the next day. Further, the three day recision period had not expired because plaintiff's had not yet signed an accurate final closing statement. To this day the closing statement has not yet been amended to accurately reflect plaintiff's received almost five thousand dollars less at closing than they anticipated. Plaintiff's position, as they have pled, is had they known the pay off had not been made they would not have closed.

**Concealment**

a. Concealment of a material fact that one has the duty to disclose can be tantamount to a misrepresentation of fact, and is known as misrepresentation by silence or fraudulent concealment. **Constance v. B.B.C. Development Co.,** 25 S.W.3rd 571 (Mo. App. 2000); **Kansas City Downtown Minority Dev. Corp. V. Corrigan Assocs. Ltd.,** 868 S.W.2d 210 (Mo. App. 1994). In concealment cases, the duty to disclose must be established by:

- the existence of unequal positions, as in a confidential or fiduciary relationship; or

- some demonstrably superior knowledge on the part of one party that is not within the fair and reasonable reach of the other. **VanBooven v. Smull,** 938 S.W.2d 324 (Mo. App. 1997); and **Dechant v. Saaman Corp.,** 63 S.W. 3d 293 (Mo.App. 2001).

b. The plaintiff seeking to recover for fraudulent concealment, in the absence of a special relationship, must show all of the following:

- the fact was not within the fair and reasonable reach of the plaintiff;

- the plaintiff was unable to discover the concealed information; and

- the plaintiff exercised reasonable diligence. **Littlefield v. Edmonds,** 172 S.W. 3d 903 (Mo.App. 2005).

Next, plaintiffs pled, in the alternative, that if there was no fiduciary relationship Northwest Title was still liable because plaintiff's could not know when the payoff was made and unless Nate told th em the truth they were unable to find out this concealed information and as a result Northwest Title is still on the risk.

Northwest Title, in this motion, has failed to address or cite any case law, on plaintiff's paragraph 53 allegation that even if there is no fiduciary relationship, Northwest Title is still responsible to plaintiffs because of its superior knowledge regarding the payoff. In their pleadings, plaintiffs cite **Ziglin v. Players MH, L.P.** for this legal position.

Northwest Title relies on a non-disclaimer in Ameriquest closing from (Exhibit 20) that provides"... final post - signing adjustments may be required to fully satisfy your existing mortgage...". The "adjustments" here amounted to almost five thousand dollars less plaintiff's were going to receive or more than half their anticipated cash pay out. Northwest Title's non-disclaimer clause surely was not meant to include such a large error as here suffered by plaintiffs.

**3. Alleged Breach of Fiduciary Duty by Northwest Title.**

Northwest Title cites **UT Communications**, "It is fundamental law that, by definition, an escrow agent is not a party to the underlying transaction." Northwest Title continues, " Because Northwest Title is not a party to the transaction between the Derdas and Ameriquest, it does not owe Derdas any duty beyond what is contained in Exhibit 20. **UT Communications.**" The Derdas have not alleged Northwest Title has violated any of the terms of Exhibit 20."

Plaintiffs are not sure how **UT Communications** helps Northwest Title. There, plaintiff joined in a lawsuit, resort developers, property owners and a mortgage broker and the property owners filed a cross claim to rescind a note and deed of trust. The cross claim was severed and

3

Case: 1:05-cv-07097 Document #: 1483 Filed: 10/09/07 Page 4 of 5 PageID #:19973

moved to St. Louis County where the trial court rescinded the note and deed of trust on grounds of mutual mistake. Appeal was taken and the appellate court reversed.

The property owner alleged that Town and Country Mortgage (T & C) owed them a fiduciary duty as an escrow agent. The court found property owners were represented at closing by the McElyea firm, not T & C and held, " therefore, T & C could not owe (property owners) any duty as an escrow agent. This case, **UT Communications** does not hold a closing agent does not have a fiduciary duty to the property owners. Here the property owners just joined in the wrong closer.

Northwest Title appears to suggest **UT Communications** holds there is no fiduciary duty as an escrow agent. Plaintiffs understand the case holds just the opposite.

**Breach of Fiduciary Duty – Special or confidential Relationship\\**

a. A claim of breach of fiduciary relationship requires pleading and proof of ( i) existence of a fiduciary relationship between the parties, (ii) breach of the duty, (iii) causation, and (iv) harm. **Grewell v. State Farm Mut. Auto, Ins. Co.,** 162 S.W. 3d 503 (Mo.App. 2005).

b. A confidential relationship exists between two parties when one trusts and relies on the other to handle property and business affairs, thus creating fiduciary obligations . **Shervin v. Huntleigh Securities Corp.,** 85 S.W.3d 737 (Mo. App. 2002); **Lucas v. Enkvetchakul,** 812 S.W.2d 256 (Mo. App. 1991). A breach of fiduciary obligation is a constructive fraud, actionable at law or in equity (for an accounting or imposition of a constructive trust). **Tobias v. Korman,** 141 S.W. 3d 468 (Mo.Ct. App. E.D. 2004); **Savannah Place, Ltd. v. Heidelberg,** 122 S.W.3d 74 (Mo. App. S.D. 2003).

Plaintiffs believe the facts as pleaded and the law as cited provide Northwest Title has a fiduciary duty to them to disclose facts it knew but failed to disclose to them.

## CONCLUSION

Plaintiff's have correctly pled all the necessary elements to make a submissable case to a jury, on both a fiduciary and non-fiduciary basis. Northwest Title has not cited one case holding a title company does not act in a fiduciary capacity. For the reasons herein given, plaintiffs ask that Northwest Title's Motion for Summary Judgment be denied and that this case be set for trial.

JOHNSON & JOHNSON

Harold G. Johnson, #18121
Mitchell D. Johnson, #36910
Attorneys for Plaintiffs
500 Northwest Plaza, Suite 715
St. Ann, MO 63074
314 291 4444
(314) 291 3381 Fax
E-mail: johnsonlawoffice@att.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was postage prepaid, and sent by United States Postal Service, this 9th day of October 2007 to:

Christopher B. Hunter
Roth, Evans and Lading, P.C.
1401 S. Brentwood Blvd., Ste 585
St. Louis, MO 63144
(314) 961 5100
Facsimile (314) 968 3320

Mr. Todd Ruskamp
Shook, Hardy and Bacon, LLP
2555 Grand Blvd
Kansas City, MO 64108 - 2613

Harold G. Johnson

5