LEXSEE 2003 U.S. DIST. LEXIS 22767

**TERESA LeCLERCQ, AL LeCLERCQ, individually, and on behalf of all persons similarly situated, Plaintiffs, v. THE LOCKFORMER COMPANY, a division of MET-COIL SYSTEMS CORPORATION, a Delaware corporation, MESTEK, INC., a Pennsylvania corporation, and HONEYWELL INTERNATIONAL, INC., a Delaware corporation, Defendants; THE LOCKFORMER COMPANY, a division of MET-COIL SYSTEMS CORPORATION, Third-Party Plaintiff, v. ARROW GEAR COMPANY, AMES SUPPLY CO., BISON GEAR; DYNAGEAR, INC, FLEXIBLE STEEL LACING CO., MAGNETROL INTERNATIONAL, INC., MOLEX INCORPORATED, MOREY CORPORATION, REXNORD CORPORATION, TRICON INDUSTRIES, and LINDY MANUFACTURING COMPANY, Third-Party Defendants, v. DOWNERS GROVE SANITARY DISTRICT, et al., Fourth-Party Defendants.**

Case No. 00 C 7164

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2003 U.S. Dist. LEXIS 22767

December 17, 2003, Decided
December 17, 2003, Filed; December 18, 2003, Docketed

**SUBSEQUENT HISTORY:** Motion granted by, in part, Motion denied by, in part, Motion granted by, Motion denied by LeClercq v. Lockformer Co., 2005 U.S. Dist. LEXIS 7602 (N.D. Ill., Apr. 28, 2005)

**PRIOR HISTORY:** LeClercq v. Lockformer Co., 2002 U.S. Dist. LEXIS 19465 (N.D. Ill., 2002)

**DISPOSITION:** [*1] Met-Coil Systems Corporation's Motion for Consolidation granted.

**COUNSEL:** For TERESA LECLERCQ, AL LECLERCQ, JAN MATISIAK, WALT MATISIAK, plaintiffs: Charles James Corrigan, Dommermuth, Brestal, Cobine & West Ltd, Naperville, IL. Shawn Michael Collins, Edward John Manzke, The Collins Law Firm, Naperville, IL. Norman Benjamin Berger, Michael D Hayes, Anne Elizabeth Viner, Varga, Berger, Ledsky, Hayes & Casey, Chicago, IL.

For LOCKFORMER COMPANY, THE, defendant: Matthew A. C. Zapf, Salvador Kurt Karottki, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, IL. Kathleen Veronica Crowe, Peters & Lyons, Ltd., Chicago, IL. Ann McClure, MESTEK, INC., Westfield, MA.

For MESTEK INC, defendant: Ann McClure, MESTEK, INC., Westfield, MA.

For HONEYWELL INTERNATIONAL INC, defendant: Harold Roderic Heard, Anthony Gerard Hopp, Joseph Francis Madonia, Wildman, Harrold, Allen & Dixon, Chicago, IL.

For RHI HOLDINGS, FAIRCHILD CORP, defendants: Peter Vincent Baugher, Lisa Beth Swedenborg, Jennifer A Cushman, Schopf & Weiss, Chicago, IL.

For PRECISION BRAND PRODUCTS INC, defendant: Mark D. Erzen, Alan Bruce White, Karaganis, White & Magel Ltd., Chicago, IL.

For WILLIAM [*2] HELWIG, defendant: Mark P. Bischoff, Monica A Forte, Bischoff Partners, LLC, Chicago, IL.

For HONEYWELL INTERNATIONAL INC,

cross-claimant: Anthony Gerard Hopp, Wildman, Harrold, Allen & Dixon, Chicago, IL.

For LOCKFORMER COMPANY, THE, MESTEK INC, cross-defendants: Ann McClure, MESTEK, INC., Westfield, MA.

For HONEYWELL INTERNATIONAL INC, cross-claimant: Harold Roderic Heard, Anthony Gerard Hopp, Joseph Francis Madonia, Wildman, Harrold, Allen & Dixon, Chicago, IL.

For LOCKFORMER COMPANY, THE, third-party plaintiff: Kathleen Veronica Crowe, Peters & Lyons, Ltd., Chicago, IL. Ann McClure, MESTEK, INC., Westfield, MA.

For ARROW GEAR COMPANY, third-party defendant: Bradford D. Roth, Scott J. Brown, Timothy L Conti, Cassiday, Schade & Gloor, Chicago, IL.

For AMES SUPPLY CO, third-party defendant: John A. Heller, William Gust Dickett, Alan P. Bielawski, Bryant Todd Lamer, Sidley Austin Brown & Wood LLP, Chicago, IL.

For BISON GEAR, third-party defendant: Joseph A. Strubbe, Vedder, Price, Kaufman & Kammholz, P.C., Chicago, IL.

For FLEXIBLE STEEL LACING, third-party defendant: Roy L. Bernstein, Alan I. Greene, Michael Best & Friedrich, LLC, Chicago, [*3] IL. Cynthia E Smith, Michael, Best & Friedrich, Milwaukee, WI.

For MAGNETROL INTERNATIONAL, INC., third-party defendant: Michael John Maher, Elizabeth Schroer Harvey, Swanson, Martin & Bell, Chicago, IL.

For MOLEX, INC., third-party defendant: Paul W. Schroeder, Charles T. Wehland, Jones Day, Chicago, IL.

For MOREY CORPORATION, third-party defendant: Gary S Rovner, Foley & Lardner, Chicago, IL. Scott Gene Early, Joseph J Lotus, Foley & Lardner, Chicago, IL.

For REXNORD CORP, third-party defendant: Steven P. Handler, Todd Richard Wiener, Mark Alan Bilut, McDermott, Will & Emery, Chicago, IL.

For TRICON INDUSTRIES, third-party defendant: J.

Timothy Eaton, Carol Mahoney Douglas, Patricia A Rooney, Ungaretti & Harris, Chicago, IL.

For LINDY MANUFACTURING COMPANY, third-party defendant: Mark Andrew Lies, II, Seyfarth Shaw, Chicago, IL. Pamela Reasor Hanebutt, Linda P. Kurtos, Eimer Stahl Klevorn & Solberg, LLP, Chicago, IL.

For MESTEK INC, counter-claimant: Ann McClure, MESTEK, INC., Westfield, MA.

For WALT MATISIAK, counter-defendant: Charles James Corrigan, Dommermuth, Brestal, Cobine & West Ltd, Naperville, IL. Shawn Michael Collins, Edward John [*4] Manzke, The Collins Law Firm, Naperville, IL. Norman Benjamin Berger, Michael D Hayes, Anne Elizabeth Viner, Varga, Berger, Ledsky, Hayes & Casey, Chicago, IL.

For REXNORD CORP, third-party plaintiff: Steven P. Handler, Todd Richard Wiener, Mark Alan Bilut, McDermott, Will & Emery, Chicago, IL.

For SCOT INCORPORATED, defendant: Edward V. Walsh, III, Sachnoff & Weaver, Ltd., Chicago, IL.

For SUBURBAN SELF STORAGE, defendant: Brent Douglas Stratton, McGuireWoods LLP, Chicago, IL. Christina M. Landgraf, Robert Keith Temple, McGuireWoods LLP, Chicago, IL.

For WHITE LAKE BUILDING CORPORATION, defendant: Douglas Allan Lindsay, Lewis, Overbeck & Furman, Chicago, IL.

For FLEXIBLE STEEL LACING, third-party plaintiff: Roy L. Bernstein, Alan I. Greene, Michael Best & Friedrich, LLC, Chicago, IL. Cynthia E Smith, Michael, Best & Friedrich, Milwaukee, WI.

For LOCKFORMER COMPANY, THE, third-party plaintiff: Matthew A. C. Zapf, Salvador Kurt Karottki, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, IL.

For AMES SUPPLY CO, third-party plaintiff: William Gust Dickett, Sidley Austin Brown & Wood LLP, Chicago, IL.

For MOREY CORPORATION, third-party [*5] plaintiff: Joseph J Lotus, Foley & Lardner, Chicago, IL.

For SUBURBAN SELF STORAGE, counter-claimant: Brent Douglas Stratton, McGuireWoods LLP, Chicago, IL. Christina M. Landgraf, Robert Keith Temple, McGuireWoods LLP, Chicago, IL.

For ARROW GEAR COMPANY, plaintiff: Stacey A Cischke, Cassiday, Schade & Gloor, Chicago, IL.

For MOREY CORPORATION, plaintiff: Joseph J Lotus, Foley & Lardner, Chicago, IL.

For WHITE LAKE BUILDING CORPORATION, defendant: John A. Heller, William Gust Dickett, Alan P. Bielawski, Bryant Todd Lamer, Sidley Austin Brown & Wood LLP, Chicago, IL.

**JUDGES:** Harry D. Leinenweber, Judge, United States District Judge.

**OPINION BY:** Harry D. Leinenweber

**OPINION**

### MEMORANDUM OPINION AND ORDER

Third-Party Plaintiff Met-Coil Systems Corporation (hereinafter, "Met-Coil") and the various Third and Fourth Party Defendants have submitted competing Motions for Consolidation and Judicial Scheduling of *LeClercq v. Lockformer et al.,* Case No. 00 C 7164 (hereinafter, *"LeClercq"*) and *Mejdrech v. Met-Coil et al.* Case No. 01 C 6107 (hereinafter, *"Mejdrech"*). For the reasons stated herein, the Court hereby consolidates the two cases. The Court also stays discovery [*6] with respect to pending claims against Fourth-Party Defendants by Third-Party Defendants.

### I. BACKGROUND

Met-Coil faced two class-actions against it and its subsidiary The Lockformer Company, the *LeClercq* and *Mejdrech* cases, for damages resulting from trichloroethylene ("TCE") pollution suffered by class-members. Rather than proceed to trial, Met-Coil settled each case. Met-Coil now demands contribution for the settlement pay out from Third-Party Defendants, alleging that they contributed to the troublesome pollution. In turn, Third-Party Defendants have sued Fourth-Party Defendants, alleging that, should Met-Coil succeed in establishing that Third-Party Defendants share liability, Fourth-Party Defendants also contributed to the problem, and likewise should share liability.

### A. Applicability of the August 27, 2003 Order

Met-Coil and the Third-Party Defendants have submitted competing motions to consolidate the two cases. However, Third-Party Defendants restricted their motions by demanding two preconditions to consolidation. First, Third-Party Defendants request that the Court continue its August 27, 2003 Order (the "August Order") concerning the *LeClercq* [*7] case into the unified proceeding. This order precluded Met-Coil from arguing two of its three alleged theories of causation, the "pathway theory" and the "groundwater theory," thereby limiting them to the remaining "sewer line theory." Third-Party Defendants argue that without extending the August Order, Met-Coil could present the excluded theories through the back door, under the guise of arguing the *Mejdrech* portion of the consolidated case.

Met-Coil responds by noting that the August Order concerned only the *LeClercq* case, and it did not restrict Met-Coil's litigation options in *Mejdrech.* Therefore, Met-Coil correctly argues that extending the Court's order to the proposed consolidated case would unfairly infringe its substantive litigation rights. Met-Coil further persuasively notes that, with proper Court policing and jury instructions, the jury should have no trouble distinguishing that the "pathway" and "groundwater" theories apply only to those claims originally present in *Mejdrech.*

Given this, the Court does not believe concerns of possible jury prejudice outweigh the substantial efficiency benefits reaped by consolidating these two cases, which share many [*8] overlapping facts, circumstances, and parties. Indeed, to try these cases separately would not only unfairly tax the judicial system, but it would also impose unneeded costs on the parties themselves.

### B. Staying Disputes Between Third and Fourth Party Defendants

Most Third-Party Defendants and all Fourth-Party Defendants also insist, should the Court consolidate, that the Court stay all pending disputes between Third and Fourth Party Defendants. They argue that it is very possible that Met-Coil's case against the Third-Party Defendants will fail on the merits. The parties note that

such a verdict would extinguish the pending contribution claims between the Third and Fourth-Party Defendants. As such, the parties fear that a failure to stay discovery pending resolution of Met-Coil's claims could impose a high and ultimately unnecessary burden upon them.

While Met-Coil takes no position on disputes between the Third and Fourth-Party Defendants, it fears that a stay on discovery could preclude it from fully examining the facts concerning Fourth-Party Defendants. Met-Coil points out that it "could obtain discovery via subpoena from the Fourth-Party Defendants if they were non-parties; [*9] therefore, it makes little sense to stay discovery as to the Fourth-Party Defendants when they are actually parties to the case."

As the Court understands Met-Coil's fears, it imposes a solution designed to soothe them while still maximizing the cost-efficiency gains from a stay. Specifically, the Court will consider Met-Coil's requests for subpoenas concerning Fourth-Party Defendants on a case-by-case basis. In this way, and subject to the limitations of Federal Rule of Civil Procedure 45, the Court will grant Met-Coil the same rights with respect to Fourth-Party Defendants that it would have over any non-party possessing relevant information in the case. However, the Court will not permit Met-Coil the full expansive discovery permitted of another party. Indeed, the law entitles Met-Coil to nothing more than the Court gives it. Had the Third-Party Defendants never sued the Fourth Party Defendants, the Fourth Party Defendants would have remained outside the case and subject only to regular non-party subpoena power.

The Court stays all other discovery and claims between Third and Fourth-Party Defendants. In doing so, the Court hopes to minimize [*10] the potentially unnecessary costs imposed on Third and Fourth Party Defendants, while still granting Met-Coil enough leeway to thoroughly pursue its case.

Third-Party Defendant Rexnord Corporation (hereinafter, "Rexnord") requests that, should the Court grant a general stay, it not apply to its breach of contract claim against Fourth-Party Defendants RHI Holdings, Inc. (hereinafter, "RHI") and The Fairchild Corporation (hereinafter, "Fairchild"). Rexnord claims that "each and every day . . . Rexnord Corporation continues to incur significant costs defending cases that are the responsibility of its predecessor in interest, RHI." Therefore, in Rexnord's view, a Court-imposed stay on its Third Party-Fourth Party claims will cause it to incur unnecessary costs.

Although the Court understands Rexnord's concerns, it nevertheless stays its claim as well. In deciding these matters, the Court carefully balanced Rexnord's fear of unnecessary delay in payment from RHI and Fairchild against three competing concerns: (1) the possibility that Rexnord will succeed against Met-Coil, rendering much of its breach-of-contract claim moot; (2) the possibility that Rexnord will fail in its breach-of-contract [*11] claim, and therefore suffer no prejudice from a stay; and (3) the inconvenience of the Court needing to incorporate a mundane breach-of-contract issue into a complex environmental litigation trial. In the end, the Court finds the factors advocating a stay to warrant greater concern.

### C. Hybrid Defendants

Lastly, the Court must consider how to treat Defendants Precision Brand Products, Scot Incorporated, and the Downers Grove Sanitary District (hereafter, the "Hybrid Defendants") who function as Fourth-Party Defendants in the *LeClercq* action but Third-Party Defendants in the *Mejdrech* case. These defendants request that the Court consider them Fourth-Party Defendants in the consolidated action. They argue that since they have not been involved in the ongoing discovery of the *LeClercq* case, their entry into the combined case would needlessly slow the litigation because of their need to "catch up." This is not a convincing argument. Given the Hybrid Defendants status as Fourth-Party Defendants in the *LeClercq* claims, and the stay of pending claims between Third and Fourth-Party Defendants, there is no reason these defendants would need any "catching up." They [*12] would face potential liability for *LeClercq* matters only if the Court or a jury first finds the applicable Third-Party Defendants responsible. Even then, the Court would permit them ample opportunity to conduct discovery before the currently stayed claims against them proceed to trial. Likewise, the Court will permit them, as well as everyone else, enough discovery time to prepare for the pending *Mejdrech* claims against them.

### CONCLUSION

For the reasons stated herein, Met-Coil Systems Corporation's Motion for Consolidation is granted. The Court also stays discovery with respect to the pending claims against Fourth-Party Defendants by Third-Party

Defendants.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge

United States District Court

Date: December 17, 2003