UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE COMPANY MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO THE INDIVIDUAL ACTION NAMED BELOW | ) ) ) ) | Centralized before Judge Marvin E. Aspen |
| ANNETTE M. LINDSEY,<br><br>    Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 07-cv-0308 (N.D. Ill.) (transferred for pretrial proceedings)<br><br>Judge Marvin E. Aspen |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED**
**COMPLAINT *INSTANTER*, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff moves the Court, under Rule 15(a) of the Federal Rules of Civil Procedure, for an order granting her leave to file, *instanter,* the proposed Amended Complaint attached hereto as Exhibit A. In support of this motion, Plaintiff states:

1. Plaintiff initiated this action on November 6, 2006, in the Northern District of Georgia.

2. The Complaint herein asserts a claim under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA"), to enforce Plaintiff's right to rescind a consumer credit transaction and to recover, court costs, litigation expenses, and attorney's fees based on violations of TILA and implementing Regulation Z, 12 C.F.R. pt. 226.

3. On November 27, 2006, Defendants filed a Motion to Dismiss Amended Complaint. That Motion remains pending.

4. On January 2, 2007, this action was stayed in the Northern District of Georgia for a period of ninety days.

5. On March 27, 2007, this action was transferred to this District.

6. The parties have engaged in no formal discovery and are awaiting assignment of the case to a mediator.

7. The only substantive amendments to the Complaint that are contained in the proposed Amended Complaint attached hereto involve <u>claims that did not ripen until after the filing of the Complaint</u>. The claims are for $2000 in statutory damages against each Defendant, for Defendants' failure to meet the terms of Plaintiff's rescission demands under TILA within the statutory period for doing so, (<u>see</u> Prop. Am. Compl. ¶¶ 18-25). These claims did not ripen until after the Complaint was filed, because the rescission demands were sent on the date that the Complaint was filed, (<u>see</u> Prop. Am. Compl. ¶ 18).

8. Plaintiff seeks in good faith to amend her pleading to assert claims that, as shown above, had not ripened when the Complaint was filed. The offered amendments are not for purposes of delay, and will not unduly prejudice Defendants, because they involve facts that are already within Defendants' knowledge and are not capable of dispute.

9. Plaintiff did not file this motion earlier, because Ameriquest's counsel agreed to furnish Plaintiff's counsel with the name of the current holder of the subject note and security deed. This information might have required the addition of another Defendant to this case.

10. Many months have passed since Ameriquest's counsel agreed to furnish Plaintiff's counsel with the above information. The information still has not been provided.

11. Plaintiff cannot, without prejudice to her claims, wait any longer to amend her Complaint.

## MEMORANDUM OF LAW

Rule 15(a) mandates that leave to amend a pleading be freely given when justice so requires. Foman v. Davis, 371 U.S. 178 (1962). This Rule "circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) (emphasis added). There is no reason herein for denial of Plaintiff' requested amendment. None of the factors listed in Foman as possible grounds for denying amendment (i.e., undue delay, bad faith or dilatory motive, repetitive amendments, undue prejudice, futility) is present. Accordingly, the present motion must be granted. Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993) ("a justifying reason must be

apparent for denial of a motion to amend") (emphasis added). See also Hely & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir. 1981) (to show prejudice from a proposed Rule 15(a) amendment, the party opposing the amendment "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely").

WHEREFORE, Plaintiff moves the Court for an order allowing her to file the attached proposed Amended Complaint, *instanter*.

s/Charles M. Baird
Charles M. Baird
Georgia Bar No. 032500
Attorney at Law
235 Peachtree Street
Suite 400
Atlanta, Georgia 30303-1400
(404) 287-2383
Direct Line: (404) 522-9485
Fax (404) 627-7056

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on November 5, 2007, the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Charles M. Baird