# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

NOV 6 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-CV-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | |
| Third-Party Plaintiffs, | |
| v. | |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, *et al.* | |
| Third-Party Defendants. | |

## DEFENDANT SIERRA TITLE OF CAMERON AND WILLACY COUNTIES' ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW METRO TITLE COMPANY, INC. D/B/A SIERRA TITLE OF CAMERON AND WILLACY COUNTIES, a Texas Corporation, duly licensed as a Title Insurance Agent by the Texas Department of Insurance, and files this, its Answer to Third-Party Plaintiffs' First Amended Consolidated Third-Party Complaint and would respectfully show the Court the following:

1

1. This Defendant is unable to admit or deny the allegations contained within Paragraph 1 of the First Amended Consolidated Third-Party Complaint.

2. This Defendant is unable to admit or deny the allegations in Paragraph 2 of Third-Party Plaintiffs' First Amended Consolidated Third-Party Complaint.

3. This Defendant is unable to admit or deny the allegations contained in Paragraph 3 of Third-Party Plaintiffs' First Amended Consolidated Third-Party Complaint.

4. This Defendant is unable to admit or deny the allegations contained in Paragraph 4 of Third-Party Plaintiffs' First Amended Consolidated Third-Party Complaint.

5. This Defendant is unable to admit or deny the allegations contained in Paragraph 5 of Third-Party Plaintiffs' First Amended Consolidated Third-Party Complaint.

6. This Defendant denies the allegations in Paragraph 6 of Third-Party Plaintiffs' First Amended Consolidated Third-Party Complaint.

7. Defendant denies the allegations in Paragraph 7 of Third-Party Plaintiffs' First Amended Consolidated Third-Party Complaint

8. This Defendant denies the allegations of Paragraph 8 of Third-Party Plaintiffs' First Amended Third-Party Complaint in that this Defendant did not ever enter into any agreement with Third-Party Plaintiff. The Defendant is a Title Insurance Agency licensed by the Texas Department of Insurance. Texas is the most highly regulated State in the field of Title Insurance, and the Defendant can do no action other than those which are proved by the Texas Department of Insurance. Texas Department of Insurance Rule No. P-35* prohibits the Defendant from entering into any agreement or

2

executing any document other than the promulgated forms promulgated by the Texas
Department of Insurance. Therefore, the allegations set forth in Paragraph 8 are not only
denied, but could not have occurred since they would have been in contravention of the
rules and regulations of the Texas Department of Insurance.

* "P-35 Prohibition Against Guaranties, Affirmations, Indemnifications and Certifications.

No Title Insurance Company, Title Insurance Agent, Direct Operation Escrow Officer, nor any
employee, officer, director or agent of any such entity or person shall issue or deliver any form of
verbal or written guaranty, affirmation, indemnification or certification of any fact, insurance coverage
or conclusion of law to any insured or party to a transaction other than: (i) a statement that a
transaction has closed and/or has been funded, (ii) issuance of an insured closing service letter, or any
insuring form or endorsement promulgated by the State Board of Insurance or (iii) certification of
copies of documents as being true and exact copies of the original document or of the document
recorded in the public records."

9. This Defendant is unable to admit or deny the allegations contained in
Paragraph 9 of Third-Party Plaintiffs' First Amended Third-Party Complaint .

10. This Defendant denies the allegations contained in Paragraph 10 of Third-
Party Plaintiffs' First Amended Third-Party Complaint in that the allegations in the
underlying lawsuit do not relate to any procedures or duties assumed by this Defendant
but relate only to misrepresentations and fraud committed by Third-Party Plaintiff. In
this regard, Defendant Sierra would show that Defendant Sierra has always required
execution of both the "Notice of Right to Cancel" form in the correct numbers, and has
always required the borrowers in the alleged transaction and similar transactions to sign
their Notice of Non-Cancellation the required number of days after the closing and prior
to funding. Defendant Sierra would show that Third-Party Plaintiff Ameriquest, by and
through its employees and agents has many times attempted to coerce Sierra into
"skipping" these required procedures and/or the required time requirements, but at every
case, the Defendant Sierra has required compliance with each and all of said
requirements.

3

11. This Defendant is unable to admit or deny the allegations contained in Paragraphs 11 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

12. This Defendant is unable to admit or deny the allegations contained in Paragraph 12 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

13. This Defendant denies the allegations contained in Paragraph 13 of Third-Party Plaintiffs' First Amended Third-Party Complaint in that this Defendant did not have any involvement in the application and processing of any loans, did not have knowledge of the terms of the loans negotiated between lender and borrower and was not able nor required to make full, accurate, and truthful disclosure of those facts. Further, this Defendant denies that it agreed to indemnify and hold harmless the lender against any claims made by the borrower.

14. This Defendant denies the allegations contained in Paragraph 14 of Third-Party Plaintiffs' Amended Third-Party Complaint in that it did not enter into any agreement with Argent. Defendant is prohibited from entering into any agreement or enforcing any documentation which is not on a Texas promulgated form.

15. This Defendant is unable to admit or deny the allegations contained in Paragraph 15 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

16. This Defendant admits the allegations contained in Paragraph 16 of Third-Party Plaintiffs' First Amended Third Party Complaint.

17. This Defendant denies the allegations contained in Paragraph 17 of Third-Party Plaintiffs' First Amended Third-Party Complaint to the extent that it alleges that Title Defendants are responsible for any alleged misrepresentations, improper tactics or failed disclosures that may be found to have occurred in the process of obtaining a loan from Argent in that this Defendant was not a participant in any of the procedures or

4

negotiations for obtaining a loan. This Defendant is unable to admit or deny the balance of the allegations in Paragraph 17.

18. Paragraph 18 of Third-Party Plaintiffs' First Amended Third-Party Complaint does not require a response.

19. This Defendant denies the allegations contained in Paragraph 19 of Third-Party Plaintiffs' First Amended Third-Party Complaint in that it contends that the parties hereto entered into a valid enforceable contract. In this regard, Defendant incorporates by reference its Answer in "Number 8" above, and incorporates by reference Procedural Rule P-35 as promulgated by the Texas Department of Insurance. Defendant is unable to admit or deny the balance of the allegations in this paragraph.

20. This Defendant denies the allegations in Paragraph 20 that it entered into a contract with Third-Party Plaintiffs. Third-Party Defendant Sierra confirms that it actually completed the "Notice of Right to Cancel" with regard to the loan it closed, and submitted the correct number of copies to the borrower. (In this regard, Sierra Title would state that with regard to Plaintiff Guadalupe Hernandez, that she has not sued claiming that she has made no claim that she failed to get the right notice or the right number of notices, but rather has sued about Third-Party Plaintiffs' predatory marketing practices and fraudulent representations.

21. This Defendant denies the allegations contained in Paragraph 21 of Third-Party Plaintiffs' First Amended Third-Party Complaint to the extent that such paragraph alleges there was a contract entered into between this Defendant and Third-Party Plaintiffs. This Defendant denies that it breached any agreement with Third-Party Plaintiffs. This Defendant followed the closing instructions provided by Third-Party Plaintiff and used the "Notice of Right to Cancel" form as provided by Third-Party Plaintiff.

22. This Defendant denies the allegations contained in Paragraph 22 of

5

Third-Party Plaintiffs' First Amended Third-Party Complaint.

23. Paragraph 23 of Third-Party Plaintiffs' First Amended Third-Party Complaint does not require a response.

24. This Defendant admits the allegations contained in Paragraph 24 of Third-Party Plaintiffs' First Amended Third-Party Complaint to the extent that it alleges that the Title Defendants had the duty to follow State and Federal laws. However, this Defendant denies any allegations in that Paragraph that it had an obligation to make disclosures relating to the notice of right to cancel, in that 15 USC Section 1635(a) specifically states that the "**creditor**" shall clearly and conspicuously disclose this right.

25. This Defendant denies the allegations contained in Paragraph 25 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

26. This Defendant denies the allegations contained in Paragraph 26 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

27. Paragraph 27 of Third-Party Plaintiffs' First Amended Third-Party Complaint does not require a response.

28. This Defendant denies the allegations contained in Paragraph 28 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

29. This Defendant denies the allegations contained in Paragraph 29 of Third-Party Plaintiffs' First Amended Third-Party Complaint in that Defendant made no promises to Ameriquest, nor was there ever any "representations they would follow the rules set forth in TILA and other regulations". Defendant Sierra's duty was to close pursuant to the closing instructions of Third-Party Plaintiff, Plaintiff Ameriquest Mortgage, which it did.

6

30. This Defendant denies the allegations contained in Paragraph 30 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

31. Paragraph 31 of Third-Party Plaintiffs' First Amended Third-Party Complaint does not require a response.

32. This Defendant denies the allegations contained in Paragraph 32 of Third Party Plaintiffs' First Amended Third-Party Complaint.

33. This Defendant denies the allegations contained in Paragraph 33 of Third-Party Plaintiffs' First Amended Third-Party Complaint that it may have improperly prepared a "Notice of Right to Cancel" in that this Defendant did not prepare such a notice, but used the form provided by Plaintiff.

34. This Defendant denies the allegations contained in Paragraph 34 of Third Party Plaintiffs' First Amended Third-Party Complaint to the extent that it implies that this Defendant did not follow rules and regulations in closing the transaction in question. Defendant Sierra closed the transaction in question pursuant to the closing instructions prepared by Third-Party Plaintiff Ameriquest Mortgage. This Defendant is unable to admit or deny the balance of the allegations contained in Paragraph 34.

35. This Defendant denies the allegations contained in Paragraph 35 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

36. Paragraph 36 of Third-Party Plaintiffs' First Amended Third-Party Complaint does not require a response.

37. This Defendant is unable to admit or deny the allegations contained in Paragraph 37 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

38. This Defendant denies the allegations contained in Paragraph 38 of Third-

Party Plaintiffs' First Amended Third-Party Complaint to the extent that it alleges that this Defendant entered into a contract with Third-Party Plaintiff. This Defendant is unable to admit or deny the additional allegations contained in Paragraph 38.

39. This Defendant denies the allegations contained in Paragraph 39 of Third Party Plaintiffs' First Amended Third-Party Complaint in that this Defendant did not enter into any contract with Argent.

40. This Defendant denies the allegations contained in Paragraph 40 of Third-Party Plaintiffs' First Amended Third-Party Complaint in that those allegations are based on an incorrect presumption that this Defendant entered into a contract with Third-Party Plaintiffs.

41. This Defendant denies the allegations contained in Paragraph 41 of Third-Party Plaintiffs' First Amended Third-Party Complaint to the extent it assumes that any damages which may be assessed against it is the result of this Defendant's misconduct.

42. Paragraph 42 of Third-Party Plaintiffs' First Amended Third-Party Complaint does not require a response.

43. This Defendant is unable to admit or deny the allegations contained in Paragraph 43 of Third-Party Plaintiffs' First Amended Third-Party Complaint to the extent that those allegations relate to any other title Defendant. This Defendant denies the allegations in Paragraph 43 which allege that it entered into a contract with Argent and that Argent performed its duties under such contract.

44. This Defendant denies the allegations contained in Paragraph 44 of Third-Party Plaintiffs' First Amended Third-Party Complaint to the extent that it requires that this Defendant draft a "Notice of Right to Cancel." A Notice of Right to Cancel was included in the package from the lender as part of the security agreement. That Notice of Right to Cancel did not have proper blanks which would allow this Defendant to include

8

the information giving the borrowers the specific dates on which any action by them was required.

45. This Defendant denies the allegations contained in Paragraph 45 of Third Party Plaintiffs' First Amended Third-Party Complaint.

46. This Defendant is unable to admit or deny the allegations contained in Paragraph 46 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

47. No response is required to Paragraph 47 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

48. This Defendant is unable to admit or deny the allegations complained of in Paragraph 48 of Third-Party Plaintiffs' First Amended Third-Party Complaint to the extent that it had to do with broker defendants, and Defendant Sierra is unaware of the requirements for broker defendants, although it seems reasonable that any party would have to follow Federal and State laws and regulations.

49. This Defendant denies the allegations contained in Paragraph 49 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

50. This Defendant denies the allegations contained in Paragraph 50 of Third-Party Plaintiffs' First Amended Third-Party Complaint to the extent that it alleges that this Defendant committed any acts of negligence. Defendant is unable to admit or deny the balance of the allegations in this Paragraph.

51. Paragraph 51 of Third-Party Plaintiffs' First Amended Third-Party Complaint does not require a response.

52. This Defendant denies the allegations contained in Paragraph 52 of Third Party Plaintiffs' First Amended Third-Party Complaint.

53. This Defendant denies the allegations contained in Paragraph 53 of Third Party Plaintiffs' First Amended Third-Party Complaint to the extent that it alleges that Argent relied on any promises made by this Defendant. This Defendant denies that it made any promises to Argent upon which Argent could rely.

54. This Defendant denies the allegations contained in Paragraph 54 of Third Party Plaintiffs' First Amended Third-Party Complaint.

55. Paragraph 55 of Third-Party Plaintiffs' First Amended Third-Party Complaint does not require a response.

56. This Defendant denies the allegations contained in Paragraph 56 of Third Party Plaintiffs' First Amended Third-Party Complaint. This Defendant specifically denies the allegations contained in that Paragraph that the Title Defendants were the only parties to directly interact with the Plaintiffs as the lender solicited, qualified and approved the Plaintiffs for loans without any participation of this Defendant, and Defendant believes that Third-Party Plaintiff directly made representations to Plaintiff Guadalupe Hernandez, who relied upon said representations, which said representations were not carried out by the closing instructions delivered to Defendant Sierra.

57. This Defendant denies the allegations contained in Paragraph 57 of Third Party Plaintiffs' First Amended Third-Party Complaint to the extent that it alleges that Argent relied on any promises made by this Defendant. This Defendant denies that it made any promises to Argent upon which Argent could rely.

58. This Defendant denies the allegations contained in Paragraph 58 of Third Party Plaintiffs' First Amended Third-Party Complaint to the extent that it assumes that this Defendant did not follow required rules and regulations in closing the transactions complained of.

59. This Defendant denies the allegations contained in Paragraph 59 of Third-Party Plaintiffs' First Amended Third-Party Complaint.

60. This Defendant objects to the prayer contained in Third-Party Plaintiffs' First Amended Third-Party Complaint in that this Defendant denies that Third-Party Plaintiffs are entitled to any damages or attorney's fees and costs or other relief of any type from this Defendant.

Respectfully submitted,

LAW OFFICE OF JOHN KING
3409 N. 10th Street
McAllen, Texas 78501
Telephone: (956) 687-6294
Telecopier: (956) 687-5514

By: _____
John R. King
Texas Bar No: 11452000
M. Steven Deck
Texas Bar No: 05630175

11

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded the forgoing document, by certified mail, return receipt requested, to the following attorney(s) of record.

Mr. Bernard E. LeSage, Esq.
Ms. Sarah K. Andrus, Esq.
BUCHALTER NEMER, A P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc; Town & Country Credit Corporation; Ameriquet Capital Corporation; Town & Country Title Services, Inc; and Ameriquest Mortgage Securities, Inc.*

Mr. Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601

*Attorneys for Argent Mortgage Company, LLC*

Dated: October __30__, 2007.

STEVE DECK

Def. Sierra Title Company of Cameron and Willacy Counties' Answer
10-22-07