IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL W. DERDA and <br> CINDY K. DERDA, his wife, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERIQUEST MORTGAGE COMPANY, a foreign corporation, and NORTHWEST TITLE & ESCROW CORPORATION, <br><br> Defendants. | MDL Case No.: 05 C 7097 |

**DEFENDANT NORTHWEST TITLE & ESCROW CORPORATION'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT NORTHWEST TITLE'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant, Northwest Title & Escrow Corporation (hereinafter "NWT"), by and through its attorneys of record, and for its Reply to Plaintiffs' Memorandum in Opposition to Defendant Northwest Title's Motion for Summary Judgment, states as follows:

1. Plaintiffs have asserted claims of fraudulent representation against Defendant NWT in Count II of its Complaint. Plaintiffs have further asserted claims of breach of fiduciary duty by NWT in Count III of its Complaint. Plaintiffs' Complaint asserts no other claims against Defendant NWT.

2. Defendant NWT is entitled to summary judgment as a matter of law on both claims asserted against NWT because Plaintiffs cannot establish a claim upon which relief may be granted.

**Alleged Fraudulent Misrepresentation**

3. **Plaintiffs concede that Defendant NWT did not commit fraudulent misrepresentation.** Plaintiffs forthrightly acknowledge in their Memorandum in Opposition to

Defendant NWT's Motion for Summary Judgment that NWT did not commit any of the acts which constitute fraudulent misrepresentation. Plaintiffs instead rely on alleged "concealment" by Defendant NWT. Plaintiffs argue that such alleged concealment of a material fact that one has the duty to disclose can be "tantamount" to a misrepresentation of fact, known as a misrepresentation by silence or fraudulent concealment.

4. **Plaintiffs' claim of fraudulent concealment does not permit Plaintiffs to circumvent the nine elements of fraudulent misrepresentation and does not lessen Plaintiffs' burden in proving fraud.** Plaintiffs' Memorandum in Opposition to Defendant NWT's Motion for Summary Judgment implies that fraudulent concealment or fraudulent nondisclosure has less stringent requirements and is separate from a claim of fraudulent misrepresentation. Missouri Courts have not recognized a separate tort of fraudulent nondisclosure. Hess v. Chase Manhattan Bank, 220 S.W. 3d 758 (Mo. banc 2007). Instead, in such cases, a party's silence in the face of a legal duty to speak replaces the first element only: the existence of a representation. The elements of fraudulent misrepresentation are well settled: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury. Id. at 765. Plaintiffs' allegation of fraudulent concealment in no way dispenses with the requirement that they prove the remaining eight elements of fraud.

Even if Plaintiffs were able to present evidence that Defendant NWT knew information that it failed to disclose to Plaintiffs, Plaintiffs' claim for fraudulent concealment must fail because Defendant NWT had no duty to disclose such information. Further, silence on the part of

Defendant NWT cannot constitute fraudulent concealment when there is no evidence or even any allegation that Defendant NWT's silence was used to induce Plaintiffs to do anything.

5. **Plaintiffs' claim of fraudulent concealment will not lie because Defendant NWT had no legal duty to speak.** Defendant NWT agrees that an omission, when used as an inducement, may be considered a misrepresentation for purposes of a claim of fraudulent misrepresentation if the silent party has a duty to speak. Andes v. Albano, 853 S.W.2d 943 (Mo. banc 1993). Such a legal duty may arise from a fiduciary relationship or superior knowledge that is not reasonably available to the other party. Id. at 943. Plaintiffs contend that Nathaniel Hufker (hereinafter "Nate"), an employee of Defendant NWT, had a duty to inform Plaintiffs that their existing mortgage had not been paid off and their loan with Ameriquest could still be canceled, contrary to the information they received from Ameriquest's employee.

**A) No duty to speak arising from fiduciary relationship:** First, there is no evidence that Nate knew that any of the information Plaintiffs had been told by Ameriquest was false. Nate had no fiduciary duty to correct the information Plaintiffs received from Ameriquest regarding their ability to cancel the loan. The fiduciary relationship of an escrow agent and the other parties to the agreement is much narrower in scope than other fiduciary relationships such as attorney/client. Gilmore v. Chicago Title, 926 S.W.2d 695, 699 (Mo. App. ED 1996). An escrow agent is bound by the terms of the escrow agreement and breaches the fiduciary duty only when the agent fails to follow those terms. Id. at 699. It is not the escrow agent's duty to discover fraud committed by one party upon another or to protect the parties from each other except as to the limited duties outlined by the agreement. Id. at 699. Plaintiffs make no allegation that Nate or Defendant NWT breached any terms of the escrow agreement.

Plaintiffs apparently seek to impose a duty on an escrow agent not only to advise the parties of their legal rights with respect to the closing, but also to investigate the parties'

representations to one another to confirm that they are accurate. Such a requirement is outside of the scope of the duties of a closing agent generally and is specifically outside of the Northwest Title and Escrow Corporation Acknowledgement and Disbursement Authorization executed by Plaintiffs (Exhibit 20). Imposing such a duty to investigate would be untenable, in that it would create an entirely new role for an escrow agent that would presumably significantly increase the closing agent's fees and thus increase transaction costs for borrowers.

**B) No legal duty to speak arising from superior information:** Plaintiffs contend that, "even if there is no fiduciary relationship, Northwest Title is still responsible to Plaintiff because of its superior knowledge regarding the payoff." There is simply no evidence that Nate knew that the information Plaintiffs received from Ameriquest was false or that he in fact had any more information than did Plaintiffs with respect to their ability to cancel the loan. Indeed, it is undisputed that Nate or Defendant NWT lacked ability to cancel the loan and that only Ameriquest could do so.

Even if Plaintiffs could establish a legal duty owed to Plaintiffs based on "superior information", Defendant NWT is still entitled to summary judgment as a matter of law because silence, in light of a legal duty to speak, may only constitute fraudulent concealment if that silence is used as an inducement. Plaintiffs have made no allegation that Defendant NWT sought to induce them to do anything.

6. **Plaintiffs' claim of fraudulent concealment will not lie against Defendant NWT where no allegation of inducement has been made.** Plaintiffs are correct in their assertion that silence or nondisclosure of a material fact, when used as an inducement to another, can be an act of fraud, but only when an individual has a duty to speak. <u>Andes v. Albano</u>, 853 S.W.2d 943 (Mo. banc 1993). Under Missouri law, fraudulent concealment or nondisclosure cases contemplate one party omitting material information in an effort to induce the other party to act. *See e.g.* <u>Andes v. Albano</u>, 853 S.W.2d 943 (Mo. banc 1993), <u>Wild v. Trans World Airlines</u>, 14 S.W.3d 166 (Mo.

App. WD 2000).    In this case, Plaintiffs would have to allege and prove that Defendant NWT fraudulently concealed material information in order to induce Plaintiffs to go through with the Ameriquest loan.  Plaintiffs make no allegation that Defendant NWT attempted to induce Plaintiffs to do anything, nor does Plaintiff's Complaint allege that Defendant NWT in any way conspired or colluded with Defendant Ameriquest to induce Plaintiffs to go through with the loan.

The uncontroverted evidence is that Nate and Defendant NWT provided only truthful information to Plaintiffs and followed Plaintiffs' instructions.  A party is not required to disclose to the other party every fact they know; only those facts which are material.  A party that is not seeking to induce another party cannot be charged with identifying and disclosing facts that are material to an inducement if no inducement exists.

### Alleged Breach of Fiduciary Duty

7.    Plaintiffs have not established that Defendant NWT owed them a fiduciary duty, nor than it breached any fiduciary duty by failing to disclose information. The role of Defendant NWT was that of an escrow agent.  As previously discussed in paragraph 5(A) above, the fiduciary relationship of an escrow agent and the other parties to the agreement is much narrower in scope than other fiduciary relationships such as attorney/client. Gilmore v. Chicago Title, 926 S.W.2d 695, 699 (Mo. App. ED 1996). An escrow agent is bound by the terms of the escrow agreement and breaches the fiduciary duty only when the agent fails to follow those terms. Id. at 699. It is not the escrow agent's duty to discover fraud committed by one party upon another or to protect the parties from each other except as to the limited duties outlined by the agreement. Id. at 699.  Plaintiffs make no allegation that Nate or Defendant NWT breached any terms of the escrow agreement, and Plaintiffs have not established that Defendant NWT had any duty to them outside of the terms of their agreement contained in Exhibit 20.

8. The pleadings, depositions, exhibits and legal memoranda filed herein demonstrate that there is no genuine issue as to any material fact and that Defendant NWT is entitled to summary judgment in its favor as a matter of law.

WHEREFORE, the Defendant, Northwest Title & Escrow Corporation, prays that this Court grant summary judgment in its favor and against the Plaintiffs on all claims and issues contained in Plaintiffs' Complaint directed against Defendant, Northwest Title & Escrow Corporation, all at the Plaintiffs' costs and that this Defendant be awarded its reasonable attorneys fees, costs of suit and such other and further relief as this Court deems fit and proper.

ROTH, EVANS & LADING, P.C.

BY: /s/ Christopher B. Hunter
Christopher B. Hunter, EDMBE #26969
1401 S. Brentwood Blvd., Ste. 585
St. Louis, Missouri 63144
Telephone: 314-961-5100
Facsimile: 314-968-3330
Email: cbhunter@rothlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was electronically sent and mailed, postage prepaid, and sent by United States Postal Service, this 9th day of November, 2007 to:

Harold G. Johnson
Mitchell D. Johnson
Mavis Kennedy, of counsel
Attorneys at Law
500 Northwest Plaza, Suite 715
St. Ann, MO 63074

Mr. Todd Ruskamp
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO 64108-2613

/s/ Christopher B. Hunter