# EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead case No. 05-7097 |
| _____ | |
| THIS DOCUMENT RELATES TO: | Centralized before the Honorable Marvin E. Aspen |

Plaintiffs:

Cathleen Kessler, Case No.: 06-4999

Chantel & Jeffrey Thibodeau, Case No.: 06-5148

Daniel & Donna Cashen, Case No.: 06-4683

Donald & Patricia Cooper, Case No.: 06-6604

George & Cynthia Scott, Case No.: 06-6786

Glenn Leach, Case No.: 06-5000

Gregory & Pam Barletta, Case No.: 06-4560

Hope & Carl Gelman, Case No.: 06-4684

Janet & Gilbert Solnin, Case No.: 06-4866

Jeremy Harrison, Case No.: 06-6947

Joseph Bush & Dorothy Muller: Case No.: 06-6946

Judy Shields, Case No.: 06-6787

Kelly & Jo Lynn Sedgwick, Case No.: 06-2333

Kurt & Nancy Fuller, Case No.: 07-291

William & Linda Lappin, Case No.: 06-5147

Peter Grabowski, Case No.: 06-2549

| | |
|---|---|
| Preston & Delana Joyner, Case No.: 06-6784 | |
| Ralph Rodriguez & Barbara Chapman, Case No.: 06-2187 | |
| Rocco C. Tieri, Case No.: 06-2683 | |
| Rosalind & Randy Van Gorp, Case No.: 06-1731 | |
| Scott K. Dearden, Case No.: 06-2912 | |
| Shawn & Shari Maldonado, Case No.: 06-6609 | |
| Sheila & Ronald Warren, Case No.: 06-4415 | |
| Thomas & Linda Applegate, Case No.: 06-4867 | |
| Vicki Calder, Case No.: 06-5146 | |
| Robert Cleveland, Case No.: 06-4306 | |
| John Dougherty & Geraldine Pomilio Dougherty, Case No.: 06-2482 | |
| Lori O'Malley, Case No.: 06-6373 | |
| Kevin & Sherry Wessel, Case No.: 06-1899 | |
| Donald & Sharon Green, Case No.: 06-6945 | |
| Troy & Melissa Morgida, Case No.: 07-3006 | |
| Joseph & Montrea Kite, Case No.: 07-4059 | |
| Plaintiffs, | |
| vs. | |
| AMERIQUEST MORTGAGE COMPANY | |
| AMC MORTGAGE SERVICES, INC. | |
| AMERIQUEST MORTGAGE SECURITIES, INC. | |
| ACC CAPITAL HOLDINGS | |

COUNTRYWIDE HOME LOANS, INC.

WASHINGTON MUTUAL BANK

DEUTSCHE BANK NATIONAL TRUST COMPANY

PARK PLACE SECURITIES, INC.

GOLDMAN SACHS MORTGAGE COMPANY

AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES QUEST 2005-X2 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2005, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R3 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF APRIL 1, 2004, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-R1 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2004, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2005-R6 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JULY 1, 2005, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-R7 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JULY 1, 2004, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-R8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES INC.,
ASSET BACKED PASS THROUGH
CERTIFICATES, SERIES 2005-R4CGM UNDER THE
POOLING & SERVICING AGREEMENT DATED
AS OF MAY 1, 2005, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES INC.,
ASSET BACKED PASS THROUGH
CERTIFICATES, SERIES 2004-R12 UNDER THE
POOLING & SERVICING AGREEMENT DATED
AS OF DECEMBER 1, 2004, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES INC.,
ASSET BACKED PASS THROUGH
CERTIFICATES, SERIES 2005-R5 UNDER THE
POOLING & SERVICING AGREEMENT DATED
AS OF JUNE 1, 2005, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES INC.,
ASSET BACKED PASS THROUGH
CERTIFICATES, SERIES 2003-8 UNDER THE
POOLING & SERVICING AGREEMENT DATED
AS OF AUG 1, 2003, WITHOUT RECOURSE

PARK PLACE SECURITIES INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES 2004-MCW1 UNDER
THE POOLING AND SERVICING AGREEMENT
DATED AS OF 9/1/2004, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES INC.,
ASSET BACKED PASS THROUGH
CERTIFICATES, SERIES 2004-R9 UNDER THE
POOLING & SERVICING AGREEMENT DATED
AS OF SEPTEMBER 1, 2004, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES INC.,
ASSET BACKED PASS THROUGH CERTIFICATES,
SERIES 2005-R3 UNDER THE
POOLING & SERVICING AGREEMENT DATED
AS OF APRIL 1, 2005, WITHOUT RECOURSE

| | |
|---|---|
| AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2003-6 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF MAY 1, 2003, WITHOUT RECOURSE<br><br>AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2005-R10 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2005, WITHOUT RECOURSE<br><br>AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-R11 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2004, WITHOUT RECOURSE<br><br>AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2003-13 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2003, WITHOUT RECOURSE<br><br>AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-R5 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JUNE 1, 2004, WITHOUT RECOURSE<br><br>AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED PASSTHROUGH CERTIFICATES SERIES 2004-R6<br><br>                      Defendants. | |

## AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs charge defendants with failure to honor valid rescission requests in violation of 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of applicable state law.

### JURISDICTION AND VENUE

2 This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claims under the Truth in Lending Act arise under federal law. This Court has supplemental jurisdiction over plaintiffs' claims under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

### PARTIES

4. Plaintiffs are home owners who refinanced their mortgages in transactions with Ameriquest Mortgage Company.

5. Defendant Ameriquest Mortgage Company originated all plaintiffs' mortgages.

6. Defendant AMC Mortgage Services, Inc. at one point serviced plaintiffs' mortgages that were originated by Ameriquest.

7. Defendant Ameriquest Mortgage Securities, Inc. holds or held legal title to the mortgage loans originated by Ameriquest at issue in this lawsuit.

8. Defendant ACC Capital Holdings is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services Inc.

9. Defendant Deutsche Bank National Trust Company is the trustee of Ameriquest Mortgage Securities Inc. for the various asset backed pass-through certificates which own plaintiffs' loans.

10. Defendant Countrywide Home Loans, Inc. is currently servicing the loan of Preston & Delana Joyner and claims the right to receive payments thereunder and does business in this district.

12. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series Quest 2005-X2 under the Pooling & Servicing Agreement dated as of September 1, 2005, Without Recourse and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series Quest 2005-X2 under the Pooling & Servicing Agreement dated as of September 1, 2005, Without Recourse is the investor for the Kessler loan.

13. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R3 under the Pooling & Servicing Agreement dated as of April 1, 2004, Without Recourse and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R3 under the Pooling & Servicing Agreement dated as of April 1, 2004, Without Recourse is the investor for the Thibodeau loan.

14. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2004-R1 under the Pooling & Servicing Agreement dated as of February 1, 2004 Without Recourse and/or

Ameriquest Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2004-R1 under the Pooling & Servicing Agreement dated as of February 1, 2004 Without Recourse is the investor for the Cashen loan.

15. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R6 Under the Pooling and Servicing Agreement Dated as of July 1, 2005, Without Recourse and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R6 Under the Pooling and Servicing Agreement Dated as of July 1, 2005, Without Recourse is the investor for the Cooper, Scott, and Bush & Muller loans.

16. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004, Without Recourse and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004, Without Recourse is the investor for the Leach loan.

17. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8, under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse and/or Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8, under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse is the investor for the Barletta, Gelman, Fuller, Morgida, Grabowski and Dearden loans.

18. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R4CGM, Under the Pooling and Servicing Agreement Dated as of May 1, 2005, Without Recourse and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R4CGM, Under the Pooling and Servicing Agreement Dated as of May 1, 2005, Without Recourse is the investor for the Solnin loan.

19. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-R12, Under the Pooling and Servicing Agreement dated as of December 1, 2004, Without Recourse and/or Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-R12, Under the Pooling and Servicing Agreement dated as of December 1, 2004, Without Recourse is the investor for the Harrison loan.

20. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R5 Under the Pooling and Servicing Agreement Dated as of June 1, 2005, Without Recourse and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R5 Under the Pooling and Servicing Agreement Dated as of June 1, 2005, Without Recourse is the investor for the Shields loan.

21. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, Without Recourse and/or Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing

4

Agreement dated as of Aug 1, 2003, Without Recourse is the investor for the Sedgwick and Wessel loans.

22. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R9, under the Pooling & Servicing Agreement dated as of September 1, 2004, Without Recourse and/or Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R9, under the Pooling & Servicing Agreement dated as of September 1, 2004, Without Recourse is the investor for the Rodriguez & Chapman loan.

23. Defendant Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2005-R3, under the Pooling & Servicing Agreement Dated As Of April 1, 2005, Without Recourse and/or Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-6, under the Pooling & Servicing Agreement Dated As Of May 1, 2003, Without Recourse is the investor for the Van Gorp loan.

24. Defendant Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-6, under the Pooling & Servicing Agreement Dated As Of May 1, 2003, Without Recourse and/or Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-6, under the Pooling & Servicing Agreement Dated As Of May 1, 2003, Without Recourse is the investor for the Van Gorp loan.

25. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R11 under the Pooling & Servicing Agreement dated as of December 1, 2004, Without Recourse and/or

Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R11 under the Pooling & Servicing Agreement dated as of December 1, 2004, Without Recourse is the investor for the Warren and Kite loans.

26. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-13 under the Pooling & Servicing Agreement date December 1,2003, Without Recourse and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-13 under the Pooling & Servicing Agreement date December 1,2003, Without Recourse is the investor for the Applegate loan.

27. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R6 and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R6 is the investor for the Cleveland loan.

28. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R5 and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R5 is the investor for the Calder and Dougherty loans.

29. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-R10 and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-R10 is the investor for the Maldonado loan.

30. Defendant Washington Mutual Bank, is the investor for the Green & Lappin loans.

31. Defendant Goldman Sachs Mortgage Company is the investor for the O'Malley loan.

32. Defendant Park Place Securities, Inc., as trustee of Park Place Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-MCW1 Under the Pooling and Servicing Agreement Dated as of 9/1/2004, Without Recourse and/or Park Place Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-MCW1 Under the Pooling and Servicing Agreement Dated as of 9/1/2004, Without Recourse is the investor for the Joyner loan.

33. Plaintiffs are informed and believe that, at all times herein mentioned, each defendant was the agent, co-conspirator, joint tortfeasor, joint venturer, and/or alter ego of each other defendant. In doing the things alleged herein, each defendant was acting within the course and scope of said agency, conspiracy, contract, and/or joint venture with the direction, advance knowledge, authorization, acquiescence, and/or subsequent ratification of each and every remaining defendant. Each defendant was put in a position and so enabled by the remaining defendant to do the things hereinafter alleged. Each defendant had the knowledge of and agreed to the objective and course of action hereinafter alleged, and each defendant conspired with and aided and abetted each other defendant in achieving that objective and pursuing that course of action.

34. Whenever reference is made in this complaint to any act, deed or transaction of any defendant corporation, or any other defendant business entity, such allegations shall be deemed to mean that the officers, directors, agents or employees of said defendant authorized, acted and did such acts in behalf of said defendant while actively engaged in the management, direction or control of its affairs and while acting within the course and scope of their employment.

35. Whenever reference is made in this complaint to any act of any defendant, such allegation shall be deemed to mean the act of each defendant, acting individually, jointly and severally.

36. At all times relevant herein, defendants, and each of them, were the agents of each of the other defendants and in doing the things alleged herein were acting within the course and scope of said agency.

## COUNT ONE -- TRUTH IN LENDING ACT

37. Plaintiffs incorporate paragraphs one through thirty-six above, as well as their individual filed complaints.

38. Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first"). Accordingly, plaintiffs sent rescission notices to Ameriquest and the owners and servicers of their respective mortgages within the extended rescission periods.

39. When a valid rescission request is made by the consumer, "the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charges." 12 C.F.R. § 226.23(d)(1). In addition, "within 20 calendar days after the receipt of a notice of rescission, the creditor shall return any money or

property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest." 12 C.F.R. § 226.23(d)(2). Defendants have done neither.

40. Defendants' failure to honor the rescission requests is a violation of the Truth in Lending Act separate from the violations which extended the rescission periods. Plaintiffs are entitled to rescission plus actual damages, statutory damages and other relief.

## COUNT TWO
## FALSE ADVERTISING / UNFAIR AND DECEPTIVE ACTS AND PRACTICES

41. Plaintiffs incorporate paragraphs one through forty above, as well as their individual filed complaints.

42. In connection with trade or commerce, Ameriquest engaged in false advertising and engaged in unfair and deceptive acts and practices in violation of State laws (including common law doctrines) which prohibit bait and switch sales practices. More specifically, as detailed in prior filed complaints incorporated herein, Ameriquest baited plaintiffs into mortgage transactions by offering relatively favorable terms and then switched to more expensive terms. This misconduct has caused damage to plaintiffs.

43. The other defendants (except Countrywide Home Loans, Inc.) are jointly responsible because Ameriquest acted as their agent and/or co-conspirator and because the other defendants knowingly aided, abetted, participated in and/or assisted in the pattern and practice of misconduct. The other defendants are therefore jointly and severally liable to plaintiffs.

## COUNT THREE
## NEGLIGENCE

44. Plaintiffs incorporate paragraphs one through forty-three above, as well as their individual filed complaints.

45. Because of a lack of due care, Ameriquest made false and misleading representations to plaintiffs upon which plaintiffs justifiably and detrimentally relied. More specifically, as detailed in prior filed complaints incorporated herein, Ameriquest baited

9

plaintiffs into mortgage transactions by offering relatively favorable terms and then switched to more expensive terms. This misconduct has caused damage to plaintiffs. The other defendants (except Countrywide) are jointly responsible because Ameriquest was acting as their agent and/or co-venturer.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

a. canceling the appropriate defendants' security interests in appropriate plaintiffs' homes and ordering those defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

b. awarding plaintiffs actual damages proximately caused by defendants' failure to comply with 12 C.F.R. § 226.23(d)(2);

c. awarding appropriate statutory damages;

d. awarding plaintiffs costs, penalties, and attorneys fees;

e. awarding plaintiffs actual and punitive damages;

f. granting such other relief as the Court deems just and proper.

Respectfully submitted by:

/s/ Anthony P. Valach, Jr.
Counsel for the Plaintiffs

Daniel Harris, Esq.
Anthony Valach, Esq.
The Law Offices of Daniel Harris
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606
Phone: (312) 960-1802
Fax: (312) 960-1936
lawofficedh@yahoo.com