**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**FILED**

NOV 1 9 2007
Nov. 19, 2007
**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

IN RE AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

---

THIS DOCUMENT RELATES TO ALL
ACTIONS INVOLVING THESE ANSWERING
THIRD-PARTY DEFENDANTS

AMERIQUEST MORTGAGE COMPANY, a
Delaware corporation, et al.

        Defendants and Third-party
        Plaintiffs,

v.

NORTHWEST TITLE AND ESCROW
CORPORATION, a Minnesota corporation, et al.

        Third-Party Defendants.

---

**THIRD-PARTY DEFENDANTS
NORTHWEST TITLE AND ESCROW
CORP.'S AND CLOSENET, LLC'S
JOINT ANSWER TO DEFENDANTS
AND THIRD-PARTY PLAINTIFFS'
COMPLAINT**

MDL NO. 1715

LEAD CASE NO. 05-CV-0797

(CENTRALIZED BEFORE THE
HONORABLE MARVIN E. ASPEN)

---

The Third Party Defendants Northwest Title and Escrow Corp. and CloseNet, LLC, as
and for their Joint Answer to the Defendant/Third-Party Plaintiffs' Complaint, state and allege as
follows:

1.     Except as hereinafter specifically admitted, deny each and every allegation set
forth in the Third-Party Plaintiffs' Complaint and allege lack of service of copies of the
Plaintiffs' Complaint in accordance with Rule 14(c) Fed. R. Civ. P.

2.     Admit the allegations set forth in paragraphs 1-4, 6, 7, 9, 11, and 16 of the Third-
Party Plaintiffs' Complaint.

3.     Are without sufficient information to form a belief concerning the truth of the
allegations set forth in paragraphs 12, 13, 17, and 37-41 of the Third-Party Plaintiffs' Complaint.

4.     Deny the allegations set forth in paragraphs 5, 8, 10, 14, 15, 18-36, and 42-59 of the Third-Party Plaintiffs' Complaint, and allege that the Third-Party Plaintiffs have failed to state a claim upon which relief can be granted.

5.     Deny the allegations set forth in paragraphs 5, 8, 10, 14, 15, 18-36, and 42-59 of the Third-Party Plaintiffs' Complaint and further deny that any of the Plaintiffs have suffered any damages as a result of any actions on the part of Third-Party Defendants Northwest Title and Escrow Corp. and/or CloseNet, LLC.

6.     Deny the allegations set forth in paragraphs 8, 10, 14, 19, 20-22, 42-46 of the Third-Party Plaintiffs' Complaint that Third-Party Defendants warranted and/or contracted with Third-Party Defendants to prepare, complete and have executed by the borrowers a "Notice of Right to Cancel" and affirmatively allege that the preparation of the "Notice of Right to Cancel" was specifically undertaken by Defendants and/or other vendors and that Third-Party Defendants have no contractual obligation to undertake any settlement service task other than to prepare the HUD-1 Settlement Statement which was forwarded to Defendants and to send the executed mortgage for recordation which was received directly from the Defendants.

7.     Deny the allegations set forth in paragraphs 10, 14, 23-26, 31-35, 47-50, and 55-59 of the Third-Party Plaintiffs' Complaint that Third-Party Defendants were negligent and entitled to contribution from Third-Party Defendants and affirmatively allege that Third-Party Defendants had no duty to Defendants regarding compliance with any laws pertaining to documents prepared by Defendants and the proper execution of documents by the persons or entities hired by Defendants, or Defendants themselves, pertaining to the execution of those documents.

2

8. Deny the allegations set forth in paragraphs 27-30 and 51-59 of the Third-Party Plaintiffs' Complaint that Defendants are entitled to indemnity from Third-Party Defendants under principles of equity and affirmatively allege that Defendants and Third-Party Plaintiffs' claims against these answering Third-Party Defendants are barred by the Equitable Principles of Waiver, Laches and Equitable Estoppel.

9. Deny the allegations set forth in paragraphs 5, 8, 10, 14, 15, 18-36, and 42-59 of the Third-Party Plaintiffs' Complaint and affirmatively allege that Defendants lack privity of contract as related to transactions between the Defendants and the Plaintiffs-borrowers/customers of the Defendants.

**WHEREFORE**, the Third-Party Defendants Northwest Title and Escrow Corp. and CloseNet, LLC request that judgment be entered in its favor and against the Defendants/Third-Party Plaintiffs, dismissing their Third-Party Complaint in its entirety and that Third-Party Defendants Northwest Title and Escrow Corp. and CloseNet, LLC be awarded their costs, disbursements and attorneys' fees herein.

Dated 11/16/07

Respectfully submitted,

Attorney for Third-Party Defendants
Northwest Title and Escrow Corp. and
CloseNet, LLC

Wayne B. Holstad, Esq.
Minnesota Attorney I.D. #124461
30 East Seventh Street #1690
St. Paul, Minnesota 55101
Phone: 651-379-5006 Fax: 651-379-5007
wholstad@integraonline.com

3

## AFFIDAVIT OF SERVICE

I, Carolyn Rametta, hereby certify that on this 18th day of November 2007, I served a true

and correct copy of the attached Third-Party Defendants Northwest Title and Escrow Corp.'s and

CloseNet, LLC's Joint Answer to Defendants and Third-Party Plaintiffs' Complaint by U.S. mail

enclosed in a properly addressed envelope, by depositing the same, with postage prepaid, in the

United States mail at St. Paul, Minnesota, addressed as follows:

> Bernie LeSage, Esq.
> BUCHALTER NEMER
> 1000 Wilshire Blvd., Suite 1500
> Los Angeles, CA 90017

_Carolyn Rametta_
Carolyn Rametta

Subscribed and sworn to before me on
the __18__ day of __November__ 2007.

_Helen A. Mikle_
Notary Public



HELEN A. MIKLE
NOTARY PUBLIC - MINNESOTA
MY COMM. EXPIRES JAN. 31, 2010

4