UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No.: 05-CV-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br>*Surin v. Alpha Mortgage Lending, LLC, et al.*, Case No. 05-CV-1653 (D.Conn.)<br>Case No. 06-CV-03584 (N.D. Ill) | |
| AMERIQUEST MORTGAGE COMPANY, *et. al.*<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>NORTHWEST TITLE AND ESCROW CORPORATION, *et. al.*,<br><br>Third-Party Defendants. | NOVEMBER 27, 2007 |

**THIRD-PARTY DEFENDANTS ADVANTAGE EQUITY SERVICES, INC. AND CBC COMPANIES MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

I. **INTRODUCTION**

The case underlying this matter originated in the United States District Court for the District of Connecticut on September 14, 2005, by the filing of a complaint by Plaintiff Wetzer Surin ("Surin"). Subsequently, on or about April 24, 2006, Surin filed his First Revised

Complaint ("Complaint") against Alpha Mortgage Lending, LLC ("Alpha"), Argent Mortgage Company, LLC ("Argent"), Countrywide Home Loans, Inc. ("Countrywide") and Advantage Equity Services, Inc. ("AES"). Surin's Complaint alleged violations of the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; the Connecticut Truth In Lending Act, Conn. Gen. Stat. § 36a-676 *et. seq.*;, the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2601 *et seq.*; Forgery, Conn. Gen. Stat. § 52-565; Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*; and Breach of Contract.[1] Pursuant to 28 U.S.C. § 1407, Surin's case was subsequently transferred by the Judicial Panel of Multidistrict Litigation to the Northern District of Illinois in MDL No. 1715 – *In Re Ameriquest Mortgage Company Mortgage Lending Practices Litigation,* Case No. 1:05-CV-07097.

On or about August 24, 2007, Ameriquest Mortgage Company ("Ameriquest") and Argent (collectively "Third-Party Plaintiffs") filed a First Amended Consolidated Third-Party Complaint (the "Third-Party Complaint") against hundreds of Third-Party Defendants in the Ameriquest Multidistrict Litigation, including AES and CBC Companies ("CBC"). The Third-Party Complaint seeks to hold the Third-Party Defendants liable for any damages for which they may be liable as a result of the underlying civil actions pending against them. In the Third-Party Complaint, Ameriquest alleges the following claims against numerous Title Defendants, which are listed in the Appendix A and Appendix B of the Third-Party Complaint: (1) Breach of

---

[1] While AMC Mortgage Services, Inc. ("AMC") was also listed as a Defendant in Surin's Complaint, there were no allegations against AMC and Plaintiff Surin withdrew his claims against AMC on January 24, 2006.

2

Contract (First Count); (2) Negligence (Second Count); (3) Equitable Indemnity (Third Count); and (4) Contribution (Fourth Count). In the Third-Party Complaint, Argent alleges the following claims against AES and CBC[2]: (1) Breach of Contract (Sixth Count); (2) Negligence (Seventh Count); (3) Equitable Indemnity (Eighth Count); and (4) Contribution (Ninth Count).[3]

AES and CBC now move to dismiss Counts One through Four of the Third-Party Complaint filed by Ameriquest. Ameriquest was not a party to the underlying litigation involving Surin's Complaint and there was no contractual or other relationship between Ameriquest and AES or CBC during the transaction underlying Surin's Complaint. Consequently, there is no basis upon which AES or CBC can be liable to Ameriquest. Furthermore, to the extent that Ameriquest seeks indemnification from AES or CBC in the remainder of the underlying lawsuits brought against Ameriquest listed in Appendix A and Appendix B of the Third-Party Complaint, there is similarly no contractual or transactional relation between Ameriquest and AES and CBC. Accordingly, there is no basis upon which AES or CBC can be liable to Ameriquest.

CBC further moves to dismiss Counts Six through Nine of the Third-Party Complaint filed by Argent. Argent has failed to allege any facts demonstrating that CBC could be liable to

---

[2] These claims are brought because AES and CBC are listed in Appendix B.
[3] The Fifth Count of the Third-Party Complaint filed by Argent is not against AES or CBC, but rather alleges Breach of Contract against the numerous Mortgage Broker Third-Party Defendants. Accordingly, Count Five does not seek a claim for relief against AES or CBC.

3

Surin in the underlying transaction; or that it is otherwise liable to Argent for any claims alleged in the Third-Party Complaint.

## II. FACTS AND PROCEDURAL BACKGROUND

### A. Plaintiff Wetzer Surin's Complaint

Plaintiff Surin resides in the State of Connecticut. (Surin's Complaint, ¶ 4). He alleges that on April 18 and 25, 2005, an agent from Alpha solicited him to refinance an existing home mortgage loan of his property located at 320 Maplewood Avenue, Bridgeport, Connecticut. (Surin's Complaint, ¶¶ 1, 9-10). According to Surin, Tabatha Sturgill presented herself at Plaintiff's home on May 8, 2005 as an agent, servant and/or employee of Alpha, Argent and/or AES. (Surin's Complaint, ¶ 12). Surin claims that he executed documents for a loan from Argent, including an adjustable 30-year open-end mortgage for the principal amount of $216,000 and an adjustable rate rider that provided an initial interest rate of 9.95 percent. However, he claims that he was not given a copy of the loan and/or any closing documents until one month later. (Surin's Complaint, ¶¶ 13-15). He further claims that he did not receive or sign a Notice of Right to Cancel when he made the loan and that he was not provided with any loan document until June 8, 2005. (Surin's Complaint, ¶¶ 24-26).

According to Surin, he contacted Alpha on May 10, 11 and 12, 2005 to complain that he had not received a copy of his loan documents. He further directed Alpha to stop, cancel and/or rescind the loan. (Surin's Complaint, ¶¶ 17-18). The President of Alpha, Debbie Sferrazza, allegedly replied "O.K." and agreed to cancel the loan. (Surin's Complaint, ¶ 19). However,

4

despite having this contact with Alpha, his loan was nevertheless processed. (Surin's Complaint, ¶ 22). Surin further alleges that he exercised his right to rescind the contract and/or loan on July 27, 2005, but the loan has nevertheless been processed. (Surin's Complaint, ¶ 29).

### B. Multidistrict Litigation Procedural Background

Surin's lawsuit was transferred by the Judicial Panel of Multidistrict Litigation on or about June 16, 2006 pursuant to 28 U.S.C. § 1407 to the Northern District of Illinois in MDL No. 1715 – *In Re Ameriquest Mortgage Company Mortgage Lending Practices Litigation,* Case No. 1:05-CV-07097. After Ameriquest and Argent filed multiple third-party complaints against the individual defendants that had been transferred to the Northern District, the Court, on March 16, 2007, ordered Ameriquest and Argent to file one consolidated third-party complaint in the interests of judicial economy. The Court subsequently amended its order on March 22, 2007 by allowing untimely third-party complaints after the cut-off date only with leave of the court and for good cause shown. On or about April 19, 2007, Argent filed its Answer and Affirmative Defenses to Surin's Complaint.[4] Argent did not make a cross-claim against AES in that pleading.

Ameriquest and Argent eventually filed a Consolidated Third Party Complaint on July 31, 2007 and the pending Third-Party Complaint on August 24, 2007. While Ameriquest brought several claims against certain Title Defendants listed in the Appendix A and B to the

---

[4] Ameriquest did not file a responsive pleading to Surin's Complaint because it was not party to the lawsuit.

5

Third-Party Complaint, neither AES or CBC are listed in Appendix A to the Third-Party Complaint. Ameriquest seeks indemnification from the Title Defendants in the event that is found liable in any of the underlying actions in which it is a defendant.

### C. Argent's Third-Party Complaint Allegations

Argent has brought third-party claims against both AES and CBC arising out of Surin's Complaint,[5] although CBC was never a party to the underlying Surin Complaint. Specifically, Argent asserts that it entered into enforceable agreements with an entity listed in Appendix B as "Advantage Equity Services, Inc./CBC Companies" "through the providing of Escrow Lending Instructions, which require, *inter alia*, the proper execution, disclosure, and issuance of the required closing documents, including the Notice of Right to Cancel and the HUD-1 Settlement Statement." (Third-Party Complaint, ¶ 14). According to Argent, AES and CBC are wholly responsible for any alleged misrepresentations, improper tactics, or failed disclosures that may be found to have occurred in the process of obtaining a loan for Surin from Argent. (Third-Party Complaint, ¶ 17).

---

[5] One procedural defect is that the Third-Party Complaint was untimely filed and without leave of the Court. A third-party plaintiff need not obtain leave of the court to file the third-party complaint if it is made not later than ten (10) days after serving the original answer. F.R.C.P. 14(a). Otherwise, the court must grant leave on motion to file such a complaint. *Id.* Here, the Court ordered that a third-party complaint be filed within forty-five (45) days of the Answer. Argent filed its Answer on April 19, 2007, thus making the third-party complaint due on June 4, 2007. However, the original Third-Party Complaint was not filed until July 31, 2007. There is no indication in the docket that Argent sought permission from the Court to file a late Third-Party Complaint.

6

Argent claims that AES and CBC entered into a valid and enforceable contract with it that required them to accurately complete a Notice of Right to Cancel form and provide Surin with the correct number of copies of that form. (Third-Party Complaint, ¶¶ 41-44). However, Argent did not attach any agreement involving CBC to the Third-Party Complaint. Argent alleges generally that if Surin's allegations are proven true, AES and CBC are responsible for any loss because they breached the contract with Argent or were negligent in failing to provide required disclosures in connection with mortgage loans. (Third-Party Complaint, ¶¶ 45, 47-50). Argent also asserts that it is entitled to equitable indemnification and/or contribution from AES and CBC. (Third-Party Complaint, ¶¶ 51-54, 59).

### III. ARGUMENT

#### A. Legal Standard

A motion to dismiss may be granted for failure to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). A court must accept the well-pleaded allegations in the Third-Party Complaint as true and draw all reasonable inferences in favor of the Third-Party Plaintiffs. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). However, the court is not required "to accept assertions of law or unwarranted factual inferences." *Stachowski, supra*. "Dismissal under Rule 12(b)(6) is proper only where the plaintiff can prove no set of facts that would entitle him to relief." *Marshall-Mosby v. Corporate Receivables, Inc., supra*.

7

### B. Counts One through Four by Ameriquest are Legally Insufficient Because Neither AES Nor CBC Can Be Liable to Ameriquest in the Underlying Complaints, Including Surin's Complaint

Rule 14(a) of the Federal Rules of Civil Procedure provides that a third-party plaintiff may only bring a third-party complaint against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Thus, Ameriquest must plead sufficient facts demonstrating a viable claim against AES and CBC. Federal courts have consistently dismissed similar third-party complaints. *See Citicorp Vendor Finance, Inc. v. ISA Pharmacy, Inc.*, 2004 WL 406985 (N.D.Ill. March 3, 2004) (Darrah, J.) (copy attached) (third-party complaint dismissed where bankruptcy successor corporation was not liable for any claims asserted by plaintiff in the underlying litigation); *Arkwright Mutual Insurance Co. v. Garrett & West, Inc.*, 790 F.Supp. 1386 (N.D.Ill. 1992) (third-party complaint alleging contribution against third-party defendant dismissed because third-party defendant is not liable to plaintiff in underlying action).

Counts One through Four of the Third-Party Complaint by Ameriquest against AES and CBC are legally deficient. Neither AES nor CBC is liable to Ameriquest because Ameriquest was not a party to the transaction underlying Surin's Complaint. Moreover, in the Surin transaction, there is no allegation of a contractual relationship between Ameriquest and AES or CBC during the transaction underlying Surin's Complaint. Consequently, there is no basis upon which AES or CBC could be liable to Ameriquest as a result of the Surin transaction. To the

8

extent that Ameriquest seeks indemnification from AES or CBC in the remainder of the underlying lawsuits brought against Ameriquest and listed in Appendix A and Appendix B of the Third-Party Complaint, there is similarly no contractual or any other relationship between Ameriquest and AES and CBC in any of those matters. Accordingly, there is no basis upon which AES or CBC can be liable to Ameriquest and the claims it has purported to assert against them should be dismissed.

    **C.**    **Counts Six, Seven, Eight and Nine by Argent against CBC are Legally Insufficient Because CBC is a Corporate Entity Separate from AES with No Involvement in the Underlying Action Filed By Plaintiff Wetzer Surin Against Argent**

Argent's attempt to include CBC as a Third-Party Defendant within Counts Six through Nine lacks a legal and factual basis. In Appendix B, Argent lists Stewart Title Guaranty Company and "Advantage Equity Services, Inc./CBC Companies" as Title Defendants who, as set forth above, are allegedly liable to it for any damages Surin may recover against Argent. In other words, Argent appears to be alleging a claim against CBC on the basis that it is the same entity as AES. Argent's attempt in this regard is misplaced.

AES and CBC are two separate and distinct corporations. They are not the same entity as Argent appears to be implying in the Third-Party Complaint. The distinction between AES and CBC is significant. CBC was not a defendant in Surin's Complaint. In fact, neither Surin nor Argent has alleged any contractual or other relationship involving CBC in the loan transaction underlying Surin's Complaint. Moreover, Argent has failed to attach any agreement involving

9

CBC. In other words, neither Surin nor Argent have alleged that the transaction concerning Mr. Surin involved CBC. The allegations relate solely to the alleged conduct of AES. Consequently, CBC cannot be held liable to Surin or, consequently, Argent under any theory of liability.

Because Argent's has failed to raise any factual allegation that AES and CBC are the same entity, its claims against CBC must be dismissed. For example, in *RMS Production Corp. v. Petroleos De Venezuela Societa Anonima*, 338 F.Supp.2d 1208 (D. Colo. 2004), the court granted CITGO's motion to dismiss where the only allegation regarding its involvement in the underlying events was that it was the wholly-owned United States marketing arm of the other defendants who had allegedly violated the plaintiff's rights. According to the court, that fact, standing alone, could not subject CITGO to liability. *See also National Union Fire Insurance Co. of Pittsburgh, Pennsylvania v. Hicks, Muse, Tate & Furst, Inc.*, 2002 WL 1482625 (S.D.N.Y. July 10, 2002) (Scheindlin, J.) (copy attached) (where two entities were legally distinct corporations and there was no claim to disregard the corporate form, the court granted motion to dismiss).

Here, Argent has failed to allege any facts that CBC had a role in the underlying mortgage transaction that serves as the basis of Surin's Complaint. Moreover, Argent has failed to allege that AES and CBC are the same corporation. Rather, Argent only lists as a Title Defendant in Appendix B "Advantage Equity Services, Inc./CBC Companies." Simply labeling a single "Title Defendant" as two legally distinct corporations with a backslash between their names is insufficient to allege they are a single entity. *See Old Republic Insurance Co. v. Hansa*

*World Cargo Service, Inc.*, 170 F.R.D. 361 (S.D.N.Y. 1997) (claiming that defendants are alter egos and successors of each other without factual allegations as to which company was the parent company, which veil it wishes to pierce, how parent company controlled or dominated others, or how wrongs were result of control or dominion of one entity insufficient to withstand motion to dismiss); *Strojmaterialintorg v. Russian American Commercial Corp.*, 815 F.Supp. 103 (E.D.N.Y. 1993) (mere restatement of appropriate legal standard to pierce the corporate veil without any particularized allegation indicating how defendant disregarded corporate formalities is insufficient).

In short, Argent has failed to allege a single fact that would indicate CBC had any contractual or other obligation in the underlying transaction that could give rise to liability. Consequently, the court should dismiss CBC from this action.

### IV. **CONCLUSION**

For the foregoing reasons, Ameriquest's claims against AES and CBC in Counts One through Four and Argent's claims against CBC must be dismissed.

Done at Bridgeport, Connecticut this 27th day of November, 2007.

/s/_____
Stephen M. Sedor (ct21117)
Durant, Nichols, Houston,
Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT 06604
Telephone (203) 366-3438
Facsimile (203) 384-0317
Ssedor@durantnic.com

ATTORNEYS FOR THIRD-PARTY
DEFENDANTS, ADVANTAGE EQUITY
SERVICES, INC. and CBC COMPANIES

## **CERTIFICATION**

I hereby certify that on November 27, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/_____
Stephen M. Sedor

P:\lit\pd\143800\230\00063898.DOC