IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS<br><br>AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company,<br><br>      Third-Party Plaintiffs,<br><br>      v.<br><br>NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, *et al.*<br><br>      Third-Party Defendants. | MDL NO. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

## TIMOTHY P. KENNEDY, CONNECTICUT CLOSING SERVICES, AND JOSEPH D'AGOSTINO'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

### Introduction

    The cases underlying this matter originated in the United States District Court for the Northern District of Illinois, by the filing of complaints by plaintiffs, Lanou, Reidell, Arbuckle, and against the defendant/third-party plaintiff, Argent Mortgage Company, on or about June 25, 2007, and regarding Figueroa, on August 20, 2007. The complaints of Lanou, Reidell, Arbuckle, and Figueroa (hereinafter referred to as "plaintiffs") allege violations of the Federal Truth in

Lending Act, 15 U.S.C. §1601 et seq.; and the Connecticut Truth in Lending Act, Conn.Gen.Stat. §36a-676 et seq.  Pursuant to 28 U.S.C. § 1407, those cases were transferred by the Judicial Panel of Multidistrict Litigation to the Northern District of Illinois in MDL No. 1715 – *In Re Ameriquest Mortgage Company Mortgage Lending Practices Litigation,* Case No. 1:05-cv-07097.

On or about August 24, 2007, Argent, third-party plaintiff, filed a First Amended Consolidated Third-Party Complaint against hundreds of third-party defendants in the Ameriquest Multidistrict Litigation, including against third-party defendants, Kennedy, Connecticut Closing Services, and D'Agostino.  The third-party complaint seeks to hold third-party defendants liable for any damages for which third-party plaintiffs may be liable as a result of the underlying civil actions pending against them.  The third-party complaint filed by Argent against numerous Title defendants in Counts V – VIII claim Breach of Contract, Negligence, Equitable Indemnity, and Contribution.

In general, the underlying plaintiffs claim various violations of state and federal law, and as indicated in paragraphs eleven through seventeen of the third-party complaint, those underlying plaintiffs claim that Argent made misrepresentations regarding loan terms, engaged in bait and switch tactics, failed to make proper disclosures, including notice of the right to cancel, and/or improperly serviced plaintiffs' loans.

The movants herein, Kennedy, Connecticut Closing Services, and D'Agostino, are Title defendants, who performed the real estate closings referred to in the underlying plaintiffs' claims.  The allegations applicable to these movants relate to whether or not these underlying plaintiffs, at their closings, were given proper rescission notices, as required by state and federal law.  Argent claims that it entered into agreements with these Title defendants which required

proper execution, disclosure and issuance of closing documents, including notice of the right to cancel and the HUD-1 Settlement Statement. In general, Argent claims that if there were any failures at closing, which resulted in the underlying plaintiffs not receiving necessary closing documents, then it was a result of the fault of these third-party defendants.

### Multidistrict Litigation Procedural Background

The underlying plaintiffs' lawsuits were transferred by the Judicial Panel of Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, to the Northern District of Illinois in MDL No. 1715, *In Re Ameriquest Mortgage Company Mortgage Lending Practices Litigation*, Case No. 1:05-cv-07097. Thereafter, the court ordered Ameriquest and Argent to file one consolidated third-party complaint, and this pleading was eventually filed in August of 2007. Argent and Ameriquest seek contribution and/or indemnification from various Title defendants in the event that third-party plaintiffs are found liable in any of the underlying actions.

### Argent's Allegations Against Third-Party Defendants

Argent asserts in its third-party complaint that it entered into enforceable agreements with various third-party defendants, including the movants, Kennedy, Connecticut Closing Services, and D'Agostino. Argent claims that agreements required preparation, the proper execution, disclosure and issuance of the required closing documents, including the Notice of Right to Cancel and the HUD-1 Settlement Statement (Third-Party Complaint, par. 14). Argent claims that third-party defendants are wholly responsible for any claimed misrepresentations, or failed disclosures, or improper tactics, which occurred in the process of obtaining the loans from Argent. (Third-Party Complaint, par. 17).

3

In spite of the fact that Argent claims that it had a valid and enforceable contract with these third-party defendants, nowhere is that agreement attached to Argent's pleading. Additionally, the pleading filed by Argent fails to set forth any of the claimed terms in the agreement referred to in the third-party complaint. Argent generally alleges that if the underlying plaintiffs' claims are true, then these movants, Kennedy, Connecticut Closing Services, and D'Agostino, are liable because they were the individuals or title companies required to provide these documents. (Third-Party Complaint, pars. 45 and 47-50). Argent claims also that it is entitled to contribution and/or equitable indemnification from these third-party defendants. (Third-Party Complaint, par. 51-54 and 59).

## Argument

### I. Requirements For Dismissal

Dismissal is the appropriate remedy where the complaint fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). In determining whether or not a pleading is adequate, the court is not required to accept assertions of law or unwarranted factual inferences. Rather, dismissal is appropriate where no set of facts exist which would entitle the plaintiff to recover. Essentially, a court may dismiss a meritless case which would otherwise waste judicial resources and result in unnecessary discovery. *Johnson v. Equity Title and Escrow Company of Memphis, LLC,* 476 F.Supp.2d 873 (W.D. Tenn. 2007).

### II. These Third-Party Defendants were Improperly Impleaded into this Multidistrict Litigation

The procedure for impleader is governed under Fed. R. Civ. P. Rule 14a, 28 U.S.C.A. A court, called upon to exercise its discretion as to impleader, must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case. *Irwin v. Mascott*, 94 F.Supp.2d 1052 (N.D. Cal., 2000).

In the *Irwin* case, plaintiffs attempted to implead third-party defendants on a claim filed under the Fair Debt Collection Practices Act (FDCPA) and the California Unfair Business Practices Act (CUBPA). The court held, "The F.D.C.P.A. is a strict liability statute and thus does not require a showing of intentional conduct on the part of the debt collector." Therefore, the fact that the debt collector relied on advice of counsel is no defense to a violation of that statute. The court held that if Congress had intended any right to contribution or indemnity under the FDCPA, it would have included that authority in the statute. Since that statute contains no right of an action for either contribution or indemnity, no third-party complaint was appropriate.

In *Irwin*, the court held that the right of impleader under Rule 14 exists where relief is sought from joint tortfeasors. However, if the statute under which the original claim is made, does not provide for any right to contribution or indemnity, impleader is not an appropriate legal tool. In fact, in *Irwin*, the court held, "Courts have found no implied cause of action for indemnification in a federal statute where there was no such express right in the statute, and where the third-party plaintiff was not the intended beneficiary of the statute; where the statute provides a right of action in one area, but not in another, there is 'rebuttable presumption' that the legislature did not intend to grant a cause." There is no express right of action for either contribution or indemnity in the FDCPA or the CUBPA. A presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement.

The *Irwin* court discussed the Fair Debt Collection Practices Act, which is part of the Truth in Lending Act, and held that its purpose is to protect consumers from unfair debt collection practices and to regulate the conduct of debt collectors. The court found that since there was no express or implied right of contribution or indemnity under the FDCPA, then the

5

court must reasonably deny, on pre-emption grounds, a motion to add a third-party claim for legal malpractice on those theories.

In the case at bar, Argent attempts to pass its statutory strict liability under the Truth in Lending Act off to the third-party defendants, here the closing agents. The closing agents are nowhere mentioned in the Truth in Lending Act. The only parties referred to in the Truth in Lending Act are creditors, and the persons to be protected are the borrowers. Therefore, under *Irwin*, this cause of action should be dismissed.

A similar result was reached in the case of *McSherry v. Capital One FSB,* 236 F.R.D. 516 (W.D. Wash., 2006). The *McSherry* case involved a claim by a consumer against a debt collector, and alleged violations of, among other statutes, the Truth in Lending Act. The court discussed whether or not the named defendants sued had a right of contribution or indemnity, and found that Rule 14a, the Federal Impleader Rule, allows the defending party to implead only a person or party, not a party to the action, who is or may be liable to the third-party plaintiff for all or part of the damages claimed in plaintiff's complaint. It must be an assertion of third-party defendant's derivative liability to the third-party plaintiff. The court then examined whether or not the federal statutes provided any basis for contribution or indemnity. The *McSherry* decision stated that in reviewing the statute, there was nowhere any language addressing a right of contribution or indemnity. The court held, "Viewed against the indisputably comprehensive nature of the statutory scheme, Congress's failure to include such a remedy can only be understood to have been deliberate." The court therefore found that allowing the debt collectors to assert claims for contribution or indemnity would be contrary to the stated purpose of the statutes at issue, the Fair Credit Reporting Act, as well as under the Truth in Lending Act, which similarly provides no right to contribution or indemnity. The court stated, ". . .It is neither

apparent that the court need craft a federal common-law remedy for purposes of uniformity, nor that Congress would have wanted a right of contribution to be created or enforced."

By reason of the cases cited, it is clear that these third-party defendants should be dismissed because they have not been properly impleaded pursuant to Rule 14a of the Federal Rules of Civil Procedure. Rule 14a only permits impleader where a third-party plaintiff might be liable for all or part of plaintiff's claim against the third-party plaintiff. In the cited cases, the courts have already held that these defendants cannot be liable for these claims, and therefore, there is no reason to clutter this case with unnecessary discovery and delay plaintiffs' rights to pursue their claims against the primary defendants/third-party plaintiffs.

### III. There is no Right Under Existing State Law For Any Cause of Action Against These Third-Party Defendants

These cases should be governed under the laws of the State of Connecticut, where the plaintiffs and the third-party defendants reside and where the transactions occurred.

When a transferee court receives a case from the MDL Panel, the transferee court applies the law of the circuit in which it is located to issues of federal law. However, when considering issues of state law, the transferee court must apply the state law that would have applied had the cases not be transferred for consolidation. *In Re General American Life Insurance Company Sales Practices Litigation,* 391 F.3d 907 (C.A. 8) (MO – 2004). It is clear that the substantive law of the State of Connecticut should apply to these claims.

The plaintiffs in the underlying actions claim certain violations of Connecticut state laws. However, the violations claimed are not sufficient to state any cause of action against third-party defendants, movants herein.

7

The statutes cited by plaintiffs under Connecticut state law include a state version of the Truth in Lending Act, at C.G.S.A. § 36a-683. That statute is entitled "Liability of Creditors", and applies only to creditors. It is clear that the Connecticut statute mirrors the Truth in Lending Act, which was meant to protect ordinary consumers from financial institutions and creditors. Because these third-party defendants are not creditors, their actions are not subject to the requirements of the statutes. *Farnsworth v. Reyes*, 1999 W.L. 164493. (Conn. Super. 1999)

Under the law of the State of Connecticut, third-party plaintiffs herein have no right of contribution or indemnity against these third-party defendants. In the case of *Harris v. Levin*, 2003 W.L. 21716455 (Conn. Super. 2003), the court has a lengthy discussion regarding indemnification and contribution. The court in *Harris* held that in the absence of a contract to indemnify, there is a requirement that the party seeking indemnity must prove the other was in control of the situation to the exclusion of the plaintiff. Since under the state and federal Truth in Lending Acts, responsibility for compliance is placed solely on the creditor, in this case third-party plaintiffs, that proof cannot be sustained. Further, there is no right to contribution because in Connecticut, the right to contribution exists only in post-judgment proceedings. (See. Conn. Gen. Stat. §52-572(h). Since these third-party defendants are not original parties to plaintiff's claim, they cannot be liable for contribution to third-party plaintiffs at this time.

In the State of Connecticut, there is no injury while a case is pending, and no right to contribution during the pendency of a claim. *Tilcon v. First Union,* 2001 W. L. 688511 (Conn. Super. 2001). The *Tilcon* case alleged a violation of the Uniform Commercial Code. The court held that there is no right to contribution while a claim is pending. The right of contribution only exists in parties who have paid more than the proportionate share of a judgment.

8

The court in *Tilcon* also held that generally in Connecticut, there is no right of indemnity between joint tortfeasors. The court held that if a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the party seeking indemnification was in control of the situation to the exclusion of the plaintiff. Since under the statutes which form the basis of the underlying plaintiffs' causes of action, these third-party defendants cannot be held liable, it is clear that there can be no right to indemnity, and therefore, those claims must be dismissed. Similarly, since under Connecticut law the right to contribution does not exist while a case is pending, the Contribution Acts must similarly be dismissed.

## Conclusion

For the reasons provided in this Memorandum, third-party defendants cannot be liable to plaintiffs under the statutes upon which the claims are based. These statutes are to be strictly construed and place certain duties and responsibilities on creditors. Since these third-party defendants are not creditors, and since the statutes themselves provide no right to contribution or indemnity, third-party plaintiffs' claims against these third-party defendants should be dismissed with prejudice.

Respectfully Submitted,

s/Harlene G. Matyas
Harlene G. Matyas (1796879)
Sreeram Natarajan (6283603)
*Attorneys for Third-Party Defendants,*
*Timothy P. Kennedy, Connecticut Closing*
*Services, and Joseph D'Agostino*
TRIBLER ORPETT & MEYER, P.C.
225 W. Washington Street, Suite 1300
Chicago, Illinois 60606
Telephone: (312) 201-6400
Facsimile: (312) 201-6401
hgmatyas@tribler.com

**CERTIFICATE OF SERVICE**

    I, Harlene G. Matyas, hereby certify that on this 29th day of November, 2007, a true and correct copy of Timothy P. Kennedy, Connecticut Closing Services, and Joseph D'Agostino's Memorandum of Law in Support of their Motion to Dismiss was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. All attorneys not listed on the electronic filing system will be sent a copy via Regular Mail.

                                                Respectfully Submitted,

                                                s/Harlene G. Matyas
                                                Harlene G. Matyas (1796879)
                                                Sreeram Natarajan (6283603)
                                                *Attorneys for Third-Party Defendants,*
                                                *Timothy P. Kennedy, Connecticut Closing*
                                                *Services, and Joseph D'Agostino*
                                                TRIBLER ORPETT & MEYER, P.C.
                                                225 W. Washington Street, Suite 1300
                                                Chicago, Illinois 60606
                                                Telephone: (312) 201-6400
                                                Facsimile: (312) 201-6401
                                                hgmatyas@tribler.com