IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS<br><br>AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company,<br><br>      Third-Party Plaintiffs,<br><br>    v.<br><br>NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, *et al.*<br><br>      Third-Party Defendants. | MDL NO. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

## **PORTNOY & GREENE, P.C.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

### **Introduction**

The case underlying this matter originated in the United States District Court for the District of Massachusetts, by the filing of complaints by certain plaintiffs, including James Pacheco and Antoinette Graham, against the defendant/third-party plaintiff, Ameriquest Mortgage Company, on or about August 24, 2006. The complaints filed by Graham and Pacheco against Ameriquest allege violations of the Federal Truth in Lending Law, and its Massachusetts counter-part, The Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L.ch 140D and

209 C.M.R. part 32 (hereinafter "MCCDA"). Pursuant to 28 U.S.C. § 1407, those cases were transferred by the Judicial Panel of Multidistrict Litigation to the Northern District of Illinois in MDL No. 1715 – *In Re Ameriquest Mortgage Company Mortgage Lending Practices Litigation,* Case No. 1:05-cv-07097.

On or about August 24, 2007, Ameriquest, third-party plaintiff, filed a First Amended Consolidated Third-Party Complaint against hundreds of third-party defendants in the Ameriquest Multidistrict Litigation, including against this third-party defendant, Portnoy & Greene, P.C. The third-party complaint seeks to hold third-party defendants liable for any damages for which third-party plaintiffs may be liable as a result of the underlying civil actions pending against them. The third-party complaint filed by Ameriquest against numerous Title defendants in Counts I - IV claim Breach of Contract, Negligence, Equitable Indemnity, and Contribution.

In general, the underlying plaintiffs claim various violations of state and federal law, and as indicated in paragraphs eleven through seventeen of the third-party complaint, those underlying plaintiffs claim that Ameriquest failed to make proper disclosures, including notice of the right to cancel regarding plaintiffs' loans.

The movant herein, Portnoy & Greene, P.C., is a Title defendant, law firm, which performed the real estate closings referred to in the underlying plaintiffs' claims. The allegations applicable to these movants relate to whether or not these underlying plaintiffs, at their closings, were given proper rescission notices, as required by state and federal law. Ameriquest claims that it entered into agreements with these Title defendants which required proper execution, disclosure and issuance of closing documents, including Notice of the Right to Cancel and the HUD-1 Settlement Statement. In general, Ameriquest claims that if there were

2

any failures at closing, which resulted in the underlying plaintiffs not receiving necessary closing documents, then it was as a result of the fault of this third-party defendant with respect to the claims of Graham and Pacheco.

## Multidistrict Litigation Procedural Background

The underlying plaintiffs' lawsuits were transferred by the Judicial Panel of Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, to the Northern District of Illinois in MDL No. 1715, *In Re Ameriquest Mortgage Company Mortgage Lending Practices Litigation*, Case No. 1:05-cv-07097. Thereafter, the court ordered Ameriquest and Argent to file one consolidated third-party complaint, and this pleading was eventually filed in August of 2007. Argent and Ameriquest seek contribution and/or indemnification from various Title defendants in the event that third-party plaintiffs are found liable in any of the underlying actions.

## Ameriquest's Allegations Against Third-Party Defendants

Ameriquest asserts in its third-party complaint that it entered into enforceable agreements with various third-party defendants, including the movant, Portnoy & Greene, P.C. Ameriquest claims that the agreement required preparation, the proper execution, disclosure and issuance of the required closing documents and forms. (Third-Party Complaint, pars. 8 & 10). The third-party complaint of Ameriquest alleges that to the extent any of the plaintiffs received an inaccurate, incomplete, or misleading Notice of Right to Cancel Form or an incorrect number of forms, this is attributable to the conduct of the Title defendant, who was hired to close these loans. (Third-Party Complaint, par. 10).

3

In spite of the fact that Ameriquest claims that it had a valid and enforceable agreement with the Title defendants, including this movant, Portnoy & Greene, P.C., nowhere is that agreement attached to Ameriquest's pleading. Additionally, the pleading filed by Ameriquest fails to set forth any of the claimed terms of this purported agreement that is referred to in the third-party complaint. Ameriquest generally alleges that if the underlying plaintiffs' claims are true, then the third-party defendants, including the movant, Portnoy & Greene, P.C., is liable because it was hired to close the particular loans involved, and should have provided those documents. (Third-Party Complaint, pars. 10, 21, 24, 25, 26, 28, 29, 32, and 33).

## Argument

### I. Requirements For Dismissal

Dismissal is the appropriate remedy where the complaint fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). In determining whether or not a pleading is adequate, the court is not required to accept assertions of law or unwarranted factual inferences. Rather, dismissal is appropriate where no set of facts exist which would entitle the plaintiff to recover. Essentially, a court may dismiss a meritless case which would otherwise waste judicial resources and result in unnecessary discovery. *Johnson v. Equity Title and Escrow Company of Memphis, LLC,* 476 F.Supp.2d 873 (W.D. Tenn. 2007).

### II. These Third-Party Defendants were Improperly Impleaded into this Multidistrict Litigation

The procedure for impleader is governed under Fed. R. Civ. P. Rule 14a, 28 U.S.C.A. A court, called upon to exercise its discretion as to impleader, must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case. *Irwin v. Mascott*, 94 F.Supp.2d 1052 (N.D. Cal., 2000). In the *Irwin* case, plaintiffs attempted to implead third-party defendants on a claim filed under

the Fair Debt Collection Practices Act (FDCPA) and the California Unfair Business Practices Act (CUBPA). The court held, "The F.D.C.P.A. is a strict liability statute and thus does not require a showing of intentional conduct on the part of the debt collector." Therefore, the fact that the debt collector relied on advice of counsel is no defense to a violation of that statute. The court held that if Congress had intended any right to contribution or indemnity under the FDCPA, it would have included that authority in the statute. Since that statute contains no right of an action for either contribution or indemnity, no third-party complaint was appropriate.

In *Irwin*, the court held that the right of impleader under Rule 14 exists where relief is sought from joint tortfeasors. However, if the statute under which the original claim is made, does not provide for any right to contribution or indemnity, impleader is not an appropriate legal tool. In fact, in *Irwin*, the court held, "Courts have found no implied cause of action for indemnification in a federal statute where there was no such express right in the statute, and where the third-party plaintiff was not the intended beneficiary of the statute; where the statute provides a right of action in one area, but not in another, there is 'rebuttable presumption' that the legislature did not intend to grant a cause." There is no express right of action for either contribution or indemnity in the FDCPA or the CUBPA. A presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement.

The *Irwin* court discussed the Fair Debt Collection Practices Act, which is part of the Truth in Lending Act, and held that its purpose is to protect consumers from unfair debt collection practices and to regulate the conduct of debt collectors. The court found that since there was no express or implied right of contribution or indemnity under FDCPA, then the court

5

must reasonably deny, on pre-emption grounds, a motion to add a third-party claim for legal malpractice on those theories.

In the case at bar, Ameriquest attempts to pass its statutory strict liability under the Truth in Lending Act off to this third-party defendant, the closing agent. The closing agent is nowhere mentioned in either the federal or state Truth in Lending Act. The only parties referred to in the Truth in Lending Act, both state and federal, are creditors, and the persons to be protected are the borrowers. Therefore, under *Irwin*, this cause of action should be dismissed.

A similar result was reached in the case of *McSherry v. Capital One FSB,* 236 F.R.D. 516 (W.D. Wash., 2006). The *McSherry* case involved a claim by a consumer against a debt collector, and alleged violations of, among other statutes, the Truth in Lending Act. The court discussed whether or not the named defendants sued had a right of contribution or indemnity, and found that Rule 14a, the Federal Impleader Rule, allows the defending party to implead only a person or party, not a party to the action, who is or may be liable to the third-party plaintiff for all or part of the damages claimed in plaintiff's complaint. It must be an assertion of third-party defendant's derivative liability to the third-party plaintiff. The court then examined whether or not the federal statutes provided any basis for contribution or indemnity. The *McSherry* decision stated that in reviewing the statute, there was nowhere any language addressing a right of contribution or indemnity. The court held, "Viewed against the indisputably comprehensive nature of the statutory scheme, Congress's failure to include such a remedy can only be understood to have been deliberate." The court therefore found that allowing the debt collectors to assert claims for contribution or indemnity would be contrary to the stated purpose of the statutes at issue, the Fair Credit Reporting Act, as well as under the Truth in Lending Act, which similarly provides no right to contribution or indemnity. The court stated, ". . .It is neither

6

apparent that the court need craft a federal common-law remedy for purposes of uniformity, nor that Congress would have wanted a right of contribution to be created or enforced."

By reason of the cases cited, it is clear that these third-party defendants should be dismissed because they have not been properly impleaded pursuant to Rule 14a of the Federal Rules of Civil Procedure. Rule 14a only permits impleader where a third-party plaintiff might be liable for all or part of plaintiff's claim against the third-party plaintiff. In the cited cases, the courts have already held that these defendants cannot be liable for these claims, and therefore, there is no reason to clutter this case with unnecessary discovery and delay plaintiffs' rights to pursue their claims against the primary defendants/third-party plaintiffs.

**III. There is no Right Under Existing State Law For Any Cause of Action Against This Third-Party Defendant**

This case should be governed under the laws of the State of Massachusetts, where the plaintiffs and the third-party defendant reside and where the transactions occurred, and where the original lawsuit was filed.

When a transferee court receives a case from the MDL Panel, the transferee court applies the law of the circuit in which it is located to issues of federal law. However, when considering issues of state law, the transferee court must apply the state law that would have applied had the cases not be transferred for consolidation. *In Re General American Life Insurance Company Sales Practices Litigation,* 391 F.3d 907 (C.A. 8) (MO – 2004). It is clear that the substantive law of the State of Massachusetts should apply to these claims.

7

The plaintiffs in the underlying actions claim certain violations of Massachusetts state laws. However, the violations claimed are not sufficient to state any cause of action against third-party defendants, movants herein.

The statutes cited by plaintiffs under Massachusetts state law include a state version of the Truth in Lending Act at 209 CMR 32 et seq., and the Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch 140D §10. Those statutes are entitled "Disclosure of Consumer Costs and Terms" and are enforceable only against creditors. It is clear that the Massachusetts' statutes mirror the Truth in Lending Act, which was meant to protect ordinary consumers from financial institutions and creditors. Because this third-party defendant is not a creditor, the actions alleged by plaintiffs in their complaints, and the actions alleged by third-party plaintiffs in their third-party complaint against this defendant, are not subject to the requirements of the statutes. *Ligouri v. Nguyen*, 23 Mass. L. Rptr. 57, 2007 W. L. 2705540 (Mass. Super. 2007).

Under the law of the State of Massachusetts, third-party plaintiff has no right of contribution or indemnity against this third-party defendant. For example, in the case of *Horvath v. Adelson, Golden, and Loria, P.C.*, 55 Mass.App.Ct. 1113, 773 N.E.2d 478 (2002), the court held that the law firm performing a closing could not be held directly liable under either federal or Massachusetts state Truth in Lending Laws because the law firm was not a creditor or lender to whom the law applied.

The Massachusetts court in the *Ligouri* case, held that where the plaintiffs, as in *Ligouri*, claimed a cause of action based on a statutory duty, and where the statute did not provide a right of indemnification, no such cause of action could be asserted. In *Ligouri*, the court held that the statutes should be strictly construed. The statute involved in the *Ligouri* case did not permit any cause of action for indemnity. The decision states that when a court is called upon to interpret a

statute, its duty is to give the words used by the legislature their plain and ordinary meaning, unless the legislature has supplied definitions of those terms, or a different meaning is required due to the context of their use, other statutes, or the technical nature of their terms.  Applying *Ligouri* to the instant cause of action, it is clear that the Massachusetts Consumer Credit Cost & Terms statute has no provision at all for either contribution or indemnity, and therefore this cause of action cannot be maintained.

In Massachusetts, there are several different sets of circumstances that could give rise to a right of indemnification.  There can be an express agreement, an implied agreement from the nature of the relationship between the parties, or a tort-based right to indemnification.  However, where there is no express indemnification, as in the case at bar, where none is attached or properly pled, and no implied right of indemnification, for similar reasons, the tort-based theory of indemnification must fail.  The tort-based theory of indemnification is designed to shift the whole loss to the more guilty of two tortfeasors, and is available only when the party seeking indemnification was merely passively negligent.  Tort-based indemnification is inappropriate where the party seeking indemnification was guilty of acts or omissions proximately causing the plaintiff's injury.  In the case at bar, Portnoy & Greene, P.C. cannot be held liable for indemnification because the original action filed by plaintiffs is a statutory action, which places responsibility solely on creditors.  Portnoy & Greene, P.C. is not a creditor, and therefore, it cannot be held liable for indemnification of Ameriquest.

With respect to contribution, there is no joint liability, because Portnoy & Greene, P.C. owed no legal duty to the plaintiffs.  Therefore, Ameriquest cannot seek contribution from Portnoy & Greene, P.C. for damages that might be assessed against it.  *Farragut Mortgage Company, Inc. v. Arthur Anderson, LLP,* 1999 W. L. 823656 (Mass. Super. 1999).

**Conclusion**

For the reasons provided in this Memorandum, Portnoy & Greene, P.C., third-party defendant cannot be liable to plaintiffs under the statutes upon which the claims are based. These statutes are to be strictly construed and place certain duties and responsibilities only on creditors, in this case Ameriquest. Since Portnoy & Greene, P.C. is not a creditor, and since the statutes themselves provide no right to contribution or indemnity, Ameriquest's claims against Portnoy & Greene, P.C. should be dismissed with prejudice.

Respectfully Submitted,

s/Harlene G. Matyas
Harlene G. Matyas (1796879)
Sreeram Natarajan (6283603)
*Attorneys for Third-Party Defendant,*
*Portnoy & Greene, P.C.*
TRIBLER ORPETT & MEYER, P.C.
225 W. Washington Street, Suite 1300
Chicago, Illinois 60606
Telephone: (312) 201-6400
Facsimile: (312) 201-6401
hgmatyas@tribler.com

**CERTIFICATE OF SERVICE**

I, Harlene G. Matyas, hereby certify that on this 29th day of November, 2007, a true and correct copy of Portnoy & Greene, P.C.'s Memorandum of Law in Support of their Motion to Dismiss was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. All attorneys not listed on the electronic filing system will be sent a copy via Regular Mail.

Respectfully Submitted,

s/Harlene G. Matyas
Harlene G. Matyas (1796879)
Sreeram Natarajan (6283603)
*Attorneys for Third-Party Defendant,*
*Portnoy & Greene, P.C.*
TRIBLER ORPETT & MEYER, P.C.
225 W. Washington Street, Suite 1300
Chicago, Illinois 60606
Telephone: (312) 201-6400
Facsimile: (312) 201-6401
hgmatyas@tribler.com