# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) MDL NO. 1715 ) Lead Case No. 05 C 07097 ) (Centralized before The Honorable ) Marvin E. Aspen) |
| JAMES and GENISE KRAUSE, and SHERRY PEARSON, Plaintiffs, v. AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC. and DEUTSCHE BANK NATIONAL TRUST COMPANY, Defendants. | ) ) ) ) THIS DOCUMENT RELATES TO ) No. 07 C 4628 ONLY ) ) ) ) ) ) ) ) ) ) |

**DECLARATION OF HARRY N. ARGER IN SUPPORT OF
<u>MOTION FOR REASSIGNMENT</u>**

I, Harry N. Arger, declare as follows:

1. I am a member of the law firm of Dykema Gossett PLLC, counsel for defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Deutsche Bank National Trust Company (collectively, "Defendants") in the above-captioned litigation. I state that the records and documents referred to in this Declaration constitute writings taken or made in the regular or ordinary course of business of Dykema Gossett PLLC at or near the time of the act, condition or event to which they relate by persons employed by Dykema Gossett PLLC who had a business duty to Dykema Gossett PLLC to accurately and completely take, make and maintain such records and documents. I make this Declaration in support of Defendants' Unopposed Motion for Reassignment. I know the following to be true and if called upon to testify, I could

and would competently testify to the truth of the matters stated herein.

2.     There are more than 150 actions in this multidistrict litigation proceeding that involve allegations that Defendants violated the Truth-in-Lending Act, 15 U.S.C. Section 1601, *et seq.*, by failing to provide borrowers with proper notice of their rescission rights.

3.     Attached as Exhibit 1 to this Declaration is a true and correct copy of the operative complaint in *Krause, et al. v. Ameriquest Mortgage Co., et al.*, Case No. 1:07-cv-4628.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 30th day of November 2007 at Chicago, Illinois.



                                                       Harry N. Arger

CHICAGO\2400682.1
ID\IVF

# EXHIBIT 1

RECEIVED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 1 6 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JAMES and GENISE KRAUSE, and )
SHERRY PEARSON, )
             Plaintiffs, )
vs. )
AMERIQUEST MORTGAGE COMPANY, )
AMC MORTGAGE SERVICES, INC. )
and DEUTSCHE BANK TRUST COMPANY, )
             Defendants. )

No. 07C 4628

JUDGE ZAGEL

MAGISTRATE JUDGE SCHENKIER

JURY TRIAL DEMAND

## COMPLAINT

### INTRODUCTION

1. Plaintiffs seek rescission of their mortgage transactions pursuant to 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of applicable State law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest before Judge Aspen.

## PARTIES

4. Plaintiffs are home owners who refinanced their mortgage with Ameriquest Mortgage Company.

5. Defendant Ameriquest Mortgage Company originated plaintiffs' mortgages in connection with those refinancing transactions and took security interest in plaintiffs' homes. Defendant AMC Mortgage Services, Inc. services plaintiffs' mortgages. Defendant Deutsche Bank National Trust Company owns plaintiffs' mortgages.

## COUNT ONE – TRUTH IN LENDING ACT

6. Plaintiffs incorporate paragraphs one through five above.

7. Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transaction did not comply with the requirements of the Truth in Lending Act. More specifically, the Notice of Right to Cancel forms that were delivered to plaintiffs at the closings did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v). Also, Ameriquest misled plaintiffs as to the interest rate that they would be charged, thereby violating 12 C.F.R. § 226.18.

8. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

9. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs are entitled to rescission of their mortgage transaction.

## COUNT TWO – VIOLATION OF STATE LAW

10. Plaintiffs incorporate paragraphs one through nine above.

11. In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiffs intending to induce reliance. Ameriquest baited plaintiffs into a mortgage

2

transaction by offering a relatively favorable set of terms and then switched to more expensive terms. More specifically, in or about December 2005 and/or January 2006, an Ameriquest representative misled plaintiff James Krause by telling him that the interest rate on his loan would be between 8% and 9%. In fact, the interest rate on the loan actually provided began at 9.550% and can go as high as 15.550%. Similarly, in or about July 2004, an Ameriquest representative quoted a rate of 8.5% fixed for plaintiff Pearson. In fact, on the loan actually provided began at 10.6% and can go as high as 16.6%.

12. Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under applicable State law.

13. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

14. Ameriquest's violation of plaintiffs' rights is part of a pattern and practice of illegal behavior by Ameriquest. Defendants AMC Mortgage Services and Deutsche Bank Trust Company knowingly aided and abetted this illegal behavior by Ameriquest and are therefore also liable to plaintiffs.

3

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

    a.    canceling defendants' security interest in plaintiffs' home and ordering defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

    b.    awarding plaintiffs actual damages proximately caused by defendants' failure to comply with 12 C.F.R. § 226.23(d)(2);

    c.    awarding appropriate statutory damages;

    d.    ordering defendants to pay costs, penalties, and attorneys fees;

    e.    awarding plaintiffs actual and punitive damages;

    f.    granting such other relief as the Court deems just and proper.

Respectfully submitted by:

_____
Counsel for the Plaintiffs

Daniel Harris, Esq.
Anthony Valach, Esq.
The Law Offices of Daniel Harris
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606
Phone: (312) 960-1802
Fax: (312) 960-1939
lawofficedh@yahooo.com

4