# EXHIBIT B



Not Reported in F.Supp.2d  Page 1
Not Reported in F.Supp.2d, 2004 WL 2495642 (N.D.Ill.), 94 Fair Empl.Prac.Cas. (BNA) 1132
**(Cite as: Not Reported in F.Supp.2d)**

Donahue v. Elgin Riverboat Resort
N.D.Ill.,2004.

United States District Court,N.D. Illinois, Eastern Division.
Darryl W. DONAHUE; Lawrence D. Williams; Jennifer Thomas; Noelle Olivier; Keith Moody; Delores Miller; Robert Curtington; Ramona Camprindo; Evelyn D. Norris; and Tamara R. Turner, Plaintiffs,
v.
ELGIN RIVERBOAT RESORT, d/b/a Grand Victoria Riverboat; Nevada Landing Partnership; and RBG L.P., Defendants.
**No. 04 C 816.**

Sept. 28, 2004.

Kenneth N. Flaxman, Kenneth N. Flaxman, P.C., Chicago, IL, for Plaintiffs.
Jane M. McFetridge, Joel W. Rice, Matt David Strubbe, Fisher and Phillips LLP, Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*
GUZMÁN, J.
**\*1** Before the Court is Defendants Elgin Riverboat Resort d/b/a Grand Victoria Riverboat, Nevada Landing Partnership, and RBG, L.P.'s (collectively "Elgin") Motion for a Reassignment Of Related Cases pursuant to Local Rule 40.4. For the reasons that follow, the motion is denied.

*BACKGROUND*

On November 6, 1998, Plaintiffs Lisa Ellis, Marcia English, Yvonne Mason, and Derrick Denson filed a putative class action suit, *Ellis v. Elgin Riverboat Resort d/b/a Grand Victoria Casino,* No. 98 C 7093, alleging that Elgin engaged in a pattern and practice of discriminatory hiring based on race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. On March 27, 2000, Judge Gottschall conditionally certified the class pursuant to Federal Rule of Civil Procedure 23(b)(2), On August 21, 2003, Magistrate Judge Ashman [FN1] decertified the class because the Ellis plaintiffs failed to demonstrate that a common question of law or fact existed, that their claims were typical of those of the class, or that they could adequately represent the class. See *Ellis v. Elgin Riverboat Resort,* 217 F.R.D. 415, 427-29 (N.D.Ill.2003). After decertification, five former class members filed individual lawsuits, the lowest-numbered of which is the present case.[FN2] Elgin now seeks a finding that all four individual suits are related and asks that they be reassigned to this Court.[FN3]

FN1. The parties consented to the jurisdiction of the magistrate, and on November 7, 2001, the Ellis lawsuit was reassigned to Magistrate Judge Ashman pursuant to Local Rule 73.1.

FN2. The five new lawsuits are: (1) *Donahue v. Elgin Riverboat Resort,* No. 04 CV 816 (Judge Guzman); (2)*Burks v. Elgin Riverboat Resort,* No. 04 CV 818 (Judge Lefkow); (3)*Atkins v. Elgin Riverboat Resort,* No. 04 C 819 (Judge Kennelly); (4)*Okoh v. Elgin Riverboat Resort,* No. 04 C 936 (Judge Plunkett); and (5)*Dismuke Cureton v. Elgin Riverboat Resort,* No. 04 C 4132 (Judge Leinenweber).*Dismuke Cureton* was filed after the present motion, and Elgin informed the Court of its existence through a supplemental notice.

FN3. More precisely, Elgin asks that all five cases be reassigned to Magistrate Judge Ashman or alternatively, to this Court. However, Elgin it offers no case law or rule that would allow this Court to transfer all five cases to Judge Ashman. Elgin also provides no support for its alternative request that if the cases are consolidated, they be referred to Judge Ashman, who is not the magistrate assigned to the present case, for pretrial supervision.

*DISCUSSION*

To have a case reassigned based on relatedness, the movant must satisfy both Local Rule 40.4(a) and (b).*Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.,* No. 02 C 5893, 2003 U.S. Dist. LEXIS 7466, at \*3 (N.D.Ill. May 5, 2003). This Court has the sound discretion whether to reassign a case under

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d Page 2
Not Reported in F.Supp.2d, 2004 WL 2495642 (N.D.Ill.), 94 Fair Empl.Prac.Cas. (BNA) 1132
**(Cite as: Not Reported in F.Supp.2d)**

Local Rule 40.4. *Clark v. Ins. Car Rentals Inc.,* 42 F.Supp.2d 846, 847 (N.D.Ill.1999). Local Rule 40.4(a) provides that:

Two or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same.

N.D. Ill. L.R. 40.4(a).

Elgin argues the lawsuits satisfy Local Rule 40.4(a)(2) because all five cases are brought against the same defendant, involve a violation of Title VII of the Civil Rights Act of 1964 based on allegations that the plaintiffs were not hired because of their race, and "[t]herefore, on a general level," involve the same legal issues. (Defs.' Mot. Reassignment Related Cases Ex. A, Mot. at 4).[FN4] Elgin's motion, however, fails to identify any particular issues of fact or law that are common to all plaintiffs. *See* Local Rule 40.4(c)(1) (requiring that a motion for reassignment "shall ... set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a)"). As Elgin successfully argued before Judge Ashman in its motion to decertify, the hiring process was decentralized and subjective, and each of the hiring decisions rested on a unique set of facts, including the applicants' experience and the casino's hiring needs. *See Ellis,* 217 F.R.D. at 426-27;*see also Davis v. Quebecor World,* No. 01 C 8014, 2002 WL 27660, at *4 (N.D.Ill. Jan.10, 2002) (refusing to find cases related where, among other things, the charges of discrimination do not involve the same decisionmakers).

> FN4. Defendants' motion incorporates by reference the motion for reassignment it originally presented to Judge Ashman on March 25, 2004. As a magistrate judge, Judge Ashman could not reassign later-filed cases pending before district judges, and the motion was therefore denied without prejudice. *See* N.D. Ill. L.R. 40.4(c) ("Where one or more of the cases claimed to be related is assigned to a magistrate judge on consent and one or more of the remaining cases is assigned to a district judge, the motion shall be filed with the district judge having the lowest-numbered case.").

*2 Elgin maintains that the standards for class certification and a finding of relatedness are not the same, but the decertification order is certainly instructive as to the lack of commonality among the various plaintiffs' claims. Moreover, Elgin has failed to specify any common issues of fact and law other than those resolved in the decertification order which would warrant a finding of relatedness. *Cf. Murry v. Am.'s Mortgage Banc, Inc.,* No. 03 C 5811, 2004 WL 407010, at *2 (N.D.Ill. Mar.1, 2004) (finding relatedness where both cases will necessarily involve a determination of the legality of the defendant's specific actions in procuring mortgage loans); *Fairbanks Capital Corp. v. Jenkins,* No. 02 C 3930, 2002 WL 31655277, at *2 (N.D.Ill. Nov.25, 2002) (holding that cases are related where they each involve the legality of a defendant's particular lending practice); *Smith v. N.E. Ill. Univ.,* No. 98 C 3555, 2002 WL 377725, at *4 (N.D.Ill. Feb.28, 2002) (finding relatedness where cases have common issues of a hostile work environment). The fact that the cases are brought against the same defendant and generally involve the same types of allegations are not sufficient to show the cases are related pursuant to Local Rule 40.4(a). Therefore, Elgin's motion must be denied on this basis alone.

Furthermore, even if Elgin had shown the cases are related, the motion does not demonstrate that reassignment is proper under Local Rule 40.4(b), which provides:

[A] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

N.D. Ill. L.R. 40.4(b); *see* N.D. Ill. L.R. 40.4(c)(2) (requiring a motion for reassignment to "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related").

The first and third conditions are satisfied here because all five cases are pending in the Northern District of Illinois and the present case has not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 3
Not Reported in F.Supp.2d, 2004 WL 2495642 (N.D.Ill.), 94 Fair Empl.Prac.Cas. (BNA) 1132
**(Cite as: Not Reported in F.Supp.2d)**

progressed to the point that it would substantially delay the litigation if the other cases were reassigned as related. However, Elgin has failed to show that it has met the second and fourth conditions.

As to the fourth requirement, whether the cases are susceptible of disposition in a single proceeding, Elgin cites *Fairbanks Capital,* 2002 WL 31655277, for the proposition that Local Rule 40.4(b)(4)"merely means that a ruling in one case will likely be applicable or even dispositive in the other case."(Defs.' Mot. Reassignment Related Cases Ex. A, Mot. at 6.) Unlike the present case, however, resolution of the common issue in *Fairbanks Capital* would be "outcome-determinative" of the same issue in the other cases, and thus the cases were susceptible of determination in a single proceeding. *See Fairbanks Capital,* 2002 WL 31655277, at *3. In this case, each individual case relies on a different set of facts, and a finding in one case would not be dispositive of any issues in the other cases. Therefore, Elgin has failed to satisfy Local Rule 40.4(b)(4).

**\*3** For the same reasons, Elgin has not shown that reassignment would result in a "substantial saving of judicial time and effort," the second necessary condition. *See* N.D. Ill. L.R. 40.4(b)(2). As explained in detail in the order decertifying the *Ellis* class, each plaintiff's claim requires individualized proof and is subject to unique defenses. *See Ellis,* 217 F.R.D. at 429. Thus, each plaintiff's claims will have to be separately litigated, whether in one proceeding or in four separate proceedings. Local Rule 40.4(b)(2) requires a "substantial saving" of judicial resources, and Elgin has failed to demonstrate reassignment would result in the saving of even a single trial day. Accordingly, the cases must not be reassigned pursuant to Local Rule 40.4(b).

### CONCLUSION

For the foregoing reasons, Defendant Elgin Riverboat Resort d/b/a Grand Victoria Riverboat, Nevada Landing Partnership and RBG, L.P.'s Motion for a Reassignment of Related Cases pursuant to Local Rule 40 .4 [doc. no. 5-1] is denied.

SO ORDERED

N.D.Ill.,2004.
Donahue v. Elgin Riverboat Resort
Not Reported in F.Supp.2d, 2004 WL 2495642 (N.D.Ill.), 94 Fair Empl.Prac.Cas. (BNA) 1132

END OF DOCUMENT