# EXHIBIT C



Not Reported in F.Supp.2d                                                                                                         Page 1
Not Reported in F.Supp.2d, 2002 WL 31655277 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Fairbanks Capital Corp. v. Jenkins
N.D.Ill.,2002.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern
Division.
FAIRBANKS CAPITAL CORP., Plaintiff,
v.
Johnny JENKINS and Annie J. Wesson-Jenkins,
Defendants.
Johnny JENKINS and Annie J. Wesson-Jenkins,
Counterclaimants,
v.
FAIRBANKS CAPITAL CORP. and Nationscredit
Financial Services Corp., d/b/a EquiCredit
Corporation of Illinois, Counterdefendants.
**No. 02 C 3930.**

Nov. 25, 2002.

*MEMORANDUM OPINION AND ORDER*
KENNELLY, J.
**\*1** Fairbanks Capital Corp., the assignee of a
mortgage of real estate given to secure payment of a
promissory note, sued the mortgagors, Johnny
Jenkins and Annie Wesson-Jenkins, seeking to
foreclose on the mortgage. The case was filed in this
Court based on diversity of citizenship. In their
answer, the defendants asserted as an affirmative
defense that they were entitled under the Truth in
Lending Act to rescind the transaction and were
exercising that right. They also counterclaimed
against Fairbanks and Nationscredit Financial
Services Corp. (which does business as EquiCredit
Corp. of Illinois), the original mortgagee, for
damages under the TILA. The Court previously
denied Fairbanks' motion to strike the affirmative
defense and dismiss the counterclaim.*Fairbanks
Capital Corp. v. Jenkins,* 225 F.Supp.2d 910, 2002
WL 31260011 (N.D.Ill. Oct. 9, 2002).

The defendants have now moved this Court pursuant
to Northern District of Illinois Local Rule 40.4(c) to
find that three later-filed cases pending before other
judges of the Court are related to this one and for that
reason to request reassignment of those cases to this
Court's docket. Fairbanks and EquiCredit have
objected to the motion. For the reasons stated below,
the Court grants defendants' motion.

The defendants' TILA claim involves EquiCredit's
alleged violation of TILA provisions requiring that
they be given notice of their right to rescind the
transaction within three business days. *See*15 U.S.C.
§ 1635; 12 C.F.R. § 226.23. Defendants contend that
a document they were asked to sign at closing
purportedly "confirming" that they were not
rescinding was invalid because it improperly negated
their right to rescind. This TILA violation, defendants
contend, had the effect of giving them an extended
three-year period in which to rescind, *see*15 U.S.C. §
1635(f); 12 C.F.R. § 226.23(a), which they contend
can be asserted against an assignee like Fairbanks.
*See*15 U.S.C. § 1641(c). As noted earlier, they seek
rescission of the transaction as well as damages and
attorney's fees.

*McWethy v. Nationscredit Financial Services Corp.,*
Case No. 02 C 7262, pending before Judge Robert
Gettleman, is a putative class action brought on
behalf of eight named plaintiffs (two individual
mortgagors and three groups of dual mortgagors)
who are parties to mortgage loans made by
EquiCredit and assigned to Fairbanks. The
defendants are Nationscredit d/b/a EquiCredit Corp.
of Illinois, EquiCredit Corp. of Missouri; EquiCredit
Corp. of America; and Fairbanks. The plaintiffs'
complaint asserts claims under TILA and the Illinois
Consumer Fraud Act arising from EquiCredit's
alleged practice of requiring borrowers to sign
confirmation forms effectively giving up their right to
rescind.

*Brown v. Nationscredit Financial Services Corp.,*
Case No. 02 C 5023, pending before Judge William
Hibbler, is a putative class action brought by a single
plaintiff against Nationscredit d/b/a EquiCredit Corp.
of Illinois; EquiCredit Corp. of America; and
Fairbanks. The plaintiff, a homeowner who obtained
a mortgage loan from EquiCredit (and assigned to
Fairbanks) in order to finance improvements to his
home, alleges TILA and ICFA violations based on
the practice of requiring borrowers to "confirm" their
non-rescission at the time of the transaction. He also
alleges that the loan was subject to the Home
Ownership and Equity Protection Act, which he says
EquiCredit violated by failing to make certain
HOEPA-required disclosures.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                Page 2
Not Reported in F.Supp.2d, 2002 WL 31655277 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

**\*2** Finally, *Brown v. Nationscredit Financial Services Corp.,* Case No. 02 C 6059, pending before Judge Charles Norgle, is brought on behalf of two plaintiffs against Nationscredit d/b/a EquiCredit Corp. of Illinois; EquiCredit Corp. of America; and Fairbanks. The plaintiffs, who obtained a mortgage loan from EquiCredit which was assigned to Fairbanks, alleges violations of TILA and ICFA arising from the previously-mentioned practice of requiring borrowers to "confirm" non-rescission at the time of the transaction.

The plaintiffs in all of the cases that are subject to this motion are represented by the same law firm. As best we can tell, all of the Nationscredit / EquiCredit entities in all of the cases are represented by a single law firm, and Fairbanks is likewise represented by the same law firm in all of the cases.

Local Rule 40.4(a) states that two or more civil cases may be related if they involve the same property, the same issues of fact or law, arise from the same transaction or occurrence, or, in the case of class action suits, involve the same classes. N.D. Ill. LR 40.4(a)(1)-(4). EquiCredit and Fairbanks do not argue that the cases are not related within the meaning of Rule 40.4(a), and even if they had done so, the Court would find that the criteria of Rule 40.4(a)(2) have been met, as the cases involve the same issues of law. There is no question that each of these cases will involve the issue of the legality, under TILA and ICFA, of EquiCredit's alleged practice of requiring borrowers to sign non-rescission "confirmations." The Rule does not require complete identity of issues in order for cases to be considered related.

EquiCredit and Fairbanks' challenge to defendants' motion turns on the application of Local Rule 40.4(b), which provides the criteria for determining whether assignment of related cases to the judge with the lowest-numbered case is appropriate. Under Rule 40.4(b), reassignment may be ordered if four criteria are met as to all of the cases in question: they are pending in this Court; the handling of all the cases by the same judge is likely to result in a substantial saving of judicial time and effort; the earliest case has not progressed to far that designating later cases as related would likely delay substantially the proceedings in the earliest case; and the cases are susceptible of disposition in a single proceeding. N.D. Ill. LR 40.4(b)(1)-(4). There is no question that the first and third of these criteria are met here; all of the cases are pending in this Court, and *Fairbanks*

*Capital Corp. v. Jenkins,* the first of the cases to be filed, has not progressed all that far: the Court has ruled on a motion to dismiss the counterclaim, and discovery has just gotten started.

The Court likewise believes that significant judicial efficiency will result from having one judge handle all four of the cases. None of the cases can be disposed of without determining the legality of EquiCredit's alleged practice regarding non-rescission "confirmation" at the time of the loan, as well as the consequences of that practice vis-a-vis Fairbanks as assignee. Reassignment of all of the cases to this Court's calendar will permit these issues to be briefed and determined once, rather than four separate times, which will result in a substantial saving of judicial time and effort-not to mention a substantial saving of the parties' and their counsels' time and effort. The overall administration of justice will likewise be enhanced by having a single judge determine this issue in all four of the cases. Indeed, the Court of Appeals for the Seventh Circuit recently criticized the judges of this Court for permitting numerous lawsuits involving TILA and ICFA-related challenges to the practices of "payday loan" companies to proceed along different tracks before different judges, resulting in numerous and disparate decisions, as well as multiple appeals. *Smith v. Check-N-Go of Illinois, Inc.,* 200 F.3d 511, 513 n.* (7th Cir.1999). The criticism was not entirely justified, as none of the parties in any of those cases had sought reassignment under Local Rule 40.4 or on any other basis. But the same, of course, cannot be said here.

**\*3** Finally, all of the cases are reasonably subject to disposition in a single proceeding. EquiCredit and Fairbanks argue strenuously that the fact that the case already pending on this Court's docket is, unlike the other cases, a mortgage foreclosure case, requires denial of defendants' motion for reassignment. They contend that a mortgagee is "the master of his complaint" and is entitled to proceed with the foreclosure without the annoyance of extraneous matters. But even though Fairbanks is entitled to prosecute its foreclosure claim against the Jenkins defendants, that claim cannot be determined without addressing the TILA issue raised as part of defendants' affirmative defense of rescission. Thus the Court will be required to consider that issue in *Fairbanks v. Jenkins* whether or not the other cases are reassigned to this Court. Determination of that same issue in four cases simultaneously is not likely

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

to prolong the time needed to consider it; the same lawyers appear in all the cases, which can and will be briefed jointly on the common issues. The HOEPA issue raised in one of the *Brown* cases likely can be determined at the same time and thus likewise does not undercut the Court's ability to resolve all of the cases simultaneously.

Fairbanks and Nationscredit also argue that Illinois' mortgage foreclosure laws preclude the assertion of a class action as part of a counterclaim by the mortgagor/defendant. But that is not a necessary result of reassignment; the Jenkins defendants have not asserted a class claim, and reassignment of cases as related does not inexorably lead to their consolidation for all purposes. And although Rule 40.4(b) requires a showing that the cases to be reassigned be susceptible of determination in a single proceeding with the earlier case already pending on the judge's docket, it does not require proof that the cases can or should be consolidated. Rather, the Rule requires only a finding that the cases are "susceptible" (that is, capable) of determination in a single proceeding. The Court finds that this is so. Determination of the common TILA / ICFA issues raised in all four cases, whatever the outcome, will be outcome-determinative of *McWethy* and both *Brown* cases [FN1] as well as in *Fairbanks v. Jenkins* (in which the primary defense to foreclosure is the alleged TILA violation). Moreover, as defendants argue, the evidence regarding the manner in which each of the borrowers allegedly was required to sign the non-rescission confirmation is likely to be admissible in the other cases pursuant to Federal Rule of Evidence 404(b) to show *modus operandi* and/or the absence of mistake or accident.

> FN1. One of the *Brown* cases also involves a HOEPA claim, but this involves the same evidence as the TILA claim, and it likely can and will be determined together with that claim. The presence of the HOEPA claim thus does not suggest that the cases are not susceptible of being determined in a single proceeding.

## Conclusion

For the reasons stated above, the Court finds that Case Nos. 02 C 5023, 02 C 6059, and 02 C 7262 are related to the present case within the meaning of Local Rule 40.4(a) and that reassignment of those cases to this Court's docket is appropriate under

Local Rule 40.4(b) and therefore grants defendants' motion and second motion to designate those cases as related to this one [docket items 22-1, 25-1]. The appropriate request will be submitted to the Executive Committee. This case (as well as the others, assuming they are reassigned by then) is set for a status hearing on December 19, 2002 at 9:30 a.m.

N.D.Ill.,2002.
Fairbanks Capital Corp. v. Jenkins
Not Reported in F.Supp.2d, 2002 WL 31655277 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.