IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-CV-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation, and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | (Centralized before The Honorable Marvin E. Aspen) |
| Third-Party Plaintiffs, | |
| v. | |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota Corporation, *et al.*, | |
| Third-Party Defendants. | |

**ATTORNEYS' TITLE INSURANCE FUND, INC.'S MOTION TO DISMISS
FIRST AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT**

Third-Party Defendant Attorneys' Title Insurance Fund, Inc. ("The Fund") hereby moves this Court pursuant to F.R.Civ.P. 12(b)(6) for the entry of an order dismissing the First Amended Consolidated Third-Party Complaint ("Third-Party Complaint") against The Fund on the grounds that it fails to state a claim for which relief may be granted. In support thereof, The Fund states as follows:

1. The Sixth, Seventh, Eighth and Ninth Causes of Action in the Third-Party Complaint purport to allege claims against The Fund. The underlying suit listing The Fund appears on page 49 of Exhibit B to the Third-Party Complaint as *Almaguer v. Argent*, Case No. 06-CV-02024, filed April 21, 2005.

**Breach of Contract Claims**

2. The Sixth Cause of Action purports to allege a breach of contract claim by Third-Party Plaintiff Argent Mortgage Company LLC ("Argent") against The Fund.

3. While Argent alleges that it had a valid and enforceable contract with The Fund (Third-Party Complaint. ¶ 43), it fails to allege the terms of such contract and fails to attach any copy of such contract.

4. Argent alleges that The Fund issues a "Closing Protection Letter" in which it agrees to reimburse Argent for losses incurred in connection with the closing of loans, including the failure of the closing agent to comply with the lender's written closing instructions, as well as acts of fraud or dishonesty in the closing agent's handling of the lender's funds or documents. (Third-Party Complaint, ¶ 15.)

5. The Fund's authority to issue such a "Closing Protection Letter" is governed by Fla. Stat. § 627.786 (3), which permits an insurer to provide such an instrument in the form and content approved by the Florida Financial Services Commission (formerly the Florida Department of Insurance).

6. The form and content of such a "Closing Protection Letter" as approved by the Florida Financial Services Commission is set forth in Florida Admin. Code 69O-186.010 (a copy of which is attached as Exhibit A hereto).

7. Attached as Exhibit B hereto is a true and correct copy of The Fund's "Closing Protection Letter" which conforms to Florida Admin. Code 69O-186.010.

8. The "Closing Protection Letter" expressly requires that the insurer is not liable for any claimed loss "unless notice of loss in writing is received … within ninety (90) days from the date of discovery of such loss." (¶ D.)

9. The Third-Party Complaint fails to allege that written notice of any loss was provided to The Fund within ninety (90) days of the discovery of such loss.

10. Accordingly, The Fund cannot be held liable for any such loss in the absence of the prerequisite written notice within 90 days, so that the Sixth Cause of Action fails to state a claim for which relief may be granted.

### Non-Breach of Contract Claims

11. The Seventh Cause of Action (Negligence), Eighth Cause of Action (Equitable Indemnity) and Ninth Cause of Action (Contribution) allege claims against The Fund based on the same conduct alleged in the breach of contract claim (Sixth Cause of Action) under tort theories.

12. As a matter of law, such claims are barred by the "economic loss" doctrine. Accordingly, the Seventh, Eighth and Ninth Causes of Action fail to state claims for which relief may be granted.

13. Moreover, under Florida law, common law indemnity requires a special relationship between the parties that would give rise to vicarious liability. The Third-Party Complaint fails to allege any such special relationship that could give rise to common law indemnity. Accordingly, the Eighth Cause of Action fails to state a claim for which relief may be granted.

WHEREFORE, Third-Party Defendant Attorneys' Title Insurance Fund, Inc. prays that this Court enter an Order dismissing the First Amended Consolidated Third-Party Complaint against Third-Party Defendant Attorneys' Title Insurance Fund, Inc. with prejudice, and awarding such other and further relief as may be just and proper.

DATED: December 3, 2007

                Respectfully submitted,

By:   *s/ Peter J. Valeta*
       Attorney for Third-Party Defendant

       Peter J. Valeta
       MECKLER BULGER & TILSON LLP
       123 North Wacker Drive
       Suite 1800
       Chicago, Illinois 60606
       (312) 474-7900
       (312) 474-7898 – facsimile
       peter.valeta@mbtlaw.com

# EXHIBIT A

Westlaw.

69 FL ADC 69O-186.010                                                          Page 1
Rule 69O-186.010, F.A.C.
Fla. Admin. Code Ann. r. 69O-186.010

FLORIDA ADMINISTRATIVE CODE ANNOTATED
TITLE 69. FINANCIAL SERVICES
SUBTITLE 69O. OFFICE OF INSURANCE REGULATION
CHAPTER 69O-186. TITLE INSURANCE RATES

Current with amendments included in the Florida Administrative Weekly, Volume 33, Number 45, dated November 9, 2007.

**69O-186.010. Insurer's Assumption of Certain Liabilities**

Any form of written notice issued after the effective date of this rule by a title insurer or business trust title insurer assuming liability for loss in accordance with § 627.786, Florida Statutes, shall be in the following form and content:

(TITLE INSURER'S LETTERHEAD)

(Date) RE: (Insert name of
       Issuing Agent or
       Approved Attorney)

When title insurance of (insert title insurer) is specified for your protection in connection with **closings** of real estate transactions in which you are to be the lessee or purchaser of an interest in land or a lender secured by a mortgage (including any other security instrument) of an interest in land, the (insert title insurer), subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with such **closing** when conducted by said Issuing Agent or Approved Attorney when such loss arises out of:

1. Failure of said Issuing Agent or Approved Attorney to comply with your written **closing** instructions to the extent that they relate to (a) the status of the title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land, including the obtaining of documents and the disbursement of funds necessary to establish such status of title or lien, or (b) the obtaining of any other document, specifically required by you, but not to the extent that said instructions require a determination of the validity, enforceability or effectiveness of such other document, or (c) the collection and payment of funds due you, or

2. Fraud or dishonesty of said Issuing Agent or Approved Attorney in handling your funds or documents in connection with such **closing**.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one to four family dwelling shall be protected as if this letter were addressed to your borrower.

Conditions and Exclusions

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Case: 1:05-cv-07097 Document #: 1701 Filed: 12/03/07 Page 7 of 10 PageID #:21572

69 FL ADC 69O-186.010 Page 2
Rule 69O-186.010, F.A.C.
Fla. Admin. Code Ann. r. 69O-186.010

A. The (insert title insurer) will not be liable to you for loss arising out of:

1. Failure of said Issuing Agent or Approved Attorney to comply with your **closing** instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by the (insert title insurer). Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent. This paragraph shall not be applicable when such binder or commitment has not been required by the lender prior to **closing**.

2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of said Issuing Agent or Approved Attorney to comply with your written **closing** instructions to deposit the funds in a bank which you designated by name.

3. Mechanics' and materialmen's liens in connection with your purchase or lease or construction loan transactions, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of the (insert title insurer).

4. The periodic disbursement of construction loan proceeds or funds furnished by the owner to pay for construction costs during the construction of improvements on the land to be insured, unless an officer of the company has specifically accepted the responsibility to you for such disbursement program in writing.

B. When the (insert title insurer) shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of the (insert title insurer) for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

C. Any liability of the (insert title insurer) for loss incurred by you in connection with **closings** of real estate transactions by said Issuing Agent or Approved Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of (insert title insurer). The dollar amount of liability hereby incurred shall not be greater than the amount of the title insurance binder, commitment or policy of title insurance to be issued, and liability hereunder as to any particular loan transaction shall be coextensive with liability under the policy issued to you in connection with such transaction. Payment in accordance with the terms of this letter shall reduce by the same amount the liability under such policy, and payment under such policy shall reduce by the same amount the company's liability under the terms of this letter.

D. Claims of loss shall be made promptly to the (insert title insurer) at its principal office at (address). When the failure to give prompt notice shall prejudice the (insert title insurer), then liability of the (insert title insurer) hereunder shall be reduced to the extent of such prejudice. The (insert title insurer) shall not be liable hereunder unless notice of loss in writing is received by the (insert title insurer) within ninety (90) days from the date of discovery of

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Case: 1:05-cv-07097 Document #: 1701 Filed: 12/03/07 Page 8 of 10 PageID #:21573

69 FL ADC 69O-186.010 Page 3
Rule 69O-186.010, F.A.C.
Fla. Admin. Code Ann. r. 69O-186.010

such loss.

E. Nothing contained herein shall be construed as authorizing compliance by any issuing agent or approved attorney with any such **closing** instructions, compliance with which would constitute a violation of any applicable law, rule or regulation relating to the activity of title insurers, their issuing agents or approved attorneys, and their failure to comply with any such **closing** instructions shall not create any liability under the terms of this letter.

F. The protection herein offered will be effective until cancelled by written notice from the (insert title insurer). Any previous insured **Closing** Service letter or similar agreement is hereby cancelled, except as to **closings** of your real estate transactions regarding which you have previously sent (or within 30 days hereafter send) written **closing** instructions to said Issuing Agent or Approved Attorney.

(Insert title insurer)

By _____

**CREDIT(S)**

Specific Authority 624.308 FS. Law Implemented 624.307(1), 627.786 FS. History--New 6-25-86, Amended 2-27-91, Formerly 4-21.011, 4-186.010.

**Insurance Product Line:** Property/Casualty

**A-to-Z Index Terms:**

    TITLE INSURANCE

        69 FL ADC 69O-186.010
END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

# EXHIBIT B



## ATTORNEYS' TITLE INSURANCE FUND, INC.

| | |
|---|---|
| **CLOSING PROTECTION LETTER 2004-34529**<br>April 2, 2004<br>Argent c/o Ameriquest Mortgage<br>ITS SUCCESSORS AND OR ASSIGNS<br>Attn: Loan Closing Department<br>Post Office Box 11056<br>Orange, CA 92856 | MEMBER NUMBER: 27056<br><br>SARINO COSTANZO<br>SUITE 104<br>11981 SW 144TH COURT<br>MIAMI, FL 33186 |

To Whom It May Concern:

When title insurance of Attorneys' Title Insurance Fund, Inc. is specified for your protection in connection with closings of real estate transactions in which you are to be the lessee or purchaser of an interest in land or a lender secured by a mortgage (including any other security instrument) of an interest in land, Attorneys' Title Insurance Fund, Inc., subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with such closings when conducted by said Issuing Agent or Approved Attorney when such loss arises out of:

    A. Failure of said Issuing Agent or Approved Attorney to comply with your written closing instructions to the extent that they relate to (a) the status of the title to said interest in land or the validity, enforceability and priority of the lien of said mortgage on said interest in land, including the obtaining of documents and the disbursement of funds necessary to establish such status of title or lien, or (b) the obtaining of any other document, specifically required by you, but not to the extent that said instructions require a determination of the validity, enforceability or effectiveness of such other document, or (c) the collection and payment of funds due you, or

    B. Fraud or dishonesty of said Issuing Agent or Approved Attorney in handling your funds or documents in connection with such closing.

If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one-to-four family dwelling shall be protected as if this letter were addressed to your borrower.

Conditions and Exclusions

A. Attorneys' Title Insurance Fund, Inc. will not be liable to you for loss arising out of:

    1. Failure of said Issuing Agent or Approved Attorney to comply with your closing instructions which require title insurance protection inconsistent with that set forth in the title insurance binder or commitment issued by Attorneys' Title Insurance Fund, Inc. Instructions which require the removal of specific exceptions to title or compliance with the requirements contained in said binder or commitment shall not be deemed to be inconsistent. This paragraph shall not be applicable when such binder or commitment has not been required by the lender prior to closing.

    2. Loss or impairment of your funds in the course of collection or while on deposit with a bank due to bank failure, insolvency or suspension, except such as shall result from failure of said Issuing Agent or Approved Attorney to comply with your written closing instructions to deposit the funds in a bank which you designated by name.

    3. Mechanics' and materialmen's liens in connection with your purchase or lease or construction loan transactions, except to the extent that protection against such liens is afforded by a title insurance binder, commitment or policy of Attorneys' Title Insurance Fund, Inc.

    4. The periodic disbursement of construction loan proceeds or funds furnished by the owner to pay for construction costs during the construction of improvements on the land to be insured, unless an officer of the company has specifically accepted the responsibility to you for such disbursement program in writing.

B. When Attorneys' Title Insurance Fund, Inc. shall have reimbursed you pursuant to this letter, it shall be subrogated to all rights and remedies which you would have had against any person or property had you not been so reimbursed. Liability of Attorneys' Title Insurance Fund, Inc. for such reimbursement shall be reduced to the extent that you have knowingly and voluntarily impaired the value of such right of subrogation.

C. Any liability of Attorneys' Title Insurance Fund, Inc. for loss incurred by you in connection with closings of real estate transactions by said Issuing Agent or Approved Attorney shall be limited to the protection provided by this letter. However, this letter shall not affect the protection afforded by a title insurance binder, commitment or policy of Attorneys' Title Insurance Fund, Inc. The dollar amount of liability hereby incurred shall not be greater than the amount of the title insurance binder, commitment or policy of title insurance to be issued, and liability hereunder as to any particular loan transaction shall be coextensive with liability under the policy issued to you in connection with such transaction. Payment in accordance with the terms of this letter shall reduce by the same amount the liability under such policy and payment under such policy shall reduce by the same amount the company's liability under the terms of this letter.

D. Claims of loss shall be made promptly to Attorneys' Title Insurance Fund, Inc. at its principal office at 6545 Corporate Centre Blvd., P.O. Box 628600, Orlando, Florida 32862-8600. When the failure to give prompt notice shall prejudice Attorneys' Title Insurance Fund, Inc., then liability of Attorneys' Title Insurance Fund, Inc. hereunder shall be reduced to the extent of such prejudice. Attorneys' Title Insurance Fund, Inc. shall not be liable hereunder unless notice of loss in writing is received by Attorneys' Title Insurance Fund, Inc. within ninety (90) days from the date of discovery of such loss.

E. Nothing contained herein shall be construed as authorizing compliance by any issuing agent or approved attorney with any such closing instructions, compliance with which would constitute a violation of any applicable law, rule or regulation relating to the activity of title insurers, their issuing agents or approved attorneys, and their failure to comply with any such closing instructions shall not create any liability under the terms of this letter.

F. The protection herein offered will be effective until cancelled by written notice from Attorneys' Title Insurance Fund, Inc. Any previous insured Closing Service letter or similar agreement is hereby cancelled, except as to closings of your real estate transactions regarding which you have previously sent (or within 30 days hereafter send) written closing instructions to said Issuing Agent or Approved Attorney.

Attorneys' Title Insurance Fund, Inc.

*[signature]*

Nancy Barnette
Title: Lender Relations Manager
Lender Relations

Note: Barcode is for Internal Fund Use only
