IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-CV-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation, and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota Corporation, *et al.*,<br><br>    Third-Party Defendants. | (Centralized before The Honorable Marvin E. Aspen) |

**ATTORNEYS' TITLE INSURANCE FUND, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT**

Third-Party Defendant Attorneys' Title Insurance Fund, Inc. ("The Fund") submits this memorandum of law in support of its Motion to Dismiss the First Amended Consolidated Third-Party Complaint ("Third-Party Complaint").

## Introduction

Third-Party Plaintiff Argent Mortgage Company LLC ("Argent") is a defendant in an action alleging claims against Argent arising from a Florida real estate loan closing (*Almaguer v. Argent*, Case No. 06-CV-02024), and alleges in the Third-Party Complaint that if Argent is liable with regard to that closing, The Fund is liable to Argent for

Argent's liability. This third party claim arises from a "Closing Protection Letter" issued by The Fund in connection with that closing.

Argent's claim for breach of contract against The Fund is barred because the Third-Party Complaint fails to allege that Argent satisfied the express contract prerequisite of giving written notice to The Fund within ninety (90) days of discovering the alleged loss. Argent's other claims are asserted in tort against The Fund, are based on the same conduct at issue in its breach of contract claim, and are therefore barred by the economic loss doctrine.

Accordingly, the Third-Party Complaint should be dismissed with prejudice as a matter of law.

### I. The Breach of Contract Claim Should Be Dismissed for Failure to Plead Satisfaction of Condition Precedent.

The Sixth Cause of Action purports to allege a breach of contract claim by Argent against The Fund. Argent alleges that The Fund issues a "Closing Protection Letter" in which it agrees to reimburse Argent for losses incurred in connection with the closing of loans, including the failure of the closing agent to comply with the lender's written closing instructions, as well as acts of fraud or dishonesty in the closing agent's handling of the lender's funds or documents. (Third-Party Complaint, ¶ 15.)

The Fund's authority to issue such a "Closing Protection Letter" is governed by Fla. Stat. § 627.786 (3), which provides that a title insurer is not precluded:

> from providing instruments to any prospective insured, in the form and content approved by the office, under which the title insurer assumes liability for loss due to the fraud of, dishonesty of, misappropriations of funds by, or failure to comply with written closing instructions by, its contract agents, agencies, or approved attorneys in connection with

> a real property transaction for which the title insurer is to issue a title insurance policy.

The Florida Financial Services Commission (formerly the Florida Department of Insurance) has established the approved form and content of such instruments as set forth in Florida Admin. Code 69O-186, and The Fund issued a Closing Protection Letter in conformity with the approved form and content. (Motion to Dismiss, Exhs. A and B.)

As required by Florida law, the closing protection letter expressly states that the insurer is not liable for any claimed loss "unless notice of loss in writing is received ... within ninety (90) days from the date of discovery of such loss." (*See id.,* ¶ D.)[1] The Third-Party Complaint does not allege that any written notice of any loss was provided to The Fund within ninety (90) days of the discovery of such loss. A failure to allege satisfaction of an express condition precedent requires dismissal of the action. *See, e.g., Blue Cross and Blue Shield of Mich. v. Halifax Ins. Plan, Inc.*, 961 F. Supp. 271, 275 (M.D. Fla. 1997) (failure to allege that written notice was given to the Department of Insurance prior to suit as required by statute warranted dismissal of action). In the absence of the prerequisite written notice, The Fund cannot be held liable to Argent. Accordingly, the Sixth Cause of Action fails to state a claim for which relief may be granted and should be dismissed.

## II. The Remaining Claims Are Based on the Same Conduct As the Breach of Contract Claim and are Barred Under the Economic Loss Doctrine.

The Seventh Cause of Action (Negligence), Eighth Cause of Action (Equitable Indemnity) and Ninth Cause of Action (Contribution) allege claims against The Fund based on the same conduct alleged in the breach of contract claim (Sixth Cause of

---

[1] This ninety (90) day requirement is the result of action by the Florida Financial Services Commission under Florida law. It does not appear in industry standardized forms such as the ATLA form.

Action) under tort theories. *See, e.g., Amisub of Fla., Inc. v. Billington*, 560 So. 2d 1271 (Fla. 3rd DCA 1990) (common law indemnity not available in the absence of fault by the alleged active tortfeasor); *Horowitz v. Laske*, 855 So. 2d 169, 173-74 (Fla. 5th DCA 2003) (contribution is exclusively a statutory remedy under Fla. Stat. § 768.31, which applies "when two or more persons become jointly or severally liable in tort"). They all seek the same recovery—economic loss. However, under Florida law, the economic loss rule precludes recovery of economic losses outside a contractual setting. *Fla. Power & Light Co. v. Westinghouse Elec. Corp.*, 510 So. 2d 899, 902 (Fla. 1987). *See also Erskine Florida Properties, Inc. v. First American Title Insurance Co. of St. Lucie County*, 557 So. 2d 859, 860 (Fla. 1990) (title abstracter's duties arise in contract, not tort). As a result, the Seventh, Eighth and Ninth Causes of Action fail to state claims for which relief may be granted and should be dismissed.

### III. The Eighth Cause of Action Also Fails Because The Third-Party Complaint Fails to Allege Any Required "Special Relationship" Between Argent and The Fund.

Under Florida law, common law indemnity requires a special relationship between the parties that would give rise to vicarious liability. *See Dade County School Board v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999); *Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.*, 853 So. 2d 1072, 1076 (Fla. 5th DCA 2003). Instead, the relationship between Argent and The Fund is governed by contract, which sets the express terms of any liability to Argent. The Third-Party Complaint fails to allege any such special relationship that could give rise to common law indemnity, and accordingly should be dismissed.

4

## Conclusion

Argent has failed to allege compliance with the contractual condition precedent to any liability against The Fund because it does not allege that written notice of loss was given to The Fund within 90 days. Argent's other claims are barred because they seek to recover the same economic losses which arise from the same conduct underlying its contract claim, and they fail to allege any special relationship that could give rise to a common law indemnity claim. Accordingly, the Third-Party Complaint against The Fund should be dismissed.

DATED: December 3, 2007

Respectfully submitted,

ATTORNEYS' TITLE INSURANCE FUND,

By: *s/ Peter J. Valeta*

Peter J. Valeta, ARDC No. 3128282
MECKLER BULGER & TILSON LLP
123 North Wacker Drive
Suite 1800
Chicago, Illinois 6606
(312) 474-7900
(312 474-7898 – facsimile
peter.valeta@mbtlaw.com