UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 17 2007
OCT 17 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MICHAEL F. O'KEEFE III and )
SUSAN O'KEEFE, )
 )
    Plaintiffs, ) No
 )
vs. ) 07CV5878
 ) JUDGE SHADUR
 ) MAG. JUDGE NOLAN
AMERIQUEST MORTGAGE COMPANY, )
AMC MORTGAGE SERVICES, INC. )
and WM SPECIALTY MORTGAGE LLC, )
 ) JURY TRIAL DEMAND
 )
    Defendants. )

## COMPLAINT

### INTRODUCTION

1.     Plaintiffs seek rescission of their mortgage transaction pursuant to 15 U.S.C. § 1635. Plaintiffs also charge defendants Ameriquest and AMC Mortgage Services with violation of applicable State law.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest before Judge Aspen.

## PARTIES

4. Plaintiffs are home owners who refinanced their mortgage with Ameriquest Mortgage Company.

5. Defendant Ameriquest Mortgage Company originated plaintiffs' mortgage in connection with the refinancing transaction and took a security interest in plaintiffs' home. Defendant AMC Mortgage Services, Inc. serviced plaintiffs' mortgage. Defendant WM Specialty Mortgage owns plaintiffs' mortgage.

## COUNT ONE -- TRUTH IN LENDING ACT

6. Plaintiffs incorporate paragraphs one through five above.

7. Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transaction did not comply with the requirements of the Truth in Lending Act. More specifically, the Notice of Right to Cancel forms that were delivered to plaintiffs at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v). Also, Ameriquest misled plaintiffs as to the interest rate that they would be charged, thereby violating 12 C.F.R. § 226.18.

8. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

9. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs are entitled to rescission of their mortgage transaction.

## COUNT TWO – VIOLATION OF STATE LAW

10. Plaintiff incorporates paragraphs one through nine above.

11. In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiffs intending to induce reliance. Ameriquest baited plaintiffs into a mortgage transaction by offering a relatively favorable set of terms and then switched to more expensive terms. More specifically, in or about May 2005, an Ameriquest representative misled plaintiff Michael F. O'Keefe III by telling him on the telephone that he would be getting a fixed rate mortgage and then giving plaintiffs an adjustable rate mortgage.

12. Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under applicable State law.

13. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

14. Ameriquest's violation of plaintiffs' rights is part of a pattern and practice of illegal behavior by Ameriquest. Defendants AMC Mortgage Services knowingly aided and abetted this illegal behavior by Ameriquest and is therefore also liable to plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

a. canceling defendants' security interest in plaintiffs' home and ordering defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

b. awarding plaintiffs actual damages proximately caused by defendants' failure to comply with 12 C.F.R. § 226.23(d)(2);

c. awarding appropriate statutory damages;

d. ordering defendants to pay costs, penalties, and attorneys fees;

Case: 1:05-cv-07097 Document #: 1706-3 Filed: 12/03/07 Page 4 of 4 PageID #:21588
Case 1:07-cv-05878 Document 1 Filed 10/17/2007 Page 4 of 4

e. awarding plaintiffs actual and punitive damages;

f. granting such other relief as the Court deems just and proper.

Respectfully submitted by:

_____
Counsel for the Plaintiff

THE LAW OFFICES OF DANIEL HARRIS
Anthony Valach
Daniel Harris
150 N. Wacker Dr., Suite 3000
Chicago, IL 60606
Telephone: (312) 960-1802
Facsimile: (312) 960-1936