IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> ACTIONS ) <br> _____ ) <br> ) <br> AMERIQUEST MORTGAGE COMPANY, ) <br> a Delaware corporation; and ARGENT ) <br> MORTGAGE COMPANY LLC, a ) <br> Delaware limited liability company, ) <br> ) <br>     Third Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NORTHWEST TITLE AND ESCROW ) <br> CORPORATION, a Minnesota corporation, ) <br> et al., ) <br> ) <br>     Third Party Defendants. ) | MDL No. 1715 <br><br> Lead Case No. 05-CV-07097 <br><br> (Centralized before The Honorable <br> Marvin E. Aspen) <br><br> Magistrate Judge:  Hon. Morton Denlow |

**MEMORANDUM IN SUPPORT OF THIRD PARTY DEFENDANT
MACKINNON & TAVANO, LLC'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

## I.     PLEADINGS

On or about August 24, 2007, Ameriquest Mortgage Company (hereinafter

"Ameriquest") and Argent Mortgage Company, LLC (hereinafter "Argent") filed a First

Amended Consolidated Third Party Complaint against this and other third party defendants.  The

Third Party Complaint seeks to hold the third party defendants liable for damages for which

Ameriquest and Argent may be liable as a result of the underlying civil actions pending against

them. As pertains to this third-party defendant, MacKinnon & Tavano, the third-party complaint

arises out of a lawsuit filed against Ameriquest and Argent in the United States District Court for the District of Connecticut entitled Louis Pasacreta, et al v. Ameriquest Mortgage Company, Argent Mortgage Company, LLC, Countrywide Home Loans, Inc.; HSBC Mortgage Services, Inc.; Ocwen Federal Bank, FSB, Defendants (December 12, 2005). (A copy of the underlying complaint is attached as Exhibit A.) The only count of the Pasacreata complaint pertaining to this third-party defendant McKinnon & Tavano is Count Fourteen. Count Fourteen asserts a cause of action on behalf of Marcy and Robert Day (hereinafter referred to as "the Days' complaint.") and against Argent only. The Days' complaint arises from a loan agreement entered into between Marcy and Robert Day and Argent on August 18, 2003. (See Count Fourteen of Exhibit A, attached hereto.)

The allegations of the Days' complaint against Argent assert that the loan agreement was governed by the Federal Truth in Lending Act and the Connecticut Truth in Lending Act. The Days contend that Argent failed to comply with applicable TILA provisions "by failing to deliver to each of the plaintiffs two copies of the notice of right to rescind that clearly and conspicuously disclosed the date the rescission period expired." Further, the Days contend that the Days exercised their extended right to rescind the contract by sending notice to Argent by certified mail dated September 25, 2005, which notice was received by the defendant Argent. The Days contend that 20 days passed from the date Argent received the notice of rescission, and that Argent failed to meet its TILA obligations, resulting in damages to the Days. (See Count Fourteen of Exhibit A, attached hereto.)

Despite the fact that the Days only sued Argent, both Ameriquest and Argent have named MacKinnon & Tavano as third-party defendant in the instant suit. In the Third Party Complaint, Ameriquest and Argent both seek relief against MacKinnon & Tavano for (1) breach of contract, (2) negligence, (3) equitable indemnity, and (4) contribution.

For each of the following reasons, Ameriquest and Argent fail to state a claim upon which relief can be granted and accordingly, dismissal of the third-party complaint against MacKinnon & Tavano is appropriate.

## II. ARGUMENT

### A. Third Party Plaintiffs fail to state a basis upon which relief may be granted.

Under Federal Rule of Civil Procedure 12(b)(6), in evaluating a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint, and view them in the light most favorable to the plaintiff. A complaint may be dismissed as a matter of law for two reasons (i) lack of cognizable legal theory, or (ii) insufficient facts under a cognizable legal theory. Stachowski v. Thomas Cicero, 425 F. 3rd 1075, 1078 (7th Cir. 2005). However, the court is not required to "accept assertions of law or unwarranted factual inferences." Id. Dismissal under Rule 12(b)(6) is proper where the plaintiff can prove no set of facts that would entitle them to relief. Marshall-Mosby v. Corporate Receivables, Inc., 205 F. 3rd 323, 326 (7th Cir. 2000).

#### 1. TILA provides no right to indemnification or contribution.

While Rule 14 provides a procedural mechanism for the assertion of a claim for contribution or indemnity, there must also be a substantive basis for a third party defendant's liability. See, McSherry v. Capital One FSB, 236 FRD 516, 519 (W.D. Wash. 2006) and Kim Gambers v. Fujikawa, 871 F. 2d 1427, 1434 (9th Cir. 1989). See also, Jacqueline Johnson v.

Household Mortgage Services, 2004 US Dist. Lexis 19162, *7 (E.D. Penn. 2004). A defendant held liable under a federal statute (in this case Ameriquest and Argent) would only have a right of indemnification or contribution from another entity through the affirmative creation of a right of action by Congress, or if allowed under Federal common law.

As indicated above, the Day's complaint against Argent alleges that Argent violated federal and state TILA. (See Count XIV of Exhibit A.) TILA imposes numerous affirmative duties upon creditors. Congress has chosen to make TILA's disclosure obligations and related duties applicable to creditors only. See Rovey-Harcourt v. Bencorp Fin. Co., 212 F. Supp. 2d 1332, 1333 (WD Okla. 2002, aff'd 226 F. 3d 1140 (10th Cir. 2003). See also, Viernes v. Executive Mortgage, Inc., 372 F. Supp. 2d 576 (USDC HI 2004). TILA (and Regulation Z) define creditor as "a person who both (1) regularly extends whether in connection with loans, sales of property or services or otherwise, consumer credit, which is payable by agreement in more of four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 USC § 1602(f); 12 C.F.R. § 226.2(a)(17)(i) (2002). See also Viernes v. Executive Mortgage, Inc., 372 F. Supp. 2d 576 (USDC HI 2004).

Clearly, third party defendant MacKinnon & Tavano is not a creditor as defined within TILA or Regulation Z. As such, the underlying complaint can espouse no direct theory of liability based on TILA against MacKinnon & Tavano.

There is no federal common law right to indemnification/contribution. See, McSherry v. Capital One FSB, 236 FRD 516, 519 (W.D. Wash. 2006); see also, Johnson v. Household Mortgage Services, 2004 US Dist. Lexis 19162 (E.D. Penn. 2004). Further, TILA, which is the basis for the underlying Days' complaint provides no specific right to indemnification or contribution as Congress did not create the right to indemnification or contribution within TILA. See, McSherry v. Capital One FSB, 236 FRD 516, 519 (W.D. Wash. 2006); see also, McCain v. Clearview Dive Sales, Inc., 574 F. 2d 848 (5th Cir. 1978). Absent a statutory right to indemnification and contribution, such an action is barred.

### a. Connecticut Law Does not Recognize Right of Equitable Indemnity.

Both Ameriquest and Argent have made claims for equitable indemnification. Connecticut law does not recognize such a theory of liability. ATC Partnership v. Coats American, Inc., 2006 Conn. Super Lexis 3245, *8 (October 26, 2006). As such, in addition to the foregoing, Ameriquest and Argent have failed to state a cause of action upon which relief can be granted based upon "equitable indemnity" in that such a theory is not recognized in Connecticut law.

Because neither Federal law nor Connecticut law recognizes a right of indemnification or contribution based upon an underlying TILA violation by a creditor, there is no basis for such an action against MacKinnon & Tavano. Ameriquest's third and fourth causes of action and Argent's eighth and ninth causes of action in their third party complaint seeking equitable indemnity and contribution respectively from MacKinnon & Tavano must be dismissed.

## 2. Negligence is not a viable theory of recovery

As indicated above, although Rule 14 provides a procedural mechanism for the assertion of a claim for contribution or indemnity, there must also exist a substantive basis for a third party action. This rule has generally been interpreted to mean that impleader must involve "an attempt to pass on to the third party all or part of the liability asserted against the defendant. Thus, it must be an assertion of the third party defendant's durative liability to the third party plaintiff. An impleader claim can not be used to assert any and all rights to recovery arising from the same transaction or occurrence as the underlying action." See, McSherry v. Capital One FSB, 236 FRD 516, 519 (W.D. Wash. 2006), citing Moore's Federal Practice § 14.04[3][a] (Matthew Bender Third Edition 1999).

Ameriquest's second cause of action and Argent's seventh cause of action seek to make a claim based on negligence. Based on the foregoing, Ameriquest and Argent must show that they have a right to sue MacKinnon & Tavano for derivative liability for plaintiffs' claims against them. The Days' complaint provides no derivative theory of liability based on negligence against MacKinnon & Tavano. The allegations against Argent are based solely upon Argent's violation of TILA (See Exhibit A, Count Fourteen). However, the sole allegation of negligent conduct in the third-party complaint is based upon the assertion that the defendant had "a duty to follow any and all federal and state laws relating to required disclosures in connection with mortgage loans including, but not limited to, the notice of right to cancel." And that, in the event any of the allegations of the Days' complaint are proven to be true, then the third party defendants would have allegedly "breached this duty, by failing to follow the clear rules set forth in TILA and related statutes." See, Ameriquest second cause of action and Argent's seventh cause of action. As indicated above, non-creditors have no duty to comply with TILA, as TILA does not apply to

non-creditors MacKinnon & Tavano cannot be held to have breached any duty to the Days, and as such, absent a duty and breach of duty, MacKinnon & Tavano cannot be negligent. "On its face… (TILA) clearly vested a duty of disclosure on the, and only the, actual creditor and not on any third party to the credit transaction." Vallies v. Sky Bank, 432 F. 3d 493, 495 (3rd Cir. 2006). MacKinnon & Tavano being third parties to the loan transaction, third party plaintiffs assertion that MacKinnon & Tavano may be liable in negligence is misplaced, and third party plaintiffs' negligence causes of action must also be dismissed.

In addition to the foregoing, MacKinnon & Tavano submit that Connecticut recognizes the economic loss doctrine, and has used that doctrine to bar claims for liability based in tort when the loss is merely economic in nature and does not involve physical harm to a person or injury to property. See, for example, Amity Regional School Dist. #5 v. Atlas Construction Co., 2000 Conn. Super LEXIS 2031 (2000). The facts of the Days' complaint and the present third-party complaint seek only economic damages. Neither complaint allege injury to person or property. As there are no claimed damages to person or person in the underlying Days' complaint, and the only damages being sought are economic in nature, MacKinnon & Tavano submit that Ameriquest and Argent have failed to state a cause of action upon which relief can be granted based upon the tort of negligence.

For each of the foregoing reasons, Ameriquest's second cause of action and Argent's seventh cause of action must be dismissed.

**3.      Argent's failure to comply with TILA is not be a basis for Breach of Contract.**

Ameriquest in its first cause of action and Argent in its sixth cause of action contend that MacKinnon & Tavano entered into a valid and enforceable contract with both and that the contract terms required defendant to accurately "complete a notice of right to cancel form with

respect to each loan they closed, and to provide the relevant borrowers with the correct number of copies of the completed form."  MacKinnon & Tavano deny that any such contract was entered into, and further deny that any creditor can delegate its TILA disclosure obligations. Vallies v. Sky Bank, 432 F.3d 493, 495 (3rd Cir. 2006).  The Vallies court has determined that the general disclosure requirements under TILA require that a creditor and only a creditor can make the disclosures TILA requires.  The Vallies court specifically determined that the duty to disclose cannot be delegated to any third party to the credit transaction.  Id.

There is no basis upon which relief can be granted under the theory that a creditor to which TILA applies, can contractually delegate its obligation to comply with TILA laws to a non-creditor. Further, the statutes themselves provide no avenue for a creditor to obviate its Federal and State statutory obligations.  If a creditor is found to be liable based upon a breach of a Federal or State statute, the idea that said liability can be passed off via an alleged or purported "contractual agreement" obligating another to assume the liability of the creditor's statutory violation would on its face be unenforceable.  Accordingly, MacKinnon & Tavano move to dismiss the Ameriquest First and Argent sixth theories of liability.

**B.**     **Additional basis for Dismissal of the Ameriquest Claims.**

Finally, in addition to the above, Mackinnon & Tavano moves to dismiss all of the Ameriquest claims against it based on the premise that because Ameriquest is not a named party to the Days' complaint Ameriquest cannot file a third-party complaint against MacKinnon & Tavano. Only Argent was sued by the Days.  Ameriquest and Argent have made it clear in their answers to the multi-district litigation complaints and throughout this litigation that they are separate and distinct entities not to be considered one and the same. As Ameriquest was not named as a party in the Days' complaint Ameriquest is not subject to liability to the Days.  There

are no allegations in the Days' complaint that Ameriquest violated Federal or State statutes. Because Ameriquest is not a party to the Days complaint there is no basis upon which to base a "third-party claim" against MacKinnon & Tavano.

Further, in that MacKinnon & Tavano was related to only one closing transaction, that being the August 18, 2003 loan agreement that is the subject of the Days' complaint, there is no basis upon which Ameriquest can pursue MacKinnon & Tavano for contribution, indemnification, or other relief as pertains to any other unrelated claim pending against Ameriquest.

For each of the foregoing additional reasons, Defendant moves to dismiss Ameriquest's First, Second, Third and Fourth causes of action against it in their entirety.

## <u>CONCLUSION</u>

Based upon the foregoing, Defendant MacKinnon & Tavano respectfully request that this Court dismiss, with prejudice, Ameriquest's cause of actions One through Four, and Argent's causes of action Six through Nine, in their entirety.

Respectfully submitted,

**s/Joseph B. Carini, III**
Joseph B. Carini, III
Bar Number:  6198227
Attorneys for Third Party Defendant
     MacKinnon & Tavano, LLC
Johnson & Bell, Ltd.
33 W. Monroe Street
Suite 2700
Chicago, IL  60603
Telephone:  (312) 372-0770
Fax:  (312) 372-2881
E-mail:  carinij@jblltd.com

# Exhibit A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| ) | **CASE NO:** |
| LOUIS PASACRETA; MONTRIA HOSPOD; ) | |
| CORRENA LUKAS & STEPHEN LUKAS; ) | |
| ANGELINE DIMAIO-DAWKINS; ) | |
| FRANKLIN MURPHY & DENISE MURPHY; ) | |
| DWUITH PASCOE & TANYA PASCOE; ) | |
| GLEN ROGERS & PATRICIA ROGERS; ) | |
| RICHARD CHARETTE & HEIDI CHARETTE; ) | |
| WILLIE MAE CUE;  JOANN ABBATEMATTEO & ) | |
| JOSEPH ABBATEMATTEO; JERVIS BELL & ) | |
| JUDITH BELL; CAROLYN F. BUNISKI; ) | |
| MATTHEW CAVALLO, III; ROBERT DAY & ) | |
| MARCI DAY; RAFAELA GUZMAN & OSCAR ) | |
| PEÑA; CHERYL DOUGLAS-CHISHOLM; JEFFREY ) | |
| COUTANT & SHARON COUTANT; SIMON A. ) | |
| DELL; MIGDALIA FIGUEROA; NICHOLAS ) | |
| GRIFFIN & ANN GRIFFIN, ) | |
|      PLAINTIFFS, ) | |
| ) | **COMPLAINT** |
| v.                                                        ) | **JURY TRIAL** |
| ) | **DEMANDED** |
| AMERIQUEST MORTGAGE COMPANY; ) | |
| ARGENT MORTGAGE COMPANY, LLC; ) | |
| COUNTRYWIDE HOME LOANS, INC.; ) | |
| HSBC MORTGAGE SERVICES, INC.; ) | |
| OCWEN FEDERAL BANK, FSB; ) | |
|      DEFENDANTS. ) | |
| ) | **DECEMBER 12, 2005** |
| _____) | |

## INTRODUCTION

1.      This is a suit brought by thirty-one consumers residing in Connecticut who

collectively entered into twenty mortgage loans with the defendants.  The plaintiffs claim that

Defendants violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and

the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, in each of their

transactions by failing to provide them with the notification of their right to rescind the mortgage as required by TILA.

2.      The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with the defendants.

3.      All plaintiffs plead that they are ready, willing and able to meet their tender obligations under the Connecticut and Federal Truth in Lending Act.

4.      All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below.

5.      The defendant, Ameriquest Mortgage Company, is a foreign corporation with a primary place of business in Orange, California.

6.      The defendant, Argent Mortgage Company, LLC, is a foreign corporation with a primary place of business in Irvine, California.

7.      The defendant, Ocwen Federal Bank, FSB, is a foreign corporation with a primary place of business in West Palm Beach, Florida.

8.      The defendant, HSBC Mortgage Services, Inc. is a foreign corporation with a primary place of business in Brandon, Florida.

9.      The defendant, Countrywide Home Loans, Inc., is a foreign corporation with a primary place of business in Calabasas, California.

## JURISDICTION

10.     Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and

28 U.S.C. §§ 1331-32.

11.     This court has jurisdiction over the defendants because each regularly conducts

business in this state.

12.     Venue in this court is proper, as the plaintiffs are all residents of Connecticut and

the action concerns real property located in this state.


## FIRST COUNT (LOUIS PASACRETA v. ARGENT)

13.     On or about August 13, 2003, Louis Pasacreta, Jr. entered into a loan agreement

with the Defendant Argent Mortgage Company and provided a mortgage on his residence to

secure the indebtedness.

14.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

15.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

16.     In the course of this consumer credit transaction, Defendant violated C.G.S. §

36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two

copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the

rescission period expired.

17.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

18. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated March 28, 2005, which notice was received by that Defendant.

19. More than twenty calendar days have passed since Defendant received the notice of rescission.

20. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

21. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

22. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

**SECOND COUNT (MONTRIA HOSPOD v. ARGENT & COUNTRYWIDE)**

23.    On or about June 25, 2004 Montria Hospod entered into a loan agreement with the Defendant, Argent Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

24.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

25.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

26.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b)(5) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

27.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

28.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated June 7, 2005, which notice was received by that Defendant.

29.    This mortgage loan has been assigned to Defendant Countrywide Home Mortgage Company.

30.    The Plaintiff also exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Countrywide Home Mortgage Company by certified mail dated June 7, 2005, which notice was received by that Defendant.

31.    More than twenty calendar days have passed since Defendants received the notice of rescission.

32.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

33.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

34.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

      a.      Rescission of this transaction;

      b.      Termination of any security interest in Plaintiff's property created under the transaction;

      c.      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d.      Statutory damages of $2,000 for the disclosure violation;

      e.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notices;

      f.      Forfeiture of loan proceeds;

      g.      Actual damages in an amount to be determined at trial; and

      h.      A reasonable attorney fee.

**THIRD COUNT (CORRENA & STEPHEN LUKAS v. AMERIQUEST & HSBC)**

35.     On or about January 9, 2004 Correna and Stephen Lukas entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

36.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

37.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

38.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

39.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

40.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated February 12, 2005, which notice was received by that Defendant.

41.     This mortgage loan has been assigned to Defendant HSBC Mortgage Services.

42.     The Plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated February 12, 2005, which notice was received by that Defendant as well.

43.     More than twenty calendar days have passed since Defendants received the notice of rescission.

44.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

45.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

46.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

      a.     Rescission of this transaction;

      b.     Termination of any security interest in Plaintiff's property created under the transaction;

      c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

      e.     Forfeiture of loan proceeds;

      f.     Actual damages in an amount to be determined at trial; and

      g.     A reasonable attorney fee.

## FOURTH COUNT (ANGELINE DIMAIO-DAWKINS v. AMERIQUEST & HSBC)

47.     On or about January 14, 2004 Angeline DiMaio-Dawkins entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

48.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

49.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

50.     In the course of this consumer credit transaction, Defendant Ameriquest violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

51.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

52.      Defendant HSBC purchased the Plaintiff's mortgage from Ameriquest on the secondary market.

53.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated March 21, 2005 which notice was received by that Defendant.

54.     Defendant Ameriquest is also in receipt of this notice to rescind the contract.

55.     More than twenty calendar days have passed since Defendant HSBC received the notice of rescission.

56. Defendant Ameriquest refused to comply with the notice to rescind by letter dated November 29, 2005.

57. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

58. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

59. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

## FIFTH COUNT (FRANKLIN & DENISE MURPHY v. AMERIQUEST & OCWEN)

60.     On or about January 16, 2004 Franklin and Denise Murphy entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

61.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

62.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

63.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

64.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

65.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated January 19, 2005, which notice was received by that Defendant.

66.     This mortgage loan has been assigned to Defendant Ocwen Federal Bank.

67.     The Plaintiffs also exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ocwen by certified mail dated February 2, 2005, which notice was received by that Defendant as well.

68.     More than twenty calendar days have passed since Defendants received the notice of rescission.

69.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

70.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

71.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney fee.

## SIXTH COUNT (DWUITH & TANYA PASCOE v. AMERIQUEST)

72.      On or about May 10, 2004 Dwuith and Tanya Pascoe entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

73.      A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

74.      This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

75.      In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

76.      The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

77.      The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated March 25, 2005, which notice was received by the Defendant.

78.      More than twenty calendar days have passed since Defendant received the notice of rescission.

79.      The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

80.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

81.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.      Rescission of this transaction;

b.      Termination of any security interest in Plaintiff's property created under the transaction;

c.      Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.      Forfeiture of loan proceeds;

f.      Actual damages in an amount to be determined at trial; and

g.      A reasonable attorney fee.


**SEVENTH COUNT (GLEN & PATRICIA ROGERS v. AMERIQUEST & HSBC)**

82.     On or about July 8, 2004 Glen and Patricia Rogers entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

83.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

84.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

85.     In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

86.     The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

87.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company, by certified mail dated June 1, 2005, which notice was received by that Defendant.

88.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, HSBC, by certified mail dated June 1, 2005, which notice was received by that Defendant.

89.     More than twenty calendar days have passed since Defendants received the notice of rescission.

90.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

91.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

92.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. §
36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

      a.     Rescission of this transaction;

      b.     Termination of any security interest in Plaintiff's property created under
the transaction;

      c.     Return of any money or property given by the Plaintiff to anyone,
including the Defendants, in connection with this transaction;

      d.     Statutory damages of $2,000 for Defendant's failure to respond properly
to Plaintiff's rescission notice;

      e.     Forfeiture of loan proceeds;

      f.     Actual damages in an amount to be determined at trial; and

      g.     A reasonable attorney fee.


## EIGHTH COUNT (RICHARD & HEIDI CHARETTE v. AMERIQUEST & HSBC)

93.     On or about September 7, 2004 Richard & Heidi Charette entered into a loan
agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on
their residence to secure the indebtedness.

94.     A portion of the proceeds of the mortgage loan went towards the pay-off of the
existing mortgage on the residence.

95.     This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

96.     In the course of this consumer credit transaction, Defendant violated C.G.S. §
36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the

Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

97.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

98.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated February 14, 2005, which notice was received by that Defendant.

99.    This mortgage loan has been assigned to Defendant HSBC Mortgage Services.

100.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, HSBC by certified mail dated February 15, 2005, which notice was received by that Defendant.

101.    More than twenty calendar days have passed since Defendants received the notice of rescission.

102.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

103.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

104.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

        a.      Rescission of this transaction;

    b.      Termination of any security interest in Plaintiff's property created under the transaction;

    c.      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.      Forfeiture of loan proceeds;

    f.      Actual damages in an amount to be determined at trial; and

    g.      A reasonable attorney fee.

## NINTH COUNT (WILLIE MAE CUE v. AMERIQUEST)

105.    On or about December 13, 2002 Willie Mae Cue entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

106.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

107.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

108.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

109.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

110.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated November 21, 2005, which notice was received by that Defendant.

111.     By letter dated November 29, 2005, the Defendant has informed the Plaintiff that it refuses to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

112.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

113.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.     Rescission of this transaction;

   b.     Termination of any security interest in Plaintiff's property created under the transaction;

   c.     Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

   d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   e.     Forfeiture of loan proceeds;

f.      Actual damages in an amount to be determined at trial; and

g.      A reasonable attorney fee.

### TENTH COUNT (JOANN & JOSEPH ABBATEMATTEO v. AMERIQUEST)

114.    On or about October 24, 2003 Joann & Joseph Abbatematteo entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

115.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

116.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

117.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

118.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

119.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

120.    More than twenty calendar days have passed since Defendant received the notice of rescission.

121.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

122.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

123.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney fee.

## ELEVENTH COUNT (JUDITH & JERVIS BELL v. AMERIQUEST)

124.    On or about November 18, 2004 Jervis & Judith Bell entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

125.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

126.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

127.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

128.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

129.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

130.    More than twenty calendar days have passed since Defendant received the notice of rescission.

131.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

132.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

133.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. §
36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under
the transaction;

c.    Return of any money or property given by the Plaintiffs to anyone,
including the Defendant, in connection with this transaction;

d.    Statutory damages of $2,000 for Defendant's failure to respond properly
to Plaintiff's rescission notice;

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney fee.


### TWELVETH COUNT (CAROLYN F.BUNISKI v. AMERIQUEST)

134.    On or about August 14, 2003 Carolyn F. Buniski entered into a loan agreement
with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence
to secure the indebtedness.

135.    A portion of the proceeds of the mortgage loan went towards the pay-off of the
existing mortgage on the residence.

136.    This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

137.    In the course of this consumer credit transaction, Defendant violated C.G.S. §
36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two

copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

138.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

139.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

140.    More than twenty calendar days have passed since Defendant received the notice of rescission.

141.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

142.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

143.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.      Forfeiture of loan proceeds;

    f.      Actual damages in an amount to be determined at trial; and

    g.      A reasonable attorney fee.

## THIRTEENTH COUNT (MATTHEW CAVALLO III v. AMERIQUEST)

144.    On or about May 23, 2004 Matthew Cavallo III entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

145.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

146.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

147.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

148.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

149.     The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated October 10, 2004, which notice was received by that Defendant.

150.     More than twenty calendar days have passed since Defendant received the notice of rescission.

151.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

152.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

153.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.     Rescission of this transaction;

   b.     Termination of any security interest in Plaintiff's property created under the transaction;

   c.     Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

   d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   e.     Forfeiture of loan proceeds;

   f.     Actual damages in an amount to be determined at trial; and

   g.     A reasonable attorney fee.

## FOURTEENTH COUNT (MARCI & ROBERT DAY) v. ARGENT)

154.    On or about August 18, 2003 Marci & Robert Day entered into a loan agreement with the Defendant, Argent Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

155.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

156.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

157.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

158.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

159.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

160.    More than twenty calendar days have passed since Defendant received the notice of rescission.

161.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

162.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

163.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.       Rescission of this transaction;

b.       Termination of any security interest in Plaintiff's property created under the transaction;

c.       Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.       Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.       Forfeiture of loan proceeds;

f.       Actual damages in an amount to be determined at trial; and

g.       A reasonable attorney fee.

**FIFTEENTH COUNT (RAFAELA GUZMAN & OSCAR PEŃA v. AMERIQUEST)**

164.     On or about July 22, 2004 Rafaela Guzman & Oscar Peńa entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

165.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

166.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

167.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

168.    The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

169.    The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2005, which notice was received by that Defendant.

170.    More than twenty calendar days have passed since Defendant received the notice of rescission.

171.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

172.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

173.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

            a.        Rescission of this transaction;

29

b.      Termination of any security interest in Plaintiff's property created under

        the transaction;

c.      Return of any money or property given by the Plaintiffs to anyone,

        including the Defendant, in connection with this transaction;

d.      Statutory damages of $2,000 for Defendant's failure to respond properly

        to Plaintiff's rescission notice;

e.      Forfeiture of loan proceeds;

f.      Actual damages in an amount to be determined at trial; and

g.      A reasonable attorney fee.


### SIXTEENTH COUNT (CHERYL DOUGLAS-CHISHOLM v. AMERIQUEST)

174.    On or about January 13, 2004 Cheryl Douglas-Chisholm entered into a loan

agreement with the Defendant and provided a mortgage on her residence to secure the

indebtedness.

175.    A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

176.    This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

177.    In the course of this consumer credit transaction, Defendant violated C.G.S. §

36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two

copies each of a notice of the right to cancel that clearly and conspicuously disclosed the date the

rescission period expired.

178.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

179.     The Plaintiff exercised her extended right to rescind the contract by sending

notice (via counsel) to Defendant by certified mail dated March 25, 2005, which notice was

received by Defendant.

180.     More than twenty calendar days have passed since Defendant received the notice

of rescission.

181.     The Defendant has failed to take any action necessary or appropriate to reflect the

termination of any security interest created under the transaction as required by C.G.S. § 36a-

683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

182.     The Defendant has failed to return to the Plaintiff any money or property given to

anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg.

Z. § 226.23(d)(2).

183.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. §

36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the

transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the

Defendant, in connection with this transaction;

d.   Statutory damages of $2,000 for Defendant's failure to respond properly to

Plaintiffs' rescission notice;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney fee.

## SEVENTEENTH COUNT (JEFFREY & SHARON COUTANT v. AMERIQUEST & HSBC)

184. On or about July 23, 2004 Jeffrey and Sharon Coutant entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

185. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

186. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

187. In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

188. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

189. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 28, 2005, which notice was received by that Defendant.

190.     The Plaintiffs' mortgage loan has been assigned to Defendant HSBC.

191.     The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated September 28, 2005, which notice was received by that Defendant.

192.     More than twenty calendar days have passed since Defendants received the notices of rescission.

193.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

194.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

195.     As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

     a.     Rescission of this transaction;

     b.     Termination of any security interest in Plaintiff's property created under the transaction;

     c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

     d.     Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

     e.     Forfeiture of loan proceeds;

     f.     Actual damages in an amount to be determined at trial; and

      g.     A reasonable attorney fee.

## EIGHTEENTH COUNT (SIMON A. DELL v. AMERIQUEST)

196.    On or about July 3, 2003 Simon A. Dell entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

197.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

198.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

199.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

200.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

201.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated October 3, 2005, which notice was received by that Defendant.

202.    More than twenty calendar days have passed since Defendant received the notice of rescission.

203.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

204.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

205.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.      Rescission of this transaction;

b.      Termination of any security interest in Plaintiff's property created under the transaction;

c.      Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.      Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.      Forfeiture of loan proceeds;

f.      Actual damages in an amount to be determined at trial; and

g.      A reasonable attorney fee.

## NINTEENTH COUNT (MIGDALIA FIGUEROA v. ARGENT)

206.    On or about June 4, 2004 Migdalia Figueroa entered into a loan agreement with the Defendant, Argent Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

35

207.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

208.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

209.    In the course of this consumer credit transaction, Defendant violated C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

210.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

211.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

212.    More than twenty calendar days have passed since Defendant received the notice of rescission.

213.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

214.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

215.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. §

36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.      Rescission of this transaction;

      b.      Termination of any security interest in Plaintiff's property created under
the transaction;

      c.      Return of any money or property given by the Plaintiff to anyone,
including the Defendant, in connection with this transaction;

      d.      Statutory damages of $2,000 for Defendant's failure to respond properly
to Plaintiff's rescission notice;

      e.      Forfeiture of loan proceeds;

      f.      Actual damages in an amount to be determined at trial; and

      g.      A reasonable attorney fee.

### TWENTIETH COUNT (NICHOLAS & ANN GRIFFIN  v. AMERIQUEST)

216.    On or about June 21, 2003 Nicholas & Ann Griffin entered into a loan agreement

with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence

to secure the indebtedness.

217.    A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

218.    This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

219.    In the course of this consumer credit transaction, Defendant violated C.G.S. §

36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b) by failing to deliver to each of the

Plaintiffs two copies of a notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired.

220.    The Plaintiff have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

221.    The Plaintiff exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated June 8, 2005, which notice was received by that Defendant.

222.    More than twenty calendar days have passed since Defendant received the notice of rescission.

223.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

224.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

225.    As a result of the aforesaid violations of TILA and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.      Rescission of this transaction;

      b.      Termination of any security interest in Plaintiff's property created under the transaction;

      c.      Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.        Statutory damages of $2,000 for Defendant's failure to respond properly

             to Plaintiff's rescission notice;

    e.        Forfeiture of loan proceeds;

    f.        Actual damages in an amount to be determined at trial; and

    g.        A reasonable attorney fee.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case;

2. Declare the security interest in the Plaintiffs' residences are void;

3. Enter an order that the mortgage transactions are rescinded;

4. Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5. Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

6. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

8. Award the Plaintiffs actual statutory damages for the Defendant's failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

9. Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

12. Award such other and further relief as the Court deems just and proper.

**THE PLAINTIFFS**,

By:   ___/s/Sarah Poriss_____
          Daniel S. Blinn,        Fed Bar No. ct02188
          dblinn@consumerlawgroup.com
          Sarah Poriss  Fed Bar No. ct24372
          sporiss@consumerlawgroup.com
          Consumer Law Group, LLC
          35 Cold Spring Road, Suite 512
          Rocky Hill, CT  06067
          Tel. (860) 571-0408  Fax. (860) 571-7457