# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| AMERIQUEST MORTGAGE CO. ) | |
| MORTGAGE LENDING PRACTICES ) | |
| LITIGATION ) | |
| ) | |
| ) | MDL No. 1715 |
| AMERIQUEST MORTGAGE ) | |
| COMPANY, a Delaware Corporation; ) | Lead Case No. 05-CV-07097 |
| and ARGENT MORTGAGE ) | |
| COMPANY LLC, a Delaware limited ) | (Centralized before |
| liability company, ) | the Hon. Marvin E. Aspen) |
| ) | |
| Defendants/Third-Party ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTHWEST TITLE AND ESCROW ) | |
| CORPORATION, a Minnesota ) | |
| corporation, et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

### MOTION OF TEK TITLE, LLC, AN ILLINIOS LIMITED LIABILITY COMPANY, TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Now comes Third-Party Defendant, Tek Title, LLC, an Illinois Limited Liability Company (hereinafter referred to as "Tek"), by and through its attorneys, Robert S. Pinzur, Laura E. Cohen, Megan L. Kerr, Brian S. Brewer, Brian R. Merfeld and Pinzur, Cohen & Kerr, Ltd., and for its Motion To Dismiss pursuant to Federal Rule 12(b)(6) with prejudice the claims against Tek Title, LLC in the Plaintiffs' Third-Party Complaint (the "Complaint"), states as follows:

**INTRODUCTION**

1. In their Third-Party Complaint, Ameriquest Mortgage Company ("Ameriquest") and Argent Mortgage Company, LLC ("Argent," and with Ameriquest, "Third-Party Plaintiffs") seek to hold Tek (and other Title Defendants) liable for any liability that may be imposed against Ameriquest and Argent by the home borrowers who are suing them. The only alleged basis for holding Tek liable is their purported failure to deliver to the borrowers a "Notice of Right to Cancel." Ameriquest and Argent set forth four causes of action against Tek: (1) Breach of Contract, (2) Negligence, (3) Equitable Indemnity, and (4) Contribution. (Complaint ¶¶ 18-35, 42-59). Each of Third-Party Plaintiffs' four claims, brought by both Argent and Ameriquest, are insufficient to withstand a 12(b)(6) motion to dismiss.

2. From the face of the Complaint, it is clear the relationship between Third-Party Plaintiffs and Tek is of a commercial nature (i.e., Tek allegedly acted as the closing agent for loans originated and/or funded by Ameriquest and Argent). Notwithstanding, Ameriquest and Argent have failed to allege any of the essential terms of a contract. The commercial nature of the relationship, however, precludes any claims for negligence or contribution as a matter of law. Moreover, as will be shown below, Illinois courts have discontinued the idea of indemnity unless such indemnification is expressly stated in an agreement. Therefore, the Third-Party Complaint against Tek must be dismissed with prejudice.

**BACKGROUND**

3. This litigation involves claims by more than 290 individual borrowers and more than 20 putative class representatives filed against Defendants Ameriquest and Argent. These cases were consolidated and transferred to this Court for centralized pretrial proceedings.

2

      Pursuant to this Court's November 6, 2006 Order, this Court segregated the claims at issue into two categories – the 290 + individual claims (the "Opt Out" Claims) and the Class Claims on behalf of tens of thousands of borrowers.

4. On or about August 24, 2007, Ameriquest and Argent filed the Third-Party Complaint against Tek and almost 300 other title company and mortgage broker defendants.

5. In the Third-Party litigation, Defendants/Third-Party Plaintiffs assert indemnification and contribution claims against the Title Defendants based on allegations that the Title Defendants failed to provide certain borrowers with a Notice of Right to Cancel at the closings. With respect to the Opt-Out Claims, Tek is alleged to have participated in the closings of only three of the hundreds of individual cases that are involved in this litigation: the Brown Loan, the Freeberg Loan and the Holzmeister Loan.

6. On November 14, 2007, this Court granted Third-Party Defendant's, National Real Estate Information Services, Motion to Stay, Pending a Class Certification, Any Claims in the Third-Party Complaint Which Are Derived From Claims By Absent Class Members. This ruling ought to apply to all Third-Party Defendants insofar as if it does not, it places the Third-Party Defendants not covered by said ruling at an unfair disadvantage. Given this ruling, the only third-party claims currently being prosecuted against Tek by Ameriquest and Argent are three individual claims named above.

**A. THIRD PARTY PLAINTIFFS FAIL TO PLEAD A SUFFICIENT BREACH OF CONTRACT CLAIM.**

7. Third Party Plaintiffs have failed to sufficiently allege a breach of contract claim against the Title Defendants. In order to meet the notice pleading standards of Rule 8(a), "a contract claim must identify [1] the relevant agreement, [2] the basic contents of that

3

agreement, and [3] the pertinent parties." *Hoopla Sports and Entertainment, Inc. v. Nike, Inc.*, 947 F. Supp. 347, 356 (N.D. Ill. 1996). Here, Third Party Plaintiffs have failed to identify both the relevant agreement and the basic contents of that agreement. Third Party Plaintiffs fail to produce, cite to, or establish the existence of a single agreement or contract that purportedly exists between the Third Party Plaintiffs and the Title Defendants. These allegations are essential elements of a contract claim. Instead, Third Party Plaintiffs make conclusory allegations that Ameriquest and Argent entered into generic "contracts" of no description with each of the Title Defendants.

8. Moreover, Third Party Plaintiffs provide no explanation of the contents of these agreements, except brief reference to a requirement in the purported contracts that each of the Title Defendants would complete a "Notice of Right to Cancel" form. (Complaint ¶ 20, 44). This conclusory allegation does not meet the pleading standards of Rule 8(a). To meet this standard, the Supreme Court recently held: "First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n.14." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). The conclusory allegation by Third-Party Plaintiffs does not meet the *Twombly* standard. Third Party Plaintiffs' failure to identify the relevant contracts or their terms renders their complaint insufficient to meet federal pleading standards. For

4

these reasons, this Court should dismiss Third Party Plaintiffs' breach of contract claim as insufficient under Federal Rule of Civil Procedure 12(b)(6).

**B.     THE PARTIES' COMMERCIAL RELATIONSHIP BARS THE THIRD-PARTY PLAINTIFFS' TORT-BASED CLAIMS.**

9.     Assuming, *arguendo*, a valid agreement can be shown, Third-Party Plaintiffs should be barred from bringing their negligence claim because the present action would stem from a commercial relationship between Tek and the Third-Party Plaintiffs. (Complaint ¶ 8). Courts have developed the economic loss doctrine to prevent tort claims when a party alleges damages that have arisen out of breach of duties that arise from a commercial or contractual relationship. The economic loss doctrine in Illinois is found in *Moorman Manufacturing Corp. v. National Tank Co.*, 91 Ill. 2d 69, 435 N.E. 2d 443 (1982), which establishes that mere economic damages are generally not recoverable in tort. *See, also*, *Resolution Trust Corporation v. KPMG Peat Marwick, et al.*, 93-C0108, 844 F. Supp. 431, 435 (N.D. Ill. February 18, 1994). As such, when a plaintiff alleges only economic damages, a negligence claim must necessarily fail. Here, given the alleged commercial or contractual relationship between Tek and Ameriquest and Argent, the Third-Party Plaintiffs can allege only economic damages. Consequently, Third-Party Plaintiffs' negligence claim must fail.[1]

10.    Under Illinois law, the right to contribution arises only in tort actions and is a creation of statute which, after years of trial and error, extinguishes the concept of equitable or implied indemnity, but does not affect claims for indemnity based on express agreements. *See, Allison v. Shell Oil Co.,* 13 Ill. 2d 26, 27, 495 N.E. 2d 96, 497 (1986).

---

[1] Tek is based in Illinois and accordingly the law cited herein is controlling. In any event, the economic loss doctrine is widely accepted in most jurisdictions.

5

*See, also, Cusumano v. MAPCO Gas Products, Inc., et al.*, Co. 90-C7161, 1992 U.S. Dist. LEXIS 16974, *12-*15 (N. D. Ill. Nov. 5, 1992); *Reid v. Bootheel Transportation Company*, 771 F. Supp. 237, 240 (N. D. Ill. Jan. 12, 1991); 740 ILCS 100, *et seq.* (West 2007). Third-Party Plaintiffs have failed to indicate the existence of any express indemnification provisions in any alleged contracts. Without first properly alleging a contract was even in existence, there can be no express indemnity. As a result, the Third-Party Complaint must be dismissed.

11. As previously indicated, the relationship between Tek, Ameriquest and Argent, is purely commercial in nature.

12. Because actions for contribution in Illinois must sound in tort and Third-Party Plaintiffs' negligence claim is barred by the economic loss doctrine articulated in *Moorman* and *Resolution Trust, supra,* Third-Party Plaintiffs' claims for contribution are insufficient and should be dismissed.

13. Because indemnity actions can only stem from express agreement, as articulated in *Allison, Cusumano* and *Reid, supra*, Third-Party Plaintiffs' claims for indemnity are insufficient and should be dismissed.

WHEREFORE, for the reasons set forth herein, Third-Party Defendant, Tek Title, LLC, an Illinois Limited Liability Company, respectfully requests that this Court dismiss Third-Party Plaintiffs' Complaint against Tek with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, stay those claims pending class certification in accordance with this Court's November 14, 2007 Order and for any further relief this Court deems necessary and appropriate.

Dated: December 3, 2007     Tek Title, LLC, an Illinois Limited Liability Company


By: s/ Brian S. Brewer
    One of Its Attorneys




Robert S. Pinzur
Laura E. Cohen
Megan L. Kerr
Brian S. Brewer
Brian R. Merfeld
Pinzur, Cohen & Kerr, Ltd.
Suite 208
4180 RFD Route 83
Long Grove, Illinois 60047
847/821-5290
847/821-5293 (Fax)

## CERTIFICATION

Brian S. Brewer, an attorney, certifies pursuant to the Court Rules he served the foregoing Motion To Dismiss pursuant to Federal Rule 12(b)(6) via e-mail transmission upon all attorneys of record with the Clerk of the Court via the CM/ECF system on December 3, 2007.

Further, pursuant to the Local Rules, a copy of this Motion was sent to the Honorable Marvin E. Aspen, United States District Court, 219 South Dearborn Street, Room 2578, Chicago, Illinois 60064 by First Class U.S. Mail by depositing a copy of the same, postage pre-paid, in the U.S. Mail located at 4180 RFD Route 83, Long Grove, Illinois 60047 on December 3, 2007.

/s/ Brian S. Brewer
Brian S. Brewer

Robert S. Pinzur
Laura E. Cohen
Megan L. Kerr
Brian S. Brewer
Brian R. Merfeld
Pinzur, Cohen & Kerr, Ltd.
Suite 208
4180 RFD Route 83
Long Grove, Illinois 60047
847/821-5290
847/821-5293 (Fax)