0149.12202          MRG/SMS          FIRM I.D.
40738

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | ) ) ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) ) |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota Corporation, *et al.* | ) ) ) ) |
| Third-Party Defendants. | ) ) |

MDL No. 1715

Lead Case No. 05-CV-07097

(Centralized before the Honorable Marvin E. Aspen)

## THIRD PARTY DEFENDANT MORTGAGE PRO USA S ANSWER TO THIRD PARTY PLAINTIFFS FIRST AMENDED CONSOLIDATED THIRD PARTY COMPLAINT

Third party defendant Mortgage Pros USA ( Mortgage Pros ), by and through its

attorneys Merlo Kanofsky Brinkmeier & Gregg, Ltd. answers the First Amended Consolidated

Third Party Complaint filed by Ameriquest Mortgage Company, a Delaware corporation; and

Argent Mortgage Company LLC, a Delaware limited liability company, as follows:

<u>The Parties</u>

1.      Ameriquest is a Delaware corporation with its principal place of business in California.

<u>Answer</u>:      For lack of sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 1, Mortgage Pros neither admits nor denies same but demands strict proof thereof.

2.      Argent is a Delaware limited liability company with its principal place of business in California.

<u>Answer</u>:      For lack of sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 2, Mortgage Pros neither admits nor denies same but demands strict proof thereof.

3.      Ameriquest and Argent bring this Third-Party Complaint against the Closing Agents and Title Underwriters (collectively referred to hereinafter as the "Title Defendants".

<u>Answer</u>:      Paragraph 3 sets forth legal conclusions which Mortgage Pros need not answer.

4.      Argent also brings this Third-Party Complaint against the mortgage brokers ("Broker Defendants") listed on Exhibit B attached hereto.

<u>Answer</u>:      Paragraph 4 sets forth legal conclusions which Mortgage Pros need not answer.

5.      Ameriquest and Argent are at times ignorant of the true names and capacities, whether individual, corporate, associate, employee, agent or otherwise, of third-party defendant DOES 1 though 10, inclusive, and therefore sues said third-party defendants by such fictitious names. Ameriquest and Argent are informed and believe and thereon allege that each of the

2

third-party defendants designated herein as a fictitiously named third-party defendant is, in some manner, responsible for the events and happenings referred to, and caused the damage to Ameriquest and/or Argent as herein alleged. Ameriquest and Argent will amend their Third-Party Complaint to allege the true names and capacities of those third-party defendants when such information is ascertained.

Answer:    For lack of sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 stating the true names and capacities of Ameriquest and Argent, and whether third party defendants had any fictitious names, Mortgage Pros neither admits or denies same but demands strict proof thereof.  To the extent that an answer is required of any remaining allegations, Mortgage Pros denies those allegations.

6.    The Court has jurisdiction over this matter, pursuant to Rule 14 of the Federal Rules of Civil Procedure.

Answer:    Admit.

7.    Venue is proper in this judicial district because Ameriquest's and Argent's claims against the Title Defendants and Broker Defendants arise directly out of claims asserted by the plaintiffs listed in Exhibit A and Exhibit B hereto against Ameriquest and Argent in this Court.

Answer:    Denied.


General Allegations for Ameriquest Claims

8.    On or about the dates set forth in Exhibit A hereto, Ameriquest and each of the Title Defendants entered into an agreement wherein the Title Defendants agreed to close Ameriquest loans in exchange for consideration to be paid from the loan proceeds. In connection with these agreements, the Title Defendants warranted, among other things, that they would

accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed and would provide Ameriquest's borrower(s) with the correct number of copies of the completed form.

Answer:        To the extent that the allegations of paragraph 8 are not directed at Mortgage Pros, no answer need be given.  To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

9.        Each of the plaintiffs listed in Exhibit A hereto has filed a lawsuit against Ameriquest alleging, among other things, that Ameriquest violated TILA by, allegedly, failing to provide the plaintiff with a complete and accurate Notice of Right to Cancel form and/or failing to provide the correct number of copies of the form.

Answer:        To the extent that the allegations of paragraph 9 are not directed at Mortgage Pros, no answer need be given.  To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

10.        The claims alleged against Ameriquest in each of the plaintiffs' lawsuits with respect to the Notice of Right to Cancel form relate to duties that should have been carried out by each of the Title Defendants, with respect to the particular loan(s) that they were hired to close. Thus, to the extent that any of the plaintiffs received an inaccurate, incomplete, or misleading Notice of Right to Cancel form, or an incorrect number of forms, this is entirely attributable to the conduct of the Title Defendant(s) who were hired to close that particular loan.

Answer:        To the extent that the allegations of paragraph 10 are not directed at Mortgage Pros, no answer need be given.  To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

4

General Allegations for Argent Claims

11.     Plaintiffs' suits also allege, *inter alia,* that Argent made misrepresentations regarding loan terms, engaged in bait and switch tactics, failed to make proper disclosures (including Notice of Right to Cancel), and/or improperly serviced plaintiffs' loans. These claims arise primarily out of the negotiation of loan terms, events that occurred at loan closings, or out of post-funding handling of plaintiffs' effort to repay, or failure to repay the subject loan.

Answer:     Plaintiff s lawsuits provide the basis for their claims against Argent. To the extent that the allegations of paragraph 11 are not directed at Mortgage Pros conduct, no answer need be given.  To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

12.     Argent, however, is a wholesale mortgage lender. By definition, a wholesale lender has no involvement in the negotiation of loan terms, or the loan closing. Argent likewise has no involvement in collecting loan payments or otherwise servicing loans. Instead, Argent's involvement in the loan process is limited to funding loans originated by independent mortgage brokers and closed by independent Closing Agents and Title Underwriters, each of whom are individually responsible for ensuring that the origination, title and closing process is effectuated in compliance with all aspects of applicable law. Further, the Broker Defendants are responsible for selecting the Title Defendants.

Answer:     Mortgage Pros admits that Argent is a wholesale mortgage lender as alleged in paragraph 12.  Mortgage Pros denies that Argent has no involvement in the negotiations of the loan terms or the loan closings.  Mortgage Pros has insufficient information as to Argent s involvement in collecting loan payments or servicing loans to form a belief as to the truth or falsity of those allegations, and therefore neither admits nor denies same, but

demands strict proof thereof.  Mortgage Pros denies it is responsible for selecting title defendants.  Mortgage Pros admits selecting the title company used for H. Graf, Jr..

13.     Argent entered into a "Mortgage Broker Agreement" whereby the independent Broker Defendants agreed, *inter alia,* to the "full, accurate and truthful disclosure" of all "facts, information or documentation" that might affect the loan process, agreed to comply with all rules and regulations regarding the application and processing of a loan, and agreed to indemnify and hold harmless the lender (Argent) against claims made by the borrower.

Answer:     Mortgage Pros has insufficient knowledge to form a belief as to the truth or falsity of the allegations set forth in paragraph 13, and therefore neither admits nor denies same, but demands strict proof thereof.

14.     Argent also enters into enforceable agreements with the Title Defendants through the providing of Escrow Lending Instructions which require, *inter* alia, the proper execution, disclosure, and issuance of the required closing documents, including the Notice of Right to Cancel and the HUD-l Settlement Statement.

Answer:     For lack of sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 14, Mortgage Pros neither admits nor denies same but demands strict proof thereof.

15.     The Title Underwriter also issues a "Closing Protection Letter" whereby the Title Underwriter agrees to reimburse the lender for actual loss incurred by the lender in connection with the closing conducted by the Closing Agent including the failure of the Closing Agent to comply with the lender's written closing instructions, as well as acts of fraud or dishonesty by the Closing Agent in the handling of the lender's funds or documents in collection with a closing.

Answer:     For lack of sufficient information to form a belief as to the truth or falsity

6

of the allegations contained in paragraph 15, Mortgage Pros neither admits nor denies same but demands strict proof thereof.

16.     The Title Underwriter also issues a final title policy whereby the Title Underwriter insures the validity and lien priority of the mortgage provided to Argent.

<u>Answer</u>:     For lack of sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 16, Mortgage Pros neither admits nor denies same but demands strict proof thereof.

17.     Each of the plaintiffs' listed on Exhibit B engaged a Broker Defendant in order to apply for and obtain a loan from Argent. The Broker Defendants subsequently selected the Title Defendants to close the loans. The Broker Defendants and Title Defendants are wholly responsible for any alleged misrepresentations, improper tactics, or failed disclosures that may be found to have occurred in the process of obtaining a loan from Argent.

<u>Answer</u>:     Mortgage Pros admits it was engaged by H. Graf, Jr. to apply for and obtain a loan, and that it selected a title company to close the loan.  Mortgage Pros denies that it is responsible for any alleged misrepresentations, improper tactics, or failed disclosures that may have been found to have occurred in the process of obtaining a loan from Argent.  For lack of sufficient information to form a belief as to the remaining allegations and their truth or falsity as set forth in paragraph 17, Mortgage Pros neither admits nor denies same but demands strict proof thereof.

<u>First Cause of Action</u>
<u>(Breach of Contract    Ameriquest Against the Title Defendants)</u>

18.     Ameriquest re-alleges paragraphs 1 through 17 inclusive, and incorporates the same by reference.

7

Answer:      Mortgage Pros re-alleges and reaffirms its answer to paragraphs 1 through 26 inclusive, and incorporates same by reference.

19.      Ameriquest and each of the Title Defendants entered into a valid and enforceable contract. Ameriquest fully performed its duties under this contract.

Answer:      To the extent that the allegations of paragraph 19 are not directed at defendant Mortgage Pros, no answer need be given.  To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

20.      The contract required, among other things, that each of the Title Defendants would accurately complete a  Notice of Right to Cancel  form with respect to each loan that they closed, and provide the relevant borrower(s) with the correct number of copies of the completed.

Answer:      To the extent that the allegations of paragraph 20 are not directed at defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

21.      In the event that the allegations in any of plaintiffs  lawsuits are proven to be true, the Title Defendants who were responsible for closing the loans in question breached the contract with respect to their duty to provide a complete and accurate Notice of Right to Cancel form and/or to provide the correct number of forms.

Answer:      To the extent that the allegations of paragraph 21 are not directed at defendant Mortgage Pros, no answer need be given.  To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

22.      Ameriquest has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys  fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest. Ameriquest has also suffered damage to its

reputation and goodwill as a direct result of the Title Defendants conduct, in an amount to be proven at trial.

Answer: To the extent that the allegations of paragraph 22 are not directed at defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

Second Cause of Action
(Negligence Ameriquest Against the Title Defendants)

23. Ameriquest re-alleges paragraphs I through 22 inclusive, and incorporates the same by reference.

Answer: Mortgage Pros re-alleges and reaffirms its answers to paragraphs 1 through 22 inclusive, and incorporates same by reference.

24. Each of the Title Defendants had a duty to follow any and all federal and state laws relating to required disclosures in connection with mortgage loans including, but not limited to, the Notice of Right to Cancel.

Answer: To the extent that the allegations of paragraph 24 are not directed at defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

25. In the event that the allegations in any of the lawsuits are proven to be true, the Title Defendants breached this duty, by failing to follow the clear rules set forth in TILA and related statutes.

Answer: To the extent that the allegations of paragraph 25 are not directed at defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

9

26.     As a direct result of the negligence of the Title Defendants, Ameriquest has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest in connection with the lawsuits.

Answer:     To the extent that the allegations of paragraph 26 are not directed at defendant Mortgage Pros, no answer need be given.  To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

Third Cause of Action<br>(Equitable Indemnity    Ameriquest Against the Title Defendants)

27.     Ameriquest re-alleges paragraphs 1 through 26 inclusive, and incorporates the same by reference.

Answer:     Mortgage Pros re-alleges and reaffirms its answer to paragraphs 1 through 26 inclusive, and incorporates same by reference.

28.     In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Ameriquest suffers including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Title Defendants who were responsible for closing the loans in question.

Answer:     To the extent that the allegations of paragraph 28 are not directed at defendant Mortgage Pros, no answer need be given.  To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

29.     Ameriquest reasonably relied on promises made by each of the Title Defendants. In particular, Ameriquest relied on the Title Defendants' representation that they would follow the rules set forth in TILA and other regulations, as well as the terms and conditions of the

parties contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

Answer:       To the extent that the allegations of paragraph 29 are not directed at defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

30.     Under principals of equity, Ameriquest is entitled to indemnification from each of the Title Defendants in an amount sufficient to reimburse Ameriquest for any judgment, settlement, attorneys fees, costs, or other equitable relief that Ameriquest suffers in connection with the plaintiffs lawsuits.

Answer:       To the extent that the allegations of paragraph 30 are not directed at defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

Fourth Cause of Action
(Contribution    Ameriquest Against the Title Defendants)

31.     Ameriquest re-alleges paragraphs 1 through 30 inclusive, and incorporates the same by reference.

Answer:       Mortgage Pros re-alleges and reaffirms its answer to paragraphs 1 through 30 inclusive, and incorporates same by reference.

32.     In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Ameriquest suffers including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Title Defendants who were responsible for closing the loans in question.

Answer:       To the extent that the allegations of paragraph 32 are not directed at

defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

33. Ameriquest reasonably relied on promises made by each of the Title Defendants. In particular, Ameriquest relied on the Title Defendants' representation that they would follow all applicable roles and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

Answer: To the extent that the allegations of paragraph 33 are not directed at defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

34. Ameriquest did not know, and had no reason to know, that the Title Defendants would not follow the required rules and regulations, in preparing and delivering the Notice of Right to Cancel, and other closing documents.

Answer: To the extent that the allegations of paragraph 34 are not directed at defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

35. Under principals of equity, Ameriquest is entitled to contribution from each of the Title Defendants in an amount sufficient to reimburse Ameriquest for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Ameriquest suffers in connection with the plaintiffs' lawsuits that exceeds Ameriquest's pro·rata share of its liability.

Answer: To the extent that the allegations of paragraph 35 are not directed at defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

12

<u>Fifth Cause of Action</u>
<u>(Breach of Contract   Argent Broker Defendants)</u>

36.     Argent re-alleges paragraphs I through 35 inclusive, and incorporates the same by reference.

<u>Answer</u>:     Mortgage Pros re-alleges and reaffirms its answer to paragraphs 1 through 35 inclusive, and incorporates same by reference.

37.     Argent and each of the Broker Defendants listed on Exhibit B entered into a valid and enforceable contract and Argent fully performed its duties under this contract.

<u>Answer</u>:     Mortgage Pros admits that it brokered mortgage loans through Argent, but denies each and every allegation against it as alleged in Paragraph 37.   To the extent that the remaining allegations of Paragraph 37 are not directed at Mortgage Pros, no answer need be given.

38.     The contract required, among other things, that the Broker Defendants would provide "full, accurate and truthful disclosure" of all "facts, information or documentation" that might affect the loan process and agree to comply with all rules and regulations regarding the application and processing of a loan.

<u>Answer</u>:     Mortgage Pros denies each and every allegation against it as alleged in Paragraph 38.    To the extent that the remaining allegations of Paragraph 38 are not directed at Mortgage Pros, no answer need be given.

39.     The contract further required the Broker Defendants to indemnify Argent and hold it harmless against claims made by borrowers.

<u>Answer</u>:     Mortgage Pros denies each and every allegation against it as alleged in Paragraph 39.   To the extent that the remaining allegations of Paragraph 39 are not directed at

13

Mortgage Pros, no answer need be given.

40.    In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Broker Defendants breached the contract.

Answer:    Mortgage Pros denies each and every allegation against it as alleged in Paragraph 40.   To the extent that the remaining allegations of Paragraph 40 are not directed at Mortgage Pros, no answer need be given.

41.    Argent has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent. Argent has also suffered damage to its reputation and goodwill as a direct result of the Broker Defendants  conduct, in an amount to be proven at trial.

Answer:    For lack of sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 41, Mortgage Pros neither admits nor denies same but demands strict proof thereof.  To the extent that any allegations are directed at Mortgage Pros, those allegations are denied.

Sixth Cause of Action
(Breach of Contract    Argent Against Title Defendants)

42.    Argent re-alleges paragraphs 1 through 41 inclusive, and incorporates the same by reference.

Answer:    Mortgage Pros re-alleges and reaffirms its answer to paragraphs 1 through 41 inclusive, and incorporates same by reference.

43.    Argent and each of the Title Defendants listed on Exhibit A and Exhibit B entered into a valid and enforceable contract. Argent fully performed its duties under this contract

14

Answer:     To the extent that the allegations of paragraph 43 are not directed at defendant Mortgage Pros, no answer need be given.  To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it

44.     The contract required, among other things, that each of the Title Defendants would accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed, and provide the relevant borrower(s) with the correct number of copies of the completed form.

Answer:     To the extent that the allegations of paragraph 44 are not directed at defendant Mortgage Pros, no answer need be given.  To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it

45.     In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Title Defendants who were responsible for closing the loans in question breached the contract with respect to their duty to provide a complete and accurate Notice of Right to Cancel form and/or to provide the correct number of forms.

Answer:     To the extent that the allegations of paragraph 45 are not directed at defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

46.     Argent has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent. Argent has also suffered damage to its reputation and goodwill as a direct result of the Title Defendants conduct, in an amount to be proven at trial.

Answer:     To the extent that the allegations of paragraph 46 are not directed at defendant Mortgage Pros, no answer need be given.  To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it

Seventh Cause of Action
(Negligence    Argent Against Broker Defendants and Title Defendants)

47.     Argent re-alleges paragraphs 1 through 46 inclusive, and incorporates the same by reference.

Answer:     Mortgage Pros realleges its answer to paragraphs 1 through 46 inclusive, and incorporates the same by reference.

48.     Each of the Broker Defendants and Title Defendants listed on Exhibits A and B had a duty to follow any and all federal and state laws or regulations relating to required disclosures in connection with mortgage loans including, but not limited to, the Notice of Right to Cancel.

Answer:     Mortgage Pros admits only those duties imposed as a matter of law.  To the extent that the remaining allegations of paragraph 48 are not directed at Mortgage Pros, no answer need be given.

49.     In the event that the allegations in any of the lawsuits are proven to be true, the Broker Defendants and Title Defendants breached this duty by failing to follow the clear rules set forth in TILA and related statutes.

Answer:     Mortgage Pros denies that it breached any duties as alleged in Paragraph 49.  To the extent that the remaining allegations are not directed at Mortgage Pros, no answer need be given.

50.     As a direct result of the negligence of the Broker Defendants and Title

16

Defendants, Argent has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys  fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent in connection with the lawsuits.

> Answer:     Defendant Mortgage Pros denies each and every allegation against it  as set forth in paragraph 50.  To the extent that the remaining allegations are not directed to Mortgage Pros, no answer need be given.

Eighth Cause of Action
(Equitable Indemnity    Argent Against the Broker Defendants and Title Defendants)

> 51.     Argent re-alleges paragraphs 1 through 50 inclusive, and incorporates the same by reference.

> Answer:     Mortgage Pros re-alleges and reaffirms its answer to paragraphs 1 through 50 inclusive, and incorporates same by reference.

> 52.     In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Argent suffers including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Broker Defendants and Title Defendants who were they only parties to directly interact with the plaintiffs.

> Answer:     Mortgage Pros denies each and every allegations set forth in paragraph 52 directed against it.  To the extent that the remaining allegations are not directed to Mortgage Pros, no answer need be given.

> 53.     Argent reasonably relied on promises made by each of the Broker Defendants and Title Defendants. In particular, Argent relied on the representations from Broker Defendants and Title Defendants that they would follow the rules set forth in TILA and other regulations, as well

17

as the terms and conditions of the parties' contract, in preparing any and all mortgage or closing documents including, but not limited to, the Notice of Right to Cancel.

Answer:        Mortgage Pros denies each and every allegation against it as alleged in paragraph 53. For lack of sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 53, Mortgage Pros neither admits nor denies same but demands strict proof thereof. To the extent that the remaining allegations are not directed to Mortgage Pros, no answer need be given.

54.        Under principals of equity, Argent is entitled to indemnification from each of the Broker Defendants and Title Defendants in an amount sufficient to reimburse Argent for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Argent suffers in connection with the plaintiffs' lawsuits.

Answer:        Defendant Mortgage Pros denies each and every allegation against it as set forth in paragraph 54. To the extent that the remaining allegations are not directed to Mortgage Pros, no answer need be given.


Ninth Cause of Action
(Contribution    Argent Against the Broker Defendants and Title Defendants)

55.        Argent re-alleges paragraphs 1 through 54 inclusive, and incorporates the same by reference.

Answer:        Mortgage Pros re-alleges and reaffirms its answer to paragraphs 1 through 54 inclusive, and incorporates same by reference.

56.        In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Argent suffers including, but not limited to, any judgment,

settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Broker Defendants and Title Defendants as they were the only parties to directly interact with the plaintiffs.

Answer:    To the extent that the allegations of paragraph 56 are not directed at defendant Mortgage Pros, no answer need be given. To the extent that any allegations are directed against Mortgage Pros, it denies all allegations against it.

57.    Argent reasonably relied on promises made by each of the Broker Defendants and Title Defendants. In particular, Argent relied on the Broker Defendants and Title Defendants' representations that they would follow all applicable the rules and regulations, as well as the terms and conditions of the parties' contract, in preparing any and all mortgage and closing documents including, but not limited to, the Notice of Right to Cancel.

Answer:    Mortgage Pros denies each and every allegation against it as alleged in paragraph 57.  For lack of sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 57, Mortgage Pros neither admits nor denies same but demands strict proof thereof.  To the extent that the remaining allegations are not directed to Mortgage Pros, no answer need be given.

58.    Argent did not know, and had no reason to know, that the Broker Defendants and Title Defendants would not follow the required rules and other regulations, in preparing and delivering the mortgage and closing documents.

Answer:    Mortgage Pros denies each and every allegation against it as alleged in paragraph 58.  For lack of sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 58, Mortgage Pros neither admits nor denies same but demands strict proof thereof.  To the extent that the remaining allegations are

not directed to Mortgage Pros, no answer need be given.

59. Under principals of equity, Argent is entitled to contribution from each of the Broker Defendants and Title Defendants in an amount sufficient to reimburse Argent for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Argent suffers in connection with the plaintiffs' lawsuits that exceeds Argent's pro-rata share of its liability.

Answer: Defendant Mortgage Pros denies each and every the allegation against it as set forth in paragraph 59. To the extent that the remaining allegations are not directed to Mortgage Pros, no answer need be given.

## AFFIRMATIVE DEFENSES

1. It was the duty of Argent, in accordance with applicable law, to prepare closing documents, including any Notice of Right to Cancel, and to provide said closing documents and notice to the borrower at or before the closing.

2. It was the duty of Ameriquest, in accordance with applicable law, to prepare closing documents, including any Notice of Right to Cancel, and to provide said closing documents and notice to the borrower at or before the closing.

3. It was the duty of the title company, in accordance with applicable law, to prepare closing documents, including any Notice of Right to Cancel, and to provide said closing documents and notice to the borrower at or before the closing.


**WHEREFORE,** Defendant Mortgage Pros USA denies that Third Party Plaintiffs Ameriquest and Argent are entitled to any judgment or relief of any description and further prays that this lawsuit be dismissed with costs to third party defendant Mortgage Pros USA.

MERLO KANOFSKY BRINKMEIER & GREGG Ltd.

Martin A. Kanofsky
Attorney for Third Party Defendant, Mortgage Pros,
USA

Mr. Martin A. Kanofsky
Merlo Kanofsky Brinkmeier & Gregg Ltd.
208 South LaSalle Street
Suite 950
Chicago, Illinois 60604
(312) 553-5500
ARDC: 6180290

## VERIFICATION OF INSUFFICIENT INFORMATION

I, Martin A. Kanofsky, state that wherein the foregoing answer there is stated a lack of sufficient information to form a belief as to the truth or falsity of any such allegations, such statement is true and accurate to the best of his knowledge, belief and information.

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believe the same to be true.

By:_____
          Martin A. Kanofsky

21