IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-CV-07097<br><br>(Centralized before The Honorable Marvin E. Aspen)<br><br>Magistrate Judge The Honorable Morton Denlow |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company,<br><br>        Third-Party Plaintiffs,<br><br>   v.<br><br>NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, *et al.*<br><br>        Third-Party Defendants. | |

## MOTION REGARDING THIRD-PARTY DEFENDANT
## CASE MANAGEMENT ISSUES

Defendants and Third-Party Plaintiffs Ameriquest Mortgage Company ("Ameriquest")[1] and Argent Mortgage Company LLC ("Argent") (collectively, "Third-Party Plaintiffs") respectfully submit the following motion regarding certain third-party case management issues. Third-Party Plaintiffs request that the Court issue an order: (1) requiring that each Third-Party Defendant file a notice of appearance by December 28, 2007; (2) extending the time for Third-Party Defendants to answer the First Amended Consolidated Third-Party Complaint through

---

[1] "Ameriquest" collectively refers to AMC Mortgage Services, Inc., Town & Country Credit Corporation, Ameriquest Capital Corporation, Town & Country Title Services, Inc., and Ameriquest Mortgage Securities, Inc.

1

March 31, 2008, or later; (3) requiring the response that Third-Party Defendants file on or before March 31, 2008, be a single consolidated answer or motion rather than hundreds of separate filings; and (4) granting Third-Party Plaintiffs additional time to respond to any individual Third-Party Defendants' motions to dismiss.

I.   **PRELIMINARY STATEMENT**

On March 16, 2007, this Court ordered Defendants Ameriquest and Argent to file a consolidated third-party complaint, rather than numerous individual third party complaints. [Docket No. 615]. Accordingly, on July 31, 2007, Ameriquest and Argent filed a Consolidated Third-Party Complaint against third-party brokers, closing agents, and title insurance companies involved in Plaintiffs' underlying loans. [Docket No. 955]. The majority of these Third-Party Defendants relate to the hundreds of cases brought by Plaintiffs who have opted out of the Borrowers' Consolidated Class Action ("Opt-Out Plaintiffs"). Third-Party Plaintiffs filed a First Amended Consolidated Third-Party Complaint on August 24, 2007, which is now the operative pleading.[2] [Docket No. 1024].

On October 23, 2007, the Court granted an extension of time for all Third-Party Defendants to answer the Third-Party Complaint through December 3, 2007. [Docket No. 1379]. Third-Party Plaintiffs have received numerous requests from Third-Party Defendants for agreement to an additional extension of time. Third-Party Plaintiffs have no objection to these requests.

On October 23, 2007, Third-Party Plaintiffs filed a Motion Regarding Certain Case Management Issues With Respect to Defendants' Third-Party Complaint [Docket No. 1396]

---

[2] On November 26, 2007, Ameriquest and Argent filed a Motion for Leave to Amend the First Consolidated Third-Party Complaint [Docket No. 1657] which seeks to substitute a limited number of erroneously named Third-Party Defendants with the proper parties. The proposed Second Amended Consolidated Third-Party Complaint does not change the substance of the Third-Party Complaint. Third-Party Plaintiffs' motion is currently pending before this Court.

2

requesting that Third-Party Defendants be: (1) bound by the Court's November 7, 2006 and August 30, 2007 Orders; and (2) required to form a steering committee and designate lead counsel. On November 28, 2007, the Court ordered Third-Party Defendants to file their opposition to the Third-Party Plaintiffs' Case Management Motion by January 3, 2008 and Third-Party Plaintiffs to file their reply by January 17, 2008. [Docket No. 1668]. The Court scheduled a hearing for January 24, 2008.

On November 30, 2007, Third-Party Plaintiffs organized a voluntary case management conference call with attorneys representing various Third-Party Defendants. During the call, some Third-Party Defendants indicated their need to file by today a motion to extend their time to respond to the Third-Party Complaint. In effort to eliminate the need for numerous duplicative filings, Ameriquest and Argent informed all participating Third-Party Defendants that they would file this Motion seeking an extension of time for Third-Party Defendants and inform the Court that the absence of such similar requests by the Third-Party Defendants is out of consideration for the Court's docket. While some Third-Party Defendants have already filed answers or motions to dismiss, most have not filed any responsive pleadings.

**II.     ARGUMENT**

    **A.     Third-Party Defendants' Time To Respond Should Be Extended Until March 31, 2008**

Extending the response date for all Third-Party Defendants will grant the parties the opportunity to resolve a significant number of cases and attendant third-party claims, thereby eliminating the need for this Court to consider any and all issues related to those Third-Party Defendants. Most of the Third-Party Defendants are involved in the hundreds of opt-out cases brought by the Opt-Out Plaintiffs. Ameriquest and Argent plan to begin mediating these claims before Retired Judge Donald P. O'Connell in January 2008 and believe that most claims

3

(including those set forth in the Third-Party Complaint) can be resolved through this process. Most Third-Party Defendants have not yet filed a response to the First Amended Consolidated Third-Party Complaint, and dozens have contacted Third-Party Plaintiffs to request further extensions of time. Granting all Third-Party Defendants additional time to respond will prevent the Court from being inundated with individual motions for extensions.

However, Third-Party Plaintiffs will need to contact the appropriate parties for possible participation in the proposed mediation. To that end, the Court should require all counsel for Third-Party Defendants to file electronic Notices of Appearance on or before December 28, 2007.

### B. Third Party Defendants Should File a Consolidated Motion To Dismiss

In the further interest of organization and judicial economy, Third-Party Defendants should be required to file a consolidated motion to dismiss. The numerous underlying complaints filed by the Opt-Out Plaintiffs and Class Plaintiffs contain many similar claims, and the Third-Party Complaint contains uniform claims against two groups of Third-Party Defendants (Broker Defendants and Title Defendants). As a result, motions to dismiss filed by Third-Party Defendants will likely contain similar questions of law.[3] By requiring Third-Party Defendants to coordinate their efforts and file one consolidated motion addressing common legal issues, this Court would avoid needless wasting of judicial resources.[4] Further, Third-Party Plaintiffs request that the Court set April 30, 2008, as the date by which they are required to respond to any Third-Party Defendant's motion to dismiss.

---

[3] For example, two motions to dismiss filed by Third-Party Defendants assert the exact same legal basis in support of dismissal. *See, e.g.*, Docket No. 1687, 1689.

[4] In March 2007, this Court ordered Ameriquest and Argent to file a consolidated third-party complaint to "salvage to the extent possible the interests of judicial economy in this action." [Docket No. 615]. Requiring a consolidated motion to dismiss is consistent with the spirit and purpose of the Court's prior case management efforts.

### C. Responses To This Motion's Request for Consolidation Should Follow the Same Schedule as Third-Party Plaintiffs' Previous Motion Regarding Certain Case Management Issues

Third-Party Plaintiffs have previously filed a Motion requesting that the Court compel Third-Party Defendants to form a steering committee and designate lead counsel. [Docket No. 1396]. This Court has already set a briefing schedule for that motion. [Docket No. 1668]. Because the consolidation aspect of the instant Motion involves similar issues, Third-Party Plaintiffs suggest that the same briefing schedule be adopted: (1) any Third-Party Defendants' opposition would be due on January 3, 2008; (2) Third-Party Plaintiffs' reply would be due January 17, 2008; and (3) a hearing on January 24, 2008.

### D. There Is No Risk Of Prejudice To Third-Party Defendants

Because the majority of Third-Party Defendants have asked for extensions of time to answer and have not otherwise filed responses to the Third-Party Complaint, they will suffer no prejudice if this Motion is granted. Extending the time to answer so that parties can mediate and resolve all issues related to numerous opt-out cases, as well as ordering a consolidated motion to dismiss, are consistent with the Court's plan to organize this multidistrict litigation.

### III. CONCLUSION

In the interest of judicial economy, the Third-Party Plaintiffs request that the Court immediately issue an order: (1) requiring that each Third-Party Defendant file a notice of appearance by December 28, 2007; (2) extending the time for Third-Party Defendants to answer or otherwise respond to the First Amended Consolidated Third-Party Complaint through March 31, 2008; and (3) setting April 30, 2008, as the date by which Third-Party Plaintiffs are to respond to any Third-Party Defendants' motions to dismiss. In the event the Court denies this request for an extension, Third-Party Plaintiffs request that the Court grant Third-Party

Defendants seven days from the issuance of such an order to answer or otherwise respond to the First Amended Consolidated Third-Party Complaint.

To address the issue of whether Third-Party Defendants should file a single consolidated response, Third-Party Plaintiffs request that this Court set the following briefing schedule: (1) any Third-Party Defendants' opposition would be due on January 3, 2008; (2) Third-Party Plaintiffs' reply would be due January 17, 2008; and (3) a hearing on January 24, 2008.

DATED: December 3, 2007

Respectfully submitted,

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

By: /s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company LLC*

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

## **CERTIFICATE OF SERVICE**

I, David E. Dahlquist, hereby certify that on this 3rd day of December 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ David E. Dahlquist

**CHI:2013944.5**