UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05 CV 07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) | Honorable Marvin E. Aspen Senior Judge |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation, and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, Third-Party Plaintiffs, | ) ) ) ) ) ) ) | Honorable Morton Denlow U.S. Magistrate Judge |
| v. | ) ) | |
| NORTHERN TITLE AND ESCROW CORPORATION, a Minnesota corporation, *et al.*, Third-Party Defendants. | ) ) ) ) | |

## MEMORANDUM IN SUPPORT OF THIRD-PARTY DEFENDANT HILLARD N. EINBINDER'S MOTION TO DISMISS

NOW COMES Third-Party Defendant, HILLARD N. EINBINDER, by and through his

attorneys, CREMER, KOPON, SHAUGHNESSY & SPINA, LLC, and for his *Memorandum in*

*Support of Third-Party Defendant's Motion to Dismiss*, states as follows:

### I.     FACTS

On January 23, 2006, Plaintiffs, including ROBERT ALLAN, (hereinafter, "ALLAN

Plaintiffs"), brought an action in the Federal District Court of Connecticut against Defendant

ARGENT MORTGAGE COMPANY, LLC, (hereinafter, "ARGENT"), alleging that ARGENT

violated the Federal Truth in Lending Act, (hereinafter, "TILA"), 15 U.S.C. §1601 *et seq.* and

the Connecticut Truth in Lending Act, Conn. Gen. Stat. 26a-676, (hereinafter, "the *ALLAN*

Complaint"). (*See ALLAN Complaint,* attached herein as Exhibit "A"). The ALLAN Plaintiffs allege that ARGENT failed to adequately notify them of their right to rescind the transaction as required by the aforementioned statutes. (*See* Exhibit "A"). The ALLAN Plaintiffs further allege that ARGENT failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. (*See* Exhibit "A").

The Fourth Count of the *ALLAN Complaint* alleges that on or about October 16, 2003, Plaintiffs Scott J. and Nancy Conry entered into a loan agreement with ARGENT. (*See* Exhibit "A"). The Fourth Count alleges that ARGENT failed to adequately notify Plaintiffs of their right to rescind the transaction and failed to take any necessary or appropriate action to reflect the termination of any security interest created under the transaction as required by statute. (*See* Exhibit "A").

Pursuant to 28 U.S.C. §1407, the *ALLAN Complaint* was transferred by the Judicial Panel on Multidistrict Litigation to the Northern District of Illinois to proceed under MDL No. 1715.

On March 16, 2007, this Honorable Court ordered that Defendants were to answer the currently filed individual complaints and file a consolidated third party complaint. (*See* March 16, 2007 *Order,* attached herein as Exhibit "B"). ARGENT has not filed an answer to the *ALLAN Complaint.* It is inequitable to require Third-Party Defendants to respond to the allegations in the *First Amended Consolidated Third-Party Complaint* until such time as Third-Party Plaintiffs have answered the allegations contained in the underlying Plaintiffs' Complaints.[1]

---

[1] Third-Party Defendant HILLARD N. EINBINDER has filed this *Motion to Dismiss* as his responsive pleading pursuant to this court's order of October 23, 2007 wherein all Third Party Defendants were granted an extension up to and including December 3, 2007 to respond to the *First Amended Consolidated Third-Party Complaint* without prejudice to HILLARD N. EINBINDER's right to assert that Third-Party Defendants shall not be required to file their answer to the *First Amended Consolidated Third-Party Complaint* until Third-Party Plaintiffs have answered the allegation in the individual Plaintiffs' *Complaints,* including the *ALLAN Complaint.*

Third-Party Plaintiffs filed their *First Amended Consolidated Third-Party Complaint* on August 24, 2007. (*See First Amended Consolidated Third-Party Complaint,* attached herein as Exhibit "C"). Third-Party Plaintiffs, including ARGENT, seek to hold Third-Party Defendants liable for any damages for which Third-Party Plaintiffs may be liable to Plaintiffs as a result of the actions pending against them, including the allegations contained in the *ALLAN Complaint.* (*See* Exhibit "C"). ARGENT's *First Amended Consolidated Third-Party Complaint* asserts causes of action for breach of contract, negligence, equitable indemnity and contribution. (*See* Exhibit "C").

In its *First Amended Third-Party Complaint,* ARGENT alleges that it is a wholesale mortgage lender. (*See* Exhibit "C", para 12). ARGENT alleges that it entered into enforceable agreements with the Title Defendants through the providing of Escrow Lending Instructions which required the proper execution, disclosure, and issuance of the required closing documents, including the Notice of Right to Cancel and the HUD-1 Settlement Statement. (*See* Exhibit "C", para 14). ARGENT identifies Third-Party Defendant HILLARD N. EINBINDER as a Title Defendant for the October 16, 2003 Scott J. and Nancy Conry loan transaction. (*See* Exhibit "C").

## II.   LAW

### A.   Applicable Law

Pursuant to the rule of *Van Dusen v. Barrack,* a transferee court applies the substantive law of the jurisdiction in which the action was filed. 376 U.S. 612 (1964). To the extent that a matter transferred pursuant to 28 U.S.C. §1407 concerns issues of state law, a transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation. *In re Parmalat Securities Litigation,* 2007 WL 541466 (SDNY

2007). Therefore, the substantive law of the State of Connecticut should apply to the instant case.

**B.     Standard**

Federal Rule of Civil Procedure 12 (b)(6) tests the legal sufficiency of a complaint. Fed. R. Civ. Pro. 12(b)(6). Dismissal pursuant to Federal Rule of Civil Procedure 12 (b)(6) is appropriate when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). A court may dismiss a claim either because it lacks a cognizable legal theory or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal, Inc.,* 88 F. 3d 780, 783 (9th Cir. 1996).

**III.     ARGUMENT**

**A.     The *First Amended Consolidated Third-Party Complaint* Fails to Comply with the Federal Notice Pleading Requirements.**

Federal Rule of Civil Procedure 8 sets forth the general rules for proper pleadings. Fed. R. Civ. Pro. 8. Under the notice pleading standard, a complaint must include more than conclusory allegations. *Massey Energy Company v. Supreme Court of Appears of West Virginia,* 2007 WL 2778239 (S.D. W. Va. 2007). Rule 8 requires more than a mere 'blanket assertion' of entitlement to relief. *Id.*

In the *First Amended Consolidated Third-Party Complaint,* ARGENT alleges that it entered into enforceable agreements with the Broker and Title Defendants. (*See* Exhibit "C", para 14). However, ARGENT fails to plead any facts to support these conclusory allegations. ARGENT fails to identify the agreements by name or date.

The *First Amended Consolidated Third-Party Complaint* does not state whether the alleged agreements were oral or written. (*See* Exhibit "C"). A copy of the agreement relied

4

upon by ARGENT is not attached to the *First Amended Consolidated Third-Party Complaint*. (*See* Exhibit "C").

The *First Amended Consolidated Third-Party Complaint* contains general allegations for ARGENT claims, which quotes agreements allegedly executed between ARGENT and the Broker Defendants and the Title Underwriters. (*See* Exhibit "C", paras 13 - 14). However, the *First Amended Consolidated Third-Party Complaint* fails to identify the agreement allegedly entered into between ARGENT and the Title Defendants. (*See* Exhibit "C").

The *First Amended Consolidated Third-Party Complaint* contains only a blanket assertion of breach of contract and, thus, fails to place Third-Party Defendant on notice of the claims for relief that are sought. (*See* Exhibit "C", p. 8). Therefore, ARGENT's *First Amended Consolidated Third-Party Complaint* fails to satisfy the federal notice pleading requirement. As such, ARGENT's *First Amended Consolidated Third-Party Complaint* should be dismissed.

**B.     ARGENT's causes of action are neither secondary to, nor a derivative of, ARGENT's potential liability to the ALLAN Plaintiffs.**

The crucial characteristic of a third-party claim is that the original defendant is attempting to transfer to the third-party defendant all or part of the liability asserted against him by the original plaintiff. *In re One Meridian Plaza Fire Litigation,* 820 F. Supp. 1492, 1496 (E.D. Pa. 1993). Where state substantive law recognizes a cause of action, impleader under Federal Rule 14 is the proper procedure by which to assert such claims. *Id.*

Federal Rule of Civil Procedure 14 governs when a defendant may file an action against a third-party. Fed. R. Civ. Pro. 14. "[I]mpleader is available only 'when the third party defendant's liability is secondary to, or a derivative of, the original defendants' liability on the original plaintiff's claim.'" *Faser v. Sears, Roebuck & Co.* 674 F.2d 856, 860 (11th Cir.1982). Rule 14 does not allow a defendant to assert a separate and independent claim even though the

claim arises out of the same general set of facts as the main claim. *Williams v. Saxon Mortgage Services, Inc.*, 2007 WL 2828752 (S.D.Ala. 2007) at *7-*8. Rule 14 is strictly limited to situations where the very existence of third party defendant's potential liability is dependent on the outcome of the main claim. *A.J. Kellos Constr. Co., Inc. v. Balboa*, 86 F.R.D. 544, 545 (S.D.Ga.1980).

In *Timmons v. Ford Motor Co.*, plaintiff brought a product liability action for the death of four individuals following a motor vehicle accident. 949 F. Supp. 859 (S.D. Ga. 2002). Defendant Ford Motor Co. filed a third party action against the driver of another automobile and alleged that the third party caused the motor vehicle accident. *Id.* The court dismissed the third-party complaint, finding that the third-party defendant could not be held responsible for the alleged design defect asserted against defendant. *Id.* The court held that if Ford was found liable for causing the deaths of the passengers, it would be based upon product liability theories of which the driver was completely uninvolved. *Id.* Therefore, the negligence action against third-party defendant was not derivative of the products liability action. *Id.* As it could not be found that the third-party defendant's liability was secondary to, or a derivative of, the original defendant's liability in the original action, the third-party complaint was dismissed. *Id.*

The case at bar is analogous to the *Timmons* case. ARGENT's *First Amended Consolidated Third-Party Complaint* is not derivative of the ALLAN *Complaint*. As in *Timmons*, Third-Party Plaintiff's liability to Plaintiffs would be based on a theory of recovery which differs from that alleged in the *First Amended Consolidated Third-Party Complaint*. If ARGENT is found liable to the ALLAN Plaintiffs, it will be based upon ARGENT's violations of TILA. Conversely, any liability of Third-Party Defendants would be based on theories of recovery other than TILA because TILA does not permit third-party actions.

The causes of action asserted in ARGENT's *First Amended Consolidated Third-Party Complaint* are separate and independent of the TILA action alleged in the *ALLAN Complaint*. Hence, ARGENT's causes of action are neither secondary to, nor derivative of, ARGENT's potential liability to Plaintiffs. Therefore, HILLARD N. EINBINDER has been improperly impleaded as a Third-Party Defendant and the *First Amended Consolidated Third-Party Complaint* should be dismissed.

### C.    TILA Does Not Permit Third-Party Actions

The purpose of TILA is to give consumers meaningful disclosures of credit terms and conditions and encourage the informed use of credit. *Davison v. Bank One Home Loan Services*, 2003 WL 124542 (D. Kan. 2003). Courts have liberally construed TILA in favor of borrowers. *Id.* TILA and its regulations mandate the disclosure of certain information in financing agreements and enforce that mandate by a system of strict liability in favor of consumers who have secured financing when the standards are not met. *Id.*

In *McSherry v. Capital One FSB*, 236 FRD 516 (W.D. Wash 2006), plaintiff brought an action alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1581 *et seq*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, and the Truth in Lending Act, (TILA) 15 U.S.C §1601, *et seq*. *Id.* Defendant filed an answer and third party complaint for contribution and indemnity against plaintiff's father. *Id.* Thereafter, plaintiff filed a motion to strike the third party complaint. *Id.* The court held that TILA does not expressly provide for a right to contribution. *Id.* Further, it is rare that federal common law provides for a right of contribution. *Id.* The court found that there is no federal common law right to contribution available to creditors under TILA. *Id.*

In *Johnson v. Household Mortgage Services*, plaintiff brought an action pursuant to §1692 of the Truth in Lending Act, (TILA) 15 U.S.C §1601, *et seq*, alleging that defendant engaged in a loan-packing scheme. 2004 WL 2188111 (E.D. Pa 2004). Thereafter, defendant brought a third party action for indemnification and contribution. *Id.* The court held that there was no federal common law right to indemnification or contribution. *Id.* Further, the court held that there was no statutory basis for indemnification or contribution. *Id.*

The Federal courts have held that TILA does not provide for third-party actions. *McSherry v. Capital One FSB*, 236 F.R.D. 516 (W.D. Wash. 2006). There is no federal common law right to contribution or indemnity. *McSherry v. Capital One FSB*, 236 F.R.D. 516 (W.D. Wash. 2006). Absent a basis in statute or federal common law, ARGENT's *First Amended Consolidated Third-Party Complaint* should be dismissed.

The underlying complaint upon which ARGENT seeks to impose derivative liability alleges TILA violations. (*See* Exhibit "A"). Hence, if ARGENT is found liable to Plaintiffs, such liability must be based on TILA violations. (*See* Exhibit "A"). TILA does not provide creditors a private right of action against third parties. Therefore, regardless of the legal theory upon which relief is sought by ARGENT, TILA does not permit a creditor to pass its liability to a third party. As such, the *First Amended Consolidated Third-Party Complaint* should be dismissed.

**D. ARGENT's Claims are Barred Pursuant to the Economic Loss Doctrine**

The economic loss doctrine is a judicially created principle that prohibits recovery in tort where the basis for that tort claim arises from violation of a contract and damages are limited to purely economic losses as opposed to personally injury or property damage. *Town of New Canaan v. Brooks Laboratories*, 2007 WL 4214227 (Conn. Super. 2007).

The Connecticut Supreme Court first recognized the economic loss doctrine in *Flagg Energy Development Corp. v. General Motors Corp.,* 244 Conn. 126, 709 A. 2d 1075 (Conn. 1998). The economic loss doctrine precludes recovery under tort law for conduct wholly regulated by contract law. *American Progressive Life and Health Insurance Co. v. Better Benefits LLC,* 2007 WL 125073 (Conn, Super. 2007). The Connecticut Superior Court has extended the economic loss doctrine to actions involving sophisticated parties who seek damages for economic losses based upon contracts for services. *Id.*

In *American Progressive,* the court addressed whether a claim for tortuous violation of the implied covenant of good faith and fair dealing was barred by the economic loss doctrine. *Id.* The court examined the *Flagg* decision and held that the contract in *Flagg* was covered by the UCC. *Id.* However, the court's decision was not limited to cases involving the UCC. *Id.* Therefore, the court held that allowing sophisticated parties to avoid their contract by casting their economic loss claims in tort language would defeat the legitimate expectations of contract law. *Id. citing Morganti National Inc., v. Greenwich Hospital Association,* Superior Court, complex litigation docket at Waterbury, Docket No X06CV 99 0160125 (September 27, 2001). Therefore, the court entered judgment on behalf of defendant on the tort claims. *Id.*

*American Progressive* is analogous to the case at bar. ARGENT is seeking damages for breach of contract, negligence, contribution and equitable indemnity. (*See* Exhibit "C"). The damages sought under each count are for economic losses. (*See* Exhibit "C", pp. 8-11). ARGENT alleges that it entered into an agreement with Title Defendants to close loans. (*See* Exhibit "C" p. 8). The economic loss doctrine is applicable because the damages sought are based upon the parties' alleged agreement. Application of the economic loss doctrine requires that ARGENT's negligence claim be dismissed.

**E.    ARGENT's *First Amended Consolidated Third Party Complaint* Asserts Duplicative Causes of Action.**

A court will find two counts duplicative if they contain the same factual allegations and the same injury. *See Shaffer v. Respect, Inc.*, 1999 WL 281345, at 3 (N.D.Ill. 1999). In *Greene v. New London Education Association*, the Superior Court of Connecticut deleted counts contained within plaintiff's complaint because they were duplicative. 1990 WL 283719 (Conn. Super. 1990). The court held that the two counts were repetitious and sought the exact same damages. *Id.*

The *Greene* case is analogous to the instant case. In the instant case, ARGENT relies upon the same factual allegations for all causes of action asserted in the *First Amended Consolidated Third-Party Complaint.* (*See* Exhibit "C"). Further, ARGENT seeks monetary damages, reasonable attorneys' fees and other relief as the court deems just and proper for every cause of action. (*See* Exhibit "C", pp. 8-11).

Accordingly, the resolution of one cause of action will be dispositive of the second. As such, the Court should dismiss these as duplicative claims. Doing so will avoid duplicative litigation, piecemeal litigation, and promote judicial economy, comity, the reduction of costs, increased convenience, and the elimination of vexatious conflict and overlap of multiple determinations of the same dispute.

**F.    Connecticut Law bars ARGENT's Equitable Indemnification Claim.**

In the eighth cause of action of the *First Amended Consolidated Third-Party Complaint*, ARGENT seeks equitable indemnification. (*See* Exhibit "C", p. 9). While Rule 14 provides the procedural mechanism for the assertion of a claim for contribution or indemnity, there must also exist a substantive basis for the third party defendant's liability. *Kim v. Fujikawa,* 871 F. 2d 1427, 1434 (9th Cir) 1989).

Although Connecticut law recognizes contractual indemnity and common law indemnity, Connecticut law does not recognize equitable indemnity. Pursuant to Connecticut law, a party seeking indemnification in the absence of a contract to indemnify can only prevail upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortuous conduct. *Miles v. Connecticut Steel Corp.* 2003 WL 22792315 (Conn. Super 2003).

In a third-party complaint seeking common law indemnification, a third-party plaintiff must allege facts sufficient to establish four separate elements. (1.) that the other tortfeasor was negligent; (2.) that third party defendant's negligence rather than third party plaintiff's was the direct immediate cause of the accident and injuries; (3.) that the other tortfeasor was in control of the situation to the exclusion of the third party plaintiff; and (4.) that the third party plaintiff did not know of such negligence, had no reason to anticipate it and could reasonably rely on the other tortfeasor not to be negligent. *Morin v. Cook,* 2000 WL 573156 (Conn. Super 2000).

In the case at bar, ARGENT fails to plead the elements of a cause of action for either contractual or common law indemnity as recognized by Connecticut law. Specifically, ARGENT has failed to plead the requisite elements as outlined in the above-cited Connecticut cases. As such, ARGENT's eighth cause of action should be dismissed.

### G.     Connecticut Law bars ARGENT's Contribution Claim.

In the ninth cause of action of the *First Amended Consolidated Third-Party Complaint*, ARGENT seeks contribution. (*See* Exhibit "C", p. 10). Connecticut law does not permit ARGENT's contribution claim. Pursuant to CGSA 52-572(h), an action for contribution shall be brought within two years after the party seeking contribution has made final payment in excess of such party's proportionate share of the claim. CGSA 52-572(h)(2).

Connecticut case law has interpreted this statute to require that several elements be met before the statutory right is effective. *South Beach Beverage Co. LLC v. Elite Beverage Inc.,* 1998 WL 420713 (Conn. Super. 2003). These elements include: (1) the claimant has gone to final judgment; (2) the claimant has failed to collect on one or more liable defendants after making good faith effort to do so; (3) the claimant has moved to open the judgment within one year after it becomes final for purposes of reallocation; (4) a reallocation is made by the court and; (5) a defendant is actually required to pay an amount in excess of the share of the original judgment. *Id.*

In the case *sub judice*, ARGENT's contribution claim is not ripe until an order of final judgment and actual payment. As neither event has occurred, ARGENT's cause of action for contribution is unsupported by Connecticut law and should be dismissed.

**H.     ARGENT's Claim for Damage to Goodwill and Reputation is Not Permitted by Federal or State Law.**

In the sixth cause of action of the *First Amended Consolidated Third-Party Complaint,* ARGENT asserts a cause of action for breach of contract and seeks recovery for, *inter alia,* ARGENT's damaged goodwill and reputation. (*See* Exhibit "C", p. 8). However, recovery for mental anguish, stress, and loss of reputation or recognition in society is not recognized in Connecticut law. *Sutera v. State of Washington,* 2003 WL 1478788 (Conn. Super. 2003). Therefore, there is no basis for ARGENT's prayer for damages due to alleged damage to goodwill and reputation. (*See* Exhibit "C", p. 8). As such, the prayer for damages for damage to goodwill and reputation contained in the Sixth Cause of Action of ARGENT's *First Amended Consolidated Third-Party Complaint* should be stricken.

**I.     ARGENT's Claim for Attorney's Fees is Not Permitted Absent Contractual or Statutory Exception.**

The general *ad damnum* clause of ARGENT's *First Amended Consolidated Third-Party Complaint* seeks recovery of attorney's fees. (*See* Exhibit "C", p. 11). This prayer for attorney's fees is separate from and in addition to the prayers for attorney's fees contained in each of the causes of action of the *First Amended Consolidated Third-Party Complaint.* (*See* Exhibit "C", p. 11). The general *ad damnum* clause of the *First Amended Third-Party Complaint* presumably seeks recovery of attorney's fees in this case, as opposed to the attorney's fees for which ARGENT may be held liable for as damages in Plaintiffs' TILA causes of action. (*See* Exhibit "C", p. 11).

Pursuant to the American Rule, recognized in Connecticut, attorneys' fees, ordinary expenses and burdens of litigation are not allowed to the successful party absent a statutory or contractual exception. *Citicorp Vendor Finance, Inc. v. Premier Support Services, Inc.*, 2006 WL 1320022 (Conn. Super. 2006). ARGENT fails to allege any statutory exception that would permit recovery of attorneys' fees in this case. (*See* Exhibit "C"). Similarly, ARGENT fails to allege any contract term that entitles ARGENT to attorneys' fees. (*See* Exhibit "C"). Absent a contractual or statutory exception, ARGENT's prayer for attorneys' fees should be stricken.

WHEREFORE, Third-Party Defendant, HILLARD N. EINBINDER, respectfully requests that this Honorable Court dismiss ARGENT's *First Amended Consolidated Third-Party Complaint* and, for any other relief this Honorable Court deems just.

Respectfully submitted,


s/ Gary T. Jansen
One of the Attorneys for Third-Party Defendant
HILLARD N. EINBINDER

Gary T. Jansen
Nicole D. Milos
CREMER KOPON SHAUGHNESSY & SPINA
180 North La Salle Street, Suite 3300
Chicago, Illinois 60601
(312) 726-3800 – Telephone
(312) 726-3818 – Facsimile
ARDC No. 1688081
Document No. 179146