## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT L. ALLAN, FRED R. AND BARBARA J. BRUCH, RICHARD AND MARYANN COLLIER, SCOTT J. AND NANCY CONRY, GEORGE P. EDWARDS, DEBRA W. JENKINS, VERNON L. AND KATHLEEN LANOU, GARDNER L. LEWIS, II AND PATRICIA T. BROWN, WILLIAM E. REIDELL AND ROSEMARY ARBUCKLE, DE'ANA SHEPARD-SMITH, KENNETH F. SWEETEN, JR. AND ELIZABETH SWEETEN, FLOYD T. AND HELEN WALLACE;     PLAINTIFFS, | ) CASE NO: 0 6 CV 118 )  ) ) ) COMPLAINT ) ) ) JURY TRIAL ) DEMANDED ) ) ) ) JANUARY 20, 2006 |
| v. | ) ) ) |
| ARGENT MORTGAGE COMPANY, LLC;     DEFENDANTS. | ) ) |

### INTRODUCTION

1. This is a suit brought by twenty consumers residing in Connecticut who collectively entered into twelve mortgage loans with the defendant, Argent, LLC. The plaintiffs claim that Argent violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, (hereinafter collectively referred to as "the Acts") in each of their transactions by failing to provide them with the notification of their right to rescind the mortgage required by Acts and Regulation Z (12 C.F.R. Part 226).

2. The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with the defendant.

3. All plaintiffs are ready, willing and able to meet their tender obligations under the Acts.

4. All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the defendants' misconduct.

5. The defendant, Argent Mortgage Company, LLC ("Argent") is a foreign corporation with a primary place of business in Irvine, California.

## JURISDICTION

6. Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e), 28 U.S.C. §§ 1331 and 1332.

7. This court has jurisdiction over the defendant because it regularly conducts business in this state.

8. Venue in this court is proper, as the plaintiffs are all residents of Connecticut and the action concerns real property located in this state.

## FIRST COUNT ( ROBERT L. ALLAN v. ARGENT)

11. On or about November 18, 2003 Robert L. Allan entered into a loan agreement with the Defendant, Argent and provided a mortgage on his residence to secure the indebtedness.

12. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

13. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

14. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

15. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

16. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant by certified mail dated September 27, 2005, which notice was received by that Defendant.

17. More than twenty calendar days have passed since Defendant received the notice of rescission.

18. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

19. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

20. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff's to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

3

Case: 1:05-cv-07097 Document #: 1729-2 Filed: 12/03/07 Page 4 of 24 PageID #:21758

Case 1:06-cv-02470    Document 21-2    Filed 05/23/2006    Page 4 of 24
Case 3:06-cv-00118-JCH    Document 1    Filed 01/23/2006    Page 4 of 24

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney fee.

## SECOND COUNT (FRED R. BRUCH AND BARBARA BRUCH v. ARGENT)

21. On or about May 23, 2003 Fred R. Bruch and Barbara Bruch entered into a loan agreement with the Defendant, Argent, and provided a mortgage on their residence to secure the indebtedness.

22. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

23. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

24. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

25. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

26. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent by certified mail dated December 12, 2005, which notice was received by that Defendant. A second notice was sent to Defendant by certified mail dated December 12, 2005, which notice was received by the Defendant.

4

27. More than twenty calendar days have passed since Defendant received the notices of rescission.

28. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

29. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

30. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiffs' property created under the transaction;

    c. Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notices;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

### THIRD COUNT (RICHARD & MARY ANN COLLIER v. ARGENT)

31. On or about March 22, 2004 Richard Collier and Mary Ann Collier entered into a loan agreement with the Defendant, Argent, and provided a mortgage on their residence to secure the indebtedness.

32. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

33. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

34. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

35. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

36. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent by certified mail dated November 23, 2005, which notice was received by that Defendant.

37. More than twenty calendar days have passed since Defendant received the notice of rescission.

38. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

39. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

40. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transaction;

    c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## FOURTH COUNT (SCOTT J. AND NANCY CONRY v. ARGENT)

41. On or about October 16, 2003, Scott J. Conry and Nancy Conry entered into a loan agreement with the Defendant, Argent, and provided a mortgage on their residence to secure the indebtedness.

42. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

7

43. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

44. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

45. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

46. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent by certified mail dated October 3, 2005, which notice was received by that Defendant. A second notice was sent to Defendant by certified mail dated December 12, 2005, which notice was received by the Defendant.

47. More than twenty calendar days have passed since Defendant received the notice of rescission.

48. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

49. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

50. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transaction;

    c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## FIFTH COUNT (GEORGE P. EDWARDS v. ARGENT)

51. On or about august 19, 2003, George P. Edwards entered into a loan agreement with the Defendant, Argent, and provided a mortgage on his residence to secure the indebtedness.

52. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

53. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

54. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

55. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

56. The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent by certified mail dated December 12, 2005 which notice was received by that Defendant.

57. More than twenty calendar days have passed since Defendant received the notice of rescission.

58. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

59. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

60. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## SIXTH COUNT (DEBRA W. JENKINS v. ARGENT)

61. On or about September 12, 2003 Debra W. Jenkins entered into a loan agreement with the Defendant, Argent, and provided a mortgage on her residence to secure the indebtedness.

62. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

63. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

64. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

65. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

66. The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent by certified mail dated December 12, 2005, which notice was received by that Defendant.

11

Case: 1:05-cv-07097 Document #: 1729-2 Filed: 12/03/07 Page 12 of 24 PageID #:21766

Case 1:06-cv-02470    Document 21-2    Filed 05/23/2006    Page 12 of 24
Case 3:06-cv-00118-JCH    Document 1    Filed 01/23/2006    Page 12 of 24

67. More than twenty calendar days have passed since Defendant received the notice of rescission.

68. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

69. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

70. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

**SEVENTH COUNT (VERNON L. & KATHLEEN LANOU v. ARGENT)**

Case: 1:05-cv-07097 Document #: 1729-2 Filed: 12/03/07 Page 13 of 24 PageID #:21767

Case 1:06-cv-02470    Document 21-2    Filed 05/23/2006    Page 13 of 24
Case 3:06-cv-00118-JCH    Document 1    Filed 01/23/2006    Page 13 of 24

71. On or about September 15, 2003, Vernon L. Lanou and Kathleen Lanou entered into a loan agreement with the Defendant, Argent, and provided a mortgage on their residence to secure the indebtedness.

72. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

73. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

74. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

75. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

76. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent by certified mail dated October 31, 2005, which notice was received by that Defendant.

77. More than twenty calendar days have passed since Defendant received the notice of rescission.

78. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

79. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

80. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a.  Rescission of this transaction;

      b.  Termination of any security interest in Plaintiffs' property created under the transaction;

      c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

      d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

      e.  Forfeiture of loan proceeds;

      f.  Actual damages in an amount to be determined at trial; and

      g.  A reasonable attorney fee.

## EIGHTH COUNT (GARDNER L. LEWIS, II & PATRICIA T. BROWN v. ARGENT)

81. On or about October 27, 2003, Gardner L. Lewis, II and Patricia T. Brown entered into a loan agreement with the Defendant, Argent, and provided a mortgage on their residence to secure the indebtedness.

82. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

83. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

Case: 1:05-cv-07097 Document #: 1729-2 Filed: 12/03/07 Page 15 of 24 PageID #:21769

Case 1:06-cv-02470    Document 21-2    Filed 05/23/2006    Page 15 of 24
Case 3:06-cv-00118-JCH    Document 1    Filed 01/23/2006    Page 15 of 24

84. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

85. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

86. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent by certified mail dated November 21, 2005, which notice was received by that Defendant. A second notice was sent to the Defendant by certified mail dated December 12, 2005, which notice was received by the Defendant.

87. More than twenty calendar days have passed since Defendant received the notice of rescission.

88. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

89. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

90. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

      a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiffs' property created under the transaction;

   c. Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney fee.

## NINTH COUNT (WILLIAM E. REIDELL & ROSEMARY ARBUCKLE v. ARGENT)

91. On or about June 10, 2004, William E. Reidell and Rosemary Arbuckle entered into a loan agreement with the Defendant, Argent, and provided a mortgage on their residence to secure the indebtedness.

92. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

93. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

94. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

Case: 1:05-cv-07097 Document #: 1729-2 Filed: 12/03/07 Page 17 of 24 PageID #:21771

Case 1:06-cv-02470    Document 21-2    Filed 05/23/2006    Page 17 of 24
Case 3:06-cv-00118-JCH    Document 1    Filed 01/23/2006    Page 17 of 24

95. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

96. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent by certified mail dated September 27, 2005, which notice was received by that Defendant.

97. More than twenty calendar days have passed since Defendant received the notice of rescission.

98. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

99. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

100. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiffs' property created under the transaction;

   c. Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

17

Case: 1:05-cv-07097 Document #: 1729-2 Filed: 12/03/07 Page 18 of 24 PageID #:21772

Case 1:06-cv-02470    Document 21-2    Filed 05/23/2006    Page 18 of 24
Case 3:06-cv-00118-JCH    Document 1    Filed 01/23/2006    Page 18 of 24

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## TENTH COUNT (DE'ANA E. SHEPARD-SMITH v. ARGENT)

101.  On or about December 12, 2003, De'Ana Shepard, now known as De'Ana Shepard-Smith, entered into a loan agreement with the Defendant, Argent, and provided a mortgage on her residence to secure the indebtedness.

102.  A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

103.  This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

104.  In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

105.  The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

106.  The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent by certified mail dated September 7, 2005, which notice was received by that Defendant.

18

Case: 1:05-cv-07097 Document #: 1729-2 Filed: 12/03/07 Page 19 of 24 PageID #:21773

Case 1:06-cv-02470    Document 21-2    Filed 05/23/2006    Page 19 of 24
Case 3:06-cv-00118-JCH    Document 1    Filed 01/23/2006    Page 19 of 24

107. More than twenty calendar days have passed since Defendant received the notice of rescission.

108. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

109. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

110. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

## ELEVENTH COUNT
## (KENNETH F. SWEETEN JR. & ELIZABETH SWEETEN v. ARGENT)

Case: 1:05-cv-07097 Document #: 1729-2 Filed: 12/03/07 Page 20 of 24 PageID #:21774

Case 1:06-cv-02470    Document 21-2    Filed 05/23/2006    Page 20 of 24
Case 3:06-cv-00118-JCH    Document 1    Filed 01/23/2006    Page 20 of 24

111. On or about February 14, 2003, Kenneth F. Sweeten, Jr. and Elizabeth Sweeten, entered into a loan agreement with the Defendant, Argent, and provided a mortgage on their residence to secure the indebtedness.

112. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

113. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

114. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

115. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

116. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent by certified mail dated October 10, 2005, which notice was received by that Defendant.

117. More than twenty calendar days have passed since Defendant received the notice of rescission.

118. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

119.  The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

120.  As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

> a.  Rescission of this transaction;
>
> b.  Termination of any security interest in Plaintiffs' property created under the transaction;
>
> c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;
>
> d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;
>
> e.  Forfeiture of loan proceeds;
>
> f.  Actual damages in an amount to be determined at trial; and
>
> g.  A reasonable attorney fee.

## TWELFTH COUNT (FLOYD T. AND HELEN WALLACE v. ARGENT)

121.  On or about March 1, 2004, Floyd T. Wallace and Helen Wallace entered into a loan agreement with the Defendant, Argent, and provided a mortgage on their residence to secure the indebtedness.

122.  A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

123.  This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

21

124. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

125. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

126. The Plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant, Argent by certified mail dated October 3, 2005, which notice was received by that Defendant.

127. More than twenty calendar days have passed since Defendant received the notice of rescission.

128. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

129. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

130. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiffs' property created under the transaction;

22

c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1.  Assume jurisdiction of this case;

2.  Declare the security interest in the Plaintiffs' residences are void;

3.  Enter an order that the mortgage transactions are rescinded;

4.  Order Defendant to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5.  Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendant, in connection with the transactions;

6.  Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7.  Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

8.  Award the Plaintiffs actual statutory damages for the Defendant's failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

9.  Order that, because the Defendant failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

23

10. Award actual damages in an amount to be established at trial;

11. Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

12. Award such other and further relief as the Court deems just and proper.

**THE PLAINTIFFS,**

By: /s/Daniel S. Blinn
    Daniel S. Blinn,    Fed Bar No. ct02188
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Road, Suite 512
    Rocky Hill, CT 06067
    Tel. (860) 571-0408  Fax. (860) 571-7457