IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1715 |
| | ) | |
| Ameriquest Mortgage Co. | ) | Lead Case No. 05-CV-07097 |
| Mortgage Lending Practices Litigation | ) | |
| | ) | (Centralized before The Honorable |
| | ) | Marvin E. Aspen) |
| | ) | |
| | ) | Magistrate Judge Morton Denlow |
| | ) | |
| | ) | (Jury Demand Endorsed Hereon) |

ANSWER OF FIRST AMERICAN TITLE INSURANCE COMPANY,
MIDLAND TITLE SECURITY, INC., OHIO BAR TITLE INSURANCE COMPANY,
MORTGAGE GUARANTEE AND TITLE COMPANY, AND METROPOLITAN TITLE COMPANY TO
FIRST AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT

Third-party Defendants First American Title Insurance Company, Midland Title Security, Inc., Ohio Bar Title Insurance Company, Mortgage Guarantee and Title Company, and Metropolitan Title Company (collectively the "First American Entities") answer the First Amended Consolidated Third-party Complaint of Defendants and Third-party Plaintiffs Ameriquest Mortgage Company and Argent Mortgage Company LLC (collectively the "Ameriquest Defendants") as follows.

FIRST DEFENSE

1.      The First American Entities deny the allegations contained in paragraph 1 of the First Amended Consolidated Third-party Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

2.      The First American Entities deny the allegations contained in paragraph 2 of the First Amended Consolidated Third-party Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

3.      With regard to the allegations contained in paragraph 3 of the First Amended Consolidated Third-party Complaint, the First American Entities admit that copies of what purport to be schedules summarizing, among other things, various lawsuits are attached as Exhibits A and B to the First Amended Consolidated Third-party Complaint, state that each document speaks for itself, and that the remaining allegations contained in paragraph 3 do not require an answer or denial as contemplated by the Federal Rules of Civil Procedure and the same hereby are denied.

4.      With regard to the allegations contained in paragraph 4 of the First Amended Consolidated Third-party Complaint, the First American Entities admit that a copy of what purports to be a schedule summarizing, among other things, various lawsuits is attached as Exhibit B to the First Amended Consolidated Third-party Complaint, state that the document speaks for itself, and that the remaining allegations contained in paragraph 4 do not require an answer or denial as contemplated by the Federal Rules of Civil Procedure and the same hereby are denied.

5.      With regard to the allegations contained in paragraph 5 of the First Amended Consolidated Third-party Complaint, the First American Entities state that such allegations do not require an answer or denial as contemplated by the Federal Rules of Civil Procedure and the same hereby are denied.

6.      With regard to the allegations contained in paragraph 6 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they do not require an answer or denial as contemplated by the Federal Rules of Civil Procedure, and deny the remaining allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7.      With regard to the allegations contained in paragraph 7 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they do not require an answer or denial as contemplated by the Federal Rules of Civil Procedure, and deny the remaining allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8.      With regard to the allegations contained in paragraph 8 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9.      With regard to the allegations contained in paragraph 9 of the First Amended Consolidated Third-party Complaint, the First American Entities admit such filings and allegations have been made to the extent they are a matter of public record, deny such filings or allegations have been made to the extent they are not a matter of public record, and deny the remaining allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10.     With regard to the allegations contained in paragraph 10 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11.     With regard to the allegations contained in paragraph 11 of the First Amended Consolidated Third-party Complaint, the First American Entities admit such filings and allegations have been made to the extent they are a matter of public record, deny such filings or allegations have been made to the extent they are not a matter of public record, deny such

allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12.     With regard to the allegations contained in paragraph 12 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13.     The First American Entities deny the allegations contained in paragraph 13 of the First Amended Consolidated Third-party Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

14.     With regard to the allegations contained in paragraph 14 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15.     With regard to the allegations contained in paragraph 15 of the First Amended Consolidated Third-party Complaint, the First American Entities admit that title underwriters from time-to-time issue closing protection letters which agree to reimburse the entities therein identified for the matters specifically set forth in such closing protection letters, subject to the conditions and exclusions therein set forth, but deny any allegations contained in paragraph 15 which are inconsistent with this response.

16.     With regard to the allegations contained in paragraph 16 of the First Amended Consolidated Third-party Complaint, the First American Entities admit that title underwriters issue loan policies of title insurance which insure the entities therein identified for the matters

specifically set forth in such policies, subject to the terms, conditions, exceptions, and exclusions therein set forth, but deny any allegations contained in paragraph 16 which are inconsistent with this response.

17.     With regard to the allegations contained in paragraph 17 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18.     With regard to the allegations contained in paragraph 18 of the First Amended Consolidated Third-party Complaint, the First American Entities incorporate by reference as if fully restated their answers to paragraphs 1 through 17.

19.     With regard to the allegations contained in paragraph 19 of the First Amended Consolidated Third-party Complaint, the First American Entities state that the Ameriquest Defendants fail to attach a copy of any purported contract between one or more of the First American Entities and one or more of the Ameriquest Defendants, admit that the First American Entities issue loan policies of title insurance which insure the entities therein identified for the matters specifically set forth in such policies, subject to the terms, conditions, exceptions, and exclusions therein set forth, admit that the First American Entities from time-to-time issue closing protection letters which agree to reimburse the entities therein identified for the matters specifically set forth in such closing protection letters, subject to the conditions and exclusions therein set forth, but deny any allegations which are inconsistent with this response to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20.     With regard to the allegations contained in paragraph 20 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21.     With regard to the allegations contained in paragraph 21 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22.     With regard to the allegations contained in paragraph 22 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23.     With regard to the allegations contained in paragraph 23 of the First Amended Consolidated Third-party Complaint, the First American Entities incorporate by reference as if fully restated their answers to paragraphs 1 through 22.

24.     With regard to the allegations contained in paragraph 24 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25.     With regard to the allegations contained in paragraph 25 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26.     With regard to the allegations contained in paragraph 26 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27.     With regard to the allegations contained in paragraph 27 of the First Amended Consolidated Third-party Complaint, the First American Entities incorporate by reference as if fully restated their answers to paragraphs 1 through 26.

28.     With regard to the allegations contained in paragraph 28 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29.     With regard to the allegations contained in paragraph 29 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30.     With regard to the allegations contained in paragraph 30 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31.     With regard to the allegations contained in paragraph 31 of the First Amended Consolidated Third-party Complaint, the First American Entities incorporate by reference as if fully restated their answers to paragraphs 1 through 30.

32.    With regard to the allegations contained in paragraph 32 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33.    With regard to the allegations contained in paragraph 33 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34.    With regard to the allegations contained in paragraph 34 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35.    With regard to the allegations contained in paragraph 35 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36.    With regard to the allegations contained in paragraph 36 of the First Amended Consolidated Third-party Complaint, the First American Entities incorporate by reference as if fully restated their answers to paragraphs 1 through 35.

37.    The First American Entities deny the allegations contained in paragraph 37 of the First Amended Consolidated Third-party Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

38.     The First American Entities deny the allegations contained in paragraph 38 of the First Amended Consolidated Third-party Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

39.     The First American Entities deny the allegations contained in paragraph 39 of the First Amended Consolidated Third-party Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

40.     The First American Entities deny the allegations contained in paragraph 40 of the First Amended Consolidated Third-party Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

41.     The First American Entities deny the allegations contained in paragraph 41 of the First Amended Consolidated Third-party Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

42.     With regard to the allegations contained in paragraph 42 of the First Amended Consolidated Third-party Complaint, the First American Entities incorporate by reference as if fully restated their answers to paragraphs 1 through 41.

43.     With regard to the allegations contained in paragraph 43 of the First Amended Consolidated Third-party Complaint, the First American Entities state that the Ameriquest Defendants fail to attach a copy of any purported contract between one or more of the First American Entities and one or more of the Ameriquest Defendants, admit that the First American Entities issue loan policies of title insurance which insure the entities therein identified for the matters specifically set forth in such policies, subject to the terms, conditions, exceptions, and exclusions therein set forth, admit that the First American Entities from time-to-time issue closing protection letters which agree to reimburse the entities therein identified for the matters

specifically set forth in such closing protection letters, subject to the conditions and exclusions therein set forth, but deny any allegations which are inconsistent with this response to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

44.     With regard to the allegations contained in paragraph 44 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45.     With regard to the allegations contained in paragraph 45 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46.     With regard to the allegations contained in paragraph 46 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47.     With regard to the allegations contained in paragraph 47 of the First Amended Consolidated Third-party Complaint, the First American Entities incorporate by reference as if fully restated their answers to paragraphs 1 through 46.

48.     With regard to the allegations contained in paragraph 48 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49.     With regard to the allegations contained in paragraph 49 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50.     With regard to the allegations contained in paragraph 50 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51.     With regard to the allegations contained in paragraph 51 of the First Amended Consolidated Third-party Complaint, the First American Entities incorporate by reference as if fully restated their answers to paragraphs 1 through 50.

52.     With regard to the allegations contained in paragraph 52 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 52 for lack of knowledge or information sufficient to form a belief as to their truth.

53.     With regard to the allegations contained in paragraph 53 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54.     With regard to the allegations contained in paragraph 54 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth.

55.     With regard to the allegations contained in paragraph 55 of the First Amended Consolidated Third-party Complaint, the First American Entities incorporate by reference as if fully restated their answers to paragraphs 1 through 54.

56.     With regard to the allegations contained in paragraph 56 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57.     With regard to the allegations contained in paragraph 57 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58.     With regard to the allegations contained in paragraph 58 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59.     With regard to the allegations contained in paragraph 59 of the First Amended Consolidated Third-party Complaint, the First American Entities deny such allegations to the extent they pertain to the First American Entities, and deny the remaining allegations contained in paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

60.     The First American Entities deny each and every allegation contained in the First Amended Consolidated Third-party Complaint not expressly admitted.

SECOND DEFENSE

61.     The Ameriquest Defendants' claims are barred in whole or in part by the applicable statute(s) of limitations.

THIRD DEFENSE

62.     The Ameriquest Defendants' claims are barred in whole or in part by the terms, conditions, exclusions, and exceptions contained in the applicable loan policies of title insurance.

FOURTH DEFENSE

63.     The Ameriquest Defendants' claims are barred in whole or in part by the conditions and exclusions contained in the applicable closing protection letters.

FIFTH DEFENSE

64.     The Ameriquest Defendants' claims are barred in whole or in part to the extent the Ameriquest Defendants or others paid no consideration for the applicable closing protection letters.

SIXTH DEFENSE

65.     The Ameriquest Defendants' claims are barred in whole or in part because the Ameriquest Defendants knowingly and voluntarily impaired any right of subrogation which the First American Entities may have had under the applicable loan policies of title insurance or closing protection letters.

SEVENTH DEFENSE

66.     The Ameriquest Defendants' claims are barred in whole or in part by the actions or inactions of the Ameriquest Defendants.

EIGHTH DEFENSE

67.     The Ameriquest Defendants' claims are barred in whole or in part because the Ameriquest Defendants assumed the risk of the matters alleged.

NINTH DEFENSE

68.     The Ameriquest Defendants' claims are barred in whole or in part by the Ameriquest Defendants' failure to mitigate or minimize their alleged damages.

TENTH DEFENSE

69.     The Ameriquest Defendants' claims are barred in whole or in part by the Ameriquest Defendants' contributory or comparative negligence.

ELEVENTH DEFENSE

70.     The Ameriquest Defendants' claims are subject to arbitration.

TWELFTH DEFENSE

71.     The Ameriquest Defendants' claims are barred in whole or in part to the extent there is a lack of contractual privity between one or more of the Ameriquest Defendants and one or more of the First American Entities.

THIRTEENTH DEFENSE

72.     The Ameriquest Defendants' claims are barred in whole or in part because the Ameriquest Defendants failed to perform conditions precedent to any recovery.

FOURTEENTH DEFENSE

73.     The Ameriquest Defendants' claims are barred in whole or in part by the economic loss doctrine.

## FIFTEENTH DEFENSE

74.     The Ameriquest Defendants' claims are barred in whole or in part because the Ameriquest Defendants breached their duties to the First American Entities of good faith, fair dealing, and full disclosure.

## SIXTEENTH DEFENSE

75.     The Ameriquest Defendants' claims are barred in whole or in part by the actions or inactions of persons or entities other than the First American Entities, which had no actual authority, express or implied authority, or apparent authority to act on the First American Entities' behalf, or by persons or entities over whom the First American Entities had no control, right to control, or duty to control.

## SEVENTEENTH DEFENSE

76.     The Ameriquest Defendants' claims are barred in whole or in part because the First American Entities are not guilty of or liable for any conduct that entitles the Ameriquest Defendants to recover punitive or exemplary damages.

## EIGHTEENTH DEFENSE

77.     The Ameriquest Defendants' claims are barred in whole or in part because the First American Entities at all relevant times acted in good faith, and without malice, actual or implied.

## NINETEENTH DEFENSE

78.     The Ameriquest Defendants' claims are barred in whole or in part by operation of the equitable doctrines of laches, waiver, estoppel, and unclean hands.

### TWENTIETH DEFENSE

79.     The Ameriquest Defendants' claims are barred in whole or in part by the alleged fraud perpetrated by the Ameriquest Defendants against Plaintiffs.

### TWENTY-FIRST DEFENSE

80.     The Ameriquest Defendants' claims are barred in whole or in part by the alleged illegal actions or conduct engaged in by the Ameriquest Defendants against Plaintiffs.

### TWENTY-SECOND DEFENSE

81.     The Ameriquest Defendants' claims are barred in whole or in part because the First American Entities do not constitute lenders under the Truth in Lending Act ("TILA").

### TWENTY-THIRD DEFENSE

82.     The Ameriquest Defendants' claims are barred in whole or in part because they fail to state a claim upon which relief may be granted as against the First American Entities.

### TWENTY-FOURTH DEFENSE

83.     The Ameriquest Defendants' claims are barred in whole or in part by the applicable statute of frauds.

### TWENTY-FIFTH DEFENSE

84.     The First American Entities incorporate by reference as if fully restated any and all affirmative defenses raised by the Ameriquest Defendants or others to the claims asserted by Plaintiffs against the Ameriquest Defendants, including but not limited to those set forth below.

### TWENTY-SIXTH DEFENSE

85.     Upon information and belief, Plaintiffs' claims are barred in whole or in part by the parol evidence rule to the extent such claims are based on an alleged oral modification or agreement.

### TWENTY-SEVENTH DEFENSE

86.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because the violation of any law was a direct and proximate result of the intervening and superseding acts of persons or entities other than the Ameriquest Defendants or the First American Entities.

### TWENTY-EIGHTH DEFENSE

87.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because Plaintiffs misrepresented their credit, income, or other information associated with obtaining the applicable loans.

### TWENTY-NINTH DEFENSE

88.     Upon information and belief, Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to exercise reasonable and ordinary care, caution and prudence to prevent the alleged damages, if any.

### THIRTIETH DEFENSE

89.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because Plaintiffs expressly, ostensibly or implicitly authorized or ratified the transactions at issue.

### THIRTY-FIRST DEFENSE

90.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because Plaintiffs would be enriched unjustly if allowed to recover on such claims.

### THIRTY-SECOND DEFENSE

91.     Upon information and belief, Plaintiffs' claims which purport to arise from an alleged failure to receive proper Notice(s) of Right to Cancel are barred to the extent Plaintiffs

acknowledged receipt of such notices, in writing, and the Ameriquest Defendants relied to their detriment on such representation in funding the applicable loans.

### THIRTY-THIRD DEFENSE

92.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because no officer, director, or managing agent of the Ameriquest Defendants ratified the conduct alleged by Plaintiffs.

### THIRTY-FOURTH DEFENSE

93.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because the alleged wrongful acts or omissions of the Ameriquest Defendants were the result of the *ultra vires* acts of the Ameriquest Defendants' employees.

### THIRTY-FIFTH DEFENSE

94.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because the allegedly wrongful conduct of the Ameriquest Defendants did not act with malice, express or implied.

### THIRTY-SIXTH DEFENSE

95.     Upon information and belief, Plaintiffs claims are barred in whole or in part because the Ameriquest Defendants' conduct was not malicious, oppressive or fraudulent; rather, the Ameriquest Defendants allege their conduct was reasonable and, therefore, does not warrant, and Plaintiffs have failed to state sufficient facts to entitle them to, an award of exemplary damages.

### THIRTY-SEVENTH DEFENSE

96.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because Plaintiffs, and each putative class member individually, are unable to establish the

requisite malice directed to him or her and, therefore, are not entitled to an award of punitive damages.

THIRTY-EIGHTH DEFENSE

97.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because class-wide rescission, including a declaration regarding rescission under the Truth in Lending Act ("TILA"), is barred as a matter of law.

THIRTY-NINTH DEFENSE

98.     Upon information and belief, Plaintiffs' claims are barred in whole or in part to the extent the violations alleged were not intentional and resulted from a bona fide error as contemplated by 15 U.S.C. Section 1640(c), notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

FORTIETH DEFENSE

99.     Upon information and belief, Plaintiffs' claims for statutory damages, costs, and attorneys' fees for alleged TILA violations are barred in whole or in part by a one-year statute of limitations

FORTY-FIRST DEFENSE

100.    Upon information and belief, Plaintiffs' claims are barred in whole or in part because Plaintiffs are not entitled to rescission under TILA, or to obtain statutory damages, because all required disclosures and notices were made accurately and timely and, even if the disclosures were inaccurate or untimely, any inaccuracies or delay was not material and was within lawful tolerances.

## FORTY-SECOND DEFENSE

101.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because the Ameriquest Defendants at all relevant times acted within the course and scope of reasonable commercial standards and legitimate business transactions.

## FORTY-THIRD DEFENSE

102.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because Plaintiffs did not rely on any alleged representations made by the Ameriquest Defendants, and Plaintiffs' reliance, if any, was not justifiable or reasonable.

## FORTY-FOURTH DEFENSE

103.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because the Ameriquest Defendants did not owe to Plaintiffs the duties alleged by Plaintiffs.

## FORTY-FIFTH DEFENSE

104.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because they are not entitled to obtain actual or statutory damages under TILA where no alleged disclosure error is apparent on the face of the disclosure documents.

## FORTY-SIXTH DEFENSE

105.     Upon information and belief, Plaintiffs' claims are barred in whole or in part because any obligation, on the part of the holder of the applicable loan, to rescind the loan and release the corresponding mortgage lien must be conditioned upon Plaintiffs' reimbursement or other return of all corresponding funds disbursed on Plaintiffs' behalf, less any finance charges, pursuant to 15 U.S.C. Section 1605(b), or other rules of law or equity, should it be deemed that Plaintiffs are entitled to rescission.

FORTY-SEVENTH DEFENSE

106.    Upon information and belief, Plaintiffs' claims are barred in whole or in part by their failure to exhaust applicable administrative procedures and remedies.

FORTY-EIGHTH DEFENSE

107.    Upon information and belief, Plaintiffs' claims in whole or in part are subject to an offset.

FORTY-NINTH DEFENSE

108.    Upon information and belief, Plaintiffs' claims are barred in whole or in part by the doctrines of res judicata and collateral estoppel.

FIFTIETH DEFENSE

109.    Upon information and belief, Plaintiffs' claims are barred in whole or in part because any claim for damages between $100 and $1,000 per plaintiff and putative class member, or any claim for other exemplary damages, are so disproportionate to the injuries suffered, if any, as to violate the Due Process and Equal Protection provisions of the United States Constitution and all applicable state constitutions.

FIFTY-FIRST DEFENSE

110.    Upon information and belief, Plaintiffs' claims are barred in whole or in part because the identified and unidentified statues are unconstitutionally vague and unenforceable, and the failure of Plaintiffs to identify the statutes at issue in this proceeding violates the Due Process and Equal Protection provisions of the United States Constitution and all applicable state constitutions.

## FIFTY-SECOND DEFENSE

111.     Upon information and belief, Plaintiffs' claims for fraud are barred in whole or in part because such allegations fail to satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTY-THIRD DEFENSE

112.     The First American Entities reserve the right to raise additional affirmative defenses, and to amend their pleading and assert counterclaims, cross-claims, or third-party claims which may apply as discovery progresses.

WHEREFORE, Third-party Defendants First American Title Insurance Company, Midland Title Security, Inc., Ohio Bar Title Insurance Company, Mortgage Guarantee and Title Company, and Metropolitan Title Company demand that the First Amended Consolidated Third-party Complaint of Defendants and Third-party Plaintiffs Ameriquest Mortgage Company and Argent Mortgage Company LLC be dismissed with prejudice, that the Court find and declare that the First American Entities have no liability to the Ameriquest Defendants under the applicable loan policies of title insurance or closing protection letters, that the Ameriquest Defendants bear the costs, expenses, and attorneys' fees incurred  herein by the First American Entities, and for such further legal and equitable relief which the Court deems just and proper.

Respectfully submitted,

/s/ Christopher F. Swing
Jeffrey T. Heintz
jheintz@brouse.com
Christopher F. Swing
cswing@brouse.com
Kate M. Bradley
kbradley@brouse.com
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
(330) 535-5711 (Phone)
(330) 253-8601 (Fax)

Counsel for First American Title Insurance
Company, Midland Title Security, Inc.,
Ohio Bar Title Insurance Company,
Mortgage Guarantee and Title Company,
and Metropolitan Title Company

## JURY DEMAND

Third-party Defendants First American Title Insurance Company, Midland Title Security, Inc., Ohio Bar Title Insurance Company, Mortgage Guarantee and Title Company, and Metropolitan Title Company, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand a trial by jury of the maximum number of jurors permitted by law on all issues so triable.

Respectfully submitted,

/s/ Christopher F. Swing
Jeffrey T. Heintz
jheintz@brouse.com
Christopher F. Swing
cswing@brouse.com
Kate M. Bradley
kbradley@brouse.com
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
(330) 535-5711 (Phone)
(330) 253-8601 (Fax)

Counsel for First American Title Insurance
Company, Midland Title Security, Inc.,
Ohio Bar Title Insurance Company,
Mortgage Guarantee and Title Company,
and Metropolitan Title Company

## Certificate of Service

I, Christopher F. Swing, hereby certify that on this 3rd day of December, 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court s electronic filing system. Parties may access this filing through the Court's system.

/s/ Christopher F. Swing
Christopher F. Swing