JKB/cic/419126  4711-89-51

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05-CV-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY, LLC, a Delaware limited liability company, | |
| Third-Party Plaintiffs, | |
| v. | |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, et al., | |
| Third-Party Defendants. | |

## MICHIGAN TRUST TITLE AGENCY, LLC'S ANSWER TO FIRST AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT

Third Party Defendant, Michigan Trust Title Agency, LLC, incorrectly named as Michigan Trust Title Company, LLC, by and through its attorneys, Tressler, Soderstrom, Maloney & Priess, LLP, and for its Answer to Plaintiffs' First Amended Consolidated Third Party Complaint, states as follows:

### THE PARTIES

1. Ameriquest is a Delaware corporation with its principal place of business in California.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

2. Argent is a Delaware limited liability company with its principal place of business in California.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

3. Ameriquest and Argent bring this Third-Party Complaint against the Closing Agents and Title Underwriters (collectively referred to hereinafter as the "Title Defendants") listed on Exhibit A and Exhibit B hereto.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

4. Argent also brings this Third-Party Complaint against the mortgage brokers ("Broker Defendants") listed on Exhibit B attached hereto.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

5. Ameriquest and Argent are at times ignorant of the true names and capacities, whether individual, corporate, associate, employee, agent or otherwise, of third-party defendant DOES 1 though 10, inclusive, and therefore sues said third-party defendants by such fictitious names. Ameriquest and Argent are informed and believe and thereon allege that each of the third-party defendants designated herein as a fictitiously named third-party defendant is, in some manner, responsible for the events and happenings referred to, and caused the damage to Ameriquest and/or Argent as herein alleged. Ameriquest and Argent will amend their Third-Party Complaint to allege the true names and capacities of those third-party defendants when such information is ascertained.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

6. The Court has jurisdiction over this matter, pursuant to Rule 14 of the Federal Rules of Civil Procedure.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

7. Venue is proper in this judicial district because Ameriquest's and Argent's claims against the Title Defendants and Broker Defendants arise directly out of claims asserted by the plaintiffs listed in Exhibit A and Exhibit B hereto against Ameriquest and Argent in this Court.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

## GENERAL ALLEGATIONS FOR AMERIQUEST CLAIMS

8. On or about the dates set forth in Exhibit A hereto, Ameriquest and each of the Title Defendants entered into an agreement wherein the Title Defendants agreed to close Ameriquest loans in exchange for consideration to be paid from the loan proceeds. In connection with these agreements, the Title Defendants warranted, among other things, that they would accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed, and would provide Ameriquest's borrower(s) with the correct number of copies of the completed form.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

9. Each of the plaintiffs listed in Exhibit A hereto has filed a lawsuit against Ameriquest alleging, among other things, that Ameriquest violated TILA by, allegedly, failing to provide the plaintiff with a complete and accurate Notice of Right to Cancel form and/or failing to provide the correct number of copies of the form.

3

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

10. The claims alleged against Ameriquest in each of the plaintiffs' lawsuits with respect to the Notice of Right to Cancel form relate to duties that should have been carried out by each of the Title Defendants, with respect to the particular loan(s) that they were hired to close. Thus, to the extent that any of the plaintiffs received an inaccurate, incomplete, or misleading Notice of Right to Cancel form, or an incorrect number of forms, this is entirely attributable to the conduct of the Title Defendant(s) who were hired to close that particular loan.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 10 of Third Party Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

## GENERAL ALLEGATIONS FOR ARGENT CLAIMS

11. Plaintiffs' suits also allege, inter alia, that Argent made misrepresentations regarding loan terms, engaged in bait and switch tactics, failed to make proper disclosures (including Notice of Right to Cancel), and/or improperly serviced plaintiffs' loans. These claims arise primarily out of the negotiation of loan terms, events that occurred at loan closings, or out of post-funding handling of plaintiffs' effort to repay, or failure to repay the subject loan.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

12. Argent, however, is a wholesale mortgage lender. By definition, a wholesale lender has no involvement in the negotiation of loan terms, or the loan closing. Argent likewise has no involvement in collecting loan payments or otherwise servicing loans. Instead, Argent's involvement in the loan process is limited to funding loans originated by independent mortgage brokers and closed by independent Closing Agents and Title Underwriters, each of whom are individually responsible for ensuring that the origination, title and closing process is effectuated in compliance with all aspects of applicable law. Further, the Broker Defendants are responsible for selecting the Title Defendants.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

13. Argent enters into a "Mortgage Broker Agreement" whereby the independent Broker Defendants agreed, inter cilia, to the "full, accurate and truthful disclosure" of all "facts, information or documentation" that might affect the loan process, agreed to comply with all rules and regulations regarding the application and processing of a loan, and agreed to indemnify and hold harmless the lender (Argent) against claims made by the borrower.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

14. Argent also enters into enforceable agreements with the Title Defendants through the providing of Escrow Lending Instructions which require, inter alia, the proper execution, disclosure, and issuance of the required closing documents, including the Notice of Right to Cancel and the HUD-1 Settlement Statement.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

15. The Title Underwriter also issues a "Closing Protection Letter" whereby the Title Underwriter agrees to reimburse the lender for actual loss incurred by the lender in connection with the closing conducted by the Closing Agent including the failure of the Closing Agent to comply with the lender's written closing instructions, as well as acts of fraud or dishonesty by the Closing Agent in the handling of the lender's funds or documents in connection with a closing.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

16. The Title Underwriter also issues a final title policy whereby the Title Underwriter insures the validity and lien priority of the mortgage provided to Argent.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

17. Each of the plaintiffs' listed on Exhibit B engaged a Broker Defendant in order to apply for and obtain a loan from Argent. The Broker Defendants subsequently selected the Title

Defendants to close the loans. The Broker Defendants and Title Defendants are wholly responsible for any alleged misrepresentations, improper tactics, or failed disclosures that may be found to have occurred in the process of obtaining a loan from Argent.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

**FIRST CAUSE OF ACTION**
**(Breach of Contract Ameriquest Against the Title Defendants)**

18. Ameriquest re-alleges paragraphs 1 through 17 inclusive, and incorporates the same by reference.

**ANSWER**: Third Party Defendant repeats and realleges its responses to Paragraphs 1 through 17 above and incorporates the same by reference.

19. Ameriquest and each of the Title Defendants entered into a valid and enforceable contract. Ameriquest fully performed its duties under this contract.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

20. The contract required, among other things, that each of the Title Defendants would accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed, and provide the relevant borrower(s) with the correct number of copies of the completed form.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

21. In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Title Defendants who were responsible for closing the loans in question breached the contract with respect to their duty to provide a complete and accurate Notice of Right to Cancel form and/or to provide the correct number of forms.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 21 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

22. Ameriquest has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest. Ameriquest has also suffered damage to its reputation and goodwill as a direct result of the Title Defendants' conduct, in an amount to be proven at trial.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 22 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

## SECOND CAUSE OF ACTION
### (Negligence - Ameriquest Against the Title Defendants)

23. Ameriquest re-alleges paragraphs 1 through 22 inclusive, and incorporates the same by reference.

**ANSWER**: Third Party Defendant repeats and realleges its responses to Paragraphs 1 through 22 above and incorporates the same by reference.

24. Each of the Title Defendants had a duty to follow any and all federal and state laws relating to required disclosures in connection with mortgage loans including, but not limited to, the Notice of Right to Cancel.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

25. In the event that the allegations in any of the lawsuits are proven to be true, the Title Defendants breached this duty, by failing to follow the clear rules set forth in TILA and related statutes.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 25 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

26. As a direct result of the negligence of the Title Defendants, Ameriquest has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest in connection with the lawsuits.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 26 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

### THIRD CAUSE OF ACTION
### (Equitable Indemnity - Ameriquest Against the Title Defendants)

27. Ameriquest re-alleges paragraphs 1 through 26 inclusive, and incorporates the same by reference.

**ANSWER**: Third Party Defendant repeats and realleges its responses to Paragraphs 1 through 26 above and incorporates the same by reference.

28. In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Ameriquest suffers including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Title Defendants who were responsible for closing the loans in question.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 28 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

29. Ameriquest reasonably relied on promises made by each of the Title Defendants. In particular, Ameriquest relied on the Title Defendants' representation that they would follow the rules set forth in TILA and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

30. Under principals of equity, Ameriquest is entitled to indemnification from each of the Title Defendants in an amount sufficient to reimburse Ameriquest for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Ameriquest suffers in connection with the plaintiffs' lawsuits.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 30 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

## FOURTH CAUSE OF ACTION
### (Contribution - Ameriquest Against the Title Defendants)

31. Ameriquest re-alleges paragraphs 1 through 30 inclusive, and incorporates the same by reference.

**ANSWER**: Third Party Defendant repeats and realleges its responses to Paragraphs 1 through 30 above and incorporates the same by reference.

32. In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Ameriquest suffers including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Title Defendants who were responsible for closing the loans in question.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 32 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

33. Ameriquest reasonably relied on promises made by each of the Title Defendants. In particular, Ameriquest relied on the Title Defendants' representation that they would follow all applicable rules and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

34. Ameriquest did not know, and had no reason to know, that the Title Defendants would not follow the required rules and regulations, in preparing and delivering the Notice of Right to Cancel, and other the closing documents.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

35. Under principals of equity, Ameriquest is entitled to contribution from each of the Title Defendants in an amount sufficient to reimburse Ameriquest for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Ameriquest suffers in connection with the plaintiffs' lawsuits that exceeds Ameriquest's pro-rata share of its liability.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 35 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

### FIFTH CAUSE OF ACTION
### (Breach of Contract - Argent Against Broker Defendants)

36. Argent re-alleges paragraphs 1 through 35 inclusive, and incorporates the same by reference.

**ANSWER**: Third Party Defendant repeats and realleges its responses to Paragraphs 1 through 35 above and incorporates the same by reference.

37. Argent and each of the Broker Defendants listed on Exhibit B entered into a valid and enforceable contract and Argent fully performed its duties under this contract.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

38. The contract required, among other things, that the Broker Defendants would provide "full, accurate and truthful disclosure" of all "facts, information or documentation" that might affect the loan process and agree to comply with all rules and regulations regarding the application and processing of a loan.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

39. The contract further required the Broker Defendants to indemnify Argent and hold it harmless against claims made by borrowers.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

40. In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Broker Defendants breached the contract.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 40 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

41. Argent has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent. Argent has also suffered damage to its reputation and goodwill as a direct result of the Broker Defendants' conduct, in an amount to be proven at trial.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 41 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

## SIXTH CAUSE OF ACTION
(Breach of Contact - Argent Against Title Defendants)

42. Argent re-alleges paragraphs 1 through 41 inclusive, and incorporates the same by reference.

**ANSWER**: Third Party Defendant repeats and realleges its responses to Paragraphs 1 through 41 above and incorporates the same by reference.

43. Argent and each of the Title Defendants listed on Exhibit A and Exhibit B entered into a valid and enforceable contract. Argent fully performed its duties under this contract.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

44. The contract required, among other things, that each of the Title Defendants would accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed, and provide the relevant borrower(s) with the correct number of copies of the completed form.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

45. In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Title Defendants who were responsible for closing the loans in question breached the contract with respect to their duty to provide a complete and accurate Notice of Right to Cancel form and/or to provide the correct number of forms.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 45 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

46. Argent has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent. Argent has also suffered damage to its reputation and goodwill as a direct result of the Title Defendants conduct, in an amount to be proven at trial.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 46 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

## SEVENTH CAUSE OF ACTION
### (Negligence - Argent Against Broker Defendants and Title Defendants)

47. Argent re-alleges paragraphs 1 through 46 inclusive, and incorporates the same by reference.

**ANSWER**: Third Party Defendant repeats and realleges its responses to Paragraphs 1 through 46 above and incorporates the same by reference.

48. Each of the Broker Defendants and Title Defendants listed on Exhibits A and B had a duty to follow any and all federal and state laws or regulations relating to required disclosures in connection with mortgage loans including, but not limited to, the Notice of Right to Cancel.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

49. In the event that the allegations in any of the lawsuits are proven to be true, the Broker Defendants and Title Defendants breached this duty by failing to follow the clear rules set forth in TILA and related statutes.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 49 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

50. As a direct result of the negligence of the Broker Defendants and Title Defendants, Argent has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent in connection with the lawsuits.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 50 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

## EIGHTH CAUSE OF ACTION
### (Equitable Indemnity - Argent Against the Broker Defendants and Title Defendants)

51. Argent re-alleges paragraphs 1 through 50 inclusive, and incorporates the same by reference.

**ANSWER**: Third Party Defendant repeats and realleges its responses to Paragraphs 1 through 50 above and incorporates the same by reference.

52. In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Argent suffers including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Broker Defendants and Title Defendants who were they only parties to directly interact with the plaintiffs.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 52 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

53. Argent reasonably relied on promises made by each of the Broker Defendants and Title Defendants. In particular, Argent relied on the representations from Broker Defendants and Title Defendants that they would follow the rules set forth in TILA and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all mortgage or closing documents including, but not limited to, the Notice of Right to Cancel.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

54. Under principals of equity, Argent is entitled to indemnification from each of the Broker Defendants and Title Defendants in an amount sufficient to reimburse Argent for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Argent suffers in connection with the plaintiffs' lawsuits.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 54 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

## NINTH CAUSE OF ACTION
### (Contribution - Argent Against the Broker Defendants and Title Defendants)

55. Argent re-alleges paragraphs 1 through 54 inclusive, and incorporates the same by reference.

**ANSWER**: Third Party Defendant repeats and realleges its responses to Paragraphs 1 through 54 above and incorporates the same by reference.

56. In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Argent suffers including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Broker Defendants and Title Defendants as they were the only parties to directly interact with the plaintiffs.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 56 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

57. Argent reasonably relied on promises made by each of the Broker Defendants and Title Defendants. In particular, Argent relied on the Broker Defendants and Title Defendants' representations that they would follow all applicable the rules and regulations, as well as the terms and conditions of the parties' contract, in preparing any and all mortgage and closing documents including, but not limited to, the Notice of Right to Cancel.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

58. Argent did not know, and had no reason to know, that the Broker Defendants and Title Defendants would not follow the required rules and other regulations, in preparing and delivering the mortgage and closing documents.

**ANSWER**: Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

59. Under principals of equity, Argent is entitled to contribution from each of the Broker Defendants and Title Defendants in an amount sufficient to reimburse Argent for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Argent suffers in connection with the plaintiffs' lawsuits that exceeds Argent's pro-rata share of its liability.

**ANSWER**: Third Party Defendant denies the allegations contained in Paragraph 59 of Third Party Plaintiff's First Amended Consolidated Third-Party Complaint.

WHEREFORE, Third Party Defendant Michigan Trust Title Agency, LLC respectfully requests this Honorable Court to enter judgment in its favor and against Third Party Plaintiffs, plus costs and for whatever appropriate relief this Court deems just.

                                                MICHIGAN TRUST TITLE AGENCY, LLC

                                        By: /s/James K. Borcia
                                                 One of Its Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br><br> THIS DOCUMENT RELATES TO ALL ACTIONS <br><br> AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY, LLC, a Delaware limited liability company, <br><br>        Third-Party Plaintiffs, <br><br> v. <br><br> NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, et al., <br><br>        Third-Party Defendants. | MDL No. 1715 <br><br> Lead Case No. 05-CV-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2007, I electronically filed **Michigan Trust Title Agency, LLC's Answer to First Amended Consolidated Third-Party Complaint** with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to All Counsel of Record.

                                          MICHIGAN TRUST TITLE AGENCY, LLC

                                          By:    /s/James K. Borcia
                                                        One of Its Attorneys

James K. Borcia
David O. Yuen
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000