**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | ) ) ) ) ) | Lead Case No. 05-CV-07097 |
| Third-Party Plaintiffs, | ) ) ) | (Centralized before The Honorable Marvin E. Aspen) |
| v. | ) ) | |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, *et al.* | ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

**CISLO TITLE COMPANY'S ANSWER TO**
**FIRST AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT**

NOW COMES third-party defendant Cislo Title Company, by its attorney, and for its answer to First Amended Consolidated Third-Party Complaint, states as follows:

**The Parties**

Complaint 1. Ameriquest is a Delaware corporation with its principal place of business in California.

Answer 1. Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies the allegations of paragraph 1.

Complaint 2. Argent is a Delaware limited liability company with its principal place of business in California.

Answer 2.  Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies the allegations of paragraph 2.

Complaint 3.  Ameriquest and Argent bring this Third-Party Complaint against the Closing Agents and Title Underwriters (collectively referred to hereinafter as the "Title Defendants") listed on Exhibit A and Exhibit B hereto.

Answer 3.  Paragraph 3 does not state allegations of fact; therefore no answer is required. If any answer is required, Cislo Title Company denies the allegations of paragraph 3.

Complaint 4.  Argent also brings this Third-Party Complaint against the mortgage brokers ("Broker Defendants") listed on Exhibit B attached hereto.

Answer 4.  Paragraph 4 does not state allegations of fact; therefore no answer is required. If any answer is required, Cislo Title Company denies the allegations of paragraph 4.

Complaint 5.  Ameriquest and Argent are at times ignorant of the true names and capacities, whether individual, corporate, associate, employee, agent or otherwise, of third-party defendant DOES 1 through 10, inclusive, and therefore sues said third-party defendants by such fictitious names.  Ameriquest and Argent are informed and believe and thereon allege that each of the third-party defendants designated herein as a fictitiously named third-party defendant is, in some manner, responsible for the events and happenings referred to, and caused the damage to Ameriquest and/or Argent as herein alleged.  Ameriquest and Argent will amend their Third-Party Complaint to allege the true names and capacities of those third-party defendants when such information is ascertained.

Answer 5.  The last sentence of paragraph 5 does not state allegations of fact; therefore, no answer is required.  If any answer is required to the last sentence of paragraph 5, Cislo Title Company denies the allegations of the last sentence of paragraph 5.  As to the remaining allegations of paragraph 5, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 and therefore denies the remaining allegations of paragraph 5.

Complaint 6.  The Court has jurisdiction over this matter, pursuant to Rule 14 of the Federal Rules of Civil Procedure.

Answer 6. Paragraph 6 does not state allegations of fact; therefore no answer is required.

If any answer is required, Cislo Title Company denies the allegations of paragraph 6.

Complaint 7. Venue is proper in this judicial district because Ameriquest's and Argent's claims against the Title Defendants and Broker Defendants arise directly out of claims asserted by the plaintiffs listed in Exhibit A and Exhibit B hereto against Ameriquest and Argent in this Court.

Answer 7. Cislo Title Company denies that, as an original matter, venue is proper as to

Cislo Title Company in the Northern District of Illinois.

## General Allegations for Ameriquest Claims

Complaint 8. On or about the dates set forth in Exhibit A hereto, Ameriquest and each of the Title Defendants entered into an agreement wherein the Title Defendants agreed to close Ameriquest loans in exchange for consideration to be paid from the load proceeds. In connection with these agreements, the Title Defendants warranted, among other things, that they would accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed, and would provide Ameriquest's borrower(s) with the correct number of copies of the completed form.

Answer 8. Cislo Title Company is not referred to in Exhibit A. Cislo Title Company

lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 8 and consequently denies the allegations of paragraph 8.

Complaint 9. Each of the plaintiffs listed in Exhibits A hereto has filed a lawsuit against Ameriquest alleging, among other things, that Ameriquest violated TILA by, allegedly, failing to provide the plaintiff with a complete and accurate Notice of Right to Cancel form and/or failing to provide the correct number of copies of the form.

Answer 9. Cislo Title Company is not referred to in Exhibit A. Cislo Title Company

lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 9 and consequently denies the allegations of paragraph 9.

Complaint 10. The claims alleged against Ameriquest in each of the plaintiffs' lawsuits with respect to the Notice of Right to Cancel form relate to duties that should have been carried out by each of the Title Defendants, with respect to the particular loan(s) that they were hired to close. Thus, to the extent that any of the plaintiffs received an inaccurate, incomplete, or misleading Notice of Right to Cancel form, or an incorrect number of forms, this is entirely attributable to the conduct of the Title Defendant(s) who were hired to close that particular loan.

Answer 10. Cislo Title Company is not referred to in Exhibit A. Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and consequently denies the allegations of paragraph 10.

### General Allegations for Argent Claims

Complaint 11. Plaintiffs' suits also allege, *inter alia*, that Argent made misrepresentations regarding loan terms, engaged in bait and switch tactics, failed to make proper disclosures (including Notice of Right to Cancel), and/or improperly serviced plaintiff's loans. These claims arise primarily out of the negotiation of loan terms, events that occurred at loan closings, or out of post-funding handling of plaintiffs' effort to repay, or failure to repay the subject loan.

Answer 11. Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it. As to the remaining allegations of paragraph 11, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and therefore denies the remaining allegations of paragraph 11.

Complaint 12. Argent, however, is a wholesale mortgage lender. By definition, a wholesale lender has no involvement in the negotiation of loan terms, or the loan closing. Argent likewise has no involvement in collecting loan payments or otherwise servicing loans. Instead, Argent's involvement in the loan process is limited to funding loans originated by independent mortgage brokers and closed by independent Closing Agents and Title Underwriters, each of whom are individually responsible for ensuring that the origination, title and closing process is effectuated in compliance with all aspects of applicable law. Further the Broker Defendants are responsible for selecting the Title Defendants.

Answer 12. Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies the allegations of paragraph 12.

Complaint 13. Argent enters into a "Mortgage Broker Agreement" whereby the independent Broker Defendants agreed, *inter alia*, to the "full, accurate and truthful disclosure" of all "facts, information or documentation" that might affect the loan process, agreed to comply with all rules and regulations regarding the application and processing of a loan, and agreed to indemnify and hold harmless the lender (Argent) against claims made by the borrower.

Answer 13.  Cislo Title Company lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 13 and therefore denies the allegations of

paragraph 13.

Complaint 14.  Argent also enters into enforceable agreements with the Title Defendants
through the providing of Escrow Lending Instructions which require, *inter alia*, the proper
execution, disclosure, and issuance of the required closing documents, including the Notice of
Right to Cancel and the HUD-1 Settlement Statement.

Answer 14.  Cislo Title Company denies any and all allegations of omissions, improper

conduct or wrongdoing against it.  As to the remaining allegations of paragraph 14, Cislo Title

Company lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 14 and therefore denies the remaining allegations of

paragraph 14.

Complaint 15.  The Title Underwriter also issues a "Closing Protection Letter" whereby
the Title Underwriter agrees to reimburse the lender for actual loss incurred by the lender in
connection with the closing conducted by the Closing Agent including the failure of the Closing
Agent to comply with the lender's written closing instructions, as well as acts of fraud or
dishonesty by the Closing Agent in the handling of the lender's funds or documents in
connection with a closing.

Answer 15.  Cislo Title Company denies any and all allegations of omissions, improper

conduct or wrongdoing against it.  As to the remaining allegations of paragraph 15, Cislo Title

Company lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 15 and therefore denies the remaining allegations of

paragraph 15.

Complaint 16.  The Title Underwriter also issues a final title policy whereby the Title
Underwriter insures the validity and lien priority of the mortgage provided to Argent.

Answer 16.  Cislo Title Company denies any allegation of omissions, improper conduct

or wrongdoing against it.  As to the remaining allegations of paragraph 16, Cislo Title Company

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and therefore denies the remaining allegations of paragraph 16.

Complaint 17.  Each of the plaintiffs' listed on Exhibit B engaged a Broker Defendant in order to apply for and obtain a loan from Argent.  The Broker Defendants subsequently selected the Title Defendants to close the loans.  The Broker Defendants and Title Defendants are wholly responsible for any alleged misrepresentations, improper tactics, or failed disclosures that may be found to have occurred in the process of obtaining a loan from Argent.

Answer 17.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 17, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore denies the remaining allegations of paragraph 17.

## First Cause of Action

### (Breach of Contract – Ameriquest Against the Title Defendants)

Complaint 18.  Ameriquest re-alleges paragraphs 1 through 17 inclusive, and incorporates the same by reference.

Answer 18.  Cislo Title Company realleges its answer to paragraphs 1 through 17 inclusive, and incorporates the same by reference.

Complaint 19.  Ameriquest and each of the Title Defendants entered into a valid and enforceable contract.  Ameriquest fully performed its duties under this contract.

Answer 19.  Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies the allegations of paragraph 19.

Complaint 20.  The contract required, among other things, that each of the Title Defendants would accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed, and provide the relevant borrower(s) with the correct number of copies of the completed form.

Answer 20.  Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies the allegations of paragraph 20.

Complaint 21.  In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Title Defendants who were responsible for closing the loans in question breached the contract with respect to their duty to provide a complete and accurate Notice of Right to Cancel form and/or to provide the correct number of forms.

Answer 21.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 21, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and therefore denies the remaining allegations of paragraph 21.

Complaint 22.  Ameriquest has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest.  Ameriquest has also suffered damage to its reputation and good will as a direct result of the Title Defendants' conduct, in an amount to be proven at trial.

Answer 22.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 22, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 and therefore denies the remaining allegations of paragraph 22.

## Second Cause of Action

### (Negligence – Ameriquest Against the Title Defendants)

Complaint 23.  Ameriquest re-alleges paragraphs 1 through 22 inclusive, and incorporates the same by reference.

<u>Answer 23</u>.  Cislo Title Company realleges its answer to paragraphs 1 through 22 inclusive, and incorporates the same by reference.

<u>Complaint 24</u>.  Each of the Title Defendants had a duty to follow any and all federal and state laws relating to required disclosures in connection with mortgage loans including, but not limited to, the Notice of Right to Cancel.

<u>Answer 24</u>.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 24, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 and therefore denies the remaining allegations of paragraph 24.

<u>Complaint 25</u>.  In the event that the allegations in any of the lawsuits are proven to be true, the Title Defendants breached this duty, by failing to follow the clear rules set forth in TILA and related statutes.

<u>Answer 25</u>.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 25, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 and therefore denies the remaining allegations of paragraph 25.

<u>Complaint 26</u>.  As a direct result of the negligence of the Title Defendants, Ameriquest has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest in connection with the lawsuits.

<u>Answer 26</u>.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 26, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 and therefore denies the remaining allegations of paragraph 26.

## Third Cause of Action

### (Equitable Indemnity – Ameriquest Against the Title Defendants)

Complaint 27. Ameriquest re-alleges paragraphs 1 through 26 inclusive, and incorporates the same by reference.

Answer 27. Cislo Title Company realleges its answer to paragraphs 1 through 26 inclusive, and incorporates the same by reference.

Complaint 28. In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Ameriquest suffers including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Title Defendants who were responsible for closing the loans in question.

Answer 28. Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it. As to the remaining allegations of paragraph 28, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 and therefore denies the remaining allegations of paragraph 28.

Complaint 29. Ameriquest reasonably relied on promises made by each of the Title Defendants. In particular, Ameriquest relied on the Title Defendants' representation that they would follow the rules set forth in TILA and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

Answer 29. Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it. As to the remaining allegations of paragraph 29, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and therefore denies the remaining allegations of paragraph 29.

Complaint 30. Under principals of equity, Ameriquest is entitled to indemnification from each of the Title Defendants in an amount sufficient to reimburse Ameriquest for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Ameriquest suffers in connection with the plaintiffs' lawsuits.

Answer 30.  Cislo Title Company denies that Ameriquest is entitled to anything from Cislo Title Company.  As to the remaining allegations of paragraph 30, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 30 and therefore denies the remaining allegations or paragraph 30.

## Fourth Cause of Action

### (Contribution – Ameriquest Against the Title Defendants)

Complaint 31.  Ameriquest re-alleges paragraphs 1 through 30 inclusive, and incorporates the same by reference.

Answer 31.  Cislo Title Company realleges its answer to paragraphs 1 through 30 inclusive, and incorporates the same by reference.

Complaint 32.  In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Ameriquest suffers including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Title Defendants who were responsible for closing the loans in question.

Answer 32.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 32, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and therefore denies the remaining allegations of paragraph 32.

Complaint 33.  Ameriquest reasonably relied on promises made by each of the Title Defendants.  In particular, Ameriquest relied on the Title Defendants' representations that they would follow all applicable rules and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

Answer 33.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 33, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 33 and therefore denies the remaining allegations of

paragraph 33.

Complaint 34. Ameriquest did not know, and had no reason to know, that the Title
Defendants would not follow the required rules and regulations, in preparing and delivering the
Notice of Right to Cancel, and other the [sic] closing documents.

Answer 34. Cislo Title Company denies any and all allegations of omissions, improper

conduct or wrongdoing against it. As to the remaining allegations of paragraph 34, Cislo Title

Company lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 34 and therefore denies the remaining allegations of

paragraph 34.

Complaint 35. Under principals of equity, Ameriquest is entitled to contribution from
each of the Title Defendants in an amount sufficient to reimburse Ameriquest for any judgment,
settlement, attorneys' fees, costs, or other equitable relief that Ameriquest suffers in connection
with the plaintiffs' lawsuits that exceeds Ameriquest's pro-rata share of its liability.

Answer 35. Cislo Title Company denies that Ameriquest is entitled to anything from

Cislo Title Company. As to the remaining allegations of paragraph 35, Cislo Title Company

lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 35

and therefore denies the remaining allegations or paragraph 35.

## Fifth Cause of Action

### (Breach of Contract – Argent Against Broker Defendants)

Complaint 36. Argent re-alleges paragraphs 1 through 35 inclusive, and incorporates the
same by reference.

Answer 36. Cislo Title Company realleges its answer to paragraphs 1 through 35

inclusive, and incorporates the same by reference.

Complaint 37. Argent and each of the Broker Defendants listed on Exhibit B entered into
a valid and enforceable contract and Argent fully performed its duties under this contract.

<u>Answer 37</u>. Cislo Title Company is not a Broker Defendant. Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and consequently denies the allegations of paragraph 37.

<u>Complaint 38</u>. The contract required, among other things, that the Broker Defendants would provide "full, accurate and truthful disclosure" of all "facts, information or documentation" that might affect the loan process and agree to comply with all rules and regulations regarding the application and processing of a loan.

<u>Answer 38</u>. Cislo Title Company is not a Broker Defendant. Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and consequently denies the allegations of paragraph 38.

<u>Complaint 39</u>. The contract further required the Broker Defendants to indemnify Argent and hold it harmless against claims made by borrowers.

<u>Answer 39</u>. Cislo Title Company is not a Broker Defendant. Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and consequently denies the allegations of paragraph 39.

<u>Complaint 40</u>. In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Broker Defendants breached the contract.

<u>Answer 40</u>. Cislo Title Company is not a Broker Defendant. Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and consequently denies the allegations of paragraph 40.

<u>Complaint 41</u>. Argent has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent. Argent has also suffered damage to its reputation and goodwill as a direct result of the Broker Defendants' conduct, in an amount to be proven at trial.

<u>Answer 41</u>. Cislo Title Company is not a Broker Defendant. Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and consequently denies the allegations of paragraph 41.

## Sixth Cause of Action

### (Breach of Contact – Argent Against Title Defendants)

Complaint 42.  Argent re-alleges paragraphs 1 through 41 inclusive, and incorporates the same by reference.

Answer 42.  Cislo Title Company realleges its answer to paragraphs 1 through 41 inclusive, and incorporates the same by reference.

Complaint 43.  Argent and each of the Title Defendants listed on Exhibit A and Exhibit B entered into a valid and enforceable contract.  Argent fully performed its duties under this contract.

Answer 43.  Cislo Title Company denies the allegations of the second sentence of paragraph 43.  As to the first sentence of paragraph 43, Cislo Title Company denies any allegations as to a valid and enforceable contract as to Cislo Title Company.  With respect to Title Defendants other than Cislo Title Company, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 and therefore denies the remaining allegations of paragraph 43.  Further answering, Cislo Title Company states that Argent did not attach a copy of the purported contract to Argent's complaint or otherwise identify the purported contract.

Complaint 44.  The contract required, among other things, that each of the Title Defendants would accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed, and provide the relevant borrower(s) with the correct number of copies of the completed form.

Answer 44.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 44, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 and therefore denies the remaining allegations of

paragraph 44.  Further answering, Cislo Title Company states that Argent did not attach a copy

of the purported contract to Argent's complaint or otherwise identify the purported contract.

Complaint 45.  In the event that the allegations in any of plaintiffs' lawsuits are proven to
be true, the Title Defendants who were responsible for closing the loans in question breached the
contract with respect to their duty to provide a complete and accurate Notice of Right to Cancel
form and/or to provide the correct number of forms.

Answer 45.  Cislo Title Company denies any and all allegations of omissions, improper

conduct or wrongdoing against it.  As to the remaining allegations of paragraph 45, Cislo Title

Company lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 45 and therefore denies the remaining allegations of

paragraph 45.  Further answering, Cislo Title Company states that Argent did not attach a copy

of the purported contract to Argent's complaint or otherwise identify the purported contract.

Complaint 46.  Argent has suffered damages in an amount according to proof, but in no
event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is
awarded to each of the plaintiffs against Argent.  Argent has also suffered damage to its
reputation and goodwill as a direct result of the Title Defendants conduct, in an amount to be
proven at trial.

Answer 46.  Cislo Title Company denies any and all allegations of omissions, improper

conduct or wrongdoing against it.  As to the remaining allegations of paragraph 46, Cislo Title

Company lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 46 and therefore denies the remaining allegations of

paragraph 46.

## Seventh Cause of Action

### (Negligence – Argent Against Broker Defendants and Title Defendants)

Complaint 47.  Argent re-alleges paragraphs 1 through 46 inclusive, and incorporates the
same by reference.

Answer 47. Argent re-alleges paragraphs 1 through 46 inclusive, and incorporates the same by reference.

Complaint 48. Each of the Broker Defendants and Title Defendants listed on Exhibits A and B had a duty to follow any and all federal and state laws or regulations relating to required disclosures in connection with mortgage loans including, but not limited to, the Notice of Right to Cancel.

Answer 48. Cislo Title Company was required to work with the documents provided by Argent or its agents and thus to the extent any law or regulations were not followed it was due to the omission, improper conduct or wrongdoing of Argent. As to the remaining allegations of paragraph 48, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 and therefore denies the remaining allegations of paragraph 48.

Complaint 49. In the event that the allegations in any of the lawsuits are proven to be true, the Broker Defendants and Title Defendants breached this duty by failing to follow the clear rules set forth in TILA and related statutes.

Answer 49. Cislo Title Company was required to work with the documents provided by Argent or its agents and thus to the extent any law or regulations were not followed it was due to the omission, improper conduct or wrongdoing of Argent. As to the remaining allegations of paragraph 49, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 and therefore denies the remaining allegations of paragraph 49.

Complaint 50. As a direct result of the negligence of the Broker Defendants and Title Defendants, Argent has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent in connection with the lawsuits.

Answer 50. Cislo Title Company denies that it was negligent or that Argent suffered any damages due to the conduct of Cislo Title Company. As to the remaining allegations of

paragraph 50, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 and therefore denies the remaining allegations of paragraph 50.

## Eighth Cause of Action

### (Equitable Indemnity – Argent Against the Broker Defendants and Title Defendants)

Complaint 51.  Argent re-alleges paragraphs 1 through 50 inclusive, and incorporates the same by reference.

Answer 51.  Argent re-alleges paragraphs 1 through 50 inclusive, and incorporates the same by reference.

Complaint 52.  In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Argent suffers including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Broker Defendants and Title Defendants who were they [sic] only parties to directly interact with the plaintiffs.

Answer 52.  Cislo Title Company was required to work with the documents provided by Argent or its agents and thus to the extent any of plaintiffs' lawsuits are found to be true, it was due to the omissions, improper conduct, or wrongdoing of Argent.  As to the remaining allegations of paragraph 52, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 52 and therefore denies the remaining allegations of paragraph 52.

Complaint 53.  Argent reasonably relied on promises made by each of the Broker Defendants and Title Defendants.  In particular, Argent relied on the representations from Broker Defendants and Title Defendants that they would follow the rules set forth in TILA and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all mortgage or closing documents including, but not limited to, the Notice of Right to Cancel.

Answer 53.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 53, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 53 and therefore denies the remaining allegations of paragraph 53.

Complaint 54. Under principals of equity, Argent is entitled to indemnification from each of the Broker Defendants and Title Defendants in an amount sufficient to reimburse Argent for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Argent suffers in connection with the plaintiffs' lawsuits.

Answer 54. Cislo Title Company denies that Argent is entitled to anything from Cislo Title Company. As to the remaining allegations of paragraph 54, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 54 and therefore denies the remaining allegations or paragraph 54.

## Ninth Cause of Action

### (Contribution – Argent Against the Broker Defendants and Title Defendants)

Complaint 55. Argent re-alleges paragraphs 1 through 54 inclusive, and incorporates the same by reference.

Answer 55. Argent re-alleges paragraphs 1 through 54 inclusive, and incorporates the same by reference.

Complaint 56. In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Argent suffers including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of the Broker Defendants and Title Defendants as they were the only parties to directly interact with the plaintiffs.

Answer 56. Cislo Title Company was required to work with the documents provided by Argent or its agents and thus to the extent any of plaintiffs' lawsuits are found to be true, it was due to the omissions, improper conduct, or wrongdoing of Argent. As to the remaining allegations of paragraph 56, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 and therefore denies the remaining allegations of paragraph 56.

Complaint 57.  Argent reasonably relied on promises made by each of the Broker Defendants and Title Defendants.  In particular, Argent relied on the Broker Defendants and Title Defendants' representations that they would follow all applicable the [sic] rules and regulations, as well as the terms and conditions of the parties' contract, in preparing any and all mortgage and closing documents including, but not limited to, the Notice of Right to Cancel.

Answer 57.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 57, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57 and therefore denies the remaining allegations of paragraph 57.

Complaint 58.  Argent did not know, and had no reason to know, that the Broker Defendants and Title Defendants would not follow the required rules and other regulations, in preparing and delivering the mortgage and closing documents.

Answer 58.  Cislo Title Company denies any and all allegations of omissions, improper conduct or wrongdoing against it.  As to the remaining allegations of paragraph 58, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 58 and therefore denies the remaining allegations of paragraph 58.

Complaint 59.  Under principals of equity, Argent is entitled to contribution from each of the Broker Defendants and Title Defendants in an amount sufficient to reimburse Argent for any judgment, settlement, attorneys' fees, costs, or other equitable relief that Argent suffers in connection with the plaintiffs' lawsuits that exceeds Argent's pro-rata share of its liability.

Answer 59.  Cislo Title Company denies that Argent is entitled to anything from Cislo Title Company.  As to the remaining allegations of paragraph 59, Cislo Title Company lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 59 and therefore denies the remaining allegations or paragraph 59.

## SEPARATE DEFENSES

1. Third-party plaintiffs' complaint fails to state any claims against Cislo Title Company upon which relief can be granted.

2. No claim for breach of contract is available under the allegations of the Third-party plaintiffs' complaint.

3. No claim for negligence, contribution, or indemnification is available under the allegations of the Third-party plaintiffs' complaint.

4. Some or all of the claims asserted against third-party defendant Cislo Title Company are barred by the doctrine that where an alleged contract creates the legal relationship between the parties, a plaintiff is barred from recovering economic losses arising out of nonintentional tort claims.

5. Some or all of the claims asserted against third-party defendant Cislo Title Company are barred by the doctrine that where an alleged contract creates the legal relationship between the parties, a plaintiff is barred from recovering on noncontractual equitable grounds.

6. Cislo Title Company has been sued in connection with only one transaction (See Exhibits A and B attached to the First Amended Consolidated Third-Party Complaint), namely a loan to borrower Charles B. Foster. (See Exhibit B, p. 52)  As Exhibit 1 attached hereto demonstrates, Cislo Title Company properly provided a complete "Notice of Right to Cancel" form to Mr. Foster (which was acknowledged by Mr. Foster) along with the requisite number of copies and otherwise complied with all laws and obligations applicable to Cislo Title Company.

7. Cislo Title Company's conduct is not the proximate cause of the purported damages alleged by third-party plaintiffs.

## AFFIRMATIVE DEFENSES

1.  Third-party plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

2.  Third-party plaintiffs' claims are barred in whole or in part under the doctrine of estoppel.

3.  Third-party plaintiffs' claims are barred in whole or in part under the doctrine of laches.

4.  Third-party plaintiffs' claims are barred in whole or in part under the doctrine of waiver.

5.  Third-party plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

6.  Third-party plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.  Third-party plaintiffs are barred in whole or in part from recovery as a result of their own wrongful or negligent conduct.

8.  Without waiver of the denials contained herein, third-party plaintiffs' damages, if any, should be reduced by the percentage of their fault.

9.  Without waiver of the denials contained herein, each third-party plaintiff is barred from recovering any damages because third-party plaintiffs' fault (through negligence or otherwise) is greater than half of the proximate cause of their purported injuries or losses.

Third-party defendant Cislo Title Company reserves the right to add other affirmative defenses as they become known.

WHEREFORE, third-party defendant Cislo Title Company (1) denies any liability to either third-party plaintiff Ameriquest Mortgage Company or third-party plaintiff Argent Mortgage Company LLC, (2) denies that either third-party plaintiff is entitled to any recovery from Cislo Title Company, (3) requests that the third-party plaintiffs' First Amended Consolidated Complaint be dismissed with prejudice as to Cislo Title Company, and (4) requests that Cislo Title Company be awarded its costs and attorneys' fees in defending this action.

CISLO TITLE COMPANY

By:    /s/ Jeffrey W. Finke
      Attorney for Third-Party Defendant
      Cislo Title Company

Jeffrey W. Finke
20 North Wacker Drive
Suite 1701
Chicago, Illinois 60606-2904
(312) 606-3333

December 3, 2007

# NOTICE OF RIGHT TO CANCEL

LENDER: Argent Mortgage Company, LLC

DATE: December 4, 2003
LOAN NO.: 0054559836 - 9703
TYPE: ADJUSTABLE RATE

BORROWER(S): CHARLES B FOSTER

ADDRESS: 740 CENTRAL
CITY/STATE/ZIP: INKSTER,MI 48141

PROPERTY: 740 CENTRAL
INKSTER, MI 48141

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is

   **ENTER DOCUMENT SIGNING DATE**
   _December 4, 2003_                              ; or

2. The date you received your Truth in Lending disclosures; or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Argent Mortgage Company, LLC          ATTN: FUNDING
3 Park Plaza                          PHONE: (800)-561-4207
Irvine, CA 92614                      FAX: (714)-347-1575

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must
send the notice no later than MIDNIGHT of

**ENTER FINAL DATE TO CANCEL**
_December 8, 2003_

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____               _____
SIGNATURE                                 DATE

---

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

_Charles B Foster_          _12-4-03_          _____
BORROWER/OWNER CHARLES B FOSTER      Date      BORROWER/OWNER                Dat

_____    ___        _____
BORROWER/OWNER                 Date        BORROWER/OWNER                Dat

IHC4-NRC (Rev 6/99)          **LENDER COPY**          12/04/2003 7:38:18 AM


**EXHIBIT**
**1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | ) ) ) ) ) | Lead Case No. 05-CV-07097 |
| Third-Party Plaintiffs, | ) ) | (Centralized before The Honorable Marvin E. Aspen) |
| v. | ) ) | |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, *et al.* | ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

## LOCAL RULE 3.2 DISCLOSURE STATEMENT

Pursuant to Local Rule 3.2, third-party defendant Cislo Title Company, by its attorney,

makes the following disclosures concerning its corporate affiliations:

1. Cislo Title Company has no parent corporations

2. Cislo Title Company has no publicly-held affiliates.

Respectfully submitted,

CISLO TITLE COMPANY

By:     /s/ Jeffrey W. Finke
      Attorney for Third-Party Defendant
      Cislo Title Company

Jeffrey W. Finke
20 North Wacker Drive
Suite 1701
Chicago, Illinois 60606-2904
(312) 606-3333