IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>AMERIQUEST MORTGAGE CO.<br>MORTGAGE LENDING PRACTICES<br>LITIGATION,<br><br>    Plaintiffs,<br>_____<br>AMERIQUEST MORTGAGE CO.,<br>a Delaware corporation, and<br>ARGENT MORTGAGE COMPANY, LLC,<br>a Delaware limited liability company,<br><br>    Defendants/Third-Party<br>    Plaintiffs<br><br>    v.<br>NORTHWEST TITLE AND ESCROW<br>CORPORATION, a Minnesota corporation,<br>et al.<br><br>    Third-Party Defendants | MDL 1715<br><br>Lead Case No.: 05-cv-7097<br><br>(Centralized before the Honorable<br>Marvin E. Aspen) |

**JOINT ANSWER AND AFFIRMATIVE DEFENSES
TO SECOND AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT
BY LENDERS FIRST CHOICE AND FINANCIAL TITLE COMPANY**

Third-Party Defendants Lenders First Choice and Financial Title Company, by their undersigned counsel, submit the following Joint Answer and Affirmative Defenses to the Second Amended Consolidated Third-Party Complaint.

    1.    Ameriquest is a Delaware corporation with its principal place of business in California.

    **ANSWER:** Lenders First Choice and Financial Title Company admit the allegations of this Paragraph.

    2.    Argent is a Delaware limited liability company with its principal place of business in California.

**ANSWER:** Lenders First Choice and Financial Title Company admit the allegations of this Paragraph.

3. Ameriquest and Argent bring this Third-Party Complaint against the Closing Agents and Title Underwriters (collectively referred to hereinafter as the "Title Defendants") listed on Exhibit A and Exhibit B hereto.

**ANSWER:** Lenders First Choice and Financial Title Company admit the allegations of this Paragraph.

4. Argent also brings this Third-Party Complaint against the mortgage brokers ("Broker Defendants") listed on Exhibit A and Exhibit B hereto.

**ANSWER:** Lenders First Choice and Financial Title Company admit the allegations of this Paragraph.

5. Ameriquest and Argent are at times ignorant of the true names and capacities, whether individual, corporate, associate, employee, agent or otherwise, of third-party defendant DOES 1 through 10, inclusive, and therefore sues said third-party defendants by such fictitious names. Ameriquest and Argent are informed and believe and thereon allege that each of the third-party defendants designated herein as a fictitiously named third-party defendant is, in some manner, responsible for the events and happenings referred to, and caused the damage to Ameriquest and/or Argent as herein alleged. Ameriquest and Argent will amend their Third-Party Complaint to allege the true names and capacities of those third-party defendants when such information is ascertained.

**ANSWER:** Lenders First Choice and Financial Title Company are without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

6. The Court has jurisdiction over this matter, pursuant to Rule 14 of the Federal Rules of Civil Procedure.

**ANSWER:** Lenders First Choice and Financial Title Company admit the allegations of this Paragraph.

7. Venue is proper in this judicial district because Ameriquest's and Argent's claims against the Title Defendants and Broker Defendants arise directly out of claims asserted by the plaintiffs listed in Exhibit A and Exhibit B hereto against Ameriquest and Argent in this Court.

**ANSWER:** Lenders First Choice and Financial Title Company admit the allegations of this Paragraph.

### General Allegations for Ameriquest Claims

8. On or about the dates set forth in Exhibit A hereto, Ameriquest and each of the Title Defendants entered into an agreement wherein the Title Defendants agreed to close Ameriquest loans in exchange for consideration to be paid from the loan proceeds. In connection with these agreements, the Title Defendants warranted, among other things, that they would accurately complete a "Notice of Rights to Cancel" form with respect to each loan that they closed, and would provide Ameriquest's borrower(s) with the correct number of copies of the completed form.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

9. Each of the plaintiffs listed in Exhibit A hereto has filed a lawsuit against Ameriquest alleging, among other things, that Ameriquest violated TILA by, allegedly, failing to provide the plaintiff with a complete and accurate Notice of Rights to Cancel form and/or failing to provide the correct number of copies of the form.

**ANSWER:** Lenders First Choice and Financial Title Company admit the allegations of this Paragraph.

10. The claims alleged against Ameriquest in each of the plaintiffs' lawsuits with respect to the Notice of Right to Cancel form relate to duties that should have been carried out by each of the Title Defendants, with respect to the particular loan(s) that they were hired to close. Thus, to the extent that any of the plaintiffs received an inaccurate, incomplete, or misleading Notice of Right to Cancel form, or an incorrect number of forms, this is entirely attributed to the conduct of the Title Defendant(s) who were hired to close that particular form.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

## General Allegations for Argent Claims

11.     Plaintiffs' suits also allege, *inter alia*, that Argent made misrepresentations regarding loan terms, engaged in bait and switch tactics, failed to make proper disclosures (including Notice of Right to Cancel), and/or improperly serviced plaintiffs' loans. These claims arise primarily out of the negotiation of loan terms, events that occurred at loan closings, or out of post-funding handling of plaintiffs' efforts to repay, or failure to repay the subject loan.

**ANSWER:** The allegations of this Paragraph relate to transactions and proceedings to which neither Lenders First Choice nor Financial Title Company were parties, and therefore, Lenders First Choice and Financial Title Company are without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

12.     Argent, however, is a wholesale mortgage lender. By definition, a wholesale lender has no involvement in the negotiation of loan terms, or the loan closing. Argent likewise has no involvement in collecting loan payments or otherwise servicing loans. Instead, Argent's involvement in the loan process is limited to funding loans originated by independent mortgage brokers and closed by independent Closing Agents and Title Underwriters, each of whom are individually responsible for ensuring that the origination, title and closing process is effectuated in compliance with all aspects of applicable law. Further, the Broker Defendants are responsible for selecting the Title Defendants.

**ANSWER:** The allegations of this Paragraph relate to transactions and proceedings to which neither Lenders First Choice nor Financial Title Company were parties, and therefore, Lenders First Choice and Financial Title Company are without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

13.     Argent enters into a "Mortgage Broker Agreement" whereby the independent Broker Defendants agreed, *inter alia*, to the "full, accurate and truthful disclosure" of "all facts, information or documentation" that might affect the loan process, agreed to comply with all rules and regulations regarding the application and

processing of a loan, and agreed to indemnify and hold harmless the lender (Argent) against claims made by the borrower.

**ANSWER:** The allegations of this Paragraph relate to transactions and proceedings to which neither Lenders First Choice nor Financial Title Company were parties, and therefore, Lenders First Choice and Financial Title Company are without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

14. Argent also enters in to enforceable agreements with the Title Defendants through the providing of Escrow Lending Instructions which require, *inter alia*, the proper execution, disclosure, and issuance of the required closing documents, including the Notice of Right to Cancel and the HUD-1 Settlement Statement.

**ANSWER:** The allegations of this Paragraph relate to transactions and proceedings to which neither Lenders First Choice nor Financial Title Company were parties, and therefore, Lenders First Choice and Financial Title Company are without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

15. The Title Underwriter also issues a "Closing Protection Letter" whereby the Title Underwriter agrees to reimburse the lender for actual loss incurred by the lender in connection with the closing conducted by the Closing Agent including the failure of the Closing Agent to comply with the lender's written closing instructions, as well as acts of fraud or dishonesty by the Closing Agent in the handling of the lender's funds or documents in connection with a closing.

**ANSWER:** The allegations of this Paragraph relate to transactions and proceedings to which neither Lenders First Choice nor Financial Title Company were parties, and therefore, Lenders First Choice and Financial Title Company are without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

16. The Title Underwriter also issues a final title policy whereby the Title Underwriter insures the validity and lien priority of the mortgage provided to the Argent.

**ANSWER:** The allegations of this Paragraph relate to transactions and proceedings to which neither Lenders First Choice nor Financial Title Company were parties, and therefore, Lenders First Choice and Financial Title Company are without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

17. Each of the Plaintiffs' listed on Exhibit B engaged a Broker Defendant in order to apply for and obtain a loan from Argent. The Broker Defendants and Title Defendants are wholly responsible for any alleged misrepresentations, improper tactics, or failed disclosures that may be found to have occurred in the process of obtaining a loan from Argent.

**ANSWER:** The allegations of this Paragraph relate to transactions and proceedings to which neither Lenders First Choice nor Financial Title Company were parties, and therefore, Lenders First Choice and Financial Title Company are without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

<u>First Cause of Action</u><br>
(Breach of Contract – Ameriquest Against the Title Defendants)

18. Ameriquest re-alleges paragraphs 1 through 17 inclusive, and incorporates the same by reference.

**ANSWER:** Lenders First Choice and Financial Title Company restate and incorporate their answers to Paragraphs 1-17 as though fully set forth herein.

19. Ameriquest and each of the Title Defendants entered into a valid and enforceable contract. Ameriquest fully performed its duties under this contract.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

20.     The contract required, among other things, that each of the Title Defendants would accurately complete a "Notice of Right to Cancel" form with respect to each loan they closed, and provide the relevant borrower(s) with the correct number of copies of the completed form.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

21.     In the event that the allegations on any of plaintiffs' lawsuits are proven to be true, the Title Defendants who were responsible for closing the loans in question breached the contract with respect t their duty to provide a complete and accurate Notice of Right to Cancel form and/or to provide the correct number of forms.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

22.     Ameriquest has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorney's fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest. Ameriquest has also suffered damage to its reputation and goodwill as a direct result of the Title Defendants' conduct, in an amount to be proven at trial.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

**Second Cause of Action**
**(Negligence – Ameriquest Against the Title Defendants)**

23.     Ameriquest re-alleges paragraphs 1 through 22 inclusive, and incorporates the same by reference.

**ANSWER:** Lenders First Choice and Financial Title Company restate and incorporate their answers to Paragraphs 1-22 as though fully set forth herein.

24.     Each of the Title Defendants had a duty to follow and any all federal and state laws relating to required disclosures in connection with mortgage loans including, but not limited to, the Notice of Right to Cancel.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

25. In the event that the allegations in any of the lawsuits are proven to be true, the Title Defendants breached this duty, by failing to follow the clear rules set forth in TILA and related statutes.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

26. As a direct result of the negligence of the Title Defendants, Ameriquest has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorney's fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest in connection with the lawsuits.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

**Third Cause of Action**
**(Equitable Indemnity – Ameriquest Against the Title Defendants)**

27. Ameriquest re-alleges paragraphs 1 through 26 inclusive, and incorporates the same by reference.

**ANSWER:** Lenders First Choice and Financial Title Company restate and incorporate their answers to Paragraphs 1-26 as though fully set forth herein.

28. In the event that the allegations in any of Plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Ameriquest suffers including, but not limited to, any judgment, settlement, attorney's fees, costs, or other equitable relief, is directly attributable to the conduct of the Title Defendants who were responsible for closing the loans in question.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

29. Ameriquest reasonably relied on promises made by each of the Title Defendants. In particular, Ameriquest relied on the Title Defendants' representation that they would follow the rules set forth in TILA and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

30. Under principals of equity, Ameriquest is entitled to indemnification from each of the Title Defendants in an amount sufficient to reimburse Ameriquest for any judgment, settlement, attorney's fees, costs, or other equitable relief that Ameriquest suffers in connection with the plaintiffs' lawsuits.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

**Fourth Cause of Action**
**(Contribution – Ameriquest Against the Title Defendants)**

31. Ameriquest re-alleges paragraphs 1 through 30 inclusive, and incorporates the same by reference.

**ANSWER:** Lenders First Choice and Financial Title Company restate and incorporate their answers to Paragraphs 1-26 as though fully set forth herein.

32. In the event that the allegations in any of plaintiffs' lawsuits are found to be true by a trier of fact, any loss that Ameriquest suffers including, but not limited to, any judgment, settlement, attorney's fees, costs, or other equitable relief, is directly attributable to the conduct of the Title Defendants who were responsible for closing the loans in question.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

33. Ameriquest reasonably relied on promises made by each of the Title Defendants. In particular, Ameriquest relied on the Title Defendants' representation that they would follow all applicable rules and other regulations, as well as the terms and conditions of the parties' contract, in preparing any and all closing documents including, but not limited to, the Notice of Right to Cancel.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

34. Ameriquest did not know, and had no reason to know, that the Title Defendants would not follow the required rules and regulations, in preparing and delivering the Notice of Right to Cancel, and other closing documents.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

35. Under principals of equity, Ameriquest is entitled to contribution from each of the Title Defendants in an amount sufficient to reimburse Ameriquest for any judgment, settlement, attorney's fees, costs, or other equitable relief that Ameriquest suffers in connection with the plaintiffs' lawsuits that exceeds Ameriquest's pro-rata share of its liability.

**ANSWER:** Lenders First Choice and Financial Title Company deny the allegations of this Paragraph.

### Fifth Cause of Action
### (Breach of Contract – Argent Against Broker Defendants)

The allegations of this Count do not pertain to Lenders First Choice or Financial Title Company and therefore no answer is required.

### Sixth Cause of Action
### (Breach of Contract – Argent Against Title Defendants)

The allegations of this Count do not pertain to Lenders First Choice or Financial Title Company and therefore no answer is required.

### Seventh Cause of Action
### (Negligence – Argent Against Broker Defendants and Title Defendants)

The allegations of this Count do not pertain to Lenders First Choice or Financial Title Company and therefore no answer is required.

### Eighth Cause of Action
### (Equitable Indemnity – Argent Against the Broker Defendants and Title Defendants)

The allegations of this Count do not pertain to Lenders First Choice or Financial Title Company and therefore no answer is required.

### Ninth Cause of Action
### (Contribution – Argent Against the Broker Defendants and Title Defendants)

The allegations of this Count do not pertain to Lenders First Choice or Financial Title Company and therefore no answer is required.

WHEREFORE, Third-Party Defendants Lenders First Choice and Financial Title Company respectfully request that judgment be entered in their favor and against Third-Party Plaintiffs, and request that the Court grant such other relief as it deems just and proper.

## DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Third-Party Defendants in this matter. Third-Party Defendants therefore assert said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Third-Party Defendants may withdraw any of these defenses as may be appropriate. Further, Third-Party Defendants reserve the right to amend this answer to assert additional defenses, cross-claims, counterclaims and other claims and defenses as discovery proceeds. Further answering and by way of defense, Third-Party Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Second Amended Consolidated Third-Party Complaint fails to state a claim against Third-Party Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

The claims asserted against Third-Party Defendants are or may be barred by the applicable statute of limitations in that they were not commenced within the time prescribed by law.

### THIRD AFFIRMATIVE DEFENSE
### (Economic Loss Doctrine)

The claims asserted against the Third-Party Defendants in Counts II, III and IV are barred by the applicable Economic Loss Doctrine.

### FOURTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Negligence)

Third-Party Plaintiffs failed to use ordinary care and such failure is the direct and proximate cause or contributed to the cause of any alleged damages, such that any recovery is barred or should be reduced pursuant common law and applicable statutes because of the doctrines of contributory negligence, comparative negligence, contributory fault or comparative fault.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Third-Party Plaintiffs have failed to mitigate damages, if any, and Third-Party Defendants are therefore entitled to a reduction in any damages awarded in proportion to the percentage of the failure to mitigate her damages.

### SIXTH AFFIRMATIVE DEFENSE
### (Sole Proximate Cause)

Third-Party Plaintiffs are not entitled to recover against Third-Party Defendants because the sole proximate cause of any alleged damages was something other than the conduct of Third-Party Defendants.

### SEVENTH AFFIRMATIVE DEFENSE
### (Intervening/Superseding Cause)

Third-Party Plaintiffs are not entitled to recover because of intervening and superseding acts, or omissions of persons or entities other than Third-Party Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### (Compliance With Applicable Regulations)

Plaintiff is not entitled to recover because at all times Third-Party Defendants complied with all applicable state and federal regulations.

## NINTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff's claims are preempted by federal law pursuant to the Supremacy Clause of the United States Constitution because of the federal regulation of the transactions at issue.

## AMENDMENTS

Third-Party Defendants specifically reserves the right to amend its answer by adding defenses, counterclaims, cross-claims, or by instituting third-party actions as additional facts are obtained through further investigation and discovery.

WHEREFORE, Third-Party Defendants Lenders First Choice and Financial Title Company respectfully request that judgment be entered in their favor and against Third-Party Plaintiffs, and request that the Court grant such other relief as it deems just and proper.

                                                 Respectfully submitted by,

                                                 LENDERS FIRST CHOICE and
                                                 FINANCIAL TITLE COMPANY

                                                 By: /s/ Kevin J. Clancy
                                                       One of their attorneys

Kevin J. Clancy, #6217109
LOWIS & GELLEN
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
312-364-2500

**CERTIFICATE OF SERVICE**

    The undersigned, an attorney, hereby certifies that on December 3, 2007, he caused copies of the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the all counsel of record.

*/s/ Kevin J. Clancy*