

FILED
DEC 0 5 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | CASE NO. MDL No. 1715 |
| | Lead Case No. 05-CV-07097 |
| Third-Pary Plaintiffs, | Assigned Judge: Honorable Marvin E. Aspen |
| vs. | Magistrate Judge: Honorable Morton Denlow |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, et. al., | **MOTION TO DISMISS AND/OR MOTION FOR A MORE DEFINITE STATEMENT** |
| Third-Party Defendants. | |

Third-Party Defendant, Lake Front Mortgage, Inc., hereby moves this Honorable Court as follows:

1. To dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3) on the ground that this Court lacks personal jurisdiction over this Third-Party Defendant because said Third-Party Defendant is an Ohio corporation which is neither registered nor licensed to conduct business in Illinois and which has no contact with Illinois.

2. To dismiss the Third-Party Complaint for failure to plead fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b), or in the alternative, to order Third-Party Plaintiffs to file a more definite statement of facts pursuant to Federal Rule of Civil Procedure 12(e), as the Third-Party Complaint fails to allege facts sufficient for Lake Front Mortgage, Inc. to reasonably frame a responsive pleading.

A memorandum in support of this Motion is attached hereto and incorporated as being fully herein.

WHEREFORE, Third-Party Defendant requests that this Honorable Court dismiss the Third-Party Complaint against Third-Party Defendant, Lake Front Mortgage, Inc., or order Third-Party Plaintiffs to submit a more definite statement of facts supporting their claims.

Respectfully submitted,

Gerald R. Walton, Esq. (0003914)
Gerald R. Walton & Associates
2800 Euclid Avenue, Suite 320
Cleveland, Ohio 44115
(216) 621-1230; (216) 621-3039 [fax]
GRWalton49@aol.com
Counsel for Third-Party Defendant Lake Front Mortgage, Inc.

### CERTIFICATE OF SERVICE

A copy of the foregoing Motion to Dismiss was sent by regular U.S. Mail on December 3, 2007 to: Gary Klein, Plaintiff's Attorney, at Roddy Klein & Ryan, 727 Atlantic Avenue, Boston, Massachusetts 02111; and, Thomas J. Wiegand, Defendant and Third-Party Plaintiff's Attorney, at Winston & Strawn LLP, 35 W. Wacker Drive, Chicago, Illinois 60601.

Gerald R. Walton

## MEMORANDUM IN SUPPORT

Third-Party Plaintiffs filed a Third-Party Complaint against Third-Party Defendants, including Lake Front Mortgage, Inc., on August 25, 2007 in the Eastern Division of the Northern District Court of Illinois. Third-Party Defendant, Lake Front Mortgage, Inc., is referenced only on page 60 of Exhibit B of that complaint for a single transaction involving a client named Brittney Smith.

## THIRD-PARTY PLAINTIFFS' COMPLAINT AGAINST THIRD-PARTY DEFENDANT, LAKE FRONT MORTGAGE, INC., MUST BE DISMISSED BECAUSE THIS HONORABLE COURT LACKS PERSONAL JURISDICTION OVER THE SAME.

Traditionally, to determine whether an Illinois court could assert personal jurisdiction over a nonresident defendant, a two-prong analysis was used. Under the two-prong analysis, the facts of the case had to meet the requirements of personal jurisdiction under the Illinois long-arm statute, 735 ILCS 5/2-209, and due process under both the United States and Illinois constitutions. Crum & Forster Specialty Ins. Co. v. Extended Stay America, Inc., 375 Ill.App.3d 654, 873 N.E. 2d 964 (Ill. App. 1 Dist. 2007). The first step of the two-prong analysis has been considered unnecessary, however, because section 2-209(c) of the Illinois long-arm statute, commonly referred to as a "catch-all provision," extends the scope of the statute to allow a court to "exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c) (West 2004); Kostal v. Pinkus Dermatopathology Laboratory, P.C., 357 Ill.App.3d 381, 383, 293 Ill.Dec. 150, 827 N.E.2d 1031 (2005). Thus, the long-arm statute has been held to be coextensive with the due process requirements of the Illinois and United States Constitutions. Id.

To satisfy federal due process requirements, a nonresident defendant must have sufficient minimum contacts with the forum state so that the exercise of jurisdiction does not offend

3

"traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). Whether there are sufficient minimum contacts between a nonresident defendant and the state cannot be determined by an exact formula, but must be resolved by ascertaining what is fair and reasonable in the particular situation. Dombrowski v. Larson Lodge, 258 Ill.App.3d 661, 630 N.E.2d 973 (1st Dist. 1994). In determining whether sufficient minimum contacts exist to establish personal jurisdiction, a court must consider (1) whether the non-resident defendant has minimum contacts within the forum state such that he has fair warning that he may be required to defend himself there; (2) whether the action arises out of the defendant's contacts with the forum state; and (3) whether it is reasonable to require the defendant to litigate in the forum state. Robillard v. Berends, 861 N.E.2d 1152 (Ill.App.Ct. 1st Dist. 2007). Minimum contacts must involve acts by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protection of its laws. Keller v. Henderson, 359 Ill.App.3d 605, 834 N.E.2d 930 (2d Dist. 2005).

Furthermore, it is the plaintiff's burden to establish a valid basis for asserting jurisdiction over defendants. Morecambe Maritime, Inc. v. National Bank of Greece, S.A., 354 Ill.App.3d 707, 710, 821 N.E.2d 780, 784 (2004). In the present case, Third-Party Plaintiffs have not established a valid basis for asserting jurisdiction over Third-Party Defendant, Lake Front Mortgage, Inc. Third-Party Plaintiffs have not established any minimum contacts between Lake Front Mortgage, Inc. and the state of Illinois. There has been no presentation of any contacts between Lake Front Mortgage, Inc. and Illinois. Therefore, Third-Party Plaintiffs have not demonstrated that Lake Front Mortgage, Inc. "purposefully availed itself of the privilege of conducting activities within the forum state."

4

Lake Front Mortgage, Inc. submits an affidavit (attached hereto as Exhibit 1"), purporting to show that it has no contacts with Illinois. Lake Front Mortgage, Inc. is an Ohio Corporation that is not registered to do business in Illinois. Further, Lake Front Mortgage, Inc. has never conducted business in Illinois. As Lake Front Mortgage, Inc. has no contacts with Illinois, it cannot be found to have sufficient minimum contacts with Illinois to have "invoked the benefits and protections of its laws."

While the first step of the two-prong analysis for determining personal jurisdiction has been determined to be unnecessary, Lake Front Mortgage, Inc. asserts that it has no contacts with Illinois which would satisfy 735 ILCS 5/2-209(a) or (b). Lake Front Mortgage, Inc. is not incorporated in Illinois and is not a corporation transacting business in Illinois. Lake Front Mortgage, Inc. maintains that it does not own, use, or possess any real estate of any kind within Illinois, does not insure anyone or anything located within Illinois, has not made or performed any contracts substantially connected with Illinois, does not own, possess, or control anything of value in Illinois, has no fiduciary duties within Illinois, has no employees in Illinois, and has no ownership of an interest in any trust administered within Illinois. Therefore, Third-Party Defendant, Lake Front Mortgage, Inc. has not subjected itself to the jurisdiction of the courts of Illinois.

Third-Party Plaintiffs have failed to establish any valid basis for the assertion of jurisdiction by an Illinois court over Third-Party Defendant, Lake Front Mortgage, Inc. Third-Party Plaintiffs will be unable to establish any contacts between Lake Front Mortgage, Inc. and Illinois. Third-Party Plaintiffs cannot establish even minimum contacts with Illinois to support its assertion of jurisdiction over Lake Front Mortgage, Inc. It is unreasonable to require this Third-Party Defendant to defend itself against Third-Party Plaintiffs' claims in a state with which

it has no contacts. Therefore, this Honorable Court should dismiss Third-Party Plaintiffs' claim against Third-Party Defendant, Lake Front Mortgage, Inc. for lack of jurisdiction.

### THIRD-PARTY PLAINTIFFS HAVE NOT PLEAD FRAUD WITH PARTICULARITY AND HAVE NOT PLEAD WITH SUFFICIENT INFORMATION FOR LAKE FRONT MORTGAGE, INC. TO FRAME A RESPONSIVE PLEADING THERETO.

Lake Front Mortgage, Inc. is mentioned only once in the entire Complaint, on page 60 of Exhibit B, in reference to a transaction with Brittney Smith. However, the Complaint contains no facts specific to this transaction or any facts specific to any breach of any agreement between Lake Front Mortgage, Inc., and Third-Party Plaintiffs. The Third-Party Complaint alleges only that the "Broker Defendants" committed fraud when they failed to provide "full, accurate and truthful disclosure" of all "facts, information or documentation" that might affect the loan process.

Rule 9(b) of the Federal Rules of Civil Procedure provides: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The primary purpose of this rule is to assure that Defendants have fair notice of substance of the plaintiffs' claim and the factual grounds upon which it is based. Ross v. Bolton, C.A.2 (N.Y.) 1990, 904 F.2d 819. The rule also safeguards defendant's reputation and goodwill from improvident charges of wrongdoing. Id.

To satisfy Rule 9(b), a Plaintiff must set forth what is misleading about a statement and why it is false. The Plaintiff must set forth an explanation as to why a statement was false or misleading and must show that the alleged statement was false or misleading when made. In re Stac Electronics Securities Litigation, (9th Cir. 1996) 89 F.3d 1399, 1405.

The Third-Party Complaint alleges no facts specific to Lake Front Mortgage, Inc., relative to any alleged fraud. Without any specific facts as to its alleged conduct in question,

Lake Front Mortgage, Inc. is unable to respond and prepare any type of defense. Inasmuch as the allegations of fraud have not been pled with any particularity, this cause of action against Lake Front Mortgage, Inc. should be dismissed.

If the Third-Party Complaint against Lake Front Mortgage, Inc. is not dismissed, in the interest in fundamental fairness, this Honorable Court should require Third-Party Plaintiffs to provide a more definite statement. Rule 12(e) of the Federal Rules of Civil Procedures provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

Third-Party Plaintiffs have not set forth any explanation as to why Lake Front Mortgage, Inc. is involved in this action other than listing Lake Front Mortgage, Inc. as a "Defendant Broker" on page 60 of Exhibit B to the Third-Party Complaint. Lake Front Mortgage, Inc. is left without even a clue which would enable it to identify any specific action or conduct which allegedly constituted a breach of the contract referred to in the Third-Party Complaint. Third-Party Plaintiffs have failed to specify or even reference any particular rule or regulation with which Lake Front Mortgage, Inc. failed to comply. The Third-Party Complaint does not provide Lake Front Mortgage, Inc. with notice of even the most basic facts, events, and/or circumstances upon which Third-Party Plaintiffs' allegations are based.

The Third-Party Complaint failed to provide any facts specific to Lake Front Mortgage, Inc. and it is so vague and ambiguous that Lake Front Mortgage, Inc. cannot reasonably be required to frame a response thereto. Lake Front Mortgage, Inc. is left without any information relating to its alleged wrongful conduct in which to frame its responsive pleading. Therefore, in the event that this Honorable Court declines to dismiss Third-Party Plaintiffs' Complaint against

Lake Front Mortgage, Inc., it should require Third-Party Plaintiffs to provide a more definite statement.

WHEREFORE, Third-Party Defendant, Lake Front Mortgage, Inc., prays that this Honorable Court grant its Motion to Dismiss, or at the very least, orders Third-Party Plaintiffs to provide a more definite statement of facts relating to each cause of action.

Respectfully submitted,

_____
Gerald R. Walton, Esq. (0003914)
Gerald R. Walton & Associates
2800 Euclid Avenue, Suite 320
Cleveland, Ohio 44115
(216) 621-1230; (216) 621-3039 [fax]
GRWalton49@aol.com
Counsel for Third-Party Defendant Lake Front Mortgage, Inc.

**STATE OF OHIO** )
                             )     SS.     **AFFIDAVIT OF JOHN CSEH**
**COUNTY OF CUYAHOGA** )

    **I, John Cseh**, being first duly sworn and conscious of my duties in testifying under oath, depose and state that:

    1. I am the President of Lake Front Mortgage, Inc., a Third-Party Defendant in an action entitled In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation, MDL No. 1715, Lead Case No. 05-CV-07097, in the United States District Court for the Northern District of Illinois, Eastern Division.

    2. Lake Front Mortgage, Inc. is listed/mentioned only once (on page 60 of Exhibit B, relative to a transaction involving Brittney Smith, a "Borrower Plaintiff") in a Third Party Complaint filed in that case by Ameriquest Mortgage Company and Argent Mortgage Company LLC, as Third-Party Plaintiffs, on or about September 13, 2007.

    3. I have personal knowledge of facts pertaining to the single transaction involving Lake Front Mortgage, Inc. which is mentioned in that case.

    4. Lake Front Mortgage, Inc. is a mortgage broker.

    5. Lake Front Mortgage, Inc. has never been a Closing Agent or a Title Underwriter.

    6. Lake Front Mortgage, Inc. has no authority to close loans for the Third-Party Plaintiffs, Ameriquest Mortgage Company and Argent Mortgage Company LLC.

    7. Lake Front Mortgage, Inc. has never closed any loans for the Third-Party Plaintiffs, Ameriquest Mortgage Company and Argent Mortgage Company LLC.

    8. As a mortgage broker, Lake Front Mortgage, Inc. facilitates negotiations between mortgage lenders and borrowers.

    9. Lake Front Mortgage, Inc. has never possessed the authority to set rates and/or terms by which any mortgage company is bound.

EXHIBIT

10. As a mortgage broker, Lake Front Mortgage, Inc. recommends title underwriters to mortgage lenders to use in individual transactions. The ultimate authority to accept or reject a recommendation of a title underwriter and/or a closing agent for any given transaction rests with the mortgage lender.

11. Lake Front Mortgage, Inc. is an Ohio Corporation registered to perform mortgage broker services in Ohio.

12. Lake Front Mortgage, Inc. is not incorporated in Illinois and is not registered to conduct business in Illinois.

13. Lake Front Mortgage, Inc. has never conducted business in Illinois.

14. No agent, employee, and/or representative of Lake Front Mortgage, Inc. has ever made any misrepresentation to either Brittney Smith or Argent Mortgage Co. relative to any application and/or transaction which involved Brittney Smith and/or Argent Mortgage Co.

15. Lake Front Mortgage, Inc. has neither breached any "Mortgage Broker Agreement" with Argent Mortgage Co. nor violated any rules set forth in TILA relative to any transaction involving Brittney Smith and Argent Mortgage Co.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JOHN CSEH

On December 3, 2007, John Cseh appeared before me, a Notary Public, and after being placed under oath, did swear to the truthfulness of his foregoing Affidavit, which he signed in my presence.

_____
NOTARY PUBLIC
GERALD R. WALTON, Attorney
NOTARY PUBLIC – STATE OF OHIO
My commission has no expiration date.
Section 147.03 O.R.C.