UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05 CV 07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) | Honorable Marvin E. Aspen<br>Senior Judge |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation, and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | ) ) ) ) ) ) | Honorable Morton Denlow<br>U.S. Magistrate Judge |
| Third-Party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| NORTHERN TITLE AND ESCROW CORPORATION, a Minnesota corporation, *et al.*, | ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

## BRIEF IN OPPOSITION TO DEFENDANTS' MOTION REGARDING CERTAIN CASE MANAGEMENT ISSUES WITH RESPECT TO DEFENDANTS' THIRD-PARTY COMPLAINT

NOW COMES the Third-Party Defendant, HILLARD N. EINBINDER, by and through his attorneys, CREMER KOPON SHAUGHNESSY & SPINA, and requests that this Honorable Court deny Defendants' *Motion Regarding Certain Case Management Issues With Respect to Defendants' Third-Party Complaint.* In support thereof, Third-Party Defendant states as follows:

## I.     Background

On August 24, 2007, Defendants/Third-Party Plaintiffs, AMERIQUEST

MORTGAGE COMPANY (hereinafter "AMERIQUEST") and ARGENT

MORTGAGE COMPANY LLC (hereinafter "ARGENT") (hereinafter collectively

referred to as "Defendants") filed with the court a *First Amended Consolidated*

*Third-Party Complaint* (#1028). Defendants subsequently filed a *Motion Regarding*

*Certain Case Management Issues With Respect to Defendants' Third-Party*

*Complaint* (#1396).

On November 7, 2007, Defendants filed a *Proposed Order* on *Motion*

*Regarding Certain Case Management Issues With Respect to Defendants' Third-*

*Party Complaint* (#1577). On November 28, 2007, this Court entered a *Scheduling*

*Order* on Defendants' *Motion Regarding Certain Case Management Issues With*

*Respect to Defendants' Third-Party Complaint* (#1669). This Court's *Scheduling*

*Order* provides that Third-Party Defendants shall have until January 3, 2008 to file

an opposition to the *Motion Regarding Certain Case Management Issues With*

*Respect to Defendants' Third-Party Complaint* (#1669).

## II.     Argument

### A.     Third-Party Defendants Should Not Be Bound By the November 7, 2006, Order.

This Court's November 7, 2006 *Order* sets forth an organizational structure

for case management (#284). Initially, the *Order* lists actions which have been

transferred by the MDL or have otherwise been reassigned to this Court (#284).

The *Order* then identifies three distinct types of cases: (1) borrower class actions; (2)

2

non-borrower class actions under the Fair Credit Reporting Act (FCRA); and (3) individual, non-class suits. (#284.) The *Order* states that the terms of this *Order* shall apply to "each action subsequently filed in or transferred to" this Court alleging claims similar to those set forth in these actions. (#284.) The *Order* provides that a "later-added party" must object to "consolidation of that case" or to any other provisions of this *Order* within the time frame set forth in the *Order* (#284).

The November 7, 2006 *Order* contains no provision relating to third-party actions. There is no indication that the terms of the *Order* were intended to apply to Third-Party Defendants. Rather, the references to reassigned cases and later-added parties objecting to consolidation suggest that the *Order* relates to Plaintiffs and/or cases subsequently reassigned to or consolidated into the MDL proceeding.

Third-Party Defendant concurs with Defendants' assertion that the November 7, 2006 *Order* is intended to bring organization and case management to this MDL proceeding. However, the *Order* was entered more than one year ago and the parties and issues in this action have changed significantly since November 2006. Most notably, nearly 300 Third-Party Defendants have been joined in this proceeding.

Defendants' suggestion of an across-the-board application of the November 7, 2006 *Order* ignores the numerous and significant differences amongst the Third-Party Defendants. Although Plaintiffs' statutory claims involve similar issues

3

which allow for consolidation, Defendants' third-party claims raise a number of significant disparate issues.

Initially, there is a significant distinction between the Third-Party Defendants joined in this proceeding. Defendants' *First Amended Consolidated Third-Party Complaint* identifies three separate classes or types of Third-Party Defendants who were allegedly involved in the loan transactions which are the subject of the Plaintiffs' underlying *Complaints* (#1028). These types or classes of Third-Party Defendants are closing agents, title underwriters and mortgage brokers (#1028).

AMERIQUEST and ARGENT have each alleged causes of action against some, but not all, of the Third-Party Defendants. AMERIQUEST alleges causes of action against only the closing agents and title underwriters ("Title Defendants"), whereas ARGENT also alleges causes of action against the mortgage brokers (Broker Defendants) (#1028).

Plaintiffs have been granted leave to amend their *Complaint* to add as defendants the assignees of the mortgage loans. If the assignees file actions against Third-Party Defendants, this will add yet another class of entities with distinct causes of action against Third-Party Defendants.

The *First Amended Consolidated Third-Party Complaint* alleges four different causes of action against Third-Party Defendants: (1) breach of contract; (2) negligence; (3) equitable indemnity; and (4) contribution. (#1028.) The factual

allegations purportedly supporting these causes of action differ substantially depending upon the type of Third-Party Defendant.

As to certain Third-Party Defendants, Defendants simply allege that they entered into agreements with Third-Party Defendants. However, as to other Third-Party Defendants, Defendants identify and quote specific contracts. For instance, ARGENT alleges that it enters into a "Mortgage Broker Agreement" whereby the mortgage brokers agreed to the "full, accurate and truthful disclosure" of all facts, information or documentation that might affect the loan process, and agreed to indemnify and hold harmless the lender against claims by the borrower (#1028).

ARGENT alleges that it enters into agreements with the Title Defendants through the providing of "Escrow Lending Instructions" (#1028). Similarly, ARGENT asserts that the title underwriters issue a "Closing Protection Letter" whereby the title underwriter agrees to reimburse the lender for actual loss incurred by the lender in connection with the closings. (#1028.)

The law of the state from which a case was transferred will control in an MDL proceeding. As such, each Third-Party Defendant is entitled to rely upon its respective state's law with regard to causes of action and legal principles at issue in this proceeding. However, the relevant substantive law differs from state to state.

This proceeding includes actions transferred from Arkansas, California, Connecticut, Florida, Illinois, Indiana, Louisiana, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, and Wisconsin. Motions filed by Third-Party

Defendants will, therefore, rely upon a myriad of state laws relating to negligence, breach of contract, indemnity, contribution, fraud, misrepresentation, promissory estoppel and assignment.

The Borrower Plaintiffs assert that Plaintiffs' *Consolidated Class Action Complaint* seeks recovery for 21 separate causes of action (#1049). As Defendants seek contribution for any liability they may be assessed as to Plaintiffs, Third-Party Defendants would rely upon the laws of 20 different states in the defense of those 21 separate causes of action, as well as the causes of action asserted in the *First Amended Consolidated Third-Party Complaint.*

The various states have different statutes of limitation with respect to the causes of action at issue. Moreover, state laws vary with regard to the damages recoverable under a particular cause of action (i.e., attorney fees, punitive damages, statutory fees).

The affirmative defenses upon which Third-Party Defendants rely will differ from state to state. Likewise, application of defenses such as the economic loss doctrine will vary depending upon the particular state.

The Plaintiffs' *Complaints* in the underlying actions allege violations of various state statutes relating to lending practices and disclosures. Here again, motions filed by Third-Party Defendants will rely upon the state statutes which pertain to the particular Third-Party Defendant at issue.

In sum, there exist numerous substantive distinctions amongst the Third-Party Defendants in this proceeding. These salient differences include the type of

Third-Party Defendant, the Defendant asserting the action, the cause of action alleged, the factual allegations supporting the actions, the state laws governing the actions, including disparate state laws relative to the various statutory and common law causes of action, the defenses available and the damages recoverable. Consequently, it would be inequitable and impractical to bind Third-Party Defendants to this Court's November 7, 2006 *Order*.

B.   Third-Party Defendants Should Not Be Bound By This Court's August 30, 2007 Order.

On August 30, 2007, this Court entered an *Order* containing certain stipulations between Defendants and the opt-out Plaintiffs (#1046 and #1047). In essence, the stipulations relate to the parties' agreement to use "best efforts" to comply with the limited discovery set forth therein (#1046 and #1047).

Defendants seek to bind Third-Party Defendants to the August 30, 2007 *Order*. However, Defendants fail to explain how Third-Party Defendants can be bound to comply with a discovery deadline which has since passed (8/31/07). In addition, Defendants' motion suggests no alternative discovery deadline.

Third-Party Defendants' responsive pleadings to the *First Amended Consolidated Third-Party Complaint* must be filed with the court by March 31, 2008 (#1779). Given that Third-Party Defendants' responsive pleadings are not due for another three months, it is likely that the parties may not be at issue on the pleadings until several months thereafter. At this stage of the proceeding, Third-Party Defendants should not be bound by a prior *Order* which imposes discovery deadlines upon Plaintiffs and Defendants.

7

C.   **Third-Party Defendants Should Not Be Compelled To Form Committees and Suggest Lead Counsel.**

The divergent interests of Third-Party Defendants preclude the formation of committees. As outlined above, there are significant differences amongst the Third-Party Defendants.

The *First Amended Consolidated Third-Party Complaint* alleges that the Broker Defendants selected the Title Defendants to close the loans (#1028). Similarly, the *First Amended Consolidated Third-Party Complaint* alleges that the Broker Defendants are responsible for selecting the Title Defendants (#1028). Further, the Broker Defendants and Title Defendants are alleged to be wholly responsible for any alleged misrepresentations, improper tactics or failed disclosures (#1028).

It is apparent from the face of the *First Amended Consolidated Third-Party Complaint* that certain Third-Party Defendants did not commit the acts and/or omissions alleged therein but, rather, said acts and/or omissions were performed by other Third-Party Defendants hired to close the loan transactions. Accordingly, on the basis of the pleadings alone, it is readily apparent that a conflict of interest exists between Third-Party Defendants. Furthermore, it is very likely that Third-Party Defendants will file cross-actions against one another in this proceeding.

Appointment of lead counsel and formulation of committees would necessarily require Third-Party Defendants' attorneys to disclose information relevant to their clients' defense in this proceeding. The fiduciary duties of Third-

Party Defendants' attorneys preclude the sharing of information which is necessary to the effective utilization of committees.

The differing conduct of the Third-Party Defendants, the disparate causes of action and the varying applicable state laws suggest that Third-Party Defendants' divergent interests will make it very difficult to obtain a consensus amongst any formed group or committee of Third-Party Defendants. Given this, it is very unlikely that the appointment of lead counsel and formation of committees would promote efficiency and judicial economy in this proceeding.

WHEREFORE, for the foregoing reasons, Third-Party Defendant HILLARD N. EINBINDER requests that this Honorable Court enter an *Order* denying Defendants' *Motion Regarding Certain Case Management Issues With Respect to Defendants' Third-Party Complaint.*

Respectfully submitted,

s/ Gary T. Jansen
One of the Attorneys for Third-Party Defendant
HILLARD N. EINBINDER

Gary T. Jansen
Nicole D. Milos
CREMER KOPON SHAUGHNESSY & SPINA
180 North La Salle Street, Suite 3300
Chicago, Illinois 60601
(312) 726-3800 – Telephone
(312) 726-3818 – Facsimile
ARDC No. 1688081
Document No. 180054