**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before the Honorable Marvin E. Aspen |

THIS DOCUMENT RELATES TO:

Plaintiffs:

Cathleen Kessler, et al. v. Ameriquest Mortgage Company, et al.; Case No.: 06-4999

Cathleen Kessler, Case No. 06-4999

Chantel & Jeffrey Thibodeau, Case No. 06-5148

Daniel & Donna Cashen, Case No.  06-4683

Donald & Patricia Cooper, Case No. 06-6604

George & Cynthia Scott, Case No. 06-6786

Glenn Leach, Case No. 06-5000

Gregory & Pam Barletta, Case No. 06-4560

Hope & Carl Gelman, Case No. 06-4684

Janet & Gilbert Solnin, Case No. 06-4866

Jeremy Harrison, Case No. 06-6947

Joseph Bush & Dorothy Muller, Case No. 06-6946

Judy Shields, Case No. 06-6787

Kelly & Jo Lynn Sedgwick, Case No. 06-2333

Kurt & Nancy Fuller, Case No. 07-291

William & Linda Lappin, Case No. 06-5147

Peter Grabowski, Case No. 06-2549

Preston & Delana Joyner, Case No. 06-6784

Ralph Rodriguez & Barbara Chapman, Case No. 06-2187

Rocco C. Tieri, Case No. 06-2683

Rosalind & Randy Van Gorp, Case No. 06-1731

Scott K. Dearden, Case No. 06-2912

Shawn & Shari Maldonado, Case No. 06-6609

Sheila & Ronald Warren, Case No. 06-4415

Thomas & Linda Applegate, Case No. 06-4867

Vicki Calder, Case No. 06-5146

Robert Cleveland, Case No. 06-4306

John Dougherty & Geraline Pomilio Dougherty, Case No. 06-2482

Lori O'Malley, Case No. 06-6373

Kevin & Sherry Wessel, Case No. 06-1899

Donald & Sharon Green, Case No. 06-6945

Troy & Melissa Morgida, Case No. 07-3006

Joseph & Montrea Kite, Case No. 07-4059

Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY

AMC MORTGAGE SERVICES, INC.

AMERIQUEST MORTGAGE SECURITIES, INC.

ACC CAPITAL HOLDINGS

COUNTRYWIDE HOME LOANS, INC.

WASHINGTON MUTUAL BANK

DEUTSCHE BANK NATIONAL TRUST COMPANY

PARK PLACE SECURITIES, INC.

GOLDMAN SACHS MORTGAGE COMPANY

- 2 -

BN 1629261v1

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2005-X2
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF SEPTEMBER 1, 2005, WITHOUT
RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2004-R3
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF APRIL 1, 2004, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2004-R1
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF FEBRUARY 1, 2004, WITHOUT
RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2005-R6
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF JULY 1, 2005, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2004-R7
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF JULY 1, 2004, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2004-R8
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF AUGUST 1, 2004, WITHOUT
RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2005-R4CGM
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF MAY 1, 2005, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2004-R12
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF DECEMBER 1, 2004, WITHOUT
RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2005-R5
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF JUNE 1, 2005, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2003-8
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF AUGUST 1, 2003, WITHOUT
RECOURSE

PARK PLACE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2004-MCW1
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF SEPTEMBER 1, 2004, WITHOUT
RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2004-R9
UNDER THE POOLING & SERVICINGAGREEMENT
DATED AS OF SEPTEMBER 1, 2004, WITHOUT
RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2005-R3
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF APRIL 1, 2005, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2003-6
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF MAY 2003 WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2005-R10 UNDER
THE POOLING & SERVICING AGREEMENT DATED
AS OF NOVEMBER 1, 2005, WITHOUT RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2004-R11
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF DECEMBER 1, 2004, WITHOUT
RECOURSE

BN 1629261v1

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2003-13
UNDER THE POOLING & SERVICING AGREEMENT
DATED AS OF DECEMBER 1, 2003, WITHOUT
RECOURSE

AMERIQUEST MORTGAGE SECURITIES, INC.,
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES QUEST 2004-R6

Defendants.

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY ("Defendant" or "Deutsche Bank"), by and through its attorneys, answers Plaintiffs ("Plaintiffs") Amended Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.       Plaintiffs charge defendants with failure to honor valid rescission requests in violation of 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of applicable state law.

**ANSWER:      Defendant admits that Plaintiffs have filed the instant actions against it. Defendant denies that it violated 15 U.S.C. § 1635 or any state law. Defendant denies any remaining allegations of Paragraph 1.**

## JURISDICTION AND VENUE

2.       This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claims under the Truth in Lending Act arise under federal law. This Court has supplemental jurisdiction over plaintiffs' claims under state law

pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

**ANSWER:** **Defendant does not dispute venue. Defendant admits that these actions have been transferred to the Northern District of Illinois pursuant to an Order of the Judicial Panel on Multidistrict Litigation. Defendant denies any remaining allegations of Paragraph 3.**

## PARTIES

4.      Plaintiffs are home owners who refinanced their mortgages in transactions with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company originated all plaintiffs' mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.      Defendant AMC Mortgage Services, Inc. at one point serviced plaintiffs' mortgages that were originated by Ameriquest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

BN 1629261v1

7. Defendant Ameriquest Mortgage Securities, Inc. holds or held legal title to the mortgage loans originated by Ameriquest at issue in this lawsuit.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8. Defendant ACC Capital Holdings is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9. Defendant Deutsche Bank National Trust Company is the trustee of Ameriquest Mortgage Securities Inc. for the various asset backed pass-through certificates which own plaintiffs' loans.

**ANSWER:** **Defendant admits that it serves as the trustee for various asset backed pass-through certificates issued by Ameriquest Mortgage Securities, Inc. The remaining allegations of Paragraph 9 are too uncertain to permit Defendant to admit or deny and on that basis, Defendant denies the remaining allegations of Paragraph 9.**

10. Defendant Countrywide Home Loans, Inc. is currently servicing the loan of Preston & Delana Joyner and claims the right to receive payments thereunder and does business in this district.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. [sic]

12. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series Quest 2005-X2 under the Pooling & Servicing Agreement dated as of September l, 2005, Without Recourse and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series Quest

2005-X2 under the Pooling & Servicing Agreement dated as of September 1, 2005, Without

Recourse is the investor for the Kessler loan.

**ANSWER:**     **Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series Quest 2005-X2 under the Pooling & Servicing Agreement dated as of September l, 2005, which includes the Kessler loan. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

     13.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest

Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R3 under the

Pooling & Servicing Agreement dated as of April 1, 2004, Without Recourse and/or Ameriquest

Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R3 under the

Pooling & Servicing Agreement dated as of April 1, 2004, Without Recourse is the investor for

the Thibodeau loan.

**ANSWER:**     **Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R3 under the Pooling & Servicing Agreement dated as of April 1, 2004, which includes the Thibodeau loan. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

     14.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest

Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2004-R1 under the

Pooling & Servicing Agreement dated as of February 1, 2004 Without Recourse and/or

Ameriquest Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2004-R1

under the Pooling & Servicing Agreement dated as of February 1, 2004 Without Recourse is the

investor for the Cashen loan.

**ANSWER:**     **Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2004-R1 under the Pooling & Servicing Agreement dated as of February 1, 2004, which includes the Cashen loan. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

15.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R6 Under the Pooling and Servicing Agreement Dated as of July 1, 2005, Without Recourse and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R6 Under the Pooling and Servicing Agreement Dated as of July 1, 2005, Without Recourse is the investor for the Cooper, Scott, and Bush & Muller loans.

**ANSWER:     Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R6 Under the Pooling and Servicing Agreement Dated as of July 1, 2005, which includes the Cooper, Scott and Bush/Miller loans.  Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

16.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004, Without Recourse and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004, Without Recourse is the investor for the Leach loan.

**ANSWER:     Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004, which includes the Leach loan.  Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

17.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8, under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse and/or Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8, under the Pooling & Servicing Agreement dated as of August I, 2004, Without Recourse is the investor for the Barletta, Gelman, Fuller, Morgida, Grabowski and Dearden loans.

**ANSWER:     Defendant admits that it serves as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8, under the Pooling**

**& Servicing Agreement dated as of August 1, 2004, which includes the Barletta, Gelman, Fuller, Morgida, Grabowski and Dearden loans. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

18.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R4CGM, Under the Pooling and Servicing Agreement Dated as of May 1, 2005, Without Recourse and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005¬R4CGM, Under the Pooling and Servicing Agreement Dated as of May 1, 2005, Without Recourse is the investor for the Solnin loan.

**ANSWER:     Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R4CGM, Under the Pooling and Servicing Agreement Dated as of May 1, 2005, which includes the Solnin loan.   Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

19.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-R12, Under the Pooling and Servicing Agreement dated as of December 1, 2004, Without Recourse and/or Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2004¬R12, Under the Pooling and Servicing Agreement dated as of December 1, 2004, Without Recourse is the investor for the Harrison loan.

**ANSWER:     Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-R12, Under the Pooling and Servicing Agreement dated as of December 1, 2004, which includes the Harrison loan.  Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

20.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R5 Under the Pooling and Servicing Agreement Dated as of June 1, 2005, Without Recourse and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R5

- 10 -

Under the Pooling and Servicing Agreement Dated as of June 1, 2005, Without Recourse is the investor for the Shields loan.

**ANSWER:** **Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R5 Under the Pooling and Servicing Agreement Dated as of June 1, 2005, which includes the Shields loan. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

21.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, Without Recourse and/or Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, Without Recourse is the investor for the Sedgwick and Wessel loans.

**ANSWER:** **Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, which includes the Sedwick and Wessel loans. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

22.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R9, under the Pooling & Servicing Agreement dated as of September 1, 2004, Without Recourse and/or Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R9, under the Pooling & Servicing Agreement dated as of September 1, 2004, Without Recourse is the investor for the Rodriguez & Chapman loan.

**ANSWER:** **Defendant admits that it serves as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R9, under the Pooling & Servicing Agreement dated as of September 1, 2004, which includes the Rodriguez/Chapman loan. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

- 11 -

23.     Defendant Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2005-R3, under the Pooling & Servicing Agreement Dated As Of April 1, 2005, Without Recourse and/or Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-6, under the Pooling & Servicing Agreement Dated As Of May 1, 2003, Without Recourse is the investor for the Van Gorp loan.

**ANSWER:     Defendant admits that it serves as Trustee Of Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2005-R3, under the Pooling & Servicing Agreement Dated As Of April 1, 2005, which includes the Van Gorp loan.  Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

24.     Defendant Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-6, under the Pooling & Servicing Agreement Dated As Of May 1, 2003, Without Recourse and/or Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-6, under the Pooling & Servicing Agreement Dated As Of May 1, 2003, Without Recourse is the investor for the Van Gorp loan.

**ANSWER:     Defendant admits that it serves as Trustee Of Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-6, under the Pooling & Servicing Agreement Dated As Of May 1, 2003, which includes the Van Gorp loan.  Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

25.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R11 under the Pooling & Servicing Agreement dated as of December 1, 2004, Without Recourse and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R11 under the Pooling & Servicing Agreement dated as of December 1, 2004, Without Recourse is the investor for the Warren and Kite loans.

**ANSWER:     Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R11**

BN 1629261v1

**under the Pooling & Servicing Agreement dated as of December 1, 2004, which includes the Warren and Kite loans. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

26.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-13 under the Pooling & Servicing Agreement date December 1, 2003, Without Recourse and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-13 under the Pooling & Servicing Agreement date December 1, 2003, Without Recourse is the investor for the Applegate loan.

**ANSWER:     Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-13 under the Pooling & Servicing Agreement date December 1, 2003, which includes the Applegate loan. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

27.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R6 and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R6 is the investor for the Cleveland loan.

**ANSWER:     Defendant denies that it serves as trustee for any Asset Backed Pass-Through Certificate Series that includes the Cleveland loan. On information and belief, Ameriquest sold the Cleveland loan to the Federal Home Loan Mortgage Corporation on  or about March 24, 2006  Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

28.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R5 and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R5 is the investor for the Calder and Dougherty loans.

**ANSWER:     Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R5, which includes the Calder and Dougherty loans. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

BN 1629261v1

29.     Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-R10 and/or Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-R10 is the investor for the Maldonado loan.

**ANSWER:     Defendant admits that it serves as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-R10, which includes the Maldonado loan.  Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

30.     Defendant Washington Mutual Bank, is the investor for the Green & Lappin loans.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

31.     Defendant Goldman Sachs Mortgage Company is the investor for the O'Malley loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

32.     Defendant Park Place Securities, Inc., as trustee of Park Place Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-MCW1 Under the Pooling and Servicing Agreement Dated as of 9/1/2004, Without Recourse and/or Park Place Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-MCW1 Under the Pooling and Servicing Agreement Dated as of 9/1/2004, Without Recourse is the investor for the Joyner loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

33.     Plaintiffs are informed and believe that, at all times herein mentioned, each defendant was the agent, co-conspirator, joint tortfeasor, joint venturer, and/or alter ego of each

- 14 -

other defendant. In doing the things alleged herein, each defendant was acting within the course and scope of said agency, conspiracy, contract, and/or joint venture with the direction, advance knowledge, authorization, acquiescence, and/or subsequent ratification of each and every remaining defendant. Each defendant was put in a position and so enabled by the remaining defendant to do the things hereinafter alleged. Each defendant had the knowledge of and agreed to the objective and course of action hereinafter alleged, and each defendant conspired with and aided and abetted each other defendant in achieving that objective and pursuing that course of action.

**ANSWER:** **Defendant denies that it was the agent, co-conspirator, joint tortfeasor, joint venturer, and/or alter ego of any other defendant named in this action. Defendant further specifically denies each and every remaining allegation of Paragraph 33.**

34.     Whenever reference is made in this complaint to any act, deed or transaction of any defendant corporation, or any other defendant business entity, such allegations shall be deemed to mean that the officers, directors, agents or employees of said defendant authorized, acted and did such acts in behalf of said defendant while actively engaged in the management, direction or control of its affairs and while acting within the course and scope of their employment.

**ANSWER:** **Because Paragraph 34 states legal conclusions, no answer is required. If an answer is required, Defendant specifically denies that it has any involvement in or knowledge of the events and circumstances surrounding the origination of Plaintiffs' loans.**

35.     Whenever reference is made in this complaint to any act of any defendant, such allegation shall be deemed to mean the act of each defendant, acting individually, jointly and severally.

**ANSWER:** **Because Paragraph 35 states legal conclusions, no answer is required. If an answer is required, Defendant specifically denies that it has any involvement in or knowledge of the events and circumstances surrounding the origination of Plaintiffs' loans.**

BN 1629261v1

36.     At all times relevant herein, defendants, and each of them, were the agents of each of the other defendants and in doing the things alleged herein were acting within the course and scope of said agency.

**ANSWER:     Defendant specifically denies that it acted as the agent of any other defendant in this action except in its capacity as Trustee of various asset backed pass-through certificates identified in Paragraphs 12 through 29 above. Defendant specifically denies that it had any involvement in or knowledge of the events and circumstances surrounding the origination of Plaintiffs' loans.**

## COUNT ONE - TRUTH IN LENDING ACT

37.     Plaintiffs incorporate paragraphs one through thirty-six above, as well as their individual filed complaints.

**ANSWER:     Defendant restates its answers to paragraphs one through thirty-six in response to this paragraph.**

38.     Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first"). Accordingly, plaintiffs sent rescission notices to Ameriquest and the owners and servicers of their respective mortgages within the extended rescission periods.

**ANSWER:     Because Paragraph 38 states legal conclusions, no answer is required. IF an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

39.     When a valid rescission request is made by the consumer, "the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any

amount, including any finance charges." 12 C.F.R. § 226.23(d)(1). In addition, `within 20 calendar days after the receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest." 12 C.F.R. § 226.23(d)(2). Defendants have done neither.

**ANSWER:** **Because Paragraph 39 states legal conclusions, no answer is required. IF an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

40. Defendants' failure to honor the rescission requests is a violation of the Truth in Lending Act separate from the violations which extended the rescission periods. Plaintiffs are entitled to rescission plus actual damages, statutory damages and other relief.

**ANSWER:** **Because Paragraph 40 states legal conclusions, no answer is required. IF an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT TWO

## FALSE ADVERTISING / UNFAIR AND DECEPTIVE ACTS AND PRACTICES

41. Plaintiffs incorporate paragraphs one through forty above, as well as their individual filed complaints.

**ANSWER:** **Defendant restates its answers to paragraphs one through forty in response to this paragraph.**

42. In connection with trade or commerce, Ameriquest engaged in false advertising and engaged in unfair and deceptive acts and practices in violation of State laws (including common law doctrines) which prohibit bait and switch sales practices. More specifically, as detailed in prior filed complaints incorporated herein, Ameriquest baited plaintiffs into mortgage

- 17 -

transactions by offering relatively favorable terms and then switched to more expensive terms. This misconduct has caused damage to plaintiffs.

**ANSWER:** **Because Count Two appears to be directed towards defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

43. The other defendants (except Countrywide Home Loans, Inc.) are jointly responsible because Ameriquest acted as their agent and/or co-conspirator and because the other defendants knowingly aided, abetted, participated in and/or assisted in the pattern and practice of misconduct. The other defendants are therefore jointly and severally liable to plaintiffs.

**ANSWER:** **Because Count Two appears to be directed towards defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT THREE

## NEGLIGENCE

44. Plaintiffs incorporate paragraphs one through forty-three above, as well as their individual filed complaints.

**ANSWER:** **Defendant incorporates its answers to paragraphs one through forty-three in response to this paragraph.**

45. Because of a lack of due care, Ameriquest made false and misleading representations to plaintiffs upon which plaintiffs justifiably and detrimentally relied. More specifically, as detailed in prior filed complaints incorporated herein, Ameriquest baited plaintiffs into mortgage transactions by offering relatively favorable terms and then switched to more expensive terms. This misconduct has caused damage to plaintiffs. The other defendants

(except Countrywide) are jointly responsible because Ameriquest was acting as their agent and/or co-venturer.

**ANSWER:** **Because Count Three appears to be directed towards defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 45 and on that basis denies such allegations. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

a. canceling the appropriate defendants' security interests in appropriate plaintiffs' homes and ordering those defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

b. awarding plaintiffs actual damages proximately caused by defendants' failure to comply with 12 C.F.R. § 226.23(d)(2);

c. awarding appropriate statutory damages;

d. awarding plaintiffs costs, penalties, and attorneys fees;

e. awarding plaintiffs actual and punitive damages;

f. granting such other relief as the Court deems just and proper.

**ANSWER:** **Because Count Three appears to be directed towards defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

BN 1629261v1

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.      Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.      As to each cause of action, Defendant is entitled to an offset.

12.      Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.      Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.      Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.      Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

- 20 -

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.     Dismiss Plaintiffs' Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.


Respectfully submitted,

DATED:  December 21, 2007                     By:  /s/ Bernard E. LeSage_____
                                                   *Attorneys for Deutsche Bank National*
                                                   *Trust Company.*

                                              Bernard E. LeSage, Esq.
                                              Sarah K. Andrus, Esq.
                                              BUCHALTER NEMER, a P.C.
                                              1000 Wilshire Boulevard, Suite 1500
                                              Los Angeles, CA 90017-2457
                                              Telephone: (213) 891-0700
                                              Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 21st day of December 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By:  _____/s/  Connie Madrigal_____