**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) |  MDL No. 1715<br><br>Lead Case No. 1:05-cv-07097<br><br>Centralized before the<br>Hon. Marvin E. Aspen |
| THIS DOCUMENT RELATES TO THE INDIVIDUAL ACTION NAMED BELOW | ) ) ) ) ) ) ) |  December 26, 2007 |
| JAYLEEN A. LaCROSS,<br>          Plaintiff,<br><br>          v.<br><br>AMERIQUEST MORTGAGE COMPANY and HSBC BANK USA, NATIONAL ASSOCIATION F/K/A HSBC BANK USA,<br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) |  Case No. 1:06-cv-04036<br><br>Hon. Marvin E. Aspen |

**STATEMENT OF MATERIAL FACTS**

Plaintiff submits the following statement of material facts as to which there is no genuine issue and that entitle Plaintiff to judgment as a matter of law:

1.      Jayleen A. LaCross is a natural person.  Affidavit of Jayleen A. LaCross ("LaCross Aff."), ¶ 2.

2.      Ms. LaCross is the owner of 2 Quincy Court in Groton, Connecticut and has owned that property continuously since prior to July 2004.  LaCross Aff., ¶ 3.

3.      2 Quincy Court is, and has been, Ms. LaCross' primary residence at all times relevant to this action.  LaCross Aff., ¶ 3.

4.      HSBC Bank USA, National Association f/k/a HSBC Bank USA ("HSBC") admits that it is a National Bank organized under Delaware law and headquartered in Delaware. *See* Defendant HSBC BANK USA's Answer and Aff. Defenses to First Amended Compl., Dkt. #42 (filed 11/13/07) at ¶ 4 (hereafter "HSBC's Answer").

5.      Ameriquest has admitted that it is a Delaware corporation with a primary place of business in Orange, California.  *See* Defendant Ameriquest Mortgage Company's Answer and Aff. Defenses to Compl., Dkt. # 40 (filed 9/6/2007) at ¶ 3 (hereinafter "Ameriquest Answer").

6.      In 2004 Ameriquest was a Connecticut-licensed mortgage lender.  Affidavit of Alan Cicchetti at ¶ 3.

7.      At all times relevant to this action Ameriquest, in the ordinary course of its business regularly extended consumer credit which is payable by agreement in more than four installments or for which a finance charge is or may be required.  Such credit was initially payable to Ameriquest; and such credit was primarily for personal, family, or household purposes.  In the calendar year of 2003, Ameriquest extended mortgage loans subject to the Truth in Lending Act to at least six different consumers, all of which were initially payable to Ameriquest.  Exhs. 1-6 to Affidavit of Matthew W. Graeber (hereinafter "Graeber Aff."). (mortgages and promissory notes produced by Ameriquest during multidistrict litigation discovery).

8.      In the calendar year of 2004, Ameriquest extended mortgage loans subject to the Truth in Lending Act to at least six different consumers, all of which were initially payable to

Ameriquest.  Exhs. 7-12 to Graeber Aff. (mortgages and promissory notes produced by Ameriquest during multidistrict litigation discovery).

9.      Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331 and 1332.  Defendants state that they do not contest jurisdiction.  Ameriquest Answer at ¶¶ 5-6; HSBC Answer at ¶¶ 5-6.

10.     This case is properly before the Northern District of Illinois as a tag-along action to the Ameriquest Mortgage Co. Mortgage Lending Practices Multidistrict Litigation No. 1715, and as transferred to this Court on or about July 26, 2006.  *See* Conditional Transfer Order, Dkt. #1 (filed 7/26/2006).  Defendants do not contest venue.  Ameriquest Answer at ¶ 7; HSBC Answer at ¶ 7.

11.     On or about September 10, 2007 Ms. LaCross served a Request for Admissions upon Ameriquest.  Exh. 13 to Graeber Aff.

12.     As of this date, Ameriquest has not yet responded to Plaintiff's Request for Admissions.  Pursuant to Fed. R. Civ. P. 36(a), all of the Requests set forth in Exhibit 13 to the Graeber Aff. are deemed admitted by Ameriquest's failure to serve a written answer or objection.

13.     On Friday, July 9, 2004, Ms. LaCross entered into a mortgage loan whereby she agreed to borrow from Ameriquest the principal amount of $109,000, payable to Ameriquest in more than four monthly installments over thirty years at a fixed interest rate of 7.45 %.  LaCross Aff., ¶ 4; Exh. 1 to LaCross Aff. (mortgage and note); Exh. 13 to Graeber Aff. (unanswered Request for Admissions Directed to Defendant Ameriquest Mort. Company) (hereinafter "Req. for Admission") at ¶ 1.

14.     As part of this transaction, Ms. LaCross refinanced a pre-existing mortgage on her home.  LaCross Aff., ¶ 7.

15.     This transaction was primarily for personal, family, or household purposes. LaCross Aff., ¶ 8.

16.     As part of the July 9, 2004 transaction Ameriquest retained a security interest in Ms. LaCross' primary residence at 2 Quincy Court.  LaCross Aff., ¶ 6; Exh. 1 to LaCross Aff. (mortgage).

17.     On July 9, 2004, during the mortgage closing, Ameriquest gave Ms. LaCross a document entitled "Notice of Right to Cancel" (hereinafter "NRTC").  LaCross Aff., ¶ 9; Exh. 2 to LaCross Aff.; Exh. 13 to Graeber Aff. at ¶ 5 (unanswered Req. for Admission); Exh. 14 to Graeber Aff. (letter from Ann Tran of Ameriquest including copy of NRTC).[1]

18.     The NRTC provided at the closing included a box entitled "Enter Final Date to Cancel."  Exh. 2 to LaCross Aff.; Exh. 14 to Graeber Aff..

19.     The Final Date to Cancel on the NRTC Ms. LaCross received is July 12, 2004. *Id*.

20.     July 9, 2004 was a Friday; July 11, 2004 was a Sunday; and July 12, 2004 was a Monday.  Exh. 13 to Graeber Aff. at ¶¶ 8-10 (unanswered Req. for Admission).

21.     July 12, 2004 was three calendar days from July 9, 2004.  *Id*. at ¶ 11

22.     July 11, 2004 was not a "business day" as that term is defined by 12 C.F.R. § 226.2(a)(6). *Id.* at ¶ 12.

---

[1] In the Amended Complaint Ms. LaCross alleges that there were two different NRTC versions at the closing.  One version listed July 11, 2004 and the other version listed July 12, 2004.  As stated in this Statement of Material Facts, after Ms. LaCross notified Ameriquest that she was invoking her right to rescind her mortgage, Ameriquest responded by sending a copy of the July 12th version.  Ms. LaCross submits that any dispute over which version Ameriquest allowed her to keep her at the closing is irrelevant to her motion for summary judgment because neither date allowed for the 3 business days mandated by the TILA and regulations and, therefore, both versions violated TILA's disclosure requirements.  For purposes of this motion only, Ms. LaCross accepts Ameriquest's assertion that the July 12th version was given to the plaintiff at the closing.  Should the Court deny the plaintiff's motion for summary judgment, the plaintiff does not waive or abandon her claim that she was only allowed to keep the July 11th version.

23.      On September 7, 2005 Ms. LaCross, by her attorney, sent Ameriquest a letter stating that she was exercising her extended right to rescind the mortgage transaction.  Exh. 15 to Graeber Aff. (copy of 9/7/2005 letter); Exh. 14 to Graeber Aff. (Tran letter acknowledging 9/7/2005 letter).

24.      Ameriquest received Ms. LaCross's September 7, 2005 rescission on September 12, 2005.  Exh. 16 to Graeber Aff. (signed, green postal return receipt card).

25.      On or about September 22, 2005 Ameriquest's counsel, Ann Tran, Esq., responded to Ms. LaCross's rescission notice by sending the letter attached as Exhibit 14 to the Graeber Affidavit.  In this letter, Ms. Tran stated that Ameriquest declined to rescind based on the Notice of Right to Cancel form enclosed with her letter.  Exh. 14 to Graeber Aff.  The Notice of Right to Cancel form enclosed with the letter showed a "Final Date to Cancel" of July 12, 2004.  *Id*.

26.      On or about September 22, 2005 Ann Tran was an agent of Ameriquest Mortgage Company.  Exh. 13 to Graeber Aff. at ¶ 2.

27.      On or about September 22, 2005 Ann Tran was Ameriquest Mortgage Company's counsel.  *Id*. at ¶ 3.

28.      Ms. LaCross' mortgage loan was assigned to HSBC Bank USA, National Association f/k/a HSBC Bank USA.  HSBC Mortgage Services, Inc. Stmt. of Disclosure of Corporate Affiliations and Financial Srvcs., Dkt. #35 (filed 2/20/07).  HSBC admits having "purchased an interest in Plaintiff's loan which was originated by Ameriquest Mortgage Company."  HSBC Answer at ¶ 20.[2]

---

[2] This paragraph was misnumbered in the complaint and is actually the second paragraph "20."

29.     On September 7, 2005 Ms. LaCross notified HSBC, in writing, that she was exercising her extended right to rescind the mortgage transaction.  Exh. 17 to Graeber Aff. HSBC received this letter on September 10, 2005.  Exh. 18 to Graeber Aff.

30.     As of this date, neither Ameriquest nor HSBC has rescinded Ms. LaCross's mortgage transaction.  LaCross Aff., ¶ 11.

                                        PLAINTIFF, JAYLEEN A. LaCROSS

                                        /s/ Andrew G. Pizor
                              By: _____
                                        Andrew G. Pizor (ct27015)
                                        apizor@consumerlawgroup.com
                                        Consumer Law Group, LLC
                                        35 Cold Spring Rd.; Suite 512
                                        Rocky Hill, Connecticut 06067
                                        Tel. (860) 571-0408  Fax (860) 571-7457

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of December, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

The foregoing was mailed to the following pro se and non-appearing parties:


/s/ Andrew Pizor
Andrew G. Pizor