# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-CV-07097<br><br>Centralized before The Honorable Marvin E. Aspen |

## RESPONSE BY CERTAIN THIRD-PARTY DEFENDANTS TO MOTIONS REGARDING CASE MANAGEMENT ISSUES AND MOTION TO RECONSIDER DECEMBER 10 and 12, 2007, MINUTE ENTRIES

Third-Party Defendants listed in Exhibit A hereto (collectively, the "Third-Party Defendants") file this (1) Response to Defendants/Third-Party Plaintiffs Ameriquest Mortgage Company and Argent Mortgage Company LLC (collectively the "Third-Party Plaintiffs") motions regarding case management (Docket 1396 and 1724); and (2) Motion to Reconsider Docket Entry Nos. 1779 and 1792 and state:

### I. INTRODUCTION

On October 23 and December 3, 2007, Third-Party Plaintiffs filed motions regarding case management issues, which seek to impose certain orders and require all Third-Party Defendants to form a committee and file consolidated pleadings. On December 10 and 12, 2007, the Court ordered Third-Party Defendants to "coordinate and file a consolidated answer or a consolidated motion to dismiss." While Third-Party Defendants appreciate the goal of simplifying proceedings in this case, Third-Party

Defendants believe they must have the opportunity to express some unavoidable differences.

The Third-Party Defendants have conferred and determined that, while they share some common interests, they also face many potential strategic, ethical, and other differences that make purely consolidated action impossible for the reasons more fully set forth below. In order to strike the appropriate balance between the need for efficiency and the individual rights and circumstances of the parties, movants respectfully request:

- That the Court require a consolidated motion to dismiss the third-party complaint only on issues that are common to all Third-Party Defendants, and that Third-Party Defendants be allowed the discretion to: (i) supplement any consolidated motion to dismiss with some additional briefs that raise non-repetitive, unique defenses; and (ii) file individual answers.

- That the Court permit (and endeavor to consider) any Third-Party Defendant motions to dismiss prior to the mediations anticipated by the Plaintiffs and Third-Party Plaintiffs.

- That the Court refrain from ordering the formation of any committees or the appointment of any lead counsel until the Third-Party Defendants can appear and suggest a structure that best addresses the various ethical, strategic and cost issues presented by this litigation.

## II.  BACKGROUND FACTS AND PROCEDURAL HISTORY

A.  **Introduction.**

The Third-Party Defendants have conferred on many occasions; the discussions have included how best to respond to the third-party complaint without burdening the court with repetitive briefing.  There are at present over 50 lawyers involved in these conferences.  Through this process, Third-Party Defendants have learned the following:

    1.  <u>Each Third-Party Defendant Is Involved in Relatively Few Cases.</u>  Each Third-Party Defendant is alleged to be involved in a small number of Plaintiffs' cases; some Third Party Defendants are involved in only one or two of Plaintiffs' transactions.  Moreover, no Plaintiff has any pending claim directly against any Third-Party Defendant and the Class Plaintiffs have affirmatively disclaimed any direct claims. [See Docket No. 1049]

    2.  <u>There Are No Pleadings That Specify Any Facts About Any Third-Party Defendant, Nor Have Third-Party Defendants Had Any Discovery.</u>  Each Plaintiff has pleaded his or her case in an individual complaint.  Defendants have been able to answer each complaint individually.  Plaintiffs and Defendants have exchanged some discovery, such as loan files.  In contrast, the third-party complaint is devoid of any facts particular to any Third-Party Defendant.  For example, the third-party complaint does not contain the terms of the alleged agreements with any of the Third-Party Defendants.  Moreover, Third-Party Defendants have not had any discovery.

      3.    <u>Individual State Laws Figure Prominently Into Claims Against Third-Party Defendants.</u>  While the Plaintiffs' claims are largely based on federal statutes, the claims against Third-Party Defendants implicate state law.  For example, the breach of contract claims may involve not only individualized contracts, but also state common law and statutes.

      4.    <u>Third-Party Defendants Are Not Commonly Aligned.</u>  For the most part, Plaintiffs are commonly aligned, as are Defendants.  As set forth more fully below, the Third-Party Defendants are not commonly aligned, and have the potential for cross-claims.

**B.**    **Types of Third-Party Defendants Involved.**

The third-party complaint identifies three types of Third-Party Defendant: (1) Broker Defendants; (2) Closing Agents; and (3) Title Underwriters (the latter two are lumped together as "Title Defendants").  However, the third-party complaint does not state what each of those persons did *vis-à-vis* each Plaintiff.  The range of possibilities includes some, all, or none of the following functions: advertising to consumers; negotiation of loan terms; preparation of loan documents; title search and examination; closing of some or all of the transaction; escrow; and issuance of title insurance.

**C.**    **Alleged Relationships Between Third-Party Defendants and Other Parties.**

Third-Party Plaintiffs allege only the following relationships:

      1.    <u>Broker Defendants:</u> there is only an alleged Mortgage Broker Agreement, the terms of which are neither identified in nor attached to the third-party complaint.

      2.    <u>Title Defendants:</u> unspecified "agreements," which might include so-called Escrow Lending instructions, Closing Protection Letters, and Title Insurance Policies. None of the terms of any of these "agreements" are alleged nor are they attached. No distinction is drawn between Closing Agents and Title Underwriters.

**D.**    <u>**Potential Cross-Claims Between Third-Party Defendants.**</u>

Some cases involve multiple Third-Party Defendants; for example a Broker Defendant, Closing Agent and/or Title Underwriter may all be involved in a given transaction. There are potential claims among these parties for, among other things, contribution or indemnity. The immediate result of this possibility is that no one lawyer can represent all Third-Party Defendants.

**E.**    <u>**Procedural History.**</u>

This motion is based primarily on the following events:

      1.    <u>November 7, 2006 Memorandum Opinion and Order.</u> This order appoints Plaintiffs' lead and liaison counsel, establishes Plaintiffs' committees, and sets various deadlines. It does not appear that Third-Party Defendants were even contemplated, let alone expressly mentioned, in this Order.

      2.    <u>August 30, 2007, Order.</u> This Order was entered pursuant to a stipulation and addresses amendments to certain complaints, together with discovery obligations between Plaintiffs and Defendants.

      3.    <u>December 10 and 12, 2007, Minute Entries.</u> Docket entries 1779 and 1792 set deadlines for Third-Party Defendants to appear and respond to the third-party

complaint. At issue in this Motion is the "further order" that Third-Party Defendants "coordinate and file a consolidated answer or a consolidated motion to dismiss" and that all briefing on motions to dismiss be postponed until April 2008.

4.  <u>Third-Party Defendants Have Had No Access to the Existing Discovery.</u> Third-Party Defendants have not had access to the discovery itemized in the August 30, 2007 Order.

### III. <u>ARGUMENT AND AUTHORITIES</u>

**A. The Court Should Reconsider the Order to Coordinate and <u>File a Consolidated Answer or Consolidated Motion to Dismiss.</u>**

On December 10 and 12, 2007, the Court ordered Third-Party Defendants to coordinate and file a consolidated answer or consolidated motion to dismiss, without input from any Third-Party Defendant. The Order also delays *all* briefing on motions to dismiss until April and May 2008. The Court should vacate or reconsider this order.

First, ethical and substantive conflicts preclude comprehensive consolidated action by all Third-Party Defendants. Second, factual and legal differences require at least some individualized responses. For example, there are different contracts involved and various state laws may govern many of the claims. Third, the delay forces all Third-Party Defendants to bear the enormous expense of monitoring the entire case, even though no Third-Party Defendant was involved in even a plurality of the transactions at issue. Fourth, the Order violates Due Process in that it effectively deprives each Third-Party Defendant of its unique defenses, strategic initiative, and representation by counsel of its choosing. *See Garber v. Randall*, 477 F.2d 711, 714-15 (2d Cir. 1973).

*Garber* involved the consolidation of three shareholder class and derivative cases over the objection of a defendant named in only one of the cases. The objecting defendant, a law firm, was involved in only a portion of the alleged wrongdoing, never traded in the stock, and did not profit from the alleged wrongdoing. The Second Circuit reversed the consolidation, explaining as follows:

> where the claims against, or defenses of, some parties are substantially different from those of others, some may be prejudiced by consolidation, particularly if one general or lead counsel exercises his supervisory power in a way that tends to deprive them of full discovery and preparation of their individual cases.

*Id.* at 714. The court went on to rule that consolidation of the complaints would "deny [the law firm] its due process right to prosecute [its] own separate and distinct claims or defenses without having them so merged into the claims or defenses of others that irreparable injury will result." *Id.* at 716. These same considerations and result apply to the proposed consolidated answer or motion to dismiss by Third-Party Defendants.

To begin with, the third-party complaint is so conclusory that a Third-Party Defendant may have to attach to a motion to dismiss copies of any written agreement particular to that party in order to assert any substantive grounds for dismissal[1]. Next, each Third-Party Defendant must raise and brief any unique defenses under the applicable state's law. Other Third-Party Defendants should be entitled to point out the lack of any agreement or alleged conduct on their part. For example, in some instances

---

[1] All Third-Party Defendants may be able to collectively assert that the Consolidated Amended third-party complaint is patently defective under Fed. R. Civ. P. 8 as recently interpreted by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 2007 WL 1461066 (May 21, 2007).

**RESPONSE BY CERTAIN THIRD-PARTY DEFENDANTS TO MOTIONS
REGARDING CASE MANAGEMENT ISSUES AND MOTION
<u>TO RECONSIDER DECEMBER 10 and 12, 2007, MINUTE ENTRIES</u> – Page 7**

Ameriquest handled some or all aspects of document preparation and execution at closing, leaving so-called Closing Agents only the duties of escrow. These are not nit-picky details, but fundamentally affect the potential scope and viability of the Third-Party claims. The only way to bring these motions to the Court's attention is with some level of individualized briefing.

In addition, a consolidated answer presents enormous drafting problems. Each Third-Party Defendant would ordinarily admit, deny, or state that it lacks knowledge as to each allegation, a prospect that cannot be identical for each allegation and every Third-Party Defendant. In addition, each Third-Party Defendant will have its own affirmative defenses. While many defenses may be common to some subsets of parties, few are likely to be common to all, so any answer would have to either allow each Third-Party Defendant to assert its own affirmative defenses or somehow list the names of which Third-Party Defendants assert each defense. Finally, if any Third-Party Defendant wishes to assert a cross-claim, it seems that would have to be in a separate pleading.

The foregoing is not to say that there are no issues common to all Third-Party Defendants. In that regard, Third-Party Defendants have conferred and will continue to confer regarding common defenses that can be addressed in a consolidated pleading. In that regard, Third-Party Defendants are working on the formation of committees to draft consolidated pleadings to the fullest extent possible and request the flexibility to work through that process without the obligation to file just one motion and brief. Third-Party Defendants will take every possible step to avoid any duplicative briefing and will

attempt to minimize other pleadings and combine all common issues. However, the Court should also permit Third-Party Defendants to raise unique issues, provided they endeavor to do so in an efficient a manner.

**B. The Filing of Motions To Dismiss Should Not Be Delayed Until After Mediations.**

The Third-Party Defendants also request that the Court allow the filing of collective and any necessary additional motions to dismiss before the parties proceed with mediation. In the last two months, nearly 300 Third-Party Defendants have been added to this complex, two-year old MDL proceeding. At present, there are over 1,800 docket entries in just the main MDL case (No 1:05-CV-07097). Continued involvement in this case forces each Third-Party Defendant, which may only be involved in a few of the Plaintiffs' cases, to monitor the docket entries at enormous expense. Moreover, while the Third-Party Defendants understand and appreciate the Court's desire to allow the parties to mediate before diving into extensive motion practice, prompt disposition of simple issues benefits all parties to this case, not just the party dismissed. For example, a Third-Party Defendant that may have a dispositive defense on, say, statute of limitations, should not be required to participate in complex briefing and prolonged conferences with representatives of the nearly 300 other Third-Party Defendants in order to present an argument that could be disposed of promptly.

The prospect of mediation or settlement without any briefing may even exacerbate any prejudice to Third-Party Defendants. At present, none of the Third-Party Defendants have the benefit of any pleadings that set forth the factual predicate for claims against

them. Moreover, none of the Third-Party Defendants have had access to the discovery exchanged between Plaintiffs and Defendants. Finally, none of the Third-Party Defendants will have a meaningful opportunity to educate Third-Party Plaintiffs about available defenses through the process of at least filing motions to dismiss and obtaining responses thereto. Accordingly, going into any mediation or settlement conference, every Third-Party Defendant will be "flying blind," while facing more prepared opponents.

The likely result of Third-Party Defendants' forced inaction and ignorance, coupled with the oppressive burden of simply being in the case, is a huge disadvantage at mediations conducted prior to consideration of motions to dismiss. Any Third-Party Defendant attending a mediation will have been unable to see the existing discovery or educate (and be educated) on potentially dispositive defenses. A Third-Party Defendant in this position may pay an exorbitant sum just to get out of the case, irrespective of the merits of the claims asserted against it. Not only is that unfair to the individual Third-Party Defendant that attends the mediation, it will set a practical "floor" on future mediations by other Third-Party Defendants. Third-Party Defendants should be entitled to immediately challenge meritless claims, not only for their own benefit, but for docket control in this case in general.

In conclusion, Third-Party Defendants respectfully request that the Court reconsider the requirement of a consolidated answer or motion to dismiss. At most, the Court should require consolidation of issues common to all Third-Party Defendants, while permitting Third-Party Defendants to promptly file limited additional motions to

dismiss that raise unique defenses. If the Third-Party Defendants are expected to play a meaningful role in the proposed mediations, the Court should also permit briefing on the collective and individual motions to dismiss before mediation.

**C.     The November 7, 2006, Order Should Not
         Be Imposed on Third-Party Defendants.**

The Third-Party Plaintiffs request that Third-Party Defendants comply with the structure outlined in the Case Management Order (Docket No. 284), presumably by being ordered to form a committee and elect lead counsel to speak on behalf of the entire group. The Case Management Motion, however, demonstrates that a structure established specifically for the plaintiff body cannot be feasibly be applied to Third-Party Defendants.

The November 7, 2006, order acknowledges "significant differences" between Plaintiffs' cases and that "given the probability that discrete substantive issues will arise in each type of case," that substantive motions will vary at least by category of case. [Docket 284 at 6]. Moreover, for the individual Plaintiffs' cases, the Court acknowledged that appointment of lead counsel for the individual cases would be improper because of the "risk of potential conflicts of interest if they [Plaintiffs] were to be represented by or otherwise subject to control of the same attorneys responsible for the class actions seeking damages." [*Id.* at 10.] The opinion goes on to acknowledge that the individual Plaintiffs "are entitled to as independent a prosecution of their cases as is practicable." [*Id.*].

Third-Party Plaintiffs' request should therefore be denied for several reasons. First, the committee structure contemplated in the Case Management Order is not practical for Third-Party Defendants, given the divergence of interests among that group. Contrary to the Third-Party Plaintiffs' assumption in the Case Management Motion, Third-Party Defendants are not a unified group. Rather, at least three distinct categories comprise the Third-Party Defendant pool: (i) broker-defendants; (ii) title examiner and closing agent defendants and (iii) underwriter defendants. These groups have significantly different interests in and defenses to this litigation. Second, Plaintiffs' counsel are motivated to work in their assigned committees because they will later submit applications to this Court for compensation. In contrast, each Third-Party Defendant's counsel will be defending only a small fraction of the total number of cases. The work on any committee and/or as lead counsel would impose an unfair financial burden on the Third-Party Defendant to pay their counsel for the additional work. Third, each Third-Party Defendant has unique factual, strategic, and substantive defenses that might be subjugated and diluted by the establishment of committees and lead counsel. For example, a Third-Party Defendant that has a clear statute of limitations defense may justifiably want that defense presented early, so that it is not lost in the shuffle of more complicated issues.

Under these circumstances, it would be unfair to require all Third-Party Defendants to form one cohesive committee and to select a single lead counsel. While the structure set forth in the Case Management Order may work for the Plaintiff

constituency, it simply does not work for Third-Party Defendants. For these reasons, the Third-Party Defendants request the Court to deny the Third-Party Plaintiffs' request to bind Third-Party Defendants to the terms of the Case Management Order.[2]

That said, Third-Party Defendants have participated in many conference calls as a collective group, and sub-groups have further conferred. Third-Party Defendants have exchanged research, drafts of motions and pleadings, and will otherwise coordinate to minimize or eliminate any unnecessary duplication of legal or factual arguments. The Court should permit Third-Party Defendants to voluntarily take steps to simplify these proceedings. For example, the Third-Party Defendants may be able to file a consolidated motion to dismiss based on TILA defenses that apply across the board. In addition, sub-groups of Brokers, Closing Agents and Title Underwriters may be able to file consolidated motions that address most of the remaining issues. The Court should permit this relatively small number of pleadings or a proposal regarding committees and subcommittees and only take action if the Third-Party Defendants' efforts prove unsuccessful.

### D. The Court Should Not Require The Establishment Of Committees And Lead Counsel Before The Status Conference.

Third-Party Defendants have participated in multiple collective conference calls, and many more conferences of subgroups. These conferences have revealed conflicts

---

[2] Third-Party Plaintiffs have waived their request that Third-Party Defendants form a committee and select lead counsel by December 20, 2007. On November 7, 2007, the Third-Party Plaintiffs filed a proposed scheduling order setting the deadline for objecting to the Case Management Motion as January 3, 2008. In the event the Court requires Third-Party Defendants to form a committee as requested by the Third-Party Plaintiffs, such committee cannot be formed until after an order to that effect is entered by the Court.

**RESPONSE BY CERTAIN THIRD-PARTY DEFENDANTS TO MOTIONS REGARDING CASE MANAGEMENT ISSUES AND MOTION TO RECONSIDER DECEMBER 10 and 12, 2007, MINUTE ENTRIES – Page 13**

that would prohibit the establishment of any kind of lead counsel or executive committee. Even Argent and Ameriquest have separate lawyers, despite the fact that they are apparently commonly owned. In addition, there are practical problems with establishing lead counsel, such as different strategic considerations, the application of different substantive law, and the financial situation of each Third-Party Defendant. By definition, service as a committee member or in any other collective fashion will require extra work that a particular Third-Party Defendant should not be required to cover.

The movants have discussed among themselves potential committee structures that would address the foregoing issues, and hope to have a proposal no later than by the status conference. Accordingly, the Court should allow Third-Party Defendants to appear at the status conference and present alternatives to purely consolidated pleading via a single executive committee and lead counsel.

## IV. **RELIEF REQUESTED**

For the reasons set forth above, the Court should reconsider or vacate its Docket Entries of December 10 and 12, 2007, and strike any obligation that Third-Party Defendants file a consolidated answer or motion to dismiss, other than on issues that are common to all Third-Party Defendants. Third Party Defendants further request that they be permitted discretion to: (i) supplement any consolidated motion to dismiss with limited additional briefs that raise non-repetitive, unique defenses; and (ii) file individual answers. In addition, the Court should allow briefing and consideration of any pending or subsequently-filed motion to dismiss to proceed in advance of mediation.

DATED:  December 28, 2007 By:/s/ Keith R. Verges
*Attorneys for Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Transnation Title Insurance Company, LandAmerica Financial Group, Inc., and Commonwealth Land Title Company*

Keith Verges, Esq.
Mark Davenport, Esq.
Don Colleluori, Esq.
Russell W. Hubbard
Figari & Davenport, L.L.P.
3400 Bank of America Plaza
901 Main St.
Dallas, TX 75202
Telephone (214) 939-2017
Facsimile (214) 939-2090

John L. Ropiequet
Jeffrey D.  Pilgrim
Anna-Katrina Christakis
ARNSTEIN & LEHR LLP
120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606-3910
Phone: 312.876.7814
Fax: 312.876.0288

## CERTIFICATE OF SERVICE

I, Keith R. Verges, hereby certify that on this 28th day of December 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Keith R. Verges