IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | CASE NUMBER: MDL No. 1715 <br> LEAD CASE NUMBER: 05-CV-07097 |
| THIS DOCUMENT RELATES TO: <br> *Jones, Jr. v. Argent Mortgage Co., et. al.,* <br> Case No. 06-CV-04038 (N.D. Ill.) | ASSIGNED JUDGE: Hon. Marvin E. Aspen <br><br> DESIGNATED MAGISTRATE JUDGE: Hon. Morton Denlow |
| AMERIQUEST MORTGAGE COMPANY, *et. al.* <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> NORTHWEST TITLE AND ESCROW CORPORATION, *et. al.,* <br><br> Third-Party Defendants | |

### THIRD-PARTY DEFENDANT'S RULE 36 REQUEST FOR ADMISSION

Third-Party Defendants, Perrotta, Cahn & Prieto, P.C., through its attorneys, Patton & Ryan, LLC, pursuant to the Federal Rules of Civil Procedure ("FRCP"), Rule 36, propounds the following Requests for Admissions of Fact upon plaintiff, George Willis Jones, Jr.:

### INSTRUCTIONS & DEFINITIONS

For the purposes of this Rule 36 Request, it is understood that "George Willis Jones, Jr." refers to the "plaintiff" in this matter, and that he will hereinafter be referred to as "George W. Jones."

Exhibit B attached hereto, contains redacted information meant to protect the plaintiff. Specifically, plaintiff's phone number and social security number have been truncated. Furthermore, the document has been transposed from legal size to standard 8.5x11 sized paper. Neither of these measures should impede plaintiff from admitting or denying the genuineness of the documents pursuant to Rule 36.

### FRCP RULE 36 REQUESTS:

1. On or about May 2004, George W. Jones entered into a consumer credit transaction wherein he obtained a mortgage for property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349.

    **ANSWER:**

2. The mortgage obtained on or about May 2004 by George W. Jones was a refinancing of a preexisting mortgage on property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349.

    **ANSWER:**

3. Admit the letter by Charles M. Baird, attached hereto as Exhibit A, is a genuine true and accurate copy of the original.

    **ANSWER:**

4. The refinancing obtained on or about May 2004 by George W. Jones, on property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349, was entered into with lender Argent Mortgage Company, LLC.

    **ANSWER:**

5. The refinancing obtained on or about May 2004 by George W. Jones, on property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349, was designated with Loan Number 0058685819-9607.

   **ANSWER:**

6. As a result of George W. Jones refinancing the property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349 (Loan Number 0058685819-9607), a security interest was created in said property.

   **ANSWER:**

7. Admit the document titled "Uniform Residential Loan Application," attached hereto as Exhibit B, is a genuine true and accurate copy of the original.

   **ANSWER:**

8. The document attached hereto as Exhibit B contains a section titled, "II. PROPERTY INFORMATION AND PURPOSE OF LOAN" (The section of Exhibit B titled "II. PROPERTY INFORMATION AND PURPOSE OF LOAN" will hereinafter be referred to as "Section II")

   **ANSWER:**

9. "Section II" contains a heading marked "Subject Property Address" wherein the following information was entered: "5240 OLD BILL COOK ROAD, COLLEGE PARK, GA 30349"

   **ANSWER:**

10. "Section II" contains a heading marked "Purpose of Loan" wherein a check-box is marked next to the word: "Refinance"

   **ANSWER:**

11. "Section II" contains a heading marked "Property will be:" wherein a check-box is marked next to the word: "Investment"

   **ANSWER:**

12. The document attached hereto as Exhibit B contains a section titled, "III. BORROWER INFORMATION" (The section of Exhibit B titled "III. BORROWER INFORMATION" will hereinafter be referred to as "Section III")

   **ANSWER:**

13. "Section III" contains a heading marked "Borrower's Name" wherein the following information was entered: "GEORGE W. JONES"

   **ANSWER:**

14. "Section III" contains a heading marked "Present Address" wherein the following information was entered: "2415 RAVENCLIFF ROAD COLLEGE PARK, GA 30349"

   **ANSWER:**

15. The document attached hereto as Exhibit B contains the photocopied signature of plaintiff, George W. Jones.

    **ANSWER:**

16. At the time George W. Jones refinanced the property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349 (Loan Number 0058685819-9607) he also owned another property located at 2415 Ravencliff Road, College Park, Georgia, 30349.

    **ANSWER:**

17. At the time George W. Jones refinanced the property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349 (Loan Number 0058685819-9607) his principal dwelling was located at 2415 Ravencliff Road, College Park, Georgia, 30349.

    **ANSWER:**

18. Presently, George W. Jones' principal dwelling is located at 2415 Ravencliff Road, College Park, Georgia, 30349.

    **ANSWER:**

19. At the time George W. Jones refinanced the property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349 (Loan Number 0058685819-9607), said property was an investment property.

    **ANSWER:**

20. At the time George W. Jones obtained Loan Number 0058685819-9607, the property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349 was being utilized as a rental property for tenants.

    **ANSWER:**

21. George W. Jones' lawsuit, Case No. 06-CV-04038 (part of MDL No. 1715), alleges, at least in part, at paragraph thirteen (13) of plaintiff's Amended Complaint that the consumer credit transaction which resulted in Loan Number 0058685819-9607, "is subject to the rescission remedy described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23."

    **ANSWER:**

22. At the time George W. Jones refinanced the property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349 (Loan Number 0058685819-9607), there was in force and effect a Federal Statute codified under 15 U.S.C. §1635, commonly known as the "Truth in Lending Act."

    **ANSWER:**

23. At the time George W. Jones refinanced the property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349 (Loan Number 0058685819-9607), there was in force and effect a Federal Statute codified under 12 C.F.R. §226, commonly known as "Regulation Z."

    **ANSWER:**

24. At the time George W. Jones refinanced the property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349 (Loan Number 0058685819-9607), 12 C.F.R. §226.1(b) stated in part, "The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and cost. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling, regulates certain credit card practices, and provides a means for fair and timely resolution of credit billing disputes."

    **ANSWER:**

25. At the time George W. Jones refinanced the property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349 (Loan Number 0058685819-9607), 12 C.F.R. §226.1(b) did not give plaintiff a right of rescission because it stated in part, "The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and cost. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling, regulates certain credit card practices, and provides a means for fair and timely resolution of credit billing disputes."

    **ANSWER:**

26. At the time George W. Jones refinanced the property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349 (Loan Number 0058685819-9607), 12 C.F.R. §226.23 stated in part, "(a) Consumer's right to rescind. (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section."

    **ANSWER:**

27. At the time George W. Jones refinanced the property located at 5240 Old Bill Cook Road, College Park, Georgia, 30349 (Loan Number 0058685819-9607), 12 C.F.R. §226.23 did not give plaintiff a right of rescission because it stated in part, "(a) Consumer's right to rescind. (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section."

    **ANSWER:**

28. *Aschoff v. Osmond State Bank*, 760 F.2d 201 (8th Cir., 1985) holds in part that the right of rescission only applies to loans secured by the debtor's principal place of residence under 15 U.S.C. § 1635(a).

    **ANSWER:**

29. *Aschoff v. Osmond State Bank*, 760 F.2d 201 (8th Cir., 1985) does not support plaintiff's claim of a statutory right of rescission because it holds in part that the right of rescission only applies to loans secured by the debtor's principal place of residence under 15 U.S.C. § 1635(a).

    **ANSWER:**

30. *In re Cox*, 118 B.R. 94 (C.D. Illinois,1990) holds in part that "Both the Truth in Lending Act and Regulation Z make it quite clear that the right of rescission is applicable only to 'the principal dwelling' of the person to whom credit is extended. A borrower who owns real estate which is not his or her 'principal dwelling' is not entitled to notice of the right of rescission."

    **ANSWER:**

31. *In re Cox*, 118 B.R. 94 (C.D. Illinois,1990) does not support plaintiff's claim of a statutory right of rescission because it holds in part that "Both the Truth in Lending Act and Regulation Z make it quite clear that the right of rescission is applicable only to 'the principal dwelling' of the person to whom credit is extended. A borrower who owns real estate which is not his or her 'principal dwelling' is not entitled to notice of the right of rescission."

    **ANSWER:**

32. The consumer credit transaction embodied in Loan Number 0058685819-9607 which refinanced 5240 Old Bill Cook Road, College Park, Georgia, 30349, was not subject to the statutory "Right to Rescind" provisions as found in the "Truth in Lending Act" (15 U.S.C. §1635) or "Regulation Z" (12 C.F.R. §226.23).

    **ANSWER:**

              Respectfully submitted,

              <u>s/ Michael M. Fenwick</u>

John W. Patton, Jr.
Michael M. Fenwick
PATTON & RYAN, LLC.
330 N. Wabash Avenue, Suite 2900
Chicago, IL  60611
Phone (312) 261-5160
Fax (312) 261-5161
Firm Code # 40669
G:\Matters\Current\120-012\Discovery\Rule 36 Requests\Rule 36 v2.doc

## CERTIFICATE OF SERVICE

The undersigned, under penalties as provided by the law, and the United States Federal Rules of Civil Procedure, certify that I served the above notice and documents listed therein by electronic filing on or before 11:59 p.m., January 8, 2008.

              <u>**By**: /s Michael M. Fenwick</u>