## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| _____ | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Centralized before The Honorable Marvin E. Aspen |
| _____ | Magistrate Judge Morton Denlow |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | |
| Third-Party Plaintiffs, | |
| v. | |
| NORTHWEST TITLE AND ESCROW CORPORATION, *et al.* | |
| Third-Party Defendants. | |

### REPLY IN SUPPORT OF MOTIONS REGARDING THIRD-PARTY DEFENDANT CASE MANAGEMENT ISSUES

Defendants[1] and Third-Party Plaintiffs Ameriquest Mortgage Company ("Ameriquest") and Argent Mortgage Company LLC ("Argent") (collectively, "Third-Party Plaintiffs") respectfully submit this Reply in support of their motions regarding case management issues (the "Motions") [Docket Nos. 1396 and 1724] related to the Third-Party Defendants.

As set forth in more detail below, Third-Party Plaintiffs request that the Court issue an order:

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company ("Ameriquest"), AMC Mortgage Services, Inc. ("AMC"); Town & Country Credit Corporation ("T&C"); Ameriquest Capital Corporation ("ACC"); Town & Country Title Services, Inc.; Ameriquest Mortgage Securities, Inc. ("AMS") and Argent Mortgage Company LLC ("Argent").

1

(1) Confirming that all Third-Party Defendants are bound by the organizational structure laid out in the Court's November 7, 2006 Order;

(2) Binding the Opt-Out Third-Party Defendants to its August 30, 2007 Orders limiting discovery;

(3) Compelling all Third-Party Defendants to meet, form a committee and designate lead counsel; and

(4) Denying Third-Party Defendants' Motion to Reconsider the Court's December 10 and 12, 2007 Orders.

## I.     INTRODUCTION

In an effort to resolve the several hundred lawsuits before the Court in this Multidistrict Litigation ("MDL Proceeding"), the theme of this MDL Proceeding has long been consolidation, cooperation, and the preservation of judicial resources. Defendants' and Third Party Plaintiffs' purpose for filing the Motions was to ensure that these themes are followed and to propose suggestions for the hundreds of Third-Party Defendants to enter into this MDL Proceeding without stalling its progress.

Defendants and Third-Party Plaintiffs did not arbitrarily decide that the third-party claims should be consolidated. Instead, promoting the themes stated above, this Court ordered Third-Party Plaintiffs to file a consolidated third-party complaint. Moreover, it is abundantly clear from the Court's December 10 and 12, 2007 Orders, which require Third-Party Defendants to file consolidated responsive pleadings, that it has chosen to move forward by consolidating groups of parties and related issues.

If each of the more than 230 Third-Party Defendants in this MDL Proceeding were to file its own pleading, then this orderly consolidated proceeding would descend into chaos. The parties and this Court would waste vast resources in drafting, responding to and adjudicating individual motions that could be resolved far more easily and simply by consolidating common issues and parties.

In furtherance of the goals stated above, Defendants and Third-Party Plaintiffs request that this Court require the Third-Party Defendants to comply with its prior Orders consolidating categories of parties, limiting discovery and setting scheduling orders for pleadings, as set forth below.

## II.     PROCEDURAL HISTORY

Pursuant to this Court's direction, Defendants and Third-Party Plaintiffs filed their First Amended Consolidated Third-Party Complaint, naming in a single pleading more than 230 third-party defendants and specifying in two appendices the exact loan or loans in which each of the third-party defendants was involved.  [Docket No. 1028.]

After being served with this consolidated complaint, one Third-Party Defendant filed a motion for summary judgment and others filed individual motions to dismiss.  The vast majority of Third-Party Defendants have not yet answered or otherwise responded, awaiting this Court's ruling as to when and how they are to do this.

On October 23, 2007 and December 3, 2007 Defendants and Third-Party Plaintiffs filed Motions re Third-Party Defendant Case Management Issues (collectively, the "Motions"). [Docket Nos. 1396 and 1724.]

The Court issued Orders on December 10 and 12, 2007 [Docket Nos. 1779, 1792 and 1782] granting in part and denying in part Third-Party Plaintiffs' December 3, 2007 Motion and stating as follows:

1.      All Third-Party Defendants are required to file Notices of Appearances by December 28, 2007;

2.      Third-Party Defendants are to coordinate and file a consolidated answer or a consolidated motion to dismiss by March 31, 2008;

3.      Third-Party Plaintiffs are to respond to any motion to dismiss the third-party complaint by April 30, 2008, including any motion to dismiss previously filed; and

4.      Third-Party Defendants are to reply by May 14, 2008.

On December 12 and 28, 2007 and January 2, 3 and 4, 2008, certain Third-Party Defendants filed a total of five responses, oppositions and joinders addressing the Motions, some of these on a consolidated basis.  [Docket Nos. 1793, 1841, 1847, 1855, 1857[2].]

---

[2] The Joinder filed by Metro Title Company, Inc. on January 4, 2008 was filed untimely.  [*See* Docket No. 1857.]  Pursuant to the Court's Order of November 28, 2007, all oppositions were due by January 3, 2008.

### III. ARGUMENT

**A.** **The Court Should Order The Third-Party Defendants To Comply With Its November 7, 2006 Order**

Third-Party Defendants argue in their responses several reasons as to why the Court's November 7, 2006 Memorandum Opinion and Order ("November 7 Order") should not apply to them. Yet, they fail to address the most significant issues before this MDL – that the spirit of the November 7 Order is to encourage streamlined briefing and efficient discovery to reach the ultimate goals of mediation and settlement.

The November 7 Order was the first such Order by this Court establishing organizational structure for case management. Specifically, the Order categorized the cases into three types (Borrower, Non-Borrower and Opt-Out), set up lead counsel and committees of counsel for the three categories and issued schedules for discovery, class certification, summary judgment, mediation and general motion practice.[3] The purpose of this Order was to organize and manage a MDL proceeding with over 500 parties.

Third-Party Defendants incorrectly argue that the November 7 Order does not contain provisions related to Third-Party Actions and that the Order was not intended to apply to Third-Party Actions. However, the November 7 Order was made by the Court with full knowledge that all parties were not yet before it. In fact, Defendants repeatedly raised the necessity of adding Third-Party Defendants at status conference hearings and in case management reports. In Defendants' June 13, 2006 Proposed Organization Plan, they informed the Court that before substantive litigation commenced it was essential to bring a fourth group of involved/interested parties (referred to in the brief as the "third-party closing agents") before the Court to avoid a multitude of repetitive lawsuits for indemnification and/or contribution. Defendants informed the Court that they were prepared to file a motion to join the Third-Party Defendants as cross-defendants. [Docket No. 166 at 4-5.] Defendants had also specifically proposed in their June 27, 2006 Proposed Integrated Organization and Case Management Plan that they would file cross-claims in the event that the master class complaints survived pleading challenges. [Docket No. 188 at 5.] Thus, the Court was well aware of the addition of new parties when it issued the Order and any argument by Third-Party Defendants to the contrary must fail.

---

[3] The discovery, summary judgment, mediation and class certification deadlines have all been continued to dates in the future.

Third-Party Defendants also argue that they should not be bound by the November 7 Order because the factual allegations, the state law causes of action, the defenses and the Third-Party Defendants themselves have significant differences. Third-Party Plaintiffs agree that there may be individual issues presented in this MDL, however, in an effort to expeditiously handle 1000 borrowers and 500 lawsuits Third-Party Plaintiffs are seeking a judicially responsible way of resolving these disputes.

Moreover, although the Third-Party Defendants have their differences, the claims against them are all related. Third-Party Defendants were brought into this MDL on theories of indemnification and contribution. The allegations in Plaintiffs' lawsuits are related to the conduct of the Third-Party Defendants and in the event that these allegations are found to be true by a trier of fact, any loss that Defendants suffer including, but not limited to, any judgment, settlement, attorneys' fees, costs, or other equitable relief, is directly attributable to the conduct of Third-Party Defendants who were responsible for closing the loans in question. Therefore, rather than burden the Court and all parties with redundant motions and costly discovery, this Court should order the Third-Party Defendants to comply with the November 7 Order and its principles of consolidation and streamlined briefing.

Finally, Third-Party Defendants should be required to participate in the mediation as set forth in the November 7 Order. Because the Third-Party Defendants may be ultimately liable in the cases where plaintiffs assert that Defendants failed to provide them with proper disclosures in violation of the Truth in Lending Act, 15 U.S.C. Section 1601, *et seq.*, cooperation of the Third-Party Defendants in mediation is necessary. All potentially liable parties should participate in the Opt-Out Plaintiffs' mediation. Therefore, this Court should issue an order binding them to its November 7 Order.

**B.      Third-Party Defendants Should Be Required To Follow The August 30, 2007 Orders**

Third-Party Defendants argue that the July 31, 2007 Stipulation and August 30, 2007 Orders [Docket Nos. 953, 1046 and 1047] should not apply to them because (1) the discovery deadlines have passed and (2) the parties may not be at issue because their answers/responses are not due until March 31, 2008. Yet, Third-Party Defendants again fail to address the principles set forth in these Orders and Stipulation.

5

As stated in the Motions, the Individual Claims Steering Committee, certain Opt-Out Plaintiffs, and Defendants agreed by Stipulation that for the purposes of mediation, discovery in all Opt-Out cases should be limited in order to help control costs while also allowing the parties to engage in meaningful mediation. The parties agreed that pre-mediation discovery in the Opt-Out cases should be limited to the production of documents listed in the signed stipulation.

Third-Party Plaintiffs are not requesting that the discovery deadlines listed in the Orders apply to Opt-Out Third-Party Defendants. Instead, Third-Party Plaintiffs request that the Third-Party Defendants involved in the Opt-Out cases comply with the Orders with respect to the limited, cost effective pre-mediation discovery. The need for uniformity and cooperation is important to reach a mediation on the individual cases. Without such consistency and collaboration on the part of all parties it will be difficult, if not impossible, to organize and resolve the Opt-Out matters.

**C. The Court Should Require The Third-Party Defendants To Form A Committee And Designate Lead Counsel To Coordinate Their Role In The MDL**

Counsel for Third-Party Defendants argue that they should not be required to form a Committee and designate Lead Counsel because they each have divergent interests, it would violate duties to their clients and it would be too difficult to reach a consensus by all parties. These same arguments could apply to the issues of Plaintiffs' counsel as well. However, the Court recognized there was a need to coordinate the parties in order to salvage the interest of judicial economy in this action and the November 7 Order accordingly required the three categories of Plaintiffs to form committees to provide parties with the benefits of coordinated efforts, such as broader access to discovery and streamlined briefing.

Certain Third-Party Defendants stated in their Response that they have already participated in a multitude of collective calls and met as a collective group. [Docket No. 1834 at 13-14.] It is clear from their collaboration that Third-Party Defendants have already benefited from coordinating because this group of more than 50 parties pooled their resources and efforts to file one unified brief rather than 50 briefs, preserving valuable time and money.

Defendants and Third-Party Plaintiffs do not dispute Third-Party Defendants' efforts to develop a committee structure that would address all their concerns. Third-Party Plaintiffs welcome any suggestions they may have regarding formation of a Third-Party Defendant

Committee that can address each individuals' ethical, strategic and cost issues while at the same time filing a consolidated document and not burdening the Court with 230 responsive pleadings.

D.  **The Court Should Deny Third-Party Defendants' Motion To Reconsider Because Not Only Is It Improper, But The December 10 And 12 Orders Follow The Court's Continued Efforts To Consolidate Related Matters.**

Third-Party Defendants argue that the Court should vacate its December 10 and 12, 2007 Orders [Docket Nos. 1779, 1792 and 1782] which require the Third-Party Defendants to file a consolidated answer or motion to dismiss and set a briefing schedule on that motion. Third-Party Defendants' Motion to Reconsider is improper because they are required to show errors in fact or law or new evidence that was not previously available. A motion for reconsideration may be brought "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1982)). Such motions cannot be used as a "vehicle to produce new evidence that could have been" produced earlier or as a vehicle to "rehash" the same arguments presented to the court on a prior occasion. *Id.* (stating that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion").

Third-Party Defendants have failed to state errors in law or fact by the Court or present any newly discovered evidence. Third-Party Defendants simply object that their responses should not be consolidated because it would be too difficult to draft a consolidated response due to the factual and legal differences and the possible conflicts among the Third-Party Defendants. Third-Party Defendants even go as far to argue that it violates due process in that it deprives them of their unique defenses, strategic initiative and representation by counsel of its choosing.

Third-Party Plaintiffs do not seek to deprive any party of their due process rights. Third-Party Plaintiffs simply seek to move this MDL Proceeding towards mediation and settlement in the simplest and most-effective manner. Third-Party Plaintiffs are following the Court's lead in consolidating parties and motions and have experienced in the last two years since the commencement of this MDL Proceeding that it has progressed more efficiently with consolidated briefing than had all matters been presented individually by more than 500 parties.

Further, Third-Party Defendants also request that the Court resolve their responsive pleadings before allowing the parties to mediate. However, it would be unreasonable to delay mediation of more than 300 opt-out matters that were filed more than two years ago in order to resolve individual Third-Party Defendants' Motions to Dismiss. The parties have spent an entire year developing a plan for mediating the opt-out claims. Mediation in these matters are scheduled to begin in early February 2008. Yet, due to the sheer volume of the opt-out claims, it will take several months to resolve each individual matter. Therefore, it is likely that the issues presented in Third-Party Defendants' Motions to Dismiss may be resolved before mediation in a particular matter begins. Moreover, if a Third-Party Motion to Dismiss is not resolved before this Court, it may be addressed, and more speedily resolved, during mediation.

## IV.    CONCLUSION

For the reasons set forth above, Defendants and Third-Party Plaintiffs Ameriquest and Argent respectfully request that the Court issue an order (1) confirming that all Third-Party Defendants are bound by the November 7, 2006 Order; (2) binding the Opt-Out Third-Party Defendants to its August 30, 2007 Orders; (3) compelling all Third-Party Defendants to meet, form a committee and designate lead counsel; and (4) denying Third-Party Defendants' Motion to Reconsider the Court's December 10 and 12, 2007 Orders.

Respectfully submitted,

DATED: January 17, 2008

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company;
AMC Mortgage Services, Inc.; Town & Country
Credit Corporation; Ameriquest Capital
Corporation; Town & Country Title Services,
Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

DATED: January 17, 2008

By: /s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company, LLC*

Thomas J. Wiegand, Esq.
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

9

**CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 17th day of January 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage