**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> _____ ) <br> ) <br> AMERIQUEST MORTGAGE CO., ) <br> a Delaware Corporation, and ARGENT ) <br> MORTGAGE CO. LLC, a Delaware ) <br> Limited Liability Co., ) <br> ) <br> **Defendants / Third-Party** ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> **NORTHWEST TITLE AND ESCROW** ) <br> **CORPORATION, a Minnesota Corp., et al.,** ) <br> ) <br> **Third-Party Defendants.** ) | MDL No. 1715 <br> Lead Case No. 05-7097 <br><br><br><br> Centralized before the <br> Honorable Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

      On October 23, 2007, Defendants / Third-Party Plaintiffs Ameriquest Mortgage Company and Argent Mortgage Company LLC (collectively, "Third-Party Plaintiffs") filed their Motion Regarding Certain Case Management Issues with Respect to Defendants' Third-Party Complaint ("Case Management Motion"). Third-Party Plaintiffs ask that we: (a) confirm that Third-Party Defendants[1] are bound by our November 7, 2006 Case Management Order; (b) bind Third-Party

---

[1] Third-Party Plaintiffs stated that the relief sought in their Case Management Motion need not apply to Trans Union LLC, Equifax Information Services LLC and ChoicePoint Precision Marketing LLC (collectively, "Non-Borrower Third-Party Defendants"). (*See* Docket Nos. 1564, 1593.) Although we deny that motion herein, we agree that the terms of this Order shall not apply to Non-Borrower Third-Party Defendants, who are not similarly-situated to the

-1-

Defendants to Magistrate Judge Denlow's August 30, 2007 discovery orders; and (c) compel Third-Party Defendants to meet and form a committee, and suggest lead counsel, by the next status conference. In conjunction with their opposition to the Case Management Motion, Third-Party Defendants ask that we reconsider our December 10 and 12, 2007 minute orders, which required them to file a consolidated pleading and set a briefing schedule thereon. As discussed below, the Case Management Motion (Docket No. 1396) is denied and Third-Party Defendants' Motion to Reconsider (Docket No. 1841) is granted in part and denied in part. Further, having reviewed the parties' submissions on these issues, we set forth the following initial case management order specific to the action against Third-Party Defendants.

## I. Third-Party Plaintiffs' Case Management Motion

While we appreciate Third-Party Plaintiffs' efforts to provide additional structure to the third-party litigation, we deny the Case Management Motion. As a practical matter, and given the passage of time, the November 7, 2006 Case Management Order and August 2007 discovery orders are not particularly relevant to the unique circumstances of the third-party action. We conclude that, rather than stretching the meanings of these prior orders, the most appropriate action is simply to issue a new order pertinent to this aspect of the MDL. Accordingly, we set out below procedures and requirements specific to the Third-Party Defendants and thus resolve some of the issues raised by the Case Management Motion.

---

approximately 250 borrower third-party defendants (collectively, "Third-Party Defendants") and, indeed, are subject to a different third-party complaint. (*See* Docket No. 859.) As a final point of clarification, we note that the operative pleading for the action against Third-Party Defendants is the Second Amended Consolidated Third-Party Complaint, pursuant to our February 11, 2008 order. (*See* Docket No. 1955.)

## II. Initial Case Management Issues

### A. *Participation in Mediation of Opt-Out Claims and Related Discovery*

As suggested by the Case Management Motion, we hereby order Third-Party Defendants to participate in the mediation of the opt-out claims.

Although we deny Third-Party Plaintiffs' request to bind Third-Party Defendants to the August 2007 discovery orders, we order the parties to participate in similarly limited, informal discovery to facilitate the mediation. Third-Party Plaintiffs shall promptly share relevant documents, including loan files and non-privileged correspondence, and other pertinent information with Third-Party Defendants, upon reasonable request.

Nonetheless, the mediation shall proceed as previously scheduled and need not be delayed pending the exchange of such information. The parties are expected to cooperate as the mediation process unfolds.

### B. *Organization of the Third-Party Defendants*

In their Case Management Motion, Third-Party Plaintiffs ask that we compel Third-Party Defendants to form a committee and designate lead counsel prior to the next hearing. Third-Party Defendants object on the grounds that they are not a unified group. Indeed, there are three distinct categories of Third-Party Defendants: (a) brokers; (b) title examiner and closing agents; and (c) underwriter defendants. They contend that they cannot feasibly or economically form a single committee with one lead counsel because each counsel will be defending but a few actions, each defendant may have unique defenses, and the defendants may have claims against each other. Third-Party Defendants also state that they have been conferring as a group, and in sub-groups, in an attempt to organize themselves in the most appropriate manner. (*See* Third-Party Defs.' Resp.,

Docket No. 1841, at 13-14.)

In light of these circumstances and their mutual cooperation to date, Third-Party Defendants may develop and propose a structure that suits their needs with respect to committee(s) or sub-committee(s), counsel leadership and specific division of responsibilities. Third-Party Defendants shall file their written proposal with the Court by April 1, 2008.

### C. *Responsive Pleadings*

In their response to the Case Management Motion, Third-Party Defendants identify several reasons why we should reconsider our December 10 and 12, 2007 minute orders,[2] which required them to file a consolidated responsive pleading by March 31, 2008 and set a briefing schedule on any motion to dismiss. They contend that variations among state laws and factual differences – including the various agreements with Third-Party Plaintiffs – arm them with defenses applicable only to certain individual defendants or sub-groups thereof. (Third-Party Defs.' Resp., Docket No. 1841, at 8.) They also argue that some Third-Party Defendants will need to assert cross-claims against each other, raising both pleading and conflict concerns.

We find Third-Party Defendants' arguments persuasive and thus grant their Motion to Reconsider in part. Specifically, we vacate our December 10 and 12, 2007 minute orders (Docket Nos. 1779, 1782, and 1792) to the extent they required a single, consolidated responsive pleading. Related dates are also stricken. As suggested by their motion, Third-Party Defendants may engage in several rounds of responsive pleading. (Third-Party Defs.' Resp., Docket No. 1841, at 13.) First, Third-Party Defendants shall file a single, consolidated motion to dismiss based on TILA defenses

---

[2] Third-Party Plaintiffs argue that this motion to reconsider is improper. Because we have authority and discretion to manage these proceedings, it is appropriate for us to address these issues.

by March 14, 2008. Third-Party Plaintiffs shall respond by April 11, 2008 and Third-Party Defendants may reply by April 25, 2008. Second, and assuming it becomes necessary, Third-Party Defendants shall file three (3) additional motions to dismiss, consolidated by sub-group (brokers; title examiners and closing agents; and underwriters) by June 20, 2008. Third-Party Plaintiffs shall respond to these motions to dismiss by August 1, 2008. Third-Party Defendants may file their reply briefs in support of these motions by August 22, 2008.

If relevant, Third-Party Defendants shall file three (3) answers, consolidated by sub-group (brokers; title examiners and closing agents; and underwriters), within 30 days following our rulings on the sub-group motions to dismiss.

### D. Additional Matters

*Discovery.* In light of the pending mediation and anticipated motions to dismiss, we decline to set more specific parameters for discovery in the third-party action.

*Motion Practice.* As with the primary litigation, all motions shall be filed with a supporting brief. Except as otherwise noted herein, oppositions to any motions shall be filed within thirty (30) days. The moving party shall have fourteen (14) days to file a reply brief, and the opposing party shall then have seven (7) days to file any sur-reply.

*Document Filing.* As a reminder, all documents must be filed electronically and captioned with the MDL lead case number (05-7097). Although the caption for a document pertaining to an opt-out case should indicate the individual case number, the document should not be filed under the individual case number. Courtesy copies of all filings shall be delivered to chambers.

## CONCLUSION

For the reasons set forth above, Third-Party Plaintiffs' Case Management Motion (Docket No. 1396) is denied. Third-Party Defendants' Motion to Reconsider (Docket No. 1841) is granted in part and denied in part. It is so ordered.

                                              MARVIN E. ASPEN
                                              United States District Judge

Date: February 11, 2008