## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Sandra Bergquist v. Ameriquest Mortgage Company, et al.*; Case No. 1:06-cv-01438 | |

### DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiff SANDRA BERGQUIST ("Plaintiff") Amended Complaint as follows.

### AMENDED COMPLAINT

### INTRODUCTION

1.     Plaintiff Sandra Bergquist brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:     Defendant admits that Plaintiff filed a lawsuit against it.  Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq.*, or Regulation Z, 12 C.F.R. part 226.  Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company.  Defendant denies any remaining allegations of Paragraph 1.**

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3. Plaintiff Sandra Bergquist owns and resides in a home at 2 Beechwood Court East, Buffalo Grove, IL 60089.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies such allegations.**

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies such allegations.**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

7.    Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

8.    Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief, it holds legal title to plaintiff's loan, as trustee.

**ANSWER:    Defendant admits that it is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant admits that it serves as trustee for Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2005-R4CGM, under the Pooling & Servicing Agreement dated as of May 1, 2005, without recourse, which includes Plaintiff's loan. Defendant denies any remaining allegations of Paragraph 8.**

9.    Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies such allegations.**

10.    Defendant Citi Residential Lending, Inc. is a foreign corporation which does business in Illinois. It is located at 1100 Town & Country Road, Suite 1450, Orange, CA 92868.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies such allegations.**

11.    Defendant Citi Residential Lending, Inc. services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.

## FACTS RELATING TO PLAINTIFF

12.     Prior to December 28, 2004, plaintiff applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.

13.     Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.

14.     On information and belief, at all relevant times, plaintiff spoke with Ameriquest employee Gwendolyn Dykema.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies such allegations.

15.     During the initial phone conversation, Ms. Dykema took plaintiff's credit information. She then told plaintiff that plaintiff qualified for monthly payments of $1,703.67.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.

16.     The loan was closed on December 28, 2004.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies such allegations.

17.     For the closing, Ms. Dykema and another woman came to plaintiff's home and asked plaintiff to sign the documents without explaining all of them. The entire closing lasted approximately twenty minutes. Plaintiff received more than one hundred pages and scores of documents; she could not have reviewed every line for accuracy at this time.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.**

18.     Among the documents presented to plaintiffs for signature at closing was a pre-printed loan application that Ms. Dykema had prepared in advance, Exhibit H.

**ANSWER:     The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.**

19.     Exhibit H, Section V states that plaintiff's gross monthly income was $5,923.46, and that her previous monthly mortgage payments were $2,875.62.

**ANSWER:     The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies such allegations.**

20.     In actuality, plaintiff's gross monthly income was only between $3,100 and $3,600, including approximately $1,200 in child support. Her previous monthly mortgage payments were only $1,886.40, including an escrow.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.**

21.     Additionally, Ameriquest or its agent wrote on the typed, pre-printed loan application it prepared that plaintiff bought the property in 2002 for $300,000. Exhibit H, section 11. In actuality, plaintiff purchased the property in 1986 for $126,000.

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, and for all remaining allegations of Paragraph 21, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.**

22. Plaintiff had provided accurate information to Ms. Dykema and Ameriquest regarding her income, previous mortgage, and original purchase. Plaintiff did not learn of the misinformation on her loan application until contacting current counsel.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies such allegations.**

23. Plaintiff signed or received (not necessarily prior to consummation) the following documents relating to the loan:

      a.    A note, Exhibit A.

      b.    A mortgage, Exhibit B;

      c.    A settlement statement, Exhibit C.

      d.    A Truth in Lending disclosure statement, Exhibit D.

      e.    Two different notices of right to cancel, Exhibits E and F.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies such allegations.**

24. The copy of Exhibit E furnished to plaintiff was not filled in.

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies such allegations.**

25. Plaintiff was also charged an $8,899.23 "loan discount," Exhibit C, line 802.

**ANSWER:** The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies such allegations.

26.     Ameriquest undertook and represented, in the document attached as <u>Exhibit I</u> and delivered to plaintiff at the closing, that the payment of a "loan discount' 'would reduce plaintiff's interest rate.

**ANSWER:** The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies such allegations.

27.     However, on information and belief, the interest rate for plaintiff's loan was not discounted.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and on that basis denies such allegations.

28.     After closing the loan, plaintiff received her first statement claiming that she owed $2,173.29.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and on that basis denies such allegations.

29.     Plaintiff called Ameriquest to protest that she had been quoted monthly payments of approximately $1,700. An Ameriquest employee confirmed over the phone that her monthly payment actually needed to be $2,173.29.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies such allegations.

30.     Ameriquest violated the Residential Mortgage License Act of 1987 and implementing regulations. The purpose of the Act is to "protect Illinois consumers seeking

residential mortgage loans and to ensure that the residential mortgage lending industry is operating fairly, honestly and efficiently, free from deceptive and anti-competitive practices." 205 ILCS 635/1-2(b)(2005). The implementing regulations, at 38 Ill. Adm. Code 1050.1230 (2005), create an affirmative disclosure obligation <u>when the lender changes the borrowers' loan terms mid-stream</u>:

> **§ 1050.1230 Changes Affecting Loans in Process.**
>
> **a) If it is determined that a borrower does not qualify for the loan amount, terms or program for which he or she applied and the costs of another recommended program would materially differ from the costs itemized on the Good Faith Estimate, the licensee immediately shall provide to the customer a written, and when possible, a verbal, plain-English explanation of any program the licensee recommends as one for which the borrower may be qualified. Such explanation shall include but not be limited to detailed information on costs to the borrower.**

The same regulations create an affirmative, general duty of good faith, defined as "honesty in fact in the conduct of the transaction." 38 Ill.Adm. Code 1050.1250(a)(2005). That duty is as follows: "[a]ny disclosure or action required by the Act or this Part shall be made in good faith." *Id.* Defendant did not provide or attempt to provide, prior to closing, any oral or written notice of the last minute change in plaintiffs' loan terms.

**ANSWER:** **Because paragraph 30 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

31. Plaintiff was directed to make payments to AMC Mortgage Services, Inc., and afterward to Citi Residential Lending, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and on that basis denies such allegations.**

32. On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiff's loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial

owner of plaintiff's loan under Asset Backed Pass-Through Certificates, Series 2005-R4CGM under the Pooling & Servicing Agreement dated as of May 1, 2005, Without Recourse.

**ANSWER:** **Defendant admits that it serves as trustee for Ameriquest Mortgage Securities, Inc. Asset Backed pass-Through Certificates Series 2005-R4CGM under the Pooling & Servicing Agreement dated as of May 1, 2005, Without Recourse, which includes Plaintiff's loan. Defendant denies any remaining allegations of paragraph 32.**

33.     In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and on that basis denies such allegations.**

## COUNT I - TRUTH IN LENDING

34.     Plaintiff incorporates paragraphs 1-33. This claim is against all defendants.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-33 in response to this paragraph.**

## RIGHT TO RESCIND

35.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. Section 226.23 provides:

(a)     **Consumer's right to rescind.**

(1)     **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

(2)     **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written**

- 9 -

communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. § 1635(f)]

(4)    When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)    Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)    The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)    The consumer's right to rescind the transaction.

(3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)    The effects of rescission, as described in paragraph (d) of this section.

(5)    The date the rescission period expires....

(f)    Exempt transactions. The right to rescind does not apply to the following:

(1)    A residential mortgage transaction [defined in 15 U.S.C. § 1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or

initial construction of such dwelling"].

    (2)    A credit plan in which a state agency is a creditor.

**ANSWER:** Because Paragraph 35 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

## GROUND FOR RESCISSION

36. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiff's right to cancel within three days.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and on that basis denies such allegations.

37. The federal notice of right to cancel form that plaintiff received was not completed. This rendered the notice unclear in violation of 12 C.F.R. § 226.23(b).

**ANSWER:** Because Paragraph 37 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and on that basis denies such allegations.

38. Additionally, Ameriquest was required to deliver two federal notice of right to cancel forms to plaintiff (two per mortgagor). Ameriquest provided her with only one.

**ANSWER:** Because paragraph 38 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and on that basis denies such allegations.

39. Ameriquest provided plaintiff with two different notices of right to cancel. <u>Exhibit E and Exhibit F</u>. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:** The referenced documents speak for themselves; therefore no answer is required. Further, because paragraph 39 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or

**information sufficient to form a belief as to the truth of the allegations of
paragraph 39 and on that basis denies such allegations.**

40.     Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit</u>

<u>G</u>.

**ANSWER:     The referenced document speaks for itself; therefore no answer is required.
If an answer is required, Defendant denies any wrongdoing and denies any
liability to Plaintiff.**

41.     The loan has not been rescinded.

**ANSWER:     Defendant admits that Plaintiff's loan has not been rescinded.  Defendant
denies any wrongdoing and denies any liability to Plaintiff and denies that
Plaintiff is entitled to rescind her mortgage.**

42.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any

assignee.

**ANSWER:     Because paragraph 42 states a legal conclusion, no answer is required.  If an
answer is required, Defendant denies any wrongdoing and denies any
liability to Plaintiff.**

43.     15 U.S.C. § 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has
violated this**

**section, in addition to rescission the court may award relief
under section 1640 of this title for violations of this subchapter
not relating to the right to rescind.**

**ANSWER:     Because paragraph 42 states a legal conclusion, no answer is required.  If an
answer is required, Defendant denies any wrongdoing and denies any
liability to Plaintiff.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and

against defendants for:

a.      A judgment voiding plaintiff's mortgage, capable of recordation in the
public records, and binding on defendants;

      b.     Statutory damages for the underlying disclosure violation;

      c.     If appropriate, statutory damages for failure to rescind;

      d.     Attorney's fees, litigation expenses and costs.

      e.     Such other or further relief as the Court deems appropriate.

**ANSWER:**    **No answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

44.    Plaintiff incorporates paragraphs 1-33.  This claim is against Ameriquest.

**ANSWER:**    **Defendant incorporates its answers to paragraphs 1-33 above in response to this paragraph.  Because Count II is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

45.    Ameriquest engaged in unfair and deceptive acts and practices, in violation of § 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by intentionally inflating plaintiff's monthly income from $3,200 to $5,923.46.

**ANSWER:**    **Because Count II is directed at defendants other than Deutsche Bank, no answer is required.  Further, no answer is required because this paragraph states a legal conclusion.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and on that basis denies such allegations.**

46.    Furthermore, Ameriquest engaged in unfair and deceptive acts and practices, in violation of § 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by engaging in "bait and switch" tactics. Ameriquest represented that plaintiff's total monthly payment would be $1,703.67

**ANSWER:**    **Because Count II is directed at defendants other than Deutsche Bank, no answer is required.  Further, no answer is required because this paragraph states a legal conclusion.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and on that basis denies such allegations.**

47.     Ameriquest engaged in such practices in the course of trade and commerce.

**ANSWER:**     **Because Count II is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and on that basis denies such allegations.**

48.     Ameriquest engaged in such practices for the purpose of inducing reliance on the part of the borrower, by entering into the disadvantageous transactions.

**ANSWER:**     **Because Count II is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and on that basis denies such allegations.**

49.     Plaintiff did in fact rely on Ameriquest's practices.

**ANSWER:**     **Because Count II is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and on that basis denies such allegations.**

50.     Plaintiff was damaged as a result.

**ANSWER:**     **Because Count II is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and on that basis denies such allegations.**

51.     Ameriquest's conduct was intentionally deceptive and malicious, warranting substantial punitive damages.

**ANSWER:**     **Because Count II is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and on that basis denies such allegations.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant Ameriquest for the following relief:

a.     Compensatory and punitive damages;

- 14 -

b.    Attorney's fees, litigation expenses and costs.

c.    Such other or further relief as the Court deems appropriate.

**ANSWER:**    **No answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## COUNT III - COMMON LAW FRAUD

52.    Plaintiff incorporates paragraphs 1-33. This claim is against Ameriquest.

**ANSWER:**    **Defendant incorporates its answers to paragraphs 1-33 above in response to this paragraph.  Because Count III is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

53.    Defendant represented that plaintiff qualified for the loan based on the amount of her income.

**ANSWER:**    **Because Count III is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and on that basis denies such allegations.**

54.    Defendant fraudulently inflated the amount of plaintiff's reported income. Therefore, the representations that plaintiff qualified for the loan and could afford it were also false and fraudulent.

**ANSWER:**    **Because Count III is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and on that basis denies such allegations.**

55.    The amount of plaintiff's income was information that was material to the terms of her transaction with defendant.

**ANSWER:**    **Because Count III is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and on that basis denies such allegations.**

56. At the time defendant falsified the income, it knew that this representation was false. Alternatively, it became aware of the false information before closing and/or ratified it later.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and on that basis denies such allegations.**

57. Defendant made the representations with the intent that they would be acted upon by plaintiff.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and on that basis denies such allegations.**

58. In reliance on defendants' representations, plaintiff closed on the loan with Ameriquest.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and on that basis denies such allegations.**

59. Plaintiff has been injured.

**ANSWER:** **Because Count III is directed at defendants other than Deutsche Bank, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and on that basis denies such allegations.**

WHEREFORE, plaintiff requests that the Court enter judgment in their favor and against defendant for:

  a. Actual and compensatory damages;

  b. Punitive damages; and

  c. Such other relief as the Court deems appropriate.

**ANSWER:**    **No answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## COUNT IV - BREACH OF CONTRACT

60.    Plaintiff incorporates paragraphs 1-33. This claim is against Ameriquest.

**ANSWER:**    **Defendant incorporates its answers to paragraphs 1-33 above in response to this paragraph.  Because Count IV is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

61.    Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiff paid a loan discount fee. Exhibit I.

**ANSWER:**    **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required.  Further, because the referenced document speaks for itself, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and on that basis denies such allegations.**

62.    Plaintiff paid the fee $8899.23 "loan discount" fee (Exhibit C, line 802) but did not receive a discounted rate.

**ANSWER:**    **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required.  Further, because the referenced document speaks for itself, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and on that basis denies such allegations.**

63.    Ameriquest thereby breached its agreement.

**ANSWER:**    **Because Count IV is directed at defendants other than Deutsche Bank, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and on that basis denies such allegations.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

a.    Appropriate damages;

      b.      Costs.

      c.      Such other or further relief as the Court deems appropriate.

**ANSWER:**    **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## AFFIRMATIVE DEFENSES

1.      Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the applicable statute of limitations.

3.      Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiff's claims are barred by the applicable statute of frauds.

6.      Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.      Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.    As to each cause of action, Defendant  is entitled to an offset.

12.    Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13.    Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.    Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.    Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16.    Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.    Dismiss plaintiff's Complaint;

2.    Enter judgment for Defendant and against Plaintiffs in this action;

3.    Award Defendant its costs of suit; and

4.    Grant Defendant any and all further and additional relief as it deems just and appropriate.


Respectfully submitted,

DATED:  March 10, 2008            By:  /s/ Bernard E. LeSage
                                        *Attorneys for Deutsche Bank National*
                                        *Trust Company, Trustee*

                                        Bernard E. LeSage, Esq.
                                        BUCHALTER NEMER, a P.C.
                                        1000 Wilshire Boulevard, Suite 1500
                                        Los Angeles, CA 90017-2457
                                        Telephone: (213) 891-0700
                                        Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 10 day of March 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: _____ /s/  Bernard E. LeSage _____

BN 1779466v1

- 20 -