IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO: *Spyros J. Polydoros, et al. v. Town & Country Credit Corporation, et al.*; Case No. 05 C 6517 | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiffs SPYROS J. POLYDOROS and BETTY J. POLYDOROS ("Plaintiffs") Amended Complaint as follows.

**AMENDED COMPLAINT INTRODUCTION**

1. Plaintiffs Spyros J. Polydoros and Betty J. Polydoros bring this action against a mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

<u>ANSWER</u>: Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant specifically denies that it violated The Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.*, or Regulation Z, 12 C.F.R. part 226. Defendant specifically denies that it is an affiliate of Town & Country Credit Corp. Defendant denies any remaining allegations of Paragraph 1.

- 1 -

- 2 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3. Plaintiffs Spyros J. Polydoros and Betty J. Polydoros own and reside in a home at 4953 Adele Drive, Gurnee, IL 60031.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis denies such allegations.**

4. Defendant Town & Country Credit Corporation is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies such allegations.**

5. Defendant Town & Country Credit Corporation makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies such allegations.**

6. Defendant Town & Country Credit Corporation is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis denies such allegations.**

7. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, Ill. 60606. It is an affiliate of Town & Country Credit Corporation.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies such allegations.**

8. Defendant Ameriquest Mortgage Company was engaged in the business of servicing mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies such allegations.**

9. Defendant Ameriquest Mortgage Company claimed or claims an interest in plaintiffs' loan, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies such allegations.**

10. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** **Defendant admits that it is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant admits that it serves as trustee for Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates Series 2003-8 under the Pooling & Servicing Agreement dated as of August 1, 2003, Without Recourse, which includes Plaintiffs' loan. Defendant denies any remaining allegations of Paragraph 10.**

11. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It is the

- 3 -

beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs.' It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS

12. Prior to May 23, 2003, plaintiffs were solicited for a mortgage by Town & Country Credit Corporation and agreed to obtain a loan.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and on that basis denies such allegations.**

13. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and on that basis denies such allegations.**

14. The loan was closed on Friday, May 23, 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis denies such allegations.**

15. Plaintiffs signed or received (not necessarily prior to consummation) a stack of documents about an inch thick relating to the loan. The documents included the following:

   a. A note, Exhibit A;

   b. A mortgage, Exhibit B;

   c. A settlement statement, Exhibit C (plaintiffs' copy was not provided to them until October 2003);

   d. A Truth in Lending disclosure statement, Exhibit D;

   e. Two different notices of right to cancel, Exhibits E and F;

BN 1773779v1

    f.  Notices directing plaintiffs to pay Ameriquest Mortgage Company instead of Town & Country Credit Corporation, <u>Exhibits G and H</u>.

**ANSWER:** **The referenced documents speak for themselves, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

  16. Ameriquest charged plaintiffs a "loan discount" fee of $1,346.63. However, on information and belief, plaintiffs did not receive a discounted interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and on that basis denies such allegations.**

  17. Plaintiffs desired to cancel their loan and, on Friday, May 30, 2003, informed Town & Country Credit Corporation that they were giving notice to that effect. Plaintiffs were told by the Town & Country representatives not to bother, because their "one week" cancellation right had expired at midnight on the night of May 29-30, 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis denies such allegations.**

  18. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis denies such allegations.**

  19. On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, Without Recourse.

**ANSWER:** **Defendant admits that it serves as Trustee for Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2003-8, Under the Pooling and Servicing Agreement dated as of August 1, 2003, Without**

>   Recourse, which includes Plaintiffs' loan.  Defendant denies any remaining allegations of paragraph 19.

20. In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis denies such allegations**

## COUNT I - TILA

21. Plaintiffs incorporate paragraphs 1-20. This claim is against all defendants.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-20 in response to this paragraph.**

## RIGHT TO RESCIND

22. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. Section 226.23 provides:

>   (a)   **Consumer's right to rescind.**
>
>   (1)   In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
>   (2)   To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
>   (3)   The consumer may exercise the right to rescind until midnight of the third business day

- 6 -

    following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

    (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

    (1) The retention or acquisition of a security interest in the consumers principal dwelling.

    (2) The consumer's right to rescind the transaction.

    (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

    (4) The effects of rescission, as described in paragraph (d) of this section.

    (5) The date the rescission period expires....

(f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:

    (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

    (2) A credit plan in which a state agency is a creditor.

**ANSWER:** Because Paragraph 22 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

### GROUND FOR RESCISSION

23. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

**ANSWER:** Because Paragraph 23 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

24. The provision of a "one week" right to cancel that is computed in such a manner as to not give seven days in which to cancel is misleading. Ordinarily a consumer who enters into a transaction on May 23, 2003 and is told that he has "one week" in which to cancel would believe that he has until the close of May 30, 2003 to exercise that right.

**ANSWER:** Because Paragraph 24 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis denies such allegations.

25. Exhibit D fails to disclose in a clear and conspicuous manner that plaintiffs' payments were to be made monthly.

**ANSWER:** The referenced document speaks for itself, therefore no answer is required. Further, because Paragraph 25 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

26. Notice of rescission has been given to defendants. A copy is attached as Exhibit I.

**ANSWER:** The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

27. The loan has not been rescinded.

- 8 -

**ANSWER:** Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to rescind their mortgage.

28. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** Because Paragraph 28 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

29. 15 U.S.C. § 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** Because Paragraph 29 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

WHEREFORE, plaintiffs requests that the Court enter judgment in favor of plaintiffs and against defendants for:

    a. A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

    b. Statutory damages for the underlying disclosure violation;

    c. If appropriate, statutory damages for failure to rescind;

    d. Attorney's fees, litigation expenses and costs;

    e. Such other or further relief as the Court deems appropriate.

**ANSWER:** No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## COUNT II - BREACH OF CONTRACT

      30.      Plaintiffs incorporate paragraphs 1-20. This claim is against Town & Country only.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, Trustee, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

      31.      Defendant Town & Country contracted and undertook to provide a discounted interest rate if plaintiff paid a loan discount fee.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, Trustee, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

      32.      Plaintiffs paid the fee but, on information and belief, did not receive a discounted rate. <u>Exhibit C</u> Line 802.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

      33.      Town & Country thereby breached its agreement.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

      34.      Plaintiffs were thereby damaged.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank, Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

      a.      Appropriate damages;

      b.      Costs.

      c.      Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

**PRAYER**

Defendant prays this court to:

1. Dismiss plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

///

///

///

- 13 -

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 12, 2008

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 12th day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/  Bernard E. LeSage

BN 1773779v1