IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Juan L. Perez, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 06 C 5373 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiffs JUAN L. PEREZ and CONSUELO PEREZ ("Plaintiffs") Amended Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.      Plaintiffs Juan L. Perez and Consuelo Perez brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and state law.

**ANSWER:**  **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* or Regulation Z, 12 C.F.R. part 226, and/or state law. Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company. Defendant denies any remaining allegations of Paragraph 1.**

## JURISDICTION AND VENUE

2.	This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1337 (supplemental jurisdiction) and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:**	**Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.	Plaintiffs Juan L. Perez and Consuelo Perez own and reside in a single-family home at 1922 Prospect SE, Grand Rapids, MI 49507.

**ANSWER:**	**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis denies such allegations.**

4.	Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:**	**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies such allegations.**

5.	Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:**	**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies such allegations.**

6.	Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:**	**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and on that basis denies such allegations.**

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies such allegations.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies such allegations.**

9. Defendant Citi Residential Lending, Inc. is a foreign corporation which does business in Illinois. It is located at 1100 Town & Country Road, Suite 1450, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies such allegations.**

10. Defendant Citi Residential Lending, Inc. services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies such allegations.**

11. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** **Defendant admits that it is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant admits that it serves as trustee for Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse, which includes Plaintiffs' loan. Defendant denies any remaining allegations of Paragraph 11.**

12. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs.' It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS

13. Prior to June 2, 2004, Ameriquest called plaintiffs to solicit them for a refinance of their 2002 mortgage loan, which was also with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and on that basis denies such allegations.**

14. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis denies such allegations.**

15. After the application and before the closing, an Ameriquest loan officer, on information and belief Kevin Marzion, called the Perezes via phone and told Ms. Perez that they would have a fixed-rate loan for two years. He then assured her that they would then be able to "lock-in" the interest rate before it increased.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis denies such allegations.**

16. The loan was closed on June 2 or 3, 2004, at the Perezes' home.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and on that basis denies such allegations.**

17. At the closing, there was no Ameriquest loan officer available to answer the Perezes' questions about "locking-in" the fixed interest rate. Instead, a female notary who had been hired by Ameriquest rushed the Perezes through the process and told them where to sign. Plaintiffs were presented with scores of documents and hundreds of pages. They could not review every line for accuracy at that time.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis denies such allegations.**

18. Approximately two years after closing, during the week of June 19, 2006, the Perezes received a letter from Ameriquest informing them that their payments would increase about $100 per month, effective August 1, 2006. Ameriquest did not "lock-in" the interest rate, as it had promised.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis denies such allegations.**

19. The so-called "lock-in" feature that Ameriquest used to sell the Perezes on an adjustable-rate mortgage was nothing more than an offer of another refinance (with all of associated points and fees for Ameriquest). But this was not communicated to the Perezes at any time prior to the closing of the loan on June 2 or 3, 2004.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and on that basis denies such allegations.**

- 5 -

20. It was the policy and practice of Ameriquest to engage in "bait and switch" loan solicitation practices, where the agent would first offer a fixed-rate mortgage and then "sell" an adjustable-rate mortgage by representing to potential borrowers that they would have a fixed-rate for two years that could be "locked-in" before the rate became adjustable.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis denies such allegations.**

21. This "bait and switch" policy violates the Consumer Mortgage Protection Act, M.C.L.S. §445.1634(3) which provides:

> **A person, appraiser, or real estate agent shall not make, directly or indirectly, any false, deceptive, or misleading statement or representation in connection with a mortgage loan...**

**ANSWER:** **Because Paragraph 21 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

22. Further, M.C.L.S. §445.1634(5) provides:

> **A statement or representation is deceptive or misleading if it has the capacity to deceive or mislead a borrower or potential borrower.**

**ANSWER:** **Because Paragraph 22 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

23. The following are documents relating to the loan:

 a. A note, Exhibit A;

 b. A mortgage, Exhibit B;

 c. A settlement statement, Exhibit C;

 d. A Truth in Lending statement, Exhibit D;

      e.    A list of "items to be paid off from loan proceeds," <u>Exhibit E</u>;

      f.    "Itemization of settlement charges," <u>Exhibit F</u>;

      g.    A "summary of debts and disbursements," <u>Exhibit G</u>;

      h.    The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit H</u>. Defendant used the wrong form, in that an H-9 was appropriate but an H-8 was used. Furthermore, all except one of the copies furnished were incomplete.

      i.    A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit I</u>.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. Further, to the extent that the above states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to the Plaintiffs.**

24.    Finally, plaintiffs were charged a "loan discount" fee of 3.8%, or $4,538.15. See <u>Exhibit K</u>, which purports to explain the loan discount and which was delivered to plaintiffs at closing. On information and belief, plaintiffs received no discount.

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.    Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., and then to Citi Residential Lending, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis denies such allegations.**

26.    On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

**ANSWER:** Defendant admits that it serves as Trustee for Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004 Without Recourse, which includes Plaintiffs' loan. Defendant denies any remaining allegations of paragraph 26.

27. In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and on that basis denies such allegations.

## COUNT I -TRUTH IN LENDING ACT

28. Plaintiffs incorporate paragraphs 1-27. This claim is against all defendants.

**ANSWER:** Defendant incorporates its answers to paragraphs 1-27 in response to this paragraph.

29. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) **Consumer's right to rescind.**
>
> > (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
> >
> > (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
> >
> > (3) The consumer may exercise the right to rescind until midnight of the third business day

>>following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
>(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

>(1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
>(2) The consumer's right to rescind the transaction.
>
>(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
>(4) The effects of rescission, as described in paragraph (d) of this section.
>
>(5) The date the rescission period expires....

(f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:

>(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
>(2) A credit plan in which a state agency is a creditor.

**ANSWER:** Because Paragraph 29 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## GROUNDS FOR RESCISSION

30. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** To the extent that Paragraph 30 states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis denies such allegations.

31. Ameriquest was required to, but did not, deliver four completed copies of the Federal Reserve Board notice of right to cancel. Only one of the nine copies furnished was properly completed.

**ANSWER:** To the extent that Paragraph 31 states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis denies such allegations.

32. Furthermore, the date filled in on the one copy furnished that was completed - June 3, 2004 - is inconsistent with the printed date that appears on every other document - June 2, 2004.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis denies such allegations.

33. Ameriquest gave plaintiffs an H-8 Federal Reserve Board notice of right to cancel. This notice contractually binds Ameriquest so that plaintiffs are entitle to rescission of the full amount of the loan.

**ANSWER:** Because Paragraph 33 states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient

> to form a belief as to the truth of the allegations of Paragraph 33 and on that basis denies such allegations.

34. In addition, the delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:** **Because Paragraph 34 states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Because Paragraph 35 states a legal conclusion, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

36. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37. Notice of rescission has been given to defendants. A copy is attached as Exhibit J.

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

38. The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to rescind their mortgage.**

      39.    Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because paragraph 39 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

      40.    15 U.S.C. §1635(g) provides:

> **Additional relief**
>
> **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because paragraph 40 states a legal conclusion, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

    a.    A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

    b.    Statutory damages for the underlying disclosure violation;

    c.    If appropriate, statutory damages for failure to rescind;

    d.    Attorney's fees, litigation expenses and costs; and

    e.    Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required.**

### COUNT II - MICHIGAN MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT

      41.    Plaintiffs incorporate paragraphs 1-27. This claim is against Ameriquest.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is**

without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis denies such allegations.

42. Defendants engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by representing to the Perezes that they would have a fixed-rate mortgage for two years that could be "locked-in" before the rate became adjustable.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43. The Perezes were induced to transact with defendants by means of this misrepresentation.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and on that basis denies such allegations.**

44. Defendants made the representation in the course of trade and commerce.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

45. Defendants made the representation for the purpose of inducing reliance, in the form of the Perezes agreeing to an adjustable-rate mortgage.

**ANSWER:** **Because Count II is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46. The Perezes were injured by defendants' misrepresentation. Their payments increased on August 1, 2006, even though they had planned to take advantage of Ameriquest's promised "lock-in" option in order to prevent their payments from increasing.

**ANSWER:** Because Count II is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and on that basis denies such allegations.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against Ameriquest for:

    a.    A declaratory judgment, MCL §445.1681(1)(a);

    b.    Injunctive relief, MCL §445.1681(1)(b);

    c.    Appropriate damages, MCL §445.1681(1)(c);

    d.    Attorney's fees, litigation expenses and costs of suit; and

    e.    Such other and further relief as the Court deems proper.

**ANSWER:** No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## COUNT III - MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT

47. Plaintiffs incorporate paragraphs 1-27. This claim is against Ameriquest.

**ANSWER:** Because Count III is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and on that basis denies such allegations.

48. Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by charging a substantial "discount fee" for discounting the interest rate (Exhibits K and C) and then failing to decrease plaintiffs' interest rate.

**ANSWER:** Because Count III is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis denies such allegations.

49. Plaintiffs were induced to transact business with Ameriquest and to acquiesce to paying a "discount fee" by means of this misrepresentation.

ANSWER: **Because Count III is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50. Defendant Ameriquest made the representation in the course of trade and commerce.

ANSWER: **Because Count III is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

51. Defendant Ameriquest made the representation for the purpose of inducing reliance, in the form of plaintiffs transacting with Ameriquest.

ANSWER: **Because Count III is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

52. Plaintiffs were injured by Ameriquest's misrepresentation.

ANSWER: **Because Count III is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against Ameriquest for:

    a. A declaratory judgment, MCL §445.1681(1)(a);

    b. Injunctive relief, MCL §445.1681(1)(b);

    c. Appropriate damages, MCL §445.1681(1)(c);

    d. Attorney's fees, litigation expenses and costs of suit; and

  e. Such other and further relief as the Court deems proper.

**ANSWER:**  **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT IV - BREACH OF CONTRACT

 53. Plaintiffs incorporate paragraphs 1-27.

**ANSWER:**  **Defendant incorporates its answers to paragraphs 1-27 in response to this Paragraph.**

 54. This claim is against Ameriquest only.

**ANSWER:**  **Because Count IV is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and on that basis denies such allegations.**

 55. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee. Exhibit K.

**ANSWER:**  **Because Count IV is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis denies such allegations.**

 56. Plaintiffs paid the fee but did not receive a discounted rate. Exhibit C, line 802.

**ANSWER:**  **Because Count IV is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

 57. Ameriquest thereby breached its agreement.

**ANSWER:**  **Because Count IV is directed at defendants other than Deutsche Bank as Trustee, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and on that basis denies such allegations.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

   a. Appropriate damages;

   b. Costs.

   c. Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

### AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1. Dismiss plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

///

///

///

- 19 -

    4.    Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 12, 2008

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

      I, Bernard E, LeSage, hereby certify that on this 12th day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By:    /s/ Bernard E. LeSage

BN 1779125v1