IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Joe Winters v. Ameriquest Mortgage Company, et al.*; Case No. 1:07-cv-01341 | |

### DEFENDANT CITI RESIDENTIAL LENDING INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant CITI RESIDENTIAL LENDING INC. ("Defendant"), by and through its attorneys, answers Plaintiff JOE WINTERS ("Plaintiff") Amended Complaint as follows.

### AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiff Joe Winters brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of (A) the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and (B) state law.

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or Regulation Z, 12 C.F.R. part 226, or any state law. Defendant denies any remaining allegations of Paragraph 1.**

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3. Plaintiff Joe Winters owns and resides in a single family home at 1014 Caseyville Ave., Belleville, IL, 62226.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois. It has hundreds of Illinois loans. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief it holds legal title to plaintiff's loan, probably as trustee. It holds hundreds or thousands of Illinois loans.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It holds legal title to loans originated by Ameriquest Mortgage Company. It does business in Illinois and has hundreds of Illinois loans. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. Defendant Citi Residential Lending Inc. is a foreign corporation which does business in Illinois. It is located at 1100 Town & Country Road, Suite 1450, Orange, CA 92868.

**ANSWER:** **Defendant admits that it is a corporation with offices located at 1100 Town & Country Road, Suite 400, Orange, CA 92868. Defendant denies any remaining allegations of Paragraph 11.**

12. Defendant Citi Residential Lending, Inc. services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant admits that it services some loans originated by Ameriquest Mortgage Company, including Plaintiff's loan. Defendant denies any remaining allegations of paragraph 12.**

## FACTS RELATING TO PLAINTIFF

13. Prior to May 20, 2005, plaintiff applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.**

14. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies such allegations.**

15. The loan was closed on May 20, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

BN 1788420v1

16. The following are documents relating to the loan:

   a. A note, <u>Exhibit A</u>;

   b. A mortgage, <u>Exhibit B</u>;

   c. A settlement statement, <u>Exhibit C</u>;

   d. A Truth in Lending statement, <u>Exhibit D</u>;

   e. A list of "items to be paid off from loan proceeds," <u>Exhibit E</u>;

   f. "Itemization of settlement charges," <u>Exhibit F</u>;

   g. A "summary of debts and disbursements," <u>Exhibit G</u>;

   h. The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit H</u>. None of the notices delivered to plaintiff were completed.

   i. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit I</u>.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. To the extent an answer is required, Defendant denies that the referenced documents constitute the entire loan file and that the documents constitute the fully integrated loan agreement with Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and on that basis denies such allegations.**

17. Plaintiff was charged a "loan discount fee" of $2,868.86. <u>Exhibits C and F</u>, line 802.

**ANSWER:** **The referenced documents speak for themselves, therefore no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.**

18. Ameriquest undertook and represented, in the document attached as <u>Exhibit J</u> and delivered to plaintiffs at the closing, that the payment of a "loan discount' 'would purchase a reduction in the interest rate.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.**

19. However, plaintiff received no discount. Exhibit K

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.**

20. Plaintiff was later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.**

21. On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiff's loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial owner of plaintiffs loan under Asset Backed Pass Through Certificates, Series 2005-R4CGM, Under the Pooling and Servicing Agreement Dated as of May 1, 2005, Without Recourse.

**ANSWER:** **Defendant admits that Deutsche Bank, Trustee is the trustee for Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2005-R4CGM without recourse, which includes Plaintiff's loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 21 and on that basis denies such allegations.**

22. In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies such allegations.**

## COUNT I- TRUTH IN LENDING ACT

23. Plaintiff incorporates paragraphs 1-22.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-22 above in response to this paragraph.**

24. This claim is against Ameriquest Mortgage Company, Ameriquest Mortgage Securities, Inc., Deutsche Bank National Trust Company, N.A., and AMC Mortgage Services, Inc.

**ANSWER:** **Because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies such allegations.**

## RIGHT TO RESCIND

25. Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) **Consumer's right to rescind.**
>
> > (1) **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
> >
> > (2) **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
> >
> > (3) **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or**

BN 1788420v1

> material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> > (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
> >
> > (2) The consumer's right to rescind the transaction.
> >
> > (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> >
> > (4) The effects of rescission, as described in paragraph (d) of this section.
> >
> > (5) The date the rescission period expires....
>
> (f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:
>
> > (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
> >
> > (2) A credit plan in which a state agency is a creditor.

**ANSWER:** Because paragraph 25 states legal conclusions, no answer is required. Further, because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

- 8 -

## GROUNDS FOR RESCISSION

26. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiff's right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** **Because paragraph 26 states legal conclusions, no answer is required. Further, because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff**

27. All copies of the federal notice of right to cancel delivered to plaintiffs were incomplete.

**ANSWER:** **Because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

28. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

**ANSWER:** **Because paragraph 28 states legal conclusions, no answer is required. Further, because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

29. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

30. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

BN 1788420v1

**ANSWER:** **Because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 an on that basis denies such allegations.**

31. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit L</u>.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. Further, Because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and on that basis denies such allegations.**

32. The loan has not been rescinded.

**ANSWER:** **Because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant admits that the loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiff and denies that Plaintiff is entitled to rescind the mortgage.**

33. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because paragraph 33 states legal conclusions, no answer is required. Further, because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

34. 15 U.S.C. §1635 (g) provides:

**Additional relief**

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:** **Because paragraph 34 states legal conclusions, no answer is required. Further, because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

- 10 -

BN 1788420v1

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

  a. A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendants;

  b. Statutory damages for the underlying disclosure violation;

  c. If appropriate, statutory damages for failure to rescind;

  d. Attorney's fees, litigation expenses and costs; and

  e. Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## COUNT II - BREACH OF CONTRACT

35. Plaintiff incorporates paragraphs 1-24.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-24 above in response to this paragraph.**

36. This claim is against Ameriquest only.

**ANSWER:** **Because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

37. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiff paid a loan discount fee. Exhibit J.

**ANSWER:** **Because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. Further, the referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and on that basis denies such allegations.**

38. Plaintiff paid the fee (Exhibit C, Line 802) but, on information and belief, did not receive a discounted rate (Exhibit K).

**ANSWER:** **Because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. Further, the referenced documents speaks for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and on that basis denies such allegations.**

39. Ameriquest thereby breached its agreement.

**ANSWER:** **Because this claim is directed at defendants other than Citi Residential Lending, Inc., no answer is required. Further, because paragraph 39 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and on that basis denies such allegations.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiffs and against defendant for:

    a. Appropriate damages;

    b. Costs.

    c. Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

BN 1788420v1

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

BN 1788420v1

- 14 -

## **PRAYER**

Defendant prays this court to:

1. Dismiss plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiff in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 13th, 2008

By: /s/ Bernard E. LeSage
*Attorneys for Citi Residential Lending Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 13th day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Bernard E. LeSage

BN 1788420v1