IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Shree Robinson, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 06 C 6763 | |

### DEFENDANT WM SPECIALTY MORTGAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs SHREE ROBINSON and JAMES A. ROBINSON ("Plaintiffs") Complaint as follows.

### SECOND AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs Shree Robinson and James A. Robinson bring this action against a "subprime" mortgage lender, its affiliates and an appraisal company to rescind a mortgage and collect damages for violation of the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA"), implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and state law.

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* or Regulation Z, 12 C.F.R. part 226, or any state law. Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company. Defendant denies any remaining allegations of Paragraph 1.**

- 1 -

## JURISDICTION AND VENUE

2.　　This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental) and 15 U.S.C. § 1640 (TILA).  Defendants transact business in the District and are deemed to reside here.

**ANSWER:**　　**Defendant does not dispute subject matter jurisdiction.  Defendant denies any remaining allegations of paragraph 2.**

## PARTIES

3.　　Plaintiffs Shree (not Sheree as on the loan documents) Robinson and James A. Robinson are husband and wife. They own and reside in a single-family home at 27356 Golden Gate Drive West, Lathrup Village, MI 48076.

**ANSWER:**　　**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies such allegations.**

4.　　Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:**　　**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5.　　Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:**　　**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies such allegations.**

6.　　Defendant Ameriquest Mortgage Company made more than 26 loans per year.

- 2 -

BN 1794311v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies such allegations.**

9. Defendant WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:** **Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real properly located within the state of Illinois. Defendant admits that it holds title to some loans originated by Ameriquest Mortgage Company. Defendant denies that it holds any right, title or interest to plaintiffs' loan. Defendant does not dispute service. Defendant denies any remaining allegations of paragraph 9.**

## FACTS RELATING TO PLAINTIFFS

10. Prior to March 5, 2004, Shree and James Robinson ("the Robinsons") applied for a mortgage with Ameriquest Mortgage Company by calling the company. Ameriquest's agent,

- 3 -

BN 1794311v1

Alfred Parham, completed the Robinsons' application over the phone and was the Robinsons' loan officer.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies such allegations.**

11. The Robinsons needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.**

12. The loan was closed on March 5, 2004.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.**

13. The following are documents relating to the loan:

   a. A note, Exhibit A. Only Mrs. Robinson signed the note.

   b. A mortgage, Exhibit B. Both Mr. and Mrs. Robinson signed the mortgage.

   c. Two copies (not the four required) of the three-day notice of right to cancel required by the Federal Reserve Board, Exhibit C. Neither copy provided had the final date to cancel filled in.

   d. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit D.

   e. A settlement statement, Exhibit E;

   f. A Truth in Lending statement, Exhibit F;

   g. A summary of debts and disbursements, Exhibit G;

   h. A borrower's acknowledgment of final loan terms, Exhibit H.

   i. An appraisal, Exhibit I.

**ANSWER:** **Because the documents speak for themselves, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and on that basis denies such allegations.**

14. Ameriquest charged plaintiffs a "loan discount" fee of $8,789.94 and notary fees of $400. Exhibit E, lines 802 and 1106.

**ANSWER:** **Because the document speaks for itself, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies such allegations.**

15. Ameriquest represented that payment of a "loan discount" fee would result in a lower interest rate. However, on information and belief, Ameriquest failed to lower plaintiffs' interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

16. The Robinsons were directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies such allegations.**

17. On information and belief, WM Specialty Mortgage, LLC, owns the Robinsons' loan.

**ANSWER:** **Defendant denies that it currently owns Plaintiff's loan. Defendant specifically denies any wrongdoing and denies any liability to Plaintiffs.**

18. In the event WM Specialty Mortgage, LLC does not own the Robinsons' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.**

## RIGHT TO RESCIND

19. Because the transaction was secured by the Robinsons' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a)    <u>Consumer's right to rescind.</u>

        (1)    In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

        (2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

        (3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

        (4)    When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

    (b)    <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the

transaction and shall clearly and conspicuously disclose the following:

 (1) The retention or acquisition of a security interest in the consumer's principal dwelling.

 (2) The consumer's right to rescind the transaction.

 (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

 (4) The effects of rescission, as described in paragraph (d) of this section.

 (5) The date the rescission period expires....

(f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:

 (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

 (2) A credit plan in which a state agency is a creditor.

**ANSWER:** Because paragraph 19 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## COUNT I - TRUTH IN LENDING ACT

20. Plaintiffs incorporate paragraphs 1-19. This claim is against all defendants.

**ANSWER:** Defendant incorporates its answers to paragraphs 1-19 above in response to this paragraph.

21. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** Because paragraph 21 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.

22. Two copies of the notice of right to cancel were delivered instead of the four required.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies such allegations.**

23. Both of the copies delivered were incomplete.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies such allegations.**

24. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.

**ANSWER:** **Because paragraph 24 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies such allegations.**

25. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Because paragraph 25 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies such allegations.**

26. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies such allegations.**

BN 1794311v1

27. Finally, Exhibit C is inherently confusing with respect to who has a right to cancel in a case, such as the present one, in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and on that basis denies such allegations.**

28. The top of Exhibit C has only Mrs. Robinson's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and on that basis denies such allegations.**

29. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:** **Because paragraph 29 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

30. Notice of rescission has been given to defendants. A copy is attached as Exhibit J.

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies such allegations.**

31. The loan has not been rescinded.

**ANSWER:** **Defendant admits that the loan has not been rescinded. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to rescind their mortgage.**

32. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because paragraph 32 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

33. 15 U.S.C. §1635(g) provides:

    **Additional relief**

    **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because paragraph 33 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

    a. A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

    b. Statutory damages for the underlying disclosure violation;

    c. If appropriate, statutory damages for failure to rescind;

    d. Attorney's fees, litigation expenses and costs.

    e. Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

BN 1794311v1

## COUNT II - BREACH OF CONTRACT

34. Plaintiffs incorporate paragraphs 1-19. This claim is against Ameriquest only.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-19 above in response to this paragraph.**

35. Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage, LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

36. Plaintiffs paid the fee. Exhibit E, line 802. However, they did not receive a discounted rate.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage, LLC, no answer is required. Further, the referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

37. Ameriquest thereby breached its agreement.

**ANSWER:** **Because Count II is directed at defendants other than WM Specialty Mortgage, LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

    a. Appropriate damages;

    b. Costs.

    c. Such other or further relief as the Court deems appropriate.

BN 1794311v1

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

### COUNT III - MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT

38. Plaintiffs incorporate paragraphs 1-19. This claim is against Ameriquest.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-19 above in response to this paragraph.**

39. Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by (a) representing that the retention from the loan proceeds of a "loan discount" would result in a reduction of the interest rate and (b) then not reducing the interest rate.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage, LLC, no answer is required. Further, because paragraph 39 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

40. Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by representing that it was entitled to charge and charging notary fees of $400 (Exhibit E, line 1106) when Michigan law permits notary fees of $10 per notarial act or transaction. MCL §55.285

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage, LLC, no answer is required. Further, because paragraph 40 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

41. Plaintiffs were induced to borrow a loan from defendants by means of these and other misrepresentations and deceits.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage, LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

42. Defendant made these representations in the course of trade and commerce.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage, LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

43. Plaintiffs have suffered multiple injuries as a result of defendants' misrepresentations.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage, LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

    a. A declaratory judgment, MCL §445.1681(1)(a);

    b. Injunctive relief, MCL §445.1681(1)(b);

    c. Appropriate damages, MCL §445.1681(1)(c);

    d. Attorney's fees, litigation expenses and costs of suit;

    e. Such other and further relief as the Court deems proper.

**ANSWER:** **Because Count III is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted because Defendant no longer holds any interest, right or title to Plaintiffs' loan.

- 13 -

2.  Plaintiffs' claims are barred by the applicable statute of limitations.

3.  Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.  Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.  Plaintiffs' claims are barred by the applicable statute of frauds.

6.  Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.  Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.  Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.  Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

BN 1794311v1

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

17. Dismiss plaintiffs' Complaint;

18. Enter judgment for Defendant and against Plaintiffs in this action;

19. Award Defendant its costs of suit; and

20. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 17, 2008

By: /s/ Bernard E. LeSage
*Attorneys for WM Specialty Mortgage, LLC*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 16 -

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 17th day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/ Bernard E. LeSage_____