IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Johnny A. Martin v. Argent Mortgage Company, LLC, et al.*; Case No. 06 C 1947 | |

## DEFENDANT WM SPECIALTY MORTGAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE, LLC ("Defendant"), by and through its attorneys, answers Plaintiff JOHNNY A. MARTIN ("Plaintiff") Amended Complaint as follows.

## AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiff Johnny A. Martin brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** **Defendant admits that Plaintiff has filed this lawsuit against it. Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* or Regulation Z, 12 C.F.R. part 226. Defendant specifically denies that it is an affiliate of Argent Mortgage Company. Defendant denies any remaining allegations of paragraph 1.**

- 1 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of paragraph 2.**

## PARTIES

3. Plaintiff Johnny A. Martin owns and resides in a home at 1537 Atwood Avenue, Berkeley, IL 60163.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies such allegations.**

4. Defendant Argent Mortgage Company, LLC is a limited liability company and an affiliate of Ameriquest Mortgage Company. Argent Mortgage Company, LLC maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5. Defendant Argent Mortgage Company, LLC is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies such allegations.**

6. Defendant Argent Mortgage Company, LLC made more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

7. Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

8. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies such allegations.**

9. During 1999-2003, Ameriquest and its affiliates were the third largest subprime lenders by volume, with $61.8 billion in total originations during the period. Ameriquest and its affiliates are the largest "direct to consumer" subprime mortgage originators in the United States. During the first half of 2004, Ameriquest and its affiliates originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies such allegations.**

10. Defendant WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:** **Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real property located within the state of Illinois. Defendant admits that it holds title to some loans originated by Ameriquest Mortgage Company. Defendant denies that it currently holds any interest, right or title to Plaintiff's loan. Defendant does not dispute service. Defendant denies any remaining allegations of Paragraph 10.**

- 3 -

BN 1795398v1

## FACTS RELATING TO PLAINTIFF

11. Prior to September 16, 2003, plaintiff applied for a mortgage with Argent Mortgage Company, LLC.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.**

12. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.**

13. The loan was closed on September 16, 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.**

14. The following are documents relating to the loan:

   a. A note, Exhibit A;

   b. A mortgage, Exhibit B;

   c. A settlement statement, Exhibit C;

   d. A Truth in Lending disclosure statement, Exhibit D;

   e. The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit E;

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

15. Plaintiff was later directed to make payments to Ameriquest Mortgage Company, and then to AMC Mortgage Services, Inc.

BN 1795398v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

16. On information and belief, WM Specialty Mortgage, LLC owns plaintiff's loan.

**ANSWER:** **Defendant denies that it currently owns Plaintiff's loan. Defendant specifically denies any wrongdoing and denies any liability to Plaintiff.**

17. In the event WM Specialty Mortgage, LLC does not own plaintiff's loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.**

## RIGHT TO RESCIND

18. Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) **Consumer's right to rescind.**
>
> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or

BN 1795398v1

>   > material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>   >
>   > **(4)** When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> **(b)** <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>   > **(1)** The retention or acquisition of a security interest in the consumer's principal dwelling.
>   >
>   > **(2)** The consumer's right to rescind the transaction.
>   >
>   > **(3)** How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>   >
>   > **(4)** The effects of rescission, as described in paragraph (d) of this section.
>   >
>   > **(5)** The date the rescission period expires....
>
> **(f)** <u>Exempt transactions</u>. The right to rescind does not apply to the following:
>
>   > **(1)** A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>   >
>   > **(2)** A credit plan in which a state agency is a creditor.

<u>ANSWER</u>: Because paragraph 18 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

- 6 -

## **GROUND FOR RESCISSION**

19. In connection with the loan, Argent Mortgage Company, LLC failed to provide the required disclosures of the plaintiff's right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons.

**ANSWER:** **Because paragraph 19 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies such allegations.**

20. In connection with the loan, Argent Mortgage Company, LLC failed to provide the required disclosures of the plaintiff's right to cancel within three days, in that all copies of the federal notice of right to cancel were not filled in. See Exhibit E.

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.**

21. Notice of rescission has been given to defendants. A copy is attached as Exhibit F.

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.**

22. The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiff's loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiff, and denies that Plaintiff is entitled to rescind the mortgage.**

23. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because paragraph 23 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

24. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because paragraph 24 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

 a. A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendants;

 b. Statutory damages for the underlying disclosure violation;

 c. If appropriate, statutory damages for failure to rescind;

 d. Attorney's fees, litigation expenses and costs.

 e. Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

### AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted because Defendant no longer holds any interest, right or title to Plaintiff's loan.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

BN 1795398v1

6. Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss plaintiff's Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 17, 2008

By: /s/ Bernard E. LeSage
*Attorneys for WM Specialty Mortgage, LLC*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 17th day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/ Bernard E. LeSage_____

BN 1795398v1