IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Dorothy Brown v. Ameriquest Mortgage Company, et al.*; Case No. 05 C 4723 | |

### DEFENDANT WM SPECIALTY MORTGAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE, LLC ("Defendant"), by and through its attorneys, answers Plaintiff DOROTHY BROWN's ("Plaintiff's") Second Amended Complaint as follows.

### SECOND AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiff Dorothy Brown brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z. 12 C.F.R. part 226.

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against it. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* or Regulation Z, 12 C.F.R. part 226. Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company. Defendant denies any remaining allegations of Paragraph 1.**

- 1 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of paragraph 2.**

## PARTIES

3. Plaintiff Dorothy Brown owns and resides in a home (condominium unit) at 5646 N. Kenmore, #2B, Chicago, IL 60660.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8. Defendant WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:** **Defendant admits that it is a foreign limited liability and an investor in mortgage loans, some of which are secured by real property located within the state of Illinois. Defendant admits that it holds title to some loans originated by Ameriquest Mortgage Company. Defendant denies that it currently holds any interest, right or title to Plaintiffs' loan. Defendant does not dispute service. Defendant denies any remaining allegations of Paragraph 8.**

## FACTS RELATING TO PLAINTIFF

9. Prior to August 24. 2004, plaintiff was solicited for a loan by defendant Ameriquest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. Prior to August 24, 2004, plaintiff applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

- 3 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12. The loan was closed on or about August 24, 2004. Ameriquest arranged for the closing to take place at plaintiff's place of work.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13. On information and belief, at closing, plaintiff' signed the following documents, among others, relating to the loan:

   a. a note, a true and accurate copy of which (except for the 8 ½ x 11 size) is contained in <u>Exhibit A</u>; and

   b. a mortgage, <u>Exhibit B</u>.

**ANSWER:** **The referenced documents speak for themselves; therefore, no answer is required. To the extend an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14. However, at closing plaintiff was not provided with copies of any closing documents whatsoever in a form that she could keep.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15. Rather, approximately one week later, a large package was delivered to her.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16. Among the documents contained in the package were the following:

   a. a Truth in Lending disclosure statement, <u>Exhibit C</u>;

  b. several copies of a Notice of Right to Cancel, none of which have the transaction or cancellation dates filled in, <u>Exhibits D</u>; and

  c. A second and different notice of right to cancel, <u>Exhibit E</u>.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17. Ameriquest also delivered to plaintiff a document that represented that payment of a "loan discount" fee would result in a lower interest rate. <u>Exhibit G</u>.

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18. Plaintiff paid a "loan discount" fee of $7,352.80. <u>Exhibit H</u>, line 802. However, on information and belief, she did not receive a discounted interest rate.

**ANSWER:** **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19. On information and belief, plaintiffs' loan was sold to WM Specialty Mortgage, LLC.

**ANSWER:** **Defendant denies that it currently owns Plaintiff's loan. Defendant specifically denies any wrongdoing and denies any liability to Plaintiff.**

20. In the event WM Specialty Mortgage, LLC, does not own plaintiffs' loan (actual ownership is rarely, if ever, shown of record), the actual owners are named as Does 1-5.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

## COUNT I-TILA

21.    Plaintiff incorporates paragraphs 1-20. This claim is against all defendants.

**ANSWER:**    **Defendant incorporates its answers to paragraphs 1-20 above in response to this paragraph.**

## RIGHT TO RESCIND

22.    Because the transaction was secured by plaintiffs home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. Section 226.23 provides:

    (a)    **Consumer's right to rescind.**

        (1)    **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (I) of this section.[fn]47**

        (2)    **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

        (3)    **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(1) of the Act. [15 U.S.C. § 1635(1)]**

        (4)    **When more than one consumer in a transaction has the right to rescind, the exercise of the right**

> by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>> (2) The consumer's right to rescind the transaction.
>>
>> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>>
>> (4) The effects of rescission, as described in paragraph (d) of this section. (5) The date the rescission period expires....
>
> (f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:
>
>> (1) A residential mortgage transaction [defined in 15 U.S.C. § 1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>>
>> (2) A credit plan in which a state agency is a creditor.

**ANSWER:** Because paragraph 22 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

23. Among the material disclosures incorporated by reference through footnote 48 above are the annual percentage rate, the finance charge, the amount financed, the total payments and the payment schedule, i.e., the information required to be disclosed on the TILA Disclosure Statement. 12 C.F.R. § 226.23(a)(3) footnote 48; 15 U.S.C. § 1638(a)(2)(A) and § 1638(a)(3)-(6).

**ANSWER:** Because paragraph 23 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

BN 1777787v1

## GROUNDS FOR RESCISSION

24.   In connection with the loan, Ameriquest Mortgage Company failed to properly provide the financial disclosures required by TILA and the disclosures of the plaintiffs right to cancel within three days. Each violation is a sufficient ground for rescission.

**ANSWER:   Because paragraph 24 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies such allegations.**

25.   The failure to notify a borrower of her right to cancel by failing to deliver any notices of right to cancel at closing violates 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(6).

**ANSWER:   Because paragraph 25 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

26.   The failure to deliver notices of right to cancel with the transaction and cancellation dates filled in violates the requirement to "clearly and conspicuously" the final date to cancel. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(6) and § 226.23(6)(5).

**ANSWER:   Because paragraph 26 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

27.   The failure to deliver a final TILA Disclosure Statement at closing violated 15 U.S.C. § 1638(6)(1) and Regulation Z, 12 C.F.R. § 226.17(6). (SMF ¶ 22).

**ANSWER:   Because paragraph 27 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

28.   The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel, in violation of 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(6).

**ANSWER:** **Because paragraph 28 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

29. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit F</u>.

**ANSWER:** **The referenced document speaks for itself; therefore, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies such allegations.**

30. The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiff's loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiff and denies that Plaintiff is entitled to rescind the mortgage.**

31. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because paragraph 31 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

32. 15 U.S.C. § I635(g) provides:

    **Additional relief**

    **In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because paragraph 32 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

    a. A judgment voiding plaintiffs mortgage, capable of recordation in the public records, and binding on defendants;

    b. Statutory damages for the underlying disclosure violation;

- 9 -

        c.      If appropriate, statutory damages for failure to rescind;

        d.      Attorney's fees, litigation expenses and costs.

        e.      Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

### COUNT III -BREACH OF CONTRACT

33.    Plaintiffs incorporate paragraphs 1-20. This claim is against Ameriquest.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-20 above in response to this paragraph.**

34.    Ameriquest undertook, by means of Exhibit G, to reduce plaintiff's interest rate if she paid a "loan discount,"

**ANSWER:** **Because this Count is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. Further, the referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies such allegations.**

35.    Plaintiff paid a $7,362.80 "discount fee," but Ameriquest did not decrease plaintiff's rate.

**ANSWER:** **Because this Count is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and on that basis denies such allegations.**

36.    Ameriquest thereby violated its contract.

**ANSWER:** **Because this Count is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and on that basis denies such allegations.**

37.    Plaintiff was damaged as a result.

**ANSWER:** **Because this Count is directed at defendants other than WM Specialty Mortgage LLC, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and on that basis denies such allegations.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    a.    Compensatory damages;

    b.    Costs of suit;

    c.    Such other and further relief as the Court deems proper.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because she has failed to mitigate her damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

BN 1777787v1

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 17, 2008

By: /s/ Bernard E. LeSage
*Attorneys for WM Specialty Mortgage LLC*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 17th day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Bernard E. LeSage