IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Michael Gardner v. Ameriquest Mortgage Company*; Case No. 07-cv-5079 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant" or "Deutsche Bank"), by and through its attorneys, answers Plaintiff MICHAEL GARDNER ("Plaintiff") Complaint as follows.

### COMPLAINT

**A.  Jurisdiction and Venue**

1. Jurisdiction over this matter is conferred upon this Court by the Truth in Lending Act (hereinafter "TILA"), 15 U.S.C: §1640(e), and 28 U.S.C §§ 1331. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Because Paragraph 1 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies liability to Plaintiff.**

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**ANSWER:** Defendant does not dispute venue. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and on that basis denies such allegations.

**Defendant denies.**

**B. Parties**

3. Plaintiff is an individual who resides at and owns the property at 9887 Verree Road, Philadelphia, Pennsylvania 19115 [hereinafter "the premises"].

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis denies such allegations.

4. Defendant AMERIQUEST MORTGAGE COMPANY ("Ameriquest") is a "subprime" consumer finance company which is engaged in the business of originating and servicing high-cost, high-risk home equity mortgages throughout the United States with a place of business at 1000 Town and Country Road, Suite 1200, Orange; CA 92868.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies such allegations.

5. Defendant Deutsche Bank [hereinafter "Deutsche Bank"] is Trustee for an unknown trust entity with principal offices at 505 City Parkway, Suite 100; Orange, CA 92865. Defendant is sued in its capacity as trustee.

**ANSWER:** Defendant admits that it is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant denies any remaining allegations of Paragraph 5.

6. Defendants are creditors within the meaning of TILA.

**ANSWER:** Because Paragraph 6 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

- 2 -

BN 1641313v1

C.  **Factual Allegations**

7.  At the time of the loan closing hereinafter described, plaintiff had taken a loan with defendant Ameriquest in June, 2003.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.  On or about January 21, 2005, Ameriquest closed a $185,400 refinancing loan with plaintiff which paid off the prior Ameriquest loan, but provided to him with a notice of right to cancel the loan which conformed to a General model form H-8 in the Reg. Z appendix.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

9.  Ameriquest failed to provide to plaintiff 2 completed copies of the proper Notice of Right to Cancel form, "refinancing with Original Creditor" form H-9 in the Reg. Z appendix.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

10. Pursuant to 40 P.S. §741, Stewart Title is authorized to issue title insurance in the Commonwealth of Pennsylvania pursuant to the Title Insurance Rating Bureau of Pennsylvania (TIRBOP).

**ANSWER:** **Because Paragraph 10 states a conclusion of law, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. Stewart's agent for closing of the loan, Lender's First Choice, is also regulated by the aforesaid statute. TIRBOP publishes a regulations manual setting forth the purpose and amount of fees that one of its member companies is permitted to charge in connection with issuance of a title policy.

**ANSWER:** **Because Paragraph 11 states a conclusion of law, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12. Lender's First Choice violated the TIRBOP manual by charging plaintiff an excessive upcharge on the title premium of $195.24 because plaintiff was denied the TIRBOP reissue rate of 90% and the refinance rata which is 70% of the reissue base rate for refinancing loans within 2, years of the insured loan transaction.

**ANSWER:** **Because Paragraph 12 states a conclusion of law, no answer is required. If any answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13. Plaintiff has received from AMC Mortgage Services an Act 91 notice of Default on September 5, 2007.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

**Cause of Action -TILA RESCISSION**

14. The loan was a residential mortgage loan subject to the Plaintiff's right of rescission as described by TILA, 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** **Because Paragraph 14 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

15. Under 15 U.S.C. 1635(a) of the Federal Truth In Lending Act, defendant was required to provide to plaintiff the proper Notice of Right to Cancel form in accordance with TILA and Reg. Z which mandates specific notices and not a "one size fits all" Notice of rescission rights.

**ANSWER:** **Because Paragraph 15 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

16. 15 U.S.C. §1635(i)(2)states [with bolded emphasis added]:

    **(2) Tolerance for disclosures**

    > ... for the purposes of exercising any rescission rights after the initiation of any judicial or nonjudicial foreclosure process on the principal dwelling of the obligor securing an extension of credit' the disclosure of the finance charge and other disclosures affected by any finance charge shall be treated as being accurate for purposes of this section if the amount disclosed as the finance charge does not vary from the actual finance charge' by more than $35...

**ANSWER:** **Because Paragraph 16 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

17. The foreclosure process in Pennsylvania for loans under $50,000 like plaintiffs loan starts with the notice requirements of Act 6 of 1974, 41 Pa. G.S.A. § 403:

    > (a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor' notice of such intention at least thirty days in advance as provided in this section.

**ANSWER:** **Because Paragraph 17 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

18. AMC, in keeping with the foregoing Pennsylvania law, commenced the mortgage foreclosure process by sending the Act 91 notice insofar as a foreclosure complaint could not be filed in Pennsylvania against a borrower like Ms. Duncan without giving her an Act notice. Hence, the Act 91 notice is part of the foreclosure process.

**ANSWER:** **Because Paragraph 18 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

19. Ameriquest erroneously calculated the finance charge by excluding the $195 upcharge from the finance charge calculation. The loans finance charge exceeded the error tolerance of $35.00 permitted by 15 U.S.C. §1635(i)(2).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20. For the foregoing reasons, Defendant Ameriquest failed to deliver all "material" disclosures required by TILA for the aforesaid reason under 15 U.S,C. §1635(a),

**ANSWER:** **Because Paragraph 20 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

21. Plaintiff has a continuing right to rescind this transaction until receipt of all "material" disclosures described above, pursuant to 15 U.S.C. § 1635(a).

**ANSWER:** **Because Paragraph 21 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

22. Under 15 U.S.C. § 1641(a), defendant Deutsche Bank is liable as assignee for rescission and damages for the defective disclosure described heretofore.

**ANSWER:** **Because Paragraph 22 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

23. As a result of the violations of TILA, pursuant to 15 U.S.C. §§1635(a) and 1640(a); Defendant is liable to Plaintiff for:

    a. rescission of this transaction, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendant;

    b. termination of any security interest in Plaintiff's property created under the transaction;

    c. return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this' transaction

      d.    statutory damages of $2,000 for inaccurate disclosure pursuant to the requirements of 15 U.S.C. §1635(b);

      e.    statutory damages equal to the sum of all finance charges and fees paid, pursuant to 15 U.S.C. §1640(a)(4);

      f.    forfeiture of return of loan proceeds;

      g.    actual damages in an amount to be determined at trial;

      h.    an award of reasonable attorney's; fees and costs.

**ANSWER:** **Because Paragraph 23 states a conclusion of law, no answer is required. If any answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

- 7 -

- 8 -

other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1. Dismiss Plaintiff's Amended Complaint;

2. Enter judgment for Defendant and against Plaintiff in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 17, 2008

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company, as Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1641313v1

- 10 -

## CERTIFICATE OF SERVICE

I, Connie Madrigal, hereby certify that on this 17th day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Connie Madrigal

BN 1641313v1