**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) |
| | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO DOCKET # 859 | ) ) ) ) ) |
| | Centralized before The Honorable Marvin E. Aspen |
| AMERIQUEST MORTGAGE CO., | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| TRANS UNION, LLC, et. al, | ) ) |
| Third-Party Defendants. | ) ) ) |

**CHOICEPOINT PRECISION MARKETING LLC'S ANSWER TO THE THIRD PARTY COMPLAINT OF AMERIQUEST MORTGAGE COMPANY**

By and through its attorneys, Third Party Defendant ChoicePoint Precision Marketing LLC (**"ChoicePoint"**) answers Ameriquest Mortgage Company's Third Party Complaint (the **"Complaint"**) as follows. Each allegation in the Complaint that is not specifically admitted by ChoicePoint is denied.

**THE PARTIES**

1.   ChoicePoint is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, on that basis, denies them.

2. ChoicePoint is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, on that basis, denies them.

3. ChoicePoint admits it is a Georgia corporation and states that it is located in Alpharetta, Georgia.

4. ChoicePoint is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, denies them.

5. ChoicePoint is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, denies them.

6. ChoicePoint denies the allegations in Paragraph 6.

7. Paragraph 7 sets forth conclusions of law not requiring an answer. To the extent Paragraph 7 contains any statements of fact, ChoicePoint is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

8. The assertions in the first sentence of Paragraph 8 concern conclusions of law that do not require an answer. With respect to the second and third sentences of Paragraph 8, ChoicePoint states that the Non-Borrower Complaint speaks for itself. ChoicePoint denies the allegations in the fourth sentence of Paragraph 8 to the extent they relate to ChoicePoint. ChoicePoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of Paragraph 8 and, on that basis, denies them. With respect to the fifth sentence of Paragraph 8, ChoicePoint states that it provided services to Ameriquest pursuant to contractual agreements that have been identified in ChoicePoint's memorandum in support of its motion to dismiss filed in this case on September 7, 2007 (**"Motion to Dismiss"**).

Those agreements, attached to the Motion to Dismiss, speak for themselves. ChoicePoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fifth sentence of Paragraph 8 and, on that basis, denies them.

9-14. Ameriquest Mortgage Company (**"Ameriquest"**) omits Paragraphs 9-14 from its Complaint.

## GENERAL ALLEATIONS

### ALLEGATIONS AS TO TRANSUNION

15-20. ChoicePoint denies that the allegations in these paragraphs require a response from ChoicePoint.

### ALLEGATIONS AS TO CHOICEPOINT

21. ChoicePoint admits it entered into contractual agreements, which are identified in its Motion to Dismiss. Those agreements speak for themselves. ChoicePoint states that all remaining allegations concern conclusions of law that do not require an answer.

22. ChoicePoint admits it entered into contractual agreements, which are identified in its Motion to Dismiss. Those agreements speak for themselves. ChoicePoint denies all remaining allegations in Paragraph 22.

23. ChoicePoint admits that it operates within the requirements of the Fair Credit Reporting Act. ChoicePoint admits it entered into contractual agreements, which are identified in its Motion to Dismiss. Those agreements speak for themselves. ChoicePoint is without

3

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, on that basis, denies them.

24. ChoicePoint admits it entered into contractual agreements, which are identified in its Motion to Dismiss. Those agreements speak for themselves. As for the remaining allegations, ChoicePoint states that the FCRA speaks for itself.

25. ChoicePoint admits it entered into contractual agreements, which are identified in its Motion to Dismiss. Those agreements speak for themselves.

**ALLEGATIONS AS TO EQUIFAX**

26-30. ChoicePoint denies that the allegations in these paragraphs require a response from ChoicePoint.

**ALLEGATIONS AS TO ECMS**

31-35. ChoicePoint denies that the allegations in these paragraphs require a response from ChoicePoint.

## FIRST CLAIM

**(Breach of Contract—Against TransUnion)**

36-42. ChoicePoint denies that the allegations in these paragraphs require a response from ChoicePoint.

## SECOND CLAIM

**(Breach of Contract—Against ChoicePoint)**

43. ChoicePoint reasserts and realleges its answers to the foregoing Paragraphs 1-42 as if fully set forth herein.

44. ChoicePoint admits it entered into contractual agreements, which are identified in its Motion to Dismiss. Those agreements speak for themselves. ChoicePoint denies all remaining allegations in Paragraph 44.

45. ChoicePoint denies the allegations in Paragraph 45.

46. ChoicePoint admits it entered into contractual agreements, which are identified in its Motion to Dismiss. Those agreements speak for themselves. ChoicePoint denies all remaining allegations in Paragraph 46.

47. ChoicePoint denies the allegations in Paragraph 47.

48. ChoicePoint admits it entered into contractual agreements, which are identified in its Motion to Dismiss. Those agreements speak for themselves. ChoicePoint denies all remaining allegations in Paragraph 48.

49. ChoicePoint denies the allegations in Paragraph 49 to the extent they related to ChoicePoint. ChoicePoint is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and, on that basis, denies them

## THIRD CLAIM

### (Breach of Contract—Against Equifax)

50-56. ChoicePoint denies that the allegations in these paragraphs require a response from ChoicePoint.

## FOURTH CLAIM

### (Breach of Contract—Against ECMS)

57-63. ChoicePoint denies that the allegations in these paragraphs require a response from ChoicePoint.

## FIFTH CLAIM

### (Equitable Indemnity/Implied Indemnity—Against All Third-Party Defendants)

64-69. Because the Court dismissed this Claim as to ChoicePoint in its Memorandum Opinion and Order dated March 5, 2008, no response is required to Paragraphs 64-69.

## SIXTH CLAIM

### (Contribution—Against All Third-Party Defendants)

70-75. Because the Court dismissed this Claim as to ChoicePoint in its Memorandum Opinion and Order dated March 5, 2008, no response is required to Paragraphs 70-75.

## SEVENTH CLAIM

### (Negligent Misrepresentation—Against All Third-Party Defendants)

76. ChoicePoint reasserts and realleges its answers to the foregoing Paragraphs 1-75 as if fully set forth herein.

77. With respect to the allegations concerning ChoicePoint in Paragraph 77, ChoicePoint admits that it entered into the contractual agreements attached to its Motion to Dismiss, which agreements speak for themselves. ChoicePoint denies all other allegations that concern it in Paragraph 77.

78. ChoicePoint denies all allegations that concern it in Paragraph 78. ChoicePoint is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 78 and, on that basis, denies them.

79. ChoicePoint denies all allegations that concern it in Paragraph 79. ChoicePoint is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 79 and, on that basis, denies them.

80. ChoicePoint denies all allegations that concern it in Paragraph 80. ChoicePoint is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 80 and, on that basis, denies them.

81. ChoicePoint denies all allegations that concern it in Paragraph 81. ChoicePoint is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 81 and, on that basis, denies them.

## **EIGHTH CLAIM**

### **(Negligence—Against All Third-Party Defendants)**

82-88. Because the Court dismissed this Claim as to ChoicePoint in its Memorandum Opinion and Order dated March 5, 2008, no response is required to Paragraphs 82-88.

## **NINTH CLAIM**

### **(Rescission of Contracts—Against All Third-Party Defendants)**

89. ChoicePoint reasserts and realleges its answers to the foregoing Paragraphs 1-88 as if fully set forth herein.

90. ChoicePoint admits it entered into contractual agreements, which are identified in its Motion to Dismiss. Those agreements speak for themselves. ChoicePoint is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 90 and, on that basis, denies them.

91. ChoicePoint admits it entered into contractual agreements, which are identified in its Motion to Dismiss. Those agreements speak for themselves. ChoicePoint denies all other allegations that concern it in Paragraph 91.

92. ChoicePoint denies all allegations that concern it in Paragraph 92. ChoicePoint is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 92 and, on that basis, denies them.

## PRAYER FOR RELIEF

ChoicePoint denies that Ameriquest is entitled to any damages, costs, fees, equitable or other relief from or against ChoicePoint.

## AFFIRMATIVE DEFENSES

1. The Third Party Complaint fails to state a claim for which relief can be granted.

2. Ameriquest's state and common law claims are preempted by the Supremacy Clause of the United States Constitution and the Fair Credit Reporting Act.

3. Ameriquest's claims are barred, in whole or part, by the statute of limitations and the doctrine of laches.

4. Ameriquest's claims are barred, in whole or part, by 15 U.S.C. §§ 1681h(e) and/or 1681(t).

5. Ameriquest's claims are barred, in whole or part, by equitable estoppel, waiver, and laches.

6. Ameriquest's claims are barred in, in whole or part, by the doctrines of assumption of risk, contributory negligence, failure of consideration, fraud, release, res judicata, statutes of fraud, and waiver.

7. Ameriquest's damages, if any, are due to its own conduct.

8. Ameriquest's damages are the result of acts or omissions committed by other parties over whom ChoicePoint has no responsibility or control.

9. Ameriquest's damages are the result of acts or omissions committed by non-parties over whom ChoicePoint has no responsibility or control.

10. The documents attached to the Non-Borrower Complaint constitute a "firm offer of credit" as that term is construed under the Fair Credit Reporting Act.

11. Any excessive award of punitive or statutory damages would violate, *inter alia*, due process guarantees under the United States Constitution and analogous provisions under state constitutions.

12. Any alleged reliance by Ameriquest was not reasonable.

13. ChoicePoint reserves the right to plead any additional affirmative defenses that may be revealed during the course of the litigation.

WHEREFORE, ChoicePoint respectfully requests that this Court dismiss Ameriquest's Third Party Complaint, with prejudice, and that ChoicePoint be awarded its costs and expenses, including reasonable attorneys' fees, in defending this action.

9

ChoicePoint requests a trial by jury of all the issues so triable.

                Respectfully Submitted,

                ChoicePoint Precision Marketing LLC

                By: /s/ Laurie S. Fulton
                    One of Its Attorneys

                Laurie S. Fulton (lfulton@wc.com)
                Jon R. Fetterolf (jfetterolf@wc.com)
                WILLIAMS & CONNOLLY LLP
                725 Twelfth Street, N.W.
                Washington, DC  20005
                (202) 434-5000

Dated:  March 19, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2008 a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Laurie S. Fulton