IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: <br><br> *Terry A. Bothwell, et al. v. Citi Residential Lending, Inc. et al.*; Case No. 06 C 5700 | |

### DEFENDANT CITI RESIDENTIAL LENDING INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant CITI RESIDENTIAL LENDING INC. ("Defendant"), by and through its attorneys, answers Plaintiffs TERRY A. BOTHWELL and CHERYL A. BOTHWELL ("Plaintiffs") Second Amended Complaint as follows.

### SECOND AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs Terry Bothwell and Cheryl Bothwell bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage and recover damages for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and state law.

**ANSWER:** **Defendant admits that Plaintiff has filed this lawsuit against it. Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company or any other defendant. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. § 226 or any state law. Defendant specifically denies any remaining allegations of Paragraph 1.**

## JUIUSDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question), 337 (interstate commerce), 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.  Plaintiffs Terry Bothwell and Cheryl Bothwell jointly own and reside in a home at 5142 Osage Avenue, Portage, IN 46368.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.  Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Indiana. Its registered agent is National Registered Agents, located at 320 Meridian Street, Indianapolis, IN 46204.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.  Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.  Defendant Ameriquest Mortgage Company made more than 26 loans per year.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TWA and Regulation Z.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.

8. Ameriquest Funding II, LLC, is a foreign corporation that transacts business in Michigan. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 8 and on that basis denies such allegations.

9. Defendant Citi Residential Lending, Inc. is a foreign corporation that does business in Michigan. It is located at 1100 Town & Country Road, Suite 1450, Orange, CA 92868.

**ANSWER:** Defendant admits that it is a foreign corporation with offices at 100 Town & Country Road, Suite 400, Orange CA. Defendant denies any remaining allegations of Paragraph 9.

10. Defendant Citi Residential Lending, Inc. services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** Defendant admits that it services loans originated by Ameriquest Mortgage Company, including Plaintiffs' loan and holds the right to receive payments on such loans. Defendant denies any remaining allegations of Paragraph 10.

## FACTS RELATING TO PLAINTIFFS

11. Plaintiffs are ordinary consumers. At the time of refinancing, Terry Bothwell was employed as a truck driver and Cheryl Bothwell was on disability.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12. Prior to September 20, 2005, plaintiffs applied over the phone for a mortgage with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13. Plaintiffs needed and used the roan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14. During the initial phone conversation, Cheryl Bothwell gave plaintiffs' credit information to an Ameriquest employee named Christopher Mallonee. Mallonee then told Ms. Bothwell that plaintiffs qualified for a 6.0% interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15. At no point before the closing did Mallonee or any other Ameriquest employee mention closing costs to either plaintiff.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16. The loan was closed on September 20, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17. Plaintiffs signed or received (not necessarily prior to consummation) the following documents relating to the loan:

   a. A note, Exhibit A;

   b. A mortgage, Exhibit B;

   c. A Truth in Lending disclosure statement, Exhibit C; and

   d. Two different notices of right to cancel, Exhibits D and E.

**ANSWER:** **The referenced documents speak for themselves, therefore no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

18. Plaintiffs received only a single copy of the federal notice of right to cancel.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19. During the closing, plaintiffs noticed that their documents listed a 6.99% interest rate instead of the 6.0% interest rate that Mallonee had promised them.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20. When plaintiffs protested the interest rate, Ameriquest's closing agent, a young woman named "Lisa," told them that 6.99% was the best rate that plaintiffs could get.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 20 and on that basis denies such allegations.

21. However, prior to quoting them the 6.0% rate, Ameriquest had pulled plaintiffs' credit reports and obtained financial information about the plaintiffs sufficient to evaluate the rate for which they qualified.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 21 and on that basis denies such allegations.

22. Finally, Ameriquest also contracted and undertook that payment of a "loan discount" fee would lower plaintiffs' interest rate. Exhibit G.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.

23. Plaintiffs paid a "loan discount" fee of $2,037.16. Exhibit H, line 802. However, Ameriquest did not lower their interest rate.

**ANSWER:** The referenced document speaks for itself, therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 23 and on that basis denies such allegations.

24. On information and belief, plaintiffs never received a copy of their settlement statement or a summarization of settlement charges before they were produced in discovery for this lawsuit.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.

25. Plaintiffs were later directed to make payments to AMC Mortgage Services, the, and shortly thereafter, to Defendant Mortgage Company, Inc. Then, in the summer of 2006,

plaintiffs were directed to make payments to AMC Mortgage Services, Inc., again. In 2007, plaintiffs were directed to make payments to Citi Residential Lending, Inc.

ANSWER: **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of the first two sentences of Paragraph 25 and on that basis denies such allegations. Defendant admits that it currently services Plaintiffs' loan and, on that basis, is entitled to receive payments on Plaintiffs' loan. Defendant denies any remaining allegations of Paragraph 25.**

26. On information and belief, Ameriquest Funding II, LLC owns plaintiffs' loan.

ANSWER: **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27. In the event Ameriquest Funding II, LLC does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

ANSWER: **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

## COUNT 1- TILA

28. Plaintiffs incorporate paragraphs 1-27. This claim is against all defendants.

ANSWER: **Defendant incorporates its answers to paragraph 1-27 in response to this paragraph.**

### RIGHT TO RESCIND

29. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a) <u>Consumer's right to rescind.</u>

        (1) **In a credit transaction in which a security**

        interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (1) of this section.(fn]47

  (2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

  (3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn] 48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(1)1

  (4)    When mare than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)    <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

  (l)    The retention or acquisition of a security interest in the consumer's principal dwelling.

  (2)    The consumer's right to rescind the transaction.

  (3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

  (4)    The effects of rescission, as described in paragraph (d) of this section.

>             (5)     The date the rescission period expires.
>
>     (f)     **Exempt transactions.** The right to rescind does not apply to the following:
>
>             (1)     A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling".
>
>             (2)     A credit plan in which a state agency is a creditor.

**ANSWER:** Because Paragraph 29 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## GROUND FOR RESCISSION

30.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, or the required financial disclosures, in violation of 15 U.S.C. § 1637 and 12 C.F.R. § 226.18, for (without limitation) the reasons stated below.

**ANSWER:** Because Paragraph 30 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.

31.     Ameriquest failed to deliver the correct number of federal notices of right to cancel to plaintiffs. 12 C.F.R. §226,23(a)(l); 12 C.F.R. §226.23(b). Further, plaintiffs received only one *completed* notice of right to cancel.

**ANSWER:** Because Paragraph 31 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.

32. In addition, the delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Because Paragraph 32 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit F</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34. The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to rescind their mortgage.**

35. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 35 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

36. 15 U.S.C. §635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may**

> award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:** **Because Paragraph 36 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

>   a.  A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;
>   b.  Statutory damages for the underlying disclosure violation;
>   c.  If appropriate, statutory damages for failure to rescind;
>   d.  Attorneys fees, litigation expenses and costs.
>   e.  Such other or further relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

### COUNT II - INDIANA DECEPTIVE CONSUMER SALES ACT

37. Plaintiffs incorporate paragraphs 1—27. This claim is against Ameriquest.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-27 in response to this paragraph.**

38. Plaintiffs used the proceeds of their Ameriquest loan for primarily personal and household purposes.

**ANSWER:** **Because Count II is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 38 and on that basis denies such allegations.**

39.　After taking plaintiffs' credit information. Ameriquest represented that the interest rate would be 6.0%. At closing. Ameriquest informed plaintiffs that their interest rate would be 6.99%. This bait-and-switch conduct violates the Indiana Deceptive Consumer Sales Act, Burns Ind. Code Ann. § 24-5-0.5-2 et seq.

**ANSWER:**　Because Count II is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 39 and on that basis denies such allegations.

40.　This act and representation were deceptive as to the subject matter of a consumer transaction, i.e., the terms of the loan and the cost of the loan.

**ANSWER:**　Because Count II is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 40 and on that basis denies such allegations.

41.　Ameriquest has not cured or offered to cure its deceptive act and representation.

**ANSWER:**　Because Count II is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 41 and on that basis denies such allegations.

42.　Ameriquest's act and representation are incurable.

**ANSWER:**　Because Count II is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 42 and on that basis denies such allegations.

43.　Ameriquest's deceptive act and misrepresentation were willful.

**ANSWER:**　Because Count II is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without

knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 43 and on that basis denies such allegations.

44. Plaintiffs suffered actual damages as the proximate result of Ameriquest's deceptive act and representation. § 24-5-0.5-4(a). Plaintiffs were promised a particular interest rate, then were forced to pay a higher interest rate after the closing of their loan.

**ANSWER:** **Because Count II is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against Ameriquest for:

    a. Actual damages;

    b. Increased damages for willful conduct;

    c. A voiding or limiting of Ameriquest's note and mortgage with plaintiffs.

    d. Restitution;

    e. Attorney's fees, costs and litigation expenses; and

    f. Any other or further relief that the Court deems just.

**ANSWER:** **Because Count II is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

## COUNT III - BREACH OECONTRACT

45. Plaintiffs incorporate paragraphs 1-27. This claim is against Ameriquest only.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-27 in response to this paragraph.**

46. Ameriquest represented that payment of a "loan discount fee" would result in a lower interest rate. Exhibit G.

ANSWER: **Because Count III is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47. Plaintiffs paid the fee of $2,037.16 (Exhibit 1-1, line 802) but did not receive a discounted rate.

ANSWER: **Because Count III is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48. Ameriquest thereby breached its agreement.

ANSWER: **Because Count III is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49. Plaintiffs were damaged.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

  a. Appropriate damages;

  b. Costs.

  c. Such other or further relief as the Court deems appropriate.

ANSWER: **Because Count III is directed at defendants other than CITI RESIDENTIAL, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1. Dismiss plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: March 19, 2008

By: /s/ Bernard E. LeSage
*Attorneys for Citi Residential Lending Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 17 -

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 19th day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/ Bernard E. LeSage_____