## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Jacob S. Billings, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 1:06-cv-01849 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., AS TRUSTEE'S
## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., as Trustee ("Defendant"), by and through its attorneys, answers Plaintiffs JACOB S. BILLINGS and TAYLOR N. BILLINGS ("Plaintiffs") Amended Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1.      Plaintiffs Jacob S. Billings and Taylor N. Billings bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**      **Defendant admits that Plaintiffs have filed this lawsuit against it.  Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company and denies that it violated the Truth in Lending Act, 15 U.S.C. § 1635 or Regulation Z, 12 C.F.R. part 226.  Defendant denies any remaining allegations of Paragraph 1.**

BN 1741239v1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:**     **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.      Plaintiffs Jacob and Taylor Billings jointly own and reside in a home at 1122 North Oakwood Drive, Fox Lake, IL 60020.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

BN 1741239v1

6.      Defendant Ameriquest Mortgage Company made more than 26 loans per year.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.      Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.      Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief, it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:    Defendant admits that it is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant admits that it serves as trustee for securitizations of some mortgage loans originated by Ameriquest Mortgage Company. Defendant denies any remaining allegations of Paragraph 8.**

9.      Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS

10.     Prior to February 16, 2005, plaintiffs applied for a mortgage with Ameriquest

Mortgage Company.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 10 and on that basis denies such
allegations.**

11.     Plaintiffs needed and used the loan for personal, family or household purposes,

namely, refinancing of prior debt incurred for such purposes.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 11 and on that basis denies such
allegations.**

12.     The loan was closed on February 16, 2005.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to truth of the allegations of Paragraph 12 and on that basis denies such
allegations.**

13.     Plaintiffs signed or received (not necessarily prior to consummation) the

following documents relating to the loan:

        a.      A note, Exhibit A;

        b.      A mortgage, Exhibit B;

        c.      A settlement statement, Exhibit C;

        d.      A Truth in Lending disclosure statement, Exhibit D;

      e.     Two different notices of right to cancel, <u>Exhibits E and F.</u>

**ANSWER:**    **Because the referenced documents speak for themselves, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

14.    Plaintiffs were charged a $7516.40 "loan discount." <u>Exhibit C</u>, line 802.

**ANSWER:**    **Because the referenced document speaks for itself, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

15.    Ameriquest undertook and represented, in the document attached as <u>Exhibit H</u> and delivered to plaintiffs at the closing, that the payment of a "loan discount" would reduce plaintiffs' interest rate.

**ANSWER:**    **Because the referenced document speaks for itself, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.    Instead of being reduced, plaintiffs' interest rate increased.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.    Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

- 5 -

Case: 1:05-cv-07097 Document #: 2051 Filed: 03/20/08 Page 6 of 14 PageID #:23380

18.    On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2005-R4CGM Under the Pooling & Servicing Agreement dated as of May 1, 2005, Without Recourse.

**ANSWER:**    **Defendant admits that it serves as Trustee for Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2005-R4, which includes Plaintiffs' loan.  Defendant denies any remaining allegations of Paragraph 18.**

19.    In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiffs' loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

## COUNT I - TRUTH IN LENDING ACT

20.    Plaintiffs incorporate paragraphs 1-19. This claim is against all defendants.

**ANSWER:**    **Defendant incorporates its answers to paragraphs 1-19 in response to this paragraph.**

## RIGHT TO RESCIND

21.    Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

(a)    **Consumer's right to rescind.**

(1)    **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to**

BN 1741239v1

rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

(2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4)    When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)    <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)    The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)    The consumer's right to rescind the transaction.

(3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)    The effects of rescission, as described in paragraph (d) of this section.

(5)    The date the rescission period expires....

(f)    <u>Exempt transactions</u>. The right to rescind does not

- 7 -

apply to the following:

    (1)    **A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

    (2)    **A credit plan in which a state agency is a creditor.**

**ANSWER:**     **Because Paragraph 21 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## GROUND FOR RESCISSION

22.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons.

**ANSWER:**     **Because Paragraph 22 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     The final date to cancel is not filled in on any of the federal Notice of Right to Cancel documents that plaintiffs received. See Exhibit E.

**ANSWER:**     **Because the referenced document speaks for itself, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

24.     The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Because Paragraph 24 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit</u> <u>G</u>.

**ANSWER:** **Because the referenced document speaks for itself, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

26.     The loan has not been rescinded.

**ANSWER:** **Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to rescind their mortgage.**

27.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** **Because Paragraph 27 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

28.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

a.  A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

b.  Statutory damages for the underlying disclosure violation;

c.  If appropriate, statutory damages for failure to rescind;

d.  Attorney's fees, litigation expenses and costs.

e.  Such other or further relief as the Court deems appropriate.

**ANSWER:**  **Because Paragraph 28 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT II - BREACH OF CONTRACT

29.  Plaintiffs incorporate paragraphs 1-19. This claim is against Ameriquest.

**ANSWER:**  **Because Count II is directed to defendants other than Deutsche Bank, as Trustee, no answer is required.  If an answer is required, Defendant incorporates its answers to paragraph 1-19 in response to this paragraph.**

30.  Ameriquest undertook, by means of Exhibit H, to reduce plaintiffs' interest rate if they paid a "loan discount."

**ANSWER:**  **Because Count II is directed to defendants other than Deutsche Bank, as Trustee, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.  Plaintiffs paid a $7516.40 "loan discount" (Exhibit C, line 802) but Ameriquest did not decrease plaintiffs' interest rate. Instead, Ameriquest increased plaintiffs' interest rate.

**ANSWER:**  **Because Count II is directed to defendants other than Deutsche Bank, as Trustee, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.**

- 10 -

32.     Ameriquest thereby violated its contract.

**ANSWER:**     **Because Count II is directed to defendants other than Deutsche Bank, as Trustee, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33.     Plaintiffs were damaged as a result.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against

Defendant for:

a.     Compensatory damages;

b.     Costs of suit;

c.     Such other and further relief as the Court deems proper.

**ANSWER:**     **Because Count II is directed to defendants other than Deutsche Bank, as Trustee, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

- 11 -

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

/ / /

/ / /

/ / /

- 12 -

## **PRAYER**

Defendant prays this court to:

1.    Dismiss Plaintiffs' Complaint;

2.    Enter judgment for Defendant and against Plaintiffs in this action;

3.    Award Defendant its costs of suit; and

4.    Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  March 20, 2008

By: /s/ Bernard E. LeSage
   *Attorneys for Deutsche Bank National*
   *Trust Company, As Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 1741239v1

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 20th day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Bernard E. LeSage _____

BN 1741239v1