UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE AMERIQUEST MORTGAGE COMPANY MORTGAGE LENDING PRACTICES LITIGATION** | **MDL No. 1715**<br><br>Lead Case No. 05-cv-07097<br><br>**Centralized before Judge Marvin E. Aspen** |
| **THIS DOCUMENT RELATES TO:**<br><br>**WESTMORELAND V. AMERIQUEST MORTGAGE CO.**, Case No. 07 C 4872 (N.D. Ill.) (transferred for pretrial proceedings; transferor court case no. 1:07-CV-01214-HTW (N.D. Ga.)) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT *INSTANTER*, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff moves the Court, under Rule 15(a) of the Federal Rules of Civil Procedure, for an order granting her leave to file, *instanter,* the proposed Second Amended Complaint attached hereto as Exhibit A. In support of this motion, Plaintiff states:

1. Plaintiff initiated this action in the Northern District of Georgia. It was subsequently transferred to the Northern District of Illinois as a tag-along action in the present multi-district litigation.

2. Plaintiff asserts herein a claim under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA"), to enforce her right to rescind a consumer credit transaction and to recover court costs, litigation expenses, and attorney's fees based on violations of TILA and implementing

Regulation Z, 12 C.F.R. pt. 226. Plaintiff also asserts a claim for breach of statutory duties imposed by the Georgia Residential Mortgage Act.

    3.    The parties have engaged in no formal discovery and are awaiting presentation of the case to a mediator.

    4.    Defendants have stipulated to the granting of a motion for leave to amend by Plaintiff to add an assignee of the mortgage loan transaction that is at issue herein ("mortgage").

    5.    Plaintiff has been awaiting assignee information that counsel for current Defendants stipulated that they would provide. However, the only information provided so far has been incomplete and apparently inaccurate.

    6.    Plaintiff's counsel recently discovered that the mortgage was assigned to WM Specialty Mortgage LLC ("WMMS").

    7.    The proposed Second Amended Complaint adds WMMS as a defendant and contains new allegations relevant to WMMS.

    8.    Plaintiff seeks in good faith to amend her pleading to assert a claim that relates to WMMS; no new claim is asserted against either of the current defendants. The offered amendments are not for purposes of delay, and will not unduly prejudice the current defendants, because they involve facts that are already within the current defendants' knowledge and are not capable of dispute.

## MEMORANDUM OF LAW

Rule 15(a) mandates that leave to amend a pleading be freely given when justice so requires. <u>Foman v. Davis</u>, 371 U.S. 178 (1962). This Rule "circumscribes the exercise of the

district court's discretion; thus, unless a <u>substantial</u> reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." <u>Shipner v. Eastern Air Lines, Inc.</u>, 868 F.2d 401, 407 (11th Cir. 1989) (emphasis added). There is no reason herein for denial of Plaintiff's requested amendment. None of the factors listed in <u>Foman</u> as possible grounds for denying amendment (i.e., undue delay, bad faith or dilatory motive, repetitive amendments, undue prejudice, futility) is present. Accordingly, the present motion must be granted. <u>Moore v. Baker</u>, 989 F.2d 1129, 1131 (11th Cir. 1993) ("a justifying reason <u>must be apparent</u> for denial of a motion to amend") (emphasis added). See also <u>Hely & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.</u>, 663 F.2d 419, 426 (3d Cir. 1981) (to show prejudice from a proposed Rule 15(a) amendment, the party opposing the amendment "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely").

      WHEREFORE, Plaintiff moves the Court for an order allowing her to file the attached proposed Second Amended Complaint, *instanter*.


s/Charles M. Baird
Charles M. Baird
Georgia Bar No. 032500
Attorney at Law
235 Peachtree Street
Suite 400
Atlanta, Georgia 30303-1400
 (404) 522-9485
Fax: (404) 627-7056
charlesmbaird@att.net

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on March 20, 2008, the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>s/Charles M. Baird</u>