UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE COMPANY MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before Judge Marvin E. Aspen |
| **THIS DOCUMENT RELATES TO:**<br><br><u>WESTMORELAND V. AMERIQUEST MORTGAGE CO., WM SPECIALTY MORTGAGE LLC, and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE</u>, Case No. 07 C 4872 (N.D. Ill.) | |

## SECOND AMENDED COMPLAINT

Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This Second Amended Complaint is filed under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA") and implementing Regulation Z, 12 C.F.R. pt. 226 ("Regulation Z"), to enforce Plaintiff's right to rescind a mortgage and to recover damages, court costs, litigation expenses, and attorney's fees based on violations of TILA. Plaintiff also asserts a claim, via Ga. Code Ann. §§ 51-1-6, 51-1-8, for breach of statutory duties imposed by the Georgia Residential Mortgage Act.

### II. JURISDICTION

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C.

§§1331, 1337, 1367.

### III.  PARTIES

3.	Plaintiff is a United States citizen who resides in Fulton County, Georgia.

4.	Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation that regularly engages in the business of mortgage lending and does substantial business in the forum state. Ameriquest's corporate headquarters is at 1100 Town & Country Road, Suite 200, Orange, California 92868.

5.	Defendant Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank") is a corporation that holds securitized pools of residential mortgage loans, including loans originated by Ameriquest. Deutsche Bank does substantial business in the forum state. Deutsche Bank's corporate address is 1761 East Saint Andrew Place, Santa Ana, California 92705-4934.

6.	Defendant WM Specialty Mortgage LLC ("WMSM") is a foreign corporation that transacts business in the forum state. It holds legal title to a number of mortgage loans originated by Ameriquest, including Plaintiff's mortgage loan that is the subject of the present action. The registered agent for WMSM is Corporation Service Company, located at 84 State Street, Boston, Massachusetts 02109.

### IV.  FACTUAL BACKGROUND

7.	At all times relevant hereto, Ameriquest, in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

8.	On or about March 21, 2005, Plaintiff entered into a consumer credit transaction with Ameriquest involving a promissory note and a security deed ("the Transaction").

Ameriquest was the initial payee on the promissory note and the extended credit was subject to a finance charge. Under the terms of the promissory note, the annual interest rate is variable and can increase to 15.6 per cent.

9. The Transaction is subject to TILA.

10. As part of the Transaction, Ameriquest acquired a security interest in residential real property already owned by Plaintiff and used as her principal dwelling.

11. As a condition of the extension of credit in the Transaction, Ameriquest charged Plaintiff $76,731.27 to pay off a preexisting mortgage ("Prior Transaction") with Ameriquest. Ameriquest claimed that this was the actual amount owing on the Prior Transaction. However, a lesser amount was actually owing.

12. Ameriquest accepted and kept the above $76,731.27 payment in its entirety, knowing that the payment was higher than the payoff amount actually owing. This conduct by Ameriquest was unfair and deceptive, and extracted from Plaintiff an unauthorized, illegal charge without her knowledge.

13. The above conduct constituted a breach by Ameriquest of the duty of good faith and fair dealing that it owed to Plaintiff.

14. The above conduct also constituted failure by Ameriquest to disburse the proper amount of funds to Plaintiff as agreed in the Transaction.

15. By the above conduct, Ameriquest misrepresented or concealed material facts, factors, terms, and conditions with respect to the Transaction.

16. The above conduct also amounted to an improper refusal by Ameriquest to issue a

satisfaction of the security deed that it took in the Prior Transaction unless Ameriquest was paid an illegally excessive amount to do so from the proceeds of the Transaction.

17.   In connection with the Transaction, Ameriquest imposed upon Plaintiff, as a condition of extending credit, an "intangible tax" of $294. This amount significantly exceeded the amount of the intangible tax that was actually owed and payable for recordation of the security deed executed in the Transaction.

18.   The above imposition of an inflated intangible tax by Ameriquest was unfair and deceptive, and extracted from Plaintiff an unauthorized, illegal charge without her knowledge. This conduct also constituted a breach by Ameriquest of the duty of good faith and fair dealing that it owed to Plaintiff.

19.   Ameriquest assigned its interest in the Transaction to WMSM. The assignment occurred on or about January 9, 2007.

20.   In connection with the Transaction, Defendants brought a judicial foreclosure proceeding against Plaintiff.

21.   On information and belief, based on its having brought a judicial foreclosure proceeding against Plaintiff, Deutsche Bank was or is an assignee of the Transaction.

V.   FEDERAL CLAIMS: RESCISSION UNDER TILA

22.   Plaintiff incorporates above paragraphs 1-21.

23.   In connection with the Transaction, Ameriquest was required to provide disclosures under TILA.

24.   The Transaction is subject to the rescission remedy described in TILA at 15

U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

25. In connection with the Transaction, Ameriquest violated TILA and Regulation Z by not providing Plaintiff with proper disclosure of either the material credit terms in the Transaction or Plaintiff's right to rescind the Transaction. For example, the "finance charge" in the Transaction was understated by more than $35, and Plaintiff did not receive a legally sufficient Notice of Right to Cancel.

26. As a result of the above violations of TILA and Regulation Z, Plaintiff obtained a continuing right to rescind the Transaction, along with a right to obtain attorney's fees, costs, and litigation expenses in connection with an action to enforce the rescission right.

27. On May 25, 2007, Plaintiff rescinded the Transaction by having her attorney send timely rescission demands under TILA to Ameriquest and to Deutsche Bank.

28. Upon the mailing of the above rescission demands on May 25, 2007, Plaintiff and Defendants were immediately and automatically returned to the status quo ante with respect to the Transaction. Accordingly, all contractual obligations arising from or connected with the Transaction were rendered, as of May 25, 2007, void and unenforceable.

29. Ameriquest received the above May 25, 2007, rescission demand no later than May 30, 2007, and did not meet the terms of the demand within twenty days of such receipt.

30. Deutsche Bank received the above May 25, 2007 rescission demand no later than May 29, 2007, and did not meet the terms of the demand within twenty days of such receipt.

31. As a result of the above violations of TILA and Regulation Z, Plaintiff has claims against Ameriquest and Deutsche Bank, under 15 U.S.C. §§ 1640, 1641, for statutory damages in

the amount of $4000, actual damages, costs, litigation expenses, and attorney's fees.

32. On March 20, 2008, Plaintiff, having determined that WMMS was an assignee of the Transaction, mailed a TILA rescission demand to WMMS.

33. Actual damages under TILA resulting from Defendants' failure to comply with Plaintiff's rescission demands and from any attempted foreclosure despite the unenforceability of the security deed will include loss of equity in Plaintiff's home, relocation expenses, emotional distress, and injury to reputation.

VI. STATE CLAIM: BREACH OF STATUTORY DUTIES
(AGAINST AMERIQUEST)

34. Plaintiff incorporates above paragraphs 1-33.

35. Under the Georgia Residential Mortgage Act, Ga. Code Ann. §7-1-1013, Ameriquest had a general duty of "good faith" and "fair dealing" in its business relationships with Plaintiffs in connection with the Transaction and the Prior Transaction. Ameriquest also had more specific duties, such as to disburse the proper amount of funds to Plaintiff, not to misrepresent or conceal material facts, factors, terms, or conditions of Plaintiff's mortgage loans, and not to condition satisfaction of a security deed taken from Plaintiff upon payment of an illegally excessive amount claimed due.

36. Ameriquest willfully and intentionally breached the above duties and imposed upon Plaintiff unauthorized and illegal charges, which constituted conversion.

37. Plaintiff has been damaged as a result of the conduct by Ameriquest alleged above, and in particular the conduct alleged in prior paragraphs 11-18 herein, and is entitled to

damages under Ga. Code Ann. §§51-1-6, 51-1-8.

38. The above conduct by Ameriquest authorizes the imposition of punitive damages, pursuant to Ga. Code Ann. §51-12-5.1, in that it shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences, and Plaintiff seeks such damages.

WHEREFORE, Plaintiff prays that this Court:

(1) declare that Plaintiff's rescission of the Transaction had the immediate and automatic effect of rendering void and unenforceable all contractual obligations arising from or connected with the Transaction and of returning Plaintiff and Defendants to the status quo ante;

(2) rescind the Transaction and declare void all of the charges imposed therein;

(3) declare void any security interest created in the Transaction;

(4) order Defendants to take any action necessary to terminate any security interest in Plaintiff's property created in the Transaction;

(5) enjoin Defendants, temporarily during the pendency of this action and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiff's property, from asserting or recording any lien or other encumbrance of any kind on that property, and from otherwise taking any steps to deprive Plaintiff of her interest in that property or to limit, qualify, or inhibit that interest in any way;

(6) order the return to Plaintiff of any money or property given by her to anyone, including Defendants, in connection with the Transaction;

(7) under TILA, award Plaintiff $4000 in statutory damages, plus actual damages to be determined at trial, costs, litigation expenses, and attorney's fees;

(8) under the Georgia Residential Mortgage Act, enter an award in favor of Plaintiff and against Ameriquest for actual and punitive damages in amounts to be determined at trial, plus costs and litigation expenses;

(9) hold a jury trial on all issues so triable;

(10) award such other and further relief as the Court deems just and proper.

TRIAL BY JURY DEMANDED

s/Charles M. Baird  
Charles M. Baird  
Georgia Bar No. 032500

Attorney at Law  
235 Peachtree Street, Suite 400  
Atlanta, Georgia 30303-1400  
(404) 522-9485  
Fax: (404) 627-7056  
E-mail: charlesmbaird@att.net               Attorney for Plaintiff