IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Denise Ritter, et al. v. Ameriquest Mortgage Company, et al.*; Case No. C.A. 07-03940 | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiffs DENISE RITTER, THOMAS J. MORINE and MARY JO and TIMOTHY COADY's ("Plaintiffs") Amended Complaint as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23 and it's Massachusetts counterpart, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32 (hereinafter "MCCDA").

**ANSWER:** Defendant admits that Plaintiff has filed this lawsuit. Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq.*, Regulation Z, 12 C.F.R. part 226 or Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32. Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company. Defendant denies any remaining allegations of paragraph 1.

BN 1824275v1

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§ 1331 (general jurisdiction), 1332 (diversity jurisdiction) and 1337 (interstate commerce).

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of paragraph 2.**

3.   Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

**ANSWER:** **Defendant does not dispute venue. Defendant denies any remaining allegations of paragraph 3.**

## PARTIES AND FACTS

### Facts Pertaining to Plaintiff Denise Ritter

4.   Plaintiff Denise Ritter resides at 551 Winter Street, North Andover, MA 01845.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.   On or about October 23, 2004 Plaintiff Ritter and her husband obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.   In connection with the transaction, Plaintiff Ritter received or signed the following document:

    1.   A note in the principal amount of $247,000;

    2.   A mortgage;

BN 1824275v1

       3.     A Truth in Lending statement;

       4.     Notices of right to cancel, one copy attached as <u>Exhibit 1</u>;

       5.     A One Week Cancellation Period form attached as <u>Exhibit 2</u>; and

       6.     A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

       7.     In fact, Denise Ritter and her husband were provided the total of nine (9) copies of the right to cancel in which five (5) copied were incomplete and undated.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis denies such allegations.**

       8.     On or about May 4, 2007 Plaintiff Ritter exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 3.</u>

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and on that basis denies such allegations.**

### Facts pertaining to Plaintiff Thomas J. Morine

       9.     Plaintiff Thomas J. Morine resides at 50 Blood Street, Pepperell, MA 01463.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

       10.    On or about January 13, 2006 Plaintiff Morine obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation, All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11. In connection with the transaction, Plaintiff Morine received or signed the following documents:

      1. A note in the principal amount of $352,000;

      2. A mortgage;

      3. A Truth in Lending statement;

      4. A notice of right to cancel, attached as, <u>Exhibit 4</u>;

      5. A One Week Cancellation Period form, attached as <u>Exhibit 5</u>; and

      6. A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.**

12. On or about January 5, 2007 Plaintiff Morine exercise his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 6</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis denies such allegations.**

      **Facts Pertaining to Plaintiffs Mary Jo Coady and Timothy Coady**

13. Plaintiffs Mary Jo and Timothy Coady reside at 364 Merrimack Street, Methuen, MA 01844.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

BN 1824275v1

14. On or about June 13, 2005 Plaintiffs Coady obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan are used for personal, family or household purposes.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15. In connection with the transaction, Plaintiffs Coady received or signed the following documents:

    1. A note in the principal amount of $180,000;

    2. A mortgage;

    3. A Truth in Lending statement;

    4. A notice of right to cancel, attached as Exhibit 7;

    5. A One Week Cancellation Period form; attached as Exhibit 5; and

    6. A HUD-1 Settlement Statement.

**ANSWER: The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

16. On or about April 17, 2007 Plaintiffs Coady exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 9.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis denies such allegations.**

### DEFENDANTS

17. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92869.

- 5 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.**

18. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.**

19. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies such allegations.**

20. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.**

21. Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Massachusetts. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 303 Congress Street, 2nd Floor, Boston. MA 02110.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.**

22. Defendant AMC Mortgage Services, an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive Payments thereunder. It is joined as a necessary Party.

- 6 -

BN 1824275v1

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies such allegations.

23. Defendant Deutsche Bank, is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief, it holds legal title to some of Plaintiffs' Loans as trustee.

**ANSWER:** Defendant admits that it is a national banking association with its place of business located at 1761 East St. Andrew Place, Santa Ana, CA 92705. Defendant admits that it serves as Trustee for securitizations of loans originated by Ameriquest Mortgage Company. Defendant denies the remaining allegations of Paragraph 23.

24. Defendant Ameriquest Mortgage Securities, Inc, an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Massachusetts. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including Plaintiffs. It is located at 1100 Town & Country Road. Suite 1100, Orange, CA 92868.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies such allegations.

25. Defendant Washington Mutual Bank is a federally chartered savings association with its headquarters in Seattle, Washington. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, relative to Plaintiff Denise Ritter. It is joined as a necessary party.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies such allegations.

### TRUTH IN LENDLNG ACT AND/OR THE MCCDA

26. Plaintiffs incorporate ¶¶ 1-25 as if fully set out herein.

**ANSWER:** Defendant restates its answers to paragraphs 1-25 in response to this paragraph.

- 7 -

BN 1824275v1

27. Because all of the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the *Right To Cancel* provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 and the corresponding provisions of the MCCDA. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C § 1635(a) Emphasis added)

**ANSWER:** Because paragraph 27 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

28. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor deliver to each person entitled to rescind two copies of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:** Because paragraph 28 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

29. More specifically, the Regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:** (Emphasis added)

  (i)  The retention or acquisition of a security interest in the consumer's principal dwelling.

  (ii)  The consumer's right to rescind the transaction.

  (iii)  How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

  (iv)  The effects of rescission, as described in paragraph (d) of this section.

  (v)  <u>The date the rescission period expires.</u> (12 C.F.R. § 226.23(b)(1).)

**ANSWER:** Because paragraph 29 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

## DEFECTIVE NATURE OF DISCLOSURE

### Incomplete Notices

30. In connection with the refinance transactions referenced herein, the Defendant Ameriquest failed to deliver two copies of a document that "<u>clearly and conspicuously disclose</u>" the rescission rights of each person entitled to rescind in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23 and, the corresponding provisions of the MCCDA.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 30 and on that basis denies such allegations.

31. The copies of the notice of right to cancel actually delivered by the Defendant in connection with the Plaintiffs' mortgage refinance loans were incomplete and therefore, defective in that the notices did not state the date of the transaction and the date of the expiration of the rescission period, in violation of 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. §226.23 and the corresponding provisions of the MCCDA.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 31 and on that basis denies such allegations.

BN 1824275v1

## One Week Form

32. Plaintiffs allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see Exhibits 2, 5 and 8) detracts from and obfuscates the Notice of Right to Cancel (see Exhibits 1, 4 and 7) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the **"clear and conspicuous"** disclosures requirement of 15 U.S.C. § 1635, Regulation Z, 12 C.F.R. § 226.23 and the corresponding provisions of to MCCDA.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 33 and on that basis denies such allegations.**

34. Further the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;

      3.       Statutory damages;

      4.       Attorney's fees, litigation expenses and costs,

      5.       Such other relief as the Court deems appropriate.

**ANSWER:**     **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## AFFIRMATIVE DEFENSES

    1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

    2.     Plaintiffs' claims are barred by the applicable statute of limitations.

    3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

    4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

    5.     Plaintiffs' claims are barred by the applicable statute of frauds.

    6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

    7.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

    8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

    9.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

    10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

    11.     As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BN 1824275v1

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

                                                  Respectfully submitted,

DATED: March 26, 2008                 By: /s/ Bernard E. LeSage
                                                  *Attorneys for Deutsche Bank National Trust Company, as Trustee*

                                                  Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

    I, Bernard E, LeSage, hereby certify that on this 26th day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:     /s/ Bernard E. LeSage