## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *William Meehan, et al. v. Ameriquest Mortgage Company, et al.*; Case No. C.A. 06-C-4727 | |

### DEFENDANT WM SPECIALTY MORTGAGE LLC'S
### ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE LLC (erroneously sued as WASHINGTON MUTUAL BANK) ("Defendant"), by and through its attorneys, answers Plaintiffs WILLIAM MEEHAN, DEBRA A. JONES, FRANCES C. HENNESSEY, JACQUELINE A. ARCHAMBAULT, THOMAS MAY, JOAN FORTIN, KATHLEEN SOUSA, RICHARD PETYON, GERALD and ALINE LAFONTAINE, KIMBERLY A. O'GRADY, THOMASINA L. TURNER, DONALD R. DESLAURIERS, TINA and LOUIS VALLIERE, KEVIN MORGAN, MARK and GAYLE FAZIO, ROLAND and SHIRLEY VADENAIS, LINDA S. SILVA, CHARLES E. SULLIVAN, LISA A REBELLO (RODI) and TRACY A. BUTLER's ("Plaintiffs") Amended Complaint as follows.

### AMENDED COMPLAINT

### INTRODUCTION

1.      This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 (hereinafter" Regulation Z"), and it's Massachusetts

- 1 -

counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 14017 and

209 C.M.R. part 32 (hereinafter "MCCDA").

**ANSWER:** **Defendant admits that Plaintiffs have filed this lawsuit. Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq.*, Regulation Z, 12 C.F.R. part 226 or Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32. Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company. Defendant denies any remaining allegations of paragraph 1.**

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1540

(TILA), and 28 U.S.C. §§1331 (general jurisdiction), 1332 (diversity jurisdiction) and 1337

(interstate commerce).

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of paragraph 2.**

3.     Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because

Defendant does business in this District. Defendant is therefore deemed to reside in this District

under 28 U.S.C. § 1391(c).

**ANSWER:** **Defendant does not dispute venue. Defendant denies any remaining allegations of paragraph 3.**

## PARTIES AND FACTS

## FACTS RELATING TO PLAINTIFF WILLIAM MEEHAN

4.     Plaintiff William Meehan resides at 1096 Bullocks Point, East Providence, RI

02915.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.     On or about March 4, 2004 Plaintiff William Meehan obtained a loan from

Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds

of the loan were used for personal, family or household purposes.

- 2 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6.    The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the plaintiff as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis denies such allegations.**

7.    In connection with the transaction, Plaintiff William Meehan received or signed the following documents:

1.    A note in the principal amount of $173,000;

2.    A mortgage;

3.    A Truth in Lending statement;

4.    A notice of right to cancel, attached as Exhibit 1;

5.    A One Week Cancellation Period form; attached as Exhibit 2; and

6.    A HUD -1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

8.    On or about July 17, 2006 Plaintiff William Meehan exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

- 3 -

9.    Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

### FACTS RELATING TO PLAINTIFF DEBRA A. JONES

10.    Plaintiff Debra A. Jones resides at 569 Smithfield Road, Apt 4, .North Providence, RI  02904.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.    On or about April 9, 2004 Plaintiff Debra A. Jones obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12.    The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.    In connection with the transaction, Plaintiff Debra A. Jones received. or signed the following documents:

1.    A note in the principal amount of $67,500;

- 4 -

2.    A mortgage,

3.    A Truth in lending statement;

4.    A notices of night to cancel, attached as <u>Exhibit 4</u>;

5.    A One Week Cancellation Period form; attached as <u>Exhibits 5</u>; and

6.    A HUD-1 Settlement Statement.

**ANSWER:    The referenced documents speak for themselves; therefore no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.**

14.    On or about July 17, 2006 Plaintiff Debra A. Jones exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest.  A Copy of the notice is attached as <u>Exhibit 6</u>.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.    Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

## <u>FACTS RELATING TO PLAINTIFF FRANCES C. HENNESSEY</u>

16.    Plaintiff Frances C. Hennessey resides at 137 Fairway Drive, North Providence, RI  02852.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.    On or about May 6, 2005 Plaintiff Frances C. Hennessey obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

BN 1834551v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

18.     The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.     In connection with the transaction, Plaintiff Frances C. Hennessey received or signed the following documents:

      1.     A note in the principal amount of $113,500;

      2.     A mortgage;

      3.     A Truth in Lending statement;

      4.     A notices of right to cancel, attached as Exhibit 7;

      5.     A One Week Cancellation Period form; attached as Exhibit 8; and

      6.     A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies such allegations.**

20.     On or about July 17, 2006 Plaintiff Frances C. Hennessey exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 9.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.      Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

### FACTS RELATING TO PLAINTIFF JACQUELINE A. ARCHAMBAULT

22.      Plaintiff Jacqueline A. Archambault resides at 30 Baxter Street, Woonsocket, RI 02895.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.      On or about April 15, 2005 Plaintiff Jacqueline A. Archambault obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.      The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.      In connection with the transaction, Plaintiff Jacqueline A. Archambault received or signed the following documents:

        1.      A note in the principal amount of $125,000;

- 7 -

2.   A mortgage;

3.   A Truth in Lending statement;

4.   A notices of right to cancel, attached as <u>Exhibit 10</u>;

5.   A One Week Cancellation Period form; attached as <u>Exhibit 11</u>; and

6.   A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies such allegations.**

26.   On or about July 17, 2006 Plaintiff Jacqueline A. Archambault exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 12</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

27.   Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF THOMAS MAY

28.   Plaintiff Thomas May resides at 1 Brook Street, North Providence, RI 02911.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

29.   On or about June 9, 2004 Plaintiff Thomas May obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30.     The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

31.     In connection with the transaction, Plaintiff Thomas May received or signed the following documents:

  1.     A note in the principal. amount of $196,000;

  2.     A mortgage;

  3.     A Truth in Lending statement;

  4.     A notice of right to cancel, attached as Exhibit 13;

  5.     A One Week Cancellation Period form; attached as Exhibit 14; and

  6.     A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and on that basis denies such allegations.**

32.     On or about July 17, 2006 Plaintiff Thomas May exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 15.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

- 9 -

33.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:**     **Defendant admits that the loan was not rescinded. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 33 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF JOAN FORTIN

34.     Plaintiff Joan Fortin resides at 9-11 Mill Street, Warren, RI 02885.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and on that basis denies such allegations.**

35.     On or about February 23, 2005 Plaintiff Joan Fortin obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and on that basis denies such allegations.**

36.     The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and on that basis denies such allegations.**

37.     In connection with the transaction, Plaintiff Joan Fortin received or signed the following documents:

        1.      A note in the principal amount of $272,000;

        2.      A mortgage,

- 10 -

      3.      A Truth in Lending statement;

      4.      A notices of right to cancel, attached as <u>Exhibit 16</u>;

      5.      A One Week Cancellation Period form; attached as <u>Exhibit 17</u>, and

      6.      A HUD-1 Settlement Statement.

**<u>ANSWER</u>:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and on that basis denies such allegations.**

38.      On or about July 5, 2006 Plaintiff Joan Fortin exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the loan is attached as <u>Exhibit 18</u>.

**<u>ANSWER</u>:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and on that basis denies such allegations.**

39.      Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**<u>ANSWER</u>:** **Defendant admits that the loan was not rescinded. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 39 and on that basis denies such allegations.**

## <u>FACTS RELATING TO PLAINTIFF KATHLEEN SOUSA</u>

40.      Plaintiff Kathleen Sousa resides at 333 Hope Furnance Rd., Scituate, RI 02874.

**<u>ANSWER</u>:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis denies such allegations.**

41.      On or about April 12, 2005 Plaintiff Kathleen Sousa obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

BN 1834551v1

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis denies such allegations.**

42.     The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and on that basis denies such allegations.**

43.     In connection with the transaction, Plaintiff Kathleen Sousa received or signed the following documents:

1.     A note in the principal amount of $176,000;

2.     A mortgage;

3.     A Truth in Lending statement,

4.     A notices of right to cancel, attached as Exhibit 19;

5.     A One Week Cancellation Period form; attached as Exhibit 20; and

6.     A HUD-1 Settlement Statement.

**ANSWER:**   **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and on that basis denies such allegations.**

44.     On or about July 3, 2006 Plaintiff Kathleen Sousa exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 21.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and on that basis denies such allegations.**

BN 1834551v1

45. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

### FACTS RELATING TO PLAINTIFF RICHARD PEYTON

46. Plaintiff Richard Peyton resides at 55 Braymans Lane, Portsmouth, RI 02871.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

47. On or about February 9, 2005 Plaintiff Richard Peyton obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and on that basis denies such allegations.**

48. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49. In connection with the transaction, Plaintiff Richard Peyton received or signed the following documents:

      1. A note in the principal amount of $197,930;

      2. A mortgage;

- 13 -

3.      A Truth in Lending statement;

4.      A notice of right to cancel, attached as <u>Exhibit 22</u>;

5.      A One Week Cancellation Period form; attached as <u>Exhibit 23</u> and

6.      A HUD-1 Settlement Statement.

**<u>ANSWER:</u>    The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and on that basis denies such allegations.**

50.      On or about June 19, 2006 Plaintiff Richard Peyton exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit. 24</u>.

**<u>ANSWER:</u>    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

51.      Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**<u>ANSWER:</u>    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and on that basis denies such allegations.**

**<u>FACTS RELATING TO PLAINTIFFS GERALD J. AND ALINE A. LAFONTAINE</u>**

52.      Plaintiffs Gerald J. LaFontaine and Aline A. LaFontaine reside at 29 Francis Ave., East Providence, RI 02915.

**<u>ANSWER:</u>    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and on that basis denies such allegations.**

53.      On or about August 21, 2004 Plaintiffs LaFontaine obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 and on that basis denies such allegations.**

54.     The closing of said refinancing transaction was conducted by a title company named, Nicholas Barren & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding; the actual closing of the Plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiffs as referenced herein,

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and on that basis denies such allegations.**

55.     In connection with the transaction, Plaintiffs LaFontaine received or signed the following documents.

    1.   A note in the principal amount of $100,000;

    2.   A mortgage;

    3.   A Truth in Lending statement;

    4.   A notice of right to cancel, attached as Exhibit 25;

    5.   A One Week Cancellation Period form; attached as Exhibit 26; and

    6.   A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and on that basis denies such allegations.**

56.     On or about July 5, 2006 the Plaintiffs LaFontaine exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A, Copy of the notice is attached as Exhibit 27.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 and on that basis denies such allegations.**

- 15 -

57.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and on that basis denies such allegations.**

### FACTS RELATING TO PLAINTIFF KIMBEFRLEE .A. O'GRADY
### (a.k.a. Kimberlee A. Dashnaw)

58.     Plaintiff Kimberlee A. O'Grady resides at 525 Willett Ave. Riverside, RI  02915.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 and on that basis denies such allegations.**

59.     On or about May 12, 2004 Plaintiff Kimberlee A. O'Grady obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and on that basis denies such allegations.**

60.     The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates.  Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and on that basis denies such allegations.**

61.     In connection with the transaction, Plaintiff Kimberlee A. O'Grady received or signed the following documents;

      1.     A note in the principal amount of $178,000;

      2.     A mortgage;

- 16 -

3.    A Truth in Lending statement;

4.    A notices of right to cancel, attached as Exhibit 28;

5.    A One Week Cancellation Period form; attached as Exhibit 29; and

6.    A HUD-l Settlement Statement.

**ANSWER:**    **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and on that basis denies such allegations.**

62.    On or about July 5, 2006 Plaintiff Kimberlee A, O'Grady exercised her extended right to rescind the loan for violations of TILA. A. notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 30.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and on that basis denies such allegations.**

63.    Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff' received accurate disclosures under the TILA.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and on that basis denies such allegations.**

**FACTS RELATING TO PLAINTIFF THOMASINA L. TURNER**

64.    Plaintiff Thomasina L. Turner resides at 427 Orms Street, Providence, RI 02908.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and on that basis denies such allegations.**

65.    On or about May 24, 2005 Plaintiff Thomasina L. Turner obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

- 17 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 and on that basis denies such allegations.**

66. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 and on that basis denies such allegations.**

67. In connection with the transaction, Plaintiff Thomasina L. Turner received or signed the following documents:

      1.    A note in the principal amount of $166,500;

      2.    A mortgage;

      3.    A Truth in Lending statement;

      4.    A notices of right to cancel, attached as Exhibit 31;

      5.    A One Week Cancellation Period form; attached as Exhibit 32; and

      6.    A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and on that basis denies such allegations.**

68. On or about June 19, 2006 Plaintiff Thomasina L. Turner exercised her extended right to rescind the loan for violations of TILA, A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 33.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and on that basis denies such allegations.**

- 18 -

69. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and on that basis denies such allegations.**

### FACTS RELATTNG TO PLAINTIFF DONALD R. DESLAURIERS

70. Plaintiff Donald R. Deslauriers resides at 878 Bernon Street, Woonsocket, RI 02895.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 and on that basis denies such allegations.**

71. On or about May 18, 2005 Plaintiff Donald R. Deslauriers obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and on that basis denies such allegations.**

72. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 and on that basis denies such allegations.**

73. In connection with the transaction, Plaintiff' Donald R. Deslauriers received or signed the following documents:

      1. A note in the principal amount of $222,000;

- 19 -

2.	A mortgage;

3.	A Truth in Lending statement;

4.	A notice of right to cancel, attached as Exhibit 34;

5.	A One Week Cancellation Period form; attached as Exhibit 35; and

6.	A HUD-1 Settlement Statement.

**ANSWER:**	**The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and on that basis denies such allegations.**

74.	On or about June 26, 2006 Plaintiff Donald R. Deslauriers exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 36.

**ANSWER:**	**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and on that basis denies such allegations.**

75.	Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:**	**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 and on that basis denies such allegations.**

**FACTS RELATING TO PLAINTIFFS TINA M. AND LOUIS J. VALLIERE**

76.	Plaintiff's Tina M. Valliere and Louis J. Valliere reside at 25 Gateway Court, Warwick, RI 02889.

**ANSWER:**	**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 and on that basis denies such allegations.**

77.	On or about June 30, 2005 Plaintiff's Valliere obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan, were used for personal, family or household purposes.

- 20 -

BN 1834551v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and on that basis denies such allegations.**

78.     The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and. belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff's as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and on that basis denies such allegations.**

79.     In connection with the transaction, Plaintiffs Valliere received or signed the following documents:

1.     A note in the principal amount of $213,514;

2.     A mortgage;

3.     A Truth in Lending statement;

4.     A notice of right to cancel, attached as Exhibit 37;

5.     A One Week Cancellation Period form; attached as Exhibit 38; and

6.     A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and on that basis denies such allegations.**

80.     On or about July 17, 2006 the Plaintiffs Valliere exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 39.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and on that basis denies such allegations.**

BN 1834551v1

81.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 and on that basis denies such allegations.**

### FACTS RELATING TO PLAINTIFF KEVIN MORGAN

82.     Plaintiff Kevin Morgan resides at 27 Rodman Street, Providence, RI 02907.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 and on that basis denies such allegations.**

83.     On or about April 13, 2004 Plaintiff Kevin Morgan obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 and on that basis denies such allegations.**

84.     The closing of said refinancing transaction was conducted by a title company named, Nicholas Barren & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 and on that basis denies such allegations.**

85.     In connection with the transaction, Plaintiff Kevin Morgan received car signed the following documents:

        1.     A. note in the principal amount of $120,000;

        2.     A mortgage;

- 22 -

3.     A Truth in Lending statement;

4.     A notice of right to cancel, attached as <u>Exhibit 40</u>;

5.     A One Week Cancellation Period form; attached as <u>Exhibit 41</u>; and

6.     A HUD-1 Settlement Statement.

**<u>ANSWER:</u>**    **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and on that basis denies such allegations.**

86.     On or about July 17, 2006 Plaintiff Kevin Morgan exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached. as <u>Exhibit 42</u>.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and on that basis denies such allegations.**

87.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 and on that basis denies such allegations.**

### <u>FACTS RELATING TO PLAINTIFFS GAYLE M. AND MARK E. FAZIO SR.</u>

88.     Plaintiffs Mark E. Fazio and Gayle M, Fazio reside at 15 Mayflower Dr., Cranston, RI 02905.

**<u>ANSWER:</u>**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 and on that basis denies such allegations.**

89.     On or about August 4, 2005 Plaintiffs Fazio obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

BN 1834551v1

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and on that basis denies such allegations.**

90.     The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiffs as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and on that basis denies such allegations.**

91.     In connection with the transaction, Plaintiffs Fazio received or signed the following documents:

      1.     A note in the principal amount of $197,500;

      2.     A mortgage;

      3.     A Truth in Lending statement;

      4.     A notice of right to cancel, attached as Exhibit 43;

      5.     A One Week Cancellation Period form; attached as Exhibit 44; and

      6.     A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and on that basis denies such allegations.**

92.     On or about July 17, 2006 the Plaintiffs Fazio exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 45.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 and on that basis denies such allegations.**

BN 1834551v1

93.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS ROLAND L. AND SHIRLEY M. VADENAIS

94.     Plaintiffs Roland L. Vadenais and Shirley M. Vadenais reside at 398 Nausauket Road, Warwick, RI 02886.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 and on that basis denies such allegations.**

95.     On or about April 5, 2004 plaintiffs Vadenais obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 and on that basis denies such allegations.**

96.     The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett &. Associates. Capon information said belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiffs as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 and on that basis denies such allegations.**

97.     In connection with the transaction, Plaintiffs Vadenais received or signed the following documents:

    1.     A note in the principal. amount of $95,500;

- 25 -

2.       A mortgage,

3.       A Truth in Lending statement;

4.       A notice of right to cancel, attached as <u>Exhibit 46</u>;

5.       A One Week Cancellation Period form; attached as Exhibit 47; and

6.       A HUD-1 Settlement Statement.

**<u>ANSWER:</u>    The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and on that basis denies such allegations.**

98.       On or about July 5, 2006 the Plaintiffs Vadenais exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 48</u>.

**<u>ANSWER:</u>    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 and on that basis denies such allegations.**

99.       Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the plaintiffs received accurate disclosures under the TILA.

**<u>ANSWER:</u>    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 and on that basis denies such allegations.**

## <u>FACTS RELATING TO PLAINTIFF LINDA SILVA</u>

100.       Plaintiff Linda S. Silva resides at 34 Spencer Rd., Greenville, RI 02828.

**<u>ANSWER:</u>    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and on that basis denies such allegations.**

101.       On or about July 29, 2005 Plaintiff Linda S. Silva obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

- 26 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 and on that basis denies such allegations.**

102.    The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and on that basis denies such allegations.**

103.    In connection with the transaction, Plaintiff Linda S. Silva received or signed the following documents:

    1.    A note in the principal amount of $256,000;

    2.    A mortgage;

    3.    A Truth in Lending statement;

    4.    A notices of right to cancel, attached as Exhibit 49;

    5.    A One Week Cancellation Period form; attached as Exhibit 54; and

    6.    A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 and on that basis denies such allegations.**

104.    On or about June 5, 2006 Plaintiff Linda S. Silva exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 51.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 and on that basis denies such allegations.**

- 27 -

105. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and on that basis denies such allegations.**

### FACTS RELATING TO PLAINTIFF CHARLES E. SULLIVAN

106. Plaintiff Charles E. Sullivan resides at 14 Curtis Street, Warwick, RI 02889.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and on that basis denies such allegations.**

107. On or about July 18, 2005 Plaintiff Charles E. Sullivan obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 and on that basis denies such allegations.**

108. The closing of said, refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 and on that basis denies such allegations.**

109. In connection with the transaction, Plaintiff Charles E. Sullivan received or signed the following documents:

    1.     A note in the principal amount of $81,500;

    2.     A mortgage;

- 28 -

3.      A Truth in Lending statement;

4.      A notice of right to cancel, attached at Exhibit 52;

5.      A One Week Cancellation Period form; attached as Exhibit 53; and

6.      A HUD-1 Settlement Statement.

**ANSWER:**      **The referenced documents speak for themselves; therefore no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 and on that basis denies such allegations.**

110.    On or about July 5, 2006 Plaintiff Charles F. Sullivan exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 54.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 and on that basis denies such allegations.**

111.    Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 and on that basis denies such allegations.**

**FACTS RELATING TO PLAINTIFF LISA A. REBELLO (RODI)**

112.    Plaintiff Lisa A. Rebello (Rodi) resides at 16 Gary Street, Warwick, RI 02888.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 and on that basis denies such allegations.**

113.    On or about February 3, 2005 Plaintiff Lisa A. Rebello (Rodi) obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

- 29 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113 and on that basis denies such allegations.**

114.    The closing of sold refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 and on that basis denies such allegations.**

115.    In connection with the transaction, Plaintiff Lisa A. Rebello (Rodi) received or signed the following documents:

　　　　1.    A note in the principal amount of $203,150;

　　　　2.    A mortgage;

　　　　3.    A Truth in Lending statement;

　　　　4.    A notice of right to cancel, attached at Exhibit 55;

　　　　5.    A One Week Cancellation Period form; attached as Exhibit 56; and

　　　　6.    A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115 and on that basis denies such allegations.**

116.    On or about June 26, 2006 Plaintiff Lisa A.. Rebello (Rodi) exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 57.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 and on that basis denies such allegations.**

117. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:** **Defendant admits that the loan was not rescinded. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 117 and on that basis denies such allegations.**

### FACT RELATING TO PLAINTIFF TRACY A. BUTLER

118. Plaintiff Tracy A. Butler resides at 21 Touisset Road, Warren, RI 02885.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 and on that basis denies such allegations.**

119. On or about February 11, 2005 Plaintiff Tracy A. Butler obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 and on that basis denies such allegations.**

120. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 and on that basis denies such allegations.**

121. In connection with the transaction, Plaintiff Tracy A. Butler received or signed the following documents:

      1. A note in the principal amount of $126,000;

      2. A mortgage;

- 31 -

3.     A Truth in Lending statement;

4.     A notice of right to cancel, attached at <u>Exhibit 58;</u>

5.     A One Week Cancellation Period form; attached as <u>Exhibit 59;</u> and

6.     A HUD-1 Settlement Statement.

**ANSWER:     The referenced documents speak for themselves; therefore no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121 and on that basis denies such allegations.**

122.     On or about July 3, 2006 Plaintiff Tracy A. Butler exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 60</u>.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 and on that basis denies such allegations.**

123.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:     Defendant admits that the loan has not been rescinded.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 123 and on that basis denies such allegations.**

## DEFENDANTS

124.     Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 940, Orange, CA 92868.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 and on that basis denies such allegations.**

125.     Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

- 32 -

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 and on that basis denies such allegations.**

126.    Ameriquest is therefore a creditor as defined its TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 and on that basis denies such allegations.**

127.    Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 and on that basis denies such allegations.**

128.    Defendant AMC Mortgage Services, .Inc., is a foreign corporation which does business in Rhode Island.  It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 and on that basis denies such allegations.**

129.    Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:**   **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 and on that basis denies such allegations.**

130.    Defendant Deutsche Bank, is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief, it holds legal title to some of plaintiffs' loans as trustee.

- 33 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 and on that basis denies such allegations.**

131. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Rhode Island. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including some of plaintiff's'. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 and on that basis denies such allegations.**

132. Defendant Park Place Securites, [sic] Inc., is a foreign corporation which does business in Rhode Island. It is located at 101 Park Avenue, Oklahoma City, OK 73102. Upon. information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, relative to the following Plaintiffs: Gerald and Aline LaFontaine. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 and on that basis denies such allegations.**

133. Defendant Citigroup Global Market is a foreign corporation which does business in Rhode Island. Its registered agent and office are CT Corporation System, 10 Weybosset Street, Providence, RI 02903. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, relative to Plaintiffs Tina and Louis Valliere.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 and on that basis denies such allegations.**

134. Defendant Merrill Lynch (Wilshire) is a foreign corporation which does business in Rhode Island, Its registered agent and office are CT Corporation System, 10 Weybosset Street,

- 34 -

Providence, RI 02903. Upon information and belief, it is the beneficial legal holder and assignee of same loans originated by Ameriquest Mortgage Company, relative to Plaintiff Jacqueline A. Archambault.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 and on that basis denies such allegations.**

135.    Defendant Wells Fargo Bank N.A., is a foreign corporation whose Legal Department is located at 1 Home Campus, MAC X2401-067, Des Moines, IA 50328. On information and belief, it holds legal title to plaintiffs Gerald and Aline Lafontaine, as trustee.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 and on that basis denies such allegations.**

136.    Defendant Washington Mutual Bank is a federally chartered savings association with its headquarters in Seattle, Washington. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, relative to Plaintiffs Thomas May, Joan Fortin, Tracy A. Butler and Lisa A. Rebello.

**ANSWER:** **Defendant admits that Washington Mutual Bank is a federally chartered savings association. Defendant admits that it, and not Washington Mutual Bank, is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company. Defendant denies that it currently holds any right, title or interest in the May, Fortin, Butler or Rebello loans. Defendant denies any remaining allegations of Paragraph 136.**

## COUNT I - TRUTH IN LENDING ACT AND/OR MCCDA

137.    Plaintiffs incorporate ¶¶ 1-123 as if fully set out herein.

**ANSWER:** **Defendant restates its answers to paragraphs 1-123 in response to this paragraph.**

138.    Because all of the refinance, transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction

BN 1834551v1

of that home, they were subject to the right to cancel provided under the MCCDA and or 15

U.S.C. §1635 and 12 C.F.R. §226.23.

**ANSWER:** **Because paragraph 138 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

139.    The copies of the notice of right to cancel actually delivered to each of the

Plaintiffs referenced herein were materially confusing and therefore, defective in that they did

not specify the date of the transaction and the date of the expiration of the rescission period.

**ANSWER:** **The referenced documents speak for themselves and this paragraph states a legal conclusion; therefore no answer is required. To the extent an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

140.    By failing to indicate the date by which the right to cancel had to be exercised

Ameriquest failed to give each of the Plaintiffs clear and conspicuous notice of their right to

cancel, in violation of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 and the corresponding

provisions of the MCCDA. Accordingly, Plaintiffs are entitled to exercise their extended right to

rescind their loans under the TILA.

**ANSWER:** **Because paragraph 140 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

141.    In the alternative, the Plaintiffs allege that any material disclosures deemed to be

received by them were nevertheless defective for the following reasons: (1) The One Week

Cancellation Period form (see attached Exhibits) detracts from and obfuscates the Notice of

Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to

rescind under TILA, which is not the case. The provision of an ostensibly longer rescission

period may cause a consumer to delay past the statutory three days, without recognizing that the

extended period is purely contractual without benefit of the TILA damages and protections of

§ 1635. The One Week Cancellation Period farm also provides for a different method of

calculating days and. requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 and the corresponding provisions of the MCCDA.

**ANSWER:** **The referenced documents speak for themselves and this paragraph states legal conclusions; therefore no answer is required. To the extent an answer is required; Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

142.    15 U.S.C. § 1635(g) provides that a court may award damages under section 1644 in addition to rescission. Mass G.L. ch. 140D § 10(g) is identical except for citation.

**ANSWER:** **Because paragraph 142 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

143.    The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640(a) entitling the Plaintiffs to an award of statutory damages.

**ANSWER:** **Because paragraph 143 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants as follows;

1.    a declaration that Plaintiffs are entitled to rescind;

2.    Rescission of the loans;

3.    Statutory damages,

4.    Attorney's fees, litigation expenses and casts.

5.    Such other relief as the Court deem appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 37 -

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted because, among other reasons, Defendant no longer holds any right, title or interest in Plaintiffs' loans.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.     Plaintiffs' claims are barred by the applicable statute of frauds.

6.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

- 38 -

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1.     Dismiss Plaintiffs' Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.


                                        Respectfully submitted,

DATED:  March 26, 2008                  By:  /s/ Bernard E. LeSage
                                             *Attorneys for WM Specialty Mortgage LLC*

                                        Bernard E. LeSage, Esq.
                                        Sarah K. Andrus, Esq.
                                        BUCHALTER NEMER, a P.C.
                                        1000 Wilshire Boulevard, Suite 1500
                                        Los Angeles, CA 90017-2457
                                        Telephone: (213) 891-0700
                                        Facsimile: (213) 896-0400

BN 1834551v1

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 26th day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Bernard E. LeSage _____

BN 1834551v1