## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Marie Furgeson, formerly known as, Marie Henderson v. Ameriquest Mortgage Company, et al.*; Case No. 04 C 7627 | |

## DEFENDANT WM SPECIALTY MORTGAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE, LLC ("Defendant"), by and through its attorneys, answers Plaintiff MARIE FURGESON'S ("Plaintiff") Third Amended Complaint as follows.

## THIRD AMENDED COMPLAINT

## INTRODUCTION

1.      Plaintiff Marie Furgeson brings this action against a "subprime" mortgage lender to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:      Defendant admits that Plaintiff has filed a lawsuit. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations of Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. or Regulation Z, 12 C.F.R. part 226.**

- 1 -

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), and 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA).  Defendants do business in the District and are deemed to reside here.

**ANSWER:**      **Defendant does not contest subject matter jurisdiction or venue.  Defendant denies any remaining allegations of Paragraph 2.**

## PARTIES

3.      Plaintiff owns and resides in a home at 2016 South 14th Street, Springfield, IL 62702.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis denies such allegations.**

4.      Defendant Ameriquest Mortgage Corporation (hereinafter "Ameriquest") is a foreign corporation that does business in Illinois.  Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, Illinois.  It is engaged in the business of originating and servicing "subprime" mortgages.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5.      Defendant Washington Mutual Bank, FA ("hereinafter "WAMU") is a bank which does business in Illinois.  It has offices at 311 S. Wacker Drive, Chicago, IL 60606, among many other locations in the Chicago metropolitan area.  It is in the business of acquiring and holding sub-prime mortgage loans.

**ANSWER:**      **Defendant admits that Washington Mutual Bank is a federally chartered savings association and that it does business in the state of Illinois and the city of Chicago.  Defendant denies any remaining allegations of Paragraph 5.**

- 2 -

6.      Defendant WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois.  It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'.  Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:     Defendant admits that it is a foreign limited liability company and an investor in mortgage loans, some of which are secured by real property located within the state of Illinois.  Defendant admits that it, and not Washington Mutual Bank,  holds title to some loans originated by Ameriquest Mortgage Company, including Plaintiff's loan.  Defendant does not dispute service.  Defendant denies any remaining allegations of Paragraph 6.**

7.      Defendant Citi Residential Lending, Inc. is a foreign corporation which does business in Illinois.  It is located at 1100 Town & Country Road, Suite 1450, Orange, CA 92868.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.      Defendant Citi Residential Lending, Inc. services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER:     Defendant admits that Citi Residential Lending, Inc. services some loans originated by Ameriquest Mortgage Company, including plaintiff's. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and on that basis denies such allegations.**

9.      Defendants John Does 1-10 are any persons or entities other than Ameriquest and WAMU that have, or claim to have, an interest in or rights under the loan that is the subject of this action.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFF

10.     Prior to March 21, 2003, plaintiff called Ameriquest to apply for a mortgage loan. During plaintiff's first and second phone calls with Ameriquest, she gave Ameriquest employees her credit information and requested that Ameriquest consolidate her credit card debts.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies such allegations.**

11.     Another Ameriquest employee then called plaintiff back and told her that she was approved for the loan. This employee also confirmed that Ameriquest would pay off plaintiff's credit card debts.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

12.     On March 21, 2003, plaintiff obtained a $60,400 mortgage loan from Ameriquest Mortgage Corporation. Most of the loan proceeds were used for personal, family or household purposes --- refinancing of prior debts obtained for that purpose.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13.     In connection with the transaction, plaintiff signed or received the following documents:

        a.     A note, a copy of which is attached hereto as Exhibit A;

        b.     A mortgage, Exhibit B;

        c.     A settlement statement on form HUD-1A, Exhibit C;

        d.     A Truth in Lending disclosure statement, Exhibit D;

        e.     Multiple copies of a notice of right to cancel within three days, Exhibit E; and

f.      Multiple copies of an Ameriquest form entitled "One Week Cancellation Period," Exhibit G.

**ANSWER:     The documents speak for themselves, therefore, no answer is required.  If an answer is required, Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiff.**

14.     The settlement statement delivered to plaintiff at closing shows a disbursement of $1,690 to "UNVL/CITI."  Exhibit C, Line 1504.

**ANSWER:     Because the referenced document speaks for itself, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and on that basis denies such allegations.**

15.     However, within a month after closing, an Ameriquest employee called plaintiff and informed her that they hadn't been able to consolidate her credit card debt after all, because the payoff amount had been too high.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

16.     In connection with this lawsuit, Ameriquest has produced a second settlement statement, dated March 31, 2003, Exhibit H.  The disbursements on Exhibit H do not match the disbursements on Exhibit C.

**ANSWER:     Because the referenced document speaks for itself, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies such allegations.**

17.     Exhibit H shows a disbursement of only $800 of "UNVL/CITI."  Line 1504.

**ANSWER:     The referenced document speaks for itself and no answer is required.  If answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis denies such allegations.**

- 5 -

18.     On information and belief, plaintiff never received a copy of Exhibit H until it

was produced as discovery in this lawsuit.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and on that basis denies such allegations.**

19.     Because the terms of the deal were not settled until after March 31, 2003, the

consummation did not occur until after March 31, 2003, and all of the Truth in Lending

disclosures and notices of cancellation rights were misdated.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and on that basis denies such allegations.**

20.     Defendant violated the Residential Mortgage License Act of 1987 and

implementing regulations.  The purpose of the Act is to "protect Illinois consumers seeking

residential mortgage loans and to ensure that the residential mortgage lending industry is

operating fairly, honestly and efficiently, free from deceptive and anti-competitive practices."

205 ILCS 635/1-2(b)(2005).  The implementing regulations, at 38 Ill. Adm. Code 1050.1230

(2005), create an affirmative disclosure obligation when the lender changes the borrowers' loan

terms mid-stream:

> **§ 1050.1230 Changes Affecting Loans in Process.**
>
> **a) If it is determined that a borrower does not qualify for the loan amount, terms or program for which he or she applied and the costs of another recommended program would materially differ from the costs itemized on the Good Faith Estimate, the licensee immediately shall provide to the customer a written, and when possible, a verbal, plain-English explanation of any program the licensee recommends as one for which the borrower may be qualified. Such explanation shall include but not be limited to detailed information on costs to the borrower.**

The same regulations create an affirmative, general duty of good faith, defined as "honesty in

fact in the conduct of the transaction."  38 Ill.Adm. Code 1050.1250(a)(2005).  That duty is as

follows: "[a]ny disclosure or action required by the Act or this Part shall be made in good faith."

Id. Defendant did not provide or attempt to provide, prior to closing, any oral or written notice of the last minute change in plaintiffs' loan terms.

**ANSWER:** **Because paragraph 20 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

21.     Furthermore, Ameriquest represented that payment of a "loan discount fee" would lower plaintiff's interest rate.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.     Plaintiff did pay a "loan discount fee" of $1,132.50. Exhibit C and Exhibit H, line 802. However, on information and belief, she did not receive a discounted rate.

**ANSWER:** **Because the referenced document speaks for itself, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.     Subsequently, Ameriquest assigned the loan to defendant WAMU, and then to WM Specialty Mortgage, LLC. The servicing rights have been sold to Citi Residential Lending, Inc.

**ANSWER:** **Defendant admits that it purchased Plaintiff's loan from Ameriquest and that Citi Residential Lending, Inc. currently services the loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 and on that basis denies such allegations.**

24.     On information and belief, WM Specialty Mortgage, LLC owns plaintiffs' loan.

**ANSWER:** **Defendant admits that it owns Plaintiff's loan.**

25.     In the event WM Specialty Mortgage, LLC does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and on that basis denies such allegations

## RIGHT TO RESCIND

26.     Because the transaction was secured by plaintiff s home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

(a) **Consumer's right to rescind.**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication.  Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

(b) **Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the**

- 8 -

transaction and shall clearly and conspicuously disclose the following:

> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (2) The consumer's right to rescind the transaction.
>
> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (4) The effects of rescission, as described in paragraph (d) of this section.
>
> (5) The date the rescission period expires....

**(f) Exempt transactions.** The right to rescind does not apply to the following:

> (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
> (2) A credit plan in which a state agency is a creditor.

**ANSWER:** Because paragraph 26 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

## GROUNDS FOR RESCISSION

27.    The misdating of these disclosures results in lack of clear and conspicuous disclosure of the deadline to rescind, in violation of 15 U.S.C. §1635, §1638(a) and 12 C.F.R. §226.23(b)(5).

**ANSWER:** Because paragraph 27 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

28.    Plaintiff was given a notice of the right to cancel that only allowed two business days after March 21, 2003 to cancel, instead of three.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and on that basis denies such allegations.**

29. In addition, the payment schedule on <u>Exhibit D</u> is not properly disclosed.

**ANSWER:** **The referenced documents speak for themselves and this paragraph states a legal conclusion; therefore no answer is required. To the extent an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

30. Furthermore, <u>Exhibit G</u> detracts from and obfuscates <u>Exhibit E</u>. The provision of <u>Exhibit E</u> suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees, or the procedural protections of §1635. It also provides for a different method of counting days and requires actual receipt of the notice by Ameriquest within the specified time.

**ANSWER:** **The referenced documents speak for themselves and this paragraph states a legal conclusion; therefore no answer is required. To the extent an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

31. As a result, plaintiff is entitled to rescind for three years.

**ANSWER:** **Because paragraph 31 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

32. Plaintiff has given notice of plaintiff's election to rescind. <u>Exhibit F</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and on that basis denies such allegations.**

33. Under 15 U.S.C. §1641, plaintiff is entitled to assert the right to rescind against any assignee of the loan.

**ANSWER:** **Because paragraph 33 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

34.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** **Because paragraph 34 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## COUNT I - TILA CLAIM

35.     Plaintiff incorporates ¶¶1-34. This claim is against all defendants.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-34 in response to this Paragraph. No response is required to the second sentence of this Paragraph. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

36.     The loan made to plaintiff violated TILA.

**ANSWER:** **Because paragraph 36 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

a.      judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on all defendants;

b.      Statutory damages for the underlying disclosure violation;

c.      If appropriate, statutory damages for failure to rescind against Ameriquest;

d.      Attorney's fees, litigation expenses and costs;

e.      Such other or further relief as the Court deems appropriate.

- 11 -

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

37.     Plaintiff incorporates paragraphs 1-34. This claim is against Ameriquest.

**ANSWER:** **Because Count II is directed at defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant incorporates its answers to paragraphs 1-34 in response to this Paragraph. No response is required to the second sentence of this Paragraph. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

38.     Defendant engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2 by engaging in "bait and switch" practices through telling plaintiff, both during the application process and closing, that they would pay off her credit cards, and then after closing only paying $800 of a $1,690 debt.

**ANSWER:** **Because Count II is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and on that basis denies such allegations.**

39.     Defendant also engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2 by representing that payment of a "loan discount fee" would lower plaintiff's interest rate. Plaintiff paid the fee of $1,132.50 (Exhibit C and Exhibit H, line 802), but, on information and belief, she did not receive a discounted rate.

**ANSWER:** **Because Count II is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis denies such allegations.**

40.     Defendant made the representations for the purpose of inducing plaintiff's reliance in the form of the plaintiff signing the loan.

**ANSWER:** **Because Count II is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is**

without knowledge or information sufficient to form a belief as to the truth of
the allegations of Paragraph 40 and on that basis denies such allegations.

41.     Plaintiff was induced to borrow a loan from defendant by means of these and

other misrepresentations and deceits.

**ANSWER:**     **Because Count II is directed at Defendants other than this answering
Defendant, no answer is required. If an answer is required, Defendant is
without knowledge or information sufficient to form a belief as to the truth of
the allegations of Paragraph 41 and on that basis denies such allegations.**

42.     Defendant made these representations in the course of trade and commerce.

**ANSWER:**     **Because Count II is directed at Defendants other than this answering
Defendant, no answer is required. If an answer is required, Defendant is
without knowledge or information sufficient to form a belief as to the truth of
the allegations of Paragraph 42 and on that basis denies such allegations.**

43.     Plaintiff has suffered multiple injuries as a result of defendant's

misrepresentations.

**ANSWER:**     **Because Count II is directed at Defendants other than this answering
Defendant, no answer is required. If an answer is required, Defendant is
without knowledge or information sufficient to form a belief as to the truth of
the allegations of Paragraph 43 and on that basis denies such allegations.**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against

defendant for:

a.      Compensatory and punitive damages;

b.      Attorney's fees, litigation expenses and costs; and

c.      Such other or further relief as the Court deems appropriate.

**ANSWER:**     **Because Count II is directed at Defendants other than this answering
Defendant, no answer is required. If an answer is required, Defendant
denies any wrongdoing and denies any liability to Plaintiff.**

## COUNT III -- BREACH OF CONTRACT

44.     Plaintiff incorporates paragraphs 1-34. This claim is against Ameriquest.

- 13 -

**ANSWER:** **Because Count III is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant incorporates its answers to paragraphs 1-34 in response to this Paragraph. No response is required to the second sentence of this Paragraph. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

45.  Defendant undertook and contracted to lower plaintiff's interest rate if plaintiff paid a loan discount fee.

**ANSWER:** **Because Count III is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis denies such allegations.**

46.  Plaintiff paid a loan discount of $1,132.50. Exhibit C and Exhibit H, line 802.

**ANSWER:** **Because Count III is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and on that basis denies such allegations.**

48.  [sic]On information and belief, defendant failed to lower plaintiff's interest rate.

**ANSWER:** **Because Count III is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and on that basis denies such allegations.**

49.  Defendant thereby breached its contract.

**ANSWER:** **Because Count III is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and on that basis denies such allegations.**

50.  Plaintiff was damaged as a result.

**ANSWER:** **Because Count III is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis denies such allegations.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

      a.      Appropriate damages;

      b.      Costs;

      c.      Such other or further relief as the Court deems appropriate.

**ANSWER:** **Because Count III is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

## AFFIRMATIVE DEFENSES

1.      Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the applicable statute of limitations.

3.      Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiff's claims are barred by the applicable statute of frauds.

6.      Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other

- 15 -

parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10.     Plaintiff, by her knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13.     Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred in whole or in part, because she is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 16 -

## **PRAYER**

Defendant prays this court to:

1.      Dismiss Plaintiffs' Complaint;

2.      Enter judgment for Defendant and against Plaintiff in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.


                                        Respectfully submitted,

DATED:  March 31, 2008              By:  /s/ Bernard E. LeSage
                                        *Attorneys for WM Specialty Mortgage, LLC*

                                        Bernard E. LeSage, Esq.
                                        Sarah K. Andrus, Esq.
                                        BUCHALTER NEMER, a P.C.
                                        1000 Wilshire Boulevard, Suite 1500
                                        Los Angeles, CA 90017-2457
                                        Telephone: (213) 891-0700
                                        Facsimile: (213) 896-0400

**<u>CERTIFICATE OF SERVICE</u>**

I, Bernard E, LeSage, hereby certify that on this 31ST day of March 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Bernard E. LeSage _____

- 18 -