## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Daniel Sutton and Jeanie Sutton v. Ameriquest Mortgage Company, et al.*; Case No. 06C4714 | |

### DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE'S, ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ("Defendant"), by and through its attorneys, answers Plaintiffs' DANIEL SUTTON and JEANNIE SUTTON ("Plaintiffs") Amended Complaint as follows.

### AMENDED COMPLANT

### INTRODUCTION

1.      Plaintiffs Daniel Sutton and Jeanie Sutton bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**      **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company or any other defendant, and denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* or Regulation Z, 12 C.F.R. part 226. Defendant denies all remaining allegations of paragraph 1.**

- 1 -

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:**      **Defendant does not dispute subject matter jurisdiction or venue. Defendant denies any remaining allegations of paragraph 2.**

## PARTIES

3.      Plaintiffs Daniel Sutton and Jeanie Sutton own and reside in a home at 2529 Adams Street, Granite City, IL 62040.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies such allegations.**

4.      Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies such allegations.**

6.      Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

BN 1845648v1

7.      Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

8.      During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period.  Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States.  During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies such allegations.**

9.      Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005.  It transacts business in Illinois.  It holds legal title, as trustee, to some loans originated by Ameriquest Mortgage Company, including plaintiffs'.

**ANSWER:     Defendant admits that it is a national banking association with a place of business located at 1761 St. Andrews Place, Santa Ana, California 92705. Defendant admits that it serves as trustee for securitizations of some loans originated by Ameriquest Mortgage Company, one of which includes the Plaintiffs' loan.  Defendant denies any remaining allegations of paragraph 9.**

10.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Illinois.  It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs'.  It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies such allegations.**

11.     Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois.  Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.**

12.     Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, serviced loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS

13.     Prior to June 23, 2004, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.**

14.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies such allegations.**

15.     The loan was closed on June 23, 2004.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

16.     The following are documents relating to the loan:

    a.     A note, <u>Exhibit A</u>;

    b.     A mortgage, <u>Exhibit B</u>;

    c.     Lists of disbursements and settlement charges, <u>Exhibit C</u>;

    d.     A Truth in Lending disclosure statement, <u>Exhibit D</u>;

    e.     The three-day notice of right to cancel required by the Federal Reserve

Board, <u>Exhibit E</u>.  All of the copies furnished were incomplete.

    f.     A purported "one week" notice of right to cancel used solely by

Ameriquest and related companies, <u>Exhibit F</u>.

**<u>ANSWER:</u>     The referenced documents speak for themselves; therefore no answer is required.  If an answer is required, Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with plaintiffs.**

17.     Ameriquest charged plaintiffs a "loan discount fee" of $646.31.  <u>Exhibit C</u>, line

802.  However, on information and belief, plaintiffs did not receive a discounted rate.

**<u>ANSWER:</u>     The referenced document speaks for itself; therefore no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.**

18.     Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

**<u>ANSWER:</u>     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.**

19.     On information and belief, defendant Ameriquest Mortgage Securities, Inc., owns

plaintiffs' loan.  Defendant Deutsche Bank National Trust Company, N.A. holds title to

plaintiffs' loan as trustee, under Asset Backed Pass-Through Certificates, Series 2004-R8 under

the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

BN 1845648v1

**ANSWER:**    **Defendant admits that it serves as trustee for Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2004-R8, under the Pooling & Servicing Agreement dated as of August 1, 2004, without recourse, which includes Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 19 and on that basis denies such allegations.**

20.    In the event Ameriquest Mortgage Securities, Inc., or Deutsche Bank National Trust Company, N.A., does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and on that basis denies such allegations.**

21.    After plaintiffs filed this lawsuit, Ameriquest and/or AMC Mortgage Services, Inc. stopped sending them monthly statements. Plaintiffs received their last statement in August, 2006.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and on that basis denies such allegations.**

22.    After filing suit, Ameriquest and/or AMC also froze their access to their on-line account. Plaintiffs attempted to access their on-line account after they stopped receiving monthly statements, and an on-line message informed them that AMC could no longer accept their payments online.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and on that basis denies such allegations.**

23.    Plaintiff Jeanie Sutton called AMC to inquire. An AMC employee explained that, because plaintiffs' account is "under litigation," from now on plaintiffs would only be allowed to make their monthly payments via "check-by-phone."

- 6 -

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and on that basis denies such allegations.**

24.     AMC has also charged plaintiffs an extra fee of $30.00 each time plaintiffs made a payment via "check-by-phone."

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and on that basis denies such allegations.**

25.     AMC then transferred plaintiff several times, from employee to employee, before anyone would take her payment by phone.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26.     All such servicing problems are the direct result of plaintiffs having filed suit against defendants. Customers who do not file lawsuits do not experience these types of problems at all, to the same extent or with the same degree of regularity.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and on that basis denies such allegations.**

## COUNT I -TILA

27.     Plaintiffs incorporate paragraphs 1-26. This claim is against all defendants.

**ANSWER:** **Defendant restates its answers to paragraphs 1-27 in response to this paragraph.**

## RIGHT TO RESCIND

28.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

- 7 -

(a)     **Consumer's right to rescind.**

      (1)     **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

      (2)     **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

      (3)     **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

      (4)     **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

(b)     <u>**Notice of right to rescind**</u>**. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

      (1)     **The retention or acquisition of a security interest in the consumer's principal dwelling.**

      (2)     **The consumer's right to rescind the transaction.**

      (3)     **How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

      (4)     **The effects of rescission, as described in paragraph (d) of this section.**

- 8 -

      **(5)**     **The date the rescission period expires....**

    **(f)**    <u>**Exempt transactions**</u>**. The right to rescind does not apply to the following:**

      **(1)**    **A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

      **(2)**    **A credit plan in which a state agency is a creditor.**

<u>**ANSWER:**</u>    **Because paragraph 28 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## <u>GROUNDS FOR RESCISSION</u>

29.    In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

<u>**ANSWER:**</u>    **Because paragraph 29 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

30.    None of the federally-required notices of right to cancel were completed.

<u>**ANSWER:**</u>    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies such allegations.**

31.    The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of §1635.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and on that basis denies such allegations.**

32.    Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and on that basis denies such allegations.**

33.    Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and on that basis denies such allegations.**

34.    Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit G</u>.

**ANSWER:**    **The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies such allegations.**

35.    The loan has not been rescinded.

**ANSWER:**    **Defendant admits that the loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs, and denies that Plaintiffs are entitled to rescind their loan.**

36.    Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**    **Because paragraph 36 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

37.    15 U.S.C. §1635(g) provides:

**Additional relief:**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:**    **Because paragraph 37 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

        a.        A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

        b.        Statutory damages for the underlying disclosure violation;

        c.        If appropriate, statutory damages for failure to rescind;

        d.        Attorney's fees, litigation expenses and costs.

        e.        Such other or further relief as the Court deems appropriate.

**ANSWER:**    **No answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT II - ECOA

38.     Plaintiffs incorporate ¶¶1-26 above.  This claim is against defendants AMC and Ameriquest.

**ANSWER:**    **Defendant restates its answers to paragraph 1-26 in response to this paragraph.**

39.     Plaintiffs were applicants within the meaning of 15 U.S.C. §1691a(b) and Regulation B (which defines "applicant' to include persons who have received credit).

**ANSWER:**    **Because Count II is directed at Defendants other than this answering Defendant, no answer is required.  Further, because this paragraph states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 11 -

40.     By filing this lawsuit in good faith pursuant to the Consumer Credit Protection Act, plaintiffs were and are engaged in a statutorily protected activity.

**ANSWER:**     **Because Count II is directed at Defendants other than this answering Defendant, no answer is required. Further, because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

41.     As a result of filing this lawsuit, plaintiffs have suffered adverse actions at the hands of defendants. Ameriquest and AMC have, in ways detailed above and in other ways, taken retaliatory action against these and other plaintiffs and their accounts. These actions constitute "an unfavorable change in the terms of an account that does not affect all or a substantial portion of a class of the creditor's accounts." 12 C.F.R. § 202.2 (c)(1)(ii).

**ANSWER:**     **Because Count II is directed at Defendants other than this answering Defendant, no answer is required. Further, because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

42.     A direct causal connection exists between plaintiffs' filing suit and defendants' subsequent treatment of their accounts, as detailed above.

**ANSWER:**     **Because Count II is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and on that basis denies such allegations.**

43.     As a result of defendants' conduct, plaintiffs have suffered actual damages and are entitled to recover actual damages as well as statutory damages, punitive damages, equitable and declaratory relief, costs and attorney fees.

**ANSWER:**     **Because Count II is directed at Defendants other than this answering Defendant, no answer is required. Further, because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

BN 1845648v1

       a.        Actual and statutory and punitive damages according to proof;

       b.        Reasonable attorneys' fees and costs;

       c.        Injunctive relief, if the practices complained of have not ceased or do not cease immediately; and

       d.        Such other and further relief the court deems proper and just.

**ANSWER:**    **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## COUNT III - BREACH OF CONTRACT

44.      Plaintiffs incorporate paragraphs 1-26. This claim is against Ameriquest only.

**ANSWER:**    **Defendant restates its answers to paragraphs 1-26 in response to this paragraph.**

45.      On information and belief, defendant Ameriquest represented that payment of a "loan discount fee" would result in a lower interest rate.

**ANSWER:**    **Because Count III is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and on that basis denies such allegations.**

46.      Plaintiffs paid the fee of $646.31 (Exhibit C, line 802) but, on information and belief, did not receive a discounted rate.

**ANSWER:**    **Because Count III is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and on that basis denies such allegations.**

47.      Ameriquest thereby breached its agreement.

**ANSWER:**    **Because Count III is directed at Defendants other than this answering Defendant, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and on that basis denies such allegations.**

BN 1845648v1

48.     Plaintiffs were damaged.

**ANSWER:**     **Because Count III is directed at Defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and on that basis denies such allegations.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

a.      Appropriate damages;

b.      Costs;

c.      Such other or further relief as the Court deems appropriate.

**ANSWER:**     **No answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

BN 1845648v1

8.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.    Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.    As to each cause of action, Defendant is entitled to an offset.

12.    Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.    Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.    Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.    Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.    Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

/ / /

/ / /

/ /

/ / /

/ / /

- 15 -

## PRAYER

Defendant prays this court to:

1.      Dismiss plaintiffs' Complaint;

2.      Enter judgment for Defendant and against Plaintiffs in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.


Respectfully submitted,

DATED:  April 1, 2008

By: /s/ Bernard E. LeSage
      *Attorneys for Deutsche Bank National*
      *Trust Company, Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## <u>CERTIFICATE OF SERVICE</u>

I, Bernard E, LeSage, hereby certify that on this 1st day of April 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Bernard E. LeSage _____

BN 1845648v1