# FILED

**MAR 3 1 2008**

Mar 31 2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MDL NO: 1715
LEAD CASE NO. 1:05-CV-07097
THIS DOCUMENT RELATES
TO CASE NO. 06-1734(N.D. ILL.)

IN RE: AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

DEFENDANTS                                         )

THIS DOCUMENT RELATES TO
Ronald I. Chorches, Bankruptcy Trustee
For the estate of Jerome and Cheryl
Sievers V. Ameriquest Mortgage Company
Et al. NO. 06-1734(N.D. ILL.)                      **March 24, 2008**

## MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO DISMISS

In support of Plaintiff Ronald I. Chorches, Bankruptcy Trustee of the Bankrupt

Estate of Jerome and Cheryl Sievers objection to motion to defendant's dismiss, plaintiff

submits the following:

1.      On February 14, 2007 plaintiff filed a motion to substitute Ronald I.

Chorches, Bankruptcy Trustee for Jerome and Cheryl Sievers which was granted by the

court on April 3, 2007, rendering Defendant's motion moot. (Doc. 67, Case No. 06-1734)

("Minute entry before Judge Marvin E. Aspen: Plaintiff's Motion to substitute plaintiff

65 is granted.")

2.      Defendants waived any objection by failing to object to the motion to

substitute or seek re-argument. Instead Defendants filed a Motion to Dismiss on March

30, 2007.

3.      Plaintiffs submitted a motion to join Ronald I. Chorches, a motion to amend complaint and third amended complaint on January 27, 2006 (Doc. 56) in the US District Court, District of Connecticut 3:05-01296 which sought to include Ronald I. Chorches prior to the transfer. No objection was ever filed by Defendants. In fact, Defendant admits conclusively in their Answer and Affirmative Defenses dated August 14, 2007: "Defendant does not contest subject matter jurisdiction, personal jurisdiction, or venue." Ameriquest Answer par. 5-7.

4.      Even if plaintiff had never sought to join or substitute the bankruptcy trustee for plaintiff, courts have unanimously rejected motions to dismiss where the party alleging rescission brought the case under the name of the party instead of the bankruptcy trustee. See for example, Schumacher v. Contimortgage Corp. No. C99-160 MJM, 2000 WL 34030847 (N.D. Iowa June 21, 2000) (Contimortgage moved to dismiss the TILA claim for lack of subject matter jurisdiction claiming: "Schumacher lacks any standing to bring any causes of action related to his property because such causes of action are exclusively reserved to the bankruptcy trustee."Id at 2. In reiterating a prior order denying Contimortgage's motion to dismiss, the court stated: "In an order dated February 25, 2000, the court denied Contimortgage's motion to dismiss as it related to Schumacher's ability to seek rescission of the mortgage, thereby rejecting his claim that he lacks standing to do so. (Doc. 13). Additionally, Schumacher has since moved for and the court has granted, the joinder of the bankruptcy trustee as a party plaintiff." Id at 2. The court also stated: "The addition of the bankruptcy trustee as the real party in interest renders the issue of standing moot and Contimortgage's motion to dismiss is therefore denied." Similarly in Rowland v. Novus Financial Corporation 949 F. Supp 1447, 1459

(D. Hawaii January 17, 1996) the court stated: "the fact that Plaintiff's assets have passed to the bankruptcy estate does not conclusively bar the right to rescind the loan transaction." Thus the court gave the plaintiffs "30 days from the date of this order to substitute the trustee in bankruptcy or to show cause why it is not necessary to do so." Id at 461.

     5.     The cases cited by Defendants are easily distinguishable and involve claims seeking monetary damages. Here the claims sought by a plaintiff seeking rescission are unique: 15 U.S.C Sec. 1635 and 12 C.F.R. sec. 226.15(d)(1) provides as follows: "When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void"

     6.     Defendants claim that plaintiff or the Sievers did not disclose the existence of their claims to the Bankruptcy Trustee is false. Attached herein is an affidavit signed by Ronald I. Chorches, indicating that the Sievers did testify to their claims at a hearing and any failure to list them in the schedule of assets was bonafide error.

PLAINTIFFS,

By:    s/Peter Lachmann
Peter Lachmann
Fed Bar No. ct23757
Peter.lachmann@sbcglobal.net
250 West Main Street, Rm 210
Branford, CT 06405
Tel. (203) 488-6793
Fax. (203) 488-6814

### Certificate of Service

I, Peter Lachmann, hereby certifiy that on March 24, 2008, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by electronic mail to

all counsel of record by operation of the court's electonic filing system. Parties may access this filing through the court's filing system.

By   /s/ Peter Lachmann

-15-2006  12:05 PM                                                    P.07

In Re: Jerome L. Sievers and Cheryl M. Sievers

AFFIDAVIT OF TRUSTEE RE: TRUTH & LENDING CLAIM REPORTED AS ASSET IN CHAPTER 7/ CASE NO. 05-32276-asd

STATE OF CONNECTICUT)
                                         } ss
HARTFORD COUNTY     }

Ronald I. Chorches, being duly sworn, deposes and says:

1.  I am the trustee of the above captioned estate and have personal knowledge of the facts set forth in this affidavit.

2.  On May 5, 2005 Jerome L. Sievers and Cheryl M. Sievers filed for Chapter 7 Bankruptcy,

3. Prior to July 7, 2005 Mr. Sievers testified at a hearing to a Truth and Lending Rescission claim against Ameriquest Mortgage Company.

4. At that time the truth and Lending Rescission claim, as well as the pendant state law claim of unfair and deceptive trade practices were treated as an asset to the bankruptcy estate.

5. Any failure to list the claim in the bankruptcy schedules was a result of bonafide error.

                                        Ronald I Chorches

Subscribed and sworn to before me

this _5__ day of _February_, 2006.

Notary Public,