**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company,<br><br>      Third-Party Plaintiffs,<br><br>    v.<br><br>NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, et al.,<br><br>      Third-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**MEDIATION STATUS REPORT
FROM CERTAIN THIRD-PARTY DEFENDANTS**

On February 11, 2008 this Court ordered the Third-Party Defendants to participate in the mediation of the claims from the individual plaintiffs who have elected to opt out of the master class complaints (collectively, the "Opt-Out Plaintiffs"). Pursuant to this Order, representatives for certain Third-Party Defendants attended the March 6, 2008 initial mediation session between the Defendants/Third-Party Plaintiffs and the Opt-Out Plaintiffs conducted by Judge Donald P. O'Connell at the law offices of Dewey & LeBoeuf in Chicago, Illinois.

On March 11, 2008, this Court ordered the parties in the mediation of the Opt-Out Plaintiffs' claims to file a written status report updating the Court by April 10, 2008.

Prior to the March 6, 2008 mediation, the Third-Party Defendants had not been asked to participate in any telephonic and/or written meet and confer discussions between the Defendants/Third-Party Plaintiffs and the Opt-Out Plaintiffs, nor had the majority of Third-Party Defendants been provided with any documentation from the Defendants/Third-Party Plaintiffs relating to the Plaintiffs' claims or the Third-Party Claims.

At the March 6, 2008 mediation session, the Third-Party Defendants met briefly with Judge O'Connell and the Defendants/Third-Party Plaintiffs. The Third-Party Defendants did not meet with the Opt-Out Plaintiffs and were not asked to participate in any meetings between the Defendants/Third-Party Plaintiffs and the Opt-Out Plaintiffs.

Judge O'Connell instructed the Third-Party Defendants that their participation in the mediation was premature due to the lack of a settlement demand from the Defendants/Third-Party Plaintiffs, as well as the Third-Party Defendants' stated intention to file a Motion to Dismiss the Consolidated Third-Party Complaint. The Third-Party Defendants were excused from the mediation session by Judge O'Connell following his instructions to the Defendants/Third-Party Plaintiffs to provide each Third-Party Defendants with an individual settlement demand and documentation supporting their third-party claim.

Judge O'Connell also instructed the Third-Party Defendants that participation via Liaison Counsel was in good faith until the mediation of individual claims is conducted.

Subsequent to the March 6, 2008 mediation session, the Third-Party Defendants have not been asked to participate in any telephonic and/or written meet and confer discussions between the Defendants/Third-Party Plaintiffs and the Opt-Out Plaintiffs, nor was their input sought in

submitting a report on the mediation to the Court. Additionally, the Third-Party Defendants have not received any settlement demands from the Defendants/Third-Party Plaintiffs.

This submission was disseminated to counsel for the Third-Party Defendants for review and approval. Any comments have been incorporated herein.

Dated: April 10, 2008

Respectfully submitted,

By: /S/ Christopher H. Murphy
*Attorneys for Battersby Title, Inc.; Colonial Title, Inc., Heights Title Agency, Inc.; National Real Estate Information Services of New Jersey; Superior Closing Services, Inc.; Taylor Title Inc.; Title-Tech Networks, Inc., and Towne & Country Land Title Agency, Inc*

Christopher H. Murphy, Esq.
COZEN O'CONNOR
222 S. Riverside Plaza
Suite 1500
Chicago, IL 60606
(p) 312.382.3150
(f) 312.706.9755

## **CERTIFICATE OF SERVICE**

I, Christopher H. Murphy, hereby certify that on this the 10th day of April, 2008, the foregoing document was filed electronically. Notice of this filing was sent to counsel of record by operation of this Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

By: **/S/ Christopher H. Murphy**