**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715  Lead Case No. 05-cv-07097  (Centralized before The Honorable Marvin E. Aspen) |

**THIRD PARTY PLAINTIFFS' OPPOSITION TO CERTAIN THIRD PARTY DEFENDANTS' MOTION FOR EXTENSION OF TIME AND STAY**

**I.      SUMMARY OF OPPOSITION**

A subset of Third Party Defendants has filed a motion requesting that the Court relieve them from the obligations of the Court's own February 11, 2008 Memorandum Opinion and Order ("February 11 Order") and absolve them from any obligation to file additional motions or answers or participate in the mediation of this Multidistrict Litigation Proceeding ("MDL Proceeding") until further notice.  Specifically, Third Party Defendants request three things:

1.      Additional time to organize themselves into appropriate committees and subcommittees;

2.      An order staying their obligation to file any further motions to dismiss or answers until after the Court rules on their pending Consolidated Motion to Dismiss; and

3.      An order relieving them from their Court-ordered obligation to participate in mediation until a ruling on the Consolidated Motion to Dismiss.

Third Party Plaintiffs do not oppose the first two requests if the Court is inclined to grant such relief and, in fact, believe that point (2) above is already encompassed by the February 11 Order.  The third request, however, must be denied.

## II. THIRD PARTY DEFENDANTS ARE NECESSARY PARTIES TO ANY RESOLUTION AND CANNOT BE ABSOLVED FROM PARTICIPATION IN MEDIATION

The Court's February 11 Order states in no uncertain terms that "we hereby order Third Party Defendants to participate in the mediation of the opt-out claims". [Docket 1958, §II.A.] Third Party Defendants contend they should be excused from mediation because (1) none of their particular loans were discussed at the initial session, (2) no demands have been made upon them, (3) they have had no discovery, and (4) they oppose any contribution because they hope to prevail on their Consolidated Motion to Dismiss. Each of these arguments fails.

### A. The Parties Are Engaged In Settlement Discussions Of Specific Loans.

As an initial matter, the Court should understand that, contrary to the Third Party Defendants' motion, the mediation process thus far has been extremely productive. To give the Court a sense of the scale of the undertaking, no fewer than 41 individuals attended the first in-person session of the mediation[1] which was held on March 6, 2008 in Chicago. These attendees represented all facets of participants in the MDL Proceeding, including Plaintiffs, Defendants, Third Party Defendants, loan investors/assignees and insurance carriers. The second in-person session of mediation is scheduled for May 7, 2008.

At this time, the Third Party Defendants are primarily parties to those cases that involve plaintiffs who have opted out of the Borrower and Non-Borrower Class Complaints pursuant to the Court's November 7, 2006 Order ("Opt Out Cases"). The Opt Out Cases are comprised of approximately 299 cases involving no fewer than 855 loans. Two hundred thirty-seven Third Party Defendants have been named in connection with 487 loans. New Opt Out Cases continue to be filed on a weekly basis and Third Party Plaintiffs are in the process of naming additional Third Party Defendants to no fewer than 300 additional cases.

Given the number of Opt Out Cases, the number of mediation attendees and the various interests they represent, it should not be surprising that individual loans were not discussed in any detail at the first in-person session. Instead, Judge O'Connell used the session to set up a

---

[1] An initial in-person mediation session was scheduled for February 1, 2008 but had to be cancelled the day before due to weather-related flight cancellations into Chicago. Nonetheless, Plaintiffs and Defendants held a conference call with Judge O'Connell shortly thereafter in a successful effort to work through preliminary issues that would, and did, make the mediation more efficient.

protocol pursuant to which he assigned the attendees projects to complete before the next session which all the parties are pursuing in good faith.

As the Court is aware, the vast majority of Opt-Out Cases include allegations that the Plaintiffs are entitled to rescind their loans because of alleged irregularities with the Notice of Right to Cancel form ("NORTC") they received, or allegedly did not receive, at the time of loan closing. While Defendants deny these allegations, to the extent the trier of fact agrees with the Plaintiffs, it was the Third Party Defendants who actually completed these forms and who were charged with complying with the Truth in Lending Act when doing so. Accordingly, to the extent Third Party Plaintiffs are found liable under TILA, Third Party Defendants are derivatively liable and must be present at the mediation if settlement is to be achieved.

**B.      Third-Party Plaintiffs Have Provided Third Party Defendants With Multiple Settlement Demands From the Plaintiffs.**

As set forth above, since the March 6 mediation session, and pursuant to the protocol devised by Judge O'Connell, Plaintiffs have made settlement demands in connection with 85 loans. Third Party Plaintiffs expect to receive additional settlement demands before the May 7 session and are in the process of calculating rescission amounts to assess these demands and formulate responses. Third Party Plaintiffs have provided Third Party Defendants with copies of these settlement demands.

**C.      Third Party Defendants Will Have Received Significant Discovery Pursuant To The Court's February 11 Order Well In Advance Of The Mediation.**

While Third Party Defendants claim they have had no discovery, this is simply not true. In its February 11 Order the Court required the "parties to participate in . . . limited, informal discovery to facilitate the mediation" which included requiring Third Party Plaintiffs to "share relevant documents . . . upon reasonable request". Third Party Plaintiffs have produced no fewer than 109,435 pages related to 567 loans. Third Party Plaintiffs submit that this is more than enough information to allow Third Party Defendants to meaningfully participate in the May 7 mediation session.

**D.      Third Party Defendants' Claim That They Do Not Want To Contribute To Settlement Is No Basis To Excuse Them From Participation In Mediation.**

Third Party Defendants argue that they should not be required to participate in mediation because they "oppose any contribution, given their pending Motion to Dismiss". [Motion,

§II.B.]  Third Party Plaintiffs will be opposing the Motion to Dismiss which will be fully briefed well in advance of the next mediation session.  Moreover, some of the Plaintiffs have already named their respective closing agents as direct defendants.  Third Party Defendants have cited to no authority that would support absolving them from participating in mediation simply because they believe they have no liability.  To the contrary, the Court clearly anticipated that mediation would take place while a Motion to Dismiss was pending since its February 11 Order set forth both a briefing schedule for a Motion to Dismiss while concurrently ordering Third Party Defendants to "participate in the mediation of the opt-out claims.  [Docket 1958, §II.A.]

### III.    CONCLUSION

For the foregoing reasons, the Court should deny Third Party Defendants' request to be excused from the next mediation session.  Third Party Plaintiffs do not oppose extending Third Party Defendants' time to organize themselves, nor do they oppose the request to refrain from filing additional motions to dismiss or answers until the Court rules on the currently pending Motion to Dismiss.

5

| | |
|---|---|
| DATED: April 11, 2008 | Respectfully submitted, |
| | By: /s/ Bernard E. LeSage |
| | *Attorneys for Third Party Plaintiffs* |
| | Bernard E. LeSage<br>Sarah K. Andrus<br>BUCHALTER NEMER<br>A Professional Corporation<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA  90017-2457<br>Telephone: (213) 891-0700<br>Facsimile: (213) 896-0400 |
| DATED:  April 11, 2008 | By: /s/ Thomas J. Wiegand |
| | *Attorneys for Argent Mortgage Company, LLC* |
| | Thomas J. Wiegand<br>Gregory J. Miarecki<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, Illinois 60601-9703<br>Telephone: (312) 558-5600<br>Facsimile: (312) 558-5700 |

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 11th day of April 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage