**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | MDL No. 1715 |
| MORTGAGE LENDING PRACTICES | ) | |
| LITIGATION | ) | Lead Case No. 05-cv-07097 |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | | Centralized before the Honorable |
| | ) | Marvin E. Aspen |
| AMERIQUEST MORTGAGE COMPANY, a | ) | |
| Delaware corporation; and ARGENT | ) | |
| MORTGAGE COMPANY LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHWEST TITLE AND ESCROW | ) | |
| CORPORATION, a Minnesota corporation, | ) | |
| et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**THIRD-PARTY DEFENDANTS' STATUS REPORT**
**AND**
**CERTAIN THIRD-PARTY DEFENDANTS' MOTION FOR**
**ENTRY OF ORDER APPOINTING LIAISON COUNSEL**
**AND PARTICIPATION IN FEES AND COSTS**

The undersigned counsel submits this (1) Status Report (updating Document 2116)

for all Third-Party Defendants; and (2) certain Third-Party Defendants' Motion For Entry

of Order Appointing Liaison Counsel (which requires financial contribution by all Third-

Party Defendants in joint fees and costs) as more fully explained below:

## I. INTRODUCTION

On February 11, 2008, the Court ordered Third-Party Defendants to "develop and

propose a structure that suits their needs with respect to committee(s) or

sub-committee(s), counsel leadership and specific division of responsibilities." On April 21, 2008, the undersigned filed a Preliminary Status Report Regarding Structure and Division of Responsibilities. [Document 2116.] Subsequently, the undersigned has further communicated with and polled Third-Party Defendants and resolved all issues except the appropriate sharing ratio and timing of payment for attorneys' fees and costs incurred by Liaison Counsel. Accordingly, this pleading provides:

1. A status report and poll of those Third-party Defendants that have expressed a position on the structure, leadership, and compensation of Liaison Counsel and the various Committees. The only point of disagreement is over compensation of Liaison Counsel.

2. A motion for entry of an order that appoints Liaison Counsel, certain committees, and provides for compensation of Liaison Counsel. This Order is supported by the majority of Third-Party Defendants that have expressed an opinion; in fact only 1 party objects, and that party has not proposed an alternative.

Importantly, this proposal *excludes* those credit reporting agency entities that are Third-Party Defendants with respect to the non-borrower cases, in light of the fundamental difference between credit reporting agencies and Third-Party Defendants herein.

## II.  STATUS REPORT

### A.    Work Done Thus Far and Terms of Agreement to Date.

The role of liaison counsel has *de facto* been undertaken by counsel for the LandAmerica Parties[1] ("Liaison Counsel") with unanimous consent from the rest of the Third-Party Defendants.  Pursuant to the February 11, 2008, order of the Court, Liaison Counsel has drafted and circulated several versions of a proposed Order Designating Third-Party Defendants' Liaison Counsel and Committees (the "Proposed Order") and corresponding proposed versions of a Participation Agreement (the "Proposed Agreement") (collectively, the "Proposed Order and Agreement") for review by Third-Party Defendants.  After significant debate, revisions and negotiation mediated by Liaison Counsel, agreement has been reached on the following essential elements of the structure and leadership of Third party Defendants:

1.  The undersigned shall serve as Liaison Counsel, at the pleasure of and with oversight by Third-Party Defendants' Steering Committee ("TPDSC").

2.  Liaison Counsel (and delegees, if approved) shall be compensated for work authorized by TPDSC on behalf of all Third-Party Defendants; furthermore, all statements for fees shall be subject to review and approval by TPDSC.  The amount and rates for this compensation are agreed to; a

---

[1]   Collectively, LandAmerica Financial Group, Inc., Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Lawyers Title Insurance Corporation, and Transnation Title Insurance Company.

debate remains regarding the timing and payment of this compensation.

3. There shall be 4 steering committees:

    a. TPDSC

    b. Underwriters Subcommittee

    c. Closers Subcommittee

    d. Brokers Subcommittee

4. Each steering committee member shall serve on a voluntary basis, without compensation by any Third-Party Defendant (other than the member's client(s) in this matter). In general, the committees shall coordinate all necessary tasks required by the Court of their respective constituents. Committee membership is also generally open to all those who wish to participate and members may resign at any time.

5. For work performed to date, including the Third-Party Defendants' Consolidated Motion to Dismiss and planned Reply Brief in support, there is consensus that Liaison Counsel should be paid and the proper amount of that compensation. There is, however, 1 dissenter to the payment proposal that has been approved by the majority of Third-Party Defendants.

6. The structure and any financial obligations (however resolved by the Court) should apply to all present and future Third-Party Defendants, not just those affirmatively approving a particular proposal.

The remaining debate is whether Liaison Counsel should be paid now or payment reserved until the Court rules on the pending Consolidated Motion to Dismiss filed by Third-Party Defendants. The Third-Party Defendant objecting has not offered a specific alternative to that presented herein.

## B.     Residual Controversy on Payment to Liaison Counsel.

Determining an equitable means of sharing fees and costs for tasks undertaken on behalf of all Third-Party Defendants is complex. There are approximately 118 Third-Party Defendants that have participated in activities organized by Liaison Counsel to date. Those 118 Third-Party Defendants have self-reported to Liaison Counsel that they are parties with respect to approximately 470 separate transactions in cases filed by Plaintiffs. Most of the debate has centered on whether joint fees and costs should be pro rated by the number of Third-Party Defendants or the number of transactions. Third-Party Defendants with only a single transaction generally favored the per-transaction sharing ratio, whereas Third-Party Defendants with a large number of transactions generally favored the per-party ratio.

The proposal herein is a compromise that uses both ratios. Half of the total fees and costs will be shared per party, the other half shared per transaction. Each party therefore pays a "base" amount, to which it adds a per-transaction share. At present, 77

Third-Party Defendants, representing 313 transactions have agreed to this proposal. One Third-Party Defendant representing 44 transactions disagrees, and approximately 196 Third-Party Defendants representing approximately 152 transactions have stated no opinion. In order to reach closure on this issue and prevent windfall benefit to those on whose behalf Liaison Counsel has served and will serve, the issue of the sharing and ratio of contribution is submitted to the Court for determination.

Therefore, the undersigned respectfully requests that the Court:

- require consolidated response(s) by any group of Third-Party Defendants that objects to the Proposed Order and Agreement, stating the basis for the objection and an alternative proposal; and

- decide how and when Liaison Counsel should be compensated.

### III. <u>MOTION FOR ENTRY OF PROPOSED ORDER</u>

Given the majority support of the proposal summarized above and the Court's authority to appoint liaison counsel and award compensation, the undersigned presents this motion to enter the proposed Order Appointing Liaison Counsel attached as Exhibit "A."

### A. <u>Liaison Counsel's Work on Behalf of All Third-Party Defendants.</u>

The undersigned has served as *de facto* Liaison Counsel since October 2007. In addition, all Third-Party Defendants expressing an opinion have approved of the work done by the undersigned and agree that Keith Verges ("Verges") should serve as Liaison Counsel on a go-forward basis. The undersigned is aware of no objections to either Verges' appointment as Liaison Counsel or the work he has performed to date.

While there is insufficient space in this Motion to describe all tasks Liaison Counsel has performed since October 2007, the following are some highlights:

1. Liaison Counsel has organized, chaired, and his client has paid the costs for 14 conference calls to date among Third-Party Defendants.

2. Liaison Counsel has provided various status reports to Third-Party Defendants and served as liaison with the Court, mediator, and Third-Party Plaintiffs' counsel.

3. Liaison Counsel (and delegees) prepared various briefs on behalf of Third-Party Defendants, a complex and time-consuming process that involved circulating multiple proposed drafts to Third-Party Defendants, collecting and reconciling various revisions and comments, and obtaining final approval from Third-Party Defendants before filing. This task was particularly complex with respect to the Consolidated Motion to Dismiss, since it involved a survey of 50 states' laws and significant substantive comment and revision from Third-Party Defendants. Despite the large number of Third-Party Defendants, many of whose interests are not aligned, Liaison Counsel (and co-counsel John Ropiequet on the Motion to Dismiss) was able to foster

support and agreement for the accomplishment of the aforementioned tasks.

4.  Liaison Counsel prepared the motion that resulted in the Court's February 11, 2008, order permitting Third-Party Defendants to propose their own structure and has taken the lead in the process of proposing a structure, drafting various proposals, and resolving most issues related thereto.

5.  Liaison Counsel has prepared this status report and performed the groundwork (with assistance, much appreciated, from counsel for other Third-Party Defendants) in getting the compromise as far along as it is.

6.  Many of the foregoing tasks are particularly difficult because Third-Party Defendants are not and never will be a fully cohesive group.    While all counsel for Third-Party Defendants have been professional and cooperative, there are fundamental factual and legal differences between and among Third-Party Defendants that make concerted action very limited in scope.

The LandAmerica Parties, which retained Liaison Counsel and the firm of Arnstein & Lehr (led by John Ropiequet), have incurred over $200,000 in attorneys' fees and expenses in performing these tasks from October 2007 through the present date. However, as part of the many compromises by all Third-Party Defendants, the

LandAmerica parties have agreed to limit total reimbursement to $110,000 for fees and costs for all work through the filing of a Reply Brief on the Motion to Dismiss[2] and to limit the maximum rate for reimbursement (past and future) to $300 per hour for any partner-level billing attorney. The immediate relief herein is therefore based on collecting a total of $110,000 from Third-Party Defendants for the work outlined above, which sum will include the as-yet unfiled Reply Brief in support of the Consolidated Motion to Dismiss.

**B.      Details of Proposed Reimbursement.**

Arithmetically, the formula for reimbursement is based on 118 total Third-Party Defendants and 470 total transactions.[3] $55,000 of the total would be split per party, resulting in $466.10 per party. The other $55,000 would be split per transaction, so each party would pay, in addition to the $466.10, an additional $117.02 for each transaction affecting that Third-Party Defendant. This formula produces the following results for a given Third-Party Defendant:

| | |
|---|---|
| One Transaction | $583.12 |
| Two Transactions | $700.14 |
| Three Transactions | $817.16 |
| Four Transactions | $934.18 |
| Five Transactions | $1,051.20 |
| Six Transactions | $1,168.22 |
| Seven Transactions | $1,285.24 |
| Eight Transactions | $1,402.26 |

---

[2] The firm of Goldberg Kohn also participated and has sought reimbursement of 25% of its fees for a total of $2300. Liaison Counsel has agreed to fund that sum from the total of $110,000. Also, to the extent any Third-Party Defendant objects to the amount of this submission, the undersigned reserves the right to submit affidavits proving up reasonableness and necessity of these fees.

[3] This number does not include all parties and transactions to the Third-Amended Consolidated Third-Party Complaint, but is based on those Third-Party Defendants that have self-reported and joined in the Consolidated Motion to Dismiss.

| Nine Transactions | $1,519.28 |
|---|---|
| Ten Transactions | $1,636.30 |

This calculation would of course be affected by the addition of further Third-Party Defendants. However, since the number of Third-Party Defendants is in flux and not all Third-Party Defendants have appeared or even been added by amendment yet, the Court should approve the foregoing formula. Liaison Counsel will adjust future calculations as needed and offset or credit those who contribute now, based on future participants and contributions.

**C.      Grounds for Entry of Order.**

The undersigned offers the following grounds and argument in favor of the proposed Order:

**1.      Benefit to each Third-Party Defendant.** Each Third-Party Defendant has received the benefit of Liaison Counsel's work, including the Consolidated Motion to Dismiss, the leadership provided by Liaison Counsel, and the simplicity of a single point of communication and dissemination of information between Third-Party Defendants, on the one hand, and the Court and opposing parties, on the other hand. Each of these benefits has been received by each and every Third-Party Defendant. Therefore, each Third-Party Defendant should be obligated to pay for these benefits. *See* Manual for Complex Litigation § 20.312 at 233 (MDL Defendants should contribute to a fund to pay national counsel.).

**2.      Liaison Counsel and the LandAmerica Parties Would Bear an Unfair Burden, Absent Entry of the Order.** At present, the LandAmerica Parties have

incurred substantially more in attorneys' fees than they would have incurred in defending themselves in this matter. As described above, many of the complexities are the direct result of liaison with other Third-Party Defendants, the coordination and compromise of varying legal positions, and the other administrative difficulties associated with presenting, to the extent possible, the joint position of Third-Party Defendants. The Court should enter the Order to ensure that the LandAmerica Parties do not bear an unfair burden of the Court-ordered joint efforts herein, which joint efforts have been undertaken on behalf of all Third-Party Defendants.

     **3.**      **<u>This Proposal is Far More Efficient to All Third-Party Defendants Than Any Alternative.</u>**  At present, Liaison Counsel and delegees have gotten up to speed in this matter (which was almost two years old before Third-Party Defendants were served), briefed procedural and substantive issues, and coordinated on behalf of all Third-Party Defendants in this case, over a period of over six months, for a total fee of $110,000.00. This fee would be reasonable for any single Third-Party Defendant, and divided as described above, it is clearly far more efficient than factions of Third-Party Defendants performing duplicate work. On a go-forward basis, Liaison Counsel will strive to maintain this level of efficiency and comply with the Court's directives. The Court should therefore enter the Order because it is the most efficient means of structuring Third-Party Defendants, while still making sure that each Third-Party Defendant pays its fair share.

     **4.**      **<u>If the Court Does Not Enter the Order Now, Liaison Counsel Will Undoubtedly Face Collection Problems.</u>**  The objection proposes that resolution of

payment for Liaison Counsel's work be deferred until after a ruling on the pending Consolidated Motion to Dismiss. As a practical matter, the chance of collecting money, particularly should the Court grant the Motion to Dismiss, is extremely difficult if parties are dismissed from the lawsuit. Conversely, if the Motion to Dismiss is unsuccessful, some Third-Party Defendants may take the position that the Motion was not worth paying for after all. Finally, the time and expense incurred on the matters to date have been incurred and, at present, entirely borne and paid by the LandAmerica Parties. In order to timely collect any Court-ordered reimbursement, that reimbursement should occur now, not be deferred until some unspecified time in the future.

        5.    **The Proposed Division is the Most Fair Under the Circumstances.**  The undersigned does not represent that the proposal is the perfect solution, considering all of the potential complexities in this multi-party, multi-district matter. Those parties with large numbers of transaction believe that they would have intrinsic efficiencies by virtue of the fact that they would have a similar defense cost for ten transactions as for one transaction. Those parties with only a single transaction believe that they should not pay as much as a party with more transactions because of the greater stake that a party with multiple transactions has. This proposal blends these considerations, so that a party with a large number of transactions pays a larger share than a party with only one transaction, but a party with ten transactions does not pay ten times the amount of a party with one transaction. Moreover, all but one Third-Party Defendant that has expressed an opinion has consented to this compromise. The Court should find that, under the circumstances,

the proposed proration is the most manageable and fair, and should therefore enter the Order.

      **6.**    **The Court Has Discretion to Order Payment of These Fees.**  The majority of reported opinions and authorities on shared legal expenses relate to sharing of fees by plaintiffs' counsel.  However, the principles behind those cases are based on the principle that "a necessary corollary to court appointment of lead and liaison counsel and appropriate management committees is the power to assure that these attorneys receive reasonable compensation for their work."  *See In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp. 2d 256, 265 (E.D.N.Y. 2006).  The *Zyprexa* court went on to state that:

> In a complex multi-party litigation, attorneys designated with responsibilities for actions beyond those in which they are retained may be compensated for their work not only by their own clients, but also by those other parties on whose behalf the work is performed and on whom a benefit has been conferred.

*Id.* (*quoting In re WorldCom, Inc. Sec. Litig.*, 2004 WL2549682, *2 (S.D.N.Y.)).  This Court has previously ordered that Third-Party Defendants work together as much as possible and a necessary corollary to that order is that the attorneys responsible for performing joint tasks be compensated.  *See In re Linerboard Antitrust Litig.*, 292 F.Supp. 2d 644, 653 (E.D.Pa. 2003) (citing numerous cases for district court's power to establish fee structure to compensate liaison and committee members).

      In light of the foregoing authority, it is clear that the Court has the discretion and authority to order that Third-Party Defendants compensate Liaison Counsel fairly and reasonably in this matter.  At present, there is one objection to such compensation, and

the parties have, in essence, reached agreement on the amount and method of calculation of each Third-Party Defendant's financial contribution. Accordingly, and for all of the reasons set forth above, the undersigned counsel respectfully requests that the Court enter the Order and require all Third-Party Defendants to financially contribute to the efforts of Liaison Counsel.

### IV.  RELIEF REQUESTED

For the reasons set forth above, the undersigned respectfully requests that, after allowing responsive briefing by any Third-party Defendant that objects, the Court enter the attached Order Appointing Liaison Counsel and providing for payment of fees and expenses to Liaison Counsel.

Respectfully submitted,

By:/s/ Keith R. Verges
    Keith R. Verges

Keith Verges
Mark Davenport
Don Colleluori
Russell W. Hubbard
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone (214) 939-2017
Facsimile (214) 939-2090

John L. Ropiequet
Anna-Katrina S. Christakis
Jeffrey D. Pilgrim
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Telephone (312) 876-7100
Facsimile (312) 876-0288

*Attorneys for Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Transnation Title Insurance Company, LandAmerica Financial Group, Inc., and Commonwealth Land Title Company*

## CERTIFICATE OF SERVICE

I, Keith R. Verges, hereby certify that on this 5th day of May 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Keith R. Verges
Keith R. Verges