IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> AMERIQUEST MORTGAGE COMPANY, a ) <br> Delaware corporation; and ARGENT ) <br> MORTGAGE COMPANY LLC, a Delaware ) <br> limited liability company, ) <br> ) <br>        Third-Party Plaintiffs, ) <br> ) <br>        v. ) <br> ) <br> NORTHWEST TITLE AND ESCROW ) <br> CORPORATION, a Minnesota corporation, ) <br> et al., ) <br> ) <br>        Third-Party Defendants. ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before the Honorable <br> Marvin E. Aspen |

**ORDER DESIGNATING THIRD-PARTY DEFENDANTS'
LIAISON COUNSEL AND COMMITTEES**

The Court, having considered the Third Party Defendants' submissions and briefing on their structure, ORDERS:

**I.**     **LIAISON COUNSEL**

    **A.**     **Identity.**

Keith R. Verges is designated Third-Party Defendants' Liaison Counsel.

    **B.**     **Duties and Responsibilities.**

Liaison Counsel, to the extent authorized by Third-Party Defendants' Steering Committee described below, shall:

1. Maintain and distribute to Third-Party Defendants an up-to-date service list;

2. Receive and distribute to Third-Party Defendants documents from opposing parties and counsel, as appropriate;

3. Coordinate the tasks ordered by the Court in its February 11, 2008, Memorandum Opinion and Order (Document 1958, the "Order") in order to minimize duplication of effort and the number of filings by Third-Party Defendants with the Court. All coordination shall be subject to the direction of the Third-Party Defendants' Steering Committee and be without prejudice to Third-Party Defendants' rights to inform the court of difficulties in joint or consolidated proceedings beyond motions to dismiss;

4. Present to the Court and opposing parties Third-Party Defendants' position, to the extent it is joint, on all pretrial matters, after authorization by Third-Party Defendants' Steering Committee;

5. Appear at any mediation and conduct any settlement negotiations, but only to the extent authorized by all Third-Party Defendants;

6. Prepare and distribute to the Third-Party Defendants status reports, which may be via meetings or conference calls; and

7. Maintain time and disbursement records covering authorized services as Liaison Counsel.

Liaison Counsel shall strive to operate efficiently and may delegate some of the foregoing duties to other counsel for another Third-Party Defendant (for example for activities in Chicago or briefing in an area where other counsel has more experience),

with the prior consent and approval of Third Party Defendants' Steering Committee. Any Third-Party Defendant that has an individual or divergent position may make written and oral argument, conduct examination of deponents, and otherwise act separately, as appropriate. However, no Third-Party Defendant shall duplicate or repeat actions Liaison Counsel has made on behalf of all the other Third-Party Defendants jointly.

### C. Term.

Liaison Counsel shall serve during the pendency of Third-Party claims in this case; provided, however, Liaison Counsel may resign at any time, with thirty (30) days' notice to all Third-Party Defendants. The Third-Party Defendants' Steering Committee described in Section II below ("TPDSC") shall have the right to terminate Liaison Counsel, without cause, by a majority vote of all TPDSC Members. Upon resignation or termination, the TPDSC shall nominate a successor, subject to the approval of a majority vote by Third-Party Defendants. If the approval process takes more than thirty (30) days, the nominee shall act as Liaison Counsel until final approval can be completed.

## II. THIRD-PARTY DEFENDANTS' STEERING COMMITTEE

### A. Organization.

1. There shall be a single Steering Committee for all Third-Party Defendants ("TPDSC") and three (3) Subcommittees, the initial membership of which is set forth below.

2. TPDSC shall be responsible for fulfilling the below-designated duties and responsibilities that jointly affect all Third-Party Defendants. The Subcommittees shall be responsible for fulfilling the below-described duties and

responsibilities that jointly affect those Third-Party Defendants whose interests may, for efficiency purposes, be subdivided into groups known as "Underwriters," "Closers," or "Brokers." These titles shall be without prejudice or exclusive effect, and any Third-Party Defendant may request to serve on one or more Subcommittees as provided in Section II. D below. TPDSC shall represent interests of all Third-Party Defendants, to the extent those interests are joint. Each Subcommittee shall represent the interests of its constituents, to the extent those interests are joint.

3. References herein to "Members" of the TPDSC and any Subcommittee are to Third-Party Defendants, and not to their counsel or other authorized representatives. For purposes of voting contemplated hereunder by Members of the TPDSC or any Subcommittee, each Member shall have one vote per Member except to the extent the Third-Party Defendants agree upon a different method of counting or weighting votes.

B. **Membership.**[1]

1. **TPDSC.**

    a. Albert E. Fowerbaugh, Jr., James S. Schreier (Fidelity);

    b. Keith R. Verges, John L. Ropiequet (LandAmerica);

    c. Christopher F. Swing, Jeffrey T. Heintz (First American);

    d. Christopher Murphy (various)

    e. Michael Andolina (Stewart Title entities).

    f. David McCormack (Guaranty Title, Nations Title entities)

---

[1] Further applications may be considered for appointment once a tag-along case has become part of MDL No. 1715.

**ORDER DESIGNATING THIRD-PARTY DEFENDANTS'**
**LIAISON COUNSEL AND COMMITTEES** – **Page 4**

  **2.** **Third-Party Defendants' Underwriters Subcommittee.**

    a. Andrew R. Greene (Old Republic);

    b. Albert E. Fowerbaugh, Jr., James S. Schreier (Fidelity);

    c. Keith R. Verges, John L. Ropiequet (LandAmerica);

    d. Christopher F. Swing, Jeffrey T. Heintz (First American);

    e. Michael Andolina (Stewart Title entities).

  **3.** **Third-Party Defendants' Closers Subcommittee.**

    a. Christopher H. Murphy (NREIS of New Jersey);

    b. David A. Ward (Law Title Insurance Co.);

    c. James K. Borcia (Michigan Trust Title);

    d. Timothy D. Elliott (Mortgage Information Services);

    e. Rudolf G. Schade, Jr. (Lieto/Nigro);

    f. Aaron Jensen (Tapalian & Tadros);

    g. Alexander E. Sklavos (Equity Settlement Services).

  **4.** **Third-Party Defendants' Brokers Subcommittee.**

    a. Gini Spaziano, Preston Halperin (Dream House Mortgage);

    b. Avidan J. Stern (Allied Home Mortgage);

    c. Steven M. Sandler, Michael R. Gregg, Amir R. Tahmassebi (Mortgage Pros USA).

**C.** **<u>Duties and Responsibilities.</u>**

  **1.** As soon as practicable, the TPDSC and Subcommittee members shall be convened and organized under the leadership of chairmen. Liaison Counsel shall

abstain from voting on matters relating to his authority to, and payment for, work compensated by persons other than his clients.

  **2.**  Each Subcommittee shall maintain and distribute to Liaison Counsel an up-to-date service list for all constituents of each Subcommittee.

  **3.**  TPDSC and the Subcommittees shall coordinate regarding the tasks ordered by the Court in the Order. All coordination shall include consultation with the appropriate constituent Third-Party Defendants (*e.g.* Broker Subcommittee shall confer with broker Third-Party Defendants on a motion to dismiss that group). All coordination hereunder shall be without prejudice to any Third-Party Defendant's rights to inform the court of difficulties in joint or consolidated proceedings beyond those tasks set forth in the Order.

  **4.**  TPDSC and the Subcommittees shall authorize Liaison Counsel to perform tasks in section I(B), without prejudice to the right of any Third-Party Defendant to attend and present any unique interest.

  **5.**  TPDSC and Subcommittees shall have the authority to review and approve all requests by Liaison Counsel, and any counsel to whom Liaison Counsel delegates tasks, for compensation prior to such requests being submitted for payment under the mechanism established pursuant to Section IV below.

  **D.**  **Term and Authority.**

TPDSC and any Subcommittee shall obtain the authority and consent of Third-Party Defendants in advance of any action on their behalf. TPDSC and Subcommittee members shall serve during the pendency of Third-Party claims against their constituents;

provided, however, TPDSC and Subcommittee Members may resign at any time. Any Third-Party Defendant may request membership in TPDSC or any Subcommittee, subject to approval by each of the respective committee members, which approval shall not be unreasonably withheld. Any action taken by a Committee shall be by a majority vote, with one vote per Third Party represented; further, such votes shall be cast in an effort to represent the interests of all Third-Party Defendants, not just the parties whose counsel serve on TPDSC. Any vote of the constituency of TPDSC or a Subcommittee shall be weighted according to the formula in section IV below for financial reimbursement to Liaison Counsel.

### III. PRIVILEGES RESERVED; NO ATTORNEY-CLIENT RELATIONSHIP; NO AUTHORITY TO BIND.

No communication between or among any counsel named herein shall be considered to be a waiver of any privilege or protection to which they would otherwise be entitled, including joint defense privileges. Nothing in this Order shall be construed as establishing an attorney-client relationship between any counsel and any Third-Party Defendant. Liaison Counsel, members of the TPDSC, and members of the Subcommittees shall incur no liability to any Third Party Defendant (other than Third Party Defendants who originally retained such counsel for representation in this matter) by virtue of their performance of the duties set forth in this Order.

Liaison Counsel, the TPDSC and the Subcommittees have no authority to bind any Third Party Defendant (other than Third Party Defendants who originally retained such counsel for representation in this matter), without express authorization from such Third

Party Defendant. Any Third Party Defendant that does not comply with the Order with regard to joint action must seek leave of court to take independent action.

### IV. COMPENSATION OF LIAISON COUNSEL.

**1.** All Third-Party Defendants shall pay the reasonable and necessary attorneys' fees and expenses incurred by Liaison Counsel and his authorized delegees in performing the duties required by this Order. The members in the committees named in Section II above serve on a voluntary basis.

**2.** The sharing formula for each bill from Liaison Counsel for fees and expenses authorized and approved by TPDSC shall be as follows: The total for each bill shall be divided by two. Half of the total shall be further divided by the number of Third-Party Defendants on whose behalf the billed and TPDSC-authorized work was done, which shall be defined as 118 as of the date of this Order (the "Per Party Share"). The other half of the total shall be divided by the total number of Plaintiff transactions for which these Third-Party Defendants were joined, which shall be defined as 470 as of the date of this Order (the "Per Transaction Share"). Each Third-Party Defendant shall pay to Liaison Counsel the Per Party Share plus the Per Transaction Share for each Plaintiff's transaction in which that Third-Party Defendant has been joined. The Court further finds that, at present, Liaison Counsel's bill for $110,000 is reasonable and necessary for the effort on behalf of Third-Party Defendants and that the Per Party Share is $466.10 and the Per Transaction Share is $117.02. This sum is due immediately, and all future bills will be due upon receipt (after approval by TPDSC). Liaison Counsel may seek the assistance of this Court in entering any necessary orders or judgments to collect unpaid fees.

**3.** This Order and the obligation to contribute to payment hereunder shall apply to all actions transferred to this Court and to all existing and new Third-Party Defendants, which new Third-Party Defendants shall be provided a copy of this Order by Liaison Counsel. Liaison Counsel shall (1) revise the party and transaction counts as necessary to arrive at future Per Party and Per Transaction Shares, and (2) determine whether any credits are due to those Third-Party Defendants that have paid the initial $110,000 sum set forth in the preceding paragraph.

IT IS SO ORDERED.

Date: _____, 2008.

_____
HONORABLE MARVIN E. ASPEN