UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE COMPANY MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before Judge Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>COLEMAN V. AMERIQUEST MORTGAGE CO., Case No. 07 C 3577 (N.D. Ill.)<br><br>NANCY ELDER COLEMAN and ROBERT L. ELDER,<br><br>    Plaintiffs<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, and WM SPECIALTY MORTGAGE LLC,<br><br>**Defendants** | |

## SECOND AMENDED COMPLAINT

Plaintiffs state as follows:

### I. PRELIMINARY STATEMENT

1. This Second Amended Complaint is filed under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA"), to enforce Plaintiffs' right to rescind two consumer credit transactions and to recover damages, court costs, litigation expenses, and attorney's fees based

on violations of TILA and implementing Regulation Z, 12 C.F.R. pt. 226 ("Regulation Z"). Plaintiffs also assert a claim, via Ga. Code Ann. §§ 51-1-6, 51-1-8, for breach of statutory duties imposed by the Georgia Residential Mortgage Act. Additionally, Plaintiffs seek relief under the Georgia Fair Business Practices Act and its companion statute, the Georgia Unfair or Deceptive Practices Toward the Elderly Act, for unfair and deceptive practices.

## II. JURISDICTION

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§1331, 1337, 1367.

## III. PARTIES

3. Plaintiffs are United States citizens who reside in Coweta County, Georgia.

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation that regularly engages in the business of mortgage lending and has done substantial business in the state of Georgia. Ameriquest may be served with process by service upon its registered agent, National Registered Agents, 3761 Venture Drive, Duluth, Georgia 30096.

5. Defendant Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank") is a foreign corporation that holds securitized pools of residential mortgage loans. Deutsche Bank transacts business in the forum state and holds legal title to a number of mortgage loans originated by Ameriquest, including the earlier of Plaintiffs' two mortgage loans that are the subject of the present action. Deutsche Bank's corporate address is 1761 East Saint Andrew Place, Santa Ana, California 92705-4934.

6. Defendant WM Specialty Mortgage LLC ("WMSM") is a foreign corporation that transacts business in the forum state. It holds legal title to a number of mortgage loans originated

by Ameriquest, including the later of Plaintiffs' two mortgage loans that are the subject of the present action. The registered agent for WMSM is Corporation Service Company, located at 2711 Centerville Road, Wilmington, DE 19808.

## IV. FACTUAL BACKGROUND

7. At all times relevant hereto, Ameriquest, in the ordinary course of its business, regularly extended consumer credit for which a finance charge was imposed.

8. Plaintiffs have limited educations and are financially unsophisticated.

9. On January 22, 2005, Plaintiffs entered into a consumer credit transaction with Ameriquest involving a promissory note and a security deed ("Transaction One"). Ameriquest was the initial payee on the promissory note and the extended credit was subject to a finance charge.

10. Transaction One is subject to TILA.

11. As part of Transaction One, Ameriquest acquired a security interest in residential real property that Plaintiffs used as their principal dwelling and in which Plaintiffs already had an ownership interest.

12. On February 14, 2006, Plaintiffs entered into a refinancing with Ameriquest. This refinancing was a consumer credit transaction involving a promissory note and a security deed ("Transaction Two"). Ameriquest was the initial payee on the promissory note and the extended credit was subject to a finance charge.

13. Transaction Two is subject to TILA.

14. Transaction Two is a refinancing of Transaction One by the same TILA "creditor."

15. In Transaction Two, Ameriquest acquired a security interest in residential real property that Plaintiffs used as their principal dwelling and in which Plaintiffs already had an ownership interest.

16. As a condition of the extension of credit in Transaction Two, Ameriquest charged Plaintiffs $70,718.63 to pay off Transaction One. Ameriquest claimed that this was the actual amount owing on Transaction One. This claim was untrue: the amount was inflated, because it represented more than the original principal amount in Transaction One, and Plaintiffs had made all required monthly payments in Transaction One.

17. Ameriquest accepted and kept the above $70,718.63 payment in its entirety, knowing that the payment was higher than the payoff amount actually owing. This conduct by Ameriquest was unfair and deceptive, and extracted from Plaintiffs an unauthorized, illegal charge without their knowledge.

18. Additionally, Ameriquest included in the principal amount of the Transaction Two a $252 charge for payment of an intangible tax. This amount significantly exceeded the amount of the intangible tax that was actually owed, in view of the intangible tax that Plaintiffs had already paid in connection with Transaction One.

19. Furthermore, the above conduct was not an isolated occurrence. Ameriquest has been sued previously for demanding an excessively high payoff amount when refinancing its own mortgage and for imposing an inflated intangible tax.

20. The above conduct constituted a breach by Ameriquest of the duty of good faith and fair dealing that it owed to Plaintiffs.

21.  The above conduct also constituted failure by Ameriquest to disburse the proper amount of funds to Plaintiffs as agreed in Transaction Two.

22.  By the above conduct, Ameriquest misrepresented or concealed material facts, factors, terms, and conditions with respect to Transaction Two.

23.  The above conduct also amounted to an improper refusal by Ameriquest to issue a satisfaction of the security deed that it took in Transaction One unless Ameriquest was paid an illegally excessive amount to do so from the proceeds of Transaction Two.

24.  Ameriquest assigned Transaction One to Deutsche Bank.

25.  Ameriquest assigned Transaction Two to WMSM.

V.  FEDERAL CLAIMS: RESCISSION AND DAMAGES UNDER TILA

26.  Plaintiffs incorporate above paragraphs 1-25.

27.  In connection with Transaction One, Ameriquest was required to provide disclosures under TILA.

28.  Transaction One is subject to the rescission remedy described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

29.  In connection with Transaction One, Ameriquest violated TILA and Regulation Z by not providing Plaintiffs with adequate disclosure of either the material credit terms in the Transaction or Plaintiffs' right to rescind the Transaction.  The inadequacy of disclosure resulted from improprieties in the delivery of the disclosure documents as well as improprieties (including unclarity) in the contents of those documents.

30.  As a result of the above violations of TILA and Regulation Z in Transaction One, Plaintiffs obtained a continuing right to rescind Transaction One against Ameriquest or any

assignee and a claim for costs, litigation expenses, and attorney's fees incurred in enforcing that right in court.

31. In connection with Transaction Two, Ameriquest was required to provide disclosures under TILA.

32. Transaction Two is subject to the rescission remedy described in TILA at 15 U.S.C. §1635 and in Regulation Z, 12 C.F.R. §226.23.

33. In connection with the Transaction Two, Ameriquest violated TILA and Regulation Z by not providing Plaintiffs with adequate disclosure of either the material credit terms in the Transaction or Plaintiffs' right to rescind the Transaction. The inadequacy of disclosure resulted from improprieties in the delivery of the disclosure documents as well as improprieties (including unclarity) in the contents of those documents. One of the latter improprieties was failure to provide Plaintiffs with the type of notice of Plaintiffs' right of rescission under TILA that is required by the Federal Reserve Board for a refinancing with the same lender.

34. Another impropriety in the contents of the disclosure documents was failure to disclose certain costs of credit as part of the TILA "finance charge."

35. As a result of Ameriquest's violations of TILA and Regulation Z, Plaintiffs obtained a continuing right to rescind Transaction Two against Ameriquest or any assignee and a claim against Ameriquest or any assignee for damages, costs, litigation expenses, and attorney's fees incurred in enforcing that right in court.

36. On May 14, 2007, Plaintiffs rescinded Transaction One and Transaction Two by having their attorney send a timely rescission demand to Ameriquest and by U.S. Mail, certified, return receipt requested.

37. Upon the mailing of the above rescission demand on May 14, 2007, Plaintiffs and Ameriquest were immediately and automatically returned to the status quo ante with respect to Transaction One and Transaction Two, and all contractual obligations arising from or connected with those transactions were rendered, as of May 14, 2007, void and unenforceable.

38. Ameriquest received the above rescission demand no later than May 21, 2007.

39. Ameriquest did not meet any of the terms of the above rescission demand, and the twenty-day statutory period for Ameriquest to do so has expired.

40. After learning that Transaction One was assigned to Deutsche Bank, Plaintiffs reiterated their rescission of Transaction One by having their attorney send, on April 10, 2008, a timely rescission demand to Deutsche Bank by U.S. Mail, certified, return receipt requested.

41. Deutsche Bank received the above rescission demand on April 14, 2008, but did not meet any of the terms of the demand within the statutory period for doing so.

42. After learning that Transaction Two was assigned to WMSM, Plaintiffs reiterated their rescission of Transaction Two by having their attorney send, on April 10, 2008, a timely rescission demand to WMSM by U.S. Mail, certified, return receipt requested.

43. WMSM received the above rescission demand on April 14, 2008, but did not meet any of the terms of the demand within the statutory period for doing so.

44. As a result of the above violations of TILA and Regulation Z, Plaintiffs have claims against Defendants under 15 U.S.C. §§ 1640, for statutory damages in the amount of $6000, actual damages, costs, litigation expenses, and attorney's fees.

### VI. STATE CLAIM: GEORGIA RESIDENTIAL MORTGAGE ACT (AGAINST AMERIQUEST)

45. Plaintiffs incorporate above paragraphs 1-44.

46. Under the Georgia Residential Mortgage Act, Code Ga. Ann. §7-1-1013, Ameriquest had a general duty of "good faith" and "fair dealing" in its business relationships with Plaintiffs in connection with Transaction One and Transaction Two. Ameriquest also had more specific duties, such as to disburse the proper amount of funds to Plaintiffs, not to misrepresent or conceal material facts, factors, terms, or conditions of Plaintiffs' mortgage loans, and not to condition satisfaction of a security deed taken from Plaintiffs upon payment of an illegally excessive amount claimed due.

47. Ameriquest willfully and intentionally breached the above duties.

48. Plaintiffs have been damaged as a result of the above conduct by Ameriquest and are entitled to damages from Ameriquest under Ga. Code Ann. §§51-1-6, 51-1-8.

49. The above conduct by Ameriquest authorizes the imposition of punitive damages, pursuant to Ga. Code Ann. §51-12-5.1, in that it shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences, and Plaintiffs seek such damages against Ameriquest.

### VII. STATE CLAIM: GEORGIA FAIR BUSINESS PRACTICES ACT (AGAINST AMERIQUEST)

50. Plaintiffs incorporate above Paragraphs 1 through 49.

51. The Georgia Fair Business Practices Act ("FBPA") prohibits unfair or deceptive practices by persons or entities such as Ameriquest in the course of consumer transactions. Ga. Code Ann. §10-1-393(a).

52. At the time of Transaction Two, Plaintiff Nancy Elder Coleman was 64 years old and Plaintiff Robert L. Elder was 66 years old.

53. As the result of Plaintiffs' ages, they receive the additional protections of a companion statute to the FBPA, the Georgia Unfair or Deceptive Practices Toward the Elderly Act ("Elderly Act") at Ga. Code Ann. §§ 10-1-850-857.

54. As shown previously in this Second Amended Complaint, in connection with Transaction Two Ameriquest engaged in unfair and deceptive conduct in charging Plaintiffs an inflated amount to pay off Transaction One and in imposing an inflated charge for an intangible tax.

55. Ameriquest willfully and intentionally violated the FBPA by its conduct referenced above, causing Plaintiffs to suffer actual damages.

56. Ameriquest's above-referenced actions authorize the imposition of punitive damages, pursuant to Ga. Code Ann. § 10-1-853 and Ga. Code Ann. §51-12-5.1, in that they show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences, and Plaintiffs seek such damages.

57. For Ameriquest's above violations of the FBPA, Plaintiffs seek to recover from Ameriquest actual and treble damages, plus punitive damages, plus attorney's fees, costs, and

expenses of litigation. Plaintiffs also seek from Ameriquest the additional penalty of $10,000 imposed by the Elderly Act.

58. Plaintiffs have complied with the notice requirement under Ga. Code Ann. §10-1-399(b) (in the event that this provision should be deemed applicable). This was done by a letter sent by U.S. Mail and electronic transmission on May 14, 2007, from Plaintiffs' counsel to Ameriquest's counsel.

WHEREFORE, Plaintiffs pray that this Court:

(1) declare that Plaintiffs' rescissions of Transaction One and Transaction Two have the immediate and automatic effect of rendering void and unenforceable all contractual obligations arising from or connected with these transactions and of returning Plaintiffs and Defendants to the status quo ante;

(2) rescind Transaction One and Transaction Two and declare void all of the charges imposed therein;

(3) declare void any security interest created In Transaction One or Transaction Two;

(4) order Defendants to take any action necessary to terminate any security interest in Plaintiffs' property created in Transaction One or Transaction Two;

(5) enjoin Defendants, temporarily during the pendency of this action and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiffs' property, from asserting or recording any lien or other encumbrance of any kind on that property, and from otherwise taking any steps to deprive Plaintiffs of their interest in that property or to limit, qualify, or inhibit that interest in any way;

(6) order the return to Plaintiffs of any money or property given by them to anyone, including Defendants, in connection with Transaction One or Transaction Two;

(7) under TILA, award Plaintiffs $6000 in statutory damages, plus actual damages to be determined at trial, costs, litigation expenses, and attorney's fees;

(8) under the Georgia Residential Mortgage Act, award in favor of Plaintiffs and against Ameriquest actual and punitive damages in amounts to be determined at trial, plus costs and litigation expenses;

(9) award in favor of Plaintiffs and against Ameriquest the following amounts under the FBPA and the Elderly Act: actual and treble damages in amounts to be determined at trial, the $10,000 additional civil penalty provided for at Ga. Code Ann. § 10-1-851, punitive damages in an amount to be determined at trial, costs, litigation expenses, and reasonable attorney's fees;

(10) hold a jury trial on all issues so triable;

(11) award such other and further relief as the Court deems just and proper.

TRIAL BY JURY DEMANDED

                                                    s/Charles M. Baird
Charles M. Baird
Georgia Bar No. 032500

Attorney at Law
1270 Caroline Street, Suite D120-440
Atlanta, Georgia 30307-2758
(404) 522-9485
Fax: (404) 627-7056
E-mail: charlesmbaird@att.net         Attorney for Plaintiffs

11