IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br>Lead Case No. 05-CV-7097 |
| AMERIQUEST MORTGAGE CO., a Delaware Corporation, and ARGENT MORTGAGE COMPANY, L.L.C., a Delaware limited liability Company,<br><br>    Third Party Plaintiffs,<br><br>v.<br><br>NORTHWEST TITLE AND ESCROW CORP., a Minnesota Corporation,<br><br>    Third Party Defendants. | Centralized before the<br>Honorable Marvin E. Aspen |

## MORTGAGE INFORMATION SERVICES, INC.'S PARTIAL OPPOSITION TO LAND AMERICA'S MOTION

On May 5, 2008, counsel for the LandAmerica Parties[1] submitted a "Status Report" and "Motion For Entry Of Order Appointing Liaison Counsel And Participation In Fees And Costs." Third Party Defendant Mortgage Information Services, Inc. ("MIS") does not oppose the LandAmerica Parties' motion to the extent that it asks the Court to designate liaison counsel and create a third party defendant committee structure. However, the LandAmerica Parties are also asking the Court to require all of the Third Party Defendants to pay: (1) fees and costs previously incurred by the LandAmerica Parties; and (2) any future fees and costs incurred by the Liaison Counsel. MIS believes that those requests are contrary to law, and, therefore, opposes the LandAmerica Parties' request for such relief.

---

[1] The LandAmerica Parties are LandAmerica Financial Group, Inc., Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Lawyers Title Insurance Corporation, and Transnation Title Insurance Company.

The background behind the LandAmerica Parties' motion is relatively straightforward. On August 24, 2007, Ameriquest and Argent filed a consolidated amended third party complaint that asserted claims against hundreds of parties (the "Third Party Defendants") who are alleged to have participated in hundreds of separate financing transactions. The Third Party Defendants are not a homogenous group. They include title companies, law firms, underwriters, brokers, closing agents, and other professionals from many different states. Some of the Third Party Defendants are large corporations which were involved in numerous transactions. Other Third Party Defendants are small entities which were involved only in a small number of transactions. In short, there are a great number of differences among the Third Party Defendants, and, as this case proceeds, the Third Party Defendants are likely to have a host of individualized defenses and claims.

On February 11, 2008, this Court authorized the Third Party Defendants to "develop and propose a structure that suits their needs with respect to committee(s) or sub-committee(s), counsel leadership and specific division of responsibilities." The Court's February 11, 2008 order was narrow in scope and did not require any action beyond organizing the Third Party Defendants to avoid a multiplicity of filings from hundreds of different parties.

The LandAmerica Parties' May 5, 2008 motion goes far beyond the limited mandate created by the Court's February 11 Order. In addition to asking the Court to approve a committee structure, the LandAmerica Parties are also asking this Court to order all of the Third Party Defendants to pay: (1) fees and costs that were incurred by counsel for the LandAmerica Parties between October 2007 and the present; and (2) future fees and costs incurred by Liaison Counsel.

At the outset, MIS wishes to make clear that it believes the LandAmerica Parties' counsel has done a fine job of communicating and coordinating with the various Third Party Defendants. MIS approves of the committee structure that is proposed, and intends to fully cooperate with the

2

other Third Party Defendants within the confines of that structure. However, MIS believes that the parties which participate in the proposed committee structure (including the Liaison Counsel) should pay their own fees and expenses.

With respect to fees and costs, MIS respectfully submits that the LandAmerica Parties have done things in reverse order. Beginning in October 2007 (which was two months before MIS even entered an appearance in these cases), the LandAmerica Parties began playing an active role in these cases, and incurred significant legal fees. In January 2008, the LandAmerica Parties submitted a draft motion to dismiss and asked the other Third Party Defendants to review that motion and join it if they so desired. MIS (which had already prepared its own motion to dismiss at its own expense) reviewed that motion, and agreed to join in it rather than file its own motion. After the motion to dismiss was prepared, the LandAmerica Parties *then* sought payment for their fees and costs from the other Third Party Defendants (first through a participation agreement, and now through this motion).

MIS is not aware of any authority that would permit this Court to compel MIS (or the other Third Party Defendants) to pay the LandAmerica Parties' previously-incurred fees, or the Liaison Counsel's future fees. Fee shifting is the exception in federal court litigation – not the norm – and the two decisions cited by Land America, *In re Zyprexa Products Liability Litigation*, 467 F. Supp. 2d 256 (E.D.N.Y. 2006), and *In re Linerboard Antitrust Litigation*, 292 F. Supp. 2d 644 (E.D. Pa. 2003), do not support their motion. Indeed, those cases are readily distinguishable.

*First*, in those cases, the courts *first* ordered the formation of plaintiff steering committees, and *then* subsequently ordered that the members of the committees receive compensation. The courts in those cases did not order any parties to pay fees and costs that had already been incurred by an individual committee member prior to the court-ordered formation of the committee.

3

***Second***, in those cases, the courts ordered the plaintiff committees to be paid out of settlement proceeds that had been paid into a common fund. The courts based their rulings on the common fund doctrine (which does not apply here), and did not order any parties to pay the committees' fees and costs from their own funds. *See, e.g., In re Zyprexa Prod. Liab. Litig.*, 467 F. Supp. 2d at 266 ("The common benefit fund set-aside is a holdback, not a levy.").

Suffice it to say, the LandAmerica Parties' request for compensation in this case is a far cry from the arrangements that were approved in *In re Zyprexa Products Liability Litigation* and *In re Linerboard Antitrust Litigation*. MIS respectfully submits that any order requiring MIS (and the other Third Party Defendants) to pay the LandAmerica Parties' past fees or the Liaison Counsel's future fees would be far beyond the "equitable" powers that were used to justify fee shifting in those cases.

## CONCLUSION

For the reasons set forth herein, MIS respectfully requests that the Court deny the LandAmerica Parties' motion to the extent it seeks an order requiring MIS or any other Third Party Defendant to pay fees and costs incurred by the LandAmerica Parties, Liaison Counsel or any other Third Party Defendant.

Dated: May 16, 2008  Respectfully submitted,

Timothy D. Elliott (ARDC 6237023)
Emily L. Alb (ARDC 6288926)
RATHJE & WOODWARD, LLC
300 East Roosevelt Rd., Suite 300
Wheaton, IL 60187
Telephone: (630) 668-8500

Counsel for Mortgage Information Services, Inc.

## CERTIFICATE OF SERVICE

I, Timothy D. Elliott, hereby certify that on this 16th day of May, 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
Timothy D. Elliott