**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 |
| | | Lead Case No. 05-cv-07097 |
| | ) | |
| _____ | ) ) | Centralized before the Honorable Marvin E. Aspen |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, et al., | ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

**CERTAIN THIRD-PARTY DEFENDANTS' CONSOLIDATED REPLY
IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED
CONSOLIDATED THIRD-PARTY COMPLAINT**

Third-Party Defendants listed in Amended Exhibit A attached hereto[1] (collectively, "Third-Party Defendants") submit this Consolidated Reply in Support of their Motion to Dismiss the Second Amended Consolidated Third-Party Complaint[2] in response to the Opposition ("Opp.") to the Motion filed by the Third-Party Plaintiffs.

---

[1] Some Third-Party Defendants listed in Exhibit A to the Consolidated Motion to Dismiss (Docket No. 2034) have changed counsel or have had counsel withdraw from representation. Amended Exhibit A reflects those changes.

[2] After Third-Party Defendants filed their Motion to Dismiss, Third-Party Plaintiffs sought leave to file a Third Amended Consolidated Third-Party Complaint (Docket No. 2086) which reflects the addition of more cases to this MDL proceeding. As Third-Party Plaintiffs observe, the substantive allegations are the same as in the Second Amended Consolidated Third-Party Complaint to which the Motion to Dismiss is directed. (Opp. at p. 5, n. 2) This Reply will therefore simply refer to the "Third-Party Complaint," cited as "Compl."

8108682-1

## ARGUMENT

**I.      THIRD-PARTY PLAINTIFFS' CLAIMS FOR BREACH OF CONTRACT IN COUNTS I, V AND VI SHOULD BE DISMISSED.**

In their attempt to supply the information about their breach of contract claims that is missing in Counts I, V and VI of the Third-Party Complaint, Third-Party Plaintiffs raise more questions than they answer.  They still fail to identify "the relevant agreement" and "the basic contents of that agreement."  *See Hoopla Sports & Entertainment, Inc. v. Nike, Inc.*, 947 F. Supp. 347, 356 (N.D. Ill. 1996).   They have not properly identified a "valid and existing" contract to form the basis for their third-party claims against each of the Third-Party Defendants, *see Westwacker K-Parcel LLC v. Pacific Mutual Life Ins. Co.*, 2006 U.S. Dist. Lexis 2034, at *6 (N.D. Ill. Jan. 20, 2006), they have not shown what the contract consists of, and they have not shown what its terms are.

Third-Party Plaintiffs rely principally on the chart attached as Exhibit A to the Third-Party Complaint to provide identification of the contracts which form the basis for their breach of contract claims.  For each Third-Party Plaintiff, however, the chart lists nothing more than the names of the borrower, the Third-Party Defendants involved in the transaction, and the alleged contract date.  Of note is that in numerous transactions, including all of the Argent transactions, more than one Third-Party Defendant is listed, so that it is not specified which of them is the party or parties that contracted with Ameriquest or Argent.  Indeed, according to their own allegations, they may not have contracted with some of the Third-Party Defendants at all. (Compl. ¶ 12)  In addition, some dates are not specified, or are even missing, or there may be more than one date months apart.

Third-Party Plaintiffs also attach a "Closing Agent Affidavit" and "Closing Instructions" for a single Ameriquest transaction.  But they do not even assert that the same form documents

were used in all Ameriquest transactions, nor do they give any example for an Argent transaction. It is therefore left to speculation as to what the terms of the other transactions actually were.

As this Court observed in addressing the motion to dismiss the non-borrrowers Third-Party Complaint, *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, No. 05 C 7097, 2008 WL 630883, at *3 (N.D. Ill. Mar. 5, 2008) (Docket No. 2003), many documents and forms could have been and probably were used in the hundreds of different transactions which underlie this MDL proceeding. In the Third-Party Plaintiffs' example, for instance, the proferred documents are dated with the date of the closing itself. But they reflect that the Notice of Right to Cancel was to have been prepared and distributed in advance of the closing date, and other tasks would also have to have been performed by Ameriquest, Argent or the Third-Party Defendants involved before the closing date, since by definition, closing is the end of the process, not the start. Thus, each binding contract between Ameriquest or Argent and the relevant Third-Party Defendant or Defendants on which the breach of contract claims are based would have to have been entered into some time before the closing date. That contract is not identified by reference to the Closing Agent Affidavit or the Closing Instructions.

Accordingly, Third-Party Defendants are still left to guess about which contract is being referred to and what alleged breach is implicated. Simply pointing Third-Party Defendants to a "file" of closing documents does not give them "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). Counts I, V and VI should be dismissed with prejudice for failure to state a claim.

8108682-1

## II.  THIRD-PARTY PLAINTIFFS' NEGLIGENCE CLAIMS IN COUNTS II AND VII SHOULD BE DISMISSED.

As to their negligence claims, Third-Party Plaintiffs contend that Third-Party Defendants owed them a "duty" to follow TILA's disclosure requirements, and that if the underlying plaintiffs prevail on their claims, Third-Party Defendants would have "breached" this "duty" by failing to follow the law.  (Compl. ¶¶ 24-26, 48-50)  However, at even the most basic level, these claims fail because (1) Third-Party Defendants, as non-creditors, do not owe any "duty" to Ameriquest or Argent (or to anyone else for that matter), under TILA or otherwise, and (2) even if they did, Third-Party Plaintiffs' negligence claims would be barred by the "economic loss doctrine" in effect in almost every state.

### A.  Third-Party Defendants Do Not Have A Duty Under TILA To Provide The Notice Of Right To Cancel.

Third-Party Plaintiffs concede that TILA places a duty only "on the creditor to make certain disclosures to the borrower in connection with a loan transaction," and that this "duty flows directly from the creditor to the borrower."  (Opp. at 10)  Nevertheless, they contend that their negligence claims are viable because they allegedly hired Third-Party Defendants to close mortgage loans, and, thus, Third-Party Defendants owed them a "duty" to follow the law relating to disclosures that must be made to borrowers.  (Opp. at 11)  However, this is the same argument Third-Party Plaintiffs made — and this Court soundly rejected — when their negligence claims against the credit reporting agencies ("CRAs") were dismissed.  *In re Ameriquest*, 2008 WL 630883, at *9.

Like their negligence claims here, Third-Party Plaintiffs' negligence claims against the CRAs were based on their contention that the CRAs owed them a duty to "follow any and all federal laws," and that if the underlying plaintiffs' allegations were proven true, then the CRAs

would have "breached their respective duties to Ameriquest, in that they negligently failed to follow the criteria and rules set forth in FCRA in performing the above-mentioned obligations." *Id.* In dismissing the negligence claims, this Court held that "[t]he existence of a duty owed to the plaintiff by the defendant is . . . the cornerstone of a negligence action, and as Third-Party Defendants point out, it is absent here." *Id.* The Court explained its reasoning as follows:

> Third-Party Defendants' obligations under the FCRA create duties they owe to consumers, not to Ameriquest. This alleged duty under the FCRA to properly develop and generate the Consumer Lists does not exist for the benefit of Ameriquest. Moreover, Third-Party Defendants' purported duty "to further Ameriquest's interests" must arise under the parties' contracts, if anywhere. Ameriquest has not alleged how the FCRA, or any state statute or common law, gives rise to such a duty. In sum, Ameriquest alleges duties that arise under either the FCRA or applicable contracts, neither of which can serve as the basis of a negligence claim in these circumstances.

*Id.*

Similarly, here, TILA — like FCRA — does not create any duties Third-Party Defendants owe to Ameriquest and Argent, nor have they identified any other source of a duty in tort. Indeed, as they concede, TILA's disclosure requirements only impose duties on them as "creditors," and not on any other third party involved in the transaction. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1); *Vallies v. Sky Bank*, 432 F.3d 493, 495-96 (3d Cir. 2006); *Wilson v. Homecomings Financial Network, Inc.*, 407 F. Supp. 2d 893, 896 (N.D. Ohio 2005). And even if TILA imposed a duty on Third-Party Defendants, that duty, like the CRAs' duty under FCRA, would be owed to and exist for the benefit of the borrowers only, not for the benefit of the Third-Party Plaintiffs. Accordingly, as this Court held, *In re Ameriquest*, 2008 WL 630883, at *9, Third-Party Defendants do not owe any "duty" to Ameriquest or Argent, and thus, their negligence claims fail as a matter of law.

**B.** **Third-Party Plaintiffs' Negligence Claims Are Barred By The Economic Loss Doctrine.**

Third-Party Plaintiffs concede that their negligence claims involve only economic damages and that these claims would therefore be barred by the "economic loss doctrine" if it applied. To avoid application of the doctrine, they contend that their negligence claims fall within a limited exception to the economic loss doctrine — recognized in certain jurisdictions that they have not identified[3] — which allows economic damages for claims of negligent misrepresentation where "the defendant is in the business of supplying information for the guidance of others in their business transactions." (Opp. at 11) Third-Party Plaintiffs' reliance on this exception is unfounded, for several reasons.

First, where the exception is recognized, it applies *only* to claims for negligent misrepresentation. *In re Ameriquest*, 2008 WL 630883, at *8; *First Midwest Bank, N.A. v. Stewart Title Guaranty Co.*, 218 Ill. 2d 326, 335, 843 N.E.2d 327, 332 (2006). But, significantly, Third-Party Plaintiffs have alleged no negligent misrepresentation claim here. Rather, their claim is only for "negligence," alleging that Third-Party Defendants "breached" a "duty" to follow the law "relating to required disclosures in connection with mortgage loans." (Compl. ¶¶ 24-26, 48-50) Accordingly, because this case involves no claim for negligent misrepresentation, the exception upon which Third-Party Plaintiffs rely is not even implicated.

Second, the basis for a negligent misrepresentation claim that the Third-Party Plaintiffs posit in their Opposition, but have not pled in their Third-Party Complaint, is not actionable. They argue that such a claim would be based on Third-Party Defendants' alleged

---

[3] Although Third-Party Plaintiffs have not bothered to inform the Court which jurisdictions have adopted the exception they seek to invoke, Third-Party Defendants note that "courts in jurisdictions which have adopted the economic loss doctrine routinely have declined to carve out an exception for claims of negligent misrepresentation." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 620 (3d Cir. 1995) (citing cases).

"representations" that the disclosures to be provided to the borrowers "complied with state and federal law." (Opp. at 12) However, as this Court has already held, such a claim cannot be maintained because "'[a]s a general rule, one is not entitled to rely upon a misrepresentation of law since both parties are presumed to be equally capable of knowing and interpreting the law.'" *In re Ameriquest*, 2008 WL 630883, at *8, quoting *City of Aurora v. Green*, 126 Ill. App. 3d 684, 688, 467 N.E.2d 610, 613 (2d Dist. 1984). Thus, just as the Court found that the CRAs' "unspecified representations and assurances about the legality of the [marketing letters] plainly concern a matter of law and cannot support [a negligent misrepresentation] claim," *id.*, Third-Party Defendants' alleged "representations" that the disclosures to be provided to the borrowers complied with all applicable legal requirements cannot support a negligent representation claim here.

Third, Third-Party Plaintiffs also assert that Third-Party Defendants were supposedly required "to 'supply information' *to the borrower plaintiffs* relating to the underlying loan transactions." (Opp. at 12, emphasis added) While the negligent misrepresentation exception requires that the defendant be "in the business of supplying information for the guidance of others in business transactions," the defendant necessarily must have supplied the information *to the plaintiff which is suing it*, not to some other party. *See, e.g.*, *Prime Leasing, Inc. v. Kendig*, 332 Ill. App. 3d 300, 311, 773 N.E.2d 84, 94 (1st Dist. 2002). Thus, if there were allegations concerning negligent misrepresentation in the Third-Party Complaint, they still would not satisfy the exception to the economic loss doctrine because the "information" was allegedly supplied to the borrowers, if anyone, not to the Third-Party Plaintiffs.

Finally, Third-Party Plaintiffs cannot even establish that Third-Party Defendants are "in the business of supplying information." Here, at most, Third-Party Defendants were to provide

certain form Notices of Right to Cancel to the borrower plaintiffs along with all of the other paperwork that a real estate closing entails, not supply them information to guide their business decisions.   Any failure to include the required Notices would amount to nothing more than breach of a contract to supply the requisite paperwork, not a negligent misrepresentation, and would not fit within the exception.  *See, e.g.*, *First Midwest Bank, N.A.*, 218 Ill. 2d at 338-341, 843 N.E.2d at 334-36 (2006).

Therefore, even where it has been recognized, the negligent misrepresentation exception to the economic loss doctrine does not apply here to save Third-Party Plaintiffs' negligence claims.  For this reason as well, Counts II and VII should be dismissed with prejudice.

### III.    THIRD-PARTY PLAINTIFFS' EQUITABLE INDEMNITY CLAIMS IN COUNTS III AND VIII AND CONTRIBUTION CLAIMS IN COUNTS IV AND IX SHOULD BE DISMISED.

Contrary to Third-Party Plaintiffs' contention, their indemnity and contribution claims as pled in the Third-Party Complaint are plainly based on the borrowers' TILA claims, (Compl. ¶¶ 9-11) and *not* on the "variety of intentional torts and state-law statutory violations" a "substantial majority" of borrowers may have made.  (Opp. at 8)  Any doubt on this score is dispelled by Third-Party Plaintiffs' specific reference in Counts III, IV, VIII and IX to "rules not followed in TILA" and other unidentified regulations, and Third-Party Defendants' failure to "follow all applicable rules and regulations."  (Compl. ¶¶ 29, 33, 53, 58)  Likewise, all of the other claims are tied specifically to failure to give the Notice of Right to Cancel required by TILA and Regulation Z, with no other regulation or violation being mentioned.  (Compl. ¶¶ 24, 29, 33, 48, 53, 57)  And certainly, offhand references to other types of claims being made "*inter alia*" by plaintiffs in the myriad of underlying complaints are simply insufficient to identify which of those claims is actually incorporated into the Third-Party Complaint in order to give Third-Party

Defendants proper notice of the basis for the alleged rights to indemnity and contribution. Thus, Third-Party Plaintiffs' assertion in their Opposition that their indemnity and contribution claims are based on something other than the borrowers' TILA claims is belied by their own pleading.[4]

As discussed in detail in Third-Party Defendants' Memorandum in Support of their Motion to Dismiss, this Court and numerous other courts have held that there is no right to indemnification or contribution, either for a TILA violation or for violation of other parts of the Consumer Protection Act. *See, e.g.*, *In re Ameriquest*, 2008 WL 630883, at *3-5; *McSherry v. Capital One FSB*, 236 F.R.D. 516, 522-23 (W.D. Wash. 2006). Specifically, TILA does not contain an express right to indemnity or contribution; none can be implied from TILA; and federal common law provides no basis for such a right.

Tellingly, Third-Party Plaintiffs have cited absolutely no contrary authority to support their claim for indemnity or contribution under TILA, and their attempts to distinguish *McSherry* and this Court's earlier decision in the non-borrowers action are unavailing. Although they concede that this Court found no right to indemnity or contribution under FCRA in the non-borrowers action (Opp. at 9), *see In re Ameriquest*, 2008 WL 630883, at *3-5, they offer no reason why the Court's analysis should be any different under TILA. Indeed, the court in *McSherry*, 236 F.R.D. at 520-23, applied the same analysis to find that no claim for indemnity or

---

[4] If Third-Party Plaintiffs actually sought indemnification or contribution for something other than the borrowers' TILA claims (which the Third-Party Complaint does not do), the analysis of their ability to maintain such actions under each of the "variety of intentional torts and state-law statutory violations," (Opp. at 8) in each of the hundreds of actions that comprise this MDL proceeding, could not be addressed in this or any other consolidated pleading. For instance, in the Illinois CFA claim example cited, plaintiffs alleged that Ameriquest deceived them, not the Third-Party Defendant. But under the ICFA, only the person who directly deceived the plaintiff is liable. There is no derivative liability for others even if they benefitted from the deception. Zekman v. Direct American Marketers, Inc., 182 Ill. 2d 359, 370, 695 N.E.2d 853, 859 (1998). Illinois also does not recognize contribution for an intentional tort, Gerill Corp. v. Jack L. Hargrove Builders, Inc., 128 Ill. 2d 179, 206, 538 N.E.2d 530, 542 (1989), or indemnity where the claimant is at fault. Ores v. Willow West Condominium Ass'n, 1998 WL 852839, at *6-8 (N.D. Ill. Nov. 30, 1998).

8108682-1

contribution exists under *either* FCRA or TILA. Further, contrary to Third-Party Plaintiffs'
assertion, neither the *McSherry* court nor this Court based its analysis on a finding that the third-
party defendants "did not commit any violation of the underlying statute." (Opp. at 10) Rather,
both decisions analyzed and rejected any right to indemnity or contribution without reference to
whether the statutes had been violated.

Because Third-Party Plaintiffs have no right to indemnity or contribution, Counts III, IV,
VIII and IX should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above and in their Consolidated Memorandum of Law in
Support of their Motion to Dismiss, Third-Party Defendants request that the Court grant their
Motion to Dismiss and dismiss all claims contained in the Third-Party Complaint with prejudice.

Respectfully submitted,

By: /s/ John L. Ropiequet
      One of their attorneys

Keith Verges
Mark Davenport
Don Colleluori
Russell W. Hubbard
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone (214) 939-2017
Facsimile (214) 939-2090

John L. Ropiequet
Anna-Katrina S. Christakis
Jeffrey D. Pilgrim
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Telephone (312) 876-7100
Facsimile (312) 876-0288

8108682-1

**<u>CERTIFICATE OF SERVICE</u>**

John L. Ropiequet, an attorney for certain defendants, hereby certifies that on May 28, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>/s/ John L. Ropiequet</u>

8108682-1

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 |
| _____ | ) ) | Centralized before the Honorable Marvin E. Aspen |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, et al., | ) ) ) ) | |
| Third-Party Defendants. | ) | |

**AMENDED EXHIBIT A TO
CERTAIN THIRD-PARTY DEFENDANTS' CONSOLIDATED MOTION TO DISMISS
THE SECOND AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT**

| | |
|---|---|
| A American Financial Group, Inc. | Timothy Hoffman <br> Hector Ledesma <br> SANCHEZ DANIELS & HOFFMAN LLP <br> 333 West Wacker Drive, Suite 500 <br> Chicago, IL 60606 <br> Tel. (312) 641-1555 <br> Fax (312) 641-3004 |
| Absolute Title Services Inc. <br> Law Title Insurance Agency, Inc. <br> Law Title Insurance Company, Inc. | David A. Ward <br> WARD & METTI, P.C. <br> 245 Waukegan Road, Suite 230 <br> Northfield, IL 60093 <br> Tel. (847) 501-6565 <br> Fax (847) 501-6589 |

| Access Title LLC | Michael W. Favicchio<br>ACCESS TITLE LLC<br>1200 Reservoir Avenue<br>Cranston, RI 02920<br>Tel. (401) 946-1850<br>Fax (401) 383-0572 |
|---|---|
| Ace Mortgage Funding Inc.<br>Archer Land Title Inc. | David T. Ballard<br>BARNES & THORNBURG LLP<br>One North Wacker Drive, Suite 4400<br>Chicago, IL 60606<br>Tel. (312) 338-5914<br>Fax (312) 759-5646<br>and<br>Chris Jones<br>BARNES & THORNBURG LLP<br>11 S. Meridian Street<br>Indianapolis, IN 46204<br>Tel. (317) 231-7795<br>Fax (317) 231-7433 |
| Advantage Equity Services, Inc.<br>*Subject to, and without waiving its previously filed Motion to Dismiss [Docket No. 1633, filed 11/27/07]* | Stephen M. Sedor<br>DURANT NICHOLS HOUSTON HODGSON & CORTESE-COSTA PC<br>1057 Broad Street<br>Bridgeport, CT 06604<br>Tel. (203) 337-3438<br>Fax (203) 384-0317 |
| Allied Home Mortgage Capital Corp. | Daniel Lynch<br>Avidan J. Stern<br>LYNCH & STERN LLP<br>150 South Wacker Drive, Suite 2600<br>Chicago, IL 60606<br>Tel. (312) 346-1600<br>Fax (312) 896-5883 |
| Atamian Law Associates, P.C. d/b/a Premier Title & Escrow Co., Inc.<br>David B. Carroll, P.C.<br>Frank J. Manni<br>Law Offices of Marc D. Foley, P.C.<br>Law Offices of Jonathan P. Ash<br>Medici & Sciacca P.C.<br>Tapalian & Tadros, P.C. | Bruce R. Meckler<br>J. Aaron Jensen<br>Christopher E. Kentra<br>MECKLER BULGER & TILSON<br>123 North Wacker Drive, Suite 1800<br>Chicago, IL 60606<br>Tel. (312) 474-7900<br>Fax (312) 474-7898 |

| Avalon Abstract Corp. | Lloyd J. Weinstein<br>Melissa A. Cavaliere<br>THE WEINSTEIN GROUP, P.C.<br>Ten Newton Place, Suite 201<br>Hauppauge, New York 11788<br>Tel. (631) 851 1090<br>Fax (631) 851 1092 |
|---|---|
| Battersby Title Inc.<br>Colonial Title & Escrow, Inc.<br>Heights Title Agency, Inc.<br>National Real Estate Information Services of New Jersey, Inc.<br>Superior Closing Services, LLC<br>Taylor Abstract Company<br>Title-Tech Networks, Inc.<br>Towne & Country Land Title Agency, Inc | Christopher H. Murphy<br>COZEN O'CONNOR<br>222 S. Riverside Plaza, Suite 1500<br>Chicago, IL 60606<br>Tel. (312) 382-3155<br>Fax (312) 706-9755 and<br>John J. McDonough<br>COZEN O'CONNOR<br>45 Broadway, Suite 1600<br>New York, NY 10006<br>Tel. (212) 509-9400 |
| BLS Funding Corp. | Kevin M. O'Hagan<br>Chance A.E. Hodges<br>O'HAGAN SPENCER, LLC<br>One East Wacker Drive, Suite 3400<br>Chicago, IL 60601<br>Tel. (312) 422-6100<br>Fax (312) 422-6110 |
| Choice Title Agency, Inc. | John E. Kerley<br>KERLEY & ASSOCIATES, PC<br>2131 W. White Oaks Drive, Suite B-2<br>Springfield, IL 62704<br>Tel. (217) 698-0007<br>Fax (217) 726-0006 |
| Cislo Title Co. | Jeffrey Wayne Finke<br>LAW OFFICE OF JEFFREY W. FINKE<br>20 N. Wacker Drive, Suite 1701<br>Chicago, IL 60606<br>Tel. (312) 606-3333<br>Fax (312) 419-1729 |
| Citywide Title Corporation<br>Indiana Title Network Company<br>Vital Signing, Inc. | Daniel J. McMahon<br>Rebecca Rothmann<br>Cinthia Granados Motley<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP<br>120 North LaSalle, 26th Floor<br>Chicago, IL 60602<br>Tel. (312) 704-0550<br>Fax (312) 704-1522 |

| | |
|---|---|
| Classic Home Mortgage Corp. | Kristin S. Yoo<br>Edward M. Ordonez<br>COZEN O'CONNOR<br>222 S. Riverside Plaza, Suite 1500<br>Chicago, IL 60606<br>Tel. (312) 382-3100<br>Fax (312) 706-9755 |
| CloseNet, LLC<br>Northwest Title and Escrow Corporation | Wayne B. Holstad<br>30 East Seventh Street, Suite1690<br>St. Paul, MN 55101<br>Tel.(651) 379-5006<br>Fax (651) 379-5007 |
| Commonwealth Land Title Company<br>Commonwealth Land Title Insurance Co.<br>LandAmerica Financial Group, Inc.<br>Lawyers Title Insurance Corporation<br>Transnation Title Insurance Co. | Mark Davenport<br>Keith Verges<br>Don Colleluori<br>Russell W. Hubbard<br>FIGARI & DAVENPORT, L.L.P.<br>3400 Bank of America Plaza<br>901 Main Street<br>Dallas, Texas 75202<br>Tel. (214) 939-2017<br>Fax (214) 939-2090<br>and<br>John L. Ropiequet<br>Anna-Katrina S. Christakis<br>Jeffrey D. Pilgrim<br>ARNSTEIN & LEHR LLP<br>120 South Riverside Plaza, Suite 1200<br>Chicago, Illinois 60606<br>Tel. (312) 876-7100<br>Fax (312) 876-0288 |
| Connecticut Closing Services<br>The Law Offices of Joseph D'Agostino, Jr., LLC<br>Timothy P. Kennedy<br>*Subject to, and without waiving their previously-filed Motion to Dismiss [Docket No. 1686, filed 11/29/07]*<br>Portnoy and Greene, P.C.<br>*Subject to, and without waiving its previously-filed Motion to Dismiss [Docket No. 1688, filed 11/29/07]* | Harlene G. Matyas<br>Sreeram Natarajan<br>Margaret M. Rule<br>TRIBLER ORPETT & MEYER, PC<br>225 West Washington Street, Suite 1300<br>Chicago, IL 60606<br>Tel. (312) 201-6400<br>Fax (312) 201-6401 |

| | |
|---|---|
| Dewrell Sacks LLP<br>John Weber & Associates, P.C.<br>Law Offices of Daniel J. Nigro, P.C.<br>Lieto & Greenberg LLP<br>Lee S. Jacobowitz, Esq.<br>Carolyn T. Daley | Rudolf G. Schade, Jr.<br>Scott J. Brown<br>CASSIDAY SCHADE, LLP<br>20 N. Wacker Dr., Suite 1040<br>Chicago, IL 60606-2903<br>Tel. (312) 444-2456<br>Fax (312) 444-1669 |
| Dey, Smith & Collier, LLC<br>1st Integrity Mortgage<br>Resource Title, LLC | Richard M. Waris<br>James Joseph Sipchen<br>Donald P. Eckler<br>PRETZEL & STOUFFER, CHTD.<br>One South Wacker Drive, Suite 2500<br>Chicago, IL 60606-4673<br>Tel. (312) 578-7404<br>Fax (312) 346-8242 |
| Dream House Mortgage Corporation | Dean J. Wagner<br>Gini Spaziano<br>Preston Halperin<br>SHECHTMAN HALPERIN SAVAGE LLP<br>1080 Main Street<br>Pawtucket, RI 02860<br>Tel. (401) 272-1400<br>Fax (401) 272-1403 |
| Envision Mortgage Solutions, Inc.<br>Liberty Title Escrow Company, Inc. | Michael J. Delrahim<br>Dennis E. Both<br>BROWN, UDELL & POMERANTZ<br>1332 N. Halsted Street<br>Chicago, IL 60622<br>Tel. (312) 475-9900<br>Fax (312) 475-1188 |
| Equity Settlement Services, Inc. | Alexander E. Sklavos<br>LAW OFFICES OF ALEXANDER E. SKLAVOS, PC<br>One Old Country Road, Suite 200<br>Carle Place, NY 11514<br>Tel. (516)248-4000<br>Fax (516) 877-8010<br>and<br>George P. Apostolides<br>ARNSTEIN & LEHRr LLP<br>120 S. Riverside Plaza, Suite 1200<br>Chicago, IL 60606<br>Tel. (312) 876-7100<br>Fax (312) 876-0288 |

| | |
|---|---|
| Fidelity National Title Company<br>Fidelity National Title Insurance Company<br>Fidelity National Title Insurance Company of New York<br>Chicago Title Company<br>Chicago Title Insurance Company<br>Chicago Title of Michigan<br>Ticor Title Insurance Company<br>American Pioneer Title Insurance Company | Albert E. Fowerbaugh, Jr.<br>DLA PIPER US LLP<br>203 N. LaSalle Street, Suite 1900<br>Chicago, IL 60601<br>Tel. (312) 368-6804<br>Fax (312) 251-2177<br>and<br>James S. Schreier<br>Eric P. Early<br>CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO LLP<br>10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA 90067<br>Tel. (310) 553-3000<br>Fax (310) 556-2920 |
| Financial Title Company<br>Lenders First Choice<br>Specialty Title Services, Inc. | Kevin J. Clancy<br>LOWIS & GELLEN<br>200 W. Adams, Suite 1900<br>Chicago, IL 60606<br>Tel. (312) 628-7855<br>Fax (312) 364-1003 |
| First American Title Insurance Company<br>Metropolitan Title Company<br>Midland Title Security, Inc.<br>Mortgage Guarantee and Title Company<br>Ohio Bar Title Insurance Company | Jeffrey T. Heintz<br>Christopher F. Swing<br>Kate M. Bradley<br>BROUSE McDOWELL<br>388 Main St., Ste. 500<br>Akron, OH 44311<br>Tel. (330) 535-5711<br>Fax (330) 253-8601 and<br>Michael D. Sher<br>Robert Radasevich<br>Emily Milman<br>Thomas Papadopoulos<br>NEAL GERBER & EISENBERG<br>2 N. LaSalle St., Suite 2200<br>Chicago, Illinois 60602<br>Tel. (312) 269-8039<br>Fax (312) 269-1747 |
| Goldman Gruder & Woods | Jeanne M. Hoffmann<br>Terrence J. Madden<br>BRYCEDOWNEY LLC<br>200 N. LaSalle St., Suite 2700<br>Chicago, IL 60601<br>Tel. (312) 377-1501<br>Fax (312) 377-1502 |

8108682-1

| | |
|---|---|
| Guaranty Title and Trust Company<br>Nations Title Agency of Illinois, Inc.<br>Nations Title Agency of Michigan, Inc.<br>Nations Title Agency of Missouri, Inc.<br>Texas Nations Title Agency, Inc. | David C. McCormack<br>MCCORMACK LAW, S.C.<br>18875 Saratoga Court<br>Brookfield, WI 53045<br>Tel. (262) 790-1160<br>Fax (262) 790-1208 |
| Hillard N. Einbinder<br>*Subject to, and without waiving his previously-filed Motion to Dismiss [Docket No. 1728, filed 12/3/07]*<br>Desautels, Mahoney & Kohn, LLC<br>Baruti Scola and Smith PC f/k/a  Law Offices of Borner, Scola, Baruti & Vancini P.C.<br>Sette & Bonadies, P.C.<br>Fred Sette<br>The Matlusky Firm, LLC | Gary Thomas Jansen<br>Nicole D Milos<br>CREMER KOPON SHAUGHNESSY & SPINA<br>180 North LaSalle Street, Suite 3300<br>Chicago, IL 60601<br>Tel. (312) 980-3016<br>Fax (312) 726-3818 |
| Home-Land Title & Abstract Co., Inc. | Michael A. Kraft<br>Gregory A. Cerulo<br>Laura A. Peterson<br>QUINN, JOHNSTON, HENDERSON & PRETORIUS, CHTD.<br>227 NE Jefferson<br>Peoria, IL 61602<br>Tel. (309) 674-1133<br>Fax (309 674-6503 |
| Ilene K. Chapel | William E. Hosler<br>WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, PC<br>380 N. Old Woodward Ave., Ste. 300<br>Birmingham, MI 48009<br>Tel. (248) 642-0333<br>Fax (248) 642-0856 |
| Jones Damia Kaufman Borofsky & DePaul LLC<br>Law Offices of Gregory T. Lattanzi, LLC<br>Schop & Pleskow, LLP<br>Synodi Videll & Green, LLC (Gordon Videll) | George K. Flynn<br>Richard M. Kaplan<br>Susan N.K. Gummow<br>CLAUSEN MILLER, P.C.<br>10 S. LaSalle Street<br>Chicago, IL 60603<br>Tel. (312) 855-1010<br>Fax (312) 606-7777 |
| Lake Front Mortgage, Inc.<br>*Subject to, and without waiving its previously-filed Motion to Dismiss [Docket No. 1774, filed 12/5/07]* | Gerald R. Walton<br>GERALD R. WALTON & ASSOCIATES<br>2800 Euclid Avenue, Suite 320<br>Cleveland, Ohio 44115<br>Tel. (216) 621-1230<br>Fax (216) 621-3039 |

8108682-1

A-7

| Law Office of Joseph E. Nealon LLC | Joseph E. Nealon<br>LAW OFFICE OF JOSEPH E. NEALON LLC<br>45 Lyman Street, Suite 28<br>Westborough, MA 01581<br>Tel. (508) 366-0044<br>Fax (508) 366-0162 |
|---|---|
| Law Office of Anthony A. Senerchia, Sr. P.C | Eric D Kaplan<br>Jared Ira Rothkopf<br>KAPLAN PAPADAKIS & GOURNIS, LLP<br>180 North LaSalle St., Suite 2108<br>Chicago, IL 60601<br>Tel. (312) 726-0531<br>Fax (312) 726-4928 |
| MacKinnon & Tavano, LLC<br>*Subject to, and without waiving its previously-filed Motion to Dismiss [Docket No. 1710, filed 12/3/07]* | Joseph B. Carini, III<br>JOHNSON & BELL, LTD.<br>33 West Monroe Street, Suite 2700<br>Chicago, IL 60603<br>Tel. (312) 984 6668<br>Fax (312) 372-9818 |
| Mortgage Information  Services, Inc. | Scott A. Weathers<br>THE WEATHERS LAW OFFICE, P.C.<br>333 North Pennsylvania Street. Suite 200<br>Indianapolis, IN 46204<br>Tel. (317) 822-8010<br>and<br>Timothy D. Elliott<br>Derek M. Johnson<br>RATHJE & WOODWARD, LLC<br>300 E. Roosevelt Road, Suite 300<br>Wheaton, IL  60187<br>Tel. (630) 668-8500<br>Fax (630) 668-7650 |
| Mortgage Pros USA | Michael R. Gregg<br>Steven M. Sandler<br>Amir R. Tahmassebi<br>MERLO KANOFSKY BRINKMEIER & GREGG LTD.<br>208 S. LaSalle St., Ste. 950<br>Chicago, IL  60604<br>Tel. (312) 553-5500<br>Fax (312) 683-7181 |

| | |
|---|---|
| National Real Estate Information Services<br>*Subject to, and without waiving its previously-*<br>*filed Motion to Dismiss [Docket No. 1714,*<br>*filed 12/3/07]* | David Joel Chizewer<br>Alais L.M. Griffin<br>GOLDBERG KOHN<br>55 East Monroe St., Suite 3300<br>Chicago, IL 60603<br>Tel. (312) 201-3938<br>Fax (312) 863-7438 |
| Old Republic National Title Insurance Co. | Andrew R. Greene<br>JOHNSTON | GREENE | LLC<br>542 S. Dearborn St., Suite 1310<br>Chicago, IL 60605<br>Tel. (312) 341-3900<br>Fax (312) 341-0700<br>and<br>Emily V. Wolf<br>KRASNOW SAUNDERS CORNBLATH,<br>LLP<br>500 N. Dearborn Street, 2nd Floor<br>Chicago, IL 60610<br>Tel. (312) 755-5700<br>Fax (312) 755-5720 |
| Paul D. Boudreau | Charles S. Ofstein<br>Robert W. Smyth, Jr.<br>J. Kent Mathewson<br>DONOHUE BROWN MATHEWSON &<br>SMYTH LLC<br>140 S. Dearborn Street, Suite 800<br>Chicago, IL 60603<br>Tel. (312) 422-0976<br>Fax (312) 422-0909 |
| Perrotta, Cahn & Prieto, P.C. | John W. Patton, Jr.<br>Michael M. Fenwick<br>PATTON & RYAN, LLC<br>330 N. Wabash, Suite 2900<br>Chicago, IL 60611<br>Tel. (312) 261-5160<br>Fax (312) 261-5161 |
| Republic Title Company | Michael A. Braun<br>Lee M. Weisz<br>BRAUN & RIVKIN<br>33 North Dearborn Street, Suite 500<br>Chicago, IL 60602<br>Tel. (312) 580-0001<br>Fax (312) 580-0828 |

| | |
|---|---|
| Residential Title Services, Inc. | James V. Noonan<br>Katherine Marie Donat<br>NOONAN & LIEBERMAN<br>105 West Adams Street, Suite 3000<br>Chicago, IL 60603<br>Tel. (312) 431-1455<br>Fax (312) 431-1456 |
| Roy W. Waller | Michael Weber<br>Michele L. Killebrew<br>LEO & WEBER, P.C.<br>One N. LaSalle St., Ste. 3600<br>Chicago, IL 60602<br>Tel. (312) 857-0910<br>Fax (312) 857-1240 |
| Search 2 Close<br>Search 2 Close of Columbus, Limited | David W. Warren<br>JOELSON ROSENBERG, PLC<br>30665 Northwestern Hwy., Suite 200<br>Farmington Hills, MI 48334<br>Tel. (248) 855-2233<br>Fax (248) 855-2338 |
| Sierra Title Company of Cameron and Willacy Counties | John King<br>M. Steven Deck<br>LAW OFFICES OF JOHN KING<br>3409 N. 10th Street<br>McAllen, TX 78501<br>Tel. (956) 687-6294<br>Fax (956) 687-5524 |
| Stewart Title Company of Illinois<br>Stewart Title Guaranty Co.<br>Stewart Title Insurance Co.<br>Stewart Title of Seattle, LLC | Gerard D. Kelly<br>Michael Andolina<br>Anna Schumaker<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Tel. (312) 853-2228<br>Fax (312) 853-7036 |
| Tek Title, LLC<br>*Subject to, and without waiving its previously-filed Motion to Dismiss [Docket No. 1719, filed 12/3/07]* | Robert S. Pinzur<br>Brian S. Brewer<br>PINZUR COHEN & KERR LTD<br>4180 RFD Route 83, Suite 208<br>Long Grove, IL 60047<br>Tel. (847) 821-5290<br>Fax (847) 821-5293 |

8108682-1

| Title Source Inc. | Edward A. Cohen<br>Larry Hoellwarth<br>Adam Bunge<br>KARBAL \| COHEN \| ECONOMOU \| SILK \|<br>DUNNE \| LLC<br>200 S. Michigan Avenue, 20th Floor<br>Chicago, IL 60604<br>Tel. (312) 431-3643<br>Fax (312) 431-3670 |
| --- | --- |
| TranStar National Title Co. | Frank J. Kokoszka<br>KOKOSZKA & JANCZUR, P.C.<br>140 South Dearborn, Suite 1610<br>Chicago, IL 60603<br>Tel. (312) 443-9600<br>Fax (312) 443-5704 |
| Travis Mortgage LLC | Dominick W. Savaiano<br>Joel B. Templeman<br>CLAUSEN MILLER P.C.<br>10 South LaSalle Street, Suite 1600<br>Chicago, IL 60603<br>Tel. (312) 606-7779<br>Fax (312) 606-7777 |
| TurnKey Title Corporation | Annaliese F. Fleming<br>Gayle Yeatman Fisher<br>BARACK FERRAZZANO KIRSCHBAUM<br>& NAGELBERG LLP<br>200 West Madison Street, Suite 3900<br>Chicago, IL 60606<br>Tel. (312) 984-3100<br>Fax (312) 984-3150 |