IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION ) ) ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before the Honorable Marvin E. Aspen |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, ) ) ) ) ) | |
| Third-Party Plaintiffs, ) ) | |
| v. ) ) | |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, et al., ) ) ) ) | |
| Third-Party Defendants. ) | |

**REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER APPOINTING LIAISON COUNSEL AND PARTICIPATION IN FEES AND COSTS BY THIRD-PARTY DEFENDANTS**

The undersigned counsel submits this Reply in Support of the May 5, 2008, Motion for Entry of Order Appointing Liaison Counsel and Participation in Fees and Costs (the "Motion," Document 2135) and states:

### I. INTRODUCTION

The Motion is presently unopposed insofar as the structure and duties of Liaison Counsel and Subcommittees are concerned, nor does any Third-Party Defendant challenge the necessity or quality of the work done on behalf of all Third-Party

**REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER APPOINTING
LIAISON COUNSEL AND PARTICIPATION IN FEES AND COSTS BY
THIRD-PARTY DEFENDANTS – Page 1**

Defendants. In fact, all Third-Party Defendants expressing an opinion have consented to the proposed Order Appointing Liaison Counsel (the "Order"), with one exception.[1] In that regard, on May 16, 2008, Mortgage Information Services, Inc. ("MIS") filed its Partial Opposition to LandAmerica's Motion ("Opposition," Document 2153). For the reasons set forth below, the Court should overrule the MIS Opposition and enter the proposed Order.

## II. ARGUMENT AND AUTHORITIES

MIS apparently agrees with each and every aspect of the Motion and proposed Order, including the magnitude and value of efforts performed by proposed Liaison Counsel to date except for requiring it to pay for past work which it has benefited from. In fact, MIS expressly states that counsel for the LandAmerica parties has "done a fine job of communicating and coordinating with the various Third-Party Defendants." [Opposition at 2.] However, MIS stands alone among all Third-Party Defendants insofar as it apparently wants to receive the benefit of proposed Liaison Counsel's coordinated, joint, and consolidated effort for free.

The only arguments MIS makes are: (1) the two cases cited in the Motion involved payment to plaintiff steering committees out of a settlement fund, not defense liaison counsel; and (2) the requested fees were "previously-incurred," rather than incurred after

---

[1] There are approximately 118 Third-Party Defendants with approximately 470 separate transactions that have benefited from Liaison Counsel's efforts. To date, 77 Third-Party Defendants representing 313 transactions have agreed to the proposed Order, and one Third-Party Defendant representing 44 transactions disagrees. This leaves approximately 40 Third-Party Defendants representing 113 transactions with no opinion.

**REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER APPOINTING
LIAISON COUNSEL AND PARTICIPATION IN FEES AND COSTS BY
THIRD-PARTY DEFENDANTS** – Page 2

the entry of the proposed Order. [Opposition at 3-4.] Neither argument *supports* the relief MIS seeks. More importantly, both arguments are wrong.

A.   **Defendant Groups Can Be Ordered to Share Expenses.**

Co-defendants and co-third-party defendants can clearly be required to pay a pro rata share of liaison counsel fees and expenses. *New Jersey Dep't of Envt't Prot. v. Gloucester Envtl. Mgmt. Servs., Inc.,* 138 F.R.D. 421 (D.N.J. 1991). In *Gloucester,* liaison counsel for a group that included certain third-party defendants sought an order compelling payment of fees and expenses incurred on behalf of the group. *Id.* at 424. Certain group members objected that they could not be compelled to join a liaison group or to share in group expenses. *Id.* at 425. Like MIS, these objectors cited no authority for this proposition and the court quickly dispensed with it:

> This court has the clear authority to arrange parties into coordinated groups and to require parties to compensate Liaison Counsel for administrative expenditures on behalf of the group's members.

*Id.* at 428 (citing MANUAL FOR COMPLEX LITIGATION, (SECOND) § 20.22); *see also*, *In re Braniff, Inc.*, 1992 WL 261641 (Bankr. M.D. Fl. Oct. 2, 1992) (order requiring contribution by defendants to liaison counsel). The court went on to state that a party objecting to reimbursement has the burden to prove that the creation of the group is an abuse of discretion. *Gloucester*, 138 F.R.D. at 429. Finally, the opinion states:

> It is rather incredible that the multiple related party entities filing objections have not even collectively paid a *single* per capita share of the Liaison Counsel fees. This non-payment results in the biggest "free ride" for viable parties of which this court is aware.

**REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER APPOINTING
LIAISON COUNSEL AND PARTICIPATION IN FEES AND COSTS BY
THIRD-PARTY DEFENDANTS – Page 3**

*Id.* at 433.  The Court is therefore empowered to order MIS to pay its pro rata share and no Third-Party Defendant should be permitted to receive the admitted value of proposed Liaison Counsel's services for free.

**B.     Fees Incurred Beginning in October 2007 are Reimbursable.**

MIS' objection that it should not share in prior fees also fails.  First, Third-Party Defendants did not have the luxury of organizing themselves early in the litigation and before significant efforts were required.  By the time Third-Party Defendants began to organize, this case was nearly two years old, with well over 1,000 pleadings on file.  Moreover, on October 23 and December 3, 2007, Third-Party Plaintiffs had filed motions (Documents 1396 and 1724) seeking to impose previous case management orders of the Court on Third-Party Defendants, and on December 10 and 12, 2007, this Court entered orders (Documents 1779 and 1792) requiring certain consolidated conduct on behalf of all Third-Party Defendants.  The undersigned counsel therefore had to act promptly to organize and coordinate with other Third-Party Defendants' counsel.  After multiple conferences with most Third-Party Defendants, the undersigned filed the December 28, 2007, Order Seeking Reconsideration, (Document 1841) which resulted in the February 11, 2008, Order to which the present matter relates.  Second, the *Gloucester* case cited above included reimbursement of fees for work done while the group at issue was "still forming," which directly answers MIS' claim that fees can only be awarded <u>after</u> committee formation.  *Id.* at 425.  Given the modest amount of fees requested,

particularly when shared on a per-transaction and per-party basis, the Court should order each party to pay its fair share.

### III. CONCLUSION

MIS proposes no fair alternative to that set forth in the proposed Order. MIS simply proposes to receive the benefit of proposed Liaison Counsel's efforts for free, which is far more inequitable than the discounted and prorated fees requested in the proposed Order. All of the efforts for which compensation is sought were done on behalf of Third-Party Defendants collectively. Accordingly, the Court should overrule the Opposition, and enter the proposed Order.

Respectfully submitted,

By: /s/ Keith R. Verges
    Keith R. Verges

Keith Verges
Mark Davenport
Don Colleluori
Russell W. Hubbard
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone (214) 939-2017
Facsimile (214) 939-2090

John L. Ropiequet
Anna-Katrina S. Christakis
Jeffrey D. Pilgrim
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Telephone (312) 876-7100
Facsimile (312) 876-0288

*Attorneys for Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Transnation Title Insurance Company, LandAmerica Financial Group, Inc., and Commonwealth Land Title Company*

## CERTIFICATE OF SERVICE

    I, Keith R. Verges, hereby certify that on this 29th day of May 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Keith R. Verges
Keith R. Verges

**REPLY IN SUPPORT OF MOTION FOR ENTRY OF ORDER APPOINTING LIAISON COUNSEL AND PARTICIPATION IN FEES AND COSTS BY THIRD-PARTY DEFENDANTS – Page 6**