IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE COMPANY MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) MDL No. 1715 ) Lead case No. 05-CV-7097 ) |
| THIS DOCUMENT RELATES TO CASE NUMBER: 1:07-CV-05283 | ) ) ) ) |
| BENJAMIN A. LEWIS and MAIA LEWIS, | ) ) ) CASE NUMBER: 1:07-cv-00378 ) |
| Plaintiffs, | ) Alabama Southern District No. ) CV-07-00349 |
| v. | ) ) |
| AMERIQUEST MORTGAGE COMPANY, AMERIQUEST MORTGAGE SECURITIES, INC., and DEUTSCHE BANK NATIONAL TRUST, | ) ) ) ) ) ) |
| Defendants. | ) |

AMENDED COMPLAINT

NOW COME the Plaintiffs and hereby amend and restate their Complaint so that it now states as follows:

COMPLAINT

NOW COME Plaintiffs, BENJAMIN A. LEWIS and MAIA LEWIS, and for complaint against Defendant AMERIQUEST MORTGAGE COMPANY, INC., (Ameriquest), assert as follows:

1

## I. INTRODUCTION

1. This complaint is filed under the Truth-In-Lending Act (TILA) 15 U.S.C. § 1601 et seq. to enforce the Plaintiffs' right to rescind a consumer credit transaction, to void the Defendants' security interest in the Plaintiffs' home, and to recover statutory damages, reasonable attorney's fees and costs by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. 226 (hereinafter called "Regulation Z").

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337.

## III. PARTIES

3. The Plaintiffs are natural persons, residing at 495 Ridgewood Drive, Daphne, AL 36526.

4. The Defendant, Ameriquest, is a Delaware corporation.

5. At all times relevant hereto, Defendant Ameriquest, in the ordinary course of business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or by written agreement which is payable in more then four installments.

## IV. FACTUAL ALLEGATIONS

6. On January 5, 2006, Plaintiffs entered into a consumer transaction with Defendant Ameriquest in which extended consumer credit was subject to a finance charge and which was initially payable to Defendant Ameriquest.

7. Plaintiffs' loan was closed and Plaintiffs executed all those documents necessary to obtain the loan and refinance the debt then due and owing and secured by their home.

8. As part of this consumer credit transaction, Defendant Ameriquest retained a

2

security interest in 495 Ridgewood Drive, Daphne, AL 36526, which is used as the principal dwelling of the Plaintiffs.

## V. COUNT I

9. The consumer credit transaction was subject to the Plaintiffs' right of recession as described by 15 U.S.C § 1635 and Regulation Z § 226.23 (12 C.F.R § 226.23).

10. In the course of this consumer credit transaction, Defendant Ameriquest violated 15 U.S.C § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiff two copies of the notice of the right to rescind which clearly and conspicuously disclosed the date the rescission period expired.

11. In the course of this consumer credit transaction, Defendant Ameriquest failed to deliver all "material" disclosures required by the TILA and Regulation Z, including the following:

   a. By failing to properly and accurately disclose the "amount financed" using that term in violation of Regulation Z § 226.23(b) and 15 U.S.C § 1638(a)(2)(A)

   b. By failing to clearly and accurately disclose the "finance charge" using that term in violation of Regulation Z § 226.4 and 226.18(d) and 15 U.S.C § 1638(a)(3).

   c. By failing to clearly and accurately disclose the "annual percentage rate" using that term in violation of Regulation Z § 226.18(e) and 15 U.S.C § 1638(a)(4)

12. The Plaintiff has a continuing right to rescind the transaction pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

13. On April 27, 2007, the Plaintiffs rescinded the transaction by sending to the Defendant Ameriquest at 1600 S Douglass Rd, Anaheim CA, 92806-5998 by U.S. Mail, postage prepaid, certified mail, return receipt requested, a notice of rescission.

14. Plaintiffs also sent a copy by facsimile to Defendant Ameriquest on April 27, 2007.

15. A true and accurate copy of that notice of rescission is attached hereto, marked PLAINTIFFS' EXHIBIT A, and by this reference is incorporated herein.

16. More than 20 calendar days have passed since Defendant Ameriquest received a copy of the Plaintiffs' notice of rescission.

17. Defendant Ameriquest has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the security interest described in Paragraph 8, as required by 15 U.S.C. § 1635(b) and Regulation Z 226.23(d)(2).

18. Defendant Ameriquest has failed to return to the Plaintiffs any money or property given by the Plaintiffs to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Regulation Z 226.23(d)(2).

19. As a result of the aforesaid violations of the Ad and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a) and 1640(a), Defendant Ameriquest is liable to Plaintiffs for:

    a. Rescission of this transaction,

    b. Termination of any security interest in Plaintiffs' property created under the transaction,

    c. Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction.

    d.    Twice the finance charge in connection with this transaction, but not less than $200 nor more than $2000.00

    e.    The right to retain proceeds to vest in plaintiffs.

    f.    Actual damages in an amount to be determined at trial.

    g.    A reasonable attorney's fee.

## VI. COUNT II
### Assignee Liability

20.    Plaintiffs reallege all of the relevant paragraphs above in support of this count.

21.    Plaintiffs add as a party Defendant, Ameriquest Mortgage Securities, Inc. ("AMS"), a Delaware corporation that is an assignee for the loan identified above.

22.    Plaintiffs add as a party Defendant, Deutsche Bank National Trust ("Deutsche"), a New York corporation that is an assignee for the loan identified above.

23.    AMS and Deutsche are liable to the Plaintiffs for all claims that they have made against the original lender herein pursuant to 15 U.S.C. § 1641(c) and (e).

## VII. PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully prayed that this Court:

1.    Assume jurisdiction of this case;

2.    Rescind the transaction of January 5, 2006 between the Plaintiffs and Defendants;

3.    Order Defendants to take all action necessary to terminate any security interest in Plaintiffs' property created under the transaction and that the Court declare all such security interests void, including but not limited to the mortgage related to the transaction of January

5, 2006 between the Plaintiffs and Defendants;

4. Order the return to the Plaintiffs of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

5. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property; from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of that property;

6. Award the Plaintiffs twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);

7. Order that the right to retain proceeds vests in plaintiffs;

8. Award actual damages in an amount to be established at trial;

9. Award the Plaintiffs costs and a reasonable attorney's fee as provided under 15 U.S.C. § 1640(a); and

10. Award such other and further relief as the Court deems just and proper.

n/a

Respectfully submitted June 4, 2008.

                                    s/ James D. Patterson
James D. Patterson (PATTJ6485)
Earl P. Underwood, Jr. (UNDEE6591)
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL 36533-0969
Phone: 251.990.5558
Fax: 251.9900626
jpatterson@alalaw.com
epunderwood@alalaw.com

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company, Inc.
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104

Ameriquest Mortgage Securities, Inc.
National Registered Agents, Inc.
160 Greentree Dr., Ste. 101
Dover, DE 19904

Deutsche Bank National Trust Co.
CT Corporation System
111 Eighth Avenue
New York, New York 10011

## CERTIFICATE OF SERVICE

    I hereby certify that on this, the 4th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by electronic mail to all counsel of record. Parties may access this filing through the Court's system.

                                           s/ James D. Patterson
                                           James D. Patterson, Esq.