# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead case No. 05-7097 |
| THIS DOCUMENT RELATES TO:<br><br>*Ball-Daniel v. Argent Mortgage Company, LLC et al.*,<br>Case No.: 06-6602 | Centralized before the<br>Honorable Marvin E. Aspen |

## VERNELL BALL-DANIEL'S
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15, the Vernell Ball-Daniel moves this Court for leave to file an amended complaint. A copy of the proposed amended complaint is attached as <u>Exhibit</u> A. The Argent and Ameriquest defendants do not oppose this motion.

1. The above listed action was originally filed in the Northern District of Illinois and has been deemed related to MDL No. 1715, *In Re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*.

2. During the course of discovery, plaintiff has learned that her mortgage has been assigned to another entity.

3. In the interest of judicial economy, plaintiff seeks to add the recently identified assignee as a defendant in this action and add relevant assertions describing the assignment through this amended complaint.

4. The amendment will not prejudice any party to this action. This motion is based on the above described, newly discovered information, which constitutes good cause for granting plaintiff's leave to amend her complaint.

5. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." See <u>Barry Aviation Inc. v. Land O'Lakes Municipal Airport Commission</u>, 377 F.3d 682, 687 (7th Cir. 2004) ("The federal rule policy of deciding cases on the basis of substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading"); <u>Liu v. T&H Machine, Inc.</u>, 191 F.3d 790, 794 (7th Cir. 1999) ("Leave to amend is to be 'freely given when justice so requires.'").

6. There is no reason to deny leave to amend. The amendment is sought at a very early stage of the litigation, is done in good faith and would not cause any prejudice to the defendants who were named in the original complaint or the newly named defendant. See <u>Bethany Pharmaceutical Co. v. QVC, Inc.</u>, 241 F.3d 854, 860 (7th Cir. 2001) ("A court should allow amendment of a pleading except when there is undue delay, bad faith, dilatory motive on the part of the movant … [and] undue prejudice to the opposing party by virtue of the allowance of the amendment"); <u>Orlowski v. Dominic's Finer Foods, Inc.</u>, 937 F.Supp. 723, 732 (N.D. Ill. 1996). ("The purpose of this liberal standard is to allow plaintiffs to present, and have the court decide, a case on its merits"). Moreover, the Argent and Ameriquest defendants do not oppose this motion.

WHEREFORE, plaintiffs respectfully requests that this Court enter an Order granting her leave to file the proposed Amended Complaint, a copy of which is attached as <u>Exhibit</u> A, and to grant any further or other relief that the Court deems just.

Respectfully submitted by:

/s/ Anthony P. Valach, Jr.
Counsel for the Plaintiffs

Daniel Harris, Esq.
Anthony Valach, Esq.
The Law Offices of Daniel Harris
150 N. Wacker Drive, Suite 3000
Chicago, IL  60606
Phone: (312) 960-1802
Fax: (312) 960-1936
lawofficedh@yahoo.com

CERTIFICATE OF SERVICE

     I, Anthony P. Valach, Jr., hereby certify that on this 17th day of June 2008, a true and correct copy of **VERNELL BALL-DANIEL'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** was served, via the Court's electronic filing system, upon counsel of record.

                                /s/ Anthony Valach
                                 Anthony Valach