**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead case No. 05-7097 |
| _____ | |
| THIS DOCUMENT RELATES TO: | Centralized before the Honorable Marvin E. Aspen |
| Plaintiffs: | |

Cathleen Kessler, Case No.: 06-4999

Chantel & Jeffrey Thibodeau, Case No.: 06-5148

Daniel & Donna Cashen, Case No.: 06-4683

Donald & Patricia Cooper, Case No.: 06-6604

George & Cynthia Scott, Case No.: 06-6786

Glenn Leach, Case No.: 06-5000

Gregory & Pam Barletta, Case No.: 06-4560

Hope & Carl Gelman, Case No.: 06-4684

Janet & Gilbert Solnin, Case No.: 06-4866

Jeremy Harrison, Case No.: 06-6947

Joseph Bush & Dorothy Muller: Case No.: 06-6946

Judy Shields, Case No.: 06-6787

Kelly & Jo Lynn Sedgwick, Case No.: 06-2333

Kurt & Nancy Fuller, Case No.: 07-291

William & Linda Lappin, Case No.: 06-5147

Peter Grabowski, Case No.: 06-2549

Preston & Delana Joyner, Case No.: 06-6784

Ralph Rodriguez & Barbara Chapman, Case No.: 06-2187

Rocco C. Tieri, Case No.: 06-2683

Rosalind & Randy Van Gorp, Case No.: 06-1731

Scott K. Dearden, Case No.: 06-2912

Shawn & Shari Maldonado, Case No.: 06-6609

Sheila & Ronald Warren, Case No.: 06-4415

Thomas & Linda Applegate, Case No.: 06-4867

Vicki Calder, Case No.: 06-5146

John Dougherty & Geraldine Pomilio Dougherty, Case No.: 06-2482

Lori O'Malley, Case No.: 06-6373

Kevin & Sherry Wessel, Case No.: 06-1899

Donald & Sharon Green, Case No.: 06-6945

Troy & Melissa Morgida, Case No.: 07-3006

Joseph & Montrea Kite, Case No.: 07-4059

Mary Hall, Case No.: 06-6607

James & Genise Krause, Case No.: 07-4628

Sherry Pearson, Case No.: 07-4628

      Plaintiffs,

vs.

AMERIQUEST MORTGAGE COMPANY

AMC MORTGAGE SERVICES, INC.

AMERIQUEST MORTGAGE SECURITIES, INC.

ACC CAPITAL HOLDINGS CORPORATION

COUNTRYWIDE HOME LOANS, INC.

WASHINGTON MUTUAL BANK

DEUTSCHE BANK NATIONAL TRUST COMPANY

PARK PLACE SECURITIES, INC.

WELLS FARGO BANK, N.A.

GOLDMAN SACHS MORTGAGE COMPANY

MERRILL LYNCH MORTGAGE LENDING, INC.

AMERIQUEST MORTGAGE SECURITIES INC.
ASSET BACKED PASS THROUGH
CERTIFICATES SERIES QUEST 2005-X2

AMERIQUEST MORTGAGE SECURITIES INC.
ASSET BACKED PASS THROUGH
CERTIFICATES SERIES 2004-R3

AMERIQUEST MORTGAGE SECURITIES INC.
ASSET BACKED PASS THROUGH
CERTIFICATES SERIES 2005-R3

AMERIQUEST MORTGAGE SECURITIES INC.
ASSET BACKED PASS THROUGH
CERTIFICATES SERIES 2004-R1

AMERIQUEST MORTGAGE SECURITIES INC.
ASSET BACKED PASS THROUGH
CERTIFICATES SERIES 2005-R6

AMERIQUEST MORTGAGE SECURITIES INC.
ASSET BACKED PASS THROUGH
CERTIFICATES SERIES 2004-R7

AMERIQUEST MORTGAGE SECURITIES INC.
ASSET BACKED PASS THROUGH
CERTIFICATES SERIES 2004-R8

AMERIQUEST MORTGAGE SECURITIES INC.
ASSET BACKED PASS THROUGH
CERTIFICATES SERIES 2005-R4

| | |
|---|---|
| AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2004-R12<br><br>AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2005-R5<br><br>AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2003-8<br><br>PARK PLACE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2004-MCW1<br><br>AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2004-R9<br><br>AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2003-6<br><br>AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2005-R10<br><br>AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2004-R11<br><br>AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2003-13<br><br>AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2004-R5<br><br>AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS THROUGH CERTIFICATES SERIES 2006-R1<br><br>                          Defendants. | |

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiffs charge defendants with failure to honor valid rescission requests in violation of 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of applicable state law.

### JURISDICTION AND VENUE

2 This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claims under the Truth in Lending Act arise under federal law. This Court has supplemental jurisdiction over plaintiffs' claims under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

### PARTIES

4. Plaintiffs are home owners who refinanced their mortgages in transactions with Ameriquest Mortgage Company.

5. Defendant Ameriquest Mortgage Company originated all plaintiffs' mortgages.

6. Defendant AMC Mortgage Services, Inc. at one point serviced plaintiffs' mortgages that were originated by Ameriquest.

7. Defendant Ameriquest Mortgage Securities, Inc. holds or held legal title to the mortgage loans originated by Ameriquest at issue in this lawsuit.

8. Defendant ACC Capital Holdings Corporation is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services Inc.

9. Defendant Deutsche Bank National Trust Company is the trustee of Ameriquest Mortgage Securities Inc. for the various asset backed pass-through certificates which own plaintiffs' loans.

10. Defendant Countrywide Home Loans, Inc. is currently servicing the loan of Preston & Delana Joyner and claims the right to receive payments thereunder and does business in this district.

11. Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc. Quest Trust 2005 X2 Asset Backed Pass Through Certificate Series 2005-X2 and/or Ameriquest Mortgage Securities Inc. Quest Trust 2005 X2 Asset Backed Pass Through Certificates Series 2005-X2 is or was the assignee of the Kessler loan.

12. Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R3 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R3 is or was the assignee of the Thibodeau loan.

13. Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2005-R3 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2005-R3 is or was the assignee of the Tieri loan.

13. Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R1 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R1 is or was the assignee of the Cashen loan.

14. Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2005-R6 and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2005-R6 is or was the assignee of the Cooper, Scott, and Bush & Muller loans.

15. Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R7 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R7 is or was the assignee of the Leach loan.

16. Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Securities Inc. Asset Backed Pass Through Certificates Series 2004-R8 and/or Ameriquest Securities Inc. Asset Backed Pass-Through Certificates Series 2004-R8 is or was the assignee of the Barletta, Gelman, Fuller, Morgida, Grabowski and Dearden loans.

17. Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R4 and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2005-R4 is or was the assignee of the Solnin loan.

18.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2004-R12 and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2004-R12 is or was the assignee of the Harrison loan.

19.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2005-R5 and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2005-R5 is or was the assignee of the Shields loan.

20.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificates Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificates Series 2003-8 is or was the assignee of the Sedgwick and Wessel loans.

21.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Securities Inc. Asset Backed Pass Through Certificates Series 2004-R9 and/or Ameriquest Securities Inc. Asset Backed Pass Through Certificates Series 2004-R9 is or was the assignee of the Rodriguez & Chapman loan.

22.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Through Certificates Series 2003-6 and/or Ameriquest Mortgage Securities, Inc. Asset Backed Through Certificates Series 2003-6 is or was the assignee of the Van Gorp loan.

23.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R11 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R11 is or was the assignee of the Warren, Kite and Pearson loans.

24.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2003-13 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2003-13 is or was the assignee of the Applegate loan.

25.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R5 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R5 is or was the assignee of the Calder and Dougherty loans.

26.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2005-R10 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2005-R10 is or was the assignee of the Maldonado loan.

27.     Defendant Washington Mutual Bank is or was the assignee of Green & Lappin loans.

28.     Defendant Goldman Sachs Mortgage Company is or was the assignee of the O'Malley loan.

29.     Defendant Wells Fargo Bank, N.A. as trustee of Park Place Securities Inc. Asset Backed Pass Through Certificates Series 2004-MCW1 and/or Park Place Securities Inc.

Asset Backed Pass Through Certificates Series 2004-MCW1 is or was the assignee of the Joyner loan.

30. Defendant Merrill Lynch Mortgage Lending, Inc. is or was the assignee of the Mary Hall loan.

31. Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2006-R1 and/or Ameriquest Mortgage Securities Inc. Asset-Backed Pass Through Certificates Series 2006-R1 is or was the assignee of the Krause loan.

32. Plaintiffs are informed and believe that, at all times herein mentioned, each defendant was the agent, co-conspirator, joint tortfeasor, joint venturer, and/or alter ego of each other defendant. In doing the things alleged herein, each defendant was acting within the course and scope of said agency, conspiracy, contract, and/or joint venture with the direction, advance knowledge, authorization, acquiescence, and/or subsequent ratification of each and every remaining defendant. Each defendant was put in a position and so enabled by the remaining defendant to do the things hereinafter alleged. Each defendant had the knowledge of and agreed to the objective and course of action hereinafter alleged, and each defendant conspired with and aided and abetted each other defendant in achieving that objective and pursuing that course of action.

33. Whenever reference is made in this complaint to any act, deed or transaction of any defendant corporation, or any other defendant business entity, such allegations shall be deemed to mean that the officers, directors, agents or employees of said defendant authorized, acted and did such acts in behalf of said defendant while actively engaged in the management, direction or control of its affairs and while acting within the course and scope of their employment.

34. Whenever reference is made in this complaint to any act of any defendant, such allegation shall be deemed to mean the act of each defendant, acting individually, jointly and severally.

35. At all times relevant herein, defendants, and each of them, were the agents of each of the other defendants and in doing the things alleged herein were acting within the course and scope of said agency.

## COUNT ONE -- TRUTH IN LENDING ACT

36. Plaintiffs incorporate paragraphs one through thirty-five above, as well as their individual filed complaints.

37. Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first"). Accordingly, plaintiffs sent rescission notices to Ameriquest and the owners and servicers of their respective mortgages within the extended rescission periods.

38. When a valid rescission request is made by the consumer, "the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charges." 12 C.F.R. § 226.23(d)(1). In addition, "within 20 calendar days after the receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any

7

action necessary to reflect the termination of the security interest." 12 C.F.R. § 226.23(d)(2). Defendants have done neither.

39. Defendants' failure to honor the rescission requests is a violation of the Truth in Lending Act separate from the violations which extended the rescission periods. Plaintiffs are entitled to rescission plus actual damages, statutory damages and other relief.

## COUNT TWO
## FALSE ADVERTISING / UNFAIR AND DECEPTIVE ACTS AND PRACTICES

40. Plaintiffs incorporate paragraphs one through thirty-nine above, as well as their individual filed complaints.

41. In connection with trade or commerce, Ameriquest engaged in false advertising and engaged in unfair and deceptive acts and practices in violation of State laws (including common law doctrines) which prohibit bait and switch sales practices. More specifically, as detailed in prior filed complaints incorporated herein, Ameriquest baited plaintiffs into mortgage transactions by offering relatively favorable terms and then switched to more expensive terms. This misconduct has caused damage to plaintiffs.

42. The other defendants (except Countrywide Home Loans, Inc.) are jointly responsible because Ameriquest acted as their agent and/or co-conspirator and because the other defendants knowingly aided, abetted, participated in and/or assisted in the pattern and practice of misconduct. The other defendants are therefore jointly and severally liable to plaintiffs.

## COUNT THREE
## NEGLIGENCE

43. Plaintiffs incorporate paragraphs one through forty-two above, as well as their individual filed complaints.

44. Because of a lack of due care, Ameriquest made false and misleading representations to plaintiffs upon which plaintiffs justifiably and detrimentally relied. More specifically, as detailed in prior filed complaints incorporated herein, Ameriquest baited plaintiffs into mortgage transactions by offering relatively favorable terms and then switched to

8

more expensive terms.  This misconduct has caused damage to plaintiffs.  The other defendants (except Countrywide) are jointly responsible because Ameriquest was acting as their agent and/or co-venturer.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

    a.    canceling the appropriate defendants' security interests in appropriate plaintiffs' homes and ordering those defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

    b.    awarding plaintiffs actual damages proximately caused by defendants' failure to comply with 12 C.F.R. § 226.23(d)(2);

    c.    awarding appropriate statutory damages;

    d.    awarding plaintiffs costs, penalties, and attorneys fees;

    e.    awarding plaintiffs actual and punitive damages;

    f.    granting such other relief as the Court deems just and proper.

Respectfully submitted by:

/s/ Anthony P. Valach, Jr.
Counsel for the Plaintiffs

Daniel Harris, Esq.
Anthony Valach, Esq.
The Law Offices of Daniel Harris
150 N. Wacker Drive, Suite 3000
Chicago, IL  60606
Phone: (312) 960-1802
Fax: (312) 960-1936
lawofficedh@yahoo.com

9