**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WRAY BAILEY & WENDY BAILEY, JUAN GARCIA, SAMUEL GREENE, JASON HASAPES, COLON HOLLOWAY, MAURICE HUGGINS & PEARL HUGGINS, JEFFREY KOZLOWSKI & ELLEN KOZLOWSKI, BRUCE LAUZIER & DEBORAH LAUZIER, SCOTT LEBLANC, TIMOTHY LEHAN, CARLOS MARTINEZ, NELS NORDQUIST, DAVID MILARDO & LUCINDA MILARDO, ROBERT MURO, CATHERINE NIESE, WINSTON PATTERSON & NORMA PATTERSON, HAROLD PETERSON & ELIZABETH ZEVALLOS, GREGORY SMAYDA & KELLY SMAYDA, PETER SULINSKI & VICTORIA SULINSKI, JUSTIN THOMPSON & CYNTHIA THOMPSON, ARMONDO VALERIANO & ANNE VALERIANO, STEPHEN WILSON, LEON WITHAM & BETH WITHAM, ALFRED CARBONE, RICHARD HACK & DENISE HACK, EDWARD KOBIALKA & RUTH KOBIALKA,<br>    Plaintiffs,<br><br>    v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br><br>WM SPECIALTY MORTGAGE LLC,<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2003-1, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2003,<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET- | MDL No. 1715<br>Lead Case No. 1:05-cv-07097<br><br>Case No. 1:06-cv-01733<br>Hon. Marvin E. Aspen<br><br><br>2nd AMENDED COMPLAINT<br><br>Jury Trial Demanded<br><br><br><br>June 19, 2008 |

BACKED PASS THROUGH CERTIFICATES, )
SERIES 2003-4, UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
APRIL 1, 2003, )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES, INC., ASSET- )
BACKED PASS THROUGH CERTIFICATES, )
SERIES 2003-8, UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
AUGUST 1, 2003, )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2003-10 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
OCTOBER 1, 2003, )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2003-IA1, UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
OCTOBER 1, 2003, )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS THROUGH CERTIFICATES, )
SERIES 2004-R1 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
FEBRUARY 1, 2004, )
)
)
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2004-R7 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )

JULY 1, 2004,                                          )
                                                       )
                                                       )
DEUTSCHE BANK NATIONAL TRUST                           )
COMPANY, AS TRUSTEE OF AMERIQUEST                      )
MORTGAGE SECURITIES INC., ASSET                        )
BACKED PASS-THROUGH CERTIFICATES,                      )
SERIES 2004-R10 UNDER THE POOLING &                    )
SERVICING AGREEMENT DATED AS OF                        )
OCTOBER 1, 2004,                                       )
                                                       )
DEUTSCHE BANK NATIONAL TRUST                           )
COMPANY, AS TRUSTEE OF AMERIQUEST                      )
SECURITIES INC., ASSET BACKED PASS-                    )
THROUGH CERTIFICATES, SERIES 2004-R2                   )
UNDER THE POOLING & SERVICING
AGREEMENT DATED AS OF MARCH 1,
2004,

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES INC., ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2004-R8 UNDER THE POOLING &
SERVICING AGREEMENT DATED AS OF
AUGUST 1, 2004,


HOUSEHOLD FINANCE CORPORATION,
and

CITIFINANCIAL MORTGAGE COMPANY,
INC.
          Defendants.



## *INTRODUCTION*

1.       This is a suit brought by a number of consumers residing in Connecticut who

entered into mortgage loans with one of the defendants, Ameriquest Mortgage Company.  Some

of these loans were subsequently assigned to the other Defendants.  The Plaintiffs assert that

Ameriquest violated the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the

Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, (collectively "the Acts") in each of their transactions by failing to provide them with notification of their right to rescind their mortgage in the manner required by the Acts and Regulation Z (12 C.F.R. Part 226).

### PARTIES

2.      The Plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with Ameriquest Mortgage Company.  Many of the mortgages were subsequently assigned to one of the other Defendants.

3.      All Plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

4.      All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendants' misconduct.

5.      Defendant Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

6.      Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in Santa Ana, California.

7.      DBNT holds legal title or, in the alternative has control over legal title, as trustee, to some of the mortgage loans originated by Ameriquest at issue in this suit and as further indicated in each count of this complaint below.

8.      DBNT is the trustee of the following Defendant asset-backed securities:

a.  Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc., Asset-Backed Pass Through Certificates, Series 2003-1, Under The Pooling & Servicing Agreement Dated As Of February 1, 2003;

b.  Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc., Asset-Backed Pass Through Certificates, Series 2003-4, Under The Pooling & Servicing Agreement Dated As Of April 1, 2003;

c.  Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of August 1, 2003;

d.  Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-10 Under The Pooling & Servicing Agreement Dated As Of October 1, 2003;

e.  Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-IA1, Under The Pooling & Servicing Agreement Dated As Of October 1, 2003;

f.  Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2004-R1 Under The Pooling & Servicing Agreement Dated As Of February 1, 2004;

g. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 Under The Pooling & Servicing Agreement Dated As Of July 1, 2004;

h. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R10 Under The Pooling & Servicing Agreement Dated As Of October 1, 2004;

i. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R2 Under The Pooling & Servicing Agreement Dated As Of March 1, 2004;

j. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8 Under The Pooling & Servicing Agreement Dated As Of August 1, 2004.

9. Defendant WM Specialty Mortgage LLC ("WM"), is a Delaware limited liability company. It holds legal title to some of the mortgage loans originated by Ameriquest at issue in this suit. Its registered agent is Corporation Service Company in Wilmington, Delaware.

10. Defendant Household Finance Corporation is a _____company. It holds legal title to some of the mortgage loans originated by Ameriquest at issue in this suit. Its registered agent is…

11. Defendant CitiFinancial Mortgage Company, Inc., is a _____company. It holds legal title to some of the mortgage loans originated by Ameriquest at issue in this suit. Its registered agent is…

*JURISDICTION*

12.     Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§

1331-32.

13.     This Court has jurisdiction over the Defendants because they regularly conduct

business in this state.

14.     Venue in this Court is proper because this case has been transferred to this

multidistrict litigation.  Additionally the Plaintiffs are residents of Connecticut and this action

concerns real property located in Connecticut, where this action originated before being

transferred to this multidistrict litigation.

*FIRST COUNT*
*(WRAY BAILEY & WENDY BAILEY v. AMERIQUEST MORTGAGE COMPANY &*
*DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST*
*MORTGAGE SECURITIES, INC., ASSET-BACKED PASS THROUGH CERTIFICATES,*
*SERIES 2003-4, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF*
*APRIL 1, 2003, WITHOUT RECOURSE)*

15.     On or about February 5, 2003, Wray Bailey & Wendy Bailey ("Plaintiff") entered

into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and

provided a mortgage on Plaintiff's residence to secure the indebtedness.

16.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

17.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

18.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

19.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

20.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset-Backed Pass Through Certificates, Series 2003-4, under the Pooling & Servicing Agreement Dated as of April 1, 2003, Without Recourse.

21.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

22.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

23.     More than twenty calendar days have passed since Defendants received the notices of rescission.

24.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

25.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

26.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney's fee.

### SECOND COUNT
### (JUAN GARCIA v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R10 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004, WITHOUT RECOURSE)

27.    On or about August 12, 2004, Juan Garcia ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

28.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

29.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

30.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

31.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

32.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R10 under the Pooling & Servicing Agreement dated as of October 1, 2004, Without Recourse.

33.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

34.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

35.     More than twenty calendar days have passed since Defendants received the notices of rescission.

36. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

37. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

38. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for the disclosure violation;

    e. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    f. Forfeiture of loan proceeds;

    g. Actual damages in an amount to be determined at trial; and

    h. A reasonable attorney's fee.

### THIRD COUNT
*(SAMUEL GREENE  v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)*

39. On or about March 14, 2003, Samuel Greene ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

40. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

41. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

42. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

43. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

44. This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

45. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

46. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

47. More than twenty calendar days have passed since Defendants received the notices of rescission.

48.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

49.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

50.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee.

**FOURTH COUNT**
**(JASON HASAPES v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R2 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF MARCH 1, 2004, WITHOUT RECOURSE)**

51.     On or about January 8, 2004, Jason Hasapes ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

52.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

53.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

54.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

55.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

56.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R2 under the Pooling & Servicing Agreement dated as of March 1, 2004, Without Recourse.

57.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

58.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

59.     More than twenty calendar days have passed since Defendants received the notices of rescission.

60.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

61.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

62.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney's fee.

### FIFTH COUNT
### *(COLON HOLLOWAY v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)*

63.     On or about June 3, 2004, Colon Holloway ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

64.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

65.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

66.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

67.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

68.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

69.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

70.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

71.     More than twenty calendar days have passed since Defendants received the notices of rescission.

72.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

73.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

74.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.   Statutory damages of $2,000 for the disclosure violation;

   e.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney's fee.

### SIXTH COUNT
### (MAURICE HUGGINS & PEARL HUGGINS v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-10 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)

75.    On or about August 24, 2003, Maurice Huggins & Pearl Huggins ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

76.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

77.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

78.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

79.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

80.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through

Certificates, Series 2003-10 under the Pooling & Servicing Agreement dated as of October 1, 2003, Without Recourse.

81.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

82.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

83.     More than twenty calendar days have passed since Defendants received the notices of rescission.

84.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

85.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

86.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### SEVENTH COUNT
### *(JEFFREY KOZLOWSKI & ELLEN KOZLOWSKI v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)*

87.    On or about June 2, 2004, Jeffrey Kozlowski & Ellen Kozlowski ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

88.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

89.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

90.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

91.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

92.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

93.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

94.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

95.     More than twenty calendar days have passed since Defendants received the notices of rescission.

96.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

97.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

98.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for the disclosure violation;

    e.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    f.   Forfeiture of loan proceeds;

    g.   Actual damages in an amount to be determined at trial; and

    h.   A reasonable attorney's fee.

### EIGHTH COUNT
### (BRUCE LAUZIER & DEBORAH LAUZIER v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

99. On or about August 20, 2004, Bruce Lauzier & Deborah Lauzier ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

100. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

101. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

102. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

103.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

104.    This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

105.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

106.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

107.    More than twenty calendar days have passed since Defendants received the notices of rescission.

108.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

109.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

110.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for the disclosure violation;

e.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

f.   Forfeiture of loan proceeds;

g.   Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney's fee.

### NINTH COUNT
### (SCOTT LEBLANC v. AMERIQUEST MORTGAGE COMPANY & HOUSEHOLD FINANCE CORPORATION)

111.   On or about March 20, 2004, Scott LeBlanc ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

112.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

113.   This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

114.   In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

24

115.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

116.     On information and belief Defendant assigned this mortgage loan to Household Finance Corporation..

117.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and the assignee of this mortgage loan, which notices have been received by each Defendant.

118.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

119.     More than twenty calendar days have passed since Defendants received the notice of rescission.

120.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

121.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

122.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for the disclosure violation;

e.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

f.  Forfeiture of loan proceeds;

g.  Actual damages in an amount to be determined at trial; and

h.  A reasonable attorney's fee.


### TENTH COUNT
### (TIMOTHY LEHAN v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2003, WITHOUT RECOURSE)

123.    On or about June 24, 2003, Timothy Lehan ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

124.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

125.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

126.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

127.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

128.    On information and belief Defendant assigned this mortgage loan to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of August 1, 2003, Without Recourse..

129.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices has been received by each Defendant.

130.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

131.    More than twenty calendar days have passed since Defendants received the notices of rescission.

132.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

133.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

134.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. §

36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the

       transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the

       Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to

       the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### ELEVENTH COUNT
### (CARLOS MARTINEZ v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)

135.    On or about June 3, 2004, Carlos Martinez ("Plaintiff") entered into a loan

agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a

mortgage on Plaintiff's residence to secure the indebtedness.

136.    A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

137.    This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

138.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

139.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

140.     On information and belief Defendant assigned this mortgage loan to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse..

141.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices has been received by each Defendant.

142.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

143.     More than twenty calendar days have passed since Defendants received the notices of rescission.

144.     The Defendant have  failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

145.    The Defendant have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

146.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for the disclosure violation;

    e.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    f.    Forfeiture of loan proceeds;

    g.    Actual damages in an amount to be determined at trial; and

    h.    A reasonable attorney's fee.


### TWELFTH COUNT
### (NELS NORDQUIST v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

147.    On or about October 9, 2002, Nels Nordquist ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

148.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

149.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

150.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

151.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

152.    On information and belief Defendant assigned this mortgage loan to WM Specialty Mortgage LLC, Without Recourse..

153.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by the Defendants.

154.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

155.    More than twenty calendar days have passed since Defendants received the notices of rescission.

156.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

157.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

158.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

  a.  Rescission of this transaction;

  b.  Termination of any security interest in Plaintiff's property created under the transaction;

  c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

  d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

  e.  Forfeiture of loan proceeds;

  f.  Actual damages in an amount to be determined at trial; and

  g.  A reasonable attorney's fee.

### THIRTEENTH COUNT
### (DAVID MILARDO & LUCINDA MILARDO v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R7 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JULY 1, 2004, WITHOUT RECOURSE)

159.    On or about May 24, 2004, David Milardo & Lucinda Milardo ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

160.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

161.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

162.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

163.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

164.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004, Without Recourse.

165.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

166.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

167.    More than twenty calendar days have passed since Defendants received the notices of rescission.

168.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

169.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

170.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a. Rescission of this transaction;

b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d. Statutory damages of $2,000 for the disclosure violation;

e. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

f. Forfeiture of loan proceeds;

g. Actual damages in an amount to be determined at trial; and

h. A reasonable attorney's fee.


### FOURTEENTH COUNT
### (ROBERT MURO v. AMERIQUEST MORTGAGE COMPANY)

171.     On or about May 16, 2003, Robert Muro ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

172.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

173.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

174.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

175.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

176.     On information and belief Defendant assigned this mortgage loan to another entity.

177.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to the originator of this mortgage loan, which notice has been received by the Defendant.

178.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

179.     More than twenty calendar days have passed since Defendant received the notice of rescission.

180.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

181.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

182.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

### FIFTEENTH COUNT
*(CATHERINE NIESE v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R2 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF MARCH 1, 2004, WITHOUT RECOURSE)*

183.    On or about March 19, 2004, Catherine Niese ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

184.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

185.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

186.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

187.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

188.    On information and belief Defendant assigned this mortgage loan to  Co-Defendant Deutsche Bank National Trust Co., as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2004-R2 under the Pooling & Servicing Agreement dated as of March 1, 2004, Without Recourse..

189.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by the Defendants.

190.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

191.    More than twenty calendar days have passed since Defendants received the notice of rescission.

192.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

193.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

194.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

  a.  Rescission of this transaction;

  b.  Termination of any security interest in Plaintiff's property created under the transaction;

  c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

  d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

  e.  Forfeiture of loan proceeds;

  f.  Actual damages in an amount to be determined at trial; and

  g.  A reasonable attorney's fee.

### SIXTEENTH COUNT
*(NORMA PATTERSON & WINSTON PATTERSON v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH*

*CERTIFICATES, SERIES 2004-R2 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF MARCH 1, 2004, WITHOUT RECOURSE)*

195.    On or about January 26, 2004, Norma Patterson & Winston Patterson ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

196.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

197.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

198.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

199.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

200.    On information and belief Defendant assigned this loan to Co-Defendant Deutsche Bank National Trust Co., as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2004-R2 under the Pooling & Servicing Agreement dated as of March 1, 2004, Without Recourse..

201.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and the assignee of this mortgage loan, which notices have been received by each Defendant.

202. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

203. More than twenty calendar days have passed since Defendants received the notice of rescission.

204. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

205. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

206. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney's fee.

## SEVENTEENTH COUNT
### (HAROLD PETERSON & ELIZABETH ZEVALLOS v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

207.     On or about August 4, 2004, Harold Peterson & Elizabeth Zevallos ("Plaintiff")

entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator)

and provided a mortgage on Plaintiff's residence to secure the indebtedness.

208.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

209.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

210.     In the course of this consumer credit transaction, Defendant violated the state and

federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z §

226.23(b).

211.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

212.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC,

Without Recourse.

213.     The Plaintiff exercised the extended right to rescind the contract by sending notice

by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which

notices have been received by each Defendant.

214.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

215.     More than twenty calendar days have passed since Defendants received the notices of rescission.

216.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

217.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

218.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for the disclosure violation;

e.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

f.   Forfeiture of loan proceeds;

g.   Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney's fee.

## EIGHTEENTH COUNT
### *(GREGORY SMAYDA & KELLY SMAYDA v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-IA1, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)*

219.     On or about September 18, 2003, Gregory Smayda & Kelly Smayda ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

220.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

221.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

222.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

223.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

224.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-IA1, under the Pooling & Servicing Agreement dated as of October 1, 2003, Without Recourse.

225. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

226. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

227. More than twenty calendar days have passed since Defendants received the notices of rescission.

228. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

229. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

230. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiff's property created under the transaction;

   c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e. Forfeiture of loan proceeds;

  f. Actual damages in an amount to be determined at trial; and

  g. A reasonable attorney's fee.

### NINETEENTH COUNT
### (PETER SULINSKI & VICTORIA SULINSKI v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-IA1, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)

  231. On or about September 22, 2003, Peter Sulinski & Victoria Sulinski ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

  232. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

  233. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

  234. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

  235. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

  236. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through

Certificates, Series 2003-IA1, under the Pooling & Servicing Agreement dated as of October 1, 2003, Without Recourse.

237.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

238.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

239.     More than twenty calendar days have passed since Defendants received the notices of rescission.

240.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

241.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

242.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

### TWENTIETH COUNT
### (CYNTHIA THOMPSON & JUSTIN THOMPSON v. AMERIQUEST MORTGAGE COMPANY & CITIFINANCIAL MORTGAGE COMPANY)

243.    On or about November 17, 2004, Cynthia Thompson & Justin Thompson ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

244.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

245.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

246.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

247.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

248.    On information and belief Defendant assigned this mortgage loan to CitiFinancial Mortgage..

249.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

250.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

251.    More than twenty calendar days have passed since Defendants received the notice of rescission.

252.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

253.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

254.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

   d.   Statutory damages of $2,000 for the disclosure violation;

e.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiffs' rescission notices;

f.   Forfeiture of loan proceeds;

g.   Actual damages in an amount to be determined at trial; and

h.   A reasonable attorney's fee.

### TWENTY-FIRST COUNT
*(ARMANDO VALERIANO & ANNE VALERIANO v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)*

255.   On or about June 11, 2004, Armando Valeriano & Anne Valeriano ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

256.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

257.   This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

258.   In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

259.   The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

260.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

261.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

262.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

263.     More than twenty calendar days have passed since Defendants received the notices of rescission.

264.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

265.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

266.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for the disclosure violation;

e.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

f.  Forfeiture of loan proceeds;

g.  Actual damages in an amount to be determined at trial; and

h.  A reasonable attorney's fee.

## TWENTY-SECOND COUNT
### (STEPHEN WILSON v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-10 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)

267.    On or about August 23, 2003, Stephen Wilson ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

268.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

269.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

270.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

271. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

272. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-10 under the Pooling & Servicing Agreement dated as of October 1, 2003, Without Recourse.

273. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

274. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

275. More than twenty calendar days have passed since Defendants received the notices of rescission.

276. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

277. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

278. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney's fee.


### TWENTY-THIRD COUNT
### (LEON WITHAM & BETH WITHAM v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-R1 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2004 WITHOUT RECOURSE)

279.　On or about December 15, 2003, Leon Witham & Beth Witham ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

280.　A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

281.　This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

282.　In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

283.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

284.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2004-R1 under the Pooling & Servicing Agreement dated as of February 1, 2004 Without Recourse.

285.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

286.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

287.    More than twenty calendar days have passed since Defendants received the notices of rescission.

288.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

289.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

290.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

## TWENTY-FOURTH COUNT
### (ALFRED CARBONE v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

291.     On or about February 20, 2004, Alfred Carbone ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

292.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

293.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

294.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

295.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

296.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

297.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

298.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

299.     More than twenty calendar days have passed since Defendants received the notices of rescission.

300.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

301.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

302.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. §
36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the
transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the
Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to
the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### TWENTY-FIFTH COUNT
### (RICHARD HACK & DENISE HACK v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2003-1, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2003, WITHOUT RECOURSE)

303.    On or about December 24, 2002, Richard Hack & Denise Hack ("Plaintiff")
entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator)
and provided a mortgage on Plaintiff's residence to secure the indebtedness.

304.    A portion of the proceeds of the mortgage loan went towards the pay-off of the
existing mortgage on the residence.

305.    This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

306.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

307.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

308.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset-Backed Pass Through Certificates, Series 2003-1, under the Pooling & Servicing Agreement Dated as of February 1, 2003, Without Recourse.

309.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

310.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

311.     More than twenty calendar days have passed since Defendants received the notices of rescission.

312.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

313.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

314.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney's fee.

### TWENTY-SIXTH COUNT
### (EDWARD KOBIALKA & RUTH KOBIALKA v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

315.    On or about November 20, 2002, Edward Kobialka & Ruth Kobialka ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

316.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

317.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

318.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

319.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

320.    This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

321.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

322.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

323.    More than twenty calendar days have passed since Defendants received the notices of rescission.

324.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

325.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

326.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney's fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.     Assume jurisdiction of this case;

2.     Declare the security interest in the Plaintiffs' residences are void;

3.     Enter an order that the mortgage transactions are rescinded;

4.      Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5.      Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

6.      Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7.      Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

8.      Award the Plaintiffs actual and statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

9.      Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

10.     Award actual damages in an amount to be established at trial;

11.     Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S.

§ 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

12.     Award such other and further relief as the Court deems just and proper.


PLAINTIFFS,

/s/ Daniel S. Blinn

By: _____

Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457