F06 4811

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

KORMAN, CH. J.

|  |  |  |
|---|---|---|
| STEPHEN R. PUNCH and DONNA M. PUNCH, OLIVIA BROWNE, HERBERT LAWSON, JR., STANLEY MARINA, AVALON CADETTE and SELMA CADETTE, SHARON T. BELLAMY, MONA LEE JONES, SENTUEAL Y. JONES and CECILY O. PALMER, | ) ) ) ) ) ) ) ) | CASE NO: <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| AMERIQUEST MORTGAGE COMPANY, Defendant. | ) ) ) ) ) ) | |

### INTRODUCTION

1.      This is a suit brought by individual consumers residing in Brooklyn and Queens who entered into mortgage loans with Ameriquest Mortgage Company.  Ameriquest violated the Truth in Lending Act ("TILA" or the "Act"), 15 U.S.C. § 1601 *et seq.*, in each of their transactions by failing to notify them of their right to rescind the mortgage in the manner required by the Act and Regulation Z (12 C.F.R. Part 226).

2.      All plaintiffs are ready, willing, and able to meet their tender obligations under the Act.

1

3. All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the defendant's misconduct.

4. Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

## JURISDICTION

5. Jurisdiction in this court is proper under 15 U.S.C. §1640(e), 28 U.S.C. §§ 1331-32.

6. This court has jurisdiction over the defendant because it regularly conducts business in this state.

7. Stephen R. Punch and Donna M. Punch live and own real property, the financing of which gives rise to this case, in Queens County, New York.

8. Olivia Browne lives and owns real property, the financing of which gives rise to this case, in Kings County, New York.

9. Herbert Lawson, Jr. lives and owns real property, the financing of which gives rise to this case, in Queens County, New York.

10. Stanley Marina lives and owns real property, the financing of which gives rise to this case, in Queens County, New York.

11. Avalon Cadette and Selman Cadette live and own real property, the financing of which gives rise to this case, in Queens County, New York.

12. Sharon T. Bellamy lives and owns real property, the financing of which gives rise to this case, in Kings County, New York.

2

13.     Mona Lee Jones lives and owns real property, the financing of which gives rise to this case, in Queens County, New York.

14.     Sentueal Y. Jones and Cecily O. Palmer live and own real property, the financing of which gives rise to this case, in Queens County, NewYork.

15.     Thus, venue in this court is proper because the plaintiffs all live within the Eastern District's jurisdiction and the case concerns real property located in the Eastern District.

## COUNT ONE
## (STEPHEN R. PUNCH and DONNA M. PUNCH)

16.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

17.     On or about January 26, 2004 and again on October 21, 2004, Stephen R. Punch and Donna M. Punch entered into loan agreements with the defendant, Ameriquest Mortgage Company, and provided mortgages on their residence to secure the indebtedness.

18.     A portion of the proceeds of each mortgage loan went towards the pay-off of the existing mortgage on the residence.

19.     These consumer credit transactions were subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

20.     Defendant is currently the holder of the October 21, 2004 Note and Mortgage, which paid-off the January 26, 2004 Note and Mortgage.

21.     In the course of these consumer credit transactions, Defendant violated TILA by failing to adequately notify Plaintiffs of the right to rescind the transactions in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

3

22.    The plaintiffs have a continuing right to rescind the transactions until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transactions.

23.    The plaintiffs exercised their extended right to rescind the contracts by sending notice (via counsel) to Defendant Ameriquest by certified mail dated August 2, 2006, which notice was received by that Defendant.

24.    More than twenty calendar days have passed since Defendant received the rescission notice.

25.    Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

26.    The defendant has failed to return to the plaintiffs any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

27.    As a result of the aforesaid violations of the Act and Regulation Z, under 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of each transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transactions;

    c.  Return of any money or property given by the plaintiffs to anyone, including the defendant, in connection with each transaction;

    d.  Statutory damages of $4,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.  Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney fee.

## COUNT TWO
## (OLIVIA BROWNE)

28.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

29.     On or about March 15, 2004, Olivia Browne entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

30.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

31.     This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

32.     Defendant is currently the holder of this Note and Mortgage.

33.     In the course of this consumer credit transaction, Defendant violated TILA by failing to adequately notify the Plaintiff of the right to rescind the transaction in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

34.     The plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

35.     The plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest by certified mail dated August 2, 2006, which notice was received by that Defendant.

36.     More than twenty calendar days have passed since Defendant received the rescission notice.

6

37.     The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

38.     The defendant has failed to return to the plaintiff any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

39.     As a result of the aforesaid violations of the Act and Regulation Z, under 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the plaintiff to anyone, including the defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney fee.

## COUNT THREE
## (HERBERT LAWSON, JR.)

40.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

41.     On or about October 17, 2003 Herbert Lawson, Jr. entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

42.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

43.     This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

44.     Defendant is currently the holder of this Note and Mortgage.

45.     In the course of this consumer credit transaction, Defendant violated the Federal Truth in Lending Act by failing to adequately notify the Plaintiff of the right to rescind the transaction in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

46.     The plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

47.     The plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest by certified mail dated August 7, 2006, which notice was received by that Defendant.

48.     More than twenty calendar days have passed since Defendant received the rescission notice.

49.     The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

50.     The defendant has failed to return to the plaintiff any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

51.     As a result of the aforesaid violations of the Act and Regulation Z, under 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the plaintiff to anyone, including the defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney fee.

## COUNT FOUR
## (STANLEY MARINA)

52.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

53.     On or about November 22, 2003 Stanley Marina entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

54.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

55.     This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

56.     Defendant is currently the holder of this Note and Mortgage.

57.     In the course of this consumer credit transaction, Defendant violated the Federal Truth in Lending Act by failing to adequately notify the Plaintiff of the right to rescind the transaction in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

58.     The plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

59.     The plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest by certified mail dated August 2, 2006, which notice was received by that Defendant.

60.     More than twenty calendar days have passed since Defendant received the rescission notice.

61.     The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

62.     The defendant has failed to return to the plaintiff any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

63.     As a result of the aforesaid violations of the Act and Regulation Z, under 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    h.  Rescission of this transaction;

    i.  Termination of any security interest in Plaintiff's property created under the transaction;

    j.  Return of any money or property given by the plaintiff to anyone, including the defendant, in connection with this transaction;

    k.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    l.  Forfeiture of loan proceeds;

    m.  Actual damages in an amount to be determined at trial; and

    n.  A reasonable attorney fee.

## COUNT FIVE
## (MONA LEE JONES)

64.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

65.     On or about February 22, 2005, Mona Lee Jones entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

66.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

67.     This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

68.     Defendant is currently the holder of this Note and Mortgage.

69.     In the course of this consumer credit transaction, Defendant violated the Truth in Lending Act by failing to adequately notify the Plaintiff of the right to rescind the transaction in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

70.     The plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

71.     The plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest by certified mail dated August 2, 2006, which notice was received by that Defendant.

72.     More than twenty calendar days have passed since Defendant received the rescission notice.

73. The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

74. The defendant has failed to return to the plaintiff any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

75. As a result of the aforesaid violations of the Act and Regulation Z, under 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the plaintiff to anyone, including the defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

13

## COUNT SIX
## (AVALON CADETTE and SELMA CADETTE)

76.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

77.     On or about April 20, 2004 Avalon Cadette and Selma Cadette entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

78.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

79.     This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

80.     Defendant is currently the holder of this Note and Mortgage.

81.     In the course of this consumer credit transaction, Defendant violated the Truth in Lending Act by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

82.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

83.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest by certified mail dated August 2, 2006 which notice was received by that Defendant.

84.     More than twenty calendar days have passed since Defendant received the rescission notice.

85. Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

86. The defendant has failed to return to the plaintiffs any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

87. As a result of the aforesaid violations of the Act and Regulation Z, under 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiffs' property created under the transaction;

   c. Return of any money or property given by the plaintiffs to anyone, including the defendant, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney fee.

## COUNT SEVEN
## (SHARON T. BELLAMY)

88.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

89.     On or about September 9, 2005, Sharon T. Bellamy entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

90.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

91.     This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

92.     Defendant is currently the holder of this Note and Mortgage.

93.     In the course of this consumer credit transaction, Defendant violated the Truth in Lending Act by failing to adequately notify the Plaintiff of the right to rescind the transaction in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

94.     The plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

95.     The plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest by certified mail dated August 2, 2006, which notice was received by that Defendant.

96.     More than twenty calendar days have passed since Defendant received the rescission notice.

16

97.    The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

98.    The defendant has failed to return to the plaintiff any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

99.    As a result of the aforesaid violations of the Act and Regulation Z, under 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the plaintiff to anyone, including the defendant, in connection with this transaction;

    d.    Statutory damages of $2,000 for Defendant's failure to properly disclose Plaintiff's right to cancel the transaction;

    e.    Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    f.    Forfeiture of loan proceeds;

    g.    Actual damages in an amount to be determined at trial; and

    h.    A reasonable attorney fee.

17

## COUNT EIGHT
### (SENTUEAL Y. JONES and CECILY O. PALMER)

100.    Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

101.    On or about December 11, 2004 Sentueal Y. Jones and Cecily O. Palmer entered into a loan agreement with the defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

102.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

103.    This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

104.    Defendant is currently the holder of this Note and Mortgage.

105.    In the course of this consumer credit transaction, Defendant violated the Truth in Lending Act by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

106.    The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

107.    The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest by certified mail dated August 2, 2006, which notice was received by that Defendant.

108.    More than twenty calendar days have passed since Defendant received the notice of rescission.

109.    Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

110.    The defendant has failed to return to the plaintiffs any money or property given to anyone, including the defendant, as required by 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

111.    As a result of the aforesaid violations of the Act and Regulation Z, under 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiffs' property created under the transaction;

    c.  Return of any money or property given by the plaintiffs to anyone, including the defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court:

1.     Assume jurisdiction of this case;

2.     Declare that the security interests in the Plaintiffs' residences are void;

3.     Enter an order that the mortgage transactions are rescinded;

4.     Order Defendant to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5.     Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendant, in connection with the transactions;

6.     Enjoin Defendant during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7.     Award the Plaintiff whose mortgage loan was consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);

8.     Award the Plaintiffs actual statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);

9.      Order that, because the Defendant failed to tender in response to the Plaintiffs'

notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is

required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims

and order the Defendant to accept tender on reasonable terms and over a reasonable period of

time;

10.     Award actual damages in an amount to be established at trial;

11.     Award the Plaintiffs costs and a reasonable attorney fee as provided under 15

U.S.C. § 1640(a);

12.     Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: New York, New York
        September 5, 2006

                                        Respectfully submitted,
                                        Bromberg Law Office, P.C.


                                By: _____
                                        Brian L. Bromberg (BB: 6264),
                                        One of Plaintiffs' Attorneys

Attorneys for Plaintiffs
Brian L. Bromberg (BB: 6264)
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY  10005
Tel: (212) 248-7906

Daniel S Blinn*
Andrew G. Pizor
35 Cold Spring Rd, Suite 512
Rocky Hill CT 06067
Tel: (860) 571-0408

* Connecticut counsel will move for *pro hac vice* admission as soon as practicable.

21