**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE<br>COMPANY MORTGAGE LENDING<br>PRACTICES LITIGATION | )<br>)<br>)<br>) | **MDL No. 1715**<br>**Lead case No. 05-CV-7097** |
| ─────────────────────────── | )<br>) | |
| THIS DOCUMENT RELATES TO<br>CASE NUMBER: 1:07-C-5064 | )<br>)<br>) | |
| WILLIAM ANDERSON; PKANITA<br>BONNER; SIMON AND WILLIE MAE<br>GOLSTON; VENUS ROBBINS;<br>RANDOLPH CARPENTER; AND<br>JAMES AND LISA HARDIN, | )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | **CASE NUMBER: 1:07-cv-5064** |
| v. | )<br>)<br>) | **Alabama Southern District No.**<br>**CV-07-547** |
| AMERIQUEST MORTGAGE<br>COMPANY; ASSET BACKED<br>FUNDING CORPORATION NIM<br>2005-AQ1 LLC; DEUTSCHE BANK<br>NATIONAL TRUST COMPANY;<br>AMERIQUEST MORTGAGE<br>SECURITIES, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

NOW COME the Plaintiffs and as their First Amended Complaint against Defendants

aver as follows:

**JURISDICTION**

This action includes claims which arise under the statutes of the United States and this

Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## SUMMARY OF CLAIMS

These claims arise from real estate loan transactions resulting in mortgages upon Plaintiffs' homes, all of which are located in this district. Each of the Plaintiffs asserts claims against Defendant Ameriquest Mortgage Company ("AMC") arising under the Federal Truth in Lending Act ("TILA"). 15 U.S.C. § 1601 et seq.  All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations.  Each of the Plaintiffs alleges that AMC, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, each Plaintiff has retained his or her right to cancel the transaction. Each Plaintiff has exercised that right by delivering written notice of his or her election to cancel in accordance With the requirements of TILA. As to each of the Plaintiffs, AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Each Plaintiff seeks a court determination that his or her loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1.      Plaintiffs are all of full age of majority and reside in this district.

2.       Ameriquest Mortgage Company ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential

real property within this district.

3.      Asset Backed Funding Corporation NIM 2005-AQ1 LLC ("Asset") is a Delaware corporation with its principal place of business at Newark, Delaware. At all relevant times, Asset was engaged in the making, holding and/or selling of federally related residential mortgage loans. Asset does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

4.      Deutsche Bank National Trust Company. ("Deutsche") is a New York corporation with its principal place of business at New York, New York. At all relevant times, Deutsche was engaged in the making, holding and/or selling of federally related residential mortgage loans. On information and belief, Deutsche became an assignee of the loans at issue.  Deutsche does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

5.      Ameriquest Mortgage Securities, Inc. ("AMS") is a Delaware corporation with its principal place of business at Dover, Delaware. At all relevant times, AMS was engaged in the making, holding and/or selling of federally related residential mortgage loans.  On information and belief, Securities became an assignee of the loans at issue.  AMS does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

6.      Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and its implementing regulations, 12 C.FR. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions.

This three-day right to cancel applies to each of the Plaintiffs loans.

7.      Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. IS U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(l). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

8.      A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

9.      When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

10.      Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b) 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15

U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

11.     As to each of the Plaintiffs' loans AMC failed to provide the required notices of the Plaintiffs' right to cancel the loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

12.     With respect to each of the Plaintiffs' loan, AMC included in its closing papers a document purporting to grant a "One-Week Cacel1ation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The 'One-Week' "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned.

13.     Pursuant to TILA, Section 15 U.S.C. 1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

14.     Each of the Plaintiffs have exercised their right to cancel the transaction and have notified AMC of their election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.

15.     AMC is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Anderson Loan**

16.     Plaintiff William Anderson is an adult resident of Mobile County, Alabama and at all material times resided at 1025 Novatan Loop in Mobile, Alabama.

17.     On or about February 24, 2005, Mr. Anderson obtained a residential real estate

mortgage loan with AMC. The total amount of the loan was $98,500 and was secured by a mortgage security interest in Plaintiffs home. (This loan is hereinafter referred to as the "Anderson Loan").

18.    AMC failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

19.    With respect to the Anderson Loan. AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

20.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. Anderson retained his right to cancel the transaction.

21.    By letter dated July 5, 2007, Plaintiff through his attorney notified AMC of his election to rescind the loan.

22.    Despite having received notice of Plaintiffs election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

23.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a

security interest in real estate which is used by Plaintiff as his principal dwelling.

**COUNT I**
**TILA Violations  Anderson**

24.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

25.     Plaintiff has properly and effectively cancelled and rescinded the Anderson Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

26.     Defendant has violated TILA, with respect to the Anderson Loan, in at least the following ways:

> (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

> (B)     By failing to give proper notice of Plaintiffs right to cancel the transaction.

WHEREFORE, Plaintiff William Anderson respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a)

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Anderson Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to AMC but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Bonner Loan**

27.      Plaintiff Pkanita Bonner is an adult resident of Mobile County, Alabama and at all material times resided at 1705 Aspen Wood Court in Mobile, Alabama.

28.      On or about July 24, 2004, Ms Bonner obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $86,500 and was secured by a mortgage security interest in Plaintiffs home. (This loan is hereinafter referred to as the "Bonner Loan").

29.      AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

30.      With respect to the Bonner Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period. That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

31.      As a result of AMC s failure to provide the notices and disclosures required by TILA, Ms. Bonner retained her right to cancel the transaction.

32.     By letter dated June 12, 2007, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

33.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

34.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT II
## TILA Violations  Bonner

35.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

36.     Plaintiff has properly and effectively cancelled and rescinded the Bonner Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

37.     Defendant has violated TILA with respect to the Bonner Loan, in at least the following ways:

> (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

> (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Pkanita Bonner respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Bonner Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable tents and over a reasonable period of tine;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Golston Loan**

38.      Plaintiffs Simon and Willie Mae Golston are married and, at all material times, resided at 1282 Skyview Drive in Mobile, Alabama.

39.      On or about January 24, 2006, Mr. and Mrs. Golston obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $130,950 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Golston Loan").

40.      AMC failed to provide the required notices of the Plaintiffs' right to cancel the Golston loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not

dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

41.     With respect to the Golston loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week "notice" is confusing has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

42.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Simon and Willie Mae Golston retained their right to cancel the transaction.

43.     By letter dated July 13, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

44.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict slating that said security interest is void upon delivery of the notice of the election to cancel.

45.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT III
## TILA Violations-Golston

46.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

47.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

48.     Defendant has violated TILA with respect to the Golston Loan, in at least the

following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiffs right to cancel the transaction.

WHEREFORE, Plaintiffs Simon and Willie Mae Golston respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a) award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Golston Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction:

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time.

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Robbins Loan**

49.     Plaintiff Venus Robbins is an adult resident of Mobile County and, at all material times, resided at 2150 2nd Creek Drive in Mobile, Alabama.

50.     On or about January 12, 2006, Ms. Robbins obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $171,000 and was secured by a mortgage security interest in Plaintiffs home. (This loan is hereinafter referred to as the "Robbins Loan").

51.     AMC failed to provide the required notices of the Plaintiffs right to cancel the Robbins loan.  The form notices that were supplied to Ms. Robbing were blank, unsigned and not dated. At no point at or after closing was Ms. Robbins provided a completed, dated or signed notice of her right to cancel the transaction.

52.     With respect to the Robbins Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

53.     As a result of AMC's failure to provide the notices and disclosures required by TILA. Ms. Robbins retained her right to cancel the transaction.

54.     By letter dated June 26, 2007, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

55.     Despite having received notice of Plaintiff's election to cancel the transaction. Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a

violation of TWA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

56.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT IV
## TILA Violations-Robbins

57.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

58.     Plaintiff Venus Robbins has properly and effectively cancelled and rescinded the Robbins Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

59.     Defendant has violated TILA with respect to the Robbins Loan, in at least the following ways:

    (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B)     By failing to give proper notice of Plaintiffs right to cancel the transaction.

WHEREFORE, Plaintiff Venus Robbins respectfully request that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Robbins Loan, including a declaration that Plaintiff is not liable for any finance charges or ether charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

F)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC. but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time:

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Carpenter Loan**

60.    Plaintiff Randolph Carpenter is an adult resident of Mobile County and, at all material times, resided at 2613 Clubhouse Road in Mobile, Alabama.

61.    On or about May10, 2005, Mr. Carpenter obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $63,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Carpenter Loan").

62.    AMC failed to provide the required notices of the Plaintiff's right to cancel the Carpenter loan. The form notices that were supplied to Mr. Carpenter were blank, unsigned and not dated. At no point at or after closing was Mr. Carpenter provided a completed, dated or signed notice of her right to cancel the transaction.

63.    With respect to the Carpenter Loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual

statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

64.     As a result of AMC's failure to provide the notices and disclosures required by TILA. Mr. Carpenter retained his right to cancel the transaction.

65.     By letter dated July 17, 2007, Plaintiff through his attorney, notified AMC of his election to rescind the loan.

66.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's lean. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provisions clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

67.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT V
## TILA Violations - Carpenter

68.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

69.     Plaintiff Randolph Carpenter has properly and effectively cancelled and rescinded the Carpenter Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

70.     Defendant has violated TILA, with respect to the Carpenter Loan, in at least the following ways:

    (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B)     By failing to give proper notice of Plaintiffs right to cancel the transaction.

WHEREFORE, Plaintiff Randolph Carpenter respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Carpenter Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan procceds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time.

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Hardin Loan**

71.     Plaintiffs James and Lisa Hardin are married and, at all material times, resided at 4503 Champlain Avenue in Mobile, Alabama.

72.     On or about June 23, 2005. Mr. and Mrs. Hardin obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $80,054 and was secured by a

mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Hardin Loan").

73.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Hardin loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

74.    With respect to the Hardin loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TWA. The "One-Week" 'notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TWA. That notice was also delivered unsigned and undated.

75.    As a result of AMC's failure to provide the notices and disclosures required by TWA, Plaintiffs James and Lisa Hardin retained their right to cancel the transaction.

76.    By letter dated July 9, 2007, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

77.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 163 5(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

78.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT VI
## TILA Violations-Hardin

79.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

80.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

81.     Defendant has violated TILA, with respect to the Hardin Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs James and Lisa Hardin respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Hardin Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but

in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

## COUNT VII
## Assignee Liability

82. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

83. On information and belief, Defendants Asset, Deutsche and AMS became assignees of the loans from AMC and therefore are additionally liable for all claims asserted by the Plaintiffs in this action.

84. Asset, Deutsche, and AMS are liable to the Plaintiffs for all claims that they have made against the original lender herein pursuant to 15 U.S.C. § 1641(c) and (e).

85. Asset and Deutsche are the assignees and/or owners of the Anderson loan.

86. AMS and Deutsche are the assignees and/or owners of the Bonner, Carpenter, Golston, Hardin, and Robbins loans.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against defendants and in her favor, and pursuant to 15 U.S.C. § 1640(a), 1641(c) and 1641(e) awarding the following relief:

A) Statutory damages of as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the loans, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiffs' property created under the

mortgage transaction is void, and an order requiring defendants to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to Defendants, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the defendants to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**EACH OF THE PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

s/  James D. Patterson
James D. Patterson, Esq.
One of the Attorneys for Plaintiffs
PO Box 969
Fairhope, Alabama 36533
Telephone:    251.990.5558
Facsimile:     251.990.0626
jpatterson@alalaw.com

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Asset Backed Funding Corporation NIM 2005-AQ1 LLC
Donald Puglisi
850 Library Avenue, Suite 204
Newark, DE   19711

Deutsche Bank Trust Corporation
1761 East St.
Andrew Place
Santa Ana, CA   92705

Ameriquest Mortgage Securities, Inc.
National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, DE   19904