**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> ) <br> ) <br> AMERIQUEST MORTGAGE COMPANY, a ) <br> Delaware corporation; and ARGENT ) <br> MORTGAGE COMPANY LLC, a Delaware ) <br> limited liability company, ) <br> ) <br> Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NORTHWEST TITLE AND ESCROW ) <br> CORPORATION, a Minnesota corporation, ) <br> et al., ) <br> ) <br> Third-Party Defendants. ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before the Honorable <br> Marvin E. Aspen |

**MEDIATION STATUS REPORT**
**FROM CERTAIN THIRD-PARTY DEFENDANTS**

On February 11, 2008 this Court ordered the Third-Party Defendants to participate in the mediation of the claims from the individual plaintiffs who have elected to opt out of the master class complaints (collectively, the "Opt-Out Plaintiffs"). Pursuant to the Court's order, representatives for certain Third-Party Defendants attended the May 7, 2008 second mediation session between the Defendants/Third-Party Plaintiffs and the Opt-Out Plaintiffs conducted by Judge Donald P. O'Connell at the law offices of Dewey & LeBoeuf in Chicago, Illinois.

On June 17, 2008, this Court ordered the parties in the mediation of the Opt-Out Plaintiffs' claims to file a written status report updating the Court by July 1, 2008.

**MEDIATION STATUS REPORT FROM CERTAIN THIRD-PARTY DEFENDANTS - Page 1 of 4**

Prior to the May 7, 2008 mediation, the Third-Party Defendants participated in an initial mediation session on March 6, 2008. At the conclusion of that session, it was the Third-Party Defendants' understanding that they would be receiving individual settlement demands from the Defendants/Third-Party Plaintiffs, as well as documentation relating to the Plaintiffs' claims and/or the Third-Party Claims. Such demands were not received, nor were they asked to participate in any subsequent telephonic and/or written meet and confer discussions between the Defendants/Third-Party Plaintiffs and the Opt-Out Plaintiffs. Third-Party Defendants have been provided with certain documentation from the Defendants/Third-Party Plaintiffs relating to the Plaintiffs' claims and/or the Third-Party Claims.

At the May 7, 2008 mediation session, the Third-Party Defendants again met briefly with Judge O'Connell. They were not asked to meet with the Defendants/Third-Party Plaintiffs, nor were they asked to meet with the Opt-Out Plaintiffs. In addition, they were not asked to participate in any meetings between the Defendants/Third-Party Plaintiffs and the Opt-Out Plaintiffs.

Judge O'Connell acknowledged that the Defendants/Third-Party Plaintiffs had not issued individual settlement demands and instructed that the Third-Party Defendants' participation in the mediation remained premature in light of the status of direct settlement discussions between the Defendants/Third-Party Plaintiffs and the Opt-Out Plaintiffs.

The Third-Party Defendants were informed by Judge O'Connell that the Defendants/Third-Party Plaintiffs and Opt-Out Plaintiffs were discussing a protocol for evaluating the feasibility of certain aspects of the settlement demand, as well as the total costs related to such aspects of a proposed settlement. Judge O'Connell instructed the Third-Party

Defendants that until the Defendants/Third-Party Plaintiffs had evaluated the total cost for the current settlement proposal, they would not be issuing individual settlement demands to the Third-Party Defendants. Judge O'Connell then excused the Third-Party Defendants from the mediation.

Judge O'Connell again instructed the Third-Party Defendants that participation via Liaison Counsel was in good faith until the mediation of individual claims is conducted.

Subsequent to the May 7, 2008 mediation session, the Third-Party Defendants have not been asked to participate in any telephonic and/or written meet and confer discussions between the Defendants/Third-Party Plaintiffs and the Opt-Out Plaintiffs, nor was their input sought in submitting a report on the mediation to the Court. To date, the Third-Party Defendants have not received any individual settlement demands from the Defendants/Third-Party Plaintiffs.

                                                                                           Respectfully submitted,

                                                                         By:/s/ Russell W. Hubbard
                                                                             Russell W. Hubbard

Keith Verges
Mark Davenport
Don Colleluori
Russell W. Hubbard
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone (214) 939-2017
Facsimile (214) 939-2090

John L. Ropiequet
Anna-Katrina S. Christakis
Jeffrey D. Pilgrim
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Telephone (312) 876-7100
Facsimile (312) 876-0288

*Attorneys for Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Transnation Title Insurance Company, LandAmerica Financial Group, Inc., and Commonwealth Land Title Company*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 1st day of July 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                                    /s/ Russell W. Hubbard
                                                                                    Russell W. Hubbard