**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Vernell Ball-Daniel v. Argent Mortgage Company, LLC, et al.*; Case No. 06-6602 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiff VERNELL BALL-DANIEL ("Plaintiff") Amended Complaint as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1.    Plaintiff Vernell Ball-Daniel charges defendants with violation of the Truth in Lending Act through failure to honor a valid rescission request in violation of 15 U.S.C. § 1635. Plaintiff also charges defendant Argent with violation of Indiana law.

**ANSWER:**    Paragraph 1 is a summary description of the allegations within Plaintiff's Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 1.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiff's claim under the Truth in Lending Act arises under

- 1 -

federal law. This Court has supplemental jurisdiction over plaintiff's claim under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

**ANSWER:** Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits that the Judicial Panel on Multi-district Litigation has consolidated complaints against Defendant and other companies in this Court. Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4. Defendant Argent Mortgage Company is a sub-prime mortgage lender. The company's main offices are in Orange, California, but it does business in this district. Defendant AMC Mortgage Services, Inc. services Argent mortgages and has the right to receive payments thereunder and does business in this district.

**ANSWER:** Defendant admits that its principle office is located in Orange, California. Further answering, Defendant admits that it is engaged in the mortgage lending business and does business in Illinois as well as numerous other states. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. Defendant Deutsche Bank National Trust Company as Trustee of Argent Securities Inc. Asset Backed Pass Through Certificates Series 2004-W7 and/or Argent Securities Inc., Asset Backed Pass Through Certificates Series 2004-W7 is the assignee of the Ball-Daniel.

**ANSWER:** Defendant admits that Deutsche Bank National Trust Company is trustee under the Pooling and Servicing Agreement dated as of May 1, 2004 for Argent

- 2 -

- 3 -

        Securities, Inc. Asset Backed Pass-Through Certificates Series 2004-W7, which includes Plaintiff's loan. Defendant denies any remaining allegations in paragraph 5.

6. Plaintiff Vernell Ball-Daniel is a resident of Indiana.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

## BACKGROUND

7. Plaintiff Vernell Ball-Daniel owns a home in South Bend, Indiana, where she lives with her husband, LaVurne Daniel. Ms. Ball-Daniel works at Memorial Hospital in South Bend as a holistic wellness educator and for the South Bend Heritage Foundation as an arts and education program specialist. Her husband works at Godfrey Marine, making boats.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. Defendant denies any remaining allegations in paragraph 7.

8. In or about December 2003, Ms. Ball-Daniel decided to refinance the mortgage on her home. Ms. Ball-Daniel spoke repeatedly to Dea Eaton, a mortgage broker with Direct Banc Mortgage in Osceola, Indiana. Ms. Eaton conveyed the impression to plaintiff that Ms. Eaton was working for Ms. Ball-Daniel and was acting in Ms. Ball-Daniel's best interest. In fact, Ms. Eaton and Direct Banc were acting as agents for Argent Mortgage.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9. Ms. Eaton told Ms. Ball-Daniel that she would get her a new mortgage with a fixed interest rate of 7.8% and that in two years Ms. Ball-Daniel would be able to refinance the mortgage with no penalty at a lower interest rate.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

- 3 -

10. Defendant Argent Mortgage prepared an adjustable rate note for Ms. Ball-Daniel which provided for a loan of $87,400, with an initial interest rate of 7.5% but which could increase to as high as 13.5%, depending on changes on the LIBOR rate.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

11. The closing took place on January 15, 2004. Ms. Ball-Daniel asked Ms. Eaton to confirm that plaintiff was getting a fixed rate mortgage. Ms. Eaton said that Ms. Ball-Daniel was getting a fixed adjustable rate. Ms. Ball-Daniel said that she did not understand. Ms. Eaton said that meant that in two years Ms. Ball-Daniel could refinance and get a better rate. Later, Ms. Eaton showed Ms. Ball-Daniel a piece of paper (the final TILA disclosure) that indicated that Ms. Ball-Daniel would have 359 payments which would all be for $611.12. Ms. Eaton told Ms. Ball-Daniel that this is what her payments would be. Ms. Ball-Daniel understood that her payments would not exceed $611.12 per month but could go down in two years. Pleased with this deal, Ms. Ball-Daniel signed the mortgage papers.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. In connection with the mortgage, Argent paid Direct Banc Mortgage, Ms. Eaton's employer, a yield spread premium of $874 in exchange for getting Ms. Ball-Daniel to accept a worse mortgage than Ms. Ball-Daniel was qualified to receive.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13. On January 15, 2004, Argent transferred servicing of the Ball-Daniel mortgage to Ameriquest Mortgage Company, which has since become Defendant AMC Mortgage Services, Inc. The loan itself was sold to Defendant Deutsche Bank Trust.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14.  In or about January 2006, Ms. Ball-Daniel received notice that her monthly mortgage payments would be increased. Currently, Ms. Ball-Daniel is paying $768 per month on her mortgage, rather than the $611 per month that she was promised at the closing. When Ms. Ball-Daniel complained about the rate increase, she was told that she had an adjustable rate mortgage.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15.  Ms. Ball-Daniel has tried to refinance her mortgage but finds she is unable to do so. Argent loaned Ms. Ball-Daniel $87,400 based on an appraisal procured by Ms. Eaton which said that the Ball-Daniel home was worth $95,000. Ms. Ball-Daniel has since learned, from another appraiser, that her home is only worth $63,000, which is considerably less than the amount owed on the mortgage.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

## COUNT ONE -- TRUTH IN LENDING ACT

16.  Plaintiff incorporates paragraphs one through fifteen above.

**ANSWER:**  Defendant repeats and reaffirms its answers to paragraphs 1 through 15.

17.  Argent's disclosures to plaintiff did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

**ANSWER:**  Paragraph 17 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 17.

## REGULATORY FRAMEWORK

18. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.* requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

**ANSWER:** Paragraph 18 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 18.

19. Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. §§ 226.18, 226.22, 226.5.

**ANSWER:** Paragraph 19 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 19.

20. Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(1).

**ANSWER:** Paragraph 20 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 20.

21. The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to

their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

> 15 U.S.C. § 1635(a).

**ANSWER:** Paragraph 21 contains conclusions of law to which no answer is required. Defendant admits that portions of 15 U.S.C. § 1635(a) have been accurately quoted in paragraph 21, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 21.

22. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

> 15 U.S.C. § 1635(b).

**ANSWER:** Paragraph 22 contains conclusions of law to which no answer is required. Defendant admits that portions of 15 U.S.C. § 1635(b) have been accurately quoted in paragraph 22, but specifically denies the characterization of the

language as alleged.  To the extent an answer is required, Defendant denies the allegations in paragraph 22.

23. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

**ANSWER:** Paragraph 23 contains conclusions of law to which no answer is required. Defendant admits that portions of 15 U.S.C. § 1635(a) have been accurately quoted in paragraph 23, but specifically denies the characterization of the language as alleged.  To the extent an answer is required, Defendant denies the allegations in paragraph 23.

24. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction ...

12 C.F.R. § 226.23(a)(1).

**ANSWER:** Paragraph 24 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23(a)(1) have been accurately quoted in paragraph 24, but specifically denies the characterization of the language as alleged.  To the extent an answer is required, Defendant denies the allegations in paragraph 24.

25. The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose[]" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1).

- 8 -

BN 2071725v1

**ANSWER:** Paragraph 25 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 25, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 25.

26. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (v) The date the rescission period expires.
>
> 12 C.F.R. § 226.23(b)(1).

**ANSWER:** Paragraph 26 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 26, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 26.

27. Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.
>
> 12 C.F.R. § 226.23(d)(1).

**ANSWER:** Paragraph 27 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23(d)(1) have been accurately quoted in paragraph 27, but specifically denies the characterization of the

language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 27.

28. Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.
>
> 12 C.F.R. § 226.23(d)(2).

**ANSWER:** Paragraph 28 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23(d)(2) have been accurately quoted in paragraph 28, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 28.

29. The Federal Reserve Board's commentary of paragraph 23(d)(2) explains that the words "any money or property" would include an appraisal fee. The commentary provides:

> The consumer cannot be required to pay any amount in the form of money or property either to the creditor or to a third party as part of the credit transaction. Any amounts of this nature already paid by the consumer must be refunded. "Any amount" includes finance charges already accrued, as well as other charges, such as broker fees, application and commitment fees, or fees for a title search or appraisal, whether paid to the creditor, paid directly to a third party, or passed on from the creditor to the third party. It is irrelevant that these amounts may not represent profit to the creditor.
>
> 12 C.F.R. part 226 Supp.I para. 23(d)(2)-1.

**ANSWER:** Paragraph 29 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23 part 226 Supp.I para. 23(d)(2)-1 have been accurately quoted in paragraph 29, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 29.

## DEFECTIVE DISCLOSURES

30. Argent's disclosures to plaintiff were defective in a number of respects. First, on the Notice of Right to Cancel forms that were given to plaintiff at the closing, there is no date filled in for the expiration of the rescission period, a violation of 12 C.F.R. § 226.23(b)(1)(v).

- 10 -

**ANSWER:** Paragraph 30 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 30.

31. Second, while plaintiff was shown the final Truth in Lending Act disclosure at the closing, plaintiff was not given a copy to keep.

**ANSWER:** Paragraph 31 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 31.

32. Third, Argent is responsible for the fraud perpetrated by its agent, Ms. Eaton. Because Ms. Eaton falsely assured plaintiff that she was getting a fixed rate mortgage, Argent misled plaintiff as to the existence of a variable interest rate on her loan in violation of 12 C.F.R. § 226.18.

      1. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER:** Paragraph 32 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.18 have been accurately quoted in paragraph 32, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 32.

33. Argent's rescission and material TILA disclosures were defective. Accordingly, plaintiff sent a rescission notice to defendants Argent and AMC Mortgage Services on October 2, 2006, and a rescission notice to defendant Deutsche Bank Trust on November 9, 2006.

**ANSWER:** Paragraph 33 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 33.

34. Within twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiff's home and paid back to plaintiff any money or

property that plaintiff has paid to them in connection with the loan. See 12 C.F.R. § 226.23(d)(2). Defendants have not done either.

**ANSWER:** Paragraph 34 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 34.

35. Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiff is entitled to rescission plus statutory damages and other relief.

**ANSWER:** Paragraph 35 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 35.

## COUNT TWO -- VIOLATION OF INDIANA LAW

36. Plaintiff incorporates paragraphs one through thirty-six above.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 36.

37. In connection with trade or commerce, Argent (through its agent, Ms. Eaton) made false and misleading statements to plaintiff intending to induce reliance. More specifically, Argent engaged in a bait and switch by baiting plaintiff into the mortgage transaction by offering a relatively favorable set of terms and then switching to less favorable terms.

**ANSWER:** Paragraph 37 contains conclusions of law to which no answer is required. Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. To the extent an answer is required, Defendant denies the allegations in paragraph 37.

38. Argent's false and misleading statements to plaintiff violated plaintiff's rights under Indiana statutory and common law.

**ANSWER:** Paragraph 38 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 38.

39. Argent's false and misleading statements deceived plaintiff and proximately caused her injury.

**ANSWER:** Paragraph 39 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 39.

- 12 -

40. Argent is also vicariously responsible for the other frauds that Ms. Eaton perpetrated on Ms. Ball-Daniel, such as making it appear that Ms. Ball-Daniel's monthly mortgage payments would never exceed $611.12 and making it appear that Ms. Eaton was working for Ms. Ball-Daniel when, in fact, Ms. Eaton was employed by an adverse party.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiff's Amended Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

- 13 -

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiff's claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Amended Complaint.

15. Plaintiff's claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.

Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiff's Amended Complaint;

2. Enter judgment for Defendant and against Plaintiff in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: July 14, 2008  Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company LLC.*

Thomas J. Wiegand (twiegand@winston.com)
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

- 16 -

## CERTIFICATE OF SERVICE

I, David E. Dahlquist, hereby certify that on this 14th day of July 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ David E. Dahlquist

BN 2071725v1
CHI:2120342.1