IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Dennis and Rita O'Neil, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 05-7097 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs DENNIS and RITA O'NEIL ("Plaintiffs") Second Amended Complaint as follows.

**SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs Dennis and Rita O'Neil charge defendants with violation of the Truth in Lending Act through failure to honor a valid rescission request in violation of 15 U.S.C. § 1635. Plaintiffs also charge defendant Argent with violation of Massachusetts law.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 1.

- 1 -

- 2 -

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiff's claim under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

**ANSWER:** Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits that the Judicial Panel on Multi-district Litigation has consolidated complaints against Defendant and other companies in this Court. Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4. Defendant Argent Mortgage Company, LLC is a sub-prime mortgage lender. The company's main offices are in Orange, California, but it does business in this district. Defendant Ameriquest Mortgage Company, Inc. was the servicer of plaintiffs' mortgage, and also does business in this district.

**ANSWER:** Defendant admits that its principle office is located in Orange, California. Further answering, Defendant admits that it is engaged in the mortgage lending business and does business in Illinois as well as numerous other states. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. Defendant Deutsche Bank National Trust Company as Trustee of Argent Securities Inc. Asset Backed Pass Through Certificates Series 2004-W1 and/or Argent Securities Inc. Asset Backed Pass Through Certificates Series 2004-W1 is or was the assignee of the O'Neil loan.

**ANSWER:** Defendant admits that Deutsche Bank National Trust Company has acted as Trustee of Argent Securities Inc. Asset Backed Pass Though Certificates 2004-W1. Defendant denies any remaining allegations in Paragraph 5.

6. Plaintiffs Dennis and Rita O'Neil are residents of Massachusetts.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

## TRUTH IN LENDING VIOLATION

7. Plaintiffs Dennis and Rita O'Neil own a home in Centerville, Massachusetts. Mr. O'Neil is a retired corrections officer. Mrs. O'Neil is collecting social security disability.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. Defendant denies any remaining allegations in paragraph 7.

8. In or about August 2003, the O'Neils decided to refinance the mortgage on their home. Mr. O'Neil contacted a mortgage broker, Rob Colin of BLS Funding. Mr. Colin recommended that the O'Neils refinance with Argent Mortgage. Plaintiffs, believing that Mr. Colin was representing them and acting in their best interests, followed Mr. Colin's advice.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9. Plaintiffs dealt with Argent through Mr. Colin. Mr. Colin gave plaintiffs the impression that he was working for them and would try to get them the lowest possible interest

rate. Plaintiffs trusted him. Mr. Colin said that he would get plaintiffs an adjustable rate loan with an interest rate of 5.75%. Plaintiffs said they wanted a fixed rate mortgage. Mr. Colin said that, in that case, he would get plaintiffs a fixed rate loan with an interest rate of 6.25% or 6.5%. Later, Mr. Colin came to the O'Neil home and showed plaintiffs a paper showing an interest rate of 7.9%. Plaintiffs said that's not what we talked about on the telephone. Mr. Colin agreed and said he would get the rate down to between 6.5% and 7.0%. Mr. Colin also told plaintiffs that the closing costs would be between $5,000 and $6,000 and that there wouldn't be any points or prepayment penalty.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10. Argent prepared documents for an adjustable rate loan of $261,000 with an initial interest rate of 7.9% but which could go as high as 13.9% depending on changes in the LIBOR rate. The loan also provided a 2% loan origination fee to BLS Funding (despite the promise of no points) and a total of $8,203 in points and fees (despite the promise that the closing costs would be between $5,000 and $6,000). In connection with the loan, Argent paid BLS Funding a yield spread premium of $5,220.00 in exchange for getting the O'Neils a worse mortgage than they were qualified to get.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

11. The closing took place on November 24, 2003. Plaintiffs noticed that the terms of the deal had changed and protested. The closing agent representing Argent told them that those were the terms. At this point, having invested so much time in negotiating the deal, having said goodbye to their prior mortgage lender and having told other creditors that they would be paid, the O'Neils felt psychologically committed to the deal, so they signed the papers.

- 4 -

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. At the closing, the closing agent neglected to give the O'Neils properly completed Notice of Right to Cancel forms. On November 28, 2003, Argent sent a letter to the O'Neils which contained four original Notice of Right to Cancel forms. According to the forms, the rescission period expired on November 28, 2003, the same day that they were mailed to plaintiffs.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

## COUNT ONE -- TRUTH IN LENDING ACT

13. Plaintiff incorporates paragraphs one through twelve above.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 12.

14. Argent's disclosures to plaintiff did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

**ANSWER:** Paragraph 14 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 14.

## REGULATORY FRAMEWORK

15. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.* requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

**ANSWER:** Paragraph 15 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 15.

16. Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. §§ 226.18, 226.22, 226.5.

**ANSWER:** Paragraph 16 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.17(a)(1) have been accurately quoted in paragraph 16, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 16.

17. Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(1).

ANSWER: Paragraph 17 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.17(c)(1) and 12 C.F.R. § 226.18(g)(1) have been accurately quoted in paragraph 17, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 17.

18. The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

**ANSWER:** Paragraph 18 contains conclusions of law to which no answer is required. Defendant admits that portions of 15 U.S.C. § 1635(a) have been accurately quoted in paragraph 18, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 18.

19. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

**ANSWER:** Paragraph 19 contains conclusions of law to which no answer is required. Defendant admits that portions of 15 U.S.C. § 1635(b) have been accurately quoted in paragraph 19, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 19.

20. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.
>
> 15 U.S.C. § 1635(a).

**ANSWER:** Paragraph 20 contains conclusions of law to which no answer is required. Defendant admits that portions of 15 U.S.C. § 1635(a) have been accurately quoted in paragraph 20, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 20.

21. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction ....
>
> 12 C.F.R. § 226.23(a)(1).

**ANSWER:** Paragraph 21 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23(a)(1) have been accurately quoted in paragraph 21, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 21.

22. The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose[]" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1).

**ANSWER:** Paragraph 22 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 22, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 22.

23. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (v) The date the rescission period expires.
>
> 12 C.F.R. § 226.23(b)(1).

**ANSWER:** Paragraph 23 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 23, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 23.

24. Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.
>
> 12 C.F.R. § 226.23(d)(1).

**ANSWER:** Paragraph 24 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23(d)(1) have been accurately quoted in paragraph 24, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 24.

25. Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action

- 9 -

necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

**ANSWER:** Paragraph 25 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23(d)(2) have been accurately quoted in paragraph 25, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 25.

## DEFECTIVE DISCLOSURES

26. Argent's disclosures to plaintiff were defective in a number of respects. First, on the Notice of Right to Cancel forms that were given to plaintiffs at the closing, there is no date filled in for the expiration of the rescission period, a violation of 12 C.F.R. § 226.23(b)(1)(v).

**ANSWER:** Paragraph 26 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 26.

27. Second, the Notice of Right to Cancel forms that were mailed to plaintiffs on November 28, 2003 said that the rescission period expired on November 28, 2003. This date was incorrect given that the disclosure documents were not mailed until November 28, 2003 and were received until sometime later. This misrepresentation also violated 12 C.F.R. § 226.23(b)(1)(v).

**ANSWER:** Paragraph 27 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 27.

28. Third, Argent is responsible for the fraud perpetrated by its agent, Mr. Colin. Because Mr. Colin falsely assured plaintiffs that they were getting a fixed rate mortgage with no points and an interest rate between 6.5% and 7.0%, Argent misled plaintiff as to the existence of a variable interest rate on her loan in violation of 12 C.F.R. § 226.18.

**ANSWER:** Paragraph 28 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 28.

29. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER:** Paragraph 29 contains conclusions of law to which no answer is required. Defendant admits that portions of 12 C.F.R. § 226.23(a)(3) have been accurately quoted in paragraph 29, but specifically denies the characterization of the language as alleged. To the extent an answer is required, Defendant denies the allegations in paragraph 29.

30. Argent's rescission and material TILA disclosures were defective. Accordingly, plaintiffs sent rescission notices to defendants on November 21, 2006.

**ANSWER:** Paragraph 30 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 30.

31. Within twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiffs' home and paid back to plaintiffs any money or property that plaintiffs paid to them in connection with the loan. See 12 C.F.R. § 226.23(d)(2). Defendants have not done either.

**ANSWER:** Paragraph 31 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 31.

32. Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiffs are entitled to rescission plus statutory damages and other relief.

**ANSWER:** Paragraph 32 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 32.

### COUNT TWO -- VIOLATION OF MASSACHUSETTS LAW

33. Plaintiff incorporates paragraphs one through thirty-two above.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 32.

34. In connection with trade or commerce, Argent (through its agent, Ms. Colin) made false and misleading statements to plaintiffs intending to induce reliance. More specifically, Argent engaged in a bait and switch by baiting plaintiffs into the mortgage transaction by offering a relatively favorable set of terms and then switching to less favorable terms.

**ANSWER:** Paragraph 34 contains conclusions of law to which no answer is required. Defendant is also without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. To the extent an answer is required, Defendant denies the allegations in paragraph 34.

35. Argent's false and misleading statements to plaintiffs violated plaintiffs' rights under Massachusetts statutory and common law.

**ANSWER:** Paragraph 35 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 35.

36. Argent's false and misleading statements deceived plaintiffs and proximately caused them injury.

**ANSWER:** Paragraph 36 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 36.

37. Argent is also vicariously responsible for the other frauds that Mr. Colin perpetrated on plaintiffs, such as making it appear that Mr. Colin was working for plaintiffs when, in fact, Mr. Colin was employed by an adverse party.

**ANSWER:** Paragraph 37 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 37.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Complaint so triable.

- 13 -

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiff was damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15. Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Second Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED:  July 14, 2008                         Respectfully submitted,

By: /s/  Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand (twiegand@winston.com)
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois  60601-9703
Telephone: (312) 558-5600
Facsimile:  (312) 558-5700

**CERTIFICATE OF SERVICE**

I, David E. Dahlquist, hereby certify that on this 14th day of July 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ David E. Dahlquist

BN 2077462v1