**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN W. ANDERSON JR., BENJAMIN | ))) | |
| BARBOZA & MANUEL BARBOZA, | ))) | MDL No. 1715 |
| BEVERLEY BESSETTE & KATHY | ))) | Lead Case No. 1:05-cv-07097 |
| BESSETTE, JENNIE DOUCHETTE, | ))) | |
| ELIZABETH HALL, JOHN IWANCZENKO, | ))) | Case No. 1:06-cv-03125 |
| SR. & MARYANN IWANCZENKO, KEITH | ))) | Hon. Marvin E. Aspen |
| JENSEN, KATHLEEN JONES & KYLE | ))) | |
| JONES, SHANNON LADD & THOMAS | ))) | |
| LADD, JEAN LEMIRE, ALBERT LEVESQUE, | ))) | SECOND AMENDED COMPLAINT |
| PEARL OLIVER & ROOSEVELT OLIVER, | ))) | |
| JOHN POKORNY, JR., WILLIAM A. | ))) | Jury Trial Demanded |
| PROUDFOOT, DEBORAH H. SPILLANE, | ))) | |
| RACHEL O'ROURKE & SHAUN O'ROURKE, | ))) | |
| GEORGETTE F. PEHOWDY, MAUREEN | ))) | |
| RAINVILLE & RICHARD A. SYLVIA, | ))) | |
| SONIA SPENCE-ENGLISH, DENNIS | ))) | JULY 15, 2008 |
| HOLMES & BRENDA HOLMES, PATRICIA | ))) | |
| SZYNAL & MICHAEL SZYNAL, | ))) | |
|     Plaintiffs, | ))) | |
| | ))) | |
|     v. | ))) | |
| | ))) | |
| AMERIQUEST MORTGAGE COMPANY, | ))) | |
| | ))) | |
| CITIFINANCIAL MORTGAGE COMPANY, | ))) | |
| INC., | ))) | |
| | ))) | |
| HOUSEHOLD REALTY CORPORATION, | ))) | |
| | ))) | |
| HSBC BANK USA, NATIONAL | ))) | |
| ASSOCIATION F/K/A HSBC BANK USA, | ))) | |
| | ))) | |
| WM SPECIALTY MORTGAGE, LLC, | ))) | |
| | ))) | |
| DEUTSCHE BANK NATIONAL TRUST | ))) | |
| COMPANY, AS TRUSTEE OF AMERIQUEST | ))) | |
| MORTGAGE SECURITIES, INC., ASSET- | ))) | |
| BACKED PASS THROUGH CERTIFICATES, | ))) | |
| SERIES 2003-7, UNDER THE POOLING & | ))) | |
| SERVICING AGREEMENT DATED AS OF | ))) | |
| JULY 1, 2003, WITHOUT RECOURSE. | | |

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES INC., ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2003-11 UNDER THE POOLING &
SERVICING AGREEMENT DATED AS OF
NOVEMBER 1,2003, WITHOUT RECOURSE

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES INC., ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2003-IA1, UNDER THE POOLING &
SERVICING AGREEMENT DATED AS OF
OCTOBER 1, 2003, WITHOUT RECOURSE

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES INC., ASSET
BACKED PASS THROUGH CERTIFICATES,
SERIES 2004-R1 UNDER THE POOLING &
SERVICING AGREEMENT DATED AS OF
FEBRUARY 1, 2004 WITHOUT RECOURSE

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES, INC. ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2003-2 UNDER THE POOLING &
SERVICING AGREEMENT DATED AS OF
FEBRUARY 1, 2003, WITHOUT RECOURSE

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES, INC. ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2003-4 UNDER THE POOLING &
SERVICING AGREEMENT DATED AS OF
APRIL 1, 2003, WITHOUT RECOURSE

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES INC., ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2003-8 UNDER THE POOLING &

SERVICING AGREEMENT DATED AS OF
AUG 1, 2003, WITHOUT RECOURSE

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES INC., ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2005-R3 UNDER THE POOLING &
SERVICING AGREEMENT DATED AS OF
APRIL 1, 2005, WITHOUT RECOURSE

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES INC., ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2004-R9 UNDER THE POOLING &
SERVICING AGREEMENT DATED AS OF
SEPTEMBER 1, 2004, WITHOUT RECOURSE

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES INC., ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2003-10 UNDER THE POOLING &
SERVICING AGREEMENT DATED AS OF
OCTOBER 1, 2003, WITHOUT RECOURSE

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
MORTGAGE SECURITIES, INC., ASSET-
BACKED PASS THROUGH CERTIFICATES,
SERIES 2003-3, UNDER THE POOLING &
SERVICING AGREEMENT DATED AS OF
MARCH 1, 2003, WITHOUT RECOURSE

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST
SECURITIES INC., ASSET BACKED PASS-
THROUGH CERTIFICATES, SERIES 2004-R2
UNDER THE POOLING & SERVICING
AGREEMENT DATED AS OF MARCH 1,
2004, WITHOUT RECOURSE,
        Defendants.

## INTRODUCTION

1.        This is a suit brought by thirty-one consumers residing in Connecticut who collectively entered into twenty-one mortgage loans with one of the defendants, Ameriquest Mortgage Company. Some of these loans were subsequently assigned to the other defendants. The plaintiffs claim that Ameriquest violated the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 et seq., (collectively "the Acts") in each of their transactions by failing to provide them with the notification of their right to rescind the mortgage as required by the Acts and Regulation Z (12 C.F.R. Part 226).

## PARTIES

2.        The Plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with Ameriquest. Many of the mortgages were subsequently assigned to one of the other Defendants.

3.        All Plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

4.        All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendants' misconduct.

5.        Defendant, Ameriquest Mortgage Company, is a Delaware corporation with a primary place of business in Orange, California.

6.        HSBC Bank USA, National Association f/k/a HSBC Bank USA ("HSBC") is a foreign corporation with a primary place of business in Wilmington, Delaware.

7.      CitiFinancial Mortgage Company, Inc. is a foreign corporation with a primary place of business in Irving, Texas.

8.      Household Realty Corporation is a Delaware corporation with a primary place of business in Prospect Heights, Illinois.

9.      WM Specialty Mortgage, LLC is a Delaware limited liability company with its registered agent located in Wilmington, Delaware.

10.     Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in New York, New York.  It holds legal title, as trustee, to some of the mortgage loans originated by Ameriquest at issue in this suit and as further indicated in each count of this complaint below.  DBNT is the trustee of the following Defendant asset-backed securities:

>    a.  Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset-Backed Pass Through Certificates, Series 2003-7, under the Pooling & Servicing Agreement Dated as of July 1, 2003, Without Recourse.

>    b.  Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-11 under the Pooling & Servicing Agreement dated as of November 1,2003, Without Recourse

>    c.  Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-IA1, under the Pooling & Servicing Agreement dated as of October 1, 2003, Without Recourse

d. Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2004-R1 under the Pooling & Servicing Agreement dated as of February 1, 2004 Without Recourse

e. Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-2 under the Pooling & Servicing Agreement Dated as of February 1, 2003, Without Recourse

f. Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, Without Recourse

g. Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-R3 under the Pooling & Servicing Agreement dated as of April 1, 2005, Without Recourse

h. Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R9 under the Pooling & Servicing Agreement dated as of September 1, 2004, Without Recourse

i. Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-10 under the Pooling & Servicing Agreement dated as of October 1, 2003, Without Recourse

j. Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset-Backed Pass Through Certificates, Series 2003-3, under the Pooling & Servicing Agreement Dated as of March 1, 2003, Without Recourse

k.  Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R2 under the Pooling & Servicing Agreement dated as of March 1, 2004, Without Recourse.

l.  Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-4 under the Pooling & Servicing Agreement dated as of April 1, 2003, Without Recourse.

11.  Defendant WM Specialty Mortgage LLC ("WM"), is a Delaware limited liability company.  It holds legal title to some of the mortgage loans originated by Ameriquest in this suit. Its registered agent is Corporation Service Company in Wilmington, Delaware.

## JURISDICTION

12.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331-32.

13.  This Court has jurisdiction over the Defendants because they regularly conduct business in this state.

14.  Venue in this Court is proper because this case has been transferred to this multidistrict litigation.  Additionally the Plaintiffs are residents of Connecticut and this action concerns real property located in Connecticut, where this action originated before being transferred to this multidistrict litigation.

### *FIRST COUNT*
### *(JOHN W. ANDERSON, JR. v. AMERIQUEST & CITIFINANCIAL MORTGAGE COMPANY, INC.)*

15.     On or about July 24, 2003, John W. Anderson, Jr. ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

16.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

17.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

18.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

19.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

20.     This mortgage loan was assigned to Co-Defendant CitiFinancial Mortgage Company, Inc ("CitiFinancial"). CitiFinancial has an interest in this loan.

21.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to the both the originator and assignee of this mortgage loan, which notices have been received each Defendant.

22.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

23.     More than twenty calendar days have passed since Defendant received the notices of rescission.

24.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

25.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

26.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee

### SECOND COUNT
### (BENJAMIN R. & MANUEL R. BARBOZA v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2003-7, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JULY 1, 2003, WITHOUT RECOURSE)

27.     On or about April 22, 2003, Benjamin R. & Manuel R. Barboza ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

28.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

29.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

30.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

31.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

32.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset-Backed Pass Through Certificates, Series 2003-7, under the Pooling & Servicing Agreement Dated as of July 1, 2003, Without Recourse.

33.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

34.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

35.     More than twenty calendar days have passed since Defendants received the notices of rescission.

36.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

37.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

38.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney's fee.

*THIRD COUNT*
*(BEVERLEY & KATHY BESSETTE v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE*

### POOLING & SERVICING AGREEMENT DATED AS OF NOVEMBER 1,2003, WITHOUT RECOURSE)

39. On or about September 12, 2003, Beverley & Kathy Bessette ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

40. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

41. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

42. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

43. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

44. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-11 under the Pooling & Servicing Agreement dated as of November 1,2003, Without Recourse.

45. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

46. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

47. More than twenty calendar days have passed since Defendants received the notices of rescission.

48. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

49. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

50. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney's fee.

### FOURTH COUNT
### (JENNIE DOUCHETTE v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-IA1, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)

51.     On or about August 8, 2003, Jennie Douchette ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

52.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

53.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

54.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

55.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

56.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-IA1, under the Pooling & Servicing Agreement dated as of October 1, 2003, Without Recourse.

57.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

58.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

59.     More than twenty calendar days have passed since Defendants received the notices of rescission.

60.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

61.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

62.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e.   Forfeiture of loan proceeds;

      f.   Actual damages in an amount to be determined at trial; and

      g.   A reasonable attorney's fee.


### FIFTH COUNT
### (ELIZABETH HALL v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-R1 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2004 WITHOUT RECOURSE)

63.     On or about December 22, 2003, Elizabeth Hall ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

64.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

65.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

66.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

67.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

68.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass Through Certificates, Series 2004-R1 under the Pooling & Servicing Agreement dated as of February 1, 2004 Without Recourse.

69.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

70.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

71.     More than twenty calendar days have passed since Defendants received the notices of rescission.

72.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

73.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

74.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### SIXTH COUNT
### (JOHN W. AND MARYANN E. IWANCZENKO v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-2 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2003, WITHOUT RECOURSE)

75.    On or about January 15, 2003, John W. and Maryann E. Iwanczenko ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

76.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

77.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

78.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

79. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

80. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-2 under the Pooling & Servicing Agreement Dated as of February 1, 2003, Without Recourse.

81. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

82. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

83. More than twenty calendar days have passed since Defendants received the notices of rescission.

84. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

85. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

86. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a. Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### SEVENTH COUNT
### (KEITH JENSEN v. AMERIQUEST & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

87.    On or about December 10, 2004, Keith Jensen ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

88.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

89.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

90.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

91.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

92.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

93.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

94.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

95.     More than twenty calendar days have passed since Defendants received the notices of rescission.

96.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

97.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

98.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

### EIGHTH COUNT
*(KYLE A. & KATHLEEN D. JONES v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUG 1, 2003, WITHOUT RECOURSE)*

99.   On or about April 23, 2003, Kyle A. & Kathleen D. Jones ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

100.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

101.   This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

102.   In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

103.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

104.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, Without Recourse.

105.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

106.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

107.    More than twenty calendar days have passed since Defendants received the notices of rescission.

108.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

109.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

110.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. §

36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the

       transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the

       Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to

       the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney's fee.

### NINTH COUNT
### (THOMAS & SHANNON LADD v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R3 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF APRIL 1, 2005, WITHOUT RECOURSE)

1.      On or about September 9, 2004, Thomas & Shannon Ladd ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

2.      A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

3.      This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

4.      In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

5.      The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

6.      This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-R3 under the Pooling & Servicing Agreement dated as of April 1, 2005, Without Recourse.

7.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

8.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

9.     More than twenty calendar days have passed since Defendants received the notices of rescission.

10.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

11.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

12.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

      f.   Actual damages in an amount to be determined at trial; and

      g.   A reasonable attorney's fee.

## TENTH COUNT
### *(JEAN R. LEMIRE v. AMERIQUEST & CITIFINANCIAL MORTGAGE COMPANY, INC.)*

13.      On or about March 3, 2004, Jean R. Lemire ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

14.      A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

15.      This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

16.      In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

17.      The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

18.      This mortgage loan was assigned, or otherwise transferred, to Co-Defendant CitiFinancial Mortgage Company, Inc.  CitiFinancial owns an interest in this mortgage loan.

19.      The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

20. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

21. More than twenty calendar days have passed since Defendants received the notices of rescission.

22. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

23. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

24. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney's fee

    h. .

## ELEVENTH COUNT

### (ALBERT J. LEVESQUE v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R3 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF APRIL 1, 2005, WITHOUT RECOURSE)

1. On or about December 9, 2004, Albert J. Levesque ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

2. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

3. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

4. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

5. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

6. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2005-R3 under the Pooling & Servicing Agreement dated as of April 1, 2005, Without Recourse.

7.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

8.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

9.     More than twenty calendar days have passed since Defendants received the notices of rescission.

10.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

11.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

12.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

  a.  Rescission of this transaction;

  b.  Termination of any security interest in Plaintiff's property created under the transaction;

  c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

  d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

  e.  Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

## TWELFTH COUNT
### (PEARL & ROOSEVELT OLIVER v. AMERIQUEST & HOUSEHOLD REALTY CORPORATION)

13.    On or about January 21, 2004, Pearl & Roosevelt Oliver ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

14.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

15.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

16.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

17.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

18.    This mortgage loan was assigned to Co-Defendant Household Realty Corporation.

19.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

20.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

21.     More than twenty calendar days have passed since Defendants received the notices of rescission.

22.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

23.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

24.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney's fee.

**THIRTEENTH COUNT**
**(*JOHN POKORNY, JR. v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET
BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R9 UNDER THE POOLING
& SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2004, WITHOUT
RECOURSE*)**

1.     On or about July 20, 2004, John Pokorny, Jr. ("Plaintiff") entered into a loan

agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's

residence to secure the indebtedness.

2.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

3.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

4.     In the course of this consumer credit transaction, Defendant violated the state and

federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z §

226.23(b).

5.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

6.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust

Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through

Certificates, Series 2004-R9 under the Pooling & Servicing Agreement dated as of September 1,

2004, Without Recourse.

7.      The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

8.      The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

9.      More than twenty calendar days have passed since Defendants received the notices of rescission.

10.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

11.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

12.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

## FOURTEENTH COUNT
### *(WILLIAM A. PROUDFOOT v. AMERIQUEST & CITIFINANCIAL MORTGAGE COMPANY, INC.)*

13.    On or about May 26, 2004, William A. Proudfoot ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

14.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

15.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

16.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

17.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

18.    This mortgage loan was assigned to Co-Defendant CitiFinancial Mortgage Company, Inc.

19. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

20. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

21. More than twenty calendar days have passed since Defendants received the notices of rescission.

22. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

23. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

24. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e. Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### FIFTEENTH COUNT
### (DEBORAH H. SPILLANE v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUG 1, 2003, WITHOUT RECOURSE)

25.    On or about August 14, 2003, Deborah H. Spillane ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

26.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

27.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

28.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

29.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

30.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through

Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, Without Recourse.

31.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

32.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

33.     More than twenty calendar days have passed since Defendants received the notices of rescission.

34.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

35.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

36.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.  Rescission of this transaction;

   b.  Termination of any security interest in Plaintiff's property created under the transaction;

   c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### SIXTEENTH COUNT
### *(RACHEL & SHAUN O'ROURKE v. AMERIQUEST & HSBC BANK USA, NATIONAL ASSOCIATION F/K/A HSBC BANK USA)*

37.    On or about April 8, 2004, Rachel & Shaun O'Rourke ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

38.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

39.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

40.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

41.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

42.     This mortgage loan was assigned to Co-Defendant HSBC Bank USA, National Association f/k/a HSBC Bank USA.

43.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

44.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

45.     More than twenty calendar days have passed since Defendants received the notices of rescission.

46.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

47.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

48.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a. Rescission of this transaction;

b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### SEVENTEENTH COUNT
***(GEORGETTE F. PEHOWDY v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R9 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2004, WITHOUT RECOURSE)***

49.    On or about July 21, 2004, Georgette F. Pehowdy ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

50.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

51.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

52.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

53.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

54. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R9 under the Pooling & Servicing Agreement dated as of September 1, 2004, Without Recourse.

55. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

56. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

57. More than twenty calendar days have passed since Defendants received the notices of rescission.

58. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

59. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

60. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney's fee.


### EIGHTEENTH COUNT
### (MAUREEN RAINVILLE & RICHARD A. SYLVIA v. AMERIQUEST & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

61.     On or about August 19, 2004, Maureen Rainville & Richard A. Sylvia ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

62.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

63.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

64.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

65.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

66.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC,

Without Recourse.

67.     The Plaintiff exercised the extended right to rescind the contract by sending notice

by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which

notices have been received by each Defendant.

68.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to

15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

69.     More than twenty calendar days have passed since Defendants received the

notices of rescission.

70.     The Defendants have failed to take any action necessary or appropriate to reflect

the termination of any security interest created under the transaction as required by C.G.S. § 36a-

683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

71.     The Defendants have failed to return to the Plaintiff any money or property given

to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and

Reg. Z § 226.23(d)(2).

72.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. §

36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the

        transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney's fee.

### NINETEENTH COUNT
### (SONIA SPENCE-ENGLISH v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-10 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)

73. On or about August 8, 2003, Sonia Spence-English ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

74. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

75. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

76. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

77.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

78.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-10 under the Pooling & Servicing Agreement dated as of October 1, 2003, Without Recourse.

79.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

80.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

81.     More than twenty calendar days have passed since Defendants received the notices of rescission.

82.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

83.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

84.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee.

### TWENTIETH COUNT
### (DENNIS A. & BRENDA L. HOLMES v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS THROUGH CERTIFICATES, SERIES 2003-4, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF APRIL 1, 2003, WITHOUT RECOURSE)

85.  On or about February 11, 2003, Dennis A. & Brenda L. Holmes ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

86.  A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

87.  This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

88.  In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

89.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

90.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset-Backed Pass Through Certificates, Series 2003-4, under the Pooling & Servicing Agreement Dated as of April 1, 2003, Without Recourse.

91.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

92.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

93.     More than twenty calendar days have passed since Defendants received the notices of rescission.

94.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

95.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

96.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee.

### TWENTY-FIRST COUNT
*(PATRICIA & MICHAEL SZYNAL v. AMERIQUEST & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R2 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF MARCH 1, 2004, WITHOUT RECOURSE)*

97.     On or about January 24, 2004, Patricia & Michael Szynal ("Plaintiff") entered into a loan agreement with Defendant Ameriquest (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

98.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

99.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

100.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

101.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

102.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R2 under the Pooling & Servicing Agreement dated as of March 1, 2004, Without Recourse.

103.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

104.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); Conn. Gen. Stats. § 36a-683(k)(3).

105.    More than twenty calendar days have passed since Defendants received the notices of rescission.

106.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

107.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

108.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1.    Assume jurisdiction of this case;

2.    Declare the security interest in the Plaintiffs' residences are void;

3.    Enter an order that the mortgage transactions are rescinded;

4.    Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5.    Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

6.    Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7.    Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

8.    Award the Plaintiffs actual and statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

9.    Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is

required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims

and order the Defendants to accept tender on reasonable terms and over a reasonable period of

time;

10.      Award actual damages in an amount to be established at trial;

11.      Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S.

§ 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

12.      Award such other and further relief as the Court deems just and proper.


PLAINTIFFS,

/s/ Daniel S. Blinn

By: _____

Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Andrew G. Pizor (ct27015)
apizor@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457