**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CALVIN DUNCAN, ROGER SHELTON, | ) |
| HUMBERTO ADRIAN, NICOLE RANKIN, | ) |
| SHAWN JENNINGS & YVONNE JENNINGS, | ) |
| JAMES R. DUGAN & DONNA M. DUGAN, | ) MDL No. 1715 |
| THOMAS SHERMAN, BEVERLY | ) Lead Case No. 1:05-cv-07097 |
| HOWLETT, DONNA STEWART-EAGLES, | ) |
| TODD TOFIL & CORRINE ROBAR, | ) Case No. 1:06-cv-02467 |
| MATHIAS RONDEAU & JAN RONDEAU, | ) Hon. Marvin E. Aspen |
| JOHN GRAMMATICO & KRISTEN | ) |
| GRAMMATICO, JOSEPH FERNANDEZ & | ) |
| NADINE FERNANDEZ, JOSE SOTO & | ) SECOND AMENDED COMPLAINT |
| JOANNE SOTO, SANDRA SILVA & CARLOS | ) |
| SILVA, RICARDO RICHARDS & TWINEWA | ) Jury Trial Demanded |
| YOUNG, MYLANI JUANO & CHARLIE | ) |
| JUANO, DAVID C. LALLIER, JR., MICHAEL | ) |
| OLYNCIW, LEEBERT WILLIAMS & | ) |
| EVELYN WILLIAMS, JOSEPH VAUGHN & | ) |
| BONITA A. VAUGHN, SUELLEN A. WALZ | ) July 17, 2008 |
| & STEVEN A. WALZ, LISA M. POTTER & | ) |
| JOHN L. POTTER, RONALD GENERAL & | ) |
| GEVAISA GENERAL, EDWARD ZILLI, | ) |
| FRANK INZITARI, SHARON J. VITTI, | ) |
| SALLIE L. BOOTH, AUDREY LYLES, and | ) |
| JANET M. EDWARDS, | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) |
| | ) |
| AMERIQUEST MORTGAGE COMPANY, | ) |
| | ) |
| WELLS FARGO BANK, NA F/K/A WELLS | ) |
| FARGO BANK MINNESOTA, NA | ) |
| | ) |
| WELLS FARGO BANK MINNESOTA, NA, | ) |
| AS TRUSTEE OF PARK PLACE SECURITIES | ) |
| INC., ASSET BACKED PASS-THROUGH | ) |
| CERTIFICATES, SERIES 2004-MCW1 | ) |
| UNDER THE POOLING AND SERVICING | ) |
| AGREEMENT DATED AS OF 9/1/2004, | ) |
| WITHOUT RECOURSE, | ) |
| | ) |

WM SPECIALTY MORTGAGE LLC, )
WITHOUT RECOURSE, )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2004-R10 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
OCTOBER 1, 2004, WITHOUT RECOURSE, )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2004-R11 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
DECEMBER 1, 2004, WITHOUT RECOURSE, )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2004-R8 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
AUGUST 1, 2004, WITHOUT RECOURSE, )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES, INC., ASSET )
BACKED PASS THROUGH CERTIFICATES, )
SERIES 2004-R12, UNDER THE POOLING )
AND SERVICING AGREEMENT DATED AS )
OF DECEMBER 1, 2004, WITHOUT )
RECOURSE, )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2004-R9 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
SEPTEMBER 1, 2004, WITHOUT )
RECOURSE, )
)
DEUTSCHE BANK NATIONAL TRUST )

COMPANY, AS TRUSTEE OF AMERIQUEST )
SECURITIES INC., ASSET BACKED PASS- )
THROUGH CERTIFICATES, SERIES 2004-R2 )
UNDER THE POOLING & SERVICING )
AGREEMENT DATED AS OF MARCH 1, )
2004, WITHOUT RECOURSE, )
  )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES, INC. SERIES )
2002-D,  ASSET BACKED PASS-THROUGH )
CERTIFICATES , UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
DECEMBER 1, 2002, WITHOUT RECOURSE, )
  )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2003-11 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
NOVEMBER 1,2003, WITHOUT RECOURSE, )
  )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2003-12 UNDER THE POOLING & )
SERVICING AGREEMENT DATED )
DECEMBER 1, 2003 WITHOUT RECOURSE, )
  )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2003-13 UNDER THE POOLING & )
SERVICING AGREEMENT DATE )
DECEMBER 1, 2003, WITHOUT RECOURSE, )
  )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2003-8 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
AUG 1, 2003, WITHOUT RECOURSE, )

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2004-R4 UNDER THE POOLING )
AND SERVICING AGREEMENT DATED AS )
OF MAY 1, 2004, WITHOUT RECOURSE, )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE TO AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2004-R6 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
JUNE 1, 2004 WITHOUT RECOURSE,

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE TO AMERIQUEST
MORTGAGE SECURITIES INC., ASSET
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2004-R1 UNDER THE POOLING &
SERVICING AGREEMENT DATED AS OF
FEBRUARY 1, 2004 WITHOUT RECOURSE,
and

HOUSEHOLD FINANCE CORPORATION,
    Defendants.


## **INTRODUCTION**

1.     This is a suit brought by consumers residing in Connecticut who collectively

entered into thirty mortgage loans with Ameriquest Mortgage Company.  The Plaintiffs claim

that Ameriquest violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*,

and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676, *et seq.*, in each of their

transactions by failing to adequately notify them of their right to rescind their mortgage in the

manner required by TILA.

## **PARTIES**

2.      The Plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with Ameriquest Mortgage Company.  Many of the mortgages were subsequently assigned to one of the other Defendants.

3.      All Plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

4.      All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendants' misconduct.

5.      Defendant Ameriquest is a foreign corporation with a primary place of business in Orange, California.

6.      Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in New York, New York.  It holds legal title, as trustee, to some of the mortgage loans originated by Ameriquest at issue in this suit and as further indicated in each count of this complaint below.  DBNT is the trustee of the following Defendant asset-backed securities:

   a.   Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R10 Under The Pooling & Servicing Agreement Dated As Of October 1, 2004, Without Recourse,

   b.   Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R11 Under

The Pooling & Servicing Agreement Dated As Of December 1, 2004, Without Recourse,

c. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8 Under The Pooling & Servicing Agreement Dated As Of August 1, 2004, Without Recourse,

d. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-R12, Under The Pooling And Servicing Agreement Dated As Of December 1, 2004, Without Recourse,

e. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R9 Under The Pooling & Servicing Agreement Dated As Of September 1, 2004, Without Recourse,

f. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R2 Under The Pooling & Servicing Agreement Dated As Of March 1, 2004, Without Recourse,

g. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc. Series 2002-D, Asset Backed Pass-Through Certificates , Under The Pooling & Servicing Agreement Dated As Of December 1, 2002, Without Recourse,

h. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-11 Under

The Pooling & Servicing Agreement Dated As Of November 1,2003, Without Recourse,

i.   Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-12 Under The Pooling & Servicing Agreement Dated December 1, 2003 Without Recourse,

j.   Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-13 Under The Pooling & Servicing Agreement Date December 1, 2003, Without Recourse,

k.   Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 Under The Pooling & Servicing Agreement Dated As Of Aug 1, 2003, Without Recourse,

l.   Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R4 Under The Pooling And Servicing Agreement Dated As Of May 1, 2004, Without Recourse,

m.   Deutsche Bank National Trust Company, As Trustee To Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R6 Under The Pooling & Servicing Agreement Dated As Of June 1, 2004 Without Recourse,

n.   Deutsche Bank National Trust Company, As Trustee To Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R1 Under The Pooling & Servicing Agreement Dated As Of February 1, 2004 Without Recourse.

7.      Defendant WM Specialty Mortgage LLC ("WM"), is a Delaware limited liability company.  It holds legal title to some of the mortgage loans originated by Ameriquest at issue in this suit.  Its registered agent is Corporation Service Company in Wilmington, Delaware.

8.      Defendant Household Finance Corporation is a foreign corporation with a primary place of business in Pomona, California.

9.      Wells Fargo Bank, NA, f/k/a/ Wells Fargo Bank Minnesota, NA holds legal title, as trustee, to the Defendant asset-backed security known as:  Wells Fargo Bank Minnesota, NA, as Trustee of Park Place Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-MCW1 Under the Pooling and Servicing Agreement Dated as of 9/1/2004, Without Recourse.

10.     On information and belief Defendant Wells Fargo Bank, NA acquired Wells Fargo Bank Minnesota, NA.

11.     Wells Fargo Bank Minnesota, NA is located in Minneapolis, Minnesota.  Wells Fargo Bank, NA is a national association with a primary place of business in Sioux Falls, South Dakota.

12.     On information and belief Wells Fargo Bank, NA also assumed Wells Fargo Bank Minnesota, NA's responsibilities and legal interest in the above-identified Defendant asset-backed security.

## JURISDICTION

13.     Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331-32.

14.     This Court has jurisdiction over the Defendants because they regularly conduct business in this state.

15.     Venue in this Court is proper because this case has been transferred to this multidistrict litigation.  Additionally the Plaintiffs are residents of Connecticut and this action concerns real property located in Connecticut, where this action originated before being transferred to this multidistrict litigation.

### FIRST COUNT
*(CALVIN DUNCAN v. AMERIQUEST MORTGAGE COMPANY, WELLS FARGO BANK, NA F/K/A WELLS FARGO BANK MINNESOTA, NA & WELLS FARGO BANK MINNESOTA, NA, AS TRUSTEE OF PARK PLACE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-MCW1 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF 9/1/2004, WITHOUT RECOURSE)*

16.     On or about July 20, 2004, Calvin Duncan ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

17.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

18.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

19.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

20.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

21.     This mortgage loan was assigned to Co-Defendants Wells Fargo Bank, NA, f/k/a/ Wells Fargo Bank Minnesota, NA and Wells Fargo Bank Minnesota, NA, as Trustee of Park Place Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-MCW1 Under the Pooling and Servicing Agreement Dated as of 9/1/2004, Without Recourse (hereinafter, collectively "assignee").

22.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

23.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

24.     More than twenty calendar days have passed since Defendants received the notices of rescission.

25.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

26.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

27.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee.

## SECOND COUNT
### (ROGER SHELTON v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

28.     On or about November 30, 2004, Roger Shelton ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

29.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

30.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

31.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

32.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

33.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

34.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

35.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

36.     More than twenty calendar days have passed since Defendants received the notices of rescission.

37.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

38.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

39. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for Ameriquest's failure to properly disclose the right to cancel;

    e. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    f. Forfeiture of loan proceeds;

    g. Actual damages in an amount to be determined at trial; and

    h. A reasonable attorney's fee.

### THIRD COUNT
**(HUMBERTO ADRIAN v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R10 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004, WITHOUT RECOURSE)**

40. On or about August 4, 2004, Humberto Adrian ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

41. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

42.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

43.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

44.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

45.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R10 under the Pooling & Servicing Agreement dated as of October 1, 2004, Without Recourse.

46.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

47.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

48.     More than twenty calendar days have passed since Defendants received the notices of rescission.

49.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

50. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

51. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney's fee.

### FOURTH COUNT
### (NICOLE RANKIN v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R11 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2004, WITHOUT RECOURSE)

52. On or about September 16, 2004, Nicole Rankin ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

53.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

54.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

55.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

56.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

57.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R11 under the Pooling & Servicing Agreement dated as of December 1, 2004, Without Recourse.

58.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

59.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

60.     More than twenty calendar days have passed since Defendants received the notices of rescission.

61.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

62.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

63.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee.

## FIFTH COUNT
### (SHAWN & YVONNE JENNINGS v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)

64.	On or about June 3, 2004, Shawn Jennings & Yvonne Jennings ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

65.	A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

66.	This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

67.	In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

68.	The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

69.	This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

70.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

71.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

72.     More than twenty calendar days have passed since Defendants received the notices of rescission.

73.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

74.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

75.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e.   Forfeiture of loan proceeds;

  f. Actual damages in an amount to be determined at trial; and

  g. A reasonable attorney's fee.

## SIXTH COUNT
### (JAMES R. & DONNA M. DUGAN v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

76. On or about August 16, 2004, James R. Dugan & Donna M. Dugan ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

77. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

78. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

79. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

80. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

81. This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

82.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

83.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

84.     More than twenty calendar days have passed since Defendants received the notices of rescission.

85.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

86.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

87.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

     f.   Actual damages in an amount to be determined at trial; and

     g.   A reasonable attorney's fee.

### SEVENTH COUNT
**(THOMAS SHERMAN v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)**

88.     On or about June 23, 2004, Thomas Sherman ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

89.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

90.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

91.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

92.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

93.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through

Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

94.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

95.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

96.     More than twenty calendar days have passed since Defendants received the notices of rescission.

97.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

98.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

99.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.  Rescission of this transaction;

   b.  Termination of any security interest in Plaintiff's property created under the transaction;

   c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee.


### EIGHTH COUNT
### (BEVERLY HOWLETT v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

100.    On or about August 23, 2004, Beverly Howlett ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

101.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

102.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

103.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

104.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

105.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

106.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

107.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

108.     More than twenty calendar days have passed since Defendants received the notices of rescission.

109.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

110.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

111.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

     d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

     e.   Forfeiture of loan proceeds;

     f.   Actual damages in an amount to be determined at trial; and

     g.   A reasonable attorney's fee.

### NINTH COUNT
### (DONNA STEWART-EAGLES v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R10 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004, WITHOUT RECOURSE)

112.    On or about July 30, 2004, Donna Stewart-Eagles ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

113.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

114.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

115.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

116.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

117.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R10 under the Pooling & Servicing Agreement dated as of October 1, 2004, Without Recourse.

118.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

119.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

120.    More than twenty calendar days have passed since Defendants received the notices of rescission.

121.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

122.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

123.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee.

## TENTH COUNT
### (TODD TOFIL & CORRINE ROBAR v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)

124.    On or about June 17, 2004, Todd Tofil & Corrine Robar ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

125.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

126.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

127.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

128.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

129.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

130.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

131.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

132.     More than twenty calendar days have passed since Defendants received the notices of rescission.

133.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

134.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

135.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

### ELEVENTH COUNT
### (MATHIAS & JAN RONDEAU v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2004-R12, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2004, WITHOUT RECOURSE)

136.   On or about September 30, 2004, Mathias Rondeau & Jan Rondeau ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

137.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

138.   This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

139.   In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

140.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

141.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-R12, Under the Pooling and Servicing Agreement dated as of December 1, 2004, Without Recourse.

142.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

143.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

144.    More than twenty calendar days have passed since Defendants received the notices of rescission.

145.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

146.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

147.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

### TWELFTH COUNT
### (JOHN & KRISTEN GRAMMATICO v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

148.    On or about August 18, 2004, John Grammatico & Kristen Grammatico ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

149.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

150.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

151.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

152.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

153.    This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

154.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

155.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

156.    More than twenty calendar days have passed since Defendants received the notices of rescission.

157.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

158.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

159. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a. Rescission of this transaction;

b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney's fee.

## THIRTEENTH COUNT
### (JOSEPH & NADINE FERNANDEZ v. AMERIQUEST MORTGAGE COMPANY & HOUSEHOLD FINANCE CORPORATION)

160. On or about July 7, 2004, Joseph Fernandez & Nadine Fernandez ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

161. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

162. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

163.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

164.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

165.    This mortgage loan was assigned to Co-Defendant Household Finance Corporation, Without Recourse..

166.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and the assignee of this mortgage loan, which notices have been received by the Defendants.

167.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

168.    More than twenty calendar days have passed since Defendants received the notices of rescission.

169.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

170.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

171.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

## FOURTEENTH COUNT
### (JOSE & JOANNE SOTO v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

172.    On or about June 24, 2004, Jose Soto & Joanne Soto ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

173.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

174.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

175.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

176.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

177.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

178.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

179.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

180.     More than twenty calendar days have passed since Defendants received the notices of rescission.

181.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

182.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

183.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. §

36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the

       transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the

       Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to

       the Plaintiff's rescission notices;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

### FIFTEENTH COUNT
### (SANDRA & CARLOS SILVA v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R9 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2004, WITHOUT RECOURSE)

184.    On or about June 8, 2004, Sandra Silva & Carlos Silva ("Plaintiff") entered into a

loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a

mortgage on Plaintiff's residence to secure the indebtedness.

185.    A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

186.    This consumer credit transaction was subject to the right of rescission as

described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

187.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

188.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

189.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R9 under the Pooling & Servicing Agreement dated as of September 1, 2004, Without Recourse.

190.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

191.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

192.     More than twenty calendar days have passed since Defendants received the notices of rescission.

193.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

194.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

195.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney's fee.

### SIXTEENTH COUNT
***(RICARDO RICHARDS & TWINEWA YOUNG v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R10 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2004, WITHOUT RECOURSE)***

196.     On or about August 4, 2004, Ricardo Richards & Twinewa Young ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

197.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

198.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

199.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

200.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

201.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R10 under the Pooling & Servicing Agreement dated as of October 1, 2004, Without Recourse.

202.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

203.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

204.    More than twenty calendar days have passed since Defendants received the notices of rescission.

205. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

206. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

207. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a. Rescission of this transaction;

b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney's fee.


**SEVENTEENTH COUNT**
**(MYLANI & CHARLIE JUANO v. AMERIQUEST MORTGAGE COMPANY &**
**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST**
**MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES,**
**SERIES 2004-R11 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF**
**DECEMBER 1, 2004, WITHOUT RECOURSE)**

208.     On or about October 1, 2004, Mylani Juano & Charlie Juano ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

209.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

210.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

211.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

212.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

213.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R11 under the Pooling & Servicing Agreement dated as of December 1, 2004, Without Recourse.

214.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

215.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

216.     More than twenty calendar days have passed since Defendants received the notices of rescission.

217.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

218.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

219.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

**EIGHTEENTH COUNT**
**(DAVID C. LALLIER, JR. v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE**
**BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST SECURITIES**
**INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R2 UNDER**

### *THE POOLING & SERVICING AGREEMENT DATED AS OF MARCH 1, 2004, WITHOUT RECOURSE)*

220.     On or about January 30, 2004, David C. Lallier, Jr. ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

221.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

222.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

223.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

224.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

225.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R2 under the Pooling & Servicing Agreement dated as of March 1, 2004, Without Recourse.

226.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

227.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

228.    More than twenty calendar days have passed since Defendants received the notices of rescission.

229.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

230.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

231.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney's fee.

### NINETEENTH COUNT
### (MICHAEL OLYNCIW v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC. SERIES 2002-D,  ASSET BACKED PASS-THROUGH CERTIFICATES , UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2002, WITHOUT RECOURSE)

232.    On or about November 13, 2002, Michael Olynciw ("Plaintiff") entered into a

loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a

mortgage on Plaintiff's residence to secure the indebtedness.

233.    A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

234.    This consumer credit transaction was subject to the right of rescission as

described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

235.    In the course of this consumer credit transaction, Defendant violated the state and

federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z §

226.23(b).

236.    The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

237.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust

Company, as Trustee of Ameriquest Mortgage Securities, Inc. Series 2002-D,  Asset Backed

Pass-through Certificates , under the Pooling & Servicing Agreement Dated as of December 1,

2002, Without Recourse.

238.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

239.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

240.     More than twenty calendar days have passed since Defendants received the notices of rescission.

241.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

242.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

243.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e.   Forfeiture of loan proceeds;

     f.   Actual damages in an amount to be determined at trial; and

     g.   A reasonable attorney's fee.


### TWENTIETH COUNT
### (LEEBERT & EVELYN WILLIAMS v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R1 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2004, WITHOUT RECOURSE)

244. On or about December 3, 2003, Leebert Williams & Evelyn Williams ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

245. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

246. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

247. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

248. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

249. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through

Certificates, Series 2004-R1 under the Pooling & Servicing Agreement dated as of February 1, 2004, Without Recourse.

250.　The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

251.　The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

252.　More than twenty calendar days have passed since Defendants received the notices of rescission.

253.　The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

254.　The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

255.　As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.　Rescission of this transaction;

b.　Termination of any security interest in Plaintiff's property created under the transaction;

c.　Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### TWENTY-FIRST COUNT
### *(JOSEPH & BONITA A. VAUGHN v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-13 UNDER THE POOLING & SERVICING AGREEMENT DATE DECEMBER 1, 2003, WITHOUT RECOURSE)*

256.    On or about November 3, 2003, Joseph Vaughn & Bonita A. Vaughn ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

257.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

258.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

259.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

260.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

261.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-13 under the Pooling & Servicing Agreement date December 1, 2003, Without Recourse.

262.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

263.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

264.     More than twenty calendar days have passed since Defendants received the notices of rescission.

265.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

266.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

267.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee.

### TWENTY-SECOND COUNT
### *(SUELLEN A. & STEVEN A. WALZ v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-12 UNDER THE POOLING & SERVICING AGREEMENT DATED DECEMBER 1, 2003 WITHOUT RECOURSE)*

268.    On or about October 17, 2003, Suellen A. Walz & Steven A. Walz ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

269.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

270.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

271.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

272. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

273. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-12 under the Pooling & Servicing Agreement dated December 1, 2003 Without Recourse.

274. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

275. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

276. More than twenty calendar days have passed since Defendants received the notices of rescission.

277. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

278. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

279. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.


### TWENTY-THIRD COUNT
### (LISA M. AND JOHN L. POTTER v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUG 1, 2003, WITHOUT RECOURSE)

280.    On or about May 24, 2003, Lisa M. Potter and John L. Potter ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

281.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

282.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

283.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

284.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

285.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, Without Recourse.

286.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

287.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

288.     More than twenty calendar days have passed since Defendants received the notices of rescission.

289.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

290.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

291.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

    b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### TWENTY-FOURTH COUNT
### (RONALD & GEVAISA GENERAL v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R4 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2004, WITHOUT RECOURSE)

292.    On or about March 5, 2004, Ronald General & Gevaisa General ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

293.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

294.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

295.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

296.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

297.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R4 under the Pooling and Servicing Agreement dated as of May 1, 2004, Without Recourse.

298.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

299.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

300.    More than twenty calendar days have passed since Defendants received the notices of rescission.

301.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

302.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

303.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

## TWENTY-FIFTH COUNT
### (EDWARD ZILLI v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE TO AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R6 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JUNE 1, 2004 WITHOUT RECOURSE)

304.     On or about April 6, 2004, Edward Zilli ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

305.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

306.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

307.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

308.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

309.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee to Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R6 under the Pooling & Servicing Agreement dated as of June 1, 2004 Without Recourse.

310.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

311.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

312.    More than twenty calendar days have passed since Defendants received the notices of rescission.

313. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

314. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

315. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a. Rescission of this transaction;

b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney's fee.

### TWENTY-SIXTH COUNT
### (FRANK INZITARI v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF NOVEMBER 1,2003, WITHOUT RECOURSE)

316.     On or about October 21, 2003, Frank Inzitari ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

317.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

318.     This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

319.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

320.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

321.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-11 under the Pooling & Servicing Agreement dated as of November 1,2003, Without Recourse.

322.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

323.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

324.    More than twenty calendar days have passed since Defendants received the notices of rescission.

325.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

326.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

327.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### TWENTY-SEVENTH COUNT
### (SHARON J. VITTI v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-11 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF NOVEMBER 1,2003, WITHOUT RECOURSE)

328.    On or about September 23, 2003, Sharon J. Vitti ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

329.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

330.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

331.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

332.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

333.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through

Certificates, Series 2003-11 under the Pooling & Servicing Agreement dated as of November 1,2003, Without Recourse.

334.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

335.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

336.    More than twenty calendar days have passed since Defendants received the notices of rescission.

337.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

338.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

339.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

### TWENTY-EIGHTH COUNT
### (SALLIE L. BOOTH v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

340.   On or about March 17, 2003, Sallie L. Booth ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

341.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

342.   This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

343.   In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

344.   The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

345.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

346.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

347.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

348.     More than twenty calendar days have passed since Defendants received the notices of rescission.

349.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

350.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

351.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### TWENTY-NINTH COUNT
### *(AUDREY LYLES v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R4 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2004, WITHOUT RECOURSE)*

352. On or about March 22, 2004, Audrey Lyles ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

353. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

354. This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

355. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

356. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

357.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R4 under the Pooling and Servicing Agreement dated as of May 1, 2004, Without Recourse.

358.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

359.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

360.    More than twenty calendar days have passed since Defendants received the notices of rescission.

361.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

362.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

363.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee.


### THIRTIETH COUNT
### (JANET M. EDWARDS v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

364.    On or about August 6, 2004, Janet M. Edwards ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

365.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

366.    This consumer credit transaction was subject to the right of rescission as described by C.G.S § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

367.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

368.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

369.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC,

Without Recourse.

370.     The Plaintiff exercised the extended right to rescind the contract by sending notice

by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which

notices have been received by each Defendant.

371.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to

15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

372.     More than twenty calendar days have passed since Defendants received the

notices of rescission.

373.     The Defendants have failed to take any action necessary or appropriate to reflect

the termination of any security interest created under the transaction as required by C.G.S. § 36a-

683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

374.     The Defendants have failed to return to the Plaintiff any money or property given

to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and

Reg. Z § 226.23(d)(2).

375.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. §

36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the

        transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that the Court:

1.      Assume jurisdiction of this case;

2.      Declare the security interest in the Plaintiffs' residences are void;

3.      Enter an order that the mortgage transactions are rescinded;

4.      Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5.      Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

6.      Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7.      Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

8.      Award the Plaintiffs actual and statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

9.      Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is

required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims

and order the Defendants to accept tender on reasonable terms and over a reasonable period of

time;

10.     Award actual damages in an amount to be established at trial;

11.     Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S.

§ 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

12.     Award such other and further relief as the Court deems just and proper.


PLAINTIFFS,

/s/ Daniel S. Blinn

By: _____
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457