**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LOUIS PASACRETA; MONTRIA HOSPOD    )
MICHAEL ROSH; CORRENA LUKAS &     )    MDL No. 1715
STEPHEN LUKAS; ANGELINE DIMAIO-   )    Lead Case No. 1:05-cv-07097
DAWKINS; FRANKLIN MURPHY & DENISE   )
MURPHY; DWUITH PASCOE & TANYA     )    Case No. 1:06-cv-02468
PASCOE; GLEN ROGERS & PATRICIA     )    Hon. Marvin E. Aspen
ROGERS; RICHARD CHARETTE & HEIDI    )
CHARETTE;   WILLIE MAE CUE; JOANN    )
ABBATEMATTEO & JOSEPH           )    4th AMENDED COMPLAINT
ABBATEMATTEO; JERVIS BELL & JUDITH   )
BELL; CAROLYN F. BUNISKI; MATTHEW    )    Jury Trial Demanded
CAVALLO, III; ROBERT DAY & MARCI     )
DAY; RAFAELA GUZMAN & OSCAR PEÑA; )
CHERYL DOUGLAS-CHISHOLM; JEFFREY   )
COUTANT & SHARON COUTANT; SIMON    )
A.   DELL; MIGDALIA FIGUEROA; and     )    July 21, 2008
NICHOLAS GRIFFIN & ANN GRIFFIN,     )
      *Plaintiffs*,                      )
                                    )
      v.                             )
                                    )
AMERIQUEST MORTGAGE COMPANY,     )
                                    )
ARGENT MORTGAGE COMPANY, LLC,     )
                                    )
COUNTRYWIDE HOME LOANS, INC.,      )
                                    )
AMERIQUEST FUNDING II REO         )
SUBSIDIARY, LLC,                )
                                    )
HSBC MORTGAGE SERVICES, INC.,      )
                                    )
HSBC BANK USA, NATIONAL          )
ASSOCIATION F/K/A HSBC BANK USA,    )
                                    )
HOUSEHOLD REALTY CORP.,          )
                                    )
WM SPECIALTY MORTGAGE LLC,       )
                                    )
DEUTSCHE BANK NATIONAL TRUST     )
COMPANY, AS TRUSTEE OF ARGENT      )

SECURITIES, INC. ASSET BACKED PASS- )
THROUGH CERTIFICATES, SERIES 2003- )
W5 UNDER THE POOLING & SERVICING )
AGREEMENT DATED AS OF OCTOBER 1, )
2003, WITHOUT RECOURSE, )
  )

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES, INC., ASSET )
BACKED-THROUGH CERTIFICATES, )
SERIES 2003-1, UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
FEBRUARY 1, 2003, WITHOUT RECOURSE, )
  )

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2003-8 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
AUG 1, 2003, WITHOUT RECOURSE )
  )

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2003-10 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
OCTOBER 1, 2003, WITHOUT RECOURSE, )
  )

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2003-13 UNDER THE POOLING & )
SERVICING AGREEMENT DATE )
DECEMBER 1,2003, WITHOUT RECOURSE, )
  )

DEUTSCHE BANK NATIONAL TRUST )
COMPANY, AS TRUSTEE OF AMERIQUEST )
MORTGAGE SECURITIES INC., ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2004-R7 UNDER THE POOLING & )
SERVICING AGREEMENT DATED AS OF )
JULY 1, 2004, WITHOUT RECOURSE, )
  )

DEUTSCHE BANK NATIONAL TRUST          )
COMPANY, AS TRUSTEE OF AMERIQUEST   )
MORTGAGE SECURITIES INC., ASSET        )
BACKED PASS-THROUGH CERTIFICATES,   )
SERIES 2004-R8 UNDER THE POOLING &     )
SERVICING AGREEMENT DATED AS OF       )
AUGUST 1, 2004, WITHOUT RECOURSE,      )
and                                                              )

HOUSEHOLD FINANCE CORPORATION.
     *Defendants*.


## *INTRODUCTION*

1.      This is a suit brought by thirty-two consumers residing in Connecticut who

collectively entered into twenty mortgage loans with the defendants.  The plaintiffs claim that

Defendants violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*., and the

Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq*., in each of their

transactions by failing to provide them with the notification of their right to rescind the mortgage

as required by TILA.


## *PARTIES*

2.      The Plaintiffs are all consumers residing in Connecticut who refinanced their

home mortgages with Ameriquest Mortgage Company or Argent Mortgage Company, LLC.

Many of the mortgages were subsequently assigned to one of the other Defendants.

3.      All Plaintiffs are ready, willing, and able to meet their tender obligations under

the Acts.

4.      All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendants' misconduct.

5.      Defendant Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

6.      Defendant Argent Mortgage Company, LLC, is a foreign corporation with a primary place of business in Irvine, California.

7.      Defendant Countrywide Home Loans, Inc. is a foreign corporation with a primary place of business in Calabasas, California.

8.      Defendant Ameriquest Funding II REO Subsidiary, LLC, is a Delaware limited liability company with a primary place of business in Orange, California.

9.      Defendant HSBC Mortgage Services, Inc. is a Delaware corporation with a primary place of business in Prospect Heights, Illinois.

10.     Defendant HSBC Bank USA, National Association f/k/a HSBC Bank USA ("HSBC") is a foreign corporation with a primary place of business in Wilmington, Delaware.

11.     Defendant Household Realty Corporation is a Delaware corporation with a primary place of business in Prospect Heights, Illinois.

12.     Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in Santa Ana, California.  It holds legal title, as trustee, to some of the mortgage loans originated by Ameriquest and Argent at issue in this suit and as further indicated in each count of this complaint below.  DBNT is the trustee of the following Defendant asset-backed securities:

a. Deutsche Bank National Trust Company, As Trustee Of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under The Pooling & Servicing Agreement Dated As Of October 1, 2003, Without Recourse,

b. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-1, Under The Pooling & Servicing Agreement Dated As Of February 1, 2003, Without Recourse,

c. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 Under The Pooling & Servicing Agreement Dated As Of Aug 1, 2003, Without Recourse

d. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-10 Under The Pooling & Servicing Agreement Dated As Of October 1, 2003, Without Recourse,

e. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-13 Under The Pooling & Servicing Agreement Date December 1,2003, Without Recourse,

f. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 Under The Pooling & Servicing Agreement Dated As Of July 1, 2004, Without Recourse,

g. Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8 Under

The Pooling & Servicing Agreement Dated As Of August 1, 2004, Without Recourse.

13.     Defendant WM Specialty Mortgage LLC ("WM"), is a Delaware limited liability company.  It holds legal title to some of the mortgage loans originated by Ameriquest and Argent at issue in this suit.  Its registered agent is Corporation Service Company in Wilmington, Delaware.

14.     Defendant Household Finance Corporation ("Household") is a foreign corporation with a primary place of business in Pomona, California.

## *JURISDICTION*

15.     Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331-32.

16.     This Court has jurisdiction over the Defendants because they regularly conduct business in this state.

17.     Venue in this Court is proper because this case has been transferred to this multidistrict litigation.  Additionally the Plaintiffs are residents of Connecticut and this action concerns real property located in Connecticut, where this action originated before being transferred to this multidistrict litigation.

### FIRST COUNT
### (LOUIS PASACRETA, JR. v. ARGENT MORTGAGE COMPANY, LLC & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-W5 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)

18.     On or about August 13, 2003, Louis Pasacreta, Jr. ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

19.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

20.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

21.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

22.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

23.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2003, Without Recourse.

24.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

25.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

26.     More than twenty calendar days have passed since Defendants received the notices of rescission.

27.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

28.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

29.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.  Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### SECOND COUNT

### (MONTRIA HOSPOD & MICHAEL ROSH v. ARGENT MORTGAGE COMPANY, LLC, COUNTRYWIDE HOME LOANS, INC., & AMERIQUEST FUNDING II REO SUBSIDIARY, LLC)

30.    On or about June 25, 2004, Montria Hospod & Michael Rosh ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

31.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

32.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

33.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

34.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

35.    This mortgage loan was assigned to Co-Defendant Countrywide Home Loans, Inc.

36.    This mortgage loan was assigned to Co-Defendant Ameriquest Funding II REO Subsidiary, LLC.

37. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignees of this mortgage loan, which notices have been received by each Defendant.

38. The assignees of Plaintiff's mortgage are subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

39. More than twenty calendar days have passed since Defendants received the notices of rescission.

40. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

41. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

42. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e. Forfeiture of loan proceeds;

     f.   Actual damages in an amount to be determined at trial; and

     g.   A reasonable attorney's fee.

### THIRD COUNT
### (STEPHEN & CORRENA LUKAS v. AMERIQUEST MORTGAGE COMPANY, HSBC MORTGAGE SERVICES, INC. & HOUSEHOLD REALTY CORP.)

43.     On or about January 9, 2004, Stephen & Correna Lukas ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

44.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

45.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

46.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

47.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

48.     This mortgage loan was assigned to, or otherwise obtained by, Co-Defendant HSBC Mortgage Services, Inc.

49.     Alternatively, or in addition, this mortgage loan was assigned to Co-Defendant Household Realty Corp.

50.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignees of this mortgage loan, which notices have been received by each Defendant.

51.     The assignees of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

52.     More than twenty calendar days have passed since Defendants received the notices of rescission.

53.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

54.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

55.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiff's property created under the transaction;

   c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e. Forfeiture of loan proceeds;

     f.   Actual damages in an amount to be determined at trial; and

     g.   A reasonable attorney's fee.

### FOURTH COUNT
### *(ANGELA DIMAIO-DAWKINS v. AMERIQUEST MORTGAGE COMPANY, HSBC MORTGAGE SERVICES, INC., & HOUSEHOLD REALTY CORP.)*

56.    On or about January 14, 2004, Angela DiMaio-Dawkins ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

57.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

58.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

59.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

60.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

61.    This mortgage loan was assigned to, or otherwise obtained by, Co-Defendant HSBC Mortgage Services, Inc.

62.    Alternatively, or in addition, this mortgage loan was assigned to Co-Defendant Household Realty Corp.

63.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

64.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

65.     More than twenty calendar days have passed since Defendants received the notices of rescission.

66.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

67.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

68.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.


## FIFTH COUNT
### (FRANKLIN & DENISE MURPHY v. AMERIQUEST MORTGAGE COMPANY )

69.   On or about January 16, 2004, Franklin & Denise Murphy ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

70.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

71.   This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

72.   In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

73.   The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

74.   Upon information and belief, Ameriquest assigned the Plaintiff's mortgage to another entity.

75.   The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

76.     More than twenty calendar days have passed since Defendants received the notices of rescission.

77.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

78.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

79.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney's fee.

**SIXTH COUNT**

*(DWUITH PASCOE & TANYA PASCOE v. AMERIQUEST MORTGAGE COMPANY &*
*DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST*
*MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES,*
*SERIES 2004-R7 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF*
*JULY 1, 2004, WITHOUT RECOURSE)*

80.     On or about May 10, 2004, Dwuith Pascoe entered into a loan agreement with

Defendant Ameriquest Mortgage Company (the originator) and both he and Tanya Pascoe

("Plaintiff") provided a mortgage on Plaintiff's residence to secure the indebtedness.

81.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

82.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

83.     In the course of this consumer credit transaction, Defendant violated the state and

federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z §

226.23(b).

84.     The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

85.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust

Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through

Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004,

Without Recourse.

86.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

87.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

88.     More than twenty calendar days have passed since Defendants received the notices of rescission.

89.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

90.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

91.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

      f.   Actual damages in an amount to be determined at trial; and

      g.   A reasonable attorney's fee.

### SEVENTH COUNT
### *(GLEN ROGERS & PATRICIA ROGERS v. AMERIQUEST MORTGAGE COMPANY &HOUSEHOLD FINANCE CORPORATION.)*

92.     On or about July 8, 2004, Glen Rogers & Patricia Rogers ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

93.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

94.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

95.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

96.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

97.     This mortgage loan was assigned, or otherwise transferred, to Co-Defendant Household Finance Corporation. Household owns an interest in this mortgage loan.

98.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator of this mortgage loan and HSBC Mortgage Services, Inc. ("the assignee"), which notices have been received by each Defendant.

99.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

100.     More than twenty calendar days have passed since Defendants received the notices of rescission.

101.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

102.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

103.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

     f.   Actual damages in an amount to be determined at trial; and

     g.   A reasonable attorney's fee.

## EIGHTH COUNT
### (RICHARD & HEIDI CHARETTE v. AMERIQUEST MORTGAGE COMPANY & HSBC MORTGAGE SERVICES, INC.)

104.    On or about September 7, 2004, Richard & Heidi Charette ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

105.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

106.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

107.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

108.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

109.    This mortgage loan was assigned to Co-Defendant HSBC Mortgage Services, Inc.

110.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

111.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

112.     More than twenty calendar days have passed since Defendants received the notices of rescission.

113.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

114.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

115.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

### NINTH COUNT
### (WILLIE MAE CUE v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED-THROUGH CERTIFICATES, SERIES 2003-1, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2003, WITHOUT RECOURSE)

116.    On or about December 13, 2002, Willie Mae Cue ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

117.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

118.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

119.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

120.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

121.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-1, under the Pooling & Servicing Agreement Dated as of February 1, 2003, Without Recourse.

122.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

123.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

124.    More than twenty calendar days have passed since Defendants received the notices of rescission.

125.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

126.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

127.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.  Rescission of this transaction;

   b.  Termination of any security interest in Plaintiff's property created under the transaction;

   c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e.  Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

## TENTH COUNT
### (JOANNE & JOSEPH ABBATEMATTEO v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-13 UNDER THE POOLING & SERVICING AGREEMENT DATE DECEMBER 1,2003, WITHOUT RECOURSE)

128.    On or about October 24, 2003, Joanne & Joseph Abbatematteo ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

129.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

130.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

131.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

132.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

133.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through

Certificates, Series 2003-13 under the Pooling & Servicing Agreement date December 1,2003, Without Recourse.

134.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

135.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

136.    More than twenty calendar days have passed since Defendants received the notices of rescission.

137.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

138.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

139.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

## ELEVENTH COUNT
### (JERVIS & JUDITH BELL v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

140.    On or about November 18, 2004, Jervis & Judith Bell ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

141.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

142.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

143.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

144.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

145.   This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

146.   The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

147.   The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

148.   More than twenty calendar days have passed since Defendants received the notices of rescission.

149.   The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

150.   The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

151.   As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee.


### TWELFTH COUNT
### (CAROLYN F. BUNISKI v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-10 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)

152.    On or about August 14, 2003, Carolyn F. Buniski ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

153.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

154.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

155.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

156.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

157.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-10 under the Pooling & Servicing Agreement dated as of October 1, 2003, Without Recourse.

158.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

159.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

160.     More than twenty calendar days have passed since Defendants received the notices of rescission.

161.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

162.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

163.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.     Rescission of this transaction;

    b.     Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney's fee.

### THIRTEENTH COUNT
**(MATTHEW CAVALLO III v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R7 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JULY 1, 2004, WITHOUT RECOURSE)**

164. On or about May 23, 2004, Matthew Cavallo III ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

165. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

166. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

167. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

168.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

169.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004, Without Recourse.

170.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

171.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

172.     More than twenty calendar days have passed since Defendants received the notices of rescission.

173.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

174.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

175.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

     a.  Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

### FOURTEENTH COUNT
### (MARCI & ROBERT DAY v. ARGENT MORTGAGE COMPANY, LLC & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-W5 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)

176.     On or about August 18, 2003, Marci & Robert Day ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

177.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

178.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

179.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

180.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

181.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2003, Without Recourse.

182.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

183.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

184.    More than twenty calendar days have passed since Defendants received the notices of rescission.

185.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

186.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

187.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

     f.    Actual damages in an amount to be determined at trial; and

     g.    A reasonable attorney's fee.

### FIFTEENTH COUNT
### (RAFAELA GUZMAN & OSCAR PEÑA v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)

188.    On or about July 22, 2004, Rafaela Guzman & Oscar Peña ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

189.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

190.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

191.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

192.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

193.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through

Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

194.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

195.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

196.    More than twenty calendar days have passed since Defendants received the notices of rescission.

197.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

198.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

199.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### SIXTEENTH COUNT
### *(CHERYL DOUGLAS-CHISHOLM v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)*

200.    On or about January 13, 2004, Cheryl Douglas-Chisholm ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

201.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

202.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

203.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

204.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

205.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8, under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

206.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

207.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

208.     More than twenty calendar days have passed since Defendants received the notices of rescission.

209.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

210.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

211.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

    c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### SEVENTEENTH COUNT
### (JEFFREY COUTANT & SHARON COUTANT v. AMERIQUEST MORTGAGE COMPANY, HSBC MORTGAGE SERVICES, INC., and HSBC BANK USA, NATIONAL ASSOCIATION F/K/A HSBC BANK USA)

212.    On or about July 23, 2004, Jeffrey Coutant & Sharon Coutant ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

213.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

214.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

215.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

216. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

217. This mortgage loan was assigned to Co-Defendant HSBC Mortgage Services, Inc.

218. Alternatively, or in addition, on information and belief, this mortgage loan was assigned to Co-Defendant HSBC Bank USA, National Association f/k/a HSBC Bank USA.

219. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignees of this mortgage loan, which notices have been received by each Defendant.

220. The assignees of Plaintiff's mortgage are subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

221. More than twenty calendar days have passed since Defendants received the notices of rescission.

222. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

223. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

224. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

b. Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney's fee.

### EIGHTEENTH COUNT
### (SIMON A. DELL v. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

225. On or about July 3, 2003, Simon A. Dell ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

226. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

227. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

228. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

229.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

230.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

231.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

232.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

233.     More than twenty calendar days have passed since Defendants received the notices of rescission.

234.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

235.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

236.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e. Forfeiture of loan proceeds;

f. Actual damages in an amount to be determined at trial; and

g. A reasonable attorney's fee.

### NINETEENTH COUNT
### (MIGDALIA FIGUEROA v. ARGENT MORTGAGE COMPANY, LLC & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

237. On or about June 4, 2004, Migdalia Figueroa ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

238. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

239. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

240. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

241.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

242.    This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

243.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

244.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

245.    More than twenty calendar days have passed since Defendants received the notices of rescission.

246.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

247.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

248.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

### TWENTIETH COUNT
### (NICHOLAS AND ANN GRIFFIN v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUG 1, 2003, WITHOUT RECOURSE)

249.   On or about June 21, 2003, Nicholas and Ann Griffin ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

250.   A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

251.   This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

252.   In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

253.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

254.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, Without Recourse.

255.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

256.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

257.    More than twenty calendar days have passed since Defendants received the notices of rescission.

258.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

259.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

260.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiffs respectfully request that this Court:

      1.      Assume jurisdiction of this case;

      2.      Declare the security interest in the Plaintiffs' residences are void;

      3.      Enter an order that the mortgage transactions are rescinded;

      4.      Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

      5.      Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

      6.      Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

      7.      Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

      8.      Award the Plaintiffs actual and statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

9.      Order that, because the Defendants failed to tender in response to the Plaintiffs'

notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is

required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims

and order the Defendants to accept tender on reasonable terms and over a reasonable period of

time;

10.     Award actual damages in an amount to be established at trial;

11.     Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S.

§ 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

12.     Award such other and further relief as the Court deems just and proper.


PLAINTIFFS,

/s/Daniel S. Blinn

By: _____

Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457