**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUNIOR TERRANCE BLACK & RENE CAMPBELL, ISMAEL VEGA, LUZ GOMEZ, ALBERT ROLDAN & MARLENE ROLDAN, and CHERYL P. JONES & ARNOLD JONES, Plaintiffs, v. AMERIQUEST MORTGAGE COMPANY, and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC. ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2005-R7 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2005, WITHOUT RECOURSE, Defendants. | MDL No. 1715<br>Lead Case No. 1:05-cv-07097<br><br>Case No. 1:07-cv-00129<br>Hon. Marvin E. Aspen<br><br><br>AMENDED COMPLAINT<br><br>Jury Trial Demanded<br><br><br><br><br>July 24, 2007 |

## **INTRODUCTION**

1. This suit is brought by eight individual consumers residing in New York who entered into mortgages with Ameriquest Mortgage Company. Ameriquest violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, in each of their transactions by failing to properly notify them of their right to rescind the mortgage in the matter required by TILA and Regulation Z (12 C.F.R. Part 226). At least one and possibly more of the Plaintiffs' mortgages have been assigned to other entities.

2. All Plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

3. All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendants' misconduct.

4. Defendant Ameriquest is a foreign corporation with a primary place of business in Orange, California.

5. Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in New York, New York.

6. DBNT holds legal title, as trustee, to at least one of the mortgage loans originated by Ameriquest at issue in this suit.

7. DBNT is the trustee of the following Defendant asset-backed security:

   a. Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R7 Under the Pooling and Servicing Agreement Dated as of August 1, 2005, Without Recourse.

## JURISDICTION

8. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331-32.

9. This Court has jurisdiction over the Defendants because they regularly conduct business in this state.

10. Venue in this Court is proper because this case has been transferred to this multidistrict litigation. The Plaintiffs are residents of New York and this action concerns real

property located in New York, where this action originated before being transferred to this multidistrict litigation.

## FIRST COUNT
### (JUNIOR TERRANCE BLACK & RENE CAMPBELL v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC. ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2005-R7 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2005, WITHOUT RECOURSE)

11. On or about June 21, 2005, Junior Terrance Black & Rene Campbell ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

12. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

13. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

14. In the course of this consumer credit transaction, Defendant violated the federal Truth in Lending Act by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

15. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

16. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates, Series 2005-R7 Under the Pooling and Servicing Agreement Dated as of August 1, 2005, Without Recourse.

17. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

18. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

19. More than twenty calendar days have passed since Defendants received the notices of rescission.

20. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

21. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

22. As a result of the aforesaid violations of the Act and Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e. Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

## SECOND COUNT
### (ISMAEL VEGA v. AMERIQUEST MORTGAGE COMPANY)

23.    On or about September 24, 2004, Ismael Vega ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

24.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

25.    This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

26.    In the course of this consumer credit transaction, Defendant violated the federal Truth in Lending Act by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

27.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

28.    On information and belief Defendant assigned this mortgage to another entity.

29.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to the originator of this mortgage loan, which notice has been received by the Defendant.

30. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

31. More than twenty calendar days have passed since Defendant received the notice of rescission.

32. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

33. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

34. As a result of the aforesaid violations of the Act and Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiff's property created under the transaction;

   c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to the Plaintiff's rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney's fee.

## THIRD COUNT
### (LUZ GOMEZ v. AMERIQUEST MORTGAGE COMPANY)

35. On or about December 4, 2003, Luz Gomez ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

36. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

37. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

38. In the course of this consumer credit transaction, Defendant violated the federal Truth in Lending Act by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

39. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

40. On information and belief Defendant assigned this mortgage to another entity.

41. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to the originator of this mortgage loan, which notice has been received by the Defendant.

42. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

43. More than twenty calendar days have passed since Defendant received the notice of rescission.

44. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

45. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

46. As a result of the aforesaid violations of the Act and Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiff's property created under the transaction;

   c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to the Plaintiff's rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney's fee.

### FOURTH COUNT
### (ALBERT ROLDAN & MARLENE ROLDAN v. AMERIQUEST MORTGAGE COMPANY)

47. On or about April 22, 2004, Albert Roldan & Marlene Roldan ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

48. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

49. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

50. In the course of this consumer credit transaction, Defendant violated the federal Truth in Lending Act by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

51. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

52. On information and belief Defendant assigned this mortgage to another entity.

53. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to the originator of this mortgage loan, which notice has been received by the Defendant.

54. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

55. More than twenty calendar days have passed since Defendant received the notice of rescission.

56. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

57. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

58. As a result of the aforesaid violations of the Act and Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to the Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney's fee.

## FIFTH COUNT
### (ALBERT ROLDAN & MARLENE ROLDAN v. AMERIQUEST MORTGAGE COMPANY)

59. On or about October 4, 2004, Albert Roldan & Marlene Roldan ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

60. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

61. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

62. In the course of this consumer credit transaction, Defendant violated the federal Truth in Lending Act by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

63. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

64. On information and belief Defendant assigned this mortgage to another entity.

65. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to the originator of this mortgage loan, which notice has been received by the Defendant.

66. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

67. More than twenty calendar days have passed since Defendant received the notice of rescission.

68. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

69. The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

70. As a result of the aforesaid violations of the Act and Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to the Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney's fee.

## SIXTH COUNT
### (CHERYL P. JONES & ARNOLD JONES v. AMERIQUEST MORTGAGE COMAPNY)

71. On or about July 13, 2005, Cheryl P. Jones & Arnold Jones ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

72. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

73. This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

74. In the course of this consumer credit transaction, Defendant violated the federal Truth in Lending Act by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in 15 U.S.C. § 1635(a) and Reg. Z § 226.23(b).

75. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

76. On information and belief Defendant assigned this mortgage to another entity.

77. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to the originator of this mortgage loan, which notice has been received by the Defendant.

78. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

79. More than twenty calendar days have passed since Defendants received the notices of rescission.

80. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

81. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by 15 U.S.C. § 1635(b) and Reg. Z § 226.23(d)(2).

82. As a result of the aforesaid violations of the Act and Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in Plaintiff's property created under the transaction;

    c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d. Statutory damages of $2,000 for Defendant's failure to respond properly to the Plaintiff's rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney's fee.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court:

    1.      Assume jurisdiction of this case;

    2.      Declare the security interest in the Plaintiffs' residences are void;

    3.      Enter an order that the mortgage transactions are rescinded;

    4.      Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

    5.      Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

    6.      Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

    7.      Award the Plaintiffs actual and statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a);

    8.      Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

    9.      Award actual damages in an amount to be established at trial;

10. Award the Plaintiffs costs and a reasonable attorney fee as provided under 15 U.S.C. § 1640(a);

11. Award such other and further relief as the Court deems just and proper.

PLAINTIFFS,

By: /s/Andrew G. Pizor
Brian L. Bromberg (BB 6264)
brian@bromberglawoffice.com
Andrew G. Pizor (ct27015)
apizor@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457