# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Charles C. Moss, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. C.A. 06-06754 | |

## DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs CHARLES C. MOSS', THOMASINA L. TURNER's, LAURIE NEGRI's, and HERBERT J. GRAF, JR.'s ("Plaintiffs") Amended Complaint as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1. This action seeks redress against Argent Mortgage Company, LLC for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Amended Complaint to which no answer is required. Paragraph 1 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1640 (TILA), and 28 U.S.C. §§ 1331 (general jurisdiction), 1332 (diversity jurisdiction) and 1337 (interstate commerce).

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

**ANSWER:** Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits it did business in this District and numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 3.

## PARTIES AND FACTS

### FACTS RELATING TO PLAINTIFF CHARLES C. MOSS

4. Plaintiff Charles C. Moss resides at 186 Lowell Ave., Providence, RI 02909.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. On or about May 26, 2004 Plaintiff Charles C. Moss obtained a loan from Argent, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5. Defendant denies any remaining allegations in paragraph 5.

6. In connection with the transaction, Plaintiff Moss received or signed the following documents:

    1.  A note in the principal amount of $100,000;

    2.  A mortgage;

    3.  A Truth in Lending statement;

    4.  A notice of right to cancel, attached as <u>Exhibit 1</u>; and

    5.  A HUD-1 Settlement Statement.

**ANSWER:** Paragraph 6 contains references to documents to which no answer is required. Defendant references the cited documents in their entirely for a complete and accurate statement of their contents. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

  7.  On or about July 3, 2006 Plaintiff Moss exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as <u>Exhibit 2</u>.

**ANSWER:** Paragraph 7 contains references to documents to which no answer is required. Defendant references the cited document in its entirely for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7. Defendant denies any remaining allegations in paragraph 7.

  8.  Argent has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

### **FACTS RELATING TO PLAINTIFF HERBERT J. GRAF JR.**

  9.  Plaintiff Herbert J. Graf Jr. resides at 20 Grove Ave., Cranston, RI 02910.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10. On or about July 1, 2004 Plaintiff Herbert J. Graf Jr. obtained a loan from Argent, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

11. In connection with the transaction, Plaintiff Graf received or signed the following documents:

    1. A note in the principal amount of $270,750;

    2. A mortgage;

    3. A Truth in Lending statement;

    4. A notice of right to cancel, attached as Exhibit 3; and

    5. A HUD-1 Settlement Statement.

**ANSWER:** Paragraph 11 contains references to documents to which no answer is required. Defendant references the cited documents in their entirely for a complete and accurate statement of their contents. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. On or about June 19, 2006 Plaintiff Graf exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as Exhibit 4.

**ANSWER:** Paragraph 12 contains references to documents to which no answer is required. Defendant references the cited document in its entirely for a complete and accurate statement of its contents. Paragraph 12 contains conclusions of law to which no answer is required  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13. Argent has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Paragraph 13 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 13.

### FACTS RELATING TO PLAINTIFF THOMASINA L. TURNER

14. Plaintiff Thomasina L. Turner resides at 427 Orms St. Providence, RI 02908.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15. On or about February 12, 2004 Plaintiff Thomasina L. Turner obtained a loan from Argent, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16. In connection with the transaction, Plaintiff Turner received or signed the following documents:

    1. A note in the principal amount of $125,600;
    2. A mortgage;
    3. A Truth in Lending statement;
    4. A notice of right to cancel, attached as Exhibit 5; and
    5. A HUD-1 Settlement Statement.

**ANSWER:** Paragraph 16 contains references to documents to which no answer is required. Defendant references the cited documents in their entirely for a complete and accurate statement of their contents. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

BN 2066117v1

17. On or about June 19, 2006 Plaintiff Turner exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as Exhibit 6.

**ANSWER:** Paragraph 17 contains references to documents to which no answer is required. Defendant references the cited document in its entirely for a complete and accurate statement of its contents. Paragraph 17 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

18. Argent has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Paragraph 18 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 18.

## FACTS RELATING TO PLAINTIFF LAURIE NEGRI

19. Plaintiff Laurie Negri resides at 30 Villa Ave., Warwick, RI 02886.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20. On or about December 16, 2003 Plaintiff Laurie Negri obtained a loan from Argent, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

21. In connection with the transaction, Plaintiff Negri received or signed the following documents:

    1. A note in the principal amount of $165,000;

        2.      A mortgage;

        3.      A Truth in Lending statement;

        4.      A notice of right to cancel, attached as Exhibit 7; and

        5.      A HUD-1 Settlement Statement.

**ANSWER:** Paragraph 21 contains references to documents to which no answer is required. Defendant references the cited documents in their entirely for a complete and accurate statement of their contents. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

    22.    On or about June 26, 2006 Plaintiff Negri exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as Exhibit 8.

**ANSWER:** Paragraph 22 contains references to documents to which no answer is required. Defendant references the cited document in its entirely for a complete and accurate statement of its contents. Paragraph 22 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

    23.    Argent has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23. Paragraph 23 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 23.

## DEFENDANTS

    24.    Defendant Argent is a National corporation with its principle place of business at One City Boulevard West, Orange, CA 92868.

**ANSWER:** Defendant admits that its principle office was located in Orange, California until August 2007. Defendant denies any remaining allegations in paragraph 24.

25. Argent enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:** Defendant admits it did business in this District and numerous other states through August 2007. Defendant admits that prior to August 2007 it entered into more than 5 mortgage transactions per year. Paragraph 25 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 25.

26. Argent is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:** Paragraph 26 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 26.

27. Argent is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:** Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 27.

28. Defendant Deutsche Bank National Trust Company, N.A. is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief, it holds legal title to Plaintiffs Thomasina L. Turner and Laurie Negri's loans as trustee. It is Joined as a necessary party.

**ANSWER:** Defendant admits that as to Thomasina L. Turner's loan, Wells Fargo Bank Minnesota, NA successor by merger to Norwest Bank Minnesota, N.A. is Trustee Of Ameriquest Mortgage Securities Inc., Floating Rate Pass-through Certificates, Series 2000-2 Under The Pooling And Servicing Agreement Dated June 1, 2000, Without Recourse. Defendant admits that as to Laurie Negri's loan, Deutsche Bank National Trust Company, is Trustee of Argent Securities Inc., Asset Backed Pass Through Certificates, Series 2004-W2 under the Pooling & Servicing Agreement dated as of March 1,2004, Without Recourse. Paragraph 28 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and denies those allegations on that basis.

- 8 -

29. Defendant Argent Securities, Inc., an affiliate of Argent Mortgage Company, LLC, is a foreign corporation which transacts business in Rhode Island. It is the beneficial owner of some loans originated by Argent Mortgage Company, LLC including Plaintiffs Laurie Negri and Thomasina L. Turner. It is joined as a necessary party.

**ANSWER:** Defendant admits that as to Thomasina L. Turner's loan, Wells Fargo Bank Minnesota, NA successor by merger to Norwest Bank Minnesota, N.A. is Trustee Of Ameriquest Mortgage Securities Inc., Floating Rate Pass-through Certificates, Series 2000-2 Under The Pooling And Servicing Agreement Dated June 1, 2000, Without Recourse.  Defendant admits that as to Laurie Negri's loan, Deutsche Bank National Trust Company, is Trustee of Argent Securities Inc., Asset Backed Pass Through Certificates, Series 2004-W2 under the Pooling & Servicing Agreement dated as of March 1,2004, Without Recourse.  Paragraph 29 contains conclusions of law to which no answer is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and denies those allegations on that basis.

30. Defendant Washington Mutual Bank is a federally chartered savings association with its headquarters in Seattle, Washington. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Argent Mortgage Company, LLC, including Plaintiff Charles C. Moss' loan. It is joined as a necessary and indispensable party.

**ANSWER:** Defendant admits that Washington Mutual Bank is the assignee of some loans originated by Argent Mortgage Company, LLC, including Plaintiff Charles C. Moss' loan.  Paragraph 30 contains conclusions of law to which no answer is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and denies those allegations on that basis.

31. Defendant Park Place Securities, Inc., is a foreign corporation and its registered agent and office are National Registered Agents, Inc., 2030 Main Street, Suite 1030, Irvine, CA 92614. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Argent Mortgage Company, LLC. It is joined as a necessary party.

**ANSWER:** Defendant admits that Wells Fargo Bank Minnesota is Trustee of Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-WHQ1 under the Pooling and Servicing Agreement dated as of September 1, 2004, Without Recourse, which includes Plaintiff Herbert Graf, Jr.'s loan.  Paragraph 31 contains conclusions of law to which no answer is required.  Defendant is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and denies those allegations on that basis.

32. Defendant Wells Fargo Bank N.A., is a foreign corporation with its headquarters located at 9062 Old Annapolis Road, Columbia, Maryland 21045. Upon Information and belief, it holds legal title to Plaintiff Herbert Graf Jr.'s loan as trustee. It is joined as a necessary party.

**ANSWER:** Defendant admits that Wells Fargo Bank Minnesota is Trustee of Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-WHQ1 under the Pooling and Servicing Agreement dated as of September 1, 2004, Without Recourse, which includes Plaintiff Herbert Graf, Jr.'s loan. Paragraph 32 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and denies those allegations on that basis.

## COUNT I - TRUTH IN LENDING ACT

33. Plaintiffs incorporate ¶¶ 1-32 as if fully set out herein.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 32.

34. Because all of the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides (Emphasis added):

    (a)    Consumer's right to rescind.

        (1)    In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

        (2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

- 10 -

> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[N48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (2) The consumer's right to rescind the transaction.
>
> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (4) The effects of rescission, as described in paragraph (d) of this section.
>
> (5) The date the rescission period expires. . .
>
> (f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:
>
> (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
> (2) A credit plan in which a state agency is a creditor.

**ANSWER:** Paragraph 34 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23 have been accurately quoted in paragraph 34, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23 in its entirety for

- 11 -

a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 34.

35. The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were materially confusing and therefore, defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

**ANSWER:** Paragraph 35 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 35.

36. By failing to indicate the date by which the right to cancel had to be exercised Argent failed to give each of the Plaintiffs clear and conspicuous notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

**ANSWER:** Paragraph 36 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 36.

37. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

**ANSWER:** Paragraph 37 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 37.

38. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1610 (a) entitling the Plaintiffs to an award of statutory damages.

**ANSWER:** Paragraph 38 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 38.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15. Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

- 15 -

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: July 30, 2008

Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand (twiegand@winston.com)
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

BN 2066117v1

## CERTIFICATE OF SERVICE

I, David E. Dahlquist, hereby certify that on this 30th day of July 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ David E. Dahlquist

BN 2066117v1