**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Douglas S. Conner, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 07 C 121 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs DOUGLAS S. CONNER and CHERIE E. CONNER ("Plaintiffs") Amended Complaint as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs Douglas S. Conner and Cherie E. Conner bring this action against a "subprime" mortgage lender and its assignee to secure relief, including rescission, for violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and state law.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Further answering, Defendant specifically denies the characterization and use of the term "subprime.". Defendant denies any remaining allegations in paragraph 1.

- 1 -

- 2 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. §1640 (TILA).

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3. Defendants do business in the District and are deemed to reside here. Venue is therefore proper under 28 U.S.C. §1391(c).

**ANSWER:** Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Co., LLC, conducted business in Illinois as well as numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4. Plaintiffs Douglas S. Conner and Cherie E. Conner are husband and wife and own and reside in a single family home located at 808 Park Shore Drive, Cassopolis, MI 49031.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. Defendant Argent Mortgage Company, L.L.C. is a foreign limited liability company which does business in Michigan. Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Defendant admits that Argent Mortgage Co., LLC, is a foreign limited liability company that conducted business in Michigan as well as numerous other states through August 2007. Further answering, Defendant admits that National Registered agents is a registered agent of Argent Mortgage Co., LLC. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and denies those allegations on that basis.

- 2 -

- 3 -

6. Defendant Argent Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC, provided residential mortgage loans through August 2007. Defendant denies any remaining allegations of paragraph 6.

7. Defendant Argent Mortgage Company made more than 26 loans per year.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC originated more than 26 mortgage loans per year until August 2007. Defendant denies any remaining allegations of paragraph 7.

8. Defendant Argent Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

9. Defendant Wells Fargo Bank, N.A., ("Wells Fargo") is a federally chartered national bank that does business in Michigan. It is in- the business of, among other things, buying and holding ownership rights to loans originated by defendant Argent. Its registered agent is CSC-Lawyers Incorporating Service, located at 1730 Gateway Oaks Dr., Suite 100, Sacramento, CA 95833. On information and belief, it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** Defendant admits that Wells Fargo Bank Minnesota is Trustee of Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-MHQ1 under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and denies those allegations on that basis.

10. Defendant Park Place Securities, Inc., is a Delaware corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Argent Mortgage Company, including Plaintiffs'. Its registered agent is National Registered Agents, Inc., located at 2030 Main St., Suite 1030, Irvine, CA 92614.

- 3 -

BN 1839647v1

**ANSWER:** Defendant admits that Wells Fargo Bank Minnesota is Trustee of Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-MHQ1 under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and denies those allegations on that basis.

## FACTS RELATING TO PLAINTIFFS

11. Prior to August 26, 2004, plaintiffs applied for a mortgage with Argent.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13. The loan was closed on August 26, 2004.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14. The following are documents relating to the loan:

   a. A note, Exhibit A. Only Cherie Conner signed the note.

   b. A mortgage, Exhibit B. Both Douglas S. Conner and Cherie E. Conner signed the mortgage.

   c. Two different settlement statements, Exhibits C-D.

   d. A Truth in Lending disclosure statement, Exhibit E;

   e. A summary of debts and disbursements," Exhibit F;

   f. The official Federal Reserve Board notice of right to cancel, Exhibit G.

BN 1839647v1

**ANSWER:** Paragraph 14 contains references to documents to which no answer is required. Defendant denies any remaining allegations in paragraph 14.

15. The disbursements changed between the closing date and the disbursement of the loan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16. Plaintiffs were charged a $1440.00 "loan discount," <u>Exhibits C-D</u>, line 802.

**ANSWER:** Paragraph 16 contains a summary of documents attached to the Complaint to which no answer is required. Defendant admits that portions of Exhibits C-D have been accurately quoted, but references Exhibits C-D in their entirely for a complete and accurate statement of their contents. Defendant denies any remaining allegations in paragraph 16.

17. Argent undertook and represented that the payment of a "loan discount' would reduce plaintiffs' interest rate.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

18. Plaintiffs did not receive a discounted rate, as shown by the document entitled "Borrower's Acknowledgment of Final Loan Terms," <u>Exhibit H</u>.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Further answering, paragraph 18 contains a summary of a document attached to the Complaint to which no answer is required. Defendant admits that portions of Exhibit H have been accurately quoted, but references Exhibit H in its entirely for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 18.

19. At the closing, plaintiffs were directed to pay Ameriquest Mortgage Company. See <u>Exhibit I.</u>

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Further answering, paragraph 19

- 5 -

contains a summary of a document attached to the Complaint to which no answer is required. Defendant references Exhibit I in its entirely for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 19.

20. Ameriquest Mortgage Company claimed an interest in plaintiffs' loan, including the right to receive payments under it.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

21. Plaintiffs were later directed to pay HomeEq Servicing Corporation.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22. On information and belief, defendant Wells Fargo Bank, N.A., holds legal title to plaintiffs' loans, as trustee. Park Place Securities, Inc., is the beneficial owner of plaintiffs' loans under Asset Backed Pass Through Certificates Series 2004-MHQ1.

**ANSWER:** Defendant admits that Wells Fargo Bank Minnesota is Trustee of Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-MHQ1 under the Pooling and Servicing Agreement dated as of October 1, 2004, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and denies those allegations on that basis.

23. In the event neither Wells Fargo Bank N.A., nor Park Place Securities, Inc. [sic] owns plaintiffs' loans (actual ownership is rarely if ever shown of record), the actual owners are named Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and denies the allegations on that basis.

## COUNT I - TRUTH IN LENDING ACT

24. Plaintiffs incorporate paragraphs 1-23.

**ANSWER:**   Defendant repeats and reaffirms its answers to paragraphs 1 through 23.

    25.    This claim is against all defendants.

**ANSWER:**   Paragraph 25 is a description of the allegations within Plaintiffs' Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 25.

    26.    In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. (15 U.S.C. § 1635(a)).

**ANSWER:**   Paragraph 26 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 26, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 26.

    27.    To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as -earnest money,

- 7 -

> downpayment, or otherwise and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b).)

**ANSWER:** Paragraph 27 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(b) have been accurately quoted in paragraph 27, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(b) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 27.

28. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)

**ANSWER:** Paragraph 28 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 28, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 28.

29. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 22623(b)(1) the borrower's rescission rights.

**ANSWER:** Paragraph 29 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 29.

30. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two

- 8 -

        copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

        (i) The retention or acquisition of a security interest in the consumer's principal dwelling.

        (ii) The consumer's right to rescind the transaction.

        (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

        (iv) The effects of rescission, as described in paragraph (d) of this section.

        (v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)

**ANSWER:** Paragraph 30 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 C.F.R. §1226.23(b)(1) have been accurately quoted in paragraph 30, but specifically denies the characterization of the language as alleged. Defendant refers to 15 C.F.R. §1226.23(b)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 30.

### DEFECTIVE NATURE OF DISCLOSURES

    31.    In connection with the plaintiffs' loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, and the required financial disclosures, in violation of 15 U.S.C. §1638 and 12 C.F.R. §226.18, for (without limitation) the following reasons:

**ANSWER:** Paragraph 31 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 31.

### Change in Agreement After Closing

    32.    The notices of right to cancel and financial disclosures were prepared as if the transaction had been consummated on the closing date.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. Defendant denies any remaining allegations in paragraph 32.

BN 1839647v1

33. Because the disbursements were changed between the closing date and the disbursement date, the terms of the loan were not agreed upon and the loan was not consummated until the actual disbursements were made known to plaintiffs and the plaintiffs agreed to proceed with the loan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33. Paragraph 33 also contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 33.

34. As a result, the notices of right to cancel and financial disclosures are misdated.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. Defendant denies any remaining allegations in paragraph 34.

**Notices Confusing Where Less Than All Owners Are Obligated**

35. Exhibit G is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Argent to the official Federal Reserve Board text.

**ANSWER:** Paragraph 35 contains a summary of a document attached to the Complaint to which no answer is required. Defendant references Exhibit G in its entirely for a complete and accurate statement of its contents. Defendant denies the allegations in paragraph 35.

36. The top of Exhibit G has only Cherie Conner's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/Owner," which presumably means something different than just "borrower."

**ANSWER:** Paragraph 36 contains a summary of a document attached to the Complaint to which no answer is required. Defendant admits that portions of Exhibit G have

- 10 -

been accurately quoted, but references Exhibit G in its entirely for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 36.

37. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:** Paragraph 37 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 37.

38. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit I.</u>

**ANSWER:** Paragraph 38 contains a summary of a document attached to the Complaint to which no answer is required. Defendant references Exhibit I in its entirely for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 38.

39. The loan has not been rescinded.

**ANSWER:** Defendant admits that Plaintiffs' loan has not been rescind. Defendant denies that Plaintiffs has the right to rescind their loan. Defendant denies the any remaining allegation in paragraph 39.

40. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** Paragraph 40 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 40.

41. 15 U.S.C.§1635(g)provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:** Paragraph 41 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been accurately quoted in paragraph 41, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for

- 11 -

a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 41.

## COUNT II -BREACH OF CONTRACT

42. Plaintiffs incorporate paragraphs 1-23. This claim is against all defendants.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 23.

43. Defendant Argent contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43. Paragraph 43 also contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 43.

44. Plaintiffs paid the fee but did not receive a discounted rate.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44. Defendant denies any remaining allegations in paragraph 44.

45. Argent thereby breached its agreements with the plaintiffs.

**ANSWER:** Paragraph 45 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 45.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award

Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Amended Complaint.

15. Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

BN 1839647v1

- 15 -

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: July 30, 2008

Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand (twiegand@winston.com)
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

BN 1839647v1

**CERTIFICATE OF SERVICE**

      I, David E. Dahlquist, hereby certify that on this 30th day of July 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By:    /s/ David E. Dahlquist

BN 1839647v1