**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Rose J. Black, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 06 C 4418 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs ROSE J. BLACK and DAVID E. BLACK ("Plaintiffs") Second Amended Complaint as follows.

**SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1.      Plaintiffs Rose J. Black and David E. Black, Sr. bring this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA").

**ANSWER:**      Paragraph 1 is a summary description of the allegations within Plaintiffs' Second Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Further answering, Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 1.

- 1 -

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§ 1640 (TILA) and 1691e (ECOA).

**ANSWER:**      Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3.      Defendants do business in the District and are deemed to reside here.  Venue is therefore proper under 28 U.S.C. §1391(c).

**ANSWER:**      Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Co., LLC, conducted business in Illinois as well as numerous other states through August 2007.  Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4.      Plaintiffs Rose J. Black and David E. Black, Sr., are husband and wife and own and reside in a single family home located at 415 Helen, Third City, MI 48135.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5.      Defendant Argent Mortgage Company, L.L.C. is a foreign corporation which maintains offices in and does business in Illinois.  Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:**      Defendant admits that Argent Mortgage Co., LLC, is a foreign limited liability company that conducted business in Illinois as well as numerous other states through August 2007.  Further answering, Defendant admits that National Registered agents is a registered agent of Argent Mortgage Co., LLC. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and denies those allegations on that basis.

BN 1829032v1

6.    Defendant Argent Mortgage Company, L.L.C. is engaged in the business of originating "subprime" mortgages.

**ANSWER:**    Defendant admits that it provided residential mortgage loans through august 2007. Defendant denies any remaining allegations of paragraph 6.

7.    Defendant Argent Mortgage Company, L.L.C. makes more than 26 loans per year.

**ANSWER:**    Defendant admits that for certain periods, it originated more than 26 mortgage loans per year.  Defendant denies any remaining allegations of paragraph 7.

8.    Defendant Argent Mortgage Company, L.L.C. is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**    Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

9.    Defendant HomEq Servicing Corporation is a foreign corporation which transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261. HomEq claims the right to payments under plaintiffs' loan and is a necessary party.

**ANSWER:**    Defendant admits that HomEq Servicing Corporation is the servicer of Plaintiffs' loan and has the right to payments under Plaintiffs' loan.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10.    Defendant Wells Fargo Bank, N.A., ("Wells Fargo") is a Maryland corporation that does business in Illinois. It has offices at 9062 Old Annapolis Road, Columbia, MD 21045-1951. It is in the business of, among other things, buying and holding ownership rights to loans originated by defendant Argent.

**ANSWER:**    Defendant admits that Wells Fargo Bank, N.A. is the Trustee of Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-WHQ1 under the Pooling and Servicing Agreement dated as of September 1, 2004, Without Recourse.

- 3 -

11.     Defendant Park Place Securities, Inc., is a Delaware corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Argent Mortgage Company, including plaintiffs.' Its registered agent is National Registered Agents, Inc., located at 2030 Main St., Suite 1030, Irvine, CA 92614.

**ANSWER:**     Defendant admits that Wells Fargo Bank, N.A. is the Trustee of Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-WHQ1 under the Pooling and Servicing Agreement dated as of September 1, 2004, Without Recourse.

12.     In the event Wells Fargo does not own plaintiffs' loan, the owners are named as Does 1-5.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

## FACTS RELATING TO PLAINTIFFS

13.     Prior to August 12, 2004, plaintiffs applied for a mortgage with Argent Mortgage Company, L.L.C.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15.     The loan was closed on August 12, 2004. However, the terms were changed on August 17, 2004, after the closing.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16.     Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A.

**ANSWER:**     Paragraph 16 contains references to documents to which no answer is required. Defendant references the cited document in its entirely for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17.     The following are documents relating to the loan:

    a.     A note, Exhibit B. Only David E. Black, Sr. signed the note.

    b.     A mortgage, Exhibit C. Both Rose J. Black and David E. Black, Sr. signed the mortgage.

    c.     Two settlement statements, one dated August 12, 2004, Exhibit D, and one dated August 17, 2004, Exhibit E.

    d.     A Truth in Lending disclosure statement, Exhibit F.

    e.     The official Federal Reserve Board notice of right to cancel, Exhibit G.

**ANSWER:**     Paragraph 17 contains references to documents to which no answer is required. Defendant references the cited documents in their entirely for a complete and accurate statement of their contents.   Defendant denies any remaining allegations in paragraph 17.

18.     Prior to closing, Argent or its agent arranged for an appraisal of plaintiffs' property.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19.     Plaintiffs never saw an appraiser come to inspect the property, nor did they receive a copy of the appraisal report or information on how to obtain one.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20.     On the pre-typed loan application prepared by Argent, plaintiffs' property is appraised at $167,500. Exhibit I, section VI. This appraisal value was substantially and artificially inflated.

**ANSWER:**     Paragraph 20 contains references to documents to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

21.     On information and belief, other houses in plaintiffs' neighborhood had a listed market value of $140,000 at the time of plaintiffs' refinancing.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22.     Additionally, on the pre-typed loan application prepared by Argent, Mr. Black's monthly income is listed as $6,918.75. Exhibit I, section V.

**ANSWER:**     Paragraph 22 contains references to documents to which no answer is required. Defendant references the cited document in its entirely for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23.     This statement was false. Mr. Black's monthly income was $5,500 per month.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23. Defendant denies any remaining allegations in paragraph 23.

24.     Plaintiffs provided truthful and accurate information concerning their income to Argent, including supporting documentation. Plaintiffs did not learn about the inflated income on the loan application until after contacting his current attorneys.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25.     Also, on the pre-typed loan application prepared by Argent, plaintiffs' property is listed as being acquired by plaintiffs in 1987. <u>Exhibit I</u>, section II.

**<u>ANSWER:</u>**     Paragraph 25 contains references to documents to which no answer is required. Defendant references the cited document in its entirely for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

26.     On information and belief, plaintiffs purchased the property in 1989.

**<u>ANSWER:</u>**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27.     Argent intended to falsify the value of plaintiffs' home, Mr. Black's income, and the year plaintiffs purchased their home on the application it prepared. It did so in order to increase the loan amount for which plaintiffs appeared to qualify; this, in turn, increased the lender's "points and fees," interest income and profits - the amount of each of which is to a substantial degree determined by the size of the loan.

**<u>ANSWER:</u>**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27. Defendant denies any remaining allegations in paragraph 27.

28.     Argent then arranged to have plaintiffs sign the application containing false information at closing. The application was one of scores of documents and hundreds of pages of documents presented to plaintiffs at closing. Plaintiffs could not possibly have reviewed each for accuracy at that time.

**<u>ANSWER:</u>**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28. Defendant denies any remaining allegations in paragraph 28.

29.     Finally, the disbursements on the two settlement statements are different. The actual consummation occurred when plaintiffs received the statement dated August 17, 2004 and proceeded with the loan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29. Defendant denies any remaining allegations in paragraph 29.

30. Plaintiffs were later directed to make payments to HomEq Servicing Corporation.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30. Defendant denies any remaining allegations in paragraph 30.

31. After plaintiffs filed suit, Argent and/or HomEq stopped sending them monthly statements. They received their last statement in approximately October, 2006. Plaintiffs called HomEq to inquire, and the HomEq employees who answered the phone simply said they would "look into it."

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

32. In 2006, plaintiffs mailed HomEq a check for their monthly payment as usual. HomEq mailed it back to them, without explanation.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. Defendant denies any remaining allegations in paragraph 32.

33. All such servicing problems are the direct result of plaintiffs having filed suit against defendants. Customers who do not file lawsuits do not experience these types of problems at all, to the same extent or with the same degree of regularity.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33. Defendant denies any remaining allegations in paragraph 33.

34. On information and belief, Wells Fargo Bank, N.A., holds legal title to plaintiffs' loan, as trustee. Park Place Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset

Backed Pass Through Certificates, Series 2004-WHQ1 under the Pooling and Servicing Agreement dated as of September 1, 2004.

**ANSWER:** Defendant admits that Wells Fargo Bank, N.A. is the Trustee of Park Place Securities, Inc., Asset Backed Pass Through Certificates, Series 2004-WHQ1 under the Pooling and Servicing Agreement dated as of September 1, 2004, Without Recourse.

35. In the event Park Place Securities, Inc., does not own plaintiffs' loan or Wells Fargo Bank, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35. Defendant denies any remaining allegations in paragraph 35.

## COUNT I - TILA

36. Plaintiffs incorporate paragraphs 1-35.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 35.

37. In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. (15 U.S.C. § 1635(a)).

**ANSWER:**    Paragraph 37 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 37, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 37.

38.    To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b).)

**ANSWER:**    Paragraph 38 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(b) have been accurately quoted in paragraph 38, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(b) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 38.

39.    To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)

**ANSWER:**    Paragraph 39 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 39, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for

a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 39.

40.     Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:**     Paragraph 40 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 40, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents.  To the extent an answer is required, Defendant denies the allegations in paragraph 40.

41.     More specifically, the regulation provides:

In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section. (v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)

**ANSWER:**     Paragraph 41 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 C.F.R. §1226.23(b)(1) have been accurately quoted in paragraph 41, but specifically denies the characterization of the language as alleged. Defendant refers to 15 C.F.R. §1226.23(b)(1) in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 41.

- 11 -

## DEFECTIVE NATURE OF DISCLOSURES

42.     In connection with the plaintiffs' loan, Argent Mortgage Company, L.L.C. failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, and the financial disclosures, required by 15 U.S.C. §1638 and 12 C.F.R. §226.18, for (without limitation) the following reasons:

**ANSWER:**     Paragraph 42 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 42.

### Notices Confusing Where Less Than All Owners Are Obligated

43.     Exhibit E is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Argent to the official Federal Reserve Board text.

**ANSWER:**     Paragraph 43 contains a summary of a document attached to the Complaint to which no answer is required. Defendant references the document in its entirely for a complete and accurate statement of its contents. Defendant denies the allegations in paragraph 43.

44.     The top of Exhibit E has only Mr. Black's name on it, and is addressed to "borrower(s). " The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:**     Paragraph 44 contains a summary of a document attached to the Complaint to which no answer is required. Defendant references the document in its entirely for a complete and accurate statement of its contents. Defendant denies the allegations in paragraph 44.

45.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:**     Paragraph 45 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 45.

## Misdating

46.     Since the final loan terms were not agreed upon until plaintiffs received the August 17, 2004 settlement statement and elected to proceed with the loan, all of the documents are misdated, and the rescission period was misdescribed.

**ANSWER:**     Paragraph 46 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 46.

47.     Notice of rescission has been given to defendants. A copy is attached as Exhibit H.

**ANSWER:**     Paragraph 47 contains a summary of a document attached to the Complaint to which no answer is required.  Defendant references Exhibit H in its entirely for a complete and accurate statement of its contents.   Defendant denies any remaining allegations in paragraph 47.

48.     The loan has not been rescinded.

**ANSWER:**     Defendant admits that Plaintiffs' loan has not been rescind.  Defendant denies that Plaintiffs has the right to rescind their loan.  Defendant denies the any remaining allegation in paragraph 48.

49.     Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     Paragraph 49 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 49.

50.     15 U.S.C. §1635(g) provides:

Additional relief

- 13 -

> In any action in which it is determined that a creditor has violated
> this section, in addition to rescission the court may award relief
> under section 1640 of this title for violations of this subchapter not
> relating to the right to rescind.

**ANSWER:** Paragraph 50 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been accurately quoted in paragraph 50, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 50.

## COUNT II - ECOA

51. Mrs. Black incorporates paragraphs 1-50.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 50.

52. This claim is against Argent.

**ANSWER:** Paragraph 52 is a summary description of the claim within Plaintiffs' Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 52.

53. On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53. Defendant denies any remaining allegations in paragraph 53.

54. On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54. Defendant denies any remaining allegations in paragraph 54.

- 14 -

55. Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:** Paragraph 55 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 55.

## COUNT III - MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT

56. Plaintiffs incorporate paragraphs 1-35. This claim is against Argent Mortgage Company.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 35. Paragraph 56 is a summary description of the claim within Plaintiffs' Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 56.

57. Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by fraudulently putting an inflated value of plaintiffs' property on the loan application.

**ANSWER:** Paragraph 57 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 57.

58. Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by misrepresenting plaintiffs' ability to qualify for the mortgage loan and the value of the dwelling that secured payment of the mortgage loan.

**ANSWER:** Paragraph 58 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 58.

59. On August 12, 2004, Argent represented that the plaintiffs qualified for a $142,375 loan and plaintiffs were induced to close with Argent by means of this misrepresentation.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59. Defendant denies any remaining allegations in paragraph 59.

60.  Defendant Argent made the representation in the course of trade and commerce.

**ANSWER:**  Paragraph 60 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 60.

61.  Defendant Argent made the representation for the purpose of inducing reliance, in the form of the plaintiffs securing a $142,375 loan for which they did not qualify, in order to increase the broker's commission and the lender's points and fees, interest and profits.

**ANSWER:**  Paragraph 61 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 61.

62.  Plaintiffs have suffered an injury as a result of defendants' misrepresentations. Their options for refinancing with reputable mortgage companies have been severely limited by defendants' actions.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62. Defendant denies any remaining allegations in paragraph 62.

63.  Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by misrepresenting Mr. Black's monthly income.

**ANSWER:**  Paragraph 63 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 63.

64.  Plaintiffs were induced to close with Argent by means of these misrepresentations.

**ANSWER:**  Paragraph 64 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 64.

65.  Defendant Argent made the representation in the course of trade and commerce.

- 16 -

**ANSWER:**     Paragraph 65 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 65.

66.     Defendant Argent made the representation for the purpose of inducing reliance, in the form of the plaintiffs securing a $142,375 loan for which they did not qualify, in order to increase the broker's commission and the lender's points and fees, interest and profits.

**ANSWER:**     Paragraph 66 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 66.

67.     Plaintiffs have suffered an injury as a result of defendants' misrepresentations.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67. Defendant denies any remaining allegations in paragraph 67.

## COUNT IV - ECOA

68.     Plaintiffs incorporate ¶¶ 1-55 above. This claim is against defendants Argent and HomEq.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 55. Paragraph 68 is a summary description of the claim within Plaintiffs' Second Amended Complaint to which no answer is required.  Defendant denies any remaining allegations in paragraph 68.

69.     Plaintiffs were applicants within the meaning of 15 U.S.C. § 1691a(b) and Regulation B (which defines "applicant" to include persons who have received credit).

**ANSWER:**     Paragraph 69 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 69.

70.     By filing this lawsuit in good faith pursuant to the Consumer Credit Protection Act, plaintiffs were and are engaged in a statutorily protected activity.

**ANSWER:**     Paragraph 70 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 70.

BN 1829032v1

71.     As a result of filing this lawsuit, plaintiffs have suffered and continue to suffer adverse actions at the hands of defendants. Argent and HomEq have, in ways detailed above and in other ways, taken retaliatory action against these and other plaintiffs and their accounts. These actions constitute "an unfavorable change in the terms of an account that does not affect all or a substantial portion of a class of the creditor's accounts." 12 C.F.R. § 202.2 (c)(1)(ii).

**ANSWER:**     Paragraph 71 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71. Defendant denies any remaining allegations in paragraph 71.

72.     A direct causal connection exists between plaintiffs' filing suit and defendants' subsequent treatment of their accounts, as detailed above.

**ANSWER:**     Paragraph 72 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 72.

73.     As a result of defendants' conduct, plaintiffs have suffered actual damages and are entitled to recover actual damages as well as statutory damages, punitive damages, equitable and declaratory relief, costs and attorney fees.

**ANSWER:**     Paragraph 73 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 73.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award

Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15.     Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.     Dismiss Plaintiffs' Second Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.

BN 1829032v1

DATED:  July 30, 2008                 Respectfully submitted,


By: /s/  Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois  60601-9703
Telephone: (312) 558-5600
Facsimile:  (312) 558-5700

- 21 -

## **CERTIFICATE OF SERVICE**

I, David E. Dahlquist, hereby certify that on this 30 day of July 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:    /s/  David E. Dahlquist

BN 1829032v1