**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: | Centralized before The Honorable Marvin E. Aspen |
| Case No. 1:06-cv-02468 | |
| LOUIS PASACRETA; MONTRIA HOSPOD & MICHAEL ROSH; CORRENA LUKAS & STEPHEN LUKAS; ANGELINE DIMAIO-DAWKINS; FRANKLIN MURPHY & DENISE MURPHY; DWUITH PASCOE & TANYA PASCOE; GLEN ROGERS & PATRICIA ROGERS; RICHARD CHARETTE & HEIDI CHARETTE; WILLIE MAE CUE; JOANN ABBATEMATTEO & JOSEPH ABBATEMATTEO; JERVIS BELL & JUDITH BELL; CAROLYN F. BUNISKI; MATTHEW CAVALLO, III; ROBERT DAY & MARCI DAY; RAFAELA GUZMAN & OSCAR PEÑA; CHERYL DOUGLAS-CHISHOLM; JEFFREY COUTANT & SHARON COUTANT; SIMON A. DELL; MIGDALIA FIGUEROA; and NICHOLAS GRIFFIN & ANN GRIFFIN, | |
| Plaintiffs, | |
| vs. | |
| AMERIQUEST MORTGAGE COMPANY; ARGENT MORTGAGE COMPANY, LLC; COUNTRYWIDE HOME LOANS, INC.; AMERIQUEST FUNDING II REO SUBSIDIARY, LLC; HSBC MORTGAGE SERVICES, INC.; HSBC BANK USA, NATIONAL ASSOCIATION F/K/A HSBC BANK USA; HOUSEHOLD REALTY CORP.; WM SPECIALTY MORTGAGE LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC.; HOUSEHOLD FINANCE CORPORATION. | |
| Defendants. | |

BN 2118152v1

## DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO FOURTH AMENDED COMPLAINT

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiff LOUIS PASACRETA ("Plaintiff") Fourth Amended Complaint as follows.

## INTRODUCTION

1.      This is a suit brought by thirty-two consumers residing in Connecticut who collectively entered into twenty mortgage loans with the defendants. The plaintiffs claim that Defendants violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, in each of their transactions by failing to provide them with the notification of their right to rescind the mortgage as required by TILA.

**ANSWER:**      Paragraph 1 is a summary description of the allegations within Plaintiffs' Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Defendant denies any remaining allegations in paragraph 1.

## PARTIES

2.      The Plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with Ameriquest Mortgage Company or Argent Mortgage Company, LLC. Many of the mortgages were subsequently assigned to one of the other Defendants.

**ANSWER:**      Defendant objects to the term "consumers" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2. Defendant denies any remaining allegations in paragraph 2.

3.      All Plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. Defendant denies any remaining allegations in paragraph 3.

4.     All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendants' misconduct.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5.     Defendant Ameriquest Mortgage Company is a foreign corporation with primary place of business in Orange, California.

**ANSWER:**     Defendant admits that co-Defendant Ameriquest Mortgage Company had a place of business in Orange, California. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.  Defendant denies any remaining allegations in paragraph 5.

6.     Defendant Argent Mortgage Company, LLC, is a foreign corporation with primary place of business in Irvine, California.

**ANSWER:**     Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company and had primary place of business in Orange, California. Defendant denies any remaining allegations in paragraph 6.

7.     Defendant Countrywide Home Loans, Inc. is a foreign corporation with a primary place of business in Calabasas, California.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. Defendant denies any remaining allegations in paragraph 7.

8.     Defendant Ameriquest Funding II REO Subsidiary, LLC, is a Delaware limited liability company with a primary place of business in Orange, California.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

- 2 -

9.      Defendant HSBC Mortgage Services, Inc. is a Delaware corporation with primary place of business in Prospect Heights, Illinois.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10.     Defendant HSBC Bank USA, National Association f/k/a HSBC Bank USA ("HSBC") is a foreign corporation with a primary place of business in Wilmington, Delaware.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

11.     Defendant Household Realty Corporation is a Delaware corporation with a primary place of business in Prospect Heights, Illinois.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12.     Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in Santa Ana, California. It holds legal title, as trustee, to some of the mortgage loans originated by Ameriquest and Argent at issue in this suit and as further indicated in each count of this complaint below. DBNT is the trustee of the following Defendant asset-backed securities:

        a.      Deutsche Bank National Trust Company, As Trustee Of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under The Pooling & Servicing Agreement Dated As Of October 1, 2003, Without Recourse,

        b.      Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities, Inc., Asset Backed-Through Certificates, Series 2003-1, Under The Pooling & Servicing Agreement Dated As Of February 1, 2003, Without Recourse,

        c.      Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series

- 3 -

2003-8 Under The Pooling & Servicing Agreement Dated As Of Aug 1, 2003, Without Recourse

d.  Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-10 Under The Pooling & Servicing Agreement Dated As Of October 1, 2003, Without Recourse,

e.  Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-13 Under The Pooling & Servicing Agreement Date December 1,2003, Without Recourse,

f.  Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 Under The Pooling & Servicing Agreement Dated As Of July 1, 2004, Without Recourse,

g.  Deutsche Bank National Trust Company, As Trustee Of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8 Under The Pooling & Servicing Agreement Dated As Of August 1, 2004, Without Recourse.

**ANSWER:**  Defendant admits that Deutsche Bank National Trust Company serves as trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under The Pooling & Servicing Agreement Dated As Of October 1, 2003, Without Recourse.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13.  Defendant WM Specialty Mortgage LLC ("WM"), is a Delaware limited liability company. It holds legal title to some of the mortgage loans originated by Ameriquest and Argent at issue in this suit. Its registered agent is Corporation Service Company in Wilmington, Delaware.

**ANSWER:**  Defendant admits that WM Specialty Mortgage, LLC holds title to some of the mortgage loans originated by Argent at issue in this suit.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14. Defendant Household Finance Corporation ("Household") is a foreign corporation with a primary place of business in Pomona, California.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

## JURISDICTION

15. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§1331-32.

**ANSWER:** Paragraph 15 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 15.

16. This Court has jurisdiction over the Defendants because they regularly conduct business in this state.

**ANSWER:** Defendant admits that it conducted business in the State of Connecticut as well as a number of other states through August 2007. The remaining allegations in paragraph 16 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 16.

17. Venue in this Court is proper because this case has been transferred to this multidistrict litigation. Additionally the Plaintiffs are residents of Connecticut and this action concerns real property located in Connecticut, where this action originated before being transferred to this multidistrict litigation.

**ANSWER:** Paragraph 17 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 17.

BN 2118152v1

## FIRST COUNT

### (LOUIS PASACRETA, JR. V. ARGENT MORTGAGE COMPANY, LLC & DEUTSCHEBANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC.ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-W5 UNDER THEPOOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUTRECOURSE)

18.     On or about August 13, 2003, Louis Pasacreta, Jr. ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 20 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 20.

21.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 21 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 21.

- 6 -

22.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 22 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 22.

23.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2003, Without Recourse.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company serves as trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2003, Without Recourse. Defendant denies any remaining allegations in paragraph 23.

24.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 24 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 25 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 25.

26.     More than twenty calendar days have passed since Defendants received the notices of rescission.

- 7 -

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 27 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 27.

28.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 28 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 28.

29.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. §36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.    Rescission of this transaction;

   b.    Termination of any security interest in Plaintiff's property created under the transaction;

   c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

   d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

   e.    Forfeiture of loan proceeds;

   f.    Actual damages in an amount to be determined at trial; and

   g.    A reasonable attorney's fee.

- 8 -

**ANSWER:**    Paragraph 29 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 29.

## SECOND COUNT

### (MONTRIA HOSPOD & MICHAEL ROSH V. ARGENT MORTGAGE COMPANY, LLC,COUNTRYWIDE HOME LOANS, INC., & AMERIQUEST FUNDING II REOSUBSIDIARY, LLC)

30.    On or about June 25, 2004, Montria Hospod & Michael Rosh ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30. Defendant denies any remaining allegations in paragraph 30.

31.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

32.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    Paragraph 32 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 32.

33.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**    Paragraph 33 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 33.

- 9 -

34.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 34 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 34.

35.     This mortgage loan was assigned to Co-Defendant Countrywide Home Loans, Inc.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned." Defendant denies any remaining allegations in paragraph 35.

36.     This mortgage loan was assigned to Co-Defendant Ameriquest Funding II REO Subsidiary, LLC.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned." Defendant admits that Plaintiffs' mortgage loan was sold to Ameriquest Funding II REO Subsidiary, LLC. Defendant denies any remaining allegations in paragraph 36.

37.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignees of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 37 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. Defendant denies any remaining allegations in paragraph 37.

38.     The assignees of Plaintiff's mortgage are subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 38 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 38.

39.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39. Defendant denies any remaining allegations in paragraph 39.

40.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 40 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 40.

41.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 41 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 41.

42.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. §36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

- 11 -

**ANSWER:** Paragraph 42 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 42.

## THIRD COUNT

### (STEPHEN & CORRENA LUKAS V. AMERIQUEST MORTGAGE COMPANY, HSBC MORTGAGE SERVICES, INC. & HOUSEHOLD REALTY CORP.)

43.     On or about January 9, 2004, Stephen & Correna Lukas ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43. Defendant denies any remaining allegations in paragraph 43.

44.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.  Defendant denies any remaining allegations in paragraph 44.

45.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** Paragraph 45 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 45.

46.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:** Paragraph 46 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 46.

- 12 -

47.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 47 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 47.

48.     This mortgage loan was assigned to, or otherwise obtained by, Co-Defendant HSBC Mortgage Services, Inc.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48. Defendant denies any remaining allegations in paragraph 48.

49.     Alternatively, or in addition, this mortgage loan was assigned to Co-Defendant Household Realty Corp.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49. Defendant denies any remaining allegations in paragraph 49.

50.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignees of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 50 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50. Defendant denies any remaining allegations in paragraph 50.

51.     The assignees of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 51 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 51.

52.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52. Defendant denies any remaining allegations in paragraph 52.

53.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 53 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 53.

54.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 54 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 54.

55.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney's fee.

- 14 -

**ANSWER:** Paragraph 55 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 55.

## FOURTH COUNT

## (ANGELA DIMAIO-DAWKINS V. AMERIQUEST MORTGAGE COMPANY, HSBC MORTGAGE SERVICES, INC., & HOUSEHOLD REALTY CORP.)

56. On or about January 14, 2004, Angela DiMaio-Dawkins ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56. Defendant denies any remaining allegations in paragraph 56.

57. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57. Defendant denies any remaining allegations in paragraph 57.

58. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** Paragraph 58 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 58.

59. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:** Paragraph 59 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 59.

BN 2118152v1

60.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 60 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 60.

61.     This mortgage loan was assigned to, or otherwise obtained by, Co-Defendant HSBC Mortgage Services, Inc.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61. Defendant denies any remaining allegations in paragraph 61.

62.     Alternatively, or in addition, this mortgage loan was assigned to Co-Defendant Household Realty Corp.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62. Defendant denies any remaining allegations in paragraph 62.

63.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 63 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63. Defendant denies any remaining allegations in paragraph 63.

64.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 64 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 64.

65.     More than twenty calendar days have passed since Defendants received the notices of rescission.

- 16 -

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65. Defendant denies any remaining allegations in paragraph 65.

66.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 66 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 66.

67.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 67 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 67.

68.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney's fee.

- 17 -

**ANSWER:** Paragraph 68 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 68.

## FIFTH COUNT

## (FRANKLIN & DENISE MURPHY V. AMERIQUEST MORTGAGE COMPANY )

69. On or about January 16, 2004, Franklin & Denise Murphy ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69. Defendant denies any remaining allegations in paragraph 69.

70. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70. Defendant denies any remaining allegations in paragraph 70.

71. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** Paragraph 71 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 71.

72. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:** Paragraph 72 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 72.

73.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 73 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 73.

74.     Upon information and belief, Ameriquest assigned the Plaintiff's mortgage to another entity.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74. Defendant denies any remaining allegations in paragraph 74.

75.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 75 contains conclusions of law to which no answer is required. To the extent an answer is required,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75. Defendant denies any remaining allegations in paragraph 75.

76.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76. Defendant denies any remaining allegations in paragraph 76.

77.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 77 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescinded. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 77.

- 19 -

78.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 78 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescinded.  Further answering, Defendant denies that Plaintiffs has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 78.

79.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

**ANSWER:**    Paragraph 79 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 79.

## SIXTH COUNT

### (DWUITH PASCOE & TANYA PASCOE V. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R7 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JULY 1, 2004, WITHOUT RECOURSE)

80.     On or about May 10, 2004, Dwuith Pascoe entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and both he and Tanya Pascoe ("Plaintiff") provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80. Defendant denies any remaining allegations in paragraph 80.

81.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81. Defendant denies any remaining allegations in paragraph 81.

82.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 82 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 82.

83.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 83 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 83.

84.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 84 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 84.

85.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004, Without Recourse.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85. Defendant denies any remaining allegations in paragraph 85.

86.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 86 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86. Defendant denies any remaining allegations in paragraph 86.

87.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 87 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 87.

88.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88. Defendant denies any remaining allegations in paragraph 88.

BN 2118152v1

89.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 89 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescinded. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 89.

90.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 90 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescinded. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 90.

91.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

g.     A reasonable attorney's fee.

**ANSWER:**     Paragraph 91 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 91.

- 23 -

## SEVENTH COUNT

## (GLEN ROGERS & PATRICIA ROGERS V. AMERIQUEST MORTGAGE COMPANY & HOUSEHOLD FINANCE CORPORATION.)

92.     On or about July 8, 2004, Glen Rogers & Patricia Rogers ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92. Defendant denies any remaining allegations in paragraph 92.

93.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93. Defendant denies any remaining allegations in paragraph 93.

94.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 94 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 94.

95.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 95 contains conclusions of law to which no answer is required.  Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction."  Defendant denies any remaining allegations in paragraph 95.

96.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**<u>ANSWER:</u>**     Paragraph 96 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 96.

97.     This mortgage loan was assigned, or otherwise transferred, to Co-Defendant Household Finance Corporation. Household owns an interest in this mortgage loan.

**<u>ANSWER:</u>**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97. Defendant denies any remaining allegations in paragraph 97.

98.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator of this mortgage loan and HSBC Mortgage Services, Inc. ("the assignee"), which notices have been received by each Defendant.

**<u>ANSWER:</u>**     Paragraph 98 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98. Defendant denies any remaining allegations in paragraph 98.

99.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**<u>ANSWER:</u>**     Paragraph 99 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 99.

100.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**<u>ANSWER:</u>**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100. Defendant denies any remaining allegations in paragraph 100.

BN 2118152v1

101.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 101 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescinded. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 101.

102.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 102 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescinded. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 102.

103.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

g.     A reasonable attorney's fee.

**ANSWER:**     Paragraph 103 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 103.

## EIGHTH COUNT

## (RICHARD & HEIDI CHARETTE V. AMERIQUEST MORTGAGE COMPANY & HSBC MORTGAGE SERVICES, INC.)

104.    On or about September 7, 2004, Richard & Heidi Charette ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104. Defendant denies any remaining allegations in paragraph 104.

105.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105. Defendant denies any remaining allegations in paragraph 105.

106.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    Paragraph 106 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 106.

107.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**    Paragraph 107 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 107.

108.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 108 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 108.

109.     This mortgage loan was assigned to Co-Defendant HSBC Mortgage Services, Inc.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109. Defendant denies any remaining allegations in paragraph 109.

110.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 110 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110. Defendant denies any remaining allegations in paragraph 110.

111.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 111 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 111.

112.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112. Defendant denies any remaining allegations in paragraph 112.

113.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

- 28 -

**ANSWER:**     Paragraph 113 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiffs' loan has not been rescinded. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 113.

114.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 114 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiffs' loan has not been rescinded. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 114.

115.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

g.     A reasonable attorney's fee.

**ANSWER:**     Paragraph 115 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 115.

## NINTH COUNT

**(WILLIE MAE CUE V. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED-THROUGH CERTIFICATES,**

- 29 -

**SERIES 2003-1,UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF FEBRUARY 1,2003, WITHOUT RECOURSE)**

116.     On or about December 13, 2002, Willie Mae Cue ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116. Defendant denies any remaining allegations in paragraph 116.

117.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117. Defendant denies any remaining allegations in paragraph 117.

118.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 118 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 118.

119.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 119 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 119.

120.    The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

**ANSWER:**    Paragraph 120 contains conclusions of law to which no answer is required.
Defendant denies any remaining allegations in paragraph 120.

121.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust

Company, as Trustee of Ameriquest Mortgage Securities, Inc., Asset Backed-Through

Certificates, Series 2003-1, under the Pooling & Servicing Agreement Dated as of February 1,

2003, Without Recourse.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 121. Defendant denies any remaining
allegations in paragraph 121.

122.    The Plaintiff exercised the extended right to rescind the contract by sending notice

by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which

notices have been received by each Defendant.

**ANSWER:**    Paragraph 122 contains conclusions of law to which no answer is required. To the
extent an answer is required,  Defendant is without knowledge or information
sufficient to form a belief as to the truth of the allegations in paragraph 122.
Defendant denies any remaining allegations in paragraph 122.

123.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to

15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**    Paragraph 123 contains conclusions of law to which no answer is required.
Defendant denies any remaining allegations in paragraph 123.

124.    More than twenty calendar days have passed since Defendants received the

notices of rescission.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 124. Defendant denies any remaining
allegations in paragraph 124.

- 31 -

125.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 125 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 125.

126.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 126 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescinded. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 126.

127.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

**ANSWER:**    Paragraph 127 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 127.

## TENTH COUNT

### (JOANNE & JOSEPH ABBATEMATTEO V. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-13 UNDER THE POOLING & SERVICING AGREEMENT DATE DECEMBER 1, 2003, WITHOUT RECOURSE)

128.    On or about October 24, 2003, Joanne & Joseph Abbatematteo ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128. Defendant denies any remaining allegations in paragraph 128.

129.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129. Defendant denies any remaining allegations in paragraph 129.

130.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    Paragraph 130 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 130.

131.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**    Paragraph 131 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 131.

132.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 132 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 132.

133.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-13 under the Pooling & Servicing Agreement date December 1,2003, Without Recourse.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133. Defendant denies any remaining allegations in paragraph 133.

134.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 134 contains conclusions of law to which no answer is required. To the extent an answer is required,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134. Defendant denies any remaining allegations in paragraph 134.

135.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 135 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 135.

136.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136. Defendant denies any remaining allegations in paragraph 136.

- 34 -

137.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 137 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 137.

138.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 138 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 138.

139.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney's fee.

**ANSWER:**    Paragraph 139 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 139.

- 35 -

## ELEVENTH COUNT

## (JERVIS & JUDITH BELL V. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

140.     On or about November 18, 2004, Jervis & Judith Bell ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140. Defendant denies any remaining allegations in paragraph 140.

141.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141. Defendant denies any remaining allegations in paragraph 141.

142.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 142 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 142.

143.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 143 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 143.

- 36 -

144. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**   Paragraph 144 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 144.

145. This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145. Defendant denies any remaining allegations in paragraph 145.

146. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**   Paragraph 146 contains conclusions of law to which no answer is required. To the extent an answer is required,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146. Defendant denies any remaining allegations in paragraph 146.

147. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**   Paragraph 147 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 147.

148. More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148. Defendant denies any remaining allegations in paragraph 148.

149.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 149 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 149.

150.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 150 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 150.

151.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

     a.     Rescission of this transaction;

     b.     Termination of any security interest in Plaintiff's property created under the transaction;

     c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

     d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

     e.     Forfeiture of loan proceeds;

     f.     Actual damages in an amount to be determined at trial; and

     g.     A reasonable attorney's fee.

**ANSWER:**     Paragraph 151 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 151.

## TWELFTH COUNT

### (CAROLYN F. BUNISKI V. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-10 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1,2003, WITHOUT RECOURSE)

152.    On or about August 14, 2003, Carolyn F. Buniski ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152. Defendant denies any remaining allegations in paragraph 152.

153.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 153. Defendant denies any remaining allegations in paragraph 153.

154.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    Paragraph 154 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 154.

155.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**    Paragraph 155 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 155.

- 39 -

156.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 156 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 156.

157.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-10 under the Pooling & Servicing Agreement dated as of October 1, 2003, Without Recourse.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157. Defendant denies any remaining allegations in paragraph 157.

158.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 158 contains conclusions of law to which no answer is required. To the extent an answer is required,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158. Defendant denies any remaining allegations in paragraph 158.

159.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 159 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 159.

160.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160. Defendant denies any remaining allegations in paragraph 160.

- 40 -

161.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 161 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 161.

162.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 162 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 162.

163.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney's fee.

**ANSWER:**    Paragraph 163 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 163.

- 41 -

## THIRTEENTH COUNT

### (MATTHEW CAVALLO III V. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R7 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF JULY 1, 2004, WITHOUT RECOURSE)

164.    On or about May 23, 2004, Matthew Cavallo III ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164. Defendant denies any remaining allegations in paragraph 164.

165.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165. Defendant denies any remaining allegations in paragraph 165.

166.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    Paragraph 166 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 166.

167.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**    Paragraph 167 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 167.

- 42 -

168.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 168 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 168.

169.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7 under the Pooling & Servicing Agreement dated as of July 1, 2004, Without Recourse.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169. Defendant denies any remaining allegations in paragraph 169.

170.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 170 contains conclusions of law to which no answer is required. To the extent an answer is required,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170. Defendant denies any remaining allegations in paragraph 170.

171.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 171 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 171.

172.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172. Defendant denies any remaining allegations in paragraph 172.

173.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 173 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 173.

174.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 174 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 174.

175.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

    b.    Termination of any security interest in Plaintiff's property created under the transaction;

    c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

    d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

    e.    Forfeiture of loan proceeds;

    f.    Actual damages in an amount to be determined at trial; and

    g.    A reasonable attorney's fee.

**ANSWER:**    Paragraph 175 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 175.

- 44 -

## FOURTEENTH COUNT

### (MARCI & ROBERT DAY V. ARGENT MORTGAGE COMPANY, LLC & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC. ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-W5 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003, WITHOUT RECOURSE)

176.    On or about August 18, 2003, Marci & Robert Day ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176. Defendant denies any remaining allegations in paragraph 176.

177.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177. Defendant denies any remaining allegations in paragraph 177.

178.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    Paragraph 178 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 178.

179.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**    Paragraph 179 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 179.

- 45 -

180.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**    Paragraph 180 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 180.

181.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2003, Without Recourse.

**ANSWER:**    Defendant denies the characterization and use of the term "assigned." Defendant admits that Deutsche Bank National Trust Company serves as trustee of Argent Securities, Inc. Asset Backed Pass-Through Certificates, Series 2003-W5 Under the Pooling & Servicing Agreement Dated as of October 1, 2003, Without Recourse. Defendant denies any remaining allegations in paragraph 181.

182.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    Paragraph 182 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182. Defendant denies any remaining allegations in paragraph 182.

183.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**    Paragraph 183 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 183.

184.    More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184. Defendant denies any remaining allegations in paragraph 184.

185.  The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**  Paragraph 185 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 185.

186.  The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**  Paragraph 186 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 186.

187.  As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney's fee.

- 47 -

**ANSWER:**     Paragraph 187 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 187.

### FIFTEENTH COUNT

### (RAFAELA GUZMAN & OSCAR PEÑA V. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)

188.     On or about July 22, 2004, Rafaela Guzman & Oscar Peña ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188. Defendant denies any remaining allegations in paragraph 188.

189.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189. Defendant denies any remaining allegations in paragraph 189.

190.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 190 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 190.

191.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

- 48 -

**ANSWER:**   Paragraph 191 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 191.

192.   The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**   Paragraph 192 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 192.

193.   This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8 under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193. Defendant denies any remaining allegations in paragraph 193.

194.   The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**   Paragraph 194 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194. Defendant denies any remaining allegations in paragraph 194.

195.   The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**   Paragraph 195 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 195.

BN 2118152v1

196.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196. Defendant denies any remaining allegations in paragraph 196.

197.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 197 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 197.

198.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 198 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 198.

199.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.     Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.     Forfeiture of loan proceeds;

- 50 -

      f.      Actual damages in an amount to be determined at trial; and

      g.      A reasonable attorney's fee.

**ANSWER:**    Paragraph 199 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 199.

## SIXTEENTH COUNT

### (CHERYL DOUGLAS-CHISHOLM V. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R8, UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUGUST 1, 2004, WITHOUT RECOURSE)

200.    On or about January 13, 2004, Cheryl Douglas-Chisholm ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200. Defendant denies any remaining allegations in paragraph 200.

201.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201. Defendant denies any remaining allegations in paragraph 201.

202.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    Paragraph 202 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 202.

203.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**    Paragraph 203 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 203.

204.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**    Paragraph 204 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 204.

205.    This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R8, under the Pooling & Servicing Agreement dated as of August 1, 2004, Without Recourse.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205. Defendant denies any remaining allegations in paragraph 205.

206.    The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**    Paragraph 206 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206. Defendant denies any remaining allegations in paragraph 206.

207.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 207 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 207.

208.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208. Defendant denies any remaining allegations in paragraph 208.

209.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 209 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 209.

210.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 210 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 210.

211.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.     Rescission of this transaction;

    b.     Termination of any security interest in Plaintiff's property created under the transaction;

- 53 -

     c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

     d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

     e.     Forfeiture of loan proceeds;

     f.     Actual damages in an amount to be determined at trial; and

     g.     A reasonable attorney's fee.

**ANSWER:**    Paragraph 211 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 211.

## SEVENTEENTH COUNT

### (JEFFREY COUTANT & SHARON COUTANT V. AMERIQUEST MORTGAGE COMPANY, HSBC MORTGAGE SERVICES, INC., AND HSBC BANK USA, NATIONAL ASSOCIATION F/K/A HSBC BANK USA)

212.    On or about July 23, 2004, Jeffrey Coutant & Sharon Coutant ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212. Defendant denies any remaining allegations in paragraph 212.

213.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213. Defendant denies any remaining allegations in paragraph 213.

214.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**    Paragraph 214 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms

- 54 -

"consumer credit transaction." Defendant denies any remaining allegations in paragraph 214.

215. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:** Paragraph 215 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 215.

216. The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:** Paragraph 216 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 216.

217. This mortgage loan was assigned to Co-Defendant HSBC Mortgage Services, Inc.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217. Defendant denies any remaining allegations in paragraph 217.

218. Alternatively, or in addition, on information and belief, this mortgage loan was assigned to Co-Defendant HSBC Bank USA, National Association f/k/a HSBC Bank USA.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218. Defendant denies any remaining allegations in paragraph 218.

219. The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignees of this mortgage loan, which notices have been received by each Defendant.

- 55 -

**ANSWER:**     Paragraph 219 contains conclusions of law to which no answer is required. To the extent an answer is required,  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219. Defendant denies any remaining allegations in paragraph 219.

220.     The assignees of Plaintiff's mortgage are subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**     Paragraph 220 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 220.

221.     More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221. Defendant denies any remaining allegations in paragraph 221.

222.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 222 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 222.

223.     The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**     Paragraph 223 contains conclusions of law to which no answer is required.  If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan.  Defendant denies the any remaining allegation in paragraph 223.

224.     As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney's fee.

**ANSWER:**   Paragraph 224 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 224.

## EIGHTEENTH COUNT

## (SIMON A. DELL V. AMERIQUEST MORTGAGE COMPANY & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

225.    On or about July 3, 2003, Simon A. Dell ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225. Defendant denies any remaining allegations in paragraph 225.

226.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 226. Defendant denies any remaining allegations in paragraph 226.

- 57 -

227.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:**     Paragraph 227 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 227.

228.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 228 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 228.

229.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 229 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 229.

230.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230. Defendant denies any remaining allegations in paragraph 230.

231.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 231 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 231. Defendant denies any remaining allegations in paragraph 231.

232.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**    Paragraph 232 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 232.

233.    More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233. Defendant denies any remaining allegations in paragraph 233.

234.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 234 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 234.

235.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 235 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 235.

236.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

c.    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.    Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.    Forfeiture of loan proceeds;

f.    Actual damages in an amount to be determined at trial; and

g.    A reasonable attorney's fee.

**ANSWER:**    Paragraph 236 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 236.

## NINETEENTH COUNT

### (MIGDALIA FIGUEROA V. ARGENT MORTGAGE COMPANY, LLC & WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE)

237.    On or about June 4, 2004, Migdalia Figueroa ("Plaintiff") entered into a loan agreement with Defendant Argent Mortgage Company, LLC (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237. Defendant denies any remaining allegations in paragraph 237.

238.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238. Defendant denies any remaining allegations in paragraph 238.

239.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

- 60 -

**ANSWER:**     Paragraph 239 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 239.

240.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 240 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 240.

241.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 241 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 241.

242.     This mortgage loan was assigned to Co-Defendant WM Specialty Mortgage LLC, Without Recourse.

**ANSWER:**     Defendant denies the characterization and use of the term "assigned." Defendant admits that Plaintiff's loan was sold to WM Specialty Mortgage, LLC. Defendant denies any remaining allegations in paragraph 242.

243.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 243 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243. Defendant denies any remaining allegations in paragraph 243.

- 61 -

244.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:**    Paragraph 244 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 244.

245.    More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245. Defendant denies any remaining allegations in paragraph 245.

246.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 246 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 246.

247.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:**    Paragraph 247 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiff's loan has not been rescind. Further answering, Defendant denies that Plaintiff has the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 247.

248.    As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.    Rescission of this transaction;

b.    Termination of any security interest in Plaintiff's property created under the transaction;

      c.      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

      d.      Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

      e.      Forfeiture of loan proceeds;

      f.      Actual damages in an amount to be determined at trial; and

      g.      A reasonable attorney's fee.

**ANSWER:**      Paragraph 248 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 248.

## TWENTIETH COUNT

### (NICHOLAS AND ANN GRIFFIN V. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-8 UNDER THE POOLING & SERVICING AGREEMENT DATED AS OF AUG 1, 2003, WITHOUT RECOURSE)

249.     On or about June 21, 2003, Nicholas and Ann Griffin ("Plaintiff") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiff's residence to secure the indebtedness.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249. Defendant denies any remaining allegations in paragraph 249.

250.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250. Defendant denies any remaining allegations in paragraph 250.

251.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

- 63 -

**ANSWER:**     Paragraph 251 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 251.

252.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

**ANSWER:**     Paragraph 252 contains conclusions of law to which no answer is required. Further answering, Defendant denies the characterization and use of the terms "consumer credit transaction." Defendant denies any remaining allegations in paragraph 252.

253.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

**ANSWER:**     Paragraph 253 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 253.

254.     This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003, Without Recourse.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254. Defendant denies any remaining allegations in paragraph 254.

255.     The Plaintiff exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

**ANSWER:**     Paragraph 255 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information

- 64 -

sufficient to form a belief as to the truth of the allegations in paragraph 255. Defendant denies any remaining allegations in paragraph 255.

256. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

**ANSWER:** Paragraph 256 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 256.

257. More than twenty calendar days have passed since Defendants received the notices of rescission.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 257. Defendant denies any remaining allegations in paragraph 257.

258. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:** Paragraph 258 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 258.

259. The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

**ANSWER:** Paragraph 259 contains conclusions of law to which no answer is required. If an answer is required, Defendant admits that Plaintiffs' loan has not been rescind. Further answering, Defendant denies that Plaintiffs have the right to rescind the loan. Defendant denies the any remaining allegation in paragraph 259.

260. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

    a. Rescission of this transaction;

b.     Termination of any security interest in Plaintiff's property created under the transaction;

c.     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.     Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiff's rescission notices;

e.     Forfeiture of loan proceeds;

f.     Actual damages in an amount to be determined at trial; and

g.     A reasonable attorney's fee.

**ANSWER:**    Paragraph 260 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 260.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Fourth Amended Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Fourth Amended Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

- 67 -

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Fourth Amended Complaint.

15. Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1. Dismiss Plaintiffs' Fourth Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: August 7, 2008                    Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand (twiegand@winston.com )
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

- 68 -

**<u>CERTIFICATE OF SERVICE</u>**

I, David E. Dahlquist, hereby certify that on this 7th day of August 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:       /s/  David E. Dahlquist