**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Herbert J. Graf Jr. v. Argent Mortgage Co.*; Case No. C.A. 06-283 (RI) | |

**DEFENDANT ARGENT MORTGAGE COMPANY LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY LLC ("Defendant"), by and through its attorneys, answers Plaintiff HERBERT J. GRAF JR. ("Plaintiff") Amended Complaint as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Argent Mortgage Company LLC for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiff's Amended Complaint to which no answer is required. Paragraph 1 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

**ANSWER:** Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits it did business in Illinois and numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4. Plaintiff Herbert J. Graf, Jr. resides at 20 Grove Ave., Cranston, RI 02910.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. Defendant Argent is a National corporation with its principle place of business at One City Boulevard West, Orange, CA 92868.

**ANSWER:** Defendant admits that its principle office was located in Orange, California until August 2007. Defendant denies any remaining allegations in paragraph 5.

6. Argent enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:** Defendant admits that prior to August 2007 it entered into more than 5 mortgage transactions per year. Paragraph 6 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 6.

7. Argent is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:** Paragraph 7 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 7.

8. Argent is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:** Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 8.

9. Defendant Washington Mutual Bank is a federally chartered savings association with its headquarters in Seattle, Washington. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Argent Mortgage Company, including Plaintiffs.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

## FACTS

10. On or about June 17, 2003 Plaintiff Graf and his wife obtained a loan from Argent, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

11. In connection with the transaction, Plaintiff Graf and his wife received or signed the following documents:

   1. A note in the principal amount of $214,200;
   2. A mortgage;
   3. A Truth in Lending statement;

    4.  A notices of right to cancel, attached as <u>Exhibits A</u>; and

    5.  A HUD-1 Settlement Statement.

**ANSWER:** Paragraph 11 contains references to documents to which no answer is required. Defendant references the cited documents in their entirely for a complete and accurate statement of their contents. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

  12. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a) <u>Consumer's right to rescind</u>.

      (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.ffn147

      (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

      (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(1) of the Act, [15 U.S.C. §1635(f)]

      (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one

>           consumer shall be effective as to all consumers.
>
> (b)   Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>    (1)   The retention or acquisition of a security interest in the consumer's principal dwelling.
>
>    (2)   The consumer's right to rescind the transaction.
>
>    (3)   How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
>    (4)   The effects of rescission, as described in paragraph (d) of this section.
>
>    (5)   The date the rescission period expires....
>
> (f)   Exempt transactions.  The right to rescind does not apply to the following:
>
>    (1)   A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
>    (2)   A credit plan in which a state agency is a creditor.

**ANSWER:**   Paragraph 12 contains conclusions of law to which no answer is required.  Further answering, Defendant admits that portions of 12 C.F.R. § 226.23 have been accurately quoted in paragraph 12, but specifically denies the characterization of the language as alleged.  Defendant refers to 12 C.F.R. § 226.23 in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 12.

   13.   The copies of the notice of right to cancel actually delivered to the Plaintiff and his wife were *per se defective* in that they neither specify the date of the consummation of the transaction nor the date of the expiration of the rescission period.

**ANSWER:**   Paragraph 13 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 13**.**

14. The notice of right to cancel received by the Plaintiff was materially defective and therefore confusing.

**ANSWER:** Paragraph 14 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 14.

15. On or about June 13, 2006 the Plaintiff exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as Exhibit B.

**ANSWER:** Paragraph 15 contains references to documents to which no answer is required. Defendant references the cited document in its entirely for a complete and accurate statement of its contents. Paragraph 15 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

## COUNT I - TRUTH IN LENDING ACT

16. Plaintiff incorporates ¶¶ 1-15 as if fully set out herein.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 15.

17. By failing to indicate the date of the transaction and the date by which the right to cancel had to be exercised Argent failed to give Plaintiff *"clear and conspicuous"* disclosure of his right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. therefore, Plaintiff has an extended right to rescind the loan for a three year period after consummation of the loan.

**ANSWER:** Paragraph 17 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 17.

18. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

**ANSWER:** Paragraph 18 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 18.

19. The failure of the Defendant to respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiff to an award of statutory damages.

**ANSWER:** Paragraph 19 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 19**.**

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiff's Amended Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Amended Complaint.

15. Plaintiff's claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiff's Amended Complaint;

2. Enter judgment for Defendant and against Plaintiff in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: August 15, 2008

Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand (twiegand@winston.com)
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

## CERTIFICATE OF SERVICE

I, David E. Dahlquist, hereby certify that on this 15th day of August 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


By:     /s/  David E. Dahlquist