**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO DOCKET #859 | ) ) ) ) ) ) ) | Centralized before The Honorable Marvin E. Aspen |
| AMERIQUEST MORTGAGE CO., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| TRANS UNION, LLC, et al. | ) ) | |
| Third-Party Defendants | ) | |

**STIPULATION FOR INDEFINITE STAY OF ALL PROCEEDINGS WITH RESPECT
TO THE THIRD PARTY COMPLAINT (DOCKET #859)**

WHEREAS in or around July 2007, Ameriquest Mortgage Company ("AMQ") filed a Third Party Complaint (Docket # 859) against Trans Union Corporation, Trans Union LLC, ChoicePoint Precision Marketing, LLC and Equifax Information Services, LLC, successor in interest to Equifax Information Services Inc. and Equifax Credit Marketing Services (hereinafter collectively the "Third Party Defendants"). AMQ's Third Party Complaint alleges that the Third Party Defendants failed in their obligations to AMQ to assist AMQ in complying with the firm offer of credit requirements of the Fair Credit Reporting Act ("FCRA"), and that because of

these alleged failures, in the event that AMQ is found liable to the Non-Borrower Plaintiffs in the Non-Borrower Consolidated Class Action Complaint (Docket #323), then the Third Party Defendants are liable for damages suffered by AMQ;

WHEREAS in or around March 2008, the Court denied in part, and granted in part the Third Party Defendants' motions to dismiss the Third Party Complaint;

WHEREAS at various times in March and April 2008, AMQ and the Third Party Defendants propounded discovery upon each other related to the Third Party Complaint;

WHEREAS on or about April 14, 2008 the Seventh Circuit issued its decision in *Murray v. New Cingular Wireless Services, Inc.*, 2008 U.S. App. LEXIS 8004 (7th Cir. 2008). In *Murray*, the Seventh Circuit clarified the state of the law with regard to firm offers of credit mailers under the FCRA;

WHEREAS based upon *Murray*, this Court granted the individual plaintiffs' motions to dismiss their FCRA firm offer of credit cases (*See* Docket # 2134);

WHEREAS this Court has, at various times, issued a Stipulation for Stay of all Proceedings and Amended Scheduling Order so that the parties could participate in mediation before Judge Daniel Weinstein (Ret.).

WHEREAS the most recent mediation before Judge Weinstein did not result in the resolution of the Plaintiffs' claims; however progress is being made, and another mediation is scheduled for August 6, 2008;

WHEREAS the parties previously entered into a stipulation to stay all discovery with respect to the Third Party Company (Docket #859) until August 15, 2008; and

WHEREAS the parties desire to continue the stay on all discovery, as well as stay ***all proceedings*** with respect to the Third Party Complaint (Docket #859) indefinitely so that the

parties can continue to concentrate on mediating their claims without spending time and resources on the Third Party Complaint which based upon the above case law and the progress at mediation, may be rendered moot.

NOW THEREFORE, based upon the foregoing developments, AMQ and the Third Party Defendants stipulate and agree that:

1. ***All proceedings*** with respect to the Third Party Complaint (Docket #859) are stayed indefinitely;

2. Responses to all currently pending/outstanding discovery are stayed indefinitely; and

3. Any party to this Stipulation may lift the stay at any time by providing written notice to the other parties to this stipulation. If such notice is given, the indefinite stay shall lift 30 days after the date of the written notice. Further, once the stay is lifted, currently pending/outstanding discovery shall be due 45 days after the date of the written notice.

4. The Court may lift the stay at any time upon 30 days notice to the parties to this stipulation. If the Court lifts the stay, currently pending/outstanding discovery shall be due 45 days after the date of notice from the Court.

**IT IS SO STIPULATED**:

Dated: August 19, 2008

          By: /s/ Bernard E. LeSage
              Attorneys for Defendant and
              Third Party Plaintiff Ameriquest
              Mortgage Company

              Bernard E. Le Sage
              Sarah K. Andrus
              BUCHALTER NEMER
              A Professional Corporation
              1000 Wilshire Blvd., Suite 1500
              Los Angeles, CA 90017-2457

Dated: August 19, 2008

          By: /s/ Laurie S. Fulton
              Attorneys for Third Party Defendant
              ChoicePoint Precision Marketing, LLC

              Laurie S. Fulton
              Williams & Connolly
              725 Twelfth Street N.W.
              Washington, D.C. 20005

Dated: August 19, 2008

          By: /s/ Robert Schuckit
              Attorneys for Third Party Defendants
              Trans Union Corporation and Trans
              Union, LLC

              Robert Schuckit
              Schuckit & Associates
              30th Floor Market Tower
              10 W. Market Street, Suite 3000
              Indianapolis, IN 46204

Dated: August 19, 2008

By: /s/ Michael Breslin
Attorneys for Third Party Defendants
Equifax Information Services, LLC,
successor in interest to Equifax
Credit Information Services, Inc. and
Equifax Credit Marketing Services

Michael Breslin
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

**CERTIFICATE OF SERVICE**

  I, Bernard E. LeSage, hereby certify that on this 19th day of August 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                By: /s/ Bernard E. LeSage

BN 2151691v1