# APPENDIX 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO A. SALAZAR and<br>GUADALUPE SALAZAR,<br><br>        Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY<br>and DEUTSCHE BANK NATIONAL TRUST,<br><br>        Defendants. | No. 05 C 4162<br><br>Judge Ronald Guzman |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S
## ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant Ameriquest Mortgage Company ("Ameriquest"), by its attorneys, answers Plaintiffs' third amended complaint as follows:

1.  Plaintiffs Sergio A. Salazar and Guadalupe Salazar bring this action to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), as amended by the Home Ownership & Equity Protection Act of 1994, 15 U.S.C. §§ 1602 (aa) and 1639 ("HOEPA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and to recover damages for consumer fraud.

**ANSWER:** Ameriquest admits that Plaintiffs have filed a lawsuit against it. Ameriquest denies all remaining allegations in Paragraph 1. Ameriquest specifically denies that it violated the Truth in Lending Act, the Home Ownership & Equity Protection Act of 1994, the Federal Reserve Board Regulation Z, or the Illinois Consumer Fraud Act.

2.  The U.S. District Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA) and 1367 (supplemental jurisdiction).

**ANSWER:** Ameriquest does not contest subject matter jurisdiction, personal jurisdiction, or venue. Ameriquest denies any remaining allegations in Paragraph 2.

3.  Defendant does business in the District and is deemed to reside here.

**ANSWER:** Ameriquest admits that it does business in the District. Ameriquest denies the remaining allegations in Paragraph 3.

4. A version of this action was previously filed as an adversary proceeding in <u>In re Sergio A. Salazar and Guadalupe Salazar</u>, 04 B 47538 (N.D. Ill. Br.). On July 7, 2005, the bankruptcy case was dismissed without prejudice as to the adversary complaint.

**ANSWER:** Ameriquest admits that Plaintiffs filed an adversary complaint within their bankruptcy proceeding and that, on July 7, 2005, Plaintiffs' bankruptcy proceeding was dismissed. Ameriquest denies the remaining allegations in Paragraph 4.

5. Plaintiffs own and reside in a home at 3800 Marshall Court, Bellwood, IL 60104.

**ANSWER:** Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois.

**ANSWER:** Ameriquest admits that it is a corporation, that it is incorporated in a state other than Illinois, and that it maintains offices and does business in Illinois. Ameriquest denies any remaining allegations in Paragraph 6.

7. Ameriquest's registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Ameriquest admits that its registered agent is National Registered Agents, Inc., which has offices at 200 West Adams, Chicago, Illinois. Ameriquest denies any remaining allegations in Paragraph 7.

8. Ameriquest is engaged in the business of originating "subprime" mortgages and makes more than 26 loans per year.

**ANSWER:** Ameriquest objects to the term "subprime" as vague. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of "subprime." Ameriquest admits that it engaged in the business of originating loans secured by mortgages and that, during the relevant time period of Plaintiffs' loan, it

2

originated more than 26 loans per year. Ameriquest denies any remaining allegations in Paragraph 8.

9. Defendant Deutsche Bank National Trust ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does business in Illinois. It is engaged in the business of buying "subprime" mortgage loans on Illinois properties.

**ANSWER:** Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Prior to May 28, 2002, plaintiffs were referred to Ameriquest by a debt collector.

**ANSWER:** Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. A few days later, plaintiffs received a letter from Ameriquest asking them to contact Carlos Rayas, then branch manager of Ameriquest's branch office at 1020 31st Street, #218, Downer's Grove, Illinois.

**ANSWER:** Ameriquest objects to the allegations in Paragraph 11 as vague. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Plaintiffs called Mr. Rayas, who quickly arranged a loan for them on behalf of Ameriquest.

**ANSWER:** Ameriquest denies the allegations in Paragraph 12.

13. When plaintiffs called Ameriquest to ask why the closing was scheduled so quickly, they were told that they were at risk for losing their home.

**ANSWER:** Ameriquest denies the allegations in Paragraph 13.

14. Ameriquest closed the loan on or about May 28, 2002 at Ameriquest's office. Present at the closing were Mr. Rayas and plaintiffs.

**ANSWER:** Ameriquest admits that Plaintiffs signed the loan and disclosure documents on May 28, 2002 at one of Ameriquest's branch offices. Ameriquest denies the remaining allegations in Paragraph 14.

3

15. At closing, plaintiffs noticed that the interest rate on the note had been increased above what they were previously told it would be. See Exhibit A. When they asked why, Mr. Rayas told them not to worry and that the interest rate would go down in time. In fact, the Adjustable Rate Note that plaintiffs signed at closing provides that the interest rate on the loan will "never be... less than 10.99%," which was the initial rate in the note. Exhibit B., p. 2, ¶D. The rate can go as high as 16.99%.

**ANSWER:** Ameriquest admits that Plaintiffs received and signed at the loan closing a document entitled "borrower's acknowledgement of final loan terms." Ameriquest admits that Exhibit A is a copy, smaller in size than the original, of the borrower's acknowledgement of final loan terms. Ameriquest admits that the adjustable rate note Plaintiffs received and signed disclosed that the interest rate would not adjust lower than 10.99%, the initial interest rate, or adjust higher, under certain specified circumstances, than 16.99%. Ameriquest admits that Exhibit B is a copy, smaller in size than the original, of Plaintiffs' adjustable rate note. Ameriquest denies the remaining allegations in Paragraph 15.

16. Plaintiffs were rushed through the closing. Mr. Rayas did not provide any explanation of the loan documents to plaintiffs.

**ANSWER:** Ameriquest denies the allegations in Paragraph 16.

17. At closing, plaintiffs signed or received the following documents relating to the loan:

    a. a note, a true and accurate copy of which (except for the 8 1/2 x 11 size) is attached as Exhibit B;

    b. a mortgage, Exhibit C;

    c. a Truth in Lending disclosure statement, Exhibit D;

    d. two different notices of right to cancel, Exhibits E and F. Plaintiffs were given only a single copy of the federal notice of right to cancel, Exhibit E.

    e. The first of two settlement statements, Exhibit H, which does not in fact reflect the actual disbursements Ameriquest or its closing agent would later make.

**ANSWER:** Ameriquest objects to the allegations in Paragraph 17 as vague. Ameriquest admits that Plaintiffs entered into a loan with Ameriquest. Ameriquest admits that,

in connection with the loan transaction, Plaintiffs received and signed a note, mortgage, a Truth in Lending disclosure statement, several copies of a notice of right to cancel, several copies of a document entitled "one week cancellation period," and a settlement statement. Ameriquest admits that Exhibits B and D are, respectively, poor copies, smaller in size than the originals, of the note and Truth in Lending disclosure statement. Ameriquest affirmatively states that Exhibit C appears to be an incomplete copy of the mortgage. Ameriquest admits that Exhibit E appears to be a poor, cut-off copy, of the notice of right to cancel. Ameriquest affirmatively states that Exhibit F appears to be a poor, cut-off copy of the one week cancellation period form. Ameriquest denies that Plaintiffs received only one copy of the notice of right to cancel. Ameriquest denies that Exhibits E and F constitute two different notices of right to cancel. Ameriquest denies the remaining allegations in Paragraph 17.

  18. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debts incurred for such purposes.

  **ANSWER:** Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

  19. Plaintiffs were supposed to receive $4,584.00 in cash from the loan proceeds, as indicated on Exhibit G. Subsequent to closing, plaintiffs received a check for under $200.00. On information and belief, the balance was not disbursed to plaintiffs or for their benefit.

  **ANSWER:** Ameriquest denies the allegations in Paragraph 19.

  20. The loan was not in fact disbursed as shown on Exhibit H.

  **ANSWER:** Ameriquest denies the allegations in Paragraph 20.

  21. The debts and amounts to be paid from the loan were later changed as shown on a second settlement statement, Exhibit I, which is not signed by plaintiffs.

  **ANSWER:** Ameriquest denies the allegations in Paragraph 21.

  22. Previously, on or about May 28, 2002, plaintiffs were given a document entitled "Summary of Debts and Disbursements," Exhibit G. The debts and amounts to be paid on Exhibit G do not correspond with those listed Exhibit I.

**ANSWER:** Ameriquest admits that Plaintiffs received a document entitled "summary of debts and disbursements." Ameriquest admits that Exhibit G appears to be a poor, cut-off copy, smaller in size than the original, of the summary of debts and disbursements. Ameriquest denies the remaining allegations in Paragraph 22.

## COUNT I - TILA

23.    Plaintiffs incorporate paragraphs 1-22 above.

**ANSWER:** Ameriquest incorporates its answers to paragraphs 1-22 above as its answer to Paragraph 23.

24.    The TILA disclosures made to plaintiffs were grossly deficient in multiple ways, as set forth below.

**ANSWER:** Ameriquest denies the allegations in Paragraph 24.

25.    The "points and fees" on the loan exceed the 8% threshold that triggers application of HOEPA. 15 U.S.C. §1602(aa) and 12 C.F.R. 226 Supp. I, par. 32(a)(1)(ii).

**ANSWER:** Ameriquest denies the allegations in Paragraph 25.

26.    Defendant did not give plaintiffs the advance disclosures that are required by HOEPA for a HOEPA loan.

**ANSWER:** Ameriquest denies the allegations in Paragraph 26.

27.    On information and belief, defendant Deutsche Bank is the current owner of plaintiffs' loan.

**ANSWER:** Ameriquest admits that Deutsche Bank National Trust Company is the present holder of Plaintiffs' loan. Ameriquest denies any remaining allegations in Paragraph 27.

28.    Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

   (a)    <u>Consumer's right to rescind</u>.

   (1)    **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall**

6

have the right to rescind the transaction, except for transaction described in paragraph (f) of this section.[fn]47

(2)   To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed or telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3)   The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4)   When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)   <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)   The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)   The consumer's right to rescind the transaction.

(3)   How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)   The effects of rescission, as described in paragraph (d) of this section.

(5)   The date the rescission period expires . . .

(f)   <u>Exempt transactions</u>. The right to rescind does not apply to the following:

(1)   A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

7

(2) **A credit plan in which a state agency is a creditor.**

**ANSWER:** Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations that the transaction was secured by Plaintiffs' home. Ameriquest denies that 12 C.F.R. § 226.23(f)(2) states "(2) A credit plan in which a stage agency is a creditor." Ameriquest admits that the remaining allegations in Paragraph 28 contain a portion of the text of 12 C.F.R. § 226.23. Ameriquest denies the allegations of Paragraph 28 insofar as they purport to make any allegation of wrongdoing by Ameriquest under the statute. Ameriquest denies the remaining allegations in Paragraph 28.

29. Plaintiffs were not given accurate financial disclosures on the TILA Disclosure Statement, Exhibit D, in violation of 15 U.S.C. §1638 and 12 C.F.R. 226.18. The APR, finance charge and amount financed were grossly understated, in excess of TILA's applicable tolerance.

**ANSWER:** Ameriquest denies the allegations in Paragraph 29.

30. Plaintiffs were not given the advance disclosures required for a HOEPA loan, in violation of 15 U.S.C. §1639 and 12 C.F.R. §226.32(c).

**ANSWER:** Ameriquest denies the allegations in Paragraph 30.

31. The payment schedule is not fully and completely disclosed on Exhibit D, in violation of 15 U.S.C. §1638 and 12 C.F.R. §226.28.

**ANSWER:** Ameriquest denies the allegations in Paragraph 24.

32. Because the terms of the deal were not settled until after May 28, 2002, 2004, the "consummation" of the loan did not occur until after November 28, 2002, and, consequently, all of the Truth in Lending disclosures and notices of cancellation rights delivered to plaintiffs were misdated.

**ANSWER:** Ameriquest denies the allegations in Paragraph 24.

33. Plaintiffs, both of whom signed the mortgage (Exhibit C), were given only a single copy of the federal notice of right to cancel, Exhibit E, in violation of 12 C.F.R. § 226.23(b), which requires delivery of two copies per mortgagor.

**ANSWER:** Ameriquest denies the allegations in Paragraph 24.

34. Exhibit F detracts from and obfuscates Exhibit E, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23. Exhibit F suggests that the consumer has seven days to rescind

8

under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees, or the procedural protections of §1635. It also provides for a different method of counting days and requires actual receipt of the notice by Ameriquest within the specified time.

**ANSWER:** Ameriquest denies the allegations in Paragraph 24.

35.   15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** Ameriquest admits that the allegations in Paragraph 30 contain the text of 15 U.S.C. § 1635(g). Ameriquest denies the allegations of Paragraph 30 insofar as they purport to make any allegation of wrongdoing by Ameriquest under the statute. Ameriquest denies the remaining allegations in Paragraph 35.

36.   Plaintiffs gave defendant Ameriquest proper notice of exercise of their right to rescind on January 31, 2005, when plaintiffs served a summons and a copy of the adversary complaint in the bankruptcy proceeding upon defendant's registered agent in Chicago.

**ANSWER:** Ameriquest admits that Plaintiffs served a summons and a copy of the adversary complaint in Plaintiffs' bankruptcy proceeding on Ameriquest's registered agent in Chicago, Illinois. Ameriquest denies that Plaintiffs properly sought to rescind the loan and denies that Plaintiffs have any right to rescind the loan. Ameriquest denies the remaining allegations in Paragraph 36.

37.   The loan has not been rescinded.

**ANSWER:** Ameriquest denies that Plaintiffs properly sought to rescind the loan and denies that Plaintiffs have any right to rescind the loan. Ameriquest admits that the loan has not been rescinded. Ameriquest denies the remaining allegations in Paragraph 37.

9

## AFFIRMATIVE DEFENSES

Defendant Ameriquest states as its affirmative defenses as follows:

1.  Plaintiffs' claims for rescission, statutory damages, costs, and attorney's fees for any alleged underlying Truth in Lending Act violation are barred by the three-year statute of limitations for rescission and the one-year statute of limitations for statutory damages, costs and attorney's fees under the Truth in Lending Act.

2.  Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

3.  If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of Ameriquest to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to Ameriquest of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of Ameriquest to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to Ameriquest in connection with the subject loan, less any finance charges.

WHEREFORE, Defendant Ameriquest Mortgage Company requests that this Court enter judgment in its favor and against Plaintiffs, Sergio A. Salazar and Guadalupe Salazar, award Ameriquest Mortgage Company its costs, and provide such further and additional relief as it deems just and appropriate.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

38.  Plaintiffs incorporate ¶¶ 1-37 above. This claim is against Ameriquest.

**ANSWER:** Ameriquest incorporates its answers to Paragraphs 1-37 above as its answer to Paragraph 38.

39. Defendant violated §2 of the Consumer Fraud Act, 815 ILCS 505/2, by (1) misrepresenting the finance charge, amount financed and annual percentage rate and (2) misinforming plaintiffs that they would lose their home if they did not refinance, which was not true, and (3) misinforming plaintiffs that the interest rate would go down when, in fact, it could only go up.

**ANSWER:** Ameriquest denies the allegations in Paragraph 24.

40. Defendant engaged in such conduct in the course of trade and commerce.

**ANSWER:** Ameriquest denies the allegations in Paragraph 24.

41. Defendant engaged in such conduct for the purpose of inducing reliance by plaintiffs, in the form of signing the loan documents, which plaintiffs did.

**ANSWER:** Ameriquest denies the allegations in Paragraph 24.

42. Plaintiffs were damaged as a result, in that (1) they did not receive the $4,584.00 cash they were supposed to receive from the loan proceeds and (2) they were unnecessary refinanced, paid points and fees and received an exorbitant interest rate.

**ANSWER:** Ameriquest denies the allegations in Paragraph 24.

## AFFIRMATIVE DEFENSES

Defendant Ameriquest states as its affirmative defenses as follows:

1. Plaintiffs' claims are barred by the three-year statute of limitations.

2. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

3. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of Ameriquest to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to Ameriquest of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of Ameriquest to rescind and to release any lien is

11

conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to Ameriquest in connection with the subject loan, less any finance charges.

WHEREFORE, Defendant Ameriquest Mortgage Company requests that this Court enter judgment in its favor and against Plaintiffs, Sergio A. Salazar and Guadalupe Salazar, award Ameriquest Mortgage Company its costs, and provide such further and additional relief as it deems just and appropriate.

Dated: March 29, 2006                                   Respectfully submitted,

                                                        **AMERIQUEST MORTGAGE COMPANY,**
                                                        **Defendant**

                                                        By: s/Jonathan N. Ledsky
                                                            One of Its Attorneys

Craig A. Varga
Jonathan N. Ledsky
Jaime S. Roginski-Kord
Varga Berger Ledsky Hayes & Casey
224 South Michigan Avenue, Suite 350
Chicago, Illinois 60604
(312) 341-9400

## CERTIFICATE OF SERVICE

I, Jonathan N. Ledsky, an attorney, hereby certify that a true and correct copy of the foregoing **Defendant Ameriquest Mortgage Company's Answer to Plaintiffs' Third Amended Complaint** was served electronically upon all counsel of record by the filing of said document through the Court's electronic filing system this 29th day of March, 2006.

Cathleen M. Combs (ccombs@edcombs.com)

Albert F. Hofeld (ahofeld@edcombs.com)

Daniel A. Edelman (courtecl@aol.com, dedelman@edcombs.com)

James Latturner (jlatturner@edcombs.com)

By:/Jonathan N. Ledsky