# APPENDIX 12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Eric Smith and Guillermina Yanong v. Ameriquest Mortgage Company, et al.*; Case No. 05 C 0648 | |

## DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant Ameriquest Mortgage Company's ("Defendant"), by and through its attorneys, answers Plaintiffs Eric Smith's and Guillermina Yanong's ("Plaintiffs") Second Amended Complaint as follows.

## INTRODUCTION

1.     Plaintiffs Eric Smith and Guillermina Yanong bring this action against a "subprime" mortgage lender to rescind mortgages for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**     **Defendant admits that Plaintiffs have filed a lawsuit against it. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Equal Credit Opportunity Act. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies all remaining allegations in Paragraph 1.**

BN 1330586v1

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general

federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (Truth in Lending Act).

Defendant does business in the District and is deemed to reside here.

**ANSWER:**     **Defendant does not contest subject matter jurisdiction. Defendant denies the remaining allegations in Paragraph 2.**


## PARTIES

3.     Plaintiffs own and reside in a home at 1844 South 60th Court, Cicero, Illinois.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

4.     Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign

corporation which maintains offices in and does business in Illinois. Its registered agent and

office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.  It is engaged in the

business of originating "subprime" mortgages and makes more than 26 loans per year.

**ANSWER:**     **Defendant admits that Ameriquest Mortgage Company is a corporation, that it is incorporated in a state other than Illinois, that it has maintained offices and did business in Illinois.  Defendant does not object to service. Defendant objects to the term "subprime" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant denies the remaining allegations in this paragraph.**

5.     Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered

bank located at 60 Wall Street, New York, NY 10005. On information and belief it holds legal

title to plaintiffs' loan, as trustee.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 1330586v1

6.      Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs'.  It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

7.      Defendant AMC Mortgage Services, Inc. ("AMC"), is a Delaware Corporation with its principal place of business in Orange, CA. It does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 West Adams Street, Chicago, IL, 60606.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

8.      Defendants Ameriquest and AMC are corporate affiliates.

**ANSWER:** **Defendant objects to the term "affiliates" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## FACTS RELATING TO PLAINTIFFS

9.      On February 20, 2002, plaintiffs obtained a mortgage loan from Ameriquest secured by their home at 1844 South 60th Court, Cicero, Illinois.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

10.     Plaintiffs needed and used the loan proceeds for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 1330586v1

11.    The loan was closed on February 20, 2002.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

12.    On February 20, 2002, plaintiffs signed or received the following documents relating to the loan:

   a.    Note, Exhibit A;

   b.    Mortgage, Exhibit B;

   c.    A Truth in Lending disclosure statement, Exhibit C;

   d.    Two different notices of right to cancel, Exhibits D and E.;

   e.    A settlement statement on form HUD-1 A, Exhibit F.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required.  To the extent an answer is required, Defendant admits that Plaintiffs entered into a loan agreement with Ameriquest Mortgage Company.  Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs.**

13.    Ownership of plaintiff's loan was later transferred to defendant Deutsche Bank. Deutsche Bank is the present holder of the loan.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

14.    Defendant Ameriquest subsequently transferred servicing of plaintiff's loan to defendant AMC. AMC was the final servicer of the loan.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

15.    On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial

owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2004-R3 under

the Pooling & Servicing Agreement dated as of April 1, 2004 Without Recourse.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

16.     In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's

loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is

rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

## RIGHT TO RESCIND

17.     Because the transaction was secured by plaintiffs' home, and was not entered into

for purposes of the initial acquisition or construction of that home, it was subject to the right to

cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

(a) **Consumer's right to rescind.**

> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the**

BN 1330586v1

rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires....

(f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

<u>ANSWER:</u>     Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations that the transaction was secured by Plaintiffs' home and on that basis denies such allegation. Defendant denies that Paragraph 17 accurately cites 12 C.F.R. § 226.23. Defendant denies the allegations in Paragraph 17 insofar as they purport to make any allegation of wrongdoing by Defendant under said statute. Defendant denies any liability to Plaintiffs and denies that Plaintiffs may rescind their mortgage. Defendant denies the remaining allegations in Paragraph 17.

## GROUND FOR RESCISSION

18.     The payment schedule is not fully and completely disclosed on <u>Exhibit D</u>.

<u>ANSWER:</u>     The document speaks for itself; therefore, no answer is required. To the extent an answer is required, Defendant is without knowledge or information

BN 1330586v1

**sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

19.     Exhibit F detracts from and obfuscates Exhibit E.  Exhibit F suggests that the consumer has seven days to rescind under TILA, which is not the case.  The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees, or the procedural protections of §1635. It also provides for a different method of counting days and requires actual receipt of the notice by Ameriquest within the specified time.

**ANSWER:**     **The document speaks for itself; therefore, no answer is required.  To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

20.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:**     **Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

## VIOLATIONS ALLEGED

21.     The failure to fully and completely disclose the payment schedule violates 15 U.S.C. §1638 and 12 C.F.R. §226.28.

**ANSWER:**     **Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

22.     The provision of inconsistent and confusing notices of right to cancel violates 15 U.S.C. §1635 and 12 C.F.R. §226.23.

BN 1330586v1

**ANSWER:**     **Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

a.     A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendant;

b.     Statutory damages for the underlying disclosure violation;

c.     If appropriate, statutory damages for failure to rescind;

d.     Attorney's fees, litigation expenses and costs.

e.     Such other or further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5.     Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7.     Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

- 8 -

8.    Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9.    Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10.    Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11.    Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12.    Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13.    If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity.  Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14.    Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

- 9 -

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against

Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems

just and appropriate.


                                        Respectfully submitted,

DATED:  September 6, 2007               By:  /s/ Bernard E. LeSage
                                             *Attorneys for Ameriquest Mortgage
                                             Company*

                                        Bernard E. LeSage, Esq.
                                        Sarah K. Andrus, Esq.
                                        BUCHALTER NEMER, a P.C.
                                        1000 Wilshire Boulevard, Suite 1500
                                        Los Angeles, CA 90017-2457
                                        Telephone: (213) 891-0700
                                        Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 6th day of September 2007, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Bernard E. LeSage _____

BN 1330586v1

# APPENDIX 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC SMITH and GUILLERMINA YANONG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05 C 0648 |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | Judge Anderson |
| DEUTSCHE BANK NATIONAL TRUST and | ) | |
| AMC MORTGAGE SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, Deutsche Bank National Trust Company ("Deutsche Bank"), by its attorneys,

answers Plaintiffs' amended complaint as follows:

1.     Plaintiffs Eric Smith and Guillermina Yanong bring this action against a "subprime" mortgage lender to rescind a mortgages for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**     Deutsche Bank admits that Plaintiffs have filed a lawsuit against it.  Deutsche

Bank objects to the term "subprime" as vague.  Deutsche Bank is without knowledge or information

sufficient to form a belief as to the truth of the intended characterization of the term "subprime."

Ameriquest denies all remaining allegations in Paragraph 1.  Ameriquest specifically denies that it

violated the Truth in Lending Act, 15 U.S.C. § 1601, or implementing Federal Reserve Board

Regulation Z, 12 C.F.R. part 226.

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (Truth in Lending Act).  Defendant does business in the District and is deemed to reside here.

**ANSWER:**     Deutsche Bank does not contest subject matter jurisdiction, personal

jurisdiction, or venue.  Deutsche Bank denies any remaining allegations in Paragraph 2.

3.     Plaintiffs own and reside in a home at 1844 South 60th Court, Cicero, Illinois.

**ANSWER:**    Deutsche Bank is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 3 and, therefore, denies same.

4.    Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606. It is engaged in the business of originating "subprime" mortgages and makes more than 26 loans per year.

**ANSWER:**    Deutsche Bank objects to the term "subprime" as vague. Deutsche Bank is

without knowledge or information sufficient to admit or deny the intended characterization of the

term "subprime." Deutsche Bank admits that Ameriquest Mortgage Company is in the business of

originating loans secured by mortgages and that it makes more than 26 loans per year. Deutsche

Bank is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 4 and, therefore, denies same.

5.    Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does business in Illinois. It is engaged in the business of buying "subprime" mortgage loans on Illinois properties.

**ANSWER:**    Deutsche Bank admits that it is a corporation incorporated in a state other

than Illinois, that it is headquartered at 60 Wall Street, New York, New York 10005, and that it

holds loans, secured by mortgages on Illinois properties. Deutsche Bank objects to the term

"subprime" as vague. Deutsche Bank is without knowledge or information sufficient to form a

belief as to the truth of the intended characterization of the term "subprime." Deutsche Bank

denies the remaining allegations in Paragraph 5.

6.    Defendant AMC Mortgage Services, Inc. ("AMC"), is a Delaware Corporation with its principal place of business in Orange, CA. It does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 West Adams Street, Chicago, IL 60606.

**ANSWER:**    Deutsche Bank is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 6 and, therefore, denies same.

7.    Defendant Ameriquest and AMC are corporate affiliates.

2

**ANSWER:**    Deutsche Bank is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 7 and, therefore, denies same.

8.    On February 20, 2002, plaintiffs obtained a mortgage loan from Ameriquest secured by their home at 1844 South 60th Court, Cicero, Illinois.

**ANSWER:**    Deutsche Bank admits that, on February 20, 2002, Plaintiff Guillermina

Yanong obtained a loan, secured by a mortgage, with Ameriquest Mortgage Company. Deutsche

Bank is without knowledge or information sufficient to form a belief as to the truth of the

allegations that the loan was secured by Plaintiffs' home. Deutsche Bank denies any remaining

allegations in Paragraph 8.

9.    Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**    Deutsche Bank is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 9 and, therefore, denies same.

10.    The loan was closed on February 20, 2002

**ANSWER:**    Deutsche Bank admits the allegations in Paragraph 10.

11.    On February 20, 2002, plaintiffs signed or received the following documents relating to the loan:

    a.    Note, Exhibit A;

    b.    Mortgage, Exhibit B;

    c.    A Truth in Lending disclosure statement, Exhibit C;

    d.    Two different notices of right to cancel, Exhibits D and E;

    e.    A settlement statement on form HUD-1A, Exhibit F.

**ANSWER:**    Deutsche Bank admits that, in connection with the loan transaction, either

Plaintiff Guillermina Yanong alone or Plaintiffs collectively received and signed a note, a mortgage,

a Truth in Lending disclosure statement, several copies of a notice of right to cancel, several copies

of a document entitled "one week cancellation period," and a settlement statement. Deutsche Bank

3

denies that Exhibit B is a complete copy of the mortgage. Ameriquest denies that Exhibit F is a

copy of the settlement statement signed by Plaintiff Guillermina Yanong. Deutsche Bank

affirmatively states that Exhibits A, C, D, and E, appear to be copies, reduced in size, of a portion of

the documents received and signed by either Plaintiff Guillermina Yanong alone or Plaintiffs

collectively. Deutsche Bank denies that Exhibits D and E constitute two different notices of right

to cancel. Deutsche Bank denies the remaining allegations in Paragraph 11.

      12.     Ownership of plaintiff's loan was later transferred to defendant Deutsche Bank.
Deutsche Bank is the present holder of the loan.

    **ANSWER:**    Deutsche Bank admits the allegations in Paragraph 12.

      13.     Defendant Ameriquest subsequently transferred servicing of plaintiff's loan to
defendant AMC. AMC is the present servicer of the loan.

    **ANSWER:**    Deutsche Bank admits the allegations in Paragraph 13.

      14.     Because the transaction was secured by plaintiffs' home, and was not entered into for
purposes of the initial acquisition or construction of that home, it was subject to the right to cancel
provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a)    **Consumer's right to rescind.**

      **(1) In a credit transaction in which a security interest is or will be
retained or acquired in a consumer's principal dwelling, each
consumer whose ownership interest is or will be subject to the security
interest shall have the right to rescind the transaction, except for
transactions described in paragraph (f) of this section. [fn]47**

      **(2) To exercise the right to rescind, the consumer shall notify the
creditor of the rescission by mail, telegram or other means of written
communication. Notice is considered given when mailed, when filed
for telegraphic transmission or, if sent by other means, when delivered
to the creditor's designated place of business.**

      **(3) The consumer may exercise the right to rescind until midnight of
the third business day following consummation, delivery of the notice
required by paragraph (b) of this section, or delivery of all material
disclosures,[fn]48 whichever occurs last. If the required notice or
material disclosures are not delivered, the right to rescind shall expire
3 years after consummation, upon transfer of all of the consumer's
interest in the property, or upon sale of the property, whichever occurs
first. In the case of certain administrative proceedings, the rescission**

period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)    <u>Notice of right to rescind.</u>  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires. . . .

(f)    <u>Exempt transactions.</u>  The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

<u>ANSWER:</u>    Deutsche Bank is without knowledge or information sufficient to form a

belief as to the truth of the allegations that the transaction was secured by Plaintiffs' home.

Deutsche Bank denies that 12 C.F.R. §226.23(f)(2) states "(2) A credit plan in which a state agency is

a creditor."  Deutsche Bank admits that the remaining allegations in Paragraph 14 contain a portion

of the text of 12 C.F. R. § 226.23.  Deutsche Bank denies the allegations of Paragraph 14 insofar as

they purport to make any allegation of wrongdoing by Deutsche Bank under said statute. Deutsche

Bank denies the remaining allegations in Paragraph 14.

15.    The payment schedule is not fully and completely disclosed on <u>Exhibit D</u>.

**ANSWER:**    Deutsche Bank denies the allegations in Paragraph 15.

16.    <u>Exhibit F</u> detracts from and obfuscates <u>Exhibit E</u>. <u>Exhibit F</u> suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees, or the procedural protections of § 1635. It also provides for a different method of counting days and requires actual receipt of the notice by Ameriquest within the specified time.

**ANSWER:**    Deutsche Bank denies the allegations in Paragraph 16.

17.    15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:**    Deutsche Bank admits that the allegations in Paragraph 17 contain the text of

15 U.S.C. §1635(g). Deutsche Bank denies the allegations in Paragraph 17 insofar as they purport to

make any allegation of wrongdoing by Deutsche Bank under said statute. Deutsche Bank denies the

remaining allegations in Paragraph 17.

18.    The failure to fully and completely disclose the payment schedule violates 15 U.S.C. § 1638 and 12 C.F.R. §226.28.

**ANSWER:**    Deutsche Bank denies the allegations in Paragraph 18.

19.    The provision of inconsistent and confusing notices of right to cancel violates 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

**ANSWER:**    Deutsche Bank denies the allegations in Paragraph 19.

## AFFIRMATIVE DEFENSES

Deutsche Bank states as its affirmative defenses as follows:

1.      Plaintiffs' claim for statutory damages, costs, and attorney's fees for any alleged Truth in Lending Act violation is barred by 15 U.S.C. § 1641.

2.      Plaintiffs' claim for statutory damages, costs, and attorney's fees for any alleged underlying Truth in Lending Act violation is barred by the one-year statute of limitations for statutory damages, costs, and attorney's fees under the Truth in Lending Act.

3.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

4.      If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity.  Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff reimbursing or otherwise returning all funds disbursed on her behalf to the holder of the loan in connection with the subject loan, less any finance charges.

WHEREFORE, Defendant Deutsche Bank National Trust Company requests that this Court enter judgment in its favor and against Plaintiffs, Eric Smith and Guillermina Yanong, award Deutsche Bank National Trust Company its costs, and provide such further and additional relief as it deems just and appropriate.

Dated: January 4, 2006                    Respectfully submitted,

                                          **DEUTSCHE BANK NATIONAL TRUST
                                          COMPANY, Defendant**


                                          By:    s/Jonathan N. Ledsky_____
                                                 One of its Attorneys

Craig A. Varga
Jonathan N. Ledsky
Jaime S. Roginski-Kord
Varga Berger Ledsky Hayes & Casey
224 South Michigan Avenue
Suite 350
Chicago, IL 60604
(312) 341-9400
(312) 341-2900 (facsimile)

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky, an attorney, hereby certifies that a true and correct copy of the

foregoing **Defendant Deutsche Bank National Trust Company's Answer to Plaintiffs'**

**Amended Complaint** was served electronically upon counsel of record:

**Daniel A. Edelman (**courtecl@aol.com dedelman@edcombs.com**)**

**Albert F Hofeld, III (**ahofeld@edcombs.com**)**

by the filing of said document through the Court's electronic filing system this 4th day of January,

2006.


                                          s/Jonathan N. Ledsky_____