# APPENDIX 44

## DECLARATION OF DELOIS MILLS

I, Delois Mills, declare under penalty of perjury that the foregoing is true and correct:

1. I reside at 12449 S. Elizabeth, Calumet Park, IL 60827.

2. This is my primary residence.

3. On July 23, 2002, my late husband and I obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on my home at 12449 S. Elizabeth, Calumet Park, IL.

4. The mortgage loan of July 23, 2002 was entered into for the purpose of refinancing an existing loan, not for an original purchase or construction.

Executed: this 31 day of July, 2008.

_Delois Mills_
Delois Mills

# APPENDIX 45

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Delois Mills v. Ameriquest Mortgage Company, et al.*; Case No. 05CV03976 | |

### DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant Ameriquest Mortgage Company ("Defendant"), by and through its attorneys, answers Plaintiff Delois Mills ("Plaintiff") Second Amended Complaint as follows:

### INTRODUCTION

1.     Plaintiff Delois Mills brings this action against a "subprime" mortgage lender to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:     The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiff's characterization of her Complaint.**

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).  Defendant does business in the District and is deemed to reside here.

**ANSWER:     Defendant admits that it has transacted business in this judicial district.  The remaining allegations in this paragraph constitute a legal conclusion, which Defendant is not required to admit or deny.**

- 1 -

### PARTIES

3.       Plaintiff owns and resides in a home at 12449 S. Elizabeth, Calumet Park, IL 60827.

**ANSWER:**       **Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.**

4.       Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Illinois.  Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606. It is engaged in the business of originating "subprime" mortgages and makes more than 26 loans per year.

**ANSWER:**       **Defendant admits that Ameriquest Mortgage Company has done business in Illinois, has previously maintained an office in Illinois and that its registered agent is National Registered Agents.  Defendant admits that Ameriquest Mortgage Company originates loans.  Defendant objects to the term "subprime" as vague.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime."  Defendant admits that it makes more than 26 loans per year.**

5.       Defendant AMC Mortgage Services, Inc. {("AMC") is a foreign corporation which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:**       **Defendant admits that AMC Mortgage Services, Inc. has done business in Illinois, and that its registered agent is National Registered Agents.**

6.       Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005.  On information and belief, it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:**       **Defendants lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 6, and on that basis denies those allegations.**

BN 1352443v1

7.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiff's. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:     Defendant admits that Ameriquest Mortgage Securities, Inc. is a corporation incorporated in a state other than Illinois, that Ameriquest Mortgage Securities, Inc. holds title to certain loans originated by Ameriquest Mortgage Company, and that Ameriquest Mortgage Securities, Inc. is located at 1100 Town & Country Road, Suite 1100, Orange, California 92868. Defendant denies the remaining allegations in Paragraph 7.**

## FACTS RELATING TO PLAINTIFF

8.     On or about July 23, 2002, plaintiff and her now-deceased husband obtained a mortgage loan from Ameriquest.

**ANSWER:     Defendant admits to the allegations of Paragraph 8.**

9.     Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:     Defendants lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 6, and on that basis denies those allegations.**

10.     In connection with the loan, defendant Ameriquest failed to provide all notices and proper disclosures required by TILA.

**ANSWER:     Defendant denies the allegations of Paragraph 10.**

11.     Ameriquest did not provide any federal notices of the right to cancel to plaintiff at her closing or anytime thereafter. They were simply omitted from the closing documents that were provided to plaintiff, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23(b).

**ANSWER:     Defendant denies the allegations of Paragraph 11.**

12.     In addition, Ameriquest did not provide plaintiff with full disclosure of the payment schedule on the Truth In Lending Disclosure Statement, as required by 15 U.S.C.

- 3 -

§ 1638(a)(6), 12 C.F.R. §226.18(8) and FRB Commentary on Regulation Z, par. 18(g)4,

12 C.F.R. part 226, Supp. I.

**ANSWER:    Defendant denies the allegations of Paragraph 12.**

13.    Furthermore, Ameriquest charged plaintiff a "loan discount" fee of $2,565.  See

Exhibit B, line 802.

**ANSWER:    Exhibit B speaks for itself, and Defendant is not required to admit or deny
Plaintiff's characterization of this document.  Defendant denies that this
document constitutes the entire loan file and that the document constitutes
the fully integrated loan agreement with Plaintiff.  Defendants lacks
sufficient information to form a belief as to the truth of the remaining
allegations in Paragraph 13, and on that basis denies those allegations.**

14.    However, on information and belief, plaintiff did not receive a discounted interest

rate.

**ANSWER:    Defendants lacks sufficient information to form a belief as to the truth of the
allegations in Paragraph 14, and on that basis denies those allegations.**

15.    Plaintiff has since been instructed to pay AMC.

**ANSWER:    Defendants lacks sufficient information to form a belief as to the truth of the
allegations in Paragraph 15, and on that basis denies those allegations.**

16.    On information and belief, Deutsche Bank National Trust Company, N.A. holds

legal title to plaintiffs' loan, as Trustee. Ameriquest Mortgage Securities, Inc., is the beneficial

owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2002-4 under the

Pooling & Servicing Agreement dated as of November 1, 2002, Without Recourse.

**ANSWER:    Defendants lacks sufficient information to form a belief as to the truth of the
allegations in Paragraph 16, and on that basis denies those allegations.**

17.    In the event that Ameriquest Mortgage Securities, Inc., does not own plaintiff's

loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is

rarely if ever shown of record), the actual owners are named as Does 1-5.

BN 1352443v1

**ANSWER:**   **Defendants lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies those allegations.**

## COUNT I - TILA

18.     Plaintiff incorporates paragraphs 1-17. This claim is against all defendants.

**ANSWER:**   **Defendant incorporates its responses to Paragraphs 1-17. The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiff's characterization of her Complaint.**

## RIGHT TO RESCIND

19.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23.  Section 226.23 provides:

(a)     **Consumer's right to rescind.**

(1)     **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47**

(2) **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

(3) **The consumer may exercise the right to rescind until midnight of the third business day following consummation, de livery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

- 5 -

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b)     Notice of right to rescind.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

> **(1)     The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(2) The consumer's right to rescind the transaction.**
>
> **(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(4) The effects of rescission, as described in paragraph (d) of this section. (5) The date the rescission period expires....**

**(f)     Exempt transactions.  The right to rescind does not apply to the following:**

> **(1)     A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**
>
> **(2)     A credit plan in which a state agency is a creditor.**

ANSWER:     **This paragraph states a legal conclusion which Defendant is not required to admit or deny.**

20.     Plaintiff is entitled to rescind against "any assignee." 15 U.S.C. § 1641(c).

ANSWER:     **This paragraph states a legal conclusion which Defendant is not required to admit or deny.**

21.     Plaintiff has given proper notice of her rescission of the loan.

ANSWER:     **Defendant denies that Plaintiff has a right to rescind the loan nor has she properly rescinded the loan.**

22.     The loan has not been rescinded.

**ANSWER:**     Defendant admits to the allegations of Paragraph 22.

## COUNT II – BREACH OF CONTRACT

23.     Plaintiff incorporates paragraphs 1-18.

**ANSWER:**     **Defendant incorporates its responses to Paragraphs 1-17.**

24.     This claim is against Ameriquest Mortgage Company.

**ANSWER:**     **The Complaint speaks for itself, and Defendant is not required to admit or deny Plaintiff's characterization of her Complaint.**

25.     Defendant undertook and contracted to lower plaintiffs interest rate if plaintiff paid a loan discount fee.

**ANSWER:**     **Defendants lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 25, and on that basis denies those allegations.**

26.     Plaintiff paid a loan discount of $2,565.  <u>Exhibit B</u>, line 802.

**ANSWER:**     **Exhibit B speaks for itself, and Defendant is not required to admit or deny Plaintiff's characterization of this document.  Defendant denies that this document constitutes the entire loan file and that the document constitutes the fully integrated loan agreement with Plaintiff.  Defendants lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 26, and on that basis denies those allegations.**

27.     Defendant failed to lower plaintiff's interest rate,

**ANSWER:**     **Defendant denies the allegations of Paragraph 27.**

28.     Defendant thereby breached its contract.

**ANSWER:**     **Defendant denies the allegations of Paragraph 28.**

29.     Plaintiff was damaged as a result.

**ANSWER:**     **Defendant denies the allegations of Paragraph 29.**

BN 1352443v1

## AFFIRMATIVE DEFENSES

1.      Plaintiff's purported causes of action fail to state a claims upon which relief may be granted.

2.      Plaintiff's claims are barred by the applicable statute of limitations.

3.      Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiff's claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

5.      Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6.      Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

7.      Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiff.

8.      Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

9.      Plaintiff's claims are barred in whole or in part, because Plaintiff misrepresented their credit, income or other information association with obtaining the loan.

10.      Plaintiff's claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11.      Plaintiff is not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were

- 8 -

accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12.     Plaintiff is not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13.     If it should be deemed that Plaintiff is entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiff's reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiff's behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity.  Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiff, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  September 6, 2007

By: /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage*
*Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

I, Bernard E. LeSage, hereby certify that on this 6th day of September 2007, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:    _____ /s/  Bernard E. LeSage _____

# APPENDIX 46

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DELOIS MILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05 C 3976 |
| | ) |
| AMERIQUEST MORTGAGE COMPANY, | ) Judge Leinenweber |
| AMC MORTGAGE SERVICES, INC., | ) |
| DEUTSCHE BANK NATIONAL TRUST | ) |
| COMPANY, and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Deutsche Bank National Trust Company ("Deutsche Bank"), by its attorneys,

answers Plaintiff's amended complaint as follows:

1.    Plaintiff Delois Mills brings this action against a "subprime" mortgage lender to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**    Deutsche Bank admits that Plaintiff has filed a lawsuit against it.  Deutsche

Bank objects to the term "subprime" as vague.  Deutsche Bank is without knowledge or information

sufficient to form a belief as to the truth of the intended characterization of the term "subprime."

Deutsche Bank denies all remaining allegations in Paragraph 1.  Deutsche Bank specifically denies

that it violated the Truth in Lending Act, 15 U.S.C. § 1601, or implementing Federal Reserve Board

Regulation Z, 12 C.F.R. part 226.

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), and 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).  Defendant does business in the District and is deemed to reside here.

**ANSWER:**    Deutsche Bank does not contest subject matter jurisdiction, personal

jurisdiction, or venue.  Deutsche Bank denies any remaining allegations in Paragraph 2.

3.    Plaintiff owns and resides in a home at 12449 S. Elizabeth, Calumet Park, IL 60827.

**ANSWER:**    Deutsche Bank is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 3.

4.    Defendant Ameriquest Mortgage Company ("Ameriquest") is foreign corporation
which maintains offices in and does business in Illinois. Its registered agent and office are National
Registered Agents, 200 W. Adams, Chicago, IL 60606. It is engaged in the business of originating
"subprime" mortgages and makes more than 26 loans per year.

**ANSWER:**    Deutsche Bank objects to the term "subprime" as vague. Deutsche Bank is

without knowledge or information sufficient to form a belief as to the truth of the intended

characterization of the term "subprime." Deutsche Bank admits that Ameriquest Mortgage

Company is in the business of originating loans, secured by mortgages, and that, during the relevant

time period of Plaintiffs' loan, Ameriquest Mortgage Company originated more than 26 loans per

year. Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in Paragraph 4.

5.    Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation which
does business in Illinois. Its registered agent and office are National Registered Agents, 200 W.
Adams, Chicago, IL 60606.

**ANSWER:**    Deutsche Bank is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 5.

6.    Defendant Deutsche Bank National Trust ("Deutsche Bank") is a foreign
corporation with its headquarters at 60 Wall Street, New York, NY 10005. It does business in
Illinois. In part, it is engaged in the business of buying sub-prime loans mortgaged by residential
properties located in Illinois.

**ANSWER:**    Deutsche Bank objects to the term "subprime" as vague. Deutsche Bank is

without knowledge or information sufficient to form a belief as to the truth of the intended

characterization of the term "subprime." Deutsche Bank admits that it is a corporation

incorporated in a state other than Illinois, that it is headquartered at 60 Wall Street, New York, New

York 10005, and that it holds loans, secured by mortgages on Illinois properties. Deutsche Bank denies the remaining allegations in Paragraph 6.

7.    Defendants John Does 1-5 are other entities or persons who have or claim an interest in plaintiff's loan, now or in the future.

**ANSWER:**    Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.    On or about July 23, 2002, plaintiff and her now-deceased husband obtained a mortgage loan from Ameriquest.

**ANSWER:**    Deutsche Bank admits that, on July 23, 2002, Plaintiff and Crosby Mills entered into a loan, secured by a mortgage, with Ameriquest Mortgage Company. Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's husband. Deutsche Bank denies the remaining allegations in Paragraph 8.

9.    Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**    Deutsche Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.    In connection with the loan, defendant Ameriquest failed to provide all notices and proper disclosures required by TILA.

**ANSWER:**    Deutsche Bank denies the allegations in Paragraph 10.

11.    Ameriquest did not provide any federal notices of the right to cancel to plaintiff at her closing or anytime thereafter. They were simply omitted from the closing documents that were provided to plaintiff, in violation of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23(b).

**ANSWER:**    Deutsche Bank denies the allegations in Paragraph 11.

12.    In addition, Ameriquest did not provide plaintiff with full disclosure of the payment schedule on the Truth in Lending Disclosure statement, as required by 15 U.S.C. §1638(a)(6), 12 C.F.R. §226.18(g) and FRB Commentary on Regulation Z, par. 18(g)4, 12 C.F.R. part 226, Supp. I.

**ANSWER:**    Deutsche Bank denies the allegations in Paragraph 12.

13.    Plaintiff has since been instructed to pay AMC. AMC claims the right to payments and possibly other rights under the loan.

3

**ANSWER:**     Deutsche Bank admits that Plaintiff has received instructions to make payment to AMC Mortgage Services, Inc., as servicer of the loan. Deutsche Bank denies the remaining allegations in Paragraph 13.

       14.     On information and belief, ownership of plaintiff's loan has been assigned to Deutsche Bank, which is the loan's present holder.

**ANSWER:**     Deutsche Bank admits that it is the present holder of Plaintiff's loan. Deutsche Bank denies the remaining allegations in Paragraph 14.

       15.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. Section 226.23 provides:

       (a) <u>Consumer's right to rescind.</u>

       (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47

       (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

       (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

       (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

       (b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer

entitled to rescind.  The notice shall be on a separate document that identifies
the transaction and shall clearly and conspicuously disclose the following:

>    (1) The retention or acquisition of a security interest in the consumer's
>    principal dwelling.
>
>    (2) The consumer's right to rescind the transaction.
>
>    (3) How to exercise the right to rescind, with a form for that purpose,
>    designating the address of the creditor's place of business.
>
>    (4) The effects of rescission, as described in paragraph (d) of this
>    section.
>
>    (5) The date the rescission period expires. . . .

>  (f) <u>Exempt transactions.</u>  The right to rescind does not apply to the following:

>    (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w)
>    as one where a "security interest is created or retained against the
>    consumer's dwelling to finance the acquisition or initial construction
>    of such dwelling"].
>
>    (2) A credit plan in which a state agency is a creditor.

**ANSWER:**    Deutsche Bank is without knowledge or information sufficient to form a

belief as to the truth of the allegations that the transaction was secured by Plaintiff's home.

Deutsche Bank denies that 12 C.F.R. §226.23(f)(2) states "(2) A credit plan in which a state agency is

a creditor." Deutsche Bank admits that the remaining allegations in Paragraph 15 contain a portion

of the text of 12 C.F.R. § 226.23.  Deutsche Bank denies the allegations of Paragraph 15 insofar as

they purport to make any allegation of wrongdoing by Deutsche Bank under the statute.  Deutsche

Bank denies the remaining allegations in Paragraph 15.

16.    Plaintiff is entitled to rescind against "any assignee." 15 U.S.C. § 1641(c).

**ANSWER:**    Deutsche Bank denies the allegations in Paragraph 17.

17.    Plaintiff has given proper notice of her rescission of the loan.

**ANSWER:**    Deutsche Bank denies the allegations in Paragraph 18.

18.    The loan has not been rescinded.

**ANSWER:**    Deutsche Bank denies that Plaintiff properly sought to rescind the loan and denies that Plaintiff has any right to rescind the loan.  Deutsche Bank admits that the loan has not been rescinded.  Deutsche Bank denies any remaining allegations in Paragraph 18

## AFFIRMATIVE DEFENSES

Defendant Deutsche Bank states as its affirmative defenses as follows:

1.    Plaintiff's claim for statutory damages, costs, and attorney's fees for any alleged Truth in Lending Act violation is barred by 15 U.S.C. § 1641.

2.    Plaintiff's claims for statutory damages, costs, and attorney's fees for any alleged underlying Truth in Lending Act violation are barred by the one-year statute of limitations for statutory damages, costs and attorney's fees under the Truth in Lending Act.

3.    Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

4.    If it should be deemed that Plaintiff is entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiff's reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiff's behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity.  Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiff reimbursing or otherwise returning all funds disbursed on her behalf to the holder of the loan in connection with the subject loan, less any finance charges.

WHEREFORE, Defendant Deutsche Bank National Trust Company requests that this Court enter judgment in its favor and against Plaintiff, Delois Mills, award Deutsche Bank National Trust Company its costs, and provide such further and additional relief as it deems just and appropriate.

Dated: March 20, 2006

Respectfully submitted,

**DEUTSCHE BANK NATIONAL TRUST COMPANY, Defendant**

By: s/Jonathan N. Ledsky
One of Its Attorneys

Craig A. Varga
Jonathan N. Ledsky
Jaime S. Roginski-Kord
Varga Berger Ledsky Hayes & Casey
224 South Michigan Avenue, Suite 350
Chicago, Illinois  60604
(312) 341-9400

## CERTIFICATE OF SERVICE

Jonathan N. Ledsky an attorney hereby certifies that a true and correct copy of the foregoing, **Defendant Deutsche Bank National Trust Company's Answer to Plaintiff's Amended Complaint,** was served electronically via CM/ECF e-Filing upon:

**Daniel A. Edelman (courtecl@aol.com)**

**Al Hofeld (ahofeld@edcombs.com)**

**Cathleen M. Combs (ccombs@edcombs.com)**

**James O. Latturner (jlatturner@edcombs.com)**

by the filing of said document through the Court's electronic filing system this 20th day of March, 2006.

s/Jonathan N. Ledsky

# APPENDIX 47

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
## 120 S. LaSalle Street, 18th floor
## Chicago, Illinois 60603-3403
## (312) 739-4200
## (800) 644-4673
## (312) 419-0379 (FAX)
## Email: edcombs@aol.com
## www.edcombs.com
July 8, 2005

**BY MESSENGER**

Ameriquest Mortgage Company
c/o registered agent
National Registered Agents
200 W. Adams
Chicago, IL 60606

        Re:    Notice of rescission, claim and lien, Delois Mills, 12449 S. Elizabeth,
               Riverdale, IL 60827, loan dated July 23, 2002

Ladies/ Gentlemen:

        The above client hereby gives notice that she rescinds the above loan for noncompliance with the Truth in Lending Act.

        Please be further advised that we have been retained by the above client to file suit against you and that we claim a lien upon said recovery for 1/3 or such amount as a court awards.

        If you claim that the owner of the loan is other than yourself, please identify the owner pursuant to 15 U.S.C. §1641(d).

        Finally, please provide an account history so that we may compute the appropriate amount to be tendered.

                        Sincerely,

                        Daniel A. Edelman

I, Daniel A. Edelman, under penalty of perjury, as provided for by 28 U.S.C. §1746, certify that I had a copy of the foregoing document sent to the addressee on July 8, 2005.

_____
Daniel A. Edelman

I:\case\ameriquest-mills14.893\pleading\demand.wpd

# APPENDIX 48

# VARGA BERGER LEDSKY HAYES & CASEY

PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

SANTA FE BUILDING
224 SOUTH MICHIGAN AVENUE
SUITE 350
CHICAGO, ILLINOIS 60604-2535

TELEPHONE: 312-341-9400
FACSIMILE: 312-341-2900

July 20, 2005

JONATHAN N. LEDSKY
(312) 341-9840

jledsky@vblhc.com

**VIA FACSIMILE & U.S. MAIL**

Mr. Al Hofeld
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street
18th Floor
Chicago, Illinois 60603

Re:     Notice of rescission, claim, and lien on behalf of Delois Mills,
        12449 S. Elizabeth, Riverdale, Illinois 60827,
        Ameriquest Mortgage Company loan dated July 23, 2002

Dear Al:

We are in receipt of your law firm's letter served on the registered agent of our client, Ameriquest Mortgage Company ("Ameriquest"). The letter seeks rescission of a loan made by Ameriquest to Delois Mills.

The letter asserts, as the basis of the rescission demand, "noncompliance with the Truth in Lending Act," and nothing more. The letter, conspicuously, omits any identification of how you contend Ameriquest has failed to comply with the Truth in Lending Act. Typically, your law firm's letters seeking rescission on behalf of a particular borrower identify the alleged violations of the Truth in Lending Act. Without such a statement in your rescission letter on behalf of Delois Mills, Ameriquest cannot evaluate the bona fides of the rescission demand. Please advise us as to the basis of the rescission request on behalf of Delois Mills. We will, then, immediately communicate Ameriquest's position regarding the rescission request. Thank you.

Very truly yours,

Jonathan N. Ledsky

JNL:sto

# APPENDIX 49

## DECLARATION OF SANDRA AND WILLIAM PINTSAK

We, Sandra Pintsak and William Pintsak, declare under penalty of perjury that the foregoing is true and correct:

1.    We reside at 2005 Allen Drive, Geneva, IL 60134.

2.    This is our primary residence.

3.    On November 14, 2002, we obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on our home at 2005 Allen Drive, Geneva, IL.

4.    The mortgage loan of November 14, 2002 was entered into for the purpose of refinancing an existing loan, not for an original purchase or construction.

Executed: this _12_ day of _August_, 2008.


_____          _____
Sandra Pintsak                                          William Pintsak