# APPENDIX 53

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
## 120 S. LaSalle Street, 18th floor
## Chicago, Illinois 60603-3403
## (312) 739-4200
## (800) 644-4673
## (312) 419-0379 (FAX)
## Email: edcombs@aol.com
## www.edcombs.com

August 8, 2005

**BY CERTIFIED MAIL**

Ameriquest Mortgage Corporation
c/o registered agent
National Registered Agents
200 W. Adams
Chicago, IL 60606

AMC Mortgage Services, Inc.
c/o registered agent
National Registered Agents
200 W. Adams
Chicago, IL 60606.

Ameriquest Mortgage Securities, Inc.
1100 Town & Country Road, Suite 1100
Orange, CA 92868

Re: Notice of rescission, claim and lien, William Pintsak and Sandra Pintsak, 2005 Allen Drive, Geneva, IL 60134, loan of Nov. 14, 2002

Ladies/ Gentlemen:

Each of the above clients hereby give notice that they rescind the above loan for noncompliance with the Truth in Lending Act.

Please be further advised that we have been retained by the above clients to file suit against you and that we claim a lien upon said recovery for 1/3 or such amount as a court awards.

If you claim that the owner of the loan is other than Ameriquest Mortgage Company or Ameriquest Mortgage Securities, Inc., please identify the owner pursuant to 15 U.S.C. §1641(d).

Finally, please provide an account history so that we may compute the appropriate amount to be tendered.

Sincerely,

Daniel A. Edelman

cc: clients

I, Daniel A. Edelman, under penalty of perjury, as provided for by 28 U.S.C. §1746, certify that I had a copy of the foregoing document sent to the addressees on August 8, 2005.

_____
Daniel A. Edelman

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Amerquest
Street, Apt. No.; or PO Box No. 200 W. Adams
City, State, ZIP+4 Chicago, IL 60006

PS Form 3800, April 2002                    See Reverse for Instruction

7002 0860 0005 3382 6215

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Amerquest Mortgage Co.
C/o Registered Agent
National Registered
Agents
200 W. Adams
Chicago, IL 60006

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X CVillepando
☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
CVillapando   8/10/05

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7002 0860 0005 3382 6215

PS Form 3811, August 2001         Domestic Return Receipt         102595-02-M-1540

# APPENDIX 54

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*William Pintsak, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 05 C 5035 | |

## DEFENDANT WM SPECIALTY MORTGAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs WILLIAM PINTSAK and SANDRA PINTSAK ("Plaintiffs") Second Amended Complaint as follows.

## SECOND AMENDED COMPLAINT

## INTRODUCTION

1.     Plaintiffs William Pintsak and Sandra Pintsak bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**     **Defendant admits that Plaintiffs have filed this lawsuit against it. Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "subprime." Defendant specifically denies that it is an affiliate of Ameriquest Mortgage Company. Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* or Regulation Z, 12 C.F.R. part 226. Defendant denies any remaining allegations of paragraph 1.**

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:     Defendant does not dispute subject matter jurisdiction or venue. Defendant denies any remaining allegations of paragraph 2.**

## PARTIES

3.     Plaintiffs William Pintsak and Sandra Pintsak own and reside in a home at 2005 Allen Drive, Geneva, IL 60134.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies such allegations.**

4.     Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5.     Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies such allegations.**

6.     Defendant Ameriquest Mortgage Company makes more than 26 loans per year and is a "creditor" as defined in TILA.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

7.     Defendant Citi Residential Lending, Inc. is a foreign corporation which does business in Illinois. It is located at 1100 Town & Country Road, Suite 1450, Orange, CA 92868.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

8.     Defendant Citi Residential Lending, Inc. services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:     Defendant admits that Citi Residential Lending, Inc. currently services Plaintiffs' loan.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and on that basis denies such allegations.**

9.     Defendant Washington Mutual Bank, FA ("hereinafter "WAMU") is a bank which does business in Illinois. It has offices at 311 S. Wacker Drive, Chicago, IL 60606, among many other locations in the Chicago metropolitan area. It is in the business of acquiring and holding sub-prime mortgage loans.

**ANSWER:     Defendant admits that Washington Mutual Bank is a federally chartered savings association and that it does business in the state of Illinois. Defendant admits that it, and not Washington Mutual Bank, holds title to some loans originated by Ameriquest Mortgage Company including Plaintiffs' loan.**

10.     Defendant WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:     Defendant admits that it is a foreign limited liability company.  Defendant admits that it, and not Washington Mutual Bank,  holds title to some loans originated by Ameriquest Mortgage Company, including Plaintiffs' loan. Defendant does not dispute service.**

## FACTS RELATING TO PLAINTIFFS

11.     Prior to Nov. 14, 2002, plaintiffs applied for a mortgage with Ameriquest

Mortgage Company.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.**

12.     Plaintiffs needed and used the loan for personal, family or household purposes,

namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.**

13.     The loan was closed on Nov. 14, 2002.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.**

14.     Plaintiffs signed or received the following documents relating to the loan:

    a.     A note, Exhibit A.

    b.     A mortgage, Exhibit B.

    c.     A Truth in Lending disclosure statement, Exhibit C. The payment schedule is not disclosed on this document.

    d.     Two different notices of right to cancel, Exhibits D and E;

    e.     A settlement statement on form HUD-1, Exhibit F.

**ANSWER:**     **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant denies that these documents constitute the entire loan file and that these documents constitute the fully integrated loan agreement with Plaintiffs. Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 14 and on that basis denies such allegations.**

- 4 -

15.     Plaintiffs were not given any of these documents in a form they could keep at the closing. Their copies were delivered later by Federal Express.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

16.     Ameriquest charged plaintiffs a "loan discount" fee of $5,502.50. Exhibit C, line 802. However, on information and belief, plaintiffs did not receive a discounted interest rate.

**ANSWER:     The referenced document speaks for itself; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies such allegations.**

17.     Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., and then to Citi Residential Lending, Inc.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.**

18.     Subsequently, Ameriquest assigned the loan to defendant WAMU or to WM Specialty Mortgage, LLC.

**ANSWER:     Defendant admits that Plaintiffs loan has been assigned to it, and not Defendant Washington Mutual Bank.**

19.     On information and belief, WAMU or WM Specialty Mortgage, LLC, is the current holder or owner of plaintiffs' loan.

**ANSWER:     Defendant admits that it, and not Washington Mutual Bank, is the current holder of Plaintiffs' loan.**

## COUNT I - TILA

20.     Plaintiffs incorporate paragraphs 1-19. This claim is against all defendants.

**ANSWER:     Defendant incorporates its answers to paragraphs 1-19 in response to this paragraph.**

## RIGHT TO RESCIND

21.    Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

(a)    **Consumer's right to rescind.**

(1)    **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

(2)    **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

(3)    **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

(4)    **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

(b)    **Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

- 6 -

      (1)    **The retention or acquisition of a security interest in the consumer's principal dwelling.**

      (2)    **The consumer's right to rescind the transaction.**

      (3)    **How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

      (4)    **The effects of rescission, as described in paragraph (d) of this section.**

      (5)    **he date the rescission period expires....**

(f)    <u>**Exempt transactions**</u>**. The right to rescind does not apply to the following:**

      (1)    **A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

      (2)    **A credit plan in which a state agency is a creditor.**

**ANSWER:**    **Because paragraph 21 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.**

## <u>GROUND FOR RESCISSION</u>

22.    In connection with the loan, Ameriquest Mortgage Company failed to provide the required financial disclosures and disclosures of the plaintiffs' right to cancel within three days.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies such allegations.**

23.    Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit</u> <u>G</u>.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies such allegations.**

24.     The loan has not been rescinded.

**ANSWER:**     **Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies that Plaintiffs are entitled to rescind their mortgage.**

25.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     **Because paragraph 25 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies such allegations.**

26.     15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:**     **Because paragraph 26 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies such allegations.**

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

      a.     A judgment voiding plaintiffs' mortgage, capable of recordation in the public records, and binding on defendants;

      b.     Statutory damages for the underlying disclosure violation;

      c.     If appropriate, statutory damages for failure to rescind;

      d.     Attorney's fees, litigation expenses and costs.

      e.     Such other or further relief as the Court deems appropriate.

- 8 -

__ANSWER:__   No answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## COUNT II - BREACH OF CONTRACT

27.   Plaintiffs incorporate paragraphs 1-19. This claim is against Ameriquest.

__ANSWER:__   **Defendant incorporates its answers to paragraphs 1-19 above in response to this paragraph.**

28.   Ameriquest contracted and undertook to reduce plaintiffs' interest rate if they paid a "loan discount" fee.

__ANSWER:__   **Because Count II is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and on that basis denies such allegations.**

29.   Plaintiffs paid a $5,502.50 "loan discount" fee. Exhibit C, line 802. However, on information and belief, Ameriquest did not decrease plaintiffs' rate.

__ANSWER:__   **Because Count II is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies such allegations.**

30.   Ameriquest thereby violated its contract.

__ANSWER:__   **Because Count II is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies such allegations.**

31.   Plaintiffs were damaged as a result.

__ANSWER:__   **Because Count II is directed at defendants other than this answering Defendant, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and on that basis denies such allegations.**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

a. Compensatory damages;

b. Costs of suit;

c. Such other and further relief as the Court deems proper.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of

other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

  10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

  11. As to each cause of action, Defendant is entitled to an offset.

  12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

  13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

  14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

  15. Plaintiffs' claims are barred in whole or in part, because they are members of a prior settlement or class that released some or all claims alleged by Plaintiffs.

  16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

  ///

  ///

  ///

  ///

  ///

  ///

  ///

  ///

## PRAYER

Defendant prays this court to:

1.    Dismiss plaintiffs' Complaint;

2.    Enter judgment for Defendant and against Plaintiffs in this action;

3.    Award Defendant its costs of suit; and

4.    Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  May 1, 2008                        By:  /s/ Bernard E. LeSage
                                                *Attorneys for WM Specialty Mortgage, LLC*

                                           Bernard E. LeSage, Esq.
                                           Sarah K. Andrus, Esq.
                                           BUCHALTER NEMER, a P.C.
                                           1000 Wilshire Boulevard, Suite 1500
                                           Los Angeles, CA 90017-2457
                                           Telephone: (213) 891-0700
                                           Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 1st day of May 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:        /s/  Bernard E. LeSage

BN 1916244v1