# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |

THIS DOCUMENT RELATES TO:

*Cathleen Kessler, Case No.: 06-4999*
*Chantel & Jeffrey Thibodeau, Case No.: 06-5148*
*Daniel & Donna Cashen, Case No.: 06-4683*
*Donald & Patricia Cooper, Case No.: 06-6604*
*George & Cynthia Scott, Case No.: 06-6786*
*Glenn Leach, Case No.: 06-5000*
*Gregory & Pam Barletta, Case No.: 06-4560*
*Hope & Carl Gelman, Case No.: 06-4684*
*Janet & Gilbert Solnin, Case No.: 06-4866*
*Jeremy Harrison, Case No.: 06-6947*
*Joseph Bush & Dorothy Muller: Case No.: 06-6946*
*Judy Shields, Case No.: 06-6787*
*Kelly & Jo Lynn Sedgwick, Case No.: 06-2333*
*Kurt & Nancy Fuller, Case No.: 07-291*
*William & Linda Lappin, Case No.: 06-5147*
*Peter Grabowski, Case No.: 06-2549*
*Preston & Delana Joyner, Case No.: 06-6784*
*Ralph Rodriguez & Barbara Chapman,*
*    Case No.: 06-2187*
*Rocco C. Tieri, Case No.: 06-2683*
*Rosalind & Randy Van Gorp, Case No.: 06-1731*
*Scott K. Dearden, Case No.: 06-2912*
*Shawn & Shari Maldonado, Case No.: 06-6609*
*Sheila & Ronald Warren, Case No.: 06-4415*
*Thomas & Linda Applegate, Case No.: 06-4867*
*Vicki Calder, Case No.: 06-5146*
*John Dougherty & Geraldine Pomilio Dougherty,*
*    Case No.: 06-2482*
*Lori O'Malley, Case No.: 06-6373*
*Kevin & Sherry Wessel, Case No.: 06-1899*
*Donald & Sharon Green, Case No.: 06-6945*
*Troy & Melissa Morgida, Case No.: 07-3006*
*Joseph & Montrea Kite, Case No.: 07-4059*
*Mary Hall, Case No.: 06-6607*

BN 2080698v1

- 2 -

*James & Genise Krause, Case No.: 07-4628*
*Sherry Pearson, Case No.: 07-4628*

        Plaintiffs,

    *v.*

*Ameriquest Mortgage Company, et al.*

        Defendants.

### DEFENDANT AMERIQUEST MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant AMERIQUEST MORTGAGE COMPANY ("Defendant"), by and through its attorneys, answers the Second Amended Complaint of Plaintiff KATHLEEN KESSLER et al. ("Plaintiffs") as follows.

### SECOND AMENDED COMPLAINT

### INTRODUCTION

1.    Plaintiffs charge defendants with failure to honor valid rescission requests in violation of 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of applicable state law.

**ANSWER:**    **Defendant specifically denies that it violated 15 U.S.C. § 1635 and applicable state law. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies such allegations.**

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claims under the Truth in Lending Act arise under federal law. This Court has supplemental jurisdiction over plaintiffs' claims under state law pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

BN 2080698v1

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies the remaining allegations in Paragraph 2.**

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

**ANSWER:** **Defendant denies that venue is proper in the Northern District of Illinois pursuant to the Multi-District Litigation Panel's Transfer Order based on Federal and State Constitutional grounds, including, but not limited to, Due Process and Equal Protection under the law. Defendant denies the remaining allegations in Paragraph 3.**

## PARTIES

4.      Plaintiffs are home owners who refinanced their mortgages in transactions with Ameriquest Mortgage Company.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5.      Defendant Ameriquest Mortgage Company originated all plaintiffs' mortgages.

**ANSWER:** **Defendant objects to the term "originated" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "originated." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies such allegations.**

6.      Defendant AMC Mortgage Services, Inc. at one point serviced plaintiffs' mortgages that were originated by Ameriquest.

**ANSWER:** **Defendant objects to the term "serviced" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of the term "serviced." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies such allegations.**

- 3 -

BN 2080698v1

7.      Defendant Ameriquest Mortgage Securities, Inc. holds or held legal title to the

mortgage loans originated by Ameriquest at issue in this lawsuit.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

8.      Defendant ACC Capital Holdings Corporation is the parent company for

Ameriquest Mortgage Company and AMC Mortgage Services Inc.

**ANSWER:**      **Admit.**

9.      Defendant Deutsche Bank National Trust Company is the trustee of Ameriquest

Mortgage Securities Inc. for the various asset backed pass-through certificates which own

plaintiffs' loans.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

10.      Defendant Countrywide Home Loans, Inc. is currently servicing the loan of

Preston & Delana Joyner and claims the right to receive payments thereunder and does business

in this district.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

11.      Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest

Mortgage Securities Inc. Quest Trust 2005 X2 Asset Backed Pass Through Certificate Series

2005-X2 and/or Ameriquest Mortgage Securities Inc. Quest Trust 2005 X2 Asset Backed Pass

Through Certificates Series 2005-X2 is or was the assignee of the Kessler loan.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

BN 2080698v1

12.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R3 and/or Ameriquest Mortgage Securities Inc.  Asset Backed Pass Through Certificates Series 2004-R3 is or was the assignee of the Thibodeau loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

13.     [sic] Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2005-R3 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2005-R3 is or was the assignee of the Tieri loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

13.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R1 and/or Ameriquest Mortgage Securities Inc.  Asset Backed Pass Through Certificates Series 2004-R1 is or was the assignee of the Cashen loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

14.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2005-R6 and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2005-R6 is or was the assignee of the Cooper, Scott, and Bush & Muller loans.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

15.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R7 and/or Ameriquest Mortgage Securities Inc.  Asset Backed Pass Through Certificates Series 2004-R7 is or was the assignee of the Leach loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

16.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Securities Inc. Asset Backed Pass Through Certificates Series 2004-R8 and/or Ameriquest Securities Inc. Asset Backed Pass-Through Certificates Series 2004-R8 is or was the assignee of the Barletta, Gelman, Fuller, Morgida, Grabowski and Dearden loans.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

17.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities, Inc.  Asset Backed Pass Through Certificates, Series 2005-R4 and/or Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2005-R4 is or was the assignee of the Solnin loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

18.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities, Inc.  Asset Backed Pass Through Certificates Series 2004-R12 and/or Ameriquest Mortgage Securities, Inc.  Asset Backed Pass Through Certificates Series 2004-R12 is or was the assignee of the Harrison loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 6 -

19.    Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2005-R5 and/or Ameriquest Mortgage Securities, Inc.  Asset Backed Pass Through Certificates Series 2005-R5 is or was the assignee of the Shields loan.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

20.    Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc.  Asset Backed Pass-Through Certificates Series 2003-8 under the Pooling & Servicing Agreement dated as of Aug 1, 2003 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificates Series 2003-8 is or was the assignee of the Sedgwick and Wessel loans.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

21.    Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Securities Inc. Asset Backed Pass Through Certificates Series 2004-R9 and/or Ameriquest Securities Inc. Asset Backed Pass Through Certificates Series 2004-R9 is or was the assignee of the Rodriguez & Chapman loan.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

22.    Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Through Certificates Series 2003-6 and/or Ameriquest Mortgage Securities, Inc.  Asset Backed Through Certificates Series 2003-6 is or was the assignee of the Van Gorp loan.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 7 -

23.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R11 and/or Ameriquest Mortgage Securities Inc.  Asset Backed Pass Through Certificates Series 2004-R11 is or was the assignee of the Warren, Kite and Pearson loans.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

24.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc.  Asset Backed Pass Through Certificates Series 2003-13 and/or Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2003-13 is or was the assignee of the Applegate loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

25.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2004-R5 and/or Ameriquest Mortgage Securities Inc.  Asset Backed Pass Through Certificates Series 2004-R5 is or was the assignee of the Calder and Dougherty loans.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

26.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2005-R10 and/or Ameriquest Mortgage Securities Inc.  Asset Backed Pass Through Certificates Series 2005-R10 is or was the assignee of the Maldonado loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27.     Defendant Washington Mutual Bank is or was the assignee of Green & Lappin

loans.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

28.     Defendant Goldman Sachs Mortgage Company is or was the assignee of the

O'Malley loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

29.     Defendant Wells Fargo Bank, N.A. as trustee of Park Place Securities Inc.  Asset

Backed Pass Through Certificates Series 2004-MCW1 and/or Park Place Securities Inc.  Asset

Backed Pass Through Certificates Series 2004-MCW1 is or was the assignee of the Joyner loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

30.     Defendant Merrill Lynch Mortgage Lending, Inc. is or was the assignee of the

Mary Hall loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

31.     Defendant Deutsche Bank National Trust Company as Trustee of Ameriquest

Mortgage Securities Inc.  Asset Backed Pass Through Certificates Series 2006-R1 and/or

Ameriquest Mortgage Securities Inc.  Asset-Backed Pass Through Certificates Series 2006-R1 is

or was the assignee of the Krause loan.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as
to the truth of the allegations of this paragraph and on that basis denies such
allegations.**

BN 2080698v1

32.     Plaintiffs are informed and believe that, at all times herein mentioned, each defendant was the agent, co-conspirator, joint tortfeasor, joint venturer, and/or alter ego of each other defendant.  In doing the things alleged herein, each defendant was acting within the course and scope of said agency, conspiracy, contract, and/or joint venture with the direction, advance knowledge, authorization, acquiescence, and/or subsequent ratification of each and every remaining defendant.  Each defendant was put in a position and so enabled by the remaining defendant to do the things hereinafter alleged.  Each defendant had the knowledge of and agreed to the objective and course of action hereinafter alleged, and each defendant conspired with and aided and abetted each other defendant in achieving that objective and pursuing that course of action.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

33.     Whenever reference is made in this complaint to any act, deed or transaction of any defendant corporation, or any other defendant business entity, such allegations shall be deemed to mean that the officers, directors, agents or employees of said defendant authorized, acted and did such acts in behalf of said defendant while actively engaged in the management, direction or control of its affairs and while acting within the course and scope of their employment.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

34.     Whenever reference is made in this complaint to any act of any defendant, such allegation shall be deemed to mean the act of each defendant, acting individually, jointly and severally.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 2080698v1

35.     At all times relevant herein, defendants, and each of them, were the agents of each of the other defendants and in doing the things alleged herein were acting within the course and scope of said agency.

**ANSWER:     Denied.**

**COUNT ONE -- TRUTH IN LENDING ACT**

36.     Plaintiffs incorporate paragraphs one through thirty-five above, as well as their individual filed complaints.

**ANSWER:     Defendant restates its answers to Paragraphs one through thirty-five, as well as to any Answers it filed in response to the individual complaints, in answer to this paragraph.**

37.     Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years.  See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").  Accordingly, plaintiffs sent rescission notices to Ameriquest and the owners and servicers of their respective mortgages within the extended rescission periods.

**ANSWER:     Because this paragraph states conclusions of law, no answer is required.  If any answer is required, Defendant denies any liability to Plaintiffs.**

38.     When a valid rescission request is made by the consumer, "the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charges." 12 C.F.R. § 226.23(d)(1). In addition, "within 20 calendar days after the receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any

BN 2080698v1

action necessary to reflect the termination of the security interest." 12 C.F.R. § 226.23(d)(2).

Defendants have done neither.

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

39. Defendants' failure to honor the rescission requests is a violation of the Truth in Lending Act separate from the violations which extended the rescission periods. Plaintiffs are entitled to rescission plus actual damages, statutory damages and other relief.

**ANSWER:** **Because this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

## COUNT TWO

## FALSE ADVERTISING / UNFAIR AND DECEPTIVE ACTS AND PRACTICES

40. Plaintiffs incorporate paragraphs one through thirty-nine above, as well as their individual filed complaints.

**ANSWER:** **Defendant restates its answers to Paragraphs one through thirty-nine, as well as to any Answers it filed in response to the individual complaints, in answer to this paragraph.**

41. In connection with trade or commerce, Ameriquest engaged in false advertising and engaged in unfair and deceptive acts and practices in violation of State laws (including common law doctrines) which prohibit bait and switch sales practices. More specifically, as detailed in prior filed complaints incorporated herein, Ameriquest baited plaintiffs into mortgage transactions by offering relatively favorable terms and then switched to more expensive terms. This misconduct has caused damage to plaintiffs.

**ANSWER:** **Denied.**

42. The other defendants (except Countrywide Home Loans, Inc.) are jointly responsible because Ameriquest acted as their agent and/or co-conspirator and because the other

- 12 -

defendants knowingly aided, abetted, participated in and/or assisted in the pattern and practice of misconduct. The other defendants are therefore jointly and severally liable to plaintiffs.

**ANSWER:    Denied.**

## COUNT THREE

## NEGLIGENCE

43.    Plaintiffs incorporate paragraphs one through forty-two above, as well as their individual filed complaints.

**ANSWER:    Defendant restates its answers to Paragraphs one through forty-two, as well as to any Answers it filed in response to the individual complaints, in answer to this paragraph.**

44.    Because of a lack of due care, Ameriquest made false and misleading representations to plaintiffs upon which plaintiffs justifiably and detrimentally relied. More specifically, as detailed in prior filed complaints incorporated herein, Ameriquest baited plaintiffs into mortgage transactions by offering relatively favorable terms and then switched to more expensive terms. This misconduct has caused damage to plaintiffs. The other defendants (except Countrywide) are jointly responsible because Ameriquest was acting as their agent and/or co-venturer.

**ANSWER:    Denied.**

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

      a.    canceling the appropriate defendants' security interests in appropriate plaintiffs' homes and ordering those defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

      b.    awarding plaintiffs actual damages proximately caused by defendants' failure to comply with 12 C.F.R. § 226.23(d)(2);

- 13 -

c.       awarding appropriate statutory damages;

d.       awarding plaintiffs costs, penalties, and attorneys fees;

e.       awarding plaintiffs actual and punitive damages;

f.       granting such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.       Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.       Plaintiffs' claims are barred by the applicable statute of limitations.

3.       Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.       Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.       Plaintiffs' claims are barred by the applicable statute of frauds.

6.       Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.       Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.       Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.       Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Ameriquest Mortgage Company, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

- 14 -

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Ameriquest Mortgage Company described in the Complaint.

11.     As to each cause of action, Ameriquest Mortgage Company is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Ameriquest Mortgage Company has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant Ameriquest Mortgage Company prays this court to:

18.     Dismiss plaintiffs' Complaint;

19.     Enter judgment for defendant Ameriquest Mortgage Company and against Plaintiffs in this action;

20.     Award Ameriquest Mortgage Company its costs of suit; and

21.     Grant Ameriquest Mortgage Company any and all further and additional relief as it deems just and appropriate.

- 15 -

BN 2080698v1

- 16 -

Respectfully submitted,

DATED: July 26, 2008          By: /s/ Bernard E. LeSage
            *Attorneys for Ameriquest Mortgage*
            *Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 16 -

BN 2080698v1

- 17 -

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 26th day of July 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:      /s/ Bernard E. LeSage

BN 2080698v1