**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTIONS:<br><br>*Furgeson v. Ameriquest Mortg. Co. et al.*, 04-cv-7627, *Salazar v. Ameriquest Mortg. Co. et al.*, 05-cv-4162, *Smith v. Ameriquest Mortg. Co. et al.*, 05-cv-648, *Jimenez v. Ameriquest Mortg. Co. et al.*, 05-cv-1009, *Treadwell v. Ameriquest Mortg. Co. et al.*, 05-cv-1078, *Key v. Ameriquest Mortg. Co. et al.*, 05-cv-1077, *Wertepny v. Ameriquest Mortg. Co. et al.*, 05-cv-1402, *Harris v. Ameriquest Mortg. Co. et al.*, 05-cv-4025, *Mills v. Ameriquest Mortg. Co. et al.*, 05-cv-3976 and, *Pintsak v. Ameriquest Mortg. Co. et al.*, 05-cv-5035. | |

**DEFENDANTS'[1] MOTION TO COMPEL INDIVIDUAL PLAINTIFFS TO FOLLOW
THIS COURT'S NOVEMBER 7, 2006 CASE MANAGEMENT ORDER**

**I.     INTRODUCTION**

On August 22, 2008, plaintiffs in the above-referenced actions filed a consolidated Motion for Summary Judgment (the "Motion"). (Docket Nos. 2301-2306.) The form of this Motion is expressly prohibited by this Court's November 7, 2006 Case Management Order (the "Case Management Order"). Specifically, the Case Management Order prohibits serial motions for summary judgment and the adjudication of test cases. (Case Management Order Section VI. p. 13.) Thus, pursuant to this Court's Case Management Order, the Motion is improper and must be withdrawn.

---

[1] The term "Defendants" collectively refers to Ameriquest Mortgage Company, Deutsche Bank, and WM Specialty Mortgage.

II.     ARGUMENT

**The Adjudication of Test Cases Is Prohibited by This Court's Case Management Order.**

In Section VI of the Case Management Order, this Court stated that in respect to motions for summary judgment, "[w]e expect no more than three sets of opening motions and corresponding responses and replies: one from the collective class plaintiffs, one from the individual plaintiffs, and one from defendants . . . We are disinclined to decide any 'test cases' through either summary judgment or trial." Currently there are over 1500 individual plaintiffs who have elected not to participate in the borrower and non-borrower class actions. The reasonable restrictions set forth in the Case Management Order are necessary to avoid an avalanche of dispositive motions. Requiring the individual Plaintiffs to file one consolidated Motion for Summary Judgment ensures that the parties and this Court can efficiently manage this action and avoid a desent into chaos.

With respect to the Court's Order barring the litigation of "test cases," the instant motion is the exact type of partial adjudication the Court sought to avoid. The above-referenced plaintiffs do not seek to resolve their entire disputes or even entire counts in their complaints. Rather, through the instant motion, the above-referenced plaintiffs seek only to adjudicate the issue of liability and ignore significant issues regarding damages and questions regarding plaintiffs ability to repay the principal of their loans as required under TILA in order to effectuate rescision.

Finally, adherence to the Case Management Order ensures that each individual case is at the same procedural posture while the parties are mediating their disputes. If individual plaintiffs are allowed to proceed at different rates, omnibus settlement of the individual cases would be impossible. For example, counsel representing multiple plaintiffs have greater resources and will likely attempt to advance certain cases to better their individual position at mediation. However, in light of the vast number of individual cases, it is not practical to expect Defendants to conduct meaningful meditation of the disputes unless each plaintiff is on similar footing.

2

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order the above-referenced plaintiffs to withdraw their improper Motion or, in the alternative, the hearing on the Motion be Postponed until after the close of discovery and coordinated with all other dispositive motions as contemplated by the Case Management Order.

Respectfully submitted,

DATED: August 27, 2008　　　　　　　　By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company, Deutsche Bank, and WM Specialty Mortgage*
Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-0700
(213) 896-0400 fax

**CERTIFICATE OF SERVICE**

I, Bernard E, LeSage, hereby certify that on this 27th day of August 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

BN 2211355v1