IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTIONS:<br><br>*Bailey, et al. v. Ameriquest Mortg. Co. et al.*, 06-cv-1733,<br>*Belval, et al. v. Ameriquest Mortg. Co. et al.*, 06-cv-2469,<br>*Black, et al. v. Ameriquest Mortg. Co. et al.*, 07-cv-129,<br>*Brissett, et al. v. Ameriquest Mortg. Co. et al.*, 07-cv-130,<br>*Damm, et al. v. Ameriquest Mortg. Co. et al.*, 06-cv-4032,<br>*Punch, et al. v. Ameriquest Mortg. Co. et al.*, 06-cv-6753. | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S' OBJECTION TO THE FORM OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

On November 7, 2006, this Court issued its Case Management Order which established a clear and fair path for the efficient management of this immensely complex and large Multi District Litigation. (Docket No. 284.) The Case Management Order expressly states that plaintiffs who elect not to participate in the borrower and non-borrower class action ("Opt-Out Plaintiffs") must file one, and only one, consolidated motion for summary judgment. Specifically, in Section VI of the Case Management Order, this Court stated that in respect to motions for summary judgment, "[w]e expect no more than three sets of opening motions and corresponding responses and replies: one from the collective class plaintiffs, <u>one from the individual plaintiffs</u>, and one from defendants . . . <u>We are disinclined to decide any 'test cases' through either summary judgment or trial.</u>" (Case Management Order, Section VI. p. 13, emphasis added.)

1

BN 2219035v1

Now, two competing groups of Opt-Out Plaintiffs have filed two separate motions for summary judgment. (Docket Nos. 2301-2306 and 2333-2337.) The need for one consolidated motion for summary judgment is apparent when one considers the size of this litigation. Currently, there are over 1,500 individual plaintiffs who have elected not to participate in the borrower and non-borrower class actions. The reasonable restrictions set forth in the Case Management Order are necessary to avoid an onslaught of dispositive motions. Requiring the individual plaintiffs to file one consolidated motion for summary judgment ensures that the parties and this Court can efficiently manage this action and avoid a descent into chaos.

With respect to the Court's Order barring the litigation of "test cases," the instant motions are the exact types of partial adjudications the Court sought to avoid. These motions do not seek to resolve entire disputes or even entire counts within specific complaints. Rather, through these motions, plaintiffs seek only to adjudicate the issues of liability and ignore significant issues regarding damages and questions regarding plaintiffs ability to repay the principal of their loans as required under TILA in order to effectuate rescission.

Importantly, adherence to the Case Management Order ensures that each individual case is at the same procedural posture while the parties are mediating their disputes. If individual plaintiffs are allowed to proceed at different rates, omnibus settlement of the individual cases would be impossible. For example, counsel representing multiple plaintiffs have greater resources and will likely attempt to advance certain cases to better their individual position at mediation. However, in light of the vast number of individual cases, it is not practical to expect Defendants to conduct meaningful meditation of the disputes unless each plaintiff is on similar footing.

## CONCLUSION

For the foregoing reasons, Ameriquest respectfully requests that this Court order the above-referenced plaintiffs to withdraw their improper motions.

2

DATED: August 28, 2008                    Respectfully submitted,

                                          By: /s/ Bernard E. LeSage

                                          *Attorneys for Ameriquest Mortgage Company*
                                          Bernard E. LeSage, Esq.
                                          Sarah K. Andrus, Esq.
                                          BUCHALTER NEMER, a P.C.
                                          1000 Wilshire Boulevard, Suite 1500
                                          Los Angeles, CA 90017-2457
                                          (213) 891-0700
                                          (213) 896-0400 fax

4

## CERTIFICATE OF SERVICE

     I, Bernard E, LeSage, hereby certify that on this 28th day of August 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                  By: /s/  Bernard E. LeSage