## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097(MDL-1715) | **DATE** | 9/8/2008 |
| **CASE TITLE** | In Re: Ameriquest Mortgate Company, et al | | |

**DOCKET ENTRY TEXT**

On May 5, 2008, certain Third-Party Defendants filed a Motion for Entry of Order Appointing Liaison Counsel and Participation in Fees and Costs (Docket No. 2135). We grant the motion in part and continue it in part, pending Liaison Counsel's submission of the required docuetation. It is so ordered.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

## ORDER

On May 5, 2008, certain Third-Party Defendants filed a Motion for Entry of Order Appointing Liaison Counsel and Participation in Fees and Costs (Docket No. 2135). We granted this motion in part on June 4, 2008, approving the proposed organizational structure for these Third-Party Defendants and appointing LandAmerica Parties' counsel as Liaison Counsel (Docket No. 2178). Although we ordered additional briefing on Liaison Counsel's request for reimbursement from Third-Party Defendants – including a request for $110,000 of its costs and fees for work completed largely before their appointment as Liaison Counsel – no additional proposals or objections have been filed. To date, only one Third-Party Defendant, Mortgage Information Services ("MIS"), has objected to Liaison Counsel's request for compensation (Docket No. 2153). MIS contends that no reimbursement should be required at all for Liaison Counsel's past or future services.

Despite Third-Party Defendants' relative silence on this issue, we cannot grant the motion without additional information. While we plainly have the authority to order compensation to Liaison Counsel for work they perform for the benefit of Third-Party Defendants (rather than for the exclusive benefit of the LandAmerica Parties), we cannot simply rubber-stamp their reimbursement requests.

Neither the LandAmerica Parties, nor Liaison Counsel, for example, have offered any specific information about the $110,000 sought for previously-incurred fees and costs. We do not know which lawyers billed what hours, at what rate, for completing what work, for whose benefit. We do not know what costs have been incurred for what purposes. Accordingly, we order Liaison Counsel to submit documentation by September 29, 2008, detailing the fees and expenses incurred prior to their appointment on June 4, 2008 for which they seek reimbursement.

For fees and costs incurred after June 4, 2008 and on a going-forward basis, we will also require Liaison Counsel to submit documentation supporting any reimbursement requests. Liaison Counsel must file detailed reimbursement petitions on a quarterly basis, within 30 days from the end of the quarter at issue. For example,

**STATEMENT**

Liaison Counsel should submit any reimbursement request for work performed from June 4 through September 4, 2008 by Monday, October 6, 2008.

With respect to the mechanics of the reimbursement payments, we approve Liaison Counsel's proposal splitting the reimbursable amount among the Third-Party Defendants, with half to be paid on a "per party" basis and the other half to be paid on a "per transaction" basis. (*See* Mot. at 9-10.) We further order Liaison Counsel to establish a fund into which reimbursement payments shall be made. We reserve the right to determine what percentage of work performed and costs incurred are appropriately charged to Third-Party Defendants as a group.

Accordingly, we grant the motion in part and continue it in part, pending Liaison Counsel's submission of the required documentation. It is so ordered/