**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097 |
| _____<br>THIS DOCUMENT RELATES TO | ) ) ) ) ) ) | Centralized before Judge<br>The Honorable Marvin E. Aspen<br><br>Hon. Morton Denlow,<br>Magistrate Judge |
| *Bailey, et al., v. Ameriquest Mortgage Co., et al*<br>*Case No. 1:06-cv-01733* | ) ) ) | |
| *Belval, et al., v. Ameriquest Mortgage Co., et al*<br>*Case No. 1:06-cv-02469* | ) ) ) | |
| *Black, et al., v. Ameriquest Mortgage Co., et al*<br>*Case No. 1:07-cv-00130* | ) ) ) | |
| *Brissett, et al., v. Ameriquest Mortgage Co., et al*<br>*Case No. 1:07-cv-00130* | ) ) ) | |
| *Damm, et al., v. Ameriquest Mortgage Co., et al*<br>*Case No. 1:06-cv-04032* | ) ) ) | |
| *Punch, et al, v. Ameriquest Mortgage Co., et al*<br>*Case No. 1:06-cv-6753* | ) ) | September 9, 2008 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**

**FACTS**

Defendant Ameriquest 35 Notices of Deposition, each accompanied by a Request for Production of Documents, were dated August 29, 2008 and served upon Plaintiffs' counsel on September 2, 2008. *See* Exh. A (sample notice and request). The notices span 6 separate actions originally filed in the District of Connecticut, Eastern District of New York, and Southern District of New York. All of the deponents listed in the notices are Plaintiffs residing in one of

those three districts. As indicated by the sample attached as Exhibit A, the depositions are all to be held in Chicago. Most of the Plaintiffs are of modest economic means. Some are currently unemployed and disabled. Nearly all are having financial problems paying their mortgages and some are at risk of default or foreclosure. The Plaintiffs filed their lawsuits in the district courts nearest their homes and are willing to be deposed in those districts. The Plaintiffs' attorneys are located in the District of Connecticut and the Southern District of New York. Ameriquest's local counsel in the same districts had already appeared in these matters prior to transfer to the Northern District of Illinois. The two firms acting as Defendant's local counsel have approximately two hundred and fifty attorneys between their Manhattan, New York and Hartford, Connecticut offices.[1] Defendant will clearly bear less of a burden if required to depose Plaintiffs in their home districts than the Plaintiffs will bear if required to travel to Chicago.

## DISCUSSION

Most jurisdictions hold that district courts have great discretion in designating the location of taking a deposition in order to further the interests of justice. *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (D.C. N.Y. 1998); *Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1365 (7th Cir. 1985); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Gen. Leasing Co. v. Lawrence Photo-Graphic Supply, Inc.*, 84 F.R.D. 130 (W.D. Mo. 1979); *Leist v. Union Oil Co.*, 82 F.R.D. 203, 204 (E.D. Wis. 1979); *Fin. Gen. Bankshares, Inc. v. Lance*, 80 F.R.D. 22, 23 (D.D.C. 1978); *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975); *Baker v. Standard Industries, Inc.*, 55 F.R.D. 178 (D.P.R.1972); *Connell v. Biltmore Sec. Life Ins. Co.*, 41 F.R.D. 136, 137 (D.S.C. 1966). When a party is served with an inappropriate discovery request or notice of deposition, and cannot resolve the matter out of court, the party is

---

[1] Thelen LLP in Connecticut and New York (http://www.thelenreid.com/index.cfm?section=attorney) and Morrison Cohen LLP in New York (http://www.morrisoncohen.com/attorneys.htm).

entitled to seek a protective order. Fed. R. Civ. P. 26(c). As the 7th Circuit U.S. Court of Appeals has observed:

> Rule 26(c) offers little guidance for the exercise of the powers that it grants the district judge. He may, 'for good cause shown, . . . make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .' With a standard so general, applied to questions of trial management, the district court's discretion is broad and the effective scope of appellate review quite limited.

*Afram Export Corp.*, 772 F.2d at 1365. When considering a request for a protective order "each application must be considered on its own facts and equities. *Leist*, 82 F.R.D. at 204.

In considering where a plaintiff can be deposed, there is a general presumption that a plaintiff is usually deposed in the district where plaintiff initiated the action. *I Create Int'l, Inc. v. Mattel, Inc.*, 2004 U.S. Dist. LEXIS 15477 *14 (S.D.N.Y. 2004) (attached as Exh. B). Other factors and considerations may also be taken into account when selecting the location of a deposition. The "financial position of the deponent" and the location of a party's attorneys have been held to be appropriate factors in designating the location of a deposition. *Leist*, 82 F.R.D. at 204; *Haymes v. Colombia Pictures Corp.*, 16 F.R.D. 118 (S.D.N.Y. 1954). Courts may also "consider the convenience of all parties in the general interest of judicial economy" and "[c]onsiderations of efficient litigation . . ." *Partecipazioni Bulgari SpA. v. Meige*, 1988 U.S. Dist. LEXIS 12122 *3 (S.D. Fla. 1988) (attached as Exh. C); *Devlin v. Transportation Communs. Int'l Union*, 2000 U.S. Dist. LEXIS 264 *12 (S.D.N.Y. 2000) (attached as Exh. D). "Cost considerations relevant to the location of a deposition may be looked at from two perspectives: the impact that the choice of site has on total costs and the relative ability of the parties to bear the expenses." *Devlin*, 2000 U.S. Dist. LEXIS at *9-10.

The Judicial Panel on Multidistrict Litigation, when considering which district will act as transferee, has expressed a preference for deposing witnesses "where the witness resides" and

has noted that, in a multidistrict litigation, depositions need not be held in the district of the transferee court. *In re Government Auto Fleet Sales*, 328 F. Supp. 218, 220 (J.P.M.L. 1971) ("We certainly agree that depositions should generally be taken where the witness resides but this can be done regardless of which District is selected as the transferee court."). In deciding whether to grant Plaintiffs' request that the depositions be held in the district where the cases where originally filed, it is significant that this case is a multidistrict litigation in which all of the Plaintiffs currently at issue have had there claims involuntarily transferred to a district half-way across the country from the forum they originally selected. The current situation is the opposite of what this court considered in *Orrison v. Balcor Co.*, 132 F.R.D. 202 (N.D. Ill. 1990). In *Orrison*, the plaintiffs filed suit in the Northern District of Illinois but later complained, in part, of the expense and burden of being deposed there because they were non-residents. *Orrison*, 132 F.R.D. at 203. The court rejected any arguments related to the expense or inconvenience of traveling to Chicago for depositions holding: "Having voluntarily selected the Northern District of Illinois as the forum in which to pursue their cause of action, plaintiffs are in no position to complain of the costs of discovery." *Id*.

In this case, the Plaintiffs selected Connecticut and New York as the forum for their claims. Traveling to Chicago, a forum with which they have no connection, will pose an expensive and inconvenient burden on the Plaintiffs, many of whom are already struggling to pay their Ameriquest and Argent mortgages. When comparing the impact of the location for the depositions on total costs and the relative ability of the parties to bear the expenses, Plaintiffs note that it would be far less expensive and more convenient for a group of Defendant's attorneys to travel to Connecticut and New York than to have all 305 Plaintiffs converge on Chicago with their documents. Furthermore, Defendant already has local counsel in both states

4

who are familiar with the Plaintiffs' actions. Both local counsel firms have more than enough attorneys to depose the Plaintiffs.

## CONCLUSION

The Plaintiffs ask the Court to exercise its discretion to order that the Plaintiffs be deposed in Connecticut and New York, in the districts where they originally filed their lawsuits. Plaintiffs also request that the depositions be scheduled over a reasonable period across approximately four months and that they be allowed at least 30 days to respond to the document requests served upon them. There are several valid considerations showing that Connecticut and New York are better locations for the depositions than Chicago. All of the deponents and their attorneys reside in those two states and the expense and logistical difficulties associated with requiring Plaintiffs to travel to Chicago will be far in excess of what it would cost for Defendant's attorneys to travel to the East Cost. Additionally, the Defendant already has counsel in Connecticut and New York and would not need to incur any travel expenses if the depositions are held there. Plaintiffs are generally deposed in the district where they filed the lawsuits and, in this case, requiring them to travel to Chicago will pose an excessive and unreasonable burden upon them.

Respectfully Submitted,

By: /s/Daniel S. Blinn
 Daniel S. Blinn  ct02188
 Matthew W. Graeber ct 424250
 Consumer Law Group, LLC
 35 Cold Spring Road, Suite 512
 Rocky Hill, Connecticut  06067
 Tel (860) 571-0408
 Fax (860) 571-7457
 dblinn@consumerlawgroup.com
 mgraeber@consumerlawgroup.com

**CERTIFICATION OF SERVICE**

This is to certify that on this 9th day of September, 2008, a true and correct copy of the foregoing document was filed.  Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/Daniel S. Blinn
Daniel S. Blinn