# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL Docket No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>BAILEY, ET AL. V. AMERIQUEST MORTGAGE COMPANY<br>CASE NO. 1:06-CV-01733 | **DEFENDANT AMERIQUEST MORTGAGE COMPANY'S NOTICE OF DEPOSITION FOR CYNTHIA THOMPSON** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant Ameriquest Mortgage Company ("AMQ") will take the deposition on oral examination of Plaintiff, Cynthia Thompson, beginning at 9:00 a.m. on September 11, 2008, at the office of Winston & Strawn, LLP, 35 West Wacker Drive, 41st Floor, Chicago, IL 60601 ((312) 558-5600).

The deposition will be taken before a certified shorthand reporter as may be present and will continue from day to day thereafter, weekends and holidays excluded, until completed. AMQ reserves the right to record the testimony at the deposition by videotape, instant display of testimony or audiotape in addition to recording this testimony by stenographic method. If Plaintiff requires the use of an interpreter, AMQ must be notified no later than five (5) days before the date set for deposition.

**PLEASE TAKE FURTHER NOTICE** that pursuant to FRCP 30(b)(5), Cynthia Thompson is requested to produce at the deposition, the original and all copies of all documents described in Appendix "A" attached.

DATED: August 29, 2008  BUCHALTER NEMER
A Professional Corporation

By: /s/ *Randall L. Manvitz*
RANDALL L. MANVITZ
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105

## APPENDIX "A"

### DEFINITIONS

1. "Closing" means and refers to the closing that is the subject matter of your Complaint. The term "closing" has the same meaning as commonly used in the real estate and mortgage industry to describe the process by which representatives of the lender meet (in person or otherwise) with the borrower for the purpose of consummating the mortgage loan and signing all related documents.

2. "Complaint" means the most recent Complaint filed by You in this Action.

3. "Communications" means and includes correspondences, conversations and all other forms of information exchange, whether written, verbal, by telephone, electronic mail, facsimile or other mode of transmission.

4. "Defendant" or "Defendants" means Ameriquest Mortgage Company.

5. "Document" shall have the meaning ascribed to that term in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, papers, writings, memoranda, contracts, agreements, books, journals, ledgers, statements, reports, bills, billings, invoices, work sheets, projections, notes, letters, email, instant messaging, text messaging, correspondence, Communications, abstracts, advertisements, drawings, photographs, audits, charges, balance sheets, income statements, checks, diagrams, certificates, diaries, calendars, logs, drafts, recordings, instructions, lists, minutes of meetings, orders, resolutions, recitals, telegrams, wires, cables, telexes, facsimiles, messages, telephone bills, resumes, summaries, tabulations, tallies, statistical analyses, magnetic and electronic media (tapes, hard disks, floppy disks, computer tapes, computer printouts, input/output computer systems, whether optical, visual or magnetic), and any other tangible things on which any handwriting, typing, printing, photostatic image, magnetic or electronic impulse, or other form of communication is recorded or reproduced, and any amendments or supplements to any of the foregoing no matter by whom prepared. The term "Document" includes originals and each copy thereof if such copy differs in any respect from the original (whether because of notes or other information appearing on such copy or otherwise).

6. "Loan" or "Loan" refers to the credit transaction which is the subject of your claim in the Complaint.

7. "Loan Documents" shall mean all documents provided to you during the Closing of your Loan(s).

8. "Loan Proceeds" means any and all funds disbursed by Defendant to You, or to Your creditors on Your behalf, as a result of the Loan.

9. "Person" or "Persons" means any natural person, or any legal entity or organization including corporations, firms, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus corporations and divisions, and any subsidiaries and departments thereof.

10. "Principal Dwelling" means any residential structure (including a single or multi-family home, mobile home, condominium, or cooperative) where you have resided most of the time.

11. "Property" means real estate which was security for any loan You received from a Defendant.

12. "Relating To," when used in reference to a Document, means that the Document constitutes, comprises, contains, discusses, evidences, comments upon, embodies, identifies, states, explains, describes, shows, makes manifest or apparent, or analyzes the subject of the request.

13. "You" "Your" and "PLAINTIFF" means the Plaintiff named in Notice of Deposition, his/her agents, employees and all other Person acting or purporting to act on his/her behalf.

## INSTRUCTIONS

1. The PLAINTIFF is required to produce requested Loan Documents as they have been kept by the PLAINTIFF in the ordinary course, and to produce other Documents as they are kept in the ordinary course or to organize and label them to correspond to the categories of Documents requested. Documents found attached or joined to other Documents by staple, clip, binder, binding, file folder, computer file or directory should be produced in the same manner. If Documents are produced on CD, include with the CD the appropriate file that will ensure that, when printed in hard copy form, the integrity of individual Documents is maintained.

2. The document requests set forth below pertain to all Documents available to You, including all Documents in Your possession, custody or control.

3. Unless otherwise specified, the document requests set forth below pertain to Documents that were prepared, generated, written, sent, dated or received during the time period from January 1, 1999 to the date of Your production.

4. If any part of a Document is responsive, produce the entire Document. If You assert privilege with respect to any part of a responsive Document, redact the privileged portion and indicate clearly on the Document where material was redacted by the legend "REDACTED-PRIVILEGED." Redacted Documents should be produced even if You believe that the non-redacted portion is not responsive. Please identify redactions on Your privilege log in the same manner as withheld Documents.

5. If You withhold any Document responsive to any request for any reason other than a claim of attorney-client privilege or work-product protection, provide a list identifying each such Document withheld, the asserted basis for withholding the Document, the custodian, the date of the Document, the author(s), all recipients, together with the job titles or positions of the author(s) and recipients, the subject matter of the Document and the paragraph of this Request to which each such Document relates.

6. Documents in electronic format should be made available electronically in their native file format, unless another form or format is specifically requested. If You believe that production in a specified electronic format is overly burdensome, You should so state in Your response to these requests and produce Documents in reasonably usable form. Defendant reserves the right to seek the production of additional Documents in an alternative form or format from that in which they were originally produced.

7. If, in responding to this Document request, You believe that any request, instruction, or definition is ambiguous, set forth the matter deemed ambiguous and the construction used in responding.

8. These requests are not intended to be duplicative. Each request should be responded to fully, and to the extent not covered by other requests. If Documents are responsive to more than one request, You should so note in Your response and produce each such Document in response to the request that is more specifically directed to the subject matter of the particular Document.

9. Should You obtain any other Documents or information which would supplement or modify the Documents or information supplied by You in response to this request, You are

directed, pursuant to FRCP 26(e), to give timely notice of such Documents and information and to furnish the additional Documents or information to Defendant without delay.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**

All Documents Relating To Defendant.

**REQUEST NO. 2:**

All Documents provided to You by Defendant.

**REQUEST NO. 3:**

All Documents You have provided to Defendant.

**REQUEST NO. 4:**

All Documents that were present at the Loan Closing.

**REQUEST NO. 5:**

All Documents Relating To any Communication(s) You have had with any person (excluding privileged communications with Your attorneys) regarding any of the matters alleged in the Complaint.

**REQUEST NO. 6:**

All Documents which identify any Person who has knowledge concerning any of the matters alleged in the Complaint.

**REQUEST NO. 7:**

All Documents created and/or maintained by any Person, including but not limited to, notes, journals, ledgers, and diaries, Relating To any of the matters alleged in the Complaint.

**REQUEST NO. 8:**

All Documents, including any written statement, affidavit, or declaration that You have obtained from any Person concerning any matter alleged in the Complaint.

**REQUEST NO. 9:**

All Documents Relating To the allegations, assertions, facts or claims in the Complaint, including, but not limited to, transcribed testimony, any writings made with respect to You or Your attorneys' interviews of such Person, or any other such Documents.

**REQUEST NO. 10:**
All Documents Relating To any Communications between You and any Person regarding the subject matter of the Complaint.

**REQUEST NO. 11:**
All Documents Relating To any products or services offered or provided to You by Defendant.

**REQUEST NO. 12:**
All Documents Relating To any transactions between You and Defendant, or any alleged affiliate of Defendant.

**REQUEST NO. 13:**
All Documents Relating To any Communications involving You Relating To Defendant, or any alleged affiliate of Defendant.

**REQUEST NO. 14:**
All Documents Relating To any products or services offered or provided by any lender to You after January 1, 2000.

**REQUEST NO. 15:**
All Documents sufficient to identify all past or current litigation in which You were plaintiff, defendant, third party defendant, or witness from January 1, 1995 to the present.

**REQUEST NO. 16:**
Documents sufficient to show the ownership or lease by You of any real estate from January 1, 2000 to the present.

**REQUEST NO. 17:**
Documents sufficient to identify Your income, expenses, assets, debt, and liabilities for each year between January 2003 and the present.

**REQUEST NO. 18:**
All Documents showing bank account deposits maintained or drawn upon by You at any time from January 1, 2002 to the present, including periodic statements for any checking account, savings account, money market, or any other type of account in which You are or were a user, signatory, beneficiary or other type of person with access to the account.

**REQUEST NO. 19:**

All Documents for any retirement accounts, 401K accounts, IRA accounts, 529 Savings Plan, or any other type of long term savings or investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from 2005 to the present.

**REQUEST NO. 20:**

All Documents for any stock purchase accounts, mutual fund account, or any other investment account in which You are or were a user, signatory, beneficiary or other type of person with access to the account during the period from 2005 to the present.

**REQUEST NO. 21:**

All periodic statements for any credit card, debit card, or any other type of card You used for purchases from 2005 to the present, including any and all Documents reflecting the status of any payments, late payments, card termination, or debt collection efforts.

**REQUEST NO. 22:**

All Documents or records of property taxes assessed, paid, or owed on any real property that was owned in whole or in part by You on or after 2005.

**REQUEST NO. 23:**

All credit reports, credit statements, or other Documents reflecting Your credit score or status from January 2005 to the present.

**REQUEST NO. 24:**

Documents sufficient to identify Your debt outstanding from January 2005 through the present.

**REQUEST NO. 25:**

All Documents Relating To the value of the Property at any time from January 2005 to the present including any appraisals or valuations.

**REQUEST NO. 26:**

Any credit application or other statement of Your income, assets, or debt at any time from January 2003 to the present.

**REQUEST NO. 27:**

All Documents Relating To Communications between You and Defendant.

**REQUEST NO. 28:**

All Documents Relating To Your Loan from Defendant including Loan Documents.

**REQUEST NO. 29:**

All Documents Relating To Your Communications with a mortgage broker.

**REQUEST NO. 30:**

All Documents Relating To any loan obtained by You or any attempts by You to obtain a loan from January 1, 2005 to the present.

**REQUEST NO. 31:**

All Documents Relating To any credit obtained by You which You challenged or about which You complained.

**REQUEST NO. 32:**

All Documents Relating To any bankruptcy proceeding filed by You.

**REQUEST NO. 33:**

All pleadings served or filed in any lawsuit filed by You or involving You.

**REQUEST NO. 34:**

All Documents Relating To any complaints, grievances, or reports made by You to any Person Relating To Defendant.

**REQUEST NO. 35:**

All Documents Relating To Your attempts to rescind a Loan from Defendant.

**REQUEST NO. 36:**

All Documents which You contend support Your allegations, claims, or requests for statutory, actual, attorneys' fees, costs or punitive damages in the Complaint.

**REQUEST NO. 37:**

All Documents Relating To any injury or damages that You claim to have suffered as a result of the allegations in the Complaint.

**REQUEST NO. 38:**

All Documents supporting Your contention that You are able to meet Your tender obligations or which otherwise show that You are financially able to reimburse Defendant for any Loan Proceeds paid to You or on Your behalf.

**REQUEST NO. 39:**

All Documents supporting Your contention that You have sustained damages as a result of any act or omission of Defendant.

**REQUEST NO. 40:**

All Documents Relating To Your purchase or sale of the Property.

**REQUEST NO. 41:**

Documents sufficient to show Your current ownership interest in the Property.

**REQUEST NO. 42:**

All Documents Relating To Communications to, from, or with Your lawyers or anyone acting on their behalf prior to the date when you first retained that law firm to represent you.

**REQUEST NO. 43:**

All Documents Relating To any effort to refinance the Loan.

**REQUEST NO. 44:**

All Documents which You contend support Your allegations in the Complaint.

**REQUEST NO. 45:**

All Documents Relating To any rental property owned by You at any time from January 2000 to the present.

**REQUEST NO. 46:**

All Documents Relating To any business or commercial use of any real property owned by You such as leases, rental agreements, or documents related to a home office or business operated out of Your home.

**REQUEST NO. 47:**

All Documents Relating To any agricultural use of any property owned by You such as for the production, harvest, exhibition, marketing, transportation, processing or manufacture of agricultural products, the care of livestock, farmland, real property with a farm residence, and personal property and services used in farming.

**REQUEST NO. 48:**

All Documents Relating To Your use or intended use of the Loan Proceeds.

DATED: August 29, 2008

Buchalter Nemer
A Professional Corporation

By: /s/ Randall L. Manvitz
Randall L. Manvitz
Attorneys for Defendant
AMERIQUEST MORTGAGE COMPANY

Randall L. Manvitz, Esq.
Buchalter Nemer,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105