# EXHIBIT B

LEXSEE 2004 US DIST LEXIS 15477

**I CREATE INTERNATIONAL, INC., Plaintiff, -against- MATTEL, INC. AND FISHER PRICE, INC., Defendants.**

03 Civ. 3993 (JFK)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2004 U.S. Dist. LEXIS 15477*

**August 6, 2004, Decided
August 9, 2004, Filed**

**DISPOSITION:** [*1] Defendants' motion to transfer venue granted. Clerk directed to transfer case to Western District of New York.

**COUNSEL:** For I Create International, Inc., Plaintiff: Stoll, Miskin & Badie, Howard C. Miskin, Esq., New York, New York.

For Mattel, Inc. and Fisher Price, Inc., Defendants: Goldberg Segalla LLP, Christopher J. Belter, Esq., Kurt D. Moody, Esq., Buffalo, New York.

**JUDGES:** JOHN F. KEENAN, United States District Judge.

**OPINION BY:** JOHN F. KEENAN

**OPINION**

*OPINION and ORDER*

**JOHN F. KEENAN, United States District Judge:**

**I. BACKGROUND**

Plaintiff brings claims for patent infringement, breach of contract, and unfair competition. Before the Court is defendants' motion to transfer this action, pursuant to *28 U.S.C. § 1404(a)*, to the Western District of New York.

**A. The Parties**

Plaintiff is a New Jersey corporation that consists of president/director/sole shareholder Steven Campanella and vice-president Donna Campanella, Steven Campanella's wife. Declaration of Steve Campanella PP1-2. Plaintiff's only place of business is at Steven Campanella's home in Middletown, New Jersey. *Id.* P2.

Defendant Mattel, Inc. ("Mattel") is a Delaware corporation with its principal place of business in El Segunda, California. [*2] Affidavit of Jeffrey Miller ("Miller Aff.") P7. Defendant Fisher-Price, Inc. ("Fisher-Price"), a wholly-owned subsidiary of Mattel, is a Delaware corporation with its principal place of business in East Aurora, New York. *Id.* PP5-6.

**B. The Suit and the Instant Motion**

John Campanella, the brother of Steven Campanella, is the inventor of an "Interactive Children's Game" that has been designated U.S. Patent No. 5,829,985. Declaration of John Campanella PP2-3. John Campanella assigned this patent to plaintiff. *Id.* P2. Plaintiff alleges that, through the product development firm PDQ Product Development LLC ("PDQ"), plaintiff obtained non-disclosure agreements from, and presented drawings and a prototype of a toy based on the patent to, several toy companies, including defendants. Complaint ("Cplt.") PP8-12. According to plaintiff, defendants have manufactured and sold a product, the Magna Doodle Doodle Talker ("the Talker"), that infringes plaintiff's patent. *Id.* P19. Such infringement, plaintiff contends, violates the non-disclosure agreement and constitutes unfair competition. *Id.* PP25, 33.

Arguing that all decisions concerning the marketing, design, product development, [*3] and consumer relations relative to the Talker were made and continue to be made in East Aurora, New York, that all relevant documents are maintained at Fisher-Price headquarters in East Aurora, New York, and that all employees involved with marketing, design, product development, and consumer relations regarding the Talker are located in East Aurora, New York, defendants have moved to transfer venue to

the Western District of New York, in which district East Aurora is located. Defendants' Memorandum of Law at 2-3; see Miller Aff. PP9-14; Affidavit of Vladimir Buzga PP9-13. Mattel consents to venue in the Western District of New York. Defendants' Reply Memorandum of Law at 5 n.1.

Plaintiff contends that, because it does not generate any significant income, a change of venue to the Western District of New York would make continuance of this litigation financially impossible. Plaintiff's Memorandum of Law ("Pl. Mem.") at 3. Indeed, plaintiff claims to have selected the Southern District of New York as the least expensive, most easily accessible court for plaintiff and plaintiff's potential witnesses. Id. at 2. These witnesses include representatives and employees of PDQ, the [*4] offices of which are in New Jersey and in New York City, and a former employee of PDQ who resides in New Jersey. Id. at 3-4.

Plaintiff also argues that all documents related to the patent are located at plaintiff's place of business in New Jersey or at the office of plaintiff's attorney in New York City. Id. at 5. In addition, based on three listings for job openings in New York City that were posted on Fisher-Price's website, plaintiff contends that the Talker must have been designed, at least in part, in the Southern District of New York. Plaintiff's Supplemental Memorandum of Law at 2-4. Finally, plaintiff contends that even if defendants had designed, developed and marketed the Talker in East Aurora, New York, the non-disclosure agreement was signed and the breach of contract occurred in the Southern District of New York. Pl. Mem. at 8-9.

## II. VENUE

"Venue refers to locality; it concerns the forum where a lawsuit may be brought and judicial authority exercised." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 869 F. Supp. 152, 154 (S.D.N.Y. 1994)* (citing 15 Wright, Miller & Cooper, *Federal Practice & Procedure:* Jurisdiction 2d § 3801). [*5] Unlike subject matter jurisdiction, venue is a "personal privilege[]" that a party may waive. *Leroy v. Great W. United Corp., 443 U.S. 173, 180, 61 L. Ed. 2d 464, 99 S. Ct. 2710 (1979); see RC Entertainment, Inc. v. Rodriguez, 1999 U.S. Dist. LEXIS 15256, No. 98 Civ. 8585 (BSJ), 1999 WL 777903 at *2 (S.D.N.Y. Sept. 29, 1999)*. In addition, a court may transfer a case from one district court to another, even if venue in the original location is proper: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *28 U.S.C. § 1404(a)*. On a motion to transfer venue, a court must decide whether the action could have been brought in the transferee forum, and whether the convenience of the parties and the interests of justice warrant transfer. *See Millennium, L.P. v. Hyland Software, Inc., 2003 U.S. Dist. LEXIS 22239, No. 03 Civ. 3900 (DC), 2003 WL 22928644 at *2 (S.D.N.Y. Dec. 10, 2003); Savoy Owners Assocs., Inc. v. The Ins. Corp., 2003 U.S. Dist. LEXIS 3317, No. 02 Civ. 6145 (JFK), 2003 WL 941098 at *1 (S.D.N.Y. Mar. 6, 2003)*.

Courts weigh a number of factors in determining [*6] whether a transfer serves the convenience of the parties and the interests of justice. These factors include (1) the locus of operative facts, (2) the convenience of witnesses, (3) the convenience of parties, (4) the location of relevant documents and ease of access to sources of proof, (5) the availability of process to compel attendance of unwilling witnesses, (6) the relative means of the parties, (7) the transferee forum's familiarity with governing law, (8) the weight accorded plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See 800-Flowers, Inc. v. Intercont'l Florist, Inc., 860 F. Supp. 128, 133 (S.D.N.Y. 1994); see also Hyland, 2003 U.S. Dist. LEXIS 22239, 2003 WL 22928644 at *2; Savoy Owners, 2003 U.S. Dist. LEXIS 3317, 2003 WL 941098 at *1*. No single factor is determinative, and a court's discretion will not be overturned on appeal absent a clear showing of abuse. *Hyland, 2003 U.S. Dist. LEXIS 22239, 2003 WL 22928644 at *3* (citing, inter alia, *In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992))*; *see Bristol-Myers Squibb Co. v. Andrx Pharmaceuticals, LLC, 2003 U.S. Dist. LEXIS 21967, No. 03 Civ. 2503 (SHS), 2003 WL 22888804* [*7] *at *1 (S.D.N.Y. Dec. 5, 2003); Savoy Owners, 2003 U.S. Dist. LEXIS 3317, 2003 WL 941098 at *2*. The moving party bears the burden of making a "clear and convincing showing" that the balance of convenience tips in its favor. *Berman v. Informix Corp., 30 F. Supp. 2d 653, 656 (S.D.N.Y. 1998)* (citations omitted).

### A. The Action Could Have Been Brought in the Western District of New York

Under *28 U.S.C. § 1400(b)*, which governs patent infringement cases, an infringement action "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." A corporation "reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *28 U.S.C. § 1391(c); see VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1575 (Fed. Cir. 1990)* (holding that the definition of "reside" in *28 U.S.C. § 1391 (c)* applies in patent infringement cases); *Wechsler v. Macke Int'l Trade, Inc., 1999 U.S. Dist. LEXIS 19800, No. 99 Civ. 5725 (AGS), 1999 WL 1261251* [*8] *at *3 (S.D.N.Y. Dec. 27, 1999)*

(applying the *§ 1391(c)* definition of "resides" to *§ 1400(b)*).

Where state law claims, such as breach of contract and unfair competition, arise from the same nucleus of operative fact as a federal claim, the doctrine of "pendent venue" comes into play. *See Hsin Ten Enter. USA v. Clark Enters., 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000)*. Under this doctrine, a federal court may hear a claim related to a properly venued federal claim even if the related claim would not otherwise fulfill venue requirements. *Id.*

Because Fisher-Price has its principal place of business in East Aurora, New York, it is subject to personal jurisdiction there and can be said to reside in the Western District of New York. Whether venue is proper as to Mattel is an issue this Court need not decide, as Mattel has consented to venue in the Western District of New York. Therefore, venue on the patent claim is proper in the Western District of New York.

Plaintiff specifically brought its state law claims of breach of contract and unfair competition before this court because those claims were "raised with the substantial and related claim under the Patent Laws. [*9] " Cplt. P23, 31. Accordingly, these claims arise out of defendants' alleged infringement of plaintiff's patent. Because venue is proper on the patent claim in the Western District of New York, the exercise of venue over the state law claims in the Western District of New York is also appropriate.

**B. Transfer Is Warranted**

1. Locus of operative facts

Of the nine factors listed above, the locus of operative facts carries significant weight. *Hyland, 2003 U.S. Dist. LEXIS 22239, 2003 WL 22928644 at *5* ("primary factor");*Lighting World, Inc. v. Birchwood Lighting, Inc., 2001 U.S. Dist. LEXIS 16981, No. 01 Civ. 4751 (BSJ), 2001 WL 1242277 at *3 (S.D.N.Y. Oct. 16, 2001)* ("most important" because it "informs the court's analysis of several other factors"). In patent infringement cases, the locus of operative facts is where the design, development, and production of an allegedly infringing product took place. *Hyland, 2003 U.S. Dist. LEXIS 22239, 2003 WL 22928644 at *5; Wechsler, 1999 U.S. Dist. LEXIS 19800, 1999 WL 1261251 at *4*. For a breach of contract claim, the place of negotiation, execution, performance, and breach of the alleged contract are considered. *PI, Inc. v. Quality Prods., Inc., 907 F. Supp. 752, 757-58 (S.D.N.Y. 1995)*. [*10] Finally, the locus of operative facts for an unfair competition claim "is in the initial forum if the acts of infringement, dilution, or unfair competition occur in that forum," but this factor only "weakly favors" retaining a case when no other important events occurred in the forum.*Nabisco, Inc. v. Brach's Confections, Inc.,2000 U.S. Dist. LEXIS 16168, No. 00 Civ. 5875 (AGS), 2000 WL 1677935 at *3 (S.D.N.Y. Nov. 8, 2000)*.

In this case, the Western District of New York is the locus of operative facts because the Talker was allegedly designed, developed, and marketed at the Fisher-Price headquarters in East Aurora, because any breach of the alleged contract would have occurred in East Aurora, and because, considering the foregoing, the sale of the Talker in the Southern District of New York is only a weak link between this forum and the unfair competition claim. For all three of plaintiff's claims this factor strongly favors transfer.

2. Convenience of witnesses

"A party seeking to rely on the convenience of the witnesses factor must identify the material witnesses and supply a general description of what their testimony will cover." *Mattel, Inc. v. Procount Business Servs., 2004 U.S. Dist. LEXIS 3895, No. 03 Civ. 7234 (RWS), 2004 WL 502190* [*11] *at *4 (S.D.N.Y. Mar. 10, 2004)* (citing *Wechsler, 1999 U.S. Dist. LEXIS 19800, 1999 WL 1261251 at *6*). The significance of each witness's testimony is more important than the number of witnesses in each district. *Hyland, 2003 U.S. Dist. LEXIS 2239, 2003 WL 22928644 at *3*. Greater weight is given to the convenience of a non-party witness than a party witness, and little weight is given to the convenience of witnesses outside both the transferor and transferee districts. *Royal Ins. Co. v. Tower Records, Inc., 2002 U.S. Dist. LEXIS 20109, No. 02 Civ. 2612 (PKL), 2002 WL 31385815 at *5 (S.D.N.Y. Oct. 22, 2002)* (citing *Wechsler, 1999 U.S. Dist. LEXIS 19800, 1999 WL 1261251 at *6*).

Neither party has provided a list of specific witnesses. Defendants have indicated that all their witnesses are Fisher-Price employees, who are thus party witnesses and who reside and/or work in East Aurora. Plaintiff's witnesses include non-party witnesses John Campanella and current and former PDQ employees, and party witness Steven Campanella. It is unclear where the current PDQ employees reside and at which PDQ office they work. The former PDQ employee and John and Steven Campanella all reside in New Jersey. Given this mixture of party and non-party witnesses [*12] both within and without the contested districts, this factor does not favor either party.

3. Convenience of the parties

To the extent that a transfer causes a mere shift of inconvenience from one party to the other, this factor is neutral. *See Millennium, L.P. v. Dakota Imaging, Inc., 2003 U.S. Dist. LEXIS 22373, No. 03 Civ. 1838 (RWS), 2003 WL 22940488 at *7 (S.D.N.Y. Dec. 15, 2003)*. Both

parties here claim that the other party's favored forum will cause some degree of inconvenience. This factor does not weigh in favor of either party.

4. Location of relevant documents and ease of access to sources of proof

"Modern photocopying technology deprives this issue of legal and practical significance." *Savoy Owners, 2003 U.S. Dist. LEXIS 3317, 2003 WL 941098 at \*3*. However, the location of relevant documents is often the locus of operative facts. *See Dakota, 2003 U.S. Dist. LEXIS 22373, 2003 WL 22940488 at \*7*. This is especially true in patent cases, where the bulk of evidence usually comes from the alleged infringer. *Hyland, 2003 U.S. Dist. LEXIS 22239, 2003 WL 22928644 at \*4*. Convenience to counsel, and consequently the location of relevant documents at counsel's office, is not considered. *Bionx Implants, Inc. v. Biomet, Inc., 1999 U.S. Dist. LEXIS 8031, No. 99 Civ. 740 (WHP), 1999 WL 342306* [\*13] *at \*4 (S.D.N.Y. May 27, 1999)*.

In one view, this factor comes out neutral because neither party would be significantly inconvenienced, in this age of fax machines and Federal Express, to transport its documents to either forum. Alternatively, this factor favors defendants because all documents regarding the alleged infringement are in the Western District of New York and only some of plaintiff's documents are in the Southern District of New York, at the office of plaintiff's counsel.

5. Availability of process to compel attendance of unwilling witnesses

The existence of non-party witnesses who can be compelled to appear at trial in one district but not in the other is an important consideration. *See Berman, 30 F. Supp. 2d at 658*. Plaintiff wishes to call non-party witnesses who reside in New Jersey and who could be compelled to appear in this district but not in the Western District of New York. Defendant's witnesses, on the other hand, are employees of defendant who can be compelled to testify in this district. However, plaintiff has not shown that any of its non-party witnesses would refuse to appear in the Western District of New York. Even if the witnesses were [\*14] to refuse, their testimony could be offered through depositions. This factor therefore only slightly favors plaintiff.

6. Relative means of the parties

A "disparity of means" between the parties, when it exists, is a consideration in determining venue. *Hyland, 2003 U.S. Dist. LEXIS 22239, 2003 WL 22928644 at \*6*. However, courts place less weight on this factor when both parties are corporations. *Royal Ins., 22002 U.S. Dist. LEXIS 20109, 2002 WL 31385815 at \*7; About.com, Inc. v. Aptimus, Inc., 2001 U.S. Dist. LEXIS 6102, No. 01 Civ. 2106 (AGS), 2001 WL 503251 at \*3 (S.D.N.Y. May 11, 2001)*. Furthermore, even when significant disparity of means does exist, courts exercise considerable discretionary power over the location of depositions and other matters that impact the financial burden a party must bear. *Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989); see Fed. Deposit Ins. Co. v. La Antillana, S.A., 1990 U.S. Dist. LEXIS 13246, No. 88 Civ. 2670 (JFK), 1990 WL 155727 at \*2 (S.D.N.Y. Oct. 5, 1990)*. For example, the general presumptions that a plaintiff is usually deposed in the district where plaintiff initiated the action, and that a defendant is usually deposed in defendant's district of [\*15] residence may be overcome by affidavits demonstrating in detail that the exigencies of a particular case warrant a departure from the general presumptions. *See 2 Michael C. Silberberg, Civil Practice in the Southern District of New York § 17.11-17.12 (2d ed. 2003) (citing cases)*.

Plaintiff, a corporation, represents itself as having limited financial means and as being unable to pursue this action should transfer to the Western District of New York be granted. Defendants, on the other hand, are large multi-national corporations. Should plaintiff find it difficult to go forward with the litigation in the Western District of New York because of the expense of litigating there, plaintiff may seek relief from the transferee court by, for example, submitting a request to hold depositions at the office of plaintiff's attorney.

7. Transferee forum's familiarity with governing law

"Patent law is federal law and 'any district court may handle a patent case with equal skill.'" *Bristol-Myers, 2003 U.S. Dist. LEXIS 21967, 2003 WL 22888804 at \*4* (quoting *Bionx, 1999 U.S. Dist. LEXIS 8031, 1999 WL 342306 at \*5*). This factor is neutral.

8. Weight accorded plaintiff's choice of forum

"Unless the balance is [\*16] strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Bristol-Myers, 2003 U.S. Dsit. LEXIS 21967, 2003 WL 22888804 at \*4* (citations omitted). However, that choice's importance is diminished when the Southern District of New York "has only a tenuous connection to the operative facts of the litigation." *2003 U.S. Dist. LEXIS 21967, [WL] at \*5; see Hyland, 2003 U.S. Dist. LEXIS 22239, 2003 WL 22928644 at \*6; Lighting World, 2001 U.S. Dist. LEXIS 16981, 2001 WL 1242277 at \*4; Berman, 30 F. Supp. 2d at 659*.

As established above, the locus of operative facts in this case is the Western District of New York, and the connection between the Southern District of New York and this case is tenuous at best. Plaintiff's choice of forum, therefore, is not entitled to great weight.

9. Trial efficiency and the interests of justice

Docket conditions are not a particularly relevant consideration, and, in any event, neither party has alleged that either court would be burdened by this litigation. While the Southern District of New York has little connection with this action, the connection between this case and the Western District of New York is strong. Trial efficiency and the interests of justice [*17] therefore weigh in favor of transfer.

## IV. Conclusion

For the reasons set forth above, defendants' motion to transfer venue is granted. The Clerk of the Court is directed to transfer this case to the Western District of New York.

**SO ORDERED.**

**Dated: New York, New York**

**August 6, 2004**

**JOHN F. KEENAN**

    **United States District Judge**