# EXHIBIT C

LEXSEE 1988 US DIST LEXIS 12122

**PARTECIPAZIONI BULGARI, S.p.A. and DANAOS LTD., Plaintiffs, v. JEAN-CHARLES MEIGE, JCM PARFUMS S.A.R.L., BULGARI PARFUMS COUTURE S.A.R.L., S.I.L. S.A.R.L. and "ELSA BULGARI", Defendants**

Case No. 86-2516-Civ-Ryskamp

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

*1988 U.S. Dist. LEXIS 12122; 7 U.S.P.Q.2D (BNA) 1815*

**May 20, 1988, Decided**

**OPINION BY:** [*1] RYSKAMP

**OPINION**

*ORDER ON PENDING MOTIONS*

KENNETH L. RYSKAMP, UNITED STATES DISTRICT JUDGE

This cause is before the court upon defendant "Elsa Bulgari's" motion for protective order pursuant to *Rule 26(c)(2), Fed.R.Civ.P.*, and plaintiffs' motion to strike the jury demand of defendants pursuant to *Rule 39(a)(2), Fed.R.Civ.P.* The court has carefully reviewed all pleadings, all supporting and opposing memoranda of law, and has otherwise been fully advised in chambers on the issues presented.

*Discussion*

I. *Motion for protective order*:

Plaintiffs served upon defendants on January 22, 1988, a Notice of Deposition for the taking of the deposition of defendant "Elsa Bulgari". In this notice, plaintiffs proposed that the deposition commence in Miami, Florida, on February 16, 1988, and also offered to pay the reasonable travel expenses of "Elsa Bulgari" if she appeared voluntarily in the United States. Defendants responded that "Elsa Bulgari" should be deposed in Greece, Bulgari's place of residence, "if she is to be deposed at all". (Defendant's motion for protective order, Exhibit A - letter from Harley S. Tropin to Robert Alpert, dated February 9, 1988). Upon a review of the pleadings [*2] in this case, there is no doubt that "Elsa Bulgari" possesses personal knowledge relevant to the outcome of plaintiffs' trademark infringement, unfair competition and dilution case. Indeed, in one of their defenses to plaintiffs' trademark infringement claim, defendants justified their adoption of the BULGARI name on the basis of a grant of a license from "Elsa Bulgari". *See* Motion to Set Aside Default Judgment And For Leave To File A Responsive Pleading at 8, and Exhibit D thereto at 1. (Ascertaining that defendants "intent has been simply to use the name of 'Elsa Bulgari' who solicited the defendants to make a perfume"); Hearing on defendants' Motion to Set Aside Default Judgment at 2. ("[M]iege has been manufacturing perfume under the name Bulgari through a license from Elsa Bulgari"); *See also*, Answer to Interrogatory No. 3(a) (where defendants identify "Elsa Bulgari" as a "person having knowledge of the material facts of the Answer.").

It is well settled that the district court has great discretion in designating the location of taking a deposition. *Thompson v. Sun Oil Co., 523 F.2d 647 (8th Cir. 1975); Hyman v. American Export Line, 213 F.2d 221 (2d Cir. 1954);* [*3] *General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc., 84 F.R.D. 103 (D.C.Mo. 1979). Sugar Hill Records Ltd. v. Motown Record Corp., 105 F.R.D. 166, 171 (S.D.N.Y. 1985); Haymes v. Colombia Pictures Corp., 16 F.R.D. 118 (S.D.N.Y. 1954)* (the location of the attorneys for the parties is a relevant factor). As a general rule, "[i]n the absence of *exceptional* or *unusual* circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *General Leasing Company, 84 F.R.D. at 131.* Stated differently, modern discovery practice requires a plaintiff to conduct a deposition of a defendant, *if possible*, at the defendant's place of residence or business. *See* Wright & Miller, *Federal Practice and Procedure*, Sec. 2112 at 410 (emphasis added). Finally, the court may consider the convenience of all parties in the general interest of judicial economy

Page 2

1988 U.S. Dist. LEXIS 12122, *; 7 U.S.P.Q.2D (BNA) 1815

when determining the proper place for deposition. Applying these rules to the facts of the instant case, the court will deny [*4] defendant "Elsa Bulgari's" motion for protective order.

First, this case presents "an exceptional or unusual circumstance" requiring that "Elsa Bulgari" be deposed in Miami, Florida. According to plaintiffs' affiant Margarita Dalamaga-Kalogirou, an attorney licensed to practice law in Greece, Greek law will not compel a Greek national who is a defendant in litigation in another jurisdiction to testify - whether by written question or by oral examination - in Greece for purposes of "pre-trial discovery" in that case. Moreover, contrary to defendants' speculations, "Greek law does not prohibit the attendance of a Greek citizen at a deposition to be taken in a foreign jurisdiction in connection with foreign litigation in which the Greek resident is a party-defendant." Dalamaga-Kalogirgou affidavit at 2. Since there would be no Greek court to resolve any disputes that may arise during the course of "Elsa Bulgari's" deposition, and without the guarantee that "Elsa Bulgari" would appear for deposition in Greece, Greek law is an "exceptional or unusual circumstance" that counsels against requiring all attorneys to travel to Greece to depose "Elsa Bulgari".

Second, in the interest of judicial [*5] economy and the convenience of the parties, the deposition should take place in the United States. In the case of *Financial General Bank Shares v. Lance, 80 F.R.D. 22 (D.C. 1978)* the court ordered four Arab defendants to be deposed in Washington, D.C., because counsel for all parties were located there or in New York, because the court was located in Washington, D.C. and could properly resolve any disputes arising during the deposition without costly continuances, and the plaintiff had offered to advance to the Arab defendants the expenses incident to coming to Washington to be deposed. *Id at 23.* Similarly, in *Sugar Hill Records, supra,* where all attorneys were from New York, the court stated that "[r]ather than make all three attorneys (and probably others with them) travel to Los Angeles, it seemed wiser to have one witness come to [New York]". *Id at 172* (citing with approval *Haymes, 16 F.R.D. at 123* (the location of the attorneys for the parties is a relevant factor)).

Plaintiffs propose that defendants be given the choice of either producing "Elsa Bulgari" for deposition in Miami, Florida, wherein plaintiffs will pay her all reasonable expenses incurred [*6] therein; or, stipulating that "Elsa Bulgari" will appear for deposition in Greece, and if she does not, only then must defendants pay for opposing counsel's reasonable expenses in travelling to Greece. This proposal is more than reasonable under the circumstances of this case. *See Sugar Hill Records, Ltd., supra.* (where defendant was given a choice to produce witness in New York or pay the air fare and hotel costs of counsel for plaintiff incurred if the deposition was conducted in California). The court in exercising its discretion, however, will require "Elsa Bulgari" to appear in Miami, Florida and require plaintiffs to pay her the reasonable expenses incident thereto.

II. *Motion To Stike Jury Demand*

Plaintiffs move, pursuant to *Rule 39(a)(2), Fed.R.Civ.P.*, to strike the jury demand of the defendants. Defendants' jury demand was based on plaintiffs' original complaint that sought an accounting and exemplary damages. In their amended complaint, plaintiffs deleted their request for an accounting and exemplary damages. Plaintiffs now claim that the defendants are not entitled to a trial by jury in a trademark case involving only equitable relief. In response, defendants [*7] submit that "[p]laintiffs' withdrawal of the request for an accounting and exemplary damages should not deprive the defendants of a right to a jury trial, because plaintiffs have not forsaken all potential legal remedies for determination". (Defendants' memorandum in opposition to plaintiffs' motion to strike jury demand at 2.) After due consideration, the court will grant plaintiffs' motion to strike jury demand for the reasons given below.

As a preliminary matter, although the right to trial by jury is determined by the issues, not by the pleadings, *Armco, Inc. v. Armco Burglar Alarm Co., Inc., 693 F.2d 1155, 1158 (5th Cir. 1982)*, a plaintiff may amend his complaint and withdraw his claim for damages, and where the remaining issues are only equitable in nature there is no right to trial by jury. *Francis v. Dietrick, 682 F.2d 485, 487 (4th Cir. 1982)* (citing *Paxman v. Campbell, 612 F.2d 848, 861, 866-67, & n.7 (4th Cir. 1980)* (en banc); *Smith v. Hampton Training School for Nurses, 360 F.2d 577, 581 n.8 (4th Cir. 1966)*; *Monell v. Department of Social Services, 436 U.S. 658, 662, 98 S.Ct, 2018, 2021, 56 L.Ed.2d 611 (1987)*. Contrary to the arguments of defendants [*8] in the present case, plaintiffs seek only equitable relief, to the exclusion of all monetary remedies. *See* plaintiffs' reply memorandum in support of motion to strike jury demand at 4. Neither plaintiffs' request for impoundment and destruction of infringing materials, *Perfect Fit Industries, Inc. v. Acme Quilting Co., Inc., 646 F.2d 80, 805-806 (2nd Cir. 1981), later appeal, 673 F.2d 53, cert. denied, 103 S.Ct. 73 (1982)*; 2 J. McCarthy, *Trademark and Unfair Competition*, Sec. 303 at 468 (2nd Ed. 1984), nor request for statutory costs and attorney fees, *Sibley v. Fulton Dekalb Collection Service, 677 F.2d 830, 834 n.5 (11th Cir. 1982), Midland-Ross Corp. v. Sunbeam Equipment Corp., 52 F.R.D. 573, 575 (W.D.Pa. 1971)* (citing *Kennedy v. Lakso Co., 414 F.2d 1249, 1254 (3rd Cir. 1969)* ("[C]ounsel fees are outside the range of the right to jury trial"), nor defendants' affirmative defenses present legal claims. Similarly, plaintiffs request for "such other and

Case: 1:05-cv-07097 Document #: 2349-4 Filed: 09/09/08 Page 4 of 4 PageID #:26809

Page 3

1988 U.S. Dist. LEXIS 12122, *; 7 U.S.P.Q.2D (BNA) 1815

further relief as the court may deem just and appropriate" does not create a right to a jury trial. Rather, plaintiffs suggest that the court as one of equity need not limit the equitable relief sought [*9] to that specifically requested, and can apply its broad powers in order to fashion the appropriate and effective relief warranted in this case.

Finally, defendants contend that plaintiffs may be able to use a decision in this (non-jury) case as collateral-estoppel in a later action, which seeks to recover damages, to effectively deny defendants a right to jury trial. Defendants' use of the Supreme Court's decisions in *Beacon Theaters v. Westover, 359 U.S. 500; 79 S.Ct, 948, 3 L.Ed.2d 988 (1958)* and *Dairy Queen, Inc. v. Wood, 369 U.S. 469; 89 S.Ct. 894, 8 L.Ed.2d 44 (1962)*, to forward this argument is misplaced and the argument itself erroneous.

First, the *Beacon Theaters* Court "held that when legal *and* equitable claims *are joined in the same action*, the trial judge has only limited discretion in determining the sequence of trial and 'that discretion. . . .must, wherever possible, be exercised to preserve jury trial'". *Parklane Hosiery v. Shore, 439 U.S. 322, 334, 99 S.Ct. 645, 657, 58 L.Ed.2d 552, 564 (1979)* (emphasis added). Thus, the district court's decision to entertain legal issues before equitable ones because of the collateral-estoppel effect a different [*10] course would have on the right to jury trial presupposes the presence of both equitable and legal issues before the court. As this court made clear above, there is no presence of legal issues in the case at hand. Second, "[b]oth the premise of *Beacon Theaters* and the fact that it enunciated no more than a general prudential rule were confirmed by the [S]upreme Court's decision in *Katchen v. Landy," 382 U.S. 323, 86*, S.Ct. *467, 15 L.Ed.2d 391 (1966). Parklane Hosiery,* 439 U.S. at 334, 99 S.Ct. at 653, 58 L.Ed. at 564. Thus, even if this court were presented with both legal and equitable issues, "the Court in *Katchen v. Landy* recognized that an equitable determination can have collateral-estoppel effect in its subsequent legal action and that this estoppel does not violate the *Seventh Amendment*". *Parklane Hosiery, 439 U.S. at 335, 99 S.Ct. at 658, 58 L.Ed.2d at 565 (1979)* (construing *Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.E.d.2d 391*. Accordingly it is hereby:

ORDERED and ADJUDGED that:

(I) Defendant "Elsa Bulgari's" motion for protective order is DENIED. Defendant "Elsa Bulgari" shall appear for and testify, under oath at a deposition upon oral examiantion [*11] in Miami, Florida at a time, date and place to be mutually agreed upon by the parties, such date to be in any event prior to the deposition of defendant Miege. Failure of "Elsa Bulgari" to appear for said deposition or failure of plaintiffs to provide "Elsa Bulgari" a mutually agreeable sum representing the reasonably anticipated travel expenses (including airfare, lodging, local travel and meals) in connection with her deposition will meet with this court's imposition of sanctions.

(II) Plaintiffs' Motion to Strike Jury Demand of the defendants pursuant to *Rule 39(a)(2), Fed..R.Civ.P.*, is GRANTED.

DONE and ORDERED in chambers at Miami, Florida, this 20 day of May, 1988.