**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 Lead Case No. 05-cv-07097 Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: *Jose and Rose Mejia v. Ameriquest Mortgage Company, et al.*; Case No. 08-cv-1386 | |

<u>**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**</u>

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee ("Defendant"), by and through its attorneys, answers Plaintiffs JOSE and ROSE MEJIA ("Plaintiffs") Amended Complaint as follows.

<u>**AMENDED COMPLAINT**</u>

<u>**INTRODUCTION**</u>

1.      Plaintiffs seek rescission of their mortgage transactions pursuant to 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of Illinois law.

<u>**ANSWER:**</u>      **Defendant  denies that it violated the Truth in Lending Act, 15 U.S.C. § 1635 or Illinois law.  Defendant denies any remaining allegations of Paragraph 1.**

<u>**JURISDICTION AND VENUE**</u>

2.      This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law

- 1 -

pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of Paragraph 2.**

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest before Judge Aspen.

**ANSWER:** **Defendant does not dispute venue. Defendant is a national banking association with a place of business at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant has an office in the State of Illinois. Defendant denies any remaining allegations of paragraph 3.**

## PARTIES

4.     Plaintiffs Jose and Rose Mejia obtained a $198,000.00 adjustable rate mortgage from Ameriquest Mortgage Company that closed on September 12, 2005. The loan had an initial interest rate of 10.505% and could adjust to a maximum rate of 16.050%. The Mejias' paid $3,920.24 in points and fess to obtain this loan, of which $2,313.24 went to Ameriquest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5.     Plaintiffs Osman and Azra Zahirovic obtained a $193,200.00 adjustable rate mortgage from Ameriquest Mortgage Company that closed on March 16, 2005. The loan had an initial interest rate of 5.990% and could adjust to a maximum rate of 11.990%. The Zahirovics' paid $9,246.21 in points and fess to obtain this loan, all of which went to Ameriquest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies such allegations.**

6.     Defendant Ameriquest Mortgage Company is a corporation organized under the laws of the state of Delaware, with its principal place of business in Orange, CA. Ameriquest

originated plaintiffs' mortgages through a refinancing transaction and took a security interest in plaintiffs' homes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

7.     Defendant Deutsche Bank National Trust Company is or was the owner/assignee of the Mejia mortgage.

**ANSWER:** **Defendant admits that it is a national banking association with offices at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant admits that it is trustee under the Pooling and Servicing Agreement for Ameriquest Mortgage Securities, Inc. 2005-R10, which includes the Mejia loan. Defendant denies any right, title or interest in the Zahirovic loan, Defendant denies any remaining allegations of Paragraph 7.**

8.     Defendant Bear, Steams & Co. Inc. is or was the owner/assignee of the Zahirovic mortgage.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies such allegations.**

9.     Defendant Deutsche Bank National Trust Company as trustee of Ameriquest Mortgage Securities Inc Asset Backed Pass-Through Certificates, Series 2005-R10 and/or Ameriquest Mortgage Securities Inc Asset Backed Pass Through Certificates, Series 2005-R10 is or was the assignee of the Mejia mortgage.

**ANSWER:** **Defendant admits that it is a national banking association with offices at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant admits that it is trustee under the Pooling and Servicing Agreement for Ameriquest Mortgage Securities, Inc. 2005-R10, which includes the Mejia loan. Defendant denies any right, title or interest in the Zahirovic loan, Defendant denies any remaining allegations of Paragraph 7.**

## COUNT ONE -- TRUTH IN LENDING ACT

10.     Plaintiffs incorporate paragraphs one through nine above.

- 3 -

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-9 in response to this paragraph.**

11.     Ameriquest's disclosures to plaintiffs did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

**ANSWER:** **Because paragraph 11 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## REGULATORY FRAMEWORK

12.     The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq*. requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

**ANSWER:** **Because paragraph 12 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

13.     Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. §§ 226.18, 226.22, 226.5.

**ANSWER:** **Because paragraph 13 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

14.     Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(1).

**ANSWER:     Because paragraph 14 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

15.     The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

**ANSWER:     Because paragraph 15 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

16.     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.
>
> 15 U.S.C. § 1635(b).

**ANSWER:** **Because paragraph 16 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

17.     To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.
>
> 15 U.S.C. § 1635(a).

**ANSWER:** **Because paragraph 17 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

18.     Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the

security interest shall have the right to rescind the transaction ....

12 C.F.R. § 226.23(a)(1).

**ANSWER:** **Because paragraph 18 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

19.  The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose[]" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1)

**ANSWER:** **Because paragraph 19 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

20.  More specifically, the regulation provides:

In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires 12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because paragraph 20 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

21.  Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

12 C.F.R. § 226.23(d)(1).

**ANSWER:** **Because paragraph 21 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

22.    Subparagraph (d)(2) states:

Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

**ANSWER:** **Because paragraph 22 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## DEFECTIVE DISCLOSURES

23.    Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act. More specifically, the Mejias received two sets of closing papers, one for a fixed rate mortgage and the other for an adjustable rate mortgage. The contradiction rendered the overall disclosures confusing and unclear.

**ANSWER:** **Because paragraph 23 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies such allegations.**

24.    In addition, Ameriquest failed to deliver to the Mejias a proper number of properly completed Notice of Right to Cancel forms which is a violation of 12 C.F.R. § 226.23(b) (1)(v).

**ANSWER:** Because paragraph 24 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies such allegations.

25. Also, the Mejias were given a document (APPLICATION DISCLOSURE) which indicated that she would owe $350 for an Appraisal/Property Valuation Fee Deposit if they backed out of the deal, which misrepresented the effects of rescission in violation of 12 C.F.R. § 226.23(b)(1)(iv).

**ANSWER:** Because paragraph 25 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies such allegations.

26. The Mejias sent a rescission letter to Ameriquest and Deutsche Bank on March 3, 2008.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies such allegations and denies any liability to Plaintiffs.

27. The Notice of Right to Cancel forms that were delivered to the Zahirovics at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v).

**ANSWER:** Because paragraph 27 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and on that basis denies such allegations.

28. The Zahirovics sent a rescission letter to Ameriquest and Deutsche Bank on March 3, 2008.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and on that basis denies such allegations and denies any liability to Plaintiffs.

- 9 -

29.     Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. <u>See</u> 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**<u>ANSWER:</u>**     **Because paragraph 29 states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies such allegations.**

30.     Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs are entitled to rescission of their mortgage transactions.

**<u>ANSWER:</u>**     **Because paragraph 30 states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies such allegations.  Defendant denies any wrongdoing and denies any liability to the Plaintiffs and denies that Plaintiff are entitled to rescission.**

## <u>COUNT TWO -- VIOLATION OF STATE LAW</u>

31.     Plaintiff incorporates paragraphs one through nine above.

**<u>ANSWER:</u>**     **Defendant incorporates its answers to paragraphs 1-30 in response to this paragraph.**

32.     In connection with trade or commerce, Ameriquest made false and misleading statements to plaintiffs intending to induce reliance. Ameriquest baited plaintiffs into a mortgage transaction by offering a relatively favorable set of terms and then switched to more expensive terms.

**<u>ANSWER:</u>**     **Because paragraph 32 states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and on that basis denies such allegations.**

33.     In or about September 2005, an Ameriquest representative told the Mejias that they would be getting a loan with an interest rate that would be at least one point less than the 7.1% on their current mortgage.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and on that basis denies such allegations.**

34.     On or about September 7, 2005, Ameriquest had the Mejias sign loan papers for a fixed rate mortgage with an interest rate of 10.050%. On or about September 12. 2005, Ameriquest had plaintiffs sign additional papers, this time for an adjustable rate loan with a start rate of 10.050%, which could go as high as 16.050%.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies such allegations.**

35.     In or about March 2005, an Ameriquest representative told the Zahirovics that they could get a loan with minimal closing costs and between $3,000 and $4,000 in cash out. However, the Zahirovics paid $9,246.21 in points and fess to obtain this loan, all of which went to Ameriquest and only got $800 in cash out of the loan.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and on that basis denies such allegations.**

36.     Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under the Illinois Consumer Fraud Act.

**ANSWER:**     **Because paragraph 36 states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and on that basis denies such allegations.**

37.     Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

- 11 -

**ANSWER:**  Because paragraph 37 states legal conclusions, no answer is required.  If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and on that basis denies such allegations.

38.  Ameriquest's violation of plaintiffs' rights is part of a pattern and practice of illegal behavior by Ameriquest. Defendant Deutsche Bank National Trust Company, among others, knowingly aided and abetted_ this illegal behavior by Ameriquest and is therefore also liable to plaintiffs.

**ANSWER:**  Because paragraph 38 states legal conclusions, no answer is required.  If an answer is required, Defendant denies such allegations and denies any liability to Plaintiffs.  Defendant denies that it aided or abetted any alleged actions by the co-defendants to this action at any time.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

a.  canceling the appropriate defendants' security interest in appropriate plaintiffs' home and ordering defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

b.  awarding plaintiffs appropriate actual damages;

c.  awarding appropriate statutory damages;

d.  ordering defendants to pay appropriate costs, penalties, and attorneys fees;

e.  granting such other relief as the Court deems just and proper.

**ANSWER:**  No answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## AFFIRMATIVE DEFENSES

39.  Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

BN 2249333v1

40.     Plaintiffs' claims are barred by the applicable statute of limitations.

41.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

42.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

43.     Plaintiffs' claims are barred by the applicable statute of frauds.

44.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

45.     Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

46.     Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

47.     Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

48.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

49.     As to each cause of action, Defendant  is entitled to an offset.

50.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

51.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

52.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

53.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

- 13 -

54.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.     Dismiss Plaintiffs' Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.


                                        Respectfully submitted,

DATED:  September 9, 2008               By: /s/ Bernard E. LeSage
                                        *Attorneys for Deutsche Bank National*
                                        *Trust Company, As Trustee*


                                        Bernard E. LeSage, Esq.
                                        Sarah K. Andrus, Esq.
                                        BUCHALTER NEMER, a P.C.
                                        1000 Wilshire Boulevard, Suite 1500
                                        Los Angeles, CA 90017-2457
                                        Telephone: (213) 891-0700
                                        Facsimile: (213) 896-0400

BN 2249333v1

**<u>CERTIFICATE OF SERVICE</u>**

       I, Bernard E. LeSage, hereby certify that on this 9th day of September 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


                      By:        <u>/s/  Bernard E. LeSage</u>

BN 2249333v1