**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTIONS:<br><br>*Furgeson v. Ameriquest Mortg. Co., 04 C 7627,*<br>*Salazar v. Ameriquest Mortg. Co., 05 C 4162,*<br>*Jimenez v. Ameriquest Mortg. Co., 05 C 1009,*<br>*Wertepny v. Ameriquest Mortg. Co., 05 CV 1402,*<br>*Harris v. Ameriquest Mortg. Co., 05 CV 4025, and*<br>*Pintsak v. Ameriquest Mortg. Co., 05 CV 5035* | ) ) ) ) ) ) ) ) ) ) ) | Centralized before Judge Marvin E. Aspen |

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs Marie Furgeson, Sergio Salazar, Guadalupe Salazar, Nelson Jimenez, Melinda Jimenez, Brett Wertepny, Yvonne Wertepny, William Pintsak, and Sandra Pintsak (collectively, "plaintiffs") hereby request, pursuant to Fed. R. Civ. P. 26(c), that this Court enter an order to protect plaintiffs in the above-captioned cases from the undue burden of being deposed for the second time.

In support of their motion, Plaintiffs state as follows:

1.    The lawsuits for all six plaintiffs were filed at least three years ago.

      a.    Ms. Furgeson filed her lawsuit on November 23, 2004.

      b.    The Salazars filed their lawsuit on July 19, 2005.

      c.    The Jimenezes filed their lawsuit on February 18, 2005.

      d.    The Wertepnys filed their lawsuit on March 9, 2005.

  e.  Ms. Harris filed her lawsuit on July 12, 2005.

  f.  The Pintsaks filed their lawsuit on August 31, 2005.

2.  Plaintiffs and defendant Ameriquest Mortgage Co. ("Ameriquest") have already engaged in extensive discovery. In the case of Ms. Furgeson, discovery has already closed. Each of the plaintiffs listed herein has already been deposed by Ameriquest.[1] Plaintiffs were deposed on the following dates:

| | | |
|---|---|---|
| a. | Marie Furgeson: | August 26, 2005 |
| b. | Guadalupe & Sergio Salazar: | March 20 & 21, 2006 |
| c. | Nelson & Melinda Jimenez: | August 20 & Sept. 1, 2005 |
| d. | Brett & Yvonne Wertepny: | August 29 & Nov. 11, 2005 |
| e. | Castella Williams Harris: | March 9, 2006 |
| f. | William & Sandra Pintsak: | Feb. 22 & March 22, 2006 |

3.  On October 17, 2007, the Seventh Circuit ruled in the matter of *Hamm v. Ameriquest Mortgage Corp.*, 506 F.3d 525 (7th. Cir. 2007), *cert. denied*, 2008 U.S. LEXIS 2714 (March 24, 2008). In *Hamm*, the court held that the same TILA Disclosure Statement at issue in the instant cases violates the Truth in Lending Act ("TILA") because it does not explicitly state the payment period terms. *Id.* at 527, 531. The Seventh Circuit's ruling was not dependent on any facts unique to the *Hamm* case. Thus, factual inquiries are not required in the instant cases; the only issue is whether plaintiffs were given the TILA Disclosure Statements in question that

---

[1] Marie Furgeson's transcript is 172 pages long, with 178 pages of exhibits. Nelson Jimenez's transcript is 175 pages, with 414 pages of exhibits. Melinda Jimenez's transcript is 214 pages, with 406 pages of exhibits. Brett Wertepny's transcript is 178 pages, with 203 pages of exhibits. Yvonne Wertepny's transcript is 153 pages.

2

did not explicitly state the payment terms of their mortgage loans. This issue simply does not necessitate additional depositions.

4.      On August 22, 2008, more than three years since filing their cases and after engaging in extensive discovery, plaintiffs moved for partial summary judgment on their respective rescission claims. The legal basis for the motion for partial summary judgment is the same issue the Seventh Circuit decided in *Hamm*—that the TILA Disclosure Statements issued to plaintiffs do not fully disclose the repayment schedules or the due dates of payments under the loans in violation of the Truth In Lending Act ("TILA") and Regulation Z, 15 U.S.C. § 1638(a)(6), 12 C.F.R. § 226.18(g) and FRB Commentary on Regulation Z, [12 C.F.R. part 226 Supp. I] par. 18(g).

5.      On August 25, 2008, the Court entered a briefing schedule requiring defendants to respond to plaintiffs' motion for summary judgment by September 29, 2008 and plaintiffs to reply by October 14, 2008. (Dkt. No. 2311).

6.      On August 27, 2008, defendants filed certain objections to plaintiffs' motion for summary judgment and related documents. (Dkt. No. 2337).

7.      On August 29 and 30, 2008, counsel for Ameriquest sent deposition notices to counsel for plaintiffs, Michael Aschenbrener. (Exhibit A). The depositions for plaintiffs were noticed to commence on September 11, 2008.

8.      Of the fourteen depositions noticed by Ameriquest, nine were noticed for plaintiffs who have already been deposed by Ameriquest in their respective cases. Re-deposing persons requires leave of court. Fed. R. Civ. P. 30(a)(2)(A)(ii). Ameriquest failed to obtain

leave of court before noticing these nine depositions.

        9.     On September 2, 2008, counsel for plaintiffs, Tara Goodwin, sent a letter to counsel for Ameriquest, Randall Manvitz, explaining that nine of the fourteen plaintiffs have already been deposed and that defendants did not seek leave of court to redepose them, as required by Fed. R. Civ. P. 30(a)(2)(A)(ii). Ms. Goodwin further explained that she would determine the availability of the plaintiffs who had not yet been deposed. (Exhibit B). This motion does not relate to those plaintiffs who have not yet been deposed; those plaintiffs will be produced for deposition.

        10.    On September 5, 2008, members of the Individual Claimants Steering Committee, including counsel for plaintiffs, participated in a conference call with counsel for defendants to discuss a number of pending matters related to the MDL. During that call, counsel for defendants, Bernie LeSage, indicated that defendants planned to take depositions of those persons who have already been deposed, despite plaintiffs' counsel's opposition.

        11.    On September 5, 2008, counsel for defendant, Randall Manvitz, replied to Ms. Goodwin by letter. In that letter, counsel indicated that defendant planned to depose those persons who have already been deposed. (Exhibit C).

        12.    On September 8, 2008, counsel for plaintiffs, Michael Aschenbrener, and counsel for defendants, Randall Manvitz, met and conferred via telephone in accordance with Local Rule 37.2 in a further attempt to resolve the parties' discovery dispute regarding depositions of plaintiffs who have already been deposed in their respective cases.

13.     Pursuant to Fed. R. Civ. P. 26(c)(1), Michael Aschenbrener certifies that counsel for plaintiffs have conferred with counsel for defendant in good faith to resolve this dispute without court action, but the parties have been unable to resolve their dispute.

14.     Plaintiffs move the court for a protective order because they have already been deposed at length in their respective cases; additional depositions are oppressive and an undue burden.

15.     Moreover, additional depositions are unnecessary for Ameriquest to respond to plaintiffs' motion for partial summary judgment. The issue before the Court is purely legal in nature having already been resolved by the Seventh Circuit in *Hamm*. Accordingly, there are no new facts for defendant to discover that will aid it in responding to plaintiffs' motion.

16.     Because additional depositions of plaintiffs already deposed cannot aid the litigation, allowing them will serve no purpose other than to harass plaintiffs and waste Ameriquest's scarce financial resources.

17.     Defendant claims that new depositions are appropriate because new defendants and allegations have been added to plaintiffs' complaints. Regarding the added defendants, the only new parties are the loans' respective owners and servicers, and the allegations made against these entities are identical to the allegations made against Ameriquest Mortgage Co. In other words, the information discovered at plaintiffs' prior depositions apply with equal force to the new parties. Thus, the new parties have no reason to depose plaintiffs for a second time other than to harass and intimidate them. Furthermore, only Ameriquest noticed

5

the depositions, not any other party, so Ameriquest's argument that other defendants need to take plaintiffs' depositions does not even make sense. (Exhibit A).

18.   Regarding the allegations added since their initial depositions, the Jimenezes and Wertepnys only have their existing TILA rescission claims. Thus, there is no reason to redepose them under any circumstances. The Salazars, Pintsaks, and Ms. Harris amended their complaints after their depositions to add allegations of breach of contract for fraudulent loan discount fees. These allegations are against Ameriquest only, so there is no reason for new defendants to depose them regarding this claim. Finally, Ms. Furgeson added a breach of contract claim for fraudulent loan discount fees and a claim under the Illinois Consumer Fraud Act after her deposition. These claims are also against Ameriquest only, so once again, the new allegations do not provide a sufficient basis for an additional deposition.

19.   Ameriquest has also wrongly asserted to plaintiffs that depositions are necessary because it needs to determine plaintiffs' respective abilities to repay the loans. This is incorrect. "TILA explicitly states that the obligor's duty only arises once 'the creditor's obligations under [TILA]' are completed." *Lippner v. Deutsche Bank Nat'l Trust Co.*, 544 F. Supp. 2d 695, 702 (N.D. Ill. 2008) (quoting TILA, 15 U.S.C. § 1635(b)). In other words, the lender must rescind before the borrower's ability to repay the loan is an issue. *Id.* ("TILA clearly requires that the creditor satisfy its obligations relating to the rescission *prior* to any obligation by the obligor to pay the balance of the loan." (emphasis in original)); *Velazquez v. HomeAmerican Credit, Inc.*, 254 F. Supp. 2d 1043, 1045 (N.D. Ill. 2003) ("In fact, the statute and the regulations are explicit that the consumer need not return money or property to the creditor until *after* the

6

creditor has fulfilled its obligations under the statute." (emphasis in original) (internal citations omitted)).

20. Furthermore, the Wertepnys have already refinanced their loans, which means that they are entitled to full compensation for the value of rescission. *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 765-66 (7th Cir. 2006). Because their remedy does not involve paying off the existing loan, this issue is completely moot for them.

21. Defendant also falsely believes it is entitled to discovery on the issue of whether plaintiffs continue to use their respective properties for consumer purposes after their prior depositions. Whether a credit transaction is for "personal, family or household" purposes, and thus subject to TILA, is determined at the time of the transaction. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C. and Echevarria, McCalla, Raymer, Barrett, and Frappier*, 214 F.3d 872, 874-75 (7th Cir. 2000). Ameriquest has already had the opportunity to depose plaintiffs regarding the nature of the transaction at the time of the transaction. Nothing that has occurred since then could alter the consumer nature of these loans. Again, allowing Ameriquest to depose plaintiffs for a second time will not aid litigation and will only serve to unduly burden plaintiffs.

22. Finally, Ameriquest claims it requires the depositions to ascertain whether any of the plaintiffs have filed for bankruptcy since their prior depositions. But whether any plaintiffs have filed for bankruptcy is a matter of public record. Defendant already has all pertinent contact information for plaintiffs, including social security numbers. Defendant can easily conduct a search of public bankruptcy records—a task that can be completed online in a

matter of minutes by any staff member of defendant's counsel—to determine whether any plaintiff has filed for bankruptcy. Certainly, a deposition is not necessary to discover this information. At most, defendant might issue written discovery, but under no circumstances are depositions necessary.[2]

23.    In addition to the depositions, defendant attached a set of documents to the deposition notices. (Exhibit A). The set encompasses forty-eight (48) discrete requests and includes requests such as Request No. 47, "All Documents Relating To any agricultural use of any property owned by You. . . . " These requests—many of which do not even potentially relate to plaintiffs' rescission claims—are unduly burdensome and appear designed purely to harass and intimidate plaintiffs.

24.    Because the legal issue underlying plaintiffs' motion for partial summary judgment is already settled in plaintiffs' favor, and because depositions could not possibly lead to information relevant to defending plaintiffs' motion for partial summary judgment, plaintiffs ask the Court to enter a protective order pursuant to Fed. R. Civ. P. 26(c) to protect them from the undue burden of being deposed for the second time.[3]

---

[2]Ameriquest's arguments regarding plaintiffs' financial situations, principal dwellings, and bankruptcy statuses (*see supra* ¶¶ 19-22) could be used to attempt to justify repeated depositions of plaintiffs in their individual Ameriquest MDL cases. Plaintiffs urge the Court not to set this precedent.

[3]In the event the Court denies the instant motion, plaintiffs reserve the right to contest the location (Chicago) of the deposition of Marie Ferguson. Ms. Ferguson filed her case in the U.S. District Court for the Central District of Illinois and resides in Springfield, Ill.

WHEREFORE, plaintiffs respectfully request that this Court enter an to protect plaintiffs in the above-captioned cases from the undue burden of being deposed for the second time.

Respectfully Submitted,

s/ Michael J. Aschenbrener
Michael J. Aschenbrener

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

9

## <u>CERTIFICATE OF SERVICE</u>

I, Michael J. Aschenbrener, hereby certify that on September 10, 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com, glewi@lchb.com, rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skikoler@muchshelist.com

Gary Edward Klein
klien@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com, sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfaucher.com,
jramirez@millerfaucher.com,
snyland@millerfaucher.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

Andrew G. Pizor
apizor@consumerlawgroup.com

Dominic J. Rizzi

drizzi@millerfaucher.com

Samuel H. Rudman
srudman@lerachlaw.com

Craig Allan Varga
cvarga@vblhc.com

Thomas Joseph Wiegand
twiegand@winston.com,
ECF_CH@winston.com

Lorne Todd Saeks
lsaeks@muchshelist.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com,
dstephens@jameshoyer.com,
jbowman@jameshoyer.com,
lmartin@jameshoyer.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com

s/Michael J. Aschenbrener
Michael J. Aschenbrener

*Attorneys for Plaintiffs*
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)