# EXHIBIT B

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
### 120 S. LaSalle Street, 18th floor
### Chicago, Illinois 60603-3403
### (312) 739-4200
### (800) 644-4673
### (312) 419-0379 (FAX)

September 2, 2008

Randall L. Manvitz, Esq.
BUCHALTER NEMER,
A Professional Corporation
333 Market Street, Suite 2500
San Francisco, CA 94105
(415) 227-0770

RE: Deposition Notices for: Marie Furgeson, Sergio & Guadalupe Salazar, Nelson & Melinda Jimenez, Brett & Yvonne Wertepny, Castella Williams Harris, William and Sandra Pintsak, and others

Dear Randall:

We are in your receipt of the deposition notices you delivered to our office today. Initially, we assume that you intend to depose each plaintiff about their own respective individual case, and not about some other plaintiffs' case, as many of the deposition notices indicate. Please advise us if this is not the case.

In addition, please be advised that the following plaintiffs have already been deposed on the dates indicated below, as you should be well aware:

| | |
|---|---|
| Marie Furgeson | August 26, 2005 |
| Sergio & Guadalupe Salazar | March 21, 2006 and March 20, 2006 |
| Nelson & Melinda Jimenez | August 20, 2005 and September 1, 2005 |
| Brett & Yvonne Wertepny | August 29, 2005 and November 11, 2005 |
| Castella Williams Harris | March 9, 2006 |
| William & Sandra Pintsak | February 22, 2006 and March 22, 2006 |

There is absolutely no basis for your request to redepose these plaintiffs, your attempt to redepose them without leave of court is in violation of Fed.R.Civ.P. 30(a), and we will move for a protective order if you do not immediately withdraw your notices as to the above listed plaintiffs.

As to the other plaintiffs, we will contact our clients and determine their availability on the dates requested and get back to you as soon as possible. We will also be contacting you shortly regarding our objections to certain of the document requests in the document rider.

Please let us know right away whether or not you will agree to withdraw the deposition notices for the above listed clients. If we do not hear from you by September 5, 2008 regarding this matter, we will file a motion for a protective order.

Sincerely yours,

Tara L. Goodwin

cc: Bernard LeSage, 213-896-0400

# EXHIBIT C



**BuchalterNemer**
A Professional Law Corporation

333 MARKET STREET, 25TH FLOOR, SAN FRANCISCO, CALIFORNIA 94105-2126
TELEPHONE (415) 227-0900 / FAX (415) 227-0770

File Number: L.7526.0723
Direct Dial Number: (415) 227-3644
Direct Facsimile Number: (415) 904-3102
E-Mail Address: rmanvitz@buchalter.com

September 5, 2008

Tara Goodwin, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603

Re: *In re: Ameriquest Mortgage Company Mortgage Lending Practices Litigation*
MDL No. 1715

Dear Tara:

This letter responds to yours dated September 2, 2008 and follows up from today's teleconference. On August 29, 2008, Ameriquest noticed the depositions of all of the plaintiffs who have filed motions for summary judgment in order to oppose the motions. A deposition scheduling conference was requested for Tuesday, September 2. Instead of agreeing to attend the conference, we received your letter stating that you would provide available dates and objecting to 10 of the 15 depositions.

As an initial matter, we have not received any dates when your deponents are available for deposition. During today's conference, Plaintiffs suggested that the motions for summary judgment should be delayed so that all plaintiffs could file their motions for summary judgment at once. Taking the motions off-calendar would alleviate the urgency of the depositions and allow the parties to coordinate the deposition scheduling with more advance notice. We request that you confirm that you are taking the motions for summary judgment off-calendar, at least for the time being. We can then schedule a meet and confer concerning scheduling at your convenience.

We disagree that re-taking the depositions of the ten plaintiffs is inappropriate. Ten plaintiffs who received deposition notices were previously deposed in 2005 and early 2006. After their depositions, the complaints were amended to add a whole new array of allegations in support of their TILA and other consumer protection claims. We should be able to depose plaintiffs concerning the additional allegations in the Complaint and their factual allegations raised in their motions for summary judgment.

Moreover, the depositions were approximately three years ago. Information available since that time is relevant to the matter. For example, all Plaintiffs seek to rescind their loans. In determining whether to grant rescission, the court will analyze the equities of rescission such as the borrower's ability to repay the loan principal. *See e.g., Personius v. Homeamerican Credit, Inc.*, 247 F.Supp. 817, 819 (N.D. Ill. 2002). Of course, a plaintiffs' financial situation in 2008 would not have been known in 2005 during their first day of deposition.

Buchalter Nemer
Tara Goodwin, Esq.
September 5, 2008
Page 2

Likewise, rescission is only available for a person's "principal dwelling." The declarations accompanying the motion for summary judgment allege that each property at issue has been a plaintiff's principal dwelling "at all times relevant." We are entitled to explore each of those allegations. Similarly, we have discovered that some MDL plaintiffs have been involved in bankruptcy proceedings after the initiation of the MDL. A current examination into whether your clients have filed for bankruptcy is relevant to determine whether your clients have standing to assert a cause of action. *See e.g., Rowland v. Novus Financial Corp.*, 949 F. Supp. 1447 (D. Hawaii 1996).

Also, there are a number of parties to the MDL who were not named at the time of the 2005 depositions. They have a fundamental due right to be able to participate in all of the depositions.

We are willing to discuss limiting the amount of time for the re-noticed depositions, if that would alleviate your objection.

We look forward to hearing at your earliest convenience.

Very truly yours,

BUCHALTER NEMER
A Professional Corporation

By _____
Randall L. Manvitz

BN 2242181v1