**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Asencio Salazar, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 05-7097 | |

**DEFENDANT ARGENT MORTGAGE SECURITIES, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE SECURITIES, INC. ("Defendant"), by and through its attorneys, answers Plaintiffs ASENCIO & ALICIA SALAZAR and HAZEL STREET ("Plaintiffs") Amended Complaint as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs seek rescission of their mortgage transactions pursuant to 15 U.S.C. § 1635.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Defendant denies any remaining allegations in paragraph 1.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law

pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district and plaintiffs' claims arose here.

**ANSWER:** Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Company, LLC, conducted business in Illinois as well as numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4. Plaintiffs Asencio and Alicia Salazar obtained two loans from Argent. On July 13, 2005, plaintiffs closed on a $223,200.00 fixed rate mortgage from Argent which had an interest rate of 6.750%. The Salazars paid $5,365.02 in points and fess to obtain this loan, of which $629.00 went to Argent. On May 10, 2006, plaintiffs refinanced again with Argent and obtained two fixed rate mortgages. Plaintiffs obtained a $212,000.00 fixed rate mortgage at 7.700% and another fixed rate mortgage for $53,000 at 11.700%. The Salazars paid $7,639.99 in points and fess to obtain this loan, of which $1,559.24 went to Argent.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. Plaintiff Hazel Street obtained a $216,750 adjustable rate mortgage from Argent that closed on July 26, 2006. The loan had an initial interest rate of 9.400% which could adjust to a maximum rate of 15.400%. Street paid $11,720.57 in points and fess to obtain this loan, of which $1,054.82 went to Argent.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

6. Defendant Argent Mortgage Company, LLC is a sub-prime mortgage lender. The company's main offices are in Orange, California, but it does business in this district.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC provided residential mortgage loans through August 2007. Further answering, Defendant specifically denies the characterization and use of the term "sub-prime." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

7. Defendant Deutsche Bank National Trust Company is or was the owner of plaintiffs' mortgages and does business in this district.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. Defendant denies any remaining allegations in paragraph 7.

8. Defendant Argent Mortgage Securities, Inc. holds or held legal title to plaintiffs' loans.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9. Defendant Citigroup Inc. is or was the assignee of the Salazar loan which closed on May 10, 2006.

**ANSWER:** Defendant specifically denies the characterization and use of the term "assignee." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10. Defendant Lehman Brothers Inc. was the assignee of the Salazar loan which closed on July 13, 2005.

**ANSWER:** Defendant specifically denies the characterization and use of the term "assignee." Defendant admits that Plaintiffs' mortgage loan was sold to Lehman Brothers, Inc. Defendant denies any remaining allegations in paragraph 10.

11. Defendant Deutsche Bank National Trust Company as Trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2006-M3 and/or Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2006-M3 is or was the assignee of the Street loan.

**ANSWER:** Defendant specifically denies the characterization and use of the term "assignee." Defendant admits that Deutsche Bank National Trust Company serves as trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificate Series 2006-M3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

## TRUTH IN LENDING ACT VIOLATION

12. Plaintiffs incorporate paragraphs one through eleven above.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 11.

13. Argent's disclosures to plaintiffs did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

**ANSWER:** Paragraph 13 is a summary description of the allegations within Plaintiffs' Amended Complaint to which no answer is required. Paragraph 13 also contains conclusion of law to which no response is required. Defendant denies any remaining allegations in paragraph 13.

## REGULATORY FRAMEWORK

14. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

**ANSWER:** Paragraph 14 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 14.

15. Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. §§ 226.18, 226.22, 226.5.

**ANSWER:** Paragraph 15 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.17(a)(1) have been accurately quoted in paragraph 16, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.17(a)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 15.

16. Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(1).

**ANSWER:** Paragraph 16 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.18(g)(1) have been accurately quoted in paragraph 16, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.18(g)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 16.

17. The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final

TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

**ANSWER:** Paragraph 17 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. § 1635(a) have been accurately quoted in paragraph 17, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. § 1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 17.

18. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

**ANSWER:** Paragraph 18 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. § 1635(b) have been accurately quoted in paragraph 18, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. § 1635(b) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 18.

19. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

**ANSWER:** Paragraph 19 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. § 1635(a) have been accurately quoted in paragraph 19, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. § 1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 19.

20. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction ....

12 C.F.R. § 226.23(a)(1).

**ANSWER:** Paragraph 20 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(a)(1) have been accurately quoted in paragraph 20, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23(a)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 20.

21. The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose[]" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1).

**ANSWER:** Paragraph 21 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 21, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23(b)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 21.

22. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (v) The date the rescission period expires

12 C.F.R. § 226.23(b)(1).

**ANSWER:** Paragraph 22 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 22, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23(b)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 22.

23. Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

12 C.F.R. § 226.23(d)(1).

**ANSWER:** Paragraph 23 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(d)(1) have been accurately quoted in paragraph 23, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23(d)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 23.

24. Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

**ANSWER:** Paragraph 24 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(d)(2) have been accurately quoted in paragraph 24, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23(d)(2) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 24.

## DEFECTIVE DISCLOSURES

25. On July 13, 2005, the Salazars entered into a refinancing transaction with Argent Mortgage Company. The proceeds from this transaction were used payoff their existing mortgage that was originated by Argent. At the closing, the Salazars were given Notice of Right to Cancel forms based on the Federal Reserve Board's Model H-8 form and not the Model H-9 form required for borrowers refinancing with the same lender.

**ANSWER:** Paragraph 25 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 25.

26. On May 10, 2006, the Salazars once again refinanced their July 2005 Argent mortgage with Argent Mortgage Company. At the closing, the Salazars were again given Notice of Right to Cancel forms based on the Federal Reserve Board's Model H-8 form and not the Model H-9 form required for borrowers refinancing with the same lender.

**ANSWER:** Paragraph 26 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 26.

27. There are discrepancies between the disbursements shown on the settlement statement given to the Salazars at the May 2006 closing and the actual disbursements listed on a settlement statement that was sent to the Salazars after the closing. This means the transaction had not been consummated as of the time of the closing and, therefore, the Notice of Right to Cancel forms misstated the rescission expiration date in violation of 12 C.F.R. § 226.23(b)(1)(v).

**ANSWER:** Paragraph 27 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 27.

28. On July 26, 2006, Street refinanced her July 2005 Argent mortgage with Argent Mortgage Company. At the closing, Street was given Notice of Right to Cancel forms based on the Federal Reserve Board's Model H-8 form and not the Model H-9 form required for borrowers refinancing with the same lender.

**ANSWER:** Paragraph 28 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 28.

29. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER:** Paragraph 29 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(a)(3) have been accurately quoted in paragraph 29, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23(a)(3) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 29.

30. Argent's rescission and material TILA disclosures were defective. Accordingly, plaintiffs seek rescission of the mortgage transactions.

**ANSWER:** Paragraph 30 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 30.

31. Within twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiffs' home and paid back to plaintiffs any money or property that plaintiffs paid to them in connection with the loan. See 12 C.F.R. § 226.23(d)(2). Defendants have not done either.

**ANSWER:** Paragraph 31 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 31.

32. Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiffs are entitled to rescission plus statutory damages and other relief.

**ANSWER:** Paragraph 32 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 32.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Amended Complaint.

15. Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: September 12, 2008  Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Securities, Inc.*

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois  60601-9703
Telephone: (312) 558-5600
Facsimile:  (312) 558-5700
twiegand@winston.com

**CERTIFICATE OF SERVICE**

I, David E. Dahlquist, hereby certify that on this 12th day of September 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ David E. Dahlquist