- 1 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Pedro Banuelos, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 05-7097 | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee ("Defendant"), by and through its attorneys, answers Plaintiffs PEDRO & CELIA BANUELOS and MICHELLE & TRAYVASS GALLANT ("Plaintiffs") Amended Complaint as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs seek rescission of their mortgage transactions pursuant to 15 U.S.C. § 1635. Plaintiffs also charge defendants with violation of state law.

**ANSWER:** **Defendant denies that Plaintiffs are entitled to rescission of their mortgages pursuant to 15 U.S.C. §1635. Defendant denies that it violated any state law. Defendant denies any remaining allegations of paragraph 1.**

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law

- 2 -

pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER:** **Defendant does not dispute jurisdiction. Defendant denies it violated any Federal or State law. Defendant denies any remaining allegations of paragraph 2.**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest before Judge Aspen.

**ANSWER:** **Defendant does not dispute venue. Defendant is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant has an office in the State of Illinois. Defendant denies any remaining allegations of paragraph 3.**

## PARTIES

4. Plaintiffs Pedro and Celia Banuelos obtained a $174,500.00 adjustable rate mortgage from Ameriquest Mortgage Company that closed on May 18, 2005. The loan had an initial interest rate of 7.650% and could adjust to a maximum rate of 13.650%. Mr. & Mrs. Banuelos paid $11,047.45 in points and fess to obtain this loan, of which $3,020.49 went to Ameriquest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5. Plaintiffs Michelle and Trayvass Gallant obtained a $144,000.00 adjustable rate mortgage from Ameriquest Mortgage Company that closed on June 7, 2005. The loan had an initial interest rate of 9.850% and could adjust to a maximum rate of 15.850%. The Gallants' paid $6,835.58 in points and fess to obtain this loan, of which $1,391.40 went to Ameriquest.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 2259910v1

6. Defendant Ameriquest Mortgage Company is a corporation organized under the laws of the state of Delaware, with its principal place of business in Orange, CA. Ameriquest originated plaintiffs' mortgages through a refinancing transaction and took a security interest in plaintiffs' homes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

7. Defendant Ameriquest Capital Corporation ("ACC") n/k/a SBP Capital Corporation is organized under the laws of the state of Delaware, with its principal place of business in Orange, California.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

8. Defendant ACC Capital Holdings Corporation (erroneously named as ACC Capital Holdings, Inc.) is a subsidiary of ACC with its principal place of business in Orange, CA.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

9. Defendant Ameriquest Mortgage Securities, Inc. is an indirect wholly-owned subsidiary of Ameriquest Mortgage Company and holds or held legal title to plaintiffs' mortgages.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

10. Defendant Deutsche Bank National Trust Company is or was the assignee of plaintiffs' mortgages.

**ANSWER:** **Defendant no longer holds any right, title or interest in the Banuelos loan. Defendant admits that it is or was trustee under the Pooling and Servicing Agreement dated July 1, 2005 for Ameriquest Mortgage Securities, Inc. Asset**

**Backed Pass-Through Certificates Series 2005-R6, which may or may not have included the Banuelos loan. Defendant admits that it is trustee of Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2005-R7, under the Pooling and Servicing Agreement dated as of August 1, 2005, which includes the Gallant loan. Defendant denies any remaining allegations of paragraph 10.**

11. Defendant Deutsche Bank National Trust Company as trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2005-R6 and/or Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2005-R6 is or was the assignee of the Banuelos mortgage.

**ANSWER:** **Defendant no longer holds any right, title or interest in the Banuelos loan. Defendant admits that it is or was trustee under the Pooling and Servicing Agreement dated July 1, 2005 for Ameriquest Mortgage Securities, Inc. Asset Backed Pass-Through Certificates Series 2005-R6, which may or may not have included the Banuelos loan. Defendant denies any remaining allegations of paragraph 11.**

12. Defendant Deutsche Bank National Trust Company as trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2005-R7 and/or Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2005-R7 is or was the assignee of the Gallant mortgage.

**ANSWER:** **Defendant admits that it is trustee of Ameriquest Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2005-R7, which includes the Gallant loan. Defendant denies any remaining allegations of paragraph 12.**

## COUNT ONE -- TRUTH IN LENDING ACT

13. Plaintiffs incorporate paragraphs one through twelve above.

**ANSWER:** **Defendant incorporates its responses to paragraphs 1-12 above in response to this paragraph.**

14. Ameriquest's disclosures to plaintiffs did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

- 4 -

BN 2259910v1

**ANSWER:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

## REGULATORY FRAMEWORK

15. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

**ANSWER:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

16. Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. § § 226.18, 226.22, 226.5.

**ANSWER:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

17. Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(1).

**ANSWER:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

18. The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

**ANSWER:** Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

19. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or

- 6 -

> appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

20. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

21. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction ....

12 C.F.R. § 226.23(a)(1).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 7 -

22. The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose[]" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

23. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>> (ii) The consumer's right to rescind the transaction.
>>
>> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>>
>> (iv) The effects of rescission, as described in paragraph (d) of this section.
>>
>> (v) The date the rescission period expires

12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

24. Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

12 C.F.R. § 226.23(d)(1).

- 8 -

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

25. Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

26. The Federal Reserve Board's commentary of paragraph 23(d)(2) explains that the words "any money or property" would include an appraisal fee. The commentary provides:

> The consumer cannot be required to pay any amount in the form of money or property either to the creditor or to a third party as part of the credit transaction. Any amounts of this nature already paid by the consumer must be refunded. "Any amount" includes finance charges already accrued, as well as other charges, such as broker fees, application and commitment fees, or fees for a title search or appraisal, whether paid to the creditor, paid directly to a third party, or passed on from the creditor to the third party. It is irrelevant that these amounts may not represent profit to the creditor.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## DEFECTIVE DISCLOSURES

27. Ameriquest's disclosures to plaintiffs in connection with plaintiffs' mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act. More specifically, the disclosures were deficient as follows:

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 9 -

28. The Notice of Right to Cancel forms that were delivered to Pedro and Celia Banuelos at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

29. Pedro and Celia Banuelos were told that they would owe $207 for an Appraisal/Property Valuation Fee Deposit, if they backed out of the deal, a misrepresentation of the effects of rescission in violation of 12 C.F.R. § 226.23(b)(1)(iv).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

30. Pedro and Celia Banuelos were also misled as to the cost of credit in that the closing costs turned out to be higher than previously represented.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

31. Mr. & Mrs. Banuelos sent a rescission letter to Ameriquest and Deutsche Bank on May 6, 2008.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

32. The Notice of Right to Cancel forms that were delivered to the Gallants at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

33. The Notice of Right to Cancel form delivered at the closing makes it appear that only Trayvass Gallant has the right to cancel. In fact, Michelle Gallant, co-owner of the home and therefore a consumer under 12 C.F.R. § 226.2(a)(11), also had and has the right to cancel. The notice, therefore, did not properly disclose her rescission rights, a violation of 12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

34. Ameriquest misled the Gallants as to the possibility of refinancing out of the Ameriquest mortgage before the interest rate increased, thereby effectively misleading plaintiffs as to the existence of a variable interest rate on their loan in violation of 12 C.F.R. § 226.18.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

35. The Gallants sent a rescission letter to Ameriquest and Deutsche Bank on February 25, 2008.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

36. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

37. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, plaintiffs are entitled to rescission of their mortgage transactions.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies Plaintiffs are entitled to rescind their loans.**

## COUNT TWO -- VIOLATION OF STATE LAW

38. Plaintiffs incorporate paragraphs one through twelve above.

**ANSWER:** **Defendant incorporates its responses to paragraphs 1-37 above in response to this paragraph.**

39. In connection with trade or commerce, Ameriquest engaged in false advertising and engaged in unfair and deceptive acts and practices in violation of State laws (including common law doctrines) which prohibit bait and switch sales practices. This misconduct has caused damage to plaintiffs.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

40. Plaintiffs Pedro and Celia Banuelos own a home in Wheeling, Illinois. In or about April 2005, plaintiffs spoke to an Ameriquest representative about refinancing the mortgage on their home. Plaintiffs were told that their closing costs would be about $2,500, but turned out to be over $11,000.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

41. Plaintiffs Michelle & Trayvass Gallant own a home in Kernersville, NC where they live with their two children. In or about May 2005, plaintiffs spoke to an Ameriquest representative about refinancing the mortgage on their home. The Ameriquest representative told Mrs. Gallant that Ameriquest could get then an adjustable rate loan with an interest rate of

9.75%. Mrs. Gallant told the Ameriquest representative that she did not want an adjustable rate loan. The Ameriquest representative told Mrs. Gallant that it would be two years before the rate adjusted and as the Gallant's credit improved, they would refinanced into a fixed rate before the rate of the Ameriquest loan adjusted.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

42. Ameriquest's false and misleading statements to plaintiffs violated plaintiffs' rights under the Illinois and North Carolina Consumer Fraud Act.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

43. Ameriquest's false and misleading statements deceived plaintiffs and proximately caused them injury.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

44. Ameriquest's violation of plaintiffs' rights is part of a pattern and practice of illegal behavior by Ameriquest. Defendants Ameriquest Capital Corporation, ACC Capital Holdings, Ameriquest Mortgage Securities and Deutsche Bank National Trust Company knowingly aided and abetted this illegal behavior by Ameriquest and are therefore also liable to plaintiffs.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. Defendant denies that it is affiliated with Ameriquest, its affiliates or agents and/or denies that it aided and abetted any behavior by Ameriquest, its affiliates or agents. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

    a.    canceling the appropriate defendants' security interest in appropriate plaintiffs' home and ordering defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

    b.    awarding plaintiffs appropriate actual damages;

    c.    awarding appropriate statutory damages;

    d.    ordering defendants to pay appropriate costs, penalties, and attorneys fees;

    e.    granting such other relief as the Court deems just and proper.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: September 12, 2008

By: /s/ Bernard E. LeSage
*Attorneys for Deutsche Bank National Trust Company, Trustee*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 12th day of September 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

BN 2259910v1