**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Asencio Salazar, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 05-7097 | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee ("Defendant"), by and through its attorneys, answers Plaintiffs ASENCIO & ALICIA SALAZAR and HAZEL STREET ("Plaintiffs") Amended Complaint as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs seek rescission of their mortgage transactions pursuant to 15 U.S.C. § 1635.

**ANSWER:** Defendant denies plaintiffs are entitled to rescind their loans pursuant to 15 U.S.C. §1635. Defendant denies any and all allegations in paragraph 1.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because plaintiffs' claim under the Truth in Lending Act arises under federal law. This Court has supplemental jurisdiction over plaintiffs' claim under state law

- 1 -

- 2 -

pursuant to the Judicial Improvements Act of 1990, Pub.L.No. 101-650, 104 Stat. 5089, 28 U.S.C. § 1367.

**ANSWER:** **Defendant does not dispute jurisdiction. Defendant denies it violated any Federal or State law. Defendant denies any remaining allegations of paragraph 2.**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district and plaintiffs' claims arose here.

**ANSWER:** **Defendant does not dispute venue. Defendant is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant has an office in the State of Illinois. Defendant denies any remaining allegations of paragraph 3.**

## PARTIES

4. Plaintiffs Asencio and Alicia Salazar obtained two loans from Argent. On July 13, 2005, plaintiffs closed on a $223,200.00 fixed rate mortgage from Argent which had an interest rate of 6.750%. The Salazars paid $5,365.02 in points and fess to obtain this loan, of which $629.00 went to Argent. On May 10, 2006, plaintiffs refinanced again with Argent and obtained two fixed rate mortgages. Plaintiffs obtained a $212,000.00 fixed rate mortgage at 7.700% and another fixed rate mortgage for $53,000 at 11.700%. The Salazars paid $7,639.99 in points and fess to obtain this loan, of which $1,559.24 went to Argent.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5. Plaintiff Hazel Street obtained a $216,750 adjustable rate mortgage from Argent that closed on July 26, 2006. The loan had an initial interest rate of 9.400% which could adjust to a maximum rate of 15.400%. Street paid $11,720.57 in points and fess to obtain this loan, of which $1,054.82 went to Argent.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 2 -

6. Defendant Argent Mortgage Company, LLC is a sub-prime mortgage lender. The company's main offices are in Orange, California, but it does business in this district.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

7. Defendant Deutsche Bank National Trust Company is or was the owner of plaintiffs' mortgages and does business in this district.

**ANSWER:** **Defendant is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant has an office in the State of Illinois. Defendant no longer holds any interest, right or title to any of Plaintiff, Street's loans. Defendant admits that it is or was trustee, under the Pooling and Servicing Agreement dated June 1, 2006, for Argent Mortgage Securities, Inc., Asset Backed Pass-Through Certificates, Series 2006-M1, which includes one of Plaintiff, Salazar's loans (no. 97748875). Defendant no longer holds any right, title or interest to other loans associated with Plaintiff, Salazar. Defendant denies any remaining allegations of paragraph 7.**

8. Defendant Argent Mortgage Securities, Inc. holds or held legal title to plaintiffs' loans.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

9. Defendant Citigroup Inc. is or was the assignee of the Salazar loan which closed on May 10, 2006.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

10. Defendant Lehman Brothers Inc. was the assignee of the Salazar loan which closed on July 13, 2005.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

11. Defendant Deutsche Bank National Trust Company as Trustee of Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2006-M3 and/or Argent Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series 2006-M3 is or was the assignee of the Street loan.

**ANSWER:** **Defendant admits that it is or was the trustee of Argent Mortgage Securities, Inc. Asset Backed Pass-Through Certificates, Series 2006-M3 under the Pooling and Servicing Agreement dated as of September 1, 2006, , which may have included a loan for Plaintiff, Street at one time. Defendant no longer holds any interest, right or title to any loans associated with Plaintiff, Street. Defendant denies any remaining allegations of paragraph 11.**

## TRUTH IN LENDING ACT VIOLATION

12. Plaintiffs incorporate paragraphs one through eleven above.

**ANSWER:** **Defendant incorporates its responses to paragraphs 1-11 in response to this paragraph.**

13. Argent's disclosures to plaintiffs did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## REGULATORY FRAMEWORK

14. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

- 4 -

BN 2260586v1

15. Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. §§ 226.18, 226.22, 226.5.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

16. Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(1).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

17. The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the

> obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

18. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

19. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

- 6 -

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

20. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction ....

12 C.F.R. § 226.23(a)(1).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

21. The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose[]" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

22. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>> (ii) The consumer's right to rescind the transaction.
>>
>> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

- 7 -

BN 2260586v1

>> (iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (v) The date the rescission period expires

12 C.F.R. § 226.23(b)(1).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

23. Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

12 C.F.R. § 226.23(d)(1).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

24. Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## DEFECTIVE DISCLOSURES

25. On July 13, 2005, the Salazars entered into a refinancing transaction with Argent Mortgage Company. The proceeds from this transaction were used payoff their existing mortgage that was originated by Argent. At the closing, the Salazars were given Notice of Right

- 8 -

to Cancel forms based on the Federal Reserve Board's Model H-8 form and not the Model H-9 form required for borrowers refinancing with the same lender.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

26. On May 10, 2006, the Salazars once again refinanced their July 2005 Argent mortgage with Argent Mortgage Company. At the closing, the Salazars were again given Notice of Right to Cancel forms based on the Federal Reserve Board's Model H-8 form and not the Model H-9 form required for borrowers refinancing with the same lender.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

27. There are discrepancies between the disbursements shown on the settlement statement given to the Salazars at the May 2006 closing and the actual disbursements listed on a settlement statement that was sent to the Salazars after the closing. This means the transaction had not been consummated as of the time of the closing and, therefore, the Notice of Right to Cancel forms misstated the rescission expiration date in violation of 12 C.F.R. § 226.23(b)(1)(v).

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

28. On July 26, 2006, Street refinanced her July 2005 Argent mortgage with Argent Mortgage Company. At the closing, Street was given Notice of Right to Cancel forms based on the Federal Reserve Board's Model H-8 form and not the Model H-9 form required for borrowers refinancing with the same lender.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

- 9 -

29. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

30. Argent's rescission and material TILA disclosures were defective. Accordingly, plaintiffs seek rescission of the mortgage transactions.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies Plaintiffs are entitled to rescind their loans.**

31. Within twenty days of receiving the rescission notice, defendants should have released their security interest in plaintiffs' home and paid back to plaintiffs any money or property that plaintiffs paid to them in connection with the loan. See 12 C.F.R. § 226.23(d)(2). Defendants have not done either.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies Plaintiffs are entitled to rescind their loans.**

32. Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiffs are entitled to rescission plus statutory damages and other relief.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing, denies any liability to Plaintiffs and denies Plaintiffs are entitled to rescind their loans.**

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that the Court grant judgment against defendants as follows:

    a.    canceling the appropriate defendants' security interest in appropriate plaintiffs' home and ordering defendants to provide plaintiffs with the money to which plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

    b.    awarding plaintiffs appropriate actual damages;

    c.    awarding appropriate statutory damages;

    d.    ordering defendants to pay appropriate costs, penalties, and attorneys fees;

    e.    granting such other relief as the Court deems just and proper.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: September 12, 2008 | By: /s/ Bernard E. LeSage<br>*Attorneys for Deutsche Bank National Trust Company, as Trustee* |

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 13 -

BN 2260586v1

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 12th day of September 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ Bernard E. LeSage