IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION ) ) ) ) ) | MDL No. 1715 Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTIONS: ) ) ) | Centralized before Judge Marvin E. Aspen |
| *Furgeson v. Ameriquest Mortg. Co.*, 04 C 7627, *Salazar v. Ameriquest Mortg. Co.*, 05 C 4162, *Smith v. Ameriquest Mortg Co.*, 05 C 648, *Jimenez v. Ameriquest Mortg. Co.*, 05 C 1009, *Treadwell v. Ameriquest Mortg. Co.*, 05 C 1078, *Key v. Ameriquest Mortg. Co.*, 05 CV 1077, *Wertepny v. Ameriquest Mortg. Co.*, 05 CV 1402, *Harris v. Ameriquest Mortg. Co.*, 05 CV 4025, *Mills v. Ameriquest Mortg. Co.*, 05 CV 3976, and *Pintsak v. Ameriquest Mortg. Co.*, 05 CV 5035. ) ) ) ) ) ) ) ) ) ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL
INDIVIDUAL PLAINTIFFS TO FOLLOW
THIS COURT'S NOVEMBER 7, 2006 CASE MANAGEMENT ORDER**

**INTRODUCTION**

The cases for which plaintiffs filed a motion for partial summary judgment are among the oldest of all cases in the MDL. (Plaintiffs' Motion for Partial Summary Judgment, Dkt. Nos. 2301-2306). In fact, they all pre-date the MDL, having been filed in 2004 and 2005. In these cases, discovery is either complete or nearly complete. Additionally, the legal theory that forms the basis of the motion for partial summary judgment has already been decided in plaintiffs' favor by the Seventh Circuit. *Hamm v. Ameriquest Mortgage Co.*, 506 F.3d 525 (7th Cir. 2007).

1

Moreover, plaintiffs filed their motion for partial summary judgment with the knowledge and consent of the co-chairs of the Individual Claimants Steering Committee ("ICSC") only when it became apparent that their cases would not be resolved through mediation. *See infra*, § IV.

## ARGUMENT

### I. INDIVIDUAL PLAINTIFFS ARE NOT LIMITED TO ONE MASSIVE SUMMARY JUDGMENT MOTION FOR ALL CLAIMS.

#### A. Defendants employ an illogical reading of the Court's Order to support its opposition to plaintiffs' summary judgment motion.

According to § VI of the November 7, 2006 Case Management Order, parties "may move for summary judgment on common legal issues." (Memorandum Opinion and Order ("Order"), Dkt. No. 284, p. 13). Defendants left this sentence out of their motion to compel, in which they argue that plaintiffs' motion for partial summary judgment is improper because plaintiffs may only file one summary judgment on behalf of all opt-out plaintiffs concerning all claims in the MDL.

The effect of this sentence is significant. It means that individual plaintiffs may file one motion for summary judgment for each common legal issue, which is exactly what plaintiffs did in filing their motion for partial summary judgment on the sole and common legal issue of whether their TILA Disclosure Statements violate TILA for failure to fully disclose the payment schedule. (Plaintiffs' Motion for Partial Summary Judgment, Dkt. Nos. 2301-2306). This motion was filed by ten borrower-plaintiffs, all of whom claim the same violation of TILA. Furthermore, this motion was filed by all borrower-plaintiffs with this claim who are represented by Edelman, Combs, Latturner & Goodwin, LLC ("ECL&G").

To the extent the Order requires all opt-out plaintiffs, including those represented by other law firms, to join this motion, the moving ECL&G plaintiffs are willing to allow other plaintiffs with this claim to join their motion for partial summary judgment.[1] Plaintiffs suggest granting other plaintiffs thirty (30) days to join their motion with an appropriate adjustment in the briefing schedule.

### B. Requiring one summary judgment motion for all 1,500 opt-out borrowers is impracticable.

Defendants argue that plaintiffs may only file one summary judgment on behalf of all opt-out plaintiffs and concerning all claims in the MDL. Among the approximately 600 opt-out cases and 1,500 borrowers, there are dozens of different legal theories and a unique set of facts for each case. Requiring all 1500 opt-out plaintiffs to file one massive motion for summary judgment for all claims, theories, and facts in 600 cases would present an unduly administrative and practical burden on all parties and the Court. But plaintiffs' reading of the order—that all plaintiffs with common legal theories file one summary judgment motion based on those common legal theories—best adheres to the purpose of the Order. Doing so will allow the Court to "efficiently manage this action and avoid a desent [sic] into chaos." (Defendants' Motion to Compel Individual Plaintiffs to Follow This Court's November 7, 2006 Case Management Order ("Defendants' Motion"), Dkt. No. 2337, p. 2).

In contrast, defendants' position that plaintiffs may only file one massive summary judgment on behalf of all 1,500 plaintiffs for all claims, legal theories, and facts would

---

[1] The ECL&G plaintiffs do not believe that there are many other cases based on this claim because Ameriquest stopped using the form document on which the claim is based shortly after the first cases were filed.

3

hasten a descent into chaos and prevent the efficient management of the MDL.

      C.     **Individual plaintiffs are allowed to prosecute their cases individually.**

Defendants' position also contradicts other clear elements of the Order and would violate individual plaintiffs' rights. For example, the Order also states, "[t]hese [opt-out] plaintiffs are entitled to as independent a prosecution of their cases as is practicable." (Order, p. 10).

The Order goes on to state that the ICSC "may not control the litigation of those [opt-out] cases beyond the extent permitted by plaintiffs and their counsel" and "may not interfere with the individual representation of these plaintiffs." (Order, p. 11). In other words, opt-out plaintiffs should work together to the extent possible, but individual plaintiffs are expressly allowed to litigate their cases individually. The ICSC cannot dictate the litigation strategy of individual plaintiffs. Thus, there is nothing improper about the moving plaintiffs having moved for summary judgment of their respective (and common) claims.

## II.   PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IS NOT A TEST CASE.

Plaintiffs have not violated the Court's admonition against the filing of test cases. (Order, p. 13). Defendants contend that plaintiffs' motion for partial summary judgment constitutes a test case because it does not seek adjudication of all claims in their respective cases. (Defendants' Motion, p. 2). Defendants fundamentally misunderstand the nature and purpose of a test case. The purpose of a test case is to set a precedent so as to allow counsel to determine whether additional claims on the tested issue would be successful.

4

But the Seventh Circuit has already ruled in plaintiffs' favor on the legal question raised by their motion. *Hamm v. Ameriquest Mortgage Co.*, 506 F.3d 525 (7th Cir. 2007). Thus, there is nothing to test. By definition, plaintiffs' motion is not a test case.

Furthermore, plaintiffs' motion for summary judgment was filed by all ECL&G plaintiffs with this common claim, not just one or a few plaintiffs with this claim.

## III. ALL PLAINTIFFS ARE NOT REQUIRED TO REMAIN AT THE SAME PROCEDURAL POSITION THROUGHOUT THE LITIGATION.

Defendants contend that all plaintiffs must remain at the same procedural stage through the litigation. This is incorrect. Plaintiffs are allowed to prosecute their cases individually and are not required to remain at the same procedural position of all other plaintiffs. This is true for several reasons: the Court's Order states this; requiring otherwise would be unfair to each plaintiff; and, requiring otherwise would be impracticable.

As quoted above in § I.C., "[P]laintiffs are entitled to as independent a prosecution of their cases as is practicable." (Order, p. 10). For this statement to have any meaning, defendants' position that all 1,500 plaintiffs must remain at the same procedural position at all times can be afforded no effect because it directly contradicts the Court's Order.

Additionally, defendants' position would be fundamentally unfair to plaintiffs. Among the 600 opt-out cases are a variety of claims of varying strengths. What is necessary to prosecute one case may not be necessary to prosecute another case. Requiring one case to wait for one or 600 others would unfairly limit the respective rights of each party to litigate their cases.

Finally, new plaintiffs continue to file lawsuits and opt out of the class.

5

Defendants' position means that a case filed in 2004, such as Ms. Furgeson's, must wait for the new cases before proceeding. Such a requirement is not only unfair, but also impracticable. A case filed in 2004 prior to the MDL that has been extensively litigated simply cannot be at the same procedural stage as a case filed in 2008. Moreover, the cases vary in strength, not just age. In these cases, the Seventh Circuit has already ruled in plaintiffs' favor on the specific legal issue that forms the basis of the moving plaintiffs' motion for partial summary judgment. Very few plaintiffs possess this claim and those with the claim are obviously in a very different position than plaintiffs with untested, fact-specific claims.

Defendants also argue that it is not possible "to conduct meaningful meditation [sic] of the disputes unless each plaintiff is on similar footing." (Defendants' Motion, p. 2). But the cases of individual plaintiffs did not arrive in the MDL on the same footing. And forcing plaintiffs with clear entitlement to judgment to wait to pursue their claims will not enhance the effectiveness of mediation.

## IV. MEDIATION IS AT A STANDSTILL.

Defendants have forced plaintiffs' collective hand regarding summary judgment because defendants have flatly refused to mediate these few, specific, and unique cases with a legal claim already resolved by the Seventh Circuit.

Instead, defendants have offered to settle all individual cases in the MDL in which the plaintiffs have already paid off their Ameriquest loans for the same inadequate amount of money. This position has not changed through the course of three full-day mediation sessions spread out over five months. Defendants' rigid approach also fails to account for the inherent

and obvious variance among the cases in regard to their respective strengths and weaknesses, such as the fact that the moving plaintiffs have claims already resolved in their favor by the Seventh Circuit. Offering to settle all cases, each of which have different facts and legal bases, for a uniform, one-size-fits-all amount is not appropriate or acceptable. Furthermore, this offer has been presented as a take-it-or-leave-it proposition with no room for negotiation.

More recently, defendants have proposed a settlement structure in which all opt-out cases would share in one undivided pool of funds, leaving plaintiffs' counsel to distribute the funds among their respective clients. This poses an unresolvable ethical problem for plaintiffs' counsel.

Of the ten cases for which plaintiffs filed the partial summary judgment motion, four have already refinanced their Ameriquest loans, and all four of them rejected Ameriquest's take-it-or-leave-it cash offer. Of the six who have not refinanced, two have applied through their servicers for a take-it-or-leave-it loan modification. One of those two has not received a response to the application nearly a month after its due date. The other rejected the offer for being wholly inadequate. The other four did not apply for loan modifications. The result is that mediation has failed to resolve any of these ten cases; thus, forcing plaintiffs to litigate.

Despite the current standstill in mediation, plaintiffs remain open to meaningful mediation and resolutions free of court action. But defendants—including the assignee-defendants—must come to the mediation table willing to truly mediate and negotiate, not merely offer nominal one-size-fits-all sums on a take-it-or-leave-it basis.[2] Plaintiffs hope that a ruling on

---

[2] Plaintiffs believe that one primary reason for the standstill in mediation is due to the dual representation by one firm of both Ameriquest and the assignees. The positions of Ameriquest and the assignees are not aligned and in some circumstances are antagonistic, so having one law firm represent

summary judgment in these cases will prompt defendants to re-enter mediation with the approach necessary to effectuate mediated resolutions.

<div style="text-align: right;">
Respectfully submitted,

s/ Michael J. Aschenbrener
Michael J. Aschenbrener
</div>

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois, 60603
(312) 739-4200
(312) 419-0379 (FAX)

---

both presents an insurmountable hurdle to negotiation.

## CERTIFICATE OF SERVICE

    I, Michael J. Aschenbrener, hereby certify that on September 12, 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com, glewi@lchb.com, rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skikoler@muchshelist.com

Gary Edward Klein
klien@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com, sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfaucher.com,
jramirez@millerfaucher.com,
snyland@millerfaucher.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

Andrew G. Pizor
apizor@consumerlawgroup.com

Dominic J. Rizzi

drizzi@millerfaucher.com

Samuel H. Rudman
srudman@lerachlaw.com

Craig Allan Varga
cvarga@vblhc.com

Thomas Joseph Wiegand
twiegand@winston.com,
ECF_CH@winston.com

Lorne Todd Saeks
lsaeks@muchshelist.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com,
dstephens@jameshoyer.com,
jbowman@jameshoyer.com,
lmartin@jameshoyer.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com


s/Michael J. Aschenbrener
Michael J. Aschenbrener


*Attorneys for Plaintiffs*
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michael J. Aschenbrener
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)