**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTIONS:<br><br>*Furgeson v. Ameriquest Mortg. Co. et al.*, 04-cv-7627, *Salazar v. Ameriquest Mortg. Co. et al.*, 05-cv-4162, *Smith v. Ameriquest Mortg. Co. et al.*, 05-cv-648, *Jimenez v. Ameriquest Mortg. Co. et al.*, 05-cv-1009, *Treadwell v. Ameriquest Mortg. Co. et al.*, 05-cv-1078, *Key v. Ameriquest Mortg. Co. et al.*, 05-cv-1077, *Wertepny v. Ameriquest Mortg. Co. et al.*, 05-cv-1402, *Harris v. Ameriquest Mortg. Co. et al.*, 05-cv-4025, *Mills v. Ameriquest Mortg. Co. et al.*, 05-cv-3976 and, *Pintsak v. Ameriquest Mortg. Co. et al.*, 05-cv-5035. | |

**REPLY IN SUPPORT OF DEFENDANTS'[1] MOTION TO COMPEL INDIVIDUAL PLAINTIFFS TO FOLLOW THIS COURT'S NOVEMBER 7, 2006 CASE MANAGEMENT ORDER**

## I. INTRODUCTION

The Partial Motion for Summary Judgment (the "Motion") filed by plaintiffs in the above-referenced actions ("Plaintiffs") is expressly prohibited by this Court's November 7, 2006 Case Management Order (the "Case Management Order").

- The plain text of the Case Management Order prohibits motions for partial summary judgment and requires one consolidated motion for summary judgment on behalf of all Opt-Out Plaintiffs;

- Contrary to Plaintiffs' assertions, discovery is not completed;

---

[1] The term "Defendants" collectively refers to Ameriquest Mortgage Company, Deutsche Bank, and WM Specialty Mortgage.

1

- Contrary to Plaintiffs' assertions, mediation is not at a standstill and is scheduled to proceed on November 5, 2008 among the cooperating opt out parties;
- By its own admission, the partial motion for summary judgment brought by Plaintiffs' counsel, Edelman, Combs, Latturner & Goodwin, LLC (the "Edelman Firm") is an attempt to better its clients' position at mediation, and now, belatedly suggests that the Motion be continued for thirty days to allow other Opt-Out Plaintiffs to join in Plaintiffs Motion;
- Plaintiffs' disregard for the Court's Case Management Order is particularly disturbing in light of the fact that the Edelman Firm is a member of the Opt-Out Executive Committee—a committee created by this Court to ensure that the Opt-Out Plaintiffs coordinate their efforts and streamline this litigation.

## II. ARGUMENT

**A.   Plaintiffs' Motion For Partial Summary Judgment Is Prohibited By This Court's Case Management Order.**

The Case Management Order could not be clearer with respect to motions for summary judgment.  "At any time after plaintiffs file the two consolidated class action complaints, either side or both sides may move for summary judgment on common legal issues.  <u>We expect no more than three sets of opening motions and corresponding responses and replies: one from the collective class plaintiffs, one from the individual plaintiffs, and one from defendants</u>."  (Case Management Order p. 13.)  As detailed in Defendants' Motion to Compel Individual Plaintiffs to Follow This Court's November 7, 2006 Case Management Order, the reasonable restrictions set forth in the Case Management Order are necessary to maintain order within this MDL and effectuate meaningful mediation of these disputes.

Plaintiffs attempt to create ambiguity with respect to the Case Management Order, where there is none, by carving a sentence fragment from the paragraph barring multiple motions for

summary judgment and interpreting the fragment in a fashion that would render the entire paragraph, and indeed the entire Case Management Order, meaningless.

Plaintiffs propose that the phrase "may move for summary judgment on common legal issues" means that the Opt-Out Plaintiffs may bring countless partial motions for summary judgment provided that they have common legal issues with other claims asserted in the MDL. (Plaintiffs' Response to Defendants' Motion to Compel Individual Plaintiffs to Follow Court's November 7, 2006 Case Management Order (the "Response") pp. 2-3.) This argument cannot be reconciled with the remainder of the paragraph. Specifically, how can there be multiple motions for summary judgment when the Court expects "no more than three sets of opening motions and corresponding responses and replies"? Recognizing that the Motion was brought in violation of the Case Management Order, Plaintiffs now propose that the Motion be continued for thirty days to allow other Opt-Out Plaintiffs join in Plaintiffs Motion.

In support of their disregard of the Case Management Order, Plaintiffs note that there are over 600 Opt-Out cases and 1500 Opt-Out Plaintiffs in this MDL. What Plaintiffs fail to grasp is that the sheer volume of cases in the MDL is exactly why this Court entered its Case Management Order in the first place. Limiting the number of summary judgment motions which can be filed and requiring all Opt-Out Plaintiffs to file one consolidated motion ensures that the Court will not have to evaluate the claims of 1500 Opt-Out Plaintiffs through 600 separate dispositive motions. While there is little doubt that the filing of a consolidated motion for summary judgment will require coordination between the Opt-Out Plaintiffs, this is the very reason why the Court appointed the Opt-Out Executive Committee.

3

**B.     If Plaintiffs Believed That It Was Impracticable To Comply With The Case Management Order, They Should Have Sought To Modify The Order—Not Ignore It.**

Because there can be no dispute as to the plain meaning of this Court's Case Management Order, Plaintiffs assert that compliance with this Court's order is impractical. (Response p. 3.) Obviously, Plaintiffs' beliefs regarding what is practical and impractical does not obviate the need to adhere to the Case Management Order. Put simply, if Plaintiffs believed that it was impracticable to comply with the Case Management Order, they should have asked the Court to modify the order prior to filing their Motion, not simply violate it.

**C.     Mediation Is Scheduled To Continue On November 5, 2008.**

To justify its disregard for the Case Management Order, the Edelman Firm claims that mediation is at a standstill. (Response pp. 6-7.) While this assertion may be true with respect to the Edelman Firm's clients, it is certainly not true with respect to the other Opt-Out Plaintiffs. <u>The parties have further mediation scheduled for November 5, 2008 and have recently entered into a stipulation extending pre-trial deadlines to accommodate meaningful mediation.</u>

Plaintiffs' true motivation for bringing the Motion can be found in the Edelman Firm's argument that the Court's consideration of the Motion will better its clients' positions at mediation. (Response p. 8.) While the Edelman Firm cannot be faulted for trying to improve its clients' positions, as a member of the Opt-Out Executive Committee, it should hesitate to sacrifice the orderly structure of this proceeding for its own gain.

In an attempt to excuse their self-interested conduct, the Edelman Firm asserts that the Motion was filed with the "knowledge and consent" of the Opt-Out Executive Committee. (Response p. 2.) While this may be the case, the Edelman Firm makes no assertions with respect to the degree of contact they have had with the other Opt-Out plaintiffs. In fact, the Edelman

4

Firms seems to concede that it had no contact whatsoever with the other Opt-Out Plaintiffs before filing the Motion—as it now seeks to continue the hearing on the Motion in order to allow time the other Opt-Out Plaintiff an opportunity to join in the Motion. As noted in the Response, there are over 1500 individuals who elected not to participate in the borrower and non-borrower class actions. Because the Case Management Order requires <u>one</u> consolidated motion for summary judgment, the Opt-Out Executive Committee owes a duty to the other Opt-Out Plaintiffs to coordinate their efforts before bringing a self-serving motion for summary judgment.

**D.      Discovery Has Not Been Completed.**

On page 1 of the Response, the Edelman Firm incorrectly states that discovery in the above-referenced action is "complete or nearly complete." (Response p. 1.) This is simply not the case.[2] The parties agreed to focus their efforts on mediation and, therefore, limited formal discovery to the exchange of documents and deposition of Defendants' persons most knowledgeable. In furtherance of this agreement, the parties submitted a joint stipulation to this Court continuing the discovery cut-off until March 23, 2009. [Docket No. 2359] Pursuant to this understanding, Defendants have yet to take Plaintiffs' depositions with respect to many of the claims asserted in the various amended complaints. Faced with the sudden and improper Motion, Defendants were forced to immediately propound deposition notices—which were served on August 29, 2008. Even though Defendants noticed two depositions for each day, it seemed unlikely that Defendants would be able to complete the depositions before their Oppositions to the Motion were due. Therefore, Defendants met and conferred with Plaintiffs in an attempt to expedite the necessary depositions. Not only did Plaintiffs refuse to accommodate

---

[2] Further, Plaintiffs argue that summary judgment should be allowed because the case at issue in the motion pre-date the MDL. While the cases my have been originally filed before the inception of the MDL, the complaints in these matter have been amended to allege new facts, assert new legal theories, and seek new remedies.

5

the time constraints created by the improper Motion, on September 9, 2008, Plaintiffs filed a motion for protective order seeking to prevent Defendants from completing the needed depositions.[3]

### E. Plaintiffs Have Proposed That The Motion Be Continued For Thirty Days.

Finally, Plaintiffs propose that, in the event that the Court wishes to adhere to its own Order, the Motion be stayed for thirty days to allow the Opt-Out Plaintiffs who are not parties to the Motion time to evaluate the Motion and elect to join in if they so desire. While Defendants believe that this proposal places the Edelman Firm in an unfair position with respect to the other Opt-Out Plaintiffs at mediation, and represents an abuse of the Edelman Firm's responsibility as a member of the Opt-Out Executive Committee, if the Court is inclined to adopt this proposal and stay this Motion, Defendants propose that any such stay should continue the hearing date beyond the discovery cut-off date to allow Defendants to complete discovery before the Motion is heard. Since discovery cut-off is currently set for March 23, 2009, Defendants propose that the Motion be continued until early May 2009.[4]

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court order the above-referenced Plaintiffs to withdraw their improper Motion or, in the alternative, the hearing on the Motion be postponed until after the close of discovery and coordinated with all other dispositive motions as contemplated by the Case Management Order.

---

[3] Plaintiffs' motion for protective order is scheduled to be heard before the Honorable Morton Denlow on September 22, 2008. [Docket No. 2353.]

[4] In keeping with the Case Management Order, Defendants request that any such motion include all claims for which the Opt-Out Plaintiffs seek summary judgment, as opposed to numerous motions from different Opt-Out Plaintiffs on different issues.

6

DATED: September 18, 2008            Respectfully submitted,

By: <u>/s/ Bernard E. LeSage</u>

*Attorneys for Ameriquest Mortgage Company, Deutsche Bank, and WM Specialty Mortgage*
Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-0700
(213) 896-0400 fax

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 18th day of September 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

BN 2270074v5