**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTIONS:<br><br>*Furgeson v. Ameriquest Mortg. Co. et al.*, 04-cv-7627, *Salazar v. Ameriquest Mortg. Co. et al.*, 06-cv-4162, *Jimenez v. Ameriquest Mortg. Co. et al.*, 57-cv-1009, *Wertepny v. Ameriquest Mortg. Co. et al.*, 05-cv-1402, *Harris v. Ameriquest Mortg. Co. et al.*, 05-cv-4025, and *Pintsak v. Ameriquest Mortg. Co. et al.*, 05-cv-5035 | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S' OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER FILED BY THE EDELMAN FIRM**

**INTRODUCTION**

After sitting for their depositions years ago, Plaintiffs[1] amended their complaints to add numerous material allegations, causes of action, and prayers for relief not contained in their pre-deposition complaints. In so doing, Plaintiffs successfully prevented defendant Ameriquest Mortgage Company ("Ameriquest") and other of the defendants (collectively with Ameriquest, "Defendants") from questioning Plaintiffs on these critical matters during their depositions. Just a few weeks ago, Plaintiffs filed—in violation of this Court's November 7, 2006 Scheduling Order—a joint motion for partial summary judgment, in which they seek a ruling that Ameriquest is liable for rescission. Consequently, Ameriquest, on behalf of Defendants, noticed

---

[1] "Plaintiffs" refers to plaintiffs Marie Ferguson, Sergio and Guadalupe Salazar, Nelson and Melinda Jimenez, Brett and Yvonne Wertepny, and William and Sandra Pintsak.

1

Plaintiffs' depositions in order to question them about the newly alleged matters that were not, and could not have been, the subject of the earlier depositions, as well as on matters pertinent to the Court's consideration of Plaintiffs' motion for partial summary judgment.

Through their Motion for Protective Order ("Motion"), Plaintiffs seek to preclude Defendants from resuming their depositions on these newly raised issues. Plaintiffs, however, have failed to meet their burden of showing "good cause" to warrant the issuance of a protective order.

First, the depositions will not be duplicative, as they will pertain to matters that could not have been the subject of the initial depositions: new allegations, causes of action, and prayers for relief added by Plaintiffs *after* their initial depositions.[2] If Plaintiffs thought it important to amend their pleadings, Defendants must be entitled to examine Plaintiffs on such matters.

Second, the depositions will elicit facts necessary to the consideration of whether Plaintiffs are entitled to rescission, the sole issue in Plaintiffs' motion for partial summary judgment. For instance, courts routinely condition rescission based on a borrower tendering the amount previously advanced by the lender. Plaintiffs' current financial situations, which may have changed since the time of the initial depositions, are critical in this regard.

Third, the *Hamm* decision, which Ameriquest will address in its opposition to the motion for partial summary judgment, is inapposite to the instant Motion. *Hamm* does not hold, as Plaintiffs suggest, that a defendant may not explore new factual allegations (including additions to claims for rescission), new causes of action, and new claims for relief added by a plaintiff after his or her deposition, or explore its affirmative defenses. According to Plaintiffs' "logic,"

---

[2] For example, plaintiff Ms. Furgeson added new parties, 15 paragraphs of allegations (including to her rescission claim), a breach of contract cause of action, and a statutory fraud cause of action, through which she seeks punitive damages.

no depositions would *ever* be necessary, flying in the face of the liberal standards of discovery. Moreover, Plaintiffs have moved for *partial* summary judgment. Thus, win or lose that motion, the remainder of Plaintiffs' claims will remain "in play."

Fourth, that Ameriquest did not seek leave of court to depose Plaintiffs is a red herring. As a matter of law, further depositions should be permitted. As a matter of fact, Plaintiffs merely filed their Motion before Ameriquest could obtain leave.

Fifth, Plaintiffs have failed to produce a scintilla of evidence that taking the further depositions of Plaintiffs will in any way be "oppressive" or cause them "undue burden."

In sum, Defendants seek testimony central to Plaintiffs' claims, in particular their motion for partial summary judgment. Plaintiffs should not be permitted to withhold testimony on these subjects or to benefit from their intentionally incomplete pre-deposition complaints and testimony. The Court should deny Plaintiffs' Motion.

**FACTS**

On November 7, 2006, Judge Aspen issued a Case Management Order which established a clear and fair path for the efficient management of this immensely complex and large Multi-district Litigation. (Docket No. 284.) The Case Management Order expressly states that plaintiffs who elect not to participate in the borrower and non-borrower class action must file one, and only one, consolidated motion for summary judgment. Specifically, in Section VI of the Case Management Order, the Court stated that with respect to motions for summary judgment, "[w]e expect no more than three sets of opening motions and corresponding responses and replies: one from the collective class plaintiffs, <u>one from the individual plaintiffs</u>, and one from defendants . . . <u>We are disinclined to decide any 'test cases' through either summary judgment or trial.</u>" (Case Management Order, Section VI. p. 13, emphasis added.)

BN 2265341v2

Despite the Court's admonition, on August 27, 2008, Plaintiffs filed a motion for partial summary judgment. Plaintiffs' disregard for the Court's order is particularly egregious in that the parties had agreed to limited discovery for the purpose of mediation and to delay the start of formal discovery in these matters until after mediation. Mediation is still ongoing with a further session scheduled for November 5, 2008. Thus, Plaintiffs filed their motion for partial summary judgment with full knowledge that, as a result of the parties' agreement, Ameriquest had not conducted any discovery to oppose the Motion.

Pursuant to the Case Management Order, Ameriquest's Opposition to Plaintiffs' motion for partial summary judgment is due on or before September 29, 2008. Accordingly, Ameriquest was forced to set depositions to begin immediately, and to seek documents. Deposition notices were served on August 29, 2008. Ameriquest sought these depositions as Plaintiffs were seeking rescission through their motion for partial summary judgment, as Plaintiffs' current financial condition is tantamount to the Court's consideration of the motion. Moreover, since their initial depositions, Plaintiffs had made material additions to their complaints, including adding numerous factual allegations, causes of action, and/or prayers for relief.

Thereafter, Ameriquest met and conferred with Plaintiffs to schedule the depositions. When Plaintiffs refused outright to appear for their depositions, Ameriquest realized it would need to seek the Court's leave by motion (as opposed to a stipulation by the parties). Plaintiffs, however, filed the instant Motion on September 9, 2008, beating Ameriquest to the punch.

## ARGUMENT

To obtain a protective order, the moving party bears the burden of showing "good cause" for its issuance. Fed. R. Civ. Proc. 26(c)[3]; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854,

---

[3] Hereinafter, a Federal Rule of Civil Procedure shall be referred to as a "Rule."

858 (7th Cir. 1994). Given the liberal discovery principles of the Federal Rules, the moving party carries a "heavy burden" to show why discovery should be denied or limited. *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir. 1975). The moving party must make a clear showing of a "particular and specific need" for the order. *Id.*; *see also Schaap v. Executive Indus., Inc.*, 130 F.R.D. 384 (N.D. Ill. 1990) ("In light of the broad construction given to discovery requests, defendants have a heavy burden to show why discovery should be denied."); *Great West Life Assur. Co. v. Levithan*, 152 F.R.D. 494, 496 (E.D. Pa. 1994) ("It is the moving party's burden to show a 'particular need' for protection.") Conclusory statements are not sufficient. *See Zenith Electronics Corp. v. Exzec, Inc.*, 1998 WL 9181 (N.D. Ill. 1998).

As to resuming depositions, "[i]t is even more difficult to show grounds for ordering that discovery not be had when it is a deposition that is sought, and most requests of this kind are denied. Since the notice for taking a deposition is not required to specify the subject matter of the examination, the need for protection usually cannot be determined before the examination begins, and the moving party can be adequately protected by making a motion under Rule 30(d) if any need for protection appears during the course of the examination." *Perry v. Kelly-Springfield Tire Co.*, 117 F.R.D. 425, 426 (N.D. Ind. 1987) (concluding that second deposition may reexamine matters not addressed in first deposition); *see also Tramm v. Porter Mem'l Hosp.*, 128 F.R.D. 666, 668-669 (N.D. Ind. 1989) (permitting substituted lawyer to retake depositions on areas not covered in first deposition); *Judicial Watch, Inc. v. United States Dep't of Commerce*, 34 F. Supp. 2d 47, 54 (D.D.C. 1998) (noting that request for second deposition ordinarily should be granted).

A second deposition is particularly appropriate where a plaintiff has filed an amended complaint that contains additional facts and claims after the taking of the initial deposition, *even*

5

*if leave was not first requested. See Christy v. Pennsylvania Turnpike Comm'n*, 160 F.R.D. 51 (D.C. Pa. 1995) (permitting further deposition despite failing to seek leave where plaintiff filed amended complaint, adding parties and allegations, after initial deposition); *see also Aero Technology, Inc. v. Telemetrie Elektronik, GMBH*, 212 F.R.D. 313 (D.C. N.C. 2002) (further deposition permitted on matters not the subject of initial deposition based on newly discovered evidence); *Collins v. International Dairy Queen*, 189 F.R.D. 496, 498 (M.D. Ga. 1999) (allowing further depositions on limited matters). A further deposition also is routinely permitted where the opposing party fails to show the further deposition will result in undue burden or expense. *Hurley v. Jarc Builders, Inc.*, 164 F.R.D. 49, 40 (E.D. Pa. 1995).

Plaintiffs fail in each instance to even suggest, let alone to meet their burden of showing good cause, why this Court should grant the Motion and preclude Defendants from their due process rights.

**A.   Ameriquest Is Entitled to Depose Plaintiffs on Factual Allegations, Causes of Action, and Prayers for Relief Added to Their Pleadings *After* Their Initial Depositions**

Plaintiffs claim that their amended pleadings, filed after their depositions, offer nothing new. If true, there simply was no reason to amend the complaint. However, as the complaints themselves demonstrate, Plaintiffs' claims utterly misstate the facts.

The Motion states that Ms. Furgeson added claims for breach of contract and for statutory fraud. However, Ms. Marie Furgeson also added parties, 15 paragraphs of factual allegations, and a prayer for *punitive damages*.[4] The Motion further claims that the Salazars, Pintaks, and Ms. Harris simply added a breach of contract claim to their respective complaints. To the contrary, the Salazars also added parties, new exhibits related to the loan, and 10 paragraphs of

---

[4] *Compare* Ms. Furgeson's Third Amended Complaint, ¶¶ 6-8, 10, 11, 14-25, 27, incorporated into each cause of action, and ¶ 43a (punitive damages claim), with her Second Amended Complaint.

new factual allegations, including two related to her claim for rescission.[5] The Pintaks added parties and several factual allegations (including to their TILA claim).[6] And Ms. Harris added new parties, numerous factual allegations (including to her rescission claim), and exhibits.[7] The Jiminezes also added parties after the deposition, not addressed by Plaintiffs. Plaintiffs' claim that these changes are not material is utterly disingenuous. And that Plaintiffs found the need to add claims, numerous factual allegations, and exhibits alone renders their claims implausible.

As explained above, courts ordinarily should permit a party to take a further deposition in any case (*see, e.g., Perry, supra,* 117 F.R.D. at 426; *Judicial Watch, Inc., supra,* 34 F. Supp. 2d ay 54), and certainly where a party has amended its pleading after his or her deposition (*Christy, supra,* 160 F.R.D. 51; *Collins, supra,* 189 F.R.D. at 498). Moreover, Plaintiffs will be protected in any event, as each may make, if he or she believes necessary, a motion under Rule 30(d). *See Perry, supra,* 117 F.R.D. at 426. And, the Court may set parameters on the subject matter of the deposition. *Id.* In no event, however, should Defendants' Due Process rights be completely proscribed under these circumstances.

### B. Plaintiffs' Current Financial Conditions Are Material to Whether the Remedy of Rescission is Available, Further Necessitating the Depositions

The Court should deny the Motion to permit Defendants to depose Plaintiffs on their current financial conditions. Through their complaints, and notably in their motion for partial

---

[5] *Compare* the Salazars' Fourth Amended Complaint, ¶¶ 10, 11, 19d (in part), 19e (adding exhibit), 22-27 (adding second exhibit, both of which are expressly referenced in breach of contract cause of action at ¶ 50), incorporated into each cause of action, and ¶¶ 37-38 (adding allegations regarding grounds for rescission), with their Second Amended Complaint.

[6] *Compare* the Pintaks' Second Amended Complaint, ¶¶ 7, 8, 10, 16, incorporated into each cause of action, ¶¶ 25, 26 (adding allegations specific to their TILA claim), and ¶¶ 27-31 (adding breach of contract cause of action), with their Amended Complaint.

[7] *Compare* Ms. Harris's Second Amended Complaint, ¶¶ 6-8, 14-21 (except for first lines in ¶¶ 19, 20; adding two new exhibits at ¶ 16), incorporated into each cause of action, ¶ 24 (adding new purported ground for rescission), and ¶¶ 34-39 (adding breach of contract cause of action), with her Amended Complaint.

7

summary judgment, Plaintiffs seek to rescind their loans. In determining whether to grant rescission, the court will analyze the equities of rescission, such as a borrower's ability to repay the loan principal. *See e.g., Personius v. Homeamerican Credit, Inc.*, 247 F.Supp. 817, 819 (N.D. Ill. 2002); *see also LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976) (holding that district court errs when it fails to condition rescission on obligor's tender of monies advanced) Similarly, rescission is available only for a person's "principal dwelling."[8] And if any Plaintiffs have filed bankruptcy, an examination into whether he or she has standing to assert a cause of action is required. *See. e.g., Rowland v. Novus Financial Corp.,* 949 F. Supp. 1447 (D. Hawaii 1996).

Here, as Plaintiffs depositions were taken in each instance over two and one-half years ago or more, a reexamination of these matters is critical to Plaintiffs' claims, and particularly their motion for partial summary judgment. Plaintiffs erroneously claim that their current financial positions are irrelevant, as their obligation to tender monies advanced by the lender occurs only when the lender's duties are completed. However, in determining whether rescission is available, the Court will consider whether Plaintiffs even *could* satisfy their tender obligations *if* rescission is granted. In other words, before it grants rescission, the Court must ensure that Plaintiffs are able perform their obligations. *See Personius, supra,* 247 F.Supp. at 819. This question can be answered only with evidence, which Plaintiffs have not provided. Defendants have the right to examine these matters through depositions.

---

[8] Plaintiffs cite the *Miller* case for the proposition that determining whether a credit transaction is for the purposes "personal, family or household" purposes is determined at the time of the loan. That case, however, is a Fair Debt Collection Practices Act case and inapposite here.

8

C. **The *Hamm* Decision Is Inapposite to the Court's Consideration of the Motion**

According to Plaintiffs, the only matter at issue in their motion for partial summary judgment is one at law. To the contrary, as described in Section B. above, the financial conditions of the Plaintiffs is critical to the Court's determination of whether rescission is available. The *Hamm* decision does not provide (or even suggest) that a lender it not entitled to discovery of matters relevant to the rescission claim. In fact, according to Plaintiffs' reasoning, a deposition would *never* be necessary for determining the validity of a TILA rescission claim. This, of course, is absurd on its face and in light of the liberal rules of discovery. Furthermore, Plaintiffs' motion for *partial* summary judgment pertains only to rescission. Where Plaintiffs maintain other causes of action, further depositions are necessary, irrespective of *Hamm*.[9]

D. **That Plaintiffs Filed Their Motion Prior to Ameriquest Seeking the Court's Leave to Re-Depose Plaintiffs in No Way Justifies a Protective Order**

The Motion contends that Ameriquest should be precluded from re-deposing Plaintiffs because Ameriquest noticed the depositions before seeking leave of court. Ameriquest had believed a motion for leave to depose Plaintiffs on matters that go to the core of their allegations would be unnecessary, and that a stipulation could be provided. This unfortunately proved not to be the case, as Plaintiffs refused outright to appear for their depositions. Before Ameriquest could seek leave, Plaintiffs filed their Motion. Just because Plaintiffs moved first is not grounds to allow Plaintiffs to withhold material information from Ameriquest in discovery. Moreover, courts ordinarily permit parties to take further depositions, even if leave was not first requested.

---

[9] Plaintiffs also claim that Defendants need no additional discovery, as there purportedly is no defense to Plaintiffs' TILA claim. Fortunately for parties like Defendants, an opponent's proclamation of certain victory holds no sway. Thus, with all due respect to Plaintiffs' claim, Defendants intend to file an opposition to their motion and require discovery in order to address Plaintiffs' newly alleged claims and financial situation.

9

*See Christy, supra,* 160 F.R.D. 51. Indeed, further examination is appropriate where the plaintiff has amended his or her pleadings after the initial deposition.

Here, Ameriquest seeks the limited examination of Plaintiffs regarding factual allegations, causes of action, and/or prayers for relief added to their complaints *after* they were deposed, we well as information regarding Plaintiffs' current financial conditions. Ameriquest is not interested in soliciting testimony on matters addressed in the previous deposition that do not bear on these issues. The *Perry* court recognized that there simply is no "logical reason" that a party would re-depose an opposing party to cover the same material covered at the first deposition. *Perry, supra,* 117 F.R.D. at 426. The same is true in this context. Further, Plaintiffs could, if necessary, make a motion under Rule 30(d) if they believe protection is required. The Court also can set guidelines for the depositions. But in no event should this Court deny Ameriquest its Due Process rights to examine the claims levied against it.[10]

### E.     Plaintiffs Have Made No Showing of Undue Burden or Oppression

Plaintiffs attempt to spice up their Motion with unsubstantiated claims that the depositions will cause Plaintiffs undue burden or oppression. Such bald contentions are insufficient to warrant a protective order. *See Hurley, supra,* 164 F.R.D. at 40 (providing that further deposition also is routinely permitted where the opposing party fails to show undue burden or expense). Even if Plaintiff could offer something more, the Court can limit the breadth of the depositions, but should not prejudice Ameriquest's right to present its defenses. Indeed, if it grants the Motion, the Court encourages similarly situated plaintiffs to file incomplete pleadings, appear for deposition, then amend those pleadings to add facts, causes of action, and

---

[10] Plaintiffs also claim that the document demands attached to the deposition notices are overbroad, offering little in the way of explanation. Rather than grant the Motion, Plaintiffs should be required to object to the document demands as they see fit, as with any other document demand.

expand on theories of recovery, to Defendants' prejudice. The Court should not encourage, or condone, such conduct.

## **CONCLUSION**

For the foregoing reasons, Ameriquest requests that this Court deny Plaintiffs' motion for a protective order in its entirety and permit Defendants to take Plaintiffs further depositions.

DATED: September 18, 2008

Respectfully submitted,

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company*
Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-0700
(213) 896-0400 fax

11

BN 2265341v2

**CERTIFICATE OF SERVICE**

    I, Bernard E. LeSage, hereby certify that on this 18th day of September 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

BN 2265341v2