IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> INDIVIDUAL ACTIONS ) <br> ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br><br> Centralized before Judge <br> Marvin E. Aspen |

### OPT-OUT PLAINTIFFS' MOTION TO CLARIFY
### NOVEMBER 7, 2006 MEMORANDUM OPINION AND ORDER

Plaintiffs in the individual opt-out cases respectfully request that this Court clarify two matters: 1) whether plaintiffs may only file one summary judgment motion on behalf of all plaintiffs and concerning all claims and legal theories; and, 2) whether discovery in all MDL opt-out cases must be completed before dispositive motions may be filed. Plaintiffs also request that the Court hold a status hearing. In support of their motion, plaintiffs state as follows:

### FACTS

1. On November 7, 2006, this Court entered a Memorandum Opinion and Order ("Order") setting forth the procedures for all parties in the MDL to proceed. (Exhibit A, Dkt. No. 284).

2. This Order set forth, among other items, instructions for filing summary judgment motions. (p. 13).

3. Concerning summary judgment, the Order states:

1

> At any time after plaintiffs file the two consolidated class action complaints, either side or both sides may move for summary judgment on common legal issues. We expect no more than three sets of opening motions and corresponding responses and replies: one from the collective class plaintiffs, one from the individual plaintiffs, and one from defendants. The parties shall have 30 days to respond to the opening motions and 14 days to file reply briefs.
>
> We are disinclined to decide any "test cases" through either summary judgment or trial.

Order, p. 13.

## DISCUSSION

4.  Plaintiffs interpret these instructions to mean that all parties may file motions for summary judgment on common legal issues. In other words, parties may move for summary judgment on behalf of cases that present specific common legal issues. Plaintiffs further interpret the Order to mean that filing one summary judgment motion for one specific common legal issue does not foreclose plaintiffs from filing additional motions for summary judgment concerning other distinct legal issues.

5.  In accordance with this interpretation, two groups of plaintiffs represented by different counsel recently filed separate motions for partial summary judgment on two distinct legal issues. Plaintiffs represented by Edelman, Combs, Latturner & Goodwin, LLC filed a motion for partial summary judgment on behalf of plaintiffs with a rescission claim based on the common legal issue of a TILA Disclosure Statement that does not fully state the payment schedule, in violation of *Hamm v. Ameriquest Mortgage Co.*, 506 F.3d 525 (7th Cir. 2007). (Dkt. Nos. 2301-06). Plaintiffs represented by the Consumer Law Group filed a motion for partial summary judgment on this issue of the improper use of a model form (H-8 versus H-9).


(Dkt. Nos. 2332-37). Those plaintiffs have indicated that they are willing to allow any other plaintiffs with those claims to join their motions.

6. Defendants, on the other hand, have indicated in a motion filed (but not noticed for a hearing) in response to those motions that they interpret the Order to mean that plaintiffs may file only one massive motion for summary judgment on behalf of all borrowers concerning all claims and legal theories. (Dkt. Nos. 2337, 2339). Such a motion would cover approximately 1,500 plaintiffs and 600 cases. Defendants also contend that summary judgment motions may not be filed until after discovery is complete in all opt-out cases.

7. Plaintiffs interpret the Order in the manner they do for several reasons: 1) plaintiffs' position is the most practical; 2) plaintiffs' position is the most logical interpretation of the plain language of the Order; and 3) plaintiffs' position best harmonizes the various sections of the Order.

8. Plaintiffs' position accounts for the practical reality of managing an MDL with approximately 600 cases. Requiring all plaintiffs to file one motion for summary judgment would not work. There are too many facts (both contested and uncontested), parties, and legal theories and bases to successfully incorporate everything necessary for summary judgment on all issues into one motion. Such a motion would likely be thousands of pages in length, including the required statement of material facts and memorandum of law.[1] Plus, these 600 cases are being handled by multiple law firms all over the country, making planning and agreement as to form and content nearly impossible. In short, defendants' interpretation is not practically

---

[1] The Statement of Material Facts and supporting documents in the motion for partial summary judgment based on the *Hamm* decision for just ten cases was 613 pages long.

feasible.

9. On the contrary, plaintiffs' position takes into account these realities while also attempting to reduce the stress on the Court and parties that 600 potential motions for summary judgment would create. Plaintiffs understand that filing joint motions for summary judgment on common legal issues and allowing other plaintiffs possessing those legal issues to join the joint motions will reduce unnecessary duplication and workload for all parties, as well as the Court.

10. Plaintiffs also find support for their interpretation in the plain language of the Order. As the Order states in the opening sentence on summary judgment, either side "may move for summary judgment on common legal issues." (p. 13). So when the next sentence in the Order states that the Court "expect[s] no more than three sets of opening motions and briefs," plaintiffs believe the correct interpretation is that the Court expects no more than three sets of briefs on each common legal issue. (Order, p. 13). Defendants' position completely ignores the opening sentence.

11. The Order further states that "plaintiffs are entitled to as independent a prosecution of their cases as is practicable." (p. 10). It goes on to state that the Individual Claimants Steering Committee ("ICSC") "may not interfere with the individual representation of these [opt-out] plaintiffs." (p. 10). Forcing all plaintiffs to join for one all-encompassing motion for summary judgment would effectively delete these provisions of the Order and eradicate plaintiffs' entitlement to independent prosecution of their cases. Thus, plaintiffs' position creates harmony among and eliminates conflicts among the various sections of the Order.

12. Finally, defendants' position is impracticable for an additional reason: it

4

would require that all plaintiffs complete discovery in their respective cases prior to the filing of motions for summary judgment. Given that some cases in the MDL were filed prior to the MDL as far back as 2004 and have undergone extensive discovery while new cases continue to get filed in late-2008, requiring all cases to be on the same litigation schedule is both impracticable and unfair to the plaintiffs who have waited so long for resolutions to their cases. If defendants' position is adopted, the individual opt-out plaintiffs may not have the opportunity in the foreseeable future to resolve their cases so long as new cases continue to be filed.

13. Accordingly, plaintiffs seek further clarification that all discovery for all MDL opt-out cases need not be completed prior to moving for summary judgment in other MDL opt-out cases.

14. Plaintiffs further seek a status hearing so that all parties may present and discuss with the Court the status of mediation and litigation in the opt-out cases. Plaintiffs believe that the MDL is at a crucial juncture and that this Court's input at this time would aid both mediation and litigation.

WHEREFORE, the Individual Claimants Steering Committee, on behalf of the MDL opt-out plaintiffs, respectfully requests that this Court:

    A.    declare that opt-out plaintiffs are entitled to file motions for summary judgment for common legal issues and not merely one massive motion for summary judgment on behalf of all plaintiffs and for all claims;

    B.    declare that the opt-out plaintiffs need not wait for the conclusion of all discovery in all MDL cases before filing motions for summary judgment;

    C.    hold a status hearing; and,

D.  grant any other or further relief the Court deems just.

                        Respectfully Submitted, the Individual Claimants'
                        Steering Committee,

By: s/Daniel S. Blinn
    Daniel S. Blinn
    Consumer Law Group, LLC
    35 Cold Springs Road, Suite 512
    Rocky Hill, CT 06067
    (860) 571-0408
    (860) 571-7457 (FAX)

By: s/Charles Delbaum
    National Consumer Law Center
    7 Winthrop Square, 4th Floor
    Boston, MA 02110
    (617) 542-8010
    (617) 542-8028 (FAX)

By: s/ Tara L. Goodwin
    Tara L. Goodwin
    Edelman, Combs, Latturner & Goodwin, LLC
    120 S. LaSalle St., Ste. 1800
    Chicago, IL 60603
    (312) 739-4200
    (312) 419-0379 (FAX)

## CERTIFICATION

I hereby certify that on this 19th day of September, 2008, a copy of foregoing Opt-Out Plaintiffs' Motion to Clarify was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                              /s/Daniel S. Blinn
                                                              Daniel S. Blinn