IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTIONS:<br><br>*Bailey, et al. v. Ameriquest Mortg. Co. et al.,* 06-cv-1733,<br>*Belval, et al. v. Ameriquest Mortg. Co. et al.,* 06-cv-2469,<br>*Black, et al. v. Ameriquest Mortg. Co. et al.,* 07-cv-129,<br>*Brissett, et al. v. Ameriquest Mortg. Co. et al.,* 07-cv-130,<br>*Damm, et al. v. Ameriquest Mortg. Co. et al.,* 06-cv-4032,<br>*Punch, et al. v. Ameriquest Mortg. Co. et al.,* 06-cv-6753. | |

**DEFENDANT AMERIQUEST MORTGAGE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER FILED BY THE CONSUMER LAW GROUP**

**INTRODUCTION**

Plaintiffs recently filed a Partial Motion for Summary Judgment (the "Partial Summary Judgment Motion") against defendant Ameriquest Mortgage Company ("Ameriquest") in direct violation of this Court's November 7, 2006 Case Management Order (Docket No. 284) ("Case Management Order"). As its opposition to the Partial Summary Judgment Motion is due by September 29, 2008, Ameriquest is forced to complete discovery on the matters raised by Plaintiffs in their motion—and to a similar partial summary judgment motion filed by other opt-out plaintiffs—in the next week.[1]

---

[1] While Ameriquest has filed an objection challenging the propriety of Plaintiffs' Partial Summary Judgment Motion in light of the Case Management Order's directives (Docket No. 2337), until Judge Aspen issues an order on the objection, Ameriquest must proceed under the assumption that its oppositions to Partial Summary Judgment Motions filed by the instant Plaintiffs and separately by other plaintiffs is due on September 29, 2008. The intersection of the issues before this Court and those before

1

Consequently, Ameriquest noticed Plaintiffs' depositions in Chicago, which is within the forum district. Two days before the depositions were to begin, Plaintiffs filed a Motion for Protective Order ("Motion"), asking this Court to use its equitable powers to change the location of the depositions, delay their start for 30 days, and order them to take place over the next four months—well after Ameriquest's opposition to Plaintiffs' Partial Summary Judgment Motion currently is due.

Plaintiffs have failed to meet their burden of showing "good cause" to warrant the issuance of a protective order. Indeed, Plaintiffs have failed to provide a scintilla of evidence that any Plaintiff will suffer "undue burden" by having to travel to Chicago—the venue of the cases that Plaintiffs' filed—to have their depositions taken. On the other hand, by filing their unauthorized Partial Summary Judgment Motion, Plaintiffs have created the need for centralized and expedited discovery.

Indeed, the balance of equities weigh in favor of Ameriquest to hold the depositions in Chicago. Because there are currently over 300 separate defendants and 1500 plaintiffs in this proceeding, establishing Chicago as the central location for depositions will avoid further disputes regarding the location of depositions. Of course, Chicago may not always be the most convenient location for an individual plaintiff or defendant, but its central location does allocate the burden of travel evenly among the litigants.[2]

---

Judge Aspen suggests that coordination between the two Courts with respect to the scheduling of depositions and the briefing on the Partial Summary Judgment Motions may be necessary.

[2] Notably, counsel for the Ameriquest defendants are located in California and thus it cannot be argued that the selection of Chicago as the location for deposition in this matter unfairly benefits the Ameriquest defendants.

2

BN 2274696v1

## **FACTS**

On November 7, 2006, Judge Aspen issued a Case Management Order, which established a clear and fair path for the efficient management of this immensely complex and large Multi-district Litigation. (Docket No. 284.) The Case Management Order expressly states that plaintiffs who elect not to participate in the borrower and non-borrower class action ("Opt-Out Plaintiffs") must file one, and only one, consolidated motion for summary judgment. Specifically, in Section VI of the Case Management Order, this Court stated that with respect to motions for summary judgment, "[w]e expect no more than three sets of opening motions and corresponding responses and replies: one from the collective class plaintiffs, <u>one from the individual plaintiffs</u>, and one from defendants . . . <u>We are disinclined to decide any 'test cases' through either summary judgment or trial.</u>" (Case Management Order, Section VI. p. 13, emphasis added.)

Despite the Court's admonition, on August 27, 2008, Plaintiffs filed their Partial Summary Judgment Motion. Plaintiffs' disregard for the Court's Case Management Order is particularly prejudicial to the Ameriquest defendants in that the parties had agreed to limited discovery for the purpose of mediation and to delay the start of extensive formal discovery until after mediation, assuming mediation did not resolve the disputes. Mediation is still ongoing, with a further session scheduled for November 5, 2008. Therefore, Plaintiffs filed their Partial Summary Judgment Motion with full knowledge that, as a result of the parties' agreement, Ameriquest had not conducted any discovery with which to oppose their motion.

Pursuant to the Case Management Order, Ameriquest's Opposition to Plaintiffs' Partial Summary Judgment Motion is due on or before September 29, 2008. Accordingly, Ameriquest was forced to set depositions to begin immediately, and to seek documents at the same time.

Deposition notices were served on August 29, 2008. Plaintiffs then waited until September 9, 2008—just two days before the depositions were to begin—to file their current Motion, claiming that the selected location of the depositions, Chicago, was inconvenient and burdensome. Significantly, Plaintiffs have also requested that the depositions take place over the course of *four months* and should not start for 30 days to allow Plaintiffs time to respond to Ameriquest's document requests. Of course, if granted, Plaintiffs' request would deny Ameriquest any discovery until *months after* its Opposition is due, violating Ameriquest's due process rights. Plaintiffs' motion for a protective order should be denied in its entirety.

## ARGUMENT

It is well settled that "a party seeking discovery may set the place where the deposition should take place" subject to the Court's power to revise the location. *Philadelphia Indemnity Ins. v. Fed. Ins. Co.*, 215 F. R.D. 492, 495 (E.D. Pa. 2003). To obtain a protective order, the party seeking relief or limitations must show "good cause" for its issuance. Fed. R. Civ. Proc. 26(c). In fact, the party seeking a protective order has a "heavy burden" to show why discovery should be denied or limited. *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir. 1975). Specifically, Plaintiffs are required to show that the current location of the depositions would result in "undue burden or expense" to the deponents. *United States v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D. Cal. 2001). To demonstrate "undue burden," however, Plaintiffs must show more than just expense or difficulty. *Id*. at 628. Some of the relevant factors considered to determine whether the location of a deposition causes an "undue burden" include:

(1) The parties' convenience and relative hardships to attend the designated location;

(2) Cost of transportation and lost work to the deponent;

4

(3) Expense and inconvenience to move voluminous documents;

(4) Whether the parties' counsel is located in the forum district;

(5) Whether significant discovery disputes may arise and judicial economy favors resolution by the forum court or similar concerns; and

(6) Whether the parties claims and parties' relationship are such that appropriate adjustments of the equities favors a deposition site in the forum district. *Willis v. Mullins*, 2006 U.S. Dist. LEXIS 18794 (E.D. Cal. 2006); *citing Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D. N.C. 1988). Conclusory statements are not sufficient. *See Zenith Electronics Corp. v. Exzec, Inc.*, 1998 WL 9181, *7 (N.D. Ill. 1998).

Although Plaintiffs fail to address any of these factors individually, the gravamen of their argument is that it would be unfair and expensive if the deponents had to travel from New York or Connecticut to Chicago, where their cases are pending. Plaintiffs cite the fact that the cases were originally filed in New York and Connecticut to support their argument. But, they fail to provide any evidence of actual hardship to any of the Plaintiffs. There are no affidavits supporting excessive costs or a showing that voluminous documents will have to be shipped. There is not even a mention that a single Plaintiff will be required to miss work. Instead, Plaintiffs rely on the bare representation of counsel that it will be costly and unfair. In so doing, Plaintiffs have entirely failed to carry their burden.

On the other hand, Ameriquest has ample reasons for choosing the forum district to conduct depositions. First among them is the need to conduct discovery quickly and in an orderly manner to be able to oppose Plaintiffs' unauthorized Partial Summary Judgment Motion. Such an undertaking requires that Ameriquest have access to this Court to address any discovery issues that will inevitably arise. Further, Plaintiffs' equitable concerns should be discounted

because it was their choice to violate this Court's order and bring a Motion for Summary Judgment. Having failed to do equity, Plaintiffs should not be able to further benefit by making the, now necessary, expedited discovery even more difficult and expensive for Ameriquest, particularly given Ameriquest's limited financial resources.

Further, the issues of convenience and relative hardships must be considered in the context of multi-district litigation. As this Court is fully aware, the size of this litigation is breathtaking. There are two nationwide putative class actions, approximately 1500 Opt-Out Plaintiffs with individual claims, and more then 300 defendants. While Plaintiffs would like this Court to evaluate the convenience and relative hardships on a case-by-case basis, such a calculation would grind this litigation to a standstill. Designating a central location for all depositions would avoid needless disputes, confusion and delay.[3]

## CONCLUSION

Because Plaintiffs have failed to satisfy their burden of "good cause" through any, let alone competent evidence that any deponent will be unduly burdened by coming to Chicago for his or her deposition, and given that the balance of hardships weighs in Ameriquest's favor,

---

[3] And it bears repeating that other Opt-Out Plaintiffs filed a similar partial summary judgment motion, which will require Ameriquest to expend additional resources to quickly take their depositions in order to prepare an opposition to that motion, further demonstrating the need for a central location for all depositions.

Ameriquest respectfully requests that the Court deny Plaintiffs' motion for a protective order in its entirety and direct the depositions to commence as noticed no later than September 24, 2008.

DATED: September 19, 2008                     Respectfully submitted,

                                                                                                         By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company*
Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-0700
(213) 896-0400 fax

**CERTIFICATE OF SERVICE**

    I, Bernard E. LeSage, hereby certify that on this 19th day of September 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage