EXHIBIT A

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

MARY JO HUDSON,                          :
Superintendent of Insurance              :
Ohio Department of Insurance             :
50 West Town Street, Third Floor         :
Suite 300                                :
Columbus, Ohio  43215,                   :
                                         :   CASE NO. 08CVH 07 10725
            Plaintiff,                   :
                                         :   JUDGE _____
    vs.                                  :
                                         :
GUARANTEE TITILE                         :
AND TRUST COMPANY                        :
5370 West 95th Street                    :
Prairie Village Kansas, 66207            :
                                         :
            Defendant.                   :

---

## AGREED ORDER APPOINTING REHABILITATOR

---

This cause came before this Court on the complaint of Mary Jo Hudson, Superintendent of Insurance of the State of Ohio, pursuant to R.C. 3903.12(A) and (L). Plaintiff appeared by and through the office of the Ohio Attorney General. Defendant Guarantee Title and Trust Company (hereinafter referred to as Defendant or Defendant Guarantee) appeared by and through counsel.

1

After having heard and considered the facts set forth in Plaintiff's complaint, this Court finds that the law and facts are as Plaintiff has alleged in her complaint and that there exists a present and urgent necessity for the immediate entry of this order.

It is also the finding of this Court that Defendant Guarantee has voluntarily and knowingly agreed to waive formal service of the complaint agreeing to accept service through counsel, which has been accomplished. The Court finds that Defendant Guarantee has knowingly and voluntarily waived any and all rights Defendant Guarantee has to file and answer to Plaintiffs complaint, to a formal hearing on the complaint or to otherwise contest the facts as alleged in the complaint and thereby has agreed to allow this matter to proceed immediately to judgement.

This Court further finds that:

1.     Defendant Guarantee is in such condition that its further transaction of business would be financially hazardous to its policyholders, creditors or the public, as described under R.C. 3903.12(A).

2.     Defendant Guarantee, its members, officers, directors, trustees, agents, employees, partners, representatives, parent corporation, holding company and those acting in concert with it should be enjoined and restrained from conducting, operating or engaging in the business of insurance or any other business of Defendant Guarantee under any charter, permit, license, registration, certificate of authority, power or privilege of Defendant Guarantee, and any banks, savings and loan associations, corporations, depositors, employers welfare trusts, unions, agents, or other legal entities should be enjoined and restrained from removing or disposing of any of the assets, books, records, or

2

property of Defendant Guarantee, or of any debt or claim owed to, by or for said Defendant Guarantee, without the express written authorization of the Rehabilitator.

3. Without the appointment of a Rehabilitator, Defendant Guarantee is not in a condition to continue the insurance business and may cause harm to the interests of its policyholders, creditors or the public in general, and that unless restrained, Defendant Guarantee will be forced to operate in a condition contrary to the best interests of Defendant's policyholders, creditors and the general public.

4. Without the appointment of a Rehabilitator, the assets of Defendant Guarantee may become dissipated, causing irreparable and immediate injury of the policyholders, Defendant's creditors and the general public.

5. Defendant Guarantee, has waived both service of process and the holding of a formal hearing to show cause in connection with said appointment.

It is hereby ORDERED, ADJUDGED and DECLARED as follows:

1. Sufficient cause exists for the rehabilitation of Defendant Guarantee.

2. Mary Jo Hudson, Superintendent of Insurance for the State of Ohio, and her successors in office, is appointed Rehabilitator of Defendant Guarantee for the purpose of rehabilitation of Defendant Guarantee pursuant to the provisions of R.C. Chapter 3903.

3. Anne Thomson is hereby appointed as Chief Deputy Rehabilitator with all powers as may be delegated by Rehabilitator Mary Jo Hudson or that are set forth in this order

4. The Rehabilitator shall forthwith take and secure possession of all assets and property of Defendant Guarantee, including, but not limited to, all property, contracts,

3

deposits, securities, rights of action, accounts, safe deposit boxes, books and records of Defendant Guarantee, and claims and underwriting files, wherever located, and administer them under the general supervision of the Court.

5.    The Rehabilitator is vested by operation of law with the title to all property, deposits, securities, contracts, rights of action, books, records and other assets of Defendant Guarantee as of the date of the entry of this Order directing Rehabilitation, and is authorized to deal with same in her own name as Rehabilitator.

6.    As soon as practical after the Entry of this Order, the Rehabilitator shall prepare an inventory of all property of Defendant Guarantee and shall submit an accounting to this Court at such intervals as ordered by this Court.

7.    The Rehabilitator is authorized to take such action as she considers necessary or appropriate to reform and revitalize Defendant Guarantee, including, but not limited to, the following:

(a)    The Rehabilitator shall have all the powers of the trustees, directors, officers, and managers of Defendant Guarantee, whose authorities are hereby suspended, except those powers as are specifically redelegated by the Rehabilitator.

(b)    The Rehabilitator shall have full power to direct and manage to hire and discharge employees subject to any contract rights they may have, and to deal with the property and business of Defendant Guarantee.

(c)    The Rehabilitator shall collect all claims, accounts receivable, agents' balances, reinsurance proceeds and other amounts owing to Defendant

4

Guarantee, and shall bring such actions as are necessary, in her discretion, to collect the same and shall settle and compromise any of such claims, or other amounts owing to Defendant Guarantee whenever she shall deem it advisable to do so, upon such terms and conditions as appear to her to be justifiable. The Rehabilitator shall also have the power to compromise any obligation of Defendant where it appears appropriate or necessary.

(d)     The Rehabilitator may make transfers and sales of any assets or property of Defendant Guarantee, including but not limited to the charter(s) or business license(s) of Defendant Guarantee, enter into contracts, affirm, void, or continue existing contracts, incur and discharge obligations and make expenditures from the income and receipts of the business of Defendant for labor, insurance, equipment, inventory and supplies required, and to do any and every other act necessary to enable him to perform the duties imposed upon her by this Order.

(e)     The Rehabilitator shall take all steps necessary to place all bank accounts, stock certificates, securities, certificates of deposit and other financial instruments of Defendant Guarantee into her own name, except to the extent that, in her discretion, the transfer of these accounts would compromise the ability to pay outstanding debts properly recognized by the Rehabilitator and shall use any accounts of Defendant Guarantee as an operating fund for the business of the rehabilitation of Defendant, and shall keep a true and correct

account of any and all receipts or expenditures which she shall make as Rehabilitator in the course of the operation of said business.

(f)     The Rehabilitator, at her discretion, may retain funds in accounts under the name of Defendant Guarantee for a time sufficient to allow any outstanding checks issued for the processing of claims to be honored by the institutions upon which those checks are drawn.

(g)     The Rehabilitator may, in her discretion, withhold or discontinue the payment of any pending claims against or involving Defendant Guarantee until such time as the Rehabilitator has sufficient time to evaluate the claims and the overall financial condition of the Defendant.

8.     If it appears to the Rehabilitator that there has been criminal or tortious conduct, wrongful sequestration or diversion of Defendant Guarantee's assets or breach of any contractual or fiduciary obligation detrimental to Defendant Guarantee by any officer, manager, agent, director, trustee, broker, employee of Defendant Guarantee or other person, she may pursue all appropriate legal remedies on behalf of Defendant Guarantee.

9.     If the Rehabilitator determines that reorganization, consolidation, conversion, reinsurance, merger or other transformation of Defendant Guarantee is appropriate; she shall prepare a plan to effect such changes. Upon application of the Rehabilitator for approval of the plan, and after such notice and hearings as this Court may prescribe, the Court may either approve or disapprove the plan proposed, or may modify it and approve it as modified. Any plan approved under this section shall be, in the judgment of this Court,

6

fair and equitable to all parties concerned. If the plan is approved, the Rehabilitator shall carry out the plan.

      10.    The Rehabilitator shall have the power and authority under Sections 3903.26 and 3903.27 of the Revised Code to avoid fraudulent or preferential transfers. The Rehabilitator shall review all transactions, agreements, contracts, transfers of property or other actions agreed upon, entered into, made or incurred by Defendant Guarantee within one year immediately prior to the filing of the complaint for rehabilitation. The Rehabilitator is hereby authorized to withhold or suspend any payments on any such transaction, agreement, contract, transfer of property or any other obligation of Defendant Guarantee that may be due or owing for a period of ninety days or until such time as is necessary for the Rehabilitator to properly review such debt or claim. No legal action shall be taken or filed by a creditor or other person for any such amounts due against Defendant on any such transaction, agreement, contract, transfer of property or other action incurred or made within one year of the filing of the complaint for rehabilitation, and no delivery of or furnishing of services required thereby shall be suspended, discounted or terminated by such creditors or other persons during the ninety-day period of time that the Rehabilitator is reviewing such debt or claim, without further order of this Court.

      11.    The Rehabilitator is hereby granted and given all powers and authority under any and all statutes and under the common laws of this state authorizing the appointment of Rehabilitators, and, particularly, is granted and given all powers and authority contained in R.C. Chapter 3903, including, without limitation, those enumerated herein.

12.  All officers, directors, trustees, employees or agents of Defendant Guarantee, or any other person, firm, association, partnership, corporation parent, holding company or other entity in charge of any aspect of Defendant's affairs, including, but not limited to, banks, savings and loan associations, financial or lending institutions, brokers, stock or mutual associations, or any parent, holding company, subsidiary or affiliated corporation or any other representative acting in concert with Defendant, shall cooperate with the Rehabilitator in the performance of her duties. The definition of cooperate shall include, but not be limited to, a duty to do the following:

(a) Rely promptly in writing to any inquiry from the Rehabilitator requesting such a reply; and

(b) Immediately deliver to, and immediately make available to, the Rehabilitator any books, accounts, documents, records, information, computers, tapes, discs, writings, any other recording of information, regardless of form, pertaining to, or the property of, Defendant Guarantee in the entity's possession, custody or control.

(c) Disclose verbally or in writing, the exact whereabouts of such items and information referenced in paragraph (b) above, if not in possession, custody or control of the officers, directors, trustees, employees or agents of Defendant Guarantee, or any other person, firm, association, partnership, corporation or other entity in charge of any aspect of Defendant's affairs.

13.  No member, officer, director, trustee, employee, partner, agent, representative of Defendant Guarantee, or of Defendant's parent corporation, holding

8

company or any other person acting in concert with Defendant Guarantee, shall obstruct or interfere with the Rehabilitation in the conduct of her duties as Rehabilitator, and these persons are hereby restrained, except under the express authorization of the Rehabilitator or by the further order of this Court, from doing, operating and conducting the business of insurance of Defendant Guarantee under any charter, permit, license, power or privilege, belonging to or heretofore issued by or to said Defendant Guarantee, and from in any manner conducting, doing or engaging in the business of insurance; from disposing of, using, transferring, selling, assigning, canceling, hypothecating or concealing in any manner or in any way, any books, records, equipment, money, accounts receivable, stocks (including the stock of Defendant Guarantee), bonds, assets, notes, funds or any property or other assets of Defendant Guarantee, whether real, personal or mixed or of any kind or nature, wherever situated including any claims or cause of action that Defendant Guarantee might have against any person, firm association or corporation, belonging to, owned by, in the possession of, or claimed by Defendant Guarantee; and disposing of any account, debt, deposit, share account, trust account, or any other asset owned, owed to, or held for the benefit of Defendant Guarantee or under any other name.

14.     The failure to cooperate with, or obstruct the actions of, the Rehabilitator may result in a finding of contempt and/or such other remedies as the Court deems appropriate.

15.     All officers, directors, employees, trustees, agents, servants, representatives of Defendant Guarantee and those acting in concert with Defendant Guarantee, shall, by sworn written statement, inform the Rehabilitator of the nature, description and location of all assets or other property of Defendant Guarantee not located on the premises of

Defendant Guarantee, including, but not limited to, all bank accounts, safe deposit boxes, safes, stock certificates, bonds, certificates of deposit, cash, security or any other property, real personal or mixed, and these persons are specifically ordered and enjoined from disposing of, records or reports of Defendant Guarantee, except under the expressed written authorization of the Rehabilitator or by the further order of this Court.

16.     All officers, directors, trustees, managers, employees or agents of Defendant Guarantee, or any other person, firm, association, partnership, parent, holding company, corporation or other entity in charge of any aspect of Defendant's affairs, including, but not limited to, banks, savings and loan associations, trust companies, financial or lending institutions, brokers, stock or mutual associations, any parent corporation, holding company, subsidiary or affiliated corporation, or any other persons, firms, corporations, associations, depositories, employers, unions, welfare trusts, or other legal entities or any other representative acting in concert with Defendant Guarantee, are hereby restrained as follows, except with the written consent of the Rehabilitator:

(a)     From disposing of, using, releasing, transferring, withdrawing, segregating allowing to be withdrawn or concealing in any manner or in any way the property or assets of Defendant Guarantee, of any kind or nature whatsoever, wherever situated, or from disposing of any account, or any other assets owned, owed to or held for the benefit of Defendant Guarantee, or any account, debt, share account, trust account, or other assets owned or held individually, jointly, or severally, for Defendant Guarantee, whether such account, debt, deposit, share account, trust account, or any other assets

10

owned or held for such Defendant Guarantee, or under any other name, except under the express written authorization of the Rehabilitator or by the further order of this Court.

(b)    From doing anything, directly or indirectly, to prevent the Rehabilitator from gaining access to, acquiring, examining or investigating any books, documents or records pertaining to or concerning Defendant Guarantee or its affairs, under whatever name such books, documents or records may be filed or found or wheresoever such books, documents or records may be found or situated.

(c)    From interfering in any way with the lawful acts of the Rehabilitator who has been appointed herein or from disposing of, converting, dissipating, or concealing in any manner or in any way any of the assets, books, property, records, or reports of Defendant Guarantee.

17.    Any action or proceeding pending in any Court in which Defendant Guarantee is a party or is obligated to defend a party, is hereby stayed for a period of ninety days and such additional time as is necessary for the Rehabilitator to obtain proper representation and prepare for further proceedings. The Rehabilitator shall take such action respecting such pending litigation, as she considers necessary in the interests of justice and for the protection of policyholders, creditors and the public. The Rehabilitator shall immediately consider all litigation pending outside this state and shall petition the Courts having jurisdiction over such litigation for stays wherever necessary to protect the estate of Defendant Guarantee.

11

18.     Any action by or against Defendant Guarantee that might have been commenced when the complaint for rehabilitation was filed may be continued for at least ninety days after this order of rehabilitation is entered.

19.     All third persons dealing with interests in real property or other property of Defendant Guarantee are charged with notice of this order as provided in R.C. 3903.13(A).

20.     The Rehabilitator may appoint one or more special deputies, who shall have the powers and responsibilities of the Rehabilitator granted under this order, and may employ such clerks and assistants or security personnel as she considers necessary, such persons serving at the pleasure of the Rehabilitator.

21.     The compensation of the Chief Deputy Rehabilitator, the Deputy Rehabilitators and any other special deputies, clerks, and assistants and all expenses of taking and securing possession of the property and affairs of Defendant Guarantee and of conducting the rehabilitation of Defendant Guarantee shall be fixed by the Rehabilitator, with the approval of this Court and shall be paid out of the funds or assets of Defendant Guarantee. In the event that the property of Defendant Guarantee does not contain sufficient cash or liquid assets to defray the costs incurred, the Superintendent of Insurance may advance the costs so incurred out of any appropriation for the maintenance of the Department of Insurance. Any amounts so advanced for expenses of administration shall be repaid to the Superintendent for the use of the Department out of the first available money of Defendant Guarantee.

JUDGE _____  7/28/08

APROVED

**NANCY H. ROGERS** (0002375)
Attorney General of Ohio

SCOTT MYERS (0040686)
Assistant Attorney General
Health and Human Services Section
30 East Broad Street, 26th Flr.
Columbus, Ohio 43215-3428
(614) 466-8600


DEFENDANT GUARANTEE TITLE AND TRUST COMPANY


BY: _____



THE STATE OF OHIO
Franklin County, ss.

I, JOHN O'GRADY, Clerk
OF THE COURT OF COMMON
PLEAS, WITHIN AND FOR
SAID COUNTY,

HEREBY CERTIFY THAT THE ABOVE AND FORE-
GOING IS TRULY TAKEN AND COPIED FROM THE
ORIGINAL ___ORDER___
NOW ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL OF SAID COUNTY
THIS 29th DAY OF July A.D. 2008

JOHN O'GRADY, Clerk

BY _____ Deputy

13