**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**CLASS PLAINTIFFS' MEMORANDUM OF LAW CONCERNING CLASS
CERTIFICATION OF CLAIMS FOR RESCISION
UNDER THE TRUTH IN LENDING ACT**

On September 29, 2008, the Court ordered the parties to file memoranda concerning the impact of *Andrews v. Chevy Chase Bank*, --- F.3d ----, 2008 WL 4330761 (7th Cir. September 24, 2008) on this proceeding. [Docket No. 2412.] This is Class Plaintiffs' memorandum in response to the Court's order.[1] Although the Seventh Circuit's decision overrules this Court's prior conclusion that the Class Plaintiffs can obtain a declaratory judgment of whether the extended right to rescind under the Truth in Lending Act ("TILA") is available, for the reasons discussed below, that determination has little practical effect on the rights of Plaintiffs or the class in the MDL.

On December 6, 2006, the Class Plaintiffs filed a Consolidated Amended Complaint that consolidates more than 20 class action cases against the Defendants. [Docket No. 325]. Among the Class Plaintiffs' claims is a request for declaratory

---

[1] The parties have agreed to a stay of proceedings to attempt to achieve a mediated resolution of this matter. Although Class Plaintiffs continue to abide by the litigation stay, this memorandum is filed to comply with the Court's directive.

1

judgment concerning the extended right to rescind under the Truth-in Lending Act. Amended Complaint at ¶¶297 to 301; 428.[2]

The Truth-in Lending Act lays out circumstances in which borrowers may rescind their loans for a period of up to three years from the date of the transaction. 15 U.S.C. § 1635(f). 12 C.F.R. § 226.23(d). This court had previously ruled that it can certify a class of borrowers for the purpose of entering a declaratory judgment on whether they may have an option to rescind under the statute. *In re Ameriquest,* 2007 WL 1202544 (N.D.Ill., April 23, 2007) at *3 ("we find nothing in TILA precluding declaratory relief authorizing class members to individually request rescission where they are legally entitled to do so.") *Andrews* overrules this portion of this court's opinion. *Andrews* at *4. *See also McKenna v. First Horizon Home Loan Corp.,* 475 F.3d 418 (1st Cir.2007) (declaratory judgments unavailable to a class of TILA rescission claimants). After *Andrews,* courts in the Seventh Circuit cannot certify a class of borrowers who have not yet rescinded in order to rule on whether the option of rescission is available to those individuals. *Andrews* at *4.

However, *Andrews* has no impact on TILA enforcement claims under 15 U.S.C. § 1640. Because a borrower's decision to rescind is intended to be self-effectuating under 15 U.S.C. § 1635's non-judicial statutory procedures, the statute provides that a lender's

---

[2] Among the grounds for rescission in the amended complaint are Ameriquest's failure to provide borrowers with Notice of Right to Cancel ("NORTC") forms that included the date the rescission period expired as required by 12 C.F.R. §226.23(b)(1)(v); Ameriquest's failure to provide the proper H-9 form of NORTC as required for same lender transactions, in violation of 12 C.F.R. §226.23(b)(2); Ameriquest's provision of "One Week Cancellation" forms, which overshadowed Plaintiffs' statutory rescission rights; Ameriquest's failure to include the word "monthly" in the description of its payment schedules, in violation of 15 U.S.C. §1638(a)(6); Ameriquest's failure to provide clear and conspicuous disclosures; and Ameriquest's failure to provide disclosures at all. [Amended Complaint, ¶240a-f].

2

failure to comply with its obligation to effectuate rescission is actionable pursuant to 15 U.S.C. § 1640(a):

> Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, … is liable to such person in an amount equal to [designated statutory remedies].

*See generally Belini v. Wash. Mut. Bank, FA,* 412 F.3d 17, 25 (1st Cir.2005) (describing the process by which rescission is enforced pursuant to section 1640(a) in the absence of agreement by the parties).

Section 1640(a)(2)(B) plainly provides for class claims under TILA and class Plaintiffs have made such claims here. [Amended Complaint, ¶244]. After *Andrews*, those claims are limited to enforcing actual rescission requests[3] and damages for the Defendants' violations of the Truth in Lending Act including the failure to rescind. *See Hubbard v. Ameriquest Mortg. Co.*, No. 05-CV-389, 2008 WL 4449888, at *4 (N.D. Ill. Sept. 30, 2008) ("TILA's civil liability provisions…state that a creditor who fails to comply with 15 U.S.C. §1635 is liable for (i) "not less than $400 or greater than $4,000" in statutory damages (15 U.S.C. § 1640(a)(2)(A)(iii)) and (ii) "in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under §1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court." (15 U.S.C. § 1640(a)(3))).

---

[3] Approximately 200 absent class members have rescinded their loans without filing individual actions that have been transferred to this Court. Two hundreds class members is sufficient, by itself, to meet the numerosity requirement of Fed. R. Civ. P. 23(a)(1). *Colbert v. Blagojevich*, No. 07 C 4737, 2008 WL 4442597, at *4 (N.D. Ill. Sept. 29, 2008) ("[g]enerally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met" citing, *Swanson v. Am. Consumer Indus., Inc.,* 415 F.2d 1326, 1333 & n. 9 (7th Cir.1969).

Moreover, in this MDL proceeding, hundreds of individual Plaintiffs whose claims have been transferred here raise the same TILA rescission claims in individual cases as the class Plaintiffs sought to raise for the class prior to *Andrews*. The Court's rulings on the viability of those TILA rescission issues will have the same practical effect as a class declaratory judgment in that it will provide notice of whether asserted bases for TILA rescission are viable.[4] Because there are many other claims on which certification is both available and likely, the class Plaintiffs believe that, if this case returns to a litigation track, class notice is ultimately highly likely pursuant to Fed. R. Civ. P. 23(c)(2). Plaintiffs submit that there is ample authority for such notice to include information about rescission rights that then remain extant under the Truth-in-Lending Act.

In the event that the case is not resolved in mediation, class Plaintiffs intend to amend their complaint to conform their claims to *Andrews* and to clarify that they intend to proceed on behalf of a class to enforce their TILA rights under 15 U.S.C. § 1640(a) only. Class Plaintiffs reserve their right to reply to any brief filed by another party on these issues as contemplated by this Court's order.

---

[4] Indeed, binding precedent already makes clear that certain violations that occurred regularly in the Defendants' lending practices form a basis for rescission. *Handy v. Anchor Mortgage*, 464 F.3d 760 (7th Cir. 2006) (conflicting notices of right to cancel violate TILA); *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525, 528-530 (7th Cir. 2007) (failure to include the word "monthly" on payment schedule disclosure violates TILA).

4

                                                      Respectfully submitted,

Dated: October 14, 2008          /s/ Gary Klein

                                        Gary Klein
                                        Elizabeth Ryan
/s/ Kelly M. Dermody         Shennan Kavanagh
                                        RODDY KLEIN & RYAN
Kelly M. Dermody             727 Atlantic Avenue
                                        Boston, MA  021111-2810
LIEFF, CABRASER, HEIMANN   Telephone: (617) 357-5500
 & BERNSTEIN, LLP         Facsimile: (617) 357-5030
Embarcadero Center West     klein@roddykleinryan.com
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008


/s/ Jill Bowman

Terry Smiljanich
Jill Bowman
JAMES, HOYER, NEWCOMBER
 & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174