**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Brenda Bowden, et al. v. Argent Mortgage Company, LLC*; Case No. 1:06-cv-05991 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs BRENDA BOWDEN and DARRON BOWDEN ("Plaintiffs") Second Amended Complaint as follows.

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1.   Plaintiffs Brenda Bowden and Darron Bowden bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of (A) the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and (B) the Illinois Consumer Fraud Act, 815 ILCS 505/2.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Second Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Further answering, Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § § 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

## PARTIES

3. Plaintiffs Brenda Bowden and Darron Bowden own and reside in a home at 3424 West 192nd Street, Homewood, IL 60430.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. Defendant denies any remaining allegations in paragraph 3.

4. Defendant Argent Mortgage Company, L.L.C. ("Argent") is a foreign limited liability company which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Illinois as well as numerous other states. Further answering, Defendant admits that National Registered agents is a registered agent of Argent Mortgage Company, LLC. Defendant denies the remaining allegations of paragraph 4.

5. Defendant Argent is engaged in the business of originating "subprime" mortgages.

**ANSWER:** Defendant admits that it provided residential mortgage loans through August 2007. Defendant denies any remaining allegations of paragraph 5.

6. Defendant Argent made more than 26 loans per year.

**ANSWER:** Defendant admits that for certain periods, it originated more than 26 mortgage loans per year. Defendant denies any remaining allegations of paragraph 6.

7.  Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** Paragraph 7 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 7.

8.  Argent is an affiliate of Ameriquest Mortgage Company.

**ANSWER:** Defendant specifically denies the characterization and use of the term "affiliate." Defendant denies any remaining allegations in paragraph 8.

9.  During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10. Defendant WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Argent Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:** Defendant admits that WM Specialty Mortgage, LLC holds legal title to some mortgage loans originated by Argent Mortgage Company, LLC, including Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

11. Defendant Citi Residential Lending, Inc. is a foreign corporation which does business in Illinois. It is located at 1100 Town & Country Road, Suite 1450, Orange, CA 92868.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. Defendant Citi Residential Lending, Inc. services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** Defendant admits that Citi Residential Lending, Inc. is the current servicer of Plaintiffs' mortgage loan. Paragraph 12 also contains conclusion of law to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13. Defendant 5 Star Financial, Inc., is a domestic corporation which was incorporated and did business in Illinois. It was engaged in the business of a mortgage broker. Its registered agent is Brian M. Bockholdt, 1105 Trailsend Lane, Joliet, IL 60436.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

## FACTS RELATING TO PLAINTIFFS

14. Prior to April 2, 2004, plaintiffs applied for a mortgage with Argent.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16. The loan was closed on April 2, 2004.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

- 4 -

17. Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A.

18. The following are documents relating to the loan:

    a. A note, Exhibit B;

    b. A mortgage, Exhibit C;

    c. Two different settlement statements, Exhibits D-E;

    d. A Truth in Lending statement, Exhibit F;

    e. A "summary of debts and disbursements," Exhibit G;

    f. The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit H;

**ANSWER:** Paragraph 18 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19. The reason for two different settlement statements is that the disbursements and other terms of the transaction were changed after the closing.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20. Attached as Exhibit I is the envelope, postmarked April 8, 2004, in which the second settlement statement was sent to plaintiffs.

**ANSWER:** Paragraph 20 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

21. In approximately December, 2003, Robert Rodriguez, an employee of broker 5 Star Financial, made a promise to plaintiffs to set up an escrow account to pay plaintiffs' property taxes along with their mortgage payments.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22. In approximately late February, 2004, Rodriguez called plaintiffs to say that he could not offer them a real estate tax escrow after all, but he promised that plaintiffs would receive a large check at closing with which to pay their property taxes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23. On April 2, 2004, in the letter attached hereto as Exhibit J, Rodriguez specifically promised payment of $2,352 to plaintiffs.

**ANSWER:** Paragraph 23 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23. Defendant denies any remaining allegations in paragraph 23.

24. Six days after closing, Law Title mailed plaintiffs a second settlement statement with instructions to sign and mail it back. (Exhibits E and I).

**ANSWER:** Paragraph 24 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25. The settlement statement that was given to plaintiffs at closing indicates settlement charges of $6,133.33, whereas the settlement statement mailed to plaintiff later has settlement charges of $6,454.53. (Exhibit D, line 1400; Exhibit E, line 1602).

**ANSWER:** Paragraph 25 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

26. Neither of these match the settlement charges indicated on the Borrower's Acknowledgment of Final Loan Terms, which shows $6,179.53. (Exhibit A).

**ANSWER:** Paragraph 26 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27. Because plaintiffs did not receive the second settlement statement until after the end of the TILA rescission period, they believed there was nothing they could do about the changed settlement figures.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27. Defendant denies any remaining allegations in paragraph 27.

28. Neither settlement statement shows a $2,352 disbursement to plaintiffs.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28. Defendant denies any remaining allegations in paragraph 28.

29. Approximately two weeks after closing, plaintiffs received in the mail a check from 5 Star Financial for only $790 (Exhibit K).

**ANSWER:** Paragraph 29 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29. Defendant denies any remaining allegations in paragraph 29.

30. Neither settlement statement shows a $790 disbursement to plaintiffs.

**ANSWER:** Paragraph 30 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30. Defendant denies any remaining allegations in paragraph 30.

31. Plaintiff Brenda Bowden called 5 Star Financial to demand the rest of the money Rodriguez had promised at closing, but she was never able to reach him, and she never received any explanation from anyone else.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

32. 5 Star received a yield spread premium of $7,100.00 from Argent in exchange for 5 Star increasing the interest rate on plaintiffs' loan. As a result of the payment, the acts of 5 Star are attributable to Argent.

**ANSWER:** Paragraph 32 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 32.

33. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., and later to Citi Residential Lending, Inc.

**ANSWER:** Defendant admits that Citi Residential Lending, Inc. is the current servicer of Plaintiffs' mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33. Defendant denies any remaining allegations in paragraph 33.

34. On information and belief, WM Specialty Mortgage, LLC owns plaintiffs' loan.

**ANSWER:** Defendant admits that WM Specialty Mortgage, LLC holds legal title to Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34. Defendant denies any remaining allegations in paragraph 34.

35. In the event WM Specialty Mortgage, LLC does not own plaintiffs' loan(actual ownership is rarely if ever shown of record), the actual owners are named herein as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35. Defendant denies any remaining allegations in paragraph 35.

## COUNT I - TILA

36. Plaintiffs incorporate paragraphs 1-35. This claim is against Argent, WM Specialty Mortgage, LLC, and Citi Residential Lending, Inc.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 35. Paragraph 36 is a summary description of the claim within Plaintiffs' Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 36.

## RIGHT TO RESCIND

37. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. Section 226.23 provides:

> (a) <u>Consumer's right to rescind</u>.
>
> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the

- 9 -

        consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. § 1635(f)]

    (4)    When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)    <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

    (1)    The retention or acquisition of a security interest in the consumer's principal dwelling.

    (2)    The consumer's right to rescind the transaction.

    (3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

    (4)    The effects of rescission, as described in paragraph (d) of this section.

    (5)    The date the rescission period expires....

(f)    <u>Exempt transactions</u>. The right to rescind does not apply to the following:

    (1)    A residential mortgage transaction [defined in 15 U.S.C. § 1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

    (2)    A credit plan in which a state agency is a creditor.

**ANSWER:**    Paragraph 37 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of Section 226.23 have been accurately quoted in paragraph 37, but specifically denies the characterization of the language as alleged. Defendant refers to Section 226.23 in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 37.

- 10 -

## GROUNDS FOR RESCISSION

38. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, or the required financial disclosures, in violation of 15 U.S.C. § 1637 and 12 C.F.R. § 226.18, for (without limitation) the reasons stated below.

**ANSWER:** Paragraph 38 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 38.

39. Defendants failed to provide two completed notices of right to cancel to each mortgagor as required by TILA. See Exhibit H.

**ANSWER:** Paragraph 39 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39. Defendant denies any remaining allegations in paragraph 39.

40. The documents are dated as if the transaction was consummated on April 2, 2004, after which the terms of the transaction changed.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40. Defendant denies any remaining allegations in paragraph 40.

41. In fact, the loan was never been properly consummated, since plaintiffs still have not received a document showing the $790 disbursement.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41. Defendant denies any remaining allegations in paragraph 41.

42. The documents do not reflect the actual terms of the transaction.

**ANSWER:** Paragraph 42 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant is without knowledge or

BN 2165386v1

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42. Defendant denies any remaining allegations in paragraph 42.

43. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit L</u>.

**ANSWER:** Paragraph 43 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43. Defendant denies any remaining allegations in paragraph 43.

44. The loan has not been rescinded.

**ANSWER:** Defendant admits that Plaintiffs' loan has not been rescind. Defendant denies that Plaintiffs has the right to rescind their loan. Defendant denies the any remaining allegation in paragraph 44.

45. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** Paragraph 45 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 45.

46. 15 U.S.C. § 1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:** Paragraph 46 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been accurately quoted in paragraph 46, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 46.

- 12 -

## COUNT II — ILLINOIS CONSUMER FRAUD ACT

47. Plaintiffs incorporate paragraphs 1-35. This claim is against Argent and 5Star Financial, Inc.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 35. Paragraph 47 is a summary description of the claim within Plaintiffs' Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 47.

48. Defendants engaged in unfair and deceptive acts and practices, in violation of § 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by engaging in "bait and switch" practices, by promising at closing to give plaintiffs $2,352.00 and then sending plaintiffs only $790.00.

**ANSWER:** Paragraph 48 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 48.

49. Argent and 5 Star Financial engaged in such practices in the course of trade and commerce.

**ANSWER:** Paragraph 49 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 49.

50. Argent and 5 Star Financial engaged in such practices for the purpose of inducing reliance on the part of plaintiffs to enter into the disadvantageous transaction.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50. Defendant denies any remaining allegations in paragraph 50.

51. Plaintiffs did, in fact, rely on Argent and 5 Star Financial's promise.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51. Defendant denies any remaining allegations in paragraph 51.

52. Plaintiffs were damaged as a result. They did not receive sufficient money from closing to pay their property taxes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52. Defendant denies any remaining allegations in paragraph 52.

53. Argent and 5 Star Financial's conduct was intentionally deceptive and malicious. Substantial punitive damages are warranted.

**ANSWER:** Paragraph 53 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 53.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15. Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.

**PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Second Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: October 17, 2008                    Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand-twiegand@winston.com
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

**CERTIFICATE OF SERVICE**

I, David E. Dahlquist, hereby certify that on this 17th day of October 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ David E. Dahlquist

BN 2165386v1
CHI:2164721.1