**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Francis E. Corrigan v. Argent Mortgage Company, LLC., et al.*; Case No. C.A. 07-03579 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiff FRANCIS E. CORRIGAN ("Plaintiff") Amended Complaint as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Argent Mortgage Company, LLC (hereinafter Argent) for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23 and it's Massachusetts counterpart, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32. (hereinafter "MCCDA").

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiff's Amended Complaint to which no answer is required. Paragraph 1 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1640 (TILA), and 28 U.S.C. §1331 (general jurisdiction),1332 (diversity jurisdiction) and 1137 (interstate commerce).

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3. Venue in this District is proper under 28 U.S.C. § 139 1(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

**ANSWER:** Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits it did business in this District and numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 3.

## PARTIES AND FACTS

### PLAINTIFF

4. Plaintiff Francis B. Corrigan resides at 22 Gould Street, Walpole, MA 02081.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. On or about May 4, 2004 Plaintiff Corrigan obtained a loan from Argent, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5. Defendant denies any remaining allegations in paragraph 5.

6. In connection with the transaction, Plaintiff Corrigan received or signed the following documents:

       1.      A note in the principal amount of $275,500;

       2.      A mortgage;

       3.      A Truth in Lending statement;

       4.      A notice of right to cancel, attached as <u>Exhibit 1</u> and

       5.      A HUD-1 Settlement Statement.

**ANSWER:** Paragraph 6 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

       7.      On or about September 18, 2006 Plaintiff Corrigan exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as <u>Exhibit 2</u>.

**ANSWER:** Paragraph 7 references a document attached to the Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7. Defendant denies any remaining allegations in paragraph 7.

       8.      Argent has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA. Copy of the letter is attached as <u>Exhibit 3</u>.

**ANSWER:** Paragraph 8 references a document attached to the Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

## DEFENDANTS

9. Defendant Argent is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

**ANSWER:** Defendant admits that its principle office was located in Orange, California until August 2007. Defendant denies any remaining allegations in paragraph 9.

10. Argent enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:** Defendant admits that prior to August 2007 it entered into more than 5 mortgage transactions per year. Paragraph 10 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 10.

11. Argent is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:** Paragraph 11 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 11.

12. Argent is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:** Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 12.

13. Defendant Goldman Sachs Mortgage is a foreign corporation with its headquarters in Irving, TX. Upon information and belief, it is the beneficial legal holder and assignee of the loan originated by Argent Mortgage Company, LLC., relative to Plaintiff Corrigan. It is joined as a necessary party.

**ANSWER:** Defendant admits that Goldman Sachs Mortgage is the legal holder of Plaintiff's mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

## COUNT I - TRUTH IN LENDING ACT

14. Plaintiff incorporates ¶¶ 1-13 as if fully set out herein.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 13.

15. Because the refinance transaction referenced herein was secured by Plaintiffs home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the Right To Cancel provided by 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. §226.23, and the corresponding provisions of the MCCDA. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.
> (15 U.S.C. § 1635(a).)

**ANSWER:** Paragraph 15 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. § 1635(a) have been accurately quoted in paragraph 15, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. § 1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 15.

16. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor deliver to each person entitled to rescind two copies of a document that "<u>clearly and conspicuously disclose</u>" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:** Paragraph 16 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 16, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23(b)(1) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 16.

17. More specifically, the Regulation provides:

> In a transaction subject to rescission, <u>a creditor shall deliver two copies of the notice of the right to rescind</u> to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and <u>shall clearly and conspicuously disclose the following</u>:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (v) <u>The date the rescission period expires</u>. (Emphasis added)

**ANSWER:** Paragraph 17 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 C.F.R. §1226.23(b)(1) have been accurately quoted in paragraph 17, but specifically denies the characterization of the language as alleged. Defendant refers to 15 C.F.R. §1226.23(b)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 17.

## **DEFECTIVE NATURE OF DISCLOSURES**

### **Incomplete Notices**

18. In connection with the transaction, the Defendant Argent delivered to the Plaintiff incomplete copies of the Notice of Right to Cancel.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19. The Notices of Right to Cancel actually delivered to the Plaintiff were materially defective in that they did not state the date of the transaction and the date of the expiration of the rescission period, in violation of 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. §226.23(b)(l)(v)

**ANSWER:** Paragraph 19 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 19.

20. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission. Mass G.L. ch. 140D § 10(g) is identical except for citation.

**ANSWER:** Paragraph 20 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 20.

21. The failure of the Defendants to honor/respond to the notice of rescission is separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**ANSWER:** Paragraph 21 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 21.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiff's Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Amended Complaint.

15. Plaintiff's claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiff's Amended Complaint;

2. Enter judgment for Defendant and against Plaintiff in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: October 17, 2008			Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand-twiegand@winston.com
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

## CERTIFICATE OF SERVICE

I, David E. Dahlquist, hereby certify that on this 17th day of October 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ David E. Dahlquist

CHI:2164724.1