IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation | ) ) ) ) ) ) | MDL No. 1715 Lead Case No. 05-cv-07097 Centralized before the Honorable Marvin E. Aspen |
| AMERIQUEST MORTAGE COMPANY, a Delaware corporation, and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, et al., | ) ) ) ) ) | |
| Third-Party Defendants. | ) | |

## THIRD-PARTY DEFENDANT MORTGAGE INFORMATION SYSTEMS, INC.'S OBJECTION TO LIAISON COUNSEL'S PETITION FOR FEES AND EXPENSES INCURRED PRIOR TO JUNE 4, 2008

Third-Party Defendant Mortgage Information Systems, Inc. (hereinafter "MIS") respectfully requests that this Court deny the Liaison Counsel's petition for fees, or, in the alternative, reduce the amount awarded to Liaison Counsel.

### FACTUAL BACKGROUND

This is a multi-district litigation matter centralized before this Court and relating to the mortgage lending practices of Ameriquest Mortgage Company and Argent Mortgage Company LLC. The background behind Liaison Counsel's petition for fees is relatively straightforward. On August 24, 2007, Ameriquest and Argent filed a consolidated amended third-party complaint that asserted claims against hundreds of parties (the "Third-Party Defendants") who are alleged

to have participated in hundreds of separate financing transactions. The Third-Party Defendants are not a homogenous group. They include title companies, law firms, underwriters, brokers, closing agents, and other professionals from many different states. Some of the Third-Party Defendants are large corporations which were involved in numerous transactions. Other Third-Party Defendants are small entities which were involved only in a small number of transactions. In short, there are a great number of differences among the Third-Party Defendants, and, as this case proceeds, the Third-Party Defendants are likely to have a host of individualized defenses and claims.

The movement towards designation of a liaison counsel for the Third-Party Defendants occurred in stages. On December 10, 2007, this Court first ordered the Third-Party Defendants to coordinate to prepare a consolidated motion to dismiss. On February 11, 2008, this Court authorized the Third-Party Defendants to "develop and propose a structure that suits their needs with respect to committee(s) or sub-committee(s), counsel leadership and specific division of responsibilities." The Court's February 11, 2008 order was narrow in scope and did not require any action beyond organizing the Third-Party Defendants to avoid a multiplicity of filings from hundreds of different parties.

Subsequently, on March 14, 2008, the Third-Party Defendants filed a consolidated motion to dismiss the third-party complaint. Thereafter, on May 5, 2008, counsel for the LandAmerica Parties[1] submitted a "Status Report" and "Motion For Entry Of Order Appointing Liaison Counsel And Participation In Fees And Costs." MIS opposed that motion to the extent it

---

[1] The LandAmerica Parties are LandAmerica Financial Group, Inc., Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Lawyers Title Insurance Corporation, and Transnation Title Insurance Company.

2

asked the Court to require all of the Third-Party Defendants to pay: (1) fees and costs previously incurred by the LandAmerica Parties; and (2) any future fees and costs incurred by the Liaison Counsel.

On June 4, 2008, this Court partially granted the LandAmerica Parties' motion and appointed LandAmerica's counsel (Figari & Davenport, LLP of Dallas, Texas and Arnstein & Lehr, LLP of Chicago, Illinois) as Liaison Counsel. The Court permitted further briefing on the issue of LandAmerica's (now the Liaison Counsel's) petition for fees. On September 8, 2008, the Court entered an order requiring Liaison Counsel to present an evidentiary basis for its claim for pre-June 4, 2008 fees. Thereafter, pursuant to this Court's order (Doc. No. 2347), Liaison Counsel submitted documentation of its fees and expenses incurred prior to June 4, 2008. In total, Liaison Counsel submitted $159,154.00 in fees, and is seeking $110,000.00 of that amount.

## ARGUMENT

### I. Liaison Counsel Is Not Entitled To Recover Fees That Were Incurred Before Its Designation As Liaison Counsel.

The LandAmerica Parties began incurring legal fees in October 2007. However, this Court did not even ask for a consolidated Third-Party Defendant brief until December 10, 2007, did not ask for a Third-Party Defendant structure until February 11, 2008, and did not designate the LandAmerica Parties' counsel as Liaison Counsel until June 4, 2008. *All* of Liaison Counsel's requested fees were incurred prior to June 4, 2008. Of that amount, $16,542.00 in fees were incurred before December 10, 2007, and an additional $62,780.75 in fees were incurred between December 10, 2007 and February 11, 2008. Liaison Counsel is not entitled to any fees generated during the pre-June 4, 2008 time period – much less fees that were incurred before the Court even asked for consolidated briefing or committee structure.

3

To be sure, counsel for the LandAmerica Parties (now Liaison Counsel) spent considerable time during late 2007 and early 2008 in communicating with counsel for other Third-party Defendants. However, *all* of the counsel for the Third-party Defendants (including MIS) spent time communicating and coordinating with counsel for the other Third-party Defendants during that time (and billing their own clients for that work). The mere fact that the LandAmerica Parties' counsel ultimately became the Liaison Counsel several months later (in June 2008) should not retroactively entitle them to recover fees and costs they (like the other counsel in the case) incurred in their capacity as counsel to a private party.

MIS is not aware of any authority that would permit this Court to compel MIS (or the other Third-Party Defendants) to pay the LandAmerica Parties' previously-incurred fees, and MIS objects to any award of such fees. MIS notes that the cases previously cited by Liaison Counsel, *In re Zyprexa Products Liability Litigation*, 467 F. Supp. 2d 256 (E.D.N.Y. 2006), and *In re Linerboard Antitrust Litigation*, 292 F. Supp. 2d 644 (E.D. Pa. 2003), do not support their position. In those cases, the courts *first* ordered the formation of plaintiff steering committees, and *then* subsequently ordered that the members of the committees receive compensation. The courts in those cases did not order any parties to pay fees and costs that had already been incurred by an individual committee member prior to the court-ordered formation of the committee. Moreover, the fees in those cases were taken from a common pool of settlement proceeds. Again, that is a far cry from the situation in this case, where Liaison Counsel is asking for fees after the fact, and is asking for fees that were incurred before Liason Counsel was appointed, and (in some instances) before Third-Party Defendants even knew that the Court wanted a Liaison Counsel.

4

II. **In The Alternative, Liaison Counsel's Fee Petition Is Not Supported By Proper Documentation And Contains Entries For Time Not Reasonably Expended.**

Determination of a fee award is within the Court's discretion. *Webb v. James*, 967 F.Supp. 320, 324 (N.D. Ill. 1997). Courts employ the "lodestar method" for calculating reasonable attorney's fees: multiplying the "number of hours reasonably expended by a reasonable hourly rate." *Hensley v. Eckerhardt*, 461 U.S. 424, 433 (1983). "What constitutes a reasonable hourly rate is determined by prevailing market rates in the relevant community." *Webb*, 967 F.Supp. at 324 (internal quotations omitted). The party requesting a fee award bears the burden of substantiating the rates billed as well as the hours expended. *Id.* Courts will award only those fees for time that is properly documented and reasonably expended. *People Who Care v. Rockford Bd. Of Educ.*, 90 F.3d 1307, 1314 (7th Cir. 1996).

A. **Significant Portions Of Liaison Counsel's Time Was Block Billed, And Thus Not Properly Documented.**

Where the documentation of hours is inadequate or the description of services rendered is vague, a court may reduce or deny the fee award accordingly. *Webb*, 97 F.Supp. at 323. Courts have held that billing multiple tasks in large blocks of time, or "block billing," is inappropriate. *See id.* at 324 (finding that where it was impossible to estimate an appropriate sum to subtract from the block billed time, the entire entry was disallowed); *see also Reyes v. Nations Title Agency of Illinois*, 2001 WL 687451 at * 1 (N.D. Ill. 2001) (subtracting all block billed entries where it was impossible to attribute the appropriate amount of time to the various billed tasks).

Liaison Counsel's petition contains at least 40 entries for block billed time, which are marked on the left side of the chart on the attached Exhibit A with the designation "B."[2] Those

---

[2] MIS designated as "block billed" any entry for 2.25 hours or more that contained three or more tasks.

5

entries total $39,911.50. Some examples of Liaison Counsel's inappropriate block billing include:

| Date | Description | Hours | Fees | Pg. |
|---|---|---|---|---|
| 11/06/07 | KRV: Review various messages from counsel for Third-Party Defendants; review Motion to Stay pending class certification decision; review multitude of emails regarding committees and defenses of Third-Party Defendants; telephone conference with D. Chizewer regarding Motion to Stay pending class certification; | KRV 5.0 | $1400.00 | 1 |
| 12/11/07 | KRV: Review various messages regarding Case Management Motions and forced consolidation of responses; letter to all Third-Party Defendants' counsel; draft Motion to Reconsider orders requiring consolidated answer and imposing effective moratorium on Motions to Dismiss; review additional filings and docket entries; | KRV 4.0 | $1120.00 | 4 |
| 2/6/08 | AL: Ameriquest: Review applicable cases; office conference with J.D. Pilgrim; message to C. Swing regarding suitability for brief; review revisions to brief for Motion to Dismiss; draft and revise counsel list for same; | AL-JLR 3.25 | $1560.00 | 13 |
| 5/02/08 | KRV: Memorandum to various Third-Party Defendants' counsel regarding Order Appointing Liaison Counsel and Participation Agreement; draft and revise Status Report and Motion for Entry of Order Appointing Liaison Counsel and awarding fees; telephone conferences with and various memoranda to Third-Party Defendants' counsel to attempt to prevent further objections; research court authority to award Defendants' Liaison Counsel attorneys' fees; | KRV 8.0 | $2240.00 | 22 |

As set forth in *Webb* and *Reyes*, block billing is inappropriate and grounds for reduction of attorney's fees. Accordingly, this Court should require them to re-submit their fee petition without any block billing. In the alternative, MIS respectfully submits that the Court should subtract all block billed time entries from any fee award to Liaison Counsel.

### B. Portions of Liaison Counsel's Time Were Not Reasonably Expended.

An attorney's hours are subject to the scrutiny of the court and "unreasonable hours should not be compensated." *People Who Care*, 90 F.3d at 1314. Courts should exclude from fee awards any hours that were not "reasonably expended." *Hensley*, 461 U.S. at 433. The party requesting fees "should make a good faith effort to exclude from a fee hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *People Who Care*, 90 F.3d at 1314.

#### 1. The amount of time spent on the motion to dismiss and reply, the case management motions, and the proposed order and participation agreement was excessive and should be reduced.

Liaison Counsel submitted approximately 126 entries for time spent on tasks relating to the Motion to Dismiss and subsequent reply brief, for a total of 214.90 hours and $77,032.00 in fees.[3] Those entries are marked on the right side of the chart in Exhibit A with the designation "MTD." MIS submits that such time was not reasonably expended, and, as a result, the fees incurred are excessive. The motion to dismiss was a fifteen-page document, and the reply was only ten pages long. MIS submits that a fee award of $30,000.00 is more than reasonable for drafting the motion to dismiss and reply. A $30,000.00 fee would, at Mr. Verges' billing rate of $280.00 per hour, still account for approximately 107 hours of work (or, put another way, a partner's full-time attention for 40 hours per week for nearly 3 weeks). Accordingly, this Court should reduce the fee award to Liaison Counsel by $47,032.00 in connection with the motion to dismiss and reply.

---

[3] The total fees incurred in drafting the Motion to Dismiss and subsequent reply may in fact be less than this. However, due to block billed entries, it is impossible to break out the fees attributable solely to the Motion to Dismiss and reply.

7

Liaison Counsel submitted approximately 28 entries for time spent on the Response to Motions Regarding Case Management Issues and Motion to Reconsider. Those entries are marked as "CMI" on the right side of the chart in Exhibit A, and they comprise about 56.5 hours for a total of $15,862.00 in fees.[4] The brief submitted to the Court was straightforward and was approximately fourteen pages long. Accordingly, 56.5 hours is not time reasonably expended, and this Court should reduce the fees awarded to Liaison Counsel by at least 50% (*i.e.* $7,931.00).

Finally, Liaison Counsel submitted approximately 21 entries for time spent on drafting and revising a proposed order designating itself as liaison counsel and drafting and revising a corresponding participation agreement for fees. Those entries are marked as "PO/PA" on the right side of the chart in Exhibit A, and they comprise approximately 61.5 hours for a total of $16,043.00 in fees.[5] That is clearly excessive for the drafting of a proposed order and a corresponding agreement. As such, this Court should reduce the fees awarded to Liaison Counsel. Here again, MIS proposes a 50% reduction (*i.e.* $8,021.50).

### 2. Billing clerical tasks as attorney time is inappropriate and those time entries should be stricken.

Courts have held that it is improper to submit as attorney time hours that should have either been billed by clerical staff, or not at all. *Webb*, 967 F.Supp. at 324. Here, on October 31, 2007, an attorney billed for a four-hour block of time that included time spent preparing an

---

[4] The total fees for the response brief for case management motions and the motion to reconsider may actually be less than the total given above. However, due to Liaison Counsel's block billing, it is impossible to adequately attribute the time spent to specific tasks.

[5] Again, the total fees for drafting the proposed order and participation agreement may be less than the total above. However, due to block billing, it is impossible to adequately attribute time spent to specific tasks.

8

"index of significant pleadings." That is a clerical task, or at most a task to be performed by a paralegal. MIS requests that this Court subtract time spent by attorneys on indexing pleadings from Liaison Counsel's award.

On January 8, 2008, a second-year associate at Figari & Davenport spent 2.5 hours researching how to notice a hearing, drafting and revising a notice of presentment for a motion, and e-filing that notice. That information can be found on the Court's website, and drafting and filing a notice of motion is a simple task. Moreover, it is clear that the associate incorrectly filed said notice, because his time entry for January 9 shows he spent .60 hours revising and re-filing the notice of presentment.

Finally, a partner at Arnstein & Lehr with a billing rate of $480.00 per hour devoted 15 time entries (totaling $11,816.00) to drafting and revising a list of clients and counsel who joined in the Motion to Dismiss. Those entries (as well as the entries referenced in the two preceding paragraphs) are marked with a "C" on Exhibit A. Again, it impossible to determine which portion of those fees is attributable to drafting the list due to block billing. Nonetheless, drafting a client list is a clerical task, and this Court should subtract fees for time spent by counsel in drafting and revising that list.

In sum, MIS respectfully submits that the Court should strike all of the clerical time entries identified above, and reduce Liaison Counsel's fee petition by $13,463.00.

### C. Liaison Counsel's Fees Incurred For Research Relating To Fee Awards Should Be Stricken.

The party requesting a fee award bears the burden of establishing those fees to which it is entitled. *Webb*, 967 F.Supp. at 323. Thus, Liaison Counsel bears the burden here of establishing: (1) that it is entitled to fees; (2) the reasonableness of those fees; and (3) the

9

reasonableness of the hours expended. The Third-Party Defendants should not have to pay for Liaison Counsel's research relating to those topics (*e.g.* Liaison Counsel's education on how to collect from the Third-Party Defendants). Accordingly, the Court should subtract the following entries from the fees awarded to Liaison Counsel:

| Date | Description | Hours | Fees | Pg. |
|---|---|---|---|---|
| 02/26/08 | KRV: Research rules of committees and potential for compensation; | KRV .30 | $84.00 | 15 |
| 02/28/08 | KRV: Draft and revise order regarding liaison counsel structure; research regarding case management orders in context of lead and liaison counsel; research issue regarding fee-sharing in MDL context from Defendant's perspective; | RH 5.9 | $1003.00 | 15 |
| 02/29/08 | RH: Revise proposed Order regarding lead counsel and liaison counsel; research regarding fee structuring for compensation of lead and liaison counsel; | RH 3.3 | 561.00 | 15 |
| 5/28/08 | KRV: Draft and revise Reply Brief on Motion to Appoint Liaison Counsel; memorandum to various Third-Party Defendants' counsel regarding Reply Brief and Order requiring payment of fees; research fee payment to Defendants' liaison counsel; | KRV 3.3 | $924.00 | 25 |
| **TOTAL** | | | **$2572.00** | |

## CONCLUSION

For the reasons set forth above, MIS respectfully requests that the Court deny Liaison Counsel's petition for fees that pre-date June 4, 2008 in its entirety (or, at a minimum to strike pre-December 10, 2007 fees or pre-February 11, 2008 fees).

In the alternative, MIS respectfully requests that the Court reduce Liaison Counsel's petition. Because Liaison Counsel engaged in block billing (in which one entry may include time billed on several matters as to which MIS has objected), the process of reducing fees is complicated. However, MIS asks the Court to proceed as follows.

10

*First*, MIS respectfully submits that the Court should strike all entries that are block billed ($39,911.50); which pertain to clerical matters ($13,463.00), or which relate to the payment of fees ($2,572.00). If those three categories are taken together, and redundancies caused by block billing are eliminated, the net reduction would be $48,478.00.

*Second*, MIS respectfully submits that the Court should reduce Liaison Counsel's fees with respect to the motion to dismiss from $77,032.00 to a reasonable figure (*i.e.* a maximum of $30,000.00). This would result in a stand-alone reduction of $47,032.00. However, if the Court were to grant MIS's objections relating to block billing, clerical work and fees, the additional reduction on this issue (to avoid discounting for fees already stricken) would be $26,104.50.

*Third*, MIS respectfully submits that Liaison Counsel's fees with respect to case management issues and the proposed order and participation agreement should be reduced by half. On a stand-alone basis, this would result in reductions of $7,931.00 and $8,021.00, respectively. However, because virtually all of the time entries on these matters were block-billed, if the Court sustains MIS's objection to block billing, then no further reduction is necessary on this point.

Dated: 10/17/08                                  Respectfully submitted,

                                                 /s/ Emily A. Shupe
                                                 Timothy D. Elliott
                                                 Emily A. Shupe
                                                 RATHJE & WOODWARD, LLC
                                                 300 E. Roosevelt Rd., Suite 300
                                                 Wheaton, IL 60189
                                                 630-668-8500

                                                 Attorneys for Mortgage Information Systems, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: AMERIQUEST MORTGAGE CO.<br>MORTGAGE LENDING PRACTICES<br>LITIGATION | )<br>)<br>)<br>) | MDL No. 1715<br>Lead Case No. 05-CV-7097 |
| AMERIQUEST MORTGAGE CO., a Delaware<br>Corporation, and ARGENT MORTGAGE<br>COMPANY, L.L.C., a Delaware limited liability<br>Company, | )<br>)<br>)<br>)<br>)<br>) | Centralized before the<br>Honorable Marvin E. Aspen |
| Third Party Plaintiffs, | ) | |
| v. | ) | |
| NORTHWEST TITLE AND ESCROW CORP.,<br>a Minnesota Corporation, | )<br>) | |
| Third Party Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Emily A. Shupe, an attorney, certify that I served a true and correct copy of *Mortgage Information Services, Inc.'s Objection To Liaison Counsel's Petition For Fees And Expenses Incurred Prior To June 4, 2008* on October 17, 2008, via electronic transmission, upon all counsel of record.

_____
Emily A. Shupe