IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**CLASS PLAINTIFFS' REPLY MEMORANDUM CONCERNING
CERTIFICATION OF CLAIMS FOR RESCISSION
UNDER THE TRUTH IN LENDING ACT**

On September 29, 2008, the Court ordered the parties to file memoranda concerning the impact of *Andrews v. Chevy Chase Bank*, --- F.3d ----, 2008 WL 4330761 (7th Cir. September 24, 2008) on this MDL. [Docket No. 2412.] On October 15, 2008, the Defendants used the opportunity afforded by this Court's order to file a general diatribe not just concerning the TILA rescission claims in the Class Plaintiffs' existing complaint, but on various court orders and on the potential for class certification on a host of issues as to which *Andrews* is wholly irrelevant. [Docket No. 2458, 2459.] In light of the litigation stay currently applicable to this matter [Docket No. 2387],[1] Defendants'

---

[1] The Defendants and the Class Plaintiffs have stipulated to a further stay in light of a plan for an additional mediation session with Judge Daniel Weinstein [ret.] at JAMS on December 11, 2008.

brief seems to be intended to have an impact on ongoing mediation rather than to obtain near-term relief from the Court.[2]

As Class Plaintiffs noted in their opening memorandum on these issues [Docket No. 2457], if current efforts to mediate fail, the parties contemplate a schedule in which the Class Plaintiffs will shortly thereafter file an amended complaint. Plaintiffs made clear in their opening memorandum that such amendment will revise Plaintiffs' TILA claims to address the holding of *Andrews*. Class Plaintiffs acknowledge that such revision will require, at a minimum, dropping class claims for declaratory judgment concerning whether unnamed class members have a basis for the right to rescind.[3]

---

[2] No relevant motions are before the Court. Indeed, some of the arguments Defendants make appear relevant only to class certification, an issue that will not be before the Court until sometime next year. Although Defendants' argument are meritless, Plaintiffs will not take the bait and respond here.

[3] Contrary to Defendants' position, the *Andrews* court explicitly does not hold that a class of borrowers who have previously exercised their right to rescind could never be certified pursuant to Fed. R. Civ. P. 23(b)(2):

> We note for completeness that the fundamental incompatibility between the rescission remedy under TILA and the class-action device raises serious questions as to whether a TILA rescission class could ever be properly certified under Federal Rule of Civil Procedure 23(b). A Rule 23(b)(2) class may be maintained when "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED.R.CIV.P. 23(b)(2) (emphasis added); *see Jefferson v. Ingersoll Int'l, Inc.*, 195 F.3d 894, 897-98 (7th Cir.1999) (noting Rule 23(b)(2)'s requirement of "final relief"). As we have explained, a declaration of a "rescission class" would only initiate a process of individual rescission actions. Significant individual aspects of the remedy, varying with each consumer's loan transaction, would remain to be worked out before each of the transactions could be unwound. Rather than settling the legal relations at issue, a judicial declaration in this situation would be essentially advisory. *See Gibbons v. Interbank Funding Group*, 208 F.R.D. 278, 285 (N.D.Cal.2002) ( "Without any rescission requests, nor subsequent denials by defendants, it is not at all clear that a justiciable controversy exists between the class and defendants."). The rescission remedy is so inherently personal that a court cannot venture further while addressing the plaintiffs as a class; it can do no more than simply declare that a certain group of

*Andrews* at *1, 4, 6.  If Defendants believe that Class Plaintiffs have not appropriately addressed the *Andrews* issues if and when their amended complaint is filed, Defendants will have a full and fair opportunity to raise their views by way of a motion to dismiss the amended complaint.  For this reason and to allow the ongoing mediated negotiations the fullest possible opportunity to succeed, Class Plaintiffs request that the Court defer any ruling related to the *Andrews* issues until such time as the contemplated amended Complaint and a fully briefed motion to dismiss is before the Court.

                Respectfully submitted,

Dated: October 21, 2008         /s/ Gary Klein

Gary Klein
Elizabeth Ryan
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA  021111-2810
Telephone:  (617) 357-5500
Facsimile:  (617) 357-5030
klein@roddykleinryan.com

/s/ Kelly M. Dermody

Kelly M. Dermody

LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP

---

    plaintiffs have the right to initiate rescission, and that is not a form of "final" declaratory relief under Rule 23(b)(2).

*Andrews* at * 6. While the Court is plainly expressing skepticism about any TILA rescission relief under Rule 23(b)(2), that skepticism is no part of the holding. Nor is it aimed at situations where, as here, TILA rescission has already been initiated by hundreds of consumers.  As these borrowers have already initiated the process to rescind their loans pursuant to 15 U.S.C. § 1635(a) and the Defendants have refused to rescind, all that would remain is the enforcement of the plain language of 15 U.S.C. § 1635(b) and 12 C.F.R. §226.23(d).  These are common questions that the Court can easily manage.
    Furthermore, nothing in the opinion suggests a limitation that would go the Court orders previously entered in this matter, providing for notice to individuals of legal rights mandated by Congress.  Borrowers are free to make their own decisions about whether to proceed individually, by opt out, or to rely on class remedies.  If anything, *Andrews* heightens the need for effective notice on these issues so borrowers fully understand their options.

Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008


/s/ Jill Bowman

Terry Smiljanich
Jill Bowman
JAMES, HOYER, NEWCOMBER
  & SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, FL  33609
Telephone: (813) 286-4100
Facsimile: (813) 286-4174


## CERTIFICATE OF SERVICE

I, Gary Klein, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to the non-registered participants by first class mail, postage prepaid, on October 21, 2008.

/s/ Gary Klein
Gary Klein