IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> ) <br> ) <br> AMERIQUEST MORTGAGE COMPANY, a ) <br> Delaware corporation; and ARGENT ) <br> MORTGAGE COMPANY LLC, a Delaware ) <br> limited liability company, ) <br> ) <br> Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NORTHWEST TITLE AND ESCROW ) <br> CORPORATION, a Minnesota corporation, ) <br> et al., ) <br> ) <br> Third-Party Defendants. ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before the Honorable <br> Marvin E. Aspen |

### THIRD-PARTY DEFENDANTS' RESPONSE
### REGARDING EFFECT OF *ANDREWS v. CHEVY CHASE BANK*

Third-Party Defendants (sometimes also referred to as "TPDs") provide the following response regarding the effect of *Andrews v. Chevy Chase Bank,* 2008 WL 4330761 (7th Cir. Sept. 24, 2008) ("*Andrews*").

On September 29, 2008, the Court ordered parties affected by the 7th Circuit's *Andrews* decision to submit briefs explaining their positions. [Doc. 2412.] On October 15, 2008, the Ameriquest Defendants [Doc. 2458], Argent [Doc. 2459], and Class Action Plaintiffs [Doc. 2457] filed briefs. As set forth below, the *Andrews* decision coupled with (i) the Court's October 14, 2008, Opinion dismissing all but the breach of contract claims, and (ii) the Class Plaintiffs' admission that they have no claims against any

**THIRD-PARTY DEFENDANTS' RESPONSE REGARDING EFFECT OF *ANDREWS* – Page 1**

Third-Party Defendant, establish that no class ever could be certified against any Third-Party Defendant. Accordingly, Third-Party Defendants should be excused from all obligations that relate in any way to the purported class claims, including without limitation: (1) discovery; (2) mediation; (3) class certification and briefing; and (4) trial.

The most recent live pleading filed against Third-Party Defendants in this matter is Defendants' Consolidated Second Amended Third-Party Complaint (the "Third-Party Complaint" Doc. 1657-2)[1]. The Third-Party Complaint contains 9 causes of action, 4 by Ameriquest and 5 by Argent:

1. Breach of Contract By Ameriquest against all TPDs
2. Negligence by Ameriquest against all TPDs
3. Equitable indemnity by Ameriquest against all TPDs
4. Contribution by Ameriquest against all TPDs
5. Breach of contract by Argent against Broker Third-Party Defendants
6. Breach of contract by Argent against Title Third-Party Defendants
7. Negligence by Argent against all TPDs
8. Equitable indemnity by Argent against all TPDs
9. Contribution by Argent against all TPDs

On October 14, 2008, the Court entered its Memorandum Opinion and Order Granting Third-Party Defendants' Motion to Dismiss with respect to claims 2, 3, 4, 7, 8 and 9, leaving only the breach of contract claims (1, 5, and 6) in the case. [Doc. 2455.]

---

[1] Defendants have sought leave to file a Third Amended Third-Party Complaint [Doc. 2086-2], which asserts the same substantive claims; the only change is to the Exhibits A and B that list the Title and Broker Defendants against which the claims are asserted.

**THIRD-PARTY DEFENDANTS' RESPONSE REGARDING EFFECT OF *ANDREWS* – Page 2**

Importantly, this Opinion noted that "Congress singled out creditors to be the liable party for disclosure violations under the Truth in Lending Act" ("TILA"). [*Id.* at 12.] In short, the only conceivable claims against any of the Third-Party Defendants are for breach of contract, the only alleged terms of which were to provide "necessary disclosures, including NORTC forms." [*Id.* at 6.] The Third-Party Complaint describes no other duties allegedly owed by Third-Party Defendants, nor does it indicate that there was any privity in any alleged contract with any Plaintiff, let alone privity with any class of Plaintiffs.

For their part, Class Action Plaintiffs already have admitted judicially that they have no direct claims against any Third-Party Defendant. [Doc. 1049, Motion to Sever.] In particular, the Borrower Class Plaintiffs stated that their claims against Third-Party Defendants "do not have any relation, beyond potential indemnification of the Defendants, to the claims in the Consolidated Amended Class Action Complaint." [*Id.* ¶ 2 at 2.] Borrower Class Plaintiffs went on to concede that Third-Party Defendants have "no liability to Plaintiffs for failing to make the disclosures that the Defendants were obligated to provide" and that "Defendants cannot identify any claim [in the Third-Party Complaint] on which Third-Party Defendants are obligated to Plaintiffs." [*Id.* at ¶¶ 8-9 at 4.] With this background, the October 15 briefs by Defendants and Class Plaintiffs confirm that there can never be any class claims against any Third-Party Defendant.

Third-Party Defendants agree with the analysis of Defendants about the effect of *Andrews* insofar as it makes impossible any class action for rescission or any other relief arising under TILA or the common law. *Andrews* makes clear that all issues related to

**THIRD-PARTY DEFENDANTS' RESPONSE REGARDING EFFECT OF *ANDREWS* – Page 3**

alleged disclosures are unique to each Plaintiff, destroying predominance and superiority under Fed. R. Civ. P 23. Accordingly, even if there were some contractual duty to Defendants that required Third-Party Defendants to provide NORTC or other disclosures to Plaintiffs (which Third-Party Defendants deny), the Defendants' breach of contract claims cannot be certified against Third-Party Defendants. Alleged contracts will differ depending upon, among other things, the parties involved and closing, so that an individual inquiry about the terms and performance under any contract will be required for each transaction at issue.

Class Plaintiffs attempt to salvage possible class claims with an assertion that certification is possible for (1) "enforcing actual rescission requests" and (2) damages for violations of TILA. [Doc. 2457 at 3.] Plaintiffs already have admitted that they have no such claims against Third-Party Defendants. This Court's October 14, 2008, Opinion confirms that Defendants are "singled out" under TILA and that Third-Party Defendants owe no duties directly to Plaintiffs nor any duties of indemnification or contribution to Defendants. Moreover, *Andrews* makes clear that the difference between "enforcing" a rescission request and rescission is purely semantic. The remedy itself is individualized and not suitable for class treatment. Finally, any breach of contract claims are not assertable by Plaintiffs and therefore not certifiable as class claims.

In conclusion, because no class claims can be certified against the Third-Party Defendants, they respectfully submit the Court formally should excuse them from all obligations that relate in any way to the purported class claims, including without limitation: (1) discovery; (2) mediation; (3) class certification briefing; and (4) trial.

**THIRD-PARTY DEFENDANTS' RESPONSE REGARDING EFFECT OF *ANDREWS* – Page 4**

Respectfully submitted,


By:/s/ Keith R. Verges
   Keith R. Verges

Keith R. Verges
Mark T. Davenport
Don Colleluori
Russell W. Hubbard
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone (214) 939-2017
Facsimile (214) 939-2090

John L. Ropiequet
Christopher S. Naveja
Jason B. Hirsh
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Telephone (312) 876-7100
Facsimile (312) 876-0288

*Liaison Counsel and Attorneys for Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Transnation Title Insurance Company, LandAmerica Financial Group, Inc., and Commonwealth Land Title Company*

## CERTIFICATE OF SERVICE

I, Keith R. Verges, hereby certify that on this 21st day of October 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Keith R. Verges
Keith R. Verges