**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: BORROWERS' CONSOLIDATED CLASS ACTION | |

**ARGENT MORTGAGE COMPANY'S JOINDER IN CERTAIN DEFENDANTS'
RESPONSE TO CLASS PLAINTIFFS' MEMORANDUM OF LAW CONCERNING
CLASS CERTIFICATION OF CLAIMS FOR RESCISSION UNDER
THE TRUTH IN LENDING ACT**

Argent Mortgage Company joins in the arguments set forth in certain Defendants' response memorandum concerning the effect of *Andrews, et al. v. Chevy Chase Bank*, filed on October 21, 2008. As certain Defendants suggest, *Andrews* has a very significant impact on this case – it precludes Plaintiffs from continuing to pursue a class proceeding if they are interested in rescission as a potential remedy.

Plaintiffs admit that, after *Andrews*, this Court "cannot certify a class of borrowers who have not yet rescinded in order to rule on whether the option of rescission is available to those individuals." (Pl. Br. at 2). This is undisputed. Plaintiffs' analysis then errs in arguing that *Andrews* does not impact TILA enforcement claims under 15 U.S.C. Section 1640, suggesting that Section 1640 permits Plaintiffs to "enforce[] actual rescission requests" on a classwide basis. (Pl. Br. 3). This interpretation misreads TILA and invites the Court to ignore the *Andrews* holding. Section 1635 provides the right of rescission and it is clear after *Andrews* that classwide relief is unavailable under that section. Section 1640 does not change that reality. Rather, section 1640 provides a right only for *money damages* – up to $500,000 for TILA class claims,

- 1 -

and costs and attorneys' fees incurred in a successful rescission action under Section 1635. 15 U.S.C. § 1640(a)(3). Of course, in order to determine whether costs and attorneys' fees are appropriate under Section 1640, there must be an underlying rescission claim under Section 1635 – an issue that the Seventh Circuit has held must be addressed individually.

While Plaintiffs suggest that "200 absent class members have rescinded their loans," that statement is incorrect (the loans are not rescinded, but rather rescission only has been requested) and suggests a distinction that is legally irrelevant. Regardless of whether a named class plaintiff or an absent putative class member has requested rescission, where the right to rescission is disputed (as here), each individual claim for rescission must be separately adjudicated under *Andrews*. Section 1640 does not provide for a right of rescission, regardless of when the rescission demand occurs.

The bottom line is simple: Plaintiffs may waive any right to seek rescission and pursue classwide relief under Section 1640 for money damages,[1] limited to a total damage award not to exceed $500,000 for the entire class, or they can pursue rescission and economic remedies in individual actions. Each Plaintiff needs to select the option that is best for him or her. If Plaintiffs continue to pursue their TILA claims in the class case, the possibility of rescission should be stricken under *Andrews*.

DATED: October 23, 2008

Respectfully submitted,

By: /s/ Thomas J. Wiegand

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703

---

[1] Plaintiffs have argued that all class members "bring the same TILA rescission claims." (Resp. Br. at 4). Argent strongly disagrees with this position. Indeed, as argued extensively in certain Defendants' initial brief, the alleged misrepresentations or wrongful disclosures varied not only from loan to loan, but also in terms of applicable law and resulting damages. Should Plaintiffs elect to proceed with their class action, Argent will argue these points vigorously during briefing on class certification.

- 3 -

Telephone: (312) 558-5600
Facsimile:  (312) 558-5700
twiegand@winston.com

*Attorneys for Argent Mortgage Company*

- 4 -

## CERTIFICATE OF SERVICE

I, Thomas J. Wiegand, hereby certify that on this 23rd day of October 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Thomas J. Wiegand