IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA PENA, INGRID B. SALES, GERDA LAPORTE, ANTOINETTE GRAHAM, ANTHONY IBARRONDO, JOHN F. DELGADO, DOROTHY M. and JOSEPH J. GAETA, LEO ROSSI, JAMES F. PACHECO, STEVEN M. and KAREN L. DUTRA, MICHAEL D. and SUSAN G. CORREIA, CHARLENE M. and RONALD J. HAWKINS, ERRICK and CAROL JONES, ROBERT A. and SUSAN J. CLEVELAND, CALVIN DUNN JR., and DAVID P. CROCKER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) C.A. 06-06745 |
| vs. | ) ) (Originally CA-06-11507 (MA)) |
| AMERIQUEST MORTGAGE COMPANY, DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., as Trustee of ASSET BACKED FUNDING CORPORATION Mortgage Loan Asset Backed Certificate Series 2005-AQ1, and AMERIQUEST MORTGAGE SECURITIES, INC., Asset Backed Pass Through Certificates, Series 2004-R3, R6, R7, R8, R11, R12 and 2005-R5, R6, R7 Under the Pooling and Servicing Agreement, Without Recourse, AMC MORTGAGE SERVICES, INC., HOUSEHOLD FINANCE, BEAR STERNS MORTGAGE CAP/AMERESCO, WELLS FARGO BANK N.A., as Trustee of PARK PLACE SECURITIES, INC., Asset Backed Series 2004-MCW1, and DOES 1-5, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) (Transferred to Judge Aspen for Pretrial proceedings under MDL #1715, Lead Case #05 C 7097) |
| Defendants. | ) |

## EMC MORTGAGE CORPORATION'S
## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant, EMC Mortgage Corporation, incorrectly named as Bear Sterns Mortgage Cap/Ameresco ("EMC"), by its undersigned attorneys, responds to Plaintiffs' Amended Complaint as follows:

### INTRODUCTION

1.     This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 (hereinafter "Regulation Z"), and its Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32. (hereinafter "MCCDA").

ANSWER:     EMC admits the allegations of this paragraph.

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1640 (TILA), and 28 U.S.C. §§ 1331 (general jurisdiction), 1332 (diversity jurisdiction) and 1337 (interstate commerce).

ANSWER:     EMC admits the allegations of this paragraph.

3.     Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

ANSWER:     EMC admits the allegations of this paragraph as to itself. As to the remaining defendants, EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

### PARTIES AND FACTS

### FACTS RELATING TO PLAINTIFF MARIA PENA

4.     Plaintiff Maria Pena resides at 12 Kenwood Terrace, Lynn, MA 01902.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5.     On or about March 22, 2005 Plaintiff Maria Pena obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

6.     In connection with the transaction, Plaintiff Maria Pena received or signed the following documents:

1.     A note in the principal amount of $200,600;
2.     A mortgage;
3.     A Truth in Lending statement;
4.     A notice of right to cancel, attached as Exhibit 1;
5.     A One Week Cancellation Period form, attached as Exhibit 2; and
6.     A HUD-1 Settlement Statement.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

7.     On or about July 31, 2006, Plaintiff Maria Pena exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 3.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

8.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

### FACTS RELATING TO PLAINTIFF INGRID B. SALES

9.     Plaintiff Ingrid B. Sales resides at 366 North Street, New Bedford, MA 02740.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

3

10.     On or about April 14, 2004 Plaintiff Ingrid B. Sales obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

11.     In connection with the transaction, Plaintiff Ingrid B. Sales received or signed the following documents:

1.     A note in the principal amount of $93,000;
2.     A mortgage;
3.     A Truth in Lending statement;
4.     A notice of right to cancel, attached as Exhibit 4;
5.     A One Week Cancellation Period form, attached as Exhibit 5; and
6.     A HUD-1 Settlement Statement.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

12.     On or about July 31, 2006 Plaintiff Ingrid B. Sales exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 6.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

13.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

## FACTS RELATING TO PLAINTIFF GERDA LAPORTE

14.     Plaintiff Gerda Laporte resides at 157 Pine Street, Attleboro, MA 02703.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

4

15.    On or about May 10, 2005 Plaintiff Gerda Laporte obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

16.    In connection with the transaction, Plaintiff Gerda Laporte received or signed the following documents:

        1.    A note in the principal amount of $219,707;
        2.    A mortgage;
        3.    A Truth in Lending statement;
        4.    A notice of right to cancel, attached as Exhibit 7;
        5.    A One Week Cancellation Period form, attached as Exhibit 8; and
        6.    A HUD-1 Settlement Statement.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

17.    On or about July 3, 2006 Plaintiff Gerda Laporte exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 9.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

18.    Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

### FACTS RELATING TO PLAINTIFF ANTOINETTE GRAHAM

19.    Plaintiff Antoinette Graham resides at 1078 American Legion Highway, Westport, MA 02790.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

20.     On or about September 30, 2004 Plaintiff Antoinette Graham obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

21.     In connection with the transaction, Plaintiff Antoinette Graham received or signed the following documents:

        1.     A note in the principal amount of $358,000;
        2.     A mortgage;
        3.     A Truth in Lending statement;
        4.     A notice of right to cancel, attached as Exhibit 10;
        5.     A One Week Cancellation Period form, attached as Exhibit 11; and
        6.     A HUD-1 Settlement Statement.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

22.     On or about June 26, 2006 Plaintiff Antoinette Graham exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 12.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

23.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

### FACTS RELATING TO PLAINTIFF ANTHONY IBARRONDO

24.     Plaintiff Anthony Ibarrondo resides at 4 Joe Vieira Rd., Vineyard Have, MA 02568.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

25.     On or about June 4, 2004 Plaintiff Anthony Ibarrondo obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

26.     In connection with the transaction, Plaintiff Anthony Ibarrondo received or signed the following documents:

        1.     A note in the principal amount of $503,000;
        2.     A mortgage;
        3.     A Truth in Lending statement;
        4.     A notice of right to cancel, attached as Exhibit 13;
        5.     A One Week Cancellation Period form, attached as Exhibit 14; and
        6.     A HUD-1 Settlement Statement.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

27.     On or about August 8, 2006 Plaintiff Anthony Ibarrondo exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 15.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

28.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

### FACTS RELATING TO PLAINTIFF JOHN F. DELGADO

29.     Plaintiff John F. Delgado resides at 296 Bayles Street, Dighton, MA 02764.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

30.    On or about February 19, 2005 Plaintiff John F. Delgado obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

31.    In connection with the transaction, Plaintiff John F. Delgado received or signed the following documents:

1.    A note in the principal amount of $264,000;
2.    A mortgage;
3.    A Truth in Lending statement;
4.    A notice of right to cancel, attached as Exhibit 16;
5.    A One Week Cancellation Period form, attached as Exhibit 17; and
6.    A HUD-1 Settlement Statement.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

32.    On or about August 15, 2006 Plaintiff John F. Delgado exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 18.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

33.    Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

FACTS RELATING TO PLAINTIFFS DOROTHY M. AND JOSEPH J. GAETA

34.    Plaintiffs Dorothy M. Gaeta and Joseph J. Gaeta reside at 84 Beachview Rd., Boston, MA 02128.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

8

35.    On or about November 23, 2004 Plaintiffs Gaeta obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

36.    In connection with the transaction, Plaintiffs Gaeta received or signed the following documents:

1.    A note in the principal amount of $394,000;
2.    A mortgage;
3.    A Truth in Lending statement;
4.    A notice of right to cancel, attached as Exhibit 19;
5.    A One Week Cancellation Period form, attached as Exhibit 20; and
6.    A HUD-1 Settlement Statement.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

37.    On or about July 17, 2006 Plaintiffs Gaeta exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 21.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

38.    Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

## FACTS RELATING TO PLAINTIFF LEO ROSSI

39.    Plaintiff Leo Rossi resides at 10 Clark Circle, Randolph, MA 02368.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

9

40.     On or about February 6, 2004 Plaintiff Leo Rossi obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

41.     In connection with the transaction, Plaintiff Leo Rossi received or signed the following documents:

> 1.     A note in the principal amount of $148,600;
> 2.     A mortgage;
> 3.     A Truth in Lending statement;
> 4.     A notice of right to cancel, attached as Exhibit 22;
> 5.     A One Week Cancellation Period form, attached as Exhibit 23; and
> 6.     A HUD-1 Settlement Statement.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

42.     On or about July 5, 2006 Plaintiff Leo Rossi exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 24.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

43.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

FACTS RELATING TO PLAINTIFF JAMES F. PACHECO

44.     Plaintiff James F. Pacheco resides at 142 Aquidneck St., New Bedford, MA 02744.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

45.     On or about June 9, 2006 Plaintiff James F. Pacheco obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

46.     In connection with the transaction, Plaintiff James F. Pacheco received or signed the following documents:

1.     A note in the principal amount of $243,177;
2.     A mortgage;
3.     A Truth in Lending statement;
4.     A notice of right to cancel, attached as Exhibit 25;
5.     A One Week Cancellation Period form, attached as Exhibit 26; and
6.     A HUD-1 Settlement Statement.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

47.     On or about August 1, 2006 Plaintiff James F. Pacheco exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 27.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

48.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

FACTS RELATING TO PLAINTIFFS STEVEN M. AND KAREN L. DUTRA

49.     Plaintiffs Steven M. Dutra and Karen L. Dutra reside at 142 Caswell St., East Tauton, MA 02718.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

11

50. On or about April 14, 2005 Plaintiffs Dutra obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

51. In connection with the transaction, Plaintiffs Dutra received or signed the following documents:

1. A note in the principal amount of $130,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 28;
5. A One Week Cancellation Period form, attached as Exhibit 29; and
6. A HUD-1 Settlement Statement.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

52. On or about July 3, 2006 Plaintiffs Dutra exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 30.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

53. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

FACTS RELATING TO PLAINTIFFS MICHAEL D. AND SUSAN G. CORREIA

54. Plaintiffs Michael D. Correia and Susan G. Correia reside at 271 Bolton Street, New Bedford, MA 02740.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

12

55.     On or about May 21, 2004 Plaintiffs Correia obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation.  All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

56.     In connection with the transaction, Plaintiffs Correia received or signed the following documents:

1.     A note in the principal amount of $137,000;
2.     A mortgage;
3.     A Truth in Lending statement;
4.     A notice of right to cancel, attached as Exhibit 31;
5.     A One Week Cancellation Period form, attached as Exhibit 32; and
6.     A HUD-1 Settlement Statement.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

57.     On or about August 8, 2006 Plaintiffs Correia exercised their extended right to rescind the loan for violations of TILA.  A notice of rescission was sent to Ameriquest.  A copy of the notice is attached as Exhibit 33.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

58.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

FACTS RELATING TO PLAINTIFFS CHARLENE M. AND RONALD J. HAWKINS

59.     Plaintiffs Charlen M. Hawkins and Ronald J. Hawkins reside at 12 McKay Street, Attleboro, MA 02703.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

60.     On or about May 23, 2005 Plaintiffs Hawkins obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

61.     In connection with the transaction, Plaintiffs Hawkins received or signed the following documents:

   1.     A note in the principal amount of $270,000;
   2.     A mortgage;
   3.     A Truth in Lending statement;
   4.     A notice of right to cancel, attached as Exhibit 34;
   5.     A One Week Cancellation Period form, attached as Exhibit 35; and
   6.     A HUD-1 Settlement Statement.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

62.     On or about July 3, 2006 Plaintiffs Hawkins exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 36.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

63.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

### FACTS RELATING TO PLAINTIFFS ERRICK and CAROL JONES (aka CAROL SIECZKOSKI)

64.     Plaintiffs Errick Jones and Carol Jones (aka Carol Sieczkoski) reside at 34 Wilann Road, Mashpee, MA 02649.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

65.     On or about October 29, 2004 Plaintiffs Jones obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

66.     In connection with the transaction, Plaintiffs Jones received or signed the following documents:

        1.     A note in the principal amount of $267,750;
        2.     A mortgage;
        3.     A Truth in Lending statement;
        4.     A notice of right to cancel, attached as Exhibit 37;
        5.     A One Week Cancellation Period form, attached as Exhibit 38; and
        6.     A HUD-1 Settlement Statement.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

67.     On or about August 8, 2006 Plaintiffs Jones exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 39.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

68.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiffs received accurate disclosures under the TILA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

FACTS RELATING TO PLAINTIFFS ROBERT A. and SUSAN J. CLEVELAND

69.     Plaintiffs Robert A. Cleveland and Susan J. Cleveland reside at 40 Cherry Street, Ashland, MA 01721.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

15

70. On or about February 14, 2006 Plaintiffs Cleveland obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

71. In connection with the transaction, Plaintiffs Cleveland received or signed the following documents:

      1. A note in the principal amount of $296,000;
      2. A mortgage;
      3. A Truth in Lending statement;
      4. A notice of right to cancel, attached as Exhibit 40;
      5. A One Week Cancellation Period form, attached as Exhibit 41; and
      6. A HUD-1 Settlement Statement.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

72. On or about July 3, 2006 Plaintiffs Cleveland exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 42.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

73. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiffs received accurate disclosures under the TILA.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

### FACTS RELATING TO PLAINTIFF CALVIN DUNN JR.

74. Plaintiff Calvin Dunn Jr. resides at 21 Hamilton Way, Holbrook, MA 02343.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

75.     On or about January 31, 2004 Plaintiff Calvin Dunn Jr. obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

76.     In connection with the transaction, Plaintiff Calvin Dunn Jr. received or signed the following documents:

1.      A note in the principal amount of $346,500;
2.      A mortgage;
3.      A Truth in Lending statement;
4.      A notice of right to cancel, attached as Exhibit 43;
5.      A One Week Cancellation Period form, attached as Exhibit 44; and
6.      A HUD-1 Settlement Statement.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

77.     On or about July 5, 2006 Plaintiff Calvin Dunn Jr. exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 45.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

78.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

### FACTS RELATING TO PLAINTIFF DAVID P. CROCKER

79.     Plaintiff David P. Crocker resides at 59 Arcadia St., Revere, MA 02151.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

80.     On or about June 23, 2004 Plaintiff David P. Crocker obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

81.     In connection with the transaction, Plaintiff David P. Crocker received or signed the following documents:

        1.     A note in the principal amount of $480,250;
        2.     A mortgage;
        3.     A Truth in Lending statement;
        4.     A notice of right to cancel, attached as Exhibit 46;
        5.     A One Week Cancellation Period form, attached as Exhibit 47; and
        6.     A HUD-1 Settlement Statement.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

82.     On or about August 8, 2006 Plaintiff David P. Crocker exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A copy of the notice is attached as Exhibit 48.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

83.     Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

## DEFENDANTS

84.     Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

85.     Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

86.    Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

87.    Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

88.    Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Massachusetts. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 303 Congress Street, 2nd Floor, Boston, MA 02110.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

89.    Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

90.    Defendant Deutsche Bank, is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief, it holds legal title to some of Plaintiffs' loans as trustee.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

91.    Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Massachusetts. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including some of Plaintiffs'. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

ANSWER:    EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

19

92. Defendant Park Place Securities, Inc., is a foreign corporation which does business in Massachusetts. Its registered agent and office are CT Corporation System, 101 Federal St., Boston, MA 02110. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, relative to the following Plaintiff: Anthony Ibrarrondo. It is joined as a necessary party.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

93. Defendant Household Finance is a foreign corporation which does business in Massachusetts. Its registered agent and office are CT Corporation System, 101 Federal Street, Boston, MA 02110. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, relative to Plaintiffs Dorothy M. and Joseph J. Gaeta, and Plaintiff Leo Rossi.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

94. Defendant Bear Stearns Mortgage Cap/Ameresco is a foreign corporation which does business in Massachusetts. Its registered agent and office are CT Corporation System, 101 Federal Street, Boston, MA 02110. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, relative to Plaintiff Maria Pena.

ANSWER: EMC denies the allegations in this paragraph.

95. Defendant Wells Fargo Bank N.A., is a foreign corporation whose Legal Department is located at 1 Home Campus, MAC X2401-067, Des Moines, IA 50328. On information and belief, it holds legal title to plaintiffs Anthony Ibarrondo's loan, as trustee.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

### COUNT I – TRUTH IN LENDING ACT AND/OR MCCDA

96. Plaintiffs incorporate ¶¶ 1-83 as if fully set out herein.

ANSWER: EMC incorporates its responses to paragraphs 1-83 as if fully set out herein.

97. Because all of the refinance transactions referenced herein were secured by Plaintiffs' homes, and were not entered into for purposes of the initial acquisition or construction

20

of that home, they were subject to the right to cancel provided under the MCCDA and or 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

98.     The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were materially confusing and therefore, defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

99.     By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give each of the Plaintiffs clear and conspicuous notice of their right to cancel, in violation of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 and the corresponding provisions of the MCCDA. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

100.     In the alternative, the Plaintiffs allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.     The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23 and the corresponding provisions of the MCCDA.

ANSWER:     EMC lacks knowledge or information sufficient to form a belief about the

truth of the allegations contained in this paragraph.

101.     15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.  Mass G.L. ch. 140D § 10(g) is identical except for citation.

21

ANSWER:    EMC admits that the first sentence of this paragraph paraphrases 15 U.S.C. § 1635(g), but denies that it contains a complete quotation and denies this sentence to the extent that it is inconsistent with 15 U.S.C. § 1635(g).  EMC denies the second sentence of this paragraph to the extent that it is inconsistent with Mass G.L. ch. 140D § 10(g).

102.    The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640(a) entitling the Plaintiffs to an award of statutory damages.

ANSWER:    EMC denies that it failed to honor/respond to any notice of rescission, denies that it violated 15 U.S.C. § 1640(a), and denies that Plaintiff is entitled to any statutory damages from EMC.

EMC MORTGAGE CORPORATION'S
AFFIRMATIVE DEFENSES

EMC Mortgage Corporation, incorrectly named as Bear Sterns Mortgage Cap/Ameresco, ("EMC") states as follows for its affirmative defenses:

1.    Plaintiffs' claims are barred by the applicable statutes of limitation.

2.    EMC reserves the right to assert additional affirmative defenses disclosed during discovery.

WHEREFORE, Defendant, EMC Mortgage Corporation, wrongly named as Bear Sterns Mortgage Cap/Ameresco, respectfully requests that the Court enter an order dismissing

Plaintiff's Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

Date:  November 4, 2008                     EMC Mortgage Corporation, incorrectly named
                                            as Bear Sterns Mortgage Cap/Ameresco


                                            By:    /s/ Robert J. Emanuel
                                                       One of its attorneys


Robert J. Emanuel
Michael G. Salemi
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone:    (312) 840-7000
Facsimile:    (312) 840-7900

## CERTIFICATE OF SERVICE

The undersigned, an attorney, on oath, deposes and states that on this 4th day of November, 2008, a true and correct copy of the foregoing Answer and Affirmative Defenses to Amended Complaint was filed electronically. Notice of this filing will be sent to the following party via the Court's electronic filing system:

Christopher M. Lefebvre
Claude and Christopher Lefebvre, P.C.
Two Dexter Street
P.O. Box 479
Pawtucket, Rhode Island 02862
Telephone:     (401) 728-6060
Facsimile:     (401) 728-6534
Email: court@lefebvrelaw.com

*Attorneys for Plaintiffs*

Bernard E. LeSage
Buchalter Nemer
1000 Wilshire Boulevard
Suite 1500
Los Angeles, California 90017
Telephone:     (213) 891-7000
Email: blesage@buchalter.com

*Attorneys for Defendants Wells Fargo Bank and HSBC Mortgage Services, Inc.*

Notice of this filing will be delivered to the following party via First Class U.S. Mail, postage prepaid.

Steven E. Snow
Partridge Snow & Hahn LLP
180 South Main Street
Providence, Rhode Island 02903
Telephone:     (401) 861-8200

*Attorneys for Defendant Ameriquest Mortgage Company*

_____/s/ Robert J. Emanuel_____
Robert J. Emanuel

474775.1