IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA G. HOLLAND, | ) Case No. 07-02769 |
| Plaintiff, | ) (Originally CA-06-10558 (MA)) |
| vs. | ) |
| AMERIQUEST MORTGAGE COMPANY, AMC MORTGAGE SERVICES, INC., AMERIQUEST MORTGAGE SECURITIES, INC., TOWN & COUNTRY CREDIT, BEAR STERNS MORTGAGE CAP/AMRESCO, and DOES 1-5, | ) (Transferred to Judge Aspen for Pretrial proceedings under MDL #1715, Lead Case #05 C 07097) |
| Defendants. | ) |

EMC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, EMC Mortgage Corporation, wrongly named as Bear Sterns Mortgage Cap/Amresco ("EMC"), by its undersigned attorneys, responds to Plaintiff's Amended Complaint as follows:

INTRODUCTION

1.   This action seeks redress against Town and Credit Corp. and Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 (hereinafter "Regulation Z"), and its Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch 140D and 209 C.M.R part 32 (hereinafter "MCCDA").

ANSWER:   EMC admits the allegations of this paragraph.

JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction), 1332 (diversity jurisdiction) and 1337 (interstate commerce).

ANSWER:   EMC admits the allegations of this paragraph.

3. Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c) because Defendants do business in this District. Defendants are therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

ANSWER: EMC admits the allegations of this paragraph as to itself. As to the remaining defendants, EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

## PLAINTIFF

4. Plaintiff Barbara G. Holland resides at 67 Prospect Street, Ashland, MA 01721.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5. On or about August 25, 2004 Plaintiff Holland obtained a loan from Town and Country, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6. In connection with the transaction, Plaintiff Holland received or signed the following documents:

  1. A note in the principal amount of $373,000;
  2. A mortgage;
  3. A Truth in Lending statement;
  4. A notice of right to cancel, attached as <u>Exhibit 1</u>;
  5. A One Week Cancellation Period form; attached as <u>Exhibit 2</u>; and
  6. A HUD-1 Settlement Statement.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

7. On or about July 5, 2006 Plaintiff Holland exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Town and Country. A Copy of the notice is attached as <u>Exhibit 3</u>.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

8. The Defendant, Ameriquest Mortgage Company, as assignee [sic] of the loan referenced herein, has acknowledge receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA. A copy of the denial letter is attached as <u>Exhibit 4</u>.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

## DEFENDANTS

9. Defendant Town and Country is a National corporation with its principle place of business at 2100 Main Street, Suite 800, Irvine, CA 92614.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

10. The Defendant Ameriquest is the assignee of the loan entered into between the Plaintiff and Town and Country and therefore, is liable for Plaintiffs rescission demand.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

11. Town and Country enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

12. Town and Country is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

13. Town and Country is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

3

14. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

15. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

16. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

17. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

18. Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Massachusetts. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 303 Congress Street, 2nd Floor, Boston, MA 02110.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

19. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

20. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Massachusetts. It is the

beneficial owner of some loans originated by Ameriquest Mortgage Company, including Plaintiffs'. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

21. Defendant Bear Stems Mortgage Cap/Amresco is a foreign corporation which does business in Massachusetts. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, relative to Plaintiff Barbara Holland. It is joined as a necessary party.

ANSWER: EMC denies the allegations in this paragraph.

## COUNT I – TRUTH IN LENDING ACT AND OR MCCDA

22. Plaintiffs incorporate ¶¶ 1-22 as if fully set out herein.

ANSWER: EMC incorporates its responses to paragraphs 1-22 as if fully set out herein.

23. Because the refinance transaction referenced herein was secured by the Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635, Regulation Z, 12 C.F.R. § 226.23. More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations that "the refinance transaction referenced herein was secured by the Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home" and that the transaction "was subject to the right to cancel provided by 15 U.S.C. §1635, Regulation Z, 12 C.F.R. § 226.23 and it's Massachusetts counterpart." EMC admits that the remainder of this paragraph quotes a portion of 15 U.S.C. § 1635, but denies that it is a

complete quotation of this section and denies the remainder of this paragraph to the extent that it is inconsistent with 15 U.S.C. § 1635.

24. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "**clearly and conspicuously disclose**" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights. More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii) The consumer's right to rescind the transaction.**
>
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**
>
> **(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

ANSWER: EMC admits that Regulation Z was issued by the Board of Governors of the Federal Reserve System to implement the Federal Truth in Lending Act and denies the remainder of the first sentence of this paragraph. EMC admits that the second sentence of this paragraph paraphrases 12 C.F.R. § 226.23, but denies that it contains a complete quotation and denies this sentence to the extent that it is inconsistent with 12 C.F.R. § 226.23. EMC admits that the remainder of this paragraph quotes a portion of 12 C.F.R. § 226.23(b)(1), but denies that

it is a complete quotation of this section and denies the remainder of this paragraph to the extent that it is inconsistent with 12 C.F.R. § 226.23(b)(1).

## DEFECTIVE NATURE OF DISCLOSURES

25. In connection with the above referenced mortgage transaction, Town and Country failed to provide accurate disclosures of the Plaintiff's right to cancel, in violation of 15 U.8.C. §1635, Regulation Z, 12 C.F.R. §226.23 for (without limitation) the following reasons:

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

### Incomplete Notices

26. The Defendant Town and Country failed to deliver to Plaintiff Thompson [sic] two properly completed copies of a notice that "**clearly and conspicuously disclose the borrower's rescission rights**" in violation of 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. §226.23.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

27. The copies of the notice of right to cancel actually delivered to the Plaintiff referenced herein were materially defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

28. By failing to indicate the date by which the right to cancel had to be exercised Town and Country failed to give to Plaintiff Thompson [sic] "clear and conspicuous" notice of his [sic] right to cancel, in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. § 226.23.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

29. Accordingly, Plaintiff is entitled to exercise her extended right to rescind her loan under the TILA.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

### "One Week" Cancellation Form

30. The One Week Cancellation Period form provided to the Plaintiff by the Defendant Town and Country (see Exhibits 1-2) detracts from and obfuscates the Notice of Right to Cancel (see Exhibits 1-2) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

31. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Town and Country within the specified time.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

32. The provision of two inconsistent and confusing notices to cancel violates the **"clear and conspicuous"** disclosures requirement of 15 U.S.C. § 1635, Regulation Z, 12 C.F.R. § 226.23.

ANSWER: EMC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

33. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

ANSWER: EMC admits that the first sentence of this paragraph paraphrases 33 U.S.C. § 1635(g), but denies that it contains a complete quotation and denies this sentence to the extent that it is inconsistent with 15 U.S.C. § 1635(g).

34. The failure of the Defendants to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640(a) entitling Plaintiff to an award of statutory damages.

ANSWER: EMC denies that it failed to honor/respond to any notice of rescission, denies that it violated 15 U.S.C. § 1640(a), and denies that Plaintiff is entitled to any statutory damages from EMC.

## EMC MORTGAGE CORPORATION'S
## AFFIRMATIVE DEFENSES

Defendant, EMC Mortgage Corporation, wrongly named as Bear Sterns Mortgage Cap/Amresco, ("EMC") states as follows for its affirmative defenses:

1. Plaintiff's claims are barred by the applicable statutes of limitation.

2. EMC reserves the right to assert additional affirmative defenses disclosed during discovery.

WHEREFORE, Defendant, EMC Mortgage Corporation, wrongly named as Bear Sterns Mortgage Cap/Amresco, respectfully requests that the Court enter an order dismissing Plaintiff's Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

Date: November 4, 2008

EMC MORTGAGE CORPORATION, wrongly named as Bear Sterns Mortgage Cap/Amresco

By: /s/ Robert J. Emanuel
One of its attorneys

Robert J. Emanuel (6229212)
Michael G. Salemi (6279741)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900

## CERTIFICATE OF SERVICE

The undersigned, an attorney, on oath, deposes and states that on this 4th day of November, 2008, a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Amended Complaint was filed electronically. Notice of this filing will be sent to the following party via the Court's electronic filing system:

> Christopher M. Lefebvre
> Claude and Christopher Lefebvre P.C.
> Two Dexter Street
> P.O. Box 479
> Pawtucket, RI 02862
> Telephone: (401) 728-6060
> Facsimile: (401) 728-6534
> Email: court@lefebvrelaw.com
>
> *Attorneys for Plaintiff*

Notice of this filing will be delivered to the following party via First Class U.S. Mail, postage prepaid.

> Steven E. Snow
> Partridge Snow & Hahn LLP
> 180 South Main Street
> Providence, Rhode Island 02903
> Telephone: (401) 861-8210
>
> *Attorneys for Defendants Ameriquest Mortgage Company and Town & Country Credit Corp.*

                                                  /s/ Robert J. Emanuel
                                                     Robert J. Emanuel

484377.1