UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION CORPORATION,

    Plaintiff-Applicant,

v.

LEHMAN BROTHERS INC.

    Defendant.

Civil Action No. 08-___

'08 CIV 8119

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/08

## ORDER COMMENCING LIQUIDATION[1]

On the Complaint and Application of the Securities Investor Protection Corporation ("SIPC"), it is hereby:

    I.    ORDERED, ADJUDGED and DECREED that the customers of the defendant Lehman Brothers Inc. ("LBI") are in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA"). 15 U.S.C. §78aaa et seq.

    II.    ORDERED that pursuant to 15 U.S.C. §78eee(b)(3), James W. Giddens is appointed Trustee (the "Trustee") for the liquidation of the business of LBI with all the duties and powers of a trustee as prescribed in SIPA, and the law firm of Hughes Hubbard & Reed LLP is appointed counsel for the Trustee. The Trustee shall file a fidelity bond satisfactory to the Court in the amount of $100,000.00.

---

1. The "LBI Liquidation Order"

60394664_7.DOC

EXHIBIT A

Case: 1:05-cv-07097 Document #: 2486-2 Filed: 11/06/08 Page 2 of 8 PageID #:27756

2

III. ORDERED that all persons and entities are notified that, subject to the other provisions of 11 U.S.C. §362, the automatic stay provisions of 11 U.S.C. §362(a) operate as a stay of:

A. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other proceeding against LBI that was or could have been commenced before the commencement of this proceeding, or to recover a claim against LBI that arose before the commencement of this proceeding;

B. the enforcement against LBI or against property of the estate of a judgment obtained before the commencement of this proceeding;

C. any act to obtain possession of property of the estate or property from the estate;

D. any act to create, perfect or enforce any lien against property of the estate;

E. any act to create, perfect or enforce against property of LBI any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

F. any act to collect, assess or recover a claim against LBI that arose before the commencement of this proceeding;

G. the setoff of any debt owing to LBI that arose before the commencement of this proceeding against any claim against LBI; and

H. the commencement or continuation of a proceeding before the United States Tax Court concerning LBI's tax liability for a taxable period the Bankruptcy Court may determine.

3

IV. ORDERED that all persons and entities are stayed, enjoined and restrained from directly or indirectly removing, transferring, setting off, receiving, retaining, changing, selling, pledging, assigning or otherwise disposing of, withdrawing or interfering with any assets or property owned, controlled or in the possession of LBI, including but not limited to the books and records of LBI, and customers' securities and credit balances, except for the purpose of effecting possession and control of said property by the Trustee.

V. ORDERED that pursuant to 15 U.S.C. §78eee(b)(2)(B)(i), any pending bankruptcy, mortgage foreclosure, equity receivership or other proceeding to reorganize, conserve or liquidate LBI or its property and any other suit against any receiver, conservator or trustee of LBI or its property, is stayed.

VI. ORDERED that pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of LBI and from exercising any right of setoff, without first receiving the written consent of SIPC and the Trustee.

VII. ORDERED that, pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by LBI, whether or not with respect to one or more of such contracts or agreements, securities sold by LBI under a repurchase agreement, or securities lent

under a securities lending agreement, without first receiving the written consent of SIPC and the Trustee.

  VIII. ORDERED that the stays set forth in paragraphs three – six shall not apply to:

  A. any suit, action or proceeding brought or to be brought by the United States Securities and Exchange Commission ("Commission"), the Commodity Futures Trading Commission ("CFTC"), or any self-regulatory organization of which LBI is now a member or was a member within the past six months; or

  B. the exercise of a contractual right of a creditor to liquidate, terminate, or accelerate a securities contract, commodity contract, forward contract, repurchase agreement, swap agreement, or master netting agreement, as those terms are defined in 11 U.S.C. §§101, 741, and 761, to offset or net termination values, payment amounts, or other transfer obligations arising under or in connection with one or more of such contracts or agreements, or to foreclose on any cash collateral pledged by LBI, whether or not with respect to one or more of such contracts or agreements; or

  C. the exercise of a contractual right of any securities clearing agency to cause the liquidation of a securities contract as defined in 11 U.S.C. §741(7) and the contractual right of any derivatives clearing organization to cause the liquidation of a commodity contract as defined in 11 U.S.C. §761(4); or

D.  the exercise of a contractual right of any stockbroker or financial institution, as defined in 11 U.S.C. §101, to use cash or letters of credit held by it as collateral, to cause the liquidation of its contract for the loan of a security to LBI or for the pre-release of American Depository Receipts or the securities underlying such receipts; or

E.  the exercise of a contractual right of any "repo" participant, as defined in 11 U.S.C. §101, to use cash to cause the liquidation of a repurchase agreement, pursuant to which LBI is a purchaser of securities, whether or not such repurchase agreement meets the definition set forth in 11 U.S.C. §101(47); or

F.  the exercise of a contractual right, as such term is used in 11 U.S.C. §555, in respect of (i) any extension of credit for the clearance or settlement of securities transactions or (ii) any margin loan, as each such term is used in 11 U.S.C. §741(7), by a securities clearing bank, or the exercise of a contractual right as such term is used in 11 U.S.C. §556 in respect of any extension of credit for the clearance or settlement of commodity contracts by a commodity broker as defined in 11 U.S.C. §101(6). As used herein, "securities clearing bank" refers to any financial participant, as defined in 11 U.S.C. §101(22A), that extends credit for the clearance or settlement of securities transactions to one or more Primary Government Securities Dealers designated as such by the Federal Reserve Bank of New York from time to time; or

G. the exercise of a contractual right, as such term is used in 11 U.S.C. §555, by a person (or such person's agent) in respect of securities that were sold to such person by LBI pursuant to a repurchase transaction (as such term is used in 11 U.S.C. §741(7) and regardless of whether such transaction is a repurchase agreement within the meaning of 11 U.S.C. §101(47)) with LBI that is subject to a Custodial Undertaking in Connection With Repurchase Agreement among LBI, JPMorgan Chase Bank N.A. and such person (or such person's agent); or

H. the exercise of a contractual right, as such term is used in 11 U.S.C. §555, by the Federal Reserve Bank of New York; or

I. any setoff or liquidating transaction undertaken pursuant to the rules or bylaws of any securities clearing agency registered under section 17A(b) of the Securities Exchange Act of 1934, 15 U.S.C.§78q-1(b), or any derivatives clearing organization registered under section 5b of the Commodity Exchange Act, 7 U.S.C. §7a-1, or by any person acting under instructions from and on behalf of such a securities clearing agency or derivatives clearing organization; or

J. any settlement transaction undertaken by such securities clearing agency using securities either (i) in its custody or control, or (ii) in the custody or control of another securities agency with which it has a Commission approved interface procedure for securities transactions settlements, provided that the entire proceeds thereof, without benefit of any offset, are promptly turned over to the Trustee; or

  K. any transfer or delivery to a securities clearing agency or derivatives clearing organization by a bank or other depository, pursuant to instructions given by such clearing agency or derivatives clearing organization, of cash, securities, or other property of LBI held by such bank or depository subject to the instructions of such clearing agency or derivatives clearing organization and constituting a margin payment as defined in 11 U.S.C. §741(5); or

  IX. ORDERED that the stays set forth in paragraphs three – seven above shall not apply to the exercise of any rights specified in Sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560 and/or 561 of the Bankruptcy Code by Barclays Capital Inc. or any affiliate thereof (or any agent of Barclays Capital Inc. or any affiliate thereof), including without limitation rights of foreclosure and disposition referred to in 15 U.S.C. Section 78eee(b)(2)(C)(ii), with respect to any transaction (or any extension, assignment, novation or rollover of such transaction) entered into on or prior to the earlier of (i) consummation of the transactions contemplated by the Asset Purchase Agreement dated September 16, 2008 among Barclays Capital Inc., Lehman Brothers Inc., Lehman Brothers Holdings Inc. and LB 745 LLC and (ii) September 24, 2008;

  X. ORDERED that pursuant to 11 U.S.C. §721, the SIPA Trustee is authorized to operate the business of LBI to: (a) conduct business in the ordinary course until 6:00 p.m. on September 19, 2008, including without limitation, the purchase and sales of securities, commodities futures and option transactions, and obtaining credit and incurring debt in relation thereto; (b) complete settlements of pending transactions, and to take other necessary and appropriate actions to implement the foregoing, in such accounts until 6:00 p.m. on

September 23, 2008; and (c) take other action as necessary and appropriate for the orderly transfer of customer accounts and related property.

XI. ORDERED that the Clerk of the Court is directed to immediately open the docket in this proceeding and that this Order be entered on the docket immediately.

XII. ORDERED that the Clerk of the Court is directed to produce seventy-five (75) certified copies of this Order, at the regular cost, immediately upon the Order's entry onto the docket.

XIII. ORDERED that pursuant to 15 U.S.C. §78eee(b)(4), this liquidation proceeding is removed to the United States Bankruptcy Court for the Southern District of New York, and shall be transmitted electronically to by the Clerk of the Court immediately upon entry on the docket.

XIV. ORDERED that the Trustee is authorized to take immediate possession of the property of LBI, wherever located, including but not limited to the books and records of LBI, and to open accounts and obtain a safe deposit box at a bank or banks to be chosen by the Trustee, and the Trustee may designate such of his representatives who shall be authorized to have access to such property.

Date: September 19, 2008

_____
UNITED STATES DISTRICT JUDGE

60394664_7.DOC