IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

MARY JO HUDSON,            :
Superintendent of Insurance,            :      CASE NO. 08CVH07-10725
Ohio Department of Insurance, in her            :
Capacity as Rehabilitator of The Guarantee   :
Title and Trust Company,            :
                                                     :      JUDGE GUY L. REECE, II
        Plaintiff,            :
                                                     :
    vs.            :
                                                     :
The Guarantee Title and Trust Company,    :
                                                     :
        Defendant.            :

## FINAL ORDER AND JUDGMENT OF LIQUIDATION AND APPOINTMENT OF LIQUIDATOR OF THE GUARANTEE TITLE AND TRUST COMPANY AND DECLARATION OF ABSOLUTE FINAL BAR DATE FOR CLAIMANTS TO FILE PROOFS OF CLAIMS AND NOTICE OF CONTINUOUS HEARINGS

This cause came before this Court on October 27, 2008 on the Motion of Mary Jo Hudson, Ohio Superintendent of Insurance in her capacity as Rehabilitator of The Guarantee Title and Trust Company ("Plaintiff"), pursuant to R.C. 3903.16(A) seeking a Final Order and Judgment of Liquidation and Appointment of Liquidator with respect to Defendant The Guarantee Title and Trust Company ("Plaintiff's Motion"). Plaintiff appeared by and through outside counsel to the Ohio Attorney General, Kohrman, Jackson & Krantz, LLP. The Directors of The Guarantee Title and Trust Company, including Christopher M. Likens and Hiram E. Blomquist, ("the Directors") appeared by and through their counsel, Nelson Levine deLuca & Horst, LLC.

Based on Plaintiff's Motion, the Directors' Memorandum In Response To Plaintiff's

Motion For Final Order And Judgment Of Liquidation, Plaintiff's Reply in Support of Plaintiff's Motion, the matters presented to the Court on October 27, 2008, the Complaint filed on July 28, 2008 in this case, the Orders of this Court, including but not limited to the Agreed Order of Rehabilitation, and the Court's review of applicable law, this Court hereby GRANTS Plaintiff's Motion and further FINDS, ORDERS, ADJUCICATES and DECLARES as follows:

<u>Jurisdiction</u>

1.      This Court has general and specific personal jurisdiction over The Guarantee Title and Trust Company ("Defendant Guarantee") and the Directors.  Defendant Guarantee is an Ohio domiciled title insurance company, organized in 1899, with offices in Ohio and Kansas. Defendant Guarantee is brought under the jurisdiction of the Ohio Department of Insurance, effective December 12, 1967, pursuant to Senate Bill No. 224, enacted by the 107th General Assembly.

2.      This Court has subject matter jurisdiction pursuant to R.C. 3903.04(E). Defendant Guarantee is a domestic "insurer" as that term is defined in R.C. 3903.01(L) and an "insurer doing business in this state," as referenced in R.C. 3903.03. Defendant Guarantee is therefore subject to proceedings authorized by R.C. 3903.01 through R.C. 3903.59, entitled the "Insurer's Supervision, Rehabilitation and Liquidation Act."

3.      This Court hereby asserts and assumes sole and exclusive in rem jurisdiction over all tangible and intangible assets and property of Defendant Guarantee of any kind or nature and wherever held, whether held with legal or equitable title and whether held in the name of Defendant Guarantee or otherwise, including but not limited to, all property, contracts, deposits, securities, claims, rights of action, accounts, safe deposit boxes, files, books and records of Defendant Guarantee (hereafter collectively referred to as the "Property").  This Court also

hereby asserts and assumes sole and exclusive in rem jurisdiction, to the exclusion of all other courts or tribunals, over any and all claims to or arising out of the Property, including but not limited to, any disputes as to whether a particular item or thing or asset or property is the Property of Defendant Guarantee. Any judgment, decree, lien, arbitration award or other action affecting such claims shall not be valid as against the Property, except to the extent same has been made a judgment of this Court through appropriate proceedings before this Court.

4.     This Court shall retain jurisdiction in this case for the purpose of granting such other and further relief as the nature of this case or the interests of the creditors, stockholders or the members of the public may require.

Basis For Liquidation Order

5.     This Court appointed Plaintiff as Rehabilitator of Defendant Guarantee pursuant to the Agreed Order of Rehabilitation entered on or about July 28, 2008 in this case. The grounds for rehabilitation found in this Court's Agreed Order of Rehabilitation continue to exist and, therefore, form a basis for liquidation under R.C. 3903.17(A).

6.     Defendant Guarantee is in such condition that further attempts to rehabilitate it would substantially increase the risk of loss to its policyholders, creditors and/or the public, or would be futile, as described in R.C. 3903.16(A).

7.     Defendant Guarantee is insolvent as defined in R.C. 3903.01(K) and within the meaning of R.C. 3903.17(B).

8      Defendant Guarantee is in such condition that its further transaction of business would be financially hazardous to its policyholders, creditors and/or the public, as described in R.C. 3903.12(B) and 3903.17(C).

9.     The Directors do not oppose the Plaintiff's request for an order of liquidation. The

Directors agree that statutory grounds exist to support the Plaintiff's request for an order of liquidation as specified in R.C. 3903.17.

10. Without the appointment of a Liquidator, Defendant Guarantee may cause harm to the interests of its policyholders, creditors and/or the public in general. Unless restrained, Defendant Guarantee will be forced to operate in a condition contrary to the best interests of its policyholders, creditors and the general public.

11. Without the appointment of a Liquidator and unless restrained, the assets of Defendant Guarantee may become further dissipated, causing irreparable and immediate injury to its policyholders, creditors and the general public.

12. After appropriate demand by Plaintiff under R.C. 3903.01-3903.59, Defendant Guarantee failed to promptly make available for examination by Plaintiff all of Defendant Guarantee's own property, books, accounts, documents, or other records, or those of any subsidiary or related company within the control of the insurer, or those of any person having executive authority in the insurer so far as they pertain to the insurer, as described under R.C. 3903.12(F).

13. Defendant Guarantee is therefore ordered liquidated pursuant to R.C. Chapter 3903. The rehabilitation of Defendant Guarantee is hereby terminated.

<u>Liquidation Order</u>

14. This Order of Liquidation with a finding of insolvency is hereby entered against Defendant Guarantee. Mary Jo Hudson, Superintendent of the Ohio Department of Insurance is appointed Liquidator of Defendant Guarantee. The Liquidator appoints Lynda G. Loomis as Chief Deputy Liquidator pursuant to R.C. 3903.21(A)(1).

15. All directors and officers of Defendant Guarantee are hereby removed.

16.     The Superintendent of the Ohio Department of Insurance, the Liquidator, the Chief Deputy Liquidator, any deputy liquidator, any employee of the Ohio Department of Insurance, any employee appointed by the Liquidator or the Chief Deputy Liquidator, and any employee who serves under the Liquidator are provided the indemnification specified in R.C. 3903.07.

17.     The Court's Orders entered in this case on August 5, 2008, August 18, 2008, September 4, 2008, October 1, 2008 and October 9, 2008 are hereby incorporated by reference into and made a part of this Judgment and Order as if fully restated here.

18.     The Liquidator shall forthwith take and secure possession of all assets and property of, pertaining or relating to Defendant Guarantee and/or used by or for the benefit of Defendant Guarantee, of every kind whatsoever and wherever located, whether in the possession of Defendant Guarantee or its current or former owners, officers, directors, employees, consultants, attorneys, agents, parents, subsidiaries, affiliated corporations (including but not limited to Nations Holding Company and each of its current and former title agencies and other subsidiaries, affiliates, employees, officers, directors and owners (collectively referred to herein as "Nations")) or those acting in concert with any of these persons, or any other persons, including, but not limited to, offices, contracts, deposits, stocks, securities, rights of action, accounts, documents, papers, evidences of debt, bonds, debentures, mortgages, furniture, fixtures, office supplies, safe deposit boxes, claims files, underwriting files, legal/litigation files, agent files, closing files, all books and records, all computers, computer networks and all computerized and electronically stored data, wherever located and regardless of ownership issues, and administer them under the general supervision of the Court.

19.     The Liquidator is vested by operation of law with the title to, and is hereby

declared the custodian under the Ohio Rules of Evidence, including Ohio Rule of Evidence 803(6), and R.C. Chapter 2317 of, all records, property and assets of Defendant Guarantee, including but not limited to, all property, deposits, stocks, securities, contracts, rights of action, accounts, documents, business records, papers, evidences of debt, bonds, debentures, mortgages, furniture, fixtures, office supplies, safe deposit boxes, all tangible things, claims files, underwriting files, closing files, agent files, legal/litigation files, books, records, all documents, all computers, computer networks and computerized or electronic data, and back-up files of the data, of Defendant Guarantee, and all other assets of Defendant Guarantee, wherever located, as of the date of the entry of this Order of Liquidation; and, the Liquidator is authorized to deal with same in her own name as Liquidator. Without limitation of the foregoing, the Liquidator is vested by operation of law with the title to, and is declared the custodian under the Ohio Rules of Evidence, including Ohio Rule of Evidence 803(6), and R.C. Chapter 2317 of, all records in boxes numbered: (a) GTT #34 Claims Box Numbers 1-223; and (b) GTT #34 Accounting (ACC) Box Numbers 100-183; and (c) GTT #34 Administration (Admin) Box Numbers 1-7; and (d) GTT #34 Payroll Box Numbers 1-7; and (e) all data imaged and harvested by Visual Evidence pursuant to this Court's October 1, 2008 and October 9, 2008 Orders. (Paragraphs (a) through (d) are hereafter collectively referred to as the Prairie Village Documents.) The Prairie Village Documents are the business records maintained by Defendant Guarantee in Kansas prior to the rehabilitation date of July 28, 2008. The Prairie Village Documents are documents that were made by Hiram E. Blomquist or under his supervision as President and Director of Defendant Guarantee at or near the time of the acts, conditions or events specified therein. As President and Director of Defendant Guarantee, Hiram E. Blomquist is hereby found to have personal knowledge of the acts, conditions or events specified in the Prairie Village Documents. The

Prairie Village Documents are documents that, prior to the rehabilitation date of July 28, 2008, were kept in the course of regularly conducted business at Defendant Guarantee and it was the regular practice of Defendant Guarantee to make these documents. Hiram E. Blomquist on behalf of himself and Defendant Guarantee turned over the Prairie Village documents to the Rehabilitator pursuant to R.C. 3903.13(A) and R.C. 3903.18(A).

20. The Liquidator is directed to collect and liquidate all Property and all other property and assets of Defendant Guarantee, including but not limited to, any funds held by Defendant Guarantee's agents or agencies, whether direct or independent, subagents, producing agents, brokers, reinsurers, reinsurance intermediaries, reinsurance pools, solicitors, service representatives, or others under agency contracts or otherwise, which are due and unpaid to Defendant Guarantee, including premium, agents' balances and agents' reserve funds, reinsurance recoveries and "funds held" by reinsurers.

21. All agents, agencies and brokers of Defendant Guarantee are ordered to cease issuing policies and commitments on behalf of Defendant Guarantee.

22. All agents, agencies and brokers are enjoined and restrained from retaining or returning to policyholders/insureds or premium finance companies any premiums and any money collected for premiums due to or to become due under policies of Defendant Guarantee. All agents, agencies, brokers and premium finance companies shall turn over all such funds in their possession to the Liquidator without setoff or other deduction within thirty (30) days of entry of this Order.

23. As of the date this Order is entered, all premiums paid, due or to become due under policies of Defendant Guarantee are declared fully earned. Within thirty (30) days of entry of this Order, Nations is ordered to account for and turn over to the Liquidator all such premium

and all other income and other sums due and owing Defendant Guarantee, without set-off or other deduction. Within thirty (30) days of entry of this Order, all other persons, including title agents and title agencies, are hereby ordered to turn over all such premium and account for all commissions to the Liquidator, together with all other sums due and owing Defendant Guarantee without set-off or other deduction.

24.     The Liquidator is vested with the right, title and interest in all funds recoverable under the treaties, contracts and agreements of reinsurance heretofore entered into by Defendant Guarantee, as the ceding insurer, and all reinsurers, reinsurance pools, brokers, or other persons involved with Defendant Guarantee are permanently restrained and enjoined from making, attempting to make, or encouraging others to make, any settlements with any claimant, policyholder or any other person than the Liquidator, without the prior written permission or consent of the Liquidator; provided, however, that a guaranty association or foreign guaranty association may settle its covered obligations with appropriate claimants and others.

25.     The Liquidator is authorized to take such action as she considers necessary or appropriate to liquidate Defendant Guarantee, including but not limited to all of the powers enumerated in R.C. 3903.21, and the following:

(a)     Approval of the Court under R.C. 3903.21 (A)(3) to fix the reasonable compensation of employees and agents, actuaries, accountants, appraisers, consultants and other personnel shall be obtained by the Court's approval of the Liquidator's accountings filed pursuant to R.C. 3903.18(E), which accountings shall be submitted semi-annually to the court in the form of a statement of receipts and disbursements of the Liquidator;

(b)     Adopt such Administrative Operating Procedures, from time to time, as

are necessary to aid in the efficient, economic and effective administration of the liquidation of Defendant Guarantee, subject to the approval of such procedures by the Court;

(c)     Fulfill R.C. 3903.21(A)(6) by collecting those debts and monies due and claims belonging to Defendant Guarantee, wherever located, which, in the judgment of the Liquidator, are economically feasible to collect;

(d)     Apply for and/or receive any tax refunds, credits tax loss carry-forwards or other tax benefit that would be available to Defendant Guarantee but for the Order of Liquidation;

(e)     Exercise all other powers and authority in R.C. Chapter 3903;

(f)     Do all such other acts and things not herein specifically enumerated herein or in R.C. 3903.21 that are permitted by law and may be necessary or appropriate to effectuate, accomplish or aid the liquidation of Defendant Guarantee.

26.     (a) All current and former owners, shareholders, partners, officers, directors and employees, of Defendant Guarantee; and (b) all current and former consultants and attorneys representing Defendant Guarantee and/or its policyholders; and (c) all other persons, firms, associations, partnerships, corporations or other entities or persons with possession, authority, control or information of or pertaining to any aspect of Defendant Guarantee's business, Property, or other assets, including but not limited to, insurers, reinsurers, brokers, agents, trusts, banks, savings and loan associations, financial or lending institutions, depositories, stock or mutual associations, parent companies, holding companies, subsidiaries affiliates, and any of their respective current and former owners, shareholders, partners, officers, directors, trustees and employees, and any other representative acting or formerly acting in concert with Defendant

Guarantee (all of the persons in (a)-(c) above are hereafter collectively referred to as "Other Persons"), shall cooperate with the Liquidator in the performance of her duties. The directive "to cooperate" shall include, but not be limited to, a duty to do both of the following:

(1) Reply promptly in writing to any inquiry from the Liquidator requesting such a reply; and

(2) Make available and deliver to the Liquidator any and all books, accounts, documents, agreements, records, legal/litigation files, information or property of pertaining or relating to, Defendant Guarantee, regardless of ownership.

27. All Other Persons are hereby restrained, except under the express authorization of the Liquidator or by the further order of this Court, from doing, operating and conducting any business of or for or on behalf of Defendant Guarantee. All Other Persons are hereby restrained, except under the express authorization of the Liquidator or by the further order of this Court, from doing, operating and conducting any business of or on behalf of Defendant Guarantee under any charter, permit, license, contract, power or privilege, belonging to or heretofore issued by or to said Defendant Guarantee, and from in any manner conducting, doing or engaging in the business of insurance for or on behalf of Defendant Guarantee.

28. All persons, including but not limited to, all creditors and all Other Persons, are hereby restrained from:

(a) obstructing or interfering with the Liquidator in the conduct of any of her duties as Liquidator;

(b) dealing with or permitting to be done any action which might waste or dispose of the Property any other property or assets of Defendant Guarantee;

(c) disposing of, using, transferring, selling, assigning, canceling, releasing,

withholding, withdrawing, hypothecating, concealing in any manner or in any way, or exercising any alleged right of set off or recoupment with respect to, any books, records, claims files, underwriting files, agent files, closing files, legal/litigation files, equipment, money, accounts, accounts receivable, deposit, share accounts, escrow accounts, bank accounts, trust accounts, stocks, bonds, assets, notes, funds, debts, claims or causes of action that Defendant Guarantee might have against any person, any of the Property, or any other property or asset of Defendant Guarantee, whether real, personal or mixed, of any kind or nature, and wherever situated, that belongs to Defendant Guarantee; or is owned by or owed to Defendant Guarantee; or is in the possession of Defendant Guarantee; or is held individually, jointly, or severally by or for the benefit of Defendant Guarantee or its policyholders, creditors and the public; or is claimed by Defendant Guarantee, regardless of whether any such account, property or asset is titled or otherwise in the name of Defendant Guarantee or any other name;

(d)     from doing anything, directly or indirectly, to prevent the Liquidator from acquiring all property, assets, books, documents, claims files, underwriting files, legal/litigation files or records which are the Property or other property or assets of Defendant Guarantee, and/or have been ordered to be tendered to the Liquidator by the provisions of this Order or other order of this Court, under whatever name such books, documents, claims files, underwriting files, legal/litigation files or records may be filed or found or wheresoever such books, documents, claims files, underwriting files, legal/litigation files or records may be found or situated; and from doing anything, directly or indirectly, to prevent the

Liquidator from gaining access to, acquiring, examining or investigating all other books, documents, legal/litigation files or records of, pertaining or relating to Defendant Guarantee or its affairs, under whatever name such books, documents, claims files, underwriting files, legal/litigation files or records may be filed or found or wherever such books, documents, legal/litigation files or records may be found or situated;

(e)     bringing or further prosecuting any action or claim for relief, counterclaim, setoff, cross claim, third party complaint, or otherwise, at law or in equity or other proceeding against Defendant Guarantee or the Liquidator, or from in any way interfering with the Liquidator's conduct of the liquidation or business of Defendant Guarantee, or from obtaining preferences, judgments, attachments, or other like liens or the making of any levy against Defendant Guarantee or the Property or other property or assets of Defendant Guarantee while in possession and control of the Liquidator, or from in any way interfering with the Liquidator in her gaining possession or control of, or in her right, title and interest to, the Property, books, records and all other assets of, pertaining or relating to Defendant Guarantee.

29.     All persons, including but not limited to all creditors and all Other Persons, shall, by sworn written statement, upon the request of the Liquidator, inform the Liquidator of the nature, description and location of all the Property and assets or other property of or pertaining or relating to Defendant Guarantee, including, but not limited to, all bank accounts, trust accounts, escrow accounts or escrow funds, safe deposit boxes, safes, stock certificates, bonds, certificates of deposit, cash, security, claims files, underwriting files, agent files, closing files, computers,

computerized or electronically stored documents and information, legal/litigation files or any other property, real, personal, or mixed, of and pertaining to Defendant Guarantee; and, each of these persons are specifically ordered and enjoined from disposing of, using or concealing in any manner or in any way any such property, except under the express authorization of the Liquidator or by the further order of this Court.

30.     The Liquidator shall take all steps necessary to place all bank accounts, stock certificates, securities, certificates of deposit and other financial instruments of Defendant Guarantee into her own name, and shall use any accounts of Defendant Guarantee, and shall keep a true and correct account of any and all receipts or expenditures which she shall make as Liquidator in the course of the liquidation of said business.

31.     No civil action shall be commenced against Defendant Guarantee or the Liquidator, whether in this State or elsewhere, nor shall any such existing actions be maintained or further prosecuted as against Defendant Guarantee after the entry of this Order.  In cases in which a claimant has tendered the defense of a title defect claim to Defendant Guarantee or named Defendant Guarantee as a party in litigation for this purpose, Defendant Guarantee shall not defend or pay the costs of defending title defect claims.  Policyholders must bear the cost of defense and/or of curing their title defects and, in doing so, should take appropriate action to mitigate their claim exposure. The expenses for curing covered defects may be submitted with appropriate documentation to the Liquidator as a proof of claim as set forth in R.C. 3903.36, *et seq.* and paragraph 40 of this Judgment and Order.

32.     All persons, including policyholders, obligees, principals, creditors and stockholders of Defendant Guarantee and all persons asserting claims against such policyholders, and all Other Persons are enjoined from instituting or pursuing any action or proceeding in any

court or before any administrative agency, including boards and commissions administering workmen's compensation or occupational diseases or similar laws of the State of Ohio or of any other states, or of the United States, which seeks in any way, directly or indirectly, to contest or interfere with the Liquidator's exclusive right, title and interest to funds recoverable under treaties and agreements of reinsurance heretofore entered into by Defendant Guarantee as the ceding Insurer.

33. All policies, commitments, bonds and evidences or certificates of insurance issued by or in the name of Defendant Guarantee shall cancel and terminate pursuant to R.C. 3903.19 upon the occurrence of the earliest or lesser of the following:

(a) a period of thirty (30) days from the date of entry of this Judgment and Order, at 12:01 a.m. local time of the insured or policyholder of such direct commitment, policy or certificate of insurance; or

(b) the expiration date of the commitment or policy coverage or certificate of insurance; or

(c) the date when the insured or the policyholder or the issuer of any commitment has (i) replaced the insurance coverage or the commitment with equivalent insurance in another insurer, or (ii) has effectuated cancellation of the policy, commitment or certificate of insurance or (iii) has otherwise terminated the policy, commitment or certificate of insurance; or

(d) the date the Liquidator has effected a transfer of the policy obligation pursuant to R.C. 3903.21(A)(8); or

(e) such other date established by this Court.

All policies and commitments as to which a notice of cancellation was given, on or prior to the

14

date of entry of this Judgment and Order, shall stand cancelled as of the cancellation date specified in the notice, unless said cancellation date is beyond a period of thirty (30) days from the date of entry of this Judgment and Order, and in that event subparagraph (a) above applies.

34.     The Liquidator is authorized to disavow and cancel any contract to which Defendant Guarantee is a party, except the policies of insurance and other similar obligations and contracts cancelable as provided in Paragraph 33 of this Judgment and Order.

(a)     Notwithstanding the provisions of paragraph 21 or any other paragraph of this Judgment and Order, agent contracts are not disavowed, cancelled or terminated to the extent necessary to preserve in the Liquidator the audit and other contractual rights of Defendant Guarantee.

(b)     Effective upon issuance of this Order, the Liquidator disavows all Mutual Indemnification Agreements executed by Defendant Guarantee, and all indemnification letters issued by Defendant Guarantee, and all other similar indemnity contracts and obligations of Defendant Guarantee.

35.     The Liquidator, or any successor in office, is hereby authorized, permitted and allowed to sell, assign and transfer the Corporate Charter of Defendant Guarantee and any and all insurance licenses or certificates of authority held by Defendant Guarantee in such a method and manner as may be approved by this Court.

36.     All attorneys/law firms who are either providing or have provided representation or other legal services to Defendant Guarantee, shall tender over possession and control to the Liquidator within thirty (30) days from the receipt of notice of this Order, without charge to the Liquidator or the Estate, all legal/litigation files and all other pleadings, memoranda, discovery, including e-discovery, motions, notes, photographs, videotapes, physical evidence, property,

documents, records, reports and files which are in its possession or control and which are related to the providing of representation or other legal services to Defendant Guarantee or to any Defendant Guarantee insured by virtue of its policy with Defendant Guarantee.

<u>Notice to Claimants and Declaration of Absolute Final Bar Date For Filing Proofs of Claims</u>

37.     Defendant Guarantee is in liquidation effective today, and the form and contents of the proof of claim form and the notice of Defendant Guarantee's liquidation order, the absolute final bar date for filing proofs of claim and continuous hearings, attached hereto and incorporated herein by reference as Exhibit A, are hereby approved.

38.     The Liquidator shall notify all persons which Defendant Guarantee's books and records reveal have, or may have, claims against Defendant Guarantee, its property or assets, to present and file with the Liquidator proper proofs of claim in the form set forth in Exhibit A on or before 4:30 p.m. Eastern Daylight Time (United States) on October 27, 2009. Said notice by the Liquidator shall specify 4:30 p.m. Eastern Daylight Time (United States) on October 27, 2009 to be the Absolute Final Bar Date by which a proof of claim may be received by the Liquidator for purposes of participating in any distribution of assets that may be made on timely filed claims which are allowed by the Liquidator in these proceedings. Said notice shall also specify that claimants must submit to the Liquidator sufficient supporting information to document their claim no later than the Absolute Final Bar Date of 4:30 p.m., Eastern Daylight Time (United States) on October 27, 2009, or their claim will be foreclosed and forever barred. Further, the Liquidator will reject any attempted filing of a claim after the Absolute Final Bar Date and will return the claim to the person attempting to file it, advising them that the claim will not be considered by the Liquidator and shall be treated as if no claim was filed, and that the claimant attempting to present such a late-filed claim after the Absolute Final Bar Date shall not

be entitled to any further consideration. Finally, the Liquidator will reject all requests for Proof of Claim Forms that are received after the Absolute Final Bar Date.

39.    The Liquidator shall also provide notice by publication to all persons who have, or may have claims against Defendant Guarantee or against its insureds or policyholders, by causing a notice to be published once a week for two (2) consecutive weeks in the following newspapers of general circulation:

> Arizona: Arizona Republic (Phoenix)
> Illinois-Chicago Tribune
> Kansas-Kansas City Star
> Michigan-Detroit News/Detroit Free Press
> Ohio-The Columbus Dispatch and The Cincinnati Enquirer
> Pennsylvania-Philadelphia Enquirer

and such other newspapers as the Liquidator may deem advisable. The notice shall: (a) advise all such persons of their right to present their claim or claims against Defendant Guarantee, its property or assets, or against a Defendant Guarantee insured or policyholder, to the Liquidator; (b) advise all such persons of the procedure by which they may present their claims to the Liquidator; (c) advise all such persons of the Liquidator's office where they must present their claims; (d) specify 4:30 p.m., Eastern Daylight Time (United States) on October 27, 2009 as the Absolute Final Bar Date by which proofs of claim may be received by the Liquidator for purposes of participating in any distribution of assets that may be made on timely filed claims allowed in these proceedings; and (e) specify that claimants must submit to the Liquidator sufficient supporting information to document their claim no later than the October 27, 2009 Absolute Final Bar Date, or their claim will be foreclosed and forever barred.

40.    All persons having or claiming to have any accounts, debts, claims or demands against Defendant Guarantee, its property or assets, or against a Defendant Guarantee insured or policyholder, shall present their claims to the Liquidator at his or her office as designated in the

notice, on or before the Absolute Final Bar Date of 4:30 p.m., Eastern Daylight Time (United

States) on October 27, 2009, by way of a properly completed proof of claim that complies with

R.C. 3903.36, or their claims will be foreclosed and forever barred.

<u>Notice of Continuous Hearings</u>

41.     The Court will hold continuous hearings concerning this Liquidation in

Courtroom 7A at _8:30_ a.m./p.m. on: November _21_, 2008 and on

December _17_, 2008 and on January _22_, 2009 and thereafter on the first

_Friday_ of every month until further scheduling order of this Court. Plaintiff's

Counsel shall file with the Court an Agenda for each of these scheduled continuous hearings two

(2) days prior to the hearing, whichever is earlier. There will be no hearing if there are no

matters scheduled on the filed Agenda. The Plaintiff shall post the Agenda on the Liquidator's

website substantially contemporaneous with the filing of the Agenda. No further notice of these

hearings will be given.

<u>Full Faith and Credit</u>

42.     This Court requests that, in all actions or proceedings pending or hereafter filed

outside of the State of Ohio, involving Defendant Guarantee, full faith and credit be given to this

Order.

This Order is a final appealable order and judgment. There is no just cause for delay.

IT IS SO ENTERED THIS _27TH_ DAY OF OCTOBER, 2008.

GUY L. REECE, JUDGE

THE STATE OF OHIO
Franklin County } ss

I, JOHN O'GRADY, Clerk OF THE COURT OF COMMON PLEAS, WITHIN AND FOR SAID COUNTY,

HEREBY CERTIFY THAT THE ABOVE AND FORE-GOING IS TRULY TAKEN AND COPIED FROM THE ORIGINAL NOW ON FILE IN MY OFFICE.

WITNESS MY HAND AND SEAL OF SAID COUNTY THIS _____ DAY OF _____ A.D. 20__

JOHN O'GRADY, Clerk

By _____ Deputy

18

SUBMITTED BY:

**NANCY ROGERS**
**Attorney General State of Ohio**

By Outside Counsel:
KOHRMAN, JACKSON & KRANTZ, LLP

Valoria C. Hoover (0059596)
Metro V
655 Metro Place South, Ste. 600
Dublin, OH 43016
Telephone: (614) 408-9700
Facsimile: (216) 621-6536

*Attorneys for Mary Jo Hudson, Superintendent,*
*Ohio Department of Insurance, in her*
*Capacity as Rehabilitator of The Guarantee Title*
*and Trust Company*

EXHIBIT A
**THE GUARANTEE TITLE AND TRUST COMPANY, IN LIQUIDATION**
**NOTICE TO CLAIMANTS OF ABSOLUTE FINAL BAR DATE OF OCTOBER 27, 2009**
**FOR FILING PROOFS OF CLAIMS AND NOTICE OF CONTINUOUS HEARINGS**

On October 27, 2008, The Guarantee Title and Trust Company ("GTT") was ordered liquidated by Judge Guy L. Reece, II, of the Court of Common Pleas, Franklin County, Ohio in Case No. 08CVH07-10725. The Liquidation Order may be viewed at www.ohinsliq.com. Mary Jo Hudson, Ohio Superintendent of Insurance, is appointed as Liquidator. The Liquidator is authorized and directed to liquidate all of the property of GTT pursuant to Ohio law and under the continuing jurisdiction of the Liquidation Court.

The Liquidation Order enjoins all persons who have claims against GTT from instituting or continuing to prosecute any lawsuit or take any other action that would interfere with the liquidation proceeding or the possession, control, title, rights and interests of the Liquidator, as provided by Sections 3903.01 to 3903.59, inclusive of the Ohio Revised Code.

All agents are enjoined from issuing GTT policies and commitments. The Liquidation Order cancels all policies of insurance issued by GTT effective no later than 12:01 a.m., November 26, 2008. GTT will provide no insurance coverage after this date. All GTT policyholders must secure coverage with another insurance company on or before November 26, 2008. The Liquidator disavows all mutual indemnity agreements, indemnity letters and any other similar contracts or obligations of GTT effective October 27, 2008.

If the coverage is secured with another company prior to 12:01 a.m., November 26, 2008, please send a copy of the declaration page showing the effective date of the new policy to The Office of the Ohio Insurance Liquidator, c/o GTT, 50 W. Town Street, Third Floor, Suite 350, Columbus, Ohio 43215, so that your policy with The Guarantee Title and Trust Company can be cancelled as of the date you obtained new coverage. If no evidence of replacement coverage is received, the GTT policy will be cancelled at 12:01 a.m., November 26, 2008.

Ohio law authorizes the Liquidator to disavow any contracts to which the insurer is a party and the Liquidation Order contains the Liquidator's disavowal of all mutual indemnity agreements, indemnity letters and any other similar contracts or obligations of GTT as of October 27, 2008.

Within the next 120 days, you will be provided with a Proof of Claim form to be used in filing a claim in the liquidation proceedings. The Proof of Claim Form must be used to present and file any claims you may have against GTT, its property or its assets. All outstanding claims, including those presented to GTT prior to liquidation, must be submitted to the Liquidator on the Proof of Claim form along with supporting information to document the claim.

**The Absolute Final Bar Date to file a Proof of Claim Form and supporting documentation for purposes of participating in any distribution of assets that may be made is 4:30 p.m. Eastern Daylight Time (United States) on the October 27, 2009. All proof of Claim Forms and supporting documentation must be received by the Liquidator no later than 4:30 p.m. Eastern Daylight Time (United States) on October 27, 2009, or your claims will be foreclosed and forever barred.**

1

EXHIBIT A

The Liquidator will reject any attempted filing of a claim after the Absolute Final Bar Date and will return the claim to the person attempting to file it, advising them that the claim will not be considered by the Liquidator and shall be treated as if no claim was filed, and that the claimant attempting to present such a late-filed claim after the Absolute Final Bar Date shall not be entitled to any further consideration. The Liquidator will reject requests for Proof of Claim Forms that are received after the Absolute Final Bar Date.

Outstanding claims made under insurance policies will be submitted by the Liquidator to the state guaranty funds in states where GTT was licensed and that may cover such claims. If your state has guaranty fund coverage, you will be contacted by the guaranty fund regarding your claim. Coverage afforded by state guaranty funds varies from state to state and may not apply to your claim.

Requests for Proof of Claim forms and inquiries regarding the liquidation should be addressed to: The Office of the Ohio Insurance Liquidator, Attn: GTT, 50 W. Town Street, Third Floor, Suite 350, Columbus, OH 43215, (614) 487-9200.

The Court will hold continuous hearings concerning this Liquidation in Courtroom 7A at _____ a.m. on: November _____ 2008, December _____, 2008, January _____, 2009 and thereafter on the first _____ Monday of every month until further scheduling order of this Court. The Liquidator shall file with the Court an Agenda for each of these scheduled continuous hearings two (2) days prior to the hearing, whichever is earlier. There will be no hearing if there are no matters scheduled on the filed Agenda. The Agenda will be posted on the Liquidator's website substantially contemporaneous with the filing of the Agenda. NO FURTHER NOTICE OF THESE HEARINGS WILL BE GIVEN. It is the obligation of each policyholder, creditor, claimant or party in interest to check the Liquidator's website at www.ohinsliq.com or check the Court's calendar by calling the Bailiff at (614) 462-5889 prior to the hearing date.

Mary Jo Hudson
Ohio Superintendent of Insurance in her capacity as
Liquidator of The Guarantee Title and Trust Company

By: _____
    Lynda G. Loomis
    Chief Deputy Liquidator

2

**PROOF OF CLAIM IN THE MATTER OF**
## THE GUARANTEE TITLE AND TRUST COMPANY IN LIQUIDATION
## ABSOLUTE FINAL BAR DATE FOR FILING OF PROOF OF CLAIM IS <u>OCTOBER 27, 2009</u>
## READ THE INSTRUCTION SHEET <u>CAREFULLY</u> BEFORE COMPLETING THIS FORM
## YOU MUST FILE A SEPARATE PROOF OF CLAIM FORM FOR EACH CLAIM

**Liquidator's No.**             **Company Code**

CLAIMANT'S NAME AND ADDRESS (Person Filing Claim)

INSURED _____
POLICY NO. _____
CLAIM NO. _____
DATE REPORTED: _____

## ALL DOCUMENTATION TO SUPPORT YOUR CLAIM MUST BE ATTACHED
## TO THE PROOF OF CLAIM IN ORDER FOR IT TO BE CONSIDERED

**CLAIM IS FOR (CHECK APPROPRIATE BOX)**
**POLICYHOLDERS/INSUREDS:**

☐   Claim is made for a specific loss or occurrence arising under the coverage of the policy (identify each such loss or occurrence).

☐   Is the policy an Owner's policy ___Yes ____ No
     Is the policy a Lender's policy ___Yes ____ No
     Amount

**CLAIMANTS (Other than Policyholders/Insureds)**

☐   Claim is made against a policyholder/insured of the above named company.
☐   Claim is made by an attorney for unpaid legal expense.
☐   Claim is made by an agent or broker.
☐   Claim is made by a general creditor for unpaid invoices.
☐   All Other Claimants (On a separate sheet, describe nature of claim and the consideration given for it).

If the amount of the claim is unknown, insert the words "Unstated Amount". You may amend the amount of your claim until the final date of adjudication.

**AMOUNT OF CLAIM**

**TOTAL AMOUNT OF CLAIM**   $

No part of this debt has been paid, except_____
There are no setoffs or counterclaims to this debt, except_____
There is no security for the debt, except_____

**STATUS OF CLAIM**

☐   Claim is based on court judgement or settlement (attach order or agreement).
☐   Claim is currently pending in court (provide details and documentation).
☐   Claim is not yet filed in court.
☐   Other insurance is available to cover this claim (provide details of other insurance policies).

| COMPLETE THIS SECTION FOR ADDRESS CHANGE ONLY | NAME AND ADDRESS OF YOUR ATTORNEY (IF ANY) |
|---|---|
| NAME | NAME |
| ADDRESS | ADDRESS |
| CITY, STATE, ZIP | CITY, STATE, ZIP |
| | TELEPHONE |

The undersigned subscribes and affirms as true under the penalties of perjury as follows: that he/she has read the foregoing Proof of Claim and knows the contents thereof; that this claim is justly owing to the claimant; that there is no setoff, counterclaim or defense to the claim thereto except as above stated; that the matters set forth above and in any accompanying documents are true to the best of his/her knowledge and belief; and that no payment of or on account of the aforesaid claim has been made to you except as above stated.

Claimant Home Telephone (____) _____
Claimant Work Telephone (____) _____
     PRINT OR TYPE NAME OF CLAIMANT, PARTNER, OFFICER, LEGAL REPRESENTATIVE

_____    _____ /
SOCIAL SECURITY NUMBER OR FEIN OF CLAIMANT    Signature of Individual, Partner, Officer, or Legal Representative/ DATE SIGNED

## SEE INSTRUCTION SHEET ON THE REVERSE SIDE FOR MAILING AND OTHER INSTRUCTIONS
## RETURN WHITE AND YELLOW COPY. RETAIN PINK COPY FOR YOUR RECORDS
**RETURN TO: OFFICE OF THE OHIO INSURANCE LIQUIDATOR – 50 W. TOWN ST., STE. 350 COLUMBUS, OH 43215-4197**

**IMPORTANT – READ CAREFULLY**
**INSTRUCTIONS FOR COMPLETING AND FILING PROOF OF CLAIM**
**LIQUIDATION OF THE GUARANTEE TITLE AND TRUST COMPANY**
**ABSOLUTE FINAL BAR DATE FOR CLAIMS: XXXXXX, 2009**

On _____, 2008, The Guarantee Title and Trust Company was determined to be insolvent and ordered liquidated by Judge Guy L. Reece II of the Franklin County, Ohio Court of Common Pleas , in Case No. 08CVH07-10725.

1.   To have a claim considered in the liquidation, the Proof of Claim must be completed in detail and filed with the Liquidator by the Absolute Final Bar Date of **XXXXX, 2009** (the "Final Bar Date"). You should file a separate Proof of Claim for each claim that is known to you. Contact the Liquidator's Office if additional forms are required. Do not file a Proof of Claim unless you are aware of a specific claim and can factually support it. If you do not have a claim at this time, you should keep the Proof of Claim form and submit it prior to the Final Bar Date, together with supporting documentation, should you become aware of a claim made, or to be made, against you. **IF YOU FAIL TO ADEQUATELY DESCRIBE AND DOCUMENT YOUR CLAIM, YOUR PROOF OF CLAIM MAY BE REJECTED OR DENIED.**

2.   **ALL POLICYHOLDERS/INSUREDS:** If your claim is for a specific loss claim (i.e., for benefits arising under coverage of a title insurance policy), you must provide an explanation of the loss being asserted and provide the Policy No., Claim No, Date of Loss and Agent No, if applicable.

3.   **ALL OTHER CLAIMANTS:** You should check the appropriate box, enter the amount claimed, and provide full documentation to support the claim. Attorneys retained by Guarantee are Class 5 general creditor claims.

4.   **THE PERSON FILING THIS CLAIM** (the "claimant") must fill in their Society Security/FEIN number, phone number, and must sign and date the Proof of Claim. Claims filed by corporations must be signed by an authorized representative of the company. If you are represented by an attorney in this matter, you should also provide your attorney's name and address in the space provided.

5.   Claimants must submit to the Liquidator sufficient supporting information to document their claim no later than the Final Bar Date, or their claim will be foreclosed and forever barred. Claimants are required to submit all documents relating to or supporting claims covered by Guarantee in writing to the Liquidator, including but not limited to, a copy of the policy. Supporting information and documentation describing all facts of the claim, including but not limited to: (a) a detailed statement describing the claim; (b) a detailed statement describing the dollar value of the claim; (c) documents evidencing damages; and (d) all other information or documents helpful to proving the claim, all as required by R.C. 3903.___ (see instructions. Unverified and future claims will not participate in any pro rata distribution from the liquidation proceeding even if an unsupported Blanket Proof of Claim is submitted on or before the October 27, 2009 Final Bar Date. If such documents are lost or destroyed, you must provide a statement of that fact and the circumstances of such loss or destruction.

6.   **THE POSTMARK DEADLINE FOR FILING CLAIMS IS xxxxxxxxxxx.** If additional Proofs of Claim are needed, please make your request in writing with sufficient information to locate our file at least twenty (20) days prior to the deadline.

7.   **CHANGE OF ADDRESS:** If you move after sending in your claim form, please provide us with your new address. Failure to do so may result in your claim being barred from participating in any distribution of assets. Be sure to include both the Liquidator Number and the Claim Number with your correspondence.

8.   **GENERAL INFORMATION:** Your claim will be reviewed by the Liquidator during the normal course of the liquidation proceeding once it is returned to us. After all claims have been evaluated and approved by the Liquidation Court, allowed claims will be paid by the priorities established under Ohio law and to the extent the estate has available   funds. We will not know the distribution percentage that can be paid, if any, on any individual claim until all claims are evaluated and all assets converted to cash. This process may take a number of years after the deadline for filing Proofs of Claim has passed and we cannot state at this time whether or when any distribution of assets will be made on allowed claims.

**FILING A PROOF OF CLAIM DOES NOT BY ITSELF GUARANTEE COVERAGE**
Return your Proof of Claim & Supporting Documentation To:
**OFFICE OF THE OHIO INSURANCE LIQUIDATOR – 50 W. TOWN ST., STE 350, COLUMBUS, OH 43215-4197**
**(614) 487-9200**