Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 11/19/2008 |
| **CASE TITLE** | In Re: Ameriquest Mortgage | | |

**DOCKET ENTRY TEXT**

Presently before us is Jonathan Lee Riches' motion to intervene as a plaintiff in the Ameriquest MDL (Case No. 05-7097) under Federal Rule of Civil Procedure 24(a)(2), filed July 21, 2008. (Dkt. No. 2266.) Because his motion does not demonstrate "an interest relating to the property or transaction that is the subject of the action," Fed. R. Civ. P. 24(a)(2), we deny the motion. (Dkt. No. 2266). In addition, we caution Riches that his meritless attempts to insert himself into litigation in this district will not be tolerated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

**STATEMENT**

(Reserved for use by the Court)

# ORDER

Presently before us is Jonathan Lee Riches' motion to intervene as a plaintiff in the Ameriquest MDL (Case No. 05-7097) under Federal Rule of Civil Procedure 24(a)(2), filed July 21, 2008. (Dkt. No. 2266.) Because his motion does not demonstrate "an interest relating to the property or transaction that is the subject of the action," Fed. R. Civ. P. 24(a)(2), we deny the motion. In addition, we caution Riches that his meritless attempts to insert himself into litigation in this district will not be tolerated.

In his motion, Riches claims that he has "information, documents, tangible evidence, and [e]xhibits related to this case," and that he has an "interest in this case to support Plaintiffs claims." (Mot. at 1.) He alleges that his proposed "intervention presents questions of law and fact that are common in this action." (*Id.*.) Riches' motion does not, however, claim that his interest is related to the "property or transaction that is the subject of the action," or contain any grounds supporting his intervention. Fed. R. Civ. P. 24(a)(2).
The motion fails to indicate that "disposing of the action may as a practical matter impair or impede [Riches] ability to protect [any interest]," *id.*, unless he is allowed to intervene. Even if we afford Riches' motion the more liberal construction due *pro se* litigants, *see Erickson v. Pardus*, --- U.S. ----, ----, 127 S. Ct. 2197, 2200 (2007), we must deny this motion because he failed to provide any information in support of his proposed intervention. He has not, for example, identified who he is or how he might have an interest in this litigation.

Nonetheless, we know who Riches is. Indeed, Riches is a notoriously abusive litigant, with a long history of filing frivolous actions across the country. *See Riches v. Karpinski*, Nos. 08 C 346 & 347, 2008 WL 2564785, at *1-2 (W.D. Wis. June 25, 2008) (recounting progression of Riches' filing of more than 1800 federal lawsuits in recent years and concluding that "[p]etitioner is not welcome here"); *see, e.g.*, *Riches v. Rushdie*, No. 08 C 449, 2008 WL 4516325 (S.D. Ill. Oct. 6, 2008); *Riches v. Kurtz*, No. 08 C 448, 2008 WL 2874948 (S.D. Ill. July 23, 2008); *Riches v. Garese*, No. 08 C 086, 2008 WL 2475733 (June 18, 2008); *Riches v. Olbermann*, No. 08 C 1452, 2008 WL 2321820 (May 30, 2008); *Riches v. Winfrey*, No. 07 C 05984, slip op. (N.D. Ill. Oct. 31, 2007);

**STATEMENT**

*Rich v. United Airlines Inc.*, No. 06 C 00978, slip. op. (N.D. Ill. Apr. 19, 2006). As mentioned by numerous courts, Riches has "struck out" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and therefore is unable to bring any new claims *in forma pauperis*. *See Rushdie*, 2008 WL 4516325, at *1 & n.2; *Karpinski*, 2008 WL 2564785, at *1; *Garese*, 2008 WL 2475733, at *1-3; *Olbermann,* 2008 WL 2321820, at *1-3; *Winfrey*, No. 07 C 05984, slip op. (N.D. Ill. Oct. 31, 2007). No longer able to file complaints, Riches has engaged in a new strategy of attempting to intervene in suits in which he has no legitimate business, thus meddling in federal proceedings without having to pay a filing fee. *See Riches v. 104th World Series*, No. 08 C 510, 2008 WL 4809642, (N.D. Ind. Oct. 31, 2008) (observing that Riches attempted to intervene in MDL 1700 pending in the Northern District of Indiana and restricting Riches from "filing any other papers in this court"); *In re Riches*, No. 105 C 99, 2008 WL 3978059, at *1-2 (S.D. Ga. Aug. 26, 2008) (enjoining Riches from "filing any further motion to intervene"). We will not permit Riches to do so here.

      We caution Riches that he will be subject to sanctions and/or restrictions on his ability to file papers in this Court if he further attempts to initiate lawsuits or intervene in pending litigation in the Northern District of Illinois. We are also forwarding a copy of this order to the Executive Committee to ensure that it is aware of Riches' litigation history and propensity for frivolous filings. It is so ordered.