**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: BORROWERS' CONSOLIDATED CLASS ACTION | |

**DEFENDANTS' BRIEF REGARDING SUGGESTED ADDITIONS TO AGENDA FOR DECEMBER 19, 2008 STATUS HEARING**

By Order dated November 25, 2008, this Court requested that the parties submit any response they have to the inclusion of two topics in the agenda for the December 19, 2008 Status Hearing: (1) Third Party Defendants' suggestion to include discussion of their responsive pleading obligation; and (2) Opt-Out Plaintiffs' suggestion to include discussion of whether to provide preferential treatment to certain of their clients by setting individualized discovery cutoff dates for those clients and removing such cases from the MDL process.

1. **Third Party Defendants' Responsive Pleading Obligation**

Defendants do not object to the inclusion of this topic in the agenda for the December 19, 2008 Status Hearing. Defendants further acknowledge that this Court has allowed Third Party Defendants to file up to three additional motions to dismiss (Docket Nos. 1958, 2200, 2393) and does not object to the filing of such motions provided that Third Party Defendants do not attempt to raise issues that have already been resolved by the Court's Order on their prior Consolidated Motion to Dismiss. [Docket No. 2455.] Defendants further take no position at this time on Third Party Defendants' request to file individual answers to the Consolidated Third Party Complaint, but rather leave that matter solely to the discretion of the Court.

### 2. Opt-Out Plaintiffs' Efforts to Remove Select Cases From the MDL Process

Defendants object to the inclusion of this issue in the agenda for the Status Hearing. Put simply, this is not a matter for a Status Hearing before this Court, but rather is an issue that must be resolved by an Order of the Multidistrict Litigation Panel ("MDL Panel"). 28 U.S.C. §1407(a); Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("MDL Rules") 7.6. Because Opt-Out Plaintiffs have not filed a supporting memorandum of points and authorities, Defendants cannot be certain of the legal basis for their request[1], but a review of 28 U.S.C. section 1407, the MDL Rules and the supporting case law, demonstrate that Opt-Out Plaintiffs' request is improper[2].

Section 1407(a) is clear that it is the responsibility of the **MDL Panel** – not the district court – to remand transferred cases when appropriate. *In re: Air Crash Disaster Near Chicago, Ill.*, 476 F.Supp. 445, 449 (Panel holding that "Once common pretrial proceedings and any other pretrial proceedings that the transferee court considers appropriate have been completed in the transferee district, each transferred action is to be remanded *by the Panel* for further pretrial and trial to the district from which each action was transferred") (emphasis added). MDL Rule 7.6 is consistent in requiring the Panel – not the district court – to order remand where appropriate.

While a district court has authority to recommend remand to the Panel consistent with the purposes underlying the MDL Rules, this should not be done prior to completion of coordinated pretrial proceedings. In *In re Zyprexa Products Liability Litigation,* 375 F.Supp.2d 170, the district court refused remand where "discovery and settlement negotiations [were] in progress" finding that "remand would be premature [and] . . . would frustrate the purpose of the MDL procedures which are designed to prevent unnecessary duplicative discovery work by transferor courts". *Id.* at 172. Similarly, in *In re Four Seasons Securities Laws Litigation*, 342 F.Supp. 758, 759, the MDL Panel denied a plaintiff's motion to remand his single case to its transferor

---

[1] Defendants reserve the right to respond in full to any motion Plaintiffs may file related to these issues.

[2] Opt-Out Plaintiffs' request for preferential treatment and remand is also surprising because the inception of this MDL Proceeding was entirely Plaintiff-driven and was opposed by Defendants from the time of the initial Motion to Transfer.

court, holding that "common discovery should be completed before remand of plaintiff's claim is considered". *Id.*

Accordingly, certain Opt-Out Plaintiffs' request of this Court to consider remand at a Status Hearing is not proper since the jurisdiction to make such a decision rests with the MDL Panel. Moreover, any recommendation to the Panel by this Court would be premature because common discovery has not been completed and mediation is ongoing. *See*, *In re Zyprexa; In re Four Seasons, supra*. There are in excess of 490 cases that have been transferred or reassigned to this MDL Proceeding, including no fewer than 24 class actions. Plaintiffs have not identified how many cases are the subject of their request for a separate discovery track and remand, but regardless of the number, to grant this request would create chaos as multiple cases proceed with separate discovery. It would also force the Class Plaintiffs to complete all common discovery on an expedited basis that would interfere with the ongoing Class mediation[3].

Moreover, not all parties are even before the Court at this time. There are no fewer than 33 cases in varying stages of transfer, with new cases filed on a weekly basis. Specifically, three cases are subject to formal pending motions to transfer; five cases have been identified to the MDL Panel as tag-along cases, but the Panel has not yet made any ruling; and 25 cases have been submitted to the Panel and assigned a status of "No Action Taken", in response to which Defendants intend to file Motions to Transfer before the December 19, 2008 Status Hearing. Defendants also have pending a Motion for Leave to File a Third Amended Consolidated Third Party Complaint. [Docket No. 2086.] While this Motion has not yet been ruled on, in light of the numerous new cases filed by Plaintiffs since the Motion was filed in April 2008, Defendants intend to file a new Motion for Leave to File a Third Amended Consolidated Third Party Complaint to include all such new parties. Thus, to expedite discovery for those Opt-Out Plaintiffs who apparently no longer wish to mediate in good faith would prejudice those parties who are not yet before the Court by leaving them with no opportunity to meaningfully participate

---

[3] The next mediation session for the Borrower Class and Non-Borrower Class claims is a multi-day session scheduled to take place on December 11 and 12, 2008 in New York City.

in the discovery process.

Finally, while Plaintiffs claim that their mediations have been unsuccessful, what they are really saying is that they no longer wish to participate in good faith in the ongoing mediation process. The most recent settlement efforts involved an offer made to all Opt-Out Plaintiffs that included two primary components: (1) a uniform cash payment, and (2) an individualized consideration of a loan modification. These efforts have resulted in the settlement of in excess of 63 claims to date, with an additional 156 loan modification applications from various Opt-Out Plaintiffs that are still under consideration by the appropriate servicers. The parties to the Opt-Out cases have further scheduled a three-day mediation to take place on February 18, 19 and 20, 2009 before the Honorable Donald O'Connell ("February Mediation") which is intended to address, on a more individualized basis, those cases that have not settled through the cash plus loan modification program offered to all Opt-Out Plaintiffs. Moreover, Third Party Defendants have made clear that they will not offer any new monetary contribution toward settlement until after all Motions to Dismiss are ruled on[4]. Accordingly, depending on the ruling on the anticipated Motions to Dismiss by Third Party Defendants, there may be additional flexibility in settlement. Thus, simply because a subset of Opt-Out Plaintiffs did not like the outcome of the loan modification program should not excuse them from good faith participation in the ongoing settlement discussions, particularly because Defendants will in good faith attempt to meet Plaintiffs' individual concerns regarding any remaining unsettled cases at the February Mediation.

Based on the foregoing, Defendants respectfully request that these select Opt-Out Plaintiffs' request to discuss individual discovery tracks and remand at the Status Hearing be denied. Even if the Court were willing to consider the request for remand, it involves such fundamental substantive and procedural issues that a formal motion must be required. Plaintiffs must prove both legally and factually why each particular claim should no longer be subject to

---

[4] As set forth above, Third-Party Defendants have indicated that they intend to file up to three additional Motions to Dismiss by the deadline of December 12, 2008.

the Transfer Order issued by the MDL Panel that has governed this proceeding from its inception. Thus, if the Court is willing to place Opt-Out Plaintiffs' issues on the agenda for the Status Hearing, the discussion should be limited to setting a briefing schedule on a motion for such relief.

DATED: December 3, 2008　　　　　　　　By:　/s/ Bernard E. LeSage
　　　　　　　　　　　　　　　　　　　　*Attorneys for Ameriquest Mortgage Company;*
　　　　　　　　　　　　　　　　　　　　*AMC Mortgage Services; Ameriquest Mortgage*
　　　　　　　　　　　　　　　　　　　　*Securities, Inc.; Town & Country Credit*
　　　　　　　　　　　　　　　　　　　　*Corporation; Town & Country Title Services,*
　　　　　　　　　　　　　　　　　　　　*Inc.; and ACC Capital Holdings Corporation*

　　　　　　　　　　　　　　　　　　　　Bernard E. LeSage, Esq.
　　　　　　　　　　　　　　　　　　　　BUCHALTER NEMER, a P.C.
　　　　　　　　　　　　　　　　　　　　1000 Wilshire Boulevard, Suite 1500
　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90017-2457
　　　　　　　　　　　　　　　　　　　　(213) 891-0700
　　　　　　　　　　　　　　　　　　　　(213) 896-0400 (fax)

- 6 -

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 3rd day of December 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  By: /s/ Bernard E. LeSage

BN 2450084v1