# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. ) <br> **MORTGAGE LENDING PRACTICES** ) <br> **LITIGATION** ) <br> _____ ) <br> ) <br> **AMERIQUEST MORTGAGE CO.,** ) <br> a Delaware Corporation, and **ARGENT** ) <br> **MORTGAGE CO. LLC,** a Delaware ) <br> Limited Liability Co., ) <br> ) <br> **Defendants / Third-Party** ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> **NORTHWEST TITLE AND ESCROW** ) <br> **CORPORATION,** a Minnesota Corp., et al., ) <br> ) <br> **Third-Party Defendants.** ) | MDL No. 1715 <br> Lead Case No. 05-7097 <br><br><br> Centralized before the <br> Honorable Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

On May 5, 2008, certain Third-Party Defendants filed a Motion for Entry of Order Appointing Liaison Counsel and Participation in Fees and Costs ("Motion"). (Dkt. No. 2135.) We granted this Motion in part on June 4, 2008, approving the proposed organizational structure for these Third-Party Defendants and appointing LandAmerica Parties'[1] counsel as Liaison Counsel. (Dkt. No. 2178.) On September 8, 2008, we continued the Motion with respect to Liaison Counsel's request for $110,000 in attorneys' fees as reimbursement for work performed for the benefit of Third-Party Defendants prior to its appointment. (Dkt. No. 2347.) Pursuant to

---

[1] The LandAmerica Parties are Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Transnation Title Insurance Company, LandAmerica Financial Group, Inc., and Commonwealth Land Title Company. (Liaison Counsel Resp. to Obj. n.1.)

that order, on September 29, 2008, Liaison Counsel submitted their Supporting Documentation Detailing Liaison Counsel Fees and Expenses Prior to June 4, 2008 ("Supporting Documentation"). (Dkt. No. 2423.) On October 17, 2008, one Third-Party Defendant – Mortgage Information Systems, Inc. ("MIS") – filed an objection to Liaison Counsel's reimbursement request. As discussed below, we find merit in several of MIS' arguments. Accordingly, we grant LandAmerica Parties' Motion in part, and deny it in part.

**BACKGROUND**

As set forth in the Motion, Supporting Documentation, and response to MIS' objection, Liaison Counsel has incurred $159,154.25 in attorneys' fees for work performed prior to their appointment on June 4, 2008, which has been paid thus far by their client, LandAmerica Parties. (Supp. Doc. at 2-3.) LandAmerica Parties now seeks reimbursement for those payments. (Dkt. No. 2135.) Through compromise among Third-Party Defendants (except MIS), LandAmerica Parties agreed to limit its total reimbursement for this initial portion of Liaison Counsel's work to $110,000.[2] (Mot. at 8-9; Supp. Doc. at 2-3; Liaison Counsel Resp. to Obj. at 1-2.)

LandAmerica Parties state that their counsel has served as *de facto* liaison counsel since October 2007. (Mot. at 6.) By way of history, on October 23, 2007, Third-Party Plaintiffs' filed their Motion Regarding Certain Case Management Issues with Respect to Defendants' Third-Party Complaint, asking that we bind Third-Party Defendants to certain prior orders and require

---

[2] Liaison Counsel proposed, and we approved an order establishing, that any reimburseable amounts shall be split among Third-Party Defendants, with half of such amounts paid on a "per party" basis and the other half paid on a "per transaction" basis. (Dkt. No. 2347.) Thus, based on Liaison Counsel's most recent estimation – and using their $110,000 for demonstrative purposes – each Third-Party Defendant would pay a flat $495.50, plus an additional $116.77 for each transaction affecting that particular party. (Supp. Doc. at 2.)

them to organize and identify lead counsel ("Case Management Motion"). (Dkt. No. 1396.) Liaison Counsel asserts that, therefore, "it became apparent that Third-Party Defendants were going to have to work through Liaison Counsel by October 2007." (Liaison Counsel Resp. to Obj. at 3.) On December 10, 2007, we ordered Third-Party Defendants – a non-homogeneous group that consists of three primary subsets – to coordinate and file a consolidated motion to dismiss. (Dkt. No. 1779.) Thereafter, on February 11, 2008, we granted Third-Party Defendants the opportunity to develop an organizational structure that suits the needs of the various types of defendants. (Dkt. No. 1958.) On May 5, 2008, LandAmerica Parties filed the Motion proposing Third-Party Defendants' organizational structure, which we approved on June 4, 2008. (Dkt. Nos. 2135, 2178.)

In their informal role prior to their June 4, 2008 appointment, Liaison Counsel spearheaded coordination of Third-Party Defendants, prepared and briefed Third-Party Defendants' Consolidated Motion to Dismiss (Dkt. No. 2034), and filed other case management documents to facilitate the third-party action, among other things. (Mot. at 7-8; *see also* Supp. Doc., Ex. A, Decl. of Keith Verges at Ex. 1 ("Time Entries").) Liaison Counsel represents that no Third-Party Defendant – not even MIS – has objected to the quality of their representation. (Mot. at 6.)

Although MIS does not quarrel with Liaison Counsel's appointment, MIS contends that Third-Party Defendants participating in the committee structure approved by the Court should pay their own fees and expenses. (MIS Partial Opp. to Mot. at 2-3.) MIS points out that Liaison Counsel voluntarily assumed their leadership role in October 2007, two months before MIS filed its appearance. (*Id.* at 3.) MIS further argues that *all* of Third-Party Defendants' counsel "spent

time communicating and coordinating with counsel for the other Third-Party Defendants during that time" but billed "their own clients for that work." (Obj. at 4.) As a result, MIS posits that Liaison Counsel is not entitled to fees incurred before their appointment on June 4, 2008, "much less fees that were incurred before the Court even asked for consolidated briefing or committee structure." (*Id*. at 3.) In the alternative, MIS challenges Liaison Counsel's reimbursement requests based on alleged deficiencies in the Time Entries. (*Id.* at 5-10.)

## ANALYSIS

Despite MIS' objection to the contrary, we have the discretion not only to appoint Liaison Counsel, but also to order Third-Party Defendants to reimburse Liaison Counsel for reasonable expenses incurred in their performance of work for the common benefit. *See, e.g.*, *Manual for Complex Litigation* § 14.11 (4th ed. 2004) (hereinafter "*MCL*") (stating that "the court may award fees to lead counsel, liaison counsel, and other attorneys designated to perform tasks on behalf of a group of litigants"); Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 9:33 (4th ed. 2002) (providing that "liaison counsel is usually entitled to be compensated for liaison functions"). Such representatives receive compensation because typically they "have been appointed by the court to perform functions necessary for the management of the case but not appropriately charged to their clients." *MCL* § 14.215. Under these circumstances, we may order Third-Party Defendants to reimburse LandAmerica Parties[3] for Liaison Counsel's efforts (past and future) but will not do so unless we are confident that

---

[3] At present, it appears that reimbursement would be owed to LandAmerica Parties, who paid for Liaison Counsel's work up front, but we leave it to the parties to sort out such details. We recognize that, in the future, reimbursement may be owed directly to Liaison Counsel. Indeed, we previously ordered Liaison Counsel to establish a fund to receive such payments. (Dkt. No. 2347.)

those efforts were legitimate and designed to benefit Third-Party Defendants as a group.

### A. Fees Incurred Prior to February 11, 2008 Are Not Reimburseable.

Here, we agree with MIS that Liaison Counsel is not entitled to reimbursement for fees it incurred prior to February 11, 2008, at which time we first ordered Third-Party Defendants to designate counsel leadership. (Dkt. No. 1958.)

In doing so, we recognize that Liaison Counsel had voluntarily stepped into a leadership role prior to February 11, 2008. For example, on December 28, 2007, Liaison Counsel filed Third-Party Defendants' Response to the Case Management Motion and Motion to Reconsider December 10 and 12, 2007 Minute Entries on behalf of a large group of defendants, including MIS. (Dkt. No. 1841.) In that brief, Liaison Counsel indicated that "Third-Party Defendants have conferred on many occasions" and had been "working on the formation of committees to draft consolidated pleadings." (Resp. to Case Mgmt. Mot. & Mot. to Reconsider at 3, 8.) Along the same lines, MIS has noted that "[i]n January 2008, LandAmerica Parties submitted a draft motion to dismiss and asked the other Third-Party Defendants to review that motion and join if they so desired." (MIS Partial Opp. to Mot. at 3.) Our February 11, 2008 order expressly cites Third-Party Defendants' "mutual cooperation to date" in granting their Motion to Reconsider, and surely that cooperation resulted in part from Liaison Counsel's efforts.

As MIS suggests, however, coordination of Third-Party Defendants would be impossible without their mutual participation. For example, each active Third-Party Defendant may have participated in conference calls scheduled early on by Liaison Counsel, but they have presumably paid their counsels for that individual representation. (*See* Obj. at 4.) In response, Liaison Counsel contends that "it became apparent that Third-Party Defendants were going to

have to work through Liaison Counsel by October 2007." (Liaison Counsel Resp. to Obj. at 3.) Although it became apparent by late 2007 that Third-Party Defendants were going to have to work *together* per our orders, the eventual leadership structure – not formalized until June 2008 – was not so obvious. In addition, none of our orders provided that any Third-Party Defendant counsel leadership would be compensated.

We appreciate the fact that several of our orders in 2007 demanded that the parties take a consolidated approach to this action. We further appreciate that counsel for Third-Party Defendants were thus required to work together to file pleadings and maintain communications and that counsel leadership – assumed by Liaison Counsel – facilitated such coordination. Nonetheless, we conclude that, prior to our order of February 11, 2008, Liaison Counsel should not have held any expectation of reimbursement for its voluntary efforts, nor would Third-Party Defendants have reasonably expected to be billed for that work. *See, e.g.*, *In re Abbott Labs. Omniflox*, No. 94C2469, 1997 WL 162891, at *2 (N.D. Ill. Mar. 26, 1997) (commenting that prior to the entry of the order appointing counsel, "the attorneys had no reasonable expectation of compensation from a common fund"). Accordingly, we deny the Motion as to all attorneys' fees incurred by Liaison Counsel prior to February 11, 2008.[4]

### B. Fees Incurred after February 11, 2008

We turn now to briefly address several of MIS' concerns with Liaison Counsel's Time

---

[4] Given Liaison Counsel's representation that they voluntarily reduced their reimbursement request as part of a compromise with other Third-Party Defendants, we conclude it would be unfair to use the already-negotiated $110,000 as the starting figure for our analysis. Moreover, we do not know what the $110,000 represents. Accordingly, we shall work off the Time Entries submitted by Liaison Counsel detailing the actual work performed. Relying on MIS' calculations, our above ruling thus reduces Liaison Counsel's reimbursable fees from $159,154.25 to $79,831.50. (Obj. at 3.)

Entries, for work performed on or after February 11, 2008.

### 1. Block-Billing in Time Entries.

While it would have been helpful for us if Liaison Counsel had broken down several of its more substantial Time Entries, their failure to do so does not warrant any reduction in their reimbursement award, as sought by MIS. (Obj. at 5-6.) As Liaison Counsel correctly states, block-billing is not a prohibited practice *per se* in the Seventh Circuit. *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006). Moreover, the challenged Time Entries – formatted as a "daily diary" – are not such an egregious example of block-billing that we question the legitimacy of the work performed or its value to Third-Party Defendants as a group.

### 2. Reasonableness of Hours Worked.

MIS argues that Liaison Counsel has billed Third-Party Defendants for time unreasonably expended. (Obj. at 7-9.) Specifically, MIS challenges the amount of time Liaison Counsel spent: (a) briefing the Consolidated Motion to Dismiss; (b) preparing the Third-Party Defendants' Response to the Case Management Motion and Motion to Reconsider December 10 and 12, 2007 Minute Entries; and (c) drafting and revising "a proposed order designating itself as liaison counsel" and the "corresponding partipation agreement for fees." (Obj. at 7-8.)

Our earlier ruling denying reimbursement for fees incurred before February 11, 2008 resolves part of this dispute. Indeed, we have already held Liaison Counsel may not recoup the time spent on Third-Party Defendants' Response to the Case Management Motion and Motion to Reconsider December 10 and 12, 2007 Minute Entries. A significant amount of Liaison Counsel's work with respect to the Consolidated Motion to Dismiss also occurred prior to February 11, 2008. Thereafter, Liaison Counsel performed much necessary work in the weeks

immediately prior to the filing of that motion and in preparation of the reply brief.[5]  At that time, Liaison Counsel unequivocally acted in the interests of the many Third-Party Defendants (including MIS) who affirmatively joined in the Consolidated Motion to Dismiss.  Under the circumstances, these efforts – requiring approximately 100 hours' worth of work – were not unreasonable and, moreover, were ultimately quite successful.[6]  We thus deny MIS' request for a further reduction in Liaison Counsel's fees related to the Case Management Motion and Consolidated Motion to Dismiss.

On the other hand, we agree with MIS that not all of the hours Liaison Counsel spent developing Third-Party Defendants' organizational structure and its fee-sharing proposal should be billed to Third-Party Defendants.  (Obj. at 8.)  MIS objects to approximately 61.5 hours, representing about $16,000 in fees, that Liaison Counsel devoted to drafting and completing the order designating itself as liaison counsel and seeking reimbursement of its fees.  (*Id.*)  Liaison Counsel specifically expended a portion of that time drafting and negotiating a Participation Agreement between itself and Third-Party Defendants.  (*See* Supp. Doc., Ex. A, Decl. of Keith Verges, Ex. 1 at 13-26.)  While the parties have not told us what became of that proposal, it plainly sought Third-Party Defendants' agreement in some fee-sharing arrangement.  (*Id.* at 18 (March 20, 2008 entry noting time to "draft and revise fee sharing Participation Agreement").)

---

[5] By our count, Liaison Counsel billed approximately 100 hours after February 11, 2008 for work concerning the Consolidated Motion to Dismiss.  (*See* Supp. Doc., Ex. A, Decl. of Keith Verges, Ex. 1 at 13-26.)  Based on MIS' identification of objectionable Time Entries, only 52 of the 126 entries for the Consolidated Motion to Dismiss occurred during this period.

[6] On October 14, 2008, we granted the Consolidated Motion to Dismiss in part but denied the motion as to First, Fifth and Sixth Causes of Action alleging breach of contract.  (Dkt. Nos. 2452, 2455.)

Liaison Counsel's efforts coordinating Third-Party Defendants and their development of a leadership structure are reasonably charged back to Third-Party Defendants. Liaison Counsel's work researching and proposing fee-sharing arrangements, however, is not similarly intended to benefit the group as a whole. Although we conclude (as we have before) that Liaison Counsel should be compensated for the work they perform on behalf of Third-Party Defendants, we do not believe that Liaison Counsel's efforts to secure their own fee reimbursement is appropriately billed to other parties. For that reason, we shall reduce Liaison Counsel's reimbursement for this work by roughly 50%.[7]

In addition to challenging Liaison Counsel's time expended on particular filings, MIS also objects to Time Entries indicating that the billing lawyer may have performed clerical work. (Obj. at 8-9.) For work performed on or after February 11, 2008, MIS disputes 15 Time Entries, which stated that, among other things, Liaison Counsel revised a client/counsel list pertinent to the Consolidated Motion to Dismiss. (*Id.*; Supp. Doc., Ex. A, Decl. of Keith Verges, Ex. 1 at 13-17.) Having reviewed these Time Entries, we find that, on the whole, they do not warrant a reduction in Liaison Counsel's fee reimbursement. Liaison Counsel's work identifying which Third-Party Defendants wished to join in the Consolidated Motion to Dismiss is not purely "clerical." Indeed, that is part and parcel of Liaison Counsel's duties. Moreover, given the size of this MDL and the coordination efforts take on by Liaison Counsel, it is not unreasonable that a lawyer – even a partner – might devote a marginal amount of time to ensure that exhibits to

---

[7] For reasons discussed below in section B.3, we strike two of the Time Entries for this work. (*See* Obj. at 10 (objecting to work performed February 28-29, 2008).) These two Time Entries, totaling $1,564 in fees, will not be considered part of the "PO/PA" time described in MIS' objection. (*Id.* at 8 & Ex. A at 15.) Thus, the actual reduction in award for 50% of the time spent on the proposed order and Participation Agreement amounts to $7,239.50.

motions, and broader communication systems, are accurate.[8] We therefore decline to adjust the reimbursement amount based on MIS' objection.

   **3.  Hours Researching Fee Reimbursement Issues.**

As discussed above, we will not order Third-Party Defendants to compensate Liaison Counsel for time spent preparing fee-sharing arrangements. Along the same lines, and as suggested by MIS, Liaison Counsel should not be reimbursed for research and other efforts related to their fee proposals and petitions. (Obj. at 9-10.) Although under more traditional circumstances courts may award "a reasonable fee for the time expended in preparing and litigating the fee petition," such an award would be inappropriate in the present case. *Trustees of Chi. Plastering Inst. Pension Tr. v. Cork Plastering, Inc.*, No. 03 C 6867, 2008 WL 728897, at *6 (N.D. Ill. Mar. 18, 2008) (commenting that such an award is reasonably granted "when a prevailing party is forced to litigate to obtain a fee award"); *see, e.g.*, *Torgerson v. Arrow Fin. Servs.*, No. 06 C 6032, 2007 WL 1941752, at *3 (N.D. Ill. June 29, 2007) (denying reimbursement request for time "spent to draft a fee agreement because such time is not appropriately billed to the client"). Here, Third-Party Defendants are not truly adversaries, nor is this award dependent on any judgment in favor of LandAmerica Parties. Liaison Counsel has no right to recoup its fees under statute or other authority, beyond our decisions ordering reimbursement and setting limits thereon. Our authorization of this reimbursement serves to compensate Liaison Counsel for work they have performed for the benefit of the group and the Court. Because we do not view time expended on fee-sharing arrangements as benefitting the

---

[8] By our calculation and based on Liaison Counsel's work descriptions, fewer than 8 hours, of the approximately 20 billable hours identified by MIS, could be viewed as "clerical."

greater good, we will reduce Liaison Counsel's reimbursement award by $2,572, pursuant to MIS' objection. (Obj. at 10.)

### C. Future Fee Reimbursement Requests.

Finally, we recognize that Liaison Counsel has another pending reimbursement request, filed October 3, 2008, for expenses incurred from June 4, 2008 through September 4, 2008. (Dkt. No. 2437.) Any objections thereto shall be filed by December 31, 2008, and Liaison Counsel may reply by January 14, 2009. Going forward, Third-Party Defendants shall file any objections to future reimbursement requests within fourteen (14) days of Liaison Counsel's filing of the request and accompanying documentation. Liaison Counsel shall have seven (7) days to reply in support of its request.

## CONCLUSION

For the reasons set forth above, we award Liaison Counsel $70,020 as compensation for work performed on behalf of Third-Party Defendants through June 4, 2008. Third-Party Defendants, including MIS, shall reimburse Liaison Counsel pursuant to the formula previously approved by the Court. This ruling disposes of all pending issues presented in the Motion. (Dkt. No. 2135.)

Objections to Liaison Counsel's pending reimbursement request must be filed by December 31, 2008, with Liaison Counsel's reply due January 14, 2009. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: December 10, 2008