IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | )<br>)<br>)<br>)<br>) | MDL No. 1715<br><br>Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | )<br>)<br>)<br>) | Centralized before Judge<br>Marvin E. Aspen |

**CERTAIN OPT-OUT PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF REGARDING SUGGESTED ADDITIONS TO AGENDA FOR DECEMBER 19, 2008 STATUS HEARING**

Opt-out Plaintiffs represented by Edelman, Combs, Latturner, and Goodwin, LLC are submitting this filing in response to Defendants' Brief Regarding Suggested Additions to Agenda for December 19, 2008 Status Hearing.

Contrary to Defendants' suggestion, plaintiffs are not seeking to disrupt the MDL proceeding or the mediation process. Rather, plaintiffs' merely wish to discuss a procedure that would allow certain Plaintiffs who have mediated with no success to complete discovery, if not already completed, and then have their cases tried before their original District Court. This is not intended to be a greatly utilized mechanism; it is for a small sub-set of plaintiffs who appear unable to receive finality through the mediation process and whose claims are ready to proceed to trial or to at least be placed on a path towards trial.

Although the number of plaintiffs utilizing the release mechanism is not anticipated to be great, such a mechanism is crucial for many plaintiffs. This MDL was created and assigned to this Court for consolidated pre-trial proceedings on December 13, 2005. Nearly three years later, most plaintiffs have made little progress toward resolving their claims. In the meantime,

1

several formerly solvent defendants have either filed for bankruptcy or have been taken over by the FDIC, such as Washington Mutual Bank, Lehman Brothers, Archer Title, Guarantee Title, and Land America Financial Group. Requiring all plaintiffs, even those who have already mediated in good faith with no success to remain in the MDL until all of the over 700 cases are mediated may cause substantial prejudice to many plaintiffs. Additionally, new cases are continually filed, and it is unfair to require plaintiffs who filed their cases years ago to be on the same schedule as newly filed cases.

An example of plaintiffs who are appropriate candidates for release from the MDL are Terry and Cheryl Talley. The Talleys filed suit against defendant Ameriquest Mortgage Company and affiliates on February 23, 2005 in the District Court for the Northern District of Illinois, before the MDL existed, to rescind their mortgage loan and to recover damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226. The Talleys have many claims arising from their mortgage loan. They received multiple copies of two different notices of right to cancel, one of which was not completed. Ameriquest or its agent did not fund the loan or disburse the loan proceeds until on or about November 5, 2003, although the loan closed on or about September 30, 2003. Plaintiffs incurred adverse credit reporting as well as late fees and interest as a result. Ameriquest and its agents also changed the disbursements for the loan but did not bother to inform the Talleys until December 15, 2003. As a result, the loan terms were not agreed to until December, and all of Ameriquest's TILA disclosures to the Talleys are inaccurate and misdated. Furthermore, the Talleys paid a "loan discount fee" of $7,798.65 but allegedly did not receive a discounted interest rate.

The Talleys completed discovery before their case was transferred to the MDL on April 24, 2006. A motion to release them from a previous stay in this litigation due to financial hardship was filed in September of 2006. Yet adjudication of their claims is still delayed, despite the fact that discovery is completed and the case is ready to be tried. They filed a loan modification application on August 11, 2008 and have yet to receive an offer for a modification. Despite defendants' statements that third party defendants may bring with them more money with which to increase settlement offers, the third-party title company in the Talley's case is in default and has not participated in any way in the litigation.

Melissa Harris is another plaintiff who would benefit by a release from the MDL. Ms. Harris originally filed her claim in the United States District Court for the Central District of Illinois, Rock Island Division, on April 20, 2006, and was transferred to the MDL on June 30, 2006. Ms. Harris's claims include a fraudulent appraisal, ambiguous and incomplete notices of right to cancel, and payment of a "loan discount fee" that did not lead to an actual decrease in her loan amount. Despite her financial difficulties and the wrongdoing involved in the origination of her refinancing, Ms. Harris has managed to remain current on her mortgage payments, although she is severely straining to do so. Pursuant to mediation in this case, Ms. Harris received a "loan modification proposal" that actually would have *increased* her monthly payment, which she naturally rejected. Her title company, Tristar Title, is defunct and had its license revoked by the state of Illinois. Thus, there appears to be no money to be recouped from the title company, and Ms. Harris is continually struggling to make mortgage payments that she cannot afford. Unlike some plaintiffs who are in default on their mortgages and thus benefit from the litigation hold upon foreclosures, Ms. Harris is continually injured by the delay in the litigation.

Defendants are correct in stating that the MDL panel is the proper body to decide whether or not to release a party from the MDL where the panel placed that party into the MDL. However, this does not address the fact that there must be a procedure for getting plaintiffs to the point where they can request a release from the panel. Further, the MDL panel would not need to order remand for cases that did not go through the MDL panel, namely, cases that were transferred to this Court by other Northern District of Illinois judges.

Defendants stated that plaintiffs who wish to be released from the MDL should be forced to continue to mediate in good faith. However, for plaintiffs who have rejected the small "take-it-or-leave-it" offers and were not offered loan modification proposals, there is no apparent next step for mediation. It is quite ironic that defendants are pedaling the concept of mediating in good faith while only making "take-it-or-leave-it" offers. Defendants are not willing to negotiate or engage in any sort of meaningful discussion regarding settlement, and thus it is extremely unfair to expect plaintiffs who are struggling to make their payments and have been offered no reasonable settlement by defendants to continue to "mediate in good faith."

WHEREFORE, because there is clearly a need for a procedure that would allow certain plaintiffs who have mediated with no success to obtain a final discovery cut-off, and then be released from the MDL for trial before their original District Court, plaintiffs request that this be included as an item on the agenda for the December 19, 2008 status hearing.


Dated: December 11, 2008                    Respectfully submitted,


                                            s/Cathleen M. Combs
                                            Cathleen M. Combs

4

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois, 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

 I, Cathleen M. Combs, hereby certify that on December 11, 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com, glewi@lchb.com, rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com, Linda@Keoghlaw.com

Synde B. Keywell

skeywell@ngelaw.com,
kdalsanto@ngelaw.com
Stephen Philip Kiloler
skikoler@muchshelist.com

Gary Edward Klein
klien@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com, sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfaucher.com,
jramirez@millerfaucher.com,
snyland@millerfaucher.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

Andrew G. Pizor
apizor@consumerlawgroup.com

Dominic J. Rizzi
drizzi@millerfaucher.com

Samuel H. Rudman
srudman@lerachlaw.com

Craig Allan Varga

cvarga@vblhc.com

Thomas Joseph Wiegand
twiegand@winston.com,
ECF_CH@winston.com

Lorne Todd Saeks
lsaeks@muchshelist.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com,
dstephens@jameshoyer.com,
jbowman@jameshoyer.com,
lmartin@jameshoyer.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com

                                                  s/Cathleen M. Combs
                                                  Cathleen M. Combs

*Attorneys for Plaintiffs*
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)