## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | MDL No. 1715 Lead Case No. 05 C 7097 | **DATE** | December 12, 2008 |
| **CASE TITLE** | In Re: Ameriquest Mortgage Co. Ameriquest Mortgage Co., v. Northwest Title and Escrow Corp. | | |

**DOCKET ENTRY TEXT**

As set forth in the minute order, we grant Opt-Out Plaintiffs' Motion to Clarify (Dkt. No. 2377). We also deny Defendants' Motion to Compel as moot (Dkt. No. 2337). It is so ordered

■[ For further details see text below.]

00:00

## STATEMENT

On August 22, 2008, a subset of Opt-Out Plaintiffs filed a Motion for Summary Judgment ("*Furgeson* Motion"), arguing that the disclosure statements provided to them by Ameriquest violated the Truth in Lending Act ("TILA"), as interpreted by the Seventh Circuit in *Hamm v. Ameriquest Mortgage Corp.*, 506 F.3d 525 (7th Cir. 2007). (Dkt. Nos. 2301-03.) Shortly thereafter, a different subset of Opt-Out Plaintiffs filed a Motion for Partial Summary Judgment ("*Bailey* Motion"), contending that Ameriquest violated TILA by issuing them improper Notices of Right to Cancel based on the wrong Federal Reserve Board Model Form. (Dkt. Nos. 2332-36.)

     In response to the *Furgeson* Motion, on August 27, 2008, Defendants filed a Motion to Compel Individual Plaintiffs to Follow This Court's November 7, 2006 Case Management Order, arguing that Opt-Out Plaintiffs could file only one consolidated summary judgment motion. (Dkt. No. 2337.) The next day, they also filed an objection to the *Bailey* Motion, again contending that our Case Management Order prohibits piecemeal, "test case" motion practice. (Dkt. No. 2339.) On September 19, 2008, Opt-Out Plaintiffs filed their Motion to Clarify November 7, 2006 Memorandum Opinion and Order (Dkt. No. 2377), asking that we clarify: (1) whether they may file only one summary judgment motion on behalf of all Opt-Out Plaintiffs; and (2) whether discovery in all MDL Opt-Out "cases must be completed before dispositive motions may be filed." (Mot. to Clarify at 1.) We hereby grant the motion and offer the following guidance.

     As both parties have mentioned, the Case Management Order provides, in pertinent part, that "either or both sides may move for summary judgment on common legal issues." (11/07/06 Order at 13.) This language emphasizes, and we again stress, that we will entertain consolidated summary judgment motions "on common legal issues." (*Id.*) Opt-Out Plaintiffs thus are not limited to filing only a single summary judgment covering all parties and claims. They are, however, limited to filing summary judgment motions based on purely legal, global issues only. We will not be resolving unique factual disputes; summary judgment motions raising factual issues are not permitted and must be filed only before the transferor court, if and when remand occurs. Because no factual issues will be addressed, Opt-Out Plaintiffs are not necessarily required to wait until the close of discovery in all individual actions before filing summary judgment motions. Nonetheless, if a particular motion

**STATEMENT**

is filed prematurely, it shall be denied.

In addition, Opt-Out Plaintiffs must coordinate among themselves, prior to filing a summary judgment motion. Any ruling on a summary judgment motion, such as the *Furgeson* and *Bailey* Motions, will be binding on all Opt-Out Plaintiffs. Furthermore, we will not address duplicative motions that might stem from our initial ruling – each legal issue shall be addressed only once. Accordingly, it is in Opt-Out Plaintiffs' best interests to work together in developing, refining and presenting their common legal arguments and must file any such motion jointly.

In light of the above, we strike the pending *Furgeson* and *Bailey* Motions, with leave to refile within 45 days. Opt-Out Plaintiffs should evaluate these motions and ensure that they present truly legal, global issues. If they wish to proceed with summary judgment, Opt-Out Plaintiffs preparing such motions – with assistance as needed from the Individual Claims Steering Committee – must coordinate with other individual plaintiffs to ensure that all common issues and affected parties are included in the motion. Any motion filed must clearly identify which Opt-Out Plaintiffs have expressly joined therein. Pursuant to Opt-Out Plaintiffs' suggestion, submitted by the plaintiffs presenting the *Furgeson* Motion, we grant them 45 days, or until Monday, January 26, 2009, to refile these motions. (*See* Dkt. No. 2367, Resp. to Def.'s Mot. to Compel at 3.)

As set forth above, we grant Opt-Out Plaintiffs' Motion to Clarify (Dkt. No. 2377). We also deny Defendants' Motion to Compel as moot (Dkt. No. 2337). It is so ordered