# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before the Honorable Marvin E. Aspen |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, et al., <br><br> Third-Party Defendants. | |

**MOTION TO EXTEND TIME TO FILE AN ADDITIONAL MOTION TO DISMISS AND/OR ANSWER THE THIRD-PARTY COMPLAINT BY CERTAIN THIRD-PARTY DEFENDANTS**

Certain Third-Party Defendants who may be generally categorized as part of the subgroup of "Closer" Third-Party Defendants, through the undersigned Counsel, request that the Court extend the deadlines to file responsive pleadings to the Third-Party Complaint originally set forth in the Courts February 11, 2008, Order (Doc. No. 1958), and in support thereof state:

On December 10 and 12, 2007, the Court ordered the Third-Party Defendants to "coordinate and file a consolidated answer or a consolidated motion to dismiss."

Third-Party Defendants sought relief from the Court's order on the grounds that coordinating and consolidating the numerous and disparate defenses of the Third-Party Defendants was impracticable.

On February 11, 2008, the Court granted Third-Party Defendants leave to file both a consolidated motion to dismiss by March 14, 2008, and three additional motions to dismiss, consolidated by subgroup (brokers; title examiners and closing agents; and underwriters) by June 20, 2008. If relevant, Third-Party Defendants were to file three answers, again consolidated by subgroup, thirty days after a ruling on the additional motions.

On March 14, 2008, Third-Party Defendants filed a consolidated motion to dismiss.

Due to the pending ruling on the Third-Party Defendants' consolidated motion to dismiss, on September 25, 2008, the Court extended the deadlines for the additional pleadings delineated in the February 11, 2008 Order such that Third-Party Defendants were to file to file additional motions to dismiss sixty days after the Court enters any order on third-party defendants' consolidated motion to dismiss; any responses to be filed forty days after any additional motion(s) are filed; and any reply(ies) to be filed twenty-one days after the response(s).

On October 14, 2008, the Court entered an Order granting, in part, Third-Party Defendants' consolidated motion to dismiss leaving only the counts sounding in breach of contract (Counts I, V and VI).

Up to that time, the Third-Party Defendants had participated in three mediation sessions regarding the Individual/Opt-Out claims. It was not until shortly before the fourth mediation that the Third-Party Defendants received individual settlement demands from the Third-Party Plaintiffs. This fourth mediation session was scheduled for November 5, 2008. Following discussion with all parties and the mediator, this mediation was canceled and a multi-day mediation now is scheduled for February 17-19, 2009. It is anticipated that the settlement of individual loans (or loan categories) will be discussed at these sessions.

As the Court is aware, a status conference is scheduled for December 19, 2008, at which time the parties have been instructed to brief and present various agenda issues related to the litigation, including the status of discovery to date, identify any pending motions, describe any issues that may be raised at the status hearing, and any additional matters that may require attention.

The Third-Party Defendants continue to be hampered in coordinating a consolidated response sufficient to address each of their individual defenses. While they were able to present an initial motion to dismiss, it is proving a much more difficult effort at the subgroup level due to the broad spectrum of loan exposure, applicable case law, and information available from discovery. For example, while some documentation regarding the individual loans has been provided to the Third-Party Defendants, many Third-Party Defendants have no documentation regarding the loans at issue – in particular documentation sufficient to support or attack the existence and terms of any contract between the Third-Party Plaintiffs and Third-Party Defendants.

These issues were raised in the briefs for the Third-Party Defendants' Motions Regarding the December 10 and 11, 2007 Minute Entries, [i.e. Docket Entry No. 1847] and include (1) individual state laws figure heavily in any remaining defenses to the contract claim; (2) each Third-Party Defendant is involved in relatively few loans; (3) few of the Third-Party Defendants have participated in direct discovery with the plaintiffs; and (4) many of the Third-Party Defendants do not have aligned interests.

Given the agenda for the pending status conference and the anticipation of the mediation scheduled for February 17-19, 2009, certain Third-Party Defendants request that the Court

extend the deadlines for filing any additional motions to dismiss and/or any answer(s) until forty-five (45) days following the aforementioned mediation.

### RELIEF REQUESTED

For the reasons set forth above, certain Third-Party Defendants respectfully request that the Court permit them to file any necessary additional motions to dismiss and/or any answer(s), consolidated by subgroup (brokers; title examiners and closing agents; and underwriters) forty-five (45) days after the conclusion of the February 2009 mediation sessions. In the alternative, certain Third-Party Defendants request that the Court at the least continue above deadlines by adding the discussion to the agenda for the December 19, 2008 hearing such that they can be more thoroughly addressed.

Dated: December 12, 2008

Respectfully submitted,

By: /S/ Christopher H. Murphy
*Attorneys for Battersby Title, Inc.; Colonial Title, Inc., Heights Title Agency, Inc.; National Real Estate Information Services of New Jersey; Superior Closing Services, Inc.; Taylor Title Inc.; Title-Tech Networks, Inc., and Towne & Country Land Title Agency, Inc*

Christopher H. Murphy, Esq.
COZEN O'CONNOR
222 S. Riverside Plaza
Suite 1500
Chicago, IL 60606
(p) 312.382.3150
(f) 312.706.9755

## **CERTIFICATE OF SERVICE**

      I, Christopher H. Murphy, hereby certify that on this the 12th day of December, 2008, the foregoing document was filed electronically. Notice of this filing was sent to counsel of record by operation of this Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

                                            By: **/S/ Christopher H. Murphy**