**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  MDL No. 1715<br><br>Lead Case No. 1:05-cv-07097<br><br>Centralized before the<br>Hon. Marvin E. Aspen<br><br>Hon. Morton Denlow,<br>Magistrate Judge |
| THIS DOCUMENT RELATES TO MULTIPLE ACTIONS | | |

**INDIVIDUAL CLAIMANTS STEERING COMMITTEE'S
STATUS REPORT**

The members of the Individual Claims Steering Committee (ICSC) submit this status report in order to inform the Court of the current status of the mediation of the Opt-Out Plaintiffs' claims and this litigation. In brief, there has been progress in only a very small percentage of cases and the parties are at an impasse with respect to many of the remainder. To date, only 52 of the approximately 900 individual cases have been settled or are near settlement.

I. **THE MEDIATION PROCESS**

A. **The Last Mediation With All Parties Present**

As reported in the ICSC's last status report, the last in-person mediation session at which all parties -- Opt-Out Plaintiffs, defendants, third party defendants, assignees, investors, servicers and insurers -- were present was held on May 7, 2008. Two categories of cases for possible settlement were identified: (1) approximately 380 cases involving already paid-off loans (due to refinancing or sale of the home); and (2) several hundred other cases that might be amenable to

resolution through modification of loans that have not been paid off. As to the former, a handful of the plaintiffs accepted Ameriquest's minimal "take it or leave it" payment offers, which have now expired. More than 300 of these paid off loan cases therefore remain pending. As to the second category of cases, those needing loan modifications, scores of Opt-Out Plaintiffs long ago submitted applications for loan modifications to Ameriquest, but only approximately 52 have been resolved, in significant part because, despite plaintiffs' strong claims for rescission, the Ameriquest defendants and the defendant assignees/investors have been unwilling to reduce the principal owed on the toxic loans Ameriquest originated.

### B. November 1 and 5, 2008 Telephone Conference Sessions

The most recent effort to further the mediation process occurred in early November, 2008, when the parties conferred with Judge O'Connell by telephone conference call. Once again, the unresolved efforts of certain Third Party Defendants to have themselves dismissed from the litigation was raised as an impediment to progress on settlements. Nevertheless, the parties agreed to attempt to settle sets of cases, grouped by Third Party Defendant. To that end, Ameriquest agreed to prepare a matrix of cases, grouped by Third Party Defendant. Although Ameriquest represented on November 1, 2008 that it had begun this effort, a matrix was not received by plaintiffs until December 12, 2008.

### C. The Next Mediation Sessions

The next full-party mediation session has been set for February 18, 19, and 20, 2009. The goal of these future sessions is to use the groups of claims arranged by third-party defendant to attempt to settle clusters of the Opt-Out Plaintiffs' cases. However, it remains the position of the Individual Claimants Steering Committee that further mediation would have a far greater

chance of being productive if this Court were to resolve several pending motions prior to February. (Docket Nos. 2301-2306 and 2333-2337). These are explained immediately below.

## II. THE STATUS OF THE LITIGATION

Resolution of the pending motions filed by Opt-Out Plaintiffs would not only resolve merits issues, but would also necessarily involve rulings on the assignees' liability. A major obstacle to achieving settlements to date has been the refusal of the assignees of the mortgages to actively participate in the mediation, even though most of them have been named as defendants. To this date, these assignees have taken the position that it is not necessary for them to contribute to any settlement, or reduce principal owed despite plaintiffs' strong claims for rescission (as noted above), but at most to agree to modification of interest rates and payment terms.

Similarly, Defendants have noted in their Memorandum on the Agenda for the December 18, 2009 Status Conference (Docket No. 2543) that resolution of the expected Motions to Dismiss of Third Party Defendants may help achieve settlements.

Two other pending motions need disposition too. Defendants filed a Motion to Compel Opt-Out Plaintiffs to "follow" this Court's Case Management Order, and Plaintiffs have responded that the Summary Judgment motions are in fact permitted by the CMO. Relatedly, the Individual Claimants Steering Committee filed its own Motion to Clarify this court's November 7, 2006 order (Docket No. 2377), most especially regarding: 1) whether plaintiffs may only file one summary judgment motion on behalf of all plaintiffs and concerning all claims and legal theories; and 2) whether discovery in all MDL opt-out cases must be completed before dispositive motions may be filed. This Motion too has been fully briefed.

Finally, certain Opt-Out Plaintiffs have filed comments on the proposed agenda for the status conference (Docket No. 2535), requesting that a procedure be created that would allow

3

certain Plaintiffs who have mediated without success to obtain a final discovery cut-off and then be released from the MDL for trial before their original District Court. Defendants have filed a notice that they oppose this request, and Plaintiffs in turn have filed a motion for leave to reply to this opposition (Docket No. 2547). This issue too, then, needs resolution.

Respectfully submitted,

Individual Claims Steering Committee

Dated: December 15, 2008   By:

/s/ Charles M. Delbaum
*Co-chair*
Charles M. Delbaum
National Consumer Law Center
77 Summer Street
10th Floor
Boston, MA 02110
(617) 542-8010
By: /s/ Daniel S. Blinn
*Co-chair*
Daniel S. Blinn
Consumer Law Group
35 Cold Spring Rd.
Suite 512
Rocky Hill, CT 06067
(860) 571-0408

By:/s/ Daniel Harris

*Attorneys for Certain Plaintiffs*

Daniel Harris, Esq.
Law Offices of Daniel Harris
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

By: /s/Tara Goodwin

*Attorneys for Certain Plaintiffs*

Daniel A. Edelman, Esq.
Tara Goodwin, Esq.
EDELMAN, COMBS, LATTURNER, &
GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603-3403

By: /s/ Christopher M. Lefebvre
*Attorneys for Certain Plaintiffs*

Christopher M. Lefebvre, Esq.
Two Dexter Street
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060

By: /s/ Earl P. Underwood, Jr.

*Attorneys for Certain Plaintiffs*
 Earl P. Underwood, Jr.
 21 South Section Street
 PO Box 969
 Fairhope, Alabama 36533

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2008 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

 /s/ Daniel S. Blinn