**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) | |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, | ) ) ) ) | MDL No. 1715 Lead Case No. 05-cv-07097 |
| Third-Party Plaintiffs, | ) ) ) | Centralized before the Honorable Marvin E. Aspen |
| v. | ) | |
| NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, et al., | ) ) ) ) | |
| Third-Party Defendants. | ) | |

**THIRD-PARTY DEFENDANTS' CONSOLIDATED STATUS REPORT**

Pursuant to the Court's docket entry of November 7, 2008 (Doc. 2491), Third-Party Defendants provide this Consolidated Status Report.

**1.     Discovery Status.**

Defendants/Third-Party Plaintiffs have provided some informal discovery to Third-Party Defendants, and certain Plaintiffs have served formal discovery on some, but not all, of the Third-Party Defendants.  Third-Party Defendants have largely, if not entirely, refrained from engaging in discovery both to minimize costs and because of the pendency of the Third-Party Defendants' Consolidated Motion to Dismiss and the requirement that they participate in mediation.  The extent of discovery to date consists

essentially of the exchange of the closing files for Opt-Out Plaintiffs. Third-Party Defendants are not certain whether this discovery is comprehensive and consists of all available documents that relate to all Opt-Out Plaintiffs' closing files. No depositions have been conducted in which any Third-Party Defendant has participated.

2.     **Pending Motions.**

Third-Party Defendants have not filed any further motions to dismiss because they were unable to do so collectively by subgroups of Brokers, Closers and Underwriters. Closers have filed a Motion to Extend Time to File Additional Motion to Dismiss (Doc. 2554). Third-Party Defendants respectfully request the opportunity to present dispositive motions consistent with this Court's December 12, 2008, minute order (Doc. 2553).

3.     **Issues That May Be Raised at the Status Hearing.**

Third-Party Defendants have the following issues to discuss at the status conference:

a.     **Consolidated Answers and Motions to Dismiss.**

Third-Party Defendants have been unable to draft a second consolidated motion to dismiss (even segmented into subgroups of Broker, Closer or Underwriter) or answer that allows them an opportunity to present all of their individual responses to the allegations and present all affirmative defenses. The remaining breach of contract claims do not easily lend themselves to a consolidated responsive pleading (either answer or motion to dismiss), because any alleged contract is necessarily particular to each transaction and subject to variations in state law. Moreover, while Third-Party Plaintiffs have alleged in conclusory fashion the existence of a contract and one term thereof relating to the Notice

of Right to Cancel, they have not provided sufficient specificity regarding the document(s) or other evidence from which the precise terms of any alleged agreement can be ascertained. The Third-Party Plaintiffs appear to rely entirely on title insurance policies, closing instructions, and closing protection letters, as these are the only documents listed in their complaint. However, these documents differ or may not all exist for each particular transaction. Even for a particular transaction, the Underwriter, Broker and Closer Third-Party Defendants are not subject to the same contract documents and have potential disparities in factual and legal positions. Third-Party Defendants believe each party must be entitled to respond independently; each Plaintiff has filed their own complaint and it also appears each Defendant has been allowed to answer, so the burden on the docket does not seem excessive.

### b.   Summary Judgment Practice.

The remaining claims against Third-Party Defendants are for breach of contract. While there may be some similarities in some circumstances, each transaction involved a particular set of circumstances. Third-Party Defendants are concerned that it may be impossible to file any consolidated motions for summary judgment and seek guidance about the logistics of summary judgment practice.

### c.   Discovery Depositions.

At present, none of the Third-Party Defendants has had an opportunity to participate in any depositions, and we understand that at least some Opt-Out Plaintiffs are resisting tendering their clients for "second" depositions. Moreover, notice of and participation in depositions by Third-Party Defendants is complicated by the fact that

some Third-Party Defendants have multiple transactions and therefore may want to combine discovery depositions to include all of those transactions. Moreover, Third-Party Defendants are uncertain what, if any, issues any Plaintiff or Defendant contends are common to some or all Third-Party Defendants. For any such alleged common issues, Third-Party Defendants want to be certain that they all have a meaningful opportunity to participate in depositions that might cover alleged common issues.

### d. **Remand.**

None of the Third-Party Defendants are involved in all transactions; some Third-Party Defendants are involved in only one or two transactions at issue. There are far more different counsel representing Third-Party Defendants than there are counsel representing Plaintiffs and Defendants. Class certification of the breach of contract claims as to Third-Party Defendants is essentially impossible. Third-Party Defendants have been unable file a second consolidated motion to dismiss the breach of contract claims against them, and even a consolidated answer is extremely problematic. The expense of continued monitoring of this complex matter and the potential discovery burden is excessive, especially for those Third-Party Defendants with only a small number of transactions. Some Third-Party Defendants therefore believe the time may have come that a remand of some of these cases is appropriate and wish to know whether the Court will have any special requirements for any motions to remand.

### 4. **Mediation Report.**

Third-Party Defendants have participated in multiple mediation sessions; the November 5, 2008, mediation session was canceled and a conference call conducted

instead. During the conference call, Defendants/Third-Party Plaintiffs agreed to provide a list of opt-out transactions that would be submitted for a three-day mediation session, currently scheduled to take place February 18-20, 2009. At least one objective of Defendants' list would be to allow the parties to devote some time in advance and at the mediation to each particular transaction, without requiring mediation participants to wait an inordinate amount of time during the mediation of cases that do not affect them.

Respectfully submitted,

By:/s/ Keith R. Verges
    Keith R. Verges

Keith R. Verges
Mark T. Davenport
Don Colleluori
Russell W. Hubbard
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone (214) 939-2017
Facsimile (214) 939-2090

John L. Ropiequet
Christopher S. Naveja
Jason B. Hirsh
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
Telephone (312) 876-7100
Facsimile (312) 876-0288

*Liaison Counsel to Third-Party Defendants and Attorneys for Commonwealth Land Title Insurance Company, Lawyers Title Insurance Corporation, Transnation Title Insurance Company, LandAmerica Financial Group, Inc., and Commonwealth Land Title Company*

## **CERTIFICATE OF SERVICE**

      I, Keith R. Verges, hereby certify that on this 15th day of December 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Keith R. Verges_____

Keith R. Verges
