IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

**THIRD-PARTY PLAINTIFFS' OPPOSITION TO MOTION TO EXTEND TIME TO FILE AN ADDITIONAL MOTION TO DISMISS AND/OR ANSWER THE COMPLAINT BY CERTAIN THIRD-PARTY DEFENDANTS**

I.  **INTRODUCTION**

Defendants Ameriquest Mortgage Company ("Ameriquest") and Argent Mortgage Company LLC ("Argent") (collectively, "Third-Party Plaintiffs") respectfully submit the following opposition to the Motion to Extend Time to File an Additional Motion to Dismiss and/or Answer the Third-Party Complaint by Certain Third-Party Defendants [Docket No. 2554, the "Motion"].

II. **THE REQUESTED FOUR-MONTH DELAY WILL HINDER SETTLEMENT EFFORTS**

The Motion seeks to extend the deadlines for Third-Party Defendants to file an answer or move to dismiss for another four months. This would delay the briefing of the three subgroup motions to dismiss until June 9, 2009, well beyond the next scheduled mediation for the Opt-Out Plaintiffs on February 18 to 20, 2009. Delaying the briefing will obstruct the settlement process. The Third Party Plaintiffs have made it clear that they will not contribute to any settlement until the resolution of the motions to dismiss. [Docket No. 2062 at p. 3]. Third-Party Defendants themselves have previously argued to the Court that their motions to dismiss should be filed in advance of the mediation so that all of the parties could be educated about their defenses.

[Docket No. 1841 at p. 10, Section III.B. titled "The Filing of Motions To Dismiss Should Not Be Delayed Until After Mediations"].

Further, this Court has already denied a similar motion filed by Third-Party Defendants requesting a stay of the filing of the subclass motions to dismiss and a stay of participating in the mediation. [Docket No. 2062]. The Court's Order rejecting the delay was clear: "The motion to stay all further motions to dismiss, answer, and participation in the mediations until a ruling on the motion to dismiss is denied." [Docket No. 2123]. Because this Motion would have the same effect as a stay and would obstruct settlement, it should similarly be denied.

### III. THERE IS NO VALID REASON TO DELAY AN ANSWER OR MOTION TO DISMISS FOR ANOTHER FOUR MONTHS

Moreover, no good cause has been shown for the requested extension, mentioned for the first time in a voice message within 24 hours of the filing of the Motion. First, all of the reasons for the extension were mentioned by the Third-Party Defendants almost a year ago, and there has been sufficient time to address each of them. [Docket No. 1841]. Second, the argument that further discovery is necessary is without merit. A motion to dismiss should be based on the pleadings, not extraneous matters. Fed. R. Civ. Proc. Rule 12(d). Third, although different state laws may be at issue, there has been plenty of time for research. Fourth, none of the other subgroups have requested an extension of time or joined the Motion, so the requested relief would only apply to the Closer subgroup.

Typically, an answer or motion to dismiss must be filed within 20 days of the service of a complaint. Fed. R. Civ. Proc. Rule 12. If at this point Third-Party Defendants are still unable to determine the basis for a motion to dismiss, it seems unlikely that an additional four months will be helpful.

### IV. CONCLUSION

Because the Motion fails to provide any justification for an extension, it should be denied and the Closer subclass ordered to file a responsive pleading without further delay.

| | |
|---|---|
| DATED:  December 16, 2008 | Respectfully submitted, |
| By: /s/ Thomas J. Wiegand | By: /s/ Bernard E. LeSage |
| *Attorneys for Argent Mortgage Company LLC* | *Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.* |
| Thomas J. Wiegand<br>Gregory J. Miarecki<br>David E. Dahlquist<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, Illinois 60601<br>Telephone:  (312) 558-5600<br>Facsimile:  (312) 558-5700 | Bernard E. LeSage, Esq.<br>Sarah K. Andrus, Esq.<br>BUCHALTER NEMER, P.C.<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-2457<br>Telephone: (213) 891-0700<br>Facsimile: (213) 896-0400 |

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 16th day of December 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage