IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO <u>ALL ACTIONS</u> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before Judge Marvin E. Aspen |
| CYNTHIA CASTEEL & SUSAN JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY, et al.<br><br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) 08 CV 2353 (N.D. Ill.)<br>(Originally ALN 5 08-303 (N.D. Ala.))<br><br>(transferred for pre-trial proceedings to MDL No. 1715, Lead Case No. 05 C 7097)<br><br>Judge Marvin E. Aspen |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs Cynthia Casteel and Susan Johnson hereby respectfully move this Court, pursuant Fed. R. Civ. Pro. 15(a), for leave to file an Amended Complaint in this action. A copy of their proposed Amended Complaint is attached hereto as <u>Exhibit A</u>. In support of their motion, Plaintiffs state as follows:

1. Mrs. Casteel and Ms. Johnson filed this action against defendant Ameriquest Mortgage Company on February 20, 2008 to rescind their mortgage loans and to recover

damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226; and state law.

2. The proposed amended complaint seeks to add Citi Residential Lending, Inc. as a defendant as it is the current servicer and probably has an ownership interest in Plaintiffs' loans. See ¶¶ 12, 26, and 27.

3. Adding the servicer of the loan is important to Plaintiffs' case because 15 U.S.C. 1641(c) provides that the consumer may rescind a mortgage loan in the hands of "any assignee," and because of the Court's Order (Document #2542) of December 2, 2008 stating that servicers must be retained as necessary parties pursuant to Rule 19.

4. This motion is timely. This case was originally filed on February 20, 2008 and transferred to the MDL on April 10, 2008. Also, Defendants have not yet produced any documents. Therefore, the granting of this motion will not significantly delay or prolong discovery or any final disposition in this case.

5. The minor, proposed changes would not cause any prejudice to any Defendant. See Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

6. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a

complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order granting them leave to file the proposed Amended Complaint, a copy of which is attached as Exhibit A, and to grant any further or other relief that the Court deems just.

                Respectfully submitted,

                /s/ *William H. Robertson, V*
                WILLIAM H. ROBERTSON, V
                One of the Attorneys for Plaintiffs
                Beasley, Allen, Crow, Methvin,
                Portis & Miles, P.C.
                Post Office Box 4160
                Montgomery, Alabama 36103-4160
                Phone: (334) 269-2343
                Fax: (334) 954-7555
                Bill.Robertson@BeasleyAllen.com

## CERTIFICATE OF SERVICE

I, William H. Robertson, V, hereby certify that on January 15, 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com,
glewi@lchb.com,
rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skiloler@muchshelist.com

Gary Edward Klein
klein@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com,
sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfauchner.com,
jramirez@millerfauchner.com,
snyland@millerfauchner.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

| | |
|---|---|
| Andrew G. Pizor<br>apizor@consumerlawgroup.com | Lorne Todd Saeks<br>lsaeks@muchshelist.com |
| Dominic J. Rizzi<br>drizzi@millerfauchner.com | Terry A. Smiljanich<br>tsmiljanich@jameshoyer.com,<br>dstephens@jameshoyer.com,<br>jbowman@jameshoyer.com,<br>lmartin@jameshoyer.com |
| Samuel H. Rudman<br>srudman@lerachlaw.com | |
| Craig Allan Varga<br>cvarga@vblhc.com | Kristina M. Van Buskirk<br>Kvanbuskirk@ngelaw.com |
| Thomas Joseph Wiegand<br>twiegand@winston.com,<br>ECF_CH@winston.com | |

/s/ *William H. Robertson, V*
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 |
| | ) | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO <u>ALL ACTIONS</u> | ) ) ) ) | Centralized before Judge Marvin E. Aspen |

| | | |
|---|---|---|
| CYNTHIA CASTEEL & SUSAN JOHNSON, | ) ) | |
| Plaintiffs, | ) ) ) ) | 08 CV 2353 (N.D. Ill.) (Originally ALN 5 08-303 (N.D. Ala.)) |
| v. | ) ) | |
| AMERIQUEST MORTGAGE COMPANY, et al. | ) ) ) | (transferred for pre-trial Proceedings to MDL No. 1715, Lead Case No. 05 C7097) |
| Defendants. | ) ) ) ) | Judge Marvin E. Aspen |

### FIRST AMENDED COMPLAINT

COME NOW, Plaintiffs and substitute this amended Complaint for the original Complaint to add a party, and states the following:



## JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## SUMMARY OF CLAIMS

These claims arise from real estate loan transactions resulting in mortgages upon Plaintiffs' homes, both of which are located in this district. Each of the Plaintiffs asserts claims against Defendant Ameriquest Mortgage Company, Inc. ("AMC") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that AMC, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions. Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Plaintiffs seek a court determination that their loan transactions have been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

1. Plaintiffs are all of full age of majority and reside in the Northern District of Alabama.

2. Ameriquest Mortgage Company ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling loans secured by residential real property within this district.

3. Defendant Citi Residential Lending, Inc. ("Citi") is a foreign corporation with its principal place of business in California, and upon information and belief is currently servicing, or has otherwise obtained the loans of Cynthia Casteel and Susan Johnson and claims the right to receive payments thereunder and does business in this district.

## FACTS

### Applicable Truth in Lending Act Requirements

4. Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

5. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3)

3

delivery of accurate "material disclosures" required by TILA. Section 1635(a) requires that each borrower, or any other person whose home ownership interest may be compromised by a credit transaction, receive *two* (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1) (emphasis added). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f).

6. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

7. A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

8. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

9. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the

voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

10. As to each of the Plaintiffs' loans, AMC failed to provide the required notices of the Plaintiffs' right to cancel. The form notices that were supplied to Plaintiffs were blank, unsigned, and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

11. Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

12. Each of the Plaintiffs has exercised the right to cancel the transaction and has notified AMC of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

13. AMC and Citi are a "creditor" as that term in defined at 15 U.S.C. 1602(f).

**The Casteel Loan**

14. Plaintiff Cynthia Casteel is an adult resident of Madison County, Alabama and at all material times resided at 705 9th Street in Huntsville, Alabama.

15. On or about February 22, 2005, Mrs. Casteel obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $69,500 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Casteel Loan").

16. AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank,

5

unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

17. As a result of AMC's failure to provide the notices and disclosures required by TILA, Mrs. Casteel retained her right to cancel the transaction.

18. On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

19. By letter dated January 23, 2008, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

20. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

21. Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

22. AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

### COUNT I
### TILA Violations- Casteel

23. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

24. Plaintiff has properly and effectively cancelled and rescinded the Casteel Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

6

25. Defendant has violated TILA, with respect to the Casteel Loan, in at least the following ways:

    (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Cynthia Casteel respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

    A) Statutory damages as provided in 15 U.S.C. § 1640(a);

    B) Actual damages in an amount to be determined at trial;

    C) Rescission of the Casteel Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

    D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

    E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

    F) A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender

obligation in light of all of the Plaintiff's claims, and an order requiring AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

**The Johnson Loan**

26. Plaintiff Susan Johnson is an adult resident of Lawrence County, Alabama and at all material times resided at 11468 County Road 9 in Moulton, Alabama.

27. On or about February 22, 2005, Ms. Johnson obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $77,238 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Johnson Loan").

28. AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

29. As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Johnson retained her right to cancel the transaction.

30. On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

31. By letter dated January 23, 2008, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

32. The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

33. Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

34. AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

## COUNT II
## TILA Violations- Johnson

35. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

36. Plaintiff has properly and effectively cancelled and rescinded the Johnson Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

37. Defendant has violated TILA, with respect to the Johnson Loan, in at least the following ways:

> (A) By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and
>
> (B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Susan Johnson respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A) Statutory damages as provided in 15 U.S.C. § 1640(a);

B) Actual damages in an amount to be determined at trial;

C) Rescission of the Johnson Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F) A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring AMC to accept tender on reasonable terms and over a reasonable period of time;

G) An award of reasonable attorney fees and costs; and

H) Such other relief at law or equity as this Court may deem just and proper.

Respectfully submitted,

/s/ *William H. Robertson, V*
WILLIAM H. ROBERTSON, V
One of the Attorneys for Plaintiffs
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Bill.Robertson@BeasleyAllen.com

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

/s/ *William H. Robertson, V*
OF COUNSEL

## CERTIFICATE OF SERVICE

    I, William H. Robertson, V, hereby certify that on January 15, 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Caryn Becker
Cbecker@lchb.com,
glewi@lchb.com,
rgeman@lchb.com

Brandon A. Block
bblock@buchalter.com

Jill Henniger Bowman
jbowman@jameshoyer.com

James Michael Dash
jdash@muchshelist.com

Charles M. Delbaum
cdelbaum@nclc.org

Kelly M. Dermody
kdermody@lchb.com

Daniel Mark Harris
lawofficedh@yahoo.com

Stanley L. Hill
stanhill@hegsinet.net

Evan Jay Kaufman
ekaufman@lerachlaw.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Keith James Keogh
Keith@Keoghlaw.com,
Linda@Keoghlaw.com

Synde B. Keywell
skeywell@ngelaw.com,
kdalsanto@ngelaw.com

Stephen Philip Kiloler
skiloler@muchshelist.com

Gary Edward Klein
klein@roddykleinryan.com

Bernard E. LeSage
blesage@buchalter.com

Jonathan N. Ledsky
jledsky@vblhc.com,
sortega@vblhc.com

Richard Andre Lilly
rlilly@ademilaw.com

Greg J. Miarecki
gmiarecki@winston.com,
ppratt@winston.com,
ECF_CH@winston.com

Marvin Alan Miller
mmiller@millerfauchner.com,
jramirez@millerfauchner.com,
snyland@millerfauchner.com

Elizabeth Monkus
emonkus@keoghlaw.com,
linda@keoghlaw.com

Melinda J. Morales
mmorales@muchshelist.com,
rmclarney@muchshelist.com

| | |
|---|---|
| Andrew G. Pizor<br>apizor@consumerlawgroup.com | Lorne Todd Saeks<br>lsaeks@muchshelist.com |
| Dominic J. Rizzi<br>drizzi@millerfauchner.com | Terry A. Smiljanich<br>tsmiljanich@jameshoyer.com,<br>dstephens@jameshoyer.com,<br>jbowman@jameshoyer.com,<br>lmartin@jameshoyer.com |
| Samuel H. Rudman<br>srudman@lerachlaw.com | |
| Craig Allan Varga<br>cvarga@vblhc.com | Kristina M. Van Buskirk<br>Kvanbuskirk@ngelaw.com |
| Thomas Joseph Wiegand<br>twiegand@winston.com,<br>ECF_CH@winston.com | |

/s/ *William H. Robertson, V*
OF COUNSEL