IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br>_____<br>THIS DOCUMENT RELATES TO ALL ACTIONS<br>_____<br>AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company,<br><br>        Third-Party Plaintiffs,<br><br>  v.<br><br>NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation; *et al.*<br><br>        Third-Party Defendants.<br>_____ | MDL No. 1715<br><br>Lead Case No.05-CV-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

## MOTION FOR LEAVE TO FILE FOURTH AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a), Defendants and Third-Party Plaintiffs Ameriquest Mortgage Company and Argent Mortgage Company LLC ("Third-Party Plaintiffs") respectfully request leave to file a Fourth Amended Consolidated Third-Party Complaint ("FATPC"). A copy of the proposed FATPC is attached hereto as Exhibit A.

**Procedural Background**

Third-Party Plaintiffs filed their original Third-Party Complaint on July 31, 2007 (Docket

No. 955); a First Amended Third-Party Complaint on August 24, 2007 (Docket No. 1028); and, on November 26, 2007, filed a motion for leave to file a Second Amended Consolidated Third-Party Complaint, which was granted by the Court on February 11, 2008 (Docket No. 1955). On or about April 9, 2008, Third-Party Plaintiffs filed a motion for leave to file a Third Amended Consolidated Third-Party Complaint ("TATPC") (Docket No. 2086). Since the filing of the original Third-Party Complaint, Third-Party Plaintiffs have worked diligently to serve the Third-Party Defendants related to the Borrowers' Class Action, as well as the hundreds of individual cases filed by the Opt-Out Plaintiffs. In that time, however, dozens of new cases have been transferred to this MDL proceeding. Under the TATPC, Third-Party Plaintiffs did not seek to change the substance of their claims in any way. Rather, the TATPC merely (1) added approximately 40 new Third-Party Defendants, who have been identified based on newly transferred cases; and (2) asserted additional claims against some of the existing Third-Party Defendants in connection with the newly transferred cases. By order dated January 22, 2009, the Court granted the motion for leave to file the TATPC.

### The Court Should Grant The Motion For Leave To File The FATPC

The FATPC does not seek to add any new parties or claims. Instead, the FATPC seeks to conform to the Court's order on the Third-Party Defendants' Consolidated Motion to Dismiss the Second Amended Consolidated Third-Party Complaint entered on October 14, 2008. Based on the Court's order, the FACTPC (1) drops the indemnity and contribution claims (which were dismissed with prejudice) and (2) amending the negligence claim (which was dismissed without prejudice). Since the negligence claim was dismissed without prejudice, Third Party Plaintiffs can seek to amend that claim. *See Borelli v. City of Reading*, 532 F.2d 950, 951 (3rd Cir. 1976) ("[a]lthough the district court's order did not mention amendment, an implicit invitation to amplify the complaint is found in the phrase "without prejudice."). Additionally, the FATPC seeks to omit any parties that have been dismissed or have filed bankruptcy.

Fed. R. Civ. P. 15(a) provides that leave to amend "should be freely given." The Court's main inquiry is whether the amendment will unduly prejudice opposing parties. *Stephenson v.*

*Hartford Life & Annuity Ins. Co.*, No. 02 C 3917, 2006 U.S. Dist. LEXIS 60696, at *25-28 (N.D. Ill. Aug. 9, 2006); *Alberto-Culver Co. v. Gillette Co.*, 408 F. Supp. 1160, 1162 (N.D. Ill. 1976).

The vast majority of the Third-Party Defendants have not yet filed answers, and no formal discovery has taken place on the third-party claims. Thus, the filing of the FACTPC will not prejudice any party to this litigation. *See, e.g., Stephenson*, U.S. Dist. LEXIS 60696 at *34-37 (finding no prejudice when defendants were added four years into the litigation).

For these reasons, Third-Party Plaintiffs respectfully request that this Court enter an Order granting them leave to file the proposed Fourth Amended Consolidated Third-Party Complaint.

DATED: February 4, 2009 	 Respectfully submitted

By: /s/Thomas J. Wiegrand 	 By: /s/ Bernard E. LeSage

*Attorneys for Argent Mortgage Company LLC* 	 *Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Thomas J. Wiegrand 	 Bernard E. LeSage, Esq.
Gregory J. Miarecki 	 Sarah K. Andrus, Esq.
David E. Dahlquist 	 BUCHALTER NEMER, a P.C.
WINSTON & STRAWN LLP 	 1000 Wilshire Boulevard, Suite 1500
35 West Wacker Drive 	 Los Angeles, CA 90017-3457
Chicago, Illinois 60601 	 Telephone: (213) 891-0700
Telephone: (312) 558-5600 	 Facsimile: (213) 896-0400
Facsimile: (312) 558-5700

**CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 4th day of February, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage