IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) MDL No. 1715 ) ) ) Lead Case No. 1:05-cv-07097 ) ) Centralized before the ) Hon. Marvin E. Aspen |
| THIS DOCUMENT RELATES TO THE INDIVIDUAL ACTION NAMED BELOW | ) ) ) ) ) FEBRUARY 9, 2009 ) ) |
| Mary Ann Richards,<br>    Plaintiff<br><br>    v.<br><br>Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Argent Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-W4, and Argent Mortgage Company,<br>    Defendants | ) ) ) ) Case No. 1:09-cv-00215 ) ) ) ) ) Hon. Marvin E. Aspen ) ) ) ) |

**AMENDED COMPLAINT**

**INTRODUCTION**

1. This is a suit brought by a home owner residing in Connecticut regarding the mortgage loan on her home. The Plaintiff claims that the mortgage lender violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. (C.G.S.) § 36a-676 *et seq.*, (collectively "TILA") by improperly disclosing the finance charges on the transaction. Deutsche Bank National Trust Company is the holder of this loan.

## PARTIES

2. Plaintiff, Mary Ann Richards, is a consumer and natural person residing in Meriden, Connecticut.

3. Defendant Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Argent Securities Inc, Asset-Backed Pass-Through Certificates, Series 2005-W4 ("DBNTC") is a Delaware corporation accepts assignment of mortgages.

4. Defendant Argent Mortgage Company ("Argent") was the originator of this mortgage loan.

## JURISDICTION

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e) and 28 U.S.C. §§ 1331-32. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. This court has jurisdiction over the defendants because they conduct or regularly conducted business in this state.

7. Venue in this court is proper, because the Plaintiff is a resident of Connecticut and the action concerns real property located in this state.

## FACTS

8. The Plaintiff owns her home in Meriden, Connecticut.

9. In August of 2005, Plaintiff was talked into refinancing her home by a debt collector because it threatened to foreclose on her home for failure to pay a debt.

10. The debt collector conferenced in a mortgage broker, stating it was the only way she could save her house.

11. Plaintiff was reluctant to commit to a mortgage because her house had no lien upon it and she knew she did not have the income to make mortgage payments.

12. Plaintiff was told by the mortgage broker that she would receive $24,723.29 at closing and an additional $32,000 a few months afterwards and that this money could be used to pay to make the monthly mortgage payment and that when that money ran out, she could refinance the mortgage.

13. Plaintiff eventually closed on the refinance mortgage with Argent Mortgage Company ("Argent") on August 30, 2005.

14. The loan was later assigned to DBNTC as holder and assigned to Citi Residential Lending ("Citi") for service.

15. Plaintiff received the $24,723.29 promised at closing.

16. The remaining $32,000 was directed to the mortgage broker or an entity controlled by it, and Plaintiff received only $13,000 of that amount, and that was received only significantly after the closing.

## CAUSE OF ACTION – TRUTH IN LENDING ACT

17. The Argent loan consummated on or about August 30, 2005 was a consumer credit transaction subject to the right of rescission as described by Conn. Gen. Stat. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

18. The $19,000 that was never received by the Plaintiff constitutes additional compensation to the mortgage broker, and as such should have been computed into the finance charge and APR disclosures.

19. Because the Plaintiff did not receive the full benefit of the $32,000 at the time interest charges began to accrue, the APR is significantly understated.

20. In the course of this consumer credit transaction, Argent violated 15 U.S.C. § 1638; 12 C.F.R. §§ 226.17-18; and Conn. Gen. Stat. § 36a-683 by failing to properly disclose the amount financed, the finance charge, and the annual percentage rate as mandated by TILA in 15 U.S.C. § 1638; 12 C.F.R. §§ 226.17-18; and Conn. Gen. Stat. § 36a-683.

21. As a result of Argent's violations, Plaintiff has an extended right to rescind the mortgage loan transaction until the third business day after receiving the mandatory TILA disclosures, up to three years after consummation of the transaction.

22. Plaintiff has the right to rescind the transaction as against any assignee of the mortgage loan, pursuant to Conn. Gen. Stat. § 36a-683(k)(3) and 15 U.S.C. § 1641(c).

23. Plaintiff exercised her extended right to rescind the transaction by sending notice (via counsel) to Citi on behalf of DBNTC and to Argent on or about January 15, 2008.

24. More than twenty calendar days have passed since DBNTC received the notice of rescission.

25. DBNTC has not taken any action to reflect the termination of any security interest created under the transaction as required by Conn. Gen. Stat. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

26. DBNTC has not returned to the Plaintiff any money or property given to anyone, including itself, as required by Conn. Gen. Stat. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z. § 226.23(d)(2).

27. As a result of the aforesaid violations of TILA and Reg. Z., pursuant to Conn. Gen. Stat. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), defendants are liable for: Statutory rescission of this transaction; termination of any security interest in Plaintiff's property created under the transaction; return of any money or property given by the Plaintiff to DBNTC

in connection with this transaction; statutory damages of $2,000 for DBNTC's failure to properly respond to Plaintiff's rescission notice; actual damages in an amount to be determined at trial; and a reasonable attorney fee.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction of this case;

2. Declare void the security interest in Plaintiff's residence;

3. Enter an order that the mortgage transaction is rescinded pursuant to the terms of TILA and/or principles of equity;

4. Order defendants to take all action necessary to terminate any security interest in the Plaintiff's property created under the transaction and declare all such security interests void, including but not limited to the mortgage related to the transaction, pursuant to the terms of TILA and/or principles of equity;

5. Order the return to the Plaintiff of any money or property given by her to DBNTC in connection with the transaction;

6. Enjoin DBNTC and its agents, successors, and assigns, during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of her property;

7. Award the Plaintiff statutory damages for DBNTC's failure to respond properly to the rescission notice under 15 U.S.C. § 1640;

8. Order that, because DBNTC failed to tender in response to the Plaintiff's notice of rescission as required by TILA, the Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiff's claims and order DBNTC to accept tender on reasonable terms and over a reasonable period of time that the Plaintiff can afford;

9. Alternatively order rescission and/or modification of the mortgage transaction according to principles of equity on terms affordable to Plaintiff, over a reasonable period of time, and in accord with the terms they were supposed to receive.

10. Award actual damages in an amount to be established at trial;

11. Award the Plaintiff costs and reasonable attorneys' fees as provided under 15 U.S.C. §§ 1640(a), 1691e(d), and 1681o.

12. Award such other and further relief as the Court deems just and proper.

        PLAINTIFF,
        Maryanne Richards

By:  /s/Daniel S. Blinn
      Daniel S. Blinn (ct02188)
      dblinn@consumerlawgroup.com
      Consumer Law Group, LLC
      35 Cold Spring Rd.; Suite 512
      Rocky Hill, Connecticut 06067
      Tel. (860) 571-0408  Fax (860) 571-7457