**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: <br><br> *Deborah J. Davis v. Argent Mortgage Company, et al.*; Case No. C.A. 06-40247 (MA) | |

**DEFENDANT ARGENT MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its

attorneys, answers Plaintiff DEBORAH J. DAVIS ("Plaintiff") Amended Complaint as follows.

**AMENDED COMPLAINT**

**INTRODUCTION**

1.      This action seeks redress against Argent Mortgage Company, LLC (hereinafter

Argent) for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and

implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23 and it's Massachusetts

counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209

C.M.R. part 32. (hereinafter "MCCDA").

**ANSWER:**      Paragraph 1 is a summary description of the allegations within Plaintiffs' Second
Amended Complaint to which no answer is required.  Paragraph 1 also contains
conclusion of law to which no response is required.  Defendant denies any
remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

**ANSWER:**      Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District.  Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

**ANSWER:**      Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Company, LLC, conducted business in Illinois as well as numerous other states through August 2007.  Defendant denies any remaining allegations in paragraph 3.

## PARTIES AND FACTS

## PLAINTIFF

4.      Plaintiff Deborah J. Davis resides at 82 Wallum Lake Rd., Douglas, MA 01516.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5.      On or about April 13, 2004 Plaintiff Deborah J. Davis obtained a loan from Argent, secured by her residence, for the purpose of debt consolidation.  All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5. Defendant denies any remaining allegations in paragraph 5.

6.      In connection with the transaction, Plaintiff Deborah J. Davis received or signed the following documents:

- 2 -

1.      A note in the principal amount of $213,000;

2.      A mortgage;

3.      A Truth in Lending statement;

4.      A notices of right to cancel, attached as Exhibits 1- 2; and

5.      A HUD-1 Settlement Statement.

**ANSWER:**     Paragraph 6 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

7.      On or about September 18, 2006 Plaintiff Davis exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as Exhibit 3.

**ANSWER:**     Paragraph 7 contains references to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7. Defendant denies any remaining allegations in paragraph 7.

8.      Argent has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA. Copy of the letter is attached as Exhibit 4.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

## DEFENDANTS

9.      Defendant Argent is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

BN 1971765v1

**ANSWER:**    Defendant admits that its principle office was located in Orange, California until August 2007.  Defendant denies any remaining allegations in paragraph 9.

10.    Argent enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:**    Defendant admits it did business in this District and numerous other states through August 2007.  Defendant admits that prior to August 2007 it entered into more than 5 mortgage transactions per year.  Paragraph 10 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 10.

11.    Argent is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:**    Paragraph 11 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 11.

12.    Argent is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:**    Defendant specifically denies the characterization and use of the term "subprime." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.  Defendant denies any remaining allegations in paragraph 12.

13.    Defendant Citi Financial Mortgage Company is a foreign corporation with its headquarters in Baltimore, MD.  Upon information and belief, it is the beneficial legal holder and assignee of the loan originated by Argent Mortgage Company, LLC., relative to Plaintiff Deborah J. Davis.  It is joined as a necessary party.

**ANSWER:**    Defendant admits that Citi Financial Mortgage Company is the assignee of some loans originated by Argent Mortgage Company, LLC, including Plaintiff's loan. Paragraph 13 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and denies those allegations on that basis.

- 4 -

## COUNT I - TRUTH IN LENDING ACT

14.　　Plaintiff incorporates 1-13 as if fully set out herein.

**ANSWER:**　Defendant repeats and reaffirms its answers to paragraphs 1 through 13.

15.　　Because the refinance transaction referenced herein was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the Right To Cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23, and the corresponding provisions of the MCCDA.  To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately.  More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. 1635(a).)

**ANSWER:**　Paragraph 15 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 15, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 15.

16.　　Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements.  The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:**　Paragraph 16 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 16, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents.  To the extent an answer is required, Defendant denies the allegations in paragraph 16.

BN 1971765v1

17.     More specifically, the Regulation provides:

> In a transaction subject to rescission, <u>a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind</u> (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b))        The notice shall be on a separate document that identifies the transaction and <u>shall clearly and conspicuously disclose the following:</u>
>
> (i)      The retention or acquisition of a security interest in the consumer's principal dwelling.
> (ii)      The consumer's right to rescind the transaction.
> (iii)      How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> (iv)      The effects of rescission, as described in paragraph (d) of this section.
> (v) <u>The date the rescission period expires</u>.  (Emphasis added)

**ANSWER:**     Paragraph 17 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 C.F.R. §1226.23(b)(1) have been accurately quoted in paragraph 17, but specifically denies the characterization of the language as alleged. Defendant refers to 15 C.F.R. §1226.23(b)(1) in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 17.

## DEFECTIVE NATURE OF DISCLOSURES

### Incomplete and Misdated Notices

18.     In connection with the transaction, the Defendant Argent delivered two (2) copies of the Notice of Right to Cancel in which one of the copies was incomplete and the other copy was misdated, in violation of 15 U.S.C. § 1635, the Regulation Z, 12 C.F.R. §226.23 (b)(1)(v) and the corresponding provisions of the MCCDA.

**ANSWER:**     Paragraph 18 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 18.

19.     The incomplete copy of the Notice of Right to Cancel delivered to Plaintiff Davis was materially defective by not stating the date of the transaction and the date of the expiration of the rescission period, in violation of 15 'U.S.C. § 1635 and 12 C.F.R. §226.23(b)(1)(v) and the corresponding provisions of the MCCDA.

BN 1971765v1

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20. The Defendant Argent delivered to the Plaintiff a misdated and confusing Notice of Right to Cancel in that said notice failed to provide the Plaintiff with the three business days of the rescission period as required by 15 U.S.C. §1635 and 12 C.F.R. §226.23(b)(1)(v) and the corresponding provisions of the MCCDA. Therefore said notice was per se defective.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Paragraph 20 also contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 20.

21. Defendant Argent failed to deliver to the Plaintiff and to each person entitled to rescind the above referenced mortgage transaction "two copies" of a document that "clearly and conspicuously disclose" their rescission rights in violation of 15 U.S.C. § 1635, the Regulation Z, 12 C.F.R. §226.23 and the corresponding provisions of the MCCDA.

**ANSWER:** Paragraph 21 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 21.

**JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Amended Complaint so triable.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

BN 1971765v1

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## <u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the applicable statute of limitations.

3.      Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiff's claims are barred by the applicable statute of frauds.

6.      Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7.      Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9.      Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

- 8 -

- 9 -

10.     Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Amended Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13.     Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiff's claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Amended Complaint.

15.     Plaintiff's claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

BN 1971765v1

## **PRAYER**

Defendant prays this court to:

1.      Dismiss Plaintiff's Amended Complaint;

2.      Enter judgment for Defendant and against Plaintiff in this action;

3.      Award Defendant its costs of suit; and

4.      Grant Defendant any and all further and additional relief as it deems just and

appropriate.


DATED:  March 4, 2009                                Respectfully submitted,


                                                    By: /s/  Thomas J. Wiegand

                                                    *Attorneys for Defendant Argent Mortgage
                                                    Company, LLC*

                                                    Thomas J. Wiegand
                                                    Gregory J. Miarecki
                                                    David E. Dahlquist
                                                    Winston & Strawn, LLP
                                                    35 W. Wacker Drive
                                                    Chicago, Illinois  60601-9703
                                                    Telephone: (312) 558-5600
                                                    Facsimile:  (312) 558-5700


- 10 -

- 11 -

## CERTIFICATE OF SERVICE

I, David E. Dahlquist, hereby certify that on this 4th day of March 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: _____ /s/ David E. Dahlquist _____

BN 1971765v1
CHI:2228248.1