


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Brian Dixon, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. C.A. 07-03582 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC. ("Defendant"), by and through its attorneys, answers Plaintiffs BRIAN and CYNTHIA DIXON's ("Plaintiffs") Amended Complaint as follows:

**AMENDED COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Argent Mortgage Company, LLC for violations of the Truth n Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Amended Complaint to which no answer is required. Paragraph 1 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§l331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

**ANSWER:** Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits it did business in this District and numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 3.

## PLAINTIFFS

4. Plaintiffs Brian and Cynthia Dixon reside at 141 Pinecrest Drive, Pawtucket, RI 02861.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. On or about June 25, 2004 Plaintiffs Dixon obtained a loan from Argent, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5. Defendant denies any remaining allegations in paragraph 5.

6. In connection with the transaction, Plaintiffs Dixon received or signed the following documents:

    1. A note in the principal amount of $205,000;

        2.     A mortgage;

        3.     A Truth in Lending statement;

        4.     A notices of right to cancel, attached as <u>Exhibits 1-3</u> and

        5.     A HUD-l Settlement Statement.

**ANSWER:** Paragraph 6 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

7. On or about October 18, 2006 Plaintiffs Dixon exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as <u>Exhibit 4</u>.

**ANSWER:** Paragraph 7 references a document attached to the Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7. Defendant denies any remaining allegations in paragraph 7.

## **DEFENDANTS**

8. Defendant Argent is a National corporation with its principle place of business at One City Boulevard West, Orange, CA 92868.

**ANSWER:** Defendant admits that its principle office was located in Orange, California until August 2007. Defendant denies any remaining allegations in paragraph 8.

9. Argent enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:** Defendant admits that prior to August 2007 it entered into more than 5 mortgage transactions per year. Paragraph 9 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 9.

10. Argent is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:** Paragraph 11 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 10.

11. Argent is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:** Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 11.

12. Defendant Washington Mutual Bank is a federally chartered savings association with its headquarters in Seattle, Washington. Upon information and belief; it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, relative to Plaintiffs Brian Dixon and Cynthia Dixon. It is joined as a necessary party.

**ANSWER:** Defendant admits that Washington Mutual Bank is the assignee of some loans originated by Argent Mortgage Company, LLC, including Plaintiff's loan. Paragraph 12 contains conclusions of law to which no answer is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and denies those allegations on that basis.

## COUNT 1- TRUTH IN LENDING ACT

13. Plaintiffs incorporate ¶¶ 1-12 as if fully set out herein.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 12.

14. Because the refinance transaction referenced herein was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. l635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a) <u>Consumer's right to rescind</u>.

        (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's

principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section,[fn]47

(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures.[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 US.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind. the exercise of the right by one consumer shall be effective as to a1 consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires.

(f) Exempt transactions. The right to rescind does not apply to

the following:

    (1)    A residential mortgage transaction [defined in 15 U.S.C. § 1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling".]

    (2)    A credit plan in which a state agency is a creditor. (Emphasis added)

**ANSWER:** Paragraph 14 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of Section 226.23 have been accurately quoted in paragraph 14, but specifically denies the characterization of the language as alleged. Defendant refers to Section 226.23 in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 14.

## DEFECTIVE NATURE OF DISCLOSURES

15. In connection with the Plaintiffs' loans, Argent failed to provide proper disclosures of the plaintiffs' right to cancel, in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23 for (without limitation) the following reasons:

**ANSWER:** Paragraph 15 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 15.

### Materially Defective Notices of Right to Cancel

16. The Defendant Argent provided Plaintiffs Dixon a total of six (6) rescission notices in which four (4) were undated and incomplete, one (1) was illegible and , one (1) was a combined H8/H9 notice. See Exhibits 1-3.

**ANSWER:** Paragraph 16 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17. Plaintiffs Dixon received multiple rescission notices that were inherently confusing and materially defective therefore, in violation of 15 U.S.C. § 1635 and Regulation Z,

**ANSWER:** Paragraph 17 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 17.

18. Defendant failed to provide "two copies" of a document that "clearly and conspicuously disclose" Plaintiffs' rescission rights, in violation of 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. §226.23.

**ANSWER:** Paragraph 18 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 18.

19. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

**ANSWER:** Paragraph 19 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 19.

20. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**ANSWER:** Paragraph 20 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 20.

### JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Amended Complaint so triable.

### REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Amended Complaint.

15. Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

      4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: March 4, 2009                                          Respectfully submitted,

                                                                      By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

**CERTIFICATE OF SERVICE**

  I, David E. Dahlquist, hereby certify that on this 4th day of March 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                By:   /s/ David E. Dahlquist

CHI:2228234.1