UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE AMERIQUEST MORTGAGE COMPANY MORTGAGE LENDING PRACTICES LITIGATION** | **MDL No. 1715**<br><br>**Lead Case No. 05-cv-07097**<br><br>**Centralized before Judge Marvin E. Aspen** |
| **THIS DOCUMENT RELATES TO:**<br><br>**WESTMORELAND V. AMERIQUEST MORTGAGE CO.**, Case No. 07 C 4872 (N.D. Ill.) (transferred for pretrial proceedings; transferor court case no. 1:07-CV-01214-HTW (N.D. Ga.))  | |

**PLAINTIFF'S UNOPPOSED AMENDED MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
*INSTANTER*, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff moves the Court, under Rule 15(a) of the Federal Rules of Civil Procedure, for an order granting her leave to file, *instanter,* the proposed Second Amended Complaint attached hereto as Exhibit A. In support of this Amended Motion, which, as shown below, is unopposed, Plaintiff states:

1. Plaintiff initiated this action in the Northern District of Georgia. It was subsequently transferred to the Northern District of Illinois as a tag-along action in the present multi-district litigation.

2. Plaintiff asserts herein a claim under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA"), to enforce her right to rescind a consumer credit transaction and to recover actual and statutory damages, court costs, litigation expenses, and attorney's fees, based on violations of TILA. Plaintiff also asserts a claim for breach of statutory duties imposed by the Georgia Residential Mortgage Act.

3. The current Defendants have stipulated to the granting of a motion for leave to amend by Plaintiff to add the most recent assignee of the mortgage loan transaction that is at issue herein ("mortgage").

4. The current Defendants also stipulated that they would provide Plaintiff's counsel with the necessary information to join the most recent assignee of the mortgage in the present action. However, considerable time elapsed before Plaintiff's counsel received that information.

5. The information that Plaintiff's counsel did eventually receive from the current Defendants was that the mortgage had most recently been assigned to WM Specialty Mortgage LLC ("WMSM").

6. Based on this information, on March 20, 2008, Plaintiff sent to WMSM a demand for rescission of the mortgage under TILA.

7. On March 20, 2008, Plaintiff filed and served Plaintiff's Motion for Leave to File Second Amended Complaint *Instanter,* ("Prior Motion to Amend"; Doc. 2053), seeking to join WMSM as a new defendant herein.

8. The Prior Motion to Amend was unopposed.

9. However, this Court never ruled on the Motion.

10. After the Prior Motion to Amend was filed, a new claim arose against WMSM, when it failed to meet the terms of Plaintiff's TILA rescission demand within the time prescribed by law. WMSM was legally required to meet the terms of the rescission demand no later than April 14, 2008, and did not do so.

11. On or about September 25, 2008, WMSM was purchased by JPMorgan Chase & Company. On December 29, 2008, WMSM changed its name to JPMC Specialty Mortgage LLC ("JPMCSM"). Plaintiff only recently (within the past few days) learned of this name change.

12. Plaintiff seeks leave to file the attached proposed Second Amended Complaint in order to add JPMCSM as a defendant and to add claims against JPMCSM. <u>No new claims are added against the current Defendants, who have stipulated to the addition of the most recent assignee of the mortgage as a new defendant herein</u>.

13. The current parties have engaged in no formal discovery and are awaiting presentation of the case to a mediator.

14. Plaintiff seeks in good faith to amend her pleading. The offered amendments are not for purposes of delay, and will not unduly prejudice the current Defendants, who, as shown above, have stipulated to them. As also shown above, no new claims are added against the current Defendants. Furthermore, the claims that are added against JPMCSM involve TILA disclosure issues that are already present in this case and within the current Defendants' knowledge.

## MEMORANDUM OF LAW

Rule 15(a) mandates that leave to amend a pleading be freely given when justice so requires. Foman v. Davis, 371 U.S. 178 (1962). This Rule "circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) (emphasis added). There is no reason herein for denial of Plaintiff's requested amendment. None of the factors listed in Foman as possible grounds for denying amendment (i.e., undue delay, bad faith or dilatory motive, repetitive amendments, undue prejudice, futility) is present. Accordingly, the present motion must be granted. Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993) ("a justifying reason must be apparent for denial of a motion to amend") (emphasis added). See also Hely & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir. 1981) (to show prejudice from a proposed Rule 15(a) amendment, the party opposing the amendment "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely").

All of the above authorities apply a fortiori when the other parties to the case stipulate to the amendment, as is the situation herein.

WHEREFORE, Plaintiff moves the Court for an order allowing her to file the attached proposed Second Amended Complaint, *instanter*.


(Signature follows.)

4

<u>Charles M. Baird</u>
Charles M. Baird
Georgia Bar No. 032500
Attorney at Law
1270 Caroline Street
Suite D120-440
Atlanta, Georgia 30307-2758
 (404) 522-9485
Fax: (404) 627-7056
charlesmbaird@att.net

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on March 20, 2009, the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>s/Charles M. Baird</u>