**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. | ) | MDL NO. 1715 |
| MORTGAGE LENDING PRACTICES | ) | |
| LITIGATION | ) | Lead Case No. 05-CV-07097 |
| | ) | |
| _____ | ) | (Centralized before Judge Aspen) |
| | ) | |
| ROSE TERRY, et al. | ) | |
|    Plaintiffs | ) | |
| | ) | |
|    -vs.- | ) | |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, et al. | ) | Case No. 1:08-CV-02475 |
| | ) | |
|    Defendants and Third-party | ) | Honorable David H. Coar |
|    Plaintiffs | ) | |
|    -vs.- | ) | |
| | ) | |
| FIRST AMERICAN TITLE INSURANCE | ) | |
| COMPANY, et al. | ) | |
| | ) | |
|    Third-party Defendants | ) | |
| _____ | ) | |

**THIRD-PARTY DEFENDANT FIRST AMERICAN TITLE INSURANCE
COMPANY'S MOTION TO REASSIGN TO MDL**

Third-party Defendant First American Title Insurance Company ("First American")
moves the Court, pursuant to Rule 7.5(a) of the Rules of Procedure of the Judicial Panel on
Multidistrict Litigation and Rule 40.4(c) of the Northern District of Illinois Local Rules of Court,
to reassign the above-captioned case known as Rose Terry, et al. v. Ameriquest Mortgage
Company, et al. v. First American Title Insurance Company, et al., United States District Court,
Northern District of Illinois, Case No. 1:08-CV-02475 (Honorable Judge Coar presiding) (the
"Terry Litigation"), to the pending multidistrict litigation proceeding known as In re:
Ameriquest Mortgage Co., Mortgage Lending Practices Litigation, United States District Court,

Northern District of Illinois, MDL No. 1715, Lead Case No. 05-CV-07097 (Honorable Judge Aspen presiding) (the "Ameriquest MDL"). In support hereof, First American States as follows:

## Introduction

1.     The Ameriquest MDL includes hundreds of lawsuits which challenge loans originated by Ameriquest Mortgage Company ("Ameriquest").

2.     The Terry Litigation is "related," under Local Rule 40.4(a), to many of the actions now pending in the Ameriquest MDL. The Terry Litigation plaintiffs assert violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, including the alleged failure to disclose properly the borrowers' right to cancel loans. Hundreds of individual lawsuits and the borrowers' consolidated class action complaint make substantially the same allegations in the Ameriquest MDL.

3.     Ameriquest likewise filed in the Ameriquest MDL a third-party complaint against certain title insurance underwriters and closing agents, as it does now in the third-party complaint filed in the Terry Litigation against First American and others. Ameriquest again asserts in the Terry Litigation contract indemnification claims against the title insurance underwriters, which purport to arise under various closing protection letters or agreements, as it does in the Ameriquest MDL.

4.     Local Rule 40.4(b)'s conditions for reassignment also are satisfied. The Terry Litigation is pending before Judge Coar in this District. The Terry Litigation's pretrial proceedings being handled by this Court in the Ameriquest MDL likely will save substantial judicial time and effort. The Ameriquest MDL has not progressed to a point where a reassignment of the Terry Litigation to the Ameriquest MDL will present substantial delay.

Finally, the Terry Litigation and the actions in the Ameriquest MDL are susceptible to pretrial disposition in a single proceeding because their subject matter overlaps substantially.

5.　　　The Court recently, in a different lawsuit filed on behalf of different borrower-plaintiffs, granted Ameriquest's motion to reassign a related action. <u>Bean, et al. v. Ameriquest Mortgage Co., et al.</u>, No. 08 C 6449 (N.D. Ill. Jan. 21, 2009). Ameriquest itself pointed this out when it recently filed an agreed motion to reassign another related action (for precisely the reasons herein set forth). <u>Neubeck, et al. v. Ameriquest Mortgage Co., et al.</u>, No. 09 C 795 (N.D. Ill. March 9, 2009) (the "Neubeck Reassignment").

Argument

6.　　　First American must satisfy both Local Rule 40.4(a) and 40.4(b)'s conditions to prevail on the basis of relatedness. <u>Donahue v. Elgin Riverboat Resort</u>, No. 04 C 816, 2004 WL 2495642, * 2 (N.D. Ill. Sept. 28, 2004). The Court enjoys broad discretion to reassign a lawsuit under Local Rule 40.4. <u>Clark v. Ins. Car Rentals Inc.</u>, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999).

7.　　　As Ameriquest pointed-out in regard to the Neubeck Reassignment, Local Rule 40.4 provides that cases are "related" if: (i) the lawsuits involve the same property; (ii) the lawsuits involve some of the same issues of fact or law; (iii) the lawsuits grow out of the same transaction or occurrence; *or* (iv) in class action lawsuits, one or more of the classes involved in the lawsuits is or are the same. Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related." <u>Fairbanks Capital Corp. v. Jenkins</u>, No. 02-C-3930, 2002 WL 31655277, * 2 (N.D. Ill. Nov. 25, 2002). Rather, it is enough that the lawsuits "involve <u>some</u> of the same issues of fact or law." <u>Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.</u>, No. 02-C-5893, 2003 WL 21011757, * 3 (N.D. Ill. May 5, 2003) (emphasis in original).

3

8.     Once the lawsuits are found to be related, Local Rule 40.4(b) imposes four additional conditions before a lawsuit may be reassigned: (i) both lawsuits must be pending in the Northern District of Illinois; (ii) reassignment likely must save substantial judicial time and effort; (iii) the earlier lawsuit must not have progressed to the point where designating the lawsuits as related likely would delay substantially the proceedings in the earlier lawsuit; and (iv) the lawsuits must be susceptible of pretrial disposition in a single proceeding. The Terry Litigation's reassignment to the Ameriquest MDL satisfies Local Rule 40.4(a) and (b)'s requirements. The Court therefore should grant the motion.

9.     The Terry Litigation is "related," under Local Rule 40.4(a), to the actions pending in the Ameriquest MDL. The Terry Litigation plaintiffs allege that Ameriquest violated TILA by failing to provide them with proper notice of their TILA rescission rights. Hundreds of actions in the Ameriquest MDL assert the same TILA claims against Ameriquest. In the Terry Litigation, Ameriquest filed a third-party complaint asserting contract indemnification claims against title insurance underwriters which purport to arise under various closing protection letters or agreements. Ameriquest filed a virtually identical third-party complaint asserting the same claims in the Ameriquest MDL. The Terry Litigation therefore is "related" to the Ameriquest MDL under Local Rule 40.4(a).

10.    All of Local Rule 40.4(b)'s reassignment conditions are satisfied. The Terry Litigation is pending before Judge Coar in this District. The Terry Litigation's pretrial proceedings being handled by this Court in the Ameriquest MDL likely will save substantial judicial time and effort. As noted by Ameriquest itself, the Seventh Circuit Court of Appeals previously has criticized the District Court for permitting separate lawsuits, involving similar claims and the same defendants, to proceed along different tracks before different judges,

producing numerous and disparate decisions, and multiple appeals. See e.g., Smith v. Check-N-Go of Illinois, Inc., 200 F.3d 511, 513 (7th Cir. 1999).

11.     A second amended complaint in the Terry Litigation (and the third-party complaint against First American[1]) was filed this year, 2009.[2]  The Ameriquest MDL has not progressed to the point where designating the Terry Litigation as "related" would delay the proceeding.  Finally, the actions in the Terry Litigation and the Ameriquest MDL are susceptible to pretrial disposition in a single case because they assert common legal claims under TILA.

12.     As sought by Ameriquest itself in the Neubeck Reassignment, and as in the case of Bean, the Court should reassign the Terry Litigation to the Ameriquest MDL as a "related" action for pretrial proceedings.

WHEREFORE, Third-party Defendant First American Title Insurance Company respectfully asks the Court to grant its motion to reassign the Terry Litigation to the Ameriquest MDL as a "related" action.

Dated: March 24, 2009

Respectfully submitted,

/s/ Robert Radasevich
Robert Radasevich
Jason A. Frye
rradasevich@ngelaw.com
Neal, Gerber & Eisenberg LLP
Two N. LaSalle, Suite 1700
Chicago, Illinois  60602
(312) 269-8039  (Phone)
(312) 578-4947 (Fax)

Counsel for
First American Title Insurance Company

---

[1]  A copy of the third-party complaint is attached as Exhibit 1.
[2]  A copy of the second amended complaint is attached as Exhibit 2.

CERTIFICATE OF SERVICE

I, Robert Radasevich, hereby certify that on this 24th day of March, 2009, a true and accurate copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Robert Radasevich
Robert Radasevich