UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead case No. 05-7097 |
| THIS DOCUMENT RELATES TO:<br><br>RUSSELL & BARBARA BEAN v. AMERIQUEST MORTGAGE COMPANY and CITIFINANCIAL MORTGAGE nka CITIMORTGAGE, INC. (Case No.: 08-cv-6449, N.D. Ill.) | Centralized before the Honorable Marvin E. Aspen<br><br>JURY TRIAL DEMAND |

**AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs Russell and Barbara Bean charge Defendants with violation of the Truth in Lending Act through their failure to honor a valid rescission request in violation of 15 U.S.C. § 1635.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1337 because Plaintiffs' claim under the Truth in Lending Act arises under federal law.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because the defendants do business in this district. Also, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Aspen.

## PARTIES

4. Defendant Ameriquest Mortgage Company is a leading sub-prime mortgage lender. The company's main offices are in Orange, California, but it does business in this district.

5. Defendant CitiMortgage, Inc. is or was an assignee of Plaintiffs' mortgage and also does business in this district.

6. Plaintiffs Russell & Barbara Bean own a home in Graterford, Pennsylvania and entered into a refinancing transaction with defendant Ameriquest Mortgage on November 23, 2005.

## COUNT ONE -- TRUTH IN LENDING ACT

7. Plaintiffs incorporate paragraphs one through six above.

8. Ameriquest's disclosures to Plaintiffs did not comply with the requirements of the Truth in Lending Act. To understand how the disclosures were defective, some background is helpful.

## REGULATORY FRAMEWORK

9. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq. requires the clear, fair, conspicuous and accurate disclosure of the costs and terms of credit. The statute's purpose is to protect consumers from inaccurate and unfair credit practices, and to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit.

10. Accordingly, the Board of Governors of the Federal Reserve System promulgated Regulation Z to implement the TILA. 12 C.F.R. § 226.1(a). A creditor is required by Regulation Z to make certain disclosures to the consumer, "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Regulation Z sets out certain guidelines for creditors to follow when disclosing the amount financed, the finance charge, and the annual

percentage rate to the consumer and demands that these disclosures be accurate. 12 C.F.R. § § 226.18, 226.22, 226.5.

11. Regulation Z also requires that "disclosures shall reflect the terms of the legal obligation between the parties" 12 C.F.R. § 226.17(c)(1) and that the creditor accurately disclose "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g)(1).

12. The Truth in Lending Act confers additional rights on home owners who refinance their mortgages with a new lender. In order to give these borrowers an opportunity to reflect on their other TILA disclosures and to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three business days after receiving their final TILA disclosures or three business days of receiving notice of their right to rescind, whichever is later. More specifically, the statute provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635(a).

13. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the

3

> obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

14. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a).

15. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. Subject to exceptions not here pertinent, the regulation provides:

> In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction ....

12 C.F.R. § 226.23(a)(1).

16. The regulation goes on to require that the creditor "deliver" to "each consumer entitled to rescind" two copies of a document that "clearly and conspicuously disclose" the consumer's rescission rights. See 12 C.F.R. § 226.23(b)(1)

17. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the

4

transaction and shall clearly and conspicuously disclose the following:

>   (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
>   (ii) The consumer's right to rescind the transaction.
>
>   (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
>   (iv) The effects of rescission, as described in paragraph (d) of this section.
>
>   (v) The date the rescission period expires.

12 C.F.R. § 226.23(b)(1).

18. Paragraph (d) goes on to explain the effects of rescission. Subparagraph (d)(1) provides:

> When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

12 C.F.R. § 226.23(d)(1).

19. Subparagraph (d)(2) states:

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2).

## DEFECTIVE DISCLOSURES

20. Ameriquest's disclosures to Plaintiffs in connection with Plaintiffs' mortgage refinancing transaction did not comply with the requirements of the Truth in Lending Act. More specifically, the Notice of Right to Cancel forms that were delivered to Plaintiffs at the closing did not set forth the date that the rescission period expired, which is a violation of 12 C.F.R. § 226.23(b)(1)(v).

5

21. Under the Truth in Lending Act, if the rescission disclosures or material TILA disclosures are deficient, then the rescission period is extended for up to three years. See 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first").

22. Ameriquest's rescission and material TILA disclosures were defective. Accordingly, Plaintiffs are entitled to rescission of their mortgage transaction a

23. Within twenty days of receiving the rescission notice, Defendants should have released their security interest in Plaintiffs' home and paid back to Plaintiffs any money or property that Plaintiffs has paid to them in connection with the loan. See 12 C.F.R. § 226.23(d)(2). Defendants have not done either.

24. Defendants' failure to honor the rescission request is a violation of the Truth in Lending Act. Plaintiffs are entitled to rescission plus statutory damages and other relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court grant judgment against Defendants as follows:

    a. canceling Defendants' security interest in Plaintiffs' home and ordering Defendants to provide Plaintiffs with the money to which Plaintiffs are entitled to under 12 C.F.R. § 226.23(d)(2);

    b. awarding Plaintiffs actual damages proximately caused by Defendants' failure to comply with 12 C.F.R. § 226.23(d)(2);

    c. awarding appropriate statutory damages;

    d. ordering Defendants to pay costs, penalties, and attorneys fees;

    e. granting such other relief as the Court deems just and proper.

Date:   March 26, 2009          Respectfully submitted by:

                                             /s/ Anthony P. Valach, Jr.
                                             Counsel for the Plaintiffs

                                             THE LAW OFFICES OF DANIEL HARRIS
                                             Daniel Harris
                                             Anthony Valach
                                             150 N. Wacker Dr., Suite 3000
                                             Chicago, IL 60606
                                             Telephone: (312) 960-1802
                                             Facsimile: (312) 960-1936
                                             lawofficedh@yahoo.com
                                             anthonyvalach@sbcglobal.net

## **CERTIFICATE OF SERVICE**

    I, Anthony P. Valach, Jr., hereby certify that on this 26th day of March 2009, a true and correct copy plaintiffs' **AMENDED COMPLAINT** was served, via the Court's electronic filing system, upon counsel of record.


                                             /s/ Anthony Valach
                                                         Anthony Valach