IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION _____ THIS DOCUMENT RELATES TO ALL ACTIONS _____ | ) ) ) ) ) ) ) | Lead Case No. 05 C 7097 MDL No. 1715 Centralized before   The Hon. Marvin E. Aspen |

**THIRD-PARTY DEFENDANTS'**
**MOTION TO SUBSTITUTE LIAISON COUNSEL**

The Third-Party Defendants, through their Current Liaison Counsel, seek to substitute Liaison Counsel, pursuant to a motion to withdraw previously filed by Current Liaison Counsel. In support of the motion to substitute, the Third-Party Defendants state as follows:

1. On December 10, 2008, this Court entered an Order approving the structure under which the defenses common to each of the Third-Party Defendants in this case would be coordinated by a Liaison Counsel [Docket # 2550]. This Court also approved the appointment of Keith R. Verges, Mark T. Davenport, Don Colleluori, and Russell W. Hubbard ("Current Liaison Counsel") (all of whom practice at Figari & Davenport, L.L.P., and who represented the LandAmerica parties in this case) as Liaison Counsel to all of the Third-Party Defendants. [*Id.*] The Order was issued pursuant to the Court's stated desire for some level of coordination of the defense of the more than 100 Third-Party Defendants and, in particular, with respect to the filing of a consolidated motion to dismiss. *See, e.g.*, Court Order dated December 10, 2007 [Docket # 1779]. Current Liaison Counsel retained certain

attorneys from the Chicago firm of Arnstein & Lehr LLP to assist in the role of Liaison Counsel.

2. On February 19, 2009, Current Liaison Counsel filed a motion to, among other things, withdraw as Liaison Counsel to the Third-Party Defendants. [Docket # 2627].

3. Current Liaison Counsel subsequently solicited resumés from any lawyers who currently represent one or more of the Third-Party Defendants in this case and who wanted to take over the role of Liaison Counsel. After receiving and circulating resumés, Current Liaison Counsel organized and presided over a procedure in which all of the Third-Party Defendants had the opportunity to vote on new Liaison Counsel. The votes were weighted and tabulated according to the same formula that the Court had approved for allocation of Liaison Counsel fees among the Third-Party Defendants. Pursuant to this vote, David A. Chizewer, Steven A. Levy, and Kerry D. Nelson of the Goldberg Kohn law firm in Chicago, were elected to be the new Liaison Counsel (the "Proposed Liaison Counsel"). The results of the vote have been circulated to the Third-Party Defendants.

4. Proposed Liaison Counsel have agreed to take over as new Liaison Counsel under the terms contained in the letter of engagement, attached hereto as Exhibit A.

5. The Motion was circulated to the more than 100 Third-Party Defendants on Friday, April 3, 2009. Proposed Liaison Counsel has received several objections to its hourly rates, although none of the objections provided a basis for objection other than stating that "the rates are too high." Proposed Liaison Counsel's rates are the standard rates that those lawyers charge and receive from their clients. Proposed Liaison

Counsel believes the rates are appropriate given the prevailing market rates in Chicago and the credentials of the attorneys involved (the biographies of Proposed Liaison Counsel are attached hereto as Exhibit B). The Court is not inclined to grant this Motion and thereby approve those rates, Proposed Liaison Counsel is alternatively willing to perform the work at a flat hourly rate of $350 for all attorneys who work on the matter. In light of the fact that all of Liaison Counsel's fee requests will be subject to a petition to, and approval of, this Court for each quarterly request, movants suggest that the Court approve the proposed rate structure, and entertain any objections to specific fee petitions to the extent there is a discernable discrepancy between the value of the work provided and the total amount requested in each petition. Such objections would fully protect the objections and would be more appropriate than arbitrary and unreasoned objections to hourly rates made in the abstract.

WHEREFORE, the Third-Party Defendants, through their Current Liaison Counsel, request that the Court approve the withdrawal of Keith R. Verges, Mark T. Davenport, Don Colleluori, and Russell W. Hubbard as Current Liaison Counsel to the Third-Party Defendants and hereby appoint David J. Chizewer, Steven A. Levy and Kerry D.

Nelson as new Liaison Counsel subject to the terms of the engagement letter attached as Exhibit A to this Motion.

Dated: April 9, 2009

                                Respectfully submitted,

                                By   /s/ Keith R. Verges

Keith R. Verges
Mark T. Davenport
Don Colleluori
Russell W. Hubbard
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2017

John R. Ropiequet
Christopher S. Naveja
Jason B. Hirsh
ARNSTEIN & LEHR LLP
120 South Riverside Plaza
Suite 1200
Chicago, Illinois 60606
(312) 876-7100

Current Liaison Counsel and Counsel for
Third-Party Defendants:

COMMONWEALTH LAND TITLE
INSURANCE COMPANY, LAWYERS TITLE
INSURANCE CORPORATION,
TRANSNATION TITLE INSURANCE
COMPANY, LANDAMERICA FINANCIAL
GROUP, INC., and COMMONWEALTH LAND
TITLE COMPANY

By  /s/ David J. Chizewer

David J. Chizewer
Steven A. Levy
Kerry D. Nelson
GOLDBERG KOHN BELL BLACK
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000

Proposed Liaison Counsel and Counsel for
Third-Party Defendant:

NATIONAL REAL ESTATE INFORMATION
SERVICES