UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE AMERIQUEST MORTGAGE COMPANY MORTGAGE LENDING PRACTICES LITIGATION** | **MDL No. 1715**<br><br>**Lead Case No. 05-cv-07097**<br><br>**Centralized before Judge Marvin E. Aspen** |
| **THIS DOCUMENT RELATES TO:**<br><br>**COLEMAN V. AMERIQUEST MORTGAGE CO.**, Case No. 07 C 3577 (N.D. Ill.)<br><br>**NANCY ELDER COLEMAN and ROBERT L. ELDER,**<br><br>     Plaintiffs<br><br>v.<br><br>**AMERIQUEST MORTGAGE COMPANY,**<br><br>     Defendant. | |

**PLAINTIFFS' UNOPPOSED AMENDED MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT *INSTANTER*,
<u>WITH INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiffs move the Court, under Rule 15(a) of the Federal Rules of Civil Procedure, for an order granting them leave to file, *instanter,* the proposed Second Amended Complaint attached hereto as Exhibit A.[1] In support of this motion, Plaintiffs state:

---

[1] This Court's Order entered on June 25, 2007, waived the Local Rule 5.3(b) presentment requirement. (Order at 1; Doc. 843.) Accordingly, the present Motion is not accompanied by a

1. Plaintiffs initiated this action in the Northern District of Georgia. It was subsequently transferred to the Northern District of Illinois as a tag-along action in the present multi-district litigation.

2. Plaintiffs assert herein claims under the Truth in Lending Act, 15 U.S.C. §§1601-1666 ("TILA"), to enforce their right to rescind two consumer credit transactions and to recover damages, court costs, litigation expenses, and attorney's fees based on violations of TILA and implementing Regulation Z, 12 C.F.R. pt. 226. Plaintiffs also assert a claim, via Ga. Code Ann. §§ 51-1-6, 51-1-8, for breach of statutory duties imposed by the Georgia Residential Mortgage Act. Additionally, Plaintiffs seek relief under the Georgia Fair Business Practices Act and its companion statute, the Georgia Unfair or Deceptive Practices Toward the Elderly Act, for unfair and deceptive practices.

3. Defendant Ameriquest Mortgage Company ("Ameriquest") has stipulated to the granting of a motion for leave to amend by Plaintiffs to add assignees of the mortgage loan transactions that are at issue herein ("mortgages").

4. Ameriquest also stipulated that it would provide Plaintiffs' counsel with the necessary information to add the assignees of the mortgages as defendants in the present action. However, considerable time elapsed before Plaintiffs' counsel received that information.

---

notice of presentment or other such notice. However, since the current Defendant has indicated that it will not oppose an amendment to the Amended Complaint to add assignees of the subject mortgage transactions as additional defendants in this action, Plaintiffs respectfully request that the normal briefing schedule for this Motion, (see Order entered Nov. 7, 2006, at 14; Doc. 284), be accelerated, to expedite the joinder of a necessary party.

5. The information that Plaintiffs did eventually receive was that the earlier of the two mortgages was assigned to Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank") and that the later of the two mortgages was assigned to WM Specialty Mortgage LLC ("WMSM").

6. On May 14, 2008, Plaintiffs filed and served Plaintiffs' Motion for Leave to File Second Amended Complaint *Instanter,* ("Prior Motion to Amend"; Doc. 2151), seeking to join Deutsche Bank and WMSM as new defendants herein.

7. The Prior Motion to Amend was unopposed.

8. However, this Court never ruled on the Motion.

9. On or about September 25, 2008, WMSM was purchased by JPMorgan Chase & Company. On December 29, 2008, WMSM changed its name to JPMC Specialty Mortgage LLC ("JPMCSM"). Plaintiffs only very recently learned of this name change.

10. Plaintiffs seek leave to file the attached proposed Second Amended Complaint in order to add Deutsche Bank and JPMCSM as defendants and to add claims against Deutsche Bank and JPMCSM. <u>No new claims are added against the Ameriquest, which stipulated to the addition of the most recent assignees of the mortgages as new defendants herein</u>.

11. The current parties have engaged in no formal discovery and are awaiting presentation of the case to a mediator.

12. Plaintiffs seek in good faith to amend their pleading. The offered amendments are not for purposes of delay, and will not unduly prejudice Ameriquest, which, as shown above, has stipulated to them. As also shown above, no new claims are added against Ameriquest.

3

Furthermore, the claims that are added against Deutsche Bank and JPMCSM involve TILA disclosure issues that are already present in this case and within Ameriquest's knowledge.

MEMORANDUM OF LAW

Rule 15(a) mandates that leave to amend a pleading be freely given when justice so requires. Foman v. Davis, 371 U.S. 178 (1962). This Rule "circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) (emphasis added). There is no reason herein for denial of Plaintiffs' requested amendment. None of the factors listed in Foman as possible grounds for denying amendment (i.e., undue delay, bad faith or dilatory motive, repetitive amendments, undue prejudice, futility) is present. Accordingly, the present motion must be granted. Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993) ("a justifying reason must be apparent for denial of a motion to amend") (emphasis added). See also Hely & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir. 1981) (to show prejudice from a proposed Rule 15(a) amendment, the party opposing the amendment "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely").

WHEREFORE, Plaintiffs move the Court for an order allowing them to file the attached proposed Second Amended Complaint, *instanter*.


(Signature follows.)

s/Charles M. Baird
Charles M. Baird
Georgia Bar No. 032500
Attorney at Law
1270 Caroline Street, Suite D120-440
Atlanta, Georgia 30307-2758
 (404) 522-9485
Fax: (404) 627-7056
charlesmbaird@att.net

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on April 9, 2009, the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Charles M. Baird
Charles M. Baird