**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL NO. 1715 |
| | Lead Case No. 05-CV-07097 |
| | (Centralized before Judge Aspen) |
| ROSE TERRY, *et al.*, | |
| Plaintiffs, | |
| vs. | |
| AMERIQUEST MORTGAGE COMPANY, *et al.*, | Case No. 08-CV-2475 |
| | Honorable David H. Coar |
| Defendants and Third-party Plaintiffs, | Magistrate Judge Mason |
| vs. | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, *et al.* | |
| Third-party Defendants | |

**DEFENDANT WAYNE LEE'S OPPOSITION TO THIRD-PARTY DEFENDANT
FIRST AMERICAN TITLE INSURANCE COMPANY'S
<u>MOTION TO REASSIGN TO MDL</u>**

For three reasons, Defendant Wayne Lee ("Mr. Lee") vehemently opposes Third-Party Defendant First American Title Insurance Company's ("First American") motion to reassign *Terry v. Ameriquest Mortgage Company* (No. 08-CV-02475) (Coar, J.) (the "Terry Litigation") to this Court in connection with the Ameriquest MDL litigation.

First, reassignment at this point will cause substantial delay to Mr. Lee and to the other litigants in both the Terry Litigation and the Ameriquest MDL litigation. Mr. Lee has already filed and fully briefed a motion showing that the Court lacks personal jurisdiction over him, and

1

thus that his case must be dismissed.[1]  Mr. Lee is a resident of California and has no contacts with Illinois.  Further, Plaintiffs have failed to state a claim against Mr. Lee because they are not creditors of the corporation alleged to have engaged in a fraudulent transfer.  *See* Lee Motion to Dismiss filed February 6, 2009 (No. 08-CV-02475, Dkt. No. 162).  Reassignment would effectively take these issues from Judge Coar and place them squarely on this Court's already full plate, adding entirely new issues to an already complex MDL proceeding.  Given that reassignment of the Terry Litigation "will only complicate and delay the proceedings" for all parties, reassignment is inappropriate.  *Pena v. Freedom Mortgage Team, Inc.*, No. 07-C-552, 2007 U.S. Dist. LEXIS 79817, *18 (N.D. Ill. Oct. 24, 2007).[2]  In addition to needlessly duplicating efforts by this Court and Judge Coar, Mr. Lee would be severely prejudiced by a transfer because it would delay a decision on his personal jurisdiction motion.

Second, reassignment would not result in a "substantial saving of judicial" resources as Local Rule 40.4(b) requires.  Mr. Lee is not a party in a single case among the 500+ cases currently assembled as part of the Ameriquest MDL litigation.  This is unsurprising, given that Illinois courts lack jurisdiction over Mr. Lee.  Further, the only claim asserted against Mr. Lee is Count III – a claim under the Illinois Uniform Fraudulent Transfer Act (IUFTA).  The Ameriquest MDL claims are based primarily on alleged violations of the Truth in Lending Act, and do not include allegations of fraudulent transfer.  Reassigning the Terry Litigation into the Ameriquest MDL would add a wholly new claim to that litigation with its own unique facts,

---

[1] Mr. Lee filed on August 28, 2008, a motion to dismiss for lack of personal jurisdiction. (See No. 08-CV-02475, Dkt. No. 55).  The Terry Plaintiffs later amended their complaint to bolster their allegations as to Count I and Count II, but failed to amend their pleadings to resolve the jurisdictional issues originally raised by Mr. Lee, who is a defendant only as to Count III.  (See id. at Dkt. No. 133). Mr. Lee again promptly moved to dismiss the amended complaint for lack of personal jurisdiction on the same grounds, which motion has been fully briefed and is ripe for a decision from Judge Coar.  (See id. at Dkt. No. 162).

[2] At a minimum, even if this Court were to find that reassignment of the Terry Litigation is proper, this Court should delay the effective date of such a ruling until Judge Coar's ruling on Mr. Lee's pending motion to dismiss.

requirements and discovery. Given that the Terry Litigation and the Ameriquest MDL litigation involve different legal claims "which make [the cases] significantly different," reassignment of the Terry Litigation to this Court is inappropriate. *Goldhamer v. Lt. Nagode*, No. 07-C-5286, 2007 U.S. Dist. LEXIS 93563, *6 (N.D. Ill. Dec. 20, 2007); *see also Williams v. Walsh Constr.*, No. 05-C-6807, 2007 U.S. Dist. LEXIS 3970, *5 (N.D. Ill. Jan. 16, 2007) ("if the cases will require different discovery, legal findings, defenses or summary judgment motions, it is unlikely that reassignment will result in a substantial judicial savings."). Indeed, reassignment would merely force Mr. Lee – an individual defendant – to expend considerable time and resources litigating in the MDL in order to defend a single claim, causing him severe prejudice. Tellingly, First American does not disagree, as they do not once refer to the claim against Mr. Lee as a basis for their motion.

Third, and finally, First American has wholly failed to explain *why* amalgamating different parties, different claims, and different jurisdictional issues will save judicial resources or expedite either piece of litigation. Such an explanation is required under the Local Rules, and First American bears the burden of offering it. LR 40.4(c); *Goldhamer*, 2007 U.S. Dist. LEXIS 93563, at *4 (N.D. Ill. Dec. 20, 2007) ("the burden is on the moving party to specifically identify why each of the [rule 40.4(b)] factors has been met . . . ."). While First American offers bare conclusions, such conclusions are insufficient. This failure, in and of itself, separately compels that this Court deny the motion to reassign. *Davis v. Quebecor World*, No. 01-C-8014, 2002 U.S. Dist. LEXIS 267, *10 (N.D. Ill. Jan. 9, 2002).

## **CONCLUSION**

WHEREFORE, Defendant Wayne Lee respectfully asks this Court to deny First American's Motion to Reassign the Terry Litigation to the Ameriquest MDL action.

DATED: April 14, 2009

Respectfully submitted,

By: /s/ Thomas J. Wiegand

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
twiegand@winston.com

*Attorneys for Wayne Lee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2009, I filed the above and foregoing with the Court's ECF system, and by doing so served a copy on all parties.


/s/ Thomas J. Wiegand
Attorney for Wayne Lee