IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen)<br><br>Magistrate Judge Morton Denlow |
| ROSE TERRY, et al.<br><br>      Plaintiffs<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY, et al.<br><br>      Defendants and Third-Party Plaintiffs<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, et al.<br><br>      Third-party Defendants. | Case No. 1:08-cv-02475<br><br>The Honorable David H. Coar |

**DEFENDANT DAWN ARNALL'S RESPONSE TO
THIRD-PARTY DEFENDANT FIRST AMERICAN TITLE
INSURANCE COMPANY'S MOTION TO REASSIGN TO MDL**

Defendant Dawn Arnall, in her individual capacity and that of Trustee of the Roland and Dawn Arnall Living Trust ("Ms. Arnall"), by and through her attorneys, and for her response to First American Title Insurance Company's ("First American") Motion to Reassign to the MDL proceedings states as follows:

I.  **INTRODUCTION**

First American's Motion to Reassign should be denied for three reasons. ***First***, First American has not met its burden of showing that the claims in Terry and those in the MDL proceeding are "related" in that there exists a substantial similarity between the issues of law or fact of each case as required by Local Rule 40.4(a). ***Second***, First American failed to specify how reassignment of the present matter meets the requirements for transfer under Local Rule 40.4(b). ***Finally***, reassignment does not promote judicial economy in that it would further delay ruling on whether Ms. Arnall is subject to the jurisdiction of the Illinois courts.

II.  **ARGUMENT**

The reassignment of "related" cases is controlled by Local Rule 40.4. To have a case reassigned based on relatedness, the movant must satisfy both Local Rule 40.4(a) and (b). First American has done neither and, as a result, its motion must be denied.

A.  **First American Did Not Establish That The Matters Are Related.**

Local Rule 40.4(a) provides that two or more civil cases may be related if the cases: (1) involve the same property; (2) involve some of the same issues of fact or law; (3) grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. N.D. Ill. L.R. 40.4(a). It is the burden of the moving party to specifically identify why such factors have been met. *Goldhamer v. Nagode*, No. 07 C 5286, 2007 WL 4548228 (N.D. Ill. Dec. 20, 2007). If the moving party fails to satisfy the requirements, the motion should be denied. *Id.* First American has not met these requirements because it has failed to explain—and, indeed, it

2

cannot explain—the similarity between state law claims that are part of the *Terry* litigation but are not in the MDL.

First American argues that, in order to establish relatedness, it must demonstrate only that the lawsuits involve "some" of the same issues. The commonality required under the relatedness rule, however, cannot be incidental. *Clark v. Ins. Car Rentals, Inc.*, 42 F. Supp. 2d 846, 848 (N.D. Ill. 1999). Indeed, the fact that cases are brought against the same defendant and generally involve the same types of allegations is not sufficient to show the cases are related as defined by Local Rule 40.4(a). *Donahue v. Elgin Riverboat Resort*, 04 cv 816, 2004 WL 2495642 at * 2 (N.D. Ill. Sept. 28, 2004). Rather, the movant must show that the common issues of fact or law predominate over the number of uncommon issues. *Clark*, 42 F. Supp. 2d at 848.

Despite this clear requirement, First American supports its request for reassignment with little more than a general reference to a single claim. Specifically, First American argues that reassignment is appropriate because the *Terry* plaintiffs, as in "hundreds of actions" in the Ameriquest MDL, allege that Ameriquest violated TILA by failing to provide proper notice of rescission rights. First American ignores, however, that the *Terry* plaintiffs brought additional claims that are wholly-unrelated to the TILA allegations. For example, the *Terry* plaintiffs allege that Ameriquest and Ms. Arnall engaged in a conspiracy to defraud homeowners in violation of the Illinois Consumer Fraud Act.

Therefore, while there is an overlap of some issues in the two cases, there are facts and law unique to each that likely would require different discovery, legal findings and defenses. Yet, First American fails to explain how or why the TILA claims are of

such import that they predominate over the entire action. Accordingly, First American fails to establish that the cases are related and, therefore, its motion must be denied. *Goldhamer*, 2007 WL 4548228 at *3 (denying motion to reassign based on existence of factual and legal differences).

### B. First American Fails To Show How Transfer Of The Present Matter Satisfies The Requirements Of Local Rule 40.4(b).

Even if this Court finds that the actions are sufficiently related, First American has failed to establish that the conditions set forth in Local Rule 40.4(b) are satisfied. Local Rule 40.4(b) imposes four additional conditions that must be met before an action can be reassigned: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

Local Rule 40.4(c) requires that parties "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." Furthermore, "[t]he judges of this Court have interpreted subsection (c) to impose an obligation on the moving party to specifically identify why each of the four conditions for reassignment under Local Rule 40.4(b) has been met." *Machinery Movers, Riggers and Mach. Erectors, Local 136 Defined Contribution Ret. Fund v. Joseph/Anthony, Inc.*, No. 03 C 8707, 2004 WL 1631646 at * 3 (N.D. Ill July 16, 2004) (denying motion because conclusory allegations regarding how much judicial time would be saved as a result of the reassignment were insufficient to satisfy 40.4(b)). Thus, a court may deny a motion

4

to reassign if a party fails to sufficiently apply the facts of the case to each of 40.4(b)'s requirements. *Id.*

Despite the obvious importance of Local Rule 40.4(b), First American dedicates only six sentences of its motion to a discussion of why this rule is satisfied, each of which is devoid of any factual analysis. For example, First American offers no explanation as to why judicial economy will be promoted as a result of the reassignment. First American fails to specify how combining the cases will result in a substantial savings of judicial resources, nor does it pinpoint what issues for discovery will be the same or why motion practice will be reduced. First American also ignores the fact that, while discovery in the *Terry* case is scheduled to proceed well into 2010, discovery for opt-out claims in the MDL ends on June 23, 2009—meaning consolidation of these cases could meaningfully delay the MDL. Rather than offer any meaningful analysis, First American states only that reassignment "likely will save substantial judicial time and effort." Such conclusory statements, however, are insufficient to satisfy Local Rule 40.4(c).

First American also fails to establish that *Terry* and the Ameriquest MDL are susceptible to pretrial disposition in a single case. "[A] movant satisfies this condition if issues of both law and fact are the same in related cases," such that a determination of the key common issues would be outcome determinative to all of the consolidated cases. *Lawrence Jaffe Pension Plan v. Household Int'l, Inc.*, No 02 C 5893, 2003 WL 21011757 (N.D. Ill. May 5, 2003) (finding that movant "failed to comply with LR 40.4(c) because the movant failed to articulate why the cases are susceptible of disposition in a single proceeding.").

5

First American fails to meet this requirement because it ignores the distinct state law claims raised by the *Terry* plaintiffs, remaining completely silent as to why the state law claims would not necessarily be subject to different disposition than the TILA claims. Accordingly, First American fails to comply with Local Rule 40.4(c)'s stringent requirement that the parties "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." This is sufficient grounds, in and of itself, for denial of the motion to reassign. *Lawrence Jaffe Pension Plan v. Household Int'l, Inc.*, No 02 C 5893, 2003 WL 21011757 (N.D. Ill. May 5, 2003).

### C. Reassignment Does Not Promote Judicial Economy.

In addition to its failure to comply with the technical requirements of Local Rule 40.4(c), First American cannot demonstrate that reassignment will result in a substantial savings of judicial time or effort.

Ms. Arnall's Motion to Dismiss is currently pending before Judge Coar. In it, Ms. Arnall argues that the Illinois courts cannot assert personal jurisdiction because her contacts with the State are too attenuated. The Motion is fully briefed and, therefore, Judge Coar may issue a dispositive ruling at any time that would significantly impact the composition of the *Terry* litigation. Additionally, it is likely that Judge Coar already has expended judicial time and effort in researching and/or preparing a ruling. As such, reassignment would not garner any savings of judicial time or effort, because the transferee court would expend additional time and resources educating itself on a matter of which Judge Coar is already well-versed.

Further, Ms. Arnall is entitled to have the case proceed before a court that can properly exercise personal jurisdiction. Here, Ms. Arnall has been pulled into litigation

6

pending in Illinois, despite the fact that she has no contacts with the State. Granting reassignment does nothing more than further delay resolution of a dispositive motion and prejudice Ms. Arnall. *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2nd Cir. 1999) (noting that when the prospect of an MDL transfer arose, defendant should have objected on jurisdictional grounds or at least sought to defer its inclusion in the transfer until the jurisdictional issue was resolved). First American's request for reassignment also should be denied based on this independent reason.

### III. CONCLUSION

Due to First American's failure to sufficiently specify how the present case is related to the MDL proceedings, its failure to specify how transfer of this case would meet the requirements of Local Rule 40.4(b), and the necessity to resolve Ms. Arnall's Motion to Dismiss, this Court should deny First American's motion.

Dated: April 14, 2009

By: */s/ Vincent P. Schmeltz III*
*Attorneys for Dawn Arnall*
Alan N. Salpeter
Vincent P. Schmeltz III
DEWEY & LEBOEUF LLP
Two Prudential Plaza, Suite 3700
180 North Stetson Avenue
Chicago, IL 60601
(312) 794-8000

## CERTIFICATE OF SERVICE

      Vincent P. Schmeltz III, an attorney, hereby certifies that on this 14th day of April 2009, he caused a true and correct copy of the foregoing document, **DEFENDANT DAWN ARNALL'S RESPONSE TO THIRD-PARTY DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO REASSIGN TO MDL,** to be filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                      By:    /s/ Vincent P. Schmeltz III
                                                                             Vincent P. Schmeltz III