IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br>(Centralized before The Honorable Marvin E. Aspen) |
| ROSE TERRY, et al.,<br><br>       Plaintiffs,<br>  v.<br><br>AMERIQUEST MORTGAGE COMPANY, et al.,<br><br>       Defendants and Third-Party Complainants<br>  v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, et. al.,<br><br>       Third-Party Defendants. | |

**AMERIQUEST MORTGAGE COMPANY'S OPPOSITION TO FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO REASSIGN TO MDL**

**I.    INTRODUCTION**

Currently pending before this Court is Third-Party Defendant First American Title Insurance Company's ("First American") motion to reassign the *Rose Terry, et al. v. Ameriquest Mortgage Company, et al.*, Case No.: 08-CV-02475 (the "Terry Action") to the *In Re: Ameriquest Mortgage Company, Mortgage Lending Practices Litigation* currently pending before this Court.

Assuming *arguendo* that First American has satisfied the requirements of Local Rule 40.4 for reassignment, the Motion should be denied for the simple reason that it is premature.

Not all parties to the Terry Action have appeared as recommended by Local Rule 40.4(c). In addition, there are numerous motions pending before Judge Coar that could dismiss some parties from the Terry Action completely.

## II. BACKGROUND AND PROCEDURAL POSTURE

The Terry Action was filed on or about April 30, 2008. [Docket No. 1]. In response, the defendants have filed numerous motions for procedural and evidentiary defects in the second amended complaint. The motions filed include motions to dismiss for lack of personal jurisdiction by defendants Dawn Arnall, Ameriquest Capital Corporation, and Wayne Lee, and a motion to sever the plaintiffs' claims under Rules 20 and 21. [Docket Nos. 155, 162, 170, and 174].

On or about January 23, 2009, the Terry Action defendants filed a third-party complaint against First American and a number of other title insurance companies, closing services companies, and closing agents for, *inter alia*, breach of contract, contractual indemnity, negligence, and fraud. [Docket No. 137].

## III. LEGAL ARGUMENTS

### A. The Court Should Deny the Motion for Reassignment Because it is Premature

Local Rule 40.4 establishes the criteria for determining whether reassignment is appropriate. Assuming that First American has carried its burden in establishing the elements outlined in Local Rule 40.4, the Court should still deny First American's motion because it is premature.

As a general rule, a motion of reassignment should not be made until after all parties have responded to the pleadings. *See* Local Rule 40.4(c) ("In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions

should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved"). In the Terry Action, there are a number of parties who have not yet appeared in the action and therefore, cannot respond to First American's motion.

In addition, as discussed above, there are a number of dispositive motions to dismiss filed in the Terry Action relating to personal jurisdiction. Further, a motion to sever plaintiffs' claims was also filed by the defendants. All these motions have been fully briefed and are currently pending before Judge Coar. Reassigning the Terry Action while the motions are pending may result in wasted judicial resources. Consequently, before all the parties appear and the motions are heard, it is premature to determine the issue of reassignment.

### IV. CONCLUSION

For the reasons stated above, Defendant Ameriquest Mortgage Company respectfully requests that the Court deny First America Title Insurance Company's Motion to Reassign to MDL.

DATED: April 14, 2009                   Respectfully submitted,

By: /s/ Joanne N. Davies

*Attorneys for Ameriquest Mortgage Company*

Joanne N. Davies (admitted *pro hac vice*)
Buchalter Nemer
18400 Von Karman Ave., Ste. 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182

- 4 -

## CERTIFICATE OF SERVICE

    I, Joanne N. Davies, hereby certify that on this 14th day of April 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    By: /s/ Joanne N. Davies

BN 3182322v2