IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen)<br><br>Magistrate Judge Morton Denlow |

**STIPULATED [PROPOSED] TOLLING OF
<u>STATUTES OF LIMITATION WITH HARRIS MDL PLAINTIFFS</u>**

**WHEREAS**, the plaintiffs represented by Daniel Harris, Esquire who have opted out of the Borrower Class in *In re Ameriquest Mortgage Company Lending Practices Litigation*, MDL No. 1715, Lead Case No. 05-cv-07097 ("MDL"), in the United States District Court for the Northern District of Illinois ("Harris MDL Plaintiffs"), intend to seek leave to add (1) Dawn Arnall, personally, as Trustee for the Roland and Dawn Arnall Living Trust, and in all corporate capacities ("Ms. Arnall"); and (2) Wayne Lee as defendants; as well as (3) to seek leave to amend in order to add a fraudulent conveyance claim against Ameriquest Mortgage Company, Ameriquest Capital Corporation n/k/a SPB Capital Corporation, ACC Capital Holdings Corporation (collectively, the "Ameriquest Entities"), in each of their individual cases (together, Mr. Lee, Ms. Arnall and the Ameriquest Entities are referred to as the "Tolling Defendants");

**WHEREAS**, the parties seek to prevent prejudice to the rights of any party while they explore potential settlement; and

**WHEREAS**, the Tolling Defendants have stipulated that any applicable statutes of limitations or statutes of repose applicable to them in connection with the Harris MDL Plaintiffs'

1

claims either (a) against Ms. Arnall or Mr. Lee; or (b) of fraudulent conveyance against the Ameriquest Entities that have not yet run as of February 6, 2009 shall be tolled;

**NOW THEREFORE,**

The Harris MDL Plaintiffs and the Tolling Defendants hereby stipulate that:

(1) All applicable statutes of limitations or statutes of repose applicable to the Harris MDL Plaintiffs' claims either (a) against Ms. Arnall or Mr. Lee; or (b) of fraudulent conveyance against the Ameriquest Entities that have not yet run as of February 6, 2009, are tolled as of February 6, 2009;

(2) This Tolling Agreement ends upon the Harris MDL Plaintiffs filing: (a) an amended complaint; (b) a motion to amend a complaint; and/or (c) a motion to transfer a complaint in the MDL that names either Ms. Arnall or Wayne Lee as defendants to this action in any capacity or that adds a fraudulent conveyance claim against any or all of the Ameriquest Entities. Further, this Tolling Agreement may be terminated at will by either party upon thirty (30) days written notice to counsel of record;

(3) The Tolling Defendants reserve all rights and do not waive any rights they may have to oppose any (a) request by a Harris MDL Plaintiff for leave to add them as parties and/or (b) amended complaint.

(4) The parties agree that the Court's prior approved briefing schedule, which requires thirty (30) days notice of all motions and allowing thirty (30) days for any oppositions or replies, applies here, in order to allow either the Tolling Defendants an opportunity to address any and all proposed requests for or actual amendments;

2

(5) This Agreement may be modified only in a writing signed by the parties to the modification and no waiver of this Agreement or any of its terms shall be effective unless in writing signed by the party from whom a waiver is sought;

(6) This Agreement contains the entire agreement of the parties with respect to the subject matter hereof, and any prior oral or written statements concerning its subject are merged herein for all purposes and are of no further force and effect;

(7) This Agreement has been executed by duly authorized representatives of the parties and shall be binding upon and inure to the benefit of the parties and their respective officers, representatives and assigns;

(8) This Agreement may be executed in two or more counterparts, each of which so executed shall be deemed to be an original, and such counterparts together shall constitute a single agreement.

**IT IS SO ORDERED.**

Dated:_____, 2009

_____
THE HONORABLE MARVIN E. ASPEN

Dated: April 21, 2009

By: */s/ Vincent P. Schmeltz III*
   *Attorneys for Dawn Arnall*
   Alan N. Salpeter
   Vincent P. Schmeltz III
   DEWEY & LEBOEUF LLP
   Two Prudential Plaza, Suite 3700
   180 North Stetson Avenue
   Chicago, IL 60601
   (312) 794-8000

3

Dated: April 21, 2009      By: **/s/ *Joanne N. Davies***
*Attorneys for Ameriquest Mortgage Company, Ameriquest Capital Corporation n/k/a SPB Capital Corporation, ACC Capital Holdings Corporation, Ameriquest Mortgage Securities, Inc., Citigroup Global Markets Realty Corp. erroneously sued as CitiGroup Global Markets, Inc., CitiFinancial Mortgage Company, Inc. n/k/a CitiMortgage, Inc., Deutsche Bank National Trust Company, Individually and as Trustee, Greenwich Capital Financial Products, Inc., WM Specialty Mortgage, LLC n/k/a JPMC Specialty Mortgage LLC, Citi Residential Lending, Inc., Ameriquest Mortgage Securities, Inc. Asset Backed Pass Through Certificates Series: 2005-R6, 2006-R1, 2005-R7, 2005-R10, 2006-R2, and 2005-R9*

Joanne N. Davies
BUCHALTER NEMER
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
(949) 760-1121
jdavies@buchalter.com

Dated: April 21, 2009      By: **/s/ *Daniel Harris***
*Attorneys for Certain Plaintiffs*
Daniel Harris, Esq.
Law Offices Of Daniel Harris
150 N. Wacker Drive, Suite 3000
Chicago, IL 60606

Dated: April 21, 2009      By: **/s/ *Thomas J. Wiegand***
*Attorneys for Wayne Lee*
Thomas J. Wiegand
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
(312) 558-5947