### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE:  AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL NO. 1715 |
| | Lead Case No. 05-CV-07097 |
| | (Centralized before Judge Aspen) |
| ROSE TERRY, et al.<br>Plaintiffs<br>        -vs.-<br>AMERIQUEST MORTGAGE COMPANY, et al.<br>        Case No. 1:08-CV-02475<br>                        Defendants and Third-party<br>                        Plaintiffs<br>        -vs.- | |
| | Case No. 1:08-CV-02475 |
| | Honorable David H. Coar |
| FIRST AMERICAN TITLE INSURANCE COMPANY, et al.<br>                Third-party Defendants | |

### THIRD-PARTY DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO REASSIGN TERRY LITIGATION TO THE MDL

Third-party Defendant First American Title Insurance Company ("First American") respectfully submits this Reply in support of its Motion to reassign the Terry Litigation to the above encaptioned multidistrict litigation referred to herein as the Ameriquest MDL.

Separate responses to the motion to reassign were filed by the third-party plaintiff, Ameriquest Mortgage Company ("Ameriquest"), the plaintiffs in the underlying action (collectively referred to as the "Terry Plaintiffs"), and two of the individual third-party defendants, Dawn Arnall and Wayne Lee (collectively, the "Individual Defendants").

Ameriquest's sole response is that the motion to reassign "should be denied for the simple reason that it is premature."  (Ameriquest Response, p. 1.)  According to Ameriquest, there are a "number of parties who have not yet appeared in the action and therefore, cannot

respond to First American's motion." (Ameriquest Response, p. 3.) Ameriquest fails to

mention, however, that all of the parties who have not yet appeared are in default.[1]

Consideration of whether the Terry Litigation case should be reassigned to the Ameriquest MDL

should not be held hostage to Ameriquest's decision not to default parties who have failed to

respond to its third party complaint, nor should it be delayed until the parties in default file

appearances, which may never happen. Accord, *Freeman v. Bogusiewicz*, Case no. 03 C 2908,

2004 WL 1879045 (N.D.Ill. Aug 11, 2004).

The Terry Plaintiffs oppose re-assignment on the ground that they have asserted

fraudulent conveyance claims in the Terry Litigation that are not present in the Ameriquest

MDL, and because with over 440 docket entries on file, the Terry Litigation has progressed to

the point where re-assignment would not promote the interests of judicial economy. The

presence of fraudulent conveyance claims is not a bar to reassignment. *Freeman*, 2004 WL

1879045, *2 (rejecting argument that the presence of additional counts in one action precluded

reassignment); *Ladenberger v. National Tech. Transfer, Inc.*, Case No. 99 C 5348, 2000 WL

1349247, *2 (N.D. Ill. Sept. 19, 2000) (granting motion to reassign even though the earlier case

involved different counts). The Terry Litigation involves precisely the same kind of alleged

TILA violations that are at issue in the Ameriquest MDL proceeding. The Terry Plaintiffs' state

law claims under the Illinois Consumer Fraud Act similarly are predicated on the same alleged

misrepresentations regarding loan terms that give rise to the TILA violations. Moreover, as

Ameriquest and the Terry Plaintiffs recognize, the Terry Plaintiffs' status as creditors of

Ameriquest – giving them standing to challenge assorted transfers of Ameriquest assets as

---

[1] The third-party defendants who have not appeared, and the dates that they were served, are: Northwest Title & Escrow Corp. (served Feb. 13, 2009); Tristar Title, LLC (served Feb. 27, 2009); Angel Bartucci (served Feb. 24, 2009); Vincent L. Davis (served Feb. 16, 2009); Cesar Gaitan (served Feb. 16, 2009); Donna M. Jacobs (served Feb.

alleged fraudulent conveyances – is entirely dependent upon the Terry Plaintiffs' ability to prevail on their TILA and related state law claims.

In February, 2009, Ameriquest filed a Motion to Modify the Scheduling Order to "bifurcate the contingently relevant fraudulent transfer claims into a second phase of discovery and trial." (Ameriquest's Motion to Modify Scheduling Order, Exhibit "A" hereto, p.1) In the Memorandum filed in support of its Motion, Ameriquest explained that "[f]or the second phase of discovery and trial [relating to the fraudulent conveyance claims] to become necessary, Plaintiffs would have to (1) prevail on their underlying [TILA and state law] claims." (Ameriquest's Memorandum in Support of Motion to Modify Scheduling Order," Exhibit "B" hereto, p. 2). Ameriquest followed its Motion to Bifurcate with an "Unopposed Motion to Extend the Schedule." (Exhibit "C" hereto, filed on March 13, 2009). Having garnered the support of the Terry Plaintiffs, Ameriquest presented the Magistrate Judge with a proposed order bifurcating discovery and trial in the Terry Litigation into two distinct phases: the first on the TILA and state law claims; the second on the fraudulent conveyance and related damages matters. On March 25, 2009, Magistrate Judge Mason entered an order adopting the parties' proposed discovery schedule. (March 25, 2009 Notice of Docket Entry, Exhibit "D" hereto). Accordingly, because, as the Terry Plaintiffs and Ameriquest acknowledge, the TILA and state law consumer fraud claims should be resolved prior to a consideration of the fraudulent conveyance claims, the mere presence of the fraudulent conveyance claims in the Terry litigation should not be an impediment to re-assigning the Terry Litigation to the Ameriquest MDL.

Nor is the Terry Litigation so far along in the pretrial process that re-assignment is impractical. While the docket in the Terry Litigation does, indeed, contain in excess of 440

_____

20, 2009); Kiley King (served March 15, 2009); Lynee A. Love (served Feb. 12, 2009); Tia M. Martin (served Feb. 11, 2009); and Melissa Thomas (has not been served).

entries, many of those entries are duplicative, such as the nearly ninety entries between docket number 320 and 412, which are redundant versions of virtually identical summary judgment opposition papers filed on behalf of each individual plaintiff.  Discovery in the Terry Litigation is not set to close until 2010 and depositions have yet to be taken.  While dispositive motions (to dismiss certain counts and for lack of personal jurisdiction over certain individual defendants) are on file awaiting decision, this Court is certainly as capable as Judge Coar to resolve those fully briefed and pending motions.  In short, nothing has occurred in the Terry Litigation that would have to be replicated in the Ameriquest MDL, nor are there any upcoming deadlines or trial dates that would be compromised by re-assignment.

Finally, and in addition to iterating some of the arguments discussed above, the Individual Defendants argue that re-assignment should not be ordered because they have pending motions to dismiss on jurisdictional grounds.  Again, this Court can consider their fully briefed jurisdictional arguments as well as Judge Coar, and addition of these motions to the Ameriquest MDL will neither complicate nor delay resolution of the proceedings.  *Pena v. Freedom Mortgage Team, Inc.*, No. 07 C 552, 2007 U.S. Dist LEXIS 79817 *18 (N.D. Ill. Oct. 24, 2007) (cited by Individual Plaintiff Lee) lends no support to the Individual Plaintiff's arguments.  In Pena, two of the named defendants in the principal case (who were not defendants in the case sought to be reassigned) were in bankruptcy, resulting in a stay of the principal case as against those defendants and a motion to transfer the principal case to the bankruptcy court.  It was unclear where the principal case itself would "be adjudicated or by whom," and consequently, the Court could not find that re-assignment would save judicial resources.  Here, there is no question that the viability of the identical TILA claims asserted in the Terry Litigation and the Ameriquest MDL can and should be expeditiously resolved by this Court.  The Ameriquest

4

MDL involves the resolution of TILA claims and attendant third party claims that have been asserted in multiple class actions and hundreds of individual opt out cases. It would be a waste of judicial resources to have twenty TILA claims adjudicated in another case before another judge in this District.

All of the requirements of LR 40.4 are met in this case. The Terry Litigation and the Ameriquest MDL are clearly related within the meaning of LR 40.4(a): the cases involve the "same property" in that they all involve mortgage refinances; the same underlying issues of fact and law are involved in resolving the TILA claims; the cases arise out of the same kind of mortgage refinance transactions; and the defendants and third party defendants are substantially the same. The conditions for reassignment under LR 40.4(b) also have been satisfied: the Terry Litigation and the Ameriquest MDL are pending before courts in this District; combining the twenty TILA cases pending in the Terry Litigation with the hundreds of TILA claims asserted in the Ameriquest MDL before a single judge is likely to save significant judicial time and effort; despite the raw number of filings, the Terry Litigation has not progressed to the point where reassignment would delay the proceedings, as discovery remains open and fully briefed dispositive motions can be resolved in the Ameriquest MDL as easily as in the Terry Litigation; and finally, the nearly identical TILA claims asserted in the Terry Litigation and in the hundreds of cases comprising the Ameriquest MDL are susceptible to resolution in a single proceeding.

The Ameriquest MDL was constituted for the express purpose of consolidating scores of TILA actions pending in courts around the country into one venue for prompt, efficient and consistent resolution of the legal issues involved.[2] Regardless how the claims are framed, either

---

[2] Pursuant to the December 14, 2005 Transfer Order, the Panel found "that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related

as TILA claims or as attendant state common law and statutory consumer fraud claims, they are all based on the same core of operative facts.  In short, the claims asserted in the Terry Litigation have as much in common with the claims asserted in the Ameriquest MDL as any of the other hundreds of actions consolidated into that proceeding.  There is no reason the Terry Litigation should stand apart and alone.

---

entity, in soliciting and closing residential mortgage transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics.  Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary. Ameriquest opposes the motion, in part, because plaintiffs seek redress under different legal theories and purport to represent varying putative classes.  We find these contentions unpersuasive."  (December 13, 2005 Transfer Order, Exhibit "E" hereto).

6

Accordingly, Third-party Defendant First American Title Insurance Company

respectfully asks the Court to grant its motion to reassign the Terry Litigation to the Ameriquest

MDL as a "related" action.

Dated:  April 21, 2009

Respectfully submitted,

/s/ Robert Radasevich
Robert Radasevich
Jason A. Frye
rradasevich@ngelaw.com
Neal, Gerber & Eisenberg LLP
Two N. LaSalle, Suite 1700
Chicago, Illinois  60602
(312) 269-8039  (Phone)
(312) 578-4947 (Fax)

Christopher Swing
Cswing@brouse.com
Brouse McDowell, L.P.A.
388 S. Main St., Suite 500
Akron, OH 44311
(330) 535-5711 (Phone)
(330) 253-4947 (Fax)

Counsel for
First American Title Insurance Company

7

Certificate of Service

I, Robert Radasevich, hereby certify that on this 21st day of April, 2009, a true and accurate copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


                                 /s/ Robert Radasevich

                                 Robert Radasevich