IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION _____ THIS DOCUMENT RELATES TO ALL ACTIONS _____ | ) ) ) ) ) ) ) | Lead Case No. 05 C 7097 MDL No. 1715 Centralized before  The Hon. Marvin E. Aspen |

**THIRD-PARTY DEFENDANTS' CONSOLIDATED STATUS REPORT**

Pursuant to the Court's docket entry of March 23, 2009 (Docket Entry ("D.E.") # 2674), Third-Party Defendants, through their undersigned Liaison Counsel, provide this Consolidated Status Report.

**1.    Discovery Status**

Third-Party Plaintiffs have provided some informal discovery to Third-Party Defendants, and certain Plaintiffs have served formal discovery on some, but not all, of the Third-Party Defendants. The discovery produced to Third-Party Defendants consists primarily of loan files and Third-Party Plaintiffs to date have not identified for each of the Third-Party Defendants the alleged contracts upon which their contract claims are based.

On April 21, 2009, Third-Party Plaintiffs served their Requests for Production (Set One) on Third-Party Defendants ("Requests for Production"). Due to the expansive and overly burdensome nature of the Requests for Production served by Third-Party Plaintiffs and Third-Party Plaintiffs' failure so far to have complied with their obligation under Fed. R. Civ. P. 26(a)(1) to identify the contracts on which their contract claims are based, Third-

Party Defendants plan to file a Motion for Protective Order and for Extension of Time with respect to the Requests for Production.

Third-Party Defendants have not collectively served discovery on Third-Party Plaintiffs.[1] Moreover, Third-Party Defendants have largely refrained from engaging in discovery both to minimize costs and because as discussed in more detail below, Third-Party Defendants intend to file a consolidated motion to dismiss with respect to the Third-Party Plaintiffs' Fourth Amended Consolidated Third-Party Complaint ("Complaint") (D.E. # 2612-2) and due to the requirement that Third-Party Defendants participate in mediation.

### 2. **Pending Motions**

As noted above, Third-Party Defendants intend to file their Motion for Protective Order and for Extension of Time in the near future.

On April 29, 2009, Third-Party Plaintiffs filed their Complaint (D.E. # 2612-2). The Complaint contains causes of action for breach of contract and negligence against Third-Party Defendants. This Court previously dismissed the negligence counts contained in the Third-Party Plaintiffs' Second Amended Complaint. Third-Party Defendants intend to file a motion to dismiss with respect to at least some of the counts contained in the Complaint.

### 3. **Mediation**

Mediation between the Plaintiffs, Defendants/Third-Party Plaintiffs, and Third-Party Defendants was scheduled for a three day session from February 18-20, 2009. After convening to mediate on February 18, 2009, at the recommendation of Judge

O'Connell, the parties decided to postpone the mediation because the mediation was premature. Among the reasons the mediation was found to be premature were: (i) Third-Party Defendants have not filed/received a ruling on a further motion to dismiss; (ii) the settlement in the class action was not yet finalized; and (iii) details of the new government loan modification program were being presented. Subsequent to the mediation, counsel for the various parties engaged in communications regarding the potential for reconvening mediation after Third-Party Defendants file their consolidated motion to dismiss the Complaint and/or selecting limited claims to mediate that are better suited to mediation than the other claims presented. At this time, no further mediations have been scheduled between the parties.

### 4. Issues That May Be Raised at the Status Hearing

#### (a) Status of Settlement Negotiations

In order to participate meaningfully in any upcoming mediation or settlement efforts, Third-Party Defendants request to be apprised of the status of class settlement negotiations between the Plaintiffs and Defendants/Third-Party Plaintiffs. On May 7, 2009, Liaison Counsel for Third-Party Defendants requested that counsel for Class Plaintiffs and Defendants/Third-Party Plaintiffs inform Third-Party Defendants of the status of settlement negotiations and any terms of settlement. To date, Third-Party Plaintiffs have refused to provide Third-Party Defendants with any of the terms of the settlement in principle.

---

[1] Two individual Third-Party Defendants have served written discovery requests on the Third-Party Plaintiffs.

**(b)** **Responsive Pleading to Fourth Amended Complaint**

As Third-Party Defendants indicated in their last status report to the Court, the breach of contract claims contained in the Complaint do not easily lend themselves to a consolidated responsive pleading by the Third-Party Defendants. Any alleged contract is necessarily particular to each transaction and Third-Party Plaintiffs have still failed to indentify the individual contracts upon which their claims against each of the Third-Party Defendants are based. While Third-Party Plaintiffs' Complaint contains a list of Third-Party Defendants and the "Date of Agreement with Ameriquest/Argent," Third-Party Plaintiffs have still failed to provide sufficient specificity regarding the document(s) from which the precise terms of any alleged agreement can be ascertained. Moreover, because the agreements differ for each Third-Party Defendant, Third-Party Defendants believe that each party must be entitled to respond independently. Third-Party Defendants are still considering whether their motion to dismiss will include a motion to dismiss the contract claims.

**(c)** **TILA Rescission Claims**

Third-Party Defendants also request that this Court hold that the Class Plaintiffs cannot maintain a class claim against Ameriquest Mortgage Company and the other class defendants ("Ameriquest") for rescission under TILA. The Class Plaintiffs' First Cause of Action alleges that Ameriquest violated TILA and is brought on behalf of a purported nationwide TILA subclass seeking a "declaration that they have the right to rescind their transactions." Consolidated Class Action Complaint, ¶ 243. Ameriquest, in turn, alleges in its Fourth Amended Third-Party Complaint that these claimed TILA violations were caused

by the Third-Party Defendants and thus asserts that the Third-Party Defendants are liable to it for any judgment or settlement relating to these alleged TILA violations.

On September 24, 2008, the United States Court of Appeals for the Seventh Circuit held that "as a matter of law that a class action for the rescission remedy under TILA may not be maintained." *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 578 (7th Cir. 2008). This Court requested the parties to submit briefs on their views "on the ramifications of the *Andrews* decision for the Ameriquest MDL and what appropriate actions may be necessary." (D.E. # 2412). Ameriquest argued that the class claims for TILA rescission should be dismissed, and the Third-Party Defendants concurred and further argued that they should be excused from all obligations relating to the purported class claims, including discovery, mediation, class certification briefing, and trial. (D.E. #'s 2458, 2467) This Court, however, held that because "there is no formal motion before us, we decline to issue any of the rulings suggested by Defendants and Third-Party Defendants." (D.E. # 2481). This Court thereafter ordered that all proceedings in the Consolidated Class Action be indefinitely stayed "to allow the parties additional time to finalize their tentative settlements." (D.E. # 2567).

This Court should decide the issue of whether the Class Plaintiffs are barred from maintaining a class action for rescission under TILA, either through certification or through settlement. The Seventh Circuit in *Andrews* held that no such class could be certified, and this holding therefore precludes certification of a settlement class that encompasses the TILA rescission claims. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (Rule 23's requirements of commonality, typicality, and adequacy "demand undiluted, even heightened, attention" when applied to classes for which certification is

5

sought for settlement purposes only). Resolving the question of whether there can be a class, either settlement or otherwise, for the TILA rescission claim will materially assist the resolution of all these cases. Not only will it resolve a key issue between the Class Plaintiffs and Ameriquest, it will also resolve one of the major uncertainties relating to the claims asserted by Ameriquest against the Third-Party Defendants. For many Third-Party Defendants, Ameriquest's claims against them arising from the purported class action lawsuit far exceed the claims against them arising from the individual opt-out cases. As such, these Third-Party Defendants may conclude that they cannot contribute to the settlement of the individual opt-out cases while the potential for far-larger class liability continues to hang over their heads. If this Court determines that there can be no class encompassing the TILA rescission claims, then that potential liability disappears and the Third-Party Defendants can make their settlement decisions based solely upon the facts of the opt-out cases. Therefore, this Court should permit the parties to file the appropriate motions and briefs so that this court can find that the holding in *Andrews* requires the dismissal of all TILA rescission class claims against Ameriquest as well as the dismissal of claims against the Third-Party defendants arising from the consolidated class action lawsuit.

Dated: May 12, 2009

        Respectfully submitted,

        By   /s/ David J. Chizewer

        David J. Chizewer
        Steven A. Levy
        Kerry D. Nelson
        GOLDBERG KOHN BELL BLACK
         ROSENBLOOM & MORITZ, LTD.
        55 East Monroe Street
        Suite 3300
        Chicago, Illinois 60603
        (312) 201-4000

        Liaison Counsel for Third-Party Defendants and
        Counsel for Third-Party Defendant:

        NATIONAL REAL ESTATE INFORMATION
        SERVICES

<u>Certificate of Service</u>

I, David J. Chizewer, hereby certify that on this 12 day of May, 2009, a true and accurate copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

            <u>/s/ David J. Chizewer</u>
            David J. Chizewer