# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | (Centralized before the Honorable Marvin E. Aspen) |

**BORROWER AND NON-BORROWER CLASS PLAINTIFFS' STATUS REPORT**

Lead Class Counsel for the Borrower Class Plaintiffs ("Borrower Class") submit this combined status and mediation report pursuant to the Court's Order [Docket No. 2674], in advance of the June 2, 2009 status conference.

## STATUS OF MEDIATION

**I.    Mediation Status**

The Borrower Class and the Defendants continue to make progress toward a comprehensive settlement of the Borrower Class claims. During further formal and informal discussions under the supervision of Hon. Daniel Weinstein (ret.) of JAMS, including an additional mediation session on March 18, 2009, the Borrower Class and the Defendants have continued to negotiate terms to govern settlement. At present, the parties are engaged in additional informal discovery and data analysis necessary to substantiate positions taken during negotiations. Absent unanticipated issues, the parties then expect to have a fully executed settlement agreement and to seek preliminary approval shortly after the June 2, 2009 status conference.

The Non-Borrower Class Plaintiffs and Defendants have reached an agreement

that the Class Allegations of the Non-Borrower Complaint should be dismissed in their entirety without prejudice, and that original individual counsel for each of the named Plaintiffs should take such further action in connection with their individual claims only as may be appropriate given the Supreme Court's decision in *Safeco Insurance Co. of America v. Burr*, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007); and the Seventh Circuit's decisions in *Murray v. New Cingular Wireless Services, Inc.*, 523 F.3d 719 (7th Cir. 2008) and *Cavin v. Home Loan Center, Inc.*, 531 F.3d 526 (7th Cir. 2008).

II.     **Mediation-Related Litigation Stay**

On October 27, 2008, the Court granted Borrower and Non-Borrower Class Plaintiffs' Motion To Stay All Proceedings And Amending Scheduling Order ("Stay Stipulation"). [Docket No. 2473]. The Stay Stipulation provides, among other things, that the litigation stay expires on December 15, 2008. [Docket No. 2469]. It also schedules deadlines relating to motions for leave to amend, fact and expert discovery and class certification. [*Id*., at 2-3]. It contains a tolling agreement that tolls any applicable statutes of limitations or statutes of repose applicable to the Plaintiffs' claims in connection with the litigation that have not yet run as of July 11, 2008. [*Id*., p. 3].

Borrower Class Plaintiffs believe that indefinite continuation of the litigation stay is appropriate in light of ongoing settlement discussions. In the event that the parties cannot finalize the tentative settlement, they will make a proposal to reset pending litigation deadlines.

**STATUS REPORT ON OTHER ISSUES**

I.     **Discovery Status**

The discovery process was ongoing at the time the parties initially stipulated to a

2

litigation stay to mediate the case. No further formal discovery has taken place since that time, although the parties have exchanged substantial information for the purpose of settlement discussions. The status of the parties' formal discovery process is as follows:

    **A.**    **Document Production**

The parties have not completed document production. Several disputes are outstanding and required Rule 37 conferences remain to be held. On October 16, 2007, Borrower and Non-Borrower Plaintiffs filed a Motion to Compel seeing audits and whistleblower complaints. [Docket No. 1327]. The motion is fully briefed. The Court has not decided this motion. In the event that the case is not resolved by settlement, additional motions are likely to be filed.

    **B.**    **Depositions**

To date, Borrower and Non-Borrower Plaintiffs have taken more than ten 30(b)(6) depositions and other depositions. Borrower Plaintiffs have not started taking fact witness depositions. Defendants noticed depositions for the Named Plaintiffs. Those depositions have not been taken yet. The parties were in the process of discussing alternative locations for Defendants' noticed depositions – which were sent to all Named Plaintiffs and set for Chicago – as it would be needlessly and unfairly burdensome to Plaintiffs of limited financial means who were generally transferred to the MDL from venues outside Illinois.

**II.**    **Pending Motions Subject To The Mediation Stay**

The following motions and stipulations are presently pending and subject to the mediation stay:

3

      **A.     Borrower and Non-Borrower Plaintiffs' Motion To Sever Or Alternatively For A Separate Trial [Docket No. 1049]**

On September 5, 2007, Borrower and Non-Borrower Plaintiffs filed a Motion To Sever Pursuant to Fed. R. Civ. P. 21 or, Alternatively, to Order Separate Trials Pursuant to Fed.R.Civ.P. 42(b) of Defendants' Consolidated Third-Party Complaint.  Plaintiffs filed this motion in response to Defendants' filing of a Consolidated Third-Party Complaint [Docket No. 955] against hundreds of title companies and others.  The claims Defendants raise in their Third-Party complaint do not have any relation, beyond potential indemnification of the Defendants, to the claims alleged in Borrower Plaintiffs' Consolidated Amended Class Action Complaint. The Third-Party Complaints were not referred by the Judicial Panel on Multi-District Litigation.  There is no independent basis for federal jurisdiction over the Third-Party Complaints. Nor is there an independent basis for venue in this jurisdiction with respect to any Third-Party Defendant who is not located here. For these reasons, among the others set forth in Plaintiffs' motion, [See, Docket No. 1049], Plaintiffs seek to sever Defendants' Third Party Complaint if the parties resume litigation.

      **B.     Borrower And Non-Borrower Plaintiffs' Motion For Order To Preserve Documents [Docket No. 1106]**

On September 18, 2007, Borrower and Non-Borrower Plaintiffs filed a Motion For Order To Preserve Documents. The basis for Plaintiffs' motion derived from testimony by one of Defendants 30(b)(6) witnesses that Ameriquest shut down several of its systems containing documents relevant to the issues at the heart of this case. Plaintiffs requested that the Court order Defendants to preserve 12 specified categories of documents, as well as ordering the Defendants to give its employees notice of the Court's

order. The Court has yet to rule on this motion.

C. *Andrews v. Chevy Chase Bank*

On September 29, 2008, [Docket No. 2412] the Court requested briefing on the Seventh Circuit's decision in *Andrews v. Chevy Chase Bank ---F.3d ----, 2008 WL 4330761 (7th cir. September 24, 2008)*, which the parties completed on October 15, 2008 [Docket Nos. 2457 and 2458]. In light of the parties' ongoing settlement discussions, the Court took no action on the matters raised in these briefs. [Docket no 2481]. The Borrower Class Plaintiffs continue to request that the Court take no action on these issues, some or all of which may be resolved by settlement.

Respectfully submitted,

Dated: May 12, 2009

/s/ Gary Klein
Gary Klein
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue
Boston, MA 02111-2810

Kelly M. Dermody
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339

Terry Smiljanich
Jill Bowman
JAMES HOYER NEWCOMBER &
SMILJANICH, P.A.
One Urban Center, Suite 550
4830 West Kennedy Blvd., Suite 550
Tampa, FL 33609

5

>Marvin A. Miller
>MILLER LAW LLC
>115 S. LaSalle Street
>Suite 2910
>Chicago, IL 60603

## CERTIFICATE OF SERVICE

I, Gary Klein, hereby certify that on this 12th day of May, 2009, the foregoing document was filed electronically. Notice of filing was sent to all Filing Users by the Court's ECF system. Filing users may access this document electronically through the Court's ECF system.

>*/s/ Gary Klein*
>Gary Klein