**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |

**STATUS REPORT OF AMERIQUEST DEFENDANTS REGARDING OPT-OUT CASES**

In connection with the June 2, 2009 status conference in this matter, the Ameriquest defendants respectfully submit the following report regarding the Opt-Out cases, and the related Third-Party Defendants.

**1.     Progress of Ongoing Mediation with Opt-Outs and Third-Party Defendants.[1]**

In 2008, the parties participated in three mediation sessions with Judge Donald O'Connell (Ret.), on March 6, 2008, May 7, 2008, and August 13, 2008. These sessions were productive, and resulted in a total of 51 cases being settled and dismissed, and an additional 195 settlements which are currently "pending." The "pending" settlements involve both a cash payment to the borrower, and a modification of the terms of the borrower's loan. Ameriquest does not own, or service, any of the loans at issue. However, Ameriquest has been actively working with the Opt-Out Plaintiffs, and the current servicers, to facilitate as many loan modifications as possible in order to consummate more settlements.

---

[1] As announced in open Court, the Ameriquest Defendants and the Borrowers' Consolidated Class have settled in principal. The parties have continued to work in good faith, and have made substantial progress towards finalizing the settlement.

The most recent mediation, which had been scheduled for February 18th through 20th of this year, proved to be somewhat more challenging. The parties originally agreed to mediate 48 specific Opt-Outs cases. Ameriquest spent dozens of hours preparing for this mediation, and came to the mediation on February 18th with four attorneys, the President of the company, and several binders full of detailed information regarding the loans at issues. Counsel for the relevant Opt-Out Plaintiffs and Third-Party Defendants attended as well and, presumably, engaged in a similar amount of preparation. The parties spent several hours meeting with Judge O'Connell in an attempt to settle some of the cases. However, it quickly became apparent that there were at least two unavoidable, and temporary, road-blocks to settlement at that time:

(1) In or about January 2009, Citi Residential Lending, which had been servicing several hundred thousand Ameriquest-originated loans—including many of the loans at issue in this MDL proceeding—sold its servicing portfolio to American Home Mortgage Servicing, Inc. ("AHMSI"). As a result, AHMSI, not Citi, is now the party which is in charge of processing many of the loan modifications at issue. The transition of servicing for several hundred thousand loans was (and remains) an extraordinarily large and complex project which, as of February 2009, was just in its beginning stages. As a result, while AHMSI was prepared to participate in the mediation, and had representatives available by telephone, it was clear that a meaningful discussion regarding specific loan modifications was premature until such time that AHMSI could better digest the hundreds of thousands of loans which it had begun to service just weeks earlier. Moreover, from Plaintiffs' perspective, there was the administrative task of adding AHMSI as a party to the MDL since they, not Citi, are now the servicer of many of the loans. Related to that, Plaintiffs have recently been filing motions to substitute AHMSI in place of Citi as a defendant in many of the Opt-Out cases.

(2) As of the February mediation, the Third-Party Defendants were in the process of reorganizing their leadership, and appointing new liaison counsel. The new liaison counsel, David Chizewer of the law firm of Goldberg Kohn, was confirmed by the Court on April 27, 2009 (Docket No. 2725). Presumably related to this change in leadership, as of February, the

Third-Party Defendants had not yet filed their second motion to dismiss with respect to the Third-Party Complaint and, thus, there remained some uncertainty regarding the scope of their potential liability. Following the mediation, the new liaison counsel filed an unopposed motion for an extension to file the Third-Party Defendants' second motion to dismiss, which was granted by the Court on April 29th. (Docket No. 2735). Accordingly, the current deadline for this motion to be filed is June 3rd.

In light of these outstanding issues, on February 18th, Judge O'Connell suggested that the parties reconvene the scheduled mediation at a time that was more procedurally appropriate. Judge O'Connell further suggested that the most productive way to proceed would be to schedule a mediation with just the Ameriquest Defendants, Third-Party Defendants, and the servicers, prior to trying to settle more cases with the Opt-Out Plaintiffs. Shortly after the conclusion of the February mediation, the Ameriquest Defendants and the Opt-Out Plaintiffs had a conference call with Judge O'Connell, where it was agreed that they would reconvene at a time that was more procedurally appropriate, after the suggested mediation with just the defendants. Ameriquest is ready to proceed with this mediation in the very near future, subject to the availability of the Third-Party Defendants and the servicers.

2. **Status of Discovery to Date.**

Ameriquest has voluntarily produced relevant documents, and other information, to the Opt-Outs Plaintiffs. Specifically, Ameriquest has provided the Opt-Out Plaintiffs' counsel with, among other things, (1) copies of loan files for each of their clients, (2) relevant correspondence and payment information for the loans in question, and (3) detailed information regarding the closing agents, past and present servicers, and owners of each of the loans. In addition, as part of the discovery in the Consolidated Borrowers' Class, Ameriquest produced 452,495 pages of discovery, and 15 witnesses for a total of 22 days of deposition testimony. This discovery has, at all times, been available to the Opt-Out Plaintiffs, and is relevant to many of the claims asserted by the Opt-Out Plaintiffs.

Ameriquest, for its part, recently served a consolidated request for production of documents to the Third-Party Defendants; the response to this is due at the end of May. Ameriquest has also responded to individual requests for production of documents served by a small number of the Third-Party Defendants.

In an effort to keep litigation costs at a minimum, the parties have, to date, not scheduled depositions of the Opt-Out Plaintiffs or Third-Party Defendants. However, for those cases which the parties are not able to settle, Ameriquest will need to take a least the plaintiff's deposition and, likely, the corresponding Third-Party Defendant's deposition as well. This will amount to several hundred depositions. Ameriquest intends to proceed as efficiently as possible, and would like minimize legal fees to the extent it can.

Pursuant to the Opt-Out parties' most recent stipulation (filed April 21, 2009, Docket No. 2716), the proposed pre-trial deadlines are:

| | |
|---|---|
| Expert Cut-Off: | July 21, 2009 |
| Rebuttal Cut-Off: | August 21, 2009 |
| Discovery Cut-Off: | October 23, 2009 |
| Motion Cut-Off: | November 23, 2009 |

**3.    Pending Motions.**

The following motions are currently pending before the Court:

- On August 22, 2008, ten of the Opt-Out Plaintiffs filed a Motion for Summary Judgment (Docket Nos. 2301-2306) on the specific issue that Ameriquest's TILA disclosures are inadequate, based on the rule set forth by the Seventh Circuit in *Hamm v. Ameriquest Mortgage Corp.*, 506 F.3d 525 (7th. Cir. 2007). Five days later, an additional twenty-two plaintiffs filed another Motion for Summary Judgment (Docket Nos. 2332-2337), this time alleging that Ameriquest's "Notice of Right to Cancel" disclosure fails to meet the requirements of Federal Reserve Board Model Form H-8. Defendants objected that these motions were inconsistent with the Court's November 7, 2006 Case Management Order, requiring that the parties file consolidated motions for summary judgment which are based on "common legal issues." In

4

response, on December 12, 2008, the Court issued an order striking the motions for summary judgment, and granting Plaintiffs leave to re-file within 45 days, with the admonition that the moving plaintiffs "must coordinate with other individual plaintiffs to ensure that all common issues and affected parties are included in the motion." (Docket No. 2553). The parties have stipulated to continue the motion cut-off until November 23, 2009, including motions for summary judgment. (Docket No. 2716).

- On April 23rd, six of the Opt-Out Plaintiffs filed a motion to enforce certain settlement agreements (Docket No. 2721). Ameriquest will respond to this motion on May 18th, per the Court's order. As Ameriquest will explain in greater detail in its response, it does not oppose the enforcement of these settlements and, in fact, counsel for Ameriquest has been working diligently for several months to try to finalize these very settlements.

- As soon as reasonably practicable, Ameriquest intends to file a motion for leave to file a Fifth Amended Third Party Complaint, primarily to add claims related to loans which were transferred to the MDL in the past several months. Ameriquest would prefer not to keep amending its Third-Party Complaint, however, to this day, various plaintiffs continue to file new cases, most of which give rise to a right of indemnity, and a claim for breach of contract, against one or more third-party defendants.

Dated:  May 12, 2009 By:/s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER,
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

## CERTIFICATE OF SERVICE

      I, Bernard E, LeSage, hereby certify that on this 12th day of May 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            By: /s/ Bernard E. LeSage