**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> ACTIONS ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |

| | |
|---|---|
| CHRISTENA BLAIN and THOMAS B. BLAIN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ARGENT MORTGAGE COMPANY, L.L.C.; ) <br> AMERIQUEST MORTGAGE COMPANY, ) <br> GOLDMAN SACHS MORTGAGE COMPANY, ) <br> and DOES 1-5, ) <br> ) <br> Defendants. ) | 07 C 124 (N.D.Ill.) <br><br> Originally 5:00-cv-00170RHB <br> (W.D.MI) <br><br> Transferred for pre-trial proceedings <br> to MDL No. 1715 <br> Lead Case No. 05 C 7097 <br><br> Judge Marvin E. Aspen <br><br> **DEMAND FOR JURY TRIAL** |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT, *INSTANTER***

Plaintiffs Christena Blain and Thomas B. Blain respectfully move this Court, pursuant to Fed. R. Civ. Pro. 15(a), for leave to file a Third Amended Complaint and to have it deemed filed *instanter*. A copy of their proposed Third Amended Complaint is attached hereto as <u>Appendix A</u>. In support of their motion, plaintiffs state as follows:

    1.    Mr. Blain and Ms. Blain filed this action against defendant Argent Mortgage Company, LLC and affiliates on October 27, 2006 to rescind their mortgage loan and to recover damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and

implementing Federal Reserve Board Regulation Z, C.F.R. part 226.

    2.  Plaintiffs' proposed third amended complaint seeks merely to add as a defendant Bank of America, N.A., which recently purchased the servicing rights to plaintiffs' loan.

    3.  The minor, proposed changes would not prejudice any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

    4.  Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires."  A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984)  ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

    WHEREFORE, plaintiffs respectfully request that this Court enter an Order (A) granting them leave to file the proposed Third Amended Complaint, a copy of which is attached as Appendix A, (B) deeming the Third Amended Complaint filed *instanter*, and (C) granting any

further or other relief that the Court deems just.

                  Respectfully submitted,

                  s/Cathleen M. Combs
                  Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS
  & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

  I, Cathleen M. Combs, hereby certify that on May 15, 2009, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that copies were sent by U.S. mail to parties without e-mail addresses.

| | |
|---|---|
| Mark D. van der Laan<br>Dykema Gossett PLLC<br>300 Ottawa Ave. NW<br>Suite 700<br>Grand Rapids, MI 49503 | Bernard E. LeSage<br>blesage@buchalter.com |
| Brian Clark Summerfield<br>Bodman LLP<br>1901 St. Antoine St.<br>6th Floor at Ford Field<br>Detroit, MI 48226 | |

                  s/Cathleen M. Combs
                  Cathleen M. Combs