# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Centralized before Judge Marvin E. Aspen |

| | |
|---|---|
| CLARENCE WAYLAND, | |
| Plaintiff, | 1:07-cv-319 |
| v. | (Originally 5:06-cv-182 (W.D.MI)) |
| AMERIQUEST MORTGAGE COMPANY, DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., as Trustee of AMERIQUEST MORTGAGE SECURITIES, INC., Asset Backed Pass-Through Certificates, Series 2004-X2, under the Pooling and Servicing Agreement dated as of June 24, 2004, Without Recourse; AMC MORTGAGE SERVICES, and DOES 1-5, | (Transferred to Judge Aspen for pretrial proceedings under MDL #1715, Lead Case # 05 C 7097) |
| Defendants. | **DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, *INSTANTER*

Plaintiff Clarence Wayland respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 15(a), for leave to file a Second Amended Complaint and to have it deemed filed *instanter*. A copy of his proposed Second Amended Complaint is attached hereto as Appendix A. In support of his motion, plaintiff states as follows:

    1.    Mr. Wayland filed this action against defendant Ameriquest Mortgage

1

Company and affiliates on September 9, 2006 to rescind his mortgage loan and to recover damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226.

2. Plaintiff's proposed amended complaint merely seeks to add as defendant American Home Mortgage Servicing, Inc., which recently purchased the servicing rights to plaintiff's loan, and to dismiss defendant AMC Mortgage Services, Inc., without prejudice. AMC Mortgage Services, Inc. no longer services plaintiff's loan.

3. The minor, proposed changes would not prejudice any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

4. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiffs respectfully request that this Court enter an Order (A) granting them leave to file the proposed Second Amended Complaint, a copy of which is attached as Appendix A, (B) deeming the Second Amended Complaint filed *instanter*, (C) dismissing defendant AMC Mortgage Services, Inc., without prejudice, and (D) granting any further or other relief that the Court deems just.

                          Respectfully submitted,

                          s/Cathleen M. Combs
                          Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS
      & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

### CERTIFICATE OF SERVICE

      I, Cathleen M. Combs, hereby certify that on May 21, 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I also hereby certify that a copy was sent by U.S. mail to parties without an email address.

| | |
|---|---|
| Mark D. Van der Laan | Bernard E. LeSage |
| Dykema Gossett PLLC | blesage@buchalter.com |
| 300 Ottawa Ave. NW | |
| Suite 700 | |
| Grand Rapids, MI 49503 | |

                          s/Cathleen M. Combs
                          Cathleen M. Combs