**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: <br><br> *Guydon, et al* v. *Ameriquest Mortg. Co*, Case No. 06-cv-3423 (N.D.Ill) <br><br> *Rowan v. Ameriquest Mortg. Co*, Case No. 06-cv-6717 (N.D.Ill) <br><br> *Miller v. Ameriquest Mortg. Co*, Case No. 06-cv-1623 (N.D.Ill) <br><br> *McKimmy v. Ameriquest Mortg. Co*, Case No. 06-cv-3423 (N.D.Ill) <br><br> *Stafford v. Ameriquest Mortg. Co, Case No*. 06-cv-3423 (N.D.Ill) <br><br> *Clay v. Ameriquest Mortg. Co*, Case No. 06-cv-3423 (N.D.Ill) | |

**RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT**

1.     **INTRODUCTION: ONGOING SETTLEMENT EFFORTS AND THEIR STATUS**

In 2008, the parties participated in three mediation sessions with Judge Donald O'Connell (Ret.) that spanned the period March to August, 2008. These sessions were productive, and resulted in a total of 51 cases being settled and dismissed, and an additional 195 settlements which are currently "pending." The "pending" settlements involve both a cash

payment to the borrower, and a modification of the terms of the borrower's loan. Ameriquest does not own, or service, any of the loans at issue. However, Ameriquest has been working with the opt-out plaintiffs, and current servicers, to facilitate as many loan modifications as possible in order to consummate additional settlements.

Consummation of the settlements has been affected by the fact that in early 2009, CitiResidential Lending, Inc. which had been servicing several hundred thousand Ameriquest originated loans, including the loans in issue by this motion, sold its servicing portfolio, including the loans in issue in this motion, to new servicers. The transition has made the consummation of settlements more complex, especially in light of the overall number of loans to be addressed.

As set forth below, and with respect to the loans specific to this motion, Ameriquest has done, and continues to do, its best to facilitate the settlements under the circumstances.

2. **THE NATURE OF THE ENFORCEMENT SOUGHT BY THE PLAINTIFFS**

The following plaintiffs all seek to enforce settlements: (1) Kevin and Rita Guydon; (2) Cecilia Rowan; (3) Angelique and Ernie McKimmy; (4) Katherine Miller (5) Karen and James Stafford, and (6) Mildred Clay.

These plaintiffs are not similarly situated with respect to the relief that they seek, as set forth below in brief:

- As to some, Ameriquest does not have evidence that the plaintiffs had signed the settlement agreements they seek to enforce (i.e., Clay, the Staffords, and Rowan), and in some of these cases, the settlement has not been executed by other named parties (i.e., regarding Miller).

- In some cases, the settlement agreements have been fully executed (and the plaintiffs have received the $3,000 payment provided by their settlement agreements) but the loan modification documents had not been completed as of the date of the plaintiffs' motion (i.e. in connection with Guydon and McKimmey)

- In Miller's case, not only is the settlement agreement not fully executed, but the loan modification documents have not been drafted.

- In two cases (i.e. Clay and Rowan) the plaintiffs have received their loan modification documents, but the settlement agreements have not been executed.

3. **THE PROCEDURAL POSTURE AND AMERIQUEST'S ACTIONS IN CONNECTION WITH EFFECTUATING SETTLEMENT**

In order to understand the current status, a brief history is provided:

As it has been doing before this motion was filed, Ameriquest has been following the status of each of these cases, and has taken action, to the extent possible, to cooperate in finalizing the settlements. Any delays in the process have been caused, in part, by the fact that all parties have not executed each of the settlement agreements, and by the transitioning of the underlying original loans from the initial servicer, CitiResidential, to new servicers.

Some months ago, CitiResidential completed a loan service transfer to JP Mogan Chase Bank, NA, c/o Chase Home Finance LLC. This effected a transfer of the Miller loan, previously owned by WM Specialty Mortgage LLC, n/k/a JPMC Specialty Mortage LLC.

CitiResidential also completed a loan service transfer to American Home Mortgage Serviing, Inc. (AHMSI). The Guydon, Stafford and McKimmey loans at issue here were all part of that loan transfer.

Upon release of the servicing for these loans to Chase, and/or AHMSI CitiResidential no longer held any interest in the loans, and had no further ability to modify the loan terms for the borrowers.

4. **STATUS OF THE MATTERS IN ISSUE SINCE THE FILING OF PLAINTIFFS' MOTION**[1]

- *The Guydon, McKimmey and Stafford Loans Transferred to AHMSI*

Of the three AHMSI loans, two (Guydon and McKimmey) are the subject of fully executed settlement agreements. AHMSI has completed the loan modification documents for the Guydon loan and has transmitted those documents to plaintiff's counsel since the filing of this

---

[1] These facts are drawn from the accompanying declaration of Brian Newman.

motion. Ameriquest is informed that plaintiff's counsel has recently requested a waiver of delinquent fees and interest. AHMSI will be responding to that request shortly.

As to McKimmey. AHMSI has advised that it is preparing to offer loan modification terms that will likely be more favorable than any prior terms. AHMSI anticipates that the new terms will be available shortly. As set forth in the settlement agreement, all parties acknowledged that the final terms and conditions of loan modifications were subject to the execution of requisite loan documents between the borrower and servicer.[2] Ameriquest is hopeful that, the McKimmey loan modification documents will follow shortly. Both Guydon and McKimmey have received their $3,000 payment under the terms of their settlement agreements.

As to the Stafford loan modification, AHMSI has advised that it is complete and that the loan is current. The Staffords, however, have not signed their agreement.

- *Ameriquest's Offer Concerning All Not Fully Executed Loans*

With respect to the Stafford settlement, and *any others* where the settlement agreement has not been fully executed, Ameriquest, in a sign of good faith, has made the following offer to plaintiffs' counsel: it would send the checks for those matters[3] to plaintiffs' counsel on the latter's agreement that it would hold each check in trust until each respective settlement is executed (i.e., the qualified tender offer). Plaintiffs' counsel indicated it would get back to Ameriquest, but has not done so as of the filing of this response.

- *The Miller Loan Transferred to Chase*

The settlement concerning the Miller loan has not been executed by all parties and the loan modification documents have not been prepared to date. Based on Ameriquest's inquiries, it appears that as a result of the transfer, Chase is working on confirming agreement to the settlement and to the loan terms. Ameriquest has executed the settlement, and (in conformity

---

[2] This language is included in each settlement agreement at Section I.C. (See e.g., Ex. F to Plaintiffs' motion, as an example)

[3] Clay, Stafford, Rowan and Miller.

with its qualified tender offer) has agreed to conditionally transmit the $3,000 payment called for by the settlement to plaintiff's counsel pending full execution of the settlement.[4]

- *The Clay Loan*

In connection with settlement of the Clay loan, plaintiff's counsel contends only that the plaintiff has not received the $3,000 settlement. The settlement agreement has not been fully executed, but Ameriquest has agreed to forward the check to plaintiff's counsel to hold, pending full execution of the agreement.

- *The Rowan Loan*

The Rowan settlement agreement has not been signed by any of the parties, save by Ameriquest. As to the loan modification, it has been executed as Rowan concedes in the motion. The problem she recites concerns the servicing of the new loan. According to plaintiff, she is still paying on the terms of the old loan. Ameriquest has not been able to confirm the problem or to determine the nature and genesis of any problem.

- *Ameriquest's Steps With Respect to Not Fully Executed Settlement Agreements*

On all settlements where the $3,000 is still outstanding because of the lack of full execution (Rowan, Clay, Stafford, Miller) Ameriquest has transmitted duplicate copies of the settlement agreements and has requested that all parties sign them. Ameriquest has not received back signatures for all of these settlements. To date, it has confirmed Ameriquest's execution of the Rowan settlement.

5. **CONCLUSION**

Ameriquest has, to the best of its ability, attempted to cooperate in facilitating the settlements in issue, and in obtaining fully executed settlement agreements. The effectuation of the settlements has taken longer than expected. The process has been frustrated by the lack of

---

[4] Ameriquest also understands that the foreclosure alluded to by plaintiff's counsel in the motion has been stayed pending resolution of the above issues. Ameriquest has requested confirmation that the foreclosure remains on hold, and notes that plaintiff's counsel has not stated, or taken the position, that a judicial or nonjudicial sale has been taken on the property. This, at least inferentially, confirms that the foreclosure continues to be on hold, consistent with Ameriquest's understanding.

full execution of settlement agreements, and gaps in servicer knowledge and authority as a result of the transfer of a number of these loans.

 Certainly, the intent is and remains to do whatever is within its power to effectuate the loans. That power however, is limited by the circumstances, as described above.

               Respectfully submitted,

DATED: May 18, 2008       By: /s/ Bernard E. LeSage
                *Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

                Bernard E. LeSage, Esq.
                Sarah K. Andrus, Esq.
                BUCHALTER NEMER, a P.C.
                1000 Wilshire Boulevard, Suite 1500
                Los Angeles, CA 90017-2457
                Telephone: (213) 891-0700
                Facsimile: (213) 896-0400

- 7 -

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 18 day of May, 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Bernard E. LeSage

BN 3625365v3