## DECLARATION OF BRIAN NEWMAN

I, Brian Newman, hereby declare:

1.  I am an attorney with the law firm of Buchalter Nemer, APC, counsel of record for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc. in this multi-district litigation. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could testify competently to these facts.

2.  Some months ago, CitiResidential completed a loan service transfer to JP Mogan Chase Bank, NA, c/o Chase Home Finance LLC. This effected a transfer of the Miller loan, previously owned by WM Specialty Mortgage LLC, n/k/a JPMC Specialty Mortage LLC.

3.  CitiResidential also completed a loan service transfer to American Home Mortgage Serviing, Inc. (AHMSI). The Guydon, Stafford and McKimmey loans at issue here were all part of that loan transfer.

4.  The following constitutes a status of the matters in issue by plaintiffs motion since the filing of the motion.

    a.  Guydon: The settlement agreement is fully executed. AHMSI has completed the loan modification documents for the Guydon loan and has transmitted those documents to plaintiff's counsel. Ameriquest is informed that plaintiff's counsel has recently requested a waiver of delinquent fees and interest from AHMSI and that AHMSI will be responding to that request shortly.

    b.  McKimmey: The settlement agreement is fully executed, but AHMSI could not located its fully executed copy, so Ameriquest transmitted a copy to AHMSI. AHMSI has advised that (1) it is preparing to offer loan modification terms that will likely be more favorable than any prior terms and (2) that it anticipates that the new terms will be available shortly.[5]

---

[5] Both Guydon and McKimmey have received their $3,000 payment under the terms of their

c. Stafford: AHMSI has advised Ameriquest that the loan modification is complete and that the loan is current. The Staffords, however, have not signed their agreement.

d. Ameriquest's Offer Concerning All Not Fully Executed Loans: With respect to the Stafford settlement, and *any others* where the settlement agreement has not been fully executed, Ameriquest, in a sign of good faith, has made the following offer to plaintiffs' counsel: it would send the checks for those matters[6] to plaintiffs' counsel on the latter's agreement that it would hold each check in trust until each respective settlement is executed (i.e., the qualified tender offer). Plaintiffs' counsel indicated it would get back to Ameriquest, but has not done so as of the filing of this response.

e. Miller: The settlement concerning the Miller loan has not been executed by all parties and the loan modification documents have not been prepared to date. Based on Ameriquest's inquiries, it appears that as a result of the transfer, Chase is working on confirming agreement to the settlement and to the loan terms. Ameriquest has executed the settlement, and (in conformity with its qualified tender offer) has agreed to conditionally transmit the $3,000 payment called for by the settlement to plaintiff's counsel pending full execution of the settlement. Ameriquest also understands that the foreclosure alluded to by plaintiff's counsel in the motion has been stayed pending resolution of the above issues. Ameriquest has requested confirmation that the foreclosure remains on hold, and notes that plaintiff's counsel has not stated, or taken the position, that a judicial or nonjudicial sale has been taken on the property.

f. Clay: In connection with settlement of the Clay loan, plaintiff's counsel contends only that the plaintiff has not received the $3,000 settlement. The settlement agreement has not been fully executed, but Ameriquest has agreed to forward the check to plaintiff's counsel to hold, pending full execution of the agreement.

g. Rowan: The Rowan settlement agreement has not been signed by any of the parties, save by Ameriquest. As to the loan modification, it has been executed as Rowan

---

settlement agreements.

[6] Clay, Stafford, Rowan and Miller.

concedes in the motion. The problem she recites concerns the servicing of the new loan. According to plaintiff, she is still paying on the terms of the old loan. Ameriquest has not been able to confirm the problem or to determine the nature and genesis of any problem.

      h.    Ameriquest's Steps With Respect to Not Fully Executed Settlement Agreements: On all settlements where the $3,000 is still outstanding because of the lack of full execution (Rowan, Clay, Stafford, Miller) Ameriquest has transmitted duplicate copies of the settlement agreements and has requested that all parties sign them. Ameriquest has not received back signatures for all of these settlements. To date, it has confirmed Ameriquest's execution of the Rowan settlement.

I declare under penalty of perjury under the laws of the United States and the state of Illinois that the foregoing is true and correct.

Executed this 18th day of May in Los Angeles California.

                                                              Brian Newman