**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION ) ) ) ) _____ ) ) THIS DOCUMENT RELATES TO ALL ) ACTIONS ) ) | MDL No. 1715  Lead Case No. 05-cv-07097  Centralized before Judge Marvin E. Aspen |
| _____ | |
| CHARLES B. FOSTER, ) ) Plaintiff, ) ) v. ) ) ARGENT MORTGAGE COMPANY, LLC, ) DEUTSCHE BANK NATIONAL TRUST ) COMPANY, N.A., ARGENT SECURITIES, N.A., ) Asset Backed Pass Through Certificates Series ) 2004-W1, CITI RESIDENTIAL LENDING, INC., ) and DOES 1-5, ) ) Defendants. ) | 06 C 6762  Originally 2:06-cv-14206 E.D. Mich.  Transferred to Judge Aspen for pretrial proceedings under MDL #1715, Lead Case #05 C 7097  **DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT, *INSTANTER***

Plaintiff Charles B. Foster respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 15(a), for leave to file a Second Amended Complaint and to have it deemed filed *instanter*. A copy of his proposed Amended Complaint is attached hereto as Appendix A. In support of his motion, plaintiff states as follows:

1. Mr. Foster filed this action against defendant Ameriquest Mortgage Company and affiliates on September 25, 2006 to rescind his mortgage loan and to recover damages

1

for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226.

      2.      Plaintiff's proposed amended complaint merely seeks to add as defendant American Home Mortgage Servicing, Inc., which recently purchased the servicing rights to plaintiff's loan, and to dismiss defendant Citi Residential Lending, Inc., without prejudice. Citi Residential Lending, Inc. no longer services plaintiff's loan.

      3.      The minor, proposed changes would not prejudice any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

      4.      Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

      WHEREFORE, plaintiff respectfully requests that this Court enter an Order (A)

granting him leave to file the proposed Second Amended Complaint, a copy of which is attached as Appendix A, (B) deeming the Second Amended Complaint filed *instanter*, (C) dismissing defendant Citi Residential Lending, Inc., without prejudice, and (D) granting any further or other relief that the Court deems just.

                                                Respectfully submitted,

                                                s/Cathleen M. Combs
                                                Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS
      & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

       I, Cathleen M. Combs, hereby certify that on May 18, 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that true and correct copies were additionally sent via email or by U.S. Mail to those parties without email addresses.

Bernard LeSage
blesage@buchalter.com

                                                s/Cathleen M. Combs
                                                Cathleen M. Combs