**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION <br> _____ <br> THIS DOCUMENT RELATES TO ALL ACTIONS <br> _____ <br> AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; TOWN & COUNTRY CREDIT CORPORATION, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation; *et al.* <br><br> Third-Party Defendants. <br> _____ | MDL No. 1715 <br><br> Lead Case No.05-CV-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |

**<u>MOTION FOR LEAVE TO FILE FIFTH AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT</u>**

Pursuant to Fed. R. Civ. P. 15(a), Defendants and Third-Party Plaintiffs Ameriquest Mortgage Company, Town & Country Credit Corporation and Argent Mortgage Company LLC (collectively "Third-Party Plaintiffs") respectfully request leave to file a Fifth Amended Consolidated Third-Party Complaint ("FATPC"). Third-Party Plaintiffs seek leave to amend in order to add recently identified Third-Party Defendants, add a Third-Party Plaintiff (Town & Country) and to clarify its negligence claims consistent with this Court's prior rulings. A copy

- 1 -

of the proposed FATPC is attached hereto as Exhibit A.

### Procedural Background

Third-Party Plaintiffs filed their original Third-Party Complaint on July 31, 2007 (Docket No. 955); a First Amended Third-Party Complaint on August 24, 2007 (Docket No. 1028); and, on November 26, 2007, filed a motion for leave to file a Second Amended Consolidated Third-Party Complaint, which was granted by the Court on February 11, 2008 (Docket No. 1955). On March 14, 2008, Third-Party Defendants filed a motion to dismiss the Second Amended Consolidated Third-Party Complaint. While the motion to dismiss was pending, on April 9, 2008, Third-Party Plaintiffs filed a motion for leave to file a Third Amended Consolidated Third-Party Complaint ("TATPC") (Docket No. 2086) which was granted on January 22, 2009. Under the TATPC, Third-Party Plaintiffs did not seek to change the substance of their claims in any way but rather, the TATPC merely (1) added approximately 40 new Third-Party Defendants, who have been identified based on newly transferred cases; and (2) asserted additional claims against some of the existing Third-Party Defendants in connection with the newly transferred cases. The Court issued a Memorandum Opinion and Order on October 14, 2008 granting in part and denying in part the motion to dismiss. (Docket No. 2455). The Court denied the motion with respect to Third-Party Plaintiffs' contract causes of action, dismissed the claims for equitable indemnity and contribution with prejudice and dismissed the negligence claims without prejudice.

After the Court's Memorandum Opinion and Order was issued, Third-Party Plaintiffs sought leave to file a Fourth Amended Third-Party Complaint on February 4, 2009. (Docket No. 2616). The Fourth Amended Third-Party Complaint did not seek to add any new parties or claims but sought only to conform the pleading to the Court's Memorandum Opinion and Order. On April 29, 2009, the Court granted Ameriquest's motion to file the Fourth Amended Complaint and granted Third Party Defendants 35 days to file a motion to dismiss. (Docket No. 2735.) On May 12, 2009, Third Party Defendants' liaison counsel, David Chizewer, was informed that a Fifth Amended Complaint would be filed.

## The Court Should Grant The Motion For Leave To File The FATPC

Through the FATPC, Third-Party Plaintiffs seek to do three things: (1) add new Third-Party Defendants, who have been identified based on newly transferred cases; (2) add a new Third-Party Plaintiff, Town & Country, which is also necessary based on the inclusion of newly transferred cases; and (3) to further clarify its negligence claims. Third-Party Plaintiffs have clarified their negligence claims in the FATPC by: (1) adding additional facts uncovered through the Third Party Plaintiffs' investigation; (2) alleging separate claims for negligent misrepresentation more specifically and as a distinct claim from the prior negligence claim; and (3) separating out Argent's negligence and negligent misrepresentation claims from Ameriquest's and Town & Country's negligence and negligent misrepresentation claims, again to provide more specificity to the claims made against the Third-Party Defendants. In particular, Third-Party Plaintiffs added allegations more fully describing the duties owed and/or assumed by the Third-Party Defendants including: complying with Third-Party Plaintiffs' instructions; accurately completing loan, title and escrow documents; supervising all aspects of the escrow, title and closing processes; disclosing all material information acquired in the course of the loan, title and escrow processes; and exercising care in providing information and documents related to the loan, title and escrow processes.

The FATPC seeks to address the issues raised by the Court's Memorandum Opinion and Order with respect to the negligence claims by more particularly alleging the types of extra-contractual duties owed by the Third-Party Defendants to the Third-Party Plaintiffs and by pleading the negligent misrepresentations made by the Third-Party Defendants to the Third-Party Plaintiffs.

Fed. R. Civ. P. 15(a) provides that leave to amend "should be freely given." The Court's main inquiry is whether the amendment will unduly prejudice opposing parties. *Stephenson v. Hartford Life & Annuity Ins. Co.*, No. 02 C 3917, 2006 U.S. Dist. LEXIS 60696, at *25-28 (N.D. Ill. Aug. 9, 2006); *Alberto-Culver Co. v. Gillette Co.*, 408 F. Supp. 1160, 1162 (N.D. Ill. 1976). Third-Party Defendants have not yet responded to the Fourth Amended Complaint so they are

BN 3652437v1

not prejudiced by a further amendment adding parties and clarifying the negligence and negligent misrepresentation claims. Thus, the filing of the FACTPC will not prejudice any party to this litigation. *See, e.g., Stephenson*, U.S. Dist. LEXIS 60696 at *34-37 (finding no prejudice when defendants were added four years into the litigation).

For these reasons, Third-Party Plaintiffs respectfully request that this Court enter an Order granting them leave to file the proposed Fifth Amended Consolidated Third-Party Complaint.

DATED: May 23, 2009

By: /s/ Thomas J. Wiegrand

*Attorneys for Argent Mortgage Company LLC*

Thomas J. Wiegrand
Gregory J. Miarecki
David E. Dahlquist
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Respectfully submitted

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-3457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## **CERTIFICATE OF SERVICE**

      I, Bernard E. LeSage, hereby certify that on this 23rd day of May 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                By: /s/ Bernard E. LeSage

BN 3652437v1