IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) ) |
| | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO THE FOLLOWING INDIVIDUAL ACTIONS: | ) ) ) ) |
| | Centralized before Judge Marvin E. Aspen |
| *Guydon, et al. v. Ameriquest Mortg. Co.*, 06-cv-3423 (N.D. Ill.), *Rowan, et al. v. Ameriquest Mortg. Co.*, 06-cv-6717 (N.D. Ill.), *Miller v. Ameriquest Mortg Co.*, 07-cv-1623 (N.D. Ill.), *McKimmy v. Ameriquest Mortg. Co.*, 07-cv-1628 (N.D. Ill.), *Stafford v. Ameriquest Mortg. Co.*, 06-cv-6764 (N.D. Ill.), *Clay v. Ameriquest Mortg. Co.*, 06-cv-7191 (N.D. Ill.) | |

## PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT

Plaintiffs state the following in support of their motion to enforce settlement:

### INTRODUCTION

Defendants still have not completed the task of producing all documents and payment necessary to effectuate the settlement agreements. To effectuate the settlements, Plaintiffs need Defendants to produce loan modification documents, fully executed settlement agreements, evidence that the modified terms have been implemented, and payment of all amounts owed under the agreements.

## STATUS OF SETTLEMENTS

The following is the status for each plaintiff or set of Plaintiffs:

**Kevin and Rita Guydon:**

(1) Fully executed settlement agreement - Plaintiffs have received.

(2) Loan modification documents - Sent by American Home Mortgage Servicing, Inc. (AHMSI) after Plaintiffs filed their motion to enforce. Plaintiffs sent this to Defense counsel on May 27, 2009 in the UPS envelope Defense counsel provided.

(3) Evidence that modified terms have been effectuated - The terms are to be effectuated on June 1, 2009. Defendant should provide the Guydons with a statement as evidence of this.

(4) Payment of all amounts owed - Plaintiff's counsel received the check owed under the agreement.

**Cecelia Rowan:**

(1) Fully executed settlement agreement - Defendants have not executed it and did not send it to Plaintiff to sign until after Plaintiff filed her motion to enforce. Plaintiff then executed it and returned it to Defense counsel.

(2) Loan modification documents - Plaintiff has an executed loan modification agreement.

(3) Evidence that modified terms have been effectuated - The terms have not been effectuated.

(4) Payment of all amounts owed - Plaintiff's counsel has not yet received the check owed under the agreement. The parties are attempting to agree upon a stipulation to release to Plaintiffs' counsel to hold in escrow until the Settlement Agreements are fully executed.

**Katherine and Benjamin Miller:**

    (1)    Fully executed settlement agreement - Defendants have not executed it.

    (2)    Loan modification documents - Defendants have not sent Plaintiff a loan modification agreement.

    (3)    Evidence that modified terms have been effectuated - The terms have not been effectuated.

    (4)    Payment of all amounts owed - Plaintiff's counsel has not yet received the check owed under the agreement. The parties are attempting to agree upon a stipulation to release to Plaintiffs' counsel to hold in escrow until the Settlement Agreements are fully executed.

**Angelique and Ernie McKimmy:**

    (1)    Fully executed settlement agreement - Defendants have not executed it.

    (2)    Loan modification documents - Plaintiff has not received an executed loan modification agreement.

    (3)    Evidence that modified terms have been effectuated - The terms have not been effectuated. Further, Defendant proposed new terms as of May 27, 2009 (see attached <u>Exhibit A</u>).

    (4)    Payment of all amounts owed - Plaintiff's counsel has received the check owed under the agreement.

**James and Karen Stafford:**

    (1)    Fully executed settlement agreement - Defendants sent Plaintiffs the settlement agreement after Plaintiffs filed their motion to enforce. Plaintiffs executed it and returned it to Defense counsel.

    (2)    Loan modification documents - Plaintiff has an executed loan modification

agreement.

(3) Evidence that modified terms have been effectuated - Although the terms have apparently been effectuated, because the Staffords have been making monthly payments in the new amount, no evidence of this has been received. Neither the Staffords nor Plaintiffs' counsel have received statements from their current servicer, AHMSI.

(4) Payment of all amounts owed - Plaintiff's counsel has not yet received the check owed under the agreement. The parties are attempting to agree upon a stipulation to release to Plaintiffs' counsel to hold in escrow until the Settlement Agreements are fully executed.

**Mildred Clay:**

(1) Fully executed settlement agreement - Defendants sent Plaintiff the settlement agreement after she filed her motion to enforce. Plaintiff has been sent the document for signature.

(2) Loan modification documents - Plaintiff has an executed loan modification agreement.

(3) Evidence that modified terms have been effectuated - The terms have been effectuated, as evidence by monthly statements in the appropriate amount.

(4) Payment of all amounts owed - Plaintiff's counsel has not yet received the check owed under the agreement. The parties are attempting to agree upon a stipulation to release to Plaintiffs' counsel to hold in escrow until the Settlement Agreements are fully executed.

## RESPONSE TO DEFENDANTS' CONTENTIONS

### KEVIN AND RITA GUYDON

The Guydons received a Loan Modification Agreement, which modified the previous settlement terms, from Defendants after it had filed its motion to enforce the previous

settlement. The Guydons have accepted this change in terms, signed the Loan Modification Agreement, and returned it to Defense counsel.

The Loan Modification Agreement states a June 1, 2009 effective date. The Guydons request that the court order Defendants to honor the new terms effective of that date.

### CECILIA ROWAN

Defendants state that the only party to have previously signed the settlement agreement was Ameriquest. However, Defendants sent Rowan the settlement agreement for her signature only after she filed her motion to enforce the settlement. Therefore, it is true that Ameriquest was the only party to have previously signed the settlement agreement, because defendant never gave Rowan an opportunity to do so. Rowan has since signed the settlement agreement and returned it to defense counsel. It is also true that the loan modification agreement was executed by Rowan. Defense counsel stated in its Response that "[the loan modification agreement] has been executed as Rowan concedes in her motion." Response to Plaintiffs' Motion to Enforce Settlement ("Defendants' Response"), p. 5. This is a point willingly "conceded" by Rowan, since it is the basis for her motion to enforce. There is an executed loan modification agreement, and yet those terms have yet to be effectuated. Defendants state that "According to plaintiff, she is still paying on the terms of the old loan. Ameriquest has not been able to confirm the problem or to determine the nature and genesis of any problem." Defendants' Response, p. 5. The problem is clear: Defendants have not effectuated the loan modification agreement, thus breaching their agreement with Rowan. Rowan requests this court order defendants to effectuate the loan modification terms by July 1, 2009.

### KATHERINE MILLER AND BENJAMIN MILLER

As stated in their Motion to Enforce, the Millers signed the settlement agreement

on October 26, 2008. Defendants state in their Response that the settlement agreement has not been fully executed. This is precisely why the Millers filed their motion to enforce. In the seven months since they have signed the settlement agreement memorializing the settlement that the parties agreed upon, defendants have yet to do the same. Defense counsel states that a transfer in servicing of the loan to Chase as a cause for this delay. However, Chase did not assume servicing rights until approximately February of 2009, approximately four months after the Millers signed the settlement agreement.

Defense counsel states that "Chase is working on confirming agreement to the settlement and to the loan terms." Defendants' Response, p. 4. Chase has been servicing the loan for approximately four months. This is an unreasonable amount of time to effectuate an already agreed upon settlement. The Millers request that the court order Defendants to produce loan modification documents regarding the settlement by July 1, 2009 and to effectuate the new terms by September 1, 2009.

## ANGELIQUE MCKIMMY AND ERNIE MCKIMMY

Defendants state in their Response that AHMSI "has advised that it is preparing to offer loan modification terms that will likely be more favorable than any prior terms." While the McKimmys would be willing to accept changes in the settlement terms that make the previous settlement more favorable to them, AHMSI's proposed amendment to the agreed upon terms does not include an explanation of how the unpaid principal balance was calculated. Without, this, the McKimmys cannot evaluate the proposed amendment. Plaintiffs' counsel requested such an explanation from Defense counsel but, at the time of this filing, has received no response. The McKimmys request the court to order that the loan modification agreement for either new, if accepted by the McKimmys, or previously agreed upon terms to be executed by

August 1, 2009 and that the loan modification agreement be effectuated by September 1, 2009.

## KAREN STAFFORD AND JAMES STAFFORD

Defendants state in their Response that "[a]s to the Stafford loan modification, AHMSI has advised that it is complete and that the loan is current." However, the Staffords are not receiving statements from AHMSI and cannot confirm whether the new terms have been implemented. The defendants did not send the Staffords a settlement agreement memorializing the agreed upon terms until after the Staffords filed their motion to enforce. The Staffords have since signed the settlement agreement and returned in to defense counsel

## FACTS RELATING TO PLAINTIFF MILDRED CLAY

Defendants correctly assert that Clay's settlement agreement was not fully executed. However, Clay could not have signed the settlement agreement prior to filing her motion to enforce because Defendants did not send the agreement until after she filed the motion. Clay has since signed the settlement agreement and returned it to defense counsel.

Plaintiffs' counsel and defense counsel are currently attempting to finalize an agreement whereby the $3,000.00 settlement funds owed to Mildred Clay, Cecilia Rowan, James and Karen Stafford, and Benjamin and Katherine Miller will be held in escrow by plaintiffs' counsel pending execution of the settlement agreements by all parties.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment directing the parties to cooperate and perform under the terms of their respective agreements, in accordance with the further orders of this Court and provide for all other appropriate relief, including additional attorney's fees associated with the presentation of this motion.

Respectfully submitted,

s/Catherine A. Ceko
Catherine A. Ceko

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

    I, Catherine A. Ceko, hereby certify that on June 1, 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also hereby certify that a copy was sent by U.S. mail to parties without an email address.

| | |
|---|---|
| Argent Mortgage Company, LLC<br>gtam@argentmortgage.com | Anthony C. Campanale<br>accampanale@acclaw.com |
| Cislo Title Company<br>jwfinke@mindspring.com | Athanasios Papadopoulous<br>tpapadopoulos@ngelaw.com |
| Adam R. Bunge<br>abunge@karballaw.com | Avidan J. Stern<br>avi@lynchandstern.com |
| Adebayo Ogunmeno<br>aikogun@ogunmenolawfirm.com | Bernard E. LeSage<br>blesage@buchalter.com |
| Alais L.M. Griffin<br>alais.griffin@goldbergkohn.com | Bradley J. Miller<br>bmiller@kilpatrickstockton.com |
| Alan N. Salpeter<br>asalpeter@dl.com | Brandon A. Block<br>bblock@buchalter.com |
| Albert E. Fowerbaugh, Jr.<br>al.fowerbaugh@dlapiper.com | Brian J. Williams<br>brian.williams@mbtlaw.com |
| Amir R. Tahmassebi<br>amir@konicedillonlaw.com | Brian L. Bromberg<br>brian@bromberglawoffice.com |
| Andrew G. Pizor<br>apizor@consumerlawgroup.com | Brian S. Brewer<br>bbrewer@pckltdlaw.com |
| Andrew R. Greene<br>agreene@johnstongreene.com | Bruce R. Meckler<br>bruce.meckler@mbtlaw.com |
| Anna C. Schumaker<br>aschumaker@sidley.com | Carlos E. Mahoney<br>cmahoney@gmf-law.com |
| Annaliese F. Fleming<br>annaliese.fleming@bfkn.com | Caryn Becker<br>Cbecker@lchb.com |

Chante D. Spann
Chante.Spann@goldbergkohn.com

Charles M. Delbaum
cdelbaum@nclc.org

Charles M. Baird
charlesmbaird@att.net

Charles S. Ofstein
ofstein@DBMSlaw.com

Cheryl A. Perry
cheryl@caplawoffice.com

Christopher B. Hunter
cbhunter@rothlaw.com

Christopher E. Kentra
chris.kentra@mbtlaw.com

Christopher F. Swing
cswing@brouse.com

Christopher H. Murphy
cmurphy@cozen.com

Christopher S. Naveja
csnaveja@arnstein.com

Cinthia G. Motley
cinthia.motley@wilsonelser.com

Craig Allan Varga
cvarga@vblhc.com

Daniel F. Lynch
dan@lynchandstern.com

Daniel J. McMahon
Daniel.McMahon@wilsonelser.com

Daniel M. Harris
lawofficedh@yahoo.com

Daniel S. Blinn
dblinn@consumerlawgroup.com

David A. Ward
wardmetti@msn.com

David C. McCormack
maclaw@execpc.com

David E. Dahlquist
ddahlquist@winston.com

David J. Chizewer
david.chizewer@goldbergkohn.com

David T. Ballard
dballard@btlaw.com

David W. Warren
dwwarren@joelsonrosenberg.com

Dean J. Wagner
dwagner@shslawfirm.com

Dennis E. Both
dbothlaw@att.net

Derek M. Johnson
djohnson@rathjewoodward.com

Dominic J. Rizzi
drizzi@millerfaucher.com

Dominick W. Savaiano
dsavaiano@clausen.com

Don E. Glickman
dglickman@lawggf.com

Donald Brown, Jr.
donald.brown@dbmslaw.com

Donald Colleluori
don.colleluori@figdav.com

Donald P. Eckler
deckler@pretzel-stouffer.com

Earl P. Underwood
epunderwood@gmail.com

Edward A. Cohen
ecohen@karballaw.com

Edward M. Ordonez
eordonez@cozen.com

Emily A. Shupe
eshupe@rathjewoodward.com

Emily K. Lashley
elashley@wtplaw.com

Emily M. Milman
emulder@ngelaw.com

Emily V. Wolf
ewolf@ksc-law.com

Eric D. Kaplan
ekaplan@kpglaw.com

Eric P. Early
eearly@chrisglase.com

Evan J. Kaufman
ekaufman@lerachlaw.com

Frank J. Kokoszka
fkokoszka@k-jlaw.com

Gary Edward Klein
klien@roddykleinryan.com

Gary T. Jansen
gjansen@cksslaw.com

Gayle L. Yeatman
gayle.fisher@bfkn.com

Geoffrey S. Binney
geoff.binney@geblawyers.com

George K. Flynn
gflynn@clausen.com

George P. Apostolides
gapostolides@arnstein.com

Gerald R. Walton
grwalton49@aol.com

Gerard D. Kelly
gkelly@sidley.com

Gini Sapziano
gspaziano@shslawfirm.com

Greg J. Miarecki
gmiarecki@winston.com

Gregory A. Cerulo
gcerulo@qjhp.com

Harlene G. Matyas
hgmatyas@tribler.com

Harry N. Arger
harger@dykema.com

Heather J. Macklin
heather.macklin@bfkn.com

Hector Ledesma
hledesma@sanchezdh.com

J. Aaron Jensen
aaron.jensen@mbtlaw.com

James D. Patterson
jpatterson@alalaw.com

James J. Sipchen
jsipchen@pretzel-stouffer.com

James K. Borcia
jborcia@tsmp.com

James M. Boyers
jboyers@woodmclaw.com

James S. Schreier
jschreier@glaserweil.com

James V. Noonan
jnoonan@noonanandlieberman.com

Jared I. Rothkopf
jrothkopf@kpglaw.com

Jason B. Hirsh
jbhirsh@arnstein.com

Jeanne M. Hoffman
jhoffman@brycedowney.com

Jeffrey T. Heintz
jheintz@brouse.com

Jeffrey W. Finke
jwfinke@mindspring.com

Jennifer R. Lazenby
jlazenby@wtplaw.com

Jessica Myers
jmyers@las.org

Jill Henniger Bowman
jbowman@jameshoyer.com

Jimmie H. Brown
help@bspclaw.com

Joanne N. Davies
jdavies@buchalter.com

Joel S. Todd
jtodd@saltzpolisher.com

John E. Kerley
lawyerjohn@aol.com

John J. Lydon
lydonj@gsgolaw.com

John L. Ropiequet
jlropiequet@arnstein.com

John W. Patton, Jr.
jpatton@pattonryan.com

Jon R. Fetterolf
jfetterolf@wc.com

Jonathan N. Ledsky
jledsky@vblhc.com

Joseph B. Carini III
carinij@jbltd.com

Jospeh K. Mathewson
kent@dbsmlaw.com

Joshua R. Mandell
jmandell@buchalter.com

Katherine M. Donat
kdonat@noonanandlieberman.com

Kathryn R. Mackey
kmackey@clausen.com

Keith James Keogh
Keith@Keoghlaw.com

Keith R. Verges
kverges@figdav.com

Kelly M. Dermody
kdermody@lchb.com

Kerry D. Nelson
kerry.donovan@goldbergkohn.com

Kevin J. Clancy
kclancy@lowis-gellen.com

Kevin M. O'Hagan
kohagan@ohaganspencer.com

Kristin A. Siegesmund
kasiegesmund@midmnlegal.org

Kristin S. Yoo
kyoo@cozen.com

Kristina M. Van Buskirk
Kvanbuskirk@ngelaw.com

Larry A. Hoellwarth
lhoellwarth@karballaw.com

Laura E. Cohen
lcohen@pckltdlaw.com

Laurie S. Fulton
lfulton@wc.com

Lee J. Schoen
lschoen@schoenmslaw.com

Lee M. Weisz
weiszlaw@aol.com

Linda B. Dubnow
ldubnow@ngelaw.com

Lloyd J. Brooks
lloyd.brooks@thebrooksfirm.com

Lori A. Fanning
Lfanning@MillerLawLLC.com

Mara McRae
mmcrae@kilpatrickstockton.com

Margaret J. Rhiew
mrhiew@dykema.com

Mark T. Davenport
mark.davenport@figdav.com

Marvin Alan Miller
mmiller@millerlawllc.com

Matthew D. Matkov
mmatkov@saltzpolisher.com

Matthew F. Tibble
mtibble@pretzel-stouffer.com

Matthew L. Kurzweg
mkurzweg@kurzweglaw.com

Megan L. Kerr
mkerr@pckltdlaw.com

Melissa R. Dixon
melissardixon@bellsouth.net

Michael A. Braun
mabraun@speakeasy.net

Michael Alan Kraft
mike@mkraftlaw.com

Michael Andrew Kraft
mkraft@qjhp.com

Michael C. Andolina
mandolina@sidley.com

Michael D. Sher
msher@ngelaw.com

Michael J. Breslin
mbreslin@kilpatrickstockton.com

Michael M. Fenwick
mfenwick@pattonryan.com

Michael R. Gregg
mrg@merlolaw.com

Michelle B. Fisher
mfisher@dykema.com

Nicole D. Milos
nmilos@cksslaw.com

Paven Malhotra
pmalhotra@wc.com

Peter Lachmann
Peter.lachmann@sbcglobal.net

Peter R. Wilson
peter.wilson@kattenlaw.com

Rachel Geman
rgeman@lchb.com

Ralph O. Scoccimaro
help@bspclaw.com

Rebecca Rothmann
rebecca.rothmann@wilsonelser.com

Renee L. Zipprich
rzipprich@dykema.com

Richard E. Gottlieb
rgottlieb@dykema.com

Richard M. Kaplan
rkaplan@clausen.com

Richard M. Waris
rwaris@pretzel-stouffer.com

Robert Radasevich
rradasevich@ngelaw.com

Robert E. Shapiro
rob.shapiro@bjkn.com

Robert J. Schuckit
rschuckit@schuckitlaw.com

Robert J. Emanuel
remanuel@burkelaw.com

Robert Stuart Pinzur
rpinzur@pckltdlaw.com

Ronald I. Chorches
Ronaldchorches@sbcglobal.net

Rudolf G. Schade, Jr.
Rgs@cassiday.com

Russell M. Kofoed
russellkofoed@sbcglobal.net

Russell W. Hubbard
russell.hubbard@figdav.com

Samuel H. Rudman
srudman@csgrr.com

Stanley L. Hill
stanhill@hegsinet.net

Sarah K. Andrus
sandrus@buchalter.com

Scott J. Brown
sjb@cassiday.com

Shelley J. Webb
swebb@wc.com

Shennan Kavanagh
kavanagh@roddykleinryan.com

Sreeram Natarajan
snatarajan@tribler.com

Stanley L. Hill
stanhill@megsinet.net

Stephanie M. Zimdahl
stephanie.zimdahl@bfkn.com

Stephen M. Sedor
ssedor@durantnic.com

Steven M. Brandstedt
brandstedt@litchfiledcavo.com

Steven M. Sandler
sms@merlolaw.com

Susan J. Miller Overbey
smiller@burkelaw.com

Susan N.K. Gummow
sgummow@clausen.com

Synde B. Keywell
skeywell@ngelaw.com

Terrence J. Madden
tmadden@brycedowney.com

Terry A. Smiljanich
tsmiljanich@jameshoyer.com

Therese K. Nohos
tnohos@dl.com

Thomas Joseph Wiegand
twiegand@winston.com

Timothy D. Elliott
telliott@rathjewoodward.com

Timothy V. Hoffman
thoffman@sanchezdh.com

Veronica W. Saltz
vsaltz@saltzpolisher.com

Vincent P. Schmeltz III
vschmeltz@dl.com

Wayne B. Holstad
wholstad@integraonline.com

William E. Hosler
weh@wwrplaw.com

William H. Robertson V
bill.robertson@beasleyallen.com

William R. Brown
wbrown@schuckitlaw.com

Alexander E. Sklavos
Law Offices of Alexander E. Sklavos, P.C.
1 Old Country Rd.
Suite 200
Carle Place, NY 11514

Alexandra van Nes Dolger
Richard P. Colbert
Day Berry and Howard, LLP
1 Canterbury Green
Stamford, CT 06901

Brian H. Newman
Cheryl M. Lott
Melody A. Petrossian
Rachel A.P. Saldana
Buchalter Nemer, P.C.
1000 Wilshire Blvd.
Suite 1500
Los Angeles, CA 90017

John J. McDonough
Cozen O'Connor
45 Broadway
Suite 1600
New York, NY 10006

John M. Gambrel
Gambrel & Wilder Law Offices, PLLC
1222 ½ N. Main St.
Suite 2
London, KY 40741

John R. King
Michael S. Deck
Law Office of John King
3409 N. 10th St.
Suite 100
McAllen, TX 78601

Joseph E. Nealon
The Law Office of Joseph E. Nealon
45 Lyman St.
Suite 28
Westborough, MA 01581

Michael Swistak
Swistak & Levine, P.C.
304445 Northwest Highway
Farmington, MI 48334

Robert W. Smyth, Jr.
Donohue Brown Mathewson & Smyth
140 S. Dearborn St.
Suite 700
Chicago, IL 60603


s/Catherine A. Ceko
Catherine A. Ceko

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

## Catherine A. Ceko

| | |
|---|---|
| **From:** | Stevenson, Karen L. [kstevenson@buchalter.com] |
| **Sent:** | Wednesday, May 27, 2009 11:57 AM |
| **To:** | Catherine A. Ceko; Tara L. Goodwin Esq. (Business Fax) |
| **Cc:** | LeSage, Bernard; Diane Tiberend; Newman, Brian H.; Cogan, Effie; Fleischmann, Simon; Jeanette White |
| **Subject:** | FW:Loan Mod Proposal for McKimmy's |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Cat - I am forwarding below new proposed loan mod terms offered by AHMSI for your clients the McKimmy's. The McKimmy's agreed to a prior loan mod offered by CitiResidential in July 2008, but because that loan mod was never finalized, the new servicer has offered different terms below. Please let Mr. Fleischman, counsel to AHMSI know (with a copy to me) if the AHMSI loan mod is acceptable. If so, we will prepare the Settlement Release Agreement, AHMSI will prepare any additional documentation necessary to finalize the new loan terms.

If you have questions about the details of the loan mod terms, please contact Mr. Fleischman directly.

Best regards,
Karen


Karen Stevenson | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 1000 Wilshire Boulevard, Suite 1500 | Los Angeles, CA 90017-2457 | Direct Dial: (213) 891-5574 | Cell Phone: (213) 361-6428 | Direct Fax: (213) 630-5764 | Switchboard: (213) 891-0700 | kstevenson@buchalter.com | www.buchalter.com

---

**From:** Fleischmann, Simon [mailto:SFleischmann@lockelord.com]
**Sent:** Wednesday, May 27, 2009 8:47 AM
**To:** Cogan, Effie
**Cc:** Stevenson, Karen L.; Newman, Brian H.
**Subject:** RE: MDL settlements

Effie:

Below are new mod terms for the McKimmys, who I understand have agreed to settle all claims for a loan mod plus $3,000 from ACC. Please let me know if there is anything else I can do to help on this. Thanks.


**** MOD TERMS ****

NEW UPB: 104,327.83

1ST PMT DUE DATE 08/01/09

NEW IR 6.00% FIXED

NEW P&I 661.10


6/1/2009

ESCROW DEPOSIT: 140.42

TERM 312 ; MATURITY DATE 07/01/2035

Simon Fleischmann
Locke Lord Bissell & Liddell LLP
312.443.0462 / sfleischmann@lockelord.com

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/bt/index.php?option=com_content&task=view&id=151&Itemid=129.

**IRS Circular 230 Disclosure: In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

6/1/2009