IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-CV-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY, LLC, a Delaware limited liability company, <br>        Third-Party Plaintiffs, <br><br> v. <br> NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, et al., <br><br>        Third-Party Defendants. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF FIRST AMERICAN
TITLE INSURANCE COMPANY, METROPOLITAN TITLE COMPANY,
MIDLAND TITLE SECURITY INC., MORTGAGE GUARANTEE & TITLE
COMPANY & OHIO BAR TITLE INSURANCE COMPANY TO
<u>FOURTH AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT</u>**

Third-party defendants First American Title Insurance Company, Metropolitan Title Company, Midland Title Security, Inc., Mortgage Guarantee & Title Company and Ohio Bar Title Insurance Company (collectively, and referred to in the singular as, "First American"), by and through one of its attorneys, Robert Radasevich, for its Answer and Affirmative Defenses to the Fourth Amended Consolidated Third-party Complaint herein states as follows:

## The Parties

1.  Ameriquest is a Delaware corporation with its principal place of business in California.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the fourth amended consolidated third-party complaint and therefore denies said allegations.

2.  Argent is a Delaware limited liability company with its principal place of business in California.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the fourth amended consolidated third-party complaint and therefore denies said allegations.

3.  Ameriquest and Argent bring this Third-Party Complaint against the Closing Agents and Title Underwriters (collectively referred to hereinafter as the "Title Defendants") listed on Exhibit A and Exhibit B hereto.

**ANSWER:** First American admits that Ameriquest and Agent have filed a fourth amended consolidated third-party complaint against various parties listed on Exhibits A and B thereto, but First American lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the fourth amended consolidated third-party complaint and therefore denies said allegations.

4.  Argent also brings this Third-Party Complaint against the mortgage brokers ("Broker Defendants") listed on Exhibit B attached hereto.

**ANSWER:** First American admits that Agent has filed a fourth amended consolidated third-party complaint against various parties listed on Exhibits A and B thereto, but First American lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the fourth amended consolidated third-party complaint and therefore denies said allegations.

5. Ameriquest and Argent are at times ignorant of the true names and capacities, whether individual, corporate, associate, employee, agent or otherwise, of third-party defendant DOES 1 though 10, inclusive, and therefore sues said third-party defendants by such fictitious names. Ameriquest and Argent are informed and believe and thereon allege that each of the third-party defendants designated herein as a fictitiously named third-party defendant is, in some manner, responsible for the events and happenings referred to, and caused the damage to Ameriquest and/or Argent as herein alleged. Ameriquest and Argent will amend their Third-Party Complaint to allege the true names and capacities of those third-party defendants when such information is ascertained.

**ANSWER**: First American lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 5 of the fourth amended

consolidated third-party complaint and therefore denies said allegations.

6. The Court has jurisdiction over this matter, pursuant to Rule 14 of the Federal Rules of Civil Procedure.

**ANSWER**: First American admits that the Court has jurisdiction over this matter.

7. Venue is proper in this judicial district because Ameriquest's and Argent's claims against the Title Defendants and Broker Defendants arise directly out of claims asserted by the plaintiffs listed in Exhibit A and Exhibit B hereto against Ameriquest and Argent in this Court.

**ANSWER**: First American admits that venue is proper in this judicial district.

## General Allegations for Ameriquest Claims

8. On or about the dates set forth in Exhibit A hereto, Ameriquest and each of the Title Defendants entered into an agreement wherein the Title Defendants agreed to close Ameriquest loans in exchange for consideration to be paid from the loan proceeds. In connection with these agreements, the Title Defendants warranted, among other things, that they would accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed, and would provide Ameriquest's borrower(s) with the correct number of copies of the completed form.

**ANSWER**: First American denies the allegations contained in paragraph 8 of the

fourth amended consolidated third-party complaint.

9. Each of the plaintiffs listed in Exhibit A hereto has filed a lawsuit against Ameriquest alleging, among other things, that Ameriquest violated TILA by, allegedly, failing to provide the plaintiff with a complete and accurate Notice of Right to Cancel form and/or failing to provide the correct number of copies of the form.

3

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the fourth amended consolidated third-party complaint and therefore denies said allegations.

10. The claims alleged against Ameriquest in each of the plaintiffs' lawsuits with respect to the Notice of Right to Cancel form relate to duties that should have been carried out by each of the Title Defendants, with respect to the particular loan(s) that they were hired to close. Thus, to the extent that any of the plaintiffs received an inaccurate, incomplete, or misleading Notice of Right to Cancel form, or an incorrect number of forms, this is entirely attributable to the conduct of the Title Defendant(s) who were hired to close that particular loan.

**ANSWER:** First American denies the allegations contained in paragraph 10 of the fourth amended consolidated third-party complaint.

## General Allegations for Argent Claims

11. Plaintiffs' suits also allege, *inter alia,* that Argent made misrepresentations regarding loan terms, engaged in bait and switch tactics, failed to make proper disclosures (including Notice of Right to Cancel), and/or improperly serviced plaintiffs' loans. These claims arise primarily out of the negotiation of loan terms, events that occurred at loan closings, or out of post-funding handling of plaintiffs' effort to repay, or failure to repay the subject loan.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the fourth amended consolidated third-party complaint and therefore denies said allegations.

12. Argent, however, is a wholesale mortgage lender. By definition, a wholesale lender has no involvement in the negotiation of loan terms, or the loan closing. Argent likewise has no involvement in collecting loan payments or otherwise servicing loans. Instead, Argent's involvement in the loan process is limited to funding loans originated by independent mortgage brokers and closed by independent Closing Agents and Title Underwriters, each of whom are individually responsible for ensuring that the origination, title and closing process is effectuated in compliance with all aspects of applicable law. Further, the Broker Defendants are responsible for selecting the Title Defendants.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and third sentences in

4

paragraph 9 of the fourth amended consolidated third-party complaint and therefore denies said allegations. First American denies the allegations contained in the fourth and fifth sentences in paragraph 12 of the fourth amended consolidated third-party complaint. First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations.

13. Argent enters into a "Mortgage Broker Agreement" whereby the independent Broker Defendants agreed, *inter alia,* to the "full, accurate and truthful disclosure" of all "facts, information or documentation" that might affect the loan process, agreed to comply with all rules and regulations regarding the application and processing of a loan, and agreed to indemnify and hold harmless the lender (Argent) against claims made by the. borrower.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the fourth amended consolidated third-party complaint and, therefore, denies said allegations.

14. Argent also enters into enforceable agreements with the Title Defendants through the providing of Escrow Lending Instructions which require, *inter alia,* the proper execution, disclosure, and issuance of the required closing documents, including the Notice of Right to Cancel and the HUD-1 Settlement Statement.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 14 of the fourth amended consolidated third-party complaint.

15. The Title Underwriter also issues a "Closing Protection Letter" whereby the Title Underwriter agrees to reimburse the lender for actual loss incurred by the lender in connection with the closing conducted by the Closing Agent including the failure of the Closing Agent to comply with the lender's written closing instructions, as

5

well as acts of fraud or dishonesty by the Closing Agent in the handling of the lender's funds or documents in connection with a closing.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American admits that, from time-to-time, one or more of the parties collectively referred to herein as "First American" issued closing protection letters pursuant to which they agreed to reimburse the lenders therein identified for the matters specifically set forth in such closing protection letters, subject to the terms, conditions, and exclusions therein set forth. First American denies the remaining allegations contained in paragraph 15 of the fourth amended consolidated third-party complaint.

16. The Title Underwriter also issues a final title policy whereby the Title Underwriter insures the validity and lien priority of the mortgage provided to Argent.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American admits that from time to time, one or more of the parties collectively referred to herein as "First American" issued loan policies of title insurance whereby, subject to the terms, conditions and exclusions set forth therein, they insured the validity and priority of referenced mortgages provided by Argent. Further answering, First American denies that its title insurance policies insured Argent for any of the losses or damages alleged.

17. Each of the plaintiffs' listed on Exhibit B engaged a Broker Defendant in order to apply for and obtain a loan from Argent. The Broker Defendants subsequently selected the Title Defendants to close the loans. The Broker Defendants and Title

6

Defendants are wholly responsible for any alleged misrepresentations, improper tactics, or failed disclosures that may be found to have occurred in the process of obtaining a loan from Argent.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 17 of the fourth amended consolidated third-party complaint and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 17 of the fourth amended consolidated third-party complaint.

### First Cause of Action
### (Breach of Contract—Ameriquest Against the Title Defendants)

18. Ameriquest re-alleges paragraphs 1 through 17 inclusive, and incorporates the same by reference.

**ANSWER:** First American realleges and incorporates by reference its responses to paragraphs 1-17 above as its response to paragraph 18 of Count I of the fourth amended consolidated third-party complaint.

19. Ameriquest and each of the Title Defendants entered into a valid and enforceable contract. Ameriquest fully performed its duties under this contract.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American admits that, from time-to-time, one or more of the parties collectively referred to herein as "First American" issued loan polices of title insurance to Ameriquest; however, First American denies that it issued loan polices of title insurance to Ameriquest with respect to any of the transactions identified on Exhibits A or B to the fourth amended consolidated third-party complaint.

7

Case: 1:05-cv-07097 Document #: 2847 Filed: 06/03/09 Page 8 of 18 PageID #:32068

Further answering, First American denies the remaining allegations contained in paragraph 19 of the fourth amended consolidated third-party complaint.

20. The contract required, among other things, that each of the Title Defendants would accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed, and provide the relevant borrower(s) with the correct number of copies of the completed form.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 20 of the fourth amended consolidated third-party complaint.

21. In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Title Defendants who were responsible for closing the loans in question breached the contract with respect to their duty to provide a complete and accurate Notice of Right to Cancel form and/or to provide the correct number of forms.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 21 of the fourth amended consolidated third-party complaint.

22. Ameriquest has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest. Ameriquest has also suffered damage to its reputation and goodwill as a direct result of the Title Defendants' conduct, in an amount to be proven at trial.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American,

8

and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 22 of the fourth amended consolidated third-party complaint.

## Second Cause of Action
### (Negligence—Ameriquest Against the Title Defendants)

23. Ameriquest re-alleges paragraphs 1 through 22 inclusive, and incorporates the same by reference.

**ANSWER:** First American realleges and incorporates by reference its responses to paragraphs 1-22 above as its response to paragraph 23 of Count II of the fourth amended consolidated third-party complaint.

24. Ameriquest gave each of the Title Defendants certain forms in connection with the closing of each loan including, but not limited to, a Notice of Right to Cancel form. The Title Defendants represented and warranted that they were familiar with state and federal law governing the Notice of Right to Cancel, and that they would competently and accurately fill out each Notice of Right to Cancel form, and deliver the correct number of copies of the form to each of the borrowers whose loans they were being paid by Ameriquest to close. Ameriquest relied on these representations and warranties and, without them, would not have paid each of the Title Defendants a fee to close loans for Ameriquest.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 24 of the fourth amended consolidated third-party complaint.

25. Based on their representations and warranties to Ameriquest, each of the Title Defendants has a duty to competently and accurately fill out each Notice of Right to Cancel form, and deliver the correct number of copies of the form to each to the borrowers whose loans they were being paid by Ameriquest to close.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American,

9

and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 25 of the fourth amended consolidated third-party complaint.

26. In the event that the allegations in any of lawsuits are proven to be true, the Title Defendants who were paid to close the loan(s) in question breached this duty, by failing to comply with their representations and warranties to Ameriquest.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 26 of the fourth amended consolidated third-party complaint.

27. As a direct result of the negligence of the Title Defendants, Ameriquest has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Ameriquest in connection with the lawsuits.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 27 of the fourth amended consolidated third-party complaint.

### Third Cause of Action
### (Breach of Contract – Argent Against Broker Defendants)

First American is not named as a defendant in Count III of the fourth amended consolidated third-party complaint, nor is any recovery sought from First American. Therefore, no answer thereto is required.

### Fourth Cause of Action
### (Breach of Contact – Argent Against Title Defendants)

34. Argent re-alleges paragraphs 1 through 33 inclusive, and incorporates the same by reference.

10

**ANSWER:** First American realleges and incorporates by reference its responses to paragraphs 1-33 above as its response to paragraph 33 of Count IV of the fourth amended consolidated third-party complaint.

35. Argent and each of the Title Defendants listed on Exhibit A and Exhibit B entered into a valid and enforceable contract. Argent fully performed its duties under this contract.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American admits that, from time-to-time, one or more of the parties collectively referred to herein as "First American" issued loan policies of title insurance and closing protection letters to Argent. First American denies the remaining allegations contained in paragraph 35 of the fourth amended consolidated third-party complaint.

36. The contract required, among other things, that each of the Title Defendants would accurately complete a "Notice of Right to Cancel" form with respect to each loan that they closed, and provide the relevant borrower(s) with the correct number of copies of the completed form.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 36 of the fourth amended consolidated third-party complaint.

37. In the event that the allegations in any of plaintiffs' lawsuits are proven to be true, the Title Defendants who were responsible for closing the loans in question breached the contract with respect to their duty to provide a complete and accurate Notice of Right to Cancel form and/or to provide the correct number of forms.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 37 of the fourth amended consolidated third-party complaint.

38. Argent has suffered damages in an amount according to proof, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent. Argent has also suffered damage to its reputation and goodwill as a direct result of the Title Defendants conduct, in an amount to be proven at trial.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 38 of the fourth amended consolidated third-party complaint.

### Fifth Cause of Action
### (Negligence – Argent Against Broker Defendants and Title Defendants)

39. Argent re-alleges paragraphs 1 through 38 inclusive, and incorporates the same by reference.

**ANSWER:** First American realleges and incorporates by reference its responses to paragraphs 1-38 above as its response to paragraph 39 of Count V of the fourth amended consolidated third-party complaint.

40. Argent gave each of the Title Defendants and the Broker Defendants certain forms in connection with the closing of each loan including, but not limited to, a Notice of Right to Cancel form. The Title Defendants and the Broker Defendants represented and warranted that they were familiar with state and federal law governing the Notice of Right to Cancel, and that they would competently and accurately fill out each Notice of Right to Cancel form, and deliver the correct number of copies of the form to each of the borrowers whose loans they were being paid by Argent to close. Argent relied on these representations and warranties and, without them, would not

have paid each of the Title Defendants and the Broker Defendants a fee to close loans for Argent.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 40 of the fourth amended consolidated third-party complaint.

41. Based on their representations and warranties to Argent, each of the Title Defendants and the Broker Defendants has a duty to competently and accurately fill out each Notice of Right to Cancel form, and deliver the correct number of copies of the form to each to the borrowers whose loans they were being paid by Argent to close.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 41 of the fourth amended consolidated third-party complaint.

42. In the event that the allegations in any of lawsuits are proven to be true, the Title Defendants and the broker Defendants who were paid to close the loan(s) in question breached this duty, by failing to comply with their representations and warranties to Argent.

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 42 of the fourth amended consolidated third-party complaint.

43. As a direct result of the negligence of the Title Defendants and the Broker Defendants, Argent has suffered damages in an amount to be proven at trial, but in no event less than any judgment, settlement, attorneys' fees, costs, or other equitable relief that is awarded to each of the plaintiffs against Argent in connection with the lawsuits.

13

**ANSWER:** First American lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the fourth amended consolidated third-party complaint as they relate to any entity other than First American, and therefore denies said allegations. First American denies the remaining allegations contained in paragraph 43 of the fourth amended consolidated third-party complaint.

### FIRST AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred by the applicable statute(s) of limitations.

### SECOND AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred by the terms, conditions, exclusions, and exceptions contained in the applicable underlying loan policies of title insurance because, inter alia: i) said policies expressly exclude liability for violations of consumer credit protection laws, including the truth in lending laws; ii) third-party plaintiffs' alleged damages are not based on defects, liens or encumbrances on the title to the property secured by the third-party plaintiffs' mortgages; iii) title to the estates or interests described in Schedule A to said policies, as secured by the third-party plaintiffs' mortgages, was vested as stated therein; and iv) title to the properties secured by the third-party plaintiffs' mortgages was marketable.

### THIRD AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred by the terms, conditions, and exclusions contained in the form closing protection letters authorized by the American Land Title Association (the "ALTA Closing Protection letters") which expressly exclude liability for, inter alia: 1) violations of consumer credit protection laws, including truth in lending laws; ii) damages unrelated to status of title to the underlying real estate secured by the third-party plaintiffs' mortgages; iii) instructions which required a determination

concerning the validity, enforceability or effectiveness of documents required by the third-party plaintiffs; and iv) instructions which required title insurance inconsistent with that set forth in the underlying title insurance binders or commitments issued by First American.

### FOURTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred by the terms, conditions, and exclusions, contained in the applicable closing protection letters which provide that any claim based upon the failure to comply with closing instructions must be reported in writing to First American's regional office within twelve months from the transmittal of the closing instructions to First American's agent.

### FIFTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred by the terms, conditions, and exclusions, contained in the applicable closing protection letters which provide that notwithstanding anything else to the contrary, nothing contained in the closing protection letters shall be construed as imposing liability on First American on account of any consumer credit protection, truth in lending or similar law, or as authorizing any person representing First American to exercise any discretion or responsibility in connection with said laws.

### SIXTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred in whole or in part by third-party plaintiffs' failure to mitigate or minimize their alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Third-party plaintiffs' claims are barred because First American does not constitute a lender under the federal Truth in Lending Act.

**EIGHTH AFFIRMATIVE DEFENSE**

Third-party plaintiffs' claims are barred in whole or in part by the economic loss doctrine.

**NINTH AFFIRMATIVE DEFENSE**

Third-party plaintiffs' claims are barred in whole or in part by their own contributory or comparative negligence.

**TENTH AFFIRMATIVE DEFENSE**

Third-party plaintiffs' claims are barred in whole or in part by the parole evidence rule to the extent such claims are based on an alleged oral modification or amendment to any of the alleged written agreements.

**ELEVENTH AFFIRMATIVE DEFENSE**

Third-party plaintiffs' claims are barred in whole or in part by third-party plaintiffs' assumption of the risk.

**TWELFTH AFFIRMATIVE DEFENSE**

Third-party plaintiffs' claims are barred in whole or in part by third-party plaintiffs' failure to comply with 735 ILCS 5/13-204.

**WHEREFORE**, third-party defendants First American Title Insurance Company, Metropolitan Title Company, Midland Title Security Inc., Mortgage Guarantee & Title Company, and Ohio Bar Title Insurance Company pray that the fourth amended consolidated third-party complaint be dismissed as against them with prejudice and without leave to amend or re-plead, that the Court find and declare that First American Title Insurance Company, Metropolitan Title Company, Midland Title Security Inc., Mortgage Guarantee & Title Company, and Ohio Bar Title Insurance Company have no liability to third-party plaintiffs under any closing protection letters or agreements, that

third-party plaintiffs bear the costs, expenses, and attorneys' fees incurred herein by Third-party defendants First American Title Insurance Company, Metropolitan Title Company, Midland Title Security Inc., Mortgage Guarantee & Title Company, and Ohio Bar Title Insurance Company, and for such further legal and equitable relief which the Court deems just and proper.

DATED: June 3, 2009

    Respectfully submitted,

    FIRST AMERICAN TITLE INSURANCE COMPANY, METROPOLITAN TILE COMPANY, MIDLAND TITLE SECURITY INC., MORTGAGE GUARANTEE & TITLE COMPANY and OHIO BAR TITLE INSURANCE COMPANY

    By:__/s/ Robert Radasevich_____

Robert Radasevich
rradasevich@ngelaw.com
Jason A. Frye
jfrye@ngelaw.com
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602
(312) 269-8000
FAX: (312) 578-4947

Jeffrey T. Heintz
Jheinz@brouse.com
Christopher Swing
Cswing@brouse.com
Brouse McDowell, L.P.A.
388 S. Main St., Suite 500
Akron, OH 44311
(330) 535-5711 (Phone)
(330) 253-4947 (Fax)

## CERTIFICATE OF SERVICE

    I, Robert Radasevich, hereby certify that on June 3, 2009, a true and accurate copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                      /s/ Robert Radasevich
                                                        Robert Radasevich

NGEDOCS: 020828.0601:1631395.4