**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: | |
| *Christena Blain, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 07-cv-00124 | |

<u>**DEFENDANT ARGENT MORTGAGE COMPANY, L.L.C.'S ANSWER AND
AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT**</u>

Defendant ARGENT MORTGAGE COMPANY, L.L.C. ("Defendant"), by and through

its attorneys, answers Plaintiffs CHRISTENA BLAIN's and THOMAS B. BLAIN's

("Plaintiffs") Third Amended Complaint as follows.

<u>**THIRD AMENDED COMPLAINT**</u>

<u>**INTRODUCTION**</u>

1.      Plaintiffs Christena Blain and Thomas B. Blain bring this action against a

"subprime" mortgage lender and its affiliates and successors to secure relief, including

rescission, for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and

implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and the Equal Credit

Opportunity Act, 15 U.S.C. §1691 et seq. ("ECOA").

<u>**ANSWER**</u>:      Paragraph 1 is a summary description of the allegations within Plaintiffs' Third
               Amended Complaint to which no answer is required.  Paragraph 1 also contains
               conclusion of law to which no response is required.  Further answering,
               Defendant specifically denies the characterization and use of the term "subprime."
               Defendant denies any remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA).

**ANSWER**:     Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3.     Defendants do business in the District and are deemed to reside here.  In addition, the multi-district litigation proceeding involving Ameriquest and Argent is pending here.  Venue is therefore proper under 28 U.S.C. §1391(c).

**ANSWER**:     Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Co., LLC, conducted business in Illinois as well as numerous other states through August 2007.  Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4.     Plaintiffs Christena Blain and Thomas B. Blain are husband and wife and own and reside in a single family home located at 10417 Cooley Lake Road, Commerce Township, MI 48382.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5.     Defendant Argent Mortgage Company, L.L.C. ("Argent") is a foreign corporation which maintains offices in and does business in Michigan.  Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER**:     Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Michigan as well as numerous other states.  Further answering, Defendant admits that National Registered Agents is a registered agent of Argent Mortgage Company, LLC. Defendant denies the remaining allegations of paragraph 5.

6. Defendant Argent is engaged in the business of originating "subprime" mortgages.

**ANSWER**: Defendant admits that Argent Mortgage Company, LLC, provided residential mortgage loans through August 2007. Defendant denies any remaining allegations of paragraph 6.

7. Defendant Argent makes more than 26 loans per year.

**ANSWER**: Defendant admits that Argent Mortgage Company, LLC originated more than 26 mortgage loans per year until August 2007. Defendant denies any remaining allegations of paragraph 7.

8. Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

**ANSWER**: Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

9. Defendant Argent is an affiliate of Ameriquest Mortgage Company.

**ANSWER**: Defendant specifically denies the characterization and use of the term "affiliate." Defendant denies any remaining allegations in paragraph 9.

10. Defendant Ameriquest Mortgage Company is a foreign corporation which does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER**: Defendant admits that Ameriquest Mortgage Company is a foreign corporation which did business in Michigan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and denies those allegations on that basis.

11. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12.     Defendant Goldman Sachs Mortgage Company is a New York partnership which transacts business in Michigan.  It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'.  Its process address is The Partnership, One New York Plaza, 37th Floor, General Counsel, New York, NY 10004.

**ANSWER**:     Defendant admits that Goldman Sachs Mortgage Company holds legal title to some loans originated by Argent Mortgage Company, including Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13.     Defendant Bank of America, N.A. is a bank which transacts business in Michigan and Illinois.  Its registered agent and office are the C.T. Corporation System, Inc., 818 W. 7th St., Los Angeles, CA 90017.  It claims an interest in plaintiffs' loan, including the right to receive payments thereunder.  It is joined as a necessary party.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14.     In the event Goldman Sachs does not own plaintiffs' loan, the owners are named as Does 1-5.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

## FACTS RELATING TO PLAINTIFFS

15.     In February 2004, plaintiffs applied for a mortgage, through a broker, American Elite Financial, for a mortgage with Argent.  The application was processed by the Rolling Meadows, Illinois office of Argent.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16.     Because American Elite received a yield spread premium from Argent (Exhibit C, line 808 and Exhibit D, line 807), its actions are attributable to Argent.

**ANSWER**:     Paragraph 16 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Paragraph 16 also contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 16.

17.     Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

18.     On information and belief, at all relevant times, plaintiffs spoke with American Elite employee Alicia Doederlein.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19.     During the initial phone conversation, plaintiffs requested a thirty-year fixed mortgage rate. Throughout the application process, Ms. Doederlein assured plaintiffs that they would receive a fixed rate.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20.     In February, 2004, American Elite mailed plaintiffs preliminary documents to sign and fax back. One of these documents was a loan application stating that plaintiffs' property was valued at $170,000. Exhibit J. Plaintiff Thomas Blain and Ms. Doederlein both signed this application Feburary 17, 2004.

**ANSWER**:     Paragraph 20 references a document attached to the Third Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

21.     The same day, Ms. Doederlein prepared a loan application stating that plaintiffs' property was valued at $183,000. <u>Exhibit K</u>. This amount was substantially and artificially inflated. On information and belief, plaintiffs never received a copy of <u>Exhibit K</u> until it was produced as discovery in this lawsuit. Only Ms. Doederlein's signature appears on <u>Exhibit K</u>.

**<u>ANSWER</u>**:     Paragraph 21 references a document attached to the Third Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22.     Prior to March 9, 2004, Ms. Doederlein and/or American Elite Financial arranged for an appraisal of plaintiffs' residence and property.

**<u>ANSWER</u>**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23.     Ms. Doederlein then informed plaintiffs by telephone that this appraisal had come in too low, and that American Elite Financial would arrange a new appraisal for a second opinion. Plaintiffs were not provided with a copy of this appraisal or with the standard disclosure notice of how to request it.

**<u>ANSWER</u>**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23. Defendant denies any remaining allegations in paragraph 23.

24.     Ms. Doederlein and American Elite then arranged for a second appraisal to be performed by Accurate Appraisal Group, Inc.

**<u>ANSWER</u>**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25.     Accurate Appraisal Group, Inc. performed another appraisal at plaintiffs'

residence on or about March 9, 2004 and prepared a written appraisal report on March 9, 2004.

A copy of this appraisal is attached as Exhibit L.

**ANSWER**:     Paragraph 25 references a document attached to the Third Amended Complaint to
which no answer is required.  Defendant references the document in its entirety
for a complete and accurate statement of its contents.   Defendant is without
knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in paragraph 25. Defendant denies any remaining
allegations in paragraph 25.

26.     According to Accurate Appraisal Group, Inc.'s report, the appraised value of

plaintiffs' home was exactly $183,000.  Exhibit L.

**ANSWER**:     Paragraph 26 references a document attached to the Third Amended Complaint to
which no answer is required.  Defendant references the document in its entirety
for a complete and accurate statement of its contents.   Defendant is without
knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in paragraph 26. Defendant denies any remaining
allegations in paragraph 26.

27.     Ms. Doederlein then informed plaintiffs by telephone that the second appraisal

had come in at $183,000, and that this was high enough to close the loan.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 27. Defendant denies any remaining
allegations in paragraph 27.

28.     An employee of Argent Mortgage Company, on information and belief Pedro

Alvarado, performed a review of the appraisal and found it to be reasonable.  Exhibit M.

**ANSWER**:     Paragraph 28 references a document attached to the Third Amended Complaint to
which no answer is required.  Defendant references the document in its entirety
for a complete and accurate statement of its contents.   Defendant is without
knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in paragraph 28. Defendant denies any remaining
allegations in paragraph 28.

29.     Plaintiff Christena Blain requested a copy of her this appraisal report several

times over the telephone, both before and after closing.  Each person she spoke to claimed that

they didn't have her appraisal on file and gave her other phone numbers to call. Plaintiffs never received a copy of their appraisal until it was produced as discovery in this lawsuit.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29. Defendant denies any remaining allegations in paragraph 29.

30.     The principal amount of the loan was $173,500. On information and belief, this is more than the home is actually worth.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30. Defendant denies any remaining allegations in paragraph 30.

31.     Most reputable lenders will not make a loan that exceeds 80% of the value of the home ("LTV"), at least not without also imposing expensive private mortgage insurance ("PMI").

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

32.     On information and belief, American Elite, Ms. Doederlein, and Accurate Appraisals, Inc. conspired to produce a fraudulent, inflated appraisal of plaintiffs' property, for the purpose of increasing the amount for which the plaintiffs' qualified and increasing the broker's fees and the lender's points, interest and profits.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. Defendant denies any remaining allegations in paragraph 32.

33.     On March 9, 2004, Argent prepared a Good Faith Estimate confirming that plaintiffs would receive a fixed-rate loan. Exhibit N.

**ANSWER**:     Paragraph 32 references a document attached to the Third Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33. Defendant denies any remaining

allegations in paragraph 33.

34.     The loan was closed on March 16, 2004.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. Defendant denies any remaining allegations in paragraph 34.

35.     The following are documents relating to the loan:

    a.     A note, Exhibit A.  Only Mr. Blain signed the note.

    b.     A mortgage, Exhibit B.  Both Mr. and Mrs. Blain signed the mortgage.

    c.     Two different settlement statements, with different numbers, Exhibits C and D.

    d.     The official Federal Reserve Board notice of right to cancel, Exhibit E.  Of the five copies of Exhibit E furnished to plaintiffs, three were incomplete, as indicated.

    e.     A Truth in Lending disclosure statement, Exhibit F.

**ANSWER**:     Paragraph 35 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35. Defendant denies any remaining allegations in paragraph 35.

36.     Immediately prior to closing, Argent changed plaintiffs' terms to an adjustable rate.  Plaintiffs were not informed of the change.  They assumed that they were signing the same fixed rate that they had discussed and for which they had received a Good Faith Estimate. Exhibit N.

**ANSWER**:     Paragraph 36 references a document attached to the Third Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36. Defendant denies any remaining allegations in paragraph 36.

37.     Plaintiffs did not realize that they had entered into an adjustable rate until they received their first statement, two month after closing.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. Defendant denies any remaining allegations in paragraph 37.

38.     Since then, plaintiffs have attempted to refinance again several times.  Each of these attempts has been rejected.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38. Defendant denies any remaining allegations in paragraph 38.

39.     Immediately after the closing plaintiffs were notified to make payments to Ameriquest.  (Exhibit G).

**ANSWER**:     Paragraph 39 references a document attached to the Third Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39. Defendant denies any remaining allegations in paragraph 39.

40.     Ameriquest Mortgage Company claims or claimed an interest in plaintiffs' loan, including the right to receive payments under it.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40. Defendant denies any remaining allegations in paragraph 40.

41.     Plaintiffs were later directed to pay Countrywide.  Then, in May 2009, plaintiffs began receiving statements from Bank of America, N.A.

**ANSWER**:     Defendant admits that Countrywide was the prior servicer of Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41. Defendant denies any remaining allegations in paragraph 41.

42.     On information and belief, plaintiffs' loan is owned by Goldman Sachs Mortgage Company.

**ANSWER**:     Defendant admits that Goldman Sachs Mortgage Company holds legal title to some loans originated by Argent Mortgage Company, including Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42. Defendant denies any remaining allegations in paragraph 42.

## COUNT I – TRUTH IN LENDING ACT

43.     Plaintiffs incorporate paragraphs 1-42.

**ANSWER**:     Defendant repeats and reaffirms its answers to paragraphs 1 through 42.

44.     In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later.  More specifically, the statute, provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.  (15 U.S.C. § 1635(a).

**ANSWER**:     Paragraph 44 contains conclusions of law to which no answer is required.  Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 44, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 44.

45.     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction.  More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission.  Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.  (15 U.S.C. § 1635(b).)

**ANSWER**:     Paragraph 45 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(b) have been accurately quoted in paragraph 45, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(b) in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 45.

46.     To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately.  More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)

**ANSWER**:     Paragraph 46 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 46, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 46.

47.     Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements.  The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person

entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12

C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER**:     Paragraph 47 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 47, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents.  To the extent an answer is required, Defendant denies the allegations in paragraph 47.

48.     More specifically, the regulation provides:

In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)).  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i)     The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii)     The consumer's right to rescind the transaction.

(iii)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv)     The effects of rescission, as described in paragraph (d) of this section.

(v)     The date the rescission period expires.  (12 C.F.R. § 226.23(b)(1).)

**ANSWER**:     Paragraph 48 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 C.F.R. §1226.23(b)(1) have been accurately quoted in paragraph 48, but specifically denies the characterization of the language as alleged. Defendant refers to 15 C.F.R. §1226.23(b)(1) in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 48.

## DEFECTIVE NATURE OF DISCLOSURES

49.     In connection with the plaintiffs' loan, Argent failed to provide the required

disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635

and 12 C.F.R. §226.23, and failed to provide the required financial disclosures, in violation of 15

U.S.C. §1638 and 12 C.F.R. §226.18, for (without limitation) the following reasons:

**ANSWER**:     Paragraph 49 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 49.

### Incomplete / Insufficient Notices

50.     Three of the five official Notice of Right to Cancel forms delivered to plaintiffs did not set forth any date on the rescission period expired, a violation of 12 C.F.R. § 226.23(b)(1)(v), when four complete copies (two to each plaintiff) were required.

**ANSWER**:     Paragraph 50 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 50.

### Notices Confusing Where Less Than All Owners Are Obligated

51.     Exhibit E is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER**:     Paragraph 51 references a document attached to the Third Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies the remaining allegations in paragraph 51.

52.     The top of Exhibit E has only Mr. Blain's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER**:     Paragraph 52 references a document attached to the Third Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies the remaining allegations in paragraph 52.

53.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER**:     Paragraph 53 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 53.

54.     Notice of rescission has been given to defendants.  A copy is attached as Exhibit H.

**ANSWER**:     Paragraph 54 references a document attached to the Third Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54. Defendant denies any remaining allegations in paragraph 54.

55.     The loan has not been rescinded.

**ANSWER**:     Defendant admits that Plaintiffs' loan has not been rescind.  Defendant denies that Plaintiffs has the right to rescind their loan.  Defendant denies the any remaining allegation in paragraph 55.

56.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER**:     Paragraph 56 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 56.

57.     15 U.S.C. §1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER**:     Paragraph 57 contains conclusions of law to which no answer is required.  Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been accurately quoted in paragraph 57, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for a complete and accurate statement of its contents. To the extent an answer is

required, Defendant denies the allegations in paragraph 57.

## **COUNT II – EQUAL CREDIT OPPORTUNITY ACT**

58.     Christena Blain incorporates paragraphs 1-57.

**ANSWER**:     Defendant repeats and reaffirms its answers to paragraphs 1 through 57.

59.     This claim is against Argent.

**ANSWER**:     Paragraph 59 is a summary description of the allegations within Plaintiffs' Third Amended Complaint to which no answer is required.  Defendant denies any remaining allegations in paragraph 59.

60.     On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60. Defendant denies any remaining allegations in paragraph 60.

61.     On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61. Defendant denies any remaining allegations in paragraph 61.

62.     Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER**:     Paragraph 62 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 62.

## COUNT III – MICHIGAN MORTGAGE BROKERS, LENDERS,
## AND SERVICERS LICENSING ACT

63.     Plaintiffs incorporate paragraphs 1-42.  This claim is against Argent.

**ANSWER**:     Defendant repeats and reaffirms its answers to paragraphs 1 through 42.
Paragraph 63 is a summary description of the claim within Plaintiffs' Third
Amended Complaint to which no answer is required.  Defendant denies any
remaining allegations in paragraph 63.

64.     Argent engaged in fraud, deceit and material misrepresentation, in violation of

MCL §445.1672(b) by engaging in "bait and switch" practices, by promising plaintiffs a fixed

interest rate after obtaining sufficient financial information to provide an accurate quote, then

switching plaintiffs to an adjustable interest rate at the closing.

**ANSWER**:     Paragraph 64 contains conclusions of law to which no answer is required. To the
extent an answer is required, Defendant denies the allegations in paragraph 64.

65.     Plaintiffs were induced to transact with Argent by means of this

misrepresentation.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 65. Defendant denies any remaining
allegations in paragraph 65.

66.     Defendant Argent made the representation in the course of trade and commerce.

**ANSWER**:     Paragraph 66 contains conclusions of law to which no answer is required.  To the
extent an answer is required, Defendant denies the allegations in paragraph 66.

67.     Defendant Argent made the representations for the purpose of inducing reliance,

in the form of plaintiffs transacting with Argent.

**ANSWER**:     Paragraph 67 contains conclusions of law to which no answer is required.  To the
extent an answer is required, Defendant denies the allegations in paragraph 67.

68.     Plaintiffs were injured by Argent's misrepresentations.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 68. Defendant denies any remaining

allegations in paragraph 68.

## COUNT IV – MICHIGAN MORTGAGE BROKERS, LENDERS,
## AND SERVICERS LICENSING ACT

69.     Plaintiffs incorporate paragraphs 1-42.  This claim is against Argent.

**ANSWER**:     Defendant repeats and reaffirms its answers to paragraphs 1 through 42. Paragraph 69 is a summary description of the claim within Plaintiffs' Third Amended Complaint to which no answer is required.  Defendant denies any remaining allegations in paragraph 69.

70.     Defendant engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by producing and conspiring with American Elite, Alicia Doederlein, and Accurate Appraisals, Inc. to produce an inflated, fraudulent appraisal of plaintiffs' property, in order to make it look like plaintiffs qualified for a higher loan amount and, thereby, to increase their own fees, commissions and profits.

**ANSWER**:     Paragraph 70 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 70.

71.     Plaintiffs were induced to transact with Argent and sign for a mortgage with a high loan-to-value ratio by means of the misrepresentation that, based on the property value, they qualified for the loan.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71. Defendant denies any remaining allegations in paragraph 71.

72.     Defendant made the representation in the course of trade and commerce.

**ANSWER**:     Paragraph 72 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 72.

73.     Defendant made the representation for the purpose of inducing reliance, in the form of plaintiffs borrowing a higher principal.

**ANSWER**:     Paragraph 73 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 73.

74.     Plaintiffs were injured by defendants' misrepresentations.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74. Defendant denies any remaining allegations in paragraph 74.

## COUNT V – COMMON LAW FRAUD

75.     Plaintiffs incorporate paragraphs 1-42.  This claim is against Argent.

**ANSWER**:     Defendant repeats and reaffirms its answers to paragraphs 1 through 42. Paragraph 75 is a summary description of the claim within Plaintiffs' Third Amended Complaint to which no answer is required.  Defendant denies any remaining allegations in paragraph 75.

76.     Defendant represented that plaintiffs qualified for the loan based on the appraised value of plaintiffs' property.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76. Defendant denies any remaining allegations in paragraph 76.

77.     Defendant fraudulently inflated the value of plaintiffs' property.  Therefore, the representations that plaintiffs qualified for the loan and could afford it were also false and fraudulent.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77. Defendant denies any remaining allegations in paragraph 77.

78.     The value of plaintiffs' property was information that was material to the terms of their transaction with defendants.

**ANSWER**:     Paragraph 78 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 78.

79.     At the time defendant falsified the property value, they knew that this representation was false.  Alternatively, they became aware of the false information before closing and/or ratified it later.

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79. Defendant denies any remaining allegations in paragraph 79.

    80.    Defendant made the representations with the intent that they would be acted upon by plaintiffs.

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80. Defendant denies any remaining allegations in paragraph 80.

    81.    In reliance on defendants' representations, plaintiffs closed on the loan with Argent.

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81. Defendant denies any remaining allegations in paragraph 81.

    82.    As a result of Ameriquest's inflated appraised value, plaintiffs have been injured in that they have been and will continue to be overcharged and are unable to refinance with another company.

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82. Defendant denies any remaining allegations in paragraph 82.

### COUNT VI - DAMAGES RESULTING FROM CIVIL CONSPIRACY

    83.    Plaintiffs incorporate paragraphs 1-42.  This claim is against Argent.

**ANSWER**:    Defendant repeats and reaffirms its answers to paragraphs 1 through 42. Paragraph 83 is a summary description of the claim within Plaintiffs' Third Amended Complaint to which no answer is required.  Defendant denies any remaining allegations in paragraph 83.

    84.    Defendant combined and conspired with American Elite Financial, Alicia Doederlein, and Accurate Appraisals, Inc. to arrange for and produce a fraudulent, appraised value for plaintiffs' property.

**ANSWER**:    Paragraph 84 contains conclusions of law to which no answer is required. To the

extent an answer is required, Defendant denies the allegations in paragraph 84.

85.     Defendant took concerted and overt actions to accomplish this fraudulent purpose.

**ANSWER**:     Paragraph 85 contains conclusions of law to which no answer is required. To the
extent an answer is required, Defendant denies the allegations in paragraph 85.

86.     Among other things, defendants conspired - out of excessive concern for their
own fees, commissions and profits - to misrepresent, conceal and suppress the actual market
value of plaintiffs' property.  They wanted to ensure that the loan would be approved, closed and
funded.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 86. Defendant denies any remaining
allegations in paragraph 86.

87.     Plaintiffs were damaged as a result of defendants' conspiracy.  They are
struggling to afford the monthly payments, and the inflated appraisal has resulted in them being
overcharged and prevents them from refinancing with a more reputable company.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 87. Defendant denies any remaining
allegations in paragraph 87.

**JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims
asserted in Plaintiffs' Third Amended Complaint so triable.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its
favor and against Plaintiffs on all claims asserted in this action, and that the Court award
Defendant its costs, and provide such further and additional relief that this Court deems
appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## <u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Third Amended Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Third Amended Complaint.

15.     Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## <u>PRAYER</u>

Defendant prays this court to:

1.     Dismiss Plaintiffs' Third Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED:  June 8, 2009                              Respectfully submitted,


                                                  By: /s/  Thomas J. Wiegand

                                                  *Attorneys for Defendant Argent Mortgage Company, LLC*

                                                  Thomas J. Wiegand-twiegand@winston.com
                                                  Gregory J. Miarecki
                                                  David E. Dahlquist
                                                  Winston & Strawn, LLP
                                                  35 W. Wacker Drive
                                                  Chicago, Illinois  60601-9703
                                                  Telephone: (312) 558-5600
                                                  Facsimile:  (312) 558-5700

## CERTIFICATE OF SERVICE

I, Thomas J. Wiegand, hereby certify that on this 8th day of June 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/  Thomas J. Wiegand _____