IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION _____ THIS DOCUMENT RELATES TO ALL ACTIONS _____ | ) ) ) ) ) ) ) | Lead Case No. 05 C 7097 MDL No. 1715 Centralized before  The Hon. Marvin E. Aspen |

### THIRD-PARTY DEFENDANTS' REQUEST FOR RULE 26(f) CONFERENCE AND EXTENSION OF TIME TO RESPOND TO DISCOVERY

Third-Party Defendants, through their undersigned Liaison Counsel, hereby respectfully request that this Court (i) schedule a Rule 26(f) conference regarding the third-party claims, and (ii) grant Third-Party Defendants an extension of time to respond to currently pending discovery requests until a Rule 26(f) conference is held. In support thereof, Third-Party Defendants state as follows:

1. Third-Party Defendants have recently been served collectively with expansive written discovery requests. Certain Third-Party Defendants have also recently been served with subpoenas and notices of depositions to notaries involved in the closings at issue (that fail to comply with the Federal Rules of Civil Procedure). The existing size and never-ending expansion of this case have made it virtually impossible to resolve efficiently. Given the expansive and highly individualized nature of the discovery served on Third-Party Defendants, Third-Party Defendants believe it is appropriate at this juncture for the Court to schedule a Rule 26(f) conference so that the parties may establish an appropriate discovery schedule regarding the third-party claims, and to put this case on track for resolution.

2. To date, Third-Party Plaintiffs have served Third-Party Defendants with two sets of written discovery requests. On April 21, 2009, Third-Party Plaintiffs served

their Requests for Production (Set One) on Third-Party Defendants. On May 12, 2009, Third-Party Plaintiffs served their Request for Production (Set Two) on Third-Party Defendants. True and correct copies of the Requests for Production (Set One and Set Two) are attached hereto as Exhibit A. Third-Party Defendants have a number of concerns with the requests propounded by Third-Party Plaintiffs, including that the requests: (i) are expansive and seek documents dating back 18 years; (ii) are not limited to documents relating to the claims of the Opt-Out Plaintiffs, and (iii) are not limited to the loan transactions which are referenced in the pleadings. In addition, responses to the discovery requests will necessarily be highly individualized and contemplate actions by the Third-Party Defendants that can not be performed on a consolidated basis.

3. Moreover, while Third-Party Plaintiffs have offered to provide the relevant loan files to each of the Third-Party Defendants, Third-Party Plaintiffs have still failed to specifically identify the contracts on which their claims against Third-Party Defendants are based. As a result, under the current discovery deadlines (Third-Party Defendants' responses to the Requests for Production (Set One) and Requests for Production (Set 2) are due on June 10, 2009 and June 11, 2009 respectively), Third-Party Defendants are being forced to move forward with responding to highly individualized discovery requests before the Third-Party Defendants have been able to determine what documents constitute the operative contracts at issue in this matter.

4. Certain Third-Party Defendants have also recently been served with subpoenas for documents and depositions that were served on notaries involved in some of the closings at issue. These subpoenas are defective in a number of ways. First, contrary to the requirements of Rule 45(a)(2), the subpoenas are emanating from the District Court for

the Northern District of Illinois, as opposed to the District Court where the depositions are to take place or where the production of documents is to be made. <u>See</u>, <u>e.g.</u>, Subpoena in a Civil Case to James D. Delaney, a true and correct copy of which is attached hereto as Exhibit B. Moreover, the subpoenas also fail to comply with Rule 45(b)'s service requirements and Rule 30's requirement that a party seeking to take a deposition must give notice to "every other party." Fed. R. Civ. P. 30; 45(b). In particular, the subpoenas have not been served on the court-appointed liaison counsel to the Third-Party Defendants, thereby compromising the efficiency that such appointment was designed to accomplish.

5. As a result of the expansive written discovery requests and subpoenas for depositions that have been recently served on Third-Party Defendants by Third-Party Plaintiffs, Third-Party Defendants respectfully request that this Court: (i) schedule a Rule 26(f) conference so that an appropriate discovery plan may be established with regard to the third-party claims in this matter, and (ii) grant Third-Party Defendants an extension of time to respond to currently pending discovery requests until a Rule 26(f) conference is held.

6. WHEREFORE, Third-Party Defendants, through their Liaison Counsel, respectfully request that this Court (i) schedule a Rule 26(f) conference on the third-party claims, and (ii) grant Third-Party Defendants an extension of time to respond to currently pending discovery requests until a Rule 26(f) conference is held.

Dated: June 8, 2009

        Respectfully submitted,

        By   /s/ David J. Chizewer

        David J. Chizewer
        Steven A. Levy
        Kerry D. Nelson
        GOLDBERG KOHN BELL BLACK
         ROSENBLOOM & MORITZ, LTD.
        55 East Monroe Street
        Suite 3300
        Chicago, Illinois 60603
        (312) 201-4000

        Liaison Counsel for Third-Party Defendants and
        Counsel for Third-Party Defendant:

        NATIONAL REAL ESTATE INFORMATION
        SERVICES