**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> ACTIONS ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |

_____

| | |
|---|---|
| JACQUELINE BUCKNER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERIQUEST MORTGAGE COMPANY, ) <br> DEUTSCHE BANK NATIONAL TRUST ) <br> COMPANY, as Trustee of AMERIQUEST ) <br> MORTGAGE SECURITIES, INC., Asset Backed ) <br> Pass-Through Certificates, Series 2004-R8 under ) <br> the Pooling & Servicing Agreement dated as of ) <br> August 1, 2004, Without Recourse, AMC ) <br> MORTGAGE SERVICES, INC., PRICE RITE ) <br> APPRAISAL, INC.; GREGORY L. DARLING ) <br> A/K/A GREG DARLING; and DOES 1-5, ) <br> ) <br> Defendants. ) | 05 C 6808 <br><br> Judge Gottschall <br> Magistrate Judge Schenkier <br><br><br> Transferred to Judge Aspen for <br> pretrial proceedings under MDL <br> #1715, Lead Case #05 C 7097 <br><br><br> **JURY DEMANDED** |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT, *INSTANTER***

Plaintiff Jacqueline Buckner respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 15(a), for leave to file a Third Amended Complaint and to have it deemed filed *instanter*. A copy of her proposed Third Amended Complaint is attached hereto as <u>Appendix A</u>. In support of her motion, plaintiff states as follows:

1

1. Ms. Buckner filed this action against defendant Argent Mortgage Company, LLC and affiliates on December 1, 2005, to rescind her mortgage loan and to recover damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226.

2. Plaintiff's proposed amended complaint merely seeks to add as defendant American Home Mortgage Servicing, Inc., which recently purchased the servicing rights to plaintiff's loan.

3. The minor, proposed changes would not prejudice any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

4. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiff respectfully requests that this Court enter an Order (A) granting her leave to file the proposed Third Amended Complaint, a copy of which is attached as Appendix A, (B) deeming the Third Amended Complaint filed *instanter*, and (C) granting any further or other relief that the Court deems just.

Respectfully submitted,

s/Cathleen M. Combs
Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS
      & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)