# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) ) ) ) | MDL No. 1715 |
| _____ | ) ) | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | ) ) ) ) | Centralized before Judge Marvin E. Aspen |

_____

| | | |
|---|---|---|
| DAVID JOHN DUCHENE, | ) ) | Case No. 06 C 6750 |
| Plaintiff, | ) ) ) | (Originally Case No. 06 C 13778 |
| v. | ) ) ) | (E.D. Mich.)) |
| AMERIQUEST MORTGAGE COMPANY, DEUTSCHE BANK NATIONAL TRUST COMPANY, N.A., as Trustee of AMERIQUEST MORTGAGE SECURITIES, INC., Asset Backed Pass Through Certificates, Series 2005-R11 Under the Pooling and Servicing Agreement Dated as of December 1, 2005, Without Recourse; AMC MORTGAGE SERVICES, INC., REAL ESTATE EXPERTS AND APPRAISERS, INC., and DOES 1-5, | ) ) ) ) ) ) ) ) ) ) ) ) | (Transferred to Judge Aspen for pretrial proceedings under MDL #1715, Lead Case No. 05 C 7097) |
| Defendants. | ) ) | **DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S MOTION FOR LEAVE
## TO FILE THIRD AMENDED COMPLAINT, *INSTANTER*

Plaintiff David John Duchene respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 15(a), for leave to file a Third Amended Complaint and to have it deemed filed *instanter*. A copy of his proposed Third Amended Complaint is attached hereto as Appendix A. In support of his motion, plaintiff states as follows:

1

1.     Mr. Duchene filed this action against defendant Ameriquest Mortgage Company and affiliates on August 22, 2006 to rescind his mortgage loan and to recover damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226.

2.     Plaintiff's proposed amended complaint merely seeks to add as defendant American Home Mortgage Servicing, Inc., which recently purchased the servicing rights to plaintiff's loan.

3.     The minor, proposed changes would not prejudice any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

4.     Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires."  A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiff respectfully requests that this Court enter an Order (A) granting him leave to file the proposed Third Amended Complaint, a copy of which is attached as Appendix A, (B) deeming the Third Amended Complaint filed *instanter*, and (C) granting any further or other relief that the Court deems just.

Respectfully submitted,

s/Cathleen M. Combs
Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS
    & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)