**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. ) <br> MORTGAGE LENDING PRACTICES ) <br> LITIGATION ) <br> ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO ALL ) <br> ACTIONS ) <br> ) | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before Judge <br> Marvin E. Aspen |
| _____ | |
| JOHN EGGERT ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERIQUEST MORTGAGE COMPANY, ) <br> AMERIQUEST MORTGAGE SECURITIES, ) <br> INC., AMC MORTGAGE SERVICES, ) <br> INC., DEUTSCHE BANK NATIONAL TRUST ) <br> COMPANY, N.A.,and DOES 1-5, ) <br> ) <br> Defendants. ) | 07 cv 1631 <br><br> Originally 07 cv 93 (W.D. Mich.) <br><br> Transferred to Judge Aspen for <br> pretrial proceedings under MDL <br> #1715, lead case #05 cv 7097 <br><br><br> **DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT, *INSTANTER***

Plaintiff John Eggert respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 15(a), for leave to file an Amended Complaint and to have it deemed filed *instanter*. A copy of his proposed Amended Complaint is attached hereto as Appendix A. In support of his motion, plaintiff states as follows:

1. Mr. Eggert filed this action against defendant Ameriquest Mortgage Company and affiliates on January 3, 2007 to rescind his mortgage loan and to recover damages for

1

violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226.

2. First, plaintiff's proposed amended complaint seeks to add as defendant American Home Mortgage Servicing, Inc., which recently purchased the servicing rights to plaintiff's loan, and to dismiss defendant AMC Mortgage Services, Inc., without prejudice. AMC Mortgage Services, Inc. no longer services plaintiff's loan.

3. Next, plaintiff's proposed amended complaint seeks to add the full and legal names of the entities that hold title to his loan.

4. Finally, plaintiff seeks to add as a party Kenneth Nathan, the trustee in his pending, related bankruptcy lawsuit.

5. The minor, proposed changes would not prejudice any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

6. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th

Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, plaintiff respectfully requests that this Court enter an Order (A) granting him leave to file the proposed Amended Complaint, a copy of which is attached as Appendix A, (B) deeming the Amended Complaint filed *instanter*, (C) dismissing defendant AMC Mortgage Services, Inc., without prejudice, and (D) granting any further or other relief that the Court deems just.

Respectfully submitted,

s/Cathleen M. Combs
Cathleen M. Combs

Daniel A. Edelman
Cathleen. M. Combs
James O. Latturner
EDELMAN, COMBS
    &amp; LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)