## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | ) MDL Docket No. 1715 ) ) Lead Case No. 05-cv-07097 ) ) (Centralized before the Hon. Marvin E. Aspen) ) |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | ) ) ) |

### STIPULATION AND ORDER

WHEREAS, on May 26, 2009, American Home Mortgage Servicing, Inc. ("AHMSI") moved for an Order extending its time to respond to the multitude of complaints that have been amended, or are in the process of being amended, to add AHMSI as a defendant in this centralized proceeding, and for leave to file an omnibus motion to dismiss in response to such complaints (Docket No. 2807).

WHEREAS, on May 29, 2009, Plaintiffs responded to AHMSI's motion, stating that (1) Plaintiffs do not object to an extension of time for AHMSI to answer or otherwise plead; (2) Plaintiffs agree that it is not necessary for AHMSI to file responsive pleadings in the individual opt-out borrower cases in this centralized proceeding, provided that, for each case to which AHMSI is named or otherwise joined as a party, AHMSI provides Plaintiffs' counsel with a statement as to whether AHMSI is the servicer for the subject loan(s); and (3) Plaintiffs object to AHMSI's motion for leave to file an omnibus motion to dismiss, pursuant to this Court's prior Order in the case of *Nimox v. Ameriquest Mtg. Co., et al.*, No. 07-0316, 2008 U.S. Dist. LEXIS 99240 (N.D. Ill. 2008), and assert that AHMSI should remain subject to the jurisdiction of the

Court to give effect to the Orders and agreements among the parties relative to the AHMSI-serviced loans that are included in this centralized proceeding (Docket No. 2821).

WHEREAS, on June 1, 2009, the Court entered an Order granting AHMSI's motion to extend time to answer or otherwise plead, and directing AHMSI to reply to Plaintiffs' response to its motion for leave to file an omnibus motion to dismiss (Docket No. 2823).

WHEREAS, the undersigned counsel for AHMSI and the undersigned counsel for Plaintiffs have conferred and stipulate to the terms stated below in the interest of proceeding in an efficient and coordinated manner for the benefit of the parties and the Court.

WHEREAS, no other counsel has contacted counsel for AHMSI or otherwise responded to AHMSI's motion for leave to file an omnibus motion to dismiss.

THEREFORE, upon agreement of the undersigned counsel, and without objection by any other party or counsel, the it is hereby Stipulated and Ordered as follows:

1. AHMSI, as servicer of certain loans that are the subject of claims in this centralized proceeding, shall not be liable for any damages, attorneys fees, or any other relief sought by Plaintiffs in any of the cases to which AHMSI is or may be named as a defendant or otherwise joined as a party, other than being subject to the Court's jurisdiction for the purposes specified in Paragraphs 3 and 4 below.

2. AHMSI shall not be required to answer or otherwise plead in cases brought by borrowers in this centralized proceeding unless specifically Ordered to do so by the Court.

3. In cases where AHMSI is named as a defendant or otherwise joined as a party, AHMSI will notify Plaintiffs' counsel, in writing, within 30 days of service, (1) that AHMSI is the servicer for the subject loan(s) and identify the entity that owns the subject loan(s), (2) that AHMSI is not the servicer for the subject loan(s) and, if known, identify the current servicer and

owner of the subject loan(s), or (3) that the pleadings lack sufficient information for AHMSI to ascertain whether it is the servicer for the subject loan(s). In cases where AHMSI notifies Plaintiffs' counsel that the pleadings lack sufficient information to allow AHMSI to ascertain whether it is the servicer for the subject loan(s), Plaintiffs' counsel shall make reasonable efforts to provide such additional information as needed to allow AHMSI to ascertain whether it is the servicer. No further action by AHMSI shall be required unless specifically Ordered by the Court.

    4.    In cases where AHMSI notifies Plaintiffs' counsel that it is the servicer for the subject loan(s), the Court shall retain personal jurisdiction over AHMSI solely for the purposes of ensuring compliance with Orders and/or settlements pertaining to AHMSI-serviced loans. As such, AHMSI withdraws its motion for leave to file an omnibus motion to dismiss.

**STIPULATED as of June 9, 2009:**

By: /s/ Catherine A. Ceko
    Daniel A. Edelman
    Cathleen M. Combs
    James O. Latturner
    Catherine A. Ceko
    EDELMAN, COMBS, LATTURNER &
        GOODWIN, L.L.C.
    120 South LaSalle Street, 18th Floor
    Chicago, Illinois 60603-3403
    Telephone: (312) 739-4200
    Fax: (312) 419-0379
    *Counsel for Plaintiffs*

By: /s/ Simon Fleischmann
    Simon Fleischmann (6274929)
    LOCKE LORD BISSELL & LIDDELL LLP
    111 South Wacker Drive
    Chicago, Illinois 60606-4410
    Telephone: 312.443.0462
    E-mail: sfleischmann@lockelord.com

OF COUNSEL:
Robert T. Mowrey
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: 214.740.8505
E-mail: rmowrey@lockelord.com
*Counsel for American Home Mortgage Services, Inc.*

**SO ORDERED as of June 16, 2009:**

_____
Honorable Marvin E. Aspen
United States District Judge

-4-

## CERTIFICATE OF SERVICE

I, Simon Fleischmann, an attorney, certify that I caused the forgoing to be served upon all persons registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on Tuesday, June 9, 2009.

                                                        /s/ Simon Fleischmann
                                                         Simon Fleischmann