**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*David E. Landgren v. Ameriquest Mortgage Company, et al.*; Case No. 06 C 6766 | |

**DEFENDANT ARGENT MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiff DAVID E. LANDGREN's ("Plaintiff") Second Amended Complaint as follows.

**SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiff David E. Landgren brings this action to rescind a residential mortgage and recover damages for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and state law.

**ANSWER**: Paragraph 1 is a summary description of the allegations within Plaintiff's Second Amended Complaint to which no answer is required. Paragraph 1 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 1.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction) and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER**: Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3. Venue is proper because each defendant does business in the District.

**ANSWER**: Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Company, LLC, conducted business in Illinois as well as numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4. Plaintiff David E. Landgren owns and resides in a home at 4255 Buttrick, Ada, MI 49301.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. Defendant Argent Mortgage Company, LLC ("Argent") is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823.

**ANSWER**: Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Michigan as well as numerous other states. Further answering, Defendant admits that National Registered Agents, Inc. is a registered agent of Argent Mortgage Company, LLC. Defendant denies the remaining allegations of paragraph 5.

6. Defendant Argent Mortgage Company, LLC is engaged in the business of originating "subprime" mortgages.

**ANSWER**: Defendant admits that Argent Mortgage Company, LLC, provided residential mortgage loans through August 2007. Defendant denies any remaining allegations of paragraph 6.

7. Defendant Argent Mortgage Company, LLC makes more than 26 loans per year.

**ANSWER**: Defendant admits that Argent Mortgage Company, LLC originated more than 26 mortgage loans per year until August 2007. Defendant denies any remaining allegations of paragraph 7.

8. Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

**ANSWER**: Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

9. Defendant Argent Mortgage Company, LLC is an affiliate of Ameriquest Mortgage Company.

**ANSWER**: Defendant specifically denies the characterization and use of the term "affiliate." Defendant denies any remaining allegations in paragraph 9.

10. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823.

**ANSWER**: Defendant admits that Ameriquest Mortgage Company is a foreign corporation which did business in Michigan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and denies those allegations on that basis.

11. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is a foreign corporation which does business in Illinois and Michigan. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and denies those allegations

on that basis.

13. Defendant American Home Mortgage Servicing, Inc. services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER**: Defendant admits that American Home Mortgage Servicing, Inc. services some loans originated by Ameriquest Mortgage Company. Paragraph 13 also contains conclusion of law to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14. Defendant Deutsche Bank National Trust Company, N.A., is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief it holds legal title to plaintiffs' loan, as trustee.

**ANSWER**: Defendant admits that Deutsche Bank National Trust Company, N.A. holds legal title to some loans originated by Argent Mortgage Company, including Plaintiff's loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15. Defendant Argent Securities, Inc., an affiliate of Argent Mortgage Company, LLC, is a foreign corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Argent Mortgage Company, LLC, including plaintiff's. Its registered agent is National Registered Agents, Inc., 2030 Main St., Suite 1030, Irvine, CA 92614.

**ANSWER**: Defendant admits that Argent Securities, Inc. is the legal holder of Plaintiff's mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16. Defendant Executive Appraisals, Inc. ("Executive Appraisals") is a Michigan corporation with its principal office at 3746 Milan SW, Wyoming, MI 49509. It is engaged in the business of appraising properties. Michael R. Gray is the registered agent for defendant Executive Appraisals, Inc.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17. Defendant Great Lakes Mortgage Company, LLC, is a Michigan corporation. Its registered agent is David P. Delaat II, and its registered address is 2180 44th St. S.E., 3rd Floor, Kentwood, MI 49508.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

## FACTS RELATING TO PLAINTIFF

18. Prior to October 31, 2003, plaintiff applied for a mortgage refinance loan through defendant Great Lakes, with Argent Mortgage Company, LLC.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19. Because Great Lakes received a yield spread premium from Argent (Exhibit H, line 811), its actions are attributable to Argent.

**ANSWER:** Paragraph 19 contains references to a document to which no answer is required. Defendant references the cited document in their entirety for a complete and accurate statement of their contents. Defendant denies any remaining allegations in paragraph 19.

20. At all relevant times, plaintiff spoke to Great Lakes employee Autrey Stirgus.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

21. Prior to closing, Mr. Stirgus told plaintiff over the phone that his interest rate through Argent would be 8.5%.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22. Prior to September 23, 2003, Great Lakes ordered an appraisal of plaintiff's residence and property. Great Lakes arranged for defendant Executive Appraisals, Inc., to perform the appraisal.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23. Contrary to the report generated by Executive Appraisals, Michael R. Gray did not appraise the plaintiff's residence. Exhibit F. Instead, a young female agent from Executive Appraisals appraised Mr. Landgren's residence on or about September 24, 2003 and prepared the written appraisal report on or about September 25, 2003. Exhibit F.

**ANSWER:** Paragraph 23 contains references to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of their contents. Defendant denies any remaining allegations in paragraph 23.

24. According to the Executive Appraisal report, the appraised value of plaintiff's home at that time was $182,000. Exhibit F.

**ANSWER:** Paragraph 24 contains references to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of their contents. Defendant denies any remaining allegations in paragraph 24.

25. On information and belief, the reported appraised value was substantially and artificially inflated by Executive Appraisals, for the purpose of increasing the loan amount plaintiff would qualify for, which ultimately increased the broker's fees and the lender's points, interest and profits, as further detailed below.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

26. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27. The loan was closed on October 31, 2003.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27. Defendant denies any remaining allegations in paragraph 27.

28. Plaintiff closed the loan at a title company office. On information and belief, no representative of Argent or Great Lakes was present.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28. Defendant denies any remaining allegations in paragraph 28.

29. During the closing, plaintiff was informed that the loan terms were being altered to his detriment, as set forth on Exhibit A.

**ANSWER:** Paragraph 29 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29. Defendant denies any remaining allegations in paragraph 29.

30. Plaintiff protested when he noticed that his interest rate had risen from 8.5% to 9.25%. The closing agent placed a phone call to Autrey Stirgus to ask for an explanation.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30. Defendant denies any remaining allegations in paragraph 30.

31. Mr. Stirgus then claimed that he had "meant" to tell plaintiff that Great Lakes and/or Argent had needed to raise the interest rate.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

32. The following are documents relating to the loan:

   a. A note, Exhibit B;

   b. A mortgage, Exhibit C;

   c. A Truth in Lending statement, Exhibit D;

   d. The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit E; and

   e. An appraisal report, conducted by an agent of Executive Appraisals; Exhibit F.

**ANSWER:** Paragraph 32 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. Defendant denies any remaining allegations in paragraph 32.

33. The notices of right to cancel furnished to plaintiff (Exhibit E) were incomplete in that they did not have the signing and cancellation dates filled in, in violation of 12 C.F.R. § 226.23(b)(5).

**ANSWER:** Paragraph 33 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33. Defendant denies any remaining allegations in paragraph 33.

34. Plaintiff was later directed to make payments to Ameriquest Mortgage Company and AMC Mortgage Services, Inc. Plaintiff was subsequently directed to make payments to Citi Residential Lending, Inc, and most recently, in 2009, plaintiffs were directed to make payments to American Home Mortgage Servicing, Inc.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. Defendant denies any remaining allegations in paragraph 34.

35. In the summer of 2005, plaintiff attempted to refinance the loan, and a new appraisal was done which valued the property at approximately $30,000 less than the appraisal done in conjunction with Great Lakes and Argent Mortgage Company, LLC.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35. Defendant denies any remaining allegations in paragraph 35.

36. When contacted about the different appraisals, Executive Appraisals, Inc. said that plaintiff's home was compared with other nearby properties which had amenities that plaintiff's home did not, including waterfront property and more bedrooms and bathrooms.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36. Defendant denies any remaining allegations in paragraph 36.

37. On information and belief, Deutsche Bank National Trust Company, N.A. holds legal title to plaintiffs' loan, as Trustee. Argent Securities, Inc., is the beneficial owner of plaintiffs' loan under Asset Backed Pass-Through Certificates, Series 2004-W6 Under the Pooling & Servicing Agreement Dated as of April 1, 2004, Without Recourse.

**ANSWER:** Defendant admits that Deutsche Bank National Trust Company, N.A. holds legal title to some mortgage loans originated by Argent Mortgage Company, LLC, including Plaintiff's loan, and that Argent Securities, Inc., is the beneficial owner of Plaintiff's loan under Asset Backed Pass-Through Certificates, Series 2004-W6 Under the Pooling & Servicing Agreement Dated as of April 1, 2004, Without Recourse. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37. Defendant denies any remaining allegations in paragraph 37.

38. In the event that Argent Securities, Inc., does not own plaintiff's loan or Deutsche Bank National Trust Company, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38. Defendant denies any remaining allegations in paragraph 38.

## COUNT I – TILA

39. Plaintiff incorporates paragraphs 1-38.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 38.

40. This claim is against Argent, Ameriquest Mortgage Company, AMC, and Argent Securities, Inc.

**ANSWER:** Paragraph 40 is a summary description of the allegations within Plaintiff's Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 40.

## RIGHT TO RESCIND

41. Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a)** **Consumer's right to rescind.**
>
> **(1)** **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section. [fn]47**
>
> **(2)** **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3)** **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn] 48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the**

>>case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
>>(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
>(b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>>(1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>>(2) The consumer's right to rescind the transaction.
>>
>>(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>>
>>(4) The effects of rescission, as described in paragraph (d) of this section.
>>
>>(5) The date the rescission period expires. . . .
>
>(f) Exempt <u>transactions</u>. The right to rescind does not apply to the following:
>
>>(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>>
>>(2) A credit plan in which a state agency is a creditor.

**ANSWER:** Paragraph 41 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of Section 226.23 have been accurately quoted in paragraph 41, but specifically denies the characterization of the language as alleged. Defendant refers to Section 226.23 in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 41.

42. In connection with the loan, Argent failed to provide the required disclosures of the plaintiff's right to cancel within three days, in violation of 15 U. S.C. § 163 5 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** Paragraph 42 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 42.

43. Plaintiff did not receive two completed notices of the right to cancel.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43. Defendant denies any remaining allegations in paragraph 43.

44. Notice of rescission has been given to defendants. A copy is attached as Exhibit G.

**ANSWER:** Paragraph 44 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44. Defendant denies any remaining allegations in paragraph 44.

45. The loan has not been rescinded.

**ANSWER:** Defendant admits that Plaintiff's loan has not been rescinded. Defendant denies that Plaintiff has the right to rescind his loan. Defendant denies the any remaining allegation in paragraph 45.

46. Under 15 U. S.C. § 1641 (c), the right to rescind may be exercised against any assignee.

**ANSWER:** Paragraph 46 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 46.

47. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of**

    **this subchapter not relating to the right to rescind.**

**ANSWER:** Paragraph 47 contains conclusions of law to which no answer is required.  Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been accurately quoted in paragraph 47, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 47.

**COUNT II – MICHIGAN MORTGAGE BROKERS,**

**LENDERS AND SERVICERS LENDING ACT**

  48. Plaintiff incorporates paragraphs 1-38.  This claim is against Argent, Great Lakes, and Executive Appraisals.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 38. Paragraph 48 is a summary description of the allegations within Plaintiff's Second Amended Complaint to which no answer is required.  Defendant denies any remaining allegations in paragraph 48.

  49. Defendants engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), unfairly and deceptively (1) misrepresenting to plaintiff the market value of his residential property, and (2) concealing the fact that, based on the inflated appraisal, plaintiff would receive a loan with an extremely high loan-to-value ratio.

**ANSWER:** Paragraph 49 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 49.

  50. Defendants engaged in such conduct in the course of trade and commerce.

**ANSWER:** Paragraph 50 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 50.

  51. Defendants intended that plaintiff rely on their misrepresentations.

**ANSWER:** Paragraph 51 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in paragraph 51.

  52. Plaintiff would not have taken out the loan if he had reason to know that the appraisal was inflated or that he was borrowing at an extremely high loan-to-value ratio.

**ANSWER:** Paragraph 52 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 52.

53. Plaintiff was damaged as a result, in that (1) he was charged and paid excess points and fees and interest stemming from the inflated value and principal, and (2) he has attempted to but has been prevented from refinancing out of the high-loan-to-value loan, which was based on the inflated appraisal.

**ANSWER:** Paragraph 53 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 53.

54. Due to the inflated appraisal, plaintiff has incurred special damages that require a special remedy.

**ANSWER:** Paragraph 54 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 54.

## COUNT III - CIVIL CONSPIRACY

55. Plaintiff incorporates paragraphs 1-38. This claim is against Argent, Great Lakes, and Executive Appraisals.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 38. Paragraph 55 is a summary description of the allegations within Plaintiff's Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 55.

56. Defendants intentionally inflated the appraised value or were aware that it was substantially inflated above the market value.

**ANSWER:** Paragraph 56 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 56.

57. Defendants misrepresented, concealed and suppressed the true market value of plaintiff's property. The value of the property and home was a material fact in the transaction.

**ANSWER:** Paragraph 57 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 57.

58. Defendants intended that plaintiff rely on their misrepresentation, concealment and suppression of this fact.

**ANSWER:** Paragraph 58 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 58.

59. Plaintiff took out the loan, the principal amount of which and other material terms were based on the inflated appraised value reported by Executive Appraisals.

**ANSWER:** Paragraph 59 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 59.

60. Defendants' conduct was willful.

**ANSWER:** Paragraph 60 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 60.

**COUNT IV – MICHIGAN MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT**

61. Plaintiff incorporates paragraphs 1-38. This claim is against Argent and Great Lakes.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 38. Paragraph 61 is a summary description of the allegations within Plaintiff's Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 61.

62. Defendants engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by engaging in "bait and switch" practices, by promising plaintiff a 8.5% interest rate after obtaining sufficient financial information to provide an accurate quote, then switching plaintiff to a 9.25% interest rate at the closing.

**ANSWER:** Paragraph 62 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 62.

63. Plaintiff induced to transact with Great Lakes and Argent by means of this misrepresentation.

**ANSWER:** Paragraph 63 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 63.

64. Defendants Great Lakes and Argent made the representation in the course of trade and commerce.

**ANSWER:** Paragraph 64 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 64.

65. Defendants Great Lakes and Argent made the representations for the purpose of inducing reliance, in the form of plaintiff transacting with them.

**ANSWER:** Paragraph 65 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 65.

66. Plaintiff was injured by Great Lakes' and Argent's misrepresentations.

**ANSWER:** Paragraph 66 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 66.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiff's Second Amended Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15. Plaintiff's claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiff's Second Amended Complaint;

2. Enter judgment for Defendant and against Plaintiff in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: June 18, 2008          Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

- 19 -

## CERTIFICATE OF SERVICE

      I, David E. Dahlquist, hereby certify that on this 18th day of June 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By:   /s/ David E. Dahlquist