IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: <br><br> *Charles B. Foster v. Argent Mortgage Company, LLC, et al.*; Case No. 06 C 6762 | |

**DEFENDANT ARGENT SECURITIES, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant ARGENT SECURITIES, N.A. ("Defendant"), by and through its attorneys, answers Plaintiff CHARLES B. FOSTER ("Plaintiff") Second Amended Complaint as follows.

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1.  Plaintiff Charles B. Foster brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER**: Paragraph 1 is a summary description of the allegations within Plaintiff's Second Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Further answering, Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER**: Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

## PARTIES

3. Plaintiff Charles B. Foster owns and resides in a home at 740 Central, Inkster, MI 48141.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. Defendant denies any remaining allegations in paragraph 3.

4. Defendant Argent Mortgage Company, LLC ("Argent") is a foreign limited liability company which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER**: Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Illinois as well as numerous other states. Further answering, Defendant admits that National Registered Agents is a registered agent of Argent Mortgage Company, LLC. Defendant denies the remaining allegations of paragraph 4.

5. Defendant Argent is engaged in the business of originating "subprime" mortgages.

**ANSWER**: Defendant admits that Argent Mortgage Company, LLC, provided residential mortgage loans through August 2007. Defendant denies any remaining allegations of paragraph 5.

6. Defendant Argent made more than 26 loans per year.

**ANSWER**: Defendant admits that for certain periods, it originated more than 26 mortgage loans per year. Defendant denies any remaining allegations of paragraph 6.

7. Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

**ANSWER**: Paragraph 7 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 7.

8. Defendant Argent is an affiliate of Ameriquest Mortgage Company.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10. Defendant Argent Securities, Inc., is a foreign corporation which transacts business in Illinois. It is the beneficial owner of some loans originated by Argent Mortgage Company, LLC, including plaintiff's. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER**: Defendant admits that Argent Mortgage Securities, Inc. is the current legal holder of Plaintiff's mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

11. Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It transacts business in Illinois. It holds legal title, as trustee, to some loans originated by Argent Mortgage Company, LLC, including plaintiff's.

**ANSWER**: Defendant admits that Deutsche Bank National Trust Company is the current

> legal holder, as trustee, of Plaintiff's mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. Defendant American Home Mortgage Servicing, Inc. ("AHMSI") is a foreign corporation which does business in Illinois and Michigan. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. It services some loans originated by Ameriquest Mortgage Company, including plaintiff's, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER**: Defendant admits that American Home Mortgage Servicing, Inc. is the current servicer of Plaintiff's mortgage loan. Paragraph 12 also contains conclusion of law to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

## FACTS RELATING TO PLAINTIFF

13. Prior to December 4, 2003, plaintiff applied for a mortgage with Ameriquest Mortgage Company.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15. The loan was closed on December 4, 2003.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16. The following are documents relating to the loan:

 a. A note, <u>Exhibit A</u>;

 b. A mortgage, <u>Exhibit B</u>;

 c. A settlement statement, <u>Exhibit C</u>;

 d. A Truth in Lending statement, <u>Exhibit D</u>;

 e. The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit E</u>. All copies delivered to plaintiff were incomplete.

**ANSWER**: Paragraph 16 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant denies any remaining allegations in paragraph 16.

17. Plaintiff was later directed to make payments to AMC Mortgage Services, Inc., and then later to Citi Residential Lending, Inc. Then, in 2009, plaintiff was directed to make payments to American Home Mortgage Servicing, Inc.

**ANSWER**: Defendant admits that American Home Mortgage Servicing, Inc. is the current servicer of Plaintiff's mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

18. On information and belief, defendant Argent Securities, Inc., owns plaintiff's' loan. Defendant Deutsche Bank holds title to plaintiff's loan as trustee, under Asset Backed Pass Through Certificates Series 2004-W1.

**ANSWER**: Defendant admits that Argent Mortgage Securities, Inc., owns plaintiff's' loan. Defendant admits that Deutsche Bank holds title to plaintiff's loan as trustee, under Asset Backed Pass-Through Certificates, Series 2004-W1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19. In the event Argent Securities, Inc. does not own plaintiff's loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

## RIGHT TO RESCIND

20. Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a)** **Consumer's right to rescind.**
>
> **(1)** **In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2)** **To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3)** **The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**
>
> **(4)** **When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**
>
> **(b)** **Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

> **(1)** **The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(2)** **The consumer's right to rescind the transaction.**
>
> **(3)** **How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(4)** **The effects of rescission, as described in paragraph (d) of this section.**
>
> **(5)** **The date the rescission period expires. . . .**
>
> **(f)** **Exempt transactions.** **The right to rescind does not apply to the following:**
>
> **(1)** **A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**
>
> **(2)** **A credit plan in which a state agency is a creditor.**

**ANSWER**: Paragraph 20 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23 have been accurately quoted in paragraph 20, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23 in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 20.

## GROUNDS FOR RESCISSION

21. In connection with the loan, Argent failed to provide the required disclosures of the plaintiff's right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER**: Paragraph 21 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 21.

22. All notices of right to cancel delivered to plaintiff were incomplete.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

      23.      Notice of rescission has been given to defendants.  A copy is attached as <u>Exhibit F</u>.

**ANSWER**:  Paragraph 23 references a document attached to the Second Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23. Defendant denies any remaining allegations in paragraph 23.

      24.      The loan has not been rescinded.

**ANSWER**:  Defendant admits that Plaintiff's loan has not been rescinded.  Defendant denies that Plaintiff has the right to rescind their loan.  Defendant denies the any remaining allegation in paragraph 24.

      25.      Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER**:  Paragraph 25 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 25.

      26.      15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER**:  Paragraph 26 contains conclusions of law to which no answer is required.  Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been accurately quoted in paragraph 26, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 26.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiff's Second Amended Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15. Plaintiff's claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiff's Second Amended Complaint;
2. Enter judgment for Defendant and against Plaintiff in this action;
3. Award Defendant its costs of suit; and

    4.    Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: June 18, 2008

Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Securities, N.A.*

Thomas J. Wiegand – twiegand@winston.com
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

**CERTIFICATE OF SERVICE**

      I, David E. Dahlquist, hereby certify that on this 18th day of June 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By:   /s/ David E. Dahlquist