## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 6/23/2009 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

Accordingly, we shall permit the filing of the Fifth Amended Third Party Complaint. (FATPC). (Doc. No. 2805). We understand Third-Party Defendants' frustration, however; Third-Party Plaintiffs' practice of filing amended pleadings cannot go on indefinitely. Accordingly, we order that any motions for leave to further amend the FATPC must be filed by September 18, 2009. We will not grant any such motion absent a showing of good cause, as required by Rule 16(b). *Trustmark Ins. Co. v. Gen'l & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). It is so ordered.

■[ For further details see text below.] Notices mailed by Judicial staff.

## STATEMENT

Reserved for use by the Court)

### ORDER

Presently before us is a motion (Dkt. No. 2805) for leave to file a Fifth Amended Consolidated Third-Party Complaint ("FATPC"), filed by Defendants and Third-Party Plaintiffs Ameriquest Mortgage Company, Town & Country Credit Corporation and Argent Mortgage Company LLC ("Third-Party Plaintiffs"). Third-Party Defendants oppose the motion, arguing that the filing of the FATPC will unduly prejudice them. (Opp. ¶¶ 13-15, 17.) Third-Party Defendants also contend that Third-Party Plaintiffs have inexplicably delayed seeking an amendment to raise the proposed allegations. (*Id.* ¶ 16.)

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading after a responsive pleading has been served "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As Third-Party Plaintiffs emphasize, "[t]he court should freely give leave when justice so requires." *Id.* "Although the rule reflects a liberal attitude towards the amendment of pleadings," *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002), "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile," *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Dubicz v. ComEd Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004).

Here, Third-Party Defendants assert that the FATPC unduly prejudices them because "it implicates a number of Third-Party Defendants in numerous additional transactions, thus subjecting [them] to greatly expanded liability in this matter" and because "it threatens to bring these entire proceedings to a virtual standstill with no potential resolution in sight." (Opp. ¶¶ 13, 17.) They further contend that Third-Party Plaintiffs have no legal or factual basis for now suing, or expanding claims against, numerous underwriters. (*Id.* ¶¶ 1, 14, 17.) They also argue that Third-Party Plaintiffs have no excuse for neglecting to include these allegations in previous iterations of their complaint. (*Id.* ¶¶ 1, 16.)

**STATEMENT**

Although Third-Party Defendants generally challenge Third-Party Plaintiffs' basis for pursuing expanded claims against underwriter defendants, they have not articulated or substantiated any reason why the proposed amendment would be futile. We decline to undertake that analysis on their behalf. In addition, while we recognize that the FATPC prejudices Third-Party Defendants, particularly those facing new potential liabilities, that prejudice is not *undue* given the circumstances and evolving nature of this case. *See, e.g.*, *Conroy Datsun Ltd. v. Nissan Motor Corp.*, 506 F. Supp. 1051, 1054 (N.D. Ill. Dec. 18, 1980) ("[I]t is not enough that a defendant will suffer prejudice from the amendment; that prejudice must be undue."). Similarly, we do not find that Third-Party Plaintiffs' delay in adding these allegations warrants denial of the motion. "[D]elay by itself is normally an insufficient reason to deny a motion for leave to amend." *Dubicz*, 377 F.3d at 793; *see King v. Cooke*, 26 F.3d 720, 723-24 (7th Cir. 1994). Third-Party Defendants have not argued, for example, that this delay resulted in a loss of evidence. Nor do they claim that Third-Party Plaintiffs have failed to correct pleading deficiencies or that they seek amendment in bad faith. While this third-party action began nearly two years ago, the case remains in its earlier stages – discovery is open, responsive pleadings are not yet due, new matters continue to join the MDL, and the parties are primarily focused on settlement rather than aggressive litigation. Accordingly, we shall permit the filing of the FATPC. We understand Third-Party Defendants' frustration however; Third-Party Plaintiffs' practice of filing amended pleadings cannot go on indefinitely. Accordingly, we order that any motions for leave to further amend the FATPC must be filed by September 18, 2009. We will not grant any such motion absent a showing of good cause, as required by Rule 16(b). *Trustmark Ins. Co. v. Gen'l & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). It is so ordered.