# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 6/24/2009 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

As set forth below, Enforcing Plaintiffs' motion to enforce settlement (2721) is granted in part and denied in part.

■[ For further details see text below.]  Notices mailed by Judicial staff.

**STATEMENT**

(Reserved for use by the Court)

## ORDER

On April 23, 2009, Plaintiffs Kevin and Rita Guydon, Cecilia Rowan, Benjamin and Katherine Miller, Ernie and Angelique McKimmy, James and Karen Stafford, and Mildred Clay ("Enforcing Plaintiffs") filed the pending Motion to Enforce Settlement. (Dkt. No. 2721.) Enforcing Plaintiffs contend that they negotiated and entered into settlement and loan modification agreements with various defendants, including Ameriquest and their current loan holders and servicers. (Mot. ¶¶ 1, 4-5, 10, 20, 24, 30-31.) According to Enforcing Plaintiffs, the parties to these agreements have not complied fully with the agreed-upon terms. As of June 1, 2009, several of the Enforcing Plaintiffs had not received fully executed copies of the settlement agreements, loan modification agreements for their signature, evidence that signed loan modification terms have been effectuated, and/or payments of settlement amounts. (Reply at 2-4.) They ask that we order Defendants to provide the necessary documents and payments owed under the relevant agreements. (Reply at 1.) As set forth below, Enforcing Plaintiffs' motion is granted in part and denied in part.

In their response, Ameriquest and its related entities describe further developments in the loan modification process related to Enforcing Plaintiffs. (Resp. at 3-5.) Ameriquest explains that these delays stemmed, in part, from a change in loan servicers for the Miller, Guydon, Stafford and McKimmy loans. (*Id.* at 3.) Enforcing Plaintiffs certainly have been patient in light of the servicer transition and other logistical issues – particularly the Millers who were threatened with foreclosure despite having reached an agreement with their prior servicer. (Mot. ¶¶ 10-19.) Having reviewed the parties' submissions, it appears that Ameriquest and the other defendants have been attempting in good faith to complete the loan modification process for Enforcing Plaintiffs. Nonetheless, we agree with Enforcing Plaintiffs that these delays have continued too long and the loan modifications must move forward *post haste*. Enforcing Plaintiffs had no control over the CitiResidential loan servicing transfers and have no way (other than by filing motions) to ensure that defendants are internally processing the relevant agreements. Enforcing Plaintiffs should not be asked to wait indefinitely to benefit from

**STATEMENT**

the previously agreed-upon loan modifications.

Accordingly, we grant much of the relief sought in the present motion. With respect to the Guydons, the appropriate defendants must deliver, by July 10, 2009, a fully-executed copy of their loan modification agreement and evidence that the new terms took effect as of June 1, 2009. With respect to Rowan, the appropriate defendants must deliver, by July 10, 2009, fully-executed copies of her settlement and loan modification agreements and evidence that her new terms will take effect on or by July 1, 2009. As to the Millers, the appropriate defendants must deliver, by July 17, 2009, a fully-executed copy of the settlement agreement and loan modification documents related thereto. The new terms for the Millers shall take effect by September 1, 2009. As to the McKimmys, the appropriate defendants must deliver, by August 7, 2009, fully-executed copies of the settlement and loan modification agreements. The new terms for the McKimmys shall take effect by September 1, 2009. Turning to the Staffords, the appropriate defendants shall deliver by July 10, 2009, fully-executed copies of the settlement and loan modification agreements and evidence that the new terms are in effect. Finally, as to Clay, the appropriate defendants shall deliver by July 10, 2009, a fully-executed copy of her settlement agreement. Checks to Plaintiffs Rowan, Miller, Stafford and Clay should be distributed as soon as practicable once all signatures are in order.

We will not require defendants to pay Enforcing Plaintiffs' attorneys' fees associated with this motion, pending their compliance with this order. We will not hesitate to award such fees in the future against dilatory parties, if necessary. It is so ordered.

*Marvin E. Aspen*