Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 7097 | **DATE** | 6/26/2009 |
| **CASE TITLE** | In Re: Ameriquest Mortgage, et al | | |

**DOCKET ENTRY TEXT**

Presently before us is Third-Party Defendant First American Title Insurance Company's ("First American") Motion to Reassign to MDL, asking that we accept reassignment of a case currently before Judge Coar, *Terry v. Ameriquest Mortgage Company et al.* (08 C 2475). (Dkt. No. 2676.). For the reasons set forth below, we deny First American's motion, (2676) without prejudice.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

(Reserved for use by the Court)

### ORDER

Presently before us is Third-Party Defendant First American Title Insurance Company's ("First American") Motion to Reassign to MDL, asking that we accept reassignment of a case currently before Judge Coar, *Terry v. Ameriquest Mortgage Company et al.* (08 C 2475). (Dkt. No. 2676.) First American contends that, pursuant to Local Rule 40.4, the *Terry* matter should be reassigned as related to the Ameriquest MDL (MDL No. 1715, 05 C 7097). The *Terry* plaintiffs, as well as several defendants (Wayne Lee, Dawn Arnall, and Ameriquest), oppose the motion. (Dkt. Nos. 2705, 2707-09.)

In order for us to grant a motion for reassignment under Local Rule 40.4, the movant must first demonstrate that one of the following conditions is satisfied: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." *Id.* at 40.4(a). First American contends that the *Terry* case involves some of the same legal issues as the Ameriquest MDL, given that both actions assert claims under the Truth in Lending Act. (Mot. ¶ 9; Reply at 2.) Several of the defendants disagree, along with *Terry* plaintiffs' counsel, who are intimately familiar with and actively involved in the Ameriquest MDL. (Terry Opp. at 1; Lee Opp. at 2-3; Arnall Opp. at 2-3.) They argue that the presence of a fraudulent transfer claim in *Terry* renders it dissimilar to the Ameriquest MDL. (Terry Opp. at 1; Lee Opp. at 2-3; Arnall Opp. at 2-3.) Local Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related," *Fairbanks Capital Corp. v. Jenkins*, 02 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002), rather it is enough that the two cases "involve *some* of the same issues of fact or law," *Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc.*, 02 C 5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003). *See also Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008); *Clark v. Ins. Car Rentals Inc.*, 99 F. Supp. 2d 846, 848 (N.D. Ill. 1999). Although the fraudulent transfer claim appears to be a departure from the allegations included in the Ameriquest MDL, we cannot find that this uncommon issue – though significant – predominates over the common TILA issues.

**STATEMENT**

We turn then to Local Rule 40.4(b), which provides that related cases can be reassigned only if: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; *and* (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b) (emphasis added). The parties are also required to "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." L.R. 40.4©. "The judges of this Court have interpreted subsection © to impose an obligation on the moving party to specifically identify why each of the four conditions for reassignment under LR 40.4(b) is met." *Lawrence E. Jaffe Pension Plan*, 2003 WL 21011757, at *3. Thus, a court may deny a motion to reassign if a party fails to sufficiently apply the facts of the case to each of Local Rule 40.4(b)'s requirements. *Id.*

Here, the first factor is plainly satisfied. As to the second and fourth factors, however, First American has not convincingly explained why a transfer into the MDL would conserve judicial resources and why the cases could be resolved in a single disposition. To the contrary, First American offers only conclusory statements in support of its motion, which is insufficient, particularly in light of the oppositions thereto. (Mot. ¶ 10; Reply at 3-5.) In addition, we have routinely declined to accept cases into the Ameriquest MDL where fully-briefed substantive motions are pending, as in the *Terry* case. Accordingly, we deny First American's motion, without prejudice. It is so ordered.