IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*Katrina D. Purdy-Roth, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 06 C 1738 | |

### DEFENDANT ARGENT SECURITIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant ARGENT SECURITIES, INC. ("Defendant"), by and through its attorneys, answers Plaintiffs KATRINA D. PURDY-ROTH's and JERRY ROTH's ("Plaintiffs") Second Amended Complaint as follows.

### SECOND AMENDED COMPLAINT

### INTRODUCTION

1.  Plaintiffs Katrina D. Purdy-Roth and Jerry Roth bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Further answering, Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction) and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

## PARTIES

3. Plaintiffs Katrina D. Purdy-Roth and Jerry Roth own and reside in a home at 1428 Rose Court, Plainfield, IN 46168.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. Defendant denies any remaining allegations in paragraph 3.

4. Defendant American Residential Mortgage is an Indiana corporation. It is engaged in the business of brokering residential mortgage loans. Its registered agent is Mark A. Weddle, located at 1923 S. Liberty Drive, Bloomington, IN, 47403.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. Defendant Argent Mortgage Company, LLC is a Delaware corporation which does business in Indiana. Its registered agent and office are National Registered Agents, 320 N. Meridian Street, Indianapolis, IN 46204, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Indiana as well as numerous other states. Further answering, Defendant admits that National Registered Agents is a registered agent of Argent Mortgage Company, LLC. Defendant denies the remaining allegations of paragraph 5.

6. Defendant Argent Mortgage Company, LLC is engaged in the business of originating "subprime" mortgages.

**ANSWER:** Defendant admits that it provided residential mortgage loans through August 2007. Defendant denies any remaining allegations of paragraph 6.

7. Defendant Argent Mortgage Company, LLC makes more than 26 loans per year.

**ANSWER:** Defendant admits that for certain periods, Argent Mortgage Company, LLC originated more than 26 mortgage loans per year. Defendant denies any remaining allegations of paragraph 7.

8. Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

9. Defendant Argent Securities, Inc., is a foreign corporation which transacts business in Indiana. It holds legal title to some loans originated by Argent Mortgage Company, LLC, including plaintiffs'. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** Defendant admits that Argent Securities, Inc. is a foreign corporation that conducted business in Indiana as well as numerous other states. Defendant admits that Argent Securities, Inc. holds legal title to some mortgage loans originated by Argent Mortgage Company, LLC, including Plaintiffs' loan. Defendant denies any remaining allegations of paragraph 9.

10. Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It transacts business in Indiana. It holds legal title, as trustee, to some loans originated by Argent Mortgage Company, LLC, including plaintiffs'.

**ANSWER:** Defendant admits that Deutsche Bank National Trust Company is the current legal holder, as trustee, of Plaintiffs' mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and denies those allegations on that basis.

11. Defendant American Home Mortgage Servicing, Inc. is a foreign corporation which does business in Illinois and Indiana. Its registered agent and office are C.T. Corporation

System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604. It services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. Does 1-5 are any entities, currently unknown, that have or claim an interest in plaintiffs' loan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

## FACTS RELATING TO PLAINTIFFS

13. Prior to October 2, 2003, plaintiffs were solicited for a refinance mortgage loan by American Residential Mortgage, a mortgage broker.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14. Wayne Thacker of American Residential Mortgage arranged a mortgage loan for plaintiffs with Argent Mortgage Company, LLC.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16. Prior to September 11, 2003, Thacker arranged for Elliot Gibson and Darrin Hubbard of Infinite Appraisal Services, LLC, to perform an appraisal of plaintiffs' residence and property in connection with the loan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17. On information and belief, Thacker and American Residential regularly referred appraisal business to Gibson and/or Hubbard.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

18. Gibson and Hubbard performed an appraisal and issued an appraisal report dated September 11, 2003. In the report, plaintiffs' home was valued at $115,000.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19. On or about September 23, 2003, Greg Michaels of Argent performed an internal review of the appraisal. He concluded that the appraised value was "reasonable."

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20. The loan was closed on Oct. 2, 2003. The principal amount of the loan was $106,250 or 92% loan-to-value ("LTV"), based on the appraised value.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

21. This loan consolidated plaintiffs' debt, raising their existing liens from $93,500 and their monthly payments from $646.00 to $706.89.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22. Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A. Plaintiffs were given an adjustable interest rate that can go as high as 13.0%.

**ANSWER:** Paragraph 22 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23. Plaintiffs signed or received (not necessarily prior to consummation) the following documents relating to the loan:

    a. A note, Exhibit B.

    b. A mortgage, Exhibit C;

    c. Two settlement statements, Exhibits D and E.

    d. A Truth in Lending disclosure statement, Exhibit F.

    e. Several notices of right to cancel, Exhibit G.

**ANSWER:** Paragraph 23 contains references to documents attached to the Second Amended Complaint to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23. Defendant denies any remaining allegations in paragraph 23.

24. Each copy of Exhibit G received by plaintiffs was not filled out.

**ANSWER:** Paragraph 24 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25. On information and belief, the appraised value was inflated by 15-20% above the market value of comparable homes in the surrounding neighborhood at that time.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

26. This was done for the purpose of increasing the loan amount plaintiffs qualified for, which in turn increased the broker's (Thacker's and/or American Residential Mortgage's) commission and the lender's (Argent's) points and fees, interest and profits.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27. Because American Residential received a Yield Spread Premium ("YSP") from Argent (Exhibit D, line 816) in exchange for increasing the amount of plaintiffs' loan, American Residential's actions are attributable to Argent.

**ANSWER:** Paragraph 27 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Paragraph 27 also contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 27.

28. Following closing, plaintiffs were directed to make payments to Ameriquest Mortgage Company (Exhibit H), and later to AMC Mortgage Services, Inc., and subsequently to Citi Residential Lending, Inc. Most recently, in 2009, plaintiffs were directed to make payments to American Home Mortgage Servicing, Inc.

**ANSWER:** Paragraph 26 references a document attached to the Amended Complaint to which no answer is required. Defendant admits that AMC Mortgage Services, Inc. and Citi Residential Lending, Inc. each were servicers of Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28. Defendant denies any remaining allegations in paragraph 28.

29. On information and belief, defendant Argent Securities, Inc., is the current owner of plaintiffs' loan, under Asset Backed Pass-Through Certificates, Series 2003-W8.

**ANSWER:** Defendant admits that Argent Securities, Inc. owns plaintiff's' loan under Asset Backed Pass-Through Certificates, Series 2003-W8. Defendant denies any remaining allegations in paragraph 29.

30. On information and belief, defendant Deutsche Bank holds title to plaintiffs' loan as trustee.

**ANSWER:** Defendant admits that Deutsche Bank holds title to Plaintiffs' loan as trustee, under Asset Back Pass Through Certificates Series 2003-W8. Defendant denies any remaining allegations in paragraph 30.

31. Any other owners of plaintiffs' loan are named as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

32. The inflated appraised value, in combination with the adjustable interest rate, increased the amount of the monthly payment plaintiffs are required to make.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. Defendant denies any remaining allegations in paragraph 32.

33. The inflated appraisal disguised the fact that Argent lent plaintiffs well in excess of 100% of the actual value of plaintiffs' home.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33. Defendant denies any remaining allegations in paragraph 33.

34. Since closing, plaintiffs have repeatedly attempted to refinance their Argent loan in order to obtain a more affordable, monthly mortgage payment. However, each time they have been denied credit because, due to the inflated appraisal, the loan-to-value ratio for the proposed refinance would exceed the acceptable underwriting ratios.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. Defendant denies any remaining allegations in paragraph 34.

35. As a result, plaintiffs are trapped in a loan that is increasingly unaffordable.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. Defendant denies any remaining allegations in paragraph 34.

### RIGHT TO RESCIND

36. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. Section 226.23 provides:

> **(a)** **Consumer's right to rescind.**
>
> **(1)** In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
> **(2)** To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> **(3)** The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. § 1635(f)]
>
> **(4)** When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

> **(b)** **Notice of right to rescind**. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (2) The consumer's right to rescind the transaction.
>
> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (4) The effects of rescission, as described in paragraph (d) of this section.
>
> (5) The date the rescission period expires. . . .
>
> **(f)** **Exempt transactions**. The right to rescind does not apply to the following:
>
> (1) A residential mortgage transaction [defined in 15 U.S.C. § 1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
> (2) A credit plan in which a state agency is a creditor.

**ANSWER:** Paragraph 36 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23 have been accurately quoted in paragraph 36, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23 in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 36.

## COUNT I - TILA

37. Plaintiffs incorporate paragraphs ¶¶ 1-36. This claim is against all defendants except for American Residential mortgage.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 36.

38. In connection with the loan, Argent Mortgage Company, LLC failed to provide the required disclosures of the plaintiffs's right to cancel within three days.

BN 3949124v1

- 10 -

**ANSWER:** Paragraph 38 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 38.

39. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit I</u>.

**ANSWER:** Paragraph 39 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39. Defendant denies any remaining allegations in paragraph 39.

40. The loan has not been rescinded.

**ANSWER:** Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies that Plaintiff has the right to rescind their loan. Defendant denies the any remaining allegation in paragraph 40.

41. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** Paragraph 41 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 41.

42. Due to the inflated appraisal, plaintiffs have incurred special damages that require a special remedy.

**ANSWER:** Paragraph 42 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 42.

43. 15 U.S.C. § 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** Paragraph 43 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. § 1635(g) have been accurately quoted in paragraph 40, but specifically denies the characterization of

the language as alleged. Defendant refers to 15 U.S.C. § 1635(g) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 43.

## COUNT II - COMMON LAW FRAUD

44. Plaintiffs incorporate ¶¶ 1-36 above. This claim is against defendants Argent and American Residential Mortgage.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 36.

45. In September, 2003, defendants represented to plaintiffs the then existing value of plaintiffs' home.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45. Defendant denies any remaining allegations in paragraph 45.

46. The representation was material to the terms of plaintiffs' loan transaction with defendants.

**ANSWER:** Paragraph 46 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 46.

47. Defendants' representation was false and materially so.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47. Defendant denies any remaining allegations in paragraph 47.

48. Defendants made the representation with knowledge or reckless ignorance of its falsity.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48. Defendant denies any remaining allegations in paragraph 48.

49. Defendants' representation caused plaintiffs to rely on the representation to their detriment.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 49. Defendant denies any remaining allegations in paragraph 49.

50. Plaintiffs' reliance was justifiable.

**ANSWER:** Paragraph 50 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 50.

## COUNT III - DAMAGES RESULTING FROM CIVIL CONSPIRACY

51. Plaintiffs incorporate 1[1[ 1-36 and 43-49 above. This claim is against Argent and American Residential Mortgage.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 36 and 43 through 49.

52. Defendants combined to arrange for and produce a fraudulent, appraised value for plaintiffs' home.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52. Defendant denies any remaining allegations in paragraph 52.

53. Defendants took concerted and overt actions to accomplish this fraudulent purpose.

**ANSWER:** Paragraph 53 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 53.

54. Among other things, they conspired - out of excessive concern for their own profit - to misrepresent, conceal and suppress the actual market value of plaintiffs' property.

**ANSWER:** Paragraph 54 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 54.

55. Plaintiffs were damaged as a result of defendants' conspiracy.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55. Defendant denies any remaining allegations in paragraph 55.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15. Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

**JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Second Amended Complaint so triable.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Second Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: July 23, 2009                                  Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Securities, Inc.*

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
twiegand@winston.com
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

**CERTIFICATE OF SERVICE**

    I, David E. Dahlquist, hereby certify that on this 23rd day of July 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          By:    /s/ David E. Dahlquist