## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |
| | Magistrate Judge Morton Denlow |

## [PROPOSED] ORDER

Counsel for Defendants and Opt-Out Plaintiffs having so stipulated, and the Court having considered the Stipulation, **IT IS ORDERED that:**

1. The existing deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint are stricken.

2. After September 18, 2009 and as soon as reasonably practicable following: (i) the Court's ruling on the forthcoming motion to dismiss the FATPC, or (ii) if the Ameriquest Defendants file a further amended third party complaint on or before the September 18, 2009 filing deadline, the Court's ruling on any dispositive motions filed in response to that complaint, the Ameriquest Defendants, the Third-Party Defendants, and the Servicers shall schedule and participate in a mediation session with Judge O'Connell. Thereafter, as soon as reasonably practicable, the

Ameriquest Defendants, Third-Party Defendants, Servicers, and the Opt-Out Plaintiffs shall schedule and participate in a mediation session with Judge O'Connell.

3. At the request of each Third-Party Defendant who has already been served with a copy of the FATPC or previously filed complaint (which request must be made within the later of fourteen (14) days from the date of this Order or thirty (30) days from the date of service on the Third-Party Defendant), Third-Party Plaintiffs shall produce to each Third-Party Defendant the particular loan files related to claims against it including documents such as title policies and title commitments (or in the event that Third-Party Plaintiffs do not refer to a "loan file" the documents relating to the closing of the particular loan or loans at issue and any agreement with the Third-Party Defendants that governed the closing of the particular loan or loans at issue). Each Third-Party Defendant shall produce to Third-Party Plaintiffs the particular loan file(s) at issue (or in the event that Third-Party Defendants do not refer to a "loan file" the documents relating to the closing of the particular loan or loans at issue and any agreement with the Third-Party Plaintiffs that governed the closing of the particular loan or loans at issue). The productions shall be made by Third-Party Plaintiffs and Third-Party Defendants simultaneously: (i) with fifty (50) files or less, no later than sixty (60) days, (ii) with more than fifty (50) files, no later than ninety (90) days, all from the date on which Third-Party Plaintiffs provide to the Third-Party Defendants information sufficient for the Third-Party Defendants to locate the files at issue. If the information

provided by Third-Party Plaintiffs is insufficient for the Third-Party Defendant to locate the relevant files or if the number of files needed to be produced by a particular Third-Party Defendant is so voluminous that above-referenced time frames are not sufficient time to supply production, the Third-Party Defendant shall notify the Third-Party Plaintiffs promptly and they shall attempt to negotiate an alternate schedule that is fair to both parties. All other discovery related to the Opt-Out Claims by any party in this case is stayed until the Rule 26(f) Conference scheduled by this Order.

4. The parties will conduct a Rule 26(f) conference on an agreed upon date within thirty (30) days of the date of this Order.

5. The parties will submit a Proposed Stipulated Scheduling Order regarding the deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint within 14 days of the parties' Rule 26(f) conference.

6. The status hearing on July 9, 2009 at 10:00 AM is stricken.

7. Any objection to this Stipulation must be filed within 10 days of the date on which this Stipulation is filed. This Stipulation, and any Order subsequently issued by the Court, shall apply to all Opt-Out Plaintiffs and Third-Party Defendants who do not file a timely written objection. In the event that a timely objection is filed, the parties, or any of them, may file a written response to the objection within 10 days.

8.  This Order supersedes the Order previously entered by this Court on July 8, 2009 (Docket. No. 2933).

**IT IS SO ORDERED.**

_____
The Honorable Marvin E. Aspen
The Honorable Morton Denlow

Date: July 23, 2009