Appendix A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Leading Case No. 1:05-cv-07097 |
| THIS DOCUMENT RELATES TO: | |
| | Centralized before the Honorable Marvin E. Aspen |
| CHERYL E. EVANS v. AMERIQUEST MORTGAGE COMPANY f/n/a LONG BEACH MORTGAGE COMPANY; and AMC MORTGAGE SERVICES, INC., f/n/a AMERIQUEST NEWCO, INC., f/n/a PPC MORTGAGE COMPANY, f/n/a BEDFORD HOME LOANS, INC., and AMERICAN HOME MORTGAGE SERVICING, INC., Case No. 09-cv-1150 (N.D. Ill.) (transferred for pretrial proceedings; transferor court case 08-4046-SAC (KS) | **JURY TRIAL DEMANDED** |

## **FIRST AMENDED PETITION**

COMES NOW plaintiff Cheryl E. Evans by and through her attorney Adebayo Ogunmeno of Ogunmeno Law Firm, LLC., Kansas City, Kansas and for her amended petition for recovery of money damages against defendants Ameriquest Mortgage Company f/n/a Long Beach Mortgage Company, and AMC Mortgage Services, Inc., f/n/a Ameriquest Newco, Inc., PPC Mortgage Company, Bedford Home Loans, Inc., and American Home Servicing, Inc., states and alleges as follows:

I.  PRELIMINARY STATEMENT

1. This is plaintiff's first amended petition. Plaintiff charge defendants under the Truth in Lending Act, 15 U.S.C. §§1601 – 1666 ( "TILA") and implementing Regulation Z, 12 C.F.R. pt.

1

226 ("Regulation Z"), to enforce plaintiff's right to rescind a mortgage and to recover damages, court costs, litigation expenses, and attorney's fees based on violations of TILA. Plaintiff also charge defendants Ameriquest Mortgage Company f/n/a Long Beach Mortgage Company, and AMC Mortgage Services, Inc., f/n/a Ameriquest Newco, Inc., f/n/a PPC Mortgage Company, f/n/a Bedford Home Loans, Inc., and American Home Servicing, Inc., with violation of applicable state law including Kansas Unfair Trade and Consumer Protection Act, fraud, negligent misrepresentation and breach of contract.

## II. JURISDICTION

2. This court has jurisdiction pursuant to Title 28 of the United States Codes, Sections 1331 and 1337 because plaintiff's claims under the Truth in Lending Act arise under federal law. This court has supplemental jurisdiction over plaintiff's claims under state law pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) because the defendants do business in this district. In addition, the Judicial Panel on Multi-District Litigation has issued an order centralizing predatory lending litigation against Ameriquest in this district before Judge Marvin E. Aspen.

## III. PARTIES

4. The plaintiff Cheryl E. Evans is a citizen and resident of the City of Topeka, Shawnee County, Kansas. In addition, plaintiff is a home owner who financed and or refined her mortgage in transactions with Ameriquest Mortgage Company.

5. The defendant Ameriquest Mortgage Company f/n/a Long Beach Mortgage Company according to information and belief is a Delaware corporation authorized to and doing

business in the State of Kansas. The defendant Ameriquest Mortgage Company originated plaintiff's mortgage. In connection with those refinancing transactions, Ameriquest Mortgage Company took security interests in plaintiff's primary dwelling.

6. The defendant AMC Mortgage Services, Inc., f/n/a Ameriquest Newco, Inc., PPC Mortgage Company, and Bedford Home Loans, Inc., according to information and belief is a Delaware corporation authorized to and doing business in the State of Kansas. The defendant AMC Mortgage Services at one point or the other serviced plaintiff's mortgages that were originated by Ameriquest Mortgage Company.

7. The defendant American Home Mortgage Servicing, Inc., according to information and belief at one point or the other and or at the time of filling this amended petition serviced plaintiff's mortgages that were originated by Ameriquest Mortgage Company.

8. According to information and believe, the defendants Ameriquest Mortgage Company f/n/a Long Beach Mortgage Company, AMC Mortgage Services, Inc., f/n/a Ameriquest Newco, Inc., PPC Mortgage Company, and Bedford Home Loans, Inc., and American Home Mortgage Servicing, Inc., are one and the same entity, and or heirs, assignees and or these defendants acted individually and or in concert and or together to cause the damage and injury plaintiff suffered in this matter.

9. Whenever reference is made in this complaint to any act, deed or transaction of any defendant corporation, or any other defendant business entity, such allegations shall be deemed to mean that the officers, directors, agents or employees of said defendant authorized, acted and did such acts while actively engaged in the management, direction or control of defendants' affair and were acting within the course and scope of their employment and or agency.

10. Whenever reference is made in this complaint to any act of any defendant, such allegation shall be deemed to mean the act of each defendant, acting individually, jointly and severally with one another.

## **COUNT 1 – VIOLATION OF TRUTH IN LENDING ACT**

11. The above paragraphs are incorporated by reference.

12. At all time relevant to this action, the defendant Ameriquest in the ordinary course of its business regularly extends consumer credit for which finance charge was imposed.

13. On or about October 19, 2005, plaintiff entered into a consumer credit transaction with Ameriquest involving a promissory note and a security agreement ("the transaction").

14. The Transaction is subject to the provisions of the Truth in Lending Act ("TILA").

15. Ameriquest's disclosures to plaintiff in connection with plaintiff's mortgage refinancing transactions did not comply with the requirements of the Truth in Lending Act.

16. More specifically, the disclosures were deficient in the following ways: the Notice of Right to Cancel form Ameriquest delivered to plaintiff at the closing provided incorrect, confusing, misleading date and did not accurately advise plaintiff that she has three business days to cancel the transaction.

17. In connection with the Transaction, Ameriquest imposed upon plaintiff as a condition of extending credit several charges for services not provided, for example, Ameriquest charged plaintiff $325.00 for appraisal report that it never ordered or provided to plaintiff.

18. The above imposition of bogus fees and charges was unfair and deceptive and extracted from plaintiff an unauthorized, illegal charge without plaintiff's knowledge. This conduct

also constituted a breach by Ameriquest of the duty of good faith and fair dealing that it owed to plaintiff

19. Further, in connection with the Transaction, Ameriquest imposed upon plaintiff as a condition of extending credit several charges in an amount that were significantly in excess of services provided, for example, Ameriquest charged plaintiff a mortgage application fees of $360.00; a processing fees of $626.00, an administration fees of $239.00 to mention a few.

20. The above imposition of inflated fees was unfair and deceptive and extracted from plaintiff an unauthorized, illegal charge without plaintiff's knowledge. This conduct also constituted a breach by Ameriquest of the duty of good faith and fair dealing that it owed to plaintiff.

21. The actions taken and or not taken by defendants constituted violations of plaintiff rights under TILA.

22. As a result of the above violation of TILA and Regulation Z, plaintiff obtained a continuing right to rescind the Transaction along with a right to obtain attorney's fees, costs and litigation expenses in connection with this action to enforce the rescission right.

23. On or about June 15, 2009, plaintiff rescinded the Transaction by having her attorney send timely rescission demands under TILA to Ameriquest and to American Home Mortgage Servicing, Inc.

24. Upon the mailing of the above rescission demands on June 15, 2009, plaintiff and defendants were immediately and automatically returned to the status quo ante with respect to the Transaction. Accordingly, all contractual obligations arising from or

connected with the Transaction were rendered as of June 15, 2009 void and unenforceable.

25. Plaintiff reasonably believes that American Home Mortgage Servicing, Inc., received the above June 15, 2009 rescission demand no later than June 18, 2009, and did not meet the terms of the demand within twenty (20) days of such receipt.

## **COUNT II - FRAUD**

26. The above paragraphs are incorporated by reference.
27. On or about earlier October, 2005, plaintiff applied for residential mortgage refinance loan from defendants on plaintiff homestead residence located at: 4429 SW Misty Harbor Avenue, Topeka, Shawnee County, Kansas 66610.
28. The plaintiff's intended purpose of refinancing her home was to obtain a fixed loan, a lower fixed interest rate and to pay off other outstanding high interest debts.
29. On or about October 17, 2005, the defendants notify and advice plaintiff in writing that the refinance mortgage loan defendants approved for plaintiff was a fixed rate loan with a fixed interest rate of 8.7000% for 360 months.
30. The loan was scheduled to close October 19, 2005.
31. The defendants during the loan application process asked the plaintiff to give them an estimated value of plaintiff's home.
32. The plaintiff informed the defendants that plaintiff home's estimated value was approximately $180,000.00.

6

33. The defendants indicated they cannot accept plaintiff's estimated value and advised plaintiff that a real estate appraisal report will be needed in order to determine the value of plaintiff's home prior to closing on the refinancing mortgage loan.

34. The defendants later informed and advised plaintiff that it ordered a real estate appraisal report on plaintiff's house and that the plaintiff's house was worth over $291,100.00.

35. The defendants knew that the statement they ordered appraisal of the plaintiff's house was false at the time they made the statement in that the defendants did not order any licensed real estate appraisal to appraise the value of plaintiff's house at the time the defendants told plaintiff her home was worth over $291,000.

36. Further, the defendants told the plaintiff they paid appraisal fees of $325.00 for the appraisal of plaintiff's house and charged plaintiff $325.00 fees for appraisal report at the closing of the refinancing loan on October 19, 2005.

37. The defendants knew that the statement that they ordered and pay $325.00 appraisal fees was false at the time the statement was made in that the defendants did not order and did not pay $325.00 appraisal fees to any Kansas licensed real estate appraiser.

38. In addition, the defendants on the loan closing day advised the plaintiff that the mortgage loan plaintiff will be closing is a two year adjustable rate loan at 10.421% interest rate instead of a fixed rate loan with a fixed interest rate of 8.7000% for 360 months it initially promised plaintiff in writing October 17, 2005.

39. The plaintiff after becoming aware of this change advised the defendants that she will not close on the refinance loan with a two year adjustable rate loan at 10.421% interest rate.

40. However, the defendants told the plaintiff that the adjustable rate is just a formality.

41. The defendants knew that the statement that the adjustable rate is just a formality was false at the time the defendants made the statement.

42. The defendants induced the plaintiff into closing on the loan by promising they will give plaintiff a fixed rate within six months of the closing on October 19, 2005 and by encouraging plaintiff to sign the closing documents.

43. Further, the defendants knew that they have no intention of keeping their promises to provide plaintiff with a fixed rate loan within six month of closing the October 19, 2005 loan because the defendants had intentionally and deliberately inflated the value of plaintiff's home for the purpose of closing the October 19, 2005 loan and the value in plaintiff's house will not support a refinance loan within six months.

44. That when plaintiff apply to refinance the mortgage on plaintiff's property at 4429 SW Misty Harbor Avenue, Topeka, Shawnee County, Kansas 66610 within the six months of October 19, 2005 loan closing as defendants agreed, the defendants denied plaintiff's loan application stating "collateral value or type of property insufficient."

45. All of the defendants' representations complain about in this petition were intentionally and deliberately made for the purpose of inducing plaintiff to act upon them.

46. That the plaintiff reasonably relied and acted upon the representations the defendants made.

47. That the plaintiff sustained damage by relying upon defendants' statements and representations.

48. That the representations the defendants made to the plaintiff regarding the refinance mortgage loan are material to the transaction.

49. That the defendants have superior knowledge over the plaintiff and intentionally and deliberately advised the plaintiff to act against plaintiff's own self interest.

50. The action taken and or not taken by defendants constitutes fraud.

51. That as a direct and proximate cause of defendants' fraudulent conduct, plaintiff suffered damages for which plaintiff is entitled to recover compensatory damages from defendants.

WHEREFORE plaintiff demands judgment against the defendants in an amount in excess of $75,000.00, together with interest and costs of suit and award of all other relief the court find just and proper.

## COUNT III
### Violation of Plaintiff's Rights under Kansas Unfair Trade and Consumer Protection Act

52. The above paragraphs are incorporated by reference.

53. The plaintiff Cheryl E. Evans is an individual person and a consumer as the term is defined under K.S.A. 50-624(b) and (g).

54. The refinance loan that gave rise to this action is a consumer transaction as the term is defined under K.S.A. 50-624(c).

55. The plaintiff's homestead residence at 4429 SW Misty Harbor Avenue, Topeka, Shawnee County, Kansas 66610 is property as the term is defined under K.S.A. 50-624(h).

56. The refinance loan transaction the defendants provided to plaintiff constitutes services as the term is defined under K.S.A. 50-624(i)(1)(2) and (3).

57. The defendants are supplier as the term is defined under K.S.A. 50-624(j).

58. The defendants engaged in numerous deceptive acts and practices in violation of plaintiff's rights under Kansas Unfair Trade and Consumer Protection Act, K.S.A. 50-626.

59. Further, the defendants engaged in numerous unconscionable acts and practices in violation of plaintiff's rights under Kansas Unfair Trade and Consumer Protection Act, K.S.A. 50-627.

60. The defendants informed and advised plaintiff that it ordered a real estate appraisal report on plaintiff's house and that the plaintiff's house is worth over $291,100.00 when in fact the defendants did not do so.

61. The defendants knew that the statement they ordered appraisal of the plaintiff's house was false at the time defendants made the statement in that defendants did not order any licensed real estate appraisal to appraise the value of plaintiff's house at the time defendants told plaintiff her home was worth over $291,000.

62. The defendants told the plaintiff they pay appraisal fees of $325.00 and charged plaintiff $325.00 fees for appraisal report at the closing of the refinancing loan on October 19, 2005 when in fact the defendants did not ordered and did not pay for real estate appraisal report on plaintiff's home.

63. The defendants knew that the statement that they ordered and paid for appraisal report of the plaintiff's house was false at the time the statement was made in that the defendants did not order and did not pay for any real estate appraisal report on plaintiff's home before the closing on the refinancing loan on October 19, 2005.

64. In addition, the defendants on closing day advised the plaintiff that the loan plaintiff will be closing on is now a two year adjustable rate loan at 10.421% interest rate instead of a

fixed rate loan with a fixed interest rate of 8.7000% for 360 months it promised plaintiff in writing October 17, 2005.

65. The plaintiff after becoming aware of this change advised the defendants that she will not close on the refinance loan with a two year adjustable rate loan at 10.421% interest rate.

66. However, the defendants told the plaintiff that the adjustable rate is just a formality.

67. The defendants knew that the statement that the adjustable rate is just a formality was false at the time the defendants made the statement.

68. The defendants induced the plaintiff into closing on the loan by promising they will give plaintiff a fixed rate within six months of the closing on October 19, 2005 and by encouraging plaintiff to sign the closing documents.

69. Further, the defendants knew that they have no intention of keeping their promises to provide plaintiff with a fix loan within six month of closing the refinance loan because the value in plaintiff's house will not support a refinance loan within six months.

70. That the plaintiff sustained damage by relying upon defendants' statements and representations.

71. That the representations the defendants made to the plaintiff regarding the refinance mortgage loan are material to the transaction.

72. That the defendants have superior knowledge over the plaintiff and advise the plaintiff to act against plaintiff's own self interest.

73. The action taken and or not taken by defendants constitutes deceptive acts and practices under Kansas Unfair Trade and Consumer Protection Act, K.S.A. 50-626 and unconscionable acts and practices under K.S.A. 50-627.

74. As a result of defendants' deceptive acts and practices plaintiff suffered damages for which plaintiff is entitled to recover compensatory damages from defendants.

WHEREFORE plaintiff demands judgment against the defendants in an amount in excess of $75,000.00, reasonable attorney fees pursuant to K.S.A. 50-634, together with interest and costs of suit and award of all other relief the court find just and proper.

## COUNT IV
### Breach of Contract

75. The above paragraphs are incorporated by reference.

76. The defendants on October 19, 2005 promised to provide plaintiff a refinance loan with a fixed interest rate within six month at the closing of a mortgage loan on plaintiff's home at 4429 SW Misty Harbor Avenue, Topeka, Shawnee County, Kansas 66610 in exchange for plaintiff signing closing documents.

77. However, when plaintiff applied for a fixed interest rate refinance loan within the six months of the October 19, 2005 mortgage loan closing from defendants in reliance on defendants' promise to plaintiff, the defendants denied plaintiff's loan request.

78. The defendants owe duty under the parties' agreement to perform its obligations to plaintiff and provide plaintiff with a fixed interest rate mortgage loan as promised.

79. The defendants breached their duty of performance to the plaintiff when defendants refused to perform their obligations under the parties' agreement.

80. The breach the defendants committed is material to the parties' transaction and agreement.

81. As a direct and proximate cause of defendants' failure to perform their duties under the parties' agreement, the plaintiff suffered damages for which she is entitled to recover compensatory damages from the defendants.

WHEREFORE plaintiff demands judgment against the defendants in an amount in excess of $75,000.00, together with interest and costs of suit and award of all other relief the court find just and proper.

## COUNT V
### Negligent Misrepresentation

82. The above paragraphs his incorporated by reference.

83. On or about earlier October, 2005, plaintiff applied for residential mortgage refinance loan from defendants over plaintiff homestead residence located at: 4429 SW Misty Harbor Avenue, Topeka, Shawnee County, Kansas 66610.

84. The plaintiff's intended purpose of refinancing her home was to obtain a fixed loan, a lower fixed interest rate and to pay off other outstanding high interest debts.

85. On or about October 17, 2005, the defendants notified and advised plaintiff in writing that the refinance mortgage loan defendants approved for plaintiff was a fixed rate loan with a fixed interest rate of 8.7000% for 360 months.

86. The loan was scheduled to close October 19, 2005.

87. The defendants during the loan application process asked the plaintiff to give them an estimated value of plaintiff's home.

88. The plaintiff informed the defendants that plaintiff home's estimated value was approximately $180,000.00.

89. The defendants indicated they cannot accept plaintiff's estimated value and advised plaintiff that a real estate appraisal report will be needed in order to determine the value of plaintiff's home prior to closing on the refinancing mortgage loan.

13

90. The defendants later informed and advised plaintiff that they ordered a real estate appraisal report on plaintiff's house and that the plaintiff's house was worth over $291,100.00.

91. The defendants knew and intentionally supplied false information for the guidance of the plaintiff when defendants stated they ordered appraisal of the plaintiff's house when in fact the defendants did not order any Kansas licensed real estate appraisal to appraise the value of plaintiff's house at the time the defendants told plaintiff her home was worth over $291,000.

92. Further, the defendants told plaintiff they paid appraisal fees of $325.00 for the appraisal of plaintiff's house and charged plaintiff $325.00 fees for appraisal report at the closing of the refinancing loan on October 19, 2005.

93. The defendants knew and intentionally supplied false information for the guidance of the plaintiff when defendants stated they paid appraisal report fees when in fact the defendants did not order and did not pay $325.00 appraisal fees to any Kansas licensed appraiser.

94. In addition, the defendants on the loan closing day advised the plaintiff that the loan plaintiff will be closing is a two year adjustable rate loan at 10.421% interest rate instead of a fixed rate loan with a fixed interest rate of 8.7000% for 360 months defendants initially promised plaintiff in writing on October 17, 2005.

95. The plaintiff after becoming aware of this change advised the defendants that she will not close on the refinance loan with a two year adjustable rate loan at 10.421% interest rate.

96. However, the defendants told the plaintiff that the adjustable rate is just a formality.

97. The defendants knew and intentionally supplied false information for the guidance of the plaintiff when defendants stated that the adjustable rate is just a formality.

98. The defendants intentionally induced the plaintiff into closing on the loan by promising they will give plaintiff a fixed rate within six months of the closing on October 19, 2005 and by encouraging plaintiff to sign the closing documents.

99. Further, the defendants knew and intentionally supplied false information for the guidance of the plaintiff when defendants have no intention of keeping their promises to provide plaintiff with a fixed rate loan within six month of closing the October 19, 2005 loan because the defendants had intentionally and deliberately inflated the value of plaintiff's home for the purpose of closing the October 19, 2005 loan and defendants knew that the value in plaintiff's house will not support a refinance loan within six months.

100. That when plaintiff apply to refinance the mortgage on plaintiff's property at 4429 SW Misty Harbor Avenue, Topeka, Shawnee County, Kansas 66610 within the six months of October 19, 2005 loan closing as defendants agreed, the defendants denied plaintiff's loan application stating "collateral value or type of property insufficient."

101. The defendants failed to exercise reasonable care and or were reckless and acted without any regard for the truth in communicating the false information to the plaintiff.

102. That the plaintiff reasonably relied and acted upon the false information supplied by defendants.

103. The false information defendants supplied was for the benefit and guidance of the plaintiff.

104. That the false information and representations defendants supplied to the plaintiff were material to the refinance loan plaintiff was getting from the defendants.

105. That the defendants have superior knowledge over the plaintiff and advised the plaintiff to act against plaintiff's own self interest.

106. As a direct and proximate cause of defendants' false representations, the plaintiff suffered damages in the transaction that the defendants intended to influence.

107. As a further and direct cause of defendants' false representations the plaintiff suffered damages for which she is entitled to recover compensatory damages from the defendants.

WHEREFORE plaintiff demands judgment against the defendants in an amount in excess of $75,000.00, together with interest and costs of suit and award of all other relief the court find just and proper.

## SUMMARY PRAY FOR RELIEF

In summary, plaintiff prays that the court grants judgment against all and each defendants as follows:

1. Canceling the defendants' security interests in plaintiff's home and ordering defendants to provide plaintiffs with the money to which plaintiff is entitled to pursuant to 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. §226.23.

2. Awarding appropriate statutory damages against defendants Ameriquest Mortgage Company f/n/a Long Beach Mortgage Company, and AMC Mortgage Services, Inc., f/n/a Ameriquest Newco, Inc., PPC Mortgage Company, Bedford Home Loans, Inc., and American Home Servicing, Inc.

3.	Awarding plaintiff costs, imposition of appropriate penalties against defendants and award of reasonable attorney to the plaintiff.

4.	Awarding plaintiff actual and punitive damages against defendants Ameriquest Mortgage Company f/n/a Long Beach Mortgage Company, and AMC Mortgage Services, Inc., f/n/a Ameriquest Newco, Inc., PPC Mortgage Company, Bedford Home Loans, Inc., and American Home Servicing, Inc.

5.	Awarding appropriate damages for claims made under state law

6.	Granting such other relief as the court deems just and proper.

DEMANDS FOR JURY TRIAL

The plaintiff demands that all disputed issues in this matter including state law claims are tried to the jury.

Respectfully submitted,
OGUNMENO LAW FIRM, LLC

/s/ Adebayo Ogunmeno
Adebayo Ogunmeno  KS Bar #14808
623 Tauromee Avenue
Kansas City, Kansas 66101-3041
Tel. (913) 233-2133
Fax. (913) 233-2199
Attorney for the Plaintiff.
aikogun@ogunmenolawfirm.com