1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

10   IN RE AMERIQUEST MORTGAGE CO.  )  MDL NO.  1715
  MORTGAGE LENDING PRACTICES  )
11   LITIGATION  )  **LEAD CASE NO**.
  )
12   ———————————————————— )  **05-CV-07097**
  )
  THIS DOCUMENT RELATES TO ALL  )
13   ACTIONS  )
  )
14   ———————————————————— )
  )
15   AMERIQUEST MORTGAGE COMPANY, a )
  Delaware corporation; TOWN & COUNTRY )  Centralized before the
  CREDIT CORPORATION, a Delaware  )  HONORABLE MARVIN E. ASPEN
16   corporation; and ARGENT MORTGAGE  )  U.S. District Court Judge
  COMPANY LLC, a Delaware limited liability )
17   company,  )
  )
18        Third-Party Plaintiffs,  )
  )
19       vs.  )
  )
20   NORTHWEST TITLE AND ESCROW  )
  CORPORATION, a Minnesota corporation; A )
21   TITLE ESCROW COMPANY, INC., an  )
  Illinois corporation; ATM CORPORATION OF )
22   AMERICA, a Pennsylvania corporation;  )
  AVALON ABSTRACT CORP., a New York  )
23   corporation; B & S SERVICES, LLC, a limited )
  liability company; BLACKSTONE  )
24   NATIONAL TITLE, LLC, a limited liability )
  company; CAROLYN T. DALEY, an  )
25   individual; CESAR GAITAN, an individual; )
  CHICAGO TITLE COMPANY; CLOSENET, )
26   LLC, a Michigan limited liability company; )
  COMMONWEALTH LAND TITLE  )
27   COMPANY, a California corporation;  )
  COMPLETE TITLE SOLUTIONS, INC., a )
28   Florida corporation; DAVID B. CARROLL, )

| | |
|---|---|
| 1 | P.C., a professional corporation; ASSOCIATED ) |
| | LAND TITLE, LLC; DEWRELL SACKS, ) |
| 2 | LLP, a limited liability partnership; DEY ) |
| | SMITH & COLLIER LLC, Connecticut limited ) |
| 3 | liability company; EQUITY SETTLEMENT ) |
| | SERVICES, INC., a New York corporation; ) |
| 4 | FIDELITY NATIONAL TITLE COMPANY, a ) |
| | California corporation; FIDELITY NATIONAL ) |
| 5 | TITLE INSURANCE COMPANY, a California ) |
| | corporation; FIRST CHOICE SIGNING ) |
| 6 | SERVICE, LLC, a California limited liability ) |
| | company; FIRST MERIT SETTLEMENT ) |
| 7 | SERVICES, INC., a Pennsylvania corporation; ) |
| | GAIL A. MANY, an individual; GORDON ) |
| 8 | VIDELL, an individual; GUADALUPE CRUZ, ) |
| | JR., an individual; HEIGHTS TITLE ) |
| 9 | AGENCY, Inc., a Ohio corporation; HOLLER ) |
| | & HOLLER, LLC, a Connecticut limited ) |
| 10 | liability company; HOME-LAND TITLE & ) |
| | ABSTRACT CO., INC., a Mississippi ) |
| 11 | corporation; ILENE K. CHAPEL, an individual; ) |
| | INDIANA TITLE NETWORK COMPANY, an ) |
| 12 | Indiana corporation; JACKIE A. MARTINEZ, ) |
| | an individual; JOHN WEBER & ) |
| 13 | ASSOCIATES, P.C., a New York professional ) |
| | corporation; JOSHUA HILTIBIDAL, an ) |
| 14 | individual; LAW OFFICE OF ANTHONY A. ) |
| | SENERCHIA, SR. P.C., a Massachusetts ) |
| 15 | professional corporation; LAW OFFICE OF ) |
| | JOSEPH E. NEALON, a limited liability ) |
| 16 | company; LAW OFFICES OF DANIEL J. ) |
| | NIGRO, P.C., a professional corporation; LAW ) |
| 17 | OFFICES OF GREGORY T. LATTANZI, ) |
| | LLC, a limited liability company; LAW ) |
| 18 | OFFICES OF JONATHAN P. ASH; LAW ) |
| | OFFICES OF JOSEPH J. D AGOSTINO, JR., ) |
| 19 | LLC, a Connecticut limited liability company; ) |
| | LAW OFFICES OF MARC D. FOLEY, P.C., a ) |
| 20 | Massachusetts professional corporation; LAW ) |
| | OFFICES OF MORRIS I. OLMER; LAW ) |
| 21 | TITLE INSURANCE COMPANY, INC., an ) |
| | Illinois corporation; LAWYERS TITLE ) |
| 22 | INSURANCE CORPORATION, a Virginia ) |
| | corporation; LEE S. JACOBOWITZ, ESQ., an ) |
| 23 | individual; LYNNE A. LOVE, an individual; ) |
| | MACKINNON & TAVANO, LLC, a ) |
| 24 | Connecticut limited liability company; ) |
| | MARTIN M. HOCHMAN, an individual; ) |
| 25 | MICHAEL HOGAN, an individual; MIKE ) |
| | SMITH, an individual; MORTGAGE ) |
| 26 | INFORMATION SERVICES, INC., an Ohio ) |
| | corporation; NATIONAL REAL ESTATE ) |
| 27 | INFORMATION SERVICES OF NEW ) |
| | JERSEY, INC., a New Jersey corporation; ) |
| 28 | NATIONAL REAL ESTATE INFORMATION ) |

1  SERVICES, a Pennsylvania limited partnership; )
   NATIONS TITLE AGENCY OF ILLINOIS, )
2  INC., an Illinois corporation; NATIONS TITLE )
   AGENCY OF MICHIGAN, INC., a Michigan )
3  corporation; NATIONS TITLE AGENCY OF )
   MISSOURI, INC., a Missouri corporation; )
4  NEW VISION TITLE AGENCY, LLC, a New )
   Jersey limited liability company; NIGRO )
5  ASSOCIATES, LLC, a Massachusetts limited )
   liability company; PAUL D. BOUDREAU, an )
6  individual; PERROTTA, CAHN & PRIETO, )
   P.C., a Georgia professional corporation; CA )
7  DOC SIGNERS, a business entity form )
   unknown; PORTNOY AND GREENE, P.C., a )
8  Massachusetts professional corporation; )
   RESIDENTIAL TITLE SERVICES, INC., an )
9  Illinois corporation; RESOURCE TITLE, LLC, )
   a Maryland limited liability company; ROY W. )
10 WALLER, an individual; SCHOP & )
   PLESKOW, LLP, a New York limited liability )
11 partnership; SCOTT DRIER, an individual; )
   SCOTT L. BRISCO, an individual; SCOTT )
12 PARKHURST, an individual; SHANE )
   DELORENZE, an individual; SHEILA )
13 DOLAN, an individual; SIERRA TITLE )
   COMPANY OF CAMERON AND WILLACY )
14 COUNTIES, a Texas corporation; SPECIALTY )
   TITLE SERVICES, INC., an Illinois )
15 corporation; STEWART TITLE OF SEATTLE, )
   LLC, a limited liability company; SUPERIOR )
16 CLOSING SERVICES, LLC, a Connecticut )
   limited liability company; SYNODI VIDELL & )
17 GREEN, LLC, a Connecticut limited liability )
   company; TAPALIAN & TADROS, P.C., a )
18 professional corporation; TEK TITLE, LLC, an )
   Illinois limited liability company; TEXAS )
19 NATIONS TITLE AGENCY, INC.; THE )
   MATLUSKY FIRM, LLC, a Delaware limited )
20 liability company; TIA M. MARTIN, an )
   individual; STUART H. SCHOENFELD, Esq., )
21 an individual; TOWNE & COUNTRY LAND )
   TITLE AGENCY, Inc., an Ohio corporation; )
22 TRANSTAR NATIONAL TITLE, a Texas )
   corporation; TRISTAR TITLE, LLC, an Illinois )
23 limited liability company; ELAYNE )
   PALANCIA, an individual; TURNKEY TITLE )
24 CORPORATION, a Florida corporation; )
   VITAL SIGNING, INC., a California )
25 corporation; WILLIAM J. PETZ, an individual; )
   5 STAR FINANCIAL INC.; A AMERICAN )
26 FINANCIAL GROUP, INC.; ABSOLUTE )
   TITLE SERVICES, INC.; ACCESS TITLE, )
27 LLC; ACRO MORTGAGE LLC; )
   ADVANTAGE EQUITY SERVICES, INC.; )
28 ADVISOR MORTGAGE LLC; ALLEN A. )

| | |
|---|---|
| 1 | CURRIER; ALLIED HOME MORTGAGE ) |
| | CAPITAL CORP.; ALPHA MORTGAGE ) |
| 2 | LENDING; AMERICAN ELITE FINANCIAL ) |
| | INC.; AMERICAN PIONEER TITLE ) |
| 3 | INSURANCE COMPANY; AMERICAN ) |
| | RESIDENTIAL MORTGAGE; AMERICARE ) |
| 4 | MORTGAGE CORPORATION; AMSTAR ) |
| | MORTGAGE CORP.; B & P MORTGAGE, ) |
| 5 | INC.; BANKERS TITLE & ESCROW ) |
| | AGENCY, INC.; BATTERSBY TITLE, INC.; ) |
| 6 | BEACON MORTGAGE SERVICES LLC; ) |
| | BLS FUNDING CORP.; CBC COMPANIES; ) |
| 7 | CHICAGO MORTGAGE ACCEPTANCE; ) |
| | CHICAGO TITLE INSURANCE COMPANY; ) |
| 8 | CHICAGO TITLE OF MICHIGAN; CHOICE ) |
| | TITLE AGENCY, INC.; CISLO TITLE ) |
| 9 | COMPANY; CITYWIDE MORTGAGE PROS, ) |
| | INC.; CITYWIDE TITLE CORPORATION; ) |
| 10 | CLASSIC HOME MORTGAGE CORP.; ) |
| | COLONIAL TITLE & ESCROW INC.; ) |
| 11 | COMMONWEALTH LAND TITLE ) |
| | INSURANCE COMPANY; CONNECTICUT ) |
| 12 | ATTORNEYS TITLE INSURANCE ) |
| | COMPANY; CONNECTICUT CLOSING ) |
| 13 | SERVICES; CROSS COUNTRY LENDERS ) |
| | LLC; CROWN MORTGAGE CORP.; ) |
| 14 | DESAUTELS, MAHONEY & KOHN, LLC; ) |
| | DIRECT BANC MORTGAGE LLC; DREAM ) |
| 15 | HOUSE MORTGAGE CORP.; EDEN ROCK ) |
| | MORTGAGE CORP.; ELDRIDGE ) |
| 16 | MORTGAGE COMPANY INC.; ENVISION ) |
| | MORTGAGE SOLUTIONS INC.; EQUITY ) |
| 17 | SETTLEMENT SERVICES, INC.; EQUITY ) |
| | SOLUTIONS INC.; FAIRFIELD MORTGAGE ) |
| 18 | INC.; FAIRWAY FINANCIAL GROUP LLC; ) |
| | FIDELITY NATIONAL TITLE INSURANCE ) |
| 19 | COMPANY; FIDELITY NATIONAL TITLE ) |
| | INSURANCE COMPANY OF NEW YORK; ) |
| 20 | FIDELITY TITLE AND ESCROW, INC.; ) |
| | FIRST AMERICAN TITLE INSURANCE ) |
| 21 | COMPANY; FIRST USA FUNDING LLC; ) |
| | FRANK J. MANNI; FREEDOM MORTGAGE ) |
| 22 | TEAM, INC.; GENESIS MORTGAGE CORP.; ) |
| | GOLDMAN GRUDER & WOODS, LLC; ) |
| 23 | GRAND MORTGAGE CORPORATION; ) |
| | GREAT AMERICAN MORTGAGE CORP.; ) |
| 24 | GREAT LAKES MORTGAGE CO., LLC; ) |
| | GREAT LAKES NATIONAL MORTGAGE ) |
| 25 | BANC INC.; GREAT LAKES NATIONAL ) |
| | MORTGAGE CO.; GREENWICH ) |
| 26 | MORTGAGE CORP.; HAMILTON ) |
| | MORTGAGE CO.; HEIGHTS TITLE ) |
| 27 | AGENCY, INC.; HILLARD N. EINBINDER; ) |
| | HWB INC.; ILLINOIS MORTGAGE ) |
| 28 | FUNDING CORP.; INTEGRITY 1ST ) |

| | |
|---|---|
| 1 | MORTGAGE; INVESTMENT MORTGAGE ) |
| | GROUP; JONES, DAMIA, KAUFMAN, ) |
| 2 | BOROFSKY & DEPAUL LLC; TIMOTHY P. ) |
| | KENNEDY; L & S MORTGAGE LLC; LAKE ) |
| 3 | FRONT MORTGAGE INC.; LANDSEL ) |
| | TITLE AGENCY, INC.; LAW OFFICES OF ) |
| 4 | BORNER, SCOLA, BARUTI & VANCINI ) |
| | P.C.; LAW OFFICES OF MORRIS I. OLMER; ) |
| 5 | LAW OFFICES OF WILLIAM A. SNIDER; ) |
| | LAW TITLE INSURANCE COMPANY; ) |
| 6 | LAWYERS TITLE INSURANCE ) |
| | CORPORATION; LAW TITLE INSURANCE ) |
| 7 | AGENCY, INC.; LIBERTY FUNDING ) |
| | SERVICES INC.; LIBERTY TITLE & ) |
| 8 | ESCROW COMPANY, INC.; LIETO & ) |
| | GREENBERG LLP; MANSFIELD ) |
| 9 | MORTGAGE SERVICES INC.; MEDICI & ) |
| | SCIACCA, P.C.; METROPOLITAN TITLE ) |
| 10 | COMPANY; MICHIGAN LAND TITLE ) |
| | AGENCY, INC.; MICHIGAN TRUST TITLE ) |
| 11 | AGENCY, LLC; MIDLAND TITLE ) |
| | SECURITY, INC.; MIDWEST LAND TITLE ) |
| 12 | COMPANY; MORTGAGE DEPOT; ) |
| | MORTGAGE GUARANTEE & TITLE ) |
| 13 | COMPANY; MORTGAGE PROS USA; ) |
| | NATIONS TITLE AGENCY OF ILLINOIS; ) |
| 14 | NATIONS TITLE AGENCY OF MICHIGAN, ) |
| | INC.; NATIONWIDE MORTGAGE; ) |
| 15 | NORTHWEST TITLE AND ESCROW CORP.; ) |
| | OHIO BAR TITLE INSURANCE COMPANY; ) |
| 16 | OHIO LENDING SOLUTIONS; OLD ) |
| | REPUBLIC NATIONAL TITLE INSURANCE ) |
| 17 | COMPANY; OXFORD HOME MORTGAGE ) |
| | LLC; P & L MORTGAGE, INC.; PAN ) |
| 18 | AMERICAN FUNDING GROUP INC.; ) |
| | PARADISE FINANCIAL SERVICES LLC; ) |
| 19 | PATRIOT TITLE COMPANY, INC.; ) |
| | PERROTTA, CAHN & PRIETO, P.C.; ) |
| 20 | PRECISION FINANCIAL INC.; PREMIER ) |
| | TITLE AND ESCROW COMPANY, INC.; ) |
| 21 | PRIME PLUS MORTGAGE; QUALITY ) |
| | TITLE AGENCY, INC.; REAGLE SEARCH & ) |
| 22 | SIGNATURE SERVICES, LLC; REPUBLIC ) |
| | TITLE COMPANY; RESIDENTIAL TITLE ) |
| 23 | SERVICES, INC.; SEARCH2CLOSE OF ) |
| | COLUMBUS, LLC; SETTE & BONADIES, ) |
| 24 | P.C.; FRED SETTE; STEWART TITLE ) |
| | GUARANTY COMPANY; STEWART TITLE ) |
| 25 | INSURANCE COMPANY; STEWART TITLE ) |
| | OF ILLINOIS; SUPREME FUNDING ) |
| 26 | MORTGAGE SERVICES INC.; KERRY A. ) |
| | SUMNER; TAYLOR ABSTRACT ) |
| 27 | COMPANY; THE MORTGAGE EDGE INC.; ) |
| | THE MORTGAGE STORE; TICOR TITLE ) |
| 28 | INSURANCE COMPANY; TITLE SOURCE, ) |

1  INC.; TITLE WORKS, INC.; TITLE-TECH )
NETWORKS, INC.; TOP CHOICE )
2  MORTGAGE LLC; TOP FLITE FINANCIAL )
INC.; TOWER FINANCIAL GROUP INC.; )
3  TRANSNATION TITLE INSURANCE )
COMPANY; TRAVIS MORTGAGE LLC; )
4  TRIUNION TITLE, LLC; UNION )
MORTGAGE SERVICES OF CLEVELAND, )
5  INC.; UNIVERSAL HOME LENDING INC.; )
WILLIAM HAJJ MORTGAGE COMPANY )
6  LLC; and ESCROWS, INC., a Michigan )
corporation d/b/a THE CLOSING OFFICE )
7  a/k/a MICHIGAN TITLE COMPANY; )
JUDSON HOLMES CO., a Michigan )
8  corporation d/b/a PREFERRED LENDING )
GROUP; ALABAMA REAL ESTATE LOAN )
9  SERVICES; ALAMO TITLE COMPANY; )
ALL FLORIDA TITLE; AMERI TITLE; )
10  AMERICAN TITLE SERVICES, INC.; )
ANCHOR TITLE, LLC; BORNER SCOLA )
11  BARUTI VANCINI & SMITH PC; )
BRIDGESPAN TITLE; CONSOLIDATED )
12  TITLE; CRESENT TITLE; CT MORTGAGE )
INFORMATION SERVICES; DATA )
13  SEARCH; ASSOCIATED LAND TITLE, LLC; )
EQUITITLE LLC; FIRST SUBURBAN TITLE )
14  COMPANY; GEOFFREY B. GINN & )
ASSOC.; HERITAGE TITLE; INTEGRITY )
15  CLOSING SERVICE; JACOBOWITZ & )
POTOSKY; CANDICE LANIER; LAW )
16  OFFICES OF NICHOLAS BARRETT; LAW )
OFFICES OF GEORGE T. CROWLEY; LSI )
17  FIDELITY TITLE; PETER MARCHELOS; )
NATIONS TITLE AGENCY OF THE )
18  CAROLINAS; PRECISE TITLE AND )
ESCROW; PRINCE BROTHERS, INC.; )
19  PROGRESSIVE LAND TITLE; RESOURCE )
PARTNERS, INC.; RICHMOND TITLE )
20  SERVICES LP; SCOTT E. LAWRENCE, )
ESQ.; STEWART TITLE SMI TEXAS; TITLE )
21  ASSOCIATES; TITLE SPECIALISTS, INC.; )
UDX; MIDWEST HOME FUNDING, LLC; )
22  AMERICA S DISCOUNT MORTGAGE; )
STATESIDE FUNDING, LLC; DUNNRITE )
23  MORTGAGE COMPANY, INC.; )
LONGHORN MORTGAGE, LLC; ACCESS )
24  MORTGAGE CORP., ATTORNEYS TITLE )
INSURANCE FUND; BANKERS TRUST CO. )
25  OF CALIFORNIA NATIONAL )
ASSOCIATION; BOBBITT & ASSOCIATES; )
26  BUYOWNER TITLE OF SOUTH FLORIDA, )
INC.; CHICAGO TITLE INSURANCE CO.; )
27  CLASSIC MORTGAGE SOLUTIONS; DANA )
CAPITAL GROUP, INC.; DAYSTAR )
28  LENDING SERVICE; ELECTRONIC )

| | |
|---|---|
| 1 | CLOSING SERVICES, INC.; FIRST ) |
| | AMERICAN; FIRST SOURCE FINANCIAL; ) |
| 2 | GARFIELD MORTGAGE CORP.; JOEL ) |
| | WILLIAMS LAW OFFICES; K.E.L. TITLE ) |
| 3 | INSURANCE AGENCY; LANDAMERICA ) |
| | COMMONWEALTH; LANDAMERICA ) |
| 4 | LAWYERS TITLE; LAW OFFICES OF ) |
| | RUSSO & WINCHOFF; LEGAL EASE, INC.; ) |
| 5 | LEXINGTON & CONCORD; MIDWEST ) |
| | EQUITY FINANCIAL SERVICES; ) |
| 6 | NATIONAL REAL ESTATE; NETCO, INC.; ) |
| | NETCO TITLE INSURANCE CO.; ) |
| 7 | NETWORK CLOSING SERVICES, INC.; ) |
| | NEW VISION PA LAND TRANSFER; NPC; ) |
| 8 | OLDSTONE TITLE AGENCY, LLC; ) |
| | PRESIDENTIAL TITLE, INC.; ) |
| 9 | PROFESSIONAL MOBILE CLOSERS; RELI, ) |
| | INC.; RILI, INC. TITLE & CLOSING ) |
| 10 | PROFESSIONALS; SECURITY UNION ) |
| | TITLE INSURANCE CO.; SILK ABSTRACT ) |
| 11 | CO.; TAMAYO FINANCIAL SERVICE, INC.; ) |
| | THE CHEATHAM GROUP; THE ) |
| 12 | MORTGAGE WORKS; TICOR TITLE ) |
| | INSURANCE COMPANY OF FLORIDA; ) |
| 13 | TITLE GROUP; TITLE PROCESS GROUP; ) |
| | TITLE TECH SERVICES, INC.; UNITED ) |
| 14 | GENERAL TITLE INSURANCE CO.; ) |
| | WILSON TITLE AGENCY, LLC and DOES 1 ) |
| 15 | through 100 inclusive, ) |
| | ) |
| 16 | Third-Party Defendants. ) |
| | _____ ) |
| 17 | |

**THIRD PARTY DEFENDANT THE MORTGAGE WORKS'
ANSWER TO THE FIFTH AMENDED CONSOLIDATED
THIRD PARTY COMPLAINT BY THIRD PARTY PLAINTIFFS
AMERIQUEST MORTGAGE COMPANY; TOWN & COUNTRY
CREDIT CORPORATION; & ARGENT MORTGAGE CO., LLC
*- AND -*
AFFIRMATIVE DEFENSES**

[*MDL Docket No. 2913/Filed 06/23/2009*]

**DEMAND FOR JURY TRIAL**

**Hon. Marvin E. Aspen**,
*U.S. District Court Judge*

**Hon. Morton Denlow**,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*U.S. Magistrate Judge*

COMES NOW the Third Party Defendant **THE MORTGAGE WORKS** (hereafter "TMW"), who for itself alone and for no other defendant, hereby answers the Fifth Amended Consolidated Third Party Complaint (hereafter "the Complaint") of Third Party Plaintiffs AMERIQUEST MORTGAGE COMPANY, TOWN & COUNTRY CREDIT CORPORATION and ARGENT MORTGAGE CO., LLC (hereafter referred to as "Plaintiffs"),[filed as MDL Docket Number 2913] and admits, denies and/or alleges as follows:

## THE PARTIES

1.      Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 1 of the Complaint.

2.      Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 2 of the Complaint.

3.      Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 3 of the Complaint.

4.      TMW is informed and believes, based upon a plain reading of the allegations, that TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 4 of the Complaint.

5.      Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies in part, the allegations of ¶ 5 of the Complaint as follows: (a) TMW admits that Argent is one of the parties who brought this action against TMW and (b) that Argent attached Exhibit B to the Complaint that has TMW's name on said list.  Except as expressly admitted, TMW denies said allegations, inclusive of any purported inferences or presumptions.

6.      Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 6 of the Complaint.

7.      Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies in part, the allegations of ¶ 7 of the Complaint as follows: TMW admits that F.R.Civ.P., Rule 14 is the Rule that generally governs Third Party pleading. Except as expressly admitted, TMW

1    denies said allegations, inclusive of any purported inferences or presumptions, including jurisdiction.

2        8.      Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and

3    denies in part, the allegations of ¶ 8 of the Complaint as follows: TMW admits that the MDL Rules

4    are applicable and speak for themselves. Except as expressly admitted, TMW denies said allegations,

5    inclusive of any purported inferences or presumptions, including venue.

6                      **GENERAL ALLEGATIONS RE: THE TITLE DEFENDANTS**

7        9.      Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and

8    denies in part, the allegations of ¶ 9 of the Complaint as follows: [a] TMW admits that Plaintiffs

9    allege that lawsuits have been filed and that Exhibits A and B contain Plaintiffs' list of the alleged

10   lawsuits, and [b] TMW admits that it believes the lawsuits would speak for themselves and that no

11   answer to all said lawsuits is required by TMW, including based upon the fact that, to TMW's

12   present knowledge, TMW is not a named party in any of the lawsuits identified in Plaintiffs' Exhibits

13   A or B. Except as expressly admitted, TMW denies said allegations, inclusive of any purported

14   inferences or presumptions.

15       10.     TMW is informed and believes, based upon a plain reading of the allegations, that

16   TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

17   TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

18   of the allegations of ¶ 10 of the Complaint.

19       11.     TMW is informed and believes, based upon a plain reading of the allegations, that

20   TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

21   TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

22   of the allegations of ¶ 11 of the Complaint.

23       12.     TMW is informed and believes, based upon a plain reading of the allegations, that

24   TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

25   TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

26   of the allegations of ¶ 12 of the Complaint.

27       13.     TMW is informed and believes, based upon a plain reading of the allegations, that

28   TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

1  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth
2  of the allegations of ¶ 13 of the Complaint.

3        14.    TMW is informed and believes, based upon a plain reading of the allegations, that
4  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),
5  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth
6  of the allegations of ¶ 14 of the Complaint.

7        15.    TMW is informed and believes, based upon a plain reading of the allegations, that
8  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),
9  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth
10  of the allegations of ¶ 15 of the Complaint.

11        16.    TMW is informed and believes, based upon a plain reading of the allegations, that
12  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),
13  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth
14  of the allegations of ¶ 16 of the Complaint.

15        17.    TMW is informed and believes, based upon a plain reading of the allegations, that
16  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),
17  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth
18  of the allegations of ¶ 17 of the Complaint.

19        18.    TMW is informed and believes, based upon a plain reading of the allegations, that
20  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),
21  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth
22  of the allegations of ¶ 18 of the Complaint.

23                    **GENERAL ALLEGATIONS RE: MORTGAGE BROKERS**

24        19.    Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and
25  denies in part, the allegations of ¶ 19 of the Complaint as follows: [a] TMW admits that Plaintiffs
26  allege that lawsuits have been filed and [b] TMW admits that it believes the lawsuits would speak
27  for themselves and that no answer thereto is required by TMW, including based on the fact that, to
28  TMW's present knowledge, TMW is not a named party in any such lawsuits. Except as expressly

1    admitted, TMW denies said allegations, inclusive of any purported inferences or presumptions.

2

3    20.    Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and

4    denies in part, the allegations of ¶ 20 of the Complaint as follows: [a] TMW admits that Argent

5    considers itself a "wholesale mortgage lender"and [b] TMW did select the title company, namely

6    Chicago Title, a nationwide title company of outstanding reputation.  Pursuant to F.R.Civ.P., Rule

7    8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the

8    truth of the allegations of ¶ 20 of the Complaint with respect to Plaintiffs' definitions.  TMW denies

9    Argents' /Plaintiffs' allegations as follows: [a] Argent was involved with the loans, inclusive of

10   sending out their own loan compliance packages for the borrower and Argent created/prepared the

11   loan documents; [b] Argent was the Lender on the loan until such time as the loan was subsequently

12   sold to a third party; [c] Argent's involvement in the loan process included underwriting the loan to

13   verify that the proposed borrower met the Argent loan program guidelines; [d] Argent prepared all

14   relevant loan documents (note, trust deeds, disclosures, *etcetera),* doing so only after Argent

15   approved the borrower for a loan under Argent's loan guidelines, including, but not limited to,

16   Argent's own review and final approval based upon Argent's determination of borrower's capacity

17   to pay the loan; and [e] Argent's independent approval had to be granted by Argent prior to the

18   funding of the loan.  Except as expressly admitted, TMW denies said allegations, inclusive of any

19   purported inferences or presumptions.

20   21.    Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or

21   information sufficient to form a belief about the truth of the allegations of ¶ 21 of the Complaint as

22   to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker.  Pursuant

23   to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies in part, the allegations

24   of ¶ 21 of the Complaint as follows: [a]  that TMW entered into a Mortgage Broker Agreement with

25   Argent; [b] that said Mortgage Broker Agreement speaks for itself; and [c] that TMW did do the

26   Thorguson loan through Argent, which loan was a Stated Income/No Asset ("SINA") loan made in

27   accordance with Argent's SINA loan program guidelines and funded only after Argent's independent

28   investigation and review through Argent underwriting (for which Argent was paid), and after

1    Argent's approval of the loan based upon Argent's independent investigation of the submitted loan
2    package. By Argent's own Agreement, Argent was the sole and exclusive decision maker as to
3    whether or not Argent would fund the Thorguson loan. Except as expressly admitted, TMW denies
4    said allegations, inclusive of any purported inferences or presumptions.

5          22.    Pursuant to <u>F.R.Civ.P.</u>, Rule 8(b)(5), TMW states that TMW lacks knowledge or
6    information sufficient to form a belief about the truth of the allegations of ¶ 22 of the Complaint as
7    to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any
8    purported acts or omissions, if any, by any other mortgage brokers; and as to Argent's uncertain
9    definitions, including but not limited to those regarding purported business practices and duties.
10   Pursuant to <u>F.R.Civ.P.</u>, Rule 8(b)(4), TMW states that TMW admits in part, and denies in part, the
11   allegations of ¶ 22 of the Complaint as follows: [a] that TMW entered into a Mortgage Broker
12   Agreement with Argent, which Agreement specified the duties and obligations of the parties; [b] that
13   said Mortgage Broker Agreement speaks for itself; and [c] that TMW did do the Thorguson loan
14   through Argent, which loan was a Stated Income/No Asset ("SINA") loan made in accordance with
15   Argent's SINA loan program guidelines and funded only after Argent's independent investigation
16   and review through Argent underwriting (for which Argent was paid), and after Argent's approval
17   of the loan based upon Argent's independent investigation of the submitted loan package. By
18   Argent's own Agreement, Argent was the sole and exclusive decision maker as to whether or not
19   Argent would fund the Thorguson loan; [d] that Argent prepared the loan and closing documents
20   after its independent investigation and approval of the loan based upon Argent's independent
21   investigation. Except as expressly admitted, TMW denies said allegations, inclusive of any purported
22   inferences or presumptions, specifically including any assertion that TMW failed to comply with
23   Argent's created and mandated guidelines for the Argent SINA loan program with respect to the
24   Thorguson loan or that TMW failed to comply with Argent instructions with respect to the
25   Thorguson loan or that TMW made any material omission or misrepresentation to Argent.

26         23.    Pursuant to <u>F.R.Civ.P.</u>, Rule 8(b)(5), TMW states that TMW lacks knowledge or
27   information sufficient to form a belief about the truth of the allegations of ¶ 23 of the Complaint as
28   to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any

1  purported acts or omissions, if any, by any other mortgage brokers.  Pursuant to F.R.Civ.P., Rule

2  8(b)(4), TMW states that TMW admits in part, and denies in part, the allegations of ¶ 23 of the

3  Complaint as follows: [a] TMW was engaged by Thorguson; [b] TMW did select Chicago Title as

4  part of the Thorguson loan process.  Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW

5  lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 23

6  of the Complaint as to Argent's dealings with, or beliefs arising from dealings with, any  title

7  company, or any purported acts or omissions, if any, by any title company.  TMW denies any acts

8  or omissions on its part concerning the Argent allegations of misrepresentation, improper tactics or

9  failed disclosure, which denial is based upon, *inter alia*, the facts that Argent created the program,

10  created the guidelines, conducted its own independent reviews of loans, made its own independent

11  determinations as to compliance and abilities to pay as to the Thorguson loan.

12  **FIRST CAUSE OF ACTION**

13  (*Breach of Contract - Ameriquest/Town vs. Title Defendants*)

14  24.   TMW respectfully realleges and incorporates its admissions, denials and/or

15  allegations as stated by TMW in response to Paragraphs 1 through 23, inclusive, as set though set

16  forth at length herein in response to ¶ 24 of the Complaint.

17  25.   TMW is informed and believes, based upon a plain reading of the allegations, that

18  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

19  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

20  of the allegations of ¶ 25 of the Complaint.

21  26.   TMW is informed and believes, based upon a plain reading of the allegations, that

22  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

23  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

24  of the allegations of ¶ 26 of the Complaint.

25  27.   TMW is informed and believes, based upon a plain reading of the allegations, that

26  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

27  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

28  of the allegations of ¶ 27 of the Complaint.

1    28.    TMW is informed and believes, based upon a plain reading of the allegations, that

2    TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

3    TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

4    of the allegations of ¶ 28 of the Complaint.

5                          **SECOND CAUSE OF ACTION**

6                      (*Negligence-Ameriquest/Town vs. Title Defendants*)

7    29.    TMW respectfully realleges and incorporates its admissions, denials and/or

8    allegations as stated by TMW in response to Paragraphs 1 through 28, inclusive, as set though set

9    forth at length herein in response to ¶ 29 of the Complaint.

10    30.    TMW is informed and believes, based upon a plain reading of the allegations, that

11    TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

12    TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

13    of the allegations of ¶ 30 of the Complaint.

14    31.    TMW is informed and believes, based upon a plain reading of the allegations, that

15    TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

16    TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

17    of the allegations of ¶ 31 of the Complaint.

18    32.    TMW is informed and believes, based upon a plain reading of the allegations, that

19    TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

20    TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

21    of the allegations of ¶ 32 of the Complaint.

22    33.    TMW is informed and believes, based upon a plain reading of the allegations, that

23    TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

24    TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

25    of the allegations of ¶ 33 of the Complaint.

26    34.    TMW is informed and believes, based upon a plain reading of the allegations, that

27    TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

28    TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

1    of the allegations of ¶ 34 of the Complaint.

2         35.    TMW is informed and believes, based upon a plain reading of the allegations, that

3    TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

4    TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

5    of the allegations of ¶ 35 of the Complaint.

6         36.    TMW is informed and believes, based upon a plain reading of the allegations, that

7    TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

8    TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

9    of the allegations of ¶ 36 of the Complaint.

10        37.    TMW is informed and believes, based upon a plain reading of the allegations, that

11   TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

12   TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

13   of the allegations of ¶ 37 of the Complaint.

14                            **THIRD CAUSE OF ACTION**

15              (*Negligence Misrepresentation-Ameriquest/Town vs. Title Defendants*)

16        38.    TMW respectfully realleges and incorporates its admissions, denials and/or

17   allegations as stated by TMW in response to Paragraphs 1 through 37, inclusive, as set though set

18   forth at length herein in response to ¶ 38 of the Complaint.

19        39.    TMW is informed and believes, based upon a plain reading of the allegations, that

20   TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

21   TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

22   of the allegations of ¶ 39 of the Complaint.

23        40.    TMW is informed and believes, based upon a plain reading of the allegations, that

24   TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

25   TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

26   of the allegations of ¶ 40 of the Complaint.

27        41.    TMW is informed and believes, based upon a plain reading of the allegations, that

28   TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

1  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

2  of the allegations of ¶ 41 of the Complaint.

3       42.    TMW is informed and believes, based upon a plain reading of the allegations, that

4  TMW is not involved in said allegations.  Accordingly, and pursuant to <u>F.R.Civ.P</u>., Rule 8(b)(5),

5  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

6  of the allegations of ¶ 42 of the Complaint.

7       43.    TMW is informed and believes, based upon a plain reading of the allegations, that

8  TMW is not involved in said allegations.  Accordingly, and pursuant to <u>F.R.Civ.P</u>., Rule 8(b)(5),

9  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

10  of the allegations of ¶ 43 of the Complaint.

11       44.    TMW is informed and believes, based upon a plain reading of the allegations, that

12  TMW is not involved in said allegations.  Accordingly, and pursuant to <u>F.R.Civ.P</u>., Rule 8(b)(5),

13  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

14  of the allegations of ¶ 44 of the Complaint.

15       45.    TMW is informed and believes, based upon a plain reading of the allegations, that

16  TMW is not involved in said allegations.  Accordingly, and pursuant to <u>F.R.Civ.P</u>., Rule 8(b)(5),

17  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

18  of the allegations of ¶ 45 of the Complaint.

19  **FOURTH CAUSE OF ACTION**

20  (*Breach of Contract - Argent vs. Title Defendants*)

21       46.    TMW respectfully realleges and incorporates its admissions, denials and/or

22  allegations as stated by TMW in response to Paragraphs 1 through 45, inclusive, as set though set

23  forth at length herein in response to ¶ 46 of the Complaint.

24       47.    TMW is informed and believes, based upon a plain reading of the allegations, that

25  TMW is not involved in said allegations.  Accordingly, and pursuant to <u>F.R.Civ.P</u>., Rule 8(b)(5),

26  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

27  of the allegations of ¶ 47 of the Complaint.

28  ///

48.     TMW is informed and believes, based upon a plain reading of the allegations, that TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 48 of the Complaint.

49.     TMW is informed and believes, based upon a plain reading of the allegations, that TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 49 of the Complaint.

50.     TMW is informed and believes, based upon a plain reading of the allegations, that TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 50 of the Complaint.

**FIFTH CAUSE OF ACTION**

*(Breach of Contract - Argent vs. Broker Defendants)*

51.     TMW respectfully realleges and incorporates its admissions, denials and/or allegations as stated by TMW in response to Paragraphs 1 through 50, inclusive, as set though set forth at length herein in response to ¶ 51 of the Complaint.

52.     Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 52 of the Complaint as to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any purported acts or omissions, if any, by any other mortgage brokers.  Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies in part, the allegations of ¶ 52 of the Complaint as follows: [a]  that TMW entered into a Mortgage Broker Agreement with Argent; [b] that said Mortgage Broker Agreement speaks for itself; and [c] that TMW is a Broker Defendant listed on Argent's Exhibit B, however, to TMW's present knowledge, TMW is not a named party in any such lawsuits as identified in Exhibit B.   TMW is informed and believes that Argent's assertions regarding the efficacy of, and performance under, the asserted contract is but a conclusory allegation for which no response is required.  Except as expressly admitted, TMW denies the

1   allegations as set forth.

2        53.     Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and

3   denies in part, the allegations of ¶ 53 of the Complaint as follows: [a] TMW entered into a Broker

4   Agreement with Argent, and [b] said Broker Agreement speaks for itself.  TMW denies the Argent

5   allegations and any purported inference therefrom as said allegations may be directed to TMW on

6   grounds that, *inter alia*, [a] Argent was involved with the loans, inclusive of sending out their own

7   loan compliance packages for the borrower and Argent created/prepared the loan documents; [b]

8   Argent was the Lender on the loan until such time as the loan was subsequently sold to a third party;

9   [c] Argent's involvement in the loan process included underwriting the loan to verify that the

10  proposed borrower met the Argent loan program guidelines; [d] Argent prepared all relevant loan

11  documents (note, trust deeds, disclosures, *etcetera),* doing so only after Argent approved the

12  borrower for a loan under Argent's loan guidelines, including, but not limited to, Argent's own

13  review and final approval based upon Argent's independent determination of borrower's

14  qualifications and capacity to pay the loan;  [e] Argent's independent approval had to be granted by

15  Argent prior to the funding of the loan; [f] TMW properly complied with all Argent guidelines and

16  instructions; and [g]  the Thorguson loan through Argent was a Stated Income/No Asset ("SINA")

17  loan made in accordance with Argent's own SINA loan program guidelines and funded only after

18  Argent's independent investigation and review through Argent underwriting (for which Argent was

19  paid), and after Argent's approval of the loan based upon Argent's independent investigation of the

20  submitted loan package.  By Argent's own Agreement, Argent was the sole and exclusive decision

21  maker as to whether or not Argent would fund the Thorguson loan.   Except as expressly admitted,

22  TMW denies said allegations, inclusive of any purported inferences or presumptions.

23       54.     Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and

24  denies in part, the allegations of ¶ 54 of the Complaint as follows: [a] TMW entered into a Broker

25  Agreement with Argent, and [b] said Broker Agreement speaks for itself.  Except as expressly

26  admitted, TMW denies said allegations, inclusive of any purported inferences or presumptions.

27       55.     Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or

28  information sufficient to form a belief about the truth of the allegations of ¶ 55 of the Complaint as

1   to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any

2   purported acts or omissions, if any, by any other mortgage brokers, inclusive of any other lawsuits.

3   To TMW's present knowledge, TMW is not a named party in any such lawsuits as identified in

4   Exhibit B.  Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies

5   in part, the allegations of ¶ 55 of the Complaint as follows: [a] TMW entered into a Broker

6   Agreement with Argent, and [b] said Broker Agreement speaks for itself.  TMW denies any breach

7   of contract by TMW with respect to the Thorguson loan, on grounds that, *inter alia*, [a] Argent was

8   involved with the loans, inclusive of sending out their own loan compliance packages for the

9   borrower and Argent created/prepared the loan documents; [b] Argent was the Lender on the loan

10  until such time as the loan was subsequently sold to a third party; [c] Argent's involvement in the

11  loan process included underwriting the loan to verify that the proposed borrower met the Argent loan

12  program guidelines; [d] Argent prepared all relevant loan documents (note, trust deeds, disclosures,

13  *etcetera),* doing so only after Argent approved the borrower for a loan under Argent's loan

14  guidelines, including, but not limited to, Argent's own review and final approval based upon

15  Argent's independent determination of borrower's qualifications and capacity to pay the loan;  [e]

16  Argent's independent approval had to be granted by Argent prior to the funding of the loan; [f] TMW

17  properly complied with all Argent guidelines and instructions; and [g]  the Thorguson loan through

18  Argent was a Stated Income/No Asset ("SINA") loan made in accordance with Argent's own SINA

19  loan program guidelines and funded only after Argent's independent investigation and review

20  through Argent underwriting (for which Argent was paid), and after Argent's approval of the loan

21  based upon Argent's independent investigation of the submitted loan package.  By Argent's own

22  Agreement, Argent was the sole and exclusive decision maker as to whether or not Argent would

23  fund the Thorguson loan.  Except as expressly admitted, TMW denies said allegations, inclusive of

24  any purported inferences or presumptions.

25      56.     Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or

26  information sufficient to form a belief about the truth of the allegations of ¶ 56 of the Complaint as

27  to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any

28  purported acts or omissions, if any, by any other mortgage brokers, inclusive of any other lawsuits.

1   To TMW's present knowledge, TMW is not a named party in any such lawsuits as identified in

2   Exhibit B.  Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies

3   in part, the allegations of ¶ 56 of the Complaint as follows: [a] TMW entered into a Broker

4   Agreement with Argent, and [b] said Broker Agreement speaks for itself.  TMW denies the Argent

5   allegations and any purported inference therefrom as said allegations may be directed to TMW on

6   grounds that, *inter alia*, [a] Argent was involved with the loans, inclusive of sending out their own

7   loan compliance packages for the borrower and Argent created/prepared the loan documents; [b]

8   Argent was the Lender on the loan until such time as the loan was subsequently sold to a third party;

9   [c] Argent's involvement in the loan process included underwriting the loan to verify that the

10  proposed borrower met the Argent loan program guidelines; [d] Argent prepared all relevant loan

11  documents (note, trust deeds, disclosures, *etcetera),* doing so only after Argent approved the

12  borrower for a loan under Argent's loan guidelines, including, but not limited to, Argent's own

13  review and final approval based upon Argent's independent determination of borrower's

14  qualifications and capacity to pay the loan;  [e] Argent's independent approval had to be granted by

15  Argent prior to the funding of the loan; [f] TMW properly complied with all Argent guidelines and

16  instructions.  TMW denies that Argent sustained any damages as alleged arising from any breach of

17  contract by TMW.  TMW also denies that Argent is entitled to seek the extent of damages claimed

18  based upon a breach of contract claim.  Except as expressly admitted, TMW denies said allegations,

19  inclusive of any purported inferences or presumptions.

20                          **SIXTH CAUSE OF ACTION**

21                      (*Negligence-Argent vs. Title Defendants*)

22          57.    TMW respectfully realleges and incorporates its admissions, denials and/or

23  allegations as stated by TMW in response to Paragraphs 1 through 56, inclusive, as set though set

24  forth at length herein in response to ¶ 57 of the Complaint.

25          58.    TMW is informed and believes, based upon a plain reading of the allegations, that

26  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

27  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

28  of the allegations of ¶ 58 of the Complaint.

1   59.   TMW is informed and believes, based upon a plain reading of the allegations, that

2   TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

3   TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

4   of the allegations of ¶ 59 of the Complaint.

5   60.   TMW is informed and believes, based upon a plain reading of the allegations, that

6   TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

7   TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

8   of the allegations of ¶ 60 of the Complaint.

9   61.   TMW is informed and believes, based upon a plain reading of the allegations, that

10  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

11  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

12  of the allegations of ¶ 61 of the Complaint.

13  62.   TMW is informed and believes, based upon a plain reading of the allegations, that

14  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

15  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

16  of the allegations of ¶ 62 of the Complaint.

17  63.   TMW is informed and believes, based upon a plain reading of the allegations, that

18  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

19  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

20  of the allegations of ¶ 63 of the Complaint.

21  64.   TMW is informed and believes, based upon a plain reading of the allegations, that

22  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

23  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

24  of the allegations of ¶ 64 of the Complaint.

25  65.   TMW is informed and believes, based upon a plain reading of the allegations, that

26  TMW is not involved in said allegations.  Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

27  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

28  of the allegations of ¶ 65 of the Complaint.

**SEVENTH CAUSE OF ACTION**

(*Negligence-Argent vs. Broker Defendants*)

66.     TMW respectfully realleges and incorporates its admissions, denials and/or allegations as stated by TMW in response to Paragraphs 1 through 65, inclusive, as set though set forth at length herein in response to ¶ 66 of the Complaint.

67.     Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 67 of the Complaint as to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any purported acts or omissions, if any, by any other mortgage brokers.  Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 67 of the Complaint as to Argent's dealings with, or beliefs arising from dealings with, any title company, including any Argent beliefs with respect to duties owed/standard of care with respect to any title company, or any purported acts or omissions, if any, by any other title company.  Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies in part, the allegations of ¶ 67 of the Complaint as follows: [a]  that TMW entered into a Mortgage Broker Agreement with Argent; [b] that said Mortgage Broker Agreement speaks for itself; and [c] that TMW is a Broker Defendant listed on Argent's Exhibit B, however, to TMW's present knowledge, TMW is not a named party in any such lawsuits as identified in Exhibit B.   TMW is informed and believes that Argent's assertions regarding the efficacy of, and performance under, the asserted contract or under any purported theory of negligence, is but a conclusory allegation for which no response is required.  Except as expressly admitted, TMW denies the allegations as set forth.

68.     Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 68 of the Complaint as to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any purported acts or omissions, if any, by any other mortgage brokers. Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies in part, the allegations of ¶ 68 of the Complaint as follows: [a] TMW entered into a Broker Agreement with Argent, and [b] said Broker

1   Agreement speaks for itself.  TMW denies the Argent allegations and any purported inference

2   therefrom, inclusive of purported negligence in performance, as said allegations may be directed to

3   TMW on grounds that, *inter alia*, [a] Argent was involved with the loans, inclusive of sending out

4   their own loan compliance packages for the borrower and Argent created/prepared the loan

5   documents; [b] Argent was the Lender on the loan until such time as the loan was subsequently sold

6   to a third party; [c] Argent's involvement in the loan process included underwriting the loan to verify

7   that the proposed borrower met the Argent loan program guidelines; [d] Argent prepared all relevant

8   loan documents (note, trust deeds, disclosures, *etcetera),* doing so only after Argent approved the

9   borrower for a loan under Argent's loan guidelines, including, but not limited to, Argent's own

10  review and final approval based upon Argent's independent determination of borrower's

11  qualifications and capacity to pay the loan;  [e] Argent's independent approval had to be granted by

12  Argent prior to the funding of the loan; [f] TMW properly complied with all Argent guidelines and

13  instructions; and [g]  the Thorguson loan through Argent was a Stated Income/No Asset ("SINA")

14  loan made in accordance with Argent's own SINA loan program guidelines and funded only after

15  Argent's independent investigation and review through Argent underwriting (for which Argent was

16  paid), and after Argent's approval of the loan based upon Argent's independent investigation of the

17  submitted loan package.  By Argent's own Agreement, Argent was the sole and exclusive decision

18  maker as to whether or not Argent would fund the Thorguson loan.   Except as expressly admitted,

19  TMW denies said allegations, inclusive of any purported inferences or presumptions.

20          69.     Pursuant to <u>F.R.Civ.P.</u>, Rule 8(b)(5), TMW states that TMW lacks knowledge or

21  information sufficient to form a belief about the truth of the allegations of ¶ 69 of the Complaint as

22  to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any

23  purported acts or omissions, if any, by any other mortgage brokers.  Pursuant to <u>F.R.Civ.P.</u>, Rule

24  8(b)(4), TMW states that TMW admits in part, and denies in part, the allegations of ¶ 69 of the

25  Complaint as follows: [a] TMW entered into a Broker Agreement with Argent, and [b] said Broker

26  Agreement speaks for itself  TMW denies the Argent allegations and any purported inference

27  therefrom, inclusive of purported negligence in performance, as said allegations may be directed to

28  TMW on grounds that, *inter alia,* [a] Argent was involved with the loans, inclusive of sending out

1   their own loan compliance packages for the borrower and providing Argent created/prepared  loan

2   documents; [b] Argent was the Lender on the loan until such time as the loan was subsequently sold

3   to a third party; [c] Argent's involvement in the loan process included underwriting the loan to verify

4   that the proposed borrower met the Argent loan program guidelines; [d] Argent prepared all relevant

5   loan documents (note, trust deeds, disclosures, *etcetera),* doing so only after Argent approved the

6   borrower for a loan under Argent's loan guidelines, including, but not limited to, Argent's own

7   review and final approval based upon Argent's independent determination of borrower's

8   qualifications and capacity to pay the loan;  [e] Argent's independent approval had to be granted by

9   Argent prior to the funding of the loan; [f] TMW properly complied with all Argent guidelines and

10  instructions, inclusive of substantial compliance with any relevant duty or obligation required; and

11  [g]  the Thorguson loan through Argent was a Stated Income/No Asset ("SINA") loan made in

12  accordance with Argent's own SINA loan program guidelines and funded only after Argent's

13  independent investigation and review through Argent underwriting (for which Argent was paid), and

14  after Argent's approval of the loan based upon Argent's independent investigation of the submitted

15  loan package.  By Argent's own Agreement, Argent was the sole and exclusive decision maker as

16  to whether or not Argent would fund the Thorguson loan.  Except as expressly admitted, TMW

17  denies said allegations, inclusive of any purported inferences or presumptions.

18          70.     Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or

19  information sufficient to form a belief about the truth of the allegations of ¶ 70 of the Complaint as

20  to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any

21  purported acts or omissions, if any, by any other mortgage brokers, inclusive of any other lawsuits.

22  To TMW's present knowledge, TMW is not a named party in any such lawsuits as identified in

23  Exhibit B.  Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies

24  in part, the allegations of ¶ 70 of the Complaint as follows: [a] TMW entered into a Broker

25  Agreement with Argent, and [b] said Broker Agreement speaks for itself.  TMW denies any

26  negligence via any breach of duty to induce Argent to make a loan as alleged on the part of TMW

27  with respect to the Thorguson loan, on grounds that, *inter alia,* [a] Argent was involved with the

28  loans, inclusive of sending out their own loan compliance packages for the borrower and Argent

1   created/prepared the loan documents; [b] Argent was the Lender on the loan until such time as the

2   loan was subsequently sold to a third party; [c] Argent's involvement in the loan process included

3   underwriting the loan to verify that the proposed borrower met the Argent loan program guidelines;

4   [d] Argent prepared all relevant loan documents (note, trust deeds, disclosures, *etcetera),* doing so

5   only after Argent approved the borrower for a loan under Argent's loan guidelines, including, but

6   not limited to, Argent's own review and final approval based upon Argent's independent

7   determination of borrower's qualifications and capacity to pay the loan; [e] Argent's independent

8   approval had to be granted by Argent prior to the funding of the loan; [f] TMW properly complied

9   with all Argent guidelines and instructions; and [g] the Thorguson loan through Argent was a Stated

10  Income/No Asset ("SINA") loan made in accordance with Argent's own SINA loan program

11  guidelines and funded only after Argent's independent investigation and review through Argent

12  underwriting (for which Argent was paid), and after Argent's approval of the loan based upon

13  Argent's independent investigation of the submitted loan package.  By Argent's own Agreement,

14  Argent was the sole and exclusive decision maker as to whether or not Argent would fund the

15  Thorguson loan.  Except as expressly admitted, TMW denies said allegations, inclusive of any

16  purported inferences or presumptions.

17      71.     Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or

18  information sufficient to form a belief about the truth of the allegations of ¶ 71 of the Complaint as

19  to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any

20  purported acts or omissions, if any, by any other mortgage brokers, inclusive of any other lawsuits.

21  To TMW's present knowledge, TMW is not a named party in any such lawsuits as identified in

22  Exhibit B.  Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies

23  in part, the allegations of ¶ 71 of the Complaint as follows: [a] TMW entered into a Broker

24  Agreement with Argent, and [b] said Broker Agreement speaks for itself.  TMW denies any

25  negligence via any alleged foreseeability of harm on the part of TMW with respect to the Thorguson

26  loan, on grounds that, *inter alia,* [a] Argent was involved with the loans, inclusive of sending out

27  their own loan compliance packages for the borrower and Argent created/prepared the loan

28  documents; [b] Argent was the Lender on the loan until such time as the loan was subsequently sold

1    to a third party; [c] Argent's involvement in the loan process included underwriting the loan to verify
2    that the proposed borrower met the Argent loan program guidelines; [d] Argent prepared all relevant
3    loan documents (note, trust deeds, disclosures, *etcetera),* doing so only after Argent approved the
4    borrower for a loan under Argent's loan guidelines, including, but not limited to, Argent's own
5    review and final approval based upon Argent's independent determination of borrower's
6    qualifications and capacity to pay the loan; [e] Argent's independent approval had to be granted by
7    Argent prior to the funding of the loan; [f] TMW properly complied with all Argent guidelines and
8    instructions; and [g] the Thorguson loan through Argent was a Stated Income/No Asset ("SINA")
9    loan made in accordance with Argent's own SINA loan program guidelines and funded only after
10   Argent's independent investigation and review through Argent underwriting (for which Argent was
11   paid), and after Argent's approval of the loan based upon Argent's independent investigation of the
12   submitted loan package.  By Argent's own Agreement, Argent was the sole and exclusive decision
13   maker as to whether or not Argent would fund the Thorguson loan.  Except as expressly admitted,
14   TMW denies said allegations, inclusive of any purported inferences or presumptions.

15        72.    Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or
16   information sufficient to form a belief about the truth of the allegations of ¶ 72 of the Complaint as
17   to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any
18   purported acts or omissions, if any, by any other mortgage brokers, inclusive of any other lawsuits.
19   To TMW's present knowledge, TMW is not a named party in any such lawsuits as identified in
20   Exhibit B.  Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies
21   in part, the allegations of ¶ 72 of the Complaint as follows: [a] TMW entered into a Broker
22   Agreement with Argent, and [b] said Broker Agreement speaks for itself.  TMW denies any
23   negligence via any alleged foreseeability of harm on the part of TMW with respect to the Thorguson
24   loan, on grounds that, *inter alia,* [a] Argent was involved with the loans, inclusive of sending out
25   their own loan compliance packages for the borrower and Argent created/prepared the loan
26   documents; [b] Argent was the Lender on the loan until such time as the loan was subsequently sold
27   to a third party; [c] Argent's involvement in the loan process included underwriting the loan to verify
28   that the proposed borrower met the Argent loan program guidelines; [d] Argent prepared all relevant

1   loan documents (note, trust deeds, disclosures, *etcetera),* doing so only after Argent approved the

2   borrower for a loan under Argent's loan guidelines, including, but not limited to, Argent's own

3   review and final approval based upon Argent's independent determination of borrower's

4   qualifications and capacity to pay the loan; [e] Argent's independent approval had to be granted by

5   Argent prior to the funding of the loan; [f] TMW properly complied with all Argent guidelines and

6   instructions; and [g] the Thorguson loan through Argent was a Stated Income/No Asset ("SINA")

7   loan made in accordance with Argent's own SINA loan program guidelines and funded only after

8   Argent's independent investigation and review through Argent underwriting (for which Argent was

9   paid), and after Argent's approval of the loan based upon Argent's independent investigation of the

10  submitted loan package. By Argent's own Agreement, Argent was the sole and exclusive decision

11  maker as to whether or not Argent would fund the Thorguson loan. TMW denies that Argent

12  sustained any damages as alleged arising from any act or omission on the part of TMW. Except as

13  expressly admitted, TMW denies said allegations, inclusive of any purported inferences or

14  presumptions.

15                              **EIGHTH CAUSE OF ACTION**

16                  (*Negligence Misrepresentation-Argent vs. Title Defendants*)

17          73.     TMW respectfully realleges and incorporates its admissions, denials and/or

18  allegations as stated by TMW in response to Paragraphs 1 through 72, inclusive, as set though set

19  forth at length herein in response to ¶ 73 of the Complaint.

20          74.     TMW is informed and believes, based upon a plain reading of the allegations, that

21  TMW is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

22  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

23  of the allegations of ¶ 74 of the Complaint.

24          75.     TMW is informed and believes, based upon a plain reading of the allegations, that

25  TMW is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5),

26  TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth

27  of the allegations of ¶ 75 of the Complaint.

28  ///

1        76.     TMW is informed and believes, based upon a plain reading of the allegations, that TMW is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 76 of the Complaint.

77.     TMW is informed and believes, based upon a plain reading of the allegations, that TMW is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 77 of the Complaint.

78.     TMW is informed and believes, based upon a plain reading of the allegations, that TMW is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 78 of the Complaint.

79.     TMW is informed and believes, based upon a plain reading of the allegations, that TMW is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 79 of the Complaint.

80.     TMW is informed and believes, based upon a plain reading of the allegations, that TMW is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 80 of the Complaint.

## NINTH CAUSE OF ACTION

*(Negligence Misrepresentation-Argent vs. Broker Defendants)*

81.     TMW respectfully realleges and incorporates its admissions, denials and/or allegations as stated by TMW in response to Paragraphs 1 through 80, inclusive, as set though set forth at length herein in response to ¶ 81 of the Complaint.

82.     Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 82 of the Complaint as to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any

1     purported acts or omissions, if any, by any other mortgage brokers.  Pursuant to <u>F.R.Civ.P.</u>, Rule 9,

2     Argent has failed to comply with the rules of pleading, *inter alia*, Argent asserts intentional acts of

3     concealment to misrepresent facts and defraud (which TMW denies), but Argent pleads no facts

4     upon which to place TMW on requisite notice; *contra*, Argent pleads merely unsupported conclusory

5     allegations.  Further, TMW is informed and believes the purported plaintiff in the underlying lawsuit,

6     to which Argent makes reference, does not have standing /capacity to sue.  Pursuant to <u>F.R.Civ.P.</u>,

7     Rule 8(b)(4), TMW states that TMW admits in part, and denies in part, the allegations of ¶ 82 of the

8     Complaint as follows: [a]  that TMW entered into a Mortgage Broker Agreement with Argent; [b]

9     that said Mortgage Broker Agreement speaks for itself; and [c] that TMW is a Broker Defendant

10    listed on Argent's Exhibit B, however, to TMW's present knowledge, TMW is not a named party

11    in any such lawsuits as identified in Exhibit B.   TMW is informed and believes that Argent's

12    assertions regarding allegations under any purported theory of negligent misrepresentation as to

13    TMW, is but a conclusory allegation for which no response is required,   Except as expressly

14    admitted, TMW denies the allegations as set forth.

15        83.     Pursuant to <u>F.R.Civ.P.</u>, Rule 8(b)(5), TMW states that TMW lacks knowledge or

16    information sufficient to form a belief about the truth of the allegations of ¶ 83 of the Complaint as

17    to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any

18    purported acts or omissions, if any, by any other mortgage brokers. Pursuant to <u>F.R.Civ.P.</u>, Rule 9,

19    Argent has failed to comply with the rules of pleading, *inter alia*, Argent asserts intentional acts of

20    concealment to misrepresent facts and defraud (which TMW denies), but Argent pleads no facts

21    upon which to place TMW on requisite notice; *contra*, Argent pleads merely unsupported conclusory

22    allegations.  Pursuant to <u>F.R.Civ.P.</u>, Rule 8(b)(4), TMW states that TMW admits in part, and denies

23    in part, the allegations of ¶ 83 of the Complaint as follows: [a] TMW entered into a Broker

24    Agreement with Argent, and [b] said Broker Agreement speaks for itself.  TMW denies the Argent

25    allegations and any purported inference therefrom, inclusive of purported negligence in performance,

26    as said allegations may be directed to TMW on grounds that, *inter alia*, [a] Argent was involved with

27    the loans, inclusive of sending out their own loan compliance packages for the borrower and Argent

28    created/prepared the loan documents; [b] Argent was the Lender on the loan until such time as the

loan was subsequently sold to a third party; [c] Argent's involvement in the loan process included underwriting the loan to verify that the proposed borrower met the Argent loan program guidelines; [d] Argent prepared all relevant loan documents (note, trust deeds, disclosures, *etcetera),* doing so only after Argent approved the borrower for a loan under Argent's loan guidelines, including, but not limited to, Argent's own review and final approval based upon Argent's independent determination of borrower's qualifications and capacity to pay the loan; [e] Argent's independent approval had to be granted by Argent prior to the funding of the loan; [f] TMW properly complied with all Argent guidelines and instructions; and TMW did not, *inter alia*, conceal any material facts of which it had knowledge and [g] the Thorguson loan through Argent was a Stated Income/No Asset ("SINA") loan made in accordance with Argent's own SINA loan program guidelines and funded only after Argent's independent investigation and review through Argent underwriting (for which Argent was paid), and after Argent's approval of the loan based upon Argent's independent investigation of the submitted loan package.  By Argent's own Agreement, Argent was the sole and exclusive decision maker as to whether or not Argent would fund the Thorguson loan, as based upon its own independent investigation.   Except as expressly admitted, TMW denies said allegations, inclusive of any purported inferences or presumptions.

84.    Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 84 of the Complaint as to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any purported acts or omissions, if any, by any other mortgage brokers.  Pursuant to F.R.Civ.P., Rule 9, Argent has failed to comply with the rules of pleading, *inter alia*, Argent asserts intentional acts of concealment to misrepresent facts and defraud, despite also claiming negligent action, (both of which TMW denies), but Argent pleads no facts upon which to place TMW on requisite notice; *contra,* Argent pleads merely unsupported conclusory allegations.  Pursuant to F.R.Civ.P., Rule 8(b)(4), TMW states that TMW admits in part, and denies in part, the allegations of ¶ 84 of the Complaint as follows: [a] TMW entered into a Broker Agreement with Argent, and [b] said Broker Agreement speaks for itself.  TMW denies the Argent allegations and any purported inference therefrom, inclusive of purported negligence in performance, as said allegations may be directed to TMW on

1    grounds that, *inter alia*, [a] Argent was involved with the loans, inclusive of sending out their own

2    loan compliance packages for the borrower and providing Argent created/prepared loan documents;

3    [b] Argent was the Lender on the loan until such time as the loan was subsequently sold to a third

4    party; [c] Argent's involvement in the loan process included underwriting the loan to verify that the

5    proposed borrower met the Argent loan program guidelines; [d] Argent prepared all relevant loan

6    documents (note, trust deeds, disclosures, *etcetera),* doing so only after Argent approved the

7    borrower for a loan under Argent's loan guidelines, including, but not limited to, Argent's own

8    review and final approval based upon Argent's independent determination of borrower's

9    qualifications and capacity to pay the loan; [e] Argent's independent approval had to be granted by

10   Argent prior to the funding of the loan; [f] TMW properly complied with all Argent guidelines and

11   instructions, inclusive of substantial compliance with any relevant duty or obligation required; and

12   [g] the Thorguson loan through Argent was a Stated Income/No Asset ("SINA") loan made in

13   accordance with Argent's own SINA loan program guidelines and funded only after Argent's

14   independent investigation and review through Argent underwriting (for which Argent was paid), and

15   after Argent's approval of the loan based upon Argent's independent investigation of the submitted

16   loan package.  By Argent's own Agreement, Argent was the sole and exclusive decision maker as

17   to whether or not Argent would fund the Thorguson loan.  Except as expressly admitted, TMW

18   denies said allegations, inclusive of any purported inferences or presumptions.

19       85.    Pursuant to F.R.Civ.P., Rule 8(b)(5), TMW states that TMW lacks knowledge or

20   information sufficient to form a belief about the truth of the allegations of ¶ 85 of the Complaint as

21   to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any

22   purported acts or omissions, if any, by any other mortgage brokers.  Pursuant to F.R.Civ.P., Rule 9,

23   Argent has failed to comply with the rules of pleading, *inter alia*, Argent asserts intentional acts of

24   concealment to misrepresent facts and defraud, despite also claiming negligent action, (both of which

25   TMW denies), but Argent pleads no facts upon which to place TMW on requisite notice; *contra*,

26   Argent pleads merely unsupported conclusory allegations. Pursuant to F.R.Civ.P., Rule 8(b)(4),

27   TMW states that TMW admits in part, and denies in part, the allegations of ¶ 85 of the Complaint

28   as follows: [a] TMW entered into a Broker Agreement with Argent, and [b] said Broker Agreement

speaks for itself. TMW denies the Argent allegations and any purported inference therefrom, inclusive of any purported concealment, misrepresentation, and/or act, omission or negligence in performance, as said allegations may be directed to TMW on grounds that, *inter alia*, [a] Argent was involved with the loans, inclusive of sending out their own loan compliance packages for the borrower and providing Argent created/prepared loan documents; [b] Argent was the Lender on the loan until such time as the loan was subsequently sold to a third party; [c] Argent's involvement in the loan process included underwriting the loan to verify that the proposed borrower met the Argent loan program guidelines; [d] Argent prepared all relevant loan documents (note, trust deeds, disclosures, *etcetera),* doing so only after Argent approved the borrower for a loan under Argent's loan guidelines, including, but not limited to, Argent's own review and final approval based upon Argent's independent determination of borrower's qualifications and capacity to pay the loan; [e] Argent's independent approval had to be granted by Argent prior to the funding of the loan; [f] TMW properly complied with all Argent guidelines and instructions, inclusive of substantial compliance with any relevant duty or obligation required; and [g] the Thorguson loan through Argent was a Stated Income/No Asset ("SINA") loan made in accordance with Argent's own SINA loan program guidelines and funded only after Argent's independent investigation and review through Argent underwriting (for which Argent was paid), and after Argent's approval of the loan based upon Argent's independent investigation of the submitted loan package. By Argent's own Agreement, and, *inter alia*, relying on its own independent investigations, Argent was the sole and exclusive decision maker as to whether or not Argent would fund the Thorguson loan. Except as expressly admitted, TMW denies said allegations, inclusive of any purported inferences or presumptions.

///

///

86.     Pursuant to <u>F.R.Civ.P.</u>, Rule 8(b)(5), TMW states that TMW lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶ 86 of the Complaint as to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any purported acts or omissions, if any, by any other mortgage brokers, inclusive of any other lawsuits. To TMW's present knowledge, TMW is not a named party in any such lawsuits as identified in Exhibit B.  Pursuant to <u>F.R.Civ.P.</u>, Rule 9, Argent has failed to comply with the rules of pleading, *inter alia*, Argent asserts intentional acts of concealment to misrepresent facts and defraud, despite also claiming negligent action, (both of which TMW denies), but Argent pleads no facts upon which to place TMW on requisite notice; *contra*, Argent pleads merely unsupported conclusory allegations. Pursuant to <u>F.R.Civ.P.</u>, Rule 8(b)(4), TMW states that TMW admits in part, and denies in part, the allegations of ¶ 86 of the Complaint as follows: [a] TMW entered into a Broker Agreement with Argent, and [b] said Broker Agreement speaks for itself.  TMW denies any act of concealment or misrepresentation intended to induce Argent to make a loan as alleged on the part of TMW with respect to the Thorguson loan, on grounds that, *inter alia*, [a] Argent was involved with the loans, inclusive of sending out their own loan compliance packages for the borrower and Argent created/prepared the loan documents; [b] Argent was the Lender on the loan until such time as the loan was subsequently sold to a third party; [c] Argent's involvement in the loan process included underwriting the loan to verify that the proposed borrower met the Argent loan program guidelines; [d] Argent prepared all relevant loan documents (note, trust deeds, disclosures, *etcetera),* doing so only after Argent approved the borrower for a loan under Argent's loan guidelines, including, but not limited to, Argent's own review and final approval based upon Argent's independent determination of borrower's qualifications and capacity to pay the loan;  [e] Argent's independent approval had to be granted by Argent prior to the funding of the loan; [f] TMW properly complied with all Argent guidelines and instructions; and [g] the Thorguson loan through Argent was a Stated Income/No Asset ("SINA") loan made in accordance with Argent's own SINA loan program guidelines and funded only after Argent's independent investigation and review through Argent underwriting (for which Argent was paid), and after Argent's approval of the loan based upon Argent's independent investigation of the submitted loan package.  By Argent's own Agreement,

1    Argent was the sole and exclusive decision maker as to whether or not Argent would fund the
2    Thorguson loan.  Except as expressly admitted, TMW denies said allegations, inclusive of any
3    purported inferences or presumptions.

4           87.    Pursuant to <u>F.R.Civ.P.</u>, Rule 8(b)(5), TMW states that TMW lacks knowledge or
5    information sufficient to form a belief about the truth of the allegations of ¶ 87 of the Complaint as
6    to Argent's dealings with, or beliefs arising from dealings with, any title company, or any purported
7    acts or omissions, if any, by any title company, *inter alia*, any purported reliance upon any purported
8    statement made by any title company.  Except as expressly admitted, TMW denies said allegations,
9    inclusive of any purported inferences or presumptions.

10         88.    Pursuant to <u>F.R.Civ.P.</u>, Rule 8(b)(5), TMW states that TMW lacks knowledge or
11   information sufficient to form a belief about the truth of the allegations of ¶ 88 of the Complaint as
12   to Argent's dealings with, or beliefs arising from dealings with, any title company, or any purported
13   acts or omissions, if any, by any title company, *inter alia*, any purported negligent misrepresentations
14   allegedly made by any title company and/or any purported damages claimed by Argent allegedly
15   arising from any title company's purported negligent representations.  Except as expressly admitted,
16   TMW denies said allegations, inclusive of any purported inferences or presumptions.

17   ///

28   ///

1

# TMW'S SEPARATE & AFFIRMATIVE DEFENSES

2

## FIRST AFFIRMATIVE DEFENSE

3     As a first, separate and affirmative defense, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>,

4 Rule 8[c], TMW is informed and believes, and thereon alleges that this Court lacks jurisdiction over

5 TMW.  Each affirmative defense herein is pled in the alternative.

6

## SECOND AFFIRMATIVE DEFENSE

7     As a second, separate and affirmative defense, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>,

8 Rule 8[c], TMW is informed and believes, and thereon alleges that venue is improper in this Court.

9

## THIRD AFFIRMATIVE DEFENSE

10     As a third, separate and affirmative defense, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>,

11 Rule 8[c], TMW is informed and believes, and thereon alleges that venue is more appropriate in the

12 Southern District of California on grounds that, *inter alia*, the facts and transactions relevant to this

13 action took place in San Diego, California; all of the true parties, relevant witnesses and information

14 are found in or about that District; and that the subject matter of the underlying lawsuit is real

15 property located in San Diego, California.  Each affirmative defense herein is pled in the alternative.

16

## FOURTH AFFIRMATIVE DEFENSE

17     As a fourth, separate and affirmative defense, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>,

18 Rule 8[c], TMW is informed and believes, and thereon alleges that the applicable statutes of

19 limitation under California law bar relief as pled in the Complaint.  Each affirmative defense herein

20 is pled in the alternative.

21

## FIFTH AFFIRMATIVE DEFENSE

22     As a fifth, separate and affirmative defense, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>,

23 Rule 8[c], TMW is informed and believes, and thereon alleges that the purported Plaintiff in the

24 underlying action lacks standing and/or the capacity to sue, and that Plaintiffs thereby have no

25 cognizable claim against TMW.   Each affirmative defense herein is pled in the alternative.

26

## SIXTH AFFIRMATIVE DEFENSE

27     As and for a sixth, separate and affirmative defense, and without admitting any of the

28 allegations of the Complaint, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>, Rule 8[c], TMW is

1 informed and believes, and thereon alleges that the Complaint fails to state facts sufficient to

2 constitute a cause of action against TMW.  Each affirmative defense herein is pled in the alternative.

3 **SEVENTH AFFIRMATIVE DEFENSE**

4 As and for a seventh, separate and affirmative defense, and without admitting any of the

5 allegations of the Complaint, and in accordance with, *inter alia*, F.R.Civ.P., Rule 8[c], TMW is

6 informed and believes, and thereon alleges that TMW substantially performed all duties and

7 obligations owed by it under the subject matter agreement, or was otherwise excused from

8 performance thereunder, in whole or part.  Each affirmative defense herein is plead in the alternative.

9 **EIGHTH AFFIRMATIVE DEFENSE**

10 As and for an eighth, separate and affirmative defense, and without admitting any of the

11 allegations of the Complaint, and in accordance with, *inter alia*, F.R.Civ.P., Rule 8[c], TMW is

12 informed and believes, and thereon alleges that TMW substantially performed its duties and

13 obligations under the subject matter agreement within the standards and practices of the industry,

14 and within the course and scope of reasonable commercial standards and legitimate business

15 transactions, specifically including as per the Plaintiffs' (specifically, Argent's) controlling

16 guidelines and instructions.  Each affirmative defense herein is pled in the alternative.

17 **NINTH AFFIRMATIVE DEFENSE**

18 As and for a ninth, separate and affirmative defense, and without admitting any of the

19 allegations of the Complaint, and in accordance with, *inter alia*, F.R.Civ.P., Rule 8[c], TMW is

20 informed and believes, and thereon alleges that any and all injuries and damages, if any, sustained

21 or suffered by the Plaintiff, were proximately caused and contributed to by the negligence and/or

22 affirmative wrongful conduct of Plaintiff, including, but not limited to, the failure to exercise

23 ordinary and reasonable care.  Each affirmative defense herein is pled in the alternative.

24 **TENTH AFFIRMATIVE DEFENSE**

25 As and for a tenth, separate and affirmative defense, and without admitting any of the

26 allegations of the Complaint, and in accordance with, *inter alia*, F.R.Civ.P., Rule 8[c], TMW is

27 informed and believes, and thereon alleges that if Plaintiff suffered or sustained any damages as

28 alleged in the Complaint, that said damage was proximately caused and contributed to by persons

1   other than TMW, and the liability of all responsible parties, named or unnamed, should be

2   apportioned according to the relative degrees of fault, and the liability, if any, of TMW should be

3   reduced, or barred, accordingly. Each affirmative defense herein is pled in the alternative.

4                              **ELEVENTH AFFIRMATIVE DEFENSE**

5          As and for an eleventh, separate and affirmative defense, and without admitting any of the

6   allegations of the Complaint, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>, Rule 8[c], TMW is

7   informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of Laches*.

8   Each affirmative defense herein is pled in the alternative.

9                               **TWELFTH AFFIRMATIVE DEFENSE**

10         As and for a twelfth, separate and affirmative defense, and without admitting any of the

11  allegations of the Complaint, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>, Rule 8[c], TMW is

12  informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of Waiver*.

13  Each affirmative defense herein is pled in the alternative.

14                            **THIRTEENTH AFFIRMATIVE DEFENSE**

15         As and for a thirteenth, separate and affirmative defense, and without admitting any of the

16  allegations of the Complaint, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>, Rule 8[c], TMW is

17  informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of*

18  *Estoppel*. Each affirmative defense herein is pled in the alternative.

19                            **FOURTEENTH AFFIRMATIVE DEFENSE**

20         As and for a fourteenth, separate and affirmative defense, and without admitting any of the

21  allegations of the Complaint, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>, Rule 8[c], TMW is

22  informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of*

23  *Ratification*. Each affirmative defense herein is pled in the alternative.

24                              **FIFTEENTH AFFIRMATIVE DEFENSE**

25         As and for a fifteenth, separate and affirmative defense, and without admitting any of the

26  allegations of the Complaint, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>, Rule 8[c], TMW is

27  informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of*

28  *Unclean Hands*. Each affirmative defense herein is pled in the alternative.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As and for a sixteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>, Rule 8[c], TMW is informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of In Pari Delicto* with parties other than TMW. Each affirmative defense herein is pled in the alternative.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As and for a seventeenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>, Rule 8[c], TMW is informed and believes, and thereon alleges the Complaint herein is barred, in whole or part, on ground that if there was any violation as pled or inferred from the pleading, any such violation was caused by the intervening and/or superceding acts of Plaintiffs or other third parties. Each affirmative defense herein is pled in the alternative.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As and for an eighteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia*, <u>F.R.Civ.P.</u>, Rule 8[c], TMW is informed and believes, and thereon alleges that Plaintiffs have failed to comply with the standards set forth in <u>F.R.Civ.P.</u>, Rules 8 and 9, thus failing to properly notify TMW of the claims asserted against it based upon non-conclusory of fact, and thus rendering the Complaint, at the least, uncertain. Further, TMW is informed and believes, and thereon alleges that Plaintiffs have failed to comply with the provisions of <u>F.R.Civ.P.</u>, Rule 11, inclusive of adequate inquiry, and have made unwarranted claims and unsupported factual contentions against TMW. Accordingly, TMW respectfully notifies Plaintiffs of TMW's Rule 11 issues, and TMW additionally and respectfully reserves the right to plead additional affirmative defenses and/or to plead counter or cross claims, inclusive by way of third party practice, upon proper application to this Court, and does not waive any such defenses presently unknown. Each affirmative defense herein is pled in the alternative.

///

///

1

## PRAYER

2    WHEREFORE, TMW respectfully prays judgment of this Honorable Court as follows

3    with respect to Plaintiffs' Fifth Amended Consolidated Third Party Complaint:

4        1.      That Plaintiffs Ameriquest Mortgage Company and/or Town & Country Credit

5    Corporation and/or Argent Mortgage Company take nothing by way of the Complaint herein as

6    against TMW;

7        2.      That judgment be entered in favor of TMW on the Complaint herein;

8        3.      That judgment be entered awarding TMW all costs of suit incurred herein;

9        4.      That judgment be entered awarding TMW all attorneys fees and costs incurred herein,

10   according to applicable law; and,

11       5.      That this Honorable Court grant all other and further relief, inclusive of interim/pre-

12   trial relief, as this Honorable Court deems just and proper.

13   DATED:   July 27, 2009                              **GILLASPEY & GILLASPEY**

14

15                                                            */s/ Steele N. Gillaspey*

16                                          By:    _____

                                                   Steele N. Gillaspey, Esq. (90784346)
17                                                 The NBC Tower
                                                   225 Broadway, Suite 2220
18                                                 San Diego, California 92101
                                                   Telephone:    619.234.3700
19                                                 E-Mail:       sng@g-glaw.com
                                                   Attorney for Third Party Defendant,
20                                                 THE MORTGAGE WORKS

21                               **DEMAND FOR JURY TRIAL**

22       Third Party Defendant, The Mortgage Works, hereby and herewith respectfully notifies this

23   Honorable Court and all parties of its demand for jury trial on all claims permitted to be so tried.

24   DATED:        July 27, 2009

25                                                            */s/ Steele N. Gillaspey*
                                            By:    _____
26                                                 Steele N. Gillaspey, Esq.

27

28