IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-CV-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen)<br><br>Designated Magistrate Judge: Honorable Morton Denlow |
| AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; and ARGENT MORTGAGE COMPANY LLC, a Delaware limited liability company,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>NORTHWEST TITLE AND ESCROW CORPORATION, a Minnesota corporation, and METRO TITLE COMPANY, D/B/A SIERRA TITLE OF CAMERON AND WILLACY COUNTIES, *et al.*<br><br>Third-Party Defendants. | |

### DEFENDANT SIERRA TITLE OF CAMERON AND WILLACY COUNTIES' ANSWER TO FIFTH AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT AND AFFIRMATIVE DEFENSES
#### DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THIRD PARTY DEFENDANT METRO TITLE COMPANY, INC. D/B/A SIERRA TITLE OF CAMERON AND WILLACY COUNTIES, a Texas Corporation ("Sierra"), duly licensed as a Title Insurance Agent by the Texas Department of Insurance, by and through its attorneys, and who for itself alone and for no other

1

defendant, hereby files this, its Answer to Third Party Plaintiffs' Ameriquest Mortgage Company ("Ameriquest"), Town & Country Credit Corporation ("Town & Country"), and Argent Mortgage Co., LLC ("Argent") [hereafter collectively referred to as "Plaintiffs"] Fifth Amended Consolidated Third Party Complaint (hereafter "the Complaint"), [filed as MDL Docket Number 2913] and admits, denies and/or alleges as follows:

### The Parties

1. Pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶1 of the Complaint.

2. Pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶2 of the Complaint.

3. Pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶3 of the Complaint.

4. SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶4 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their strict proofs. As further response, SIERRA denies as untrue any allegations that it committed any breach, negligence, fraud, or other wrongdoing.

5. Pursuant to F.R.Civ.P., Rule 8(b)(4), SIERRA states that SIERRA admits in part, and denies in part, the allegations of ¶5 of the Complaint as follows: (a) SIERRA admits that Argent is one of the parties who brought this action against SIERRA and (b) that Argent attached Exhibit B to the Complaint that has SIERRA's name on said list. Except as expressly admitted, SIERRA denies said allegations, inclusive of any purported inferences or presumptions.

2

Defendant Sierra Title Company of Cameron and Willacy Counties'
Answer to Fifth Amended Consolidated Third-Party Complaint
July 31, 2009

6. Pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶6 of the Complaint.

7. Pursuant to F.R.Civ.P., Rule 8(b)(4), SIERRA states that SIERRA admits in part, and denies in part, the allegations of ¶7 of the Complaint as follows: SIERRA admits that F.R.Civ.P., Rule 14 is the Rule that generally governs Third Party pleading. Except as expressly admitted, SIERRA denies said allegations, inclusive of any purported inferences or presumptions, including jurisdiction.

8. Pursuant to F.R.Civ.P., Rule 8(b)(4), SIERRA states that SIERRA admits in part, and denies in part, the allegations of ¶8 of the Complaint as follows: SIERRA admits that the MDL Rules are applicable and speak for themselves. Except as expressly admitted, SIERRA denies said allegations, inclusive of any purported inferences or presumptions, including venue.

### General Allegations for Ameriquest's, Town's and Argent's Claims Against The Title Defendants

9. Pursuant to F.R.Civ.P., Rule 8(b)(4), SIERRA states that SIERRA admits in part, and denies in part, the allegations of ¶9 of the Complaint as follows: [a] SIERRA admits that Plaintiffs allege that lawsuits have been filed and that Exhibits A and B contain Plaintiffs' list of the alleged lawsuits, and [b] SIERRA admits that it believes the lawsuits would speak for themselves and that no answer to all said lawsuits is required by SIERRA, including based upon the fact that, to SIERRA's present knowledge, SIERRA is not a named party in any of the lawsuits identified in Plaintiffs' Exhibits A or B. Except as expressly admitted, SIERRA denies said allegations, inclusive of any purported inferences or presumptions.

10. SIERRA lacks knowledge or information sufficient to form a belief about

3

the truth of the allegations of ¶10 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their strict proofs. As further response, SIERRA denies as untrue any allegations that it committed any breach, negligence, fraud, or other wrongdoing.

11. SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶11 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their strict proofs. As further response, SIERRA denies as untrue any allegations that it committed any breach, negligence, fraud, or other wrongdoing.

12. SIERRA admits the allegations contained in ¶12 of the Complaint.

13. SIERRA denies the allegations contained in ¶13 of the Complaint.

14. SIERRA denies the allegations contained in ¶14 of the Complaint.

15. SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶15 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their strict proofs. As further response, SIERRA denies as untrue any allegations that it committed any breach, negligence, fraud, or other wrongdoing.

16. SIERRA denies the allegations contained in ¶16 of the Complaint.

17. (a) SIERRA admits the allegations contained in paragraph 17(a) of the Complaint.

(b) SIERRA denies the allegations contained in paragraph 17(b) of the Complaint.

(c) SIERRA denies the allegations contained in paragraph 17(c) of the

4

Defendant Sierra Title Company of Cameron and Willacy Counties'
Answer to Fifth Amended Consolidated Third-Party Complaint
July 31, 2009

Complaint.

(d) SIERRA denies the allegations contained in paragraph 17(d) of the Complaint.

18. SIERRA denies the allegations contained in paragraph 18 of the Complaint.

### General Allegations for Argent's Claims Against the Mortgage Brokers

19. Pursuant to F.R.Civ.P., Rule 8(b)(4), SIERRA states that SIERRA admits in part, and denies in part, the allegations of ¶19 of the Complaint as follows: [a] SIERRA admits that Plaintiffs allege that lawsuits have been filed and [b] SIERRA admits that it believes the lawsuits would speak for themselves and that no answer thereto is required by SIERRA, including based on the fact that, to SIERRA's present knowledge, SIERRA is not a named party in any such lawsuits. Except as expressly admitted, SIERRA denies said allegations, inclusive of any purported inferences or presumptions.

20. Pursuant to F.R.Civ.P., Rule 8(b)(4), SIERRA states that SIERRA admits in part, and denies in part, the allegations of ¶20 of the Complaint as follows: SIERRA admits that Argent considers itself a "wholesale mortgage lender". Pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶20 of the Complaint with respect to Plaintiffs' definitions. SIERRA denies Argents' / Plaintiffs' allegations as follows: [a] Argent was involved with the loans, inclusive of sending out their own loan compliance packages for the borrower and Argent created/prepared the loan documents; [b] Argent was the Lender on the loan until such time as the loan was subsequently sold to a third party; [c] Argent's involvement in the loan process included underwriting the loan to verify that the proposed borrower met the Argent loan program guidelines; [d] Argent prepared all relevant loan documents (note, trust deeds, disclosures, *etcetera)*, doing so

5

only after Argent approved the borrower for a loan under Argent's loan guidelines, including, but not limited to, Argent's own review and final approval based upon Argent's determination of borrower's capacity to pay the Loan; and [e] Argent's independent approval had to be granted by Argent prior to the funding of the loan. Except as expressly admitted, SIERRA denies said allegations, inclusive of any purported inferences or presumptions.

21. SIERRA is informed and believes, based upon a plain reading of the allegations, that SIERRA is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶21 of the Complaint.

22. Pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶22 of the Complaint as to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any purported acts or omissions, if any, by any other mortgage brokers; and as to Argent's uncertain definitions, including but not limited to those regarding purported business practices and duties.

23. Pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶23 of the Complaint as to Argent's dealings with, or beliefs arising from dealings with, any other mortgage broker, or any purported acts or omissions, if any, by any other mortgage brokers.

## FIRST CAUSE OF ACTION

*(Breach of Contract - Ameriquest/Town vs. Title Defendants)*

24. SIERRA respectfully realleges and incorporates its admissions, denials and/or allegations as stated by SIERRA in response to Paragraphs 1 through 23,

6

Defendant Sierra Title Company of Cameron and Willacy Counties'
Answer to Fifth Amended Consolidated Third-Party Complaint
July 31, 2009

inclusive, as set though set forth at length herein in response to ¶24 of the Complaint.

25. SIERRA denies the allegations contained in ¶25 of the Complaint.

26. SIERRA denies the allegations contained in ¶26 of the Complaint.

27. SIERRA denies the allegations contained in ¶27 of the Complaint.

28. SIERRA denies the allegations contained in ¶28 of the Complaint.

## SECOND CAUSE OF ACTION

*(Negligence – Ameriquest / Town vs. Title Defendants)*

29. SIERRA respectfully realleges and incorporates its admissions, denials and/or allegations as stated by SIERRA in response to Paragraphs 1 through 28, inclusive, as set though set forth at length herein in response to ¶29 of the Complaint.

30. SIERRA admits the allegations contained in ¶30 of the Complaint.

31. SIERRA denies the allegations contained in ¶31 of the Complaint.

32. SIERRA denies the allegations contained in ¶32 of the Complaint.

33. SIERRA denies the allegations contained in ¶33 of the Complaint.

34. SIERRA denies the allegations contained in ¶34 of the Complaint.

35. SIERRA denies the allegations contained in ¶35 of the Complaint.

36. SIERRA denies the allegations contained in ¶36 of the Complaint.

37. SIERRA denies the allegations contained in ¶37 of the Complaint.

## THIRD CAUSE OF ACTION

*(Negligent Misrepresentation – Ameriquest / Town vs. Title Defendants)*

38. SIERRA respectfully realleges and incorporates its admissions, denials

7

Defendant Sierra Title Company of Cameron and Willacy Counties'
Answer to Fifth Amended Consolidated Third-Party Complaint
July 31, 2009

and/or allegations as stated by SIERRA in response to Paragraphs 1 through 37, inclusive, as set though set forth at length herein in response to ¶38 of the Complaint.

39. SIERRA denies the allegations contained in ¶39 of the Complaint.

40. SIERRA denies the allegations contained in ¶40 of the Complaint.

41. SIERRA denies the allegations contained in ¶41 of the Complaint.

42. SIERRA denies the allegations contained in ¶42 of the Complaint.

43. SIERRA denies the allegations contained in ¶43 of the Complaint.

44. SIERRA denies the allegations contained in ¶44 of the Complaint.

45. SIERRA denies the allegations contained in ¶45 of the Complaint.

## FOURTH CAUSE OF ACTION

*(Breach of Contract — Argent vs. Title Defendants)*

46. SIERRA respectfully realleges and incorporates its admissions, denials and/or allegations as stated by SIERRA in response to Paragraphs 1 through 45, inclusive, as set though set forth at length herein in response to ¶46 of the Complaint.

47. SIERRA denies the allegations contained in ¶47 of the Complaint.

48. SIERRA denies the allegations contained in ¶48 of the Complaint.

49. SIERRA denies the allegations contained in ¶49 of the Complaint.

50. SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶50 of the Complaint, and therefore neither admits nor denies same and leaves Plaintiffs to their strict proofs. As further response, SIERRA denies as untrue any allegations that it committed any breach, negligence, fraud, or other wrongdoing.

8

## FIFTH CAUSE OF ACTION
*(Breach of Contract — Argent vs. Broker Defendants)*

51. SIERRA respectfully realleges and incorporates its admissions, denials and/or allegations as stated by SIERRA in response to Paragraphs 1 through 50, inclusive, as set though set forth at length herein in response to ¶51 of the Complaint.

52. SIERRA is informed and believes, based upon a plain reading of the allegations, that SIERRA is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶52 of the Complaint.

53. SIERRA is informed and believes, based upon a plain reading of the allegations, that SIERRA is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶53 of the Complaint.

54. SIERRA is informed and believes, based upon a plain reading of the allegations, that SIERRA is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶54 of the Complaint.

55. SIERRA is informed and believes, based upon a plain reading of the allegations, that SIERRA is not involved in said allegations. Accordingly, and pursuant to F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶55 of the Complaint.

56. SIERRA is informed and believes, based upon a plain reading of the allegations, that SIERRA is not involved in said allegations. Accordingly, and pursuant to

Defendant Sierra Title Company of Cameron and Willacy Counties'
Answer to Fifth Amended Consolidated Third-Party Complaint
July 31, 2009

9

F.R.Civ.P., Rule 8(b)(5), SIERRA states that SIERRA lacks knowledge or information sufficient to form a belief about the truth of the allegations of ¶56 of the Complaint.

### SIXTH CAUSE OF ACTION

*(Negligence — Argent vs. Title Defendants)*

57. SIERRA respectfully realleges and incorporates its admissions, denials and/or allegations as stated by SIERRA in response to Paragraphs 1 through 56, inclusive, as set though set forth at length herein in response to ¶57 of the Complaint.

58. SIERRA admits the allegations contained in paragraph 58 of the Complaint

59. SIERRA denies the allegations contained in paragraph 59 of the Complaint.

60. SIERRA denies the allegations contained in paragraph 60 of the Complaint.

61. SIERRA denies the allegations contained in paragraph 61 of the Complaint.

62. SIERRA denies the allegations contained in paragraph 62 of the Complaint.

63. SIERRA denies the allegations contained in paragraph 63 of the Complaint.

64. SIERRA denies the allegations contained in paragraph 64 of the Complaint.

65. SIERRA denies the allegations contained in paragraph 65 the Complaint.

### SEVENTH CAUSE OF ACTION

*(Negligence — Argent vs. Broker Defendants)*

66. SIERRA is unable to admit or deny the allegations contained on paragraphs 66 through 72 of the Complaint.

### EIGHTH CAUSE OF ACTION

*(Negligent Misrepresentation — Argent vs. Title Defendants)*

10

73. SIERRA respectfully realleges and incorporates its admissions, denials and/or allegations as stated by SIERRA in response to Paragraphs 1 through 72, inclusive, as set though set forth at length herein in response to ¶73 of the Complaint.

74. SIERRA denies the allegations contained in paragraph 74 of the Complaint.

75. SIERRA denies the allegations contained in paragraph 75 of the Complaint.

76. SIERRA denies the allegations contained in paragraph 76 of the Complaint.

77. SIERRA denies the allegations contained in paragraph 77 of the Complaint.

78. SIERRA denies the allegations contained in paragraph 78 of the Complaint.

79. SIERRA denies the allegations contained in paragraph 79 of the Complaint.

80. SIERRA denies the allegations contained in paragraph 80 of the Complaint.

## NINTH CAUSE OF ACTION
*(Negligent Misrepresentation — Argent vs. Broker Defendants)*

81. SIERRA respectfully realleges and incorporates its admissions, denials and/or allegations as stated by SIERRA in response to Paragraphs 1 through 80, inclusive, as set though set forth at length herein in response to ¶81 of the Complaint.

### SIERRA'S SEPARATE & AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first, separate, and affirmative defense, and in accordance with, *inter alia*, F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges that this Court lacks jurisdiction over SIERRA. Each affirmative defense herein is pled in the alternative.

11

Defendant Sierra Title Company of Cameron and Willacy Counties'
Answer to Fifth Amended Consolidated Third-Party Complaint
July 31, 2009

## SECOND AFFIRMATIVE DEFENSE

As a second, separate and affirmative defense, and in accordance with, *inter alia*, F.RCiv.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges that venue is improper in this Court.

## THIRD AFFIRMATIVE DEFENSE

As a third, separate and affirmative defense, and in accordance with, *inter alia*, F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges that venue is more appropriate in the Southern District of California on grounds that, *inter alia*, the facts and transactions relevant to this action took place in San Diego, California; all of the true parties, relevant witnesses and information are found in or about that District; and that the subject matter of the underlying lawsuit is real property located in San Diego, California. Each affirmative defense herein is pled in the alternative.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and affirmative defense, and in accordance with, *inter alia*, E.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges that the applicable statutes of limitation under California law bar relief as pled in the Complaint. Each affirmative defense herein is pled in the alternative.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and affirmative defense, and in accordance with, *inter* alia, F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges that the

Defendant Sierra Title Company of Cameron and Willacy Counties'
Answer to Fifth Amended Consolidated Third-Party Complaint
July 31, 2009

12

purported Plaintiff in the underlying action lacks standing and/or the capacity to sue, and that Plaintiffs thereby have no cognizable claim against SIERRA. Each affirmative defense herein is pled in the alternative

### SIXTH AFFIRMATIVE DEFENSE

As and for a sixth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia,* F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges that the Complaint fails to state facts sufficient to constitute a cause of action against SIERRA. Each affirmative defense herein is pled in the alternative.

### SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia,* F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges that SIERRA substantially performed all duties and obligations owed by it under the subject matter agreement, or was otherwise excused from performance thereunder, in whole or part. Each affirmative defense herein is pled in the alternative.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia,* F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges that SIERRA substantially performed its duties and obligations under the subject matter agreement within the

13

Defendant Sierra Title Company of Cameron and Willacy Counties'
Answer to Fifth Amended Consolidated Third-Party Complaint
July 31, 2009

standards and practices of the industry, and within the course and scope of reasonable commercial standards and legitimate business transactions, specifically including as per the Plaintiffs' (specifically, Argent's) controlling guidelines and instructions. Each affirmative defense herein is pled in the alternative.

## NINTH AFFIRMATIVE DEFENSE

As and for a ninth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia*, F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges that any and all injuries and damages, if any, sustained or suffered by the Plaintiff, were proximately caused and contributed to by the negligence and/or affirmative wrongful conduct of Plaintiff, including, but not limited to, the failure to exercise ordinary and reasonable care. Each affirmative defense herein is pled in the alternative.

## TENTH AFFIRMATIVE DEFENSE

As and for a tenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia,* F.R.Civ.P, Rule 8[c], SIERRA is informed and believes, and thereon alleges that if Plaintiff suffered or sustained any damages as in the Complaint, that said damage was proximately caused and contributed to by persons other than SIERRA, and the liability of all responsible parties, named or unnamed, should be apportioned according to the relative degrees of fault, and the liability, if any, of SIERRA should be reduced, or barred, accordingly. Each affirmative defense herein is pled in the alternative.

14

Defendant Sierra Title Company of Cameron and Willacy Counties'
Answer to Fifth Amended Consolidated Third-Party Complaint
July 31, 2009

## ELEVENTH AFFIRMATIVE DEFENSE

As and for an eleventh, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia,* F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of Laches.* Each affirmative defense herein is pled in the alternative.

## TWELFTH AFFIRMATIVE DEFENSE

As and for a twelfth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia,* F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of Waiver.* Each affirmative defense herein is pled in the alternative.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for a thirteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia,* F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of Estoppel.* Each affirmative defense herein is pled in the alternative.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for a fourteenth, separate and affirmative defense, and without admitting

15

Defendant Sierra Title Company of Cameron and Willacy Counties'
Answer to Fifth Amended Consolidated Third-Party Complaint
July 31, 2009

any of the allegations of the Complaint, and in accordance with, *inter alia,* F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of Ratification.* Each affirmative defense herein is pled in the alternative.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for a fifteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia,* F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of Unclean Hands.* Each affirmative defense herein is pled in the alternative.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for a sixteenth, separate and affirmative defense, and without admitting any of the Allegations of the Complaint, and in accordance with, *inter alia,* E.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges the Complaint herein is barred by the *Doctrine of In Pari Delicto* with parties other than SIERRA. Each affirmative defense herein is pled in the alternative.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As and for a seventeenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia,* F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges the Complaint herein is barred, in whole or part, on ground that if there was any violation as pled or inferred from

16

the pleading, any such violation was caused by the intervening and/or superceding acts of Plaintiffs or other third parties. Each affirmative defense herein is pled in the alternative.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for an eighteenth, separate and affirmative defense, and without admitting any of the allegations of the Complaint, and in accordance with, *inter alia*, F.R.Civ.P., Rule 8[c], SIERRA is informed and believes, and thereon alleges that Plaintiffs have failed to comply with the standards set forth in F.R.Civ.P., Rules 8 and 9, thus failing to properly notify SIERRA of the claims asserted against it based upon non-conclusory of fact, and thus rendering the Complaint, at the least, uncertain. Further, SIERRA is informed and believes, and thereon alleges that Plaintiffs have failed to comply with the provisions of F.R.Civ.P., Rule 11, inclusive of adequate inquiry, and have made unwarranted claims and unsupported factual contentions against SIERRA. Accordingly, SIERRA respectfully notifies Plaintiffs of SIERRA's Rule 11 issues, and SIERRA additionally and respectfully reserves the right to plead additional affirmative defenses and/or to plead counter or cross claims, inclusive by way of third party practice, upon proper application to this Court, and does not waive any such defenses presently unknown. Each affirmative defense herein is pled in the alternative.

### PRAYER

WHEREFORE, Third Party Defendant METRO TITLE COMPANY, INC. D/B/A SIERRA TITLE OF CAMERON & WILLACY COUNTIES prays that Plaintiffs take nothing by their Fifth Amended Consolidated Third Party Complaint, and that Third Party Defendant Sierra have judgment of the Court for its damages, attorney's fees and

17

costs, and for any other and further relief, either at law or in equity, to which it may hereafter show itself entitled.

        Respectfully submitted,

        LAW OFFICE OF JOHN KING
        3409 N. 10th Street
        McAllen, Texas 78501
        Telephone: (956) 687-6294
        Telecopier: (956) 687-5514

        By: _____
            JOHN R. KING
            Texas Bar No: 11452000
            M. Steven Deck
            Texas Bar No: 05630175

        ATTORNEY FOR THIRD PARTY
        DEFENDANT **METRO TITLE**
        **COMPANY, INC. D/B/A SIERRA**
        **TITLE OF CAMERON & WILLACY**
        **COUNTIES**

Local Counsel:

Mr. Don F. Glickman
Mr. James A. Flesch
GLICKMAN, FLESCH & ROSENWEIN
230 West Monroe Street, Suite 800
Chicago, Illinois 60606

Dated: July 31, 2009

18

## DEMAND FOR JURY TRIAL

Third Party Defendant, METRO TITLE COMPANY, INC. D/B/A SIERRA TITLE OF CAMERON AND WILLACY COUNTIES, hereby and herewith respectfully notifies this Honorable Court and all parties of its demand for jury trial on all claims permitted to be so tried.

DATED: July 31, 2009

By: _____
JOHN R. KING

## CERTIFICATE OF SERVICE

I, JOHN KING, hereby certify that on this 31st day of July, 2009, a true and correct copy of the foregoing document was forwarded by facsimile to:

Bernard E. LeSage
Sarah K. Andrus
Buchalter Nemer, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400


Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

_____
JOHN KING

19

Defendant Sierra Title Company of Cameron and Willacy Counties'
Answer to Fifth Amended Consolidated Third-Party Complaint
July 31, 2009

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of Defendant Sierra Title of Cameron and Willacy Counties' Answer to Fifth Amended Consolidated Third-Party Complaint and Affirmative Defenses to be served by e-mail pursuant to the provisions of Fed.R.Civ.P. 5(b)(2)(D) or mail by depositing the same in the U.S. Mail at 230 West Monroe Street, Chicago, Illinois 60606, with proper postage prepaid, on July 31, 2009:

/s/ Don E. Glickman
One of the Attorneys for Metro Title Company, Inc.
d/b/a Sierra Title of Cameron and Willacy Counties