IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |

**THIRD-PARTY DEFENDANTS' MOTION TO DISMISS**
**FIFTH AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT**

Third-Party Defendants, through their undersigned Liaison Counsel, pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), hereby move to dismiss the Fifth Amended Consolidated Third-Party Complaint in the above-captioned case, and in support of such motion state as follows:

1. On October 14, 2008, this Court entered an order granting, in part, and denying, in part, a motion filed by the Third-Party Defendants on a consolidated basis to dismiss certain counts of Third-Party Plaintiff's Second Amended Consolidated Third-Party Complaint. (Docket Entry ("D.E.") # 2455).

2. On June 23, 2009, Third-Party Plaintiffs filed their Fifth Amended Consolidated Third-Party Complaint (the "Complaint"). In their Complaint, Third-Party Plaintiffs bring nine claims against the closing agents, brokers, and underwriters that comprise the Third-Party Defendants. Ameriquest filed three separate causes of action against the "Title Defendants": breach of contract, negligence and negligent

misrepresentation (Counts, I, II & III).  Argent filed the same three counts against both the "Title Defendants" and the "Broker Defendants" (Count IV - IX).

        3.      The claims set forth by Third-Party Plaintiffs fail as a matter of law and should be dismissed with prejudice because: (i) even after filing six different complaints, Third-Party Plaintiffs have still not sufficiently identified the contracts in their breach of contract claims as required by the U.S. Supreme Court's recent decision in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, (ii) their negligence claims are barred because they have not plead an extracontractual duty owed by Third-Party Defendants to Third-Party Plaintiffs, and (iii) their negligence and negligent misrepresentation claims are barred by the economic loss doctrine.  For these reasons, as set forth in more detail in Third-Party Defendants' Memorandum of Law in Support of Their Motion to Dismiss Fifth Amended Consolidated Third-Party Complaint, Third-Party Plaintiffs' claims fail as a matter of law.

        WHEREFORE, Third-Party Defendants respectfully request that, pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismiss all Third-Party Plaintiff claims with prejudice.

| | |
|---|---|
| Dated:  July 31, 2009 | By: /s/ David Chizewer<br>*Liaison Counsel for Third-Party Defendants and counsel for National Real Estate Information Services, Inc.*<br><br>David J. Chizewer<br>Steven A. Levy<br>Kerry D. Nelson<br>GOLDBERG KOHN BELL BLACK<br> ROSENBLOOM & MORITZ, LTD.<br>55 East Monroe Street<br>Suite 3300<br>Chicago, Illinois  60603<br>Telephone (312) 201-4000<br>Facsimile (312) 332-2196 |

**CERTIFICATE OF SERVICE**

    I, David J. Chizewer, hereby certify that on this 31st day of July 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                            By: /s/ David J. Chizewer