- 1 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> (Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO: <br><br> *Antone L. Jones and Yolanda S. Jones v. Citigroup, Inc., et al.*; Case No. 09CV3258 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC ANSWER AND
AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs ANTONE L. JONES' and YOLANDA S. JONES' ("Plaintiffs") Complaint as follows.

**COMPLAINT**

NOW COME the Plaintiffs, ANTONE L. JONES and YOLANDA S. JONES, by and through their attorneys, Matton & Grossman, PC, and complain against Defendants, CITIGROUP INC. and ARGENT MORTGAGE COMPANY, LLC, and in support thereof state as follows:

**I. PRELIMINARY STATEMENT**

1. This Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601 (hereinafter referred to as "TILA") to enforce the Plaintiffs' right to rescind a consumer credit transaction, to void the Defendants' security interest in the Plaintiffs' residence located at 20829 Greenwood Center Court, Olympia Fields, IL 60461, and to recover statutory damages,

- 1 -

- 2 -

reasonable attorney's fees and costs by reason of the Defendants' violations of the Act and

Regulation Z, 12 CFR, § 226 (hereinafter referred to as "Regulation Z").

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Defendant denies any remaining allegations in paragraph 1.

## II. JURISDICTION

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337. The Court has authority to issue declaratory judgment by virtue of 28 U.S.C. § 2201.

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** Paragraph 3 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 3.

## III. PARTIES

4. The Plaintiffs, ANTONE L. JONES and YOLANDA S. JONES, (hereinafter referred to as "Plaintiffs"), are natural persons, currently residing at 20829 Greenwood Center Court, Olympia Fields, IL 60461.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. Defendant, CITIGROUP INC., (hereinafter referred to as "CITIGROUP") is a corporation engaged in the business of consumer mortgage finance in the State of Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5. Defendant denies any remaining allegations in paragraph 5.

- 2 -

6. Defendant, CITIGROUP, has its principal place of business located at 399 Park Avenue, New York, NY 10043. Based on information and belief, at all times relevant hereto, Defendant, CITIGROUP, in the ordinary course of business, regularly extended or offered to extend consumer credit to consumers for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four (4) installments.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

7. Defendant, ARGENT MORTGAGE COMPANY, LLC, (hereinafter referred to as "ARGENT") is a corporation engaged in the business of consumer mortgage finance in the State of Illinois.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC, provided residential mortgage loans. Defendant denies any remaining allegations of paragraph 7.

8. Defendant, ARGENT, has its principal place of business located at One City Boulevard West, Orange, CA 92868. Based on information and belief, at all times relevant hereto, Defendant, ARGENT, in the ordinary course of business, regularly extended or offered to extend consumer credit to consumers for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four (4) installments.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC had its principal place of business located at One City Boulevard West, Orange, CA 92868. Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

### IV. FACTUAL ALLEGATIONS

9. On or about June 21, 2007, Plaintiffs entered into a consumer credit transaction (hereinafter "the Transaction") with ARGENT, in which the extended consumer credit was subject to a finance charge and which was payable to Defendant, ARGENT.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10. A true and accurate copy of the credit agreement evidencing the transaction is attached hereto marked as EXHIBIT "A", and by this reference is incorporated herein.

**ANSWER:** Paragraph 10 contains reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 10.

11. As part of the consumer credit transaction, Defendant, ARGENT, attempted to retain a security interest in 20829 Greenwood Center Court, Olympia Fields, IL 60461, which is used as Plaintiffs' principal dwelling.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. The security interest was not created to finance the acquisition or initial construction of Plaintiffs' dwelling.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13. A true and accurate copy of the mortgage evidencing Defendant, ARGENT's security interest is attached hereto, marked as EXHIBIT "B-1" and EXHIBIT "B-2", and by this reference is incorporated herein.

**ANSWER:** Paragraph 13 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant denies any remaining allegations in paragraph 13.

14. Based on information and belief, after the transaction between Plaintiffs and ARGENT, Defendant, CITIGROUP, either obtained ownership in the underlying Mortgage and/or Note, or became the servicer of the underlying Mortgage and/or Note.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

- 4 -

- 5 -

15. By virtue of originating the Mortgage and/or Note, ARGENT is an indispensable party to this litigation.

**ANSWER:** Paragraph 15 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 15.

16. By virtue of being a holder of the Mortgage and/or Note, CITIGROUP is an indispensable party to this litigation.

**ANSWER:** Paragraph 16 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 16.

### V. FIRST CAUSE OF ACTION

17. This consumer credit transaction was subject to the Plaintiffs' right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

**ANSWER:** Paragraph 17 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 17.

18. In the course of this consumer credit transaction, Defendant, ARGENT, violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiffs two (2) copies of 'a notice of the right to rescind, which:

  (A) Identified the transaction;

  (B) Clearly and conspicuously disclosed the security interest in the Plaintiffs' principal dwelling;

  (C) Clearly and conspicuously disclosed the Plaintiffs' right to rescind the transaction; and,

  (D) Clearly and conspicuously disclosed the date the rescission period expired.

**ANSWER:** Paragraph 18 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 18.

19. In, the course of this consumer credit transaction, Defendant, ARGENT, failed to deliver to Plaintiffs all "material" disclosures required by the Act and Regulation Z including the following:

- 5 -

    (A)    By failing to properly and accurately disclose the "amount financed," using that term in violation of Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A).

    (B)    By failing to properly and accurately disclose the "finance charge," using that term, in violation of Regulation Z §§ 226.4 and 22618(d) and 15 U.S.C. § 1638(a)(3).

    (C)    By failing to clearly and accurately disclose the "annual percentage rate," using that term, in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4).

    (D)    By failing to properly disclose the number, amounts, and timing of payments scheduled to repay the obligation, in violation of Regulation Z § 226.18(g) and 15 U.S.C. § 1638(a)(6).

    (E)    By failing to properly and accurately disclose the "total of payments," using that term, in violation of Regulation Z § 226.18(h) and 15 U.S.C. § 1638(a)(5).

**ANSWER:**    Paragraph 19 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 19.

    20.    Based on information and belief, Defendant, CITIGROUP, was aware of the violations attributable to Defendant, ARGENT, delineated in Paragraphs Eighteen (18) and Nineteen (19) above, pursuant to 15 U.S.C. § 1635(f), as either assignee or as a co-owner of the underlying Mortgage and/or Note.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

    21.    Said aforementioned violations of the TILA were apparent on the face of the documents which were to have been provided to Plaintiff, and by reason of the aforementioned material violations, delineated in Paragraphs Eighteen (18) and Nineteen (19) above, pursuant to 15 U.S.C. § 1635(f), Plaintiffs a right of rescission for three (3) years from the date of the consummation of the loan.

**ANSWER:**    Paragraph 21 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 21.

22. On May 29, 2008, Plaintiffs rescinded the transaction by sending a notice of rescission to ARGENT at Argent Mortgage Company, One City Boulevard, 9th Floor, Orange County, CA 92868 by U.S. Mail, postage prepaid, certified mail, return receipt requested.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23. A true and accurate copy of that notice of rescission referred to in Paragraph Twenty-Four (24) is attached hereto, marked EXHIBIT "C", and by this reference is incorporated herein.

**ANSWER:** Paragraph 23 contains reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 23.

24. The notice of rescission was received by ARGENT on or about June 2, 2008, and a copy of the return receipt evidencing such is attached hereto as EXHIBIT "D".

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24. Paragraph 24 contains reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 24.

25. More than twenty (20) calendar days have passed since the Defendant received Plaintiffs' notice of rescission.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

26. The Defendants, CITIGROUP and ARGENT, have failed to return to Plaintiffs any money or property given by Plaintiffs to anyone, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

**ANSWER:** Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies that Plaintiffs have the right to rescind their loan. Defendant denies the any remaining allegation in paragraph 26.

27. As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 135(a), 1640(a) and 1641(c), the Defendants, CITIGROUP and ARGENT are liable to Plaintiffs for:

(A) Rescission of this transaction;

(B) Termination of any security interest in Plaintiffs' property created under the transaction;

(C) Return of any money or property given by Plaintiffs to anyone in connection with this transaction;

(D) Statutory damages of $4,000.00 for each of the disclosure violations;

(E) Statutory damages of $4,000.00 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

(F) Forfeiture of return of loan proceeds;

(G) Actual damages in an amount to be determined at trial; and,

(H) Reasonable attorney fees as permitted by 12 U.S.C. §§ 1635, 1640.

**ANSWER:** Paragraph 21 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 21.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

- 9 -

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

BN 4163568v1

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

- 10 -

- 11 -

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: August 12, 2008

Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand (TWiegand@winston.com)
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

## CERTIFICATE OF SERVICE

      I, David E. Dahlquist, hereby certify that on this 12th day of August 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By:    /s/ David E. Dahlquist

BN 4163568v1
CHI:2294846.1