IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRA C. THOMPSON,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERIQUEST MORTGAGE COMPANY; JPMC SPECIALTY MORTGAGE, LLC, f/k/a WM SPECIALTY MORTGAGE, LLC; CHASE HOME FINANCE, LLC, and DOES 1-5,<br><br>        Defendants. | Case No. 07 C 323<br><br>(Originally 06 C 189 (W.D. Mich.))<br><br>(Transferred to Judge Aspen for Pretrial proceedings under MDL #1715, Lead Case #05 C 07097) |

CHASE HOME FINANCE, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Chase Home Finance, LLC ("Chase"), by its undersigned attorneys, responds to Plaintiff's Second Amended Complaint as follows:

INTRODUCTION

1.    Plaintiff Ira C. Thompson brings this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

ANSWER:    Chase admits that Plaintiff brings this action seeking the requested relief. Chase denies any wrongdoing and that Plaintiff is entitled to any relief as to Chase. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA).

ANSWER:    Chase admits the allegations of this paragraph.

3.    Defendants do business in the District and are deemed to reside here. Venue is therefore proper under 28 U.S.C. §1391(c).

ANSWER: Chase admits that it transacts business within the Northern District of Illinois. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

## PARTIES

4. Plaintiff Ira C. Thompson owns and resides in a home located at 4188 Syracuse St., Dearborn Heights, MI 48125.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

7. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

8. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

9. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004,

Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

10. Defendant Chase Home Finance, LLC is a foreign corporation which does business in Michigan and Illinois. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

ANSWER: Chase admits the allegations of this paragraph.

11. Defendant Chase Home Finance, LLC services loans some originated by Ameriquest Mortgage Company, including plaintiffs' and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

ANSWER: Chase admits that it services some loans originated by Ameriquest Mortgage Company, including plaintiffs' loan. Chase admits that as servicer it has an interest in plaintiffs' loan, including the right to receive payments under the loan. Chase further admits that in this action, plaintiffs purport to join Chase as a necessary party. Chase denies the remaining allegations of this paragraph.

12. Defendant JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

FACTS RELATING TO PLAINTIFFS

13. Prior to June 14, 2005, plaintiff applied for a mortgage with Ameriquest Mortgage Company. Al Clark was the Ameriquest employee who communicated with plaintiff at all relevant times.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

3

14. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

15. The loan was closed in plaintiff's home on June 14, 2005. The closer rushed through the closing documents and provided minimal explanation.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

16. According to the Good Faith Estimate and the preliminary Truth in Lending Disclosure, both dated May 4, 2005 and mailed to plaintiff before closing, plaintiff's interest rate would be 10.2% with monthly payments of $1,003. (Exhibits A & B, respectively).

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

17. Immediately prior to the closing, plaintiff was informed that the loan terms were being altered to his detriment, as set forth on Exhibit C.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

18. The following are documents relating to the loan:

    a. A note, Exhibit D.

    b. A mortgage, Exhibit E.

    c. A "summary of debts and disbursements," Exhibit F.

    d. A Truth in Lending disclosure statement, Exhibit G.

    e. The official Federal Reserve Board notice of right to cancel, Exhibit H. The copy of Exhibit H furnished to plaintiff was incomplete, as indicated.

    f. A different, "one week" (actually six days) notice of right to cancel, Exhibit I.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

19. At the closing, plaintiff saw that his rate had been raised to 11.99% with monthly payments of $1,156. (Plaintiff's note (Exhibit D) indicates that the initial rate (for the first two years only) is 11.9% fixed. Beginning in July, 2007, the rate can adjust upward by as much as 1.0% in each six-month period, and the rate can go as high as 17.99%!).

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of this paragraph. Chase admits that the remaining allegations of paragraph 19 purport to summarize the terms of Plaintiff's note and denies those allegations to the extent they are inconsistent with the note.

20. When plaintiff asked why the rate had changed, the closer denied having that information and promised plaintiff that he would be able to refinance for a lower, fixed rate six months later. The latter was a material representation for plaintiff.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

21. However, there is no language in the actual loan documents providing for plaintiff's right to refinance.

ANSWER: Chase denies the allegations of this paragraph to the extent they are inconsistent with plaintiff's loan documents or other documents reflecting the terms of Plaintiff's loan.

22. From December, 2005 to August 2006, plaintiff's wife, Lisa Thompson, called Ameriquest approximately once a month to refinance. Each time, plaintiff was rejected.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

23. In order to induce plaintiff to sign the loan, Ameriquest also represented to plaintiff that an appraisal performed by Precise Appraisals, Inc., (Exhibit J) showed that the home was worth $150,000.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5

24. Plaintiff and his wife had done work to their house, and their house had features that other nearby houses did not have, so they had no reason to doubt the accuracy of the appraisal at that time.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

25. Ameriquest did not provide plaintiff with a copy of the appraisal at the time of closing.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

26. When plaintiff requested a copy of the appraisal at closing, he was told the appraisal was for Ameriquest's records only, even though Ameriquest charged him $300 for it and even though he has a right under federal law to receive a copy.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

27. Plaintiff's wife called Ameriquest after the closing to again request a copy of the appraisal, and finally received it in the mail about one month later. It was accompanied by a letter that informed her that, by accepting a copy of the appraisal, her husband was accepting a host of terms and conditions, one of which is confidentiality and another of which is not to make any claims for damages against the appraiser or AMC (Exhibit J).

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

28. The appraisal report states that plaintiff's shower is ceramic tiled, which it is not (Exhibit J).

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

29. The appraisal report also states that the house contains all double-hung windows. (Exhibit J.) In fact, there are no double-hung windows in plaintiff's home.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

30. The appraisal report contains numerous other falsehoods that plaintiff will prove.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

31. In August 2006, plaintiff attempted to refinance with New Day Trust Mortgage and had another appraisal done by A.S.A.P. Appraisal, Inc., which showed that plaintiff's home was only actually worth $112,000.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

32. New Day Trust Mortgage discouraged plaintiff's application for refinancing, explaining that, if their loan were approved, plaintiff's mortgage indebtedness would exceed the actual value of his home. Most lenders will not approve of a loan for more than 80% of the value of the borrower's home, at least not without also imposing expensive private mortgage insurance ("PMI").

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

33. According to the results of a search of records of the Michigan Department of Labor and Economic Growth Bureau of Commercial Services, http://www.cis.state.mi.us/bcs free/default.asp?Facility=Yes), there is no licensed real estate appraiser by the name of Precise Appraisals, Inc., in the state of Michigan.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

34. Plaintiff relied on the appraised value in signing the loan documents.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

35. In fact, the home was over-appraised by approximately 25%.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

36. While Ameriquest's inflated the appraisal effectively prevents plaintiff from refinancing out of the loan, Ameriquest's high adjustable interest rate subjects plaintiff to ever

7

rising monthly mortgage payments. Thus, Ameriquest effectively trapped plaintiff in a predatory loan that he soon will be unable to afford.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

37. Plaintiff was charged a "loan discount," but, on information and belief, received no discount.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

38. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., then to Citi Residential Lending, Inc., and most recently to Chase Home Finance, LLC.

ANSWER: Chase admits that it currently services plaintiff's loan. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

39. On information and belief, JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, owns plaintiffs' loan.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

40. In the event JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

## COUNT I-TILA

41. Plaintiff incorporates paragraphs 1-40. This claim is against all defendants.

ANSWER: Chase incorporates its answers to paragraphs 1-40 as if fully set forth herein.

8

42. In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.** (15 U.S.C. § 1635(a)).

ANSWER: Chase admits that this paragraph purports to summarize and quote 15 U.S.C. § 1635(a), but denies that it is a complete quotation of this section and denies the remainder of this paragraph to the extent that it is inconsistent with 15 U.S.C. § 1635(a).

43. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.** (15 U.S.C. § 1635(b).)

ANSWER: Chase admits that this paragraph purports to summarize and quote 15 U.S.C. § 1635(b), but denies that it is a complete quotation of this section and denies the remainder of this paragraph to the extent that it is inconsistent with 15 U.S.C. § 1635(b).

44. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

ANSWER: Chase admits that this paragraph purports to summarize and quote 15 U.S.C. § 1635(a), but denies that it is a complete quotation of this section and denies the remainder of this paragraph to the extent that it is inconsistent with 15 U.S.C. § 1635(a).

45. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(l) the borrower's rescission rights.

ANSWER: Chase admits that Regulation Z was issued by the Board of Governors of the Federal Reserve System to implement the Federal Truth in Lending Act and denies the remainder of the first sentence of this paragraph. Chase admits that the second sentence of this paragraph paraphrases 12 C.F.R. § 226.23, but denies that it contains a complete quotation and denies this sentence to the extent that it is inconsistent with 12 C.F.R. § 226.23.

46. More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii) The consumer's right to rescind the transaction.**
>
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**
>
> **(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

ANSWER: Chase admits that this paragraph quotes a portion of 12 C.F.R. § 226.23(b)(1), but denies that it is a complete quotation of this section and denies this paragraph to the extent that it is inconsistent with 12 C.F.R. § 226.23(b)(1).

## DEFECTIVE NATURE OF DISCLOSURES

47. In connection with the plaintiff's loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiff's right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

### Incomplete Notices

48. The official Notice of Right to Cancel form delivered to plaintiff did not set forth the date the rescission period expired, a violation of 12 C.F.R. § 226.23(b)(1)(v).

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

### "One Week" Form

49. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

50. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month:

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

51. Finally, the "one week" notice contains the same ambiguous and confusing references to "borrower" and "owner" as defendants' version of the official Federal Reserve Board three-day notice.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

52. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit K</u>.

ANSWER: Chase denies that it received the notice of rescission attached as Exhibit K except as an attachment to this complaint. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

53. The loan has not been rescinded.

ANSWER: Chase admits the allegations of this paragraph.

54. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

ANSWER: Chase admits that this paragraph purports to summarize 15 U.S.C. §1641(c), but denies that this paragraph completely and accurately describes the law of assignee liability under TILA and 15 U.S.C. §1641(c)..

55. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**.

ANSWER: Chase admits that this paragraph contains a quotation from 15 U.S.C. §1635(g), but denies that this paragraph to the extent that it is inconsistent with 15 U.S.C. §1635(g).

WHEREFORE, Defendant, Chase Home Finance, LLC respectfully requests that the Court enter an order dismissing Count I of Plaintiff's Second Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

## COUNT II - MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT

56. Plaintiff incorporates paragraphs 1-40.

ANSWER: Chase incorporates its answers to paragraphs 1-40 as if fully set forth herein.

57. Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by engaging in "bait and switch" practices, i.e., promising the plaintiff a 10.2% interest rate in writing after obtaining sufficient financial information to provide an accurate quote (Exhibit A), and then altering these terms to the plaintiff's detriment immediately prior to closing by raising the interest rate to 11.99%. Exhibit C.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

58. Defendants also engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by substantially and artificially inflating the appraised value of plaintiff's house.

ANSWER: Chase denies the allegations of this paragraph to the extent they are directed at it. As to the other defendants, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

59. Defendants made the representation for the purpose of inducing plaintiff's reliance, in the form of plaintiff agreeing to borrower a higher principal.

ANSWER: Chase denies the allegations of this paragraph to the extent they are directed at it. As to the other defendants, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

60. Plaintiff was injured by the fraudulent overappraisal. His options for refinancing with reputable mortgage companies have been severely limited by defendants' actions. By means of the overappraisal, Ameriquest has effectively trapped plaintiff in his current, adjustable-rate mortgage.

ANSWER: Chase denies the allegations of this paragraph to the extent they are directed at it. As to the other defendants, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

61. In addition, the higher loan amount, based on the fraudulent overappraisal, has resulted in plaintiff paying more interest and fees than her [sic] would have with an honest appraisal.

ANSWER: Chase denies the allegations of this paragraph to the extent they are directed at it. As to the other defendants, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

62. Further, Ameriquest engaged in fraud, deceit and material misrepresentation, in violation of MCL § 445.1672 (b) by misrepresenting to plaintiff that he he [sic] could refinance for a lower, fixed rate after six months and then not actually allowing him to do so.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

63. Plaintiff was induced to transact with Ameriquest by means of these misrepresentations.

ANSWER: Chase denies the allegations of this paragraph to the extent they are directed at it. As to the other defendants, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

64. Defendant Ameriquest made these representations in the course of trade and commerce.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

65. Defendant Ameriquest made the representation for the purpose of inducing reliance, in the form of the plaintiffs transacting business with Ameriquest with the result of greater profits to Ameriquest.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

66. Plaintiff was injured by all of Ameriquest's misrepresentations.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

WHEREFORE, Defendant, Chase Home Finance, LLC respectfully requests that the Court enter an order dismissing Count II of Plaintiff's Second Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

## COUNT III – COMMON LAW FRAUD

67. Plaintiff incorporates paragraphs 1-40.

ANSWER: Chase incorporates its answers to paragraphs 1-40 as if fully set forth herein.

68. Defendants represented that plaintiff's house was worth $150,000.

ANSWER: Chase denies the allegations of this paragraph to the extent they are directed at it. As to the other defendants, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

69. This representation was false.

ANSWER: Chase denies the allegations of this paragraph to the extent they are directed at it. As to the other defendants, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

70. Defendants made this representation with knowledge that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion.

ANSWER: Chase denies the allegations of this paragraph to the extent they are directed at it. As to the other defendants, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

71. Defendants made this representation with the intent that it should be acted upon by plaintiff.

ANSWER: Chase denies the allegations of this paragraph to the extent they are directed at it. As to the other defendants, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

72. Plaintiff borrowed $112,499.00 from Ameriquest, in reliance on Ameriquest's representations that plaintiff qualified for the loan, based on the appraised value of his home.

ANSWER: Chase denies the allegations of this paragraph to the extent they are directed at it. As to the other defendants, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

73. Plaintiff has suffered an injury as a result of defendants' misrepresentations, as set forth above.

ANSWER: Chase denies the allegations of this paragraph to the extent they are directed at it. As to the other defendants, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

WHEREFORE, Defendant, Chase Home Finance, LLC respectfully requests that the Court enter an order dismissing Count III of Plaintiff's Second Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

## COUNT IV – BREACH OF CONTRACT

74. Plaintiff incorporates paragraphs 1-40.

ANSWER: Chase incorporates its answers to paragraphs 1-40 as if fully set forth herein.

75. This claim is against Ameriquest.

ANSWER: Chase admits that Plaintiff asserts this claim against Ameriquest.

76. Defendant undertook and contracted to lower plaintiff's interest rate if plaintiff paid a loan discount.

ANSWER: Chase states that this allegation is directed against Ameriquest and that therefore no response from Chase is necessary. To the extent that a response is required, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

77. Plaintiff paid a loan discount fee.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

78. In fact, defendant failed to lower plaintiff's interest rate in consideration therefor.

ANSWER: Chase states that this allegation is directed against Ameriquest and that therefore no response from Chase is necessary. To the extent that a response is required, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

79. Defendant thereby breached its contract.

ANSWER: Chase states that this allegation is directed against Ameriquest and that therefore no response from Chase is necessary. To the extent that a response is required, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

80. Plaintiff was damaged as a result.

ANSWER: Chase states that this allegation is directed against Ameriquest and that therefore no response from Chase is necessary. To the extent that a response is required, Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

WHEREFORE, Defendant, Chase Home Finance, LLC respectfully requests that the Court enter an order dismissing Count IV of Plaintiff's Second Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

CHASE HOME FINANCE, LLC'S
<u>AFFIRMATIVE DEFENSES</u>

Defendant, Chase Home Finance, LLC, ("Chase") states as follows for its affirmative defenses:

1. Plaintiffs' claims are barred by the applicable statutes of limitation.

2. Plaintiffs' claims are barred against Chase because Chase is solely the servicer of Plaintiffs' loan and not liable under TILA.

3. Plaintiff's claims are barred against Chase to the extent Chase is not subject to the Michigan Mortgage Brokers, Lenders and Servicers Lending Act, MCL § 445.1675

4. Chase reserves the right to assert additional affirmative defenses disclosed during discovery.

WHEREFORE, Defendant, Chase Home Finance, LLC respectfully requests that the Court enter an order dismissing Plaintiff's Second Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

| | |
|---|---|
| Date: August 14, 2009 | CHASE HOME FINANCE, LLC |
| | By: /s/ Michael G. Salemi |
| | One of its attorneys |

Stephen R. Meinertzhagen
Michael G. Salemi
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900

CERTIFICATE OF SERVICE

The undersigned, an attorney, on oath, deposes and states that on this 14th day of August, 2009, a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Amended Complaint was filed electronically. Notice of this filing will be sent to all attorneys who have registered for electronic filing via the Court's ECF system.

      /s/ Michael G. Salemi
      Michael G. Salemi