IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES CARTER and EVIE CARTER, ) | Case No. 06 C 3425 |
| ) | |
| Plaintiff, ) | (Originally 06 C 137 (N.D. Ind.)) |
| ) | |
| vs. ) | |
| ) | |
| AMERIQUEST MORTGAGE COMPANY, ) | |
| JPMC SPECIALTY MORTGAGE, LLC, ) | (Transferred to Judge Aspen for Pretrial |
| f/k/a WM SPECIALTY MORTGAGE, ) | proceedings under MDL #1715, Lead Case #05 |
| LLC, CHASE HOME FINANCE, LLC, and ) | C 07097) |
| DOES 1-5, ) | |
| Defendants. ) | |

CHASE HOME FINANCE, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Chase Home Finance, LLC ("Chase"), by its undersigned attorneys, responds to Plaintiffs' Second Amended Complaint as follows:

INTRODUCTION

1. Plaintiffs James Carter and Evie Carter bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

ANSWER: Chase admits that Plaintiffs bring this action seeking the requested relief. Chase denies any wrongdoing and that Plaintiffs are entitled to any relief as to Chase. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

ANSWER: Chase admits the allegations contained in the first sentence of this paragraph. Chase admits that it transacts business within the Northern District of Illinois. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

PARTIES

3. Plaintiffs James Carter and Evie Carter own and reside in a home at 4409 Johnson Street, Gary, Indiana 46408.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Indiana. Its registered agent and office are National Registered Agents, 320 N. Meridian St., Indianapolis, IN 46204 or 200 W. Adams, Chicago, IL 60606.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

8. Defendant Chase Home Finance, LLC is a foreign corporation which does business in Indiana and Illinois. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

ANSWER: Chase admits the allegations of this paragraph.

9. Defendant Chase Home Finance, LLC services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

ANSWER: Chase admits that it services some loans originated by Ameriquest Mortgage Company, including plaintiffs' loan. Chase admits that as servicer it has an interest in plaintiffs' loan, including the right to receive payments under the loan. Chase further admits that in this action, plaintiffs purport to join Chase as a necessary party. Chase denies the remaining allegations of this paragraph.

10. Defendant JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Indiana. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

FACTS RELATING TO PLAINTIFFS

11. Prior to August 10, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

12. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

13. The loan was closed on August 10, 2005.

3

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

14. The closing took place at plaintiffs' home.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

15. Plaintiffs signed or received (not necessarily prior to consummation) the following documents relating to the loan:

    a. A note, Exhibit A.

    b. A mortgage, Exhibit B;

    c. A settlement statement, Exhibit C.

    d. A Truth in Lending disclosure statement, Exhibit D.

    e. Two different notices of right to cancel, Exhibits E and F.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

16. Plaintiffs did not receive their copies of the disclosure documents at the closing. Rather, their copies were sent to them by Federal Express on or about August 17, 2005. A copy of the envelope is in Exhibit G.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

17. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., then to Citi Residential Lending, Inc., and most recently to Chase Home Finance, LLC.

ANSWER: Chase admits that it currently services plaintiffs' loan. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

18. On information and belief, JPMC Specialty Mortgage, formerly known as WM Specialty Mortgage, LLC, owns plaintiffs' loan.

4

<u>ANSWER</u>: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

19. In the event JPMC Specialty Mortgage, formerly known as WM Specialty Mortgage, LLC, does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

<u>ANSWER</u>: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

RIGHT TO RESCIND

20. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

**(a) <u>Consumer's right to rescind.</u>**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(0]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

5

>  **(b) <u>Notice of right to rescind.</u>** In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> **(1)** The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>> **(2)** The consumer's right to rescind the transaction.
>>
>> **(3)** How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>>
>> **(4)** The effects of rescission, as described in paragraph (d) of this section.
>>
>> **(5)** The date the rescission period expires ....
>
>  **(f) <u>Exempt transactions.</u>** The right to rescind does not apply to the following:
>
>> **(1)** A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>>
>> **(2)** A credit plan in which a state agency is a creditor.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations that "the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home " and that the transaction "was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23." Chase admits that the remainder of this paragraph quotes a portion of 12 C.F.R. §226.23, but denies that it is a complete quotation of this section and denies the remainder of this paragraph to the extent that it is inconsistent with 15 U.S.C. § 1635 and 12 C.F.R. §226.23.

GROUND FOR RESCISSION

21. In connection with the loan, Ameriquest Mortgage Company failed to timely provide the required financial disclosures and disclosures of the plaintiffs' right to cancel within three days in a form the borrowers could keep,

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

22. When Ameriquest eventually provided TILA disclosures, it provided two completed federal notices of right to cancel, instead of the four required (i.e., two per mortgagor).

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

23. In addition, the delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. Further, the second "one week" cancellation notice is misleading, in that the document does not give the borrower the right to cancel for one week, but for six days.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

24. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit H</u>.

ANSWER: Chase denies that it received the notice of rescission attached as Exhibit H except as an attachment to this complaint. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

25. The loan has not been rescinded.

ANSWER: Chase admits the allegations of this paragraph.

26. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

ANSWER: Chase admits that this paragraph purports to summarize 15 U.S.C. §1641(c), but denies that this paragraph completely and accurately describes the law of assignee liability under TILA and 15 U.S.C. §1641(c).

27. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

7

ANSWER: Chase admits that this paragraph contains a quotation from 15 U.S.C. §1635(g), but denies that this paragraph to the extent that it is inconsistent with 15 U.S.C. §1635(g).

CHASE HOME FINANCE, LLC'S
AFFIRMATIVE DEFENSES

Defendant, Chase Home Finance, LLC, ("Chase") states as follows for its affirmative defenses:

1. Plaintiffs' claims are barred by the applicable statutes of limitation.

2. Plaintiffs' claims are barred against Chase because Chase is solely the servicer of Plaintiffs' loan and not liable under TILA.

3. Chase reserves the right to assert additional affirmative defenses disclosed during discovery.

WHEREFORE, Defendant, Chase Home Finance, LLC respectfully requests that the Court enter an order dismissing Plaintiffs' Second Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

Date: August 14, 2009

CHASE HOME FINANCE, LLC

By: /s/ Michael G. Salemi
One of its attorneys

Stephen R. Meinertzhagen
Michael G. Salemi
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900

## CERTIFICATE OF SERVICE

The undersigned, an attorney, on oath, deposes and states that on this 14th day of August, 2009, a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Amended Complaint was filed electronically. Notice of this filing will be sent to all attorneys who have registered for electronic filing via the Court's ECF system.

                                        /s/ Michael G. Salemi
                                          Michael G. Salemi