IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVETTTE WILLIAMS and JESSTIN WILLIAMS, | Case No. 1:07-CV-127 |
| Plaintiff, | (Originally 5:06-CV-174 (W.D. Mich.)) |
| vs. | |
| AMERIQUEST MORTGAGE COMPANY, JPMC SPECIALTY MORTGAGE, LLC, f/k/a WM SPECIALTY MORTGAGE, LLC, CHASE HOME FINANCE, LLC, and DOES 1-5, | (Transferred to Judge Aspen for Pretrial proceedings under MDL #1715, Lead Case #05 C 07097) |
| Defendants. | |

CHASE HOME FINANCE, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant, Chase Home Finance, LLC ("Chase"), by its undersigned attorneys, responds to Plaintiffs' Second Amended Complaint as follows:

INTRODUCTION

1.    Plaintiffs Yvette Williams and Jesstin Williams bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and state law.

ANSWER:    Chase admits that Plaintiffs bring this action seeking the requested relief. Chase denies any wrongdoing and that Plaintiffs are entitled to any relief as to Chase. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

ANSWER: Chase admits the allegations contained in the first sentence of this paragraph. Chase admits that it transacts business within the Northern District of Illinois. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

PARTIES

3. Plaintiffs Yvette Williams and Jesstin Williams own and reside in a single family home at 14905 Rossini, Detroit, MI 48205.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

4. Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to

consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

9. Defendant Chase Home Finance, LLC is a foreign corporation which does business in Illinois and Michigan. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

ANSWER: Chase admits the allegations of this paragraph.

10. Defendant Chase Home Finance, LLC services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

ANSWER: Chase admits that it services some loans originated by Ameriquest Mortgage Company, including plaintiffs' loan. Chase admits that as servicer it has an interest in plaintiffs' loan, including the right to receive payments under the loan. Chase further admits that in this action, plaintiffs purport to join Chase as a necessary party. Chase denies the remaining allegations of this paragraph.

11. Defendant JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

FACTS RELATING TO PLAINTIFFS

12. Prior to July 22, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

3

13. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

14. The loan was closed on July 22, 2005.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

15. Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

16. The following are documents relating to the loan:

   a. A note, Exhibit B;

   b. A mortgage, Exhibit C;

   c. A settlement statement, Exhibit D;

   d. A Truth in Lending statement, Exhibit E;

   e. A list of "items to be paid off from loan proceeds," Exhibit F; and

   f. The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit G.

ANSWER: Chase admits that these documents appear to relate to Plaintiffs' loan, but lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

17. Plaintiffs were charged a $3,742.20 "loan discount," Exhibit D, line 802.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

4

18. Ameriquest undertook and represented that the payment of a "loan discount" would reduce plaintiffs' interest rate. <u>Exhibit H</u>.

<u>ANSWER</u>: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

19. Plaintiffs did not receive a discounted rate, as shown by the document entitled "Borrower's Acknowledgment of Final Loan Terms," <u>Exhibit A</u>.

<u>ANSWER</u>: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

20. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., and then later to Citi Residential Lending, Inc. Subsequently, in 2009, plaintiffs were directed to make payments to Chase Home Finance, LLC

<u>ANSWER</u>: Chase admits that it currently services plaintiffs' loan. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

21. On information and belief, JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortgage, LLC, owns plaintiffs' loan.

<u>ANSWER</u>: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

22. In the event JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortgage, LLC, does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

<u>ANSWER</u>: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

<u>COUNT 1- TRUTH IN LENDING ACT</u>

23. Plaintiffs incorporate paragraphs 1-22. This claim is against all defendants.

<u>ANSWER</u>: Chase incorporates its responses to paragraphs 1-22 as if fully set forth herein.

5

24. In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.** (15 U.S.C. § 1635(a)).

ANSWER: Chase admits that this paragraph purports to summarize and quote 15 U.S.C. § 1635(a), but denies that it is a complete quotation of this section and denies this paragraph to the extent that it is inconsistent with 15 U.S.C. § 1635(a).

25. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.** (15 U.S.C. § 1635(b).)

ANSWER: Chase admits that this paragraph purports to summarize and quote 15 U.S.C. § 1635(b), but denies that it is a complete quotation of this section and denies this paragraph to the extent that it is inconsistent with 15 U.S.C. § 1635(b).

26. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the**

6

**obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

ANSWER: Chase admits that this paragraph purports to summarize and quote 15 U.S.C. § 1635(a), but denies that it is a complete quotation of this section and denies this paragraph to the extent that it is inconsistent with 15 U.S.C. § 1635(a).

27. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(l) the borrower's rescission rights.

ANSWER: Chase admits that Regulation Z was issued by the Board of Governors of the Federal Reserve System to implement the Federal Truth in Lending Act and denies the remainder of the first sentence of this paragraph. Chase admits that the second sentence of this paragraph paraphrases 12 C.F.R. § 226.23, but denies that it contains a complete quotation and denies this sentence to the extent that it is inconsistent with 12 C.F.R. § 226.23.

28. More specifically, the regulation provides:

**In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(ii) The consumer's right to rescind the transaction.**

**(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(iv) The effects of rescission, as described in paragraph (d) of this section.**

**(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

7

ANSWER: Chase admits that this paragraph quotes a portion of 12 C.F.R. § 226.23(b)(1), but denies that it is a complete quotation of this section and denies this paragraph to the extent that it is inconsistent with 12 C.F.R. § 226.23(b)(1).

## DEFECTIVE NATURE OF DISCLOSURES

29. In connection with the plaintiffs' loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

30. Only one notice of plaintiffs' right to cancel was delivered, rather than the four required.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

31. Exhibit G is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

32. The top of Exhibit G has only Yvette Williams' name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

33. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

8

ANSWER: Chase denies the allegations in this paragraph because the do not completely and accurately state the law regarding the right of rescission under TILA.

34. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit I</u>.

ANSWER: Chase denies that it received the notice of rescission attached as Exhibit I except as an attachment to Plaintiffs' complaint. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

35. The loan has not been rescinded.

ANSWER: Chase admits the allegations of this paragraph.

36. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

ANSWER: Chase admits that this paragraph purports to summarize 15 U.S.C. §1641(c), but denies that this paragraph completely and accurately describes the law of assignee liability under TILA and 15 U.S.C. §1641(c).

37. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

ANSWER: Chase admits that this paragraph contains a quotation from 15 U.S.C. §1635(g), but denies that this paragraph to the extent that it is inconsistent with 15 U.S.C. §1635(g).

WHEREFORE, Defendant, Chase Home Finance, LLC respectfully requests that the Court enter an order dismissing Count 1 of Plaintiffs' Second Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

## COUNT II – BREACH OF CONTRACT

38.     Plaintiffs incorporate paragraphs 1-22.  This claim is against all defendants.

ANSWER:     Chase incorporates its responses to paragraphs 1-22 as if fully set forth herein.

39.     Defendant Ameriquest contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.

ANSWER:     Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

40.     Plaintiffs paid the fee but did not receive a discounted rate.

ANSWER:     Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

41.     Ameriquest thereby breached its agreements with the plaintiffs.

ANSWER:     Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

WHEREFORE, Defendant, Chase Home Finance, LLC, respectfully requests that the Court enter an order dismissing Count II of Plaintiffs' Second Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

## CHASE HOME FINANCE, LLC'S
## AFFIRMATIVE DEFENSES

Defendant, Chase Home Finance, LLC, ("Chase") states as follows for its affirmative defenses:

1.     Plaintiffs' claims are barred by the applicable statutes of limitation.

2.     Plaintiffs' claims are barred against Chase because Chase is solely the servicer of Plaintiffs' loan and not liable under TILA.

      3.      Plaintiffs' breach of contract claim is barred against Chase because Chase is not alleged to have any contract with Plaintiffs or to have breached any contract with Plaintiffs.

      4.      Chase reserves the right to assert additional affirmative defenses disclosed during discovery.

WHEREFORE, Defendant, Chase Home Finance, LLC respectfully requests that the Court enter an order dismissing Plaintiffs' Second Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

Date:  August 14, 2009                              CHASE HOME FINANCE, LLC

                                                                By:   /s/ Michael G. Salemi
                                                                               One of its attorneys

Stephen R. Meinertzhagen
Michael G. Salemi
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone:   (312) 840-7000
Facsimile:    (312) 840-7900

CERTIFICATE OF SERVICE

The undersigned, an attorney, on oath, deposes and states that on this 14th day of August, 2009, a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Amended Complaint was filed electronically. Notice of this filing will be sent to all attorneys who have registered for electronic filing via the Court's ECF system.

                                                /s/ Michael G. Salemi
                                                Michael G. Salemi