

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
AUG 1 3 2009
Aug 13 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| IN RE: Ameriquest Mortgage Co., Mortgage Lending Practices Litigation | * * * * * MDL No. 1715 * Lead Case No. 05-CV-07097 * |
| THIS DOCUMENT RELATES TO: | * Centralized before the Honorable * Marvin E. Aspin |
| *Wilbert Cooley et al. v. Ameriquest Mortgage Company, et al* Case No. 07 C 7182 | * * * |

### PLAINTIFF'S OBJECTION TO COUNSEL'S MOTION TO WITHDRAW

COME NOW the undersigned plaintiff in the above referenced matter, and move this Honorable Court to deny the Motion to Withdraw as counsel for the plaintiffs filed by attorney Earl P. Underwood, Jr., on behalf of himself and Kenneth J. Riemer attorneys for Wilbert Cooley and Kandee Cooley in the above referenced matter, and state the following as grounds for said denial of counsel's motion to withdraw:

1. Plaintiff's relied on their attorney's counsel to have their case transferred from the Southern District of Alabama to the Northern District of Illinois. Attached is the Order transferring plaintiff's case to the Multi District Panel in Illinois. (Exhibit A)

2. Due to plaintiff's reliance on their attorney's counsel and agreeing to transfer their case, plaintiffs are now faced with being denied representation in a case where plaintiffs were solicited by their attorneys to accept their representation even though Plaintiff's were represented at the time by other counsel. Ultimately, plaintiffs agreed to an association between counsel and their original attorney. Attached is a copy of the letter sent to plaintiff's home by their attorneys. (Exhibit B)

3. Next, because plaintiff's case is no longer in the Court here in Alabama where their original attorney had successfully fought off a mandatory transfer orchestrated by the defendants and finally because plaintiff's case is so old coupled with the reputation of plaintiff's counsel here in Alabama involving the laws that govern

plaintiff's case, it is impossible for plaintiffs to get a new attorney at this late date and their removal will greatly prejudice and harm the outcome of plaintiff's case.

4. Moreover, the dispute that plaintiff's counsel allude to in their Motion to Withdraw where counsel asserts that a dispute has arisen between plaintiffs Wilbert and Kandee Cooley which causes a conflict of interest for plaintiff's counsel, can and will be resolved by a Competent Court with lawful jurisdiction over same.

WHEREFORE, the undersigned request that this Honorable Court not allow counsel to withdraw as attorneys of record for Wilbert Cooley and Kandee Cooley in the above referenced matter and to proceed with our representation.

RESPECTFULLY submitted this 16th day of July, 2009.

Wilbert Cooley<br>
1070 Zurich Street<br>
Mobile, AL 36608<br>
Telephone: 251.343.0603<br>
Facsimile: 251.343.0603

### CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2009, I served a copy of the foregoing pleading on the parties listed below by placing same in the U.S. Mail, First Class Postage prepaid.

Earl P. Underwood, Jr., Esq., (UNDEE6591)
P.O. Box 969
Fairhope, AL 36533-0969

James D. Patterson, Esq., (PATJ6485)
P.O. Box 969
Fairhope, AL 36533-0969

Kenneth J. Riemer, Esq., (RIEMK8712)
P.O. Box 1206
Mobile, AL 36633-1206

Wilbert Cooley<br>
/s/ Wilbert Cooley

The Law Offices of
# Earl P. Underwood, Jr.

Earl P. Underwood, Jr.
James D. Patterson

ADVERTISEMENT

May 23, 2007

Wilbert and Kandee Cooley
1070 Zurich St.
Mobile, AL  36608

**Re:  Your Ameriquest Mortgage**

Dear Wilbert and Kandee Cooley:

    If you have already hired or retained a lawyer in connection with any disputes you have regarding your mortgage with Ameriquest Mortgage Company, please disregard this letter.

    We have identified you from the mortgage records in the probate court. We have evidence that Ameriquest Mortgage Company may have violated lending laws such as the Federal Truth in Lending Act. If this is true regarding your loan, you may be entitled to a substantial refund. Please call us as soon as possible for a free consultation and case evaluation. There is no obligation.

    You can reach me at 251.990.5558 or 800.273.9534, or attorney Kenneth Riemer at 251.432.9212. Thank you for your attention to this matter and if there is anything we can do to assist you, please do not hesitate to contact us.

Sincerely,

James D. Patterson, Esq.

No representation is made that the quality of the legal services to be performed
is greater than the quality of legal services performed by other lawyers.

21 South Section Street Post Office Box 969 Fairhope, Alabama 36533-0969 Voice (251) 990-5558
Fax (251) 990-0626 www.alalaw.com Email: jpatterson@alalaw.com

Law Offices of Earl P Underwood, Jr.
21 South Section St.
Fairhope, AL 36532

ADDRESS CORRECTION REQUESTED

ADVERTISEMENT

Wilbert and Kandee Cooley
1070 Zurich St.
Mobile, AL 36608

36608+3648



US P...
FIRST-
062S0000

## UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION

| Wilbert Cooley, et al. v. Ameriquest Mortgage, Inc., et al., )<br>S.D. Alabama, C.A. No. 1:06-215 ) | MDL No. 1715 |

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in this Southern District of Alabama action move, pursuant to 28 U.S.C. § 1407(c), to transfer their action to the Northern District of Illinois for inclusion in MDL No. 1715. Defendants did not respond to the motion; however, Ameriquest Mortgage Co. (Ameriquest) and others[1] previously supported transfer of the action in prior proceedings before the Panel.[2]

After considering the argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Northern District of Illinois, and that transfer of this action to the Northern District of Illinois for inclusion in MDL No. 1715 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Northern District of Illinois was a proper Section 1407 forum for actions concerning allegedly predatory lending practices by Ameriquest, or a related entity, in soliciting and closing residential mortgage transactions. *See In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, 408 F.Supp.2d 1354 (J.P.M.L. 2005).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Marvin

---

[*] Judge Scirica took no part in the decision of this matter.

[1] AMC Mortgage Services, Inc.; Argent Mortgage Co.; Ameriquest Capital Corp.; Ameriquest Mortgage Securities, Inc.; Town & Country Credit Corp.; and Town & Country Title Services, Inc.

[2] In June 2006, the Panel issued an order conditionally transferring this action to MDL No. 1715; plaintiffs opposed transfer at that time. The Panel considered the matter at the September 2006 hearing session and vacated the conditional transfer order with respect to this action.

- 2 -

E. Aspen for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen        J. Frederick Motz
Robert L. Miller, Jr.   Kathryn H. Vratil
David R. Hansen         Anthony J. Scirica*