**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br>*Jagoe, et al. v. Ameriquest Mortgage Co., et al.,*<br>Case No. 08-cv-00258 (N.D. Ill.) | |

**DEFENDANTS' AGREED MOTION FOR REASSIGNMENT**

**I.     INTRODUCTION**

Pursuant to Northern District of Illinois Local Rule 40.4(c), Defendants,[1] with agreement of Plaintiffs, hereby seek reassignment of the following actions to this Court for pretrial proceedings along with the other actions in this multidistrict litigation proceeding (the "Proceeding"):

- *Jagoe, et al. v. Ameriquest Mortgage Co., et al.,* Case No. 08-cv-00258 (N.D. Ill.) (Castillo, R.)

(the "Action").[2]

As detailed below, reassignment of the Action is warranted for two reasons. First, the Action is "related" under Local Rule 40.4(a) to one or more actions in this Proceeding. Plaintiffs contend that Defendants violated the Truth-in-Lending Act, 15 U.S.C. Section 1601, *et seq.* ("TILA"), by failing to provide them with proper notice of their rescission rights and accurate disclosures of their loan terms. There presently are

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; ACC Capital Holdings, Inc.; Ameriquest Mortgage Securities, Inc.; AMC Mortgage Services, Inc. and Deutsche Bank National Trust Company.

[2] A true and correct copy of the operative complaint in the Action is attached hereto as Exhibit 1.

more than 150 actions in this Proceeding that advance the same allegations, including the Borrowers' Consolidated Class Action Complaint ("Borrowers' Complaint") [Docket No. 325].

Second, all of the conditions for reassignment of the Action under Local Rule 40.4(b) are satisfied here. That is, the Action is pending before another judge in this District;[3] the handling of the Action by this Court will result in a substantial saving of judicial time and effort; the Action has not progressed to the point where reassignment would be likely to delay the proceedings therein substantially; and this Action and the actions in this Proceeding are susceptible to disposition in a single proceeding because they have substantial areas of overlap. Accordingly, Defendants respectfully request that this Court grant the Motion in its entirety.

## II. ARGUMENT

To have a case reassigned based on relatedness, the movant must satisfy both Local Rule 40.4(a) and (b). *Donahue v. Elgin Riverboat Resort*, No. 04 C 816, 2004 WL 2495642, at *2 (N.D. Ill. Sept. 28, 2004). This Court has the sound discretion to reassign a case under Local Rule 40.4. *Clark v. Ins. Car Rentals Inc.*, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999).

Local Rule 40.4(a) provides that cases are "related" if: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law, (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same. Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related." *Fairbanks Capital Corp. v. Jenkins*, No. 02-C-3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002). Rather, it is enough that the two cases "involve *some* of the same issues of fact or law." *Lawrence E. Jaffe Pension Plan v. Household Int'l.*, *Inc*., No. 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003) (emphasis in original).

---

[3] On March 4, 2008, Defendants filed an unopposed motion to stay action pending transfer as a case related to MDL No. 1715 in the Action. On March 5, 2008, the Honorable Judge Ruben Castillo granted the unopposed motion to stay and granted the parties full leave to reinstate the matter upon completion of all the consolidated MDL proceedings.

Once the cases have been found to be related, Local Rule 40.4(b) imposes four additional conditions that must be satisfied before a case may be reassigned: (1) both cases must be pending in the Northern District of Illinois; (2) reassignment must result in a substantial saving of judicial time and effort; (3) the earlier case must not have progressed to the point where designating the cases as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases must be susceptible of disposition in a single proceeding. As demonstrated below, reassignment of the Action satisfies the requirements of Local Rules 40.4(a) and (b), and the Court should grant the Motion.

A. **The Action Is "Related" Under Local Rule 40.4 To Many Actions In This Proceeding, Including The Borrowers' Consolidated Class Action Complaint.**

In the Action, Plaintiffs allege that Defendants violated TILA by failing to provide them proper notice of their rescission rights and accurate disclosures of their loan terms. Presently, there are more than 150 actions in this Proceeding that involve allegations that Defendants violated TILA by failing to provide borrowers with proper notice of their rescission rights. These allegations are also made in the Borrowers' Complaint. [Borrowers' Complaint, ¶¶ 188-197, 234-244.] Accordingly, this Action is "related" to the actions within the meaning of Local Rule 40.4(a).

B. **All Of The Conditions For Reassignment Of The Action Under Local Rule 40.4(b) Are Satisfied Here.**

All of the conditions for reassignment of the Action under Local Rule 40.4(b) are satisfied here. To begin with, the Action is pending before another judge in this District.

Furthermore, the handling of the Action by this Court will result in a substantial saving of judicial time and effort. Among other things, reassignment of the Action to this Court will allow one judge to decide whether Defendants violated the same law (TILA) based on similar purported conduct (failing to provide proper notice of rescission rights). This will avoid the risk of inconsistent rulings and multiple appeals, should several judges rule on this issue. Indeed, the Seventh Circuit Court of Appeals has criticized judges of this Court for permitting separate lawsuits involving similar claims and the same defendants to proceed along different tracks before different judges, resulting in

numerous and disparate decisions, as well as multiple appeals. *See, e.g., Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 513 (7th Cir. 1999).

      Moreover, the Action has not progressed to the point where designating it related would be likely to delay the proceedings therein.  Finally, this Action and the actions presently in this Proceeding are susceptible to disposition in a single proceeding because they all assert similar legal claims under TILA.  Accordingly, the Court should reassign the Action to this Court for pretrial proceedings along with the other actions in the Proceeding.

### III.    CONCLUSION

      For the foregoing reasons, the Defendants respectfully request that the Court grant the Motion in its entirety.

Respectfully submitted,

DATED: August 27, 2009

By: /s/ Bernard E. LeSage
*Attorneys for Ameriquest Mortgage Company; ACC Capital Holdings, Inc.; Ameriquest Mortgage Securities, Inc.; AMC Mortgage Services, Inc. and Deutsche Bank National Trust Company*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-0700
(213) 896-0400 (fax)

**CERTIFICATE OF SERVICE**

  I, Bernard E. LeSage, hereby certify that on this 27th day of August 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                    By: /s/ Bernard E. LeSage

BN 4287243v2