IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN BROWN and DORA BROWN, | ) | Case No. 06 cv 2830 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, | ) | (Transferred to Judge Aspen for Pretrial |
| JPMC SPECIALTY MORTGAGE, LLC, f/k/a | ) | proceedings under MDL #1715, Lead Case #05 |
| WM SPECIALTY MORTGAGE, LLC, | ) | C 07097) |
| CHASE HOME FINANCE, LLC, and DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

CHASE HOME FINANCE, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant, Chase Home Finance, LLC ("Chase"), by its undersigned attorneys, responds to Plaintiffs' Second Amended Complaint as follows:

INTRODUCTION

1. Plaintiffs Calvin Brown and Dora Brown bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage and recover damages for violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226; and state law.

ANSWER: Chase admits that Plaintiffs bring this action seeking the requested relief. Chase denies that it is an "affiliate" of Ameriquest Mortgage Company, denies any wrongdoing, and denies that Plaintiffs are entitled to any relief as to Chase. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

ANSWER: Chase admits the allegations contained in the first sentence of this paragraph. Chase admits that it transacts business within the Northern District of Illinois. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

PARTIES

3. Plaintiffs Calvin Brown and Dora Brown own and reside in a single-family home at 283 Cornell Avenue, Calumet City, IL 60409.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to

2

consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

9. Defendant Chase Home Finance, LLC is a foreign corporation which does business in Illinois. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

ANSWER: Chase admits the allegations of this paragraph.

10. Defendant Chase Home Finance, LLC services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

ANSWER: Chase admits that it services some loans originated by Ameriquest Mortgage Company, including plaintiffs' loan. Chase admits that as servicer it has an interest in plaintiffs' loan, including the right to receive payments under the loan. Chase further admits that in this action, plaintiffs purport to join Chase as a necessary party. Chase denies the remaining allegations of this paragraph.

11. Defendant JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

FACTS RELATING TO PLAINTIFFS

12. Prior to Feb. 16, 2004, plaintiffs applied over the phone for a mortgage with Ameriquest Mortgage Company. Plaintiff Dora Brown spoke to an Ameriquest employee named "Brenda."

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

3

13. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

14. During the initial phone conversation, Brenda took plaintiffs' credit information, then told Dora Brown that plaintiffs qualified for a fixed-rate loan with an interest rate of 5.99%.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

15. The loan, in the principal amount of $130,000, was closed with plaintiff Calvin Brown on Feb. 16, 2004, and with plaintiff Dora Brown on February 17, 2004.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

16. At the time of closing, Dora Brown was in Mississippi. Calvin Brown signed the documents in Illinois, and then Ameriquest sent them to Dora Brown by overnight mail.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

17. When she received the documents, Dora Brown realized that the loan terms were being altered to plaintiffs' detriment, as set forth on Exhibit A. In particular, the interest rate was increased from 5.99% to 7.55%, and the documents listed an adjustable rate instead of a fixed rate.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

18. Dora Brown called Brenda before signing to ask why the terms had changed. Brenda answered that plaintiffs did not have sufficient equity in their home to receive the 5.99% fixed rate.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

4

19. However, Ameriquest had pulled plaintiffs' credit reports and obtained sufficient financial information about the plaintiffs to evaluate the rate for which they qualified prior to quoting them the 5.99% rate.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

20. It was the policy and practice of Ameriquest Mortgage Company to engage in "bait and switch" loan solicitation practices, whereby one set of terms was initially quoted after Ameriquest had obtained sufficient information to provide an accurate quote, and then more onerous terms (such as a higher interest rate) were imposed immediately before the closing.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

21. The following are documents relating to the loan:

    a. A note, Exhibit B;

    b. A mortgage, Exhibit C;

    c. A settlement statement, Exhibit D;

    d. A Truth in Lending disclosure statement, Exhibit E;

    e. The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit F;

    f. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, Exhibit G.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

22. Plaintiffs were also charged a 2.792% "loan discount" fee, amounting to $3,629.60 (Exhibit D, line 802).

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

23. The "loan discount" was in addition to substantial other fees and charges, including a $626 "processing fee," a $360 "application fee," a $239 "administration fee," a $250 appraisal property valuation fee, a $275 "settlement disbursement fee," a $70 "tax related service fee," a $16 "flood search fee," and a $60 "courier fee." See Exhibit D.

5

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

24. Plaintiffs were informed by Amerquest [sic] in <u>Exhibit H</u> that in exchange for the "loan discount" fee the interest rate on their loan was being reduced. In fact, no "discount" in the interest rate was provided in exchange for the "loan discount" fee.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

25. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., then to Citi Residential Lending, Inc., and most recently to Chase Home Finance, LLC.

ANSWER: Chase admits that it services plaintiffs' loan. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

26. On information and belief, JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortgage, LLC owns plaintiffs' loan.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

27. In the event JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortgage, LLC does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

<u>COUNT I - TRUTH IN LENDING ACT</u>

28. Plaintiffs incorporate paragraphs 1-27. This claim is against all defendants.

ANSWER: Chase incorporates its answers to paragraphs 1-27 as if fully set forth herein. Chase admits that Plaintiffs purport bring this claim against all defendants, but denies any wrongdoing and denies that Plaintiffs are entitled to any relief as to Chase.

29. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

**(a) <u>Consumer's right to rescind.</u>**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires ....**

> **(f) Exempt transactions.** The right to rescind does not apply to the following:
>
> **(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**
>
> **(2) A credit plan in which a state agency is a creditor.**

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations that "the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home " and that the transaction "was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23." Chase admits that the remainder of this paragraph quotes a portion of 12 C.F.R. §226.23, but denies that it is a complete quotation of this section and denies the remainder of this paragraph to the extent that it is inconsistent with 15 U.S.C. § 1635 and 12 C.F.R. §226.23.

## GROUND FOR RESCISSION

30. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs's right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, for (without limitation) the reasons stated below.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

31. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

32. Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

33. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

34. In addition, the documents are dated as though the transaction took place February 16, 2004, although plaintiff Dora Brown did not see the documents until February 17, 2004.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

35. The misdating of these disclosures results in lack of clear and conspicuous disclosure of the deadline to rescind, in violation of 15 U.S.C. §1635, §1638(a) and 12 C.F.R. § 226.23(b)(5).

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

36. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit I</u>.

ANSWER: Chase denies that it received the document attached as Exhibit I except as an attachment to this complaint. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

37. The loan has not been rescinded.

ANSWER: Chase admits the allegations of this paragraph.

38. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

9

ANSWER: Chase admits that this paragraph purports to summarize 15 U.S.C. §1641(c), but denies that this paragraph completely and accurately describes the law of assignee liability under TILA and 15 U.S.C. §1641(c).

39. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

ANSWER: Chase admits that this paragraph contains a quotation from 15 U.S.C. §1635(g), but denies that this paragraph to the extent that it is inconsistent with 15 U.S.C. §1635(g).

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

Chase states that the allegations contained in Count II of this complaint are not directed against it and, therefore, Chase makes no answer to these allegations. To the extent that an answer is required, Chase denies any wrongdoing, denies that Plaintiffs are entitled to any relief against Chase, and states that it has insufficient knowledge to form a belief as to the truth of the allegations contained in Count II this complaint.

## COUNT III – BREACH OF CONTRACT

Chase states that the allegations contained in Count III of this complaint are not directed against it and, therefore, Chase makes no answer to these allegations. To the extent that an answer is required, Chase denies any wrongdoing, denies that Plaintiffs are entitled to any relief against Chase, and states that it has insufficient knowledge to form a belief as to the truth of the allegations contained in Count III this complaint.

## CHASE HOME FINANCE, LLC'S
## AFFIRMATIVE DEFENSES

Defendant, Chase Home Finance, LLC, ("Chase") states as follows for its affirmative defenses:

1. Plaintiffs' claims are barred by the applicable statutes of limitation.

2. Plaintiffs' claims are barred against Chase because Chase is solely the servicer of Plaintiffs' loan and not liable under TILA.

3. Chase reserves the right to assert additional affirmative defenses disclosed during discovery.

WHEREFORE, Defendant, Chase Home Finance, LLC respectfully requests that the Court enter an order dismissing Plaintiffs' Second Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

Date:   August 28, 2009                                CHASE HOME FINANCE, LLC

                                                       By:   /s/ Michael G. Salemi
                                                             One of its attorneys

Stephen R. Meinertzhagen
Michael G. Salemi
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone:   (312) 840-7000
Facsimile:   (312) 840-7900

CERTIFICATE OF SERVICE

The undersigned, an attorney, on oath, deposes and states that on this 28th day of August, 2009, a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Amended Complaint was filed electronically. Notice of this filing will be sent to all attorneys who have registered for electronic filing via the Court's ECF system.

                                                     /s/ Michael G. Salemi
                                                      Michael G. Salemi

09135\00548\589477