IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CINDY GILLESPIE,<br><br>   Plaintiff,<br><br>vs.<br><br>AMERIQUEST MORTGAGE COMPANY, JPMC SPECIALTY MORTGAGE, LLC, f/k/a WM SPECIALTY MORTGAGE, LLC, AMC MORTGAGE SERVICES, INC., CHASE HOME FINANCE, LLC and JOHN DOES 1-5,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:06-cv-03427<br><br>(Originally 5:06-cv-0220-AS-CAN (N.D.Ind.))<br><br><br><br>(Transferred to Judge Aspen for Pretrial proceedings under MDL #1715, Lead Case #05 C 07097) |

CHASE HOME FINANCE, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, Chase Home Finance, LLC ("Chase"), by its undersigned attorneys, responds to Plaintiff's Third Amended Complaint as follows:

INTRODUCTION

  1. Plaintiff brings this action against Ameriquest Mortgage Company and an affiliate to secure redress for predatory practices in making residential mortgage loans. Plaintiff alleges violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA").

  ANSWER: Chase admits that Plaintiff bring this action seeking the requested relief. Chase denies that it is an "affiliate" of Ameriquest Mortgage Company, denies any wrongdoing, and denies that Plaintiff is entitled to any relief as to Chase. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

JURISDICTION AND VENUE

  2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), and 1337 (interstate commerce), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA).

ANSWER: Chase admits the allegations contained in this paragraph.

3. Each defendant does business in the District and is deemed to reside here.

ANSWER: Chase admits that it transacts business within the Northern District of Illinois. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

PARTIES

4. Plaintiff Cindy Gillespie resides in a home which she owns at 415 Gardena Street, Michigan City, IN 46360.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5. Defendant Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation with its principal offices in California. It maintains offices in and does business in Indiana. Its registered agent and office are National Registered Agents, Inc., 320 Meridian St., Indianapolis, IN 46204, or 200 W. Adams, Chicago, IL 60606.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6. Defendant Ameriquest is engaged in the business of originating "subprime" mortgages.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

7. Defendant Ameriquest makes more than 26 loans per year. It is a "creditor" as defined in TILA.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

9. Defendant AMC Mortgage Services, Inc. ("AMC") is a Delaware corporation with its principal place of business in California. It does business in Indiana. Its registered agent and office are National Registered Agents, Inc., 320 Meridian St., Indianapolis, IN 46204, or 200 W. Adams, Chicago, IL 60606.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

10. Defendant AMC, an affiliate of Ameriquest, services loans originated by Ameriquest. Borrowers such as plaintiff are directed to make payments to AMC, which claims the right to payments under plaintiff's loans. It is named as a necessary party.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

11. Defendant JPMC Specialty Mortgage, f/k/a WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Indiana. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

12. Defendant Chase Home Finance, LLC is a foreign corporation which does business in Illinois. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

ANSWER: Chase admits the allegations of this paragraph.

13. Defendant Chase Home Finance, LLC services loans some originated by Ameriquest Mortgage Company, including plaintiff's, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

ANSWER: Chase admits that it services some loans originated by Ameriquest Mortgage Company, including plaintiff's loan. Chase admits that as servicer it has an interest in plaintiff's loan, including the right to receive payments under the loan. Chase further admits that

in this action, plaintiffs purport to join Chase as a necessary party. Chase denies the remaining allegations of this paragraph.

  14. Defendants John Does 1-5 are other persons that own or claim interests in the mortgage loan of plaintiff.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

## FACTS RELATING TO PLAINTIFFS

  15. Prior to August 22, 2005, plaintiff applied for a mortgage with Ameriquest Mortgage Company.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  16. Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  17. The loan was closed on August 22, 2005.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  18. Immediately prior to the closing, plaintiff was informed that the loan terms were being altered to her detriment, as set forth on Exhibit A.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  19. The following are documents relating to the loan:

    a. A settlement statement, Exhibit B.

    b. Two different notices of right to cancel, the form prescribed by the Federal Reserve Board, Exhibit C, and a different form used only by Ameriquest, Exhibit D;

  c. A note, <u>Exhibit E</u>.

  d. A mortgage, <u>Exhibit F</u>.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  20. In addition, plaintiff was charged a $2,332.98 "loan discount," <u>Exhibit G</u>.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  21. Ameriquest undertook and represented, in the document attached as <u>Exhibit H</u> and delivered to plaintiff at the closing, that the payment of a "loan discount" would reduce plaintiff's interest rate.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  22. In fact, plaintiff did not receive a discounted rate, as shown by the document entitled "Borrower's Acknowledgment of Final Loan Terms," <u>Exhibit A</u>, which was delivered at closing.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  23. Plaintiff was later directed to make payments to AMC Mortgage Services, Inc., and then to Citi Residential Lending, Inc., and most recently to Chase Home Financial, LLC.

  ANSWER: Chase admits that it services plaintiff's loan. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

  24. On information and belief, JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, currently owns plaintiff's loan.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

25. In the event JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC, does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

26. Defendants Ameriquest and AMC Mortgage Services, Inc., have a pattern and practice of retaliating against its customers who exercise their rights under federal credit protection statutes by filing, in order to assert their rights in good faith, a lawsuit against Ameriquest and its affiliates.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

27. Once a customer files suit, his/her account is "flagged," access to his or her on-line account is blocked, and he or she can no longer make payments via on line. In addition, in many cases, AMC simply stops sending monthly statements to the customer.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

28. Next, when the customer calls AMC to inquire, they are no longer permitted to deal with a customer representative; they are informed that they must deal with the president's office, and their call is usually routed to the same. Similarly, if they discover on-line that their account has been frozen, they are directed to call the President's office. They have to make special arrangements with the President's office in order to make payments.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

29. Before filing suit in March, 2006, plaintiff made her monthly payments on line. In June, 2006, Ameriquest and/or AMC froze her access to her on-line account, and she could no longer make her payments by that method[.]

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

30. When plaintiff called the customer representative at AMC to inquire, the representative refused to discuss plaintiff's account with her at all and told plaintiff that she had to call the President's office.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

31. However, the representative did not connect her to the President's office, per standard practice, and did not provide her with the phone number to the President's office or any other department.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

32. The customer service representative also did not, contrary to usual practice, offer plaintiff the option of making payments by phone or by any other method.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

33. Subsequent to this call, Ameriquest and/or AMC simply stopped sending plaintiff monthly account statements. Plaintiff did not receive any statement between June 2006 and Chase Home Finance, LLC's purchase of her servicing rights in January 2009.

ANSWER: Chase admits that it currently services plaintiff's loans and that it sends her statements. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

34. Next, plaintiff was no longer even able locate her account on-line. To her, it was as if her account was completely erased.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

35. Based on this sequence of events, plaintiff believed AMC had stopped accepting payments. Consequently, plaintiff stopped making payments. Plaintiff would like to resume making payments.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

36. On information and belief, Ameriquest has been reporting adverse information to credit bureaus, even though it made it exceedingly difficult for plaintiff to make payments.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

37. All such servicing problems are the direct result of plaintiff having filed suit against defendants. Customers who do not file lawsuits do not experience these types of problems.

ANSWER: Chase denies that plaintiffs have had any servicing problems in connection with Chase's servicing of their loan. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

## COUNT I - TILA

38. Plaintiff incorporates paragraphs 1-37.

ANSWER: Chase incorporates its answers to paragraphs 1-37 as if fully set forth herein.

39. Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative**

8

>proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
>(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

>(1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
>(2) The consumer's right to rescind the transaction.
>
>(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
>(4) The effects of rescission, as described in paragraph (d) of this section.
>
>(5) The date the rescission period expires ....

(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:

>(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
>(2) A credit plan in which a state agency is a creditor.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations that " the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home" and that the transaction "was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23." Chase admits that the remainder of this paragraph quotes a portion of 12 C.F.R. § 226.23, but denies that it is a complete quotation of this section and denies the remainder of this paragraph to the extent that it is inconsistent with 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

GROUND FOR RESCISSION

40. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

41. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

42. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit I</u>.

ANSWER: Chase denies that it received the document attached as Exhibit I except as an attachment to this complaint. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

43. The loan has not been rescinded.

ANSWER: Chase admits the allegations of this paragraph.

44. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

ANSWER: Chase admits that this paragraph purports to summarize 15 U.S.C. §1641(c), but denies that this paragraph completely and accurately describes the law of assignee liability under TILA and 15 U.S.C. §1641(c).

45. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

10

ANSWER: Chase admits that this paragraph contains a quotation from 15 U.S.C. §1635(g), but denies that this paragraph to the extent that it is inconsistent with 15 U.S.C. §1635(g).

### COUNT II - ECOA

Chase states that the allegations contained in Count II of this complaint are not directed against it and, therefore, Chase makes no answer to these allegations. To the extent that an answer is required, Chase denies any wrongdoing, denies that Plaintiff is entitled to any relief against Chase, and states that it has insufficient knowledge to form a belief as to the truth of the allegations contained in Count II this complaint.

### COUNT III - ECOA

Chase states that the allegations contained in Count III of this complaint are not directed against it and, therefore, Chase makes no answer to these allegations. To the extent that an answer is required, Chase denies any wrongdoing, denies that Plaintiff is entitled to any relief against Chase, and states that it has insufficient knowledge to form a belief as to the truth of the allegations contained in Count II this complaint.

### COUNT IV – BREACH OF CONTRACT

Chase states that the allegations contained in Count IV of this complaint are not directed against it and, therefore, Chase makes no answer to these allegations. To the extent that an answer is required, Chase denies any wrongdoing, denies that Plaintiff is entitled to any relief against Chase, and states that it has insufficient knowledge to form a belief as to the truth of the allegations contained in Count IV this complaint.

**CHASE HOME FINANCE, LLC'S**
**<u>AFFIRMATIVE DEFENSES</u>**

Defendant, Chase Home Finance, LLC, ("Chase") states as follows for its affirmative defenses:

1. Plaintiff's claims are barred by the applicable statutes of limitation.

2. Plaintiff's claims are barred against Chase because Chase is solely the servicer of Plaintiff's loan and not liable under TILA.

3. Chase reserves the right to assert additional affirmative defenses disclosed during discovery.

WHEREFORE, Defendant, Chase Home Finance, LLC respectfully requests that the Court enter an order dismissing Plaintiff's Third Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

| | |
|---|---|
| Date: August 28, 2009 | CHASE HOME FINANCE, LLC |
| | By:   /s/ Michael G. Salemi |
| | One of its attorneys |

Stephen R. Meinertzhagen
Michael G. Salemi
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, on oath, deposes and states that on this 28th day of August, 2009, a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint was filed electronically. Notice of this filing will be sent to all attorneys who have registered for electronic filing via the Court's ECF system.

                                                /s/ Michael G. Salemi
                                                  Michael G. Salemi