IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY ANN HORNE and ANN M. PARKER,<br><br>        Plaintiffs,<br><br>  vs.<br><br>AMERIQUEST MORTGAGE COMPANY, JPMC SPECIALTY MORTGAGE, LLC, f/k/a WM SPECIALTY MORTGAGE, LLC, CHASE HOME FINANCE, LLC, and DOES 1-5,<br><br>        Defendants. | ) Case No. 06 C 4715<br>)<br>)<br>) (Originally 06 C 423 (S.D. Ill.))<br>)<br>)<br>)<br>)<br>) (Transferred to Judge Aspen for Pretrial<br>) proceedings under MDL #1715, Lead Case #05<br>) C 07097)<br>)<br>)<br>) |

CHASE HOME FINANCE, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant, Chase Home Finance, LLC ("Chase"), by its undersigned attorneys, responds to Plaintiffs' Second Amended Complaint as follows:

INTRODUCTION

1. Plaintiffs Mary Ann Horne and Ann M. Parker bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

ANSWER: Chase admits that Plaintiffs bring this action seeking the requested relief. Chase denies that it is an "affiliate" of Ameriquest Mortgage Company, denies any wrongdoing, and denies that Plaintiffs are entitled to any relief as to Chase. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

ANSWER: Chase admits the allegations contained in the first sentence of this paragraph. Chase admits that it transacts business within the Northern District of Illinois. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore denies those allegations.

PARTIES

3. Plaintiffs own and reside in a home at 4716 Storyland Drive, Alton, IL 62002.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

4. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

7. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

8. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004,

Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

9. Defendant Chase Home Finance, LLC is a foreign corporation which does business in Illinois. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

ANSWER: Chase admits the allegations of this paragraph.

10. Defendant Chase Home Finance, LLC services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

ANSWER: Chase admits that it services some loans originated by Ameriquest Mortgage Company, including plaintiffs' loan. Chase admits that as servicer it has an interest in plaintiffs' loan, including the right to receive payments under the loan. Chase further admits that in this action, plaintiffs purport to join Chase as a necessary party. Chase denies the remaining allegations of this paragraph.

11. Defendant JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortagage [sic], LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest Mortgage Company. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

FACTS RELATING TO PLAINTIFFS

12. Prior to June 10, 2005, plaintiffs applied for a mortgage with Ameriquest Mortgage Company. At all relevant times, plaintiffs spoke to Ameriquest employee Bryan Thomas.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

3

13. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

14. During the initial phone conversation, Mr. Thomas took plaintiffs' credit information and then told them that they qualified for monthly payments of approximately $700.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

15. Throughout the application process, Mr. Thomas confirmed with Ms. Parker and with Ms. Horne separately that their monthly payments would be approximately $700.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

16. Also during the application process, Mr. Thomas asked Ms. Parker over the phone questions about plaintiffs' home. He explained that he had also ordered a report on their home from the county and that he had access to other information on plaintiffs' neighborhood.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

17. Mr. Thomas then told Ms. Parker that the appraised value of plaintiffs' home was $170,000. This amount was substantially and artificially inflated.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

18. Plaintiffs had not had an appraisal done since purchasing the home fifteen years earlier, and they were aware that prices in their neighborhood had been rising. Plaintiffs also trusted Mr. Thomas.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

19. A search conducted on March 27, 2007 (i.e., two years later) on Zillow.com shows the current appraised value of plaintiffs' home as $121,624. Exhibit 1.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

20. The amount of the loan was $151,830 or 125% of the likely actual value of the home.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

21. On information and belief, Bryan Thomas and/or Ameriquest intended to produce a fraudulent, inflated appraised value of plaintiffs' property for the purpose of increasing the loan amount for which plaintiffs' appeared to qualify and, thus, increasing Mr. Thomas's commission and Ameriquest's points, interest and profits.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

22. Due to the inflated appraisal, which means plaintiffs owe more on the home than it is worth, plaintiffs' options for refinancing are severely limited. Most reputable lenders will not make a loan that exceeds 80% of the value of the home ("LTV"), at least not without also imposing expensive private mortgage insurance ("PMI").

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

23. The loan was closed on June 10, 2005.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

24. Immediately prior to the closing, plaintiffs were informed that the loan terms were being altered to their detriment, as set forth on Exhibit A.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

25. The following are documents relating to the loan:

    a. A note, Exhibit B;

    b. A mortgage, Exhibit C;

5

  c. A Truth in Lending statement, <u>Exhibit D</u>;

  d. "Itemization of settlement charges," <u>Exhibit E</u>;

  e. The three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit F</u>;

  f. A purported "one week" notice of right to cancel used solely by Ameriquest and related companies, <u>Exhibit G</u>.

  <u>ANSWER</u>: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  26. At closing, plaintiffs noticed that the monthly payment listed on their note was $1,343.66, almost twice the amount that Mr. Thomas had promised them!

  <u>ANSWER</u>: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  27. Plaintiffs protested to the closing agent. He replied that Ameriquest would fix the mistake but that, first, plaintiffs needed to sign all the documents.

  <u>ANSWER</u>: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  28. Among the documents presented to plaintiffs for signature at closing were two separate loan applications that Mr. Thomas had prepared in advance, <u>Exhibit K</u>. (The highly sensitive, personal information has been redacted from these documents for the public record.)

  <u>ANSWER</u>: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  30. [sic] The applications state that plaintiff Mary Ann Horne's base monthly income was $3,466.67 and that she had $1,471.94 in "other" monthly income.

  <u>ANSWER</u>: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  31. This statement was false. In actuality, Mary Ann Horne's base monthly income was between $2,000 and $2,500 and she had no substantial "other" income.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  32. The applications also state that plaintiffs originally bought their house for $72,000.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  33. This statement was also false. In actuality, plaintiffs originally bought their house for $64,000.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  34. At all times, plaintiffs provided truthful and accurate information concerning their income and assets to Mr. Thomas. The applications were two of scores of documents and hundreds of pages presented to plaintiffs at closing. Plaintiffs did not learn about the misinformation on their loan application until after contacting their current attorneys.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  35. Mr. Thomas and Ameriquest falsified the information in order to make it look like plaintiffs qualified for the loan, so that they could get higher fees and commissions.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  36. Immediately after closing, plaintiff Ann M. Parker telephoned Bryan Thomas to fix what the closing agent explained as a simple mistake and to lower plaintiffs' monthly payments from $1,343.66 to the $700 payments they had been promised.

  ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

  37. Mr. Thomas never returned their calls. Plaintiff Ann M. Parker continued to call him and leave messages every day for two or three months before finally giving up.

7

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

38. Defendant violated the Residential Mortgage License Act of 1987 and implementing regulations. The Act seeks to "protect Illinois consumers seeking residential mortgage loans and to ensure that the residential mortgage lending industry is operating fairly, honestly and efficiently, free from deceptive and anti-competitive practices." 205 ILCS 635/1-2(b) (2005). The implementing regulations, at 38 Ill. Adm. Code 1050.1230 (2005), create an affirmative disclosure obligation when the lender changes the borrowers' loan terms mid-stream:

**§ 1050.1230 Changes Affecting Loans in Process.**

**a) If it is determined that a borrower does not qualify for the loan amount, terms or program for which he or she applied and the costs of another recommended program would materially differ from the costs itemized on the Good Faith Estimate, the licensee immediately shall provide to the customer a written, and when possible, a verbal, plain-English explanation of any program the licensee recommends as one for which the borrower may be qualified. Such explanation shall include but not be limited to detailed information on costs to the borrower.**

The same regulations create an affirmative, general duty of good faith, defined as "honesty in fact in the conduct of the transaction." 38 Ill. Adm. Code 1050.1250(a)(2005). That duty is as follows: "[a]ny disclosure or action required by the Act or this Part shall be made in good faith." Id. Defendant did not provide or attempt to provide, prior to closing, any oral or written notice of the last minute change it made in plaintiffs' loan terms.

ANSWER: Chase denies it violated the Residential Mortgage License Act of 1987 and implementing regulations and states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in the first sentence of this paragraph as it pertains to the other defendants. Chase admits that the remainder of this paragraph quotes and/or summarizes portions of the Residential Mortgage License Act of 1987 and implementing regulations, but denies that it is a complete quotation and denies the remainder of this paragraph to the extent that it is inconsistent with the Residential Mortgage License Act of 1987 and implementing regulations.

39. Furthermore, in connection with the loan, Ameriquest was supposed to pay plaintiffs' outstanding real estate taxes for 2003 and 2004. See Exhibit H. On information and belief, Ameriquest withheld a portion of the loan proceeds for this purpose.

8

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

40. In fact, Ameriquest never paid plaintiffs' taxes or did not disburse all of the amounts it was supposed to.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

41. Finally, Ameriquest delivered to plaintiffs at closing a document entitled "Understanding Your Options Regarding Interest Rates and Discount Points," which represents that payment of a loan discount fee will result in lower interest rate. Exhibit L.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

42. Plaintiffs paid the "loan discount" fee in the amount of $3,036.60. Exhibit E, line 802. However, plaintiffs' interest rate was not discounted but instead was raised 8.99% to 10.1%. Exhibit A.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

43. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., then to Citi Residential Lending, Inc., and most recently to Chase Home Finance, LLC.

ANSWER: Chase admits that it services plaintiffs' loan. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

44. On information and belief, JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortgage, LLC, owns plaintiffs' loan.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

45. In the event JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortgage, LLC, does not own plaintiffs' loan (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

9

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

### COUNT I - TILA

46. Plaintiffs incorporate paragraphs 1-45.

ANSWER: Chase incorporates its answers to paragraphs 1-45 as if fully set forth herein.

47. This claim is against all defendants.

ANSWER: Chase admits that Plaintiffs purport bring this claim against all defendants, but denies any wrongdoing and denies that Plaintiffs are entitled to any relief as to Chase.

### RIGHT TO RESCIND

48. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**

> **(4)** When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> **(b)** <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> **(1)** The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>> **(2)** The consumer's right to rescind the transaction.
>>
>> **(3)** How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>>
>> **(4)** The effects of rescission, as described in paragraph (d) of this section.
>>
>> **(5)** The date the rescission period expires ....
>
> **(f)** <u>Exempt transactions.</u> The right to rescind does not apply to the following:
>
>> **(1)** A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>>
>> **(2)** A credit plan in which a state agency is a creditor.

<u>ANSWER</u>:     Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations that "the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home " and that the transaction "was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23." Chase admits that the remainder of this paragraph quotes a portion of 12 C.F.R. §226.23, but denies that it is a complete quotation of this section and denies the remainder of this paragraph to the extent that it is inconsistent with 15 U.S.C. § 1635 and 12 C.F.R. §226.23.

<u>GROUNDS FOR RESCISSION</u>

49.     In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

11

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

50. Only one of the federal notices of right to cancel supplied to plaintiffs was properly completed, instead of the four required (i.e., two per mortgagor).

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

51. Further, the delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of TILA damages, attorney's fees or the procedural protections of § 1635.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

52. The "one week" cancellation notice is also misleading, as the period given is actually only six days long.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

53. Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

54. In addition, Ameriquest failed to provide the required financial disclosures to plaintiffs, in violation of [sic] U.S.C. § 1637 and 12 C.F.R. § 226.18.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

55. The Truth-in-Lending Disclosure Statement (Exhibit D) understates the amount of finance charge due to the fact that Ameriquest kept amounts that were supposed to have been disbursed to pay plaintiffs' taxes. On information and belief, the amount of the understatement exceeded TILA's applicable tolerance.

ANSWER: Chase lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

56. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit I</u>.

ANSWER: Chase denies that it received the document attached as Exhibit I except as an attachment to this complaint. Chase lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

57. The loan has not been rescinded.

ANSWER: Chase admits the allegations of this paragraph.

58. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

ANSWER: Chase admits that this paragraph purports to summarize 15 U.S.C. §1641(c), but denies that this paragraph completely and accurately describes the law of assignee liability under TILA and 15 U.S.C. §1641(c).

59. 15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

ANSWER: Chase admits that this paragraph contains a quotation from 15 U.S.C. §1635(g), but denies that this paragraph to the extent that it is inconsistent with 15 U.S.C. §1635(g).

<u>COUNT II - ILLINOIS CONSUMER FRAUD ACT</u>

Chase states that the allegations contained in Count II of this complaint are not directed against it and, therefore, Chase makes no answer to these allegations. To the extent that an answer is required, Chase denies any wrongdoing, denies that Plaintiffs are entitled to any relief

against Chase, and states that it has insufficient knowledge to form a belief as to the truth of the allegations contained in Count II this complaint.

## COUNT III - ILLINOIS CONSUMER FRAUD ACT

Chase states that the allegations contained in Count III of this complaint are not directed against it and, therefore, Chase makes no answer to these allegations. To the extent that an answer is required, Chase denies any wrongdoing, denies that Plaintiffs are entitled to any relief against Chase, and states that it has insufficient knowledge to form a belief as to the truth of the allegations contained in Count III this complaint.

## COUNT IV - ILLINOIS CONSUMER FRAUD ACT

Chase states that the allegations contained in Count IV of this complaint are not directed against it and, therefore, Chase makes no answer to these allegations. To the extent that an answer is required, Chase denies any wrongdoing, denies that Plaintiffs are entitled to any relief against Chase, and states that it has insufficient knowledge to form a belief as to the truth of the allegations contained in Count IV this complaint.

## COUNT V - COMMON LAW FRAUD

Chase states that the allegations contained in Count V of this complaint are not directed against it and, therefore, Chase makes no answer to these allegations. To the extent that an answer is required, Chase denies any wrongdoing, denies that Plaintiffs are entitled to any relief against Chase, and states that it has insufficient knowledge to form a belief as to the truth of the allegations contained in Count V this complaint.

COUNT VI - BREACH OF CONTRACT

Chase states that the allegations contained in Count VI of this complaint are not directed against it and, therefore, Chase makes no answer to these allegations. To the extent that an answer is required, Chase denies any wrongdoing, denies that Plaintiffs are entitled to any relief against Chase, and states that it has insufficient knowledge to form a belief as to the truth of the allegations contained in Count VI this complaint.

CHASE HOME FINANCE, LLC'S
AFFIRMATIVE DEFENSES

Defendant, Chase Home Finance, LLC, ("Chase") states as follows for its affirmative defenses:

1. Plaintiffs' claims are barred by the applicable statutes of limitation.

2. Plaintiffs' claims are barred against Chase because Chase is solely the servicer of Plaintiffs' loan and not liable under TILA.

3. Chase reserves the right to assert additional affirmative defenses disclosed during discovery.

WHEREFORE, Defendant, Chase Home Finance, LLC respectfully requests that the Court enter an order dismissing Plaintiffs' Second Amended Complaint, with prejudice, and awarding any other relief the Court deems proper under the circumstances.

Date:   August 28, 2009                         CHASE HOME FINANCE, LLC

                                                By:   /s/ Michael G. Salemi
                                                        One of its attorneys

Stephen R. Meinertzhagen
Michael G. Salemi
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Telephone:   (312) 840-7000
Facsimile:   (312) 840-7900

15

CERTIFICATE OF SERVICE

The undersigned, an attorney, on oath, deposes and states that on this 28th day of August, 2009, a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Amended Complaint was filed electronically. Notice of this filing will be sent to all attorneys who have registered for electronic filing via the Court's ECF system.

                                                                         /s/ Michael G. Salemi
                                                                            Michael G. Salemi