**IN THE UNITED STATES DISTRICT COURT**
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*Kenneth J. Scott, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 07 c 0252 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs KENNETH J. SCOTT's and MARCEY L. SCOTT's ("Plaintiffs") Third Amended Complaint as follows.

**THIRD AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs Kenneth J. Scott and Marcey L. Scott ("the Scotts" or "Plaintiffs") bring this action against a "subprime" mortgage lender and its affiliates and assignees to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Third Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Further answering, Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here. In addition, the MDL proceedings involving Ameriquest are pending here.

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

## PARTIES

3.  Plaintiffs Kenneth J. Scott and Marcey L. Scott are husband and wife. They own and reside in a home at 1710 Luke Dr., Streetsboro, OH 44241.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. Defendant denies any remaining allegations in paragraph 3.

4.  Defendant Argent Mortgage Company, LLC ("Argent") is a foreign limited liability company which does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC is a foreign limited liability company that conducted business in Illinois as well as numerous other states. Further answering, Defendant admits that National Registered Agents is a registered agent of Argent Mortgage Company, LLC. Defendant denies the remaining allegations of paragraph 4.

5.  Defendant Argent is engaged in the business of originating "subprime" mortgages. It is a wholesale lender; it makes loans through mortgage brokers.

**ANSWER:** Defendant admits that it provided residential mortgage loans through August 2007. Defendant denies any remaining allegations of paragraph 5.

6.  Defendant Argent makes more than 26 loans per year.

**ANSWER:** Defendant admits that for certain periods, it originated more than 26 mortgage loans per year. Defendant denies any remaining allegations of paragraph 6.

7. Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** Paragraph 7 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 7.

8. Argent is an affiliate of defendant Ameriquest Mortgage Company.

**ANSWER:** Defendant specifically denies the characterization and use of the term "affiliate." Defendant denies any remaining allegations in paragraph 8.

9. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Defendant admits that Ameriquest Mortgage Company is a foreign corporation which did business in Illinois. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and denies those allegations on that basis.

10. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

11. Defendant Ameriquest Mortgage Company made more than 26 loans per year.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** Paragraph 12 contains conclusions of law to which no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Illinois. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Defendant admits that AMC Mortgage Services, Inc. is a foreign corporation which did business in Illinois. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and denies those allegations on that basis.

15. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, serviced loans originated by Ameriquest Mortgage Company, and claimed an interest in such loans, including the right to receive payments thereunder.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and denies those allegations on that basis.

16. Defendant Argent Securities, Inc., is a foreign corporation which transacts business in Illinois and Ohio. It holds legal title to some loans originated by Argent Mortgage Company, LLC, including plaintiffs'. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** Defendant admits that Argent Securities, Inc., is a foreign corporation that conducted business in Illinois and Ohio as well as numerous other states. Defendant admits that Argent Securities, Inc. holds legal title to some loans originated by Argent Mortgage Company, LLC including Plaintiffs' loan. Defendant admits that its principle office was located in Orange, California until

August 2007. Defendant denies any remaining allegations in paragraph 16.

17.     Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY 10005. It transacts business in Illinois. It holds legal title, as trustee, to some loans originated by Argent Mortgage Company, LLC, including plaintiffs'.

**ANSWER:**     Defendant admits that Deutsche Bank National Trust Company is the current legal holder, as trustee, of Plaintiffs' mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and denies those allegations on that basis.

18.     Defendant Citi Residential Lending, Inc. services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:**     Defendant admits that Citi Residential Lending, Inc. is the prior servicer of Plaintiffs' mortgage loan. Paragraph 18 also contains conclusion of law to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19.     Defendant American Home Mortgage Servicing, Inc. is a foreign corporation which does business in Illinois. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any allegations in paragraph 19.

20.     Defendant American Home Mortgage Servicing, Inc. services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any allegations in paragraph 20.

## FACTS RELATING TO PLAINTIFFS

21. Prior to January 16, 2004, the Scotts were solicited for a mortgage with Union Mortgage Services.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22. The Scotts needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23. The loan was closed on January 16, 2004.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23. Defendant denies any remaining allegations in paragraph 23.

24. Immediately prior to the closing, the Scotts were informed that the loan terms were being altered to their detriment, as set forth on the Borrower's Acknowledgment of Final Loan Terms, Exhibit A. The settlement charges were raised by $2,846.73 without a valid reason.

**ANSWER:** Paragraph 24 references a document attached to the Third Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25. The following are documents relating to the loan:

    a. A note, Exhibit B;

    b. A mortgage, Exhibit C;

    c. A settlement statement, Exhibit D;

    d. A Truth in Lending disclosure statement, Exhibit E;

   e.  The official Federal Reserve Board notice of right to cancel, <u>Exhibit F</u>. A total of five copies of <u>Exhibit F</u> were furnished to the Scotts, all of which were incomplete in that they are missing the transaction and cancellation dates.

**ANSWER:** Paragraph 25 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

  26. The Scotts were later directed to make payments to Ameriquest Mortgage Company and then AMC Mortgage Services, Inc., and then later Citi Residential Lending, Inc. Subsequently, the Scotts were directed to make payments to American Home Mortgage Servicing, Inc.

**ANSWER:** Defendant admits that Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Citi Residential Lending, Inc. each was a servicer of Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

  27. In addition, defendants Argent, AMC Mortgage Services, Inc., and Citi Residential Lending, Inc. have a pattern and practice of retaliating against its customers who exercise their rights under federal credit protection statutes by filing, in order to assert their rights in good faith, a lawsuit against Ameriquest and its affiliates.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27. Defendant denies any remaining allegations in paragraph 27.

  28. Once a customer files suit, his/her account is "flagged," access to his or her on-line account is blocked, and he or she can no longer make payments via online. In addition, in many cases, AMC simply stops sending monthly statements to the customer.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28. Defendant denies any remaining allegations in paragraph 28.

29. Before filing suit, plaintiffs made their monthly payments online. After filing suit, Argent and/or AMC froze their access to their on-line account, and an online message and directed them to call AMC.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29. Defendant denies any remaining allegations in paragraph 29.

30. Since the time plaintiffs filed suit, plaintiffs' online access to their account has been frozen, Argent, AMC, and Citi Residential only permitted and permits plaintiffs to make their payments via "check-by-phone."

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30. Defendant denies any remaining allegations in paragraph 30.

31. Each time plaintiffs call to pay via "check-by-phone," a customer service representative informs them that there will be an extra $5 service charge. Each time, plaintiff argues with the representative to have this fee waived.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

32. All such servicing problems are the direct result of plaintiffs having filed suit against defendants. Customers who do not file lawsuits do not experience these types of problems at all, to the same extent or with the same degree of regularity.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. Defendant denies any remaining allegations in paragraph 32.

33. On information and belief, Argent Securities, Inc. owns plaintiffs' loan and Deutsche Bank holds legal title to it, under Asset Back Pass Through Certificates Series 2004-W8.

**ANSWER:** Defendant admits that Argent Securities, Inc., owns Plaintiffs'' loan. Defendant

admits that Deutsche Bank holds title to Plaintiffs' loan as trustee, under Asset Back Pass Through Certificates Series 2004-W8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33. Defendant denies any remaining allegations in paragraph 33.

34. In the event Argent Securities, Inc. does not own plaintiffs' loan or Deutsche Bank does not hold legal title to it (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. Defendant denies any remaining allegations in paragraph 34.

## COUNT I - TILA

35. Plaintiffs incorporate paragraphs 1-34. This claim is against all defendants.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 34.

## RIGHT TO RESCIND

36. Because the transaction was secured by the Scotts' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. § 226.23. Section 226.23 provides:

> **(a)** **Consumer's right to rescind.**
>
> **(1)** In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.
>
> **(2)** To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> **(3)** The consumer may exercise the right to rescind until midnight of the third business day following

> consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.  In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.  [15 U.S.C. § 1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) **Notice of right to rescind**.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind.  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> > (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
> >
> > (2) The consumer's right to rescind the transaction.
> >
> > (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> >
> > (4) The effects of rescission, as described in paragraph (d) of this section.
> >
> > (5) The date the rescission period expires. . . .
>
> (f) **Exempt transactions**.  The right to rescind does not apply to the following:
>
> > (1) A residential mortgage transaction [defined in 15 U.S.C. § 1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
> >
> > (2) A credit plan in which a state agency is a creditor.

**ANSWER:** Paragraph 36 contains conclusions of law to which no answer is required.  Further answering, Defendant admits that portions of 12 C.F.R. § 226.23 have been accurately quoted in paragraph 36, but specifically denies the characterization of the language as alleged.  Defendant refers to 12 C.F.R. § 226.23 in its entirety for

a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 36.

## GROUNDS FOR RESCISSION

37. In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the Plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, for (without limitation) the reasons stated below.

**ANSWER:** Paragraph 37 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 37.

38. The Scotts were not provided with two complete copies of the federally- required notice of right to cancel.

**ANSWER:** Paragraph 38 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 38.

39. Notice of rescission has been given to defendants. A copy is attached as Exhibit G.

**ANSWER:** Paragraph 39 references a document attached to the Third Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39. Defendant denies any remaining allegations in paragraph 39.

40. The loan has not been rescinded.

**ANSWER:** Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies that Plaintiffs have the right to rescind their loan. Defendant denies the any remaining allegation in paragraph 40.

41. Under 15 U.S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** Paragraph 41 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 41.

42. 15 U.S.C. § 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind**.

**ANSWER:** Paragraph 42 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. § 1635(g) have been accurately quoted in paragraph 42, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. § 1635(g) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 42.

## COUNT II - ECOA

43. Plaintiffs incorporate §§1-42 above. This claim is against defendants Argent, AMC, and Citi Residential.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 43.

44. Plaintiffs were applicants within the meaning of 15 U.S.C. § 1691a(b) and Regulation B (which defines "applicant" to include persons who have received credit).

**ANSWER:** Paragraph 44 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 44.

45. By filing this lawsuit in good faith pursuant to the Consumer Credit Protection Act, plaintiffs were and are engaged in a statutorily protected activity.

**ANSWER:** Paragraph 45 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 45.

46. As a result of filing this lawsuit, plaintiffs have suffered and continue to suffer adverse actions at the hands of defendants. Argent, AMC, and Citi Residential have, in ways detailed above and in other ways, taken retaliatory action against these and other plaintiffs and their accounts. These actions constitute "an unfavorable change in the terms of an account that

does not affect all or a substantial portion of a class of the creditor's accounts." 12 C.F.R. § 202.2 (c)(1)(ii).

**ANSWER:** Paragraph 46 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 46.

47. A direct causal connection exists between plaintiffs' filing suit and defendants' subsequent treatment of their accounts, as detailed above.

**ANSWER:** Paragraph 47 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 47.

48. As a result of defendants' conduct, plaintiffs are entitled to recover statutory damages, punitive damages, equitable and declaratory relief, costs and attorney fees.

**ANSWER:** Paragraph 48 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 48.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Third Amended Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Third Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Third Amended Complaint.

15. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16. Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Third Amended Complaint;
2. Enter judgment for Defendant and against Plaintiffs in this action;
3. Award Defendant its costs of suit; and

      4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED:  September 15, 2009                            Respectfully submitted,

                                                    By: /s/  Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand twiegand@winston.com
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois  60601-9703
Telephone: (312) 558-5600
Facsimile:  (312) 558-5700

**CERTIFICATE OF SERVICE**

      I, David E. Dahlquist, hereby certify that on this 15th day of September 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By:    /s/ David E. Dahlquist