**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>(Centralized before The Honorable Marvin E. Aspen) |
| THIS DOCUMENT RELATES TO:<br><br>*Bryan L. Eson and Karen M. Eson v. Argent Mortgage Company, et al.*; Case No. 06 C 2829 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs BRYAN L. ESON's and KAREN M. ESON's ("Plaintiffs") Third Amended Complaint as follows.

**THIRD AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs Bryan L. Eson and Karen M. Eson bring this action against a "subprime" mortgage lender and its affiliates to (a) rescind a mortgage for violation of the Truth in Lending Act, 15 U. S.C. § 1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and to (b) secure redress for violation of § 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Third Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Further answering, Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 1.

- 1 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331(general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC, conducted business in Illinois as well as numerous other states through August 2007. Further answering, the remaining allegations in Paragraph 2 contain conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

## PARTIES

3. Plaintiffs Bryan L. Eson and Karen M. Eson are husband and wife and jointly own and reside in a home at 15441 Michaele Drive, Oak Forest, IL 60452.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. Defendant denies any remaining allegations in paragraph 3.

4. Defendant Argent Mortgage Company, LLC is a limited liability company which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Illinois as well as numerous other states through August 2007. Further answering, Defendant admits that National Registered Agents is a registered agent of Argent Mortgage Company, LLC. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and denies those allegations on that basis.

5. Defendant Argent Mortgage Company, LLC is engaged in the business of originating "subprime" mortgages.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC provided residential mortgage loans through August 2007. Further answering, Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations of paragraph 5.

6. Defendant Argent Mortgage Company, LLC makes more than 26 loans per year.

**ANSWER:** Defendant admits that for certain periods, it originated more than 26 mortgage loans per year. Defendant denies any remaining allegations of paragraph 6.

7. Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** Paragraph 7 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 7.

8. Defendant Chase Home Finance, LLC is a foreign corporation which does business in Illinois. Its registered agent and office are C.T. Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9. Defendant Chase Home Finance, LLC services some loans originated by Ameriquest Mortgage Company, including plaintiffs', and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10. Defendant JPMC Specialty Mortgage, LLC, formerly known as WM Specialty Mortgage, LLC, is a foreign corporation which transacts business in Illinois. It holds legal title to some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is Corporation Service Company, located at 84 State St., Boston, MA 02109.

**ANSWER:** Defendant admits that Plaintiffs' mortgage loan was sold to WM Specialty Mortgage, LLC. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

BN 4199130v1

## FACTS RELATING TO PLAINTIFFS

11. Plaintiffs are ordinary consumers struggling to make ends meet and raise their two children. Mr. and Mrs. Eson both work full-time - he as a Maintenance Technician, she as an office secretary.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. Prior to May 24, 2004, A American Financial Group, Inc., a mortgage broker, solicited plaintiffs to refinance their mortgage loan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13. Prior to May 24, 2004, plaintiffs submitted information for a loan application, through Alison Levine, an employee of the broker, to Argent Mortgage Company, LLC.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15. Within a day or two of the first contact with plaintiffs, Ms. Levine had taken and provided to Argent all of the necessary qualifying information from plaintiffs. Ms. Levine or Argent also ran plaintiffs' credit reports immediately.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

- 5 -

16. At that time and subsequently, Argent, both through Ms. Levine and through preliminary written disclosures it issued, repeatedly promised and reassured plaintiffs that they would receive a fixed interest rate of 6.3%.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17. The loan was closed on May 24, 2004.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

18. At the closing, for the first time Argent informed plaintiffs that the loan terms were being altered to their detriment, as set forth on Exhibit A. In particular, Argent increased the interest rate to 6.9%, and it was adjustable, not fixed.

**ANSWER:** Paragraph 18 contains references to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19. Ms. Eson phoned Ms. Levine, who was not present at closing, to inquire.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20. Ms. Levine was hostile and told him that he was "lucky to get a loan at all" because, she said, no other lender "would touch you." Plaintiffs, who are ordinary consumers, believed that Ms. Levine was telling them the truth.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

BN 4199130v1

21. Ms. Levine also told Mr. Eson that the interest rate would not start to adjust until after three years. In fact, it started adjusting after just two years.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22. It was the policy and practice of Argent to engage in "bait and switch "loan solicitation practices, whereas one set of terms was initially quoted after Argent had obtained sufficient information to provide an accurate quote, and then more onerous terms (such as a higher interest rate) were imposed immediately before the closing.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23. Furthermore, Ms. Levine and/or Argent wrote on the typed, pre-printed loan application she or it prepared (Exhibit H) that plaintiff Bryan Eson's gross monthly income was $3,005.08. In actuality, Bryan Eson gross monthly income was only between $1,400 and $1,500. Plaintiffs gave Levine accurate information when they spoke to her, and also sent her accurate copies of their tax returns and paycheck stubs.

**ANSWER:** Paragraph 23 contains references to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23. Defendant denies any remaining allegations in paragraph 23.

24. Levine and/or Argent then arranged to have plaintiffs sign the application containing false information at closing. During closing plaintiffs were presented with a stack of paper consisting of scores of documents and hundreds of printed pages, and Ms. Levine intentionally intimidated them. Under these circumstances, plaintiffs could not review each line for accuracy.

- 7 -

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25. The following are documents relating to the loan:

    a. A note, Exhibit B;

    b. A mortgage, Exhibit C;

    c. Two settlement statements, Exhibit D;

    d. A Truth in Lending disclosure statement, Exhibit E;

    e. The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit F.

**ANSWER:** Paragraph 25 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant denies any remaining allegations in paragraph 25.

26. The closing agent took all the closing documents with him when he left.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27. Plaintiffs did not receive any copies of their closing package until Argent sent them by FedEx two weeks later.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27. Defendant denies any remaining allegations in paragraph 27.

28. The disbursements changed between the closing date and the disbursement of the loan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28. Defendant denies any remaining allegations in paragraph 28.

29. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc., and later to Citi Residential Lending, Inc. Subsequently, plaintiffs were directed to make payments to Chase Home Finance, LLC.

**ANSWER:** Defendant admits that AMC Mortgage Services, Inc. and Citi Residential Lending, Inc. were the prior servicers of Plaintiffs' mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29. Defendant denies any remaining allegations in paragraph 29.

30. On information and belief, JPMC Specialty Mortgage, formerly known as WM Specialty Mortgage, LLC, owns plaintiffs' loan.

**ANSWER:** Defendant admits that Plaintiffs' mortgage loan was sold to WM Specialty Mortgage, LLC. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30. Defendant denies any remaining allegations in paragraph 30.

31. In the event JPMC Specialty Mortgage, formerly known as WM Specialty Mortgage, LLC, does not own plaintiffs' loan (actual ownership is rarely, if ever, shown of record), the actual owners are named as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

## COUNT I – TRUTH IN LENDING ACT

32. Plaintiffs incorporate paragraphs 1-29. This claim is against all defendants.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 29.

33. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

    (a) <u>Consumer's right to rescind</u>.

        (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership

- 8 -

        interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47

    (2)    To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.

    (3)    The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

    (4)    When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

 (b)    <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

    (1)    The retention or acquisition of a security interest in the consumer's principal dwelling.

    (2)    The consumer's right to rescind the transaction.

    (3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

    (4)    The effects of rescission, as described in paragraph (d) of this section.

    (5) The date the rescission period expires. . . .

 (f)    <u>Exempt transactions</u>. The right to rescind does not apply to the following:

  (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

  (2) A credit plan in which a state agency is a creditor.

**ANSWER:** Paragraph 33 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. §226.23 have been accurately quoted in paragraph 33, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. §226.23 in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 33.

34. In connection with the loan, Argent Mortgage Company, LLC failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** Paragraph 34 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 34.

35. In connection with the loan, Argent Mortgage Company, LLC failed to provide the required disclosures of the plaintiffs' right to cancel within three days in that none of the notices that plaintiffs received were completed.

**ANSWER:** Paragraph 35 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 35.

36. Furthermore, plaintiffs did not receive the required disclosures until two weeks after closing, after the rescission period had ended.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36. Defendant denies any remaining allegations in paragraph 36.

37. In addition, the notices of right to cancel and financial disclosures were prepared as if the transaction had been consummated on the closing date.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. Defendant denies any remaining allegations in paragraph 37.

38. Because the disbursements were changed between the closing date and the disbursement date, the terms of the loan were not agreed upon and the loan was not consummated until the actual disbursements were made known to plaintiffs and the plaintiffs agreed to proceed with the loan.

**ANSWER:** Paragraph 38 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 38.

39. As a result, the notices of right to cancel and financial disclosures are misdated.

**ANSWER:** Paragraph 39 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 39.

40. Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit G</u>.

**ANSWER:** Paragraph 40 contains a summary of a document attached to the Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 40.

41. The loan has not been rescinded.

**ANSWER:** Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies that Plaintiffs has the right to rescind their loan. Defendant denies the any remaining allegation in paragraph 41.

42. Under 15 U.S.C. § 1641 (c), the right to rescind may be exercised against any assignee.

**ANSWER:** Paragraph 42 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 42.

43. 15 U.S.C. §1635(g) provides:

Additional relief

- 11 -

> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:** Paragraph 43 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been accurately quoted in paragraph 43, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 43.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

44. Plaintiffs incorporate paragraphs 1-29. This claim is against Argent.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 29. Paragraph 42 is a summary description of the claim within Plaintiffs' Third Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 42.

45. Defendant Argent engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by engaging in a "bait and switch" on the plaintiffs' terms, in particular by promising a 6.3% fixed rate loan after acquiring sufficient financial information to underwrite the loan, and then switching plaintiffs to a 6.9% adjustable rate loan and not notifying plaintiffs until closing.

**ANSWER:** Paragraph 45 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 45.

46. Argent engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by intentionally inflating Mr. Eson's monthly income from $1,800 to $3,005.08.

**ANSWER:** Paragraph 46 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 46.

47. Argent engaged in such practices in the course of trade and commerce.

**ANSWER:** Paragraph 47 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 47.

48. Argent engaged in such practices for the purpose of inducing reliance on the part of borrowers, by entering into the disadvantageous transactions.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48. Defendant denies any remaining allegations in paragraph 48.

49. Plaintiffs did in fact rely on Argent's practices.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49. Defendant denies any remaining allegations in paragraph 49.

50. Plaintiffs were damaged as a result.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50. Defendant denies any remaining allegations in paragraph 50.

51. Argent's conduct was intentionally deceptive and malicious, warranting substantial punitive damages.

**ANSWER:** Paragraph 51 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 51.

52. Defendant violated the Residential Mortgage License Act of 1987 and implementing regulations. The purpose of the Act is to "protect Illinois consumers seeking residential mortgage loans and to ensure that the residential mortgage lending industry is operating fairly, honestly and efficiently, free from deceptive and anti-competitive practices." 205 ILCS 635/1-2(b)(2005). The implementing regulations, at 38 Ill. Adm. Code 1050.1230 (2005), create an affirmative disclosure obligation <u>when the lender changes the borrowers' loan terms mid-stream</u>:

> § 1050.1230 Changes Affecting Loans in Process.
>
> a) If it is determined that a borrower does not qualify for the loan amount, terms or program for which he or she applied and the costs of another recommended program would materially differ from the costs itemized on the Good Faith Estimate, the licensee immediately shall provide to the customer a written, and when

- 13 -

>   possible, a verbal, plain-English explanation of any program the licensee recommends as one for which the borrower may be qualified. Such explanation shall include but not be limited to detailed information on costs to the borrower.

**ANSWER:** Paragraph 52 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 38 Ill. Adm. Code 1050.1230 have been accurately quoted in paragraph 52, but specifically denies the characterization of the language as alleged. Defendant refers to 38 Ill. Adm. Code 1050.1230 in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 52.

53. The same regulations create an affirmative, general duty of good faith, defined as "honesty in fact in the conduct of the transaction." 38 Ill.Adm. Code 1050.1250(a)(2005). That duty is as follows: "[a]ny disclosure or action required by the Act or this Part shall be made in good faith." *Id.* Defendant did not provide or attempt to provide, prior to closing, any oral or written notice of the last minute change in plaintiffs' loan terms.

**ANSWER:** Paragraph 53 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 38 Ill.Adm. Code 1050.1250(a)(2005) have been accurately quoted in paragraph 52, but specifically denies the characterization of the language as alleged. Defendant refers to 38 Ill.Adm. Code 1050.1250(a)(2005) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 53.

## COUNT III – COMMON LAW FRAUD

54. Plaintiffs incorporate paragraphs 1-29. This claim is against Argent.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 29. Paragraph 54 is a summary description of the claim within Plaintiffs' Third Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 54.

55. Defendant represented that plaintiffs qualified for the loan based on the amount of their income.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55. Defendant denies any remaining allegations in paragraph 55.

- 14 -

56. Defendant fraudulently inflated the amount of plaintiffs' income. Therefore, the representations that plaintiffs qualified for the loan and could afford it were also false and fraudulent.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56. Defendant denies any remaining allegations in paragraph 56.

57. The amount of plaintiffs' income was information that was material to the terms of their transaction with defendant.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57. Defendant denies any remaining allegations in paragraph 57.

58. At the time defendant falsified the income, it knew that this representation was false. Alternatively, it became aware of the false information before closing and/or ratified it later.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58. Defendant denies any remaining allegations in paragraph 58.

59. Defendant made the representations with the intent that they would be acted upon by plaintiffs.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59. Defendant denies any remaining allegations in paragraph 59.

60. In reliance on defendants' representations, plaintiffs closed on the loan with Argent.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60. Defendant denies any remaining allegations in paragraph 60.

61. Plaintiffs have been injured.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61. Defendant denies any remaining allegations in paragraph 61.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Third Amended Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Third Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Third Amended Complaint.

15. Plaintiffs' claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

BN 4199130v1

1. Dismiss Plaintiffs' Third Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: September 15, 2009                              Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand twiegand@winston.com
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

- 18 -

- 19 -

## CERTIFICATE OF SERVICE

I, David E. Dahlquist, hereby certify that on this 15th day of September 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/  David E. Dahlquist

BN 4199130v1
CHI:2307251.1