- 1 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: <br><br> *Tregg E. Howze, et al. v. Argent Mortgage Company, et al.*; Case No. 05-cv-07097 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs TREGG E. HOWZE's and WANDA L. HOWZE's ("Plaintiffs") Second Amended Complaint as follows.

**SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1.  Plaintiffs Tregg E. Howze and Wanda L. Howze bring this action against a "subprime" mortgage lender and its affiliate and successor to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, and to recover damages under state law.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Second Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Further answering, Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 1.

- 1 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640 (TILA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Co., LLC, conducted business in Michigan as well as numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 2.

## PARTIES

3. Plaintiffs Tregg E. Howze and Wanda L. Howze own and reside in a home at 14903 Bringard Drive, Detroit, MI 48205.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. Defendant denies any remaining allegations in paragraph 3.

4. Defendant Argent Mortgage Company, LLC ("Argent") is a foreign corporation which maintains offices in and does business in Michigan. Argent is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Michigan as well as numerous other states. Further answering, Defendant admits that National Registered Agents is a registered agent of Argent Mortgage Company, LLC. Defendant specifically denies the characterization and use of the term "affiliate." Defendant denies the remaining allegations of paragraph 4.

5. Defendant Argent is engaged in the business of originating "subprime" mortgages.

**ANSWER:** Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 5.

- 2 -

6. Defendant Argent makes more than 26 loans per year.

**ANSWER:** Defendant admits that for certain periods, it originated more than 26 mortgage loans per year. Defendant denies any remaining allegations of paragraph 6.

7. Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** Paragraph 7 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 7.

8. Defendant HomEq Servicing Corporation ("HomEq") is a New Jersey corporation which does business in Michigan. Its registered agent is SCS-Lawyers Incorporating Service, 601 Abbott Road, East Lansing, MI 48823. It services plaintiffs' loan. It claims an interest in such loan, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** Defendant admits that HomEq Servicing Corporation is the current servicer of Plaintiffs' mortgage loan. Paragraph 8 also contains conclusion of law to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9. Defendant Wells Fargo Bank Minnesota, N.A., is a federally chartered national bank that does business in Michigan. It is in the business of, among other things, buying and holding ownership rights to loans originated by defendant Argent. It may be found at 135 S. LaSalle St., Chicago, IL 60603. On information and belief it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** Defendant admits that Wells Fargo Bank Minnesota, N.A. is the current legal holder of Plaintiffs' mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10. Defendant Park Place Securities, Inc., is a Delaware corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Argent Mortgage

Company, including plaintiffs'. Its registered agent is National Registered Agents, Inc., located at 2030 Main St., Suite 1030, Irvine, CA 92614.

**ANSWER:** Defendant admits that Park Place Securities, Inc. is the beneficial owner of Plaintiffs' mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

### FACTS RELATING TO PLAINTIFF

11. Prior to January 21, 2005, plaintiffs applied for a mortgage with Argent. The application was processed by the Rolling Meadows, Illinois office of Argent.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13. The loan was closed on January 21, 2005. Plaintiffs asked for a copy of their loan documents and was assured that their loan documents would be mailed to them.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14. Plaintiffs called for a few weeks later requesting to see their loan documents but still never received them. It was not until August 9, 2006, after a third request plaintiffs were sent some of their loan documents.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15. The following are documents relating to the loan. None were delivered to plaintiffs at the closing.

      a. A note, <u>Exhibit A</u>;

      b. A mortgage, <u>Exhibit B</u>;

      c. A settlement statement, <u>Exhibit C</u>;

**ANSWER:** Paragraph 15 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16. Truth in Lending statement or three-day notice of right to cancel required by the Federal Reserve Board was provided.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17. Plaintiffs were later directed to make payments to affiliates of Argent Ameriquest and AMC Mortgage Services, Inc., and more recently to HomEq Servicing Corporation.

**ANSWER:** Defendant admits that HomEq Servicing Corporation is the current servicer of Plaintiffs' mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

18. On information and belief, Wells Fargo Bank, N.A., holds legal title to plaintiffs' loan, as trustee. Park Place Securities, Inc., is the beneficial owner of plaintiffs' loan under Floating Rate Mortgage Pass Through Certificates, Series 2005-WHQ2 Under Pooling and Servicing Agreement Dates as of April 1, 2005, Without Recourse.

**ANSWER:** Defendant admits that Wells Fargo Bank, N.A. is the current legal holder of Plaintiffs' mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19. In the event Park Place Securities, Inc., does not own plaintiffs' loan or Wells Fargo Bank Minnesota, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

## COUNT I- TRUTH IN LENDING ACT

20. Plaintiffs incorporate paragraphs 1-19.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 19.

21. This claim is against all defendants.

**ANSWER:** Paragraph 21 is a summary description of the allegations within Plaintiffs' Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 21.

## RIGHT TO RESCIND

22. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a) <u>Consumer's right to rescind</u>.
>
> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (I) of this section4n147
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business day following

>   consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,ffn148 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 1250) of the Act. [15 U.S.C. §1635(f)]
>
>   (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>   (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
>   (2) The consumer's right to rescind the transaction.
>
>   (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
>   (4) The effects of rescission, as described in paragraph (d) of this section.
>
>   (5) The date the rescission period expires... .
>
> (f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:
>
>   (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>
>   (2) A credit plan in which a state agency is a creditor.

**ANSWER:** Paragraph 22 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23 have been accurately quoted in paragraph 22, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23 in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 22.

- 7 -

## GROUNDS FOR RESCISSION

23. In connection with the loan, Argent failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23.

**ANSWER:** Paragraph 23 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 23.

24. Notice of rescission has not been given to defendants (Exhibit D).

**ANSWER:** Paragraph 24 contains a summary of a document attached to the Complaint to which no answer is required. Defendant references Exhibit D in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 24.

25. The loan has not been rescinded.

**ANSWER:** Defendant admits that Plaintiffs' loan has not been rescind. Defendant denies that Plaintiffs has the right to rescind their loan. Defendant denies the any remaining allegation in paragraph 25.

26. Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** Paragraph 26 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1641(c) have been accurately quoted in paragraph 26, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1641(c) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 26.

27. 15 U.S.C. §1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:** Paragraph 27 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been

- 8 -

accurately quoted in paragraph 27, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 27.

## COUNT II — MORTGAGE BROKERS, LENDERS, AND SERVICERS LICENSING ACT

28. Plaintiffs incorporate paragraphs 1-19. This claim is against Argent.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 19. Paragraph 28 is a summary description of the claim within Plaintiffs' Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 28.

29. Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b) by charging a notary fee of $300, Exhibit C, line 1106. This violates MCL §55.285, which provides:

> The fee charged by a notary public for performing a notarial act shall not be more than $10.00 for any individual transaction or notarial act. A notary public shall either conspicuously display a sign or expressly advise a person concerning the fee amount to be charged for a notarial act before the notary public performs the act. Before the notary public commences to travel in order to perform a notarial act, the notary public and client may agree concerning a separate travel fee to be charged by the notary public for traveling to perform then notarial act.

**ANSWER:** Paragraph 29 contains conclusions of law to which no answer is required. Further answering, paragraph 29 contains a reference to a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 29.

30. Argent engaged in deceit by charging plaintiffs an excessive notary fee.

**ANSWER:** Paragraph 30 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 30.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Second Amended Complaint so triable.

- 9 -

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by the applicable statute of limitations.

2. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

BN 2143734v1

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16. Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1. Dismiss Plaintiffs' Second Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

BN 2143734v1

- 12 -

    3.      Award Defendant its costs of suit; and

    4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: September 29, 2009                      Respectfully submitted,

                                                      By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
twiegand@winston.com

- 12 -

## CERTIFICATE OF SERVICE

    I, David E. Dahlquist, hereby certify that on this 29th day of September 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    By:    /s/ David E. Dahlquist

BN 2143734v1
CHI:2312969.1