**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Babatunde Ishmael, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 06 C 06872 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC'S ("Defendant"), by and through its attorneys, answers Plaintiffs BABATUNDE ISHMAEL's and SEIDAT ISHMAEL's ("Plaintiffs") Second Amended Complaint as follows.

**SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1.  Plaintiffs Babatunde Ishmael and Seidat Ishmael bring this action against a "subprime" mortgage lender and its transferees to secure relief, including rescission, for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, the Equal Credit Opportunity Act, 15 U.S. C. § 1691 et seq. ("ECOA"); and state law.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Second Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Further answering, Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 1.

- 1 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA).

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3. Defendants do business in the District and are deemed to reside here. Venue is therefore proper under 28 U.S.C. §1391(c).

**ANSWER:** Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Company, LLC, conducted business in Illinois as well as numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4. Plaintiffs Babatunde Ishmael and Seidat Ishmael are husband and wife and own and reside in a single family home located at 7919 S. Washtenaw Avenue, Chicago, IL 60652.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5. Defendant Argent Mortgage Company, LLC ("Argent") is a foreign corporation which maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Illinois as well as numerous other states. Further answering, Defendant admits that National Registered Agents is a registered agent of Argent Mortgage Company, LLC. Defendant denies the remaining allegations of paragraph 5.

6. Defendant Argent is engaged in the business of originating "subprime" mortgages.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC, provided residential mortgage loans through August 2007. Defendant denies any remaining allegations of paragraph 6.

7. Defendant Argent makes more than 26 loans per year.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC originated more than 26 mortgage loans per year until August 2007. Defendant denies any remaining allegations of paragraph 7.

8. Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

9. Defendant Argent is an affiliate of Ameriquest Mortgage Company ("Ameriquest").

**ANSWER:** Defendant specifically denies the characterization and use of the term "affiliate." Defendant denies any remaining allegations in paragraph 9.

10. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

11. Defendant Wells Fargo Bank Minnesota, N.A., ("Wells Fargo") is a federally chartered national bank that does business in Michigan. It is in the business of, among other things, buying and holding ownership rights to loans originated by defendant Argent. It may be found at 730 Center Ave., Moorhead, MN 56560. On information and belief, it holds legal title to plaintiffs' loan, as trustee.

**ANSWER:** Defendant admits that Wells Fargo Bank Minnesota, N.A. holds legal title to some mortgage loans originated by Argent Mortgage Company, LLC, including Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. Defendant Park Place Securities, Inc., is a Delaware corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Argent Mortgage Company, including plaintiffs.' Its registered agent is National Registered Agents, Inc., located at 2030 Main St., Suite 1030, Irvine, CA 92614.

**ANSWER:** Defendant admits that Park Place Securities, Inc. is the legal holder of Plaintiff's mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13. In the event Wells Fargo and Park Place Securities, Inc., do not own plaintiffs' loan, the owners are named as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

## FACTS RELATING TO PLAINTIFFS

14. More than six weeks prior to June 11, 2005, plaintiffs received a flyer from Chicago Mortgage Acceptance Corporation, doing business as Chicago Mortgage Acceptance, advertising home refinances. Plaintiff Babatunde Ishmael responded approximately six weeks prior to June 11, 2005 by calling Chicago Mortgage Acceptance to apply for a mortgage.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15. Plaintiff spoke to Chicago Mortgage Acceptance employee James T. McMahon at all relevant times.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17. McMahon and Argent wrote on the typed, pre-printed loan applications they prepared that plaintiffs purchased their home in 1994 for $120,000. (Exhibit A.) In actuality, plaintiffs purchased their home for only $85,000.

**ANSWER:** Paragraph 17 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 17.

18. McMahon, Chicago Mortgage Acceptance, and/or Argent then arranged to have plaintiffs sign the application containing false information at closing. The application was one of scores of documents and hundreds of pages of documents presented to plaintiffs at closing. Plaintiffs could not possibly have reviewed each for accuracy at that time.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19. Approximately one week before closing, McMahon called plaintiffs and told plaintiff Babatunde Ishmael that Argent Mortgage Company would only give plaintiffs a three-year fixed-rate loan but that plaintiffs would be able to refinance for a permanent fixed rate within two years.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20. The loan was closed on June 11, 2005.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

21. The following are documents relating to the loan:

   a. A note, <u>Exhibit B</u>. Only (Mr.) Babatunde Ishmael signed the note.

   b. A mortgage, <u>Exhibit C</u>. Both (Mr.) Babatunde Ishmael and (Mrs.) Seidat Ishmael signed the mortgage.

   c. A settlement statement, <u>Exhibit D</u>.

   d. A Truth in Lending disclosure statement, <u>Exhibit E</u>.

   e. The official Federal Reserve Board notice of right to cancel, <u>Exhibit F</u>.

   f. A "disbursement authorization," <u>Exhibit G</u>.

**ANSWER:** Paragraph 21 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

23. There is no provision in any of plaintiffs' documents ensuring his right to

refinance in two years.

**ANSWER:** Paragraph 23 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23. Defendant denies any remaining allegations in paragraph 23.

24. Chicago Mortgage Acceptance Corporation has since dissolved.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25. Because Chicago Mortgage Acceptance received a Yield Spread Premium ("YSP") from Argent (<u>Exhibit F</u>, line 809) in exchange for having placed plaintiffs into an adjustable-rate loan, Chicago Mortgage Acceptance's actions are attributable to Argent.

**ANSWER:** Paragraph 25 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Paragraph 25 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

26. Plaintiffs were later directed to make payments to HomEq Servicing Corporation.

**ANSWER:** Defendant admits that HomEq Servicing Corporation is the current servicer of Plaintiffs' mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27. On information and belief, Wells Fargo Bank, N.A., holds legal title to plaintiffs' loan, as trustee. Park Place Securities, Inc., is the beneficial owner of plaintiffs' loan under Floating Rate Mortgage Pass-through Certificates, Series 2005-WHQ4 Under Pooling and Servicing Agreement Dated as of August 1, 2005.

**ANSWER:** Defendant admits that Wells Fargo Bank Minnesota, N.A. holds legal title to Plaintiffs' loan and that Park Place Securities, Inc. is the legal holder of Plaintiff's mortgage loan under Floating Rate Mortgage Pass-through Certificates, Series 2005-WHQ4 Under Pooling and Servicing Agreement Dated as of August 1, 2005. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27. Defendant denies any remaining allegations in paragraph 27.

28. In the event Park Place Securities, Inc., does not own plaintiffs' loan or Wells Fargo Bank Minnesota, N.A. does not hold title, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28. Defendant denies any remaining allegations in paragraph 28.

## COUNT I – TILA

29. Plaintiffs incorporate paragraphs 1-28.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 28

30. In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. (15 U.S.C. § 1635(a)).

**ANSWER:** Paragraph 30 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 30, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 30.

31. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b).)

**ANSWER:** Paragraph 31 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(b) have been accurately quoted in paragraph 31, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(b) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 31.

32. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U. S.C. § 1635(a).)

**ANSWER:** Paragraph 32 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 32, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 32.

33. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:** Paragraph 33 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 33, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 33.

34. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two

>
> copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)

**ANSWER:** Paragraph 34 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 C.F.R. §1226.23(b)(1) have been accurately quoted in paragraph 34, but specifically denies the characterization of the language as alleged. Defendant refers to 15 C.F.R. §1226.23(b)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 34.

## DEFECTIVE NATURE OF DISCLOSURES

35. In connection with the plaintiffs' loan, Argent Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons.

**ANSWER:** Paragraph 35 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 35.

36. Exhibit F is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Argent to the official Federal Reserve Board text.

**ANSWER:** Paragraph 36 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies the remaining allegations in paragraph 36.

- 10 -

37. The top of Exhibit F has only Babatunde Ishmael's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:** Paragraph 37 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies the remaining allegations in paragraph 37.

38. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:** Paragraph 38 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 38.

39. Notice of rescission has been given to defendants. A copy is attached as Exhibit H.

**ANSWER:** Paragraph 39 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39. Defendant denies any remaining allegations in paragraph 39.

40. The loan has not been rescinded.

**ANSWER:** Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies that Plaintiffs has the right to rescind their loan. Defendant denies the any remaining allegation in paragraph 40.

41. Under 15 U. S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** Paragraph 41 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 41.

42. 15 U.S.C. §1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:** Paragraph 42 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been accurately quoted in paragraph 42, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 42.

## COUNT II – ECOA

43. Seidat Ishmael incorporates paragraphs 1-42.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 42.

44. This claim is against Argent.

**ANSWER:** Paragraph 44 is a summary description of the allegations within Plaintiffs' Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 44.

45. On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only the husband signs the note.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45. Defendant denies any remaining allegations in paragraph 45.

- 13 -

46. On information and belief, it is defendant's practice, if the wife does not have an income and/or her credit score is no better than the husband's, to prepare the loan documents in this manner.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46. Defendant denies any remaining allegations in paragraph 46.

47. Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:** Paragraph 47 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 47.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

48. Plaintiff incorporates paragraphs 1-28. This claim is against Argent.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 28.

49. Defendant engaged in unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by engaging in "bait and switch" practices through promising that plaintiffs would be able to refinance for a permanent fixed rate within two years of signing their adjustable-rate note but not including a provision ensuring that right to refinance.

**ANSWER:** Paragraph 49 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 49.

50. Defendant engaged in such practices in the course of trade and commerce.

**ANSWER:** Paragraph 50 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 50.

51. Defendant engaged in such practices for the purpose of inducing reliance on the part of borrowers, by convincing them to sign an adjustable-rate loan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51. Defendant denies any remaining allegations in paragraph 51.

52. Plaintiffs did in fact rely on defendant's practices.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52. Defendant denies any remaining allegations in paragraph 52.

53. Plaintiffs were damaged as a result.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53. Defendant denies any remaining allegations in paragraph 53.

54. Defendant's conduct was intentionally deceptive and malicious, warranting substantial punitive damages.

**ANSWER:** Paragraph 54 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 54.

### JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Second Amended Complaint so triable.

### REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

**DEFENSES**

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

**<u>AFFIRMATIVE DEFENSES</u>**

1. Plaintiffs' claims are barred by the applicable statute of limitations.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Second Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

- 16 -

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: September 29, 2009

Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
twiegand@winston.com

BN 2146199v1

## CERTIFICATE OF SERVICE

      I, David E. Dahlquist, hereby certify that on this 29th day of September 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    /s/ David E. Dahlquist

BN 2146199v1
CHI:2312967.1