## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Lamar Gray, Sr., et al. v. Argent Mortgage Company, et al.*; Case No. 07 C 317 | |

## DEFENDANT ARGENT MORTGAGE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant ARGENT MORTGAGE COMPANY ("Defendant"), by and through its

attorneys, answers Plaintiffs LAMAR GRAY, SR.'s and VERNA JOYCE GRAY's ("Plaintiffs")

Second Amended Complaint as follows.

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1.      Plaintiffs LaMar Gray, Sr. and Verna Joyce Gray bring this action against a

"subprime" mortgage lender and its affiliates to rescind a mortgage for violation of (A) the Truth

in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board

Regulation Z, 12 C.F.R. part 226, and (B) for under damages uner [sic] Michigan state law.

**ANSWER:**     Paragraph 1 is a summary description of the allegations within Plaintiffs' Second
            Amended Complaint to which no answer is required. Paragraph 1 also contains
            conclusion of law to which no response is required. Further answering,
            Defendant specifically denies the characterization and use of the term "subprime."
            Defendant denies any remaining allegations in paragraph 1.

- 1 -

BN 2143175v1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general

federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).  Defendants transact

business in the District and are deemed to reside here.

**ANSWER:**     Paragraph 2 contains conclusions of law to which no answer is required.
                Defendant denies any remaining allegations in paragraph 2.

## PARTIES

3.      Plaintiffs LaMar Gray, Sr. and Verna Joyce Gray, husband and wife, own and

reside in a single family home at 22680 Twyckingham Way, Southfield, MI 48034.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to
                the truth of the allegations in paragraph 3. Defendant denies any remaining
                allegations in paragraph 3.

4.      Defendant Argent Mortgage Company, L.L.C. ("Argent") is a limited liability

company which does business in Michigan.  Its registered agent and office are National

Registered Agents, Inc., 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago,

IL 60606.

**ANSWER:**     Defendant admits that Argent Mortgage Company, LLC, is a foreign limited
                liability company that conducted business in Michigan as well as numerous other
                states.  Further answering, Defendant admits that National Registered Agents is a
                registered agent of Argent Mortgage Company, LLC. Defendant denies the
                remaining allegations of paragraph 4.

5.      Defendant Argent is engaged in the business of originating "subprime"

mortgages.  Argent is a "wholesale" lender: it does not originate its subprime mortgage loans

directly to consumers but, rather, indirectly, using mortgage brokers as intermediaries.

**ANSWER:**     Defendant specifically denies the characterization and use of the term "subprime."
                Defendant denies any remaining allegations in paragraph 5.

6.      Defendant Argent made more than 26 loans per year.

**ANSWER:**    Defendant admits that for certain periods, it originated more than 26 mortgage loans per year.  Defendant denies any remaining allegations of paragraph 6.

7.    Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**    Paragraph 7 contains conclusions of law to which no answer is required.  Defendant denies any remaining allegations in paragraph 7.

8.    Defendant Argent is an affiliate of Ameriquest Mortgage Company.  During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period.  Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States.  During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:**    Defendant specifically denies the characterization and use of the term "affiliate."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9.    Defendant U.S. Bank, N.A., is a federally chartered bank that does business in Michigan.  It is engage in the business of, among other things, purchasing and holding title to subprime loans originated by defendant Argent Mortgage Company, LLC.  It has branch offices at 360 North Michigan Avenue, Chicago, IL 60601.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

## FACTS RELATING TO PLAINTIFFS

10.    Plaintiffs are ordinary consumers.  Mrs. Gray operate a home child care business.  Mr. Gray is a photographer.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

- 3 -

BN 2143175v1

11.     In November, 2004, the Mortgage Edge, Inc., a mortgage broker located in Ohio, solicited plaintiffs by mail and phone to refinance their mortgage loan.  The solicitations mentioned low, fixed-rate mortgages.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12.     Prior to February 11, 2005, plaintiffs decided to apply to the Mortgage Edge for a refinance because it had quoted them the best rate.  Plaintiffs had talked to several mortgage brokers.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13.     Plaintiffs were interested in refinancing because they wanted to lower their interest rate, get cash to perform some home repairs and pay off some of their consumer debts.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14.     Plaintiffs needed and used the loan for personal, family or household purposes, including for refinancing of prior debt incurred for such purposes.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15.     Prior to February 11, 2005, the Mortgage Edge arranged for defendant Argent to make the loan to plaintiffs.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

BN 2143175v1

16.     Commencing two months prior to closing, Jennifer Grieves, who identified herself as a "Senior Loan Officer" with the Mortgage Edge, promised plaintiffs numerous times, both orally and in writing, e.g., <u>Exhibit A</u>, that they would receive a loan with a fixed interest rate that would be lower than the rate on their then-current mortgage loan.

**ANSWER:**     Paragraph 16 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of it contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17.     Grieves made these promises after plaintiffs had submitted complete information for an application along with supporting documents.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

18.     Plaintiffs also specifically requested of Grieves "cash out" from the transaction to make repairs to their home.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19.     In late November or early December, 2004, Grieves advised plaintiffs not to make their December payment to their then-current mortgage servicer because, she said, the closing would occur in early December. Grieves then called plaintiffs back in the middle of December and informed them a December closing was off. Plaintiffs immediately made their payment, but their servicer reported them late to credit bureaus for that month.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20.     At the first scheduled closing in January, the signing notary informed plaintiffs that there were problems with the closing package, including missing documents. Plaintiffs also

BN 2143175v1

noticed that the interest rate was adjustable, not fixed, and higher than Grieves told them it would

be.  The closing was cancelled.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 20. Defendant denies any remaining
allegations in paragraph 20.

21.     Plaintiffs then spoke with the President and Owner of Mortgage Edge, who

promised them numerous times over several weeks that he would get them the rate they had been

promised as well as correct other problems.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 21. Defendant denies any remaining
allegations in paragraph 21.

22.     However, when plaintiffs received Argent's preliminary disclosures in the mail,

the rate was both adjustable and higher than promised.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 22. Defendant denies any remaining
allegations in paragraph 22.

23.     The President explained that, because plaintiffs were late making their December

payment, their rate was now higher and that Argent was the only lender willing to lender to

them.  Nevertheless, said the President, the final documents at closing would reflect the rate and

terms plaintiffs had been promised.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 23. Defendant denies any remaining
allegations in paragraph 23.

24.     The loan was closed in plaintiffs' home on February 11, 2005.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 24. Defendant denies any remaining
allegations in paragraph 24.

BN 2143175v1

25.     Immediately prior to the closing, plaintiffs were informed that Argent's loan terms were being altered to their detriment, as set forth on Exhibit B.  Both the settlement charges and the rate were increased above what Argent had initially disclosed.

**ANSWER:**     Paragraph 25 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

26.     On information and belief, Argent had complete financial and credit information on plaintiffs and their property, including an appraisal, prior to issuing its preliminary disclosures.  There was no legitimate reason for Argent's last moment increase in terms.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27.     The following are documents relating to the loan:

    a.     A note, Exhibit C.  Only Verna Joyce Gray signed the note.

    b.     A mortgage, Exhibit D.  Both plaintiffs signed the mortgage.

    c.     A Truth in Lending statement, Exhibit E;

    d.     The three-day notice of right to cancel required by the Federal Reserve Board, Exhibit F.

    e.     Two different HUD-1 Settlement Statements, Exhibits G-H.

    f.     A "borrower's disbursement authorization," Exhibit I.  The numbers on Exhibits G-I are not consistent.

**ANSWER:**     Paragraph 27 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27. Defendant denies any remaining allegations in paragraph 27.

28.     Argent charged plaintiffs a "loan discount" of $1,686.25.  This was in addition to a loan origination fee of $856.62, an appraisal fee of $300, a credit report fee of $16, a tax

- 7 -

related service fee of $35, a flood search fee of $16, an underwriting fee of $375, a processing

fee of $700, an administration fee of $175 and a notary fee of $125.00. The "loan discount" was

retained by Argent from the loan proceeds.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28. Defendant denies any remaining allegations in paragraph 28.

     29.     Plaintiffs' rate was not discounted.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29. Defendant denies any remaining allegations in paragraph 29.

     30.     Plaintiffs received a small fraction of the cash out they had requested and were

unable to do any home repairs.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30. Defendant denies any remaining allegations in paragraph 30.

     31.     Plaintiffs were later directed to make payments to HomEq.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

     32.     On information and belief, ownership of plaintiffs' loan was subsequently been

assigned to U.S. Bank, as trustee for the Structured Asset Investment Loan Trust Mortgage Pass-

Through Certificates Series 2005- HE2 trust.

**ANSWER:** Defendant specifically denies the characterization and use of the term "assigned." Defendant admits that U.S. Bank serves as trustee of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates Series 2005- HE2 trust. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. Defendant denies any remaining allegations in paragraph 32.

     33.     In the event U.S. Bank does not own plaintiffs' loan (actual ownership is rarely if

ever shown of record), the actual owners are named as Does 1-5.

BN 2143175v1

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33. Defendant denies any remaining allegations in paragraph 33.

## COUNT I - TILA RESCISSION

34.   Plaintiffs incorporate ¶¶ 1-33.

**ANSWER:**   Defendant repeats and reaffirms its answers to paragraphs 1 through 33.

## RIGHT TO RESCIND

35.   Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. § 1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> (a)   Consumer's right to rescind.
>
> > (1)   In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
> >
> > (2)   To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
> >
> > (3)   The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
> >
> > (4)   When more than one consumer in a transaction has the right to rescind, the exercise of the right by one

- 9 -

consumer shall be effective as to all consumers.

(b)    Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

        (1)    The retention or acquisition of a security interest in the consumer's principal dwelling.

        (2)    The consumer's right to rescind the transaction.

        (3)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

        (4)    The effects of rescission, as described in paragraph (d) of this section.

        (5)    The date the rescission period expires. . . .

(f)    Exempt transactions. The right to rescind does not apply to the following:

        (1)    A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

        (2)    A credit plan in which a state agency is a creditor.

**ANSWER:**    Paragraph 35 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of Section 226.23 have been accurately quoted in paragraph 35, but specifically denies the characterization of the language as alleged. Defendant refers to Section 226.23 in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 35.

### GROUNDS FOR RESCISSION

36.    In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:**    Paragraph 36 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 36.

- 10 -

37.     Exhibit F is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note.  The top of the form has only Verna Joyce Gray's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above.  The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document.  While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:**     Paragraph 37 references a document attached to the Second Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37.  Defendant denies any remaining allegations in paragraph 37.

38.     TILA gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:**     Paragraph 38 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 38.

39.     Notice of rescission has been given to defendants.  A copy is attached as Exhibit J.

**ANSWER:**     Paragraph 39 references a document attached to the Second Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39.  Defendant denies any remaining allegations in paragraph 39.

40.     The loan has not been rescinded.

- 11 -

**ANSWER:**     Defendant admits that Plaintiffs' loan has not been rescinded.  Defendant denies that Plaintiffs has the right to rescind their loan.  Defendant denies the any remaining allegation in paragraph 40.

41.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     Paragraph 41 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 41.

42.     15 U.S.C. §1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

**ANSWER:**     Paragraph 42 contains conclusions of law to which no answer is required.  Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been accurately quoted in paragraph 42, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 42.

## COUNT II – EQUAL CREDIT OPPORTUNITY ACT

43.     Plaintiff Lamar Gray, Sr., incorporates ¶¶ 1-42.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 42.

44.     This claim is against Argent.

**ANSWER:**     Paragraph 44 is a summary description of the claim within Plaintiffs' Second Amended Complaint to which no answer is required.  Defendant denies any remaining allegations in paragraph 44.

45.     On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a husband and wife own the property and only one of them signs the note.

- 12 -

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45. Defendant denies any remaining allegations in paragraph 45.

46. On information and belief, it is defendant's practice, if one spouse does not have an income and/or his/her credit score is no better than the other spouse's, to prepare the loan documents in this manner.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46. Defendant denies any remaining allegations in paragraph 46.

47. Defendant's practice thus impairs and obfuscates the cancellation rights of married spouses, because of their marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:** Paragraph 47 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 47.

## COUNT III – BREACH OF CONTRACT

48. Plaintiffs incorporate paragraphs 1-33.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 33.

49. This claim is against Argent only.

**ANSWER:** Paragraph 49 is a summary description of the claim within Plaintiffs' Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 49.

50. Defendant Argent contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50. Defendant denies any remaining allegations in paragraph 50.

51. However, plaintiffs paid the fee but did not receive a discounted rate.

- 13 -

BN 2143175v1

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51. Defendant denies any remaining allegations in paragraph 51.

52. Argent thereby breached its agreement.

**ANSWER:** Paragraph 52 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 52.

## COUNT IV – MORTGAGE BROKERS, LENDERS,

## AND SERVICERS LICENSING ACT

53. Plaintiffs incorporate ¶¶ 1–33. This claim is against Argent.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 33.

54. Argent engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by charging a notary fee of $125.00. This violates MCL §55.285, which provides:

> The fee charged by a notary public for performing a notarial act shall not be more than $10.00 for any individual transaction or notarial act. A notary public shall either conspicuously display a sign or expressly advise a person concerning the fee amount to be charged for a notarial act before the notary public performs the act. Before the notary public commences to travel in order to perform a notarial act, the notary public and client may agree concerning a separate travel fee to be charged by the notary public for traveling to perform then notarial act.

**ANSWER:** Paragraph 54 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 54.

55. Argent engaged in deceit by charging plaintiffs an excessive notary fee.

**ANSWER:** Paragraph 55 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 55.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Second Amended Complaint so triable.

- 14 -

BN 2143175v1

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims are barred by the applicable statute of limitations.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if

- 15 -

any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.     Dismiss Plaintiffs' Second Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

- 16 -

BN 2143175v1

- 17 -

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED:  September 29, 2009

Respectfully submitted,

By: /s/  Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois  60601-9703
Telephone: (312) 558-5600
Facsimile:  (312) 558-5700
twiegand@winston.com

- 17 -

BN 2143175v1

- 18 -

## CERTIFICATE OF SERVICE

I, David E. Dahlquist, hereby certify that on this 29th day of September 2009, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/  David E. Dahlquist_____

BN 2143175v1
CHI:2312958.1