**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Renza Heard, et al. v. Argent Mortgage Company, et al.*; Case No. 06-cv-00157.WAM | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its

attorneys, answers Plaintiffs RENZA HEARD's and GLORIES HEARD's ("Plaintiffs") Second

Amended Complaint as follows.

**SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1.      Plaintiffs Renza Heard and Glories Heard bring this action against a "subprime"

mortgage lender and its affiliates to secure relief, including rescission, for violation of the Truth

in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board

Regulation Z, 12 C.F.R. part 226, and the Equal Credit Opportunity Act, 15 U. S.C. § 1691 et

seq. ("ECOA").

**ANSWER:**     Paragraph 1 is a summary description of the allegations within Plaintiffs' Second
Amended Complaint to which no answer is required. Paragraph 1 also contains
conclusion of law to which no response is required. Further answering,
Defendant specifically denies the characterization and use of the term "subprime."
Defendant denies any remaining allegations in paragraph 1.

- 1 -

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA).

**ANSWER:**      Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3.      Defendant does business in the District, and is deemed to reside here. Venue is therefore proper under 28 U.S.C. §1391( c).

**ANSWER:**      Paragraph 3 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4.      Plaintiffs Renza Heard and Glories Heard are husband and wife and own and reside in a home located at 3051 Lothrop St., #51, Detroit, MI 48206.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5.      Defendant Argent Mortgage Company, LLC is a foreign corporation which does business in Michigan. It is an affiliate of Ameriquest Mortgage Company. Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:**      Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Michigan as well as numerous other states. Further answering, Defendant admits that National Registered Agents is a registered agent of Argent Mortgage Company, LLC. Defendant denies the remaining allegations of paragraph 5.

6.      Defendant Argent Mortgage Company, LLC is engaged in the business of originating "subprime" mortgages.

- 2 -

**ANSWER:** Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 6.

7. Defendant Argent Mortgage Company, LLC made more than 26 loans per year.

**ANSWER:** Defendant admits that for certain periods, it originated more than 26 mortgage loans per year. Defendant denies any remaining allegations of paragraph 7.

8. Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** Paragraph 8 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 8.

9. Defendant Wells Fargo Bank, N.A., is a federally chartered national bank that does business in Michigan. It is in the business of, among other things, buying and holding ownership rights to loans originated by defendant Argent. It may be found at 9062 Annapolis Road, Columbia, MD 21045-1951.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10. Defendant Park Place Securities, Inc., is a Delaware corporation which transacts business in Michigan. It is the beneficial owner of some loans originated by Argent Mortgage Company, including plaintiffs'. Its registered agent is National Registered Agents, Inc., located at 2030 Main St., Suite 1030, Irvine, CA 92614.

**ANSWER:** Defendant admits that Park Place Securities, Inc. is the current legal holder of Plaintiffs' mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

## FACTS RELATING TO PLAINTIFFS

11. In December 2004, plaintiffs obtained a mortgage loan from Argent Mortgage Company, LLC.

BN 2143690v1

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12.    Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13.    The following are documents relating to the loan:

a.    A note, Exhibit A.  Only Mr. Heard signed the note.

b.    A mortgage, Exhibit B.  Both Mr. and Mrs. Heard signed the mortgage.

c.    A settlement statement, Exhibit C.

d.    A Truth in Lending disclosure statement, Exhibit D.

e.    The official Federal Reserve Board notice of right to cancel, Exhibit E.

**ANSWER:**    Paragraph 13 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14.    Plaintiffs were notified that servicing of the loan was transferred to Ameriquest Mortgage Company.  (Exhibit F) Later Ameriquest's servicing operations were separately incorporated as AMC Mortgage Servicing, Inc., and plaintiffs were directed to pay AMC.

**ANSWER:**    Defendant admits that servicing of the Plaintiffs' loan was transferred to Ameriquest Mortgage Company.  Paragraph 14 references a document attached to the Second Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.  .Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.  Defendant denies any remaining allegations in paragraph 14.

15.    The plaintiffs were then instructed to pay HomEq Servicing Corporation.

- 4 -

**ANSWER:**     Defendant admits that HomEq Servicing Corporation is the current servicer of Plaintiffs' mortgage loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

16.     On information and belief, defendant Wells Fargo Bank, N.A., holds legal title to plaintiffs' loans, as trustee. Park Place Securities, Inc., is the beneficial owner of plaintiffs' loans under Asset Backed Pass Through Certificates Series 2004-MHQ1.

**ANSWER:**     Defendant admits that Wells Fargo Bank, N.A. is the current legal holder of Plaintiffs' mortgage loan and Park Place Securities, Inc. is the beneficial owner of plaintiffs' loans under Asset Backed Pass Through Certificates Series 2004-MHQ1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17.     In the event neither Wells Fargo Bank, N.A. nor Park Place Securities, Inc. owns plaintiffs' loans (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

## COUNT I – TILA

18.     Plaintiffs incorporate paragraphs 1-17.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 17.

19.     This claim is against all defendants.

**ANSWER:**     Paragraph 19 is a summary description of the allegations within Plaintiffs' Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 19.

20.     In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of

the third business day following the consummation of the transaction or three days of receiving

notice of their right to rescind, whichever is later.  More specifically, the statute, provides that:

> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.  (15 U.S.C. § 1635(a)).

**ANSWER:**   Paragraph 20 contains conclusions of law to which no answer is required.  Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 20, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 20.

21.    To ensure that rescission is a viable option, the statute also provides that if the

customer elects to rescind, the customer is entitled to the return of all money or property that the

customer has given as part of the credit transaction.  More specifically, the statute provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission.  Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.  (15 U.S.C. § 1635(b).)

**ANSWER:**   Paragraph 21 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(b) have been accurately quoted in paragraph 21, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(b) in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 21.

22.     To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)

**ANSWER:**     Paragraph 22 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 22, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 22.

23.     Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:**     Paragraph 23 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 23, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 23.

24.     More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i)     The retention or acquisition of a security interest in the consumer's principal dwelling.

- 7 -

    (ii)     The consumer's right to rescind the transaction.

    (iii)    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

    (iv)    The effects of rescission, as described in paragraph (d) of this section.

    (v)     The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)

**ANSWER:**    Paragraph 24 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 C.F.R. §1226.23(b)(1) have been accurately quoted in paragraph 24, but specifically denies the characterization of the language as alleged. Defendant refers to 15 C.F.R. §1226.23(b)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 24.

## DEFECTIVE NATURE OF DISCLOSURES

    25.    In connection with the plaintiffs' loan, Argent Mortgage Company, LLC failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

**ANSWER:**    Paragraph 25 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 25.

    26.    <u>Exhibit E</u> is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER:**    Paragraph 26 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies the remaining allegations in paragraph 26.

    27.    The top of <u>Exhibit E</u> has only Mr. Heard's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named

as "borrower(s)" at the top of the document. While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:**     Paragraph 27 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies the remaining allegations in paragraph 27.

28.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:**     Paragraph 28 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 28.

29.     Notice of rescission has been given to defendants. A copy is attached as <u>Exhibit G</u>.

**ANSWER:**     Paragraph 29 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29. Defendant denies any remaining allegations in paragraph 29.

30.     The loan has not been rescinded.

**ANSWER:**     Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies that Plaintiffs has the right to rescind their loan. Defendant denies the any remaining allegation in paragraph 30.

31.     Under 15 U. S.C. § 1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     Paragraph 31 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 31.

32.     15 U.S.C. §1635(g) provides:

Additional relief

In any action in which it is determined that a creditor has violated
this section, in addition to rescission the court may award relief
under section 1640 of this title for violations of this subchapter not
relating to the right to rescind.

**ANSWER:**    Paragraph 32 contains conclusions of law to which no answer is required.  Further
answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been
accurately quoted in paragraph 32, but specifically denies the characterization of
the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for
a complete and accurate statement of its contents. To the extent an answer is
required, Defendant denies the allegations in paragraph 32.

## COUNT II – ECOA

33.    Ms. Heard incorporates paragraphs 1-32.

**ANSWER:**    Defendant repeats and reaffirms its answers to paragraphs 1 through 32.

34.    This claim is against Argent only.

**ANSWER:**    Paragraph 34 is a summary description of the allegations within Plaintiffs' Second
Amended Complaint to which no answer is required.  Defendant denies any
remaining allegations in paragraph 34.

35.    On information and belief, the majority of the instances in which less than all
owners of the property sign a note in favor of defendant are where a husband and wife own the
property and only the husband signs the note.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 35. Defendant denies any remaining
allegations in paragraph 35.

36.    On information and belief, it is defendant's practice, if the wife does not have an
income and/or her credit score is no better than the husband's, to prepare the loan documents in
this manner.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 36. Defendant denies any remaining
allegations in paragraph 36.

- 10 -

37.     Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:**     Paragraph 37 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 37.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Second Amended Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred by the applicable statute of limitations.

3.     Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

BN 2143690v1

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.     Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

BN 2143690v1

17.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

### **PRAYER**

Defendant prays this court to:

1.     Dismiss plaintiffs' Second Amended Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED:  September 29, 2009                         Respectfully submitted,

                                                   By: /s/  Thomas J. Wiegand

                                                   *Attorneys for Defendant Argent Mortgage Company, LLC*

                                                   Thomas J. Wiegand
                                                   Gregory J. Miarecki
                                                   David E. Dahlquist
                                                   Winston & Strawn, LLP
                                                   35 W. Wacker Drive
                                                   Chicago, Illinois  60601-9703
                                                   Telephone: (312) 558-5600
                                                   Facsimile:  (312) 558-5700
                                                   twiegand@winston.com

## **CERTIFICATE OF SERVICE**

I, David E. Dahlquist, hereby certify that on this 29th day of September 2009, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: _____ /s/  Thomas J. Wiegand_____

BN 2143690v1
CHI:2312973.1