## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Kelly Ann I. Graham, et al. v. Ameriquest Mortgage Company, et al.*; Case No. 06-1624 | |

### DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs KELLY ANN I. GRAHAM's and DAVID A. GRAHAM's ("Plaintiffs") Complaint as follows.

### I. PRELIMINARY STATEMENT

1.      This is an action brought by David A. Graham and Kelly Ann I. Graham ("the Grahams") on behalf of four classes of Massachusetts homeowners against Ameriquest Mortgage Co., Dream House Mortgage Corp., Argent Mortgage Co., LLC, Deutsche Bank National Trust Co., As Trustee of Argent Securities, Inc., Asset Backed Pass-Through Certificates, Series 2004-W5 Under the Pooling and Servicing Agreement dated March 1, 2004, Without Recourse, AMC Mortgage Services, Inc. and Litton Loan Servicing, LP.

**ANSWER:**      Paragraph 1 is a summary description of the allegations within Plaintiffs' Complaint to which no answer is required.  Defendant denies any remaining allegations in paragraph 1.

2.      The case involves two home mortgage refinance transactions the Grahams entered into: a September 25, 2003 loan originated by Ameriquest Mortgage Co. and a February 9, 2004

originated by Dream House Mortgage Corp. and funded by Argent Mortgage Co., LLC, Ameriquest's sister company.

**ANSWER:**   Paragraph 2 is a summary description of the allegations within Plaintiffs' Complaint to which no answer is required.  Defendant denies any remaining allegations in paragraph 2.

3.       In making and servicing these loans, the Defendants violated the Massachusetts Consumer Credit Cost Disclosure Act ("CCCDA"), G.L. c. 140D and the regulations promulgated thereunder, 209 CMR 32.23, as well as G.L. c. 93A § 2, the federal Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq., and the regulations promulgated thereunder, Reg. Z. 226.1 *et seq.*, and the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.0 1692 et seq.  In this action, the Plaintiffs seek to enforce their valid rescission of their loan and seek monetary, and also seek declaratory and injunctive relief and relief on common law grounds for three classes of similarly situated Massachusetts homeowners.

**ANSWER:**   Paragraph 3 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 3.

## II.  JURISDICTION AND VENUE

4.       This court has jurisdiction over this matter and these Defendants pursuant to G.L. 223A §3, c. 212 §4 and c. 214 §1.

**ANSWER:**   Paragraph 4 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 4.

5.       Venue lies in this county pursuant to G.L. c. 223 § 8.

**ANSWER:**   Paragraph 5 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 5.

## III.  PARTIES

6.       Plaintiffs, Kelly Ann I. Graham and David A. Graham ("the Grahams"), are individuals who reside at 3 Wyman Road, Westminster, MA.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

7.      Defendant Ameriquest Mortgage Co. ("Ameriquest") is a corporation with a principal place of business located at 1100 Town & Country Road, 2nd floor, Orange, California 92868.  Ameriquest originated the first refinance loan at issue in this case.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. Defendant denies any remaining allegations in paragraph 7.

8.      Defendant Dream House Mortgage Corp.  ("Dream House") is a corporation with a principal place of business located at 385 South Main Street, Providence, Rhode Island 02093. Dream House originated the Grahams' current mortgage.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9.      Defendant Argent Mortgage Co., LLC ("Argent") is a limited liability corporation with a principal place of business located at 1100 Town & Country Road, 2nd floor, Orange, California 92868.  Argent is Ameriquest's sister company.  Argent underwrote and funded the Graham's current loan.

**ANSWER:**     Defendant admits that Argent Mortgage Company, LLC principle office was located in Orange, California until August 2007.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10.     Deutsche Bank National Trust Co., As Trustee of Argent Securities, Inc., Asset Backed Pass-Through Certificates, Series 2004-W5 Under the Pooling and Servicing Agreement dated March 1, 2004, Without Recourse ("Deutsche Bank"), has a principal place of business located at 300 South Grand Avenue, Los Angeles, California, 90071.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

11.     Defendant AMC Mortgage Services, Inc. ("AMC") is located at 1100 Town & Country Road, Suite 1100, Orange, California, 92868.  AMC is Ameriquest's servicing entity.

**ANSWER:**     Defendant admits that AMC Mortgage Services, Inc. was located in Orange, California.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12.     Defendant Litton Loan Servicing, LP ("Litton") is a limited partnership with a principal place of business located at 4828 Loop Central Dr., Suite 600, Houston, Texas 77056. According to a letter from AMC to the Grahams dated April 10, 2006, Litton has been servicing the Grahams' February 9, 2004 loan since May 2, 2006.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

## IV.  FACTUAL ALLEGATIONS

13.     The Grahams are unsophisticated consumers with little experience in mortgage financing.  They own a single family home at 3 Wyman Road, Westminster, Massachusetts, ("Westminster residence") where they live with their two daughters, ages 2 and 3.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14.     The Grahams purchased their Westminster residence in 2000 for approximately $154,000 with a loan obtained from National City Mortgage.  The monthly payments on that loan were approximately $1,200 per month.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

- 4 -

*Ameriquest Loan - September 25, 2003*

15.     On September 25, 2003, the Grahams refinanced their home mortgage loan with an adjustable rate loan from Ameriquest Mortgage Company ("Ameriquest loan") in order to consolidate other debts.  The total loan amount was $216,000 with an annual percentage rate of 9.737%.  The first monthly payment amount was $1,824.14.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16.     A true and correct copy of the Ameriquest loan settlement statement is attached hereto and labeled Exhibit 1.

**ANSWER:**     Paragraph 16 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 16.

17.     A true and correct copy of the Ameriquest loan TILA disclosure is attached hereto and labeled Exhibit 2.

**ANSWER:**     Paragraph 17 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 17.

18.     Line 802 of the Ameriquest loan Settlement Statement indicates that the Grahams paid a "loan discount" fee of 1.0% or $2,160.00 to Ameriquest.

**ANSWER:**     Paragraph 18 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 18.

19.     As set forth in paragraph 5 of the Ameriquest loan Adjustable Rate Note, a borrower who repays their loan within the first year by refinancing with another lender in the first year of the loan must pay a prepayment penalty of 3 months interest plus the lesser of 3

months interest or the balance of the first year's interest. In contrast, a borrower who repays a loan within the first year by any other means must pay a prepayment penalty equal to the lesser of 3 months interest or the remainder of the first year's interest.

**ANSWER:** Paragraph 19 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 19.

20. A true and correct copy of the Ameriquest Adjustable Rate Note is attached hereto as Exhibit 3.

**ANSWER:** Paragraph 20 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 20.

### The Dream House/Argent Loan - February 9, 2004

21. In January 2004, James Stafford, a representative of Dream House, contacted the Grahams regarding refinancing by phone multiple times. He represented that Dream House solicited Ameriquest loan holders with high interest rate loans based on a list provided to it by Ameriquest. The Grahams refinanced with Dream House on February 9, 2004.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22. Upon information and belief, the February 9, 2004 loan was underwritten and funded by Argent, Ameriquest's sister company.

**ANSWER:** Defendant objects to the use and characterization of the term "sister company." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23. Argent advanced the loan proceeds through it agent, Dream House and was the true lender in the transaction. Dream House would not have made the loan absent Argent's involvement.

- 6 -

**ANSWER:**     Paragraph 23 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 23.

24.     Upon information and belief, Argent was aware that the February 9, 2004 loan (the "Dream House/Argent loan") was a refinance of an Ameriquest loan before the transaction was consummated.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25.     Upon information and belief, Argent, Ameriquest and Dream House conspired to disguise the true nature of their relationships to one another so that Ameriquest could collect the prepayment penalty allowed for different-lender refinances -- the maximum prepayment penalty allowed under the note -- and an additional *de facto* prepayment penalty in the form of the thousands of dollars in points and closing costs that the Grahams paid in connection with the Ameriquest loan, unnoticed.

**ANSWER:**     Paragraph 25 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 25.

26.     The Grahams were unaware of the relationship between Dream House and Argent and between Argent and Ameriquest at the time of the Dream House/Argent loan closing.  Had they been aware of these relationships, they would not have closed the loan.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27.     These relationships are suggested by Dream House's loan documents, which are identical to those used in loans originated by Argent as well as a clarification to Dream House's closing instructions, issued by Argent.  The relationship between Argent and Ameriquest is further confirmed by fine print on the Dream House/Argent loan closing instructions making

- 7 -

"Argent c/o Ameriquest Mortgage Co., its Successors and/or Assigns, P.O. Box 11056, Orange, California 92856" the insurance loss payee of the Dream House/Argent loan.

**ANSWER:** Paragraph 27 contains references to documents to which no answer is required. Defendant references the cited document in their entirety for a complete and accurate statement of their contents. Defendant denies any remaining allegations in paragraph 27.

28. True and correct copies of the above-mentioned Argent documents are attached hereto and labeled Exhibit 4.

**ANSWER:** Paragraph 28 references documents to which no answer is required. Defendant references the documents in their entirety for complete and accurate statements of their contents. Defendant denies the remaining allegations in paragraph 28.

29. The Dream House/Argent loan was an adjustable rate loan of $243,000 with an annual percentage rate of 7.091%. The first monthly payment was $1,608.54.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29. Defendant denies any remaining allegations in paragraph 29.

30. A true and correct copy of the Dream House/Argent loan TILA disclosure is attached hereto and labeled Exhibit 5.

**ANSWER:** Paragraph 30 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 30.

31. The Grahams now understand that the Dream House/Argent loan was funded by Argent, and believe that it was recorded before the loan proceeds were received in the manner required by law.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

32.     To their great dismay, upon closing the Dream House/Argent loan, the Grahams discovered that Ameriquest was servicing the loan. Months later Ameriquest transferred the loan to AMC, its servicing entity.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. Defendant denies any remaining allegations in paragraph 32.

33.     Upon information and belief, the Grahams paid a prepayment penalty in excess of $10,000 to Ameriquest in the Dream House/Argent loan.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33. Defendant denies any remaining allegations in paragraph 33.

34.     Upon information and belief, that $10,000+ amount was the equivalent of six months interest — the prepayment penalty due pursuant to the Ameriquest loan note's terms, for refinancing with another lender within the first year of the mortgage loan. In effect, however, as indicated by Argent's funding of the refinance loan, several of the above-mentioned loan documents, and the fact that the loan was transferred upon origination to Ameriquest, the Grahams had actually refinanced with Ameriquest.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. Defendant denies any remaining allegations in paragraph 34.

35.     Upon closing the Dream House/Argent loan, Dream House failed to give the Grahams a properly completed Notice of Right to Cancel as required by G.L. c. 140D § 10(a) and 15 U.S.C. § 1635(a). Specifically, neither copy of the notice of right to cancel that Dream House provided the Grahams contained the deadline for rescinding the loan transaction as required.

**ANSWER:**     Paragraph 35 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34.

- 9 -

36.     True and correct copies of both blank notices of right to cancel are attached hereto and labeled Exhibit 6.

**ANSWER:**     Paragraph 36 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 36.

37.     After entering into the Dream House/Argent loan, the Grahams began experiencing financial difficulties due to an acute illness suffered by their recently born daughter. By December 2005, they had fallen several months behind on their monthly mortgage payments.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. Defendant denies any remaining allegations in paragraph 37.

38.     In early December, 2005, the Grahams received a "Notice of Intention to Foreclose and of Deficiency After Foreclosure of Mortgage" dated December 1, 2005, from Deutsche Bank, by its attorneys Barron & Stadfeld, P.C.  The Notice indicated Deutsche Bank's intention to foreclose on or after January 4, 2006.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38. Defendant denies any remaining allegations in paragraph 38.

39.     A true and correct copy of the December 1, 2005 Notice of Intention to Foreclose is attached hereto and labeled Exhibit 7.

**ANSWER:**     Paragraph 39 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 39.

40.     To prevent foreclosure of their home, the Grahams, through their bankruptcy attorney, Christopher Uhl, filed a voluntary Chapter 13 bankruptcy petition on December 30, 2005.  The Second Amended Chapter 13 Plain indicates the Grahams owed a pre-petition mortgage arrears of $17,214.16.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40. Defendant denies any remaining allegations in paragraph 40.

41.     The Grahams voluntarily dismissed their Chapter 13 bankruptcy petition on May 20, 2006.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41. Defendant denies any remaining allegations in paragraph 41.

42.     A true and correct copy of the order granting the Grahams' dismissal is attached hereto and labeled Exhibit 8.

**ANSWER:**     Paragraph 42 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 42.

43.     On March 17, 2006, the Grahams rescinded their loan pursuant to their rights under G.L. c. 140D, §10 and 209 C.M.R. 32.23 and 15 U.S.C. § 1635 and Reg. Z § 226.23 by sending a written rescission notice to AMC, Argent, and Dream House.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43. Defendant denies any remaining allegations in paragraph 43.

44.     A true and correct copy of the Grahams' March 17, 2006 rescission letter is attached hereto and labeled Exhibit 9.

**ANSWER:**     Paragraph 44 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 44.

45.     In a letter dated March 31, 2006, Bryan Jourdonnais of Argent's Loan Resolution Department notified the Grahams that Argent had found their rescission claim "unsubstantiated" and refused to honor it.

- 11 -

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45. Defendant denies any remaining allegations in paragraph 45.

46.    Dream House never responded to the Grahams' rescission request.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46. Defendant denies any remaining allegations in paragraph 46.

47.    In a letter dated April 10, 2006, AMC notified the Grahams that it planned to assign, sell or transfer the loan to Litton effective May 2, 2006.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47. Defendant denies any remaining allegations in paragraph 47.

48.    The Grahams notified Litton of their earlier rescission by letter dated May 10, 2006.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48. Defendant denies any remaining allegations in paragraph 48.

49.    By letter dated May 23, 2006, the Grahams demanded relief from Defendants pursuant to G.L. c. 93A.

**ANSWER:**    Paragraph 49 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 49.

50.    A true and correct copy of the Grahams' 93A demand letter is attached hereto and labeled Exhibit 10.

**ANSWER:**    Paragraph 50 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 50.

- 12 -

51.     The Defendants have refused to provide the requested relief pursuant to G.L. c. 93A and have failed to make reasonable offers of settlement.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51. Defendant denies any remaining allegations in paragraph 51.

52.     On July 6, 2006, Litton sent the Grahams a Notice of Default and Intent to Accelerate ("July 6 Notice of Default") their loan.  The July 6 Notice of Default stated that the total necessary to bring their loan current was $19,506.44 as of July 6, 2006.

**ANSWER:**     Paragraph 52 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 52.

53.     A true and correct copy of the July 6 Notice of Default is attached hereto and labeled Exhibit 11.

**ANSWER:**     Paragraph 53 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 53.

54.     According to a Litton representative whom Ms. Graham called after receiving the July 6 Notice of Default, Litton claims that the Grahams have not made a payment since September 2005.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54. Defendant denies any remaining allegations in paragraph 54.

55.     The Grahams have made five monthly mortgage payments in 2006.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54. Defendant denies any remaining allegations in paragraph 54.

- 13 -

56.     On July 7, 2006, Litton sent the Grahams a conflicting Notice of Default and Intent to Accelerate ("July 7 Notice of Default").  The July 7 Notice of Default stated that the total necessary to bring their loan current is $17,572.44.  The letter did not contain any explanation for the difference in the amount quoted in the July 6 Notice of Default.

**ANSWER:**     Paragraph 56 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 56.

57.     A true and correct copy of the July 7 Notice of Default is attached hereto and labeled Exhibit 12.

**ANSWER:**     Paragraph 57 contains a reference to a document to which no answer is required. Defendant references the cited document in its entirety for a complete and accurate statement of its contents.  Defendant denies any remaining allegations in paragraph 57.

## GENERAL ALLEGATIONS

58.     Argent regularly fails to provide homeowners who are refinancing loans with accurate notice of their right to cancel the transaction.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58. Defendant denies any remaining allegations in paragraph 58.

59.     Argent and Ameriquest conceals their relationship to one another so that Ameriquest can charge borrowers who are refinancing their Ameriquest loans with Argent illegally high prepayment penalties.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59. Defendant denies any remaining allegations in paragraph 59.

60.     By concealing their relationship from borrowers, Ameriquest and Argent strip equity that would otherwise belong to Massachusetts homeowners.

- 14 -

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60. Defendant denies any remaining allegations in paragraph 60.

61.     Argent fails to provide the third parties whose loans its anticipates funding with instructions about how to properly complete documents, including, without limitation, the notice of right to cancel.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61. Defendant denies any remaining allegations in paragraph 61.

62.     AMC regularly fails to properly credit homeowners' loan payments thereby breaching its contractual obligations to borrowers.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62. Defendant denies any remaining allegations in paragraph 62.

63.     Litton regularly attempts to collect amounts it knows or should know are not due and owing.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63. Defendant denies any remaining allegations in paragraph 63.

64.     Litton regularly relies on account information sold, assigned or transferred to it by mortgage lenders that it knows or should know is inaccurate.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64. Defendant denies any remaining allegations in paragraph 64.

## V.  CLASS DEFINITIONS AND CLASS ISSUES

65.     Plaintiffs bring this action on behalf of themselves and four classes of all other persons similarly situated, pursuant to Mass. R. Civ. P. 23.

BN 2142297v1

**ANSWER:**     Paragraph 65 is a summary description of the allegations within Plaintiffs' Complaint to which no answer is required.  Paragraph 65 also contains conclusion of law to which no response is required.  Defendant denies any remaining allegations in paragraph 65.

66.     Class I (the "CCCDA/TILA Notice of Right to Cancel" class) is represented by the Grahams and consists of all individuals:

a.     who refinanced their home mortgage loans with loans funded by Dream House and/or Argent in the four years prior to the date of filing this complaint; and

b.     who received an incomplete notice of right to cancel.

**ANSWER:**     Paragraph 66 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 66.

67.     Class II (the "Prepayment Penalty Class") is represented by the Grahams and consists of all residents of Massachusetts:

a.     who refinanced an Ameriquest loan with a loan funded by Argent, Ameriquest's sister company in the four years prior to the date of filing this complaint; and

b.     who paid a prepayment penalty in the refinance transaction in excess of that allowed by the loan note.  (Ex. 3 ¶ 5(a), (c).)

**ANSWER:**     Paragraph 67 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 67.

68.     Class III (the "Servicing Class") is represented by the Grahams and consists of all individuals:

a.     who filed bankruptcy under chapter 13 of the U.S. Bankruptcy Code;

b.     whose loan is now or has been serviced by AMC; and

c.     who made payments before, during or after their bankruptcy filing that were not credited as required by contract and/or the bankruptcy laws.

BN 2142297v1

**ANSWER:**     Paragraph 68 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 68.

69.     There are questions of law and fact common to all members of each class, which questions predominate over any question affecting only individual class members. The principal common issues are:

*with respect to the Notice of Right to Cancel CCCDA/TILA class:*

    a.     Whether Argent and/or Dream House violated the CCCDA and the TILA by failing to provide proper notice of the Class Members' right of rescission;

    b.     Whether Class Members have a right to actual and statutory damages, pursuant to the CCCDA, G.L. c. 140D § 32 and TILA, 15 U.S.C. § 1640 based on the misdisclosures; and

    c.     Whether Class Members have a right to cancel their transactions on the basis of the misdisclosure.

*with respect to the Prepayment Penalty Class:*

    a.     Whether Ameriquest violated G.L. c.93A and its contractual obligations by charging borrowers who refinanced with Argent a prepayment penalty in excess of that allowed under the loan note for same-creditor refinances;

    b.     Whether Class Members have a right to actual and statutory damages pursuant to G.L. c. 93A; and

    c.     Whether Class members are entitled to damages and equitable remedies for Ameriquest's breach of contract;

*with respect to the Servicing Class:*

    a.     Whether AMC breached its contractual obligations by failing to apply loan payments in the manner set forth by contract and relevant bankruptcy law; and

    b.     Whether class members are entitled to damages and equitable remedies for AMC's breach of contract.

**ANSWER:**     Paragraph 69 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 69.

BN 2142297v1

70.     The only individual questions concern the identification of members of each class and the computation of relief to be afforded each class member and can be determined by a ministerial examination of the relevant files.  Notice can be provided to the class by various means of communication, as identified in the Defendants' computerized databases of customers.

**ANSWER:**     Paragraph 70 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 70.

71.     Plaintiffs' claims are typical of the claims of class members.  All are based on the same legal and remedial theories.

**ANSWER:**     Paragraph 71 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 71.

72.     Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to claims stated herein.  They are similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent.  Plaintiffs have retained counsel experienced in handling class action suits involving unfair business practices and consumer law.  Neither the named Plaintiffs nor their counsel have any interest which might cause them not to vigorously pursue this action.

**ANSWER:**     Paragraph 72 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 72.

73.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, in that:

      a.      the losses suffered by the class members are such that prosecution of individual actions is impractical or economically unfeasible;

      b.      by contrast, the illegal profits obtained by the Defendants as a result of their unlawful practices are substantial;

      c.      the form of proof required is such that prosecution of individual actions is impractical or economically infeasible;

d.   in the absence of the class action device, Plaintiffs and Class Members would be left without a remedy for the wrongful acts alleged, and the Defendants would be unjustly enriched;

e.   the prosecution of separate lawsuits by individual members of the class would create the risk of inconsistent adjudications with respect to individual class members, which would establish incompatible standards of conduct for the Defendants, making concentration of the litigation concerning this matter in this Court desirable;

f.   the claims of the representative Plaintiffs are typical of the claims of the class; and

g.   no unusual difficulties are likely to be encountered in the management of this action as a class action.

**ANSWER:**   Paragraph 73 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 73.

74.   The class is so numerous as to make it impracticable to join all members of the class as plaintiffs. Based upon the investigation of counsel, the number of class members in classes I and III is estimated to be in excess of 1000 persons and the number of class members in class II is estimated to be in excess of 100 persons.

**ANSWER:**   Paragraph 74 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 74.

## VI. CAUSES OF ACTION

**COUNT ONE:  DECLARATORY AND INJUCTIVE RELIEF AND DAMAGES AGAINST DREAM HOUSE AND ARGENT FOR FAILURE TO COMPLY WITH THE REQUIREMENTS OF CCCDA AND TILA ON BEHALF OF THE GRAHAMS AND MEMBERS OF THE CCCDA/TILA NOTICE OF RIGHT TO CANCEL CLASS**

75.   Plaintiffs repeat and reallege all paragraphs above as if set forth fully herein.

**ANSWER:**   Defendant repeats and reaffirms its answers to paragraphs 1 through 74.

76.   At all times relevant hereto Dream House and Argent have been creditors within the meaning of the CCCDA, G.L. c. 140D, §1 et seq. and the TILA, 15 U.S.C. § 1601 et seq.

- 19 -

**ANSWER:** Paragraph 76 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 76.

77. In connection with the Dream House/Argent loan, Dream House and/or Argent failed to provide the Grahams and members of the CCCDA Notice of Right to Cancel Class with notice of their right to cancel that included the date the rescission period would expire, thereby violating the CCCDA and the TILA. G.L. c. 140D §10; 209 CMR 32.23(2)(a)(5); 15 U.S.C. § 1635(a); Reg. Z 226.23(b)(1).

**ANSWER:** Paragraph 77 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 77.

78. These misdisclosures in connection with each transaction, as aforesaid, were material pursuant to the CCCDA and the TILA. G.L. c. 140D § 1; 15 U.S.C. § 1635.

**ANSWER:** Paragraph 78 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 78.

79. By providing incomplete notice of their rescission right, Dream House and/or Argent misinformed the Grahams and members of the CCCDA Notice of Right to Cancel Class about the deadline for exercising the right to rescind. G.L. c. 140D § 10; 209 CMR 32.23(2)(a)(5); 15 U.S.C. § 1635; Reg. Z § 226.23(b)(1)(v).

**ANSWER:** Paragraph 79 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 79.

80. Each member of the CCCDA/TILA Notice of Right to Cancel Class is therefore entitled to a declaration that they have the right to rescind their transaction and to notice sufficient to exercise the right pursuant to G.L. 140D § 10(a), (f); 209 CMR 32.23(1); that any class member who chooses to rescind is entitled to a cancellation of finance charges in connection with their transaction; and to a determination that Dream House and/or Argent's

property interest in that class members' real estate is void pursuant to G.L. 140D § 10(b); and that

**ANSWER:**  Paragraph 80 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 80.

81.  The Grahams and each member of the CCCDA/TILA Notice of Right to Cancel Class are therefore entitled to statutory and actual damages pursuant to G.L. 14013 § 32.

**ANSWER:**  Paragraph 81 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 81.

82.  Dream House and/or Argent's violations of the CCCDA, G.L. 140D § 10, and the TILA, 15 U.S.C. § 1635 also constitute violations of G.L. c. 93A pursuant to 940 CMR 3.16, and are unfair and deceptive.

**ANSWER:**  Paragraph 82 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 82.

### COUNT TWO:  DECLARATORY AND INDUCTIVE RELIEF AND DAMAGES AGAINST DREAM HOUSE, DEUTSCHE BANK AND ARGENT TO ENFORCE RESCISSION ON BEHALF OF THE GRAHAMS

83.  Plaintiffs repeat and reallege all paragraphs above as if set forth fully herein.

**ANSWER:**  Defendant repeats and reaffirms its answers to paragraphs 1 through 82.

84.  The Grahams refinanced their Ameriquest loan with the Dream House/Argent loan.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.  Defendant denies any remaining allegations in paragraph 84.

85.     At the time of the Dream House/Argent loan closing, the Grahams were provided with a blank notice of their right to cancel which failed to disclose the date their right to rescind the transaction would expire.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85. Defendant denies any remaining allegations in paragraph 85.

86.     Dream House and/or Argent's failure to provide the Grahams a proper notice of right to cancel provides the Grahams an extended right to rescind the Dream House loan for four years from the date of the transaction. G.L. c. 140D § 10 (a) and (f); 209 CMR 32.23(1)(c); 15 U.S.C. § 1635(a) and (f); Reg. Z. 226.23(a)(3).

**ANSWER:**     Paragraph 86 contains conclusions of law to which no answer is required. Defendant denies that Plaintiffs has the right to rescind their loan. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 86.

87.     The Grahams' right to rescind applies to Dream House, Argent and their assignees pursuant to G.L. c. 140D §33(c) and 15 U.S.C. § 1641(c); including Deutsche Bank in its capacity as trustee.

**ANSWER:**     Paragraph 87 contains conclusions of law to which no answer is required. Defendant denies that Plaintiffs has the right to rescind their loan. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 87.

88.     The Grahams properly exercised their right to rescind the transactions in a timely fashion.

**ANSWER:**     Paragraph 88 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 88.

89.     Dream House and/or Argent failed to meet its obligations under G.L. c. 140D § 10(b); 209 C.M.R. §32.23(4); 15 U.S.C. § 1635(b); Reg. Z 226.23(d).

**ANSWER:**     Paragraph 89 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 89.

- 22 -

90.     The Grahams are therefore entitled to a declaration that their rescission was valid, and, as a result, that the loan is void pursuant to G.L. c. 140D § 10(b), 209 C.M.R. §32.23(4), 15 U.S.C. 1635(b) and Reg. Z 226.23(d), as well as damages for the Defendants' failure to honor their valid rescissions, pursuant to G.L. c. 140D § 32 and 15 U.S.C. § 1640.

**ANSWER:**     Paragraph 90 contains conclusions of law to which no answer is required. Defendant denies that Plaintiffs has the right to rescind their loan. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 90.

91.     The Grahams are further entitled to a refund of all finance charges paid in connection with each transaction. G.L. c. 140D §10(b), 209 C.M.R. §32.23(4), 15 U.S.C. 1635(b) and Reg. Z 226.23(d).

**ANSWER:**     Paragraph 91 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 91.

92.     The Grahams are entitled to an award of statutory damages together with actual damages, costs and attorneys fees.

**ANSWER:**     Paragraph 92 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 92.

**COUNT THREE: DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES AGAINST ARGENT ON BEHALF OF THE GRAHAMS AND MEMBERS OF THE CCCDAFF ILA NOTICE OF RIGHT TO CANCEL CLASS**

93.     Plaintiffs repeat and reallege all paragraphs above as if set forth fully herein.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 92.

94.     Argent provides model loan documents to its flow lenders (i.e. lenders whose loans it anticipates funding and in which it is the *de facto* lender), including Dream House.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94. Defendant denies any remaining allegations in paragraph 94.

- 23 -

95.     Argent routinely fails to instruct these flow lenders on how to complete the loan documents, including, without limitation, the notice of right to cancel, as required by law.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.  Defendant denies any remaining allegations in paragraph 95.

96.     As a result, Argent's flow lenders, including Dream House, fail to complete the loan documents as required by law.  In particular, Argent's flow lenders, including Dream House, routinely fail to include the date the borrowers' right to rescind expires, as required by G.L. c. 140D §10, 209 CMR 32.23(2)(a)(5), 15 U.S.C. § 1635, Reg. Z. 226.23(b)(1)(v).

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.  Defendant denies any remaining allegations in paragraph 96.

97.     Argent's failure to provide its flow lenders proper instructions relating to the completion of loan documents has caused the Grahams and members of the CCCDA/TILA Notice of Right to Cancel Class actual prejudice.  They ask this court to enter declaratory relief concerning the propriety of Argent's practices.

**ANSWER:**     Paragraph 97 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 97.

**COUNT FOUR:  VIOLATION OF G.L. C. 93A § 2 AGAINST AMERIQUEST, DREAM HOUSE AND ARGENT ON BEHALF OF THE GRAHAMS AND MEMBERS OF THE PREPAYMENT PENALTY CLASS**

98.     Plaintiffs repeat and reallege all paragraphs above as if set forth fully herein.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 97.

99.     Ameriquest, Dream House and Argent violated G.L. c. 93A § 2 with respect to the Grahams and each member of the Prepayment Penalty Class.  The violations they engaged in include, without limitation:

a. Charging borrowers who refinanced Ameriquest loans with de facto Argent loans prepayment penalties in excess of those allowed under the loan note and Massachusetts law for same-creditor refinances in violation of c. 93A § 2 and 940 C.M.R. §§ 3.05, 3.16, 8.06(11) and G.L. c. 183 § 56;

b. Conspiring to conceal their relationship to one another to induce borrowers to refinance, in order to unjustly enrich themselves at borrowers' expense in violation of G.L. c. 93A § 2 and 940 C.M.R. §§ 3.05 and 3.16;

c. Conspiring to charge prepayment penalties larger than those allowed under borrowers' loan notes in violation of G.L. c. 93A § 2 and 940 C.M.R §§ 3.05, 3.16 and 8.06(11); and

d. Delivering the deed or causing the same to be delivered into the possession of such registry of deeds or registry district for the purpose of recording thereof without causing the full amount of the proceeds of such loan due to the mortgagor pursuant to the settlement statement relevant thereto to be given to said mortgagor or in the instance of any such loan in which the full amount of the proceeds due to the mortgagor pursuant to the terms thereof are not to be advanced prior to said recording, so much thereof as is designated in the loan agreement, to be transferred to the mortgagor, the mortgagor's attorney or the mortgagee's attorney in the form of a certified check, bank treasurer's check, cashier's check or by a transfer of funds between accounts within the same state or federally chartered bank or credit union, or by the funds-transfer system owned and operated by the Federal Reserve Banks, or by a transfer of funds processed by an automated clearinghouse in violation of G.L. c. 183 § 63B and G.L. c. 93A § 2.

**ANSWER:** Paragraph 99 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 99.

100. Ameriquest, Dream House and Argent's conduct was willful or knowing within the meaning of G.L. c. 93A §9.

**ANSWER:** Paragraph 100 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies any remaining allegations in paragraph 100.

101. The Grahams and members of Prepayment Penalty Class were injured and suffered damages by virtue of Ameriquest, Dream House, and Argent's violations.

- 25 -

**ANSWER:**     Paragraph 101 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 101.

102.     Ameriquest, Dream House and Argent's refusal to grant relief upon demand was in bad faith, with knowledge or reason to know that the acts complained of violated c. 93A § 2.

**ANSWER:**     Paragraph 102 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 102.

**COUNT FIVE:  BREACH OF CONTRACT AGAINST AMERIQUEST ON BEHALF OF THE GRAHAMS AND MEMBERS OF THE PREPAYMENT PENALTY CLASS**

103.     Plaintiffs repeat and reallege all paragraphs above as if set forth fully herein.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 102.

104.     Ameriquest charged the Grahams and members of the Prepayment Penalty Class a prepayment penalty in excess of that allowed under their contract for same-creditor refinancings.

**ANSWER:**     Paragraph 104 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 104.

105.     As a result of Ameriquest's breach of contract, the Grahams and members have suffered and continue to suffer actual damages.

**ANSWER:**     Paragraph 105 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 105.

106.     The Grahams and members of the Prepayment Penalty Class are therefore entitled to damages and equitable remedies for Ameriquest's breach of contract.

**ANSWER:**     Paragraph 106 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 106.

**COUNT SIX:  FRAUDULENT MISREPRESENTATION AGAINST AMERIQUEST, DREAM HOUSE AND ARGENT ON BEHALF OF THE GRAHAMS AND MEMBERS**

- 26 -

## OF THE PREPAYMENT PENALTY CLASS

107.    Plaintiffs repeat and reallege all paragraphs above as if set forth fully herein.

**ANSWER:**    Defendant repeats and reaffirms its answers to paragraphs 1 through 106.

108.    Ameriquest, Dream House and Argent knowingly or recklessly misrepresented the nature of their corporate and agency relationships to the Grahams and members of the Prepayment Penalty Class.  Specifically, they failed to disclose the relationship of Dream House to Argent and Argent to Ameriquest.

**ANSWER:**    Paragraph 108 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 108.

109.    The relationships between Dream House, Argent and Ameriquest would have been material to the Grahams and members of the Prepayment Penalty Class seeking to refinance their Ameriquest loans; had they understood Dream House, Argent and Ameriquest's relationship to one another, they would not have been willing to pay the maximum prepayment penalty to Ameriquest for refinancing with Ameriquest's sister company, Argent, and would not have closed the loan.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.  Defendant denies any remaining allegations in paragraph 109.

110.    Dream House, Argent and Ameriquest omitted this material information to induce the Grahams and members of the Prepayment Penalty Class to refinance with Argent and to unjustly enrich themselves by charging the maximum prepayment penalties they could charge pursuant to the terms of the contract.

**ANSWER:**    Paragraph 110 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 110.

BN 2142297v1

111.     The Grahams and members of the Prepayment Penalty Class were induced to refinance with Dream House/Argent as a result of the Defendants' material omissions.

**ANSWER:**     Paragraph 111 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 111.

112.     The Defendants' practices caused the Grahams and members of the Prepayment Penalty Class harm.

**ANSWER:**     Paragraph 112 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 112.

113.     The Grahams and members of the Prepayment Penalty Class are entitled to damages and equitable relief for the Defendants' fraudulent misrepresentations.

**ANSWER:**     Paragraph 113 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 113.

**COUNT SEVEN:  BREACH OF CONTRACT AGAINST AMC ON BEHALF OF THE GRAHAMS AND MEMBERS OF THE SERVICING CLASS**

114.     Plaintiffs repeat and reallege all paragraphs as if set forth fully herein.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 113.

115.     AMC failed to apply payments made by the Grahams' and members of the Servicing Class in the manner set forth by contract and/or relevant bankruptcy laws interfering with and undermining the ability of the Grahams and members of the Servicing Class to keep current on their payments and/or proceed with bankruptcy.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.  Defendant denies any remaining allegations in paragraph 115.

116.     AMC demanded and/or collected moneys for servicing related fees that were neither bona fide or reasonable under the contract.

BN 2142297v1

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.  Defendant denies any remaining allegations in paragraph 116.

117.     Said fees were not due and owing under the contract.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.  Defendant denies any remaining allegations in paragraph 117.

118.     As a result of AMC's breach of contract, the Grahams and members of the Servicing Class have suffered and continue to suffer actual damages.

**ANSWER:**     Paragraph 118 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 118.

119.     The Grahams and members of the Servicing Class are therefore entitled to damages and equitable remedies for AMC's breach of contract.

**ANSWER:**     Paragraph 119 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 119.

## COUNT EIGHT:  BREACH OF CONTRACT AGAINST LITTON ON BEHALF OF THE GRAHAMS

120.     Plaintiffs repeat and reallege all paragraphs as if set forth fully herein.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 119.

121.     Litton failed to apply payments made by the Grahams' in the manner set forth by contract and/or relevant bankruptcy laws interfering with and undermining the ability of the Grahams to keep current on their payments and/or proceed with bankruptcy.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.  Defendant denies any remaining allegations in paragraph 121.

122.     Litton demanded and/or collected moneys for servicing related fees that were neither bona fide or reasonable under the contract.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.  Defendant denies any remaining allegations in paragraph 122.

123.     Said fees were not due and owing under the contract.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.  Defendant denies any remaining allegations in paragraph 123.

124.     Litton has collected and/or attempted to collect amounts from the Grahams that are not due and owing under the contract or applicable law based on information it received from lenders and/or servicers, including, without limitation, AMC, which it knew or should have known was incorrect.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.  Defendant denies any remaining allegations in paragraph 124.

125.     Litton has breached its contract with the Grahams.

**ANSWER:**     Paragraph 125 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 125.

126.     As a result of Litton's breach of contract, the Grahams have suffered and continue to suffer actual damages.

**ANSWER:**     Paragraph 126 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 126.

127.     The Grahams are entitled to damages and equitable remedies for Litton's breach of contract.

- 30 -

**ANSWER:**     Paragraph 127 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 127.

### COUNT NINE:  LAIMS AGAINST LITTON FOR VIOLATION OF THE FDCPA ON BEHALF OF THE GRAHAMS

128.     Plaintiffs repeat and reallege all paragraphs as if set forth fully herein.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 127.

129.     Litton is a debt collector for purposes of the FDCPA because it obtained the alleged obtained after default and such debts were incurred primarily for personal, family or household purposes.  15 U.S.C. § 1692a (5), (6).

**ANSWER:**     Paragraph 129 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 129.

130.     Litton violated the FDCPA in its attempt to collect a debt from the Grahams. Litton's violations of the FDCPA include, without limitation:

    a.     giving a false impression of the character, amount, or legal status of the alleged debt (15 U.S.C. § 1692e(2)); and

    b.     attempting to collect amounts not permitted by law (15 U.S.C. § 1692f(1)). 131.  The Grahams are entitled to relief under the FDCPA, including damages and a declaratory judgment that Litton's conduct violates the FDCPA.

**ANSWER:**     Paragraph 130 contains conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies any remaining allegations in paragraph 130.

### Requested Relief

WHEREFORE, the Grahams request that the Court grant the following relief against the Defendants:

*On behalf of Class I (the CCCDA/TILA Notice of Right to Cancel Class)*

    a.    a declaration that members of the CCCDA/TILA Notice of Right to Cancel class are entitled to rescind their transactions and notice sufficient to exercise the right pursuant to G.L. c. 140D, §10 (a), (f), 209 C.M.R. 32.23, 15 U.S.C. § 1635 (a), (f) and Reg. Z § 226.23;

    b.    a declaration that members of the CCCDA/TILA Notice of Right to Cancel class who choose to rescind are entitled to cancellation of finance charges in connection with their transaction and to a determination that Dream House and/or Argent's property interests in that class members' real estate is void pursuant to G.L. c. 140D § 10(b) and 15 U.S.C. § 1635(b);

    c.    statutory and actual damages pursuant to G.L. c. 140D § 32 and 15 U.S.C. § 1640;

    d.    actual, statutory, and multiple damages pursuant to G.L. c. 93A § 9;

    e.    a declaration that Argent's routine failure to provide its flow lenders with proper instructions for completing loan documents is improper;

*On behalf of Class II (the Prepayment Penalty Class):*

    f.    actual, statutory, and multiple damages from Ameriquest, Dream House and Argent pursuant to G.L. c. 93A § 9;

    g.    damages and equitable relief for Ameriquest's breach of contract;

    h.    damages and equitable relief for Ameriquest, Dream House and Argent's fraudulent misrepresentations;

*On behalf of Class III (the Servicing Class):*

    i.    damages and equitable relief for AMC's failure to apply payments in the manner set forth by contract and/or relevant bankruptcy law;

*On behalf of the Grahams:*

    j.    a declaration that their rescission was valid;

    k.    a declaration that their mortgage is void as a result of the rescission;

    l.    a declaration that they are not liable for any finance or other charge associated with the rescinded loan;

    m.    damages and equitable relief for Litton's failure to apply payments in the manner set forth by contract and/or relevant bankruptcy law;

BN 2142297v1

n.     damages and equitable relief for Litton's collection and/or attempt to collect amounts that are not due and owing;

o.     statutory damages for Dream House, Deutsche Bank and Argent's failure to honor their valid rescissions pursuant to G.L. 140D § 32 and 15 U.S.C. § 1640;

p.     damages and declaratory relief for Litton's FDCPA violations pursuant to 15 U.S.C. § 1692k; and

q.     declaratory and injunctive relief and damages to enforce rescission;

*On behalf the Grahams and All Classes:*

r.     An award of reasonable attorney's fee and costs; and

s.     Such other relief at law or equity as this Court may deem just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiffs' claims are barred by the applicable statute of frauds.

6.      Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.      Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.      Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.      As to each cause of action, Defendant is entitled to an offset.

12.      Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.      Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

BN 2142297v1

14.     Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1.     Dismiss Plaintiffs' Complaint;

2.     Enter judgment for Defendant and against Plaintiffs in this action;

3.     Award Defendant its costs of suit; and

BN 2142297v1

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: September 29, 2009                     Respectfully submitted,

By: /s/  Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois  60601-9703
Telephone: (312) 558-5600
Facsimile:  (312) 558-5700
twiegand@winston.com

BN 2142297v1

**<u>CERTIFICATE OF SERVICE</u>**

I, David E. Dahlquist, hereby certify that on this 29th day of September 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/  David E. Dahlquist_____

BN 2142297v1
CHI:2312975.1