**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Sharon W. Crawford v. Argent Mortgage Company, LLC*; Case No. 07-707 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiff SHARON W. CRAWFORD's ("Plaintiff") Complaint as follows.

**COMPLAINT**

NOW COMES the Plaintiff and as her Complaint against Defendant Argent Mortgage Company avers as follows:

**JURISDICTION**

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

**ANSWER:** This paragraph contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in this paragraph.

**SUMMARY OF CLAIMS**

This claim arises from real estate loan transactions resulting in a mortgage upon Plaintiff's home which is located in this district. The Plaintiff asserts claims against Defendant Argent Mortgage Company ("Argent") arising under the federal Truth in Lending Act ("TILA"),

- 1 -

15 U.S.C. § 1601 *et seq.* The Plaintiff alleges that Argent, the originator of the Plaintiff's loan, failed to make accurate disclosures as required under TILA. Specifically, Argent failed to provide adequate notice of Plaintiff's statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiff has retained her right to cancel the transaction. Plaintiff has exercised that right by delivering written notice of her election to cancel in accordance with the requirements of TILA. Argent has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiff's loan cancellation. Plaintiff seeks a court determination that her loan transaction has been rescinded. Plaintiff also seeks statutory and actual damages for violations of TILA, plus attorney's fees and costs.

**ANSWER:** This paragraph is a summary description of the allegations within Plaintiff's Complaint to which no answer is required. This paragraph contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in this paragraph.

## THE PARTIES

1. Plaintiff is of full age of majority and resides in this district.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1. Defendant denies any remaining allegations in paragraph 1.

2. Argent Mortgage Company ("Argent") is a Delaware corporation with its principal place of business at Orange, California. At all relevant times, Argent was engaged in the making, holding and/or selling of federally related residential mortgage loans. Argent does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

**ANSWER:** Defendant admits that Argent Mortgage Company's principle office was located in Orange, California until August 2007. Defendant admits that until August 2007, it was engaged in the business of originating mortgage loans in this state, as well as numerous other states. Defendant denies any remaining allegations in paragraph 2.

## FACTS

**Applicable Truth In Lending Act Requirements**

3. The Plaintiff's loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiff's loan.

**ANSWER:** Paragraph 3 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 3.

4. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of completed notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

**ANSWER:** Paragraph 4 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 4.

5. A consumer may exercise her right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

**ANSWER:** Paragraph 5 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 5.

6. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

**ANSWER:** Paragraph 6 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 6.

7. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

**ANSWER:** Paragraph 7 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 7.

8. Argent failed to provide the required notices of the Plaintiff's right to cancel the loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9. Argent included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10. Pursuant to TILA, Section 15 U.S.C. 1635, the Plaintiff has retained a right to rescind her mortgage with respect to her loan with Argent.

**ANSWER:** Paragraph 10 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 10.

11. The Plaintiff has exercised her right to cancel the transaction and has notified Argent of her election to cancel as required by 15 U.S.C. § 1635. Argent has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff s loan.

**ANSWER:** Defendant admits that Plaintiff's loan has not been rescind. Defendant denies that Plaintiffs has the right to rescind their loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. Argent is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**ANSWER:** Paragraph 12 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 12.

13. Plaintiff is an adult resident of Mobile County, Alabama and at all material times resided at 4017 Sonia Court, Mobile, Alabama.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14. On or about April 19, 2004, the Plaintiff obtained a residential real estate mortgage loan with Argent. The total amount of the loan was $90,000 and was secured by a mortgage security interest in Plaintiff's home.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15. Argent failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16. Argent included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17. As a result of Argent's failure to provide the notices and disclosures required by TILA, the Plaintiff retained her right to cancel the transaction.

**ANSWER:** Paragraph 17 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 17.

18. By letter dated July 27, 2007, Plaintiff, through her attorney, notified Argent of her election to rescind the loan.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19. Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a

violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

**ANSWER:** Paragraph 19 contains conclusions of law to which no answer is required. Further answering, Defendant admits that Plaintiff's loan has not been rescind. Defendant denies that Plaintiffs has the right to rescind their loan. Defendant denies any remaining allegations in paragraph 19.

20. Argent, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

## COUNT I

## TILA VIOLATIONS

21. Plaintiff realleges all the preceding allegations referenced as if set out here in full.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 20.

22. Plaintiff has properly and effectively cancelled and rescinded her loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

**ANSWER:** Paragraph 8 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 22.

23. In the course of this consumer credit transaction, the Defendant violated 15 U.S.C § 1635(a) and Regulation Z § 226.23(b) by failing to deliver to the Plaintiff two copies of the notice of the right to rescind which clearly and conspicuously disclosed the date the rescission period expired. The disclosures were and are deficient for one or more of the following reasons:

- The Notice of Right to Cancel form not include the date the rescission period expires as required by 12 C.F.R. § 226.23(b)(1)(v); and

- The Notice of Right to Cancel form was contradicted by a "One Week Cancellation" form such that the actual expiration period for the right to cancel was not clearly and conspicuously disclosed; and

- The disclosures were not clear and conspicuous because they were contradicted by other information provided at the time of the loan transaction including, without limitation, information about non-refundable finance charges; and

- The disclosures were not provided until after the loan was consummated.

**ANSWER:** Paragraph 8 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 23.

24. In the course of this consumer credit transaction, the Defendant failed to deliver all "material" disclosures required by the TILA and Regulation Z, including the following:

   a. By failing to properly and accurately disclose the "amount financed" using that term in violation of Regulation Z § 226.23(b) and 15 U.S.C § 1638(a)(2)(A);

   b. By failing to clearly and accurately disclose the "finance charge" using that term in violation of Regulation Z § 226.4 and 226.18(d) and 15 U.S.C § 1638(a)(3); and

   c. By failing to clearly and accurately disclose the "annual percentage rate" using that term in violation of Regulation Z § 226.18(e) and 15 U.S.C § 1638(a)(4).

The Plaintiff has a continuing right to rescind the transaction pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

**ANSWER:** Paragraph 24 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 24.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiff's Complaint so triable.

- 9 -

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the applicable statute of frauds.

6. Plaintiff's claims are barred in whole or in part because he has failed to mitigate his damages.

7. Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9. Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10. Plaintiff, by his knowledge, statements and/or conduct, has consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13. Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because he is a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiff's Complaint;

2. Enter judgment for Defendant and against Plaintiff in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: September 29, 2009

Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company LLC*

Thomas J. Wiegand
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
twiegand@winston.com

- 11 -

## **CERTIFICATE OF SERVICE**

      I, David E. Dahlquist, hereby certify that on this 29th day of September 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By:     /s/ David E. Dahlquist

BN 2136088v1
CHI:2312980.1