

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT - 5 2009
Oct 5, 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| IN RE: Ameriquest Mortgage Co., <br> Mortgage Lending Practices Litigation | * <br> * <br> * <br> * <br> * MDL No. 1715 <br> * Lead Case No. 05-CV-07097 <br> * 05cv7097 <br> THIS DOCUMENT RELATES TO: * Centralized before the Honorable <br> * Marvin E. Aspin <br> Wilbert Cooley et al. v. Ameriquest * <br> Mortgage Company, et al * <br> Case No. 07 C 7182 * |

### PLAINTIFF'S RESPONSE TO COUNSEL'S REPLY TO PLAINTIFF'S OBJECTION TO COUNSEL'S MOTION TO WITHDRAW

COME NOW the undersigned plaintiff in the above referenced matter, and move this Honorable Court to deny counsel's request as outlined in counsel's REPLY TO PLAINTIFF'S OBJECTION TO COUNSEL'S MOTION TO WITHDRAW filed by attorney Earl P. Underwood, Jr., on behalf of himself and Kenneth J. Riemer attorneys for Wilbert Cooley and Kandee Cooley in the above referenced matter, and state the following as grounds for said denial of counsel's request pursuant to the Court's order of September 1, 2009, in response to counsel's reply to Plaintiff's objection to counsel's motion to withdraw as follows:

1. Plaintiff concedes that he and his wife are seeking a divorce and that each plaintiff is asking for an award from the Divorce Court of the martial home place. However, the issue presently before this Court is not related to the question of which plaintiff will ultimately be awarded the marital home place. Instead, counsel is representing the

1

Plaintiffs on the issue involving whether or not fraud was committed by Ameriquest Mortgage Company, (AMC) in the execution of the mortgage which made the basis for this litigation referenced herein. Clearly, that question can be resolved regardless to which plaintiff a Court with lawful jurisdiction over same decides to award the marital home place to.

2. Plaintiff avers that counsel does not have to side with one or the other plaintiff regarding which plaintiff is awarded the marital home place in order for counsel to determine and litigate the issue as to whether or not the mortgage was fraudulent. In other words another judge in another Court will decide that issue and the Judge's decision will not create a conflict for counsel one way or the other.

3. Therefore, the dispute that counsel alludes to with respect to who is ultimately awarded ownership of the property which made the basis for the litigation at hand has absolutely nothing to do with whether or not the mortgage was fraudulent. Plaintiff asserts that there are two distinct issues involved here. Counsel's representation of the plaintiff's is based on whether or not (AMC) committed fraud against the plaintiffs, which is the subject of the litigation referenced herein. The other issue involving who will be awarded the marital home place will be decided by another Judge in another Court and clearly creates no conflict of interest for counsel whatsoever.

4. Moreover, counsel's assumption that plaintiffs are able to find suitable representation is not true and has no factual basis. Contrary to counsel's assertion, plaintiffs respective divorce attorneys are local attorneys handling divorce matters who are not necessarily

2

interested in or retained to handle this case. In other words counsel's assumption regarding that assertion is just a bad assumption. Furthermore, plaintiff questions whether counsel is an authority or otherwise capable of concluding that the plaintiffs divorce attorneys has the requisite expertise to provide plaintiffs with the competent representation to which they are entitled. Again, plaintiff has tried and has failed to obtain representation for this case due to the reasons stated in plaintiff's initial pleading regarding this matter.

5. Consequently, plaintiff would like to reiterate the points articulated in his original **"PLAINTIFF'S OBJECTION TO COUNSEL'S MOTION TO WITHDRAW"** as if fully set out herein as further grounds to deny counsel's **REPLY TO PLAINTIFF'S OBJECTION TO COUNSEL'S MOTION TO WITHDRAW**.

WHEREFORE, the undersigned request that this Honorable Court not allow counsel to withdraw as attorneys of record for Wilbert Cooley and Kandee Cooley in the above referenced matter and to proceed with plaintiff's representation.

RESPECTFULLY submitted this 21st day of September of 2009.

Wilbert Cooley
1070 Zurich Street
Mobile, AL 36608
Telephone: 251.343.0603
Facsimile:   251.343.0603

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2009, I served a copy of the foregoing pleading on the parties listed below by placing same in the U.S. Mail, First Class Postage prepaid.

The Honorable Judge Marvin E. Aspin
219 South Dearborn Street
Chicago, IL 60604

Earl P. Underwood, Jr., Esq., (UNDEE6591)
P.O. Box 969
Fairhope, AL 36533-0969

James D. Patterson, Esq., (PATJ6485)
P.O. Box 969
Fairhope, AL 36533-0969

Kenneth J. Riemer, Esq., (RIEMK8712)
P.O. Box 1206
Mobile, AL 36633-1206

<u>Wilbert Cooley</u>
/s/ Wilbert Cooley