IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION _____ THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715 Lead Case No. 05-cv-07097 Centralized before The Honorable Marvin E. Aspen |

**MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS FIFTH AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT**

Through this motion, Third-Party Plaintiffs respectfully request that the Court grant them leave to file a short Sur-Reply in opposition to the Motion to Dismiss the Fifth Amended Consolidated Third-Party Complaint, filed by the Third-Party Defendants in this matter (Docket No. 2978).

Good causes exists to permit the requested Sur-Reply because the Reply in Support of the Motion to Dismiss (Docket No. 3141) raises several new issues which were not presented in the Third-Party Defendants' moving papers and, thus, were not addressed in Third-Party Plaintiffs' Opposition (Docket No. 3090). Specifically:

(1) The Reply argues, for the first time, that Third-Party Plaintiffs have the burden of performing a detailed choice of law analysis with respect to the claims for negligence and negligent misrepresentation. As a matter of law, this is false, as the burden is on the moving party in a Rule 12(b)(6) motion to show that the claims asserted in the challenged pleading are not permitted by the applicable laws of one or more states.

(2) The Reply argues that the attorney-accountant exception to the economic loss rule is inapplicable because the Third-Party Complaint does not identify which Third-Party Defendants are attorneys. In fact, there are more than two hundred claims asserted against attorney Third-Party Defendants;

(3) The Reply argues erroneously, and for the first time, that the alleged misrepresentations underlying the negligent misrepresentation claim are misrepresentations of law rather than fact.

(4) The Reply argues, incorrectly, that the case of *First Midwest Bank, N.A. v. Stewart Title Guaranty Co.*, 218 Ill. 2d 326 (Ill. 2006) supports a dismissal of the claim for negligence. Third-Party Plaintiffs are entitled to an opportunity to discuss this case, and explain why its holding is inapposite, and does not support the instant Motion to Dismiss.

Third-Party Plaintiffs will limit their Sur-Reply to these narrow issues, and do not intend to submit further briefing regarding the cause of action for breach of contract. Accordingly, Third-Party Plaintiffs respectfully request that the Court grant the instant motion, and allow them to file a Sur-Reply forthwith.

DATED: October 8, 2009

Respectfully submitted,

By: /s/ Thomas J. Wiegand

*Attorneys for Argent Mortgage Company LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

By: /s/ Bernard E. LeSage

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

BN 4557217v1

## **CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 8th day of October 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Bernard E. LeSage

BN 4557217v1