**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Marvin E. Aspen) |

**SUR-REPLY OF THIRD PARTY PLAINTIFFS IN OPPOSITION TO MOTION TO DISMISS FIFTH AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT**

**I.      INTRODUCTION**

Third-Party Plaintiffs respectfully request the Court to consider this Sur-Reply which answers a limited number of arguments of the Third-Party Defendants in their Reply Memorandum (Docket No. 3141).  Third-Party Plaintiffs should have a reasonable opportunity to respond to material in the Reply that is new or was not reasonably foreseeable at the time they filed their Opposition (Docket No. 3090) to the Motion to Dismiss their Fifth Amended Third-Party Complaint (the "FATPC") (Docket No. 2913).  This Sur-Reply will address only the negligence and negligent misrepresentation claims in the FATPC.  The Opposition and this Court's Order ruling on the prior Motion to Dismiss (Docket No. 2455 and Exh. A to Opposition) more than adequately rebuts the arguments of the Third-Party Defendants as to the breach of contract claims.

**II.      CHOICE OF LAW ISSUES REQUIRE DENIAL OF THE MOTION TO DISMISS AS TO THE NEGLIGENCE AND NEGLIGENT MISREPRESENTATION CLAIMS**

The Motion to Dismiss (Docket No. 2978) acknowledges that "Third-Party Plaintiffs' negligence claims and claims for negligent misrepresentation implicate choice-of-law issues." (Motion at p. 9, fn. 2)  Nevertheless, the Third-Party Defendants make no effort to address these issues, other than attaching a list of states that have adopted some variant of the economic loss

doctrine, a critical element of their attack on those claims.[1]  Third-Party Defendants rationalize their scant analysis of the choice-of-law issues by stating:  "Because addressing these issues would involve separate choice-of-law analysis in hundreds of cases that underlie the MDL, Third-Party Defendants have not endeavored to address those issues in this Motion."  (*Id.*)  Now, in an about-face the Reply argues:  "This Court sitting in diversity jurisdiction and interpreting Illinois law, must construe the professional negligence exception [to the economic loss doctrine] narrowly."  (Reply at p. 9)

The Reply then attempts to pin the blame on Third-Party Plaintiffs for the absence of a comprehensive analysis of the choice-of-law issues.  "It is not this Court's burden, however, to engage in a choice of law analysis without any input from the parties and then conduct a 50-state survey to determine whether each of the Third-Party Plaintiffs' claims could survive under its home state's law."  (Reply at p. 11)  While Third-Party Plaintiffs agree with this statement, if there are any inadequacies in the briefing of their Motion, it is Third-Party Defendants, as the moving parties, who must bear the consequences.  This is particularly true in connection with a Rule 12(b)(6) motion, which is a disfavored motion and should only be granted if it is clearly established no claim has been or can be stated.  *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving—if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, but inviting a motion for summary judgment.")

As the Opposition establishes, in multi-district litigation, the transferee court must apply the substantive state law, including the choice of law rules, of the transferor forum.  (Opposition at p. 10)  Accordingly, an omnibus application of Illinois law in judging the negligence and negligent misrepresentation claims is not proper.  It follows then that the Motion should be denied as to all the tort claims in the FATPC because their sufficiency requires a thorough choice of law analysis and then application of the appropriate state's law, which in most cases will be the law of the state in which the transferor court sits.

---

[1] The list, an Appendix to the Motion to Dismiss, only purports to identify states that have either (a) adopted an economic loss rule, (b) have not adopted one, or (c) have not addressed it.  Third-Party Defendants make no attempt to describe to which opt-out cases a specific state's law would apply or how that law would be applied, either to a negligence or negligent misrepresentation claim as alleged in the FATPC.

## III.  THE REPLY ADMITS THAT THE ATTORNEY-ACCOUNTANT EXCEPTION TO THE ECONOMIC LOSS DOCTRINE IS APPLICABLE TO CERTAIN THIRD-PARTY DEFENDANTS.

The Reply acknowledges that some of the Third-Party Defendants are attorneys.  (Reply at p. 9, fn. 2)  Accordingly, by definition they are subject to an attorney-accountant exception to the economic loss doctrine.  The Reply attempts to avoid this result by contending that the FATPC does not identify which Third-Party Defendants are attorneys.  (*Id.*)  This is incorrect.  Exhibits A and B to the FATPC list every Third-Party Defendant.  Many Third-Party Defendants who are attorneys are identified as "The Law Offices of _____".  (*See e.g.* pp. 8-10, 17-18 of Exh. A to FATPC)  Attached hereto as Exhibit 1 is a list identifying those Third-Party Defendants who Third-Party Plaintiffs are informed and believe are attorneys.[2]

## IV.  THIRD PARTY DEFENDANTS' ALLEGED MISREPRESENTATIONS ARE NOT MISREPRESENTATIONS OF LAW

The Reply argues for the first time that the misrepresentations alleged in the FATPC are not actionable because they constitute misrepresentations of law.  (Reply at p. 12)  The Motion did not include this argument, so it could never have been addressed by Third-Party Plaintiffs in the Opposition.

Even a cursory review of the allegations of paragraph 39 of the FATPC (quoted at p. 12 of the Reply) reveals the lack of merit to this contention.  The charging allegation is not that the representation made was that closing, title and escrow documents were legally compliant, but that they were "properly prepared, executed and delivered and that the transactions were completed in accordance with instructions."  Thus, the misrepresentation was not that any of the closing documents complied with applicable laws, but that as a factual matter the transactions were "completed in accordance with instructions."  (FATPC at ¶ 39)  As such, the misrepresentation was one of fact and properly supports a claim for negligent misrepresentation.

## V.  FIRST MIDWEST BANK V. STEWART TITLE GUARANTY CO. DOES NOT SUPPORT DISMISSAL OF THE NEGLIGENT MISREPRESENTATION CLAIM

The Reply notes that the Opposition does not contain any discussion of *First Midwest Bank, N.A. v. Stewart Title Guaranty Co.*, 218 Ill.2d 326, 843 N.E.2d 327 (Ill. 2006).  (Reply at

---

[2] The issue of whether or not these Third-Party Defendants were actually engaged in the practice of law in connection with their loan closing services is clearly a factual one which cannot be decided on a motion to dismiss.

p. 13)

*First Midwest Bank* involved a claim by a lender against a title insurance company for negligent misrepresentation based on the failure of a title commitment issued in connection with a proposed loan to disclose a restrictive covenant on the real property collateral for the loan. The Court stated that a title commitment is "simply a promise to insure a particular state of title" (218 Ill.2d at 340) and stated that a title insurer is not "in the business of supplying information when it issues a title commitment or a policy of title insurance." (218 Ill. 2d at 341.) Assuming Illinois law applies, *First Midwest Bank* would at most support dismissal of a negligent misrepresentation claim against Title Defendants **if** the claim was based on "final title policies". Here, the negligent misrepresentation claims against the Title Defendants are not based on either title commitments or policies of title insurance, but on representations of fact that "transactions were completed in accordance with instructions." (FATPC at ¶¶ 39, 74)

Thus, *First Midwest* Bank is inapposite. In any event, it does not support dismissal of the negligent misrepresentation claim as to Broker Defendants. (*See* Ninth Cause of Action of FATPC)

## VI. CONCLUSION

For the reasons set forth above and in their Opposition, Third-Party Plaintiffs request that the Court deny the Motion to Dismiss of the Third-Party Defendants.

DATED: October 8, 2009

Respectfully submitted,

By: /s/ Thomas J. Wiegand

By: /s/ Bernard E. LeSage

*Attorneys for Argent Mortgage Company LLC*

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; Ameriquest Capital Corporation; Town & Country Title Services, Inc.; and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

**CERTIFICATE OF SERVICE**

I, Bernard E. LeSage, hereby certify that on this 8th day of October 2009, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage