## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Centralized before The Honorable Marvin E. Aspen |

### THIRD-PARTY DEFENDANTS' OPPOSITION TO THIRD-PARTY PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS FIFTH AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT

Third-Party Plaintiffs have asked this Court for leave to file a Sur-Reply in Opposition to Third-Party Defendants' Motion to Dismiss the Fifth Amended Consolidated Third-Party Complaint. Their motion, however, is not based on newly discovered facts, newly issued law, or any new arguments in Third-Party Defendants' Reply. Third-Party Defendants' Reply contained only arguments that had already been raised in their Opening Memorandum or that were fair responses to the arguments made in Third-Party Plaintiffs' Opposition. Third-Party Plaintiffs' attempt to circumvent the rules and get the last word on Third-Party Defendants' Motion to Dismiss is improper, and Third-Party Defendants therefore respectfully request that this Court exercise its discretion to deny the Motion for Leave to File Sur-Reply in Opposition to Motion to Dismiss Fifth Amended Consolidated Third-Party Complaint (the "Motion for Leave to File Sur-Reply").

Third-Party Plaintiffs' Motion for Leave to File Sur-Reply first argues that their burden to perform a choice-of-law analysis with regard to the application of the economic loss

doctrine to their negligence claims was raised "for the first time" in Third-Party Defendants' Reply. Motion for Leave to File Sur-Reply at 1. In Third-Party Defendants' opening memorandum, however, they fully explained the application of Illinois's economic loss doctrine to Third-Party Plaintiffs' claims, and showed that the economic loss doctrine is recognized by the overwhelming majority of states. When Third-Party Plaintiffs argued in their Opposition that they might be able to state a claim under other states' laws, but spent the majority of their Opposition addressing Illinois law and did not attempt to determine which laws would apply to which claims, Third-Party Defendants fairly replied that such a vague assertion does not comport with the pleading standards set forth in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), and <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 556 (2007).

Third-Party Plaintiffs argued in their Opposition that the attorney-accountant exception applies to save their negligence claims. In response to Third-Party Defendants' Reply to that argument, the Motion for Leave to File Sur-Reply states that "[i]n fact, there are more than two hundred claims asserted against attorney Third-Party Defendants." Motion for Leave to File Sur-Reply at 1. This point would add nothing new to Third-Party Plaintiffs' argument, and would ignore the developed arguments found in Third-Party Defendants' Reply at pages 8-11, especially footnote 2. Moreover, Third-Party Plaintiffs do not propose to cite any new law that says that a party's status as an attorney *ipso facto* makes them liable for professional negligence claims in transactions in which they were not even allegedly acting as such.

Third, the Motion for Leave to File Sur-Reply says that the Reply argues "for the first time" that the alleged misrepresentations underlying the negligent misrepresentation claim are misrepresentations of law rather than fact. When this Court raised this argument itself in its Order of October 14, 2008 ("October 2008 Order), Third-Party Plaintiffs cannot credibly assert

that they never could have anticipated this as an issue.  See October 2008 Order, Dkt. No. 2455, at 9 n.7.

Finally, the Motion for Leave to File Sur-Reply makes the incredible assertion that "Third-Party Plaintiffs are entitled to an opportunity to discuss [First Midwest Bank, N.A. v. Stewart Title Guaranty Co., 218 Ill. 2d 326 (Ill. 2006)], and explain why its holding is inapposite, and does not support the instant Motion to Dismiss."  Motion for Leave to File Sur-Reply, at ¶ 4.  Third-Party Defendants prominently cited and relied on this case in their Opening Memorandum, and Third-Party Plaintiffs ignored it.  See Opening Memorandum, at 11. Therefore, there is no way that Third-Party Plaintiffs can complain that they did not have an opportunity to address First Midwest Bank.  They had an opportunity to do so; they just chose to spend their Opposition on other things.  In any event, Third-Party Plaintiffs will not be able to distinguish the fact that the First Midwest Bank Court held that a title insurance company was "not in the business of supplying information" and that its liability was "properly defined by contract."  Reply at 14 (citing First Midwest Bank, 218 Ill. 2d at 336).  Here, too, the Third-Party Defendants were not in the business of supplying information to the Third-Party Plaintiffs.  The only information that they allegedly provided was whether or not they complied with their other instructions, which, as shown in the Reply, is not enough.  See Reply at 11-15.

For the foregoing reasons, Third-Party Defendants respectfully request that this Court exercise its discretion to deny Third-Party Plaintiffs' Motion for Leave to File Sur-Reply (Dkt. No. 3152).

- 3 -

Dated:   October 14, 2009

By: /s/ Kathryn B. Walter
*Liaison Counsel for Third-Party*
*Defendants and counsel for National*
*Real Estate Information Services, Inc.*

David J. Chizewer
Steven A. Levy
Kathryn B. Walter
GOLDBERG KOHN BELL BLACK
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
Telephone (312) 201-4000
Facsimile (312) 332-2196

## <u>CERTIFICATE OF SERVICE</u>

I, Kathryn B. Walter, hereby certify that on this 14th day of October, 2009, a true and correct copy of the foregoing document was filed electronically using the Court's ECF/electronic mailing system.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>/s/  Kathryn B. Walter</u>