IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br>_____<br>THIS DOCUMENT RELATES TO ALL ACTIONS | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |

**THIRD-PARTY DEFENDANTS' SUR-RESPONSE TO THIRD-PARTY PLAINTIFFS' SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS FIFTH AMENDED CONSOLIDATED THIRD-PARTY COMPLAINT**

Third-Party Plaintiffs asked this Court for leave to file a Sur-Reply in Opposition to Third-Party Defendants' Motion to Dismiss the Fifth Amended Consolidated Third-Party Complaint (the "FATPC"). Their Sur-Reply, however, is not based on newly discovered facts, newly issued law, or any new arguments in Third-Party Defendants' Reply. Third-Party Defendants' Reply contained only arguments that had already been raised in their Opening Memorandum or that were fair responses to the arguments made in Third-Party Plaintiffs' Opposition. Third-Party Plaintiffs' attempt to circumvent the rules and get the last word on Third-Party Defendants' Motion to Dismiss was improper, but more importantly, the arguments in Third-Party Plaintiffs' Sur-Reply are not persuasive. The fact remains that the FATPC cannot survive under federal notice pleading standards. Third-Party Defendants again respectfully submit that the FATPC should now be dismissed in its entirety and with prejudice.

Third-Party Plaintiffs' Motion for Leave to File Sur-Reply first argues that their burden to perform a choice-of-law analysis with regard to the application of the economic loss

doctrine to their negligence claims was raised "for the first time" in Third-Party Defendants' Reply. Motion for Leave to File Sur-Reply at 1. In Third-Party Defendants' Opening Memorandum, however, they fully explained the application of Illinois's economic loss doctrine to Third-Party Plaintiffs' claims, and showed that the economic loss doctrine is recognized by the overwhelming majority of states. When Third-Party Plaintiffs argued in their Opposition that they might be able to state a claim under other states' laws, but spent the majority of their Opposition addressing Illinois law and did not attempt to determine which laws would apply to which claims, Third-Party Defendants fairly replied that such a vague assertion does not comport with the pleading standards set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). Moreover, Third-Party Plaintiffs are apparently confusing Third-Party Defendants' burden on this motion to dismiss with their own burden to state a claim, and attempting to use this MDL proceeding as a way to avoid the pleading requirements of Iqbal and Bell Atlantic. So far, they have merely suggested that there may be a claim in other states and that they will figure it out later. That is not sufficient, just as it would not be if these cases had not been consolidated for the purposes of pretrial proceedings.

Third-Party Plaintiffs argued in their Opposition that the attorney-accountant exception applies to save their negligence claims. In response to Third-Party Defendants' Reply to that argument, Third-Party Plaintiffs now state that "[i]n fact, there are more than two hundred claims asserted against attorney Third-Party Defendants," and "[a]ccordingly, by definition they are subject to an attorney-accountant exception to the economic loss doctrine." Motion for Leave to File Sur-Reply at 1; Sur-Reply at 3. This point adds nothing new to Third-Party Plaintiffs' argument, and ignores the developed discussion found in Third-Party Defendants' Reply at pages 8-11. Third-Party Plaintiffs do not propose to cite any

new law that says that a party's status as an attorney *ipso facto* makes them liable for professional negligence claims in transactions in which they were not even allegedly acting as such. Similarly, their contention that "[t]he issue of whether or not the Third-Party Defendants were actually engaged in the practice of law . . . is clearly a factual one," is not persuasive because they have not even alleged that the Third-Party Defendants who happen to be attorneys were acting as counsel to them or had an attorney-client relationship with them "in connection with their loan closing services." See Sur-Reply at 3, n.2. Instead, they repeatedly allege and argue that the Third-Party Defendants' wrongs were their failure to follow specific instructions from the Third-Party Plaintiffs for how to close loans and complete forms.

Third, Third-Party Plaintiffs argue that the Reply argues "for the first time" that the alleged misrepresentations underlying the negligent misrepresentation claim are misrepresentations of law rather than fact, and that this argument "never could have been addressed by Third-Party Plaintiffs in the Opposition." Motion for Leave to File Sur-Reply at 2; Sur-Reply at 3. Given that this Court raised this argument itself in its Order of October 14, 2008 ("October 2008 Order"), Third-Party Plaintiffs cannot credibly assert that they never could have anticipated this as an issue. See October 2008 Order, Dkt. No. 2455, at 9 n.7. In any event, their transparent attempt to distinguish the alleged misrepresentations from misrepresentations of law fails to address the developed arguments found at pages 11-15 of the Reply, which explain why the negligent misrepresentation exception does not apply to save their claims here.

Finally, the Motion for Leave to File Sur-Reply makes the incredible assertion that "Third-Party Plaintiffs are entitled to an opportunity to discuss [First Midwest Bank, N.A. v. Stewart Title Guaranty Co., 218 Ill. 2d 326 (Ill. 2006)], and explain why its holding is

inapposite, and does not support the instant Motion to Dismiss."  Motion for Leave to File Sur-Reply, at ¶ 4.  Third-Party Defendants prominently cited and relied on this case in their Opening Memorandum, and Third-Party Plaintiffs ignored it.  See Opening Memorandum, at 11.  Therefore, there is no way that Third-Party Plaintiffs can complain that they did not have an opportunity to address First Midwest Bank.  They had an opportunity to do so; they just chose to spend their Opposition on other things.  In any event, Third-Party Plaintiffs' cursory attempt to distinguish First Midwest Bank does not address the discussion of the case in Third-Party Defendants' Reply at pages 13-14, especially the fact that the court held that a title insurance company was "not in the business of supplying information" and that its liability was "properly defined by contract."  Reply at 14 (citing First Midwest Bank, 218 Ill. 2d at 336).  Here, too, the Third-Party Defendants were not in the business of supplying information to the Third-Party Plaintiffs, and any obligations they may have had were defined by the alleged contracts.  The only information that they allegedly provided was whether or not they complied with their other instructions, which, as shown in the Reply, is not enough.  See Reply at 11-15.

For the reasons stated in Third-Party Defendants' Memorandum of Law in Support of their Motion to Dismiss Fifth Amended Consolidated Third-Party Complaint, as well as in their Reply and in this Sur-Response, Third-Party Defendants respectfully request that, pursuant to Fed. R. Civ. P. 12(b)(6), the Court grant their Motion to Dismiss the Fifth Amended Consolidated Third-Party Complaint in its entirety.

- 5 -

Dated:  October 19, 2009

By: <u>/s/ Kathryn B. Walter</u>
*Liaison Counsel for Third-Party Defendants and counsel for National Real Estate Information Services, Inc.*

David J. Chizewer
Steven A. Levy
Kathryn B. Walter
GOLDBERG KOHN BELL BLACK
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
Telephone (312) 201-4000
Facsimile (312) 332-2196

**CERTIFICATE OF SERVICE**

I, Kathryn B. Walter, hereby certify that on this 19th day of October, 2009, a true and correct copy of the foregoing document was filed electronically using the Court's ECF/electronic mailing system. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Kathryn B. Walter