**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE AMERIQUEST MORTGAGE CO. | ) | |
| MORTGAGE LENDING PRACTICES | ) | |
| LITIGATION | ) | MDL No. 1715 |
| | ) | |
| _____ | ) | Lead Case No. 05-cv-07097 |
| | ) | |
| THIS DOCUMENT RELATES TO THE | ) | |
| FOLLOWING INDIVIDUAL ACTIONS: | ) | Centralized before Judge |
| | ) | Marvin E. Aspen |
| *Furgeson v. Ameriquest Mortg. Co., 04 cv 7627,* | ) | |
| *Salazar v. Ameriquest Mortg. Co., 05 cv 4162,* | ) | |
| *Smith v. Ameriquest Mortg Co., 05 cv 648,* | ) | |
| *Jimenez v. Ameriquest Mortg. Co., 05 cv 1009,* | ) | |
| *Treadwell v. Ameriquest Mortg. Co., 05 cv 1078,* | ) | |
| *Key v. Ameriquest Mortg. Co., 05 cv 1077,* | ) | |
| *Wertepny v. Ameriquest Mortg. Co., 05 cv 1402,* | ) | |
| *Harris v. Ameriquest Mortg. Co., 05 cv 4025,* | ) | |
| *Mills v. Ameriquest Mortg. Co., 05 cv 3976,* | ) | |
| *Pintsak v. Ameriquest Mortg. Co., 05 cv 5035,* | ) | |
| *Barboza, et al. v. Ameriquest Mortg. Co.,* | ) | |
| *06 cv 3125,* | ) | |
| *Olynciw, et al. v. Ameriquest Mortg. Co.,* | ) | |
| *06 cv 2467,* | ) | |
| *Cue, et al. v. Ameriquest Mortg. Co., 06 cv 2468,* | ) | |
| *Sullivan, et al. v. Ameriquest Mortg. Co.,* | ) | |
| *06 cv 2471,* | ) | |
| *Greene, et al. v. Ameriquest Mortg. Co., 06 cv 1733,* | ) | |
| *Osten, et al. v. Ameriquest Mortg. Co., 06 cv 4032,* | ) | |
| *Steinmiller v. Ameriquest Mortg. Co., 06 cv 2469,* | ) | |
| *Sweeten v. Argent Mortg. Co., LLC, 06 cv 2470,* | ) | |
| *Robinson v. Argent Mortg. Co., LLC, 06 cv 3126,* | ) | |
| *Cadette v. Ameriquest Mortg. Co., 06 cv 6753,* | ) | |
| *Vega v. Ameriquest Mortg. Co., 06 cv 129,* | ) | |
| *Hess v. Ameriquest Mortg. Co. 08 cv 01858* | ) | |
| *Walrod v. Ameriquest Mortg. Co. 08 cv 00742, and* | ) | |
| *Young v. Ameriquest Mortg. Co. 08 cv 00741* | ) | |

**PLAINTIFFS' LOCAL RULE 56.1(a)(3) STATEMENT OF MATERIAL FACTS**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1(a)(3) of the Rules of the U.S. District Court for the Northern District of Illinois, Plaintiffs Marie Furgeson, Sergio Salazar, Guadalupe Salazar, Eric Smith, Guillermina Yanong, Nelson Jimenez, Melinda Jimenez, Gilbert Treadwell, Genelle Treadwell, Earl Key, Brett Wertepny, Yvonne Wertepny, Castella Williams Harris, Delois Mills, William Pintsak, Sandra Pintsak, Benjamin R. Barboza, Manuel R. Barboza, Sallie L. Booth, Avalon Cadette, Selma Cadette, Willie Mae Cue, Simon A. Dell, Nadejda Fournier, Samuel Greene, Jr., Nicholas E. Griffin, Ann M. Griffin, Richard F, Hack, Jr., Denise L. Hack, Edward Kobialka, Ruth Kobialka, Dennis A. Holmes, Brenda L. Holmes, John W. Iwanczenko, Sr., Maryann E. Iwanczenko, Kyle A Jones, Kathleen D. Jones, Timothy Lehan, Robert A. Muro, Michael Olynciw, Michael Osten, Maria Osten, Lisa Potter, John Potter, Mark A. Roberts, Nancy I.E. Roberts, Nadine Robinson, Lorraine P. Sibley, Kelly Steinmiller, Gary W. Steinmiller, Constance Stripling, David M. Sullivan, Drucie Bathin, Kenneth F. Sweeten, Jr., Elizabeth Sweeten, Ismael Vega, Robert Hess, Melissa Hess, James Walrod, Teresa Walrod, Bryan Young, and Jill Young submit the following Statement of Material Facts as to which there is no genuine issue of material fact in support of his motion for summary judgment against defendant Ameriquest Mortgage Company ("Ameriquest"):

1.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question) and 1337 (interstate commerce) and 15 U.S.C. § 1640 (Truth in Lending Act).  (Answer to Plaintiff Marie Furgeson's Second Amended Complaint, ¶ 2, attached hereto as Appendix 2; Answer to Plaintiffs Sergio Salazar and Guadalupe Salazar's Third Amended Complaint, ¶ 2, attached hereto as Appendix 7; Answer to Plaintiffs Eric Smith and Guillermina Yanong's Second Amended Complaint, ¶ 2, attached hereto as Appendix 12; Answer to Plaintiffs Nelson Jimenez and Melinda Jimenez's Complaint, ¶ 2, attached hereto as Appendix 19; Answer

to Plaintiffs Gilbert Treadwell and Genelle Treadwell's Second Amended Complaint, ¶ 2, attached hereto as Appendix 23; Answer to Plaintiff Earl Key's Amended Complaint, ¶ 2, attached hereto as Appendix 28; Answer to Plaintiffs Brett Wertepny and Yvonne Wertepnys' Amended Complaint, ¶ 2, attached hereto as Appendix 35; Answer to Plaintiff Castella Williams Harris's Amended Complaint, ¶ 2, attached hereto as Appendix 40; Answer to Plaintiff Delois Mills's Second Amended Complaint, ¶ 2, attached hereto as Appendix 45; and, Ameriquest's Answer to Plaintiffs Sandra Pintsak and William Pintsak's Amended Complaint, ¶ 2, attached hereto as Appendix 50).

**FACTS RELATING TO ALL ECLG PLAINTIFFS:**
**MARIE FURGESON, SERGIO SALAZAR, GUADALUPE SALAZAR, ERIC SMITH,**
**GUILLERMINA YANONG, NELSON JIMENEZ, MELINDA JIMENEZ,**
**GILBERT TREADWELL, GENELLE TREADWELL, EARL KEY,**
**BRETT WERTEPNY, YVONNE WERTEPNY, CASTELLA WILLIAMS HARRIS,**
**DELOIS MILLS, WILLAM PINTSAK, AND SANDRA PINTSAK**

2.      All ECLG plaintiffs obtained mortgage loans from Ameriquest Mortgage Company. (Answer to Plaintiff Marie Furgeson's Second Amended Complaint, ¶ 7, attached hereto as Appendix 2; Answer to Plaintiffs Sergio Salazar and Guadalupe Salazar's Third Amended Complaint, ¶ 14, attached hereto as Appendix 7; Answer to Plaintiffs Eric Smith and Guillermina Yanong's Second Amended Complaint, ¶ 12, attached hereto as Appendix 12; Answer to Plaintiffs Nelson Jimenez and Melinda Jimenez's Complaint, ¶ 5, attached hereto as Appendix 19; Answer to Plaintiffs Gilbert Treadwell and Genelle Treadwell's Second Amended Complaint, ¶ 8, attached hereto as Appendix 23; Answer to Plaintiff Earl Key's Amended Complaint, ¶ 10, attached hereto as Appendix 28; Ameriquest's Rule 26(a)(1) Disclosures to Brett and Yvonne Wertepny, documents A-00008 through A-00026, attached hereto as Appendix 34; Answer to Plaintiff Castella Williams Harris's Amended Complaint, ¶ 11, attached hereto as Appendix 40; Answer to Plaintiff Delois

3

Mills's Second Amended Complaint, ¶ 8, attached hereto as <u>Appendix 45</u>; and, Ameriquest's Answer to Plaintiffs Sandra Pintsak and William Pintsak's Amended Complaint, ¶¶ 10 and 12, attached hereto as <u>Appendix 50</u>).

       3.    The loans were secured by mortgages on plaintiffs' homes.  (Answer to Plaintiff Marie Furgeson's Second Amended Complaint, ¶ 7, attached hereto as <u>Appendix 2</u>; Answer to Plaintiffs Sergio Salazar and Guadalupe Salazar's Third Amended Complaint, ¶ 17, attached hereto as <u>Appendix 7</u>; Answer to Plaintiffs Eric Smith and Guillermina Yanong's Second Amended Complaint, ¶ 12, attached hereto as <u>Appendix 12</u>; Answer to Plaintiffs Nelson Jimenez and Melinda Jimenez's Complaint, ¶ 5, attached hereto as <u>Appendix 19</u>; Answer to Plaintiffs' Gilbert Treadwell and Genelle Treadwell's Second Amended Complaint, ¶¶ 8 and 10, attached hereto as <u>Appendix 23</u>; Answer to Plaintiff Earl Key's Amended Complaint, ¶¶ 8 and 12, attached hereto as <u>Appendix 28</u>; Answer to Plaintiffs Brett Wertepny and Yvonne Wertepny's Complaint, ¶¶ 5 and 8, attached hereto as <u>Appendix 35</u>; Answer to Plaintiff Castella Williams Harris's Amended Complaint, ¶ 11, attached hereto as <u>Appendix 40</u>; Deutsche Bank's Answer to Plaintiff Delois Mills's Amended Complaint, ¶ 8, attached hereto as <u>Appendix 46</u>; and, Answer to Plaintiffs' William Pintsak and Sandra Pintsak's Amended Complaint, ¶¶ 10 and 15 , attached hereto as <u>Appendix 50</u>).

       4.    Plaintiffs used the loan proceeds to refinance their previous mortgage loans on their homes.  (Deposition of Marie Furgeson, p. 45, lines 16-20, relevant portions attached hereto as <u>Appendix 1</u>; Declaration of Sergio Salazar and Guadalupe Salazar, attached hereto as <u>Appendix 6</u>; Declaration of Eric Smith and Guillermina Yanong, attached hereto as <u>Appendix 10</u>; Deposition of Melinda Jimenez, p. 85, lines 15-24, p. 86, line 1, relevant portions attached hereto

4

as Appendix 18; Declaration of Gilbert Treadwell and Genelle Treadwell, attached hereto as Appendix 22; Declaration of Earl Key, attached hereto as Appendix 27; Depostion of Yvonne Wertepny, p. 50, lines 14-18, relevant portions attached hereto as Appendix 33; Ameriquest's Rule 26(a)(1) Disclosures to Castella Williams Harris, document A-0007, attached hereto as Appendix 39; Declaration of Delois Mills, attached hereto as Appendix 44; and Declaration of William Pintsak and Sandra Pintsak, attached hereto as Appendix 49).

5. The payment schedule on the Truth-in-Lending Disclosure Statements delivered to plaintiffs at their closings do not explicitly state or disclose that payments under the loan are due "monthly." (Exhibit D to Plaintiff Marie Furgeson's Second Amended Complaint, attached hereto as Appendix 3; Exhibit D to Plaintiffs Sergio Salazar and Guadalupe Salazar's Second Amended Complaint, attached hereto as Appendix 8; Ameriquest's Rule 26(a)(1) Disclosures to Eric Smith and Guillermina Yanong, document A-00024, attached hereto as Appendix 11; Exhibit C to Nelson Jimenez and Melinda Jimenez's Complaint, attached hereto as Appendix 20; Exhibit C to Gilbert Treadwell and Genelle Treadwell's Second Amended Complaint, attached hereto as Appendix 24; Ameriquest's Rule 26(a)(1) Disclosures to Earl Key, page A-00025, attached hereto as Appendix 29; Ameriquest's Rule 26(a)(1) Disclosures to Brett Wertepny and Yvonne Wertepny, page A-00026, attached hereto as Appendix 34; Ameriquest's Rule 26(a)(1) Disclosures to Castella Williams Harris, documents A-0046 and A-0047, attached hereto as Appendix 39; Ameriquest's Rule 26(a)(1) Disclosures to Delois Mills, document A-00020, attached hereto as Appendix 43; and, Exhibit C to Sandra Pintsak and William Pintsak's Amended Complaint, attached hereto as Appendix 52).

6. The payment schedule on the Truth-in-Lending Statements do not

explicitly state the date of each month that payments are due. (Exhibit D to Plaintiff Marie Furgeson's Second Amended Complaint, attached hereto as <u>Appendix 3</u>; Exhibit D to Plaintiffs Sergio Salazar and Guadalupe Salazar's Second Amended Complaint, attached hereto as <u>Appendix 8</u>; Ameriquest's Rule 26(a)(1) Disclosures to Eric Smith and Guillermina Yanong, document A-00024, attached hereto as <u>Appendix 11</u>; Exhibit C to Nelson Jimenez and Melinda Jimenez's Complaint, attached hereto as <u>Appendix 20</u>; <u>Exhibit C</u> to Gilbert Treadwell and Genelle Treadwell's Second Amended Complaint, attached hereto as <u>Appendix 24</u>; Ameriquest's Rule 26(a)(1) Disclosures to Earl Key, page A-00025, attached hereto as <u>Appendix 29</u>; Ameriquest's Rule 26(a)(1) Disclosures to Brett Wertepny and Yvonne Wertepny, page A-00026, attached hereto as <u>Appendix 34</u>; Ameriquest's Rule 26(a)(1) Disclosures to Castella Williams Harris, documents A-0046 and A-0047, attached hereto as <u>Appendix 39</u>; Ameriquest's Rule 26(a)(1) Disclosures to Delois Mills, document A-00020, attached hereto as <u>Appendix 43</u>; and, Exhibit C to Sandra Pintsak and William Pintsak's Amended Complaint, attached hereto as <u>Appendix 52</u>).

7. The Truth-in-Lending Disclosure Statements do not contain a listing of the due dates of each payment under the loan. (Exhibit D to Plaintiff Marie Furgeson's Second Amended Complaint, attached hereto as <u>Appendix 3</u>; Exhibit D to Plaintiffs Sergio Salazar and Guadalupe Salazar's Second Amended Complaint, attached hereto as <u>Appendix 8</u>; Ameriquest's Rule 26(a)(1) Disclosures to Eric Smith and Guillermina Yanong, document A-00024, attached hereto as <u>Appendix 11</u>; Exhibit C to Nelson Jimenez and Melinda Jimenez's Complaint, attached hereto as <u>Appendix 20</u>; Exhibit C to Gilbert Treadwell and Genelle Treadwell's Second Amended Complaint, attached hereto as <u>Appendix 24</u>; Ameriquest's Rule 26(a)(1) Disclosures to Earl Key, p. A-00025, attached hereto as <u>Appendix 29</u>; Ameriquest's Rule 26(a)(1) Disclosures to Brett

6

Wertepny and Yvonne Wertepny, p. A-00026, attached hereto as <u>Appendix 34</u>; Ameriquest's Rule 26(a)(1) Disclosures to Castella Williams Harris, documents A-0046 and A-0047, attached hereto as <u>Appendix 39</u>; Ameriquest's Rule 26(a)(1) Disclosures to Delois Mills, document A-00020, attached hereto as <u>Appendix 43</u>; and Exhibit C to Sandra Pintsak and William Pintsak's Amended Complaint, attached hereto as <u>Appendix 52</u>).

        8.       Through counsel, plaintiffs have sent notice of their intent to rescind the loans to Ameriquest.  (<u>Appendices 4, 9, 15, 21, 25, 30, 36, 41, 47, and 53</u>.)

        9.       Ameriquest has not rescinded any of plaintiffs' loans.  (Answer to Plaintiff Marie Furgeson's Second Amended Complaint, ¶ 16, attached hereto as <u>Appendix 2</u>; Answer to Plaintiffs Sergio Salazar and Guadalupe Salazar's Third Amended Complaint, ¶ 37, attached hereto as <u>Appendix 7</u>; <u>Appendix 16</u>; *See* Deposition of Nelson Jimenez, p. 163, lines 1-24, p. 164, lines 1-24, attached hereto as <u>Appendix 17</u>. Plaintiff was still making payments and receiving statements, which demonstrates the loan had not been rescinded at time of deposition; <u>Appendix 26</u>; <u>Appendix 31</u>; <u>Appendix 37</u>; <u>Appendix 42</u>; Answer to Plaintiff Delois Mills's Second Amended Complaint, ¶ 22, attached hereto as <u>Appendix 45</u>; and, Ameriquest's Answer to Plaintiffs William Pintsak and Sandra Pintsak's Amended Complaint, ¶ 21, attached hereto as <u>Appendix 50</u>.)

        10.     Defendant Ameriquest Mortgage Company does business in Illinois. (Answer to Plaintiff Marie Furgeson's Second Amended Complaint, ¶ 4, attached hereto as <u>Appendix 2</u>; Answer to Plaintiffs Sergio Salazar and Guadalupe Salazar's Third Amended Complaint, ¶¶ 3 and 6, attached hereto as <u>Appendix 7</u>; Answer to Plaintiffs Eric Smith and Guillermina Yanong's Second Amended Complaint, ¶ 4, attached hereto as <u>Appendix 12</u>; Answer to Plaintiffs Nelson Jimenez and Melinda Jimenez's Complaint, ¶ 4, attached hereto as <u>Appendix</u>

<u>19</u>; Answer to Plaintiffs Gilbert Treadwell and Genelle Treadwell's Second Amended Complaint, ¶ 4, attached hereto as <u>Appendix 23</u>, Answer to Plaintiff Earl Key's Amended Complaint, ¶ 4, attached hereto as <u>Appendix 28</u>, Answer to Plaintiffs Brett Wertepny and Yvonne Wertepnys' Amended Complaint, ¶ 4, attached hereto as <u>Appendix 35</u>, Answer to Plaintiff Castella Williams Harris's Amended Complaint, ¶ 4, attached hereto as <u>Appendix 40</u>, Answer to Plaintiff Delois Mills's Second Amended Complaint, ¶ 4, attached hereto as <u>Appendix 45</u>, and Ameriquest's Answer to Plaintiffs Sandra Pintsak and William Pintsak's Amended Complaint, ¶ 4, attached hereto as <u>Appendix 50</u>).

11.     Ameriquest made more than 26 loans per year.  (Answer to Plaintiffs Sergio Salazar and Guadalupe Salazar's Third Amended Complaint, ¶ 8, attached hereto as <u>Appendix 7</u>, Answer to Plaintiffs Nelson Jimenez and Melinda Jimenez's Complaint, ¶ 4, attached hereto as <u>Appendix 19</u>, Answer to Plaintiffs Gilbert Treadwell and Genelle Treadwell's Second Amended Complaint, ¶ 4, attached hereto as <u>Appendix 23</u>, Answer to Plaintiff Earl Key's Amended Complaint, ¶ 4, attached hereto as <u>Appendix 28</u>, Answer to Plaintiffs Brett Wertepny and Yvonne Wertepnys' Amended Complaint, ¶ 4, attached hereto as <u>Appendix 35</u>, Answer to Plaintiff Castella Williams Harris's Amended Complaint, ¶ 4, attached hereto as <u>Appendix 40</u>, Answer to Plaintiff Delois Mills's Second Amended Complaint, ¶ 4, attached hereto as <u>Appendix 45</u>, and Ameriquest's Answer to Plaintiffs Sandra Pintsak and William Pintsak's Amended Complaint, ¶ 6, attached hereto as <u>Appendix 50</u>).

**FACTS RELATING TO ALL CLG PLAINTIFFS:**
**BENJAMIN R. BARBOZA, MANUEL R. BARBOZA, SALLIE L. BOOTH, AVALON CADETTE, SELMA CADETTE, WILLIE MAE CUE, SIMON A. DELL, NADEJDA FOURNIER, SAMUEL GREEN, JR., NICHOLAS E. GRIFFIN, ANN M. GRIFFIN, RICHARD F. HACK, JR., DENISE L. HACK, EDWARD KOBIALKA, RUTH KOBIALKA, DENNIS A. HOLMES,**

8

**BRENDA L. HOLMES, JOHN W. IWANCZENKO, SR.,
MARYANN E. IWANCZENKO, KYLE A. JONES, KATHLEEN D. JONES, TIMOTHY
LEHAN, ROBERT A. MURO, MICHAEL OLYNCIW, MICHAEL OSTEN, MARIA
OSTEN, LISA POTTER, JOHN POTTER, MARK A. ROBERTS,
NANCY I.E. ROBERTS, NADINE ROBINSON, LORRAINE P. SIBLEY, KELLY
STEINMILLER, GARY W. STEINMILLER, CONSTANCE STRIPLING,
DAVID M. SULLIVAN, DRUCIE BATHIN, KENNETH F. SWEETEN, JR., <u>ELIZABETH
SWEETEN, AND ISMAEL VEGA</u>**

12.    All CLG Plaintiffs obtained loans from either Ameriquest Mortgage Company

or Argent Mortgage Company. (Declaration of Benjamin R. Barboza and Manuel R. Barboza,

attached hereto as <u>Appendix 57</u>; Declaration of Kenneth F. Sweeten, Jr. and Elizabeth Sweeten,

attached hereto as <u>Appendix 58</u>; Declaration of Michael Osten and Maria Osten, attached hereto as

<u>Appendix 59</u>; Declaration of Constance Stripling, attached hereto as <u>Appendix 60</u>; Declaration of

Nadejda Fournier, attached hereto as <u>Appendix 61</u>; Declaration of Timothy Lehan, attached hereto

as <u>Appendix 62</u>; Declaration of Robert Muro, attached hereto as <u>Appendix 63</u>; Declaration of Mark

A. Roberts and Nancy I.E. Roberts, attached hereto as <u>Appendix 64</u>; Declaration of Nadine

Robinson, attached hereto as <u>Appendix 65</u>; Declaration of Kelly Steinmiller and Gary W.

Steinmiller, attached hereto as <u>Appendix 66</u>; Declaration of Kyle Jones and Kathleen P. Jones,

attached hereto as <u>Appendix 67</u>; Declaration of Samuel Greene, Jr., attached hereto as <u>Appendix 68</u>;

Declaration of Willie Mae Cue, attached hereto as <u>Appendix 69</u>; Declaration of Lorraine Sibley,

attached hereto as <u>Appendix 70</u>; Declaration of Avalon Cadette and Selma Cadette, attached hereto

as <u>Appendix 71</u>; Declaration of Sallie L. Booth, attached hereto as <u>Appendix 72</u>; Declaration of

Dennis A. Holmes and Brenda L. Holmes, attached hereto as <u>Appendix 73</u>; Declaration of Nicholas

E. Griffin and Ann M. Griffin, attached hereto as <u>Appendix 74</u>; Declaration of John W. Iwanczenko,

Sr. and Maryann E. Iwanczenko, attached hereto as <u>Appendix 75</u>; Declaration of Richard F. Hack,

Jr. and Denise L. Hack , attached hereto as <u>Appendix 76</u>; Declaration of Michael Olynciw, attached

hereto as Appendix 77; Declaration of Ismael Vega, attached hereto as Appendix 78; Declaration of Lisa Potter and John Potter, attached hereto as Appendix 79; Declaration of David M. Sullivan and Drucie Bathin, attached hereto as Appendix 80; Declaration of Simon A. Dell, attached hereto as Appendix 82).

        13.    The loans were secured by mortgages on Plaintiffs' homes. (Declaration of Benjamin R. Barboza and Manuel R. Barboza, attached hereto as Appendix 57; Declaration of Kenneth F. Sweeten, Jr. and Elizabeth Sweeten, attached hereto as Appendix 58; Declaration of Michael Osten and Maria Osten, attached hereto as Appendix 59; Declaration of Constance Stripling, attached hereto as Appendix 60; Declaration of Nadejda Fournier, attached hereto as Appendix 61; Declaration of Timothy Lehan, attached hereto as Appendix 62; Declaration of Robert Muro, attached hereto as Appendix 63; Declaration of Mark A. Roberts and Nancy I.E. Roberts, attached hereto as Appendix 64; Declaration of Nadine Robinson, attached hereto as Appendix 65; Declaration of Kelly Steinmiller and Gary W. Steinmiller, attached hereto as Appendix 66; Declaration of Kyle Jones and Kathleen P. Jones, attached hereto as Appendix 67; Declaration of Samuel Greene, Jr., attached hereto as Appendix 68; Declaration of Willie Mae Cue, attached hereto as Appendix 69; Declaration of Lorraine Sibley, attached hereto as Appendix 70; Declaration of Avalon Cadette and Selma Cadette, attached hereto as Appendix 71; Declaration of Sallie L. Booth, attached hereto as Appendix 72; Declaration of Dennis A. Holmes and Brenda L. Holmes, attached hereto as Appendix 73; Declaration of Nicholas E. Griffin and Ann M. Griffin, attached hereto as Appendix 74; Declaration of John W. Iwanczenko, Sr. and Maryann E. Iwanczenko, attached hereto as Appendix 75; Declaration of Richard F. Hack, Jr. and Denise L. Hack , attached hereto as Appendix 76; Declaration of Michael Olynciw, attached hereto as Appendix 77; Declaration of

10

Ismael Vega, attached hereto as <u>Appendix 78</u>; Declaration of Lisa Potter and John Potter, attached hereto as <u>Appendix 79</u>; Declaration of David M. Sullivan and Drucie Bathin, attached hereto as <u>Appendix 80</u>; Declaration of Simon A. Dell, attached hereto as <u>Appendix 82</u>).

        14.    Plaintiffs used the loan proceeds for a consumer purpose, namely to refinance their previous mortgage loans on their homes. (Declaration of Benjamin R. Barboza and Manuel R. Barboza, attached hereto as <u>Appendix 57</u>; Declaration of Kenneth F. Sweeten, Jr. and Elizabeth Sweeten, attached hereto as <u>Appendix 58</u>; Declaration of Michael Osten and Maria Osten, attached hereto as <u>Appendix 59</u>; Declaration of Constance Stripling, attached hereto as <u>Appendix 60</u>; Declaration of Nadejda Fournier, attached hereto as <u>Appendix 61</u>; Declaration of Timothy Lehan, attached hereto as <u>Appendix 62</u>; Declaration of Robert Muro, attached hereto as <u>Appendix 63</u>; Declaration of Mark A. Roberts and Nancy I.E. Roberts, attached hereto as <u>Appendix 64</u>; Declaration of Nadine Robinson, attached hereto as <u>Appendix 65</u>; Declaration of Kelly Steinmiller and Gary W. Steinmiller, attached hereto as <u>Appendix 66</u>; Declaration of Kyle Jones and Kathleen P. Jones, attached hereto as <u>Appendix 67</u>; Declaration of Samuel Greene, Jr., attached hereto as <u>Appendix 68</u>; Declaration of Willie Mae Cue, attached hereto as <u>Appendix 69</u>; Declaration of Lorraine Sibley, attached hereto as <u>Appendix 70</u>; Declaration of Avalon Cadette and Selma Cadette, attached hereto as <u>Appendix 71</u>; Declaration of Sallie L. Booth, attached hereto as <u>Appendix 72</u>; Declaration of Dennis A. Holmes and Brenda L. Holmes, attached hereto as <u>Appendix 73</u>; Declaration of Nicholas E. Griffin and Ann M. Griffin, attached hereto as <u>Appendix 74</u>; Declaration of John W. Iwanczenko, Sr. and Maryann E. Iwanczenko, attached hereto as <u>Appendix 75</u>; Declaration of Richard F. Hack, Jr. and Denise L. Hack, attached hereto as <u>Appendix 76</u>; Declaration of Michael Olynciw, attached hereto as <u>Appendix 77</u>; Declaration of Ismael Vega, attached hereto

11

as <u>Appendix 78</u>; Declaration of Lisa Potter and John Potter, attached hereto as <u>Appendix 79</u>; Declaration of David M. Sullivan and Drucie Bathin, attached hereto as <u>Appendix 80</u>; Declaration of Simon A. Dell, attached hereto as <u>Appendix 82</u>).

      15.     The payment schedules on the Truth-in-Lending Disclosure Statements delivered to Plaintiffs at their closings do not explicitly state or disclose that payments under the loan are due "monthly." (Declaration of Benjamin R. Barboza and Manuel R. Barboza, attached hereto as <u>Appendix 57</u>; Declaration of Kenneth F. Sweeten, Jr. and Elizabeth Sweeten, attached hereto as <u>Appendix 58</u>; Declaration of Michael Osten and Maria Osten, attached hereto as <u>Appendix 59</u>; Declaration of Constance Stripling, attached hereto as <u>Appendix 60</u>; Declaration of Nadejda Fournier, attached hereto as <u>Appendix 61</u>; Declaration of Timothy Lehan, attached hereto as <u>Appendix 62</u>; Declaration of Robert Muro, attached hereto as <u>Appendix 63</u>; Declaration of Mark A. Roberts and Nancy I.E. Roberts, attached hereto as <u>Appendix 64</u>; Declaration of Nadine Robinson, attached hereto as <u>Appendix 65</u>; Declaration of Kelly Steinmiller and Gary W. Steinmiller, attached hereto as <u>Appendix 66</u>; Declaration of Kyle Jones and Kathleen P. Jones, attached hereto as <u>Appendix 67</u>; Declaration of Samuel Greene, Jr., attached hereto as <u>Appendix 68</u>; Declaration of Willie Mae Cue, attached hereto as <u>Appendix 69</u>; Declaration of Lorraine Sibley, attached hereto as <u>Appendix 70</u>; Declaration of Avalon Cadette and Selma Cadette, attached hereto as <u>Appendix 71</u>; Declaration of Sallie L. Booth, attached hereto as <u>Appendix 72</u>; Declaration of Dennis A. Holmes and Brenda L. Holmes, attached hereto as <u>Appendix 73</u>; Declaration of Nicholas E. Griffin and Ann M. Griffin, attached hereto as <u>Appendix 74</u>; Declaration of John W. Iwanczenko, Sr. and Maryann E. Iwanczenko, attached hereto as <u>Appendix 75</u>; Declaration of Richard F. Hack, Jr. and Denise L. Hack, attached hereto as <u>Appendix 76</u>; Declaration of Michael Olynciw, attached hereto as <u>Appendix</u>

<u>77</u>; Declaration of Ismael Vega, attached hereto as <u>Appendix 78</u>; Declaration of Lisa Potter and John

Potter, attached hereto as <u>Appendix 79</u>; Declaration of David M. Sullivan and Drucie Bathin,

attached hereto as <u>Appendix 80</u> and Declaration of Simon A. Dell, attached hereto as <u>Appendix 82</u>

and the attachments thereto).

    16.  Through counsel, Plaintiffs have sent notice of their intent to rescind the loans

to Ameriquest Mortgage Company and/or Argent Mortgage Company, and in each case, either

Ameriquest Mortgage Company or Argent Mortgage Company has failed to honor said rescisision.

(¶¶ 7a-aa of Declaration of Matthew Graeber, attached hereto as <u>Appendix 55</u>).

**FACTS RELATING TO ALL BLACK PLAINTIFFS: ROBERT HESS, MELISSA HESS,
<u>JAMES WALROD, TERESA WALROD, BRYAN YOUNG, AND JILL YOUNG</u>**

    17.  All Plaintiffs obtained mortgage loans from Ameriquest Mortgage Company.

(<u>Appendices 83-85</u>.)

    18.  This Court has subject matter jurisdiction under 28 U.S.C. Section 1331

(general federal question) and 1337 (interstate commerce) and 15 U.S.C. Section 1640 (Truth in

Lending Act). (<u>Appendices 83-85</u>.)

    19.  The loans were secured by mortgages on Plaintiffs' homes. (<u>Appendices 83-
85</u>.)

    20.  Plaintiffs used the loan proceeds to refinance their previous mortgage loans

on their homes. (<u>Appendices 83-85</u>.)

    21.  The payment schedule on the Truth-in-Lending Disclosure Statement

delivered to Plaintiffs at their closings do not explicitly state or disclose that payments under the loan

are due "monthly". (<u>Appendices 83-85</u>.)

    22.  The payment schedule on the Truth-in-Lending Statements do not explicitly

state the date of each month that payments are due.   (Appendices 83-85.)

23.     Defendant Ameriquest Mortgage Company does business in Illinois. (Appendices 83-85.)

24.     Ameriquest made more than 26 loans per  year.   (Appendices 83-85.)

### FACTS RELATING TO ECLG PLAINTIFF MARIE FURGESON

25.     Plaintiff Marie Furgeson owns and resided in a house at 2016 W. 14th St., Springfield, IL 62702.  (Deposition of Marie Furgeson, p. 10, lines 21-24, p. 11, line 1, relevant portions attached hereto as Appendix 1).

26.     On March 21, 2003, Ms. Furgeson obtained a $60,400 loan from Ameriquest Mortgage Company. (Answer to Plaintiff's Second Amended Complaint, ¶ 7, attached hereto as Appendix 2).

27.     Ms. Furgeson sent a notice of rescission on November 9, 2004.  (Appendix 4).

28.     Ameriquest has not rescinded Ms. Furgeson's loan.  (*See* Answer to Plaintiff's Second Amended Complaint, ¶ 16, attached hereto as Appendix 2).

29.     JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC is the current assignee of Ms. Furgeson's loan.  (Declaration of Michael J. Aschenbrener, attached hereto as Appendix 5, and letter dated January 8, 2009, attached hereto as Appendix 55).

### FACTS RELATING TO ECLG PLAINTIFFS
### SERGIO SALAZAR AND GUADALUPE SALAZAR

30.     Plaintiffs Sergio Salazar and Guadalupe Salazar own and reside in a house at 3800 Marshall Court, Bellwood, IL 60104.  (Declaration of Sergio Salazar and Guadalupe Salazar, attached hereto as Appendix 6).

14

31.     On May 28, 2002, Mr. Salazar and Ms. Salazar closed on a loan from Ameriquest Mortgage Company. (Answer to Plaintiffs' Third Amended Complaint, ¶ 14, attached hereto as Appendix 7).

32.     The Salazars sent a notice of rescission through DHL overnight delivery on December 23, 2004. (Declaration of Mila Novak, attached hereto as Appendix 9).

33.     Ameriquest has not rescinded the Salazars' loan.  (Answer to Plaintiffs' Third Amended Complaint, ¶ 37, attached hereto as Appendix 7).

34.     Deutsche Bank National Trust Company, N.A. is the current assignee of the Salazars' loan.  (Answer to Plaintiffs' Third Amended Complaint, ¶ 27, attached hereto as Appendix 7).

**FACTS RELATING TO ECLG PLAINTIFFS
ERIC SMITH AND GUILLERMINA YANONG**

35.     Plaintiffs Eric Smith and Guillermina Yanong own and reside in a house at 1844 South 60th Court, Cicero, Illinois 60804.  (Declaration of Eric Smith and Guillermina Yanong, attached hereto as Appendix 10).

36.     On February 20, 2002, Mr. Smith and Ms. Yanong obtained a $161,100 loan from Ameriquest Mortgage Company. (Ameriquest's Rule 26(a)(1) Disclosures, documents A-00005 through A-00025, attached hereto as Appendix 11, Ameriquest's Answer to Plaintiffs' Second Amended Complaint, ¶ 12, attached hereto as Appendix 12, and Deutsche Bank's Answer to Plaintiffs' Amended Complaint, ¶ 10, attached hereto as Appendix 13).

37.     Mr. Smith and Ms. Yanong sent a notice of rescission on January 28, 2005 (Appendix 15).

38.     Ameriquest has refused to rescind Mr. Smith and Ms. Yanong's loan.

15

(Appendix 16).

39.     Deutsche Bank National Trust Company, N.A. was the final assignee of

Mr. Smith and Ms. Yanong's loan.  (Deutsche Bank's Answer to Plaintiffs' Amended

Complaint, ¶ 12, hereto attached as Appendix 13).

40.     Mr. Smith and Ms. Yanong have since refinanced their loan again.

(Declaration of Eric Smith and Guillermina Yanong, attached hereto as Appendix 10).

### FACTS RELATING TO ECLG PLAINTIFFS
### NELSON JIMENEZ AND MELINDA JIMENEZ

41.     Plaintiffs Nelson Jimenez and Melinda Jimenez own and reside in a house

at 270 Lilac Drive, Romeoville, IL 60446.  (Deposition of Nelson Jimenez, p. 17, lines 21-24, p.

18, line 1, relevant portions attached hereto as Appendix 17, and Deposition of Melinda Jimenez,

p. 71, lines 13-15, relevant portions attached hereto as Appendix 18).

42.     On December 19, 2002, plaintiffs Nelson Jimenez and Melinda Jimenez

obtained a mortgage loan from  Ameriquest. (Answer to Plaintiffs' Complaint, ¶ 5, attached

hereto as Appendix 19).

43.     The Jimenezes sent a notice of rescission on January 28, 2005.  (Appendix

21).

44.     Ameriquest has not rescinded the Jimenezes' loan.  (*See* Deposition of

Nelson Jimenez, p. 163, lines 1-24, p. 164, lines 1-24, attached hereto as Appendix 17. Plaintiff

was still making payments and receiving statements, which demonstrates the loan had not been

rescinded at time of deposition.)

45.     JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC is

the current assignee of the Jimenezes' loan.  (Declaration of Michael J. Aschenbrener, attached

16

hereto as <u>Appendix 5</u>, and letter dated January 8, 2009, attached hereto as <u>Appendix 55</u>).

## FACTS RELATING TO ECLG PLAINTIFFS
## <u>GILBERT TREADWELL AND GENELLE TREADWELL</u>

46.     Plaintiffs Gilbert Treadwell and Genelle Treadwell own and reside in a house at 758 Kedvale, Chicago, IL 60624.  (Declaration of Gilbert Treadwell and Genelle Treadwell, attached hereto as <u>Appendix 22</u>).

47.     On October 23, 2002, plaintiffs Gilbert Treadwell and Genelle Treadwell obtained a mortgage loan from  Ameriquest. (Answer to Plaintiffs' Second Amended Complaint, ¶ 8, attached hereto as <u>Appendix 23</u>).

48.     The Treadwells sent a notice of rescission on February 3, 2005.  (<u>Appendix 25</u>).

49.     Ameriquest has refused to rescind the Treadwells' loan.  (<u>Appendix 26</u>).

50.     Deutsche Bank National Trust Company was the final assignee of the Treadwells' loan.  (Answer to Plaintiffs' Second Amended Complaint, ¶ 17, attached hereto as <u>Appendix 23</u>).

51.     The Treadwells have since refinanced their loan again.  (Declaration of Gilbert Treadwell and Genelle Treadwell, attached hereto as <u>Appendix 22</u>).

## <u>FACTS RELATING TO ECLG PLAINTIFF EARL KEY</u>

52.     Plaintiff Earl Key owns and resides in a house at 7900 S. Kimbark Avenue, Chicago, IL 60619.  (Declaration of Earl Key, attached hereto as <u>Appendix 27</u>).

53.     On May 18, 2002, plaintiff Earl Key obtained a mortgage loan from Ameriquest. (Answer to Plaintiff's Amended Complaint, ¶ 10, attached hereto as <u>Appendix 28</u>).

54.     Mr. Key sent a notice of rescission on February 3, 2005.  (<u>Appendix 30</u>).

17

55.     Ameriquest has refused to rescind Mr. Key's loan.  (Appendix 31).

56.     Deutsche Bank National Trust Company was the final assignee of Mr.

Key's loan.  (Answer to Plaintiffs' Amended Complaint, ¶ 13, attached hereto as Appendix 28).

57.     Mr. Key has since refinanced again.  (Declaration of Earl Key, attached

hereto as Appendix 27)

## FACTS RELATING TO ECLG PLAINTIFFS
## BRETT WERTEPNY AND YVONNE WERTEPNY

58.     Plaintiffs Brett Wertepny and Yvonne Wertepny own and reside in a home

at 2063 Craig Drive, Des Plaines, IL  60018.  (Deposition of Brett Wertepny, p. 4, lines 10-16,

relevant portions attached hereto as Appendix 32, and Depostion of Yvonne Wertepny, p. 12,

lines 5-24, p. 28, lines 1-24, relevant portions attached hereto as Appendix 33).

59.     On May 8, 2003, plaintiffs Brett Wertepny and Yvonne Wertepny obtained

a mortgage loan from Ameriquest. (Ameriquest's Rule 26(a)(1) Disclosures, documents A-00008

through A-00026, attached hereto as Appendix 34).

60.     The Wertepnys sent a notice of rescission on February 3, 2005.  (Appendix

36).

61.     Ameriquest has refused to rescind the Wertepnys' loan.  (Appendix 37).

62.     JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC was

the final assignee of the Wertepnys' loan.  (Declaration of Michael J. Aschenbrener, attached

hereto as Appendix 5, and letter dated January 8, 2009, attached hereto as Appendix 55).

63.     On March 23, 2006, the Wertepnys refinanced again.  (Satisfaction of

Mortgage by Ameriquest Mortgage Company and mortgage from the Wertepnys to U.S. Bank,

N.A., attached hereto as Appendix 38).

18

## FACTS RELATING TO ECLG PLAINTIFF CASTELLA WILLIAMS HARRIS

64.     Plaintiff Castella Williams Harris owns and resides in a home at 6922 S. Winchester, Chicago, IL 60636.  (Ameriquest's Rule 26(a)(1) Disclosures, documents A-0007 and A-0153, attached hereto as Appendix 39).

65.     On July 8, 2002, plaintiff Castella Williams Harris obtained a mortgage loan from Ameriquest. (Answer to Plaintiff's Amended Complaint, ¶ 11, attached hereto as Appendix 40, and Ameriquest's Rule 26(a)(1) Disclosures, documents A-0023 - A-0051, attached hereto as Appendix 39).

66.     Ms. Harris sent a notice of rescission on June 13, 2002.  (Appendix 41).

67.     Ameriquest has refused to rescind Ms. Harris's loan.  (Appendix 42).

68.     Deutsche Bank National Trust Company is the current assignee of Ms. Harris's loan.  (Answer to Plaintiffs' Amended Complaint, ¶ 13, attached hereto as Appendix 40).

## FACTS RELATING TO ECLG PLAINTIFF DELOIS MILLS

69.     Plaintiff Delois Mills owns and resides in a home at 12449 S. Elizabeth, Calumet Park, IL 60827.  (Ameriquest's Rule 26(a)(1) Disclosures, document A-00124, attached hereto as Appendix 43, and Declaration of Delois Mills, attached hereto as Appendix 44).

70.     On July 23, 2002, plaintiff Delois Mills and her late husband obtained a mortgage loan from Ameriquest. (Answer to Plaintiff's Second Amended Complaint, ¶ 8, attached hereto as Appendix 45).

71.     Ms. Mills sent a notice of rescission on June 13, 2002.  (Appendix 47).

72.     Ameriquest has refused to rescind Ms. Mills's loan.  (Answer to Plaintiff's Second Amended Complaint, ¶ 22, attached hereto as Appendix 45, and Appendix 48).

19

73.     Deutsche Bank National Trust Company is the current assignee of Ms. Mills's loan.  (Deutsche Bank's Answer to Plaintiffs' Amended Complaint, ¶ 14, attached hereto as <u>Appendix 46</u>).

### FACTS RELATING TO ECLG PLAINTIFFS<br>WILLIAM PINTSAK AND SANDRA PINTSAK

74.     Plaintiffs William Pintsak and Sandra Pintsak own and reside in a home at 2005 Allen Drive, Geneva, IL 60134.  (Declaration of William Pintsak and Sandra Pintsak, attached hereto as <u>Appendix 49</u>).

75.     On November 14, 2002, plaintiffs William Pintsak and Sandra Pintsak obtained a mortgage loan from Ameriquest. (Ameriquest's Answer to Plaintiffs' Amended Complaint, ¶¶ 10 and 12, attached hereto as <u>Appendix 50</u>).

76.     The Pintsaks sent a notice of rescission on August 8, 2005.  (<u>Appendix 53</u>).

77.     Ameriquest has refused to rescind the Pintsaks' loan.  (Ameriquest's Answer to Plaintiffs' Amended Complaint, ¶ 21, attached hereto as <u>Appendix 50</u>).

78.     JPMC Specialty Mortgage, LLC, f/k/a WM Specialty Mortgage, LLC is the current assignee of the Pintsaks' loan.  (WM Specialty's Answer to Plaintiffs' Second Amended Complaint, ¶¶ 18-19, attached hereto as <u>Appendix 54</u> and letter dated January 8, 2009, attached hereto as <u>Appendix 55</u>).

### FACTS RELATING TO CLG PLAINTIFFS<br>BENJAMIN R. BARBOZA AND MANUEL R. BARBOZA

79.     Plaintiffs Benjamin R. Barboza and Manuel R. Barboza own and resides in a house at 55 Cherry Hill Road, Norwich, CT 06360 which is their primary residence and was their primary residence on April 22, 2003. (Declaration of Benjamin R. Barboza and Manuel R.

Barboza, attached hereto as <u>Appendix 57</u>).

80.     On April 22, 2003, Benjamin R. Barboza and Manuel R. Barboza obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on their home at 55 Cherry Hill Road, Norwich, CT 06360 (<u>Appendix 57</u>).

81.     The mortgage loan of April 22, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (<u>Appendix 57</u>).

82.     At closing, Ameriquest Mortgage Company provided Benjamin R. Barboza and Manuel R. Barboza with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (<u>Appendix 57</u> and Truth in Lending Disclosure Statement attached thereto).

83.     Plaintiffs Benjamin R. Barboza and Manuel R. Barboza sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (Declaration of Matthew W. Graeber - Appendix L ¶ 7a).

84.     Plaintiffs Benjamin R. Barboza and Manuel R. Barboza still hold the mortgage loan of April 22, 2003 and have not yet paid it off (Appendix 57).

85.     Benjamin R. Barboza's and Manuel R. Barboza's April 22, 2003 loan was assigned to Deutsche Bank National Trust Company. (Declaration of Matthew W. Graeber, attached hereto as <u>Appendix 56. ¶5a</u>).

## FACTS RELATING TO CLG PLAINTIFFS
## <u>KENNETH F. SWEETEN, JR. AND ELIZABETH SWEETEN</u>

86.     Plaintiffs Kenneth F. Sweeten, Jr. and Elizabeth Sweeten own and reside in a house at 315 Knob Hill Drive, Hamden, CT 06518, which is their primary residence and was their primary residence on February 14, 2003. (Declaration of Kenneth F. Sweeten, Jr. and

Elizabeth Sweeten, attached hereto as <u>Appendix 58</u>).

87.    On February 14, 2003, Kenneth F. Sweeten, Jr. and Elizabeth Sweeten obtained a loan from Argent Mortgage Company that was secured by a mortgage on their home at 315 Knob Hill Drive, Hamden, CT 06518. (<u>Appendix 58</u>).

88.    The mortgage loan of February 14, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (<u>Appendix 58</u>).

89.    At closing, Argent Mortgage Company provided Kenneth F. Sweeten, Jr. and Elizabeth Sweeten with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (<u>Appendix 58</u> and Truth in Lending Disclosure Statement attached thereto).

90.    Plaintiffs Kenneth F. Sweeten, Jr. and Elizabeth Sweeten sent a timely notice of rescission to Argent Mortgage Company, but Argent Mortgage Company has not rescinded their loan. . (Declaration of Matthew W. Graeber - <u>Appendix 56</u> ¶ 7z).

91.    Kenneth F. Sweeten, Jr. and Elizabeth Sweeten have since paid off their mortgage loan by refinancing with a different lender. (<u>Appendix 58</u>).

92.    Kenneth F. Sweeten, Jr.'s and Elizabeth Sweeten's February 14, 2003 mortgage loan was assigned to Deutsche Bank National Trust Company. (Declaration of Matthew W. Graeber, attached hereto as <u>Appendix 56</u>).

### <u>FACTS RELATING TO CLG PLAINTIFFS MICHAEL OSTEN AND MARIA OSTEN</u>

93.    Plaintiffs Michael Osten and Maria Osten own and reside in a house at 13 Reynolds Street, Norwich, CT 06360, which is their primary residence and was their primary

residence on April 23, 2003. (Declaration of Michael Osten and Maria Osten, attached hereto as Appendix 59).

94.     On April 23, 2003, Michael Osten and Maria Osten obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage loan on their home at 13 Reynolds Street, Norwich, CT 06360. (Appendix 59).

95.     The mortgage loan of April 23, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction.

96.     At closing, Ameriquest Mortgage Company provided Michael Osten and Maria Osten with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 59 and Truth in Lending Disclosure Statement attached thereto).

97.     Plaintiffs Michael Osten and Maria Osten sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (Declaration of Matthew W. Graeber - Appendix 56 ¶ 7s).

98.     Michael Osten and Maria Osten have since paid off their mortgage loan of April 23, 2003 by refinancing with a different lender. (Appendix 59).

99.     Michael Osten's and Maria Osten's April 23, 2003 mortgage loan was assigned to Deutsche Bank National Trust Company. (Declaration of Matthew W. Graeber, attached hereto as Appendix 56, ¶5s).

## FACTS RELATING CLG PLAINTIFF CONSTANCE STRIPLING

100.    Plaintiff Constance Stripling owns and resides in a house at 100 Oswegatchie Road, Waterford, CT 06385, which is her primary residence and was her primary residence on May 23, 2003. (Declaration of Constance Stripling, attached hereto as Appendix 60).

101.    On May 23, 2003, Constance Stripling obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage loan on their home at 100 Oswegatchie Road, Waterford, CT 06385. (Appendix 60).

102.    The mortgage loan of May 23, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 60).

103.    At closing, Ameriquest Mortgage Company provided Constance Stripling with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 60 and Truth in Lending Disclosure Statement attached thereto).

104.    Plaintiff Constance Stripling sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded her loan. (¶ 7m Declaration of Matthew W. Graeber - Appendix 56).

105.    Plaintiff Constance Stripling has since paid off her mortgage loan of May 23, 2003 by refinancing with a different lender. (Appendix 60).

106.    Constance Stripling's May 23, 2003 mortgage loan was assigned to WM Specialty Mortgage, LLC. (¶ 7m of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

24

## FACTS RELATING TO CLG PLAINTIFF NADEJDA FOURNIER

107. Plaintiff Nadejda Fournier owns and resides in a house at 144 Hoadley Street, Naugatuck, CT, 06770, which is her primary residence and was her primary residence as of April 3, 2003. (Declaration of Nadejda Fournier, attached hereto as <u>Appendix 61</u>).

108. On April 3, 2003, Nadejda Fournier obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage loan on their home at 144 Hoadley Street, Naugatuck, CT, 06770. (<u>Appendix 61</u>).

109. The mortgage loan of April 3, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (<u>Appendix 61</u>).

110. At closing, Ameriquest Mortgage Company provided Nadejda Fournier with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (<u>Appendix 61</u> and Truth in Lending Disclosure Statement attached thereto).

111. Plaintiff Nadine Fournier sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded her loan. (¶ 7k of Declaration of Matthew W. Graeber - <u>Appendix 56</u>).

112. Plaintiff Nadejda Fournier has since paid off her mortgage loan of April 3, 2003 by refinancing with a different lender. (<u>Appendix 61</u>).

113. Plaintiff Nadejda Fournier's mortgage loan of April 3, 2003 was assigned to Deutsche Bank National Trust Company. ( ¶5k of Declaration of Matthew W. Graeber, attached hereto as <u>Appendix 56</u>).

## FACTS RELATING TO CLG PLAINTIFF TIMOTHY LEHAN

114. Plaintiff Timothy Lehan owns and resides in a house at 37 Cook Street, Manchester, CT 06040, which is his primary residence and was his primary residence on June 24, 2003. (Declaration of Timothy Lehan, attached hereto as Appendix 62).

115. On June 24, 2003, Timothy Lehan obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on his home at 37 Cook Street, Manchester, CT 06040. (Appendix 62).

116. The mortgage loan of June 24, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 62).

117. At closing, Ameriquest Mortgage Company provided Timothy Lehan with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 62 and Truth in Lending Disclosure Statement attached thereto).

118. Plaintiff Timothy Lehan sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded his loan. (¶ 7p of Declaration of Matthew W. Graeber - Appendix 56).

119. Plaintiff Timothy Lehan still holds the mortgage loan of June 24, 2003 and has not yet paid it off. (Appendix 62).

120. Plaintiff Timothy Lehan's mortgage loan of June 24, 2003 was assigned to Deutsche Bank National Trust Company. (¶5p of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

## FACTS RELATING TO CLG PLAINTIFF ROBERT A. MURO

121.    Plaintiff Robert A. Muro owns and resides in a house at 18 Kimberly Drive, Manchester, CT 06040, which is his primary residence and was his primary residence on May 16, 2003.  (Declaration of Robert Muro, attached hereto as <u>Appendix 63</u>).

122.    On May 16, 2003, Robert A. Muro obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on his home at 18 Kimberly Drive, Manchester, CT 06040. (<u>Appendix 63</u>).

123.    The mortgage loan of May 16, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (<u>Appendix 63</u>).

124.    At closing, Ameriquest Mortgage Company provided Robert A. Muro with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (<u>Appendix 63</u> and Truth in Lending Disclosure Statement attached thereto).

125.    Plaintiff Robert A. Muro sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded his loan. (¶ 7x of Declaration of Matthew W. Graeber - <u>Appendix 56</u>).

126.    Plaintiff Robert A. Muro has since paid off his mortgage loan of May 16, 2003 by refinancing with a different lender. (<u>Appendix 63</u>).

127.    Plaintiff Robert A. Muro's mortgage loan of June 24, 2003 was assigned to Deutsche Bank National Trust Company. (¶5x of Declaration of Matthew W. Graeber, attached hereto as <u>Appendix 56</u>).

27

## FACTS RELATING TO CLG PLAINTIFFS
## MARK A. ROBERTS AND NANCY I.E. ROBERTS

128.    Plaintiffs Mark A. Roberts and Nancy I.E. Roberts own and reside in a house at 8 Eagle Ridge Drive, Ledyard, CT 06335, which is their primary residence and was their primary residence on May 21, 2003. (Declaration of Mark A. Roberts and Nancy I.E. Roberts, attached hereto as Appendix 64).

129.    On May 21, 2003, Mark A. Roberts and Nancy I.E. Roberts obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on their home at 8 Eagle Ridge Drive, Ledyard, CT 06335. (Appendix 64).

130.    The mortgage loan of May 21, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 64).

131.    At closing, Ameriquest Mortgage Company provided Mark A. Roberts and Nancy I.E. Roberts with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 64 and Truth in Lending Disclosure Statement attached thereto).

132.    Plaintiffs Mark A. Roberts and Nancy I.E. Roberts sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (Declaration of Matthew W. Graeber - Appendix 56 ¶ 7t).

133.    Plaintiffs Mark A. Roberts and Nancy I.E. Roberts have since paid off their mortgage loan of May 21, 2003 by refinancing with a different lender. (Appendix 64).

134.    Plaintiffs Mark A. Roberts and Nancy I.E. Roberts May 21, 2003 mortgage loan was assigned to WM Specialty Mortgage, LLC. (Declaration of Matthew W. Graeber, attached hereto as Appendix 56 ¶5t).

28

## FACTS RELATING TO CLG PLAINTIFF NADINE ROBINSON

135.     Plaintiff Nadine Robinson owns and resides in a house at 18 Lattanzi Street, West Haven, CT 06516, which is her primary residence and was her primary residence on April 4, 2003. (Declaration of Nadine Robinson, attached hereto as Appendix 65).

136.     On April 4, 2003, Plaintiff Nadine Robinson obtained a loan from Argent Mortgage Company that was secured by a mortgage on her home at 18 Lattanzi Street, West Haven, CT 06516. (Appendix 65).

137.     The mortgage loan of April 4, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 65). I.At closing, Argent Mortgage Company provided Nadine Robinson with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 65 and Truth in Lending Disclosure Statement attached thereto).

138.     Plaintiff Nadine Robinson sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded her loan. (¶ 7y of Declaration of Matthew W. Graeber - Appendix 56).

139.     Plaintiff Nadine Robinson has since paid off their mortgage loan of April 4, 2003 by refinancing with a different lender. (Appendix 65).

140.     Plaintiff Nadine Robinson's April 4, 2003 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶6a of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

## FACTS RELATING TO CLG PLAINTIFFS
## KELLY STEINMILLER AND GARY W. STEINMILLER

141.     Plaintiffs Kelly Steinmiller and Gary W. Steinmiller own and reside in a house at 13 Cards Mill Road, Columbia, CT 06237, which is their primary residence and was their primary residence on March 21, 2003. (Declaration of Kelly Steinmiller and Gary W. Steinmiller, attached hereto as Appendix 66).

142.     On March 21, 2003, Kelly Steinmiller and Gary W. Steinmiller obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on their home at 13 Cards Mill Road, Columbia, CT 06237. (Appendix 66).

143.     The mortgage loan of March 21, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 66).

144.     At closing, Ameriquest Mortgage Company provided Kelly Steinmiller and Gary W. Steinmiller with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 66 and Truth in Lending Disclosure Statement attached thereto).

145.     Plaintiffs Kelly Steinmiller and Gary W. Steinmiller sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (¶ 7u of Declaration of Matthew W. Graeber - Appendix 56).

146.     Plaintiffs Kelly Steinmiller and Gary W. Steinmiller have since paid off their mortgage loan of March 21, 2003 by refinancing with a different lender. (Appendix 66).

147.     Plaintiffs Kelly Steinmiller's and Gary W. Steinmiller's March 21, 2003 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶5u of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

30

**FACTS RELATING TO CLG PLAINTIFFS KYLE JONES AND KATHLEEN P. JONES**

148.    Plaintiffs Kyle Jones and Kathleen P. Jones own and reside in a house at 12 Caulkins Road, Norwich, CT 06360, which is their primary residence and was their primary residence on April 23, 2003. (Declaration of Kyle Jones and Kathleen P. Jones, attached hereto as Appendix 67).

149.    On April 23, 2003, Kyle Jones and Kathleen P. Jones obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on their home at 12 Caulkins Road, Norwich, CT 06360. (Appendix 67).

150.    The mortgage loan of April 23, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 67).

151.    At closing, Ameriquest Mortgage Company provided Kyle Jones and Kathleen P. Jones with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 67 and Truth in Lending Disclosure Statement attached thereto).

152.    Plaintiffs Kyle Jones and Kathleen P. Jones sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (¶ 7f of Declaration of Matthew W. Graeber - Appendix 56).

153.    Plaintiffs Kyle Jones and Kathleen P. Jones still hold their April 23, 2003 mortgage loan and have not yet paid it off.

154.    Plaintiffs Kyle Jones' and Kathleen P. Jones' April 23, 2003 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶5f Declaration of Matthew W. Graeber, attached hereto as Appendix 56)

31

### FACTS RELATING TO CLG PLAINTIFF SAMUEL GREENE, JR.

155.    Plaintiff Samuel Greene, Jr. owns and resides in a house at 89 Mapleton Street, Hartford, CT 06114, which is his primary residence and was his primary residence on March 14, 2003. (Declaration of Samuel Greene, Jr., attached hereto as <u>Appendix 68</u>).

156.    On March 14, 2003, Samuel Greene, Jr. obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on his home at 89 Mapleton Street, Hartford, CT 06114. (<u>Appendix 68</u>).

157.    The mortgage loan of March 14, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (<u>Appendix 68</u>).

158.    At closing, Ameriquest Mortgage Company provided Samuel Greene, Jr. with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (<u>Appendix 68</u> and Truth in Lending Disclosure Statement attached thereto).

159.    Plaintiff Samuel Greene, Jr. sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded his loan. (¶ 7r of Declaration of Matthew W. Graeber - <u>Appendix 56</u>).

160.    Plaintiff Samuel Greene, Jr. has since paid off his mortgage loan of March 14, 2003 by refinancing with a different lender. (<u>Appendix 68</u>).

161.    Plaintiff Samuel Greene, Jr.'s March 14, 2003 mortgage loan was assigned to WM Specialty Mortgage, LLC. (¶5r of Declaration of Matthew W. Graeber, attached hereto as <u>Appendix 56</u>).

## FACTS RELATING TO CLG PLAINTIFF WILLIE MAE CUE

162.    Plaintiff Willie Mae Cue owns and resides in a house at 90 Willis Street, New Haven, CT 06511, which is his primary residence and was his primary residence on December 13, 2002. (Declaration of Willie Mae Cue, attached hereto as Appendix 69).

163.    On December 13, 2002, Willie Mae Cue obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on his home at 90 Willis Street, New Haven, CT 06511. (Appendix 69).

164.    The mortgage loan of December 13, 2002 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 69).

165.    At closing, Ameriquest Mortgage Company provided Willie Mae Cue with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 69 and Truth in Lending Disclosure Statement attached thereto).

166.    Plaintiff Willie Mae Cue sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded his loan. (¶ 7h of Declaration of Matthew W. Graeber - Appendix 56).

167.    Plaintiff Willie Mae Cue has since paid off his mortgage loan of December 13, 2002 by refinancing with a different lender. (Appendix 69).

168.    Plaintiff Willie Mae Cue's December 13, 2002 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶5h of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

## FACTS RELATING TO CLG PLAINTIFF LORRAINE SIBLEY

169.    Plaintiff Lorraine Sibley owns and resides in an apartment at 53 Brushey Plain Road, Apt. 2C, Branford, CT 06405, which is her primary residence and was her primary residence on June 20, 2003. (Declaration of Lorraine Sibley, attached hereto as <u>Appendix 70</u>).

170.    On June 20, 2003, Lorraine Sibley obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on her residence at 53 Brushey Plain Road, Apt. 2C, Branford, CT 06405. (<u>Appendix 70</u>).

171.    The mortgage loan of June 20, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (<u>Appendix 70</u>).

172.    At closing, Ameriquest Mortgage Company provided Lorraine Sibley with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (<u>Appendix 70</u> and Truth in Lending Disclosure Statement attached thereto).

173.    Plaintiff Lorraine Sibley sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded her loan. (¶ 7l of Declaration of Matthew W. Graeber - <u>Appendix 56</u>).

174.    Plaintiff Lorraine Sibley has since paid off her mortgage loan of June 20, 2003 by refinancing with a different lender. (<u>Appendix 70</u>).

175.    Plaintiff Lorraine Sibley's June 20, 2003 mortgage loan was mortgage loan was assigned to WM Specialty Mortgage, LLC. (¶5l of Declaration of Matthew W. Graeber, attached hereto as <u>Appendix 56</u>).

## FACTS RELATING TO CLG PLAINTIFFS AVALON CADETTE AND SELMA CADETTE

176.    Plaintiffs Avalon Cadette and Selma Cadette own and reside in a house at 147-23 229th Street, Springfield Gardens, NY 11413, which is their primary residence and was their primary residence on July 17, 2002. (Declaration of Avalon Cadette and Selma Cadette, attached hereto as Appendix 71).

177.    On July 17, 2002, Avalon Cadette and Selma Cadette obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on their house at 147-23 229th Street, Springfield Gardens, NY 11413. (Appendix 71).

178.    The mortgage loan of July 17, 2002 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 71).

179.    At closing, Ameriquest Mortgage Company provided Avalon Cadette and Selma Cadette with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 71 and Truth in Lending Disclosure Statement attached thereto).

180.    Plaintiffs Avalon Cadette and Selma Cadette sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (¶ 7v of Declaration of Matthew W. Graeber - Appendix 56).

181.    Plaintiffs Avalon Cadette and Selma Cadette have since paid off their mortgage loan of July 17, 2002 by refinancing with a different lender. (Appendix 71).

182.    The July 17, 2002 mortgage loan of Avalon Cadette and Selma Cadette was assigned to Deutsche Bank National Trust Company. (¶5v Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

35

## FACTS RELATING TO CLG PLAINTIFF SALLIE L. BOOTH

183.     Plaintiff Sallie L. Booth owns and resided in a house at 12 Cedar Grove, New London, CT 06320, which is their primary residence and was her primary residence on February 24, 2003. (Declaration of Sallie L. Booth, attached hereto as Appendix 72).

184.     On February 24, 2003, Sallie L. Booth obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on her home at 12 Cedar Grove, New London, CT 06320. (Appendix 72).

185.     The mortgage loan of February 24, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 72).

186.     At closing, Ameriquest Mortgage Company provided Sallie L. Booth with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 72 and Truth in Lending Disclosure Statement attached thereto).

187.     Plaintiff Sallie L. Booth sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded her loan. (¶ 7b of Declaration of Matthew W. Graeber - Appendix 56).

188.     Plaintiff Sallie L. Booth has since paid off her mortgage loan of February 24, 2003 by refinancing with a different lender.

189.     Sallie L. Booth's February 24, 2003 mortgage loan was assigned to WM Specialty Mortgage, LLC. (¶5b of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

36

## FACTS RELATING TO CLG PLAINTIFFS
## DENNIS A. HOLMES AND BRENDA L. HOLMES

190.    Plaintiffs Dennis A. Holmes and Brenda L. Holmes own and resided in a house at 337 Water Street, Canterbury, CT 06331, which is their primary residence and was their primary residence on February 11, 2003. (Declaration of Dennis A. Holmes and Brenda L. Holmes, attached hereto as Appendix 73).

191.    On February 11, 2003, Dennis A. Holmes and Brenda L. Holmes obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on their home at 337 Water Street, Canterbury, CT 06331. (Appendix 73).

192.    The mortgage loan of February 11, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 73).

193.    At closing, Ameriquest Mortgage Company provided Dennis A. Holmes and Brenda L. Holmes with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 73 and Truth in Lending Disclosure Statement attached thereto).

194.    Plaintiffs Dennis A. Holmes and Brenda L. Holmes sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (¶ 7g of Declaration of Matthew W. Graeber - Appendix 56).

195.    Plaintiffs Dennis A. Holmes and Brenda L. Holmes have since paid off their mortgage loan of February 11, 2003 by refinancing with a different lender. (Appendix 73).

196.    Dennis A. Holmes' and Brenda L. Holmes' February 11, 2003 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶5g of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

37

**FACTS RELATING TO CLG PLAINTIFFS**
**NICHOLAS E. GRIFFIN AND ANN M. GRIFFIN**

197.    Plaintiffs Nicholas E. Griffin and Ann M. Griffin own and resided in a house at 46 Burke Street, Hamden, CT 06514, which is their primary residence and was their primary residence on June 21, 2003. (Declaration of Nicholas E. Griffin and Ann M. Griffin, attached hereto as Appendix 74).

198.    On June 21, 2003, Nicholas E. Griffin and Ann M. Griffin obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on their home at 46 Burke Street, Hamden, CT 06514.  (Appendix 74).

199.    The mortgage loan of June 21, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 74).

200.    At closing, Ameriquest Mortgage Company provided Nicholas E. Griffin and Ann M. Griffin with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 74 and Truth in Lending Disclosure Statement attached thereto).

201.    Plaintiffs Nicholas E. Griffin and Ann M. Griffin sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (¶ 7j of Declaration of Matthew W. Graeber - Appendix 56).

202.    Plaintiffs Nicholas E. Griffin and Ann M. Griffin have since paid off their mortgage loan of June 21, 2003 by refinancing with another lender (Appendix 74).

203.    Nicholas E. Griffin's and Ann M. Griffin's June 21, 2003 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶5j of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

38

## FACTS RELATING TO CLG PLAINTIFFS
## <u>JOHN W. IWANCZENKO, SR AND MARYANN E. IWANCZENKO</u>

204. Plaintiffs John W. Iwanczenko, Sr. and Maryann E. Iwanczenko own and resided in a house at 94 Mill Lane, Salem, CT 06420, which is their primary residence and was their primary residence on January 15, 2003. (Declaration of John W. Iwanczenko, Sr. and Maryann E. Iwanczenko, attached hereto as <u>Appendix 75</u>).

205. On January 15, 2003, John W. Iwanczenko, Sr. and Maryann E. Iwanczenko obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on their home at 94 Mill Lane, Salem, CT 06420. (<u>Appendix 75</u>).

206. The mortgage loan of January 15, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (<u>Appendix 75</u>).

207. At closing, Ameriquest Mortgage Company provided John W. Iwanczenko, Sr. and Maryann E. Iwanczenko with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (<u>Appendix 75</u> and Truth in Lending Disclosure Statement attached thereto).

208. Plaintiffs John W. Iwanczenko, Sr. and Maryann E. Iwanczenko sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (¶ 7e of Declaration of Matthew W. Graeber - <u>Appendix 56</u>).

209. Plaintiffs John W. Iwanczenko, Sr. and Maryann E. Iwanczenko have since paid off their mortgage loan of January 15, 2003 by refinancing with another lender. (<u>Appendix 75</u>).

210. Plaintiffs John W. Iwanczenko, Sr.'s and Maryann E. Iwanczenko's January 15, 2003 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶5e of Declaration of Matthew W. Graeber, attached hereto as <u>Appendix 56</u>).

## FACTS RELATING TO CLG PLAINTIFFS
## RICHARD F. HACK, JR AND DENISE L. HACK

211.    Plaintiffs Richard F. Hack, Jr. and Denise L. Hack owned and resided in a house at 34 Harding Avenue, Newington, CT 06111, which was their primary residence on December 24, 2002. (Declaration of Richard F. Hack, Jr and Denise L. Hack, attached hereto as Appendix 76).

212.    On December 24, 2002, Richard F. Hack, Jr. and Denise L. Hack obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on their home at 34 Harding Avenue, Newington, CT 06111.  (Appendix 76).

213.    The mortgage loan of December 24, 2002 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 76).

214.    At closing, Ameriquest Mortgage Company provided Richard F. Hack, Jr. and Denise L. Hack with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 76 and Truth in Lending Disclosure Statement attached thereto).

215.    Plaintiffs Richard F. Hack, Jr. and Denise L. Hack sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (¶ 7q of Declaration of Matthew W. Graeber - Appendix 56).

216.    Plaintiffs Richard F. Hack, Jr. and Denise L. Hack have since paid off the December 24, 2002 mortgage loan. (Appendix 76).

217.    Plaintiffs Richard F. Hack, Jr.'s and Denise L. Hack's December 24, 2002 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶5q of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

## FACTS RELATING TO CLG PLAINTIFF MICHAEL OLYNCIW

218.    Plaintiff Michael Olynciw owns and resided in a house at 119 Ledyard Street, New London, CT 06320, which is his primary residence and was his primary residence on November 13, 2002. (Declaration of Michael Olynciw, attached hereto as Appendix 77).

219.    On November 13, 2002, Michael Olynciw obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on his home at 119 Ledyard Street, New London, CT 06320.  (Appendix 77).

220.    The mortgage loan of November 13, 2002 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 77).

221.    At closing, Ameriquest Mortgage Company provided Michael Olynciw with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 77 and Truth in Lending Disclosure Statement attached thereto).

222.    Plaintiff Michael Olynciw sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded his loan. (¶ 7c of Declaration of Matthew W. Graeber - Appendix 56).

223.    Plaintiff Michael Olynciw has since paid of his November 13, 2002 mortgage loan by refinancing with another lender. (Appendix 77).

224.    Plaintiff Michael Olynciw's November 13, 2002 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶5c of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

41

## FACTS RELATING TO CLG PLAINTIFF ISMAEL VEGA

225.    Plaintiff Ismael Vega owns and resided in a house at 139-22 232nd Street, Laurelton, NY 11413, which is his primary residence and was his primary residence on May 22, 2003. (Declaration of Ismael Vega, attached hereto as Appendix 78).

226.    On May 22, 2003, Ismael Vega obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on his home at 139-22 232nd Street, Laurelton, NY 11413. (Appendix 78).

227.    The mortgage loan of May 22, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 78).

228.    At closing, Ameriquest Mortgage Company provided Ismael Vega with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 78 and Truth in Lending Disclosure Statement attached thereto).

229.    Plaintiff Ismael Vega sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded his loan. (¶ 7w of Declaration of Matthew W. Graeber - Appendix 56).

230.    Plaintiff Ismael Vega has since paid off his May 22, 2003 mortgage loan by refinancing with a different lender. (Appendix 78).

231.    Plaintiff Ismael Vega's May 22, 2003 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶5w of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

## FACTS RELATING TO CLG PLAINTIFFS LISA POTTER AND JOHN POTTER

232.    Plaintiffs Lisa Potter and John Potter own and resided in a house at 46 Alger Place, New London, CT 06320, which was their primary residence on May 14, 2003. (Declaration of Lisa Potter and John Potter, attached hereto as Appendix 79).

233.    On May 14, 2003, Plaintiffs Lisa Potter and John Potter obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on their home at 46 Alger Place, New London, CT 06320. (Appendix 79).

234.    The mortgage loan of May 14, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 79).

235.    At closing, Ameriquest Mortgage Company provided Lisa Potter and John Potter with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the loan are due "monthly." (Appendix 79 and Truth in Lending Disclosure Statement attached thereto).

236.    Plaintiffs Lisa Potter and John Potter sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (¶7d of Declaration of Matthew W. Graeber – Appendix 56).

237.    Plaintiffs Lisa Potter and John Potter have since paid off the May 14, 2003 mortgage loan by refinancing with a different lender. (Appendix 79).

238.    Plaintiffs Lisa Potter's and John Potter's  May 14, 2003 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶5d of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

**FACTS RELATING TO CLG PLAINTIFFS DAVID M. SULLIVAN AND DRUCIE BATHIN**

239.    Plaintiffs David M. Sullivan and Drucie Bathin owned and resided in a house at 62 Bloomingdale Road, Waterford, CT 06385, which was their primary residence on April 8, 2003. (Declaration of David M. Sullivan and Drucie Bathin, attached hereto as Appendix 80).

240.    On April 8, 2003, David M. Sullivan and Drucie Bathin obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on their home at 62 Bloomingdale Road, Waterford, CT 06385. (Appendix 80).

241.    The mortgage loan of April 8, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (Appendix 80).

242.    At closing, Ameriquest Mortgage Company provided David M. Sullivan and Drucie Bathin with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the are due "monthly." (Appendix 80 and Truth in Lending Disclosure Statement attached thereto).

243.    Plaintiffs David M. Sullivan and Drucie Bathin sent a timely notice rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (¶7n of Declaration of Matthew W. Graeber – Appendix 56).

244.    Plaintiffs David M. Sullivan and Drucie Bathin have since paid off the April 8, 2003 mortgage loan by the sale of their home. (Appendix 80).

245.    Plaintiffs David M. Sullivan's and Drucie Bathin's April 8, 2003 mortgage loan was assigned to Deutsche Bank National Trust Company. (¶5n of Declaration of Matthew W. Graeber, attached hereto as Appendix 56).

44

**FACTS RELATING TO CLG PLAINTIFFS**
**EDWARD J. KOBIALKA AND RUTH E. KOBIALKA**

246.    Plaintiffs Edward J. Kobialka and Ruth E. Kobialka owned and resided in a house at 381 Lloyd Street, Newington, CT 06111 on November 20, 2002.  (Appendix 81).

247.    On November 20, 2002, Edward J. Kobialka and Ruth E. Kobialka obtained a loan from Ameriquest Mortgage Company that was secured by their home at 381 Lloyd Street, Newington, CT 06111.  (Appendix 81).

248.    The mortgage loan of November 20, 2002 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction.  (Appendix 81).

249.    At closing, Ameriquest Mortgage Company provided Edward J. Kobialka and Ruth E. Kobialka with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the are due "monthly." (Appendix 81 and Truth in Lending Disclosure Statement attached thereto).

250.    Plaintiffs Edward J. Kobialka and Ruth E. Kobialka sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (¶7o of Declaration of Matthew W. Graeber – Appendix 56).

251.    Plaintiffs Edward J. Kobialka's and Ruth E. Kobialka's November 20, 2002 mortgage loan was assigned to WM Specialty Mortgage, LLC. (¶5o of Declaration of Matthew W. Graeber – Appendix 56).

**FACTS RELATING TO CLG PLAINTIFF SIMON A. DELL**

252.    Plaintiff Simon A. Dell owned and resided in a house located at 112 Elliot Drive, Colchester, CT 06415.  (Declaration of Simon A. Dell, attached hereto as Appendix 82).

45

253.     On July 3, 2003, Simon A. Dell obtained a loan from Ameriquest Mortgage Company that was secured by a mortgage on his home at 112 Elliot Drive, Colchester, CT 06415. (<u>Appendix 82</u>).

254.     The mortgage loan of July 3, 2003 was entered into for the purpose of refinancing an existing loan, and not for original purchase or construction. (<u>Appendix 82</u>).

255.     At closing, Ameriquest Mortgage Company provided Simon A. Dell with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the are due "monthly." (<u>Appendix 82</u> and Truth in Lending Disclosure Statement attached thereto).

256.     Plaintiff Simon A. Dell sent a timely notice of rescission to Ameriquest Mortgage Company, but Ameriquest Mortgage Company has not rescinded their loan. (¶7i of Declaration of Matthew W. Graeber – <u>Appendix 56</u>).

257.     Plaintiff Simon A. Dell has since paid off his July 3, 2003 mortgage loan by refinancing with a different lender. (<u>Appendix 82</u>).

258.     Plaintiff Simon A. Dell's mortgage loan was assigned to WM Specialty Mortgage, LLC. (¶5i of Declaration of Matthew W. Graeber – <u>Appendix 56</u>).

### <u>FACTS RELATING TO BLACK PLAINTIFFS ROBERT AND MELISSA HESS</u>

259.     Plaintiffs Robert and Melissa Hess own and reside in a house at 2637 Kalmbach Road, Grass Lake, Michigan 49240.  (<u>Appendix 83</u>).

260.     Prior to February 17, 2003, Plaintiffs applied for a re-finance loan with Ameriquest Mortgage Company for purposes of paying off an existing  land contract, and for personal use.  (<u>Appendix 83</u>).

261.     At closing, Ameriquest Mortgage Company provided Robert Hess and Melissa

46

Hess with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the are due "monthly." (Appendix 83 and Truth in Lending Disclosure Statement attached thereto).

262.    The Plaintiffs sent a notice of rescission letter to Ameriquest , however, to date the loan has not been rescinded.  (Appendix 83).

263.    Plaintiffs filed this lawsuit against Ameriquest on January 25, 2008. (Appendix 83).

264.    Plaintiffs believe the current servicer of the loan is Deutsche Bank National Trust.

## FACTS RELATING TO BLACK PLAINTIFFS JAMES AND TERESA WALROD

265.    Plaintiffs James and Teresa Walrod own and reside in a house at 1201 Meadowbrook Street, Ann Arbor, Michigan 48103.  (Appendix 84).

266.    Prior to June 5, 2002, Plaintiffs applied for a fixed rate mortgage with Ameriquest Mortgage Company.  (Appendix 84).

267.    At closing, Ameriquest Mortgage Company provided James and Teresa Walrod with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the are due "monthly." (Appendix 84 and Truth in Lending Disclosure Statement attached thereto).

268.    The loan was initially set to close on June 5, 2002 and after rescheduling several times, the loan finally closed on July 16, 2002.  (Appendix 84).

269.    The Plaintiffs sent a notice of rescission letter to Ameriquest , however, to date the loan has not been rescinded.  (Appendix 84).

270.     On December 12, 2007, Plaintiffs filed this lawsuit against Ameriquest. (<u>Appendix 84</u>).

271.     Plaintiffs believe the current servicer of the loan is Deutsche Bank National Trust.  (<u>Appendix 84</u>).

## <u>FACTS RELATING TO BLACK PLAINTIFFS BRYAN AND JILL YOUNG</u>

272.     Plaintiffs Bryan and Jill Young own and reside in a house at 1431 East Gordonville, Midland, Michigan 48640.  (<u>Appendix 85</u>).

273.     Prior to April 24, 2003, Plaintiffs applied for a fixed rate mortgage with Ameriquest Mortgage Company, being offered a 6.5%, 30 year fixed rate mortgage.  (<u>Appendix 85</u>).

274.     At closing, Ameriquest Mortgage Company provided Bryan and Jill Young with a Truth in Lending Disclosure Statement that did not explicitly state or disclose that payments under the are due "monthly." (<u>Appendix 85</u> and Truth in Lending Disclosure Statement attached thereto).

275.     The Plaintiffs sent a notice of rescission letter to Ameriquest , however, to date the loan has not been rescinded.  (<u>Appendix 85</u>).

276.     On December 3, 2007,  Plaintiffs filed this lawsuit against Ameriquest. (<u>Appendix 85</u>).

277.     Plaintiffs believe the current servicer of the loan is Deutsche Bank National Trust.  (<u>Appendix 85</u>).

Respectfully submitted,

<u>s/ Catherine A. Ceko</u>
Catherine A. Ceko

48

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN,  LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Catherine A. Ceko, hereby certify that on October 20, 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  Notice will also be sent by U.S. Mail to parties that do not have access to the Court's electronic filing system.

s/ Catherine A. Ceko
Catherine A. Ceko

*Attorneys for Plaintiffs*
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

49