# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | (Centralized before The Honorable Marvin E. Aspen) |

THIS DOCUMENT RELATES TO THE
FOLLOWING INDIVIDUAL ACTIONS:

*Furgeson v. Ameriquest Mortg. Co. et al., 04-cv-7627,*
*Salazar v. Ameriquest Mortg. Co. et al., 05-cv-4162,*
*Smith v. Ameriquest Mortg. Co. et al., 05-cv-648,*
*Jimenez v. Ameriquest Mortg. Co. et al., 05-cv-1009,*
*Treadwell v. Ameriquest Mortg. Co. et al., 05-cv-1078,*
*Key v. Ameriquest Mortg. Co. et al., 05-cv-1077,*
*Wertepny v. Ameriquest Mortg. Co. et al., 05-cv-1402,*
*Harris v. Ameriquest Mortg. Co. et al., 05-cv-4025,*
*Mills v. Ameriquest Mortg. Co. et al., 05-cv-3976 and,*
*Pintsak v. Ameriquest Mortg. Co. et al., 05-cv-5035.*
*Barboza, et al. v. Ameriquest Mortg. Co., 06 cv 3125,*
*Olynciw, et al. v. Ameriquest Mortg. Co., 06 cv 2467,*
*Cue, et al. v. Ameriquest Mortg. Co., 06 cv 2468,*
*Sullivan, et al. v. Ameriquest Mortg. Co., 06 cv 2471,*
*Greene, et al. v. Ameriquest Mortg. Co., 06 cv 1733,*
*Osten, et al. v. Ameriquest Mortg. Co., 06 cv 4032,*
*Steinmiller v. Ameriquest Mortg. Co., 06 cv 2469,*
*Sweeten v. Argent Mortg. Co., LLC, 06 cv 2470,*
*Robinson v. Argent Mortg. Co., LLC, 06 cv 3126,*
*Cadette v. Ameriquest Mortg. Co., 06 cv 6753,*
*Vega v. Ameriquest Mortg. Co., 06 cv 129,*
*Hess v. Ameriquest Mortg.Co. 08 cv 01858*
*Walrod V. Ameriquest Morg. Co. 08 cv 00742, and*
*Young v. Ameriquest Mortg. Co. 08 cv 00741*

## MOTION TO STRIKE CERTAIN OPT-OUT PLAINTIFFS' SUMMARY JUDGMENT MOTION

### I.     INTRODUCTION

For the second time, a small group of plaintiffs filed a consolidated Motion for Summary

Judgment (the "Motion") (Dkts. 3170, 3171 and 3172) with the obvious strategy of attempting to

gain an advantage at the upcoming mediation of the opt-out claims.  (Exs. 1 and 2, Dkts. 2933

1

and 3077, respectively). Once again, the Motion is improper and requires an analysis of numerous individual factual issues and only applies to a relatively small number of opt-out plaintiffs, 39 of approximately 1600.

As the Court explained the last time the same motion was filed by 15 Opt-Out Plaintiffs, Opt-Out Plaintiffs are "limited to filing summary judgment motions based on purely legal, global issues only." (Ex. 3, Dkt. 2553 (12/12/08 Minute Order; Ex. 4, Transcript of 12/19/08 Hearing at 16:1-24, 18:2-7)). At that time the Court granted the Opt-Out Plaintiffs 45 days to reevaluate whether to re-file virtually the same Motion and until earlier this week, the Motion was seemingly dropped. Accordingly, Defendants withdrew their deposition notices and accompanying document requests directed at the factual predicates for the Motion.

In September 2009 all of the parties, including the Opt-Out Plaintiffs, agreed to a scheduling order and agreed to limit discovery to an informal exchange of documents to facilitate mediation. (Ex. 2, Dkt. 3077, Joint Discovery Plan and Proposed Scheduling Order). The small number of Opt-Out Plaintiffs who filed the Motion have ignored the Court's admonitions to (1) file "summary judgments based on purely legal, global issues only", (2) to "file all such motions jointly" after all Opt-Out Plaintiffs "coordinate among themselves" and (3) that "if a particular motion is filed prematurely, it shall be denied." (Ex. 3, Dkt. 2553). Because the Motion ignores the Court's explicit directions and the parties' recent agreement to defer discovery pending mediation, it should be stricken. The parties can then concentrate on global mediation efforts versus full-scale litigation, including extensive discovery, involving a select few Plaintiffs.

## II.    THE MOTION CONTRAVENES THE PARTIES' RECENT AGREEMENT FOR LIMITED DISCOVERY FOLLOWED BY MEDIATION

Following the Court's direction, all parties agreed to limit discovery to exchanging certain documents and information in advance of the mediation. (*See* Exs. 1 and 2, Dkts. 2933 and 3077, respectively). The limited discovery contemplated by the agreement is still proceeding. Only 4 of the 39 plaintiffs who are moving parties have produced even the limited discovery agreed to in advance of the mediation.

BN 4645953v3

Motions for summary judgment in advance of the mediation were not contemplated by the parties' agreed upon scheduling order and the time to renew the prior motion, within 45 days of December 12, 2008, has long passed. *Id.* In light of the parties' agreement to proceed in an orderly manner in an effort to resolve the outstanding issues at mediation, the filing of this Motion is perplexing and is a wholesale abandonment of the agreement just negotiated by all of the parties, not just the ones admittedly attempting to gain an advantage by the filing of this Motion. This free-for-all behavior should not be supported because it will quickly result in a chaotic series of motions as all parties attempt to gain an advantage before mediation.

### III.　THE MOTION IS IMPROPER BECAUSE IT IS NOT PURELY LEGAL AND WILL REQUIRE SIGNIFICANT DISCOVERY

By their motion the 39 Opt-Out Plaintiffs at issue seek rescissionary relief and damages based on TILA. (Dkt. 3170). In order to have a meritorious claim, each must prove that there is no disputed issue of fact concerning a number of elements. Without the benefit of hardly any discovery and on a few days notice, Defendants are able to demonstrate that these Opt-Out Plaintiffs are typically unable to prevail on their claims. Once allowed, additional discovery will undoubtedly yield additional plaintiff-specific defenses.

### A.　The Elements Of A TILA Claim For Rescission Require An In-Depth Case By Case Factual Inquiry

#### 1.　Rescission Is An Equitable Remedy Requiring An Individual Analysis

The Seventh Circuit and this Court recently analyzed rescission requests pursuant to TILA. *Andrews v. Chevy Chase Bank,* 545 F.3d 570, 574 (7th Cir. 2008); (Dkt. 2412). Individual factually-based controversies typically erupt "because 'the equitable nature of rescission generally entitles the affected creditor to judicial consideration of the individual circumstances of the particular transaction.'" *Id.* quoting *McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 427 fn. 6 (1st Cir. 2007). An individual factual analysis is especially necessary in circumstances such as matter at bar, whereby many of the Opt-Out Plaintiffs seeks

BN 4645953v3

to void a security interest despite having paid off their Ameriquest mortgage, without any assurance of returning Defendants to the status quo ante. In fact, TILA provides for that individual factual analysis. 15 U.S.C. §1635(b) ("The procedures prescribed by this subsection shall apply except when otherwise ordered by a court."); *See also In Re Cox*, 162 B.R. 191 (Bkrtcy. C.D. Ill. 1993) (denying rescission under TILA because under circumstances, it would be inequitable to leave lender unsecured for TILA violation); *Andrews, supra*, (§1635(b) suggests "that the remedy must proceed on a case by case basis").

The case by case analysis may result in rescission being denied. *See In Re Cox*, 162 B.R. 191, 197 (Bkrtcy. C.D. Ill. 1993) (describing a plaintiff's request to void a mortgage and obtain a refund while discharging the debt as one based on "greed and manipulation"); *In Re Pitre*, 11 B.R. 777, 780 (Bkrtcy. N.D. Ill. 1981) (denying rescission because plaintiff unable to repay loan); *Am. Mortgage Network, Inc. v. Shelton,* 486 F.3d 815, 820 (4th Cir. 2007) (upholding denial of rescission in inequitable circumstance).

### 2. Plaintiffs' Omissions In Bankruptcy Filings And The Doctrine Of Judicial Estoppel Exemplifies The Necessity Of A Case By Case Factual Analysis

Exemplifying why an individual analysis is required, at least nine of the Plaintiffs will be estopped from pursuing their claims because they either intentionally omitted their claims in bankruptcy proceedings or asserted the claim was valued at $1000 to $3700 despite their current allegedly undisputed claims for significantly more money.[1] *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (applying judicial estoppel for failure to disclose claim in bankruptcy). If the Motion is not stricken, discovery should be allowed to determine whether rescission is appropriate and under what circumstances.

---

[1] *See* Ex. 5 (plaintiffs Ruth Kobialka and Edward Kobialka -- debts discharged in Chapter 7 without disclosure of claim); Ex. 6 (plaintiffs Nelson and Melida Jiminez – failure to disclose claim for bankruptcy petition filed on December 31, 2008); Ex. 7 (plaintiff Kenneth Sweeten - Chapter 7 bankruptcy filed on 9/30/09 disclosing claim value of $3766.96 and claiming exemption for that amount); Ex. 8, Drucie Bathin (not disclosed in Chapter 7 Petition filed on June 17, 2009 and subsequently discharged); Ex. 9, Denise Hack and Richard Hack (failure to disclose despite rescission before discharge); Ex. 10, David Sullivan (Chapter 7 filed on January 12, 2009 identifying claim as "possible class action" valued at $1000 and claimed exempt from creditors because under the threshold amount and subsequently discharge granted). Discovery is sought to confirm the above.

4

### 3.    An Individual Analysis Is Necessary To Determine Whether Plaintiffs' Claims Are Covered By TILA

Plaintiffs typically provide affidavits to attempt to show that their loans fall within TILA. However, even though practically no discovery has taken place with respect to the 39 Plaintiffs as issue, there are a number of instances where the applicability of TILA will be the subject of debate. For example, some of the loans may not have been used for a consumer purpose and are therefore, not covered by TILA. 15 U.S.C. §1603(1). Plaintiff Salazar states that the loan proceeds were for "business debts that I owed." Ex. 11. Plaintiff Harris had a hair salon at the subject property. Ex. 12. Plaintiff Wertepny operated a machine shop at the property. Ex. 13.

Although Plaintiffs all make the rote allegation that the residence was their "primary residence," similar litigants have been discovered to have been using the property as rental property or otherwise not as their "primary residence" thereby denying the remedy of rescission under TILA. 15 U.S.C. §1635(a).

### 4.    An Individual Analysis Is Necessary To Determine Whether Plaintiffs' Rescission Claims Are Timely

A demand for rescission must be made before the subject property was sold or otherwise transferred and within three years of the loan closing. 15 U.S.C. §1635(f). Accordingly, each transaction must be analyzed to determine whether the rescission demand was timely. Nine of the moving parties' TILA claims should be dismissed or at least further discovery allowed because the claims appear to be beyond the three-year deadline.[2]

---

[2] *See, e.g.* Avalon and Selma Cadette (Dkt 3172-11 at ¶ 7u., rescission demand dated August 2, 2006 over three years after July 17, 2002 loan closing); Ismael Vega (Dkt 3172-11 at ¶ 7w, August 2, 2006 rescission letter over three years after May 23, 2003). Similarly, an untimely rescission demand seems to be the case for Robert and Melissa Hess, James and Theresa Walrod, and Bryan and Jill Young. Whereas the Motion alleges the other plaintiffs timely filed rescission notices, no such allegation is made for the aforementioned plaintiffs. Oddly, the Motion does not attach any rescission notices so it not possible to confirm the deficiencies based on the Motion. This is especially interesting because with respect to the aforementioned six plaintiffs, the citation for the alleged rescission letter bears no relation to a rescission letter. *See* Motion at ¶260 citing to Appendix 83, ¶269 citing to Appendix 84, and ¶275 citing to Appendix 85.

BN 4645953v3

5. **An Individual Analysis Is Necessary To Determine Whether Rescission Was Appropriately Demanded**

Discovery should also be allowed to determine whether rescission was appropriately demanded. For example, although rescission by the obligor is contemplated and is alleged in the Motion at ¶250 for plaintiff Ruth Kobialka's loan, she apparently died seven months before the rescission letter was sent. *See* Ex. 14; 15 U.S.C. §1635(b).

It is also necessary to determine who owned the property at the time of rescission because if ownership had passed, the rescission demand was untimely for that reason as well. 15 U.S.C. §1635(f).

6. **An Individual Analysis Is Necessary To Determine Who Has Standing To Bring Certain Plaintiffs' Claims**

Two of the parties seeking summary judgment are apparently deceased and there is no mention of who is participating in the litigation on their behalf. *See* Motion at ¶¶246-251 regarding Edward and Ruth Kobialka. No affidavit or other evidence has been submitted in support of their motion for summary judgment to show that their claims are encompassed by TILA.

Discovery is necessary to determine who is pursuing these claims on their behalf, if anyone.

7. **An Individual Analysis Is Necessary To Determine Whether Plaintiffs Are Barred From Asserting Certain Claims**

Some of the Opt-Out Plaintiffs at issue were the subject of foreclosure proceedings with Ameriquest that resulted in a judgment. Ex. 9 (page 20 of 26). Individual analysis will be necessary to determine whether certain Plaintiffs' claims are barred by res judicata.

B. **The Motion Requires A Significant Amount Of Discovery And Is Premature At This Stage Of The Litigation**

Unless the Motion is stricken, Defendants will need to obtain discovery on all of the aforementioned subjects as to each of the 39 Opt-Out Plaintiffs, but can only do so after the

parties' stipulated agreement limiting discovery has been terminated.  Until Defendants have sufficient time to complete discovery, the Motion is premature.  Fed. R. Civ. P. 56(f).

## IV.    CONCLUSION

The Motion is improper and should be stricken because it contravenes the Court's prior directives to limit motions for summary judgment to purely legal and global issues and to file such motions on behalf of all Opt-Out Plaintiffs jointly.  Moreover, it is in contravention of the parties' agreement and proposed scheduling order designed to facilitate an orderly process leading to a mediation of the claims of all of the 1600 Opt-Out Plaintiffs.


DATED: October 23, 2009                    Respectfully submitted,

                                          By: /s/  Randall L. Manvitz

                                          *Attorneys for Ameriquest Mortgage Company, et al.*

                                          Randall L. Manvitz (admitted *pro hac vice*)
                                          BUCHALTER NEMER
                                          333 Market Street, Suite 2500
                                          San Francisco, CA  94105
                                          Telephone: (415) 760-0900
                                          Facsimile:  (415) 227-0070

**CERTIFICATE OF SERVICE**

I, Randall L. Manvitz, hereby certify that on this 23nd day of October 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Randall L. Manvitz_____

# **EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | (Centralized before The Honorable Marvin E. Aspen) |
| | Magistrate Judge Morton Denlow |

*M.₂*

## [PROPOSED] ORDER

Counsel for Defendants and Opt-Out Plaintiffs having so stipulated, and the Court having considered the Stipulation, **IT IS ORDERED that:**

1. The existing deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint are stricken.

2. As soon as reasonably practicable following the Court's ruling on the forthcoming motion to dismiss the Fifth Amended Third-Party Complaint, the Ameriquest Defendants, the Third-Party Defendants, and the Servicers shall schedule and participate in a mediation session with Judge O'Connell. Thereafter, as soon as reasonably practicable, the Ameriquest Defendants, Third-Party Defendants, Servicers, and the Opt-Out Plaintiffs shall schedule and participate in a mediation session with Judge O'Connell.

6312.002

3. At the request of each Third Party Defendant (which request must be made within fourteen (14) days of this Order), Third-Party Plaintiffs shall produce to each Third Party Defendant the particular loan files related to claims against it. Each Third Party Defendant shall produce to Third Party Plaintiffs documents related to claims asserted against the Third Party Defendants. The above-referenced productions shall be made no later than sixty (60) days from the date of this Order, and must be made simultaneously at the election of either the Third-Party Plaintiffs or the Third-Party Defendants. All other discovery related to the Opt-Out Claims by any party in this case is stayed until the Rule 26(f) Conference scheduled by this Order.

4. The parties will conduct a Rule 26(f) conference on an agreed upon date within 30 days of the date of this Order.

5. The parties will submit a Proposed Stipulated Scheduling Order regarding the deadlines for the designation of affirmative experts, designation of rebuttal experts, completion of fact and expert discovery, and filing of motions for summary judgment, or partial summary judgment, with respect to any Opt-Out Complaint or related Third-Party Complaint within 14 days of the parties' Rule 26(f) conference.

6. The status hearing on July 9, 2009 at 10:00 AM is stricken.

**IT IS SO ORDERED.**

_____
The Honorable Marvin E. Aspen
The Honorable Morton Denlow

July 8, 2009

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE AMERIQUEST MORTGAGE CO.    )    Lead Case No. 05 C 7097
MORTGAGE LENDING PRACTICES LITIGATION  )
——————————————————————  )    MDL No. 1715
    )
THIS DOCUMENT RELATES TO ALL ACTIONS  )    Centralized before
——————————————————————  )    The Hon. Marvin E. Aspen

## JOINT DISCOVERY PLAN AND
## [PROPOSED] SCHEDULING ORDER

A conference of the parties was conducted pursuant to Federal Rule of Civil Procedure 26(f) and this Court's July 23, 2009 Order, and attended by (a) members of the Steering Committees for the Opt-Out Plaintiffs; (b) members of the Steering Committee for the Third-Party Defendants, including Liaison Counsel for the Third-Party Defendants; and (c) counsel for the Defendants, (collectively "Representative Counsel"). In accordance with Rule 26(f), the parties hereby submit the following Joint Discovery Plan and Proposed Scheduling Order and request that this Court enter an Order Adopting the Joint Discovery Plan and Proposed Scheduling Order.

    **1.**    **Discovery.**

    (a)    Each Opt-Out Plaintiff's claim centers in large part on the closing documents for the home mortgage loan which each Opt-Out Plaintiff seeks to rescind (the "Loan Documents"). The relevant Loan Documents at issue may be in the possession, custody, or control of any of the Opt-Out Plaintiff(s), the Defendant(s), and/or the Third-Party Defendant(s). In addition to the timing and protocols for the exchange of the Loan Documents between

the Defendants and the Third-Party Defendants which are set forth in this Court's July 23, 2009 order, the parties have agreed to exchange the Loan Documents in their respective possession, custody or control.

(b)     With respect to each opt-out claim, each Opt-Out Plaintiff who has not already done so shall have thirty (30) days from the date of this Scheduling Order to produce to the Defendants any Loan Documents in the Opt-Out Plaintiff's possession, custody, or control. Within fourteen (14) days of receipt of an Opt-Out Plaintiff's Loan Documents, or at the time set forth in the Court's July 23, 2009 order, whichever is later, the Defendant(s) shall provide the relevant Third-Party Defendant(s) with a copy of the Opt-Out Plaintiff's Loan Documents. Within twenty-eight (28) days of receipt of an Opt-Out Plaintiff's Loan Documents from that Opt-Out Plaintiff, Defendants shall produce to each Opt-Out Plaintiff who so requests copies of the relevant Loan Documents in its possession, as well as the Loan Documents, if any, that have been produced by that time by the relevant Third-Party Defendant(s). If Defendants receive Loan Documents from the relevant Third Party Defendant(s) at a later time, they shall produce them to that Opt-Out Plaintiff within fourteen (14) days of receipt from the Third-Party Defendant(s). (The timing and protocols for the exchange of the Loan Documents between the Defendants and the Third-Party Defendants, as well as for an exchange of any agreements between the Defendants and the Third-Party Defendants which those parties believe may govern the rights and obligations at issue, is governed by this Court's July 23, 2009 Order.) In addition, within 30 days of a

-2-

request for the same, the Defendants shall produce to the Opt-Out Plaintiffs such additional documents that the Opt-Out Plaintiffs reasonably require in order to prepare for, and participate in, the forthcoming mediation(s), provided that such documents are in Defendants' possession, custody, or control and not otherwise privileged.

(c)    With respect to each Opt-Out Plaintiff's claim, within fourteen (14) days of completion of the document exchange contemplated in this Court's July 23, 2009 Order, the Third-Party Plaintiffs shall identify to each Third-Party Defendant, by Bates number, any and all contracts upon which its claim against that Third-Party Defendant is based.    Within fourteen (14) days of receipt of that information, (and without conceding that the documents identified by the Defendants constitute a "contract" between the parties), the Third-Party Defendant(s) shall identify by Bates number any contract(s) or agreement(s) with the Third-Party Defendants relating to the corresponding plaintiff's or plaintiffs' loan.

(d)    The exchange described in Sections (b) and (c) above and in this Court's July 23, 2009 Order shall satisfy each party's obligations under Federal Rule of Civil Procedure 26(a).    No other discovery shall be conducted in this MDL proceeding with respect to Plaintiffs' opt-out claims and the corresponding Third Party claims, until the completion of mediation proceedings, as set forth in Section 2 below.

2.    **Mediation.**  As soon as practicable, after all of the following events have occurred:  (i) this Court has ruled on the Third-Party Defendants' Motion to Dismiss

-3-

Fifth Amended Consolidated Third-Party Complaint; (ii) at least 100 Opt-Out Plaintiffs have provided to the Defendants and the corresponding Third-Party Defendant(s) a numerical computation of the value of his or her rescission claim; (iii) the Defendant(s) have disclosed to the Third-Party Defendants the terms of any class action settlement, or the class action has been otherwise resolved; (iv) the time has passed for the Defendants to add any new Third-Party Claims; and (v) if the Third-Party Defendants' have sought leave to file a Sixth Amended Third-Party Complaint, the Court's ruling on any motion to dismiss that pleading; the parties, through their Representative Counsel, shall participate in a mediation designed to devise a procedure for settling the Opt-Out Plaintiffs' claims in a systematic way. Within twenty-one (21) days of the date of this Scheduling Order the parties, through their Representative Counsel, may provide to each other their proposal as to how such mediation should be structured.

WHEREFORE, the parties request that this Court enter an Order Adopting the Joint Discovery Plan.

Dated:  September 2 , 2009                    By:  Charles M. Delbaum

                                         *Attorneys for Certain Opt-Out Plaintiffs*

                                         Charles M. Delbaum
                                         National Consumer Law Center
                                         10th Floor
                                         77 Summer Street
                                         Boston, Massachusetts  01220
                                         (617) 266-0313

-4-

BN 4346319v1

Dated:  September 2 , 2009              By___Daniel S. Blinn_____
                                        *Attorneys for Certain Opt-Out Plaintiffs*

                                        Daniel S. Blinn
                                        Consumer Law Group
                                        Suite 512
                                        35 Cold Spring Road
                                        Rocky Hill, Connecticut  06067
                                        (860) 571-0408

Dated:  September 2 , 2009              By___Thomas J. Wiegand_____
                                        *Attorneys for Argent Mortgage Company, LLC*

                                        Thomas J. Wiegand
                                        Winston & Strawn LLP
                                        35 West Wacker Drive
                                        Chicago, Illinois  60601-9703
                                        (312) 558-5947

Dated:  September 2 , 2009              By___Bernard E. LeSage_____
                                        *Attorneys for Ameriquest Mortgage Company;
                                        AMC Mortgage Services, Inc.; Town & Country
                                        Credit Corporation; Ameriquest Capital
                                        Corporation; Town & Country Title Services,
                                        Inc.; Ameriquest Mortgage Securities, Inc.;
                                        CitiFinancial Mortgage; CitiResidential
                                        Lending Inc.; Deutsche Bank National Trust
                                        Company, as Trustee; HSBC Mortgage
                                        Services Inc.; GMAC ResCap; Barclays
                                        Capital; US Bank, Litton Loan Servicing;
                                        Merrill Lynch Credit Corp.; Wells Fargo Bank,
                                        as Trustee; WM Specialty Mortgage LLC;
                                        Countrywide; Wilshire Credit Corp.; and Bank
                                        of NY Trust Co.*

                                        Bernard E. LeSage
                                        Sarah K. Andrus
                                        Buckalter Nemer, a Professional Corporation
                                        Suite 1500
                                        1000 Wilshire Boulevard
                                        Los Angeles, California  90017-2457
                                        (213) 891-5230

-5-

September 2 , 2009                    By____David J. Chizewer_____
                                        *Liaison Counsel for Third-Party Defendants*

                                     David J. Chizewer
                                     Goldberg Kohn Bell Black
                                       Rosenbloom & Moritz, Ltd.
                                     Suite 3300
                                     55 East Monroe Street
                                     Chicago, Illinois  60603
                                     (312) 201-3938


**IT IS SO ORDERED.**


                                     _____
                                     The Honorable Marvin E. Aspen
                                     The Honorable Morton Denlow

BN 4346319v1

## <u>CERTIFICATE OF SERVICE</u>

I, Bernard E. LeSage, hereby certify that on this 2nd day of September 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/  Bernard E. LeSage

BN 4346319v1

# EXHIBIT 3

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | MDL No. 1715 Lead Case No. 05 C 7097 | **DATE** | December 12, 2008 |
| **CASE TITLE** | colspan | In Re: Ameriquest Mortgage Co. Ameriquest Mortgage Co., v. Northwest Title and Escrow Corp. | |

**DOCKET ENTRY TEXT**

As set forth in the minute order, we grant Opt-Out Plaintiffs' Motion to Clarify (Dkt. No. 2377). We also deny Defendants' Motion to Compel as moot (Dkt. No. 2337). It is so ordered

■[ For further details see text below.]

00:00

### STATEMENT

On August 22, 2008, a subset of Opt-Out Plaintiffs filed a Motion for Summary Judgment ("*Furgeson* Motion"), arguing that the disclosure statements provided to them by Ameriquest violated the Truth in Lending Act ("TILA"), as interpreted by the Seventh Circuit in *Hamm v. Ameriquest Mortgage Corp.*, 506 F.3d 525 (7th Cir. 2007). (Dkt. Nos. 2301-03.) Shortly thereafter, a different subset of Opt-Out Plaintiffs filed a Motion for Partial Summary Judgment ("*Bailey* Motion"), contending that Ameriquest violated TILA by issuing them improper Notices of Right to Cancel based on the wrong Federal Reserve Board Model Form. (Dkt. Nos. 2332-36.)

    In response to the *Furgeson* Motion, on August 27, 2008, Defendants filed a Motion to Compel Individual Plaintiffs to Follow This Court's November 7, 2006 Case Management Order, arguing that Opt-Out Plaintiffs could file only one consolidated summary judgment motion. (Dkt. No. 2337.) The next day, they also filed an objection to the *Bailey* Motion, again contending that our Case Management Order prohibits piecemeal, "test case" motion practice. (Dkt. No. 2339.) On September 19, 2008, Opt-Out Plaintiffs filed their Motion to Clarify November 7, 2006 Memorandum Opinion and Order (Dkt. No. 2377), asking that we clarify: (1) whether they may file only one summary judgment motion on behalf of all Opt-Out Plaintiffs; and (2) whether discovery in all MDL Opt-Out "cases must be completed before dispositive motions may be filed." (Mot. to Clarify at 1.) We hereby grant the motion and offer the following guidance.

    As both parties have mentioned, the Case Management Order provides, in pertinent part, that "either or both sides may move for summary judgment on common legal issues." (11/07/06 Order at 13.) This language emphasizes, and we again stress, that we will entertain consolidated summary judgment motions "on common legal issues." (*Id.*) Opt-Out Plaintiffs thus are not limited to filing only a single summary judgment covering all parties and claims. They are, however, limited to filing summary judgment motions based on purely legal, global issues only. We will not be resolving unique factual disputes; summary judgment motions raising factual issues are not permitted and must be filed only before the transferor court, if and when remand occurs. Because no factual issues will be addressed, Opt-Out Plaintiffs are not necessarily required to wait until the close of discovery in all individual actions before filing summary judgment motions. Nonetheless, if a particular motion

Case 1:05-cv-07097    Document 2553    Filed 12/12/2008    Page 2 of 2

## STATEMENT

is filed prematurely, it shall be denied.

In addition, Opt-Out Plaintiffs must coordinate among themselves, prior to filing a summary judgment motion. Any ruling on a summary judgment motion, such as the *Furgeson* and *Bailey* Motions, will be binding on all Opt-Out Plaintiffs. Furthermore, we will not address duplicative motions that might stem from our initial ruling – each legal issue shall be addressed only once. Accordingly, it is in Opt-Out Plaintiffs' best interests to work together in developing, refining and presenting their common legal arguments and must file any such motion jointly.

In light of the above, we strike the pending *Furgeson* and *Bailey* Motions, with leave to refile within 45 days. Opt-Out Plaintiffs should evaluate these motions and ensure that they present truly legal, global issues. If they wish to proceed with summary judgment, Opt-Out Plaintiffs preparing such motions – with assistance as needed from the Individual Claims Steering Committee – must coordinate with other individual plaintiffs to ensure that all common issues and affected parties are included in the motion. Any motion filed must clearly identify which Opt-Out Plaintiffs have expressly joined therein. Pursuant to Opt-Out Plaintiffs' suggestion, submitted by the plaintiffs presenting the *Furgeson* Motion, we grant them 45 days, or until Monday, January 26, 2009, to refile these motions. (*See* Dkt. No. 2367, Resp. to Def.'s Mot. to Compel at 3.)

As set forth above, we grant Opt-Out Plaintiffs' Motion to Clarify (Dkt. No. 2377). We also deny Defendants' Motion to Compel as moot (Dkt. No. 2337). It is so ordered

# **EXHIBIT 4**

<pre>
 1                    IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3     IN RE                         ) Lead Docket No. 05 C 7097
                                     ) MDL No. 1715
 4        AMERIQUEST MORTGAGE COMPANY, )
                                     )
 5                                   ) Chicago, Illinois
                                     ) December 19, 2008
 6                                   ) 11:00 o'clock a.m.

 7                     TRANSCRIPT OF PROCEEDINGS - STATUS
                      BEFORE THE HONORABLE MARVIN E. ASPEN
 8
       APPEARANCES:
 9

10     For the Plaintiffs:         MR. GARY KLEIN
                                   MR. MARVIN MILLER
11                                 MS. CATHLEEN COMBS
                                   MS. TARA L. GOODWIN
12                                 MR. DANIEL MARK HARRIS
                                   MR. ANTHONY VALACH
13                                 MR. TERRY A. SMILJANICH
                                   MS. RACHEL GEMAN, by phone
14                                 MS. SHENNAN KAVANAGH, by phone

15
       For the Defendants:        MR. BERNARD E. LeSAGE
16                                 MS. LAURIE S. FULTON
                                   MS. STEPHANIE M. ZIMDAHL
17                                 MR. WILLIAM R. BROWN
                                   MS. CATHLEEN M. COMBS
18                                 MS. TARA L. GOODWIN
                                   MR. KEITH R. VERGES
19                                 MR. DANIEL MARK HARRIS
                                   MR. ANTHONY VALACH
20                                 MR. WILLIAM SPIELBERGER
                                   MR. DONALD P. ECKLER
21                                 MR. ALAN SALPETER
                                   MR. THOMAS M. CRAWFORD
22                                 MR. RAM NATARAJAN
                                   MR. GERALD J. SRAMEK
23                                 MS. ANNA C. SCHUMAKER
                                   MR. CHARLES S. OFSTEIN
24                                 MR. STEVEN M. SANDLER
                                   MR. TERRY A. SMILJANICH
25                                 MR. THOMAS J. WIEGAND
                                   MR. JOHN L. ROPIEQUET
</pre>

```
 1   APPEARANCES (Cont'd):

 2

     For the Defendants:          MS. KATHERINE M. DONAT
 3                                MR. GARY T. JANSEN
                                  MR. LEE M. WEISZ
 4                                MS. LINDA B. DUBNOW
                                  MR. JAMES V. HART
 5                                MR. CRAIG A. VARGA
                                  MS. KERRY D. NELSON
 6                                MS. EMILY K. LASHLEY
                                  MR. GEORGE K. FLYNN
 7                                MR. DAVID A. WARD

 8

     Court Reporter:              MR. JOSEPH RICKHOFF
 9                                Official Court Reporter
                                  219 S. Dearborn St., Suite 1232
10                                Chicago, Illinois  60604
                                  (312) 435-5562
11

12               *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

13                    PROCEEDINGS RECORDED BY
                      MECHANICAL STENOGRAPHY
14            TRANSCRIPT PRODUCED BY COMPUTER

15

16

17

18

19

20

21

22

23

24

25
```

1          THE COURT:  But the intent was still to try to settle

2    those cases; is that correct?

3          MS. COMBS:  We hope so.

4          THE COURT:  Am I missing something?

5          MS. GOODWIN:  Well, your Honor gave us 45 days to

6    refile our summary judgment motion and have everyone else

7    join, and we're trying to get clarification on what procedure

8    you want us to use for the other people who join us.

9          THE COURT:  I am not going to rule on 169 summary

10   judgment motions.  You can file what you want.  I am not even

11   going to brief it at this point, if you want to file motions.

12   I am going to rule on any global motions --

13         MS. GOODWIN:  That's what we're talking about.

14         THE COURT:  -- that you file.  Motions that are going

15   to -- any motion that will impact all the cases.  I am not

16   going to look at individual fact differences that may relate

17   to the individual cases.

18         So, if you can file one global motion, that is fine,

19   and I will look at it.  And if I think it is helpful to

20   resolve it in this case and if I can resolve it, I will do

21   that.  But it is not my intent to -- it defeats the whole idea

22   of an MDL for me to take all these cases and decide individual

23   fact- specific motions for summary judgment as to each

24   individual case.

25         MS. COMBS:  I understand your point, your Honor.

1   What we're talking about is one legal issue that has already

2   been resolved by the Seventh Circuit.  The only question that

3   in order to present it, we feel we should at least make

4   assertions on using an affidavit:  The client received the

5   disclosures, the client had a residential mortgage; and,

6   therefore, we're entitled to, you know, summary judgment in

7   our favor.

8        That then raises -- we have attached factual

9   questions, but I don't -- I don't -- think they'll be

10  disputed.  That is how we were proposing to go ahead.

11       I don't see how you could decide the legal issue

12  without having the factual underpinning for it, and that's all

13  we're talking about.

14       MR. LeSAGE:  Your Honor, just to add, I'm not

15  confused about your Court's order of December 12.  I read it

16  this morning.  It addresses these two summary judgments which

17  they're referring to right now.  And you made a thorough

18  analysis.  And what they're trying to do, I think, is re-argue

19  your rulings.  I think your rulings are clear on the December

20  12th order.

21       MS. GOODWIN:  I think our question is:  What do we

22  submit -- you asked us to have people join our motion.  What

23  do you want us to submit on behalf of those other people?

24  Because we've already submitted what we submitted.  Do you

25  want all those other people to have a statement of material

1    facts or an affidavit or not, is our question.

2              THE COURT:  If all the people that you represent

3    participate in a joint motion and the facts are not disputed

4    or you anticipate that Ameriquest is going to agree to those

5    facts, then I do not have a fact situation before me.  I am

6    not dealing with individual cases.  I am dealing with a global

7    issue, and I am perfectly happy to do that.

8              MS. COMBS:  Okay.  All right.

9              And, then, finally, with respect to discovery, it's

10   not stayed with regard to the individual opt-out actions.  We

11   have been doing some limited discovery just to establish

12   ownership information so we can amend the complaint so we've

13   got the parties before you.  And, then, title company

14   information.  We're just trying to get the documents from the

15   title company because all of these are --

16             THE COURT:  Yes, other than that limited --

17             MS. COMBS:  That's all we're doing.

18             THE COURT:  -- discovery.

19             MS. COMBS:  That's all we're doing.

20             THE COURT:  Again, I think as long as we are working

21   on a process that has a good chance of resolving this case, we

22   should stay any other motions other than the ones we have

23   talked about and any other discovery other than the

24   identity-type discovery you are talking about.

25             MR. LeSAGE:  We agree, your Honor.  We'll submit a

```
 1              THE COURT:  It does not.

 2              MR. HARRIS:  Thank you.

 3              MS. GOODWIN:  And we also wanted to clarify will the

 4    January 26th status also address the opt-out plaintiffs -- or

 5    the February 26th?

 6              THE COURT:  February 26th.

 7              MS. GOODWIN:  We're hoping that it would, to keep

 8    some pressure --

 9              THE COURT:  Sure, sure.

10              MS. GOODWIN:  -- on this.

11              THE COURT:  Absolutely.

12              MS. GOODWIN:  Thank you.

13              THE COURT:  Everybody can come.

14              (Laughter.)

15              THE COURT:  You all come.

16              MS. GOODWIN:  Okay.

17              THE COURT:  Thank you.

18              MR. LeSAGE:  Thank you, your Honor.

19              MS. GOODWIN:  Thank you, your Honor.

20              MR. HARRIS:  Thank you, your Honor.

21              THE COURT:  Thank you very much.

22                    *     *     *     *     *

23    I certify that the foregoing is a correct transcript from the
      record of proceedings in the above-entitled matter.
24

25    /s/ Joseph Rickhoff                     January 13, 2009
      Official Court Reporter
```

**EXHIBIT 5**

(Official Form 1) (9/01) West Group, Rochester, NY

**FORM B1**

### United States Bankruptcy Court
### District of *CONNECTICUT*

| Name of Debtor (If individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| **Kobialka, Edward** | **Kobialka, Ruth** |
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): NONE | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): NONE |

*[handwritten: fd 209]*        *[handwritten: 04-21528]*

| Soc. Sec./Tax I.D. No. (if more than one, state all): | Soc. Sec./Tax I.D. No. (if more than one, state all): |
|---|---|
| *xxx-xx-9579* | *xxx-xx-6259* |
| Street Address of Debtor (No. & Street, City, State & Zip Code): | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| *381 Lloyd Street* *Newington CT 06111*   *[handwritten: 263957]* | *381 Lloyd Street* *Newington CT 06111* |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): *SAME* | Mailing Address of Joint Debtor (if different from street address): *SAME* |

Location of Principal Assets of Business Debtor (If different from street address above): *NOT APPLICABLE*

**Venue** (Check any applicable box)
- [X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| [X] Individual(s) | [ ] Railroad | [X] Chapter 7    [ ] Chapter 11    [ ] Chapter 13 |
| [ ] Corporation | [ ] Stockbroker | [ ] Chapter 9    [ ] Chapter 12 |
| [ ] Partnership | [ ] Commodity Broker | [ ] Sec. 304 - Case ancillary to foreign proceeding |
| [ ] Other | | |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| [X] Consumer/Non-Business    [ ] Business | [X] Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
| [ ] Debtor is a small business as defined in 11 U.S.C. § 101 | |
| [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

| Statistical/Administrative Information (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| [ ] Debtor estimates that funds will be available for distribution to unsecured creditors. [X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

(Official Form 1) (9/01) West Group, Rochester, NY

## Voluntary Petition
*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
*Edward & Ruth Kobialka and*

**FORM B1, Page 2**

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |

| District: | Relationship: | Judge: |
|---|---|---|
| | | |

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

5-5-04
Date

**Signature of Attorney**

X _____
Signature of Attorney for Debtor(s)

*Lee N. Johnson  ct06087*
Printed Name of Attorney for Debtor(s)

*Law Offices of Lee N. Johnson*
Firm Name

*350 Silas Deane Highway*
Address

*Wethersfield CT  06109*

*860-563-7510*
Telephone Number          5-5-04
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with teh Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)

☐  Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____      5-5-04
Signature of Attorney for Debtor(s)      Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to propose a threat of imminent and identifiable harm to public health and safety?

☐  Yes, and exhibit C is attached and made a part of this petition.

☒  No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

FORM B6 (6/90) Case 04-24526     Doc 3     Filed 05/18/04     Entered 05/19/04 07:58:03     Desc Main
                                 Document     Page 4 of 29

In re _Edward & Ruth Kobialka and_ _____ / Debtor     Case No. _____
                                                                                          (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___17___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: _5-5-04_          Signature _____
                                   _Edward & Ruth Kobialka_

Date: _5-5-04_          Signature _____

In re **_Edward & Ruth Kobialka and Ruth Kobialka_** _____ / Debtor    Case No. _____

<div align="right">(if known)</div>

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | None | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Savings account Location: In debtor's possession | J | $ 72.20 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Home computer Location: In debtor's possession | J | $ 950.00 |
| | | misc household goods Location: In debtor's possession | J | $ 2,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | misc clothing Location: In debtor's possession | J | $ 1,500.00 |
| 7. Furs and jewelry. | | misc jewelry Location: In debtor's possession | J | $ 2,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | Pension from previous employment ($432.00 Monthly) Location: In debtor's possession | H | $ 432.00 |

Page __1__ of __3__

In re _Edward & Ruth Kobialka and Ruth Kobialka_ _____ / Debtor    Case No. _____

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Market Value of Debtor's Interest, In Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor include tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | _1995 Chrysler Cirrus_<br>_Location: In debtor's possession_ | J | $ 2,500.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircarft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |

Page __2__ of __3__

FORM B6B (10/86) Case 04-24529, NY  Doc 3    Filed 05/18/04    Entered 05/19/04 07:58:03    Desc Main
Document    Page 8 of 29

In re **_Edward & Ruth Kobialka and Ruth Kobialka_** _____ / Debtor    Case No. _____
                                                                                                        (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, In Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | Total ➡ | $ 9,454.20 |

Page __3__ of __3__

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

# **EXHIBIT 6**

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Jimenez, Melinda Q.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-0173** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**270 Lilac Drive**<br>**Romeoville, IL**<br>ZIP Code **60446** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Will** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
| --- | --- | --- |
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
| --- | --- |
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
| --- | --- |
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

3/28/08 4:36PM

B1 (Official Form 1)(1/08)                                                                                    Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Jimenez, Melinda Q.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X  /s/ John C. Renzi -                                    March 28, 2008<br>Signature of Attorney for Debtor(s)                              (Date)<br>**John C. Renzi - #03124627** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐  .  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(1/08)                                                                                          Page 3

| Voluntary Petition | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | **Jimenez, Melinda Q.** |

<div align="center">

**Signatures**

</div>

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Melinda Q. Jimenez**
Signature of Debtor **Melinda Q. Jimenez**

**X**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**March 28, 2008**
Date

### Signature of Attorney*

**X** **/s/ John C. Renzi -**
Signature of Attorney for Debtor(s)

**John C. Renzi - #03124627**
Printed Name of Attorney for Debtor(s)

**JUNE, PRODEHL & RENZI - #03124627**
Firm Name

**1861 Black Road**
**Joliet, IL 60435**

Address

**(815) 725-8000  Fax: (815)725-6126**
Telephone Number

**March 28, 2008**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

**X**

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B6B (Official Form 6B) (12/07)

In re    **Melinda Q. Jimenez**                                                    Case No. _____
                                                    ,
                                                Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash** | - | 35.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **checking (West Suburban)(joint with Husband)(1/2 interest)** | - | 115.00 |
| | | | **Checking (Chase)(jt-Husbands account)(1/2 interest)** | - | 75.00 |
| | | | **Checking (Credit Union)(jt-Husbands account)(1/2 interest)** | - | 75.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **6 rooms of furniture and appliances averaging in excess 7 years of age (1/2 interest)** | - | 625.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Misc. CD & DVD** | - | 45.00 |
| 6. | Wearing apparel. | | **Necessary wearing apparel** | - | 225.00 |
| 7. | Furs and jewelry. | | **Wedding rings and misc. jewelry** | - | 850.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Life insurance (term)** | - | 0.00 |
| 10. | Annuities. Itemize and name each issuer. | | **Spousal Interest (Husband's retirement)(marital interest)(surviving spouse)** | - | Unknown |

|  | Sub-Total >  | 2,045.00 |
|---|---|---|
|  | (Total of this page) | |

__2__  continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                    Best Case Bankruptcy

3/28/08 4:36PM

B6B (Official Form 6B) (12/07) - Cont.

In re    **Melinda Q. Jimenez**                                                    Case No. _____
                                                        ,
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | tax refund(1/2) | - | 1,100.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >          1,100.00
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Jimenez, Nelson M** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6752** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**270 Lilac Drive**<br>**Romeoville, IL**    ZIP Code **60446** | Street Address of Joint Debtor (No. and Street, City, and State):    ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Will** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):    ZIP Code | Mailing Address of Joint Debtor (if different from street address):    ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)
☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
■ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(1/08)    Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Jimenez, Nelson M** |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).  X  /s/ John P. Carlin            December 31, 2008  Signature of Attorney for Debtor(s)            (Date)  **John P. Carlin 6277222** |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(1/08)                                                                                          Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Jimenez, Nelson M** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Nelson M Jimenez**
Signature of Debtor  **Nelson M Jimenez**

**X**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**December 31, 2008**
Date

### Signature of Attorney*

**X** **/s/ John P. Carlin**
Signature of Attorney for Debtor(s)

**John P. Carlin 6277222**
Printed Name of Attorney for Debtor(s)

**Chang & Carlin, LLP**
Firm Name

**1305 Remington Road**
**Suite C**
**Schaumburg, IL 60173**
Address

**847-843-8600  Fax: 847-843-8605**
Telephone Number

**December 31, 2008**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

**X**

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D(Official Form 1, Exhibit D) (12/08) - Cont.

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

    ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Nelson M Jimenez**
                               **Nelson M Jimenez**

Date:  **December 31, 2008**

B6B (Official Form 6B) (12/07)

In re    **Nelson M Jimenez** _____,   Case No. _____

                                     Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account with Chase** | J | 1,900.00 |
| | | | **Checking Account with Loyola Employees Credit Union** | J | 121.00 |
| | | | **Checking Account with Loyola Employees Credit Union** | J | 584.00 |
| | | | **Checking account with West Suburban** | J | 376.00 |
| | | | **Checking account with Bank of America** | J | 65.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Houeshold Goods** | J | 1,000.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | **Wearing Apparel** | J | 100.00 |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

                                           Sub-Total >      4,146.00
                                       (Total of this page)

  **3**   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                  Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Nelson M Jimenez**                                    Case No. _____

_____
Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Pension with State** | H | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >     0.00
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Nelson M Jimenez**                                                    Case No. _____
                                                        ,
                                              Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Expecting Worker Compensation Settlement**  **$1300 is the amount of expectation** | - | 1,300.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2000 Dodge Dakota 154 K Miles** | H | 4,665.00 |
| | | **1996 Dodge Intrepid 160 K Miles** | H | 850.00 |
| | | **2001 Chevy Cavalier 100K Miles** | H | 4,010.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

Sub-Total >    10,825.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Nelson M Jimenez**                                    Case No. _____

_____,
Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | | |
|---|---|---|
| Sub-Total > (Total of this page) | | 0.00 |
| Total > | | 14,971.00 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

Case 08-07519    Doc 1    Filed 03/28/08    Entered 03/28/08 16:38:12    Desc Main
Document    Page 11 of 41

3/28/08  4:36PM

B6B (Official Form 6B) (12/07) - Cont.

In re    **Melinda Q. Jimenez**                                                                        Case No. _____
                                                        ,
                                              Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **(1/2) interest lawn furniture** | - | **50.00** |

|  | Sub-Total > | **50.00** |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | **3,195.00** |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

# **EXHIBIT 7**

B1 (Official Form 1)(1/08)

| **United States Bankruptcy Court**<br>**District of Connecticut** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Sweeten, Kenneth F. Jr. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>xxx-xx-9507 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>315 Knob Hill Drive<br>Hamden, CT<br><div align="right">ZIP Code<br>06518</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>New Haven | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box)<br><br>■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | **Nature of Business**<br>(Check one box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box)<br><br>■ Chapter 7<br>☐ Chapter 9      ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 11     of a Foreign Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 13     of a Foreign Nonmain Proceeding |
|---|---|---|
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts,  ☐ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as     business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |

| **Filing Fee** (Check one box)<br><br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the debtor<br>is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed<br>to insiders or affiliates) are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more<br>classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information**<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(1/08)                                                                                                    Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Sweeten, Kenneth F. Jr. |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  - None - | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>- None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** /s/ Neil Crane _____  September 30, 2009___<br>Signature of Attorney for Debtor(s)          (Date)<br>Neil Crane |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐     Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)



_____
(Address of landlord)


☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐     Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(1/08)                                                                                    Page 3

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Sweeten, Kenneth F. Jr. |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Kenneth F. Sweeten, Jr.
Signature of Debtor  Kenneth F. Sweeten, Jr.

X
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

September 30, 2009
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)
☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.
☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

| **Signature of Attorney\*** |
|---|

X  /s/ Neil Crane
Signature of Attorney for Debtor(s)

Neil Crane
Printed Name of Attorney for Debtor(s)

Law Offices of Neil Crane, LLC
Firm Name
2700 Whitney Avenue
Hamden, CT 06518

Address

Email: neil.crane@snet.net
203-230-2233 Fax: 203-230-8484
Telephone Number

September 30, 2009
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

| **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

X

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

| **Signature of Debtor (Corporation/Partnership)** |
|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

B6B (Official Form 6B) (12/07)

In re     Kenneth F. Sweeten, Jr.                                                    Case No. _____

_____,
                                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | Cash on hand | - | 25.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America - checking (joint w/wife/#5760) | - | 36.20 |
| | | Webster Bank - checking (joint w/wife/#8020) | - | 48.61 |
| | | Citizens Bank - checking (#0810) | - | 31.27 |
| | | New Haven Employes Postal FCU - Christmas club (joint w/wife/#4003) | - | 1,201.14 |
| | | Webster Bank - savings (joint w/wife/#0995) | - | 634.85 |
| | | ING - savings (#) | - | 106.46 |
| | | New Haven Postal Employees FCU - Savings (joint w/wife/#4003) | - | 10.34 |
| | | Bank of America - Savings (joint w/wife/#4881) | - | 13.56 |
| | | New Haven Postal Employees FCC - checking (joint w/wife/#4003) | - | 50.61 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous household goods | - | 4,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Miscellaneous clothing | - | 600.00 |
| 7. Furs and jewelry. | | Small jewelry, watches | - | 1,350.00 |

|  | Sub-Total > (Total of this page) | 8,108.04 |
|---|---|---|

  3   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Kenneth F. Sweeten, Jr.                                        ,    Case No. _____

    Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 8.  Firearms and sports, photographic, and other hobby equipment. | | Elliptical machine | - | 100.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Whole life (personal) | - | 80.99 |
| | | Term life (through employment/h) - no cash value | - | 0.00 |
| 10.  Annuities. Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | TSP (through employment/h) - not an asset of the estate | - | 0.00 |
| | | Pension (through employment/h) - not an asset of the estate | | |
| | | SEP (personal/w)) - not an asset of the estate | | |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | | US Savings Bonds | - | 2,000.00 |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |

|  |  | Sub-Total >  | 2,180.99 |
|---|---|---|---|
|  |  | (Total of this page) |  |

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Kenneth F. Sweeten, Jr.                                           Case No. _____
                                                                    ,
                                        Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Class Action Suit (vs. Ameriquest w/Attorney Dan Blinn/joint w/wife) | - | 3,766.96 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1997 Nissan Pathfinder (150,000 miles/fair condition) | - | 1,175.00 |
| | | 2003 Hyundai Sante Fe (70,000 miles/Fair Condition) | - | 2,800.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |

|  | Sub-Total >  | 7,741.96 |
|---|---|---|
|  | (Total of this page) | |

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

**B6B (Official Form 6B) (12/07) - Cont.**

In re    Kenneth F. Sweeten, Jr.                                          Case No. _____
_____,
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | | Time Share:  Oceans Landing Resort, Cocoa Beach, FL (50% owner/joint w/wife) | - | 3,995.00 |
| | | Miscellaneous hand and garden tools | - | 350.00 |

|  | Sub-Total > | 4,345.00 |
|---|---|---|
| | (Total of this page) | |
| | Total > | 22,375.99 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

**EXHIBIT 8**

B1 (Official Form 1) (1/08)

| **United States Bankruptcy Court**<br>**District of Colorado** | **Voluntary Petition** |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Bathin, Drucie** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **0904** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**3920 W Wlash Pl**<br>**Denver, CO**<br><br>ZIPCODE **80219** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br><br>ZIPCODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIPCODE | |

<table>
<tr>
<td><b>Type of Debtor</b><br>(Form of Organization)<br>(Check one box.)<br>☑ Individual (includes Joint Debtors)<br><i>See Exhibit D on page 2 of this form.</i><br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)</td>
<td><b>Nature of Business</b><br>(Check one box.)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other</td>
<td><b>Chapter of Bankruptcy Code Under Which the Petition is Filed</b> (Check one box.)<br>☑ Chapter 7   ☐ Chapter 15 Petition for<br>☐ Chapter 9      Recognition of a Foreign<br>☐ Chapter 11     Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13     Recognition of a Foreign<br>           Nonmain Proceeding</td>
</tr>
<tr>
<td></td>
<td><b>Tax-Exempt Entity</b><br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).</td>
<td><b>Nature of Debts</b><br>(Check one box.)<br>☑ Debts are primarily consumer   ☐ Debts are primarily<br>   debts, defined in 11 U.S.C.      business debts.<br>   § 101(8) as "incurred by an<br>   individual primarily for a<br>   personal, family, or house-<br>   hold purpose."</td>
</tr>
</table>

| **Filing Fee** (Check one box)<br>☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>**Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| --- | --- |

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

© 1983-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (1/08)                                                                                                          Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Bathin, Drucie** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X  */s/ Eric A. Nunemaker*                                      6/17/09<br>   Signature of Attorney for Debtor(s)                    Date |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br>☑ No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition. |

| **Information Regarding the Debtor – Venue**<br>(Check any applicable box.) |
|---|
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord or lessor that obtained judgment)<br><br>_____<br>(Address of landlord or lessor)<br><br>☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Bathin, Drucie** |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

**X** /s/ Drucie Bathin

Signature of Debtor      **Drucie Bathin**

**X** _____

Signature of Joint Debtor

_____

Telephone Number (If not represented by attorney)

**June 17, 2009**

Date

**X** _____

Signature of Foreign Representative

_____

Printed Name of Foreign Representative

_____

Date

| Signature of Attorney* | Signature of Non-Attorney Petition Preparer |
|---|---|
| **X** /s/ Eric A. Nunemaker<br><br>Signature of Attorney for Debtor(s)<br><br>**Eric A. Nunemaker 31602**<br>**The Nunemaker Law Firm, LLC**<br>**12021 Pennsylvania St., Suite 202**<br>**Thornton, CO 80241**<br>**(303) 940-6400 Fax: (303) 940-6401**<br>**eric@nunelaw.com**<br><br><br><br>**June 17, 2009**<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any,  of Bankruptcy Petition Preparer<br><br>_____<br>Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**X** _____<br>Signature of Authorized Individual<br><br>_____<br>Printed Name of Authorized Individual<br><br>_____<br>Title of Authorized Individual<br><br>_____<br>Date | **X** _____<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>_____<br>Date<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B6B (Official Form 6B) (12/07)

IN RE Bathin, Drucie                                                      Case No. _____
_____                              _____
            Debtor(s)                                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking at 1st Bank | | 50.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | Security Deposit with Landlord | | 1,100.00 |
| 4.  Household goods and furnishings, include audio, video, and computer equipment. | | Household Goods | | 1,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | Clothing | | 500.00 |
| 7.  Furs and jewelry. | | Jewelry | | 1,000.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 401 (K) | | 800.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

IN RE **Bathin, Drucie** _____ Case No. _____

<table>
<tr><td align="center">Debtor(s)</td><td align="center">(If known)</td></tr>
</table>

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

<table>
<tr>
<th>TYPE OF PROPERTY</th>
<th>N O N E</th>
<th>DESCRIPTION AND LOCATION OF PROPERTY</th>
<th>HUSBAND, WIFE, JOINT, OR COMMUNITY</th>
<th>CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION</th>
</tr>
<tr><td>15. Government and corporate bonds and other negotiable and non-negotiable instruments.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>16. Accounts receivable.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>18. Other liquidated debts owed to debtor including tax refunds. Give particulars.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>22. Patents, copyrights, and other intellectual property. Give particulars.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>23. Licenses, franchises, and other general intangibles. Give particulars.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>25. Automobiles, trucks, trailers, and other vehicles and accessories.</td><td></td><td>**2000 Audi A6-Driven & paid by son**<br>**2009 Toyota Camry**</td><td>W<br>W</td><td>**10,000.00**<br>**17,000.00**</td></tr>
<tr><td>26. Boats, motors, and accessories.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>27. Aircraft and accessories.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>28. Office equipment, furnishings, and supplies.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>29. Machinery, fixtures, equipment, and supplies used in business.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>30. Inventory.</td><td>X</td><td></td><td></td><td></td></tr>
<tr><td>31. Animals.</td><td>X</td><td></td><td></td><td></td></tr>
</table>

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE __Bathin, Drucie__        Case No. _____

<div align="center">Debtor(s)</div> <div align="right">(If known)</div>

<div align="center">

## SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

</div>

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **TOTAL** | **31,450.00** |

<div align="right">(Include amounts from any continuation sheets attached.<br>Report total also on Summary of Schedules.)</div>

____ __0__ continuation sheets attached

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## **EXHIBIT 9**

(Official Form 1) (12/02) West Group, Rochester, NY

| FORM B1 | United States Bankruptcy Court<br>District of _CONNECTICUT_ | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Hack, Richard F.** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**Denise, Hack** |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**NONE** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**NONE**     04-21621 |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No.<br>(if more than one, state all)**2502** | Last four digits of Soc. Sec. No./Compete EIN or other Tax I.D. No.<br>(if more than one, state all)**9897** |
| Street Address of Debtor  (No. & Street, City, State & Zip Code):<br>**34 Harding Avenue**<br>**Newington CT    06111** | Street Address of Joint Debtor  (No. & Street, City, State & Zip Code):<br>**34 Harding Avenue**<br>**Newington CT    06111** |
| County of Residence or of the<br>Principal Place of Business:  **Hartford** | County of Residence or of the<br>Principal Place of Business:  **Hartford** |
| Mailing Address of Debtor (if different from street address):<br>**SAME** | Mailing Address of Joint Debtor  (if different from street address):<br>**SAME** |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): **NOT APPLICABLE** | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue**   (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition Is Filed** (Check one box) | |
|---|---|---|---|
| ☒ Individual(s) | ☐ Railroad | ☐ Chapter 7     ☐ Chapter 11     ☒ Chapter 13 | |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9     ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other_____ | ☐ Clearing Bank | | |

| **Nature of Debts**   (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| ☒ Consumer/Non-Business    ☐ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business**   (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | certifying that the debtor is unable to pay fee except in installments. |
| ☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | Rule 1006(b). See Official Form No. 3. |

| Statistical/Administrative Information ·   (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1) (12/02) West Group, Rochester, NY

| Voluntary Petition | Name of Debtor(s): | FORM B1, Page 2 |
|---|---|---|
| (This page must be completed and filed in every case) | *Hack, Richard and Denise and Hack, Denise* | |

**Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |

| District: | Relationship: | Judge: |
|---|---|---|
| | | |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Richard Hack_
   Signature of Debtor

X _Denise Hack_
   Signature of Joint Debtor

Telephone Number (if not represented by attorney)

_5/25/2004_
Date

### Signature of Attorney

X _____
   Signature of Attorney for Debtor(s)

_Kevin L. Mason 14359_
Printed Name of Attorney for Debtor(s)

_Neistat & Mason_
Firm Name

_47 East Cedar Street_
Address

_Newington CT 06111_

_(860) 666-6022_       _5/25/2004_
Telephone Number            Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

_5/25/2004_
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____       _5/25/2004_
   Signature of Attorney for Debtor(s)       Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health and safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110  that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

Printed Name of Bankruptcy Petition Preparer

Social Security Number

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
   Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

FORM B6 (6/90) West Group, Rochester, NY

In re **Hack, Richard and Denise and Hack, Denise** _____ / Debtor     Case No. _____
<div align="right">(if known)</div>

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___14___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: **5/25/2004** _____     Signature _____
                                                    *Hack, Richard and Denise*

Date: **5/25/2004** _____     Signature _____
                                                    *Hack, Denise*

FORM B6B (10/89) West Group, Rochester, NY

In re *Hack, Richard and Denise and Hack, Denise* _____ / Debtor   Case No. _____

<div align="right">(if known)</div>

## SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.
Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.
If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, In Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Webster Bank Account* *Location: In debtor's possession* | | $ 1,500.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | *Household Goods* *Location: In debtor's possession* | | $ 8,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | *Clothing* *Location: In debtor's possession* | | $ 1,000.00 |
| 7. Furs and jewelry. | | *Jewelry* *Location: In debtor's possession* | | $ 2,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | *401k* *Location: In debtor's possession* | | $ 11,000.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

Page   1   of   3

FORM B6B (10/89) West Group, Rochester, NY

In re *Hack, Richard and Denise and Hack, Denise* _____ / Debtor    Case No. _____

<div align="right">(if known)</div>

## SCHEDULE B-PERSONAL PROPERTY

<div align="center">(Continuation Sheet)</div>

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | *1991 Chevy 1500* *Location: In debtor's possession*  *1995 Ford Winstar* *Location: In debtor's possession* | | $ 1,500.00  $ 4,000.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings. and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |

Page   2   of   3

Case 04-21621    Doc 3    Filed 05/27/04    Entered 05/28/04 08:56:05    Desc Main
Document    Page 8 of 26

FORM B6B (10/89) West Group, Rochester, NY

In re *Hack, Richard and Denise and Hack, Denise* _____ / Debtor    Case No. _____

<div style="text-align:right">(if known)</div>

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, In Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

Page __3__ of __3__                                                Total ➡    $ 29,000.00

<div style="text-align:right">(Report total also on Summary of Schedules.)<br>Include amounts from any continuation sheets attached.</div>

Form 7 (9/00)  West Group, Rochester, NY

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**4. Suits and administrative proceedings, executions, garnishments and attachments.**

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Ameriquest Mortgage vs. Hack, et al* | *Foreclosure* | *New Britain* | *Judgment Entered* |

---

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**5. Repossessions, foreclosures and returns.**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**6. Assignments and receiverships.**

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**7. Gifts.**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and e joint petition is not filed.)

☒ NONE

---

**8. Losses.**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

Statement of Affairs - Page 2

# **EXHIBIT 10**

Official Form 1 (1/08)

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| DISTRICT OF **CONNECTICUT** | |

| Name of Debtor (if individual, enter Last, First, Middle): <br> **Sullivan, David Mark** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years <br> (include married, maiden, and trade names): <br> **NONE** | All Other Names used by the Joint Debtor in the last 8 years <br> (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN <br> (if more than one, state all): **8789** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN <br> (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State): <br> **62 Bloomingdale Road** <br> **Quaker Hill CT** <br> ZIPCODE **06375** | Street Address of Joint Debtor (No. & Street, City, and State): <br> ZIPCODE |
| County of Residence or of the <br> Principal Place of Business:   **New London** | County of Residence or of the <br> Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): <br> **SAME** <br> ZIPCODE | Mailing Address of Joint Debtor (if different from street address): <br> ZIPCODE |
| Location of Principal Assets of Business Debtor <br> (if different from street address above):   **NOT APPLICABLE** | ZIPCODE |

**Type of Debtor** (Form of organization)
(Check one box.)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (if debtor is not one of the above entities, check this box and state type of entity below

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"
- [ ] Debts are primarily business debts.

**Chapter 11 Debtors:**

Check one box:
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| [x] <br> 1-49 | [ ] <br> 50-99 | [ ] <br> 100-199 | [ ] <br> 200-999 | [ ] <br> 1,000-5,000 | [ ] <br> 5,001-10,000 | [ ] <br> 10,001-25,000 | [ ] <br> 25,001-50,000 | [ ] <br> 50,001-100,000 | [ ] <br> Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| [ ] <br> $0 to $50,000 | [ ] <br> $50,001 to $100,000 | [x] <br> $100,001 to $500,000 | [ ] <br> $500,001 to $1 million | [ ] <br> $1,000,001 to $10 million | [ ] <br> $10,000,001 to $50 million | [ ] <br> $50,000,001 to $100 million | [ ] <br> $100,000,001 to $500 million | [ ] <br> $500,000,001 to $1 billion | [ ] <br> More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| [ ] <br> $0 to $50,000 | [ ] <br> $50,001 to $100,000 | [ ] <br> $100,001 to $500,000 | [x] <br> $500,001 to $1 million | [ ] <br> $1,000,001 to $10 million | [ ] <br> $10,000,001 to $50 million | [ ] <br> $50,000,001 to $100 million | [ ] <br> $100,000,001 to $500 million | [ ] <br> $500,000,001 to $1 billion | [ ] <br> More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Official Form 1 (1/08)                                                                                    FORM B1, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br><br>**David Mark Sullivan** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years**          (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed:<br>***NONE*** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor**          (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:<br>***NONE*** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td><b>Exhibit A</b><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition</td>
<td><b>Exhibit B</b><br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X <i>/s/   David F. Falvey</i>                                 <i>1/ 9/2009</i><br>    Signature of Attorney for Debtor(s)                            Date</td>
</tr>
</table>

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and exhibit C is attached and made a part of this petition.<br>☒ No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☒   Exhibit D completed and signed by the debtor is attached and made part of this petition.<br>If this is a joint petition:<br>☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

Official Form 1 (1/08)                                                                                          FORM B1, Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | *David Mark Sullivan* |

<div align="center">

## Signatures

</div>

| | |
|---|---|
| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ David Mark Sullivan*
_____
    Signature of Debtor

X
_____
    Signature of Joint Debtor


_____
    Telephone Number (if not represented by attorney)

*1/ 9/2009*
_____
    Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)


_____
    (Printed name of Foreign Representative)

*1/ 9/2009*
_____
    (Date)

| | |
|---|---|
| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |

X */s/  David F. Falvey*
_____
    Signature of Attorney for Debtor(s)

    *David F. Falvey 08516*
_____
    Printed Name of Attorney for Debtor(s)

    *David F. Falvey, Esq.*
_____
    Firm Name

    *258 Route 12*
_____
    Address

    *Groton CT  06340*
_____

    *860-449-1510*
_____
    Telephone Number

    *1/ 9/2009*
_____
    Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
    Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

| | |
|---|---|
| **Signature of Debtor (Corporation/Partnership)** | |

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Authorized Individual

_____
    Printed Name of Authorized Individual

_____
    Title of Authorized Individual

*1/ 9/2009*
_____
    Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re _David Mark Sullivan_ _____    Case No. _____
                    Debtor                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___21___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: _1/9/2009_ _____    Signature _/s/ David Mark Sullivan_ _____
                                                        _David Mark Sullivan_

[If joint case, both spouses must sign.]

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B6B (Official Form 6B) (12/07)

In re **David Mark Sullivan**_____,    Case No. _____
                    Debtor(s)                                                        (If known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | *Personal Cash*<br>*Location: In debtor's possession* | | $ 20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Checking Account-Liberty Bank*<br>*Location: In debtor's possession* | | $ 1,188.02 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | *Household Goods*<br>*Location: In debtor's possession* | | $ 2,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | *Personal Clothing*<br>*Location: In debtor's possession* | | $ 250.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | *Life Insurance Policy*work provided*no cash surrender value*<br>*Location: In debtor's possession* | | $ 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Page __1__ of __3__

B6B (Official Form 6B) (12/07)

In re **David Mark Sullivan**                          ,          Case No. _____
                    Debtor(s)                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | *401K *not an asset of the estate Patterson vs Shumate Account worth approximately $140.00 Location: In debtor's possession* | | $ 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | | *Student Loan Refund Location: In debtor's possession* | | $ 2,022.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | *2008 Anticipated Tax Refund Location: In debtor's possession* | | $ 5,394.98 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | *Possible Class Action Lawsuit against AmeriQuest.  The attorney handling this case is Dan Blinn, 35 Cold Spring Road Suite 512, Rocky Hill, CT 06067.  His telephone number is (860) 571-0408 Location: In debtor's possession* | | $ 1,000.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

Page  2  of  3

B6B (Official Form 6B) (12/07)

In re **David Mark Sullivan**                                    ,        Case No. _____
　　　　　　　　　Debtor(s)                                                        (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | | *1998 Toyota Corolla, car has considerable problems including engine vibration. Location: In debtor's possession*<br><br>*2002 Kia Sidona, 110,000 Location: In debtor's possession* | | $ 500.00<br><br><br>$ 1,500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Page __3__ of __3__

Total ➔    $ 13,875.00

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


SERGIO A. SALAZAR and          )
GUADALUPE SALAZAR,             )
                               )
              Plaintiffs;      )
                               )
         vs.                   )  No. 05 C 4162
                               )
AMERIQUEST MORTGAGE            )
COMPANY and DEUTSCHE BANK      )
NATIONAL TRUST,                )
                               )
              Defendants.      )


         The deposition of GUADALUPE SALAZAR,

taken by the defendants for examination, pursuant

to notice, and pursuant to the Rules of Civil

Procedure for the United States District Courts

pertaining to the taking of depositions, taken

before Gina M. Pintozzi, csr, rpr, a notary public

in and for the County of Cook and State of

Illinois, at Suite 350, 224 South Michigan Avenue,

Chicago, Illinois, on Monday, March 20, 2006, at

the hour of 10:00 o'clock a.m.

# REDACTED

Page 88

7        Q. Mrs. Salazar, just so I
8   understand your testimony, we've identified within
9   Exhibit 1 at least two checks that you admit that
10  you received; is that correct?
11       A. Yes.
12       Q. And you either deposited the check in
13  your own account or you cashed it; is that
14  correct?
15       A. Yes.
16       Q. And used the proceeds of those two
17  checks for your own purposes?
18       A. Yes.
19       MR. HOFELD: I'm just going to object on
20  vagueness grounds. I don't know what you mean by
21  "your own purposes."
22       MR. LEDSKY: Q. You used them for what you
23  wanted to use them for; is that right?
24       MR. HOFELD: Same objection. Same

Page 89

1   objection. I mean, they weren't used for business
2   purposes, Jon. So —
3       MR. LEDSKY: Q. Your own personal purposes;
4   is that correct?
5       A. Yes, business debts that I owed.
6       MR. HOFELD: Same objection. There is a
7   miscommunication here.

# **EXHIBIT 12**

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

**Your DPPA Permissible Use:** undefined
**Your GLBA Permissible Use:** undefined

**Comprehensive Business Report**

## Company Information: (Click to Run Relavint Report         )
**Company Name:** STELLA'S HAIR SALON
**Address:** CHICAGO, IL

### Name Variations:
Company Name: STELLA'S HAIR SALON

### Address Variations:
Address: **6922 S WINCHESTER AVE, CHICAGO IL 60636**
County: **COOK**
Msa Description: **Chicago, IL**

### Phone Variations:
Phone:

## Comprehensive Business Report Summary: (Click on Link to see detail)
Industry Information:
 1 Found
Company ID Numbers:
 None Found
Corporation Filings:
 None Found
Registered Agents:
 None Found
Business Registration:
 None Found
UCC Filings for Business:
 None Found
Associated Businesses:
 2 Found
Business Contacts:
 1 Found
Properties:
 None Found
FAA Aircrafts:
 None Found
Watercrafts:
 None Found
Executives:
 1 Found

## Business Filings:

### Industry Information:

SIC Code: **7231**
SIC Description: **BEAUTY SHOPS**

### Corporation Filings:

[None Found]

## Registered Agents:
[None Found]

## Business Registration:
[None Found]

## UCC Filings for Business:
[None Found]

## Associated Businesses:
Name: FOUNTAIN, ANNIE
Address: 6922 S WINCHESTER AVE, CHICAGO IL 60636-3216

Name: WYNN, ANNIE
Address: 6922 S WINCHESTER AVE, CHICAGO IL 60636-3216

## Associated People:
### Business Contacts:
Name: HARRIS CASTELLA
SSN: 321-46-xxxx
Contact Title - **OWNER**
Address: **6922 S WINCHESTER AVE, CHICAGO IL 60636-3216**
Date Last Seen: **3/28/2005**

## Assets:
### Properties:
[None Found]

### FAA Aircraft:
[None Found]

### Watercraft:
[None Found]

## Executives:
Name: HARRIS CASTELLA
Contact Title - **OWNER**
Date Last Seen: **3/28/2005**

**EXHIBIT 13**

**1 OF 1 RECORD(S)**

FOR INFORMATIONAL PURPOSES ONLY
Copyright 2008 LexisNexis
a division of Reed Elsevier Inc. All Rights Reserved.

| **Name** | **Address** | **Phone** | **County/FIPS** |
|---|---|---|---|
| MAXIMUM CNC, INC. | None Listed | | |

### Name Variations/DBAs

| # | **Name Variations** |
|---|---|
| 1. | MAXIMUM CNC, INC. |

### Profile Information
**1: MAXIMUM CNC, INC.**

| | |
|---|---|
| **Company Name:** | MAXIMUM CNC, INC. |
| **Date Of Incorporation:** | 7/8/2004 |
| **State Of Incorporation:** | IL |
| **Charter Number:** | 63660469 |
| **Duration:** | PERPETUAL |
| **Status Of Incorporation:** | GOOD STANDING |
| **Corporation Structure:** | DOMESTIC CORPORATION |

### Registered Agents

| # | **Name** | **Address** |
|---|---|---|
| 1. | BRETT WERTEPNY | 2063 E CRAIG DR DES PLAINES, IL 60018-4023 |

### Company ID Numbers
**Company ID Numbers**

| **State IDs:** | IL, 63660469 |
|---|---|

### Person Associates

| # | **Name** | **Address** |
|---|---|---|
| 1. | WERTEPNY, BRETT | 2063 E CRAIG DR DES PLAINES, IL 60018 |

### Sources

| **All Sources** | **3 Source Document(s)** |
|---|---|
| **Business Contacts** | 1 Source Document(s) |
| **Business Finder** | 1 Source Document(s) |
| **Corporate Filings** | 1 Source Document(s) |

Key
High Risk Indicator.  These symbols may prompt you to investigate further.
Moderate Risk Indicator.  These symbols may prompt you to investigate further.
General Information Indicator.  These symbols inform you that additional information is provided.
The most recent telephone listing as reported by the EDA source.

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use is: Litigation
Your GLBA Permissible Use is: Persons With a Legal or Beneficial Interest re Consumer

Copyright© 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**EXHIBIT 14**

**1 OF 1 RECORD(S)**

FOR INFORMATIONAL PURPOSES ONLY
Copyright 2009 LexisNexis
a division of Reed Elsevier Inc. All Rights Reserved.

| **Full Name** | **Address** | **Phone** |
|---|---|---|
| KOBIALKA, RUTH E | 381 LLOYD ST<br>NEWINGTON, CT 06111-1905<br>HARTFORD COUNTY | None Listed |

**ADDITIONAL PERSONAL INFORMATION**

| **SSN** | **DOB** | **Gender** |
|---|---|---|
| 047-28-XXXX<br>Deceased | 4/1935<br>(Would be: 74)<br>(Date of Death: 6/26/2004) | |

**Subject Summary**
**Name Variations**
1:    KOBIALKA, RUTH
2:    KOBIALKA, RUTH A
3:    KOBIALKA, RUTH E
4:    KOBJALKA, RUTH E

**SSNs Summary**

| No. | SSN | State Iss. | Date Iss. | Warnings |
|---|---|---|---|---|
| | | Most frequent SSN attributed to subject: | | |
| 1: | 047-28-XXXX | Connecticut | 1953-1954 | Deceased |

**DOBs**
**Reported DOBs:**
4/1935

**Address Summary - 1 records found for subject.**

| No. | Address |
|---|---|
| 1: | 381 LLOYD ST<br>NEWINGTON, CT 06111-1905<br>HARTFORD COUNTY |

**Address Details**
**1: 381 LLOYD ST NEWINGTON, CT 06111-1905**

| Address | Dates | Phone |
|---|---|---|
| 381 LLOYD ST<br>NEWINGTON, CT 06111-1905<br>HARTFORD COUNTY | 9/2009 | |

**Census Data for Geographical Region**
Median Head of Household Age: 40
Median Income: $60,284
Median Home Value: $135,500
Median Education: 14 years
**Household Members**
GAGLIARDI, GINA H
KOBIALKA, EDWARD
KOBIALKA SR, EDWARD J
KOBIALKA, JOHN
KOBIALKA, STAN