**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 |
| | Lead Case No. 05-cv-07097 |
| | Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: | |
| *Christopher R. Roop, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 07 C 1347 | |

### DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs CHRISTOPHER R. ROOP's and SARAH ROOP's ("Plaintiffs") Second Amended Complaint as follows.

### SECOND AMENDED COMPLAINT

### INTRODUCTION

1.      Plaintiffs Christopher R. Roop and Sarah Roop bring this action against a "subprime" mortgage lender to secure relief, including rescission, for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA" ), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:**    Paragraph 1 is a summary description of the allegations within Plaintiffs' Amended Complaint to which no answer is required.  Paragraph 1 contains conclusions of law to which no answer is required.  Defendant denies any remaining allegations in paragraph 1.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).

- 1 -

**ANSWER:**  Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3.    Defendants do business in the District and are deemed to reside here. Venue is therefore proper under 28 U.S.C. §1391(c).

**ANSWER:**  Paragraph 3 contains conclusions of law to which no answer is required. Defendant admits that Argent Mortgage Co., LLC, conducted business in Illinois as well as numerous other states through August 2007. Defendant denies any remaining allegations in paragraph 3.

## PARTIES

4.    Plaintiffs Christopher R. Roop and Sarah Roop are husband and wife and own and reside in a single family home located at 11102 Pine Street, Taylor, MI 48180.

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4. Defendant denies any remaining allegations in paragraph 4.

5.    Defendant Argent Mortgage Company, L.L.C. ("Argent") is a foreign limited liability company which does business in Michigan. Its registered agent and office are National Registered Agents, 712 Abbott Road, East Lansing, MI 48823, or 200 W. Adams, Chicago, IL 60606.

**ANSWER:**  Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Michigan as well as numerous other states. Further answering, Defendant admits that National Registered agents is a registered agent of Argent Mortgage Company, LLC. Defendant denies the remaining allegations of paragraph 5.

6.    Defendant Argent is engaged in the business of originating "subprime" mortgages.

**ANSWER:**  Defendant admits that Argent Mortgage Company, LLC, provided residential mortgage loans through August 2007. Defendant denies any remaining allegations of paragraph 6.

7.    Defendant Argent makes more than 26 loans per year.

- 2 -

**ANSWER:**    Defendant admits that Argent Mortgage Company, LLC originated more than 26 mortgage loans per year until August 2007. Defendant denies any remaining allegations of paragraph 7.

    8.    Defendant Argent is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:**    Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

    9.    Defendant Argent is an affiliate of Ameriquest Mortgage Company.

**ANSWER:**    Defendant specifically denies the characterization and use of the term "affiliate." Defendant denies any remaining allegations in paragraph 9.

    10.    During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

    11.    Defendant EMC Mortgage Corporation ("EMC") is a foreign corporation which does business in Michigan. Its registered agent and office are The Corporation Company, 30600 Telegraph Road, Bingham Farms, MI 48025

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

    12.    Defendant EMC Mortgage Corporation services numerous loans originated by Argent, including plaintiffs', and claims an interest in such loans, including the right to receive payment thereunder. It is joined as a necessary party.

BN 2149760v1

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13.     Defendant LaSalle Bank, N.A. is a foreign corporation which does business in Michigan.  Its headquarters and principal office are located at 135 South LaSalle Street, Chicago, IL, 60603.  On information and belief, it holds title to plaintiffs' loan.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14.     Bear Sterns Mortgage Capital Corporation is a foreign corporation that does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814.  On information and belief, it has an ownership interest in plaintiffs' loan.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

## FACTS RELATING TO PLAINTIFFS

15.     Plaintiffs are ordinary consumers.  Christopher Roop is employed as a driver for a baking company, and Sarah Roop occasionally works cleaning houses.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16.     Prior to December 31, 2004, plaintiffs applied for a mortgage with American Elite Financial, Inc. ("American Elite"), a mortgage broker.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

17.     In approximately October, 2004, an employee of American Elite named Jason Merta took plaintiffs' application information over the phone.

BN 2149760v1

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

18.    Plaintiffs needed and used the loan for personal, family or household purposes, namely refinancing of prior debt incurred for such purposes.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19.    The loan was closed with Argent Mortgage Company on December 31, 2004.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20.    The following are documents relating to the loan:

  a.    A note, Exhibit A.  Only Sarah Roop signed the note.

  b.    A mortgage.  On information and belief, both Christopher R. Roop and Sarah Roop signed the mortgage.

  c.    A settlement statement, Exhibit B.

  d.    A Truth in Lending disclosure statement, Exhibit C.

  e.    The official Federal Reserve Board notice of right to cancel, Exhibit D. Three copies were provided.

**ANSWER:**    Paragraph 20 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

21.    Plaintiffs were charged a "loan discount" of $661.21.  See Exhibit B, Line In exchange for paying this fee, Ameriquest contracted to give plaintiffs a reduction in their interest rate.  As reflected on the borrower's acknowledgment of final loan terms, attached hereto as Exhibit E, they received no discount.

- 5 -

**ANSWER:**     Paragraph 21 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22.     The loan application that Merta prepared and pre-typed for plaintiffs is attached as Exhibit F. (Sensitive personal identification information has been redacted from this Exhibit.) In section IV of this typed, pre-printed application, Merta stated that Sarah Roop had worked for five years as a driver for Arrival Limosine.

**ANSWER:**     Paragraph 22 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23.     Sarah Roop has never worked as a driver or for any company named Arrival Limosine.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23. Defendant denies any remaining allegations in paragraph 23.

24.     In addition, section V of the prepared loan application lists plaintiffs' monthly income as $3,000.

**ANSWER:**     Paragraph 24 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25.     At the time of the loan, plaintiffs' monthly income was $2,600. At all times, plaintiffs gave true and accurate information and documents to Merta and Argent.

BN 2149760v1

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

26.    American Elite and/or Argent then arranged to have plaintiffs initial the application containing false information at closing.  Plaintiffs did not notice the false information at the time.  The application was one of scores of documents and hundreds of pages of documents presented to plaintiffs at closing.  Plaintiffs did not read each document for accuracy at that time.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27.    Plaintiffs were not made aware of false information on their prepared loan application until obtaining current counsel.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27. Defendant denies any remaining allegations in paragraph 27.

28.    On information and belief, Argent was aware of the false information on the loan application at the time of closing.  Two Argent employees, Haley Clark, and Phil Shlimon, allegedly called "Aarival Limousine" on the day of closing to verify Ms. Roop's employment. Exhibit J.  However, a search on the website of the Michigan Secretary of State shows that in fact there is no such company named "Aarival Limousine" or "Arrival Limousine" in the state of Michigan.  On information and belief, Argent Mortgage Company fabricated Exhibit J.  This document does not contain a line for plaintiffs' signature, and plaintiffs did not see a copy until it was produced as discovery for this lawsuit.

**ANSWER:**    Paragraph 28 references a document attached to the Second Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28. Defendant denies any remaining allegations in paragraph 28.

- 7 -

29.     On December 28, 2004, Argent Mortgage Company prepared a Good Faith

Estimate, attached as Exhibit G, listing plaintiffs' total estimated settlement charges at $1,820.

**ANSWER:**     Paragraph 29 references a document attached to the Second Amended Complaint
to which no answer is required.  Defendant references the document in its entirety
for a complete and accurate statement of its contents.  Defendant is without
knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in paragraph 24. Defendant denies any remaining
allegations in paragraph 29.

30.     At closing three days later, Argent charged plaintiffs $7,668.46 in settlement

charges or 421% of the charges on their Good Faith Estimate!  Exhibit E and Exhibit B, Line

1400.

**ANSWER:**     Paragraph 30 references documents attached to the Second Amended Complaint
to which no answer is required.  Defendant references the documents in their
entirety for a complete and accurate statement of their contents.  Defendant is
without knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in paragraph 30. Defendant denies any remaining
allegations in paragraph 30.

31.     At no point did any employee of Argent Mortgage Company or American Elite

Financial mention settlement charges to either plaintiff.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph 31. Defendant denies any remaining
allegations in paragraph 31.

32.     Further, Argent increased the terms of the loan at closing in spite of the fact that it

had already - prior to the increase and at the start of the application process - obtained sufficient

financial and credit information from plaintiffs to have determined the loan terms for which

plaintiffs qualified.  Exhibit E;

**ANSWER:**     Paragraph 32 references a document attached to the Second Amended Complaint
to which no answer is required.  Defendant references the document in its entirety
for a complete and accurate statement of its contents.  Defendant is without
knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in paragraph 32. Defendant denies any remaining
allegations in paragraph 32.

- 8 -

33.     Plaintiffs were later directed to make payments to AMC Mortgage Services.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33. Defendant denies any remaining allegations in paragraph 33.

34.     Still later, plaintiffs were directed to make payments to EMC Mortgage Corporation.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. Defendant denies any remaining allegations in paragraph 34.

35.     On information and belief, defendant LaSalle Bank, N.A. currently holds title to plaintiffs' loan.  Bear Stearns Mortgage Capital Corporation is the beneficial owner under Asset Backed Securities I LLC Asset Backed Certificates, Series 20050AQ1.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35. Defendant denies any remaining allegations in paragraph 35.

36.     In the event that neither LaSalle Bank, N.A. nor Bear Sterns currently own plaintiffs' loan, the actual owners are named as Does 1-5.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36. Defendant denies any remaining allegations in paragraph 36.

## COUNT I – TILA

37.     Plaintiffs incorporate paragraphs 1-36.  This count is against all defendants.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 36.

38.     In order to give consumers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later.  More specifically, the statute provides that:

BN 2149760v1

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.** (15 U.S.C. § 1635(a)).

**ANSWER:**     Paragraph 38 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. § 1635(a) have been accurately quoted in paragraph 38, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. § 1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 38.

39.     To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.** (15 U.S.C. § 1635(b).)

**ANSWER:**     Paragraph 39 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. § 1635(b) have been accurately quoted in paragraph 39, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. § 1635(b) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 39.

40.     To ensure that consumers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

**ANSWER:**   Paragraph 40 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. § 1635(a) have been accurately quoted in paragraph 40, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. § 1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 40.

41.     Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:**   Paragraph 41 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 41, but specifically denies the characterization of the language as alleged. Defendant refers to 12 C.F.R. § 226.23(b)(1) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 41.

42.     More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i)     The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii)     The consumer's right to rescind the transaction.**
>
> **(iii)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

> **(iv)** **The effects of rescission, as described in paragraph (d) of this section.**
>
> **(v)** **The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)**

**ANSWER:** Paragraph 42 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 C.F.R. §1226.23(b)(1) have been accurately quoted in paragraph 42, but specifically denies the characterization of the language as alleged. Defendant refers to 15 C.F.R. §1226.23(b)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 42.

### DEFECTIVE NATURE OF DISCLOSURES

43. In connection with the plaintiffs' loan, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the following reasons:

**Insufficient Number of Notices**

44. Plaintiffs were provided with only three copies of the official Notice of Right to Cancel forms instead of the four required.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44. Defendant denies any remaining allegations in paragraph 44.

**Notices Confusing Where Less Than All Owners Are Obligated**

45. Exhibit D is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

**ANSWER:** Paragraph 45 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies the remaining allegations in paragraph 45.

46. The top of Exhibit D has only Sarah Roop's name on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each

borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document.  While there are signature lines for both plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:**     Paragraph 46 references a document attached to the Second Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.  Defendant denies the remaining allegations in paragraph 46.

47.     The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells such persons that they have the right to cancel.

**ANSWER:**     Paragraph 47 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 47.

48.     Notice of rescission has been given to defendants.  Copies are attached as <u>Exhibit H</u> and <u>Exhibit I</u>.

**ANSWER:**     Paragraph 48 references a document attached to the Second Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48. Defendant denies any remaining allegations in paragraph 48.

49.     The loan has not been rescinded.

**ANSWER:**     Defendant admits that Plaintiffs' loan has not been rescinded.  Defendant denies that Plaintiffs has the right to rescind their loan.  Defendant denies the any remaining allegation in paragraph 49.

50.     Under 15 U.S.C. §1641(c), the right to rescind may be exercised against any assignee.

**ANSWER:**     Paragraph 50 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 50.

51.    15 U.S.C. §1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:**    Paragraph 51 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been accurately quoted in paragraph 51, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 51.

## COUNT II – BREACH OF CONTRACT

52.    Plaintiffs incorporate paragraphs 1-36.

**ANSWER:**    Defendant repeats and reaffirms its answers to paragraphs 1 through 36.

53.    This claim is against Argent only.

**ANSWER:**    Paragraph 53 is a summary description of the allegations within Plaintiffs' Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 53.

54.    Defendant Argent contracted and undertook to provide a discounted interest rate if plaintiffs paid a loan discount fee.

**ANSWER:**    Paragraph 54 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 54.

55.    Plaintiffs paid the fee but did not receive a discounted rate.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55. Defendant denies any remaining allegations in paragraph 55.

56.    Argent thereby breached its agreement.

**ANSWER:**    Paragraph 56 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 56.

- 14 -

57.     Plaintiffs were damaged as a result.

**ANSWER:**     Paragraph 57 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 57.

### COUNT III – MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT

58.     Plaintiffs incorporate paragraphs 1-37.  This count is against Argent.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 37.

59.     Defendant engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by engaging in a "bait and switch" practice: substantially increasing plaintiffs' settlement charges and APR after their loan had already been completely underwritten.

**ANSWER:**     Paragraph 59 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 59.

60.     Defendant also engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by fraudulently inflating plaintiffs' monthly income and falsifying employment information in order to represent that plaintiffs qualified for a larger loan amount.

**ANSWER:**     Paragraph 60 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 60.

61.     Furthermore, defendant engaged in fraud, deceit and material misrepresentation, in violation of MCL §445.1672(b), by representing that the payment of a "loan discount fee" would reduce plaintiffs' interest rate, and then failing to reduce plaintiffs' interest rate after the fee had been paid.

**ANSWER:**     Paragraph 61 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 61.

62.     Defendant made the representations for the purpose of inducing reliance, in the form of the plaintiffs taking out a loan with Argent.

**ANSWER:**    Paragraph 62 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 62.

63.    Plaintiffs were induced to transact business with Argent by means of this misrepresentation.

**ANSWER:**    Paragraph 63 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 63.

64.    Defendant made the representations in the course of trade and commerce.

**ANSWER:**    Paragraph 64 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 64.

65.    Plaintiffs were injured by defendant's misrepresentations.

**ANSWER:**    Paragraph 65 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 65.

## COUNT IV – COMMON LAW FRAUD

66.    Plaintiffs incorporate paragraphs 1-36.  This claim is against Argent.

**ANSWER:**    Defendant repeats and reaffirms its answers to paragraphs 1 through 36.

67.    On December 21, 2004, Argent represented to plaintiffs that, based upon their monthly income and employment information, they qualified for a $110,200 loan.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.  Defendant denies any remaining allegations in paragraph 67.

68.    These representations were material to the terms of Argent's loan to plaintiffs.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.  Defendant denies any remaining allegations in paragraph 68.

69.    Argent's representations to plaintiffs that they qualified for the loan were false because they were based upon Argent's falsification of material facts on plaintiffs' loan application.  Exhibit F.

- 16 -

**ANSWER:**   Paragraph 69 references a document attached to the Second Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69. Defendant denies any remaining allegations in paragraph 69.

70.   Defendant made these representations intentionally, with knowledge of their falsity, for the purpose of inducing the plaintiffs to rely on it.

**ANSWER:**   Paragraph 70 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 70.

71.   Defendant's representation that the plaintiffs qualified for the loans caused the plaintiffs to rely on the misrepresentations to their detriment.

**ANSWER:**   Paragraph 71 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 71.

72.   Plaintiffs' reliance was justifiable.

**ANSWER:**   Paragraph 72 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 72.

### JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Second Amended Complaint so triable.

### REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

**DEFENSES**

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Second Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4.     Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED:  October 26, 2009                          Respectfully submitted,


                                                  By: /s/  Thomas J. Wiegand

                                                  *Attorneys for Defendant Argent Mortgage Company, LLC*

                                                  Thomas J. Wiegand  twiegand@winston.com
                                                  Gregory J. Miarecki
                                                  David E. Dahlquist
                                                  Winston & Strawn, LLP
                                                  35 W. Wacker Drive
                                                  Chicago, Illinois  60601-9703
                                                  Telephone: (312) 558-5600
                                                  Facsimile:  (312) 558-5700

BN 2149760v1

## CERTIFICATE OF SERVICE

I, David E. Dahlquist, hereby certify that on this 26th day of October 2009, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By:  _____/s/  David E. Dahlquist_____

BN 2149760v1
CHI:2324381.1