- 1 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715 <br><br> Lead Case No. 05-cv-07097 <br><br> Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO: <br><br> *Jose Salinas, et al. v. Argent Mortgage Company, LLC, et al.*; Case No. 07 C 254 | |

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiffs JOSE SALINAS', JUANITA SALINAS' and RUTH SALINAS' ("Plaintiffs") Second Amended Complaint as follows.

**SECOND AMENDED COMPLAINT**

**INTRODUCTION**

1.  Plaintiffs Jose E. Salinas, Juanita Salinas and Ruth Salinas bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** Paragraph 1 is a summary description of the allegations within Plaintiffs' Second Amended Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Further answering, Defendant specifically denies the characterization and use of the term "subprime." Defendant denies any remaining allegations in paragraph 1.

- 1 -

- 2 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §§1640 (TILA) and 1691e (ECOA). Defendants transact business in the District and are deemed to reside here.

**ANSWER:** Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

## PARTIES

3. At the time of the facts alleged below, plaintiffs Jose E. Salinas, Juanita Salinas and Ruth Salinas owned and resided in a single-family residence at 1716 N. Baldwin Avenue, Waukegan, IL 60085.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. Defendant denies any remaining allegations in paragraph 3.

4. Defendant Argent Mortgage Company, LLC is a foreign limited liability company that maintains offices in and does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.

**ANSWER:** Defendant admits that Argent Mortgage Company, LLC, is a foreign limited liability company that conducted business in Illinois as well as numerous other states. Further answering, Defendant admits that National Registered agents is a registered agent of Argent Mortgage Company, LLC. Defendant denies the remaining allegations of paragraph 4.

5. Defendant Argent Mortgage Company. LLC is engaged in the business of originating "subprime" mortgages.

**ANSWER:** Defendant admits that it provided residential mortgage loans through August 2007. Defendant denies any remaining allegations of paragraph 5.

6. Defendant Argent Mortgage Company, LLC makes more than 26 loans per year.

**ANSWER:** Defendant admits that for certain periods, it originated more than 26 mortgage loans per year. Defendant denies any remaining allegations of paragraph 6.

7. Defendant Argent Mortgage Company, LLC is a "creditor" as defined in TILA and Regulation Z.

**ANSWER:** Paragraph 7 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 7.

8. Defendant Wells Fargo Bank Minnesota. N.A. is a federally chartered bank located at 730 Center Ave., Moorhead, MN 56560. On information and belief it last held legal title to plaintiffs' loan, as trustee.

**ANSWER:** Defendant admits that Wells Fargo Bank Minnesota. N.A. holds legal title to some mortgage loans originated by Argent Mortgage Company, LLC, including Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8. Defendant denies any remaining allegations in paragraph 8.

9. Defendant Park Place Securities, Inc., is a foreign corporation which transacts business in Illinois. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including plaintiffs'. Its registered agent is National Registered Agents, Inc., located at 2030 Main Street, Suite 1030, Irvine, CA 92614.

**ANSWER:** Defendant admits that Park Place Securities, Inc. holds legal title to some mortgage loans originated by Argent Mortgage Company, LLC, including Plaintiffs' loan. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

## FACTS RELATING TO PLAINTIFFS

10. Prior to Feb. 28, 2005, plaintiffs applied for a mortgage with Argent Mortgage Company, LLC, through a mortgage broker, Freedom Mortgage Team, Inc.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10. Defendant denies any remaining allegations in paragraph 10.

11. Because Freedom Mortgage received a yield spread premium (Exhibit D, line 808) from Argent in exchange for putting plaintiffs into a high-rate loan, Freedom Mortgage's actions are attributable to Argent.

**ANSWER:** Paragraph 11 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12. Throughout the process, plaintiff Jose E. Salinas and the Freedom Mortgage employee with whom he spoke, on information and belief Luis Uribe, communicated almost exclusively in Spanish.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13. Plaintiffs needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

14. The loan was closed on Feb. 28, 2005.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15. Immediately prior to the closing, the loan terms were altered to plaintiffs' detriment, as set forth on <u>Exhibit A</u>. Argent raised plaintiffs' settlement charges from $5,235.20 to $9,371.46 without a valid reason, despite having previously and at the beginning of the application process gathered enough information to provide an accurate quote.

**ANSWER:** Paragraph 15 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16. Argent did not provide plaintiff with proper notice of the change in terms, as required by Illinois law. The Residential Mortgage License Act of 1987 was enacted to "protect Illinois consumers seeking residential mortgage loans and to ensure that the residential mortgage lending industry is operating fairly, honestly and efficiently, free from deceptive and anti-competitive practices." 205 ILCS 635/1-2(b)(2005). The implementing regulations, at 38 Ill. Adm. Code 1050.1230 (2005), create an affirmative disclosure obligation when the lender changes the borrowers' loan terms prior to closing:

> **§ 1050.1230 Changes Affecting Loans in Process.**
>
> **a) If it is determined that a borrower does not qualify for the loan amount, terms or program for which he or she applied and the costs of another recommended program would materially differ from the costs itemized on the Good Faith Estimate, the licensee immediately shall provide to the customer a written, and when possible, a verbal, plain-English explanation of any program the licensee recommends as one for which the borrower may be qualified. Such explanation shall include but not be limited to detailed information on costs to the borrower.**

The regulations also create an affirmative, general duty of good faith, defined as "honesty in fact in the conduct of the transaction." 38 Ill. Adm. Code 1050.1250(a)(2005). That duty is as follows: "[a]ny disclosure or action required by the Act or this Part shall be made in good faith." Id.

**ANSWER:** Paragraph 16 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of Section 1050.1230 have been accurately quoted in paragraph 16, but specifically denies the characterization of the language as alleged. Defendant refers to Section 1050.1230 in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 16.

17. The following are documents relating to the loan:

   a. A note, <u>Exhibit B</u>. Only Jose Salinas signed the note.

   b. A mortgage, <u>Exhibit C</u>. All three plaintiffs signed the mortgage.

   c. A settlement statement, <u>Exhibit D</u>;

   d. A Truth in Lending statement. <u>Exhibit E</u>;

   e. A single copy of the three-day notice of right to cancel required by the Federal Reserve Board, <u>Exhibit F</u>;

**ANSWER:** Paragraph 17 contains references to documents to which no answer is required. Defendant references the cited documents in their entirety for a complete and accurate statement of their contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17. Defendant denies any remaining allegations in paragraph 17.

  18. The closing was conducted in Spanish. Of the three plaintiffs, only Ruth Salinas speaks fluent English. No official translator was present.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

  19. Nearly all of the discussions with Uribe and the closing of the loan were conducted in Spanish.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

  20. At the closing, plaintiffs were presented with a stack of documents, all exclusively in English.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

  21. The documents were not translated into Spanish.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

  22. The resulting mortgage loan transaction was a retail transaction.

**ANSWER:** Paragraph 22 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 22.

23. No certificate of the sort described in §2N of the Illinois Consumer Fraud Act, 815 ILCS 505/2N, was executed. Section 2N provides:

> **§ 2N. Non-English language transaction.**
>
> **(a)** If (i) a person conducts, in a language other than English, a retail transaction or negotiations related to a retail transaction resulting in a written contract and (ii) the consumer used an interpreter other than the retailer or an employee of the retailer in conducting the transaction or negotiations, the retailer must have the consumer and the interpreter sign the following forms:
>
>> I, (name of consumer), used (name of interpreter) to act as my interpreter during this retail transaction or these negotiations. The obligations of the contract or other written agreement were explained to me in my native language by the interpreter. I understand the contract or other written agreement.
>>
>> (signature of consumer)
>>
>> (relationship of interpreter to consumer)
>>
>> I, (name of interpreter), acted as interpreter during this retail transaction or these negotiations. The obligations of the contract or other written agreement were explained to (name of consumer) in the consumer's native language. I understand the contract or other written agreement.
>>
>> (signature of interpreter)(relationship of interpreter to consumer)
>
> **(b)** If (i) a person conducts, in a language other than English, a retail transaction or negotiations related to a retail transaction resulting in a written contract and (ii) the retailer or an employee of the retailer acted as the consumer's interpreter in conducting the transaction or negotiations, the retailer must have the consumer sign the following form in the consumer's native language (except as provided in subsection (c)):
>
>> This retail transaction or these negotiations were conducted in (language), which is my native language. I voluntarily choose to have the retailer act as my interpreter during the negotiations. The obligations of the contract or other written agreement were explained to me in my native language. I understand the contract or other written agreement.
>>
>> (signature of consumer) (signature of retailer)

- 7 -

>    **(c)    If a language that cannot he written is used in the retail transaction or in negotiations related to a retail transaction, then the form set forth in subsection (b) shall be in the English language.**
>
>    **(d)    If a person used forms substantially similar to the forms prescribed in subsections (a) and (b) in the regular course of business before January 1, 2002, the person may continue to use those forms instead of the forms prescribed in subsections (a) and (b).**
>
>    **(e)    The terms of this Section do not apply to transactions made pursuant to a credit card issued to the buyer, whether such card is issued by the seller or by a third party.**

**ANSWER:**  Paragraph 23 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of Section 2 have been accurately quoted in paragraph 23, but specifically denies the characterization of the language as alleged. Defendant refers to Section 2 in its entirety for a complete and accurate statement of its contents.  To the extent an answer is required, Defendant denies the allegations in paragraph 23.

    24.    Plaintiffs were directed to make payments to Argent Mortgage Company (<u>Exhibit G</u>) and later to AMC Mortgage Services, Inc.

**ANSWER:**  Paragraph 24 references a document attached to the Second Amended Complaint to which no answer is required.  Defendant references the document in its entirety for a complete and accurate statement of its contents.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

    25.    On information and belief, Wells Fargo Bank Minnesota, N.A. last held legal title to plaintiffs' loan, as Trustee. Park Place Securities, Inc., was the beneficial owner of plaintiffs' loan under Floating Rate Mortgage Pass-Through Certificates, Series 2005-WHQ3 Under Pooling and Servicing Agreement Dates as May 1, 2005, Without Recourse.

**ANSWER:**  Defendant admits that Wells Fargo Bank Minnesota, N.A. holds legal title to Plaintiffs' loan.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

BN 1931879v1

26. In the event that Park Place Securities. Inc., was not the last owner of plaintiffs' loan or Wells Fargo Bank Minnesota, N.A. was not the last title holder, (actual ownership is rarely if ever shown of record), the actual owners are named as Does 1-5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27. Defendants Park Place Securities, Inc., and Wells Fargo Bank Minnesota, N.A., were aware or should have been aware of Argent's fraudulent and deceptive practices in originating the loan to plaintiff. Among other reasons, these practices have received wide publicity for years. Neither defendant-assignee is a holder in due course.

**ANSWER:** Paragraph 27 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 27.

## COUNT I — TILA

28. Plaintiffs incorporate paragraphs 1-27.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 27.

29. This claim is against all defendants.

**ANSWER:** Paragraph 29 is a summary description of the claim within Plaintiffs' Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 29.

30. In order to give consumer borrowers the opportunity to rethink transactions that would put the titles to their homes at risk, the Truth in Lending Act gives home owners who refinance their mortgages with a new lender the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or three days of receiving notice of their right to rescind, whichever is later. More specifically, the statute, provides that:

> **Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the**

- 9 -

BN 1931879v1

> **transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. (15 U.S.C. § 1635(a)).**

**ANSWER:** Paragraph 30 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 30, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 30.

31. To ensure that rescission is a viable option, the statute also provides that if the customer elects to rescind, the customer is entitled to the return of all money or property that the customer has given as part of the credit transaction. More specifically, the statute provides:

> **When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. (15 U.S.C. § 1635(b).)**

**ANSWER:** Paragraph 31 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(b) have been accurately quoted in paragraph 31, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(b) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 31.

32. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms**

> for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)

**ANSWER:** Paragraph 32 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(a) have been accurately quoted in paragraph 32, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 32.

33. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.

**ANSWER:** Paragraph 33 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 12 C.F.R. § 226.23(b)(1) have been accurately quoted in paragraph 33, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(a) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 33.

34. More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii) The consumer's right to rescind the transaction.**
>
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv) The effects of rescission, as described in paragraph (d) of this section. (v) The date the rescission period expires. (12 C.F.R. §226.23(b)(1).)**

- 11 -

**ANSWER:** Paragraph 34 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 C.F.R. §1226.23(b)(1) have been accurately quoted in paragraph 34, but specifically denies the characterization of the language as alleged. Defendant refers to 15 C.F.R. §1226.23(b)(1) in its entirety for a complete and accurate statement of its contents. Defendant denies any remaining allegations in paragraph 34.

35. Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to rescind.

**ANSWER:** Paragraph 35 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 35.

## GROUNDS FOR RESCISSION

36. In connection with the loan, Argent Mortgage Company, LLC failed to provide the required disclosures of the plaintiffs' right to cancel within three days, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23, for (without limitation) the reasons stated below.

**ANSWER:** Paragraph 36 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 36.

37. Plaintiffs received only a single federal notice of right to cancel form (Exhibit F), instead of the required six (two per mortgagor).

**ANSWER:** Paragraph 37 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies the remaining allegations in paragraph 37.

38. Further, Exhibit F is inherently confusing with respect to who has a right to cancel in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Argent to the official Federal Reserve Board text.

**ANSWER:** Paragraph 38 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies the remaining allegations in paragraph 38.

- 12 -

39. The top of Exhibit F has only Jose Salinas' name on it and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for all three plaintiffs at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

**ANSWER:** Paragraph 39 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant denies the remaining allegations in paragraph 39.

40. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice that unequivocally tells each such person that they have the right to cancel.

**ANSWER:** Paragraph 40 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 40.

41. Notice of rescission was given to defendants prior to plaintiffs' sale of their home.. A copy is attached as Exhibit H.

**ANSWER:** Paragraph 41 references a document attached to the Second Amended Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41. Defendant denies any remaining allegations in paragraph 41.

42. The loan has not been rescinded.

**ANSWER:** Defendant admits that Plaintiffs' loan has not been rescinded. Defendant denies that Plaintiffs has the right to rescind their loan. Defendant denies the any remaining allegation in paragraph 42.

BN 1931879v1

43. Under 15 U.S.C. §)641(c), the right to rescind may be exercised against any assignee.

**ANSWER:** Paragraph 43 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 43.

44. 15 U.S.C. § 635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

**ANSWER:** Paragraph 44 contains conclusions of law to which no answer is required. Further answering, Defendant admits that portions of 15 U.S.C. §1635(g) have been accurately quoted in paragraph 44, but specifically denies the characterization of the language as alleged. Defendant refers to 15 U.S.C. §1635(g) in its entirety for a complete and accurate statement of its contents. To the extent an answer is required, Defendant denies the allegations in paragraph 44.

## COUNT II — ECOA

45. Juanita and Ruth Salinas incorporate paragraphs 1-44.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 44.

46. This claim is against Argent only.

**ANSWER:** Paragraph 46 is a summary description of the claim within Plaintiffs' Second Amended Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 46.

47. On information and belief, the majority of the instances in which less than all owners of the property sign a note in favor of defendant are where a man and a woman own the property and only the man signs the note.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47. Defendant denies any remaining allegations in paragraph 47.

48. On information and belief, it is defendant's practice, if the woman does not have an income and/or her credit score is no better than the man's, to prepare the loan documents in this manner.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48. Defendant denies any remaining allegations in paragraph 48.

49. Defendant's practice thus impairs and obfuscates the cancellation rights of women, and married women particularly, because of their gender and marital status, in violation of the ECOA's prohibition against discrimination on such bases.

**ANSWER:** Paragraph 49 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 49.

## COUNT III — ILLINOIS CONSUMER FRAUD ACT

50. Plaintiffs incorporate paragraphs 1-27.

**ANSWER:** Defendant repeats and reaffirms its answers to paragraphs 1 through 27.

51. Defendant engaged in unfair and deceptive practices, in violation of §§2 and 2N of the Illinois Consumer Fraud Act, 815 ILCS 505/2 and 2N, by:

   a. Failing to translate the loan documents;

   b. Failing to comply with §2N;

   c. Baiting plaintiffs on one set of loan terms and then switching them to less favorable terms at the last possible minute, in violation of 38 Ill. Adm. Code 1050.1230 (2005); and

   d. Paying an excessive and unreasonable yield spread premium.

**ANSWER:** Paragraph 51 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 51.

52. Defendants engaged in such conduct in the course of trade and commerce.

**ANSWER:** Paragraph 52 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 52.

53. Defendants engaged in such conduct with the intent to injure plaintiffs.

**ANSWER:** Paragraph 53 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 53.

54. Plaintiffs were damaged as a result.

**ANSWER:** Paragraph 54 contains conclusions of law to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 54.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiffs' Second Amended Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiffs on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.	Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5.	Plaintiffs' claims are barred by the applicable statute of frauds.

6.	Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.	Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.	Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.	Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10.	Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Second Amended Complaint.

11.	As to each cause of action, Defendant is entitled to an offset.

12.	Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13.	Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.	Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Second Amended Complaint.

15.	Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

16.	Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

17. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss Plaintiffs' Second Amended Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

- 19 -

  4.  Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED:  October 26, 2009        Respectfully submitted,

                By: /s/  Thomas J. Wiegand

*Attorneys for Defendant Argent Mortgage Company, LLC*

Thomas J. Wiegand  twiegand@winston.com
Gregory J. Miarecki
David E. Dahlquist
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, Illinois  60601-9703
Telephone: (312) 558-5600
Facsimile:  (312) 558-5700

## CERTIFICATE OF SERVICE

      I, David E. Dahlquist, hereby certify that on this 26th day of October 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      By:    /s/ David E. Dahlquist

BN 1931879v1
CHI:2324383.1