## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Victor H. Sanchez v. Argent Mortgage Company, LLC, et al.*; Case No. SACV07-984 CJC (RNBx) | |

### DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant ARGENT MORTGAGE COMPANY, LLC ("Defendant"), by and through its attorneys, answers Plaintiff VICTOR H. SANCHEZ's ("Plaintiff") Complaint as follows.

1.      Plaintiff Victor H. Sanchez ("Plaintiff"), by and through his attorneys, brings this action against Argent Mortgage Company, LLC (referred to herein as "Argent" or "Defendant") seeking redress for racially discriminatory lending practices under the Equal Credit Opportunity Act, 1.5 U.S.C. § 1691, *et seq.* ("ECOA"), the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"), and the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982, on behalf of himself and all others similarly situated.

**ANSWER:**      Paragraph 1 is a summary description of the allegations within Plaintiff's Complaint to which no answer is required. Paragraph 1 also contains conclusion of law to which no response is required. Defendant denies any remaining allegations in paragraph 1.

### INTRODUCTION

2.      This class action challenges Defendant Argent's racially discriminatory mortgage lending practices. Defendant Argent has engaged in both intentional and disparate impact discrimination through its development and implementation of mortgage pricing policies and

- 1 -

procedures that provide financial incentives to its authorized mortgage brokers and correspondent lenders to make subjective decisions to increase interest rates and charge additional fees and costs to minority borrowers.

**ANSWER:**     Paragraph 2 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 2.

3.     Defendant Argent's authorized mortgage brokers, and correspondent lenders are given discretion -- and actually encouraged and incentivized -- to increase interest rates and charge additional fees to certain borrowers.  These policies directly lead to minorities receiving home loans with higher interest rates and higher fees and costs than similarly situated non-minority borrowers.

**ANSWER:**     Paragraph 3 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 3.

4.     As used in this Complaint, "minority" or "minorities" shall refer to all non-Caucasians and other minority racial groups protected under 42 U.S.C §§ 1981, 1982, and 3604, and 15 U.S.C. § 1691.

**ANSWER:**     Paragraph 4 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 4.

5.     Plaintiff brings this action on behalf of all minorities (hereinafter collectively referred to as the "Class" or "members of the Class") who have entered into residential mortgage loan contracts that were financed or purchased by Defendant Argent, and who have been subjected to racial discrimination.

**ANSWER:**     Paragraph 5 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 5.

6.     Plaintiff seeks injunctive, declaratory, and equitable relief, and other remedies for Defendant's racially discriminatory conduct.

**ANSWER:**     Paragraph 6 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 6.

## JURISDICTION AND VENUE

7.      This Court has Jurisdiction pursuant to 28 U.S.C. § 1331, which gives this Court Original jurisdiction over civil actions arising under federal law.

**ANSWER:**      Paragraph 7 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 7.

8.      Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because a substantial part of the events giving rise to Plaintiff's and the Class's claims occurred in this District. Defendant's corporate headquarters are located in this District, and the practices complained of herein were formulated and structured in this District.

**ANSWER:**      Paragraph 8 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 8.

## PARTIES

9.      Plaintiff Victor H. Sanchez is a Latino homeowner who resides at 829 E. Marguerita Ave., Phoenix, AZ 85040.

**ANSWER:**      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. Defendant denies any remaining allegations in paragraph 9.

10.      Defendant Argent is a mortgage lender whose principal place of business at 2603 Main St., Irvine, CA 92614.

**ANSWER:**      Defendant admits that its principle office was located in Orange, California until August 2007. Defendant denies any remaining allegations in paragraph 10.

## FACTS

## I.      HISTORICAL DISCRIMINATION IN AMERICAN MORTGAGE LENDING

11.      Racial discrimination in America's mortgage lending industry has a long legacy. As this Complaint, attests, that unfortunate history continues to this day due to discriminatory treatment of minority borrowers by mortgage banks such as Defendant Argent.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11. Defendant denies any remaining allegations in paragraph 11.

12.     The Joint Center for Housing Studies at Harvard University conducted a study in 2005 called "The Dual Mortgage Market:  The Persistence of Discrimination in Mortgage Lending," which summarizes that history well.  It states that "[i]n the immediate post-World War II period, racial discrimination in mortgage lending was easy to spot.  From government-sponsored racial covenants in the Federal Housing Administration (FHA) guidelines to the redlining practices of private mortgage lending and financial institutions, minorities were denied access to home mortgages in ways that severely limited their ability to purchase a home.  Today, mortgage lending discrimination is more subtle. …  [M]ore than three decades after the enactment of national fair lending legislation, minority consumers continue to have less than equal access to loans, at the best price and on the best terms that their credit history, income, and other individual financial considerations.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12. Defendant denies any remaining allegations in paragraph 12.

13.     The federal Home Mortgage Disclosure Act ("HMDA") requires mortgage lenders to report information about the home loans they process each year.  In 2005, lenders reported information on more than 30 million home loan applications pursuant to HMDA.  In 1989, Congress required lender's to begin disclosing information about mortgage borrowers' race and ethnicity.  In 2004, concerned with potential racial discrimination in loan pricing and recognizing that racial or other types of discrimination can occur when loan officers and mortgage brokers have latitude in setting interest rates, the Federal Reserve Board began requiring lenders to also report information concerning rates, points, and fees, charged to borrowers on high-cost loans.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13. Defendant denies any remaining allegations in paragraph 13.

14.    According to the Federal Reserve, both 2004 and 2005 HMDA data revealed that "Blacks and Hispanics were more likely … to have received higher-priced loans than non-Hispanic whites … [which has] increased concern about the fairness of the lending process." Robert B. Avery, Kenneth P. Brevoort and Glenn B. Canner, "Higher-Priced Home Lending and the 2005 HMDA Data," Federal Reserve Bulletin, A124, A159 (Sept. 18, 2006).

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Defendant denies any remaining allegations in paragraph 14.

15.    HMDA data for 2005 shows that "for conventional home-purchase loans, the gross mean incidence of higher-priced lending was 54.7 percent for blacks and 17.2 percent for non-Hispanic whites, a difference of 37.5 percentage points." Id., at A159.  The situation is similar for refinancings, where there is a difference of 28.3 percentage points between blacks and non-Hispanic whites. Id.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15. Defendant denies any remaining allegations in paragraph 15.

16.    The Association of Community Organizations for Reform Now (ACORN), released a report entitled "The High Cost of Credit:  Disparities in High-priced Refinanced Loans to Minority Homeowners in 125.American Cities," dated September 27, 2005, which found that "[i]n every metropolitan area where at least 50 refinances were made to African-American homeowners, African-Americans were more likely to receive a high-cost loan than White homeowners."

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16. Defendant denies any remaining allegations in paragraph 16.

- 5 -

17.     Defendant Argent's lending practices are of a piece with the foregoing history.

**ANSWER:**     Paragraph 17 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 17.

II.     **PAST AS PROLOGUE:  DEFENDANT ARGENT'S DISCRIMINATORY LENDING POLICIES**

   A.     **DEFENDANT ARGENT'S RELATIONSHIPS WITH ITS MORTGAGE BROKERS AND CORRESPONDENT LENDERS**

18.     As Defendant Argent's Internet site explains, "wholesale lenders qualify, approve, and fund loans submitted by brokers" rather than through retail banking branches (www.argentmortgage.com/amcontent/media/docs/forms/FairMortgageLendingPractices.pdf last viewed August 7, 2007).  Defendant Argent originates and funds mortgage loans both through brokers and through a network of correspondent lenders.  Mortgage brokers and correspondent lenders that work with Defendant Argent broker and fund loans in collaboration with Defendant Argent and in conformance with Defendant Argent's credit-pricing policies and procedures.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18. Defendant denies any remaining allegations in paragraph 18.

19.     Defendant Argent has followed and continues to follow discretionary loan pricing procedures that cause minority borrowers to pay subjective fees such as yield spread premiums and other mortgage-related finance charges at higher rates than similarly situated non-minority borrowers.  Defendant Argent has intentionally discriminated against Plaintiff and Class Members through these policies and procedures systematically giving them mortgage loans with less favorable conditions than were given to similarly situated non-minority borrowers.  This pattern of discrimination is not the result of random or non-discriminatory factors.  Rather, it is a direct result of Defendant Argent's business model and loan-funding practices.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. Defendant denies any remaining allegations in paragraph 19.

20.     Defendant Argent states on its Internet site that its authorized brokers "may receive part or all of their compensation directly from [Defendant Argent] based on the interest rate agreed to between the borrower and his/her broker." (https://www.argentmortgage.com/amcontent/media/docs/forms/FairMortgageLendingPractices.pdf (last viewed August 7, 2007).)  In other words, Defendant Argent's authorized brokers receive more compensation from Defendant Argent when they steer their clients into Argent loans with higher interest rates.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. Defendant denies any remaining allegations in paragraph 20.

21.     Defendant Argent allows authorized brokers to take up to 5% of a given client's loan value in compensation at closing based on. the interest rate the broker convinces that client to accept.  Id.  Defendant Argent permits its brokers to allocate that compensation amount among various mortgage-related fees including broker fees, closing fees, yield spread premiums, premium yield adjustments, premium yield rebates, broker application fees; broker underwriting fees, and broker processing fees.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Defendant denies any remaining allegations in paragraph 21.

22.     Defendant Argent intentionally and actively implements this discretionary credit-pricing policy in a variety of ways.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Defendant denies any remaining allegations in paragraph 22.

23.     First, Defendant Argent actively educates its broker force in Defendant Argent's credit policies and procedures.  Defendant Argent conducts a training program for its brokers called "Argent University," which includes courses such as "Closing Principles and Procedures,"

- 7 -

"Understanding Subprime Lending," and "HMDA: What Is It?"

(https://www.argentmortgage.com/argentuniversity/index.html (last viewed on August 7, 2007).)

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23. Defendant denies any remaining allegations in paragraph 23.

24.     Defendant Argent also actively directs its brokers in marketing Defendant Argent's loans. Defendant Argent collaborates with its authorized brokers in crafting advertisements and "email campaigns" and supplies its brokers with a "lead generation tools," including one known as "The Big Sweeps program."

(https://www.argentmortgage.com/marketing-tools/index.html (last viewed on August 7, 2007).) Through "The Big Sweeps" program, Defendant Argent works with brokers to "[c]reate your own personalized sweepstakes and offer your customers and prospects a chance to win incredible prizes." Id.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24. Defendant denies any remaining allegations in paragraph 24.

25.     Defendant Argent also evaluates and monitors its authorized brokers to ensure that their loan brokering complies with Defendant Argent's loan pricing policies and procedures. Id. This evaluation and monitoring "is designed to ensure approved brokers are meeting [Defendant Argent's] standards" including Defendant Argent's underwriting requirements and its lending policies. Id. Defendant Argent performs loan-level reviews of its brokers pursuant to this policy, and also annually reviews brokers to ensure that their loans comply with Defendant Argent's loan-pricing policies.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25. Defendant denies any remaining allegations in paragraph 25.

26.     Defendant Argent's wholesale business model, in other words, turns on close collaboration with Defendant Argent's broker force. Defendant Argent for that reason allows

- 8 -

and indeed directs its authorized mortgage brokers and correspondent lenders subjectively to charge certain loan applicants yield spread premiums and other discretionary charges, including minority loan applicants.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26. Defendant denies any remaining allegations in paragraph 26.

27.     This pattern of discrimination cannot be justified by business. necessity, and could be avoided through the use of alternative policies and: procedures that have less discriminatory impact and no less business efficacy.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27. Defendant denies any remaining allegations in paragraph 27.

**B.     DEFENDANT ARGENT'S DISCRETIONARY CREDIT PRICING SYSTEM: DESIGNED TO DISCRIMINATE**

28.     Defendant Argent discriminates through its authorized mortgage brokers. Authorized mortgage brokers act as Defendant Argent's agents in originating mortgage loans. Authorized mortgage brokers enter into agreements with Defendant Argent to accept loan applications on behalf of Defendant Argent; communicates to loan applicants financing terms and rates set by Defendant Argent; tell loan applicants about Defendant Argent's various financing options; and ultimately originate mortgage loans funded by Defendant Argent using Defendant Argent's forms and in accordance with Defendant Argent's policies and procedures.

**ANSWER:**     Paragraph 28 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 28.

29.     Likewise with Defendant Argent's authorized correspondent lenders, who also act as Defendant Argent's agents in originating loans. Correspondent mortgage lenders that work with Defendant Argent make loans in accordance with Defendant Argent's credit policies and procedures. Defendant Argent funds these loans before or shortly after they go to closing.

- 9 -

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.  Defendant denies any remaining allegations in paragraph 29.

30.     Defendant Argent, then, funds loans originated by its authorized mortgage brokers and correspondent lenders, sets the terms and conditions of credit on those loans, and shoulders part or all of the risk on such loans.  Defendant Argent actively and intentionally enforces its credit policies through its authorized mortgage brokers and correspondent lenders in a variety of ways.  Among other things, Defendant Argent supplies its correspondent lenders and mortgage brokers with an array of loan-related forms and agreements, including loan contracts, loan applications, and instructions on completing loan applications and contracts  And, as noted above, Argent actively trains its authorized brokers to follow Argent's policies and procedures, and reinforces that training with marketing g support and active monitoring and performance evaluation.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.  Defendant denies any remaining allegations in paragraph 30.

31.     Once a loan applicant has provided credit information to Defendant Argent through a mortgage 'broker or correspondent lender, Defendant Argent performs an initially objective credit analysis.  Defendant Argent at this point evaluates numerous risk-related credit variables, including debt-to-income ratios, loan-to-value-ratios, credit bureau histories, debt ratios; bankruptcies, automobile repossessions, prior foreclosures, payment histories, credit scores, and the like.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31. Defendant denies any remaining allegations in paragraph 31.

32.     Defendant Argent derives a risk-based financing rate dim these objective factors, which Defendant Argent and others in the mortgage industry simply call the "par rate,"

- 10 -

(Defendant Argent's brokers and correspondent lenders can also estimate the par rates by referring to an applicant's credit bureau-determined credit score.)

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32. Defendant denies any remaining allegations in paragraph 32.

33. Although Defendant Argent's initial analysis applies objective criteria to calculate this risk-related interest rate, Defendant Argent as a matter of policy and procedure, authorizes its brokers and correspondent lenders to mark up that rate later and also impose additional non-risk-based charges, including yield spread premium, and other discretionary fees. Defendant Argent regularly communicates applicable par rates, authorized yield spread premiums, and other discretionary fees to its brokers and correspondent lenders via "rate sheets" and other communications.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33. Defendant denies any remaining allegations in paragraph 33.

34. Defendant Argent gives its authorized mortgage brokers and correspondent lenders discretion to impose yield spread premiums and other subjective fees on borrowers. When borrowers pay yield spread premiums, Argent shares in additional income generated by the premium because the yield spread premium-affected borrower is locked into a higher, interest rate going forward on their Argent loan than they would be if the they had been placed in a par rate loan without a yield spread Premium.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34. Defendant denies any remaining allegations in paragraph 34.

35. Defendant Argent's borrowers pay yield spread premiums and other discretionary fees that inflate their finance charges not knowing that a portion of their finance charges are non-risk-related.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35. Defendant denies any remaining allegations in paragraph 35.

36.     Defendant Argent's policies and procedures concerning the assessment of yield spread premiums and other discretionary fees cause persons with identical or similar credit scores to pay differing amounts for obtaining credit.  Such subjective loan pricing which by design imposes differing finance charges on persons with the same or similar credit profiles disparately impacts Defendant Argent's minority borrowers.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36. Defendant denies any remaining allegations in paragraph 36.

37.     While Defendant, Argent's use of a common credit policy for all loan applicants might appear to be facially neutral, Defendant Argent's use of yield spread premiums and other discretionary fees disproportionately and adversely affect minorities (relative to similarly situated non-minorities).  Defendant Argent's credit policy causes minorities to pay disparately more discretionary finance charges than similarly situated non-minorities.  As the HMDA data cited herein indicates, minorities, after controlling for credit risk, are substantially more likely than similarly situated non-minorities to pay such charges.

**ANSWER:**     Paragraph 37 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 37.

38.     Defendant Argent's credit policy is in fact intentionally discriminatory.  As described above, Defendant Argent's credit pricing policy by design discriminates against minority borrowers.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38. Defendant denies any remaining allegations in paragraph 38.

## III.     **DEFENDANT ARGENT IMPOSED DISCRIMINATORY FEES ON PLAINTIFF**

39. Defendant Argent's discriminatory credit pricing policy directly damaged Plaintiff. On or about March 8, 2005, Plaintiff refinanced his home with a mortgage loan issued by Defendant Argent in the amount of $99,000. Allegro Financial Corp oration ("Allegro") was the mortgage broker on P1aintff's home refinancing.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39. Defendant denies any remaining allegations in paragraph 39.

40. According to his HUD-I closing statement (attached hereto as Exhibit 1), a yield spread premium in the amount of $990 was assessed on Plaintiff's loan an a "POC" basis (i.e., paid outside of closing) by Defendant Argent. Plaintiff also paid a $3,960 origination fee (i.e., 4% of the amount of Plaintiff's Argent); to his broker, Allegro, in connection with his loan. This discretionary origination fee and the yield spread premium were assessed pursuant to Defendant Argent's credit pricing Policy.

**ANSWER:** Paragraph 40 references a document attached to the Complaint to which no answer is required. Defendant references the document in its entirety for a complete and accurate statement of its contents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40. Defendant denies any remaining allegations in paragraph 40.

41. Allegro and Defendant Argent knew that Plaintiff was a minority borrower. The Allegro employee who brokered Plaintiff's Argent loan in conformance with Defendant Argent's discriminatory credit pricing policy, Angelica Asenceo, was an acquaintance of Plaintiff's family before Plaintiff's refinance transaction and thus was well aware of Plaintiff's Latino ethnicity.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41. Defendant denies any remaining allegations in paragraph 41.

42. As a result of Defendant Argent's discriminately conduct, Plaintiff received a loan on worse terms with higher costs than similarly situated non-minority borrowers.

BN 4555077v1

**ANSWER:**     Paragraph 42 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 42.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff repeats and re-alleges each allegation above as if set forth herein in full.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 42. Paragraph 43 is a summary description of the claim within Plaintiff's Complaint to which no answer is required. Defendant denies any remaining allegations in paragraph 43.

44.     This class action is brought pursuant to ECOA, the FHA and the Civil Rights Act by Plaintiff on behalf of himself and all minority borrowers (the "Class") who entered into residential mortgage loan contracts that were financed or purchased by Defendant Argent and who were harmed by Defendant's discriminatory conduct.

**ANSWER:**     Paragraph 44 is a summary description of the allegations within Plaintiff's Complaint to which no answer is required. Paragraph 44 also contains conclusion of law to which no response is required. Defendant denies any remaining allegations in paragraph 44.

45.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a) and (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure.

**ANSWER:**     Paragraph 45 is a summary description of the allegations within Plaintiff's Complaint to which no answer is required. Paragraph 45 also contains conclusion of law to which no response is required. Defendant denies any remaining allegations in paragraph 45.

46.     Plaintiff does not know the exact size of the Class or identities of the members of the Class, since that information is in the exclusive control of Defendant Argent. Plaintiff believes that the Class includes many thousands, or tens of thousands of individuals, who are geographically dispersed throughout the United States. Therefore, the Class is so numerous that joinder of all members is impracticable.

**ANSWER:**     Paragraph 46 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 46.

47.     All Members of the Class have been subject to and affected by Defendant Argent's practice of assessing yield spread premiums and other discretionary fees on mortgage loans.  There are questions of law and fact that are common to the Class, and that predominate over any questions affecting only individual members of the Class.  These questions include, but are not limited to the following:

a.     the nature and scope of Defendant Argent's policies and procedures concerning the assessment of yield spread premium's and other discretionary fees ,an, mortgage loans it funds;

b.     whether Defendant Argent discriminated, against Class Members by charging them higher interest, fees, and costs, than Defendant Argent charges similarly situated non-minority borrowers;

c.     whether Defendant Argent's intent in its discriminatory policies and procedures was racially motivated;

d.     whether Defendant Argent can articulate. any legitimate non-discriminatory reason for its policies and procedures;

e.     whether Defendant Argent and its subsidiaries are creditors under the ECOA because, in the ordinary course of business, they participate in the decision of whether or not to extend credit consumers;

f.     whether Defendant Argent's policies and procedures regarding yield spread premiums and other discretionary fees have a disparate impact an minority borrowers;

g.     whether Defendant Argent, has any business justification for its policies and procedures,

h.     whether there is a less discriminatory alternative to these policies and procedures;

i.     whether Defendant Argent devised and deployed a scheme or common course of conduct that acted to deceive Plaintiff and members of the Class;

j.     whether the Court can enter declaratory and injunctive relief; and

k.     the proper measure of disgorgement or monetary relief.

**ANSWER:**     Paragraph 47 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 47.

48.     Plaintiff's claims are typical of the claims of the Class; and do not conflict with the interests of any other members of the Class in that both Plaintiff, and the other members of the Class, were subjected to the same yield spread premiums and other discretionary fees that have disproportionately affected minority borrowers.

**ANSWER:**     Paragraph 48 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 48.

49.     Plaintiff will fairly and adequately represent the interest of the Class. Plaintiff is committed to vigorous prosecution of the Class's claims, and has retained attorneys who have extensive experience in consumer protection and credit discrimination actions.

**ANSWER:**     Paragraph 49 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 49.

50.     Defendant Argent has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**ANSWER:**     Paragraph 50 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 50.

51.     A class action is superior to other methods for the speedy and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

**ANSWER:**     Paragraph 51 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 51.

## ACCRUAL, FRAUDULENT CONCEALMENT, CONTINUING VIOLATION AND EQUITABLE TOLLING

52.     Plaintiff and Class Members did not know, and could not reasonably have known, that they would receive from Defendant Argent mortgage loans with worse terms and higher costs and fees than non-minorities. Their claims did not accrue until shortly before the filing of this action.

**ANSWER:**   Paragraph 52 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 52.

53.   Defendant Argent's discriminatory conduct was inherently self-concealing. Defendant Argent knew that Plaintiff and Class Members could not determine the relationship between the terms, fees, and costs of their loans to those available to non-minorities. Defendant Argent knew, that the terms, fees, and costs provided to minorities unbeknownst to them, were substantially worse than the loans provided to non-minorities.

**ANSWER:**   Paragraph 53 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 53.

54.   Defendant Argent has not released or provided information about its discrimination against Plaintiff and Class Members, and has actively, and fraudulently concealed its discriminatory practices.

**ANSWER:**   Paragraph 54 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 54.

55.   As a result of the foregoing, Plaintiff and Class Members in the exercise of due diligence could not have reasonably discovered the discriminatory practices, and did not do so until just recently. For the reasons alleged above, the member of the Class still do not know that they have been and continue to be injured by Defendant Argent's discriminatory conduct.

**ANSWER:**   Paragraph 55 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 55.

56.   Defendant Argent's discriminatory conduct is continuing in nature; and Defendant Argent has committed discriminatory acts throughout the limitations period.

**ANSWER:**   Paragraph 56 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 56.

BN 4555077v1

57.     There is a substantial nexus between the acts of discrimination occurring within the limitation periods prior to filing suit and the acts of discrimination before that time.  The acts involve the same type of discrimination and are recurring, not isolated events.

**ANSWER:**     Paragraph 57 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 57.

58.     Defendant Argent specifically misled Plaintiff and Class Members into believing that the mortgage-related terms, fees, and costs they were offered were fair, reasonable, and the same as offered to non-minorities, and took steps to conceal its fraudulent and unfair conduct.

**ANSWER:**     Paragraph 58 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 58.

59.     The statute of limitations applicable to any claims that Plaintiff or other Class Members have brought or could bring as a result of the unlawful and fraudulent concealment and course of conduct described herein, has been tolled as a result of Defendant Argent's fraudulent concealment.  In addition, Plaintiff and the Claim did not and could not have discovered their causes of action until the time alleged below, thereby tolling any applicable statute of limitations.

**ANSWER:**     Paragraph 59 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 59.

## COUNT I
## RACIAL DISCRIMINATION (42 U.S.C. § 1981)

60.     Plaintiff repeats, re-alleges, and incorporates the allegations contained in paragraphs 1 through 59 above as if fully set forth herein.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 59.

61.     Defendant Argent intentionally discriminated against Plaintiff and Class Members by charging higher interest rates and other fees and costs than were charged to similarly situated non-minority borrowers.

**ANSWER:**     Paragraph 61 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 61.

- 18 -

62. Defendant Argent unlawfully discriminated against Plaintiff and Class Members in (1) formation of contracts, (ii) making, performance, modification, and termination of contracts, (iii) the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship, and/or (iv) conduct that interferes with the right to establish and enforce contract obligations.

**ANSWER:** Paragraph 62 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 62.

63. Defendant Argent's actions violate 42 U.S.C. § 1981, as well as the rights of Plaintiff and the Class under the Fifth, Thirteenth, and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:** Paragraph 63 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 63.

64. Plaintiff and Class Members are entitled to injunctive and declaratory relief and damages, or make whole equitable relief as a result of Defendant Argent's discriminatory conduct.

**ANSWER:** Paragraph 64 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 64.

65. At no time has Defendant Argent undertaken corrective action to ameliorate its racially discriminatory practices. Defendant Argent continues to reap the profits of its discriminatory practices and continues to discriminate. Defendant Argent's conduct as alleged herein was intentional, willful, wanton, reckless, malicious, outrageous, or otherwise aggravated beyond mere negligence. Defendant Argent has acted with malice and reckless indifference to the federally protected rights of Plaintiff and Members of the Class. As a result, Plaintiff and members of the Class are entitled to punitive damages.

**ANSWER:** Paragraph 65 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 65.

### COUNT II

BN 4555077v1

## RACIAL DISCRIMINATION (42 U.S.C. § 1982)

66.     Plaintiff repeats, re-alleges, and incorporates the allegations contained in paragraphs 1 through 65 above as if fully set forth herein.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 65.

67.     Section 42 U.S.C. §1982 provides that all citizens of the United States "shall have the same right, in every State and Territory, as is enjoyed by White citizens thereof to inherit; purchase, lease, sell, hold, and convey real and personal property."

**ANSWER:**     Paragraph 67 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 67.

68.     Defendant Argent has discriminated against Plaintiff and the Class with respect to their home mortgage loans by charging Plaintiff, and the Class higher interest rates and other discretionary fees than Defendant Argent has charged similarly situated non-minority consumers. As a result of Defendant Argent's conduct, Plaintiff' and the Class have not had the same right as Caucasians to inherit, purchase, sell, hold, and convey real property. Defendant Argent has thereby violated 42 U.S.C. § 1982.

**ANSWER:**     Paragraph 68 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 68.

69.     Defendant Argent's violation of 42 U.S.C. §1982 was intentional and malicious.

**ANSWER:**     Paragraph 69 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 69.

70.     As a proximate result of Defendant Argent's violation of 42 U.S.C. §1982, Plaintiff and members of the Class have been injured, and are entitled to injunctive and declaratory relief and damages, or make whole equitable relief. In addition, Defendant Argent's conduct as alleged herein was intentional, willful; wanton; reckless, malicious, outrageous, or otherwise aggravated beyond mere negligence. Defendant Argent acted with malice and reckless

- 20 -

indifference to the federally protected rights of Plaintiff and members of the Class. As a result, Plaintiff and members of the Class, are entitled to punitive damages.

**ANSWER:**     Paragraph 70 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 70.

**COUNT III**
**VIOLATION OF THE FAIR HOUSING ACT (42 U.S.C. §§ 3601-3619)**

71.     Plaintiff repeats and re-alleges the allegations in paragraph 1 through 70 above as if fully set forth herein.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 71.

72.     Mortgage lending and the providing of residential mortgage loans is a "residential real estate-related transaction" within the meaning of the FHA.  42 U.S.C. § 3605(b).

**ANSWER:**     Paragraph 72 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 72.

73.     By imposing higher interest rates and other discretionary fees on residential mortgage loans to Plaintiff and Class Members than it imposed on non-minority mortgage borrowers, Defendant Argent has discriminated against Plaintiff and members of the Class concerning their ability to participate in real estate-related transactions, and in the terms and conditions of such transactions in violation of the FHA.  42 U.S.C. § 3605(a).

**ANSWER:**     Paragraph 73 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 73.

74.     In addition, Defendant Argent's pricing policies and procedures (including yield spread premiums), which provide financial incentive s to its mortgage brokers and correspondent lenders to make subjective decisions to increase interest rates and charge additional fees and costs, had a disparate impact upon Plaintiff and Class Members.

**ANSWER:**     Paragraph 74 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 74.

BN 4555077v1

75.     As a proximate result of Defendant Argent's violation of 42 U.S.C. § 3605, Plaintiff and members of the Class have been injured and are entitled to injunctive and declaratory relief and damages, or make whole equitable relief.

**ANSWER:**     Paragraph 75 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 75.

76.     In addition, Defendant Argent's conduct as alleged. herein was intentional, willful, wanton, reckless, malicious, outrageous, or otherwise aggravated beyond mere negligence, Defendant Argent acted with malice and reckless indifference to the federally protected rights of Plaintiff and members of the Class.  As a result, Plaintiff and members of the Class are entitled to punitive damages.

**ANSWER:**     Paragraph 76 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 76.

77.     Moreover, Defendant Argent continues to discriminate in violation of the FHA against members of the Class every time Defendant Argent provides a home mortgage loan as described herein.  If not enjoined from such violation by the Court, Defendant Argent will continue to engage in conduct that disregards the rights of Plaintiff and members of the Class, and cause Plaintiff' and members, of the Class irresponsible injury for which then is no adequate remedy at law.  42 U.S.C. § 3613(c).

**ANSWER:**     Paragraph 77 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 77.

78.     Plaintiff and members of the Class ask this Court to declare the rights of the parties herein regarding Defendant Argent's obligation to participate in credit transactions without discriminating against applicants for credit on the basis of the applicants race.

**ANSWER:**     Paragraph 78 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 78.

**COUNT IV**
**VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT**
**(15 U.S.C. §§ 1691, 1691(f)**

79.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 78 above as if fully set forth herein.

**ANSWER:**     Defendant repeats and reaffirms its answers to paragraphs 1 through 79.

80.     Defendant Argent engages in credit transactions through its offering, granting, and purchasing of residential mortgage loans.

**ANSWER:**     Paragraph 80 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 80.

81.     By imposing higher interest rates and other discretionary fees on residential mortgage loans to Plaintiff and Class Members than it imposed on non-minority mortgage borrowers, Defendant Argent has discriminated against Plaintiff and members of the Class with respect to a credit transaction on the basis of race in violation of the ECOA.  15 U.S.C. § 1691(a).

**ANSWER:**     Paragraph 81 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 81.

82.     In addition, Defendant Argent's pricing policies and procedures (including yield spread premiums), which provide financial incentives to its mortgage brokers and correspondent lenders to make subjective decisions to increase interest rates and charge additional fees and costs, have a disparate impact on Plaintiff and Class Members.

**ANSWER:**     Paragraph 82 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 82.

83.     As a proximate result of Defendant Argent's violation of 15 U.S.C. § 1691, Plaintiff and members of the Class have been injured and are entitled to injunctive and declaratory relief and damages, or make whole equitable relief.

- 23 -

**ANSWER:**    Paragraph 83 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 83.

84.    In addition, Defendant Argent's conduct as alleged herein was intentional, willful, wanton, reckless, malicious, outrageous, or otherwise aggravated, beyond mere negligence. Defendant Argent acted with malice and reckless indifference to the federally protected rights of Plaintiff and members of the Class. As a result, Plaintiff and members of the Class are entitled to punitive damages.

**ANSWER:**    Paragraph 84 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 84.

85.    Moreover, Defendant. Argent continues, to discriminate in violation of the ECOA against Class Members every time Defendant Argent provides a home mortgage loan as described herein. If not enjoined from such violation by the Court, Defendant Argent will continue to engage in conduct that disregards the rights of Plaintiff and Members. Of the Class, and cause Plaintiff and members of the Class irreparable injury for which there is no adequate remedy at law. § 1691(e)

**ANSWER:**    Paragraph 85 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 85.

86.    Plaintiff and members of the Class ask this Court to declare the rights of the parties herein regarding Defendant Argent's obligation to participate in credit transactions without discriminating against applicants for credit on the basis of the applicants' race.

**ANSWER:**    Paragraph 86 contains conclusions of law to which no answer is required. Defendant denies any remaining allegations in paragraph 86.

### JURY TRIAL DEMAND

Pursuant to Fed. R. Civ, P. 38(b), Defendant demands a trial by jury of all of the claims asserted in Plaintiff's Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against Plaintiff on all claims asserted in this action, and that the Court award Defendant its costs, and provide such further and additional relief that this Court deems appropriate and just.

## DEFENSES

Without assuming any burden it might otherwise not bear and without waiving any available defense, Defendant asserts the following defenses and will seek leave to add additional defenses if and when deemed appropriate as the case progresses.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's purported cause of action fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred by the applicable statute of limitations.

3.      Plaintiff's claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

5.      Plaintiff's claims are barred by the applicable statute of frauds.

6.      Plaintiff's claims are barred in whole or in part because they have failed to mitigate their damages.

7.      Plaintiff's claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.      Plaintiff's claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiff or others.

9.      Plaintiff's claims are barred in whole or in part, on the ground that if Plaintiff were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

10.     Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11.     As to each cause of action, Defendant is entitled to an offset.

12.     Plaintiff's claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiff.

13.     Plaintiff's claims are barred in whole or in part, because Plaintiff expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14.     Plaintiff's claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15.     Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

16.     Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiff.

17.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1.      Dismiss Plaintiff's Complaint;

2.      Enter judgment for Defendant and against Plaintiff in this action;

3.      Award Defendant its costs of suit; and

- 26 -

4.      Grant Defendant any and all further and additional relief as it deems just and appropriate.

DATED: October 26, 2009                    Respectfully submitted,


                                           By: /s/ Thomas J. Wiegand

                                           *Attorneys for Defendant Argent Mortgage
                                           Company, LLC*

                                           Thomas J. Wiegand  twiegand@winston.com
                                           Gregory J. Miarecki
                                           David E. Dahlquist
                                           Winston & Strawn, LLP
                                           35 W. Wacker Drive
                                           Chicago, Illinois  60601-9703
                                           Telephone: (312) 558-5600
                                           Facsimile:  (312) 558-5700

BN 4555077v1

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Dahlquist, hereby certify that on this 26th day of October 2009, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


By: _____/s/  David E. Dahlquist_____